**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No. 191305)
Matthew S. Melamed (Cal. Bar No. 260272)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
mmelamed@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 E. 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 993-1000
dstraite@dicellolevitt.com

Amy E. Keller (admitted *pro hac vice*)
Ten North Dearborn Street, 6th Fl.
Chicago, Illinois 60602
Tel.: (312) 214-7900
akeller@dicellolevitt.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
Mitchell M. Breit (*pro hac vice* to be sought)
An Truong (admitted *pro hac vice*)
Eric Johnson (*pro hac vice* to be sought)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
mbreit@simmonsfirm.com
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
ejohnson@simmonsfirm.com

**PRITZER LEVINE LLP**
Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Caroline C. Corbitt (Cal. Bar No. 305492)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel. (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
ccc@pritzkerlevine.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| BENJAMIN HEWITT and KIMBERLEY WOODRUFF, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:21-cv-02155-LHK-SVK<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO SET BRIEFING SCHEDULE ON RULE 42(a) AND 23(g) MOTIONS** |

Pursuant to Civil Local Rules 6-3 and 7-11, Plaintiffs Benjamin Hewitt and Kimberley Woodruff ("Plaintiffs") in the above-captioned action (*"Hewitt"*), respectfully submit this administrative motion for an order establishing an expedited briefing schedule on motions for consolidation under Federal Rule of Civil Procedure 42(a) (if the Court has not already ordered consolidation) and appointment of interim class counsel under Federal Rule of Civil Procedure 23(g)(3).

Plaintiffs bring this administrative motion to ensure an orderly sequence for upcoming proceedings in light of the recent filing of an overlapping putative class action: *Delahunty, et al. v. Google, LLC*, No. 5:21-03360-VKD (*"Delahunty"*). Plaintiffs seek an expedited briefing schedule for motions to consolidate and appoint interim lead counsel because the standard briefing schedule for those motions risks halting the efficient progress of litigation of *Hewitt* that has occurred to date. Moreover, unnecessary delays may also slow or otherwise complicate the progress of two other actions to which *Hewitt* is already related, and with which it is sharing common discovery: *Brown, et al. v. Google LLC*, No. 5:20-cv-03664-LHK-SVK (N.D. Cal., filed June 2, 2020) (*"Brown"*), and *Calhoun, et al. v. Google LLC*, No. 5:20-cv-05146-LHK-SVK (N.D. Cal., filed July 27, 2020) (*"Calhoun"*).

The successful coordination of *Hewitt, Brown* and *Calhoun* to date puts them in an unusual procedural posture. Two of the cases assert claims against Google for improper collection of personal information from people using a browser in private mode (*Brown*) or when using Chrome in unsynced mode (*Calhoun*). *Hewitt* asserts claims against Google for improperly sharing personal information with third parties during the "real-time bidding" process for placing targeted advertising. Because the cases concern the same defendant, the same policies and contracts, overlapping data collection, overlapping preservation issues, and many of the same witnesses and documents, and because it appeared likely that maintaining them separately would risk creating an unduly burdensome duplication of labor and expense or conflicting results, the *Hewitt* Plaintiffs proposed relation of the three cases, and the Court agreed. *Hewitt*, Dkt. No. 11.

Since relation, Magistrate Judge van Keulen ordered the *Hewitt* Plaintiffs to discuss coordination of discovery with plaintiffs in *Brown* and *Calhoun* and with Google. At Magistrate Judge van Keulen's direction, *Hewitt* counsel attended an April 29, 2021 discovery conference scheduled in *Brown* and *Calhoun*, which was closed to the public, so that discovery issues covering all three cases could be addressed with the input of all concerned. *Hewitt*, Dkt. No. 16; *see Hewitt*, Dkt. No. 28. Magistrate Judge van Keulen further stated that discovery orders issued in *Brown* and *Calhoun* would directly impact discovery in *Hewitt*. *Hewitt*, Dkt. No. 16.

This unusual level of careful coordination across related but not consolidated cases has proven successful and efficient. Counsel for the parties in *Hewitt* have already reached agreement that certain documents produced by Google in one case will be deemed cross-produced in the others and have engaged in substantive meet and confer sessions informed by the status of preservation and discovery in *Brown* and *Calhoun*. Declaration of Matthew S. Melamed ("Melamed Decl."), ¶¶ 11-15. Plaintiffs' counsel in *Hewitt* have provided Google's counsel with the proposed Stipulated Protective Order and proposed order for Electronically Stored Information entered in *Calhoun*, propounded written discovery requests, and identified and discussed in detail potential preservation issues. *Id.*, ¶¶ 11, 13; *Hewitt*, Dkt. No. 26. On April 22, 2021, the parties agreed that Google's response to the Complaint would be filed June 1, 2021. Melamed Decl., ¶ 12; *Hewitt*, Dkt. No. 26.

