COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
DANIELLE C. PIERRE (SBN 300567)
(dpierre@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
COLIN S. SCOTT (SBN 318555)
(cscott@cooley.com)
101 California Street, 5th Floor
San Francisco, California  94111-5800
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BENJAMIN HEWITT and KIMBERLEY WOODRUFF, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No. 5:21-cv-02155-LHK<br><br>**GOOGLE LLC'S RESPONSE TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE LLC'S RESPONSE TO ADMIN.
MOTION RE RELATION OF CASES
CASE NO. 5:21-CV-02155-LHK

Defendant Google LLC ("Google") submits this response to the Administrative Motion to Consider Whether Cases Should be Related filed by Plaintiff in *Toronto v. Google LLC*, No. 5:21-cv-03725-LHK (N.D. Cal.) ("*Toronto*"). *See* ECF No. 49. Google supports the requested relation between *Toronto* and two earlier filed cases: (1) the above-captioned case, *Hewitt, et al. v. Google LLC*, No. 5:21-cv-01255-LHK (N.D. Cal.) ("*Hewitt*") and (2) *Delahunty, et al. v. Google LLC*, No. 5:21-cv-03360 ("*Delahunty*").[1] Further, while Plaintiff in *Toronto* did not explicitly request consolidation in addition to relation, Google supports consolidation of *Toronto*, *Hewitt*, and *Delahunty*.

Local Rule 3-12(a) provides that actions are related when they "concern substantially the same parties, property, transaction or event" and "[it] appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Federal Rule of Civil Procedure 42(a) similarly permits consolidation of actions where those actions "involve a common question of law or fact."

Those standards are met here. Indeed, all three cases are brought against Google and present nearly identical factual allegations, legal issues, and claims. For example, the Complaints in each case claim that Google allegedly shares personal information with participants in Google's real-time bidding ("RTB") protocol for advertising through the use of "verticals." *Compare Hewitt*, ECF No. 1 ("*Hewitt* Compl.") ¶¶ 16, 114, *with Delahunty*, ECF No. 1 ("*Delahunty* Compl.") ¶ 10, *and Toronto*, ECF No. 1 ("*Toronto* Compl.") ¶¶ 23, 88. Similarly, all Complaints contend that Google allegedly facilitates the identification of its users through its cookie matching service, which purportedly "enables Google RTB participants to match cookie identifiers to participants' existing individual profiles." *Hewitt* Compl. ¶ 117; *see also Delahunty* Compl. ¶ 90 (alleging Google's cookie matching service "enables [RTB participants] to match their cookies with Google's, such that they can determine whether an impression sent in a bid request is associated with one of the users being targeted"); *Toronto* Compl. ¶ 93 (alleging Google allows RTB participants "to

---

[1] This Court has already related *Hewitt* to two earlier-filed cases against Google: (1) *Calhoun et al. v. Google*, 5:20-cv-05146-LHK-SVK and (2) *Brown et al. v. Google*, 5:20-cv-05146-LHK-SVK. Google takes no position with respect to the relation of *Toronto* to *Calhoun* and *Brown*, which Google believes have little factual overlap with the *Hewitt*, *Delahunty,* and *Toronto* actions.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE LLC'S RESPONSE TO ADMIN.
MOTION RE RELATION OF CASES
CASE NO. 5:21-CV-02155-LHK

assimilate . . . personal information made available in a Bid Request to the information those participants already have about specific individuals through Google's 'cookie matching service'").

All actions plead these factual allegations in support of nearly identical causes of action against the same defendant (Google). Specifically, all three Complaints assert: (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, (3) violation of California's Unfair Competition Law (UCL), (4) violation of the California Constitution's right to privacy, (5) intrusion upon seclusion, (6) publication of private information, (7) violation of California's invasion of privacy act (CIPA), and (8) violations of the Electronic Communications Privacy Act (ECPA), including the Wiretap Act (WTA) and Stored Communications Act (SCA). *See Hewitt* Compl. ¶¶ 241-318, 330-404; *see also Delahunty* Compl. ¶¶ 125-138, 163-191, 201-261, 280-297; *Toronto* Compl. ¶¶ 125-199. The *Hewitt* and *Delahunty* Complaints assert a few additional claims, but these claims depend on the same allegations that support the other claims at issue in all three matters. *See Hewitt* Compl. ¶¶ 319-329, 405-420 (including claims for breach of confidence and violation of the Video Privacy Protection Act ("VPPA")); *Delahunty* Compl. ¶¶ 139-162, 192-200, 262-279, 298-305 (including claims for breach of confidence, violation of the VPPA, breach of implied contract, breach of fiduciary duty, unjust enrichment, and statutory civil larceny).

In addition, the putative classes in all three actions are nearly identical. Plaintiffs in *Hewitt* and *Toronto* seek to represent "all persons residing in the United States with a Google Account who used the Internet on or after Google began using RTB in a manner that disclosed Account Holders' personal information." *Hewitt* Compl. ¶ 233; *see also Toronto* Compl. ¶ 108 (same). Plaintiffs in *Delahunty* seek to represent "all persons residing in the United States with a Google Account who used the Internet using a Chrome browser on or after Google began using RTB in a manner that disclosed Google Customers' personal information." *Delahunty* Compl. ¶ 117. The *Delahunty* putative class is largely subsumed by the putative classes in *Hewitt* and *Toronto*. In fact, *Hewitt* identifies this same group of individuals as a "subclass" of its class. *Hewitt* Compl. ¶ 369. And all Complaints allege that nearly identical "common questions of law and fact" exist between members of their respective putative class. *See Hewitt* Compl. ¶ 236 (alleging, among other things, that whether Google promised not to share or sell personal information, whether Google did sell or

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE LLC'S RESPONSE TO ADMIN.
MOTION RE RELATION OF CASES
CASE NO. 5:21-CV-02155-LHK

share personal information, and whether Google violated various privacy laws are questions of law and fact common to the class); *see also Delahunty* Compl. ¶ 120 (same); *Toronto* Compl. ¶ 111 (same).

For these reasons, Google respectfully requests that this Court relate and consolidate *Toronto*, *Hewitt*, and *Delahunty*.

Dated: June 1, 2021

COOLEY LLP

By: /s/ *Jeffrey M. Gutkin*
Jeffrey M. Gutkin

Attorneys for Defendant
GOOGLE LLC

251069627

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE LLC'S RESPONSE TO ADMIN.
MOTION RE RELATION OF CASES
CASE NO. 5:21-CV-02155-LHK