| | | |
|---|---|---|
| 1 | **BLEICHMAR FONTI & AULD LLP** | **COOLEY LLP** |
| | Lesley E. Weaver (Cal. Bar No.191305) | MICHAEL G. RHODES (SBN 116127) |
| 2 | 555 12th Street, Suite 1600 | (rhodesmg@cooley.com) |
| | Oakland, CA 94607 | JEFFREY M. GUTKIN (SBN 216083) |
| 3 | Tel.: (415) 445-4003 | (jgutkin@cooley.com) |
| | Fax: (415) 445-4020 | DANIELLE C. PIERRE (SBN 300567) |
| 4 | lweaver@bfalaw.com | (dpierre@cooley.com) |
| | | KELSEY R. SPECTOR (SBN 321488) |
| 5 | **SIMMONS HANLY CONROY LLC** | (kspector@cooley.com) |
| | Jason 'Jay' Barnes (admitted *pro hac vice*) | COLIN S. SCOTT (SBN 318555) |
| 6 | 112 Madison Avenue, 7th | (cscott@cooley.com) |
| | Floor New York, NY 10016 | 101 California Street, 5th Floor |
| 7 | Tel.: (212) 784-6400 | San Francisco, CA 94111-5800 |
| | Fax: (212) 213-5949 | Tel: (415) 693-2000 |
| 8 | jaybarnes@simmonsfirm.com | Fax: (415) 693-2222 |
| 9 | **PRITZKER LEVINE LLP** | |
| | Elizabeth C. Pritzker (Cal. Bar. No. 146267) | *Counsel for Defendant, Google LLC* |
| 10 | 1900 Powell Street, Suite 450 | |
| | Emeryville, CA 94608 | |
| 11 | Tel.: (415) 692-0772 | |
| | Fax: (415) 366-6110 | |
| 12 | ecp@pritzkerlevine.com | |
| 13 | **DICELLO LEVITT GUTZLER LLC** | |
| | David A. Straite (admitted *pro hac vice*) | |
| 14 | One Grand Central Place | |
| | 60 East 42nd Street, Suite 2400 | |
| 15 | New York, New York 10165 | |
| | Tel.: (646) 933-1000 | |
| 16 | dstraite@dicellolevitt.com | |
| 17 | | |
| | *Counsel for Plaintiffs* | |
| 18 | *Additional counsel listed on signature page* | |

19  IN THE UNITED STATES DISTRICT COURT
20  NORTHERN DISTRICT OF CALIFORNIA -- SAN JOSE DIVISION

| | | |
|---|---|---|
| 21 | BENJAMIN HEWITT and KIMBERLEY | CASE NO.: 5:21-CV-02155-LHK-SVK |
| 22 | WOODRUFF, on behalf of themselves and all others similarly situated, | **[PROPOSED]** **STIPULATION AND** |
| 23 | Plaintiffs, | **ORDER RE EXPERT DISCOVERY** |
| 24 | v. | |
| 25 | GOOGLE LLC, | |
| 26 | Defendant. | |
| 27 | | |
| 28 | | |

1  The parties to the above-referenced action, through their respective counsel of record, hereby stipulate to the following regarding the scope of expert discovery relating to all testifying experts and non-testifying experts or expert consultants in this matter.

1. Except as provided otherwise in this Stipulation, expert discovery shall be governed by the Federal Rules of Civil Procedure and any other applicable rule. This Stipulation does not set or alter the time for any disclosure required by Federal Rule of Civil Procedure 26(a)(2)(B) or the timing of any deposition of any testifying expert.

2. To the extent that this Stipulation imposes limitations on discovery that would otherwise be available under the Federal Rules of Civil Procedure, the parties have agreed to those limitations to increase the efficiency of their dealings with testifying experts and to minimize discovery disputes regarding testifying experts. Neither the terms of this Stipulation nor the parties' agreement to them shall be considered an admission by any person that any of the information restricted from discovery by this Stipulation would otherwise be discoverable or admissible.

