**BLEICHMAR FONTI & AULD LLP**
Lesley E. Weaver (Cal. Bar No.191305)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
112 Madison Avenue, 7th
Floor New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com

**PRITZKER LEVINE LLP**
Elizabeth C. Pritzker (Cal. Bar. No. 146267)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com

**DICELLO LEVITT GUTZLER**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, New York 10165
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*

*Counsel for Plaintiffs*
*Additional counsel listed on signature page*

**COOLEY LLP**
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
DANIELLE C. PIERRE (SBN 300567)
(dpierre@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
COLIN S. SCOTT (SBN 318555)
(cscott@cooley.com)
101 California Street, 5th Floor
San Francisco, California  94111-5800
Telephone: (415) 693 2000
Facsimile:  (415) 693 2222

Attorneys for Defendant
GOOGLE LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA -- SAN JOSE DIVISION

BENJAMIN HEWITT and KIMBERLEY WOODRUFF, on behalf of themselves and all others similarly situated,

   Plaintiffs,

  v.

GOOGLE LLC,

   Defendant.

Case No. 5:21-cv-02155-LHK-SVK

~~[PROPOSED]~~ **STIPULATED PROTECTIVE ORDER GOVERNING THE EXCHANGE OF CONFIDENTIAL DISCOVERY MATERIAL** AS MODIFIED BY THE COURT

**1.    PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

**2.    DEFINITIONS**

2.1    **Challenging Party**: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    **"CONFIDENTIAL" Information or Items**: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    **Counsel (without qualifier)**: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    **Designated House Counsel**: Prior to the production by Plaintiffs of any information designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," Google will designate to Plaintiffs up to three House Counsel who will receive access.  .

2.5    **Designating Party**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.6    **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things,

testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items**: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     **House Counsel**: attorneys who are members in good standing of at least one state bar, who are employees of a Party, and who have responsibility for managing this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10     **Non-Party**: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11     **Outside Counsel of Record**: attorneys who are not employees of a party to this action but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12     **Party**: any party to this action, including all of its officers, directors, employees, and consultants.

2.13     **Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14     **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and professional jury or trial consultants) and their employees and subcontractors, who (1) have been retained by a Party or its counsel to provide litigation support services with respect to this action, (2) are (including any employees and

subcontractors) not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, are not anticipated to become an employee of a Party or of a Party's competitor.

2.15    **Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    **Receiving Party**: Outside Counsel for a Party (or Designated House Counsel) that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     **Exercise of Restraint and Care in Designating Material for Protection**. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     **Manner and Timing of Designations**. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     **for information in documentary form** (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

1   each portion, the level of protection being asserted, unless such identification is not technically

2   feasible, in which case the parties shall meet and confer to discuss alternatives.

3       A Party or Non-Party that makes original documents or materials available for inspection need

4   not designate them for protection until after the inspecting Party has indicated which material it would

5   like copied and produced. During the inspection and before the designation, all of the material made

6   available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

7   ONLY." After the inspecting Party has identified the documents it wants copied and produced, the

8   Producing Party must determine which documents, or portions thereof, qualify for protection under this

9   Order. Then, before producing the specified documents, the Producing Party must affix the appropriate

10  legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each

11  page that contains Protected Material. If only a portion or portions of the material on a page qualifies

12  for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

13  appropriate markings in the margins) and must specify, for each portion, the level of protection being

14  asserted.

15          (b)      for testimony given in deposition or in other pretrial or trial proceedings, that

16  the Designating Party when practical identify on the record, before the close of the deposition,

17  hearing, or other proceeding, all protected testimony and specify the level of protection being

18  asserted. When it is impractical to identify separately each portion of testimony that is entitled to

19  protection and it appears that substantial portions of the testimony may qualify for protection, the

20  Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is

21  concluded) a right to have up to 21 days to identify the specific portions of the testimony as to

22  which protection is sought and to specify the level of protection being asserted. Only those portions

23  of the testimony that are appropriately designated for protection within the 21 days shall be covered

24  by the provisions of this Stipulated Protective Order. For a witness whose deposition or court

25  appearance has been noticed for a date falling within the temporary designation period, the Parties

