NANCI E. NISHIMURA (SBN 152621)
nnishimura@cpmlegal.com
BRIAN DANITZ (SBN 247403)
bdanitz@cpmlegal.com
KARIN B. SWOPE (Pro Hac Vice)
kswope@cpmlegal.com
NOORJAHAN RAHMAN (SBN 330572)
nrahman@cpmlegal.com
BETHANY M. HILL (SBN 326358)
bhill@cpmlegal.com
**COTCHETT, PITRE & MCCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Fax: (650) 697-0577

*Counsel for Plaintiffs Meaghan Delahunty,
Meghan Cornelius, and John Kevranian*

FRANCIS A. BOTTINI JR. (SBN 175783)
fbottini@bottinilaw.com
ANNE B. BESTE (SBN 326881)
absete@bottinilaw.com
ALBERT Y. CHANG (SBN 296065)
achange@bottinilaw.com
YURY A. KOLESNIKOV (SBN 271173)
ykolesnikov@bottinilaw.com
**BOTTINI & BOTTINI, INC.**
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001
Fax: (858) 914-2002

*Counsel for Plaintiff Salvatore Toronto*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **BENJAMIN HEWITT** and **KIMBERLEY WOODRUFF**, on behalf of themselves and all others similarly situated,<br><br>             Plaintiffs,<br><br>   v.<br><br>**GOOGLE LLC,**<br><br>             Defendant. | **Case No. 5:21-cv-02155-LHK**<br><br>**CLASS ACTION**<br><br>**JOINT MOTION TO CONSOLIDATE AND TO APPOINT COTCHETT, PITRE & MCCARTHY, LLP, AND BOTTINI & BOTTINI, INC. AS INTERIM CO-LEAD COUNSEL**<br><br>Hearing Date:  November 3, 2021<br>Hearing Time:  1:30 p.m.<br>Judge:          Hon. Lucy H. Koh<br>Courtroom:    Courtroom 8 – 4th Floor |

Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP,
and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**This case relates to:**

**MEAGHAN DELAHUNTY**,
**MEGHAN CORNELIUS**, and
**JOHN KEVRANIAN**, on behalf of
themselves and all others similarly
situated,

                   Plaintiffs,

      v.

**GOOGLE LLC**,

                  Defendant.

**Case No. 5:21-cv-03360-LHK**

**This case relates to:**

**SALVATORE TORONTO**, on behalf of
himself and all others similarly situated,

                   Plaintiff,

      v.

**GOOGLE LLC**,

                  Defendant.

**Case No. 5:21-cv-03725-LHK**

Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP,
and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 3, 2021, at 1:30 p.m., or as soon thereafter as this matter may be heard, before the Honorable Lucy H. Koh of the United States District Court for the Northern District of California, Courtroom 8 – 4th Floor, 280 South First Street, San Jose, California 95113, Plaintiffs Meaghan Delahunty, Meghan Cornelius, John Kevranian, and Salvatore Toronto will move and hereby do move the Court for an order consolidating *Delahunty, et al. v. Google LLC*, No. 5:21-cv-03360-LHK ("*Delahunty*"), and *Toronto v. Google LLC*, No. 5:21-cv-03725-LHK ("*Toronto*") with *Hewitt, et al. v. Google LLC*, No. 5:21-cv-02155-LHK ("*Hewitt*"), pursuant to Federal Rule of Civil Procedure 42(a), and appointing Cotchett, Pitre & McCarthy, LLP ("CPM") and Bottini & Bottini, Inc. ("Bottini") to serve as Interim Co-Lead Counsel for the putative class pursuant to Federal Rule of Civil Procedure 23(g).

Consolidation is warranted because *Delahunty, Toronto and Hewitt* involve similar questions of fact and law and consolidation will promote the just and efficient conduct of these actions. *See* Fed. R. Civ. P. 42(a). CPM and Bottini are well qualified for appointment as Interim Co-Lead Counsel due to their extensive experience in consumer class action litigation and their trial experience, including leadership roles in many of the major class action cases in the Northern District of California. CPM and Bottini satisfy all the criteria under Rule 23(g) and will zealously and competently represent the interests of the class in this important litigation. This complex class action will benefit from the appointment of experienced and diverse class action attorneys and trial lawyers who will take personal responsibility for leading and directing this litigation.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Brian Danitz ("Danitz Decl."), the Declaration of Francis A. Bottini Jr. ("Bottini Decl."), and related exhibits, as well as any additional argument and evidence the Court may consider at the hearing.

Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP, and Bottini & Bottini, Inc. as Interim Co-Lead Counsel; Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK

1

1

2  Dated: June 22, 2021                     **COTCHETT, PITRE & McCARTHY, LLP**

3                                           */s/ Brian Danitz*

4                                           NANCI E. NISHIMURA (SBN 152621)
                                            nnishimura@cpmlegal.com
5                                           BRIAN DANITZ (SBN 247403)
                                            bdanitz@cpmlegal.com
6                                           KARIN B. SWOPE (Pro Hac Vice)
                                            kswope@cpmlegal.com
7                                           NOORJAHAN RAHMAN (SBN 330572)
                                            nrahman@cpmlegal.com
8                                           BETHANY M. HILL (SBN 326358)
                                            bhill@cpmlegal.com
9

10                                          **KNOX RICKSEN LLP**
                                            MAISIE C. SOKOLOVE (SBN 239665)
11                                          mcs@knoxricksen.com
                                            THOMAS E. FRAYSSE (SBN 104436)
12                                          tef@knoxricksen.com
                                            ITAK K. MORADI (SBN 310537)
13                                          ikm@knoxricksen.com
                                            2033 N. Main St., Suite 340
14                                          Walnut Creek, CA 94596
                                            Telephone: (925) 433-2500
15                                          Fax: (925) 433-2505
16

17                                          *Counsel for Plaintiffs Meaghan Delahunty,*
                                            *Meghan Cornelius, and John Kevranian*
18

19                                          **BOTTINI & BOTTINI, INC.**

20                                           */s/ Francis A. Bottini Jr.*

21

22                                          FRANCIS A. BOTTINI JR. (SBN 175783)
                                            fbottini@bottinilaw.com
23                                          ANNE B. BESTE (SBN 326881)
                                            absete@bottinilaw.com
24                                          ALBERT Y. CHANG (SBN 296065)
                                            achange@bottinilaw.com
25                                          YURY A. KOLESNIKOV (SBN 271173)
                                            ykolesnikov@bottinilaw.com
26

27                                          *Counsel for Plaintiff Salvatore Toronto*

28

Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP,
and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK                     2

1

2

## <u>TABLE OF CONTENTS</u>

3

<u>Page</u>

4

NOTICE OF MOTION AND MOTION ......................................................................1

5

STATEMENT OF ISSUES TO BE DECIDED .........................................................1

6

MEMORANDUM OF POINTS AND AUTHORITIES...............................................1

7

I.      INTRODUCTION .......................................................................1

8

II.     PROCEDURAL BACKGROUND ...............................................2

9

III.    *HEWITT* COUNSEL'S POTENTIAL CONFLICT OF INTEREST ........................3

10

IV.     MOTION TO CONSOLIDATE....................................................6

11

V.      MOTION TO APPOINT LEAD COUNSEL ................................7

12

        A.    Legal Standard.................................................................7

13

        B.    Substantial Work to Develop Claims Asserted (Rule 23(g)(1)(A)(i)) .....................9

14

        C.    Unparalleled Experience (Rule 23(g)(1)(A)(ii) and (iii)).........................................10

15

        D.    Commitment of Substantial Resources (Rule 23(g)(1)(A)(iv)) .............................13

16

        E.    CPM–Bottini Team Mitigates Potential Conflicts of Interest (Rule 23(g)(1)(B)) ...15

17

VI.     CONCLUSION............................................................................18

18

19

20

21

22

23

24

25

26

27

28

Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP,
and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK                    i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Alphabet Inc. Shareholder Derivative Litig.*,
Lead Case No. 19CV341522 (Santa Clara County Super. Ct.) ................................. 12

