1   NANCI E. NISHIMURA (SBN 152621)          FRANCIS A. BOTTINI JR. (SBN 175783)
    nnishimura@cpmlegal.com                  fbottini@bottinilaw.com
2   BRIAN DANITZ (SBN 247403)                ANNE B. BESTE (SBN 326881)
    bdanitz@cpmlegal.com                     absete@bottinilaw.com
3   KARIN B. SWOPE (Pro Hac Vice)            ALBERT Y. CHANG (SBN 296065)
    kswope@cpmlegal.com                      achange@bottinilaw.com
4   NOORJAHAN RAHMAN (SBN 330572)            YURY A. KOLESNIKOV (SBN 271173)
    nrahman@cpmlegal.com                     ykolesnikov@bottinilaw.com
5   BETHANY M. HILL (SBN 326358)             **BOTTINI & BOTTINI, INC.**
6   bhill@cpmlegal.com                       7817 Ivanhoe Avenue, Suite 102
    **COTCHETT, PITRE & MCCARTHY, LLP**      La Jolla, California 92037
7   San Francisco Airport Office Center      Telephone: (858) 914-2001
8   840 Malcolm Road, Suite 200              Fax: (858) 914-2002
    Burlingame, CA 94010
9   Telephone: (650) 697-6000                *Counsel for Plaintiff Salvatore Toronto*
    Fax: (650) 697-0577
10

11  *Counsel for Plaintiffs Meaghan Delahunty,*
    *Meghan Cornelius, and John Kevranian*

12

### UNITED STATES DISTRICT COURT

13

### NORTHERN DISTRICT OF CALIFORNIA

14

### SAN JOSE DIVISION

15

16  **BENJAMIN HEWITT** and                   **Case No. 5:21-cv-02155-LHK**
    **KIMBERLEY WOODRUFF**, on behalf
17  of themselves and all others similarly     **CLASS ACTION**
    situated,
18                                             **DECLARATION OF BRIAN DANITZ IN**
                                               **SUPPORT OF JOINT MOTION TO**
19              Plaintiffs,                    **CONSOLIDATE AND TO APPOINT**
        v.                                     **COTCHETT, PITRE & MCCARTHY, LLP,**
20                                             **AND BOTTINI & BOTTINI, INC. AS**
    **GOOGLE LLC**,                            **INTERIM CO-LEAD COUNSEL**
21
                Defendant.
22                                             Hearing Date:   November 3, 2021
                                               Hearing Time:   1:30 p.m.
23                                             Judge:          Hon. Lucy H. Koh
                                               Courtroom:      Courtroom 8 – 4th Floor
24

25

26

27

28

---

Declaration of Brian Danitz ISO Joint Motion to Consolidate and to Appoint
Cotchett, Pitre & McCarthy, LLP, and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK

| | |
|---|---|
| **This case relates to:**<br><br>**MEAGHAN DELAHUNTY**,<br>**MEGHAN CORNELIUS**, and<br>**JOHN KEVRANIAN**, on behalf of<br>themselves and all others similarly<br>situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>**GOOGLE LLC**,<br><br>            Defendant. | **Case No. 5:21-cv-03360-LHK** |
| **This case relates to:**<br><br>**SALVATORE TORONTO**, on behalf of<br>himself and all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>**GOOGLE LLC**,<br><br>            Defendant. | **Case No. 5:21-cv-03725-LHK** |

Declaration of Brian Danitz ISO Joint Motion to Consolidate and to Appoint
Cotchett, Pitre & McCarthy, LLP, and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK

I, **BRIAN DANITZ**, declare as follows:

I am a partner with the law firm Cotchett, Pitre & McCarthy, LLP, counsel for plaintiffs Meaghan Delahunty, Meghan Cornelius, and John Kevranian in *Delahunty, et al. v. Google LLC,* Case No. 5:21-cv-03360-LHK ("*Delahunty*"). I submit this declaration in support of the Joint Motion to Consolidate *Delahunty* and *Toronto v. Google LLC,* Case No. 5:21-cv-3725-LHK ("*Toronto*") with *Hewitt, et al. v. Google LLC,* Case No. 5:21-cv-02155-LHK ("*Hewitt*"), and to Appoint Cotchett, Pitre & McCarthy, LLP ("CPM"), and Bottini & Bottini, Inc. ("Bottini") as Interim Co-Lead Counsel. If called as a witness, I could and would testify competently to the matters stated herein.

