| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP**<br>Lesley E. Weaver (Cal. Bar No.191305)<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>lweaver@bfalaw.com<br><br>**SIMMONS HANLY CONROY LLC**<br>Jason 'Jay' Barnes (admitted *pro hac vice*)<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Tel.: (212) 784-6400<br>Fax: (212) 213-5949<br>jaybarnes@simmonsfirm.com<br><br>**PRITZKER LEVINE LLP**<br>Elizabeth C. Pritzker (Cal. Bar. No. 146267)<br>1900 Powell Street, Suite 450<br>Emeryville, CA 94608<br>Tel.: (415) 692-0772<br>Fax: (415) 366-6110<br>ecp@pritzkerlevine.com<br><br>**DICELLO LEVITT GUTZLER LLC**<br>David A. Straite (admitted *pro hac vice*)<br>One Grand Central Place<br>60 East 42nd Street, Suite 2400<br>New York, New York 10165<br>Tel.: (646) 933-1000<br>dstraite@dicellolevitt.com<br><br>*Counsel for Plaintiffs*<br>*Additional counsel listed on signature page* | **COOLEY LLP**<br>MICHAEL G. RHODES (SBN 116127)<br>(rhodesmg@cooley.com)<br>JEFFREY M. GUTKIN (SBN 216083)<br>(jgutkin@cooley.com)<br>DANIELLE C. PIERRE (SBN 300567)<br>(dpierre@cooley.com)<br>KELSEY R. SPECTOR (SBN 321488)<br>(kspector@cooley.com)<br>COLIN S. SCOTT (SBN 318555)<br>(cscott@cooley.com)<br>101 California Street, 5th Floor<br>San Francisco, CA 94111-5800<br>Tel: (415) 693-2000<br>Fax: (415) 693-2222<br><br>*Counsel for Defendant, Google LLC* |

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA -- SAN JOSE DIVISION**

| | |
|---|---|
| BENJAMIN HEWITT and KIMBERLEY WOODRUFF, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br>v.<br><br>GOOGLE LLC,<br><br>     Defendant. | CASE NO.: 5:21-CV-02155-LHK-SVK<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**<br><br>**CIVIL L.R. 16-9**<br>**FRCP 16 & 26(f)**<br><br>**Next CMC: June 30, 2021, 2 p.m.** |

Case No. 5:21-cv-2155-LHK-SVK
JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT

Plaintiffs Benjamin Hewitt and Kimberley Woodruff ("Plaintiffs") and Defendant Google LLC ("Google") (together, "Parties"), having met and conferred, hereby submit this Joint Case Management Conference Statement, by and through their respective counsel of record, pursuant to Civil Local Rule 16-9 and the November 1, 2018 Standing Order for All Judges of the Northern District of California, retaining the paragraph numbering used therein. The Parties also held an initial Fed. R. Civ. P. 26(f) videoconference on May 4, 2021 and several supplemental conferences thereafter and this Case Management Statement is further intended to function as a joint Rule 26(f) Report. Accompanying this Statement is a joint proposed Case Management Order and Initial Discovery Plan pursuant to Civil Local Rule 16-10(b) and Fed. R. Civ. P. 26(f)(3).

**1.   JURISDICTION AND SERVICE**

The Court has subject matter jurisdiction over this action pursuant to the Electronic Communications Privacy Act, 18 U.S.C. § 2511; the Stored Communications Act, 18 U.S.C. § 2702; the Video Privacy Protection Act, 18 U.S.C. § 2710; and pursuant to 28 USC §§ 1331, 1332(d), and 1367. The Parties agree there are no disputes as to personal jurisdiction or venue. Plaintiffs served Google with the Complaint in this matter on April 2, 2021. *See* Dkt No. 10.

**2.   FACTS**

   a.   <u>Plaintiffs' Summary of their Allegations:</u>

Plaintiffs filed their complaint on March 26, 2021. Dkt No. 1. The putative class includes all Google account holders whose personal information is improperly sold and disseminated by Google to thousands of companies through Google's proprietary advertising auction process effectuated through real-time bidding ("RTB") auctions (the "Google RTB") in violation of California and federal law, and Google's explicit contractual promises. Google promises its account holders that (1) "Google will never sell any personal information to third parties;" (2) "you get to decide how your information is used;" (3) "We don't share information that personally identifies you with advertisers;" (4) and that it will not use certain sensitive information—like race, religion, sexual orientation, or health—for advertising purposes. Google breaks these promises every day. Complaint ¶¶ 1-4, 11.

