1

**BLEICHMAR FONTI & AULD LLP**
Lesley E. Weaver (Cal. Bar No.191305)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*

2

3

4

5

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*

6

7

8

9

10

**COTCHETT, PITRE & McCARTHY, LLP**
Nanci E. Nishimura (SBN 152621)
840 Malcolm Road, Ste. 200
Burlingame, CA 94010
Tel.: (650) 697-6000
Fax: (650) 697-0577
*nnishimura@cpmlegal.com*

11

12

13

14

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 E. 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 993-1000
*dstraite@dicellolevitt.com*

**PRITZKER LEVINE LLP**
Elizabeth C. Pritzker (Cal. Bar. No. 146267)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*

**BOTTINI & BOTTINI INC**
Francis A. Bottini, Jr. (SBN 175783)
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001
Facsimile: (858) 914-2002
*fbottini@bottinilaw.com*

15

*Counsel for Consolidated Plaintiffs*

16

17

18

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

19

20

21

22

23

24

25

26

BENJAMIN HEWITT and KIMBERLEY WOODRUFF, *on behalf of themselves and all others similarly situated*,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 5:21-cv-02155-LHK-VKD

<u>CLASS ACTION</u>

**DECLARATION OF ELIZABETH C. PRITZKER IN SUPPORT OF THE CONSOLIDATED PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL**

27

28

| | |
|---|---|
| MEAGHAN DELAHUNTY, MEGHAN CORNELIUS, and JOHN KEVRANIAN, *on behalf of themselves and all others similarly situated*, | Consolidated Case No. 5:21-cv-03360-LHK |
| Plaintiffs, | CLASS ACTION |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |
| SALVATORE TORONTO, *on behalf of himself and all others similarly situated*, | Consolidated Case No. 5:21-cv-03725-LHK |
| Plaintiffs, | CLASS ACTION |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |

Case No. 5:21-cv-02155-LHK-VKD

PRITZKER DECL. IN SUPPORT OF MOTION FOR APPOINTMENT AS INTERIM LEAD COUNSEL

I, Elizabeth C. Pritzker, declare and state as follows:

1.     I am an attorney duly admitted to practice before this Court and a founding partner of Pritzker Levine LLP, one of law firms representing Plaintiffs Benjamin Hewitt, Kimberly Woodruff and the putative plaintiff classes in *Hewitt et al., v Google LLC*, Case No. 5:21-cv-02155-LHK (N.D. Cal., filed March 26, 2021) ("*Hewitt*"). I submit this declaration in support of the motion by Plaintiffs in these consolidated actions[1] for appointment of an interim lead counsel leadership structure consisting of a Plaintiffs' Executive Committee that I will Chair, and populated by myself and my firm, Lesley E. Weaver of Bleichmar Font & Auld LLP, Jason "Jay" Barnes of Simmons Hanly Conroy, LCC; David A. Strait of DiCello Levitt Gutzler LLC, Nanci Nishimura of Cotchett Pitre & McCarthy LLP, and Frank Bottini, Jr., of Bottini & Bottini, Inc.  I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

2.     As stated in the notice of motion and memorandum accompanying this declaration, Plaintiffs' motion for appointment of interim lead counsel is based on Federal Rule of Civil Procedure 23(g).  Each of the lead attorneys proposed in the motion satisfy all of the criteria under Rule 23(g). They all have: (1) extensive knowledge and experience in prosecuting complex litigation, including privacy class actions; (2) the willingness and ability to commit to a time-consuming process; (3) the ability to work cooperatively with others; and (4) access to sufficient resources to prosecute this litigation in a timely manner.

3.     For my own part, before filing *Hewitt*, my co-counsel and I researched the underlying conduct and legal claims that gave rise to the first-filed *Hewitt* complaint for nearly a year.  There is an extremely technical backdrop to these cases: *Hewitt* counsel retained and worked with technical experts to understand Google's Real-Time-Bidding ("RTB") process, identify participants in that process, and discern the process by which Google holds, uses, shares, and monetizes consumer personal information, for itself and others, using RTB.  *He*witt counsel additionally reviewed and analyzed documents relating to regulatory investigations concerning digital advertising, real-time

---

[1] *See Hewitt*, Dkt. 69, relating and consolidating *Delahunty et al. v. Google LLC*, No. 5:21-cv-03360-LHK (N.D. Cal., filed May 5, 2021) (*Delahunty*), and *Toronto v. Google LLC*, Case No. 5:21-cv-03725-LHK (N.D. Cal., filed May 18, 2021) (*Toronto*), with *Hewitt*.

1   bidding, and Google's RTB practices, in particular to further their pre-filing understanding of the

2   conduct at issue, and the potential privacy claims it implicates.  Further analysis of relevant studies

3   and research papers related to Google's RTB practices was also undertaken.  All of this effort served

4   as an important legal and factual predicate to the detailed, well-pleaded complaint *Hewitt* counsel

5   filed on March 26, 2021.

6       4.    In addition to these pre-filing efforts, I have been personally involved in the

7   prosecution of the cases. As one of Plaintiffs' counsel in *Hewitt*, I have participated in early

8   discussions with Google's counsel to identify and preserve ESI; conferred with Google's counsel

9   on discovery planning as required by Rule 26(f); prepared initial disclosures; assisted in the drafting

10  of targeted early discovery and third party subpoenas; appeared at discovery conferences held by

11  Magistrate Judge van Keulen; and helped craft Case Management Conference Statements, meet and

12  confer correspondence, and other writings to guide the cases through the initial post-filing stages.

13                 **EXPERIENCE LEADING SIMILAR COMPLEX CLASS ACTIONS**

14      5.    I am well suited to Chair the proposed Executive Committee, given my successful

15  professional working relationships with counsel on the *Hewitt* team and the *Delahunty*/*Toronto*

16  *t*eam.  My experience in running and managing complex litigation like this has prepared me for

17  managing this team of talented, diverse lawyers in an efficient and productive way.

18      6.    Attached as <u>Exhibit A</u> to this Declaration biography detailing my experience and that

19  of the Pritzker Levine law firm.  As shown there, it has been my privilege to serve in a leadership

20  role in a number of complex litigation matters and MDLs, including:

21  • <u>As Co-Lead Counsel</u>:  On behalf of certified classes in *In re: EpiPen (Epinephrine*

22     *Injection, USP) Marketing, Sales Practices and Antitrust Litig.*, MDL No. 2785-DDC (D.

23     Kan.), an MDL pending before Judge Daniel Crabtree alleging unlawful monopolization,

24     deceptive trade practices, and antitrust violations in the marketing and sale of the EpiPen

25     automatic injection device.

26  • <u>As Additional Class Counsel</u>: On behalf of certified classes of college athletes in *In Re*

27     *NCAA Grant-In-Aid Cap Antitrust Litig.*, MDL No. 2541-CW (N.D. Cal.), an MDL

28     alleging that NCAA and its members illegally agreed to cap or depress the athletic grant-

in-aid program in violation of federal antitrust laws. Judge Claudia Wilken presided over the case, including an injunctive relief trial that resulted in favorable judgment. The U.S. Supreme Court unanimously affirmed the judgment just this term. *Nat'l Collegiate Athletic Ass'n v. Alston*, __ U.S. __, 141 S. Ct. 2141 (June 21, 2021).

- As Liaison Counsel:  On behalf of a consolidated consumer classes in *In re: Google Play Store Antitrust Litig.*, MDL No. 2981-JD (N.D. Cal.), an antitrust MDL pending before Judge James Donato alleging that Google unlawfully limiting competition by forcing Android users to use the Google Play app store and levying a supra-competitive fee on app store purchases.

- As Class Counsel: *Il Fornaio (Amer.) Corp. v. Lazzari Fuel Company, LLC et al.,* N.D. Cal. No. 3:13-cv-05197-WHA (N.D. Cal), a class action alleging price-fixing and other antitrust violations in the mesquite lump charcoal market. The case ended in settlement amounting to 85% of class damages. Judge William Alsup presided over the case.

- As a Member of the PEC:  *In Re Aqueous Film-Forming Foams Products Liability Litig*. D.S. Carolina No. 2:18-mn-02873-RMG, a multi-district litigation comprised of water contamination, product defect, and mass tort personal injury cases stemming from Aqueous Film-Forming Foams and other fire-fighting products contain per- and poly-fluoroalkyl substances (PHAS).

7.    My leadership roles also have included privacy and high-tech cases, including:

- As Co-Lead Counsel:  *In re Lenovo Adware Litig.*, MDL No. 2624-HSG (N.D. Cal), a multi-district consumer class action alleging spyware-related privacy intrusion, California consumer protection and damages claims.

- As Trial Counsel:  *ITyX Solutions, AG v. Kodak Alaris Inc.*, D. Mass. No. 16-cv-10250-ADB, an international business dispute involving artificial intelligence technologies that resulted in a favorable, multimillion jury verdict in favor of my client.

- As Member of the PEC:  *In re Adobe Systems, Inc. Privacy Litig.*, N.D. Cal. No.: 13–CV–05226–LHK, a nationwide class action on behalf of users of Adobe software products whose personal private information or property was compromised as a result of

allegedly substandard security practices at Adobe that lead to a massive data and security breach in September 2013.

- As Liaison Counsel: *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827-SI (N.D. Cal.), an MDL alleging price-fixing by manufacturers of LCD products and panels, resulting in $473 million in direct purchaser plaintiff class recoveries. Judge Susan Illston presided over the case.

- As Member of the PEC: *In re Lithium Ion Rechargeable Batteries Antitrust Litigation*, MDL No. 2420-YGR (N.D. Cal.), a multi-district antitrust class action in which I was appointed by Judge Yvonne Gonzalez Rogers to serve on the Direct Purchaser PEC.

**OTHER QUALIFICATIONS FOR APPOINTMENT**

8.      My knowledge of complex class action litigation and privacy law extends beyond the courtroom.

9.      I am the immediate Past Chair of the Executive Committee of Antitrust, Unfair Competition and Privacy Section of the California Lawyers Association.  During my tenure on the Executive Committee, I worked to expand the Section's focus to include a focus on privacy law: these efforts at incubating and growing privacy as its own discipline led to the creation of a spin-off, stand-alone Privacy Section, approved by the California Lawyers Association in mid-2020. While on the Executive Committee, I also served as Editor-in-Chief of the Section's *Competition* Journal where I edited and published numerous articles on privacy law.  In 2017, I made my own contribution to *Competition* authoring "*Making the Intangible Concrete: Litigating Intangible Harms in a Post-Spokeo World*," an article analyzing privacy-based standing decisions in the federal courts. *Competition*, Vol. 26, No. 1 (Spring 2017).

10.      I have been acknowledged for my expertise in complex litigation. I have been recognized by my colleagues as a Northern California "Super Lawyer" in complex litigation and class actions for more than a decade.  I have been named to list of the Northern California "Top 100 Lawyers", and repeatedly appeared on the Northern California "Top 50 Women Lawyers" list.

11.     I frequently speak on complex litigation and class actions on topics ranging from discovery, class certification, summary judgment, trial practice and emerging areas of the law and Rule 23 generally.  *See* Exhibit A.

12.     Outside of the courtroom, I serve the legal community as an Advisor to the Antitrust and Unfair Competition Law Section of the California Lawyers Association, and as a Lawyer Representative to the Ninth Circuit Conference Executive Committee.  I previously served as a Lawyer Representative to the United States District Court for the Northern District of California; on the Board of Governors of Consumer Attorneys of California (CAOC); and as a board member of the Legal Aid Society of San Mateo County and Bay Area Lawyers for Individual Freedom (BALIF), respectively.

