# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| BENJAMIN HEWITT and KIMBERLEY WOODRUFF, *on behalf of themselves and all others similarly situated*,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>GOOGLE LLC,<br>　　　　　　Defendant. | Case No. 5:21-cv-02155-LHK-VKD<br><br>CLASS ACTION<br><br>**[PROPOSED] ORDER GRANTING JOINT MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL** |
| MEAGHAN DELAHUNTY, MEGHAN CORNELIUS, and JOHN KEVRANIAN, *on behalf of themselves and all others similarly situated*,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>GOOGLE LLC,<br>　　　　　　Defendant. | Case No. 5:21-cv-03360-LHK<br><br>CLASS ACTION |
| SALVATORE TORONTO, *on behalf of himself and all others similarly situated*,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>GOOGLE LLC,<br>　　　　　　Defendant. | Case No. 5:21-cv-03725-LHK<br><br>CLASS ACTION |

Now before the Court is the Consolidated Plaintiffs' Joint Motion to Appoint Interim Lead Counsel. The Court has considered the parties' papers, relevant legal authority, and the record in this case.

For the reasons explained below, the Court HEREBY GRANTS the motion. Elizabeth C. Pritzker of Pritzker Levine; Lesley E. Weaver of Bleichmar Fonti & Auld LLP; Jason "Jay" Barnes of Simmons Hanly Conroy LLC; David A. Straite of DiCello Levitt Gutzler LLC; Nanci Nishimura of Cotchett, Pitre & McCarthy LLP; and Francis A. Bottini, Jr., of Bottini & Bottini Inc ARE APPOINTED Interim Lead Counsel that will serve together on a Plaintiffs' Executive Committee, and with Interim Lead Counsel Elizabeth C. Pritzker of Pritzker Levine LLP as Chair.

Federal Rule of Civil Procedure 23(g)(3) permits courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." The Court considered the following factors in granting this motion:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

Interim Lead Counsel satisfy all of the criteria under Rule 23(g).

### ORGANIZATION OF INTERIM LEAD COUNSEL

1. The organizational structure of plaintiffs' counsel established by this Order shall bind plaintiffs' counsel in the consolidated action, including any action subsequently governed by this Order.

2. Pursuant to Rule 23(g), Elizabeth C. Pritzker of Pritzker Levine; Lesley E. Weaver of Bleichmar Fonti & Auld LLP; Jason "Jay" Barnes of Simmons Hanly Conroy LLC; David A. Straite of DiCello Levitt Gutzler LLC; Nanci Nishimura of Cotchett, Pitre & McCarthy LLP; and Francis A. Bottini, Jr., of Bottini & Bottini Inc ARE APPOINTED Interim Lead Counsel that will serve together on a Plaintiffs' Executive Committee, and with Interim Lead Counsel Elizabeth C. Pritzker of Pritzker Levine LLP as Chair.

3. The Court vests Ms. Pritzker, as Chair of the Plaintiffs' Executive Committee ("PEC"), with the authority and duty to coordinate and oversee the Committee's responsibilities set forth below; to schedule PEC meetings and keep minutes or transcripts of these meetings; and to appear at periodic Court-noticed status conferences and hearings. Ms. Pritzker shall perform other necessary PEC administrative and logistic functions to facilitate and coordinate the duties of the PEC, which may include:

- Establish and maintain a depository for orders, pleadings, hearing transcripts, and all documents served upon plaintiffs' counsel, and make such papers available to plaintiffs' counsel upon reasonable request.

- Maintain records of receipts and disbursements advanced by PEC members and received by the PEC and report in writing to the PEC concerning disbursements and receipts.

- Collect and maintain monthly professional time and expense reports submitted by plaintiffs' counsel pursuant to an established time and expense billing protocol to be entered by the court, and conduct a monthly review (and adjustment or write-down) of same to ensure compliance with that protocol.

- Designate counsel to schedule depositions, set agendas and otherwise interact with defense counsel, Government counsel, plaintiffs' counsel, and third parties or their counsel.

4. Interim Lead Counsel are designated to act on behalf of plaintiffs in the consolidated actions upon whom all notices, orders, pleadings, motions, discovery, and memoranda relating to the consolidated actions shall be served, and Defendants shall effect service on the in the consolidated actions by serving Interim Lead Counsel, including any plaintiffs subsequently governed by this Order, with the responsibility hereinafter prescribed.

5. Under the oversight and/or direction of Ms. Pritzker as Chair, Interim Lead Counsel shall have day-to-day responsibility for the conduct of the consolidated litigation; shall determine how to prosecute the case and shall initiate, coordinate and supervise the efforts of plaintiffs' counsel

in the consolidated action in the areas of discovery, briefing, pre-trial, trial and settlement.

6. Any agreement reached between Defendant and Interim Lead Counsel shall be binding on all other Plaintiffs' counsel in this Action.

## ADMINISTRATION OF THE CONSOLIDATED CASES

Each document filed by a party to the consolidated *Hewitt/Delahunty/Toronto* litigation shall bear the following caption and the lowest case number, and all filings shall be made only in the consolidated action:

*In re Google RTB Consumer Privacy Litigation* │ No. 5:21-cv-02155-LHK-VKD

7. This order of consolidation applies to any other cases that are subsequently filed in, moved to, or transferred to this Court involving the same or substantially similar issues of law and fact as the above-captioned actions.

8. In any cases that are subsequently filed in, removed to, or transferred to this Court involving the same or substantially similar issues of law and fact, Plaintiffs and/or the party responsible for the filing, removal, and/or transfer shall file a notice of related case under Civil Local Rules 3-12 and 7-11 and a stipulation to consolidate actions within fourteen (14) days after filing, removal, or transfer (whichever is later) so that any party may raise an objection to relation and consolidation under this Order.

9. All papers filed in the Consolidated Action shall be filed under Case No.5:20-cv-02155-LHK and shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Google RTB Consumer Privacy Litigation* <br><br> This Document Relates To: <br><br> _____/ | Master File No. 5:21-cv-02155-LHK |

10. The case file for the Consolidated Action will be maintained under Master File No. 5:21-cv-02155-LHK. When a pleading is intended to apply to all actions to which this Order

applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption described above.  When a pleading is not intended to apply to all actions, the docket number for each individual action to which the paper is intended to apply and the last names of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption identified above, for example, "5:21-cv-02155-LHK (*Hewitt*)."

For good cause shown, **IT IS SO ORDERED.**

Date: _____, 2021

_____
HON. LUCY H. KOH
UNITED STATES DISTRICT JUDGE