UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BENJAMIN HEWITT, et al.<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | Case No. 21-CV-02155-LHK<br><br>**ORDER APPOINTING INTERIM CLASS COUNSEL AND PLAINTIFFS' EXECUTIVE COMMITTEE**<br><br>Re: Dkt. Nos. 67, 75 |

Before the Court is one motion for appointment as Interim Class Counsel. ECF No. 75. No responses were filed.[1] Having considered the parties' submissions and the factors enumerated in Rule 23(g)(1)(A), the Court hereby appoints Elizabeth C. Pritzker of Pritzker Levine LLP as Interim Class Counsel for Plaintiffs.

The Court further recognizes that this antitrust litigation will require significant resources from Plaintiffs' counsel, who must advance the cost of litigation, including attorneys' and experts'

---

[1] On June 22, 2021, a motion was filed to appoint Cotchett, Pitre & McCarthy, LLP and Bottini & Bottini, Inc. as interim class counsel. ECF No. 67. On July 16, 2021, Plaintiffs filed the instant motion, which states that the instant motion supersedes the motion to appoint Cotchett, Pitre & McCarthy, LLP and Bottini & Bottini, Inc., which is withdrawn. ECF No. 75 at 1. The Court accordingly DENIES AS MOOT the motion to appoint Cotchett, Pitre & McCarthy, LLP and Bottini & Bottini, Inc. as interim class counsel, ECF No. 67.

1
Case No. 21-CV-02155-LHK
ORDER APPOINTING INTERIM CLASS COUNSEL AND PLAINTIFFS' EXECUTIVE COMMITTEE

fees. Thus, the Court appoints the following attorneys to serve on Plaintiffs' Executive Committee: Lesley E. Weaver of Bleichmar Fonti & Auld LLP; Jason Barnes of Simmons Hanley Conroy LLC; David A. Straite of DiCello Levitt Gutzler LLC; Nanci Nishimura of Cotchett, Pitre & McCarthy, LLP; and Francis A. Bottini, Jr., of Bottini & Bottini, Inc.

In light of the number of attorneys and law firms appointed, and in order to ensure efficiency, the Court adopts the following protocols. Other than the Interim Class Counsel and Plaintiffs' Executive Committee, no other law firms shall work on the instant case without prior approval of the Court. Motions for approval of additional Plaintiffs' counsel shall identify the additional Plaintiffs' counsel and their background, the specific proposed tasks, and why Interim Class Counsel and Plaintiffs' Executive Committee cannot perform these tasks. Interim Class Counsel must obtain Court approval in advance in order to seek reimbursement of the fees for specific work performed by additional Plaintiffs' counsel.

Further, Interim Class Counsel and the Plaintiffs' Executive Committee shall take the following steps to ensure efficiency in representing the putative classes in the instant case. First, as Interim Class Counsel, Elizabeth Pritzker shall review all billing records for all billers every month and strike duplicative or inefficient billing for the class. Second, all billing shall be contemporaneous, meaning that billing for each task shall be recorded within seven days of the task. Third, all billing shall be recorded by task, rather than by block billing. Fourth, only work that has been assigned shall be eligible for compensation. Fifth, all billing by task should be billed in tenth-of-an hour increments. Sixth, Interim Class Counsel and the Plaintiffs' Executive Committee shall impose and enforce limits on the number of lawyers assigned to each task. For expenses, only coach airfare will be reimbursed.

Finally, Interim Class Counsel, the Plaintiffs' Executive Committee, and any additional Plaintiffs' counsel approved by the Court shall not bill time related to fee issues or time spent preparing or reviewing time and expenses. In other words, "fees on fees" are not billable. "Fees are not awarded for fee litigation in common fund cases because, rather than creating or preserving the common fund, the fee litigation actually depletes it." *Kinney v. Int'l Bhd. of Elec. Workers*, 939

F.2d 690, 694 n.5 (9th Cir. 1991); *accord* 5 Newberg on Class Actions § 15:93 (5th ed. Dec. 2020 update) (collecting cases).

**IT IS SO ORDERED.**

Dated: August 3, 2021

_____
LUCY H. KOH
United States District Judge