Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal Bar No. 220289)
Bethany Caracuzzo (Cal Bar No. 190687)
Caroline C. Corbitt (Cal Bar No. 305492)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*
*ccc@pritzkerlevine.com*

*Interim Class Counsel*

[Additional Counsel Appear On Signature Page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| BENJAMIN HEWITT and KIMBERLEY WOODRUFF, *on behalf of themselves and all others similarly situated*,<br><br>                    Plaintiffs,<br><br>        v.<br><br>GOOGLE LLC,<br>                    Defendant. | Case No. 5:21-cv-02155-LHK-VKD<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' ADMINSTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>**[Civil L.R. 7-11, 79-5]** |
| MEAGHAN DELAHUNTY, MEGHAN CORNELIUS, and JOHN KEVRANIAN, *on behalf of themselves and all others similarly situated*,<br><br>                    Plaintiffs,<br><br>        v.<br><br>GOOGLE LLC,<br>                    Defendant | Case No. 5:21-cv-03360-LHK-VKD<br><br><u>CLASS ACTION</u> |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SALVATORE TORONTO, *on behalf of himself and all others similarly situated*,

                    Plaintiffs,

          v.

GOOGLE LLC,

                    Defendant.

Case No. 5:21-cv-03725-LHK-VKD

<u>CLASS ACTION</u>

PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT

## I.    INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiffs in the above-entitled consolidated *Hewitt/Delahunty/Toronto* actions[1] ("Plaintiffs") hereby submit this Administrative Motion To File Under Seal Portions of Plaintiffs' Consolidated Class Action Complaint ("CAC"). This Motion is supported by the Declaration of Elizabeth C. Pritzker ("Pritzker Decl."), filed concurrently herewith. As factual support for Plaintiffs' claims, portions of paragraphs 201 – 204 of the CAC contain information provided by a third party that it designated as "Highly Confidential" under the Stipulated Protective Order (Dkt. No. 59), as well as personal information of users that is protected from disclosure under California law.

Specifically, Plaintiffs seek to submit the following information contained with the CAC in redacted form, under seal:

- Information identifying the categories of personal information Google collects from users ("Targets") and provides to and is captured by RTB Participants that was produced by third party NextRoll, Inc. ("NextRoll") in response to a subpoena and which NextRoll has designated "Highly Confidential" pursuant to the Stipulated Protective Order  (CAC ¶¶ 201 (a) – (aa), 202), and examples of the kinds of URLs contained in the URL field of the data provided to RTB Participants (*id.*, ¶ 203(a) – (ww));

- Residential or commercial addresses that are reasonably identifiable and traceable to street addresses of users using the latitude and longitude obtainable from the geo-location data contained within the information provided by Google to an RTB participant, that are protected from disclosure as "personal information" under California law and were also designated "Highly Confidential" pursuant to the Stipulated Protective Order.  (*id.*, ¶ 204 (a) – (n)).

//

---

[1] Consolidated by Court order entered on June 24, 2021. *See* Dkt. No. 69 in Case No. 5:21-cv-02155-LHK-SVK; *see also* Dkt. No. 79, Unopposed Administrative Motion for Order re. Administration of the Consolidated Cases filed Aug. 24, 2021.

PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT

## II. ARGUMENT

### A.    Legal Standard

Materials and documents may be filed under seal pursuant to Civil Local Rule 79-5 when the document, or portions thereof, are privileged, protectable as a trade secret, or otherwise entitled to protection under the law, if the request is "'narrowly tailored." L.R. 79-5(b). The presumption of public access set forth in *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) is "not absolute" and "a narrow range of topics is not subject to the right of public view", where the party seeking to seal a record articulates compelling reasons supported by specific factual findings that outweigh public policies favoring disclosure. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-78 (9th Cir. 2006). Compelling reasons to seal including protecting "an individual's privacy interest" and preventing "exposure to harm or identity theft." *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL3232267, at *2 (N.D. Cal. Nov. 1, 2007)(permitting redaction of home addresses and financial account information); *see Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003)(acknowledging privacy interests implicated by sensitive, personally-identifying information).

