**PRITZKER LEVINE LLP**
ELIZABETH C. PRITZKER (SBN146267)
(ecp@pritzkerlevine.com)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110

*Interim Class Counsel*

*Additional counsel listed on signature page*

**COOLEY LLP**
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
DANIELLE C. PIERRE (SBN 300567)
(dpierre@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
COLIN S. SCOTT (SBN 318555)
(cscott@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Tel: (415) 693-2000
Fax: (415) 693-2222

*Counsel for Defendant, Google LLC*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| BENJAMIN HEWITT et al., on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | CASE NO.:  5:21-CV-02155-LHK-VKD<br>CASE NO. : 5:21-CV-03360-LHK-VKD<br>CASE NO.:  5:21-CV-03725-LHK-VKD<br><br>(CONSOLIDATED PER DKT. NO. 69).<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Next CMC: September 8, 2021 at 1:30 p.m.** |

Pursuant to the Court's June 24, 2021 Order Granting Motions To Relate; Consolidating Cases; [and] Setting Case Schedule [Dkt. No. 69] ("June 24, 2021 Order"), and Local Rule 16-10, Plaintiffs in the above-entitled consolidated actions[1] and Defendant Google LLC ("Google") (together, "Parties"), by and through their respective counsel of record, hereby jointly submit this Joint Case Management Conference Statement reporting on their progress since the last statement was filed on June 23, 2021 (Dkt. No. 68).

## 1.    PROGRESS SINCE LAST CASE MANAGEMENT STATEMENT

The Parties report that the key changes since the last case management statement are that: (1) on June 29, 2021, the Court moved referral of discovery disputes in this action from Magistrate Judge van Keulen to Magistrate Judge DeMarchi (Dkt. No. 71); (2) Plaintiffs filed their Consolidated Amended Class Action Complaint ("CAC") on August 27, 2021 (Dkt. No. 80); (3) Plaintiffs served approximately 50 third-party subpoenas on entities they believe participate in Google's Real-Time Bidding ("RTB") auction; and (4) the Parties continue to meet and confer on the appropriate scope of discovery in this action.

## 2.    JURISDICTION AND SERVICE

The Court has subject matter jurisdiction over this action pursuant to the Electronic Communications Privacy Act, 18 U.S.C. § 2511; the Stored Communications Act, 18 U.S.C. § 2702; the Video Privacy Protection Act, 18 U.S.C. § 2710; and pursuant to 28 USC §§ 1331, 1332(d), and 1367.  The Parties agree there are no disputes as to personal jurisdiction or venue.

## 3.    FACTS AND STATUS OF PLEADINGS

a.  Plaintiffs' Summary of their Allegations:

Consistent with the Court's June 24, 2021 Order, Plaintiffs filed their consolidated amended complaint ("CAC") on August 27, 2021. (Dkt. 80)  The putative class includes all Google account

---

[1] In its June 24, 2021 Order, the Court consolidated three cases: *Hewitt v. Google*, Case No. 5:21-cv-2144-LHK (N.D. Cal., filed March 26, 2021), *Delahunty v. Google*, Case No. 21-CV-03360-LHK (N.D. Cal., filed May 5, 2021), and *Toronto v. Google*, Case No. 21-CV-03725-LHK (N.D. Cal., filed May 18, 2021).  The Court also concluded that *Hewitt*, *Delahunty* and *Toronto* are related to *Brown v. Google*, No. 20-CV-03664-LHK (N.D. Cal., filed June 2, 2020) and *Calhoun v. Google*, No. 20-CV-05146-LHK (N.D. Cal., filed July 27, 2020) pursuant to Civil Local Rule 3-12(b). *See* Dkt. No. 69.

holders whose personal information is improperly sold and disseminated by Google to thousands of companies through Google's proprietary advertising auction process, which is effectuated through real-time bidding ("RTB") auctions (the "Google RTB") in violation of California and federal law. Plaintiffs further alleged that the Google RTB violates Google's explicit contractual promises with its account holders that (1) "Google will never sell any personal information to third parties;" (2) "you get to decide how your information is used;" (3) "We don't share information that personally identifies you with advertisers;" (4) and that it will not use certain sensitive information—like race, religion, sexual orientation, or health—for advertising purposes.  Plaintiffs allege that Google breaks these promises countless times every day.

Google runs the world's largest RTB auction, through which Google solicits participants to bid on sending an ad to a specific individual. Google provides auction participants with a Bid Request, which includes data that identifies the individual person being targeted through unique identifiers, device identifiers, IP addresses, and other information ("Bidstream Data").  Auction participants receive Bidstream Data whether or not they win the auction to send an ad.

Google is a consumer data powerhouse.  Through its suite of services, including the world's largest search engine (Google.com), web-browser (Chrome), email service (Gmail), Internet video service (YouTube), mobile phone operating system (Android), and many others, Google observes, collects, and analyses real-time information about every user engaging on these platforms, which in-turn, feeds the Bidstream Data Google sells through Google RTB. Contrary to Google's promises, Bidstream Data is not anonymized.

With substantial expert assistance, Plaintiffs investigated and identified the scope of Google's dissemination of Bidstream Data including discovering the identity of more than 200 different advertisers to whom Google discloses Account Holder personally identifiable information ("PII") through the Google RTB, including Amazon, Facebook, Twitter, Taboola, Wayfair, Yahoo and eBay.

Because of the ubiquity of Google's advertising services to businesses and its surveillance of users across its platforms, it is practically impossible for any American to use the internet without their personal information being subject to the Google RTB.  The CAC explains Google's promises

to its account holders, details the functioning of Google's RTB system, describes the personal information Google sells and discloses as part of its RTB system, and explains how the disclosure of account holders' PII, in violation of Google's promises to its account holders, is a serious, highly offensive invasion of privacy.  By selling and disclosing this PII in violation of its contract with account holders, Google has unjustly enriched itself at the expense of Plaintiffs and other Google account holders.

> b.  Google's Position on Plaintiffs' Allegations:

Google is a provider of advertising services on the Internet, including through its Real-Time Bidding protocol ("RTB"), which is an auction process that allows advertisers (or ad agencies or other ad vendors) to buy digital advertising space (also called "ad impressions") available on websites (often called "publishers").  For example, when an ad impression becomes available on a publisher's website, advertisers using RTB receive information about the impression via a bid request.  The advertiser analyzes the information and then responds with an ad creative and bid. The winning bidder's advertisement is then displayed to the websites' visitors nearly instantly.

Plaintiffs allege that, as part of the Google RTB, Google, without authorization, sells or otherwise discloses to third-party companies that are participating in the RTB personal and sensitive information about Google account holders ("Account Holders,"), including their "browsing history" and "personally identifiable information."  Not so.

At this early stage of the litigation, a detailed refutation of Plaintiffs' allegations would be premature.  As a general matter, however, Google denies that RTB operates in the manner alleged and denies that Google sells or otherwise shares Google Account Holder's personal or sensitive information with third parties utilizing RTB without users' consent.  Google takes seriously its responsibility to protect the privacy of its users.  Google further denies that it has violated any laws or that Plaintiffs are entitled to any relief whatsoever.

Google reserves all rights to identify additional factual disputes.

> **4.    LEGAL ISSUES**

> a.  Plaintiffs' Summary of the Claims:

Plaintiffs filed their CAC on August 27, 2021 (Dkt. No. 80), adding 13 new named Plaintiffs. Plaintiffs assert individual and class claims on behalf of all Google account holders whose personal information is sold and disseminated by Google through the Google RTB.  Google's contract with Plaintiffs and all putative class members contains a choice of law provision designating California law on a nationwide basis. Plaintiffs assert California statutory, tort, and contract claims and federal statutory claims, as follows: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) violation of the California Unfair Competition law, Cal. Bus. & Prof. Code § 17200, *et seq.*, (4) violation of the Article 1, § 1 of the California Constitution (invasion of privacy), (5) intrusion upon seclusion, (6) publication of private information, (7) breach of confidence, (8) violation of the California Invasion of Privacy Act, Cal. Penal Code §§ 630-638, (9) violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511—unauthorized interception, use and disclosure, (10) violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511—unauthorized disclosure of electronic communications by an ECS, (11) violation of the ECPA Stored Communications Act, 18 U.S.C. § 2702, and (12) violation of the Video Privacy Protection Act, 18 U.S.C. § 2710.  Plaintiffs do not anticipate amending the complaint again prior to the Court's ruling on Google's anticipated Rule 12 motion.

> b. <u>Google's Position on Plaintiffs' Claims</u>

At the present time, and reserving all rights to assert any and all additional grounds, Google states that the following legal issues may be at issue:

1. Whether Plaintiffs fail to state claims upon which relief may be granted;

2. Whether Plaintiffs lack standing to assert their claims;

3. Whether Google breached any term of the Parties' contract;

4. Whether Plaintiffs' implied covenant claim is impermissibly duplicative of their breach of contract claim;

5. Whether applicable statute of limitations preclude Plaintiffs' claims;

6. Whether Plaintiffs have suffered any injury or damages as a result of Google's alleged conduct;

7. Whether Google's defense preclude any recovery by Plaintiffs; and

8. Whether class certification should be denied under Rule 23.

c.   The Parties' Positions on Claims and Dispositive Motion Practice

Google submits that Plaintiffs should be limited to ten causes of action to be litigated through trial. *See, e.g.*, *Calhoun et al. v. Google*, Case No. 5:20-cv-05146-LHK-SVK, Dkt. No. 51 (ordering that the "case be litigated through trial on 10 selected claims," with "[e]ach side [selecting] 5 of the 10 claims to litigate"); *Amans v. Tesla*, Case No. 5:21-CV-03577-LHK, Dkt. No. 22 (ordering, "if Plaintiffs bring more than ten claims, the Court will require the parties to select ten priority claims to litigate through resolution, with Plaintiffs selecting five claims and Defendant selecting five claims.").

Plaintiffs submit that limiting claims is not necessary, would not reduce the scope of discovery, and would be unfairly prejudicial to the Plaintiffs.  While overlapping, the claims have distinct elements and remedies available that need not be stayed through resolution of the others. Instead of limiting claims, Google should be limited in any motion to dismiss to addressing facts and legal issues that were not previously decided in the related causes of *Calhoun* and *Brown*. Where the facts and legal issues are substantively identical or substantially similar, Google should not be permitted to burden the court with do-over litigation on issues it has already lost in these related cases.  Examples include potential arguments for dismissal based on alleged consent, reasonable expectations of privacy, highly offensive conduct, and whether loss of control and value of personal information is sufficient to confer standing under the UCL.

Google submits that Plaintiffs' request that the Court prospectively limit Google's anticipated Rule 12 motion, which Google first saw in the draft Plaintiffs provided to Google at 4:37 PM on filing day, is baseless and without legal support.  Given that the factual allegations in this case are almost entirely distinct from those in the *Calhoun* and *Brown* matters, the notion that the Court should preemptively foreclose Google from bringing the arguments of its choice is meritless. As Plaintiffs have previously themselves recognized and note again below (see section 7 *infra*), this action concerns Google's allegedly improper ***disclosure*** of certain data to third parties, whereas *Calhoun* and *Brown* concern Google's allegedly improper ***collection*** of user data.  *See* Dkt. No. 40 at 2, n.1 ("The *Hewitt* and *Delahunty* actions concern Google's alleged disclosure of individuals'

personal information through the Google Real-Time Bidding advertising process. Unlike those cases, *Brown* and *Calhoun* assert claims based on Google's taking of information from individuals using the Chrome browser, and do so on behalf of distinct classes.")  Any such limitation on Google's upcoming motion to dismiss would be legally unfounded and enormously prejudicial.

### 5.    MOTIONS

   a.   Pending or Scheduled Motions:

   1.    Plaintiffs' Unopposed Administrative Motion for Order Re: Administration of the Consolidated Cases:   On August 24, 2021, Plaintiffs filed an Unopposed Administrative Motion For Order Re Administration of the Consolidated Cases (Dkt. No. 79) that, among other things, proposes *In re Google RTB Consumer Privacy Litigation*, Lead Case No. 5:21-cv-02155-LHK-VKD, as a short form case name for these three consolidated actions.

   2.    Defendants' Responsive Pleading or Motion to Dismiss:  In its June 24, 2021 Order (Dkt. No. 69), the Court set October 1, 2021 as the date for Google's responsive pleading. If that response is a motion to dismiss under Fed. R. Civ. P. 12, the Court has already ordered the following briefing & hearing schedule on that motion:  Google's Motion to Dismiss: October 1, 2021; Plaintiffs' Opposition: October 29, 2021; Google's Reply: November 19, 2021, and Hearing: December 9, 2021 at 1:30 p.m.  (Dkt. No. 69).

   b.   Anticipated Motions:

   Plaintiffs' Position:   The Parties have been meeting and conferring on various discovery matters since the initial Rule 26(f) conference held May 4, 2021.  Despite these efforts, there remain a number of core discovery disputes which, if unresolved, will require motion practice before Magistrate Judge DeMarchi (*see* Section 8 below).  Plaintiffs also anticipate moving for a protective order (*see* Section 6 below) and a motion for class certification (*see* Section 9 below).  Plaintiffs may file other motions as appropriate.

   Google's Position: As necessary, Google will oppose Plaintiffs' anticipated motion for a protective order and any motion for class certification, and may file motions to compel discovery, a motion for summary judgment, and other motions as appropriate.

6.    **AMENDMENT OF PLEADINGS**

Plaintiffs filed their CAC on August 27, 2021 and do not anticipate amending the complaint prior to the Court's ruling on Google's anticipated Motion to Dismiss.  A proposed deadline for adding parties appears in the case schedule proposals set forth in Section 18, below.

7.    **EVIDENCE PRESERVATION**

The Parties represent that they have taken reasonable and proportionate steps to preserve evidence relevant to this litigation.  This includes discussions relating to preservation issues that surfaced in the *Calhoun* action.  The Parties have reviewed the Northern District of California Guidelines Relating to the Discovery of ESI and, pursuant to Fed. R. Civ. P. 26(f), have discussed generally the preservation of relevant evidence.  Two disputes have arisen with respect to evidence preservation:

First, consistent with Magistrate Judge van Keulen's April 30, 2021 Discovery Order in the related case *Calhoun et al. v. Google*, Case No. 5:20-cv-05146-LHK-SVK (Dkt. No. 173), Google has requested that Plaintiffs preserve, as of the time of the complaint, a forensic image of each device (e.g., mobile devices, personal computers, and tablets) they contend has been impacted as a result of Google's conduct alleged in their complaint.  Additionally, Google requested that Plaintiffs preserve each such physical device.  However, contrary to Plaintiffs' assertion below, Google has not requested that Plaintiffs shelve their devices.  Google explained to Plaintiffs that certain of the information they allege Google discloses through the RTB is unique to their devices (e.g., identifiers and data-sharing settings) and thus will allow Google, to the extent possible, to understand how Plaintiffs' accessed Google's services in connection with the allegations in their complaint.

Plaintiffs believe Google's demand for forensic images (and preservation of the physical devices themselves) is unreasonably intrusive and not consistent with the Discovery Order in *Calhoun* because this case relates to Google's disclosure of information in its own possession rather than unauthorized taking of information from the Plaintiffs' devices. Moreover, Google's request is unduly burdensome because it goes far beyond the *Calhoun* order in that Google demands forensic imaging of literally dozens of devices used by 15 Plaintiffs, and worse, requires an unnecessary obligation to "shelve" these devices and acquire replacements – which was neither requested nor

1   required in *Calhoun*.  Google's demand is not proportionate to the needs of this case because it will

2   not result in the discovery of relevant or potentially relevant information.  The Plaintiffs are willing

3   to meet and confer on these issues but if an impasse is reached, intend to seek a protective order

4   and/or appropriate direction from Magistrate Judge DeMarchi.

5        Second, Plaintiffs have requested that Google preserve certain event-level log data beyond

6   Google's standard retention periods.  Consistent with Magistrate Judge van Keulen's April 30

7   Discovery Order in *Calhoun* (Dkt. No. 173), Google informed Plaintiffs that this request would be

8   unduly burdensome, and instead proposed a compromise for preserving relevant log data.  The

9   Parties have agreed to continue to meet and confer on this issue, but if an impasse is reached, the

10  Parties will seek appropriate direction from Magistrate Judge DeMarchi.

11       **8.    DISCLOSURES**

12       The Parties exchanged initial disclosures, as required by Federal Rule of Civil Procedure

13  26(f), on June 22, 2021.  Plaintiffs will provide initial disclosures for additional Plaintiffs named in

14  the Consolidated Amended Complaint by September 8, 2021.  Plaintiff also will provide Google

15  with Stored Communication Act consent forms for additional Plaintiffs named in the Consolidated

16  Amended Complaint who have not yet provided such forms by September 8, 2021.

17       **9.    DISCOVERY**

18            *a.   Rule 26(f) Conference:*

19       Counsel for Google and Plaintiffs in *Hewitt*, the first-filed of these consolidated actions, held

20  their initial discovery planning conference by video on May 4, 2021 and several supplemental

21  conferences thereafter.  A proposed discovery plan is included in the case schedule (*see* Section 17

22  below) and proposed case management order filed herewith.

23            *b.   Proposed Limitations or Modifications*

24       <u>Google's Position:</u> Google does not anticipate any changes to the default discovery limits.

25  However, Google is willing to stipulate to Plaintiffs collectively serving up to 35 interrogatories on

26  Google in total, as opposed to 25.  Google anticipates taking the deposition of each named Plaintiff.

27            *c.   Discovery Taken to Date*

28                 *i.   Requests for Production of Documents:*

1.   *Plaintiffs' RFPs:*   To facilitate preservation discussions, on April 26, 2021, Plaintiffs in the first-filed *Hewitt* action sent Google a letter setting forth the scope of anticipated preservation obligations, and attached a First Set of Requests for Production of Documents, which were deemed served on May 4, 2021 (the date of the Rule 26(f) conference).  On May 17, 2021, Plaintiffs served a Second Set of Requests for Production of Documents.  Google served responses and objections to Plaintiffs' First and Second Sets of RFPs on June 22, 2021.  To date, Google has produced 111 documents, 110 of them public documents.  The Parties have been meeting and conferring, diligently and frequently, including as recently as on August 19, 2021, in an effort to resolve Google's objections and identify discovery that can be prioritized at this stage of the litigation.  The Parties have continued to meet and confer over critical areas of dispute, which include documents Google has previously produced to the Texas Attorney General (leading a multi-state AG action) in response to Civil Investigative Demands ("CIDs") that contain subject areas that Plaintiffs view as overlapping with or related to the Google RTB.  Plaintiffs have not requested the re-production of all of these documents, but rather, the production of a narrowed and prioritized set of Texas AG documents that Plaintiffs contend are responsive to Plaintiffs RFPs.

Google has objected to re-producing those documents, largely on the basis of relevancy as the Texas Attorney General action has a predominantly and materially different scope than Plaintiffs' allegations here, and focuses instead on competition issues.  In light of this context, Google proposed a compromise that would provide Plaintiffs with proportional discovery into the CIDs.  Google anticipates beginning a rolling production of documents during the week of September 20, 2021.

Plaintiffs point out that the Texas AG action includes privacy allegations and the specific discovery requested relates directly to the issues in this case – including how the RTB system operates.  Plaintiffs believe Google's compromise proposal is inadequate because Google refuses to produce documents that are directly relevant to this action.  The Parties will continue to meet and confer regarding these issues and, if an impasse is reached, will raise the issue with Magistrate Judge DeMarchi.

2.  *Google's RFPs:*  On June 8, 2021, Google served its First Set of Requests for Production of Documents.  Plaintiffs in the first-filed *Hewitt* action provided responses and objections on July 12, 2021.  Additional Plaintiffs named in the CAC will provide responses to Google's First Set of RFPs on or before September 17, 2021.  To date, Plaintiffs have produced no documents.  The Parties will meet and confer, as necessary, to resolve any disputes concerning these responses.

ii.     *Plaintiffs' Third-Party Subpoenas*:  Starting on July 1, 2021, Plaintiffs in the first-filed *Hewitt* action served subpoenas on approximately 50 entities that Plaintiffs' expert identified as entities that participate in the Google RTB auction.  Plaintiffs' counsel in all three consolidated actions have since been meeting and conferring with these third-party entities and/or their counsel to secure compliance.  Several of these entities have already produced an initial tranche of responsive documents.  Meet and confer efforts are ongoing.

d.  *Protective Order for Confidential Information:*

On June 3, 2021, the Court granted the Parties' stipulated Protective Order addressing confidentiality issues, as well as other issues related to discovery, as modified by the Court.  *See* Dkt. No. 59.  All Plaintiffs in the consolidated actions have signed and intend to be bound by that Protective Order.

e.  *Initial Disclosures*

Plaintiffs plan to submit their initial disclosures pursuant to Federal Rule 26, and in accordance with this Court's orders, by September 8, 2021.

f.  *Expert Discovery Order*

On June 3, 2021, the Court granted the Parties' stipulated Order re Expert Discovery.  *See* Dkt. No. 58.  All Plaintiffs in the consolidated actions intend to be bound by that Order.

g.  *ESI Protocol and 502(d) Order:*

The Parties have not yet successfully resolved all issues relating to the ESI Protocol and proposed 502(d) order.  On April 19, 2021, Plaintiffs sent Google's counsel a draft proposed ESI protocol and stipulated 502(d) order, which reflected the orders entered by this Court in the related *Calhoun* action.  On May 21, 2021, Google proposed significant modifications to both.  The Parties

are continuing to meet and confer on this issue; one disputed issue includes Google's preservation of any Google RTB event logs that are particularly relevant to this litigation (as well as efficient ways to sample those logs for relevance and responsiveness).  The Parties will continue to meet and confer on these issues over the next two weeks and, if an impasse is reached, will raise the issue with Magistrate Judge DeMarchi.

**10.    CLASS ACTIONS**

The Parties have reviewed the Procedural Guidance for Class Action Settlements.

<u>Plaintiffs' Additional Statement pursuant to Civil L.R. 16-9(b)</u>: This action may proceed under Fed. R. Civ. P. 23(b)(2), (b)(3) and/or (c)(4). Plaintiffs will seek certification of a domestic class of all Google Account Holders who used the Internet on or after Google began using RTB in a manner that disclosed Account Holders' personal information.  In the Consolidated Amended Complaint, Plaintiffs (which include one minor Plaintiff represented here by their guardian ad litem) plead facts specific to their experiences, *see* CAC ¶¶ 37-68, and also allege that the same harm would be experienced by all similarly-situated Google Account Holders. *Id*. ¶¶ 9-26; 30; 39-42; 64-162]; see also *id*. ¶¶ 330-338(additional class allegations).  The case schedule set forth in Section 17, below includes a proposed schedule for Plaintiffs' motion for class certification.

<u>Google's Position:</u>  Google disputes that this action can be maintained as a class action and will oppose Plaintiffs' motion for class certification and/or move to deny class certification because Plaintiffs cannot satisfy the requirements of Rule 23.

**11.    RELATED CASES**

In its June 24, 2021 Order consolidating these actions (Dkt. No. 69), the Court determined that the consolidated actions are related to *Brown v. Google*, No. 20-CV-03664-LHK (N.D. Cal. filed June 2, 2020) and *Calhoun v. Google*, No. 20-CV-05146-LHK (N.D. Cal. filed July 27, 2020) pursuant to Civil Local Rule 3-12(b).  The Parties are presently unaware of any other related- or potentially-related actions.

**12.    RELIEF**

a.    <u>Plaintiffs' Statement</u>

Plaintiffs seek damages, restitution, disgorgement, declaratory relief, injunctive relief, as well as attorneys' fees and costs of suit. Plaintiffs seek damages in excess of $5,000,000 but cannot further determine the amount of damages without discovery.

    b.    Google's Statement

Google reserves all rights, claims, and defenses available to it under the law, including to seek relief if appropriate. Google denies that Plaintiffs are entitled to any relief whatsoever in connection with the causes of action pled in their Complaint, or that the class alleged in the Complaint can be certified in this case. Google believes it is premature to opine on methods of calculating potential damages.

**13.    SETTLEMENT AND ADR**

The Parties have filed their ADR certifications. *See* Dkt. Nos. 64, 65. The Parties would be happy to discuss ADR as the Case Management Conference if requested by the Court, but believe that formal settlement discussions are premature at this stage.

**14.    CONSENT TO MAGISTRATE FOR ALL PURPOSES**

The Parties do not consent to have a magistrate judge conduct all further proceedings, including trial or the entry of judgment.

**15.    OTHER REFERENCES**

As noted in Section 10 above, this case has been related to the *Brown* and *Calhoun* actions. At this time, the case is not suitable for reference to the JPML or binding arbitration. It is premature to know whether referral to a special master is appropriate. The case has been referred to the Hon. Virginia K. DeMarchi, United States Magistrate Judge, for discovery matters. *See* Dkt. 71.

**16.    NARROWING OF ISSUES**

At this time, the Parties are unaware of any issues that can be narrowed by agreement.

**17.    EXPEDITED TRIAL PROCEDURE**

Given its complexity, the Parties do not believe this putative class action can be handled on an expedited basis with streamlined procedures.

**18.    SCHEDULING**

The Court has already set a schedule on Google's anticipated Rule 12 motion as follows:

| SCHEDULED EVENT | DATE |
|---|---|
| Last day for Google to answer, move, or otherwise respond to the Consolidated Amended Complaint | October 1, 2021 |
| Last day for Plaintiffs' opposition to any Rule 12 motion(s) filed by Google in response to the Consolidated Amended Complaint | October 29, 2021 |
| Last day for Google to file a reply in support of any Rule 12 motion(s) it files in response to the Consolidated Amended Complaint | November 18, 2021 |
| Hearing on any Rule 12 motion(s) filed by Google in response to the Consolidated Amended Complaint | December 9, 2021 at 1:30 p.m. |

The Parties' respective positions on the remaining schedule are set forth below:

| SCHEDULED EVENT | PLAINTIFFS' PROPOSAL | GOOGLE'S PROPOSAL |
|---|---|---|
| Last Day to Amend to Add Parties: | 30 days after Order on Motion to Dismiss | 30 days after Order on Motion to Dismiss |
| Substantial Document Production Completion: | March 25, 2022 | It would be premature for the Court to set this date at this time. |
| Plaintiffs to File Motion for Class Certification: | May 27, 2022 | May 27, 2022 |
|    - Opposition Due: | July 1, 2022 | July 22, 2022 |
|    - Reply Due: | July 29, 2022 | September 2, 2022 |
|    - Hearing on Class Certification: | August 18, 2022 or TBD | September 15, 2022 or TBD |
| Fact Discovery Cut-Off | September 9, 2022 | 90 days after class certification ruling |
| Opening Merits Expert Reports Due: | September 23, 2022 | 30 days after fact discovery cut-off |
| Rebuttal Expert Reports Due: | October 14, 2022 | 45 days after opening merits reports |

| SCHEDULED EVENT | PLAINTIFFS' PROPOSAL | GOOGLE'S PROPOSAL |
|---|---|---|
| Close of Expert Discovery: | October 28, 2022 | 30 days after rebuttal expert reports |
| Rule 56 Motions/*Daubert* Motions: | | |
|   - Motions Due: | November 14, 2022 | 60 days after close of expert discovery |
|   - Oppositions Due: | December 19, 2022 | 60 days after opening motions |
|   - Replies Due: | January 20, 2023 | 30 days after opposition motions |
|   - Hearing: | February 16, 2023 or TBD | TBD |
| Jury Trial: | April 3, 2023 | TBD |

### 19.    TRIAL

Plaintiffs demanded a jury trial.  *See* CAC (Dkt. No. 80).  Plaintiffs' trial estimate is 10 trial days, exclusive of jury selection.  In light of the early stage of this case, Google cannot presently estimate the length of trial, which will depend on the scope of the case (if any) after the Court's ruling on Google's Rule 12 motion(s), as well as on Plaintiffs' anticipated motion for class certification and Google's anticipated motion for summary judgment.

### 20.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

a.    Plaintiffs:

Plaintiffs in the first-filed *Hewitt* action filed certifications pursuant to Civil L.R. 3-15 on March 26, 2021.  *See* Dkt. No. 3.   Additional Plaintiffs named in the Consolidated Amended Complaint will file certifications pursuant to Civil L.R. 3-15 by no later than September 8, 2021.

b.    Google:

Google filed its certification pursuant to Civil L.R. 3-15 on April 21, 2021.  *See* Dkt. No. 24.

### 21.    PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

1

## 22.    OTHER MATTERS

2

The Parties have no other issues to raise at this time.

3

**PRITZKER LEVINE LLP**                                  **COOLEY LLP**

4

By: */s/ Elizabeth C. Pritzker*                            By:     */s/ Jeffrey M. Gutkin*

5

Elizabeth C. Pritzker (SBN 146267)                       MICHAEL G. RHODES (SBN 116127)
Bethany Caracuzzo (SBN 190687)                           (rhodesmg@cooley.com)

6

Jonathan K. Levine (SBN 220289)                          JEFFREY M. GUTKIN (SBN 216083)
Caroline C. Corbitt (SBN 305492)                         (jgutkin@cooley.com)

7

1900 Powell Street, Suite 450                             DANIELLE C. PIERRE (SBN 300567)
Emeryville, CA 94608                                      (dpierre@cooley.com)

8

Tel.: (415) 692-0772                                     KELSEY R. SPECTOR (SBN 321488)
Fax: (415) 366-6110                                       (kspector@cooley.com)

9

ecp@pritzkerlevine.com                                   COLIN S. SCOTT (SBN 318555)
jkl@pritzkerlevine.com                                   (cscott@cooley.com)

10

bc@pritzkerlevine.com                                    101 California Street, 5th Floor
ccc@pritzkerlevine.com                                   San Francisco, CA 94111-5800

11

Tel: (415) 693-2000

12

*Interim Class Counsel*                                  Fax: (415) 693-2222

**BLEICHMAR FONTI & AULD LLP**

13

*Counsel for Defendant GOOGLE LLC*

By: */s/ Lesley Weaver*

14

Lesley Weaver (SBN 191305)
Matthew S. Melamed (SBN 260272)

15

Anne K. Davis (SBN 267909)
Angelica M. Ornelas (SBN 285929)

16

Joshua D. Samra (SBN 313050)
555 12th Street, Suite 1600

17

Oakland, CA 94607
Tel.: (415) 445-4003

18

Fax: (415) 445-4020
lweaver@bfalaw.com

19

mmelamed@bfalaw.com
adavis@bfalaw.com

20

aornelas@bfalaw.com
jsamra@bfalaw.com

21

22

**SIMMONS HANLY CONROY LLC**

23

By: */s/ Jay Barnes*
Jason 'Jay' Barnes (pro hac vice)

24

An Truong (pro hac vice)
Eric Johnson (pro hac vice)

25

112 Madison Avenue, 7th Floor
New York, NY 10016

26

Tel.: (212) 784-6400
Fax: (212) 213-5949

27

jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com

28

ejohnson@simmonsfirm.com

1

**DiCELLO LEVITT GUTZLER LLC**

2

By: */s/ David A. Straite*

3
David A. Straite (admitted pro hac vice)
One Grand Central Place

4
60 East 42nd Street, Suite 2400
New York, NY 10165

5
Tel.: (646) 933-1000
dstraite@dicellolevitt.com

6

Amy Keller (admitted pro hac vice)

7
Adam Levitt (admitted pro hac vice)
James Ulwick (admitted pro hac vice)

8
Ten North Dearborn St., Sixth Floor
Chicago, IL 60602

9
Tel.: (312) 214-7900
akeller@dicellolevitt.com

10
alevitt@dicellolevitt.com
julwick@dicellolevitt.com

11

**BOTTINI & BOTTINI, INC.**

12

By: */s/ Francis A. Bottini, Jr.*

13
Francis A. Bottini, Jr. (SBN 175783)
Albert Y. Chang (SBN 296065)

14
Anne Beste (SBN 326881)
Yury A. Kolesnikov (SBN 271173)

15
Nicholaus Woltering (SBN 337193)
7817 Ivanhoe Avenue, Suite 102

16
La Jolla, CA 92037
Telephone: (858) 914-2001

17
Facsimile: (858) 914-2002
fbottini@bottinilaw.com

18
achang@bottinilaw.com
abeste@bottinilaw.com

19
ykolesnikov@bottinilaw.com
nwoltering@bottinilaw.com

20

**COTCHETT, PITRE & McCARTHY LLP**

21

By: */s/ Nanci E. Nishimura*

22
Nanci E. Nishimura (SBN 152621)
Brian Danitz (SBN 247403)

23
Karin B. Swope (admitted pro hac vice)
Noorjahan Rahman (SBN 330572)

24
840 Malcolm Road, Suite 200
Burlingame, CA 94010

25
Tel.: (650) 697-6000
Fax: (650) 697-0577

26
nnishimura@cpmlegal.com
bdanitz@cpmlegal.com

27
kswope@cpmlegal.com

28
*Counsel for Plaintiffs and the Proposed Class*

1

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

2

I, Anne K. Davis, attest that concurrence in the filing of this document has been obtained

3

from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

4

Executed this 1st day of September, 2021, at Pacifica, California.

5

6

/s/ *Anne K. Davis*

7

Anne K. Davis

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28