| | |
|---|---|
| **PRITZKER LEVINE LLP**<br>ELIZABETH C. PRITZKER (SBN146267)<br>(ecp@pritzkerlevine.com)<br>1900 Powell Street, Suite 450<br>Emeryville, CA 94608<br>Tel.: (415) 692-0772<br>Fax: (415) 366-6110<br><br>*Interim Class Counsel*<br><br>*Additional counsel listed on signature page* | **COOLEY LLP**<br>MICHAEL G. RHODES (SBN 116127)<br>(rhodesmg@cooley.com)<br>JEFFREY M. GUTKIN (SBN 216083)<br>(jgutkin@cooley.com)<br>KELSEY R. SPECTOR (SBN 321488)<br>(kspector@cooley.com)<br>COLIN S. SCOTT (SBN 318555)<br>(cscott@cooley.com)<br>101 California Street, 5th Floor<br>San Francisco, CA 94111-5800<br>Tel: (415) 693-2000<br>Fax: (415) 693-2222<br><br>*Counsel for Defendant, Google LLC* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation<br><br>This Document Relates To: *all actions* | Master File No.: 5:21-CV-02155-LHK-VKD<br><br>**JOINT SUBMISSION REQUESTING CLARIFICATION RE: CASE MANAGEMENT ORDER**<br><br>Judge: Hon. Lucy H. Koh<br>Courtroom: Courtroom 8 – 4th Floor<br>Hearing Date:<br>Hearing Time: |

Pursuant to the Court's September 2, 2021 Case Management Order ("Sept. 2 CMO, Plaintiffs in the above-entitled consolidated action and Defendant Google LLC ("Google") (together, "Parties"), by and through their respective counsel of record, hereby jointly submit this Request for Clarification regarding the portion of the Sept. 2 CMO, in which the Court ordered that "***Google shall produce the Texas Attorney General documents within 30 days***." Dkt. No. 85, at 9 (bold italics added).  Plaintiffs and Google disagree as to the meaning and scope of the Court's order that Texas AG documents be produced within 30 days, and now seek the Court's clarification of the matter.  The parties' respective positions/understandings are set forth below.

*Plaintiffs' Position/Understanding*: The Court's Sept. 2 CMO properly may be interpreted as requiring Google to produce the entirety of the document production it made to the Texas AG (leading a multi-state AG action), as requested by Plaintiffs' RFPs, or as requiring Google to produce the documents responsive to Plaintiffs' prioritized requests. To the extent that Google sought a narrower production, it could have sought reasonable compromise with Plaintiffs. Instead, Google proposes production of an effective null set, even in light of this Court's CMO.

*First*, requiring production of the TX AG documents is sensible—not cloned production. The Texas AG case substantially overlaps with the claims in this Action regarding Google RTB, and Plaintiffs seek production of relevant documents. "The Ninth Circuit 'strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation . . . . Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery.'" *Madrid v. CertainTeed, LLC*, 2021 WL 3367253, at *2 (W.D. Wash. Aug. 3, 2021) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003)). The Texas AG "action includes privacy allegations and the specific discovery requested relates directly to the issues in this case – including how the RTB system operates." Dkt. No. 83 at 9. Although Google notes that the Texas AG's antitrust allegations differ, market definitions, economic impact and competitive motives bear on financial harm and punitive damages here. Reproduction of these documents here creates no undue burden for Google.

*Second*, the Court's Sept. 2 CMO must be at least as broad as the "narrowed and prioritized set of Texas AG documents that Plaintiffs contend are responsive to Plaintiffs' RFPs" as that set is

described in the parties' Joint Case Management Statement. *Id.* at 9. Following an April 29 hearing in which Judge Van Keulen ordered the parties to reach agreement on cross-use, Google allowed cross-production of the Texas AG CIDs produced in the related *Calhoun* and *Brown* actions. Plaintiffs swiftly reviewed the CIDs and, on May 26 provided Google with CIDs marked by highlighting to identify requests for which Plaintiffs sought corresponding responsive documents. On June 23, Google replied with its "compromise" proposal, nominally offering production of nine Requests, although discussion revealed the offer would result in substantive production from ***just one September CID interrogatory and one June CID RFP*** (with the potential for future productions (if any), should Google ever respond to the other Requests).

On July 14, Plaintiffs sent Google a prioritized list of 48 Requests for early production, identifying the corresponding RFPs in this Action for each Request. For example, the September Texas AG CID Request 69 seeks "Documents sufficient to show the types of Behavioral Data…collected or can collect when a user views an AMP Page." This overlaps with Plaintiffs' RFP 13. Similarly, Request 81 seeks "Documents sufficient to show the extent to which any third party analytics vendor is permitted or given access to Behavioral Data with respect to AMP Pages." This overlaps with Plaintiffs' RFP 25. Google also excludes these, saying AMP is not RTB. That Google collects behavioral data from mobile sites does not mean it's irrelevant to RTB. ***All requests relating to the data sold or shared in RTB are related to privacy—and are at core of this case***. Plaintiffs allege Google collects behavioral data to formulate bid requests. Excluding such documents could block Plaintiffs from connecting the verticals used in the auction. This is a perfect example of how thinly Google intends to parse its production. It proposes to produce three more interrogatories from the September CID, one more Request from the June CID, and a possible future production that excludes these and other highly on point requests. Google rejected Plaintiffs' prioritization, *in toto*.

Google's proposal, if followed, essentially results in a null production set. As a meaningful discovery order, the Court must have called for either a full production of Texas AG documents sought by Plaintiffs' RFPs, or of documents responsive to Plaintiffs' prioritized list of 48 Requests.

***Google's Position:*** In late 2020, the Texas AG brought an ***antitrust case*** against Google, claiming monopolization, exclusionary conduct, and tying, among other theories. Am. Compl., *Texas, et al. v. Google LLC*, No. 20-cv-00957, ECF No. 77 at 1 ("Google sought to kill competition . . . [t]his litigation will establish that Google is guilty of such antitrust evils"). While the action touches on real-time bidding, among many other ad tech products, it is ***not a privacy case***. Yet Plaintiffs demand ***all documents*** from the investigation preceding it, regardless of relevance here.

The Parties were mid-stream in meet and confer discussions regarding the TX AG action and were making headway, as Google agreed to produce various categories of documents and Plaintiffs agreed to narrow their requests, withdrawing their immediate demands for ***over 50*** different TX AG Civil Investigative Demand ("CID") responses. Given this material progress and the compromises already made, the Parties committed to "continue to meet and confer regarding these issues" and agreed that, "if an impasse is reached, [to] raise the issue with Magistrate Judge DeMarchi." (ECF No. 82 (Joint Statement) at 9.) Google also stated that it would begin a "rolling production of documents during the week of September 20, 2021." *Id.* Against this backdrop of fruitful and ongoing negotiations, Google understood the Court's Order to impose a deadline for the production of the categories of documents on which the Parties have agreed so far. Plaintiffs claim that accepting Google's proposal would lead to the production of essentially a "null production set" of documents. Not so. Google agreed to produce its responses to 12 CID document requests (and 6 interrogatories) and it anticipates producing ***over 4,000 documents*** from these ***agreed-upon CIDs***.

Plaintiffs, however, assert that the Court wants not just an end to the meet and confer process, but also to ***erase*** all the compromises already reached. Plaintiffs claim the Court's order did not refer to the agreed-upon CIDs, the still overbroad list of almost 50 CIDs Plaintiffs sought most recently, nor even Plaintiffs' original wildly overbroad list of over 100 CIDs. Plaintiffs claim that Google must produce all the documents ***(228 document CIDs)*** from the TX AG antitrust matter in this user privacy lawsuit. This is impermissible cloned discovery, and Plaintiffs' attempt to back out of the compromises already struck is an undeniable overreach. *See, e.g., Chen v. Ampco Sys. Parking*, 2009 WL 2496729, at *2 (S.D. Cal. Aug. 14, 2009) (motion to compel documents from proceeding involving "different and broader claims" denied); *In re Volkswagen "Clean Diesel"*

1  *Marketing, Sales Practices, & Products Liability Litig.*, 2017 WL 4680242, at *2 (N.D. Cal. Oct.
2  18, 2017).  Even Plaintiff's fallback reading (the 48 prioritized CIDs) ignores that these issues were
3  not properly before the Court.  The Court does not have the text of the disputed CIDs, the TX AG
4  complaint, nor any fleshed-out discussion of relevance or proportionality from either party.

5        If Google misunderstands the Court's prior order, it respectfully requests that the Parties
6  finish their meet and confer and bring any disputed CID requests to Judge DeMarchi.  An
7  individualized review of each request (exactly the type Judge Van Keulen just conducted in the
8  related *Calhoun* matter (ECF No. 299)), is crucial to determine the appropriate scope of this
9  discovery. Adopting Plaintiffs' view would trigger the production of tens of thousands of irrelevant,
10 competition-related documents, such as documents concerning: Google's "scale, market share, or
11 product diversity" and comparisons of Google's "ability to collect and monetize data across multiple
12 devices and technologies with that of any competitor," (Sept. 9, 2019 TX AG CID 57 (in Plaintiffs'
13 "narrowed" set of 48)) and "the sales, market share, or competitive position of . . . [Google's]
14 competitors and their products" (CID 96).  Plaintiffs' best examples above of requests Google has
15 so far refused are telling.  These requests relate to "AMP" or "Accelerated Mobile Pages," a format
16 for ***faster ad loading*** that contains no reference to real-time bidding or "verticals"
17 (https://developers.google.com/amp).  Google agreed to produce documents for a more relevant
18 request about "behavioral data" (CID 11 from 2020), fully addressing Plaintiffs' concerns above.

19       For the avoidance of doubt, the parties request that the Court clarify its instruction.

20                             Respectfully Submitted,

| PRITZKER LEVINE LLP | COOLEY LLP |
|---|---|
| By: */s/ Elizabeth C. Pritzker* <br> Elizabeth C. Pritzker (SBN 146267) <br> Bethany Caracuzzo (SBN 190687) <br> Jonathan K. Levine (SBN 220289) <br> Caroline C. Corbitt (SBN 305492) <br> 1900 Powell Street, Suite 450 <br> Emeryville, CA 94608 <br> Tel.: (415) 692-0772 <br> Fax: (415) 366-6110 <br> ecp@pritzkerlevine.com <br> jkl@pritzkerlevine.com <br> bc@pritzkerlevine.com | By:   *DRAFT* <br> MICHAEL G. RHODES (SBN 116127) <br> (rhodesmg@cooley.com) <br> JEFFREY M. GUTKIN (SBN 216083) <br> (jgutkin@cooley.com) <br> DANIELLE C. PIERRE (SBN 300567) <br> (dpierre@cooley.com) <br> KELSEY R. SPECTOR (SBN 321488) <br> (kspector@cooley.com) <br> COLIN S. SCOTT (SBN 318555) |

| | |
|---|---|
| ccc@pritzkerlevine.com<br><br>*Interim Class Counsel*<br><br>**BLEICHMAR FONTI & AULD LLP**<br><br>By: */s/ Lesley Weaver*<br>Lesley Weaver (SBN 191305)<br>Matthew S. Melamed (SBN 260272)<br>Anne K. Davis (SBN 267909)<br>Angelica M. Ornelas (SBN 285929)<br>Joshua D. Samra (SBN 313050)<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>lweaver@bfalaw.com<br>mmelamed@bfalaw.com<br>adavis@bfalaw.com<br>aornelas@bfalaw.com<br>jsamra@bfalaw.com | (cscott@cooley.com)<br>101 California Street, 5th Floor<br>San Francisco, CA 94111-5800<br>Tel: (415) 693-2000<br>Fax: (415) 693-2222<br><br>*Counsel for Defendant GOOGLE LLC* |

**SIMMONS HANLY CONROY LLC**

By: */s/ Jay Barnes*
Jason 'Jay' Barnes (pro hac vice)
An Truong (pro hac vice)
Eric Johnson (pro hac vice)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
ejohnson@simmonsfirm.com

**DiCELLO LEVITT GUTZLER LLC**

By: */s/ David A. Straite*
David A. Straite (admitted pro hac vice)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
dstraite@dicellolevitt.com

Amy Keller (admitted pro hac vice)
Adam Levitt (admitted pro hac vice)
James Ulwick (admitted pro hac vice)
Ten North Dearborn St., Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
akeller@dicellolevitt.com

alevitt@dicellolevitt.com
julwick@dicellolevitt.com

**BOTTINI & BOTTINI, INC.**

By: */s/ Francis A. Bottini, Jr.*
Francis A. Bottini, Jr. (SBN 175783)
Albert Y. Chang (SBN 296065)
Anne Beste (SBN 326881)
Yury A. Kolesnikov (SBN 271173)
Nicholaus Woltering (SBN 337193)
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Telephone: (858) 914-2001
Facsimile: (858) 914-2002
fbottini@bottinilaw.com
achang@bottinilaw.com
abeste@bottinilaw.com
ykolesnikov@bottinilaw.com
nwoltering@bottinilaw.com

**COTCHETT, PITRE & McCARTHY LLP**

By: */s/ Nanci E. Nishimura*
Nanci E. Nishimura (SBN 152621)
Brian Danitz (SBN 247403)
Karin B. Swope (admitted pro hac vice)
Noorjahan Rahman (SBN 330572)
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel.: (650) 697-6000
Fax: (650) 697-0577
nnishimura@cpmlegal.com
bdanitz@cpmlegal.com
kswope@cpmlegal.com

*Counsel for Plaintiffs and the Proposed Class*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Anne K. Davis, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of September, 2021, at Pacifica, California.

*/s/ Anne K. Davis*
Anne K. Davis

**CERTIFICATE OF SERVICE**

    I, Anne K. Davis, hereby certify that on September 13, 2021, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

By:   */s/ Anne K. Davis*
          Anne K. Davis