COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
COLIN S. SCOTT (SBN 318555)
(cscott@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA
(DC No. 1034981)
(rsaldana@cooley.com)
(appearance *pro hac vice*)
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 776 2109
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions*, | Master File No. 5:21-cv-02155-LHK<br><br>**DEFENDANT GOOGLE LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT** |

**NOTICE OF MOTION & STATEMENT OF RELIEF SOUGHT**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**: Please take notice that on December 9, 2021 at 1:30 p.m. or as soon thereafter as it may be heard in this Court, Defendant Google LLC ("Google") will request that the Court consider the Exhibits attached to the Declaration of Robby Saldaña ("Saldaña Declaration") in adjudicating Google's concurrently filed Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint ("Motion to Dismiss"). Specifically, Google requests that the Court (1) consider all Exhibits because they are incorporated by reference into the Consolidated Class Action Complaint ("CAC"), or (2) in the alternative, take judicial notice of Exhibits B–E under Federal Rule of Evidence 201. This Request is based on the points and authorities below, Google's Motion to Dismiss, the Saldaña Declaration and its exhibits, all pleadings and papers on file in this matter, and such other matters as may be presented.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    DOCUMENTS SUBJECT TO THIS REQUEST**

Google requests that the Court consider the following documents in connection with Google's Motion to Dismiss, which are attached to the Saldaña Declaration:

1. Exhibit A: A copy of the "Real-Time Bidding Protocol Buffer v.199," as discussed extensively in the CAC and produced to the Plaintiffs on September 24, 2021.

2. Exhibit B: A copy of a webpage titled "Ad Personalization" (when logged into a Google Account), available https://adssettings.google.com/?utm_source=ps-terms&hl=en_US (last accessed September 30, 2021).

3. Exhibit C: A copy of the "Search" Tab of the webpage titled "Ad Personalization settings" (when not logged into a Google Account), available at https://adssettings.google.com/?utm_source=ps-terms&hl=en_US (last accessed September 30, 2021).

4. Exhibit D: A copy of the "YouTube" tab of the webpage titled "Ad Personalization settings," (when not logged into a Google Account), available at https://adssettings.google.com/?utm_source=ps-terms&hl=en_US (last accessed September 30, 2021) (when not logged into a Google Account).

5. <u>Exhibit E</u>: A copy of the "Web" tab of the webpage titled "Ad Personalization settings" (when not logged into a Google Account), available at https://adssettings.google.com/?utm_source=ps-terms&hl=en_US (last accessed September 30, 2021) (when not logged into a Google Account).

## II. LEGAL STANDARD

"[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted); *accord, e.g.*, *Skilstaf, Inc. v. CVS Caremark Corp., SI*, 2010 WL 199717, at *2 (N.D. Cal. Jan. 13, 2010) (same). This rule exists "in order to '[p]revent [] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based . . . .'" *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted).

If a plaintiff's claim "depends" on the content of a document, that document should be treated as incorporated into the complaint, even if it is not attached to, or its contents referenced by, the complaint. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."). Indeed, this Court has found "[a] document not appended to a complaint 'may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Avila v. Wells Fargo Bank*, 2012 WL 2953117, at *2 n.3 (N.D. Cal. July 19, 2012) (emphasis added) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)); *see also* 5B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 1357 (3d ed. 1998) ("Numerous cases, as the note below reflects, have allowed consideration of matters incorporated by reference or integral to the claim . . . .").

When ruling on a motion to dismiss, a court may also consider any matter subject to judicial

notice. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Tellabs*, 551 U.S. at 322. Judicial notice is appropriate for facts "not subject to reasonable dispute" that are either generally known within the trial court's jurisdiction or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[A]s a general matter, websites and their contents may be proper subjects for judicial notice" provided that the party provides the court with a copy of the relevant webpage. *Caldwell v. Caldwell*, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006); *see also Frances Kenny Family Trust v. World Sav. Bank FSB*, 2005 WL 106792, at *1 n.1 (N.D. Cal. Jan. 19, 2005) (finding content on the "plaintiffs' website to be proper matter for judicial notice"); *Kinderstart.com, LLC v. Google, Inc.*, 2007 WL 831806, at *21 n.20 (N.D. Cal. Mar. 16, 2007) (noticing content on the defendant's website).

### III.   ARGUMENT

#### A.   The CAC Incorporates All Exhibits by Reference

Exhibit A is version 199 of Real-Time Bidding ("RTB") Protocol Buffer (the "Protocol"). The CAC discusses the Protocol at length and includes claims that depend on the Protocol's content. Plaintiffs allege that Google sends personal information about Account Holders to bidders in Google's RTB "[c]onsistent with Google's description in its own developer pages[.]" (CAC ¶ 201.) In support of this allegation, Plaintiffs rely on v.199 of the Protocol to identify several data fields allegedly shared through RTB. (*Id*. ¶¶ 138–140.) The CAC purports to quote the Protocol's contents for several data fields. (*Id*. ¶ 140.) These allegations discuss, and thereby incorporate, the Protocol.

While the CAC purports to quote the Protocol to describe certain data fields, Plaintiffs provide their own characterization for many data fields, including fields regarding location information. (*See id*.) Plaintiffs cannot reference and characterize the Protocol (inaccurately, at that), but then intentionally omit a copy of the Protocol for the purpose of surviving a Rule 12(b)(6) dismissal. *See Swartz*, 476 F.3d at 763. Moreover, Plaintiffs claims depend on the Protocol. Central to all Plaintiffs' claims is the notion that Google allegedly sells and shares in RTB certain information that qualifies as "personal information." (CAC ¶¶ 6, 17, 90, 339–371, 383–439, 465–482.) To support their claims, Plaintiffs specifically rely on the information contained in the

1  Protocol (as well as other documents). (*See, e.g., id.* ¶¶ 135, 138–40, 201.) Because the Protocol
2  rebuts the claim that Google shares the information Plaintiffs claim is shared through RTB (or in
3  the manner Plaintiffs allege), Plaintiffs' claims are deficient. Incorporation by reference is needed
4  here to provide the Court with all the facts.

5  In addition, the CAC incorporates Exhibits B–E by reference, all of which show how users
6  of Google services can opt into or out of personalized ads. In the CAC, Plaintiffs allege that
7  "Google promises its account holders privacy and control," and "expressly assures Account
8  Holders that personal information will not be shared with third parties without Account Holders'
9  consent," but that Google allegedly contravenes these statements. (*Id.* ¶¶ 11, 91.)

10 Plaintiffs attach to the CAC the ToS effective March 31, 2020, and the "How Our Business
11 Works" webpage. (*Id.* Exs. 4–5.) This ToS contains a hyperlink which directs to the webpage
12 reflected in Exhibit B (when logged into a Google Account). (*See id.* Ex. 4 at 7.) When not logged
13 into a Google Account, the hyperlink directs to a webpage titled "Ad Personalization settings,"
14 which has three tabs respectively titled "Search," "YouTube," and "Web" and reflected in Exhibits
15 C, D, and E. The "How Our Business Works" webpage also contains a hyperlink to the webpage
16 reflected in Exhibit B (when logged into a Google Account). (*See id.* Ex. 5 at 2.) The provision of
17 a hyperlink in a complaint incorporates the hyperlinked document into the complaint when the
18 complaint relies on the document. *See Yang v. Bank of New York Mellon Corp.*, 2021 WL 1226661,
19 at *1 n.1 (S.D.N.Y. Mar. 31, 2021) (concluding that a complaint incorporated by reference a
20 document to which the plaintiff provided a hyperlink in his complaint); *Anderson & Anderson LLP*
21 *Guangzhou v. N. Am.-Foreign Trading Corp.*, 2020 WL 1285450, at *1 n.2 (S.D.N.Y. Mar. 18,
22 2020) (same). Moreover, the ToS and the "How Our Business Works" webpage are central to
23 Plaintiffs' claims. (*See, e.g.*, CAC ¶¶ 70–82.) To survive a Rule 12(b)(6) motion to dismiss,
24 Plaintiffs cannot claim that Google contravenes statements that Account Holders and users have
25 control over privacy, including control over personalized ads, and yet fail to attach copies of the
26 hyperlinked documents, which show how users have control over personalized ads. *See Swartz*,
27 476 F.3d at 763.
28

**B.     In the Alternative, Exhibits B–E Are Publicly Available Webpages**

Alternatively, the Court should take judicial notice of Exhibits B–E because they are publicly available and their contents are "not subject to reasonable dispute" and "can be accurately and readily determined . . . ." Fed. R. Evid. 201(b); *see also Datel Holdings Ltd. v. Microsoft Corp.*, 712 F.Supp.2d 974, 983, 985 (N.D. Cal. 2010) (taking judicial notice of Microsoft's webpages); *Caldwell v. Caldwell*, 2006 WL 618511, at *4 (N.D. Cal. Mar. 20, 2006) (agreeing that "as a general matter, websites and their contents may be proper subjects for judicial notice"). Exhibits B, D, C, D, and E are printouts of webpages publicly available from Google and therefore fall within this established rule. *See Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1197 & n.1 (N.D. Cal. 2014); *Opperman v. Path, Inc.*, 84 F. Supp. 3d 962, 976 (N.D. Cal. 2015); *Datel*, 712 F. Supp. 2d at 985. Accordingly, the Court should take judicial notice of these Exhibits.

**IV.    CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court consider all Exhibits to be incorporated by reference into the CAC or, in the alternative, that the Court take judicial notice of Exhibits B–E to the Saldaña Declaration.

Dated: October 1, 2021

COOLEY LLP
MICHAEL G. RHODES
JEFFREY M. GUTKIN
ROBBY L.R. SALDAÑA
KELSEY R. SPECTOR
COLIN S. SCOTT

By: */s/ Jeffrey M. Gutkin*
    Jeffrey M. Gutkin

Attorneys for Defendant
GOOGLE LLC