# EXHIBIT 1

| BLEICHMAR FONTI & AULD LLP | KAPLAN FOX & KILSHEIMER LLP | SIMMONS HANLY CONROY LLC |
|---|---|---|
| 555 12TH ST., SUITE 1600 | 850 THIRD AVENUE | 112 MADISON AVENUE, 7TH FL. |
| OAKLAND, CA 94607 | NEW YORK, NY 10022 | NEW YORK, NY 10016 |

January 21, 2021

**David A. Straite**
(212) 687-1980
dstraite@kaplanfox.com

**Lesley E. Weaver**
(415) 445-4004
lweaver@bfalaw.com

**Jay Barnes**
(212) 784-6400
jbarnes@simmonsfirm.com

<u>**Via Email**</u>
Viola Trebicka, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
865 Figueroa Street, 10th Floor
Los Angeles, CA  90017
*violatrebicka@quinnemanuel.com*

Re:    *Calhoun, et al. v. Google LLC*, 5:20-cv-5146-LHK-SVK (N.D. Cal.)
       **PRIORITY SPOLIATION ISSUE**

Dear Counsel,

Thank you again for making time to advance our discussions relating to ESI. A more fulsome letter summarizing outstanding issues is forthcoming, but we write today regarding an alarming disclosure you made for the first time on yesterday's call and clarified further today.

We understand that Google has purposefully failed to suspend autodelete for certain event-level data sources, including event logs, that appear highly relevant to the claims asserted in our action. In light of this disclosure, we request the following:

1. Google must suspend any further destruction of this data until the Court has an opportunity to weigh in.

2. Google must provide a more precise description of these data sources, including with specificity whether these sources include logs reflecting synced and unsynced browser states; collection of PI; websites visited; content of user communications; or other

BLEICHMAR FONTI & AULD LLP
555 12TH ST., SUITE 1600
OAKLAND, CA  94607

KAPLAN FOX & KILSHEIMER LLP
850 THIRD AVENUE
NEW YORK, NY 10022

SIMMONS HANLY CONROY LLC
112 MADISON AVENUE, 7TH FL.
NEW YORK, NY 10016

information relevant to what Google is collecting about Plaintiffs and the putative class.  Plaintiffs request this information by 5:00pm PST tomorrow.

3. Google must provide representative samples of all types of such data currently not being preserved as a result of the failure to suspend autodelete.

4. Google must provide an accounting of what data existed on the date of our complaint (July 27, 2020) and what has been deleted since that date.

5. Google must identify an appropriate 30(b)(6) corporate representative and let us know availability for a video deposition next week.

Plaintiffs will need to notify Magistrate Judge Van Keulen of this issue quickly but we can wait until tomorrow to get the additional information requested above and to work cooperatively with Google on a joint submission if it could be done by Monday.

Very Truly Yours,

*/s/ David Straite*
David Straite

cc (via email):

Andrew Schapiro, Esq.
Stephen Broome, Esq.
Diane Doolittle, Esq.
Jomaire Crawford, Esq.
Josef Ansorge, Esq.
Jonathan Tse, Esq.
Thao Thai, Esq.
Angelica Ornelas, Esq.
Mitchell Breit, Esq.
An Truong, Esq.
Laurence King, Esq.
Mario Choi, Esq,
Aaron Schwartz, Esq.