# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

PATRICK CALHOUN, ELAINE CRESPO, HADIYAH JACKSON, and CLAUDIA KINDLER, on behalf of all similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 5:20-cv-5146-LHK

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
NOTICE OF RULE 30(b)(6) DEPOSITION**

Pursuant to Rules 26, 30, and 34 of the Federal Rules of Civil Procedure, Defendant Google LLC ("Google") hereby responds and objects to Plaintiffs' Notice of Rule 30(b)(6) Deposition (the "Notice"). These objections and responses are made solely for the purpose of and in relation to this action, and any production in response will be subject to the Protective Order governing this case (Dkt. No. 61). In addition, the objections and responses set forth in this document are based on Google's knowledge, investigations, and analysis to date. As discovery proceeds, Google may become aware of additional facts or evidence and its analysis of the case may change. Google reserves all rights to supplement and amend its objections and responses accordingly.

**GENERAL OBJECTIONS**

The following General Objections apply to each and every deposition topic and document request propounded by Plaintiffs and are incorporated into each of Google's responses by reference as if set forth fully therein. A specific response may repeat a General Objection for emphasis or some other reason. The failure to include any General Objection in any specific response shall not constitute a waiver of any General Objection to that deposition topic.

1. Google objects to the noticed time to produce documents in advance of the deposition (i.e., by "no later than 12:00 p.m. pacific on Friday, January 29, 2021") as unreasonable because the parties are in the process of negotiating search parameters and will produce documents in the

1  ordinary course of discovery. Google also objects to the noticed time to produce documents as unreasonable under Federal Rule of Civil Procedure 34. *See Guzman v. Bridgepoint Educ.*, Inc., 2014 WL 1670094, at *2 (S.D. Cal. Apr. 28, 2014) ("[W]hen the deposition notice requires production of documents at the deposition, Rule 30(b)(2) dictates that 'reasonable notice' is provided as stated in Rule 34. Rule 34(b)(2) states that the party to whom a request for production of documents is directed must respond within 30 days after service of the request.").

2. Google objects to each topic and document request in the Notice to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, or other privilege, immunity, or protection afforded by law ("Privileged Information"). Google will not disclose Privileged Information in response to the Notice, and any undertaking by Google to respond to the Notice, including the designation of persons for deposition testimony to be taken, should be understood to exclude Privileged Information.

3. Google objects to each topic and document request in the Notice to the extent that it seeks to impose obligations and demands on Google greater than or more extensive than those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, this Court's orders and instructions, or any other applicable authority.

4. Google objects to each topic and document request in the Notice to the extent that it prematurely seeks disclosure of information before Google is required to disclose such information in accordance with any applicable law or rule, such as the Northern District of California Local Rules and any order in this action.

5. Google objects to each topic and document request in the Notice to the extent that it is vague, ambiguous, unintelligible, overly broad, unduly burdensome, or seeks information that is not relevant to the subject matter of this action or not proportional to the needs of the case.

6. Google objects to each topic and document request in the Notice to the extent that it calls for legal conclusions or information that is more properly the subject of expert discovery.

7. Google objects to each topic and document request in the Notice to the extent that it seeks information in a format or at a level of detail other than that which is ordinarily kept and maintained by Google in its regular course of business.

8. Google objects to each topic and document request in the Notice to the extent that it requests Google to provide "all" information or documents about a particular subject, on the grounds that such requests are overbroad and unduly burdensome, seeking information, documents, and/or things that are neither relevant nor proportional to the needs of the case.

9. Google reserves the right to supplement, amend, modify, or correct its response to the topics and document requests in the Notice as additional pertinent evidence becomes available. The disclosure of any irrelevant information, whether or not in response to any request for production, is not to be construed as a waiver of any claim of irrelevance.

10. Any objection by Google does not constitute a representation or admission that such information does in fact exist or is known to Google.

11. Google's responses to each topic and document request in the Notice or agreement to designate a witness with respect to these deposition topics shall not be construed in any way as an admission that any statement by Plaintiffs set forth in the topics and document requests is either factually correct or legally binding upon Google.

**SPECIFIC OBJECTIONS AND RESPONSES TO DEPOSITION TOPICS**

Subject to the foregoing General Objections, Google objects and responds to Plaintiffs' deposition topics as follows:

**TOPIC NO. 1:**

**Data Retention on July 27, 2020**: Data retention policies, rules or practices governing the custodial and non-custodial sources of ESI relevant to this litigation ("Relevant ESI Sources") as they existed on July 27, 2020, including but not limited to:

a. Sources where "event-level" data or logs were stored or processed, including event logs, activity logs or audit logs related to Chrome users;

    b.    Sources where Google stores the browser sync state of any Chrome browser (i.e., whether and when a Chrome user elects to synch the browser session with a Google Account) if different than 1(a) above.

    c.    Sources where any Personal Information ("PI") related to Chrome users (including PI taken from or transmitted by the Chrome browser) is stored or processed;

    d.    Shared drives, including team drives and Google drives; and

    e.    Internal sites including employee Wikis and bulletin boards or project management systems.

**RESPONSE TO TOPIC NO. 1:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this topic as premature, in particular because the parties are continuing to meet and confer on Plaintiffs' demand related to Google's retention of event-level logs. Google further objects to this topic as overly broad and unduly burdensome because the request is not limited in scope and encompasses "Relevant ESI Sources," which Plaintiffs define to include "logs related to Chrome users" and sources "where any Personal Information . . . related to Chrome users . . . is stored or processed." This definition captures data that has no relation to Plaintiffs' allegations in this case, which are limited to Google's collection of certain information when users are using Chrome in Basic browsing mode without enabling Sync. *See Martin v. Allstate Ins. Co.*, 292 F.R.D. 361, 363 (N.D. Tex. 2013) (quashing Rule 30(b)(6) deposition topics related to document retention policies and preservation efforts relevant to the lawsuit as "overbroad and irrelevant").

Google further objects to this topic to the extent it seeks information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity. Google further objects to this topic to the extent it inquires into the specific content of Google's document retention notices as related to this or any other litigation as they are Privileged Information. *See Uschold v. Carriage Servs., Inc.*, 2019 WL 8298261, at *4 (N.D. Cal. Jan. 22, 2019) (quashing Rule 30(b)(6) deposition notice seeking, among other topics, testimony regarding retention policies); *Gibson v. Ford Motor Co.*, 2007 WL 2119008, at *3 (N.D.

Ga. July 19, 2007) ("Plaintiffs . . . may not ask questions pertaining to the specific contents or rationale behind the suspension order.").

Google further objects to sub-parts (a) through (c) of this topic on the basis that such information is already within Plaintiffs' possession, custody, or control, as Google provided responsive information in its January 29, 2021 letter to Plaintiffs.

Google further objects to sub-parts (d) and (e) of this topic on the basis that Plaintiffs have not demonstrated the relevance of this information. Google further objects that these sub-parts seek "discovery on discovery." "Discovery into another party's discovery process is disfavored." *Ashcraft v. Experian Info. Sols., Inc.*, 2018 WL 6171772, at *2 n.2 (D. Nev. Nov. 26, 2018). Absent "an adequate factual basis" for Plaintiffs' belief that discovery on discovery is warranted, Plaintiffs' request is plainly improper. *See Uschold v. Carriage Servs., Inc.*, 2019 WL 8298261, at *4 (N.D. Cal. Jan. 22, 2019) ("Generally, 'discovery on discovery' is disfavored . . .") (quashing Rule 30(b)(6) deposition notice topic seeking testimony regarding retention policies).

Further, Google's data retention policies can be found in various publicly available sources, such as Google's Privacy Policy, Google Analytics Help Center, Google Chrome Help Center, and Google's Official Blog. Therefore, Plaintiffs can obtain certain responsive information from publicly available sources.

For these reasons, this topic seeks information that is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Nevertheless, Google is willing to meet and confer regarding the appropriate scope of testimony on preservation of event-level logs through a designated Rule 30(b)(6) witness that Google will produce at an appropriate juncture in response to this topic.

**TOPIC NO. 2:**

The process of anonymizing data taken from or transmitted by the Chrome browser after it is received by or transmitted to Google.

**RESPONSE TO TOPIC NO. 2:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this topic as premature, as it seeks information that goes beyond the scope of Google's

preservation efforts. Google further objects to this topic as premature because it seeks, in part, information that Google will provide to Plaintiffs in the ordinary course of discovery. Google further objects to this topic as overly broad and unduly burdensome because the request is not limited in scope and encompasses all "data taken from or transmitted by the Chrome browser," including data that has no relation to Plaintiffs' allegations in this case, which are limited to Google's collection of certain information when users are using Chrome in Basic browsing mode without enabling Sync. Google further objects to this topic to the extent it calls for information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity.

For these reasons, this topic seeks information that is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Accordingly, Google will not produce a witness to testify regarding this topic.

**TOPIC NO. 3:**

**Data Preservation**: A description of all steps taken to prevent alteration, spoliation or destruction of Relevant ESI Sources since the date this action commenced on July 27, 2020 ("Preservation Measures") that are the basis for Your compliance with data preservation obligations in this action, focused specifically on the following:

a. Whether any Relevant ESI Source was subject to any auto-delete function and steps taken to disable auto-delete on these sources;

b. Whether and to what extent relevant information on any Relevant ESI Source was deleted, anonymized or made less accessible;

c. The measures taken to preserve information on Relevant ESI Sources related to any matter in the Complaint or the collection of PI from Chrome generally, including:

   i. when such measures were implemented and/or modified;

   ii. the persons involved in implementing and executing them, and

   iii. the materials and subject matter they covered.

d. All documents and data associated with the four plaintiffs in this action or their personal identifiers, cookie values, email addresses, IP Addresses, Device Identifiers,

XClient Data Headers, URLs of websites visited (or any portion thereof), GET or POST requests, or Client IDs.

**RESPONSE TO TOPIC NO. 3:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this topic as premature, overly broad, and unduly burdensome, as it seeks information that goes beyond the scope of Google's preservation efforts, particularly where "Preservation Measures" are defined to include Google's anonymization of user data. Google further objects to this topic as premature because it seeks, in part, information that Google will provide to Plaintiffs in the ordinary course of discovery. Google further objects to this topic as overly broad and unduly burdensome because the request is not limited in scope and encompasses "Relevant ESI Sources," which Plaintiffs define to include "logs related to Chrome users" and sources "where any Personal Information . . . related to Chrome users . . . is stored or processed." Therefore, this definition captures a host of data that has no relation to Plaintiffs' allegations in their Complaint, which are limited to Google's collection of certain information when users are using Chrome in Basic browsing mode without enabling Sync. *See Martin v. Allstate Ins. Co.*, 292 F.R.D. 361, 363 (N.D. Tex. 2013) (quashing Rule 30(b)(6) deposition topics related to document retention policies and preservation efforts relevant to the lawsuit as "overbroad and irrelevant").

Google further objects to this request as seeking "discovery on discovery." "Discovery into another party's discovery process is disfavored." *Ashcraft v. Experian Info. Sols., Inc.*, 2018 WL 6171772, at *2 n.2 (D. Nev. Nov. 26, 2018). Absent "an adequate factual basis" for Plaintiffs' belief that discovery on discovery is warranted, Plaintiffs' request is plainly improper. *See Uschold v. Carriage Servs., Inc.*, 2019 WL 8298261, at *4 (N.D. Cal. Jan. 22, 2019) ("Generally, 'discovery on discovery' is disfavored . . .") (quashing Rule 30(b)(6) deposition notice topic seeking testimony regarding retention policies). Google further objects to this topic to the extent it inquires into the specific content of Google's document retention notices as related to this or any other litigation as they are Privileged Information. *Gibson v. Ford Motor Co.*, 2007 WL 2119008, at *3 (N.D. Ga. July 19, 2007) ("Plaintiffs . . . may not ask questions pertaining to the specific contents or rationale behind the suspension order."). Google further objects to this topic to the extent it calls for

information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity.

For these reasons, this topic seeks information that is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Nevertheless, Google is willing to meet and confer regarding the appropriate scope of testimony on preservation of event-level logs through a designated Rule 30(b)(6) witness that Google will produce at an appropriate juncture in response to this topic.

**TOPIC NO. 4:**

The identity of any person or entity with knowledge of the Preservation Measures, including the preservation, deletion or anonymization of information stored or processed on Relevant ESI Sources.

**RESPONSE TO TOPIC NO. 4:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this topic as premature, overly broad, and unduly burdensome, as it seeks information that goes beyond the scope of Google's preservation efforts, particularly where "Preservation Measures" are defined to include Google's anonymization of user data. Google further objects to this topic as overly broad and unduly burdensome because the request is not limited in scope and encompasses "Relevant ESI Sources," which Plaintiffs define to include "logs related to Chrome users" and sources "where any Personal Information . . . related to Chrome users . . . is stored or processed." This definition captures a host of data that has no relation to Plaintiffs' allegations in this litigation, which are limited to Google's collection of certain information when users are using Chrome in Basic browsing mode without enabling Sync. *See Martin v. Allstate Ins. Co.*, 292 F.R.D. 361, 363 (N.D. Tex. 2013) (quashing Rule 30(b)(6) deposition topics related to document retention policies and preservation efforts relevant to the lawsuit as "overbroad and irrelevant"). Google further objects to this topic as it is unclear whether Plaintiffs seek identification of "any person or entity" with any level of "knowledge," no matter how small or peripheral. This exercise would be burdensome and not proportional to the needs of the case.

For these reasons, the topic seeks information that is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Nevertheless, once the parties resolve the appropriate scope of any Rule 30(b)(6) testimony in response to Topic No. 3, Google will disclose in the ordinary course the witness it will produce at an appropriate juncture to do so.

### SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

Subject to the foregoing General Objections, Google objects and responds to Plaintiffs' document requests as follows:

**DOCUMENT REQUEST NO. 1:**

Organizational charts reflecting or documents sufficient to show names, titles and reporting hierarchy of any individual meeting the criteria of Topic 4 above.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Google incorporates its General Objections and Specific Objections to Topic No. 4 as if set forth fully herein. Google further objects to the noticed time to produce documents in advance of the deposition (i.e., by "no later than 12:00 p.m. pacific on Friday, January 29, 2021") as unreasonable under Federal Rule of Civil Procedure 34. *See Guzman v. Bridgepoint Educ.*, Inc., 2014 WL 1670094, at *2 (S.D. Cal. Apr. 28, 2014) ("[W]hen the deposition notice requires production of documents at the deposition, Rule 30(b)(2) dictates that 'reasonable notice' is provided as stated in Rule 34. Rule 34(b)(2) states that the party to whom a request for production of documents is directed must respond within 30 days after service of the request.").

Google further objects to this topic as it is unclear whether Plaintiffs seek identification of any person or entity with any level of "knowledge," no matter how small or peripheral. This exercise would be burdensome and not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Google is willing to provide documents sufficient to show the name, title, and reporting hierarchy of Google's Rule 30(b)(6) designee for Topic No. 4.

**DOCUMENT REQUEST NO. 2:**

All written document or data retention policies governing the preservation of any Relevant ESI Source in effect on July 27, 2020 (regardless of date) or dated thereafter.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Google incorporates its General Objections and Specific Objections to Topic Nos. 1 and 3 as if set forth fully herein. Google further objects to the noticed time to produce documents in advance of the deposition (i.e., by "no later than 12:00 p.m. pacific on Friday, January 29, 2021") as unreasonable under Federal Rule of Civil Procedure 34. *See Guzman v. Bridgepoint Educ.*, Inc., 2014 WL 1670094, at *2 (S.D. Cal. Apr. 28, 2014) ("[W]hen the deposition notice requires production of documents at the deposition, Rule 30(b)(2) dictates that 'reasonable notice' is provided as stated in Rule 34. Rule 34(b)(2) states that the party to whom a request for production of documents is directed must respond within 30 days after service of the request.").

Google further objects to this request as seeking information that is irrelevant to any party's claim or defense. *See, e.g., India Brewing, Inc. v. Miller Brewing Co.*, 237 F.R.D. 190, 192 (E.D. Wis. 2006) (denying plaintiff's motion to compel production of a document retention policy on the basis that it is not relevant to any claim or defense). Google further objects to this request to the extent it seeks Google's document retention notices as related to this or any other litigation as they are Privileged Information. *See Gibson v. Ford Motor Co.*, 2007 WL 2119008, at *3 (N.D. Ga. July 19, 2007) ("Plaintiffs are not . . . permitted to use the deposition as a surrogate for production of the suspension document."). Google's data retention policies can be found in various publicly available sources, such as Google's Privacy Policy, Google Analytics Help Center, Google Chrome Help Center, and Google's Official Blog. Therefore, Plaintiffs can obtain certain responsive information from publicly available sources. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google is willing to produce its current User Data Access Policy, User Data Retention and Deletion Policy, User Data Retention and Deletion Guidelines, Device/App/Browser Fingerprinting and Immutable Identifiers Policy, and Scrubbing Policies for Log Data.

**DOCUMENT REQUEST NO. 3:**

Documents related to the Preservation Measures described above, including any deviation from usual practices or policies.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Google incorporates its General Objections and Specific Objections to Topic No. 3 as if set forth fully herein.  Google further objects to the noticed time to produce documents in advance of the deposition (i.e., by "no later than 12:00 p.m. pacific on Friday, January 29, 2021") as unreasonable under Federal Rule of Civil Procedure 34.  *See Guzman v. Bridgepoint Educ.*, Inc., 2014 WL 1670094, at *2 (S.D. Cal. Apr. 28, 2014) ("[W]hen the deposition notice requires production of documents at the deposition, Rule 30(b)(2) dictates that 'reasonable notice' is provided as stated in Rule 34. Rule 34(b)(2) states that the party to whom a request for production of documents is directed must respond within 30 days after service of the request.").

Google further objects to this request as seeking information that is irrelevant to any party's claim or defense.  *See, e.g.*, *India Brewing, Inc. v. Miller Brewing Co.*, 237 F.R.D. 190, 192 (E.D. Wis. 2006) (denying plaintiff's motion to compel production of a document retention policy on the basis that it is not relevant to any claim or defense).  Google further objects to this request because it seeks information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity.  Google further objects to this request to the extent it seeks Google's document retention notices as related to this or any other litigation as they are Privileged Information.  *See Gibson v. Ford Motor Co.*, 2007 WL 2119008, at *3 (N.D. Ga. July 19, 2007) ("Plaintiffs are not . . . permitted to use the deposition as a surrogate for production of the suspension document.").  Google further objects to this topic as vague and ambiguous as to the meaning of the phrase "usual practices or policies," which is neither self-evident nor defined.  For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

In light of the foregoing objections, Google will not produce documents in response to this request.

**DOCUMENT REQUEST NO. 4:**

Representative exemplars (excluding emails), including example data and screenshots, of any Relevant ESI that has been deleted since July 27, 2020.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Google incorporates its General Objections and Specific Objections to Topic No. 3 as if set forth fully herein. Google further objects to the noticed time to produce documents in advance of the deposition (i.e., by "no later than 12:00 p.m. pacific on Friday, January 29, 2021") as unreasonable under Federal Rule of Civil Procedure 34. *See Guzman v. Bridgepoint Educ.*, Inc., 2014 WL 1670094, at *2 (S.D. Cal. Apr. 28, 2014) ("[W]hen the deposition notice requires production of documents at the deposition, Rule 30(b)(2) dictates that 'reasonable notice' is provided as stated in Rule 34. Rule 34(b)(2) states that the party to whom a request for production of documents is directed must respond within 30 days after service of the request.").

Google objects to this request to the extent it assumes that Google has "deleted" any information relevant to any claims or defenses in this litigation since July 27, 2020. Google further objects to this topic as overly broad and unduly burdensome because the request is not limited in scope and encompasses "any Relevant ESI Sources," which Plaintiffs define to include "logs related to Chrome users" and sources "where any Personal Information . . . related to Chrome users . . . is stored or processed." This definition captures data that has no relation to Plaintiffs' allegations in the Complaint, which are limited to Google's collection of certain information when users are using Chrome in Basic browsing mode without enabling Sync. Google further objects to this request as seeking "discovery on discovery." Absent "an adequate factual basis" for Plaintiffs' belief that discovery on discovery is warranted, Plaintiffs' request is plainly improper. See *Uschold v. Carriage Servs., Inc.*, 2019 WL 8298261, at *4 (N.D. Cal. Jan. 22, 2019) ("Generally, 'discovery on discovery' is disfavored . . ."). Google further objects to this request to the extent it seeks the production of data prohibited by, *inter alia*, the Stored Communications Act (18 U.S.C. §2701, et seq.).

In light of the foregoing objections, Google will not produce documents in response to this request.

**DOCUMENT REQUEST NO. 5:**

Copies of all documents and data associated with the four plaintiffs in this action or their personal identifiers, cookie values, email addresses, IP Addresses, Device Identifiers, XClient Data Headers, URLs of websites visited (or any portion thereof), GET or POST requests, or Client IDs.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to the noticed time to produce documents in advance of the deposition (i.e., by "no later than 12:00 p.m. pacific on Friday, January 29, 2021") as unreasonable under Federal Rule of Civil Procedure 34. *See Guzman v. Bridgepoint Educ.*, Inc., 2014 WL 1670094, at *2 (S.D. Cal. Apr. 28, 2014) ("[W]hen the deposition notice requires production of documents at the deposition, Rule 30(b)(2) dictates that 'reasonable notice' is provided as stated in Rule 34. Rule 34(b)(2) states that the party to whom a request for production of documents is directed must respond within 30 days after service of the request.").

Google further objects to this request as duplicative of Plaintiff's Supplemental Request for Production ("RFP") No. 5. Google hereby incorporates by reference in full its Responses and Objections to Plaintiffs' Supplemental RFP No. 5. Google further objects to this topic as vague and ambiguous as to the meaning of the phrase "Device Identifiers," which is neither self-evident nor defined.

Subject to and without waiving the foregoing objections, Google is willing to continue to meet and confer with Plaintiffs regarding Google's response to Plaintiffs' Supplemental RFP No. 5.

| Date; February 10, 2021 | **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br><br>By: */s/ Andrew H. Schapiro*<br>Andrew H. Schapiro (admitted *pro hac vice*)<br>andrewschapiro@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Tel: (312) 705-7400<br>Fax: (312) 705-7401<br><br>Stephen A. Broome (CA Bar No. 314605) |
|---|---|

| | |
|---|---|
| 1 | sb@quinnemanuel.com |
| 2 | Viola Trebicka (CA Bar No. 269526) |
| | violatrebicka@quinnemanuel.com |
| 3 | 865 S. Figueroa Street, 10th Floor |
| | Los Angeles, CA 90017 |
| 4 | Tel: (213) 443-3000 |
| | Fax: (213) 443-3100 |
| 5 | |
| 6 | Jomaire Crawford (admitted *pro hac vice*) |
| | jomairecrawford@quinnemanuel.com |
| 7 | 51 Madison Avenue, 22nd Floor |
| | New York, NY 10010 |
| | Tel: (212) 849-7000 |
| 8 | Fax: (212) 849-7100 |
| 9 | Josef Ansorge (admitted *pro hac vice*) |
| | josefansorge@quinnemanuel.com |
| 10 | 1300 I Street NW, Suite 900 |
| | Washington D.C., 20005 |
| 11 | Tel: (202) 538-8000 |
| | Fax: (202) 538-8100 |
| 12 | |
| 13 | Jonathan Tse (CA Bar No. 305468) |
| | jonathantse@quinnemanuel.com |
| 14 | 50 California Street, 22nd Floor |
| | San Francisco, CA 94111 |
| | Tel: (415) 875-6600 |
| 15 | Fax: (415) 875-6700 |
| 16 | Thao Thai (CA Bar No. 324672) |
| | thaothai@quinnemanuel.com |
| 17 | 555 Twin Dolphin Drive, 5th Floor |
| | Redwood Shores, CA 94065 |
| 18 | Tel: (650) 801-5000 |
| | Fax: (650) 801-5100 |
| 19 | |
| | *Counsel for Defendant* |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 865 S Figueroa St 10th Floor, Los Angeles, CA 90017.

On February 10, 2021, I served true copies of the following document(s) described as **DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION** on the interested parties in this action as follows:

**SEE ATTACHED LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I transmitted PDF format copies of the document(s) described above to the e-mail addresses on the attached Service List pursuant to the agreement between the parties to serve discovery, in lieu of other service methods, by email under Fed. R. Civ. P. 5(b)(2)(E) (*see* Joint Case Management Statement § 8.b, Docket No. 44). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 10, 2021 at Los Angeles, California.

/s/ *Viola Trebicka*
Viola Trebicka

# SERVICE LIST

*Calhoun v. Google LLC*
Case No. 5:20-cv-05146-LHK

| | |
|---|---|
| *Attorneys for Plaintiffs Patrick Calhoun et al.* | BLEICHMAR FONTI & AULD LLP |

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 994607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

**KAPLAN FOX & KILSHEIMER LLP**
David A. Straite (admitted *pro hac vice*)
Aaron L. Schwartz (admitted *pro hac vice*)
850 Third Avenue
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
*dstraite@kaplanfox.com*
*aschwartz@kaplanfox.com*

Laurence D. King (State Bar No. 206423)
Mario Choi (State Bar No. 243409)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Tel.: (415) 772-4700
Fax: (415) 772-4707
*lking@kaplanfox.com*
*mchoi@kaplanfox.com*

**SIMMONS HANLY CONROY LLC**
Mitchell M. Breit (admitted *pro hac vice*)
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (*pro hac vice* to be sought)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*mbreit@simmonsfirm.com*
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*

*Attorneys for Plaintiffs*