| | |
|---|---|
| **PRITZKER LEVINE LLP** <br> ELIZABETH C. PRITZKER (SBN146267) <br> (ecp@pritzkerlevine.com) <br> 1900 Powell Street, Suite 450 <br> Emeryville, CA 94608 <br> Tel.: (415) 692-0772 <br> Fax: (415) 366-6110 <br><br> *Interim Class Counsel* <br><br> *Additional counsel listed on signature page* | **COOLEY LLP** <br> MICHAEL G. RHODES (SBN 116127) <br> (rhodesmg@cooley.com) <br> JEFFREY M. GUTKIN (SBN 216083) <br> (jgutkin@cooley.com) <br> KELSEY R. SPECTOR (SBN 321488) <br> (kspector@cooley.com) <br> COLIN S. SCOTT (SBN 318555) <br> (cscott@cooley.com) <br> 101 California Street, 5th Floor <br> San Francisco, CA 94111-5800 <br> Tel: (415) 693-2000 <br> Fax: (415) 693-2222 <br><br> ROBBY L.R. SALDAÑA (pro hace vice) <br> (rsaldana@cooley.com) <br> 1299 Pennsylvania Avenue, NW <br> Suite 700 <br> Washington, DC 20004-2400 <br> Telephone:   +1 202 776 2109 <br> Facsimile:   +1 202 842 7899 <br><br> *Counsel for Defendant, Google LLC* |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* <br><br> *This document applies to all actions.* | **CASE NO. 5:21-CV-02155-LHK-VKD** <br><br> **FURTHER JOINT CASE MANAGEMENT STATEMENT** <br><br> **Next CMC: November 10, 2021** <br>      **At 2:00 p.m.** |

Plaintiffs in the above-entitled consolidated actions[1] and Defendant Google LLC ("Google") (together, "Parties"), by and through their respective counsel of record, hereby jointly submit this Joint Case Management Conference Statement reporting on their progress since the last statement was filed on September 1, 2021. (Dkt. No. 82.)

**1.    PROGRESS SINCE LAST CASE MANAGEMENT STATEMENT**

Plaintiffs filed their Consolidated Amended Class Action Complaint ("CACC") on August 27, 2021. (Dkt. No. 80). On October 1, 2021, Google filed a motion to dismiss the CACC pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 93). Plaintiffs filed their opposition to that motion on October 29, 2021. (Originally Dkt. No. 98, later amended/corrected in Dkt. No. 103). Google's reply memorandum is due November 19, 2021.  The Court has set a hearing on the motion for December 9, 2021 at 1:30 p.m.

**2.    LEGAL ISSUES**

a.    Plaintiffs' Summary of the Claims

Plaintiffs filed their CACC on August 27, 2021 (Dkt. No. 80), adding 13 new named Plaintiffs, and asserting twelve individual and class claims on behalf of all Google account holders whose personal information is sold and disseminated by Google through the Google Real Time Bidding ("RTB") process. Google's contract with Plaintiffs and all putative class members contains a choice of law provision designating California on a nationwide basis.

In its Case Management Order dated September 2, 2021, the Court directed that the parties select eight claims from the twelve claims asserted in the CACC to be litigated through trial, "with Plaintiffs selecting 4 claims and Google selecting 4 claims." (Dkt. No. 83 at 1). The parties completed that court-ordered selection process and, on September 15, 2021, filed a joint statement, Dkt. No. 91, identifying the following claims:  (1) breach of contract (Count 1); (2) breach of

---

[1] In its June 24, 2021 Order, the Court consolidated three cases: *Hewitt v. Google*, Case No. 5:21-cv-2144-LHK (N.D. Cal., filed March 26, 2021), *Delahunty v. Google*, Case No. 21-CV-03360-LHK (N.D. Cal., filed May 5, 2021), and *Toronto v. Google*, Case No. 21-CV-03725-LHK (N.D. Cal., filed May 18, 2021). The Court also concluded that *Hewitt*, *Delahunty* and *Toronto* are related to *Brown v. Google*, No. 20-CV-03664-LHK (N.D. Cal., filed June 2, 2020) and *Calhoun v. Google*, No. 20-CV-05146-LHK (N.D. Cal., filed July 27, 2020) pursuant to Civil Local Rule 3-12(b). (*See* Dkt. No. 69).

covenant of good faith and fair dealing (Count 2); violation of the Article 1, § 1 of the California Constitution (invasion of privacy) (Count 4); intrusion upon seclusion (Count 5); publication of private information (Count 6); breach of confidence (Count 7); violation of the California Information Privacy Act , Cal. Penal Code §§ 630-638 (Count 8); violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511—unauthorized interception, use and disclosure by an Electronic Communications Service (ECS) (Count 10).

### b. Google's Position on Plaintiffs' Claims

At the present time, and reserving all rights to assert any and all additional grounds, Google states that the following legal issues may be in dispute:

1. Whether Plaintiffs fail to state claims upon which relief may be granted;
2. Whether Plaintiffs lack standing to assert their claims;
3. Whether Google breached any term of the Parties' contracts;
4. Whether Plaintiffs' implied covenant claim is impermissibly duplicative of their breach of contract claim;
5. Whether applicable statute of limitations preclude Plaintiffs' claims;
6. Whether Plaintiffs have suffered any injury or damages as a result of Google's alleged conduct;
7. Whether Google's defenses preclude any recovery by Plaintiffs; and
8. Whether class certification should be denied under Rule 23.

**3. MOTIONS**

### a. Pending or Scheduled Motions:

1. <u>Google's Motion to Dismiss</u>: As directed by the Court's June 24, 2021 Order (Dkt. No. 69), Google filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on October 1, 2021. That motion seeks to dismiss the entire CACC for lack of standing as well as each of the eight claims identified in the parties' joint filing of September 15, 2021. (Dkt. Nos. 91, 98). Plaintiffs filed their opposition to the motion on October 29, 2021. Google's reply brief is due November 19, 2021. A hearing on the motion is calendared for December 9, 2021 at 1:30 p.m. (Dkt. No. 69).

2. <u>Discovery Dispute re: Governing ESI Protocol</u>: As reported in the prior joint case management statement (Dkt. No. 82), the Parties continued their meet and confer discussions relating to establishing an ESI protocol for the litigation. Despite those efforts, the Parties were unsuccessful in resolving their dispute on all ESI issues. The Parties submitted a joint discovery brief to Magistrate Judge DeMarchi on October 19, 2021, outlining the Parties' areas of dispute. (Dkt. No. 95). A hearing before Judge DeMarchi was held on November 2, 2021. The Parties anticipate a written order shortly.

b. <u>Anticipated Motions</u>:

<u>Plaintiffs' Position:</u> The Parties have been meeting and conferring on various discovery matters since the initial Rule 26(f) conference held May 4, 2021. Despite these efforts, there remain core discovery disputes which, if unresolved, will require motion practice before Magistrate Judge DeMarchi (*see* Section 7 below). Plaintiffs also anticipate moving for class certification on or before June 23, 2022, consistent with the Court's scheduling order. Plaintiffs may file other motions as appropriate.

<u>Google's Position</u>: As necessary, Google will oppose Plaintiffs' anticipated motion for class certification, and may file motions to compel discovery, a motion for summary judgment, and other motions as appropriate.

**4.    AMENDMENT OF PLEADINGS**

Plaintiffs filed their CACC on August 27, 2021 and do not anticipate amending the complaint prior to the Court's ruling on Google's motion to dismiss. The Court has set February 25, 2022 as the deadline to amend the pleadings or add parties. (Dkt. No. 83.)

**5.    EVIDENCE PRESERVATION**

The Parties represent that they have taken reasonable and proportionate steps to preserve evidence relevant to this litigation. This includes discussions relating to preservation issues that surfaced in the *Calhoun* action. The Parties have reviewed the Northern District of California Guidelines Relating to the Discovery of ESI and, pursuant to Fed. R. Civ. P. 26(f), have discussed generally the preservation of relevant evidence. Specifically:

a.    *Preservation of Plaintiff Devices*: Since the last joint case management conference

statement, the Parties have conferred and agreed that by creating a forensic image of each device (mobile devices, personal computers, and tablets) that, as of the time of the complaint, Plaintiffs contend has been impacted as a result of Google's conduct alleged in the CACC, will satisfy Plaintiffs' obligations to preserve this evidence. Plaintiffs need not, however, preserve or shelve each physical device. Plaintiffs have commenced forensic imaging of their devices consistent with the Parties' agreement on this issue.

      b.    *Preservation of Event Log Data*: Plaintiffs have requested that Google preserve certain event-level log data beyond Google's standard retention periods. Consistent with Magistrate Judge van Keulen's April 30 Discovery Order in *Calhoun* (Dkt. No. 173), Google informed Plaintiffs that this request would be unduly burdensome, and proposed a compromise for preserving relevant log data. The Parties have engaged in multiple meet and confer discussions, including most recently on October 15, 2021 and in subsequent correspondence thereafter, on both the scope of log data relevant to the claims and defenses at issue in the litigation, and methods or techniques of preserving same for purposes of this litigation. The Parties have made progress and will continue to meet and confer on this issue, but if an impasse is reached, the Parties will seek appropriate direction from Magistrate Judge DeMarchi.

**6.    DISCLOSURES**

The Parties exchanged initial disclosures, as required by Federal Rule of Civil Procedure 26(f), on June 22, 2021. Plaintiffs served initial disclosures for additional Plaintiffs named in the CACC on September 8, 2021. Plaintiff also provided Google with Stored Communication Act consent forms for additional Plaintiffs named in the CACC on September 8, 2021.

**7.    DISCOVERY**

      a.    *Discovery Taken to Date*

           i.    *Requests for Production of Documents:*

                1.    *Plaintiffs' RFPs:* To facilitate preservation discussions, on April 26, 2021, Plaintiffs in the first-filed *Hewitt* action sent Google a letter setting forth the scope of anticipated preservation obligations, and attached a First Set of Requests for Production of Documents, which were deemed served on May 4, 2021 (the date of the Rule 26(f) conference). On

May 17, 2021, Plaintiffs served a Second Set of Requests for Production of Documents. Google served responses and objections to Plaintiffs' First and Second Sets of RFPs on June 22, 2021. To date, Google has produced 4,375 documents (roughly 48,000 pages); 161 of them public documents. The Parties have been meeting and conferring, diligently and frequently, including as recently as on October 5, 2021 and in subsequent correspondence on October 27, 2021 and thereafter, in an effort to resolve Google's objections and identify discovery that can be prioritized at this stage of the litigation. The Parties have made progress, and will continue to meet and confer regarding these issues but, if an impasse is reached, will raise the issue with Magistrate Judge DeMarchi.

2. *Google's RFPs:* On June 8, 2021, Google served its First Set of Requests for Production of Documents. Plaintiffs in the first-filed *Hewitt* action provided responses and objections on July 12, 2021. Additional Plaintiffs named in the CACC provided responses to Google's First Set of RFPs on September 17, 2021. Plaintiffs have not yet produced documents responsive to this discovery set. The Parties will meet and confer, as necessary, to resolve any disputes concerning these requests.

Google served a Second Set of Requests for Production of Documents on September 1, 2021, requesting that Plaintiffs produce to Google all documents received in response to subpoenas served by Plaintiffs on various third parties (discussed in Section 7.a.11, below). Plaintiffs provided responses and objections to Google's Second Set of RFPs on October 15, 2021. Consistent with their obligations under Fed. R. Civ. P. 45, Plaintiffs have provided Google with third-party productions received to date, and will continue to provide Google with those productions as they are received by Plaintiffs.

ii. *Plaintiffs' Third-Party Subpoenas*: Starting on July 1, 2021, Plaintiffs in the first-filed *Hewitt* action served subpoenas on approximately 50 entities that Plaintiffs' expert identified as entities that participate in the Google RTB auction. Plaintiffs' counsel in all three consolidated actions have since been meeting and conferring with these third-party entities and/or their counsel to secure compliance. Several of these entities have already produced an initial tranche of responsive documents and, as discussed above, Plaintiffs have provided Google with

third party productions received to date consistent with the obligations under Fed. R. Civ. P. 45. Meet and confer efforts are ongoing.

      b. *Protective Order for Confidential Information:*

On June 3, 2021, the Court granted the Parties' stipulated Protective Order addressing confidentiality issues, as well as other issues related to discovery, as modified by the Court. *See* Dkt. No. 59. All Plaintiffs in the consolidated actions have signed and intend to be bound by that Protective Order.

      c. *Initial Disclosures*

The additional Plaintiffs submitted their initial disclosures pursuant to Federal Rule 26, and in accordance with this Court's orders, on September 8, 2021.

      d. *Expert Discovery Order*

On June 3, 2021, the Court granted the Parties' stipulated Order re Expert Discovery. *See* Dkt. No. 58. All Plaintiffs in the consolidated actions intend to be bound by that Order.

      e. *ESI Protocol:*

The Parties were unable to successfully resolve all issues relating to the ESI Protocol through informal meet and confer discussions. The Parties submitted a joint discovery brief to Magistrate Judge DeMarchi on October 19, 2021, outlining the Parties' areas of dispute. (Dkt. No. 95). A hearing before Judge DeMarchi was held on November 2, 2021. The Parties anticipate a written order shortly.

**8.  CLASS ACTIONS**

The Parties have reviewed the Procedural Guidance for Class Action Settlements.

<u>Plaintiffs' Additional Statement pursuant to Civil L.R. 16-9(b)</u>: This action may proceed under Fed. R. Civ. P. 23(b)(2), (b)(3) and/or (c)(4). Plaintiffs will seek certification of a domestic class of all Google Account Holders who used the Internet on or after Google began using RTB in a manner that disclosed Account Holders' personal information. In the CACC, Plaintiffs (which include one minor Plaintiff represented here by her guardian ad litem) plead facts specific to their experiences, *see* CAC ¶¶ 37-68, and also allege that the same harm would be experienced by all similarly-situated Google Account Holders. *Id*. ¶¶ 9-26; 30; 39-42; 64-162]; see also *id*. ¶¶ 330-338

(additional class allegations). Plaintiffs' motion for class certification is due on or before June 23, 2022.

Google's Position: Google disputes that this action can be maintained as a class action and will oppose Plaintiffs' motion for class certification and/or move to deny class certification because Plaintiffs cannot satisfy the requirements of Rule 23.

**9.   RELATED CASES**

In its June 24, 2021 Order consolidating these actions (Dkt. No. 69), the Court determined that the consolidated actions are related to *Brown v. Google*, No. 20-CV-03664-LHK (N.D. Cal. filed June 2, 2020) and *Calhoun v. Google*, No. 20-CV-05146-LHK (N.D. Cal. filed July 27, 2020) pursuant to Civil Local Rule 3-12(b). The Parties are presently unaware of any other related- or potentially-related actions.

**10.   RELIEF**

a.   Plaintiffs' Statement

Plaintiffs seek damages, restitution, disgorgement, declaratory relief, injunctive relief, as well as attorneys' fees and costs of suit. Plaintiffs seek damages in excess of $5,000,000 but cannot further determine the amount of damages without discovery.

b.   Google's Statement

Google reserves all rights, claims, and defenses available to it under the law, including to seek relief if appropriate. Google denies that Plaintiffs are entitled to any relief whatsoever in connection with the causes of action pled in their Complaint, or that the class alleged in the Complaint can be certified in this case. Google believes it is premature to opine on methods of calculating potential damages.

**11.   SETTLEMENT AND ADR**

The Parties have filed their ADR certifications. *See* Dkt. Nos. 64, 65. The Parties would be happy to discuss ADR as the Case Management Conference if requested by the Court, but remain of the belief that formal settlement discussions are premature at this stage.

**12.    CONSENT TO MAGISTRATE FOR ALL PURPOSES**

As previously stated, the Parties do not consent to have a magistrate judge conduct all further proceedings, including trial or the entry of judgment.

**13.    OTHER REFERENCES**

As noted in Section 9 above, this case has been related to the *Brown* and *Calhoun* actions. At this time, the case is not suitable for reference to the JPML or binding arbitration. It is premature to know whether referral to a special master is appropriate. The case has been referred to the Hon. Virginia K. DeMarchi, United States Magistrate Judge, for discovery matters. (*See* Dkt. 71).

**14.    NARROWING OF ISSUES**

At this time, the Parties are unaware of any issues that can be narrowed by agreement.

**15.    EXPEDITED TRIAL PROCEDURE**

Given its complexity, the Parties remain of the belief that this putative class action cannot be handled on an expedited basis with streamlined procedures.

**16.    SCHEDULING**

In its September 2, 2021 Case Management Order, the Court set a case schedule. (Dkt. No. 83.) The Parties do not currently anticipate a need to request modifications to that schedule.

**17.    TRIAL**

Plaintiffs demanded a jury trial. *See* CACC (Dkt. No. 80). Plaintiffs' trial estimate is 10 trial days, exclusive of jury selection. In light of the early stage of this case, Google cannot presently estimate the length of trial, which will depend on the scope of the case (if any) after the Court's ruling on Google's Rule 12 motion(s), as well as on Plaintiffs' anticipated motion for class certification and Google's anticipated motion for summary judgment.

**18.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

   a.    <u>Plaintiffs</u>:

Plaintiffs in the first-filed *Hewitt* action filed certifications pursuant to Civil L.R. 3-15 on March 26, 2021. (Dkt. No. 3). Additional Plaintiffs named in the CACC filed certifications pursuant to Civil L.R. 3-15 on September 8, 2021. (Dkt. No. 84).

b. <u>Google</u>:

Google filed its certification pursuant to Civil L.R. 3-15 on April 21, 2021. (Dkt. No. 24).

### 19. PROFESSIONAL CONDUCT

The Parties reconfirm that all attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 20. OTHER MATTERS

The Parties have no other issues to raise at this time.

| | |
|---|---|
| **PRITZKER LEVINE LLP**<br><br>By: <u>/s/ Elizabeth C. Pritzker</u><br>Elizabeth C. Pritzker (SBN 146267)<br>Bethany Caracuzzo (SBN 190687)<br>Jonathan K. Levine (SBN 220289)<br>Caroline C. Corbitt (SBN 305492)<br>1900 Powell Street, Suite 450<br>Emeryville, CA 94608<br>Tel.: (415) 692-0772<br>Fax: (415) 366-6110<br>ecp@pritzkerlevine.com<br>jkl@pritzkerlevine.com<br>bc@pritzkerlevine.com<br>ccc@pritzkerlevine.com<br><br>*Interim Class Counsel*<br><br>**BLEICHMAR FONTI & AULD LLP**<br><br>By: */s/ Lesley Weaver*<br>Lesley Weaver (SBN 191305)<br>Matthew S. Melamed (SBN 260272)<br>Anne K. Davis (SBN 267909)<br>Angelica M. Ornelas (SBN 285929)<br>Joshua D. Samra (SBN 313050)<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>lweaver@bfalaw.com<br>mmelamed@bfalaw.com<br>adavis@bfalaw.com<br>aornelas@bfalaw.com<br>jsamra@bfalaw.com | **COOLEY LLP**<br><br>By: <u>/s/ Jeffrey M. Gutkin</u><br>MICHAEL G. RHODES (SBN 116127)<br>(rhodesmg@cooley.com)<br>JEFFREY M. GUTKIN (SBN 216083)<br>(jgutkin@cooley.com)<br>KELSEY R. SPECTOR (SBN 321488)<br>(kspector@cooley.com)<br>COLIN S. SCOTT (SBN 318555)<br>(cscott@cooley.com)<br>101 California Street, 5th Floor<br>San Francisco, CA 94111-5800<br>Tel: (415) 693-2000<br>Fax: (415) 693-2222<br><br>ROBBY L.R. SALDAÑA (pro hace vice)<br>(rsaldana@cooley.com)<br>1299 Pennsylvania Avenue, NW<br>Suite 700<br>Washington, DC 20004-2400<br>Telephone:  +1 202 776 2109<br>Facsimile:  +1 202 842 7899<br><br>*Counsel for Defendant GOOGLE LLC* |

**SIMMONS HANLY CONROY LLC**

By: */s/ Jay Barnes*
Jason 'Jay' Barnes (pro hac vice)
An Truong (pro hac vice)
Eric Johnson (pro hac vice)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
ejohnson@simmonsfirm.com

**DiCELLO LEVITT GUTZLER LLC**

By: */s/ David A. Straite*
David A. Straite (admitted pro hac vice)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
dstraite@dicellolevitt.com

Amy Keller (admitted pro hac vice)
Adam Levitt (admitted pro hac vice)
James Ulwick (admitted pro hac vice)
Ten North Dearborn St., Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
akeller@dicellolevitt.com
alevitt@dicellolevitt.com
julwick@dicellolevitt.com

**BOTTINI & BOTTINI, INC.**

By: */s/ Francis A. Bottini, Jr.*
Francis A. Bottini, Jr. (SBN 175783)
Albert Y. Chang (SBN 296065)
Anne Beste (SBN 326881)
Yury A. Kolesnikov (SBN 271173)
Nicholaus Woltering (SBN 337193)
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Telephone: (858) 914-2001
Facsimile: (858) 914-2002
fbottini@bottinilaw.com
achang@bottinilaw.com
abeste@bottinilaw.com
ykolesnikov@bottinilaw.com
nwoltering@bottinilaw.com

**COTCHETT, PITRE & McCARTHY LLP**

By: */s/ Nanci E. Nishimura*
Nanci E. Nishimura (SBN 152621)
Brian Danitz (SBN 247403)
Karin B. Swope (admitted pro hac vice)
Noorjahan Rahman (SBN 330572)
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel.: (650) 697-6000
Fax: (650) 697-0577
nnishimura@cpmlegal.com
bdanitz@cpmlegal.com
kswope@cpmlegal.com

*Counsel for Plaintiffs and the Proposed Class*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Jeffrey M. Gutkin, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of November, 2021, at San Francisco, California.

*/s/ Jeffrey M. Gutkin*
Jeffrey M. Gutkin