UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-LHK   (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE ESI PROTOCOL**<br><br>Re: Dkt. No. 95 |

The parties ask the Court to resolve disputes involving several provisions of their proposed protocol for discovery of electronically stored information ("ESI").  Dkt. No. 95.  The Court held a hearing on these disputes on November 2, 2021.  Dkt. No. 109.  In this interim order, the Court decides some of the disputes presented and directs the parties to confer further regarding the remaining disputes.

The Court orders as follows[1]:

**1.   Section 4(a): redactions for reasons other than privilege**

As a general matter, no party should redact material from an otherwise responsive document simply because such material is not relevant to a claim or defense.  However, there may be good cause for redaction of irrelevant material based on other considerations, such as to avoid disclosure of the private personal information of an employee, and where the redaction can be implemented in a manner that does not eliminate necessary context.  During the hearing, the parties suggested they may be able reach agreement on this point.  The parties shall confer further

---

[1] This order refers to the disputed provisions of the parties' proposed ESI protocol.  Dkt. No. 95, Ex. A.

regarding this provision.

### 2. Section 4(b): production of known responsive documents

Plaintiffs propose to include the following text in the ESI protocol: "The Parties recognize that they are obligated to produce relevant and responsive non-privileged documents of which they are aware regardless of whether such documents contain any of the Agreed Upon or additional search terms." Google objects to including this proposed text in the ESI protocol on the ground that it is both unnecessary and potentially invites future disputes about when a large corporation, like Google, "is aware" of the existence of a responsive document.

Each party has a duty of "reasonable inquiry" in responding to document requests that is not displaced by the application of search terms to ESI. *See* Fed. R. Civ. P. 26(g)(1). If, as a result of that reasonable inquiry or otherwise, a party knows of a document that is relevant and responsive, and not otherwise objected to, the party must produce the document, even if the document does not contain an agreed or court-ordered search term. *See Waymo LLC v. Uber Techs., Inc.*, No. 3:16-cv-00939, 2017 WL 6501798, at *11 (N.D. Cal. Dec. 15, 2017) ("The Federal Rules obligate a party to produce known, relevant and reasonably accessible material that on its face is likely to be responsive to discovery requests."). The duty of "reasonable inquiry" and the obligation to produce "known" responsive documents applies to corporate parties as well as to individuals.

To the extent plaintiffs' proposed text is intended as a statement of the applicable law, the Court finds it unnecessary to include such a statement in the ESI protocol. Moreover, as the proposed text does nothing to define the circumstances in which Google will be deemed to be "aware" of the existence of a responsive document, it serves no useful function in the protocol. The parties may, if they choose, adopt a provision specifying criteria for determining when knowledge of a document may be attributed to Google for these purposes, but the Court will not require it. If a dispute arises concerning whether Google has failed to produce a responsive document of which it was aware, the Court will consider that dispute in light of the particular circumstances.

2

### 3. Section 6(a): preservation date

The parties need not preserve ESI created or received before March 26, 2016.

### 4. Sections 7 and 8: ESI sources and search methodology

The Court does not intend to micromanage the parties' collection, review, and production of ESI, or to permit the parties to do the same to each other. As a general matter, each party is expected to comply with its obligations under Rule 26 with respect to ESI without being specially ordered to do so.

The Court understands that discovery in these consolidated cases implicates a substantial quantity of ESI in Google's possession, and that collection, review, and production of such ESI cannot be accomplished without at least some resort to tools and techniques that will limit the scope and burden of the review Google must undertake. If Google chooses to use search terms, technology assisted review ("TAR"), or any other tools to identify potentially relevant and responsive documents, it must have some discussion with plaintiffs about what it plans to do and how it plans to do it. The required discussion should not take the form of "discovery on discovery." Rather, the parties are expected to engage in a candid but informal exchange of information bearing on the relevance and proportionality of discovery of ESI. This is not a novel requirement but a standard part of litigation in federal courts for at least the last decade. *See* Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 26 advisory committee's notes to 2006 amendment; *see also* N.D. Cal. ESI guidelines, first adopted Nov. 27, 2012; N.D. Cal. ESI checklist, first adopted Nov. 27, 2012. The Court's expectations for the parties' discussion of ESI are informed by the following observations by Magistrate Judge Laporte (ret.) and her co-author Jonathan Redgrave:

> Instead of engaging in costly and potentially wasteful formal discovery of [the details of a party's collection and review of ESI], parties will be better served by informally exchanging information regarding custodians, databases and other sources of information. Many courts encourage or require the parties to engage in such discussions during their Rule 26(f) conferences. Increased transparency will be facilitated where the parties agree that such disclosures will not constitute waiver of applicable attorney work product protections. However, the notion of transparency should not be morphed into an opportunity for unending questions and fishing expeditions as the same rules of relevance and proportionality should guide these exchanges themselves, which should be focused

3

|   |   |
|---|---|
| 1 | on advancing substantive discovery efforts (and the case) rather than looking for "gotcha" moments. |

Hon. Elizabeth D. Laporte & Jonathan M. Redgrave, *A Practical Guide to Achieving Proportionality Under New Federal Rule of Civil Procedure 26*, 9 Fed. Cts. L. Rev. 19, 64 (2015) (footnote omitted).

The Court is not persuaded that the parties have engaged in the necessary discussion about discovery of ESI. Google now has plaintiffs' document requests, and it is therefore in a position to assess the potential sources (both custodial and non-custodial) of responsive ESI, the potential burdens of discovery from those sources, and the utility of search terms, TAR, or other tools to mitigate the burden of review and production. The parties must have this discussion, or a series of discussions if appropriate, without further delay. The parties must use this District's ESI Checklist as a *guide* for their discussion of ESI discovery. In addition, the parties must discuss a concrete plan for complying with Judge Koh's case management order, which requires substantial completion of document production by April 21, 2022. *See* Dkt. No. 83 at 2.

### 5. Section 11(d): privilege claims

Plaintiffs propose to include the following text in the ESI protocol: "Upon reasonable request, the Producing Party agrees to provide additional information supporting the claim of privilege if it is not clear from the face of the redacted document." Google objects to including this proposed text in the ESI protocol because it fears this provision will inspire plaintiffs to demand additional information for every item on Google's privilege log, beyond what Rule 26(b)(5) requires.

A party claiming privilege or work product protection must describe the materials being withheld "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). If the parties disagree about whether a withheld or redacted document is privileged or protected, they will have to discuss the matter before bringing the dispute to the Court's attention, and this discussion may well involve the exchange of additional information. *See* Section 4, Judge DeMarchi's Standing Order for Civil Cases (requiring the parties involved in a discovery dispute that cannot be resolved by agreement to hold a conference of lead counsel to discuss resolution of the dispute; if the dispute

4

1  remains following the conference, the parties shall submit a joint discovery dispute letter to the
2  Court).

3  To the extent plaintiffs' proposed text is intended as a statement of what may be necessary
4  to resolve certain disputes about privilege claims, the Court finds it unnecessary to include such a
5  statement in the ESI protocol.

**6.     Appendix A**

The Court will not require any party to include a metadata field for "linked items" that contains information identifying, by bates number, the documents associated with hyperlinks within a produced document. Google represents that it is not technically feasible to provide this information on a production-wide basis, and plaintiffs do not contradict that representation. The parties should consider reasonable requests for production of hyperlinked documents on a case-by-case basis. Such requests should not be made as a matter of routine.

The Court will require the parties to include a metadata field for "file path" that contains information about the file structure in which a responsive document is located, but only if that information is available for automated collection.

The Court will require the parties to include a metadata field for "drive author" that contains information about the owner of a Google drive document. If metadata is available for automated collection indicating which users reviewed or edited a Google drive document, such metadata fields should also be included. However, the Court will not require any party to include metadata fields indicating all users who merely have access or editing rights to a Google drive document, or the metadata fields "drivelabels" and "drivefolders," as the Court is not persuaded that discovery of such information is proportional to the needs of the case.

The Court will not require any party to produce all Microsoft PowerPoint files and Google Slides files in native format, assuming that the agreed production components (*see* Appendix A, ¶ 1) will capture any notes pages that are part of such files. However, the parties should consider reasonable requests for production of these files in native format on a case-by-case basis when important information is not otherwise captured by the standard ESI production format.

**7. Further proceedings**

The Court orders further proceedings as follows:

1) The parties must complete their discussions about ESI discovery, as described above in section 4 of this order, by **November 22, 2021**.

2) The parties shall file a revised proposed ESI protocol by **December 6, 2021**. If disputes remain about the protocol, the parties shall address them in a further joint discovery dispute letter which also must be filed by **December 6, 2021.**

3) The parties must develop a concrete plan that will ensure substantial completion of document production by April 21, 2022. The plan may include dates for the further exchange of information (e.g., proposed ESI custodians and search terms, if applicable); interim dates of production of certain documents, dates for timely submission of disputes, if any, to the Court, and any other matters or deadlines that will facilitate compliance with the substantial production deadline. The parties shall advise the Court of their plan, or their respective proposals for such plan, by **December 17, 2021**.

Nothing in this order is intended to foreclose the parties' discussion of other matters that will facilitate the timely completion of fact discovery, including the use of a special master.

**IT IS SO ORDERED.**

Dated: November 4, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge