COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
COLIN S. SCOTT (SBN 318555)
(cscott@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:      +1 415 693 2000
Facsimile:      +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA
(DC No. 1034981)
(rsaldana@cooley.com)
(*pro hac vice* application pending)
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone:      +1 202 776 2109
Facsimile:      +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 5:21-cv-02155-LHK<br><br>**GOOGLE LLC'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED RELATED TO PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION TO DISMISS**<br><br>**LOCAL RULES 7-11 AND 79-5(F)(3)** |

Pursuant to Civil Local Rules 7-11 and 79-5(f)(3), Google LLC ("Google") files this Response to Plaintiffs' Administrative Motion ("Google's Response") to consider whether certain documents filed with Plaintiffs' Opposition to Google's Motion to Dismiss (the "Opposition") should be kept under seal.

Plaintiffs' Administrative Motion asks the Court to consider whether to seal portions of documents filed in connection with the Opposition that contain highly sensitive, non-public, confidential information that has been designated "Confidential" or "Highly Confidential—

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 5:21-CV-02155-LHK

Attorneys' Eyes Only" pursuant to the terms of the Parties' Stipulated Protective Order, which the Court entered on June 3, 2021 (ECF No. 59, the "Protective Order"). The Administrative Motion pertains to certain information contained in Plaintiffs' Opposition and Exhibits A and B to the Declaration of Elizabeth C. Pritzker ("Pritzker Declaration" or Pritzker Decl.") in Support. As set forth in this Response and in the accompanying Declaration of Alok Verma ("Verma Declaration" or "Verma Decl.") and Declaration of Lior Shenkar ("Shenkar Declaration" or "Shenkar Decl."), Google confirms the confidentiality of portions of the documents included in Plaintiffs' Administrative Motion, but Google proposes more narrowly tailored redactions.[1] Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below.

| Document | Portions to be filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Opposition to Motion to Dismiss | Portions Redacted at:<br><br>Footnote 2, lines 24-27<br>Page 24, line 22<br>Pages 25, lines 1-3 | Google |
| Exhibit A to the Declaration of Elizabeth C. Pritzker | Portions Redacted in Paragraphs 1.61, 2, 3, 5.1(b), 5.2, 6, 15, 16, 17, 18, and Exhibits A, B, C, and E, as well as Amendment Nos. 1, 2, and 4. | Google |
| Exhibit B to the Declaration of Elizabeth C. Pritzker | Portions Redacted | Google |

I.    LEGAL STANDARD

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case[.]" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted).

"Historically, courts have recognized a 'general right to inspect and copy public records and

---

[1] Additionally, Non-Party Meta Platform, Inc. has submitted the Declaration of Eric M. Meiring in support of Google's Response to justify sealing certain portions of Exhibit A to the Declaration of Elizabeth C. Pritzker.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 5:21-CV-02155-LHK

documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety*, 809 F.3d at 1099, must overcome the presumption of public access with "compelling reasons supported by specific factual findings," *Kamakana*, 447 F.3d at 1178-79.  Motions to dismiss are "more than tangentially related to the underlying cause of action," and therefore parties moving to seal judicial records in connection with a motion to dismiss must satisfy the "compelling reasons" standard.  *R Power Biofuels, LLC v. Chemex LLC*, No. 16-cv-00716-LHK, 2016 U.S. Dist. LEXIS 156727, at *64 (N.D. Cal. Nov. 11, 2016).

Courts in this district routinely seal documents, under the "compelling reasons" standard, that contain business customer information and details of sensitive contract negotiations.  *See, e.g.*, *Snapkeys, Ltd. v. Google LLC*, No. 19-cv-02658-LHK, 2021 WL 1951250, at *3 (N.D.Cal. May 14, 2021); *Am. Auto. Ass'n of N. Cal., Nev. & Utah v. Gen. Motors LLC*, No. 17-cv-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal contracts between the plaintiff or defendant and third parties where the information would harm the parties' competitive standing); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-cv-03844-JST, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage"); *Benedict v. Hewlett–Packard Co.*, No. 13-cv-00119-LHK, 2014 WL 233827, at *1 (N.D. Cal. Jan. 21, 2014) (sealing customer list); *FTC v. Qualcomm Inc.*, No. 17-CV-220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (granting motion to seal as information may "divulge[ ] terms of confidential contracts, contract negotiations, or trade secrets"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015); *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (information regarding party's "long-term financial projections, discussions of business strategy, and competitive analyses" sealable).  Here, Google seeks to seal documents of this nature.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 5:21-CV-02155-LHK

## I.    SEALING OF DOCUMENTS CONTAINING GOOGLE'S CONFIDENTIAL INFORMATION

Google asks this Court to seal various documents and portions of documents containing Google's confidential, proprietary, non-public information and designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" by Google pursuant to this parties' Protective Order.

The Court should redact portions of Exhibits A and B to the Pritzker Declaration and Opposition (ECF Nos. 113-2, 113-3, and 113-4) because those documents contain confidential information whose public disclosure would cause Google significant competitive harm.  Exhibit A is a copy of a "Network Bidding Agreement" between Google and Facebook, Inc. ("Facebook"). This document contains sensitive, confidential, non-public information regarding Google's ongoing commercial relationship with Facebook. While limited portions of this document have been publicly disclosed, the entirety has never been publicly disclosed.[2] Disclosure of the highlighted portions identified in the Verma Declaration would severely and adversely impact Google's ability to negotiate agreements in the future. (*See* Verma Decl. ¶¶9-24.)  If revealed to current or prospective partners, those partners could use this non-public and confidential information to disadvantage Google in future negotiations by seeking similarly custom terms or demanding similar terms.  (*See id.*¶¶10, 11, 12, and 13.)  Likewise, disclosure of the redacted portions of Exhibit A would give Google's competitors an unfair advantage by allowing them to then formulate their own contractual terms with knowledge of their competitiveness in comparison to Google's.  (*Id.*)  Courts in this district have found that the disclosure of such non-public information satisfies the compelling reason standard and accordingly have sealed confidential contracts. *Snapkeys, Ltd.*, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (Koh, J.); *Am. Auto. Ass'n of N. Cal.*, 2019 WL 1206748, at *2.

Exhibit B is a list of participants in Google's Real-time Bidding program.  As described in

---

[2] Google has taken great care to carefully designate here only the information that has not previously been publicly disclosed. Google does not seek to seal anything made public by the order of Judge Castel in In re Google Digital Advertising Litigation, No. 21-cv-6841, (S.D.N.Y. Oct. 15, 2021), which unsealed certain specific references to Exhibit A incorporated into the states' complaint. Notably, unlike the antitrust allegations Judge Castel considered in Digital Advertising, Plaintiffs' allegations here do not turn on the contents of the Network Bidding Agreement; Facebook is one of hundreds of participants in Real-time Bidding.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 5:21-CV-02155-LHK

the Shenkar Declaration, the names of many of the participants have never been publicly disclosed and would cause Google significant competitive harm if released, since competitors would be able to access it and replicate Google's product offerings without investing in the research and development that Google has. (*See* Shenkar Decl. ¶ 5.) Courts regularly seal customer lists under the compelling reasons standard since disclosure would negatively impact a "litigant's competitive standing." *Benedict*, 2014 WL 233827, at *1. The Ninth Circuit has recognized that such customer lists, in some instances, constitute trade secrets further warranting sealing. *See Kamakana*, 447 F.3d at 1179; *True Health Chiropractic Inc. v. McKesson Corp.*, 2019 WL 11743580, at *1 (N.D. Cal. Aug. 13, 2019). Accordingly, Exhibit B should be sealed because it reveals confidential information regarding Google's customers that would cause significant competitive harm if released.

The Opposition contains direct quotations from Exhibits A and B. To preserve the confidentiality of this information and avoid the harm outlined above, Google requests that the Court seal certain portions of Exhibits A and B, as well as the references to them in the Opposition, as outlined above.

## II.     SEALING OF DOCUMENTS CONTAINING NON-PARTY'S CONFIDENTIAL INFORMATION

Exhibits A also includes the personal information of Google and Facebook employees, who are not themselves parties to this action. These individuals could suffer unwanted attention and harassment following any public disclosure of their information.

Courts in this district recognize that personally identifying information, such as name and title, often warrant sealing under the "compelling reasons" standard for non-parties. *See Snapkeys, Ltd.*, 2021 WL 1951250, at *3 ("This Court has found compelling reasons to seal personally identifiable information"); *Oracle Partners, L.P. v. Concentric Analgesics, Inc.*, No. 20-cv-03775-HSG, 2021 WL 1022874, at *2 (N.D. Cal. Mar. 17, 2021) (sealing non-party names because "is nonpublic, and irrelevant to the allegations in the complaint"); *Hunt v. Cont'l Cas. Co.*, No. 13-cv-05966-HSG, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (same); *see also G&C Auto Body Inc. v. Geico Gen. Ins. Co.*, No. C06-04898 MJJ, 2008 WL 687372, at *2 (N.D. Cal. Mar. 11, 2008) (sealing third-party information that is of "little or no relevance to the issues that were raised").

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 5:21-CV-02155-LHK

Here, Google proposes narrowly tailored redactions to address a specific privacy risk for the non-parties listed in Exhibit A.

## III.   CONCLUSION

For all the reasons set forth herein and in the Verma, Shenkar, and Meiring Declarations, Google respectfully requests that the Court grant Google's Response and seal designated portions of Plaintiffs' Opposition to Google's Motion to Dismiss and Exhibits A, and B to the Pritzker Declaration, reflecting Google's concurrently filed redactions, the public disclosure of which would cause significant competitive harm to Google.

Dated: November 10, 2021

COOLEY LLP
Michael G. Rhodes
Jeffrey M. Gutkin
Kyle C. Wong
Robby L.R. Saldaña
Kelsey R. Spector
Colin S. Scott


By: /s/ *Kyle C. Wong*
     Kyle C. Wong

Attorneys for Defendant
GOOGLE LLC

259054076 v4

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 5:21-CV-02155-LHK