COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
COLIN S. SCOTT (SBN 318555)
(cscott@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA
(DC No. 1034981)
(rsaldana@cooley.com)
(*pro hac vice* application pending)
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 776 2109
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 5:21-cv-02155-LHK<br><br>**DECLARATION OF ALOK VERMA IN SUPPORT OF GOOGLE LLC'S RESPONSE TO PLAINTIFFS' ADMINISTRATION MOTION TO SEAL DOCUMENTS RELATED TO PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION TO DISMISS** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECL. OF ALOK VERMA
ISO GOOGLE'S RESPONSE
CASE NO. 5:21-CV-02155-LHK

I, Alok Verma, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am Head of Strategic Partnerships for Ad Platforms at Google LLC. I have been employed by Google since September 2014 and have held my current position since that time. Based on my work at Google, I have personal knowledge of the company's practices and procedures for maintaining the confidentiality of information related to strategic partnerships, including information related to contract negotiations and final agreements. I also have personal knowledge regarding the negotiation of this specific agreement.

2. I submit this declaration in support of Google's Response to Plaintiffs' Administrative Motion to Seal in *In re Google RTB Consumer Privacy Litigation*, Case No. 21-cv-02155 (LHK) (N.D. Cal.), filed on November 2, 2021. I am informed and believe that the sealed material reveals confidential information produced by Google pursuant to discovery requests or civil investigative demands.

3. The contents of this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Google's policies and practices as they relate to the treatment of confidential information, the materials that were provided to me and reviewed by me, and/or informed by conversations with other knowledgeable employees of Google. I am competent to testify.

4. Google follows a strict practice that requires confidential treatment of confidential commercial proposals to third parties and confidential agreements with third parties as well as internal and future strategic business plans. Third parties in an array of contexts entrust confidential information to Google, and they have an expectation that Google has sufficient controls and processes in place to maintain and protect the confidentiality of that information. In my experience and to the best of my knowledge, Google does not disclose internal documents or confidential agreements or proposals of this nature outside of the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DECL. OF ALOK VERMA
ISO GOOGLE'S RESPONSE
CASE NO. 5:21-CV-02155-LHK

company, with the exception of certain documents that Google shares with partners or fiduciaries, subject to further confidentiality requirements.

5. Among other things, the disclosure of these materials would reveal highly sensitive non-public commercial information, significantly harm Google's relationships and ability to conduct business with counterparties and prospective counterparties, and/or place Google at a disadvantage with competitors who could use Google's confidential information and analyses to their advantage in competition with Google. These materials therefore have economic value from not being generally known to Google's competitors, counterparties, or the general public.

6. To the best of my knowledge, the following information in the Opposition to Google's Motion to Dismiss and Exhibit A to the Declaration of Elizabeth Pritzker, is highly sensitive and confidential, and it derives from confidential materials Google produced in response to document requests. As described in detail below, Google has compelling reasons to seal this confidential information to, among other things, avoid competitive harm to both Google and third parties, avoid potentially misleading investors, avoid disclosure of confidential agreements between Google and third parties, and prevent competitors and potential business partners from using the information against Google in future negotiations.

**Specific Information to Redact from the Network Bidding Agreement**

**(Exhibit A)**

7. Google has a commercial relationship with Facebook embodied in an ongoing Network Bidding Agreement that governs Facebook's participation in Google's Open Bidding program. Although the fact of this partnership has by no means been a secret, the Opposition to Google's Motion to Dismiss attaches the entire Network Bidding Agreement which contains numerous sensitive provisions that are non-public and extremely

confidential. Disclosure of this information will harm Google's ability to negotiate similar arrangements with partners in the future and therefore to compete in the ad tech industry. Further, the release of confidential terms likely will damage the ongoing commercial relationship between Google and Facebook and hinder Google's ability to negotiate in confidence with other third parties in the future.

8. Exhibit A reveals confidential non-public information regarding Google's ongoing commercial relationship with Facebook, by disclosing the entire Network Bidding Agreement. Google seeks to only seal the specific highlighted portions of Exhibit A, attached hereto, which have never been disclosed publicly, and whose disclosure would severely and adversely impact Google's ability to negotiate agreements in the future. If revealed to current or prospective partners, those partners could use this non-public and confidential information to disadvantage Google in future negotiations. For example, unless Google is able to maintain the confidentiality of this information, current or prospective partners would have access to the individually negotiated terms with Facebook and are likely to demand similar terms to Google's detriment. Google's competitors would also derive an unfair advantage from the disclosure of this information since they could then formulate their own terms with knowledge of their competitiveness in comparison to Google's. Moreover, pursuant to the Network Bidding Agreement, Facebook has a reasonable expectation that Google will maintain the confidentiality of these contractual terms.

9. Google also seeks to seal the entirety of Section 2 of the Network Bidding Agreement because it details the special mechanics through which Facebook participates in Google's Network Bidding Pilot Program. These terms are unique and were the result of extensive confidential negotiations between the parties. Disclosure would negatively impact

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DECL. OF ALOK VERMA
ISO GOOGLE'S RESPONSE
CASE NO. 5:21-CV-02155-LHK

Google's competitive standing by encouraging other advertisers to seek custom terms or demand similar terms that would place Google at a competitive disadvantage. Google's competitors would also derive an unfair advantage from the disclosure of this information since they could then formulate their own terms with knowledge of their competitiveness in comparison to Google's. Furthermore, Facebook has a reasonable expectation that Google will maintain the confidentiality of these contractual terms.

10. Google also seeks to seal the entirety of Section 3 "Policies" because it contains specific unique provisions regarding the parties' adherence to certain custom terms that would cause competitive harm if disclosed. This term is highly sensitive and was heavily negotiated. If revealed to current or prospective partners, those partners could use this non-public and confidential information to disadvantage Google in future negotiations by demanding custom terms or similar terms. Google's competitors would also derive an unfair advantage from the disclosure of this information since they could then formulate their own terms with knowledge of their competitiveness in comparison to Google's.

11. Google also seeks to seal certain highlighted portions of Section 5.1(b) "Payments to Google" because it details the specific confidential mechanics of Google's ad business which would cause competitive harm if disclosed. The provision also reveals the threshold at which Facebook can initiate a dispute remediation process with Google. This term is highly sensitive and was heavily negotiated. If revealed to current or prospective partners, those partners could use this non-public and confidential information to disadvantage Google in future negotiations by demanding custom terms or similar terms. Google's competitors would also derive an unfair advantage from the disclosure of this information since they could then formulate their own terms with knowledge of their competitiveness in comparison to Google's.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DECL. OF ALOK VERMA
ISO GOOGLE'S RESPONSE
CASE NO. 5:21-CV-02155-LHK

12. Google also seeks to seal Section 5.2 "Payments to Publishers" because it details specific confidential mechanics of Google's ad business which would cause competitive harm if disclosed. Specifically, the provision explains obligations that Facebook undertakes regarding payment to publishers. The provision also reveals the threshold at which Facebook can initiate a dispute remediation process with Google. This term is highly sensitive and was heavily negotiated. If revealed to current or prospective partners, those partners could use this non-public and confidential information to disadvantage Google in future negotiations by demanding custom terms or similar terms. Google's competitors would also derive an unfair advantage from the disclosure of this information since they could then formulate their own terms with knowledge of their competitiveness in comparison to Google's.

13. Google also seeks to seal Sections 6.4, 6.7, 6.8, 6.9, and 6.10 since they all disclose highly confidential information related to data use by both parties. These provisions are extremely confidential because they reveal strategic interests and the capabilities of the negotiating parties. If revealed to current or prospective partners, those partners could use this non-public and confidential information to disadvantage Google in future negotiations by demanding custom terms or similar terms. Google's competitors would also derive an unfair advantage from the disclosure of this information since they could then formulate their own terms with knowledge of their competitiveness in comparison to Google's. Furthermore, Facebook has a reasonable expectation that Google will maintain the confidentiality of contractual terms.

14. Google also seeks to seal Section 15.1 "Indemnification" since it reflects a custom provision that was heavily negotiated by the parties. If revealed to current or prospective partners, those partners could use this non-public and confidential information to disadvantage

Google in future negotiations by pushing for a similar set of provisions. Google's competitors would also derive an unfair advantage from the disclosure of this information since they could then formulate their own terms with knowledge of their competitiveness in comparison to Google's.

15. Google also seeks to seal Section 16 "Limitation of Liability" since it reveals confidential details regarding how the parties allocated risk in the agreement. If revealed to current or prospective partners, those partners could use this non-public and confidential information disadvantage Google in future negotiations by pushing for a similar term. Google's competitors would also derive an unfair advantage from the disclosure of this information since they could then formulate their own terms with knowledge of their competitiveness in comparison to Google's.

16. Google also seeks to seal Section 17 "Term" since it explains the explicit length of the contract and monetary provisions related to it. If revealed to current or prospective partners, those partners could use this non-public and confidential information disadvantage Google in future negotiations by pushing for a similar term length. Google's competitors would also derive an unfair advantage from the disclosure of this information since they could then formulate their own terms with knowledge of their competitiveness in comparison to Google's.

17. Google also seeks to seal the highlighted portions of Section 18 "Termination" since it explains the mechanisms for terminating the contract and monetary provisions related to termination. If revealed to current or prospective partners, those partners could use this non-public and confidential information to disadvantage Google in future negotiations by advocating for similar terms, to Google's detriment. Google's competitors would also derive an unfair advantage from the disclosure of this information since they could then

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DECL. OF ALOK VERMA
ISO GOOGLE'S RESPONSE
CASE NO. 5:21-CV-02155-LHK

formulate their own terms with knowledge of their competitiveness in comparison to Google's.

18. Google also seeks to seal portions of Exhibit A to the Network Bidding Agreement which details specific contractual commitments related to Match Rates and Bid Rates by Google that would cause grave competitive harm if disclosed since competitors and potential partners would be able to use this non-public and confidential information to disadvantage Google in future negotiations by advocating for similar terms. Google's competitors would also derive an unfair advantage from the disclosure of this information since they could then formulate their own terms with knowledge of their competitiveness in comparison to Google's.

19. Google also seeks to seal the specific highlighted portions of Exhibit B to the Network Bidding Agreement which details the fee payments between Google and Facebook. If revealed to current or prospective partners, those partners could use this non-public and confidential information to disadvantage Google in future negotiations by demanding a similar fee schedule. Google's competitors would also derive an unfair advantage from the disclosure of this information since they could then formulate their own terms with knowledge of their competitiveness in comparison to Google's. Moreover, Facebook has a reasonable expectation that Google will maintain the confidentiality of these contractual terms.

20. Google also seeks to seal the specific highlighted portions of Exhibit C to the Network Bidding Agreement which details certain Google Policies applicable to the agreement. The provisions are unique and the result of negotiation between the parties. If revealed to current or prospective partners, those partners could use this non-public and confidential information to disadvantage Google in future negotiations by demanding a similar fee

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DECL. OF ALOK VERMA
ISO GOOGLE'S RESPONSE
CASE NO. 5:21-CV-02155-LHK

schedule. Google's competitors would also derive an unfair advantage from the disclosure of this information since they could then formulate their own terms with knowledge of their competitiveness in comparison to Google's. Moreover, Facebook has a reasonable expectation that Google will maintain the confidentiality of these contractual terms.

21. Google also seeks to seal the specific highlighted portions of Exhibit E to the Network Bidding Agreement, which details certain Data Categories incorporated by and referenced in the agreement. The provisions are unique and the result of negotiation between the parties. If revealed to current or prospective partners, those partners could use this non-public and confidential information to disadvantage Google in future negotiations by demanding a similar fee schedule. Google's competitors would also derive an unfair advantage from the disclosure of this information since they could then formulate their own terms with knowledge of their competitiveness in comparison to Google's. Moreover, Facebook has a reasonable expectation that Google will maintain the confidentiality of these contractual terms.

22. Google also seeks to seal the specific highlighted provisions of Amendment No. 1 to the Network Bidding Agreement because it describes a unique agreement between the parties related to API terms. If revealed to current or prospective partners, those partners could use this non-public and confidential information to disadvantage Google in future negotiations by demanding a similar schedule. Google's competitors would also derive an unfair advantage from the disclosure of this information since they could then formulate their own terms with knowledge of their competitiveness in comparison to Google's. Moreover, Facebook has a reasonable expectation that Google will maintain the confidentiality of these contractual terms.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DECL. OF ALOK VERMA
ISO GOOGLE'S RESPONSE
CASE NO. 5:21-CV-02155-LHK

23. Google also seeks to seal the specific highlighted provisions of Amendment No. 2 to the Network Bidding Agreement which details specific contractual commitments related to Match Rates that would cause grave competitive harm if disclosed since competitors and potential partners would be able to use this non-public and confidential information to disadvantage Google in future negotiations by advocating for similar terms. Google's competitors would also derive an unfair advantage from the disclosure of this information since they could then formulate their own terms with knowledge of their competitiveness in comparison to Google's.

24. Google also seeks to seal the specific highlighted provisions of Amendment No. 4 to the Network Bidding Agreement because it describes unique agreement between the parties related to API terms. If revealed to current or prospective partners, those partners could use this non-public and confidential information to disadvantage Google in future negotiations by demanding a similar schedule. Google's competitors would also derive an unfair advantage from the disclosure of this information since they could then formulate their own terms with knowledge of their competitiveness in comparison to Google's. Moreover, Facebook has a reasonable expectation that Google will maintain the confidentiality of these contractual terms.

**Specific Information to Redact from Plaintiffs' Opposition to Google's Motion to Dismiss**

18. Similarly, Plaintiffs' Opposition to Google's Motion to Dismiss refers and quotes specific highly sensitive provisions from the Network Bidding Agreement. Those provisions are highly sensitive and non-public. Disclosure of these terms would severely and adversely impact Google's ability to negotiate agreements in the future for the reasons explained in Paragraph 8 above.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DECL. OF ALOK VERMA
ISO GOOGLE'S RESPONSE
CASE NO. 5:21-CV-02155-LHK

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 2nd day of November, 2021, in Mountain View, California.

*Alok Verma*

Alok Verma
Head of Strategic Partnerships
Google LLC

Dated: November 2, 2021

259060596 v3

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DECL. OF ALOK VERMA
ISO GOOGLE'S RESPONSE
CASE NO. 5:21-CV-02155-LHK