COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
COLIN S. SCOTT (SBN 318555)
(cscott@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA
(DC No. 1034981)
(rsaldana@cooley.com)
(*pro hac vice* application pending)
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 776 2109
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 5:21-cv-02155-LHK<br><br>**DECLARATION OF LIOR SHENKAR IN SUPPORT OF GOOGLE LLC'S RESPONSE TO PLAINTIFFS' ADMINISTRATION MOTION TO SEAL DOCUMENTS RELATED TO PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION TO DISMISS** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECL. OF LIOR SHENKAR
ISO GOOGLE'S RESPONSE
CASE NO. 5:21-CV-02155-LHK

I, Lior Shenkar, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a Product Manager for Google Ad Manager at Google LLC. I have been employed by Google since November 2017 and have held my current position since that time. Based on my work at Google, I have personal knowledge of the company's practices and procedures for maintaining the confidentiality of information related to the identity of Authorized Buyers.

2. I submit this declaration in support of Google's Response to Plaintiffs' Administrative Motion to Seal in *In re Google RTB Consumer Privacy Litigation*, Case No. 21-cv-02155 (LHK) (N.D. Cal.), filed on November 2, 2021. I am informed and believe that the sealed material reveals confidential information produced by Google pursuant to discovery requests.

3. The contents of this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Google's policies and practices as they relate to the treatment of confidential information, the materials that were provided to me and reviewed by me, and/or informed by conversations with other knowledgeable employees of Google. I am competent to testify.

4. Google follows a strict practice that requires confidential treatment of the identity of Authorized Buyers, third-parties who participate in Google's Real-time Bidding auction. The identity of these participants is not generally known.

5. Among other things, the disclosure of these materials would reveal sensitive, non-public, commercial information and place Google at a disadvantage with competitors who could use Google's customer names to create their own competitive alternative, without spending resources in researching and developing them as Google did. The Authorized Buyers cohort reflects Google's curation of third-party demand sources that drive value for publishers and

their inventory. These materials therefore have economic value from not being generally known to Google's competitors, counterparties, or the general public.

6. To the best of my knowledge, certain information in Exhibit B to the Declaration of Elizabeth Pritzker, and references to the contents of Exhibit B in Plaintiffs' Opposition to Google's Motion to Dismiss, is sensitive and confidential, and it derives from confidential materials Google produced in response to document requests. As described in additional detail below, Google has compelling reasons to seal this confidential information to, among other things, avoid competitive harm to both Google and third parties, avoid disclosure of confidential agreements between Google and third parties, and prevent competitors from using the information to unfairly profit from Google's expenditure of resources and its business acumen.

7. Exhibit B reveals the name of participants in Google's Real-time Bidding platform, including those known as Authorized Buyers. Google seeks to only seal the specific highlighted portions of Exhibit B, attached hereto, which have never been disclosed publicly, and whose disclosure would adversely impact Google for the reasons discussed in Paragraph 5.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 2nd day of November, 2021, in New York, New York.

*Lior Shenkar*

Lior Shenkar
Product Manager
Google LLC

Dated: November 2, 2021

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DECL. OF LIOR SHENKAR
ISO GOOGLE'S RESPONSE
CASE NO. 5:21-CV-02155-LHK

259126124 v1

Cooley LLP
Attorneys at Law
San Francisco

4

**Decl. of Lior Shenkar
ISO Google's Response
Case No. 5:21-cv-02155-LHK**