# EXHIBIT 1

**REQUEST FOR PRODUCTION NO. 1:**

All non-privileged Documents and Communications related to this Action, including Google's discussions and investigations into the allegations in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, particularly as it relates to "the allegations in the Complaint," which is 118 pages long and alleges a myriad of facts that have no relationship to the purported violations Plaintiffs seek to remedy. As worded, this Request is improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires the propounding party to "describe with reasonable particularity each item or category of items to be inspected." Google also objects to this Request as overly broad and unduly burdensome to the extent it encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google further objects to the extent this Request is not limited to RTB. Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity.

In addition, Google objects that the phrases "discussions" and "investigations" are vague and ambiguous as neither are self-evident or defined.

Subject to the foregoing objections, Google responds that it will meet and confer with Plaintiffs about this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Documents and Communications related to Google's discussions, investigations, and analyses, including decision-making analyses as to its response or lack of response, including consideration to modify any conduct, as it relates to any legal action, government or regulatory investigation, or other inquiry (e.g. inquiries from news outlets, consumers or other complaints)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

regarding Real Time Bidding, including the alleged "Jedi Blue" agreement with Facebook and "Project Bernanke."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is not limited in scope and encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google further objects to the extent this Request is not limited to RTB. Google also objects to this Request to the extent it interferes with the jurisdiction of governmental investigative entities and the powers and confidentiality accorded such entities. Google further objects to this Request because discovery into Google's work product in unrelated, separate matters would unnecessarily insert collateral, irrelevant issues into this litigation. Google also objects to this Request to the extent it seeks documents or information the disclosure of which is prohibited by law, regulation, court order, or other authority. Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity.

In addition, Google objects that the phrases "discussions," "investigations," "analyses," "response," "consideration to modify," "Jedi Blue," and "Project Bernanke" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing objections, Google responds that it will conduct a reasonable search and produce responsive, non-privileged documents reflecting any discussions, investigations, or analyses, including decision-making analyses, regarding material changes to RTB prompted by external criticism or scrutiny about the alleged disclosure of Google Account data or other data derived from Google Account data to third parties utilizing RTB, to the extent any such documents exist.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

1  **REQUEST FOR PRODUCTION NO. 3:**

2  Documents, subpoenas, other compulsory process, civil investigative demands,

3  correspondence, request for voluntary production, or any other requests for documents, data or

4  information made to Google or received by Google from any regulator or government entity,

5  whether State or federal, U.S. or international, formal proceeding or informally made, relating to

6  data privacy, Real Time Bidding, or any matter alleged in the Complaint and Google's responses

7  to them.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

9  In addition to the foregoing General Objections, which Google incorporates by reference,

10  Google specifically objects that this Request is overly broad, unduly burdensome, and not

11  proportional to the needs of the case, particularly as it relates to "data privacy" and "any matter

12  alleged in the Complaint," which is 118 pages long and alleges a myriad of facts that have no

13  relationship to the purported violations Plaintiffs seek to remedy. As worded, this Request is

14  improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires the

15  propounding party to "describe with reasonable particularity each item or category of items to be

16  inspected."  Google also objects to this Request as overly broad and unduly burdensome to the

17  extent it is not limited in scope and encompasses other aspects of RTB that have no relation to

18  Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class

19  members' personal information to third party participants utilizing RTB. Google further objects to

20  the extent this Request is not limited to RTB.  Google also objects to this Request to the extent it

21  interferes with the jurisdiction of governmental investigative entities and the powers and

22  confidentiality accorded such entities.  Google further objects that this Request is an improper

23  attempt at clone discovery that is not tailored to the allegations in this litigation.  Discovery into

24  Google's work product in unrelated, separate matters would unnecessarily insert collateral,

25  irrelevant issues into this litigation. Google also objects to this Request to the extent it seeks

26  documents or information the disclosure of which is prohibited by law, regulation, court order, or

27  other authority.  Accordingly, the Request is not proportional to the needs of the case, and the

28  burden of the proposed discovery outweighs any likely benefit.  Google further objects to this

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

1    Request to the extent it seeks documents protected by the attorney-client privilege or the work

2    product doctrine, or any other privilege or immunity.

3         In addition, Google objects that the phrases "other compulsory process," "any other

4    requests," "received by Google," and "relating to data privacy" are vague and ambiguous as none

5    are self-evident or defined.

6         Subject to the foregoing objections, and in accordance with Judge van Keulen's June 8,

7    2021 Discovery Order in *Calhoun, et al. v. Google*, No. 5:20-cv-05146 (ECF No. 220), Google will

8    conduct a reasonable search and produce responsive, non-privileged document requests from any

9    public government investigations about the alleged disclosure of Google Account data or other data

10   derived from Google Account data to third parties utilizing RTB, to the extent any such documents

11   exist.

12   **REQUEST FOR PRODUCTION NO. 4:**

13        Documents, data or information, including Correspondence and testimony, provided by

14   Google to any regulator or government entity or office, whether State or federal, U.S. or

15   international, relating to data privacy, Real Time Bidding, or any matter alleged in the Complaint

16   identified in Request No. 3.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

18        In addition to the foregoing General Objections, which Google incorporates by reference,

19   Google specifically objects that this Request is overly broad, unduly burdensome, and not

20   proportional to the needs of the case, particularly as it relates to "data privacy" and "any matter

21   alleged in the Complaint," which is 118 pages long and alleges a myriad of facts that have no

22   relationship to the purported violations Plaintiffs seek to remedy.  As worded, this Request is

23   improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires the

24   propounding party to "describe with reasonable particularity each item or category of items to be

25   inspected."  Google also objects to this Request as overly broad and unduly burdensome to the

26   extent it encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations

27   regarding the alleged disclosure of Plaintiffs' and purported class members' personal information

28   to third party participants utilizing RTB.  Google further objects to the extent this Request is not

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

1   limited to RTB.  Google also objects to this Request to the extent it interferes with the jurisdiction

2   of governmental investigative entities and the powers and confidentiality accorded such entities.

3   Google further objects that this Request is an improper attempt at clone discovery that is not tailored

4   to the allegations in this litigation.  Discovery into Google's work product in unrelated, separate

5   matters would unnecessarily insert collateral, irrelevant issues into this litigation. Google also

6   objects to this Request to the extent it seeks documents or information the disclosure of which is

7   prohibited by law, regulation, court order, or other authority.  Accordingly, the Request is not

8   proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely

9   benefit.  Google further objects to this Request to the extent it seeks documents protected by the

10  attorney-client privilege or the work product doctrine, or any other privilege or immunity.

11        In addition, Google objects that the phrases "testimony" and "relating to data privacy" are

12  vague and ambiguous as neither are self-evident or defined.

13        Subject to the foregoing objections, Google is willing to meet and confer with Plaintiffs

14  regarding what information provided to any entity identified in response to Request for Production

15  No. 3, if any, conducting public investigations into the data allegedly shared with third parties

16  utilizing RTB, is relevant to this action.

17

18

19

20

21

22

23

24

25

26

27

28

Cooley LLP
Attorneys at Law
San Francisco

13

Google's Responses to Plaintiffs' First
and Second Sets of RFPs
Case No. 5:21-cv-02155-LHK

**REQUEST FOR PRODUCTION NO. 7:**

Transcripts, audio, and video recordings of any interviews, depositions, or testimony, whether formal or informal, of Google to any regulator or government entity or office, or in any court proceeding, whether State or federal, U.S. or international, relating to data privacy, Real Time Bidding, or any matter alleged in the Complaint, and any exhibits used therein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, particularly as it relates to "data privacy" and "any matter alleged in the Complaint, and any exhibits used therein" because the Complaint is 118 pages long and alleges a myriad of facts that have no relationship to the purported violations Plaintiffs seek to remedy.  As worded, this Request is improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires the propounding party to "describe with reasonable particularity each item or category of items to be inspected."  Google also objects to this Request as overly broad and unduly burdensome to the extent it encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB.  Google further objects to the extent this Request is not limited to RTB.  Google also objects to this Request to the extent it interferes with the jurisdiction of governmental investigative entities and the powers and confidentiality accorded such entities.  Google further objects that this Request is an improper attempt at clone discovery that is not tailored to the allegations in this litigation.  Discovery into Google's work product in unrelated, separate matters would unnecessarily insert collateral, irrelevant issues into this litigation. Google also objects to this Request to the extent it seeks documents or information the disclosure of which is prohibited by law, regulation, court order, or other authority.  Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.  Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

In addition, Google objects that the phrases "interviews," "testimony," and "relating to data privacy" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

Documents compiled by Google in preparation for any interview, deposition, or testimony, whether or not actually relied upon, referenced, or otherwise disclosed in the interview, deposition, or testimony, relating to data privacy, Real Time Bidding, or any matter alleged in the Complaint, including documents compiled in preparation for the Congressional testimony of Google CEO Sundar Pichai referenced in the Complaint at ¶ 76.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, particularly as it relates to "data privacy," "any matter alleged in the Complaint," and "documents compiled in preparation for the Congressional testimony of Google CEO Sundar Pichai referenced in the Complaint," because the Complaint is 118 pages long and alleges a myriad of facts that have no relationship to the purported violations Plaintiffs seek to remedy. As worded, this Request is improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires the propounding party to "describe with reasonable particularity each item or category of items to be inspected." Google also objects to this Request as overly broad and unduly burdensome to the extent it encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google further objects to the extent this Request is not limited to RTB. Google also objects to this Request to the extent it interferes with the jurisdiction of governmental investigative entities and the powers and confidentiality accorded such entities. Google further objects that this Request is an improper attempt at clone discovery that is not tailored to the allegations in this litigation. Discovery into Google's work product in unrelated, separate matters would unnecessarily insert collateral,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

irrelevant issues into this litigation. Google also objects to this Request to the extent it seeks documents or information the disclosure of which is prohibited by law, regulation, court order, or other authority.  Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.  Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity.

In addition, Google objects that the phrases "interview," "testimony," "referenced," "otherwise disclosed," "relating to data privacy," and "compiled" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

Documents and communications regarding Google's discussions and analyses of any interview, deposition, or testimony by Google or a Google employee relating to data privacy, Real Time Bidding, or any matter alleged in the Complaint, including documents and communications related to the analyses of the Congressional testimony of Google CEO Sundar Pichai referenced in the Complaint at ¶ 76.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, particularly as it relates to "data privacy," "any matter alleged in the Complaint," and "documents and communications related to the analyses of the Congressional testimony of Google CEO Sundar Pichai referenced in the Complaint,"  because the Complaint is 118 pages long and alleges a myriad of facts that have no relationship to the purported violations Plaintiffs seek to remedy.  As worded, this Request is improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires the propounding party to "describe with reasonable particularity each item or category of items to be inspected."  Google also objects to this Request as overly broad and unduly burdensome to the extent it encompasses other aspects

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

**GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK**

of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB.  Google further objects to the extent this Request is not limited to RTB.  Google also objects to this Request to the extent it interferes with the jurisdiction of governmental investigative entities and the powers and confidentiality accorded such entities.  Google further objects that this Request is an improper attempt at clone discovery that is not tailored to the allegations in this litigation. Discovery into Google's work product in unrelated, separate matters would unnecessarily insert collateral, irrelevant issues into this litigation. Google also objects to this Request to the extent it seeks documents or information the disclosure of which is prohibited by law, regulation, court order, or other authority.  Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.  Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity.

In addition, Google objects that the phrases "discussion," "analyses," "interview," and "relating to data privacy" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing objections,  Google  will conduct a reasonable search and produce responsive, non-privileged documents related to external communications about Google Account data or other data derived from Google Account data that is allegedly shared with third parties utilizing RTB.

**REQUEST FOR PRODUCTION NO. 10:**

Documents relied on, referenced, or otherwise compiled for review relating to Google CEO Sundar Pichai's opinion editorial in the New York Times, as referenced in the Complaint at ¶ 77.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, particularly as it relates to "Google CEO Sundar Pichai's opinion editorial in the New York Times, as referenced in the Complaint."  Google also objects to this Request as overly broad and unduly burdensome to the extent it encompasses other aspects of

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google further objects to the extent this Request is not limited to RTB. Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity.

In addition, Google objects that the phrases "referenced" and "compiled for review" are vague and ambiguous as neither are self-evident or defined.

Subject to the foregoing objections, Google responds that because the editorial does not relate to the allegations concerning RTB challenged in Plaintiffs' Complaint, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

Documents and communications regarding Google CEO Sundar Pichai's opinion editorial in the New York Times, as referenced in the Complaint at ¶ 77, including any drafts, iterations, or comments to same and any discussions or analyses pre- and post-publication.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, particularly as it relates to "Google CEO Sundar Pichai's opinion editorial in the New York Times, as referenced in the Complaint." Google also objects to this Request as overly broad and unduly burdensome to the extent it encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google further objects to the extent this Request is not limited to RTB. Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google further objects to this Request to the extent it seeks documents

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPs
CASE NO. 5:21-CV-02155-LHK

protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity.

In addition, Google objects that the phrases "referenced," "comments," "discussions," and "analyses" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing objections, Google responds that because the editorial does not relate to the allegations concerning RTB challenged in Plaintiffs' Complaint, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

c.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20 **REQUEST FOR PRODUCTION NO. 22:**

21       Documents and communications regarding Google's use, disclosure, or sale of Account

22 Holder information through Google Real Time Bidding, including:

23       a.      How Google Real Time Bidding functioned and functions;

24       b.      How Bid Requests are constructed;

25       c.      How Bid Requests are shared;

26       d.      The minimum amount of user information required within a Bid Request;

27       e.      All variations, elements or components of user information that may be part of a Bid

28             Request;

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

32

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

f.     The extent to which information in a Bid Request may reveal sensitive information about a user;

g.     The factors, analyses, or other considerations used by Google to determine what information should be included within a Bid Request;

h.     The source(s) from which Google obtains information provided in a Bid Request;

i.     The location and manner in which Google stores Bid Requests;

j.     The location and manner in which Google stores user information that is used or may be used in a Bid Request;

k.     How Bid Requests are conveyed to Google Real Time Bidding participants and in what form;

l.     What action a participant may take with respect to the information in a Bid Request, including whether a participant may view, store or otherwise access user information shared by Google through Google Real Time Bidding;

m.    How responsive bids are constructed, received and accepted;

n.     The frequency of auctions in Real Time Bidding, including how many auctions occur per day, per month and per year;

o.     How many individual users have had their information auctioned off by Google through Google Real Time Bidding and the frequency of auctions as to each user;

p.     The technical processes, timing, directions, commands, and flow of how data (including Account Holder personal information and the content of their communications) is transmitted, stored, and re-directed when an Account Holder participates in an Internet communication on a web-property through which an advertisement is served to the Account Holder through Google Real Time Bidding; and,

q.     Documents related to the winning bid in Google Real Time Bidding as referenced, described or identified in the Complaint, including:

i.     The factors, analyses, considerations, and methodologies for selecting the winning bid;

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

33

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

ii.     The information to which the winning bidder is given access and what the winning bidder is able to do with that information;

iii.    Information that the winning bidder conveys to Google or that Google is otherwise able to obtain or access by virtue of the winning bidder's participation in Google Real Time Bidding; and,

iv.     How payment is conveyed to Google.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects to this Request as overly broad and unduly burdensome to the extent it is not limited in scope and encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB.  Google further objects to the extent this Request is not limited to RTB.  Google also objects to this Request as overly broad and unduly burdensome as the phrase "analysis" is not limited to formal analyses.  Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.  Google also objects to this Request on the basis that it is compound. Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity.

In addition, Google objects that the phrases "variations, elements or components of user information that may be part of a Bid Request," "factors, analyses, or other considerations used by Google," "may be used in a Bid Request are conveyed to Google," "technical processes, timing, directions, commands and flow of how data . . . ," "internet communication on a web-property" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing objections, Google will conduct a reasonable search and produce responsive, non-privileged documents sufficient to show how RTB functioned and functions; how Bid Requests are constructed with respect to third-party RTB participants; how Bid Requests are shared with third-party RTB participants; the minimum amount of user information required within a Bid Request to third-party RTB participants; all variations, elements or components of user

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

34

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

information that may be part of a Bid Request to third-party RTB participants; the extent to which information in a Bid Request may reveal sensitive information about a user to third-party RTB participants; the factors, analyses, or other considerations used by Google to determine what information should be included within a Bid Request to third-party RTB participants; how Bid Requests are conveyed to third-party RTB participants and in what form; what action a third-party RTB participant may take with respect to the information in a Bid Request; and how responsive bids are constructed, received and accepted with respect to third-party RTB participants.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

35

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

1

2

3

4

5

6                                                                                          .

7    **REQUEST FOR PRODUCTION NO. 28:**

8           Documents related to Exhibits 1 through 28 of the Complaint, including all drafts

9    themselves, in any iteration, and all documents discussing, analyzing, or memorializing any

10   iterative drafts or meetings regarding the same.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

12          In addition to the foregoing General Objections, which Google incorporates by reference,

13   Google specifically objects that this Request is overly broad, unduly burdensome, and not

14   proportional to the needs of the case, particularly as it seeks drafts of dozens of documents attached

15   to the 118-page Complaint that have a myriad of aspects that have no relationship to the purported

16   violations Plaintiffs seek to remedy.  As worded, this Request is improper and in violation of

17   Federal Rule of Civil Procedure 34(b)(1)(A), which requires the propounding party to "describe

18   with reasonable particularity each item or category of items to be inspected."  Google also objects

19   to this Request as overly broad and unduly burdensome to the extent it is not limited in scope and

20   encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding

21   the alleged disclosure of Plaintiffs' and purported class members' personal information to third

22   party participants utilizing RTB.  Google further objects to the extent this Request is not limited to

23   RTB. Accordingly, the Request is not proportional to the needs of the case, and the burden of the

24   proposed discovery outweighs any likely benefit.  Google also objects to this Request on the basis

25   that it is compound.  Google further objects to this Request to the extent it seeks documents

26   protected by the attorney-client privilege or the work product doctrine, or any other privilege or

27   immunity.

28

1    In addition, Google objects that the phrases "discussing, analyzing, or memorializing" and

2  "regarding the same" are vague and ambiguous as neither are self-evident or defined.

3    Subject to the foregoing objections, Google will conduct a reasonable search and produce

4  responsive, non-privileged documents reflecting earlier versions of finalized and publicly

5  distributed protocols, policies, and guidelines regarding information that is shared with third-party

6  participants utilizing RTB, to the extent Exhibits 1 through 28 of the Complaint are the current

7  versions of such documents and to the extent such earlier final, public versions exist and can be

8  reasonably located.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

41

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

1

2

3

4

5

6

7

8

9

10

11

12 **REQUEST FOR PRODUCTION NO. 30:**

13    Documents regarding Google's analyses and decision-making practices in the drafting and

14 finalizing of any policy, material, or disclosure made to Account Holders or RTB participants

15 regarding Google's collection, storage, use and sale of user information, Google's engagement in

16 targeted advertising, and Google Real Time Bidding, including:

17    a.    Documents and communications regarding Google's decision-making in the

18          drafting and finalizing of Exhibits 1 through 28 of the Complaint;

19    b.    Documents and communications regarding Google's decision-making in the

20          drafting and finalizing of any document response to Request No. 25;

21    c.    Documents and communications, including user experience analyses, regarding

22          Google's consideration of how and to what extent it should disclose to Account

23          Holders Google Real Time Bidding and analysis of whether such disclosure would

24          adversely affect user engagement; and,

25    d.    Documents and communications regarding any studies and evaluations, whether by

26          third parties or by Google, of how Google's promises to Account Holders that it

27          does not sell their information and does not share sensitive information with

28          advertisers influences users' engagement with Google's services.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

42

**GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, particularly as it seeks drafts of dozens of documents attached to the 118-page Complaint that have a myriad of aspects that have no relationship to the purported violations Plaintiffs seek to remedy.  As worded, this Request is improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires the propounding party to "describe with reasonable particularity each item or category of items to be inspected."  Google also objects to this Request as overly broad and unduly burdensome to the extent it is not limited in scope and encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB, including "Google's collection, storage, use, and sale of user information" and "targeting advertising."  Google further objects to the extent this Request is not limited to RTB.  Google also objects to this Request as overly broad and unduly burdensome as the phrase "studies and evaluations" is not limited to formal studies.  Google further objections to this Request on the basis that it is compound.  Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.  Google also objects to this Request to the extent it is duplicative of other requests.  Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity.

In addition, Google objects that the phrases "analyses and decision-making practices," "disclosure," "use. . .of user information," "engagement in targeted advertising," "promises," "studies and evaluations," and "influences users' engagement" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing objections, Google will conduct a reasonable search and produce responsive, non-privileged, documents sufficient to show final Google policies and guidelines regarding how third-party participants may use data that is shared utilizing RTB, and any non-privileged analyses of those policies and guidelines.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

43

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

1

2

3   **REQUEST FOR PRODUCTION NO. 33:**

4   Documents sufficient to establish user engagement on Google's services on a monthly basis

5   for the Relevant Period as well as studies relating to the impact that privacy breaches have on user

6   engagement.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

8   In addition to the foregoing General Objections, which Google incorporates by reference,

9   Google specifically objects that this Request is overly broad, unduly burdensome, and not

10  proportional to the needs of the case, particularly as it relates to "privacy breaches."  Google also

11  objects to this Request as overly broad and unduly burdensome to the extent it is not limited in

12  scope and encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations

13  regarding the alleged disclosure of Plaintiffs' and purported class members' personal information

14  to third party participants utilizing RTB.  Google further objects to the extent this Request is not

15  limited to RTB.  Google also objects to this Request as overly broad and unduly burdensome as the

16  phrase "studies" is not limited to formal studies.  Google also objects to this Request to the extent

17  it seeks information or documents equally or more readily accessible to Plaintiffs, or not in the

18  possession, custody or control of Google.  Google further objects to this Request on the basis that

19  it is compound.  Accordingly, the Request is not proportional to the needs of the case, and the

20  burden of the proposed discovery outweighs any likely benefit.  Google further objects to this

21  Request on the basis that it is unintelligible.

22  In addition, Google objects that the phrases "establish user engagement," and "studies

23  relating to the impact that privacy breaches have on user engagement" are vague and ambiguous as

24  neither are self-evident or defined.

25  Subject to the foregoing objections, Google considers this request unintelligible and to the

26  extent Google understands it, irrelevant to the claims and defenses in this action. Google

27  accordingly has not conducted and will not conduct searches for responsive documents, and, as a

28  result, will not produce documents in response to this Request.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

46

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15 **REQUEST FOR PRODUCTION NO. 35:**

16      Documents and Communications related to Google's market share in digital advertising,

17 including documents addressing or discussing Google's or a third-party's estimates of Google's

18 market share, and how much of that is derived from Real Time Bidding.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

20      In addition to the foregoing General Objections, which Google incorporates by reference,

21 Google specifically objects to this Request as overly broad and unduly burdensome to the extent it

22 is not limited in scope and encompasses other aspects of RTB that have no relation to Plaintiffs'

23 central allegations regarding the alleged disclosure of Plaintiffs' and purported class members'

24 personal information to third party participants utilizing RTB.  Google further objects to the extent

25 this Request is not limited to RTB, including "Google's market share in digital advertising."

26 Google also objects to this Request to the extent it seeks information or documents equally or more

27 readily accessible to Plaintiffs, or not in the possession, custody or control of Google.  Accordingly,

28 the Request is not proportional to the needs of the case, and the burden of the proposed discovery

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO
48
GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

outweighs any likely benefit.  Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity.

In addition, Google objects that the phrases "communications related to Google's market share in digital advertising," "discussing," and "estimates" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

49

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK