February 1, 2022

Magistrate Virginia K. DeMarchi
San Jose Courthouse, Courtroom 2-5th Floor
280 South 1st Street, San Jose, CA 95113

    Re: Joint Discovery Dispute - *In re Google RTB Consumer Privacy Litig.*, 4:21-cv-02155

Dear Magistrate Judge DeMarchi:

Google LLC ("Google") and Plaintiffs submit this joint letter brief regarding Google's First Set of Requests for Production to Plaintiffs (the "Requests"). Having met and conferred several times, including most recently on January 18, 2022, the Parties have identified specific disputes ripe for the Court's consideration.

Exhibits 1 and 2 contain Plaintiffs' responses and objections to the Requests.[1] Requests 1, 2, 3, 5, 6, 13, 14, 17, 22, and 23 are in dispute.

**I. GOOGLE'S POSITION**

Over ***seven months after*** Google first served the Requests and despite multiple meet and confers, Plaintiffs have refused to produce documents bearing directly on key issues in this case. Indeed, Plaintiffs' own position statement highlights their production deficiencies: Plaintiffs deceptively claim to have produced more pages than Google while ignoring that they have not produced a single page in their own custody and control. Instead, they have produced 106 publicly-available documents, one of which is 138,676-pages long. Google respectfully requests an order compelling production of documents responsive to the below Requests.

***Requests 3, 5, 6, 13, 14, & 22:*** These Requests seek information about disclosures and communications regarding online ads, Plaintiffs' alleged damages, and their efforts to browse the Internet anonymously. These documents are relevant to allegations that Google shared information in its Real-Time bidding system ("RTB") without disclosing as much, CAC ¶¶ 10-12, Plaintiffs' request for relief, CAC Prayer for Relief, and Google's defenses, ECF 93 at 3, 7-11. Plaintiffs do not contest relevance or argue burden. Instead, Plaintiffs attack a strawman,

---

[1] Google served the Requests on June 8, 2021, and again on November 5, 2022, to account for the additional Plaintiffs named in the Consolidated Amended Complaint ("CAC").

February 1, 2022
Page 2

contending Google said Plaintiffs cannot review for responsiveness. That has never been Google's position. Instead, Plaintiffs indicated they intend to review ESI for responsiveness *and* further cull responsive information based on undisclosed "relevance" criteria.[2] As Google does not always share Plaintiffs' view of relevance and has no visibility into Plaintiffs' relevance criteria, it has no choice but to bring this motion. The Court should not permit Plaintiffs to curate their production based on their view of relevance. *See Bercut-Vandervoort & Co. v. Maison Tarride Ledroit & Cie*, 2006 WL 3147689, at *2 (N.D. Cal. Nov. 1, 2006) (party's "right to argue to a fact-finder that [certain information is] irrelevant . . . does not translate into a viable relevancy objection in discovery").

**Request 1:** This Request seeks forensic images of Plaintiffs' devices, which—in an effort to compromise—Google narrowed.[3] Plaintiffs represented they would produce documents responsive to the narrowed Request and were working to clarify scope. At the eleventh hour, however, Plaintiffs stated they would not produce *any* information.

The requested portions of Plaintiffs' forensic images show privacy settings, web-browsing habits, and web-browsing history, relevant to Google's defenses, ECF 93 at 3, 7-11, and Plaintiffs' allegations that Google packages and shares Plaintiffs' information and enables targeted advertisements based on sensitive information, CAC ¶¶ 390-391, 453 & § IV.D.6. Specifically, these images will show whether Plaintiffs attempted to limit targeted advertisements, how their devices were set up and used, and whether Plaintiffs have visited sensitive websites they claim can lead to harmful targeted advertisements. CAC ¶¶ 141-150. Plaintiffs' arguments that data collection is not at issue does not respond to Google's positions and contradicts Plaintiffs' positions on their own Requests (Nos. 22 & 30). As these documents are relevant to Plaintiffs' allegations and Google's defenses, Google is entitled to them. *See Dukes v. Wal-Mart Stores, Inc.*, 2013 WL 1149754, at *5 (N.D. Cal. Mar. 19, 2013) (documents relevant to allegations); *City & Cty. of San Francisco v. Purdue Pharma L.P.*, 2021 WL 1111146, at *2 (N.D. Cal. Mar. 23, 2021) (documents relevant to defenses).

Plaintiffs' alleged privacy concerns do not outweigh this information's relevance. To begin, Plaintiffs have not explained how their ***privacy settings*** are sensitive. *Riley v. California*, 573 U.S. 373 (2014), does not address that issue as it involved a warrantless search of broad-ranging data on a defendant's cell phone. *Id.* at 397. Moreover, Plaintiffs' citation to *Calhoun,* ECF 173-1, ignores that Plaintiffs here have put their privacy settings and web-browsing habits at issue and

---

[2] Plaintiffs raised this issue with respect to Request 2, which Google addressed in its first draft of this brief. In their own first draft, Plaintiffs expanded this issue to encompass these Requests.

[3] Google has agreed to narrow this Request to seek portions of Plaintiffs' forensic images showing: controls or settings available on their devices, browsers, mobile applications, operating systems, and/or websites that are related to what and how user information is shared with Google; cookie, location, and other privacy settings; internet browsers installed on their devices; the use of private-browsing methods; and web-browsing history.

February 1, 2022
Page 3

that they have not only refused Google's compromises, *see infra* Request 23, but declined to offer their own. *Compare id.*, ECF 164, *with* CAC ¶ 391. Because Plaintiffs can use existing protections to accommodate their privacy concerns, ECF 125 § 9(b) & Appendix § 11; ECF 59 § 5, and are conducting the imaging themselves, the portions of Plaintiffs' images should be produced. *In re Apple Device Performance Litig.*, 2019 WL 3973752, at *2, *4 (N.D. Cal. Aug. 22, 2019) (compelling production of forensic images where plaintiffs "alleged intrusion and trespass to the[ir] devices" and procedures protected privacy interests); *In re Anthem, Inc. Data Breach Litig.*, 2016 WL 11730951, at *2 (N.D. Cal. Oct. 31, 2016) (compelling production of limited forensic images).

Finally, Plaintiffs' representation that Google refused to clarify the limitations to this Request is blatantly false. Google offered illustrative examples, including Google's ads personalization setting, which Plaintiffs agreed was relevant and clear. Plaintiffs then insisted Google provide an exhaustive list of examples before Plaintiffs would produce *any* documents. But Plaintiffs are best positioned to understand what information they have that is responsive to the limitations Google offered.

**Request 23:** This Request seeks information regarding Plaintiffs' attempts to prevent or limit targeted advertising, which are relevant for the reasons described above. Accordingly, like Request 1, Google provided Plaintiffs with the same list of exemplar categories, *supra* n.2, as non-exhaustive illustrations of information responsive to Request 23. Plaintiffs again conceded that information responsive to this Request, like Google's ads personalization setting, is relevant, and Google understood the parties were negotiating scope. Yet, again at the eleventh hour, Plaintiffs indicated they would not produce *any* documents, without articulating any privacy objection. Google even suggested Plaintiffs could produce screenshots of settings as an alternative but got no response. These documents should be produced.

**Request 2:** This Request seeks documents and communications regarding online ads with which Plaintiffs have been presented. Such documents are relevant to key allegations in the CAC, including that the context of ads matters to individuals' privacy interests and that cookie-matching allegedly enables RTB participants to identify and target users. *See, e.g.*, CAC ¶¶ 152, 160-165, 320. Google is entitled to test these allegations. *Dukes*, 2013 WL 1149754, at *5. Additionally, if Plaintiffs have not preserved documents regarding the online ads they have seen since filing suit, Google is entitled to know that too.

Plaintiffs' contention that Google requested they produce documents relating to only those ads served through Google's RTB is incorrect. Instead, Plaintiffs stated they would not produce *any* documents here because they cannot identify which ads were served through Google's RTB. In response, Google offered to *consider* allowing Plaintiffs to compare documents responsive to this Request to a list of websites eligible to participate in Google's RTB (which Google has produced despite Plaintiffs' representations) and to consider other compromises, which Plaintiffs never offered. Plaintiffs do not get to gatekeep and withhold responsive documents because some

February 1, 2022
Page 4

portion of the documents might not be relevant to this case. *See In re Facebook Privacy Litig.*, 2015 WL 3640518, at *1 (N.D. Cal. June 11, 2015) ("The scope of discovery . . . encompasses any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.").

Finally, as above, Plaintiffs cannot curate documents responsive to this Request based on undisclosed relevance criteria.

***Request 17:*** Google has requested limited information regarding Plaintiffs' Google accounts—My Activity, Bookmarks, and Analytics data—which Google has explained how to access and which is relevant to Plaintiffs' claims that Google improperly "packages" and shares account holder information. CAC ¶ 16. Plaintiffs contend this information is irrelevant but do not acknowledge the allegations in their CAC and their positions regarding their Requests to Google, *see supra*. Moreover, Plaintiffs refuse to produce documents because they believe Google can access this information. That position is wrong. First, Plaintiffs cannot withhold relevant documents because those documents might be available to Google. *See Walt Disney Co. v. DeFabiss*, 168 F.R.D. 281, 284 (C.D. Cal. 1996) (responding party is "required to produce documents he has in his possession, custody or control, regardless of whether he believes [the other party] already has those documents"). Second, as Google has explained, Plaintiffs control what information is available to Google through these pages; for example, Plaintiffs can edit and delete browsing history. Because Plaintiffs presumably have preserved this information pursuant to their discovery obligations, they may have information Google does not.[4] Plaintiffs cannot permissibly withhold this information. *In re Facebook Privacy Litig.*, 2015 WL 3640518, at *1-*2 (compelling production of documents regarding "Plaintiff's activity on Facebook").

## II.   PLAINTIFFS POSITION

Google's statement that "Plaintiffs have refused to produce documents bearing directly on key issues in this case" is demonstrably false: Plaintiffs have produced more document pages than Google. In the spirit of cooperation Plaintiffs accepted each of Google's ESI Search Terms to run across Plaintiffs' custodial sources, in stark contrast to Google's approach. Plaintiffs have, however, raised principled objections to a small number of RFPs, only where Google seeks unnecessarily broad discovery without articulating a basis for relevance and without considering less burdensome means of obtaining documents that will not unnecessarily intrude into Plaintiffs' private personal computing devices, emails, and web history. Google's unreasonable, intrusive pursuit of irrelevant personal and private information caused this impasse. Google is not entitled to the relief it seeks.

---

[4] Even if the information were the same, Google cannot produce it until Google receives Plaintiffs' SCA consent forms, which Plaintiffs have yet to provide in full despite repeated requests over several months.

February 1, 2022
Page 5

**RFPs 3, 5, 6, 13, 14, & 22[5]:** Plaintiffs agreed to Google's proposed search terms for these Requests. Applying those terms and, after reviewing the resulting universe for responsiveness and privilege—**just as Google is doing**—Plaintiffs are producing **all relevant, responsive nonprivileged documents**. Plaintiffs commenced production on January 28, with over 9,000 documents (82,000+ pages), more than Google has produced . Plaintiffs indicated that the universe of documents hit by Google's broad search terms would include volumes of non-responsive documents, (i.e., be over-inclusive), including emails that contain sensitive personal information. The Parties had reached agreement on this issue; but at the final meet and confer, Google suddenly insisted that Plaintiffs not conduct a review for responsiveness, despite Google's plan to do the same.

Google's demand that Plaintiffs produce **non-responsive** documents simply because they contain search terms, regardless of whether they contain **highly sensitive personal information wholly unrelated to the case**, and its insistence that Plaintiffs not review documents for responsiveness, exceeds the requirements of Rule 26, and is unreasonable, disproportionate, harassing, and contradicted by Google's own stated procedure for internal review for responsiveness. Further, Google's position contradicts the ESI Order (Dkt. 125): (1) "Nothing in this Agreement shall be interpreted to require disclosure of irrelevant information" [§9b] and (2) "A Producing Party may, in limited situations, redact irrelevant information from a document it produces that is . . . highly personal, non-public, information" [§9d].  The Court should deny Google's request and permit Plaintiffs to conduct the same  review for responsive information that Google is conducting.

**RFPs 1, 23**: Google's request for forensic images of all of Plaintiffs' personal computing devices is facially overbroad and disproportionate given the sensitivity of the information collected thereon, as recognized by the unanimous Supreme Court. *Riley v California,* 573 U.S. 373, 397 (2014). In November 2021, Google conceded the overbreadth of these Requests, agreeing to narrow the scope and to identify specific portions of information sought. But Google's  proposal failed in both respects:

> "the portions of Plaintiffs' forensic images that contain information sufficient to show Plaintiffs' privacy settings, including any control or setting available on devices, browsers, mobile applications, programs, operating systems, and/or websites that is related to what and how user information is shared with Google; location settings for their devices and any apps installed on their devices which use or access location settings or data; any settings governing the use of cookies or tracking pixels on their devices or any apps installed on their devices; any internet browsers installed on their devices; and their web browsing history." Nov. 24, 2021 Ltr.

---

[5] Google's initial brief identifying the RFPs it was moving on did not include these six and Plaintiffs object to their inclusion as they are prejudiced by having to redesign their submission.

February 1, 2022
Page 6

There is no narrowing or compromise here. While Google couches its proposal in terms of "settings," these settings cannot be divorced from the "mobile applications, programs…and[] websites" to which they are associated; all form "a digital record of nearly every aspect of [our] lives – from the mundane to the intimate." *Riley*, 573 U.S. at 395. **Indeed, disclosing use of applications and websites would provide a "revealing montage of the user's life[,]" with information ranging from individual's political affiliation, medical issues, religion, to sexual orientation**. *Id.* at 396 (emphasis supplied). Google's demand for disclosure of web browsing history presents the most serious concern; it is improper, absent compelling circumstances. *Id.* at 396-396; *Henson v. Turn, Inc.,* 15-cv-1497-JSW-JB, 2018 WL 5281629 (N.D. Cal. Oct. 22, 2018) (approving limits on discovery of web browsing history and cookies because of privacy implications); *Calhoun et al. v. Google LLC*, 5:20-cv-5146 (N.D. Cal.), Apr. 30, 2021 order, *Calhoun* Dkt. 173-1 (denying Google's request for production of web browsing history on privacy grounds); *Calhoun*, Apr. 29, 2021 Discovery Hrg. Tr. at 26:15-37:22. Indeed, the argument for production of forensic images in *Henson* and *Calhoun* at least had some foundation (those cases challenged the *collection* of information from those very devices) and still the Court found the defendants' rights to discovery were outweighed by plaintiffs' privacy rights.  Here, the challenged conduct has nothing to do with data collected from the devices – it relates instead to Google's *disclosure* of personal information to auction participants.  Google thus has even less basis for the forensic images than in *Henson* or *Calhoun*.

Contrary to Google's assertions, Plaintiffs have not reversed course at the "eleventh hour." Rather, Plaintiffs have long requested clarification regarding the scope of Google's Requests in an effort to find a way to comply without unnecessarily intruding on their privacy rights.  But Google refuses to clarify what data is called for beyond the few examples given—e.g., settings related to ad personalization, cookies, or location. These limited examples do not explain what is meant by "any control or setting available" that is "related to what and how" user information is shared with Google. Google knows the specific controls and types of information it is looking for and should clearly identify them, and not force Plaintiffs to guess.  Only upon clarification can Plaintiffs assess burden and privacy issues, including whether those burdens and issues can be alleviated. For example, there is no reason the Requests cannot be satisfied through interrogatories or the production of specific documents rather than "portions" of forensic images. In *Calhoun*, Judge van Keulen ordered Plaintiffs to identify their top 10 most-used Apps (redacting the sensitive ones), but otherwise denied Google's request for any portion of the forensic image. *Calhoun* Dkt. 173-1.

**RFP 2**: Google's request that Plaintiffs produce all documents related to ads shown to them via Google's RTB product puts Plaintiffs in an impossible position. Google is in possession of what ads are shown to Plaintiffs, and is in the best position to retrieve that information.  People do not take screen shots when they are visiting websites to show what ads they are shown; therefore, the only responsive documents potentially in any Plaintiff's possession would be email ads Plaintiffs receive. Google expects Plaintiffs to review their emails and somehow divine whether each email results from Google's RTB auction. Perhaps understanding the impossibility of the task, Google proposed that Plaintiffs produce documents to the extent they relate to ads shown on a website that

February 1, 2022
Page 7

correspond with an unredacted list of more than one million auction participants. Google produced the list only in the midst of this briefing. Plaintiffs now need time to analyze it and to evaluate the feasibility, burdens and relevance of the Request. Regardless, Plaintiffs have produced over 9,000 (82,000+ pages) of emails.

**RFP 17:** Google seeks "All My Activity, Bookmarks, and Analytics activity data associated with [Plaintiffs'] Google account[s]." All of this information is in Google's possession, and Google is in the best position to retrieve it. Indeed, Plaintiffs do not "associate" information with their Google accounts; rather, Plaintiffs understand this to be a function of a Google product. In short, **this is precisely what Google routinely does – and not what Plaintiffs do.** For example, Plaintiffs are not aware of "Analytics activity data" and they do not "associate it with [their] Google accounts." Further, Plaintiffs are at a loss as to where to obtain this information or what production would even look like. Given that this information is more accessible to Google, and given that the **overwhelming majority of Plaintiffs have, to date, given SCA consents to in the form Google demanded** to enable Google to search for these materials, Plaintiffs proposed that Google produce these documents. Google refuses.

Plaintiffs are at a loss as to what information is sought and how to produce it. Despite its representations otherwise, Google has not provided clarification—without which Plaintiffs cannot assess the scope and burdens of this Request. To be clear, Plaintiffs do dispute the relevance of the information requested. The allegations in this case are about ***Google's* unauthorized disclosure of information that *it* possesses about Plaintiffs**, not about the information that Plaintiffs possess. This is precisely why Plaintiffs have asked Google to search for and produce the information, and repeatedly asked Google to articulate the relevance of this information, if any, that Plaintiffs would have in their possession. Google refuses.

### III.    NECESSITY OF A HEARING

#### A.    Google's Position

Google respectfully requests the Court convene a hearing to resolve these issues.

February 1, 2022
Page 8

### B. Plaintiffs' Position

Plaintiffs believe that a hearing on this dispute would be useful as discovery deadlines are fast approaching.

### IV. DISCOVERY CUT-OFFS

The Parties' deadline to substantially complete their production of documents in advance of class certification is April 21, 2022. The fact discovery cut-off is December 15, 2022, and the close of expert discovery is March 2, 2023.

### V. COMPLIANCE WITH MEET AND CONFER REQUIREMENT

In compliance with the Court's meet and confer requirements, the parties met and conferred several times via Zoom. The final lead counsel meet and confer was held on January 18, 2022, also via Zoom. On Plaintiffs' side, Elizabeth C. Pritzker, Bethany Caracuzzo, Lesley E. Weaver, Anne K. Davis, Jay Barnes, An Truong, David Straite, and Karin Swope attended, among others. On Google's side, Jeff Gutkin, Aarti Reddy, Kyle Wong, and Kelsey Spector attended, among others.

February 1, 2022
Page 9

Dated: February 1, 2022                           COOLEY LLP


                                                  By: */s/ Jeffrey M. Gutkin*
                                                      Michael G. Rhodes
                                                      Jeffrey M. Gutkin
                                                      Aarti G. Reddy
                                                      Kyle C. Wong
                                                      Kelsey R. Spector
                                                      Colin S. Scott
                                                      3 Embarcadero Center, 20th floor
                                                      San Francisco, CA  94111-4004
                                                      Tel.:  415-693-2000
                                                      Fax:  415-693-2222
                                                      rhodesmg@cooley.com
                                                      jgutkin@cooley.com
                                                      kspector@cooley.com
                                                      cscott@cooley.com

                                                      Robby L.R. Saldaña
                                                      1299 Pennsylvania Avenue NW
                                                      Suite 700
                                                      Washington, DC   20004-2400
                                                      Tel.:  202-776-2109
                                                      Fax:  202-842-7899
                                                      rsaldana@cooley.com

                                                  Attorneys for Defendant
                                                  GOOGLE LLC

February 1, 2022
Page 10

Dated: February 1, 2022                          PRITZKER LEVINE LLP


By: */s/ Elizabeth C. Pritzker*
    Elizabeth C. Pritzker (Cal. Bar. No. 146267)
    Jonathan K. Levine (Cal. Bar. No. 220289)
    Caroline C. Corbitt (Cal. Bar. No. 305492)
    1900 Powell Street, Suite 450
    Emeryville, CA 4608
    Tel.: (415) 692-0772
    Fax: (415) 366-6110
    ecp@pritzkerlevine.com
    jkl@pritzkerlevine.com
    ccc@pritzkerlevine.com

Interim Class Counsel for Plaintiffs

Dated: February 1, 2022                          BLEICHMAR FONTI & AULD LLP


By: */s/ Lesley Weaver*
    Lesley Weaver (Cal. Bar No.191305)
    Anne K. Davis (Cal. Bar No. 267909)
    Joshua D. Samra (Cal. Bar No. 313050)
    555 12th Street, Suite 1600
    Oakland, CA 94607
    Tel.: (415) 445-4003
    Fax: (415) 445-4020
    lweaver@bfalaw.com
    adavis@bfalaw.com
    jsamra@bfalaw.com

Interim Class Counsel for Plaintiffs

February 1, 2022
Page 11

Dated: February 1, 2022                         SIMMONS HANLY CONROY LLC


By: */s/ Jay Barnes*
    Jason "Jay" Barnes (admitted *pro hac vice*)
    An Truong (admitted *pro hac vice*)
    Eric Johnson (*pro hac vice* to be sought)
    112 Madison Avenue, 7th Floor
    New York, NY 10016
    Tel.: (212) 784-6400
    Fax: (212) 213-5949
    jaybarnes@simmonsfirm.com
    atruong@simmonsfirm.com
    ejohnson@simmonsfirm.com

Interim Class Counsel for Plaintiffs


Dated: February 1, 2022                         DICELLO LEVITT GUTZLER LLC


By: */s/ David A. Straite*
    David A. Straite (admitted *pro hac vice*)
    One Grand Central Place
    60 E. 42nd Street, Suite 2400
    New York, NY 10165
    Tel.: (646) 993-1000
    dstraite@dicellolevitt.com

    Amy E. Keller (admitted *pro hac vice*)
    James A. Ulwick (admitted *pro hac vice*)
    Ten North Dearborn Street
    Sixth Floor
    Chicago, IL 60602
    Tel.: (312) 214-7900
    akeller@dicellolevitt.com
    julwick@dicellolevitt.com

Interim Class Counsel for Plaintiffs

Dated: February 1, 2022

BOTTINI & BOTTINI, INC.

By: */s/ Francis A. Bottini, Jr.*

Francis A. Bottini, Jr. (SBN 175783)
Albert Y. Chang (SBN 296065)
Anne Beste (SBN 326881)
Yury A. Kolesnikov (SBN 271173)
Nicholaus Woltering (SBN 337193)
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Telephone: (858) 914-2001
Facsimile: (858) 914-2002
fbottini@bottinilaw.com
achang@bottinilaw.com
abeste@bottinilaw.com
ykolesnikov@bottinilaw.com
nwoltering@bottinilaw.com

Interim Class Counsel for Plaintiffs

Dated: February 1, 2022

COTCHETT, PITRE & McCARTHY LLP

By: */s/ Nanci E. Nishimura*

Nanci E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal. Bar. No. 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel.: (650) 697-6000
Fax: (650) 697-0577
nnishimura@cpmlegal.com
bdanitz@cpmlegal.com
kswope@cpmlegal.com

Interim Class Counsel for Plaintiffs

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Jeffrey M. Gutkin, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of February, 2022, at Oakland, California.



/s/ Jeffrey M. Gutkin
Jeffrey M. Gutkin

262787667