# EXHIBIT 2

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No. 191305)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*

**COTCHETT, PITRE & McCARTHY, LLP**
Nanci E. Nishimura (Cal. Bar No. 152621)
840 Malcom Road, Suite 200
Burlingame, CA 94010
Tel.: (650) 697-6000
Fax: (650) 697-0577
*nnishimura@cpmlegal.com*

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 E. 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 993-1000
*dstraite@dicellolevitt.com*

**PRITZKER LEVINE LLP**
Elizabeth C. Pritzker (Cal. Bar. No. 146267)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*

**BOTTINI & BOTTINI, INC**.
Francis A. Bottini, Jr. (Cal. Bar No. 175783)
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Tel. (858) 914-2001
Fax: (858) 914-2002
*fbottini@bottinilaw.com*

*Counsel for Plaintiffs and the Proposed Class*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>Thus Document relates to all actions. | Case No. 5:21-cv-02155-LHK<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS MEAGHAN DELAHUNTY, MEGHAN CORNELIUS, JOHN KEVRANIAN, SALVATORE TORONTO, ALEXANDER ROWE, CHRISTOPHER VALENCIA, CRYSTAL BROWN, GARY GARRETT, ROBINA SUWOL, TERRY DIGGS, TYLER ELLIOT, RETHENA GREEN, PATRICK THOMPSON, CHRISTOPHER JOHNSON, TARA WILLIAMS, AND P.W., A MINOR (NOS. 1-25)** |

Pursuant to Federal Rules Civil Procedure 26 and 34, Plaintiffs Meaghan Delahunty, Meghan Cornelius, John Kevranian, Salvatore Toronto, Alexander Rowe, Christopher Valencia, Crystal Brown, Gary Garrett, Robina Suwol, Terry Diggs, Tyler Elliot, Rethena Green, Patrick Thompson, Christopher Johnson, Tara Williams, and P.W., a minor, by and through their undersigned counsel, provide Plaintiffs' Responses and Objections to Defendant's First Set of Requests for Production of Documents (Nos. 1-25), as follows:

## **PRELIMINARY STATEMENT**

1.      Plaintiffs' responses and objections ("Responses") to Google's First Set of Requests for Production (Nos. 1-25) ("Requests") are made solely for the purpose of and in relation to *In re Google RTB Consumer Privacy Litigation*, 5:21-cv-02155-LHK.  Meaghan Delahunty is not included in the Consolidated Class Action Complaint and is no longer a named plaintiff in the action. Accordingly, Ms. Delahunty will not produce documents in response to these Requests.

2.      The Responses are subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require the exclusion of any document or any portion thereof if such document were submitted in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

3.      The Responses have been prepared in compliance with the Federal Rules of Civil Procedure and the Local Rules of this District, pursuant to reasonable and duly diligent search for information properly requested that are in Plaintiffs' current possession, custody, and control.

4.      The Responses are based on knowledge, information, and investigation conducted to date. Plaintiffs reserve the right to supplement and amend the Responses if further responsive information becomes available and if mistakes and omissions are discovered.

5.      Unless otherwise indicated, Plaintiffs do not interpret the form of individual Requests to seek disclosure of: (1) correspondence between Plaintiffs and Plaintiffs' attorneys; (2) notes or other work product of Plaintiffs' attorneys; (3) other documents created by or for lawyers; and (4) documents prepared by consulting experts, regardless of whether the documents apply to this or another suit or claim whether made or anticipated. To the extent that these Requests call for

- 2 -

*In re Google RTB Consumer Privacy Litigation,* 5:21-cv-02155-LHK
**Plaintiffs' Responses and Objections to Defendant's First Set of Requests for Production of Documents (Nos. 1-25)**

information protected from discovery under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity afforded by federal or state statutory, constitutional, or common law, Plaintiffs object on those grounds. Any disclosure of such privileged or protected material in response to the Requests is inadvertent and not intended to waive those protections or privileges. To the extent that any such protected information is inadvertently disclosed in response to the Requests, the disclosure shall not constitute a waiver of Plaintiffs' right to assert the applicability of any privilege or immunity to the information and/or disclosure. Plaintiffs will provide a privilege log setting forth any responsive documents that are being withheld on the basis of privilege.

6.    The Responses do not constitute an admission by Plaintiffs that Plaintiffs agree with Google's characterizations, Definitions, or Instructions contained therein, or that the information sought is relevant to the claim or defense of any party.

7.    Plaintiffs reserve the right to assert additional privileges and objections if warranted.

**RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

A forensic image of YOUR devices that YOU have used to access the internet at any point in time that you contend is relevant to YOUR COMPLAINT, including but not limited to YOUR mobile phone and any other of YOUR devices (including tablets, laptops, and computers).

**RESPONSE:**

Plaintiffs incorporate the above Preliminary Statement as though fully set forth herein.

Plaintiffs object to the Instructions on the grounds set forth above and insofar as the Instructions impose or seek to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, the applicable Local Rules and Orders of the Court.

Plaintiffs object to the extent that the Request, or the Definitions and Instructions related thereto, purport to require Plaintiffs to produce documents that reflect proprietary, confidential, or sensitive business or personal information. Plaintiffs may redact non-relevant confidential,

sensitive, or personal information as authorized by Federal Rule of Civil Procedure 5.2 and any subsequently entered ESI protocol.

Plaintiffs object to the extent that the Request seeks materials protected by the attorney-client privilege, work product doctrine, the common defense doctrine, or any other privilege or immunity.

Plaintiffs object to "YOU" and "YOUR's" insofar as it improperly lumps Plaintiffs together as a single entity, seeking to impute knowledge, information, and obligations of one Plaintiff to another. Where appropriate, Plaintiffs will indicate if their response is on an individual basis.

Plaintiffs object to "mobile phone" insofar as it seeks to encompass a device that does not have web browsing capabilities and access to a Google Account. This Action is based on the unlawful collection, use and sale of information which Google used to direct digital targeted advertising at Google account holders. Insofar as a mobile device has no web browsing capability, has no access to a Google account, and is otherwise incapable of receiving digital advertising, that device is not relevant to the claims and defenses in this case.

Plaintiffs object to "devices" as vague, ambiguous, overbroad and unduly burdensome. While Plaintiffs have no issue with the exemplar categories, i.e. tablets, laptop, and computers, it appears that Google's request contemplates a much broader category as the exemplars are prefaced by the term "including." Plaintiffs object. The term "devices" encompasses any manner of electronic communication tools, including, for example, Smart TVs, Smart Refrigerators, or other web connected devices such as Google Nest; Amazon Alexa; home security systems, alarm systems and video doorbells; home thermostats; game consoles; Wi-Fi enabled speakers or sound systems; or any device or appliance connected to an internet-connected device or managed through an app such as Apple Home. Accordingly, Plaintiffs are not sure what the limits of "devices" will be.

Plaintiffs object on the ground that a Request for a forensic image of all devices is overbroad, unduly burdensome, not relevant to any claim or defense of either party, and not

proportional to the needs of the case. In seeking a forensic image of all devices, Google would gain access to a trove of information that has no relation to this case, including but not limited to Plaintiffs' contact lists, usernames and passwords, call histories, applications, notes, text messages, photographs, videos, emails, location history, and communications or other data relating but not limited to medical conditions, private communications, sexual orientation and interests, family or marital issues, financial information and history, religious affiliation or beliefs, and political affiliations or beliefs outside of the Google Chrome browser. But the existence of such data, outside of what Google improperly collected (and is thus already in Google's possession) has no relevance to any claim or defense.

Plaintiffs further object to the Request on the ground that it seeks confidential and sensitive business and personal information and results in a serious invasion of privacy that weighs against production. As the Supreme Court has explained, the common smartphone with standard capacity of just 16 gigabytes "translates to millions of pages of text, thousands of pictures, or hundreds of videos." *Riley v. California*, 573 U.S. 373, 394 (2014). This storage capacity means just a simple phone can collect in one place "many distinct types of information—an address, a note, a prescription, a bank statement, a video—that reveal much more in combination than any isolated record." Indeed, "it is no exaggeration to say that many of the more than 90% of American adults who own a cell phone keep on their person a digital record of nearly every aspect of their lives— from the mundane to the intimate [and] a cell phone search would typically expose … far more than the most exhaustive search of a house." *Id*. at 395-96. For these reasons, the "extreme step" of a "forensic inspection of [a] Plaintiff's personal computer or other electronic devices" is not justified unless and until a defendant makes a "heightened showing of good cause." *Cefalu v. Holder*, 2013 WL 4102160, *1-2 (N.D. Cal. 2013). There is no such "good cause" here to warrant the invasion of privacy that Google seeks. Even if any single communication or data-point might be relevant to any claim or defense, the proper method for Google to obtain such communications or data-points is to request specific documents or communications and articulate why those are relevant rather than seeking to pry into every aspect of the Plaintiffs' lives through production

from a forensic image.

Plaintiffs further object to the Request because it is harassing, oppressive, and designed to intimidate and dissuade Plaintiffs and any other potential class representatives from standing up for their own privacy rights and the privacy rights of millions of similarly situated Americans. The onerous and invasive burden of having large aspects of your private and personal life effectively copied and given to Google has a chilling effect on class representatives' participation; particularly, in a case where class representatives are fighting to retain their privacy.

Subject to the foregoing, Plaintiffs are willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ONLINE ADS presented to YOU, including but not limited to any ONLINE ADS YOU contend targeted SENSITIVE CATEGORIES.

**RESPONSE**:

Plaintiffs incorporate the above Preliminary Statement as though fully set forth herein.

Plaintiffs object to the Instructions on the grounds set forth above and insofar as the Instructions impose or seek to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, the applicable Local Rules and Orders of the Court.

Plaintiffs object to the extent that the Request, or the Definitions and Instructions related thereto, purport to require Plaintiffs to produce documents that reflect proprietary, confidential, or sensitive business or personal information. Plaintiffs may redact non-relevant confidential, sensitive, or personal information as authorized by Federal Rule of Civil Procedure 5.2 and any subsequently entered ESI protocol.

Plaintiffs object to the extent that the Request seeks materials protected by the attorney-client privilege, work product doctrine, the common defense doctrine, or any other privilege or immunity.

Plaintiffs object to "YOU" and "YOUR's" insofar as it improperly lumps Plaintiffs together as a single entity, seeking to impute knowledge, information, and obligations of one Plaintiff to another. Where appropriate, Plaintiffs will indicate if their response is on an individual basis.

Plaintiffs object to "DOCUMENT" and "COMMUNICATION" conflict with any provisions of a forthcoming ESI protocol or otherwise conflict with Federal Rule of Civil Procedure 34. Plaintiffs object to the extent they purport to seek "any," "all, "each," and "every" DOCUMENT or COMMUNICATION, as overbroad, unduly burdensome, and not proportional to the needs of the case.

Plaintiffs object to the term "SENSITIVE CATEGORIES" insofar as it is limited to only that information identified in the Complaint. Plaintiffs' complaint is based on investigation of publicly available information. To the extent discovery reveals additional information, Plaintiffs reserve the right to modify and amend these Responses accordingly.

Plaintiffs object to "RELATING TO" insofar as it alters the plain meaning or scope of individual Requests and to the extent that the alteration renders individual Requests vague, ambiguous, and overbroad.

Plaintiffs object to "RELATING TO ONLINE ADS" as vague, ambiguous, and overbroad. Plaintiffs note that the Complaint alleges that Google compiles a massive amount of account holder information through, among other things, Internet browsing activity. From that information, Google associates, derives, and creates profile information – effectively dossiers – about individual users. These dossiers include sensitive categories of information, like race, religion, sexual orientation, political views and medical information. The profiles and dossiers are then used for, among other things, digital advertising. Given the association of information, the extent of which must still be explored during discovery, it is impossible to define the scope of what is "relating to the online ads" presented to Plaintiffs, including online ads that target sensitive categories. Stated differently, Google's ubiquitous internet presence and its ability to associate, derive and create user profiles from multiple sources renders just about every online

communication "relating to" online ads. Production of such information would be unduly burdensome and not proportional to the needs of the case.

Plaintiffs object to this Request on the grounds that it is untimely and premature, and it is improper, burdensome, oppressive, harassing, and abusive of the discovery process, calling for all document and communications relating to the allegations of online ads, including the contention that Plaintiffs were targeted with sensitive categories, where discovery in this action is still in the nascent stages. *See* Fed. R. Civ. P. 33(a)(2)("the court may order that [contention interrogatories] need not be answered until designated discovery is complete, or until a pretrial conference or some other time"); *In re Convergent Tech Sec. Litig.*, 108 F.R.D. 328, 332-38 (N.D. Cal. 1985) (noting "courts tend to deny contention interrogatories filed before substantial discovery has taken place").

Plaintiffs further object to the Request as unduly burdensome as Google is in the best position to access and provide the information sought, which is in its possession. For example, Google has superior knowledge of information that is related and associated with each Plaintiff, which, in turn, is disclosed in the Google RTB system to service online ads, including online ads targeted towards sensitive categories.

Plaintiffs further object to this Request to the extent it seeks any information outside of the Google RTB system or ads derived from the Google RTB system.

Subject to the foregoing, Plaintiffs are willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 3:**

All disclosures, representations, or statements by GOOGLE related to ONLINE ADS or the DATA AT ISSUE that YOU reviewed prior to YOUR first contact with YOUR counsel in the ACTION.

**RESPONSE:**

Plaintiffs incorporate the above Preliminary Statement as though fully set forth herein.

Plaintiffs object to the Instructions on the grounds set forth above and insofar as the Instructions impose or seek to impose any requirement or discovery obligation greater than or

- 8 -

different from those under the Federal Rules of Civil Procedure, the applicable Local Rules and Orders of the Court.

Plaintiffs object to the extent that the Request, or the Definitions and Instructions related thereto, purport to require Plaintiffs to produce documents that reflect proprietary, confidential, or sensitive business or personal information. Plaintiffs may redact non-relevant confidential, sensitive, or personal information as authorized by Federal Rule of Civil Procedure 5.2 and any subsequently entered ESI protocol.

Plaintiffs object to the extent that the Request seeks materials protected by the attorney-client privilege, work product doctrine, the common defense doctrine, or any other privilege or immunity.

Plaintiffs object to "YOU" and "YOUR's" insofar as it improperly lumps Plaintiffs together as a single entity, seeking to impute knowledge, information, and obligations of one Plaintiff to another. Where appropriate, Plaintiffs will indicate if their response is on an individual basis.

Plaintiffs object to "DATA AT ISSUE" insofar as it is limited to only that information identified in the Complaint. Plaintiffs' complaint is based on investigation of publicly available information. To the extent discovery reveals additional information, Plaintiffs reserve the right to modify and amend these Responses accordingly.

Plaintiffs object to "related to ONLINE ADS" and "related to …DATA AT ISSUE" insofar as it is vague, ambiguous, overbroad and unduly burdensome. Plaintiffs note that the Complaint alleges that Google compiles a massive amount of account holder information through, among other things, browsing activity. From that information, Google associates, derives, and creates profile information – effectively dossiers – about individual users. These dossiers include sensitive categories of information, like race, religion, sexual orientation, political views and medical information. The profiles and dossiers are then used for, among other things, digital advertising. Given the association of information, the full extent of which will be explored during discovery, it is impossible to define the full scope of what is "relating to" the "online ads" and the

- 9 -

"data at issue." Stated differently, Google's ubiquitous internet presence and its ability to associate, derive and create user profiles from multiple sources renders just about any disclosure, representation, or statement by GOOGLE about any data collection to be "relating to" "online ads" and the "data at issue." Without knowing the full scale of the misconduct, Plaintiffs cannot ascertain what was "related to" it.

Plaintiffs object to the Request as unduly burdensome insofar as the it seeks information that is already in Google's possession. Google already has in its possession all disclosures, representations, or statements by GOOGLE related to ONLINE ADS and the DATA AT ISSUE, including every iteration of those documents. Further, Google knows the full scale of its misconduct and can thus better identify which documents are "related to" to those categories.

Subject to the foregoing, Plaintiffs are willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS and COMMUNICATIONS between YOU and GOOGLE, including but not limited to DOCUMENTS and COMMUNICATIONS RELATING TO ONLINE ADS, the GOOGLE RTB, the DATA AT ISSUE, and any inquiries YOU made regarding GOOGLE's disclosures, privacy policies, and terms of use.

**RESPONSE:**

Plaintiffs incorporate the above Preliminary Statement as though fully set forth herein.

Plaintiffs object to the Instructions on the grounds set forth above and insofar as the Instructions impose or seek to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, the applicable Local Rules and Orders of the Court.

Plaintiffs object to the extent that the Request, or the Definitions and Instructions related thereto, purport to require Plaintiffs to produce documents that reflect proprietary, confidential, or sensitive business or personal information. Plaintiffs may redact non-relevant confidential, sensitive, or personal information as authorized by Federal Rule of Civil Procedure 5.2 and any

full extent of which will be explored during discovery, it is impossible to define the full scope of what is "relating to" the "online ads," the "data at issue," and "Google RTB." Stated differently, Google's ubiquitous internet presence and its ability to associate, derive and create user profiles from multiple sources renders just about every document and communication to be "relating to" to the categories identified. Without knowing the full scale of the misconduct, Plaintiffs cannot ascertain what was "related to" it.

Plaintiffs object to the Request as overbroad, vague, and ambiguous with respect to "any disclosures, privacy policies, or terms of use" insofar as those terms are subject to interpretation and encompass all manner of documents and communications, which are not defined.

Plaintiffs object on the ground that the information Requested is already in Google's possession, as the Request seeks documents and communications between each individual Plaintiff *and Google*.

Plaintiffs object on the ground that GOOGLE is one of (if not the) largest data company in the world, and encompasses a number of different services, entities, and subsidiaries, which may operate under other names, the full extent of which Plaintiffs are not aware. Without knowing the full scope of "GOOGLE," Plaintiffs cannot ascertain all circumstances in which they could have been deemed to be communicating with it.

Subject to the foregoing objections, Plaintiffs are willing to meet and confer regarding the scope of this Request to reach a mutually agreeable resolution.

**REQUEST FOR PRODUCTION NO. 5:**

All disclosures, representations, or statements by any third-party website RELATING TO the DATA AT ISSUE, ONLINE ADS, or the GOOGLE RTB that YOU reviewed prior to YOUR first contact with YOUR counsel in the ACTION.

**RESPONSE:**

Plaintiffs incorporate the above Preliminary Statement as though fully set forth herein.

Plaintiffs object to the Instructions on the grounds set forth above and insofar as the Instructions impose or seek to impose any requirement or discovery obligation greater than or

different from those under the Federal Rules of Civil Procedure, the applicable Local Rules and Orders of the Court.

Plaintiffs object to the extent that the Request, or the Definitions and Instructions related thereto, purport to require Plaintiffs to produce documents that reflect proprietary, confidential, or sensitive business or personal information. Plaintiffs may redact non-relevant confidential, sensitive, or personal information as authorized by Federal Rule of Civil Procedure 5.2 and any subsequently entered ESI protocol.

Plaintiffs object to the extent that the Request seeks materials protected by the attorney-client privilege, work product doctrine, the common defense doctrine, or any other privilege or immunity.

Plaintiffs object to "YOU" and "YOUR's" insofar as it improperly lumps Plaintiffs together as a single entity, seeking to impute knowledge, information, and obligations of one Plaintiff to another. Where appropriate, Plaintiffs will indicate if their response is on an individual basis.

Plaintiffs object to "DOCUMENT" and "COMMUNICATION" insofar as there is conflict with any provisions of a forthcoming ESI protocol or otherwise conflict with Federal Rule of Civil Procedure 34. Plaintiffs object to the extent they purport to seek "any," "all, "each," and "every" DOCUMENT or COMMUNICATION, as overbroad, unduly burdensome, and not proportional to the needs of the case.

Plaintiffs object to "DATA AT ISSUE" insofar as it is limited to only that information identified in the Complaint. Plaintiffs' complaint is based on investigation of publicly available information. To the extent discovery reveals additional information, Plaintiffs reserve the right to modify and amend these Responses accordingly.

Plaintiffs object to "RELATING TO" insofar as it alters the plain meaning or scope of individual Requests and to the extent that the alteration renders individual Requests vague, ambiguous, and overbroad.

Plaintiffs object to "RELATING TO the DATA AT ISSUE, ONLINE ADS or the

GOOGLE RTB" as vague, ambiguous, and overbroad. The Complaint alleges that Google compiles a massive amount of account holder information through, among other things, browsing activity and identifying information. From that information, Google associates, derives, and creates profile information – effectively dossiers – about individual users. These dossiers include sensitive categories of information, like race, religion, sexual orientation, political views and medical information which, in turn are disclosed and shared on Google RTB. The profiles and dossiers are then used for, among other things, digital advertising. The full extent of information collected, manner in which that information is associated, derived and disclosed for purposes of online ads, including disclosure on Google RTB is yet unknown, but its scope and scale appears to be massive and thus potentially every disclosure, representation, or statement by any third-party website could be "relating to" the Requested information. Google has not yet produced discovery, which will include information relevant to the scope and scale of the misconduct alleged and will identify relevant third parties.

Plaintiffs object that the term "third-party website" is vague and ambiguous. As it relates to Internet communications, when a consumer is interacting directly with a website that website is not a "third-party" website but instead a "first-party" participant in the communication at issue. As it relates to this case, Google and the Google RTB system is the "third-party" unseen interloper into the communications. As the third-party, Google then contemporaneously forwards the communications and data to fourth-party RTB participants.

Plaintiffs object that "statements by any third-party" website relating to online ads, IP addresses, cookies, and other DATA AT ISSUE identified in the complaint, and Google RTB are not relevant to this Action which Plaintiffs bring against Google for its actions. Subject to the objections herein, Plaintiffs are willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS between YOU, on the one hand, and any third-party website, on the other hand, RELATING TO ONLINE ADS, the GOOGLE RTB, or the DATA AT ISSUE, including but not limited to any inquiries YOU made regarding any disclosures,

privacy policies, or terms of use related to ONLINE ADS, the GOOGLE RTB, or the DATA AT ISSUE.

**RESPONSE:**

Plaintiffs incorporate the above Preliminary Statement as though fully set forth herein.

Plaintiffs object to the Instructions on the grounds set forth above and insofar as the Instructions impose or seek to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, the applicable Local Rules and Orders of the Court.

Plaintiffs object to the extent that the Request, or the Definitions and Instructions related thereto, purport to require Plaintiffs to produce documents that reflect proprietary, confidential, or sensitive business or personal information. Plaintiffs may redact non-relevant confidential, sensitive, or personal information as authorized by Federal Rule of Civil Procedure 5.2 and any subsequently entered ESI protocol.

Plaintiffs object to the extent that the Request seeks materials protected by the attorney-client privilege, work product doctrine, the common defense doctrine, or any other privilege or immunity.

Plaintiffs object to "YOU" and "YOUR's" insofar as it improperly lumps Plaintiffs together as a single entity, seeking to impute knowledge, information, and obligations of one Plaintiff to another. Where appropriate, Plaintiffs will indicate if their response is on an individual basis.

Plaintiffs object to "DOCUMENT" and "COMMUNICATION," insofar as there is conflict with any provisions of a forthcoming ESI protocol or otherwise conflict with Federal Rule of Civil Procedure 34. Plaintiffs object to the extent they purport to seek "any," "all, "each," and "every" DOCUMENT or COMMUNICATION, as overbroad, unduly burdensome, and not proportional to the needs of the case.

Plaintiffs object to "DATA AT ISSUE" insofar as it is limited to only that information identified in the Complaint. Plaintiffs' complaint is based on investigation of publicly available

- 15 -

*In re Google RTB Consumer Privacy Litigation,* 5:21-cv-02155-LHK
Plaintiffs' Responses and Objections to Defendant's First Set of Requests for Production of Documents (Nos. 1-25)

information. To the extent discovery reveals additional information, Plaintiffs reserve the right to modify and amend these Responses accordingly.

Plaintiffs object to "RELATING TO" insofar as it alters the plain meaning or scope of individual Requests and to the extent that the alteration renders individual Requests vague, ambiguous, and overbroad.

Plaintiffs object to "RELATING TO ONLINE ADS, the GOOGLE RTB, or the DATA AT ISSUE" as vague, ambiguous, and overbroad. The Complaint alleges that Google compiles a massive amount of account holder information through, among other things, browsing activity and identifying information. From that information, Google associates, derives, and creates profile information – effectively dossiers – about individual users. These dossiers include sensitive categories of information, like race, religion, sexual orientation, political views and medical information which, in turn are disclosed and shared on Google RTB. The profiles and dossiers are then used for, among other things, digital advertising. The full extent of information collected, manner in which that information is associated, derived and disclosed for purposes of online ads, including disclosure on Google RTB is yet unknown, but its scope and scale appears to be massive and thus potentially every document and communication with any third-party website could be "relating to" the Requested information.

Plaintiffs object that the term "third-party website" is vague and ambiguous. As it relates to Internet communications, when a consumer is interacting directly with a website, that website is not a "third-party" website but instead a "first-party" participant in the communication at issue. As it relates to this case, Google and the Google RTB system is the "third-party" unseen interloper into the communications. As the third-party, Google then contemporaneously forwards the communications and data to fourth-party RTB participants.

Plaintiffs object that "DOCUMENTS AND COMMUNICATIONS" with "third-party website[s]" about "ONLINE ADS" or "the DATA AT ISSUE" are not relevant to this Action which Plaintiffs bring against Google for its actions. Subject to the foregoing, Plaintiffs are willing to meet and confer regarding the scope of this Request.

sensitive, or personal information as authorized by Federal Rule of Civil Procedure 5.2 and any subsequently entered ESI protocol.

Plaintiffs object to the extent that the Request seeks materials protected by the attorney-client privilege, work product doctrine, the common defense doctrine, or any other privilege or immunity.

Plaintiffs object to "YOU" and "YOUR's" insofar as it improperly lumps Plaintiffs together as a single entity, seeking to impute knowledge, information, and obligations of one Plaintiff to another. Where appropriate, Plaintiffs will indicate if their response is on an individual basis.

Plaintiffs object to "DOCUMENT" and "COMMUNICATION" insofar as there is conflict with any provisions of a forthcoming ESI protocol or otherwise conflict with Federal Rule of Civil Procedure 34. Plaintiffs object to the extent they purport to seek "any," "all, "each," and "every" DOCUMENT or COMMUNICATION, as overbroad, unduly burdensome, and not proportional to the needs of the case.

Plaintiffs object to "RELATING TO" insofar as it alters the plain meaning or scope of individual Requests and to the extent that the alteration renders individual Requests vague, ambiguous, and overbroad.

Plaintiffs object on the ground that the Request is not relevant to any claim or defense, and is therefore oppressive and harassing. The Request seeks production of documents related to Plaintiffs' decisions to participate in this Action, but whether or not a prospective plaintiff chooses to be a Named Class plaintiff has no bearing on the claims or defenses in this Action. An individual Plaintiff's decision to participate in this action may encompass all manner of reasons, including personal and sensitive considerations, that are irrelevant to this case.

Subject to the foregoing, Plaintiffs are willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any purported continuing

violation or threatened future harm to YOU from GOOGLE's alleged conduct as described in YOUR COMPLAINT.

**RESPONSE:**

Plaintiffs incorporate the above Preliminary Statement as though fully set forth herein.

Plaintiffs object to the Instructions on the grounds set forth above and insofar as the Instructions impose or seek to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, the applicable Local Rules and Orders of the Court.

Plaintiffs object to the extent that the Request, or the Definitions and Instructions related thereto, purport to require Plaintiffs to produce documents that reflect proprietary, confidential, or sensitive business or personal information. Plaintiffs may redact non-relevant confidential, sensitive, or personal information as authorized by Federal Rule of Civil Procedure 5.2 and any subsequently entered ESI protocol.

Plaintiffs object to the extent that the Request seeks materials protected by the attorney-client privilege, work product doctrine, the common defense doctrine, or any other privilege or immunity.

Plaintiffs object to "YOU" and "YOUR's" insofar as it improperly lumps Plaintiffs together as a single entity, seeking to impute knowledge, information, and obligations of one Plaintiff to another. Where appropriate, Plaintiffs will indicate if their response is on an individual basis.

Plaintiffs object to "DOCUMENT" and "COMMUNICATION" insofar as there is conflict with any provisions of a forthcoming ESI protocol or otherwise conflict with Federal Rule of Civil Procedure 34. Plaintiffs object to the extent they purport to seek "any," "all, "each," and "every" DOCUMENT or COMMUNICATION, as overbroad, unduly burdensome, and not proportional to the needs of the case.

Plaintiffs object to this Request on the grounds that it is untimely and premature, and it is improper, burdensome, oppressive, harassing, and abusive of the discovery process, calling for

the production of all documents and communications related to alleged threatened or continued harm where discovery in this action is still in the nascent stages. *See* Fed. R. Civ. P. 33(a)(2)("the court may order that [contention interrogatories] need not be answered until designated discovery is complete, or until a pretrial conference or some other time"); *In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 332-38 (N.D. Cal. 1985) (noting "courts tend to deny contention interrogatories filed before substantial discovery has taken place"). Plaintiffs do not know the full scale of harm that Google is perpetrating on account holders and what practices are or will be continued until that information is produced in discovery.

Plaintiffs further object on the ground that the Request seeks production of information which Google is in a better position to know and has access to, and which Google has yet to disclose to Plaintiffs through discovery. Google is in a better position to know scope and nature of its collection of user information, its disclosure of that information on Google RTB, and its profits and valuation of that information, continued or otherwise. Accordingly, Google is in a better position to what documents and communications relate to Plaintiffs' allegation of continued and threatened future harm.

Subject to the foregoing, Plaintiffs are willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any efforts YOU have taken to mitigate any alleged harm or damage to YOU as a result of GOOGLE's alleged conduct as described in YOUR COMPLAINT.

**RESPONSE:**

Plaintiffs incorporate the above Preliminary Statement as though fully set forth herein.

Plaintiffs object to the Instructions on the grounds set forth above and insofar as the Instructions impose or seek to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, the applicable Local Rules and Orders of the Court.

Plaintiffs object to the extent that the Request, or the Definitions and Instructions related thereto, purport to require Plaintiffs to produce documents that reflect proprietary, confidential, or sensitive business or personal information. Plaintiffs may redact non-relevant confidential, sensitive, or personal information as authorized by Federal Rule of Civil Procedure 5.2 and any subsequently entered ESI protocol.

Plaintiffs object to the extent that the Request seeks materials protected by the attorney-client privilege, work product doctrine, the common defense doctrine, or any other privilege or immunity.

Plaintiffs object to "YOU" and "YOUR's" insofar as it improperly lumps Plaintiffs together as a single entity, seeking to impute knowledge, information, and obligations of one Plaintiff to another. Where appropriate, Plaintiffs will indicate if their response is on an individual basis.

Plaintiffs object to "DOCUMENT" and "COMMUNICATION" insofar as there is conflict with any provisions of a forthcoming ESI protocol or otherwise conflict with Federal Rule of Civil Procedure 34. Plaintiffs object to the extent they purport to seek "any," "all," "each," and "every" DOCUMENT or COMMUNICATION, as overbroad, unduly burdensome, and not proportional to the needs of the case.

Plaintiffs object to the Request as not relevant to any claim or defense, oppressive and unduly burdensome, and premature where discovery is still in the nascent stages. In particular, in common parlance the term "mitigate" means to take measures to moderate or alleviate a known event, in this case, the "event" is the damages alleged in the Complaint. But Plaintiffs are not aware of the full scope of Google's misconduct and the attendant harm, and thus are not aware of what mitigating measures they have or could have taken. This information cannot be properly explored until further discovery productions from Google.

Subject to the foregoing, Plaintiffs are willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 15:**

DOCUMENT or COMMUNICATION, as overbroad, unduly burdensome, and not proportional to the needs of the case.

Subject to the foregoing, Plaintiffs are willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All My Activity, Bookmarks, and Analytics activity data associated with YOUR Google account(s).

**RESPONSE:**

Plaintiffs incorporate the above Preliminary Statement as though fully set forth herein.

Plaintiffs object to the Instructions on the grounds set forth above and insofar as the Instructions impose or seek to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, the applicable Local Rules and Orders of the Court.

Plaintiffs object to the extent the Request, or the Definitions and Instructions related thereto, purport to require Plaintiffs to produce documents that reflect proprietary, confidential, or sensitive business or personal information. Plaintiffs may redact non-relevant confidential, sensitive, or personal information as authorized by Federal Rule of Civil Procedure 5.2 and any subsequently entered ESI protocol.

Plaintiffs object to the extent the Request seeks materials protected by the attorney-client privilege, work product doctrine, the common defense doctrine, or any other privilege or immunity.

Plaintiffs object to "YOU" and "YOUR's" insofar as it improperly lumps Plaintiffs together as a single entity, seeking to impute knowledge, information, and obligations of one Plaintiff to another. Where appropriate, Plaintiffs will indicate if their response is on an individual basis.

Plaintiffs object on the ground that the Request is premature as Plaintiffs do not know the full extent of information that Google associates with their Google accounts and therefore cannot

yet identify and produce "All My Activity, Bookmarks, and Analytics activity data associated with [their] Google account(s)."

Plaintiffs object on the ground that the Request is unduly burdensome, as Google is in the best position to know what information it "associated" with Plaintiffs' Google accounts. Google should produce all of this information to Plaintiffs.

Subject to the foregoing, Plaintiffs are willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 18:**

ALL DOCUMENTS and COMMUNICATIONS identified in YOUR Rule 26 Initial Disclosures.

**RESPONSE:**

Plaintiffs incorporate the above Preliminary Statement as though fully set forth herein.

Plaintiffs object to the Instructions on the grounds set forth above and insofar as the Instructions impose or seek to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, the applicable Local Rules and Orders of the Court.

Plaintiffs object to the extent the Request, or the Definitions and Instructions related thereto, purport to require Plaintiffs to produce documents that reflect proprietary, confidential, or sensitive business or personal information. Plaintiffs may redact non-relevant confidential, sensitive, or personal information as authorized by Federal Rule of Civil Procedure 5.2 and any subsequently entered ESI protocol.

Plaintiffs object to the extent the Request seeks materials protected by the attorney-client privilege, work product doctrine, the common defense doctrine, or any other privilege or immunity.

Plaintiffs object to "YOU" and "YOUR's" insofar as it improperly lumps Plaintiffs together as a single entity, seeking to impute knowledge, information, and obligations of one Plaintiff to another. Where appropriate, Plaintiffs will indicate if their response is on an individual

basis.

Plaintiffs object to "DOCUMENT" and "COMMUNICATION" insofar as there is conflict with any provisions of a forthcoming ESI protocol or otherwise conflict with Federal Rule of Civil Procedure 34. Plaintiffs object to the extent they purport to seek "any," "all," "each," and "every" DOCUMENT or COMMUNICATION, as overbroad, unduly burdensome, and not proportional to the needs of the case.

Plaintiffs object to this Request on the grounds that it is untimely and premature, and it is improper, burdensome, oppressive, harassing, and abusive of the discovery process, calling for the production of all documents and communications related to the alleged contract between Plaintiffs and Google. *See* Fed. R. Civ. P. 33(a)(2)("the court may order that [contention interrogatories] need not be answered until designated discovery is complete, or until a pretrial conference or some other time"); *In re Convergent Tech Sec. Litig.*, 108 F.R.D. 328, 332-38 (N.D. Cal. 1985) (noting "courts tend to deny contention interrogatories filed before substantial discovery has taken place"). Plaintiffs do not know the full scale of harm that Google is perpetrating on account holders and what practices are or will be continued until that information is produced in discovery, and thus do not know the full scope of relevant contracts, agreements, or terms of service that govern Google's misconduct.

Plaintiffs further object on the ground that the Request seeks production of information which Google is in a better position to know and has access to, and which Google has yet to disclose to Plaintiffs through discovery. Google is in a better position to know all iterations of its various privacy policies and terms of service, as well as any statements and representations it has made publicly regarding its use of user information.

Subject to the foregoing, Plaintiffs are willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS and COMMUNICATIONS CONCERNING YOUR attempts to remain anonymous while browsing the internet.

- 38 -

**RESPONSE:**

Plaintiffs incorporate the above Preliminary Statement as though fully set forth herein.

Plaintiffs object to the Instructions on the grounds set forth above and insofar as the Instructions impose or seek to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, the applicable Local Rules and Orders of the Court.

Plaintiffs object to the extent the Request, or the Definitions and Instructions related thereto, purport to require Plaintiffs to produce documents that reflect proprietary, confidential, or sensitive business or personal information. Plaintiffs may redact non-relevant confidential, sensitive, or personal information as authorized by Federal Rule of Civil Procedure 5.2 and any subsequently entered ESI protocol.

Plaintiffs object to the extent the Request seeks materials protected by the attorney-client privilege, work product doctrine, the common defense doctrine, or any other privilege or immunity.

Plaintiffs object to "YOU" and "YOUR's" insofar as it improperly lumps Plaintiffs together as a single entity, seeking to impute knowledge, information, and obligations of one Plaintiff to another. Where appropriate, Plaintiffs will indicate if their response is on an individual basis.

Plaintiffs object to "DOCUMENT" and "COMMUNICATION" insofar as there is conflict with any provisions of a forthcoming ESI protocol or otherwise conflict with Federal Rule of Civil Procedure 34. Plaintiffs object to the extent they purport to seek "any," "all," "each," and "every" DOCUMENT or COMMUNICATION, as overbroad, unduly burdensome, and not proportional to the needs of the case.

Plaintiffs object on the ground that the Request is unduly burdensome, not relevant to any claim or defense, harassing and oppressive. This Action is about Google's broken promises and unlawful taking of information. Plaintiffs were not obligated to take measures to "remain anonymous." The Request's language presumes that Plaintiffs were aware of Google's ability to

de-anonymize their information, which they, in fact, were not.

Plaintiffs further object to the term "anonymous" as vague, ambiguous and misleading. In common parlance, anonymous suggests unknown as to identity. In that sense, when a user is browsing the Internet they have no basis to believe that a visit to, for example, cnn.com, would identify them personally, as opposed to merely returning a webpage to an unknown individual. Thus, the vast majority of web browsing is expected to be anonymous in the first instance. To the extent, Google intends any other meaning by "anonymous," Plaintiffs request a meet and confer.

Subject to the foregoing, Plaintiffs are willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS and COMMUNICATIONS CONCERNING YOUR attempts to prevent personalized or targeted advertisements from appearing while YOU are browsing the internet.

**RESPONSE:**

Plaintiffs incorporate the above Preliminary Statement as though fully set forth herein.

Plaintiffs object to the Instructions on the grounds set forth above and insofar as the Instructions impose or seek to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, the applicable Local Rules and Orders of the Court.

Plaintiffs object to the extent the Request, or the Definitions and Instructions related thereto, purport to require Plaintiffs to produce documents that reflect proprietary, confidential, or sensitive business or personal information. Plaintiffs may redact non-relevant confidential, sensitive, or personal information as authorized by Federal Rule of Civil Procedure 5.2 and any subsequently entered ESI protocol.

Plaintiffs object to the extent the Request seeks materials protected by the attorney-client privilege, work product doctrine, the common defense doctrine, or any other privilege or immunity.

Plaintiffs object to "YOU" and "YOUR's" insofar as it improperly lumps Plaintiffs

together as a single entity, seeking to impute knowledge, information, and obligations of one Plaintiff to another. Where appropriate, Plaintiffs will indicate if their response is on an individual basis.

Plaintiffs object to "DOCUMENT" and "COMMUNICATION" insofar as there is conflict with any provisions of a forthcoming ESI protocol or otherwise conflict with Federal Rule of Civil Procedure 34. Plaintiffs object to the extent they purport to seek "any," "all, "each," and "every" DOCUMENT or COMMUNICATION, as overbroad, unduly burdensome, and not proportional to the needs of the case.

Plaintiffs object on the ground that the Request is unduly burdensome, not relevant to any claim or defense, harassing, and oppressive. This Action is about Google's broken promises and unlawful taking of information. Plaintiffs were not obligated to "prevent" Google from breaking its promises or the law. The Request's application of "prevent" presumes that Plaintiffs were aware of Google's misconduct in monetizing personalized and targeted advertisements through Google RTB, which they, in fact, were not.

Subject to the foregoing, Plaintiffs are willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 24:**

DOCUMENTS sufficient to show the address of every place that YOU have resided at any point in time that YOU contend is relevant to YOUR COMPLAINT.

**RESPONSE:**

Plaintiffs incorporate the above Preliminary Statement as though fully set forth herein.

Plaintiffs object to the Instructions on the grounds set forth above and insofar as the Instructions impose or seek to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, the applicable Local Rules and Orders of the Court.

Plaintiffs object to the extent the Request, or the Definitions and Instructions related thereto, purport to require Plaintiffs to produce documents that reflect proprietary, confidential, or

Dated: December 6, 2021

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRITZKER LEVINE LLP**

By:    */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (Cal. Bar No. 146267)
Bethany Caracuzzo (Cal. Bar No. 190687)
Jonathan K. Levine (Cal Bar No. 220289)
Caroline C. Corbitt (Cal Bar No. 305492)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*
ccc@pritzkerlevine.com

***Interim Class Counsel***

**BLEICHMAR FONTI & AULD LLP**

By:    */s/ Lesley Weaver*
Lesley Weaver (Cal. Bar No. 191305)
Anne K. Davis (Cal. Bar No. 267909)
Matthew S. Melamed (Cal. Bar No. 260272)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*adavis@bfalaw.com*
*mmelamed@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

**SIMMONS HANLY CONROY LLC**

By:    */s/ Jay Barnes*
Jason 'Jay' Barnes (*pro hac vice*)
An Truong (*pro hac vice*)
Eric Johnson (*pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*

- 44 -

1                          **DICELLO, LEVITT, & GUTZLER, LLP**

2                          By:   */s/ David A. Straite*

3                          David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400

4                          New York, NY 10165
Tel.: (646) 933-1000

5                          *dstraite@dicellolevitt.com*;

6                          Amy Keller (admitted *pro hac vice*)

7                          Adam Levitt (admitted *pro hac vice*)
James Ulwick (admitted *pro hac vice*)
Ten North Dearborn St., Sixth Floor

8                          Chicago, IL 60602
Tel.: (312) 214-7900

9                          *akeller@dicellolevitt.com*
*alevitt@dicellolevitt.com*

10                        *julwick@dicellolevitt.com*

11

12                          **BOTTINI & BOTTINI, INC.**

13                          By:   */s/ Francis A. Bottini, Jr.*

14                          Francis A. Bottini, Jr. (SBN 175783)
Albert Y. Chang (SBN 296065)

15                          Anne Beste (SBN 326881)
Yury A. Kolesnikov (SBN 271173)

16                          Nicholaus Woltering (SBN 337193)
7817 Ivanhoe Avenue, Suite 102

17                          La Jolla, CA  92037
Telephone:  (858) 914-2001

18                          Facsimile:   (858) 914-2002
fbottini@bottinilaw.com

19                          achang@bottinilaw.com

20                        abeste@bottinilaw.com
*ykolesnikov@bottinilaw.com*

21                        *nwoltering@bottinilaw.com*

22                          **COTCHETT, PITRE & McCARTHY LLP**

23                        By:  */s/ Nanci E. Nishimura*

24                          Nanci E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal. Bar. No. 247403)

25                        Karin B. Swope (admitted *pro hac vice*)
Noorjahan Rahman (Cal. Bar No. 330572)

26                        840 Malcolm Road, Suite 200
Burlingame, CA 94010

27                        Tel.: (650) 697-6000
Fax: (650) 697-0577

28                        *nnishimura@cpmlegal.com*

*bdanitz@cpmlegal.com*
*kswope@cpmlegal.com*
*nrahman@cpmlegal.com*

***Counsel for Plaintiffs and the Proposed Class***

*In re Google RTB Consumer Privacy Litigation*, 5:21-cv-02155-LHK
Plaintiffs' Responses and Objections to Defendant's First Set of Requests for Production of Documents (Nos. 1-25)

## CERTIFICATE OF SERVICE

I am employed by PRITZKER LEVINE LLP, 1900 Powell Street, Ste. 450, Emeryville, CA 94608. I am employed in and a resident of the County of Alameda, State of California, am over the age of eighteen years, and am not a party to this action.  On December 6, 2021, I served the following document in the manner described below:

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS MEAGHAN DELAHUNTY, MEGHAN CORNELIUS, JOHN KEVRANIAN, SALVATORE TORONTO, ALEXANDER ROWE, CHRISTOPHER VALENCIA, CRYSTAL BROWN, GARY GARRETT, ROBINA SUWOL, TERRY DIGGS, TYLER ELLIOT, RETHENA GREEN, PATRICK THOMPSON, CHRISTOPHER JOHNSON, TARA WILLIAMS, AND P.W., A MINOR (NOS. 1-25)**

On the following persons:

> Michael G. Rhodes
> Jeffrey M. Gutkin
> Kelsey R. Spector
> Colin S. Scott
> Robby Saldaña
> Liz Sanchez Santiago
> COOLEY LLP
> 3 Embarcadero Center, 20th Floor
> San Francisco, CA 95111-4004
> Tel: (415) 693-2000
> rhodesmg@cooley.com
> jgutkin@cooley.com
> kspector@cooley.com
> cscott@cooley.com
> rsaldana@cooley.com
> lsanchezsantiago@cooley.com

> Counsel for Defendant Google, LLC

XX   (BY EMAIL) My email address is bc@pritzkerlevine.com; on this date, I caused the above-referenced document(s) to be transmitted by email to the above electronic email address(es) shown above and state that the transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December 6, 2021 at Emeryville, California.

_____
Bethany Caracuzzo