# EXHIBIT 1

**REQUEST FOR PRODUCTION NO. 3:**

Documents, subpoenas, other compulsory process, civil investigative demands, correspondence, request for voluntary production, or any other requests for documents, data or information made to Google or received by Google from any regulator or government entity, whether State or federal, U.S. or international, formal proceeding or informally made, relating to data privacy, Real Time Bidding, or any matter alleged in the Complaint and Google's responses to them.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, particularly as it relates to "data privacy" and "any matter alleged in the Complaint," which is 118 pages long and alleges a myriad of facts that have no relationship to the purported violations Plaintiffs seek to remedy. As worded, this Request is improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires the propounding party to "describe with reasonable particularity each item or category of items to be inspected." Google also objects to this Request as overly broad and unduly burdensome to the extent it is not limited in scope and encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google further objects to the extent this Request is not limited to RTB. Google also objects to this Request to the extent it interferes with the jurisdiction of governmental investigative entities and the powers and confidentiality accorded such entities. Google further objects that this Request is an improper attempt at clone discovery that is not tailored to the allegations in this litigation. Discovery into Google's work product in unrelated, separate matters would unnecessarily insert collateral, irrelevant issues into this litigation. Google also objects to this Request to the extent it seeks documents or information the disclosure of which is prohibited by law, regulation, court order, or other authority. Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google further objects to this

Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity.

In addition, Google objects that the phrases "other compulsory process," "any other requests," "received by Google," and "relating to data privacy" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing objections, and in accordance with Judge van Keulen's June 8, 2021 Discovery Order in *Calhoun, et al. v. Google*, No. 5:20-cv-05146 (ECF No. 220), Google will conduct a reasonable search and produce responsive, non-privileged document requests from any public government investigations about the alleged disclosure of Google Account data or other data derived from Google Account data to third parties utilizing RTB, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 4:**

Documents, data or information, including Correspondence and testimony, provided by Google to any regulator or government entity or office, whether State or federal, U.S. or international, relating to data privacy, Real Time Bidding, or any matter alleged in the Complaint identified in Request No. 3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, particularly as it relates to "data privacy" and "any matter alleged in the Complaint," which is 118 pages long and alleges a myriad of facts that have no relationship to the purported violations Plaintiffs seek to remedy. As worded, this Request is improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires the propounding party to "describe with reasonable particularity each item or category of items to be inspected." Google also objects to this Request as overly broad and unduly burdensome to the extent it encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google further objects to the extent this Request is not

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

limited to RTB. Google also objects to this Request to the extent it interferes with the jurisdiction of governmental investigative entities and the powers and confidentiality accorded such entities. Google further objects that this Request is an improper attempt at clone discovery that is not tailored to the allegations in this litigation. Discovery into Google's work product in unrelated, separate matters would unnecessarily insert collateral, irrelevant issues into this litigation. Google also objects to this Request to the extent it seeks documents or information the disclosure of which is prohibited by law, regulation, court order, or other authority. Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity.

In addition, Google objects that the phrases "testimony" and "relating to data privacy" are vague and ambiguous as neither are self-evident or defined.

Subject to the foregoing objections, Google is willing to meet and confer with Plaintiffs regarding what information provided to any entity identified in response to Request for Production No. 3, if any, conducting public investigations into the data allegedly shared with third parties utilizing RTB, is relevant to this action.

**REQUEST FOR PRODUCTION NO. 5:**

Documents, requests, interrogatories, subpoenas or any other form of written discovery served on Google or otherwise received by Google related to data privacy issues described in the Complaint, issues relating to Real Time Bidding, or any matter described or alleged in the Complaint and Google's responses to them.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, particularly as it relates to "data privacy" and "any matter alleged in the Complaint," which is 118 pages long and alleges a myriad of facts that have no relationship to the purported violations Plaintiffs seek to remedy. As worded, this Request is improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires the