| | |
|---|---|
| **PRITZKER LEVINE LLP**<br>ELIZABETH C. PRITZKER (SBN146267)<br>(ecp@pritzkerlevine.com)<br>1900 Powell Street, Suite 450<br>Emeryville, CA 94608<br>Tel.: (415) 692-0772<br>Fax: (415) 366-6110<br><br>*Interim Lead Class Counsel*<br><br>*Additional counsel listed on signature page* | **COOLEY LLP**<br>MICHAEL G. RHODES (SBN 116127)<br>(rhodesmg@cooley.com)<br>JEFFREY M. GUTKIN (SBN 216083)<br>(jgutkin@cooley.com)<br>AARTI REDDY (SBN 274889)<br>(areddy@cooley.com)<br>KYLE WONG (SBN 224021)<br>kwong@cooley.com<br>KELSEY R. SPECTOR (SBN 321488)<br>(kspector@cooley.com)<br>COLIN S. SCOTT (SBN 318555)<br>(cscott@cooley.com)<br>101 California Street, 5th Floor<br>San Francisco, CA 94111-5800<br>Tel: (415) 693-2000<br>Fax: (415) 693-2222<br><br>COOLEY LLP<br>ROBBY L.R. SALDAÑA<br>(DC No. 1034981)<br>(rsaldana@cooley.com)<br>(admitted *pro hac vice*)<br>1299 Pennsylvania Avenue, NW<br>Suite 700<br>Washington, DC 20004-2400<br>Telephone:   +1 202 776 2109<br>Facsimile:    +1 202 842 7899<br><br>*Counsel for Defendant, Google LLC* |

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION*<br><br>*This document applies to all actions.* | **CASE NO. 5:21-CV-02155-YGR**<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Next CMC: February 11, 2022**<br>           **At 12:00 p.m.**<br>           **(By Videoconference)** |

Plaintiffs in the above-entitled consolidated actions and Defendant Google LLC ("Google") (together, "Parties"), by and through their respective counsel of record, hereby jointly submit this Joint Case Management Conference Statement, reporting on their progress since the last statement was filed on September 1, 2021.

**1.   CASE SUMMARY**

   a.   *Plaintiffs' Summary of Claims and Case Status*:

This consolidated action includes three class action cases, originally styled as *Hewitt v. Google*, Case No. 5:21-cv-2144-YGR (N.D. Cal., filed March 26, 2021), *Delahunty v. Google*, Case No. 21-CV-03360-YGR (N.D. Cal., filed May 5, 2021), and *Toronto v. Google*, Case No. 21-CV-03725-LHK (N.D. Cal., filed May 18, 2021) (collectively, "*In Re Google RTB*"). The actions were consolidated by the Court on June 24, 2021. (*See* Dkt. No. 69). In that same order, the Court concluded that the *In Re Google RTB* cases were related to two other pending actions, pursuant to Civil Local Rule 3-12(b): *Brown v. Google LLC*, No. 20-CV-03664-YGR (N.D. Cal., filed June 2, 2020) ("*Brown*"), and *Calhoun v. Google LLC*, No. 20-CV-05146-YGR (N.D. Cal., filed July 27, 2020) ("*Calhoun*"). (*See id*). On August 3, 2021, the Court appointed Interim Class Counsel and established a Plaintiffs' Executive Committee. (*See* Dkt. No. 77).

The claims in *Brown* and *Calhoun* focus on promises made by Chrome[1] to users of the Chrome browser that Chrome will not share data with Google. Plaintiffs in *Brown* allege that, by tracking and collecting consumer browser history while users are in Incognito mode Google has unlawfully and intentionally intercepted communications. Plaintiffs in *Calhoun*, generally speaking, allege that Chrome promises users that they "don't need to provide any personal information to use [C]hrome" and that Chrome won't send "personal information" to Google "unless you chose to store that data in your Google Account by turning on sync." Despite these promises, Chrome sends the data to Google regardless of whether users have synced, and Google uses it to create detailed data profiles of users.

---

[1] Chrome is a cross-platform web browser developed by Google.

Plaintiffs in *In Re Google RTB* are limited to Google Account Holders. The RTB plaintiffs generally allege that Google improperly sells and disseminates personal and private information about them (irrespective of which web browser they use and across thousands of different non-browser apps), to thousands of companies through Google's proprietary advertising auction process effectuated through real-time bidding ("Google RTB") auctions, and through which Google solicits participants to "bid" on sending targeted advertising to a specific individual. Through Google RTB, Google sells Personal Information of Google Accountholders to third-party auction participants. The Personal Information sold to the bidders includes data that specifically identifies the individual being targeted through unique identifiers (device identifiers, geolocations, the specific content of their Internet communications, and even highly detailed personal profile information about hundreds of interests including race, religion, sexual orientation, and health status).[2] Plaintiffs allege this conduct by Google, and through which Google earns substantial revenue, violates California and federal law, as well as Google's explicit contractual promises to Google Account Holders that (1) "Google will never sell any personal information to third parties"; (2) "you get to decide how your information is used"; (3) "We don't share information that personally identifies you with advertisers"; and that (4) Google will not use certain sensitive information—like race, religion, sexual orientation or health—for advertising purposes.[3]

The RTB Plaintiffs filed their Consolidated Amended Class Action Complaint ("CACC") on August 27, 2021, asserting twelve individual and class claims on behalf of Google Account Holders whose personal information is sold and disseminated by Google through the Google RTB process. (*See* Dkt. No. 80). Google's contract with Plaintiffs and all putative class members contains a choice of law provision designating California law on a nationwide basis.

In a Case Management Order dated September 2, 2021, Judge Koh directed that the Parties select eight claims from the twelve claims asserted in the CACC to be litigated through trial, "with

---

[2] A graphic illustrating the Google RTB system appears at paragraph 13 of Plaintiffs' Consolidated Class Action Complaint. (*See* Dkt. No. 80 at p.5).

[3] Plaintiffs reserved all rights with respect to their four remaining claims in the CACC, including their right to litigate those claims through trial. (*See* Dkt. No. 91, at p. 2).

Plaintiffs selecting 4 claims and Google selecting 4 claims." (*See* Dkt. No. 83 at 1). The Parties completed that court-ordered selection process and, on September 15, 2021, filed a joint statement, Dkt. No. 91, identifying the following claims:  (1) breach of contract (Count 1); (2) breach of covenant of good faith and fair dealing (Count 2); violation of the Article 1, § 1 of the California Constitution (invasion of privacy) (Count 4); intrusion upon seclusion (Count 5); publication of private information (Count 6); breach of confidence (Count 7); violation of the California Information Privacy Act, Cal. Penal Code §§ 630-638 (Count 8); violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511—unauthorized interception, use and disclosure by an Electronic Communications Service (ECS) (Count 10).

On October 1, 2021, Google filed a motion to dismiss the CACC pursuant to Fed. R. Civ. P. 12(b)(6). (*See* Dkt. No. 93). Plaintiffs filed their opposition to that motion on October 29, 2021. (originally Dkt. No. 98, later amended/corrected in Dkt. No. 103). Google filed its reply memorandum on November 19, 2021.  (*See* Dkt. No. 122).  A December 9, 2021 hearing on the motion was vacated by Court order stating that the motion would be determined on the papers, without oral argument.  (*See* Dkt. No. 123).  No decision with respect to the motion has issued.

On January 5, 2022, the Parties received notice that *In Re Google RTB* was to be reassigned in light of Judge Koh's confirmation to the Ninth Circuit.  (*See* Dkt. No. 132).  *In Re Google RTB* was reassigned to this Court on January 24, 2022.  (*See* Dkt. No. 138).

b.   *Google's Position on Plaintiffs' Claims*:

Google is a provider of advertising services on the Internet, including through its Real-Time Bidding system ("RTB"), which is an auction process that allows advertisers (or ad agencies or other ad vendors) to buy digital advertising space (also called "ad impressions") available on websites (often called "publishers"). For example, when an ad impression becomes available on a publisher's website, advertisers using RTB receive information about the impression via a bid request. The advertiser analyzes the information and then responds with an ad creative and bid. The winning bidder's advertisement is then displayed to the websites' visitors nearly instantly.  Plaintiffs allege that, as part of the Google RTB, Google, without authorization, sells or otherwise discloses to third-party companies that are participating in the RTB personal and sensitive information about Google

account holders ("Account Holders,"), including their "browsing history" and "personally identifiable information." Not so. While Google does not believe this joint statement is the appropriate vehicle to provide a detailed refutation of Plaintiffs' allegations, as a general matter, Google denies that RTB operates in the manner alleged and denies that Google sells or otherwise shares Google Account Holder's personal or sensitive information with third parties utilizing RTB without users' consent. Google takes seriously its responsibility to protect the privacy of its users. Google further denies that it has violated any laws or that Plaintiffs are entitled to any relief whatsoever.

Lastly, while this case is related to the *Brown* and *Calhoun* actions, this action concerns legal and factual issues that are entirely distinct from those matters. As Plaintiffs themselves have previously recognized, the instant action concerns Google's allegedly improper disclosure of certain data to third parties, whereas *Calhoun* and *Brown* concern Google's allegedly improper collection of user data. *See* Dkt. No. 40 at 2, n.1 ("The *Hewitt* and *Delahunty* actions concern Google's alleged disclosure of individuals' personal information through the Google Real-Time Bidding advertising process. Unlike those cases, *Brown* and *Calhoun* assert claims based on Google's taking of information from individuals using the Chrome browser, and do so on behalf of distinct classes.")

Google reserves all rights to identify additional factual disputes.

**2.     MOTIONS**

   a.   *Pending or Scheduled Motions*:

   1.      <u>Google's Motion to Dismiss</u>: As directed by the Court's June 24, 2021 Order (Dkt. No. 69), Google filed a motion to dismiss under Fed. R. Cv. P. 12(b)(6) on October 1, 2021. That motion seeks to dismiss each of the claims in the parties' joint filing of September 15, 2021. *See* Defs' Mot. at 1. (Dkt. No. 93). The motion has been fully briefed. A hearing on the motion calendared for December 9, 2021 was vacated by Judge Koh, in an order stating that the motion would be decided on the papers without argument. (See Dkt. No. 123). No decision with respect to the motion has issued. Google respectfully submits that a hearing on this motion would be

beneficial to the Court and therefore requests that the Court convene a hearing to resolve the motion. The Parties await the Court's guidance as to the timing of the Court's ruling on that motion.

2. <u>The Parties' Discovery Disputes</u>: The Parties have submitted joint discovery briefing to Magistrate Judge DeMarchi concerning the following disputed discovery items: (1) Google's Responses and Objections to certain of Plaintiffs' First Set of Requests for Production of Documents (*see* Dkt. No. 141); (2) Plaintiffs' Responses and Objections to certain of Google's First Set of Requests for Production (*see* Dkt. No. 142); and (3) Google's Responses and Objections to Plaintiffs' First Set of Request for Production of Documents concerning only certain requests for document produced by Google in response to Civil Investigation Demands (CIDs) issued by the Texas Attorney General in its multi-state antitrust investigation entitled *State of Texas, et al. v. Google LLC*, 1:21-cv-6841-PKC (S.D.N.Y) (*see* Dkt. No. 143). Judge DeMarchi has set a hearing on these discovery disputes for February 8, 2022 at 10:00 a.m. (*See* Dkt. 145).

      b. *Anticipated Motions*:

<u>Plaintiffs' Position</u>: The Parties have been meeting and conferring on various discovery matters since the initial Rule 26(f) conference held May 4, 2021. Despite these efforts, there remain core discovery disputes which, if unresolved, will require motion practice before Magistrate Judge DeMarchi (*see* Section 6 below). Plaintiffs also anticipate moving for class certification on or before June 23, 2022, consistent with the Court's present scheduling order. (*See* Dkt. No. 83). Plaintiffs may file other motions as appropriate.

<u>Google's Position</u>: As necessary, Google will oppose Plaintiffs' anticipated motion for class certification, and may file further motions to compel discovery, a motion for summary judgment, and other motions as appropriate.

**3. AMENDMENT OF PLEADINGS**

Plaintiffs filed their CACC on August 27, 2021 and do not anticipate amending the complaint prior to the Court's ruling on Google's motion to dismiss. The Court has set February 25, 2022 as the deadline to amend the pleadings or add parties. (Dkt. No. 83).

**4. EVIDENCE PRESERVATION**

The Parties represent that they have taken reasonable and proportionate steps to preserve

evidence relevant to this litigation. This includes discussions relating to certain preservation issues that surfaced in the *Calhoun* action. The Parties have reviewed the Northern District of California Guidelines Relating to the Discovery of ESI and, pursuant to Fed. R. Civ. P. 26(f), have discussed generally the preservation of relevant evidence. Specifically:

a. *Preservation of Plaintiff Devices*: The Parties have conferred and agreed that Plaintiffs will create a forensic image of each device (mobile devices, personal computers, and tablets) that, as of the time of the complaint, Plaintiffs contend has been impacted as a result of Google's conduct alleged in the CACC. Plaintiffs need not, however, preserve or shelve each physical device. Plaintiffs have commenced forensic imaging of their devices consistent with the Parties' agreement on this issue.

b. *Preservation of Event Log Data*: Plaintiffs have requested that Google preserve certain event-level log data beyond Google's standard retention periods. Consistent with Magistrate Judge van Keulen's April 30 Discovery Order in *Calhoun* (Dkt. No. 173), Google informed Plaintiffs that this request would be unduly burdensome, and instead proposed a compromise for preserving relevant log data. The Parties have engaged in frequent meet and confer discussions, on both the scope of log data relevant to the claims and defenses at issue in the litigation, and methods or techniques of preserving same for purposes of this litigation. The Parties have made progress and will continue to meet and confer on this issue, but if an impasse is reached, the Parties will seek appropriate direction from Magistrate Judge DeMarchi.

**5.   DISCLOSURES**

The Parties exchanged initial disclosures, as required by Federal Rule of Civil Procedure 26(f), on June 22, 2021. Plaintiffs served initial disclosures for additional Plaintiffs named in the CACC on September 8, 2021. Most of the Plaintiffs also have provided Stored Communication Act consent forms to Google, and Plaintiffs' counsel are actively working to assist any remaining Plaintiffs in providing Stored Communication Act consent forms to Google in the form and using the procedures Google has specified.

**6.   DISCOVERY**

*a. Fact Discovery Substantial Completion and End Dates*

1  In her Case Management Order of September 2, 2021, Judge Koh established April 21, 2022 as a deadline for the Parties to substantially complete their document productions. (*See* Dkt. 83). The current fact discovery cut-off date is December 15, 2022. (*See id*).

     b. *Discovery Plan for Substantial Document Production*

  On December 17, 2021, pursuant to an order by Magistrate Judge DeMarchi issued November 4, 2021 (Dkt. No. 116), the Parties submitted a discovery plan and joint detailed timeline for meeting a substantial document production deadline of April 21, 2022. (*See* Dkt. No. 127).

     c. *ESI, Custodians and Search Terms*

  As specified in the Parties' joint discovery plan and joint detailed timeline for meeting an April 21, 2022 substantial production deadline, the Parties have been actively meeting and conferring on ESI issues, including exchanging and identifying proposed custodians, proposed search terms, and descriptions of non-custodial sources of ESI and discoverable information. The Parties joint discovery plan lays out a timeline for such discussions and provides for discovery briefing of any disputes regarding custodians, search terms, or non-custodial source information by March 15, 2022. (*See* Dkt. No. 127).

     d. *Discovery Taken to Date*

       i. *Requests for Production of Documents:*

        1. <u>Plaintiffs' RFPs</u>: To facilitate preservation discussions, on April 26, 2021, Plaintiffs in the first-filed *Hewitt* action sent Google a letter setting forth the scope of anticipated preservation obligations, and attached a First Set of Requests for Production of Documents, which were deemed served on May 4, 2021 (the date of the Rule 26(f) conference). On May 17, 2021, Plaintiffs served a Second Set of Requests for Production of Documents. Google served responses and objections to Plaintiffs' First and Second Sets of RFPs on June 22, 2021. To date, Google has produced 12,753 documents (86,975 pages) in response to these discovery sets and anticipates several further productions over the coming months. The Parties have been meeting and conferring, diligently and frequently, in an effort to resolve Google's objections and identify discovery that can be prioritized and produced by the substantial production deadline of April 21, 2022. As noted in Section 2, discovery disputes concerning certain of these Requests have been

jointly briefed and submitted to Magistrate Judge DeMarchi for determination. Judge DeMarchi has set a hearing on these discovery disputes for February 8, 2022 at 10:00 a.m.

Pursuant to the Parties' joint discovery plan and joint detailed timeline for meeting an April 21, 2002 substantial document production deadline (*see* Dkt. 127), Plaintiffs served an additional set of Requests for Production subject to the substantial production deadline on January 10, 2022. Plaintiffs granted Google a courtesy extension of time, until February 7, 2022, to file its responses and objections to this discovery set.

2. Google's RFPs*:*  On June 8, 2021, Google served its First Set of Requests for Production of Documents on Plaintiffs Hewitt and Woodruff. Plaintiffs in the first-filed *Hewitt* action provided responses and objections on July 12, 2021. On November 5, 2021, Google served these same requests on named Plaintiffs added to this suit through the CACC, and the additional Plaintiffs named in the CACC provided responses to Google's First Set of RFPs on December 6, 2021. To date, Plaintiffs have produced over 9,000 documents (82,000+ pages) in response to this discovery set. The Parties have been meeting and conferring, diligently and frequently, to resolve any disputes concerning these responses.  As noted in Section 2, discovery disputes concerning Plaintiffs' responses to certain of these Requests have been jointly briefed and submitted to Magistrate Judge DeMarchi for determination.  Judge DeMarchi has set a hearing on these discovery disputes for February 8, 2022 at 10:00 a.m.

Google served a Second Set of Requests for Production of Documents on Plaintiffs Hewitt and Woodruff on September 1, 2021, requesting that Plaintiffs produce to Google all documents received in response to subpoenas served by Plaintiffs on various third parties (discussed in Section 6.c.ii, below). Plaintiffs provided responses and objections to Google's Second Set of RFPs on October 15, 2021. Consistent with their obligations under Fed. R. Civ. P. 45, Plaintiffs have provided Google with third-party productions received to date, and will continue to provide Google with those productions as they are received by Plaintiffs.

On November 26, 2021, Google served a Second Set of Requests for Production of Documents on the Consolidated Plaintiffs.  Plaintiffs served responses and objections to those

Requests on January 19, 2022. The Parties anticipate beginning the meet and confer process on these Requests soon.

### i. Interrogatories

Google's Interrogatories: On November 26, 2021, Google served a First Set of Interrogatories on the Consolidated Plaintiffs. Plaintiffs served responses and objections to those Interrogatories on January 19, 2022. The Parties anticipate beginning the meet and confer process on these Interrogatories soon.

### ii. Plaintiffs' Third-Party Subpoenas

Starting on July 1, 2021, Plaintiffs in the first-filed *Hewitt* action served subpoenas on approximately 50 entities that Plaintiffs' expert identified as entities that participate in the Google RTB auction. Plaintiffs' counsel in all three consolidated actions have since been meeting and conferring with these third-party entities and/or their counsel to secure compliance. Several of these entities have already produced an initial tranche of responsive documents and, as discussed above, Plaintiffs have provided Google with third party productions received to date consistent with the obligations under Fed. R. Civ. P. 45. Meet and confer efforts are ongoing.

### e. Protective Order for Confidential Information:

On June 3, 2021, the Court granted the Parties' stipulated Protective Order addressing confidentiality issues, as well as other issues related to discovery, as modified by the Court. (*See* Dkt. No. 59). All Plaintiffs in the consolidated actions have signed and intend to be bound by that Protective Order.

### f. Expert Discovery Order:

On June 3, 2021, the Court granted the Parties' stipulated Order re Expert Discovery. (*See* Dkt. No. 58). All Plaintiffs in the consolidated actions intend to be bound by that Order.

### g. 502(d) Order:

The Parties have not yet successfully resolved all issues relating to the proposed 502(d) order. The Parties have met and conferred on this issue over the last several months and have narrowed the issues in dispute. If an impasse is reached, the Parties intend to raise the issue with Magistrate Judge DeMarchi.

### 7. CLASS ACTIONS

The Parties have reviewed the Procedural Guidance for Class Action Settlements.

<u>Plaintiffs' Additional Statement pursuant to Civil L.R. 16-9(b)</u>: This action may proceed under Fed. R. Civ. P. 23(b)(2), (b)(3) and/or (c)(4). Plaintiffs will seek certification of a domestic class of all Google Account Holders who used the Internet on or after Google began using RTB in a manner that disclosed Account Holders' personal information. In the CACC, Plaintiffs (which include one minor Plaintiff represented here by their guardian ad litem) plead facts specific to their experiences, *see* CAC ¶¶ 37-68, and also allege that the same harm would be experienced by all similarly-situated Google Account Holders. *Id*. ¶¶ 9-26; 30; 39-42; 64-162; see also *id*. ¶¶ 330-338 (additional class allegations). Plaintiffs' motion for class certification is currently due on or before June 23, 2022. (*See* Dkt. No. 83).

<u>Google's Position:</u>

Google disputes that this action can be maintained as a class action and will oppose Plaintiffs' motion for class certification and/or move to deny class certification because Plaintiffs cannot satisfy the requirements of Rule 23.

### 8. RELATED CASES

In its June 24, 2021 Order consolidating these actions (Dkt. No. 69), the Court determined that the consolidated actions are related to *Brown v. Google*, No. 20-CV-03664-LHK (N.D. Cal. filed June 2, 2020) and *Calhoun v. Google*, No. 20-CV-05146-LHK (N.D. Cal. filed July 27, 2020) pursuant to Civil Local Rule 3-12(b). The Parties are presently unaware of any other related- or potentially-related actions.

### 9. RELIEF

<u>Plaintiffs' Statement</u>:

Plaintiffs seek damages, restitution, disgorgement, declaratory relief, injunctive relief, as well as attorneys' fees and costs of suit. Plaintiffs seek damages in excess of $5,000,000 but cannot further determine the amount of damages without discovery.

<u>Google's Statement</u>:

1  Google reserves all rights, claims, and defenses available to it under the law, including to
2  seek relief if appropriate.  Google denies that Plaintiffs are entitled to any relief whatsoever in
3  connection with the causes of action pled in their Complaint, or that the class alleged in the
4  Complaint can be certified in this case.  Google believes it is premature to opine on methods of
5  calculating potential damages.

### 10. SETTLEMENT AND ADR

The Parties have filed their ADR certifications.  (*See* Dkt. Nos. 64, 65).  The Parties would be happy to discuss ADR at the Case Management Conference if requested by the Court, but remain of the belief that formal settlement discussions are premature at this stage.

### 11. CONSENT TO MAGISTRATE FOR ALL PURPOSES

The Parties do not consent to have a magistrate judge conduct all further proceedings, including trial or the entry of judgment.

### 12. OTHER REFERENCES

As noted in Section 8 above, this case has been related to the *Brown* and *Calhoun* actions. At this time, the case is not suitable for reference to the JPML or binding arbitration. The case has been referred to the Hon. Virginia K. DeMarchi, United States Magistrate Judge, for discovery matters. (*See* Dkt. No. 71).

### 13. NARROWING OF ISSUES

At this time, the Parties are unaware of any issues that can be narrowed by agreement.

### 14. EXPEDITED TRIAL PROCEDURE

Given its complexity, the Parties do not believe this putative class action can be handled on an expedited basis with streamlined procedures.

### 15. SCHEDULING:

In its September 2, 2021 CMO, the Court set a case schedule.  (Dkt. No. 83.)

### 16. TRIAL

Plaintiffs demanded a jury trial.  *See* CACC (Dkt. No. 80). Plaintiffs' trial estimate is 10 trial days, exclusive of jury selection.  In light of the early stage of this case, Google cannot presently estimate the length of trial, which will depend on the scope of the case (if any) after the Court's

1 ruling on Google's Rule 12 motion(s), as well as on Plaintiffs' anticipated motion for class
2 certification and Google's anticipated motion for summary judgment.

3     **17.**     **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

4     a.     *Plaintiffs*:

5 Plaintiffs in *Hewitt* filed certifications pursuant to Civil L.R. 3-15 on March 26, 2021. (*See*
6 Dkt. No. 3). Additional Plaintiffs named in the CACC filed certifications on September 8, 2021.
7 (*See* Dkt. No. 84).

8     b.     *Google*:

9 Google filed its certification pursuant to Civil L.R. 3-15 on April 21, 2021. (*See* Dkt. No.
10 24).

11     **18.**     **PROFESSIONAL CONDUCT**

12 The Parties reconfirm that all attorneys of record have reviewed the Guidelines for
13 Professional Conduct for the Northern District of California.

14     **19.**     **OTHER MATTERS**

15 The Parties have no other issues to raise at this time.

16

17 **PRITZKER LEVINE LLP**      **COOLEY LLP**

18 By: */s/ Elizabeth C. Pritzker*      By:  */s/ Jeffrey M. Gutkin*
19 Elizabeth C. Pritzker (SBN 146267)      MICHAEL G. RHODES (SBN 116127)
Jonathan K. Levine (SBN 220289)      (rhodesmg@cooley.com)
20 Bethany Caracuzzo (SBN 190687)      JEFFREY M. GUTKIN (SBN 216083)
Caroline C. Corbitt (SBN 305492)      (jgutkin@cooley.com)
21 1900 Powell Street, Suite 450      AARTI REDDY (SBN 274889)
Emeryville, CA 94608      (areddy@cooley.com)
22 Tel.: (415) 692-0772      KYLE WONG (SBN 224021)
23 Fax: (415) 366-6110      kwong@cooley.com
ecp@pritzkerlevine.com      KELSEY R. SPECTOR (SBN 321488)
24 jkl@pritzkerlevine.com      (kspector@cooley.com)
bc@pritzkerlevine.com      COLIN S. SCOTT (SBN 318555)
25 ccc@pritzkerlevine.com      (cscott@cooley.com)
    101 California Street, 5th Floor
26 *Interim Lead Class Counsel*      San Francisco, CA 94111-5800
27     Tel: (415) 693-2000
    Fax: (415) 693-2222
28

| | | |
|---|---|---|
|1| **BLEICHMAR FONTI & AULD LLP** | COOLEY LLP |
|2| | ROBBY L.R. SALDAÑA |
| | By: /s/ *Lesley E. Weaver* | (DC No. 1034981) |
|3| Lesley E. Weaver (SBN 191305) | (rsaldana@cooley.com) |
| | Matthew S. Melamed (SBN 260272) | (admitted pro hac vice) |
|4| Anne K. Davis (SBN 267909) | 1299 Pennsylvania Avenue, NW |
| | Angelica M. Ornelas (SBN 285929) | Suite 700 |
|5| Joshua D. Samra (SBN 313050) | Washington, DC 20004-2400 |
| | 555 12th Street, Suite 1600 | Telephone:   +1 202 776 2109 |
|6| Oakland, CA 94607 | Facsimile:   +1 202 842 7899 |
|7| Tel.: (415) 445-4003 | |
| | Fax: (415) 445-4020 | *Counsel for Defendant GOOGLE LLC* |
|8| lweaver@bfalaw.com | |
| | mmelamed@bfalaw.com | |
|9| adavis@bfalaw.com | |
| | aornelas@bfalaw.com | |
|10| jsamra@bfalaw.com | |

1. BLEICHMAR FONTI & AULD LLP / COOLEY LLP
2. By: /s/ *Lesley E. Weaver* / ROBBY L.R. SALDAÑA (DC No. 1034981)
3. Lesley E. Weaver (SBN 191305) / (rsaldana@cooley.com)
   Matthew S. Melamed (SBN 260272) / (admitted pro hac vice)
4. Anne K. Davis (SBN 267909) / 1299 Pennsylvania Avenue, NW
   Angelica M. Ornelas (SBN 285929) / Suite 700
5. Joshua D. Samra (SBN 313050) / Washington, DC 20004-2400
   555 12th Street, Suite 1600 / Telephone:   +1 202 776 2109
6. Oakland, CA 94607 / Facsimile:   +1 202 842 7899
7. Tel.: (415) 445-4003
   Fax: (415) 445-4020 / *Counsel for Defendant GOOGLE LLC*
8. lweaver@bfalaw.com
   mmelamed@bfalaw.com
9. adavis@bfalaw.com
   aornelas@bfalaw.com
10. jsamra@bfalaw.com

11. **SIMMONS HANLY CONROY LLC** / **BOTTINI & BOTTINI, INC.**

12. By: */s/ Jay Barnes* / By: */s/ Francis A. Bottini, Jr.*
13. Jason 'Jay' Barnes (admitted pro hac vice) / Francis A. Bottini, Jr. (SBN 175783)
    An Truong (admitted pro hac vice) / Albert Y. Chang (SBN 296065)
14. Eric Johnson (admitted pro hac vice) / Anne Beste (SBN 326881)
15. 112 Madison Avenue, 7th Floor / Yury A. Kolesnikov (SBN 271173)
    New York, NY 10016 / Nicholaus Woltering (SBN 337193)
16. Tel.: (212) 784-6400 / 7817 Ivanhoe Avenue, Suite 102
    Fax: (212) 213-5949 / La Jolla, CA 92037
17. jaybarnes@simmonsfirm.com / Telephone: (858) 914-2001
    atruong@simmonsfirm.com / Facsimile: (858) 914-2002
18. ejohnson@simmonsfirm.com / fbottini@bottinilaw.com
19. / achang@bottinilaw.com
    / abeste@bottinilaw.com
20. / ykolesnikov@bottinilaw.com
    / nwoltering@bottinilaw.com

21.

22.

23. //

24.

25. //

26.

27. //

28. //

| | | |
|---|---|---|
| 1 | **DiCELLO LEVITT GUTZLER LLC** | **COTCHETT, PITRE & McCARTHY LLP** |
| 2 | By: */s/ David A. Straite* | By: */s/ Nanci E. Nishimura* |
| 3 | David A. Straite (admitted pro hac vice)<br>One Grand Central Place | Nanci E. Nishimura (SBN 152621)<br>Brian Danitz (SBN 247403) |
| 4 | 60 East 42nd Street, Suite 2400<br>New York, NY 10165 | Karin B. Swope (admitted pro hac vice)<br>Taylor Tang (SBN 341677) |
| 5 | Tel.: (646) 933-1000<br>dstraite@dicellolevitt.com | 840 Malcolm Road, Suite 200<br>Burlingame, CA 94010 |

DiCELLO LEVITT GUTZLER LLC

By: */s/ David A. Straite*
David A. Straite (admitted pro hac vice)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
dstraite@dicellolevitt.com

Amy Keller (admitted pro hac vice)
Adam Levitt (admitted pro hac vice)
James Ulwick (admitted pro hac vice)
Ten North Dearborn St., Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
akeller@dicellolevitt.com
alevitt@dicellolevitt.com
julwick@dicellolevitt.com

*Interim Class Plaintiffs Executive Committee*

COTCHETT, PITRE & McCARTHY LLP

By: */s/ Nanci E. Nishimura*
Nanci E. Nishimura (SBN 152621)
Brian Danitz (SBN 247403)
Karin B. Swope (admitted pro hac vice)
Taylor Tang (SBN 341677)
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel.: (650) 697-6000
Fax: (650) 697-0577
nnishimura@cpmlegal.com
bdanitz@cpmlegal.com
kswope@cpmlegal.com

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Elizabeth C. Pritzker, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of February, 2022, at Emeryville, California.

*/s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker

263753441 v8