**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

| | |
|---|---|
| Andrew H. Schapiro (admitted *pro hac vice*) | Josef Ansorge (admitted *pro hac vice*) |
| andrewschapiro@quinnemanuel.com | josefansorge@quinnemanuel.com |
| 191 N. Wacker Drive, Suite 2700 | 1300 I Street NW, Suite 900 |
| Chicago, IL 60606 | Washington D.C., 20005 |
| Telephone: (312) 705-7400 | Telephone: (202) 538-8000 |
| Facsimile: (312) 705-7401 | Facsimile: (202) 538-8100 |
| | |
| Stephen A. Broome (CA Bar No. 314605) | Jonathan Tse (CA Bar No. 305468) |
| stephenbroome@quinnemanuel.com | jonathantse@quinnemanuel.com |
| Viola Trebicka (CA Bar No. 269526) | 50 California Street, 22nd Floor |
| violatrebicka@quinnemanuel.com | San Francisco, CA 94111 |
| 865 S. Figueroa Street, 10th Floor | Telephone: (415) 875-6600 |
| Los Angeles, CA 90017 | Facsimile: (415) 875-6700 |
| Telephone: (213) 443-3000 | |
| Facsimile: (213) 443-3100 | |
| | |
| Jomaire Crawford (admitted *pro hac vice*) | Thao Thai (CA Bar No. 324672) |
| jomairecrawford@quinnemanuel.com | thaothai@quinnemanuel.com |
| 51 Madison Avenue, 22nd Floor | 555 Twin Dolphin Drive, 5th Floor |
| New York, NY 10010 | Redwood Shores, CA 94065 |
| Telephone: (212) 849-7000 | Telephone: (650) 801-5000 |
| Facsimile: (212) 849-7100 | Facsimile: (650) 801-5100 |

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br>    Defendant. | Case No. 5:20-cv-5146-LHK-SVK<br><br>**ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE MARCH 5, 2021 HEARING TRANSCRIPT (DKT. 137)**<br><br>Referral: Hon. Susan van Keulen, USMJ |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5 and General Order No. 59, Defendant Google LLC ("Google") respectfully seeks to seal certain portions of the March 5, 2021 hearing transcript ("Transcript"), which contain non-public, highly sensitive and confidential business information that could affect Google's competitive standing and may expose Google to increased security risks if publicly disclosed. This Administrative Motion pertains for the following information contained in the Transcript:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| March 5, 2021 Hearing Transcript | Portions Highlighted in Yellow at 7:19-21; 7:23-24; 8:1-2; 8:3-4; 8:21-22; 8:23-24; 9:7; 9:13-14; 9:15-17; 9:19-20; 10:5-7; 10:10-11; 10:20-21; 10:25-11:1; 11:2-3; 11:4-7; 11:8-9; 11:10-11; 11:12-13; 11:17-18; 12:3-6; 12:9-15; 12:22-25; 13:6-8; 13:15-17; 13:25-14:6; 14:13-17; 14:19-20; 16:18-22; 17:2-11; 17:24-25; 18:1-5; 18:7-9; 18:14-17; 18:19-22; 18:25-19:2; 19:3; 19:7-12; 19:13-14; 19:15-16; 19:17; 19:18-19; 19:21-23; 19:24-20:3; 20:4-5; 20:6; 20:7; 20:8; 20:9-10; 20:11-20; 20:21-22; 20:25-21:2; 21:9-10; 21:12-13; 22:7-12; 22:16-21; 22:23-23:3; 23:7-11; 23:16-18; 23:19; 23:20; 23:21; 23:22-24:3; 24:5-6; 24:8-9; 24:13-14; 27:20; 27:21-22; 27:23-24; 27:25-28:2; 28:3-4; 28:5-6; 28:8-9; 28:17; 28:18-20; 28:22-25; 33:1; 33:21; 33:23-25; 34:1; 35:2-3; 35:6; 35:13; 37:19-20; 39:13-14; 39:16-17; 43:23-24; 43:25-44:2 | Google |

## II. LEGAL STANDARD

While there is a common law right of public access to judicial records in a civil case, that right is not a constitutional right and it is "not absolute." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) (noting that the "right to inspect and copy judicial records is not absolute" and that "courts have refused to permit their files to serve as reservoirs of . . . sources of business information

that might harm a litigant's competitive standing"). The right to access is further diminished where, as here, a party seeks to prevent the disclosure of information discussed during a hearing on a non-dispositive discovery motion; rather than satisfy the more stringent "compelling reasons" standard, a party seeking to seal materials in these circumstances must make only a "particularized showing" of "good cause." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006); *Cf. Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (noting that a "strong presumption of access" does not apply to sealed discovery documents attached to non-dispositive motions and that a "party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released"). Such sealing at trial is appropriate when the information at issue constitutes "competitively sensitive information," such as "confidential research, development, or commercial information." *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information").

### III.    THE ABOVE IDENTIFIED MATERIALS SHOULD ALL BE SEALED

Although the materials that Google seeks to seal here easily meet the higher "compelling reasons" standard, the Court need only consider whether these materials meet the lower "good cause" standard. Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 589-99. Good cause to seal is shown when a party seeks to seal materials that "contain[ ] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Materials that could harm a litigant's competitive standing may be sealed even under the "compelling reasons" standard. *See e.g. Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted).

1    Here the Transcript comprises confidential information regarding highly sensitive features of Google's operations and consumer data. Specifically, this information provides details related to the various types of data logs maintained by Google, the size of those logs, which logs are linked to a user's Google Account, the cost in money and man-hours for suspending retention periods for those logs, and Google's ability to preserve and/or produce the log data. Such information reveals Google's internal strategies, system designs, business practices, and system capacities for operating and maintaining many of its important services while complying with legal and privacy obligations.

Public disclosure of the above-listed information would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary systems, strategies, designs, and system capacities to Google's competitors. That alone is a proper basis to seal such information. *See, e.g.*, *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co.*, No. 3:16-cv-02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because "disclosure would harm their competitive standing by giving competitors insight they do not have"); *Trotsky v. Travelers Indem. Co.*, 2013 WL 12116153, at *8 (W.D. Wash. May 8, 2013) (granting motion to seal as to "document retention policies and internal research results that disclose statistical coding that is not publically available").

Moreover, if publicly disclosed, malicious actors may use such information to seek to compromise Google's data log systems. Google would be placed at an increased risk of cyber security threats. *See, e.g.*, *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material concern[ing] how users' interactions with the Gmail system affects how messages are transmitted" because if made public, it "could lead to a breach in the security of the Gmail system"). The security threat is an additional reason for this Court to seal the identified information.

## IV.   CONCLUSION

For the foregoing reasons, the Court should seal the identified portions of the Transcript.

DATED: March 29, 2021

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By    */s/ Andrew H. Schapiro*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Thao Thai (CA Bar No. 324672)
thaothai@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
*Attorneys for Defendant Google LLC*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-5- Case No. 5:20-cv-03664-LHK-SVK
ADMINISTRATIVE MOTION TO SEAL MARCH 5, 2021 HEARING TRANSCRIPT