COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
COLIN S. SCOTT (SBN 318555)
(cscott@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA
(DC No. 1034981)
(rsaldana@cooley.com)
(*pro hac vice*)
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 776 2109
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, <br><br> This Document Relates to: *all actions*, | Master File No. 5:21-cv-02155-YGR (VKD) <br><br> **DEFENDANT GOOGLE LLC'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** <br><br> **LOCAL RULES 7-11 AND 79-5(F)(3)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. GOOGLE'S RESP. TO ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 5:21-CV-02155-YGR (VKD)

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3), Defendant Google LLC ("Google") respectfully submits this Response to Plaintiffs' Administrative Motion ("Google's Response") to consider whether Exhibit 2 (ECF No. 143-2) filed with the Joint Letter Brief Regarding Plaintiffs' Requests for Production Nos. 3 and 4 (the "Joint Letter Brief," ECF No. 143) should be kept under seal.

As explained in Plaintiffs' Administrative Motion, Exhibit 2 reflects Civil Investigation Demands ("CIDs") that are the subject of a discovery dispute between Google and Plaintiffs. The CIDs referenced in Exhibit 2 have been designated ""Highly Confidential—Attorneys' Eyes Only" pursuant to the terms of the Parties' Stipulated Protective Order, which the Court entered on June 3, 2021 (ECF No. 59, the "Protective Order").  As set forth in Google's Response and in the accompanying Declaration of Aarti Reddy ("Reddy Declaration" or "Reddy Decl."), Google confirms the confidentiality of a portion of this Exhibit.

Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below.

| Document | Portions to be filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Joint Letter Brief, ECF No. 143 | Exhibit 2 at GOOG-CALH-00039023, GOOG-CALH-00039024, GOOG-CALH-00039030, GOOG-CALH-00039039, GOOG-CALH-00039040 through 00039045, GOOG-CALH-00039047, GOOG-CALH-00039050, and GOOG-CALH-00039051, ECF No. 143-2 | Google |

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (i.e., is "sealable").  Civ. L.R. 79-5(b).  Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEF. GOOGLE'S RESP. TO ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 5:21-CV-02155-YGR (VKD)

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case[.]" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824-BLF, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).)

Briefing for a discovery motion is non-dispositive, and thus the good cause standard applies here. *See, e.g., Pieterson v. Wells Fargo Bank, N.A.*, No. 17-cv-02306-EDL, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("The parties have filed two separate motions to seal portions of the discovery letter briefs that are pending before the Court. Because the sealing requests were made in conjunction with a nondispositive discovery motion, a showing under the good cause standard will suffice."); *Calhoun v. Google*, Case No. 20-cv-05146, ECF No. 327 at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."). Notably, "[r]ecords attached to nondispositive motions are not subject to the strong presumption of access." *TVIIM, LLC v. McAfee, Inc.*, No. 13-cv-04545-HSG, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) (citation omitted).

### III. GOOD CAUSE WARRANTS SEALING OF PORTIONS OF EXHIBIT 2 TO THE JOINT LETTER BRIEF.

Pursuant to the good cause standard, Google's sealing request is warranted. Google asks this Court to seal portions of Exhibit 2, which contain Google's confidential, proprietary, non-public information that has been designated "Highly Confidential—Attorneys' Eyes Only" by Google in discovery pursuant to the parties' Protective Order.

As an initial matter, the proposed redactions are narrowly tailored to redact only the specific portions of Exhibit 2 that reflect the confidential information requests, and thus do not "unduly

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEF. GOOGLE'S RESP. TO ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 5:21-CV-02155-YGR (VKD)

limit[] public access." *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-CV-02099 JST (NC), 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

Further, as noted above, the portions of Exhibit 2 that Google seeks to redact reflect confidential information requests served on Google by the Attorney General of the State of Texas in an ongoing governmental investigation. Sealing is warranted under the applicable good cause standard because the information requests were propounded by the State of Texas in confidence following its receipt of confidential discovery produced by Google in that investigation. (*See* Reddy Decl. ¶ 5.) The confidential information requests Google seeks to seal reflect information that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. (*See* Reddy Decl. ¶ 4.) In particular, these requests reference and reveal confidential technical information regarding the operation of Google's products and systems, including Google's internal data structures and identifiers. (*Id.*) Public disclosure of this information could cause competitive harm to Google, as competitors may leverage these information requests in other litigation or use them to otherwise unfairly compete with Google. (*Id.* at ¶6.) Notably, the Honorable Magistrate Judge Susan Van Keulen, who is presiding over the related *Calhoun* action, recently held that the **exact** requests at issue here are entitled to confidential treatment because "Google maintains [them] as confidential" and they are not "generally known to the public or Google's competitors." *Calhoun v. Google.*, No. 20-cv-05146, ECF No. 327 at 4 (N.D. Cal. Sept. 30, 2021); (Reddy Decl. ¶ 7). The same result follows here, and Google respectfully requests that the Court seal the aforementioned pages of Exhibit 2.

### IV. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court seal the following pages of Exhibit 2 to the Joint Letter Brief: GOOG-CALH-00039023, GOOG-CALH-00039024, GOOG-CALH-00039030, GOOG-CALH-00039039, GOOG-CALH-00039040 through 00039045, GOOG-CALH-00039047, GOOG-CALH-00039050, and GOOG-CALH-00039051.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEF. GOOGLE'S RESP. TO ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 5:21-CV-02155-YGR (VKD)

Dated: February 8, 2022

COOLEY LLP
MICHAEL G. RHODES
JEFFREY M. GUTKIN
AARTI REDDY
KYLE C. WONG
ROBBY L.R. SALDAÑA
KELSEY R. SPECTOR
COLIN S. SCOTT

By: /s/ Aarti Reddy
    Aarti Reddy

Attorneys for Defendant
GOOGLE LLC

263473455

Cooley LLP
Attorneys at Law
San Francisco

5

Def. Google's Resp. to Admin
Mot. To File Under Seal
Case No. 5:21-cv-02155-YGR (VKD)