COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
COLIN S. SCOTT (SBN 318555)
(cscott@cooley.com)
ANUPAM DHILLON (SBN 324746)
(ADhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA
(DC No. 1034981)
(rsaldana@cooley.com)
(*pro hac vice*)
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 776 2109
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, <br><br> This Document Relates to: *all actions*, | Master File No. 5:21-cv-02155-YGR (VKD) <br><br> **DEFENDANT GOOGLE LLC'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** <br><br> **LOCAL RULES 7-11 AND 79-5(F)(3)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. GOOGLE'S RESP. TO ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 5:21-CV-02155-YGR (VKD)

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3), Defendant Google LLC ("Google") respectfully submits this Response to Plaintiffs' Administrative Motion ("Google's Response") to consider whether portions of the Joint Letter Brief Regarding Google's Search Terms, Custodians, and Non-Custodial Sources (the "Joint Letter Brief," ECF No. 158-2) as well as portions of Exhibits A, C, and D (together the "Exhibits," ECF Nos. 158-3, 158-5, and 158-6) filed with the Joint Letter Brief should be kept under seal.

As explained in Plaintiffs' Administrative Motion, portions of the Joint Letter Brief and Exhibits A, C, and D reflect confidential information regarding highly sensitive internal project code names and data systems that Google keeps confidential. As set forth in Google's Response and in the accompanying Declaration of Glenn Berntson ("Berntson Declaration" or "Berntson Decl."), Google confirms the confidentiality of these items.

Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below

| Document | Portions to be filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Joint Letter Brief, ECF No. 158-2 | Highlighted portions of Exhibit 1 to the Berntson Declaration at pages 2, 4, 5, and 6.[1] | Google |
| Ex. A to the Joint Letter Brief, ECF No. 158-3 | Highlighted portions of 158-3 at pages 2, 4, and 9. | Google |
| Ex. C to the Joint Letter Brief, ECF No. 158-5 | Highlighted portion of 158-5 at page 1. | Google |
| Ex. D to the Joint Letter Brief, ECF No. 158-6 | Highlighted portions of 158-6 at pages 3, 4, 5, 7, 8, 9, and 10. | Google |

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (i.e., is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to

---

[1] Google has narrowed the material it seeks to seal in the Joint Letter Brief, ECF No. 158-2, and has identified those narrowed proposed redactions in green highlighting in the concurrently-filed Exhibit 1 to the Berntson Declaration.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEF. GOOGLE'S RESP. TO ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 5:21-CV-02155-YGR (VKD)

seek sealing only of sealable material." *Id.*

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case[.]" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824-BLF, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).)

Briefing for a discovery motion is non-dispositive, and thus the good cause standard applies here. *See, e.g., Pieterson v. Wells Fargo Bank, N.A.*, No. 17-cv-02306-EDL, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("Because the sealing requests were made in conjunction with a nondispositive discovery motion, a showing under the good cause standard will suffice."); *Calhoun v. Google*, Case No. 20-cv-05146, ECF No. 327 at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."). Notably, "[r]ecords attached to nondispositive motions are not subject to the strong presumption of access." *TVIIM, LLC v. McAfee*, Inc., No. 13-cv-04545-HSG, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) (citation omitted).

### III. GOOD CAUSE WARRANTS SEALING OF PORTIONS OF THE JOINT LETTER BRIEF AND EXHIBITS A, C, AND D.

Google asks this Court to seal portions of the Joint Letter Brief and Exhibits A, C, and D, which contain Google's confidential, proprietary information that has been designated "Highly Confidential—Attorneys' Eyes Only" by Google in discovery pursuant to the parties' Protective Order. Pursuant to the good cause standard, Google's sealing request is warranted.

As an initial matter, the proposed redactions are narrower than those Google initially sought, and are narrowly tailored to redact only the specific portions of the Joint Letter Brief and Exhibits

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEF. GOOGLE'S RESP. TO ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 5:21-CV-02155-YGR (VKD)

that reflect confidential information, and thus do not "unduly limit[] public access." *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-CV-02099 JST (NC), 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

Further, as noted above, the portions of the Joint Letter Brief and Exhibits A, C, and D that Google seeks to redact contain confidential information and technical details regarding project code names and internal data systems that Google maintains as confidential in the ordinary course of its business and are not generally known to the public or Google's competitors. (Berntson Decl. ¶ 5.) Public disclosure of this information presents serious risk of irreparable harm to Google, including cyber security risk. (*Id.* ¶ 6.) For example, an individual interested in improperly accessing Google's systems could target particular proprietary documents and information for improper uses if he or she knew Google's confidential internal names. (*Id.*).

Additionally, these names, if made public, would allow individuals who, through legitimate or nefarious means gain access to other documents or information that reference the same code names, to deduce details about the project to which the code names refer that they otherwise would not have understood were related. (*Id.* ¶ 7.) If individuals know a code name for one of these projects, and then see that same code name in an entirely different context, they will be uniquely positioned to piece together previously unconnectable facts about the project, gaining improper and potentially damaging insight into Google's strategic business and financial decisions and the operation and capabilities of Google's systems. (*Id.*).

For these reasons, Courts in this District routinely seal references to internal project names and data systems. *See, e.g.*, *Rodriguez v. Google LLC,* No. 20-cv-04688-RS, ECF No. 223 (N.D. Cal. Feb. 10, 2022) (noting that "Google's internal project names may be sealed"); *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846 LHK (PSG), 2012 WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012) (sealing "Apple's internal code names" for its projects); *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-CV-00362-PJH, 2018 WL 2392561, at *7 (N.D. Cal. May 25, 2018) (same); *In re Google Inc. Gmail Litig.*, No. 13-md-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems). Indeed, other Courts have already sealed some of the very same code names

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEF. GOOGLE'S RESP. TO ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 5:21-CV-02155-YGR (VKD)

that Google seeks to seal here. *Calhoun v. Google.*, No. 20-cv-05146-YGR, ECF No. 455 (N.D. Cal. Jan. 6, 2022); *Rodriguez*, No. 20-cv-04688-RS, ECF No. 223 (N.D. Cal. Feb. 10, 2022). The same results follow here, and Google respectfully requests that the Court seal the aforementioned pages of the Joint Letter Brief and Exhibits A, C, and D which reflect non-public internal project and database names.

### IV. CONCLUSION

For the foregoing reasons, Google respectfully requests the Court seal the aforementioned pages of the Joint Letter Brief and Exhibits A, C, and D, reflecting Google's concurrently filed redactions, the public disclosure of which would cause significant competitive harm to Google.

Dated: March 4, 2022

COOLEY LLP
MICHAEL G. RHODES
WHITTY SOMVICHIAN
JEFFREY M. GUTKIN
AARTI REDDY
KYLE C. WONG
ROBBY L.R. SALDAÑA
KELSEY R. SPECTOR
COLIN S. SCOTT
ANUPAM DHILLON

By: */s/ Aarti Reddy*
    Aarti Reddy

Attorneys for Defendant
GOOGLE LLC

265351544

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEF. GOOGLE'S RESP. TO ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 5:21-CV-02155-YGR (VKD)