# EXHIBIT 1

# EXHIBIT 1

**REQUEST FOR PRODUCTION NO. 43:**

Documents, requests, interrogatories, subpoenas or any other form of written discovery served on Google, or any other requests for documents, data or information made to Google by Plaintiffs in the Related Cases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, seeks irrelevant information, is unduly burdensome, and is not proportional to the needs of the case because the Request is not limited in scope and encompasses voluminous materials that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google also objects that this Request is not limited to RTB, and instead seeks all discovery requests from the Related Cases, irrespective of whether those requests pertain to the actual product at issue in this case. Google further objects that this Request is cumulative and duplicative of other Requests, namely, Request for Production No. 5, and therefore seeks to harass and delay the proceedings. Google further objects that this Request is an improper attempt at cloned discovery from the Related Actions that is not tailored to the allegations in this litigation. Google also objects to this Request on the basis that it is compound.

In addition, Google objects that the phrases "any other requests" and "requests for documents, data or information" are vague and ambiguous because they are not self-evident or defined.

Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 44:**

Documents, data or information, including Correspondence, written discovery responses, and testimony, provided by Google to Plaintiffs in the Related Cases, relating to data privacy, Real Time Bidding, or any matter alleged in the Complaint.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

GOOGLE'S RESPONSES TO PLAINTIFFS'
THIRD SET OF RFPS
CASE NO. 21-CV-02155-YGR

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, seeks irrelevant information, and is not proportional to the needs of the case, particularly as it relates to the phrases "data privacy" and "any matter alleged in the Complaint," which is 132 pages long and alleges a myriad of facts that have no relationship to the purported violations Plaintiffs seek to remedy. Google also objects to this Request as overly broad and unduly burdensome as the Request is not limited in scope and encompasses vast quantities of material that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google also objects that this Request is not limited to RTB, and instead seeks voluminous discovery from the Related Cases, irrespective of whether that discovery pertains to the actual product at issue in this case. Google further objects that this Request is cumulative and duplicative of other requests, namely, Requests for Production Nos. 6–7, and therefore seeks to harass and delay the proceedings. Google further objects that this Request is an improper attempt at cloned discovery from the Related Actions that is not tailored to the allegations in this litigation. Google also objects to this Request to the extent it seeks documents or information, the disclosure of which is prohibited by law, regulation, court order, or other authority. Google also objects to this Request on the basis that it is compound.

In addition, Google objects that the phrase "relating to data privacy" is vague and ambiguous because it is not self-evident or defined.

Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 45:**

Documents related to any complaints from Google Account Holders relating to Real Time Bidding regarding the manner in which Google operates its Real Time Bidding, including, the resulting ad(s) displayed to each Account Holder, the information conveyed in Bid Requests, and any action taken in response.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

GOOGLE'S RESPONSES TO PLAINTIFFS'
THIRD SET OF RFPS
CASE NO. 21-CV-02155-YGR

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, seeks irrelevant information, is unduly burdensome, and is not proportional to the needs of the case because the Request is not limited in scope and encompasses aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google further objects that this Request is cumulative and duplicative of other Requests, namely, Request for Production No. 2, and therefore seeks to harass and delay the proceedings. Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

In addition, Google objects that the phrases "complaints," "information conveyed," and "manner in which Google operates its Real Time Bidding" are vague and ambiguous because they are not self-evident or defined.

Subject to the foregoing objections, Google agrees to produce, following a reasonable and diligent search for responsive material, non-privileged documents reflecting Google Account Holder complaints, if any, related to the alleged sharing of their personal and/or sensitive information with third-party participants utilizing Google's RTB.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents reflecting estimates or other calculations of the monetary value of Account Holders' Information to Google, including updates in keeping with changes to Google's terms of service, including the calculation of revenue earned by Google for Account Holders based upon bartering or selling access to such Information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

GOOGLE'S RESPONSES TO PLAINTIFFS'
THIRD SET OF RFPS
CASE NO. 21-CV-02155-YGR

proportional to the needs of the case because the Request is not limited in scope and encompasses voluminous materials that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google also objects that this Request is not limited to RTB, but instead seeks broad discovery on such amorphous topics as the "value of Account Holders' information to Google." Google further objects that this Request is premature because it seeks information that is not relevant or germane to the issues to be litigated at class certification. Google further objects that this Request for "All Documents" reflecting the referenced subject matter is overbroad. Google additionally objects to this Request as overbroad to the extent it is not limited to formal evaluations regarding the referenced subject matter. Google additionally objects that the phrase "including updates in keeping with changes to Google's terms of service" is vague, ambiguous, and unintelligible within the context of this Request. Google also objects to this Request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel. Google additionally objects that this Request is cumulative and duplicative of other Requests, namely, Request for Production No. 34, and therefore seeks to harass and delay the proceedings.

In addition, Google objects that the phrases "revenue earned by Google for Account Holders" and "bartering or selling access to such Information" are vague and ambiguous because they are not self-evident or defined. Google further objects that Plaintiffs' definition of "Account Holders' Information" makes this Request unduly burdensome and overly broad.

Subject to the foregoing objections, Google is willing to meet and confer with Plaintiffs about this Request.

**REQUEST FOR PRODUCTION NO. 47:**

Documents sufficient to establish the monetary and/or retail value of Account Holders'

Cooley LLP
Attorneys at Law
San Francisco

14

GOOGLE'S RESPONSES TO PLAINTIFFS'
THIRD SET OF RFPS
CASE NO. 21-CV-02155-YGR

Information to Google, including all monthly, quarterly, and annual financial reporting relating to same, and including but not limited to the calculation of average revenue per user, any changes to such monetary or retail value relating to changes to Google's terms of service, and any financial reporting of Information as an asset.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case because the Request is not limited in scope and encompasses voluminous materials that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google objects to this Request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel. Google also objects that this Request is not limited to RTB, and instead seeks broad discovery concerning the "retail or monetary value" of "Account Holders' Information," "changes to Google's terms of service" and "any financial reporting of Information as an asset." Google further objects that this Request is improperly compound and contains multiple subparts. Google additionally objects that this entire Request is unintelligible, vague and ambiguous. Google further objects that this Request is premature because it seeks information that is not relevant or germane to the issues to be litigated at class certification. Google additionally objects that this Request is cumulative and duplicative of other Requests, namely, Request for Production No. 34, and therefore seeks to harass and delay the proceedings.

In addition, Google objects that the phrases "value of Account Holders' Information," "value relating to changes to Google's terms of service" and "Information as an asset" are vague and ambiguous because they are not self-evident or defined. Google further objects that Plaintiffs'

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

GOOGLE'S RESPONSES TO PLAINTIFFS'
THIRD SET OF RFPS
CASE NO. 21-CV-02155-YGR

definition of "Account Holders' Information" makes this Request unduly burdensome and overly broad.

Subject to the foregoing objections, Google is willing to meet and confer with Plaintiffs about this Request.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents relating to Google's assessment of the monetary and/or retail value of Account Holders' Information to Account Holders (as distinct from value to Google), including analyses for providing compensation to Account Holders for their Content and Information, including but not limited to Account Holders compensated in connection with Google "Screenwise Trends, "Cross Media Panel," or any Google offer to compensate users for data collection and/or use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case because the Request is not limited in scope and encompasses voluminous materials that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google objects to this Request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel. Google also objects that this Request is not limited to RTB, and instead seeks voluminous discovery concerning products that are not even at issue in this case. Google additionally objects that this entire Request is unintelligible, vague and ambiguous. Google further objects that this Request is premature because it seeks information that is not relevant or germane to the issues to be litigated at class certification Google further objects

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

GOOGLE'S RESPONSES TO PLAINTIFFS'
THIRD SET OF RFPS
CASE NO. 21-CV-02155-YGR

1  that this Request for "All Documents" related to the referenced subject matter is overbroad. Google
2  additionally objects to this Request to the extent it requires Google to produce documents not in its
3  possession, custody or control. Google additionally objects that this Request is cumulative and
4  duplicative of other Requests, namely, Request for Production No. 34, and therefore seeks to harass
5  and delay the proceedings.

Google further objects that the phrases "Screenwise Trends," and "Cross Media Panel," and the terms "value of Account Holders' Information" and "compensation to Account Holders for their Content and Information" are vague and ambiguous because they are not self-evident or defined. Google further objects that Plaintiffs' definition of "Account Holders' Information" makes this Request unduly burdensome and overly broad.

Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 49:**

Documents sufficient to show when Google launched the "Google Screenwise Trends" program, how such program operates, amounts paid to participants in the Google Screenwise Trends program, and the value of the data received through the Google Screenwise Trends program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case because the Request is not limited in scope and encompasses voluminous materials that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB, including but not limited to "Google Screenwise Trends." Google further objects to this Request on the basis that it is compound. Google also objects that this Request is not limited to RTB, and instead concerns a product that is not even at issue in this case.

In addition, Google objects that the term "Screenwise Trends" and the phrases "how such program operates," "amounts paid to participants" and "value of the data received through" are

Cooley LLP
Attorneys at Law
San Francisco

17

GOOGLE'S RESPONSES TO PLAINTIFFS'
THIRD SET OF RFPS
CASE NO. 21-CV-02155-YGR

1  vague and ambiguous because they are not self-evident or defined.

2  Google also objects and states that this Request is not the most appropriate vehicle of
3  discovery for Plaintiffs to obtain the information requested.

4  Subject to the foregoing objections, Google has not conducted and will not conduct searches
5  for responsive documents, and, as a result, will not produce documents in response to this Request.

6  **REQUEST FOR PRODUCTION NO. 50:**

7  Documents sufficient to establish the economic value, in currency or any other thing of
8  value, paid in exchange for targeted advertising that Google received in exchange for each Named
9  Plaintiff's Information, as well as which entities paid Google and when such payments were made.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

11 In addition to the foregoing General Objections, which Google incorporates by reference,
12 Google specifically objects that this Request is overly broad, unduly burdensome, and not
13 proportional to the needs of the case because the Request is not limited in scope and encompasses
14 voluminous materials that have no relation to Plaintiffs' central allegations regarding the alleged
15 disclosure of Plaintiffs' and purported class members' personal information to third party
16 participants utilizing RTB.  Google also objects that this Request is not limited to RTB.  Google
17 further objects that this Request is premature because it seeks information that is not relevant or
18 germane to the issues to be litigated at class certification.  Google objects to this Request to the
19 extent that it seeks the disclosure of documents containing trade secret or other confidential
20 research, development, or commercially sensitive information.  Google further objects to this
21 Request to the extent it seeks information protected by the attorney-client privilege, the attorney
22 work-product doctrine, or any other applicable privilege or protection, including without limitation
23 because it may seek documents prepared by or at the direction of legal counsel.  Google additionally
24 objects that this Request is cumulative and duplicative of other Requests, namely, Request for
25 Production No. 34, and therefore seeks to harass and delay the proceedings.

26 In addition, Google objects that the phrases "the economic value," "any other thing of
27 value," "received in exchange for each Named Plaintiff's Information," and "entities" are vague

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

GOOGLE'S RESPONSES TO PLAINTIFFS'
THIRD SET OF RFPS
CASE NO. 21-CV-02155-YGR

1  and ambiguous because they are not self-evident or defined.

2  Google also objects and states that this Request is not the most appropriate vehicle of
3  discovery for Plaintiffs to obtain the information requested.

4  **REQUEST FOR PRODUCTION NO. 51:**

5  Documents sufficient to establish consideration, monetary or otherwise, Google paid to any
6  other entity for Information relating to specific consumers, including but not limited to purchase
7  histories in online or traditional settings, including but not limited to banks, credit companies or
8  data brokers.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

10  In addition to the foregoing General Objections, which Google incorporates by reference,
11  Google specifically objects that this Request is overly broad, unduly burdensome, and not
12  proportional to the needs of the case because the Request is not limited in scope and encompasses
13  materials that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of
14  Plaintiffs' and purported class members' personal information to third party participants utilizing
15  RTB. Google also objects that this Request is not limited to RTB, but instead purports to encompass
16  any consideration Google has paid for any "Information relating to specific consumers." Google
17  further objects that this Request is premature because it seeks information that is not relevant or
18  germane to the issues to be litigated at class certification. Google additionally objects that this
19  Request is cumulative and duplicative of other Requests, namely, Request for Production No. 34,
20  and therefore seeks to harass and delay the proceedings.

21  In addition, Google objects that the phrases "establish consideration," "or otherwise,"
22  "Information relating to specific consumers," "any other entity," "purchase histories in online or
23  traditional settings," "data brokers," and "traditional settings" are vague and ambiguous because
24  they are not self-evident or defined.

25  Google also objects to this Request to the extent that it seeks the disclosure of documents
26  containing trade secret or other confidential research, development, or commercially sensitive
27  information. Google further objects to this Request to the extent it seeks information protected by

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

GOOGLE'S RESPONSES TO PLAINTIFFS'
THIRD SET OF RFPS
CASE NO. 21-CV-02155-YGR

1  the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege
2  or protection, including without limitation because it may seek documents prepared by or at the
3  direction of legal counsel.

4  Subject to the foregoing objections, Google has not conducted and will not conduct searches
5  for responsive documents, and, as a result, will not produce documents in response to this Request.

6  **REQUEST FOR PRODUCTION NO. 52:**

7  Documents sufficient to establish the value of any data Google received or receives for
8  granting access to, sharing or sending Account Holders' Information or any derivative of that
9  Information, including any estimates of value by Google or any third party, including but not
10 limited to any venture capitalist, auditor or consultant, as well as the calculation of revenue impact,
11 gross or net, arising out of limiting personalization of advertising, whether contextual or behavioral,
12 including but not limited to changes arising out of limitation of the use of third party cookies, first
13 party cookies, or other identifiers.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

15 In addition to the foregoing General Objections, which Google incorporates by reference,
16 Google specifically objects that this Request is overly broad, unduly burdensome, and not
17 proportional to the needs of the case because the Request is not limited in scope and encompasses
18 voluminous materials that have no relation to Plaintiffs' central allegations regarding the alleged
19 disclosure of Plaintiffs' and purported class members' personal information to third party
20 participants utilizing RTB. Google further objects to this Request on the basis that it is compound
21 and unintelligible. Google also objects that this Request is not limited to RTB. Google further
22 objects that this Request is premature because it seeks information that is not relevant or germane
23 to the issues to be litigated at class certification. Google also objects to this Request to the extent
24 that it seeks the disclosure of documents containing trade secret or other confidential research,
25 development, or commercially sensitive information, including without limitation because it may
26 seek documents prepared by or at the direction of legal counsel. Google further objects to this
27 Request to the extent it seeks information protected by the attorney-client privilege, the attorney

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20

GOOGLE'S RESPONSES TO PLAINTIFFS'
THIRD SET OF RFPS
CASE NO. 21-CV-02155-YGR

1    work-product doctrine, or any other applicable privilege or protection. Google additionally objects
2    that this Request is cumulative and duplicative of other Requests, namely, Request for Production
3    No. 34, and therefore seeks to harass and delay the proceedings. Google additionally objects to
4    this Request as overbroad to the extent it is not limited to formal evaluations regarding the
5    referenced subject matter.

6          In addition, Google objects that the phrases "value of any data Google received or receives,"
7    "granting access to, sharing or sending Account Holders' Information," "derivative of that
8    information," and "estimates of value" are vague and ambiguous because they are not self-evident
9    or defined. Google further objects that Plaintiffs' definition of "Account Holders' Information"
10   makes this Request unduly burdensome and overly broad.

11         Subject to the foregoing objections, Google is willing to meet and confer with Plaintiffs
12   about this Request.

13   **REQUEST FOR PRODUCTION NO. 53:**

14         Documents sufficient to establish all costs associated with Google granting access, sharing
15   or sending Account Holders' Information or any derivative of that Information through Google
16   Real Time Bidding.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

18         In addition to the foregoing General Objections, which Google incorporates by reference,
19   Google specifically objects that this Request is overly broad, unduly burdensome, and not
20   proportional to the needs of the case because the Request is not limited in scope and encompasses
21   aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged
22   disclosure of Plaintiffs' and purported class members' personal information to third party
23   participants utilizing RTB. Accordingly, the Request seeks information that is not relevant or
24   proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely
25   benefit. Google further objects that this Request is premature because it seeks information that is
26   not relevant or germane to the issues to be litigated at class certification. Google also objects to
27   this Request to the extent that it seeks the disclosure of documents containing trade secret or other
28

Cooley LLP
Attorneys at Law
San Francisco

21

GOOGLE'S RESPONSES TO PLAINTIFFS'
THIRD SET OF RFPS
CASE NO. 21-CV-02155-YGR

confidential research, development, or commercially sensitive information. Google further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel. Google additionally objects that this Request is cumulative and duplicative of other Requests, namely, Request for Production No. 34, and therefore seeks to harass and delay the proceedings.

In addition, Google objects that the phrases "all costs," "granting access, sharing or sending Account Holders' Information," and "derivative" are vague and ambiguous because they are not self-evident or defined. Google further objects that Plaintiffs' definition of "Account Holders' Information" makes this Request unduly burdensome and overly broad.

Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 54:**

All Documents related to (1) the amount of compensation Google offered consumers who signed up for Google "Screenwise Trends," "Cross Media Panel," or any other program through which Google offered to compensate users for the ability to monitor users' activity on any device used to exchange electronic communications, including web browsing history. As used in this request, "compensation" includes cash compensation or cash equivalents including gift cards or credits that can be used for the purchase of goods or services; and (2) what a User was required to do to qualify for the various levels of compensation offered.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case because the Request is not limited in scope and encompasses voluminous materials that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB, including but not limited to "Google Screenwise Trends" and "Cross

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

22

GOOGLE'S RESPONSES TO PLAINTIFFS'
THIRD SET OF RFPS
CASE NO. 21-CV-02155-YGR

Media Panel." Google further objects that this Request for "All Documents" related to the referenced subject matter is overbroad. Google also objects to this Request on the basis that it is compound. Google also objects that this Request is not limited to RTB. Google further objects that this Request is duplicative of other discovery, including Requests for Production Nos. 48 and 34, and therefore seeks to harass and delay the proceedings.

In addition, Google objects that the terms "Screenwise Trends," and "Cross Media Panel," and the phrases "compensate users for the ability to monitor users' activity," "qualify for the various levels of compensation" and "cash equivalents including gift cards or credits that can be used for the purchase of goods or services" are vague and ambiguous because they are not self-evident or defined.

Google also objects and states that this Request is not the most appropriate vehicle of discovery for Plaintiffs to obtain the information requested.

Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 55:**

Documents related to surveys performed or commissioned by Google regarding valuation of Account Holder information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case because the Request is not limited in scope and encompasses materials that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google further objects that this Request for documents related to the referenced subject matter is overbroad. Google also objects that this Request is not limited to RTB, but instead encompasses documents related to any surveys performed or commissioned by Google regarding valuation of Account Holder information. Google further objects to this Request to the extent it

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

23

GOOGLE'S RESPONSES TO PLAINTIFFS'
THIRD SET OF RFPS
CASE NO. 21-CV-02155-YGR

seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity. Google also objects to this Request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel. Google additionally objects that this Request is overbroad and seeks information that is not relevant or proportional to the needs of the case, in that it is not limited to formal analyses regarding the referenced subject matter. Google additionally objects that this Request is cumulative and duplicative of other Requests, namely, Request for Production No. 34, and therefore seeks to harass and delay the proceedings.

In addition, Google objects that the phrases "surveys performed or commissioned" and "valuation of Account Holder information" are vague and ambiguous because they are not self-evident or defined. Google further objects that Plaintiffs' definition of "Account Holders' Information," to the extent Plaintiffs intend for that definition to apply, makes this Request unduly burdensome and overly broad.

Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 56:**

All Documents provided to Your auditors to support estimates of fair value relating to Account Holders' Information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case because the Request is not limited in scope and encompasses materials that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24

GOOGLE'S RESPONSES TO PLAINTIFFS'
THIRD SET OF RFPS
CASE NO. 21-CV-02155-YGR

RTB. Google further objects that this Request for "All Documents" regarding the referenced subject matter is overbroad. Google also objects that this Request is not limited to RTB. Google further objects that this Request is premature because it seeks information that is not relevant or germane to the issues to be litigated at class certification. Google also objects to this Request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel. Google additionally objects that this Request is cumulative and duplicative of other Requests, namely, Request for Production No. 34, and therefore seeks to harass and delay the proceedings.

In addition, Google objects that the phrases "Your auditors," "support estimates of fair value" and "value relating to Account Holders' Information" are vague and ambiguous because they are not self-evident or defined. Google further objects that Plaintiffs' definition of "Account Holders' Information" makes this Request unduly burdensome and overly broad.

Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

25

GOOGLE'S RESPONSES TO PLAINTIFFS'
THIRD SET OF RFPS
CASE NO. 21-CV-02155-YGR