*Attorney Work Product*
*Privileged & Confidential*

March 15, 2022

Magistrate Virginia K. DeMarchi
San Jose Courthouse, Courtroom 2, 5th Floor
280 South 1st Street, San Jose, CA 95113

   Re:  Joint Discovery Brief – Google's Second Set of Requests for Production
       *In re Google RTB Consumer Privacy Litigation*, 21-cv-02155

Dear Magistrate Judge DeMarchi:

Google LLC ("Google") and Plaintiffs submit this joint letter brief regarding Google's Second Set of Requests for Production to Plaintiffs (the "Requests"). The Parties have met and conferred, including on February 24, 2022, but have been unable to resolve the issues addressed below.

**Exhibit 1** is Plaintiffs' responses and objections to the Requests. Requests 26-30 are relevant here.

### I.  GOOGLE'S POSITION

It has been over three months since Google served Requests 26-30. These are basic requests seeking key, threshold information about Plaintiffs' case: ads settings in Plaintiffs' Google accounts (RFP 26) and privacy and location settings on their devices, mobile applications, and web browsers (RFPs 27-30), and how these settings have changed over time. Despite Plaintiffs' and this Court's acknowledgment that their device settings are "absolutely relevant" (2/08/22 Tr. at 103:11), Plaintiffs have engaged in a deliberate effort to obstruct and delay Google's legitimate discovery efforts, turning the meet and confer process into the legal equivalent of a game of "hide and seek." Indeed, even with the many clarifications Google has provided where feasible, Plaintiffs have refused to produce discovery on any responsive settings ***unless and until*** Google can first blindly (and accurately) guess what they might be, which only Plaintiffs know. Not shockingly, Plaintiffs now extend their gamesmanship from the meet and confer process to this letter brief, feigning the need for additional meet and confers by falsely accusing Google of providing "helpful" categories of information, which they have long had, for the "first time," all the while still making no commitment to search for or produce any responsive information. Plaintiffs' tactics are not only designed to create delay but violate their basic discovery obligations.

As an initial matter, the Court is already familiar with how critical Plaintiffs' device settings are to this litigation. Indeed, at the February 8 hearing on Requests 1 and 23, which seek similar information, the Court explained: "[T]he device setting[s] . . . I'm going to . . . require that [they] be produced. It's absolutely relevant to know how the devices were set up and what the individual plaintiffs were attempting to control." 2/08/22 Tr. at 103:8-14. Like Requests 1 and 23, Requests 26-30 seek the exact information the Court indicated must be produced: the settings that show how Plaintiffs set up their devices and attempted to control access to the information at issue.

To be clear, there is no serious dispute that Requests 26-30 seek relevant information.[1]  Indeed, to date, the only concerns Plaintiffs have ever articulated are that Google must "identify with great precision" and with "greater specificity" the settings Google believes are responsive to the Requests.  Again, this is a mere delay tactic.  Plaintiffs cite no authority—and Google is aware of none—that permits a responding party to withhold discoverable documents unless the requesting party enumerates all responsive information.  To the contrary, courts have rejected similar preconditions on production.  See Davis v. Pinterest, Inc., 2021 WL 3045878, at *3 (N.D. Cal. July 20, 2021) (overruling objection that party did not need to "search[] for documents or information in response to these discovery requests unless and until [the moving party] identifie[d] the specific location of each instance of his works").  This is in keeping with the normal understanding in discovery that "[r]esponding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information."  The Sedona Principles, Third Edition (2018), Principle 6.  Moreover, when addressing Requests 1 and 23, the Court rejected Plaintiffs' similar attempts to delay by arguing that a more specific group of settings should be identified before they are required to produce documents.  See 2/08/22 Tr. at 105:8-114:16 (rejecting Plaintiffs' objections and demands that the Parties identify a specific list of applications and settings at issue).

Setting that aside, Google has already fully addressed Plaintiffs' purported need for clarification.  For Request 26, which seeks ads settings in Plaintiffs' Google accounts, Google has identified two responsive settings: the ads personalization setting[2] and the ads personalization extension.[3]  Google has further agreed that Plaintiffs' production can be limited to (1) the settings Google identifies, and (2) any additional settings that Plaintiffs contend are at issue.  Plaintiffs note that Google offered this compromise one week after the final meet and confer.  But Google identified the ads settings as examples repeatedly in prior meet and confers.  And Google could not formalize this compromise offer until after the final meet and confer because Plaintiffs demanded it for the *first* time at the final meet and confer.[4]  In any event, Plaintiffs have received the clarification they requested on Request 26 and still have not committed to produce anything, despite Google's repeated requests that they at least begin production on the two identified settings, which Plaintiffs do not dispute are relevant.

---

[1] As Plaintiffs note in passing below, they previously refused to produce any documents in response to the Requests until the Court issued its final written ruling on Requests 1 and 23.  Plaintiffs no longer seem to take this position, and their prior effort to delay on this ground was unjustifiable, as the Court made clear that information on Plaintiffs' settings must be produced, as noted above.

[2] https://adssettings.google.com/authenticated.

[3] https://chrome.google.com/webstore/detail/iba-opt-out-by-google/gbiekjoijknlhijdjbaadobpkdhmoebb?hl=en.

[4] As further context, Plaintiffs were unprepared to discuss the Requests at the first meet and confer, ignored repeated requests to articulate their objections or compromises, and did not assert their position until the Parties' final meet and confer.  While Plaintiffs suggest Google delayed or hindered the Parties' negotiations by offering compromises after the final meet and confer, the delay is of the Plaintiffs' own making.

Similarly, for Requests 27-30, which seek privacy and location settings on Plaintiffs' devices, mobile applications, and web browsers, Google has also already provided the clarification Plaintiffs purport to need. When asked at the final meet and confer, Google reiterated examples of responsive settings it had previously identified for Requests 1 and 23, including the privacy center in an operating system and cookie settings on a web browser. Plaintiffs' claim that Google "refused to provide examples" of relevant settings in the meet and confer process and did so for the first time in this letter is simply false.

Plaintiffs cannot demand that Google go beyond the clarifications it already provided to identify all the *specific* settings that are responsive to Requests 27-30 because these Requests involve *non-*Google settings in *Plaintiffs'* devices. Google does not know each and every setting that may be responsive including because it does not know what devices, applications, or web browsers Plaintiffs use or how they use them. Obtaining that information, which is in Plaintiffs' sole possession, is the purpose of this discovery.

Plaintiffs now say they will "engage in the process of *searching* for . . . data" limited to the exemplar settings Google long-ago provided to them, but they still do not commit to actually *producing* anything and vaguely suggest they still intend to "raise any issues they encounter." More fundamentally, Plaintiffs cannot limit discovery to the settings Google can blindly identify when it is their fundamental obligation to independently determine what settings are responsive to Requests 27-30. Plaintiffs also suggest they need more information on the *Google* settings covered by Requests 26 before they can confer on the scope of the *non-Google* settings covered by Requests 27-30 beyond the exemplars already identified. This proposed sequencing is nonsensical, baseless, and yet another effort to delay.

In sum, the reasons Plaintiffs have given during the meet and confer process and in this letter brief do not justify their delay in producing documents responsive to the Requests. Contrary to Plaintiffs' absurd assertion, these issues are "ripe" for judicial resolution because Plaintiffs refuse to meaningfully engage in the meet and confer process, refuse to independently search for and identify responsive settings, and refuse to commit to producing any responsive documents despite Google's repeated clarifications and compromises. Plaintiffs' ongoing delay tactics not only continue to prejudice Google's defense, but finds them running head on into the impending deadline to substantially complete production, which is less than two months away. Google respectfully requests that the Court compel Plaintiffs to produce information responsive to the Requests without further delay, including (1) producing documents regarding the two settings Google has already identified as responsive to Request 26, (2) conducting an independent determination of the settings responsive to Requests 27-30, not limited to the exemplars identified by Google, *and* producing documents on all responsive settings, and (3) creating snapshots of any changes to the relevant settings.[5]

---

[5] Plaintiffs also made a passing and unsubstantiated reference to burden during the final meet and confer. But any such objection cannot justify withholding documents. *See ODS Techs., L.P. v. Magna Entm't Corp.*, 2008 WL 11343031, at *2 (C.D. Cal. July 31, 2008) (ordering production of screenshots of historical and current versions of defendant's website because defendant failed to substantiate their burden arguments); *Laub v. Horbaczewski*, 2020 WL 9066078, at *4 (N.D. Cal. July 22, 2020) (screenshots are an "easy and free method[] of preserving" ESI). Indeed, this

3

## II.     PLAINTIFF'S POSITION

Plaintiffs have not refused to produce documents responsive to Google's RFP Nos. 26-30. To the contrary, Plaintiffs expressly stated their willingness to produce responsive documents.

During the parties' meet and confers and in follow-up letters, Plaintiffs have only asked for clarification regarding the scope of these requests which rely on definitions that render the requests untenably vague, confusing, and over-broad. Specifically, Plaintiffs asked for examples of the kinds of "settings" Google is seeking, to inform Plaintiffs' search for responsive documents and to allow for a meaningful meet and confer process. But Google refused to provide any example for RFPs 26-30 beyond Google's "ads personalization setting."

On March 3, one week after the final meet and confer, Google finally agreed that with respect to RFP 26—which seeks "Ad Settings" **on Google**— that "<u>Plaintiffs need respond only as to (1) settings that Google identifies, and (2) any additional settings Plaintiffs contend are at issue.</u>" In that letter, Google further asserted that Plaintiffs had "refused" to produce documents responsive to RFPs 27-30 and declared that the parties are at an impasse.

That same day, Plaintiffs responded that they look forward to receiving the list of settings that Google will identify, that this clarification of RFP 26 should go a long way toward clarifying what categories of information Google is seeking with respect to the settings requested in RFPs 27-30, and that Plaintiffs hope to use those categories identified by Google for RFP 26 as a model in searching for responsive documents.

Plaintiffs' letter also made clear that they were not refusing to produce responsive documents and stated that they believe that an ongoing and frank dialogue is the best way to resolve questions concerning scope of production and intend to continue to engage in such discussions in good faith. Plaintiffs also noted that the Court's anticipated Order regarding the first set of RFPs should help the parties to resolve any issues that arise concerning this second set of RFPs.

On March 7, Google stated that they would move forward with the discovery letter brief. To date, Google has not provided Plaintiffs with the promised list of settings responsive to RFP 26.

As Plaintiffs have repeatedly informed Google, Plaintiffs will produce responsive documents to the extent they understand what is meant by "privacy settings" and "location settings." Google's lack of transparency regarding the meaning of these requests has made it impossible to have meaningful discussions regarding the scope of the requests—including, specifically, what information Google is seeking, so that Plaintiffs can discern whether or how it may be produced. Once the promised list of Google settings is provided, Plaintiffs believe the parties will be able to have an informed discussion and hopefully reach agreement on the scope of the remaining setting RFPs. *For the first time*, in its letter, Google seems to indicate that its list for RFP 26 is comprised

---

Court has already refused to credit Plaintiffs' argument that their purported privacy interests in these settings outweigh the relevance of these documents when *Plaintiffs* have *themselves* put the settings directly at issue.  *See, e.g.*, 2/08/22 Tr. at 102:1-103:14.

4

entirely of two items: the "ads personalization setting" and the "ads personalization extension." This is helpful. Google also states (again, for the first time) that RFPs 27-30 seek "settings available in the privacy center of an operating system" and "cookie settings available in web browsers." Plaintiffs do not object to these general categories. Plaintiffs will raise any issues they encounter as they engage in the process of searching for this data. In sum, the parties are not at an impasse and this issue is not ripe for this Court's intervention.

### III.   NECESSITY OF A HEARING.

#### A.   Google's Position

Google respectfully requests the Court convene a hearing to resolve these issues.

#### B.   Plaintiffs' Position

The parties are not at an impasse and this issue is not ripe for Court intervention.

### IV.   DISCOVERY CUT-OFFS

The Parties' deadline to substantially complete their production of documents in advance of class certification is April 21, 2022. The fact discovery cut-off is December 15, 2022, and the close of expert discovery is March 2, 2023.

### V.   COMPLIANCE WITH MEET AND CONFER REQUIREMENT

In compliance with the Court's meet and confer requirements, the Parties met and conferred via Zoom and conducted the final lead counsel meet and confer on February 24, 2022, also via Zoom. On Plaintiffs' side, Brian Danitz, Elizabeth C. Pritzker, David Straite, and Karin Swope attended, among others. On Google's side, Jeff Gutkin, Kyle Wong, and Kelsey Spector attended, among others.

Dated: March 15, 2022 COOLEY LLP

By: */s/ Whitty Somvichian*
  Michael G. Rhodes
  Jeffrey M. Gutkin
  Whitty Somvichian
  Aarti G. Reddy
  Kyle C. Wong
  Kelsey R. Spector
  Anupam S. Dhillon
  Colin S. Scott
  3 Embarcadero Center, 20th floor
  San Francisco, CA  94111-4004
  Tel.:  415-693-2000
  Fax:  415-693-2222
  rhodesmg@cooley.com
  jgutkin@cooley.com
  kspector@cooley.com
  cscott@cooley.com

  Robby L.R. Saldaña
  1299 Pennsylvania Avenue NW
  Suite 700
  Washington, DC   20004-2400
  Tel.:  202-776-2109
  Fax:  202-842-7899
  rsaldana@cooley.com

Attorneys for Defendant
GOOGLE LLC

Dated: March 15, 2022 PRITZKER LEVINE LLP

By: */s/ Elizabeth C. Pritzker*
ELIZABETH C. PRITZKER (SBN 146267)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com

*Interim Class Counsel*

6

| | |
|---|---|
| Dated: March 15, 2022 | DiCELLO LEVITT GUTZLER LLC<br><br>By: */s/ David A. Straite*<br>DAVID A. STRAITE (admitted pro hac vice)<br>One Grand Central Place<br>60 East 42nd Street, Suite 2400<br>New York, NY 10165<br>Tel.: (646) 933-1000<br>dstraite@dicellolevitt.com |
| Dated: March 15, 2022 | BLEICHMAR FONTI & AULD LLP<br><br>By: */s/ Anne K. Davis*<br>ANNE K. DAVIS (SBN 267909)<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>adavis@bfalaw.com |
| Dated: March 15, 2022 | COTCHETT, PITRE & McCARTHY LLP<br><br>By: */s/ Nanci E. Nishimura*<br>NANCI E. NISHIMURA (SBN 152621)<br>BRIAN DANITZ (SBN 247403)<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>Tel.: (650) 697-6000<br>Fax: (650) 697-0577<br>nnishimura@cpmlegal.com<br>bdanitz@cpmlegal.com<br><br>BOTTINI & BOTTINI, INC. |
| Dated: March 15, 2022 | By: */s/ Francis A. Bottini, Jr.*<br>FRANCIS A. BOTTINI, JR. (SBN 175783)<br>YURY A. KOLESNIKOV (SBN 271173)<br>7817 Ivanhoe Avenue, Suite 102<br>La Jolla, CA  92037<br>Tel.: (858) 914-2001<br>Fax: (858) 914-2002<br>fbottini@bottinilaw.com<br>ykolesnikov@bottinilaw.com<br><br>*Counsel for Plaintiffs and the Proposed Class* |

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Whitty Somvichian, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of March, 2022, at San Francisco, California.

*/s/ Whitty Somvichian*
Whitty Somvichian

265135255