# EXHIBIT 1

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No. 191305)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*

**COTCHETT, PITRE & McCARTHY, LLP**
Nanci E. Nishimura (Cal. Bar No. 152621)
840 Malcom Road, Suite 200
Burlingame, CA 94010
Tel.: (650) 697-6000
Fax: (650) 697-0577
*nnishimura@cpmlegal.com*

**DiCELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 E. 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 993-1000
*dstraite@dicellolevitt.com*

**PRITZKER LEVINE LLP**
Elizabeth C. Pritzker (Cal. Bar. No. 146267)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*

**BOTTINI & BOTTINI, INC.**
Francis A. Bottini, Jr. (Cal. Bar No. 175783)
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Tel. (858) 914-2001
Fax: (858) 914-2002
*fbottini@bottinilaw.com*

*Counsel for Plaintiffs*

*[Additional counsel listed on signature page]*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document relates to all actions. | Case No. 5:21-cv-02155-EJD<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT GOOGLE LLC'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO CONSOLIDATED PLAINTIFFS (Nos. 26-31)** |

*In re Google RTB Consumer Privacy Litigation*, Case No. 5:21-cv-02155-EJD
Plaintiffs' Responses and Objections to Defendant's Second Set of Requests for Production of Documents
(Nos. 26-31)

Pursuant to Federal Rules Civil Procedure 26 and 34, Plaintiffs Kimberley Woodruff, Meghan Cornelius, John Kevranian, Salvatore Toronto, Alexander Rowe, Christopher Valencia, Crystal Brown, Gary Garrett, Robina Suwol, Terry Diggs, Tyler Elliot, Rethena Green, Patrick Thompson, Christopher Johnson, Tara Williams, and P.W., a minor, by and through their undersigned counsel,[1] provide Plaintiffs' Responses and Objections to Google LLC's Second Set of Requests for Production of Documents to Consolidated  Plaintiffs (Corrected) (Nos. 26-31), as follows:

## **PRELIMINARY STATEMENT**

1.      Plaintiffs' responses and objections ("Responses") to Google LLC's Second Set of Requests for Production of Documents to Consolidated  Plaintiffs (Corrected) (Nos. 26-31) ("RFPs") are made solely for the purpose of and in relation to *In re Google RTB Consumer Privacy Litigation*, Case No. 5:21-cv-02155-EJD.

2.      The Responses are subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require the exclusion of any information or document or any portion thereof if such information or document were submitted in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

3.      The Responses are based on knowledge, information, and investigation conducted to date. Plaintiffs reserve the right to supplement and amend the Responses if further responsive information becomes available and if mistakes and omissions are discovered.

4.      Plaintiffs object to the Instructions to the extent the Instructions impose or seek to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, the applicable Local Rules and Orders of the Court.

5.      Plaintiffs object to the extent that each RFP, Definition or Instruction related thereto, purports to require responses that reflect proprietary, confidential, or sensitive business or

---

[1] Meaghan Delahunty is not included in the Consolidated Class Action Complaint and is no longer a named plaintiff in this action. Accordingly, Ms. Delahunty will not respond to these RFPs.

*In re Google RTB Consumer Privacy Litigation*, Case No. 5:21-cv-02155-EJD
Plaintiffs' Responses and Objections to Defendant's Second Set of Requests for Production of Documents
(Nos. 26-31)

personal information. Plaintiffs may redact non-relevant confidential, sensitive, or personal information as authorized by Federal Rule of Civil Procedure 5.2 and the ESI protocol.

6.    Plaintiffs object to the extent that an RFP seeks materials protected by the attorney-client privilege, work product doctrine, the common defense doctrine, or any other privilege or immunity.

7.    The Responses have been prepared in compliance with the Federal Rules of Civil Procedure and the Local Rules of this District, pursuant to reasonable and duly diligent search for information properly requested that are in Plaintiffs' current possession, custody, and control.

8.    Plaintiffs object to the definition of "YOU" and "YOUR" insofar as they improperly lump Plaintiffs together as a single entity, seeking to impute knowledge, information, and obligations of one Plaintiff to another. Where appropriate, Plaintiffs will indicate if their response is on an individual basis.

9.    Unless otherwise indicated, Plaintiffs do not interpret the form of individual RFPs to seek disclosure of: (1) correspondence between Plaintiffs and Plaintiffs' attorneys; (2) notes or other work product of Plaintiffs' attorneys; (3) other documents created by or for lawyers; and (4) documents prepared by consulting experts, regardless of whether the documents apply to this or another suit or claim whether made or anticipated. To the extent that these RFPs call for information protected from discovery under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity afforded by federal or state statutory, constitutional, or common law, Plaintiffs object on those grounds. Any disclosure of such privileged or protected material in response to the RFPs is inadvertent and not intended to waive those protections or privileges. To the extent that any such protected information is inadvertently disclosed in response to the RFPs, the disclosure shall not constitute a waiver of Plaintiffs' right to assert the applicability of any privilege or immunity to the information and/or disclosure. Plaintiffs will provide a privilege log setting forth any responsive documents that are being withheld on the basis of privilege.

10.    The Responses do not constitute an admission by Plaintiffs that Plaintiffs agree

- 3 -

*In re Google RTB Consumer Privacy Litigation*, Case No. 5:21-cv-02155-EJD
Plaintiffs' Responses and Objections to Defendant's Second Set of Requests for Production of Documents
(Nos. 26-31)

with Google's characterizations, Definitions, or Instructions contained therein, or that the information sought is relevant to the claim or defense of any party.

11.    Plaintiffs reserve the right to assert additional privileges and objections if warranted.

## **RESPONSES AND OBJECTIONS**

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS sufficient to show any and all of YOUR AD SETTINGS throughout the RELEVANT TIME PERIOD, including any changes made to those settings, when logged into YOUR GOOGLE ACCOUNT(S) and when logged out of YOUR GOOGLE ACCOUNT(S).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiffs incorporate the above Preliminary Statement as though fully set forth herein.

Plaintiffs object to this RFP on the ground that the term "AD SETTINGS" is vague and ambiguous insofar as it calls for "any control or setting available through GOOGLE." Plaintiffs object to this RFP as overbroad and unduly burdensome, seeking discovery that is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The RFP demands "All DOCUMENTS sufficient to show . . . all . . . AD SETTINGS" since March 26, 2017. Demanding all of a consumer's settings, on all of his/her devices, over a period of more than five-and-a-half years is unreasonable. Additionally, Plaintiffs' AD SETTINGS are not relevant to the claims or defenses in this action which concern Google sharing and selling Plaintiffs' personal information.

Plaintiffs further object to the extent the RFP seeks facts and information which Google is in a better position to know and has access to, and which Google has yet to disclose to Plaintiffs through discovery. Plaintiffs also object insofar as the RFP seeks premature disclosure of expert testimony and evidence. Plaintiffs will disclose experts in accordance with the Federal Rules of

- 4 -

*In re Google RTB Consumer Privacy Litigation*, Case No. 5:21-cv-02155-EJD
Plaintiffs' Responses and Objections to Defendant's Second Set of Requests for Production of Documents
(Nos. 26-31)

Civil Procedure, the Local Rules of this District, and the Orders of this Court.

Subject to and without waiving the foregoing, Plaintiffs respond as follows:

Plaintiffs agree to meet and confer regarding the meaning, scope and relevance of this RFP.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS sufficient to show each of the PRIVACY SETTINGS and LOCATION SETTINGS in the operating system of each device YOU have used to access the internet, including any changes made to those settings throughout the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiffs incorporate the above Preliminary Statement as though fully set forth herein.

Plaintiffs object to this RFP on the ground that the phrase "PRIVACY SETTINGS" is vague, ambiguous, unduly burdensome and unintelligible due to its incorporation of the term "COOKIES." "COOKIES" is defined as "a small piece of text sent to YOUR web browser by a website YOU visit," which is unduly burdensome and unintelligible as a website sends innumerable different "small piece[s] of text[s]" to web browsers."

Plaintiffs object on the ground that the undefined phrases "operating system" and "in the operating system" are vague and ambiguous. Plaintiffs further object to the RFP on the ground that the parties have agreed to a preservation protocol limited to four types of devices (each Plaintiff's laptops, desktops, tablets and smartphones) and the undefined term "devices" appears to encompass an unlimited number of other devices.

Plaintiffs object to this RFP as overbroad and unduly burdensome, seeking discovery that is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The RFP demands "All DOCUMENTS sufficient to show" "PRIVACY SETTINGS" and "LOCATION SETTINGS," both of which include "any control or setting available on any device, browser, mobile application, program, operating system, software program, and/or website that is

- 5 -

*In re Google RTB Consumer Privacy Litigation*, Case No. 5:21-cv-02155-EJD
Plaintiffs' Responses and Objections to Defendant's Second Set of Requests for Production of Documents
(Nos. 26-31)

related to what and how the DATA AT ISSUE is collected, stored, tracked, shared, used and/or sold." since March 26, 2017. Demanding all of a consumer's settings on all devices, operating systems, programs and applications over a period of more than five-and-a-half years is unreasonable. Additionally, Plaintiffs' PRIVACY SETTTINGS and LOCATION SETTINGS are not relevant to the claims or defenses in this action which concern Google sharing and selling Plaintiffs' personal information.

Plaintiffs object to the extent the RFP seeks facts and information which Google is in a better position to know and has access to, and which Google has yet to disclose to Plaintiffs through discovery. Plaintiffs object to the RFP on the ground that it seeks discovery that is not in Plaintiffs' possession, custody and control but rather in the possession of third parties. Plaintiffs do not have personal knowledge regarding what information is collected or utilized by third party applications. Plaintiffs also object insofar as the RFP seeks premature disclosure of expert testimony and evidence. Plaintiffs will disclose experts in accordance with the Federal Rules of Civil Procedure, the Local Rules of this District, and the Orders of this Court.

Subject to and without waiving the foregoing, Plaintiffs respond as follows:

Plaintiffs agree to meet and confer regarding the meaning, scope and relevance of this RFP.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS sufficient to show the PRIVACY SETTINGS and LOCATION SETTINGS for any mobile application installed on any of YOUR mobile devices throughout the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiffs incorporate the above Preliminary Statement as though fully set forth herein.

Plaintiffs object to this RFP on the ground that the phrase "PRIVACY SETTINGS" is vague, ambiguous, unduly burdensome and unintelligible due to its incorporation of the term "COOKIES." "COOKIES" is defined as "a small piece of text sent to YOUR web browser by a website YOU visit," which is unduly burdensome and unintelligible as a website sends innumerable different "small piece[s] of text[s]" to web browsers."

*In re Google RTB Consumer Privacy Litigation*, Case No. 5:21-cv-02155-EJD
Plaintiffs' Responses and Objections to Defendant's Second Set of Requests for Production of Documents
(Nos. 26-31)

Plaintiffs object to the undefined term "mobile application" as vague and overbroad. For purposes of this RFP, Plaintiffs interpret "application" to mean any software on a mobile device that is not the operating system.

Plaintiffs object to this RFP as overbroad and unduly burdensome, seeking discovery that is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The RFP demands "All DOCUMENTS sufficient to show" "PRIVACY SETTINGS" and "LOCATION SETTINGS," both of which include "any control or setting available on any device, browser, mobile application, program, operating system, software program, and/or website that is related to what and how the DATA AT ISSUE is collected, stored, tracked, shared, used and/or sold." since March 26, 2017. Demanding all of a consumer's settings on all devices, operating systems, programs and applications over a period of more than five-and-a-half years is unreasonable. Additionally, Plaintiffs' PRIVACY SETTTINGS and LOCATION SETTINGS are not relevant to the claims or defenses in this action which concern Google sharing and selling Plaintiffs' personal information.

Plaintiffs further object to the extent the RFP seeks facts and information which Google is in a better position to know and has access to, and which Google has yet to disclose to Plaintiffs through discovery. Plaintiffs object to the RFP on the ground that it seeks discovery that is not in Plaintiffs' possession, custody and control but rather in the possession of third parties. Plaintiffs do not have personal knowledge regarding what information is collected or utilized by third party applications. Plaintiffs also object insofar as the RFP seeks premature disclosure of expert testimony and evidence. Plaintiffs will disclose experts in accordance with the Federal Rules of Civil Procedure, the Local Rules of this District, and the Orders of this Court.

Plaintiffs' object as the RFP is harassing, oppressive, and designed to intimidate and dissuade Plaintiffs and any other potential class representatives from standing up for their own

*In re Google RTB Consumer Privacy Litigation*, Case No. 5:21-cv-02155-EJD
Plaintiffs' Responses and Objections to Defendant's Second Set of Requests for Production of Documents
(Nos. 26-31)

privacy rights and the privacy rights of millions of similarly situated consumers. Google seeks identification of web pages, websites and mobile applications. In effect, Google seeks user's confidential and sensitive browsing history, which is subject to heightened protections. *Riley v. California*, 573 U.S. 373, 397 (2014) (cautioning that a user's browsing history "could reveal an individual's private interests or concerns."). Likewise, disclosure of mobile applications has been recognized as problematic. *Id*. at 396 (2014) (noting "[t]he average smart phone user has installed 33 apps, which together can form a revealing montage of the user's life"). Given the privacy interests at stake, Plaintiffs object to Google's overbroad and burdensome Interrogatory

Subject to and without waiving the foregoing, Plaintiffs respond as follows:

Plaintiffs agree to meet and confer regarding the meaning, scope and relevance of this RFP.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS sufficient to show the PRIVACY SETTINGS and LOCATION SETTINGS for any web browser, including but not limited to Chrome, Safari, or Internet Explorer, installed on any device YOU have used to access the internet at the time this Request was served.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiffs incorporate the above Preliminary Statement as though fully set forth herein.

Plaintiffs object to this RFP on the ground that the phrase "PRIVACY SETTINGS" is vague, ambiguous, unduly burdensome and unintelligible due to its incorporation of the term "COOKIES." "COOKIES" is defined as "a small piece of text sent to YOUR web browser by a website YOU visit," which is unduly burdensome and unintelligible as a website sends innumerable different "small piece[s] of text[s]" to web browsers."

Plaintiffs object to the RFP on the ground that the parties have agreed to a preservation protocol limited to four types of devices (each Plaintiff's laptops, desktops, tablets and smartphones) and the undefined term "any device" appears to encompass an unlimited number of other devices.

Plaintiffs object to this RFP as overbroad and unduly burdensome, seeking discovery that is not relevant to any party's claim or defense and proportional to the needs of the case, considering

- 8 -

*In re Google RTB Consumer Privacy Litigation*, Case No. 5:21-cv-02155-EJD
Plaintiffs' Responses and Objections to Defendant's Second Set of Requests for Production of Documents
(Nos. 26-31)

the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  The RFP demands "All DOCUMENTS sufficient to show" "PRIVACY SETTINGS" and "LOCATION SETTINGS," both of which include "any control or setting available on any device, browser, mobile application, program, operating system, software program, and/or website that is related to what and how the DATA AT ISSUE is collected, stored, tracked, shared, used and/or sold."  since March 26, 2017.  Demanding all of a consumer's settings on all devices, operating systems, programs and applications over a period of more than five-and-a-half years is unreasonable.  Additionally, Plaintiffs' PRIVACY SETTTINGS and LOCATION SETTINGS are not relevant to the claims or defenses in this action which concern Google sharing and selling Plaintiffs' personal information.

Plaintiffs further object to the extent the RFP seeks facts and information which Google is in a better position to know and has access to, and which Google has yet to disclose to Plaintiffs through discovery. Plaintiffs object to the RFP on the ground that it seeks discovery that is not in Plaintiffs' possession, custody and control but rather in the possession of third parties. Plaintiffs do not have personal knowledge regarding what information is collected or utilized by third party applications. Plaintiffs also object insofar as the RFP seeks premature disclosure of expert testimony and evidence. Plaintiffs will disclose experts in accordance with the Federal Rules of Civil Procedure, the Local Rules of this District, and the Orders of this Court.

Plaintiffs' object as the RFP is harassing, oppressive, and designed to intimidate and dissuade Plaintiffs and any other potential class representatives from standing up for their own privacy rights and the privacy rights of millions of similarly situated consumers. Google seeks identification of web pages, websites and mobile applications. In effect, Google seeks user's confidential and sensitive browsing history, which is subject to heightened protections. *Riley v. California*, 573 U.S. 373, 397 (2014) (cautioning that a user's browsing history "could reveal an individual's private interests or concerns."). Likewise, disclosure of mobile applications has been

*In re Google RTB Consumer Privacy Litigation*, Case No. 5:21-cv-02155-EJD
Plaintiffs' Responses and Objections to Defendant's Second Set of Requests for Production of Documents
(Nos. 26-31)

recognized as problematic. *Id*. at 396 (2014) (noting "[t]he average smart phone user has installed 33 apps, which together can form a revealing montage of the user's life"). Given the privacy interests at stake, Plaintiffs object to Google's overbroad and burdensome Interrogatory.

Subject to and without waiving the foregoing, Plaintiffs respond as follows:

Plaintiffs agree to meet and confer regarding the meaning, scope and relevance of this RFP.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS sufficient to show any changes to the PRIVACY SETTINGS and LOCATION SETTINGS for any web browser, including but not limited to Chrome, Safari, or Internet Explorer on any device YOU have used to access the internet since the time that this Request was served.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiffs incorporate the above Preliminary Statement as though fully set forth herein.

Plaintiffs object to this RFP on the ground that the phrase "PRIVACY SETTINGS" is vague, ambiguous, unduly burdensome and unintelligible due to its incorporation of the term "COOKIES." "COOKIES" is defined as "a small piece of text sent to YOUR web browser by a website YOU visit," which is unduly burdensome and unintelligible as a website sends innumerable different "small piece[s] of text[s]" to web browsers."

Plaintiffs object to the RFP on the ground that the parties have agreed to a preservation protocol limited to four types of devices (each Plaintiff's laptops, desktops, tablets and smartphones) and the undefined term "any device" appears to encompass an unlimited number of other devices.

Plaintiffs object to this RFP as overbroad and unduly burdensome, seeking discovery that is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  The RFP demands "All DOCUMENTS sufficient to show changes to" "PRIVACY

- 10 -

*In re Google RTB Consumer Privacy Litigation*, Case No. 5:21-cv-02155-EJD
Plaintiffs' Responses and Objections to Defendant's Second Set of Requests for Production of Documents
(Nos. 26-31)

SETTINGS" and "LOCATION SETTINGS," both of which include "any control or setting available on any device, browser, mobile application, program, operating system, software program, and/or website that is related to what and how the DATA AT ISSUE is collected, stored, tracked, shared, used and/or sold," on "any device YOU have used to access the internet." Demanding all of a consumer's settings on all such devices, operating systems, programs and applications over a period of more than five-and-a-half years is unreasonable. Additionally, Plaintiffs' PRIVACY SETTTINGS and LOCATION SETTINGS are not relevant to the claims or defenses in this action which concern Google sharing and selling Plaintiffs' personal information.

Plaintiffs further object to the extent the RFP seeks facts and information which Google is in a better position to know and has access to, and which Google has yet to disclose to Plaintiffs through discovery. Plaintiffs object to the RFP on the ground that it seeks discovery that is not in Plaintiffs' possession, custody and control but rather in the possession of third parties. Plaintiffs do not have personal knowledge regarding what information is collected or utilized by third party applications. Plaintiffs also object insofar as the RFP seeks premature disclosure of expert testimony and evidence. Plaintiffs will disclose experts in accordance with the Federal Rules of Civil Procedure, the Local Rules of this District, and the Orders of this Court.

Plaintiffs' object as the RFP is harassing, oppressive, and designed to intimidate and dissuade Plaintiffs and any other potential class representatives from standing up for their own privacy rights and the privacy rights of millions of similarly situated consumers. Google seeks identification of web pages, websites and mobile applications. In effect, Google seeks user's confidential and sensitive browsing history, which is subject to heightened protections. *Riley v. California*, 573 U.S. 373, 397 (2014) (cautioning that a user's browsing history "could reveal an individual's private interests or concerns."). Likewise, disclosure of mobile applications has been recognized as problematic. *Id*. at 396 (2014) (noting "[t]he average smart phone user has installed 33 apps, which together can form a revealing montage of the user's life"). Given the privacy interests at stake, Plaintiffs object to Google's overbroad and burdensome Interrogatory.

Subject to and without waiving the foregoing, Plaintiffs respond as follows:

- 11 -

*In re Google RTB Consumer Privacy Litigation*, Case No. 5:21-cv-02155-EJD
Plaintiffs' Responses and Objections to Defendant's Second Set of Requests for Production of Documents
(Nos. 26-31)

1    Plaintiffs agree to meet and confer regarding the meaning, scope and relevance of this RFP.

2    **REQUEST FOR PRODUCTION NO. 31:**

3    All DOCUMENTS sufficient to show how YOU respond to CCPA DISCLOSURES,

4    including but not limited to, the selection YOU make on which COOKIES YOU allow on any of

5    YOUR devices and/or browsers during the RELEVANT TIME PERIOD.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

7    Plaintiffs incorporate the above Preliminary Statement as though fully set forth herein.

8    Plaintiffs object on the ground that the Request is vague and ambiguous in its demand for

9    how Plaintiffs "respond" to disclosures under California Consumer Privacy Act, Cal. Civ. Code §

10    1798.100, et.  Plaintiffs further object to the RFP as overly broad, unduly burdensome and not

11    proportional to the needs of the case in that it demands "All DOCUMENTS sufficient to show"

12    how Plaintiffs "respond to CCPA DISCLOSURES" without any limitations.  Demanding all of

13    Plaintiffs' "responses" to each and every "CCPA DISCLOSURE" during a five year period is

14    unreasonable.

15    Plaintiffs object to this RFP on the ground that the term "COOKIES," defined as "a small

16    piece of text sent to YOUR web browser by a website YOU visit," is unduly burdensome and

17    unintelligible as websites send innumerable different "small piece[s] of text[s]" to web browsers.

18    Plaintiffs object to this RFP as overbroad and unduly burdensome, seeking discovery that

19    is not relevant to any party's claim or defense and proportional to the needs of the case, considering

20    the importance of the issues at stake in the action, the amount in controversy, the parties' relative

21    access to relevant information, the parties' resources, the importance of the discovery in resolving

22    the issues, and whether the burden or expense of the proposed discovery outweighs its likely

23    benefit. Plaintiffs' "responses" to CCPA DISCLOSURES are not relevant to the claims or defenses

24    in this action which concern Google sharing and selling Plaintiffs' personal information.

25    Plaintiffs further object to the extent the RFP seeks facts and information which Google is

26    in a better position to know and has access to, and which Google has yet to disclose to Plaintiffs

27    through discovery. Plaintiffs object to the RFP on the ground that it seeks discovery that is not in

28

*In re Google RTB Consumer Privacy Litigation*, Case No. 5:21-cv-02155-EJD
Plaintiffs' Responses and Objections to Defendant's Second Set of Requests for Production of Documents
(Nos. 26-31)

1    Plaintiffs' possession, custody and control but rather in the possession of third parties. Plaintiffs

2    do not have personal knowledge regarding what information is collected or utilized by third party

3    applications. Plaintiffs also object insofar as the RFP seeks premature disclosure of expert

4    testimony and evidence. Plaintiffs will disclose experts in accordance with the Federal Rules of

5    Civil Procedure, the Local Rules of this District, and the Orders of this Court.

6         Subject to the forgoing, Plaintiffs respond as follows:

7         Plaintiffs agree to meet and confer regarding the meaning, scope and relevance of this RFP.

8

9    Dated: January 19, 2022

10

**PRITZKER LEVINE LLP**

11

By:     */s/ Elizabeth C. Pritzker*

12   Elizabeth C. Pritzker (Cal. Bar. No. 146267)
     Johnathan K. Levine (Cal. Bar. No. 220289)

13   Bethany Caracuzzo (Cal. Bar. No. 190687)
     1900 Powell Street, Suite 450

14   Emeryville, CA 4608
     Tel.: (415) 692-0772

15   Fax: (415) 366-6110
     *ecp@pritzkerlevine.com*

16   *jkl@pritzkerlevine.com*
     *bc@pritzkerlevine.com*

17

***Interim Class Counsel***

18

**COTCHETT, PITRE & MCCARTHY, LLP**

19

By:     */s/ Brian Danitz*

20   Nanci E. Nishimura (Cal. Bar. No. 152621)
     Brian Danitz (Cal. Bar. No. 247403)

21   Karin B. Swope (admitted *pro hac vice*)
     840 Malcolm Road, Suite 200

22   Burlingame, CA 94010
     Tel.: (650) 697-6000

23   Fax: (650) 697-0577
     *nnishimura@cpmlegal.com*

24   *bdanitz@cpmlegal.com*
     *kswope@cpmlegal.com*

25

**DICELLO LEVITT GUTZLER LLC**

26

27   By:     */s/ David Straite*
     David A. Straite (admitted *pro hac vice*)

28

**BLEICHMAR FONTI & AULD LLP**

By:     */s/ Lesley Weaver*
Lesley Weaver (Cal. Bar. No. 191305)
Anne K. Davis (Cal. Bar No. 267909)
Joshua D. Samra (Cal. Bar. No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*adavis@bfalaw.com*
*jsamra@bfalaw.com*

**SIMMONS HANLY CONROY LLC**

By:     */s/ Jay Barnes*
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (*pro hac vice* to be sought)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*

**BOTTINI & BOTTINI, INC.**

By:     */s/ Frank Bottini*
Francis A. Bottini, Jr. (Cal. Bar. No. 175783)

*In re Google RTB Consumer Privacy Litigation*, Case No. 5:21-cv-02155-EJD
Plaintiffs' Responses and Objections to Defendant's Second Set of Requests for Production of Documents
(Nos. 26-31)

One Grand Central Place
60 E. 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 993-1000
*dstraite@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
Adam Levitt (admitted *pro hac vice*)
James Ulwick (admitted *pro hac vice*)
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*
*alevitt@dicellolevitt.com*
*julwick@dicellolevitt.com*

Albert Y. Chang (Cal. Bar No. 296065)
Anne Beste (Cal. Bar No. 326881)
Yury A. Kolesnikov (Cal. Bar No. 271173)
Nicholaus Woltering (Cal. Bar No. 337193)
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Tel.: (858) 914-2001
Fax: (858) 914-2002
*fbottini@bottinilaw.com*
*achang@bottinilaw.com*
*abeste@bottinilaw.com*
*ykolesnikov@bottinilaw.com*
*nwoltering@bottinilaw.com*

***Counsel for Plaintiffs and the Proposed Class***

- 14 -

*In re Google RTB Consumer Privacy Litigation*, Case No. 5:21-cv-02155-EJD
Plaintiffs' Responses and Objections to Defendant's Second Set of Requests for Production of Documents
(Nos. 26-31)

1

## CERTIFICATE OF SERVICE

2       I, Julie Law, hereby certify that on January 19, 2022 that I caused a true and correct copy

3   of the foregoing to be sent via electronic mail to the following counsel of record:

4   **COOLEY LLP**
    Michael G. Rhodes
5   *rhodesmg@cooley.com*
    Jeffrey M. Gutkin
6   *jgutkin@cooley.com*
    Aarti Reddy
7   *areddy@cooley.com*
    Kyle Wong
8   *kwong@cooley.com*
    Kelsey R. Spector
9   *kspector@cooley.com*
    Colin S. Scott
10  *cscott@cooley.com*
    3 Embarcadero Center, 20th Floor
11  San Francisco, CA 95111-4004
    Tel: (415) 693-2000
12  Fax: (415) 693-2222

13  Robby L.R. Saldaña
    *rsaldana@cooley.com*
14  1299 Pennsylvania Ave., NW, Suite 700
    Washington, DC 20004-2400
15  Tel: (202) 776-2109
    Fax: (202) 842-7899
16
    *Counsel for Defendant Google LLC*
17

18                                              */s/  Julie Law*
                                                Julie Law
19                                              **BLEICHMAR FONTI & AULD LLP**

20

21

22

23

24

25

26

27

28

*In re Google RTB Consumer Privacy Litigation*, Case No. 5:21-cv-02155-EJD
Plaintiffs' Responses and Objections to Defendant's Second Set of Requests for Production of Documents
(Nos. 26-31)