March 29, 2022

Magistrate Virginia K. DeMarchi
San Jose Courthouse, Courtroom 2-5th Floor
280 South 1st Street, San Jose, CA 95113

      Re:    *In re Google RTB Consumer Privacy Litigation*, No. 21-cv-02155

Dear Magistrate Judge DeMarchi:

Plaintiffs and Defendant Google LLC ("Google") submit this joint letter brief regarding the Parties' draft Stipulated Order re: Federal Rule of Evidence 502(d) ("502(d) Stipulation"). Having met and conferred, most recently on March 15, 2022, the Parties have identified a dispute for the Court's consideration: whether the Parties can use the content of a document clawed back as privileged to challenge the privilege assertion.

**Exhibit A** is the Parties' draft 502(d) Stipulation, reflecting the agreed terms and disputed terms.

- The agreed terms appear in **black** text.

- Google's proposals that Plaintiffs dispute appear in <span style="color:red">**red**</span> text.

- Plaintiffs' proposals that Google disputes appear in <span style="color:blue">**blue**</span> text.

Google requests that the black terms with the red additions be entered and Plaintiffs request that the black terms with the blue addition be entered. **Exhibit B** reflects Google's proposed version of the proposed order. **Exhibit C** reflects Plaintiffs' proposed version of the proposed order.

## I.   GOOGLE'S POSITION

Rule 502's fundamental purpose is to reduce the risk of prejudice from the inadvertent production of privileged materials. *See* Fed. R. Evid. 502 (Advisory Comm. Explanatory Note, Rev. Nov. 28, 2007) (rule responds to the reality that costs of protecting against privilege waivers "have become prohibitive"). While the Parties have largely agreed on and been operating under a 502(d) Stipulation, they disagree and have ***never operated under*** one disputed provision—whether a party may use the content of inadvertently produced privileged material subject to a clawback (a "Protected Document") in briefing and argument challenging the assertion of privilege.

Rule 26(b)(5)(B) prohibits using Protected Documents to challenge a privilege assertion. After notice of an inadvertent production, the receiving party "must promptly return, sequester, or destroy the specified information and any copies it has [and] ***must not use or disclose the information until the claim is resolved*.**" *Id.* (emphasis added). Plaintiffs, however, demand that the stipulation include a term ***directly contravening*** the Rule: "[e]ach party ***may use*** [Protected Material] solely in briefing or argument submitted in connection with any challenge to a Clawback Notice." (*See* Ex. A at ¶ 3.B.ii (emphasis added).) It is equally clear that Plaintiffs' reliance on the clause in Rule 26(b)(5)(B) that permits "present[ing] the information to the court under seal" is misplaced. That only allows a party to seek *in camera* review, which the agreed stipulation

already permits. *Id.*; (Ex. A at ¶ 3.B.ii). Reading this clause to authorize **use** of the document to challenge privilege would make the Rule internally inconsistent, as it expressly forbids "use" and requires return, sequestration, or destruction.[1]

Plaintiffs' demand also ignores this Court's directly on-point ruling in *Klein v. Facebook, Inc.*, holding that a party cannot use a Protected Document in a privilege dispute because such practice "deviate[s] from what Rule 26(b)(5) provides." 2021 U.S. Dist. LEXIS 105516, at *17 (N.D. Cal. June 3, 2021) (DeMarchi, J.). In *Klein*, plaintiffs sought to add to a 502(d) stipulation the right "to use the Protected Document to challenge a privilege claim," but this Court held that "Rule 26(b)(5) does not permit the use Plaintiffs contemplate." *Id.* Thus, faced with **the very disagreement** that Plaintiffs insist on briefing here, this Court refused to grant the right Plaintiffs seek. *Id.* at *19.

In meet and confer, Plaintiffs asserted that *Klein* was unclear or wrongly decided and Plaintiffs below argue that "[t]he court can only fulfill [its] responsibility with the benefit of advocacy and argument [from] the party opposing the Clawback Notice." Pointing to an out-of-circuit decision (*U.S. Home*), Plaintiffs also argue that the *Klein* ruling was "illogical." Not so. This Court found that Rule 26(b)(5) precludes Plaintiffs' proposed provision.

Plaintiffs next point to the 502(d) stipulation that was entered in the **separate and different case** *Calhoun v. Google,* **before this Court's decision in *Klein***, to contend that Google must be compelled to accept Plaintiffs' language here. But Plaintiffs' demand to tie Google's hands is supported by neither principle nor precedent. Moreover, the conduct of the *Calhoun* plaintiffs (represented by many overlapping counsel) verifies the danger of Plaintiffs' proposal. There, plaintiffs recently briefed a claw back dispute, on which Google prevailed, by publicly quoting privileged attorney communications. *Calhoun v. Google*, Dkt. Nos. 589, 592.

Plaintiffs' view that Google has been operating under their proposed provision and is now seeking to "remove" it is also baseless. Google has objected to Plaintiffs' proposed provision since the outset of the 502(d) discussion, and explicitly, in writing, refused to operate under it for any purpose. The Parties did not complete this negotiation, and Plaintiffs apparently forgot about the stipulation until Google re-raised the need to finalize it when custodial production was beginning.

Further, *Klein* is also consistent with how other district courts address the permissible use of Protected Documents in privilege disputes. For example, in *Natural Alternatives International, Inc. v. Hi-Tech Pharmaceuticals, Inc.*, the court-ordered ESI protocol stated, "[t]he receiving party must not use ESI that the producing party asserts is attorney-client privileged or work product protected **to challenge the privilege or protection**." 2017 WL 3668738, at *2 (N.D. Cal. May 8, 2017) (emphasis added). Likewise, in *AdTrader, Inc., v. Google LLC*, this Court entered a protective order that, as Google requests here, included "a restriction against presenting [Protected

---

[1] Plaintiffs' cursory reference to the unfounded and unadjudicated accusations by the DOJ in *U.S. v. Google, LLC*, No. 1:20-cv-03010-APM, Dkt. No. 326-1 (D.D.C. Mar. 21, 2022) is irrelevant. The accusations are inaccurate and Google strongly disputes them. *Id.* Dkt. No. 328. Indeed, Judge Van Keulen ruled **yesterday** in *Calhoun* regarding these DOJ claims, "[a]llegations in an unrelated action pertaining to unrelated documents are not [relevant to assessing a privilege dispute]." *Calhoun v. Google*, Dkt. No. 592 at 1.

Material] to the Court for a determination of the claim." No. 5:17-cv-07082 (BLF), Dkt. No. 66 at 17 (N.D. Cal. July 30, 2018). Similar orders require the return or destruction of protected material and forbid its use, without any allowance for the use Plaintiffs seek. *See, e.g.*, *Vargas v. Residence Inn*, 2021 WL 5140910, at *7 (C.D. Cal. Nov. 3, 2021) (after notice of inadvertent production, party "must not use or disclose the material until the claim is resolved"); *FDIC v. Appleton*, 2011 U.S. Dist. LEXIS 69140, at *17 (C.D. Cal. June 28, 2011) (same); *Kandel v. Brother Int'l Corp.*, 683 F.Supp.2d 1076, 1080 (C.D. Cal. 2010) (same).

The other cases Plaintiffs cite also do not support their arguments, and instead only arise in the unique context where the Protected Material had been ***previously filed***. In *AdTrader*, for example, this Court did not disagree with or alter the protective order it entered, but rather analyzed whether Google waived privilege over a document that appeared in court filings several months before the privilege assertion. *See AdTrader, Inc. v. Google LLC*, 405 F.Supp.3d 862, 864, 866 (N.D. Cal. 2019). That particularized scenario has no relevance here. Similarly, the Protected Material was discussed in a discovery dispute letter and court hearing before the clawback in *Doe 1 v. McAleenan.*, 2019 WL 4963196, at * 2–3 (N.D. Cal. Oct. 8, 2019), and discussed in two separate pre-clawback hearings in *Oracle Am., Inc. v. Google, Inc*., 2011 WL 3794892, at *1 (N.D. Cal. 2011). These decisions are irrelevant to the 502(d) order here, which concerns the appropriate default clawback procedures that the Parties must follow.[2]

Nor does the Advisory Committee Note to Rule 26 justify Plaintiffs' proposed term. The Note only provides that a party "may use the content of the information ***only to the extent permitted by . . . professional responsibility***." Fed. R. Civ. P. 26, 2006 Advisory Comm. Notes (emphasis added). But "***attorneys practicing in California have an ethical duty to avoid reviewing or using obviously privileged or protected material*** received in discovery where it appears the material was produced inadvertently." *Barajas v. Abbott Lab'ys., Inc.*, 2018 WL 4231937, at *4 (N.D. Cal. Sept. 6, 2018) (DeMarchi, J.) (emphasis added); *see also Rico v. Mitsubishi Motors Corp.*, 42 Cal. 4th 807, 817–18 (2007) (affirming the ethical duties for attorneys set forth in *State Comp. Ins. Fund v. WPS, Inc.*, 70 Cal.App.4th 644 (1999)). This duty protects clients from the risk that their lawyers' mistakes might allow an adversary "to abuse and disseminate the information with impunity." *State Fund*, 70 Cal.App.4th at 657. "[T]his duty exists independently of any agreement between the parties." *Barajas*, 2018 WL 4231937, at *4. Thus, a lawyer cannot review documents inadvertently produced "any more than is essential to ascertain if the materials are privileged." *State Fund*, 70 Cal.App.4th at 656. Because this obligation applies even before an opponent makes an inadvertent production claim, it applies with even greater force after the opponent makes such a claim.[3]

Finally, to ensure clarity, the 502(d) stipulation should be explicit that the obligation to "sequester" any documents identified as inadvertently produced includes an obligation to "not review" those

---

[2] Applying an ***agreed-upon term*** in *Georgia-Pacific LLC v. OfficeMax Inc* is likewise irrelevant. 2014 WL 943498, at * 3 (N.D. Cal. 2014).

[3] Cases following inapplicable New York ethical standards get Plaintiffs nowhere. *See In re Keurig Green Mountain Single Serve Coffee Antitrust Litig.*, 2019 WL 2003959, at *3 (S.D.N.Y. May 7, 2019) (New York City bar association found no ethical bar on using information); *Stinson v. City of New York*, 2014 WL 5090031, at *4 n.1 (S.D.N.Y. Oct. 10, 2014) (same).

documents until the privilege dispute is resolved.  (*See* Ex. B ¶¶ 3.B.i, 4.A.)  Additionally, the order should impose "a restriction against presenting the [inadvertently produced] information to the Court for a determination of the claim."  (*See* Ex. B ¶ 3.B.i.)  This language confirms that Plaintiffs cannot use the clawed back material in briefing or argument challenging the privilege.

Google respectfully requests that the Court reject Plaintiffs' proposed term and order the Parties to proceed with the 502(d) Stipulation containing the Parties' agreed terms, and Google's clarifying language forbidding the use by the Parties of the content of a Protected Document in a privilege dispute.

## II.    PLAINTIFFS' POSITION

Plaintiffs first circulated a proposed Rule 502(d) stipulation to Google on July 1, 2021—***9 months ago***. As proposed, and now, the stipulation contains the provisions in Section 3, including 3.B.ii., which provides for *in camera* review and party-briefing on any challenge to a privilege assertion made in a Clawback Notice.

Critically, **these are the very same provisions that Google stipulated to a year ago and that govern** in the related *Calhoun v. Google LLC* action, 20-cv-05146-YGR. *Calhoun*, Dkt. No. 103, filed Feb. 8, 2021, ¶ 3.B.ii., at p.2.

Now, as the parties in *Google RTB* near their April 21, 2022 substantial production deadline, Google seeks to **remove** that portion of Section 3.B.ii which allows each party to use the content of a clawed-back document to argue whether the privilege in fact exists.  Google claims that a June 3, 2021 Order issued by your Honor in *Klein v. Facebook, Inc.*, 20-cv-08570-LHK-VKD, forecloses Plaintiffs' ability to brief privilege assertions in this manner.  Google apparently reads *Klein* as preventing an informed briefing process here.

Google is wrong, for several reasons.

Rule 502(d), while important, has a limited purpose: to permit a federal court to order that a privilege is not waived by disclosure connected with litigation pending before the court. Rule 502(b) states that disclosure of information protected under an applicable legal privilege will not constitute a waiver if: "(1) the disclosure is inadvertent; (2) the holder of the privilege…took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)."  *Id.* Rule 26(b)(5)(B) provides that "[a]fter being notified [of a privilege claim], a party must promptly return, sequester, or destroy the specified information…; must not use or disclose the information until the claim is resolved…; **and may promptly present the information to the court under seal for a determination of the claim**.").  *Id* (emphasis added).

Google reads *Klein* to suggest that your Honor interprets Rule 26 to prevent  a party from using a clawed-back document to brief a privilege challenge. But, as one District Court has observed: "It would be wholly illogical to read Rule 26(b)(5)(B) as prohibiting the use of documents 'subject to a claim of privilege' when resolving that very claim of privilege." *U.S. Home Corp. v. Settlers Crossing, LLC*, DKC 08-1863, 2012 WL 5193835, at *5 (D. Md. Oct. 18, 2012). The Advisory

Committee Notes to Rule 26 are plain that a party "**may** use the content of the information only to the extent permitted by the applicable law of privilege, protection for trial-preparation material, and professional responsibility." 2006 Advisory Committee Notes to Rule 26 (emphasis added).

Privilege claims are almost always content specific. To determine whether a privilege exists, or whether it has been lost through disclosure, circumstance, conduct or other action by the party seeking to claw it back, a court generally must look to the information's content, how and to whom that information has been communicated, and whether the information or its content has been disclosed elsewhere or carelessly, among other factors.

For this reason, courts routinely permit a receiving party to use a purportedly-protected document in any briefing challenge to a Clawback Notice, to allow for a fair judicial determination of any privilege or protection claim being asserted.[4] *See In re Keurig Green Mountain Single Serve Coffee Antitrust Litig.*, 14-md-2542 (VSB) (HPB),  2019 WL 2003959 at * 3 (S.D.N.Y. May 7, 2019) ("Because no law or rule of professional responsibility prohibits a party from using inadvertently produced material to challenge the assertion of a privilege or other protection, **it appears that the Federal Rules of Civil Procedure permit a party that receives an inadvertently produced privileged document to use the content of that document to challenge the assertion of privilege**. Accordingly, … **a party that receives, through inadvertence, a document or other information which the adverse party asserts is privileged, may, pending a determination of the claim of privilege, use the content of that document or information for the limited purpose of challenging the assertion of privilege**…" (emphasis added));[5] *Stinson v. City of New York*, 10 Civ. 4228, 2014 WL 5090031 at *4 (S.D.N.Y. Oct. 10, 2014) ("**Plaintiffs may rely on any information learned prior to notification of the inadvertent disclosure for the purposes of litigating the privilege claim**." (emphasis added)); *Georgia-Pacific LLC v. OfficeMax Inc*, C 12-02797 LB, 2014 WL 943498 at * 3 (N.D. Cal. Feb. 28, 2014) ("Thus, the process described in Paragraph 5 of the Protective Order applies. That process contemplates that once a producing party inadvertently produces privileged documents, **the receiving party can retain the documents "for use in resolving the dispute**" and then—unless it seeks a court order—it must return the information." (emphasis added)). *Accord: Doe I v. McAllenan*, 18-cv-02349-BLF (VKD), 2019 WL 4963196 at * 2-3 (N.D. Cal. Oct. 8, 2019) (receiving party retained and submitted for *in*

---

[4] The U.S. DOJ discovered (and the D.D.C. just unsealed) that Google has an internal secret program called "Communicate with Care" where employees go through training designed to teach them how to "create artificial indicia of privilege," including adding attorneys to sensitive communications solely to improperly keep the document from being discoverable. *U.S. v. Google, LLC*, 1:20-cv-03010-APM, Dkt. No. 326-1 (D.D.C. Mar. 21, 2022). This newly-revealed secret program appears to be unprecedented, and according to DOJ, is unlawful and company-wide. Here, allowing the parties to use the content of a clawed-back document is particularly appropriate in light of the DOJ's discovery.

[5] Google need not pretend it cares about its opposing counsel's ethical futures. Plaintiffs' counsel are experienced lawyers who understand their ethical obligations. To that end, *State Fund* holds a party in receipt of information that appears to be privileged, after notifying the sender of the issue, ethically "**may resort to the court for guidance with the benefit of protective orders and other judicial intervention as may be justified**." 70 Cal.App.4th at 656-57 (emphasis added).

*camera* review clawed-back document and presented argument regarding the content of same, to allow court to adjudicate ill-founded privilege claims and requested discovery sanctions); *Ecological Rights Foundation v. FEMA*, 15-cv-04068-DMR, 2017 WL 24859 at * 2 (N.D. Cal. Jan. 1, 2017) (parties lodged clawed-back documents for *in camera* review and were ordered to submit briefing as to the content of the documents to address whether privilege applied); *Oracle America, Inc. v. Google, Inc*., No. 10-03561-WHA (DMR), 2011 WL 3794892 at (N.D. Cal. 2011) (adopting similar procedure and finding, after examining contents of clawed-back documents and the parties' arguments regarding same, that Google's claimed attorney-client privilege did not apply).

Google and its counsel know all of this.  In *AdTrader, Inc. v. Google LLC*, 405 F.Supp.3d 862 (N.D. Cal. 2019), Google, represented by the same counsel here, sought to claw back an email in a Clawback Notice sent just hours before the scheduled deposition of its author (a Google product manager), belatedly asserting attorney-client and work product privileges. At your Honor's request, Google submitted the email in question *in camera*. Both parties' briefing addressed the email's content and Google's privilege assertions over it. *See id* at 863, fn. 1. After considering the arguments of each party's counsel, your Honor found the material qualified for privilege, but held Google had waived the privilege by failing to promptly investigate and remedy its disclosure of the email's contents at earlier points in the litigation. *Id*, at 867.

Google did not complain that anything your Honor did in *AdTrader* ran afoul of Rule 502(d), or Rule 26(b)(5)(B).  Nor should Google be permitted to argue that the Court depart from normal procedures here.[6]

The Court must hold a party seeking to clawback materials to its legal burden of demonstrating that an asserted privilege applies to the document or information at issue. *In re Qualcomm Litig*., No. 3:17-cv-108-GPC-MDD, 2018 WL 6617294 at *3 (S.D. Cal. Dec. 17, 2018) ("Apple has the burden to establish that the attorney-client privilege applies, including that the privilege has not been waived." (citing *US v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009)). The Court can only fulfill this responsibility with the benefit of advocacy and argument on the part of the party opposing the Clawback Notice and its privilege assertions.  That is precisely what the Federal Rules contemplate, and that is precisely what the Rule 502(d) stipulation proposed by Plaintiffs (and what Google long-ago agreed to abide by in *Calhoun*) provides for here.

The Court should enter a Rule 502(d) order in the form proposed by Plaintiffs in **Ex. C**.

---

[6] *Google* unhelpfully cites a subsequent docket entry in *AdTrader*, which is a nonprecedential stipulated protective order – nothing more. All of Google's citations accessible by Plaintiffs are stipulated orders. *See Natural Alternatives*, 2017 WL 3668738, at *2; *Vargas*, 2021 WL 5140910, at *7; *Kandel*, 683 F. Supp.2d at 1080. In *Kandel*, the receiving party **expressly was allowed** to "promptly present the information to the Court under seal for a determination of the claim." *See id* at 1080, n.1, n.3.

III.    **NECESSITY OF A HEARING**

      A.    **Google's Position**

Google believes that the Court can resolve this dispute without a hearing because the papers thoroughly discuss the issues for the Court's consideration and it has ruled on this same dispute before.

      B.    **Plaintiffs' Position**

As necessary to aid the Court's determination of this issue or to preserve issues for further judicial review, Plaintiffs will be ready and available to present the issues to the Court at hearing at the Court's convenience.

IV.    **DISCOVERY CUT-OFFS**

The Parties' deadline to substantially complete their production of documents in advance of class certification is April 21, 2022. The fact discovery cut-off is December 15, 2022, and the close of expert discovery is March 2, 2023.

V.    **COMPLIANCE WITH MEET AND CONFER REQUIREMENT**

In compliance with the Court's meet and confer requirements, the parties met and conferred several times via email and Zoom. The final lead counsel meet and confer was held on March 15, 2022, via Zoom. On Plaintiffs' side, Elizabeth C. Pritzker and Bethany Caracuzzo attended. On Google's side, Jeff Gutkin, Robby Saldaña, and Anu Dhillon attended.

Dated: March 29, 2022                    COOLEY LLP


By: */s/ Jeffrey M. Gutkin*
    Michael G. Rhodes
    Jeffrey M. Gutkin
    Whitty Somvichian
    Aarti G. Reddy
    Kyle C. Wong
    Kelsey R. Spector
    Anupam S. Dhillon
    Colin S. Scott
    3 Embarcadero Center, 20th floor
    San Francisco, CA  94111-4004
    Tel.:  415-693-2000
    Fax:  415-693-2222
    rhodesmg@cooley.com
    jgutkin@cooley.com
    kspector@cooley.com
    adhillon@cooley.com
    cscott@cooley.com

    Robby L.R. Saldaña
    1299 Pennsylvania Avenue NW
    Suite 700
    Washington, DC   20004-2400
    Tel.:  202-776-2109
    Fax:  202-842-7899
    rsaldana@cooley.com

  Attorneys for Defendant
  GOOGLE LLC


Dated: March 29, 2022                    PRITZKER LEVINE LLP


By: */s/ Elizabeth C. Pritzker*
ELIZABETH C. PRITZKER (SBN 146267)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com

*Interim Class Counsel*

- 8 -

Dated: March 29, 2022

DiCELLO LEVITT GUTZLER LLC

By: */s/ David A. Straite*
DAVID A. STRAITE (admitted pro hac vice)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
dstraite@dicellolevitt.com

Dated: March 29, 2022

BLEICHMAR FONTI & AULD LLP

By: */s/ Anne K. Davis*
ANNE K. DAVIS (SBN 267909)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
adavis@bfalaw.com

Dated: March 29, 2022

COTCHETT, PITRE & McCARTHY LLP

By: */s/ Nanci E. Nishimura*
NANCI E. NISHIMURA (SBN 152621)
BRIAN DANITZ (SBN 247403)
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel.: (650) 697-6000
Fax: (650) 697-0577
nnishimura@cpmlegal.com
bdanitz@cpmlegal.com

BOTTINI & BOTTINI, INC.

Dated: March 29, 2022

By: */s/ Francis A. Bottini, Jr.*
FRANCIS A. BOTTINI, JR. (SBN 175783)
YURY A. KOLESNIKOV (SBN 271173)
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA  92037
Tel.: (858) 914-2001
Fax: (858) 914-2002
fbottini@bottinilaw.com
ykolesnikov@bottinilaw.com

*Counsel for Plaintiffs and the Proposed Class*

- 9 -

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Jeffrey M. Gutkin, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of March, 2022, at San Francisco, California.


*/s/ Jeffrey M. Gutkin*
Jeffrey M. Gutkin

266101632

- 10 -