# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Lead Case No. 5:21-cv-02155-YGR-VKD |
| | **[PROPOSED] ORDER RE: FEDERAL RULE OF EVIDENCE 502(d)** |
| *This document relates to all included actions.* | Discovery Referral/Magistrate Judge: |
| | Hon. Virginia K. DeMarchi |

Plaintiffs and Defendant Google LLC ("Google") submit the following competing versions of an Order Regarding "Claw Back" of Privileged or Work-Product Protected Documents Pursuant to Federal Rules of Evidence 502(d). The Parties' agreed terms appear in **black** text. Google's proposals that Plaintiffs dispute appear in **red** text. Plaintiffs' proposals that Google disputes appear in **blue** text.

**1.      PURPOSE**

Pursuant to Federal Rules of Evidence 502(d), the production or disclosure of any attorney-client privileged or work-product-protected documents (as defined by Fed. R. Civ. P. 34(a)(1)) and accompanying metadata ("Privileged Documents"), shall not result in the waiver of any claim of privilege or work product protection associated with such Privileged Documents as to the receiving party or any third parties in this or in any other state or federal proceeding, regardless of the circumstances of such production or disclosure. For example, the mere production of Privileged Documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding. This Paragraph shall be interpreted to provide the maximum protection

1    allowed by Federal Rule of Evidence 502(d) with regard to Privileged Documents. The parties

2    agree that, unless expressly provided for herein, Fed. R. Evid. 502(b) shall not apply to any disputes

3    regarding Privileged Documents that are produced in this litigation.

4          Notwithstanding the foregoing, this Stipulation does not preclude a party from voluntarily

5    waiving a claim or privilege or other protection. The provisions of Federal Rule of Evidence 502(a)

6    apply when a party uses privileged or other protected information to support a claim or defense.

7    **2.      CLAWBACK NOTICE**

8          In the event that a producing party discovers that it produced Privileged Documents, it shall

9    provide written notice of the claim to the receiving party (a "Clawback Notice") identifying the

10   subject Privileged Documents within fourteen calendar days of its discovery by outside counsel.

11   The Clawback Notice shall include (i) the Bates range of each Privileged Document the producing

12   party seeks to claw back, (ii) a privilege log (in the format agreed by the parties) listing the item(s)

13   produced, and (iii) a new copy of each Privileged Document (utilizing the same Bates number as

14   the original). If the producing party claims that only a portion of the Privileged Document contains

15   privileged or other protected material, the new copy will be redacted to protect only the portion(s)

16   claimed to be privileged or work product. If the producing party claims that the entire document is

17   privileged or protected, then the producing party shall provide a slip sheet noting that the document

18   has been withheld. The privilege log accompanying the Clawback Notice shall provide the basis

19   for the privilege claim.

20   **3.      PROCEDURES FOLLOWING CLAWBACK NOTICE**

21        A.      <u>No Challenge</u>: Within ten calendar days of receipt of a Clawback Notice (unless the

22   receiving party challenges the producing party's claim of privilege as set forth below), or a

23   receiving party's own determination that Privileged Document(s) were produced, or a

24   determination by the Court that documents produced are Privileged Document(s), the receiving

25   party must promptly return and/or destroy the Document(s), all copies thereof, and any notes that

26   reproduce, copy, or otherwise disclose the substance of the information for which privilege is

27   claimed, and notify the producing party when this is complete.

28        B.      <u>Challenge</u>: If a receiving party challenges a claim that a Document specified in a

**[PROPOSED] ORDER RE FRE 502(d)**
**CASE NO. 5:21-CV-02155-YGR-VKD**

1    Clawback Notice is privileged or work-product-protected:

2         (i)    the receiving party shall notify the producing party of its challenge (and the

3    reasons therefor) within ten calendar days of receiving the Clawback Notice asserting the

4    claim.[1] The receiving party shall sequester and not review the challenged Document, all

5    copies thereof, and any notes that reproduce, copy, or otherwise disclose or use the

6    substance of the information for which privilege is claimed, until the claim has been

7    resolved. This includes a restriction against presenting the information to the Court for a

8    determination of the claim.

9         (ii)    Within seven calendar days of the producing party's receiving notification

10   of the challenge, the parties shall meet and confer in an effort to resolve their disagreement.

11   If the parties are unable to reach agreement, within five business days of the meet and

12   confer, the parties shall submit a joint discovery letter to the Court, submitting the issue for

13   a determination and/or for *in camera* review. Each party may use the content of the

14   Document(s) at issue solely in briefing or argument submitted in connection with any

15   challenge to a Clawback Notice, in which case the receiving party agrees not to argue that

16   such use constitutes waiver of the claimed privilege or work product protection. The

17   Document(s) listed in the Clawback Notice shall not otherwise be used or disclosed by the

18   receiving party during the time in which the parties are meeting and conferring about the

19   privileged nature of the Document(s) or during the time in which the challenge is before the

20   Court for determination, unless otherwise agreed in writing by the parties or ordered by the

21   Court. The producing party shall bear the burden of establishing the privileged or protected

22   nature of the Document(s).

23   **4.    PROCEDURES DURING DEPOSITIONS AND HEARINGS**

24        A.    If, during a deposition, a producing party claims that a document being used in the

25   deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination)

26   contains material that is privileged or protected work product, the producing party may (a) allow

27

28   ───────────────
     [1] The parties will agree to reasonable extensions of this time period in the event a producing party
     seeks to clawback more than twenty-five documents at the same time.

**[PROPOSED] ORDER RE FRE 502(d)**
     **CASE NO. 5:21-CV-02155-YGR-VKD**

Commented [A1]: Requested by Google

Commented [A2]: Requested by Google

Commented [A3]: Requested by Plaintiffs

Commented [A4]: Requested by Plaintiffs

1    the document to be used during the deposition without waiver of any claim of privilege or other

2    protection; (b) instruct the witness not to answer questions concerning the parts of the document

3    containing privileged or protected material; or (c) object to the use of the document at the deposition

4    to the extent the entire document is privileged or work-product-protected, in which case no

5    testimony may be taken relating to the document during the deposition until the matter is resolved

6    by agreement or by the Court. If the producing party allows the examination concerning the

7    document to proceed consistent with this paragraph, all parties shall sequester and not review all

8    copies of the document(s) in dispute. As to any testimony subject to a claim of privilege or work

9    product, the producing party shall serve a Clawback Notice within five business days of the

10   deposition, after which the parties shall follow the procedures set forth in Paragraph 3. Pending

11   determination of the clawback dispute, all parties with access to the deposition transcript shall treat

12   the relevant testimony in accordance with Section 3. In the event the Court decides the clawback

13   dispute in the receiving party's favor and the receiving party was denied the opportunity to examine

14   a witness as to the materials at issue, the witness shall be made available within 14 days of the

15   Court's decision.

16        B.        If a receiving party uses discovery materials in a brief, at a hearing, or in an expert

17   report and the producing party has not served a Clawback Notice as to those materials in advance

18   of the briefing event or hearing, the producing party shall serve a Clawback Notice within seven

19   business days of the briefing event, hearing, or service of expert report if claiming that any

20   discovery materials used by the receiving party are attorney client privileged for protected work

21   product. Thereafter, the procedures set forth in Section 3 shall apply.

22        C.        The producing party shall be responsible for removing any privileged or protected

23   material from the public record and, at the receiving party's option, for filing any necessary

24   amended public and/or redacted filings that contain the privileged or protected material.

25   **5.        MISCELLANEOUS**

26        A.        Nothing in this Stipulation is intended to create an obligation for a party to conduct

27   a privilege review of another party's discovery material. It is the intent of the parties that each side

28   conduct a privilege review prior to the production of Documents to the other.

> **Commented [A5]:** Requested by Google

1    B.    In no event may a producing party rely on its own production or disclosure of

2 privileged or work product materials as a basis to seek disqualification of a receiving party's

3 counsel.

4 **IT IS SO ORDERED.**

5

6 DATED: _____, 2022    _____

7    THE HONORABLE VIRGINIA K. DEMARCHI
      UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER RE FRE 502(d)**
**CASE NO. 5:21-CV-02155-YGR-VKD**