Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

[Additional Counsel Appear on Signature Page]

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION*  *This document applies to all actions.* | **CASE NO. 4:21-CV-02155-YGR**  **PLAINTIFFS' MOTION PURSUANT TO L.R. 6-3 AND 7-11 TO AMEND CASE SCHEDULE** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 6-3 and 7-11, and for the reasons set forth below and in the accompanying Declaration of Elizabeth C. Pritzker, plaintiffs seek to extend the pretrial schedule in this matter by approximately four months and the trial date by approximately seven months. Plaintiffs have not previously sought any extension of the pretrial schedule or the trial date. Plaintiffs' proposed schedule is set forth in paragraph 10 of the Pritzker Declaration. Plaintiffs have conferred with defendant Google LLC, twice by Zoom and in subsequent email correspondence, in an effort to obtain a stipulation for the relief sought herein. Google opposes the timing of this motion, the manner in which it is being filed, and the substantive relief sought. *See* Pritzker Decl., ¶ 9.

## II. RELEVANT BACKGROUND

This case was filed in March 2021. ECF No. 1. In April 2021, the case was related to, but not consolidated with, two earlier-filed cases against Google, *Brown v. Google*, No. 20-cv-3664-YGR, and *Calhoun v. Google*, No. 20-cv-5146-YGR. ECF No. 11. Discovery commenced in May 2021 (ECF No. 68 at 1), leadership was appointed and a consolidated amended complaint was filed in August 2021 (ECF Nos. 77 and 80), and Google's motion to dismiss that complaint was filed in October and fully briefed in November 2021 (ECF Nos. 93, 103, 122).

The operative case schedule was proposed jointly by the parties on September 1, 2021 (ECF No. 82) and adopted by the Court the following day (ECF No. 83). The salient features of that schedule are that document production will be substantially completed by April 21, 2022, class certification briefing will commence on June 23, 2022, and fact discovery will conclude at the end of 2022, followed by expert discovery, ending in March 2023, and dispositive motions that will commence in March and conclude in May 2023. Trial is scheduled to commence on August 21, 2023. *See* ECF No. 83.

Discovery in this case originally was referred to Magistrate Judge Van Keulen, who also oversees discovery in *Brown* and *Calhoun*. ECF No. 14. In June 2021, discovery in this action was referred instead to Magistrate Judge DeMarchi, while the other two actions remain before Magistrate Judge Van Keulen. ECF No. 71. There are currently seven separately briefed discovery disputes pending before Magistrate Judge DeMarchi in this matter, four of which have been argued (ECF

Nos. 141, 142, 143, 157) and three of which have not (ECF Nos. 171, 172, 177).  Neither Google nor plaintiffs can substantially complete their respective document productions until at least some of these disputes have been resolved.  Pritzker Decl., ¶¶ 3, 5.  Also pending is Google's motion to dismiss, which was not ruled on by Judge Koh before the case was transferred to this Court in January 2022.  ECF No. 138.

For a variety of reasons (including the pending discovery disputes), obtaining necessary document discovery from Google in this matter has been very slow.  It now appears that Google either will not be able to substantially complete its document production in the next three weeks, or it will do so, but only by producing an enormous volume of documents to plaintiffs at the very last moment. Pritzker Decl., ¶ 3. To date, Google has produced only 41,723 documents (331,696 pages).  By way of comparison, plaintiffs in this action have to date produced 97,292 documents (600,749 pages).  By way of further comparison, in the related *Brown* and *Calhoun* actions (which cross-use discovery), Google has produced 1,087,735 documents (7,033,758 pages).  *Id.*, ¶ 4.

**III.    GOOD CAUSE EXISTS TO AMEND THE CASE SCHEDULE AND TRIAL DATE**

When the parties appeared at the case management conference on February 11, 2021 after the case was transferred to this Court, the expectation at that time was that the existing case schedule could be maintained, subject possibly to providing a longer period between dispositive motions and the trial date.  *See* Pritzker Decl., Ex. A (Feb. 11, 2021 CMC Transcript at 41-45).  But in the six weeks since that conference, document production from Google has progressed only modestly, the three discovery disputes the parties referred to at the conference (*id*. at 46-47) remain pending, and four new discovery disputes have been filed.  Because the case schedule is keyed off of the substantial completion of document production, and that will either occur almost entirely at the last moment or later than planned, there is good cause for the case schedule and trial date to now be extended.

As set forth in the Pritzker Declaration, plaintiffs seek to extend the pretrial schedule by approximately four months and the trial date by approximately six months.  *See* Pritzker Decl., ¶ 10.  Whether considered under L.R. 6-3 or L.R. 7-11, good cause for this extension exists for several reasons, which are discussed below.

First, plaintiffs have been diligent in pursuing discovery, responding to discovery, and generally seeking to advance the litigation as expeditiously and efficiently as possible under the circumstances. Discovery was served on Google soon after the case was filed, plaintiffs have produced their documents promptly (twice as many in fact as Google has to date), and this is the first extension of the case schedule sought by plaintiffs. There is nothing in the record to suggest that plaintiffs have been dilatory or are in any way at fault for the need now to extend the case schedule as requested.

Second, plaintiffs plainly will be prejudiced without the extension. The substantial document completion date was included in the schedule agreed to by the parties last year to ensure that plaintiffs had the documents necessary to conduct depositions, retain and work with experts, and prepare a class certification motion that meets the standards of Rule 23 as interpreted by this Court, the Northern District and the Ninth Circuit. That is very unlikely to occur at this point. The vast majority of the documents sought by plaintiffs have not yet been produced by Google, and many of these documents are the subject of the pending discovery motions. Plaintiffs cannot take the depositions needed for class certification, retain and work with class certification experts or prepare and file a class certification motion without the document discovery from Google that was first requested almost a year ago, and that was always intended to serve as the predicate for the class certification motion. It would be manifestly unfair to hold plaintiffs to a schedule that was agreed to on the specific condition precedent that substantial document production will have been completed first, when that condition precedent has not and likely will not occur on a timely basis through no fault of plaintiffs.

Third, the requested four-month extension is fair and reasonable in the circumstances, not excessive, and will allow for the orderly and efficient prosecution of the litigation. It allows sufficient time for the pending discovery disputes to be resolved and for plaintiffs to then review and analyze the documents Google will eventually produce before substantive motion practice commences, which is what the original schedule contemplated but no longer can accomplish. Taking up the Court's suggestion from the case management conference to allow more time between dispositive motions and trial, plaintiffs have moved the trial date back by seven months, not four.

This will allow the Court more time to consider the parties' dispositive motions before trial commences and potentially obviate the need for the parties to undertake the significant effort and expense of preparing all of the required pretrial materials before the Court has had an opportunity to rule on any dispositive motions.

Fourth, Google will not be prejudiced by the short extension sought. During the meet and confer prior to filing this motion, Google was unable to identify any prejudice it would suffer if this motion is granted. Pritzker Decl., ¶ 9.

## IV.   CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that the proposed order submitted herewith be entered and that the pretrial and trial schedule be amended accordingly.

DATED: April 8, 2022                                   Respectfully submitted,

**PRITZKER LEVINE LLP**

By:  /s/ Elizabeth C. Pritzker

Elizabeth C. Pritzker (Cal. Bar No.146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
1900 Powell Street, Ste. 450
Oakland, CA 94602
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Anne K. Davis (Cal. Bar No. 267909)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*adavis@bfalaw.com*
*jsamra@bfalaw.com*

**SIMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 E. 42nd Street, Suite 2400
Tel.: (212) 784-6400
Fax: (212) 213-5949
New York, NY 10165
Tel: (646) 993-1000
*dstraite@dicellolevitt.com*

**COTCHETT PITRE & MCCARTHY, LLP**
Nancy E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal Bar. No. 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road
Burlingame, CA 94010
Tel.: (650) 697-6000
*nnishimura@cpmlegal.com*
*bdanitz@cpmlegal.com*
*kswope@cpmlegal.com*

**BOTTINI & BOTTINI INC.**
Frances A. Bottini, Jr. (Cal. Bar No. 175783)
Yuri A. Kolesnikov (Cal. Bar. No. 271173)
7817 Ivanhoe Ave., Ste. 102
LA Jolla, CA 92037
Tel.: (848) 914-2001
*fbottini@bottinilaw.com*
*ykolesnikov@bottinilaw.com*

*Plaintiffs' Executive Committee*