Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* | **CASE NO. 4:21-CV-02155-YGR** |
| *This document applies to all actions.* | **DECLARATION OF ELIZABETH C. PRITZKER IN SUPPORT OF PLAINTIFFS' MOTION PURSUANT TO L.R. 6-3 AND 7-11 TO AMEND CASE SCHEDULE** |

I, Elizabeth C. Pritzker, declare and state as follows:

1. I am an attorney duly admitted to practice before this Court and a partner of Pritzker Levine LLP, one of law firms representing plaintiffs in this matter. On August 3, 2021, I was appointed to serve as Interim Class Counsel for plaintiffs. ECF No. 77. I submit this declaration in support of plaintiffs' motion under Civil Local Rules 6-3 and 7-11 to extend the pretrial schedule in this matter by approximately four months and the trial date by approximately six months. I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

2. The operative case schedule was negotiated and then proposed jointly by the parties on September 1, 2021 (ECF No. 82) and adopted by the Court the following day (ECF No. 83). The schedule provides that document production will be substantially completed by April 21, 2022, class certification briefing will commence on June 23, 2022, and fact discovery will conclude at the end of 2022, followed by expert discovery, ending in March 2023, and dispositive motions that will commence in March and conclude in May 2023. Trial is scheduled to commence on August 21, 2023. ECF No. 83. During the negotiations with Google, plaintiffs insisted that a substantial document completion date be included in the schedule to ensure that they would have the documents necessary to conduct depositions, retain and work with experts, and prepare a class certification motion that meets the standards of Rule 23 as interpreted by this Court, the Northern District and the Ninth Circuit.

3. Obtaining necessary document discovery from Google in this matter has been very slow and difficult. Google has objected to virtually all of plaintiffs' document requests, objected to plaintiffs' custodians and search terms, failed to produce documents for the named plaintiffs, and generally failed to work cooperatively and in an iterative manner with respect to ESI. There are now seven different discovery disputes currently pending before Magistrate Judge DeMarchi. As a result, Google either will not be able to substantially complete its document production by the April 21, 2022 substantial completion date, or it will do so, but only by producing an enormous volume of documents to plaintiffs at the very last moment.

4. So far, Google has produced only 41,723 documents, totaling 331,696 pages. None

of these documents relate specifically to any of the named plaintiffs or their accounts. By way of comparison, plaintiffs already have produced more than twice as many documents as Google (97,292 documents, totaling 600,749 pages). Similarly, in the related *Brown* and *Calhoun* actions (which cross-use discovery), Google has produced 1,087,735 documents, totaling 7,033,758 pages.

5. Plaintiffs have been diligent in pursuing discovery, responding to discovery, and generally seeking to advance the litigation as expeditiously and efficiently as possible under the circumstances. Discovery was served on Google soon after the case was filed, plaintiffs have produced most of their documents promptly to Google, and will complete their production within a week or two of Magistrate Judge DeMarchi ruling on the pending discovery motion concerning the scope of discovery to be provided by plaintiffs. Moreover, this is the first extension of the case schedule sought by plaintiffs.

6. Plaintiffs will be prejudiced without the extension. The vast majority of the documents sought by plaintiffs have not yet been produced by Google, and many of these documents are the subject of the pending discovery motions. Plaintiffs cannot take the depositions needed for class certification, retain and work with class certification experts, or prepare and file a class certification motion without the document discovery from Google that was first requested almost a year ago, and that was always intended to serve as the predicate for the class certification motion. It would be unfair to hold plaintiffs to a schedule that was agreed to on the specific condition precedent that substantial document production will have been completed first, when that condition precedent has not and likely will not occur on a timely basis through no fault of plaintiffs.

7. The requested four-month extension is fair and reasonable in the circumstances and will allow for the orderly and efficient prosecution of the litigation. It allows sufficient time for the pending discovery disputes to be resolved and for plaintiffs to then review and analyze the documents Google will eventually produce before substantive motion practice commences, which is what the original schedule contemplated but no longer can accomplish.

8. Taking up the Court's suggestion from the case management conference to allow more time between dispositive motions and trial, plaintiffs have proposed moving the trial date back by six months, not four. This will allow the Court more time to consider the parties' dispositive

1  motions before trial commences and potentially obviate the need for the parties to undertake the
2  significant effort and expense of preparing all of the required pretrial materials before the Court has
3  had an opportunity to rule on any dispositive motions.

4      9.      Although Google opposes the motion, Google will not be prejudiced by the extension
5  sought. Prior to filing this motion, I sent Google's counsel the schedule plaintiffs have proposed. I
6  also met with Google's counsel (Jeff Gutkin and others) via Zoom, on March 31, 2002, and again
7  on April 4, 2022, about the proposal, in an effort to obtain a stipulation. While Mr. Gutkin confirmed
8  that Google intended to oppose this motion and the new schedule proposed by plaintiffs, he was
9  unable during the meetings or in subsequent correspondence to identify any prejudice Google would
10 suffer if this motion is granted.

11     10.      The existing schedule and plaintiffs' proposed new schedule are as follows:

| EVENT | EXISTING CASE SCHEDULE (DKT. NOS. 83, 152) | PROPOSED REVISED CASE SCHEDULE |
|---|---|---|
| Substantial Document Production Complete | April 21, 2022 | April 21, 2022 **or within 28 days** of Magistrate Judge DeMarchi's Order(s) on Pending Discovery Motions: Dkt. Nos. 141, 142, 143, 157, 171, and 172. |
| Class Certification Motion | Motion:  June 23, 2022<br>Opposition:  August 4, 2022<br>Reply:  September 2, 2022<br>Hearing:  September 30, 2022 at 2:00 p.m. | October 21, 2022<br>December 16, 2022<br>February 3, 2023<br>February 23, 2023 at 2:00 p.m. |
| Fact Discovery Cut-Off | December 15, 2022 | April 28, 2023 |
| Opening Expert Reports | January 12, 2023 | May 26, 2023 |
| Rebuttal Expert Reports | February 9, 2023 | June 23, 2023 |
| Close of Expert Discovery | March 2, 2023 | July 28, 2023 |
| Dispositive/Daubert Motions<br>1 dispositive motion per side in the entire case<br>3 Daubert motions per side in the entire case | Motions:  March 23, 2023<br>Oppositions:  April 20, 2023<br>Replies:  May 11, 2023<br>Hearing:  May 30, 2023 at 2:00 p.m. | August 18, 2023<br>September 15, 2023<br>October 6, 2023<br>November 2, 2023 at 2:00 p.m. |
| Pretrial conference | July 28, 2023 at 9:30 a.m. | February 16, 2024 at 9:30 a.m. |
| Jury Trial | August 21, 2023 at 9:00 a.m. | March 18, 2024 at 9:00 a.m. |

11. Attached hereto as **Exhibit A** is a true and correct copy of the transcript of the February 11, 2022 case management conference in this action and the related *Brown* and *Calhoun* actions.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct to the best of my knowledge.  This declaration was executed in Emeryville, California.

DATED:  April 8, 2022                                                By:  /s/ Elizabeth C. Pritzker
                                                                                    Elizabeth C. Pritzker