# EXHIBIT A

UNITED STATES DISTRICT COURT          *CERTIFIED COPY*

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable YVONNE GONZALEZ ROGERS, Judge

CHASOM BROWN, WILLIAM BYATT,)          **Case Management Conference**
JEREMY DAVIS, CHRISTOPHER   )
CASTILLO and MONIQUE        )
TRUJILLO, individually and  )
on behalf of all others     )
similarly situated,         )
                            )
          Plaintiffs,       )
                            )
  vs.                       )          NO. C 20-03664 YGR
                            )
GOOGLE LLC,                 )          Pages 1 - 54
                            )
          Defendant.        )          Oakland, California
_____ )          Friday, February 11, 2022
PATRICK CALHOUN, et al.,    )
on behalf of themselves and )
all others similarly        )
situated,                   )
                            )
          Plaintiffs,       )
                            )
  vs.                       )          NO. C 20-05146 YGR
                            )
GOOGLE LLC,                 )
                            )
          Defendant.        )
_____ )
IN RE GOOGLE RTB CONSUMER   )          NO. C 21-02155 YGR
PRIVACY LITIGATION,         )
_____ )

**REPORTER'S TRANSCRIPT OF ZOOM WEBINAR PROCEEDINGS**

(Appearances listed on next pages)

Reported By:        Raynee H. Mercado, CSR No. 8258

    Proceedings reported by electronic/mechanical stenography;
transcript produced by computer-aided transcription.

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR (510) 565-7228*

<u>**APPEARANCES VIA ZOOM WEBINAR:**</u>

```
For Brown Plaintiffs:    Boies Schiller Flexner LLP
                         100 SE 2nd Street, 28th Floor
                         Miami, Florida  33131
                    BY:  JAMES LEE, ATTORNEY AT LAW

                         Boies Schiller Flexner LLP
                         44 Montgomery Street, 41st Floor
                         San Francisco, California  94104
                    BY:  ERIKA B. NYBORG-BURCH,
                         MARK C. MAO, ATTORNEYS AT LAW

                         Susman Godfrey LLP
                         1301 Avenue of the Stars, 32 Floor
                         New York, New York 10019
                    BY:  WILLIAM C. CARMODY, ATTORNEY AT LAW

                         Morgan & Morgan
                         Complex Litigation Group
                         201 N. Franklin Stret, 7th Floor
                         Tampa, Florida  33602
                    BY:  JEAN S. MARTIN,
                         JOHN A. YANCHUNIS, ATTORNEYS AT LAW

For Calhoun Plaintiffs:  Bleichmar Fonti & Auld LLP
                         555 12h Street, Suite 1600
                         Oakland, California  94607
                    BY:  ANNE K. DAVIS,
                         ANGELICA M. ORNELAS,
                         LESLEY WEAVER, ATTORNEYS AT LAW

                         DiCello Levitt Gutzler (IL)
                         DiCello Levitt Gutzler LLC
                         10 N. Dearborn Street, 6th Floor
                         Chicago, Illinois  60601
                    BY:  SHARON D. CRUZ, ATTORNEY AT LAW

                         DiCello Levitt Gutzler LLC
                         60 East 42nd Street, Suite 2400
                         New York, New York  10165
                    BY:  DAVID A. STRAITE, ATTORNEY AT LAW

                         Simmons Hanly Conroy LLC
                         112 Madison Avenue, Seventh Floor
                         New York, New York  10016
                    BY:  JASON "JAY" BARNES,
                         AN TRUONG, ATTORNEYS AT LAW
```

# A P P E A R A N C E S (CONT'D.)

```
For RTB Plaintiffs:        Pritzker Levine, LLP
                           1900 Powell Street, Suite 450
                           Emeryville, California  94608
                   BY:  ELIZABETH C. PRITZKER, ATTORNEY AT LAW


                           Cotchett, Pitre & McCarthy
                           San Francisco Airport Office Center
                           840 Malcolm Road, Ste. 200
                           Burlingame, California  94010
                   BY:  NANCI E. NISHIMURA, ATTORNEY AT LAW


For Plaintiff Toronto:     Bottini and Bottini Inc.
                           7817 Ivanhoe Avenue, Suite 102
                           La Jolla, California  92037
                   BY:  YURY A. KOLESHNIKOV, ATTORNEY AT LAW


For Defendant:             Quinn, Emanuel, Urquhart & Sullivan
                           191 N. Wacker Drive, Suite 2700
                           Chicago, Illinois 60606
                   BY:  ANDREW H. SCHAPIRO, ATTORNEY AT LAW


                           Quinn, Emanuel, Urquhart & Sullivan
                           865 S. Figueroa Street, Floor 10
                           Los Angeles, California  90017
                   BY:  VIOLA TREBICKA, ATTORNEY AT LAW


                           Cooley Godward
                           101 California Street, 5th Floor
                           San Francisco, California  94111-5800
                   BY:  JEFFREY M. GUTKIN, ATTORNEY AT LAW


                           --o0o--
```

```
 1   Friday, February 11, 2022                         12:04 p.m.
 2                     P R O C E E D I N G S
 3                        (Zoom Webinar)
 4        THE CLERK:  Now calling civil case 20-3664-YGR,
 5   Brown, et al. versus Google, LLC, et al.
 6      We're going to be taking your appearances case by case but
 7   calling them all, so if you -- counsel, starting with the
 8   plaintiff, please state your appearance for the record.
 9        MR. LEE:  Sure.  This is James Lee from Boies
10   Schiller Flexner, here on behalf of plaintiffs in the Brown
11   matter.  With me today are Mark Mao and Erika Nyborg-Burch
12   also from Boies Schiller Flexner.
13        THE COURT:  All right.  Mr. Lee, are you going to be
14   the primary one speaking?
15        MR. LEE:  Yes, Your Honor.
16        THE COURT:  Okay.  So then as we go through this, if
17   you're not speaking, I'll have you turn off your videos just
18   because there are so many squares on my monitor.
19      Okay.
20      And then for Google on the Brown case.
21        MR. LEE:  I would be remiss if I didn't introduce the
22   rest of my team who are also on the Zoom.  It's John Yanchunis
23   and Jean Martin from Morgan & Morgan.  And Bill Carmody from
24   Susman Godfrey.
25        THE COURT:  Okay.
```

```
 1              MR. LEE:  Sorry for interrupting.

 2              THE COURT:  Defense?

 3              MR. SCHAPIRO:  Your Honor, I'm Andrew Schapiro from

 4    the Quinn Emanuel for Google.  There are only two of us here,

 5    so I'll let my colleague introduce herself.

 6              MS. TREBICKA:  Good afternoon, Your Honor.  Viola

 7    Trebicka with Quinn Emanuel also for Google.

 8              THE COURT:  All right.  Good afternoon.

 9              THE CLERK:  Also calling civil case 20-5146-YGR,

10    Calhoun, et al. versus Google, LLC.

11        Counsel for that case, please state your appearance for

12    the record.

13              MS. WEAVER:  Yes.  Good morning, Your Honor.  Lesley

14    Weaver of Bleichmar Fonti & Auld.  With me today from my firm

15    is Angelica Ornelas.  And also with me today is Jay Barnes

16    from Simmons Conroy.  And An Truong of that firm as well.  And

17    then David Straite from DiCello Levitt and Sharon Cruz with

18    his firm.

19        Good morning.

20              THE COURT:  Good afternoon.

21              MS. WEAVER:  Afternoon.

22              THE COURT:  Okay.

23              MR. SCHAPIRO:  For Google, it's the same cast of

24    characters, Your Honor.  Andrew Schapiro from Quinn Emanuel.

25              MS. TREBICKA:  Viola Trebicka for Quinn Emanu- --
```

1    from Quinn Emanuel for Google.

2         **THE COURT:**  Okay.

3      And the last case?

4         **THE CLERK:**  Also 21-2155-YGR, In re Google RTB

5    Consumer Privacy litigation.

6      Counsel, starting with the plaintiff, please state your

7    appearance for the record.

8         **MS. PRITZKER:**  Good afternoon, Your Honor.  And thank

9    you, Mr. Garcia.

10     Elizabeth Pritzker of Pritzker Levine for the class

11   plaintiffs.  With me today are Nancy Nishimura from Cotchett,

12   Pitre firm; Anne Davis from the Bleichmar Fonti & Auld firm;

13   and An Truong from Simmons Conroy and Hanly.

14        **THE COURT:**  Okay.

15        **MS. PRITZKER:**  Thank you.

16        **THE COURT:**  Thank you.  Good afternoon.

17        **MR. GUTKIN:**  Your Honor, Your Honor.  For defendant

18   Google LLC, it's Jeff Gutkin the Cooley firm, and I am

19   appearing by myself.

20        **THE COURT:**  Okay.

21     So we'll take these at least initially one at a time.  As

22   you know, you're all midstream.  These are only recently

23   reassigned to me.  I have not gotten up to speed on your

24   cases.  I can tell right off the bat that Judge Koh did some

25   things that I would not necessarily do so I will allow them,

 1     but don't think it's precedent for cases come to me initially.

 2     Like, I don't give more than one summary judgment and, yet, it

 3     seems like she's allowing more than one.  But we'll talk about

 4     that.

 5         So the first case, *Brown vs. Google*, if I can have the

 6     lawyers.

 7             **MR. LEE:**  Sure.  Sure, Your Honor.  James Lee, Boies

 8     Schiller Flexner for the plaintiffs.

 9         I think it might make sense --

10         **THE COURT:**  Mr. Lee, you're very quiet.  I'm having a

11     hard time hearing you.  I'm also not in my courtroom, so --

12     I'm in a different courtroom, so maybe it's my system, but you

13     seem to be very far away.

14             **MR. LEE:**  How's this, Your Honor?

15         **THE COURT:**  Much better.  Thank you.

16         **MR. LEE:**  I'll try to keep my voice up.

17         Given that -- that the cases are in midstream, I think it

18     might make sense to start with the high-level overview of --

19     of where things currently stand in the case and maybe, at

20     least in the short term, where we're -- we think we're headed

21     next.  I defer to Your Honor, but I'm happy to do that for

22     you?

23             **THE COURT:**  Go ahead.

24         **MR. LEE:**  Sure.

25         The *Brown* case, Your Honor, was filed in 2020, and the

1    case is -- is pretty far along.  The *Brown* case concerns

2    Google's collection and use of private browsing information.

3    What Google does is it tells users that they are in control of

4    what data Google collects.  And Google tells its users that it

5    won't collect their private browsing data if they turn on

6    private browsing mode, including Google's own version of that

7    which is called incognito mode.  Now it turns out that Google

8    collects browsing information anyway --

9                     (Off-the-record discussion.)

10            **THE COURT:**  Mr. Lee, do you have a headset?

11            **MR. LEE:**  I do not have a headset, Your Honor.  But I

12    also don't have any other mics in the room.  So maybe I should

13    go a little slower.  Perhaps that would help.

14            **THE COURT:**  Okay.  Go ahead.

15            **MR. LEE:**  Sure.

16        So it turns out, Your Honor, that Google collects browsing

17    information anyway even when users turn on private browsing

18    mode.  So this case is -- is really about Google's collection

19    and use of private browsing data without users' consent.

20        And as I said before, this -- this case was filed in

21    June 2020 before the *Calhoun* and *RTB* cases were filed.  All of

22    our claims have survived Google's motion to dismiss.  And

23    we're now nearing the end of fact discovery, which ends

24    March 4th.

25        In -- during discovery, Google has produced millions of

1    pages of documents.  Plaintiffs have taken 12 depositions

2    of -- of Google employees and former employees.  And we have a

3    few others coming up shortly.

4        After today, all of the named plaintiffs in the case will

5    have been deposed as well.  And discovery thus far supports

6    our core allegations, that Google collects private browsing

7    information; Google uses that private browsing information for

8    its own purposes and its own enrichment; and Google does all

9    of this without user consent.

10        **THE COURT:**  Okay.  I understand --

11        Well, anything that -- Mr. Schapiro, do you want -- or

12    who -- which of the two of you are speaking?

13        **MR. SCHAPIRO:**  We're each covering slightly different

14    areas, but I think this is in my bailiwick, if that's all

15    right, Your Honor.

16        I don't know how much you want us to litigate that the --

17    the substance or the merits here.  You won't be surprised to

18    hear that we have a very different view of what the actual

19    facts are and what discovery has shown and will show.

20        Incognito behaves in precisely the way that it is billed.

21    It does what it's supposed to do.  It gives people a fresh

22    cookie jar each time they open a device and use the -- open a

23    new tab and use it.  It deletes the cookies.  There is no

24    back-door cradle-to-grave profile made, as alleged in the

25    complaint.

1      But I don't know whether -- whether Your Honor is

2   interested in that or more about where the case is right now.

3      And on, that I -- I agree Mr. Lee on just about

4   everything.  The -- the chronology.  This case is about 18

5   months old.  We are very close to, I -- I believe the end of

6   discovery.  And up -- for our part, we are eager to engage on

7   class certification and dispositive motions, which we think

8   will make it fairly easy to dispose of this case.

9      **THE COURT:**  All right.

10     Well, everyone should know that I -- unless you've

11  settled, I expect that you all differ on what the facts are

12  until I hear otherwise.

13     But it is helpful to understand perspectives big picture,

14  which is fine.

15     **THE COURT:**  Okay.  So I --

16     **MR. SCHAPIRO:**  I'm sorry, Your Honor.  There's one

17  other thing that I should have mentioned, which is we have

18  been thus far in the -- what I think we both would agree are

19  the capable hands of Magistrate Judge van Keulen where we've

20  had a whole lot of discovery issues to hash out and with a

21  special master, who she appointed.

22     All of that is laid out in the case management statement

23  so I don't think I need to go over it here.

24     **THE COURT:**  Right.  And I have -- and Judges

25  van Keulen and DeMarchi will continue to operate as the

1    discovery judges for each of these cases.  There's -- there's

2    no point in moving that assignment.  And there's -- would be

3    a -- judiciously inefficient so they will remain.

4        With respect to, then -- what I show is fact discovery

5    deadline closing March 4th; opening reports, March 18th;

6    rebuttal reports, April 15th; discovery cutoff for merits

7    discovery on the experts, May 19th.

8        Is that all correct?

9            **MR. LEE:**  That's correct, Your Honor.

10            **MR. SCHAPIRO:**  Yes, Your Honor.

11            **THE COURT:**  So with respect to all cases, I do

12    require the following -- make sure it happens:  Expert

13    reports, every single -- and this is in my standing order, so

14    my standing orders now apply.

15        Expert reports, every paragraph must be individually

16    numbered.

17        You must have an executive summary; that is, I want up

18    front every opinion identified.  The reason that I do this --

19    and if you've litigated against -- in front of me before, you

20    know why, but I'll repeat it.

21        The reason I do this is when I receive a *Daubert*, I want

22    to know specifically what paragraphs or -- and/or opinions you

23    are seeking to strike or to have excluded.  I do this in part

24    because many civil litigators do not seem to understand that

25    experts cannot independently lay the foundation -- the factual

1    foundation for their opinions.

2        So I frequently get *Daubert*s seeking to exclude all sorts

3    of material -- not as much anymore with this rule, but seeking

4    to exclude material that comes in from others on hearsay

5    grounds.

6        Well, obviously, if at trial, the information doesn't --

7    upon which the expert's opinion is based does not come in, the

8    expert's opinion does not come in.

9        So I don't want to see *Daubert*s or motions to strike

10   information upon which the expert is relying and upon which

11   there is an independent source.

12        Plus I want to know exactly what the opinions are because

13   that's what matters.  So the explanation of the opinion is all

14   great, but I want to know opinion.

15        Any questions with respect to that process?

16            **MR. LEE:**  No.

17            **MR. SCHAPIRO:**  No, Your Honor.

18            **MR. LEE:**  No, Your Honor.

19            **THE COURT:**  Okay.

20        I also require that when your expert provides the opening

21   report, you also provide simultaneously all of the data and

22   background information that the expert relied upon.  I do that

23   to make sure that the process moves forward efficiently.  And

24   it applies to all sides.

25        Now, are your expert opinion reports -- are those supposed

1    to be simultaneous opening, or is it just the plaintiff?

2        What -- what's going on in that regard?  And how many

3    reports --

4        Who do you anticipate, Mr. Lee?

5            **MR. LEE:**  So our expert reports for the plaintiffs

6    are due March 18th, Your Honor.  I think we anticipate a -- a

7    damages expert.

8            **THE COURT:**  You're -- keep your voice up.

9        You anticipate a damages expert?

10           **MR. LEE:**  Yes.  A -- and a class identification

11   expert, a data scientist expert, and perhaps a -- a second

12   data scientist expert.

13           **THE COURT:**  Okay.

14       And are the defendants issuing opening reports?

15           **MS. TREBICKA:**  Your Honor, we anticipate mostly

16   having rebuttal reports.  However, we are still considering

17   whether or not there will be one or two affirmative reports at

18   the -- on the March 18 deadline.

19           **THE COURT:**  All right.

20       In terms of class certification briefing, I'm showing that

21   you've got a May 26 opening; opposition, July 14th; reply,

22   August 11th.

23       Is that correct?

24           **MR. LEE:**  That's what I have, too, Your Honor.

25           **MR. SCHAPIRO:**  Yes, Your Honor.

| | |
|---|---|
| 1 | **THE COURT:** All right. With the hearing date of |
| 2 | September 22nd? |
| 3 | **MR. SCHAPIRO:** Yes, judge. |
| 4 | **THE COURT:** Okay. That hearing date is moved. I -- |
| 5 | Thursdays is my criminal calendar days and not my civil |
| 6 | calendar, so that hearing date will be moved to September 20th |
| 7 | at 2:00 p.m. My trial day ends at 1:30. My civil calendars |
| 8 | begin at 2:00 p.m. |
| 9 | **MR. LEE:** Understood, Your Honor. |
| 10 | **THE COURT:** Okay. |
| 11 | I see that there is a motion for relief from a |
| 12 | non-dispositive order from Judge van Keulen. That motion will |
| 13 | be decided on the merits. Just trying to get my arms around |
| 14 | everything. The deadline has passed. It wouldn't have |
| 15 | happened but for the transfer. |
| 16 | So does the plaintiff want to respond? |
| 17 | **MR. LEE:** Sure, Your Honor. |
| 18 | It's ultimately up to you. Our position obviously was a |
| 19 | little different. We -- we thought that Judge Koh had the 14 |
| 20 | days to -- to rule that she wanted to. |
| 21 | **THE COURT:** Yeah, that argument's denied. |
| 22 | Do you want to respond to the substance in writing? |
| 23 | **MR. LEE:** Yes, Your Honor, we will. |
| 24 | **THE COURT:** How much time do you want? |
| 25 | **MR. LEE:** Would ten days be okay? |

```
 1              THE COURT:  Yeah, ten days is fine.
 2        I don't have a calendar up here.  Do you have an extra one
 3   down there?
 4              THE CLERK:  I don't see one down here.
 5              THE COURT:  You know, it's in the -- on the back
 6   table if I have a -- if you grab my binder, just the white
 7   binder.
 8        Okay.  Ten days would be the 21st.  What day of week is
 9   that?
10              MS. TREBICKA:  It's a Monday, Your Honor.
11              THE COURT:  And this is an Apex issue?
12              MR. LEE:  Yes, Your Honor.
13              MR. SCHAPIRO:  Yes, it is.
14              THE COURT:  All right.  So plaintiff's response,
15   then, is due -- you can do the 21st.  It's a holiday, but ECF
16   is open.
17              MR. LEE:  We're open for business, too, Your Honor.
18   No problem.
19              THE COURT:  Okay.
20        I haven't looked at the motion.  Is it thorough?  I mean,
21   do you have anything to add?
22              MR. SCHAPIRO:  No, Your Honor.  I mean, we were
23   limited, I believe, to -- to five pages.  I think we did it
24   under the existing rules when we filed it, but I think it's --
25   it's pretty straightforward and we said what we need to say.
```

```
 1    I think it's meritorious.  I hope you'll grant it.

 2          THE COURT:  All right.  Then once I get the

 3    opposition, I'll figure out whether I need anything more from

 4    either of you.  If not, you'll see a decision.

 5          MR. LEE:  Your Honor, in our response, would you like

 6    us to attach the -- the prior briefing that was submitted to

 7    Judge have an cue 11?

 8          THE COURT:  No.

 9          MR. LEE:  Okay.

10          THE COURT:  I mean, you can give my docket numbers,

11    but I don't need it attached.

12          MR. LEE:  Okay.  Thank you.

13          THE COURT:  Okay.  Now, why is it that I have a

14    motion to revise a class definition that's opposed?  This is

15    something you all can't agree on?  What's the issue?

16          MR. LEE:  Yeah, we were a little surprised that it's

17    opposed as well.  We think this is a -- a pretty

18    straightforward issue.  We aren't adding --

19          THE COURT:  But what are you trying to do?

20          MR. LEE:  We're just revising our class definition to

21    conform to discovery, Your Honor.  We're not adding any

22    allegations or claims.

23          THE COURT:  Are you narrowing it or expanding it?

24          MR. LEE:  I think, Your Honor, we're really just

25    clarifying it.  I can -- I can explain if you'd like.
```

1    The -- the first -- the first change is that we are

2    clarifying that we are dealing with a Chrome class and a

3    non-Chrome class, so Chrome is Google's browser.  And then the

4    non-Chrome class are private browsing users that use other

5    browsers, so that's -- that's one distinction we wanted to

6    make.

7    The -- the second is that we're removing references to

8    Google Analytics and Google Ad Manager in the class definition

9    because discovery has shown that Google uses additional

10   trackers beyond just these two, which was the only two we knew

11   about when we -- when we crafted the initial class definition.

12   **THE COURT:**  Okay.  And why is it opposed?

13   **MS. TREBICKA:**  Your Honor, our brief is currently

14   due -- our opposition is currently due on February 17th.  The

15   parties have a stipulation for it to change to

16   February 25th -- 25, and it's not ruled on.  But our basic

17   opposition is precisely because of what Mr. Lee said, which is

18   that the case is being expanded from two products to all

19   products within Google.  And that is a change from what we've

20   operating under for the last 18 months.

21   **THE COURT:**  Response?

22   **MR. LEE:**  Yeah, I -- I think it's a -- it's a little

23   disingenuous to say that we're moving on all products, Your

24   Honor.  We're just moving on the actual products that are used

25   by Google to track our class members without their consent.

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR (510) 565-7228*

1        So there are -- there are two main ones.  We -- we think

2   there's -- there's clearly a third based on discovery thus far

3   AdSense -- and we believe there may be one or two more.  And

4   that's based on what's already been produced in the case.

5        So I don't think Ms. Trebicka is correct in saying that

6   you know we are expanding the case such that now everything

7   under the sun is coming in.  It's just the -- the specific

8   products or -- or technology that's been used to track our

9   class members that -- that we are already aware of through

10  discovery.

11            **MS. TREBICKA:**  May I respond?

12            **THE COURT:**  You may.

13            **MS. TREBICKA:**  So it -- at a practical level, Your

14  Honor, the case when it was filed was limited to two products,

15  Google Ad Manager and Google Analytics.  18 months of

16  discovery proceeded just on the basis of scope of the case

17  being limited to those two products.

18       Discovery has now been pushed twice.  We're at

19  discovery -- the new discovery deadline is March 4th.  We

20  anticipate that if this motion were to be granted, it would

21  change the scope of the case, and it would also threaten to

22  up-end the discovery deadline and the rest of the schedule.

23            **THE COURT:**  Have they asked for more discovery?

24            **MS. TREBICKA:**  Not currently, Your Honor.

25            **MR. LEE:**  (Shakes head.)

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR (510) 565-7228*

1      **THE COURT:**  So what if they -- what I refuse to allow

2      them any more discovery, then what's the prejudice?

3      **MS. TREBICKA:**  The prejudice could also be in the

4      amount of potential revenue that's related to their damages --

5      **THE COURT:**  -- isn't an issue for me on terms of

6      class definition.  The question is whether or not something

7      has been litigated.  So if it's already been litigated, then I

8      don't understand what the objection is.  You may not like it,

9      but if there's no prejudice in terms of what's actually been

10     litigated, then I don't understand how you have a strong

11     opposition.

12     **MS. TREBICKA:**  So there is -- so if there is no new

13     discovery, absolutely no new discovery, that's one thing.  We

14     haven't quite been told that so we were obviously not

15     necessarily aware of it.  But --

16     **THE COURT:**  Is there a -- are you willing to concede

17     and stipulate that you will not ask for any further discovery,

18     Mr. Lee?

19     **MR. LEE:**  Your Honor, I'm going to let Mr. Mao answer

20     this 'cause I see him trying to jump in.

21        Go ahead, Mr. Mao.

22     **MR. MAO:**  Good afternoon, Your Honor.  Mr. Mao over

23     at Boies Schiller Flexner.  Sorry.  I'm just trying to make

24     sure the echo's not on my -- my end, Your Honor.

25        Is this loud enough?

 1          **THE COURT:**  Yes.

 2          **MR. MAO:**  Okay.

 3      So if you look at the complaint, the complaint originally

 4  alleged that Google was --

 5          **THE COURT:**  I asked a specific question, Mr. Mao, and

 6  I'm asking for an answer to that question.

 7          **MR. MAO:**  Understood.

 8      So we -- the issue here is whether pending discovery, Your

 9  Honor, would with cover the products in which Google --

10          **THE COURT:**  -- you asking for more discovery --

11          **MR. MAO:**  No.

12          **THE COURT:**  -- and will you stipulate?

13          **MR. MAO:**  No new discovery.

14                  (Simultaneous colloquy.)

15          **THE COURT:**  Will you stipulate to no more discovery

16  and standing on what you have?

17          **MR. MAO:**  It's -- well, Your Honor, we're asking to

18  stand on what has already been issued.  Most of the discovery

19  at issue has already been issued for months.  And what we're

20  fighting over, Your Honor, is whether or not the new products

21  which are actually covered by the documents that Google has

22  produced -- so Google has recognized these products as being

23  responsive.

24          **THE COURT:**  Mr. Mao, you're going to have a hard time

25  in front of me if you can't answer simple questions.

1    Discovery closes March 4th.  Right?

2         **MR. MAO:**  Yes, Your Honor.

3         **THE COURT:**  Okay.  So are you asking for more

4    discovery?  Are you trying expand the nature of discovery?

5         **MR. MAO:**  No, Your Honor.  We're standing on the

6    discovery already served --

7         **THE COURT:**  -- Trebicka, what's the issue?

8         **MS. TREBICKA:**  So, Your Honor, the issue is this:

9    There is certain discovery that has already been served.  And

10   it's so broad that it encompasses topics, importantly

11   products, that we believe are outside of the scope.  So we

12   have responded to that discovery with the understanding that

13   the scope is limited to Google Ad Manager and Google

14   Analytics.

15       This issue arose because in the context of responding and

16   negotiating 30(b)(6) testimony, plaintiffs wanted to expand it

17   to something that we thought was unreasonable and almost

18   impossible to prepare a 30(b)(6) on, so this is -- so it will

19   actually mean more discovery despite the fact that it will --

20   it will not mean new issuing of discovery because the scope of

21   a -- of the ambiguous and vague discovery requests that have

22   already been served will be expanded.

23        **MR. MAO:**  Would you like me to respond, Your Honor?

24   Or --

25        **THE COURT:**  Go ahead.

1     **MR. MAO:**  So, Your Honor, the discovery is not being

2     expanded because we are merely following up on the very

3     products Google has produced in response to the discovery that

4     has already been served.

5         Insofar as Google -- there's really two products at issue,

6     Your Honor.  It's Google Search, which is also being tracked

7     off of Google.com when people are incognito, and then AdSense,

8     which as Mr. -- Mr. Lee had referenced.

9         Those things were identified by us because they were

10    identified by Google in response to discovery, saying that

11    these were also things in which Google was tracking users on.

12        So we accordingly, of course, in response to what Google

13    thought was responsive, believe that that belongs in the case.

14    There is no prejudice because they have been producing

15    documents on that.  What they want to do is they want to

16    exclude that notwithstanding the fact that their own engineers

17    and custodians recognize this as responsive.

18        **THE COURT:**  And this relates to all of the discovery

19    disputes that are still pending before Judge van Keulen?

20        **MR. MAO:**  Yes, Your Honor.

21        **MS. TREBICKA:**  To a fair number of them.

22        **THE COURT:**  Well, I will talk to her about the scope.

23    I would suggest that you all focus on prejudice and the

24    scope of discovery in terms of your briefing.

25        **MR. MAO:**  (Nods head.)

1        **THE COURT:**  Okay.

2      Summary judgment.  What is your deadline?

3        **MR. LEE:**  Apologies, Your Honor.  I don't have the

4    summary judgment deadline in front of me.

5        **MS. TREBICKA:**  Your Honor, I -- I don't believe that

6    we have set a summary judgment deadline.  We only -- we're

7    only up to class certification hearing.

8        **MR. LEE:**  I think that's right.

9        **THE COURT:**  Do you need an answer on class

10   certification before you can file a motion for summary

11   judgment?

12       **MR. LEE:**  For plaintiff's purposes, no, Your Honor.

13       **THE COURT:**  Is plaintiff planning on filing a motion

14   for summary judgment?

15       **MR. LEE:**  We are -- I don't want to rule it out,

16   but -- it's in discussion.  I think likely not, but I don't

17   want to rule it out.  I think it's still a possibility.

18       **THE COURT:**  Right.

19      For the defense.

20       **MR. SCHAPIRO:**  I don't think we do either, Your

21   Honor.  Obviously, there are practical reasons why it might

22   make sense to know about class cert before.  But I don't think

23   it -- as a -- in terms of the legal arguments we'd be making,

24   as long as we've completed all -- all -- you know, discovery

25   and expert discovery with enough time.

1    **THE COURT:**  Okay.

2    So let me give you a deadline.

3    If you don't need an -- I mean, I would take it with

4    respect to -- and I'll have a question on the *Calhoun* case,

5    but to the extent you want to bring summary judgment, I would

6    expect -- well, are you -- would the plan be to do that

7    relative to the whole class, or is the plan that it would

8    relate to the named plaintiffs only?

9    **MR. SCHAPIRO:**  Well, Your Honor, I'll be candid.  I

10    don't know if we -- we're very far along in our thinking on

11    that.  But my expectations would be as to the named plaintiffs

12    who presumably stand in the shoes of the entire class.  And if

13    they -- if they don't have a claim, no one in the -- in the

14    class will have a claim.

15    I'm cognizant of your -- your rule that we need to file --

16    we would need to file premotion letter first and have a brief

17    conference in front of for any proposed summary judgment

18    motion.  But I'll --

19    (Simultaneous colloquy.)

20    **THE COURT:**  Reason I ask, Mr. Schapiro, is that if

21    you anticipate that this motion relates only to the named

22    plaintiffs, then I want the briefing to be done on the same

23    schedule, and I'll look at everything at once.  It's more

24    efficient for me to do that it way.

25    If you anticipate that you want to bring a motion after

```
 1   class certification because you want the ruling to apply to

 2   the entire class, as opposed a ruling to be applied to an

 3   individual plaintiff, then I have to schedule something

 4   different.

 5          MR. SCHAPIRO:  So I'm pausing because I'm thinking

 6   here, Your Honor.  And it seems like that the stakes are

 7   somewhat high with regard to that.  And I -- I don't think

 8   I've thought it in -- in that way.  What you're saying -- it's

 9   a very -- it's a rational question.

10          THE COURT:  This is what I will do then:  I'm going

11   to issue an order that says that if you intend to bring your

12   motion relative to the individual plaintiffs, it needs to be

13   filed by August 2nd.  Right?  Thirty-five -- that way we get

14   it all teed up 35 days' notice unless you anticipate it being

15   something bigger than that.

16       If it -- if the motion is -- you want it to be relative to

17   the entire class, then 35 days after the court's ruling on

18   class certification.

19          MR. SCHAPIRO:  Perfect.

20          THE COURT:  Okay.  Until I know whether or not this

21   is a class action or an individual action, I won't give you a

22   trial date.  But I anticipate that this will go to trial,

23   then, at the beginning of 2023 so we'll know sometime in the

24   fall, right?  Because there's nothing to be done -- not much

25   once we get past class certification, correct?
```

1      **MR. LEE:** I think that's right, Your Honor.

2      **MR. SCHAPIRO:** Yes.

3      **THE COURT:** Okay.

4      I have a number of big trials in 2023 so I don't want set

5      it until I know I've got some open space for you.

6      Okay. Anything else we should do on this one?

7      **MR. LEE:** Not from plaintiffs, Your Honor.

8      **MR. SCHAPIRO:** Nothing here, Your Honor.

9      **THE COURT:** Okay.

10     If I can get *Calhoun vs. Google* up.

11     **MR. MAO:** Thank you, Your Honor.

12     **THE COURT:** Thank you.

13     Okay. So on *Calhoun* -- and let's see, again, I have

14     Mr. Schapiro and Ms. Trebicka -- -bicka [phonetic]? 'Becca

15     [phonetic]?

16     **MS. TREBICKA:** Trebitzka [phonetic]. If --

17     **THE COURT:** Trebicka [phonetic]?

18     **MS. TREBICKA:** Trebitzka [phonetic].

19     **THE COURT:** So I'm seeing T-r-e-b-i-c-k-a.

20     **MS. TREBICKA:** Correct. It's an Albanian name. The

21     correct pronunciation is Trebitzka [phonetic], and I'm still

22     kind of holding on to that. But Trebicka [phonetic] will be

23     just fine, too.

24     **THE COURT:** Well, yeah -- and the audio's not great,

25     so I think there's an extra sound in there that I'm missing.

1    We'll wait till I have you in person and I can hear it better.

2        Okay.  And then on the plaintiff's side, looks like

3    Ms. Weaver, Mr. Straite, is it?

4            **MR. STRAITE:**  (Nods head.)

5            **THE COURT:**  And Mr. Barnes.

6        Okay.  Similarly, we have close of fact discovery

7    March 4th; expert reports, March 17th.  You've heard -- any --

8    and then rebuttal reports, May 5th.  You all heard my comments

9    with respect to experts.

10        Do you have any questions?

11            **MS. WEAVER:**  Your Honor, Lesley Weaver on behalf of

12    the plaintiffs, and I think there are some complexities here

13    that you're already noticed.

14        We already have experts for class cert.  If -- we defer to

15    the court, but it might be useful to refresh and recount what

16    has already happened and been briefed and is pending, because

17    there are complexities and I think had we been before Your

18    Honor, you're right, they would not have occurred.

19            **THE COURT:**  All right.  Go ahead.

20            **MS. WEAVER:**  Okay.  So we filed for class

21    certification.  We moved on October 14th.  Our reply brief was

22    actually due today.  We are grateful to the court for giving

23    us a few more days to get that reply brief in because we're

24    also taking two depositions today and another one on Monday by

25    stipulation.

```
1          In any event, as you saw, Judge Koh had a -- the -- the

2     schedule that you just noted, which was the summary judgment

3     schedule.

4          Google filed a motion for summary judgment on

5     November 30th.  We had not discussed that.  They did grant us

6     an extension of time to respond from December 22nd

7     January 14th.

8          The issue is consent.  Google is seeking to dispose of all

9     of our claims on consent.  We do oppose.  We think we will

10    prevail.

11         There's currently a hearing date set for March 10th on

12    that motion.  Class cert, you set a hearing on May 31st.  If

13    Your Honor wished, we could put the hearing for both motions

14    on the same day.  The wrinkle is that plaintiffs would like to

15    move for summary judgment.  And that is the schedule that you

16    see before you.

17         Even if we stood where we were, we were going to ask for a

18    little bit of time.  The date March 17th was set before *Brown*

19    extended their cutoff and so ours was, which is to say the

20    close of fact discovery used to be in January.  And we have no

21    time between opening expert -- merits experts, so maybe if we

22    could move that out a little bit.  I realize it gets complex,

23    but I'm showing you the problems and you can tell us how you

24    would like to handle it, Your Honor.

25              THE COURT:  Okay.  Well, you -- well, you jumped
```

1   around a lot.  Let's do a couple of things.

2       One, I take it, just because of the timing, that because

3   Google has filed for -- on a motion for summary judgment on a

4   defense, that that defense -- a ruling on that only applies to

5   the named plaintiffs.  It doesn't apply to the class.

6       There is no class certification of a class, right?  So by

7   definition, it can't apply to a class.

8           MR. SCHAPIRO:  Right.  So -- and I think I -- I

9   understand a little better what you were saying now *Brown*.  So

10  I can see how certainly in some cases, there would be a

11  question, you know, is this res judicata?  Is it binding on a

12  class?  And I suppose as a technical matter --

13          THE COURT:  It's not binding on the class until I

14  certify the class.

15          MR. SCHAPIRO:  Sure.  Sure.  So -- so would it be

16  binding on other people, other people who are not the named

17  plaintiffs.  Our belief -- the only reason we filed this is

18  that the logic applies to -- to all users of -- of -- of the

19  product.  And yes, I --

20              (Simultaneous colloquy.)

21          THE COURT:  This issue has been litigated before the

22  Ninth Circuit.  And, in fact, I had to -- I inherited a case

23  which created huge difficulties when the judge -- the trial

24  judge there, granted summary judgment, had -- had not

25  certified the class.  It went up to the Ninth Circuit.  It

1    came back.  And the Ninth Circuit said, this cannot apply to
2    the class, which created major issues.  I do not intend to
3    trod that path again.
4        So I don't know what your motion's -- I don't know if it's
5    good, if it's not.  I haven't read it.  But until I certify a
6    class, it doesn't apply to the class.
7            **MR. SCHAPIRO:**  I -- I agree with that a hundred
8    percent and -- and understand.
9        I was simply trying to say that I -- with our eyes wide
10   open, we believe there is a very strong practical benefit
11   to -- to having the issue decided at an early time.
12           **THE COURT:**  How is this early?  This case was -- this
13   is a 2020 case.  It's 2022.  That's not what I would consider
14   certainly early.
15           **MR. SCHAPIRO:**  Fair enough.  It is -- it is -- by
16   "early" I meant prior to class cert briefing, and this was
17   filed prior to the close of discovery.
18           **THE COURT:**  Okay.
19       Again, I don't -- I don't see the benefit given that it
20   can't apply to the class.
21       But -- and I -- and I take it that Judge Koh does not have
22   a rule -- or is this your one shot?
23       Does Judge Koh have the rule that you can only file one
24   summary judgment per case?
25           **MR. SCHAPIRO:**  She does not.  She did not.

1    **MS. WEAVER:**  I will note, if I might, she did have a

2    rule that only three *Daubert*s are permitted.  I don't know --

3    I think because --

4        **THE COURT:**  -- that rule.  I may impose that rule on

5    all the rest of my cases.

6        **MS. WEAVER:**  Yeah, it's not a bad rule.  I think

7    the -- the issue here perhaps is that in the transition, you

8    know, maybe there wasn't an opportunity to really kind of

9    identify look and -- and sort this issue, because it's

10   certainly thorny, and Your Honor has the pleasure of trying to

11   sort it out.

12       We would propose they could be heard on the same day.

13   Plaintiffs do think that we can dispose of this summary

14   judgment motion.  We did note that Google said in their case

15   management conference statement they wanted to bring another

16   motion for summary judgment, and we would oppose that.

17       **THE COURT:**  Well, I'm not -- that I'm not willing to

18   do.  If that wasn't Judge Koh's rule -- look, if you're

19   litigating in front me, you know going in you get one and

20   that's all you get.  So you pick carefully.  And -- and that

21   rule applies going forward.  So the other cases you do not get

22   more than one.  You choose which -- which one you want.  But I

23   don't think it is fair to apply that rule retrospectively when

24   Judge Koh didn't have that rule.

25       So you can have one more, Mr. Schapiro, after this.

 1          This is what I'll do.  If I can get to it, I will.  If I

 2     can't, then I'll put it on the -- on the 31st.  You all should

 3     know I've got six patent cases stacked up for trial beginning

 4     that week.  So we'll see if I even get to it then.

 5          We are now in a judicial emergency.  We have lost multiple

 6     judges, and we don't have any new ones so all of you should be

 7     thinking whether you should be filing motions in front of any

 8     of us in this district because we've all had to absorb

 9     Judge Koh's cases, which are significant cases, and we have no

10     help.

11          So just so that you know, we are literally in a judicial

12     emergency.  I do not want to see motions from you that

13     shouldn't be filed.  And, frankly, with some of these, you're

14     going to get very curt answers because we don't have the time

15     to do big orders at this juncture.

16          The motion with respect -- the summary judgment, again

17     this is set for Thursday.  I cannot do it on Thursday.  We'll

18     reset that for March 15th hearing, which is the next Tuesday.

19     Okay?

20          Let's see.  On the -- on the hearing on class

21     certification, what is -- what is the -- is that fully

22     briefed?

23               **MS. WEAVER:**  Your Honor, our reply brief --

24               **MR. SCHAPIRO:**  No, Your Honor.

25               **MS. WEAVER:**  I apologize.

1    Our reply brief was due today.  It will be coming in next

2    week as soon as we get deposition transcripts.  We don't have

3    a date fixed.  We lope to file by the 15th or 16th.  I just

4    would -- I would note for the record, Your Honor, that as a

5    matter of equity, allowing Google two summary judgment motions

6    and plaintiffs one doesn't seem fair.  And we would ask

7    certainly that they not be allowed to move on consent again.

8    They have moved on consent.  And that is their shot.

9    And then Your Honor can decide whether or not, I guess, it

10   applies to the class as res judicata, but it -- it has been --

11   it was not insignificant to the resources in the middle of

12   discovery to have that motion come in as a surprise without

13   conferring.  And I think that's why Your Honor has the rule,

14   so we just need to note for the record, Your Honor.  We

15   understand your ruling.

16       **THE COURT:**  I think that that's fair.  There won't be

17   another further motion on consent.

18   Mr. Schapiro, if -- if you want -- if you want to maintain

19   that as your -- as your motion to the named plaintiffs, that's

20   fine.  You will not get another opportunity on consent with

21   respect to the class.  Your other option is to withdraw it

22   without prejudice.  I haven't read it.  There's -- from my

23   perspective -- and if it's the same arguments, it's the same

24   arguments.  So you can think about that.  But I think it's

25   fair this is your only shot on consent.

```
 1              MR. SCHAPIRO:  That's helpful, Your Honor.  We
 2    will -- we will take that back and think about it.
 3              THE COURT:  What's today?  The 11th?
 4              MS. WEAVER:  It is.
 5              THE COURT:  If you're going to withdraw it, you must
 6    withdraw it by February 25th.  I don't want to have a start on
 7    it only to you with- -- you to withdraw it at the last minute.
 8              MR. SCHAPIRO:  Definitely.
 9              THE COURT:  Okay.
10        Let's see.
11        Okay.  So you want to talk about ADR?
12              MS. WEAVER:  We could, Your Honor.
13        Did you want -- I did have a question about the opening
14    expert report date and if we could adjust those.  And what I
15    might even propose is if we can hear from opposing counsel
16    after they make their decision about whether they're standing
17    on their summary judgment motion, maybe we could confer and
18    would Your Honor allow us to -- to set a -- a slightly
19    modified briefing schedule for -- or sorry -- expert schedule
20    for you to consider?
21              THE COURT:  Well, right now, the summary judgment
22    deadline and *Daubert* deadline -- the motions are to be filed
23    August 5th, oppositions September 2nd, with replies
24    October 7th, right?
25              MS. WEAVER:  Yes.
```

1              (Simultaneous colloquy.)

2         **THE COURT:**  Currently the close of expert discovery

3    is June 30th.  Right?

4         **MS. WEAVER:**  Correct.

5      What I would say, Your Honor, is we have each put forward

6    five experts on class cert.  We've deposed them.  We just -- I

7    don't want to move much out.  I would leave the briefing

8    schedule but just maybe move that opening expert report

9    deadline out by maybe a week because we have seen a lot of

10   these people unless we're all coming in with a new slew of

11   experts that I suppose that could be true.  But I think if you

12   could just give us a week to March 24th and a week to May 12th

13   on the rebuttal, that would give us just a little bit of

14   breathing room.  And then we don't have to change anything

15   else on the schedule, Your Honor.

16        **THE COURT:**  There an objection?

17        **MR. SCHAPIRO:**  No objection.

18        **THE COURT:**  So ordered.

19     Okay.  Did you -- did you include in the -- back on the

20   motion for summary judgment, Mr. Schapiro, did you include new

21   authority issued after plaintiffs' opposition?

22        **MR. SCHAPIRO:**  We cited one case in one footnote,

23   Your Honor, in our reply brief.

24        **THE COURT:**  And what -- was that?

25        **MR. SCHAPIRO:**  As I stand here, Your Honor, I -- I

1    don't recall.

2              THE COURT:  All right.

3                    (Simultaneous colloquy.)

4         MR. SCHAPIRO:  -- I know that that's the reason they

5    are -- they've come to us and asked for, I think -- have also

6    put in the case management statement that they would be

7    seeking a surreply.  I don't think we would have any objection

8    to, you know, a -- a paragraph or something on the import of

9    the case, but we don't believe it would be fair to allow them

10   a surreply because we cited one case in a footnote.

11                    (Simultaneous colloquy.)

12             MS. WEAVER:  -- your Honor?

13             THE COURT:  One case in a footnote?

14             MS. WEAVER:  It is a case, yes.  It is a case decided

15   by Chief Judge Seeborg against Google on the issue of one of

16   the very consent arguments that Google makes in this case, and

17   he held that one -- it's called "whack," is the acronym --

18   that the whack screen is not part of Google's contract as a

19   matter of law.

20        And we believe it disposes on their entire motion, which

21   is premised -- so for that reason, we would ask for a little

22   more than is customary.  Certainly a statement of recent

23   decision should have no argument, but we would like to be able

24   to address it.

25             THE COURT:  You get one page.  That's it.

1      **MS. WEAVER:** Okay.

2      **THE COURT:** Okay.

3      All right. I think -- I think that's all, then, for this

4  case. Any questions?

5      And just a reminder, you do have to consult with me before

6  filing those summary judgment motions.

7      **MS. WEAVER:** Understood, Your Honor.

8      **THE COURT:** Okay. Anything else on this one?

9      **MR. SCHAPIRO:** No, Your Honor.

10     **MS. WEAVER:** No.

11     **THE COURT:** All right. Let's go ahead and move then

12 to the In re: -- *In Re: Google RTB Consumer Privacy*.

13     Now, one -- one thing on this, it appears that *Delahunty*

14 and *Toronto* -- this is 21-3360 and 21-3725 are still pending

15 but were consolidated into 21-2155; is that right?

16     **MS. PRITZKER:** Yes. If I can respond to that, Your

17 Honor. Elizabeth Pritzker.

18     Delahunty, Toronto, Hewitt were all consolidated into the

19 Google -- In Re: Google Consumer Privacy.

20     **THE COURT:** Okay.

21     **MS. PRITZKER:** *In re: Google RTB Consumer Privacy*.

22 Excuse me. But yes.

23     **THE COURT:** What I'm going to do -- 'cause they're

24 still showing up on the docket -- I am hereby administratively

25 closing 21-3360 and 21-3725 because I almost issued an order

1    to show cause why I shouldn't sanction you all for filing CMC

2    statements in these other cases that were on my docket.

3        We're just going to administratively close them.  I see no

4    reason to have them open.  Good?

5            **MS. PRITZKER:**  Understood, Your Honor.

6            **MR. GUTKIN:**  No objection, Your Honor.

7            **THE COURT:**  You've now just eliminated two of my

8    cases like that (snaps fingers), so I'm very happy about that.

9            **MS. PRITZKER:**  Happy to accommodate.

10           **THE COURT:**  This case, then, I take it is different

11   from the other two?

12           **MR. GUTKIN:**  It is, Your Honor.

13           **MS. PRITZKER:**  It is.

14           **MR. GUTKIN:**  Factually and in terms of for how long

15   it's been pending at the stage at which it's at.

16           **THE COURT:**  And as I understand it, the other ones

17   are about the collection.  This is more about the

18   dissemination.

19           **MS. PRITZKER:**  That's correct, Your Honor.  It's --

20   It's a different -- we're challenging a different practice, a

21   different premise.  And it is -- it is about dissemination and

22   sale of private data as opposed to collection and -- of -- of

23   private data from account users; that's correct.

24           **THE COURT:**  Okay.  So I'm surprised that there's

25   still a pending motion to dismiss, but you're moving forward

1  in any event, so what's -- why -- what am I dealing with here?

2      **MR. GUTKIN:**  Your Honor, this is Jeff Gutkin on

3  behalf of Google.

4      They [sic] refiled the motion to dismiss, and it was fully

5  briefed.  And Judge Koh just shortly before, almost

6  simultaneously with the -- her elevation to the Ninth Circuit,

7  vacated the hearing on the motion to dismiss.  So it remains

8  pending.  Google think -- thinks it's appropriate to convene a

9  hearing to resolve the motion to dismiss, but we, of course,

10  defer to Your Honor's preference on that.

11      **THE COURT:**  But what -- what is the -- and -- will --

12  is it trying to narrow the case?  Trying to get rid of the

13  entire case?  Why am I spending time on this?

14      **MR. GUTKIN:**  Well, yes, Your Honor.  It would be a

15  motion to resolve the case.  For example, our initial argument

16  is that the plaintiffs have not adequately alleged standing,

17  that they have not pled facts specific to the activities and

18  conduct of the named plaintiffs that would allow the case to

19  go forward.

20      Then we additionally have arguments on each of the claims,

21  Your Honor.  Each of the eight claims at issue.

22      **MS. PRITZKER:**  I think that's right, Your Honor.

23  There -- there are really three issues, I think, that are

24  framed by the motion to dismiss that are -- there are the

25  usually pleading challenges that defendants bring to all

1    causes of action, so there are those challenges.

2        There is an issue with respect to plaintiffs' standing,

3    which we have briefed.  We think that under the Facebook

4    Internet tracking case and other Ninth Circuit precedent, that

5    we have certainly alleged all facts necessary to support

6    standing under that precedent as well as under *Spokeo*, but

7    that is a matter of the -- of the briefing before Your Honor

8    on the motion to dismiss.

9        And then there are issues regarding the -- consent, I

10   guess, which are also raised in the motion to dismiss which --

11   you know, there -- there are going to be factual disputes on

12   all of these, but these -- these are matters that are raised

13   in the motion to dismiss in large part.

14           **THE COURT:**  And notwithstanding that, and

15   notwithstanding that we have two cases that are similar but

16   not identical that have been in the process of being

17   litigated, you've got a substantial document production

18   completion by April, in two months?

19       Mr. Gutkin, really?

20       We're really spending time on that motion to dismiss in

21   light of everything else that's happening?

22           **MR. GUTKIN:**  Well, yes, Your Honor.  We did not think

23   that Judge Koh would permit us to stand down on discovery.  Of

24   course, if Your Honor would entertain a motion to stay

25   discovery while the motion --

1        **THE COURT:**  Denied.

2        **MR. GUTKIN:**  So yes, Your Honor.  We proceeded with

3    discovery in good faith, and Judge Koh entered the substantial

4    completion deadline for document production.

5        However, in terms of whether plaintiffs have adequately

6    alleged standing, and whether their claims are viable, Google

7    believes it's appropriate to have the motion to dismiss ruled

8    upon even as we proceed with discovery as ordered by

9    Judge Koh.

10        **THE COURT:**  Well, my sense is that Judge Koh probably

11    didn't think much of the motion, which is why she allowed

12    discovery to proceed while this motion was just sitting there.

13        So if you're going to force me to look at it, I'll look at

14    it, and I will, of course, deal with it.  But it doesn't --

15    but I query whether it's really worth the court's attention.

16        But we'll deal with it.

17        **MR. GUTKIN:**  Thank you, Your Honor.

18        **THE COURT:**  I may not give you much of a hearing.

19        **MR. GUTKIN:**  Understood.

20        **THE COURT:**  Class certification briefing, June 23rd;

21    opposition, August 4th; reply, September 2nd.

22        **MR. GUTKIN:**  Correct, Your Honor.

23        **MS. PRITZKER:**  That's correct, Your Honor.

24        We do have a case schedule, unlike the other cases that we

25    both -- it does go through trial, and I guess now that the

1    cases is in front of Your Honor, that may change.  But we --

2    we did have a case schedule that was issued in Docket 83 back

3    in September that -- actually it does go all the way through

4    trial.

5            **THE COURT:**  Curious why she gave you a trial date but

6    not the others.

7            **MS. PRITZKER:**  Because we asked for it.

8            **THE COURT:**  Okay.

9            **MS. PRITZKER:**  Again I know that your procedures,

10   having appeared in front of you, are very different from

11   Judge Koh's.  Certainly I know some of the hearing dates we've

12   established in there are going to change because they're not

13   set on Tuesdays.  And if it's Your Honor's inclination to

14   vacate that trial date, reset it at a later time in light of

15   your -- Your Honor's jury trial schedule, we understand that.

16       But currently that is the schedule that we stipulated to

17   and negotiated and one that Judge Koh ordered.

18           **THE COURT:**  All right.  Well, the class cert motion

19   hearing I'll align with the other ones, so we'll make that

20   September 20th, and that's at 2:00 p.m. 'cause my trial day

21   ends at 1:30.

22       December 15th for your fact discovery cutoff is fine.

23   Opening experts, January 12th is fine.  Rebuttal February 9th

24   is fine.  And then close of expert discovery March 2nd is

25   fine.

1      Do you have any questions about expert discovery?

2           **MR. GUTKIN:**  Not for Google, Your Honor.

3           **MS. PRITZKER:**  Not at this time, Your Honor.

4           **THE COURT:**  And in terms of dispositive motions and

5      *Daubert*s -- oh, see here, she did impose it, one dispositive

6      motion per side.  That's it.  And I will keep her three

7      *Daubert*s per side.

8           And all of you should remember *Daubert*s are not to be

9      brought just because you disagree with a conclusion.  I don't

10     know how often district judges have to say that.  It doesn't

11     seem to sink in because we so often get *Daubert*s just because

12     people don't like the -- what the conclusion is of the other

13     side.  That isn't a basis.  The question is, is there a lack

14     of foundation, really, for the opinions that are being

15     brought.

16          So, again, be judicious with -- with those motions.  I can

17     tell you I have now a stock paragraph that I use to deny them.

18     So think about what it is you're asking us to do.

19          **MS. WEAVER:**  Your Honor?  I -- I apologize.  I do

20     have a question on that point.

21          We had -- we had *Daubert*s ready to file in our reply brief

22     on class cert.  If we don't know what is happening and whether

23     there will be a summary judgment motion with different

24     experts, we're prejudiced by being forced to make that

25     decision in the dark right now whereas if you -- to clarify,

1   the original summary judgment motion has no experts, so if we

2   use our three on class cert, we're fine.

3        **THE COURT:**  -- I'll get back to you.

4        **MS. WEAVER:**  Okay.

5        **THE COURT:**  All right.  August 21st.

6        **MS. PRITZKER:**  Yes, Your Honor, that would be our --

7   our jury trial date.  And I think the pretrial conference may

8   not quite align with your procedures either, but it's close, I

9   think.

10       **THE COURT:**  Yeah, so you can keep the date since it

11  was already ordered.  Your pretrial conference, those -- I do

12  them on Friday so July 28th, not 27th, and it's at 9:30 a.m.,

13  not at 1:30 p.m.

14       **MS. PRITZKER:**  I had in my notes either the 26th or

15  the 28th, so I guess it was close.  Sometimes it's Wednesdays,

16  and sometimes it's Fridays.

17       **THE COURT:**  Correct.  Sometimes Wednesday; sometimes

18  Friday.  I don't have standing calendars on those two days.

19       The only thing I will say about that is that with that

20  trial date, and a pretrial conference on July 28th, that means

21  under my standing order, your pretrial filings are due

22  July 14th, which means that you are exchanging exhibits by

23  June 14th, which is two weeks after your hearing on

24  dispositive motions.

25       The likelihood that I'm going to have an answer for you

1   two weeks later, depending on the docket, may be low.  So you

2   could be preparing for trial without an answer on your summary

3   judgment.

4       You sure you want to keep that date?

5           **MR. GUTKIN:**  Your Honor, I -- I -- your point is well

6   taken, and perhaps Ms. Pritzker and I, assuming she's amenable

7   to this, should take a look at that before we formalize the

8   entire schedule.

9           **THE COURT:**  Ms. Pritzker?  I mean, you've been in

10  trial with me before.  You know my filings are not

11  insignificant.

12          **MS. PRITZKER:**  No, they are not insignificant.  They

13  are quite an undertaking.

14      It's not clear that the plaintiffs are going to be filing

15  dispositive motions, so this wouldn't necessarily be an issue

16  that would impact us.  I would be happy to confer with

17  Mr. Gutkin further to see if we can move that date later into

18  the fall if that's your preference.

19      I know late July is often a problem for the Ninth Circuit

20  conference and other things, too, so we could --

21                  (Simultaneous colloquy.)

22          **MS. PRITZKER:**  We could move it a couple months.

23          **THE COURT:**  We can keep it there for now.  It was

24  given to you.  We can keep it there for now.  I'm just telling

25  you what the practical import is of that trial date.

 1        **MS. PRITZKER:**  Understood.

 2        **THE COURT:**  And, again, I need to move your hearing

 3   date from May 25th, which is a Thursday.  I'll give you

 4   May 30th, which is a Tuesday.  And even that is just two weeks

 5   after -- I mean, how many?  I don't know -- potentially six

 6   *Daubert*s and a summary judgment, so -- may or may not

 7   happen -- you know, I may not be able to do all of that in two

 8   weeks.  But we'll see.

 9        **MS. PRITZKER:**  Again, Mr. Gutkin -- can go back and

10   look at that and obviously take Your Honor's in consideration.

11   I know that you are busy, and maybe we can give you some

12   relief on that and --

13        **THE COURT:**  I'm sure.

14        **MS. PRITZKER:**  -- give defendants some relief as

15   well.

16        **THE COURT:**  I'm sure I'll see you before then.

17     Okay.  I think -- anything else on your case?

18        **MS. PRITZKER:**  One other matter.  We do have three

19   pending discovery matters in front of Judge -- Magistrate

20   Judge DeMarchi, which is -- she's spent a lot of time with us

21   last week and -- and gave us a lot of good direction, and we

22   are awaiting a ruling from her.

23     There is one issue with respect to a Texas

24   Attorney General document production that was previously an

25   issue that there was some -- I guess some lack of clarity in

1    Judge Koh's orders regarding what should be produced out of

2    that production and what shouldn't.

3        I -- I take it from last week's hearing that Judge

4    DeMarchi may be conferring with you about that -- about that

5    issue or even Judge Koh potentially about that issue, but

6    that's sort of one item that may come across your plate.

7        Other than that, I think from a case management

8    standpoint, I don't think we have much to bother you about

9    today.

10            **THE COURT:**  Mr. Gutkin?

11            **MR. GUTKIN:**  Yes, Your Honor.  Judge DeMarchi took

12    our -- so Judge Koh issued an -- a ruling.  Both parties filed

13    a request for clarification.  And I think Judge Koh deferred

14    to Judge DeMarchi on this.  And in our hearing, which was this

15    week on Tuesday, we actually presented oral argument including

16    going through some of specific disputed CIDs, so I believe

17    Judge DeMarchi has now heard argument on this and took the

18    time to do that in our -- our lengthy hearing and is planning

19    to rule on these issues.

20        That's my understanding, which is perhaps a bit different

21    than Ms. Pritzker's, or maybe it's just a different way saying

22    the same.

23            **THE COURT:**  Well, I'm hopeful that she will.

24            **MS. PRITZKER:**  I'm certain that she will.  I think

25    there was one maybe offhand comment that she might consult

1   with you on that one issue, but I'm sure she will take it into

2   her own hands and deal with it.

3          **THE COURT:**  Okay.

4      Great.  Nothing else with you.  Then it looks like I need

5   to go back to -- is that *Calhoun vs. Google.*

6          **MS. PRITZKER:**  It is, Your Honor.  Thank you very

7   much.  Appreciate your time.

8          **MR. GUTKIN:**  Thank you, Your Honor.

9          **THE COURT:**  Thank you.

10     Okay.  So it sounds like I need, Mr. Schapiro, for you to

11  make a decision on your motion sooner than the 25th.  That

12  will solve the problem.

13         **MR. SCHAPIRO:**  Is the problem that I'm hearing Ms. --

14  Ms. Weaver describe, that they're having to decide which

15  *Daubert*s to make in a state of some uncertainty?  Because that

16  has been -- was the case always under Judge Koh as well.

17     I mean, we're hearing now that they are filing a summary

18  judgment motion.  We've already filed two *Daubert*s, and so

19  should Judge Koh not been elevated, we would all be in the

20  same situation where you get three *Daubert*s and you use them

21  as you choose.

22     But we're happy to make our decision anyway a little bit

23  earlier.  I'm just saying that I don't think there's

24  really any -- any unfairness here.  And giving more options to

25  the plaintiffs would actually be treating them unequally.

| | |
|---|---|
| 1 | **THE COURT:**  I don't know what Ms. Weaver's thinking. |
| 2 | **MS. WEAVER:**  Thank you, Your Honor. |
| 3 | Yes, I think now that we have clari- -- I think knowing |
| 4 | whether or not they are bringing another summary judgment |
| 5 | motion would help us know whether to trouble the court with |
| 6 | three *Daubert*s on a class cert motion now. |
| 7 | We now have a confirmed summary judgment schedule, and |
| 8 | that's the request.  If -- if Your Honor wants us to lump it |
| 9 | and just decide, that's fine.  It just seemed to me these are |
| 10 | so close in time -- we have a reply brief about to file and we |
| 11 | could make a more judicious decision if we knew what Google's |
| 12 | going to do. |
| 13 | **MR. SCHAPIRO:**  The burden on the court will be the |
| 14 | same ultimately.  Three *Daubert*s.  Whether there's one now and |
| 15 | two later or two now and one later, it's -- it's three. |
| 16 | **THE COURT:**  Okay.  Mr. Schapiro, when can you make |
| 17 | your decision? |
| 18 | **MR. SCHAPIRO:**  Today is the 11th.  Can we have one |
| 19 | week till the 18th? |
| 20 | **THE COURT:**  The 18th, it is. |
| 21 | All right. |
| 22 | **MR. SCHAPIRO:**  Oh.  And how are we to -- I apologize |
| 23 | if you said this already, Your Honor. |
| 24 | How are we to communicate this?  I know the court doesn't |
| 25 | want informal emails or anything. |

 1          **THE COURT:**  So if you're -- if you're taking it off,

 2    then I would expect by February 18th, to -- that you would

 3    file a notice of withdrawal of your motion without prejudice.

 4    And then it's done.  If it's --

 5          **MR. SCHAPIRO:**  So -- so if we don't, then -- then

 6    that's that.

 7          **THE COURT:**  If -- right.  If it's -- if it's still

 8    sitting there, I know that you're moving forward with it.

 9          **MR. SCHAPIRO:**  Got it.  Thank you.

10          **MS. WEAVER:**  And then, Your Honor, if they are

11    letting us know on the 18th, may we have until the 19th to

12    file our reply brief, because then we will know and we can

13    make the decision.

14          **MR. SCHAPIRO:**  Reply brief -- pardon, Ms. Weaver.

15       Do you mean the reply brief on...?

16          **MS. WEAVER:**  Class cert with the motion -- the

17    *Daubert* motions.  The -- the reason to accelerate the time

18    line for you was so that we could know what you're doing with

19    your motion and we can make a decision about our *Daubert*s, so

20    we could do it the next day and we can have them in the can,

21    but that is what we would ask.

22          **THE COURT:**  So I -- Counsel, the hearing -- the -- I

23    have a hearing date on -- in my chart, and it's probably in

24    the papers but it's not in my chart.

25       The class certification motion and *Daubert*s per your

1    stipulation, you said was going to be filed the 15th or 16?

2         **MS. WEAVER:**  It's not in writing, Your Honor.  And if

3    I can explain, there were three declarants who were never

4    identified in initial disclosures who put in declarations on

5    the opposition to class cert.

6         We conferred with opposing counsel.  They agreed to let us

7    take these depositions on -- today, so we're taking two today

8    and one on Monday, and what we'd ask for and agreed to with

9    Google is that we'd have two days from the day those

10   transcripts were finalized.  So it's a little bit indefinite,

11   and I don't see much of a difference between the 16th, the

12   17th, or the 19th, especially when the hearing is May 31st.

13        There's no prejudice to Google and giving us a couple days

14   so that we can make an informed decision -- that's what we're

15   thinking.

16        **THE COURT:**  In terms of filing affirmative *Daubert*

17   motions.

18        **MS. WEAVER:**  Yes.  They have five experts.

19        **MR. SCHAPIRO:**  So --

20        **THE COURT:**  There's no prejudice, right,

21   Mr. Schapiro?  It can wait till the 19th.  Right?

22        **MR. SCHAPIRO:**  I suppose -- if there was only the --

23   the general prejudice that you have in every case when your

24   adversary, who's already had a date extended a number of

25   times, gets extra time to work on a brief.

1        But, yeah, I cannot point something that -- that would --

2   beyond that, Your Honor.

3        **THE COURT:**  Then if you -- if you file your -- if you

4   file a notice one way or the other, then -- I don't -- how

5   complicated do you all want me to be?

6        I could say 24 hours within the filing of the notice, but

7   no late -- you know, sometime between 16th, 17th, or 18th.

8   Really, folks, do I have to do this?

9        **MS. WEAVER:**  I think we could decide on a date

10  certain because we don't know when the transcripts will be

11  available either.

12       And, Andrew, I understand your frustration, but I -- let's

13  just reach an agreement here so the court can move on.

14       **MR. SCHAPIRO:**  Yeah, I -- I agree also.  This is --

15  this is starting to get silly, so --

16       **THE COURT:**  Right.

17       So talk to each other, is all I ask.  Be professionals.

18  You can have until the 19th.  If they don't let you know until

19  the 18th.  If they let you know sooner, then your prior

20  agreement stands.  Okay?

21       **MS. WEAVER:**  Understood.

22       **THE COURT:**  Don't make me get upset with you.  That's

23  not where you want to be.

24       **MS. WEAVER:**  I'm very sure of that, Your Honor.  We

25  will do that.

 1          **MR. SCHAPIRO:**  Yes, we can tell.

 2          **THE COURT:**  Already started sanctioning other people

 3   in some patent cases because they're being, you know, sloppy

 4   with their -- with their interactions with each other.  I

 5   just -- I should not have to micromanage this.

 6          **MR. SCHAPIRO:**  I think we -- and I think Ms. Weaver

 7   will agree, we -- we have generally -- I think we both feel,

 8   you know, with the help of the magistrate judge and the

 9   special master have -- have managed to work out an awful lot

10   among ourselves and, you know, the -- the issue is that

11   there's -- that there's a whole lot of moving parts in this

12   case.  And -- and so even if we work out 90 percent of it, the

13   10 percent is still not insignificant.

14          **THE COURT:**  But this isn't one thing that I should

15   have to micromanage.

16          **MR. SCHAPIRO:**  Agreed.

17          **THE COURT:**  Okay.

18      Figure it out.  But you can have until the 19th.

19          **MS. WEAVER:**  Thank you, Your Honor.

20          **THE COURT:**  All right.

21      Anybody else want to talk about anything else before I

22   adjourn and send you on your way now that I have an

23   understanding of all these cases?

24      And feel free to turn on your video if you need to.

25      Five, four, three, two, one.  Hearing none, everybody stay

1    safe.  Enjoy the Super Bowl if you like football.

2        And I'm sure I will see all or some of you at some point,

3    hopefully some day in person.  But until then, we'll see you

4    on Zoom.

5        Okay.  Everybody take care.

6                    (Simultaneous colloquy.)

7            **MS. PRITZKER:**  Thank you very much, Your Honor.

8            **COUNSEL:**  Thank you very much, Your Honor.

9            **THE COURT:**  We're adjourned.

10        (Proceedings were concluded at 1:21 P.M.)

11                    --o0o--

12

13

14            **CERTIFICATE OF REPORTER**

15

16        I certify that the foregoing is a correct transcript

17    from the record of proceedings in the above-entitled matter.

18    I further certify that I am neither counsel for, related to,

19    nor employed by any of the parties to the action in which this

20    hearing was taken, and further that I am not financially nor

21    otherwise interested in the outcome of the action.

22

23    _____

24        Raynee H. Mercado, CSR, RMR, CRR, FCRR, CCRR

25            Tuesday, February 15, 2022