COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
COLIN S. SCOTT (SBN 318555)
(cscott@cooley.com)
ANUPAM DHILLON (SBN 324746)
(ADhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA
(DC No. 1034981)
(rsaldana@cooley.com)
(*pro hac vice* )
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 776 2109
Facsimile:    +1 202 842 7899

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions*, | Master File No. 5:21-cv-02155-YGR<br><br>**GOOGLE'S OPPOSITION TO PLAINTIFFS' MOTION PURSUANT TO L.R 6-3 AND 7-11 TO AMEND CASE SCHEDULE** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S OPPOSITION TO PLAINTIFF'S
MOT. TO AMEND CASE SCHEDULE
CASE NO. 5:21-CV-02155-YGR

## I.   INTRODUCTION

Defendant Google LLC ("Google") respectfully requests that the Court deny without prejudice Plaintiffs' Administrative Motion ("Motion") to upend the current case schedule, as it is procedurally improper, unjustified, and premature.  As an initial matter, an Administrative Motion is not the proper mechanism for Plaintiffs to substantially modify the entire case schedule.  The Court should also deny the Motion because Plaintiffs have not demonstrated good cause.  Although the Parties have nearly substantially completed their document productions, Plaintiffs request an additional four months – over *six months* from today – to prepare their class certification motion.  Yet Plaintiffs have not shown diligence or specified the additional discovery that justifies such a lengthy extension, focusing instead on the pending motions that may impact the scope of discovery.  But that is a red herring.  Google has already agreed to meet and confer with Plaintiffs regarding a potential modification of the case schedule once Magistrate Judge DeMarchi issues those orders.

The Motion is ill-supported and a waste of judicial resources.  The Court should deny it.

## II.   ARGUMENT

### A.   Plaintiffs' Administrative Motion Is Procedurally Improper.

It is well-settled that a motion that is procedurally improper may be denied on that basis alone.  *Estate of B.H. v. Netflix, Inc.*, 2022 WL 551701, at *1, n.1 (N.D. Cal. Jan. 12, 2022) (Gonzalez Rogers, J.) (denying motion that "improperly raise[d] substantive issues in an administrative motion").   As Google informed Plaintiffs during meet and confer, an Administrative Motion is not the proper means by which to amend the entire case schedule and postpone all significant deadlines, including the trial date, by four to seven months.  (Declaration of Jeffrey Gutkin "Gutkin Decl." ¶ 3.)  Administrative Motions are reserved for "miscellaneous administrative matters, not otherwise governed by federal statute, Federal Rule, local rule, or standing order of the assigned Judge."  L.R. 7-11.  Local Rule 16-2(d), which governs here, states that a party seeking "Relief from [a] Case Management Schedule" must "serve and file a motion . . . pursuant to Civil L.R. 7."  L.R. 16-2(d).  Accordingly, Plaintiffs' request to modify the schedule should be brought pursuant to a noticed motion.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO
1
GOOGLE'S OPPOSITION TO PLAINTIFF'S
MOT. TO AMEND CASE SCHEDULE
CASE NO. 5:21-CV-02155-YGR

Counsel's election to ignore the Local Rules here is particularly unjustifiable given that the largely overlapping group of attorneys in the related *Calhoun* case filed a request to extend the case schedule there as a noticed Rule 16 motion only four months ago. *Calhoun v. Google*, No. 20-cv-05146-YGR, ECF No. 451 (N.D. Cal. Jan. 4, 2022).[1]  The Motion should be denied for this alone.[2]

## B.       Plaintiffs Have Not Demonstrated Good Cause.

Even if the Court were to excuse these procedural defects, the Motion should still be denied because Plaintiffs have not shown good cause to support their requested relief.

*First*, Plaintiffs' Motion does not establish that the existing deadlines cannot be met absent an extension.  Plaintiffs claim they need additional time "to conduct depositions, retain and work with experts, and prepare a class certification motion." (Mot. at 3.)  But their Motion does not explain why Plaintiffs are not prepared to meet the existing deadlines, nor does it demonstrate why they need over *six months* from now to prepare their class certification motion.  "Plaintiff[s] merely argue[] that [t]he current state of discovery [] justifies a modification of the deadline [to file their class certification motion] without specifying how or why the current state of discovery is insufficient for the particular purpose[.]"  *Keck v. Alibaba.com*, 2018 WL 5292212, at *2 (N.D. Cal. 2018) (citation and internal quotation marks omitted).  Such general assertions do not establish good cause.  *Id.  See also Cards Against Humanity, LLC v. Loftek Technological Co., LLC*, 2014 WL 120976, at *3 (N.D. Cal. Jan. 13, 2014) (Gonzalez Rogers, J.) (denying "blanket two-month extension" when Plaintiffs had made "no affirmative showing why the time allotted" is inadequate).

---

[1] During meet and confer, Plaintiffs pointed to Section 3 of Your Honor's Standing Order to justify their approach.  *See* Gutkin Decl. ¶ 4; Standing Order at Section 3 ("Parties seeking to continue hearings . . . modify briefing schedules, or make any other procedural changes shall submit a signed stipulation . . . or, if a stipulation is not possible, a Motion for Administrative Relief as contemplated by Civil Local Rule 7-11.").  Google interprets this standing order to refer to individual hearings or briefing schedules, not to permit an overhaul of the *entire case schedule* to be requested by Administrative Motion, which would appear to conflict with procedure set forth in Local Rule 16-2.  F.R.C.P. 83(b), 1985 Advisory Committee Note (noting that the "last sentence in Rule 83 has been amended to make certain that standing orders are not inconsistent with the Federal Rules or any local district court rules").

[2] Not only do Plaintiffs seek to circumvent the traditional 14-day briefing schedule for noticed motions, Plaintiffs' counsel also refused Google's request that Plaintiffs file their Motion on Monday, April 11, to at least afford Google four business days (rather than two business days) to respond to their Motion.  (Gutkin Decl. ¶ 5.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S OPPOSITION TO PLAINTIFF'S
MOT. TO AMEND CASE SCHEDULE
CASE NO. 5:21-CV-02155-YGR

Plaintiffs attempt to justify their requested extension by arguing that Google "either will not be able to substantially complete its document production in the next three weeks" or will do so "only by producing an enormous volume of documents . . . at the very last moment." (Mot. at 2.) Not so. Google has worked diligently – including by commencing custodial review immediately after the Court entered an ESI protocol in December 2021 and working during the weeks of the Christmas and New Year's Eve holidays – to comply with the April 21 substantial completion deadline. (Gutkin Decl. ¶ 6.) Indeed, as Google has repeatedly informed Plaintiffs, it remains on track to substantially complete its production of documents by that date. (*Id.*)[3]

The only basis for Plaintiffs' speculation that Google's production is not on track to be substantially complete by April 21 is a comparison of the volume of documents Google has produced so far in this case (42,723) to the productions in the related *Calhoun* and *Brown* cases. Such "vague notions that there should have been more than what was produced are speculative and are an insufficient premise for judicial action." *U.S. v. O'Keefe*, 537 F.Supp.2d 14, 22 (D.D.C. 2008). In any event, Plaintiffs' comparison is unfounded. This case is much narrower than either *Brown* or *Calhoun*, as it does not involve the scope of **collection** of data by Google, but instead pertains only to the data allegedly shared with third-parties through one particular product. Plaintiffs' counsel has repeatedly described this case as different from *Brown* or *Calhoun*, contrasting this case as follows in the last hearing before Your Honor: "we're challenging a different practice, a different premise . . . it is about dissemination and sale of private data as opposed to collection of private data from account users." (2/11/22 Hearing Tr. at 38:19-23); *see also* ECF No. 40 at 2, n.1 (asserting that "Unlike [*Hewitt*], *Brown* and *Calhoun* assert claims based on Google's taking of information from individuals using the Chrome browser, and so on behalf of distinct classes"). Lastly, while Plaintiffs repeatedly claim to have produced twice as many documents as Google, unlike Google's production, Plaintiffs' productions consist largely of what appear to be junk emails. (Gutkin Decl. ¶ 8.) For these reasons, Plaintiffs' claimed expectation that Google must produce a vast number of additional documents is baseless.

---

[3] Indeed, Google has kept Plaintiffs apprised of its document review progress, most recently by informing Plaintiffs' counsel on March 25, 2022 that Google's team had reviewed approximately 80% of Google's total document population. (Gutkin Decl. ¶ 7.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S OPPOSITION TO PLAINTIFF'S
MOT. TO AMEND CASE SCHEDULE
CASE NO. 5:21-CV-02155-YGR

*Second*, while Plaintiffs' Motion is also premised on the need for guidance on pending discovery Motions, their proposal is premature. Google acknowledges that there are currently six discovery motions pending, several of which could alter the scope of discovery. However, if Magistrate Judge DeMarchi orders additional discovery, Google has agreed to negotiate in good faith with Plaintiffs regarding a potential extension of the case schedule when that occurs. (Gutkin Decl. ¶ 11.) It is premature to agree to an extension (much less enter a new scheduling order) now, when neither Party knows how the orders on the pending motions may alter the scope of discovery for both Google *and* Plaintiffs. *See In re PFA Insurance Marketing Litigation*, 2021 WL 3476775, at *2 (N.D. Cal. Aug 4., 2021) (Gonzalez Rogers, J.) (denying request to extend discovery cut off as "premature" when pending legal decision could impact the scope of the case).

Plaintiffs only account for this issue by proposing an extension of the substantial completion deadline to 28 days from the date Judge DeMarchi issues her orders on the pending discovery motions. However, it is impossible to know whether that time frame is appropriate, given the breadth of the pending discovery disputes, which relate to, *inter alia*, *43* requests for production (ECF Nos. 141, 142, 143, 157, 171, 172), 49 disputed search strings and the inclusion of the many additional custodians that Plaintiffs have demanded. (ECF No. 157.)

*Third*, an extension is only warranted if Plaintiffs show the existing deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth*, 975 F.2d at 610 (9th Cir. 1992). The Motion offers only a conclusory assertion that "there is nothing in the record to suggest that plaintiffs have been dilatory." (Mot. at 3.) Not so. With the exception of a draft 30(b)(6) deposition notice sent on March 29, 2022, Plaintiffs have served *no* deposition notices and have just sent their first written interrogatories on April 6, 2022. (Gutkin Decl. ¶¶ 9-10.) The Motion also suggests that Plaintiffs have not been diligent with respect to preparing expert testimony. (Mot. at 3 (noting that additional time is needed to "retain and work with experts")).) Such inattention cannot satisfy the good cause standard. *See Wilson v. Frito–Lay N. Am., Inc.*, 2015 WL 846546, at *2 (N.D. Cal. Feb. 25, 2015) (denying motion to extend discovery schedule where "Plaintiffs have not demonstrated they diligently pursued the discovery at issue").

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S OPPOSITION TO PLAINTIFF'S
MOT. TO AMEND CASE SCHEDULE
CASE NO. 5:21-CV-02155-YGR

While it is true that Plaintiffs served documents requests in May and June of 2021, discovery was initially stymied for many months by Plaintiffs' attempt to force Google to adopt a patently unreasonable ESI protocol, which explicitly prevented Google from commencing any custodial review until after conducting extensive meet-and-confer discussions and briefing.  (Gutkin Decl. ¶12; ECF No. 95 at 7 (Plaintiffs' proposed provision, which Google opposed and the parties did not adopt after the Court's ruling, required the producing party to confer with the requesting party "before using any search terms").)  While Google largely prevailed on essentially all of the disputed terms of the ESI protocol, (*compare* red text in ECF No. 95 with order entered at ECF No. 125), Plaintiffs' tactics prevented discovery progress for months.

**Fourth**, Plaintiffs' contention that their proposal is a "short extension" that will not prejudice Google is meritless.  Given that the bulk of the discovery burden has fallen, and will continue to fall on Google, Plaintiffs' proposed schedule is grossly inequitable.  Plaintiffs' proposal only permits a modest four-week extension for the substantial production deadline, regardless of how the scope of discovery changes, while giving Plaintiffs an additional **four months** to brief their motion for class certification.  This proposal would unduly benefit Plaintiffs and should accordingly be rejected.

## III.   CONCLUSION

For the foregoing reasons, Google requests that the Court deny Plaintiffs' scheduling modification without prejudice.  Google instead proposes that the Parties meet and confer to discuss a potential modification of the case schedule promptly after Judge DeMarchi issues her rulings on the pending discovery disputes.  Alternatively, if Your Honor is inclined to modify the schedule now, Google respectfully requests that the Court direct the Parties to meet and confer and attempt to submit a joint proposal for the Court to adopt, which accounts for the uncertainty regarding the potential changes to the scope of discovery and more equitably alters the schedule to afford any additional needed time to both sides.

///

///

///

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S OPPOSITION TO PLAINTIFF'S
MOT. TO AMEND CASE SCHEDULE
CASE NO. 5:21-CV-02155-YGR

1    Dated: April 12, 2022                              By: */s/ Jeffrey M. Gutkin*

2                                                          Jeffrey M. Gutkin

3                                                       Attorneys for Defendant
                                                        GOOGLE LLC
4

5    267476650

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6