UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR   (VKD)<br><br>**ORDER RE FEBRUARY 1, 2022 DISCOVERY DISPUTE RE DEFENDANT'S DOCUMENT REQUESTS TO PLAINTIFFS**<br><br>Re: Dkt. No. 142 |

Plaintiffs and Google LLC ask the Court to resolve several disputes concerning Google's document requests to plaintiffs. Dkt. No. 142. The Court held a hearing on this matter on February 8, 2022. *See* Dkt. No. 151 (transcript).

The Court will require plaintiffs to produce documents responsive to the following requests, but the scope of the required production is limited as described below: RFPs 1, 2, and 23. The dispute regarding RFPs 3, 5, 6, 13, 14 and 22 is moot. Plaintiffs need not produce documents responsive to RFP 17, but they must provide the required consents.

## I.     BACKGROUND

Plaintiffs are Google account holders who allege that Google improperly sells or otherwise discloses to third party companies personal and private information about them through Google's advertising auction process, which the parties refer to as "real-time bidding" or "RTB." Google denies that RTB operates in the manner plaintiffs allege and denies that Google sells or otherwise shares Google account holders' personal information with third parties utilizing RTB without the account holders' consent. The parties presently are litigating the following eight claims: (1) breach of contract (Count 1); (2) breach of covenant of good faith and fair dealing (Count 2); (3) violation of Article 1, § 1 of the California Constitution (invasion of privacy) (Count 4); (4)

1  intrusion upon seclusion (Count 5); (5) publication of private information (Count 6); (6) breach of
2  confidence (Count 7); (7) violation of the California Information Privacy Act, Cal. Penal Code §§
3  630-638 (Count 8); and (8) violation of the Electronic Communications Privacy Act, 18 U.S.C. §
4  2511—unauthorized interception, use and disclosure by an Electronic Communications Service
5  (ECS) (Count 10). In addition to declaratory and injunctive relief, plaintiffs seek damages,
6  restitution, and disgorgement. *See* Dkt. Nos. 80, 146.

## II.      DISCUSSION

### A.      Legal Standard

A party may obtain discovery of any matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

### B.      Disputed Document Requests

#### 1.      RFPs 3, 5, 6, 13, 14 and 22: Review methodology

Google asks plaintiffs to produce all statements by Google that plaintiffs reviewed regarding RTB, online ads, and their personal information, as well as all statements by and communications with third-party websites regarding these matters (RFPs 3, 5, and 6). Google also asks plaintiffs to produce documents relating actual or threatened harm to plaintiffs from Google's alleged misconduct, plaintiffs' efforts to mitigate such harm, and plaintiffs' efforts to remain anonymous while browsing the internet (RFPs 13, 14, and 22). Plaintiffs acknowledge that this discovery seeks relevant information. The parties' dispute concerns how plaintiffs will identify and produce responsive documents.

Based on the discussion at the hearing, the Court understands that the dispute regarding these requests is moot, as the parties appear to agree as follows: Plaintiffs may review their collection of potentially responsive documents (generated by an application of search terms) for responsiveness and must produce those that are responsive. If plaintiffs believe that a responsive document is nevertheless not relevant, they must alert Google to the issue and attempt to resolve it

1    and may not simply decide unilaterally not to produce a responsive document. *See* Dkt. No. 151
2    at 84:13-88:8.

### 2. RFP 1: Information from forensic images

The parties advise that plaintiffs have made forensic images of the electronic devices that they used to browse the internet during the time period relevant to their claims. In lieu of producing the entirety of these forensic images, Google asks plaintiffs to provide the following information in response to RFP 1: (1) controls or settings available on their devices, browsers, mobile applications, operating systems, and/or websites that are related to what and how user information is shared with Google; (2) cookie, location, and other privacy settings; (3) internet browsers installed on their devices; (4) the use of private-browsing methods; and (5) web-browsing history. Dkt. No. 142 at 2 n.3, 5. Plaintiffs object that producing this information to Google implicates serious privacy concerns. *Id.* at 5-6. In particular, plaintiffs object to the disclosure of their browsing histories to Google. *Id.* at 6.

In this case, plaintiffs allege that Google discloses to third parties participating in RTB personal information about them, including information Google has gleaned from plaintiffs' browsing histories. *See, e.g.,* Dkt. No. 80 ¶¶ 150, 157-162. In its defense, Google contends, among other things, that plaintiffs' own choices regarding their privacy settings, permissions they have set on third-party applications, the use of cookies on third-party websites plaintiffs elected to visit, and their efforts to remain anonymous online determine whether or how plaintiffs' personal information is shared with third parties. *See, e.g.,* Dkt. No. 93 at 7-8, 11. The claims and defenses presently asserted support Google's argument that plaintiffs have put their own conduct at issue, both for liability and damages. During the hearing, plaintiffs explained that some of the allegations in their complaint were intended as "context" and that they did not intend to argue that they were served particular ads based on information Google gathered or inferred about them from their browsing history. Dkt. No. 151 at 113:9-114:11. However, the case as it now stands includes these allegations, and in any event, Google affirmatively contends that plaintiffs' own conduct—such as, privacy settings, engagement with third-party applications, and internet browsing history—and not anything Google does with RTB, impacts what personal information

3

about them is disclosed to third parties.  The discovery Google seeks is therefore relevant to the claims and defenses in this action.

The nature of plaintiffs' claims and Google's defenses distinguish this action from the *Calhoun* matter, which raises different issues.  *See Calhoun et al. v. Google* LLC, 5:20-cv-5146 (N.D. Cal.), Dkt. No. 200-3 (transcript of April 29, 2021 hearing) at 32:15-34:24 (Google seeking browsing history and application use to establish plaintiffs' knowledge and sophistication). Similarly, the claims and defenses at issue in this action distinguish it from *Riley v. California*, 573 U.S. 373 (2014).  *Riley* addressed a warrantless search by the government of the contents of a defendant's cellular telephone incident to his arrest.  Here, plaintiffs have initiated a civil action seeking damages and other relief against Google.  The proposed discovery is directed to specific categories of information captured in a single snapshot of plaintiffs' mobile devices.  The information will not be made available to the government for purposes of prosecution, nor will it be publicly disclosed.  Rather, plaintiffs may invoke the most stringent protections available under the protective order to ensure that Google's access to the information is limited, it remains confidential, and the information is used only for purposes of prosecuting or defending this action.

Accordingly, the Court orders plaintiffs to produce the narrowed subset of information from the forensic images of their mobile devices, as set forth at page 2, note 3 of the joint submission.  To the extent the parties disagree about what information fits these criteria, they shall confer further about where in the forensic image of each mobile device the responsive information may be found and what information will be shared with Google.

### 3. RFP 23: Plaintiffs' efforts to avoid ads

Google asks plaintiffs to produce all documents concerning their attempts to prevent personalized or targeted advertisements from appearing as they browse the internet.  Plaintiffs object on the same grounds asserted in response to RFP 1 that this request requires them to reveal private information that is not relevant to any issue in the case.

The Court agrees with Google that plaintiffs have put at issue the question of whether Google discloses information in account holders' profiles or associates account holders with inferred interests as part of the RTB process.  In defending against plaintiffs' claims Google is

4

1  entitled to discover whether plaintiffs have taken any steps to prevent advertisers from serving
2  them personalized or targeted advertisements, as this information is relevant both to liability and
3  plaintiffs' claimed damages.

4  The Court understands that Google has narrowed RFP 23 in a manner similar to how it has
5  narrowed RFP 1. The Court orders plaintiffs to produce the narrowed subset of information to
6  Google in response to RFP 23.

### 4. RFP 2: Online ads presented to plaintiffs

Google asks plaintiffs to produce all documents relating to online ads presented to plaintiffs. Plaintiffs respond that they have not kept records of the ads presented to them as they browsed the internet. In addition, plaintiffs contend that Google has a record of which ads were presented to them as a result of the RTB process.

The Court appreciates the practical difficulty plaintiffs may have encountered or continue to encounter preserving ads presented them online. However, to the extent plaintiffs contend that they were served a particular ad as a result of the RTB process, they must produce whatever evidence of that ad they have. The Court understands that the plaintiffs have already committed to producing this evidence for any such ad served before filing of this action, and so there appears to be no dispute on this point. *See* Dkt. No. 151 at 116:19-119:6.

With respect to post-complaint evidence, the parties appear to have a dispute about preservation of evidence that was not explained in their joint submission. The Court provides the following guidance: If Google, in fact, has a record of which ads were served to plaintiffs as a result of the RTB process, there should be no need for plaintiffs to also preserve that information. If, however, plaintiffs contend that other ads, not captured by Google's records, were served to them as a result of the RTB process, plaintiffs should produce documents sufficient to identify those ads if they intend to pursue this contention. The Court directs the parties to confer further on this point.

### 5. RFP 17: Plaintiffs' Google account information

Google asks plaintiffs to produce all My Activity, Bookmarks, and Analytics activity associated with their Google accounts. Plaintiffs say that all of this information is already within

Google's possession, and it would be unduly burdensome to require plaintiffs to attempt to gather and produce this information to Google. Google acknowledges that it has taken a snapshot of plaintiffs' account information and has the information it requires unless plaintiffs have changed or deleted information from their accounts. *See* Dkt. No. 151 at 125:25-126:25. Plaintiffs represent that they are not aware of any changes or deletions of information regarding their accounts. *See id.* at 128:10-24.

Because it appears that Google has in its possession all of the information it seeks from plaintiffs in RFP 17, the Court will not require plaintiffs to produce documents responsive to this request. However, if they have not done so already, plaintiffs must execute the necessary consents required by the Stored Communications Act, 18 U.S.C. § 2702(b)(3), so that Google may access this information. These consents must be delivered to Google no later than May 2, 2022.

### III.  CONCLUSION

The parties shall confer, as appropriate, regarding a schedule for plaintiffs' production of the documents responsive to RFPs 1, 2, and 23.

**IT IS SO ORDERED.**

Dated: April 25, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge