UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR (VKD)<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 158 |

In connection with the parties' joint discovery letter concerning defendant Google LLC's ("Google") search terms, custodians, and non-custodial sources (Dkt. No. 157), plaintiffs filed an administrative motion to file portions of the joint letter and three exhibits under seal. Dkt. No. 158. The portions sought to be sealed were designated confidential by Google, and Google has filed a response pursuant to Civil Local Rule 79-5(f)(3). Dkt. No. 162. Having considered the parties' submissions, the Court grants the administrative motion, as set forth below.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct. 38 (2016). A litigant seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id*. at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

Plaintiffs' motion to seal concerns information submitted in connection with a discovery dispute. The underlying discovery dispute does not address the merits of the parties' claims or defenses, and the Court therefore applies the "good cause" standard of Rule 26(c).

The portions of the joint letter and the three exhibits that Google seeks to redact contain technical details regarding project code names and internal data systems that Google maintains as confidential in the ordinary course of its business and are not generally known to the public or Google's competitors. Google represents that this material is confidential information and that disclosure to the public would cause competitive harm to Google. The Court agrees and finds that good cause exists to seal the following material:

| **Document** | **Portions to be filed under seal** |
| --- | --- |
| Joint Letter Brief (Dkt. No. 158-2) | Highlighted portions of Dkt. No. 162-2 at pages 2, 4, 5, and 6. |
| Ex. A to the Joint Letter Brief (Dkt. No. 158-3) | Highlighted portions of Dkt. No. 158-3 at pages 2, 4, and 9. |
| Ex. C to the Joint Letter Brief (Dkt. No. 158-5) | Highlighted portion of Dkt. No. 158-5 at page 1. |
| Ex. D to the Joint letter Brief (Dkt. No. 158-6) | Highlighted portion of Dkt. No. 158-6 at pages 3, 4, 5, 7, 8, 9, and 10. |

Google has narrowed the material it seeks to seal in the parties' joint letter brief (Dkt. No. 157 (redacted); Dkt. No. 158-2 (unredacted)) and has identified those narrowed proposed redactions in highlighting to Exhibit 1 to the Berntson Declaration (Dkt. No. 162-2). Dkt. No. 162 at 2 n.1. Accordingly, Google shall file a version of the joint letter brief with the narrowed redactions on the public docket by **May 2, 2022**.

//

//

1 **IT IS SO ORDERED.**

2 Dated: April 29, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge
