UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR   (VKD)<br><br>**ORDER RE MARCH 15, 2022 DISCOVERY DISPUTE RE PLAINTIFFS' DOCUMENT REQUESTS TO GOOGLE**<br><br>Re: Dkt. No. 171 |

Plaintiffs and Google LLC ask the Court to resolve numerous disputes concerning plaintiffs' document requests to Google. Dkt. No. 171. The Court finds this dispute suitable for resolution without oral argument. Civ. L.R. 7-1(b).

The Court will require Google to produce documents responsive to RFP 45, but the scope of the required production is limited as described below. Google must also supplement its responses to RFPs 50 and 53, as directed below. Google need not produce documents responsive to RFPs 43, 44, 46-49, 51, 54-56 at this time. However, as discussed below, the parties must confer further regarding RFPs 46-49, 51, and 54-56 and provide a status report to the Court.

**I.    BACKGROUND**

Plaintiffs are Google account holders who allege that Google improperly sells or otherwise discloses to third party companies personal and private information about them through Google's advertising auction process, which the parties refer to as "real-time bidding" or "RTB." Google denies that RTB operates in the manner plaintiffs allege and denies that Google sells or otherwise shares Google account holders' personal information with third parties utilizing RTB without the account holders' consent. The parties presently are litigating the following eight claims: (1) breach of contract (Count 1); (2) breach of covenant of good faith and fair dealing (Count 2); (3)

1  violation of Article 1, § 1 of the California Constitution (invasion of privacy) (Count 4); (4)
2  intrusion upon seclusion (Count 5); (5) publication of private information (Count 6); (6) breach of
3  confidence (Count 7); (7) violation of the California Information Privacy Act, Cal. Penal Code
4  §§ 630-638 (Count 8); and (8) violation of the Electronic Communications Privacy Act, 18 U.S.C.
5  § 2511—unauthorized interception, use and disclosure by an Electronic Communications Service
6  (ECS) (Count 10). In addition to declaratory and injunctive relief, plaintiffs seek damages,
7  restitution, and disgorgement. *See* Dkt. Nos. 80, 146.

## II. DISCUSSION

### A. Legal Standard

A party may obtain discovery of any matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

### B. Disputed Document Requests

#### 1. RFPs 43 and 44: Discovery requested and produced in related cases

Plaintiffs ask Google to produce all written discovery requests it has received in related cases *Brown et al. v. Google, LLC*, No. 20-cv-03664-YGR-SVK and *Calhoun et al.*, *v. Google, LLC*, No. 20-cv-05146-YGR-SVK ("Related Cases"), and to produce all "documents, data or information, including correspondence, written discovery responses, and testimony" that Google has produced in the Related Cases relating to (1) information related to RTB, (2) the sharing of account holders' information, and (3) promises Google makes to account holders regarding the use, sharing or sale of their information. Dkt. No. 171 at 1 and Ex. 1. Google objects that plaintiffs' request for "cloned" discovery from the Related Cases seeks information that is neither relevant nor proportional to the needs of the case. In addition, Google objects that requiring it to apply search terms from this action to the collection of material produced in the Related Cases is inconsistent with the ESI protocol, which provides a process for identifying case-specific custodians. *Id.* at 4-5.

1    Plaintiffs may be correct that some of the documents and information Google has produced
2    and will produce in the Related Cases is also relevant and responsive to discovery requests in this
3    case. However, the overlap between this action and the Related Cases is not so extensive as to
4    justify the wholesale review in this action of the discovery provided by Google in the Related
5    Cases, and the Court will not require Google to undertake that effort.

### 2. RFP 45: Account holder complaints re RTB

Plaintiffs ask Google to produce "[d]ocuments related to any complaints from Google Account Holders relating to [RTB] regarding the manner in which Google operates its [RTB], including the resulting ad(s) displayed to each Account Holder, the information conveyed in Bid Requests, and any action taken in response." Dkt. 171, Ex. 1 at 12. Google agrees to produce "complaints related to the alleged sharing of user information with third parties using Google's RTB, included responses thereto that are reasonably available." *Id.* at 5. The parties apparently disagree regarding whether Google must search for and produce account holder complaints and Google's responses thereto for *any* disclosure or sale of personal or sensitive information to third parties. *Id.* at 2, 5.

This dispute is easily resolved. RFP 45 does not encompass documents relating to account holder complaints about *any* sharing of user information; the request is limited to complaints from account holders relating to RTB. While the complaint need not mention "RTB," documents responsive to RFP 45 must be related to RTB and not some other Google service. If Google can identify the ads displayed via RTB to an account holder who complained and the account holder information conveyed in the relevant bid request, it shall produce those documents as well as the account holder complaint and response thereto.

### 3. RFP 50: Value of named plaintiffs' information

Plaintiffs ask Google to produce "[d]ocuments sufficient to establish the economic value, in currency or any other thing of value, paid in exchange for targeted advertising that Google received in exchange for each Named Plaintiff's Information, as well as which entities paid Google and when such payments were made." Dkt. No. 171, Ex. 1 at 18. Google says that because it does not sell plaintiffs' information, it cannot produce responsive documents. *Id.* at 6.

3

1    Further, Google argues that this RFP is redundant of discovery demanded in other RFPs
2    concerning the financial performance of RTB.  *Id.*
3          The Court understands that plaintiffs wish to obtain discovery that will allow them to
4    assess the economic value of the personal and sensitive information that they allege Google
5    disclosed to third parties.  To the extent Google assigns or calculates an economic value for some
6    or all of the user information for the named plaintiffs that allegedly was shared with third parties
7    as part of the RTB process, it must produce documents sufficient to show that value.  However, if,
8    as Google represents, it neither assigns nor estimates the economic value of such information, then
9    it appears that Google has no documents responsive to this request.  Google must supplement its
10   response to RFP 50 to make clear its position.

      **4.**      **RFPs 46-49, 51, and 54-56: Value of account holder information**

Plaintiffs ask Google to produce eight categories of documents relating to how Google values account holder information:

1) monetary value of account holders' information to Google (RFP 46)
2) financial reporting regarding value of account holders' information, including revenue per user (RFP 47)
3) monetary value of account holders' information to account holders (RFP 48)
4) Google's Screenwise Trends program and the value of the data received through that program (RFP 49)
5) consideration Google paid to others for information relating to specific consumers (RFP 51)
6) compensation offered to consumers who signed up for Screenwise Trends or similar programs (RFP 54)
7) surveys valuing account holders' information (RFP 55)
8) documents provided to auditors estimating fair value of account holders' information (RFP 56).

Dkt. No. 171, Ex. 1.  Google objects that these document requests are duplicative and overbroad because they seek all documents relating to all valuations of all account holder information in any

4

1   context. *Id.* at 5-6.

2       Plaintiffs may obtain discovery of information that will allow them to calculate or estimate
3   the value of account holder information that Google allegedly shared with third parties without
4   permission via the RTB process. However, RFPs 46-49, 51, and 54-56 are not limited to that
5   objective, and plaintiffs provide an insufficient justification for the scope of these requests. With
6   respect to RFPs 48, 49, and 54, plaintiffs do not explain how programs purportedly designed to
7   pay Google users to share their web browsing history will reveal information relevant to the
8   calculation of plaintiffs' damages in this case. With respect to RFPs 46, 47, 51, 55, and 56, it is
9   not clear whether the documents plaintiffs seek concern valuations of some or all of the same
10  information that Google allegedly shares with third parties via the RTB process.

11      The Court directs the parties to confer further regarding what information, if any, Google
12  can provide that will permit plaintiffs to calculate or estimate their alleged damages. The parties
13  should first endeavor to identify items of personal or sensitive information shared with third
14  parties in the RTB process. Then, the parties should discuss whether Google assigns or estimates
15  the value of some or all of those items of information for purposes of RTB. If Google does not
16  assign or estimate value of those items of information for purposes of RTB, then the parties should
17  discuss whether it does so for any other purpose and whether any of those other purposes are
18  comparable to the purpose served by the RTB auction service. The parties should discuss any
19  other matters that will facilitate resolution of this dispute. The parties must file a status report no
20  later than **May 13, 2022** advising the Court of the status of this dispute.

21          **5.    RFP 53: Google's costs**

22      Plaintiffs ask Google to produce "[d]ocuments sufficient to establish all costs associated
23  with Google granting access, sharing or sending Account Holders' Information or any derivative
24  of that Information through [RTB]." Dkt. No. 171, Ex. 1 at 21. Plaintiffs anticipate that Google
25  will argue for an offset of its costs against any claimed amount of unjust enrichment. *Id.* at 4.
26  Google responds that it does not segregate costs associated with the sharing of account holder
27  information from the other operational costs associated with RTB. *Id.* at 7.

28      Plaintiffs do not challenge Google's explanation for why Google cannot produce

5

1  documents responsive to this request.  As Google represents that it has no responsive documents,
2  it need not produce any.  However, Google must supplement its response to RFP 53 to state that it
3  has no responsive documents.

4  **IT IS SO ORDERED.**

5  Dated: April 29, 2022

*[signature]*
VIRGINIA K. DEMARCHI
United States Magistrate Judge