UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR   (VKD)<br><br>**ORDER RE MARCH 15, 2022 DISCOVERY DISPUTE RE DEFENDANT'S DOCUMENT REQUESTS TO PLAINTIFFS**<br><br>Re: Dkt. No. 172 |

Plaintiffs and Google LLC ask the Court to resolve numerous disputes concerning Google's document requests to plaintiffs. Dkt. No. 172. The Court finds this dispute suitable for resolution without oral argument. Civ. L.R. 7-1(b).

Plaintiffs must produce documents responsive to RFP 26. The parties must confer further regarding RFPs 27-30 and provide a status report to the Court.

## I.   BACKGROUND

Plaintiffs are Google account holders who allege that Google improperly sells or otherwise discloses to third party companies personal and private information about them through Google's advertising auction process, which the parties refer to as "real-time bidding" or "RTB." Google denies that RTB operates in the manner plaintiffs allege and denies that Google sells or otherwise shares Google account holders' personal information with third parties utilizing RTB without the account holders' consent. The parties presently are litigating the following eight claims: (1) breach of contract (Count 1); (2) breach of covenant of good faith and fair dealing (Count 2); (3) violation of Article 1, § 1 of the California Constitution (invasion of privacy) (Count 4); (4) intrusion upon seclusion (Count 5); (5) publication of private information (Count 6); (6) breach of confidence (Count 7); (7) violation of the California Information Privacy Act, Cal. Penal Code

§§ 630-638 (Count 8); and (8) violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511—unauthorized interception, use and disclosure by an Electronic Communications Service (ECS) (Count 10). In addition to declaratory and injunctive relief, plaintiffs seek damages, restitution, and disgorgement. *See* Dkt. Nos. 80, 146.

## II. DISCUSSION

### A. Legal Standard

A party may obtain discovery of any matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

### B. Disputed Document Requests

#### 1. RFP 26: Ads settings in Google accounts

Google has limited its original request and now asks plaintiffs to produce documents sufficient to show plaintiffs' Google account settings and changes thereto for (1) the "ads personalization setting" and the "ads personalization extension,"[1] and (2) any additional settings that plaintiffs contend are at issue. Dkt. No. 172 at 2. Plaintiffs do not object to the scope of RFP 26 as presently limited, although they do not accurately describe what Google has requested. *Id*. at 4-5. As there appears to be no dispute about the scope of RFP 26 or the relevance of the documents requested, the Court order plaintiffs to produce documents responsive to this RFP, as limited.

#### 2. RFPs 27-30: Privacy and location settings

Google asks plaintiffs to produce documents sufficient to show plaintiffs' "privacy settings" and "location settings" and changes thereto in the operating system of each device plaintiffs have used, for any mobile application installed on each such device, and for any web browser plaintiffs have used. Dkt. No. 172, Ex. 1 at 5-10. The Court understands that Google

---

[1] As specified in Dkt. No. 172, footnotes 2 and 3.

seeks this information in aid of its defenses on issues of liability and damages. Plaintiffs object that Google has not clarified what it means by "privacy settings" and "location settings." *Id.* at 4. However, plaintiffs say that they do not object to producing responsive documents for settings Google has identified so far by way of example. *Id.* at 5.

The Court is unable to fully resolve this dispute because the parties' joint submission omits the definitions of "privacy settings" and "location settings" that Google apparently included in its requests to plaintiffs. The Court infers from plaintiffs' objections to these RFPs that the definition of each term is something along the lines of "any control or setting available on any device, browser, mobile application, program, operating system, software program, and/or website that is related to what and how the DATA AT ISSUE [another defined term] is collected, stored, tracked, shared, used, and/or sold." *See, e.g., id.*, Ex. 1 at 5-6 (objection to RFP 27). However, to the extent plaintiffs contend these defined terms are ambiguous, the Court does not have enough information to resolve this dispute.

In these circumstances, and because the Court has had the benefit of extensive briefing and oral argument on related issues (*see* Dkt. Nos. 142, 151), the Court offers the following guidance: If plaintiffs have settings available to them on their devices, operating systems, mobile applications, or browsers that allow them to prevent or limit personal information that is collected about them in the first instance, they should produce responsive documents sufficient to show what those settings are. Similarly, if plaintiffs have settings available to them on their devices, operating systems, mobile applications, or browsers that allow them to prevent or limit personal information about them that is shared with third parties, they should produce responsive documents sufficient to show what those settings are. Plaintiffs should not limit their production obligation to the examples of settings that Google has suggested.

The parties must confer further in an effort to finally resolve their dispute regarding RFPs 27-30 and must file a status report no later than **May 13, 2022** advising the Court of the status of this dispute.

//

//

1 **IT IS SO ORDERED.**

2 Dated: April 29, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge