UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR (VKD)<br><br>**ORDER RE MARCH 29, 2022 DISPUTE RE RULE 502(D) ORDER**<br><br>Re: Dkt. No. 177 |

The parties ask the Court to resolve a dispute concerning a proposed Federal Rule of Evidence 502(d) order. Dkt. No. 177. The parties have stipulated to most of the terms of the proposed order but disagree on one point: whether a receiving party may use the contents of a document clawed back as privileged to challenge the privilege asserted by the producing party. The Court finds this dispute suitable for resolution without oral argument. Civ. L.R. 7-1(b).

For the reasons explained below, the Court adopts, in part, Google's proposed text, and provides further direction for submission of a proposed 502(d) order.

I.  **THE PROPOSED ORDER**

The parties' dispute concerns the procedures that apply "in the event a producing party discovers that it produced Privileged Documents."[1] Dkt. No. 177, Ex. A at ¶ 2. The parties agree that within fourteen days of discovering the production of a such a document, the producing party must provide a "clawback notice" identifying the document by bates number and describing it in a privilege log that "provide[s] the basis for the privilege claim." *Id.* In addition, the producing

---

[1] The proposed order defines "Privileged Documents" as "any attorney-client privileged or work-product-protected documents . . . and accompanying metadata." Dkt. No. 177, Ex. A at ¶ 1. For convenience, the Court uses the term "privilege" to refer to both attorney-client privilege and work product protection.

1  party must provide a redacted version of the document (if the privileged portions can be redacted)
2  or a slip sheet (if the entire document is privileged). *Id.*

3  If the receiving party disagrees with the producing party's privilege claim, the receiving
4  party may challenge the claim. While the challenge is pending, the parties agree that the receiving
5  party must sequester the challenged document, all copies of it, and any notes that reproduce, copy,
6  or otherwise disclose or use the substance of the information for which privilege is claimed. *Id.* at
7  ¶ 3.B.i. If the parties cannot resolve their dispute, they agree to submit the issue for determination
8  by the Court. *Id.* at ¶ 3.B.ii. With respect to such a dispute, plaintiffs propose that "[e]ach party
9  may use the content of the Document(s) at issue solely in briefing or argument submitted in
10 connection with any challenge to a Clawback Notice, in which case the receiving party agrees not
11 to argue that such use constitutes waiver of the claimed privilege or work product protection." *Id.*
12 (blue text). Google objects to this use of the contents of a document for which privilege is
13 claimed, and instead proposes that the receiving party may "not review" the challenged document
14 and may not "present[] the information to the Court for a determination of the claim." *Id.* at
15 ¶¶ 3.B.i, 4.A (red text).

## II. DISCUSSION

17 Absent a stipulation adopting different procedures, the procedures for making a privilege
18 claim and for disputing such a claim are set forth in Rule 26(b)(5) of the Federal Rules of Civil
19 Procedure. To substantiate a claim that information withheld from production is privileged, the
20 producing party must expressly make the claim and must "describe the nature of the documents,
21 communications, or tangible things not produced or disclosed—and do so in a manner that,
22 without revealing information itself privileged or protected, will enable other parties to assess the
23 claim." Fed. R. Civ. P. 26(b)(5)(A). If information subject to a claim of privilege has already
24 been produced, the producing party may notify the receiving party of the claim and the basis
25 therefor. Fed. R. Civ. P. R 26(b)(5)(B). After being notified, the receiving party "must promptly
26 return, sequester, or destroy the specified information and any copies it has; must not use or
27 disclose the information until the claim is resolved; must take reasonable steps to retrieve the
28 information if the party disclosed it before being notified; and may promptly present the

information to the court under seal for determination of the claim." *Id.*

Relying on Rule 26(b)(5), Google objects to plaintiffs' proposal that the receiving party be permitted to use the contents of a disputed document to challenge a claim of privilege. Google concedes that either party may submit a disputed document to the Court for *in camera* review, but it argues that a party cannot use the privileged contents of the document to argue for or against the claim of privilege. Dkt. No. 177 at 1-2. Plaintiffs make two arguments in response. First, they suggest that Google has already acquiesced in plaintiffs' proposed language by stipulating to the same provision in the related *Calhoun* litigation and by not challenging the proposed provision in this case for 9 months. *Id.* at 4. Second, plaintiffs argue that courts "routinely" permit a party to use the contents of a putatively privileged document to dispute the privilege claim, and that Rule 26(b)(5)(B) expressly permits this use. *Id.* at 5.

Plaintiffs' first argument is easily addressed. The fact that either or both parties (or counsel representing them) have agreed to a provision in a 502(d) order in another case has no bearing on the resolution of this dispute. Similarly, the fact that the parties delayed finalizing a proposed 502(d) order for 9 months, and that plaintiffs' proposed 502(d) order was the only draft on the table, also is not dispositive. Civil Local Rule 7-12 requires that "[e]very stipulation requesting judicial action must be in writing signed by all affected parties or their counsel." Because plaintiffs' proposed 502(d) order was never signed by all parties, plaintiffs are not entitled to have it entered as a stipulated order.

Plaintiffs' second argument requires more discussion. Excluding cases in which the parties have already stipulated to permit or not permit the use of putatively privileged material in disputing a privilege claim, there is very little authority addressing the question of whether or under what circumstances a party may use the contents of a document clawed back as privileged to challenge the privilege asserted. *See, e.g., In re Keurig Green Mountain Single Serve Coffee Antitrust Litig.*, No. 14 MD 2542 (VSB) (HBP), 2019 WL 2003959, at *2 (S.D.N.Y May 7, 2019) (noting the absence of authority on point). *U.S. Home Corp. v. Settlers Crossing, LLC*, No. DKC 08-1863, 2012 WL 5193835 (D. Md. Oct. 18, 2012), on which plaintiffs relies, is on point but its abbreviated discussion of the issue is not persuasive. In that case, plaintiffs asked for a protective

3

order barring defendant from using certain documents in support of new counterclaims. *Id*. at *4. The documents in question were initially privileged, but the privilege was later found to have been waived. *Id*. at *4 n.3. On plaintiffs' subsequent motion for a protective order, the court was asked to consider whether defendant had improperly used the then-contested documents by discussing their contents in earlier briefing challenging plaintiffs' privilege claim. *Id.* at *4-5. In concluding that there had been no improper use, the court observed: "It would be wholly illogical to read Rule 26(b)(5)(B) as prohibiting the use of documents 'subject to a claim of privilege' when resolving that very claim of privilege." *Id*. at *5. However, the court does not explain why it finds such a reading illogical.

The other two relevant decisions on which plaintiffs rely, *In re Keurig Green Mountain Single Serve Coffee Antitrust Litig*. and *Stinson v. City of New York*, No. 10 Civ. 4228 (RWS), 2014 WL 5090031 (S.D.N.Y. Oct. 10, 2014), conclude that in challenging a claim of privilege a receiving party may rely on any knowledge it obtained about the putatively privileged document before it received notification of the producing party's privilege claim. *See In re Keurig Green Mountain Single Serve Coffee Antitrust Litig*., 2019 WL 2003959, at *3; *Stinson*, 2014 WL 5090031 at *4. However, both cases refer to and, in part, rely on the fact that New York's rules of professional responsibility do not bar counsel from using information learned prior to receiving notice that a document contains another party's privileged information. *See In re Keurig Green Mountain Single Serve Coffee Antitrust Litig*., 2019 WL 2003959, at *3 n.1 (citing N.Y. Rules of Prof. Conduct 4.4.(b)); *Stinson*, 2014 WL 5090031 at *4 (citing NYC Eth. Op. 2003-04 (Dec. 2003)). As discussed below, the same rules of professional responsibility do not apply here.

Apart from the undersigned's decision in *Klein v. Facebook*, No. 20-cv-08570-LHK (VKD), Dkt. 94 (N.D. Cal. June 3, 2021), neither party identifies any other relevant authority.[2]

The approach plaintiffs advocate seems inconsistent with the goals of Rule 502(d) and with the text and operation of Rule 26(b)(5). Rule 502(d) was "designed to enable a court to enter an

---

[2] The Court agrees with Google that cases addressing circumstances in which the privileged material has already been filed with the court or used substantively in the case—i.e., there has been conduct consistent with intentional waiver—present different considerations not contemplated by Rule 502(d).

4

1  order, whether on motion of one or more parties or on its own motion, that will allow the parties to
2  conduct and respond to discovery expeditiously, without the need for exhaustive pre-production
3  privilege reviews, while still preserving each party's right to assert the privilege to preclude use in
4  litigation of information disclosed in such discovery." *See* Fed. R. Evid. 502, Addendum to
5  Advisory Committee Notes, Statement of Congressional Intent Regarding Rule 502 of the Federal
6  Rules of Evidence, Subdivision (d)—Court orders.  In other words, Congress sought to promote
7  more efficient and cost-effective discovery, particularly in cases involving substantial quantities of
8  electronically stored information, by creating conditions that would permit parties to avoid the
9  need for "exhaustive pre-production privilege reviews"—specifically, providing a mechanism for
10 parties to claw back privilege materials from production after the fact without waiving privilege.
11 If, as plaintiffs suggest, a receiving party were permitted to examine and brief the contents of any
12 putatively privileged document subject to a clawback notice, the Court doubts Rule 502(d) would
13 achieve the objectives Congress envisioned, as many producing parties would likely choose to
14 undertake an exhaustive pre-production review to identify and exclude privileged documents from
15 discovery, rather than risk a waiver "for briefing purposes only."  After all, if a document is
16 withheld from discovery in the first instance, subject to a claim of privilege, the receiving party is
17 *not* entitled to examine the putatively privileged document as part of a challenge to the privilege
18 claim; the receiving party must make its challenge based on the producing party's description of
19 the document and the basis for the claim of privilege.  Fed. R. Civ. P. 26(b)(5)(A).

20     Rule 26(b)(5) provides different procedures for privileged documents already produced in
21 discovery.  As explained above, once the producing party gives notice of a privilege claim, the
22 receiving party may return or destroy the document, but has the option to sequester[3] it instead.
23 Fed. R. Civ. P. 26(b)(5)(B).  Nothing in Rule 26(b)(5)(B) suggests that, having returned,
24 destroyed, or sequestered the document, the receiving party may nevertheless examine its contents

---

[3] The parties do not discuss the meaning of "sequester" as used in the Rule 26(b)(5)(B), but the law dictionary definitions include "to separate or isolate" and "to deposit (a thing) into the hands of a neutral third party pending the determination of its ownership." Black's Law Dictionary (11th ed. 2019).

and discuss those contents in briefing before a court.[4]  The Rule *does* permit the party to "present" the privileged material to a court under seal, but the Court reads this provision of the Rule as Google does:  either party may provide the disputed document to the court for *in camera* review.  *See Klein*, Dkt. No. 94 at 4.

Nothing in the Advisory Committee Notes contradicts this reading of Rule 26(b)(5)(B).  "In presenting the question [of whether information is privileged or protected], the [receiving] party may use the content of the information only to the extent permitted by the applicable law of privilege, protection for trial-preparation material, and professional responsibility."  Fed. R. Civ. P. 26(b)(5), Advisory Committee's Notes (2006 amendment).  Plaintiffs identify no law of attorney-client privilege or work product protection that permits examination of the contents of putatively privileged material before a disputed claim of privilege is resolved, except for the authority cited above, which the Court finds unpersuasive here.  Conversely, Google notes that attorneys practicing law in California have an ethical duty to avoid reviewing or using obviously privileged or protected material received in discovery where it appears the material was produced inadvertently.  Dkt. No. 177 at 3 (citing *Barajas v. Abbott Laboratories, Inc.*, No. 18-cv-00839-EJD (VKD), 2018 WL 4231937, at *4 (N.D. Cal. Sept. 6, 2018) and *Rico v. Mitsubishi Motors Corp.*, 42 Cal. 4th 807, 817-18 (2007)).  In other words, Google argues that the rules of professional responsibility do not permit the approach plaintiffs advocate, at least in circumstances involving inadvertent disclosure.  *Id.*  Plaintiffs do not address this argument, except for a footnote dismissing Google's concerns about professional responsibility and emphasizing that a party may seek guidance from a court regarding its ethical obligations.  *Id.* at 5 n.5.  This is not particularly helpful.

While there may be circumstances in which it would be impractical or unreasonable to require the parties to avoid discussing the contents of a putatively privileged document in briefing and argument challenging the claim of privilege, such circumstances are most likely to arise where

---

[4] Indeed, in some cases involving large document productions, a party may have received tens of thousands or hundreds of thousands of pages of documents and will not have even looked at the disputed document (let alone used or relied upon it for any purpose) at the time it receives a clawback notice.

the document has already been used or disclosed in a substantive way in the litigation *before* the producing party attempts to claw it back—such as, for example, where a party has already discussed the contents of a document in a brief filed with the court or has obtained testimony about the document in a deposition. However, in the typical circumstances contemplated by Rule 502(d), where a party produces a large volume of documents without exhaustive privilege review and later discovers that that the production includes privileged material, nothing in Rule 26(b)(5)(B) requires the Court to permit the receiving party to examine and brief the contents of the putatively privileged material in challenging the claim of privilege, and there is no justification for imposing such a requirement here, absent agreement of the parties.

If the producing party's clawback notice includes a description of the challenged document that is sufficiently specific to permit the receiving party to understand and evaluate the privilege claim,[5] that should be sufficient for the parties to have an informed discussion about the challenge. And, if the matter needs to be resolved by the Court, generally the Court will require submission of the disputed document for *in camera* review. The proposed order must not preclude that submission.

## III. CONCLUSION

The Court rejects plaintiffs' proposed text (blue text in Exhibit A). The Court adopts Google's proposed text stating "and not review" (red text in Exhibit A). However, the Court rejects Google's proposed text stating "[t]his includes a restriction against presenting the information to the Court for a determination of the claim" (red text in Exhibit A) because it is inconsistent with Rule 26(b)(5)(B) to the extent it would preclude submission of a disputed document to the Court for *in camera* review. If the parties wish the Court to enter an order pursuant to Rule 502(d), they may submit a proposed stipulation that complies with the directions in this order. Otherwise, in the absence of a 502(d) order, the other provisions of Rule 502 will apply.

//

---

[5] It is unclear whether the privilege log contemplated by paragraph 2 satisfies this requirement.

7

**IT IS SO ORDERED.**

Dated: May 3, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge