UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR (VKD)<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 144 |

In connection with the parties' joint discovery letter concerning plaintiffs' request for production of documents produced in regulatory proceedings (Dkt. No. 143), plaintiffs filed an administrative motion for permission to file Exhibit 2 to the joint letter under seal. Dkt. No. 144. The information sought to be sealed was designated confidential by Google, and Google has filed a response pursuant to Civil Local Rule 79-5(f)(3). Dkt. No. 148. Having considered the parties' submissions, the Court grants the administrative motion, as set forth below.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). A litigant seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

1    Plaintiffs' motion to seal concerns information submitted in connection with a discovery
2 dispute. The underlying discovery dispute does not address the merits of the parties' claims or
3 defenses, and the Court therefore applies the "good cause" standard of Rule 26(c).

4    Exhibit 2 to the joint letter reflects civil investigative demands ("CIDs") that are the
5 subject of a discovery dispute between the parties. Google represents that the pages of Exhibit 2
6 that it seeks to redact reflect confidential information requests served on Google by the Attorney
7 General of the State of Texas in an ongoing governmental investigation. Dkt. No. 148 at 4; Dkt.
8 No. 148-1 ¶ 5. Google also represents that these requests reflect information that Google
9 maintains as confidential in the ordinary course of its business and that is not generally known to
10 the public or Google's competitors. Dkt. No. 148 at 4; Dkt. No. 148-1 ¶ 4. Google further
11 represents that public disclosure of such highly confidential information would cause competitive
12 harm to Google. Dkt. No. 148 at 4; Dkt. No. 148-1 ¶ 6. The Court agrees and finds that good
13 cause exists to seal the following material:

| **Document** | **Pages to be filed under seal** |
|---|---|
| Exhibit 2 to Joint Letter Brief (Dkt. No. 143-2) | Exhibit 2 (Dkt. No. 143-2) at pages GOOG-CALH-00039023, GOOG-CALH-00039024, GOOG-CALH-00039030, GOOG-CALH-00039039, GOOG-CALH-00039040 through 00039045, GOOG-CALH-00039047, GOOG-CALH-00039050, and GOOG-CALH-00039051 |

20   Plaintiffs filed Exhibit 2 to the joint letter brief conditionally under seal in its entirety.
21 Dkt. No. 144-2 (unredacted). The pages Google has identified to be sealed (*see* Dkt. No. 148 at 2)
22 comprise only a portion of Exhibit 2. Accordingly, Google shall file a redacted version of Exhibit
23 2 to the joint letter brief on the public docket by **May 5, 2022**.
24   //
25   //
26   //
27   //
28   //

1    **IT IS SO ORDERED.**

2    Dated: May 3, 2022

*[signature: Virginia K. DeMarchi]*
VIRGINIA K. DEMARCHI
United States Magistrate Judge