UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION

Case No. 21-cv-02155-YGR (VKD)

**ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL**

Re: Dkt. No. 182

On March 8, 2022, the Court conducted a hearing under seal on the parties' discovery dispute concerning defendant Google LLC's ("Google") search terms, custodians, and non-custodial sources (Dkt. No. 157). Dkt. No. 164. A transcript of the hearing has been prepared and filed under seal. Dkt. No. 175. Google has filed an administrative motion asking the Court to order that portions of the March 8, 2022 hearing transcript remain sealed. Dkt. No. 182. Plaintiffs have not filed a response. Having considered Google's submission, the Court grants the administrative motion, as set forth below.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). A litigant seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure.

1  *Id.* at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

2  Google's motion to seal concerns information submitted in connection with a discovery
3  dispute. The underlying discovery dispute does not address the merits of the parties' claims or
4  defenses, and the Court therefore applies the "good cause" standard of Rule 26(c).

5  The portions of the March 8, 2022 sealed hearing transcript (Dkt. No. 175) that Google
6  seeks to redact reflect discussion of project code names and internal data systems that Google
7  maintains as confidential in the ordinary course of its business and that are not generally known to
8  the public or Google's competitors. Dkt. No. 182 at 4; Dkt. No. 162-1 ¶ 5. Google also seeks to
9  redact opposing counsel's quotations from an internal document reflecting proprietary financial
10 valuation data designated by Google as highly confidential. Dkt. No. 182 at 5; Dkt. No. 182-2
11 ¶¶ 4–6. Google represents that the material it seeks to seal is highly confidential and that
12 disclosure to the public would cause competitive harm to Google. Dkt. No. 182 at 4–5. The Court
13 agrees and finds that good cause exists to seal the following material:

| Document | Portions to be filed under seal |
|---|---|
| March 8, 2022 Hearing Transcript (Dkt. No. 175) | Portions highlighted in yellow (*see* Dkt. No. 182-2) at pages 7:13-15; 7:19; 7:21; 8:21-23; 9:15, 9:17; 10:4-8; 11:11-12; 12:2; 15:19; 16:6-7; 16:11-13; 17:14; 27:14; 27:18-19: 28:6; 28:11; 28:13-15; 28:17-18; 28:22-25; 29:1; 29:4; 29:7; 29:12-13; 33:3 |

20 The March 8, 2022 sealed hearing transcript shall remain under seal in its entirety at Dkt.
21 No. 175. Google shall file a redacted version of the March 8, 2022 sealed hearing transcript,
22 reflecting the approved redactions, on the public docket by **May 10, 2022**.

23 **IT IS SO ORDERED.**

24 Dated: May 3, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge