1  Elizabeth C. Pritzker (Cal. Bar No. 146267)
   Jonathan K. Levine (Cal Bar No. 220289)
2  Bethany Caracuzzo (Cal Bar No. 190687)
3  **PRITZKER LEVINE LLP**
   1900 Powell Street, Suite 450
4  Emeryville, CA 94608
   Tel.: (415) 692-0772
5  Fax: (415) 366-6110
   *ecp@pritzkerlevine.com*
6  *jkl@pritzkerlevine.com*
7  *bc@pritzkerlevine.com*

8  *Interim Class Counsel*

9  [Additional Counsel Appear on Signature Page]

10

11              **IN THE UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
12                    **OAKLAND DIVISION**

13

   *IN RE GOOGLE RTB CONSUMER*          **CASE NO. 4:21-CV-02155-YGR-VKD**
14 *PRIVACY LITIGATION*

15                                       **PLAINTIFFS' MOTION FOR**
                                         **RELIEF FROM APRIL 25, 2022**
16 *This document applies to all actions.* **NONDISPOSITIVE ORDER OF**
                                         **MAGISTRATE JUDGE**
17                                       **(DKT. 184)**

18                                       **Fed. R. Civ. P. 72(a)**
                                         **Civil L.R. 72-2**
19

20

21

22

23

24

25

26

27

28
                                         Case No. 4:21-cv-02155-YGR-VKD
   PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE
   ORDER OF MAGISTRATE JUDGE

## I.   RELIEF REQUESTED

Pursuant to Fed. Rule Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A) and Civil L.R. 72-2, Plaintiffs move for partial relief from the non-dispositive <u>Order Re: February 1, 2022 Discovery Dispute Re: Plaintiffs' Document Requests to Google</u>, issued by Magistrate Judge DeMarchi on April 25, 2022. ("Order") (Dkt. 184). Specifically, Plaintiffs object to paragraphs II.B.5 and II.B.7, which denied:

> (1) Plaintiffs' RFP 22 (i), (j) and (q)(i), seeking production of internal Google documents of certain technical details regarding the use and operation of the Google advertising auction process known as Real-Time-Bidding or "RTB," around which this class litigation is centered; and

> (2) Plaintiffs RFP 30, seeking documents regarding Google's analysis and decision-making in drafting policies, materials or disclosures made to Account Holders or RTB participants regarding Google's collection, storage, use and sale of user information, and Google's engagement in targeted advertising and RTB, including those policies and disclosures attached to Plaintiffs' Complaint.

As set forth below, these rulings ignore key factual allegations of this complex class action, are contrary to the law, and are prejudicial because they prevent discovery on issues directly relevant to class certification and the merits of Plaintiffs' claims. Plaintiffs respectfully request that these rulings be vacated, and that the court compel Google to produce these highly relevant materials or remand to Judge DeMarchi with curative instructions.

## II.   LEGAL ANAYLSIS

### A.   The Order Applies the Wrong Legal Standard of Relevance

The Order recites a portion of Rule 26(b)'s clear directive that "[a] party may obtain discovery of any matter that is relevant to a claim or defense" (Dkt. 184 at 2), but ignores that the relevance standard applied in this District is "very broad." *Tria Beauty, Inc. v. Radiancy, Inc.*, No. C-10-05030, 2011 WL 13152740, *1 (N.D. Cal. Sept. 23, 2011).

Here, the challenged rulings – which are premised entirely on relevancy, not proportionality – are contrary to this settled law. They ignore the factual allegations of Plaintiffs' Complaint and substantially prejudice Plaintiffs by denying them important discovery central to those allegations and legal theories. The court should vacate these rulings, accordingly. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (denial of discovery that results in "actual and substantial prejudice to complaining litigant" is reversible error); *Vallabharpurapu v. Burger King Corp.*, 276 F.R.D. 611, 615 (N.D. Cal. 2011) (denial of discovery that would substantiate class allegations or show

1

1  requirements of Rule 23 may be satisfied is reversible error); *Artis v. Deere & Co.*, 276 F.R.D. 348,

2  351 (N.D. Cal. 2011) (accord).

3        **B.    The Order is Unfairly Prejudicial to the Prosecution of this Class Action**

4        The subject requests were served in May 2021. Google responded in July 2021, but produced

5  no documents. Declaration of Elizabeth C. Pritzker ("Pritzker Decl."), ¶¶ 2-3.  The parties conferred

6  for seven months before raising disputed issues in a letter brief filed on February 1, 2022. *Id*., ¶ 3,

7  Ex. B. Judge DeMarchi held a hearing and issued the Order on April 25, 2022. This motion focuses

8  on two rulings that substantially prejudice Plaintiffs' ability to prosecute this action for the class.

9        1.    <u>Discovery Regarding the Use and Operation of Google RTB is Highly Relevant and
10            Closely Tethered to the Allegations in the Complaint</u>

11       Plaintiffs object to paragraph II.B.5 of the Order , which denies Plaintiffs relevant discovery

12 under three subparts of RFP 22, specifically: subpart (i), "[t]he location and manner in which Google

13 stores [RTB] Bid Requests"; subpart (j), "[t]he location and manner in which Google stores user

14 information that is used or may be used in a Bid Request"; and subpart q(i), "[d]ocuments related to

15 the winning bid in Google Real Time Bidding as referenced, described or identified in the Complaint,

16 including … [t]he factors, analyses, considerations, and methodologies for selecting the winning bid."

17 The Order holds that this discovery is not "relevant to any issue in the case" or to "any claim or

18 defense," and that Google "need not produce" documents responsive to any of these requests.  Dkt.

19 184 at ¶ 5 (also attached as Ex. A to the accompanying Pritzker Decl.).  This was clear error.

20       Google expressly promises class members/Account Holders that: "We [at Google] don't share

21 information that personally identifies you with advertisers" and "never use…sensitive information

22 like race, religion or sexual orientation, to personalize ads" to class members.  Google routinely

23 breaks these promises through its RTB advertising scheme, in which Google collects and stores

24 personal information about class members, associates that information with other inferred

25 information Google maintains about their race, religion, sexual orientation, etc., and then shares that

26 information with third parties, including advertisers that seek to target class members with

27 personalized advertising. *See* CCAC (Dkt. 94) at ¶¶ 1-30; 96, 98, 100, 120, 125, 134.  The CCAC

28 includes graphics at ¶¶ 13, 133, 172, 184, and 190 that depict how personal information (including

1   the user's unique Google ID, IP address, cookie-matching identifiers, user-agent (or operating

2   system) identifier, and device identifier) flows into and through RTB – from collection, storage,

3   association with other Google-held personal data, transmission to third parties in Bid Requests, and

4   return transmissions in response to those Requests. It also contains specific allegations about what

5   personal information ("PI") is collected from class members, how such data is collected, maintained,

6   and associated with other highly personal information within Google, and then shared or sold to third

7   parties through RTB. *See* CCAC at ¶¶ 6-22, 113-190, 194-249.[1]

8           RFP 22 closely tracks these well-pled allegations, seeking documents that reveal the "location

9   and manner in which Google stores user information that is used or may be used in a Bid Request"

10  (RFP 22(j)), as well as the "location and manner in which" Google "stores Bid Requests" (RFP 22(i)).

11  These requests fall squarely within Rule 26(b)'s mandate that discovery include "the existence,

12  description, nature, custody, condition and location of any documents" relevant to a party's claim or

13  defense.[2] *See* Adv. Com. Note (2015 Amendments to Rule 26) (historical language deleted because

14  "Discovery of such matters is so deeply entrenched in practice that it is no longer necessary to clutter

15  the long text of Rule 26 with these examples.").  These documents will significantly assist Plaintiffs

16  in proving their case. Google claims it needs Plaintiffs' unique Google IDs, cookie-matching

17  identifiers, and device and operating system identifiers in order to locate and produce to Plaintiffs

18  their associated transmissions in the Google RTB system – records Google says it has maintained and

19  preserved. *Id.*, ¶ 8, Ex. C. Plaintiffs require this discovery on the "location and manner" in which

20  Google stores such PI for much the same reason. Documents responsive to RFP 22(i) will allow

21  Plaintiffs to trace how this PI comes in to the RTB system, how and where it is stored, the mechanism

22  by which Google associates such data with other inferred personal data (such as race), and the who,

23  what, when, where, how, and for how much Google transmits this user data to third-parties and

24  advertisers. *Id*.  All of this is relevant to Plaintiffs' claims that the class member data Google collects,

25

26  [1] *See also* Pritzker Decl., ¶¶ 5-10.  The court may wish to consider a "science hour" to learn more
    about how Google RTB functions.  *See* Pritzker Decl., ¶¶ 11-12.

27
    [2] There has been no argument by Google, or any finding by Judge DeMarchi, that the discovery is
28  disproportional to the needs of the case or is unduly burdensome for Google to locate and produce.
    *See* Pritzker Decl., ¶ 4, Ex. B; *and see* Dkt. 184 at ¶¶ 5, 7.

3

maintains and transmits via RTB is "personal information" – a common legal element of Plaintiffs' claims. *See* CCAC at ¶¶ 87, 91, 93, 95-6, 99-100, 106, 201, 266, 297, 343, 359, 363, 354, 380.[3] This discovery also will be useful to determine the precise information Google disclosed to specific RTB bidders for specific communications of the Named Plaintiffs. And as Plaintiffs allege (e.g., CCAC at ¶9-10), Google's unique ability to draw upon multiple sources of personal information it has collected and stored has enabled Google to charge premium prices and to corner the RTB market – these sources are intimately tied to Plaintiffs' theory of damages.

Such discovery also may be used to substantiate Plaintiffs' class allegations or assist Plaintiffs in securing class treatment. Discovery showing where and how Google "collects and stores user information that is or may be used in an RTB Bid Request" will assist Plaintiffs in establishing, *inter alia*, the common manner in which Google obtains, stores, uses, shares, sells, and profits from personal class member data for RTB purposes, the common impact of Google's RTB practices on class members, and the digital identities of class members (for class notice purposes). Pritzker Decl., ¶ 8. Google forecasted that it will raise a consent defense, i.e., that any information shared in RTB was authorized in the first instance. Thus, the issue of whether there was authorized or unauthorized "taking" of information is squarely in play by Google's own defenses.[4]

"Documents related to the winning [RTB] bid …, including … [t]he factors, analyses, considerations, and methodologies for selecting the winning bid" (RFP 22(q)(i)) are equally relevant. Each RTB Bid Request and winning bid is recorded in "event logs", which act as receipts documenting: (1) what information Google collects from (and associates with) class members and shares with third-parties,; (2) the identity of the winning bidder; and (3) the amount(s) Google earns

---

[3] Geo-location data is particularly relevant to Google's asserted defense under the California Invasion of Privacy Act. *See* Google's Mtn to Dismiss (Dkt. 93) at 25. Also at issue is the **location** of Google's RTB storage and processing infrastructure—***the core subject*** of RFP22(i), (j). In its MTD, Google contends that CIPA § 631(a) applies only to communications "sent from or received in" California (MTD at 25), but the statute also applies to communications *in transit within California*. That issue requires discovery into the Google RTB infrastructure and its location, as was done in *In re: Yahoo Mail Litig.*, 308 FRD 577 (N.D. Cal. 2015), a case Google cites in its brief.

[4] Google's discovery requests to Plaintiffs broadly seek discovery into the ***taking of information***, e.g., Plaintiffs' privacy settings. It argues that *all* privacy settings are relevant because they may inhibit the type of information Google is able to collect regardless of whether it is used in RTB . Thus, Google acknowledges that discovery must take a much broader stance and explore not only what is shared with third parties, but how it was taken in, collected and stored.

4

1  from winning bids. This will show the common way in which Google obtains, stores, and uses class

2  member PI, the common impact of Google's RTB practices, class damages (the value Google has

3  unjustly earned), and apportionment of such damages."[F]actors, analyses, considerations and

4  methodologies for selecting the winning bid" may show what or how much PI Google is willing to

5  share, and what amount(s) RTB bidders offer or pay. Pritzker Decl., ¶¶ 8-9. If the Order is upheld

6  and this discovery is not produced, Plaintiffs will face significant challenges showing the information

7  disclosed in RTB violates Google's promises to users that it will not sell or disclose class member PI

8  to third parties. It is imperative that Plaintiffs be able to trace not the just the fact of the collection,

9  but **how**, as well as the scope of it, to demonstrate the extent to which Google account holders' privacy

10 has been invaded by these disclosures and in a uniform way through Google' practices. *Id.*

11          2.          Plaintiffs Require Discovery of Company Analysis/Decision-Making re RTB

12          With respect to RFP 30, the Order holds that Google must produce documents revealing its

13 "analysis and decision-making regarding what it tells Account Holders and RTB participants about

14 the use and sale of user information, Google's own engagement in targeted advertising, and the RTB

15 process" but "**need not**" produce documents of the company's "analyses and decision-making

16 regarding what it tells Account Holders and RTB participants about the collection and storage of user

17 information," stating such discovery "is **not relevant** to the claims and defenses in this case." (Dkt.

18 184 at ¶ 7 (emphasis added)). That ruling, too, was error.  Google's analyses and decision-making

19 about what it told (or did not tell) its Account Holders or RTB participants about the collection,

20 storage and use of user information for RTB, or the potential financial impact that truthful disclosures

21 about how Google was using, and sharing with third parties, PI shared through RTB, may be relevant

22 to any "consent" defense Google may assert (what did Google know and when did it know it), and to

23 monetary and punitive damages, among other things. Pritzker Decl., ¶ 10; s*ee* CCAC, ¶¶ 409, 416,

24 427 (specified litigated claims that include punitive and other damages).

25 **III.     CONCLUSION**

26          Plaintiffs will be substantially prejudiced in their ability to prosecute this case if the

27 challenged portions of the Order stand. The court should vacate the rulings and compel production of

28 these highly relevant materials responsive to RFPs 22 and 30 or remand with curative instructions.

1    DATED: May 9, 2022                              Respectfully submitted,

2
                                                     **PRITZKER LEVINE LLP**
3
                                                     By:   _/s/ Elizabeth C. Pritzker_
4
                                                     Elizabeth C. Pritzker (Cal. Bar No.146267)
5                                                    Jonathan K. Levine (Cal. Bar No. 220289)
                                                     Bethany Caracuzzo (Cal. Bar No. 190687)
6                                                    1900 Powell Street, Ste. 450
                                                     Oakland, CA 94602
7                                                    Tel.: (415) 692-0772
                                                     Fax: (415) 366-6110
8                                                    *ecp@pritzkerlevine.com*
                                                     *jkl@pritzkerlevine.com*
9                                                    *bc@pritzkerlevine.com*

10
                                                     *Interim Class Counsel*
11

12                                                   **BLEICHMAR FONTI & AULD LLP**
                                                     Lesley Weaver (Cal. Bar No.191305)
13                                                   Anne K. Davis (Cal. Bar No. 267909)
                                                     Joshua D. Samra (Cal. Bar No. 313050)
14                                                   555 12th Street, Suite 1600
                                                     Oakland, CA 94607
15                                                   Tel.: (415) 445-4003
                                                     Fax: (415) 445-4020
16                                                   *lweaver@bfalaw.com*
                                                     *adavis@bfalaw.com*
17                                                   *jsamra@bfalaw.com*

18

19                                                   **SIMONS HANLY CONROY LLC**
                                                     Jason 'Jay' Barnes (admitted *pro hac vice*)
20                                                   An Truong (admitted *pro hac vice*)
                                                     112 Madison Avenue, 7th Floor
21                                                   New York, NY 10016
                                                     Tel.: (212) 784-6400
22                                                   Fax: (212) 213-5949
                                                     *jaybarnes@simmonsfirm.com*
23                                                   *atruong@simmonsfirm.com*

24
                                                     **DICELLO LEVITT GUTZLER LLC**
25                                                   David A. Straite (admitted *pro hac vice*)
                                                     James Ulwick (admitted *pro hac vice*)
26                                                   One Grand Central Place
                                                     60 E. 42nd Street, Suite 2400
27                                                   Tel.: (212) 784-6400
                                                     Fax: (212) 213-5949
28

6

PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE
ORDER OF MAGISTRATE JUDGE                            Case No. 4:21-cv-02155-YGR-VKD

New York, NY 10165
Tel: (646) 993-1000
*dstraite@dicellolevitt.com*
*julwick@dicellolevitt.com*

**COTCHETT PITRE & MCCARTHY, LLP**
Nancy E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal Bar. No. 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road
Burlingame, CA 94010
Tel.: (650) 697-6000
*nnishimura@cpmlegal.com*
*bdanitz@cpmlegal.com*
*kswope@cpmlegal.com*

**BOTTINI & BOTTINI INC.**
Frances A. Bottini, Jr. (Cal. Bar No. 175783)
Yuri A. Kolesnikov (Cal. Bar. No. 271173)
7817 Ivanhoe Ave., Ste. 102
LA Jolla, CA 92037
Tel.: (848) 914-2001
*fbottini@bottinilaw.com*
*ykolesnikov@bottinilaw.com*

*Plaintiffs' Executive Committee*

PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE
ORDER OF MAGISTRATE JUDGE                    Case No. 4:21-cv-02155-YGR-VKD