# EXHIBIT B

February 1, 2022

Magistrate Virginia K. DeMarchi
San Jose Courthouse, Courtroom 2-5th Floor
280 South 1st Street, San Jose, CA 95113

      Re: *In re Google RTB Consumer Privacy Litigation*, 5:21-cv-02155-YGR-VKD
      Joint Discovery Dispute – Re. Google's Responses & Objections to Plaintiffs' First Set of
      Requests for Production of Documents

Dear Magistrate Judge DeMarchi:

Plaintiffs and Google LLC ("Google") submit this joint letter brief regarding disputes pertaining to Google's Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents (RFPs). Having met and conferred several times since the RFPs were deemed served on May 4, 2021, the parties have identified disputes for the Court's consideration. **Exhibit 1** reflects the disputed RFPs and Google's objections.[1]

I.    **PLAINTIFFS' POSITION**

Plaintiffs and Google have conferred for **seven months**. Each disputed RFP targets relevant information, the production of which is proportional to the needs of this action. The Court has "[b]road discretion" to compel relevant discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). "[T]he party opposing discovery bears the burden of showing that discovery should not be allowed, and of clarifying, explaining, and supporting its objections with competent evidence." *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015). Google cannot meet its burden.

**RFP 1** (as narrowed) seeks documents concerning internal investigations into the allegations of the Complaint. Google objected on overbreadth grounds. Non-privileged investigatory documents are directly relevant to Plaintiffs' claims regarding Google RTB, how it functions, its impact on consumers, damages, and any purported defense of Account Holder "consent." *See Scherer v. FCA*

---

[1] Plaintiffs requested and Google agreed to address Plaintiffs' dispute over CIDs issued by the Texas AG in a separate joint letter brief, filed concurrently.

February 1, 2022: Page 2

*US, LLC*, 538 F. Supp. 1002, 1006-07 (S.D. Cal. 2021) (ordering production of company's investigatory files where relevant, necessary and proportional). The parties discussed search terms to target only relevant internal communications, e.g., "In re Google RTB" or [Plaintiff Names], but Google stands on its objections.

**RFP 2** seeks documents generated by Google in response to external criticism, including considerations to modify RTB-related conduct. Google improperly proposes to limit RFP 2 only to analyses of what Google describes as "*realized and material*" changes to RTB. The federal rules "broadly interpret relevancy, such that each party has the right to discovery of 'any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" *LivePerson, Inc. v. [24]7 AI, Inc.*, No. 317CV01268JSTKAW, 2018 WL 1225760, at *1 (N.D. Cal. Mar. 9, 2018) (citing FRCP 26(b)(1)). Having essentially conceded these documents are relevant, Google should not be permitted to be the sole arbiter of what it deems fit to produce.

**RFPs 3 and 4** seek documents and testimony already produced by Google to regulators prosecuting Google for violations of consumer rights, including specifically RTB, Google's handling of Account Holder data, and Google's purported defenses based on "consent." Plaintiffs don't demand production of all previously produced documents, but instead seek production of the Civil Investigation Demands (CIDs, or their equivalent) to help guide the parties (and the Court) to the relevant requests. Specifically, Plaintiffs request the CIDs issued in *State of Arizona ex rel. Mark Brnovich, Attorney General v. Google LLC*, No. CV 2020-006219 (Ariz. Superior Ct. 2020) ("*Brnovich*"), and the CID-equivalents issued in *Aus. Comp. & Consumer Comm'n v. Google LLC*, No. NSD816/2020 (Fed. Ct. of Australia 2020), and Google's responses to same. **Both matters contain allegations overlapping those here.** *Brnovich* concerns Google's deceptive collection of consumers' geolocation data: this action similarly alleges that Google wrongfully collects and discloses geolocation (and other) data to third-parties through RTB. (CCC ¶¶ 234-244). The *Australian* action alleges Google misled Account Holders regarding Privacy Policy changes and didn't obtain consent to Google's combining or associating personal information with activity on third party websites through an interface containing the same promise at issue here: Google "do[es] not sell your personal information to anyone." Ninth Circuit courts **generally permit discovery** from one case to be used in another where that litigation is relevant to the issues. "'Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery.'" *Madrid v. CertainTeed, LLC*, 2021 WL 3367253, at *2 (W.D. Wash. Aug. 3, 2021) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003)). Relevance is met: there is sufficient overlap in facts, parties and issues between the Arizona and Australian matters, and the present litigation. *Foltz*, at 1132.

**RFPs 7 – 11** seek documents about and compiled for interviews and testimony given by Google representatives, including CEO Sundar Pichai, about practices alleged in Plaintiffs' Complaint. Google **refuses to provide documents responsive to RFPs 7 and 8**, which encompass interviews, depositions or testimony to governmental entities or court proceedings relating to data privacy, RTB, or factual matters alleged in the Complaint (including Congressional testimony by its Chief

February 1, 2022: Page 3

Privacy Officer, Senior Privacy Counsel and CEO, and statements about RTB in response to Congressional inquiries). Google **insists on limiting RFP 9** – which seeks documents compiled in preparation for such interview or testimony – and refuses to search for or produce anything beyond communications about Google Account Holder data or data derived from Google Account data shared with third parties utilizing RTB. **And, Google refuses to produce documents responsive to RFPs 10 and 11**, which seek documents pertaining to CEO Pichai's 2018 NYT Op-Ed statement that "Google will never sell any personal information to third parties." (CCC ¶¶ 97, 110, Ex. 25). Google's objections are improper. Evidence regarding prior testimony and statements on core factual issues, and information relied upon or rejected in making such statements, are relevant; appropriate to evaluate as against other evidence; and act as a source of admissions. FRE 801(d)(1), (2).

**RFP 22's** subparts seek information central to Plaintiffs' case: the technical details of RTB, including how and where RTB bid requests and information used in bid requests are tracked and stored (i and j); the information used in RTB bid requests; how winners are selected (q(i)); what Google shares with the winner (q(ii)); and information the winner conveys to Google or that Google is able to access (q(iii)). Regarding (i) and (j), information about Google's collection and storage is relevant to identification of class members and calculation of damages. The parties are discussing preservation obligations necessary to identify Google Account holders subject to the activity in question – and damages for those individuals. Google's systems of collection and storage of personal information that also flow through RTB are relevant to these issues. As to q(i), (ii), and (iii), Google **refuses** to produce information regarding the "factors, analyses, considerations, and methodologies" for selecting the winning bid and "what the winning bidder is able to do with that information" it receives associated with the bid. These documents go to the market exchange between Google and RTB participants. Similarly, q(iii) is relevant to liability and damages. Documents that may show Google knows a certain bidder is selling the information to someone else, or using the information to build its own user profiles, are also relevant and should be ordered produced.

**RFP 28** seeks information **Google concedes is relevant**: non-privileged drafts of its Terms of Service and Privacy Policies, disclosures to Google Account Holders, and RTB "verticals," and related communications. Google's only objection is that certain items may "likely" be privileged and, under Rule 26's proportionality admonition, it shouldn't have to identify responsive, but claimed privileged items. **Rule 26 undermines Google's objection.** "The proportionality factor is not 'intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional.'" *Jacobs v. Wal-Mart Stores, Inc.*, No. 3:17-CV-05988-RJB, 2018 WL 4583878 at *1 (W.D. Wash. Sept. 25, 2018) (citing Cmt. to 2015 Amend. to FRCP 26(b)(1)). The Court instead considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FRCP 26(b)(1). **Each factor favors production**.

February 1, 2022: Page 4

**RFP 30** asks Google to produce "analyses and decision-making practices in drafting or finalizing any policy, material or disclosure made to [Google] Account Holders or RTB participants regarding Google's engagement in targeted advertising in or related to Google [RTB]." **Google concedes relevance,** but seeks to limit production to documents regarding the use by or sale to RTB Participants of US-user information. Google's proposed limitation carves out highly relevant documents regarding what Google told Account Holders or RTB participants regarding Google's ***collection*** and ***storage*** of Account Holder information, and **Google's** use or sale of Account Holder information and its engagement in targeted advertising relating to RTB. Google's representations regarding Account Holder data, targeted advertising, and RTB are squarely at issue here.

**RFP 33** (as narrowed) targets reporting on user engagement and RTB, and studies on the impact of privacy breaches on engagement, which is relevant to Plaintiffs' assertions that Google misrepresents that it "do[es] not sell your personal information to anyone," the impact that misrepresentation has on Account Holders' use of Google's services, and damages. Plaintiffs have proposed that an appropriate search methodology would target relevant documents, but Google stands on its objections.

**RFP 35** seeks documents related to Google's market share in digital advertising, and is the share derived from RTB – a highly relevant issue here. **This request seeks highly relevant information** about the ubiquity of Google's digital advertising presence – such that it is practically impossible for any American Internet user to avoid having their information collected by Google and used in Google RTB. Google's identification of targeted collections of documents responsive to other RFPs does not relieve it of its obligation with respect to ***this*** RFP.

## II.   GOOGLE'S POSITION

The disputed requests are overbroad, not proportional to this litigation, and seek vast amounts of privileged information.  Plaintiffs' motion falls far short of "detail[ing] the basis for [its] contention that it is entitled to the requested discovery and show[ing]. . . how the proportionality and other requirements of [Rule 26] are satisfied." Local Civ. R. 37.2.

***RFP 1***.  Plaintiffs seek all documents and communications "related to this Action," ***not*** "Google's internal investigations related to the allegations" in the operative Complaint ("CAC"), as they claim.  Requests that seek all documents related to a case are overbroad.  *See Franklin Fueling Sys. v. Veeder-Root Co.*, 2009 WL 10691372, at *4 (E.D. Cal. Nov. 13, 2009) (discovery requests that "sweep in every allegation from the [] Complaint" are "inappropriate").  Plaintiffs' proposal to adopt the case caption and Plaintiffs' names as search terms is improper, as these terms will target tomes of privileged discussions and would require Google to review and log virtually every document concerning this case. *See CoStar Grp., Inc. v. Xceligent, Inc.*, 2017 WL 5957774, at *3 (W.D. Mo. Sept. 11, 2017) (request was "unduly burdensome" where it "target[ed] a large volume of attorney-client privileged material").

February 1, 2022: Page 5

**RFP 2**.  Google has agreed to produce documents reflecting any material changes made to Google's Real-Time Bidding system ("RTB") prompted by external criticism or scrutiny related to the disclosure of user data. Plaintiffs also demand discovery pertaining to *immaterial* and *merely potential* changes to RTB.  These subjects are overbroad and irrelevant, and Plaintiffs' only rebuttal is to incorrectly assert that Google has "essentially conceded" relevance (it has not).  The gravamen of Plaintiffs' claims is that Google sells "personal and/or sensitive information" to third-party RTB participants, thus contravening its representations to account holders.  CAC ¶¶ 20; 78-108.  Plaintiffs did not, and could not, allege that Google injured account holders with never-launched product features. Indeed, the CAC does not reference *any* changes to RTB, potential or realized.  Nevertheless, Plaintiffs seek every internal product debate and discussion – regardless of whether a change to the product was made or had any impact on third-party data sharing.  Given that Google has designated 21 custodians, many of whom work principally on RTB, this RFP would sweep in vast amounts of irrelevant information.

**RFPs 3-4**. Plaintiffs seek the CIDs that were served in two other investigations that are wholly irrelevant here. In *Arizona v. Google.*, No. 2020-006219 (Super. Ct. Ariz. May 27, 2020), the Arizona AG alleged that Google tracked the *location history* of Android phone and Google app users *after they had turned off* a location history setting. *Id.* ¶¶ 22-55.  In *Australian Competition and Consumer Commission ("ACCC") v. Google LLC*, NSD 816/2020, the ACCC claimed that Google misled consumers about the type of information Google's own ad services could access. *Id.* ¶¶26-32.  Tellingly, neither of these complaints mention Google's RTB or allege that Google illegally transmits user information to *third parties*. Further, it is not enough for Plaintiffs to show "overlapping allegations," as they incorrectly contend exist here. Plaintiffs "must demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein."  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003).  Plaintiffs do not clear this hurdle.

**RFPs 7-9**.  Plaintiffs seek every document related to any "interview" or any deposition or testimony in any litigation or regulatory proceeding concerning "data privacy, [RTB] or any other matter alleged in the [132-page] Complaint."  This request does not relate to "core factual issues," as most of these interviews merely address general data privacy issues and Google's collection or use of user data across all products – topics far too general to underlie valid discovery requests. *See Shenwick v. Twitter, Inc.*, 2018 WL 833085, at *3 (N.D. Cal. Feb. 2, 2018) (requests that sought all documents concerning user engagement were overbroad in action concerning one engagement metric).  Further, Requests 8-9 are especially improper because they target vast swaths of privileged information – i.e., all communications concerning any deposition or witness interview on data privacy.

February 1, 2022: Page 6

**RFPs 10-11**.  The Court should deny Plaintiffs' request to compel production of all documents relating to a 2019 *New York Times* Opinion Editorial authored by Google's CEO Sundar Pichai, and all documents "relied on, referenced, or otherwise compiled for review" in relation to the same. The OpEd offers a general discussion of user privacy issues and does not even ***mention*** Google's RTB.  Not every document concerning Google's public statements on user privacy are relevant to Plaintiffs' claims. *Shenwick*, 2018 WL 833085, at *3. Further, plaintiffs "may elect to obtain ESI from a custodian who is a senior executive" only with "a factual basis to believe that such senior executive has relevant information.  *See Alta Devices, Inc. v. LG Elecs., Inc.*, 2019 WL 8757255, at *1 (N.D. Cal. Feb. 20, 2019) (DeMarchi, J.). That Mr. Pichai wrote an editorial on privacy is not sufficient.

**RFPs 22(i)-(j) and 30**.  Plaintiffs demand documents concerning: (1) "[t]he location and manner in which Google ***stores*** Bid Requests" (Request 22(i)(j)), and (2) "Google's analysis and decision-making practices in the drafting of any policy, material, or disclosure . . . regarding Google's ***collection, storage,*** use and sale of user information, Google's engagement in targeted advertising, and Google RTB."  (Request 30).  Google is producing policies, analyses of, or decision-making, concerning the alleged sale of user data to third-party RTB participants or their permitted use of such information (10/27/21 Ltr. from J. Gutkin at 2, 3.)  This is all that is relevant.  Plaintiffs again incorrectly claim Google conceded relevance.  Not so.  In fact, ***Plaintiffs conceded irrelevance,*** stating previously that "this case relates ***to Google's disclosure of*** information in its own possession ***rather than the unauthorized taking of*** Plaintiffs' information." (ECF No. 82 at 7.) Documents concerning the collection of user information ***are*** irrelevant because Plaintiffs never alleged that Google improperly collected anything from users.  Likewise, none of Plaintiffs' claims turn on how user information or bid requests ***are stored***.  The technical details regarding storage are not necessary to identify class members, as Plaintiffs incorrectly contend.  And, while the CAC makes a few allegations about the storage of Account Holder information in the Chrome browser, (ECF No. 92, CAC ¶¶ 489–491), these allegations relate to Count 11, which is not being litigated. (*See* ECF. No. 91.)

**RFP 22.**  As to RFP 22(q)(ii)-(iii), Google offered to produce documents (if any), showing what data the winning bidder is given access to or conveys to Google by virtue of winning the auction. Plaintiffs do not (and could not) articulate why this is insufficient. As to 22(q)(i), Google's "factors, analyses, considerations, and methodologies" for selecting the ***winning*** bid is not relevant, given that Plaintiffs allege the same data is shared with all RTB participants, whether they win the auction or not.  CAC ¶ 7.

**RFP 28**. Plaintiffs seek all documents related to Google's Terms of Use, various Help Center Pages, and Privacy Policies, including drafts and discussions regarding drafts. Google has agreed to produce earlier versions of these documents and non-privileged drafts, if any exist.  (10/27/21

February 1, 2022: Page 7

and 11/19/21 Ltrs. from J. Gutkin). Dissatisfied, Plaintiffs insist on production of *all* documents "discussing, analyzing, or memorializing iterative drafts." *Any* discussion of *any* revision of *any* term in these policies is overbroad. Further, most of these materials are likely to be privileged, and review and logging of them would be unjustifiably burdensome.

**RFP 33**. Plaintiffs seek documents establishing user engagement on all "Google's services" on a monthly basis, and studies concerning the impact of privacy breaches on user engagement. This RFP is overbroad and is hardly "equivalent" to the distribution of user data through RTB, as the request concerns *all* of "Google's services," rather than Google's RTB. *Hawkins v. Kroger Co.*, 2019 WL 4416132, at *16 (S.D. Cal. Sep. 16, 2019) (plaintiff's requests were overbroad "as they are not limited to the products at issue").

Further, monthly engagement of RTB is duplicative of other discovery Google agreed to produce, including documents showing the frequency and numerosity of RTB auctions. (10/27/21 Ltr from J. Gutkin at 2). To the extent Plaintiffs seek to quantify their alleged harm, Google agreed to produce documents showing the monetary value of the alleged conduct (Request 34) and RTB's payment structures (Request 22). Finally, producing "user engagement" data even just for RTB on a monthly basis is impracticable, as Google does not tabulate Monthly Active Users for RTB, and has no way of reliably estimating this metric.

**RFP 35**. Plaintiffs seek documents concerning Google's market share for *all* digital advertising even though this case solely concerns one product – Google's RTB. While Plaintiffs contend that this discovery is necessary to show "the ubiquity" of Google's digital advertising, *all* of Google's digital advertising is not at issue here. Relevant to this request, Google has already produced a list of publisher side accounts eligible to participate in RTB (information Plaintiffs requested to show the reach of the RTB), and agreed to produce metrics reflecting the frequency and numerosity of RTB auctions (10/27/21 Ltr from J. Gutkin at 2).

## III. NECESSITY OF A HEARING

### A. Plaintiffs' Position

Plaintiffs respectfully request a hearing on these disputed items of discovery. Discovery deadlines are fast approaching, and resolution of these issue will have implications for other discovery matters.

### B. Google's Position

Google respectfully requests the Court convene a hearing to resolve these issues.

February 1, 2022: Page 8

## IV. DISCOVERY CUT-OFF DATES FOR FACT AND EXPERT DISCOVERY

| Fact Discovery Cut-Off | December 15, 2022 |
| --- | --- |
| Close of Expert Discovery | March 2, 2023 |

## V. COMPLIANCE WITH MEET AND CONFER REQUIREMENT

In compliance with the Court's meet and confer requirements, the parties met and conferred several times via Zoom. The final lead counsel meet and confer was held on January 18, 2022, also via Zoom. On Plaintiffs' side Elizabeth C. Pritzker, Bethany Caracuzzo, Lesley. E. Weaver, Anne K. Davis, Jay Barnes, An Truong, David Straite, and Karin Swope attended, among others. On Google's side Jeff Gutkin, Aarti Reddy, and Kelsey Spector attended, among others.

February 1, 2022: Page 9

**PRITZKER LEVINE LLP**

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (Cal. Bar. No. 146267)
Johnathan K. Levine (Cal. Bar. No. 220289)
Caroline C. Corbitt (Cal. Bar. No. 305492)
1900 Powell Street, Suite 450
Emeryville, CA 4608
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
ccc@pritzkerlevine.com

**BLEICHMAR FONTI & AULD LLP**

By: */s/ Lesley Weaver*
Lesley Weaver (Cal. Bar No.191305)
Anne K. Davis (Cal. Bar No. 267909)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

**SIMMONS HANLY CONROY LLC**

By: */s/ Jay Barnes*
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (*pro hac vice* to be sought)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
mbreit@simmonsfirm.com
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
ejohnson@simmonsfirm.com

**DICELLO LEVITT GUTZLER LLC**

By: */s/ David Straite*
David A. Straite (admitted *pro hac vice*)

February 1, 2022: Page 10

One Grand Central Place
60 E. 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 993-1000
*dstraite@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
James A. Ulwick (admitted *pro hac vice*)
Ten North Dearborn Street
Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*
*julwick@dicellolevitt.com*

**BOTTINI & BOTTINI, INC.**

By: */s/ Francis A. Bottini, Jr.*
Francis A. Bottini, Jr. (SBN 175783)
Albert Y. Chang (SBN 296065)
Anne Beste (SBN 326881)
Yury A. Kolesnikov (SBN 271173)
Nicholaus Woltering (SBN 337193)
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Telephone: (858) 914-2001
Facsimile: (858) 914-2002
fbottini@bottinilaw.com
achang@bottinilaw.com
abeste@bottinilaw.com
ykolesnikov@bottinilaw.com
nwoltering@bottinilaw.com

**COTCHETT, PITRE & McCARTHY LLP**

By: */s/ Nanci E. Nishimura*
Nanci E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal. Bar. No. 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel.: (650) 697-6000
Fax: (650) 697-0577

February 1, 2022: Page 11

*nnishimura@cpmlegal.com*
*bdanitz@cpmlegal.com*
*kswope@cpmlegal.com*

February 1, 2022: Page 12

Dated: February 1, 2022                    COOLEY LLP


                                           By: */s/ Jeffrey M. Gutkin*
                                           _____
                                               Michael G. Rhodes
                                               Jeffrey M. Gutkin
                                               Aarti G. Reddy
                                               Kyle C. Wong
                                               Kelsey R. Spector
                                               Colin S. Scott
                                               3 Embarcadero Center, 20th floor
                                               San Francisco, CA  94111-4004
                                               Tel.:  415-693-2000
                                               Fax:  415-693-2222
                                               rhodesmg@cooley.com
                                               jgutkin@cooley.com
                                               kspector@cooley.com
                                               cscott@cooley.com

                                               Robby L.R. Saldaña
                                               1299 Pennsylvania Avenue NW
                                               Suite 700
                                               Washington, DC   20004-2400
                                               Tel.:  202-776-2109
                                               Fax:  202-842-7899
                                               rsaldana@cooley.com

                                           Attorneys for Defendant
                                           GOOGLE LLC

February 1, 2022: Page 13

### ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Elizabeth C. Pritzker, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st day of February, 2022, at Emeryville, California.


*/s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker

# EXHIBIT 1

**REQUEST FOR PRODUCTION NO. 1:**

All non-privileged Documents and Communications related to this Action, including Google's discussions and investigations into the allegations in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, particularly as it relates to "the allegations in the Complaint," which is 118 pages long and alleges a myriad of facts that have no relationship to the purported violations Plaintiffs seek to remedy. As worded, this Request is improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires the propounding party to "describe with reasonable particularity each item or category of items to be inspected." Google also objects to this Request as overly broad and unduly burdensome to the extent it encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google further objects to the extent this Request is not limited to RTB. Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity.

In addition, Google objects that the phrases "discussions" and "investigations" are vague and ambiguous as neither are self-evident or defined.

Subject to the foregoing objections, Google responds that it will meet and confer with Plaintiffs about this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Documents and Communications related to Google's discussions, investigations, and analyses, including decision-making analyses as to its response or lack of response, including consideration to modify any conduct, as it relates to any legal action, government or regulatory investigation, or other inquiry (e.g. inquiries from news outlets, consumers or other complaints)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

1    regarding Real Time Bidding, including the alleged "Jedi Blue" agreement with Facebook and
2    "Project Bernanke."

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

4           In addition to the foregoing General Objections, which Google incorporates by reference,
5    Google specifically objects that this Request is overly broad, unduly burdensome, and not
6    proportional to the needs of the case to the extent it is not limited in scope and encompasses other
7    aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged
8    disclosure of Plaintiffs' and purported class members' personal information to third party
9    participants utilizing RTB. Google further objects to the extent this Request is not limited to RTB.
10   Google also objects to this Request to the extent it interferes with the jurisdiction of governmental
11   investigative entities and the powers and confidentiality accorded such entities. Google further
12   objects to this Request because discovery into Google's work product in unrelated, separate matters
13   would unnecessarily insert collateral, irrelevant issues into this litigation. Google also objects to
14   this Request to the extent it seeks documents or information the disclosure of which is prohibited
15   by law, regulation, court order, or other authority. Accordingly, the Request is not proportional to
16   the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.
17   Google further objects to this Request to the extent it seeks documents protected by the attorney-
18   client privilege or the work product doctrine, or any other privilege or immunity.

19          In addition, Google objects that the phrases "discussions," "investigations," "analyses,"
20   "response," "consideration to modify," "Jedi Blue," and "Project Bernanke" are vague and
21   ambiguous as none are self-evident or defined.

22          Subject to the foregoing objections, Google responds that it will conduct a reasonable search
23   and produce responsive, non-privileged documents reflecting any discussions, investigations, or
24   analyses, including decision-making analyses, regarding material changes to RTB prompted by
25   external criticism or scrutiny about the alleged disclosure of Google Account data or other data
26   derived from Google Account data to third parties utilizing RTB, to the extent any such documents
27   exist.

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPs
CASE NO. 5:21-CV-02155-LHK

**REQUEST FOR PRODUCTION NO. 3:**

Documents, subpoenas, other compulsory process, civil investigative demands, correspondence, request for voluntary production, or any other requests for documents, data or information made to Google or received by Google from any regulator or government entity, whether State or federal, U.S. or international, formal proceeding or informally made, relating to data privacy, Real Time Bidding, or any matter alleged in the Complaint and Google's responses to them.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, particularly as it relates to "data privacy" and "any matter alleged in the Complaint," which is 118 pages long and alleges a myriad of facts that have no relationship to the purported violations Plaintiffs seek to remedy. As worded, this Request is improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires the propounding party to "describe with reasonable particularity each item or category of items to be inspected." Google also objects to this Request as overly broad and unduly burdensome to the extent it is not limited in scope and encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google further objects to the extent this Request is not limited to RTB. Google also objects to this Request to the extent it interferes with the jurisdiction of governmental investigative entities and the powers and confidentiality accorded such entities. Google further objects that this Request is an improper attempt at clone discovery that is not tailored to the allegations in this litigation. Discovery into Google's work product in unrelated, separate matters would unnecessarily insert collateral, irrelevant issues into this litigation. Google also objects to this Request to the extent it seeks documents or information the disclosure of which is prohibited by law, regulation, court order, or other authority. Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google further objects to this

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

1    Request to the extent it seeks documents protected by the attorney-client privilege or the work

2    product doctrine, or any other privilege or immunity.

3         In addition, Google objects that the phrases "other compulsory process," "any other

4    requests," "received by Google," and "relating to data privacy" are vague and ambiguous as none

5    are self-evident or defined.

6         Subject to the foregoing objections, and in accordance with Judge van Keulen's June 8,

7    2021 Discovery Order in *Calhoun, et al. v. Google*, No. 5:20-cv-05146 (ECF No. 220), Google will

8    conduct a reasonable search and produce responsive, non-privileged document requests from any

9    public government investigations about the alleged disclosure of Google Account data or other data

10   derived from Google Account data to third parties utilizing RTB, to the extent any such documents

11   exist.

12   **REQUEST FOR PRODUCTION NO. 4:**

13        Documents, data or information, including Correspondence and testimony, provided by

14   Google to any regulator or government entity or office, whether State or federal, U.S. or

15   international, relating to data privacy, Real Time Bidding, or any matter alleged in the Complaint

16   identified in Request No. 3.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

18        In addition to the foregoing General Objections, which Google incorporates by reference,

19   Google specifically objects that this Request is overly broad, unduly burdensome, and not

20   proportional to the needs of the case, particularly as it relates to "data privacy" and "any matter

21   alleged in the Complaint," which is 118 pages long and alleges a myriad of facts that have no

22   relationship to the purported violations Plaintiffs seek to remedy. As worded, this Request is

23   improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires the

24   propounding party to "describe with reasonable particularity each item or category of items to be

25   inspected." Google also objects to this Request as overly broad and unduly burdensome to the

26   extent it encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations

27   regarding the alleged disclosure of Plaintiffs' and purported class members' personal information

28   to third party participants utilizing RTB. Google further objects to the extent this Request is not

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

1   limited to RTB.  Google also objects to this Request to the extent it interferes with the jurisdiction

2   of governmental investigative entities and the powers and confidentiality accorded such entities.

3   Google further objects that this Request is an improper attempt at clone discovery that is not tailored

4   to the allegations in this litigation.  Discovery into Google's work product in unrelated, separate

5   matters would unnecessarily insert collateral, irrelevant issues into this litigation. Google also

6   objects to this Request to the extent it seeks documents or information the disclosure of which is

7   prohibited by law, regulation, court order, or other authority.  Accordingly, the Request is not

8   proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely

9   benefit.  Google further objects to this Request to the extent it seeks documents protected by the

10  attorney-client privilege or the work product doctrine, or any other privilege or immunity.

11          In addition, Google objects that the phrases "testimony" and "relating to data privacy" are

12  vague and ambiguous as neither are self-evident or defined.

13          Subject to the foregoing objections, Google is willing to meet and confer with Plaintiffs

14  regarding what information provided to any entity identified in response to Request for Production

15  No. 3, if any, conducting public investigations into the data allegedly shared with third parties

16  utilizing RTB, is relevant to this action.

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

**REQUEST FOR PRODUCTION NO. 7:**

Transcripts, audio, and video recordings of any interviews, depositions, or testimony, whether formal or informal, of Google to any regulator or government entity or office, or in any court proceeding, whether State or federal, U.S. or international, relating to data privacy, Real Time Bidding, or any matter alleged in the Complaint, and any exhibits used therein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, particularly as it relates to "data privacy" and "any matter alleged in the Complaint, and any exhibits used therein" because the Complaint is 118 pages long and alleges a myriad of facts that have no relationship to the purported violations Plaintiffs seek to remedy. As worded, this Request is improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires the propounding party to "describe with reasonable particularity each item or category of items to be inspected." Google also objects to this Request as overly broad and unduly burdensome to the extent it encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google further objects to the extent this Request is not limited to RTB. Google also objects to this Request to the extent it interferes with the jurisdiction of governmental investigative entities and the powers and confidentiality accorded such entities. Google further objects that this Request is an improper attempt at clone discovery that is not tailored to the allegations in this litigation. Discovery into Google's work product in unrelated, separate matters would unnecessarily insert collateral, irrelevant issues into this litigation. Google also objects to this Request to the extent it seeks documents or information the disclosure of which is prohibited by law, regulation, court order, or other authority. Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

In addition, Google objects that the phrases "interviews," "testimony," and "relating to data privacy" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

Documents compiled by Google in preparation for any interview, deposition, or testimony, whether or not actually relied upon, referenced, or otherwise disclosed in the interview, deposition, or testimony, relating to data privacy, Real Time Bidding, or any matter alleged in the Complaint, including documents compiled in preparation for the Congressional testimony of Google CEO Sundar Pichai referenced in the Complaint at ¶ 76.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, particularly as it relates to "data privacy," "any matter alleged in the Complaint," and "documents compiled in preparation for the Congressional testimony of Google CEO Sundar Pichai referenced in the Complaint," because the Complaint is 118 pages long and alleges a myriad of facts that have no relationship to the purported violations Plaintiffs seek to remedy. As worded, this Request is improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires the propounding party to "describe with reasonable particularity each item or category of items to be inspected." Google also objects to this Request as overly broad and unduly burdensome to the extent it encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google further objects to the extent this Request is not limited to RTB. Google also objects to this Request to the extent it interferes with the jurisdiction of governmental investigative entities and the powers and confidentiality accorded such entities. Google further objects that this Request is an improper attempt at clone discovery that is not tailored to the allegations in this litigation. Discovery into Google's work product in unrelated, separate matters would unnecessarily insert collateral,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

1    irrelevant issues into this litigation. Google also objects to this Request to the extent it seeks

2    documents or information the disclosure of which is prohibited by law, regulation, court order, or

3    other authority.  Accordingly, the Request is not proportional to the needs of the case, and the

4    burden of the proposed discovery outweighs any likely benefit.  Google further objects to this

5    Request to the extent it seeks documents protected by the attorney-client privilege or the work

6    product doctrine, or any other privilege or immunity.

7          In addition, Google objects that the phrases "interview," "testimony," "referenced,"

8    "otherwise disclosed," "relating to data privacy," and "compiled" are vague and ambiguous as none

9    are self-evident or defined.

10         Subject to the foregoing objections, Google has not conducted and will not conduct searches

11   for responsive documents, and, as a result, will not produce documents in response to this Request.

12   **REQUEST FOR PRODUCTION NO. 9:**

13         Documents and communications regarding Google's discussions and analyses of any

14   interview, deposition, or testimony by Google or a Google employee relating to data privacy, Real

15   Time Bidding, or any matter alleged in the Complaint, including documents and communications

16   related to the analyses of the Congressional testimony of Google CEO Sundar Pichai referenced in

17   the Complaint at ¶ 76.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

19         In addition to the foregoing General Objections, which Google incorporates by reference,

20   Google specifically objects that this Request is overly broad, unduly burdensome, and not

21   proportional to the needs of the case, particularly as it relates to "data privacy," "any matter alleged

22   in the Complaint," and "documents and communications related to the analyses of the

23   Congressional testimony of Google CEO Sundar Pichai referenced in the Complaint,"  because the

24   Complaint is 118 pages long and alleges a myriad of facts that have no relationship to the purported

25   violations Plaintiffs seek to remedy.  As worded, this Request is improper and in violation of

26   Federal Rule of Civil Procedure 34(b)(1)(A), which requires the propounding party to "describe

27   with reasonable particularity each item or category of items to be inspected."  Google also objects

28   to this Request as overly broad and unduly burdensome to the extent it encompasses other aspects

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB.  Google further objects to the extent this Request is not limited to RTB.  Google also objects to this Request to the extent it interferes with the jurisdiction of governmental investigative entities and the powers and confidentiality accorded such entities.  Google further objects that this Request is an improper attempt at clone discovery that is not tailored to the allegations in this litigation. Discovery into Google's work product in unrelated, separate matters would unnecessarily insert collateral, irrelevant issues into this litigation. Google also objects to this Request to the extent it seeks documents or information the disclosure of which is prohibited by law, regulation, court order, or other authority.  Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.  Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity.

In addition, Google objects that the phrases "discussion," "analyses," "interview," and "relating to data privacy" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing objections,  Google  will conduct a reasonable search and produce responsive, non-privileged documents related to external communications about Google Account data or other data derived from Google Account data that is allegedly shared with third parties utilizing RTB.

**REQUEST FOR PRODUCTION NO. 10:**

Documents relied on, referenced, or otherwise compiled for review relating to Google CEO Sundar Pichai's opinion editorial in the New York Times, as referenced in the Complaint at ¶ 77.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, particularly as it relates to "Google CEO Sundar Pichai's opinion editorial in the New York Times, as referenced in the Complaint."  Google also objects to this Request as overly broad and unduly burdensome to the extent it encompasses other aspects of

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google further objects to the extent this Request is not limited to RTB. Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity.

In addition, Google objects that the phrases "referenced" and "compiled for review" are vague and ambiguous as neither are self-evident or defined.

Subject to the foregoing objections, Google responds that because the editorial does not relate to the allegations concerning RTB challenged in Plaintiffs' Complaint, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

Documents and communications regarding Google CEO Sundar Pichai's opinion editorial in the New York Times, as referenced in the Complaint at ¶ 77, including any drafts, iterations, or comments to same and any discussions or analyses pre- and post-publication.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, particularly as it relates to "Google CEO Sundar Pichai's opinion editorial in the New York Times, as referenced in the Complaint." Google also objects to this Request as overly broad and unduly burdensome to the extent it encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google further objects to the extent this Request is not limited to RTB. Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google further objects to this Request to the extent it seeks documents

1   protected by the attorney-client privilege or the work product doctrine, or any other privilege or

2   immunity.

3         In addition, Google objects that the phrases "referenced," "comments," "discussions," and

4   "analyses" are vague and ambiguous as none are self-evident or defined.

5         Subject to the foregoing objections, Google responds that because the editorial does not

6   relate to the allegations concerning RTB challenged in Plaintiffs' Complaint, Google has not

7   conducted and will not conduct searches for responsive documents, and, as a result, will not produce

8   documents in response to this Request.

9

10

11

12

13

14

15

16

17

18

19        c.

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20  **REQUEST FOR PRODUCTION No. 22:**

21       Documents and communications regarding Google's use, disclosure, or sale of Account

22  Holder information through Google Real Time Bidding, including:

23       a.      How Google Real Time Bidding functioned and functions;

24       b.      How Bid Requests are constructed;

25       c.      How Bid Requests are shared;

26       d.      The minimum amount of user information required within a Bid Request;

27       e.      All variations, elements or components of user information that may be part of a Bid

28               Request;

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

32

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

f.    The extent to which information in a Bid Request may reveal sensitive information about a user;

g.    The factors, analyses, or other considerations used by Google to determine what information should be included within a Bid Request;

h.    The source(s) from which Google obtains information provided in a Bid Request;

i.    The location and manner in which Google stores Bid Requests;

j.    The location and manner in which Google stores user information that is used or may be used in a Bid Request;

k.    How Bid Requests are conveyed to Google Real Time Bidding participants and in what form;

l.    What action a participant may take with respect to the information in a Bid Request, including whether a participant may view, store or otherwise access user information shared by Google through Google Real Time Bidding;

m.    How responsive bids are constructed, received and accepted;

n.    The frequency of auctions in Real Time Bidding, including how many auctions occur per day, per month and per year;

o.    How many individual users have had their information auctioned off by Google through Google Real Time Bidding and the frequency of auctions as to each user;

p.    The technical processes, timing, directions, commands, and flow of how data (including Account Holder personal information and the content of their communications) is transmitted, stored, and re-directed when an Account Holder participates in an Internet communication on a web-property through which an advertisement is served to the Account Holder through Google Real Time Bidding; and,

q.    Documents related to the winning bid in Google Real Time Bidding as referenced, described or identified in the Complaint, including:

    i.    The factors, analyses, considerations, and methodologies for selecting the winning bid;

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

33

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

  ii.  The information to which the winning bidder is given access and what the winning bidder is able to do with that information;

  iii. Information that the winning bidder conveys to Google or that Google is otherwise able to obtain or access by virtue of the winning bidder's participation in Google Real Time Bidding; and,

  iv. How payment is conveyed to Google.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects to this Request as overly broad and unduly burdensome to the extent it is not limited in scope and encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google further objects to the extent this Request is not limited to RTB. Google also objects to this Request as overly broad and unduly burdensome as the phrase "analysis" is not limited to formal analyses. Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google also objects to this Request on the basis that it is compound. Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity.

In addition, Google objects that the phrases "variations, elements or components of user information that may be part of a Bid Request," "factors, analyses, or other considerations used by Google," "may be used in a Bid Request are conveyed to Google," "technical processes, timing, directions, commands and flow of how data . . . ," "internet communication on a web-property" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing objections, Google will conduct a reasonable search and produce responsive, non-privileged documents sufficient to show how RTB functioned and functions; how Bid Requests are constructed with respect to third-party RTB participants; how Bid Requests are shared with third-party RTB participants; the minimum amount of user information required within a Bid Request to third-party RTB participants; all variations, elements or components of user

information that may be part of a Bid Request to third-party RTB participants; the extent to which information in a Bid Request may reveal sensitive information about a user to third-party RTB participants; the factors, analyses, or other considerations used by Google to determine what information should be included within a Bid Request to third-party RTB participants; how Bid Requests are conveyed to third-party RTB participants and in what form; what action a third-party RTB participant may take with respect to the information in a Bid Request; and how responsive bids are constructed, received and accepted with respect to third-party RTB participants.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

35

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

**REQUEST FOR PRODUCTION NO. 28:**

Documents related to Exhibits 1 through 28 of the Complaint, including all drafts themselves, in any iteration, and all documents discussing, analyzing, or memorializing any iterative drafts or meetings regarding the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, particularly as it seeks drafts of dozens of documents attached to the 118-page Complaint that have a myriad of aspects that have no relationship to the purported violations Plaintiffs seek to remedy. As worded, this Request is improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires the propounding party to "describe with reasonable particularity each item or category of items to be inspected." Google also objects to this Request as overly broad and unduly burdensome to the extent it is not limited in scope and encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google further objects to the extent this Request is not limited to RTB. Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google also objects to this Request on the basis that it is compound. Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

40

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

1    In addition, Google objects that the phrases "discussing, analyzing, or memorializing" and

2    "regarding the same" are vague and ambiguous as neither are self-evident or defined.

3    Subject to the foregoing objections, Google will conduct a reasonable search and produce

4    responsive, non-privileged documents reflecting earlier versions of finalized and publicly

5    distributed protocols, policies, and guidelines regarding information that is shared with third-party

6    participants utilizing RTB, to the extent Exhibits 1 through 28 of the Complaint are the current

7    versions of such documents and to the extent such earlier final, public versions exist and can be

8    reasonably located.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

41

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

**REQUEST FOR PRODUCTION NO. 30:**

Documents regarding Google's analyses and decision-making practices in the drafting and finalizing of any policy, material, or disclosure made to Account Holders or RTB participants regarding Google's collection, storage, use and sale of user information, Google's engagement in targeted advertising, and Google Real Time Bidding, including:

    a.    Documents and communications regarding Google's decision-making in the drafting and finalizing of Exhibits 1 through 28 of the Complaint;

    b.    Documents and communications regarding Google's decision-making in the drafting and finalizing of any document response to Request No. 25;

    c.    Documents and communications, including user experience analyses, regarding Google's consideration of how and to what extent it should disclose to Account Holders Google Real Time Bidding and analysis of whether such disclosure would adversely affect user engagement; and,

    d.    Documents and communications regarding any studies and evaluations, whether by third parties or by Google, of how Google's promises to Account Holders that it does not sell their information and does not share sensitive information with advertisers influences users' engagement with Google's services.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

42

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, particularly as it seeks drafts of dozens of documents attached to the 118-page Complaint that have a myriad of aspects that have no relationship to the purported violations Plaintiffs seek to remedy.  As worded, this Request is improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires the propounding party to "describe with reasonable particularity each item or category of items to be inspected."  Google also objects to this Request as overly broad and unduly burdensome to the extent it is not limited in scope and encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB, including "Google's collection, storage, use, and sale of user information" and "targeting advertising."  Google further objects to the extent this Request is not limited to RTB.  Google also objects to this Request as overly broad and unduly burdensome as the phrase "studies and evaluations" is not limited to formal studies.  Google further objections to this Request on the basis that it is compound.  Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.  Google also objects to this Request to the extent it is duplicative of other requests.  Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity.

In addition, Google objects that the phrases "analyses and decision-making practices," "disclosure," "use. . .of user information," "engagement in targeted advertising," "promises," "studies and evaluations," and "influences users' engagement" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing objections, Google will conduct a reasonable search and produce responsive, non-privileged, documents sufficient to show final Google policies and guidelines regarding how third-party participants may use data that is shared utilizing RTB, and any non-privileged analyses of those policies and guidelines.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

43

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPs
CASE NO. 5:21-CV-02155-LHK

1

2

3  **REQUEST FOR PRODUCTION NO. 33:**

4       Documents sufficient to establish user engagement on Google's services on a monthly basis

5  for the Relevant Period as well as studies relating to the impact that privacy breaches have on user

6  engagement.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

8       In addition to the foregoing General Objections, which Google incorporates by reference,

9  Google specifically objects that this Request is overly broad, unduly burdensome, and not

10 proportional to the needs of the case, particularly as it relates to "privacy breaches." Google also

11 objects to this Request as overly broad and unduly burdensome to the extent it is not limited in

12 scope and encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations

13 regarding the alleged disclosure of Plaintiffs' and purported class members' personal information

14 to third party participants utilizing RTB. Google further objects to the extent this Request is not

15 limited to RTB. Google also objects to this Request as overly broad and unduly burdensome as the

16 phrase "studies" is not limited to formal studies. Google also objects to this Request to the extent

17 it seeks information or documents equally or more readily accessible to Plaintiffs, or not in the

18 possession, custody or control of Google. Google further objects to this Request on the basis that

19 it is compound. Accordingly, the Request is not proportional to the needs of the case, and the

20 burden of the proposed discovery outweighs any likely benefit. Google further objects to this

21 Request on the basis that it is unintelligible.

22       In addition, Google objects that the phrases "establish user engagement," and "studies

23 relating to the impact that privacy breaches have on user engagement" are vague and ambiguous as

24 neither are self-evident or defined.

25       Subject to the foregoing objections, Google considers this request unintelligible and to the

26 extent Google understands it, irrelevant to the claims and defenses in this action. Google

27 accordingly has not conducted and will not conduct searches for responsive documents, and, as a

28 result, will not produce documents in response to this Request.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

46

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

1
2
3
4
5
6
7
8
9
10
11
12
13
14

15 **REQUEST FOR PRODUCTION NO. 35:**

16       Documents and Communications related to Google's market share in digital advertising,

17 including documents addressing or discussing Google's or a third-party's estimates of Google's

18 market share, and how much of that is derived from Real Time Bidding.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

20       In addition to the foregoing General Objections, which Google incorporates by reference,

21 Google specifically objects to this Request as overly broad and unduly burdensome to the extent it

22 is not limited in scope and encompasses other aspects of RTB that have no relation to Plaintiffs'

23 central allegations regarding the alleged disclosure of Plaintiffs' and purported class members'

24 personal information to third party participants utilizing RTB. Google further objects to the extent

25 this Request is not limited to RTB, including "Google's market share in digital advertising."

26 Google also objects to this Request to the extent it seeks information or documents equally or more

27 readily accessible to Plaintiffs, or not in the possession, custody or control of Google. Accordingly,

28 the Request is not proportional to the needs of the case, and the burden of the proposed discovery

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

48

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

1   outweighs any likely benefit.  Google further objects to this Request to the extent it seeks documents

2   protected by the attorney-client privilege or the work product doctrine, or any other privilege or

3   immunity.

4       In addition, Google objects that the phrases "communications related to Google's market

5   share in digital advertising," "discussing," and "estimates" are vague and ambiguous as none are

6   self-evident or defined.

7       Subject to the foregoing objections, Google has not conducted and will not conduct searches

8   for responsive documents, and, as a result, will not produce documents in response to this Request.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cooley LLP
Attorneys at Law
San Francisco

49

Google's Responses to Plaintiffs' First
and Second Sets of RFPs
Case No. 5:21-cv-02155-LHK