COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
COLIN S. SCOTT (SBN 318555)
(cscott@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA
(DC No. 1034981)
(rsaldana@cooley.com)
(*pro hac vice*)
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 776 2109
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions*, | Master File No. 5:21-cv-02155-YGR (VKD)<br><br>**DEFENDANT GOOGLE LLC'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED**<br><br>**LOCAL RULES 7-11 AND 79-5(F)(3)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. GOOGLE'S RESP. TO ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 5:21-CV-02155-YGR (VKD)

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3), Defendant Google LLC ("Google") respectfully submits this Response to Plaintiffs' Administrative Motion ("Google's Response") to consider whether portions of the Declaration of Elizabeth C. Pritzker submitted in support of Plaintiffs' Motion for Relief from the April 25, 2022 Non-Dispositive Order of Magistrate Judge (the "Pritzker Decl.," or "Pritzker Declaration" ECF No. 197-1) and Exhibit C attached thereto (ECF No. 197-3) should be kept under seal.

As explained in Plaintiffs' Administrative Motion, portions of the Pritzker Declaration and Exhibit C reflect confidential information regarding highly sensitive data sources that Google maintains as confidential in the ordinary course of its business. As set forth herein and the accompanying declaration of Glenn Berntson ("Berntson Declaration" or "Berntson Decl.") filed concurrently herewith, Google confirms the confidentiality of these items.

Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below.

| Document | Portions to be filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Pritzker Decl., ECF No. 197-1 | Green highlighted portions of Exhibit 1 to the Berntson Declaration at page 6:16-17. | Google |
| Ex. C to the Pritzker Decl., ECF No. 197-3 | Green highlighted portions of Exhibit 2 to the Berntson Declaration at page 4. | Google |

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (i.e., is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case[.]" *Ctr. for Auto Safety*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEF. GOOGLE'S RESP. TO ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 5:21-CV-02155-YGR (VKD)

*v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).  The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824-BLF, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).)

Briefing for a discovery motion is non-dispositive, and thus the good cause standard applies here.  *See, e.g., Pieterson v. Wells Fargo Bank, N.A.*, No. 17-cv-02306-EDL, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("The parties have filed two separate motions to seal portions of the discovery letter briefs that are pending before the Court.  Because the sealing requests were made in conjunction with a nondispositive discovery motion, a showing under the good cause standard will suffice."); *Calhoun v. Google*, Case No. 20-cv-05146, ECF No. 327 at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case.").  Notably, "[r]ecords attached to nondispositive motions are not subject to the strong presumption of access." *TVIIM, LLC v. McAfee, Inc.*, No. 13-cv-04545-HSG, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) (citation omitted).

### III.   GOOD CAUSE WARRANTS SEALING PORTIONS OF THE PRITZKER DECLARATION AND EXHIBIT C TO THAT DECLARATION

Google asks this Court to seal portions of the Pritzker Declaration and Exhibit C attached thereto, which reflect sensitive details concerning Google's internal data logs and data system names, which are often descriptive of the logs' contents, and thus constitute Google's confidential and proprietary information, and as such, has been designated "Highly Confidential—Attorneys' Eyes Only" by Google in discovery pursuant to the Stipulated Protective Order in this action. (ECF No. 59).  Pursuant to the good cause standard, Google's sealing request is warranted.

As an initial matter, the proposed redactions are narrowly tailored to redact only the specific portions of the Pritzker Declaration and Exhibit C that reflect highly sensitive confidential information, and thus do not "unduly limit[] public access." *ASUS Computer Int'l v. Round Rock*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEF. GOOGLE'S RESP. TO ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 5:21-CV-02155-YGR (VKD)

*Research, LLC*, No. 12-CV-02099 JST (NC), 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

Further, as noted above, the portions of the Pritzker Declaration and Exhibit C that Google seeks to redact contain technical details and identifiers related to highly sensitive data logs and data systems that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors. (Berntson Decl. ¶ 6.) Such confidential and proprietary information may reveal Google's internal strategies, system designs, and business practices for operating and maintaining many of its important proprietary services. (*Id.* ¶ 7.) Public disclosure of this information presents serious risk of irreparable harm to Google, including cyber security risk, as third parties may seek to use this information to compromise Google's internal practices relating to competing products. (*Id.* ¶ 8.)

For these reasons, Courts in this District routinely seal references to data systems and logs. *See, e.g.*, *In re Google Inc. Gmail Litig.*, No. 13-md-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems); *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system). And, in fact, this Court has previously sealed the *same* reference to an internal data log in Exhibit C that Google seeks to seal here. *In re Google RTB Consumer Privacy Litig.*, No. 21-cv-02155-YGR (N.D. Cal. Apr. 29, 2022) (sealing reference to data sources). Consistent with these authorities, Google respectfully requests that the Court seal the aforementioned portions of the Pritzker Declaration and Exhibit C.

**IV.    CONCLUSION**

For the foregoing reasons, Google respectfully requests the Court seal the aforementioned pages of the Pritzker Declaration and Exhibit C, reflecting Google's concurrently filed redactions, the public disclosure of which would cause significant competitive harm to Google.

///

///

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEF. GOOGLE'S RESP. TO ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 5:21-CV-02155-YGR (VKD)

| | |
|---|---|
| Dated: May 16, 2022 | COOLEY LLP<br>MICHAEL G. RHODES<br>WHITTY SOMVICHIAN<br>JEFFREY M. GUTKIN<br>AARTI REDDY<br>KYLE C. WONG<br>ROBBY L.R. SALDAÑA<br>KELSEY R. SPECTOR<br>COLIN S. SCOTT<br>ANUPAM DHILLON<br><br>By: */s/ Aarti Reddy*<br>      Aarti Reddy<br><br>Attorneys for Defendant<br>GOOGLE LLC |

268837243

Cooley LLP
Attorneys at Law
San Francisco

5

Def. Google's Resp. to Admin
Mot. To File Under Seal
Case No. 5:21-cv-02155-YGR (VKD)