Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* | **CASE NO. 4:21-CV-02155-YGR** |
| *This document applies to all actions.* | **DECLARATION OF JONATHAN K. LEVINE IN SUPPORT OF PLAINTIFFS' MOTION TO ALLOW LIMITED USE OF DISCOVERY FROM RELATED ACTION**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date:  June 28, 2022<br>Time:  2:00 p.m.<br> Courtroom:  1, Fourth Floor |

Case No. 4:21-cv-02155-YGR-VKD
LEVINE DECL. ISO PLAINTIFFS' MOTION TO ALLOW LIMITED USE OF DISCOVERY FROM RELATED ACTION

I, Jonathan K. Levine, declare and state as follows:

1. I am an attorney duly admitted to practice before this Court and a partner of Pritzker Levine LLP, one of law firms representing plaintiffs in this matter. I submit this declaration in support of plaintiffs' motion, pursuant to Dkt. No. 29 (discovery order), Fed. R. Civ. P. 1 and 26, the Northern District Guidelines for Discovery of ESI and for Professional Conduct, and this Court's inherent authority, to permit the use in this action of certain relevant discovery and information produced in the related action entitled *Calhoun v. Google LLC*, Case No. 21-cv-5146-YGR, that is also pending in this Court. I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

2. Discovery commenced over a year ago, but obtaining necessary document discovery from Google in this matter has been very slow and difficult. Google has objected to virtually all of plaintiffs' document requests, objected to plaintiffs' custodians and search terms, failed to produce documents for the named plaintiffs, and generally failed to work cooperatively and in an iterative manner with respect to ESI. There have been numerous different discovery disputes brought before Magistrate Judge DeMarchi and this Court as a result.

3. So far, Google has produced only 51,175 documents, totaling 422,178 pages. None of these documents relate specifically to any of the named plaintiffs or their accounts. By way of comparison, this is about half the number of documents produced by the ten or so individual named plaintiffs in this action; a surprising result considering that Google is the third largest technology company in the world, and this case involves at least eight different legal claims, a nationwide class numbering in the millions, and a six-year discovery period. Google's slow pace of production has necessitated the recent request to extend the pretrial schedule and trial date in this matter. *See* Dkt. No. 178.

4. A portion of the discovery plaintiffs seek from Google relates to Google's sale of class members' personal information in the RTB auction process. But a good portion of the discovery also relates to what personal information Google collects about class members and how that personal information is gathered, stored and valued, as well as about Google's universal policies regarding user privacy and consent that Google applies across its products, including to the RTB auctions.

5. Plaintiffs have met and conferred with Google prior to filing this motion. During the meet and confer, plaintiffs asked Google to consent to the use of the relevant confidential discovery and information from *Calhoun* in this action and explained that they were not asking Google to do anything or to search for or produce any discovery from *Calhoun*. Rather, since certain plaintiffs' counsel in this case already have access to that discovery since they are also counsel in *Calhoun*, plaintiffs proposed to do the search themselves. To protect Google, plaintiffs further proposed that any discovery or information they identified from *Calhoun* as relevant to RTB, but that has not been produced here, would be disclosed to Google and it would have an opportunity to object to its use in this action on the grounds that it was not relevant and, therefore, not admissible.

6. Google categorically rejected this proposal. And, in doing so, it took the position that the *Calhoun* plaintiffs could not use or disclose anything they had learned in *Calhoun*, no matter how general or non-specific. According to Google, even plaintiffs' document requests in *Calhoun* cannot be disclosed.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct to the best of my knowledge. This declaration was executed in Emeryville, California.

DATED: May 24, 2022                                  By:  */s/ Jonathan K. Levine*
                                                                          Jonathan K. Levine