Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* <br><br> *This document applies to all actions.* | **CASE NO. 4:21-CV-02155-YGR** <br><br> **DECLARATION OF LESLEY E. WEAVER IN SUPPORT OF PLAINTIFFS' MOTION TO ALLOW LIMITED USE OF DISCOVERY FROM RELATED ACTION** <br><br> Judge: Hon. Yvonne Gonzalez Rogers <br> Date: June 28, 2022 <br> Time: 2:00 p.m. <br> Courtroom: 1, Fourth Floor |

I, Lesley E. Weaver, declare and state as follows:

1. I am an attorney duly admitted to practice before this Court and a partner of Bleichmar Fonti & Auld LLP, one of the law firms representing plaintiffs in this matter. I submit this declaration in support of plaintiffs' motion, pursuant to Dkt. No. 29 (discovery order), Fed. R. Civ. P. 1 and 26, the Northern District Guidelines for Discovery of ESI and for Professional Conduct, and this Court's inherent authority, to permit the use in this action of certain relevant discovery and information produced in the related action entitled *Calhoun v. Google LLC*, Case No. 20-cv-5146-YGR, that is also pending in this Court. I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

2. On March 29, 2022, plaintiffs in this action served a draft Rule 30(b)(6) deposition notice on Google, with a proposed deposition date of April 19, 2022. The deposition notice seeks testimony from Google on a number of topics, including: (i) the individuals and organizational structure of teams at Google involved in the RTB auctions; (ii) the locations and sources of data related to the RTB auctions; (iii) how the RTB auctions operate and any changes over time; (iv) the types of data gathered by Google and used in the RTB auctions; (v) policies and disclosures about the RTB auctions; (vi) studies and research conducted by Google on user expectations; and (vii) how Google estimates and accounts for RTB auction revenues. I was involved in the drafting of the deposition notice and have been primarily responsible for leading the meet and confer discussions with Google's counsel about the notice since that time.

3. After the draft 30(b)(6) notice was served, Google initially took the position that it would not meet and confer about the notice until after it had served formal written objections. This created a catch-22 because formal objections cannot be made in response to a draft notice, and a final notice could not be served until after the parties had met and conferred. The parties ultimately resolved this issue and began the meet and confer process.

4. During the early meet and confer discussions, Google took the position that even though it was agreeing to produce witnesses for some of the deposition topics, it would not produce any witness, or even identify witnesses, until all disputes about the entire notice have been resolved, whether by agreement or court order.

5.     On April 22, 2022, plaintiffs served the formal Rule 30(b)(6) deposition notice on Google, which narrowed the topics sought in an effort to resolve Google's issues with the notice. Google served written objections to the notice on May 6, 2022 and proposed to meet and confer again and then brief unresolved issued to Magistrate Judge DeMarchi.

6.     As a result, even though the draft deposition notice was served in March 2022 and Google has long agreed to produce witnesses for some of the topics, no 30(b)(6) deposition of Google on any topic is going to go forward until sometime in June 2022, at the earliest.

7.     My firm is also one of the three law firms representing plaintiffs in *Calhoun*. I personally have been active in the prosecution and management of *Calhoun* on behalf of my firm, and I have participated in all aspects of that litigation since its inception in 2020. Pursuant to Civil Local Rule 3-12, *Calhoun* was formally related by the Court not just to this case, but also to another case filed against Google in 2020 entitled *Brown v. Google LLC*, No. 20-cv-3664-YGR. Both are pending before this Court.

8.     There has been substantial coordination and cross-use of discovery between *Brown* and *Calhoun* pursuant to orders entered by Magistrate Judge van Keulen in both of those cases (*Brown* Dkt. No. 243, *Calhoun* Dkt. No. 263). To date, Google has produced ▇▇▇▇ documents in the two actions, which total ▇▇▇▇ pages.

9.     Obtaining discovery from Google in *Calhoun* has been difficult, contentious and expensive. There have been no fewer than 41 discovery motions brought before this Court, Magistrate Judge Van Keulen and the Special Master appointed by the Court to oversee discovery in *Calhoun*. The Special Master has billed the parties in the related *Calhoun* and *Brown* actions more than ▇▇▇▇ to date, which amply demonstrates how expensive and hard-fought discovery has been in those proceedings.

10.     Having fought all of these discovery battles in *Calhoun*, and having reviewed the documents Google ultimately produced, and participated in depositions of Google employees, plaintiffs' counsel in *Calhoun* now have a significant knowledge base about what personal information Google collects about class members, how that personal information is gathered, stored and valued by Google, and how it uses that information in the RTB auction.

11. Based on my work in both *Calhoun* and this action, and without disclosing the particulars of any particular document request served in *Calhoun* or any particular discovery provided by Google in *Calhoun*, there is substantial overlap between the discovery sought and obtained in *Calhoun* and the discovery sought, but still being fought over in this action.

12. I and my co-counsel in *Calhoun*, all of whom are also counsel for plaintiffs in this action, are aware of discovery produced and taken in *Calhoun* that is directly relevant to the claims and defenses in this litigation, has been sought in plaintiffs' discovery requests, but has not been produced so far by Google in this case.

13. In meet and confer discussions with Google, Google has taken the position that I, and my co-counsel in *Calhoun*, are prohibited for talking with our co-counsel in this case or with the Court about any of these discovery issues. In other words, even though I am personally aware of relevant discovery that has been requested in this case but not produced by Google (though it was produced in *Calhoun*), I cannot discuss that with my co-counsel, cannot raise it with Google during a meet and confer in this case, and cannot raise it with the Court in a motion or during a hearing.

14. For example, in a hearing in this matter before Magistrate Judge DeMarchi on March 8, 2022, ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ March 8, 2022 Hearing Tr. at 34:11-35:4. Thus, in Google's view, Google's representations to the Court can only be challenged based on public knowledge. A true and correct copy of relevant excerpts from the March 8, 2022 hearing transcript is attached hereto as **Exhibit A**.

15. To be very clear, until the issue raised by this motion is resolved by this Court, I, and my co-counsel in *Calhoun*, have been very careful not to share confidential discovery and information learned in *Calhoun* with my co-counsel in this case. Google has never suggested otherwise.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct to the best of my knowledge. This declaration was executed in Durham, North Carolina.

DATED: May 24, 2022                    By: _/s/ Lesley E. Weaver_
                                            Lesley E. Weaver