**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* | **CASE NO. 4:21-CV-02155-YGR** |
| *This document applies to all actions.* | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO ALLOW LIMITED USE OF DISCOVERY FROM RELATED ACTION** |

On May 24, 2022, plaintiffs filed a motion pursuant to Dkt. No. 29 (discovery order), Fed. R. Civ. P. 1 and 26, the Northern District Guidelines for Discovery of ESI and for Professional Conduct, and this Court's inherent authority, to permit plaintiffs to use in this proceeding certain relevant discovery and information produced by defendant Google LLC in the related *Calhoun v. Google* action, No. 20-cv-5146-YGR, that is also pending before this Court. Dkt. No. __. Google opposes the motion. Dkt. No. __. Having considered the parties' submissions, the Court finds that there is good cause to grant the relief requested and orders as follows:

1.  Plaintiffs may use in this proceeding relevant discovery produced by Google in *Calhoun* and any information obtained from that discovery subject to the following conditions:

    a.  Prior to using any discovery produced by Google in *Calhoun* or any information obtained from that discovery, plaintiffs shall identify that discovery or information to Google (by bates number or other appropriate designation);

    b.  Google shall have seven calendar days to object to the use of any such designated discovery or information from *Calhoun* on the grounds that it is not relevant to any claim or defense in this litigation or not responsive to any of plaintiffs' discovery requests;

    c.  If Google objects to any designated discovery or information from *Calhoun*, the parties shall meet and confer within seven calendar days in an effort to resolve Google's objection(s);

    d.  If the parties are unable to resolve Google's objection(s), plaintiffs may file a motion before Magistrate Judge DeMarchi in accordance with her procedures for resolving discovery disputes;

    e.  Pending the resolution of any objection(s) by Google, the designated discovery or information from *Calhoun* may not be used by plaintiffs in this action; and

    f.  To the extent that any discovery or information from *Calhoun* is used in this action, the use and disclosure of that discovery or information shall be subject to the stipulated protective order entered in this action (Dkt. No. 59) and any confidentiality designation made by Google in *Calhoun* shall be deemed to be the same designation in this litigation.

2.  Plaintiffs' use of discovery produced by Google in *Calhoun* and any information

obtained from that discovery in accordance with paragraph 1 above shall not constitute a violation of the *Calhoun* stipulated protective order (Dkt. No. 56).

3. Communications between and among plaintiffs' counsel in *Calhoun* and this matter shall be deemed privileged joint work product and not discoverable unless otherwise disclosed.

**IT IS SO ORDERED**

DATED: June __, 2022

_____
YVONNE GONZALEZ ROGERS
United States District Judge