May 26, 2022

Magistrate Virginia K. DeMarchi
San Jose Courthouse, Courtroom 2 – 5th Floor
280 South 1st Street, San Jose, CA 95113

>           **Re:**   ***In re Google RTB Consumer Privacy Litigation*, 4:21-cv-02155-YGR-VKD**
>                    Joint Discovery Dispute re: Plaintiffs' Rule 30(b)(6) Deposition Notice

Dear Magistrate Judge DeMarchi:

Plaintiffs and Google LLC ("Google") submit this joint letter brief regarding disputes pertaining
to Plaintiffs' Rule 30(b)(6) deposition notice. The parties have met and conferred, including on
April 12, 2022 and May 13, 2022, but have been unable to resolve their disputes as to whether
Google will (a) designate and provide a date or dates on which designee(s) will testify regarding
topics for which Google has agreed to provide testimony and (b) whether Google will be required
to designate a witness on disputed topics.

**Exhibit A** reflects Plaintiffs' Rule 30(b)(6) deposition notice, as narrowed by Plaintiffs following
an initial meet and confer, and Google's responses and objections.

## I.    PLAINTIFFS' POSITION

Plaintiffs seek testimony regarding data disclosed through, and revenue derived from, Google
RTB, including the value of and revenue derived from Account Holder ("AH") information shared
through RTB. Such testimony is critical to demonstrate the extent to which Google has invaded
AH privacy in a uniform way by disclosure through RTB and, thus, is both relevant[1] and
appropriate for testimony under Rule 30(b)(6). A Rule 30(b)(6) "designee's role is to provide the
entity's interpretation of events and documents." *Louisiana Pac. Corp. v. Money Mkt. 1
Institutional Inv. Dealer*, 285 F.R.D. 481, 486 (N.D. Cal. 2012) (citation omitted). "'[I]f a
corporation has knowledge or a position as to a set of alleged facts or an area of inquiry, it is its
officers, employees, agents or others who must present the position, give reasons for the position,
and, more importantly, stand subject to cross-examination.'" *Beauperthuy v. 24 Hour
Fitness*, 2009 WL 3809815, at *3 (N.D. Cal. Nov. 10, 2009) (citation omitted).

On March 29, 2022, Plaintiffs provided a draft 30(b)(6) notice and the parties met and conferred.
Thereafter, Plaintiffs served a narrowed notice ("Notice") and asked to schedule testimony. Google
refused, serving its response on May 6.

---

[1] The relevancy standard in this district is "very broad." *Tria Beauty, Inc. v. Radiancy, Inc.*, 2011
WL 13152740, at *1 (N.D. Cal. Sept. 23, 2011).

### A.   Google Refuses to Produce a Witness for Four Properly-Noticed Topics

**Topic 6** seeks testimony regarding identifiers and cookies that can be mapped, associated, or linked to AHs to create targeting information used in connection with RTB, and their creation and maintenance. This is directly relevant to CCAC ¶¶ 14-17, 21-23, 128, 143-191, 208-259, 264, and every claim. Google objects, offering testimony only regarding personal or sensitive information disclosed through bid requests. RTB targeting information is among AH information disclosed through bid requests, so Google's compilation and maintenance of such information is central to understanding and tracking AH information disclosed through RTB.

**Topic 8** targets revenue, pricing, and advertising information linked to AH information disclosed through RTB. Google refuses to testify, asserting that the data is irrelevant; nonsensically parsing the topic and objecting that it seeks irrelevant "information" disclosed through RTB, ignoring the "*linked to*" limiter.[2]

**Topic 10** relates to **Topic 9 (**RTB policies and disclosures**)**, seeking testimony regarding employees responsible for Topic 9 disclosures, their purposes, any implemented or contemplated modifications, and testing and research relating to the same. Google asserts overbreadth objections that ignore the plain text of the topic tethering the testimony sought to Topic 9, *infra*.

Google's relevance objection to **Topic 15** is misplaced. Topic 15 seeks Google's use of AH data for targeting *as tied to RTB* and the flow of such data *through RTB*, subjects directly relevant to Plaintiffs' claims.

Rule 30(b)(6) does not permit a party to refuse to produce a designee on properly-noticed topics. To the contrary, Rule 30(c)(2) indicates that the examination is to proceed subject to objection.

### B.   Google Improperly Narrows Topics, and *Still* Refuses to Produce a Witness

Through **Topics 1-3**, Plaintiffs seek a full picture of RTB operations and related data, and Google's processes regarding same. For **Topic 1,** Google improperly cabins Plaintiffs' inquiry to employees with *current* strategic decision-making authority as to RTB, and only as related to third-party bid request recipients. Regarding **Topic 2**, Google agrees to testify regarding AH data shared with third-party RTB bid request recipients, but not regarding any other RTB-related data, or the location and sources of RTB data. And for **Topic 3**, Google unilaterally restricts testimony to a superficial overview of *what* is disclosed through bid requests, its policies for participation, how prices are determined, and a single source of AH information **while refusing to testify** regarding the following pertinent topics: *how* AH information is shared and flows through RTB, *how* AH

---

[2] Google's repeated mischaracterization of the requests as seeking "all" information is simply tactical and should be rejected. "It is not expected that the designee have personal knowledge as to all relevant facts; however, the designee must become educated and gain the requested knowledge to the extent reasonably available." *Louisiana Pac. Corp.*, 285 F.R.D. at 486.

information and bid and winner information is collected and stored for distribution through RTB, *how* Google approves RTB participants, an overview of non-standard RTB participant agreements (*e.g.*, Jedi Blue agreement), *how* Google determines the winning bid, *how* Google combines AH information shared through RTB with Google's already compiled AH information, other than through cookie matching, and *how* Google-owned entities participate in RTB. As discussed in Dkt. 196 at 3-4, inquiry regarding RTB operations and RTB-related data is both grounded in Plaintiffs' allegations and within Rule 26(b)'s express mandate. *See also* CCAC at ¶¶ 6-22, 113-190, 194-249.

**Topic 4** targets changes to the operation of RTB and why changes were implemented (or not). The dispute is as to contemplated, but unrealized, changes in response to outside scrutiny. Contrary to Google's argument, this Court's rulings as to document production (Dkt. 184) do not foreclose testimony as to whether, for example, (1) Google was aware that disclosure of AH information through RTB violated privacy expectations and Google's own Terms, or (2) Google contemplated ceasing such disclosure but did not implement such a change because of the profits derived from it.

**Topic 5** seeks testimony regarding information disclosed or used to target AHs through RTB and how that information is created, maintained, and used. Google agrees to testify as to the profiles or verticals shared through RTB with third-party RTB bid request recipients, but objects as to other methods of categorizing AHs disclosed through RTB or targeting users through RTB and the creation, maintenance, and use of the same. As with **Topic 4**, Plaintiffs disagree as to the impact of orders pertaining to RFPs on Google's obligation to provide 30(b)(6) testimony.

AH-related location information disclosed through RTB, including collection and maintenance, is sought in **Topic 7**. Google offers testimony regarding location information, but not collection and maintenance. As with **Topic 6**, *supra*, Google's proposed scope is insufficient and artificially separates collection, compilation, analysis, and packaging of AH information. But each of these steps is part of an intertwined process by which Google includes AH location information in bid requests and discloses it to RTB participants.

Google objects to **Topic 9** as overbroad on the ground that it pertains to an "undefined series of policies and disclosures" regarding advertising not *specifically* related to RTB. However, these are contracts and disclosures that govern Google's relationship with AHs (giving rise to the breach of contract and other claims), and are the same contracts and disclosures cited in the CCAC at ¶¶ 11, 78-111. And, as RTB is an *advertising* auction process through which Google discloses AH data, Google's policies and disclosures regarding the use of AH data *in advertising* are relevant and not overbroad.

The **Topic 11** dispute arises from Google's refusal to testify regarding its study and testing of tools to preclude Google's use of AH information, including the user flow (*i.e.*, the user interface or consent flow) for such tools. Testimony regarding such tools which relate to informed consent,

including whether Google informed AHs of their existence or designed its interface to discourage use, is relevant to the extent of AHs' privacy invasion and Google's uniform practices.

**Topic 13** seeks testimony regarding policies, disclosures, or statements on which Google claims it obtained consent for its selling of AH information through RTB. Google argues, inaccurately, this topic is overbroad and targets an "undefined" set of disclosures, unconstrained by time. Not so. Topic 13 seeks testimony regarding the basis for Google's consent defense. Google's burden objection—that Topic 13 "seeks a complete articulation of Google's consent defense"—also fails. The factual bases for a party's claims or defenses are appropriate subjects for testimony. *Majestic Bldg. Maint., Inc. v. Huntington Bancshares Inc.*, 2018 WL 3358641, at *6 (S.D. Ohio July 10, 2018).

**Topic 14** seeks testimony regarding revenue Google derives from RTB and metrics for valuing AH information. Google's relevancy and overbreadth objections fail. Plaintiffs are entitled to obtain testimony that will assist in the calculation or estimation of the value of AH information, including Google's revenue received for such information, to prove-up damages. *See* Dkt. 189 at 5 (holding Plaintiffs may obtain discovery into such matters).

Because the above topics are not overbroad and are described with reasonable particularity, Google should be required to provide corporate representatives to testify no later than June 15, 2022.

### C.   Google Should Produce Documents Reviewed in Preparation for Testimony

**Request 1** seeks documents reviewed in preparation for testimony. Google offers to produce documents relied on to refresh a deponent's recollection in preparation for testimony, if not already produced. As numerous courts have ruled, "the balance favors disclosure of the documents selected by the company and provided to the corporate representative witness." *Adidas Am., Inc. v. TRB Acquisitions LLC*, 324 F.R.D. 389, 402 (D. Or. 2017). Google should produce such documents in advance of the deposition, and no later than three days prior.

### I.   GOOGLE'S POSITION

Plaintiffs' facially overbroad and frequently indecipherable 30(b)(6) deposition notice ("Notice") was never "substantially narrowed."  Instead, the Notice seeks disproportional discovery not tied to the relevant aspects of Google's Real-Time Bidding system ("RTB") and is contrary to the Court's prior rulings.  The Court should issue a protective order "to protect [Google] from . . . undue burden or expense[.]" *AdTrader, Inc. v. Google LLC*, 2021 WL 937559, at *1 (N.D. Cal. Mar. 12, 2021).

**Google is Already Providing the Only Relevant Information Covered by Several Topics**

**6 – Identifiers That "Can Be" Mapped to Accounts Holders ("AHs")**

Plaintiffs seek testimony regarding any "identifiers and cookies that ***can be*** mapped, associated, or linked" to AHs for targeting "arising out of RTB," including how those identifiers are "created or maintained." Not only is "mapped, associated, or linked" vague, this Topic is unworkably overbroad because it seeks speculative testimony regarding what theoretically "can be" mapped to AHs, rather than what is actually shared with third-party bid request recipients via RTB, which Google ***already covers*** in Topic 2. Also, how identifiers are "created" or "maintained" is irrelevant and rejiggers Plaintiffs' demands for how data is collected and stored, which the Court rejected. Dkt. 184 at 7. And, Plaintiffs' appeal to the District Court on this Court's ruling (Dkt. 196) is now deemed ***denied***, per the Local Rules. (Civil L.R. 72-2(d).)

**8 and 15 - Google Linking or Use of Data**

Topic 8 demands testimony regarding AH information disclosed through RTB that is "linked to" revenue, pricing, or "advertising information." These unspecified "link[s]" are not tethered to information disclosed to third parties via RTB, and how Google analyzes AH information for its own purposes is irrelevant. Also, "advertising information" is ***impossibly vague***.

Likewise, Topic 15 covers ***any*** "Google use of [AH] information" that is "used in way (sic) to target them for advertising tied to" RTB. Again, this poorly written Topic covers all Google uses and is not limited to personal information allegedly shared with third parties through RTB bid requests. Further, sub-topic (a) incorporates vague and overbroad undefined phrases, such as "user lists," "other categorizations of users," and "calibration," as well as lists of all team members (already covered by Topic 1).[3]

**Google Has Appropriately Narrowed Other Topics**

**1- All Employees Past and Present**

Topic 1 seeks all "employees, teams, team leads, divisions, and organizational structure[s]" responsible for every aspect of RTB, as well as numerous distinct and irrelevant products.[4] This Topic would force a deponent to learn and recite the names, titles, roles, and communication methods of scores of employees—an impossible and needless feat. "Rule 30(b)(6) is not designed to be a memory contest." *DarbeeVision, Inc. v. C&A Mktg., Inc.*, 2019 WL 2902697, at *7 (C.D. Cal. Jan. 28, 2019). Testimony about the employees with current, relevant decision-making responsibilities is sufficient.

---

[3] Subpart b is duplicative of Topic 2.

[4] Whether "Google Ads" or "Display & Video 360" participate in RTB as advertisers is irrelevant. Plaintiffs allege Google shared user information with ***third parties***, not that it used it internally.

**2 – Storage and Collection**

Topic 2 seeks the "location and sources" for *all conceivable data* related to RTB, which is irreconcilable with the Court's rulings that: (1) discovery must be focused on data shared with third parties via RTB; and (2) that the collection and storage of such data is irrelevant. *See* Dkt. 184 at 4, 7. Again, Plaintiffs' appeal of this ruling is now deemed denied. Portions of this Topic are also unintelligibly vague, such as the "locations and sources of data streams" concerning "the technology of RTB" and "reports and studies" concerning RTB.

**3 – Operation of RTB**

Topic 3 seeks a hodgepodge of excessively detailed information about "how RTB operates" and is improperly compound. Nevertheless, Google agreed to provide the core information requested, as Google understands it, and has only refused entirely to present testimony on sub-topics (d), (f), and (g), the first two of which the Court ruled are irrelevant. *See* Dkt. 184 at 7-8 (denying discovery as to "factors . . . for selecting the winning bid" and "collection and storage" of user data). Plaintiffs' request for testimony on Google "owned and operated" publisher properties, like google.com, is improper because RTB-supplied ads do not appear on those properties.

**4 – Proposed Changes to RTB**

The Court already ruled that evidence regarding "contemplated" changes to RTB is irrelevant, so Google's response mirrors the Court's prior directly-controlling order. *See* Dkt. 184 at 2-3. Plaintiffs have no basis to cabin that ruling to document discovery. Furthermore, this Topic is overbroad because it seeks testimony regarding *any* changes to RTB as a result of such broad topics as "any investigation or court case" or Google's TOS.

**5 – Creation, Maintenance and Use of User Profiles and Verticals**

Google offers a witness regarding the only relevant information: AH profiles or verticals allegedly shared with third-party RTB bid request recipients. Information on the "creation" or "maintenance" of profiles cannot change what Google actually shares and is precluded by the Court's prior order. Dkt. 184 at 7. Likewise, Google cannot prepare a witness on "user lists" and "methods of categorizing" users, which are vague, undefined terms.

**7 - Location Information**

Again, limiting this Topic to "Google's alleged disclosure of Google Account Holder location information to third-party [RTB] bid request recipients via RTB," comports with the Court's prior orders, which Plaintiffs wish to ignore.

**9, 10 and 13 -- Policies, Disclosures, and Statements**

These Topics seek testimony regarding Google's policies and disclosures. Topic 9 concerns policies and disclosures "related to the use of Google Account Holder information in RTB *or* for advertising purposes." Again, Google has properly limited its response to disclosures related to the issues at hand: "Google [AH] information allegedly transmitted through RTB . . . ." Discovery of all policies regarding all "advertising purposes" is vastly overbroad.

The related Topic 10 seeks extremely detailed discovery about each contemplated and actual modification of the non-exhaustive list of policies referenced in Topic 9, and any studies, analyses, or "research," "inquiries" or "investigations" on those policies. Accordingly, it would be impossibly burdensome for Google to prepare a witness. Plaintiffs' argument that Topic 10 is limited by the seven statements in Topic 9 is belied by Plaintiffs representing in meet and confer that neither Topic was so limited.

Topic 13 improperly seeks testimony regarding every policy from which Google claims it obtained consent for the disclosure of AH information through RTB. *3M Co. v. Kanbar*, 2007 WL 1794936, at *2 (N.D. Cal. June 19, 2007) (inquiries seeking "legal conclusions . . . should not form the basis for 30(b)(6) deposition topics"); *Lenz v. Universal Music Corp.*, 2010 WL 1610074, at *3 (N.D. Cal. Apr. 20, 2010) (same). Despite this, Google *has agreed* to provide testimony as to the same list of policies referenced in Topic 9 and Plaintiffs never explain why this proposal is deficient.

**11 – User Expectations Regarding Privacy**

This compound Topic seeks testimony as to research regarding "user expectations," "user flow," and "understandings" on vague, broad subjects untethered to RTB, such as various unenumerated policies, disclosures, features, tools and settings. This is infeasibly overbroad. Google has agreed to provide testimony as to formal studies and analyses concerning user expectations, knowledge, and awareness of RTB.

**14 –RTB Financial Information**

Topic 14 and its 18 different subparts seek to reverse the Court's holdings on various damages-related issues. *See* Dkt. 189 (denying discovery nearly identical to Topics 14(a), 14(f), 14(g), and 14(i).) The remaining subjects are not relevant or proportional. Google's proposed limitation captures the relevant core of this Topic: how Google calculates revenue arising from RTB, as done in the ordinary course of business.

**Request 1 - Documents Reviewed in Preparation for Testimony**

Relying on an out-of-District case, Plaintiffs demand production of each document shown to a 30(b)(6) designee and not just those used to refresh their recollection, as Google has already agreed to do and as FRE 612 specifies. But the Ninth Circuit has not adopted this view and courts in this

district have held to the contrary. *FTC v. Directv, Inc.*, 2015 WL 7775274, at *5 (N.D. Cal. Dec. 3, 2015) (denying motion to compel regarding document witness consulted during 30(b)(6) deposition that did not refresh recollection). Moreover, nothing in Plaintiffs' authority requires Google to **identify** the documents shown to a witness during preparation. *San Diego Unified Port Dist. v. Monsanto Co.*, 2018 WL 3656298, at *3 (S.D. Cal. Aug 2, 2018) ("Preparing a client for a deposition with a selection of documents falls squarely within" the work product protection).

**Plaintiffs' Demand for an Immediate Deposition Should be Denied**

Plaintiffs will file for class certification in late September, eliminating any justification for an immediate, inefficient piecemeal 30(b)(6) deposition. Compelling depositions now creates a needless risk that the same witnesses would need to testify again on slightly different or expanded topics (and even a third time as an individual). This would reward Plaintiffs for their overreaching Notice, by letting them re-open the same topics with the same witness in a subsequent deposition.

II.   NECESSITY OF A HEARING

   A.   **Plaintiffs' Position**

Plaintiffs respectfully request that the Court schedule a hearing on these disputes.

   B.   **Google's Position**

Given the overbreadth of Plaintiffs' demands and Google's coverage of the relevant topics in its responses, Google believes the Court can resolve these disputes without the necessity of a hearing. However, Google is available for argument, according to the Court's preference.

II.   DISCOVERY CUT-OFF DATES FOR FACT AND EXPERT DISCOVERY

| Parties to substantially complete production of documents | July 11, 2022 (recently stipulated) |
|---|---|
| Fact Discovery Cut-Off | March 24, 2023 (recently stipulated) |
| Close of Expert Discovery | June 30, 2023 (recently stipulated) |

III.   COMPLIANCE WITH MEET AND CONFER REQUIREMENT

The parties met and conferred via Zoom on April 12, 2022, and held their final lead counsel meet-and-confer on May 13, 2022. On Plaintiffs' side, Elizabeth C. Pritzker, Lesley E. Weaver, Anne K. Davis, Karin Swope, and An Truong attended. On Google's side, Jeff Gutkin and Aarti Reddy attended.

Dated: May 26, 2022

**DICELLO LEVITT GUTZLER LLC**

By: */s/ David Straite*
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 E. 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 993-1000
*dstraite@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
James A. Ulwick (admitted *pro hac vice*)
Ten North Dearborn Street
Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*
*julwick@dicellolevitt.com*

Dated: May 26, 2022

**BOTTINI & BOTTINI, INC.**

By: */s/ Francis A. Bottini, Jr.*
Francis A. Bottini, Jr. (SBN 175783)
Yury A. Kolesnikov (SBN 271173)
Nicholaus Woltering (SBN 337193)
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Telephone: (858) 914-2001
Facsimile:  (858) 914-2002
fbottini@bottinilaw.com
ykolesnikov@bottinilaw.com
nwoltering@bottinilaw.com

Dated: May 26, 2022

**COTCHETT, PITRE & McCARTHY LLP**

By: */s/ Nanci E. Nishimura*
Nanci E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal. Bar. No. 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road, Suite 200
Burlingame, CA 94010

Tel.: (650) 697-6000
Fax: (650) 697-0577
*nnishimura@cpmlegal.com*
*bdanitz@cpmlegal.com*
*kswope@cpmlegal.com*

Dated: May 26, 2022                                **COOLEY LLP**


By: */s/ Jeffrey M. Gutkin*
            Michael G. Rhodes
            Jeffrey M. Gutkin
            Whitty Somvichian
            Aarti G. Reddy
            Kyle C. Wong
            Kelsey R. Spector
            Colin S. Scott
            Anupam Dhillon
            3 Embarcadero Center, 20th floor
            San Francisco, CA 94111-4004
            Tel.: 415-693-2000
            Fax: 415-693-2222
            rhodesmg@cooley.com
            jgutkin@cooley.com
            wsomvichian@cooley.com
            kwong@cooley.com
            kspector@cooley.com
            cscott@cooley.com
            adhillon@cooley.com

            Robby L.R. Saldaña
            1299 Pennsylvania Avenue NW
            Suite 700
            Washington, DC  20004-2400
            Tel.: 202-776-2109
            Fax: 202-842-7899
            rsaldana@cooley.com

        Attorneys for Defendant
        GOOGLE LLC

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)

I, Jeffrey M. Gutkin, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct. Executed this 26th day of May 2022, in San Francisco, California.

*/s/ Jeffrey M. Gutkin*
Jeffrey M. Gutkin