# EXHIBIT A

COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
COLIN S. SCOTT (SBN 318555)
(cscott@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:     +1 415 693 2000
Facsimile:     +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA
(DC No. 1034981)
(rsaldana@cooley.com)
(*pro hac vice* )
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone:     +1 202 776 2109
Facsimile:     +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br><br>This Document Relates to:  *all actions*, | Master File No. 4:21-cv-02155-YGR<br><br>**GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' NOTICE OF 30(B)(6)DEPOSITION
CASE NO. 4:21-CV-02155-YGR

Defendant Google LLC ("Google"), responds as follows ("Response") to Plaintiffs' Notice of Deposition of Google Pursuant to Federal Rule of Civil Procedure 30(b)(6), served by electronic mail on April 22, 2022 (the "Notice"), specifying the topics on which Plaintiffs seek to depose Google (the "Topics").

## GENERAL OBJECTIONS

Google makes the following general objections ("General Objections"), whether or not set forth in response to each Topic, Definitions and Rules of Construction ("Definitions"), or Request for Production of Documents ("Requests") contained therein:

1.      Google's objections set forth below are made to the best of Google's present knowledge, information, and belief.  Google specifically reserves the right to supplement, modify, or amend its objections, or to present additional information at a later date.

2.      Google objects to the Notice and all Definitions, Topics, and Requests contained therein to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the common interest or joint defense doctrine, or any other applicable privilege or ground for withholding documents or information.  Google does not intend to provide such protected information.  Any inadvertent disclosure of any privileged or protected information is not to be deemed a waiver of any applicable privilege or protection. Google expressly reserves the right to object to the introduction at trial or other use of any privileged or otherwise protected information that may be inadvertently disclosed.

3.      Google also reserves the right to object to the use of its Response in any subsequent proceeding in or at the trial of this, or any other, action.  Without limiting the generality of the foregoing, Google's Response shall not constitute an admission by Google that any question(s) posed at a deposition pursuant to the Notice, or the answers to the question(s) posed, are admissible as evidence in any trial or other proceeding.

4.      By stating that Google will make a witness available to testify on a Topic, Google does not represent that information exists on such Topic, but rather that Google will make a reasonable attempt to ascertain whether information concerning the Topic does, in fact, exist, and that it will prepare a witness to testify on that Topic to the extent reasonably practicable, based on

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' NOTICE OF 30(B)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

1    a reasonable investigation under the circumstances.  Google has no obligation to create new

2    documents, information, or analysis in response to this Notice.  Nor does Google have an obligation

3    to obtain information from sources beyond its control that are equally accessible to Plaintiffs.

4              5.      Google objects to the Notice and all Definitions, Topics, and Requests contained

5    therein to the extent they improperly attempt to expand, alter, or modify the scope of permissible

6    discovery under, or impose a duty or obligation that is inconsistent with or not authorized by the

7    Federal Rules of Civil Procedure ("Federal Rules"), the Local Rules of the U.S. District Court for

8    the Northern District of California (the "Local Rules"), the various substantive and discovery-

9    related orders issued by Judge DeMarchi in this action ("the Action"), or any other applicable law

10   (collectively, the "Applicable Law").  In responding to this Notice, Google shall comply with the

11   Applicable Law rather than any of Plaintiffs' Definitions and requirements that purport to broaden

12   or contradict the Applicable Law.

13             6.      Google objects to the Notice and all Definitions, Topics, and Requests contained

14   therein to the extent they seek information not currently in Google's possession, custody, or control,

15   or refer to persons, entities, or events not known to Google, on the grounds that such demands seek

16   to require more of Google than any obligation imposed by Applicable Law, would subject Google

17   to unreasonable and undue annoyance, oppression, burden, and expense, and would seek to impose

18   upon Google an obligation to investigate or discover information or materials from third parties or

19   sources equally accessible to the Plaintiffs.

20             7.      Google objects to the Notice and all Definitions, Topics, and Requests contained

21   therein as overbroad and unduly burdensome to the extent they seek information that is within the

22   Plaintiffs' possession, custody, or control, or is equally accessible to the Plaintiffs.

23             8.      Google objects to the Notice and all Definitions, Topics, and Requests contained

24   therein as vague, ambiguous, unintelligible, and overbroad to the extent they fail to describe with

25   reasonable particularity the matters on which examination is requested, as required by Rule 30(b)(6)

26   (providing that the noticing party "must describe with reasonable particularity the matters for

27   examination").  Fed. R. Civ. P. 30(b)(6).

28             9.      Google objects to the instructions in the Notice that purport to unilaterally dictate a

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' NOTICE OF 30(B)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

remote deposition protocol that would require Google to use third-party web-based deposition services. Google is willing to conduct this deposition remotely provided that the Parties meet and confer regarding a mutually acceptable set of procedures governing all remote depositions in this Action, and provided that the Parties agree to use Google Meet and Google Drive to conduct depositions and share confidential exhibits.

10. Google objects to the date, time, and place unilaterally noticed for the deposition. Google shall make witness(es) available for particular topics at dates and times that are mutually agreeable and convenient for the parties, witness(es), and their attorneys, in accordance with the Applicable Law.

11. Google additionally objects to various statements in the Notice that purport to impose obligations on Google that either contradict or are broader than the Applicable Law. In particular, Google objects to statements in the Notice regarding Google's purported obligation to: (1) designate persons "most knowledgeable or qualified to testify on its behalf;" (2) follow specific prescribed steps in preparing witness(es) for the deposition; and (3) identify Google's designee(s) in advance of the deposition. In responding to this Notice, Google shall comply with the Applicable Law.

12. Google additionally objects to Plaintiffs' purported reservation of rights to "notice and conduct additional Rule 30(b)(6) depositions of Defendant on separate, non-duplicative topics." Applicable Law provides that Plaintiffs are not presumptively permitted to serve successive Rule 30(b)(6) deposition notices, and Google understands that the Notice shall serve as the sole and final Rule 30(b)(6) deposition notice in this Action. *See, e.g., Friedman v. 24 Hour Fitness USA, Inc.*, No. CV 06-6282-AHM (CTX), 2008 WL 11338168, at *2 (C.D. Cal. Nov. 14, 2008) ("a second deposition notice to corporation is like a second notice to any other person and there is nothing in the federal discovery rules that mandates otherwise. Accordingly, as a number of courts have held, a second deposition of a corporation requires leave of court before it may go forward."); *Groupion, LLC v. Groupon, Inc.*, No. 11-0870 MEJ, 2012 WL 359699, at *5 (N.D. Cal. Feb. 2, 2012) (same). Google currently intends to, and reserves all rights to, refuse to produce a witness in response to any further Rule 30(b)(6) notice.

Cooley LLP
Attorneys at Law
San Francisco

4

Google's Responses and Objections to
Plaintiffs' Notice of 30(b)(6) Deposition
Case No. 4:21-cv-02155-YGR

13.    Google objects to Plaintiffs' failure to set forth the specific definitional instructions that apply to the Notice.  To the extent Plaintiffs are permitted to incorporate by reference all prior Definitions as set forth in its First and Second Set of Requests for Production, Google incorporates by reference all prior objections to any Definitions as set forth in Google's Responses and Objections to those Requests.

14.    Google objects to Plaintiffs' definition of the "Relevant Time Period" within the Notice as vague and ambiguous as to its use of the word "present."  Unless otherwise specified or agreed upon by the Parties, Google construes the Relevant Time Period for its Response to be May 26, 2016 through April 22, 2022, the date of service of the Notice.

RESPONSES AND SPECIFIC OBJECTIONS

Without waiving or limiting in any manner any of the foregoing General Objections, but rather incorporating them into each of the following responses to the extent applicable, Google responds to the specific Topics in the Notice as follows:

**TOPIC NO. 1:**

At a high level, the identity of Google employees, teams, team leads, divisions, and organizational structure of teams responsible for the planning, designing, engineering, implementing, authorizing, and managing of the below products, including the names of individuals, their titles and responsibilities, the methods of communication and coordination among them, and the chain of command with decision-making authority on matters related to Real Time Bidding, including data flow through ad systems which are involved in RTB advertising, including DoubleClick for Publishers; DoubleClick Ad Exchange; Google Ads; Google Ad Exchange; Google Ad Manager; and Google Display & Video 360; all of which are pipelines for advertising sold through the RTB process.

**RESPONSE TO TOPIC NO. 1:**

In addition to the foregoing General Objections, which are incorporated by reference herein, Google objects to this Topic because it is improperly compound in that it includes multiple discrete and unrelated subparts.  Google also objects to this Topic as overbroad and seeking information that is not relevant or proportional to the needs of the case in that it purports to seek discovery on

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' NOTICE OF 30(B)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

1    all persons involved in any aspect of Google's Real-Time Bidding system ("RTB"), including

2    aspects not relevant to this case, as well as various aspects of additional products that are not even

3    at issue in this case.  Google further objects that a deposition is not an appropriate form of discovery

4    for this Topic, namely because the Topic seeks testimony regarding lists of employees, and titles,

5    roles, and methods of communication for each employee, which would be more conveniently and

6    efficiently obtained through written discovery, to the extent they are discoverable.  Google further

7    objects to this Topic as vague and ambiguous as to its use of the undefined terms "coordination,"

8    "chain of command with decision-making authority" and "pipelines for advertising."

9        Subject to and without waiving any of the foregoing General or Specific objections, Google

10   will make a witness available to testify as to the identity and roles of Google personnel with current

11   responsibilities relating to the strategic decision-making regarding the operation of RTB as it relates

12   to third-party RTB bid request recipients, including the Account Holder data Google allegedly

13   shares with third-party RTB bid request recipients, to the extent any sharing occurs.

14   **TOPIC NO. 2:**

15       The location and sources of data streams sufficient to identify data related to Google RTB,

16   including the following:

17       a. Location and sources of data concerning Google RTB participants, bids, advertisers, and

18   ads;

19       b. Location and sources of data concerning the targets of Google RTB advertising, and their

20   related information;

21       c. Location and sources of data related to complaints concerning Google RTB;

22       d. Location and sources of data concerning the technology of Google RTB; and,

23       e. Location and sources of data concerning reports and studies concerning Google RTB.

24   **RESPONSE TO TOPIC NO. 2:**

25       In addition to the foregoing General Objections, which are incorporated by reference herein,

26   Google objects to this Topic because it is improperly compound in that it includes multiple discrete

27   and unrelated subparts.  Google further objects that sub-Topics 2(d) and 2(e) are unintelligible

28   insofar as they request "location and sources of data" in contexts that are overbroad, vague, and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' NOTICE OF 30(B)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

nonsensical.  Google also objects to this Topic as overbroad and seeking information that is not relevant or proportional to the needs of the case in that it purports to seek: (1) discovery regarding the location and sources "of all data related to" RTB, including all RTB participants; and (2) burdensome discovery on discovery regarding the locations and sources of various data.  Google further objects to this Topic as vague and ambiguous as to its use of the undefined terms and phrases "sources," "targets," "related information," "concerning the technology of Google RTB" and "reports and studies concerning Google RTB."  Google objects to this Topic to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege.  Google further objects that this Topic seeks testimony regarding matters that Magistrate Judge DeMarchi has already ruled are outside the scope of discovery in this Action, including "collection and storage" of data related to RTB.  *See In Re Google RTB Consumer Privacy Litigation*, ECF No. 184 at 7 (N.D. Cal. April 25, 2022) ("ECF 184").

Subject to and without waiving any of the foregoing General or Specific objections, Google will make a witness available to testify to an overview of the Account Holder data, if any, Google allegedly shares with third-party RTB bid request recipients.

**TOPIC NO. 3:**

How RTB operates, including but not limited to:

a. What Google Account Holder information flows through RTB and how that information is collected and stored within Google, and how it is shared, distributed and sold through RTB;

b. How Google determines who can participate in RTB, including:

i. The application and vetting process;

ii. How agreements between Google and participants are typically structured, paid for, and memorialized; and,

iii. A general description of agreements between Google and any RTB participant (for example, the agreement between Google and Facebook codenamed "Jedi Blue") that do not follow the way agreements are typically structured;

c. How Google determines pricing within RTB;

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' NOTICE OF 30(B)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

d. How Google determines who wins a bid in RTB including any providing preferential or different treatment from other participants;

e. How Google and participants associate, map, or link information shared in RTB with information already compiled about RTB targets, including whether Google and participants coordinate such association, mapping or linking;

f. How and where Google stores information disclosed through RTB, the bids received, and the winning bid; and,

g. Identification of Google owned or operated entities and properties that participate in RTB.

**RESPONSE TO TOPIC NO. 3:**

In addition to the foregoing General Objections, which are incorporated by reference herein, Google objects that sub-Topics 3(a), 3(d), and 3(f) seek testimony into matters that Magistrate Judge DeMarchi has already ruled are outside the scope of discovery in this Action, including how information related to RTB "is collected and stored within Google" or how "Google determine who wins a bid in RTB[.]" *See* ECF 184 at 7.  Google further objects to this Topic as vague, ambiguous, and overbroad insofar as it seeks deposition testimony regarding all aspects of "how RTB operates," including aspects not relevant to this Action.  Google further objects that this Topic uses vague, ambiguous, and overbroad language such as "including but not limited to," and thus does not "describe with reasonable particularity the matters for examination" as required by Rule 30(b)(6). *See* Fed. R. Civ. Proc. 30(b)(6).  Google further objects that the Topic is not relevant or proportional to the needs of the case insofar as the Topic is not limited to the operational aspects of RTB that are relevant to the allegations in this case—*i.e.*, the dissemination of personal or sensitive information to third-party RTB bid request recipients as alleged in the Complaint.  Google also objects to this Topic because it is improperly compound in that it includes multiple discrete and unrelated subparts.  Google further objects to this Topic as vague and ambiguous as to its use of the undefined phrases "typically structured," "associating adding, or linking," "RTB targets," "application and vetting process" and "framework in which an RTB participants [sic] receives preferential or different treatment."  Google objects to this Topic to the extent it seeks information

protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege.  Google further objects that a deposition is not an appropriate form of discovery for sub-Topic 3(g), namely because the Topic calls for a list of "owned or operated entities and properties" which would be more conveniently and efficiently obtained through written discovery, to the extent they are discoverable.  Google objects to this Topic to the extent it presupposes that Google sells Google Account Holder's data.  Google further objects that this Topic presupposes that: (1) RTB functions on Google owned and operated properties; (2) Google assists participants with "associating, mapping, or linking" information shared in RTB with other information; and (3) information is collected, stored, and sold through RTB.

Subject to and without waiving any of the foregoing General or Specific objections, Google will make a witness available to testify as to: (1) what Google Account Holder data, if any, Google allegedly shares with third-party RTB bid request recipients; (2) Google policies regarding who can participate in RTB as Authorized Buyers or Open Bidders; (3) a general overview of how prices are determined within RTB; and (4) Google's cookie matching program as related to RTB.

**TOPIC NO. 4:**

At a high level, changes to the operation of RTB and why those changes were or were not implemented, including changes contemplated as a result of:

a. Any investigation or court case;

b. Privacy laws;

c. Google Account Holder's privacy expectations;

d. Google's Terms of Service; and,

e. Google's Privacy Policy.

**RESPONSE TO TOPIC NO. 4:**

In addition to the foregoing General Objections, which are incorporated by reference herein, Google objects to this Topic as overbroad and seeking information that is not relevant or proportional to the needs of the case in that it purports to seek testimony regarding all actual or contemplated changes to RTB as a result of various factors, regardless of whether those changes "concern or impact, in any way, the sale or disclosure to third parties of personal and private

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' NOTICE OF 30(B)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

information about" Google Account Holders.  ECF 184 at 3.  Google additionally objects that this Topic is overbroad and not reasonably limited in scope in that it seeks testimony regarding actual or contemplated changes to RTB in response to vast and nebulous Topics such as "privacy expectations" and "any investigation or court case."  Google also objects to this Topic because it is improperly compound in that it includes multiple discrete and unrelated subparts.  Google further objects to this Topic as vague and ambiguous as to its use of undefined terms and phrases "privacy expectations," "investigations," and "Privacy laws."  Google additionally objects to this Topic to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege.  Google further objects that the Topic seeks testimony into matters that Magistrate Judge DeMarchi has already ruled are outside the scope of discovery in this Action, such as changes to RTB that "were merely contemplated, but never implicated, and changes that do not implicate the sharing of account holders' information with third parties."  ECF No. 184 at 2-3 (noting that "Plaintiffs have not shown that discovery concerning changes to RTB that Google contemplated but chose not to make is likely to have any bearing on questions of liability or plaintiffs' damages.")

Subject to and without waiving any of the foregoing General or Specific objections, Google will make a witness available to testify as to material changes, if any, implemented to RTB prompted by external criticism or scrutiny about Google Account Holder data that was allegedly transmitted through RTB and disclosed by Google to third-party RTB bid request recipients.

**TOPIC NO. 5:**

The creation, maintenance and use of user Profiles and Verticals, user lists or methods of categorizing Google Account Holders disclosed through RTB or used to target users through RTB.

**RESPONSE TO TOPIC NO. 5:**

In addition to the foregoing General Objections, which are incorporated by reference herein, Google objects to this Topic because it is improperly compound in that it includes multiple discrete and unrelated subparts.  Google further objects to this Topic as vague and ambiguous as to its use of the undefined terms "user Profiles," "Verticals," "user lists," and "method of categorizing."  Google also objects to this Topic as overbroad and seeking information that is not relevant or

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' NOTICE OF 30(B)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

proportional to the needs of the case in that it purports to seek testimony regarding: (1) the maintenance of information, which is not relevant to the claims at issue; and (2) information that is not limited to data purportedly shared with third-party RTB bid request recipients through RTB. Google further objects that the Topic seeks testimony into matters that Magistrate Judge DeMarchi has already ruled are outside the scope of discovery in this Action, such as how information related to RTB is maintained.  *See* ECF No. 184 at 7.  Google objects to this Topic to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege.  Google further objects that this Topic presupposes that "user profiles and verticals" are allegedly disclosed through RTB.

Subject to and without waiving any of the foregoing General or Specific objections, Google will make a witness available to testify to the Account Holder profiles or verticals that are allegedly shared with third-party RTB bid request recipients via RTB, if any.

**TOPIC NO. 6:**

Identifiers and cookies that can be mapped, associated, or linked to Google Account Holders to create or derive information used to target them with advertising arising out of RTB, including how they are created or maintained.

**RESPONSE TO TOPIC NO. 6:**

In addition to the foregoing General Objections, which are incorporated by reference herein, Google objects to this Topic as vague and ambiguous as to its use of the undefined phrases "can be," "identifiers," "mapped," "associated," or "linked."  Google also objects to this Topic as overbroad and seeking information that is not relevant or proportional to the needs of the case in that it purports to seek testimony that is not appropriately limited to the dissemination of personal or sensitive information to third-party RTB bid request recipients as alleged in the Complaint. Google further objects that this Topic is vague, ambiguous, and unintelligible as drafted.  Google further objects that a deposition is not an appropriate form of discovery for this Topic, namely because the Topic seeks detailed lists of information that would be more conveniently and efficiently obtained through written discovery, to the extent they are discoverable.  Google objects to this Topic to the extent it seeks information protected by the attorney-client privilege, work

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' NOTICE OF 30(B)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

1  product doctrine, common interest privilege, and/or any other applicable privilege. Google further

2  objects that the Topic seeks testimony into matters that Magistrate Judge DeMarchi has already

3  ruled are outside the scope of discovery in this Action insofar as the Topic seeks testimony

4  regarding how information related to RTB is maintained. *See* ECF No. 184 at 7.

5       On the basis of its General and Specific Objections, Google will not prepare a witness to

6  testify on this Topic.

7  **TOPIC NO. 7:**

8       Location Information related to Google Account Holders disclosed through any RTB

9  process, including how it is collected and maintained.

10 **RESPONSE TO TOPIC NO. 7:**

11      In addition to the foregoing General Objections, which are incorporated by reference herein,

12 Google objects to this Topic as overbroad and seeking information that is not relevant or

13 proportional to the needs of the case insofar as it requests testimony related to location information

14 allegedly disclosed "through any RTB process," and is not appropriately limited to the

15 dissemination of personal or sensitive information to third-party RTB bid request recipients as

16 alleged in the Complaint. Google further objects to this Topic as vague and ambiguous as to its

17 use of the undefined phrase "any RTB process." Google objects to this Topic to the extent it seeks

18 information protected by the attorney-client privilege, work product doctrine, common interest

19 privilege, and/or any other applicable privilege. Google also objects to this Topic as duplicative of

20 other Topics, including Topic No. 2. Google further objects that the Topic seeks testimony into

21 matters that Magistrate Judge DeMarchi has already ruled are outside the scope of discovery in this

22 Action, insofar as the Topic seeks testimony regarding how information related to RTB is

23 maintained. *See* ECF No. 184 at 7.

24      Subject to and without waiving any of the foregoing General or Specific objections, Google

25 will make a witness available to testify to Google's alleged disclosure of Google Account Holder

26 location information to third-party RTB bid request recipients via RTB, if any.

27 **TOPIC NO. 8:**

28      Google Account Holder information that is disclosed through RTB that is linked to:

a. Revenue or pricing information; and,

b. Advertising information, for example conversion tracking or attribution pipelines.

**RESPONSE TO TOPIC NO. 8:**

In addition to the foregoing General Objections, which are incorporated by reference herein, Google objects to this Topic as overbroad and seeking information that is not relevant or proportional to the needs of the case insofar as it seeks testimony regarding: (1) Google's internal use of data that is not relevant to the allegations in the case; and (2) "information" disclosed through RTB, rather than the dissemination of personal or sensitive information to third parties as alleged in the Complaint. Google also objects to this Topic because it is improperly compound and includes multiple discrete and unrelated subparts. Google further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege. Google further objects that this Topic presupposes that Account Holder information is disclosed through RTB, stored, and then linked to other information. Google further objects to this Topic as vague and ambiguous as to its use of the undefined terms and phrases "linked to," "Advertising information," "pricing information," "conversion tracking," and "attribution pipelines."

On the basis of its General and Specific Objections, Google will not prepare a witness to testify on this Topic.

**TOPIC NO. 9**:

Google's policies and disclosures related to the use of Google Account Holder information in RTB or for advertising purposes, including but not limited Google's Terms of Service, Google's Privacy Policy, and the following statements:

a. "you get to decide how your information is used" (CAC ¶ 11);

b. "we do not sell your personal information to anyone" (id.);

c. "Google will never sell any personal information to third parties" (id.);

d. "Advertisers do not pay us for personal information" (id.);

e. "We don't share information that personally identifies you with advertisers" (id.);

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' NOTICE OF 30(B)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

f. "We also never use…sensitive information like rase, religion, or sexual orientation, to personalize ads to you" (id.); and,

g. "We don't show you personalized ads based on sensitive categories, such as race, religion, sexual orientation, or health[]" (id.).

**RESPONSE TO TOPIC NO. 9:**

In addition to the foregoing General Objections, which are incorporated by reference herein, Google objects to this Topic as compound in that it includes multiple discrete and unrelated subparts.  Google further objects that this Topic uses vague, ambiguous, and overbroad language such as "including but not limited [to]" and thus does not "describe with reasonable particularity the matters for examination" as required by Rule 30(b)(6).  *See* Fed. R. Civ. Proc. 30(b)(6).  Google additionally objects to this Topic as overbroad and seeking information that is not relevant or proportional to the needs of the case, including because the Topic: (1) relates to a series of undefined "policies and disclosures" and (2) seeks information that is not specifically related to RTB (*e.g.*, "policies and disclosures related to the use of Google Account Holder information … for advertising purposes") or the dissemination of personal or sensitive information to third parties as alleged in the Complaint.  Google additionally objects to this Topic to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege.

Subject to and without waiving any of the foregoing General or Specific objections, Google will make a witness available to testify to Google's policies and generally-available public disclosures regarding the use, if any, of Google Account Holder information allegedly transmitted through RTB by Google to third-party RTB bid request recipients.

**TOPIC NO. 10:**

For each policy, disclosure, or above statement:

a. At a high level, the identity of Google employees, teams, team leaders, divisions, and organizational structure responsible for the drafting, revising, approving and finalizing of the language used;

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' NOTICE OF 30(B)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

a. The purpose of policies, disclosures, or language used for each of those six promises, including the basis for proposed changes or modifications and why such changes or modifications were or were not implemented;

b. Studies, analyses, panels, research, customer service initiatives regarding the six statements above; and,

c. Inquiries or investigations by regulators, governmental agencies, or other individuals or entities relating to those six statements.

**RESPONSE TO TOPIC NO. 10:**

In addition to the foregoing General Objections, which are incorporated by reference herein, Google objects to this Topic because it is improperly compound in that it includes multiple discrete and unrelated subparts and subparts within subparts.  Google further objects that the Topic is not relevant or proportional to the needs of the case insofar as it is not limited to RTB or the dissemination of personal or sensitive information to third parties as alleged in the Complaint, and seeks vast amounts of information about a broad set of "policies and disclosures."  Google also objects that the Topic is vastly overbroad and not relevant or proportional to the needs of the case in that it seeks: (1) all information concerning inquiries and research related to, and the development, modification, and analysis of, various policies and disclosures; and (2) the basis for proposed changes or modifications and the reasons why such proposals may or may not have been implemented.  Google further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege.  Google additionally objects that a deposition is not an appropriate form of discovery for this Topic, namely because the Topic calls for a list of employee names and titles which would be more conveniently and efficiently obtained through written discovery, to the extent they are discoverable.  Google additionally objects that this Topic is vague and ambiguous in that it refers to "six statements above" but the previously referenced Topic 9 encompasses seven statements.

On the basis of its General and Specific Objections, Google will not prepare a witness to testify on this Topic.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' NOTICE OF 30(B)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

**TOPIC NO. 11:**

Studies, research or projects conducted or relied on by Google, of users' experiences, expectations, understanding, or user flow relating to:

a. Google RTB;

b. Privacy issues relating to expectations of users concerning how their information is collected and used in auction;

c. Confusion regarding Google's Terms of Services, Google's Privacy Policy, or any other Google disclosure or statement related to collection and use of Google Account Holder information used to target users as a result of the RTB process;

and,

d. Features, tools, or settings that would preclude Google from using Google Account Holder information through RTB.

**RESPONSE TO TOPIC NO. 11:**

In addition to the foregoing General Objections, which are incorporated by reference herein, Google objects to this Topic because it is improperly compound in that the Topic includes multiple discrete and unrelated subparts, including subparts within subparts.  Google additionally objects that this Topic is vastly overbroad and seeks information that is not relevant or proportional to the needs of the case in that it purports to seek all studies, research or projects on vast and nebulous subjects such as "user flow," "privacy issues relating to expectations of users," various features, tools and settings, and confusion regarding various undefined disclosures or statements. Google additionally objects to this Topic as overbroad and seeking information that is not relevant or proportional to the needs of the case, including because the Topic: (1) seeks information that is not specifically related to RTB or the dissemination of personal or sensitive information to third parties as alleged in the Complaint; and (2) seeks discovery regarding the collection of information which is not relevant to the claims at issue.  Google additionally objects that portions of this Topic are vague, ambiguous, and unintelligible as drafted.  Google further objects to this Topic as vague and ambiguous as to its use of the undefined phrases "Expectations of users concerning how their information is collected and used in auction," "RTB process," or "user flow."   Google objects to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' NOTICE OF 30(B)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

1  this Topic to the extent it seeks information protected by the attorney-client privilege, work product

2  doctrine, common interest privilege, and/or any other applicable privilege.  Google further objects

3  that the Topic seeks testimony into matters that Magistrate Judge DeMarchi has already ruled are

4  outside the scope of discovery in this Action insofar as the Topic seeks testimony regarding how

5  information related to RTB is collected.  *See* ECF No. 184 at 7.

6        Subject to and without waiving any of the foregoing General or Specific objections, Google

7  will make a witness available to testify as to the results of any formal studies or analyses concerning

8  user expectations, knowledge, or awareness of Google RTB.

9  **TOPIC NO. 12:**

10        Features, tools, or settings that would preclude Google from using Google Account

11  Holder information through RTB.

12  **RESPONSE TO TOPIC NO. 12:**

13        In addition to the foregoing General Objections, which are incorporated by reference herein,

14  Google objects to this Topic as vague and ambiguous in its use of the undefined terms "using" and

15  "features, tools, or settings."  Google further objects that a deposition is not an appropriate form of

16  discovery for this Topic because the Topic calls for the identity of various features or tools which

17  would be more conveniently and efficiently obtained through written discovery, to the extent they

18  are discoverable.  Google also objects to this Topic as overbroad and seeking information that is

19  not relevant or proportional to the needs of the case, including because the Topic is not limited to

20  RTB or the dissemination of personal or sensitive information to third parties as alleged in the

21  Complaint, but instead seeks information generally pertaining to the use of "Google Account

22  Holder information through RTB."  Google additionally objects to this Topic to the extent it seeks

23  information protected by the attorney-client privilege, work product doctrine, common interest

24  privilege, and/or any other applicable privilege.

25        Subject to and without waiving any of the foregoing General or Specific objections, Google

26  will make a witness available to testify as to the: 1) Google Account settings that may affect alleged

27  Google Account Holder data that is shared with third-party RTB bid request recipients, to the extent

28  any sharing occurs and 2) Google's general understanding of commonly used user device settings

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' NOTICE OF 30(B)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

1   and configurations, user browser settings and configurations, and third-party website settings and

2   configurations that may affect Google Account Holder data that is allegedly shared with third-party

3   RTB bid request recipients in the manner alleged in the Complaint, to the extent any sharing occurs.

4   **TOPIC NO. 13:**

5          Policies, disclosures or statements on which Google claims it obtained consent for the

6   disclosure and sale of Google Account Holder information through RTB.

7   **RESPONSE TO TOPIC NO. 13:**

8          In addition to the foregoing General Objections, which are incorporated by reference herein,

9   Google objects to this Topic as calling for a legal conclusion insofar as it seeks testimony regarding

10  Google's contentions in this Action.  Google further objects that a deposition is not an appropriate

11  form of discovery for this Topic, namely because the Topic seeks testimony regarding the identity

12  of specific policies and procedures which would be more conveniently and efficiently obtained

13  through written discovery, to the extent they are discoverable.  Google also objects to this Topic as

14  overbroad and seeking information that is not relevant or proportional to the needs of the case,

15  including because the Topic seeks discovery regarding an undefined set of disclosures or statements

16  made by Google at any time.  Google further objects that this Topic presupposes that Account

17  Holder information is sold through RTB.  Google additionally objects that this Topic is unduly

18  burdensome in that it seeks a complete articulation of Google's consent defense in this Action

19  before the completion of discovery.

20         Subject to and without waiving any of the foregoing General or Specific objections, Google

21  will make a witness available to testify to Google's policies and generally-available public

22  disclosures regarding the use, if any, of Google Account Holder information allegedly transmitted

23  through RTB by Google to third-party RTB bid request recipients.

24  **TOPIC NO. 14:**

25         How Google estimates, calculates, projects, or accounts for gross and net revenue arising

26  out of RTB, by month, quarter and year, for Google Account Holders in the United States, including

27  but not limited to:

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

**GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' NOTICE OF 30(B)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR**

a. Google's generation of revenues and profit attributable to Google Account Holders' Information disclosed through RTB;

b. The costs attributed to operating RTB;

c. The costs or profits attributed to any agreement with an RTB participant;

d. Google's generation of revenues and profits attributable to conversion tracking;

e. The impact to revenue of the elimination or deprecation of the use of third-party cookies to Google's revenue, including identification of data sources used to calculate such impact;

f. Google's analyses for providing compensation to Google Account Holders for their Information, including but not limited to Users compensated in connection with Google "Screenwise Trends," "Cross Media Panel," or any Google offer to compensate Google Account Holders for data collection and/or use;

g. Consideration, monetary or otherwise, that Google paid to other entities for Information relating to Google Account Holders;

h. Payments Google receives for granting access to, sharing or sending Google Account Holders' Information or any derivative of that Information to a third party;

and,

i. How Google calculates the value, monetary or otherwise, of monthly and daily active Google Account Holders, including but not limited to conclusions reached by Alphabet's auditors.

**RESPONSE TO TOPIC NO. 14:**

In addition to the foregoing General Objections, which are incorporated by reference herein, Google objects to this Topic because it is improperly compound in that it includes multiple discrete and unrelated subparts.  Google also objects to this Topic as overbroad and seeking information that is not relevant or proportional to the needs of the case, including because the Topic is not limited to RTB or the dissemination to third parties of personal or sensitive information as alleged in the Complaint.  Google also objects to this Topic as grossly overbroad because it seeks vast swaths of information that are not relevant or proportional to the needs of this case, including, for example, testimony related to the "costs or profits attributed to" each agreement with a RTB participant, consideration Google has paid to entities for "Information relating to account holder

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' NOTICE OF 30(B)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

1  information," compensation Google receives for sharing Account Holder information or any

2  derivative of such information, and how Google calculates the value of daily or monthly active

3  Google Account Holders.  Google also objects to this Topic as to its use of the undefined vague

4  and ambiguous phrases "conversion tracking," "Consideration, monetary or otherwise,"

5  "derivative," "Information" and "any Google offer to compensate Google Account Holders,"

6  among other phrases.  Google further objects that the Topic seeks discovery that the Court has

7  already held is not relevant or proportional to the needs of the case, including information regarding

8  products, programs, and information that are unrelated to RTB, such as the "Screenwise Trends"

9  and "Cross Media Panel" programs. *See In Re Google RTB Consumer Privacy Litigation*, ECF No.

10  189 at 4-5 (N.D. Cal. Mar. 15, 2022).  Google further objects that this Topic presupposes that

11  Account Holder information is sold through RTB and that Google is compensated on that basis.

12  Google objects to this Topic to the extent it seeks information protected by the attorney-client

13  privilege, work product doctrine, common interest privilege, and/or any other applicable privilege.

14       Subject to and without waiving any of the foregoing General or Specific objections, Google

15  will make a witness available to testify to an overview regarding how Google calculates its gross

16  and net revenue arising out of RTB to the extent, and in the manner, Google conducts such

17  calculations in the ordinary course of its business.

18  **TOPIC NO. 15:**[1]

19       Google's use of information collected from Google Account Holders which is used in way

20  to target them for advertising tied to the RTB auction including:

21       a. User profiles, user verticals, user demographics, taxonomies, user lists or other

22  categorizations of users, and the teams and team leaders at Google responsible for their creation

23  and calibration; and,

24       b. Data flow for the above-referenced data used for advertising purposes through RTB.

25

26

27

28

[1] Plaintiffs' Notice inadvertently omits Topic No. 15, and proceeds from Topic No. 14 to Topic No. 16.  To avoid confusion, Google's Responses correct this typographical error and proceed sequentially.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' NOTICE OF 30(B)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

**RESPONSE TO TOPIC NO. 15:**

In addition to the foregoing General Objections, which are incorporated by reference herein, Google objects to this Topic as overbroad and seeking information that is not relevant or proportional to the needs of the case insofar as it seeks testimony regarding: (1) Google's internal use of data that is not relevant to the allegations in the case; and (2) "information" "tied to" RTB, rather than the dissemination of personal or sensitive information to third parties as alleged in the Complaint.  Google additionally objects to this Topic because it is improperly compound in that it includes multiple discrete and unrelated subparts.  Google also objects to this Topic as to its use of the undefined vague and ambiguous phrases "data flow," "creation and calibration," "user lists," "categorizations of users," "taxonomies," among others.  Google additionally objects to this Topic as duplicative of Topic Nos. 1 and 5.  Google additionally objects to this Topic to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege.  Google further objects that this Topic presupposes that Google creates user verticals or use profiles and markets ads or derives revenue on that basis.  Google further objects that a deposition is not an appropriate form of discovery for sub-Topic 15(a), namely because the Topic seeks testimony regarding lists of employees, which would be more conveniently and efficiently obtained through written discovery, to the extent they are discoverable.

On the basis of its General and Specific Objections, Google will not prepare a witness to testify on this Topic.

### RESPONSES AND SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

**DOCUMENT REQUEST 1:**

All documents, electronically stored information, objects, or other tangible items or things that deponent(s) prepared, relied on and/or considered in any way in preparing for this deposition.

**RESPONSE TO DOCUMENT REQUEST 1:**

In addition to the foregoing General Objections to Definitions, which are incorporated by reference herein, Google objects to this Request as vague and ambiguous as to its use of the undefined terms "considered" or "relied on."  Google objects to this Request as seeking information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' NOTICE OF 30(B)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

1   any other applicable privilege, including the selection and compilation doctrine.  Google also

2   objects to the extent this Request seeks the production of documents by April 15, 2022 when the

3   Notice itself was only served on April 22, 2022.

4         Subject to and without waiving its General or Specific Objections, Google agrees to produce

5   non-privileged documents that have not already been produced, if any, that a Deponent actually

6   relies on to refresh their recollection in preparation to provide 30(b)(6) deposition testimony.

7   **DOCUMENT REQUEST 2:**

8         A curriculum vitae for each person Google anticipates designating to testify on behalf of

9   Defendant Google.

10  **RESPONSE TO DOCUMENT REQUEST 2:**

11        In addition to the foregoing General Objections, which are incorporated by reference herein,

12  Google objects that this Request seeks information that is not relevant to any party's claim or

13  defense.  Google additionally objects that this Request would essentially require Google to disclose

14  the identity of its deponents in advance of the deposition, and thus purports to impose an obligation

15  on Google in excess of what is required by Applicable Law.  Google also objects to this Request to

16  the extent it seeks information on Google's Deponent(s), once they are designated, that is publicly

17  available, and thus equally accessible to Plaintiffs.  Google further objects to the extent this Request

18  seeks the production of documents by April 15, 2022 when the Notice itself was only served on

19  April 22, 2022.

20        On the basis of its General and Specific Objections, Google will not respond to this Request.

21

22

23  Dated: May 6, 2022                         COOLEY LLP

24

25                                             By: */s/ Jeffrey M. Gutkin*
                                                   Jeffrey M. Gutkin
26

27                                             Attorneys for Defendant
                                               GOOGLE LLC
28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

22

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' NOTICE OF 30(B)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

**PROOF OF SERVICE**

I, Colin Scott, am a citizen of the United States and a resident of the State of California. I am employed in San Francisco County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 3 Embarcadero Center, 20th Floor, San Francisco, California 94111-4004.   On the date set forth below I served the documents described below in the manner described below:

■ GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)

☐ (BY U.S. MAIL) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Francisco, California.

☐ (BY MESSENGER SERVICE) by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

☐ (BY FACSIMILE) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐ (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by for overnight delivery.

☒ (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

| **BLEICHMAR FONTI & AULD LLP** | **SIMMONS HANLY CONROY LLC** |
|---|---|
| Lesley Weaver | Jason "Jay" Barnes (admitted *pro hac vice*) |
| Anne Davis | An Truong (admitted *pro hac vice*) |
| Joshua D. Samra | 112 Madison Avenue, 7th floor |
| 555 12th Street, Suite 1600 | New York, NY   10016 |
| Oakland, CA  94607 | Tel: (212) 784-6400 |
| Tel: (415) 445-4003 | Fax: (212) 213-5949 |
| Fax: (415) 445-4020 | |
| Email:  lweaver@bfalaw.com | Email: jaybarnes@simmonsfirm.com |
| | atruong@simmonsfirm.com |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

23

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' NOTICE OF 30(B)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

| adavis@bfalaw.com<br>jsamara@bfalaw.com<br>*Attorneys for Consolidated Plaintiffs* | *Attorneys for Consolidated Plaintiffs* |
|---|---|
| **PRITZKER LEVINE LLP**<br>Elizabeth C. Pritzker<br>Jonathan Levine<br>Bethany Caracuzzo<br>1900 Powell Street, Suite 450<br>Emeryville, CA  94608<br>Tel:  (415) 692-0772<br>Fax: (415) 366-6110<br>Email:  ecp@pritzkerlevine.com<br>       jkl@pritzkerlevine.com<br>       bc@pritzkerlevine.com<br><br>*Attorneys for Consolidated Plaintiffs* | **DICELLO LEVITT GUTZLER LLC**<br>David A. Straite<br>(*admitted pro hac vice*)<br>One Grand Central Plaza<br>60 E. 42nd Street, Suite 2400<br>New York, NY  10165<br>Tel:  (646) 993-1000<br>Email:  dstraite@dicellolevitt.com<br>       Julwick@dicellolevitt.com<br><br>*Attorneys for Consolidated Plaintiffs* |
| **COTCHETT PITRE & McCARTHY**<br>Joe Cotchett<br>Nanci Nishimura<br>Brian Danitz<br>Karin B. Swope<br>Andrew F. Kirtley<br>840 Malcolm Road, Suite 200<br>Burlingame, CA  94010<br>Tel:  650-697-6000<br>Fax: 650-597-0577<br>Email:  POmalley@cpmlegal.com<br>nnishimura@cpmlegal.com<br>BDanitz@cpmlegal.com<br>KSwope@cpmlegal.com<br>AKirtley@cpmlegal.com<br><br>*Attorneys for Consolidated Plaintiffs* | |

Executed on May 6, 2022, at Berkeley, California.

/s/   *Colin Scott*
Colin Scott