**PRITZKER LEVINE LLP**
Elizabeth C. Pritzker (Cal. Bar. No. 146267)
Bethany Caracuzzo (Cal. Bar No. 190687)
Jonathan K. Levine (Cal. Bar No. 220289)
Caroline C. Corbitt (SBN 305492)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com
bc@pritzkerlevin.com
jkl@pritzkerlevine.com
ccc@pritzkerlevine.com

*Interim Class Counsel*

*[Additional counsel listed on signature page]*

**COOLEY LLP**
MICHAEL G. RHODES (SBN 116127)
rhodesmg@cooley.com
WHITTY SOMVICHIAN (SBN 194463)
wsomvichian@cooley.com
JEFFREY M. GUTKIN (SBN 216083)
jgutkin@cooley.com
AARTI REDDY (SBN 274889)
areddy@cooley.com
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
kspector@cooley.com
COLIN S. SCOTT (SBN 318555)
cscott@cooley.com
ANUPAM DHILLON (SBN 324746)
adhillon@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: (415) 693 2000
Facsimile: (415) 693 2222

*Counsel for Defendant GOOGLE LLC*

*[Additional counsel listed on signature page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Google RTB Consumer Privacy Litigation*<br><br>This Document Relates To:<br><br>All Actions | Case No. 4:21-cv-02155-YGR<br><br>**FURTHER STATUS REPORT REGARDING GOOGLE'S REQUESTS FOR PRODUCTION 27-30** |

Pursuant to the Order Re Further Status Reports And Discovery Conference, If Needed (Dkt. No. 202), the Parties submit this report concerning the status of Plaintiffs' production responsive to Google's Requests for Production Nos. 27-30 ("Requests"), which concern Plaintiffs' privacy and location settings and changes thereto. The Parties met and conferred regarding this report on May 26, 2022.

## **PLAINTIFFS' STATEMENT**

As stated in the prior report on this issue (Dkt. No. 200), Plaintiffs agreed to produce responsive documents, including the two categories identified by Google (settings that would block cookies and settings related to private browsing mode) and, following the Court's guidance, documents sufficient to show privacy and location "settings available to [plaintiffs] on their devices, operating systems, mobile applications, or browsers" that (1) "allow [plaintiffs] to prevent or limit personal information that is collected about them in the first instance;" and (2) "allow [plaintiffs] to prevent or limit personal information about them that is shared with third parties," (Dkt. No. 190 at 3), to the extent that information can be located.

Accordingly, Plaintiffs' counsel and their experts searched the ten named Plaintiffs' devices for responsive data, including each of their desktops, laptops, tablets and smartphones. Out of an abundance of caution, this search was conducted in two ways. First, Plaintiffs produced in native format the **entire directories** from forensic images of these devices that contained the requested privacy and location settings information (including web browsing and cookie data), which directories consist of hundreds of nested folders and files. Second, Plaintiffs' counsel and their expert took **screen shots** of responsive browser, application, and device operating system privacy and location settings and permissions.

As agreed by the Parties, Plaintiffs have been producing this voluminous data on a rolling basis. On **May 20**, Plaintiffs produced the following:

| Plaintiff | Device | Description |
|---|---|---|
| Green | Windows desktop | forensic image directories |
| Green | Windows laptop | extracted cookie values |
| Green | Android phone | device and app settings |
| Kevranian | Macbook | forensic image directories |
| Kevranian | Macbook | extracted cookie values |
| Kevranian | iPhone | extracted cookie values |
| Kevranian | Macbook | device and app settings |
| Kevranian | iPhone | device and app settings |
| Suwol | Windows desktop | forensic image directories |
| Suwol | Windows laptop | extracted cookie values |
| Suwol | iPhone | extracted cookie values |
| Suwol | iPhone | device and app settings |
| Suwol | iPad | device and app settings |
| Valencia | Windows desktop | extracted cookie values |
| Woodruff | iPhone | extracted cookie values |

On **May 25**, Plaintiffs produced the following:

| Plaintiff | Device/Browser | Description |
|---|---|---|
| Diggs | iPhone | device and app settings |
| Green | Chrome | extracted cookie values |
| Suwol | Edge | extracted cookie values |
| Suwol | Chrome | extracted cookie values |

3

| | | |
|---|---|---|
| Toronto | Windows desktop | device and app settings |
| Toronto | Edge | extracted cookie values |
| Valencia | Windows desktop | forensic image directories |
| Valencia | Android phone | device and app settings |
| Valencia | Android tablet | device and app settings |
| Valencia | Chrome | extracted cookie values |
| P.Williams | Windows laptop | forensic image directories |
| T.Williams | Windows desktop | forensic image directories |
| T.Williams | Windows desktop | extracted cookie values |
| T.Williams | Edge | extracted cookie values |
| Woodruff | Android phone | device and app settings |
| Woodruff | iPhone | device and app settings |

Plaintiffs will continue to collect and produce this data on a rolling basis until the production is complete. As Plaintiffs explained during the meet and confer, the productions will include responsive forensic data from mobile devices. Plaintiffs anticipate the next production will occur on June 2 and estimate the production will be completed by June 17.

Plaintiffs respond to Google's 'identified dispute' as follows. Plaintiffs' have gone above and beyond in producing every conceivably relevant piece of forensic data they could identify—and then going back to the devices themselves and taking screen shots of settings, in part because Google stated a preference for screen shots. Google thus has two snapshots in time of Plaintiffs' various settings. Plaintiffs' counsel are informed and believe that these are all of the documents that Plaintiffs have that are responsive to these RFPs. Plaintiffs repeatedly asked Google to identify any other source of information and they have no response. If Google wants additional

information regarding "changes" to settings, they can ask about that in interrogatories and/or at deposition. However, that information is not readily accessible, if at all, as documents. Thus, there is no longer a live dispute on this issue.

### GOOGLE'S STATEMENT

Because Plaintiffs have yet to complete their productions, Google cannot determine at this time what deficiencies there may be and reserves all rights to seek further Court intervention on Requests 27-30 after Plaintiffs' upcoming productions are complete. For example, Plaintiffs' productions to date do not include forensic images of any mobile devices (only images of some desktop and laptop devices) so Google cannot determine whether the forensic images of Plaintiffs' mobile devices will comply with the Court's April 29, 2022 Order Re March 15, 2022 Discovery Dispute Re Defendant's Document Requests to Plaintiffs ("April 29 Order") (Dkt. No. 190).

Notwithstanding the above, the Parties have identified one disputed issue that is ripe for the Court's consideration, regarding Request 30. Request 30 seeks: "All documents sufficient to show <u>any changes to the privacy settings and location settings for any web browser</u>, including but not limited to Chrome, Safari, or Internet Explorer on any device you have used to access the internet <u>since the time that this Request was served</u>." (Dkt. No. 172-1 at 11 (emphasis added).) Request 30 requires Plaintiffs to produce not only documents sufficient to show the state of relevant settings at a given point in time, but "changes" to the relevant settings "since the time that this Request was served." (*Id*.) Plaintiffs did not object to this aspect of Request 30 in their portion of the March 15, 2022 Joint Discovery Brief Re Google's Second Set of Requests for Production (Dkt. No. 172). Nor did the Court suggest in its April 29 Order that Plaintiffs are excused from producing documents showing changes to relevant settings "since the time that [Request 30] was served." (*See* Dkt. No. 190.)

Plaintiffs' proposed productions do not comply with this requirement of Request 30. Plaintiffs' counsel have represented that, for each Plaintiff, they intend to produce a single forensic image of each device and, in some cases, a single set of screenshots of certain settings. This production, however, will not show the changes Plaintiffs have made to the relevant settings over time, which is highly relevant to Google's defenses. For example, if a Plaintiff changed a setting in their web browser—after the forensic image of their device and any screen shots were captured—to allow third-party cookies or enable personalized advertising, that is highly relevant information that is directly responsive to Request 30 yet would not be captured in the proposed productions. *See* April 25, 2022 Order Re February 1, 2022 Discovery Dispute Re Defendant's Document Requests to Plaintiffs (Dkt. No. 185) ("Google is entitled to discover whether plaintiffs have taken any steps to prevent advertisers from serving them personalized or targeted advertisements, as this information is relevant both to liability and plaintiffs' claimed damages."). Plaintiffs claim their production will provide "two snapshots in time of Plaintiffs' various settings" but that does not fully account for interim changes in between the snapshots and does not account at all for ongoing changes after the second snapshot. Plaintiffs' counsel also propose that Google serve interrogatories or ask questions in depositions about changes to Plaintiffs' settings—effectively conceding that Request 30 seeks discoverable information. But Google is not limited to the discovery methods of Plaintiffs' choosing.

Accordingly, Google requests that Plaintiffs be required to comply with Request 30 by providing, in addition to the productions promised above, documents "sufficient to show any changes to the privacy settings and location settings for any web browser . . . since the time that [Request 30] was served." (Dkt. No. 172-1 at 11.) Plaintiffs claim there is no "other source of information" that could show ongoing changes to settings, but the current productions confirm that Plaintiffs are able to record their settings in multiple ways (forensic images and screen shots), and

they should be required to document any changes they make to the relevant settings as required by Request 30.

Dated: May 27, 2022

| **PRITZKER LEVINE LLP** | **COOLEY LLP** |
|---|---|
| By:   /s/ Jonathan K. Levine | By:   /s/ Whitty Somvichian |
| Elizabeth C. Pritzker (SBN 146267)<br>Bethany Caracuzzo (SBN 190687)<br>Jonathan K. Levine (SBN 220289)<br>Caroline C. Corbitt (SBN 305492)<br>1900 Powell Street, Suite 450<br>Emeryville, CA 94608<br>Tel.: (415) 692-0772<br>Fax: (415) 366-6110<br>ecp@pritzkerlevine.com<br>bc@pritzkerlevine.com<br>jkl@pritzkerlevine.com<br>ccc@pritzkerlevine.com | MICHAEL G. RHODES<br>JEFFREY M. GUTKIN<br>WHITTY SOMVICHIAN<br>AARTI REDDY<br>KYLE C. WONG<br>KELSEY R. SPECTOR<br>COLIN S. SCOTT<br>ANUPAM DHILLON<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111-4004<br>Tel.: (415) 693-2000<br>Fax: (415) 693-2222 |
| **COTCHETT, PITRE & McCARTHY LLP** | COOLEY LLP<br>ROBBY L.R. SALDAÑA<br>(DC No. 1034981) |
| By:   /s/ Brian Danitz | (rsaldana@cooley.com)<br>(*pro hac vice*) |
| NANCI E. NISHIMURA (SBN 152621)<br>BRIAN DANITZ (SBN 247403)<br>KARIN B. SWOPE (admitted Pro Hac Vice)<br>ANDREW F. KIRTLEY (SBN 328023)<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>Tel.: (650) 697-6000<br>Fax: (650) 697-0577<br>nnishimura@cpmlegal.com<br>bdanitz@cpmlegal.com<br>kswope@cpmlegal.com<br>akirtley@cpmlegal.com | 1299 Pennsylvania Avenue, NW<br>Suite 700<br>Washington, DC 20004-2400<br>Telephone:   +1 202 776 2109<br>Facsimile:   +1 202 842 7899<br><br>*Counsel for Defendant GOOGLE LLC* |
| **BLEICHMAR FONTI & AULD LLP**<br>Lesley Weaver (SBN 191305)<br>Matthew Melamed (SBN 260272)<br>Anne K. Davis (SBN 267909)<br>Angelica M. Ornelas (SBN 285929) | |

Joshua D. Samra (SBN 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*mmelamed@bfaw.com*
*adavis@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (*pro hac vice* to be sought)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 E. 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 993-1000
*dstraite@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
James A. Ulwick (admitted *pro hac vice*)
Ten North Dearborn Street, 6th Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*
*julwick@dicellolevitt.com*

**BOTTINI & BOTTINI, INC.**
Francis A. Bottini, Jr. (SBN 175783)
Albert Y. Chang (SBN 296065)
Anne Beste (SBN 326881)
Yury A. Kolesnikov (SBN 271173)
Nicholaus Woltering (SBN 337193)
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Telephone: (858) 914-2001

Facsimile: (858) 914-2002
*fbottini@bottinilaw.com*
*achang@bottinilaw.com*
*abeste@bottinilaw.com*
*ykolesnikov@bottinilaw.com*
*nwoltering@bottinilaw.com*

*Counsel for Plaintiffs*

### ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Whitty Somvichian, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of May 2022, at San Francisco, California.

　　　　　　　　　　　　　　　　　　　　　*/s/ Whitty Somvichian*
　　　　　　　　　　　　　　　　　　　　　Whitty Somvichian