COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
COLIN S. SCOTT (SBN 318555)
(cscott@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA
(DC No. 1034981)
(rsaldana@cooley.com)
(admitted *pro hac vice*)
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 776 2109
Facsimile:    +1 202 842 7899

*Attorneys for Defendant*
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>     Plaintiffs,<br><br>  v.<br><br>This Document Relates to: *all actions*,<br><br>     Defendant. | Master File No. 4:21-cv-02155-YGR (VKD)<br><br>**GOOGLE'S STATUS REPORT IN RESPONSE TO DKT. NOS. 189 AND 202** |

May 27, 2022

**Submitted via ECF**

Magistrate Judge Virginia K. DeMarchi
San Jose Courthouse
280 South 1st Street
San Jose, CA 95113

Re:   *In re Google RTB Consumer Privacy Litigation*,
       Case No. 5:21-cv-02155-YGR-VKD (N.D. Cal.)
       Google's Status Report in Response to Dkt. Nos. 189 & 202 Discovery Dispute

Google respectfully submits this status report in accordance with the Court's May 16, 2022 order requesting a further status report by May 27, 2022, (Dkt. No. 202), following the Parties' prior May 13, 2022 status report, (Dkt. No. 201).

**Reason This Status Report is Not Jointly Submitted**

On May 26 at approximately 1:00 PM, Google provided Plaintiffs with its proposed draft of the joint status report, setting forth the Parties' progress and the status of their meet and confer efforts, similar to what follows in the next section. At 9:17 PM that day (*i.e.*, after business hours on the day before this report was due), Plaintiffs sent their proposed submission, which was not a status report, but a nine-page, over 3,400-word unauthorized discovery brief. That is, even in the context of authorized discovery disputes, Plaintiffs' draft submission ("Pls.' draft brief") was more than double the length permitted under the Court's standing order. Google had no prior notice of Plaintiffs' intention to file such a brief, which Plaintiffs plainly had been preparing long before surprising Google with the draft. Google informed Plaintiffs that it believed their submission violated the Court's May 16 directive to file a further "status report" and also violated your Honor's standing order, but Plaintiffs declined to change course.

Google is therefore submitting its own report here rather than attempting to respond in kind and jointly submitting a brief it understands to be unauthorized.

**Status of The Parties' Meet and Confer Efforts**

Google contends that nothing it shares with third parties via its Real-Time Bidding system ("RTB") qualifies as Account Holders' "personal" or "sensitive" information. Nonetheless, per the

Court's April 29, 2022 order (Dkt. No. 189) (the "April 29 Order"), on May 10, 2022, Google directed Plaintiffs to the specific documents in its production that would allow Plaintiffs to identify the data transmitted through RTB and requested that Plaintiffs identify the information which they assert qualifies. On May 12, Plaintiffs responded by sending Google a letter setting forth the categories of information they claim are personal or sensitive user data that is shared with third parties via RTB, and also identified several items for follow up ("May 12 Letter"). The Parties met and conferred again on May 20 and Google responded to Plaintiffs' letter, three business days later, on May 25. The Parties reached agreement on several issues.

Google is currently conducting targeted searches for documents reflecting Google's assignment or estimation of monetary value, for the purposes of RTB, of certain data that Plaintiffs contend constitute such information.[1] These categories of data include: (1) Google IDs, including any that facilitate cooking matching in RTB; (2) truncated IP addresses; (3) location information; (4) webpage URLs where advertisements will be placed; (5) verticals or segments; and (6) user-agent information. If Google is unable to locate such documents, it agreed to further confer with Plaintiffs and conduct reasonable searches for documents reflecting its assignment or estimation of value for other, comparable purposes.

Plaintiffs' May 12 Letter also identified many other categories of information for which Plaintiffs demanded Google search for valuation documents, which were facially beyond the scope of relevance, outside the Court's directives in its April 29 Order, and for which Plaintiffs' purported claim that these elements of a bid request were Account Holders' "personal" and "sensitive" information were simply preposterous. These included:

- Detected language of the webpage where advertisements would be placed
- Screen orientation of the device accessing the ad
- The duration of the video to be shown after the ad
- Bid request ID (a unique numeric identifier given to each individual RTB bid request) and

---

[1] In doing so, Google does not waive any of its rights and specifically denies that any of the data Plaintiffs have identified actually constitutes "personal" or "sensitive" information.

- Publisher ID (a numeric identifier for the web publishing entity or ad agency offering the online space where the ad would be placed)

The Parties discussed these data elements during their meet-and-confer on May 20, and Plaintiffs were unable to justify their position that these fields qualified as personal or sensitive information. Plaintiffs' only justification offered was that, taken in concert with many other pieces of data, these data could theoretically be used to identify an individual. This explanation makes no sense for these items, which do not even relate to the user (such as the first, third, fourth, and fifth bullets) or would be different for every individual ad request (such as the second, fourth and fifth bullets). Accordingly, Google appropriately refused to undertake a search for valuation documents related to these data elements.

Additionally, as Plaintiffs requested in their May 12 Letter, Google agreed to collect and review documents hyperlinked in a produced document bearing Bates Number GOOG-HEWT-00075134.

To the extent Google can locate the documents described in this report, Google will produce non-privileged, responsive documents, consistent with the meet-and-confer process and the Court's April 29 Order, as soon as it reasonably can, and by no later than the Parties' recently-stipulated extended deadline for the substantial completion of document production on July 11, 2022. (*See* Dkt. No. 208.)

**Google's Response to Plaintiffs' Discovery Letter Brief**

Although Google does not believe it is permitted by this Court's order and standing order to address the entirety of Plaintiffs' blunderbuss nine-page, unauthorized discovery brief here, it will be prepared to do so at the Court's upcoming hearing and only briefly addresses a few key points in this submission.

Plaintiffs' assertion that Google "refused to identify" the personal or sensitive information shared with third parties is false. (Pls.' draft brief at 2.) As discussed, Google informed Plaintiffs of its view that it contends no such information is shared through RTB and directed Plaintiffs to the already produced documents reflecting what *is* shared through RTB, so Plaintiffs could identify what they contend is Account Holder's personal or sensitive information. Google also told

Plaintiffs it was willing to search for valuation documents for the elements of RTB bid requests that Plaintiffs "reasonably contend" qualified as Account Holders' personal and sensitive information "*subject to* seeing Plaintiffs' actual requests." Dkt. 201 at 3:5-10 (emphasis added). Google never gave Plaintiffs *carte blanche* to force it to undertake absurd searches for clearly irrelevant information. Tellingly, when Plaintiffs recite the categories of alleged personal information set forth in their Complaint (Pls.' draft brief at 6, citing Compl. ¶¶ 137, 140-48, 201-04), *every identified category* is one for which Google *agreed* to search for valuation documents.

Plaintiffs' claim that Google "most egregiously" refused to tell Plaintiffs whether it maintains records of "what monetary amount the winner of an RTB auction pays" is unavailing. (Pls.' draft brief at 4.) First, counsel's questions actually focused on the storage of information related to RTB bid requests, a subject on which the Court has already denied discovery. (Pls.' draft brief at 9 (demanding "identification of all fields contained in [RTB] logs").) Second, any claim that the *full price* paid for the placement of an ad through RTB is equivalent to estimating the value of an Account Holders' personal or sensitive information does not withstand scrutiny. It rests on the plainly false assumption that the ad itself has no value at all, and the entirety of the price is paid for the Account Holder's purportedly personal information. Thus, Plaintiffs' demand for data regarding just the total price paid for ads is overbroad and irrelevant, as is Plaintiffs' demand for even broader data logs purportedly related to this subject.

Google's refusal to answer questions or produce documents concerning the "Screenwise Trends" program was not only justified, but based upon this Court's denial of Plaintiffs' motion to compel on this precise topic because Plaintiffs could not "explain how programs purportedly designed to pay Google users to share their web browsing history will reveal information relevant to the calculation of Plaintiffs' damages." (April 29 Order at 5.) The Court's prior ruling was correct, because the value of myriad, disparate uses Google might choose to make of the information it acquired through any such program has nothing to do with the particular value of different information in the narrow context of RTB. And in any event, Plaintiffs also concede that any such discussions "may be premature." (Pls.' draft brief at 9.)

1     Finally, Google's public protocols are effectively comprehensive regarding the information
2  shared through RTB in bid requests. The rare exceptions would be, for example, if Google was
3  beta testing a new feature with a small group of RTB participants. Google should not be required
4  to try to hunt down every trivial exception to its already very extensive production on this subject.

6  Dated: May 27, 2022                                           COOLEY LLP

8                                                          By: */s/ Jeffrey M. Gutkin*
                                                                Jeffrey M. Gutkin
9                                                               Michael G. Rhodes
                                                                Whitty Somvichian
10                                                              Aarti Reddy
                                                                Kyle C. Wong
11                                                              Kelsey R. Spector
                                                                Colin S. Scott
12                                                              Anupam Dhillon
                                                                3 Embarcadero Center, 20th floor
13                                                              San Francisco, CA  94111-4004
                                                                Tel.:  415-693-2000
14                                                              Fax:  415-693-2222
                                                                rhodesmg@cooley.com
15                                                              wsomvichian@cooley.com
                                                                jgutkin@cooley.com
16                                                              areddy@cooley.com
                                                                kwong@cooley.com
17                                                              kspector@cooley.com
                                                                cscott@cooley.com
18                                                              adhillon@cooley.com

19                                                              Robby L.R. Saldaña
                                                                1299 Pennsylvania Avenue NW
20                                                              Suite 700
                                                                Washington, DC  20004-2400
21                                                              Tel.:  202-776-2109
                                                                Fax: 202-842-7899
22                                                              rsaldana@cooley.com

23                                                              Attorneys for Defendant
                                                                GOOGLE LLC

25
   269602783
26