COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA
(DC No. 1034981)
(rsaldana@cooley.com)
(*pro hac vice*)
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 776 2109
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions*, | Master File No. 4:21-cv-02155-YGR (VKD)<br><br>**GOOGLE LLC'S EMERGENCY MOTION TO STRIKE SHAFIQ DECLARATION IN SUPPORT OF PLAINTIFFS' SUBMISSION PURSUANT TO DKTS. 231, 236** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF GOOGLE LLC'S EMERGENCY MOTION
TO STRIKE SHAFIQ DECLARATION
CASE NO. 4:21-CV-02155-YGR (VKD)

Defendant Google LLC ("Google") hereby moves the Court for an order (1) striking the Declaration of Zubair Shafiq, Ph.D., in support of Plaintiffs' Submission Pursuant to Dkts. 231, 236 ("Shafiq Declaration," ECF No. 240-4) and all exhibits attached thereto (ECF Nos. 240-5 - 12) and (2) allowing Google at least seven days from the issuance of that order to submit a responsive supplemental brief.[1]  Alternatively, if the Court denies Google's request to strike the Shafiq Declaration, Google respectfully requests that its deadline to submit a responsive supplemental brief be extended to at least fourteen days after that denial to provide sufficient time to respond to Plaintiffs' excessive submission.

In the evening of Friday, June 24, 2022, Plaintiffs filed both a 1,500 word letter brief and an additional ***nine pages*** of testimony from their expert, Zubair Shafiq—which is, standing alone, more than 1,700 additional words, excluding the documents it excerpts in the body of its text.  This filing is contrary to the procedure for discovery dispute resolution prescribed by this Court's Standing Order for Civil Cases ("Standing Order") and a flagrant violation of the Court's June 15, 2022 Order limiting the parties' supplemental briefing on Google's "creation, source, or storage of Account Holder information" to 1,500 words per side.  (*See* Order re Supplemental Briefing Further to Dkt. No. 231 (ECF No. 236).)  The Shafiq Declaration, which attaches ***eight*** exhibits and consists of extensive, unauthorized testimony and argument purportedly regarding "how the personal information Google shares through the RTB is collected and analyzed for use in the auction" (ECF No. 240-3 at 1 n1 & 240-4) more than doubles Plaintiffs' submission beyond the Court's explicitly prescribed parameters and is manifestly improper.

Plaintiffs' submission of these far overlength materials is particularly impermissible because the Court has already repeatedly rejected Plaintiffs' requests for leave to file briefing of this type for this discovery dispute.  In the parties' June 7, 2022 hearing, Plaintiffs' counsel asked if the Court would accept supplemental briefing that was "like normal briefing," which the Court rejected as "not necessary" and "overkill," saying instead, "I do think [the submission] should be short." (June 7 Tr. at 104:9-24.)  In its June 8, 2022 Order re May 26, 2022 Discovery Dispute re

---

[1] Google respectfully submits that it cannot prepare a response to Plaintiffs' submission until it knows the full scope of what it is responding to.  It therefore requests that its seven-day period to respond to Plaintiffs' submission start when the Court rules on this Motion.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEF GOOGLE LLC'S EMERGENCY MOTION
TO STRIKE SHAFIQ DECLARATION
CASE NO. 4:21-CV-02155-YGR (VKD)

1  Plaintiffs' Rule 30(B)(6) Deposition Notice to Google; Order re Further Submission, the Court
2  cautioned that it was "not inclined to entertain arguments that should have been presented earlier
3  and in writing" but nonetheless requested that the parties "file their agreed proposal or their
4  respective proposals" for "a further, *brief* written submission." (ECF No. 231 at 14 (emphasis
5  added).)  Then, on June 14, 2022, Plaintiffs submitted their Proposed Briefing Schedule in
6  Response to Dkt. No. 231 (ECF No. 235), which again requested that the parties be permitted to
7  either submit simultaneous briefs "not to exceed five (5) pages" or sequential briefs in which they
8  would be given a "5-page opening . . . and a 3-page Plaintiffs' reply brief."  On June 15, 2022, the
9  Court rejected Plaintiffs' proposal and ordered each party to file a single supplemental brief that
10 was "***limited to 1,500 words (excluding the caption and the signature blocks)***."  (ECF No. 236
11 (emphasis added).)  The Court also denied Plaintiffs' request for a reply brief.  (*Id.*)

12 Even putting the eight improperly filed exhibits aside,[2] between Plaintiffs' letter brief and
13 the unauthorized Shafiq Declaration, Plaintiffs have granted themselves more space to argue than
14 they first requested from the Court. Plaintiffs' submission is, thus, an indefensible attempt to
15 circumvent the Court's rejection of their requests for lengthier briefing.[3]  Their filing is also
16 extraordinarily prejudicial to Google, to which the Court gave one week and 1,500 words to respond
17 based on the reasonable assumption that Plaintiffs would abide by the Court's order.

18 For the foregoing reasons, Google respectfully requests the Court enter an order striking the
19 Shafiq Declaration and its attachments.  Google further requests that its deadline to submit a
20 responsive supplemental brief be extended to at least seven days after the Court issues an order
21 striking the Shafiq Declaration.  Finally, Google requests that it should not have to move to seal
22 Plaintiffs' unauthorized filing, which should simply be deleted from the docket.  Alternatively, if
23 the Court denies Google's request to strike the Shafiq Declaration, Google respectfully requests
24 that its deadline to submit a responsive supplemental brief be extended to at least fourteen days

---

[2] Google also respectfully requests that it should not be forced to file a motion to seal the improperly filed Shafiq declaration and these eight exhibits.

[3] Plaintiffs' submission of these additional pages of material is particularly unwarranted as this is Plaintiffs' ***fourth*** consecutive attempt to litigate the purported relevance of Google's collection and storage of user information.  (*See, e.g.*, ECF No. 141 at 3-4, ECF No. 209 at 2; *see also Calhoun, et al. v. Google, LLC*, No. 4:20-cv-05146-YGR-SVK, ECF No. 692-2 at 2.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEF GOOGLE LLC'S EMERGENCY MOTION
TO STRIKE SHAFIQ DECLARATION
CASE NO. 4:21-CV-02155-YGR (VKD)

1  after that denial to provide sufficient time to respond to Plaintiffs' excessive submission.

Dated: June 27, 2022                                    COOLEY LLP

                                                        By: */s/ Jeffrey M. Gutkin*
                                                            Jeffrey M. Gutkin

                                                        Attorneys for Defendant
                                                        GOOGLE LLC

271218909

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEF GOOGLE LLC'S EMERGENCY MOTION
TO STRIKE SHAFIQ DECLARATION
CASE NO. 4:21-CV-02155-YGR (VKD)