COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA
(DC No. 1034981)
(rsaldana@cooley.com)
(*pro hac vice*)
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 776 2109
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions*, | Master File No. 4:21-cv-02155-YGR (VKD)<br><br>**DEFENDANT GOOGLE LLC'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. GOOGLE'S RESP. TO ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR (VKD)

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5, Defendant Google LLC ("Google") respectfully submits this Response to Plaintiffs' Administrative Motion ("Response") to consider whether a portion of Plaintiffs' Submission Pursuant to Dkts. 231, 236 (ECF No. 241) (the "Submission") should remain under seal. (*See* ECF No. 240).

The portion of the Submission listed below reflects highly confidential information regarding sensitive internal data systems that Google keeps confidential in the ordinary course of its business. As set forth in Google's Response, the accompanying Declaration of Aarti Reddy ("Reddy Declaration"), and the previously submitted Declaration of Glenn Berntson (ECF No. 162-1, "Berntson Declaration" or "Berntson Decl."), Google confirms the confidentiality of this information.

Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below:

| Document | Portions to be filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Submission, ECF No. 241 | Portion Highlighted in Yellow at 3:17-19.[1] | Google |

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (i.e., is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case[.]" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana*

---

[1] Google has narrowed its proposed redactions considerably from those identified by Plaintiffs, ECF Nos. 240–41, and has identified a single redaction in yellow highlighting.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEF. GOOGLE'S RESP. TO ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR (VKD)

*v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824-BLF, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).)

Briefing for a discovery motion is non-dispositive, and thus the good cause standard applies here. *See, e.g., Pieterson v. Wells Fargo Bank, N.A.*, No. 17-cv-02306-EDL, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("Because the sealing requests were made in conjunction with a nondispositive discovery motion, a showing under the good cause standard will suffice."); *Calhoun v. Google*, Case No. 20-cv-05146, ECF No. 327 at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."). Notably, "[r]ecords attached to nondispositive motions are not subject to the strong presumption of access." *TVIIM, LLC v. McAfee*, Inc., No. 13-cv-04545-HSG, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) (citation omitted).

### III.  GOOD CAUSE WARRANTS SEALING.

Google asks this Court to seal one sentence of Plaintiffs' Submission, which contains Google's confidential, proprietary information that has been designated "Highly Confidential—Attorneys' Eyes Only" by Google in discovery pursuant to the parties' Protective Order. Pursuant to the good cause standard, Google's sealing request is warranted.

As an initial matter, the proposed redaction is narrowly tailored to include only a single sentence in the Submission that reflects confidential information, and thus does not "unduly limit[] public access." *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-CV-02099 JST (NC), 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

Further, as noted above, the portion of the Submission that Google seeks to redact contains a confidential code name and technical details regarding an internal system that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. (Berntson Decl. ¶ 5.) Public disclosure of this information presents

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEF. GOOGLE'S RESP. TO ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR (VKD)

serious risk of irreparable harm to Google. (*Id.* ¶ 6.) For example, an individual interested in improperly accessing Google's systems could target particular proprietary documents and information for improper uses if he or she knew Google's confidential internal name for this system as well as associated technical details. (*Id.*)

Additionally, this information, if made public, would allow individuals who, through legitimate or nefarious means, gain access to other documents or information that reference the same internal system, to deduce details about that system that they otherwise would not have understood were related. (*Id.* ¶ 7.) For example, if individuals know the name of this system, and then see that same name in an entirely different context, they will be uniquely positioned to piece together previously unconnectable facts about the system, gaining improper and potentially damaging insight into Google's operation and capabilities. (*Id.*)

This Court previously granted Google's motion to seal the same code name and internal system information that it seeks to seal through the instant motion. *See, e.g.*, *In re Google RTB Consumer Privacy Litigation.*, No. 21-cv-02155, ECF No. 186 (N.D. Cal. April 29, 2022) (applying the good cause standard and sealing information about the same internal systems as are at issue here). This Court's prior order was consistent with other orders from courts in this District that have similarly sealed references to internal project names and data systems. *See, e.g.*, *Rodriguez v. Google LLC,* No. 20-cv-04688-RS, ECF No. 223 (N.D. Cal. Feb. 10, 2022) (noting that "Google's internal project names may be sealed"); *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846 LHK (PSG), 2012 WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012) (sealing "Apple's internal code names" for its projects); *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-CV-00362-PJH, 2018 WL 2392561, at *7 (N.D. Cal. May 25, 2018) (same); *In re Google Inc. Gmail Litig.*, No. 13-md-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems).

## IV.   CONCLUSION

For the foregoing reasons, Google respectfully requests the Court seal the aforementioned portion of the Submission, reflecting Google's concurrently filed redactions, the public disclosure of which would cause significant competitive harm to Google.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEF. GOOGLE'S RESP. TO ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR (VKD)

| | |
|---|---|
| Dated: July 1, 2022 | COOLEY LLP<br>MICHAEL G. RHODES<br>WHITTY SOMVICHIAN<br>JEFFREY M. GUTKIN<br>AARTI REDDY<br>KYLE C. WONG<br>ROBBY L.R. SALDAÑA<br>KELSEY R. SPECTOR<br>ANUPAM DHILLON<br><br>By: */s/ Aarti Reddy*<br>      Aarti Reddy<br><br>Attorneys for Defendant<br>GOOGLE LLC |

271327515

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEF. GOOGLE'S RESP. TO ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR (VKD)