COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA
(DC No. 1034981)
(rsaldana@cooley.com)
(*pro hac vice*)
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 776 2109
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions*, | Master File No. 4:21-cv-02155-YGR (VKD)<br><br>**GOOGLE LLC'S SUPPLEMENTAL BRIEF PURSUANT TO DKTS. 231, 236** |

## I.    INTRODUCTION

The gravamen of Plaintiffs' allegations is that Google is improperly selling or sharing users' personal information with third parties via its Real-Time Bidding system ("RTB").  (*See, e.g.*, Consolidated Class Action Complaint, ECF No. 92 ("CAC") ¶ 3 ("This Complaint identifies how Google actively ***sells and shares*** consumers' personal information.") (emphasis added).)  Indeed, Plaintiffs themselves have repeatedly distinguished this case from the related *Brown* and *Calhoun* actions because it is "about ***dissemination and sale*** of private data as opposed to collection."  (Nov. 2, 2021 Tr. at 5:17-6:16; Feb. 11, 2022 Tr. at 38:19-23) (emphasis added); ECF No. 82 at 7 (explaining that Plaintiffs' case "relates to Google's ***disclosure*** of information in its own possession rather than unauthorized taking of information from the Plaintiffs.'") (emphasis added).)  Nonetheless, Plaintiffs have serially chased overbroad, ill-defined discovery regarding Google's "collection and combining of information about class members."  (ECF No. 240-3 at 1.)  Although this is Plaintiffs' ***fourth*** attempt to litigate this same issue, their Submission Pursuant to ECF Nos. 231, 236 (the "Motion") fails to either define the specific discovery they need or establish a basis for its supposed relevance.  The Court should affirm its prior rulings and deny Plaintiffs' Motion.  (*See* ECF No. 184 at 7-8 ("Google need not produce responsive documents relating to such collection and storage."); June 7, 2022 Tr. at 22:12-17 ("I don't think figuring out where everything is stored and how it gets there, how it's collected in the first place is relevant.").)

## II.    ARGUMENT

Plaintiffs' main argument is that Judge Gonzalez Rogers' Order Granting in Part and Denying in Part Google's Motion to Dismiss ECF No. 233 (the "MTD Order"),  establishes the supposed relevance of collection and storage information.  Not so.

The District Court did not rule on the relevance of information about Google's data collection and storage.  To the contrary, it has now ***twice*** refused to accept Plaintiffs' arguments that collection and storage are relevant.  First, Judge Gonzales Rogers chose not to rule on and thereby ***denied*** Plaintiffs' appeal of this Court's ruling denying discovery into collection and storage.  (*See* ECF No. 196 (filed May 9, 2022); L.R. 72-2(d).)  Second, Judge Gonzalez Rogers deferred to this Court on Plaintiffs' argument that discovery in *Calhoun, et al. v. Google LLC*, No.

4:20-cv-05146-YGR-SVK ("*Calhoun*") regarding "data flow" is relevant to RTB.  (*See* ECF No. 242 (denying Plaintiffs' Motion for Targeted Use of Calhoun Discovery in *In re Google RTB*); *Calhoun*, ECF No. 692-2 at 2-4, 6 (arguing collection of data is relevant to this action).)

While Plaintiffs selectively quote portions of the MTD Order, those quotes in no way reflect rulings for Plaintiffs on the relevance of collection and storage information.  As is required for a pleadings-stage motion, the MTD Order merely accepts the allegations in the CAC as facially true. (*See, e.g.*, MTD Order at 13.)  The MTD Order's reference to allegations that mention Google's collection of data in a ***"Background"*** section does not establish that Google's data collection and storage practices are relevant to Plaintiffs' claims.  (*See, e.g.*, MTD Order at 2-5 (providing background on the case by describing what "[t]he [CAC] alleges").)  Similarly, while Plaintiffs cherry-picked a quote from the Court's discussion of the intrusion on seclusion claim to support the relevance of "the nature and volume" of what Google collects (*see* Mot. at 1), the paragraphs that follow confirm the Court's understanding that the basis for that claim is Plaintiffs' allegation that "Google ***sold and shared*** information relating to plaintiffs' web browsing histories, device information, and consumer interest data."  (MTD Order at 12-13; *see also* CAC ¶ 401 (alleging intrusion upon seclusion based on Google's purported "scheme to ***share and sell*** Plaintiffs' and Class Members' personal information without their consent") (emphasis added).)  Thus, the relevant inquiry is what information Google ***shares***, not what information it collects or how that information is stored prior to or after sharing.

Finally, citing the Court's discussion of their breach of confidence claim, Plaintiffs claim to need "pro[of] that users would not expect the data collected to be disclosed in the way that it is." (Mot. at 2.)  But this in no way justifies their broad request for discovery into "collection and combining of information about class members."  (*Id*. at 1.)  The relevant question is whether Google's conduct is inconsistent with users' expectations about what would be shared with third parties.  To test this, one only needs to look at what is shared, not at everything Google collects. The MTD Order does not hold otherwise.  (*See, e.g.*, MTD Order at 15 (denying Google's motion to dismiss Plaintiffs' breach of confidence claim and citing Plaintiffs' allegations regarding the

"*nature*" of the disclosed information in addressing the adequacy of their claim that "Google *sold and disclosed* confidential information") (emphasis added).)

Plaintiffs' other arguments also fail to establish the relevance of the information they seek.

**Collection**.  Plaintiffs' claim that they need information about "*what*, *where*, and *when* Google collects" data to determine "what is disclosed through RTB and whether it constitutes PI" is baseless.  (Mot. at 2.)  Self-evidently, the question of "what is disclosed" is fully addressed by discovery into what is actually disclosed.  Plaintiffs also fail to cite any authority supporting the proposition that discovery into collection is needed to determine whether data is PI, and the MTD Order also offers no support for their position.  Once again, Plaintiffs' cited excerpts only demonstrate that their claims are focused on data *sale* and *dissemination*.  (*Id*. (citing MTD Order at 7-8, 11-14, 15-17); *see, e.g.*, MTD Order at 8 (noting Plaintiffs' allegations "that Google repeatedly violates these contractual obligations by *selling* plaintiffs' personal information through RTB") (emphasis added), 12 (characterizing the "challenged conduct" as the "*sale and disclosure* of plaintiffs' personal information to third parties") (emphasis added).)[1]

**Storage**.  Google's storage of information is equally irrelevant, and each of Plaintiffs' arguments to the contrary fails.

*First*, while Plaintiffs contend that Named Plaintiff data "will have to be produced to address standing," (Mot. at 3), nowhere do they explain how further discovery regarding the "storage" of that data is relevant.[2]  Indeed, the only support Plaintiffs offer is a citation to *counsel's own brief* in *Calhoun*, which they claim shows that Google does not distinguish between data associated with signed-out and signed-in identifiers.  (Mot. at 3.)  Plaintiffs do not explain how this assertion is relevant to storage of Named Plaintiff data, and, in any event, it is categorically false.  (*See Calhoun*, ECF No. 712-1 ¶ 10.)

---

[1] Additionally, in contending that this Court has already held that Google's "collection, source, and storage of Account Holder Information is relevant to Google's defenses," Plaintiffs misconstrue this Court's prior orders.  (*See* Mot. at 2 (citing ECF Nos. 185, 190).)  In those orders, the Court held that information on *Plaintiffs'* devices "impacts what personal information about them *is disclosed to third parties*."  (ECF No. 185 at 3-4 (emphasis added); ECF No. 190 at 2-3 (similar).)

[2] Both parties are working through the complex process of locating and producing Named Plaintiffs' data.

*Second*, Plaintiffs offer no legal support whatsoever for their position that their ECPA and CIPA claims "turn on the location and manner of storage." (*See* Mot. at 3.) Instead, Plaintiffs once again turn to out-of-context citations to the MTD Order, which never suggest that the location of Google's data storage is relevant. Rather, it addresses a jurisdictional defense Google raised in its MTD regarding whether class members "and publishers received the communications at issue while they were [not] located in California." (MTD Order at 17.) Plaintiffs cite nothing showing that the *storage location* matters.

*Third*, Plaintiffs' claim that they need information about how data is stored to assess information about "what is actually disclosed" through RTB is nonsensical. (*See* Mot. at 3.) Plaintiffs do not demonstrate why they need discovery into anything more than identification of the data that was actually disclosed through RTB.

*Fourth*, Plaintiffs intentionally confuse the issues by claiming they need to conduct a boundless inquiry into how Google "stores" information to "compare the information Google 'associates with your Google Account' with information disclosed through RTB." (Mot. at 4.) To conduct this comparison, Plaintiffs need, at most, a targeted inquiry into which information disclosed through RTB is also associated with Google accounts. But Plaintiffs have never sought that discovery, which is not relevant to the storage questions presented in their Motion.

*Fifth*, Plaintiffs' speculation that "discovery into Google's storage systems" may be relevant to identifying class members because "[t]he logs Google maintains are likely to contain revenue information" is far too vague to justify the open-ended discovery Plaintiffs seek. (*See* Mot. at 4.) It is also a red herring—Google has already confirmed with Plaintiffs that it is preserving information to identify signed-in users who were subject to an RTB bid request as well as information relevant to proving injury and damages of these putative class members.

III.    CONCLUSION

For all these reasons, Plaintiffs' request is a rehash of arguments the Court has already considered and rejected, and it should be denied in its entirety.

1    Dated: July 1, 2022                          COOLEY LLP

2

3                                                 By: */s/ Jeffrey M. Gutkin*

4                                                      Jeffrey M. Gutkin

5                                                 Attorneys for Defendant
                                                  GOOGLE LLC
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    271232578