COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:  +1 415 693 2000
Facsimile:  +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA
(DC No. 1034981)
(rsaldana@cooley.com)
(*pro hac vice*)
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone:  +1 202 776 2109
Facsimile:  +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions*. | Master File No. 4:21-cv-02155-YGR (VKD)<br><br>**GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTARY MATERIAL (SUR-REPLY)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF GOOGLE LLC'S OPP'N
TO ADMIN MOTION RE SUR-REPLY
CASE NO. 4:21-CV-02155-YGR (VKD)

## I. INTRODUCTION

Plaintiffs have now repeatedly tried to circumvent this Court's explicit and appropriate limits on their discovery briefing. Defendant Google LLC ("Google") opposes Plaintiffs' Administrative Motion for Leave to File Supplementary Material (Sur-Reply) (ECF No. 251 ("Motion for Leave")), because Plaintiffs' new materials are merely a ***second, much longer, and expressly disallowed*** brief supporting their bid for discovery on the collection and storage of data. The Court should not reward Plaintiffs for their wasteful litigation tactics that attempt to flout the Court's orders every time Plaintiffs do not get their way. The Court should deny leave to file Plaintiffs' latest improper letter brief and its numerous exhibits (ECF Nos. 251-3 to -14, collectively, Plaintiffs' "Reply"), strike the Reply from the record, and prohibit Plaintiffs from any further filing of unauthorized argument or evidence until ***after*** the Court grants or denies leave for such filings.

## II. ARGUMENT

At 1:57 a.m. on July 8, 2022, Plaintiffs submitted the Motion for Leave, seeking to file their Reply on the pending dispute regarding the relevance of the "creation, source, or storage of Account Holder information." That Reply consists of an ***11-page,*** single-spaced letter brief and 11 exhibits spanning ***834 pages*** of unauthorized submissions.[1] The Reply violates the Court's Standing Order regarding discovery disputes and its June 15, 2022 and June 28, 2022 orders, both of which expressly limited the parties' supplemental briefing on this particular dispute to a single 1,500-word brief per side. (*See* Standing Order for Civil Cases; Order re Supplemental Briefing Further to Dkt. No. 231 (ECF No. 236); Order Striking Shafiq Declaration and Exhibits (ECF No. 246).) The Court should reject the Reply and strike it from the record[2] for numerous independent reasons.

<u>First</u>, the Court already ***expressly refused*** Plaintiffs' request for a reply regarding this dispute. In its June 8, 2022 order, the Court requested that the parties "file their agreed proposal or their respective proposals" for "a further, ***brief*** written submission" regarding their dispute related

---

[1] After surely spending days drafting the Reply, Plaintiffs first informed Google of their intent to file it at 2:22 p.m. on July 7, 2022. Google promptly responded that, given the timing, it could not provide its position on that same day. Nevertheless, Plaintiffs filed less than twelve hours later.

[2] Google also respectfully submits that it should not be forced to expend the considerable required resources to file a motion to seal Plaintiffs' improperly filed Reply and attached exhibits.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEF GOOGLE LLC'S OPP'N
TO ADMIN MOTION RE SUR-REPLY
CASE NO. 4:21-CV-02155-YGR (VKD)

to discovery on Google's information collection and storage. (ECF No. 231 at 14 (emphasis added).) On June 14, 2022, Plaintiffs requested that the parties be permitted to either submit simultaneous briefs "not to exceed five (5) pages" or sequential briefs in which they would be given a "5-page opening . . . and a 3-page Plaintiffs' reply brief." (ECF No. 235 at 2 (emphasis added).) On June 15, 2022, the Court rejected Plaintiffs' proposal and ordered each party to file a **single** supplemental brief "limited to 1,500 words (excluding the caption and the signature blocks)." (ECF No. 236 (emphasis added).) The Court also explicitly ordered that "***[n]o reply brief is permitted***." (*Id*. (emphasis added).) Now, Plaintiffs have filed an 11-page reply with more than 800 pages of exhibits that far exceeds their original request and violates the Court's rules. Plaintiffs' Reply is an indefensible end-run around the Court's order, and it should be disregarded and stricken for this reason alone.

Second, Plaintiffs' Reply contravenes the Court's recent guidance and rulings on the issue of overlength submissions. The Reply follows hard on the heels of the Court's June 28, 2022 Order striking Plaintiffs' improperly filed Declaration of Zubair Shafiq (ECF No. 240-4) "for failure to comply with the word limits set in the Court's June 15, 2022 Order re Supplemental Briefing." (ECF No. 246.) Additionally, at the June 7, 2022 hearing, when Plaintiffs asked for authorization for future filings outside of the 1,500-word standing order limit, the Court warned that such filings can "destroy[] the whole efficiency" and that "[y]ou should be able, in a short amount of space, to tell me why something is relevant and proportional. You really should." (June 7 Tr. at 113:14-19). The Court also laid out a procedure for the parties to seek pre-approval for over-length briefing, stating that the parties can say, "[w]e're finding that the 1500 words that you give us for arguing that is not sufficient, and here's why. Just tell me that in a few words, and ***if I agree, I will say yes, please go ahead*** and — I'm interested in this topic and you can have more words for that." (*Id.* at 113:24-114:6 (emphasis added).) Plaintiffs' Motion for Leave disregards these instructions.

In addition to being manifestly improper, Plaintiffs' refusal to adhere to the Court's clear orders prejudices Google, which has twice had to ask the Court to disregard materials that should never have been filed and twice had to begin preparing responsive materials while it awaits a ruling as to Plaintiffs' violative submissions. And Google has always adhered to the Court's orders by

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEF GOOGLE LLC'S OPP'N
TO ADMIN MOTION RE SUR-REPLY
CASE NO. 4:21-CV-02155-YGR (VKD)

limiting its arguments to those that could be presented within the Court's pre-ordered word limit.

*Third*, much like their submission of the stricken Shafiq declaration, Plaintiffs' proposed supplemental submissions are wildly excessive and unnecessary. This is Plaintiffs' **fourth** consecutive attempt to litigate the issue of collection and storage. (ECF No. 141 at 3-4, ECF No. 209 at 2; *see also Calhoun. v. Google, LLC*, No. 4:20-cv-05146-YGR-SVK, ECF No. 692-2 at 2 ("Motion for Cross Use") (requesting use of discovery materials from *Calhoun* litigation in this case).) Worse yet, Plaintiffs' concurrently-filed administrative motion to establish a process for Plaintiffs to request cross-use of *Calhoun* discovery previews that Plaintiffs already plan to revisit these issues for a **fifth time**. (*See* ECF No. 252 at 1 (noting that Plaintiffs wish to educate the court on the "data flow at issue").) Each time Plaintiffs serially submit reams of new discovery to revisit the same issues, it is wasteful, inefficient, and inflicts needless costs on Google and the Court.

*Finally*, the sole justification for Plaintiffs' Motion for Leave is that the District Court's Order denying Plaintiffs' Motion for Cross Use "did not issue until after Plaintiffs filed their brief" and that Google has "misrepresent[ed]" the "fundamental relevance" of the discovery Plaintiffs keep seeking. (ECF No. 251-1 at 1-2). This is no justification at all. Plaintiffs pretend that the District Court's order **denying** their Motion for Cross Use actually granted them *carte blanche* to ignore this Court's direct orders by simply citing over 800 pages of purportedly relevant *Calhoun* discovery, rather than relying on discovery in this case. That is ludicrous. The District Court in fact held that there should be a process for this Court to first consider whether any discovery from *Calhoun* is needed here. As discussed, Plaintiffs have already filed another administrative motion asking this Court to convene a case management conference to create such a process. (*See* ECF No. 252.) Yet, before any process is in place, Plaintiffs are already trying to drive truckloads of evidence and argument through the narrow road the District Court laid out. This Court should not permit its rules and orders to be cast aside on this pretext.

### III. CONCLUSION.

Plaintiffs have relitigated this same issue multiple times, ignoring this Court's unambiguous orders and instructions on how to proceed. The Motion for Leave should be denied. Further, the Court should invoke its inherent discretion to strike these materials from the record and to prohibit

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEF GOOGLE LLC'S OPP'N
TO ADMIN MOTION RE SUR-REPLY
CASE NO. 4:21-CV-02155-YGR (VKD)

Plaintiffs from further filing of substantive argument or evidence without advanced permission, and issue other appropriate relief that protects Google from incurring legal fees to keep responding to improper filings and relitigating the same disputes.

Dated: July 12, 2022                         COOLEY LLP

By: */s/ Jeffrey M. Gutkin*
       Jeffrey M. Gutkin

Attorneys for Defendant
GOOGLE LLC

271780012

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEF GOOGLE LLC'S OPP'N
TO ADMIN MOTION RE SUR-REPLY
CASE NO. 4:21-CV-02155-YGR (VKD)