COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
ANUPAM DHILLON (SBN 324746)
(ADhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA
(DC No. 1034981)
(rsaldana@cooley.com)
(*pro hac vice*)
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 776 2109
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, <br><br> This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR (VKD) <br><br> **GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' REQUEST FOR A CASE MANAGEMENT CONFERENCE BEFORE THE DISCOVERY MAGISTRATE TO ADDRESS IMPLEMENTATION OF THE DISTRICT COURT'S JUNE 24, 2022 ORDER (DKT. NO. 242)** |

## I. INTRODUCTION

Plaintiffs' administrative motion requesting a "case management conference" (ECF No. 252, the "Motion") seeks to foist on Google an inefficient and ***extraordinarily prejudicial*** process for Plaintiffs to inject discovery from *Calhoun v. Google LLC*, No. 4:20-cv-05146-YGR-SVK into this case without giving Google a meaningful opportunity to analyze and respond to such discovery.

This dispute is not new. This Court already denied Plaintiffs' request for targeted discovery from *Calhoun*, which Plaintiffs never appealed. Ignoring that order, Plaintiffs brought a separate Motion to Allow Limited Use of Discovery from Related Action directly to the District Court, submitting over 700 pages of briefing and evidence in their second bite at the apple. Judge Gonzalez Rogers was likewise unmoved by these voluminous filings and denied Plaintiffs' motion, instead ordering a circumscribed inquiry into "the need for [*Calhoun*] discovery in this action" and whether any individual parts of that discovery "should have been produced in this action." *See* ECF No. 242 at 1-2 (the "Cross-Use Order"). Now, in yet another example of Plaintiffs serially relitigating the same disputes, Plaintiffs' have proposed a one-sided, cumbersome, and unnecessary procedure for addressing cross use that violates the letter and the spirit of the Cross-Use Order.

As Plaintiffs' prior motion practice illustrates, without reasonable and clear limitations, Plaintiffs will try to relitigate settled discovery disputes and designate large swaths of *Calhoun* discovery for cross use without valid justification. Given this track record, it is imperative that this Court impose reasonable limits to ensure that Plaintiffs' efforts to introduce *Calhoun* discovery are equitable and orderly, and to permit the Court to resolve the Parties' disputes in a manageable way. Accordingly, Google proposes that, for any proposed discovery from *Calhoun* that Google denies is relevant, the Parties must have a full and fair opportunity to present their competing views in writing, pursuant to the Court's standard procedures for briefing discovery disputes. The Court may then convene a hearing on Plaintiffs' requests, should it determine one is necessary.

Plaintiffs attempt to abuse the Cross-Use Order by requesting an inefficient and unorthodox process specifically designed to deprive Google of any meaningful opportunity to object to their handpicked *Calhoun* evidence. <u>First</u>, Plaintiffs request a conference in which they will present unspecified expert testimony—long before the Parties have even started expert discovery—in a

purported "science hour," with no notice to Google regarding what Plaintiffs intend to cover. Second, Plaintiffs then request leave to present any discovery materials from *Calhoun* that Ms. Weaver personally believes to be "relevant" and "needed," with essentially no notice to Google.

The Court should reject Plaintiffs' unworkable and transparently unfair approach and should, instead, follow its standard procedures to resolve this issue (again, and once and for all).

## II. Argument

### A. The Court Should Adopt a Procedure for the Advanced Identification of Materials For Cross Use, Followed by the Orderly Presentation of Disputes.

The Court should adopt a procedure to ensure that Google has a fair opportunity to consider and respond to Plaintiffs' requests for cross use of *Calhoun* discovery material and a streamlined procedure for the Court to resolve disputes as to those requests. This will require reasonable limitations on the extent of Plaintiffs' cross-use requests, adequate advanced disclosure of all such requests, and a written presentation of the Parties' disputes to the Court. Google therefore proposes the following procedure:

- Plaintiffs to prioritize no more than 10 items of discrete discovery for potential cross use (*e.g.*, a document, an email thread, a reasonable set of connected excerpts from a single deposition, an interrogatory response, etc.).
- The Parties meet and confer about the relevance of these prioritized items between 7 and 14 days after disclosure to Google.
- The Parties jointly brief any disputes regarding cross use, using the Court's standard process for resolving discovery disputes (a joint letter with 1,500 words per side, with no attachments apart from the disputed discovery items themselves) within 10 days of their final meet and confer, followed by a hearing if the Court so orders.

Rather than permitting Plaintiffs to sandbag Google with tomes of evidence and arguments that will be completely unfamiliar to Google's counsel, such an approach would allow Google to consider Plaintiffs' evidence and the Parties to efficiently join the issues for the Court's resolution.

### B. Plaintiffs' Proposed Procedure is Facially Inequitable and Unworkable.

Plaintiffs' proposed procedure is both manifestly inequitable and also infeasible in practice.

First, Plaintiffs' request for a "science hour" is a proverbial wolf in sheep's clothing that will create an unmanageable burden for the Court and deprive Google of any remotely fair opportunity to respond. Far from a simple case management conference, Plaintiffs envision something closer to a full-blown evidentiary hearing with multiple "presentations," potentially through multiple experts, "to describe the data flow at issue and the disputed technical issues in this case," followed by an attorney argument. Plaintiffs also apparently propose to put on this hearing with **zero notice** to Google regarding what this science hour might cover. Mot. at 1.

Were the Court to permit such a hearing, Plaintiffs would likely present testimony from Dr. Zubair Shafiq, an expert their counsel has also retained in *Calhoun*. In both their recent motion to permit use of *Calhoun* discovery materials in this action and in their supplemental discovery briefing on "creation, source, or storage of Account Holder information," Plaintiffs have tried to rely extensively on Dr. Shafiq's testimony. *See Calhoun*, ECF Nos. 692-3, 724-1*;* ECF No 240-4. But because expert discovery has **not yet begun** in this action, Google has had no opportunity to depose Dr. Shafiq or otherwise learn any information at all regarding his opinions, or those of any of Plaintiffs' experts. Consequently, as Plaintiffs know full well, Google would have no ability to rebut those opinions with its own experts or otherwise. Instead, in Plaintiffs' ideal scenario, Google would be scrambling to muster fact witnesses to counter Dr. Shafiq's testimony in real time—testimony that both Google's witnesses and lawyers would first hear live in Court. To date, Dr. Shafiq's testimony has been rife with errors and misrepresentations about Google's Real-Time Bidding system ("RTB"). *See Calhoun*, ECF No. 712-1 (declaration of Google employee Stanislav Belov regarding Shafiq declaration). But with no advanced written briefing, Plaintiffs could just blindside Google with their experts' "presentation," leaving Google with no path to rebut whatever evidence and arguments Plaintiffs choose to present.

Second, the same issues and gross unfairness to Google would pervade the "closed proceeding" in which Plaintiffs' counsel, Ms. Weaver, could present whatever evidence and argument she chose to this Court. Mot. at 1. Because Plaintiffs do not suggest any limitations on the volume or nature of evidence, Ms. Weaver could include in this proceeding and suggest an unjustifiably short "three (3) business days advance notice to Google" of the *Calhoun* materials the

proceeding would cover, making it impossible for Google to seriously engage with and respond to these discovery items. Ms. Weaver, without any limitations, would be able to argue for the inclusion of any volume of evidence she selects from a massive record of over one million documents, many depositions of witnesses with no relevance here, and other discovery in a separate action that she has been litigating for two years, but of which Google's counsel in this action have virtually no knowledge. Again, Plaintiffs' procedure is indefensibly one-sided and designed to deprive Google of a meaningful opportunity to object to the specific evidence Plaintiffs present.

\* \* \*

Accordingly, Google respectfully requests that the Court order the procedures Google proposes above to resolve whether any limited cross use of discovery from the *Calhoun* action is warranted. Should the Court conclude that a case management conference is needed to further discuss the appropriate procedure for presenting and resolving the Parties' disagreements regarding *Calhoun* cross use, Google is, of course, available to participate in such a conference.

Dated: July 12, 2022                                COOLEY LLP

By: */s/ Jeffrey M. Gutkin*
      Jeffrey M. Gutkin

Attorneys for Defendant
GOOGLE LLC

271771314