July 20, 2022

Magistrate Virginia K. DeMarchi
San Jose Courthouse, Courtroom 2-5th Floor
280 South 1st Street, San Jose, CA 95113

Re:    *In re Google RTB Consumer Privacy Litigation*, No. 21-cv-02155

Dear Magistrate Judge DeMarchi:

Pursuant to the Court's Standing Order, Plaintiffs and Defendant Google LLC ("Google") (collectively, the "Parties") submit this joint letter brief. The present dispute involves Google's request for an order under Federal Rule of Civil Procedure 502(d). The Parties previously filed a brief regarding Rule 502(d), which the Court decided on May 3, 2022 ("Order"). (Dkt. 192.) Following the Order and the conference of counsel, Google respectfully requests that the Court enter a 502(d) order in this action. Plaintiffs respectfully oppose Google's request.

## I. GOOGLE'S POSITION

Google requests that the Court enter an order reflecting the agreed terms of the previously-filed 502(d) stipulation (the "502(d) Stipulation").[1]  The Court can and should order the 502(d) Stipulation to enhance efficiency, conserve judicial resources, and promote the goals of Rule 502.  Plaintiffs do not refute the benefits of such an order or offer any substantive reason they oppose it.  Instead, they inaccurately argue that the Court lacks authority to enter such an order, that Google's motion is procedurally improper, and that Google would not be prejudiced by their eleventh-hour gamesmanship.  Plaintiffs are wrong on all counts.  Google is entitled to an order enforcing the 502(d) Stipulation for the remainder of discovery, or, at an absolute minimum, through the substantial completion of document productions.

### A. The Court Can and Should Enter the 502(d) Stipulation as an Order.

At bottom, Plaintiffs contend that the Court cannot order the 502(d) Stipulation because they did not sign it.  Plaintiffs fundamentally misunderstand the law and ignore the many benefits of 502(d) orders.

As this Court recognized, it can order a 502(d) stipulation, either on its own accord or "on motion of one or more parties."  (Order at 5.) "As the advisory committee note to [Rule 502(d)] explains, it is not necessary for the parties to agree to such an order for the court to enter one." *S2 Automation LLC v. Micron Tech., Inc.*, 2012 WL 3150387, at *3 (D. N.M. Jul. 23, 2012) (citation omitted).  "Under the rule, a confidentiality order is enforceable whether or not it memorializes an agreement among the parties to the litigation."  Fed. R. Evid. 502(d) advisory committee's notes; *Abington Emerson Cap., LLC v. Landash Corp.*, 2019 WL 3521649, at *3 (S.D. Ohio Aug. 2, 2019) (similar).

Ordering the 502(d) Stipulation provides myriad benefits to the Parties and the Court. This Court already acknowledged the significant, inherent value of such an order, which is

---

[1] Google will attach the proposed protective order to a forthcoming administrative motion, as Plaintiffs refused its attachment here.

July 20, 2022
Page 2

"designed to enable a court to enter an order . . . that will allow the parties to conduct and respond to discovery expeditiously, without the need for exhaustive pre-production privilege reviews." (Order at 5 (citation omitted).) 502(d) orders "provide[] a party with a predictable protection from a court order—predictability that is needed to allow the party to plan in advance to limit the prohibitive costs of privilege and work-product review and retention." *See* Fed. R. Evid. 502(d) Explanatory Note. As Rule 502(d)'s advisory committee notes explain, these orders "are becoming increasingly important in limiting the costs of privilege review." *Id.* Plaintiffs' opposition to the Court ordering the 502(d) Stipulation can only make this discovery process less orderly and streamlined.

Strikingly, Plaintiffs identify ***no substantive objection*** to the 502(d) Stipulation being ordered. Their inability to identify a problem with this order is unsurprising, as the terms of the 502(d) Stipulation are common and simply unobjectionable. *S2 Automation*, 2012 WL 3150387, at *3 (entering 502(d) order over party's objection where the proposed order "largely memorializes the basic provisions [in the rules] while adding some uncontroversial details regarding procedures that the parties should follow"). The District's own ***Model ESI Order*** incorporates a default provision addressing Rule 502(d) protections, and the Sedona Conference likewise states that "absent good cause shown by one of the parties, courts should enter Rule 502(d) clawback/non-waiver orders as a matter of course. . . ." Sedona Conf. Comment. on the Effective Use of [] 502(d) Orders ("Sedona Conf. Comment.") at 25.

Ignoring all this, Plaintiffs envision a regime where, if a party invokes Rule 26(5)(B), the Court should undertake a Rule 502(b) analysis. Given the breadth of discovery in this case and the incessant overbreadth of Plaintiffs' discovery demands, such a procedure would needlessly squander court resources. "Rule 502(d) orders also have the potential to reduce motion practice on privilege disputes, thereby conserving judicial resources. This is because the entry of a 502(d) order can allow courts to bypass fact-intensive inquiries regarding a responding party's efforts to satisfy Rule 502(b)'s 'reasonable steps' requirements that frequently accompany such motion practice." Sedona Conf. Comment.at 22–23. "As a default rule, Rule 502(b) risks leading to waiver of privilege, additional costs of motion practice, and increased burdens on courts." *Id.* at 12. Judges favor Rule 502(d) orders because they enable expeditious discovery "without lengthy and expensive motion practice regarding potential waivers of privilege." PLC Litigation, The Most Effective and Underused Protection against Privilege Waivers (2013). This is why the Parties agreed in the 502(d) Stipulation that "Fed. R. Evid. 502(b) shall not apply to any disputes regarding Privileged Documents that are produced in this litigation." (Dkt. 171-1 at 1–2.) Plaintiffs' push to renege and reinstitute that burdensome procedure here is as wasteful as it is unnecessary.

### B. The Parties Agreed to the Core Terms of the 502(d) Stipulation.

Plaintiffs incorrectly contend there was "no meeting of the minds" on any Rule 502(d) stipulation because the Parties litigated a single disputed term. Not so.

The Parties have long agreed to the core terms of a 502(d) stipulation. Plaintiffs prepared the initial draft 502(d) stipulation at the outset of this case, (*see* Dkt. 68 at 12), and the Parties memorialized their intent to agree in the protective order as discovery commenced, (Dkt. 59 at §

11).  Google did not insist that the protective order itself address clawbacks only to accommodate Plaintiffs' proposal to have a separate 502(d) order.

Before the first custodial productions occurred, Google proposed "that the Parties treat the undisputed portions of the 502(d) order as in effect now, while we resolve these final two disputes, and that we raise these final issues with the Court promptly."  Plaintiffs' lead counsel Elizabeth Pritzker confirmed by stating that "Pending resolution the Rule 502(2) (sic) stipulation, we are fine having the undisputed terms of the draft 502(d) agreement apply to any productions being made today."  (Emphasis added.)  While Plaintiffs pretend this mutually-beneficial arrangement was a temporary and contingent "professional courtesy," Plaintiffs uniformly produced their documents "subject to . . . the agreed upon terms of the 502(d) stipulation the parties have been exchanging."  (Plaintiffs' 1/28/22, 2/10/22, 2/25/22, and 3/25/22 Productions (emphasis added).)

On March 29, 2022, the Parties briefed the one remaining dispute regarding the 502(d) Stipulation—whether Plaintiffs could use privileged documents to argue a privilege challenge. (Dkts. 177 at 1, 4; 192 at 2.)  In that motion, the Parties jointly explained that Dkt. 177-1 "reflect[ed] the *agreed terms*" which "appear in black text."  Indeed, the Order stated that "[t]he parties have *stipulated to most of the terms* of the proposed order but disagree on one point" and rejected Plaintiffs' proposal as "inconsistent with the goals of Rule 502(d)."  (Order at 1, 4.) Plaintiffs' frustration at losing this fight does not authorize them to renege.

### C.  This Motion is Procedurally Proper and Necessary.

Plaintiffs' argument that Google should have sought reconsideration of the Order is nonsense.  Google *does not seek reconsideration of anything* the Court held before.  Further, the Parties did not "collectively decline," to enter a 502(d) stipulation; rather, Plaintiffs dodged the issue for weeks.

On June 7, 2022, in anticipation of further document productions, Google contacted Plaintiffs to finalize the stipulation.  Instead of explaining that Plaintiffs were backing out of the agreed terms, Plaintiffs responded on June 8 by stating *inter alia* "I don't see there is anything for the parties to file at this time."  Google's counsel followed up again on June 8, June 17, and June 24.  Plaintiffs finally answered on June 24 and the Parties conferred live on June 30, when Plaintiffs declared that they would not agree to file *any* stipulation.  Google explained that both Parties had made productions in reliance on the 502(d) Stipulation's agreed terms.  Plaintiffs only then agreed to abide by the stipulation through the April 21, 2022 deadline (another agreement they may be trying to retract now), but refused to otherwise honor the agreed terms.

Google had to bring this motion to address Plaintiffs' highly prejudicial about-face. "Courts will not countenance an attorney's attempt to renege on his prior agreement as a means to gain a litigation advantage."  *ProDox, LLC v. Pro. Document Servs., Inc.*, 2022 WL 2255679, at *4–5 (D. Nev. April 24, 2022) (enforcing informal agreement after counsel's revocation). Contrary to Plaintiffs' representations, it would be highly detrimental for Plaintiffs to back out *after* Google has conducted its document review in reliance on Plaintiffs' agreement to the 502(d) Stipulation's agreed terms, including that Rule 502(b) "shall not apply."  Plaintiffs' position is obviously strategic: they have yet to produce a privilege log (Google's log has over

July 20, 2022
Page 4

6,000 entries) and have apparently now determined, after their review and production of mostly junk emails, that their clients had little that was privileged.

The Court should order the 502(d) Stipulation for the remainder of discovery, or at a minimum, through the documents the Parties produced earlier this month, which were reviewed in reliance on Plaintiffs' agreement to the 502(d) Stipulation.

## II. PLAINTIFFS' POSITION

### A. The Motion is Procedurally and Substantively Improper and Wasteful of the Court's Time

Google has already obtained this Court's direction on how Rule 502 applies in this case. In its May 3, 2022 Order ("Order"), after declining to enter the parties' competing proposals for an order under Rule 502(d) and (e), the Court held that absent an agreed stipulation, Rule 502 remains in force without modification:

> If the parties **wish** the Court to enter an order pursuant to Rule 502(d), they **may** submit a proposed stipulation that complies with the directions in this order. ***Otherwise, in the absence of a 502(d) order, the other provisions of Rule 502 will apply***.

Order, Dkt. 192 at 7 (emphasis supplied).

The parties collectively declined at that time to submit a proposed stipulation containing all of the contours of the Court's directions. As the Court previously held, "the other provisions of Rule 502" apply to guide the parties on privilege waiver issues in this case. *Id.*; *see also* Rule 502(b) (providing that if disclosure of privileged materials is inadvertent, the privilege is not waived if the privilege holder took reasonable steps to prevent disclosure and to correct the effort promptly after learning of it).

With its ruling, the Court, with a complete record of the parties' positions, fully resolved the parties' dispute and ended the matter. Google did not timely seek reconsideration of the Order, and has yet to seek leave of Court, let alone make a substantive showing of its entitlement to reconsideration, as required by Civil Local Rules 7-9 and 72-2. These deficiencies alone provide a basis to deny Google's motion.

### B. There Was No "Meeting of the Minds" on a Rule 502(d) Order

In addition to disregarding these deficiencies, Google seeks to erase the history that led to the Court's Order. Ignoring ***the fact*** of the Court's prior determination, Google reaches back to the parties' failed pre-ruling efforts to negotiate a Rule 502(d) order to suggest that somehow the parties' lack of success nonetheless resulted in an agreed-upon Rule 502(d) order which, Google argues, should now be resurrected and applied. Google's convoluted reading of the parties' negotiations has no basis in fact and should not avail.

July 20, 2022
Page 5

The briefing referenced in the  Order relates that Plaintiffs and Google negotiated a proposed Rule 502(d) stipulation for nine months. *See* Dkt. 177 at 4. As with all negotiations, Plaintiffs' proposal contained terms that Plaintiffs deemed material to an agreed stipulation, as did Google's proposal. Google rejected Plaintiffs' proposal (despite having agreed to the same one in *Calhoun*), and Plaintiffs rejected Google's proposal. The parties ultimately briefed their respective positions to the Court: precisely because each party was ***unable*** to agree on the other parties' proposal and material terms.

It is black letter law that for an agreement to exist, "there must be a manifestation of mutual assent to" all of its material terms. *Rachford v. Air Line Pilots Ass'n Intern.*, 375 F. Supp. 2d 908, 937 (2005) (citing Restatement (Second) of Contracts §§ 1, 17(1)); *see also Callie v. Near*, 829 F.2d 888, 891 (9th Cir. 1987) (formation of agreement requires "agreement of all its material terms"). Here, to put it plainly, "the parties failed to achieve a meeting of the minds ***on all material points***, as evidenced by the back-and-forth" on a Rule 502(d) order. *Telecom Asset Mgmt, LLC v. Fiberlight LLC*, 203 F. Supp. 3d 1013, 1020 (N.D. Cal. 2016) (bold emphasis supplied). The failure of the parties to reach a meeting of the minds on all material points prevented the formation of an "agreement" here. *Telecom Asset Mgmt*, at 1019. Lacking any agreement, or a "meeting of the minds on all material terms," there is nothing for this Court to act upon here.

Proving the old adage that "no good deed goes unpunished," Google next urges the Court to infer an agreement from Plaintiffs' counsel's extension of a professional courtesy to Google and its counsel, just as Google's discovery was starting to roll out. That courtesy provided that ***"[p]ending resolution of a 502(d) stipulation*,**" Plaintiffs were "fine having the undisputed terms of the draft agreement apply to production[s] made by Google" on an earlier, specified date *See,* Jan. 28, 2022 E. Pritzker email to J. Gutkin.[2] Once again, established legal principles defeat Google's position. The professional courtesy extended by Plaintiffs' counsel while the parties were still discussing the issue, was expressly grounded by its prefatory purpose and context: "*pending resolution of a 502(d) stipulation.*" As Judge Illston astutely observed in *Telecom Asset Mgmt.*, "[p]reliminary negotiations or agreements for future negotiations are not the functional equivalent of a valid, subsisting agreement." *Telecom Asset Mgmt.*, at 1019 (citing *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 213–14 (Cal. Ct. App. 2006)). This legal principle holds "even though the parties have orally agreed upon some terms or have taken some action related the agreement." *Id.*

Google next asserts that it relied upon Plaintiffs' counsel's extension of this professional courtesy to its detriment. This too, is belied by the record.  Failed negotiations always carry risks. Google was well aware of those risks when it decided to brief the dispute to the Court in March. *See* Dkt. 177.  In a March email, Google's counsel wrote:

> It's fine that you see it differently.  We will bring a motion and the Judge can decide between your proposal and ours.

Mar. 11, 2022 J. Gutkin email to E. Pritzker.

[2] Google bears the burden on this motion, but declines to put the parties' emails before the Court. Referenced emails are attached to Plaintiffs' separately-filed administrative motion should the Court wish to review them.

Google well understood, then, that the parties did not have an agreement on all material terms of a rule 502(d) order – and, indeed, as Google's counsel put it, the parties saw the issue "differently." Google similarly understood that the parties' failure to achieve a meeting of the minds meant that there was no "agreement", and that this failure carried the very real risk that the Court might enter one party's proposal, or the other's – or, and as it turned out, none at all.

Google chose its course with full knowledge of its risks. That Google has now decided, some three months later, that it doesn't like how the Court resolved the issue, or that in hindsight it would have preferred to have the Rule 502(d) proposal Plaintiffs had offered it (and that Google rejected), does not transform the situation into one where Google can reasonably claim it was misled to its detriment as to the potential outcome of its litigation strategy.

Plaintiffs aren't obtaining any tactical advantage. Google mischaracterizes the record, but Plaintiffs' position has always been that the Court decided this issue back in March. *See* Email chain among counsel, March 16 to June 28, 2022. There was no "meeting of the minds" then, the Court ruled, and there is nothing new for the Court to act upon now. Google's motion – its "second bite at the apple" – should be denied, and the Order should stand

### C.     Google Will Suffer No Prejudice if the Court Denies the Motion

The sky isn't falling. Litigants can efficiently engage in complex discovery without a 502(d), (e) order specifying how disputes over privilege waivers are handled– and frequently do.

Until July 11, 2022, Google's had produced roughly 51,000 documents.  Its production on July 12 – one day after the ordered substantial completion deadline (*see* Dkt. 221) - contained only 4,500 more documents.  This is not a large production, especially in light of  the complexity of the RTB schema at issue.[3]

Even if Google's production increases significantly, Section 11 of the Protective Order (Dkt. 59), Federal Rules of Civil Procedure 26(b)(5)(B) and 502, the Court's Civil Local Rules, and the parties' own professional, legal, and ethical obligations provide the necessary framework for litigating privilege waiver disputes. Indeed, the parties have already employed these resources, with ease and to good effect, in this  litigation. On July 12, 2022, for example, Google requested that Plaintiffs return and destroy all copies of one document included in Google's February 25, 2022 production that it claimed had been inadvertently produced with unredacted privileged information. Plaintiffs responded less than 24 hours later that all copies of the document in Plaintiffs' counsel's and its e-discovery vendor's possession "have been permanently deleted and destroyed."

Google will suffer no prejudice if the Court denies its motion.  As shown above, the parties already have the legal tools and resources they need to resolve disputes over privilege waivers as they may arise in this case.

[3] At a June 2022 hearing, the District Court characterized Google's then-production total of 51,000 documents as "nothing". 6/2/2022 R.T. at 12:13-15 ("THE COURT: Well, you have not even produced very much. Fifty thousand documents, that's nothing. So a vast increase over virtually nothing is not that much.")

July 20, 2022
Page 7

### D.    Conclusion

The Court should deny Google's second motion for entry of a Rule 502(d) order.

### III. NECESSITY OF A HEARING

#### A. Google's Position

Google believes that the Court can resolve this dispute without a hearing because the papers thoroughly discuss the issues for the Court's consideration and it has previously issued a ruling related to the 502(d) Stipulation.

#### B. Plaintiffs' Position

Plaintiffs do not believe there is any need for a hearing on this issue.

### IV. DISCOVERY CUT-OFFS

The Parties' deadline to substantially complete their production of documents in advance of class certification passed on July 11, 2022. The fact discovery cut-off is March 24, 2023, and the close of expert discovery is June 30, 2023.

### V.    COMPLIANCE WITH MEET AND CONFER REQUIREMENT

In compliance with the Court's meet and confer requirements, the Parties met and conferred several times via email and Zoom. The final lead counsel meet and confer was held on June 30, 2022, via Zoom. On Plaintiffs' side, Elizabeth C. Pritzker and Bethany Caracuzzo attended. On Google's side, Whitty Somvichian, Aarti Reddy, and Anu Dhillon attended.

July 20, 2022
Page 8

Dated: July 20, 2022                                    COOLEY LLP


                                                       By: */s/ Jeffrey M. Gutkin*_____
                                                           Michael G. Rhodes
                                                           Jeffrey M. Gutkin
                                                           Whitty Somvichian
                                                           Aarti G. Reddy
                                                           Kyle C. Wong
                                                           Kelsey R. Spector
                                                           Anupam S. Dhillon
                                                           3 Embarcadero Center, 20th floor
                                                           San Francisco, CA  94111-4004
                                                           Tel.:  415-693-2000
                                                           Fax:  415-693-2222
                                                           rhodesmg@cooley.com
                                                           jgutkin@cooley.com
                                                           kspector@cooley.com
                                                           adhillon@cooley.com
                                                           cscott@cooley.com

                                                           Robby L.R. Saldaña
                                                           1299 Pennsylvania Avenue NW
                                                           Suite 700
                                                           Washington, DC   20004-2400
                                                           Tel.:  202-776-2109
                                                           Fax:  202-842-7899
                                                           rsaldana@cooley.com

                                                         Attorneys for Defendant
                                                         GOOGLE LLC



Dated: July 20, 2022                                    PRITZKER LEVINE LLP

                                                       By: */s/ Elizabeth C. Pritzker*_
                                                       ELIZABETH C. PRITZKER (SBN 146267)
                                                       1900 Powell Street, Suite 450
                                                       Emeryville, CA 94608
                                                       Tel.: (415) 692-0772
                                                       Fax: (415) 366-6110
                                                       ecp@pritzkerlevine.com

                                                       *Interim Class Counsel*

July 20, 2022
Page 9

Dated: July 20, 2022                              DiCELLO LEVITT GUTZLER LLC

                                                 By: */s/ David A. Straite*
                                                 DAVID A. STRAITE (admitted pro hac vice)
                                                 One Grand Central Place
                                                 60 East 42nd Street, Suite 2400
                                                 New York, NY 10165
                                                 Tel.: (646) 933-1000
                                                 dstraite@dicellolevitt.com

Dated: July 20, 2022                              BLEICHMAR FONTI & AULD LLP

                                                 By: */s/ Anne K. Davis*
                                                 ANNE K. DAVIS (SBN 267909)
                                                 555 12th Street, Suite 1600
                                                 Oakland, CA 94607
                                                 Tel.: (415) 445-4003
                                                 Fax: (415) 445-4020
                                                 adavis@bfalaw.com

Dated: July 20, 2022                              COTCHETT, PITRE & McCARTHY LLP

                                                 By: */s/ Nanci E. Nishimura*
                                                 NANCI E. NISHIMURA (SBN 152621)
                                                 BRIAN DANITZ (SBN 247403)
                                                 840 Malcolm Road, Suite 200
                                                 Burlingame, CA 94010
                                                 Tel.: (650) 697-6000
                                                 Fax: (650) 697-0577
                                                 nnishimura@cpmlegal.com
                                                 bdanitz@cpmlegal.com

                                                 BOTTINI & BOTTINI, INC.

Dated: July 20, 2022                              By: */s/ Francis A. Bottini, Jr.*
                                                 FRANCIS A. BOTTINI, JR. (SBN 175783)
                                                 YURY A. KOLESNIKOV (SBN 271173)
                                                 7817 Ivanhoe Avenue, Suite 102
                                                 La Jolla, CA  92037
                                                 Tel.: (858) 914-2001
                                                 Fax: (858) 914-2002
                                                 fbottini@bottinilaw.com
                                                 ykolesnikov@bottinilaw.com

                                                 *Counsel for Plaintiffs and the Proposed Class*

July 20, 2022
Page 10

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Jeffrey M. Gutkin, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of July, 2022, at San Francisco, California.


*/s/ Jeffrey M. Gutkin*
Jeffrey M. Gutkin