# EXHIBIT 2

| | |
|---|---|
| **From:** | Gutkin, Jeff |
| **To:** | Elizabeth Pritzker |
| **Cc:** | Bethany Caracuzzo; Reddy, Aarti; Anne Davis; Scott, Colin S.; Saldaña, Robby L.R.; Jay Barnes; Lesley Weaver; Wong, Kyle; Julie Law; An Truong; Spector, Kelsey R; Brian Danitz; Caroline Corbitt; David Straite; ejohnson@simmonsfirm.com; Erin Gee; Francis Bottini; James Ulwick; Jonathan Levine; Karin Swope; Nanci Nishimura; Yury A. Kolesnikov |
| **Subject:** | RE: In re Google RTB Consumer Privacy Litigation: Please See Attached Correspondence |
| **Date:** | Friday, March 11, 2022 5:04:41 PM |

The problem is that a 502(d) stipulation is intended to prevent the receiving party from making any use of an inadvertently produced document, including the use you are asking to make. Also, the challenging party would not be "appropriately briefing the challenge," as Judge DeMarchi ruled in *Klein*. To the contrary, to quote Judge DeMarchi, "[Federal Rule of Civil Procedure] 26(b)(5) does not permit the use Plaintiffs contemplate."

It's fine that you see it differently. We will bring a motion and the Judge can decide between your proposal and ours. What time works for you on Monday?

**From:** Elizabeth Pritzker <ecp@pritzkerlevine.com>
**Sent:** Friday, March 11, 2022 4:21 PM
**To:** Gutkin, Jeff <jgutkin@cooley.com>
**Cc:** Bethany Caracuzzo <bc@pritzkerlevine.com>; Reddy, Aarti <areddy@cooley.com>; Anne Davis <adavis@bfalaw.com>; Scott, Colin S. <cscott@cooley.com>; Saldaña, Robby L.R. <rsaldana@cooley.com>; Jay Barnes <jaybarnes@simmonsfirm.com>; Lesley Weaver <lweaver@bfalaw.com>; Wong, Kyle <kwong@cooley.com>; Julie Law <jlaw@bfalaw.com>; An Truong <atruong@simmonsfirm.com>; Spector, Kelsey R <kspector@cooley.com>; Brian Danitz <BDanitz@cpmlegal.com>; Caroline Corbitt <ccc@pritzkerlevine.com>; David Straite <dstraite@dicellolevitt.com>; ejohnson@simmonsfirm.com; Erin Gee <egee@simmonsfirm.com>; Francis Bottini <fbottini@bottinilaw.com>; James Ulwick <julwick@dicellolevitt.com>; Jonathan Levine <jkl@pritzkerlevine.com>; Karin Swope <kswope@cpmlegal.com>; Nanci Nishimura <NNishimura@cpmlegal.com>; Yury A. Kolesnikov <ykolesnikov@bottinilaw.com>
**Subject:** Re: In re Google RTB Consumer Privacy Litigation: Please See Attached Correspondence

[External]

Jeff -

It's not circular. I'm really just trying to figure out what Google thinks is the problem with the stipulation as is now proposed. You haven't ever explained that: can you do so now? Is it simply that you want to formally disarm the challenging party from appropriately briefing the challenge?

Elizabeth

Elizabeth C. Pritzker
Sent from my iPhone
Please excuse typos!

On Mar 11, 2022, at 4:05 PM, Gutkin, Jeff <jgutkin@cooley.com> wrote:

Elizabeth – I think we're going around in circles now.  We will not agree to your provision.  What you are seeking is the same right that the plaintiffs in *Klein* sought ("Plaintiffs propose to use the Protected Document to challenge a privilege claim") and that Judge DeMarchi rejected in her order.  You should not be using the clawed back material to dispute the claw back (or for any reason), because that runs directly counter to the purpose of a 502(d) stipulation.

We are happy to brief this, so it seems we should agree to disagree and ask the judge to resolve this for us.  Unless I've changed your mind, can we please talk on Monday afternoon to set the briefing schedule and get this before Judge DeMarchi?  Let us know.

**From:** Elizabeth Pritzker <ecp@pritzkerlevine.com>
**Sent:** Friday, March 11, 2022 3:17 PM
**To:** Gutkin, Jeff <jgutkin@cooley.com>
**Cc:** Bethany Caracuzzo <bc@pritzkerlevine.com>; Reddy, Aarti <areddy@cooley.com>; Anne Davis <adavis@bfalaw.com>; Scott, Colin S. <cscott@cooley.com>; Saldaña, Robby L.R. <rsaldana@cooley.com>; Jay Barnes <jaybarnes@simmonsfirm.com>; Lesley Weaver <lweaver@bfalaw.com>; Wong, Kyle <kwong@cooley.com>; Julie Law <jlaw@bfalaw.com>; An Truong <atruong@simmonsfirm.com>; Spector, Kelsey R <kspector@cooley.com>; Brian Danitz <BDanitz@cpmlegal.com>; Caroline Corbitt <ccc@pritzkerlevine.com>; David Straite <dstraite@dicellolevitt.com>; ejohnson@simmonsfirm.com; Erin Gee <egee@simmonsfirm.com>; Francis Bottini <fbottini@bottinilaw.com>; James Ulwick <Julwick@dicellolevitt.com>; Jonathan Levine <jkl@pritzkerlevine.com>; Karin Swope <KSwope@cpmlegal.com>; Nanci Nishimura <NNishimura@cpmlegal.com>; Yury A. Kolesnikov <ykolesnikov@bottinilaw.com>
**Subject:** RE: In re Google RTB Consumer Privacy Litigation: Please See Attached Correspondence

[External]

Jeff –

I've copied the paragraph in dispute below:

> *Each party may use the content of the Document(s) at issue solely in briefing or argument submitted in connection with any challenge to a Clawback Notice, in which case the receiving*

> *party agrees not to argue that such use constitutes waiver of the claimed privilege or work product protection. The Document(s) listed in the Clawback Notice shall not otherwise be used or disclosed by the receiving party during the time in which the parties are meeting and conferring about the privileged nature of the Document(s) or during the time in which the challenge is before the Court for determination, unless otherwise agreed in writing by the parties or ordered by the Court. The producing party shall bear the burden of establishing the privileged or protected nature of the Document(s).*

The paragraph provides for *in camera* submission of the item in dispute, while also affording the parties full opportunity to discuss whether the item qualifies for privilege or work product protection in briefing focused solely on that issue.  Otherwise, the claimed item in dispute cannot be used or disclosed for any purpose.  To me, this gives your client all the protection it needs while providing the Court with argument necessary for it to make its determination in the very limited circumstance this issue would ever arise.

What is Google's concern, precisely, with this process which, as noted, ensures that the challenged material is sequestered, protected, and not otherwise used or disclosed (publicly or in any court filing) in the presumably rare event that a claw back and its legal basis are challenged by plaintiffs as improper?

Giving me insight on that question will greatly aid our efforts to resolve this issue.

Thank you,

Elizabeth

Elizabeth C. Pritzker
PRITZKER LEVINE LLP
Direct:   415-805-8532
Mobile: 510-290-3722

---

**From:** Gutkin, Jeff <jgutkin@cooley.com>
**Sent:** Friday, March 11, 2022 1:26 PM
**To:** Elizabeth Pritzker <ecp@pritzkerlevine.com>
**Cc:** Bethany Caracuzzo <bc@pritzkerlevine.com>; Reddy, Aarti <areddy@cooley.com>; Anne Davis <adavis@bfalaw.com>; Scott, Colin S. <cscott@cooley.com>; Saldaña, Robby L.R. <rsaldana@cooley.com>; Jay Barnes <jaybarnes@simmonsfirm.com>; Lesley Weaver <lweaver@bfalaw.com>; Wong, Kyle <kwong@cooley.com>; Julie Law <jlaw@bfalaw.com>; An Truong <atruong@simmonsfirm.com>; Spector, Kelsey R <kspector@cooley.com>; Brian Danitz <BDanitz@cpmlegal.com>; Caroline Corbitt <ccc@pritzkerlevine.com>; David Straite <dstraite@dicellolevitt.com>; ejohnson@simmonsfirm.com; Erin Gee <egee@simmonsfirm.com>; Francis Bottini <fbottini@bottinilaw.com>; James Ulwick <Julwick@dicellolevitt.com>; Jonathan Levine <jkl@pritzkerlevine.com>; Karin Swope <KSwope@cpmlegal.com>; Nanci Nishimura <NNishimura@cpmlegal.com>; Yury A. Kolesnikov <ykolesnikov@bottinilaw.com>
**Subject:** RE: In re Google RTB Consumer Privacy Litigation: Please See Attached Correspondence

Elizabeth,

We do not understand your position.

Plaintiffs proposed the following language in the 502(d) order: "Each party **may use the content of the Document(s)** at issue solely **in briefing or argument** submitted in connection with any challenge to a Clawback Notice."  (§3.B.ii.)  *Klein* explicitly held that "[t]he receiving party must not use or disclose the Protected Document or any work product referring to its contents until the disputed privilege claim is resolved." *Klein v. Facebook, Inc.*, No. 20-cv-08570-LHK (VKD), 2021 U.S. Dist. LEXIS 105516, at *19 (N.D. Cal. June 3, 2021).  This language was reflected in the approved stipulation in *Klein* as well.  Likewise, *Klein* requires the parties to return or destroy the clawed back document(s) and destroy or sequester any work product until the dispute is resolved.  Given this, Plaintiffs' proposal to "use the content" of privileged documents "in briefing or argument" about the clawback is clearly prohibited under *Klein*.

Additionally, agreed language in the current 502(d) order already addresses *in camera* review.  (§3.B.ii (". . . the parties shall submit a joint discovery letter to the Court, submitting the issue for a determination and/or for *in camera* review.").)  Given that, I don't think we need to change anything related to the discussion of *in camera* review.

Please let us know if Plaintiffs will agree to Google's proposed 502(d) order.  If not, we should just confer about briefing this dispute, so we can have Judge DeMarchi resolve it.

Thanks.

**From:** Elizabeth Pritzker <ecp@pritzkerlevine.com>
**Sent:** Wednesday, March 9, 2022 7:29 PM
**To:** Gutkin, Jeff <jgutkin@cooley.com>
**Cc:** Bethany Caracuzzo <bc@pritzkerlevine.com>; Reddy, Aarti <areddy@cooley.com>; Anne Davis <adavis@bfalaw.com>; Scott, Colin S. <cscott@cooley.com>; Saldaña, Robby L.R. <rsaldana@cooley.com>; Jay Barnes <jaybarnes@simmonsfirm.com>; Lesley Weaver <lweaver@bfalaw.com>; Wong, Kyle <kwong@cooley.com>; Julie Law <jlaw@bfalaw.com>; An Truong <atruong@simmonsfirm.com>; Spector, Kelsey R <kspector@cooley.com>; Brian Danitz <BDanitz@cpmlegal.com>; Caroline Corbitt <ccc@pritzkerlevine.com>; David Straite <dstraite@dicellolevitt.com>; ejohnson@simmonsfirm.com; Erin Gee <egee@simmonsfirm.com>; Francis Bottini <fbottini@bottinilaw.com>; James Ulwick <Julwick@dicellolevitt.com>; Jonathan Levine <jkl@pritzkerlevine.com>; Karin Swope <KSwope@cpmlegal.com>; Nanci Nishimura <NNishimura@cpmlegal.com>; Yury A. Kolesnikov <ykolesnikov@bottinilaw.com>
**Subject:** RE: In re Google RTB Consumer Privacy Litigation: Please See Attached Correspondence

[External]

Jeff –

I read *Klein* differently.  The clawback procedure **approved** in *Klein* is equivalent to what we are proposing here (and in my email of Feb. 22, below):

"In the context of this action, the Court concludes that the following approach will provide the best mechanism for managing the treatment of Protected Documents subject to a clawback notice: (a) The clawback notice must be as specific as possible in identifying the basis for the privilege claimed, and must include at least the information required by Rule 26(b)(5)(A)(ii); (b) A party receiving a clawback notice must return or destroy the Protected Document; (c) A party receiving a clawback notice may sequester any notes or other work product that refers to or excerpts the contents of the Protected Document; (d) In the event of a challenge to a claim of privilege or a dispute about the claim, the producing party will submit the Protected Document for *in camera* review by the Court if any party requests its submission, or at the Court's request.…" *Klein v. Facebook, Inc.*, No. 20-cv-08570-LHK (VKD), 2021 U.S. Dist. LEXIS 105516, *18-19 (N.D. Cal. June 3, 2021).

If we need to add the words "in camera" to the proposed stipulation to satisfy your

client's concerns, as was done in *Klein*, we can do that. Otherwise, I frankly don't understand why you are pushing for something other than what is pretty much always done in the usual clawback/challenge situation.

Best regards,

Elizabeth

Elizabeth C. Pritzker
**PRITZKER LEVINE LLP**
(415) 805-8532 - Direct
(510) 290-3722 - Mobile
ecp@pritzkerlevine.com

---

**From:** Gutkin, Jeff <jgutkin@cooley.com>
**Sent:** Wednesday, March 9, 2022 5:11 PM
**To:** Elizabeth Pritzker <ecp@pritzkerlevine.com>
**Cc:** Bethany Caracuzzo <bc@pritzkerlevine.com>; Reddy, Aarti <areddy@cooley.com>; Anne Davis <adavis@bfalaw.com>; Scott, Colin S. <cscott@cooley.com>; Saldaña, Robby L.R. <rsaldana@cooley.com>; Jay Barnes <jaybarnes@simmonsfirm.com>; Lesley Weaver <lweaver@bfalaw.com>; Wong, Kyle <kwong@cooley.com>; Julie Law <jlaw@bfalaw.com>; An Truong <atruong@simmonsfirm.com>; Spector, Kelsey R <kspector@cooley.com>; Brian Danitz <BDanitz@cpmlegal.com>; Caroline Corbitt <ccc@pritzkerlevine.com>; David Straite <dstraite@dicellolevitt.com>; ejohnson@simmonsfirm.com; Erin Gee <egee@simmonsfirm.com>; Francis Bottini <fbottini@bottinilaw.com>; James Ulwick <Julwick@dicellolevitt.com>; Jonathan Levine <jkl@pritzkerlevine.com>; Karin Swope <KSwope@cpmlegal.com>; Nanci Nishimura <NNishimura@cpmlegal.com>; Yury A. Kolesnikov <ykolesnikov@bottinilaw.com>
**Subject:** RE: In re Google RTB Consumer Privacy Litigation: Please See Attached Correspondence

Hi Elizabeth,

I'm following up on the parties' negotiations regarding the 502(d) order. We've done some research and, before we move to motion practice, we request again that Plaintiffs reconsider their position that the order should permit the use of inadvertently produced privileged material in briefing or argument on the privilege determination.

Attached is a recent order from Judge DeMarchi in which she rejected a request for a provision substantively identical to the one Plaintiffs are pushing for here. ). In that case, Judge DeMarchi explained that "Plaintiffs propose to use the Protected Document to challenge a privilege claim, whereas [Federal Rule of Civil Procedure] 26(b)(5) does not permit the use Plaintiffs contemplate." Judge DeMarchi rejected plaintiffs' proposal and held that the "best mechanism" for the parties is that "[t]he

receiving party must not use or disclose the Protected Document or any work product referring to its contents until the disputed privilege claim is resolved."

Given that Judge DeMarchi has recently issued a ruling on our very dispute, we do not think we should burden the court with another letter brief. We ask again for Plaintiffs to agree to Google's proposal so we can just get the 502(d) order entered. However, if Plaintiffs refuse, we're certainly willing to brief this one now and should just confer to figure out the schedule for that brief.

If you can, please let us know if you will agree by the end of this week (Friday, 3/11) and, if you can't agree, maybe we could talk briefly on Friday to set a briefing schedule.

Thanks.

---

**From:** Elizabeth Pritzker <ecp@pritzkerlevine.com>
**Sent:** Tuesday, February 22, 2022 3:19 PM
**To:** Gutkin, Jeff <jgutkin@cooley.com>
**Cc:** Bethany Caracuzzo <bc@pritzkerlevine.com>; Reddy, Aarti <areddy@cooley.com>; Anne Davis <adavis@bfalaw.com>; Scott, Colin S. <cscott@cooley.com>; Saldaña, Robby L.R. <rsaldana@cooley.com>; Jay Barnes <jaybarnes@simmonsfirm.com>; Lesley Weaver <lweaver@bfalaw.com>; Wong, Kyle <kwong@cooley.com>; Julie Law <jlaw@bfalaw.com>; An Truong <atruong@simmonsfirm.com>; Spector, Kelsey R <kspector@cooley.com>; Brian Danitz <BDanitz@cpmlegal.com>; Caroline Corbitt <ccc@pritzkerlevine.com>; David Straite <dstraite@dicellolevitt.com>; ejohnson@simmonsfirm.com; Erin Gee <egee@simmonsfirm.com>; Francis Bottini <fbottini@bottinilaw.com>; James Ulwick <Julwick@dicellolevitt.com>; Jonathan Levine <jkl@pritzkerlevine.com>; Karin Swope <KSwope@cpmlegal.com>; Nanci Nishimura <NNishimura@cpmlegal.com>; Yury A. Kolesnikov <ykolesnikov@bottinilaw.com>
**Subject:** RE: In re Google RTB Consumer Privacy Litigation: Please See Attached Correspondence

**[External]**

Jeff –

This 502(d) stipulation and order has been languishing so long, it has a well out-of-date case caption on it. I appreciate your efforts last week to bring this to the forefront again. Attached are plaintiffs' proposed revisions. Generally speaking:

1. We will agree to remove the second paragraph of Section 2.
2. We do not agree to remove the edits to Section 3. Typically, claw back disputes involve in camera review by the court, and that is what this provision is intended to do – to the extent claw backs are challenged. We think it's routine, and Google already has the protection for sealing specified in the protective order

for motion practice related to redacted or withheld documents.

Our latest redline is attached. We haven't fixed the caption or signature pages, which need updating obviously.

Happy to discuss at your convenience,

Elizabeth

Elizabeth C. Pritzker
**PRITZKER LEVINE LLP**
(415) 805-8532 - Direct
(510) 290-3722 - Mobile
ecp@pritzkerlevine.com

---

**From:** Gutkin, Jeff <jgutkin@cooley.com>
**Sent:** Tuesday, February 22, 2022 1:45 PM
**To:** Elizabeth Pritzker <ecp@pritzkerlevine.com>
**Cc:** Bethany Caracuzzo <bc@pritzkerlevine.com>; Reddy, Aarti <areddy@cooley.com>; Anne Davis <adavis@bfalaw.com>; Scott, Colin S. <cscott@cooley.com>; Saldaña, Robby L.R. <rsaldana@cooley.com>; Jay Barnes <jaybarnes@simmonsfirm.com>; Lesley Weaver <lweaver@bfalaw.com>; Wong, Kyle <kwong@cooley.com>; Julie Law <jlaw@bfalaw.com>; An Truong <atruong@simmonsfirm.com>; Spector, Kelsey R <kspector@cooley.com>; Brian Danitz <BDanitz@cpmlegal.com>; Caroline Corbitt <ccc@pritzkerlevine.com>; David Straite <dstraite@dicellolevitt.com>; ejohnson@simmonsfirm.com; Erin Gee <egee@simmonsfirm.com>; Francis Bottini <fbottini@bottinilaw.com>; James Ulwick <Julwick@dicellolevitt.com>; Jonathan Levine <jkl@pritzkerlevine.com>; Karin Swope <KSwope@cpmlegal.com>; Nanci Nishimura <NNishimura@cpmlegal.com>; Yury A. Kolesnikov <ykolesnikov@bottinilaw.com>
**Subject:** RE: In re Google RTB Consumer Privacy Litigation: Please See Attached Correspondence

Elizabeth and all – I don't think I saw a response on this open issue. Can you please get back to us on the email below?

Thank you.

---

**From:** Gutkin, Jeff <jgutkin@cooley.com>
**Sent:** Thursday, February 17, 2022 11:25 AM
**To:** Elizabeth Pritzker <ecp@pritzkerlevine.com>
**Cc:** Bethany Caracuzzo <bc@pritzkerlevine.com>; Reddy, Aarti <areddy@cooley.com>; Anne Davis <adavis@bfalaw.com>; Scott, Colin S. <cscott@cooley.com>; Saldaña, Robby L.R. <rsaldana@cooley.com>; Jay Barnes <jaybarnes@simmonsfirm.com>;

Lesley Weaver <lweaver@bfalaw.com>; Wong, Kyle <kwong@cooley.com>; Julie Law <jlaw@bfalaw.com>; An Truong <atruong@simmonsfirm.com>; Spector, Kelsey R <kspector@cooley.com>; Brian Danitz <BDanitz@cpmlegal.com>; Caroline Corbitt <ccc@pritzkerlevine.com>; David Straite <dstraite@dicellolevitt.com>; ejohnson@simmonsfirm.com; Erin Gee <egee@simmonsfirm.com>; Francis Bottini <fbottini@bottinilaw.com>; James Ulwick <Julwick@dicellolevitt.com>; Jonathan Levine <jkl@pritzkerlevine.com>; Karin Swope <KSwope@cpmlegal.com>; Nanci Nishimura <NNishimura@cpmlegal.com>; Yury A. Kolesnikov <ykolesnikov@bottinilaw.com>

**Subject:** RE: In re Google RTB Consumer Privacy Litigation: Please See Attached Correspondence

Elizabeth and team –

As we have another custodial production date coming up next Friday, 2/25, we need to revisit our unfinished 502(d) stipulation. In addition to continuing with our agreement to treat productions as subject to the undisputed terms of the prior exchanged draft, as we agreed below, we also need to determine now if we can reach agreement or if we just have to get this before Judge DeMarchi to resolve.

Per the attached version of our draft agreement and my last email on this, there are two substantive disputed issues:

- Last paragraph of Section 2: whether some threshold of inadvertently produced privileged documents triggers 502(b). Plaintiffs want that; Google will not agree.

- Edits to Sections 3(B)(i (last sentence) and ii (Plaintiffs' addition): whether documents clawed back for privilege can be used to resolve disputes over whether the claw back was proper. Plaintiffs want that; Google will not agree.

Assuming Plaintiffs will not change their position, we would like to schedule a lead counsel meet and confer for next week to move forward with the briefing process. Can you please let us know your availability for that next Thursday?
Thank you.

**From:** Elizabeth Pritzker <ecp@pritzkerlevine.com>
**Sent:** Friday, January 28, 2022 4:37 PM
**To:** Gutkin, Jeff <jgutkin@cooley.com>
**Cc:** Bethany Caracuzzo <bc@pritzkerlevine.com>; Reddy, Aarti <areddy@cooley.com>; Anne Davis <adavis@bfalaw.com>; Scott, Colin S. <cscott@cooley.com>; Saldaña, Robby L.R. <rsaldana@cooley.com>; Jay Barnes <jaybarnes@simmonsfirm.com>; Lesley Weaver <lweaver@bfalaw.com>; Wong, Kyle <kwong@cooley.com>; Julie Law <jlaw@bfalaw.com>; An Truong <atruong@simmonsfirm.com>; Spector, Kelsey R <kspector@cooley.com>; Brian Danitz <BDanitz@cpmlegal.com>; Caroline Corbitt <ccc@pritzkerlevine.com>; David Straite <dstraite@dicellolevitt.com>; ejohnson@simmonsfirm.com; Erin Gee <egee@simmonsfirm.com>; Francis Bottini

<fbottini@bottinilaw.com>; James Ulwick <Julwick@dicellolevitt.com>; Jonathan Levine <jkl@pritzkerlevine.com>; Karin Swope <KSwope@cpmlegal.com>; Nanci Nishimura <NNishimura@cpmlegal.com>; Yury A. Kolesnikov <ykolesnikov@bottinilaw.com>
**Subject:** RE: In re Google RTB Consumer Privacy Litigation: Please See Attached Correspondence

**[External]**

Hi Jeff,

Thanks for bringing the Rule 502(d) issue back to the forefront. To be honest, I've lost track of the negotiations on this since we last sent it over to you, back in July 2021. I can't tell from what you transmitted whose redlines and interlineations are whose. Which provisions are still at issue?

Pending resolution the Rule 502(2) stipulation, we are fine having the undisputed terms of the draft 502(d) agreement apply to any productions being made today.

Also, we're fine to exchange the position statements in the draft discovery briefing at 7 pm, as you suggested in your earlier email today.

Elizabeth

Elizabeth C. Pritzker
PRITZKER LEVINE LLP
Direct:  (415) 805-8532
Mobile: (510) 290-3722

---

**From:** Gutkin, Jeff <jgutkin@cooley.com>
**Sent:** Friday, January 28, 2022 3:17 PM
**To:** Elizabeth Pritzker <ecp@pritzkerlevine.com>
**Cc:** Bethany Caracuzzo <bc@pritzkerlevine.com>; Reddy, Aarti <areddy@cooley.com>; Anne Davis <adavis@bfalaw.com>; Scott, Colin S. <cscott@cooley.com>; Saldaña, Robby L.R. <rsaldana@cooley.com>; Jay Barnes <jaybarnes@simmonsfirm.com>; Lesley Weaver <lweaver@bfalaw.com>; Wong, Kyle <kwong@cooley.com>; Julie Law <jlaw@bfalaw.com>; Amy Keller <akeller@dicellolevitt.com>; An Truong <atruong@simmonsfirm.com>; Spector, Kelsey R <kspector@cooley.com>; Brian Danitz <BDanitz@cpmlegal.com>; Caroline Corbitt <ccc@pritzkerlevine.com>; David Straite <dstraite@dicellolevitt.com>; ejohnson@simmonsfirm.com; Erin Gee <egee@simmonsfirm.com>; Francis Bottini <fbottini@bottinilaw.com>; James Ulwick <Julwick@dicellolevitt.com>; Jonathan Levine <jkl@pritzkerlevine.com>; Karin Swope <KSwope@cpmlegal.com>; Nanci Nishimura <NNishimura@cpmlegal.com>; Noorjahan Rahman <NRahman@cpmlegal.com>; Yury A. Kolesnikov <ykolesnikov@bottinilaw.com>