COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
ANUPAM S. DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA
(DC No. 1034981)
(rsaldana@cooley.com)
(*pro hac vice*)
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 776 2109
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 5:21-cv-02155-YGR (VKD)<br><br>**GOOGLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (ECF NO. 250)** |

## I.   INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3), Google LLC ("Google") respectfully submits this Response to Plaintiffs' Administrative Motion ("Google's Response") to Consider Whether Another Party's Materials Should Be Sealed (ECF No. 250) filed in connection with Plaintiffs' Administrative Motion for Leave to File Supplementary Material (Sur-Reply) (ECF No. 251, with ECF Nos. 251-3 to -14, collectively

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 5:21-CV-02155-YGR (VKD)

constituting "Plaintiffs' Motion for Leave to File Reply" or "Motion for Leave"), should be kept under seal.

Each of the exhibits to Plaintiffs' Motion for Leave reflects confidential information regarding internal project code names and highly sensitive data systems that Google keeps confidential in the ordinary course of its business. As set forth below and in the accompanying Declaration of Aarti Reddy ("Reddy Decl."), Google confirms the confidentiality of these documents. Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below:

| Document | Text to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| Motion for Leave to File Reply, Ex. 1, ECF No. 251-3 | Highlighted Portions at pages 4-13 | Google |
| Motion for Leave to File Reply Exs. 2-5, ECF Nos. 251-4 through 251-7 | Entirety | Google |
| Motion for Leave to File Reply Ex. 6, ECF No. 251-8 | Entirety | Google |
| Motion for Leave to File Reply Ex. 7, ECF No. 251-9 | Entirety | Google |
| Motion for Leave to File Reply Ex. 8, ECF No. 251-10 | Entirety | Google |
| Motion for Leave to File Reply Ex. 9, ECF No. 251-11 | Entirety | Google |
| Motion for Leave to File Reply Ex. 10, ECF No. 251-12 | Entirety | Google |
| Motion for Leave to File Reply Ex. 11, ECF No. 251-13 | Entirety | Google |
| Motion for Leave to File Reply Ex. 12, ECF No. 251-14 | Entirety | Google |

## II.   LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (i.e., is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 5:21-CV-02155-YGR (VKD)

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case[.]" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).  The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824-BLF, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

Briefing for a discovery motion is non-dispositive, and thus the good cause standard applies here. *See, e.g.*, *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-cv-02306-EDL, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("Because the sealing requests were made in conjunction with a nondispositive discovery motion, a showing under the good cause standard will suffice."); *Calhoun v. Google*, No. 20-cv-05146, ECF No. 327, at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."). Notably, "[r]ecords attached to nondispositive motions are not subject to the strong presumption of access." *TVIIM, LLC v. McAfee*, Inc., No. 13-cv-04545-HSG, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) (citation omitted).

### III. GOOD CAUSE WARRANTS SEALING PORTIONS OF EXHIBIT 1 AND THE ENTIRETY OF EXHIBITS 2-12.

Google asks this Court to seal portions of Exhibit 1 to Plaintiffs' Motion for Leave to File Reply, and the entirety of Exhibits 2-12, each of which contains Google's confidential, proprietary information that has been designated as either "confidential" or "Highly Confidential – Attorneys' Eyes Only" by Google in discovery in the related case *Calhoun v. Google*, No. 21-cv-05146, pursuant to the parties' Protective Order in that matter.  Under the good cause standard, Google's sealing request is warranted.

As an initial matter, the proposed redactions for Exhibit 1 are narrowly tailored to redact

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 5:21-CV-02155-YGR (VKD)

1  only the specific portions of Exhibit 1 that reflect Google's highly-confidential or confidential information, and therefore do not "unduly limit[] public access." *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST-NC, 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

Further, all of the exhibits reflect Google's highly sensitive information.

First, most of the exhibits that Google seeks to seal refer to confidential project code names and technical details regarding these sensitive projects that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors. (Reddy Decl. ¶ 5.) Public disclosure of this information presents a serious risk of irreparable harm to Google, including cyber security risk. (*Id.* ¶¶ 6, 10.) For example, an individual interested in improperly accessing Google's systems could target particular proprietary documents and information for improper uses based on Google's confidential internal names for their systems as well as associated technical details. (*Id.* ¶ 6.)

Additionally, this information, if made public, would allow individuals who, through legitimate or nefarious means, gain access to other documents or information that reference the same code names or internal systems, to deduce details about the projects to which the code names refer that they otherwise would not have understood were related. (*Id.* ¶ 7.) For example, if individuals know a code name for one of these projects, and then see that same name in an entirely different context, they will be uniquely positioned to piece together previously unconnectable facts about the system, gaining improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. (*Id.*)

Notably, this Court has already sealed **the same code names** that Google seeks to seal through the instant motion. *See, e.g., In re Google RTB Consumer Privacy Litig.*, No. 21-cv-02155, ECF No. 186 (N.D. Cal. April 29, 2022) (applying the good cause standard and sealing information about the same internal systems as are at issue here). This Court's prior order was consistent with rulings by other courts in this District that have similarly sealed references to internal project names and data systems. *See, e.g., Rodriguez v. Google LLC*, No. 20-cv-04688-RS, ECF No. 223 (N.D. Cal. Feb. 10, 2022) (noting that "Google's internal project names may be sealed"); *Uniloc United*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 5:21-CV-02155-YGR (VKD)

1  *States of Am., Inc. v. Apple Inc.*, No. 18-cv-00362-PJH, 2018 WL 2392561, at *7 (N.D. Cal. May 25, 2018) (sealing "specific references to portions of Apple's source code, including names of particular source code variables, functions, and files."); *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846-LHK-PSG, 2012 WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012) (sealing "Apple's internal code names" for its projects).

Second, most of the exhibits that Google seeks to seal also contain technical details and identifiers related to highly sensitive data logs and data systems that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors. (Reddy Decl. ¶ 8.) Specifically, this information includes details related to Google's internal projects and their proprietary functionalities, data signals, logs, metrics, and reports. (*Id.*) Such confidential and proprietary information may reveal Google's internal strategies, system designs, and business practices for operating and maintaining many of its important proprietary services. (*Id.* ¶ 9.) Public disclosure of this information presents serious risk of irreparable harm to Google, including cyber security risk, as third parties may seek to use this information to compromise Google's data sources, including data logs, internal data structures, and internal identifier systems. (*Id.* ¶ 10.)

Public disclosure of this information also poses the risk of irreparable harm to Google's competitive standing, which it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary systems, strategies, and designs to Google's competitors. (*Id.* ¶ 4.)

For these reasons, courts in this District also routinely seal references to data logs and data systems. *See, e.g.*, *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, ECF No. 192, at 3–9 (N.D. Cal. May 3, 2017) (granting motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *In re Google Inc. Gmail Litig.*, No. 13-md-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems). And, in fact, this Court has already previously sealed similar references to internal data logs. *In re Google RTB Consumer Privacy Litig.*, No. 21-

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 5:21-CV-02155-YGR (VKD)

cv-02155-YGR, ECF 186 (N.D. Cal. Apr. 29, 2022) (sealing reference to data sources).

Likewise, courts seal information where—as here—the designating party would be placed at an increased risk of cyber security threats if the information were publicly disclosed. *See, e.g.*, *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (sealing "material concern[ing] how users' interactions with the Gmail system affects how messages are transmitted" because if made public, it "could lead to a breach in the security of the Gmail system").

### IV. CONCLUSION

For the foregoing reasons, Google respectfully requests the Court seal the aforementioned portions of Ex. 1 to Plaintiffs' Motion for Leave, ECF No. 251-3, and the entirety of Exhibits 2-12 to the Motion for Leave, ECF Nos. 251-4 to -14, the public disclosure of which would cause significant competitive harm to Google.

Dated: July 22, 2022

COOLEY LLP
MICHAEL G. RHODES
WHITTY SOMVICHIAN
JEFFREY M. GUTKIN
AARTI REDDY
KYLE C. WONG
ROBBY L.R. SALDAÑA
KELSEY R. SPECTOR
ANUPAM S. DHILLON

By: */s/ Aarti Reddy*
Aarti Reddy

Attorneys for Defendant
GOOGLE LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 5:21-CV-02155-YGR (VKD)