COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
ANUPAM S. DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA
(DC No. 1034981)
(rsaldana@cooley.com)
(*pro hac vice*)
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 776 2109
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions*, | Master File No. 5:21-cv-02155-YGR (VKD)<br><br>**DECLARATION OF AARTI REDDY IN SUPPORT OF GOOGLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (ECF NO. 250)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REDDY DECL ISO GOOGLE'S RESPONSE TO
PLAINTIFFS' ADMINISTRATIVE MOTION
CASE NO. 5:21-CV-02155-YGR (VKD)

I, Aarti Reddy, declare as follows:

1. I am a partner at the law firm of Cooley LLP and attorney of record for Google in *In re Google RTB Consumer Privacy Litigation*, Case No. 5:21-cv-02155 ("*In re RTB*"). I am licensed to practice law in the state of California and am admitted to practice before this Court. I submit this declaration in support of Google's response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed. ECF No. 250. I have personal knowledge of the facts herein and I am competent to testify.

2. I am making this declaration pursuant to Local Rule 79-5(e)-(f) as an attorney for Google as the Designating Party.

3. On July 8, 2022, Plaintiffs filed their Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 250), in connection with Plaintiffs' Administrative Motion for Leave to File Supplementary Material (Sur-Reply) (ECF No. 251, with ECF Nos. 251-3 to -14, collectively constituting "Plaintiffs' Motion for Leave to File Reply" or "Motion for Leave"). On that same day, I received an unredacted service copy of Plaintiffs' Motion for Leave.

4. I have reviewed the documents that Plaintiffs seek to file under seal pursuant to Local Rule 79-5. Based on my review and in consultation with my client, I understand that there is good cause to seal the following information:

| Document | Text to be Sealed | Basis for Sealing |
|---|---|---|
| Ex. 1, ECF No. 251-3 | Highlighted Portions at pages 4-13 | I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, data signals, and logs, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand this document to contain references to internal code names that Google does not use publicly. I |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

REDDY DECL ISO GOOGLE'S RESPONSE TO
PLAINTIFFS' ADMINISTRATIVE MOTION
CASE NO. 5:21-CV-02155-YGR (VKD)

| | | understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products.<br><br>In *Calhoun*, Magistrate Judge van Keulen has previously granted sealing similar information. *See Calhoun v. Google*, No. 20-cv-05146, ECF No. 768 at 2 (N.D. Cal. Sept. 30, 2021) (granting motion to seal for Exhibit B of ECF No. 708). |
|---|---|---|
| Exs. 2-5, ECF Nos. 251-4 through 251-7 | Entirety | I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, data signals, and logs, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Additionally, I understand these documents to contain references to internal code names that Google does not use publicly. I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

REDDY DECL ISO GOOGLE'S RESPONSE TO
PLAINTIFFS' ADMINISTRATIVE MOTION
CASE NO. 5:21-CV-02155-YGR (VKD)

| | | | |
|---|---|---|---|
| | | | operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| | Ex. 6, ECF No 251-8 | Entirety | It is my understanding that the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive descriptions of Google's internal systems and operations, including various types of Google's data signals that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Specifically, I understand that such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Public disclosure of this information may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use it to |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

REDDY DECL ISO GOOGLE'S RESPONSE TO
PLAINTIFFS' ADMINISTRATIVE MOTION
CASE NO. 5:21-CV-02155-YGR (VKD)

| | | |
|---|---|---|
| | | compromise Google's internal practices relating to competing products. |
| Ex. 7, ECF No 251-9 | Entirety | It is my understanding that the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal experimental projects, data signals, and logs, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Specifically, I understand that such confidential and proprietary information reveals Google's internal comments, strategies, system designs, and business practices for operating and maintaining many of its important advertising and data storage services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such experimental projects and data signals could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Ex. 8, ECF No 251-10 | Entirety | It is my understanding that the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, data signals, and logs, that Google maintains as confidential in the ordinary course of |

| | | | |
|---|---|---|---|
| | | | its business and is not generally known to the public or Google's competitors. Specifically, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3.  It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products.  It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| | Ex. 9, ECF No 251-11 | Entirety | It is my understanding that the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, data signals, and logs, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Additionally, I understand this document to contain references to internal code names that Google does not use publicly. Specifically, I understand such confidential and proprietary information reveals Google's internal comments, strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

REDDY DECL ISO GOOGLE'S RESPONSE TO
PLAINTIFFS' ADMINISTRATIVE MOTION
CASE NO. 5:21-CV-02155-YGR (VKD)

| | | |
|---|---|---|
| | | in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Public disclosure of these data signals may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Ex. 10, ECF No 251-12 | Entirety | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, as reflected in internal communications, including various types of Google's internal projects, data signals, and logs, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Ex. 11, ECF No 251-13 | Entirety | It is my understanding that the information requested to be sealed |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

REDDY DECL ISO GOOGLE'S RESPONSE TO
PLAINTIFFS' ADMINISTRATIVE MOTION
CASE NO. 5:21-CV-02155-YGR (VKD)

| | | contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and associations between related databases that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Additionally, I understand this document to contain references to internal code names that Google does not use publicly. Specifically, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
|---|---|---|
| Ex. 12, ECF No 251-14 | Entirety | It is my understanding that the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems regarding user data storage and operations, including various types of Google's internal projects, data signals, and logs, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Additionally, I understand this document to contain references to internal code names that |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

REDDY DECL ISO GOOGLE'S RESPONSE TO
PLAINTIFFS' ADMINISTRATIVE MOTION
CASE NO. 5:21-CV-02155-YGR (VKD)

| | | Google does not use publicly. Specifically, I understand such confidential and proprietary information reveals Google's capabilities, system designs, properties, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
|---|---|---|

5. To the best of my knowledge, certain information in Exhibits 1-12 to Plaintiffs' Motion for Leave reference internal project and infrastructure names that Google does not disclose publicly. A number of these exhibits also reveal certain highly sensitive technical details regarding these projects.

6. I understand that revealing these terms and corresponding technical details of code name projects would present a serious risk of irreparable harm to Google. Specifically, an individual interested in improperly accessing Google's systems could target particular proprietary documents and information for improper uses if he or she knew Google's confidential internal names.

7. Additionally, I understand that, these names, if made public, would allow individuals who, through legitimate or nefarious means gain access to other documents or information that reference the same code names, to deduce details about the project to which the code names refer that they otherwise would not have understood were related. If individuals know a code name for one of these projects, and then see that same code name in an entirely different

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

REDDY DECL ISO GOOGLE'S RESPONSE TO
PLAINTIFFS' ADMINISTRATIVE MOTION
CASE NO. 5:21-CV-02155-YGR (VKD)

context, they will be uniquely positioned to piece together previously unconnectable facts about the project, gaining improper and potentially damaging insight into Google's strategic business and financial decisions and the operation and capabilities of Google's systems.

8. Additionally, to the best of my knowledge, certain information in Exhibits 1-12 to Plaintiffs' Motion for Leave references technical details and identifiers related to highly sensitive data logs and data systems that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors. Specifically, this information includes details related to Google's internal projects and their proprietary functionalities, data signals, logs, metrics, and reports.

9. I understand that revealing this information publicly may reveal Google's internal strategies, system designs, and business practices for operating and maintaining many of its important proprietary services.

10. I understand that public disclosure of this information presents serious risk of irreparable harm to Google, including cyber security risk, as third parties may seek to use this information to compromise Google's data sources, including data logs, internal data structures, and internal identifier systems.

11. Attached hereto as Exhibit 1 is a copy of Ex. 1 to Plaintiffs' Motion for Leave that highlights the specific information that Google seeks to maintain under seal.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 22, 2022 in San Francisco, California.

*/s/ Aarti Reddy*
Aarti Reddy

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

REDDY DECL ISO GOOGLE'S RESPONSE TO
PLAINTIFFS' ADMINISTRATIVE MOTION
CASE NO. 5:21-CV-02155-YGR (VKD)