# EXHIBIT A

COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
DANIELLE C. PIERRE (SBN 300567)
(dpierre@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
COLIN S. SCOTT (SBN 318555)
(cscott@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BENJAMIN HEWITT and KIMBERLEY WOODRUFF, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:21-cv-02155-LHK<br><br>**DEFENDANT GOOGLE LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST AND SECOND SETS OF REQUEST FOR PRODUCTION OF DOCUMENTS** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity.

In addition, Google objects that the phrases "referenced," "comments," "discussions," and "analyses" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing objections, Google responds that because the editorial does not relate to the allegations concerning RTB challenged in Plaintiffs' Complaint, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to identify all Account Holders for whom Google has shared, sold, or disseminated personal information to participants, persons or entities through Google Real Time Bidding, including:

    a.    All Account Holders for whom Google shared, sold, or disseminated their personal information through Real Time Bidding on a Video Tape Service Providers (VTSP), as defined in 18 U.S.C. § 2710;

    b.    All Account Holders for whom Google shared, sold, or disseminated personal information through Real Time Bidding while the Account Holder was using the Chrome web-browser; and,

    c.    All Account Holders for whom Google shared, sold, or disseminated personal information through Real Time Bidding while the Account Holder was using an Android operating system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects to this Request as overly broad and unduly burdensome to the extent it is not limited in scope and encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google also objects to the extent this Request is not limited to RTB. Accordingly, the Request is not proportional to the needs of

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

the case, and the burden of the proposed discovery outweighs any likely benefit. Google further objects to this Request because it is argumentative, and to the extent it calls for a legal conclusion with respect to the meaning of "Video Tape Service Providers." Google also objects to this Request to the extent it is not limited to the named Plaintiffs and, instead, seeks information and documents relating to individual putative class members when no class has been certified. Google further objects to this Request to the extent it seeks documents protected by the right of privacy under the California Constitution, Article I, Section 1. At this stage of the proceedings, the privacy rights of non-party putative class members and the undue burden imposed on Google outweigh Plaintiffs' purported need for the requested information. *See Nevarez v. Forty Niners Football Co., LLC*, No. 16CV07013-LHK-SVK, 2018 WL 306681, at *2 (N.D. Cal. Jan. 5, 2018) (holding that when a party seeks pre-certification discovery that may implicate the privacy concerns of putative class members, "a court 'must balance the party's need for the information against the individual's privacy right . . .'") (internal citation omitted). Moreover, Plaintiffs are not entitled to discovery to obtain the identity of putative class members prior to class certification unless it is relevant to issues of class certification. *See Knutson v. Schwan's Home Serv., Inc.*, No. 3:12-cv-0964-GPC-DHB, 2013 WL 3746118, at *4 (S.D. Cal. July 15, 2013) (citing *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 354 (1978)) ((""[T]he dispositive issue was not whether the sought after lists contained the names and addresses of class members, but whether that list bore any relevance to appropriate questions of law" related to class certification). Google further objects to this Request on the basis that it is compound.

In addition, Google objects that the phrase "disseminated" is vague and ambiguous as it is neither self-evident nor defined.

Subject to the foregoing objections, Google responds that it will conduct a reasonable search and produce responsive, non-privileged, and available documents sufficient to show what information, if any, that Google's systems directly associate with the identifiers Plaintiffs have provided or will provide to Google, and was shared with third parties utilizing RTB, to the extent Google can reasonably identify such data as belonging to Plaintiffs. Google will also produce documents sufficient to show what information is generally shared with third parties utilizing RTB.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

22

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-cv-02155-LHK

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to identify all information Google has collected, created, associated and derived, and continues to collect, create, associate and derive, regarding Plaintiffs and Account Holders, including: authenticated and unauthenticated personal identifiers and device, browser, and other identifiers (including IP address) associated with Plaintiffs and Account Holders; data associated with those identifiers, including browsing history, ad history, communications history, Google account sign-in history, Chrome Sync history; derived data; appended data; associated verticals and segments; embedded data; all data contained in user profiles, interest profiles, interest graphs; and, authenticated and unauthenticated data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects to this Request as overly broad and unduly burdensome to the extent it is not limited in scope and encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB, including "Google account sign-in history" and "Chrome sync history." Google also objects to the extent this Request is not limited to RTB. Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google also objects to this Request to the extent it is not limited to the named Plaintiffs and, instead, seeks information and documents relating to individual putative class members when no class has been certified. Google further objects to this Request to the extent it seeks documents protected by the right of privacy under the California Constitution, Article I, Section 1. At this stage of the proceedings, the privacy rights of non-party putative class members and the undue burden imposed on Google outweigh Plaintiffs' purported need for the requested information. *See Nevarez v. Forty Niners Football Co., LLC*, No. 16CV07013-LHK-SVK, 2018 WL 306681, at *2 (N.D. Cal. Jan. 5, 2018) (holding that when a party seeks pre-certification discovery that may implicate the privacy concerns of putative class members, "a court 'must balance the party's need for the information against the individual's privacy right . . .'") (internal citation omitted). Moreover, Plaintiffs are not entitled to discovery to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

23

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

obtain the identity of putative class members prior to class certification unless it is relevant to issues of class certification.  *See Knutson v. Schwan's Home Serv., Inc.*, No. 3:12-cv-0964-GPC-DHB, 2013 WL 3746118, at *4 (S.D. Cal. July 15, 2013) (citing *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 354 (1978)) ((("[T]he dispositive issue was not whether the sought after lists contained the names and addresses of class members, but whether that list bore any relevance to appropriate questions of law" related to class certification).  Google also objects that this information is already in Plaintiffs' possession, custody or control.  Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity.

In addition, Google objects that the phrases "personal identifiers," "other identifiers," "derived data," "appended data," "embedded data," "user profiles," "verticals and segments," "interest profiles," "interest graphs," and "authenticated or unauthenticated data" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing objections, Google will conduct a reasonable search and produce responsive, non-privileged, and available documents showing what information, if any, that Google's systems directly associate with the identifiers Plaintiffs have provided or will provide to Google, and was shared with third parties utilizing RTB, to the extent Google can reasonably identify such data as belonging to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 14:**

Documents and communications related to Google's collection and storage of data and information of Account Holders that is or may be used, shared, sold, disseminated, or otherwise disclosed through Real Time Bidding, including privacy policies, retention policies, other guiding or informative documents, that describes the who, what, where, how, and when of the data and information collected and stored.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects to this Request as overly broad and unduly burdensome to the extent it is not limited in scope and encompasses other aspects of RTB that have no relation to Plaintiffs'

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

benefit. Google also objects to this Request to the extent it is duplicative of other requests. Google further objects to this Request on the basis that it is unintelligible.

In addition, Google objects that the phrases "technical processes, timing, directions, commands, and flow," "re-directed," "participants in an Internet communications on web-property through which an advertisement is served" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing objections, Google will conduct a reasonable search and produce responsive, non-privileged documents sufficient to show the technical processes, timing, directions, commands, or flow, if any, regarding the alleged disclosure of Google Account Holder data to third party participants utilizing RTB.

**REQUEST FOR PRODUCTION NO. 41:**

For all Account Holders for whom Google has shared sold, or disseminated their personal information to other persons or entities through Real Time Bidding, including for Account Holders for whom Google has shared, sold or disseminated their personal information through a VTSP property, those using the Chrome web-browser, and those using a Android operating system:

 a. Documents sufficient to establish the amount of revenue associated with each Account Holder;

 b. All Bid Requests associated with each Account Holder;

 c. All bid responses associated with each Account Holder;

 d. All winning bids and the identity of the winning bidder associated with each Account Holder;

 e. The value paid for each Bid Request associated with each Account Holder;

 f. The resulting ad(s) that was displayed to each Account Holder; and,

 g. The contents of each Bid Request disclosure about each Account Holder that Google made to other companies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects to this Request as overly broad and unduly burdensome to the extent it

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

53

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

is not limited in scope and encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB.  Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.  Google further objects to this Request because it is argumentative, and to the extent it calls for a legal conclusion with respect to the meaning of "Video Tape Service Providers."  Google also objects to this Request to the extent it is not limited to the named Plaintiffs and, instead, seeks information and documents relating to individual putative class members when no class has been certified.  Google further objects to this Request to the extent it seeks documents protected by the right of privacy under the California Constitution, Article I, Section 1.  At this stage of the proceedings, the privacy rights of non-party putative class members and the undue burden imposed on Google outweigh Plaintiffs' purported need for the requested information.  *See Nevarez v. Forty Niners Football Co., LLC*, No. 16CV07013-LHK-SVK, 2018 WL 306681, at *2 (N.D. Cal. Jan. 5, 2018) (holding that when a party seeks pre-certification discovery that may implicate the privacy concerns of putative class members, "a court 'must balance the party's need for the information against the individual's privacy right . . .'") (internal citation omitted).  Moreover, Plaintiffs are not entitled to discovery to obtain the identity of putative class members prior to class certification unless it is relevant to issues of class certification.  *See Knutson v. Schwan's Home Serv., Inc.*, No. 3:12-cv-0964-GPC-DHB, 2013 WL 3746118, at *4 (S.D. Cal. July 15, 2013) (citing *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 354 (1978)) (("[T]he dispositive issue was not whether the sought after lists contained the names and addresses of class members, but whether that list bore any relevance to appropriate questions of law" related to class certification).  Google further objects to this Request on the basis that it is compound.  Google also objects to this Request to the extent it is duplicative of other requests—namely Request for Production No. 22.  Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

54

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

In addition, Google objects that the phrases "other persons or entities," "amount of revenue associated with each Account Holder," "value paid," and "Bid Request disclosure" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing objections, Google responds that, to the best of its current knowledge, no information it possesses by virtue of any person having a Google Account was shared with any third-party participant utilizing RTB. Moreover, this appears to be a request for comprehensive RTB transaction data that would be literally impossible to gather and produce. Google accordingly has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

All Information Google has collected, created associated and derived, and continues to collect, create, associate and derive, regarding Plaintiffs, including but not limited to: authenticated and unauthenticated personal identifiers and device, browser, and other identifiers (including IP address) associated with Plaintiffs and their devices; data associated with those identifiers, including browsing history, ad history, communications history, Google account sign-in history, Chrome Sync history; derived data; appended data; associated verticals and segments; embedded data; all data contained in user profiles, interest profiles, interest graphs; and, authenticated and unauthenticated data (this request will be supplemented with any currently known identifiers upon entry of a protective order governing the exchange of discovery).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects to this Request as overly broad and unduly burdensome to the extent it is not limited in scope and encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB, including but not limited to "Google account sign-in history" and "Chrome sync history."  Google also objects to the extent this Request is not limited to RTB.  Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.  Google further objects to this

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

55

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

Request to the extent it is duplicative of other requests—namely Request for Production No. 13. Google also objects to the extent this information is already in Plaintiffs' possession, custody or control. Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity.

In addition, Google objects that the phrases "personal identifiers," "other identifiers," "derived data," "appended data," "embedded data," "user profiles," "verticals and segments," "interest profiles," "interest graphs," and "authenticated or unauthenticated data" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing objections, Google will conduct a reasonable search and produce responsive, non-privileged, and available documents showing what information, if any, that Google's systems directly associate with the identifiers Plaintiffs have provided or will provide to Google, and was shared with third parties utilizing RTB, to the extent Google can reasonably identify such data as belonging to Plaintiffs.

Dated: June 22, 2021

COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
JEFFREY M. GUTKIN (SBN 216083)
DANIELLE C. PIERRE (SBN 300567)
KELSEY R. SPECTOR (SBN 321488)
COLIN S. SCOTT (SBN 318555)

By: */s/ Jeffrey M. Gutkin*
Jeffrey M. Gutkin

Attorneys for Defendant
GOOGLE LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

56

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK