Lesley Weaver (Cal. Bar No.191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
**BLEICHMAR FONTI & AULD LLP**
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

David A. Straite (admitted *pro hac vice*)
**DICELLO LEVITT GUTZLER LLC**
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*

Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
**SIMMONS HANLY CONROY LLC**
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*

Amy E. Keller (admitted *pro hac vice*)
Adam J. Levitt (admitted *pro hac vice*)
Adam M. Prom (*pro hac vice* pending)
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn St., Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*
*alevitt@dicellolevitt.com*
*aprom@dicellolevitt.com*

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-05146-LHK-SVK<br><br>**PLAINTIFFS' RESPONSE TO GOOGLE'S STATEMENT RE IDENTIFICATION OF DISCOVERY DISPUTES FOR RESOLUTION** |

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

On August 12, 2021 (Dkt. No. 262), the Court directed the parties to each identify two additional discovery disputes for priority resolution. In their separate August 13 submissions, both parties identified Dispute 1.3 for resolution: Plaintiffs' request for production of documents produced in the Federal Trade Commission investigation ("FTC"); the Texas AG-led multi-state investigation and litigation ("Texas AG"), and the Arizona AG investigation and litigation ("Arizona AG") (together, "the Regulator Documents"). Google's submission, however, raised new argument. Plaintiffs respond briefly here.

Because the Regulators are investigating Google (and in the case of the AGs, *prosecuting Google*) for multiple violations arising out of its data collection and use practices, Plaintiffs requested the production of the underlying CIDs, subpoenas and correspondence to help narrow the focus of Plaintiffs' request. The Court agreed and ordered their production. *See* Dkt. No. 220. In an effort to narrow the request further still, Plaintiffs then asked for a list of ESI custodians from whom documents were pulled, and ESI Search Terms used, so that Plaintiffs could limit their request to documents not already produced in this litigation. Plaintiffs reported their proposal to the Court on August 2, 2021, Dkt. No. 253. Google reported its position that nothing other than the CIDs should be produced.

In Google's August 13 submission, however, see Dkt No. 271, Google newly argues that the "regulator documents" produced in *Brown* are the product of a compromise of some undefined off-docket dispute that did not involve *Calhoun* and results in no production from the Texas AG action at all. Google's argument should be rejected for two reasons.

*First*, the disputes in each regulatory action are vastly different involving different claims and even different regulators. Googled failed to inform the Court that *Brown* is only receiving FTC documents, but the focus in *Calhoun* is the Texas AG action. Specifically:

-  including contract claims already sustained by Judge Koh.

1   Specifically, the Texas Attorney General alleged that Google "leverage[d] its
2   ownership of the largest web browser, Chrome, to track and target publishers'
3   audiences in order to sell Google's advertising inventory" by "first introduce[ing]
4   the ability for users to log in to the Chrome browser" and "then …. steer[ing] users
5   into doing this by using deceptive and coercive tactics [by] automatically log[ging]
6   users into Chrome if they logged into any Google service. … ***In this way, Google***
7   ***took the users that chose not to log in to Chrome and logged them in anyways***."
8   Texas AG Compl. ¶ 262 (emphasis added).

9   • ████████████████████████████████████
10  ████████████████████████████████████
11  ████████████████████████████████████
12  ████████

13  • ████████████████████████████████████
14  ████████████████████████████████████
15  ████████████████████████████████████
16  ████████████████████████████████████
17  ████████████████████

18  • ████████████████████████████████████
19  ████████████████████████████████████
20  ████████████████████████████.

21      In *Calhoun*, Plaintiffs allege (and Google does not dispute) that the Chrome Privacy Notice
22  promises Chrome users that "the personal information that Chrome stores ***won't be sent to Google***
23  ***unless you choose to store that data in your Google Account by turning on sync.***" Plaintiffs allege
24  this claim is false because personal information, including the very identifiers being investigated
25  by the Texas AG, are unlawfully collected from unsynched Chrome users. Google's agreement
26  with the *Brown* Plaintiffs to produce only the FTC documents should have no bearing on whether
27  the *Calhoun* Plaintiffs should also get the Texas AG documents.
28

***Second***, even if the disputes were sufficiently similar to invoke the new "presumptively binding" rule, it would be unfairly prejudicial to apply it *retroactively* to a compromise reached before the cross-use protocol was entered. Prior to the entry of the protocol last week, Google took the position that it would be improper for the *Calhoun* Plaintiffs to share the CIDs with *Brown* counsel – the very CIDs that this Court ordered to be produced to inform a fair compromise in *Calhoun*. It would be thus be unfair to impose here a compromise made in *Brown* when Google prevented the *Calhoun* Plaintiffs from participating in the discussion or using the information in the CIDs.

Dated: August 16, 2021

**BLEICHMAR FONTI & AULD LLP**

By:  */s/ Lesley Weaver*
Lesley Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

**DICELLO LEVITT GUTZLER LLC**

By:  */s/ David A. Straite*
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 E. 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 993-1000
*dstraite@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
Adam J. Levitt (admitted *pro hac vice*)
Adam M. Prom (*pro hac vice* pending)
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn St., Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*
*alevitt@dicellolevitt.com*

**SIMMONS HANLY CONROY LLP**

By:  */s/ Jay Barnes*
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*

*aprom@dicellolevitt.com*

*Counsel for Plaintiffs*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 16, 2021          */s/ Lesley E. Weaver*
                                Lesley E. Weaver

**CERTIFICATE OF SERVICE**

I, Lesley E. Weaver, hereby certify that on August 16, 2021, I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which will send electronic notification to all counsel of record.

/s/ *Lesley E. Weaver*
Lesley E. Weaver