COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
LAURA M. ELLIOTT (SBN 286702)
(lelliott@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 776 2109
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| *In re Google RTB Consumer Privacy Litigation,*<br><br>This Document Relates to: *all actions*, | Master File No. 4:21-cv-02155-YGR (VKD)<br><br>**DEFENDANT GOOGLE LLC'S EMERGENCY MOTION TO STRIKE PLAINTIFFS' EXHIBITS TO JOINT LETTER BRIEF (ECF NO. 269)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S MOT. TO STRIKE
LETTER BRIEF EXHIBITS
CASE NO. 4:21-CV-02155-YGR (VKD)

Plaintiffs in this action continue to behave as if this Court's rules and prior orders do not apply to them. For the third time in just five weeks, Plaintiffs seek to prejudice Defendant Google LLC ("Google") and burden this Court with unauthorized and excessive filings in direct violation of this Court's Standing Order and the District Court's Order concerning cross-use of discovery. (*See* ECF Nos. 240-4 to -12, 251.) Plaintiffs have once again appended a highly argumentative twelve-page attorney "declaration" (ECF Nos. 271-1, 272, the "Weaver Declaration"), accompanied by thirteen exhibits from the *Calhoun v. Google LLC* action (ECF Nos. 271-3 to -16, 272-2 to -13, the "Exhibits"), to their position statement in the Parties' Discovery Letter Brief dated July 29, 2022 (ECF No. 268-3, the "Letter Brief"). Plaintiffs' submission of these materials is wholly improper and Google respectfully moves the Court for an order striking the Weaver Declaration and the Exhibits, and further requests that the Court issue an order precluding Plaintiffs from serially filing confidential *Calhoun* discovery in this case without prior leave of Court. Google's request is justified for three independent reasons.

*First,* Plaintiffs have violated the unambiguous restrictions on discovery letter briefs and their attachments set forth in this Court's Standing Order for Civil Cases (the "Standing Order"). That order provides for "1500 words per party" and mandates that apart from "the specific discovery material at issue and the responses, if any, to it . . . **no other exhibits may be attached to the letter, absent leave of Court.**" (Standing Order ¶ 4(c)(ii), (vi) (emphasis added).) But without seeking leave, Plaintiffs have filed—simultaneously with the Letter Brief—the Exhibits and the Declaration, which runs over 3,200 words and is replete with arguments that often read like a brief advancing Plaintiffs' position based on various materials produced in *Calhoun*.[1] (*See, e.g.*, Declaration ¶ 3(c) ("Google possesses information about Named Plaintiffs' account settings and devices that it has not produced here – and in fact has asked Named Plaintiffs to produce back to Google, in part. Because Named Plaintiffs do not possess a complete set of this information, Google should produce it immediately.").) Such "legal argument" is "not appropriate for a declaration" under any circumstances. *Silver v. Exec. Car Leasing Long-Term Disability Plan*, 466 F.3d 727,

---

[1] Google conveyed to Plaintiffs its position that the filings subject to this motion violate the Standing Order and inquired whether Plaintiffs planned to seek leave; Plaintiffs confirmed that they did not.

Cooley LLP
Attorneys at Law
San Francisco

2

Def.'s Mot. to Strike
Letter Brief Exhibits
Case No. 4:21-cv-02155-YGR (VKD)

732 n.2 (9th Cir. 2006); *see also* Civ. L.R. 7-5(b) ("An affidavit or declaration may contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument."). That is especially true here, where Plaintiffs have flouted Paragraph 4 of the Standing Order to claim more than triple the 1,500 words allotted for the position statement in the Letter Brief. The Declaration's thirteen exhibits are equally improper, barred by the Standing Order's plain language.

*Second,* Plaintiffs' Motion also directly contravenes Judge Gonzalez Rogers' order denying Plaintiffs' Motion for cross-use of *Calhoun* discovery. Plaintiffs nonsensically claim that the order—which **denied** Plaintiffs' request for cross-use—somehow authorizes them to file the Declaration and Exhibits without prior leave of Court. (*See* Letter Br. at 1 (stating that Plaintiffs submit these additional materials "[p]ursuant to the procedure set forth in Judge Gonzalez Rogers' June 24, 2022 Order").) That is absurd. Judge Gonzalez Rogers did not issue Plaintiffs *carte blanche* to raise yet more arguments regarding *Calhoun* discovery wherever and however they chose, but instead set forth a narrow process to allow the Court to consider specific discovery after Plaintiffs had demonstrated the need for such discovery or that Google had "misrepresented the nature or existence of certain information to Judge DeMarchi." (*See* ECF No. 242.) Nowhere did the District Court's order suggest that Plaintiffs could simply attach troves of *Calhoun* discovery to virtually every filing, as is their new strategy, or that they could ignore other procedural requirements, such as Paragraph 4(c)(vi) of the Standing Order, when presenting such submissions. Indeed, this practice even contravenes Plaintiffs' ***own proposal*** to establish a process to address the relevance of *Calhoun* discovery which is currently pending before the Court. (ECF No. 252.) In that request, Plaintiffs represented that Judge Gonzalez Rogers's order "envision[ed] a presentation to the Court by Ms. Weaver demonstrating the need for certain *Calhoun* discovery in this action"— and not, as they now contend, free rein to introduce such discovery at any and every juncture. (ECF No. 252 at 1.)

*Third,* Plaintiffs' interpretation of the District Court's order is both inefficient and prejudicial to Google in multiple respects.

Plaintiffs' excessive argument and evidence burdens the Court and denies Google a chance

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEF.'S MOT. TO STRIKE
LETTER BRIEF EXHIBITS
CASE NO. 4:21-CV-02155-YGR (VKD)

to respond without itself exceeding the word limits of the Standing Order. (*See* June 7, 2022 Tr. at 113:14-19 (setting procedures for requesting leave for additional argument and noting that improper filings "can "destroy[] the whole efficiency" and that "[y]ou should be able, in a short amount of space, to tell me why something is relevant and proportional. You really should.").) Likewise, rather than giving the Court the opportunity to resolve the question of cross-use with the *Calhoun* action once and for all, Plaintiffs seek to litigate the issue piecemeal, raising it in virtually every discovery dispute. And as Google has previously noted, Plaintiffs' submission of *Calhoun* exhibits on the abbreviated schedule that governs discovery letter briefing prejudicially denies Google's counsel the chance to properly evaluate and respond to those unfamiliar and technical exhibits, since separate counsel represent Google in *Calhoun* and in this litigation. (*See* ECF No. 254 at 3-4.) And each time Plaintiffs file these unauthorized materials, Google is forced to undertake the costly and burdensome procedure of individually assessing the materials' confidentiality and filing a motion to seal voluminous discovery that is not even properly before the Court.

Plaintiffs' strategy of serially citing *Calhoun* discovery is prejudicial for the additional reason that Plaintiffs have misused Google's confidential information. The District Court's Order "authorize[d] Lesley E. Weaver ***only*** to present discovery from the *Calhoun* action under seal to Judge DeMarchi[.]" (ECF No. 242 (emphasis added).) Yet Plaintiffs have violated both this requirement and the *Calhoun* protective order by including in the Letter Brief unredacted *Calhoun* information shared with co-counsel who is not authorized to access such information. (*See* Letter Br. at 2-3.) This infraction only underscores the pressing need for this Court to establish clear rules to compel Plaintiffs to comply with the District Court's cross-use order and present *Calhoun* discovery in an orderly fashion and only after obtaining leave of Court.

Plaintiffs' current gambit is no different from their two previous attempts to file excessive briefing on *Calhoun*-related matters without the Court's permission. This Court already struck a similar unauthorized declaration and its exhibits "for failure to comply with the word limits" it had set (*see* ECF No. 246), and Plaintiffs' opposed motion to file nearly ***850 pages*** of a prohibited sur-reply and its exhibits remains pending. (*See* ECF Nos. 251, 253.) This Court should not reward these wasteful and improper filings and should accordingly strike the Declaration and the Exhibits

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEF.'S MOT. TO STRIKE
LETTER BRIEF EXHIBITS
CASE NO. 4:21-CV-02155-YGR (VKD)

from the record and disregard those portions of Plaintiffs' position statement relying on these materials in the Letter Brief.[2] Google additionally requests that the enter Court an Order precluding Plaintiffs from filing confidential *Calhoun* discovery in this case without prior leave of Court, and issue other appropriate relief that protects Google from incurring legal fees to keep responding to such improper filings.

Dated: August 1, 2022                    COOLEY LLP

                                         By: */s/ Aarti Reddy*
                                             Aarti Reddy

                                         Attorney for Defendant
                                         GOOGLE LLC

272738985

---

[2] Google respectfully submits that it should not be required to file a separate motion to seal the Declaration and Exhibits, and requests that the Court order these documents sealed if they are not stricken from the record.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEF.'S MOT. TO STRIKE
LETTER BRIEF EXHIBITS
CASE NO. 4:21-CV-02155-YGR (VKD)