COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA
(DC No. 1034981)
(rsaldana@cooley.com)
(*pro hac vice*)
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 776 2109
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions*, | Master File No. 4:21-cv-02155-YGR (VKD)<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE JUNE 1, 2022 AND JUNE 7, 2022 HEARING TRANSCRIPTS** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. GOOGLE LLC'S ADMIN
MOTION TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR (VKD)

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5, Defendant Google LLC ("Google") respectfully submits this Administrative Motion ("Google's Motion") to consider whether portions of the June 1, 2022 Hearing Transcript, attached hereto as Exhibit 1, and the June 7, 2022 Hearing Transcript, attached hereto as Exhibit 2 (collectively, the "Hearing Transcripts") should remain under seal.

The portions of the Hearing Transcripts listed below reflect highly confidential information regarding documents produced in discovery and sensitive internal data systems that Google keeps confidential. As set forth in Google's Motion and in the previously submitted Declaration of Glenn Berntson (ECF No. 162-1, "Berntson Declaration" or "Berntson Decl."), Google confirms the confidentiality of these items, which the Court has already previously sealed.

Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below:

| Document | Portions to be filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| June 1, 2022 Hearing Transcript | Portions Highlighted in Yellow at: 24:25 | Google |
| June 7, 2022 Hearing Transcript | Portions Highlighted in Yellow at: 29:23 | Google |

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (i.e., is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case[.]" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). The good cause standard

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEF. GOOGLE LLC'S ADMIN
MOTION TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR (VKD)

"requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824-BLF, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

The Hearing Transcripts at issue relate to non-dispositive discovery motions, and thus the good cause standard applies here. *See, e.g., Pieterson v. Wells Fargo Bank, N.A.*, No. 17-cv-02306-EDL, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("Because the sealing requests were made in conjunction with a nondispositive discovery motion, a showing under the good cause standard will suffice."); *Calhoun v. Google*, Case No. 20-cv-05146, ECF No. 327 at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case"); *id.* at ECF No. 386 (sealing hearing transcripts related to discovery dispute under "good cause" standard."). Notably, "[r]ecords attached to nondispositive motions are not subject to the strong presumption of access." *TVIIM, LLC v. McAfee, Inc.*, No. 13-cv-04545-HSG, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) (citation omitted).

### III. GOOD CAUSE WARRANTS SEALING OF PORTIONS OF THE JUNE 1, 2022 AND JUNE 7, 2022 HEARING TRANSCRIPTS

Google asks this Court to seal portions of the Hearing Transcripts which contain Google's confidential, proprietary information that has been designated "Highly Confidential—Attorneys' Eyes Only" by Google in discovery pursuant to the parties' Protective Order. Pursuant to the good cause standard, Google's sealing request is warranted.

As an initial matter, the proposed redactions are narrowly tailored to redact only the specific portions of the Hearing Transcripts that reflect confidential information, and thus do not "unduly limit[] public access." *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-CV-02099 JST (NC), 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014). Further, the Hearing Transcripts that Google seeks to seal reflect confidential information that this Court has already recognized as confidential information warranting under seal treatment. (ECF No. 186.)

Specifically, the portions of the June 1, 2022 and June 7, 2022 Hearing Transcripts that

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEF. GOOGLE LLC'S ADMIN
MOTION TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR (VKD)

Google seeks to redact contain confidential code names and information regarding internal data systems that this Court has already sealed. (ECF No. 186.) Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. (Berntson Decl. ¶ 5.) Further, public disclosure of this information presents serious risk of irreparable harm to Google. (*Id*. ¶ 6.) For example, an individual interested in improperly accessing Google's systems could target particular proprietary documents and information for improper uses if he or she knew Google's confidential internal names. (*Id*.)

Additionally, these names, if made public, would allow individuals who, through legitimate or nefarious means gain access to other documents or information that reference the same names, to deduce details about the project to which the names refer that they otherwise would not have understood were related. (*Id*. ¶ 7.) If individuals know a name for one of these data systems, and then see that same name in an entirely different context, they will be uniquely positioned to piece together previously unconnectable facts about the systems, gaining improper and potentially damaging insight into Google's strategic business and financial decisions and the operation and capabilities of Google's systems. (*Id*.)

The Court has already sealed this information on the basis of these justifications, *see* ECF No. 186, and consistent with this Court's prior ruling, courts in this District, routinely seal similar names. *See, e.g.*, *In re Google RTB Consumer Privacy Litigation*., No. 21-cv-02155, ECF No. 186 (N.D. Cal. April 29, 2022) (applying the good cause standard and sealing the same data system names at issue here); *Rodriguez v. Google LLC,* No. 20-cv-04688-RS, ECF No. 223 (N.D. Cal. Feb. 10, 2022) (noting that "Google's internal project names may be sealed"); *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846 LHK (PSG), 2012 WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012) (sealing "Apple's internal code names" for its projects); *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-CV-00362-PJH, 2018 WL 2392561, at *7 (N.D. Cal. May 25, 2018) (same); *In re Google Inc. Gmail Litig.*, No. 13-md-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems). The same results should follow here, and Google respectfully requests that the Court seal the aforementioned portions of the June 1, 2022 and June 7, 2022 Transcripts which

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEF. GOOGLE LLC'S ADMIN
MOTION TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR (VKD)

reflect non-public internal data system names.

**IV.     CONCLUSION**

For the foregoing reasons, Google respectfully requests the Court seal the aforementioned portions of the June 1, 2022 Hearing Transcript and the June 7, 2022 Hearing Transcript reflected in Google's concurrently filed redactions, the public disclosure of which would cause significant competitive harm to Google.

Dated: August 5, 2022                                    COOLEY LLP

By: */s/ Aarti Reddy*
       Aarti Reddy

Attorneys for Defendant
GOOGLE LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEF. GOOGLE LLC'S ADMIN
MOTION TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR (VKD)