COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
LAURA M. ELLIOTT (SBN 286702)
(lelliott@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM S. DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 776 2109
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 5:21-cv-02155-YGR (VKD)<br><br>**GOOGLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (ECF NO. 268)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 5:21-CV-02155-YGR (VKD)

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3), Google LLC ("Google") respectfully submits this Response to Plaintiffs' Administrative Motion ("Google's Response") to Consider Whether Another Party's Materials Should Be Sealed (ECF 268) in connection with the Joint Letter Brief regarding Plaintiffs' Request for Production ("RFP") Nos. 12–13 and 41–42 ("Joint Letter Brief") (ECF Nos. 268-3, 269).

The cited portions of the Joint Letter Brief reflect confidential information disclosed in the related *Calhoun v. Google* matter, No. 21-cv-05146, as well as personally identifiable information ("PII") provided by Plaintiff Woodruff. As set forth below and in the accompanying Declaration of Aarti Reddy ("Reddy Decl."), Google confirms the confidentiality of these documents. Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below:

| Document | Text to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| Joint Letter Brief (ECF Nos. 268-3, 269) | Portions Highlighted at pages 3, 6, and footnote 5 | Google |

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the information is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

Briefing for a discovery motion is non-dispositive, and thus the good cause standard applies here. *See, e.g.*, *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-cv-02306-EDL, 2018 WL 10362631,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 5:21-CV-02155-YGR (VKD)

at *2 (N.D. Cal. Nov. 8, 2018) ("Because the sealing requests were made in conjunction with a nondispositive discovery motion, a showing under the good cause standard will suffice."); *Calhoun v. Google*, No. 20-cv-05146, ECF No. 327, at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."). The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824-BLF, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)). Notably, under this standard, "[r]ecords attached to nondispositive motions are not subject to the strong presumption of access." *TVIIM, LLC v. McAfee*, Inc., No. 13-cv-04545-HSG, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) (citation omitted).

### III. GOOD CAUSE WARRANTS SEALING PORTIONS OF THE JOINT LETTER BRIEF.

Google asks this Court to seal portions of the Joint Letter Brief that contain: (1) information derived from Google's confidential, proprietary information that has been sealed in *Calhoun*; and (2) the PII of an unknown individual, disclosed to Google by Plaintiffs as part of the targeted collection of Named Plaintiff Data. Under the good cause standard, Google's sealing request is warranted.

To begin, the proposed redactions to the Joint Letter Brief are narrowly tailored to encompass only the specific portions of the Brief that qualify as highly-confidential, as well as sensitive PII, and therefore do not "unduly limit[] public access." *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST-NC, 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

Moreover, each of the narrow sealing requests that Google makes is justified by good cause. ***First,*** page three of the Joint Letter Brief cites the Rebuttal Report of Professor Zubair Shafiq, which is currently under seal on the *Calhoun* docket (ECF No. 482-10). Reddy Decl. at ¶ 4. There, Google requested that portions of that report be sealed, explaining as follows:

> The Information requested to be sealed contains Google's highly confidential and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 5:21-CV-02155-YGR (VKD)

> proprietary information, regarding highly sensitive features of Google's internal systems and operations, including details related to internal projects, identifiers, and their proprietary functions, the various types of logs maintained by Google, information contained in those logs, internal studies, as well as internal metrics and investigation into financial impact of certain features, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors.

*Calhoun*, ECF No. 551 at 3.

As Google went on to explain, disclosure of such information could give Google's competitors an unfair advantage and could expose the company to an increased risk of cyber security threats. *Id*. Courts in this District routinely seal this type of information. *See, e.g.*, *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, ECF No. 192, at 3–9 (N.D. Cal. May 3, 2017) (granting motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *In re Google Inc. Gmail Litig.*, No. 13-md-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems). Here, Plaintiffs' description of sealed portions of this report warrants sealing not only because it refers to the type of confidential information that is routinely sealed in this District but is already protected from public disclosure in the *Calhoun* matter.

**Second**, the Joint Letter Brief cites the Declaration of Stanislav Belov In Support of Google's Opposition to Plaintiffs' Brief Regarding Targeted Use of *Calhoun* Discovery in *In Re Google RTB Consumer Privacy Litigation*. Joint Letter Brief at 6. As with Dr. Shafiq's Rebuttal Report, the Belov Declaration has been sealed on the *Calhoun* docket. Reddy Decl. at ¶ 5. As Google explained in its Motion to Seal this information, the Belov Declaration contains Google's confidential and proprietary information related to Google's internal systems and operations, disclosure of which could harm the company's competitive advantage and increase its risk of facing cybersecurity threats. *Calhoun*, ECF No. 711 at 2. Specifically, the Declaration contains information about Google's internal analysis of confidential documents produced in litigation, internal projects, internal identifiers, logs, and their proprietary structures and functionalities as well as internal metrics. *Id*. The same reasoning applies here, and because the Joint Letter Brief quotes a portion of the Belov Declaration that is under seal in *Calhoun*, the Court should find that

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 5:21-CV-02155-YGR (VKD)

sealing is warranted in this instance. *Free Range Content, Inc.*, ECF No. 192, at 3–9; *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3.

**Third**, this Court routinely grants sealing motions to protect PII of exactly the type that Google seeks to seal here. The Joint Letter Brief cites a personal email address of an unknown individual. When providing their information for preservation purposes and in their Stored Communications Act consents, Plaintiffs claimed that Plaintiff Woodruff owned this email address, but later recanted. Reddy Decl. ¶ 6. Such email addresses are among the types of information that courts routinely seal. *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (granting Google's motion to file under seal personally identifiable information including email addresses); *Am. Automobile Ass'n of N. Cal., Nev., & Utah*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (similar); *Benedict v. Hewlett-Packard Co.*, 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014) (similar). Thus, the Court should grant Google's request to seal the portion of footnote 5 in the Joint Letter Brief that contains a personal email address.

## IV.   CONCLUSION

For the foregoing reasons, Google respectfully requests the Court seal the aforementioned portions of the Joint Letter Brief.

Dated: August 5, 2022

COOLEY LLP
MICHAEL G. RHODES
WHITTY SOMVICHIAN
JEFFREY M. GUTKIN
AARTI REDDY
LAURA ELLIOTT
ROBBY L.R. SALDAÑA
KELSEY R. SPECTOR
REECE TREVOR
ANUPAM S. DHILLON

By: */s/ Aarti Reddy*
      Aarti Reddy

Attorneys for Defendant
GOOGLE LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 5:21-CV-02155-YGR (VKD)