UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR (VKD)<br><br>**ORDER RE JULY 20, 2022 DISCOVERY DISPUTE RE ENTRY OF RULE 502(D) ORDER**<br><br>Re: Dkt. No. 259, 260, 261 |

Defendant Google LLC ("Google") asks the Court to enter an order under Rule 502(d) of the Federal Rules of Evidence. Dkt. Nos. 259, 261. Plaintiffs oppose entry of such an order. Dkt. No. 259. No party requests a hearing, and the Court deems this matter suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

The Court grants the relief Google requests.

**I.   BACKGROUND**

On March 29, 2022, the parties jointly filed a discovery dispute letter in which they advised that they had agreed to most of the terms of a draft stipulated order addressing inadvertent disclosure of privileged materials. Dkt. No. 177. They asked the Court to resolve a single issue on which they could not agree: whether a receiving party may use the contents of a document clawed back as privileged to challenge the privilege asserted by the producing party. *See id.* at 1; Dkt. No. 177-1.

The Court resolved this dispute in an order dated May 3, 2022. Dkt. No. 192. The Court rejected plaintiffs' proposed text, which would permit the receiving party to use the contents of a clawed back document to challenge the producing party's claim of privilege, and adopted Google's proposed text, which specified that the receiving party may not review or use the

1  contents of the clawed back document in making such a challenge. *Id.* at 7. However, the Court
2  rejected Google's proposed text to the extent it would prohibit the receiving party from presenting
3  the clawed back document to the Court *in camera* for resolution of a dispute about the claim of
4  privilege because such a provision would be inconsistent with Rule 26(b)(5)(B) of the Federal
5  Rules of Civil Procedure. *Id.*

6  As the Court did not adopt either side's proposed order, the Court did not enter an order
7  under Rule 502(d). Instead, the Court invited the parties to submit a proposed stipulation for entry
8  of an order reflecting the Court's resolution of their dispute. *Id.* The Court's order further stated
9  that, in the absence of a Rule 502(d) order, the other provisions of Rule 502 would apply. *Id.* The
10 parties did not file a proposed stipulated order reflecting the Court's resolution of their dispute, or
11 any other proposal for entry of a Rule 502(d) order.

12 Google now asks the Court to enter an order under Rule 502(d) that includes only the
13 terms as to which the parties previously agreed. Dkt. No. 259 at 1-4; Dkt. No. 261.[1] Plaintiffs
14 object to the entry of any Rule 502(d) order and suggest that the parties proceed, in the absence of
15 an order, under Rule 502(b) and other applicable rules. Dkt. No. 259 at 6.

## II. DISCUSSION

The parties agree that during the period of time leading up to their March 29, 2022 joint discovery dispute letter they produced documents with the understanding that the agreed terms of their draft stipulation would apply to those productions. *See* Dkt. No. 259 at 3, 5.[2] Both parties have produced documents in reliance on this understanding. *Id.* Nevertheless, and to the Court's surprise, the parties have been unable to agree on a final proposed order for entry by the Court, even after the Court resolved the single issue in dispute.

---

[1] Google filed an administrative motion for leave to file its proposed order in connection with this discovery dispute, representing that plaintiffs objected to attaching the proposed order as an exhibit to the joint submission. Dkt. No. 261. Plaintiffs did not oppose the administrative motion. *See* Civil L.R. 7-11(b). The Court grants Google's administrative motion and will consider the contents of the proposed order. Pursuant to section 4 of the Court's Standing Order for Civil Cases, a proposed order such as this may be attached to a discovery dispute submission.

[2] The Court finds it unnecessary to consider the parties' email correspondence. Plaintiffs' administrative motion for leave to file that correspondence (Dkt. No. 260) is denied.

While plaintiffs are correct that there is no agreement until all parties actually agree on all terms, that observation does not resolve the present dispute. Google now moves for entry of an order under Rule 502(d) that includes the text set forth in the proposed order (*see* Dkt. No. 261-2). It argues that the order is necessary to ensure that document production can continue to be conducted without exhaustive pre-production privilege review and without the need for fact-intensive inquiry about whether a party has satisfied Rule 502(b)'s "reasonable steps" requirements. *See* Dkt. No. 259 at 1-2. Google also says that it has conducted its document review in reliance on the parties' prior understanding that the agreed terms of the proposed stipulation would apply. *See id.* at 3-4. Plaintiffs oppose entry of the proposed order on two grounds. First, they argue that it is procedurally improper for Google to move for entry of a Rule 502(d) order at this time. *See id.* at 4. Second, they argue that such an order is unnecessary because "the parties already have the legal tools and resources they need to resolve disputes over privilege waivers as they may arise in this case." *See id.* at 6.

There is nothing procedurally improper about Google's motion for entry of a Rule 502(d) order. As the Court observed in its May 3, 2022 order, "Rule 502(d) was 'designed to enable a court to enter an order, whether on motion of one or more parties or on its own motion, that will allow the parties to conduct and respond to discovery expeditiously, without the need for exhaustive pre-production privilege reviews, while still preserving each party's right to assert the privilege to preclude use in litigation of information disclosed in such discovery.'" Dkt. No. 192 at 5 (quoting Fed. R. Evid. 502, Addendum to Advisory Committee Notes, Statement of Congressional Intent Regarding Rule 502 of the Federal Rules of Evidence, Subdivision (d)—Court orders). The Court's earlier order addressed a joint discovery dispute submission in which it appeared that *all parties* sought the benefit of a Rule 502(d) order. The Court was not asked to consider whether such an order should or should not be entered if only one side requested it, and the Court did not decide that issue. The excerpt from this Court's earlier order on which plaintiffs rely is simply a statement of the law: "in the absence of a [Rule] 502(d) order, the other provisions of Rule 502 apply." Dkt. No. 259 at 4 (citing Dkt. No. 192 at 7).

On the merits, the Court agrees with Google that entry of a Rule 502(d) order is warranted

3

in this case. *See also* Dkt. No. 192 at 5 (discussing advantages of a Rule 502(d) order). While such an order may be unnecessary in cases where privilege disputes are likely to be few and easily addressed, or where the parties have demonstrated the ability to cooperatively resolve disputes without the Court's intervention, this is not such a case. So far, this case has featured many disputes that are not easily addressed, as well as a lack of cooperation. Perhaps future disputes about inadvertent disclosure of privileged documents will be different, but the parties' track record in handling other discovery disputes gives the Court reason to be doubtful. Moreover, the parties appear to have conducted their respective document reviews to date with the mutual understanding that the agreed terms of their draft stipulation would apply, including a provision specifying that the requirements of Rule 502(b) would *not* apply. *See* Dkt. No. 177-1 (Proposed Order, sec. 1). The Court finds persuasive Google's argument that it would suffer prejudice if, having conducted a substantial portion of its document review based on that prior understanding, it must now defend against challenges to any clawed back documents by demonstrating compliance with Rule 502(b).

Google's proposed Rule 502(d) order includes only the terms on which the parties previously indicated they agreed. *Compare* Dkt. No. 177-1 (black text) and Dkt. No. 261-2. Plaintiffs do not object to any of these terms. Accordingly, the Court will accept the terms of the proposed order.

## III.   CONCLUSION

For the reasons explained above, the Court grants Google's request for entry of a Rule 502(d) order. The Court will enter the order proposed by Google as a separate entry on the docket.

**IT IS SO ORDERED.**

Dated: August 10, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge