UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR   (VKD)<br><br>**ORDER RE SCOPE OF RELEVANT DISCOVERY; STRIKING JULY 7, 2022 LETTER AND ATTACHMENTS; SETTING DISCOVERY CONFERENCE**<br><br>Re: Dkt. Nos. 241, 251, 252 |

At the Court's direction (Dkt. Nos. 231, 236), the parties filed supplemental briefs regarding whether the scope of relevant discovery in this action should encompass not only the disclosure of account holder information to third-party RTB participants, but also its creation, source, and storage. *See* Dkt. No. 241 (redacted); Dkt. No. 248. In connection with this supplemental briefing, plaintiffs ask the Court to consider a July 7, 2022 letter from plaintiffs' counsel, Lesley Weaver, which discusses and attaches materials produced by Google in the separate action *Calhoun v. Google*, No. 20-cv-5146. Dkt. No. 262-2. Google objects to the July 7, 2022 letter and its attachments and asks the Court to strike those additional materials from the record. Dkt. No. 253.

This order provides further guidance to the parties regarding the scope of permissible discovery. That guidance is informed by the supplemental briefing filed pursuant to the Court's June 15, 2022 order (Dkt. No. 236). For the reasons explained below, the Court strikes and does not consider Ms. Weaver's July 7, 2022 letter or its attachments for purposes of this order.[1] Finally, the Court will hold a further discovery conference on August 23, 2022 to discuss the

---

[1] The Court has already stricken the expert declaration and other materials that plaintiffs filed without permission in connection with their supplemental brief. Dkt. No. 246.

scope of relevant discovery and how to implement the presiding judge's order regarding permitted uses of *Calhoun* materials (Dkt. No. 242).

## I.   SCOPE OF RELEVANT DISCOVERY

As the Court noted in its June 8, 2022 order, in resolving the parties' many discovery disputes, the Court has permitted plaintiffs to obtain discovery about Google's alleged disclosure and/or sale of account holder information to third-party RTB participants, but has not permitted discovery of what plaintiffs refer to as the "front-end" of Google's process—including the collection, creation, and storage of account holder information. *See* Dkt. No. 231 at 14. That is because Google's alleged misconduct in this case is disclosing or selling account holder information without consent, not collecting, creating, or storing it. In other words, for purposes of this action, it does not matter if Google collects or stores some particular information about an account holder if it does not share that information with a third-party in an RTB auction.

Nevertheless, plaintiffs have repeatedly demanded broad discovery about Google's "front-end" process, relying on conclusory assertions that it is relevant, without offering any specific justification or explanation for why discovery regarding the details of collection, creation, or storage of particular information is relevant to any claim or defense. The purpose of the supplemental briefing was to give plaintiffs an opportunity to articulate a basis for this discovery, and Google an opportunity to respond, so that the Court might have the benefit of both sides' views in considering whether the scope of discovery should be expanded, and if so, how.

Plaintiffs have largely squandered this opportunity. Nearly half of their supplemental brief is devoted to the argument that the presiding judge *has already decided* that Google's data collection, storage, and analysis is relevant to the claims and defenses in this action. *See, e.g.,* Dkt. No. 241 at 1 ("It is now the law of the case that Google's collection and combining of information about class members is relevant to the parties' claims and defenses."). Plaintiffs mischaracterize the presiding judge's order resolving Google's motions to dismiss. That order quotes from the background allegations of plaintiffs' complaint describing Google's services and activities, but it makes no findings regarding the relevance of Google's collection or storage of account holder information generally. To the contrary, the order consistently frames the claims at

issue as directed to Google's "sharing" or "selling" of information to third parties. *See* Dkt. No. 233 at 1, 2, 7, 8, 9, 11, 12, 13, 14, 15.  Even more troubling, plaintiffs quote, with emphasis, excerpts from the presiding judge's order as supporting their quest for broad discovery of Google's "front-end" process. *See* Dkt. No. 241 at 1-2 ("the nature and volume of the collected information is also important," "the nature of this information," and "the combination and totality of various different categories of their personal information").  But the quoted excerpts from the order concern the "nature" of the information *that is disclosed or sold*, *see, e.g.*, Dkt. No. 233 at 12-13; they do not support plaintiffs' thesis that they are entitled to discovery of all information collected by Google.

Although many of plaintiffs' other arguments rely on the same conclusory assertions and generalities that have been unpersuasive in the past, plaintiffs offer some new arguments that are more specific and helpful:

*First*, the Court has already ordered Google to identify all of the account holder information that is disclosed or sold to third parties as part of the RTB process.  Plaintiffs suggest that the parties disagree about whether certain information is associated with an account holder in a manner that makes it "personal information" under California law or that makes it specific in some other way to an account holder.  It is not clear from Google's supplemental brief whether it agrees that there is a dispute, but if there is, it may be necessary for Google to provide additional discovery regarding the information it shares with third-party RTB participants, and for the parties to discuss whether further discovery might be warranted regarding the nature of particular items of information.[2]  However, the Court is not persuaded that a dispute about what information is or is not associated with an account holder requires Google to disclose to plaintiffs *all* of the information it possesses about account holders or about how it stores that information.

*Second*, if Google claims that the information it shares with third-party RTB participants is shared with the express or implied consent of account holders, plaintiffs are entitled to discover the facts that bear on that defense, including the process Google uses to obtain consent for the

---

[2] Google notes that plaintiffs have not sought discovery of "which information disclosed through RTB is also associated with Google accounts." Dkt. No. 248 at 5.

3

items of information that it shares. It is not clear whether plaintiffs have served document requests seeking this information, or whether they have asked only for deposition testimony. *See* Dkt. No. 231 at 9-11. It also is not clear what records Google maintains regarding account holders' consent or lack of consent.

*Third*, plaintiffs say that Google maintains records about the named plaintiffs that identifies: (1) the information Google associates with them, including their demographic characteristics, their location, their electronic communications, their devices and device settings, and their web browsing history; (2) the information about them that Google shares with third-party RTB participants; and (3) the revenue Google obtains when it shares their information in the RTB process. *See* Dkt. No. 241 at 4. Google does not dispute that these records exist. It confirms that it is working to produce the named plaintiffs' data and has preserved "information relevant to proving injury and damages of these putative class members." Dkt. No. 248 at 4 n.2, 5. The scope of production may or may not be in dispute, but if Google has these records, they appear to be within the scope of relevant discovery.

Conversely, the Court is not persuaded that plaintiffs' ECPA and CIPA claims require discovery of where and how Google stores plaintiffs' electronic communications. During the discovery hearing on June 7, 2022, plaintiffs' counsel advised the Court that there exists authority for the proposition that the location at which Google stores these communications is relevant to liability. Dkt. No. 232 at 24:20-25:3. However, plaintiffs cite no such authority. Instead, they cite only the presiding judge's order at page 17, which they claim "requires the immediate production of some of this highly relevant information." Dkt. No. 241 at 3. Plaintiffs again mischaracterize the presiding judge's order. The cited portion of the order addresses Google's argument with respect to plaintiffs' CIPA claim that, for "the non-California plaintiffs," the complaint includes no allegations that plaintiffs' electronic communications were "sent or received within California." Dkt. No. 233 at 17. The order states: "The Court infers that it is plausible that at least one of the hundreds of *RTB recipients and publishers received* the communications at issue while *they* were *located in California*. To the extent there is uncontroverted proof to the contrary, Google shall produce it to the plaintiffs immediately . . . ."

4

1  *Id.* (emphasis added). The order does not say that the location where *Google* stores the

2  communications is relevant to any claim or defense, or that it must be produced.

3  In sum, the Court concludes that plaintiffs have offered no justification for comprehensive

4  discovery of all aspects of Google's "front-end" process. While the focus of the case is clearly on

5  Google's disclosure and sale of account holder information to third-party participants in the RTB

6  process, the scope of relevant discovery may extend beyond disclosure in the three areas discussed

7  above.

8  The Court will hold a further discovery conference on August 23, 2022, following the

9  discovery hearing already set for that date. At that conference, the Court and the parties will

10  discuss how to proceed in view of the Court's guidance on the scope of relevant discovery. In

11  advance of that conference, the Court encourages plaintiffs to consider whether they have

12  outstanding discovery requests that are specific to the three areas discussed above. Likewise, the

13  Court encourages Google to revisit its relevance objections to any such requests. **No party shall**

14  **file anything with the Court regarding this further conference without the Court's advance**

15  **permission.**

16  **II.    PLAINTIFFS' JULY 7, 2022 LETTER AND ATTACHMENTS**

17  After the Court set a specific schedule and parameters for supplemental briefing on the

18  scope of relevant discovery (Dkt. No. 236), plaintiffs filed an administrative motion for leave to

19  file additional material that was not permitted by the order on supplemental briefing. Dkt. No.

20  251. This additional material consisted of an 11-page letter and more than 800 pages of exhibits

21  from the *Calhoun* action. Google objects to plaintiffs' motion for leave as inconsistent with the

22  Court's specific instructions for supplemental briefing, and also as unnecessary and unfair. Dkt.

23  No. 253.

24  The Court agrees that plaintiffs' motion for leave should not have been filed, given the

25  Court's very clear direction regarding supplemental briefing on the scope of relevant discovery.

26  Plaintiffs' request that the Court consider additional materials because, in their view, Google made

27  "misrepresentations about the fundamental relevance of collection, source, and storage in this

28  action," is a request for *more argument* when the Court expressly indicated no reply brief should

5

be filed. The Court's orders for supplemental briefing (Dkt. Nos. 231, 236) directed plaintiffs to provide specific justifications for the broader scope of discovery they seek in this action. No evidentiary showing was necessary, or permitted—just an explanation for why the discovery is *relevant*.

For these reasons, the Court denies plaintiffs' motion for leave and strikes the July 7, 2022 letter and its attachments from the record for the purpose of the Court's consideration of the scope of relevant discovery.

### III. FURTHER DISCOVERY CONFERENCE RE DKT. NO. 242

The Court appreciates that the parties require guidance about how to proceed in view of the presiding judge's order allowing plaintiffs to present discovery materials from the *Calhoun* matter in this action for certain purposes. *See* Dkt. No. 242. Both sides have made proposals. *See* Dkt. Nos. 252, 254. The parties should be prepared to discuss their proposals with the Court during a further discovery conference on August 23, 2022, following the discovery hearing already set for that date. **No party shall file anything with the Court regarding this issue before the undersigned unless it is a stipulation about how the parties wish to implement the presiding judge's order.**

### IV. CONCLUSION

The Court provides guidance on the scope of relevant discovery, as discussed above. The Court denies plaintiffs' motion for leave to file additional materials regarding the scope of relevant discovery and strikes the additional materials from the record. The Court will hold a further discovery conference regarding the scope of relevant discovery and how to implement the presiding judge's order regarding permitted uses of *Calhoun* material (Dkt. No. 242) on **August 23, 2022 at 10:00 a.m.**, following the discovery hearing already set for that date.

**IT IS SO ORDERED.**

Dated: August 12, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge