1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE GOOGLE RTB CONSUMER
PRIVACY LITIGATION

Case No.  21-cv-02155-YGR   (VKD)

**ORDER RE SEALING**

Re: Dkt. Nos. 240, 247, 250, 262, 287

At the Court's direction (Dkt. Nos. 231, 236), the parties filed supplemental briefs regarding the scope of relevant discovery in this action.  *See* Dkt. No. 241 (redacted); Dkt. No. 248.  In connection with this supplemental briefing, the parties filed several administrative motions to consider whether material contained in plaintiff's submissions should be sealed. Specifically, this order addresses material in Dkt. No. 241 (redacted; unredacted version at Dkt. No. 240-3) and Dkt. No. 251 (redacted; unredacted version at Dkt. No. 250-1 through 250-14).

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings."  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016).  A litigant seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

Google's motions to seal (Dkt. Nos. 247, 262) concern information submitted in connection with a discovery dispute. The underlying discovery dispute does not address the merits of the parties' claims or defenses, and the Court therefore applies the "good cause" standard of Rule 26(c).

The portions of the submissions that Google seeks to redact reflect discussion of project code names and internal data systems that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors. Dkt. Nos. 247 at 3-4; 262 at 2. Google represents that the material it seeks to seal is highly confidential and that disclosure to the public would cause irreparable harm to Google. The Court agrees and finds that good cause exists to seal the following material:

| Document | Portions to be filed under seal |
|---|---|
| Dkt. No. 241 (redacted; unredacted version at Dkt. No. 240-3): *Plaintiffs' Submission Pursuant to Dkts. 231, 236 (unredacted)*[1] | Portions highlighted in yellow at 3:17-19 |

With respect to Dkt. No. 251 (redacted; unredacted version at Dkt. No. 250-1 through 250-14), in its order addressing this discovery dispute (Dkt. No. 287) the Court struck the Declaration of Lesley E. Weaver and its supporting attachments from the record. *Id.* at 6. Accordingly, the entirety of plaintiffs' July 8, 2022 submission (Dkt. No. 251 redacted; unredacted version at Dkt. No. 250-1 through 250-14) shall remain sealed, and Google's administration motion (Dkt. No. 262) is denied as moot.

Google shall file a redacted version of the paper at Dkt. No. 241, reflecting the approved redaction, on the public docket by **August 19, 2022**.

**IT IS SO ORDERED**

Dated: August 12, 2022

*Virginia K. DeMarchi*

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] The Court previously ordered the Declaration of Zubair Shafiq and its attachments (Dkt. No. 241-1) struck from the record. Dkt. No. 246. This order thus only addresses material contained in Plaintiffs' Supplemental Brief.