COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
LAURA M. ELLIOTT (SBN 286702)
(lelliott@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM S. DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, <br><br> This Document Relates to: *all actions* | Master File No. 5:21-cv-02155-YGR-VKD <br><br> **GOOGLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (ECF NO. 271)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 5:21-CV-02155-YGR-VKD

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3), Google LLC ("Google") respectfully submits this Response to Plaintiffs' Administrative Motion ("Google's Response") to Consider Whether Another Party's Materials Should Be Sealed (ECF 271) in connection with the Declaration of Leslie E. Weaver Pursuant to Dkt. 242 Regarding Dkt. 269 Re Dispute as to RFP Nos. 12-13 and 41-42 Re Production of Named Plaintiff Data ("Weaver Declaration") (ECF No. 272) and the thirteen accompanying exhibits ("Exhibits") (ECF No. 272-1 through 272-13).

The cited portions of the Weaver Declaration and the Exhibits reflects information disclosed in the related matter *Calhoun v. Google*, No. 21-cv-05146, which has been marked as "Confidential" and or "Highly Confidential – Attorneys' Eyes Only." As set forth below and in the accompanying Declaration of Aarti Reddy ("Reddy Declaration" or "Reddy Decl."), Google confirms the confidentiality of these documents. Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below:

| Document | Text to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| Declaration of Lesley E. Weaver Pursuant to Dkt. 242 Regarding Dkt. 269 re Dispute as to RFP Nos. 12-13 and 41-42 re Production of Named Plaintiff Data | Portions at:<br><br>PDF pages 7:15-24, 8:7, 8:12-13, 9:13-16, 10:9-19, 10:22-27, 11:1-2, 11:11, 11:18-19, 12:12, 12:14, 12:21, 12:23, 13:2-14, 13:21-22, 13:28, 14:1-2, 14:4-6, 14:9, 14:28[1] | Google |
| Exhibit 2 to the Declaration of Leslie E. Weaver | Entire Document | Google |
| Exhibit 3 to the Declaration of Leslie E. Weaver | Entire Document | Google |
| Exhibit 4 to the Declaration of Leslie E. Weaver | Entire Document | Google |

---

[1] The page and line designations to the Weaver declaration are based on the PDF page numbers because that exhibit did not include conventional pagination.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 5:21-CV-02155-YGR-VKD

2

| Exhibit 5 to the Declaration of Leslie E. Weaver | Entire Document | Google |
| --- | --- | --- |
| Exhibit 6 to the Declaration of Leslie E. Weaver | Portions at: 72:18, 74:15, 75:15 | Google |
| Exhibit 7 to the Declaration of Leslie E. Weaver | Entire Document | Google |
| Exhibit 8 to the Declaration of Leslie E. Weaver | Entire Document | Google |
| Exhibit 9 to the Declaration of Leslie E. Weaver | Entire Document | Google |
| Exhibit 10 to the Declaration of Leslie E. Weaver | Entire Document | Google |
| Exhibit 11 to the Declaration of Leslie E. Weaver | Entire Document | Google |
| Exhibit 12 to the Declaration of Leslie E. Weaver | Entire Document | Google |
| Exhibit 13 to the Declaration of Leslie E. Weaver | Entire Document | Google |

## II.     LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the information is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

Briefing for a discovery motion is non-dispositive, and thus the good cause standard applies here. *See, e.g.*, *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-cv-02306-EDL, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("Because the sealing requests were made in conjunction with a nondispositive discovery motion, a showing under the good cause standard will suffice."); *Calhoun*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 5:21-CV-02155-YGR-VKD

*v. Google*, No. 20-cv-05146, ECF No. 327, at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."). The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824-BLF, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)). Notably, under this standard, "[r]ecords attached to nondispositive motions are not subject to the strong presumption of access." *TVIIM, LLC v. McAfee*, Inc., No. 13-cv-04545-HSG, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) (citation omitted).

**III.   GOOD CAUSE WARRANTS SEALING PORTIONS OF WEAVER DECLARATION AND EXHIBITS.**

Google asks this Court to seal portions of the Weaver Declaration and certain Exhibits attached thereto. As an initial matter, the proposed redactions to the Weaver Declaration and Exhibits are narrowly tailored to encompass only the specific portions that qualify as confidential or highly confidential information, and therefore do not "unduly limit[] public access." *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST-NC, 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

Further, good cause exists to support Google's narrow sealing request of information that has been produced only in *Calhoun* and that has been designated in that matter as either "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

As explained in detail in the Reddy Declaration, each of the documents or portions of documents that Google seeks to seal contain confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly. (Reddy Decl. ¶ 4.) This information provides details related to Google's internal projects, data signals, logs, and their proprietary functionalities and reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services while complying with its legal and privacy obligations. (*Id.*) This information should be sealed

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 5:21-CV-02155-YGR-VKD

for any number of reasons.

***First***, this information is precisely the type of "competitively sensitive information," such as "confidential research, development, or commercial information," that courts have found warrants sealing. *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); Reddy Decl. ¶ 4; *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information").

***Second***, public disclosure of the above-listed information would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary systems, strategies, and designs to Google's competitors. Reddy Decl. ¶ 5. That too is a sufficient basis to seal this information and documents at issue. *See, e.g.*, *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co.*, No. 3:16-cv-02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because "disclosure would harm their competitive standing by giving competitors insight they do not have"); *Trotsky v. Travelers Indem. Co.*, 2013 WL 12116153, at *8 (W.D. Wash. May 8, 2013) (granting motion to seal as to "internal research results that disclose statistical coding that is not publically available").

***Third***, good cause also exists to seal Google's documents to prevent malicious actors from seeking to compromise Google's data sources, including data logs, internal data structures, and internal identifier systems. Public disclosure would place Google at an increased risk of cyber security threats. Reddy Decl. ¶ 6. *See, e.g.*, *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material concern[ing] how users' interactions with the Gmail system affects how messages are transmitted" because if made public, it "could lead to a breach in the security of the Gmail system"). Thus, the security threat is yet another compelling reason for this Court to seal the identified information.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 5:21-CV-02155-YGR-VKD

## IV. CONCLUSION

For the foregoing reasons, Google respectfully requests the Court seal the aforementioned portions of the Weaver Declaration and Exhibits.

Dated: August 12, 2022

COOLEY LLP
MICHAEL G. RHODES
WHITTY SOMVICHIAN
JEFFREY M. GUTKIN
AARTI REDDY
LAURA ELLIOTT
ROBBY L.R. SALDAÑA
KELSEY R. SPECTOR
REECE TREVOR
ANUPAM S. DHILLON


By: */s/ Aarti Reddy*
      Aarti Reddy

Attorneys for Defendant
GOOGLE LLC

273417300

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 5:21-CV-02155-YGR-VKD