# EXHIBIT A

# REQUESTS FOR PRODUCTION

# NOS. 46 - 49, 51, 54 - 56

COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
AARTI G. REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
COLIN S. SCOTT (SBN 318555)
(cscott@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:     +1 415 693 2000
Facsimile:     +1 415 693 2222

Attorneys for Defendant
GOOGLE LLC

COOLEY LLP
ROBBY L.R. SALDAÑA
(DC No. 1034981)
(rsaldana@cooley.com)
(*pro hac vice*)
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone:     +1 202 776 2109
Facsimile:     +1 202 842 7899

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, <br><br><br> This Document Relates to:  *all actions* | Case No. 21-cv-02155-YGR <br><br> **GOOGLE LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSES TO PLAINTIFFS'
THIRD SET OF RFPS
CASE NO. 21-CV-02155-YGR

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, seeks irrelevant information, is unduly burdensome, and is not proportional to the needs of the case because the Request is not limited in scope and encompasses aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google further objects that this Request is cumulative and duplicative of other Requests, namely, Request for Production No. 2, and therefore seeks to harass and delay the proceedings. Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

In addition, Google objects that the phrases "complaints," "information conveyed," and "manner in which Google operates its Real Time Bidding" are vague and ambiguous because they are not self-evident or defined.

Subject to the foregoing objections, Google agrees to produce, following a reasonable and diligent search for responsive material, non-privileged documents reflecting Google Account Holder complaints, if any, related to the alleged sharing of their personal and/or sensitive information with third-party participants utilizing Google's RTB.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents reflecting estimates or other calculations of the monetary value of Account Holders' Information to Google, including updates in keeping with changes to Google's terms of service, including the calculation of revenue earned by Google for Account Holders based upon bartering or selling access to such Information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

GOOGLE'S RESPONSES TO PLAINTIFFS'
THIRD SET OF RFPS
CASE NO. 21-CV-02155-YGR

proportional to the needs of the case because the Request is not limited in scope and encompasses voluminous materials that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google also objects that this Request is not limited to RTB, but instead seeks broad discovery on such amorphous topics as the "value of Account Holders' information to Google." Google further objects that this Request is premature because it seeks information that is not relevant or germane to the issues to be litigated at class certification. Google further objects that this Request for "All Documents" reflecting the referenced subject matter is overbroad. Google additionally objects to this Request as overbroad to the extent it is not limited to formal evaluations regarding the referenced subject matter. Google additionally objects that the phrase "including updates in keeping with changes to Google's terms of service" is vague, ambiguous, and unintelligible within the context of this Request. Google also objects to this Request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel. Google additionally objects that this Request is cumulative and duplicative of other Requests, namely, Request for Production No. 34, and therefore seeks to harass and delay the proceedings.

In addition, Google objects that the phrases "revenue earned by Google for Account Holders" and "bartering or selling access to such Information" are vague and ambiguous because they are not self-evident or defined. Google further objects that Plaintiffs' definition of "Account Holders' Information" makes this Request unduly burdensome and overly broad.

Subject to the foregoing objections, Google is willing to meet and confer with Plaintiffs about this Request.

**REQUEST FOR PRODUCTION NO. 47:**

Documents sufficient to establish the monetary and/or retail value of Account Holders'

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

GOOGLE'S RESPONSES TO PLAINTIFFS'
THIRD SET OF RFPS
CASE NO. 21-CV-02155-YGR

Information to Google, including all monthly, quarterly, and annual financial reporting relating to same, and including but not limited to the calculation of average revenue per user, any changes to such monetary or retail value relating to changes to Google's terms of service, and any financial reporting of Information as an asset.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case because the Request is not limited in scope and encompasses voluminous materials that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google objects to this Request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel. Google also objects that this Request is not limited to RTB, and instead seeks broad discovery concerning the "retail or monetary value" of "Account Holders' Information," "changes to Google's terms of service" and "any financial reporting of Information as an asset." Google further objects that this Request is improperly compound and contains multiple subparts. Google additionally objects that this entire Request is unintelligible, vague and ambiguous. Google further objects that this Request is premature because it seeks information that is not relevant or germane to the issues to be litigated at class certification. Google additionally objects that this Request is cumulative and duplicative of other Requests, namely, Request for Production No. 34, and therefore seeks to harass and delay the proceedings.

In addition, Google objects that the phrases "value of Account Holders' Information," "value relating to changes to Google's terms of service" and "Information as an asset" are vague and ambiguous because they are not self-evident or defined. Google further objects that Plaintiffs'

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSES TO PLAINTIFFS'
THIRD SET OF RFPS
CASE NO. 21-CV-02155-YGR

definition of "Account Holders' Information" makes this Request unduly burdensome and overly broad.

Subject to the foregoing objections, Google is willing to meet and confer with Plaintiffs about this Request.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents relating to Google's assessment of the monetary and/or retail value of Account Holders' Information to Account Holders (as distinct from value to Google), including analyses for providing compensation to Account Holders for their Content and Information, including but not limited to Account Holders compensated in connection with Google "Screenwise Trends, "Cross Media Panel," or any Google offer to compensate users for data collection and/or use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case because the Request is not limited in scope and encompasses voluminous materials that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google objects to this Request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel. Google also objects that this Request is not limited to RTB, and instead seeks voluminous discovery concerning products that are not even at issue in this case. Google additionally objects that this entire Request is unintelligible, vague and ambiguous. Google further objects that this Request is premature because it seeks information that is not relevant or germane to the issues to be litigated at class certification Google further objects

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

GOOGLE'S RESPONSES TO PLAINTIFFS'
THIRD SET OF RFPS
CASE NO. 21-CV-02155-YGR

that this Request for "All Documents" related to the referenced subject matter is overbroad. Google additionally objects to this Request to the extent it requires Google to produce documents not in its possession, custody or control. Google additionally objects that this Request is cumulative and duplicative of other Requests, namely, Request for Production No. 34, and therefore seeks to harass and delay the proceedings.

Google further objects that the phrases "Screenwise Trends," and "Cross Media Panel," and the terms "value of Account Holders' Information" and "compensation to Account Holders for their Content and Information" are vague and ambiguous because they are not self-evident or defined. Google further objects that Plaintiffs' definition of "Account Holders' Information" makes this Request unduly burdensome and overly broad.

Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 49:**

Documents sufficient to show when Google launched the "Google Screenwise Trends" program, how such program operates, amounts paid to participants in the Google Screenwise Trends program, and the value of the data received through the Google Screenwise Trends program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case because the Request is not limited in scope and encompasses voluminous materials that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB, including but not limited to "Google Screenwise Trends." Google further objects to this Request on the basis that it is compound. Google also objects that this Request is not limited to RTB, and instead concerns a product that is not even at issue in this case.

In addition, Google objects that the term "Screenwise Trends" and the phrases "how such program operates," "amounts paid to participants" and "value of the data received through" are

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

GOOGLE'S RESPONSES TO PLAINTIFFS'
THIRD SET OF RFPS
CASE NO. 21-CV-02155-YGR

vague and ambiguous because they are not self-evident or defined.

Google also objects and states that this Request is not the most appropriate vehicle of discovery for Plaintiffs to obtain the information requested.

Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 50:**

Documents sufficient to establish the economic value, in currency or any other thing of value, paid in exchange for targeted advertising that Google received in exchange for each Named Plaintiff's Information, as well as which entities paid Google and when such payments were made.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case because the Request is not limited in scope and encompasses voluminous materials that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google also objects that this Request is not limited to RTB. Google further objects that this Request is premature because it seeks information that is not relevant or germane to the issues to be litigated at class certification. Google objects to this Request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel. Google additionally objects that this Request is cumulative and duplicative of other Requests, namely, Request for Production No. 34, and therefore seeks to harass and delay the proceedings.

In addition, Google objects that the phrases "the economic value," "any other thing of value," "received in exchange for each Named Plaintiff's Information," and "entities" are vague

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

GOOGLE'S RESPONSES TO PLAINTIFFS'
THIRD SET OF RFPS
CASE NO. 21-CV-02155-YGR

and ambiguous because they are not self-evident or defined.

Google also objects and states that this Request is not the most appropriate vehicle of discovery for Plaintiffs to obtain the information requested.

**REQUEST FOR PRODUCTION NO. 51:**

Documents sufficient to establish consideration, monetary or otherwise, Google paid to any other entity for Information relating to specific consumers, including but not limited to purchase histories in online or traditional settings, including but not limited to banks, credit companies or data brokers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case because the Request is not limited in scope and encompasses materials that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google also objects that this Request is not limited to RTB, but instead purports to encompass any consideration Google has paid for any "Information relating to specific consumers." Google further objects that this Request is premature because it seeks information that is not relevant or germane to the issues to be litigated at class certification. Google additionally objects that this Request is cumulative and duplicative of other Requests, namely, Request for Production No. 34, and therefore seeks to harass and delay the proceedings.

In addition, Google objects that the phrases "establish consideration," "or otherwise," "Information relating to specific consumers," "any other entity," "purchase histories in online or traditional settings," "data brokers," and "traditional settings" are vague and ambiguous because they are not self-evident or defined.

Google also objects to this Request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google further objects to this Request to the extent it seeks information protected by

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

**GOOGLE'S RESPONSES TO PLAINTIFFS'
THIRD SET OF RFPS
CASE NO. 21-CV-02155-YGR**

the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 52:**

Documents sufficient to establish the value of any data Google received or receives for granting access to, sharing or sending Account Holders' Information or any derivative of that Information, including any estimates of value by Google or any third party, including but not limited to any venture capitalist, auditor or consultant, as well as the calculation of revenue impact, gross or net, arising out of limiting personalization of advertising, whether contextual or behavioral, including but not limited to changes arising out of limitation of the use of third party cookies, first party cookies, or other identifiers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case because the Request is not limited in scope and encompasses voluminous materials that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google further objects to this Request on the basis that it is compound and unintelligible. Google also objects that this Request is not limited to RTB. Google further objects that this Request is premature because it seeks information that is not relevant or germane to the issues to be litigated at class certification. Google also objects to this Request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information, including without limitation because it may seek documents prepared by or at the direction of legal counsel. Google further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20

GOOGLE'S RESPONSES TO PLAINTIFFS'
THIRD SET OF RFPS
CASE NO. 21-CV-02155-YGR

confidential research, development, or commercially sensitive information. Google further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.  Google additionally objects that this Request is cumulative and duplicative of other Requests, namely, Request for Production No. 34, and therefore seeks to harass and delay the proceedings.

In addition, Google objects that the phrases "all costs," "granting access, sharing or sending Account Holders' Information," and "derivative" are vague and ambiguous because they are not self-evident or defined.  Google further objects that Plaintiffs' definition of "Account Holders' Information" makes this Request unduly burdensome and overly broad.

Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 54:**

All Documents related to (1) the amount of compensation Google offered consumers who signed up for Google "Screenwise Trends," "Cross Media Panel," or any other program through which Google offered to compensate users for the ability to monitor users' activity on any device used to exchange electronic communications, including web browsing history. As used in this request, "compensation" includes cash compensation or cash equivalents including gift cards or credits that can be used for the purchase of goods or services; and (2) what a User was required to do to qualify for the various levels of compensation offered.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case because the Request is not limited in scope and encompasses voluminous materials that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB, including but not limited to "Google Screenwise Trends" and "Cross

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

22

GOOGLE'S RESPONSES TO PLAINTIFFS'
THIRD SET OF RFPS
CASE NO. 21-CV-02155-YGR

Media Panel."  Google further objects that this Request for "All Documents" related to the referenced subject matter is overbroad.  Google also objects to this Request on the basis that it is compound.  Google also objects that this Request is not limited to RTB.  Google further objects that this Request is duplicative of other discovery, including Requests for Production Nos. 48 and 34, and therefore seeks to harass and delay the proceedings.

In addition, Google objects that the terms "Screenwise Trends," and "Cross Media Panel," and the phrases "compensate users for the ability to monitor users' activity," "qualify for the various levels of compensation" and "cash equivalents including gift cards or credits that can be used for the purchase of goods or services" are vague and ambiguous because they are not self-evident or defined.

Google also objects and states that this Request is not the most appropriate vehicle of discovery for Plaintiffs to obtain the information requested.

Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 55:**

Documents related to surveys performed or commissioned by Google regarding valuation of Account Holder information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case because the Request is not limited in scope and encompasses materials that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB.  Google further objects that this Request for documents related to the referenced subject matter is overbroad.  Google also objects that this Request is not limited to RTB, but instead encompasses documents related to any surveys performed or commissioned by Google regarding valuation of Account Holder information.  Google further objects to this Request to the extent it

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSES TO PLAINTIFFS'
THIRD SET OF RFPS
CASE NO. 21-CV-02155-YGR

1    seeks documents protected by the attorney-client privilege or the work product doctrine, or any

2    other privilege or immunity.  Google also objects to this Request to the extent that it seeks the

3    disclosure of documents containing trade secret or other confidential research, development, or

4    commercially sensitive information. Google further objects to this Request to the extent it seeks

5    information protected by the attorney-client privilege, the attorney work-product doctrine, or any

6    other applicable privilege or protection, including without limitation because it may seek

7    documents prepared by or at the direction of legal counsel. Google additionally objects that this

8    Request is overbroad and seeks information that is not relevant or proportional to the needs of the

9    case, in that it is not limited to formal analyses regarding the referenced subject matter.  Google

10   additionally objects that this Request is cumulative and duplicative of other Requests, namely,

11   Request for Production No. 34, and therefore seeks to harass and delay the proceedings.

12        In addition, Google objects that the phrases "surveys performed or commissioned" and

13   "valuation of Account Holder information" are vague and ambiguous because they are not self-

14   evident or defined.  Google further objects that Plaintiffs' definition of "Account Holders'

15   Information," to the extent Plaintiffs intend for that definition to apply, makes this Request unduly

16   burdensome and overly broad.

17        Subject to the foregoing objections, Google has not conducted and will not conduct searches

18   for responsive documents, and, as a result, will not produce documents in response to this Request.

19   **REQUEST FOR PRODUCTION NO. 56:**

20        All Documents provided to Your auditors to support estimates of fair value relating to

21   Account Holders' Information.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

23        In addition to the foregoing General Objections, which Google incorporates by reference,

24   Google specifically objects that this Request is overly broad, unduly burdensome, and not

25   proportional to the needs of the case because the Request is not limited in scope and encompasses

26   materials that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of

27   Plaintiffs' and purported class members' personal information to third party participants utilizing

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24

GOOGLE'S RESPONSES TO PLAINTIFFS'
THIRD SET OF RFPS
CASE NO. 21-CV-02155-YGR

RTB.   Google further objects that this Request for "All Documents" regarding the referenced subject matter is overbroad.  Google also objects that this Request is not limited to RTB.  Google further objects that this Request is premature because it seeks information that is not relevant or germane to the issues to be litigated at class certification.  Google also objects to this Request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.  Google additionally objects that this Request is cumulative and duplicative of other Requests, namely, Request for Production No. 34, and therefore seeks to harass and delay the proceedings.

In addition, Google objects that the phrases "Your auditors," "support estimates of fair value" and "value relating to Account Holders' Information" are vague and ambiguous because they are not self-evident or defined.  Google further objects that Plaintiffs' definition of "Account Holders' Information" makes this Request unduly burdensome and overly broad.

Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 57:**

All Documents provided to Your auditors to support estimates of fair value relating to Account Holders' Information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case because the Request is not limited in scope and encompasses materials that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB.  Google further objects that this Request for "All Documents" provided to auditors regarding

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSES TO PLAINTIFFS'
THIRD SET OF RFPS
CASE NO. 21-CV-02155-YGR

# REQUESTS FOR PRODUCTION NOS. 34 AND 41

# (Contested by Google)

COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
DANIELLE C. PIERRE (SBN 300567)
(dpierre@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
COLIN S. SCOTT (SBN 318555)
(cscott@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BENJAMIN HEWITT and KIMBERLEY WOODRUFF, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>   v.<br><br>GOOGLE LLC,<br><br>          Defendant. | Case No. 5:21-cv-02155-LHK<br><br>**DEFENDANT GOOGLE LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST AND SECOND SETS OF REQUEST FOR PRODUCTION OF DOCUMENTS** |

**REQUEST FOR PRODUCTION NO. 34:**

Documents and Communications related to Google's financial statements, reports, analyses, and projections of any revenue and value Google obtains from Google Real Time Bidding, including:

    a.    Documents sufficient to identify how Google monetizes the information it collects and sells about Account Holders;

    b.    Documents sufficient to establish the revenues Google earns through Google Real Time Bidding on a weekly, monthly, quarterly and annual basis;

    c.    Documents sufficient to establish the net revenues Google earns through Google Real Time Bidding on a weekly, monthly, quarterly and annual basis;

    d.    Documents related to any pricing structure, policy, or guideline created by Google as it relates to the sale of Account Holder personal information;

    e.    Documents, studies, or other analyses by Google or third parties, including but not limited to academics, economists, accountants, auditors and consultants, relating to how Google earns revenues through Real Time Bidding; and,

    f.    For all Account Holders for whom Google has shared, sold, or disseminated their personal information to other companies through Real Time Bidding, documents sufficient to establish the amount of revenue associated with each Account Holder that Google acquired through the sharing, sale, or dissemination of each Account Holder's personal information to other companies through Real Time Bidding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects to this Request as overly broad and unduly burdensome to the extent it is not limited in scope and encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google further objects to the extent this Request is not limited to RTB. Google also objects to this Request as overly broad and unduly burdensome as the phrases "reports," "analyses," and "studies" are not limited to formal analyses.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

47

**GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK**

Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.  Google also objects to this Request to the extent it seeks information or documents equally or more readily accessible to Plaintiffs, or not in the possession, custody or control of Google.  Google further objects to this Request on the basis that it is compound.  Google also objects to this Request on the basis that it is argumentative.  Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity.

In addition, Google objects that the phrases "value Google obtains,"  "revenues Google earns through Real Time Bidding," "pricing structure," "policy," "guideline," "consultant," "disseminated," and "acquired through the sharing" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing objections, Google will conduct a reasonable search and produce responsive, non-privileged, documents sufficient to show  the monetary value, if any, of the alleged conduct.

**REQUEST FOR PRODUCTION NO. 35:**

Documents and Communications related to Google's market share in digital advertising, including documents addressing or discussing Google's or a third-party's estimates of Google's market share, and how much of that is derived from Real Time Bidding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects to this Request as overly broad and unduly burdensome to the extent it is not limited in scope and encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB.  Google further objects to the extent this Request is not limited to RTB, including "Google's market share in digital advertising."  Google also objects to this Request to the extent it seeks information or documents equally or more readily accessible to Plaintiffs, or not in the possession, custody or control of Google.  Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

48

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

1    benefit.  Google also objects to this Request to the extent it is duplicative of other requests.  Google

2    further objects to this Request on the basis that it is unintelligible.

3         In addition, Google objects that the phrases "technical processes, timing, directions,

4    commands, and flow," "re-directed," "participants in an Internet communications on web-property

5    through which an advertisement is served" are vague and ambiguous as none are self-evident or

6    defined.

7         Subject to the foregoing objections, Google will conduct a reasonable search and produce

8    responsive, non-privileged documents sufficient to show the technical processes, timing, directions,

9    commands, or flow, if any, regarding the alleged disclosure of Google Account Holder data to third

10   party participants utilizing RTB.

11   **REQUEST FOR PRODUCTION NO. 41:**

12        For all Account Holders for whom Google has shared sold, or disseminated their personal

13   information to other persons or entities through Real Time Bidding, including for Account Holders

14   for whom Google has shared, sold or disseminated their personal information through a VTSP

15   property, those using the Chrome web-browser, and those using a Android operating system:

16        a.    Documents sufficient to establish the amount of revenue associated with each

17              Account Holder;

18        b.    All Bid Requests associated with each Account Holder;

19        c.    All bid responses associated with each Account Holder;

20        d.    All winning bids and the identity of the winning bidder associated with each

21              Account Holder;

22        e.    The value paid for each Bid Request associated with each Account Holder;

23        f.    The resulting ad(s) that was displayed to each Account Holder; and,

24        g.    The contents of each Bid Request disclosure about each Account Holder that Google

25              made to other companies.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

27        In addition to the foregoing General Objections, which Google incorporates by reference,

28   Google specifically objects to this Request as overly broad and unduly burdensome to the extent it

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

53

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

is not limited in scope and encompasses other aspects of RTB that have no relation to Plaintiffs'

central allegations regarding the alleged disclosure of Plaintiffs' and purported class members'

personal information to third party participants utilizing RTB.  Accordingly, the Request is not

proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely

benefit.  Google further objects to this Request because it is argumentative, and to the extent it calls

for a legal conclusion with respect to the meaning of "Video Tape Service Providers."  Google also

objects to this Request to the extent it is not limited to the named Plaintiffs and, instead, seeks

information and documents relating to individual putative class members when no class has been

certified.  Google further objects to this Request to the extent it seeks documents protected by the

right of privacy under the California Constitution, Article I, Section 1.  At this stage of the

proceedings, the privacy rights of non-party putative class members and the undue burden imposed

on Google outweigh Plaintiffs' purported need for the requested information.  *See Nevarez v. Forty*

*Niners Football Co., LLC*, No. 16CV07013-LHK-SVK, 2018 WL 306681, at *2 (N.D. Cal. Jan. 5,

2018) (holding that when a party seeks pre-certification discovery that may implicate the privacy

concerns of putative class members, "a court 'must balance the party's need for the information

against the individual's privacy right . . .'") (internal citation omitted).  Moreover, Plaintiffs are not

entitled to discovery to obtain the identity of putative class members prior to class certification

unless it is relevant to issues of class certification.  *See Knutson v. Schwan's Home Serv., Inc.*, No.

3:12-cv-0964-GPC-DHB, 2013 WL 3746118, at *4 (S.D. Cal. July 15, 2013) (citing *Oppenheimer*

*Fund, Inc. v. Sanders,* 437 U.S. 340, 354 (1978)) (("[T]he dispositive issue was not whether the

sought after lists contained the names and addresses of class members, but whether that list bore

any relevance to appropriate questions of law" related to class certification).  Google further objects

to this Request on the basis that it is compound.  Google also objects to this Request to the extent

it is duplicative of other requests—namely Request for Production No. 22.  Google further objects

to this Request to the extent it seeks documents protected by the attorney-client privilege or the

work product doctrine, or any other privilege or immunity.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

54

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

In addition, Google objects that the phrases "other persons or entities," "amount of revenue associated with each Account Holder," "value paid," and "Bid Request disclosure" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing objections, Google responds that, to the best of its current knowledge, no information it possesses by virtue of any person having a Google Account was shared with any third-party participant utilizing RTB. Moreover, this appears to be a request for comprehensive RTB transaction data that would be literally impossible to gather and produce. Google accordingly has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

All Information Google has collected, created associated and derived, and continues to collect, create, associate and derive, regarding Plaintiffs, including but not limited to: authenticated and unauthenticated personal identifiers and device, browser, and other identifiers (including IP address) associated with Plaintiffs and their devices; data associated with those identifiers, including browsing history, ad history, communications history, Google account sign-in history, Chrome Sync history; derived data; appended data; associated verticals and segments; embedded data; all data contained in user profiles, interest profiles, interest graphs; and, authenticated and unauthenticated data (this request will be supplemented with any currently known identifiers upon entry of a protective order governing the exchange of discovery).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects to this Request as overly broad and unduly burdensome to the extent it is not limited in scope and encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB, including but not limited to "Google account sign-in history" and "Chrome sync history." Google also objects to the extent this Request is not limited to RTB. Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google further objects to this

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

55

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK