| | |
|---|---|
| COOLEY LLP | COOLEY LLP |
| MICHAEL G. RHODES (SBN 116127) | ROBBY L.R. SALDAÑA (DC No. 1034981) |
| (rhodesmg@cooley.com) | (rsaldana@cooley.com) |
| WHITTY SOMVICHIAN (SBN 194463) | (*Admitted pro hac vice*) |
| (wsomvichian@cooley.com) | KHARY J. ANDERSON (DC No. 1671197) |
| JEFFREY M. GUTKIN (SBN 216083) | (kjanderson@cooley.com) |
| (jgutkin@cooley.com) | (*Admitted pro hac vice*) |
| AARTI REDDY (SBN 274889) | 1299 Pennsylvania Avenue, NW, Suite 700 |
| (areddy@cooley.com) | Washington, DC 20004-2400 |
| LAURA M. ELLIOTT (SBN 286702) | Telephone:   +1 202 842 7800 |
| (lelliott@cooley.com) | Facsimile:   +1 202 842 7899 |
| KELSEY R. SPECTOR (SBN 321488) | |
| (kspector@cooley.com) | |
| REECE TREVOR (SBN 316685) | |
| (rtrevor@cooley.com) | |
| ANUPAM S. DHILLON (SBN 324746) | |
| (adhillon@cooley.com) | |
| 3 Embarcadero Center, 20th floor | |
| San Francisco, CA 94111-4004 | |
| Telephone:   +1 415 693 2000 | |
| Facsimile:   +1 415 693 2222 | |

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, <br><br> This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD <br><br> **GOOGLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (ECF NO. 290)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3), Google LLC ("Google") respectfully submits this Response to Plaintiffs' Administrative Motion ("Google's Response") to Consider Whether Another Party's Materials Should be Sealed (ECF No. 290) in connection with the joint letter brief regarding Google's production of damages discovery (the "Joint Letter Brief") (ECF No. 291).

The cited portions of the Joint Letter Brief reflect information disclosed in this action that has been marked as "Confidential." As set forth below and in the accompanying Declaration of Laura Elliott ("Elliott Decl."), Google confirms the confidentiality of these documents. Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below:

| Document | Text to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| Joint Letter Brief (ECF No. 291) | Portions highlighted at pages 2 and 7 | Google |

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the information is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

Briefing for a discovery motion is non-dispositive, and thus the good cause standard applies here. *See, e.g.*, *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-cv-02306-EDL, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("Because the sealing requests were made in conjunction with a

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

nondispositive discovery motion, a showing under the good cause standard will suffice."); *Calhoun v. Google*, No. 20-cv-05146, ECF No. 327, at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."). The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824-BLF, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)). Notably, under this standard, "[r]ecords attached to nondispositive motions are not subject to the strong presumption of access." *TVIIM, LLC v. McAfee, Inc.*, No. 13-cv-04545-HSG, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) (citation omitted).

### III. GOOD CAUSE WARRANTS SEALING PORTIONS OF THE JOINT LETTER BRIEF.

Google asks this Court to seal portions of the Joint Letter Brief that contain information derived from Google's confidential, proprietary information. Under the good cause standard, Google's sealing request should be granted.

As an initial matter, the proposed redactions to the Joint Letter Brief are narrowly tailored to encompass only the specific portions that qualify as confidential information, and therefore do not "unduly limit[] public access." *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST-NC, 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

Moreover, good cause exists to support each of Google's narrow sealing requests. **First**, the Joint Letter Brief cites an internal Google document that has been produced in this matter. This document contains confidential, sensitive information concerning Google's data signals, internal strategy and business practices, including details related to internal projects and investigation into the financial impact of certain features, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Elliot Decl. ¶¶ 3–4. Public disclosure of this information could give Google's competitors an unfair advantage. *Id.* For these reasons, Courts in this District routinely grant requests to seal this type of information. *See, e.g., Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, ECF No. 192, at 3–9

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

(N.D. Cal. May 3, 2017) (granting motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system).

*Second*, the Joint Letter Brief cites the Declaration of Stanislav Belov ("Belov Declaration") in Support of Google's Opposition to Plaintiffs' Brief Regarding Targeted Use of *Calhoun* Discovery in *In Re Google RTB Consumer Privacy Litigation*. Joint Letter Brief at 7. The Court in *Calhoun* sealed the Belov Declaration. Elliott Decl. at ¶ 5. As Google explained in its Motion to Seal this information in *Calhoun*, the Belov Declaration contains Google's confidential and proprietary information related to Google's internal systems and operations, disclosure of which could harm the company's competitive advantage and increase its risk of facing cybersecurity threats. *Calhoun*, ECF No. 711 at 2. Specifically, the Belov Declaration contains information about Google's internal analysis of confidential documents produced in litigation, internal projects, internal identifiers, logs, and their proprietary structures and functionalities as well as internal metrics. *Id*. The same reasoning applies here, and because the Joint Letter Brief quotes a portion of the Belov Declaration that is under seal in *Calhoun*, the Court should find that sealing is warranted in this instance. *Free Range Content, Inc.*, ECF No. 192, at 3–9; *In re Google Inc. Gmail Litig.*, No. 13-md-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems).

## IV.  CONCLUSION

For the foregoing reasons, Google respectfully requests the Court seal the aforementioned portions of the Joint Letter Brief.

Dated: August 15, 2022                    COOLEY LLP

By: */s/ Laura Elliott*
Laura Elliott

Attorney for Defendant
GOOGLE LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 4:21-CV-02155-YGR-VKD