**PRITZKER LEVINE LLP**
ELIZABETH C. PRITZKER (SBN146267)
(ecp@pritzkerlevine.com)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110

*Interim Lead Class Counsel*

*Additional counsel listed on signature page*

**COOLEY LLP**
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
LAURA M. ELLIOTT (SBN 286702)
(lelliott@cooley.com)
KELSEY SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Tel: (415) 693-2000
Fax: (415) 693-2222

*Counsel for Defendant Google LLC*

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION*<br><br>This document applies to all actions. | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Next CMC: August 22, 2022**<br>**At 2:00 p.m.**<br>**(By Videoconference)** |

Plaintiffs in the above-entitled consolidated actions and Defendant Google LLC ("Google") (together, "Parties"), by and through their respective counsel of record, hereby jointly submit this Joint Case Management Conference Statement, reporting on their progress since the last statement was filed on February 4, 2022 (Dkt. No. 146).

## 1.    CASE SUMMARY

### a.   Plaintiffs' Summary of Claims and Case Status

Plaintiffs are Google Account holders who allege that Google collects, observes, and analyzes data from everyone using any of its services and platforms.  *See* Consolidated Amended Class Action Complaint ("CACC") ¶ 9. This data is then disseminated and sold through Google RTB, which functions as an auction.  ¶¶ 3, 6.  Through Google RTB, Google solicits participants to bid on sending an ad to a specific individual ("the target").  ¶ 6. Google provides highly specific information about the target in the bid request provided to RTB auction participants, including data that identifies the individual being targeted through unique identifiers, device identifiers, geolocation, IP address, cookie match, and other information.  *Id*.  Google also provides the specific content of account holders' internet communications and highly detailed personal profile information about peoples' interests, race, religion, sexual orientation, and health status. ¶¶ 12, 13. Once RTB participants receive the information about the target they compete for ad space to send the target an advertisement at a specific price.  ¶ 7.  Google is paid by the winning bidder.  *Id.* All RTB participants, even those who do not win and those who do not place a bid, are able to collect the target's data.  *Id.*

Plaintiffs filed their CACC on August 27, 2021, asserting twelve individual and class claims.  *See* Dkt. No. 80. Pursuant to a Sept. 2, 2021 Case Management Order, the Parties selected eight of the twelve claims asserted in the CACC to be litigated through trial.[1]  *See* Dkt. No. 83 at 1. The eight claims are: (1) breach of contract (Count 1); (2) breach of covenant of good faith and fair dealing (Count 2); violation of the Article 1, § 1 of the California Constitution (invasion of privacy) (Count 4); intrusion upon seclusion (Count 5); publication of private information (Count 6); breach of confidence (Count 7); violation of the California Information Privacy Act, Cal. Penal Code §§ 630-

---

[1] Plaintiffs reserved all rights with respect to their four remaining claims in the CACC, including their right to litigate those claims through trial.  *See* Dkt. No. 91, at p. 2.

638 (Count 8); violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511—unauthorized interception, use and disclosure by an Electronic Communications Service (ECS) (Count 10).  *See* Dkt. No. 91.

Google's motion to dismiss the CACC under Fed. R. Civ. P. 12(b)(6) was filed on October 2, 2021, and fully briefed by November 19, 2021.  *See* Dkt. Nos. 93, 103, 122.  On June 13, 2022, the Court granted in part and denied in part the motion.  *See* Dkt. No. 233.  The Court dismissed Plaintiffs' breach of covenant of good faith and fair dealing claim (Count 2), but upheld all seven of the other claims that were the subject of the motion (Counts 1, 4-8, 10).  *Id.*

Google filed its Answer on July 15, 2022, asserting consent, statute of limitations/laches, unjust enrichment, failure to mitigate, waiver/estoppel/limitation of liability, justifiable invasion of privacy, necessary incident to rendition of services, and unconstitutional compensatory and punitive damages as affirmative defenses.  *See* Dkt. No. 258.

> ### b.  Google's Position on Plaintiffs' Claims

Google is a provider of advertising services on the Internet, including through its Real-Time Bidding system ("RTB"), which is an auction process that allows advertisers (or ad agencies or other ad vendors) to buy digital advertising space (also called "ad impressions") available on websites (often called "publishers"). For example, when an ad impression becomes available on a publisher's website, advertisers using RTB receive information about the impression via a bid request. The advertiser analyzes the information and then responds with an ad creative and bid. The winning bidder's advertisement is then displayed to the websites' visitors nearly instantly.  Plaintiffs allege that, as part of RTB, Google, without authorization, sells or otherwise discloses to third-party companies that are participating in RTB personal and sensitive information about U.S. Google account holders ("Account Holders,"), including their "browsing history" and "personally identifiable information."  Not so.  While Google does not believe this joint statement is the appropriate vehicle to provide a detailed refutation of Plaintiffs' allegations, as a general matter, Google denies that RTB operates in the manner alleged and denies that Google sells or otherwise shares Google Account Holder's personal or sensitive information with third parties utilizing RTB without users' consent. Google takes seriously its responsibility to protect the privacy of its users.

1   Google further denies that it has violated any laws or that Plaintiffs are entitled to any relief

2   whatsoever.

3        While this case has been related to *Brown v. Google LLC*, No. 20-CV-03664-YGR, and

4   *Calhoun v. Google LLC*, 20-CV-05146-YGR, this action concerns legal and factual issues that

5   are entirely distinct from those matters. As Plaintiffs themselves have previously recognized, the

6   instant action concerns Google's allegedly improper disclosure of certain data to third parties,

7   whereas *Calhoun* and *Brown* concern Google's allegedly improper collection of user data. *See*

8   Dkt. No. 40 at 2, n.1 ("The *Hewitt* and *Delahunty* actions concern Google's alleged disclosure of

9   individuals' personal information through the Google Real-Time Bidding advertising process.

10  Unlike those cases, *Brown* and *Calhoun* assert claims based on Google's taking of information

11  from individuals using the Chrome browser, and do so on behalf of distinct classes."); Feb. 11,

12  2022 Tr. at 38:19-23 (statement from lead Plaintiffs' counsel in a hearing before this Court that

13  this case "challenge[s] a different practice, a different premise. [I]t is . . . about dissemination

14  and sale of private data as opposed to collection."). Google reserves all rights to identify additional

15  factual disputes.

16        **2.    MOTIONS**

17             a.  *Pending or Scheduled Motions*

18             1.    The Parties' Discovery Disputes:  As of the date of the filing of this statement,

19  there are two discovery disputes pending before Magistrate Judge DeMarchi on the following

20  disputed discovery items: (1) Plaintiffs' requests for production of Named Plaintiff Data (*see* Dkt.

21  No. 268-3); and (2) Plaintiffs' requests for production of certain Google RTB-related revenue,

22  damages and transactional information. (*see* Dkt. No. 290-3). Judge DeMarchi has set a hearing on

23  one of these discovery disputes (Dkt. No. 269) for August 23, 2022 at 10:00 a.m.  *See* Dkt. No. 276.

24  Google has also moved to strike *Calhoun* discovery and a declaration Plaintiffs submitted in

25  connection with the discovery letter brief filed at Docket No. 268-3. *See* Dkt. No. 274.  Google

26  anticipates moving to strike additional *Calhoun* discovery and a declaration Plaintiffs filed in

27  connection with the discovery letter brief at Docket No. 293.

28

2.    Plaintiffs' Motion for Class Certification:   Under the current case schedule entered by the Court on June 1, 2022, Plaintiffs' class certification motion is scheduled to be filed on Sept. 26, 2022, and be fully briefed by January 12, 2023. *See* Dkt. No. 221.

Plaintiffs' Position:

This schedule was predicated on document production by the Parties being substantially complete by no later than July 11, 2022. *Id*. Because of the ongoing discovery issues and disputes, discussed more fully in Section 6 (Discovery) below, Google has not substantially completed its document production. Most of the discovery sought by Plaintiffs for class certification purposes, including the Named Plaintiff Data and specified documents and data from which Plaintiffs' experts may calculate or estimate class damages, remains unproduced.  In light of these discovery issues, proceeding with class certification and all further dates on the current schedule will be prejudicial to Plaintiffs, who have the burden of proof generally, and specifically on class certification.  Plaintiffs propose a new case schedule in Section 15 (Scheduling) below, which generally extends the deadline for the class certification motion (and all subsequent deadlines in the case) by 3-4 months.

Google's Position:

The Parties mutually agreed upon and filed a short extension of the case schedule that contemplated completion of fact discovery by July 11, 2022. *See* Dkt. No. 221 at 2.  Pursuant to that schedule and contrary to Plaintiffs' statement above, Google has substantially completed document production and does not believe that any of the Parties' present discovery disputes warrant extension of the case schedule.  As discussed more fully below in Section 6 (Discovery), many of those disputes relate to settled issues that Plaintiffs seek to serially relitigate.  Plaintiffs have taken no depositions, served 65 additional requests for production in just the last six weeks, and only moved to compel additional Named Plaintiffs' data on July 29.  Thus, Plaintiffs' purported need to obtain discovery they could have taken before does not justify a schedule change.  Accordingly, Google opposes the new case schedule proposed by Plaintiffs in Section 15 (Scheduling) below.

3.    Plaintiffs' Motion for a Discovery Magistrate Case Management Conference and "Science Hour"

Plaintiffs' Position:

1    On July 8, 2022, Plaintiffs filed a motion for a case management conference before Magistrate

2    Judge DeMarchi to address how best to implement this Court's June 24, 2022 Order (Dkt. No. 242),

3    which allows designated counsel in the related *Calhoun* matter to submit information demonstrating

4    the need for *Calhoun*-produced discovery in this action or that Google is misrepresenting the record

5    to the Magistrate Judge, and proposes a science presentation by the Parties' experts.  *See* Dkt. No.

6    252. Google opposes the motion. Magistrate Judge DeMarchi has not ruled on the motion.

7         Google's Position:

8         Google opposes Plaintiffs' proposal for a "science hour," which contemplates that Plaintiffs

9    will present testimony from *Calhoun* experts before expert discovery in this action has commenced

10   and without advance notice to Google regarding the specific discovery Plaintiffs intend to present to

11   Judge DeMarchi.  Dkt. No. 252 at 2-3.  As discussed in further detail below in Section 19 (Other

12   Matters), because Plaintiffs have continued to cite voluminous *Calhoun* discovery in virtually every

13   discovery dispute without prior leave of Court, Google believes that Plaintiffs are not complying with

14   this Court's Order Denying Plaintiffs' Motion for Targeted Use of *Calhoun* Discovery in *In re Google*

15   *RTB* (Dkt. No. 242, ("Cross-Use Order")), and that it would be most efficient for Judge DeMarchi to

16   resolve the relevance of *Calhoun* discovery in a streamlined fashion.  Accordingly, Google proposed

17   its own procedure for the advance identification of materials for cross-use, followed by orderly

18   written presentation of disputes.  Dkt. No. 254 at 3.  Judge DeMarchi recently issued a ruling

19   indicating that both Parties should be prepared to discuss these competing proposals at an upcoming

20   hearing scheduled for August 23.  (Dkt. No. 287 at 6.)

21         b.  *Anticipated Motions*:

22         Plaintiffs' Position:

23         There are four other discovery disputes still being discussed by the Parties that are likely to

24   require the assistance of Magistrate Judge DeMarchi in order to be resolved (*see* Section 6 below).

25   Plaintiffs may file other motions as appropriate.

26         Google's Position:

27

28

1    As necessary, Google will oppose Plaintiffs' anticipated motion for class certification, and

2    may file further motions to compel discovery, a motion for summary judgment, and other motions as

3    appropriate.

4         **3.    AMENDMENT OF PLEADINGS**

5    The deadline to amend the pleadings or add parties was February 25, 2022.  *See* Dkt. No. 83.

6         **4.    EVIDENCE PRESERVATION**

7    The Parties represent that they have taken reasonable and proportionate steps to preserve

8    evidence relevant to this litigation.  The Parties have reviewed the Northern District of California

9    Guidelines Relating to the Discovery of ESI and, pursuant to Fed. R. Civ. P. 26(f), have discussed

10   generally the preservation of relevant evidence.  Plaintiffs have requested that Google preserve certain

11   event-level log data beyond Google's standard retention periods.  Google has assured Plaintiffs that

12   such data and other documents and data relevant to this litigation have been preserved.

13        **5.    DISCLOSURES**

14   The Parties exchanged initial disclosures, as required by Fed. R. Civ. P. 26(f), on June 22,

15   2021. Plaintiffs provided supplemental initial disclosures on July 26, 2022.   Google served its

16   supplemental initial disclosures on August 12, 2022.

17        **6.    DISCOVERY**

18        *a.   Fact Discovery Substantial Completion and End Dates*

19   One June 1, 2022, this Court entered an order pursuant to the Parties' stipulation revising the

20   case schedule, establishing July 11, 2022 for the Parties to substantially complete their document

21   productions, and March 24, 2023 as the fact discovery cut-off date.

22        *b.   Discovery Taken to Date*

23             *i.   Requests for Production of Documents:*

24                  1.   Plaintiffs' RFPs:

25   Plaintiffs' Position:

26   Obtaining document discovery from Google has been extraordinarily slow and contentious.

27   Plaintiffs have served five sets of requests for production of documents on April 26, 2021 (First Set),

28   May 17, 2021 (Second Set), October 1, 2021 (Third Set), June 29, 2022 (Fourth Set), and July 25,

2022 (Fifth Set). Google provided responses and objections to Plaintiffs' First and Second Sets of RFPs on June 22, 2021, Plaintiffs' Third Set of RFPs on February 7, 2022, and Plaintiffs Fourth Set of RFPs on July 29, 2022. Google has until August 24, 2022 to response to Plaintiffs' Fifth Set of RFPs.  Google has objected to virtually every discovery request.  Google's objections to Plaintiffs' First, Second and Third Sets of RFPs have all resulted in discovery motion practice before Judge DeMarchi. The Parties are meeting and conferring on Google's responses and objections to Plaintiffs' Fourth Set of RFPs; however, Plaintiffs anticipate this discovery set also will result in motion practice before Magistrate Judge DeMarchi.  Most of the discovery Plaintiffs have sought, both for class certification and merits purposes, remains withheld by Google.

Google has not met the court-ordered July 11, 2022 substantial production deadline.  When the parties were last before the Court on June 1, 2002,  Google had produced only 51,175 documents, which the Court described as follows: "*Well, you have not even produced very much. Fifty thousand documents, that's nothing*."  R.T. of Hearing on 6/1/22 at 12:13-15 (italics added).  As of the filing of this statement, Google's production has barely changed, and now totals only **55,315** documents.  No discovery specific to the Named Plaintiffs has been produced.  Discovery going to the calculation of Plaintiff and Class damages is almost non-existent.

Google's Position:

Google met the Parties' initial substantial completion of document production deadline of April 21, 2022.  Following this initial deadline, Judge DeMarchi resolved five discovery disputes, (Dkt. Nos. 184, 185, 189, 190, 192), consistently holding that Plaintiffs' discovery demands are overbroad and limiting discovery accordingly.  *See, e.g.*, Dkt. No. 184 at 8 (rejecting Plaintiffs' request as to RFP 35 noting "the Court agrees that the scope of this request is too broad and must be limited"); Dkt. No. 189 (noting that RFPs 46-49, 51, 54-56 "are not limited to . . . discovery of information that will allow them to calculate or estimate the value of account holder information" allegedly shared with third parties via RTB); June 7 Tr. at 16:1, 20:17, 32:25-33:3 (characterizing Plaintiffs' deposition topics as "ridiculously overbroad" and stating that "the arguments that are being made to me . . . are undermined somewhat by the extreme breadth of discovery.  It's just – it's way overbroad.").  The Parties then negotiated a short extension of the case schedule and agreed to a new

substantial completion deadline (July 11, 2022) to perform limited supplemental productions consistent with Judge DeMarchi's discovery orders.  Dkt. No. 221.  Google has substantially completed its document production pursuant to that deadline, it began producing data specific to the named Plaintiffs last month, with substantial additional named-Plaintiff specific data to come this week (as Plaintiffs admitted in the briefing pertaining to that dispute (Dkt. No. 268-3 at 1-2)), and it is Google's position that neither of the two pending discovery disputes warrant further extension of the case schedule.

The first of the two pending discovery disputes seeks to re-litigate issues from Plaintiffs' prior Sets of Requests for Production that Judge DeMarchi has already decided.  *See* Dkt. No. 290-3 (joint letter brief re-litigating, *inter-alia*, RFPs, RFP Nos. 46-49, 51, 54-56, decided by the Court at Dkt. Nos. 189 and 217).)  The second dispute concerns Plaintiffs' Motion to Compel further production of additional Named Plaintiff Data.  Dkt. No. 269.  Plaintiffs contend that this discovery is critical to their motion for class certification, but Plaintiffs chose to delay bringing a motion to compel.

Finally, that Plaintiffs have only recently served 65 new Requests for Production and anticipate raising disputes as to Google's responses regarding these latest Requests is not a basis to extend the case schedule.

2. Google's RFPs

Google's Position:

Google served two sets of Requests for Production on Plaintiffs: the first was served June 8, 2021 and November 5, 2021, and the second was served November 26, 2021 and corrected on December 6, 2021.  Google also served a separate set of Requests for Production on Plaintiffs Hewitt and Woodruff on September 1, 2021, shortly after the case was consolidated.

Plaintiffs' productions to date have consisted almost exclusively of junk email and, despite Plaintiffs' contention below, suffer from critical deficiencies, including failure to produce data that Plaintiffs reference in the Consolidated Amended Complaint.  In addition, Plaintiffs were ordered by Judge DeMarchi to produce forensic images of their devices to show certain settings and other information, *see* Dkt. No. 185 at 3-4, but their forensic images have considerable gaps and do not

1  comply with Judge DeMarchi's order.   Further, Judge DeMarchi ordered Plaintiffs to produce

2  documents sufficient to show various settings, and Plaintiffs' productions have considerable gaps

3  here too and do not comply with Judge DeMarchi's order.  *See* Dkt. 190 at 2.  The Parties are in the

4  process of meeting and conferring on those issues, as well as others.

5         Finally, Judge DeMarchi ordered Plaintiffs to complete submission of their Stored

6  Communications Act ("SCA") consent forms by May 2, 2022 so that Google could access certain

7  information in Plaintiffs' Google accounts.   Dkt. No. 185 at 6.   While these consent forms also

8  authorize Google to produce data about the named Plaintiffs that Google has agreed to produce within

9  the scope of the claims and defenses presented in this case, these forms do not require Google to

10  produce *any and all* information on the named Plaintiffs.

11         Plaintiffs' Position:

12         Plaintiffs have produced all responsive documents and information in their possession,

13  custody or control.  There is nothing further to produce.  As of the July 11, 2022 substantial production

14  deadline, Plaintiffs have produced **97,808** documents consisting of **826,415** pages.  In addition, at

15  great expense, Plaintiffs have produced extensive forensic images of device settings and related data

16  from the Plaintiffs' computers, tablets and smartphones, and provided their respective device and

17  cookie identifiers.   Plaintiffs have been conferring with Google on an ongoing basis to resolve issues

18  as they arise concerning these forensic images, which Plaintiffs believe are very few and non-

19  substantive.   Plaintiffs also executed and provided to Google, at its request, Stored Communications

20  Act release forms giving consent to search for and collect from Google's own systems, and produce

21  same to Plaintiffs and counsel, the Named Plaintiff Data that Google has preserved in its systems and

22  databases.  Google has gathered this data, but not produced any of it to Plaintiffs.

23                    *i.  Interrogatories*

24              1.  Plaintiffs' Interrogatories

25         On April 6, 2022, Plaintiffs served a First Set of Interrogatories.   Google served responses

26  and objections to this discovery set on May 19, 2022.  The Parties have met and conferred on these

27  interrogatories, but disputes remain.  If the Parties are unable to resolve these disputes, they will bring

28  the matter to Magistrate Judge DeMarchi for resolution.

2. <u>Google's Interrogatories</u>

<u>Google's Position:</u>

Google served its First Set of Interrogatories on Plaintiffs on November 26, 2021. Plaintiffs have yet to provide any substantive responses to those Interrogatories. Despite Plaintiffs' assertion for the first time in this statement, these Interrogatories would not be satisfied by the forensic images required by Judge DeMarchi's April 29, 2022 order, even if the forensic images were adequate, which they are not. The Parties are in the process of meeting and conferring on these Interrogatories and Google will present any unresolved disputes to Judge DeMarchi promptly.

<u>Plaintiffs' Position:</u>

On November 26, 2021, Google served a First Set of Interrogatories on the Consolidated Plaintiffs. Plaintiffs served responses and objections to those Interrogatories on January 19, 2022. To the extent these interrogatories overlap with identification of the Named Plaintiff device settings, Account Holder ids, cookie and device identifiers, and materials obtained through forensic imaging, per Magistrate Judge DeMarchi's direction in her April 24, 2022 Order (Dkt. No. 190), Plaintiffs have satisfied these interrogatories and are continuing to work with Google to resolve any forensic image issues as they arise.

*ii. Plaintiffs' Non-Party Subpoenas*: Starting on July 1, 2021, Plaintiffs served subpoenas on approximately 50 entities that Plaintiffs' expert identified as entities that participate in the Google RTB auction. Plaintiffs' counsel have since been meeting and conferring with these non-party entities and/or their counsel to secure compliance, and have provided Google with non-party productions received to date consistent with the obligations under Fed. R. Civ. P. 45. Google has requested copies of all documents produced by non-parties.

*iii. Depositions:*

1. <u>Plaintiffs' Noticed Depositions</u>: Plaintiffs served Google with a draft Rule 30(b)(6) deposition notice seeking testimony about data disclosed through, and revenue derived from, Google RTB, including the value of and revenue derived from Account Holder information shared through RTB. Google objected to several topics and refused to produce a representative until disputes regarding all topics were resolved. The Parties briefed their dispute to Magistrate Judge

1    DeMarchi on May 26, 2022 (Dkt. No. 209), who issued an order on June 24, 2022 limiting the scope

2    of topics proposed in Plaintiffs' notice.  The Parties met and conferred and Plaintiffs reissued a Rule

3    30(b)(6) notice seeking testimony on a limited range of agreed-upon topics, setting that deposition

4    for an August date to follow the July 11, 2022 substantial production deadline, as Magistrate Judge

5    DeMarchi directed.

6            Plaintiffs' Position:

7            When Google did not produce the Named Plaintiff Data requested by Plaintiffs by the July

8    11, 2022 substantial production date, Plaintiffs pulled the deposition so that it could be reset after this

9    data production had been completed.  As noted, there is a dispute with respect to the Named Plaintiff

10   Data that the Parties have briefed and that is set for hearing on August 23, 2022.  *See* Dkt. Nos. 269,

11   276.  Google has also since stated its position that Plaintiffs are entitled to a single Rule 30(b)(6)

12   deposition of not more than seven hours for the entire case. To the extent that remains Google's

13   position, Plaintiffs will seek guidance and direction from Magistrate Judge DeMarchi on this issue.

14           Google's Position:

15           Plaintiffs' lack of progress on depositions is a problem of Plaintiffs' own creation.  Although

16   Google substantially completed its document production, to date, Plaintiffs only noticed a Rule

17   30(b)(6) deposition and a single individual deposition.  And while Google previously offered early

18   August dates for those depositions, Plaintiffs chose not to proceed with any depositions on the basis

19   that Google has not yet produced certain individual named-Plaintiff data.  This is so even though the

20   30(b)(6) deposition encompassed a range of topics that were not relevant to the named Plaintiffs'

21   individual data.

22           When Plaintiffs called off the depositions, Google informed them that they were refusing to

23   proceed at their peril.  Given that Plaintiffs have only ever requested the Rule 30(b)(6) deposition and

24   one individual deposition, there should be no difficulty completing those depositions under the

25   current schedule.

26                        2.   Google's Noticed Depositions

27           Google's Position:

28

1    Google noticed the depositions of Plaintiffs Kevranian and Suwol on May 4, 2022 and has

2    asked for proposed dates to complete all remaining Plaintiffs' depositions before the class

3    certification motion filing.  Plaintiffs have refused to appear for deposition, based on their demand

4    for production of additional Named Plaintiff Data.  Google has already assured Plaintiffs (1) it will

5    only rely on data it has already produced (as discussed above, Google has already produced named-

6    Plaintiff specific data) or that Plaintiffs have equal access to in conducting the depositions, and (2)

7    that it will depose each Named Plaintiff only once.  Accordingly, there is no valid basis to delay

8    Plaintiffs' depositions.  The Parties are in the process of meeting and conferring on these issues, but

9    Google believes the Parties can complete these depositions under the current schedule.

10       Plaintiffs' Position:

11       The parties are conferring to address scheduling, including Plaintiffs' request that Google

12   complete production of each deponent's documents and data in advance of any deposition. Plaintiffs

13   do not have equal access to the Named Plaintiff Data that is solely in Google's possession, and Google

14   has not produced any of this Named Plaintiff Data to date.  Plaintiffs also request that Google confirm

15   that each Plaintiff will only be deposed once, in light of Google's preference that depositions precede

16   the class certification motion.

17            *iv.   Privilege Log Issues*

18       Plaintiffs' Position:

19       On July 11, 2022, Google produced a Privilege Log in which Google has logged 8,048

20   withheld documents, and 1847 redacted documents out a total number of 53,315 documents produced,

21   meaning that 18.5 percent of Google's production contains withheld or redacted information. Google

22   has not provided any subject-line information or the position and titles of the authors/recipients in its

23   Log, arguing that the ESI Protocol does not require Google to provide this information, and for 4,040

24   individual entries, Google does not identify any counsel in the description.  In addition, Plaintiffs

25   have identified at least 518 documents in Google's production that contain redactions for privilege

26   that were not included on its Log.  Plaintiffs also have identified numerous documents that appear to

27   have been redacted for relevance and/or for personal information in contravention of the ESI

28   Protocol's requirements.  Plaintiffs have conferred with Google about these deficiencies, including

most recently by letter dated August 2, 2022.  To the extent disputes remain that cannot be resolved through informal meet and confer efforts, Plaintiffs will bring the issue to Magistrate Judge DeMarchi for resolution.

Google's Position:

On December 7, 2021, the Court entered the Parties' Stipulated Order re: Discovery of Electronically Stored Information (Dkt. No. 125), which provides that the Parties' privilege logs shall identify the "date, author, and recipient(s) . . . , as well as the production number of each redacted document or a privilege log number for each withheld document, and state the basis for withholding or redacting the document."  Google's privilege log complies with this Order.  With regard to documents redacted for relevance or personal information, Google is preparing a separate log for such documents and will produce that log to Plaintiffs in due course.  With regard to the other documents referenced in Plaintiffs' August 2, 2022 letter, Google intends to respond to Plaintiffs' letter this week.  However, Plaintiffs' letter identifies numerous documents that already appeared on a privilege log, that do not need to be logged, or that will appear on a forthcoming privilege log.

c.  *Rule 502(d) Order*

On August 10, 2022, Judge DeMarchi entered a Rule 502(d) Order.  *See* Dkt. No. 285.

## 7.    CLASS ACTIONS

The Parties have reviewed the Procedural Guidance for Class Action Settlements.

Plaintiffs' Additional Statement pursuant to Civil L.R. 16-9(b): This action may proceed under Fed. R. Civ. P. 23(b)(2), (b)(3) and/or (c)(4). Plaintiffs will seek certification of a domestic class of all Google Account Holders who used the Internet on or after Google began using RTB in a manner that disclosed Account Holders' personal information. In the CACC, Plaintiffs (which include one minor Plaintiff represented here by their guardian ad litem) plead facts specific to their experiences, *see* CAC ¶¶ 37-68, and also allege that the same harm would be experienced by all similarly-situated Google Account Holders. *Id*. ¶¶ 9-26; 30; 39-42; 64-162; see also *id*. ¶¶ 330-338 (additional class allegations).  Plaintiffs' motion for class certification is currently due on or before September 26, 2022. *See* Dkt. No. 221.

Google's Position:

1    Google disputes that this action can be maintained as a class action and will oppose Plaintiffs'

2    motion for class certification and/or move to deny class certification because Plaintiffs cannot satisfy

3    the requirements of Rule 23.

4    **8.    RELATED CASES**

5        In a June 24, 2021 Order (Dkt. No. 69), the Honorable Lucy Koh determined that this action

6    is related to *Brown v. Google*, No. 20-CV-03664-LHK (N.D. Cal., filed June 2, 2020) and *Calhoun*

7    *v. Google*, No. 20-CV-05146-LHK (N.D. Cal., filed July 27, 2020) pursuant to Civil Local Rule 3-

8    12(b).  The Parties are presently unaware of any other related- or potentially-related actions.

9    **9.    RELIEF**

10            a.    Plaintiffs' Statement:

11        Plaintiffs seek damages, restitution, disgorgement, declaratory relief, injunctive relief, as well

12    as attorneys' fees and costs of suit.  Plaintiffs seek damages in excess of $5,000,000 but cannot further

13    determine the amount of damages without discovery.

14            b.    Google's Statement:

15        Google reserves all rights, claims, and defenses available to it under the law, including to seek

16    relief if appropriate.  Google denies that Plaintiffs are entitled to any relief whatsoever in connection

17    with the causes of action pleaded in their Complaint, or that the class alleged in the Consolidated

18    Amended Complaint can be certified in this case.  Google believes it is premature to opine on methods

19    of calculating potential damages.

20    **10.    SETTLEMENT AND ADR**

21        The Parties have filed their ADR certifications.  *See* Dkt. Nos. 64, 65.  The Parties would be

22    happy to discuss ADR at the Case Management Conference if requested by the Court, but remain of

23    the belief that formal settlement discussions are premature at this stage.

24    **11.    CONSENT TO MAGISTRATE FOR ALL PURPOSES**

25        The Parties do not consent to have a magistrate judge conduct all further proceedings,

26    including trial or the entry of judgment.

27    **12.    OTHER REFERENCES**

28

As noted in Section 8 above, this case has been related to the *Brown* and *Calhoun* actions. At this time, the case is not suitable for reference to the JPML or binding arbitration. The case has been referred to Magistrate Judge DeMarchi for discovery matters.  *See* Dkt. No. 71.

### 13.   NARROWING OF ISSUES

At this time, the Parties are unaware of any issues that can be narrowed by agreement.

### 14.   EXPEDITED TRIAL PROCEDURE

Given its complexity, the Parties do not believe this putative class action can be handled on an expedited basis with streamlined procedures.

### 15.   SCHEDULING:

The current case schedule (see Dkt. No. 221), along with Plaintiffs' proposed revised schedule, is set forth below.  As noted above, Google opposes further changes to the schedule.

| EVENT | CURRENT CASE SCHEDULE (Dkt. No. 221) | PLAINTIFFS' PROPOSED REVISED SCHEDULE |
|---|---|---|
| Substantial Document Production Complete | July 11, 2022 | No change necessary |
| Class Certification Motion | Motion:  Sept. 26, 2022<br>Opposition:  Nov. 21, 2022<br>Reply:  January 12, 2023<br>Hearing:  To be reset at later date | Motion:  January 24, 2023<br>Opposition:  March 21, 2023<br>Reply: May 2, 2023<br>Hearing: To be reset at later date. |
| Fact Discovery Cut-Off | March 24, 2023 | July 14, 2023 |
| Opening Expert Reports | April 20, 2023 | August 11, 2023 |
| Rebuttal Expert Reports | June 1, 2023 | September 15, 2023 |
| Close of Expert Discovery | June 30, 2023 | October 13, 2023 |
| Dispositive/Daubert Motions<br>1 dispositive motion per side in the entire case<br>3 Daubert motions per side in the entire case | Motions:  July 21, 2023<br>Oppositions:  Aug. 18, 2023<br>Replies:  Sept. 8, 2023<br>Hearing:  Oct. 3, 2023 | Motions: November 14, 2023<br>Oppositions: Dec. 19, 2023<br>Replies: January 9, 2024<br>Hearing: January 23, 2024 |
| Pretrial conference | Dec. 1, 2023 at 9:30 a.m. | March 22, 2024 at 9:30 a.m. |

| Jury Trial | Feb. 19, 2024 at 9:00 a.m. | May 6, 2024 at 9:00 a.m. |
|---|---|---|

**16.    TRIAL**

Plaintiffs demanded a jury trial, which is currently scheduled to commence on February 19, 2024.  *See* Dkt. Nos. 80, 221.  Plaintiffs' trial estimate is 10 trial days, exclusive of jury selection.  In light of the early stage of this case, Google cannot presently estimate the length of trial, which will depend on the scope of the case (if any) after the Court's ruling on Plaintiffs' anticipated motion for class certification and Google's anticipated motion for summary judgment.

**17.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

a.    <u>Plaintiffs</u>:

Plaintiffs filed certifications pursuant to Civil L.R. 3-15 on March 26, 2021.  *See* Dkt. No. 3.  Additional Plaintiffs named in the CACC filed certifications on September 8, 2021.  *See* Dkt. No. 84.

b.    <u>Google</u>:

Google filed its certification pursuant to Civil L.R. 3-15 on April 21, 2021.  *See* Dkt. No. 24.

**18.    PROFESSIONAL CONDUCT**

The Parties reconfirm that all attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.    OTHER MATTERS**

<u>Plaintiffs' Position:</u>

On June 24, 2022, the Court entered its Order concerning Plaintiffs' motion for targeted use of certain discovery from the *Calhoun* action in this action.  *See* Dkt. No. 242.  That Order set forth a procedure by which one designated attorney representing Plaintiffs in both actions could present discovery from *Calhoun* under seal to Magistrate Judge DeMarchi in this action "for the purposes of demonstrating (i) the need for discovery in this action or (ii) that the defendant has misrepresented the nature or existence of certain information to Judge DeMarchi."  *Id*.  Having operated under the Order for the past six weeks and invoked its provisions in several discovery filings before Magistrate Judge DeMarchi, Plaintiffs intend to request at the Case Management Conference that the Court make two small changes to the procedure set forth in the Order.  First, Plaintiffs request that there be more

1   than one designated *Calhoun* Plaintiffs' attorney allowed to present discovery to Magistrate Judge

2   DeMarchi.  While only one attorney will ever present discovery under the Order in any given motion,

3   limiting the procedure to a single named attorney has created scheduling and burden issues given the

4   number of disputes involved.  Second, Plaintiffs request that Elizabeth Pritzker, sole interim class

5   counsel, be allowed to see all of the under seal materials in order to fulfill her oversight and case

6   management responsibilities as interim class counsel.  Plaintiffs have conferred with Google about

7   both of these proposed changes to the Order.  Google objects, but on a false premise.  Contrary to its

8   assertion below, any confidential *Calhoun* discovery referenced in Dkt. Nos. 242 at 2 (a publicly-

9   filed court order), 268-3 at 3 (redacted), and 272 at 4 (sealed) were filed under seal and none resulted

10  in the improper disclosure of confidential *Calhoun* discovery to *Google RTB* counsel or to the public.

11          Google's Position:

12          Following this Court's Cross-Use Order, Plaintiffs have requested a status conference and

13  "science hour" in which Plaintiffs' counsel presents live testimony from *Calhoun* experts to Judge

14  DeMarchi without advance notice to Google regarding the content of those presentations.  Dkt. No.

15  252.  Google has made a competing proposal, which contemplates advance identification of the

16  specific materials Plaintiffs intend to designate for cross-use and an orderly written presentation of

17  disputes, with a hearing to follow at Judge DeMarchi's discretion.  Dkt. No. 254 at 3.

18          However, since submitting this request for a case management conference and without

19  waiting for a ruling, Plaintiffs have used the Cross Use Order as a justification for filing extensive

20  *Calhoun* materials in connection with *every* discovery dispute, in violation of Judge DeMarchi's

21  standing order.  Dkt. Nos. 271-3 through 271-16, 251-3 through 251-14, [X].  Indeed, in a Motion

22  filed just today, Plaintiffs accompanied their 1,500 word letter brief with an over-3500-word attorney

23  declaration and 21 exhibits from the *Calhoun* action spanning more than 600 pages—all without

24  seeking prior leave of Court.  This practice has forced Google to file repeated motions to strike and

25  seal these materials.

26          Because Plaintiffs have already invoked the Cross-Use Order to cite *Calhoun* discovery

27  without prior leave of Court, Google respectfully opposes Plaintiffs' request to further modify that

28  Order in a manner that will further embolden Plaintiffs to use *Calhoun* discovery without prior Court

leave of Court.  Moreover, Google particularly opposes access to its materials from another litigation

being given to Ms. Pritzker, in violation of the protective order in that action.  Plaintiffs have already

violated the *Calhoun* protective order and the Cross-Use Order by citing confidential *Calhoun*

discovery in unredacted form in a draft joint discovery letter brief (Dkt. Nos. 242 at 2, 268-3 at 3,

272 at 4).  Absent a finding by Judge DeMarchi, Plaintiffs have no valid justification to allow

additional Plaintiffs' counsel to review confidential *Calhoun* materials, as this Court already held.

Judge DeMarchi also just granted a second Google motion to strike *Calhoun* materials from this case,

holding that those materials "should not have been filed, given the Court's very clear direction"

regarding that briefing and that "[n]o evidentiary showing was necessary, or permitted…"  (Dkt. No.

287 at 5-6.)

Judge DeMarchi recently issued a ruling indicating that both Parties should be prepared to

discuss their competing proposals regarding the use of *Calhoun* discovery in this action at an

upcoming hearing scheduled for August 23.  (*Id.* at 6.)

| | |
|---|---|
| **PRITZKER LEVINE LLP** | **COOLEY LLP** |
| By: */s/ Elizabeth C. Pritzker* | By:  */s/ Jeffrey M. Gutkin* |
| Elizabeth C. Pritzker (SBN 146267) | MICHAEL G. RHODES (SBN 116127) |
| Jonathan K. Levine (SBN 220289) | (rhodesmg@cooley.com) |
| Bethany Caracuzzo (SBN 190687) | WHITTY SOMVICHIAN (SBN 194463) |
| Caroline C. Corbitt (SBN 305492) | (wsomvichian@cooley.com) |
| 1900 Powell Street, Suite 450 | JEFFREY M. GUTKIN (SBN 216083) |
| Emeryville, CA 94608 | (jgutkin@cooley.com) |
| Tel.: (415) 692-0772 | AARTI REDDY (SBN 274889) |
| Fax: (415) 366-6110 | (areddy@cooley.com) |
| ecp@pritzkerlevine.com | LAURA M. ELLIOTT (SBN 286702) |
| jkl@pritzkerlevine.com | (lelliott@cooley.com) |
| bc@pritzkerlevine.com | KELSEY SPECTOR (SBN 321488) |
| ccc@pritzkerlevine.com | (kspector@cooley.com) |
| *Interim Lead Class Counsel* | REECE TREVOR (SBN 316685) |
| | (rtrevor@cooley.com) |
| | ANUPAM DHILLON (SBN 324746) |
| **BLEICHMAR FONTI & AULD LLP** | (adhillon@cooley.com) |
| | 3 Embarcadero Center, 20th Floor |
| By: */s/ Lesley E. Weaver* | San Francisco, California 94111-4004 |
| Lesley E. Weaver (SBN 191305) | Tel: (415) 693-2000 |
| Matthew S. Melamed (SBN 260272) | Fax: (415) 693-2222 |
| Anne K. Davis (SBN 267909) | |
| Angelica M. Ornelas (SBN 285929) | |

| | |
|---|---|
| 1 | Joshua D. Samra (SBN 313050) |
| 2 | 555 12th Street, Suite 1600<br>Oakland, CA 94607 |
| 3 | Tel.: (415) 445-4003 |
| 4 | Fax: (415) 445-4020<br>lweaver@bfalaw.com |
| 5 | mmelamed@bfalaw.com<br>adavis@bfalaw.com |
| 6 | aornelas@bfalaw.com<br>jsamra@bfalaw.com |
| 7 | |
| 8 | **SIMMONS HANLY CONROY LLC** |
| 9 | By:  */s/ Jay Barnes* |
| 10 | Jason 'Jay' Barnes (*admitted pro hac vice*)<br>An Truong (*admitted pro hac vice*) |
| 11 | Eric Johnson (*admitted pro hac vice*)<br>112 Madison Avenue, 7th Floor |
| 12 | New York, NY 10016<br>Tel.: (212) 784-6400 |
| 13 | Fax: (212) 213-5949 |
| 14 | jaybarnes@simmonsfirm.com<br>atruong@simmonsfirm.com |
| 15 | ejohnson@simmonsfirm.com |
| 16 | |
| 17 | **DiCELLO LEVITT GUTZLER LLC** |
| 18 | By: */s/ David A. Straite*<br>David A. Straite (*admitted pro hac vice*) |
| 19 | One Grand Central Place<br>60 East 42nd Street, Suite 2400 |
| 20 | New York, NY 10165<br>Tel.: (646) 933-1000 |
| 21 | dstraite@dicellolevitt.com |
| 22 | Amy Keller (*admitted pro hac vice*) |
| 23 | Adam Levitt (*admitted pro hac vice*)<br>James Ulwick (*admitted pro hac vice*) |
| 24 | Ten North Dearborn St., Sixth Floor<br>Chicago, IL 60602 |
| 25 | Tel.: (312) 214-7900 |
| 26 | akeller@dicellolevitt.com<br>alevitt@dicellolevitt.com |
| 27 | julwick@dicellolevitt.com |
| 28 | *Interim Class Plaintiffs Executive Committee* |

ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:     +1 202 776 7800
Facsimile:     +1 202 842 7899
*Counsel for Defendant Google LLC*

**BOTTINI & BOTTINI, INC.**

By:  */s/ Francis A. Bottini, Jr.*
Francis A. Bottini, Jr. (SBN 175783)
Albert Y. Chang (SBN 296065)
Anne Beste (SBN 326881)
Yury A. Kolesnikov (SBN 271173)
Nicholaus Woltering (SBN 337193)
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Telephone: (858) 914-2001
Facsimile: (858) 914-2002
fbottini@bottinilaw.com
achang@bottinilaw.com
abeste@bottinilaw.com
ykolesnikov@bottinilaw.com
nwoltering@bottinilaw.com

**COTCHETT, PITRE & McCARTHY LLP**

By: */s/ Nanci E. Nishimura*
Nanci E. Nishimura (SBN 152621)
Brian Danitz (SBN 247403)
Karin B. Swope (*admitted pro hac vice*)
Taylor Tang (SBN 341677)
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel.: (650) 697-6000
Fax: (650) 697-0577
nnishimura@cpmlegal.com
bdanitz@cpmlegal.com
kswope@cpmlegal.com

**ATTESTATION OF CONCURRENCE IN FILING**

In accordance with N.D. Cal. LR 5-1(i)(3), I hereby attest that I have obtained the concurrence of all other signatories in the filing of this document.

Dated: August 15, 2022                    COOLEY LLP


                                          By: /s/ *Jeffrey M. Gutkin*_____
                                                  Jeffrey M. Gutkin

                                          Attorney for Defendant
                                          GOOGLE LLC.

273657769