1    **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

2    Andrew H. Schapiro (admitted *pro hac vice*)     Josef Ansorge (admitted *pro hac vice*)
     andrewschapiro@quinnemanuel.com               josefansorge@quinnemanuel.com
3    191 N. Wacker Drive, Suite 2700               1300 I Street NW, Suite 900
     Chicago, IL 60606                             Washington D.C., 20005
4    Telephone: (312) 705-7400                     Telephone: (202) 538-8000
     Facsimile: (312) 705-7401                     Facsimile: (202) 538-8100
5

6    Stephen A. Broome (CA Bar No. 314605)         Jonathan Tse (CA Bar No. 305468)
     stephenbroome@quinnemanuel.com                jonathantse@quinnemanuel.com
7    Viola Trebicka (CA Bar No. 269526)            50 California Street, 22nd Floor
     violatrebicka@quinnemanuel.com                San Francisco, CA 94111
8    865 S. Figueroa Street, 10th Floor            Telephone: (415) 875-6600
     Los Angeles, CA 90017                         Facsimile: (415) 875-6700
9    Telephone: (213) 443-3000
     Facsimile: (213) 443-3100
10

11   Jomaire Crawford (admitted *pro hac vice*)
     jomairecrawford@quinnemanuel.com
12   51 Madison Avenue, 22nd Floor
     New York, NY 10010
13   Telephone: (212) 849-7000
     Facsimile: (212) 849-7100
14

15   *Counsel for Defendant Google LLC*

16                       **UNITED STATES DISTRICT COURT**
                         **NORTHERN DISTRICT OF CALIFORNIA**
17                            **SAN JOSE DIVISION**

18

19   PATRICK CALHOUN, *et al*., on behalf of       Case No. 5:20-cv-5146-LHK-SVK
     themselves and all others similarly situated,
20                                                  **DEFENDANT GOOGLE LLC'S**
          Plaintiffs,                               **ADMINISTRATIVE MOTION TO SEAL**
21                                                  **OPPOSITION TO PLAINTIFFS'**
          v.                                        **MOTION TO COMPEL PRODUCTION**
22                                                  **OF REGULATOR DOCUMENTS RE:**
     GOOGLE LLC,                                    **DISPUTE 1.4**
23
          Defendant.                                Referral:  Hon. Susan van Keulen, USMJ
24

25

26

27

28

                                                                Case No. 5:20-cv-5146-LHK-SVK

## I.    INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Google LLC ("Google") respectfully seeks to seal certain portions of the Opposition to Plaintiffs' Motion to Compel Production of Regulator Documents Re: Dispute 1.4 ("Opposition"), which contains non-public, sensitive confidential and proprietary business information that could affect Google's competitive standing and may expose Google to increased security risks if publicly disclosed, including the various types of Google's projects and identifiers, as well as Google's confidential business information that was requested by the State of Texas and State of Arizona in confidence, which Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. The Court previously granted Google's motions to seal the same or substantively similar information it seeks to seal now, including in Dkt. Nos. 139, 154, 156, 219, 224, 258, 260. *See also Brown v. Google LLC*, No. 5:20-cv-03664-LHK-SVK, Dkt. Nos. 143, 152, 160, 172, 174, 183, 190, 197, 226, 238, 240. This information is highly confidential and should be protected. This Administrative Motion pertains to the following information contained in the Opposition:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Opposition | Portions Highlighted in Yellow at:<br><br>Page 2, lines 19-24;<br>Page 3, lines 1-2 | Google |

## II.    LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civ. L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

In the context of dispositive motions, materials may be sealed in the Ninth Circuit upon a showing that there are "compelling reasons" to seal the information. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). However, a party seeking to seal information

1   in a non-dispositive motion must show only "good cause." *Id.* at 1179-80. The rationale for the

2   lower standard with respect to non-dispositive motions is that "the public has less of a need for

3   access to court records attached only to non-dispositive motions because these documents are often

4   unrelated, or only tangentially related, to the underlying cause of action" and that as a result "[t]he

5   public policies that support the right of access to dispositive motions, and related materials, do not

6   apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179; *see also TVIIM,*

7   *LLC v. McAfee, Inc.*, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) ("Records attached to non-

8   dispositive motions are not subject to the strong presumption of access.") (citation omitted). Under

9   the "good cause" standard, courts will seal statements reporting on a company's users, sales,

10  investments, or other information that is ordinarily kept secret for competitive purposes. *See*

11  *Hanginout, Inc. v. Google, Inc*., 2014 WL 1234499, at *1 (S.D. Cal. Mar. 24, 2014); *Nitride*

12  *Semiconductors Co. v. RayVio Corp.*, 2018 WL 10701873, at *1 (N.D. Cal. Aug. 1, 2018) (granting

13  motion to seal "[c]onfidential and proprietary information regarding [Defendant]'s products" under

14  "good cause" standard) (Van Keulen, J.).

15          Briefing for a discovery motion is non-dispositive, and thus the good cause standard applies.

16  *See, e.g.*, *Pieterson v. Wells Fargo Bank, N.A*., 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018)

17  ("The parties have filed two separate motions to seal portions of the discovery letter briefs that are

18  pending before the Court. Because the sealing requests were made in conjunction with a non-

19  dispositive discovery motion, a showing under the good cause standard will suffice."). Although the

20  materials that Google seeks to seal here easily meet the higher "compelling reasons" standard, the

21  Court need only consider whether these materials meet the lower "good cause" standard.

22  **III.    THE ABOVE IDENTIFIED MATERIALS EASILY MEET THE "GOOD CAUSE"**
        **STANDARD AND SHOULD ALL BE SEALED**
23

24          Courts have repeatedly found it appropriate to seal documents that contain "business

25  information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*,

26  435 U.S. 589, 589-99 (1978). Good cause to seal is shown when a party seeks to seal materials that

27  "contain[] confidential information about the operation of [the party's] products and that public

28  disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg. of*

1    *Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Materials that

2    could harm a litigant's competitive standing may be sealed even under the "compelling reasons"

3    standard. *See, e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at

4    *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons'

5    standard where that information could be used to the company's competitive disadvantage")

6    (citation omitted). Courts in this district have also determined that motions to seal may be granted

7    as to potential trade secrets. *See, e.g.*, *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 2015

8    WL 295584, at *3 (N.D. Cal. Jan. 21, 2015) (rejecting argument against sealing "that [the party]

9    ha[s] not shown that the substance of the information . . . amounts to a trade secret").

10          Here, the Opposition comprises confidential and proprietary information regarding Google's

11   products and systems that Google does not share publicly. Specifically, this information provides

12   details related to Google's internal projects and identifiers, as well as Google's confidential business

13   information that was requested by the State of Texas and State of Arizona in confidence, which

14   Google maintains as confidential in the ordinary course of its business and is not generally known

15   to the public or Google's competitors. Such highly confidential information reveals Google's

16   internal systems regarding various important products and nonpublic investigations thereto.

17          Public disclosure of the above-listed information would harm Google's competitive standing

18   it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of

19   Google's proprietary projects and identifiers and nonpublic investigations to Google's competitors.

20   That alone is a proper basis to seal such information. *See, e.g.*, *Free Range Content, Inc. v. Google

21   Inc.*, No. 14-cv-02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's

22   motion to seal certain sensitive business information related to Google's processes and policies to

23   ensure the integrity and security of a different advertising system); *Huawei Techs., Co. v. Samsung

24   Elecs. Co.*, No. 3:16-cv-02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing

25   confidential sales data because "disclosure would harm their competitive standing by giving

26   competitors insight they do not have"); *Trotsky v. Travelers Indem. Co.*, 2013 WL 12116153, at *8

27   (W.D. Wash. May 8, 2013) (granting motion to seal as to "internal research results that disclose

28   statistical coding that is not publicly available").

GOOGLE'S ADMINISTRATIVE MOTION TO SEAL OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL PRODUCTION OF REGULATOR DOCUMENTS

1      Moreover, public disclosure of such highly confidential information could affect Google's

2  competitive standing as competitors may alter their system designs and practices relating to

3  competing products, time strategic litigation, or otherwise unfairly compete with Google. It may

4  also place Google at an increased risk of cyber security threats, as third parties may seek to use the

5  information to compromise Google's internal projects or identifiers. *See, e.g.*, *In re Google Inc.*

6  *Gmail Litig.*, 2013 WL 5366963, at \*3 (N.D. Cal. Sept. 25, 2013) (sealing "material concern[ing]

7  how users' interactions with the Gmail system affects how messages are transmitted" because if

8  made public, it "could lead to a breach in the security of the Gmail system"). The security threat is

9  an additional reason for this Court to seal the identified information. The redacted portions also

10  contain, summarize or reflect material designated, Confidential or Highly Confidential – Attorneys'

11  Eyes Only Pursuant to Stipulated Protective Order.

12      The information Google seeks to redact is the minimal amount of information needed to

13  protect its internal systems and operations and nonpublic investigations from being exposed to not

14  only its competitors but also to nefarious actors who may improperly seek access to and disrupt

15  these systems and operations or time strategic litigation. The "good cause" rather than the

16  "compelling reasons" standard should apply but under either standard, Google's sealing request is

17  warranted.

18  **IV.**    **CONCLUSION**

19      For the foregoing reasons, the Court should seal the identified portions of the Opposition.

20

21  DATED:  September 2, 2021        QUINN EMANUEL URQUHART &
                                SULLIVAN, LLP

22

23                            By  */s/ Andrew H. Schapiro*

24                                Andrew H. Schapiro (admitted pro hac vice)
                                andrewschapiro@quinnemanuel.com

25                                191 N. Wacker Drive, Suite 2700
                                Chicago, IL 60606

26                                Telephone: (312) 705-7400
                                Facsimile: (312) 705-7401

27

28                                Stephen A. Broome (CA Bar No. 314605)
                                sb@quinnemanuel.com

GOOGLE'S ADMINISTRATIVE MOTION TO SEAL OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL PRODUCTION OF REGULATOR DOCUMENTS

Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted pro hac vice)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Josef Ansorge (admitted pro hac vice)
josefansorge@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*

5                    Case No. 5:20-cv-5146-LHK-SVK