# TSE
# EXHIBIT A
# Redacted Version of Document Sought to be Sealed

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| PATRICK CALHOUN et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-05146-LHK-SVK<br><br>**GOOGLE'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF REGULATOR DOCUMENTS RE: DISPUTE 1.4**<br><br>Referral: Honorable Susan van Keulen |

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs' motion to compel cloned productions flies in the face of this Court's order that the parties negotiate the production of a "reasonable subset of regulator documents." Dkt. 276 at 1. Google has already offered to produce a reasonable subset of such documents: (a) all documents it produced to the FTC concerning Chrome browser extensions (Matter No. 2023081), and (b) a search for relevant documents by running <Chrome /50 privacy> across the productions in two unrelated regulatory matters: the Texas AG complaint, which alleges that Google behaves anti-competitively in the display ads space; and the Arizona AG complaint, which alleges that Google improperly collects geolocation information. Unsatisfied, Plaintiffs attempt to obtain once again massive cloned discovery that Google produced in the TX AG and AZ AG matters despite that these matters are unrelated to Plaintiffs' claims, which pertain to Google's disclosures and data collection when Chrome users are browsing without having enabled Chrome's "sync" feature.

Plaintiffs' request does not come to the Court on a blank slate: Plaintiffs' prior proposal sought *all* search terms and custodians in those two matters. The Court rejected such overreach because the "identification of all of the custodians and search terms [for] the identified investigations without limitation is overbroad and not in proportion to the matter at hand," instead ordering the parties to negotiate a "reasonable subset of regulatory documents."[1] Dkt. 276 at 1. Despite this Court's order, Plaintiffs *again* demand these custodians and search terms (see Dkt. 289-4 at 5-6 (identifying RFP Nos. 127 and 128 of First TX CID (custodians)); *id.* at 8 (identifying Interrogatory No. 128 of Fourth TX CID (custodians)); *id.* at 8 (identifying Interrogatory No. 130 of Fourth TX CID (search terms))). In total, Plaintiffs seek a cloned production of Google's responses to 41 Interrogatories, 12 RFPs, and information regarding depositions, including deposition transcripts, in both matters. Plaintiffs' unauthorized 19-page chart of arguments attempts (but fails) to justify each request.[2] Dkt. 289-4. Google respectfully requests that the Court deny Plaintiffs' motion and order Google's proposal.

---

[1] Contrary to Plaintiffs' mischaracterization, Google **and the Court** have rejected Plaintiffs' prior compromises with respect to regulator documents. Declaration of Viola Trebicka ("Trebicka Decl."), ¶¶ 2-15.

[2] Google hereby moves to strike Dkt. 289-4 because it is in contravention to the Court's order that the briefing be limited to four pages per side. If the Court is inclined to review the additional argument, Google respectfully requests an opportunity to respond.

### *Background*

*Texas, et al. v. Google LLC*, 4:20-cv-957 (E.D. Tex.) ("TX AG"):  The TX AG matter is an antitrust action focused on Google's purported anticompetitive behavior in markets related to digital advertisements, on the theory that Google represents both buyers and sellers of display advertising and also operates an ad exchange. Dkt. 290-9, ¶ 4. The regulators allege that Google foreclosed competition to other ad exchanges by decreasing third-party exchange's ability to identify users, charging publishers a penalty, forcing publisher ad server customers to use Google's exchanges, and rigging the Exchange Bidding program. *Id.*, ¶¶ 196-200. In the related *Hewitt v. Google*, Google proposed to produce certain documents from the TX AG production that may have some bearing on issues in that case, which focus on the Exchange Bidding program. No. 5:21-cv-02155-LHK, Dkt. 82 at 9 (N.D. Cal.). Judge Koh ordered that narrow compromise be produced within 30 days. *Id.*, Dkt. 83 at 1-2. That same compromise cannot apply here, where there is zero overlap between the allegations in the TX AG and *Calhoun*. **None** of these allegations are specific to Chrome—much less browsing on Chrome without sync enabled.

In fact, TX AG SAC addresses Chrome specifically only with respect to Google's "future plans" and "upcoming cookie changes" to purportedly create a "walled garden." Dkt. 290-9, ¶¶ 18, 260-72. None of the causes of action in the TX AG SAC references the Chrome browser. *Id.*, § IX. Unsurprisingly, the 28 discovery requests Plaintiffs seek to compel are far afield from the allegations in this case. For example, several interrogatories seek information related to ▮▮▮▮▮▮ (mentioned nowhere in Plaintiffs' FAC) and a handful of others seek information related to ▮▮▮▮▮▮," which is defined to include other out-of-scope Google products. Plaintiffs claim that ▮▮▮▮ is mentioned in the TX AG SAC, but that appears incorrect, and in any event, it does not justify Plaintiffs' far-flung requests that do not even mention ▮▮▮, and Plaintiffs recently propounded discovery targeting ▮▮▮▮ documents, including RFP No. 86.

*Arizona v. Google LLC*, No. CV 2020-006219 (Ariz. Sup. Ct. 2020) ("AZ AG"):  The AZ AG matter centers on Google's purported receipt of geolocation data, which tellingly is not among the data Plaintiffs allege was improperly received in this case. *See* Dkt. 162-3 ("FAC"), ¶ 52. More than half of the 25 RFPs and Interrogatories the responses to which Plaintiffs seek to compel focus on

"■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ ■■■■■■■" *See* Dkt. 289-10, GOOG-CALH-00038910 at -915. A handful of others relate to a machine learning tool not mentioned once in Plaintiffs' allegations. Plaintiffs argue relevance *solely* because the matter involves Web & App Activity ("WAA"). The relevant WAA subsetting which controls consent for the data flow at issue here (internally known as supplemental WAA), is only one of *twelve* settings identified by the AG—confirming the overbreadth of the cloned discovery they seek. Dkt. 290-10, ¶ 38. Further, Plaintiffs have already propounded extensive discovery about supplemental WAA, including RFP Nos. 51, 52, and 89.

**Argument**

**Courts Routinely Reject Similar Cloned Discovery Requests.** That *some* relevant documents *may* be turned up by a review of a cloned production does not suffice. In *Rodriguez v. Google*, Magistrate Judge Tse denied plaintiffs' request for documents provided to regulators concerning the very product at issue there (Firebase SDK), finding it not proportional to order such wide-scale review and production by Google given the comparatively small number of relevant documents likely to be found. No. 3:20-cv-04688-RS, Dkt. 85 at 1 (N.D. Cal.). Judge Tse ordered a limited production of WAA-specific documents early in discovery from just one investigation (the AZ AG), but that outcome is not warranted here. Google will produce documents related to supplemental WAA in response to Plaintiffs' specific requests in the regular course of discovery.

Similarly, in *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Prods. Liab. Litig.*, 2017 WL 4680242, at *1, 2 (N.D. Cal. Oct. 18, 2017), the court denied a request for cloned discovery from a securities class action based on the exact same fact pattern as the later case. *Id.* at *1 (finding that the efficiencies gained by a defendant "open[ing] up [its] documents repositories for the opposing side to rifle through" do not justify "expand[ing] the scope of discovery beyond that allowed by the Federal Rules"); *see also Chen v. Ampco Sys. Parking*, 2009 WL 2496729, at *2 (S.D. Cal.

Aug. 14, 2009) (denying plaintiff's motion to compel documents from another proceeding); *Midwest Gas Servs., Inc. v. Indiana Gas Co.*, 2000 WL 760700, at *1 (S.D. Ind. Mar. 7, 2000) (same).[3]

***The Requested Discovery Is Overly Broad and Unduly Burdensome***. Plaintiffs' conclusory assertion that these cloned productions cause no burden is simply false. Consistent with Rule 26(b)(1), courts recognize "a number of reasons why documents appropriately requested and provided in another case—even if the subject matter of those cases seem to overlap—would be irrelevant or burdensome to provide in another case." *Goro v. Flowers Foods, Inc.*, 2019 WL 6252499, at *18 (S.D. Cal. Nov. 22, 2019) (denying motion to compel). Here, Google would still have to review and analyze the largely non-relevant productions for responsiveness to Plaintiffs' identified RFPs, and decide the level of protection necessary under the Protective Order. Dkt. 61, §§ 5.1, 7.2, 7.3. This would be in addition to the broad and vast discovery Google is already delving into per the discovery requests in *this* case.

Plaintiffs' hope that such cloned discovery "could narrow future ESI Search Term disputes, acting as a seed set" is meaningless. The substantial production completion deadline is October 6. The time for "seed set" terms has long passed. Google produced the CIDs, subpoenas, and letter correspondence in the TX and AZ AG matters on May 4, Plaintiffs—despite making similar assurances to Google and the Court (*see* Dkt. 86)—did not use ***any*** of this discovery to narrow ***any*** of the then-active search term disputes. Trebicka Decl., ¶¶ 7-18.

***Google's Proposal Is Designed to Target Relevant Documents***. To comply with the Court's order, Google proposes to produce all FTC documents and run <Chrome /50 privacy> across the AZ and TX AG productions and produce relevant, non-privileged documents. This term was fashioned by the Court in a similar context to identify relevant documents in the files of 17 Google officers and directors who would otherwise have a large swaths of irrelevant ESI. Dkt. 220-1 at 2 (Dispute 1.8). Google confirmed to Plaintiffs that the search string did not yield a null set for either matter. Google respectfully requests that the Court deny Plaintiffs' motion to compel and order Google's proposal.

---

[3] Plaintiffs' authorities also support Google's position. *See, e.g.*, *Madrid v. CertainTeed, LLC*, 2021 WL 3367253, at *2 (W.D. Wa. Aug. 3, 2021) (rejecting request for all deposition transcripts from another action and only compelling production of transcripts of only relevant deponents).

DATED: September 2, 2021

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Andrew H. Schapiro
Andrew H. Schapiro (admitted pro hac vice)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
sb@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted pro hac vice)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Josef Ansorge (admitted pro hac vice)
josefansorge@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*