**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al*., on behalf of themselves and all others similarly situated,<br>      Plaintiffs,<br><br>      v.<br><br>GOOGLE LLC,<br>      Defendant. | Case No. 5:20-cv-5146-LHK-SVK<br><br>**DECLARATION OF VIOLA TREBICKA IN SUPPORT OF GOOGLE'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF REGULATOR DOCUMENTS**<br><br>Referral:  Hon. Susan van Keulen, USMJ |

I, Viola Trebicka, declare as follows:

1. I am a member of the bar of the State of California and a partner with Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Defendant Google LLC ("Google") in this action. I make this declaration of my own personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. On August 31, 2020, Plaintiffs served RFP Nos. 1 and 2 requesting regulator documents related to "data privacy, the Chrome browser, or any matter alleged in the Complaint."

3. On September 30, 2020, Google objected to Plaintiffs' requests on the bases of lack of relevance, improper cloned discovery, burden, and disproportionality to the needs of the case.

4. On January 22, 2021, Google proposed identifying regulator inquiries that fit the following parameters: (i) a U.S. regulator inquiry; (ii) arising from conduct that occurred during the Class Period; (iii) related to data privacy; (iv) in the context of browsing; and (v) relating to the Chrome browser. The FTC investigation related to Chrome extensions (Matter No. 2023081) fit this description. Plaintiffs rejected Google's proposal. Google made the same proposal to the *Brown* Plaintiffs, and the *Brown* Plaintiffs accepted it as a compromise.

5. During the April 29, 2021 hearing, Plaintiffs narrowed its requests to three regulatory matters (the Texas AG, Arizona AG, and FTC matters) and requested "documents exchanged with the regulators," clarifying that "it's not just the documents produced to, but it's also the subpoenas, CID's and document requests that were the underlying documents." 4/29/21 Hrg. Tr. at 52:12-53:6 (claiming that the requested regulator documents "can really short circuit a lot of other disputes. This can be a path to efficiency on search terms, on custodians, other objections and responses").

6. On April 30, 2021, the Court rejected Plaintiffs' requests for documents produced in the three regulatory matters. Dkt. 173-1 at 1. Instead, it ordered Google to "produce the subpoenas and correspondence regarding the scope of requests for production in connection with the three matters discussed at the hearing." *Id*.

7. On May 4, 2021, Google produced the documents ordered by the Court.

8. On May 5, 2021, Google served a letter on Plaintiffs informing them that it considered the parties' dispute related to regulator documents to be resolved.

9. On May 6, 2021, Plaintiffs requested that the Court compel Google "to identify any other related regulator investigations or inquiries." Dkt. 178 at 3.

10. On May 10, 2021, the Court declined to order Plaintiffs' request. Dkt. 181-1 at 1.

11. On May 26, 2021, Plaintiffs requested the Court to compel Google to "identif[y] . . . any other [public or non-public] investigation" of "any issues related to this action." Dkt. 206 at 5.

12. On June 8, 2021, the Court rejected Plaintiffs' request for information on **nonpublic** investigations and for "any issues related to this action," and instead ordered Google to identify by July 8, 2021 only public investigations related to its "collection of PI while users, of any type (e.g., synched; not synched; logged-in; logged-out), are using Chrome." Dkt. 220-1 at 1.

13. On July 8, 2021, after an investigation, Google informed Plaintiffs there were no additional, public investigations that fell within the Court's Order.

14. On August 13, 2021, Plaintiffs requested the Court to compel Google "to identify the custodians from whom documents were pulled for those [three] investigations, and the search terms used, if any." Dkt. 270 at 1 (claiming that "Plaintiffs will then be in a position to make a more informed (and narrow) demand for a subset of the regulator documents").

15. On August 17, 2021, the Court rejected Plaintiffs' "request for identification of all of the custodians and search terms used in responding to the identified investigations without limitation," ruling that such a request was "overbroad and not in proportion to the matter at hand." Dkt. 276 at 1. The Court ordered Google to "engage with Plaintiffs" "to identify a reasonable subset of regulator documents." *Id.*

16. On August 18, 2021, Plaintiffs served a 14-page single-spaced letter containing their proposal for regulator documents, including their requests for information on log preservation efforts, five additional regulatory matters, deposition transcripts, 36 discovery responses from the TX AG matter, 27 discovery responses from the AZ AG matter, and 3 discovery responses from the FTC matter.

17. On August 23, 2021, Google met and conferred with Plaintiffs and provided them with Google's compromise proposal: full production of the FTC documents and identifying additional potentially relevant documents by running the search term <Chrome w/50 privacy>

1  across Google's productions in the TX AG and AZ AG matters. Plaintiffs rejected Google's
2  proposal.
3       18.   To date, Plaintiffs still have not proposed any custodians or search terms to tailor
4  their requests for relevant documents that were produced in the three regulatory matters or the then-
5  active search term disputes.

7       I declare under penalty of perjury of the laws of the United States that the foregoing is true
8  and correct. Executed in Los Angeles, California on September 2, 2021.

10 DATED: September 2, 2021         QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP

                                    By _____
                                        Viola Trebicka

                                        *Attorney for Defendant*