# EXHIBIT 1 (REDACTED) Version of Document Filed Under Seal

Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

[Additional Counsel Appear on Signature Page]

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *In re Google RTB Consumer Privacy Litigation*, | Case No. 4:21-cv-02155-YGR-VKD |
| | **PLAINTIFFS' SUBMISSION PURSUANT TO DKTS. 231, 236** |
| This document applies to: *all actions*. | Magistrate Judge Virginia K. DeMarchi |

Pursuant to the Court's Orders (Dkts. 231, 236), Plaintiffs submit this brief regarding the relevance of Creation, Source, and Storage of Information.[1]

## ARGUMENT

It is now the law of the case that Google's collection and combining of information about class members is relevant to the parties' claims and defenses. On June 13, 2022, Judge Gonzalez Rogers issued her Order Granting in Part and Denying in Part Google's Motion to Dismiss (the "Order") (Dkt. 233), upholding all claims but one (and granting leave to amend that claim). The Court's statement of relevant alleged facts begins with collection, observation, and analysis. Order at 2 ("Google collects, observes, and analyzes data from everyone using any of its services and platforms."). The Court rejected Google's standing defense, explaining that injury is shown by Plaintiffs' allegations that:

> Google "surreptitiously observes, collects, and analyzes real-time information about everyone engaging on [its] platforms" and services, including Google.com, Chrome, Gmail, YouTube, Android, Google Maps, Google Play, Google Docs, Google Calendars, Google Drive, Google Chat, Google Flights, Google Fit, Google Meet, Google Pay, Google Pixel, Chromebooks, and YouTube TV. (CCAC ¶¶ 9-10.)

The Order states that Plaintiffs "are Google account holders who frequently use various web browsers, including Google Chrome, Safari, and Edge to request, obtain, and watch audio-visual materials and whose personal information was allegedly shared and sold through Google's RTB process. (*Id*. ¶¶ 9, 37-68.)." *Id*. at 3.

In upholding the intrusion upon seclusion claim, the Court held:

> ***The nature and volume of the collected information is also important.*** Plaintiffs allege that Google sold and shared information relating to plaintiffs' web browsing histories, device information, and consumer interest data. Specifically, plaintiffs allege that Google sells sensitive personal information such as plaintiff's IP address, geo-location data, and web-browsing information, search terms, and sensitive websites that plaintiffs visited relating to race, religion, sexual orientation, and health.

*Id*. at 12-13 (emphasis added).

---

[1] What has been described as creation of information disclosed through RTB is in actuality the collection and, in some circumstances, the analysis of information. *See* Declaration of Zubair Shafiq ("Shafiq Decl.") ¶¶ 4-7, 13-16 (describing how the personal information Google shares through the RTB is collected and analyzed for use in the auction).

Upholding the breach of confidence claim, the Court relied upon the CCAC's description of "***the nature of this information***, including health data such as whether someone suffers from depression or eating disorders, or information about one's race, sexual orientation, and religious beliefs," and that "the ***combination and totality of various different categories*** of their personal information makes such disclosure novel." *Id*. at 15 (emphasis added). To prove that users would not expect the data collected to be disclosed in the way that it is, Plaintiffs must show what is collected, and how, and from what platform, as well as how Google analyzes and combines the data. *See* Shafiq Decl. ¶¶ 2-9 (describing the flow of personal information (PI) through RTB). Thus, under the Order, the "front-end" of the process, and the process of analyzing and drawing inferences from it, is just as important (and of obvious relevance) as the "back-end" is. *Id*.

**Collection:** To understand what is disclosed through RTB and whether it constitutes PI, the Court needs to understand the "data flow" and what data is combined together. Data flow begins at the moment of collection, and continues as Google's systems identify, analyze, aggregate, and draw inferences from data. *Id*. The Order makes clear that this is relevant to: (1) consent under nearly all claims; (2) expectations of privacy; (3) the offensiveness of Google's conduct; and (4) the "contemporaneous" element of the ECPA and CIPA claims. *See, e.g.*, Order at 7-8, 11-14, 15-17. For example, Plaintiffs' ECPA and CIPA claims require proof that Google re-directed "information about the ***substance***, purport, or ***meaning***" of class member communications to third parties "while in transmission" or "in transit … or [while] being sent from, or received at" any place in California. 18 U.S.C. § 2511(3)(1); Cal. Pen. Code § 631(a). Thus, ***what***, ***where***, and ***when*** Google collects the information and re-directs it – and whether the communications between class members and the websites are still occurring when the information is collected and re-directed – proves these claims.[2]

**Storage:** Google's complex systems analyze and store the information that Google collects and discloses about users. It is through discovery of what information Google ***possesses*** that Plaintiffs

---

[2] This Court has already ruled that collection, source, and storage of Account Holder Information are relevant to Google's defenses. *See* Dkts. 185, 190 (ordering production of information created, sourced, and stored on Plaintiffs' devices); Dkt. 185 at 3-4 (information stored on Plaintiffs' devices relevant to Google's defenses). That holding – equally applicable to these what, where, and when questions – necessarily applies to Plaintiffs' discovery to Google as well.

will learn, in part, what Google has collected about them and how Google is using it, including what it disclosed through RTB, which is the heart of this case.

**First**, the Named Plaintiffs' data will have to be produced to address standing and will be probative of every claim in this case.[3] Plaintiff discovery on these issues also probes Google's defenses, including Google's claim that it does not even engage in the collection and disclosure practices alleged. For example, *Calhoun* Dkt. 729-2, recently unsealed in the related action *Calhoun, et al. v. Google LLC*, No. 4:20-cv-05146-YGR-SVK ("*Calhoun*"), shows that Google mixes Google Account information with data about signed-out users – meaning there is no real distinction between how Google treats data when it is associated with signed-out versus signed-in identifiers. For purposes of this case, it means that Google's claim that the RTB information tied to a "Google User ID" is not associated with a Google Account (or, in Google's imprecise formulation, is not somehow "account specific") is also false. Plaintiffs believe that Google's internal data will confirm that – but discovery is necessary to rebut this claim.

**Second**, certain claims, like the ECPA (Count 10) and CIPA (Count 8) claims, specifically turn on the location and manner of storage, which Google has challenged. Indeed, the Order requires *immediate* production of some of this highly relevant information. *See* Order at 17.

**Third**, how data is stored and combined impacts what is disclosed. For example, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Shafiq Decl. ¶ 17. The PI disclosed through RTB is derived in part from data Google has previously collected and analyzed about users. *Id.* ¶¶ 15-16. Understanding the dataflow through these systems is critical to understanding **what is actually disclosed**. *Id.* ¶ 3.

**Fourth**, how Google stores, associates, and combines information – directly or indirectly – bears on whether it constitutes PI under California law. *See* Order at 9 (PI is that which "identifies, relates to, describes, is reasonably capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular consumer or household"). Google (wrongly) insists that PI is

---

[3] It is disconcerting, to say the least, that Google has failed to include the Named Plaintiffs data, or any portion of the Named Plaintiffs data, in any of its document productions to date.

limited to information that Google "associates with your Google Account." To rebut this, Plaintiffs need to compare the information Google "associates with your Google Account" to RTB information. If Google maintains (and produces) a log that associates a person's Google Account with information disclosed through RTB, then Google's defense collapses. *See* Shafiq Decl. ¶¶ 13, 14 (describing that Google would likely keep such records that will allow Plaintiffs' experts to identify data associated with Google identifiers in a way that constitutes PI).

**Fifth**, Plaintiffs anticipate Google will oppose class certification by claiming it will be administratively difficult to identify class members and damages difficult to fairly apportion. *See, e.g*, *Calhoun* Dkt. 469, Google's Opp. to Mot. for Class. Cert. (opposing class certification on those grounds). The logs Google maintains are likely to contain revenue information also associated with identifiers. Based on that type of evidence, Plaintiffs reasonably believe discovery into Google's storage systems will defeat these arguments.

## CONCLUSION

Plaintiffs respectfully submit that the collection, source, and storage of the information disclosed through the RTB system is critical to proving Plaintiffs' claims, probative of Google's defenses, and denying Plaintiffs' discovery of this information is deeply prejudicial.

DATED: June 24, 2022                                    Respectfully submitted,

**PRITZKER LEVINE LLP**

By: *Elizabeth C. Pritzker*
Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
1900 Powell Street, Ste. 450
Oakland, CA 94602
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
bc@pritzkerlevine.com

*Interim Class Counsel*

**BLEICHMAR FONTI & AULD LLP**

By: *Anne K. Davis*
Lesley Weaver (Cal. Bar No. 191305)
Anne K. Davis (Cal. Bar No. 267909)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*adavis@bfalaw.com*
*jsamra@bfalaw.com*

**SIMMONS HANLY CONROY LLC**

By: *Jay Barnes*
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 E. 42nd Street, Suite 2400
Tel.: (212) 784-6400
Fax: (212) 213-5949
New York, NY 10165
Tel: (646) 993-1000
*dstraite@dicellolevitt.com*

**COTCHETT PITRE & MCCARTHY, LLP**
Nancy E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal Bar. No. 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road
Burlingame, CA 94010
Tel.: (650) 697-6000
*nnishimura@cpmlegal.com*
*bdanitz@cpmlegal.com*
*kswope@cpmlegal.com*

**BOTTINI & BOTTINI INC.**
Frances A. Bottini, Jr. (Cal. Bar No. 175783)
Yuri A. Kolesnikov (Cal. Bar. No. 271173)
7817 Ivanhoe Ave., Ste. 102
LA Jolla, CA 92037
Tel.: (848) 914-2001
*fbottini@bottinilaw.com*
*ykolesnikov@bottinilaw.com*

*Plaintiffs' Executive Committee*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, Anne K. Davis, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of June, 2022, at Pacifica, California.

/s/ Anne K. Davis
Anne K. Davis