UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR   (VKD)<br><br>**ORDER RE PROCEDURES FOR IMPLEMENTING ORDER AT DKT. NO. 242 RE *CALHOUN* DISCOVERY; RECOMMENDATION RE CASE SCHEDULE** |

On June 24, 2022, Judge Gonzalez Rogers issued an order denying without prejudice plaintiffs' motion for permission to use discovery produced by Google in the separate action *Calhoun v. Google*, No. 20-cv-5146. *See* Dkt. No. 242. Although Judge Gonzalez Rogers denied plaintiffs' request to modify the protective order in *Calhoun* to permit the use in this case of four categories of discovery (*see Calhoun*, No. 20-cv-5146, Dkt. No. 692-2 at 1), the order authorized one of plaintiffs' counsel, Ms. Weaver (who is also counsel to plaintiffs in *Calhoun*), to "present discovery from the *Calhoun* action under seal to Judge DeMarchi for the purposes of demonstrating (i) the need for discovery in this action or (ii) that the defendant has misrepresented the nature or existence of certain information to Judge DeMarchi." Dkt. No. 242 at 1-2.

Since that date, plaintiffs have repeatedly invoked this authorization in seeking leave to file additional briefing, declarations, and discovery materials from *Calhoun* in connection with discovery disputes in this case. Because plaintiffs' requests for leave attach the materials they seek leave to file, which greatly exceed the Court's word and content limitations for discovery disputes, *see, e.g.,* Dkt. Nos. 271, 272, each such submission has been met with a motion to strike by defendant Google, Inc., *see, e.g.,* Dkt. No. 274, which is then opposed by plaintiffs, *see, e.g.,*

Dkt. No. 281. Moreover, because the *Calhoun* materials are subject to a protective order, only Ms. Weaver has access to those materials for purposes of this case. This complicates the parties' efforts to confer about discovery disputes in advance of submitting them to the Court for decision, given the Court's requirement that lead counsel participate in conferences regarding the resolution of discovery disputes.

The parties acknowledge that their current approach to briefing discovery disputes that potentially implicate *Calhoun* discovery is inefficient and unproductive, and they have requested guidance. On August 23, 2022, the Court held a hearing to discuss how best to implement the relevant portion of Judge Gonzalez Rogers' order. The parties presented competing proposals before and during the hearing. Having considered the parties' views, the Court adopts the following procedures, which it believes will best serve the interests of efficiency and fairness:

1. In connection with a discovery dispute involving plaintiffs' efforts to obtain discovery from Google, the Court will continue to require compliance with discovery dispute resolution procedures in section 4 of the Court's Standing Order for Civil Cases. In particular, the Court expects the parties to fully discuss their respective positions and attempt to resolve their disagreements before submitting a discovery dispute to the Court for decision.

2. If, during the required conference of lead counsel, or in the communications that precede that conference, Google takes the position that the discovery is not responsive to a discovery request, is not relevant to a claim or defense, does not exist at all or in useable form, or is too burdensome to obtain, and if plaintiffs reasonably believe that discovery obtained in *Calhoun* contradicts that position, then *Calhoun* discovery may be used in resolving the discovery dispute as follows:

    a. Ms. Weaver or any of plaintiffs' other counsel of record who are also counsel of record in *Calhoun* ("*Calhoun* counsel") must identify to Google the specific documents, information, or sources of discovery from *Calhoun* that plaintiffs believe contradict Google's position(s).

      b. After Google's counsel has had an opportunity to consider the *Calhoun* materials,[1] the parties must engage in further discussion that includes consideration of the *Calhoun* materials. Only *Calhoun* counsel may participate in discussions that involve the protected contents of *Calhoun* discovery, unless Google consents to participation of plaintiffs' other counsel. The Court expects that such consent will not be unreasonably withheld, especially with respect to plaintiffs' lead counsel, Ms. Pritzker.

3. If a dispute remains following the conferences of counsel, the parties shall jointly submit a letter to the Court no later than 5 court days after the last conference of counsel, unless the disputing parties agree to extend that deadline. The joint discovery dispute letter shall conform to the requirements and limits set forth in section 4 of the Court's Standing Order for Civil Cases. The Court expects the parties to include in that submission all of the information they ordinarily must include to support their respective positions. For example, plaintiffs must identify the discovery requests at issue and explain why they seek discovery that is relevant to a claim or defense and proportional to the needs of the case (assuming those matters are in dispute). Conversely, Google must explain why the discovery is not relevant to a claim or defense and is not proportional to the needs of the case (again, assuming those matters are in dispute).

4. If plaintiffs reasonably believe that the Court's resolution of the discovery dispute will be informed by consideration of one or more of the *Calhoun* discovery items plaintiffs previously identified (per paragraph 2.a, above), but Google does not agree or does not

---

[1] The time necessary for this consideration will vary depending on the volume of material plaintiffs identify. Google has suggested that, assuming no more than 10 items of discovery, its review could be accomplished within 7-14 days. *See* Dkt. No. 254 at 2. The Court expects Google's counsel in this case to coordinate with Google personnel and Google's counsel in *Calhoun* to obtain an understanding of the nature or source of any *Calhoun* discovery plaintiffs identify so that Google's review and assessment of the materials for purposes of resolving a given discovery dispute in this case can be accomplished in an expeditious manner.

3

agree that discussion of *Calhoun* discovery may be incorporated into the joint discovery dispute letter, the parties may jointly file a separate side letter that:

    a. provides a short description of what the *Calhoun* discovery item is and how it informs or does not inform the Court's resolution of the discovery dispute; the description may not exceed 200 words per item per side;

    b. attaches the *Calhoun* discovery items at issue.[2]

5. The joint side letter must be filed under seal without service on or access available to non-*Calhoun* counsel, unless Google consents to filing the material without sealing or consents to allow plaintiffs' other counsel access. The Court expects that the joint side letter will be filed contemporaneously with the joint discovery dispute letter unless the parties agree otherwise.

On August 15, 2022 the parties filed a joint case management statement in which plaintiffs requested an extension of the case schedule. Dkt. No. 295 at 15. Significant disputes about Google's production of information concerning the named plaintiffs remain unresolved. *See* Dkt. Nos. 269, 290. In addition, because the discovery dispute resolution process set forth above may result in the production of additional documents and information that are relevant to class certification (by agreement of the parties or by court order), and because the dispute resolution process itself will require additional time if it involves consideration of *Calhoun* discovery, the undersigned recommends that the presiding judge extend the deadline for plaintiffs to file their motion for class certification to January 24, 2023, as plaintiffs suggest.

**IT IS SO ORDERED.**

Dated: August 25, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[2] The Court does not set presumptive limits on the number of items that may be submitted but will not hesitate to do so if the parties demonstrate that they cannot exercise appropriate restraint in selecting items for the Court to consider.