UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR   (VKD)<br><br>**ORDER RE JULY 29, 2022 DISCOVERY DISPUTE RE NAMED PLAINTIFFS' DATA**<br><br>Re: Dkt. No. 269, 274 |

Plaintiffs and defendant Google LLC ("Google") ask the Court to resolve their dispute concerning four of plaintiffs' document requests to Google. Dkt. No. 269. The Court held a hearing on this dispute on August 23, 2022. Dkt. No. 308.

As explained below, the Court orders Google to produce documents, provides guidance about the scope of production, and directs the parties to engage in further discussion. As to some matters, the Court denies plaintiffs' requests. Additionally, the Court grants Google's motion to strike (Dkt. No. 274), but without prejudice to plaintiffs' submission of *Calhoun* discovery material pursuant to the Court's direction below.

**I.      BACKGROUND**

Plaintiffs ask Google to produce documents responsive to RFPs Nos. 12, 13, 41, and 42. Although each of these requests is directed to "Account Holders" generally, plaintiffs have limited their demand to responsive documents concerning the nine named plaintiffs. Dkt. No. 269 at 1. For each named plaintiff, plaintiffs ask for documents sufficient to show:

1. account sign-up information reflecting the date the account holder signed up for an account and which services the account holder signed up for, which in turn indicates whether an account holder saw a Google promise to not sell or disclose personal

1          information in proximity to a prompt asking the account holder to agree, *see id.* at 2;

2      2. how Google links information it discloses through RTB with the account holder's Google account and what information is linked, *see id.*;

3. unspecified device and account settings, *see id.* at 3;

4. web-browsing histories, *see id.*;

5. which ads were displayed to the account holder, *see id.*;

6. what information Google internally considers "sensitive" information for purposes of advertising, *see id.*;

7. the use of cookie-matching, which enables RTB participants to associate information about an account holder obtained through RTB with data about that account holder that the RTB participant maintains, thereby allowing the participant to identify a specific account holder, *see id.* at 4; and

8. "other important data related to, among other things, Google Account Identifiers, timestamps for recorded communications, identification of the winning ad, and identification of the winning bid amount," *see id.* at 2.

In addition to the joint discovery dispute submission, plaintiffs ask the Court to consider a separate declaration of counsel and 13 exhibits comprising discovery material obtained in the *Calhoun* action.[1]  Dkt. No. 271.

Google objects that plaintiffs belatedly demand a much broader scope of discovery than what Google has committed to produce regarding the named plaintiffs, and that in any event, plaintiffs are not entitled to most of the documents they seek.  *Id.* at 4, 5-6.  Google also moves to strike plaintiffs' declaration of counsel and the attached *Calhoun*-related exhibits.  Dkt. No. 274.

**II.    DISCUSSION**

Of the four RFPs plaintiffs cite as the basis for their discovery demands, only RFPs Nos. 13, 41, and 42 appear to be at issue.[2]  Dkt. No. 269-1.  Plaintiffs' portion of the joint submission is

---

[1] *Calhoun v. Google,* No. 20-cv-5146.

[2] RFP No. 12 asks for "documents sufficient to identify all Account Holders" within the scope of the putative class.  Dkt. No. 269-1 at ECF 3.  Because plaintiffs represent that they seek only

United States District Court
Northern District of California

1   not tethered in any meaningful way to these document requests.  The Court hopes this is because,
2   during the conferences of counsel, plaintiffs have narrowed the categories of information for
3   which they are seeking documents to those described in the joint submission, which the Court has
4   summarized above.  In any event, in resolving this dispute, the Court focuses on the categories
5   described in the joint submission and not the much broader document requests.

6   It is not possible for the Court to completely resolve this dispute based on the parties'
7   submissions, even after the benefit of a lengthy hearing.  For some categories, plaintiffs rely on
8   conclusory arguments or purported admissions without ever explaining why the discovery they
9   seek is relevant to a claim or defense.  *See, e.g.,* Dkt. No. 269 at 3 (discussing "Web Browsing
10  Histories").  Moreover, for some categories, plaintiffs rely on a supplemental declaration of
11  counsel which includes additional argument and attaches *Calhoun* discovery, to which Google
12  objects and as to which the parties have not had any meaningful discussion.  Below, the Court
13  resolves what it can, and provides further direction regarding the remainder of the disputes.

### 1. Account sign-up information, Google's promises, plaintiffs' consent

Plaintiffs persuasively argue that what a user sees in the course of account sign-up,
including a representation that "Google does not sell your personal information" in proximity to a
button asking the user to "agree," is relevant to at least their breach of contract claim.  To the
extent a user is presented with other similar representations when prompted to sign up for
particular Google services, a record of whether the user signed up for that service may support
plaintiffs' contention that the user saw and relied on the representation.  *Id.* at 2.  For its part,
Google represents that it will produce information about the named plaintiffs that relates to
Google's consent defense, although it is not clear whether the parties have a meeting of the minds
on what that data is.  *Id.* at 5.

The Court expects Google to produce, for each named plaintiff, documents sufficient to
show (i) the relevant representations each plaintiff saw (like the one at account sign-up), including
indicia tending to show whether the user saw and potentially relied on the representation; (ii)

---

discovery concerning the named plaintiffs at this time, the Court understands that they are not presently asking Google to identify all other account holders who may be class members.

indications of express consent to the relevant use of information associated with each plaintiff; and (iii) any other information on which Google relies for its consent defense. If the parties cannot resolve their dispute based on this guidance, they must confer further (using the procedures set forth in Dkt. No. 313, as applicable) and submit their specific dispute to the Court for decision.

### 2. Linking account information

Plaintiffs argue that Google links information it shares with RTB participants with named plaintiffs' Google accounts, and that this renders all such linked information "personal information" of an account holder. The joint submission does not identify the information plaintiffs believe is linked or describe the nature of the linking they suspect occurs. Dkt. No. 269 at 2-3. Google responds that plaintiffs are merely seeking once again to obtain discovery of all information Google collects, regardless of whether that information is disclosed to a third party in an RTB auction, a demand that this Court has already rejected. *Id.* at 5.

Plaintiffs' premise is that if Google associates information with an account holder, the information is "personal" to the account holder because of that association. They seem to say that if such information is disclosed in an RTB auction, it is "personal information" of an account holder within the scope of discovery. The parties' arguments on this point are not well-developed. In particular, the Court is not persuaded that if an item of information *Google* associates with an account holder is shared with an RTB participant in a manner that (a) *eliminates* the association with a specific account holder and (b) does not allow the RTB participant to make the same association (*see* "cookie matching" discussion below), Google has necessarily shared "personal information" of an account holder with an RTB participant. If plaintiffs contend otherwise, they have not pointed the Court to any authority that supports their position.

The Court expects Google to produce documents sufficient to show, for each named plaintiff, what information specific to that plaintiff was shared with an RTB participant and the details of such sharing. If Google discloses information that allows an RTB participant to identify an account holder based on information the *participant* may have about that account holder, Google must produce records showing the disclosure of that information as well. Otherwise, plaintiffs have not shown they are entitled to discovery of all information Google maintains about

4

1   an account holder solely based on Google's internal linking of information with an account holder.

2   Regarding the sources of relevant information, plaintiffs claim that Google maintains
3   records by account holder and by auction reflecting what information was disclosed to RTB
4   participants, and they refer to information available in the *Calhoun* action. *See id.* at 3. The
5   parties should discuss the bases for plaintiffs' claim regarding the records available from Google,
6   including, if appropriate, using the procedures set forth in Dkt. No. 313. Any remaining dispute
7   regarding this topic may be submitted to the Court for decision.

### 3. Device and account settings

9   Plaintiffs argue that Google should be required to produce device and account settings
10  because the Court has already determined these settings are relevant. Dkt. No. 269 at 3. Google
11  responds that plaintiffs are in the best position to produce this information themselves and that it
12  would be unnecessarily duplicative for Google to have to produce the same information. *Id.* at 5.
13  Neither side explains to the Court what device and account settings are at issue, although both
14  refer to the Court's prior order at Dkt. No. 190. The word "setting" does not appear in any of the
15  RFPs at issue.

16  On April 25, 2022, the Court issued an order resolving the parties' disputes concerning
17  some of Google's document requests to plaintiffs. Dkt. No. 190. In the context of that dispute,
18  Google demanded that the named plaintiffs produce the following information in response to
19  Google's RFP No. 1: (1) controls or settings available on their devices, browsers, mobile
20  applications, operating systems, and/or websites that are related to what and how user information
21  is shared with Google; (2) cookie, location, and other privacy settings; (3) internet browsers
22  installed on their devices; (4) the use of private-browsing methods; and (5) web-browsing history.
23  *See id.* at 3 (summarizing Google's demand). For the reasons explained in the order, the Court
24  directed plaintiffs to produce this information. *Id.* at 4. Plaintiffs now contend that Google has
25  more complete information about the named plaintiffs' device and account settings than they do
26  and they demand its production. Google does not dispute that it has the information or that it is
27  burdensome to provide; they argue only that production would be duplicative.

28  As noted above, it not entirely clear what device and account settings plaintiffs demand

from Google.  However, the Court has already found that the information described above and in Dkt. No. 190 as items (1)-(5) is relevant to a claim or defense, and given plaintiffs' representations that their own production is incomplete, Google's production would not be entirely duplicative.  If Google maintains this information for the named plaintiffs, it must produce it.  If the parties cannot resolve their dispute based on this guidance, they must confer further (using the procedures set forth in Dkt. No. 313, as applicable) and submit their specific dispute to the Court for decision.

### 4. Web-browsing history

The parties disagree about whether Google discloses account holders' web-browsing history through RTB.  Plaintiffs say that Google does disclose it; Google says that it shares only the URL of the specific ad opportunity that is the subject of an RTB auction.  Dkt. No. 269 at 3, 6.  The Court need not resolve this disagreement.  For the same reasons Google argued that the named plaintiffs' web browsing histories are relevant, *see* Dkt. No. 142 at 2, which the Court accepted, *see* Dkt. No. 190 at 3-4, the Court concludes that Google must produce the named plaintiffs' web-browsing histories.

If Google contends it does not have this information or cannot produce it for some reason, the parties must confer further (using the procedures set forth in Dkt. No. 313, as applicable) and submit their specific dispute to the Court for decision.

### 5. Ads shown

It is not clear from the joint submission whether plaintiffs demand that Google produce documents sufficient to show *all* ads shown to the named plaintiffs or only all ads shown as the result of a successful bid placed through an RTB auction.  RFP No. 13 asks for documents sufficient to show "all information Google has collected, created, associated and derived, and continues to collect, create, associate and derive, regarding [named plaintiffs'] . . . ad history . . . ."  Dkt. No. 269-1 at ECF 5.  RFP No. 41 asks for documents sufficient to show "[t]he resulting ad(s) that was displayed to each [named plaintiff]" after their personal information was shared in an RTB auction.  *Id.* at ECF 53.  Google objects that searching its logs for "every ad" shown to every named plaintiff would be "highly burdensome, time consuming, and not proportional," in part because Google would have to provide notice to its advertising customers.  Dkt. No. 269 at 6; Dkt.

1   No. 308.  In addition, Google argued during the hearing that *plaintiffs* have consistently taken the
2   position that the particular ads shown to them are not relevant to any claim or defense.   Dkt. No.
3   308.  Plaintiffs countered that for purposes of establishing standing, adequacy, typicality, and
4   damages, they must show that ads of a "sensitive" nature were shown to them through RTB.  *Id.*
5   Plaintiffs also suggested that Google maintains a log of all ads shown to the named plaintiffs,
6   including those shown through the RTB process, and that it would not be unduly burdensome for
7   Google to produce the complete data as to each named plaintiff.  *Id.*

8   The Court is persuaded that to support their allegations of standing and to meet the criteria
9   for class certification, plaintiffs may be required to demonstrate that the named plaintiffs were
10  shown ads as a result of sharing of their personal information through RTB, and that they were
11  harmed or that Google was unjustly enriched as a result.  It is not clear from the parties' joint
12  submission or the discussion at the hearing whether the data Google maintains can be produced
13  without undue burden.  If Google contends it is unduly burdensome to produce this information or
14  that it cannot produce it for some other reason, the parties must confer further (using the
15  procedures set forth in Dkt. No. 313, as applicable) and submit their specific dispute to the Court
16  for decision.

### 6.     Information Google considers "sensitive"

18  Plaintiffs argue that their claims regarding Google's use of "sensitive" information are "not
19  limited to the sharing or sale of information."  They say that "[i]f Google internally deems certain
20  kinds of account holder information 'sensitive' that is used for advertising, it bears directly on
21  [p]laintiffs' claims."  Dkt. No. 269 at 3.  Plaintiffs do not identify the claims to which they refer or
22  explain how the documents they seek are relevant to their claims.  They do not even say what
23  documents they want.  Claiming that relevance is "undisputed," plaintiffs cite a cobbled-together
24  quote from Google's statements during a hearing on a prior dispute that, in the Court's view,
25  distorts the statements' original meaning.  *Id.*  Google argues that plaintiffs are not entitled to
26  discovery about any and all use Google may make of "sensitive" information, and contends that
27  the Court has already resolved this issue in deciding the parties' dispute about the scope of
28  plaintiffs' Rule 30(b)(6) deposition notice.  *Id.* at 6.

7

The Court cannot discern from the parties' joint submission what records plaintiffs seek with respect to the named plaintiffs or why plaintiffs believe the records are relevant to a claim or defense. Moreover, the word "sensitive" does not appear in any of the RFPs at issue. Because plaintiffs have not shown that the discovery they seek is relevant to a claim or defense and proportional to the needs of the case, the Court denies this aspect of plaintiffs' request for relief.

### 7. Cookie-matching

Plaintiffs argue that "Google provides RTB participants, via cookie-matching, with a key to identify exactly who certain account holders are, and cookie-matching can enable participants to link a user's personal information obtained from the RTB auction process with its own data about that user." *Id.* at 4. Plaintiffs demand that Google produce "data revealing cookie-matching about the [named plaintiffs]." *Id.* Google does not contest plaintiffs' characterization of how cookie-matching operates in an RTB auction. Rather, Google says that plaintiffs did not specifically raise any issue about cookie-matching data until late June 2022 and only served specific requests about cookie-matching during the week of July 25, 2022. *Id.* at 6.

As noted above, cookie-matching appears to be a vehicle whereby account holder-specific information may be shared with RTB participants. It is not clear from the parties' joint submission what records Google has about instances of cookie-matching via RTB with respect to the named plaintiffs; perhaps plaintiffs' recent document requests identify the data they seek with more specificity. In any event, if there is such data, the Court is persuaded it is relevant to plaintiffs' claims and should be produced. If Google contends it does not have the information or cannot produce it for some reason, the parties must confer further (using the procedures set forth in Dkt. No. 313, as applicable) and submit their specific dispute to the Court for decision.

### 8. Other data

Plaintiffs complain generally that Google has produced records from a single log, but has not produced records from other relevant logs. Dkt. No. 269 at 1. With the exception of the categories of information discussed above in this order, plaintiffs do not identify what additional records they seek. However, they assert that the records Google has produced to date omit "important data related to, among other things, Google Account identifiers, timestamps for

8

recorded communications, identification of the winning ad, and identification of the winning bid amount." *Id.* at 2. Some of this "other data" appears to be the subject of a separate dispute the Court has set for hearing on August 30, 2022. *See* Dkt. No. 291. Google does not respond specifically to plaintiffs' arguments that it maintains other sources of relevant information identifying the named plaintiffs and the information about them that has been shared with RTB participants.

Plaintiffs' principal argument here is that Google maintains records of relevant information but has declined to search all but a narrow set of data sources. The parties should discuss the bases for plaintiffs' claim that Google maintains other sources of relevant information, including, if appropriate, using the procedures set forth in Dkt. No. 313. Any remaining dispute regarding this issue may be submitted to the Court for decision.

**IT IS SO ORDERED.**

Dated: August 26, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge