UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR   (VKD)<br><br>**ORDER RE SEALING**<br>Re: Dkt. No. 268, 271, 272, 279, 289 |

The parties filed a joint letter brief regarding a discovery dispute in this action. *See* Dkt. No. 269. Because the joint letter brief contained information defendant Google LLC ("Google") has designated as "Confidential," it was provisionally filed under seal. Dkt. No. 268. As the designating party, pursuant to Local Rule 79-5(f)(3) Google filed a response asserting its reasons for filing the letter brief under seal. Dkt. No. 279.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). A litigant seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

Google's motion to seal (Dkt. No. 279) concerns information submitted in connection with a discovery dispute. The underlying discovery dispute does not address the merits of the parties'

claims or defenses, and the Court therefore applies the "good cause" standard of Rule 26(c).

The portions of the submissions that Google seeks to redact reflect confidential information disclosed in the related action *Calhoun v. Google*, No. 21-cv-05146, as well as personally identifiable information provided by a named plaintiff. Dkt. Nos. 279 at 2. Because the information sought to be sealed is related to highly confidential and proprietary information and is sealed in the *Calhoun* matter, or contains personally identifiable information, the Court agrees and finds that good cause exists to seal the following material:

| Document | Portions to be filed under seal |
|---|---|
| Joint Letter Brief (ECF Nos. 268-3, 269) | Portions Highlighted at pages 3, 6, and footnote 5 |

Additionally, in connection with this discovery dispute, plaintiffs filed a supplemental declaration, accompanied by several attached exhibits. Dkt. No. 272 (redacted; unredacted version at Dkt. No. 271). In its order regarding this discovery dispute (Dkt. No. 314), the Court struck the Declaration of Lesley E. Weaver and its supporting attachments from the record, without prejudice. *Id.* at 1. Accordingly, because these materials cannot be removed from the docket, the entirety of plaintiffs' July 29, 2022 supplemental submission (Dkt. No. 272 redacted; unredacted version at Dkt. No. 271) shall remain sealed.

**IT IS SO ORDERED.**

Dated: August 26, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge