**PRITZKER LEVINE LLP**
Elizabeth C. Pritzker (SBN 146267)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*

*Interim Class Counsel*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| *In re Google RTB Consumer Privacy Litigation*, <br><br> This Document relates to: *all actions*. | **CASE NO. 4:21-cv-02155-YGR-VKD** <br><br> **DISCOVERY MATTER** <br><br> **PLAINTIFFS' NOTICE OF REQUEST FOR LEAVE TO PRESENT ORAL ARGUMENT RE: CLARIFICATION, RECONSIDERATION AND/OR MODIFICATION OF AUGUST 26, 2022 DISCOVERY ORDER (DKT NO. 314)** <br><br> Hearing Date:   August 30, 2022 <br> Hearing Time:   10:00 a.m. <br> Hearing Location:  Courtroom 2 – 5th Fl. <br> Magistrate Judge:  Virginia K. DeMarchi |

PLAINTIFFS' NOTICE OF REQUEST FOR LEAVE TO PRESENT ORAL ARGUMENT RE: CLARIFICATION, RECONSIDERATION AND/OR OR MODIFICATION OF AUGUST 26, 2022 DISCOVERY ORDER (DKT NO. 314)

4:21-CV-02155-YGR-VKD

1  **NOTICE IS HEREBY GIVEN THAT** on August 30, 2022 at 10:00 a.m., in Courtroom 2 – 5th Floor of the above-entitled court, Plaintiffs will and hereby do request that the Honorable Virginia K. DeMarchi, pursuant to the Court's discovery reference dated June 9, 2021 (Dkt. No. 71), grant Plaintiffs leave to present oral argument re: clarification, reconsideration and/or modification of the Magistrate Judge's Discovery Order dated August 26, 2022 (Dkt. No. 313) ("Aug. 26, 2022 Order").

GOOD CAUSE EXISTS for the relief herein requested because the August 26, 2022 Order, if not clarified, reconsidered and/or modified, may prevent Plaintiffs from obtaining needed relevant discovery from Defendant Google LLC ("Google") in three respects:

(1) The Court's order denying Plaintiffs request for discovery regarding Google's use of "sensitive" information (Dkt. No. 314 at 7-8), may improperly deny Plaintiffs relevant Named Plaintiff discovery on at least one core promise that Plaintiffs allege Google has breached – the promise that Google will not *target them* based upon *their* "sensitive" information such as race, religion, sexual orientation, or health, or *use or sell their* "sensitive" information to third parties for advertising purposes. *See* Consolidated Class Action Compl. (Dkt. No. 80), ¶¶ 1, 11(e), (f), 22, 91, 104-05, 157, 160, 260, 320, 342-43 (Count I: Breach of Contract), 403 (Count Five: Intrusion Upon Seclusion).

(2) The Court's order (Dkt No. 314 at 7:3-4), inaccurately states Plaintiffs' arguments at the August 23, 2022 hearing, and Plaintiffs' claims in this case, that "for purposes of establishing standing, adequacy, typicality, and damages, they must show that ads of a "sensitive" nature *were shown to them through RTB*." (Emphasis added). Plaintiffs did not make this argument, and it is wrong to the extent that it assumes that this discovery is required to establish legal standing. Discovery of ads shown to Named Plaintiffs (whether "sensitive" in nature or not) is directly relevant to the substance of Plaintiffs' claims and to potential damages. Given that Plaintiffs have been advised that due to a poor audio file, there will be no transcript or, an incomplete transcript, of the August 23 hearing, Plaintiffs respectfully request that the record, as set forth in Dkt. No. 314, be corrected.

(3) The Court's order apparently limiting the scope of "linking account information" concerning the Named Plaintiffs (Dkt. No. 314 at 4-5) may deprive Plaintiffs of core discovery they need for class certification and merits purposes regarding the common manner in which Google targets account holders and shares their personal information with third parties through RTB, and improperly intrudes upon the role of the District Court and the fact-finder on ultimate issues with respect to Google's RTB practices - including what constitutes "personal information" under the law and whether Google's commonly-employed activities with respect to that information in the RTB auction amount to a "sharing" of that information.

ACCORDINGLY, Plaintiffs respectfully ask that the Court permit Plaintiffs to present oral argument at the previously-scheduled August 30, 2022 discovery hearing to address these issues, and before the Magistrate Judge issues an order formally disposing of the matters framed by the Named Plaintiff Data dispute (Dkt. No. 269).

Plaintiffs have advised counsel for Defendant Google of this notice and the relief herein requested, and have invited Google to meet and confer on these and other outstanding discovery issues in advance of the August 30, 2022 hearing.

Dated: August 29, 2022

**PRITZKER LEVINE LLP**

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (SBN 146267)
Jonathan K. Levine (SBN 220289)
Bethany Caracuzzo (SBN 190687)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
bc@pritzkerlevine.com

*Interim Class Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

*/s/ Bethany Caracuzzo*
Bethany Caracuzzo