COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
LAURA M. ELLIOTT (SBN 286702)
(lelliott@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM S. DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 776 2109
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (ECF NO. 292)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

I.  **INTRODUCTION**

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3), Google LLC ("Google") respectfully submits this Response to Plaintiffs' Administrative Motion ("Google's Response") to Consider Whether Another Party's Materials Should Be Sealed (ECF 292) in connection with the Declaration of Leslie E. Weaver (ECF No. 293) related to the Joint Letter Brief re Dispute as to Economic Damages Discovery (ECF No. 291) and accompanying exhibits ("Exhibits").

| Document | Text to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| Declaration of Lesley E. Weaver Pursuant to Dkt. 242 Regarding Dkt. 291 Re: Dispute as to Economic Damages Discovery | Highlighted portions at pages 2:17-3:1, 3:4-7, 3:27-28, 5:9-11, 5:14, 7:1-2, 7:15-17, 7:22-24, 8:24-26, 9:3 | Google |
| Exhibit 1 to the Declaration of Lesley E. Weaver | Highlighted portions at page GOOG-CABR-04077300 | Google |
| Exhibit 2 to the Declaration of Lesley E. Weaver | Highlighted portions at page GOOG-CABR-04312372 | Google |
| Exhibit 3 to the Declaration of Lesley E. Weaver | Entirety | Google |
| Exhibit 4 to the Declaration of Lesley E. Weaver | Highlighted portions at page GOOG-CABR-04120135 | Google |
| Exhibit 5 to the Declaration of Lesley E. Weaver | Entirety | Google |

II.  **LEGAL STANDARD**

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the information is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

1  narrowly tailored to seek sealing only of sealable material." *Id.*

2  The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

Briefing for a discovery motion is non-dispositive, and thus the good cause standard applies here. *See, e.g.*, *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-cv-02306-EDL, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("Because the sealing requests were made in conjunction with a nondispositive discovery motion, a showing under the good cause standard will suffice."); *Calhoun v. Google*, No. 20-cv-05146, ECF No. 327, at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."). The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824-BLF, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)). Notably, under this standard, "[r]ecords attached to nondispositive motions are not subject to the strong presumption of access." *TVIIM, LLC v. McAfee*, Inc., No. 13-cv-04545-HSG, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) (citation omitted).

**III.   GOOD CAUSE WARRANTS SEALING PORTIONS OF THE DECLARATION OF LESLIE WEAVER AND CORRESPONDING EXHIBITS**

Google asks this Court to seal portions of the Declaration of Leslie E. Weaver and certain Exhibits attached thereto. As an initial matter, the proposed redactions to the Declaration of Leslie E. Weaver and Exhibits are narrowly tailored to encompass only the specific portions that qualify as confidential or highly confidential information, and therefore do not "unduly limit[] public access." *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST-NC, 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

Good cause exists to support Google's narrow sealing request of information that has been produced only in *Calhoun* and that has been designated in that matter as either "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

Each of the documents or portions of documents that Google seeks to seal contain confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly. (Reddy Decl. ¶ 5.) Specifically, these documents reference internal project and infrastructure names as well as certain highly sensitive technical details regarding these projects. (*Id*. ¶¶ 5-6.) These documents also reference technical details and identifiers related to highly sensitive data logs and data systems that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors. (*Id*. ¶ 8.) This information includes details pertaining to Google's internal projects and their proprietary functionalities, data infrastructure, logs, and metrics. (*Id*.) Sealing is warranted for multiple reasons.

***First***, public disclosure of this information presents a serious risk of irreparable harm to Google, including cyber security risk. (*Id*. ¶¶ 7, 10.) For example, an individual interested in improperly accessing Google's systems could target particular proprietary documents and information for improper uses based on Google's confidential internal names for their systems as well as associated technical details. (*Id.* ¶¶ 6-7.) If made public, the information that Google seeks to redact would allow individuals who, through legitimate or nefarious means, gain access to other documents or information that reference the same code names or internal systems, to deduce details about the projects to which the code names refer that they otherwise would not have understood were related. (*Id.*)

Given such risks, this Court has previously found that internal code names in this case warrant sealing. *See, e.g.*, *In re Google RTB Consumer Privacy Litig.*, No. 21-cv-02155, ECF No. 186 (N.D. Cal. April 29, 2022) (applying the good cause standard and sealing information about internal systems as are at issue in this case). This is consistent with rulings by other courts in this District that have similarly sealed references to internal project names and data systems. *See, e.g.*, *Rodriguez v. Google LLC*, No. 20-cv-04688-RS, ECF No. 223 (N.D. Cal. Feb. 10, 2022) (noting

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

that "Google's internal project names may be sealed"); *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-cv-00362-PJH, 2018 WL 2392561, at *7 (N.D. Cal. May 25, 2018) (sealing "specific references to portions of Apple's source code, including names of particular source code variables, functions, and files."); *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846-LHK-PSG, 2012 WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012) (sealing "Apple's internal code names" for its projects).

***Second***, public disclosure of documents that contain technical details and identifiers related to Google's highly sensitive data logs and data systems also place Google at risk of irreparable harm because these may reveal Google's internal strategies, system designs, and business practices for operating and maintaining many of its important proprietary services. (Reddy Decl. ¶ 8.) This creates a serious cybersecurity risk as third parties may seek to use this information to compromise Google's data sources, including data logs, internal data structures, and internal identifier systems. (*Id.* 10.)

Courts in this District routinely find that references to data logs and data systems also warrant sealing. *See, e.g.*, *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, ECF No. 192, at 3–9 (N.D. Cal. May 3, 2017) (granting motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *In re Google Inc. Gmail Litig.*, No. 13-md-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems). This Court has already previously sealed similar references to internal data logs. *In re Google RTB Consumer Privacy Litig.*, No. 21-cv-02155-YGR, ECF 186 (N.D. Cal. Apr. 29, 2022) (sealing reference to data sources).

**IV.  CONCLUSION**

For the foregoing reasons, Google respectfully requests the Court seal the aforementioned portions of the Declaration of Leslie E. Weaver (ECF No. 293) and Exhibits 1-5, the public disclosure of which would cause irreparable harm to Google.

////

////

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

Dated: August 29, 2022

COOLEY LLP

By: /s/ *Aarti Reddy*
Aarti Reddy

Attorney for Defendant
GOOGLE LLC

274124369

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO