# Exhibit A – Redacted Version of Document Sought to be Sealed

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

**SIMMONS HANLY CONROY LLC**
Mitchell M. Breit (admitted *pro hac vice*)
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*mbreit@simmonsfirm.com*
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*

*Counsel for Plaintiffs*

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 E. 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 993-1000
*dstraite@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
Ten North Dearborn Street
Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 5:20-cv-5146-LHK-SVK

**PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES (NOS. 1-5)**

**PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO
DEFENDANT'S FIRST SET OF INTERROGATORIES (NOS. 1-5)**

Pursuant to Federal Rules Civil Procedure 26 and 33, Plaintiffs Patrick Calhoun, Elaine Crespo, Hadiyah Jackson, and Claudia Kindler (collectively, "Plaintiffs"), by and through their undersigned counsel, provide this amended responses and objections to Defendant Google LLC's ("Google") First Set of Interrogatories as follows:

**PRELIMINARY STATEMENT**

Plaintiffs incorporate by reference the Preliminary Statement set forth in their Responses and Objections to Defendant's First Set of Interrogatories (Nos. 1-5) dated January 4, 2021.

**AMENDED OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Describe with particularity each time YOU reviewed the GOOGLE TERMS OF SERVICE, GOOGLE PRIVACY POLICY, MY GOOGLE ACTIVITY, CHROME TERMS OF SERVICE, and/or CHROME PRIVACY NOTICE prior to the filing of the COMPLAINT and, if YOU reviewed such documents, on what date(s) and which version(s) YOU reviewed, and whether YOU reviewed the entire document(s) or only portion(s) of the document(s) (if only portion(s), describe with particularity which portion(s) you reviewed).

**ORIGINAL RESPONSE:**

Plaintiffs incorporate the above Preliminary Statement as though fully set forth herein.

Plaintiffs object to Definition No. 1 insofar as the terms "YOU," "YOUR" and "PLAINTIFFS" improperly lump Plaintiffs together as a single entity, seeking to impute knowledge, information, and obligations of one Plaintiff to another.

Plaintiffs object to Definition No. 5 insofar as the term "PERSON," as defined, is intended to require each Plaintiff to produce, analyze, and consider documents that are not within their respective possession, custody, or control, and seeks to impute knowledge and information of these other PERSONS upon each Plaintiff.

- 2 -

*Calhoun, et al. v. Google LLC*, 5:20-cv-5146-LHK-SVK
Plaintiffs' Amended Responses and Objections to Defendant's First Set of Interrogatories (Nos. 1-5)

Plaintiffs object to Definition No. 8 insofar as "GOOGLE PRIVACY POLICY" purports to refer to "any prior version" of a Google privacy policy, including those not referenced in the COMPLAINT, and thus requires consideration and analysis of documents or information which is not fully known to Plaintiffs and which is not within the possession, custody, or control of Plaintiffs.

Plaintiffs object to Definition No. 9 insofar as "GOOGLE TERMS OF SERVICE" refers to "any prior version" of a Google terms of service, including those not referenced in the COMPLAINT, and thus requires consideration and analysis of documents and information which is not fully known to Plaintiffs and which are not within the possession, custody, or control of Plaintiffs.

Plaintiffs object to Definition No. 11 insofar as "CHROME PRIVACY POLICY" refers to "any prior version" of a Chrome privacy notice, including those not referenced in the COMPLAINT, and thus requires consideration and analysis of documents and information which is not fully known to Plaintiffs and which are not within the possession, custody, or control of Plaintiffs.

Plaintiffs object to Definition Nos. 16 and 17 to the extent that the definitions of "DOCUMENT" and "COMMUNICATION" conflict with the Federal Rules or as otherwise agreed by the parties in any forthcoming ESI Order. Plaintiffs objects to Definition Nos. 6 and 7 to the extent they purport to seek "any," "all, "each," and "every" DOCUMENT or COMMUNICATION, as overbroad, unduly burdensome, and not proportional to the needs of the case.

Plaintiffs object to the Instructions on the grounds set forth above and insofar as the Instructions impose or seek to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Local Rules and Orders of the Court. Plaintiffs further object to the Instructions insofar as they improperly seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Plaintiffs object to the Interrogatory as it contains 20 discrete subparts, which counts against the 25 per party limit under Fed. R. Civ. P. 33.

Plaintiffs further object to the extent that the Interrogatory demands "particularity" about the review of thousands of electronic pages over a period of years in a manner that a person could not be reasonably expected to recall.

Subject to and without waiving these objections, Plaintiffs respond as follows:

A. Plaintiff Calhoun recalls reviewing the Google Terms of Service, Chrome Terms of Service, and Chrome Privacy Notice several years ago after hearing about a privacy lawsuit. He does not recall the specific dates of his review, the specific version of the documents reviewed, nor the specific portions reviewed. Plaintiff Calhoun does not recall reviewing the Google Privacy Policy or My Google Activity.

B. Plaintiff Crespo recalls viewing the identified documents at some point prior to filing the complaint, but does not recall the specific date on which she viewed each document, the specific version of the documents, nor the specifics of what she read.

C. Plaintiff Jackson recalls reviewing certain documents that she believes to be the referenced items, but does not recall the specifics.

D. Plaintiff Kindler does not specifically recall reviewing the referenced items.

**AMENDED RESPONSE:**

Subject to their prior responses and objections, Plaintiffs amend and note that on April 16, 2021 Plaintiffs filed an Amended Class Action Complaint in which they, among other things, eliminated fraud a predicate act for their claim under California's Unfair Competition Law. Accordingly, Plaintiffs object to this Interrogatory on the ground that it is not relevant to any claim or defense at issue; whether Plaintiffs reviewed the GOOGLE TERMS OF SERVICE, GOOGLE PRIVACY POLICY, MY GOOGLE ACTIVITY, CHROME TERMS OF SERVICE, and/or CHROME PRIVACY NOTICE is not relevant to the operative Complaint, as reliance is not an element of any claim alleged.

**<u>INTERROGATORY NO. 2:</u>**

Describe with particularity YOUR use of CHROME, including: the date YOU first began using CHROME on each device (*e.g.*, mobile devices, tablets, laptops, and/or desktops); the

- 4 -

frequency with which YOU used CHROME on each device; which browser modes YOU used in CHROME on each device; whether you logged into a Google account when you used CHROME on each device; which Google account(s) YOU logged into when YOU used CHROME on each device; which website(s) YOU visited while using CHROME on each device; whether you ever reviewed or deleted data on MY GOOGLE ACTIVITY; and how often YOU enabled and/or disabled CHROME SYNC for each Google account YOU identified.

**ORIGINAL RESPONSE:**

Plaintiffs incorporate the above Preliminary Statement as though fully set forth herein.

Plaintiffs object to Definition No. 1 insofar as the terms "YOU," "YOUR" and "PLAINTIFFS" improperly lump Plaintiffs together as a single entity, seeking to impute knowledge, information, and obligations of one Plaintiff to another.

Plaintiffs object to Definition No. 5 insofar as the term "PERSON," as defined, is intended to require each Plaintiff to produce, analyze, and consider documents that are not within their respective possession, custody, or control, and seeks to impute knowledge and information of these other PERSONS upon each Plaintiff.

Plaintiffs object to the Instructions on the grounds set forth above and insofar as the Instructions impose or seek to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Local Rules and Orders of the Court. Plaintiffs further object to the Instructions insofar as they improperly seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity

Plaintiffs object to the Interrogatory as the phrases "Google Account" and "logged into," the phrases being subject to multiple interpretations and the terms being undefined. Plaintiffs object to the Interrogatory as overbroad and unduly burdensome as it seeks disclosure of the "websites…visited while using CHROME on each device."

A. Plaintiff Calhoun began using Chrome in or around 2014. He used Chrome on his personal computer in standard mode and approximates that he did so on a daily basis. Plaintiff

- 5 -

*Calhoun, et al. v. Google LLC*, 5:20-cv-5146-LHK-SVK
Plaintiffs' Amended Responses and Objections to Defendant's First Set of Interrogatories (Nos. 1-5)

Calhoun has a G-Mail account, ███████████████████, and has logged into that account while using Chrome, but he does not recall logging into the account each and every time he used Chrome. He does not recall ever reviewing or deleting data from My Google Activity. Plaintiff Calhoun has never enabled CHROME SYNC.

B. Plaintiff Crespo started using Chrome in or around 2018, primarily on her cellphone and laptop. Plaintiff Crespo approximates that she used Chrome on her cellphone almost daily and on her laptop a few times a week, in all cases in standard mode. Plaintiff Crespo has a G-Mail account, ███████████████, and has logged into her G-Mail account while using Chrome, but she does not recall logging into G-Mail each and every time she used Chrome. With respect to My Google Activity, Plaintiff recalls deleting pictures from that service, but does not recall the specifics. Plaintiff Crespo has never enabled CHROME SYNC.

C. Plaintiff Jackson started using Chrome in or around 2017, primarily on her cellphone, approximately daily, and on her laptop, approximately a few times a week, in all cases in standard mode. Plaintiff Jackson has several G-Mail accounts, █████████████████████████ and █████████████, and has logged into those accounts while using Chrome, but she does not recall logging into these accounts each and every time she used Chrome. Plaintiff Jackson does not recall reviewing or deleting any data from My Google Activity. Plaintiff Jackson has never enabled CHROME SYNC.

D. Plaintiff Kindler does not recall when she started using Chrome but has used it as her default browser on her personal laptop on a daily basis in standard mode. Plaintiff has a G-Mail account, ████████████████, but she does not recall logging into the account when she used Chrome. Plaintiff Kindler does not recall reviewing or deleting any My Google Activity data. Plaintiff Kindler has never enabled CHROME SYNC. The email address ████████████████, which is a business email address, was incorrectly referenced in the complaint. That business is not a plaintiff in this lawsuit.

**AMENDED RESPONSE**:

In further discussions, Google objected to Plaintiffs' response as to "which browser modes

- 6 -

YOU used in CHROME on each device." Specifically, Google argued that "standard mode' is not a recognized 'mode' and appears to be terminology suggested by counsel." Google requested that Plaintiffs "amend their response to align with the four modes available in Chrome: (1) Basic Browser; (2) Signed In; (3) Signed In with sync enabled; and (4) Incognito and guest mode—which the Complaint correctly acknowledges."

Plaintiffs disagree with Google's view that it can dictate the language and manner in which they respond to interrogatories. Plaintiffs confirm that they do not use the terms imposed by Google, e.g. "Basic Browser" or "Signed In" modes. Thus, Google's demand that Plaintiffs use counsel's terminology would be an improper imposition by Google's counsel to dictate and direct the manner in which this Interrogatory is answered. Should Plaintiffs be required to use those terms, the language would only be in Plaintiffs' answers at the direction of Google's counsel.

Further, since the parties last discussed this Interrogatory, it has come to light that even Google's key employees do not use the terminology that Google's counsel is attempting to impose on Plaintiffs. On April 9, 2021, Google's 30(b)(6) deponent, David Monsees, provided the following answer about "browser modes":

Q: And does browser mode mean anything to you?

A: No, not specifically."

Q: Okay. Do – do you have an understanding as to what the phrase "browser mode" means? …

A: I would just be speculating, but just based on the terms, browsers have modes. …. if you use your phone based on portrait or landscape mode and … [b]rowsers have modes like incognito or safe search but … I think *it depends on the definition that a user has in mind when they think of mode*.

Deposition David Monsees, April 9, 2021 at 68:7-25.

Subject to the above and all prior objections, Plaintiffs amend and supplement their prior response only to the extent that they now confirm that, to the best of their memory, they have only used the Chrome browser in the standard mode, which, to the best of their knowledge, aligns with

what Google refers to as "Basic browser" or "Signed In" mode.

Plaintiffs Calhoun and Jackson further supplement their prior responses as follows:

A.    For Plaintiff Calhoun: In addition to ███████████████, Plaintiff Calhoun has the following Google email accounts: ██████████████ and ██████████████.

B.    For Plaintiff Jackson: Plaintiff Jackson amends her Google accounts ██████████████ and ██████████████ to ██████████████ and ██████████████. In addition, Plaintiff Jackson also has the following Google email accounts: ██████████████.

## INTERROGATORY NO. 3:

Describe with particularity how YOU have been harmed or damaged by DEFENDANT's conduct alleged in YOUR COMPLAINT.

**ORIGINAL RESPONSE:**

Plaintiffs incorporate the above Preliminary Statement as though fully set forth herein.

Plaintiffs object to Definition No. 1 insofar as the terms "YOU," "YOUR" and "PLAINTIFFS" improperly lump Plaintiffs together as a single entity, seeking to impute knowledge, information, and obligations of one Plaintiff to another.

Plaintiffs object to the Instructions on the grounds set forth above and insofar as the Instructions impose or seek to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Local Rules and Orders of the Court. Plaintiffs further object to the Instructions insofar as they improperly seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Plaintiffs object to this Interrogatory on the ground that it is an improper contention request, seeking, prior to the completion of discovery, the basis for Plaintiffs damages. Plaintiffs object on the ground that the Interrogatory calls for a professional opinion with respect to the application of law, and thus is oppressive, harassing and without a foundational showing of competency.

Plaintiffs object to the extent the Interrogatory is harassing and oppressive, as it seeks