1  **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

2  Andrew H. Schapiro (admitted *pro hac vice*)   Josef Ansorge (admitted *pro hac vice*)
   andrewschapiro@quinnemanuel.com              josefansorge@quinnemanuel.com
3  191 N. Wacker Drive, Suite 2700              1300 I Street NW, Suite 900
   Chicago, IL 60606                             Washington D.C., 20005
4  Telephone: (312) 705-7400                    Telephone: (202) 538-8000
5  Facsimile: (312) 705-7401                    Facsimile: (202) 538-8100

6  Stephen A. Broome (CA Bar No. 314605)        Jonathan Tse (CA Bar No. 305468)
   stephenbroome@quinnemanuel.com               jonathantse@quinnemanuel.com
7  Viola Trebicka (CA Bar No. 269526)           50 California Street, 22nd Floor
   violatrebicka@quinnemanuel.com               San Francisco, CA 94111
8  865 S. Figueroa Street, 10th Floor           Telephone: (415) 875-6600
9  Los Angeles, CA 90017                        Facsimile: (415) 875-6700
   Telephone: (213) 443-3000
10 Facsimile: (213) 443-3100

11 Jomaire Crawford (admitted *pro hac vice*)
   jomairecrawford@quinnemanuel.com
12 51 Madison Avenue, 22nd Floor
13 New York, NY 10010
   Telephone: (212) 849-7000
14 Facsimile: (212) 849-7100

15 *Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| PATRICK CALHOUN et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-05146-LHK-SVK<br><br>**DECLARATION OF JOMAIRE CRAWFORD IN SUPPORT OF GOOGLE'S OPPOSITION TO PLAINTIFFS' MOTION TO SUBSTITUTE PLAINTIFFS** |

I, Jomaire Crawford, declare as follows:

1. I am a member of the bar of the State of New York and a partner with Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Defendant Google LLC ("Google") in this action. I was admitted to this Court *pro hac vice* on August 13, 2020. *See* Dkt. No. 39. Except where otherwise indicated, I make this declaration in support of Google's Opposition to Plaintiffs' Motion to Substitute Plaintiffs of my own personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. Fact discovery in this action commenced in September 2020. During the course of discovery, Google has expended a significant amount of time and resources preparing for and taking the deposition of certain named plaintiffs. Google deposed Plaintiff Kindler on July 5, 2021, Plaintiff Calhoun on July 19, 2021, Plaintiff Crespo on July 22, 2021, and Plaintiff Henry on August 9, 2021. Google was scheduled to depose the three Plaintiffs who recently withdrew from this case—Jackson, Randolph, and Guzman (the "Withdrawn Plaintiffs")—on June 10, 2021, August 4, 2021, and August 18, 2021, respectively. My colleagues and I attended Plaintiff Jackson's deposition on June 10, 2021, but Ms. Jackson ultimately did not appear due to a family emergency. Plaintiffs Jackson, Randolph and Guzman voluntarily dismissed their claims and withdrew on August 23, 2021. *See* Dkt. No. 285. Another class representative, Plaintiff Genova, withdrew on May 14, 2021. *See* Dkt. No. 193.

3. Google's in-house legal team and outside counsel, as well as numerous Google engineers and other Google personnel, have expended significant time and effort responding to Plaintiffs' requests (including that of the Withdrawn Plaintiffs) for the preservation and production of data associated with their Google Accounts and web-browsing activity.

4. At Plaintiffs' request, on June 16, 2021, Google produced "My Activity" account data for Plaintiffs Calhoun, Kindler, Crespo, Jackson, Johnson, Wilson, Henry, de Guzman, Randolph, and Genova.

5. During the depositions of Plaintiffs Calhoun and Kindler several weeks later, counsel for Google introduced exhibits reflecting Mr. Calhoun's and Ms. Kindler's My Activity data. Counsel for Google asked Plaintiffs Calhoun and Kindler whether they had ever reviewed their My Activity pages, and counsel for Google showed Mr. Calhoun and Ms. Kindler the activity data that would have been visible to them had they done so. Counsel did not ask either Plaintiff about specific websites that he or she visited that were reflected in their My Activity data.

6. Like Plaintiffs, Google has also sought discovery of Plaintiffs' My Activity data. Specifically, Google propounded discovery as to Plaintiffs' awareness and use of this feature at the outset of discovery, *e.g.*, in Google's Interrogatory Nos. 1 and 2, served on November 17, 2020.

7. Google has also sought discovery on the basis for Plaintiffs' alleged understanding that using the Chrome browser without the Sync feature enabled would prevent Google from receiving the data that Plaintiffs allege Google improperly received, *e.g.*, in Google's Interrogatory No. 6, served on January 26, 2021. Attached hereto as **Exhibits A, B, and C** are true and correct excerpts of Plaintiffs' responses to Interrogatory Nos. 1, 2, and 6, which relate to this issue.

8. On July 27, 2021, counsel for Plaintiffs requested the availability of Google's counsel for "a meet and confer regarding the depositions of Plaintiffs Jackson, de Guzman and Randolph," who were still parties to this action at the time of Plaintiffs' request.

9. On July 28, 2021, I attended a meet and confer with Plaintiffs' counsel. My colleague, Tracy Xi Gao, was also on the call and took detailed notes. During the meet and confer, Plaintiffs' counsel represented that the Plaintiffs Jackson, de Guzman and Randolph wanted to withdraw both "as class representatives and from the case." I explained that Google likely would not object to their withdrawal but that I would confirm Google's position in writing.

10. During the meet and confer, Plaintiffs' counsel separately conveyed that they were "going to be adding some class representatives" and requested Google's consent to stipulate to their

addition. Plaintiffs' counsel explained that they "could have added [new class representatives] on September 2," the date that Plaintiffs' motion for class certification was originally due (*see* Dkt. No. 201), but counsel "wanted to tell [Google] in advance" so that Google could depose the new representatives before September 2, 2021. Counsel did not explain why Plaintiffs' request did not come prior to the deadline to add parties (*see* Dkt. No. 83), nor did they state that the decision to add new class representatives was "a response to discovery" or that they were "replacements" for the Withdrawn Plaintiffs. Mot. at 6:6; *id.* at 6:13-14; *see also* Straite Decl. ¶ 11. Nevertheless, I agreed to consider the request and follow up with Google's response.

11. On July 29, 2021, in order to meaningfully consider Plaintiffs' proposal to add new parties, I requested their "position as to the necessity and timing of substituting new plaintiffs at this stage" and a "general description of the proposed amendments" to Plaintiffs' complaint.

12. The same day, counsel for Plaintiffs responded that they "understand Google's desire for a peek into litigation strategy but do not understand how or why the answers to these questions will impact whether Google agrees to a stipulation to add the[] [new parties]."

13. On August 2, 2021, I sent Plaintiffs an email confirming that Google "is willing to stipulate to the dismissal of Plaintiffs Jackson, de Guzman, and Randolph." With respect to their request to add new parties after the deadline, I stated that "case management orders ... may [only] be modified upon a showing of 'good cause,'" and thus, "far from 'desir[ing] a peek into [Plaintiffs'] litigation strategy,' Google simply seeks to ascertain the good cause that Plaintiffs believe exists." Counsel for Plaintiffs did not respond to this email or Google's request.

14. On August 4, 2021, counsel for Plaintiffs sent Google a proposed stipulation to dismiss the Withdrawn Plaintiffs. Plaintiffs' counsel did not provide further information regarding or raise with Google the proposed addition of new plaintiffs between August 2 and 16, 2021.

15. On August 17, 2021, counsel for Plaintiffs sent Google a letter addressing numerous discovery issues, including their desire to add new parties. The relevant portion of their letter stated that "[i]n the absence of an agreement, we will file a motion to substitute plaintiffs shortly, and note that Google refused to confer further on the issue."

16. On August 18, 2021, counsel for Google responded that it would be inaccurate to characterize Google as refusing to meet and confer given Plaintiffs' failure to respond to Google's August 2, 2021 email. I previously explained that Google cannot consent to adding new parties without a showing of good cause.

17. On August 18, 2021, I attended a second meet and confer with Plaintiffs' counsel. My colleague, Seth Fortenbery, was also on the call and took detailed notes. During the meet and confer, I reiterated that Google could not consent to adding new parties without the requested information. In an effort to provide more context, counsel for Plaintiffs explained that they "ha[ve] two clients who would like to sue Google," and that they "have a right to protect their interests."

18. On the issue of whether the new plaintiffs would be <u>replacing</u> Plaintiffs Jackson, de Guzman, and Randolph, counsel stated that they "would be coming in the absence of any drops." Indeed, contrary to Plaintiffs' motion (*see* Mot. at 6:21-22), counsel for Plaintiffs represented that they "are not demanding there be any stipulation for substitution" and clarified that they only used the term "'substitution' hoping [that] it was more efficient." Despite counsel's failure to provide the information that I requested two weeks prior, I agreed to take their position back to avoid needlessly burdening the Court but conveyed that Google's position remains unchanged.

19. On August 19, 2021, counsel for Plaintiffs sent a letter explaining that they "understood [Google's] position to be that unless Plaintiffs can provide additional reasons for the addition of the new plaintiffs (beyond what was conveyed on the call) that Google would oppose." The letter still did not provide a substantive explanation for why new plaintiffs should be added after

the deadline, nor did it assert that the new parties were being added in direct response to the dismissal of the Withdrawn Plaintiffs or in response to developments in discovery.

20. On August 20, 2021, I attended a third meet and confer with Plaintiffs' counsel, where I explained to Plaintiffs' counsel that we still had not received their good cause arguments. The parties agreed that Plaintiffs would proceed to file a motion to add the two new plaintiffs.

21. Later that day, I sent Plaintiffs' counsel an email confirming Google's position first stated on August 2, 2021, *i.e.*, that "in light of your continued unwillingness to provide a substantive basis for seeking to add plaintiffs at this stage ... (consistent with ... Federal Rules 15 and 16), Google cannot consent to adding plaintiffs at this time."

22. At no point during the parties' three meet and confers did Plaintiffs' counsel state "that they wished to substitute new representatives for the ones Google agreed Plaintiffs could withdraw" because plaintiffs were withdrawing. Mot. 6:17-19. To the contrary, since the parties' July 28, 2021 meet and confer, Plaintiffs' counsel consistently stated that the two requests were unrelated, and were only being discussed together in the interest of efficiency.

23. On August 24, 2021, counsel for Plaintiffs confirmed that in light of the parties' inability to reach agreement on their proposal, Plaintiffs "will file [their] motion shortly."

24. On September 2, 2021, counsel for Google inquired as to whether Plaintiffs still intended to file their motion. Plaintiffs' counsel responded that they would and offered to stipulate to a three-day extension if they were to file the next day, September 3, 2021 (the Friday before Labor Day). Counsel for Google stated that they were "indifferent" as to whether Plaintiffs filed on September 3, 2021, with a three-day extension to respond, or the following Tuesday, September 7, 2021, but reiterated its position that Plaintiffs' request to add new plaintiffs was untimely.

-5- Case No. 5:20-cv-05146-LHK-SVK
DECLARATION OF JOMAIRE CRAWFORD IN SUPPORT OF GOOGLE'S
OPPOSITION TO MOTION TO SUBSTITUTE PLAINTIFFS

25. On September 7, 2021, counsel for Plaintiffs contacted the Court to request a motion hearing date and received the Court's response the same day. The motion was filed on September 10, 2021. *See* Dkt. No. 303.

26. On September 14, 2021, counsel for Google requested confirmation as to whether the proposed new plaintiffs are Google account holders, as the Proposed Second Amended Complaint is silent on this issue. Counsel for Google followed up on September 16, 2021. The same day, counsel for Plaintiffs responded: "[Y]es, that's my understanding."

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed in New York, New York on September 24, 2021.

DATED: September 24, 2021

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Jomaire Crawford
Jomaire Crawford

*Attorney for Defendant*