1   COOLEY LLP              COOLEY LLP
    MICHAEL G. RHODES (SBN 116127)    ROBBY L.R. SALDAÑA (DC No. 1034981)
2   (rhodesmg@cooley.com)          (rsaldana@cooley.com)
    WHITTY SOMVICHIAN (SBN 194463)   (*Admitted pro hac vice*)
3   (wsomvichian@cooley.com)       KHARY J. ANDERSON (DC No. 1671197)
    JEFFREY M. GUTKIN (SBN 216083)    (kjanderson@cooley.com)
4   (jgutkin@cooley.com)           (*Admitted pro hac vice*)
    AARTI REDDY (SBN 274889)       1299 Pennsylvania Avenue, NW, Suite 700
5   (areddy@cooley.com)            Washington, DC 20004-2400
    LAURA M. ELLIOTT (SBN 286702)     Telephone:    +1 202 842 7800
6   (lelliott@cooley.com)           Facsimile:     +1 202 842 7899
    KELSEY R. SPECTOR (SBN 321488)
7   (kspector@cooley.com)
    REECE TREVOR (SBN 316685)
8   (rtrevor@cooley.com)
    ANUPAM DHILLON (SBN 324746)
9   (adhillon@cooley.com)
    3 Embarcadero Center, 20th floor
10   San Francisco, CA 94111-4004
    Telephone:     +1 415 693 2000
11   Facsimile:      +1 415 693 2222

12   Attorneys for Defendant
    GOOGLE LLC

13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, | Master File No. 4:21-cv-02155-YGR-VKD |
| | **DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' NOTICE OF REQUEST FOR LEAVE TO PRESENT ORAL ARGUMENT RE: CLARIFICATION, RECONSIDERATION AND/OR MODIFICATION OF AUGUST 26, 2022 DISCOVERY ORDER (DKT NO. 314)** |
| This Document Relates to: *all actions* | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S OPP. TO PLAINTIFFS' NOTICE OF
REQUEST FOR RECONSIDERATION
CASE NO. 4:21-CV-02155-YGR-VKD

## I.    INTRODUCTION

Plaintiffs' Notice of Request for Leave to Present Oral Argument re: Clarification, Reconsideration and/or Modification of August 26, 2022 Discovery Order (ECF No. 316) ("Notice"), is the latest in a long line of attempts by Plaintiffs to circumvent the rules of this Court to get additional bites at the apple.  As this Court has repeatedly held, the rules do in fact apply to Plaintiffs, just as they do any other party to a litigation.  The Court should deny Plaintiffs' Notice.

## II.    ARGUMENT

Local Rule 7-9 sets forth the procedure under which a party may seek reconsideration of an interlocutory order.  Despite Plaintiffs' styling of the Notice as a request for "clarification," among other things, it is simply a request for the Court to change its order, and Local Rule 7-9 both governs the request and mandates denial.

As that Rule makes clear, the party must "first obtain[] leave of Court" before filing and noticing a "motion for reconsideration."  L.R. 7-9(a).  The party's motion for leave to seek reconsideration must demonstrate that one of three grounds exist for reconsideration of the order: (1) "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order," (2) "new material facts or a change of law occurring after the time of such order" have emerged, or (3) the Court "manifest[ly] fail[ed] . . . to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." L.R. 7-9(b).  The Local Rules also specifically prohibit parties from "repeat[ing] any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered" and contemplate that a "party who violates this restriction shall be subject to appropriate sanctions."  L.R. 7-9(c).  Plaintiffs do not attempt to comply with a single one of these requirements.

In fact, not only do Plaintiffs fail to justify leave to file a motion, they do not seek to file *a motion* at all.  Instead, they ask this Court to grant *oral argument* on the issues raised in their "Notice," which are mere repetitions of arguments they presented to this Court less than one week ago.  Thus, Plaintiffs' Notice is not permitted by the Local Rules and should be rejected for that reason alone.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S OPP. TO PLAINTIFFS' NOTICE OF
REQUEST FOR RECONSIDERATION
CASE NO. 4:21-CV-02155-YGR-VKD

Moreover, Plaintiffs' Notice seeks to misuse judicial resources.  Specifically, Plaintiffs seek to present oral argument at a hearing on an unrelated topic with less than 24 hours of notice to Google and the Court.  Plaintiffs' attempt to again force Google to prepare to respond to and the Court to hear these just-rejected arguments is highly prejudicial to Google and a waste of judicial resources.  Indeed, even for a properly filed motion for leave, the Local Rule expressly protects the non-moving party from any obligation to respond under these circumstances.  L.R. 7-9(d) ("Unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file a motion to reconsider.")

### III.    CONCLUSION

The Local Rules on motions for reconsideration exist for a reason, and Plaintiffs must follow them.  Accordingly, Google respectfully requests that the Court deny Plaintiffs' Notice.

Dated: August 29, 2022                              COOLEY LLP

By: */s/ Jeffrey M. Gutkin*
    Jeffrey M. Gutkin

Attorney for Defendant
GOOGLE LLC

274292125

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S OPP. TO PLAINTIFFS' NOTICE OF
REQUEST FOR RECONSIDERATION
CASE NO. 4:21-cv-02155-YGR-VKD