1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7    IN RE GOOGLE RTB CONSUMER            Case No.  21-cv-02155-YGR   (VKD)
     PRIVACY LITIGATION
8
                                          **ORDER RE SEALING**
9
                                          Re: Dkt. Nos. 290, 292, 294, 300, 317
10

11

12

13        The parties filed a joint letter brief regarding a discovery dispute in this action.  *See* Dkt.

14   No. 291.  Because the joint letter brief contained information defendant Google LLC ("Google")

15   has designated as "Confidential," it was provisionally filed under seal.  Dkt. No. 290.  As the

16   designating party, pursuant to Local Rule 79-5(f)(3) Google filed a response asserting its reasons

17   for filing the letter brief under seal.  Dkt. No. 294.

18        There is a strong presumption in favor of access by the public to judicial records and

19   documents accompanying dispositive motions that can be overcome only by a showing of

20   "compelling reasons supported by specific factual findings."  *Kamakana v. City & Cty. of*

21   *Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted).

22   However, the presumption does not apply equally to a motion addressing matters that are only

23   "tangentially related to the merits of a case."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d

24   1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct.

25   38 (2016).  A litigant seeking to seal documents or information in connection with such a motion

26   must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure.

27   *Id.* at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

28        Google's motion to seal (Dkt. No. 294) concerns information submitted in connection with

United States District Court
Northern District of California

a discovery dispute.  The underlying discovery dispute does not address the merits of the parties' claims or defenses, and the Court therefore applies the "good cause" standard of Rule 26(c).

The portions of the submissions that Google seeks to redact reflect confidential information produced in this matter.  Dkt. No. 294 at 3.  Because the information sought to be sealed is related to sensitive information "concerning Google's data signals, internal strategy and business practices" and "details related to internal projects and investigation into the financial impact of certain features," the Court agrees and finds that good cause exists to seal the following material:

| Document | Portions to be filed under seal |
|---|---|
| Joint Letter Brief (Dkt. No. 291 [redacted]; Dkt. No. 290-3 [unredacted]) | Portions highlighted at pages 2 and 7 |

Additionally, in connection with this discovery dispute, plaintiffs filed a supplemental declaration, accompanied by several attached exhibits.  Dkt. No. 293.  Google filed a motion to strike this declaration and its accompanying exhibits (Dkt. No. 298), and plaintiffs opposed the motion to strike (Dkt. No. 300).  The declaration, its exhibits, and plaintiffs' opposition to the motion to strike were conditionally filed under seal.  Google, as the designating party, filed an administrative motion to seal the declaration and exhibits.  Dkt. No. 317.  Google did not file an administrative motion to seal plaintiffs' opposition (Dkt. No. 300).

In its order regarding this discovery dispute (Dkt. No. 326), the Court struck the Declaration of Lesley E. Weaver and its supporting exhibits from the record, without prejudice.  *Id.* at 1.  Accordingly, because these materials cannot be removed from the docket, the entirety of plaintiffs' August 15, 2022 supplemental submission (Dkt. No. 293 redacted; unredacted version at Dkt. No. 292) shall remain sealed.  Plaintiffs' opposition to the motion to strike (Dkt. No. 300) and Google's administrative motion (Dkt. No. 317) shall also remain sealed.

A redacted version of the letter brief, reflecting the approved redaction, has already been filed on the public docket (Dkt. No. 291), so the Court requires no further action from the parties.

1          **IT IS SO ORDERED.**

2     Dated: September 6, 2022

3

4                                                        _Virginia K. DeMarchi_

5                                                        VIRGINIA K. DEMARCHI
                                                         United States Magistrate Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California