**PRITZKER LEVINE LLP**
Elizabeth C. Pritzker (SBN 146267)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (SBN 191305)
555 12th Street, Suite 1600
Oakland, CA 994607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*

**COTCHETT, PITRE & McCARTHY, LLP**
Nanci E. Nishimura (SBN 152621)
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Fax: (650) 697-0577
*nnishimura@cpmlegal.com*

**DICELLO LEVITT LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*

**BOTTINI & BOTTINI, INC.**
Francis A. Bottini, Jr. (SBN 175783)
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Telephone: (858) 914-2001
Facsimile: (858) 914-2002
*fbottini@bottinilaw.com*

*Counsel for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

*IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION*

This Document Relates to: *all actions.*

Master File No. 4:21-cv-02155-YGR-VKD

**PLAINTIFFS' MOTION FOR RELIEF FROM AUGUST 26, 2022, NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 314)**

**Fed. R. Civ. P. 72(a)**
**Civil L.R. 72-2**

## I. RELIEF REQUESTED

Pursuant to Fed. Rule Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A), and Civil L.R. 72-2, Plaintiffs move for partial relief from the non-dispositive Order issued by Magistrate Judge DeMarchi on August 26, 2022 at Dkt. 314 ("Order"). Specifically, Plaintiffs object to the following: (1) the definition of "personal information" relied upon in Section II.2 (linking account information), which is not consistent with California law; (2) the determination in Section II.5 (ads shown) that Plaintiffs must demonstrate they were shown ads of a "sensitive" nature to establish standing; and (3) the denial in Section II.6 (information Google considers "sensitive") of Plaintiffs' request for information Google internally deems "sensitive" that is used for advertising.

As set forth below, these portions of the Order include opinions that are clearly erroneous, contrary to the law, ignore key factual allegations of this case, and are prejudicial to Plaintiffs because they prevent discovery on issues directly relevant to class certification and the merits. Plaintiffs promptly raised these issues about the Order with Judge DeMarchi and requested reconsideration. *See* Dkt. 316. Judge DeMarchi denied the request for reconsideration without argument. *See* Dkt. 321. Plaintiffs respectfully request that the opinions within all three sections of the Order that are clearly erroneous and contrary to the law be stricken, that the ruling regarding Section II.6 be vacated, and that the Court compel Google to produce highly relevant materials (or remand to Judge DeMarchi with curative instructions).

## II. STANDARD OF REVIEW

"The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Any factual determinations are reviewed for clear error, and the district judge may set them aside if he or she is "left with a 'definite and firm conviction that a mistake has been committed.'" *Equal Emp. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014). "[T]he 'contrary to law' standard allows independent, plenary review of purely legal determinations by the magistrate judge." *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021); *see also Comp. Econ., Inc. v. Gartner Grp.,* 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999); *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983).

## III. LEGAL ANALYSIS

### A. The Order Improperly Defines What Is "Personal Information" (Section II.2 - Linking Account Information)

The Order states that "the Court is not persuaded that if an item of information Google associates with an account holder is shared with an RTB participant in a manner that (a) eliminates the association with a specific account holder and (b) does not allow the RTB participant to make the same association…, Google has necessarily shared "personal information" of an account holder with an RTB participant. If plaintiffs contend otherwise, they have not pointed the Court to any authority that supports their position."[1] Order at 4. This interpretation of "personal information" is not supported by the law or the facts of this case.

First, the Order assumes facts not developed in the record. Plaintiffs' request for production of information is designed to determine if Google does, in fact, "eliminate[ ] the association with a specific account holder" of data that is sold or shared. The way to determine that is to learn whether Google associates, i.e., "links" information disclosed through RTB with specific account holders.

Second, California law defines "personal information" as "information that identifies, relates to, describes, is capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular consumer or household." Cal. Civ. Code § 1798.140(o)(1). "Personal information includes, but is not limited to, the following if it identifies, relates to, describes, is capable of being associated with, or could be reasonably linked, directly or indirectly, with a particular consumer or household: (A) … real name, … unique personal identifier, online identifier, internet protocol address, email address, account name, … or other similar identifiers." "Unique personal identifier" is further defined to include "a persistent identifier that can be used to recognize a consumer or family, over time and across different services, including, but not limited to, a device identifier; an Internet Protocol address; cookies; beacons; pixel tags; mobile ad identifiers, or similar technology … or other forms of persistent or probabilistic identifiers that can be used to identify a

[1] The Order does require Google to produce documents for each named Plaintiff regarding what information specific to that Plaintiff was shared with an RTB participant and if Google discloses information that allows an RTB participant to identify an account holder based on information the participant may have about that account holder. Plaintiffs do not challenge the Order in this respect. Plaintiffs simply seek to ensure that the Court does not adopt a definition of "personal information" not supported by the law or the facts of this case.

particular consumer or device." Cal. Civ. Code § 1798.140(x). Under this definition, if Google can reasonably associate information with a Google account holder, that information is "personal information" as a matter of law. The Order's suggested interpretation of what constitutes "personal information" is inconsistent with this and, thus, should be stricken.

Third, the Google Privacy Policy closely tracks California's statutory definition of "personal information" and defines "personal information" as "information that you provide to us which personally identifies you, such as your name, email address, … or other data that can be reasonably linked to such information by Google, such as information we associate with your Google Account." Dkt. 92, CCAC ¶ 87; Google, *Privacy & Terms*. Thus, Google's own Privacy Policy defines "personal information" as "information we associate with your Google Account."

Fourth, the District Court relies on both definitions (California law and Google's definition) in its Order Denying Google's Motion to Dismiss ("MTD Order"), holding that Plaintiffs have adequately alleged disclosure of "personal information" pursuant to those definitions. *See* Dkt. 233 at 8-9.

Fifth, internally, Google agrees with the Plaintiffs' definition of "personal information." GOOG-HEWT-00098476, at -495 ("[REDACTED] [the latter two are device identifiers for Android or Apple products, respectively].))"

Finally, while the Order holds that "plaintiffs have not shown they are entitled to discovery of all information Google maintains about an account holder solely based on Google's internal linking of information with an account holder" (Dkt. 314 at 4), Plaintiffs are not seeking "all information Google maintains about an account holder." Plaintiffs only seek discovery sufficient to demonstrate that Google links the information disclosed in RTB, directly or indirectly, with Google account holders.

Plaintiffs request that all opinions by Judge DeMarchi that define "personal information" as

anything other than the definitions set forth by the Court in its MTD Order (Dkt. 233 at 9) be stricken.

**B. The Order Improperly States the Showing Required to Establish Standing (Section II.5 - Ads Shown)**

In the process of ordering Google to produce sensitive ads shown to Plaintiffs as a result of sharing their personal information through RTB, Judge DeMarchi states that "Plaintiffs countered that for purposes of establishing standing, adequacy, typicality, and damages, they must show that ads of a 'sensitive' nature were shown to them through RTB." Order at 7. This is not correct. Plaintiffs did not argue that position. To be clear, Plaintiffs do *not* contend that they must demonstrate that they were shown sensitive ads as a result of information shared through RTB in order to have standing or be successful on their claims at trial.

Standing was discussed at length in this Court's MTD Order. *See* Dkt. 233 at 5-7. The Court found standing was sufficiently alleged by allegations that "Google 'surreptitiously observes, collects, and analyzes real-time information about everyone engaging on [its] platforms' and services," and that "[a]s to plaintiffs specifically, plaintiffs allege that they are Google account holders who frequently use various web browsers, including Google Chrome, Safari, and Edge to access websites from which Google sold and shared account holder information without authorization…." *Id.* at 6-7. The Order's suggestion that Plaintiffs must prove that they were shown sensitive ads in order to have standing is, thus, not an accurate reflection of Plaintiffs' position and also inconsistent with this Court's standing determination in the MTD Order. Plaintiffs request the Court strike all opinions by Judge DeMarchi that suggest Plaintiffs must demonstrate they were shown sensitive ads as a result of the wrongful disclosure of their personal information in order to have standing. Nonetheless, this does not require reversal of the Order compelling the discovery, because such discovery is relevant to Google's defense and probative of standing generally.

**C. The Order Improperly Denies Discovery About Information Google Considers "Sensitive" (Section II.6)**

Judge DeMarchi denied Plaintiffs' request for information Google internally deems "sensitive" that is used for advertising by stating that Plaintiffs "do not identify the claims to which they refer or explain how the documents they seek are relevant to their claims" and "do not even say

what documents they want." Order at 6-7. This is not correct factually or legally. Plaintiffs articulated relevance in the Weaver Declaration, which identified specific documents in Google's possession that have inexplicably not been produced in this action, and explained their direct relevance. But Judge DeMarchi struck that declaration and rejected Plaintiffs' request to explain further in their motion for reconsideration. Moreover, the denied discovery goes directly to claims in the operative complaint relating to Google's unauthorized use of certain sensitive information for advertising. *See* Dkt. 92, CCAC ¶¶ 1, 11, 22, 91, 104-05, 157, 159 160, 260, 274, 320, 342-43 (Count I: Breach of Contract), 359-61 (Count Five: Intrusion Upon Seclusion). This includes citations to three separate academic studies that have concluded that sensitive information about account holders (including race, religion, sexual orientation, health, financial status) likely is being sold by Google through RTB to foster targeted advertising, notwithstanding Google's claims to the contrary. *See id.*, ¶¶ 157, 159, 160. And, finally, the discovery rules do not require the specificity required in the Order. There is nothing in the Federal Rules, nor nothing cited in the Order, that requires a party seeking discovery to identify with specificity, in advance of discovery occurring, what particular documents may be responsive to particular requests for relevant information.

Consequently, the Court should vacate Judge DeMarchi's ruling regarding information Google considers "sensitive," and order Google to produce responsive documents forthwith. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (denial of discovery that results in "actual and substantial prejudice to complaining litigant" is reversible error); *Vallabharpurapu v. Burger King Corp.*, 276 F.R.D. 611, 615 (N.D. Cal. 2011) (denial of discovery that would substantiate class allegations or show requirements of Rule 23 may be satisfied is reversible error).

## IV. CONCLUSION

Plaintiffs will be substantially prejudiced in their ability to prosecute this case if the challenged portions of the Order stand. Plaintiffs request that the Court strike the improper conclusions regarding standing and the definition of personal information and compel production of highly relevant materials regarding information Google considers "sensitive" (or remand with curative instructions).


DATED: September 9, 2022

Respectfully submitted,

**PRITZKER LEVINE LLP**

By: */s/ Elizabeth C. Pritzker*

Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

***Interim Class Counsel***

**BLEICHMAR FONTI & AULD LLP**

By: */s/ Lesley Weaver*

Lesley Weaver (Cal. Bar No. 191305)
Anne K. Davis (Cal. Bar No. 267909)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*adavis@bfalaw.com*
*jsamra@bfalaw.com*

**SIMMONS HANLY CONROY LLC**

By: */s/ Jay Barnes*

Jason 'Jay' Barnes (*pro hac vice*)
An Truong (*pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*

**DICELLO LEVITT LLC**

By: *//s// David A. Straite*

David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165

Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*;

James Ulwick (admitted *pro hac vice)*
Ten North Dearborn St., Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*julwick@dicellolevitt.com*

**COTCHETT, PITRE & McCARTHY LLP**

By: */s/ Nanci E. Nishimura*
Nanci E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal. Bar. No. 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel.: (650) 697-6000
Fax: (650) 697-0577
*nnishimura@cpmlegal.com*
*bdanitz@cpmlegal.com*
*kswope@cpmlegal.com*

**BOTTINI & BOTTINI, INC.**

By: */s/ Francis A. Bottini, Jr.*
Francis A. Bottini, Jr. (SBN 175783)
Yury A. Kolesnikov (SBN 271173)
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Telephone: (858) 914-2001
Facsimile: (858) 914-2002
*fbottini@bottinilaw.com*
*ykolesnikov@bottinilaw.com*

***Plaintiffs' Executive Committee***

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Bethany Caracuzzo, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct. Executed this 9th day of September, 2022, at Emeryville, California.

*/s/ Bethany Caracuzzo*
Bethany Caracuzzo

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2022, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system.

*_/s/ Bethany Caracuzzo_*
Bethany Caracuzzo