1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

11
12

13  *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION*

    **CASE NO. 4:21-CV-02155-YGR-VKD**

14
15  ─────────────────────

    **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR RELIEF FROM AUGUST 26, 2022 NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 314)**

16  *This document applies to all actions.*
17
18
19

    **Fed. R. Civ. P. 72(a)
    Civil L.R. 72-2**

20
21
22
23
24
25
26
27
28

Currently pending before the Court is plaintiffs' motion pursuant to Fed. R. Civ. P. 72(a) and Civil L.R. 72-2 for partial relief from an August 26, 2022 discovery order issued by Magistrate Judge Virginia K. DeMarchi. *See* Dkt. 314 ("Order"). Having considered the motion, the relief requested by that motion, and the briefing submitted in conjunction therewith, as well as all other evidence of record, the Court hereby GRANTS plaintiffs' motion.

## I.     BACKGROUND

This putative class action alleges defendant Google violated plaintiffs' privacy rights and federal and state laws when Google shared plaintiffs' personal information and communications with third parties through Google's Real Time Bidding ("RTB") system.

Plaintiffs allege that Google promises Google Account Holders: "We [at Google] don't share information that personally identifies you with advertisers" and "never use…sensitive information like race, religion or sexual orientation, to personalize ads[.]"  According to Plaintiffs, Google routinely breaks these promises. Plaintiffs allege that through its RTB advertising scheme, Google collects and stores personal information about class members; associates that information with class members' races, religions, and sexual orientations; and then shares that information with third parties, including advertisers that seek to target class members with personalized advertising. *See* Consolidated Class Action Complaint ("CCAC") (Dkt. 94) at ¶¶ 1-30; 96, 98, 100, 120, 125, 134.

Plaintiffs served initial requests for production of documents ("RFPs") in May 2021, but the parties disagreed over the scope of discovery. After conferring and reaching an impasse, the parties filed a joint letter brief on July 29, 2022. Dkt. 268-3. Judge DeMarchi, the Magistrate Judge assigned to discovery in this matter, held a hearing and issued the Order on August 26, 2022. Dkt. 314.

Plaintiffs seek partial relief from the Order and challenge the following findings in the Order, which they claim substantially prejudice plaintiffs in their ability to prosecute this action for the class:

(1) the definition of "personal information" relied upon in Section II.2 (linking account information);

(2) the determination that plaintiffs must demonstrate they were shown ads of a "sensitive" nature to establish standing as articulated in Section II.5 (ads shown); and

1

(3) the denial of plaintiffs' request for information that Google internally deems "sensitive" that is used for advertising in Section II.6 (information Google considers "sensitive").

Plaintiffs request that the Court strike the conclusions regarding standing and the definition of personal information and compel production of materials regarding information Google considers "sensitive" (or remand with curative instructions).

## II.  DISCUSSION

### A.  Legal Standard

When a district court reviews a magistrate judge's order, it generally "may not simply substitute its judgment for that of the [magistrate judge]." *Hoa v. Cate*, No. C-12-2078 EMC, 2013 WL 3730249, at *1 (N.D. Cal. July 15, 2013) (citing *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir.1991)). However, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). Any factual determinations are reviewed for clear error, and the district judge may set them aside if he or she is "left with a 'definite and firm conviction that a mistake has been committed.'" *Equal Emp. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014). "[T]he 'contrary to law' standard allows independent, plenary review of purely legal determinations by the magistrate judge." *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021); see also *Comp. Econ., Inc. v. Gartner Grp.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999); *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983). Furthermore, orders by the magistrate judge that result in "actual and substantial prejudice to the complaining litigant" (*Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)), or deny discovery that would enable plaintiffs to substantiate class allegations or show that the requirements of Fed. R. Civ. P. 23 for class certification may be satisfied (*Vallabharpurapu v. Burger King Corp.*, 276 F.R.D. 611, 615 (N.D. Cal. 2011)), meet the legal standard for district court reversal.

### B.  Analysis

#### 1.  Linking Account Information (Section II.2)

Plaintiffs contend that Section II.2 of the Order contains an interpretation of "personal information" that is not supported by the law or the facts of this case. The Order states that "the

2

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR RELIEF
FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE                Case No. 4:21-cv-02155-YGR-VKD

Court is not persuaded that if an item of information Google associates with an account holder is shared with an RTB participant in a manner that (a) eliminates the association with a specific account holder and (b) does not allow the RTB participant to make the same association…, Google has necessarily shared "personal information" of an account holder with an RTB participant." Order at 4. This Court addressed the definition of "personal information" in its Order Denying Google's Motion to Dismiss ("MTD Order"). *See* Dkt. 233 at 8-9. California law defines "personal information" as "information that identifies, relates to, describes, is capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular consumer or household." Cal. Civ. Code § 1798.140(o)(1). Under this definition, "personal" information includes that information which is *capable* of being associated with a particular consumer or household.

Plaintiffs have met their burden of demonstrating that the definition of "personal information" set forth in the Order is contrary to law. The Order erred in defining "personal information" as anything other than the definitions set forth by the Court in its MTD Order. *See* Dkt. 233 at 8-9. Accordingly, the Court strikes the following lines in Section II.2 of the Order at 4:

> "In particular, the Court is not persuaded that if an item of information Google associates with an account holder is shared with an RTB participant in a manner that (a) eliminates the association with a specific account holder and (b) does not allow the RTB participant to make the same association (see "cookie matching" discussion below), Google has necessarily shared "personal information" of an account holder with an RTB participant. If plaintiffs contend otherwise, they have not pointed the Court to any authority that supports their position."

### 2. Ads Shown (Section II.5)

Plaintiffs also challenge the Order's recitation of their arguments regarding standing as it pertains to sensitive ads shown to plaintiffs. The Order states that "Plaintiffs countered that for purposes of establishing standing, adequacy, typicality, and damages, they must show that ads of a 'sensitive' nature were shown to them through RTB." Order at 7. Plaintiffs contend that this is not their position and that they did not so argue before Judge DeMarchi.

3

Standing was addressed in the Court's MTD Order. *See* Dkt. 233 at 5-7. The Court found standing was sufficiently alleged by allegations that "Google 'surreptitiously observes, collects, and analyzes real-time information about everyone engaging on [its] platforms' and services," and that "[a]s to plaintiffs specifically, plaintiffs allege that they are Google account holders who frequently use various web browsers, including Google Chrome, Safari, and Edge to access websites from which Google sold and shared account holder information without authorization…." *Id*. at 6-7. The Court did not hold that plaintiffs must demonstrate they were shown sensitive ads through RTB in order to establish standing.

Plaintiffs have met their burden of demonstrating that the Order's interpretation of standing requirements is contrary to law. The Order erred in its implication that plaintiffs must be shown sensitive ads in order to establish standing. Accordingly, the Court will strike the language in the Order that is contrary to the requirements for standing set forth by the Court in its MTD Order. *See* Dkt. 233 at 8-9. Specifically, the Court strikes the following lines in Section II.5 of the Order at 7:

> "In addition, Google argued during the hearing that plaintiffs have consistently taken the position that the particular ads shown to them are not relevant to any claim or defense. Dkt. No. 308. Plaintiffs countered that for purposes of establishing standing, adequacy, typicality, and damages, they must show that ads of a "sensitive" nature were shown to them through RTB. *Id*."

and

> "The Court is persuaded that to support their allegations of standing and to meet the criteria for class certification, plaintiffs may be required to demonstrate that the named plaintiffs were shown ads as a result of sharing of their personal information through RTB, and that they were harmed or that Google was unjustly enriched as a result."

### 3. Information Google Considers "Sensitive" (Section II.6)

Plaintiffs challenge the Order's denial of plaintiffs' request for information that Google internally deems "sensitive" that is used for advertising. The Order states that plaintiffs "do not identify the claims to which they refer or explain how the documents they seek are relevant to their claims" and "do not even say what documents they want." Order at 6-7.

4

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR RELIEF
FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE          Case No. 4:21-cv-02155-YGR-VKD

Plaintiffs endeavored to articulate relevance by identifying specifically what documents they were seeking, consistent with the relevancy requirements of Federal Rule of Civil Procedure 26(b)(1). Moreover, the operative complaint contains numerous allegations relating to Google's unauthorized use of certain sensitive information for advertising, thereby underscoring the relevance of the documents being sought. *See* Dkt. 92, CCAC ¶¶ 1, 11, 22, 91, 104-05, 157, 159 160, 260, 274, 320, 342-43 (Count I: Breach of Contract), 359-61 (Count Five: Intrusion Upon Seclusion).

Plaintiffs have met their burden of establishing clear error. The discovery rules do not require a party seeking discovery to identify specific documents in advance, only categories of relevant information. To the extent the Order imposed such an obligation on plaintiffs (and denied discovery as a result), it is contrary to the law. In addition, information that Google internally categorizes as "sensitive" is relevant to plaintiffs' allegations and claims. To prevent the production of such information, would substantially prejudice plaintiffs' ability to prosecute the case. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (denial of discovery that results in "actual and substantial prejudice to complaining litigant" is reversible error); *Vallabharpurapu v. Burger King Corp.*, 276 F.R.D. 611, 615 (N.D. Cal. 2011) (denial of discovery that would substantiate class allegations or show class requirements of Rule 23 may be satisfied is reversible error).

Consequently, the ruling set forth in Section II.6 of the Order is vacated. Google shall search for and produce documents that refer to or reflect items of Account Holder information Google deems "sensitive' that is used for advertising as requested by plaintiffs' narrowed request (*see* Dkt. 269 at 3) within ten business days of this order.

**SO ORDERED.**

_____
Hon. Yvonne Gonzalez Rogers
United States District Court Judge

5

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR RELIEF
FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE            Case No. 4:21-cv-02155-YGR-VKD