1  **PRITZKER LEVINE LLP**                          **SIMMONS HANLY CONROY LLC**
   Elizabeth C. Pritzker (SBN 146267)               Jason 'Jay' Barnes (admitted *pro hac vice*)
2  1900 Powell Street, Suite 450                    112 Madison Avenue, 7th Floor
   Emeryville, CA 94608                             New York, NY 10016
3  Tel.: (415) 692-0772                             Tel.: (212) 784-6400
4  Fax: (415) 366-6110                              Fax: (212) 213-5949
   *ecp@pritzkerlevine.com*                         *jaybarnes@simmonsfirm.com*
5
6  **BLEICHMAR FONTI & AULD LLP**                   **COTCHETT, PITRE & McCARTHY, LLP**
   Lesley E. Weaver (SBN 191305)                    Nanci E. Nishimura (SBN 152621)
7  555 12th Street, Suite 1600                      840 Malcolm Road, Suite 200
   Oakland, CA 994607                               Burlingame, CA 94010
8  Tel.: (415) 445-4003                             Telephone: (650) 697-6000
   Fax: (415) 445-4020                              Fax: (650) 697-0577
9  *lweaver@bfalaw.com*                             *nnishimura@cpmlegal.com*
10
11 **DICELLO LEVITT LLC**                           **BOTTINI & BOTTINI, INC.**
   David A. Straite (admitted *pro hac vice*)       Francis A. Bottini, Jr. (SBN 175783)
12 One Grand Central Place                          7817 Ivanhoe Avenue, Suite 102
   60 East 42nd Street, Suite 2400                  La Jolla, CA 92037
13 New York, NY 10165                               Telephone: (858) 914-2001
   Tel.: (646) 933-1000                             Facsimile: (858) 914-2002
14 *dstraite@dicellolevitt.com*                     *fbottini@bottinilaw.com*

*Counsel for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION*,<br><br>This Document Relates to: *all actions.* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**PLAINTIFFS' MOTION FOR RELIEF FROM SEPTEMBER 6, 2022, NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 326)**<br><br>**Fed. R. Civ. P. 72(a)**<br>**Civil L.R. 72-2** |

I.     **RELIEF REQUESTED**

Pursuant to Fed. Rule Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A), and Civil L.R. 72-2, Plaintiffs move for partial relief from the nondispositive Order issued by Magistrate Judge DeMarchi on September 6, 2022 at Dkt. 326 ("Order"). Specifically, Plaintiffs object to the following: (1) the denial in Section B.3 (Impact on revenues of disabling third-party cookies, user identifiers) of Plaintiffs' request for the data underlying the reports, analyses, and studies that Google was ordered to produce showing the impact on Google's RTB revenues of disabling third-party cookies and other user identifiers; and (2) the denial in Section B.5 (Number of Google account holders in the U.S. during the class period) of Plaintiffs' request for information showing the number of Google Account Holders in the United States.

As set forth below, these portions of the Order include opinions that (1) are clearly erroneous, (2) contrary to the law, (3) ignore the extensive meet and confer process the parties were required to undertake before seeking further relief, (4) ignore key factual allegations of this case, and (5) are prejudicial to Plaintiffs because they prevent discovery on issues directly relevant to class certification and the merits. Plaintiffs respectfully request that the opinions within these two sections of the Order that are clearly erroneous and contrary to the law be stricken and that the Court compel Google to produce the relevant materials or remand to Judge DeMarchi with curative instructions.

II.    **STANDARD OF REVIEW**

"The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). A decision may be contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Cathcart*, No. C 07-4762 PJH, 2009 WL 1764642, at *2 (N.D. Cal. June 18, 2009). Any factual determinations are reviewed for clear error, and the district judge may set them aside if he or she is "left with a 'definite and firm conviction that a mistake has been committed.'" *Equal Emp. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014). "[T]he 'contrary to law' standard allows independent, plenary review of purely legal determinations by the magistrate judge." *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021); *see also Comp. Econ., Inc. v. Gartner Grp.,* 50 F. Supp. 2d 980, 983 (S.D.

Cal. 1999); *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983).

**III.    RELEVANT BACKGROUND**

The discovery at issue was served in January 2022. Google responded a month later, asserting 32 general objections, objecting to every document request ("RFP"), and, with one limited exception, refusing to search for or produce any documents. The parties met and conferred several times, during which Plaintiffs agreed to narrow the RFPs in an effort to reach a compromise. This effort was unsuccessful, resulting in a letter brief to Judge DeMarchi on March 15, 2022. Dkt. 171. On April 29, 2022, Judge DeMarchi issued an initial ruling, ordering the parties to meet and confer further with respect to the disputed RFPs at issue here. Dkt. 189. During those meet and confer discussions, Plaintiffs told Google in writing that they were narrowing the scope of the disputed RFPs, and the narrowed scope was then the focus of the meet and confers. On May 16, 2022, Judge DeMarchi ordered the parties to continue their meet and confer efforts. Dkt. 202. Plaintiffs again focused on the narrowed scope of the disputed RFPs. These efforts also were unsuccessful, and on August 15, 2022, a joint letter brief was filed focusing on the narrowed scope of the disputed RFPs. Dkt. 291. Under Judge DeMarchi's standing order, the parties' meet and confer letters documenting the narrowing of the RFPs were not submitted with the letter brief since the only materials allowed to be filed were the original January 2022 RFPs and Google's responses. Nonetheless, at the August 30, 2022 hearing before Judge DeMarchi, Plaintiffs' counsel reiterated at the outset that what was being sought **had in fact been narrowed** as a result of the extensive meet and confer efforts. Transcript, Dkt. 325 at 5–6.

The Order was issued a week later. Dkt. 326. With respect to the discovery at issue here, the Order erroneously denies it on the ground that it was not called for by the ***original*** RFPs, ignoring six months of meet and confer efforts by Plaintiffs and a significant narrowing of the RFPs in an effort to reach a compromise. *Id*. at 6, 8; *see also* Dkt. 291 at 2. The Order also denies certain of the discovery (the data underlying certain reports, analyses, and studies) on the ground that it is not proportional to the needs of the case (Order at 6), despite that Google has never made any showing about proportionality or burden, and Judge DeMarchi has never made any inquiry or developed any evidentiary record on burden or proportionality in this case. Finally, the Order denies certain of the

discovery (the number of Google Account Holders in the U.S.) on the ground that Plaintiffs did not explain why they needed this information (*id*. at 8); but contrary to the Order, Plaintiffs did so in the letter brief (Dkt. 291 at 3) and there was a lengthy discussion about this at the August 30 hearing as well. Dkt. 325 at 56–68. ***The Order does not find that the discovery at issue is not relevant here***.

IV.   **LEGAL ANALYSIS**

    A.   **The Order improperly denies discovery of the data underlying certain reports, analyses, and studies conducted by Google (Section B.3)**

There is no dispute that reports, analyses, and studies showing the impact on Google's RTB revenues of disabling auction participants' access to third-party cookies and other Account Holder-identifiers are highly relevant in this case, and Judge DeMarchi ordered Google to produce all such documents. Order at 6. While conceding that such reports, analyses, and studies are relevant and must be produced by Google, the Order denies Plaintiffs *any* of the data underlying the reports, analyses, and studies, on the grounds that (1) Plaintiffs did not request the underlying data, and (2) the production of the underlying data is not proportional to the needs of the case. *Id*. This portion of the Order is neither factually nor legally correct and should be vacated.

The Order is factually incorrect that Plaintiffs did not request the underlying data. This data is called for by the very requests (RFPs 47–48 and 51) that call for the production of the reports, analyses, and studies that the data relates to, requests that Judge DeMarchi upheld and ordered Google to respond to. The Order also ignores the six months of meet and confer efforts by the parties that resulted in the narrowed requests put before the Court in Dkt. 291 at 2. It was error for Judge DeMarchi to revert to the language of the original January 2022 RFPs and ignore the narrowing of the requests that resulted from the meet and confer process to deny the discovery at issue here, particularly when there was no showing of burden and the relevancy of the underlying data is beyond dispute.

The Order is also wrong in holding that production of the underlying data is not proportional to the needs of the case. Google has never made any showing about proportionality and has refused to even discuss it substantively with Plaintiffs. Google has also never said the data would be too burdensome to produce. In fact, in the letter brief, Google told Judge DeMarchi it was already

looking for responsive documents. Dkt. 291 at 6. Judge DeMarchi never inquired or developed any evidence about burden or proportionality in this case, and thus has no legal or factual basis on which to deny discovery on this ground. *See, e.g.*, *Planned Parenthood Fed'n of Am., Inc. v. Ctr. For Med. Progress*, No. 16-cv-00236-WHO (DMR), 2018 WL 2441518, at *3 (N.D. Cal. May 31, 2018) (parties and the court have a collective responsibility to consider the proportionality of discovery and that it is the burden of the party opposing discovery to show that it should not be allowed and to support its objections with competent evidence) (internal citations and quotations omitted).

Considering the narrow focus of the discovery sought, its undisputed relevancy, the lack of evidence of burden from Google, the size of the putative class, Google's size and revenues, and the potential damages in this case (in the billions of dollars), it was erroneous for Judge DeMarchi, without any inquiry, to conclude that the underlying data at issue here is not proportional to the needs of the case. There simply is no evidentiary basis for this conclusion. Consequently, the Court should vacate Judge DeMarchi's ruling denying Plaintiffs the data underlying the reports, analyses, and studies that Google was ordered to produce showing the impact on Google's RTB revenues of disabling third-party cookies and other identifiers, and order Google to produce responsive documents forthwith. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (denial of discovery that results in "actual and substantial prejudice to complaining litigant" is reversible error); *Vallabharpurapu v. Burger King Corp.*, 276 F.R.D. 611, 615 (N.D. Cal. 2011) (denial of discovery that would substantiate class allegations or show requirements of Rule 23 may be satisfied is reversible error). Alternatively, if the discovery is not ordered produced, Google should be prohibited from making any arguments challenging the accuracy of, basis for, or details about any of the studies, analyses, and reports Google does produce, and from challenging Plaintiffs' witnesses or experts on these issues.

**B.    The Order improperly denies discovery about the number of Google account holders in the U.S. during the class period (Section B.5)**

Judge DeMarchi also denied Plaintiffs' request for documents sufficient to show the total number of Google Account Holders in the United States during the class period on the grounds that (1) Plaintiffs did not request this information, and (2) Plaintiffs had failed to explain why they need

this information. Order at 8–9. This also is not correct factually or legally.

In denying discovery on the ground that Plaintiffs did not specifically request it in their RFPs, Judge DeMarchi erred by ignoring the extensive meet and confer efforts of the parties, which resulted in Plaintiffs limiting the requests to the information sought in the letter brief. Dkt. 291 at 2; Dkt. 325 at 64. This, regretfully, is a recurring error. If all discovery disputes end up being resolved simply on the basis of what the original RFPs provide, ignoring months of meet and confer efforts to narrow those requests, there is little incentive for the parties to compromise or find discovery efficiencies. Having repeatedly ordered the parties to meet and confer on the requests, Judge DeMarchi is wrong to ignore the results of the meet and confer process and instead revert to and rely solely upon the original text of the requests served back in January 2022 for her denial.

Judge DeMarchi was also wrong to deny this discovery on the ground that Plaintiffs did not explain why they needed it. To the contrary, Plaintiffs in fact included a brief explanation in the letter brief (Dkt. 291 at 3) and there was a lengthy discussion spanning 12 pages of the transcript from the August 30 hearing, during which Plaintiffs' counsel explained in detail why this information, the number of Account Holders, was relevant to and necessary for both class certification and the merits. Dkt. 325 at 56–68. The information sought goes to numerosity; the calculation, amount, and apportionment of damages; the scope of Google's challenged conduct; and to rebut Google's anticipated argument at class certification about the presence of uninjured class members. *Id.* The Court should vacate Judge DeMarchi's ruling denying Plaintiffs documents showing the total number of Google Account Holders in the United States during the class period, and order Google to produce responsive documents forthwith. *See Hallett*, 296 F.3d 732 at 751; *Vallabharpurapu*, 276 F.R.D. at 615.

## V.   CONCLUSION

Plaintiffs will be substantially prejudiced in their ability to prosecute this case if the challenged portions of the Order stand. Plaintiffs respectfully request that the Court vacate the improper rulings in Sections B.3 and B.5 of the Order and compel production of the relevant materials or remand with curative instructions. A proposed order is submitted herewith.

| | | |
|---|---|---|
| 1 | DATED: September 20, 2022 | Respectfully submitted, |
| 2 | | **PRITZKER LEVINE LLP** |
| 3 | | By:   */s/ Elizabeth C. Pritzker* |
| 4 | | Elizabeth C. Pritzker (SBN 146267)<br>Jonathan K. Levine (SBN 220289) |
| 5 | | Bethany Caracuzzo (SBN 190687)<br>1900 Powell Street, Suite 450 |
| 6 | | Emeryville, CA 94608<br>Tel.: (415) 692-0772 |
| 7 | | Fax: (415) 366-6110<br>*ecp@pritzkerlevine.com* |
| 8 | | *jkl@pritzkerlevine.com*<br>*bc@pritzkerlevine.com* |
| 9 | | *Interim Class Counsel* |
| 10 | | |
| 11 | | **BLEICHMAR FONTI & AULD LLP** |
| 12 | | By:  */s/ Lesley E. Weaver* |
| 13 | | Lesley E. Weaver (SBN 191305)<br>Anne K. Davis (SBN 267909) |
| 14 | | Joshua D. Samra (SBN 313050)<br>555 12th Street, Suite 1600 |
| 15 | | Oakland, CA 94607<br>Tel.: (415) 445-4003 |
| 16 | | Fax: (415) 445-4020<br>*lweaver@bfalaw.com* |
| 17 | | *adavis@bfalaw.com*<br>*jsamra@bfalaw.com* |
| 18 | | |
| 19 | | **SIMMONS HANLY CONROY LLC** |
| 20 | | By:   */s/ Jay Barnes*<br>Jason 'Jay' Barnes (admitted *pro hac vice*) |
| 21 | | An Truong admitted (admitted *pro hac vice*)<br>Jennifer Paulson (admitted *pro hac vice*) |
| 22 | | 112 Madison Avenue, 7th Floor<br>New York, NY 10016 |
| 23 | | Tel.: (212) 784-6400<br>Fax: (212) 213-5949 |
| 24 | | *jaybarnes@simmonsfirm.com*<br>*atruong@simmonsfirm.com* |
| 25 | | *jpaulson@simmonsfirm.com* |
| 26 | | **DICELLO LEVITT LLC** |
| 27 | | By: */s/ David A. Straite* |
| 28 | | David A. Straite (admitted *pro hac vice*)<br>One Grand Central Place |

| MOTION FOR RELIEF FROM<br>NONDISPOSITIVE MAGISTRATE ORDER | 6 | No. 4:21-cv-02155-YGR-VKD |
|---|---|---|

60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*;

James Ulwick (admitted *pro hac vice)*
Ten North Dearborn St., Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*julwick@dicellolevitt.com*

**COTCHETT, PITRE & McCARTHY LLP**

By: */s/ Nanci E. Nishimura*
Nanci E. Nishimura (SBN 152621)
Brian Danitz (SBN 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel.: (650) 697-6000
Fax: (650) 697-0577
*nnishimura@cpmlegal.com*
*bdanitz@cpmlegal.com*
*kswope@cpmlegal.com*

**BOTTINI & BOTTINI, INC.**

By: */s/ Francis A. Bottini, Jr.*
Francis A. Bottini, Jr. (SBN 175783)
Yury A. Kolesnikov (SBN 271173)
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Telephone: (858) 914-2001
Facsimile: (858) 914-2002
*fbottini@bottinilaw.com*
*ykolesnikov@bottinilaw.com*

***Plaintiffs' Executive Committee***

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, Anne K. Davis, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of September, 2022, at Pacifica, California.

*/s/ Anne K. Davis*
Anne K. Davis

**CERTIFICATE OF SERVICE**

     I hereby certify that on September 20, 2022, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system.

                                                                         */s/ Anne K. Davis*
                                                                         Anne K. Davis