1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION*, <br><br> This document applies to: *all actions*. | **Case No. 4:21-cv-02155-YGR-VKD** <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR RELIEF FROM SEPTEMBER 6, 2022 NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 326)** <br><br> **Fed. R. Civ. P. 72(a)** <br> **Civil L.R. 72-2** |

Case No. 4:21-cv-02155-YGR-VKD
[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR RELIEF
FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE

Currently pending before the Court is Plaintiffs' motion pursuant to Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A), and Civil L.R. 72-2 for partial relief from a September 6, 2022 discovery order issued by Magistrate Judge Virginia K. DeMarchi. *See* Dkt. 326 ("Order"). Having considered the motion, the relief requested by that motion, and the briefing submitted in conjunction therewith, as well as all other evidence of record, the Court hereby GRANTS Plaintiffs' motion.

**I.   BACKGROUND**

This putative class action alleges defendant Google violated Plaintiffs' privacy rights and federal and state laws when Google shared Plaintiffs' personal information and communications with third parties through Google's Real Time Bidding ("RTB") system.

Plaintiffs allege that Google promises Google Account Holders: "We [at Google] don't share information that personally identifies you with advertisers" and "never use…sensitive information like race, religion or sexual orientation, to personalize ads[.]" According to Plaintiffs, Google routinely breaks these promises. Plaintiffs allege that through its RTB advertising scheme, Google collects and stores personal information about class members; associates that information with class members' races, religions, and sexual orientations; and then shares that information with third parties, including advertisers that seek to target class members with personalized advertising. *See* Consolidated Class Action Complaint ("CCAC") (Dkt. 94) at ¶¶ 1–30; 96, 98, 100, 120, 125, 134.

Plaintiffs served the requests for production of documents ("RFPs") at issue in the Order in January 2022, and Google responded a month later with objections. After conferring and reaching an impasse on the damages discovery at issue here, the parties filed a joint letter brief on March 15, 2022. Dkt. 171. Judge DeMarchi, the Magistrate Judge assigned to discovery in this matter, held a hearing and issued an initial order on April 29, 2022 (Dkt. 189), in which, among other things, the parties were ordered to meet and confer further with respect to the requests at issue in this motion. The parties did so and Judge DeMarchi held another hearing on May 31, 2022, after which the parties were ordered to continue their meet and confer efforts before returning to court. Dkt. 217. The parties met and conferred again and, because little was resolved as a result of those negotiations, the parties returned before Judge DeMarchi with another joint letter brief on August 15, 2022. Dkt. 291. Judge DeMarchi held a final hearing on the disputed requests on August 30, 2022, and issued the Order on

1

September 6, 2022. Dkt. 326.

Plaintiffs seek partial relief from the Order and challenge the following findings in the Order, which they claim substantially prejudice Plaintiffs in their ability to prosecute this action for the class:

(1) the denial in Section B.3 (Impact on revenues of disabling third-party cookies, user identifiers) of Plaintiffs' request for the data underlying the reports, analyses, and studies that Google was ordered to produce showing the impact on Google's RTB revenues of disabling third-party cookies and other user identifiers; and

(2) the denial in Section B.5 (Number of Google account holders in the U.S. during the class period) of Plaintiffs' request for information showing the number of Google Account Holders in the United States.

Plaintiffs request that the opinions within these two sections of the Order be stricken and that the Court compel Google to produce the relevant materials or remand to Judge DeMarchi with curative instructions.

## II.    DISCUSSION

### A.  Legal Standard

When a district court reviews a magistrate judge's order, it generally "may not simply substitute its judgment for that of the [magistrate judge]." *Hoa v. Cate*, No. C-12-2078 EMC, 2013 WL 3730249, at *1 (N.D. Cal. July 15, 2013) (citing *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir.1991)). However, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Any factual determinations are reviewed for clear error, and the district judge may set them aside if he or she is "left with a 'definite and firm conviction that a mistake has been committed.'" *Equal Emp. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014). "[T]he 'contrary to law' standard allows independent, plenary review of purely legal determinations by the magistrate judge." *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021); *see also Comp. Econ., Inc. v. Gartner Grp.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999); *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983). Furthermore, orders by the magistrate judge that result in "actual and substantial prejudice to the complaining

2

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR RELIEF
FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE       Case No. 4:21-cv-02155-YGR-VKD

litigant" (*Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)), or deny discovery that would enable plaintiffs to substantiate class allegations or show that the requirements of Fed. R. Civ. P. 23 for class certification may be satisfied (*Vallabharpurapu v. Burger King Corp.*, 276 F.R.D. 611, 615 (N.D. Cal. 2011)), meet the legal standard for district court reversal.

### B. Analysis

#### 1. Data underlying any reports, analyses, and studies showing the impact on Google's RTB revenues of disabling third-party cookies and other user identifiers (Section B.3)

Plaintiffs contend that Section B.3 of the Order, which denies them any of the data underlying the reports, analyses, and studies that Google was ordered to produce showing the impact on Google's RTB revenues of disabling third-party cookies and other user identifiers, is not supported by the law or the facts of this case. The Order denies Plaintiffs this discovery on the grounds that (1) Plaintiffs did not request the underlying data, and (2) the production of the underlying data is not proportional to the needs of the case. Order at 6.

The data underlying the reports, analyses, and studies that Google was ordered to produce showing the impact on Google's RTB revenues of disabling third-party cookies and other user identifiers is relevant and called for by the same RFPs that called for the production of the reports, analyses, and studies themselves. Google has made no showing that producing the underlying data in addition to the reports, analyses, and studies would be unduly burdensome or not proportional to the needs of the case and there is no evidentiary record from which the Court could reach this conclusion. To the contrary, since the relevancy of the underlying data is not disputed and considering, among other things, the size of the putative class, Google's size and revenues, and the potential damages in this case, the discovery at issue is proportional to the needs of the case.

Plaintiffs have met their burden of demonstrating that the Order's denial of discovery of the data underlying the reports, analyses, and studies that Google was ordered to produce showing the impact on Google's RTB revenues of disabling third-party cookies and other user identifiers, is not supported by the law or the facts of this case. Accordingly, the ruling set forth in Section B.3 of the Order is vacated. Google shall search for and produce the data underlying the reports, analyses, and

3

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR RELIEF
FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE           Case No. 4:21-cv-02155-YGR-VKD

studies that Google was ordered to produce showing the impact on Google's RTB revenues of disabling third-party cookies and other user identifiers within ten business days of this order.

### 2. Documents Sufficient to Show the Number of Google Account Holders in the U.S. During the Class Period (Section B.5)

Plaintiffs also challenge the Order's denial of discovery sufficient to show the number of Google Account Holders in the United States during the class period, contending this portion of the Order also is not supported by the law or the facts of this case. The Order denies Plaintiffs this discovery on the grounds that (1) Plaintiffs did not request this information, and (2) Plaintiffs had failed to explain why they need this information. Order at 8–9.

Plaintiffs served RFPs seeking information relating to damages for class certification and the merits. As is often the case, the responding party objected to those RFPs and there then ensued a lengthy meet and confer process that required the intervention of the Magistrate Judge on more than one occasion. As a result of this lengthy meet and confer process, the information requested by Plaintiffs in response to some of the RFPs was narrowed and became more focused, and this is true for the discovery at issue here. Plaintiffs did in fact narrow their RFPs to request documents sufficient to show the number of Google Account Holders in the United States during the class period, and it was error in the Order to ignore the results of the meet and confer process and revert back to the original language in the January 2022 RFPs instead. The Court also concludes that Plaintiffs have demonstrated both the relevancy of the information sought and why this information is needed for class certification purposes and to prepare the case for trial.

Plaintiffs have met their burden of demonstrating that the Order's denial of discovery sufficient to show the number of Google Account Holders in the United States during the class period is contrary to law and the facts here. Accordingly, the ruling set forth in Section B.5 of the Order is vacated. Google shall search for and produce documents sufficient to show the number of Google account holders in the United States during the class period within ten (10) business days of this order.

4

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR RELIEF
FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE        Case No. 4:21-cv-02155-YGR-VKD

1    **SO ORDERED.**

_____
Hon. Yvonne Gonzalez Rogers
United States District Court Judge