# EXHIBIT A

COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
LAURA M. ELLIOTT (SBN 286702)
(lelliott@cooley.com)
KELSEY SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center
20th Floor
San Francisco, California 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

Attorneys for Defendant
Google LLC

COOLEY LLP
ROBBY L.R. SALDAÑA
(DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 776 7800
Facsimile:    +1 202 842 7899

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, <br><br> This Document Relates to: *all actions,* | Case No. 4:21-cv-02155-YGR-VKD <br><br> **GOOGLES LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 91-107)** |

**PROPOUNDING PARTY:**     **Consolidated Plaintiffs**

**RESPONDING PARTY:**      **Google LLC**

**SET NUMBER:**            **Five**

Pursuant to Federal Rules of Civil Procedure Rules 26 and 34, Defendant Google LLC ("Google") responds as follows to Consolidated Plaintiffs' ("Plaintiffs") Fifth Set of Requests for Production of Documents (the "Requests"):

**I.     GENERAL RESPONSES.**

**1.**     Google hereby incorporates the following General Responses by reference into the individual response to each Request. Each General Response has the same force and effect as if fully set forth in the individual responses to each Request.

**2.**     Google's response to the Requests is made to the best of Google's current employees' present knowledge, information, and belief. This response is at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Google's recollection, is subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Google's further discovery or investigation.

**3.**     Google reserves the right to make any use of, or to introduce at any hearing and at trial, documents responsive to the Requests but discovered subsequent to the date of Google's initial production, including, but not limited to, any documents obtained in discovery herein.

**4.**     Google will not produce documents which Google or any other party to this litigation deems to embody material that is private, business confidential, proprietary, trade secret or otherwise protected from disclosure pursuant to Federal Rule of Civil Procedure 26(c)(7), Federal Rule of Evidence 501, California Evidence Code section 1060, or Article I, Section 1 of the California Constitution. Under appropriate circumstances, Google may agree to produce such documents pursuant to the Stipulated Protective Order (ECF No. 59) in this matter.

**5.**     Google reserves the right to decide whether the documents produced for inspection shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the Requests, in accordance with Federal Rule of Civil Procedure 34(b).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

**6.**     Google reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of this response and any document or thing produced in response to the Requests.

**7.**     Google will not construe the Requests as an attempt to impose discovery obligations on Google beyond those authorized by the Federal Rules of Civil Procedure. Google will not undertake discovery obligations beyond those authorized by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of California.

**8.**     Google reserves the right to object on any ground at any time to such other or supplemental requests for production as Plaintiffs may at any time propound involving or relating to the subject matter of these Requests.

**9.**     By stating in these responses that Google will produce documents or is searching for responsive documents, Google will make a good faith effort to produce the documents, to the extent they exist, within a reasonable time, on a rolling basis, and as quickly and efficiently as possible, in accordance with Rule 34 of the Federal Rules of Civil Procedure.

**10.**     By stating in these responses that Google will produce documents or is searching for responsive documents, Google does not represent that such documents actually exist, but rather that it will make a good faith search and attempt to ascertain whether documents responsive to the Requests do, in fact, exist, and to produce such documents if they are found to exist and are within Google's records or files. Google will use reasonable diligence to locate responsive documents based on examination of those files that reasonably may be expected to yield responsive documents and an inquiry of those employees who reasonably may be expected to possess responsive documents.

## II.     GENERAL OBJECTIONS.

Google makes the following objections to each and every applicable Instruction, Definition, and Document Request made in Plaintiffs' Fifth Set of Requests for Production of Documents:

**11.**     Google objects to all Definitions, Instructions, and Document Requests inclusive, insofar as each such request seeks information or production of documents protected from

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

disclosure by the attorney-client privilege, the work product doctrine, any other applicable privilege or protection, or the right of privacy under Article I, Section 1 of the California Constitution. Such documents or information shall not be produced in response to the Requests, and any inadvertent production thereof shall not be deemed a waiver of any privilege or right with respect to such documents or information or of any work product doctrine that may attach thereto. Google specifically reserves all rights afforded under the Court's Order Re: Federal Rule of Evidence 502(d). (ECF No. 285).

**12.**    Google objects to all Definitions, Instructions, and Document Requests inclusive, to the extent they seek documents that do not already exist, are not currently in Google's possession, custody or control, or refer to persons, entities or events not known to Google, on the grounds that such Instructions, Definitions, or Document Requests seek to require more of Google than any obligation imposed by law, would subject Google to unreasonable and undue annoyance, oppression, burden, and expense, and would seek to impose upon Google an obligation to investigate or discover information or materials from third-parties or services who are equally or more readily accessible to Plaintiffs.

**13.**    Google objects to all Definitions, Instructions, and Document Requests inclusive, to the extent they purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific request on the ground that such enlargement, expansion, or alteration renders said request vague, ambiguous, unintelligible, overly broad, unduly burdensome, and uncertain.

**14.**    Google objects to all Definitions, Instructions, and Document Requests, inclusive, to the extent that they seek documents or information, the disclosure of which is prohibited by a non-disclosure agreement or confidentiality agreement. Such documents or information shall not be produced in response to the Requests.

**15.**    Google objects to all Definitions, Instructions, and Document Requests to the extent that they purport to require preservation, collection, or production of electronically stored information ("ESI") not reasonably accessible to Google because of undue burden or cost (e.g., documents stored on systems for archival or recovery purposes, data residing in hardware buffer memories, deleted files that have not been fully overwritten, replica data resulting from automatic

Cooley LLP
Attorneys at Law
San Francisco

4

Google's Objections and Responses
to Plaintiffs' Fifth Set of RFPs
Case No. 4:21-cv-02155-YGR-VKD

1  back-up functions, etc.).

2      **16.**    Google objects to all Definitions, Instructions, and Document Requests, and in

3  particular, Definition Nos. 4 ("Communication"), 6 ("Correspondence"), 7 ("Data or Information"),

4  and 9 ("Document"), and Instruction Nos. 1 and 6, to the extent they seek information or documents

5  not currently in Google's possession, custody or control, or seek to require Google to search for or

6  provide information about documents no longer in existence or in its possession; custody or control,

7  or refer to persons or events not known to Google, on the grounds that they seek to require more of

8  Google than any obligation imposed by law, would subject Google to unreasonable and undue

9  annoyance, oppression, burden, and expense, and would seek to impose upon Google an obligation

10  to investigate or discover information or materials from third parties that are equally or more readily

11  accessible to Plaintiffs.

12      **17.**    Google objects to Definition No. 3 ("Bid Request") to the extent it is not limited to

13  information disclosed to third-party participants of its Real-Time Bidding system ("RTB"). Such

14  a definition is overly broad and beyond the scope of discovery as the Court has defined it in this

15  case.

16      **18.**    Google objects to Definition No. 5 ("Concern" or "concerning") to the extent it

17  defines "concern" or "concerning" to mean "relating to, referring to, describing, evidencing or

18  constituting." This definition is overly broad, vague, ambiguous, and unintelligible, would require

19  the application and disclosure of the subjective legal judgment of Google's attorneys, and would

20  require the disclosure of a conclusion or opinion of counsel in violation of the attorney work product

21  doctrine. Without waiving this objection, and subject to all other applicable objections or privileges

22  stated herein, Google will produce, in response to any Requests for documents that "concern" a

23  given subject or that are "concerning" a given subject, such documents as expressly discuss or refer

24  on their face to that subject (if any such documents exist).

25      **19.**    Google objects to Definition No. 8 ("Decision-Making Process") to the extent it

26  includes "any system, including, but not limited to, any software, program, application, algorithm,

27  or artificial intelligence (or any collection of the same) that operates to programmatically select

28  data that is distributed in a Google RTB auction." This definition is unintelligible, vague, and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

**GOOGLE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD**

ambiguous.  This definition is also overly broad and would subject Google to unreasonable and undue annoyance, oppression, burden, and expense. Google further objects to extent this definition purports to incorporate highly confidential and proprietary information, such as source code. Google also objects to this definition as not proportional to the needs of the case because it requests information with no, or only tangential, relationship to the conduct at issue in the Complaint. Google further objects to this definition to the extent it includes materials protected by the attorney-client privilege, the work product doctrine, or other applicable privileges.

20.    Google objects to Definition No. 11 ("Employee(s)") to the extent it defines "Employee(s)" to include "any person who acted or purported to act on behalf of any Google entity, or another person or persons including, but not limited to, current and former officers, directors, executives, managers, supervisors, department heads, sales personnel, secretaries, staff, messengers, agents, contractors, consultants, accountants and auditors, attorneys, representatives, or any other person acting or authorized to act on behalf of Google or any division, subsidiary or entity of Google, individually or collectively."  This definition is vague and ambiguous; is overly broad; and would subject Google to unreasonable and undue annoyance, oppression, burden, and expense. Google also objects to this definition as not proportional to the needs of the case because it requests information from and about persons who may have had no, or only tangential, involvement in the conduct at issue in the Complaint. Google further objects to this definition to the extent it improperly includes persons who are not parties to this action. Finally, Google objects to this definition to the extent that it may expand the Requests to include documents not within the possession, custody or control of Google, and therefore asks more of Google than allowed by the Federal Rules of Civil Procedure. Google will interpret "Employee(s)" to refer to Google's personnel with direct responsibilities related to RTB.

21.    Google objects to Definition No. 12 ("Google," "Defendant," "You," and "Your") to the extent it defines "Google" to include its past and present "corporations, businesses, subsidiaries, divisions, subdivisions, affiliated entities, predecessors, successors, and parents, as well as their respective officers, directors, employees, partners, representatives, agents, employees, attorneys, accountants, or other persons occupying similar positions or performing similar

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

GOOGLE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

functions." This definition is vague and ambiguous; is overly broad; and would subject Google to unreasonable and undue annoyance, oppression, burden, and expense. Google further objects to this definition to the extent that it expands the Requests to include documents not within the possession, custody, or control of Google, and therefore asks more of Google than allowed by the Federal Rules of Civil Procedure. Google will interpret "Google," "Defendant," "You," and "Your" to mean Google LLC, its officers and employees, and any of its predecessors or successors.

22.    Google objects to Definition No. 13 ("Google Real Time Bidding," "Real Time Bidding," "RTB," or "Google RTB") to the extent it defines "Google Real Time Bidding," "Real Time Bidding," "RTB," or "Google RTB" to mean "the process or system by which Google shares and sells user personal information. . . ." This definition is vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case. Google further objects to this definition as argumentative. Google will interpret "RTB" to mean its Real-Time Bidding system at issue in this litigation.

23.    Google objects to Definition No. 15 ("Identify") to the extent it renders the Requests overly broad, unduly burdensome, and/or would require Google to provide information that is not within its possession, custody or control and/or cannot be identified or located with a reasonably diligent search.

24.    Google objects to Definition No. 16 ("Participant(s)") to the extent it includes "any person or entity that is able to view or otherwise access any information disclosed on Google Real Time Bidding." This definition is vague, ambiguous, overly broad, and unduly burdensome. Google further objects to this definition to the extent it seeks information that is not relevant or proportional to the needs of the case. Google further objects to this definition to the extent it is not limited to third-party RTB bid request recipients. Such a definition is overly broad and beyond the scope of discovery as the Court has defined it in this case.

25.    Google objects to Definition No. 17 ("relate," "relating," "refer," "referring," and "pertaining") to the extent it defines these terms as meaning "all Documents that explicitly or implicitly, in whole or in part, were prepared or received in conjunction with, or were generated as a result of, the subject matter of the request, including, without limitation, all Documents that

Cooley LLP
Attorneys at Law
San Francisco

7

Google's Objections and Responses
to Plaintiffs' Fifth Set of RFPs
Case No. 4:21-cv-02155-YGR-VKD

reflect, record, memorialize, discuss, describe, compare, consider, concern, constitute, embody, evaluate, analyze, review, report on, comment on, impinge upon, or impact the subject matter of the request. The terms "relate to," "relating to," "related to," "refer," "referring to," "pertaining to," and "regarding" are overly broad, vague, ambiguous, and unintelligible, require subjective judgment on the part of Google and Google's attorneys, and would require a conclusion or opinion of counsel in violation of the attorney work product doctrine. Without waiving this objection, and subject to all other applicable objections or privileges stated herein, Google will produce, in response to any Requests for documents that "relate" to, "refer" to, "pertain" to, or "regard" a given subject, such documents as expressly reflect or refer on their face to information relevant to the specified request (if any such documents exist).

26.    Google objects to the statement in Instruction No. 5 to the extent it seems to require Google to identify anything other than the specific claim of privilege or work product being made and the grounds for such claim, on the ground that the Requests encompass potentially thousands of pages of documents, not all of which have yet been identified or reviewed by counsel. Accordingly, said Instruction would subject Google to unreasonable and undue annoyance, oppression, burden, and expense, and seeks information protected from discovery by privilege and as work product. Google also objects to this instruction to the extent it requires Google to provide a privilege log at the time of its responses and objections.  Google will produce a privilege log consistent with the ESI Order entered in this case.  (ECF. No. 125 at 8.)

27.    Google objects to the statement in Instruction No. 7 that the Requests are continuing, to the extent said instruction seeks unilaterally to impose an obligation to provide supplemental information greater than that required by the Federal Rules of Civil Procedure and would subject Google to unreasonable and undue annoyance, oppression, burden, and expense.

28.    Google objects to Instruction No. 8 to the extent it requires production of documents according to specifications other than those in the Stipulated Order Re: Discovery of Electronically Stored Information entered by the Court on December 7, 2021 (*see* ECF No. 125).

29.    Google objects to the definition of "Relevant Time Period" and hereby interprets that term to mean March 26, 2016 through the date of these Responses.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

GOOGLE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

**II.    SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS.**

Without waiving or limiting in any manner any of the foregoing General Objections, but rather incorporating them into each of the following responses to the extent applicable, Google responds to the enumerated Requests of Plaintiffs' Fifth Set of Requests for Production of Documents as follows:

**REQUEST FOR PRODUCTION NO. 91:**

Documents sufficient to show the automated process by which Data is selected to be distributed to Google RTB Participants in a Bid Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is vague, ambiguous, and overbroad in its references to "automated process," "selected" and "distributed," as these terms are not self-evident or defined. Google also objects that this Request is cumulative and duplicative of other Requests, including RFP Nos. 22(p) and 25(f), 97, and 98, and because, pursuant to those Requests, Google has already produced documents sufficient to show the functionality of RTB as it relates to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and putative class members' personal or sensitive information to third-party bid request recipients via RTB. Google further objects to this Request to the extent it is premised on inaccurate factual assumptions regarding the flow of data through Google's systems. Google also objects to this Request to the extent it is not limited to  U.S. Account Holders or third-party RTB bid request recipients.  Google additionally objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared at the direction of legal counsel.

Google also objects that this Request is not the most appropriate or efficient vehicle of discovery for Plaintiffs to obtain the information requested. Moreover, Google objects to this Request as burdensome and harassing to the extent it seeks information regarding maintenance and storage, which the Court has already rejected as irrelevant and outside the scope of discovery. Google also objects to this Request as overbroad, burdensome, and harassing in seeking

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

GOOGLE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

1    information not proportionately limited in time.

2         Subject to the foregoing objections, Google has not conducted and will not conduct searches

3    for responsive documents, and, as a result, will not produce documents in response to this Request.

4    **REQUEST FOR PRODUCTION NO. 92:**

5         Documents sufficient to show each step taken by any automated system to select

6    information for distribution to Google RTB Participants in a Google RTB auction.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

8         In addition to the foregoing General Objections, which Google incorporates by reference,

9    Google specifically objects that this Request is vague, ambiguous, and overbroad in its references

10   to "any automated system," "select," and "distribution," as these terms are not self-evident or

11   defined. Google also objects that this Request is cumulative and duplicative of other Requests,

12   including RFP Nos. 22(p) and 25(f), 97, and 98, and because, pursuant to those Requests, Google

13   has already produced documents sufficient to describe the functionality of RTB as it relates to

14   Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and putative class

15   members' personal or sensitive information to third-party bid request recipients via RTB.  Google

16   further objects to this Request to the extent it is premised on inaccurate factual assumptions

17   regarding the flow of data through Google's systems. Google also objects to this Request to the

18   extent it is not limited to U.S. Account Holders or third-party RTB bid request recipients.  Google

19   additionally objects to this Request to the extent it seeks information protected by the attorney-

20   client privilege, the attorney-work product doctrine, or any other applicable privilege or protection,

21   including without limitation because it may seek documents prepared at the direction of legal

22   counsel.

23        Google additionally objects that this Request is not the most appropriate or efficient vehicle

24   of discovery for Plaintiffs to obtain the information requested. Moreover, Google objects to this

25   Request as burdensome and harassing to the extent it seeks information regarding maintenance and

26   storage, which the Court has already rejected as irrelevant and outside the scope of discovery.

27   Google also objects to this Request as overbroad, burdensome, and harassing in seeking

28   information not proportionately limited in time.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

GOOGLE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

1    Subject to the foregoing objections, Google has not conducted and will not conduct searches

2    for responsive documents, and, as a result, will not produce documents in response to this Request.

3    **REQUEST FOR PRODUCTION NO. 93:**

4    Documents sufficient to show the Decision-Making Process by which Data is selected to be

5    distributed to Participants in a Bid Request.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

7    In addition to the foregoing General Objections, which Google incorporates by reference,

8    Google specifically objects that this Request is vague and ambiguous in its references to "selected"

9    and "distributed," as these terms are not self-evident or defined. Google also objects that this

10    Request is cumulative and duplicative of other Requests, including RFP Nos. 22(p), 25(f), 97, and

11    98, and because, pursuant to certain of those Requests, Google has already produced documents

12    sufficient to describe the functionality of RTB as it relates to Plaintiffs' central allegations regarding

13    the alleged disclosure of Plaintiffs' and putative class members' personal or sensitive information

14    to third-party bid request recipients via RTB.  Google additionally objects to this Request to the

15    extent it is premised on inaccurate factual assumptions regarding the flow of data through Google's

16    systems.  Google also objects to this Request to the extent it is not limited to U.S. Account Holders

17    or third-party RTB bid request recipients.

18    In addition, Google objects that this Request is not the most appropriate or efficient vehicle

19    of discovery for Plaintiffs to obtain the information requested. Google also objects that this Request

20    is burdensome and harassing to the extent it seeks information regarding maintenance and storage,

21    which the Court has already rejected as irrelevant and outside the scope of discovery.  Google

22    further objects to this Request as overbroad, burdensome, and harassing in seeking information not

23    proportionately limited in time. Google additionally objects to this Request to the extent it seeks

24    information protected by the attorney-client privilege, the attorney-work product doctrine, or any

25    other applicable privilege or protection, including without limitation because it may seek

26    documents prepared at the direction of legal counsel.

27    Subject to the foregoing objections, Google has not conducted and will not conduct searches

28    for responsive documents, and, as a result, will not produce documents in response to this Request.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

**GOOGLE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD**

**REQUEST FOR PRODUCTION NO. 94:**

Documents sufficient to show the various Data inputs (whether from Google or from external sources) into the Decision-Making Process which selects Data to be distributed to Google RTB Participants in a Bid Request, and the sequencing of those Data inputs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is vague and ambiguous in its references to "Data inputs," "external sources," "selects," "distributed," and "sequencing," as these phrases are not self-evident or defined. Google also objects that this Request is cumulative and duplicative of other Requests, including RFP Nos. 14, 22, 25(f) and (h), 97, and 98, and because, pursuant to certain of those Requests, Google has already produced documents sufficient to show the functionality of RTB as it relates to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and putative class members' personal or sensitive information to third-party bid request recipients via RTB. Google further objects to this Request to the extent it is premised on inaccurate factual assumptions regarding the flow of data through Google's systems.  Google also objects to this Request to the extent it is not limited to U.S. Account Holders or third-party RTB bid request recipients. Further, Google objects that this Request is not the most appropriate or efficient vehicle of discovery for Plaintiffs to obtain the information requested.

Google objects to this Request as burdensome and harassing to the extent it seeks information regarding maintenance and storage, which the Court has already rejected as irrelevant and outside the scope of discovery. Google also objects to this Request and states that it is overbroad, burdensome, and harassing in seeking information not proportionately limited in time. Google additionally objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared at the direction of legal counsel.

Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

**GOOGLE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD**

1    **REQUEST FOR PRODUCTION NO. 95:**

2         Documents sufficient to show the various data sources within Google from which Data is

3    selected for distribution by the Decision-Making Process which selects Data to be distributed to

4    Google RTB Participants in a Bid Request.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

6         In addition to the foregoing General Objections, which Google incorporates by reference,

7    Google specifically objects that this Request is vague and ambiguous in its references to "data

8    sources," "selected," "distribution," and "distributed," as these phrases are not self-evident or

9    defined. Google also objects that this Request is cumulative and duplicative of other Requests,

10   including RFP Nos. 14, 22(h), 25(f), 25(h), 97, and 98.

11        Google also objects to this Request to the extent it is not limited to U.S. Account Holders

12   or third-party RTB bid request recipients, and in that it seeks categories of "Data" unrelated to the

13   claims or defenses at issue in this case, which are focused on the alleged disclosure of personal or

14   sensitive information with third-party bid request recipients via RTB.  Google also objects that this

15   Request is burdensome and harassing in that it seeks "source" information, which the Court has

16   already rejected as irrelevant and outside the scope of discovery. Google further objects to this

17   Request as overbroad, burdensome, and harassing in seeking information not proportionately

18   limited in time.   Google also objects that this Request is not the most appropriate or efficient

19   vehicle of discovery for Plaintiffs to obtain the information requested.  Google additionally objects

20   to this Request to the extent it seeks information protected by the attorney-client privilege, the

21   attorney-work product doctrine, or any other applicable privilege or protection, including without

22   limitation because it may seek documents prepared at the direction of legal counsel.

23        Subject to the foregoing objections, Google has not conducted and will not conduct searches

24   for responsive documents, and, as a result, will not produce documents in response to this Request.

25   **REQUEST FOR PRODUCTION NO. 96:**

26        Documents sufficient to show the architecture of the software program(s) which comprise

27   the Decision-Making Process by which Data is selected to be sent to Google RTB Participants in a

28   Bid Request.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO                                    13

GOOGLE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPs
CASE NO. 4:21-CV-02155-YGR-VKD

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is vague and ambiguous in its references to "architecture of the software program(s)," "selected" and "sent," as these phrases are not self-evident or defined. Google also objects that this Request is cumulative and duplicative of other Requests, namely RFP Nos. 22(a) and (p), 97, and 98, and because, pursuant to certain of those Requests, Google has already produced documents sufficient to show the functionality of RTB as it relates to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and putative class members' personal or sensitive information to third-party bid request recipients via RTB.

Google also objects to this Request to the extent it is not limited to U.S. Account Holders or third-party RTB bid request recipients. Google also objects that this Request is overbroad, burdensome, and harassing in seeking information not proportionately limited in time.  Google additionally objects to this Request to the extent it is premised on inaccurate assumptions regarding the flow of data through Google's systems.

In addition, Google objects that this Request is not the most appropriate or efficient vehicle of discovery for Plaintiffs to obtain the information requested. Google also objects that this Request is burdensome and harassing to the extent it seeks source code, algorithms, or other highly confidential and sensitive Google materials that are not relevant or proportional to Plaintiffs' development of their claims.

Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 97:**

Documents sufficient to show the criteria used when selecting Data to be distributed to Google RTB Participants in a Bid Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is vague and ambiguous in its references to "criteria," "selecting," and "distributed," as these phrases are not self-evident or defined.  Google also objects

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

GOOGLE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

that this Request is cumulative and duplicative of other Requests, including RFP Nos. 22(b)-(e) and (g), and 98, and because, pursuant to certain of those Requests, Google has already produced documents sufficient to show the functionality of RTB as it relates to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and putative class members' personal or sensitive information to third-party bid request recipients via RTB.

Google further objects to this Request to the extent it is not limited to U.S. Account Holders or third-party RTB bid request recipients.  Google also objects that this Request is overbroad, burdensome, and harassing in seeking information not proportionately limited in time.   In addition, Google objects that this Request is not the most appropriate or efficient vehicle of discovery for Plaintiffs to obtain the information requested.

Subject to the foregoing objections, Google agrees to perform a reasonable search and produce non-privileged documents sufficient to show the filters or restrictions that Google actually uses to exclude user-specific data from bid requests to third parties via RTB, if any.

**REQUEST FOR PRODUCTION NO. 98:**

Documents sufficient to show any filters or restrictions used to exclude Data from the set of Data distributed to Google RTB Participants in a Bid Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is vague and ambiguous in its references to "distributed," "filters," "restrictions" and "set of Data," as these phrases are not self-evident or defined. Google also objects that this Request is cumulative and duplicative of other Requests, including RFP Nos. 22(b)-(e) and (g), and 97, and because, pursuant to certain of those Requests, Google has already produced documents sufficient to show the functionality of RTB as it relates to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and putative class members' personal or sensitive information to third-party bid request recipients via RTB. Google further objects to this Request to the extent it is not limited to U.S. Account Holders or third-party RTB bid request recipients. Google further objects that this Request is overbroad, burdensome, and harassing in seeking information not proportionately limited in time.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

GOOGLE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

Google also objects that this Request is not the most appropriate or efficient vehicle of discovery for Plaintiffs to obtain the information requested. In addition, Google objects that this Request is burdensome and harassing to the extent it seeks information regarding maintenance and storage, which the Court has already rejected as irrelevant and outside the scope of discovery.

Subject to the foregoing objections, Google agrees to perform a reasonable search and produce non-privileged documents sufficient to show the filters or restrictions that Google actually uses to exclude user-specific data from bid requests to third parties via RTB, if any.

**REQUEST FOR PRODUCTION NO. 99:**

All Documents and Communications Concerning any restrictions used to exclude Data from the set of Data distributed to Google RTB Participants in a Bid Request, including restrictions that were discussed or proposed but not implemented.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is vague and ambiguous in its references to "restrictions," "set of Data," "distributed," and "discussed or proposed," as these phrases are not self-evident or defined. Google also objects that this Request is cumulative and duplicative of other Requests, namely RFP Nos. 22(b)-(e), (g), and because, pursuant to certain of those Requests, Google has already produced documents sufficient to show the functionality of RTB as it relates to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and putative class members' personal or sensitive information to third-party bid request recipients via RTB.

Google also objects to this Request to the extent that it is not limited to U.S. Account Holders or third-party RTB bid request recipients.  In addition, Google objects that this Request is not the most appropriate or efficient vehicle of discovery for Plaintiffs to obtain the information requested. Google further objects that this Request is overbroad, burdensome, and harassing in seeking information not proportionately limited in time.

Further, Google objects that this Request seeks discovery on changes to RTB "that were discussed or proposed but not implemented," which the Court already ruled was outside the scope of discovery. Google additionally objects to this Request to the extent it seeks information protected

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

**GOOGLE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD**

by the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared at the direction of legal counsel.

Subject to the foregoing objections, Google agrees to perform a reasonable search and produce non-privileged documents sufficient to show the filters or restrictions that Google actually uses to exclude user-specific data from bid requests to third parties via RTB, if any. For the avoidance of doubt, Google specifically refuses to produce documents regarding "restrictions that were discussed or proposed but not implemented," which the Court has already ruled is outside the scope of discovery.

**REQUEST FOR PRODUCTION NO. 100:**

Documents sufficient to show how user opt-out signals and/or user consent signals impact the Google RTB Decision-Making Process, including, but not limited to, the following signals: Do Not Track (DNT), Global Privacy Control (GPC), the US Privacy String (defined by the IAB for CCPA, etc. compliance), NIA opt-out cookies (Network Advertising Initiative), IAB Trust and Consent Framework (TCF) signals (used in Europe for GDPR compliance), Android's advertising ID opt-out, and Google's personalized advertising opt-out.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is vague and ambiguous as to the terms and phrases "user opt-out and/or consent signals," "impact," as they are not self-evident or defined. Google also objects to this Request because it is vague, ambiguous, and overbroad as to its use of the phrase "including, but not limited to." Google also objects that this Request is cumulative and duplicative of other Requests, namely RFP Nos. 22(g), (p).

Additionally, Google objects to this Request to the extent it is not limited to U.S. Account Holders or third-party RTB bid request recipients. Google also objects that this Request is overbroad, burdensome, and harassing in seeking information not proportionately limited in time. Google additionally objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege or

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

GOOGLE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

1  protection, including without limitation because it may seek documents prepared at the direction of

2  legal counsel.

3      Subject to the foregoing objections, Google agrees to perform a reasonable search and

4  produce non-privileged documents, if any, sufficient to show how the data shared with third party

5  bid request recipients via RTB is impacted when a user opts out of certain signals. For the avoidance

6  of doubt, Google specifically refuses to produce documents regarding such signals that may be

7  deployed outside of the United States, as the putative class in this action is limited to U.S. Account

8  Holders or third-party RTB bid request recipients.

9  **REQUEST FOR PRODUCTION NO. 101:**

10      All developer documents provided to Google RTB Participants that explain the structure of

11  Bid Requests and/or how to interpret each piece of Data provided to Participants in a Bid Request.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

13      In addition to the foregoing General Objections, which Google incorporates by reference,

14  Google specifically objects that this Request is vague and ambiguous in its references to "developer

15  documents," "provided to," and "structure of bid requests," as these phrases are not self-evident or

16  defined. Google also objects that this Request is cumulative and duplicative of other Requests,

17  including RFP Nos. 22, 25(f), and (h).

18      Google further objects to this Request to the extent it is not limited to U.S. Account Holders

19  or third-party RTB bid request recipients.  Google additionally objects that this Request is

20  overbroad in that it seeks documentation regarding "how to interpret each piece of Data" shared

21  through an RTB bid request, irrespective of whether that information is relevant to the claims or

22  defenses at issue in this litigation.  Google additionally objects to this Request as overbroad,

23  burdensome, and harassing in seeking information not proportionately limited in time.  Google

24  additionally objects to this Request to the extent it seeks information protected by the attorney-

25  client privilege, the attorney-work product doctrine, or any other applicable privilege or protection,

26  including without limitation because it may seek documents prepared at the direction of legal

27  counsel.

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

GOOGLE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

1    Subject to the foregoing objections, and because this Request is duplicative of prior

2  discovery requests including RFP No. 22, Google has not conducted and will not conduct further

3  searches for responsive documents, and, as a result, will not produce documents in response to this

4  Request.

5  **REQUEST FOR PRODUCTION NO. 102:**

6    Documents sufficient to Identify the Employees who are (or were) primarily responsible for

7  designing the Decision-Making Process by which Data is selected to be distributed to Google RTB

8  Participants in a Bid Request.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

10    In addition to the foregoing General Objections, which Google incorporates by reference,

11  Google specifically objects that this Request is vague and ambiguous in its references to

12  "designing," "distributed," and "selected," as these phrases are not self-evident or defined.  Google

13  also objects that this Request is cumulative and duplicative of other written discovery, including

14  RFP No. 19 and Interrogatory No. 4.  Google additionally objects to this Request to the extent it

15  seeks information protected by the attorney-client privilege, the attorney-work product doctrine, or

16  any other applicable privilege or protection, including without limitation because it may seek

17  documents prepared at the direction of legal counsel.

18    Google further objects to this Request to the extent it is not limited to U.S. Account Holders

19  or third-party RTB bid request recipients.  Google also states that this Request is objectionable as

20  it is overbroad, burdensome, and harassing in seeking information not proportionately limited in

21  time.

22    Subject to the foregoing objections, Google refers Plaintiffs to its response to Interrogatory

23  No. 4, and directs Plaintiffs to GOOG-HEWT-00001115, which identifies Google personnel with

24  responsibilities relating to RTB.

25  **REQUEST FOR PRODUCTION NO. 103:**

26    Documents sufficient to show all of the cookie syncing activity that Google facilitates or

27  engages in with non-Google entities. For reference, Plaintiffs point Google to the allegations

28  contained in ¶¶ 170-181 of Plaintiffs' Consolidated Class Action Complaint.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

GOOGLE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is vague and ambiguous in its references to "cookie syncing activity," "facilitates or engages in," and "non-Google entities" as these phrases are not self-evident or defined.

Google further objects to this Request to the extent it is not limited to U.S. Account Holders or third-party RTB bid request recipients, and in that it seeks information unrelated to cookie syncing in the context of RTB and third-party RTB participants, and because it purports to encompass "all" cookie syncing with all non-Google entities, without proportionate limitation as to the entities involved. Google additionally objects to this Request as overbroad, burdensome, and harassing in seeking information not proportionately limited in time. Google additionally objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared at the direction of legal counsel.

Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 104:**

Documents sufficient to identify and describe the Google "Cookie Matching Tag" alleged in ¶ 172 of the CCAC, including how such tag is set and functions to facilitate cookie-matching.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is vague and ambiguous in its references to "set," "functions to facilitate cookie-matching" and "describes," as these phrases are not self-evident or defined. Google also objects to this Request as it is overbroad and harassing in that it is not limited to U.S. Account Holders and third-party RTB bid request recipients, and in that it seeks information unrelated to RTB. Google also objects that this Request is burdensome and harassing to the extent it seeks source code, algorithms, or other highly confidential and sensitive Google materials that are not relevant or proportional to Plaintiffs' development of their claims. Google additionally

Cooley LLP
Attorneys at Law
San Francisco

20

**Google's Objections and Responses
to Plaintiffs' Fifth Set of RFPs
Case No. 4:21-cv-02155-YGR-VKD**

1  objects to this Request to the extent it seeks information protected by the attorney-client privilege,

2  the attorney-work product doctrine, or any other applicable privilege or protection, including

3  without limitation because it may seek documents prepared at the direction of legal counsel.

4  Subject to the foregoing objections, Google agrees to conduct a reasonable search and

5  produce, to the extent not already produced, non-privileged documents sufficient to generally

6  describe Google's actual operation of RTB's cookie matching feature for third-party bid request

7  recipients.

8  **REQUEST FOR PRODUCTION NO. 105:**

9  Documents sufficient to show the similarities and differences in cookie-syncing or cookie-

10  matching activities for websites where advertisements appear versus websites where no advertising

11  appears.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

13  In addition to the foregoing General Objections, which Google incorporates by reference,

14  Google specifically objects that this Request is vague and ambiguous in its references to "cookie-

15  syncing," "activities," and "similarities and differences," as these phrases are not self-evident or

16  defined. Google additionally objects that this Request is not the most appropriate or efficient

17  vehicle of discovery for Plaintiffs to obtain the information requested.

18  Further, Google objects that this Request is vastly overbroad and not remotely tethered to

19  the claims and defenses at issue in this litigation because it seeks information unrelated to RTB or

20  data shared with third-party bid request recipients.  Google further objects to this Request to the

21  extent it is not limited to U.S. Account Holders or third-party RTB bid request recipients.  Google

22  also objects to this Request as it is overbroad, burdensome, and harassing in seeking information

23  not proportionately limited in time.  Google additionally objects to this Request to the extent it

24  seeks information protected by the attorney-client privilege, the attorney-work product doctrine, or

25  any other applicable privilege or protection, including without limitation because it may seek

26  documents prepared at the direction of legal counsel.

27  Subject to the foregoing objections, Google has not conducted and will not conduct searches

28  for responsive documents, and, as a result, will not produce documents in response to this Request.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21

**GOOGLE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD**

**REQUEST FOR PRODUCTION NO. 106:**

Documents sufficient to show how Google makes use of cookie-syncing or cookie-matching activities that occur on websites where no advertising appears.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is vague and ambiguous in its references to "cookie-syncing," "activities," and "occur," as these phrases are not self-evident or defined. Google also objects that this Request is not the most appropriate or efficient vehicle of discovery for Plaintiffs to obtain the information requested.

Google objects that this Request is vastly overbroad and not remotely tethered to the claims and defenses at issue in this litigation because it seeks information unrelated to RTB or data shared with third-party bid request recipients. Google further objects to this Request to the extent it is not limited to U.S. Account Holders or third-party RTB bid request recipients. Google further objects to this Request as overbroad, harassing, and seeks information that is outside the scope of discovery as the Court has limited it in this action because it requests information regarding Google's use of data rather than the use of data by third-party RTB bid request recipients. In addition, Google objects to this Request as overbroad, burdensome, and harassing in seeking information not proportionately limited in time. Google additionally objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared at the direction of legal counsel.

Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 107:**

Documents sufficient to identify all publisher and web-properties where the Google "Cookie Matching Tag" alleged in ¶ 172 of the Consolidated Class Action Complaint is present.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

22

GOOGLE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is vague and ambiguous in its references to "publisher and web-properties" and "present," as these phrases are not self-evident or defined. Google also objects that this Request is not the most appropriate or efficient vehicle of discovery for Plaintiffs to obtain the information requested. Google additionally objects to this Request as premature because it seeks information that is not relevant prior to class certification.

Google further objects to this Request to the extent it is not limited to U.S. Account Holders or third-party RTB bid request recipients.  Furthermore, Google objects as this Request is overbroad, burdensome, and harassing in seeking information not proportionately limited in time. Google additionally objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared at the direction of legal counsel.

Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

Dated: August 26, 2022                               COOLEY LLP


                                                     By: */s/ Jeffrey M. Gutkin*
                                                         Jeffrey M. Gutkin

                                                     Attorneys for Defendant
                                                     Google LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

**PROOF OF SERVICE**

I am a citizen of the United States and a resident of the State of California.  I am employed in San Francisco County, State of California, and am a member of the bar of this Court.  I am over the age of eighteen years, and not a party to the within action.  My business address is Cooley LLP, 3 Embarcadero Center, 20th Floor, San Francisco, California 94111-4004 and my email address is rtrevor@cooley.com.  On the date set forth below I served the document described below in the manner described below:

GOOGLES LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 91-107)

☒    (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following parties in this action:

| **BLEICHMAR FONTI & AULD LLP** | **SIMMONS HANLY CONROY LLC** |
| --- | --- |
| Lesley Weaver<br>Anne Davis<br>Joshua D. Samra<br>555 12th Street, Suite 1600<br>Oakland, CA  94607<br>Tel:  (415) 445-4003<br>Fax:  (415) 445-4020<br>Email:  lweaver@bfalaw.com<br>       adavis@bfalaw.com<br>       jsamara@bfalaw.com | Jason "Jay" Barnes (admitted *pro hac vice*)<br>An Truong (admitted *pro hac vice*)<br>112 Madison Avenue, 7th floor<br>New York, NY   10016<br>Tel: (212) 784-6400<br>Fax: (212) 213-5949<br><br>Email: jaybarnes@simmonsfirm.com<br>       atruong@simmonsfirm.com |
| ***Attorneys for Consolidated Plaintiffs*** | ***Attorneys for Consolidated Plaintiffs*** |

| **PRITZKER LEVINE LLP**<br>Elizabeth C. Pritzker<br>Jonathan Levine<br>Bethany Caracuzzo<br>1900 Powell Street, Suite 450<br>Emeryville, CA  94608<br>Tel:  (415) 692-0772<br>Fax:  (415) 366-6110<br>Email:  ecp@pritzkerlevine.com<br>        jkl@pritzkerlevine.com<br>        bc@pritzkerlevine.com<br><br>*Attorneys for Consolidated Plaintiffs* | **DICELLO LEVITT GUTZLER LLC**<br>David A. Straite (*admitted pro hac vice*)<br>Corban Rhodes (*admitted pro hac vice*)<br>One Grand Central Plaza<br>60 E. 42nd Street, Suite 2400<br>New York, NY   10165<br>Tel: (646) 993-1000<br>Email:  dstraite@dicellolevitt.com<br>        crhodes@dicellolevitt.com<br>        Julwick@dicellolevitt.com<br><br>James Ulwick (*admitted pro hac vice*)<br>Ten North Dearborn St., 6th Floor<br>Chicago, IL 60602<br>Tel: (312) 214-7900<br>Fax: (312) 253-1443<br>Email: Julwick@dicellolevitt.com<br><br>*Attorneys for Consolidated Plaintiffs* |
| **COTCHETT PITRE & McCARTHY**<br>Joe Cotchett<br>Nanci Nishimura<br>Brian Danitz<br>Jeffrey G. Mudd<br>840 Malcolm Road, Suite 200<br>Burlingame, CA  94010<br>Tel:  650-697-6000<br>Fax:  650-597-0577<br>Email:  POmalley@cpmlegal.com<br>        nnishimura@cpmlegal.com<br>        BDanitz@cpmlegal.com<br>        JMudd@cpmlegal.com<br><br>Karin B. Swope<br>999 N. Northlake Way, Suite 215<br>Seattle, WA 98103<br>Email: KSwope@cpmlegal.com<br><br>*Attorneys for Consolidated Plaintiffs* | **BOTTINI & BOTTINI, INC.**<br>Francis A. Bottini, Jr.<br>Yury A. Kolesnikov<br>7817 Ivanhoe Avenue, Suite 102<br>La Jolla, CA 92037<br>Tel: (858) 914-2001<br>Fax: (858) 914-2002<br>Email:  fbottini@bottinilaw.com<br>        ykolesnikov@bottinilaw.com<br><br>*Attorneys for Consolidated Plaintiffs* |

Executed on August 26, 2022, at San Francisco, California.

/s/ Reece Trevor
Reece Trevor

272735365

**GOOGLE'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIFTH SET OF RFPS CASE NO. 4:21-CV-02155-YGR-VKD**