October 21, 2022

Magistrate Virginia K. DeMarchi
Courtroom 2 – 5th Floor
San Jose Courthouse
280 South 1st Street
San Jose, CA 95113

      Re:    ***In re Google RTB Consumer Privacy Litigation***, No. 4:21-cv-02155-YGR-VKD

Dear Magistrate Judge DeMarchi:

    Plaintiffs and Defendant Google LLC ("Google") (together, the "Parties") submit this joint letter brief to address a dispute between the Parties as to the adequacy of Google's privilege assertions and privilege logs in this matter. Having met and conferred multiple times, including on October 3 and October 7, 2022, the Parties have reached impasse as outlined below.

    Exhibits 1 and 2 reflect Google's privilege logs.

## I. PLAINTIFFS' POSITION

    Google designates 10,500 otherwise responsive documents as attorney work product and attorney-client privileged, withholding 8,400 (80%) of these in full. Google has produced 55,500 documents to date; thus it is withholding in full one out of every eight documents for privilege. This high designation rate raises concern that Google is abusing the privilege, a concern compounded by the fact that Google has not provided sufficient information to justify withholding the vast majority of these documents from discovery. *US v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1069, 1080–81 (N.D. Cal. 2002).

    Plaintiffs have identified 5,470 entries (5,147 of which Google withholds in full) as deficient and provided written responses explaining their basis for challenging each entry. Plaintiffs have also sought additional information necessary to evaluate Google's claims over these entries. But apart from revising a handful of exemplars identified by Plaintiffs, Google refuses to provide the requested information or to produce any challenged entries.

    Because Google has not met its high burden to demonstrate privilege with respect to any of the challenged entries, the Court should order production of these documents. Alternatively, Google should be ordered to supplement its logs with additional information necessary to evaluate and support Google's privilege claims for these entries.

    **First,** Google provides insufficient information to evaluate or justify its claims over every challenged document. The party asserting privilege must "describe the nature of the documents . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Google has failed to meet this burden and instead provided "generic descriptions" that offer little insight as to the reason for claiming privilege. *Kannan v. Apple Inc.*, 2019 WL 5589000, at *3 (N.D. Cal. Oct. 30, 2019) (requiring more than "generic descriptions" on a privilege log) (DeMarchi, J.). For example, Google's entries state that the documents concern "legal advice" regarding general categories, such as "privacy issues," "regulatory issues," "policy compliance," and "contractual issues." *E.g.*, Entries #41,

October 21, 2022
Page 2

#7390, #9028, #9856. These "boilerplate assertion[s] of privilege" do not provide sufficient information to determine the actual subject of the document or the regulation at issue, much less determine that the document concerns legal advice. *LD v. United Behavioral Health*, 2022 WL 4878726, at *7 (N.D. Cal. Oct. 3, 2022).

Google should be ordered to produce all documents for which it fails to meet its burden to demonstrate a proper privilege assertion. Alternatively, Google should provide additional information including (1) the document title or subject line of the communication, (2) the position of the authors and recipients of the document, and (3) additional information describing the issue, regulation, or policy being discussed. This Court has recognized that such information "would enable [the receiving party] to assess whether the assertion of privilege or protection is justified." *Loop AI Labs Inc. v. Gatti*, 2016 WL 2908415, at *3 (N.D. Cal. May 13, 2016).

Google claims it does not need to provide more information because its logs comply with the ESI Protocol.[1] However, Plaintiffs never agreed—and this Court has never ordered—that the categories outlined in the ESI Protocol satisfy Google's burden under Fed. R. Civ. P. 26(b) or applicable case law. And Google's position ignores the Court's previous order that the ESI Protocol does not prohibit the "exchange of additional information." Dkt. 116 at 4; *see also* Nov. 2, 2021 Discovery Hr'g Tr. at 63:14–18 (encouraging disclosure of additional information "where there is really something meaningful to share to resolve the dispute.").

**Second,** Google fails to support its privilege claim over communications sent to "unknown senders and recipients." *Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *7 (N.D. Cal. Apr. 21, 2016). For dozens of documents, for instance, Google does not identify the author and instead lists generic groups, such as "Shared drive," "Google," "Google Docs," and "pwg-pdd-tool@google.com." *E.g.*, Entries #4, #2813, #4712, #9886. Google also describes the recipients of dozens of communications only by the distribution lists whose members are unknown, such as "ads-commerce-ny@google.com," "gap-platforms@google.com," and "drx-video-serving@google.com." *E.g.*, Entries #268, #1095, #1262.

Even if these documents stayed within Google, the communication of information to an unspecified number of individuals raises concerns that the communications were so widely distributed that confidentiality was not maintained and Google has thus waived the privilege for these documents. *See Stevens v. Corelogic, Inc.*, 2016 WL 397936, at *5 (S.D. Cal. Feb. 2, 2016) (finding that broad internal distribution may waive confidentiality required for the privilege to attach). Plaintiffs accordingly request the production of all documents where Google cannot identify the actual authors and recipients.

Google's offers to provide *current* membership for identified distributions lists misses the point. If Google cannot tell who received the communication at the time it was sent, it cannot claim

---

[1] Google's authority is inapposite. *Khasin* and *Trejo* merely stands for the proposition that failure to provide subject information and employee positions does not support a finding of waiver. And in *Klein*, the Parties ultimately agreed to include "emailsubject" metadata in a privilege log. No. 5:20-cv-08570-LHK-VKD, Dkt. 176 at §2(C)(i)(6).

October 21, 2022
Page 3

privilege over these documents. *See Muro v. Target Corp.*, 250 F.R.D. 350, 364 (N.D. Ill. 2007) (describing failure to identify distribution list recipients as "a serious defect" in privilege log).

**Third,** Google fails to meet its burden for hundreds of documents where it has not identified any attorney, and where the communication does not appear to concern legal advice. Though communications between non-attorneys can be privileged if they "discuss or transmit legal advice given by counsel" or concern an "intent to seek legal advice," Google has not established either criterion. *Dolby Laboratories Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019). For example, Entry #4835 is a presentation by non-attorney Lawrence Chang, which Google describes as "seeking legal advice of counsel regarding privacy issues" – but Google does not explain how or to whom this document was presented, or what legal issues it concerns. Google should produce documents where it has not identified an attorney and offers no credible indicia that these documents concern legal advice. *See Baxter Healthcare Corp. v. Fresenius Med. Care Holding, Inc.*, 2008 WL 5214330, at *3 (N.D. Cal. Dec. 12, 2008) (ordering production of documents where defendant failed to identify an attorney who provided the legal advice).

**Fourth,** Google withholds documents where a member of its legal department is one of *many* recipients, without any indication that the primary purpose of the communication was to generate legal advice. *ChevronTexaco*, 241 F. Supp. 2d 1065 at 1069. For example, Entry #285 is an email from non-attorney Jonathan Bannet to 28 recipients, which Google describes as "seeking and reflecting legal advice of counsel regarding privacy issues." But there is no indication that Mr. Taylor—the only privileged actor on the recipient list—provided legal advice in this communication. Google fails to carry its burden of asserting privilege over these documents.

**Fifth,** Google withholds documents that were not created by or sent to attorneys, but that Google describes as concerning legal advice of a member of its legal team. *E.g.*, Entry #10217 (withheld email from software engineer Emma Collins to product manager Stan Belov, described as "seeking and containing legal advice of Uchechi Chima-okereke* regarding regulatory issues"). But documents implicating legal issues are not necessarily privileged—particularly where, as here, they may concern technical issues. *Datel Holdings Ltd. v. Microsoft Corp.*, 2011 WL 866993, at *6 (N.D. Cal. Mar. 11, 2011) (finding communications concerning technical testing were not privileged even when undertaken at the direction of counsel).

**Sixth,** Google withholds entire documents which, even if they reflect some legal advice, should be produced with redactions. *E.g.*, Entry #660 (memorandum prepared by product manager Haskell Garon "regarding regulatory issues."). Google fails to show that "privileged portions" of such documents "are so inextricably intertwined with the rest of the text that they cannot be separated." *US v. Christensen*, 828 F.3d 763, 803 (9th Cir. 2015).

**Seventh,** Google fails to substantiate its claim of work product protection over hundreds of entries: it has not identified the particular litigation or investigation at issue, referring only to "litigation" and "regulatory investigations." *E.g.*, Entries #1231, #9955. Such vague descriptions make it impossible to determine whether these documents were created in anticipation of litigation. *LD*, 2022 WL 4878726, at *11. Many entries are widely distributed to non-attorneys, suggesting that they concern a non-litigation (*e.g.*, business) purpose. *Id.* at *12.

Google has not met its privilege burden with respect to any challenged entry. It should be ordered to produce all such documents within 10 days. Alternatively, Google should provide, within 10 days, additional information necessary to evaluate and support its privilege claims for all challenged entries.

## II.   GOOGLE'S POSITION

Plaintiffs' wholesale challenges to over half the entries on Google's privilege logs are meritless and should be rejected. In this latest attempt to rewrite the Court's orders, Plaintiffs demand that Google produce whole categories of information outside the scope of the Stipulated Order re: Discovery of Electronically Stored Information ("ESI Order") (ECF No. 125). They also raise categorial challenges that contravene well-settled law.

***"Insufficient Information" Provided.***  Plaintiffs' demand for more detailed descriptions of Google's withheld documents is contrary to Ninth Circuit law.  Google has described each document and the subject matter it discusses thereby *exceeding* what is required to demonstrate the applicability of the privilege. *Trejo v. Macy's, Inc.*, 2014 WL 1091000, at *2 (N.D. Cal. Mar. 17, 2014) (privilege log "goes beyond [Ninth Circuit] standards if it also provides information on the subject matter of each document"); *Klein v. Facebook*, Inc., 2021 U.S. Dist. LEXIS 175891, at *11-12 (N.D. Cal. Sep. 15, 2021) (privilege logs need only include "a 'category description' (e.g., 'advice re FTC investigation') and not "a more detailed description of the document or the factual basis for the assertion of a privilege or protection . . . ."); *compare  LD v. United Behavioral Health*, 2022 WL 4878726, at *7 (N.D. Cal. Oct. 3, 2022) (descriptions referencing only "legal matter[s]" were boilerplate).

Moreover, Plaintiffs' insistence that Google expand its privilege log to include fields beyond those expressly agreed upon by the Parties ***and ordered by the Court*** is yet another baseless attempt to relitigate an adversely-decided issue. On December 7, 2021, the Court entered the Parties' heavily-negotiated and disputed ESI Order requiring that a privilege log contain precisely the information Google has provided.  (ECF No. 125 at 8.)  The Court also expressly instructed Plaintiffs to refrain from "arbitrarily" or "automatically" demanding additional information about withheld documents, as they now do for literally thousands of entries. (ECF No. 95 at 25 (Plaintiffs' proposal to require the producing party, "[u]pon reasonable request . . . to provide additional information supporting the claim of privilege if it is not clear from the face of the redacted document"); Nov. 2, 2021 Hearing Tr. 62:14-23 (rejecting Plaintiffs' proposal and noting that it could result in "mischief").)

Plaintiffs' requests for specific additional fields are also meritless:

- ***Title/Subject Line***.  Plaintiffs' demand for the "title of the document or subject line of the communication" has been expressly rejected by this Court.  *Khasin v. Hershey Co*., 2014 WL 690278, at *4 (N.D. Cal. Feb. 21, 2014) (The Ninth Circuit "has never required a privilege log to specifically note the titular subject of each document . . . .").

- ***Employee Positions***. Plaintiffs' request for information about the positions of all persons identified on Google's privilege log is similarly defective—the Ninth Circuit "does not

>
> require a privilege log to provide the organizational positions of senders and recipients . . . ." *Khasin*, 2014 WL 690278 at *4.

**"*Unknown Senders and Recipients*."** For each of the documents Plaintiffs challenge as having "unknown senders and recipients," Google has identified the document's author, recipient(s), and/or custodian where such information was "electronically extractable from the relevant document" as required by the ESI Order. *Compare Chimar Systems Inc. v. Cisco Systems Inc.*, 2016 WL 1595785, at *7 (N.D. Cal. Apr. 21, 2016) (where privilege log "d[id] not identify" non-attorney "recipients or senders named in the emails or in the 'To' or 'From' fields in emails," the confidential nature of the communication could be destroyed "absent an explanation of who the[] recipients were'"). Moreover, Google has *exceeded* this requirement by agreeing to provide additional information about the current membership of its distribution lists.

Plaintiffs' complaint that this information is insufficient is unfounded. The information Google has provided confirms that the withheld documents contain, request, or reflect legal advice that was maintained in confidence pursuant to Google's policies precluding improper external disclosure or unnecessary internal dissemination of such information. *See, e.g.* Entry #4 (identifying the author as an account for Google's internal Privacy Working Group); Entry #1095 (including the internal Google Group gap-platforms@google.com as a recipient). *Stevens v. Corelogic Inc.* does not help Plaintiffs, as it only held that "***legal compliance policies* . . .** made available to, ***all*** CoreLogic employees" were not akin to "specific [legal] advice." 2016 WL 397936, at *5-6 (S.D. Cal. Feb. 2, 2016) (emphasis added). That narrow holding is irrelevant here, and Plaintiffs do not require further information to assess Google's privilege claims. *Compare Muro v. Target Corp.*, 250 F.R.D. 350, 364 n. 22 (N.D. Ill. 2007) (log deficient because it "provided *no information* regarding the number, identity or role of the individuals on" distribution lists) (emphasis added).

Moreover, Plaintiffs' demand that Google provide historical membership of its distribution lists is both unnecessary and infeasible. The distribution lists at issue are internal Google Groups that, to the best of Google's knowledge, never included any external members. Any changes to the specific Google accounts included in those Groups would not change the privileged status of the communications. It is also impossible for Google to reconstruct the precise membership of each of its internal distribution lists at the time of each privileged communication. Indeed, if maintaining privilege over a legal communication required comprehensive and permanent retention of every change to every email distribution list, few companies could ever protect their historical privileged communications.

**"*No Attorney Present or Identified.*"** As Plaintiffs concede, courts routinely find that communications between non-attorney employees reflecting legal advice or a request for legal advice are privileged. *See, e.g.*, *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019); *Datel Holdings Ltd. v. Microsoft Corp.*, 2011 WL 866993, at *5 (N.D. Cal. Mar. 11, 2011); *Corelogic*, 2016 WL 397936 at *7 (privilege applies to non-attorneys "engaged in discussion to . . . transmit information to an attorney for the purpose of seeking legal advice or disseminate information from an attorney to corporate employees"). Google's descriptions of its withheld non-attorney communications meet this standard. *See, e.g.*, Entry #3265 (reflecting a request for advice from "legal" and the provision of advice by "counsel"). Plaintiffs' authority

does not hold that a document loses its privileged status simply because the employees discussing legal advice do not name the specific attorney who provided that advice. *See Baxter Healthcare Corp. v. Fresenius Med. Care Holding, Inc.*, 2008 WL 5214330, at *1-2 (N.D. Cal. Dec. 12, 2008) (privilege log entries that "d[id] not identify *any attorney* as involved in the advice or opinion" and that "d[id] not identify either the sender or recipient" were insufficient) (emphasis added). Plaintiffs also do not support their claim that Google is required to provide additional "credible indicia" beyond the descriptions provided on Google's log, nor could such a nebulous requirement be implemented.

*Attorney is "One of Many Recipients."* Plaintiffs offer no basis for their claim that documents sent to both attorneys and non-attorney employees were not made for "the primary purpose" of generating legal advice. Google has properly indicated that these documents seek, provide, or reflect legal advice and has identified the attorneys involved. *See, e.g.*, Entry #285 (indicating that the withheld email "seek[s] and reflect[s] legal advice" and identifying Tim Taylor as the attorney involved). Nothing more is required.

*"Documents Not Created by or Sent to Attorneys."* Plaintiffs' suggestion that attorneys must be "listed on the From/Author or Recipient(s) field" for a document to be privileged is nonsensical. As noted above, it is well-settled that communications between non-legal employees discussing legal advice or requests may be withheld as privileged, and Google has met this standard by identifying the attorneys involved in its withheld communications and describing the nature of the legal advice reflected or requested therein. *See, e.g.*, Entry #10217 (email chain that seeks and provides advice from attorney Uchechi Chima-okereke and includes only a single non-privileged email between non-attorneys, which was non-substantive and non-responsive). The absence of attorneys in the "From/Author or Recipient(s) field" is not sufficient basis for a challenge, nor is Plaintiffs' unsupported speculation that these documents "may concern technical issues." *Compare Datel*, 2011 WL 866993 at *6 (communication improperly withheld where it "contains communications between employees about what [] computer testing revealed, and *d[id] not relate to transmission of legal advice*") (emphasis added).

*Documents Withheld in their Entirety.* Plaintiffs broadly challenge more than *4,000 log entries* where the documents were withheld in full but do not explain why such withholding is improper. For example, the fact that a document was authored by a non-attorney does not render portions of that document not-privileged. *See, e.g.*, Entry #660 (memorandum describing plans for compliance with GDPR that reflect and are inextricably interwoven with legal advice re same).

*"Improper Work Product Claims."* Plaintiffs cite no authority for their position that Google must name the specific regulatory investigation or litigation at issue in order to substantiate a work product claim. Google has identified the subject matter of the legal advice in these documents, and the Ninth Circuit does not require more. *Klein*, 2021 U.S. Dist. LEXIS 175891 at *11-12.

### III.   NECESSITY OF A HEARING

#### A.   Plaintiffs' Position

Plaintiffs request a hearing given the volume of withheld documents at issue and the likelihood that they concern issues central to the claims and defenses in this case.

October 21, 2022
Page 7

### B. Google's Position

Google believes that the Court can resolve this dispute without a hearing because these issues are resolved through the ESI Protocol (ECF No. 125) and because the papers thoroughly discuss the issues for the Court's consideration.

## IV. DISCOVERY CUT-OFFS

The fact discovery cut-off is July 14, 2023, and the close of expert discovery is October 13, 2023.

## V. COMPLIANCE WITH MEET AND CONFER REQUIREMENT

The parties met and conferred several times via email and Zoom. The final lead counsel meet and confer was held on October 7, 2022, via Zoom. On Plaintiffs' side, Jonathan Levine, Joshua Samra, James Ulwick, and Brian Danitz attended. On Google's side, Jeff Gutkin and Laura Elliott attended.


Dated: October 21, 2022                    **PRITZKER LEVINE LLP**

                                           By: */s/ Elizabeth C. Pritzker* ___
                                           ELIZABETH C. PRITZKER (SBN 146267)
                                           1900 Powell Street, Suite 450
                                           Emeryville, CA 94608
                                           Tel.: (415) 692-0772
                                           Fax: (415) 366-6110
                                           ecp@pritzkerlevine.com

                                           *Interim Class Counsel*

Dated: October 21, 2022                    **BLEICHMAR FONTI & AULD LLP**

                                           By: */s/ Lesley E. Weaver* _____
                                           LESLEY E. WEAVER (SBN 191305)
                                           555 12th Street, Suite 1600
                                           Oakland, CA 94607
                                           Tel.: (415) 445-4003
                                           Fax: (415) 445-4020
                                           lweaver@bfalaw.com

Dated: October 21, 2022                    **SIMMONS HANLY CONROY LLC**

                                           By: */s/ Jay Barnes* _____
                                           Jason 'Jay' Barnes (admitted *pro hac vice*)
                                           112 Madison Avenue, 7th Floor
                                           New York, NY 10016

October 21, 2022
Page 8

        Tel.: (212) 784-6400
        Fax: (212) 213-5949
        jaybarnes@simmonsfirm.com

Dated: October 21, 2022        **DiCELLO LEVITT LLC**

        By: */s/ David A. Straite*
        DAVID A. STRAITE (admitted *pro hac vice*)
        One Grand Central Place
        60 East 42nd Street, Suite 2400
        New York, NY 10165
        Tel.: (646) 933-1000
        dstraite@dicellolevitt.com

Dated: October 21, 2022        **COTCHETT, PITRE & McCARTHY LLP**

        By: */s/ Nanci E. Nishimura*
        NANCI E. NISHIMURA (SBN 152621)
        BRIAN DANITZ (SBN 247403)
        840 Malcolm Road, Suite 200
        Burlingame, CA 94010
        Tel.: (650) 697-6000
        Fax: (650) 697-0577
        nnishimura@cpmlegal.com
        bdanitz@cpmlegal.com

Dated: October 21, 2022        **BOTTINI & BOTTINI, INC.**

        By: */s/ Yury A. Kolesnikov*
        FRANCIS A. BOTTINI, JR. (SBN 175783)
        YURY A. KOLESNIKOV (SBN 271173)
        7817 Ivanhoe Avenue, Suite 102
        La Jolla, CA 92037
        Tel.: (858) 914-2001
        Fax: (858) 914-2002
        fbottini@bottinilaw.com
        ykolesnikov@bottinilaw.com

        *Counsel for Plaintiffs and the Proposed Class*

Dated: October 21, 2022        **COOLEY LLP**

        By: */s/ Laura Elliott*
        Michael G. Rhodes
        Jeffrey M. Gutkin

October 21, 2022
Page 9

        Whitty Somvichian
        Aarti G. Reddy
        Laura M. Elliott
        Kelsey R. Spector
        Anupam S. Dhillon
        3 Embarcadero Center, 20th floor
        San Francisco, CA 94111-4004
        Tel.: 415-693-2000
        Fax: 415-693-2222
        rhodesmg@cooley.com
        jgutkin@cooley.com
        wsomvichian@cooley.com
        lelliott@cooley.com
        kspector@cooley.com
        adhillon@cooley.com
        cscott@cooley.com

        Robby L.R. Saldaña
        1299 Pennsylvania Avenue NW, Suite 700
        Washington, DC 20004-2400
        Tel.: 202-776-2109
        Fax: 202-842-7899
        rsaldana@cooley.com

        Attorneys for Defendant
        GOOGLE LLC

## **ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st of October, 2022, at Oakland, California.

*/s/ Lesley E. Weaver*
Lesley E. Weaver