COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
LAURA M. ELLIOTT (SBN 286702)
(lelliott@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, <br><br> This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD <br><br> **GOOGLE LLC'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTARY MATERIAL AT ISSUE IN THE PARTIES' JOINT LETTER BRIEF (ECF NO. 341)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

Through their Administrative Motion for Leave to File Supplementary Material at Issue in the Parties' Joint Letter Brief (the "Motion"), Plaintiffs in this action once again seek to prejudice Defendant Google LLC ("Google") and burden this Court with excessive filings in direct contravention of this Court's Standing Order. Plaintiffs seek leave to file an argumentative exhibit that includes a column containing thousands of "written responses explaining their basis for challenging each entry" on Google's privilege logs. (ECF No. 341-1 ¶ 4; ECF No. 341-2.) Plaintiffs' submission of this material is improper, and Google respectfully requests that the Court deny Plaintiffs' Motion.

***First***, Plaintiffs' exhibit violates the unambiguous restrictions on discovery letter briefs and their attachments set forth in this Court's Standing Order for Civil Cases (the "Standing Order"). That order provides for "1500 words per party" and permits the parties to attach "***the specific discovery material at issue and the responses, if any, to it***. . . ." (Standing Order 4(c)(ii), (vi) (emphasis added).) The Standing Order expressly identifies a "privilege log" as a permitted attachment. (*Id*.) Nonetheless, instead of being satisfied with attaching the "privilege log[s]" that are "at issue" in the parties' dispute as envisioned by the Standing Order and as the parties have already done (see ECF Nos. 339-1, 339-2), Plaintiffs seek to submit a chart containing thousands of rows of argumentative explanations for each of their privilege log challenges. This chart violates the Standing Order and, indeed, Plaintiffs' arguments in Column J of their exhibit cause their submission to exceed the Standing Order's 1,500-word limit by more than ***43,000 words***.

***Second***, Plaintiffs do not even attempt to show that the 1,500 words allotted for their argument is insufficient as this Court has expressly required them to do. (*See* June 7, 2022 Tr. at 113:24-114:2 ("What I would rather have is something from the parties that say[s]: This is what we need to ask you about. We're finding that the 1500 words that you give us for arguing this is not sufficient, and here's why.").) Instead, Plaintiffs inexplicably argue that their submission "complies with" the Standing Order's requirements. This is plainly incorrect, and Plaintiffs offer no justification for their excessive filing. The Court therefore should reject it.

***Third***, Plaintiffs' proposed submission is both inefficient and prejudicial to Google. Plaintiffs' excessive argument burdens the Court and denies Google a chance to respond without

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

itself exceeding the Standing Order's word limits. (*See* June 7, 2022 Tr. at 113:14-19 (noting that the expansion of the page or word limit for letter briefs can "destroy[] the whole efficiency").) Google has complied with the Court's Standing Order by limiting its position statement to 1,500 words. The Court should not now grant Plaintiffs' an additional 43,000 words to make their argument.[1]

Dated: October 25, 2022        COOLEY LLP

By: */s/ Laura M. Elliott*
    Laura M. Elliott

Attorney for Defendant
GOOGLE LLC

276677197

---

[1] To the extent the Court is inclined to permit Plaintiffs to submit an exhibit identifying which specific privilege log entries Plaintiffs challenge, as reflected in Column I, Google respectfully requests that the Court instruct Plaintiffs to submit a revised version of Exhibit A that omits the improper argument in Column J ("Basis for Plaintiffs' Challenge").

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 4:21-CV-02155-YGR-VKD