UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | CASE NO. 21-cv-2155-YGR<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM JUDGE DEMARCHI'S AUGUST 26, 2022 DISCOVERY ORDER**<br><br>Re: Dkt. No. 331 |

Pending before the Court is plaintiffs' Motion for Relief from Magistrate Judge DeMarchi's August 26, 2022 Nondispositive Pretrial Order ("August Order") (Dkt. No 331, Motion for Relief ("Mot.")). Pursuant to Federal Rule of Civil Procedure 72 and Civil Local Rule 72-2, plaintiffs challenge the following: (1) the definition of "personal information" suggested in Section II.2 (linking account information); (2) the purported determination in Section II.5 (ads shown) that plaintiffs must demonstrate that they were shown ads of a "sensitive" nature to establish standing; and (3) the denial in Section II.6 (information Google considers "sensitive") of plaintiffs' request for information Google internally deems "sensitive" that is used for advertising.

Having carefully reviewed plaintiffs' submission and the record in this case, the Court **DENIES** plaintiffs' motion for the reasons stated herein.

*******

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A)). This standard is not easily satisfied because it affords the magistrate judge significant deference. *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001) ("[T]he text of the Magistrates Act suggests that

the magistrate judge's decision in such nondispositive matters is entitled to great deference by the district court."). Indeed, "the reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241.

On review of a nondispositive order, "the magistrate's factual determinations are reviewed for clear error," and may only set aside if the district court is left with a "definite and firm conviction that a mistake has been committed." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010); *see also Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999); *Burdick v. Commissioner*, 979 F.2d 1369, 1370 (9th Cir. 1992).

First, plaintiffs challenge what they consider to be the magistrate judge's definition of personal information in Section II.2 of the August Order. The magistrate judge noted that:

> [t]he Court is not persuaded that if an item of information *Google* associates with an account holder is shared with an RTB participant in a manner that (a) *eliminates* the association with a specific account holder and (b) does not allow the RTB participant to make the same association (*see* "cookie matching" discussion below), Google has necessarily shared "personal information" of an account holder with an RTB participant. If plaintiffs contend otherwise, they have not pointed the Court to any authority that supports their position.

August Order at 4 (emphasis in original).

The Court finds the magistrate judge's interpretation to be consistent with California law. Under California law, personal information is defined "information that identifies, relates to, describes, is reasonably capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular consumer or household," including "Internet or other electronic network activity information," such as "browsing history, search history, and information regarding a consumer's interaction with an internet website, application, or advertisement." Cal. Civ. Code § 1798.140. The exclusion from the definition of "personal information" information that "eliminates the association with a particular account holder" and does not allow for such association by a RTB participant falls in line with the definition under California. The "does not allow" language in the August Order accounts for the "reasonably be linked" language under California law. Moreover, the order does not state that any such information that could reasonably be linked to a user is not personal information. Thus, what plaintiffs really seem to be complaining

about is the choice of words. That the magistrate judge did not use plaintiffs' preferred word choice is no reason to find the interpretation inconsistent and contrary to California law.

Indeed, plaintiff admits that the magistrate judge required Google to produce documents regarding information specific to plaintiffs that was shared with an RTB participant and any information that allows an RTB participant to identify an account holder based on information that may be available about that particular account and thus concedes that they are "simply seek[ing] to ensure that the Court does not adopt a definition of 'personal information' not supported by the law or facts of this case." (Mot. at 2.) Plaintiffs' motion and concerns are speculative at best and do not render the ruling contrary to law or clearly erroneous. Thus, the motion on this ground is **DENIED**.

Second, plaintiffs submit that the magistrate judge incorrectly stated the showing required to establish standing. Specifically, plaintiffs argue that the magistrate judge incorrectly stated plaintiffs' position when she stated that "[p]laintiffs countered that for purposes of establishing standing, adequacy, typicality, and damages, they must show that ads of a 'sensitive' nature were shown to them through RTB." (August Order at 7.) Plaintiffs also argue that the magistrate judge incorrectly suggested that "[p]laintiffs must prove that they were shown sensitive ads in order to have standing." (*Id.*)

Plaintiffs fail to persuade. With respect to their first point, the magistrate judge conducted a hearing on the parties' discovery disputes that lasted nearly three hours. That the magistrate judge would have gotten plaintiffs' position wrong on this core issue is unlikely. More importantly, plaintiffs fail to put forth any evidence regarding what their positions were at the hearing. The Court is not inclined to scour the record for evidence to support the parties' position. Because there is nothing presently in front of the Court to establish what plaintiff argued at the hearing, the Court does not find that the magistrate judge erred in stating plaintiffs' position.

Plaintiffs' second argument is also flawed. The magistrate judge held "to support their allegations of standing and to meet the criteria for class certification, plaintiffs *may* be required to demonstrate that the named plaintiffs were shown ads as a result of sharing of their personal information through RTB, and that they were harmed or that Google was unjustly enriched as a

3

result." (*Id.*) (emphasis supplied). Nowhere in the order does it state that plaintiffs must prove that they were shown ads to establish standing. The order correctly notes that whether plaintiffs were shown sensitive ads *may* be relevant to standing and other class certification issues, leaving the possibility open. Indeed, plaintiffs agree. (*See* Mot. at 4) ("[n]onetheless, this does not require reversal of the Order compelling [Google to produce sensitive ads shown to plaintiffs as a result of sharing their persona information], because such discovery is relevant to Google's defense and *probative of standing generally*" (emphasis supplied). That the district court found that plaintiffs sufficiently alleged standing at the motion to dismiss stage does not establish standing. Thus, plaintiffs' arguments are not well-taken, and the motion on this ground is **DENIED**.

Lastly, plaintiffs contend that the magistrate judge incorrectly denied plaintiffs' discovery requests for information Google considers sensitive. In denying plaintiffs' request, the magistrate judge noted that "[p]laintiffs do not identify the claims to which they refer or explain how the documents they seek are relevant to their claims" and thus found that "plaintiffs have not shown that the discovery they seek is relevant to a claim or defense and proportional to the needs of the case." (August Order at 7-8.)

The magistrate judge did not err in finding that plaintiffs failed to show that the discovery they were seeking is relevant to the claims in this case. The order explains the state of record and found that plaintiff did not meet their burden to establish that the requested information was relevant. Nothing in the record shows that such finding is contrary to the law. Accordingly, plaintiffs' motion on this ground is also **DENIED**.

Based on the foregoing, plaintiffs' motion is **DENIED**. Plaintiffs' accompanying administrative motion to seal is **GRANTED**.

This Order terminates Docket Numbers 330 and 331.

**IT IS SO ORDERED.**

Dated: October 25, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**