UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | CASE NO. 21-cv-2155-YGR<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM JUDGE DEMARCHI'S SEPTEMBER 6, 2022 DISCOVERY ORDER<br><br>Re: Dkt. No. 334 |

Pending before the Court is plaintiffs' Motion for Relief from Magistrate Judge DeMarchi's September 6, 2022 Nondispositive Pretrial Order ("September Order") (Dkt. No 334, Motion for Relief ("Mot.")). Pursuant to Federal Rule of Civil Procedure 72 and Civil Local Rule 72-2, plaintiffs challenge the magistrate judge's: (1) denial of discovery of the data underlying certain reports, analyses, and studies conducted by Google (Section B.3 of the September Order) and (2) denial of discovery about the number of Google account holders in the U.S during the class period (Section B.5 of the September Order).

Having carefully reviewed plaintiffs' submission and the record in this case, the Court **DENIES** plaintiffs' motion for the reasons stated herein.

*******

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A)). This standard is not easily satisfied because it affords the magistrate judge significant deference. *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001) ("[T]he text of the Magistrates Act suggests that the magistrate judge's decision in such nondispositive matters is entitled to great deference by the

1   district court."). Indeed, "the reviewing court may not simply substitute its judgment for that of the
2   deciding court." *Grimes*, 951 F.2d at 241.
3         On review of a nondispositive order, "the magistrate's factual determinations are reviewed
4   for clear error," and may only set aside if the district court is left with a "definite and firm
5   conviction that a mistake has been committed." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348
6   (N.D. Cal. 2010); *see also Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal.
7   1999); *Burdick v. Commissioner*, 979 F.2d 1369, 1370 (9th Cir. 1992).
8         First, plaintiffs challenge the magistrate judge's denial of plaintiffs' request for the data
9   underlying the reports, analyses, and studies showing the impact on Google's RTB revenues of
10  disabling third-party cookies and other user identifiers. The magistrate judge ordered Google to
11  produce all reports, analyses, and studies showing the impact of Google's RTB revenues of
12  disabling third-party and other identifiers but ruled that Google need not produce the underlying
13  data for the reports, analyses, and studies. (September Order at 6.) The magistrate judge noted that
14  "none of the document requests on which plaintiffs rely call for production of this information"
15  and the magistrate judge was not persuaded "that production of the 'underlying data' is
16  proportional to the needs of the case." (*Id.*)
17        The magistrate judge did not err. The magistrate judge correctly noted that none of
18  plaintiffs' original discovery requests called for production of the "underlying data." Plaintiffs cite
19  Requests for Production ("RFPs") 47-48 and 51 as calling for such production. However, nowhere
20  in those RFPs do plaintiffs request the data it seeks here. Further, plaintiffs' argument that the
21  magistrate judge ignored the narrowing of the initial RFPs during the parties' meet and confer
22  process does not persuade. Plaintiffs do not put forth any evidence memorializing an agreement or
23  understanding between the parties that such requests were being narrowed in this way. Moreover,
24  a look at the initial RFPs and plaintiffs' portion of the joint discovery letter shows that the request
25  for the "underlying data" in addition to the reports, analyses, and studies seem to broaden the
26  initial requests for production, not narrow them. Accordingly, the motion on this ground is
27  **DENIED**.
28        Similarly, plaintiffs challenge the magistrate judge's denial of their request for information

sufficient to show the number of Google account holders in the U.S. during the class period. The magistrate judge denied the request, noting that "plaintiffs did not request this information," and that "plaintiffs had failed to explain why they need this information." (*Id.* at 8-9.)

The magistrate judge did not err. Plaintiffs cite RFPs 55 and 56 as the relevant RFPs for production of the requested information. RFP 55 asks for "[d]ocuments related to surveys performed or commissioned by Google regarding valuation of Account Holder information" and RFP 56 asks for "all [d]ocuments provided to [y]our auditors to support estimates of fair value relating to Account Holders' Information." (Dkt. No. 291-1.) Neither RFP requests documents sufficient to show the number of Google account holders in the U.S.

Plaintiffs' argument that the magistrate judge erred in ignoring the parties' meet and confer efforts which resulted in plaintiffs limiting the requests to the number of Google account holders does not persuade. Again, plaintiffs have not put forth any evidence memorializing an agreement or understanding between the parties that such requests were being narrowed in this way. Moreover, the initial cited RFPs requested specific information about Google's valuation of account holder's information; thus, plaintiffs' request for the number of Google account holders appear to fall outside the scope of the initial RFPs. Thus, plaintiffs' arguments are not well-taken, and the motion on this ground is **DENIED**.

Based on the foregoing, plaintiffs' motion is **DENIED**.

This Order terminates Docket Number 334.

**IT IS SO ORDERED.**

Dated: October 26, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**