**PRITZKER LEVINE LLP**
Elizabeth C. Pritzker (SBN 146267)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (SBN 191305)
555 12th Street, Suite 1600
Oakland, CA 994607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*

**DICELLO LEVITT LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*

**COTCHETT, PITRE & McCARTHY, LLP**
Nanci E. Nishimura (SBN 152621)
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Fax: (650) 697-0577
*nnishimura@cpmlegal.com*

**BOTTINI & BOTTINI, INC.**
Francis A. Bottini, Jr. (SBN 175783)
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Telephone: (858) 914-2001
Facsimile: (858) 914-2002
*fbottini@bottinilaw.com*

*Counsel for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION<br><br>This Document Relates to: *all actions.* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION AND MEMORANDUM OF POINTS & AUTHORITIES RE: GOOGLE'S NON-COMPLIANCE WITH THE COURT'S SEPTEMBER 6, 2022 ORDER (DKT. 326)**<br><br>Date of Hearing: TBD<br>Time of Hearing: TBD |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT on a date and time to be determined by the Court, before the Honorable Virginia K. DeMarchi, magistrate judge of the United States District Court for the Northern District of California, Plaintiffs will and do hereby move the Court, pursuant to Civil Local Rule 7-2, and for the reasons set forth below and in the accompanying Declaration of Elizabeth C. Pritzker, for an order that Google produce **all** documents responsive to the Court's September 6, 2022 Order Re. August 15, 2022 Discovery Dispute re. Damages-Related Discovery (Dkt. 326) by **no later than November 18, 2022**.

Plaintiffs seek this relief, on a shortened timeframe[1], because Google has produced **only one document** responsive to the three categories of documents it was ordered to produce in the September 6, 2022 Order (Dkt. 326). The deadline for Plaintiffs to move for class certification is on January 24, 2023 and Plaintiffs do not have the data needed for such a motion.

Plaintiffs have conferred with defendant Google LLC, which opposes the relief sought herein and refused to consider any compromise. *See* Pritzker Decl., ¶ 3. A proposed order is submitted herewith.

---

[1] *See* Plaintiffs' administrative motion for order shortening time pursuant to Civil L.R. 6-3, filed contemporaneously herewith.

PLFS.' MTN. RE: GOOGLE'S NON-COMPLIANCE WITH COURT'S SEP. 6, 2022 ORDER (DKT. 326)     1     No. 4:21-cv-02155-YGR-VKD

## **MEMORANDUM OF POINTS & AUTHORITES**

**I.   INTRODUCTION**

Despite having nine weeks to do so, Google has produced only **one document** in response to the Court's September 6, 2022 Order re: August 15, 2022 Discovery Dispute re. Damages-Related Discovery (Dkt. 326).  Google produced **no documents** relating to either its costs attributable to RTB in the United States, or the impact on revenues of disabling third-party cookies, and/or user identifiers.

As the Court acknowledged at the August 30th hearing, the ordered documents are "pretty important to Plaintiffs' damages case…I think [Plaintiffs] *have a right to discover this before they present their information to Judge Gonzalez Rogers* [in a motion for class certification]." Aug. 30 Hr'g Tr., at 41:4-15 (emphasis added).  "…[W]e're in a position where the plaintiffs need to proceed with their class certification motion at some point, I think right now [the deadline] is still September, *and there's no data to rely on*." *Id*., at 10:9-12 (emphasis added).  On September 7, 2022, Judge Gonzalez Rogers revised the case schedule and moved the class certification deadline to January 24, 2023.  Dkt. 329.  The parties are now two months into the extension and two months before the new class certification deadline, but, as a result of Google's failure to comply with the Court's order, Plaintiffs remain the same position they were in on September 6 prior to the extension: *there is still no data to rely on*.

In light of the looming deadlines, on October 28, 2022 Plaintiffs requested that Google commit to producing all documents responsive to Dkt. 326 by November 4.  Receiving no response, Plaintiff followed up again seeking a commitment for such a production, or alternatively, for a briefing.  Google refused, responding on November 4, 2022 that, since the Court did not order a compliance deadline, it would produce documents when it deemed it "feasible." Plaintiffs then requested that  Google stipulate to completing its responsive production by November 18, 2022, or, in the alternative, agree to a shortened briefing schedule for this motion.  Google did not respond to this proposal.  *See* Decl. of Elizabeth C. Pritzker filed herewith, at ¶ 3.

## II.   ISSUES TO BE DECIDED

Plaintiffs request that the Court order Google to (1) produce *all* of its documents responsive to Dkt. 326 no later than **November 18, 2022**[2], and (2), at the time of such production, to confirm, in writing, that Google has produced all documents responsive to Dkt. 326.

## III.   RELEVANT BACKGROUND

Google has failed and refused to comply with the Court's September 6, 2022 Order. (Dkt. 326), which ordered Google to produce three categories of documents:

1. "Annual revenue derived from RTB in the U.S….the Court orders Google to produce documents sufficient to show the revenue it receives on an annual basis from RTB auctions in the United States for the relevant period." Dkt. 326, at 5:4, 11-12;

2. "Costs attributable to RTB in the U.S….if Google does not have any documents showing the costs it contends should be 'offset from revenues to calculate unjust enrichment' that have not yet been produced, then the Court agrees that there is no relief to order. If Google does have such documents, it must produce them." *Id.*, at 5:13, 25-26;

3. "Impact on revenues of disabling third-party cookies, user identifiers…Google must produce all reports, analyses, and studies showing the impact on Google's RTB revenues of disabling third-party cookies and other user identifiers." *Id.*, at 6:1, 16-18.

## IV.   ARGUMENT

An ordered deadline is necessary in light of the January 24, 2023 class certification deadline. A court-ordered strict production deadline is necessary, and there can be no further delay.[3] Plaintiffs request that the Court order Google's full compliance with Dkt. 326 and produce all responsive documents no later than close of business **November 18, 2022**.

It has now been **nine weeks** from the issuance of Dkt. 326. Since Dkt. 326 was issued, Google has produced one document responsive to category 1 (annual revenue derived from RTB

---

[2] While Plaintiffs urgently need the documents, this is the production deadline the Court ordered Google to produce other documents in Dkt. 352 (Nov. 2, 2022).

[3] Concerned about the class certification deadlines and the preparation of their case, Plaintiffs requested that the Court order a deadline by which Google must comply; the Court declined. Aug. 30, 2022 Hearing Tr. at 41:4-42:13; Dkt. 326.

PLFS.' MTN. RE: GOOGLE'S NON-COMPLIANCE WITH COURT'S SEP. 6, 2022 ORDER (DKT. 326)     3     No. 4:21-cv-02155-YGR-VKD

in the United States). Google would not confirm to Plaintiffs that this is its sole responsive document. Since Dkt. 326 was issued, Google has not produced **any documents** responsive to category 2 (costs attributable to RTB in the United States) or category 3 (impact on revenues of disabling third party cookies and/or user identifiers). *See* Decl. of Elizabeth C. Pritzker, ¶ 2.

Plaintiffs will be substantially prejudiced if such relief is not granted, as it will not be able to prepare its motion for class certification, as the Court acknowledged during the August 30, 2022 hearing. Aug. 30, 2022 Hr'g Tr., at 10:9-12, 41:4-15.

Google will suffer no prejudice, as it was already been ordered to produce these documents nine weeks ago, and during the August 30, 2022 hearing it represented it was already searching for, and finding responsive documents, and that it would take approximately three or four weeks from August 30 to produce them. Hr'g Tr. at 8:4-15, 25:12-17, 36:3-19, 38:25–40:10, 40:20-41:3.

## V.   CONCLUSION

Plaintiffs will be substantially prejudiced in their ability to prosecute this case and prepare their motion for class certification if Google does not comply with the Court order and/or further delays its production. A proposed order is submitted herewith.

DATED: November 7, 2022                                    Respectfully submitted,

**PRITZKER LEVINE LLP**

By:     */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

**BLEICHMAR FONTI & AULD LLP**

By:     */s/ Lesley Weaver*
Lesley Weaver (Cal. Bar No. 191305)

Anne K. Davis (Cal. Bar No. 267909)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*adavis@bfalaw.com*
*jsamra@bfalaw.com*

**SIMMONS HANLY CONROY LLC**

By:     */s/ Jay Barnes*
Jason 'Jay' Barnes (*pro hac vice*)
An Truong (*pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*

**DICELLO LEVITT LLC**

By: */s/ David A. Straite*
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*;

James Ulwick (admitted *pro hac vice)*
Ten North Dearborn St., Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*julwick@dicellolevitt.com*

**COTCHETT, PITRE & McCARTHY LLP**

By:  */s/ Nanci E. Nishimura*
Nanci E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal. Bar. No. 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel.: (650) 697-6000
Fax: (650) 697-0577
*nnishimura@cpmlegal.com*
*bdanitz@cpmlegal.com*
*kswope@cpmlegal.com*

|   |   |
|---|---|
| 1 | **BOTTINI & BOTTINI, INC.** |
| 2 | By: */s/ Francis A. Bottini, Jr.* |
|   | Francis A. Bottini, Jr. (SBN 175783) |
| 3 | Yury A. Kolesnikov (SBN 271173) |
|   | 7817 Ivanhoe Avenue, Suite 102 |
| 4 | La Jolla, CA  92037 |
| 5 | Telephone: (858) 914-2001 |
|   | Facsimile: (858) 914-2002 |
| 6 | *fbottini@bottinilaw.com* |
|   | *ykolesnikov@bottinilaw.com* |

*Plaintiffs' Executive Committee*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Bethany Caracuzzo, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of November, 2022, at Emeryville, California.

*/s/ Bethany Caracuzzo*
Bethany Caracuzzo

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 7, 2022, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system.

                                                        */s/ Bethany Caracuzzo*
                                                        Bethany Caracuzzo