November 9, 2022

Magistrate Virginia K. DeMarchi
Courtroom 2 – 5ᵗʰ Floor
San Jose Courthouse
280 South 1ˢᵗ Street
San Jose, CA 95113

        **Re:**    *In re Google RTB Consumer Privacy Litigation*, No. 4:21-cv-02155-YGR-VKD

Dear Magistrate Judge DeMarchi:

Plaintiffs and Defendant Google LLC ("Google") (together, the "Parties") have a dispute regarding Class Counsel's access to discovery from the *Calhoun* matter, in conferences or motion practice, consistent with Dkt. Nos. 242 and 313. The Parties have conferred, most recently on November 1, 2022, and have reached an impasse as outlined below.

**Exhibit A** ("Plaintiffs' Stipulation") and **Exhibit B** ("Google's Addendum") reflect the Parties' proposals.

## I.    PLAINTIFFS' POSITION

As the Court is aware, this case presents a unique setting in which certain of Plaintiffs' counsel have access to more than one million documents and other discovery produced by Google in the related *Calhoun* action, *Calhoun v. Google LLC*, No. 4:20-cv-5146-YGR-SVK ("*Calhoun* Counsel"). Plaintiffs sought direction from Judge Gonzalez Rogers, the Presiding Judge here and in *Calhoun*, on how to efficiently allow for cross-use of certain *Calhoun*-related discovery that *Calhoun* Counsel know to be relevant to this action. On June 24, 2022, Judge Gonzalez Rogers issued an order authorizing *Calhoun* Counsel Lesley E. Weaver to "present discovery from the Calhoun action under seal" to your Honor "for the purposes of demonstrating (i) the need for discovery in this action or (ii) that the defendant mispresented the nature or existence of certain information to Judge DeMarchi." Dkt. No. 242 at 1–2.

Subsequently, in briefing and in oral argument to your Honor, Plaintiffs noted that the precise terms of this court-ordered process, while enormously helpful, did not appear to make it possible for Plaintiffs' court-appointed Interim Class Counsel, Elizabeth C. Pritzker, to fulfill her appointed role and attendant obligations to the Plaintiff Class, or to satisfy the requirements of the Court's Standing Order that "lead counsel must actively engage in discussion of [a] discovery dispute" regarding such identified *Calhoun*-related discovery as part of a "conference of lead counsel to discuss resolution of the dispute." Standing Order for Civil Cases, Magistrate Judge Virginia K. DeMarchi, at 3. Addressing those concerns, this Court issued its August 25, 2022 Order Re: Procedures for Implementing Order at Dkt. No. 242 Re. *Calhoun* Discovery (Dkt. No. 313). That order, which is intended to promote "efficiency and fairness," generally provides Google's counsel "the opportunity to consider the *Calhoun* materials," requires the Parties to "engage in further discussion that includes consideration of *Calhoun* materials," and limits participation in those discussions to *Calhoun* Counsel "***unless Google consents to participation of plaintiffs' other counsel***" which consent "***will not be unreasonably withheld, especially with respect to plaintiffs' lead counsel, Ms. Pritzker.***" Dkt. No. 313 at 3 (emphasis added).

November 9, 2022
Page 2

Following up on the Court's expressed desire to promote "efficiency and fairness," Plaintiffs engaged Google in meet-and-confer discussions regarding *Calhoun* discovery that Plaintiffs identified as relevant and responsive to the Parties' discussions over the Named Plaintiff data that are the subject of the Court's August 26, 2022 Order at Dkt. No. 314. Immediately following the issuance of that August 26 Order, Plaintiffs asked Google to engage in in-person meet-and-confer discussions, to include experts if appropriate, and to allow for participation of Ms. Pritzker in her role as Class Counsel. Google refused that initial request, and all subsequent such requests. In fact, to date, Google has refused Plaintiffs' requests to have Ms. Pritzker access or analyze the *Calhoun* discovery exchanged with Google for this purpose **at least seven times since September**. Google's refusal to allow Mr. Pritzker access is not limited to the Parties' initial meet-and-confer discussions: it extends to any attorney discussions over compromise proposals and even to "final" lead counsel meet-and-confer discussions on these issues.[1]

Not once during this time did Google articulate a reasonable basis for its refusal. Its reason was only that Google will not agree to allow Ms. Pritzker access because such access would not sufficiently protect the confidentiality of Google's documents. Period. Full stop. This, despite that Ms. Pritzker agreed to be bound by all of the protections of the Protective Order, and specifically agreed to the destruction of any *Calhoun* materials should the Court rule against Plaintiffs.

To fulfill the Court's directive, and to promote "efficiency and fairness," Plaintiffs have proposed a procedure that authorizes Ms. Pritzker, or in her absence, designated counsel from the Pritzker Levine law firm, to access *Calhoun*-related material identified by *Calhoun* Counsel in connection with the Parties' discovery disputes and meet-and-confer discussions, subject to the limitations on use and other protections laid out in the Protective Order in this action at Dkt. No. 59.[2] That procedure, contained in a proposed stipulation and order filed as **Exhibit A** hereto, specifies that such access is limited solely to Ms. Pritzker in her role as court-appointed Interim Class Counsel and, in the event of her absence, solely to counsel at Pritzker Levine LLP. It explicitly provides that Ms. Pritzker (or her firm) is not authorized to share or provide access to *Calhoun* material identified by *Calhoun* Counsel in connection with the Parties' discovery disputes with any party or any plaintiffs' counsel who is not an attorney of record in the related *Calhoun* action, unless and until the discovery dispute resolving such *Calhoun* material is resolved by the Court in favor of Plaintiffs. In this way, the proposal furthers the Court's intent that Class Counsel actively participate in discovery conferences in an effort to narrow or resolve the Parties' disputes, and comports with the Court's directive that Google not unreasonably deny Class Counsel from this critical decision-making process, that is, without just cause and a reasonable basis to do so.[3]

---

[1] Google's repeated refusal in this regard promotes neither efficiency nor fairness. It has, for example, substantially delayed resolution of the Parties' dispute over the Named Plaintiff data that Google is required to meet and confer with Plaintiffs about, pursuant to the Court's directives in Dkt. Nos. 313 and 314.

[2] This is precisely the limited access contemplated by Dkt. Nos. 242 and 313. It is not, as Google inaccurately contends, "*carte blanche* access to *Calhoun* discovery."

[3] Google suggests there are other "designated lead counsel" that may fulfill the Court's lead counsel requirements. But, the Court appointed only Ms. Pritzker as sole Interim Class Counsel (Dkt. No. 77). *See also* Dkt. No. 313 at 3 (noting Ms. Pritzker's role as "**plaintiffs' lead counsel**").

November 9, 2022
Page 3

Plaintiffs' proposal also provides that for any dispute involving *Calhoun* material that is resolved by the Court in favor of Plaintiffs, the use and dissemination of such *Calhoun* material by Plaintiffs shall be in accordance with the Protective Order in this case.

Google opposes Plaintiffs' **Exhibit A**, and urges the Court to adopt an alternative procedure filed as **Exhibit B**, here. But, Google's alternative procedure is, in reality, no departure from what it is doing now. It proposes that Google, at all times, retain "***sole discretion***" to decide whether to authorize Ms. Pritzker, the Pritzker Levine law firm, or any other "specific, individual RTB-only counsel" to review specific, identified *Calhoun* discovery "for the limited purpose of meeting and conferring regarding discovery disputes in this action." ***Nowhere*** does Google incorporate the Court's express proviso that Google's consent for Ms. Pritzker to access *Calhoun* discovery for this limited purpose "will not be unreasonably withheld." ***Nowhere*** does Google permit Ms. Pritzker to participate in briefing any such discovery dispute.

To the contrary, as has become clear, Google ***has no intention*** of honoring the Court's order that Google's consent to Ms. Pritzker's participation in the discovery meet-and-confers outlined in Dkt. No. 313 "will not be unreasonably withheld." Google only now makes the baseless accusation that Ms. Pritzker, as Class Counsel, is unable to meet her professional obligations to limit the use or dissemination of confidential materials produced by Google in this action simply by virtue of her Liaison Counsel role in the entirely unrelated and factually distinct antitrust action, *In re Google Play Consumer Antitrust Litig.*, No. 3:20-cv-05761-JD (N.D. Cal.).

There is ***absolutely no factual basis*** for Google's assertion, and it was tellingly never raised during the meet-and-confers. Just like every other plaintiffs' counsel in the case, Ms. Pritzker is bound by the limitations on use or dissemination that govern this case – a point that Plaintiffs' **Exhibit A** makes explicitly clear.

But, if ever there were a need for counsel in *Google Play* to access relevant discovery from *Calhoun*, or here, there is an established process for this: counsel may request Google's agreement to allow for such cross-use, or seek an order from the Court to permit it. *See, e.g.*, *Largan Precision Co. v. Fujinon Corp.*, No. C 10-1318 SBA JL, 2011 WL 1226040, at *3 (N.D. Cal. Mar. 31, 2011). The Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." *See, e.g.*, *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003). And as long as "reasonable restrictions on collateral disclosure will continue to protect" Google's legitimate requests in confidentiality – as they plainly do here – a request to modify a protective so that collateral litigants "are not precluded from obtaining relevant material should generally be granted." *Id.* at 1132 (internal citation omitted).

Google's gamesmanship must stop. The Court was clear that Google may not impose delay by unreasonably withholding its consent to grant Class Counsel access to protected *Calhoun* discovery for the limited purposes specified in its order, nor prevent Class Counsel from performing its court-appointed duties in this action.

The Court should enter the procedure proposed by Plaintiffs in **Exhibit A**.

November 9, 2022
Page 4

## II.    GOOGLE'S POSITION

Plaintiffs have incessantly sought to use discovery from *Calhoun v. Google, LLC*, No. 4:20-cv-5146-YGR-SVK (N.D. Cal.) here.  Their efforts have been rebuffed by both Judge Gonzalez Rogers and this Court repeatedly.  (*E.g.*, Dkts. 242 (denying modification to *Calhoun* protective order and denying cross-use without prejudice), 287 (granting motion to strike submitted *Calhoun* materials), 326 at 11 (same).)  Given this history, the Court provided specific guidelines on the narrow, appropriate use of *Calhoun* discovery, recognizing that *Calhoun* counsel (who are also Plaintiffs' counsel in *RTB*) are parties to the *Calhoun* protective order, while other counsel here ("*RTB*-Only Counsel") are not.  (*See* Dkt. 313 at 1–2.)

To comply with this Court's order, Google sent Plaintiffs a proposed supplement to the protective order in this matter—Google's Addendum—containing necessary and wholly uncontroversial safeguards for particular *RTB*-Only Counsel accessing *Calhoun* discovery during meet and confers.  Plaintiffs rejected Google's reasonable request, instead proposing their own stipulation.  But Plaintiffs' Stipulation attempts an end-around Judge Gonzalez Rogers' order denying their motion for cross-use and flies in the face of this Court's further order

On June 24, 2022, Judge Gonzalez Rogers denied Plaintiffs' motion for cross-use*,* and created a narrow carve-out permitting a single counsel in *Calhoun* to use *Calhoun* discovery in this matter, under specified circumstances.  (Dkt. 242 at 1–2.)  After Google successfully defeated Plaintiffs' repeated attempts to abuse that exception by attaching ten or more exhibits from *Calhoun* to virtually every subsequent discovery letter brief, this Court held that Plaintiffs had "greatly exceed[ed] the Court's word and content limitations for discovery disputes."  (Dkt. 313 at 1–2.)  To avoid further "inefficient and unproductive" attempts at cross-use and in the interests of "fairness," the Court implemented the following guardrails:

> (1)    *Calhoun* counsel "must identify to Google the specific documents, information, or sources of discovery" for meet and confers, and only if "Google takes the position that the discovery is not responsive to a discovery request, is not relevant to a claim or defense, does not exist at all or in useable form, or is too burdensome to obtain";
>
> (2)  Google must then have an "opportunity to consider the *Calhoun* materials," which may lead to further meet-and-confer discussions; and
>
> (3)  "Only *Calhoun* counsel may participate in discussions that involve the protected contents of *Calhoun* discovery, unless Google consents to participation of plaintiffs' other counsel."
>
> (4) The Court also noted that Google should not "unreasonably with[old]" consent, particularly as to Ms. Pritzker.

(*Id.* at 2–3.)

November 9, 2022
Page 5

Google's Addendum embodies these parameters. First, it limits *Calhoun* counsel's use of *Calhoun* discovery to the circumstances outlined by the Court. Second, it ensures that no *Calhoun* discovery is shared with *RTB*-Only Counsel, such as Ms. Pritzker, without Google's pre-authorization. As the Court explained, "*Calhoun* lawyers identify the [*Calhoun*] materials to Google's counsel first."[4] After Google's counsel has time to digest the *Calhoun* materials, for example by meeting with "technical people" about "why it is or is not relevant to *RTB*," then Google can determine whether to grant *RTB*-Only Counsel access.[5] Third, Google's Addendum memorializes that any *RTB*-Only Counsel authorized to access *Calhoun* discovery cannot share it with anyone else, including other unauthorized *RTB*-Only Counsel.

Google explained its position to Plaintiffs in advance of a meet and confer involving *Calhoun* discovery regarding the named-Plaintiff data dispute, which Ms. Pritzker unilaterally planned to attend. Contrary to Plaintiffs' claim, Google did offer to allow Ms. Pritzker to attend if she would memorialize an agreement to access *Calhoun* discovery solely for meeting and conferring with Google's counsel, and not share that discovery with other *RTB*-Only Counsel.[6] Despite this reasonable request, Ms. Pritzker stated that Google's offer to allow her to join that meet and confer with that understanding was "intended to delay" the process. Later, when Google circulated its Addendum to Plaintiffs, they refused to agree to or even propose edits. Instead, Plaintiffs sent back their own Stipulation significantly broadening the parameters of who will use *Calhoun* discovery, how it will be used, and when it will be used.

First and foremost, Plaintiffs' Stipulation erases Google's right to consent to disclosure of *Calhoun* discovery to *RTB*-Only Counsel and, instead, automatically grants Ms. Pritzker access to any *Calhoun* discovery "identified by *Calhoun* counsel to Google in connection with [] discovery disputes." In other words, *Calhoun* counsel would get to decide for themselves what discovery from a separate action and governed by a separate protective order Ms. Pritzker should see, regardless of Google's views. As this Court pointedly told Ms. Pritzker during the hearing, "you're not counsel on that case. That's the problem."[7] Nonetheless, Plaintiffs ask this Court to codify a regime where they control the extent of cross-use for themselves. This is unjustifiable, particularly because Plaintiffs' designated-lead counsel here, Lesley Weaver and David Straite, who are counsel in *Calhoun*, can and have conducted meet-and-confer discussions on these materials without Ms. Pritzker present. Google has not and will not unreasonably refuse access to Ms. Pritzker, when it is necessary—but it is not necessary when other lead counsel are intimately familiar with these *Calhoun* materials.[8] Plaintiffs have never provided any justification as to why those *Calhoun* counsel cannot adequately meet and confer with Google.

The risks to the integrity of the confidentiality provisions in these separate litigations is heightened by the notable fact that Ms. Pritzker is also liaison counsel in litigation regarding

---

[4] Transcription from Court Audio Recording of Hearing on August 23, 2022.

[5] *Id.*

[6] Despite Plaintiffs' assertion, Google never claimed that an agreement to share *Calhoun* material for meeting and conferring would not extend to briefing disputes related to that material.

[7] *Id.*

[8] This dispute has not slowed the Parties' meet-and-confer efforts regarding named-Plaintiff data, contrary to Plaintiffs' claim. Since late August, the Parties have met and conferred live four times and exchanged over 10 letters.

November 9, 2022
Page 6

"Google Play," where she has access to even more Google documents produced there. *See In re Google Play Consumer Antitrust Litig.*, No. 3:20-cv-05761-JD (N.D. Cal.). Indeed, Ms. Pritzker is charged with "maintaining a database that contains all written materials produced during discovery and deposition transcripts" in that matter. (*Id.*, Dkt. 128 at 2.) If Ms. Pritzker can access any *Calhoun* discovery that *Calhoun* counsel unilaterally select, it would further widen the pool of confidential Google documents to which Ms. Pritzker has access, thereby making inevitable cross-use that violates the various protective orders in those cases.

Google has a legitimate interest in preventing its confidential information in one case from being disseminated unnecessarily to attorneys adverse to Google in other cases. While Plaintiffs claim that Google has unreasonably denied access to Ms. Pritzker, it is Plaintiffs who are unreasonably demanding that Google turn over confidential information from a separate lawsuit while refusing to agree to rudimentary limits on unauthorized further disclosure. Until Plaintiffs demonstrate that Ms. Pritzker's access to *Calhoun* discovery is reasonably necessary (*e.g.*, other *Calhoun* lead counsel are unavailable), granting her *carte blanche* access to *Calhoun* discovery at *Calhoun* counsel's discretion is flatly unreasonable. *See, e.g.*, *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 368–69 (9th Cir. 1982) (Rule 26(c) "was enacted as a safeguard for the protection of parties and witnesses in view of the broad discovery rights authorized in Rule 26(b).").

Second, under Plaintiffs' approach, Ms. Pritzker's law firm, consisting of at least eight attorneys, is granted access to *Calhoun* material merely "in the event of [Ms. Pritzker's] unavailability"—which, of course, Ms. Pritzker unilaterally decides. Plaintiffs' Stipulation fails to limit the number of back-up counsel when Ms. Pritzker decides she is unavailable, meaning that every lawyer with her firm would get access to protected *Calhoun* discovery. As none of those attorneys are interim or lead class counsel, Plaintiffs have no colorable justification for this approach.

Third, Plaintiffs' Stipulation does not limit the sharing of *Calhoun* discovery to the ***final*** stages of meet and confers. Instead, it allows Ms. Pritzker automatic access to *Calhoun* material for the vague purpose of "discovery disputes," and any "meet and confer conferences." As this Court explained, Ms. Pritzker should only be involved when the parties are to the point of "actually submitting things" and "the dispute hopefully will have been narrowed."[9] (Dkt. 313 at 3 (explaining Google must have "an opportunity to consider the *Calhoun* materials" before consenting).) Plaintiffs' Stipulation also turns that presumption on its head.[10]

At bottom, Plaintiffs' Stipulation disregards this Court's clear guidance and tries to rewrite the rules for cross-use in a manner that is highly prejudicial to Google. The Court should enter Google's Addendum.

---

[9] *Id.*

[10] During the lead-counsel meet and confer, a *Calhoun* counsel claimed that their expert (in *Calhoun* and *RTB*), Mr. Shafiq, could review any *Calhoun* document he chose in connection with this matter, and that it made no sense that Ms. Pritzker could not have the same right. Google's counsel reminded Plaintiffs' counsel that their expert is also prohibited by the *Calhoun* protective order from using *Calhoun* discovery to perform work on this matter. Plaintiffs' blasé attitude about the *Calhoun* protective order is both telling and troubling.

November 9, 2022
Page 7

### III.   NECESSITY OF A HEARING

#### A.   Plaintiffs' Position

Plaintiffs are available for an in-person, Zoom or telephonic hearing should the Court desire oral argument on these issues.

#### B.   Google's Position

Given that the Court already held a hearing on this subject and Google's Addendum only codifies the Court's prior order, Google does not believe a hearing is needed.

### IV.   DISCOVERY CUT-OFFS

The fact discovery cut-off is July 14, 2023, and the close of expert discovery is October 13, 2023.

### V.   COMPLIANCE WITH MEET-AND-CONFER REQUIREMENT

In compliance with the Court's meet-and-confer requirements, the Parties met and conferred several times via e-mail and Zoom. The final lead counsel meet-and-confer was held on November 1, via Zoom. On Plaintiffs' side, Elizabeth Pritzker, Jay Barnes, David Straite, Anne Davis, and Jenny Paulson attended. For Google, Jeff Gutkin, Kelsey Spector, and Anu Dhillon attended.

Dated: November 9, 2022                    **PRITZKER LEVINE LLP**

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (SBN 146267)
Jonathan K. Levine (SBN. 220289)
Bethany Caracuzzo (SBN 190687)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
bc@pritzkerlevine.com

*Interim Class Counsel*

November 9, 2022
Page 8

Dated: November 9, 2022          **BLEICHMAR FONTI & AULD LLP**

By: */s/ Anne K. Davis*
Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

Dated: November 9, 2022          **SIMMONS HANLY CONROY LLC**

By: */s/ Jay Barnes*
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Jennifer Paulson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
jpaulson@simmonsfirm.com

Dated: November 9, 2022          **DiCELLO LEVITT LLC**

By: */s/ David A. Straite*
David A. Straite (admitted *pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel.: (646) 933-1000
dstraite@dicellolevitt.com

*Counsel for Plaintiffs and the Proposed Class*

Dated: November 9, 2022          **COOLEY LLP**

By: */s/  Jeffrey M. Gutkin*
Michael G. Rhodes
Jeffrey M. Gutkin
Whitty Somvichian

November 9, 2022
Page 9

Aarti G. Reddy
Laura M. Elliott
Kelsey R. Spector
Anupam S. Dhillon
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Tel.: 415-693-2000
Fax: 415-693-2222
rhodesmg@cooley.com
jgutkin@cooley.com
wsomvichian@cooley.com
lelliott@cooley.com
kspector@cooley.com
adhillon@cooley.com
cscott@cooley.com

Robby L.R. Saldaña
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Tel.: 202-776-2109
Fax: 202-842-7899
rsaldana@cooley.com

Attorneys for Defendant
GOOGLE LLC

November 9, 2022
Page 10

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)

I, Anne K. Davis, attest that concurrence in the filing of this document has been obtained

from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th of November, 2022, at Pacifica, California.

/s/ Anne K. Davis
Anne K. Davis