COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
LAURA M. ELLIOTT (SBN 286702)
(lelliott@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
ELIZABETH SÁNCHEZ SANTIAGO (SBN 333789)
(lsanchezsantiago@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, <br><br> This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD <br><br> **GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SHORTEN TIME** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S OPP'N TO PLAINTIFFS' ADMIN.
MOT. TO SHORTEN TIME
CASE NO. 4:21-CV-02155-YGR-VKD

1    **I.    INTRODUCTION**

2          Pursuant to Civil Local Rule 6-3(b), Google LLC ("Google") submits this opposition to

3    Plaintiffs' Administrative Motion (the "Admin. Motion") (ECF No. 354), which seeks to shorten

4    time for the briefing and consideration of their discovery motion filed under Civil Local Rule 7-2

5    (the "Motion") (ECF No. 353). Plaintiffs' Admin. Motion and the underlying Motion should be

6    denied for at least three reasons. *First*, this Court's Standing Order prohibits Plaintiffs from filing

7    any discovery motion under Civil Local Rule 7-2 without first obtaining "leave of Court," which

8    Plaintiffs never attempted to do. Given this total disregard for the Court's Standing Order, the

9    Motion should not be considered at all, let alone on shortened time. *Second*, Plaintiffs also failed

10   to comply with Civil Local Rule 6-3, which requires Plaintiffs to show "with particularity" the

11   "substantial harm or prejudice that would occur" absent shortened time. Plaintiffs' conclusory

12   assertions fall far short of meeting this standard. *Third*, the relief Plaintiffs request—to dictate a

13   November 18 document production deadline for certain damages-related discovery—is entirely

14   unnecessary. Google began producing data in response to the Court's September 6, 2022 Order

15   weeks ago (as Plaintiffs concede), produced additional responsive costs data just yesterday, and

16   continues to work in good faith to complete the productions contemplated by the Order.

17   **II.    BACKGROUND**

18          In its September 6, 2022 Order, this Court required Google to produce (1) "documents

19   sufficient to show the revenue it receives on an annual basis from RTB auctions in the United States

20   for the relevant period," (ECF No. 326 at 5:11–12); (2) "documents showing the costs [Google]

21   contends should be 'offset from revenues to calculate unjust enrichment' that have not yet been

22   produced," (*id.* at 5:25–26); and (3) "all reports, analyses, and studies showing the impact on

23   Google's RTB revenues of disabling third-party cookies and other user identifiers," (*id.* at 6:16–

24   18). The Court did not impose a deadline to complete these productions. The Court also addressed

25   Plaintiffs' demand to use certain documents from the *Calhoun* case, which Plaintiffs identified as

26   "documents related to Google's 'Screenwise' program." (*Id.* at 10:7.) As to these "Screenwise"

27   documents, the Court allowed Google to review the identified documents and determine if it objects

28   to their use in this action. (*Id.* at 11:5–8.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

**GOOGLE'S OPP'N TO PLAINTIFFS' ADMIN.
MOT. TO SHORTEN TIME
CASE NO. 4:21-CV-02155-YGR-VKD**

Following the Court's Order, Google produced revenue data in response to Category 1 above. (W. Somvichian Decl. ¶ 4.) Google has also produced certain costs data responsive to Category 2. (*Id*. ¶ 10.) Regarding the "Screenwise" documents, Google provided a written response to Plaintiffs regarding each of the 94 documents and two deposition transcripts that Plaintiffs identified. (*Id.* ¶ 3.)

## III.    ARGUMENT

### A.    Plaintiffs' Motion Violates this Court's Standing Order Requiring Leave of Court to File a Motion Under Civil Local Rule 7-2.

As an initial and dispositive matter, Plaintiffs' Admin. Motion should be denied and the underlying Motion should be rejected because Plaintiffs entirely disregarded this Court's Standing Order. The Court's Standing Order instructs that "[a]bsent leave of Court, parties should not file formal noticed motions under Civil Local Rule 7-2 addressed to discovery-related disputes, but instead should follow the procedures described below for expedited resolution of discovery-related disputes." *See* Magistrate Judge Virginia K. DeMarchi's Standing Order for Civil Cases ("Standing Order"), § 3. Plaintiffs' Motion raises a "discovery-related dispute[]," namely, Plaintiffs' effort to impose an expedited deadline for compliance with the Court's September 6, 2022 Order. Plaintiffs were therefore required to seek "leave of Court" if they wished to file the Motion as a formal noticed motion under Civil Local Rule 7-2. They made no effort to do so and that violation of the Court's Standing Order alone warrants denial of both the Motion and related Admin. Motion.

### B.    Plaintiffs' Admin. Motion Should Also Be Denied Because It Violates Civil Local Rule 6-3.

Plaintiffs' Admin. Motion and the accompanying Declaration of Elizabeth C. Pritzker ("Pritzker Decl.") (ECF No. 354-1) also violate Civil Local Rule 6-3's requirements, including failing to justify the request for shortened time with "particularity." *See Warren v. Reid*, 2010 WL 4694924, at *4 (N.D. Cal. Nov. 8, 2010) (denying plaintiff's Civil Local Rule 6-3 motion because "[a] motion that fails to comply with the Court's Local Rules need not be considered by the Court."); *McCreary v. Celera Corp.*, 2011 WL 1399263, at *2 (N.D. Cal. Apr. 13, 2011) (denying motion to shorten time that did not include comply with Civil Local Rule 6-3's requirements).

Cooley LLP
Attorneys at Law
San Francisco

2

Google's Opp'n to Plaintiffs' Admin.
Mot. to Shorten Time
Case No. 4:21-cv-02155-YGR-VKD

Civil Local Rule 6-3 requires a party seeking to shorten time to explain "with particularity" the basis for the requested change and specifically to identify the "substantial harm or prejudice" the party would face absent a court order shortening time. *See* Civ. L.R. 6-3(a)(1) (requiring that a declaration accompanying a motion to change time "[s]et[] forth with particularity the reasons for the requested . . . shortening of time"); *id*. 6-3(a)(3) (requiring that the accompanying declaration "[i]dentif[y] the substantial harm or prejudice that would occur if the Court did not change the time"). The Admin. Motion and Pritzker Declaration fail to meet these requirements. Plaintiffs assert in conclusory terms that shortening time for their Motion is "necessary in light of the class certification motion deadline of January 24, 2023." (Admin. Mot. at 2). But they provide no explanation why the unilateral production deadline proposed in the Motion is necessary for Plaintiffs to prepare their class certification motion, and they identify no "substantial harm or prejudice" they would suffer from proceeding in the normal course. *See Porter v. Convergent Mobile, Inc*., 2016 U.S. Dist. LEXIS 90430, at *5 (N.D. Cal. July 11, 2016) (denying motion to shorten time where plaintiff made only "conclusory" assertions of substantial harm or prejudice). Indeed, if an expedited production deadline were critical to Plaintiffs' ability to prepare their class certification motion, they could have raised the issue weeks ago to avoid the need for shortening time. Plaintiffs' delay renders hollow their assertions of harm and confirms they are not entitled to the relief they seek. *See Elan Microelectronics Corp. v. Apple, Inc*., 2011 U.S. Dist. LEXIS 77546, at *5–6 (N.D. Cal. July 18, 2011) (denying motion to shorten time on motion to compel discovery for lack of substantial harm or prejudice and noting defendant's argument that plaintiff waited over nearly a month to follow-up on defendant's discovery responses).

Further, the Pritzker Declaration does not adequately "describe[] the efforts the party has made to obtain a stipulation to the time change," nor does it "[d]escribe[] the moving party's compliance with Civil L.R. 37-1(a)." Civ. L.R. 6-3(a)(2), (a)(4). Civil Local Rule 37-1(a) provides that the "Court will not entertain a request or a motion to resolve a . . . discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues." The Pritzker Declaration omits relevant facts about the parties' communications that show Plaintiffs did not adequately meet and confer and their Motion was

brought unnecessarily.  First, the Pritzker Declaration does not clarify that Plaintiffs informed Google that they would move to shorten time for the first time on Friday, November 4, 2022—one business day before filing their Admin. Motion.  (W. Somvichian Decl. ¶ 8.)  Second, the Pritzker Declaration does not mention that Google responded on Monday November 7, 2022 before Plaintiffs filed their Motion and Admin. Motion, and explained that Google was working in good faith to provide Plaintiffs a target date for substantial completion of its production.  (*Id*. ¶ 9.)  Google also cautioned that Plaintiffs' threatened motion practice was procedurally improper under this Court's Standing Order.  (*Id*.)  Plaintiffs ignored this communication, and the Pritzker Declaration omits any reference to it.

Further, Plaintiffs' communications with Google on this issue—all through emails (*id*. ¶¶ 5–8)—do not constitute an adequate meet and confer as required by the Civil Local Rules.  *See* Civ. L.R. 1-5(n) ("The mere sending of a written, electronic . . . communication . . . does not satisfy a requirement to 'meet and confer' . . . this requirement can be satisfied only through direct dialogue and discussion – either in a face to face meeting or in a telephone conversation.").  Plaintiffs' failure to meet and confer adequately provides additional grounds to deny the Admin. Motion.  *See Avago Techs., Inc. v. IPtronics Inc.*, 2015 U.S. Dist. LEXIS 4156, at *4 (N.D. Cal. Jan. 12, 2015) (denying motion to shorten time where plaintiffs did not "follow the Civil Local Rules" and "engage in genuine efforts to meet and confer effort").

**C.    Plaintiffs' Admin. Motion and Motion Should Be Denied as Unnecessary Because Google Has Made and Continues to Make Good Faith Efforts to Comply with the Court's September 6, 2022 Order.**

Moreover, the Admin. Motion and Motion should be denied because Plaintiffs' requested relief is unnecessary in light of Google's ongoing good faith efforts to comply with the Court's September 6, 2022 Order.  As noted above, Google has already produced data showing annual revenue received from RTB auctions in the U.S.  (W. Somvichian Decl. ¶ 4.)  Plaintiffs concede this. (Admin. Mot. at 2; Pritzker Decl. at 2.)[1]  Google has produced data on traffic acquisition costs

---

[1] While Plaintiffs claim this is "only one document," (Admin. Mot. at 2), the produced document properly provides the information requested and satisfies the Court's "sufficient to show" requirement.  (ECF No. 326 at 5:11–12).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S OPP'N TO PLAINTIFFS' ADMIN.
MOT. TO SHORTEN TIME
CASE NO. 4:21-CV-02155-YGR-VKD

1  for RTB.  (W. Somvichian Decl. ¶ 10.)  Google's production also contains documents regarding

2  the "impact on revenues of disabling third-party cookies, user identifiers," as Plaintiffs are aware.[2]

3  In addition, Google reviewed the 94 documents and 2 deposition transcripts Plaintiffs identified as

4  "Screenwise" documents and provided its responses and objections to Plaintiffs on September 30,

5  2022.  (*Id*. ¶ 3.)  Plaintiffs' Admin. Motion and Motion omit any discussion of Google's full

6  compliance with this Court's September 6, 2022 Order as to these "Screenwise" documents.  Under

7  these circumstances, Plaintiffs' bare assertion that "there is still no data to rely on" is simply false.

8  (Admin. Mot. at 2.)

9       Above and beyond the prior productions, Google is continuing to gather responsive

10  documents and will make additional rolling productions later this month.  Because Google is

11  working in good faith to complete its production in response to the Court's September 6, 2022

12  Order, Plaintiffs do not face any substantial harm or prejudice, and the relief they request in the

13  Admin Motion and Motion is unwarranted.

14  **IV.     CONCLUSION**

15       For the foregoing reasons, Google respectfully requests that the Court deny Plaintiffs'

16  Admin. Motion and reject the Motion as procedurally improper and unnecessary.

17

18  Dated: November 11, 2022                    COOLEY LLP

19

20                                             By: */s/ Whitty Somvichian*
                                                   Whitty Somvichian
21

22                                             Attorney for Defendant
                                               GOOGLE LLC
23

24

25

26

27  [2] In the letter brief that the Court resolved in its September 6, 2022 Order, Plaintiffs cited a document from Google's production.  (ECF No. 291 at 2.)  Plaintiffs' earlier correspondence to

28  Google on that discovery dispute identified seven documents in Google's production, which Plaintiffs claimed were "just some examples."  (W. Somvichian Decl. ¶ 2.)