UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR   (VKD)<br><br>**ORDER RE NOVEMBER 9, 2022 DISCOVERY DISPUTE RE ACCESS TO *CALHOUN* MATERIALS**<br><br>Re: Dkt. No. 355 |

Plaintiffs and defendant Google LLC ("Google") ask the Court to resolve a dispute concerning access to Google's production of documents in *Calhoun v. Google*, No. 20-cv-5146. Dkt. No. 355. The Court finds this matter suitable for determination without oral argument. Civil L.R. 7-1(b).

On June 24, 2022, Judge Gonzalez Rogers issued an order denying without prejudice plaintiffs' motion for permission to use discovery produced by Google in the *Calhoun* matter, except for two limited purposes. The order authorized one of plaintiffs' counsel, Ms. Weaver (who is also counsel to plaintiffs in *Calhoun*), to "present discovery from the *Calhoun* action under seal to Judge DeMarchi for the purposes of demonstrating (i) the need for discovery in this action or (ii) that the defendant has misrepresented the nature or existence of certain information to Judge DeMarchi." Dkt. No. 242 at 1-2. On August 25, 2022, the undersigned adopted procedures to implement this portion of the presiding judge's order. Dkt. No. 313. As relevant to the present dispute, those procedures include the following:

> 2. If, during the required conference of lead counsel, or in the communications that precede that conference, Google takes the position that the discovery is not responsive to a discovery request, is not relevant to a claim or defense, does not

exist at all or in useable form, or is too burdensome to obtain, and if plaintiffs reasonably believe that discovery obtained in *Calhoun* contradicts that position, then *Calhoun* discovery may be used in resolving the discovery dispute as follows:

    a. Ms. Weaver or any of plaintiffs' other counsel of record who are also counsel of record in *Calhoun* ("*Calhoun* counsel") must identify to Google the specific documents, information, or sources of discovery from *Calhoun* that plaintiffs believe contradict Google's position(s).

    b. After Google's counsel has had an opportunity to consider the *Calhoun* materials, the parties must engage in further discussion that includes consideration of the *Calhoun* materials. Only *Calhoun* counsel may participate in discussions that involve the protected contents of *Calhoun* discovery, *unless Google consents to participation of plaintiffs' other counsel. The Court expects that such consent will not be unreasonably withheld, especially with respect to plaintiffs' lead counsel, Ms. Pritzker.*

*Id.* at 2-3 (footnote omitted; emphasis added).

Plaintiffs say that they have repeatedly asked Google to consent to Ms. Pritzker's access to *Calhoun* material in connection with the parties' discovery dispute discussions, and Google has repeatedly refused to give its consent. Dkt. No. 355 at 2. Plaintiffs ask the Court to enter a proposed order that would require Google to give Ms. Pritzker (or if she is unavailable, other counsel at her firm) access to any *Calhoun* material that plaintiffs identify in connection with paragraph 2(a) above, subject to restrictions on the use and retention of such material. *Id.* at 2 & Ex. A. Google responds that on at least one occasion it offered to allow Ms. Pritzker to participate in a discovery dispute discussion implicating *Calhoun* material, so long as she agreed in writing to use the material solely for conferring with Google's counsel and would not share the material with other plaintiffs' counsel who did not already have access to it, but that plaintiffs refused that offer. *Id.* at 5. Google also objects that plaintiffs' proposed order goes well beyond what Judge Gonzalez Rogers authorized, and well beyond the limited access this Court contemplated in its

2

August 25, 2022 order. *Id.* Moreover, given Ms. Pritzker's role in other matters, Google says that plaintiffs' proposed order unreasonably puts Google's confidential information in *Calhoun* at risk. *Id.* at 5-6. Google proposes its own addendum to the protective order. *See id.*, Ex. B.

The Court recognizes the important responsibilities lead class counsel has in this case. As it pertains to discovery disputes, the Court's standing order requires that lead counsel participate (together with others) in the conference of counsel that must precede any submission of a discovery dispute to the Court. *See* Standing Order for Civil Cases, sec. 4 (Discovery dispute resolution, para. b).[1] As the Court has explained to the parties, the purpose of this requirement is to ensure that discovery disputes are well-considered by the attorneys who are principally responsible for the case *before* the parties file a joint submission and ask the Court to resolve a dispute.

As plaintiffs point out, the presiding judge's order permitting only Ms. Weaver to present *Calhoun* material in this case created some tension with this Court's standing order requirement for discovery disputes that implicate *Calhoun* material. *See* Dkt. No. 355 at 1. The Court attempted to accommodate that tension in paragraph 2(b) of the August 25, 2022 order by allowing consent-based access beyond what Judge Gonzalez Rogers ordered. *See* Dkt. No. 313. The Court expected that the conference of counsel for most discovery disputes implicating *Calhoun* material would be conducted in such a way that Ms. Pritzker's participation could be accommodated by allowing her to hear others' discussion of the *Calhoun* material, or by sharing with her only a limited amount of that material (such as a representative sample of a disputed data source). It is not clear what *Calhoun* materials plaintiffs have asked Google's permission to share with Ms. Pritzker, but it appears they have requested she have access to everything they identified in connection with paragraph 2(a) of the Court's August 25, 2022. *Id.* at 2. As noted above, Google disputes plaintiffs' characterization of its willingness to consent to Ms. Pritzker's access to some *Calhoun* material, but it takes the position that Ms. Pritzker should only have access to *Calhoun* material when Google concludes it is "reasonably necessary." *Id.* at 5 & n.6.

The Court is now convinced that the "consent" portion of the August 25, 2022 order is

---

[1] Available at: https://cand.uscourts.gov/judges/demarchi-virginia-vkd/

3

unworkable and will only generate future disputes. Plaintiffs' proposed order is no solution, as it greatly expands the scope of access contemplated in the presiding judge's order as well as the Court's August 25, 2022 order. Similarly, Google's proposed addendum does nothing to clarify when consent should or should not be given. Plaintiffs say that the parties' disagreement about Ms. Pritzker's access to *Calhoun* material has substantially delayed their resolution of at least one discovery dispute. *Id.* at 2 n.1. Delay must be avoided. Accordingly, the Court orders as follows:

1. Plaintiffs' lead counsel need not participate in the conference of counsel required by the undersigned's discovery dispute resolution procedures for any discovery dispute where the conference would involve discussion or disclosure of *Calhoun* material; Ms. Weaver or other plaintiffs' counsel who already have access to the *Calhoun* material may participate instead.

2. The Court modifies its August 25, 2022 order (Dkt. No. 313) so that the following text is stricken from paragraph 2(b) of that order:

   > "unless Google consents to participation of plaintiffs' other counsel. The Court expects that such consent will not be unreasonably withheld, especially with respect to plaintiffs' lead counsel, Ms. Pritzker."

**IT IS SO ORDERED.**

Dated: November 14, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge

4