1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE GOOGLE RTB CONSUMER
PRIVACY LITIGATION

Case No.  21-cv-02155-YGR   (VKD)

**ORDER RE OCTOBER 21, 2022
DISCOVERY DISPUTE RE GOOGLE'S
PRIVILEGE ASSERTIONS**

Re: Dkt. No. 339

Plaintiffs and defendant Google LLC ("Google") ask the Court to resolve a dispute concerning the sufficiency of Google's privilege logs and the merits of its privilege assertions. Dkt. No. 339.  The Court finds this dispute suitable for resolution without oral argument.  Civil L.R. 7-1(b).

For the reasons explained below, the Court denies without prejudice the relief plaintiffs seek and orders further proceedings described in detail below.

## I.      BACKGROUND

Google's privilege logs include nearly 10,500 entries.  Dkt. No. 339, Exs. 1, 2.  Plaintiffs challenge 5,470 of these entries as insufficient to support Google's assertions of attorney-client privilege or attorney work product protection.  *Id.* at 1-4.  They ask the Court to order Google to produce all of the challenged documents, or in the alternative, to supplement its logs with additional information regarding Google's assertions of privilege or work product protection.  *Id.* at 1.  Google opposes plaintiffs' challenges to the sufficiency of its privilege log entries on the merits and as inconsistent with provisions of the ESI Order entered in this case at Dkt. No. 125. *Id.* at 4-6.

United States District Court
Northern District of California

## II.     LEGAL STANDARD

Federal common law generally governs claims of privilege. "But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501.  In this action, subject matter jurisdiction is premised on federal question jurisdiction (28 U.S.C. § 1331) for Counts 9-12, supplemental jurisdiction (28 U.S.C. § 1367) for the remaining state law claims, and jurisdiction under the Class Action Fairness Act (28 U.S.C. § 1332(d)) as to the entire action.  Dkt. No. 92 ¶¶ 34-36.  Where an action asserts both federal and state law claims, and the evidence at issue relates to both, federal privilege law applies.  *Wilcox v. Arpaio*, 753 F.3d 872, 876 (9th Cir. 2014).  No party contends that Google's disputed privilege entries concern documents relevant only to claims or defenses arising under state law. Accordingly, federal law governs Google's assertions of privilege.

 "The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020).  The privilege extends to a client's confidential disclosures to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such disclosures. *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (citations and quotations omitted).  "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed."  *Id.* (citations and quotations omitted).  In the Ninth Circuit, whether information is protected by the attorney-client privilege is determined using an eight-part test:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Sanmina*, 968 F.3d at 1116.  Where a communication has more than one purpose, it may be protected as privileged if the primary purpose of the communication is to give or receive legal advice, as opposed to business or some other non-legal advice.  *In re Grand Jury*, 23 F.4th 1088, 1092-94 (9th Cir. 2021), *cert. granted sub nom. In re Jury*, No. 21-1397, 2022 WL 4651237 (U.S. Oct. 3, 2022) (describing and adopting the "primary purpose" test for dual-purpose

2

1   communications).

2          The attorney work product doctrine protects from discovery materials that are prepared by

3   or for a party or its representative in anticipation of litigation.  Fed. R. Civ. P. 26(b)(3).  The

4   doctrine provides qualified protection against discovery of the legal strategies and mental

5   impressions of a party's counsel.  *Hickman v. Taylor*, 329 U.S. 495, 508–10 (1947); *Upjohn Co. v.*

6   *United States*, 449 U.S. 383, 390–91 (1981).  It does not protect facts from disclosure unless

7   disclosure of those facts would inherently reveal an attorney's strategies or mental

8   impressions.  *See, e.g.*, *O'Toole v. City of Antioch*, No. 11 CV 01502 PJH MEJ, 2015 WL

9   1848134, at *3 (N.D. Cal. Apr. 14, 2015); *Hamilton v. RadioShack Corp.*, No. C 11-00888 LB,

10   2012 WL 2327191, at *4–5 (N.D. Cal. June 18, 2012).

11          A party claiming that a document or information is privileged or protected from disclosure

12   has the burden to establish that the privilege or protection applies.  *See United States v. Martin*,

13   278 F.3d 988, 999–1000 (9th Cir. 2002).  In particular, a party asserting privilege or work product

14   protection must "describe the nature of the documents . . . in a manner that, without revealing

15   information itself privileged or protected, will enable other parties to assess the claim." Fed. R.

16   Civ. P. 26(b)(5)(A); *see also Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of*

17   *Mont.*, 408 F.3d 1142, 1148 (9th Cir. 2005).  The Ninth Circuit has held a party meets its burden

18   by providing a privilege log that identifies "(a) the attorney and client involved, (b) the nature of

19   the document, (c) all persons or entities shown on the document to have received or sent the

20   document, (d) all persons or entities known to have been furnished the document or informed of

21   its substance, and (e) the date the document was generated, prepared, or dated."  *In re Grand Jury*

22   *Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992) (citing *Dole v. Milonas,* 889 F.2d 885, 888 n.3

23   (9th Cir. 1989)).  However, a party may substantiate a claim of privilege by other means.  *Apple*

24   *Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 237 (N.D. Cal. 2015) ("Briefs, declarations or other

25   proof may establish the purpose of the communication or the specific role of the sender and each

26   individual recipient.").  The Advisory Committee Note to Rule 26 provides useful guidance about

27   how a party should assert a claim of privilege or protection:

28                 The party must also provide sufficient information to enable other

United States District Court
Northern District of California

parties to evaluate the applicability of the claimed privilege or protection. Although the person from whom the discovery is sought decides whether to claim a privilege or protection, the court ultimately decides whether, if this claim is challenged, the privilege or protection applies. Providing information pertinent to the applicability of the privilege or protection should reduce the need for in camera examination of the documents.

The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection. Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories. A party can seek relief through a protective order under subdivision (c) if compliance with the requirement for providing this information would be an unreasonable burden.

Fed. R. Civ. P. 26, Advisory Committee Note to 1980 amendment.

## III.   DISCUSSION

Plaintiffs challenge Google's privilege assertions on several grounds. For the most part, the parties do not disagree about the law governing the scope of the attorney-client privilege or the attorney work product doctrine; they disagree about the sufficiency of Google's showing that the logged documents are, in fact, privileged or protected as Google claims. Accordingly, the Court first addresses the parties' arguments regarding the sufficiency of Google's privilege logs, and then discusses the further proceedings necessary to resolve this dispute.

### A.   Sufficiency of Google's Privilege Log Entries

Plaintiffs argue that Google's privilege logs contain only generic descriptions that do not enable other parties or the Court to assess its privilege assertions. Dkt. No. 339 at 1. They say that if the Court does not order Google to produce all documents corresponding to disputed entries, it should order Google to provide the following additional information for all disputed entries: (1) the document title or subject line, (2) the positions of the authors and recipients, and (3) more detail about the issue, regulation, or policy that is the subject of the document. *Id.* at 2. Google responds that its privilege log entries are not generic assertions of privilege, but include descriptions of the subject matter of each privileged document, and that Rule 26(b)(5) does not

4

United States District Court
Northern District of California

require disclosure of any of the additional information plaintiffs demand.  *Id.* at 4-5.  Google also argues that plaintiffs ask for information that is inconsistent with the ESI Order entered in this action.  *Id.* at 4.

A privilege log is one vehicle by which a party may make a *prima facie* showing that a privilege or protection applies.  *In re Grand Jury Investigation*, 974 F.2d at 1071; *Dole*, 889 F.2d at 890 (describing other means to assert privilege).  Google is correct that the Ninth Circuit does not require disclosure of the title or subject line of a document, the organizational positions held by its senders or recipients, or a description of the subject matter of the document.  *See In re Grand Jury Investigation*, 974 F.2d at 1071 (privilege log that included information on the subject matter of each document exceeded what was required).  On the other hand, Google's privilege logs do not include, for every disputed entry, all of the information that the Ninth Circuit found sufficient for a *prima facie* showing of privilege in *In re Grand Jury Investigation* and *Dole*.

Consider, for example, the four entries plaintiffs cite in their discussion of this issue: Entries #41, #7390, #9028, and #9856.  Entries #41 and #9028 include a date, the author/custodian's email address, and a description of the nature of the document and its general subject matter; they do not include the author/custodian's name, the attorney involved, or all persons or entities known to have received the document or been informed of its substance.[1]  Entry #7390 is more complete.  It includes a date, the author/custodian's name and email address, the recipients' names and email addresses, and a description of the nature of the document and its general subject matter; it does not include the attorney involved.  At the other end of the spectrum, Entry #9856 includes only a date, a corporate (not individual) author/custodian, and a description of the nature of the document and its general subject matter; it does not include the name of the person who authored the document, all persons or entities known to have received the document or been informed of its substance, or the attorney involved.

Google explains that, as required by the ESI order, its log identifies the author and recipients of a privileged communication only where such information is "electronically

---

[1] The Court infers that an asterisk next to a name on the privilege log indicates that the person is an attorney.

extractable from the relevant document," and that the description it provides of each document is otherwise sufficient.  *See* Dkt. No. 339 at 4, 5 (citing ESI order, Dkt. No. 125 at 8).  Google notes that the Court rejected plaintiffs' proposal with respect to redacted documents that "[u]pon reasonable request, the Producing Party agrees to provide additional information supporting the claim of privilege if it is not clear from the face of the redacted document."  *See* Dkt. No. 116 at 4; Dkt. No. 95 at 3-4, Ex. 1 (sec. 11(d)).  Plaintiffs respond that neither the ESI order nor any other order defines precisely what the contents of Google's privilege logs should be or relieves Google of its obligation to comply with Rule 26(b)(5)(A).  Dkt. No. 339 at 2.  Plaintiffs are correct.  In addressing the parties' dispute about privilege assertions for ESI, the Court wrote:

> A party claiming privilege or work product protection must describe the materials being withheld "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A).  If the parties disagree about whether a withheld or redacted document is privileged or protected, they will have to discuss the matter before bringing the dispute to the Court's attention, and this discussion may well involve the exchange of additional information.

> To the extent plaintiffs' proposed text is intended as a statement of what may be necessary to resolve certain disputes about privilege claims, the Court finds it unnecessary to include such a statement in the ESI protocol.

Dkt. No. 116 at 4-5.  The joint discovery dispute submission contains no indication that the parties have exchanged or discussed *any* additional information about *any* of the disputed entries, with the possible exception of the distribution list membership information Google says it will provide to plaintiffs.

Given the very large number of logged documents, the Court is sympathetic to Google's argument that it would be unduly burdensome to include for every entry the level of detail that might be appropriate when only small numbers of documents are withheld from production.  *See* Rule 26, Advisory Committee Note to 1980 amendment ("Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected . . . .").  Nevertheless, for at least some of the disputed entries, it is difficult to conclude that Google has made an acceptable *prima facie* showing that the privilege applies, and it (apparently) has

provided no additional information to plaintiffs even about the four entries plaintiffs raise as examples (Entries #41, #7390, #9028, and #9856).  On the other hand, plaintiffs' demand for information about the document title or subject line, the organizational positions of the authors and recipients, and detail about the issue, regulation, or policy that is the subject of the document are unlikely to make it easier for plaintiffs or the Court to assess whether a document actually seeks or contains legal advice.  Rather, plaintiffs' demand for this information seems calculated to help them assess whether the contents of a withheld document might be important for the merits of the case.  Likewise, plaintiffs' suggestion that the Court should find a waiver and order Google to produce all disputed documents is inconsistent with the Ninth Circuit's direction in *Burlington*. *See* 408 F.3d at 1148-1149 (discussing "holistic approach").

The very large number of otherwise responsive documents that Google has withheld as privileged, particularly when compared to the number of nonprivileged documents Google has produced, raises questions about whether Google's privilege assertions—i.e., its decisions to withhold documents in whole or in part from production—are more expansive than Ninth Circuit law permits.  Those questions cannot be answered for all disputed entries simply by referring to Google's privilege logs, particularly for those entries that do not clearly indicate (by name or otherwise) the attorney or attorneys whose advice was sought or provided, or whose work product is reflected in the logged document.  In any event, it is impossible for the Court to conduct a meaningful evaluation of the 5,470 entries in dispute.[2]

Because this dispute cannot be resolved on the basis of the parties' joint discovery dispute submission, the Court orders further proceedings, described in detail below.

**B.      Further Proceedings**

The expedited dispute resolution procedure the Court requires parties to use for discovery disputes is not well-suited to resolving the parties' present dispute regarding Google's privilege assertions.  Given the number of disputed entries and the likelihood that resolution may require the

---

[2] Because the Court adopts further proceedings, as set forth below, the Court denies plaintiffs' request for leave to file supplemental material in connection with the joint discovery dispute submission.  Dkt. No. 341.

United States District Court
Northern District of California

application of well-established legal principles to complex facts, the Court concludes that the matter should be briefed as a regularly noticed motion under Civil Local Rule 7-2, supported by declarations and other evidence as necessary.  Unless the parties agree otherwise, plaintiffs will be the moving party.  In addition, the Court will require Google to submit for *in camera* review the documents corresponding to representative disputed entries, as explained more fully below.  *See, e.g., United States v. Chevron Texaco Corp.*, 241 F. Supp. 2d 1065 (N.D. Cal. 2002) (relying on briefing, declarations, and *in camera* review of challenged documents); *Klein v. Meta Platforms, Inc.*, No. 20-CV-08570-JD (VKD), 2022 WL 767096 (N.D. Cal. Mar. 11, 2022) (same).  Before plaintiffs file their motion, the parties shall comply with the following directions:

In their joint submission, the parties refer to the following 18 disputed entries as examples: #4, #41, #268, #285, #660, #1095, #1231, #1262, #2813, #3265, #4712, #4835, #7390, #9028, #9865, #9886, #9955, and #10217.  The Court will consider these to be representative examples.

For each of these 18 entries, Google must provide to plaintiffs at least the following information:  (1) date, (2) author/sender/custodian name,[3] (3) all known recipients, (4) the attorney(s) involved, (5) the nature of the document, (6) the subject matter of the document, and (7) the privilege or protection claimed.[4]  If the sender or recipient of an email communication is a distribution list, Google need only provide the current membership of the list (as it has already proposed to do), a description of the nature of the list (*e.g.*, company-wide, specific department, executive team, etc.), and a statement indicating whether, at the time of the communication, the list included any recipients who were not Google employees.  Google shall provide this information to plaintiffs no later than **December 1, 2022**.

If, after receiving the additional information from Google, plaintiffs dispute Google's assertion of privilege or work product protection for any of the 18 disputed entries, they may file a regularly noticed motion addressing these entries.  The motion need not be limited to the sufficiency of Google's supporting disclosures (i.e., whether Google has made a *prima facie*

---

[3] The disclosures should identify an individual or individuals, not "Google," if known.

[4] If any of this information is not available for a particular entry, Google must so inform plaintiffs.

8

showing of privilege) but may challenge the privilege assertion on the merits.

If Google opposes plaintiffs' motion, it must submit for *in camera* review the documents corresponding to the disputed entries at the time it files its opposition.[5]

After the Court decides plaintiffs' motion it will consider whether any further proceedings are necessary to address any remaining disputes regarding Google's privilege assertions.

## IV.    CONCLUSION

The Court denies without prejudice plaintiffs' request for relief and orders further proceedings as set forth in this order.

**IT IS SO ORDERED.**

Dated: November 17, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[5] For now, the Court's *in camera* review will be limited to whichever of the 18 disputed entries remain in dispute at the time of Google's opposition.

9