UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR (VKD)<br><br>**ORDER RE SEALING**<br>Re: Dkt. Nos. 338, 340, 342, 348 |

The parties filed a joint letter brief regarding a discovery dispute related to defendant Google LLC's ("Google") privilege logs in this action. *See* Dkt. No. 339. The parties filed the pertinent privilege logs provisionally under seal. Dkt. Nos. 338-3, 338-4. Plaintiffs also filed a version of the privilege logs with appended explanatory material in support of their arguments in the joint letter brief. Dkt. No. 340-3. As the designating party, pursuant to Local Rule 79-5(f)(3) Google filed responsive motions asserting its reasons that portions of its privilege logs should be redacted. Dkt. Nos. 342, 348.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). A litigant seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure.

*Id.* at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

Google's motions to seal (Dkt. Nos. 342, 348) concern information submitted in connection with a discovery dispute. The underlying discovery dispute does not address the merits of the parties' claims or defenses, and the Court therefore applies the "good cause" standard of Rule 26(c).

The portions of the submissions that Google seeks to redact contain the names and email addresses of Google employees. Dkt. No. 342 at 3. Google states that "[t]hese individual employees are not parties to this action, and their names and contact information are not germane to the resolution of the parties' pending discovery dispute." *Id.* They argue that "public disclosure of these employees' personal information could subject them to unsolicited contact from the public or harassment." *Id.*

"The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. However, courts have sealed personal information "to protect an individual's privacy and prevent exposure to harm, particularly where the information relates to nonparties." *In re BofI Holding, Inc. Secs. Litig.*, No. 15-cv-2324-GPC-KSC, 2021 WL 3700749 at *8 (S.D. Cal. July 17, 2021) (sealing plaintiffs' Rule 26(a) initial disclosures in putative securities class action containing the names and contact information of witnesses, including confidential witnesses who participated in plaintiffs' pre-filing investigation on condition of anonymity). A party may meet its burden to establish that sealing is warranted where disclosure of the information would violate a legitimate privacy interest leading to risk of harm. *Shopify Inc. v. Express Mobile, Inc.*, No. 20-mc-80091-JSC, 2020 WL 4732334, at *9 n.12 & *11 (N.D. Cal. Aug. 14, 2020) (finding good cause to seal personal information in a privilege log, including names and email addresses of individuals connected to defendant and its patent agent who were "not involved with or incident to the current litigation" and where disclosure of the information would violate a "legitimate privacy interest," but denying a request to seal other references to employees' names and titles that did not otherwise reveal confidential information).

Because the individuals in question are not parties to this action, and their names and

contact information are not germane to the resolution of the merits of the parties' dispute in this action, the Court finds that the public's interest in access to that information is outweighed by the risk of possible harassment to the individuals in question. Accordingly, Google's motion to seal is granted to protect these employees' privacy interests.

Redacted versions of the privilege logs, reflecting the approved redactions, have already been filed on the public docket (Dkt. No. 339-1, 339-2), so the Court requires no further action from the parties.

**IT IS SO ORDERED.**

Dated: November 17, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge

3