COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
LAURA M. ELLIOTT (SBN 286702)
(lelliott@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
ELIZABETH SÁNCHEZ SANTIAGO
(SBN 333789)
(lsanchezsantiago@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Defendant

Attorneys for Defendant
GOOGLE LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br><br>This Document Relates to: *all actions*, | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE AUGUST 30, 2022 HEARING TRANSCRIPT** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE LLC'S ADMIN
MOTION TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

## I.    INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5, Defendant Google LLC ("Google") respectfully submits this Administrative Motion ("Google's Motion") to consider whether portions of the August 30, 2022 Hearing Transcript, attached hereto as Exhibit A, should remain under seal.

The portions of the Hearing Transcript listed below reflect highly confidential and proprietary information regarding sensitive internal data systems and operations, including Google's internal data logs, data signals, and experiments, that Google keeps confidential. As set forth in Google's Motion and in the Declaration of Laura M. Elliott ("Elliot Declaration"), Google confirms the confidentiality of these items.

Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below:

| Document | Portions to be filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| August 30, 2022 Hearing Transcript | Portions Highlighted in Yellow at: 32:18-19, 32:25-33:1, 50:5-7, 50:10-11, and 55:10 | Google |

## II.    LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (i.e., is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case[.]" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE LLC'S ADMIN
MOTION TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

1   information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824-BLF, 2018 WL 4561773, at \*1

2   (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d

3   1206, 1210–11 (9th Cir. 2002)).

4       The Hearing Transcript at issue relates to a non-dispositive discovery motion, and thus the

5   good cause standard applies here.  *See, e.g., Pieterson v. Wells Fargo Bank, N.A.*, No. 17-cv-02306-

6   EDL, 2018 WL 10362631, at \*2 (N.D. Cal. Nov. 8, 2018) ("Because the sealing requests were

7   made in conjunction with a nondispositive discovery motion, a showing under the good cause

8   standard will suffice."); *Calhoun v. Google*, Case No. 20-cv-05146, ECF No. 327 at 2 (N.D. Cal.

9   Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties

10   seek to seal was submitted to the Court in connection with discovery-related motions, rather than a

11   motion that concerns the merits of the case"); *id.* at ECF No. 386 (sealing hearing transcripts related

12   to discovery dispute under "good cause" standard.").   Notably, "[r]ecords attached to

13   nondispositive motions are not subject to the strong presumption of access." *TVIIM, LLC v. McAfee*,

14   *Inc.*, No. 13-cv-04545-HSG, 2015 WL 5116721, at \*1 (N.D. Cal. Aug. 28, 2015) (citation omitted).

15
16   **III.   GOOD CAUSE WARRANTS SEALING OF PORTIONS OF THE AUGUST 30, 2022 HEARING TRANSCRIPT**
17

18       Google asks this Court to seal portions of the Hearing Transcript which contain Google's

19   confidential, proprietary information.   Pursuant to the good cause standard, Google's sealing

20   request is warranted.

21       As an initial matter, the proposed redactions are narrowly tailored to redact only the specific

22   portions of the Hearing Transcript that reflect confidential information, and thus do not "unduly

23   limit[] public access." *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-CV-02099 JST

24   (NC), 2014 WL 2810193, at \*2 (N.D. Cal. June 20, 2014).

25       Further, good cause exists to support Google's narrow sealing request.  As explained in the

26   Elliott Declaration, each of the portions of the August 30, 2022 Hearing Transcript that Google

27   seeks to seal contain confidential and proprietary information regarding highly sensitive features

28   of Google's internal systems and operations that Google does not share publicly.  (Elliott Decl. ¶

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE LLC'S ADMIN
MOTION TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

5.)  This information includes details related to Google's internal data logs and data signals and their proprietary functionalities and reveals Google's internal strategies, experiments, and business practices for operating and maintaining its services while complying with its legal and privacy obligations. (*Id.* ¶¶ 5, 6.) This information should be sealed for multiple reasons.

*First*, this information is precisely the type of "competitively sensitive information," such as "confidential research, development, or commercial information," that courts have found warrants sealing. *France Telecome S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); Elliott Decl. ¶ 7; *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information").

*Second*, public disclosure of the above-listed information would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary systems, strategies, and designs to Google's competitors.  Elliott Decl. ¶ 7.  For these reasons, courts in this District also routinely seal references to data logs and internal data systems. *See, e.g.*, *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, ECF No. 192, at 3–9 (N.D. Cal. May 3, 2017) (granting motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *In re Google Inc. Gmail Litig.*, No. 13-md-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems). And, in fact, this Court has already previously sealed similar references to internal data logs. *In re Google RTB Consumer Privacy Litig.*, No. 21-cv-02155-YGR, ECF 186 (N.D. Cal. Apr. 29, 2022) (sealing reference to data sources).

*Third*, good cause also exists to seal portions of the Hearing Transcript to prevent malicious actors from seeking to compromise Google's data sources, including data logs, internal data structures, and internal identifiers.  Public disclosure would place Google at an increased risk of cyber security threats.  Elliott Decl. ¶ 8.  *See, e.g.*, *In re Google Inc. Gmail Litig.*, 2013 WL

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE LLC'S ADMIN
MOTION TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material concern[ing] how users' interactions with the Gmail system affects how messages are transmitted" because if made public, it "could lead to a breach in the security of the Gmail system"). Thus, the security threat is yet another compelling reason for this Court to seal the identified information.

## IV.   CONCLUSION

For the foregoing reasons, Google respectfully requests the Court seal the aforementioned portions of the August 30, 22 Hearing Transcript reflected in Google's concurrently filed redactions, the public disclosure of which would cause significant harm to Google.

Dated: November 18, 2022                    COOLEY LLP


By: */s/ Laura M. Elliott*
          Laura M. Elliott

Attorney for Defendant
GOOGLE LLC

276795441

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE LLC'S ADMIN
MOTION TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD