COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
LAURA M. ELLIOTT (SBN 286702)
(lelliott@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
ELIZABETH SANCHEZ SANTIAGO (SBN 333789)
(lsanchezsantiago@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: +1 202 842 7800
Facsimile: +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions*, | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (ECF NO. 364, 366)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTIONS TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3), Defendant Google LLC ("Google") respectfully submits this Response to Plaintiffs' Administrative Motions ("Google's Response") to Consider Whether Another Party's Materials Should be Sealed (ECF Nos. 364, 366) in connection with the Joint Letter Brief Regarding Named-Plaintiff Data ("Named-Plaintiff Data Brief") (ECF No. 365), the Joint Letter Brief Regarding Use of *Calhoun* Materials ("*Calhoun* Brief") (ECF No. 367) (collectively, "Joint Letter Briefs"), and the *Calhoun* materials cited in the *Calhoun* Brief (ECF No. 367-1 through 367-5).

The cited portions of the Joint Letter Briefs and *Calhoun* materials reflect confidential information disclosed in this action and in *Calhoun v. Google*, No. 20-cv-5146 ("*Calhoun*"). As set forth below and in the accompanying Declaration of Kelsey Spector ("Spector Decl."), Google confirms the confidentiality of these documents. Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below:

| Document | Text to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| Joint Letter Brief Regarding Named-Plaintiff Data (ECF No. 365) | Portions highlighted at pages 1-7 | Google |
| Joint Letter Brief Regarding Use of *Calhoun* Materials (ECF No. 367) | Portions highlighted at pages 1-5 | Google |
| Exhibit 1 to Joint Letter Brief Regarding Use of *Calhoun* Materials (ECF No. 367-1) | Entirety | Google |
| Exhibit 2 to Joint Letter Brief Regarding Use of *Calhoun* Materials (ECF No. 367-2) | Entirety | Google |
| Exhibit 3 to Joint Letter Brief Regarding Use of *Calhoun* Materials (ECF No. 367-3) | Entirety | Google |
| Exhibit 4 to Joint Letter Brief Regarding Use of *Calhoun* Materials (ECF No. 367-4) | Entirety | Google |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTIONS TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

| | | |
|---|---|---|
| Exhibit 5 to Joint Letter Brief Regarding Use of *Calhoun* Materials (ECF No. 367-5) | Entirety | Google |

## II.   LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the information is "sealable").  Civ. L.R. 79-5(b).  Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

Briefing for a discovery motion is non-dispositive, and thus the good cause standard applies here. *See, e.g.*, *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-cv-02306-EDL, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("Because the sealing requests were made in conjunction with a nondispositive discovery motion, a showing under the good cause standard will suffice."); *Calhoun v. Google*, No. 20-cv-05146, ECF No. 327, at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case.").  The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824-BLF, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)).  Notably, under this standard, "[r]ecords attached to nondispositive motions are not subject to the strong presumption of access." *TVIIM, LLC v. McAfee, Inc.*, No. 13-cv-04545-HSG, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) (citation omitted).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTIONS TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

### III. GOOD CAUSE WARRANTS SEALING PORTIONS OF THE JOINT LETTER BRIEFS AND *CALHOUN* MATERIALS.

Google asks this Court to seal portions of the Joint Letter Briefs and the entirety of the *Calhoun* materials, which contain information derived from Google's confidential, proprietary information. Under the good cause standard, Google's sealing request should be granted.

As an initial matter, the proposed redactions to the Joint Letter Briefs and *Calhoun* materials are narrowly tailored to encompass only the specific portions that qualify as confidential information and therefore do not "unduly limit[] public access." *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST-NC, 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

Furthermore, good cause exists to support Google's narrow sealing requests. **First,** each of the *Calhoun* documents and portions of the Joint Letter Briefs that Google seeks to seal contain confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly. (Spector Decl. ¶¶ 3-5.) Specifically, these documents reference technical details and identifiers related to highly sensitive data logs and data systems that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors. (*Id*. ¶¶ 3-5.) This information includes details pertaining to Google's internal projects and their proprietary functionalities, data infrastructure, logs, and metrics, as well as details relating to the burden associated with producing such information in litigation. **Second**, public disclosure of documents that contain technical details and identifiers related to Google's highly sensitive data logs and data systems place Google at risk of irreparable harm because these may reveal Google's internal strategies, system designs, and business practices for operating and maintaining many of its important proprietary services. (Spector Decl. ¶¶ 3-6.) This creates a serious cybersecurity risk as third parties may seek to use this information to compromise Google's data sources, including data logs, internal data structures, and internal identifier systems. (*Id*. ¶¶ 3-5, 7.)

Courts in this District routinely find that references to data logs and data systems warrant sealing. *See, e.g.*, *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, ECF No. 192,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTIONS TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

at 3–9 (N.D. Cal. May 3, 2017) (granting motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *In re Google Inc. Gmail Litig.*, No. 13-md-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems). This Court has already previously sealed similar descriptions of internal data logs. *In re Google RTB Consumer Privacy Litig.*, No. 21-cv-02155-YGR, ECF No. 186 (N.D. Cal. Apr. 29, 2022) (sealing descriptions of data sources); ECF No. 324 (N.D. Cal. Sept. 26, 2022) (sealing portions concerning Google's data signals, internal strategy, and business practices).

### IV. CONCLUSION

For the foregoing reasons, Google respectfully requests the Court seal portions of the Joint Letter Briefs and *Calhoun* materials.

Dated: November 29, 2022                COOLEY LLP

By: */s/ Kelsey R. Spector*
      Kelsey R. Spector

Attorney for Defendant
GOOGLE LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTIONS TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD