1
2
3
4
5
6
7
8
9
10
11

COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
LAURA M. ELLIOTT (SBN 286702)
(lelliott@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
ELIZABETH SÁNCHEZ SANTIAGO (SBN 333789)
(lsanchezsantiago@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

12
13

Attorneys for Defendant
GOOGLE LLC

14

UNITED STATES DISTRICT COURT

15

NORTHERN DISTRICT OF CALIFORNIA

16

OAKLAND DIVISION

17

18
19
20
21
22

In re Google RTB Consumer Privacy Litigation,

This Document Relates to:  *all actions*

Master File No. 4:21-cv-02155-YGR-VKD

**DECLARATION OF KELSEY R. SPECTOR IN SUPPORT OF GOOGLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (ECF NO. 364, 366)**

23
24
25
26
27
28

I, Kelsey Spector, declare as follows:

1.    I am an attorney at the law firm of Cooley LLP and an attorney of record for Google in *In re Google RTB Consumer Privacy Litigation*, Case No. 4:21-cv-02155.  I am licensed to practice law in the state of California and am admitted to practice before this Court.  I submit this declaration in support of Google's Response to Plaintiffs' Administrative Motions to Consider Whether Another Party's Materials Should be Sealed (ECF Nos. 364, 366).  I have personal knowledge of the facts herein, and I am competent to testify.  I make this declaration pursuant to Local Rule 79-5 as an attorney for Google, the Designating Party.

2.    On November 21, 2022 Plaintiffs filed their Administrative Motions to Consider Whether Another Party's Materials Should Be Sealed (ECF Nos. 364, 366) in  connection with the Joint Letter Brief Regarding Named-Plaintiff Data ("Named-Plaintiff Data Brief") (ECF No. 365), the Joint Letter Brief Regarding Use of *Calhoun* Materials ("*Calhoun* Brief") (ECF No. 367) (collectively, "Joint Letter Briefs"), and the *Calhoun* materials cited in the *Calhoun* Brief (ECF No. 367-1 through 367-5). On that same day, I received an unredacted service copy of the Joint Letter Briefs and *Calhoun* materials cited in the *Calhoun* Brief.

3.    I have reviewed the documents that Plaintiffs seek to file under seal pursuant to Local Rule 79-5. These documents reflect confidential information disclosed in this matter and in the related matter *Calhoun v. Google*, No. 21-cv-05146. Based on my review and in consultation with my client, I understand that there is good cause to seal the following information:

| Document | Text to be Sealed | Basis for Sealing |
|---|---|---|
| Joint Letter Brief Regarding Named-Plaintiff Data (ECF No. 365) | Portions highlighted at pages 1-7 | I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal logs and their proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors.  Additionally, I |

Dec. of K. Spector ISO Google's
Response to Ps' Admin. Motions to Seal
Case No. 4:21-cv-02155-YGR-VKD

| | | |
|---|---|---|
| | | understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, as well as the burden associated with producing this information in litigation, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Joint Letter Brief Regarding Use of *Calhoun* Materials (ECF No. 367) | Portions highlighted at pages 1-5 | I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal logs and their proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors.  Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, as well as the burden associated with producing this information in litigation, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEC. OF K. SPECTOR ISO GOOGLE'S
RESPONSE TO PS' ADMIN. MOTIONS TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

| | | of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
|---|---|---|
| Exhibit 1 to Joint Letter Brief Regarding Use of *Calhoun* Materials (ECF No. 367-1) | Entirety | I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, specifically an internal log and its proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Exhibit 2 to Joint Letter Brief Regarding Use of *Calhoun* Materials (ECF No. 367-2) | Entirety | I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, specifically an internal log and its proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system |

| | | designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
|---|---|---|
| Exhibit 3 to Joint Letter Brief Regarding Use of *Calhoun* Materials  (ECF No. 367-3) | Entirety | I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, specifically an internal log and its proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Exhibit 4 to Joint Letter Brief Regarding Use of | Entirety | I understand the information requested to be sealed contains Google's highly |

Cooley LLP
Attorneys at Law
San Francisco

5

Dec. of K. Spector ISO Google's
Response to Ps' Admin. Motions to Seal
Case No. 4:21-cv-02155-YGR-VKD

| | | |
|---|---|---|
| *Calhoun* Materials (ECF No. 367-4) | | confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, specifically an internal log and its proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Exhibit 5 to Joint Letter Brief Regarding Use of *Calhoun* Materials (ECF No. 367-5) | Entirety | I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, specifically an internal log and its proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEC. OF K. SPECTOR ISO GOOGLE'S
RESPONSE TO PS' ADMIN. MOTIONS TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

|  |  | disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
|---|---|---|

4.      Google does not seek to redact or file under seal any of the remaining portions of the Joint Letter Briefs and *Calhoun* materials not indicated in the table above.

5.      To the best of my knowledge, certain information in the documents indicated in the table above references technical details and identifiers related to highly sensitive data logs and data systems that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors. Specifically, this information includes details related to various of Google's advertising products and their proprietary functionalities, data infrastructure, logs, and metrics.

6.      I understand that revealing this information publicly may reveal Google's internal strategies, system designs, and business practices for operating and maintaining many of its important proprietary services.

7.      I understand that public disclosure of this information presents serious risk of irreparable harm to Google, including cyber security risk, as third parties may seek to use this information to compromise Google's data sources, including data logs, internal data structures, and internal identifier systems.

8.      Attached hereto as Exhibit A is a copy of the Joint Letter Brief Regarding Named-Plaintiff Data (ECF No. 365) that highlights the specific information that Google seeks to maintain under seal.

9.      Attached hereto as Exhibit B is a copy of the Joint Letter Brief Regarding Use of *Calhoun* Materials (ECF No. 367) that highlights the specific information that Google seeks to maintain under seal.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEC. OF K. SPECTOR ISO GOOGLE'S
RESPONSE TO PS' ADMIN. MOTIONS TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

10.     Attached hereto as Exhibit C is a copy of Exhibit 1 to the Joint Letter Brief Regarding Use of *Calhoun* Materials (ECF No. 367-1) that Google seeks to maintain under seal.

11.     Attached hereto as Exhibit D is a copy of Exhibit 2 to the Joint Letter Brief Regarding Use of *Calhoun* Materials (ECF No. 367-2) that Google seeks to maintain under seal.

12.     Attached hereto as Exhibit E is a copy of Exhibit 3 to the Joint Letter Brief Regarding Use of *Calhoun* Materials (ECF No. 367-3) that Google seeks to maintain under seal.

13.     Attached hereto as Exhibit F is a copy of Exhibit 4 to the Joint Letter Brief Regarding Use of *Calhoun* Materials (ECF No. 367-4) that Google seeks to maintain under seal.

14.     Attached hereto as Exhibit G is a copy of Exhibit 5 to the Joint Letter Brief Regarding Use of *Calhoun* Materials (ECF No. 367-5) that Google seeks to maintain under seal.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on November 29, 2022 in San Francisco, California.


                                        */s/ Kelsey R. Spector*
                                        Kelsey R. Spector

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEC. OF K. SPECTOR ISO GOOGLE'S
RESPONSE TO PS' ADMIN. MOTIONS TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD