# EXHIBIT B

# (REDACTED VERSON OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL)

UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

November 21, 2022

Magistrate Virginia K. DeMarchi
Courtroom 2 – 5th Floor
San Jose Courthouse
280 South 1st Street
San Jose, CA 95113

      Re:     ***In re Google RTB Consumer Privacy Litigation***, No. 4:21-cv-02155-YGR-VKD

Dear Magistrate Judge DeMarchi:

Pursuant to Dkt. 313, ¶ 4, Plaintiffs and Defendant Google LLC ("Google") (together, the "Parties") submit this joint letter concerning the *Calhoun* materials Plaintiffs have selected to present to the Court in relation to the Named Plaintiffs' ███████ Log Data discovery dispute.

**I.    PLAINTIFFS' POSITION**

Plaintiffs submit excerpts from the Named Plaintiff data ("NPD") produced in *Calhoun*[1] demonstrating that the At-Issue Logs contain information that is (1) relevant; (2) unique; and (3) not captured by Google's proposal; and (4) not in the █████████████████

**Exhibit 1:** ██████████████████████████████████
█████████████████████
are recorded here. The exemplar shows that ████████████████████
███████████████████████████ were shared in the auction, as were
█████████████████████ Note that ████████████████
█████████████████ *See* Dkt. 80, Consolidated Class Action Complaint
("CCAC"), ¶¶ 141, 162. ███████████████ This log
████████████████████████ In addition, it ██████████████████████
██████████ Plaintiffs believe it is the only log for which Google has not destroyed
relevant pre-Complaint data.

Google argues that because certain fields are not shared through RTB, they are irrelevant. ███████████
But internal documents ███████████████████████████
█████████████████████ *See* GOOG-HEWT-00105248, at -261. Google
ignores that the fields are derived from the URL, and that removing such information from bid requests makes no functional difference: "the same classification can be done by third parties given URL data." *See* GOOG-HEWT-00182250, at -253. Thus, even excluding ████████ Google's classifications are relevant to Google's internal knowledge that it was violating its express promises. *See* CCAC ¶¶ 1, 3, 11, 14–16, 22, 91, 102–105, 112, 206 (comparing Google's promises

---

[1] If helpful, Plaintiffs will provide full logs produced in *Calhoun*, and expert analysis to assist the Court.

November 21, 2022
Page 2

and actions. Google argues that it shouldn't' have to produce because the log contains sensitive business information, but does not explain why this Stipulated Protective Order is inadequate.



**Exhibit 2:** This exemplar shows

Google argues that it is too burdensome to produce "every record or every field," but does not substantiate its claim. The *Calhoun* process showed minimal burden. Production from this log was completed in 15 days, and the "notice" consisted of an email to publishers, with no response. Google can and should leverage the process established in *Calhoun*.



**Exhibit 3:** Whereas the previous exemplars reflect This illustrates that were shared through an unsuccessful auction. data goes directly to Plaintiffs' unauthorized "sharing" allegations, which appear over 80 times in the CCAC. See, e.g., CCAC, ¶¶ 137, 140, 141, 163; see also id., ¶ 7 (alleging that Google allows non-winning auction participants to gain access to personal information through RTB).

Google argues that this , as and are duplicative of . Not so. contains a fraction of RTB relevant information, in the l logs. For example, as well as others related to identifiers and profiles are absent from

---

[2] This demonstrates Google's association of information disclosed in RTB with GAIA, Biscotti, and other identifiers, rendering it "personal information" under California law. Cal. Civ. Code § 1798.140(o)(1).

[3] These items relate directly to Google's unauthorized sharing, sale, and use of sensitive information – as alleged 43 separate times in the CCAC. See CCAC, ¶¶ 16, 156–164.

November 21, 2022
Page 3

**Exhibit 4:**  Like

Other logs do not contain this information, so provide an incomplete picture of the scope of Google's information disclosure.

Google argues that purportedly irrelevant fields warrant withholding the whole log. Not so. First, Google refuses to disclose fields or provide evidence to substantiate its relevance claim. The exemplars show that the requested logs are replete with relevant and unique information. If the Court accepts Google's proposal, dozens of other relevance disputes regarding specific fields Google unilaterally excluded will arise. This is neither justified, nor efficient. The rule is that "[u]nless otherwise stipulated or ordered by the court … [a] party must produce documents as they are kept in the usual course of business." Fed. R. Civ. P. Rule 34(b)(2)(E)(i). This rule is particularly important where, as here, the producing party's proposal would (1) exclude relevant information, (2) *increase* production burdens, and (3) lead to dozens of other disputes.

**Exhibit 5:**  Unlike the logs explained above, this exemplar identifies The exemplar also includes the

Rather than engaging with the efficiencies associated with production of a complete set, Google asserts that it is sufficient that it has separately provided the names of the RTB participants. But in Google has a readily available data source reflecting database information alongside the name recipients of NPD.

## II.    GOOGLE'S POSITION

Plaintiffs' "exemplars" prove only that the data Plaintiffs ask this Court to compel is either not relevant to Google's Real-Time Bidding system ("RTB") or is captured in what Google is already producing.



Plaintiffs' claim that "depicts the personal information sold and shared in Google RTB via RTB bid requests" exposes a fundamental misunderstanding (or mischaracterization) of this log. It reflects —**not** what Google shared externally with RTB participants. This rudimentary error alone is fatal to Plaintiffs' claims that they need copies of this log.

For the first time in their brief, Plaintiffs have pointed to numerous specific, purportedly relevant

November 21, 2022
Page 4

fields.[4]  Again, Plaintiffs only illustrate how their demands are not tailored to this case.  To give
examples:[5]

- Plaintiffs point to an ███████████████████████ but only *truncated* IP addresses are
  sent through RTB, so this data is never shared.

- Plaintiffs demand ██████████████████████████████ First, RTB shares
  no browsing history and sends only a version of the URL where the ad would appear.
  Second, this same data is included in the ████████████████ logs Google has produced
  and is producing.

- The ███████████████████████ is not shared through or used by RTB.  The information
  in the ████████████████████ has not been used in RTB in nearly three years
  and was deprecated long before Plaintiffs filed suit.

- Finally, regarding the ████████████████████████ Google has already started
  producing that information, as Plaintiffs know.

███████████████████

Google has already started producing samples of the relevant fields from this log and will produce
a sample of almost █████ of these records for the named Plaintiffs after the contractually-required
notice period elapses.  Plaintiffs cannot force Google to produce every one of the over ██████fields
currently populating in this log, the vast majority of which are not relevant to this suit.  Indeed, the
fields Plaintiffs identified in their draft brief only confirm that they are entitled to nothing
additional.  For example:

- The purported ██████████
  ███████████████ fields Plaintiffs demand relate exclusively to different ads products,
  *not RTB*.

---

[4] Plaintiffs' half-hearted attempts to meet and confer throughout this process have prejudiced
Google.  To give another example, Plaintiffs adopted a self-serving interpretation of the *Calhoun*
discovery order (ECF No. 313) and refused to identify these *Calhoun* materials at the *final* meet
and confer.  Instead, Plaintiffs first sent these documents on November 15, 2022, a week later and
just days before the Parties were due to file.  These actions prejudice Google's ability to fully
present these issues to the Court.

[5] Google is responding, within the space constraints, to the specific fields Plaintiffs identified in
the November 16 draft, which is the only information on Plaintiffs' positions Google has.  To
respond to Plaintiffs' inaccurate claims about the relevancy of the individual log fields they
identified, Google went through multiple rounds of questioning groups of engineers about the data
to which plaintiffs pointed, including two rounds last week which required input from no less than
██████████ engineers each time.

November 21, 2022
Page 5

- Similarly, the ███████████████ only reflects the ██████████████ ███████ and is never used in or shared through RTB.

- The ████ logs Google is producing already identify █████████████████ and the supposed ████████████, which is also in the ████ logs.

- Plaintiffs demand other data that they mischaracterize, such as the ████ ████████████ These are just the ████████████ ██████████████ both of which Google is already producing.

- Google discusses the ████████████████████████████ above, and the ████████████████████████ were never shared with RTB participants and were merely a Google internal input for the deprecated ████████████

- The data Plaintiffs described as ██████████████████████ is actually a list of ████████████

Plaintiffs' claims about the meaning and import of this data are baseless. ████████████████████ *and* ██████████████████████████

As Google has told Plaintiffs, these two logs, by definition, relate solely to ad opportunities where ██████████████████████████████████████████. That is inherent in these █████████████ logs. Additionally, while Plaintiffs claim they need this log to know who received an RTB callout, and allegedly their information, even if that participant did not win, Plaintiffs will get the available, relevant information about data shared with RTB participants, including the list of RTB participants themselves, through Google's ████ log production.

████████████████

The ████ ████████████████ log merely ████████████████████████ ████████████████ that is not necessary or relevant here. Yet again with this log, Google has been playing whack-a-mole, where Plaintiffs point to fields they claim are relevant to RTB, Google explains they are not, and Plaintiffs respond by identifying additional fields, starting the process over again. In any case, Plaintiffs identified only two purported bases for relevance of this log in the exchanged draft of this brief. First, Plaintiffs claim that this log ██████████████████████████████████████████ But Google has already, at Plaintiffs' request, provided this information in the ████ and ████████ data it has produced and will continue producing. Second, while Plaintiffs claim they need ████████ data ████████████████████ Google is already providing them with this information in the ████████████████ data.

In sum, Plaintiffs' exemplars, rather than showing that they are entitled to more data, only prove that they do not understand the logs they claim they need and that they already have or will shortly have the relevant data they are demanding.

November 21, 2022
Page 6

Dated: November 21, 2022         **BLEICHMAR FONTI & AULD LLP**

        By: */s/ Anne K. Davis*
        Lesley E. Weaver (SBN 191305)
        Anne K. Davis (SBN 267909)
        Joshua D. Samra (SBN 313050)
        555 12th Street, Suite 1600
        Oakland, CA 94607
        Tel.: (415) 445-4003
        Fax: (415) 445-4020
        *lweaver@bfalaw.com*
        *adavis@bfalaw.com*
        *jsamra@bfalaw.com*

Dated: November 21, 2022         **SIMMONS HANLY CONROY LLC**

        By: */s/ Jay Barnes*
        Jason 'Jay' Barnes (admitted *pro hac vice*)
        An Truong (admitted *pro hac vice*)
        Jennifer Paulson (admitted *pro hac vice*)
        112 Madison Avenue, 7th Floor
        New York, NY 10016
        Tel.: (212) 784-6400
        Fax: (212) 213-5949
        *jaybarnes@simmonsfirm.com*
        *atruong@simmonsfirm.com*
        *jpaulson@simmonsfirm.com*

Dated: November 21, 2022         **DiCELLO LEVITT LLC**

        By: */s/ David A. Straite*
        David A. Straite (admitted *pro hac vice*)
        485 Lexington Avenue, Suite 1001
        New York, NY 10017
        Tel.: (646) 933-1000
        *dstraite@dicellolevitt.com*

        *Counsel for Plaintiffs in RTB and Calhoun*

Dated: November 21, 2022         **COOLEY LLP**

        By: */s/  Jeffrey M. Gutkin*
        Michael G. Rhodes
        Jeffrey M. Gutkin

November 21, 2022
Page 7

Whitty Somvichian
Aarti G. Reddy
Laura M. Elliott
Kelsey R. Spector
Anupam S. Dhillon
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Tel.: 415-693-2000
Fax: 415-693-2222
rhodesmg@cooley.com
jgutkin@cooley.com
wsomvichian@cooley.com
lelliott@cooley.com
kspector@cooley.com
adhillon@cooley.com
cscott@cooley.com

Robby L.R. Saldaña
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Tel.: 202-776-2109
Fax: 202-842-7899
rsaldana@cooley.com

Attorneys for Defendant
GOOGLE LLC

November 21, 2022
Page 8

## **ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, Anne K. Davis, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st of November, 2022, at Pacifica, California.

/s/ *Anne K. Davis*
Anne K. Davis