1  Elizabeth C. Pritzker (Cal. Bar No. 146267)
   Jonathan K. Levine (Cal. Bar No. 220289)
2  Bethany Caracuzzo (Cal. Bar No. 190687)
   **PRITZKER LEVINE LLP**
3  1900 Powell Street, Suite 450
4  Emeryville, CA 94608
   Tel.: (415) 692-0772
5  Fax: (415) 366-6110
   *ecp@pritzkerlevine.com*
6  *jkl@pritzkerlevine.com*
7  *bc@pritzkerlevine.com*

8  *Interim Class Counsel*

9  [Additional Counsel Appear on Signature Page]

10

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION*<br><br>*This document applies to all actions.* | **CASE NO. 4:21-CV-02155-YGR**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REVISE CASE SCHEDULE**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: January 3, 2023<br>Time: 2:00 p.m.<br>Courtroom: 1, Fourth Floor |

# NOTICE OF MOTION AND MOTION

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 3, 2023, at 2 p.m., in Courtroom 1, 4th Floor, of this Court, located at 1301 Clay Street, Oakland, California, plaintiffs will and hereby do move the Court for an Order extending the pretrial schedule and trial date in this matter, by either four or six months, to address discovery delays occasioned by Defendant Google LLC ("Google").

This Motion is made pursuant to Fed. R. Civ. P. 16, Civil Local Rule 16-10, and this Court's inherent authority to allow plaintiffs additional time to obtain necessary class certification discovery prior to their class certification motion being filed, and additional time to complete all remaining discovery before merits motions are filed and trial preparation commences. As set forth below and in the accompanying Declarations of Elizabeth C. Pritzker ("Pritzker Decl.") and Lesley E. Weaver ("Weaver Decl."), good cause exists to revise the case schedule as proposed herein. Plaintiffs have been diligent in pursuing discovery and generally seeking to advance the litigation as expeditiously and efficiently as possible under the circumstances; however, Google has refused to produce scores of relevant documents and delayed turning over substantial amounts of other critical discovery including, most critically, data from Google's systems about the named plaintiffs and proposed class representatives that reveal how their private information was shared, sold and valued by Google through its real-time bidding ("RTB") system. Plaintiffs will be severely prejudiced without a further revision of the case schedule to obtain this important class certification discovery. The proposed four-to-six-month extension is fair and reasonable given the circumstances here. Google will not be prejudiced by the proposed case extension. To the contrary, the proposed extension will cure Google's concerted effort to run out the pre-class certification discovery clock.

Plaintiffs have met and conferred with Google in an effort to reach an agreement on a revised case schedule. Google opposes any extension of the case schedule.

Plaintiffs' Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Pritzker Declaration, the Weaver Declaration, the orders, pleadings, and files in this action, and such other matters as may be presented at or before the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Pursuant to Fed. R. Civ. P. 16, Civil Local Rule 16-10, and this Court's inherent authority, and for the reasons set forth below and in the accompanying Pritzker and Weaver Declarations, plaintiffs seek to extend the pretrial schedule and trial date in this matter by either four or six more months due to delays caused by Google's obstructionist conduct in discovery.

To date, Google has produced only 55,566 documents in this case; improperly asserted privilege over more than 5,000 documents; resisted producing 30(b)(6) deponents; withheld crucial data in Google's possession regarding the named plaintiffs and damages; and failed to responsibly search for and produce tens of thousands of documents that are directly relevant to the key issues in this case.

In the past four months, Google has only produced 251 documents in response to all of plaintiffs' outstanding discovery requests, and the total number of documents produced in this action is only <u>five percent</u> of what has been produced in the two related proceedings also before this Court (*Brown v. Google*, No. 20-cv-3664-YGR, and *Calhoun v. Google*, No. 20-cv-5146-YGR).

The extremely slow pace of such discovery is intentional. Google has resisted the discovery process at every turn; refusing to produce documents until compelled to do so and then delaying production, in some instances for months on end. Plaintiffs' requests for meet and confer sessions are routinely ignored for days and when Google does respond, dates are offered weeks out and there is no decision-maker present, further delaying resolution efforts. Critically, there does not seem to be a good faith effort to confer on or to comply with basic discovery obligations. For example, over 20,000 documents that hit on the search terms approved for this case and that come from the files of Google and of custodians approved for this case have not been produced here – this, despite the fact that these very same documents were previously produced by Google in *Calhoun*.

Plaintiffs continue to be severely prejudiced by these delays, which seem to be calculated to deny plaintiffs timely access to documents needed for class certification. Plaintiffs are thus forced to ask this Court for an extension of the case schedule. The parties jointly sought an earlier extension of the schedule, which was granted on June 1, 2022. *See* ECF No. 221. Plaintiffs then sought one

additional extension of the pretrial schedule and trial date, which was granted on September 7, 2022, over Google's opposition. *See* ECF No. 329. At that time Google had only produced 55,315 documents. Three months later, that number has only increased by 251 more documents.

Given Google's continued discovery delays, plaintiffs now propose two alternative revised schedules, which are set forth in paragraphs 13 and 14 of the Pritzker Declaration. The first schedule contemplates a six-month extension of all existing dates (subject to the Court's calendar): this schedule is based on the reasonable assumption that Google will continue to fight plaintiffs over every piece of discovery, insist on lengthy and slow meet and confers about every discovery item, and force every piece of discovery to be resolved ultimately with serial motions before Magistrate Judge DeMarchi.[1]

The second, alternative schedule contemplates a four-month extension of all existing dates (again subject to the Court's calendar), but proposes a solution to move discovery more quickly by deeming produced in this matter the approximately 20,000 documents already produced in *Calhoun* (but not produced here) that come from a Google central repository or a custodian in this case <u>and</u> include a search term from this case. Deeming these documents produced in this case will resolve many pending discovery disputes and provide plaintiffs with many relevant and responsive materials they need to proceed to the next phase of the litigation. It will also cure the unworkable situation, in which court-appointed Interim Class Counsel has no ability to see many of the filings submitted to Magistrate Judge DeMarchi, as they involve *Calhoun* documents or data, even though such information plainly should have been produced here.

Plaintiffs met and conferred with Google in an effort to obtain a stipulation for the relief sought herein. Google opposes any extension of the case schedule. *See* Pritzker Decl., ¶ 12.

## II.     RELEVANT BACKGROUND

This case was filed in March 2021. ECF No. 1. In April 2021, the case was related to, but not consolidated with, two earlier-filed cases against Google, *Brown* and *Calhoun*. ECF No. 11. At

---

[1] Google seems to have learned nothing from being sanctioned in *Brown* and *Calhoun* for late-producing documents and abusing the discovery process. *See Brown* ECF Nos. 593-3 and 631; *Calhoun* ECF No. 871-3. The same conduct is recurring here, unchecked.

the time this case was filed, the pleadings were settled in the related actions. Discovery here commenced in May 2021 (ECF No. 68 at 1), leadership was appointed and a consolidated amended complaint was filed in August 2021 (ECF Nos. 77 and 80). Google's motion to dismiss that complaint was filed in October and fully briefed in November 2021 (ECF Nos. 93, 103, 122).

The original case schedule was proposed jointly by the parties on September 1, 2021 (ECF No. 82) and adopted by the Court the following day (ECF No. 83). That schedule contemplated that document production would be substantially completed by April 21, 2022, class certification briefing would commence on June 23, 2022, and fact discovery would conclude at the end of 2022, followed by expert discovery, ending in March 2023, and dispositive motions that would commence in March and conclude in May 2023. Trial was scheduled to commence on August 21, 2023. *See* ECF No. 83.

Discovery in this case originally was referred to Magistrate Judge Van Keulen, who also oversees discovery in *Brown* and *Calhoun*. ECF No. 14. In June 2021, discovery in this action was referred instead to Magistrate Judge DeMarchi, while the other two actions remain before Magistrate Judge Van Keulen. ECF No. 71. On April 8, 2022, plaintiffs moved to extend the pretrial schedule by approximately four months and the trial date by approximately seven months. ECF No. 178. Google opposed the motion on the grounds that it was premature pending the resolution of certain discovery motions under submission before Magistrate Judge DeMarchi. ECF No. 179. At the time that motion was filed, there were seven separately briefed discovery disputes pending before Magistrate Judge DeMarchi in this matter. *See* ECF Nos. 141, 142, 143, 157, 171, 172, 177.

Magistrate Judge DeMarchi entered discovery orders on the pending discovery disputes on April 29, 2022, May 3, 2022, and May 16, 2022. ECF Nos. 189, 190, 202, respectively. In light of these discovery orders, on May 25, 2022, Google withdrew its opposition to a case extension and the parties submitted a stipulation proposing an extension of the pretrial schedule by approximately four months and the trial date by approximately seven months. ECF No. 208. The Court so ordered the stipulation (modified in limited respects) on June 1, 2022. ECF No. 221. On June 13, 2022, the Court granted in part and denied in part Google's motion to dismiss, upholding substantially all of plaintiffs' amended complaint. ECF No. 233.

On August 15, 2022, the parties submitted a joint status conference statement to the Court. ECF No. 295. In their portion of the statement, plaintiffs informed the Court that discovery remained contentious and slow, that little progress had been made in obtaining relevant and necessary discovery from Google, and that only 55,315 documents had been produced by Google, a very small increase from when the parties were last before the Court in June 2022. *Id*. In light of the slow and contentious discovery process and the significant volume and scope of key discovery that remained unproduced to date by Google, plaintiffs requested another four-month extension of the pretrial schedule and trial date. Google opposed any extension of the pretrial schedule. *Id*.

On August 25 and 26, 2022, Magistrate Judge DeMarchi issued several discovery orders (ECF Nos. 313-315), in one of which she recommended that the case schedule be extended to allow time for additional and necessary discovery to be completed before the class certification process could commence. ECF No. 313. On September 7, 2022, the Court entered an order revising the case schedule and extending all dates by approximately four months. ECF No. 329.

When the parties were before the Court six months ago, Google had produced only 51,175 documents, which the Court described as follows: "*Well, you have not even produced very much. Fifty thousand documents, that's nothing*." R.T. of Hearing on 6/1/22 at 12:13-15. When the Court entered the revised case schedule on September 7, 2022, little had changed. Google's production then totaled only 55,315 documents, no discovery specific to the named plaintiffs had been produced, and discovery going to the calculation of plaintiff and class damages was almost non-existent. *See* ECF No. 295.

And, in the approximately three months since the Court's last order, progress in discovery has ground to a virtual halt. To date, Google has produced only 251 more documents. Worse, the named plaintiff discovery is woefully and materially incomplete and now the subject of another motion before Magistrate Judge DeMarchi. *See* ECF No. 365. The same is true for discovery relating to the calculation of plaintiff and class damages, which will soon be the subject of another motion as well. *See* Pritzker Decl., ¶ 8.

Google has turned discovery in this case into a war of attrition. It has objected to literally every discovery device, resulting in meet and confers that, contrary to general practice, Google

refuses to schedule for several weeks. When they do occur, the discussions routinely resolve almost nothing, forcing plaintiffs to take every single piece of discovery to the Magistrate Judge for resolution. When forced to produce, Google drags out document production (often by months) unless a compliance date is set by the court, withholding tens of thousands of relevant and responsive documents (even though they have been identified by bates number by plaintiffs), withholding more than 5,000 documents under a poorly substantiated claim of privilege[2], and generally refusing to work cooperatively with plaintiffs in the discovery process. Contrary to common professional courtesies in this District, Google will not inform plaintiffs when it is making document productions, what will be produced, how large the production will be, what sources it has searched, or when it will ever finish producing documents. *See* Pritzker Decl., ¶ 3.

Discovery pertaining to the named plaintiffs is illustrative of Google's conduct. This discovery is crucial for the class certification motion and was included in the very first set of document requests served by plaintiffs back in May 2021. This basic information about the named plaintiffs was intended to be a roadmap for discovery in this case and a significant basis for plaintiffs' motion for class certification. *See* Pritzker Decl., ¶ 4. Since then, there have been at least ten meet and confers, more than 30 letters and emails exchanged by counsel, and at least two motions to compel. Yet even now, more than 18 months after the discovery was served, and less than two months before the class certification motion is due under the current schedule, much of the named plaintiff discovery still remains outstanding, and much of what has been produced by Google so far are simply the documents plaintiffs already obtained themselves using Google's online tools. *Id*. Now, despite the passage of a year and a half, plaintiffs were required to return to Magistrate Judge DeMarchi for an order that Google produce the named plaintiff discovery, in the manner in which it is held by Google in the ordinary course of business, and precisely as that information was produced, only after several court orders, within a two week-turn around in *Calhoun*. *See* Weaver

---

[2] Google's privilege logs are the subject of an ongoing discovery dispute that will again take some time to resolve. *See* ECF No. 360.

Decl., ¶ 9.[3] While Google continues to withhold crucial named plaintiff discovery in this case, it simultaneously is insisting on pressing forward, as quickly as possible, with completing all of the depositions of the named plaintiffs. *See* Pritzker Decl., ¶ 5.

Separately, in an effort to keep moving the case forward, on November 21, 2022, plaintiffs provided Google with a spreadsheet setting forth, by *Calhoun* bates number, more than 20,000 documents that both: (i) come from a Google central repository or court-ordered custodian's file, and (ii) include one or more court-ordered search terms.[4] *See* Weaver Decl., ¶¶ 2-3. All of these documents are responsive to plaintiffs' discovery requests and should have been produced by Google months ago in this case, but none of these have been produced – not one. *Id.*, ¶ 2. Google continues to refuse to produce any of these documents or to allow plaintiffs to access them from the repository, and rejects out of hand even looking at them to see why they were not produced here.[5] *Id.*, ¶ 3. But the fact that more than 20,000 relevant and responsive documents have not been produced here leads to only one of two conclusions: either Google didn't conduct a proper search in this case, or it did and is improperly withholding relevant evidence. Google's behavior in *Brown* and *Calhoun* demonstrates either conclusion is possible. *See Brown* ECF Nos. 593-3 and 631 (awarding evidentiary and monetary sanctions); *Calhoun* ECF No. 871-3 (same).

---

[3] Here, plaintiffs are seeking only a small subset of the total named plaintiff data produced in *Calhoun*, where Google was sanctioned for its "inexplicable delay" to make timely productions.

[4] To be very clear, this spreadsheet and the correspondence with Google's counsel about the spreadsheet was prepared by counsel who are also counsel in *Calhoun*. Counsel in this matter who are not counsel in *Calhoun* have neither seen the spreadsheet and the underlying documents, nor participated in the correspondence with Google about the spreadsheet. *See* Weaver Decl., ¶ 8. An exemplar from the spreadsheet is attached as Exhibit A to the Weaver Decl. *Id.*, ¶ 3.

[5] Having requested deposition dates since the first week of October, plaintiffs are finally taking the depositions of two key Google witnesses, Glenn Berntson and Sam Belov, on December 8 and 13, 2022. Well in advance of those dates, on November 17 and 19, 2022, plaintiffs identified to Google 41 key RTB documents -- including 22 from Glenn Berntson and 4 from Google itself, and nearly all of which on RTB search terms, including 31 documents that have "RTB" in the document title -- that were produced in *Calhoun* but, despite being responsive to plaintiffs' discovery requests, have not been produced here. *See* Weaver Decl., Ex. B. Plaintiffs specifically identified these documents in advance of the depositions to advance preparation and avoid on-the-record disputes, but again, Google refuses to even consider producing them here. *See* Weaver Decl., ¶¶ 4-5. Plaintiffs expressly reserve their right to recall these witnesses when the documents are ultimately produced.

Google's answer to this is emblematic of the problems plaintiffs have encountered in the case and how Google has weaponized and turned Magistrate Judge DeMarchi's procedures on their head. First, Google contends that plaintiffs are only allowed to put at issue ten *Calhoun* documents at a time, and only in connection with a discovery dispute. Then, according to Google, it has 10-14 days to consider each set of ten documents before even beginning the meet and confer process with plaintiffs. Then, when the meet and confer process has concluded (which, based on past experience, will take at least several more weeks), the parties will need to agree on a briefing schedule and then brief the issue to Magistrate Judge DeMarchi, another process that will take at least several weeks, if not more. Only then can plaintiffs begin again with the next set of ten documents.

Given that plaintiffs have identified more than 20,000 documents that should have been produced, but haven't been, what Google is proposing is a process that would literally take more than a decade to complete. Plaintiffs propose a different process, should the Court wish to adopt it: one that promotes efficiencies and is subject to the protections of the governing protective order, while preserving all of Google's legal rights to object on relevancy or other grounds.

### III. ARGUMENT

#### A. Good cause exists to amend the case schedule and trial date

By agreement of the parties and with the consent and approval of the Court, the case schedule in this action has always been keyed off the substantial completion of document production by Google, with all other pretrial and trial dates following in due course.[6] Pritzker Decl., ¶ 2. This not only makes sense and is the most the efficient way to proceed, but is also typical in large and complex class action cases such as this one. Because Google has not substantially completed its document production in this case, and because Google is fighting plaintiffs about everything discovery-related and there still are a number of pending discovery disputes concerning key information that need to be resolved before substantive briefing can start, the case schedule needs to be extended again.

---

[6] While plaintiffs were under a similar obligation to substantially complete their production of responsive documents to Google, that occurred long ago and on schedule and is not an issue at this point in the action.

As set forth in the Pritzker Declaration, plaintiffs seek to extend the pretrial and trial schedule by either four or six months. *Id*., ¶¶ 13-14. Each proposed extension is premised on Google substantially complying with its obligation to search for and provide discovery that is relevant to the Court's class certification determination. The shorter proposed four-month extension attempts to achieve discovery efficiencies by affording plaintiffs' counsel access to the more than 20,000 documents previously produced in *Calhoun* that hit on search terms approved here and come from Google's central files or the files of specific Google custodians that have been approved here. Weaver Decl., ¶ 2. The longer proposed six-month extension is intended to provide a realistic timeframe for plaintiffs to obtain the discovery that is necessary and relevant to class certification, in light of the many discovery delays Google has introduced and continues to pursue in this case.

Whether considered under Fed. R. Civ. P. 16, Civil Local Rule 16-10, or this Court's inherent authority, good cause for either extension exists for several reasons, which are discussed below.

### 1. Plaintiffs have been diligent in pursuing discovery

Plaintiffs have been extraordinarily diligent in pursuing discovery, responding to discovery, and seeking to advance the litigation as expeditiously and efficiently as possible. Discovery was served on Google soon after the case was filed, plaintiffs produced their documents promptly (still twice as many documents as Google has produced to date), and this is the second extension of the case schedule sought by plaintiffs. Pritzker Decl.¶ 9. There is nothing in the record to suggest that plaintiffs have been dilatory or are in any way at fault for the need now to extend the case schedule as requested. To the contrary, the record demonstrates that plaintiffs have been vigorously prosecuting this action and attempting overcome Google's obstructive tactics. Plaintiffs have also offered repeatedly to Google to speed up the discovery process by allowing access to some of the documents already produced in *Calhoun* that should have been produced in this action too. The record is clear that Google has rejected and continues to reject any efforts by plaintiffs to move discovery faster or more efficiently. *Id*.

### 2. Plaintiffs will be prejudiced without an extension

Plaintiffs plainly will be prejudiced without the extension. Pritzker Decl., ¶ 10. The substantial document completion date was included in the schedule agreed to by the parties and

1  approved by the Court to ensure that plaintiffs have the documents necessary to conduct depositions,
2  retain and work with experts, and prepare a class certification motion that meets the standards of
3  Rule 23 as interpreted by this Court, the Northern District and the Ninth Circuit. *Id*., ¶ 2. As detailed
4  above and in the Pritzker and Weaver Declarations, and despite what Google may claim in response
5  to this motion, the simple fact is that Google has not come near substantially complying with its
6  discovery obligations in this case and continues to withhold not only a large volume of relevant and
7  responsive documents, but key documents that plaintiffs anticipate will be critical, perhaps
8  dispositive of, class certification and Google's eventual summary judgment motion. Plaintiffs
9  cannot complete the depositions needed for class certification, retain and work with class
10 certification experts, or prepare and file a class certification motion without the document discovery
11 from Google that was first requested almost 18 months ago, and that was always intended to serve
12 as the predicate for plaintiffs' class certification motion. *Id*., ¶ 10. It would be manifestly unfair to
13 hold plaintiffs to a schedule that was agreed to on the specific condition precedent that substantial
14 document production will have been completed first, when that condition precedent will not occur
15 on a timely basis through no fault of plaintiffs.

16 **3.  The extension requested is fair and reasonable**

17 Either of the extensions requested, whether four months or six months, are fair and
18 reasonable in the circumstances, not excessive, and will allow for the orderly and efficient
19 prosecution of the litigation. Either allows sufficient time for the pending discovery disputes to be
20 resolved and for plaintiffs to then review and analyze the documents Google will eventually produce
21 before substantive motion practice commences, which is what the original schedule contemplated
22 but no longer can accomplish.

23 **4.  Google will not be prejudiced by the extension sought**

24 Google will not be prejudiced by either of the extensions sought, and should not be allowed
25 to benefit from its tactical decision to obstruct and hinder discovery at each and every turn for the
26 specific purpose of depriving plaintiffs of the information they need to pursue their class claims.
27 xx
28 xx

1  IV.    **CONCLUSION**

2        For all of the foregoing reasons, plaintiffs respectfully request that the proposed order

3  submitted herewith be entered and that the pretrial and trial schedule be amended accordingly.

4  DATED:  November 29, 2022                          Respectfully submitted,

5
                                                     **PRITZKER LEVINE LLP**
6
                                                     By:  _/s/ Elizabeth C. Pritzker_____
7
                                                     Elizabeth C. Pritzker (Cal. Bar No.146267)
8                                                    Jonathan K. Levine (Cal. Bar No. 220289)
                                                     Bethany Caracuzzo (Cal. Bar No. 190687)
9                                                    1900 Powell Street, Ste. 450
                                                     Oakland, CA 94602
10                                                   Tel.: (415) 692-0772
                                                     Fax: (415) 366-6110
11                                                   *ecp@pritzkerlevine.com*
                                                     *jkl@pritzkerlevine.com*
12                                                   *bc@pritzkerlevine.com*
13
                                                     *Interim Class Counsel*
14
                                                     **BLEICHMAR FONTI & AULD LLP**
15
                                                     Lesley Weaver (Cal. Bar No.191305)
16                                                   Anne K. Davis (Cal. Bar No. 267909)
                                                     Joshua D. Samra (Cal. Bar No. 313050)
17                                                   555 12th Street, Suite 1600
                                                     Oakland, CA 94607
18                                                   Tel.: (415) 445-4003
                                                     Fax: (415) 445-4020
19                                                   *lweaver@bfalaw.com*
                                                     *adavis@bfalaw.com*
20                                                   *jsamra@bfalaw.com*
21
                                                     **SIMONS HANLY CONROY LLC**
22
                                                     Jason 'Jay' Barnes (admitted *pro hac vice*)
23                                                   An Truong (admitted *pro hac vice*)
                                                     112 Madison Avenue, 7th Floor
24                                                   New York, NY 10016
                                                     Tel.: (212) 784-6400
25                                                   Fax: (212) 213-5949
                                                     *jaybarnes@simmonsfirm.com*
26                                                   *atruong@simmonsfirm.com*
27
                                                     **DICELLO LEVITT GUTZLER LLC**
28                                                   David A. Straite (admitted *pro hac vice*)

11                          Case No. 4:21-cv-02155-YGR-VKD
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REVISE CASE SCHEDULE

One Grand Central Place
60 E. 42nd Street, Suite 2400
Tel.: (212) 784-6400
Fax: (212) 213-5949
New York, NY 10165
Tel: (646) 993-1000
*dstraite@dicellolevitt.com*

**COTCHETT PITRE & MCCARTHY, LLP**
Nancy E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal Bar. No. 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road
Burlingame, CA 94010
Tel.: (650) 697-6000
*nnishimura@cpmlegal.com*
*bdanitz@cpmlegal.com*
*kswope@cpmlegal.com*

**BOTTINI & BOTTINI INC.**
Frances A. Bottini, Jr. (Cal. Bar No. 175783)
Yuri A. Kolesnikov (Cal. Bar. No. 271173)
7817 Ivanhoe Ave., Ste. 102
LA Jolla, CA 92037
Tel.: (848) 914-2001
*fbottini@bottinilaw.com*
*ykolesnikov@bottinilaw.com*

*Plaintiffs' Executive Committee*