Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* | **CASE NO. 4:21-CV-02155-YGR** |
| *This document applies to all actions.* | **DECLARATION OF ELIZABETH C. PRITZKER IN SUPPORT OF PLAINTIFFS' MOTION TO REVISE CASE SCHEDULE** |

I, Elizabeth C. Pritzker, declare and state as follows:

1.    I am an attorney duly admitted to practice before this Court and a partner of Pritzker Levine LLP, one of law firms representing plaintiffs in this matter.  On August 3, 2021, I was appointed to serve as Interim Class Counsel for plaintiffs.  ECF No. 77.   I submit this declaration in support of plaintiffs' motion under Fed. R. Civ. P. 16, Civil Local Rule 16-10, and this Court's inherent authority, to extend the pretrial and trial schedule in this matter by either four or six months. I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

2.    The original case schedule was negotiated and then proposed jointly by the parties on September 1, 2021 (ECF No. 82) and adopted by the Court the following day (ECF No. 83).  The schedule provided that document production would be substantially completed by April 21, 2022, class certification briefing would commence on June 23, 2022, and fact discovery would conclude at the end of 2022, followed by expert discovery, ending in March 2023, and dispositive motions that would commence in March and conclude in May 2023. Trial was scheduled to commence on August 21, 2023.  ECF No. 83.  During the negotiations with Google, plaintiffs insisted that a substantial document completion date be included in the schedule to ensure that they would have the documents necessary to conduct depositions, retain and work with experts, and prepare a class certification motion that meets the standards of Rule 23 as interpreted by this Court, the Northern District and the Ninth Circuit.

3.    Obtaining necessary document discovery from Google in this matter has been very slow and difficult.  Google has turned discovery into a ground war, objecting to literally everything, demanding endless meet and confers that take too long to schedule and resolve almost nothing, forcing plaintiffs to take every single piece of discovery to the Magistrate Judge for resolution, dragging out document production unless a compliance date is set by the court, withholding tens of thousands of relevant and responsive documents (even though they have been identified by bates number by plaintiffs), withholding more than 5,000 documents under a poorly substantiated claim of privilege, and generally refusing to work cooperatively with plaintiffs in the discovery process. Google will not even tell plaintiffs when it is making document productions, what will be produced,

PRITZKER DECL. ISO PLAINTIFFS' MOTION TO REVISE CASE SCHEDULE

1    how large the production will be, or when it will ever finish producing documents.

2         4.      Discovery pertaining to the named plaintiffs is illustrative of Google's conduct. This

3 discovery is, of course, crucial for the class certification motion and was included in the very first

4 set of document requests served by plaintiffs back in May 2021. Since then, there have been at least

5 ten meet and confers, more than 30 letters and emails exchanged by counsel, and at least two motions

6 to compel, yet even now, more than 18 months after the discovery was served, and less than two

7 months before the class certification motion is due under the current schedule, much of the named

8 plaintiff discovery still remains outstanding, and much of what has been produced by Google so far

9 are simply the documents plaintiffs could have obtained themselves using Google's online tools.

10         5.      While Google continues to withhold crucial named plaintiff discovery, it

11 simultaneously is insisting on pressing forward, as quickly as possible, with completing all of the

12 depositions of the named plaintiffs.

13         6.      When the parties were before the Court six months ago, Google had produced only

14 51,175 documents, which the Court described as follows: "Well, you have not even produced very

15 much. Fifty thousand documents, that's nothing." R.T. of Hearing on 6/1/22 at 12:13-15.

16         7.      When the Court entered the revised case schedule on September 7, 2022, little had

17 changed. Google's production then totaled only 55,315 documents, no discovery specific to the

18 named plaintiffs had been produced, and discovery going to the calculation of plaintiff and class

19 damages was almost non-existent. *See* ECF No. 295.

20         8.      In the three months since the Court's last order on September 7, 2022, the discovery

21 process and Google's conduct in discovery has not improved at all; if anything, it has gotten worse.

22 Google has only produced 251 more documents, the named plaintiff discovery remains incomplete

23 and is now the subject of another motion before Magistrate Judge DeMarchi, and the same is true

24 for discovery going to the calculation of plaintiff and class damages.

25         9.      Plaintiffs have been diligent in pursuing discovery, responding to discovery, and

26 generally seeking to advance the litigation as expeditiously and efficiently as possible under the

27 circumstances. Discovery was served on Google soon after the case was filed and plaintiffs have

28 produced their documents promptly to Google. Moreover, this is the second extension of the case

schedule sought by plaintiffs.  There is nothing in the record to suggest that plaintiffs have been dilatory or are in any way at fault for the need now to extend the case schedule as requested. To the contrary, the record demonstrates that plaintiffs have been vigorously prosecuting this action and attempting to push Google in every instance to move faster and more expeditiously in the discovery process. Plaintiffs have also offered repeatedly to Google to speed up the discovery process by allowing access to some of the documents produced in *Calhoun* that should have been produced in this action too.  Google has rejected and continues to reject any efforts by plaintiffs to move discovery faster or more efficiently.

10.     Plaintiffs will be prejudiced without the extension.  Google has not come near substantially complying with its discovery obligations in this case and continues to withhold not only a large volume of relevant and responsive documents, but key documents that plaintiffs anticipate will be critical, perhaps dispositive of, class certification and Google's eventual summary judgment motion. Plaintiffs cannot take the depositions needed for class certification, retain and work with class certification experts or prepare and file a class certification motion without the document discovery from Google that was first requested almost 18 months ago, and that was always intended to serve as the predicate for the class certification motion.  It would be manifestly unfair to hold plaintiffs to a schedule that was agreed to on the specific condition precedent that substantial document production will have been completed first, when that condition precedent has not and likely will not occur on a timely basis through no fault of plaintiffs.

11.     The extension requested, whether four or six months, is fair and reasonable in the circumstances and will allow for the orderly and efficient prosecution of the litigation.  It allows sufficient time for the pending discovery disputes to be resolved and for plaintiffs to then review and analyze the documents Google will eventually produce before substantive motion practice commences, which is what the original schedule contemplated but no longer can accomplish.

12.     Prior to filing this motion, on November 22, 2022, and in light of the persistent discovery delays, I emailed Google's counsel to seek Google's consent to either a four or six-month extension of the pretrial and trial schedule.  I advised counsel that plaintiffs would file a motion for a case extension on November 29, 2022. On November 29, 2022, Google's counsel confirmed that

Google intends to oppose this motion.

13.     The existing schedule and plaintiffs' proposed new schedule assuming a <u>six-month</u> extension are as follows:

| EVENT | OLD CASE SCHEDULE | NEW CASE SCHEDULE |
|---|---|---|
| Class Certification Motion | Motion: January 24, 2023<br>Opposition: March 21, 2023<br>Reply: May 2, 2023<br>Hearing: To be reset later | July 25, 2023<br>September 26, 2023<br>November 7, 2023<br>To be reset later |
| Fact Discovery Cut-Off | July 14, 2023 | January 12, 2024 |
| Opening Expert Reports | August 11, 2023 | February 9, 2024 |
| Rebuttal Expert Reports | September 15, 2023 | March 8, 2024 |
| Close of Expert Discovery | October 13, 2023 | April 12, 2024 |
| Dispositive/Daubert Motions | To be filed by November 14, 2023 | To be filed by May 14, 2024 |
| Pretrial conference | March 2, 2024 at 9:30 a.m. | _____, 2024 at 9:30 a.m. |
| Jury Trial | May 6, 2024 at 9:00 a.m. | _____, 2024 at 9:00 a.m. |

14.     The existing schedule and plaintiffs' proposed new schedule assuming a <u>four-month</u> extension are as follows:

| EVENT | OLD CASE SCHEDULE | NEW CASE SCHEDULE |
|---|---|---|
| Class Certification Motion | Motion: January 24, 2023<br>Opposition: March 21, 2023<br>Reply: May 2, 2023<br>Hearing: To be reset later | May 23, 2023<br>July 25, 2023<br>September 5, 2023<br>To be reset later |
| Fact Discovery Cut-Off | July 14, 2023 | November 10, 2023 |
| Opening Expert Reports | August 11, 2023 | December 8, 2023 |
| Rebuttal Expert Reports | September 15, 2023 | January 12, 2024 |
| Close of Expert Discovery | October 13, 2023 | February 9, 2024 |
| Dispositive/Daubert Motions | To be filed by November 14, 2023 | To be filed by March 12, 2024 |
| Pretrial conference | March 2, 2024 at 9:30 a.m. | _____, 2024 at 9:30 a.m. |
| Jury Trial | May 6, 2024 at 9:00 a.m. | _____, 2024 at 9:00 a.m. |

15.     Attached hereto as **Exhibit A** is a true and correct copy of the transcript of the June 1, 2022 case management conference in this action and the related *Brown* and *Calhoun* actions.

1    I declare under penalty of perjury under the laws of the United States and the State of

2  California that the foregoing is true and correct to the best of my knowledge.  This declaration was

3  executed in Emeryville, California.

4  DATED:  November 29, 2022                    By:  _/s/ Elizabeth C. Pritzker_____

5                                               Elizabeth C. Pritzker

PRITZKER DECL. ISO PLAINTIFFS' MOTION TO REVISE CASE SCHEDULE