Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, <br><br> This document applies to: *all actions.* | Case No. 4:21-cv-02155-YGR-VKD <br><br> **DECLARATION OF LESLEY E. WEAVER IN SUPPORT OF PLAINTIFFS' MOTION TO REVISE CASE SCHEDULE** <br><br> Judge: Hon. Yvonne Gonzalez Rogers <br> Date:  January 3, 2023 <br> Time:  2:00 p.m. <br> Courtroom:  1, 4th Floor |

I, Lesley E. Weaver, declare and state as follows:

1. I am an attorney licensed in the State of California and admitted to the United States District Court for the Northern District of California. I am the Partner-in-Charge of the California office of Bleichmar Fonti & Auld LLP, and chair of its consumer and antitrust litigation practice. On August 3, 2021, I was appointed to serve on the Plaintiffs' Executive Committee in this matter. ECF No. 77. I submit this declaration in support of plaintiffs' motion to extend the pretrial and trial schedule in this matter by six months, or, in the alternative, four months, subject to certain accelerated production of discovery. I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

2. I am also one of the plaintiffs' co-lead counsel in the related action entitled *Calhoun v. Google*, No. 20-cv-5146-YGR, also pending before this Court. In November 2022, consistent with directives from the Court, I oversaw a search of the *Calhoun* discovery repository to determine whether there were documents produced in *Calhoun* that were directly relevant to the claims in this case and yet were not produced. The search was focused on documents that hit upon search terms that the parties have agreed upon or the court has ordered in this case; and (i) originated from the custodial file of an RTB custodian or a Google central repository; or (ii) in addition to hitting on one or more RTB search terms, reference "RTB" in the subject or title of the document. The results of that search identified more than 20,000 such documents that have not been produced in this case.

3. Attached hereto as **Exhibit A** is a true and correct copy of excerpts from an Excel spreadsheet identifying the more than 20,000 documents produced in the *Calhoun* action (but not produced in this Action) described above.[1] This spreadsheet was provided to Google on November 21, 2022, with a request that Google, subject to the terms of the Protective Order (ECF No. 59), permit all plaintiffs' counsel in this action to have access to these documents. *See* ECF No. 87. Google refuses to allow any such access and refuses to produce any of the documents.

---

[1] The spreadsheet, which was provided in its native format to Google, is truncated as an exemplar for the purposes of this filing due to the size of the total document. Plaintiffs' counsel can provide a copy of the full spreadsheet to the Court upon request.

4. Google's refusal and delay is thwarting plaintiffs' discovery. For example, in early December 2022, plaintiffs will depose two Google employees intimately involved in the development and operation of Google's real time bidding platforms and products, Glenn Berntson and Sam Belov. On November 17 and 19, 2022, plaintiffs identified to Google 41 key RTB documents produced in *Calhoun* that have not been produced here. Each of the 41 documents identified by plaintiffs comes from the files of RTB custodians, including 22 from Glenn Berntson and 4 from Google itself, and each is responsive to outstanding discovery requests, including Requests 13, 14, 15, 17, 21, 22, 31, 34, 46, 47, 48, 51, 62, 91, 92, 93, 94, 99, and 100. Further, 39 out of 41 hit on RTB search terms, including 31 documents that have "RTB" in the document title, plainly evidencing their relevance here. A true and correct copy of a composite list of the 41 documents, provided to Google on November 28 with reference to the applicable document requests, is attached hereto as **Exhibit B**.

5. Plaintiffs specifically identified these documents to Google in advance of the depositions, but again, Google refuses to even consider producing them here, even though the documents come from RTB custodians whose files were searched in this Action, and 39 of the 41 the identified documents include agreed-upon search terms in this action. These documents address material issues central to the claims and defenses in the case. Plaintiffs specifically requested that Google produced these 41 documents in advance of the depositions. Google refuses.

6. Relatedly, Mr. Berntson was deposed in *Calhoun* and *Brown* on many of the same subjects that will be at issue in this case, and Mr. Belov has submitted a declaration (under seal) in this case that has only been disclosed to counsel who are also in *Calhoun*. Google also now refuses to allow all plaintiffs' counsel in this action access to the full Berntson deposition transcripts or the unredacted Belov declaration in this action, even though both are legitimate topics for the upcoming deposition. This means that as evidence in the case develops, there will be an ever-increasing body of discovery that some of the plaintiffs' team cannot access.

7. I and my co-counsel in *Calhoun* who are also counsel in this case have reviewed the spreadsheet attached as Exhibit A and the documents identified on Exhibit B as relevant to the Berntson and Belov depositions (the "Identified Documents") and believe that the immediate release

of these documents, all of which should have been produced in this action, will resolve many of the remaining discovery disputes, provide plaintiffs with the materials they need to proceed to the next phase of the litigation, and avoid most, if not all, of the cross-use and ethical issues raised by the current state of affairs, in which interim lead counsel here has no ability to see many of the filings being made as they involve *Calhoun* documents, even though those documents plainly should have been produced here.

8. Because the spreadsheet and the discussions with Google center on documents produced in *Calhoun*, but not yet in this action, the spreadsheet, correspondence with Google about the Identified Documents, and all discussion relating to this dispute have been handled by my office and the offices of my co-counsel who are in *Calhoun*, and not by Ms. Pritzker or the other attorneys who have only appeared in this action.

9. The exception to the curative nature of the Identified Documents is named plaintiff productions. After a year and a half of negotiations, motions and court orders, Google only recently produced to plaintiffs some of the information responsive to plaintiffs' discovery requests pertaining to some (but not all) of the named plaintiffs, in mid-October and mid-November 2022. This production is grossly incomplete. It is now the subject of another motion before Magistrate Judge DeMarchi. *See* ECF No. 365. In addition to being incomplete, what Google has produced is not data as it is maintained in the ordinary course of business. Rather, it consists of summary productions likely prepared by counsel. This is the subject of yet another motion before Magistrate Judge DeMarchi. *See* ECF No. 367. Resolution of these important discovery issues is further delaying depositions, discovery and expert analysis.

10. Because the *Calhoun* named plaintiff data is subject to the protective order in that case and Google has adamantly refused to allow Ms. Pritzker or any other non-*Calhoun* counsel to see any *Calhoun* discovery, the negotiations and briefing on this issue also has been handled by my office and the offices of my co-counsel who are in *Calhoun*, and not by Ms. Pritzker or the other attorneys who have only appeared in this action.

\* \* \*

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct to the best of my knowledge. This declaration was executed in Oakland, California.

DATED: November 29, 2022         By: _/s/ Lesley E. Weaver_
                                         Lesley E. Weaver