COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
LAURA M. ELLIOTT (SBN 286702)
(lelliott@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
ELIZABETH SÁNCHEZ SANTIAGO (SBN 333789)
(lsanchezsantiago@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (ECF NO. 374)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3), Google LLC ("Google") respectfully submits this Response to Plaintiffs' Administrative Motion ("Google's Response") to Consider Whether Another Party's Materials Should Be Sealed (ECF No. 374), which was filed in connection with Plaintiffs' Motion to Revise Case Schedule (ECF No. 373), and the accompanying Declaration of Lesley E. Weaver (ECF No. 374-1) with attached Exhibits A and B (collectively "the Exhibits").

Portions of the Exhibits reflect confidential information. As set forth below and in the accompanying Declaration of Laura Elliott ("Elliott Decl."), Google confirms the confidentiality of these documents. Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below:

| Document | Text to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| Exhibit A to Declaration of Lesley E. Weaver in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 374-3) | Portions highlighted at pages 4-6, 8-9 | Google |
| Exhibit B to Declaration of Lesley E. Weaver in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 374-4) | Portions highlighted at pages 1-4 | Google |

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the information is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

for motions "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

Briefing for a discovery motion is non-dispositive, and thus the good cause standard applies here. *See, e.g.*, *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-cv-02306-EDL, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("Because the sealing requests were made in conjunction with a nondispositive discovery motion, a showing under the good cause standard will suffice."); *Calhoun v. Google*, No. 20-cv-05146, ECF No. 327, at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."). The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824-BLF, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)). Notably, under this standard, "[r]ecords attached to nondispositive motions are not subject to the strong presumption of access." *TVIIM, LLC v. McAfee, Inc.*, No. 13-cv-04545-HSG, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) (citation omitted).

### III. GOOD CAUSE WARRANTS SEALING PORTIONS OF THE EXHIBITS TO THE WEAVER DECLARATION.

Google asks this Court to seal portions of Exhibits A and B to the Weaver Declaration in Support of Plaintiffs' Motion to Revise Case Schedule, which contain information derived from Google's confidential, proprietary information. Under the good cause standard, Google's sealing request should be granted.

As an initial matter, the proposed redactions to the Exhibits are narrowly tailored to encompass only the specific portions that qualify as confidential information and therefore do not "unduly limit[] public access." *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST-NC, 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

Good cause exists to support Google's narrow sealing requests. The portions of Exhibit A

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

and B that Google seeks to redact contain confidential information and technical details regarding project code names and internal data systems that Google maintains as confidential in the ordinary course of its business and are not generally known to the public or Google's competitors. (Elliott Decl. ¶ 7.) Public disclosure of this information presents serious risk of irreparable harm to Google, including cyber security risk. (*Id.* ¶ 6-7.) For example, an individual interested in improperly accessing Google's systems could target particular proprietary documents and information for improper uses if he or she knew Google's confidential internal names. (*Id.*)

Additionally, these names, if made public, would allow individuals who, through legitimate or nefarious means gain access to other documents or information that reference the same code names, to deduce details about the project to which the code names refer that they otherwise would not have understood were related. (*Id.* ¶ 7.) If individuals know a code name for one of these projects, and then see that same code name in an entirely different context, they will be uniquely positioned to piece together previously unconnectable facts about the project, gaining improper and potentially damaging insight into Google's strategic business and financial decisions and the operation and capabilities of Google's systems. (*Id.*)

For these reasons, Courts in this District routinely seal references to internal project names and data systems. *See, e.g.*, *Rodriguez v. Google LLC*, No. 20-cv-04688-RS, ECF No. 223 (N.D. Cal. Feb. 10, 2022) (noting that "Google's internal project names may be sealed"); *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846 LHK (PSG), 2012 WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012) (sealing "Apple's internal code names" for its projects); *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-CV-00362-PJH, 2018 WL 2392561, at *7 (N.D. Cal. May 25, 2018) (same); *In re Google Inc. Gmail Litig.*, No. 13-md-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems). Furthermore, this Court previously granted Google's motion to seal many of the same code name and internal system information that it seeks to seal through the instant motion. *See, e.g.*, *In re Google RTB Consumer Privacy Litigation.*, No. 21-cv-02155, ECF No. 186 (N.D. Cal. April 29, 2022) (applying the good cause standard and sealing information about the same internal systems as are at issue here). The same results follow here, and Google respectfully

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

1  requests that the Court seal the aforementioned portions of Exhibits A and B which reflect non-
2  public internal project and database names.

### IV. CONCLUSION

For the foregoing reasons, Google respectfully requests the Court seal the aforementioned portions of Exhibits A and B to the Declaration of Lesley E. Weaver in Support of Plaintiffs' Motion to Revise Case Schedule reflecting Google's concurrently filed redactions, the public disclosure of which would cause significant competitive harm to Google.

Dated: December 6, 2022                           COOLEY LLP


                                                  By: /s/ Laura M. Elliott
                                                      Laura M. Elliott

                                                  Attorney for Defendant
                                                  GOOGLE LLC

278423566

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 4:21-CV-02155-YGR-VKD