In this context, an expedited briefing schedule on consolidation and leadership will promote the substantial efficiencies already achieved by the Court's handling of the related actions. It will also conserve judicial resources by eliminating duplicative efforts of counsel litigating two overlapping actions and avoid burdening the Court with issues common to both matters. In addition, appointing interim class counsel under Rule 23(g)(3) before Defendant's deadline to respond in either action will ensure that any challenge to the pleading upon which the class claims proceed is opposed by counsel best able to represent the interests of the class. Fed. R. Civ. P. 23(g)(2); *see* Advisory Committee's Note to 2003 amendment ("Subdivision (g) . . . responds to the reality that the selection and activity of class counsel are often critically important to the successful handling of a class action."); Manual for Complex Litigation § 21.11 (4th ed. 2004) ("[D]esignation of interim

class counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement."). Courts in this district have recognized the need to appoint interim class counsel "as soon as possible, in light of [an] anticipated motion to dismiss." Order Granting in Part Mot. to Change Time, *In re Apple iPhone Antitrust Litigation*, Case No. 4:11-cv-06714-YGR (N.D. Cal. Mar. 29, 2012), Dkt. No. 31; *see* Order Granting Unopposed Admin. Mot. to Set Briefing Schedule on Rule 23(G) Motions and Continue Case Deadlines, *Wang, et al. v. Life Insurance Company of the Southwest, et al.*, Case No. 4:19-cv-01150-YGR (N.D. Cal. July 31, 2019), Dkt. No. 75 (granting expedited briefing schedule that would precede the filing of a consolidated complaint).[1]

For these reasons, Plaintiffs respectfully request the Court enter an order adopting the following schedule for motions for consolidation under Rule 42(a) and appointment of interim class counsel under Rule 23(g)(3):

(a) Counsel for any plaintiff who has filed an action in the Related Actions or any other action arising out of the same or similar operative facts now pending in the *Hewitt* case, or hereafter filed in, removed to, or transferred to this District, may file a motion for consolidation and application for appointment as interim class counsel. All applications must be e-filed in the *Hewitt* action (Master File No. 5:21-cv-02155-LHK-SVK) on or before Friday, May 21, 2021. Each application shall not exceed ten pages double-spaced, exclusive of exhibits.

(b) Applicants may file a two-page response to other timely motions for appointment as interim class counsel (exclusive of exhibits) no later than 5:00 p.m. Pacific time on May 25, 2021.

(c) No replies shall be filed.

---

[1] Plaintiffs' counsel has conferred with counsel for the *Delahunty* plaintiffs on two occasions and discussed the consolidation and relation issues. Counsel for the *Delahunty* plaintiffs agree that the Court should hear leadership motions but do not agree that the schedule should be expedited. Melamed Declaration, ¶ 17. Counsel for Google in *Hewitt* takes no position on Plaintiffs' proposed expedited briefing schedule. Melamed Declaration, ¶ 18. Undersigned counsel have and will continue to discuss a joint working relationship with counsel for the *Delahunty* plaintiffs in advance of any Rule 23(g) filing.

(d) The Court may hold a hearing on the applications or appoint interim counsel based on timely written submissions only.

DATED: May 14, 2021

| **BLEICHMAR FONTI & AULD LLP** | **SIMMONS HANLY CONROY LLP** |
|---|---|
| By: */s/ Lesley E. Weaver*<br>Lesley E. Weaver (Cal. Bar No. 191305)<br>Matthew S. Melamed (Cal. Bar No. 260272)<br>Angelica M. Ornelas (Cal. Bar No. 285929)<br>Joshua D. Samra (Cal. Bar No. 313050)<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>lweaver@bfalaw.com<br>mmelamed@bfalaw.com<br>aornelas@bfalaw.com<br>jsamra@bfalaw.com | By: */s/ Jay Barnes*<br>Jason 'Jay' Barnes (admitted *pro hac vice*)<br>Mitchell M. Breit (*pro hac vice* to be sought)<br>An Truong (admitted *pro hac vice*)<br>Eric Johnson (*pro hac vice* to be sought)<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Tel.: (212) 784-6400<br>Fax: (212) 213-5949<br>jaybarnes@simmonsfirm.com<br>mbreit@simmonsfirm.com<br>jaybarnes@simmonsfirm.com<br>atruong@simmonsfirm.com<br>ejohnson@simmonsfirm.com |
| **PRITZER LEVINE LLP** | **DICELLO LEVITT GUTZLER LLC** |
| By: */s/ Elizabeth C. Pritzker*<br>Elizabeth C. Pritzker (Cal. Bar No. 146267)<br>Jonathan K. Levine (Cal. Bar No. 220289)<br>Caroline C. Corbitt (Cal. Bar No. 305492)<br>1900 Powell Street, Suite 450<br>Emeryville, CA 94608<br>Tel. (415) 692-0772<br>Fax: (415) 366-6110<br>ecp@pritzkerlevine.com<br>jkl@pritzkerlevine.com<br>ccc@pritzkerlevine.com | By: */s/ David A. Straite*<br>David A. Straite (admitted *pro hac vice*)<br>One Grand Central Place<br>60 E. 42nd Street, Suite 2400<br>New York, NY 10165<br>Tel.: (646) 993-1000<br>dstraite@dicellolevitt.com<br><br>Amy E. Keller (admitted *pro hac vice*)<br>Ten North Dearborn Street, 6th Fl.<br>Chicago, Illinois 60602<br>Tel.: (312) 214-7900<br>akeller@dicellolevitt.com |

*Counsel for Plaintiffs*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of May, 2021, at Oakland, California.

By: */s/ Lesley E. Weaver*
Lesley E. Weaver

**CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2021, I electronically filed the foregoing document using the CM ECF system, which will send notification of such filing to all counsel of record registered in the CM ECF system.

Executed this 14th day of May, 2021, at Oakland, California.

/s/ *Lesley E. Weaver*
Lesley E. Weaver