3. Except as provided in paragraphs 5 and 6 below, the following types of information shall not be the subject of any form of discovery, and the parties shall not be obligated to preserve such information in any form or include such information on any privilege log:

   a. the content of oral, written or other communications among and between:

      i. counsel and the expert and/or the expert's staff and/or supporting firms;

      ii. counsel and any non-testifying expert consultant and/or the consultant's staff;

      iii. a party and the expert and/or the expert's staff and/or supporting firms;

      iv. a party and any non-testifying expert consultant and/or the consultant's staff;

      v. the expert and other experts and/or other non-testifying expert consultants;

        vi.    the expert and their staff and/or supporting firms;

        vii.    non-testifying expert consultants and their staffs;

        viii.    the expert and the respective staffs and/or supporting firms of other experts or non-testifying expert consultants;

        ix.    non-testifying expert consultants and the respective staffs and/or supporting firms of other experts or non-testifying expert consultants; and/or

        x.    the respective staffs and/or supporting firms of experts or non-testifying expert consultants and the staffs and/or supporting firms of other experts or non-testifying expert consultants.[1]

    b.    notes, drafts, written communications, preliminary or intermediate calculations, computations, or other types of preliminary work created by, for, or at the direction of a testifying expert in connection with this matter (aside from the final written expert report(s) and notes generated while testifying), including copies of documents produced by any party bearing the notes, markings, or comments of any of the following persons or their staff or agents: the expert, other expert witnesses, non-testifying experts, consultants or outside or in-house attorneys for the party or parties.

4.    Except as provided in paragraphs 5 and 6 below, no party or their experts are obligated to preserve or produce budgets, invoices, bills, receipts or time records concerning the work performed by testifying or non-testifying expert witnesses or consultants, their staff, assistants, colleagues, associates, or other agents, or their companies or organizations, relating to the report, testimony, or services provided in this matter.

5.    The limitations contained in paragraphs 3 and 4 above shall not apply to any communications, documents, calculations, computations or other forms of information or work upon which a testifying expert relies as a basis for any of his or her opinions or reports. To the

---

[1] For avoidance of doubt, suggestions from outside counsel regarding revisions to the form of the expert's report, or additional support for the expert's ultimate opinions are examples of the kind of communications that, under paragraph 3(a), are not subject to discovery.

extent a testifying expert relies on an assumption provided by counsel, the assumption—but not the communication(s) between counsel and the testifying expert concerning that assumption—must be disclosed.

6.  Notwithstanding the limitations contained in paragraphs 3 and 4 above, a testifying expert may be asked to respond to reasonable questions regarding the hourly rates of the expert and his or her staff, the amount of time an expert or that expert's staff has spent on the expert's report and associated work, and the amount of money billed for the report and associated work.

7.  Within three business days of any party serving any expert report and/or expert declaration pursuant to Fed. R. Civ. P. 26(a)(2)(B) or otherwise, the party or parties proffering the expert witness shall produce: the documents, data or other information relied upon by the expert witness in forming the expert witness's opinions; any exhibits that will be used to summarize or support the expert witness's opinions; and any work product (including but not limited to, analyses, spreadsheets, graphs, and charts) relied upon by the expert witness that is based on the output from any computer programs that are produced.[2] All other disclosures required by Fed. R. Civ. P. 26(a)(2)(B) will be served at the time of the report. "Documents, data or other information relied upon" shall include underlying schedules, spreadsheets, coding, or other information sufficient to reconstruct the work, calculations, and/or analyses upon which the expert witness is relying for his or her opinions.

8.  The information required by paragraph 7 above shall be produced electronically (via email, disc or FTP site) where feasible. Data, statistical analyses, or other information (including any calculation or exhibit) upon which an expert relies for any of his or her opinion(s) in this matter shall be provided in machine readable format, including any data that has been cleaned, reformatted, or modified in any way from the form in which it may have been provided to the expert. All other documents, data, and other information relied upon shall be provided in

---

[2] Notwithstanding the obligation to disclose documents, data, or other information "relied on" by the expert witness, documents, data, or other information that is merely "considered by" the expert witness do not need to be disclosed.

[PROPOSED] STIPULATION AND
ORDER RE EXPERT DISCOVERY                      3                        Case No.: 5:21-cv-02155-LHK-SVK

a format as agreed to by the parties, along with any software and instructions required to read them, but no party need produce computer software that is reasonably and commercially available (e.g., Microsoft Word, Excel). Documents that are publicly available need not be produced if they are available online for free at an internet address identified in the expert's report/declaration. Documents that have previously been produced during discovery need not be produced if they are identified by Bates number.

9. Paragraph 7 above is not intended to limit the ability of any party to prepare and use demonstrative exhibits, including demonstrative exhibits that may relate to an expert's testimony, during the course of any argument, hearing or trial. The admissibility of any such demonstrative exhibits shall be subject to the Federal Rules of Evidence and the Federal Rules of Civil Procedure unless otherwise provided by order of the Court. The parties agree to meet and confer before the close of expert discovery regarding the timing and procedure for exchanging demonstratives that may be used with experts during a hearing, trial, or other proceeding.

10. No subpoenas (for depositions or documents) need be served on any testifying expert from whom a report or declaration is provided. Instead, the party proffering such expert will (a) be responsible for producing all materials and information required by the Federal Rules of Civil Procedure or this Stipulation, and (b) make the expert available for deposition at a time mutually agreed to by the parties and consistent with the Court's scheduling orders. To the extent the testifying expert is also a percipient witness, if otherwise permissible under the Federal Rules of Civil Procedure and the Local Rules, the opposing party is not precluded from serving a subpoena for depositions or documents on such witness seeking the witness's percipient testimony or documents.

11. Nothing in this Stipulation shall permit a party or a testifying expert to withhold any proposition, fact, belief or other data, information or material (including any assumption) on which the expert relies in support of her or his opinion(s) in this matter or that is otherwise discoverable by order of the Court.

12. The parties agree to comply with this Stipulation pending the Court's approval.

**IT IS SO STIPULATED.**

Dated: May 26, 2021

| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP**<br><br>By:  */s/ Lesley E. Weaver*<br>Lesley E. Weaver (Cal. Bar No.191305)<br>Matthew S. Melamed (Cal. Bar No. 260272)<br>Anne K. Davis (Cal. Bar No. 267909)<br>Angelica M. Ornelas (Cal. Bar No. 285929)<br>Joshua D. Samra (Cal. Bar No. 313050)<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>lweaver@bfalaw.com<br>mmelamed@bfaw.com<br>adavis@bfalaw.com<br>aornelas@bfalaw.com<br>jsamra@bfalaw.com<br><br>**SIMMONS HANLY CONROY LLC**<br><br>By:  */s/ Jay Barnes*<br>Mitchell M. Breit (*pro hac vice* to be sought)<br>Jason 'Jay' Barnes (admitted *pro hac vice*)<br>An Truong (admitted *pro hac vice*)<br>Eric Johnson (*pro hac vice* to be sought)<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Tel.: (212) 784-6400<br>Fax: (212) 213-5949<br>mbreit@simmonsfirm.com<br>jaybarnes@simmonsfirm.com<br>atruong@simmonsfirm.com<br>ejohnson@simmonsfirm.com<br><br>**PRITZKER LEVINE LLP**<br><br>By:  */s/ Elizabeth C. Pritzker*<br>Elizabeth C. Pritzker (Cal. Bar. No. 146267)<br>Johnathan K. Levine (Cal. Bar. No. 220289)<br>Caroline C. Corbitt (Cal. Bar. No. 305492)<br>1900 Powell Street, Suite 450<br>Emeryville, CA 4608 | **COOLEY LLP**<br><br>By:  */s/ Jeffrey M. Gutkin*<br>MICHAEL G. RHODES (SBN 116127)<br>(rhodesmg@cooley.com)<br>JEFFREY M. GUTKIN (SBN 216083)<br>(jgutkin@cooley.com)<br>DANIELLE C. PIERRE (SBN 300567)<br>(dpierre@cooley.com)<br>KELSEY R. SPECTOR (SBN 321488)<br>(kspector@cooley.com)<br>COLIN S. SCOTT (SBN 318555)<br>(cscott@cooley.com)<br>101 California Street, 5th Floor<br>San Francisco, CA 94111-5800<br>Tel: (415) 693-2000<br>Fax: (415) 693-2222<br><br>*Counsel for Defendant GOOGLE LLC* |

```
 1  Tel.: (415) 692-0772
    Fax: (415) 366-6110
 2  ecp@pritzkerlevine.com
    jkl@pritzkerlevine.com
 3  ccc@pritzkerlevine.com
```

**DICELLO LEVITT GUTZLER**

By:  */s/ David A. Straite*
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, New York 10165
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
Adam Levitt (admitted *pro hac vice*)
Ten North Dearborn Street
Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*
*alevitt@dicellolevitt.com*

*Counsel for Plaintiffs*

# [PROPOSED] ORDER

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:  June 3, 2021                             _____
                                                 HON. SUSAN VAN KEULEN
                                                 UNITED STATES MAGISTRATE JUDGE

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26th day of May, at Oakland, California.

/s/ *Lesley E. Weaver*
Lesley E. Weaver

Case No.: 5:21-cv-02155-LHK-SVK