26  will meet and confer to discuss in good faith the possibility of designating the transcript on an

27  expedited basis. Alternatively, a Designating Party may specify, at the deposition or up to 21 days

28

afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other Parties reasonable notice (a minimum of two business days) if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21- day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)    **for information produced in some form other than documentary and for any other tangible items**, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    **Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    **Timing of Challenges**. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. **Meet and Confer**. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.2    **Judicial Intervention**. If the Parties cannot resolve a challenge without Court intervention, ~~the parties shall submit the dispute in accordance with Judge van Keulen's Civil Scheduling and Discovery Standing Order~~ the Designating Party shall file and serve a motion to retain confidentiality under Civil ~~Local Rule 7~~ (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. Each such ~~submission must affirm that the parties have~~ ~~motion must be accompanied by a competent declaration affirming that the movant has~~ complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a ~~submission~~ ~~motion including the required declaration~~ within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition,

1    <span style="color:red">initiate a submission in accordance with Judge van Keulen's standing order</span>
the Challenging Party may ~~file a motion~~ challenging a confidentiality designation at any time if

2    there is good cause for doing so, including a challenge to the designation of a deposition transcript

3    or any portions thereof.[1]

4        The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

5    Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary

6    expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the

7    <span style="color:red">initiate a submission</span>
Designating Party has waived the confidentiality designation by failing to ~~file a motion~~ to retain

8    confidentiality as described above, all Parties shall continue to afford the material in question the level

9    of protection to which it is entitled under the Designating Party's designation until the Court rules on

10   the challenge.

11   **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

12       7.1    **Basic Principles**. A Receiving Party may use Protected Material that is disclosed or

13   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

14   defending, or attempting to settle this litigation, and shall not be used for any business purpose, in

15   connection with any other legal proceeding, or directly or indirectly for any other purpose

16   whatsoever. Such Protected Material may be disclosed only to the categories of persons and under

17   the conditions described in this Order. When the litigation has been terminated, a Receiving Party

18   must comply with the provisions of section 13 below (FINAL DISPOSITION).

19       Protected Material must be stored and maintained by a Receiving Party at a location and in a

20   secure manner that ensures that access is limited to the persons authorized under this Order.

21       7.2    **Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise

22   ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

23   disclose any information or item designated "CONFIDENTIAL" only to:

24       (a)    a Party or their Outside Counsel of Record in this action, as well as

25   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

26

27

28

---

[1] In the event of repeated and abusive challenges, the Designating Party has the right to petition the Court and ask that the burden be shifted to the Challenging Party to file challenge motions. Even if granted, however, the burden of persuasion would remain on the Designating Party.

[PROPOSED] STIPULATED PROTECTIVE
ORDER GOVERNING THE EXCHANGE OF          8          CASE NO. 5:21-cv-02155-LHK
DISCOVERY MATERIAL

information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     officers, directors, employees, including House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     stenographic reporters, videographers and/or their staff, mock jurors and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during depositions and hearings, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless the Designating Party objects upon a notice of a deposition or calling a witness at a hearing, as described below, or otherwise ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order. Upon notice of a deposition or calling a witness at a hearing, the Designating Party may identify Confidential documents that should not be shown to the witness, triggering an expedited duty to confer in advance of the deposition or hearing. If the parties cannot reach agreement, the Designating Party may seek a protective order in the ordinary course;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information; and

(h)     any mediator or similar third-party neutral evaluator agreed to by the Parties, and his or her staff, provided they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3    **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)    Designated House Counsel of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation and (2) who has signed the Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(c)    Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d)    the Court and its personnel;

(e)    stenographic reporters, videographers and their respective staff, mock jurors or Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information, unless the Designating Party objects upon a notice of a deposition or calling a witness at a hearing, as described below, or otherwise ordered by the Court. For purposes of deposition or testimony at a hearing or trial, all current employees of Defendant (including parents and subsidiaries) shall be deemed the "author or recipient" of any Discovery Material authored by all other current or former employees. Upon notice of deposition or testimony at a hearing or trial, a Designating Party may identify certain documents that are not to be shown to the deponent or witness, triggering an expedited duty to meet and confer. If no agreement can be reached, the Designating Party may seek

a protective order in the ordinary course. If the witness is a former employee of Defendant, Defendant shall have further right to request additional limits on the use of certain documents even if authored or received by the witnesses, which request will also trigger an expedited duty to meet and confer. If no agreement can be reached, the Defendant may seek a protective order in the ordinary course.

7.4 **Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts**.

(a)    (1) [Purposefully left blank].

(a)    (2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party[2] that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[3] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with

---

[2] For a Designating Party that is a Non-Party, experts previously disclosed and approved prior to the Non-Party's production of any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" need not be disclosed to said Non-Party unless such Non-Party requests such information prior to the production of any Protected Material. Moreover, unless otherwise requested by the Non-Party, subsequently disclosed experts need not be disclosed to the Non-Party before that Non-Party's Protected Material may be disclosed thereto.

[3] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

[PROPOSED] STIPULATED PROTECTIVE
ORDER GOVERNING THE EXCHANGE OF              11
DISCOVERY MATERIAL                                                          CASE NO. 5:21-cv-02155-LHK

1   which the Expert has offered expert testimony, including through a declaration, report, or testimony

2   at a deposition or trial, during the preceding five years.[4]

3          (b)    A Party that makes a request and provides the information specified in the

4   preceding respective paragraphs may disclose the subject Protected Material to the identified Expert

5   unless, within 14 days of delivering the request, the Party receives a written objection from the

6   Designating Party. Any such objection must set forth in detail the grounds on which it is based.

7          (c)    A Party that receives a timely written objection must meet and confer with

8   the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

9   agreement within seven days of the written objection. If no agreement is reached, the Party seeking

10   to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in

11   compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.

12   Any such motion must describe the circumstances with specificity, set forth in detail the reasons

13   why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure

14   would entail, and suggest any additional means that could be used to reduce that risk. In addition,

15   any such motion must be accompanied by a competent declaration describing the parties' efforts to

16   resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions)

17   and setting forth the reasons advanced by the Designating Party for its refusal to approve the

18   disclosure.

19          (d)    In any such proceeding, the Party opposing disclosure to the Expert shall

20   bear the burden of proving that the risk of harm that the disclosure would entail (under the

21   safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to

22   its Expert.

23          (e)    A party who has not previously objected to disclosure of Protected Material

24   to an Expert or whose objection has been resolved with respect to previously produced Protected

25   Material shall not be precluded from raising an objection to an Expert at a later time with respect

26

27   [4] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper

28   use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

to Protected Material that is produced after the time for objecting to such Expert has expired or if new information about that Expert is disclosed or discovered. Any such objection shall be handled in accordance with the provisions set forth above.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[5]

If the Designating Party timely[6] seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

---

[5] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.
[6] The Designating Party shall have at least 14 days from the service of the notification pursuant to Section 8(a) to seek a protective order.

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(i)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii)   make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely objects or seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.[7] Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

---

[7] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502, the Parties plan to enter into an additional stipulation shortly.

**12.    MISCELLANEOUS**

12.1    **Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by ~~agreement with other Parties or by applying to the Court if such agreement cannot be reached~~ the Court in the future, either by stipulation or by motion. Furthermore, without application to the Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

12.2    **Right to Assert Other Objections**. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    **No Agreement Concerning Discoverability**. The identification or agreed upon treatment of certain types of Disclosure and Discovery Material does not reflect agreement by the Parties that the disclosure of such categories of Disclosure and Discovery Material is required or

appropriate in this action. The Parties reserve the right to argue that any particular category of Disclosure and Discovery Material should not be produced.

12.4    **Filing Protected Material**. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the Court.

12.5    **No Limitation on Legal Representation**. Nothing in this Order shall preclude or impede Outside Counsel of Record's ability to communicate with or advise their client in connection with this litigation based on such counsel's review and evaluation of Protected Material, provided however that such communications or advice shall not disclose or reveal the substance or content of any Protected Material other than as permitted under this Order.

12.6    **Agreement Upon Execution**. Each of the Parties agrees to be bound by the terms of this Stipulated Protective Order as of the date counsel for such party executes this Stipulated Protective Order, even if prior to entry of this Order by the Court.

## 13.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies

1  (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)

2  affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any

3  other format reproducing or capturing any of the Protected Material. Notwithstanding this provision,

4  Counsel are entitled to retain an archival copy of all pleadings, motions and trial briefs (including all

5  supporting and opposing papers and exhibits thereto), written discovery requests and responses (and

6  exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or

7  introduced into evidence at any hearing or trial, and their attorney work product which refers or is

8  related to any "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL--ATTORNEYS' EYESONLY"

9  information for archival purposes only. Any such archival copies that contain or constitute Protected

10 Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

11 **14.    INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION**

12          The United States District Court for the Northern District of California is responsible for the

13 interpretation and enforcement of this Order. After final disposition of this litigation, the provisions of

14 this Order shall continue to be binding except with respect to that Disclosure or Discovery Material that

15 become a matter of public record. This Court retains and shall have continuing jurisdiction over the

16 Parties and recipients of the Protected Material for enforcement of the provision of this Order following

17 final disposition of this litigation. All disputes concerning Protected Material produced under the

18 protection of this Order shall be resolved by the United States District Court for the Northern District

19 of California.

20 **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

21
    Dated: May 26, 2021
22

23    **BLEICHMAR FONTI & AULD LLP**          **COOLEY LLP**

24    By:    */s/ Lesley E. Weaver*           By:    */s/ Jeffrey M. Gutkin*
      Lesley E. Weaver (Cal. Bar No.191305)   MICHAEL G. RHODES (SBN 116127)
25    Matthew S. Melamed (Cal. Bar No. 260272) (rhodesmg@cooley.com)
      Anne K. Davis (Cal. Bar No. 267909      JEFFREY M. GUTKIN (SBN 216083)
26    Angelica M. Ornelas (Cal. Bar No. 285929) (jgutkin@cooley.com)
      Joshua D. Samra (Cal. Bar No. 313050)   DANIELLE C. PIERRE (SBN 300567)
27    555 12th Street, Suite 1600             (dpierre@cooley.com)
      Oakland, CA 94607                       KELSEY R. SPECTOR (SBN 321488)
28    Tel.: (415) 445-4003

Fax: (415) 445-4020
lweaver@bfalaw.com
mmelamed@bfaw.com
adavis@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

**SIMMONS HANLY CONROY LLC**

By:    */s/ Jay Barnes*
Mitchell M. Breit (*pro hac vice* to be sought)
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (*pro hac vice* to be sought)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
mbreit@simmonsfirm.com
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
ejohnson@simmonsfirm.com

**PRITZKER LEVINE LLP**

By:    */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (Cal. Bar. No. 146267)
Johnathan K. Levine (Cal. Bar. No. 220289)
Caroline C. Corbitt (Cal. Bar. No. 305492)
1900 Powell Street, Suite 450
Emeryville, CA 4608
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
ccc@pritzkerlevine.com

**DICELLO LEVITT GUTZLER**

By:    */s/ David A. Straite*
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, New York 10165
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
Adam Levitt (admitted *pro hac vice*)
Ten North Dearborn Street
Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900

(kspector@cooley.com)
COLIN S. SCOTT (SBN 318555)
(cscott@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Tel: (415) 693-2000
Fax: (415) 693-2222

*Counsel for Defendant GOOGLE LLC*

[PROPOSED] STIPULATED PROTECTIVE
ORDER GOVERNING THE EXCHANGE OF
DISCOVERY MATERIAL

18

1    *akeller@dicellolevitt.com*
     *alevitt@dicellolevitt.com*
2

3    *Counsel for Plaintiffs*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____[date] in the case of *Hewitt, et al., v. Google LLC*, Case No. 5:21-cv-02155-LHK-SVK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____[print or type full name] of _____[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:_____

Printed name: _____
         [printed name]

Signature:_____
         [signature]

1    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3    DATED: _____June 3_____, 2021         _____

4                                   THE HONORABLE SUSAN VAN KEULEN

                                      UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE
ORDER GOVERNING THE EXCHANGE OF    21
DISCOVERY MATERIAL                             CASE NO. 5:21-CV-02155-LHK-SVK

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26th day of May, at Oakland, California.

/s/ *Lesley E. Weaver*
Lesley E. Weaver