*In re Apple Inc. Device Performance Litig.*,
No. 5:18-md-02827-EJD (N.D. Cal.) ........................................................ 11

*In re Automotive Parts Antitrust Litig.*,
No. 2:12-md-02311-SFC (E.D. Mich.) ....................................................... 12

*In re Bextra and Celebrex Mktg. Sales Practices and Prod. Liab. Litig.*,
No. MDL-1699 (N.D. Cal.) .................................................................. 11

*Brown, et al. v. Google LLC*,
No. 5:20-cv-03664-LHK-SVK (N.D. Cal. filed June 2, 2020) ................................. 2

*Cal-Pak Delivery, Inc. v. United Parcel Serv.*,
52 Cal.App.4th 1, 60 Cal.Rptr.2d 207 (1997) ............................................... 16

*Calhoun, et al. v. Google LLC*,
No. 5:20-cv-05146-LHK-SVK (N.D. Cal. filed July 27, 2020) ......................... *passim*

*In re Cardinal Health, Inc. ERISA Litig.*,
225 F.R.D. 552, 557 (S.D. Ohio 2005) ...................................................... 18

*Chacanaca v. Quaker Oats Co.*,
No. C 10-0502 RS, 2011 WL 13141425 (N.D. Cal. June 14, 2011) ......................... 6, 7

*County of Santa Clara v. Atlantic Richfield*,
50 Cal.4th 35 (2010) ..................................................................... 2, 14

*County of Santa Clara v. Atlantic Richfield*,
161 Cal.App.4th 1140 (2008) .............................................................. 2, 14

*County of Santa Clara v. Atlantic Richfield*,
137 Cal.App.4th 292 (2006) ............................................................... 2, 14

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*,
No. M 02-1486 PJH, 2006 WL 1530166 (N.D. Cal. June 5, 2006) .......................... 13

*Fiandaca v. Cunningham*,
827 F.2d 825 (1st Cir. 1987) ............................................................... 17

*In re Google Inc. Cookie Placement Consumer Privacy Litig.*,
No. 12-2358-SLR, 2012 WL 5833604 (D. Del. Nov. 16, 2012) ............................ 13

*Gullen v. Facebook, Inc.*,
No. 16-cv-0937-JD (N.D. Cal.) ............................................................. 13

Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP,
and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK        ii

*Huene v. United States*,
   743 F.2d 703 (9th Cir.), *on reh'g*, 753 F.2d 1081 (9th Cir. 1984) .............................................. 6

*Huston v. Imperial Credit Commercial Mortgage Inv. Corp.*,
   179 F.Supp.2d 1157 (C.D. Cal. 2001) ..................................................................... 16

*Image Technical Serv., Inc. v. Eastman Kodak Co.*,
   136 F.3d 1354 (9th Cir. 1998) ................................................................................. 16

*Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of California*,
   877 F.2d 777 (9th Cir. 1989) ..................................................................................... 6

*In re Lenovo Adware Litig.*,
   No. 15-md-02624, 2015 WL 10890657 (N.D. Cal. July 27, 2015) ............................ 8

*Levitte v. Google, Inc.*,
   No. C 08-03369 JW, 2009 WL 482252 (N.D. Cal. Feb. 25, 2009) ............................ 8

*Lowery v. Spotify USA Inc.*,
   No. CV 15-09929-BRO, 2016 WL 6818756 (C.D. Cal. May 23, 2016) ................... 13

*Massoyan v. HL Leasing, Inc.*,
   No. 09-CECG 01839 (Fresno County Super. Ct.) ................................................... 14

*In re Med. Capital Securities Litig.*,
   No. SA CV 09-1048-DOC-RNB (C.D. Cal.) ........................................................... 11

*Moore v. Margiotta*,
   581 F. Supp. 649 (E.D.N.Y. 1984) .......................................................................... 17

*Millman ex rel. Friedman's, Inc. v. Brinkley*,
   No. 1:03-cv-0058-WSD, 2004 WL 2284505 (N.D. Ga. Oct. 1, 2004) ..................... 10

*Moreno v. Autozone, Inc.*,
   No. C05-04432 MJJ, 2007 WL 4287517 (N.D. Cal. Dec. 6, 2007) ......................... 16

*Outten v. Wilmington Trust Corp.*,
   281 F.R.D. 193 (D. Del. 2012) ................................................................................ 13

*Paraggua v. LinkedIn Corp.*,
   No. 5:12-cv-03088 EJD, 2012 WL 3763889 (N.D. Cal. Aug. 29, 2012) ................... 8

*Paul E. Iacono Structural Eng'r, Inc. v. Humphrey*,
   722 F.2d 435 (9th Cir. 1983) ................................................................................... 16

*Radcliffe v. Hernandez*,
   818 F.3d 537 (9th Cir. 2016) ................................................................................... 16

*Rodriguez v. W. Publ'g Corp. (Rodriguez I)*,
   563 F.3d 948 (9th Cir. 2009) ................................................................................... 16

*In re Snap, Inc. Securities Cases*,
   JCCP No. 4960 (Los Angeles County Super. Ct.) .................................................. 13

Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP,
and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK

iii

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,
   No. 4:07-md-01819-CW (N.D. Cal.) ......................................................... 11

*Sullivan v. Chase Inv. Servs. of Boston, Inc.*,
   79 F.R.D. 246 (N.D. Cal. 1978).............................................................. 17

*Walker v. Apple, Inc.*,
   4 Cal.App.5th 1098 (2016) ..................................................................... 16

*White v. Experian Info. Sols.*,
   993 F. Supp. 2d 1154 (C.D. Cal. 2014), *as amended* (May 1, 2014),
   *aff'd sub nom. Radcliffe v. Hernandez*, 818 F.3d 537 (9th Cir. 2016)...................................... 18

*In re Yahoo! Inc. Shareholder Litig.*,
   No. 17-CV-307054 (Santa Clara County Super. Ct.) .......................................... 11, 13

*Yick v. Bank of America, N.A.*,
   No. 3:21-cv-00376-VC (N.D. Cal.) ............................................................ 12

*Zellmer v. Facebook, Inc.*,
   No. 18-cv-01880-JD (N.D. Cal.) ............................................................. 13

*In re Zoom Video Communications, Inc. Privacy Litig.*,
   No. 5:20-cv-02155-LHK (N.D. Cal.)........................................................... 12

## Statutes

Electronic Communications Privacy Act, 18 U.S.C. § 2510, *et seq.* ........................................... 3, 7

California Consumer Privacy Act, Cal. Civ. Code § 1798.100 .................................................. 12, 13

California Invasion of Privacy Act .................................................................................... 3

California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ........................... 3, 7

## Other Authorities

Federal Rules of Civil Procedure

   Rule 23(g) ....................................................................................................... *passim*

   Rule 42(a)........................................................................................................... 3, 6

Manual for Complex Litigation § 21.11 (4th ed. 2004)........................................................ 8

Richard G. Stuhan & Sean P. Costello, *Robbing Peter to Pay Paul: The Conflict of
   Interest Problem in Sibling Class Actions*, 21 GEO. J. LEGAL ETHICS 1195 (Fall 2008).......... 17

Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP,
and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK

iv

## STATEMENT OF ISSUES TO BE DECIDED

(1)    Whether the Court should consolidate *Hewitt, et al. v. Google LLC*, No. 5:21-cv-02155-LHK; *Delahunty, et al. v. Google LLC*, No. 5:21-cv-03360-LHK; and *Toronto v. Google LLC*, No. 5:21-cv-03725-LHK.

(2)    Whether the Court should appoint Cotchett, Pitre & McCarthy, LLP ("CPM") and Bottini & Bottini, Inc. ("Bottini") as Interim Co-Lead Counsel given their extensive experience representing consumers in class actions and ability to work cooperatively with a wide range of stakeholders, including opposing counsel.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Members of putative classes in *Delahunty, et al. v. Google LLC*, No. 5:21-cv-03360-LHK ("*Delahunty*"); *Hewitt, et al. v. Google LLC*, No. 5:21-cv-02155-LHK ("*Hewitt*"); and *Toronto v. Google LLC,* No. 5:21-cv-03725-LHK ("*Toronto*") allege that defendant Google LLC ("Google") has wronged hundreds of millions of putative class members, including "all persons residing in the United States with a Google Account who used the Internet" on or after Google began sharing its users' personal information through an auction process called Real Time Bidding ("RTB"). *Delahunty* Compl., ECF No. 1, ¶ 117; *Hewitt* Compl., ECF No. 1, ¶ 233; *Toronto* Compl., ECF No. 1, ¶ 108.

RTB is a process whereby consumers' sensitive personal information is disclosed to third parties who participate in auctions to place targeted ads on webpages in response to a consumer's browsing the Internet. *Delahunty* Compl., ECF No. 1, ¶¶ 3–8. During the RTB auction, Google releases "bidstream data" which includes sensitive personal information about the consumer (who is the potential recipient of the ad), including the consumer's unique demographic and biometric information (e.g., age, gender), as well as their location, browsing history, IP addresses, and device identifiers. *Id.* The third parties receive this bidstream data even if they have no intention of bidding on an ad placement. In fact, many "silent" parties join these auctions simply to surveil and collect bidstream data about Google's customers. *Id.* Google benefits from this surveillance, as the higher

Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP,
and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK                    1

number of auction participants encourages higher bids, and thereby increasing the profitability of Google's RTB auctions. *Id.*

CPM and Bottini respectfully submit this motion to consolidate *Hewitt, Delahunty,* and *Toronto*, and seek to serve as Interim Co-Lead Counsel in the consolidated action. CPM and Bottini have successfully litigated myriad complex cases, including privacy, antitrust, and consumer protection cases. The firms have extensive experience litigating the types of claims asserted in this case, have the resources necessary to vigorously prosecute a consolidated *Hewitt-Delahunty-Toronto* action, and are best suited to protect the interests of the putative class. These firms have demonstrated that they achieve outstanding results on behalf of classes they represent, through the substantial recoveries they have obtained in other cases. CPM's and Bottini's lawyers satisfy the factors outlined in Federal Rule of Civil Procedure ("Rule") 23(g) and, thus, are well situated to serve as Interim Co-Lead Counsel. Furthermore, their appointment as lead would mitigate potential conflicts arising from *Hewitt* counsel's concurrent representation of an overlapping class in the related case *Calhoun, et al. v. Google LLC*, No. 5:20-cv-05146-LHK.

## II.  PROCEDURAL BACKGROUND

There are currently five privacy class action cases pending against Google before this Court, three of which are the subject of this motion. In addition to the *Hewitt*, *Delahunty*, and *Toronto* cases, there is *Brown, et al. v. Google LLC*, No. 5:20-cv-03664-LHK-SVK (N.D. Cal. filed June 2, 2020) ("*Brown*"), and *Calhoun, et al. v. Google LLC*, No. 5:20-cv-05146-LHK-SVK (N.D. Cal. filed July 27, 2020) ("*Calhoun*"). On April 9, 2021, the court related *Hewitt* to *Calhoun* and *Brown*. *Hewitt*, ECF No. 158.

The undersigned counsel for *Delahunty* and *Toronto* have spent time and effort working with counsel for the *Hewitt* plaintiffs and counsel for Google, and consensus has formed that the *Delahunty*, *Toronto,* and *Hewitt* cases should be related. Danitz Decl. ¶ 1. All parties in the three actions, including Google, have agreed that the court should relate the cases due to the commonality of the facts and legal theories alleged. *Id.*; *see also Hewitt*, ECF No. 36 (*Delahunty* Plaintiffs' Motion to Relate); *Hewitt*, ECF No. 40 (*Hewitt* Plaintiffs' Response); *Hewitt*, ECF No. 43

Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP, and Bottini & Bottini, Inc. as Interim Co-Lead Counsel; Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK

2

(Google's Response); *Hewitt*, ECF No. 49 (*Toronto* Plaintiff's Motion to Relate); *Hewitt*, ECF No. 55 (Google's Response); *Hewitt*, ECF No. 57 (*Hewitt* Plaintiffs' Response). The *Hewitt*, *Delahunty*, and *Toronto* plaintiffs have further reached consensus that the cases should be consolidated pursuant to Rule 42(a). Danitz Decl. ¶ 1.[1]

All three complaints allege that Google has been unlawfully disclosing class members' personal information to third parties, in contravention of state and federal law, including Article I, § 1 of the California Constitution, the California Unfair Competition Law ("UCL"), the California Invasion of Privacy Act ("CIPA"), and the federal Electronic Communications Privacy Act ("ECPA"). *Delahunty* Compl., ECF No. 1, ¶¶ 82–84, 125–305; *Hewitt* Compl., ECF No. 1, ¶¶ 14–17, 241–420; *Toronto* Compl. ECF No. 1, ¶¶ 125–199. All three complaints cite numerous public sources regarding Google marketing the personal information of its users without informed consent, including reports of investigations by the U.S. Congress, the Federal Trade Commission, and international government agencies. *Delahunty* Compl., ECF No. 1, ¶¶ 20–21, 41–42, 46–48, 52; *Hewitt* Compl., ECF No. 1, ¶¶ 5, 26, 64, 76–77, 175–180; *Toronto* Compl., ECF No. 1, ¶¶ 9–14, 35–37, 45–48, 51, 54–56, 125–199.

The *Hewitt, Delahunty*, and *Toronto* plaintiffs further agree that their cases should not be consolidated with the *Calhoun* case. Danitz Decl. ¶ 2.

The *Delahunty* and *Toronto* plaintiffs on the one hand, and the *Hewitt* plaintiffs on the other, disagree, however, on the leadership structure for the proposed consolidated case.

## III.    *HEWITT* COUNSEL'S POTENTIAL CONFLICT OF INTEREST

The following counsel represent the plaintiffs in both *Calhoun* and *Hewitt*: (1) Bleichmar Fonti & Auld LLP, (2) Simmons Hanley Conroy LLC, and (3) DiCello Levitt Gutzler LLC. In meeting and conferring regarding the leadership structure, counsel for *Hewitt* insisted that three attorneys from these three firms be appointed interim co-lead counsel, even though these same

---

[1] *See also Hewitt*, ECF No. 36 (*Delahunty* Plaintiffs' Motion to Relate); *Hewitt*, ECF No. 40 (*Hewitt* Plaintiffs' Response); *Hewitt*, ECF No. 43 (Google's Response); *Hewitt*, ECF No. 49 (*Toronto* Plaintiff's Motion to Relate); *Hewitt*, ECF No. 61 (*Hewitt* Plaintiffs' Response to *Toronto* Plaintiff's Motion to Relate and Consolidate).

Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP,
and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK

3

attorneys are taking the lead in representing an overlapping class in *Calhoun* which also asserts privacy claims against Google based on partially related facts. This overlapping representation raises concerns regarding conflicts of interest. The cases have overlapping class members, overlapping causes of action, and potentially opposing settlement positions. Like this set of cases (*Hewitt*, *Delahunty*, and *Toronto*), the *Calhoun* case is a privacy class action brought against the same defendant, Google. The two cases differ, however, in that the *Calhoun* amended complaint alleges privacy violations for Google's **collection** of data about Google account users who choose not to "synch" their browsers with their Google accounts. *Calhoun* Compl., ECF No. 163, ¶¶ 197–211. In contrast, the *Hewitt*, *Delahunty*, and *Toronto* complaints allege privacy violations for Google's **disclosure and sale** of data about Google account users to third parties through its RTB auctions. *Delahunty* Compl., ECF No. 1, ¶¶ 60–75, 82–91; *Hewitt* Compl., ECF No. 1, ¶¶ 79–156; *Toronto* Compl., ECF No. 1, ¶¶ 80–107.

The cases overlap but are substantially different, as demonstrated by the fact that all plaintiffs agree that the two sets of cases (*Hewitt-Delahunty-Toronto* and *Calhoun*) should not be consolidated, and by the fact that Google has chosen to be represented by different law firms in the two sets of cases. Both sets of cases are extremely complex, huge undertakings, brought on behalf of hundreds of millions of absent class members, and requiring a significant commitment of resources by plaintiffs' counsel.

The proposed class definition for the *Calhoun* case is distinct from class definitions in *Hewitt*, *Delahunty*, and *Toronto*. A class member in the *Hewitt* case, however, may also be a class member in the *Calhoun* case. An absent class member who had their personal information collected by Google using the Chrome browser (the class definition in *Calhoun*) could (and likely did) also have that personal information disclosed through Google's RTB auction (the class definition in *Hewitt-Delahunty-Toronto*). Below is a table showing the proposed class definitions for each of the relevant cases:

Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP, and Bottini & Bottini, Inc. as Interim Co-Lead Counsel; Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK

4

| *Calhoun* | *Hewitt-Delahunty-Toronto* |
|---|---|
| [A]ll persons residing in the United States who used Google's Chrome browser on or after July 27, 2016 without choosing to Sync with any Google account and whose personal information was collected by Google.<br><br>*Calhoun* Compl., ECF No. 163, ¶ 262. | [A]ll persons residing in the United States with a Google Account who used the Internet on or after Google began using RTB in a manner that disclosed Account Holders' personal information.<br><br>*Hewitt* Compl., ECF No. 1, ¶ 233.<br><br>A Class of all persons residing in the United States with a Google Account who used the Internet using a Chrome browser on or after Google began using RTB in a manner that disclosed Google Customers' personal information.<br><br>*Delahunty* Compl., ECF No. 1, ¶ 117.<br><br>All persons residing in the United States with a Google Account who have used the Internet on or after Google began using RTB in a manner that disclosed the Google Account Holders' personal information.<br><br>*Toronto* Compl., ECF No. 1, ¶ 108. |

The proposed class definitions demonstrate how the two sets of complaints, *Calhoun* on one hand, and *Hewitt-Delahunty-Toronto* on the other hand, overlap.

Due to the overlapping nature of the absent class members, the interests of class members in *Hewitt-Delahunty-Toronto* and in *Calhoun* are likely to conflict if both are represented by the same counsel. Both sets of complaints are brought against the same Defendant, Google, and concern the same subject matter, the personal information of Google account holders. The class definitions allege overlapping classes such that there may be class members who are Google account holders and whose data was both unlawfully collected when they did not agree to synch their accounts with the Chrome browser (*Calhoun* class), and then unlawfully disclosed through the RTB process

Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP,
and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK

5

(*Hewitt-Delahunty-Toronto* class). These Google account holders will be members of the overlapping classes in both cases. Prosecuting these two enormous and complex class actions, thus, is likely to result in conflicts related to how class counsel allocates human and financial resources, and how they settle these cases. This is not to say that *Hewitt* counsel should not participate in both actions, only that they should not be lead counsel controlling the prosecution of both cases.

In sum, the overlapping class allegations, causes of actions, and potential settlement positions for the plaintiffs in *Calhoun* and *Hewitt-Delahunty-Toronto* create a real risk that counsel with concurrent lead positions in *Calhoun* and in *Hewitt-Delahunty-Toronto* will be conflicted. Accordingly, as discussed further below, leadership in *Hewitt-Delahunty-Toronto* should not be the same as leadership in *Calhoun*. CPM and Bottini both have the resources and the experience to vigorously litigate the *Hewitt-Delahunty-Toronto* consolidated case, and they have no potential conflicts of interest in doing so.

## IV.   MOTION TO CONSOLIDATE

The Court should consolidate the *Hewitt*, *Delahunty*, and *Toronto* cases for all purposes. Consolidation pursuant to Rule 42(a) is proper where actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "The purpose of consolidation is not only to enhance efficiency of the trial court by avoiding unnecessary duplication of evidence and procedures, but also to avoid inconsistent adjudications." *Chacanaca v. Quaker Oats Co.*, No. C 10-0502 RS, 2011 WL 13141425, at *2 (N.D. Cal. June 14, 2011) (internal quotation marks and citation omitted). A "district court has broad discretion to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). In exercising its broad discretion to consolidate actions under Rule 42(a), a court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir.), *on reh'g*, 753 F.2d 1081 (9th Cir. 1984).

Here, there is no dispute that the *Hewitt*, *Delahunty*, and *Toronto* actions present a multitude of common questions of law and fact. As explained in the *Delahunty* and *Toronto* administrative

Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP,
and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK                                    6

motions to relate case, which Google and *Hewitt* counsel support, the class actions are brought against Google on behalf of substantially similar proposed classes. *See Hewitt*, ECF No. 36 (*Delahunty* Plaintiffs' Motion to Relate), at 1–2; *Hewitt*, ECF No. 40 (*Hewitt* Plaintiffs' Response); *Hewitt*, ECF No. 43 (Google's Response); *Hewitt*, ECF No. 49 (*Toronto* Plaintiff's Motion to Relate); *Hewitt*, ECF No. 55 (Google's Response); *Hewitt*, ECF No. 57 (*Hewitt* Plaintiffs' Response). The actions seek to remedy Google's alleged invasions of privacy and beaches of contract in connection with the unauthorized selling of Google account holders' personal information through RTB auctions. *Delahunty* Compl., ECF No. 1, ¶¶ 82–84, 125–305; *Hewitt* Compl., ECF No. 1, ¶¶ 14–17, 241–242; *Toronto* Compl., ECF No. 1, ¶¶ 80–97, 125–199. All three complaints contain substantially similar allegations against Google based on many common theories such as breach of contract, breach of implied covenant of good faith and fair dealing, invasion of privacy, and violations of the Electronic Communications Privacy Act (18 U.S.C. § 2511) and California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*). *Id.*

Consolidation will conserve judicial resources, while generating little or no inconvenience, delay, or expense. A consolidated complaint will establish a uniform class definition, streamline the issues in this complex class action, and eliminate the confusion and delay that may result from prosecuting the *Hewitt*, *Delahunty*, and *Toronto* cases separately. Consolidation will also conserve judicial and party resources and expedite resolution of this matter by avoiding duplicative class certification proceedings, discovery disputes, dispositive motions, and trial proceedings. *See, e.g.*, *Chacanaca*, 2011 WL 13141425, at *2.

For all these reasons, all putative federal class actions already before this Court, those that will be transferred to this Court, and those that will be deemed related by this Court should be consolidated.

## V.    MOTION TO APPOINT LEAD COUNSEL

### A.    Legal Standard

Rule 23(g) authorizes courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the actions as a class action." Fed. R. Civ. P. 23(g)(3);

Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP, and Bottini & Bottini, Inc. as Interim Co-Lead Counsel; Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK

7

*see also Levitte v. Google, Inc.*, No. C 08-03369 JW, 2009 WL 482252, at *2 (N.D. Cal. Feb. 25, 2009). The designation of interim counsel "clarifies responsibility for protecting the interests of the class during precertification activities . . . ." Manual for Complex Litigation § 21.11 (4th ed. 2004). "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Paraggua v. LinkedIn Corp.*, No. 5:12-cv-03088 EJD, 2012 WL 3763889, at *1 (N.D. Cal. Aug. 29, 2012) (quoting *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006)).

In considering a motion to appoint interim lead counsel, a court must determine what firm or firms would best represent the interests of the class and who is best able to accomplish the class action goals of efficiency and economy in doing so. To make this determination, courts look to the factors outlined in Rule 23(g)(1)(A). *See In re Lenovo Adware Litig.*, No. 15-md-02624, 2015 WL 10890657, at *1, n.1 (N.D. Cal. July 27, 2015).

Rule 23(g)(1)(A) sets forth four considerations for the appointment of interim lead counsel:

(i)  the work counsel has done in identifying or investigating potential claims in the action;

(ii)  counsel's experience in handling class actions, other complex litigation and the types of claims asserted in the action;

(iii)  counsel's knowledge of the applicable law; and

(iv)  the resources that counsel will commit to representing the class.

Fed R. Civ. P. 23(g)(1)(A)(i)–(iv). Importantly, no single factor is determinative; all factors must be weighed to determine who can best represent the class. Fed. R. Civ. P. 23, Advisory Committee Notes (2003 Amendments). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

As provided below, each of the Rule 23(g) factors support the appointment of CPM and Bottini as Co-Lead Counsel. Both firms have an extensive history litigating and trying complex cases, including privacy and consumer protection cases, throughout the United States. The firms' attorneys are widely recognized for their trial and complex litigation experience.

Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP, and Bottini & Bottini, Inc. as Interim Co-Lead Counsel; Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK

8

### B.     Substantial Work to Develop Claims Asserted (Rule 23(g)(1)(A)(i))

To date, CPM and Bottini have devoted substantial resources—both in time and money—to investigate the allegations in the class action complaints and to advance the litigation. These firms will continue to devote all necessary resources going forward to successfully pursue this matter on behalf of the putative class.

Proposed class counsel CPM and Bottini have been investigating Google's conduct since 2018. Google's conduct become the subject of CPM's scrutiny starting with Google CEO Sundar Pichai's testimony before Congress on December 11, 2018, where he repeatedly represented on behalf of Google that "[w]e do not and would never sell user data." *Delahunty* Compl., ECF No. 1, ¶ 40; Danitz Decl. ¶ 3. Over the course of several months, CPM attorneys reviewed Google's SEC filings and privacy policies and built a dossier of the company's statements concerning privacy, including Mr. Pichai's public writings extolling the value of consumer choice concerning data, and asserting that Google allows consumers to decide how their information is used. Danitz Decl. ¶ 3.[2] In September 2019, Google's privacy violations drew the attention of the Federal Trade Commission and the New York Attorney General, resulting in a $170 million settlement related to the YouTube video sharing service illegally collecting personal information from children without their parents' consent. Danitz Decl. ¶ 3; *Delahunty* Compl., ECF No. 1, ¶ 52. Then in June 2020, France's highest administrative court upheld a €50 million fine against Google for its failure to provide clear notice and obtain users' valid consent to process their personal data for ad personalization purposes. *Delahunty* Compl., ECF No. 1, ¶ 53. CPM closely followed the July 2020 Congressional inquiry of Google and other leading tech companies, its implications for consumer data privacy, and events surrounding the letter from members of Congress urging the FTC to investigate widespread privacy violations. Danitz Decl. ¶ 3; *Delahunty* Compl., ECF No. 1, Ex. 2. In January 2021, the United Kingdom Information Commissioner's Office announced it was resuming its investigation into RTB. Danitz Decl. ¶ 3; *Delahunty* Compl., ECF No. 1, ¶ 97. In

---

[2] *See, e.g.*, Sundar Pichai, *Google's Sundar Pichai: Privacy Should Not Be a Luxury Good*, THE NEW YORK TIMES (May 7, 2019), *available at* https://www.nytimes.com/2019/05/07/opinion/googlesundar-pichai-privacy.html.

Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP,
and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK
                                                                                    9

January 2021, after U.S. Senators sent letters to Google and other tech companies flagging the national security and privacy risks posed by the "siphoning off and storing of 'bidstream data'" by numerous auction participants, the CPM team felt confident there was sufficient evidence of unlawful conduct to file the *Delahunty* complaint. Danitz Decl. ¶ 3; *Delahunty* Compl., ECF No. 1, Ex. 1. Based on these and other reports, counsel undertook an extensive analysis of the relevant law and facts, including Google's Terms of Service and Privacy Policy, that ultimately appeared in the *Delahunty* and *Toronto* complaints. Danitz Decl. ¶ 3. CPM has further engaged in discussions with certain state Attorneys General about potentially joining in this action. *Id.*

CPM has also made significant efforts to ensure the efficient coordination of these proceedings, including participating in calls with counsel in *Hewitt* and counsel for Google to address scheduling and administrative motions, including the administrative motion to relate *Delahunty* with *Hewitt*, and Google's stipulation to extend time to answer or respond to the *Delahunty* complaint. While plaintiffs' counsel were unable to agree regarding the appropriate structure for this case, CPM and Bottini have worked with *Hewitt* counsel in previous cases and, if appointed as Co-Lead, will work with *Hewitt* counsel to efficiently litigate this case. Danitz Decl. ¶ 4.

## C.   Unparalleled Experience (Rule 23(g)(1)(A)(ii) and (iii))

The "guiding principle" in selecting lead counsel is who will "best serve the interest of the plaintiffs." *Millman ex rel. Friedman's, Inc. v. Brinkley*, No. 1:03-cv-0058-WSD, 2004 WL 2284505, at *3 (N.D. Ga. Oct. 1, 2004) (internal citations omitted) (citing *Newberg on Class Actions* § 9.35 at 388 (4th ed. 2002)). "The criteria for selecting counsel include factors as experience and prior success record, the number, size, and extent of involvement of represented litigants, the advanced stage of the proceedings in a particular suit, and the nature of the cases of action alleged." *Id.* The foregoing Rule 23(g) factors weigh heavily in favor of appointing CPM and Bottini as Co-Lead Counsel.

**CPM's Vast Experience in Consumer Protection Litigation.** CPM has served in a leadership capacity in many of the largest and most complex consumer class action cases in the

Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP,
and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK                    10

country. *See* Danitz Decl. ¶¶ 5–9 & Ex. 1. CPM has obtained billions of dollars in recoveries for the classes it has represented. For instance, as co-lead counsel, CPM secured a settlement that provides for a non-reversionary minimum class settlement amount of $310 million, with a maximum class settlement amount of $500 million in *In re Apple Inc. Device Performance Litigation*, No. 5:18-md-02827-EJD (N.D. Cal.). Danitz Decl. ¶ 6. The claims at issue in that nationwide class action included violation of California and federal computer intrusion statutes, and extensive technical issues raised in the pleading, discovery, and damages phases of the case. *Id.* In addition to arguing major motions, including motions to dismiss, CPM led discovery efforts involving the review of millions of documents and depositions of Apple employees and proposed class representatives. *Id.* After two years of intense litigation, Apple agreed to a historic payment of up to $500 million. *Id.*

CPM served as co-lead counsel in *In re Yahoo! Inc. Shareholder Litigation*, No. 17-CV-307054 (Santa Clara County Super. Ct.), a derivative action involving novel issues and reportedly resulting in the first derivative recovery based on a data breach. Danitz Decl. ¶ 7 & Ex. 1. Yahoo! disclosed two of the largest data breaches in history, impacting 500 million and one billion of its users, respectively. *Id.* As co-lead counsel of the Yahoo! derivative litigation, CPM additionally sought injunctive relief relating to Yahoo!'s proposed merger with Verizon and its inadequate disclosure of the breaches in proxy materials. *Id.* CPM won permission to take expedited discovery and deposed Yahoo!'s Chief Information Security Officer. *Id.* Citing the evidence uncovered, the Santa Clara County Superior Court ultimately required Yahoo! to amend its proxy materials and, shortly thereafter, CPM negotiated a $29 million derivative settlement and established law that will have important implications for future data-breach-related litigation. *Id.*

CPM secured a combined $219 million in *In re Medical Capital Securities Litigation*, No. SA CV 09-1048-DOC-RNB (C.D. Cal.), one of the largest recoveries against indenture trustees in U.S. history and the largest Ponzi scheme recovery in California history. Danitz Decl. ¶ 8 & Ex. 1. CPM also secured a $77 million settlement as lead counsel in *In re Static Random Access Memory (SRAM) Antitrust Litigation*, No. 4:07-md-01819-CW (N.D. Cal.). In *In re Bextra and Celebrex*

Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP,
and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK          11

1    *Marketing Sales Practices and Product Liability Litigation*, No. MDL-1699 (N.D. Cal.), CPM, as

2    co-lead trial counsel, secured $894 million to settle the consolidated injury and class action cases

3    against Pfizer. As co-lead counsel for the end-payor plaintiffs in *In re Automotive Parts Antitrust*

4    *Litigation*, No. 2:12-md-02311-SFC (E.D. Mich.), CPM helped recover over $1.2 billion.

5         CPM currently serves as co-lead counsel in *In re Zoom Video Communications, Inc. Privacy*

6    *Litigation*, No. 5:20-cv-02155-LHK (N.D. Cal.), which asserts claims against Zoom for

7    misrepresentations and violations of its customers' security and privacy. Danitz Decl. ¶ 9 & Ex. 1.

8    And CPM also serves as interim co-lead counsel in *Yick v. Bank of America, N.A.*, No. 3:21-cv-

9    00376-VC (N.D. Cal.), which asserts claims on behalf of California EDD debit cardholders,

10   including claims for violations of the California Consumer Privacy Act, and recently obtained a

11   preliminary injunction and provisional class certification in that case. *Id.*

12        This array of experience has afforded CPM expertise in consumer protection class actions.

13   CPM has amassed insight into the nuances of managing complex cases. It has successfully

14   addressed arguments and issues likely to be raised in motions to dismiss in this case, conducted

15   extensive discovery of defendant entities, successfully moved for class certification, and negotiated

16   large recoveries for consumer plaintiffs. CPM can efficiently and effectively manage this complex

17   action and is well situated to serve as Co-Lead Counsel.

18        **Bottini's Extensive Experience in Complex Litigation**. Bottini has served as lead or co-

19   lead counsel in consumer, securities, and antitrust cases which have recovered hundreds of millions

20   of dollars for class members. *See* Bottini Decl. ¶ 1 & Ex. 1. Most recently, in 2020, Bottini served

21   as co-lead counsel in *In re Alphabet Inc. Shareholder Derivative Litigation*, Lead Case No.

22   19CV341522 (Santa Clara County Super. Ct.), which resulted in a groundbreaking settlement,

23   including Google's commitment to eliminate mandatory arbitration in cases alleging sexual

24   harassment and discrimination; the establishment of a Diversity, Equity, & Inclusion Council

25   including two members selected by Plaintiffs' counsel; and an agreement by Google to spend $310

26   million over ten years on workplace initiatives designed to eliminate sexual harassment and

27   discrimination and initiatives that support diversity, equity, and inclusion. *Id.* Bottini also served as

28

Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP,
and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK     12

1    co-lead counsel in *In re Snap, Inc. Securities Cases*, JCCP No. 4960 (Los Angeles County Super.

2    Ct.), in which the Court has granted preliminary approval of a settlement providing a $32.8 million

3    recovery for shareholders who bought stock in Snap's IPO. *Id.*

4        Albert Chang, a partner at Bottini, has extensive experience representing consumers in

5    complex class actions premised on privacy violations. He was appointed to the Plaintiffs' Steering

6    Committee in *In re Tiktok, Inc., Consumer Privacy Litigation,* selected by Judge John Z. Lee from

7    among dozens of firms and attorneys vying for lead positions through motions and applications

8    filed in in both the Northern District of California and the Northern District of Illinois. Bottini Decl.

9    ¶ 2. Chang also represents nonusers of Facebook in a putative class action in the Northern District

10   of California, alleging violations of the Biometric Information Privacy Act (BIPA). *Id.*; *Zellmer v.*

11   *Facebook, Inc.*, No. 18-cv-01880-JD (N.D. Cal.); *Gullen v. Facebook, Inc.*, No. 16-cv-0937-JD

12   (N.D. Cal.). In that litigation, Chang and other attorneys at Bottini have litigated cutting-edge,

13   complex issues. *Id.* Together with attorneys at CPM, Chang also prosecuted a shareholder

14   derivative action arising from Yahoo!'s user data breaches, *In re Yahoo! Inc. Shareholder Litig.*,

15   Lead Case No. 17-CV-307054 (Santa Clara County Super. Ct.), resulting in a cash payment of $29

16   million—the largest recovery ever in a shareholder derivative action involving a data breach. *Id.*

17       **D.    Commitment of Substantial Resources (Rule 23(g)(1)(A)(iv))**

18       This litigation asserts federal and state statutory claims, and numerous common law claims

19   arising under California law. More importantly, the putative class consists of millions of Google

20   users throughout the United States. An action of this magnitude "justifies the pooling of resources

21   and experience." *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, No. 12-2358-SLR,

22   2012 WL 5833604, at *1 (D. Del. Nov. 16, 2012) (citing *In re Exford Health Plans, Inc. Sec. Litig.*,

23   182 F.R.D. 42, 46 (S.D.N.Y. 1998)); *Outten v. Wilmington Trust Corp.*, 281 F.R.D. 193, 199 (D.

24   Del. 2012); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. M 02–1486 PJH,

25   2006 WL 1530166, at *11 (N.D. Cal. June 5, 2006)); *see also Lowery v. Spotify USA Inc.*, No. CV

26   15-09929-BRO-RAO, 2016 WL 6818756, at *5 (C.D. Cal. May 23, 2016) (noting the Court "must

27   appoint the applicant best able to represent the interests of the class") (citation omitted).

28

Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP,
and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK                           13

CPM and Bottini have the resources and experience to litigate complex cases of this magnitude and, as history demonstrates, are committed to expending the time, energy, and financial resources necessary to lead this type of litigation until the end. As described *supra*, CPM has achieved meaningful and substantial results in large, complex cases. To obtain such outcomes necessarily required CPM to invest considerable time and money—a prospect that has never posed an obstacle to CPM's vigorous representation. CPM will not hesitate to take a complex case to trial, as it has demonstrated throughout its history. For example, in *Massoyan v. HL Leasing, Inc.*, No. 09-CECG 01839 (Fresno County Super. Ct.), unable to obtain an acceptable settlement offer for the class, CPM tried a Ponzi scheme case to a jury and received a verdict of $151.7 million. Additionally, CPM secured a ground-breaking $1.15 billion judgment against the lead paint industry after a two-month trial. *See Lead Paint*, No. 1-00-CV-788657 (Santa Clara County Super. Ct.). The *Lead Paint* verdict was the result of 13 years of hard-fought litigation, including multiple trips to the California Court of Appeal and the Supreme Court of California, and stands as the only successful trial against the lead paint industry for creating a public nuisance threatening the health and well-being of children. *See County of Santa Clara v. Atlantic Richfield*, 50 Cal.4th 35 (2010); *County of Santa Clara v. Atlantic Richfield*, 161 Cal.App.4th 1140 (2008); *County of Santa Clara v. Atlantic Richfield*, 137 Cal.App.4th 292 (2006).

Furthermore, CPM has sufficient attorneys and other professionals to staff this case, and has successfully managed complex, resource-intensive cases in the past. CPM's attorneys and paralegal resources will ensure that the case will be staffed appropriately and efficiently so that senior attorney are not performing junior attorney work, junior attorneys will work at their level and will not spend more time than necessary on a task, and no attorney will perform paralegal work. In successfully prosecuting class actions, CPM routinely advances the costs of the litigation and has demonstrated an ability and willingness to dedicate its substantial resources to vigorously prosecute the claims of putative class members. As reflected by the extensive time it has already committed to this case, CPM is prepared to continue to commit the resources necessary to effectively and

1  vigorously prosecute this case to a successful conclusion. CPM does not use litigation funders for

2  any of its cases.

3       Bottini will also dedicate all the resources necessary to finance a case of this magnitude.

4  Indeed, having been responsible for achieving some of the largest recoveries in some of the most

5  complex, high-profile class actions, Bottini understands what is required to undertake a litigation

6  of this size and will commit whatever resources are necessary to achieve a favorable result for the

7  class.

8       CPM and Bottini believe this case require strong leadership and that, at minimum, a two-

9  firm Co-Lead Counsel structure should be implemented, along with a very active and experienced

10  Executive Committee. The firms expect that document production, as with most cases of this size

11  and complexity, will be substantial and voluminous and will require a document coding and review

12  protocol to be deployed with assistance from attorneys at their firms. The litigation in this case is

13  likely to be hard-fought and labor-intensive, necessitating significant and complex motion practice,

14  class certification proceedings, and potential settlement negotiations and appeals. Having the

15  support of an Executive Committee with offices throughout the United States will ensure work is

16  performed in a timely manner by capable and experienced professionals to achieve the best results

17  for the putative class. There are excellent law firms that have filed their own cases in these

18  coordinated actions and a committee of experienced lawyers would be useful for effectively and

19  efficiently prosecuting this case against Google.

20       **E.    CPM–Bottini Team Mitigates Potential Conflicts of Interest (Rule 23(g)(1)(B))**

21       Under Rule 23(g)(1)(B), the court may address "[a]ny other matter pertinent to counsel's

22  ability to fairly and adequately represent the interests of the class." The potential for conflict is a

23  consideration the Court must make in appointing counsel under Rule 23(g)(1)(B). In the class action

24  context, courts have held that where there is a concurrent representation and there is an issue of a

25  potential conflict between "members of different classes in different cases," the court should

26  consider if such concurrent representation "seriously threaten[s] the policy considerations underly

27  the duty of loyalty," such that a client has a "right to be represented by counsel whose interests are

28

Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP,    15
and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK

1    not encumbered." *Walker v. Apple, Inc.*, 4 Cal.App.5th 1098, 1110–11 (2016) (distinguishing

2    *Radcliffe v. Hernandez*, 818 F.3d 537 (9th Cir. 2016)).[3] Further, the Court has an obligation to

3    scrutinize the qualifications of counsel to assure that all interests, including those of as yet unnamed

4    plaintiffs, are adequately represented. *See Cal-Pak Delivery, Inc. v. United Parcel Serv.*, 52

5    Cal.App.4th 1, 11–12, 60 Cal.Rptr.2d 207 (1997). *Moreno v. Autozone, Inc.*, No. C05-04432 MJJ,

6    2007 WL 4287517, at *7 (N.D. Cal. Dec. 6, 2007). "[I]n a class action context, disqualification is

7    more likely because putative class counsel are subject to a 'heightened standard' which they must

8    meet if they are to be allowed by the Court to represent absent class members." *Huston v. Imperial*

9    *Credit Commercial Mortgage Inv. Corp.,* 179 F.Supp.2d 1157, 1167 (C.D. Cal. 2001)

10       In *Moreno v. Autozone, Inc.*, for example, a defendant moved to disqualify plaintiffs' class

11   action counsel on the basis of conflict of interest. 2007 WL 4287517, at *3 (N.D. Cal. Dec. 6, 2007).

12   Class counsel concurrently represented class members in two separate class action suits against the

13   same defendant. Members of the first class objected to and opposed settlement of their class action.

14   At the same time, members of the second class who were also members of the first suit endorsed

15   the settlement, and therefore had interests adverse to the objectors in the first suit. *Id.* at *5. In light

16   of the different positions on settlement of counsel's competing clients, the court found that the

17   defendant had standing to assert disqualification because of the concurrent representation "tend[ed]

18   to undermine the validity of these proceedings." *Id.* at *17. The court held that "[p]rosecuting claims

19   against the same defendant in different actions can create a conflict of interest for the attorneys,

20   placing a class at risk that its interests will be compromised for the benefit of parties in another

21

22

---

23   [3] In cases considering conflicts of interest in attorney representation, the Ninth Circuit refers to the local rules of the district to determine what standards govern an ethical violation. *See Rodriguez v.*

24   *W. Publ'g Corp. (Rodriguez I),* 563 F.3d 948, 967 (9th Cir. 2009) ("By virtue of the district court's local rules, California law controls whether an ethical violation occurred."); *Image Technical Serv.,*

25   *Inc. v. Eastman Kodak Co.,* 136 F.3d 1354, 1357 (9th Cir. 1998) (citing N.D. Cal. L.R. 110-3) ("[S]tandards of professional conduct in the Northern District are those of California Rules of

26   Professional Conduct."); *Paul E. Iacono Structural Eng'r, Inc. v. Humphrey*, 722 F.2d 435, 439

27   (9th Cir. 1983) ("In the absence of rules promulgated by higher authorities in the judicial system, the district courts are free to regulate the conduct of lawyers appearing before them.").

28

Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP,    16
and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK

action." *Id*. at *15. The court disqualified counsel from representing the putative class in the second action.

For reasons described in the Section III, *supra*, conflicts of interest are likely to arise if the consolidated *Hewitt-Delahunty-Toronto* action is led by the same lead counsel that are prosecuting *Calhoun*. Courts prevent such conflicts by requiring separate counsel for "sibling" classes.[4] Sibling class actions, such as *Calhoun* and *Hewitt-Delahunty-Toronto*, engender problems because "[e]ach class wants to be treated best by the class lawyer, receive the most attention from the class lawyer, and, ultimately, be the class on whose behalf the class lawyer recovers the most money." Stuhan & Costello, 21 GEO. J. LEGAL ETHICS at 1199. According to some scholars, however, "the class lawyer will always have a favorite, whether she admits it or not, and one class will be treated better than the others, whether it is obvious or not. The conflict may manifest itself in everything from negotiating the scheduling order to settling the case." *Id*.

Courts in various circuits have dealt with potential conflicts of interests impacting the adequacy of class counsel by imposing structural safeguards. Courts have addressed inter-class conflicts by disqualifying class counsel. *See e.g., Fiandaca v. Cunningham*, 827 F.2d 825 (1st Cir. 1987) (representation of two classes of plaintiffs against the same defendant materially limited counsel's representation of one of the classes within the meaning of the Rules of Professional Conduct, requiring counsel's disqualification); *Moore v. Margiotta*, 581 F. Supp. 649, 653 (E.D.N.Y. 1984) (disqualifying counsel who represented a class of taxpayer-residents and a class of insurance brokers against the same defendant because the dual representation was irreconcilable with the duty of loyalty); *Sullivan v. Chase Inv. Servs. of Boston, Inc.*, 79 F.R.D. 246, 258 (N.D. Cal. 1978) (analyzing adequacy of counsel under Rule 23 and requiring class counsel to withdraw

---

[4] Scholars define "sibling" classes as those with three essential characteristics: (1) each class action is brough on behalf of different putative classes, (2) each class action is brought against the same defendant, and (3) each class action is brought by the same attorney or firm. Richard G. Stuhan & Sean P. Costello, *Robbing Peter to Pay Paul: The Conflict of Interest Problem in Sibling Class Actions*, 21 GEO. J. LEGAL ETHICS 1195, 1198 (Fall 2008). Here, it is clear that the putative *Hewitt* class is a clear "sibling" of the *Calhoun* class. The proposed *Hewitt-Delahunty-Toronto* action is (1) brought on behalf of a different class than *Calhoun*, (2) is brought against the same defendant Google, and (3) is brought by essentially the same lead attorneys as *Calhoun*.

Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP, and Bottini & Bottini, Inc. as Interim Co-Lead Counsel; Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK

17

1   from another class action against the same defending alleging similar violations of law for the class

2   action before the court to proceed).

3          The circumstances in *In re Cardinal Health, Inc. ERISA Litigation*, 222 F.R.D. 552 (S.D.

4   Ohio 2005), are particularly instructive here. The conflict issue arose in the context of a contest

5   among various law firms and named plaintiff groups to be given leadership positions for the class.

6   *Id.* at 555–58. One of the firms was simultaneously representing another class of ERISA plaintiffs

7   against a company that had recently merged with Cardinal Health and, thus, the companies were

8   effectively the same. *Id.* at 556–57. A firm competing for the lead role challenged the other firm's

9   concurrent representation, asserting that it represented an irreconcilable conflict of interest. The

10  court agreed. *Id.* at 557–58.

11         Here, any potential conflict can be mitigated by appointment of the CPM–Bottini Team as

12  Co-Lead Counsel. Proposed lead counsel do not argue that *Calhoun* counsel should be disqualified.

13  *See e.g., White v. Experian Info. Sols.*, 993 F. Supp. 2d 1154, 1164 (C.D. Cal. 2014), *as*

14  *amended* (May 1, 2014), *aff'd sub nom. Radcliffe v. Hernandez*, 818 F.3d 537 (9th Cir. 2016)

15  ("[T]raditional rules of professional conduct cannot be applied mechanically in the realm of class

16  actions."). Rather, the *Delahunty* and *Toronto* plaintiffs submit that leadership in *Hewitt-Delahunty-*

17  *Toronto* should not be the same as leadership in *Calhoun* and that it would be in the best interests

18  of a consolidated *Hewitt-Delahunty-Toronto* action for CPM–Bottini to serve in that role.

19  **VI.    <u>CONCLUSION</u>**

20         For the foregoing reasons, the Court should consolidate the *Delahunty*, *Toronto*, and *Hewitt*

21  actions and appoint CPM and Bottini as Interim Co-Lead Counsel.

22

23

24

25

26

27

28

Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP,
and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK                    18

Respectfully submitted,

Dated: June 22, 2021

**COTCHETT, PITRE & MCCARTHY, LLP**

*/s/ Brian Danitz*
NANCI E. NISHIMURA (SBN 152621)
nnishimura@cpmlegal.com
BRIAN DANITZ (SBN 247403)
bdanitz@cpmlegal.com
KARIN B. SWOPE (Pro Hac Vice)
kswope@cpmlegal.com
BETHANY M. HILL (SBN 326358)
bhill@cpmlegal.com
NOORJAHAN RAHMAN (SBN 330572)
nrahman@cpmlegal.com

**KNOX RICKSEN LLP**
MAISIE C. SOKOLOVE (SBN 239665)
mcs@knoxricksen.com
THOMAS E. FRAYSSE (SBN 104436)
tef@knoxricksen.com
ITAK K. MORADI (SBN 310537)
ikm@knoxricksen.com
2033 N. Main St., Suite 340
Walnut Creek, CA 94596
Telephone: (925) 433-2500
Fax: (925) 433-2505

*Counsel for Plaintiffs Meaghan Delahunty,*
*Meghan Cornelius, and John Kevranian*

**BOTTINI & BOTTINI, INC.**

*/s/ Francis A. Bottini Jr.*
FRANCIS A. BOTTINI JR. (SBN 175783)
fbottini@bottinilaw.com
ANNE B. BESTE (SBN 326881)
absete@bottinilaw.com
ALBERT Y. CHANG (SBN 296065)
achange@bottinilaw.com
YURY A. KOLESNIKOV (SBN 271173)
ykolesnikov@bottinilaw.com

*Counsel for Plaintiff Salvatore Toronto*

Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP,
and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK

19

1

**ATTESTATION OF E-FILED SIGNATURE**

2      Pursuant to Local Rule 5-1(i)(3), I, Brian Danitz, attest that the other signatories listed,

3  and on whose behalf this filing is submitted, concur in the filing content and have authorized this

4  filing.

5                                             _/s/ Brian Danitz_

6                                             BRIAN DANITZ

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP,
and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK

20