1.      Counsel for *Delahunty* and *Toronto* have spent time and effort working with counsel for the *Hewitt* plaintiffs and counsel for Google, and consensus has formed that the *Delahunty*, *Toronto*, and *Hewitt* cases should be related. All parties in the three actions, including Google, have agreed that the Court should relate the cases due to the commonality of the facts and legal theories alleged. The *Hewitt*, *Delahunty*, and *Toronto* plaintiffs have further reached consensus that the cases should be consolidated pursuant to Fed. R. Civ. P. 42(a).

2.      The *Hewitt, Delahunty*, and *Toronto* plaintiffs further agree that their cases should not be consolidated with the *Calhoun* case.

3.      Proposed class counsel have been investigating Google's conduct since 2018. Google's conduct became the subject of CPM's scrutiny starting with Google CEO Sundar Pichai's testimony before Congress on December 11, 2018, where he represented on behalf of Google that "[w]e do not and would never sell user data." Over the course of several months, CPM attorneys reviewed Google's SEC filings and privacy policies and built a dossier of the company's statements concerning privacy, including Mr. Pichai's public writings extolling the value of consumer choice concerning data, and asserting that Google allows consumers to decide how their information is used. In September 2019, Google's privacy violations drew the attention of the Federal Trade Commission and the New York Attorney General, resulting in a $170 million settlement related to the YouTube video sharing service illegally collecting personal information from children without

Declaration of Brian Danitz ISO Joint Motion to Consolidate and to Appoint
Cotchett, Pitre & McCarthy, LLP, and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK                    1

their parents' consent. Then in June 2020, France's highest administrative court upheld a €50 million fine against Google for its failure to provide clear notice and obtain users' valid consent to process their personal data for ad personalization purposes. CPM closely followed the July 2020 Congressional inquiry of Google and other leading tech companies, its implications for consumer data privacy, and events surrounding the letter from members of Congress urging the FTC to investigate widespread privacy violations. In January 2021, the United Kingdom Information Commissioner's Office announced it was resuming its investigation into RTB. In January 2021, after U.S. Senators sent letters to Google and other tech companies flagging the national security and privacy risks posed by the "siphoning off and storing of 'bidstream data'" by numerous auction participants, the CPM team felt confident there was sufficient evidence of unlawful conduct to file the *Delahunty* complaint. Based on these and other reports, counsel undertook an extensive analysis of the relevant law and facts, including Google's Terms of Service and Privacy Policy, that ultimately appeared in the *Delahunty* and *Toronto* complaints. CPM has further engaged in discussions with certain state Attorneys General about potentially joining in this action.

4.      CPM has also made significant efforts to ensure the efficient coordination of these proceedings, including participating in calls with counsel in *Hewitt* and counsel for Google to address scheduling and administrative motions, including the administrative motion to relate *Delahunty* with *Hewitt*, and Google's stipulation to extend time to answer or respond to the *Delahunty* complaint. While plaintiffs' counsel were unable to agree regarding the appropriate structure for this case, CPM and Bottini have worked with *Hewitt* counsel in previous cases and, if appointed as Co-Lead, will work with *Hewitt* counsel to efficiently litigate this case.

**CPM's Vast Experience in Consumer Protection Litigation**

5.      The proposed interim co-lead counsel, CPM and Bottini, have decades of litigation experience and have served as lead or co-lead counsel in scores of class and complex litigation actions, both in this District as well as throughout the country. Their qualification to lead this case is amply demonstrated by their firm résumés. These firm résumés demonstrate that CPM and Bottini & Bottini have excellent credentials and the requisite experience to serve as interim co-lead counsel

Declaration of Brian Danitz ISO Joint Motion to Consolidate and to Appoint
Cotchett, Pitre & McCarthy, LLP, and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK          2

for the proposed class. Both firms have many years of experiences as class action and multidistrict litigation counsel, including in cases involving similar consumer protection issues, and their background and knowledge in this area will be invaluable.

6.    Based on the San Francisco Peninsula for over half a century, CPM engages exclusively in litigation and trials. The firm's dedication to prosecuting or defending socially just actions has earned it a national reputation. With offices in Burlingame, Los Angeles, and New York, the core of the firm is its people and their dedication to principles of law, work ethic, and commitment to justice. CPM is universally recognized as one of the foremost trial firms and strategists in the country. CPM has been repeatedly named to the National Law Journal's list of top plaintiff litigation firms in the United States, and the National Law Journal named CPM to its inaugural list of Elite Trial Lawyers. The Daily Journal, California's leading legal publication, has also named CPM as one of the top law firms in Northern California that have extensive actual trial experience in complex cases. CPM has served as lead or co-lead counsel in numerous class action and complex cases in federal and California state courts. The firm possesses extensive experience in cases based on consumer protection and unfair competition statutes, product defects, mass torts, privacy and data breaches, and antitrust and securities matters, among other practice areas. CPM also has the resources necessary to vigorously prosecute complex actions and to protect the interests of the class members and, importantly, has proven trial experience. CPM has been acknowledged by courts and counsel for trying complex cases efficiently and effectively to courts and juries. CPM has served in a leadership capacity in many of the largest and most complex consumer class action cases in the country. CPM has obtained billions of dollars in recoveries for the classes it has represented. For instance, as co-lead counsel, CPM secured a settlement that provides for a non-reversionary minimum class settlement amount of $310 million, with a maximum class settlement amount of $500 million in *In re Apple Inc. Device Performance Litigation*, No. 5:18-md-02827-EJD (N.D. Cal.). The claims at issue in that nationwide class action included violation of California and federal computer intrusion statutes, and extensive technical issues raised in the pleading, discovery, and damages phases of the case. In addition to arguing major motions, including motions

Declaration of Brian Danitz ISO Joint Motion to Consolidate and to Appoint
Cotchett, Pitre & McCarthy, LLP, and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK

3

to dismiss, CPM led discovery efforts involving the review of millions of documents and depositions of Apple employees and proposed class representatives. After two years of intense litigation, Apple agreed to a historic payment of up to $500 million.

7.      CPM served as co-lead counsel in *In re Yahoo! Inc. Shareholder Litigation*, No. 17-CV-307054 (Santa Clara County Super. Ct.), a derivative action involving novel issues and reportedly resulting in the first derivative recovery based on a data breach. Yahoo! disclosed two of the largest data breaches in history, impacting 500 million and one billion of its users, respectively. As co-lead counsel of the Yahoo! derivative litigation, CPM additionally sought injunctive relief relating to Yahoo!'s proposed merger with Verizon and its inadequate disclosure of the breaches in proxy materials. CPM won permission to take expedited discovery and deposed Yahoo!'s Chief Information Security Officer. Citing the evidence uncovered, the Santa Clara County Superior Court ultimately required Yahoo! to amend its proxy materials and, shortly thereafter, CPM negotiated a $29 million derivative settlement and established law that will have important implications for future data-breach related litigation.

8.      CPM secured a combined $219 million in *In re Medical Capital Securities Litigation*, No. SA CV 09-1048-DOC-RNB (C.D. Cal.), one of the largest recoveries against indenture trustees in U.S. history and the largest Ponzi scheme recovery in California history. CPM also secured a $77 million settlement as lead counsel in *In re Static Random Access Memory (SRAM) Antitrust Litigation*, No. 4:07-md-01819-CW (N.D. Cal.). In *In re Bextra and Celebrex Marketing Sales Practices and Product Liability Litigation*, No. MDL-1699 (N.D. Cal.), CPM, as co-lead trial counsel, secured $894 million to settle the consolidated injury and class action cases against Pfizer. As co-lead counsel for the end-payor plaintiffs in *In re Automotive Parts Antitrust Litigation*, Case No. 2:12-md-02311-SFC (E.D. Mich.), CPM helped recover over $1.2 billion.

9.      CPM currently serves as co-lead counsel in *In re Zoom Video Communications, Inc. Privacy Litig.*, No. 5:20-cv-02155-LHK, which asserts claims against Zoom for misrepresentations and violations of its customers' security and privacy. And CPM also serves as interim co-lead counsel in *Yick v. Bank of America, N.A.*, No. 3:21-cv-00376-VC, which asserts claims on behalf

Declaration of Brian Danitz ISO Joint Motion to Consolidate and to Appoint
Cotchett, Pitre & McCarthy, LLP, and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK

4

of California EDD debit cardholders, including claims for violations of the California Consumer Privacy Act, and recently obtained a preliminary injunction and provisional class certification in that case.

10.    CPM's extensive background is further detailed at its website, www.cpmlegal.com and in the firm's resume. A true and correct copy of Cotchett, Pitre & McCarthy, LLP's firm résumé is attached hereto as **Exhibit 1**.

11.    CPM's efforts in this case will be led by partners Nanci Nishimura, Brian Danitz, and Karin Swope, and associates Noorjahan Rahman, Bethany Hill, and Andrew Kirtley, as well as the firm's extensive support staff.

12.    CPM Partner Nanci Nishimura leads the firm's complex individual actions focusing on antitrust and business litigation. She represents dozens of cities, counties, and other public entities in large and complex individual actions coordinated with class actions in courts across the country, as well as mediations, arbitrations, and community-based pro bono work. For example, she was recently appointed to the Steering Committee in *In re Google Play Consumer Antitrust Litigation,* No. 3:20-cv-05761-JG (N.D. Cal.), alleging that Google engages in an array of anticompetitive conduct to maintain a monopoly in the Android app distribution market and the Android app payment processing market. She is the lead attorney for the Individual Plaintiffs consolidated with class actions in the multidistrict litigation *In re LIBOR Antitrust Litigation*, Case No. 17-2413, Master File No. 1:11-md-02262-NRB, representing more than a dozen public entities, including the San Diego Association of Governments, The Regents of the University of California, East Bay Municipal Utilities District, County of Sacramento. The complaints allege that more than a dozen of the world's financial institutions reported their daily interbank borrowing rates, which are used to set the global benchmark interest rates known as the London Interbank Offered Rate (LIBOR), to the British Bankers Association, which manipulated their reported borrowing rates to benefit their profits and credit ratings, and to the detriment of transactions worldwide with interest rates set to LIBOR, from consumer loans to complex municipal investment instruments. Nishimura was the lead attorney for 26 California public entities, including the City of Los Angeles, Los

Declaration of Brian Danitz ISO Joint Motion to Consolidate and to Appoint
Cotchett, Pitre & McCarthy, LLP, and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK

5

Angeles World Airports, and the City and County of San Francisco, in individual coordinated actions in *Ambac Bond Insurance Litigation*, No. CJC-08-004555 (JCCP 4555) (San Francisco County Super. Ct.). The complaints there brought claims based on antitrust violations by seven bond insurance companies and for maintaining an unfair dual credit rating system with three credit rating agencies, which required municipalities to pay exorbitant premiums to insure bonds issued to raise money for public projects. The case recently settled for $18 million. She was the lead attorney in individual actions filed on behalf of twenty California public entities and consolidated for pretrial purposes in the multidistrict litigation *In re Municipal Derivatives Antitrust Litigation*, No. 1:08-md-01950-VM-GWG (S.D.N.Y.). Plaintiffs included the City of Los Angeles, City of Stockton, East Bay Municipal Utilities District, Sacramento Municipal Utilities District, San Mateo County, in complaints alleging antitrust violations by more than three dozen financial institutions, insurance companies, and brokers to rig the bidding process for municipal derivative transactions used by public entities to invest unused bond proceeds. Plaintiffs recovered more than $10 million. Nishimura was also one of the lead attorneys in *Anthony P. Miele III v. Franklin Resources, Inc.*, 3:15-cv-00199-LB, a major case in which she defended Franklin Resources, one of the world's largest mutual funds. The complaint alleged that in 1974, when plaintiff's father died, he held 4,000 Franklin shares in trust for plaintiff who was then three years old. After years of contentious litigation involving discovery and depositions across the country, CPM's client prevailed on summary judgment, which was affirmed by the Ninth Circuit, and plaintiff's Petition for Certiorari was denied by the U.S. Supreme Court.

13.    As a CPM partner, Brian Danitz has served as plaintiffs' counsel in numerous consumer and securities class actions in the country, primarily in California state and federal courts, and most recently as Interim Co-Lead Counsel in *Yick v. Bank of America, N.A.*, Case No. 3:21-cv-00376-VC (N.D. Cal.), which asserts claims on behalf of California EDD debit cardholders, including claims for violations of the California Consumer Privacy Act. The district court recently granted plaintiffs' motion for preliminary injunction and provisional class certification in that case. Danitz is also Co-Lead Counsel in *In re Slack Technologies Shareholder Litigation,* No.

Declaration of Brian Danitz ISO Joint Motion to Consolidate and to Appoint
Cotchett, Pitre & McCarthy, LLP, and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK

6

19CIV05370 (San Mateo County Super. Ct.), representing tens of thousands of investors who bought stock in the initial public offering of Slack, alleging that that the registration statement and prospectus contained misleading information about the company's condition. Danitz also was an attorney for Lead Counsel in *In re Apple Inc. Device Performance Litigation*, No. 18-md-02827-EJD, MDL No. 1699 (N.D. Cal.), representing millions of consumer cell phone owners whose phones were throttled by Apple. The District Court granted final approval of the class settlement of $310 million to $500 million and entered judgment in March 2021. Other cases include shareholder derivative suits (*e.g.*, *Tribble v. Gerrans*, No. CIV1803695 (Marin County Super. Ct.)) and suits brought on behalf of the victims of Ponzi schemes (*Koo v. Happe,* No. 19CIV00270925 (Sacramento County Super. Ct.)). Danitz's pro-bono activities range from prosecuting cases on behalf elder abuse victims (*Hatch v. Kantz*, No. 18CIV537546 (San Mateo County Super. Ct.)) to representing municipalities in cases challenging the constitutionality of government actions (*City of San Jose v. Trump*, No. 17-cv-05329-WHA (N.D. Cal.); *City of Richmond v. Trump*, No. 17-cv-01535-WHO (N.D. Cal.)). Prior to joining CPM, Danitz litigated numerous class actions and derivative cases as an attorney at Wilson Sonsini Goodrich & Rosati in Palo Alto, including *Bien v. Lifelock Inc*., No. CV-14-00416-PHX-SRB (D. Ariz.); *Zucker v. Andreessen*, No. 6014-VCP (Del. Ch.); *Mogensen v. Body Cent. Corp*., No. 3:12-cv-954-J-20-JRK (M.D. Fla.); *In re HP Sec. Litig*., No. 3:12-cv-05980-CRB (N.D. Cal.); *In re HP ERISA Litig*., No. C-12-6199-CRB (N.D. Cal.); *In re Hewlett-Packard Co. Sec. Litig*., No. 11-1404-AG-RNB (C.D. Cal.); *In re HP Derivative Litig*., 5:10-cv-3608-EJD (N.D. Cal.); *In re Taleo Corp. Sec. Litig*., No. C 09-00151-JSW (N.D. Cal.); *City of Roseville Employees' Ret. Sys. v. Sterling Fin. Corp*., No. 2:09-cv-00368-SAB (E.D. Wash.); and *Pfeifer v. Himax Techs., Inc*., No. CV 07-05468-DDP-AGR (C.D. Cal.). Danitz is active in the legal community, serving on the California State Bar Judicial Nominees Evaluation Commission and volunteering in local bar activities such as mock trial competition for high school students.

14.    CPM Partner Karin Swope has served as lead counsel and on steering committees in national consumer, privacy, and pension fraud class actions. Swope has particular expertise in

Declaration of Brian Danitz ISO Joint Motion to Consolidate and to Appoint
Cotchett, Pitre & McCarthy, LLP, and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK

7

e-discovery and intellectual property, having been appointed as the ESI and Offensive Discovery Co-Coordinator in the *In re Apple Inc. Device Performance Litigation*, No. 5:18-md-02827-EJD (N.D. Cal.). Swope has also served as an attorney for Lead Counsel on major cases against Intellius, Wells Fargo, Facebook, and Washington Mutual. Swope is active in community affairs, currently serving as an adjunct professor at Seattle University School of Law where she teaches the Intellectual Property Art Law Clinic and is President of the Intellectual Property Section of the Washington State Bar Association. She has also taught numerous CLEs on e-discovery and intellectual property.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 22nd day of June 2021 at Burlingame, California.

*/s/ Brian Danitz*
BRIAN DANITZ

Declaration of Brian Danitz ISO Joint Motion to Consolidate and to Appoint
Cotchett, Pitre & McCarthy, LLP, and Bottini & Bottini, Inc. as Interim Co-Lead Counsel;
Case Nos. 5:21-cv-02155-LHK; 5:21-cv-03360-LHK; 5:21-cv-03725-LHK                          8