Google runs the world's largest RTB auction, through which Google solicits participants to bid on sending an ad to a specific individual. Google provides auction participants with a Bid Request, which includes data that identifies the individual person being targeted through unique identifiers, device identifiers, IP addresses, and other information ("Bidstream Data"). Auction participants receive Bidstream Data whether or not they win the auction to send an ad. *Id*. ¶ 6-7.

Google is a consumer data powerhouse. Through its suite of services, including the world's largest search engine (Google.com), web-browser (Chrome), email service (Gmail), Internet video service (YouTube), mobile phone operating system (Android), and many others, *id*. ¶ 9, Google observes, collects, and analyses real-time information about every user engaging on these platforms, which in-turn, feeds the Bidstream Data Google sells through Google RTB. Contrary to Google's promises, Bidstream Data is not anonymized. *Id*. ¶ 14.

With substantial expert assistance, Plaintiffs investigated and identified the scope of Google's dissemination of Bidstream Data including discovering the identity of more than 200 different advertisers to whom Google discloses Account Holder PII through the RTB auction, including Amazon, Facebook, Twitter, Taboola, Wayfair, Yahoo and eBay. *Id*. ¶ 161.

Because of the ubiquity of Google's advertising services to businesses and its surveillance of users across its platforms, it is practically impossible for any American to use the internet without their personal information being subject to Google RTB. *Id*. ¶ 36. Plaintiffs' Complaint explains Google's promises to its account holders, details the functioning of Google's RTB system, describes the personal information Google sells and discloses as part of its RTB system, and explains how the disclosure of account holders' personally identifiable information, in violation of Google's promises to its account holders, is a serious invasion of privacy and is highly offensive. By selling and disclosing this PII in violation of its contract with account holders, Google has unjustly enriched itself at the expense of Plaintiffs and other Google account holders.

      b.  <u>Google's Position on Plaintiffs' Allegations:</u>

Google is a provider of advertising services on the Internet, including through its Real-Time Bidding protocol ("RTB"), which is an auction process that allows advertisers (or ad agencies or other ad vendors) to buy digital advertising space (also called "ad impressions") available on

websites (often called "publishers"). For example, when an ad impression becomes available on a publisher's website, advertisers using RTB receive information about the impression via a bid request. The advertiser analyzes the information and then responds with an ad creative and bid. The winning bidder's advertisement is then displayed to the websites' visitors nearly instantly.

Plaintiffs allege that, as part of RTB, Google, without authorization, sells or otherwise discloses to third-party companies that are participating in the RTB personal and sensitive information about Google account holders ("Account Holders,"), including their "browsing history" and "personally identifiable information." *See, e.g.*, Compl. ¶¶ 17, 145, 200. Not so.

In addition to this action, two other lawsuits asserting virtually the same allegations have recently been filed before this Court: *Delahunty v. Google LLC*, Case No. 5:21-cv-03360-LHK (N.D. Cal. May 5, 2021) ("*Delahunty*") and *Toronto v. Google LLC*, No. 5:21-cv-03725-LHK (N.D. Cal. May 18, 2021) ("*Toronto*"). To the best of Google's present knowledge, all parties in all three suits support consolidation of the two more recent actions with this action. *See* ECF Nos. 36, 40, 42, 43, 49, 55, and 57. At this early stage of the litigation, and given that Plaintiffs (or whoever is appointed as lead counsel in the consolidated action) may in the future, file a consolidated amended complaint, a detailed refutation of Plaintiffs' factual allegations would be premature.

As a general matter, however, Google denies that RTB operates in the manner alleged and denies that Google sells or otherwise shares Google Account Holder's personal or sensitive information with third parties utilizing RTB without users' consent. Google takes seriously its responsibility to protect the privacy of its users. Google further denies that it has violated any laws or that Plaintiffs are entitled to any relief whatsoever.

Google reserves all rights to identify additional factual disputes, including once Plaintiffs have filed any consolidated amended complaint.

3.   **LEGAL ISSUES**

   a.   Plaintiffs' Summary of the Claims:

Plaintiffs assert individual and class claims on behalf of all Google account holders whose personal information is sold and disseminated by Google through the "Google RTB." Google's contract with Plaintiffs and all putative class members contains a choice of law provision

designating California law on a nationwide basis. Plaintiffs assert California statutory, tort, and contract claims and federal statutory claims, as follows: breach of contract, breach of the implied covenant of good faith and fair dealing, violation of the California Unfair Competition law, Cal. Bus. & Prof. Code § 17200, *et seq.*, violation of the Article 1, § 1 of the California Constitution (invasion of privacy), intrusion upon seclusion, publication of private information, breach of confidence, violation of the California Invasion of Privacy Act, Cal. Penal Code §§ 630-638, violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511, violation of the Stored Communications Act, 18 U.S.C. § 2702, and violation of the Video Privacy Protection Act, 18 U.S.C. § 2710. Plaintiffs seek certification of a domestic class of all Google Account Holders who used the Internet on or after Google began using RTB in a manner that disclosed Account Holders' personal information. *See* Section 9, *infra*.

        b. <u>Google's Position on Plaintiffs' Claims</u>

At this stage, and given that Plaintiffs or other lead counsel may yet file a consolidated amended complaint, Google cannot know precisely what, if any, legal issues the Court will need to resolve in the course of this litigation. At the present time, and reserving all rights to assert any and all additional grounds, including once Plaintiffs file a consolidated amended complaint, Google states that the following legal issues may be at issue:

1. Whether Plaintiffs fail to state claims upon which relief may be granted;
2. Whether Plaintiffs lack standing to assert their claims;
3. Whether Google breached any term of the Parties' contract;
4. Whether Plaintiffs' implied covenant claim is impermissibly duplicative of their breach of contract claim;
5. Whether applicable statute of limitations preclude Plaintiffs' claims;
6. Whether Plaintiffs have suffered any injury or damages as a result of Google's alleged conduct;
7. Whether Google's defenses preclude any recovery by Plaintiffs; and
8. Whether class certification should be denied under Rule 23.

**4.     MOTIONS**

   a.  Prior Motions:

On April 1, 2021, Plaintiffs filed an administrative motion to consider whether the instant case ("*Hewitt*") should be related to, but not consolidated with, *Brown, et al. v. Google LLC*, No. 5:20-cv03664-LHK (N.D. Cal. June 2, 2020) ("*Brown*"), and *Calhoun, et al. v. Google LLC*, No. 5:20-cv-05146-LHK (N.D. Cal. July 27, 2020) ("*Calhoun*").  The court granted Plaintiffs' motion to relate the three actions on April 9, 2021. *See* Dkt. No. 11.

There have been six motions for admission *pro hac vice*, *see* Dkt Nos. 15, 18, 37, 39, 44, and 53, all of which have been granted. *See* Dkt. Nos. 17, 19, 38, 41, 45, 56.

   b.  Pending Motions:

On May 10, 2021, an administrative motion to consider whether *Delahunty* should be related to the instant case was filed by the *Delahunty* Plaintiffs.  *See* Dkt. No. 36.  On May 12, 2021, the *Hewitt* Plaintiffs filed their response to Dkt. No. 36, which did not oppose the motion to relate, asked that the Court consider consolidation of *Delahunty* and the instant case, and further moved for consideration of whether *Delahunty* should also be related to *Brown* and *Calhoun*.  *See* Dkt. No. 40. On May 14, 2021, Google filed its response to Dkt. No. 36, supporting the requested relation between *Delahunty* and the instant case, and further supporting the *Hewitt* Plaintiffs' request that the Court consolidate *Hewitt* and *Delahunty*.  *See* Dkt. No. 43.

On May 14, 2021, the *Hewitt* Plaintiffs filed an administrative motion to set an expedited briefing schedule on consolidation under Federal Rule of Civil Procedure 42(a) and appointment of interim class counsel under Rule 23(g).  *See* Dkt. No. 42.  The *Delahunty* Plaintiffs filed a response to Dkt. No. 42 on May 18, 2021, opposing the request for expedited briefing.  *See* Dkt. No. 48.

On May 26, 2021, an administrative motion to consider whether *Toronto* should be related to the instant case and to *Delahunty* was filed by the *Toronto* plaintiffs. *See* Dkt. No. 49.  On June 1, 2021, the *Hewitt* Plaintiffs filed their response to Dkt. No. 49, which reported to the Court that all parties to the *Hewitt*, *Delahunty*, and *Toronto* cases agree that relation and consolidation is appropriate.  *See* Dkt. No. 57.  The *Hewitt* Plaintiffs also proposed an expedited briefing schedule for appointment of interim lead counsel pursuant to Rule 23(g).  Also on June 1, 2021, Google filed

its response to Dkt. No. 49, supporting the requested relation between *Toronto*, *Delahunty* and the instant case, and supporting consolidation of *Hewitt*, *Delahunty* and *Toronto*. *See* Dkt. No. 55.

On June 22, 2021, the *Delahunty* and *Toronto* Plaintiffs moved for consolidation and appointment of interim class counsel. *See* Dkt. No. 67. A hearing is set for November 3, 2021.

        c.   Anticipated Motions:

Plaintiffs' Position: The *Hewitt* Plaintiffs intend to cross-move for consolidation and independently move for appointment as interim co-lead counsel and/or to stay the *Delahunty* and *Toronto* actions as of July 1, 2021 (consistent with any guidance from the Court at the June 30 CMC). Counsel for the *Hewitt* Plaintiffs will continue their efforts to find (and remain open to) a mutually agreeable uncontested proposed leadership structure in advance of the November 3, 2021 hearing. Plaintiffs will oppose Google's anticipated motion to dismiss. Plaintiffs anticipate moving for class certification, *see* Section 9 below and accompanying proposed case management order.

Google's Position: Google expects to file a Rule 12 motion in response to Plaintiff's Complaint in this case or to any consolidated amended complaint that is filed. The Parties have stipulated that, in the event the currently pending complaint becomes the operative complaint for the consolidated actions, Google will respond to that complaint within four weeks of the order setting the operative complaint. *See* Dkt. No. 46. Should any amended complaint that does more than simply add parties to the current complaint become operative in this action, Google will respond within six weeks. *Id.* Google reserves its right to determine the appropriate response until its deadline for responding to any such complaint.

As necessary, Google will oppose any motion for class certification and may file a motion for summary judgment, and may file other motions as appropriate.

**5.    AMENDMENT OF PLEADINGS**

Plaintiffs do not anticipate amending the complaint prior to Google's anticipated Rule 12 motion, unless a consolidated amended complaint is required to be filed. Approximately 15-20 new plaintiffs anticipate seeking to join the existing *Hewitt* complaint shortly. A proposed deadline for adding parties appears in the accompanying proposed case management order.

**6.    EVIDENCE PRESERVATION**

The Parties represent that they have taken reasonable and proportionate steps to preserve evidence relevant to this litigation. This includes discussions relating to preservation issues that surfaced in the *Calhoun* action. The Parties have reviewed the Northern District of California Guidelines Relating to the Discovery of ESI and, pursuant to Fed. R. Civ. P. 26(f), have discussed generally the preservation of relevant evidence. The status of a draft proposed joint protocol for the production of Electronically Stored Information ("ESI") is discussed in Section 8 below.

**7.    DISCLOSURES**

The Parties exchanged initial disclosures, as required by Federal Rule of Civil Procedure 26(f), on June 22, 2021.

**8.    DISCOVERY**

  a. *Scope of Anticipated Discovery*

    i. <u>Plaintiffs' Position</u>

The subject of Plaintiffs' discovery may include Google's practices relating to the collection and analysis of Google Account Holders' data and information, Google's RTB system, Google RTB Bidstream Data, participants in Google's RTB auction, Google's dissemination of Google Account Holders' data and information through the Google RTB system, the value of (and profits earned from) Plaintiffs' and other Class Members' data and information, knowledge of Google's dissemination of Google Account Holders' data and information at the officer, and director level, data relevant to class size and composition, and Google's privacy policies, terms of service, and privacy notices, among other things.

As discussed below, the Texas Attorney General (leading a multi-state AG action) has issued several Civil Investigative Demands ("CIDs") related to RTB. With Google's consent, Plaintiffs have received copies of the CIDs on an attorneys'-eyes only basis and proposed specific document and information requests the responses to which Plaintiffs believe should be re-produced here. If those documents can be re-produced quickly, Plaintiffs would agree to prioritize their production and review.

ii. Google's Position

At this early stage of the litigation, and given that lead counsel for Plaintiffs may change and Plaintiffs may file a consolidated amended complaint, the exact scope of anticipated discovery is presently unknown. At this time, and reserving all rights, Google anticipates that discovery will involve, among other things, Plaintiffs' alleged use of Google's Chrome Browser and Android Operating System, including Plaintiffs' chosen settings and consent to personalized ads, Google's alleged disclosure of information to third parties utilizing RTB, Plaintiffs' consent thereto, Plaintiffs' sharing of the type of data at issue in this case with other online services or applications, the nature of any damages alleged by Plaintiffs, and issues related to class certification. Google disagrees that discovery related to its alleged collection of Account Holder data (as opposed to any disclosure of that data to third parties) is relevant to the claims and/or defenses in this litigation.

b. *Proposed Limitations or Modifications*

The Parties have agreed to accept service of discovery requests, discovery responses, and other documents not served through the ECF system by email. Service by email will be treated as service by U.S. mail. The Parties further agree that a document is deemed served on a particular day if it (or an email providing access to it) is received by 11:59 p.m. Pacific Time on that calendar day.

The Parties have also begun discussing ideas for phasing discovery. *See* N.D. Cal. Guidelines for the Discovery of Electronically Stored Information, Guideline 2.02(d).

i. Plaintiffs' Position:

Plaintiffs anticipate that the default limitations on discovery set forth in the Federal Rules may need to be expanded given the size and scope of the claims, the complexity of the technical issues, and the asymmetry of information in this action. Plaintiffs do not agree that discovery should be stayed. Plaintiffs propose that Google continue its production of documents relating to investigations by regulators on issues that bear directly on this action, as such production will benefit the class regardless of which counsel may be representing them at a future date.

ii. Google's Position:

Google does not anticipate any changes to the default discovery limits but believes Plaintiffs should be limited to 35 interrogatories in total, as opposed to 25 interrogatories per named

Plaintiff. Additionally, as discussed below, given that lead counsel for Plaintiffs may change and Plaintiffs or other plaintiffs may file a consolidated amended complaint, Google believes that the resolution of any discovery disputes should be temporarily stayed pending appointment of lead counsel and the filing of the operative complaint.

c. Rule 26(f) Conference:

The Parties held their initial discovery planning conference by video on May 4, 2021 and several supplemental conferences thereafter. The parties propose an initial discovery plan as set forth in the proposed case management order.

d. Discovery Taken to Date

To facilitate preservation discussions, on April 26, 2021, Plaintiffs sent Google a letter setting forth the scope of anticipated preservation obligations, and attached a First Set of Requests for Production of Documents, which were deemed served on May 4, 2021 (the date of the Rule 26(f) conference). On May 17, 2021, Plaintiffs served a Second Set of Requests for Production of Documents. Google timely responded to Plaintiffs' First and Second Sets of Requests for Production of Documents on June 22, 2021, and has produced an initial tranche of documents. On June 8, 2021, Google served its First Set of Requests for Production of Documents. Plaintiffs' responses are currently due on Monday, July 12, 2021.

e. Coordination with Related Cases

i. Plaintiffs' Position

Magistrate Judge van Keulen has ordered the *Hewitt* Plaintiffs to discuss coordination of discovery with plaintiffs in *Brown* and *Calhoun* and with Google. At Magistrate Judge van Keulen's direction, *see* Dkt. Nos. 16 and 54, counsel attended sealed discovery conferences scheduled for *Brown*, *Calhoun*, and *Hewitt* on April 29, 2021 and June 2, 2021. *See* Minute Entries, Dkt Nos. 28 and 60. Counsel for the parties in *Hewitt* have already reached agreement that certain regulatory documents produced by Google in one case will be deemed cross-produced in the others and have engaged in substantive meet and confer sessions informed by the status of preservation and discovery in *Brown* and *Calhoun*. Plaintiffs believe that there will be additional and obvious

efficiencies in further cross-use of documents relevant to this action, including documents relating to Google's contracts and policies.

    ii. <u>Google's Position</u>

Per Court order, Google's counsel in this action have been attending the joint discovery conferences with the related cases *Brown* and *Calhoun*. At the present time, Google does not anticipate that there will be much, if any, overlap or opportunity for cross-use of discovery between those cases and the above-captioned matter, other than certain of Google's privacy policies and terms of service, and potentially certain CIDs (but not necessarily the documents produced in response to them) related to RTB produced in *Calhoun*. Plaintiffs' Counsel above claims that the Parties have already reached agreement that certain regulatory documents produced in one matter will be deemed cross-produced in the other matters. While this is technically true, that agreement was narrow and includes only documents served on Google in one regulatory matter.

However, as discussed above, the Parties agree that *Delahunty, Toronto,* and the instant case should be related and consolidated into one action, given that the cases are based on substantially identical allegations, allege violations of substantially the same laws, and seek substantially the same relief against the same defendant. *See, e.g.*, Dkt. Nos. 43 and 55. As discussed above, the *Hewitt* Plaintiffs also support relation and consolidation. *See* Dkt. Nos. 40 and 57.

Given that lead counsel in this case may change, and that the *Hewitt* Plaintiffs or others represented by different lead counsel may file an amended consolidated complaint, the interests of efficiency and judicial economy will be best served by temporarily staying the resolution of any discovery disputes in this matter, pending resolution of the motions to relate and consolidate the above-captioned matter with *Delahunty* and *Toronto* and until the question of lead counsel is resolved. *See, e.g.*, *Chacanaca v. Quaker Oats Co.*, No. C 10-0502, 2011 WL 13141425, at *3 (N.D. Cal. June 14, 2011) (temporarily staying discovery while consolidated amended complaint was filed and ordering parties to be prepared to discuss discovery plan at subsequent case management conference); *In re iPhone Application Litig.*, Case No. 5:10-cv-05878-LHK, 2011 WL 2149102, at *3-4 (N.D. Cal. May 31, 2011) (denying blanket stay but permitting only limited discovery on two topics pending resolution of motion before the Judicial Panel on Multidistrict

1  Litigation); *cf. In re General Motors LLC CP4 Fuel Pump Litig.*, 2019 WL 7821307, at *1-2 (N.D.
2  Cal. Sept. 26, 2019) (staying entire case pending resolution of motion before the Judicial Panel on
3  Multidistrict Litigation).[1]

4    Google has already served written objections and responses to Plaintiffs' first two sets of
5  request for production, has begun producing documents, and intends to continue producing relevant
6  documents, even as the dispute over whether counsel for *Hewitt* will be appointed as lead counsel
7  remains pending.  However, Google objected to several of the document requests as outside the
8  reasonable scope of the allegations in the Complaint and otherwise improper.  Moreover, Google
9  respectfully submits that the numerous, contentious, and heavily-litigated discovery disputes in the
10 *Calhoun* matter, led by these same Plaintiffs' counsel, demonstrate that, absent a temporary stay,
11 there is very real risk of multiple resource-consuming discovery disputes arising in this case before
12 the issues of lead counsel and an operative complaint can be resolved.  This would impose a
13 potentially needless burden and expense on the Parties and could needlessly squander the resources
14 of the Court.  A temporary stay of the resolution of discovery disputes until lead counsel is appointed
15 would, therefore, serve the interest of judicial economy and avoid any unnecessary burden on
16 Magistrate Judge van Keulen, who is already holding lengthy, regularly scheduled conferences to
17 address the many discovery disputes in the *Calhoun* and *Brown* actions.  Court resources should not
18 be utilized to resolve discovery disputes that the appointment of lead counsel in the consolidated
19 cases and a consolidated amended complaint may ultimately moot.

20    Google proposes that the Parties continue with discovery, as appropriate, and continue to
21 attempt to resolve any discovery disputes that arise, in good faith.  However, to the extent the Parties
22 reach an impasse, the Parties should await the appointment of lead counsel and the filing of a
23 consolidated complaint, if any, before presenting such disputes to the Court for resolution.  This
24 approach will conserve judicial and party resources and avoid potentially needless motion practice.

---

[1] If the Court prefers, Google will promptly file a motion for a temporary stay of the resolution of discovery disputes pending appointment of lead counsel.

11                                    Case No. 5:21-cv-2155-LHK-SVK
JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT

f. *Protective Order:*

On June 3, 2021, the Court granted the Parties' stipulated Protective Order addressing confidentiality issues, as well as other issues related to discovery, as modified by the Court. *See* Dkt. No. 59.

g. *Expert Discovery Order*

On June 3, 2021, the Court granted the Parties' stipulated Order re Expert Discovery. *See* Dkt. No. 58.

h. *ESI Protocol and 502(d) Order:*

On April 19, 2021, Plaintiffs sent Google's counsel a draft proposed ESI protocol and stipulated 502(d) order, which reflected the orders entered by this Court in the related *Calhoun* action. On May 21, 2021, Google proposed modifications to both, which Plaintiffs are reviewing. One potentially disputed issue includes efficient ways to sample logs similar to a log preservation issue that arose in *Calhoun*. The Parties are conferring on efficient, reasonable solutions regarding preservation.

**9. CLASS ACTIONS**

The parties have reviewed the Procedural Guidance for Class Action Settlements.

<u>Plaintiffs' Additional Statement pursuant to Civil L.R. 16-9(b)</u>: This action may proceed under Fed. R. Civ. P. 23(b)(2), (b)(3) and/or (c)(4). Plaintiffs will seek certification of a domestic class of all Google Account Holders who used the Internet on or after Google began using RTB in a manner that disclosed Account Holders' personal information. In the complaint, Plaintiffs plead facts specific to their experiences, *see* Complaint ¶¶ 34-38, and also allege that the same harm would be experienced by all similarly-situated Google Account Holders. *Id*. ¶¶ 9-27; 39-42; 64-162; see also *id*. ¶¶ 233-240 (additional class allegations). The accompanying case management order and discovery plan does not have a deadline for Plaintiffs to move for class certification; Plaintiffs believe it premature to calendar a deadline prior to discovery and propose to revisit the issue at a later CMC.

Google's Position:  Google disputes that this action can be maintained as a class action and will oppose Plaintiffs' motion for class certification and/or move to deny class certification because Plaintiffs cannot satisfy the requirements of Rule 23.

### 10. RELATED CASES

On April 1, 2021, Plaintiffs filed an administrative motion to consider whether the instant case should be related, but not consolidated, to *Brown* and to *Calhoun*, which was granted on April 9, 2021.  *See* Dkt. No. 11. Pending before the Court are requests to consider relation and consolidation of *Delahunty* and *Toronto* with and into *Hewitt*, as discussed in Section 4, *supra*.

### 11. RELIEF

#### a. Plaintiffs' Statement

Plaintiffs seek damages, restitution, disgorgement, declaratory relief, injunctive relief, as well as attorneys' fees and costs of suit.  Plaintiffs seek damages in excess of $5,000,000 but cannot further determine the amount of damages without discovery.

#### b. Google's Statement

Google reserves all rights, claims, and defenses available to it under the law, including to seek relief if appropriate.  Google denies that Plaintiffs are entitled to any relief whatsoever in connection with the causes of action pled in their Complaint, or that the class alleged in the Complaint can be certified in this case.  Google believes it is premature to opine on methods of calculating potential damages, including because Plaintiffs may but have not yet filed a consolidated amended complaint.

### 12. SETTLEMENT AND ADR

The Parties filed their ADR certifications on June 8, 2021.  *See* Dkt. Nos. 64, 65.  The Parties would be happy to discuss ADR as the Case Management Conference if requested by the Court, but believe that formal settlement discussions are premature at this stage.

### 13. CONSENT TO MAGISTRATE FOR ALL PURPOSES

The Parties do not consent to have a magistrate judge conduct all further proceedings, including trial or the entry of judgment.

**14.     OTHER REFERENCES**

As noted in Section 10 above, this case has been related to the *Brown* and *Calhoun* actions. At this time, the case is not suitable for reference to the JPML or binding arbitration. It is premature to know whether referral to a special master is appropriate. The case has been referred to the Hon. Susan van Keulen USMJ for discovery matters, and she has already held two discovery hearings and tentatively scheduled a third for August 12, 2021. *See* Dkt. No. 66.

**15.     NARROWING OF ISSUES**

At this time, the Parties are unaware of any issues that can be narrowed by agreement.

**16.     EXPEDITED TRIAL PROCEDURE**

Given its complexity, the Parties do not believe this putative class action can be handled on an expedited basis with streamlined procedures.

**17.     SCHEDULING**

The Parties jointly propose an initial case schedule in the accompanying proposed CMO.

**18.     TRIAL**

Plaintiffs demanded a jury trial. Complaint, Dkt. No. 1. The Parties agree that it is premature to estimate trial length at this time and propose to revisit at a later CMC.

**19.     DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

    a.   <u>Plaintiffs</u>:

Plaintiffs filed certifications pursuant to Civil L.R. 3-15 on March 26, 2021. *See* Dkt. No. 3.

    b.   <u>Google</u>:

Google filed its certification pursuant to Civil L.R. 3-15 on April 21, 2021. *See* Dkt. No. 24.

**20.     PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. OTHER MATTERS**

The Parties have no other issues to raise at this time.

| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP** | **COOLEY LLP** |
| By:   /s/ Lesley E. Weaver<br>Lesley E. Weaver (Cal. Bar No.191305)<br>Matthew S. Melamed (Cal. Bar No. 260272)<br>Anne K. Davis (Cal. Bar No. 267909)<br>Angelica M. Ornelas (Cal. Bar No. 285929)<br>Joshua D. Samra (Cal. Bar No. 313050)<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>lweaver@bfalaw.com<br>mmelamed@bfaw.com<br>adavis@bfalaw.com<br>aornelas@bfalaw.com<br>jsamra@bfalaw.com | By:   /s/ Jeffrey M. Gutkin<br>MICHAEL G. RHODES (SBN 116127)<br>(rhodesmg@cooley.com)<br>JEFFREY M. GUTKIN (SBN 216083)<br>(jgutkin@cooley.com)<br>DANIELLE C. PIERRE (SBN 300567)<br>(dpierre@cooley.com)<br>KELSEY R. SPECTOR (SBN 321488)<br>(kspector@cooley.com)<br>COLIN S. SCOTT (SBN 318555)<br>(cscott@cooley.com)<br>101 California Street, 5th Floor<br>San Francisco, CA 94111-5800<br>Tel: (415) 693-2000<br>Fax: (415) 693-2222 |
| **SIMMONS HANLY CONROY LLC** | *Counsel for Defendant GOOGLE LLC* |
| By:   /s/ Jay Barnes<br>Jason 'Jay' Barnes (admitted *pro hac vice*)<br>An Truong (admitted *pro hac vice*)<br>Eric Johnson (*pro hac vice* to be sought)<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Tel.: (212) 784-6400<br>Fax: (212) 213-5949<br>jaybarnes@simmonsfirm.com<br>atruong@simmonsfirm.com<br>ejohnson@simmonsfirm.com | |

**PRITZKER LEVINE LLP**

By:   /s/ Elizabeth C. Pritzker
Elizabeth C. Pritzker (Cal. Bar. No. 146267)
Johnathan K. Levine (Cal. Bar. No. 220289)
Caroline C. Corbitt (Cal. Bar. No. 305492)
1900 Powell Street, Suite 450
Emeryville, CA 4608
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
ccc@pritzkerlevine.com

**DICELLO LEVITT GUTZLER LLC**

By:    */s/ David A. Straite*
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, New York 10165
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
Adam Levitt (admitted *pro hac vice*)
James Ulwick (admitted *pro hac vice*)
Ten North Dearborn Street
Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*
*alevitt@dicellolevitt.com*
*julwick@dicellolevitt.com*

*Counsel for Plaintiffs*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23th day of June, 2021, at Oakland, California.

　　　　　　　　　　　　　　　　　　　　*/s/ Lesley E. Weaver*
　　　　　　　　　　　　　　　　　　　　Lesley E. Weaver