13.     I am deeply committed to diversity and inclusion in the legal profession, and to mentorship of diverse attorneys in particular. I founded Pritzker Levine, a majority women law firm, in part, to provide a leadership model for women and diverse attorneys committed to practicing in and leading complex litigation and MDLs.  Throughout my career, and through to today, I have actively mentored law students and attorneys from diverse or under-represented backgrounds, including women, underrepresented minorities, and individuals who self-identify as disabled, veterans, or as LGBTQ+ (as I do).  Since 2016, I have been a contributing practitioner/author to the James F. Humphreys Complex Litigation Center George Washington Law School's Guidelines and Best Practices for Judges Appointing Lawyers to Leadership Positions in MDL and Class Action Litigation (last published on Sept. 24, 2020). And in 2020, during my tenure as  Chair of the Antitrust, Unfair Competition and Privacy Section of the California Lawyers Association, I conceived, developed and fundraised for a Diversity & Inclusion Fellowship that provides training, mentorship, and career opportunities for students from underrepresented groups in the practice of complex litigation matters, including antitrust, unfair competition, privacy and intellectual property law. The Section selected its inaugural fellowship recipient in March 2021.

**COMMITMENT TO EFFECTIVE AND EFFICIENT LEADERSHIP**

14.     My firm and I commit to expending the time, resources, focus and tenacity necessary to litigate a case of this magnitude. Pritzker Levine will finance its firm's involvement in this case

without litigation funding.  The firm has the financial wherewithal to litigate aggressively, including through trial, as it has done in similarly complex class actions.

15.      The leadership structure being proposed, an active interim Plaintiffs' Executive Committee, appropriately draws on the resources of several prominent firms necessary to prosecute a case of this magnitude, while including important efficiency measures to stay nimble. It is similar to Executive Committees approved in complex cases by the courts in this District, and will provide significant benefit to the plaintiff classes here.

16.      I am honored that my colleagues in these coordinated cases – all of whom are extraordinary attorneys in their own right – have proposed me to Chair the Committee. As I have done in other cases, if appointed to the role, I intend to fulfill my responsibilities fairly, transparently and with candor. In consultation with Committee members, I will make work assignments to those lead attorneys and firm(s) best suited to the particular task(s) at hand.  I am committed to scheduling frequent, even weekly, meetings of the Committee to ensure that assigned work tasks are being attended to, are well-executed, and are completed with efficiency.

17.      I am well-versed in using case management strategies to efficiently focus the prosecution effort. If appointed, as Chair, I will commit to overseeing all work to ensure that the cases are staffed appropriately – so that senior attorney are not performing junior work and junior attorneys will work at their level and not spend unnecessary time on a task.  And, I will implement a billing and expense protocol that will require all counsel to maintain a daily record of their time and expense – which will be reviewed by me monthly and adjusted or written down to eliminate any duplicative effort or non-productive time. A proposed time and expense protocol, already entered in the related *Calhoun* case and that can be adapted here, is attached as <u>Exhibit B</u>, hereto.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct to the best of my knowledge.  This declaration was executed in Palm Springs, California.

Date:  July 16, 2021                                    By:  */s/ Elizabeth C. Pritzker*
                                                               ELIZABETH C. PRITZKER

EXHIBIT A

# PRITZKER LEVINE LLP

Phone: 415.692.0772
Fax: 415.366.6100
www.pritzkerlevine.com

**Pritzker Levine LLP** is a boutique law firm focused on complex litigation and trial work nationwide.  Our attorneys bring a unique blend of expertise, efficiency and sound judgment to the vigorous representation of clients in individual and class cases.

Pritzker Levine attorneys have successfully represented corporate clients, public entities, pension funds, small businesses, nonprofit groups, labor unions, whistleblowers and injured persons in cases involving antitrust violations, privacy violations, unfair competition, securities fraud and derivative claims, commercial disputes, employment law and personal injuries – resulting in recoveries in excess of $1 billion.

Founding partners, Elizabeth Pritzker and Jonathan Levine, each have more than 30 years of experience in complex, multi-party and class litigation. The firm's highly accomplished attorneys have repeatedly been recognized as "*Top Attorneys,*" "*Super Lawyers*" or "*Rising Stars*" in their fields for their work serving their clients' interests in courtrooms, mediations and arbitrations across the country.

Pritzker Levine LLP maintains offices in California and New York, and represents clients in state and federal courts throughout the United States.

## PRIVACY VIOLATIONS AND UNFAIR COMPETITION

Pritzker Levine and its attorneys have represented consumers injured by violations of a wide variety of deceptive practices and consumer protection laws. We have brought claims for all types of consumers, including credit card holders and purchasers of prescription drugs, motor vehicles, cosmetics, consumer electronics, and time shares interests. We also prosecute privacy class actions for consumers impacted by computer malware or data breaches.  Examples of some of our consumer law cases include:

- ▪ *In re ZF-TRW Airbag Control Units Products Liability Litigation,* Case No. 2:19-ml-

PRITZKER LEVINE LLP

02905-JAK-FFM (C.D. Cal.): Jonathan Levine serves as Plaintiffs' Liaison Counsel in a multi-district action alleging that certain vehicles are installed with a defective Airbag Control Unit ("ACU") designed by ZF Friedrichshafen AG. Plaintiffs allege that this defective ACU causes a critical component that monitors signals from crash sensors throughout affected vehicles to be unreasonably susceptible to damage from electrical overstress, which can result in malfunctioning airbags and seatbelts. The consolidated actions were recently assigned to the Central District of California.

- **Corcoran v. CVS Pharmacy, Inc.**, Case No. 15-cv-02624-YGR (N.D. Cal.): Pritzker Levine serves as Co-lead Class Counsel in a multi-state class action alleging a common fraudulent and deceptive pricing scheme by CVS to overcharge customers with third-party health care plans for generic prescription drugs purchased at CVS pharmacies. A multi-state class was certified, and an appeal of the district court's summary judgment order was successfully appealed and reversed by the Ninth Circuit Court of Appeals. A jury trial was held in June 2021.

- **In Re: Lenovo Adware Litigation**, MDL No. 2624 (N.D. Cal): Pritzker Levine, as Co-Lead Class Counsel, represented a certified class of more than 800,000 consumers in a nationwide multi-district class action against Lenovo and Superfish for damages arising from the surreptitious installation of a Superfish spyware program by Lenovo on certain notebook computer models sold in the United States. The Superfish program "VisualDiscovery" allowed Superfish to monitor and alter computer users' internet search results, and made those computers vulnerable to security breaches and data theft. The litigation resulted in an $8.3 million settlement to compensate purchasers of the affected Lenovo computers.

- **Hubbard v. Google LLC**, Case No. 5:19-cv-07016-BLF (N.D. Cal.): Pritzker Levine, as plaintiffs' counsel, represents a proposed class of minor children and their parents or guardians throughout the United States in litigation alleging that Google, YouTube and certain other companies that develop and advertise content on the YouTube platform illegally tracked and collected personal information and persistent identifiers for minor children viewing children's content on YouTube. The case is pending before Northern District of California Judge Beth Labson Freeman.

- **In re Adobe Systems, Inc., Privacy Litigation**, Case No. 13-cv-05226-LHK (N.D. Cal.): As a member of the Plaintiffs' Executive Committee, Pritzker Levine partner Elizabeth Pritzker represented consumers and a proposed class of users of Adobe software products whose personal private information or property was

PRITZKER LEVINE LLP

compromised as a result of allegedly substandard security practices at Adobe that lead to a massive data and security breach in September 2013. The parties reached a settlement which required Adobe to substantially strengthen its security controls, including by undertaking new intrusion detection and encryption measures.

- ▪ ***In re Countrywide Financial Corp. Data Security Breach Litigation***, Case No. 3:08-MD-1988 (W.D. Ky.): As a member of the Plaintiffs' Executive Committee, Pritzker Levine partner Jonathan Levine represented a nationwide class of more than 2.4 million customers and potential customers of Countrywide whose personal information was stolen by a former employee and then sold to competing mortgage lenders.   The case settled for more than $10 million of cash and other benefits as well as changes in Countrywide's business practices.

- ▪ ***Beringer v. Certegy Check Services, Inc.***, Case No. 8:07-cv-1657-SDM (M.D. Fla.): As a member of the Plaintiffs' Executive Committee, Pritzker Levine partner Jonathan Levine represented a nationwide class of more than 5.5 million consumers whose financial records were stolen by a company employee and then resold to a third-party marketer.  The case settled for in excess of $100 million of cash and other benefits as well as changes in Certegy's business practices.

- ▪ ***In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation***, MDL No. 2672 (N.D. Cal):  As cooperating plaintiffs' counsel, Pritzker Levine represented class representatives in multi-district litigation stemming from Volkswagen's admission to federal regulators in September 2015 that the company used illegal software to cheat emissions tests on certain of its four-cylinder diesel cars, including the popular TDI models of the VW Jetta, Passat, Golf and Beetle, and the Audi A3 TDI diesel sedan.  A set of class settlements for monetary compensation and auto repairs totaling more than $10.3 billion has received final court approval.

- ▪ ***Gathron v. Chrysler Group, LLC***, Case No. 4:13-cv-05922-WHO (N.D. Cal.):  As Co-lead Counsel, Pritzker Levine partners Elizabeth Pritzker and Bethany Caracuzzo represented a proposed class of owners and lessees of 2011-2012 Dodge Chargers alleging that factory-installed headlight harnesses in these model year vehicles were defective and posed a serious safety hazard.  The case was filed in the U.S. District Court for the Northern District of California, before Judge William H. Orrick. As a result of plaintiffs' efforts, Chrysler instituted a recall and repair program that included reimbursement benefits to vehicle lessees and owners.

PRITZKER LEVINE LLP

- ***In re GIB LLC Cases***, J.C.C.P. No. 4657 (Cal. Sup. Ct., County of Los Angeles):  As Co-lead Class Counsel in this California State Court Judicial Council Coordinated Proceeding, Elizabeth Pritzker represented certified classes of salon owners, hair stylists and consumers who were exposed to off-gassing formaldehyde and other harsh chemicals from the Brazilian Blowout line of hair smoothing products and hair treatments that were deceptively advertised as "formaldehyde free" and as not containing harmful chemicals.  In January 2014, the Los Angeles Superior Court granted final approval to a class settlement that provided substantial monetary benefits distributed to stylists and consumers, together with business practice changes with respect to the marketing, sale, handling, use, and disposition of Brazilian Blowout products.

- ***Benedict v. Diamond Resorts Corp., et al***., Case No. 1:2012cv00183 (D. Hawaii):  Pritzker Levine partners Elizabeth Pritzker and Jonathan Levine, as Co-lead Counsel, represented a class of timeshare owners challenging the imposition of an unauthorized Special Assessment fee for the repair of one of the timeshare resorts in Hawaii.  Judge David A. Ezra granted final approval to a class action settlement of the matter in June 2013.

- ***Berrien v. New Raintree Resorts, International, LLC, et al***., Case No. 4:10-cv-03125-CW (N.D. Cal):  Pritzker Levine partners Jonathan Levine and Elizabeth Pritzker, as Class Counsel, represented timeshare vacation program members of Raintree Vacation Club and Club Regina who were charged a Special Assessment Fee.  Following favorable decisions on defendants' motions to dismiss by Northern District of California Judge Claudia Wilken and plaintiffs' motion for class certification, the case resulted in a court-approved class settlement.

- ***Wixon v. Wyndham Resort Development Corp., et al***., Case No. C 07-2361- JSW (BZ) (N.D. Cal.): Pritzker Levine partners Jonathan Levine and Elizabeth Pritzker, as Lead Class and Derivative Counsel, represented time-share owners in a nationwide class action challenging pricing of WorldMark resorts and in derivative litigation against the WorldMark Board of Directors challenging corporate governance matters. After more than four years of litigation in federal and state court, the case was settled on favorable terms.  Northern District of California Judge Jeffrey S. White finally approved the class settlement.

- ***In re Providian Credit Card Cases***, J.C.C.P. No. 4085 (Cal. Sup. Ct., County of San Francisco): Pritzker Levine partner Jonathan Levine represented as Co-lead Counsel a nationwide class of Providian credit card holders in this California State Court Judicial Council Consolidated Proceeding.  The lawsuit alleged that Providian

PRITZKER LEVINE LLP

engaged in unlawful, unfair and fraudulent business practices by charging its customers unauthorized fees and charges. The case resulted in a $105 million settlement, plus injunctive relief – one of the largest class action recoveries arising out of consumer credit card litigation.

- ▪ *In re GM Cases,* J.C.C.P. No. 4396 (Cal. Sup. Ct., County of Los Angeles): Pritzker Levine partner Elizabeth Pritzker, as Class Counsel, represented a certified class of owners and lessees of Chevrolet Silverado trucks whose vehicle engines had abnormal "knock, ping or slap" noise. The complaint alleged that GM maintained an Engine Knock Noise Adjustment Program that gave owners and lessees who complained free extended warranties and other benefits, but that GM failed to notify all affected owners and lessees of the Adjustment Program and its benefits, in violation of California's Secret Warranty Law. This hotly contested litigation included two unsuccessful appeals by General Motors. The Los Angeles Superior Court finally approved a class settlement in 2009, which was ratified by the Bankruptcy Court for the Southern District of New York in 2011 after GM filed for bankruptcy.

- ▪ *In re Ipod Cases,* J.C.C.P. No. 4355 (Cal. Sup. Ct., County of San Mateo): Pritzker Levine partner Elizabeth Pritzker, as Co-lead Class Counsel, represented consumers in a nationwide class action lawsuit alleging that Apple's advertising about the battery life of its First and Second Generation iPods was false and misleading. This Judicial Council Coordinated Proceeding, which was filed in California State Court, resulted in a settlement conservatively valued at $15 million, which provided warranty extensions, battery replacements, cash payments, and store credits for class members. The Honorable Beth Labson Freeman, now a Northern District of California Judge, presided over the case and settlement.

## ANTITRUST

Pritzker Levine has served as a lead or co-lead counsel in antitrust litigation matters representing plaintiff classes alleging price fixing, monopolization and other anticompetitive conduct. We serve in a court-appointed leadership capacity in certain cases, and contribute as members of a court-approved executive committee or in a supportive role for the lead law firms in other cases.

5

PRITZKER LEVINE LLP

While our leadership role varies, our contributions are always valuable.  Our leadership experience includes the following antitrust matters:

- ***In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation***, MDL No. 2785 (D. Kan.): Co-Lead Class Counsel Elizabeth Pritzker represents a certified class of end-payer plaintiffs in a nationwide RICO and multi-state antitrust class action alleging that Mylan NV and Pfizer, Inc., the seller and manufacturer of the life-saving EpiPen, respectively, engaged in an unlawful scheme to sharply increase the price of the device while at the same time stifling competition seeking to enter the market.  The case is pending before Judge Daniel D. Crabtree in the U.S. District Court of Kansas, and scheduled for trial in January 2022.

- ***In re National Collegiate Athletic Association Grant-In-Aid Cap Antitrust Litigation***, MDL No. 2541 (N.D. Cal.): Additional Class Counsel Elizabeth Pritzker and Pritzker Levine represent college football and basketball players in an antitrust class-action against the National Collegiate Athletic Association (NCAA) and the NCAA's most powerful conference members, the Pac-12, Big Ten, Big-12, SEC and ACC, claiming that these entities have agreed in violation of national antitrust laws to unlawfully cap the value of athletic scholarships.  Firm clients, Justine Hartman and Afure Jemerigbe, both former University of California-Berkeley women's basketball players, serve as class representatives in the case. Nationwide classes seeking injunctive relief have been certified, and $208 million class damages class settlement received final court approval in 2017. The injunctive relief case was tried, successfully, before the Hon. Claudia Wilken in 2018. The U.S. Supreme Court unanimously affirmed in June 2021.

- ***In re Packaged Seafood Products Antitrust Litigation***, MDL No. 2670 (S.D. Cal.): Elizabeth Pritzker and Pritzker Levine serve on the Indirect Purchaser Plaintiffs' Steering Committee, representing a certified class of consumers in a multi-district antitrust case alleging price-fixing by the major producers of canned or packaged tuna products. This litigation is pending before Judge Janis L. Sammartino in the U.S. District Court for the Southern District of California and is in active litigation.

PRITZKER LEVINE LLP

- ***Al's Discount Plumbing, LLC et al., v. Viega, LLC***, Case No. 1:19-cv-159 (M.D. PA): Interim Settlement Class Counsel Elizabeth Pritzker represents indirect purchaser in a multi-state class action alleging anticompetitive and exclusionary conduct by a leading manufacturer of copper press pipe fittings. Chief Judge Christopher C. Conner in the U.S. District Court for the Middle District of Pennsylvania granted final approval of a class settlement in December 2020.

- ***Staley et al., v. Gilead Sciences at al.,*** Case No. 3:19-cv-02573-EMC (N.D. Cal.): Pritzker Levine represents plaintiffs and putative class members in a class action lawsuit against drug manufacturer Gilead and others, including Johnson & Johnson and Bristol-Meyers Squibb, for knowingly colluding to raise the price of anti-HIV drugs, and wrongfully raising the price of treatment for the one million people in the United States living with HIV. The case is pending before Judge Edward Chen in the U.S. District Court for the Northern District of California and is active litigation.

- ***In Re Google Store Antitrust Litigation***, Case No. 3:21-md-02981-JD (N.D. Cal.), Elizabeth Pritzker, as court-appointed Liaison Counsel, represents consumer class plaintiffs who use the Android OS operating system on their smart phone devices and who have downloaded or purchased applications ("apps") through the Google Play Store. Plaintiffs allege that Google has knowingly created, and continues to exert, an unlawful monopoly over the market for the distribution of apps through the Android OS, making it impossible for users to purchase apps other than through the Google Play Store. The case is pending before Judge James Donato in the U.S. District Court for the Northern District of California, and is in active litigation.

- ***Wood Mountain Fish LLC, et al, v. Mowi ASA (fka Marine Harvest ASA), et al***., Case No. 19-cv-22128-RS (S.D. Fla.): Elizabeth Pritzker and Pritzker Levine represent an indirect purchaser plaintiff class in a multi-state antitrust class action alleging price fixing by the major producers of farm-raised salmon and salmon products. The case is pending before Judge Rodney Smith in the U.S. District Court for the Southern District of Florida (Ft. Lauderdale) and is in active litigation.

PRITZKER LEVINE LLP

- ***In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation***, MDL No. 2542 (S.D.N.Y.): Pritzker Levine serves on the Indirect Purchaser Plaintiff Litigation Committee and represents consumers and a proposed class of indirect purchasers in a nationwide class action against Keurig Green Mountain, Inc., Green Mountain Roasters, Inc., and Keurig, Inc. (collectively "Keurig"), for allegedly monopolizing the U.S. market for the sale of single-serve portion packages of coffee, tea, cocoa and other beverages. This multi-district litigation has been consolidated before Judge Vincent S. Broderick in U.S. District Court for the Southern District of New York, who has granted preliminary settlement approval to a class settlement.

- ***In re Disposable Contact Lens Antitrust Litigation,*** MDL No. 2626 (M.D. Florida): In its role on the Plaintiffs' Steering Committee, Pritzker Levine represents plaintiffs and a certified class in an antitrust class action against contact lens manufacturers alleging that they colluded to maintain the retail prices of contact lenses by imposing resale price maintenance restrictions on those products. This multi-district litigation has been consolidated before Judge Harvey E. Schlesinger in the U.S. District Court for the Middle District of Florida, and has resulted in multiple class settlements. The case is scheduled for trial in 2021.

- ***In re Transpacific Passenger Air Transportation Antitrust Litigation***, Case No. 07-cv-5634-CRB (N.D. Cal.): Elizabeth Pritzker, as a member of Plaintiffs' Executive Committee, represented a class of consumers and direct purchasers in a multi-district class action alleging fuel surcharge price-fixing by airlines in the transpacific passenger airline market. Plaintiffs have secured settlements totaling approximately $160 million. The case is pending before Judge Charles Breyer in the U.S. District Court for the Northern District of California.

- ***In re TFT-LCD (Flat Panel) Antitrust Litigation***, MDL No. 1827 (N.D. Cal.): Liaison Counsel Elizabeth Pritzker represented a certified class of direct purchaser plaintiffs in a multi-district antitrust class action alleging price-fixing by foreign and domestic manufacturers of Thin Film Transistor Liquid Crystal Display (TFT-LCD) products. The direct purchaser case resulted in class settlements of $473 million, and an $87 million jury verdict before trebling. *TFT-LCD* is considered to be one of the largest antitrust MDL actions in the United States. The case was

PRITZKER LEVINE LLP

litigated and tried to verdict before Northern District of California Judge Susan Illston.

- ▪ ***Il Fornaio (America) Corporation et al. v. Lazzari Fuel Company, LLC et al.,*** Case No. 13-cv-05197-WHA (N.D. Cal.): Class Counsel Elizabeth Pritzker represented a certified class of direct purchasers in antitrust class action alleging customer allocation and bid rigging among sellers of restaurant grade mesquite charcoal. Northern District of California Judge William Alsup granted final approval of a class-wide settlement that resulted in settlement payments to class members representing approximately 85% of actual antitrust damages.

- ▪ ***In re Lithium Ion Rechargeable Batteries Antitrust Litigation***, MDL No. 2420 (N.D. Cal.):  Elizabeth Pritzker and Pritzker Levine served as on the court-appointed Plaintiffs' Steering Committee, representing direct purchasers in a multi-district antitrust class action alleging price-fixing by the major manufacturers of lithium ion rechargeable batteries. Direct purchaser plaintiffs secured over $70 million in settlements. Judge Yvonne Gonzalez Rogers granted final settlement approval on May 8, 2018.

- ▪ ***In re Domestic Drywall Antitrust Litigation***, MDL No. 2437 (E.D. Pa.):  Pritzker Levine served as a member of the Plaintiffs Steering Committee, representing 501(c)(3) nonprofit community development organizations and a proposed class of indirect purchasers, in a class action alleging a conspiracy among gypsum board manufacturers and distributors to fix the prices of gypsum board. This multi-district litigation resulted in several indirect purchaser class settlements.

## PERSONAL INJURY

Pritzker Levine LLP offers personal, attentive and professional legal services to those who have suffered pain or trauma as result of the negligent or wrongful conduct of others. The firm's attorneys have experience representing personal injury cases involving toxic chemicals, pharmaceuticals, dangerous products, medical malpractice and unsafe conditions.  Our lawyers have helped clients in wrongful death cases, and in cases involving serious, permanent and debilitating injuries, such as spine and traumatic brain injuries, severe burns, cancer, and other devastating losses.

PRITZKER LEVINE LLP

In all personal injury cases, from class actions to mass actions to individual cases, we rigorously represent every claim and every client.  Some of our significant cases include:

- ***In Re Aqueous Film-Forming Foams Products Liability Litig***., MDL No. 2873 (D.S.C): Elizabeth Pritzker (as a member of the Plaintiffs' Executive Committee) and Pritzker Levine represent current and former firefighters and some of their spouses in multi-district litigation against manufacturers, designers, sellers, suppliers, and distributors of Class B firefighting foams as well as protective clothing (turnouts) specifically designed for firefighters. Each of the firefighter plaintiffs has been diagnosed with and treated for cancers that Plaintiffs allege were caused by years of on-the-job exposure to per- and polyfluoroalkyl (PFAS) substances present in the foams and clothing. The firm currently represents dozens of firefighter families in five active cases.

- ***Jane Doe and John Doe v. Steven Lawrence Katz, M.D., et a**l*.:  Pritzker Levine attorneys represented a mother and child in an action against a fertility clinic for accidentally transferring an embryo belonging to another couple into the mother and the intentional cover-up of the mistake until the child was 10 months old.  The other couple then sought and later obtained shared custody of the child in unrelated family court proceedings.  The case resulted in a $1 million settlement for the mother and child despite MICRA limitations in medical malpractice actions.

- ***McKay v. Caltrans***:  Pritzker Levine attorneys represented a husband and wife in dangerous road condition action against Caltrans, in which the husband was severely injured by a motorist whose vehicle crossed the median barrier on Highway 80 and struck him head-on.  Plaintiffs alleged that Caltrans knew its median barriers could cause such cross-median accidents and failed to take any preventative action.  The case resulted in $2.9million settlement.

- ***Andrade v. JSS Restaurant Group, et al.***  The firm represented a recently-retired client who was hospitalized and treated for severe hemolytic uremic syndrome (HUS) resulting from E. coli bacterium poisoning caused by eating contaminated meal prepared and served by an artisanal burger chain.  The case was litigated in the Contra Costa County Superior Court and settled close to trial for a significant monetary sum.

PRITZKER LEVINE LLP

- ***Clergy Sexual Abuse/Coordinated Proceedings***.   Pritzker Levine attorneys represented a woman who was sexually abused as a child by her parish priest. Part of landmark action against the Los Angeles Archdiocese and the Diocese of Orange. The 562 cases, spanning four generations of victims, settled for $660 million.

- ***Mallard v. Mills Peninsula Health Services, et a***l.   Pritzker Levine represented a client who, as a result of negligent care and treatment at both a hospital and skilled nursing facility, suffered injuries which became necrotic and infected, necessitating amputation of his leg below the knee. The client died in the course of the litigation.   The case was filed, litigated and resolved, prior to trial, in a favorable monetary settlement for the client's estate.

## SHAREHOLDER AND SECURITIES FRAUD LITIGATION

Pritzker Levine's attorneys are leading advocates for individual and institutional investors, and have a deserved reputation for success in representing shareholder interests in derivative or shareholder litigation. Our experience in matters involving shareholder disputes or securities fraud includes the following matters.

- ***Young v. Henderson***, Case No. RG-15-778891 (Cal. Sup. Ct., County of Alameda): We represent shareholders in direct and derivative litigation filed in California State Court, alleging individual and derivative claims on behalf of six California limited liability companies, and asserting claims for breaches of fiduciary duty, conversion, breaches of contract, and related claims arising out of defendants' alleged misuse and misappropriation of foreign investment funds provided under the federal Immigration Investment, or EB-5, program. Pritzker Levine successfully moved for appointment of a receiver, and facilitated the sale of commercial real estate assets (including the landmark Oakland Tribune Tower), recouping approximately $30 million for foreign investors.  The litigation is still pending in the California State Court, but has spawned a parallel federal enforcement action by the Securities and Exchange Commission (SEC).  The SEC action is currently pending before Northern District of California Judge Richard Seeborg.

- ***Securities and Exchange Commission v. Bivona, et al***., Case No. 3:16-cv-01386-EMC (N.D. Cal.):  Pritzker Levine currently represents a majority investor group comprising approximately seventy percent of the membership interests in certain investment funds at issue as real parties in interest in a federal enforcement action by the SEC against a prior fund manager.   The investors seek to assume

PRITZKER LEVINE LLP

management responsibilities of the funds, which are now the subject of a federal receivership, in order to protect their investments and further the investment purposes of the funds.  This matter is currently pending before Northern District of California Judge Edward Chen, who has approved a resolution and plan of distribution as advocated by Pritzker Levine's clients.

- ▪ ***In re Lehman Brothers Debt/Equity Securities Litigation***, Case No. 1:08-cv-05523-LAK:GWC (S.D.N.Y): Pritzker Levine partner Jonathan Levine represented as Class Counsel a certified class of retail investors in Lehman-issued structured products sold by UBS Financial Services, Inc.  The plaintiffs alleged that UBS violated federal securities laws by selling the structured products pursuant to offering documents that misrepresented Lehman's financial condition and failed to disclose that the "principal protection" feature of many of the notes depended upon Lehman's solvency.  The case resulted in a settlement that created a $120 million fund to resolve the claims.

- ▪ ***In re SLM Corporation Securities Litigation***, Case No. 08 Civ. 1029 (WHP) (S.D.N.Y): Pritzker Levine partner Jonathan Levine, as Lead Counsel, represented a nationwide class of investors of SLM Corporation ("Sallie Mae") in litigation alleging that Sallie Mae, the leading provider of student loans in the U.S., misled the public about its financial performance in order to inflate stock prices.  The case resulted in settlement that created a $35 million fund to resolve investors' claims.

- ▪ ***In re Winstar Communications Securities Litigation***, Case No. 01 Civ. 3014 (GBD) (S.D.N.Y.):  Pritzker Levine partner Jonathan Levine represented Allianz of America, Inc., Fireman's Fund and other large private institutional investors in federal securities litigation against the senior executives of Winstar Communications Inc., Lucent Technologies Inc. and Grant Thornton LLP, arising out of plaintiffs' investments in Winstar Communications, Inc.  The case was resolved through several confidential settlements, the last one achieved on the eve of trial.

- ▪ ***In re American Express Financial Advisors Securities Litigation***, Case No. 04 Civ. 1773 (DAB) (S.D.N.Y.):  Pritzker Levine partner Jonathan Levine represented as Co-lead Counsel a nationwide class of individuals who bought financial plans and invested in mutual funds from American Express Financial Advisors.  The case alleged that American Express steered its clients into underperforming "shelf space funds" to reap kickbacks and other financial benefits.  The case resulted in a cash settlement of $100 million.

- ▪ ***Rosen v. Macromedia, Inc.***, Case No. 988526 (Cal. Sup. Ct., County of San

PRITZKER LEVINE LLP

Francisco):  Pritzker Levine partner Jonathan Levine, as Co-lead Counsel, represented a certified nationwide class of investors of Macromedia in litigation alleging that the company and certain of its executives misled the public about its financial performance and products in order to inflate its stock price. The case resulted in a settlement with a $48 million fund to resolve investors' claims.

- *In Re Gupta Corporation Securities Litigation*, Case No. C 94-1517 FMS (N.D. Cal.): Pritzker Levine partner Jonathan Levine represented as Co-lead Counsel a certified nationwide class of investors of Gupta Corporation in litigation alleging that Gupta and its senior-most executives misled the public about the company's financial performance in order to inflate the company's stock price.  The case resulted in a $15 million settlement fund to resolve investors' claims.

- *Provenz v. Miller*, Case No. CV-92-20159-RMW (N.D. Cal.):  Pritzker Levine partner Jonathan Levine represented as Co-lead Counsel a certified nationwide class of investors of MIPS Technologies, Inc. in litigation alleging that MIPS and certain of its executives misled the public about its financial performance and products in order to inflate the company's stock price.  The case resulted in a settlement that established a $15 million fund to resolve investors' claims.

## BUSINESS LITIGATION

Pritzker Levine has successfully handled litigation matters for corporate and business clients involving breach of contract, breaches of fiduciary duty, unfair competition, deceptive labeling, trade libel and other matters.  While we employ our legal and business acumen to resolve business disputes amicably, the firm's attorneys are respected and skillful trial counsel.  Some recent cases and trial successes include:

- *Farmhouse DTLA Inc. v. LA Farmers Inc*., Case No. A245061-24 (Judicate West – Los Angeles):  Partner Jonathan Levine and the Pritzker Levine firm represent a local tech company in a breach of contract and breach of fiduciary duty arbitration matter arising from an investment in and the subsequent sale of a marijuana grow operation and dispensary in Los Angeles, California. The matter was arbitrated in February 2021, resulting in a favorable arbitration award for the firm's client.

- *ITyX Solutions, AG v. Kodak Alaris Inc*., Case No. 1:16-cv-10250-ADB (D. Mass.):  As chief trial counsel, firm partners Elizabeth Pritzker and Jonathan Levine successfully litigated an international business dispute involving artificial

13

PRITZKER LEVINE LLP

intelligence technologies.    After a 10-day trial in the District Court of Massachusetts, the jury returned a unanimous $9.2 million verdict in favor of Pritzker Levine's clients, and United States District Court Judge Allison D. Burroughs entered judgment in favor of the firm's clients on equitable claims.  Pritzker Levine also successfully defended the jury verdict after the defendant appealed to the First Circuit Court of Appeals.

- ▪ ***BeUbiq, Inc. v. CCG, Inc.,*** Case No. 114cv270691 (Cal. Sup. Ct., County of Santa Clara): Partners Jonathan Levine and Bethany Caracuzzo represented a Silicon Valley tech start-up in a breach of contract action against a software development company that BeUbiq hired to develop the software platform for its principal product, and obtained a California State Court jury verdict favorable to their clients.

- ▪ ***BTI Group v. Forrests Music***, Case No. C-17-00780 (Cal. Sup. Ct., County of Contra Costa)*:*  Pritzker Levine represented local business owners who were sued for breach of contract in connection with the sale of their business.  Following several months of litigation, Pritzker Levine was able to obtain a dismissal with prejudice for its clients.

### ATTORNEY PROFILES

### Elizabeth C. Pritzker

Elizabeth C. Pritzker is a co-founding partner of Pritzker Levine LLP, where she represents consumers, shareholders and businesses harmed by corporate wrongdoing and unfair competition.  Elizabeth practices exclusively in the areas of litigation, trial and client counseling. She has prosecuted cases against monopolists, price-fixing cartels, big tech, major manufacturers, pharmaceutical companies, and the NCAA.

Elizabeth is frequently appointed by courts to lead major complex cases.  Most recently, Elizabeth was appointed to serve as:  (1) Co-Lead Counsel in the *In Re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation*, a nationwide RICO and multi-state antitrust class action alleging that Mylan NV and Pfizer, Inc., the seller and manufacturer of the life-saving EpiPen, respectively, engaged in an unlawful scheme to sharply increase the price of the device while at the same time stifling competition from others seeking to enter the market; and (2)  as Liaison Counsel for the consumer plaintiff class in the *In re Google Play Store Antitrust Litigation*, a multi-district antitrust class action alleging that Google has knowingly created, and continues to exert, an unlawful

PRITZKER LEVINE LLP

monopoly over the market for the distribution of apps through the Android OS, making it impossible for users to purchase apps other than through the Google Play Store.

Elizabeth also serves as Additional Class Counsel in *In re NCAA Grant-in-Aid Cap Antitrust Litigation*, in which a trial verdict on behalf of a nationwide class of college athletes challenging NCAA-imposed caps on athletic scholarships has recently been upheld in a unanimous decision by the U.S. Supreme Court in March 2021.

Additionally, Elizabeth serves on the leadership team in the *In re Packaged Seafood Products Antitrust Litigation*, a certified class action on behalf of consumers harmed by price-fixing cartelists in the packaged tuna industry, and as Co-Lead Class Counsel in *Corcoran v. CVS Pharmacy, Inc.*, a certified multi-state class action on behalf of insured consumers who were allegedly overcharged at CVS pharmacies for their generic prescription drugs.

Elizabeth's past work includes her appointment as Plaintiffs' Class Counsel in *Il Fornaio (America) Corporation v. Lazzari Fuel Company, LLC*, an antitrust class action alleging customer allocation and bid rigging among sellers of restaurant grade mesquite charcoal. She was appointed to the Direct Purchaser Plaintiffs' Steering Committee in the *In re Lithium Ion Rechargeable Batteries Antitrust Litigation*, and Liaison Counsel in the *In re TFT-LCD (Flat Panel) Antitrust Litigation.*

Elizabeth heads up the firm's antitrust practice, with additional leadership roles in *In re German Automotive Manufacturers Antitrust Litigation* (Plaintiffs' Steering Committee); *In re Transpacific Passenger Air Transportation Antitrust Litigation* (Plaintiffs' Executive Committee); *In re Domestic Drywall Antitrust Litigation* (Liability Team Leader/Plaintiffs' Steering Committee); and *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation* (Indirect Purchaser Plaintiffs' Litigation Committee).

Elizabeth is experienced and successful in trial work.  As a recent example, in addition to her work in the *NCAA* trial, she and law firm partner, Jonathan Levine, obtained a $9.2 million federal jury trial verdict for a German-based tech start-up in *ITyX AG v. Kodak Alaris, Inc*, No. 16-cv-10250-ADB (D. MA), that has been upheld by the First Circuit.

Elizabeth and the Pritzker Levine firm are leading the charge in several personal injury matters on behalf of firefighters who have been diagnosed with cancer and other serious illnesses as a result of their exposure to PFAS chemicals in Class B firefighter foams and firefighter protective gear ("turnouts").

Elizabeth speaks French and is learning to speak German.

PRITZKER LEVINE LLP

**Education**
- University of San Francisco School of Law, J.D.
- McGill University, B.A

**Admissions**
- California
- United States Supreme Court
- United States Court of Appeals for the Ninth Circuit
- United States District Courts for the Northern, Central, Southern and Eastern Districts of California, the District of Colorado, and the Eastern District of Michigan

**Honors/Appointments**
- *Daily Journal* "Top Antitrust Lawyer in 2020"
- Northern California "Super Lawyer"
- Northern California "Top 100 Lawyers"
- Northern California "Top 50 Women Lawyers"
- Immediate Past Chair, Antitrust and Unfair Competition Law Section of the California Lawyers Association, and founder of Section's Diversity & Inclusion Fellowship Program
- Past Editor-in-Chief, *Competition* - Journal of the Antitrust and Unfair Competition Law Section of the California Lawyers Association
- Appointed Lawyer Representative, Ninth Circuit Conference Executive Committee
- Appointed Lawyer Representative, United States District Court for the Northern District of California
- Member/Contributing Author, Duke Law Committee on Standards and Best Practices for Increasing Diversity in Mass Tort and Class Action Leadership
- Board of Governors of Consumer Attorneys of California
- Board Member, Legal Aid Society of San Mateo County
- Board Member, Bay Area Lawyers for Individual Freedom

**Memberships**
- American Bar Association, Antitrust Law Section
- California Lawyers Association, Antitrust UCL & Privacy Section
- American Association for Justice
- Consumer Attorneys of California
- Alameda County Bar Association
- Bay Area Lawyers for Individual Freedom

PRITZKER LEVINE LLP

**Publications/Speaking Engagements**

- Speaker, *Apple Meets Amex – Two-Sided Liability*, American Bar Association, Antitrust Law Section (June 2020)
- Speaker, *Matters That Involve Antitrust – Some You Expect, Some You Don't*, Annual Meeting of the California Lawyers Association (September 2019)
- Speaker, *Third Annual Celebration of Women in Competition Law: Why Majority Women Trial Teams Make Sense*, Antitrust UCL & Privacy Section of the California Lawyers Association (March 2019)
- Speaker, *Advising Clients on Antitrust Issues*, Annual Meeting of the California Lawyers Association (September 2018)
- Author, "*Making the Intangible Concrete: Litigating Intangible Harms in a Post-Spokeo World*," Competition - The Journal of the Antitrust, UCL and Privacy Section of the State Bar of California, Vol. 26, No. 1 (Spring 2017)
- Speaker, "*Antitrust 101*," Annual Convention of the State Bar of California (August 2017; September 2016)
- Speaker, "*Multistate Indirect Purchaser Class Actions: Using Consumer Protection Statutes to Hurdle the Illinois Brick Wall*," American Bar Association, Antitrust Law Section (December 2015)
- Moderator, "*Emerging Standards Under the FTAIA*," Antitrust, UCL and Privacy Section of the State Bar of California (February 2015)
- Speaker, "*The Lightbulb Conspiracy: Environmental Impacts of Planned Obsolescence*," Environmental Youth Forum 2015 (February 2015)
- Lecturer, "*Post-Brinker Employment Class Action Seminar*," 46th Annual Consumer Attorneys of California Convention (November 2012)
- Presenter, "*Class Actions under Dukes*," Cambridge International Forums: Plaintiffs Class Action Forum (April 2012)
- Lecturer, *Summary Judgment Seminar*, San Francisco Trial Lawyers Association (February 2012)
- Moderator*, Judicial Perspectives on Class Actions*, Consumer Attorneys of California (March *2012*)

## Jonathan K. Levine

Jonathan K. Levine is a co-founding partner of Pritzker Levine LLP, where he represents investors, multi-national corporations, small businesses, whistleblowers and consumers in individual, derivative and class action litigation. Jonathan has more than 30 years of experience prosecuting complex securities fraud, business, antitrust and consumer class action litigation in state and federal courts.

PRITZKER LEVINE LLP

Jonathan has served in a leadership role in numerous cases brought under federal and state securities, antitrust and consumer statutes. He also has successfully represented whistleblowers before the U.S. Securities and Exchange Commission, the U.S. Commodity Futures Trading Commission and the U.S. Department of Justice. Jonathan currently serves as Co-Lead Counsel in *In re Lenovo Adware Litigation,* where he represents more than 800,000 consumers in a nationwide multidistrict class action against Lenovo and Superfish for damages arising from the surreptitious installation of computer spyware on certain Lenovo computer models sold in the United States, and in *Corcoran v. CVS Pharmacy, Inc*., a class action alleging that CVS wrongfully overcharges consumers who are insured and have third-party prescription drug coverage for commonly prescribed generic prescription drugs. He is also serving on the leadership team in the *In re ZF-TRW Airbag Control Units Products Liability Litigation*, a nationwide multidistrict class action concerning defective airbag control units in certain vehicles.

Jonathan has an active business litigation and trial practice. He served as lead trial counsel, with firm partner Elizabeth Pritzker, in *ITyX Solutions, AG v. Kodak Alaris Inc.*, representing several German companies and their executives in an international business dispute involving breaches of contract and fiduciary duty. After a 10-day trial in the District Court of Massachusetts, the jury returned a unanimous $9.2 million verdict in favor of Pritzker Levine's clients. Jonathan also served as lead trial counsel, with firm partner Bethany Caracuzzo, in *BeUbiq, Inc. v. CCG, Inc.*, a breach of contract dispute, in which the firm obtained a favorable jury verdict for their Silicon Valley tech start-up clients.

Jonathan currently represents a local tech entrepreneur in an ongoing breach of contract, breach of fiduciary duty and derivative action arising from his ownership interests in several related limited liability companies and partnerships. That action, while ongoing, has already resulted in the recovery of more than $29 million of misappropriated investor funds. Jonathan also currently represents a group of more than 130 accredited investors in a securities fraud action brought by the SEC against the managers of several investment funds. In that case, he successfully argued for the adoption of a receivership distribution plan different than the plan proposed by the SEC.

**Education**
- Fordham University School of Law, J.D.
- Columbia University, B.A.

**Admissions**
- California

18

PRITZKER LEVINE LLP

- New York
- Connecticut.
- United States Supreme Court
- United States Courts of Appeals for the Second, Fourth, Ninth and Eleventh Circuits
- United States District Courts for the Southern and Eastern Districts of New York, the Northern, Central, Southern and Eastern Districts of California, the Northern District of Texas, the District of Colorado, and the Eastern District of Michigan

**Honors/Appointments**
- Chair, Executive Committee of the Business Section of the Alameda County Bar Association
- Appointed Member, Executive Committee of the Antitrust and Unfair Competition Law Section of the California Lawyers Association
- Appointed Member, Committee on Federal Courts of the State Bar of California
- American Bar Association Litigation Section Subcommittee on Officers and Directors Liability
- National Association of Public Pension Attorneys' *Morrison* Working Group
- Northern California "Super Lawyer"

**Memberships**
- California Lawyers Association
- Alameda County Bar Association
- New York State Bar Association
- Connecticut Bar Association

**Publications/Speaking Engagements**
- Speaker, "*Data Security for Law Firms*," California Lawyers Association Small Firm Summit (June 2019)
- Speaker, "*Data Privacy in the US and EU*," California Lawyers Association Annual Meeting (September 2018)
- Speaker, "*Trial Strategy*," Alameda County Bar Association (October 2016)
- Co-author, *"California Online Privacy Laws: The Battle for Personal Data,"* Competition – The Journal of the Antitrust, UCL and Privacy Section of the State Bar of California (2016)
- Speaker, "*Arbitration Agreements*," Alameda County Bar Association (November 2015)
- Co-author, *Living in a Post-Morrison World: How to Protect Your Assets Against Securities Fraud*, NAPPA (2012)

PRITZKER LEVINE LLP

- Speaker, "*Evaluating the Impact of the LIBOR Scandal,*" West LegalEdCenter (August 2012)
- Speaker, "*Successful Direct Examination of Expert Witnesses,*" Bridgeport 2011 Conference on Working With and Deposing Experts (March 2011)
- Author, "*E-Mail and Voice Mail Discovery Issues*," Glasser LegalWorks (1998)
- Author, "*Discovery Techniques in Commercial Litigation and Recent Developments In the Rules of Discovery,*" American Trial Lawyers Association (1991)
- Co-author, "*The Business Judgment Rule and Derivative Actions*," Practicing Law Institute (1989)

## Bethany L. Caracuzzo

Bethany L. Caracuzzo has more than twenty years of experience litigating federal and state antitrust violations, defective products and services, employment law disputes, and catastrophic injury actions.

Bethany has been active in the firm's prosecution of antirust class actions, including *Al's Discount Plumbing LLC v. Viega LLC* (representing plumbers alleging that a plumbing fitting manufacturer uses its monopoly power to undermine competitors in the market for copper pipe press fittings); *In re Packaged Seafood Products Antitrust Litigation* (representing end payor plaintiffs in a multi-district class action alleging price fixing by producers of packaged seafood products); *Corcoran v. CVS Pharmacy, Inc.* (representing consumers in a class action alleging that CVS wrongfully overcharges consumers who are insured and have third-party prescription drug coverage for commonly prescribed generic prescription drugs); *In Re Transpacific Air Transportation Antitrust Litigation* (representing consumers in a multi-district class action alleging fuel surcharge price-fixing by airlines in the transpacific passenger airline market); *In re Domestic Drywall Antitrust Litigation* (representing nonprofit housing development entities and indirect purchasers in a multi-district class action alleging price fixing by U.S. drywall manufacturers); and *Il Fornaio (America) Corporation v. Lazzari Fuel Company, LLC* (representing restaurant-consumers alleging price-fixing by distributors of mesquite lump charcoal used in cooking and preparing food). She was also a key contributor to the firm's settlement of consumer class action litigation involving the Brazilian Blowout line of hair smoothing products.

Bethany, along with partner Jonathan Levine, successfully tried to a jury verdict a breach of contract action involving a Silicon Valley start-up. She has also served as a member of several trial teams in litigating cases to verdict, including those involving wrongful death, traumatic birth injuries and injuries from defective products.

PRITZKER LEVINE LLP

Prior to joining Pritzker Levine, Bethany spent twelve years representing injured victims and employees at two San Francisco Bay Area law firms, where she litigated and obtained favorable settlements in personal injury cases involving medical malpractice, dangerous drugs, defective products, dangerous property conditions, and motor vehicle accidents.

**Education**
- California Western School of Law, J.D.
- Boston College, B.A., *cum laude*

**Admissions**
- California
- United States Supreme Court
- United States Court of Appeals for the Ninth Circuit
- United States District Courts for the Northern, Central, Southern and Eastern Districts of California

**Honors/Appointments**
- The Sedona Conference Working Group 1
- Northern California "Super Lawyer"

**Memberships**
- American Bar Association, Antitrust Section
- Consumer Attorneys of California
- San Francisco Trial Lawyers Association
- American Association for Justice
- Alameda County Bar Association

**Publications/Speaking Engagements**
- Author, *"Where Do We Go From Here: Article III Standing and Cy Pres-Only Settlements in Privacy Class Actions in the Wake of Frank v. Gaos,"* Competition – The Journal of the Antitrust, UCL and Privacy Section of the California Lawyers Association (2019)
- Lecturer, "*Opposing Motions for Summary Judgment*," San Francisco Trial Lawyers Association

### Heather P. Haggarty

Heather P. Haggarty represents consumers, investors, and individuals in class actions and other complex litigation, holding companies and institutions accountable when they

PRITZKER LEVINE LLP

engage in misconduct.  Over her 24-year legal career, Heather has litigated a wide range of commercial cases involving securities fraud, trademark, copyright, product liability and patent infringement and white-collar criminal defense.  She also has experience in internal corporate investigations.

Most recently, Heather has had the privilege of aiding in the litigation of the *In Re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation*, (a class action alleging that the seller and manufacturer of the life-saving EpiPen engaged in anticompetitive practices in an unlawful scheme to sharply increase the price of the device); *In re NCAA Grant-in-Aid Cap Antitrust Litigation* (on behalf of a nationwide class of college athletes challenging NCAA-imposed caps on athletic scholarships); and *Corcoran v. CVS Pharmacy, Inc*. (a class action on behalf of insured consumers who were allegedly overcharged at CVS pharmacies for their generic prescription drugs).

Heather is active in the firm's prosecution of several personal injury matters on behalf of firefighters who have been diagnosed with cancer and other serious illnesses as a result of their exposure to PFAS chemicals in Class B firefighter foams and firefighter protective gear ("turnouts").

Prior to joining Pritzker Levine, Heather worked at Bullivant Houser Bailey PC in San Francisco and Dorsey & Whitney, LLP in New York.  Heather has served as a volunteer attorney with the Lawyers Committee for Civil Rights Under Law and with Public Justice in Oakland, California. She has also done volunteer work for Public Advocates in San Francisco.

**Education**
- Fordham University School of Law, J.D.
- Scripps College, B.A.

**Admissions**
- California
- New York
- United States District Courts for the Northern and Central Districts of California, and the Southern District of New York

**Memberships**
- California Lawyers Association
- New York State Bar Association

PRITZKER LEVINE LLP

**Publications/Speaking Engagements**
- Co-author, *"California Online Privacy Laws: The Battle for Personal Data,"* Competition – The Journal of the Antitrust, UCL and Privacy Section of the State Bar of California (2016)
- Co-author, "*Rule 23(b)(3)(F): Closing the Doors of the Courthouse,*" published in the Common Good, Fordham Law School (1999).
- Co-author, "*Court Permits Differential Treatment Based on Native American Sovereignty,*" New York Law Journal (1998)
- Co-author, "*Defamation, Internet Providers, and Publisher Liability: A Square Peg in a Round Hole?,*" NY State Bar Association Entertainment, Arts & Sports Law Journal (1998)
- Co-author, "*The Media and the Attorneys' Absolute Privilege to Defame:* Undermining *or Preserving the Integrity of the Judicial Process?,*" NY State Bar Association Entertainment, Arts & Sports Law Journal (1997)

## Caroline C. Corbitt

Caroline C. Corbitt is an associate attorney with a practice that encompasses a wide range of complex commercial litigation, including consumer protection, defective products, data breach, employment, antitrust, and privacy.

Caroline has been active in the firm's prosecution of *Staley et al., v. Gilead Sciences at al.* (class action lawsuit against drug manufacturer Gilead, Johnson & Johnson and Bristol-Meyers Squibb, for knowingly colluding to raise the price of anti-HIV drugs, and wrongfully raising the price of treatment for the one million people in the United States living with HIV), *Hubbard v. Google LLC* (nationwide class action on behalf of minor children alleging that Google, YouTube and certain other companies that advertise content on YouTube illegally tracked and collected personal information and persistent identifiers for minor children viewing children's content on YouTube), and *Corcoran v. CVS Pharmacy, Inc.*, (a class action on behalf of insured consumers who were allegedly overcharged at CVS pharmacies for their generic prescription drugs).

Prior to joining Pritzker Levine, Caroline worked for four years as an associate attorney at Gibbs Law Group LLP. While there, she worked on numerous class action lawsuits that received widespread national media coverage, including *In re Anthem, Inc. Data Breach Privacy Litigation; In re Wells Fargo Collateral Protection Insurance Litigation;* and *Fero v. Excellus Health Plan, Inc.*

PRITZKER LEVINE LLP

During law school, Caroline was a summer extern for the Honorable Laurel Beeler, Magistrate Judge of the United States District Court, Northern District of California. She also completed externships at the Federal Trade Commission and the California Department of Justice, Antitrust Division.

**Education**
- University of Southern California, J.D.
- Harvard University, B.A.

**Admissions**
- California
- United States Court of Appeals for the Ninth Circuit
- United States District Courts for the Northern, Central, and Southern Districts of California

**Honors/Appointments**
- Northern California "Rising Star"

**Publications**
- Author, *Monopsony and Its Impact on Wages and Employment:  Past and Future Merger Review*, Competition – The Journal of the Antitrust, UCL and Privacy Section of the California Lawyers Association (Fall 2019)

**Memberships**
- California Lawyers Association
- American Association for Justice

**Richard R. Seal**

Richard R. Seal is of counsel to Pritzker Levine LLP. Rick is based in the firm's California office where is working with first responders who have sustained injuries from occupational exposure to toxic materials.

For the past four years, Rick has been working with firefighters who have sustained injuries and illness associated with workplace hazards. Rick has counseled fire chiefs and union officials in the development of protocols aimed at reducing the incidence of cancer in the fire service.

PRITZKER LEVINE LLP

Rick is an active member of the firm's litigation team representing dozens of clients in several personal injury matters on behalf of firefighters who have been diagnosed with cancer and other serious illnesses as a result of their exposure to PFAS chemicals in Class B firefighter foams and firefighter protective gear ("turnouts").

Prior to attending law school and joining Pritzker Levine, Rick had a long and distinguished career in public safety.  Over three decades, Rick served as a mobile intensive care paramedic, and then as a firefighter, fire captain, Battalion Chief and EMS Chief in San Jose, California.  Rick ended his public safety career as the Fire Chief for the East Bay Regional Park District. In 1998, Rick received a Medal of Valor- Class A for a successful rescue and resuscitation of a young woman trapped in a residential structure fire.

Rick is also an accredited attorney with the United States Veterans Administration focusing on assisting veterans obtaining their benefits.

**Education**
- Golden Gate University, J.D.
- San Jose State University, M.P.A., *pi alpha*
- University of California, Berkeley, B.A., *phi beta kappa*

**Admissions**
- California
- United States District Court for the Northern District of California

**Memberships**
- California Lawyers Association

## Anne Maness Whitney

Anne C. Maness Whitney is an associate attorney whose practice focuses on antitrust and privacy. She has assisted in the litigation of *Al's Discount Plumbing LLC v. Viega LLC* (representing plumbers alleging that a plumbing fitting manufacturer uses its monopoly power to undermine competitors in the market for copper pipe press fittings), the *In re: National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation* (representing current and former student-athletes in a class action alleging artificial caps on scholarships) and the *In re: Lenovo Adware Litigation* (representing consumers in a class action alleging secret installation of spyware.)  Anne holds a certification from the International Association of Privacy Professionals in the area of U.S. private sector (C.I.P.P./US).

25

PRITZKER LEVINE LLP

**Education**
- George Mason University School of Law, J.D.
- Duke University, B.A.

**Admissions**
- California
- North Carolina
- United States District Court for the Northern District of California

**Memberships**
- California Lawyers Association
- North Carolina Bar Association

## John A. Kehoe

John A. Kehoe is of counsel to Pritzker Levine LLP.  John is based in the firm's New York office, where he works with clients to elicit changes to enhance corporate governance, promote management responsibility, protect stockholder rights, and recover financial losses as a result of wrongful misconduct.  He has assisted the firm in the prosecution of complex litigation matters, including *Al's Discount Plumbing LLC v. Viega LLC* (representing plumbers alleging that a plumbing fitting manufacturer uses its monopoly power to undermine competitors in the market for copper pipe press fittings), *In re Lenovo Adware Litigation* (representing consumers in a multi-district class action Lenovo and Superfish for damages arising from the surreptitious installation of spyware on certain notebook computers), and *In re Disposable Contact Lens Antitrust Litigation* (representing plaintiffs in a nationwide class action against contact lens manufacturers alleging that the manufacturers colluded to maintain the retail prices of contact lenses).

During more than 20 years in practice, John has prosecuted precedent-setting securities and financial fraud cases in federal and state courts on behalf of numerous institutional and individual clients
John is a program faculty member with the National Institute of Trial Advocacy, and was previously an adjunct faculty member with the Trial Advocacy Training Program at the Louisiana State University School of Law.  Prior to attending law school, John served as a law enforcement officer in the State of Vermont for eight years, where he was a member of the tactical Special Reaction Team and member of the Major Accident Investigation Team**.**

PRITZKER LEVINE LLP

**Education**
- Syracuse University College of Law, J.D., *magna cum laude*
- University of Vermont, M.A. Pub. Admin.
- DePaul University, B.A.

**Admissions**
- New York
- Pennsylvania
- United States Court of Appeals for the Second Circuit
- United States District Court for the Southern District of New York

**Memberships**
- New York State Bar Association
- New York City Bar Association

**Publications/Speaking Engagements**
- Speaker, 2013 National Conference on Public Employee Retirement Systems (Rancho Mirage, CA)
- Speaker, 2013 Investment Education Symposium (New Orleans, LA)
- Speaker, 2013 Public Funds East Conference (Newport, RI)
- Speaker, 2012 Rights and Responsibilities for Institutional Investors (Amsterdam, Netherlands)
- Speaker, 2011 European Investment Roundtable (Stockholm, Sweden)
- Speaker, 2011 Public Funds Symposium (Washington, D.C.)
- Speaker, 2011 National Conference on Public Employee Retirement Systems (Miami Beach, FL)
- Speaker, 2010 ESG, USA Global Trends and U.S. Sustainable Investing (NY, NY)
- Speaker, 2010 ICGN Annual Conference: "*The Changing Global Balances*" (Toronto, Canada)
- Speaker, 2010 Public Funds West Summit (Scottsdale, AZ)
- Speaker, 2009 ICGN Annual Conference: "*The Route Map to Reform and Recovery*" (Sydney, Australia)

EXHIBIT B

EXHIBIT 1

Lesley Weaver (Cal. Bar No.191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
**BLEICHMAR FONTI & AULD LLP**
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*

David A. Straite (admitted *pro hac vice*)
Aaron L. Schwartz (admitted *pro hac vice*)
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, NY 10022
Tel.: (212) 687-1980
Fax: (212) 687-7715
*dstraite@kaplanfox.com*

*Counsel for Plaintiffs*

Jason 'Jay' Barnes (admitted *pro hac vice*)
Mitchell M. Breit (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
**SIMMONS HANLY CONROY LLC**
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*

Laurence D. King (Cal. Bar No. 206423)
Mario Choi (Cal. Bar No. 243409)
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Tel.: (415) 772-4700
Fax: (415) 772-4707

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 5:20-cv-05146-LHK-SVK<br><br>**[PROPOSED]** PROTOCOL FOR PLAINTIFFS' COUNSEL'S TIME AND EXPENSES |

WHEREAS, Plaintiffs filed this action on July 27, 2020 as a putative class action, and

WHEREAS, if the Court certifies this action as a class action in whole or in part, Plaintiffs' counsel's recovery of fees and expenses (if any) will require Court approval;

NOW THEREFORE, in anticipation of any request for fees and expenses, the Court hereby enters this Order to establish a protocol to govern Plaintiffs' counsel work for common benefit and expense, including, among other issues, the exercise of billing judgment; the maintenance of contemporaneous, detailed time records; the periodic reporting of fees, expenses, and/or costs; staffing; and rules for assignment of tasks.[1]

## I. EFFICIENCY PROTOCOLS FOR COMMON BENEFIT WORK

A. This action shall be actively supervised by lead counsel to minimize the risk of duplication of efforts or other inefficiencies, and to ensure that time and expenses are (a) for the common benefit of Plaintiffs; (b) timely recorded; and (c) reasonable. Lead counsel shall mean Lesley Weaver, David Straite and Jay Barnes.[2]

B. Lead Counsel should meet telephonically at least once a week to minimize the risk of duplication of efforts in ongoing or anticipated tasks over the following week; Plaintiffs' counsel should also discuss the results of any audit of the prior month's time records and discuss if the audit reveals further opportunities to reduce risk of duplication. Lead counsel should also make efforts to assign tasks to the most junior level attorney appropriate to each task.

C. "Common Benefit Work" includes all work done and expenses incurred that inure to the common benefit of Plaintiffs and the putative class in this litigation.

D. Any counsel seeking reimbursement for fees and expenses for work in this action will maintain regular contemporaneous time and expense records, submitted on a monthly basis to Lesley Weaver, Esq. (or her designee) per the "Deadlines" Section below. Lead counsel shall

---

[1] Nothing in this Order shall be interpreted to affect any proceedings other than those involving the authorities, duties, responsibilities, guidelines, and rules of and for Plaintiffs' counsel, as discussed herein. In addition, nothing in this Order shall be interpreted as an indication of whether the Court will or will not certify a class.

[2] This Order requires active supervision of the case by lead counsel for efficiency reasons but it is not an order appointing class counsel or interim class counsel per Fed. R. Civ. P. 23(g).

regularly audit such submissions for compliance with the directives set forth in this Order, and inform their co-counsel when a colleague's submissions do not comply. Counsel's auditing responsibility notwithstanding, the ultimate determination of what is compensable common benefit work, and the extent or rate at which it is compensable, is within the purview of the Court. In the event that lead counsel are unsure if the action they are about to undertake is considered common benefit work, they shall confer with each other in advance.

## II.   EXPENSES

### A.   Travel Expenses

Only reasonable expenses may be reported. Except in unusual circumstances approved by lead counsel, all travel is subject to the following limitations:

1.   Airfare:   For ~~short domestic~~ flights, only the price of a refundable and convenient coach fare seat or its equivalent may be reimbursed. ~~For international travel or transcontinental flights with a total duration exceeding four hours, business class, or if business class is not available, first class, may be reimbursed.~~ Any unusual circumstances must be approved in advance by lead counsel.

2.   Hotel:   Hotel room charges for the average available room rate of a reasonable business hotel may be reimbursed. Unusually high hotel charges may be reviewed by lead counsel and disallowed.

3.   Meals:   Travel meal expenses must be reasonable, and may not exceed ~~$125~~ **$100** per day in the aggregate. Unusually large meal expenses may be reviewed by lead counsel and disallowed.

4.   Cash Expenses:   Miscellaneous cash expenses for which receipts generally are not available (e.g., tips, luggage handling) may be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

5.   Automobile Rental:   Automobile rentals must be reasonable for the date and location of the rental. Unusually high car rental charges may be reviewed by lead counsel and disallowed.

6.      Mileage:  Mileage claims must be documented by stating origination point, destination, and total actual miles for each trip. The rate will be the maximum rate allowed by the Internal Revenue Service.

**B.      Non-Travel Expenses**

1.      Long Distance, Conference Call, and Cellular Telephone Charges:  Common benefit international, video, conference call, and cellular telephone charges are to be reported at actual cost; ordinary domestic long-distance charges, however, are considered overhead.

2.      Shipping, Overnight, Courier, and Delivery Charges:  All claimed common benefit shipping, overnight, courier, or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

3.      Postage Charges:  Common benefit postage charges are to be reported at actual cost.

4.      Telefax Charges:  Common benefit fax charges shall not exceed $0.50 per page.

5.      Photocopy:  The maximum charge for common benefit in-house copies is $0.15 per page for black & white copies, and $0.40 for color.  Outside vendor charges are reimbursed at rates consistent with industry standards and are to be reported at actual cost.

6.      Computerized Research – Lexis, Westlaw, or Bloomberg:  Claims for Lexis, Westlaw, Bloomberg, or other computerized legal research expenses should be in the actual amount charged to the firm and appropriately allocated for these research services.

7.      Meals: Meals are usually not chargeable to the case even if reimbursed by their firms in the ordinary course; provided, however, that travel meals are reimbursable as provided above in the "Travel" Section, and meals provided at meetings, depositions, mediation and other work events can be reimbursable if provided to facilitate collegiality or convenience, and would be customary under the circumstances.

## C.     Recordkeeping and Review

No expense entry should contain more than one category of expense when practical, and no entry should have more than one expense category code assigned to it. If, on the same day, one person incurs two expenses that fall into two different categories, then there should be two separate entries for that person for that date, each with the appropriate expense description and category code. Similarly, when practical, no listed expense entry should include expenses incurred by more than one person. If multiple people incur the same expense for the same category, then generally there should be a separate entry for each person, unless a single person paid the expense for multiple people.

Every expense entry should be as detailed and specific as reasonably practical. Descriptions such as "Filing and Service Fees," "Service of Process," "Plane Ticket," "Investigation Fees," "Hearing Transcript," and "Deposition Services" are not sufficient. Every entry must describe the task for which the expense was incurred in enough detail to reasonably identify what the expense was, who incurred it, why it was incurred, and how it related to Common Benefit Work.

Attorneys should retain receipts for all expenses. Credit card receipts (not the monthly statements) are an appropriate form of verification, except that hotel costs should also be proven with a hotel invoice. The description of unclaimed expenses on the invoice may be redacted.

## D.     Shared Costs

"Shared Costs" are costs, defined below, that are eligible to be paid out of a Litigation Fund ("Fund") administered by lead counsel.  Lead counsel may contribute to the Fund to cover incurred or anticipated Shared Costs. The timing and amount of each assessment will be determined by lead counsel.

Shared Costs are costs incurred for the common benefit of Plaintiffs and the putative class. No client-related costs shall be considered Shared Costs, unless exceptional circumstances exist. All Shared Costs must be approved by lead counsel prior to payment.

All costs under the following categories shall be considered Shared Costs and qualify for submission and payment directly from the Fund:

- •      Court, filing, and service costs related to common issues;

- Court reporter and interpreter costs for depositions;
- Document (both electronic and hard copy) repository creation, operation, staffing, equipment, and administration;
- Extraordinary administration expenses not normally carried by one law firm in a co-counsel arrangement (e.g., expenses for equipment and technology, etc.);
- Legal, tax, and accountant fees relating to the Fund;
- Expert witness and consultant fees and expenses for experts whose opinions and testimony would be generic and for the common benefit of a substantial number of cases;
- Printing, copying, coding, and scanning related to the above (only out-of-house or extraordinary firm costs);
- Research by outside third-party vendors, consultants, attorneys;
- Translation costs related to the above;
- Bank or financial institution charges relating to the Fund; and
- Investigative services.

Reimbursement procedures and any forms associated therewith should include sufficient information to permit a Certified Public Accountant to account properly for costs and to provide adequate detail to the Court if necessary.

**E.    Held Costs**

"Held Costs" are costs that might qualify for reimbursement but will be carried by each attorney for the duration of the litigation and only reimbursed at the end of the case as approved by the Court. The decision whether to treat a cost as a "Shared Cost" or a "Held Cost" shall not be relevant to whether that cost is eventually deemed reimbursable by the Court but instead is simply an internal accounting distinction for the convenience of counsel. Travel expenses are typically considered "Held Costs."  Even if a cost is held by a firm and not submitted for reimbursement from the Fund as a "Shared Cost," it should still be reported to co-counsel per Section IV below.

## III.    TIME RECORDS

### A.    General Standards

1.    All time must be accurately and contemporaneously maintained, indicating with specificity the hours (in tenth-of-an-hour increments) and billing rate, along with a description of the particular activity (such as "conducted deposition of John Doe").

2.    Descriptions must bear sufficient detail to identify the precise task and how it related to Common Benefit Work. Individuals identified in time descriptions must be described by at least their first initial and last name, not by initials. "John Doe" is preferred; "J. Doe" is acceptable; and "JD" is unacceptable.

3.    Each time entry must be categorized using one of the categories in the "Time and Expense Report Template" spreadsheet, Exhibit A. In general, when possible, a more specific category should be used in place of a more general category. Under no circumstances should counsel make up new categories for use in its records. While the categories are generally self-explanatory, below are some further explanations of some of the categories that may have the potential for the most confusion.  All codes are based on the American Bar Association's Uniform Task-Based Management System and the "Litigation Code Set" (and should be interpreted consistently with the ABA codes) except for G115 and G325 which are bespoke for the needs of this case and accepted practice in the Northern District of California

a.    **Case Administration (G100).** This includes internal tasks such as scheduling, administrative matters, assignments, and managing personnel and resources working on the case, as well as meet and confers for case management conferences and preparation of statements therefor.

b.    **Fact Investigation/Development–Non-Expert (G110).** This includes interviewing witnesses, developing facts from internet research, consulting with industry participants including clients, and preparing memos relating to the same.

c.    **Client/Class Member Communications (G115).** This includes status reports to the clients, answering their questions, keeping them advised of the progress of the case and strategy decisions, preparations for document discovery and depositions.

d. **Analysis/Strategy (G120).** This includes meetings between, or among, Co-Lead Counsel and discussions between, or among, Participating Counsel in order to coordinate efforts and discuss status and strategy. These meetings should be accomplished by telephone unless Co-Lead Counsel schedules an in-person meeting.

e. **Experts/Consultants (Including *Daubert* Motions) (G130).** This includes working with the consulting and testifying experts and developing expert reports. It typically involves analysis of methodology and review of the reports. This also includes work on *Daubert* motions, and work by those primarily responsible for briefing, researching, and arguing such matters.

f. **Settlement/Non-Binding ADR (G160).** This includes preparation of mediation statements, participation in settlement negotiations, and documenting the settlements.

g. **Pleadings (G210).** This includes preparation of the complaint(s); evaluation of any potential amendments; and analyses of any Answer.

h. **Court Mandated Conferences (G230).** This includes appearances at status conferences, motion hearings, and other pre-trial hearings for those attorneys primarily responsible for preparing for and arguing such matters.  This also includes preparation for such conferences, including conferring with opposing counsel regarding any joint submission in advance of the conference, and also includes post-conference memos and meetings to ensure efficient handling of any directive of the Court or questions raised during the conference.

i. **Dispositive Motions (G240).** This includes work on dispositive motions, such as motions to dismiss and motions for summary judgment, and work by those primarily responsible for briefing, researching, and arguing such matters.

j. **Class Action Certification and Notice (G260).** This includes work on motions related to Class Certification and Notice related thereto, and work by those primarily responsible for briefing, researching, and arguing such matters.

k. **Written Discovery (G310).** This includes drafting and responding to written discovery, as well as work related to preservation of, and production of, Plaintiffs' documents.

l.    **Document Review – Tier I (G325).** This code does not appear in the ABA Litigation Code set but reflects accepted practice in the Northern District of California. It includes first-round document review by junior attorneys through an established document review platform. This category usually involves making the initial review of documents. If senior attorneys perform Tier I bulk document review, they are limited to the Tier I billing rate regardless of their normal billing rate.

m.    **Document Production and Discovery Analysis – Tier II (G320).** This code is based on the ABA Litigation Code (L320) for "document production" but is intended to cover more complex discovery tasks other than Tier I review. For example, this code includes review of the work of the Tier I document reviewers to determine the quality and efficiency of their work as well as second-layer review of documents. This work is usually done by senior attorneys who are coding documents for a specific use in the case. This code is also used for review Plaintiffs' documents and interrogatory responses.

n.    **Non-Expert Depositions (Prepare/Take/Defend) (G330).** This includes development of deposition outlines, gathering and review of exhibits, appearances at depositions for the purposes of being the first chair in taking or defending the deposition, or helping support the first chair.

o.    **Expert Discovery (G340).** This includes drafting and responding to expert written discovery, as well as work related to preservation of, and production of, expert-related documents. This also includes preparation for testimony, as well as review of the reports of defense experts and taking their depositions.

p.    **Discovery Motions (G350).** This includes work on motions related to discovery, and work by those attorneys primarily responsible for the relevant discovery issues and those attorneys primarily responsible for researching, briefing, and arguing such matters.

q.    **Trial Preparation (G440).** This includes meet and confers in preparation of a joint pre-trial statement as well as preparing the case for trial. This involves all substantive matters required to be submitted with the joint pre-trial statement in this District, such as motions in limine, jury instructions, trial exhibits, presentations, and video excerpts.

r.     **Trial Attendance (G450).** This includes all aspects of trial.

s.     **Appeal (G500).** This includes any type of appeal that may come up in the context of the case, and would primarily involve appellate brief writers and those making appellate arguments.

**B.     Hourly Rates**

Plaintiffs' Counsel shall record their time using the <u>lesser</u> of their standard hourly billing rates or the customary rates in this District. Although counsel may seek an award of fees based on this hourly rate, the Court is not bound to use any requested rate.  Further, while counsel may request fees based on the rate in effect at the time a settlement or judgment is reached to account for the delay in payment, [3] their billing records shall be prepared and recorded at the then-present rates in monthly time reports submitted to Ms. Weaver (or her designee). Any Tier I document review shall be billed at rates customary for first-round document review even if lower than the reviewing attorney's standard rate.

**C.     Document Hosting, Review and Analysis**

Lead counsel may outsource document hosting or analysis services but should seek bids and strive to get the best services for the best price without sacrificing quality. A document analysis system should also be used to monitor the document review and improve efficiency. Lead counsel should assign junior attorneys to the initial document analysis and coding ("Tier I Document Review," discussed above); mid-level attorneys for higher level analysis and coding; and senior attorneys (including counsel or partners, as necessary) for top-tier analysis and quality control. Senior lawyers who perform initial document analysis and coding may only bill at an hourly rate consistent with the market rate for junior lawyers, even if lower than their standard rate for other tasks.

---

[3] The use of a current hourly rate for all hours billed is a permissible way to account for delay in payment. *See, e.g.*, *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*,109 F.3d 602, 609 (9th Cir. 1997); *In re Washington Public Power Supply Systems Sec. Litig.*,19 F.3d 1291, 1305 (9th Cir. 1994).

IV. **PROTOCOLS FOR FORMAT, REVIEW AND SUBMISSION OF TIME AND EXPENSES RECORDS**

A. **Format**

Time and expense submissions will be maintained in the following format:

1. Counsel will use the Excel form provided as Exhibit A to this Order to maintain and report time and expenses on a calendar-month basis.

2. In the time report, the timekeeper who performed each task should be identified in the column called "Last Name, First Name" by their complete last name, a comma, and their complete first name (e.g., Smith, John), rather than abbreviations or initials.

3. In all reports, the date will be provided in month/day/year format (e.g., 10/23/14).

B. **Deadlines for Internal Submission**

Time and expense reports will be reported to Lesley Weaver, Esq. (or her designee), with copies to David Straite and Jay Barnes, on a monthly basis, by deadlines and in accordance with the guidelines set forth herein. The first submission is due on May 15, 2021 (or on the 15th of the month immediately after the date of this Order, if later) and should include all time and expenses from inception of work on the litigation through March 31, 2021 in a single report (and by calendar-month for April 2021 and every full month thereafter). After this first submission, each new monthly submission should be made by the 15th of each month and include all common benefit time and expenses incurred from the first to the last day of the preceding month.

Although counsel should endeavor to submit all common benefit expenses incurred in a certain month in the submission made on the 15th of the next month, the realities of third-party billing and credit card statement schedules may make such quick expense submission difficult in some circumstances. Thus, submissions of "supplemental" common benefit expense reports will be permitted for those expenses incurred during the previous months that—because of circumstances outside the submitting counsel's control—could not have been submitted by the deadline. Likewise, the late submission of any common benefit time reports does not automatically

result in disqualification of the late-submitted time if circumstances support inclusion; provided, however, that if the late submission causes the later duplication of work that could have been avoided by the timely submission, the earlier-incurred (but late-submitted) time will be excluded.

If and to the extent that this litigation is certified as a class action under Fed. R. Civ. P. 23 for purposes of resolution and/or trial, any award of fees and costs for common benefit work will be governed by the standards and procedures set forth in Rule 23, including Rule 23(h). In any event, no award or payment of common benefit fees or costs shall be made without this Court's approval.

### C.    Review

Lead counsel must personally review and confirm accuracy of his or her firm's full report in advance of each monthly submission. In addition, lead counsel must review each monthly submission from co-counsel and they should thereafter discuss whether the reports reveal opportunities for increased efficiencies in the prosecution of the litigation.  This review should occur each month and not just at the end of the litigation.

### D.    Submission to the Court

On a quarterly basis, lead counsel will lodge *in camera* summaries reflecting the hours billed and expenses incurred in this matter pursuant to this Protocol.  The first submission shall cover calendar-year 2020 and the first and second quarters of 2021, due to the court on August 15, 2021.  Thereafter, each quarterly submission will be due to the court on the 15th day of the second month following the end of any quarter being reported.  Thus, the third-quarter 2021 report will be due on November 15, 2021, and so forth.  Class counsel may be required to submit detailed time records in connection with any fee application.

1   Dated: April 28, 2021

2

3   **BLEICHMAR FONTI & AULD LLP**          **KAPLAN, FOX & KILSHEIMER LLP**

4   By:   _/s/ Lesley E. Weaver_            By:   _/s/ David A. Straite_
    Lesley Weaver (Cal. Bar No. 191305)     David A. Straite (admitted *pro hac vice*)
5   Angelica M. Ornelas (Cal. Bar No. 285929)   Aaron L. Schwartz (admitted *pro hac vice*)
    Joshua D. Samra (Cal. Bar No. 313050)   850 Third Avenue
6   555 12th Street, Suite 1600             New York, NY 10022
    Oakland, CA 94607                       Tel.: (212) 687-1980
7   Tel.: (415) 445-4003                    Fax: (212) 687-7715
    Fax: (415) 445-4020                     *dstraite@kaplanfox.com*
8   *lweaver@bfalaw.com*                    *aschwartz@kaplanfox.com*
    *aornelas@bfalaw.com*
9   *jsamra@bfalaw.com*                     Laurence D. King (State Bar No. 206423)
                                            Mario Choi (State Bar No. 243409)
10  **SIMMONS HANLY CONROY LLC**            1999 Harrison Street, Suite 1560
                                            Oakland, CA 94612
11  By:   _/s/ Jay Barnes_                  Tel.:   (415) 772-4700
    Mitchell M. Breit (admitted *pro hac vice*)   Fax:   (415) 772-4707
12  Jason 'Jay' Barnes (admitted *pro hac vice*)   *lking@kaplanfox.com*
    An Truong (admitted *pro hac vice*)     *mchoi@kaplanfox.com*
13  Eric Johnson (admitted *pro hac vice*)
    112 Madison Avenue, 7th Floor
14  New York, NY 10016
    Tel.: (212) 784-6400
15  Fax: (212) 213-5949
    *mbreit@simmonsfirm.com*
16  *jaybarnes@simmonsfirm.com*
    *atruong@simmonsfirm.com*
17  *ejohnson@simmonsfirm.com*

18

19                        **[PROPOSED] ORDER**

20          **GOOD CAUSE APPEARING, IT IS SO ORDERED AS**

21          **MODIFIED BY THE COURT.**

    Dated:   May 19, 2021                   _Lucy H. Koh_
22                                          HON. LUCY H. KOH
                                            UNITED STATES DISTRICT JUDGE
23

24

25

26

27

28

# ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty that the foregoing is true and correct. Executed this 28th day of April, 2021, at Oakland, California.

*/s/ Lesley E. Weaver*
Lesley E. Weaver

**CERTIFICATE OF SERVICE**

I, Lesley E. Weaver, hereby certify that on April 28, 2021, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

/s/ Lesley E. Weaver
Lesley E. Weaver

EXHIBIT A

*Calhoun, et al., v. Google LLC*, No 5:20-cv-5146-LHK-SVK (N D Cal )

**MONTHLY TIME REPORT**

| Firm Name: | |
|---|---|
| Reporting Period: | |

**Category Codes:**

| | | | |
|---|---|---|---|
| G100 Case Administration | G210 Pleadings | G310 Written Discovery | G440 Trial Preparation |
| G110 Fact Investigation/Development – Non-Expert | G230 Court Mandated Conferences | G320 Document Production | G450 Trial Attendance |
| G115 Client and Class Member Communications and Vetting | G240 Dispositive Motions | G325 Tier I Document Review | G500 Appeal |
| G120 Analysis/Strategy | G260 Class Action Certification and Notice | G330 Depositions – Non-Expert | |
| G130 Experts/Consultants | | G340 Expert Discovery | |
| G160 Settlement/Non-Binding ADR | | G350 Discovery Motions | |

| Name | Title | Date | Category Code | Category Name | Description of Work | Hours | Billing Rate | Total |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| **TOTAL** | | | | | | - | | $0.00 |

*Calhoun, et al., v. Google LLC* , No. 5:20-cv-5146-LHK-SVK (N.D. Cal.)

## MONTHLY TIMEKEEPER REPORT

| Firm Name: | |
|---|---|
| Reporting Period: | |

| Timekeeper Name | Timekeeper Title (include years of experience) | Hours | Rate | Total Lodestar |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTAL** | | - | | $0.00 |

*Calhoun, et al., v. Google LLC* , No. 5:20-cv-5146-LHK-SVK (N.D. Cal.)

**MONTHLY TIME REPORT SUMMARY**

| Firm Name: | |
|---|---|
| Reporting Period: | |

| Category Name | Total Time per Category | Total Fees per Category |
|---|---|---|
| G100 Case Administration | | |
| G110 Fact Investigation/Development | | |
| G115 Client and Class Member Communications and Vetting | | |
| G120 Analysis | | |
| G130 Experts/Consultants | | |
| G160 Settlement/Non-Binding ADR | | |
| G210 Pleadings | | |
| G230 Court Mandated Conferences | | |
| G240 Dispositive Motions | | |
| G260 Class Action Certification and Notice | | |
| G310 Written Discovery | | |
| G320 Document Production | | |
| G325 Tier 1 Document Review | | |
| G330 Depositions - Non-Expert | | |
| G340 Expert Discovery | | |
| G350 Discovery Motions | | |
| G440 Trial Preparation | | |
| G450 Trial Attendance | | |
| G500 Appeal | | |
| | | |
| **TOTAL** | **-** | **$0.00** |

*Calhoun, et al., v. Google LLC*, No. 5:20-cv-5146-LHK-SVK (N.D. Cal.)

**MONTHLY EXPENSE REPORT**

| Firm Name | |
|---|---|
| Reporting Period | |

**************************ALL ORIGINAL RECEIPTS MUST BE MAINTAINED AND PROVIDED TO CO-LEAD COUNSEL UPON REQUEST**************************

| Name | Title | Date | Nature of Expense / Charge Incurred | Description of Expense / Charge | Approved By | Cost |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| **TOTAL** | | | | | | $0.00 |

*Calhoun, et al., v. Google LLC*, No. 5:20-cv-5146-LHK-SVK (N.D. Cal.)

**MONTHLY SUPPLEMENTAL EXPENSE REPORT**

| Firm Name | |
|---|---|
| *Reporting Period* | |

*************************ALL ORIGINAL RECEIPTS MUST BE MAINTAINED AND PROVIDED TO CO-LEAD COUNSEL UPON REQUEST*************************

| Name | Title | Date | Nature of Expense / Charge Incurred | Description of Expense / Charge | Approved By | Cost |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| **TOTAL** | | | | | | **$0.00** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,

          Plaintiffs,

          v.

GOOGLE LLC,

          Defendant.

Case No. 5:20-cv-05146-LHK-SVK

**[PROPOSED] ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION FOR ENTRY OF TIME AND EXPENSE PROTOCOL**

1                                    **[PROPOSED] ORDER**

2           Having reviewed Plaintiffs' Administrative Motion for Entry of Time and Expense

3 Protocol, considered the responses filed thereto, and good cause appearing, the Court GRANTS

4 IN PART the motion and hereby ENTERS the Time and Expense Protocol attached as Exhibit 1

5 to the Declaration of Lesley E. Weaver as modified by the Court.

6          **IT IS SO ORDERED.**

7          May 19, 2021

8 Dated: _____

                                  *Lucy H. Koh*

                                  _____

9                                 HON. LUCY H. KOH

                                UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28