The California Consumer Privacy Act of 2018 ("CCPA"), CAL. CIV. CODE § 1798.140(o) protects web browsing history, account names, and email addresses as "personal information." The Ninth Circuit similarly recognizes a privacy interest in web browsing history and associated cookies and identifiers. *See, e.g. In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020) (privacy harm arises from alleged non-consensual tracking and collection of plaintiffs' browsing history on third party sites).

### B.    Information Sought To Be Sealed

This narrowly-defined information Plaintiffs' motion seeks to seal fall within these definitions.

#### 1.    Information Designated "Highly Confidential" Pursuant to the Stipulated Protective Order by Third Party NextRoll, Inc.

RTB Participant NextRoll produced documents and information pursuant to third party subpoena in this litigation.  This production includes information that the third party receives and

captures from Google as an RTB Participant. Some of this captured information is detailed Paragraphs 201 (a) – (aa) and 202 of the CAC, and  includes "personal information" under California law.  Paragraph 203 (a) – (ww) contains specific examples of URL addresses that NextRoll captured from the URL field from Google as an RTB Participant. Plaintiffs seek only to redact the specific fields themselves, and leave the explanatory parts of Paragraphs 201, 202 and 203 for public view.

NextRoll has informed Plaintiffs' counsel that it has designated this information as "Highly Confidential" pursuant to the Stipulated Protective Order in this case (Dkt. No. 59).  *See* Pritzker Decl., at ¶ 6.  "Internet or other electronic network activity information, including but not limited to, browsing history, search history, and information regarding a consumer's interaction with an Internet Webs site, application, or advertisement" is defined as "personal information" under the Consumer Privacy Act and therefore protected from disclosure.  CIV. CODE § 1798.140(o)(1)(F).

### 2.  Personal Information Traceable From RTB Participant Geolocation Data

Paragraph 204 of the CAC sets forth a list of residential or commercial addresses that were readily-identified via publicly available online tools using the latitude and longitude coordinates also obtained from third party RTB participant NextRoll via discovery in this case. To demonstrate the relative ease in using that data to locate a specific business or household, Plaintiffs' counsel used geolocation data obtained such third-party discovery and, using publicly-available online tools, located street addresses from that data. Examples of those geolocated street addresses are set forth in ¶ 204 (a) – (n). Again, Plaintiffs seek only to redact the specific addresses and leave the explanatory portion of ¶ 204 available to the public.

Geolocation data falls expressly the definition of "personal information" in CAL. CIV. CODE § 1798.140(o)(1)(G), and is also "information that identifies, relates to, describes, is reasonably capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular consumer or household."  *See* CAC, ¶ 234, 241. Google stores specific geolocation data associated with Account Holders in their Google Accounts. *Id.*, ¶ 236. Such geolocation data has been used to track Internet communications of specific users, and is reasonably capable of being linked, directly or indirectly with a particular consumer or household.  In fact, such uses have been in the news.  *Id.*, ¶¶ 237- 240 (July 20, 2021 online news outlet *The Pillar* outed a Catholic priest

using the Grindr app to meet men in various U.S. cities using "commercially-available records of app signal data"). To protect this personal information, and to avoid the ability to locate these specific users that Plaintiffs select as examples to support the factual allegations of the CAC, Plaintiffs respectfully request that this information be ordered sealed.

## II.    NOTICE OF LODGING

Plaintiffs also will lodge with the Court, and serve on counsel for Defendant and for Designating Party/ third party NextRoll a complete copy of the unredacted documents in accordance with Civil L.R. 5-1(e)(7) and 79-5(d)(2).

## III.    CONCLUSION

Plaintiffs, for the reasons set forth herein, respectfully request that the Court grant their Motion to File Under Seal Portions of the CAC.

DATED:  August 27, 2021                                    Respectfully submitted,

**PRITZKER LEVINE LLP**                              **SIMONS HANLY CONROY LLC**

By:  /s/ Elizabeth C. Pritzker                          By: /s/ Jason 'Jay' Barnes

Elizabeth C. Pritzker  (Cal. Bar No.146267)        Jason 'Jay' Barnes (admitted *pro hac vice*)
Jonathan K. Levine (Cal. Bar No. 220289)         An Truong (admitted *pro hac vice*)
Bethany Caracuzzo (Cal. Bar. 190687)             Eric Johnson (*pro hac vice* to be sought)
Caroline C. Corbitt (Cal. Bar No. 305492)         112 Madison Avenue, 7th Floor
1900 Powell Street, Ste. 450                            New York, NY 10016
Oakland, CA 94602                                       Tel.: (212) 784-6400
Tel.: (415) 692-0772                                     Fax: (212) 213-5949
Fax: (415) 366-6110                                     *jaybarnes@simmonsfirm.com*
*ecp@pritzkerlevine.com*                              *mbreit@simmonsfirm.com*
*jkl@pritzkerlevine.com*                               *atruong@simmonsfirm.com*
*bc@pritzkerlevine.com*                               *ejohnson@simmonsfirm.com*
*ccc@pritzkerlevine.com*

                                                        *Attorneys for Plaintiffs* in *Hewitt et al. v.*
*Interim Class Counsel*                               *Google LLC*, Case No.5:21-cv-02155

PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT

**BLEICHMAR FONTI & AULD LLP**

By: */s/ Lesley Weaver*
Lesley Weaver (Cal. Bar No.191305)
Matthew S. Melamed (Cal. Bar No. 260272)
Anne K. Davis (Cal. Bar No. 267909)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*mmelamed@bfalaw.com*
*adavis@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

*Attorneys for Plaintiffs* in *Hewitt et al.*
*v. Google LLC*, Case No.5:21-cv-02155

**COTCHETT PITRE & MCCARTHY, LLP**

By: /s/ *Nancy E. Nishimura*
Nancy E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal Bar. No. 247403)
Karin B. Swope (*pro hac vice* pending)
Noorjahan Rahman (Cal Bar No. 330572)
840 Malcolm Road
Burlingame, CA 94010
Tel.: (650) 697-6000
*nnishimura@cpmlegal.com*
*bdanitz@cpmlegal.com*

*kswope@cpmlegal.com*
*nrahman@cpmlegal.com*

*Attorneys for Plaintiffs* in *Delahunty et al. v.*
*Google LLC*, Case No. 5:21-cv-0336

**DiCELLO LEVITT GUTZLER LLC**

By: /s/ *David A. Straite*
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 E. 42nd Street, Suite 2400
New York, NY 10165
Tel: (646) 993-1000
*dstraite@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
Adam Levitt (admitted *pro hac vice*)
James Ulwick (admitted *pro hac vice*)
Ten North Dearborn Street, 6th Fl.
Chicago, Illinois 60602
Tel: (312) 214-7900
*akeller@dicellolevitt.com*
*alevitt@dicellolevitt.com.*

*Attorneys for Plaintiffs* in *Hewitt et al. v.*
*Google LLC*, Case No.5:21-cv-02155

**BOTTINI & BOTTINI INC.**

By: /s/ *Francis A. Bottini, Jr.*
Frances A. Bottini, Jr. (Cal. Bar No. 175783)
Albert Y. Chang (Cal. Bar No. 296065)
Anne B. Beste (Cal. Bar No. 326881)
7817 Ivanhoe Ave., Ste. 102
LA Jolla, CA 92037
Tel.: (848) 914-2001
*fbottini@bottinilaw.com*
*ayang@bottinilaw.com*
*abeste@bottinilaw.com*

*Attorneys for Plaintiffs* in *Toronto v. Google*
*LLC*, Case No. Case No.5:21-cv-03725

Case No. 5:21-cv-02155-LHK-VKD
PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT