COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
LAURA M. ELLIOTT (SBN 286702)
(lelliott@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO REVISE THE CASE SCHEDULE**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: January 3, 2023<br>Time: 2:00 p.m.<br>Courtroom: 1, Fourth Floor<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S OPP TO PLAINTIFFS'
MOT. TO REVISE CASE SCHEDULE
CASE NO. 4:21-CV-02155-YGR-VKD

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

    A. Plaintiffs Offer No Valid Basis to Revise the Case Schedule................................ 2

        1. Plaintiffs' demand for cross use of Calhoun documents does not justify an extension because the demand is untimely, violates multiple court orders, and is meritless in any case..................................... 2

        2. Plaintiffs mischaracterize Google's extensive production of Named Plaintiff data and fail to explain why the pending disputes over additional data warrant an extension............................................................ 5

        3. Plaintiffs' general complaint that Google has not substantially completed document production is incomplete and misleading. ................ 6

    B. Plaintiffs' Dilatory Discovery Tactics Do Not Establish the Diligence Required to Establish Good Cause to Modify the Scheduling Order. .................... 9

    C. Plaintiffs' Requested Modifications to the Case Schedule Will Prejudice Google and Burden the Court by Giving Plaintiffs Additional Time to Make Improper Cross-Use Requests and Relitigate Settled Disputes. .................. 11

III. CONCLUSION ............................................................................................................. 12

Cooley LLP
Attorneys at Law
San Francisco

i

Google's Opp to Plaintiffs'
Mot. to Revise Case Schedule
Case No. 4:21-cv-02155-YGR-VKD

# TABLE OF AUTHORITIES

**Page**

**Cases**

*C & C Props., Inc. v. Shell Pipeline Co.*, 2017 U.S. Dist. LEXIS 209414 (E.D. Cal. Dec. 20, 2017) .................................................................................................................................. 12

*DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978 (9th Cir. 2017) ............... 9

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992) .................................... 9, 11

*Missing Link, Inc. v. eBay, Inc.*, 2010 WL 94268 (N.D. Cal. Jan. 6, 2010) .................................... 6

*Osakan v. Apple Am. Grp.*, 2010 WL 1838701 (N.D. Cal. May 5, 2010) ...................................... 7

*Palmer v. Cognizant Tech. Sols. Corp.*, 2021 WL 3145982 (C.D. Cal. July 9, 2021) .................... 5

*Scherer v. FCA US, LLC*, 2021 WL 5494463 (S.D. Cal. Nov. 23, 2021) ....................................... 5

*Wang v. EHang Holdings Ltd.*, 2021 WL 4427380 ...................................................................... 12

**Court Rules**

Fed. R. Civ. P. 72 ............................................................................................................................. 8

Civ. L.R. 72-2 .................................................................................................................................. 8

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

GOOGLE'S OPP TO PLAINTIFFS'
MOT. TO REVISE CASE SCHEDULE
CASE NO. 4:21-CV-02155-YGR-VKD

## I. INTRODUCTION

The Court should deny Plaintiffs' Motion to Revise the Case Schedule (ECF No. 373 (hereinafter "Motion")) because Plaintiffs fail to demonstrate any prejudice or other grounds to support the lengthy additional extension they seek. (ECF No. 373; ECF No. 373-1 (Elizabeth Pritzker Declaration ("Pritzker Decl."); ECF No. 375 (Lesley Weaver Declaration ("Weaver Decl.").) Plaintiffs go to great lengths in the Motion to create the false impression that Google has not substantially complied with its discovery obligations in this case but do so by mischaracterizing or entirely omitting critical aspects of the record that show conclusively otherwise. When evaluated in its proper context, it is clear that Plaintiffs' request for an additional extension is not supported by any risk of unfair prejudice, serves no other valid purpose, and is simply an attempt to buy more time for Plaintiffs to pursue tasks they could have and should have completed long ago to prepare for class certification.

This is made most clear by the specific grounds that Plaintiffs emphasize in seeking to justify an extension. *First*, Plaintiffs' Motion—while styled as a motion to modify the case schedule—is effectively another request that this Court order sweeping cross use of over 20,000 documents produced in *Calhoun v. Google LLC*, No. 4:20-cv-0514-YGR (SVK) (N.D. Cal.) ("*Calhoun*"). But this Court and Magistrate Judge DeMarchi already considered Plaintiffs' initial request for cross use of any *Calhoun* documents Plaintiffs deemed relevant, rejected it, and instead established specific procedures that preclude the indiscriminate demand Plaintiffs continue to assert. Plaintiffs offer no explanation for why this Court should grant an extension based on an improper cross-use demand that was already rejected. Nor do Plaintiffs explain why, if these documents were in fact critical to their ability to brief class certification, they raised these issues as late as one week before filing this Motion. Plaintiffs' improper cross-use demands cannot justify a modification of the case schedule and actually underscore their lack of diligence in seeking an extension.

*Second*, Plaintiffs claim that Google has "withheld crucial data . . . regarding the named plaintiffs" needed for class certification purposes (Mot. at 2), but Plaintiffs' highly misleading account fails to even acknowledge Google's extensive production of data records from its internal

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

GOOGLE'S OPP TO PLAINTIFFS'
MOT. TO REVISE CASE SCHEDULE
CASE NO. 4:21-CV-02155-YGR-VKD

logs relating to the Named Plaintiffs. Plaintiffs again offer no explanation for why additional data beyond this voluminous production might be needed for class certification purposes, and their *ipse dixit* assertion of supposed prejudice from the status of Google's production falls far short of justifying an extension.

*Third*, Plaintiffs' Motion improperly attempts to place before this Court generalized complaints about the volume of Google's document production, but Google complied with the document production process that Judge DeMarchi approved. Plaintiffs offer no basis to conclude otherwise, other than mere suspicions based on the volume of documents produced as a result of the Court-approved process.

In short, Google has fully complied with its discovery obligations, Plaintiffs have not pursued the issues they now raise with the diligence needed to support an extension, and they will suffer no unfair prejudice from the current schedule. For all these reasons, Google respectfully urges the Court to deny Plaintiffs' Motion. Alternatively, if the Court does not deny the Motion outright, it should refer consideration of the issues raised to Judge DeMarchi since Plaintiffs' sole grounds for an extension concern discovery matters, as the Court did with Plaintiffs' previous request to modify the case schedule. (*See* ECF No. 304 ("The Court will entertain any recommendations by Magistrate Judge DeMarchi as to whether the schedule will be extended.").)

## II.     ARGUMENT

### A.     Plaintiffs offer no valid basis to revise the case schedule.

**1.     Plaintiffs' demand for cross use of *Calhoun* documents does not justify an extension because the demand is untimely, violates multiple court orders, and is meritless in any case.**

Plaintiffs argue the case schedule must be extended so they can resolve their demand for cross use of 20,000+ *Calhoun* documents before they proceed to class certification. This sweeping cross-use demand cannot justify Plaintiffs' requested extension, for multiple reasons.

*First*, by raising the cross-use demand as grounds for an extension, Plaintiffs violate the Court's explicit order that *Calhoun* cross-use issues must be presented to Judge DeMarchi and only for limited purposes. (ECF No. 242 at 2.) Plaintiffs previously asked this Court to modify the *Calhoun* protective order to let them unilaterally search *Calhoun* discovery and select for cross use

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S OPP TO PLAINTIFFS'
MOT. TO REVISE CASE SCHEDULE
CASE NO. 4:21-CV-02155-YGR-VKD

any evidence Plaintiffs deemed relevant to this case. (*See* ECF No. 206.) This Court denied that request and instead authorized only one of Plaintiffs' counsel to submit *Calhoun* discovery to Judge DeMarchi (under seal) to "demonstrat[e] (i) the need for discovery in this action or (ii) that the defendant has misrepresented the nature or existence of certain information to Judge DeMarchi." (ECF No. 242 at 1.) Judge DeMarchi then adopted the procedure under which Plaintiffs could submit *Calhoun* discovery to her, but only "[i]n connection with a discovery dispute involving plaintiffs' efforts to obtain discovery from Google." (ECF No. 313 at 2.) When Plaintiffs ignored the procedure in a prior filing, Judge DeMarchi admonished them to act in "compliance with Dkt No. 313." (ECF No. 326 at 11.)

Undeterred, Plaintiffs inexplicably defy these requirements again in their Motion.[1] As an initial matter, the cross-use demand in the Motion is directed to this Court, not to Judge DeMarchi. Next, it is untethered to any pending discovery dispute and violates the requirement that "[P]laintiffs must identify the discovery requests" that they allege require use of *Calhoun* discovery. (ECF No. 313 at 3.) Further, rather than "attach[ing] the *Calhoun* discovery items at issue" and "provid[ing] a short description" of each one to show "how it informs . . . the Court's resolution of the discovery dispute," Plaintiffs have made an indiscriminate demand for cross use of 20,000+ *Calhoun* documents by simply asserting they should be produced here. (ECF No. 313 at 4; Weaver Decl. ¶ 3 Ex. A.) Finally, although Judge DeMarchi instructed that "the parties must engage in further discussion that includes consideration of *Calhoun* materials," in a "conference[] of counsel," (ECF No. 313 at 3), Plaintiffs did not meet and confer with Google regarding this cross-use demand. In fact, Plaintiffs raised this issue with Google for the first time a mere eight days before filing this Motion (spanning the Thanksgiving holiday) and made no meaningful effort to meet and confer about their demand before presenting it to the Court as grounds for their extension request. (*See* Mot. at 7 (admitting Plaintiffs first requested cross use "on November 21, 2022").) The Court should not entertain an extension based on this procedurally improper request.

*Second*, Plaintiffs' cross-use demand is rife with misrepresentations, which present

---

[1] To be clear, Plaintiffs did not comply with Judge DeMarchi's procedure either when they demanded that Google simply agree to cross use of these documents here.

Cooley LLP
Attorneys at Law
San Francisco

3

Google's Opp to Plaintiffs'
Mot. to Revise Case Schedule
Case No. 4:21-cv-02155-YGR-VKD

additional grounds to reject the requested extension. To begin, Plaintiffs baldly claim that their unilateral decision to search the *Calhoun* production using RTB search terms is "consistent with directives from this Court." (*See* Weaver Decl. ¶ 2.) But this Court explicitly rejected Plaintiffs' earlier request to modify the *Calhoun* protective order so that Plaintiffs could "do the search themselves" to locate documents they deemed relevant to RTB. (ECF No. 206 at 6–7 (Plaintiffs' request for "targeted use" of *Calhoun* discovery); ECF No. 242 at 1 (Court's order denying this request).) In other words, Plaintiffs asked for permission to search for *Calhoun* documents to use in this action; the Court denied permission and crafted limited procedures; and Plaintiffs searched the entire *Calhoun* production for documents to use in RTB anyway. Next, Plaintiffs brazenly claim that "more than 20,000" *Calhoun* documents should have been produced here because, according to Plaintiffs, the documents hit on *RTB* search terms *and* are associated with a Google central repository or "RTB custodian[s]." (Mot. at 7; Weaver Decl. ¶¶ 2–3.) That is false. Plaintiffs propose to use *Calhoun* documents from 20 individuals who are **not** *RTB* custodians. (Declaration of Robby L.R. Saldaña in Support of Google's Opposition ("Saldaña Decl.") ¶¶ 5–6.) In fact, Judge DeMarchi **rejected** Plaintiffs' request to include two of the individuals cited in the cross-use demand as a custodian in this case. (ECF No. 187 at 3.) Last, while Plaintiffs have repeatedly represented that Google has produced "not one" of the documents in their cross-use requests to Google and "refuses to even consider producing them," (Mot. at 7 & n.5; Weaver Decl. ¶ 2), Google has determined those representations are false or misleading. (Saldaña Decl. ¶ 4.) The Court should not reward Plaintiffs' misrepresentations or their disregard for its orders by granting an extension that would only create the risk of further violations by Plaintiffs.

*Third*, Plaintiffs have no basis to insist that the *Calhoun* documents they identified are responsive to a valid discovery request in this case or must be produced just because they hit on a search term. Several of Plaintiffs' discovery requests are subject to a "sufficient to show" limitation either by the terms of the request itself, the parties' agreement, or by court order, and thus do not call for mass production. Moreover, as to the search term positive documents, Judge DeMarchi aptly noted in a prior hearing:

> [W]hen I see a dispute about there are too many search terms or this

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S OPP TO PLAINTIFFS'
MOT. TO REVISE CASE SCHEDULE
CASE NO. 4:21-CV-02155-YGR-VKD

> search term hit on, you know, a million documents, it's hard for me to know what to make of those kinds of remarks because does that mean there are a million documents that are super responsive because that search term is excellent or does that mean that only one percent of the documents in that one million are responsive and it's a terrible search term.

(*See* Mar. 8, 2022 Hr'g Tr. at 10:5–12.) Plaintiffs cannot demand production of any document, much less a document produced in a separate action, simply because it purportedly hits on a search term absent an actual showing of relevance. *See Scherer v. FCA US, LLC*, 2021 WL 5494463, at *2–3 (S.D. Cal. Nov. 23, 2021) (rejecting plaintiffs' request seeking production of all documents that hit on search terms); *Palmer v. Cognizant Tech. Sols. Corp.*, 2021 WL 3145982, at *9 (C.D. Cal. July 9, 2021) ("The Court will not compel defendants to produce any document simply because it contains a search term whether or not it is responsive to the discovery request, or, by extension, whether or not it is relevant and proportional to the needs of the action.").

### 2. Plaintiffs mischaracterize Google's extensive production of Named Plaintiff data and fail to explain why the pending disputes over additional data warrant an extension.

Plaintiffs also seek to justify an extension by claiming Google has "withheld crucial data . . . regarding the named plaintiffs" (Mot. at 2), but their account of the discovery process and Google's data production is grossly incomplete and misleading. Plaintiffs fail to explain that Judge DeMarchi issued an order on August 26, 2022 defining the scope of Named Plaintiff data to be produced. (ECF No. 314 ( the "August 26 Order").) Specifically, she instructed Google to produce "documents sufficient to show, for each named plaintiff, what information specific to that plaintiff was shared with an RTB participant and the details of such sharing."[2] (*Id.* at 4.) Plaintiffs appealed that order in an effort to expand the scope of required data, but this Court denied that appeal. (ECF No. 344.)

Consistent with the August 26 Order, Google has produced voluminous data regarding the Named Plaintiffs and has additional data in process for production. (Somvichian Decl. ¶¶ 13, 15–17, 23–24.) The production to date includes Plaintiffs' sign-up information, relevant account

---

[2] Plaintiffs complain that they then had to meet and confer about the Named Plaintiff data production but fail to explain that Judge DeMarchi specifically instructed the parties to meet and confer to determine what data could be produced without undue burden. (ECF No. 314 at 7.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S OPP TO PLAINTIFFS'
MOT. TO REVISE CASE SCHEDULE
CASE NO. 4:21-CV-02155-YGR-VKD

settings, consent-related data, and over ▉ "My Activity" records, including web-browsing history. (*Id.* ¶ 23.) Further, Google's production has not been limited, as Plaintiffs claim, to "simply the documents plaintiffs already obtained themselves using Google's online tools." (Mot. at 6.) To the contrary, after the August 26 Order, Google produced collectively over ▉ data records from its internal logs, reflecting the specific categories of information contemplated in the August 26 Order.³ (Somvichian Decl. ¶ 24.) Plaintiffs make no mention of this production. Nor do they mention Google's written commitment to produce additional data (after a contractually required notice period to advertisers ends), which will include over ▉ additional records from its internal logs relating to the Named Plaintiffs. (*Id.*) This voluminous data is more than sufficient for Plaintiffs to evaluate whatever data-related issues they believe are needed for their class certification motion, and Plaintiffs offer nothing in their Motion to suggest otherwise, other than their conclusory mantra of purported prejudice, which carries no weight. *See Missing Link, Inc. v. eBay, Inc.*, 2010 WL 94268, at *3 (N.D. Cal. Jan. 6, 2010) (denying Rule 16 motion to extend class certification discovery because the movants' "allegations of delayed production stand naked without specifics as to what still needs to be discovered, and from whom").

While Plaintiffs are demanding even more Named Plaintiff data from Google as part of a pending discovery dispute before Judge DeMarchi, (*see* ECF No. 365 (letter brief), ECF No. 376 (hearing)), the outcome of this dispute is largely immaterial to this Motion because Plaintiffs make no effort to explain why the additional data they seek is necessary for class certification purposes.⁴ Nor could they, given the extensive data productions to date that show, among other things, the types of information shared about the Named Plaintiffs in the RTB process and the details of that sharing, which satisfies Google's obligations under the August 26 Order.

### 3. Plaintiffs' general complaint that Google has not substantially completed document production is incomplete and misleading.

In addition to the specific issues above, Plaintiffs complain in general terms that Google, in their view, has not "substantially completed its document production in this case." (Mot. at 8.)

---

³ This data is responsive to the "Linking account information," "Ads shown," and "Cookie-matching" sections of Judge DeMarchi's order. (ECF No. 314.)
⁴ Judge DeMarchi has not issued any order on this dispute. (Somvichian Decl. ¶ 27.)

Cooley LLP
Attorneys at Law
San Francisco

6

Google's Opp to Plaintiffs'
Mot. to Revise Case Schedule
Case No. 4:21-cv-02155-YGR-VKD

This generalized complaint was never raised with Google or promptly presented to Judge DeMarchi for resolution, (Somvichian Decl. ¶ 9), and thus cannot justify an extension here. *See Osakan v. Apple Am. Grp.*, 2010 WL 1838701, at *4 (N.D. Cal. May 5, 2010) (denying motion to modify scheduling order where the movant did not raise its complaints regarding the opposing party's discovery compliance promptly, reasoning that "to the extent that Plaintiff believed that Defendants were impeding his ability to prepare his case by failing to comply with their discovery obligations, he should have promptly sought relief from the assigned discovery magistrate"). Moreover, it is inappropriate for Plaintiffs to seek an extension of the case schedule based on vague assertions that they have never sought to resolve in accordance with applicable rules. *See* Fed. R. Civ. P. 37(a) (requiring a movant to meet and confer with the party that purportedly failed to provide discovery); Civ. L.R. 37-1 (providing that "[t]he Court will not entertain . . . a motion resolve a . . . discovery dispute unless" the parties have conferred); Standing Order for Civil Cases, Magistrate Judge Virginia K. DeMarchi ¶ 4 (setting forth available discovery dispute resolution procedure).

Even if the Court were to consider Plaintiffs' conclusory and unripe assertions, they are meritless and do not justify the extension Plaintiffs seek. *First*, Plaintiffs ask the Court simply to assume that the volume of Google's document production—consisting of nearly 56,000 documents in addition to the extensive Named Plaintiff data discussed above—suggests some deficiency in Google's process. But Google's document production fully complies with a Court-vetted process in which Judge DeMarchi approved the group of 23 custodians, the specific search terms to be applied to their documents, and the centralized document sources to be included.[5] (*See* ECF No. 187 (the "April 29 Order") (resolving disputes over custodians, search terms, and noncustodial sources); ECF No. 187-1 (chart reflecting approved search terms).) Judge DeMarchi rejected Plaintiffs' demands that Google add 21 additional custodians (allowing Plaintiffs only two more custodians) and sided with Google on nearly all of 30+ additional search terms Plaintiffs demanded, finding them "likely to generate a disproportionately large number of false positive hits" or "unnecessarily burdensome." (ECF No. 187 at 3; *see also* ECF No. 187-1.)

---

[5] Google had already agreed to several of Plaintiffs' requested search terms and to 21 custodians, so the dispute was focused on Plaintiffs' demands for additional terms and custodians. (ECF No. 187 at 3).

Cooley LLP
Attorneys at Law
San Francisco

7

Google's Opp to Plaintiffs'
Mot. to Revise Case Schedule
Case No. 4:21-cv-02155-YGR-VKD

Google complied with this process, meeting both the initial substantial completion deadline of April 21, 2022 (as to the custodians and search terms the parties had agreed upon) and the supplemental deadline of July 11, 2022 (as to the additional custodians and search terms Judge DeMarchi approved in the April 29 Order). (Somvichian Decl. ¶¶ 2–5, 9.) While Plaintiffs may be dissatisfied with the volume of documents produced as a result of this process, they offer no basis to conclude that Google failed to substantially comply with it, and the time has long passed for Plaintiffs to seek relief from Judge DeMarchi's orders setting out the parameters for Google's document production. *See* Fed. R. Civ. P. 72(a) (requiring a party to file objections to a non-dispositive order of the magistrate judge within 14 days); Civ. L.R. 72-2 (setting forth procedure for objecting to a non-dispositive order of the magistrate judge).

*Second*, Plaintiffs take issue with the number of documents produced since the Court modified the case schedule on September 7, 2022 (Mot. at 5), but the modest volume of these additional documents is to be expected given Google's prior substantial completion of production, as discussed above. Further, in addressing discovery disputes since September 7, Judge DeMarchi has largely rejected Plaintiffs' broad demands and required only discrete productions of additional documents. For example, when Judge DeMarchi ruled on a dispute involving Plaintiffs' fifth set of document requests to Google, she denied several of Plaintiffs' requests outright and, as to others, noted that the additional production she had in mind "is not the kind of production that requires application of search terms to ESI" but rather "a deliberate and focused investigation of the documentation Google maintains" for certain specific topics, such that "[i]f Google has already undertaken this investigation and produced the responsive documents, it will have nothing more to do to comply with order." (ECF No. 352 at 5.) Similarly, when Plaintiffs filed a motion regarding certain damages discovery (which Judge DeMarchi admonished as "fail[ing] to comply with the discovery dispute resolution procedures"), the Court required only targeted production of documents on costs and other discrete categories of information while rejecting Plaintiffs' broader requests.[6] (ECF No. 357 at 2 & n.2.) In short, Google's productions since the September 7, 2022

---

[6] This motion was a follow-up to a prior motion involving damages-related discovery. (ECF No. 326.) Plaintiffs appealed the order on that prior motion, which sought even more damages-related documents. (ECF Nos. 334, 345).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

GOOGLE'S OPP TO PLAINTIFFS'
MOT. TO REVISE CASE SCHEDULE
CASE NO. 4:21-CV-02155-YGR-VKD

case schedule extension do not reflect any shortcoming in Google's discovery compliance and are due instead to Google's earlier substantial completion of production in April and July and the limited scope of production contemplated by Judge DeMarchi's more recent discovery orders.

*Third*, Plaintiffs allude to disputes over Google's privilege assertions, (Mot. at 6 & n.2), but fail to explain that Judge DeMarchi has already addressed these issues. On November 17, 2022, Judge DeMarchi (1) rejected Plaintiffs' claim that Google had waived privilege over 5,470 privilege log entries, finding Plaintiffs' argument "inconsistent with" Ninth Circuit precedent, and (2) further rejected Plaintiffs' broad demand for specific information on the logged documents. (ECF No. 360.) Instead, Judge DeMarchi ordered Google to provide Plaintiffs with narrowed information for only 18 entries, (*id*. at 8–9), and Google has fully complied with that order, (Somvichian Decl. ¶ 26). There is no further dispute on this point pending before Judge DeMarchi. Even if Plaintiffs were to raise one now based on the information Google recently provided, it could not justify Plaintiffs' requested extension, given the belated timing of when they raised these issues, which involve a privilege log that Google served months ago on July 11, 2022. (Somvichian Decl. ¶¶ 8, 18–20.)

### B. Plaintiffs' Dilatory Discovery Tactics Do Not Establish the Diligence Required to Establish Good Cause to Modify the Scheduling Order.

Plaintiffs cannot establish the "good cause" required by Federal Rule of Civil Procedure 16(b)(4), which requires this Court to determine as "[t]he central inquiry . . . whether the requesting party was diligent" in attempting to comply with the scheduling order from which it seeks relief. *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017). Plaintiffs have not demonstrated the diligence needed to justify their requested extension and this alone dooms the Motion: "If [the movant] was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

*First*, Plaintiffs' claim that Google failed to meet the deadline for substantial completion of document production does not warrant another modification of the case schedule. That deadline lapsed **nearly five months ago** on July 11, 2022. (ECF No. 221.)[7] Plaintiffs never raised their

---

[7] While the Court later modified other aspects of the case schedule, the substantial completion

generalized claims of noncompliance with Judge DeMarchi before relying on these purported issues as grounds for an extension in this Motion. That failure—compounded by Plaintiffs' delay in raising their specific demand for cross use of *Calhoun* documents and their challenges to Google's privilege log—is the opposite of diligence and grounds enough to deny the motion. *Ottovich v. City of Fremont*, 2013 WL 3245162, at *2 (N.D. Cal. June 26, 2013) (noting that when a party fails to act with "diligence in seeking modification" of a scheduling order, it necessarily "fails to show good cause for the requested extensions").

*Second*, Plaintiffs served over half of their requests for production on Google shortly before or *after* the expiration of the Court's substantial completion deadline. Plaintiffs served 32 highly technical document requests on June 29, 2022, less than two weeks before the July 11 deadline. (Somvichian Decl. ¶ 7.) Plaintiffs then served 21 more document requests on July 25, 2022. (*Id*. ¶ 14.) Taken together, many of these 53 requests were overbroad, vague, or otherwise improper, leading to discovery disputes in which Judge DeMarchi substantially limited their scope, followed by appeals in which this Court twice overruled Plaintiffs' objections to Judge DeMarchi's rulings. (*See, e.g.*, ECF Nos. 314, 326, 336; *see also* ECF No. 344 (denying Plaintiffs' motion for relief from Judge DeMarchi's order denying their discovery motion), ECF No. 345 (same).) More recently, Plaintiffs served an additional 6 document requests on October 3, 2022. (Somvichian Decl. ¶ 21.) Plaintiffs cannot show they were diligent in addressing perceived issues with Google's compliance with the substantial completion deadline when many of their Requests were served *after* the deadline.

*Third*, Plaintiffs' approach to deposition practice has been equally lackadaisical, contrary to their insinuations that Google has delayed this process. (*See* Mot. at 7 n.5.) Most strikingly, Plaintiffs have taken no steps since July to schedule a Rule 30(b)(6) deposition, even though Judge DeMarchi resolved the parties' dispute over the scope of Rule 30(b)(6) topics **over six months ago**. (ECF No. 231; Somvichian Decl. ¶¶ 6, 10–12.) Plaintiffs likewise declined to notice a single deposition of a Google witness until October 2022, and even still, Google worked diligently to schedule those depositions before the end of the year. (Mot. at 7 n.5; Somvichian Decl. ¶¶ 22, 25,

---

deadline has remained unchanged. (*See* ECF No. 329.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

GOOGLE'S OPP TO PLAINTIFFS'
MOT. TO REVISE CASE SCHEDULE
CASE NO. 4:21-CV-02155-YGR-VKD

28–29.) And despite claiming that certain *Calhoun* documents are purportedly necessary to these depositions (Mot. at 7 n.7), Plaintiffs did not make any cross-use request of those documents until merely weeks before the scheduled depositions. (*Compare* Somvichian Decl. ¶ 25, *with* Saldaña Decl. ¶¶ 2–3.) In short, Plaintiffs have not exercised diligence in this case and the perceived delays they complain of in the Motion are the result of their own strategy of serving overbroad and improper discovery requests that have led to inevitable discovery disputes, as Judge DeMarchi has observed. (*See* ECF No. 326 at 4 ("[P]laintiffs have repeatedly undermined their cause by serving and insisting upon overbroad discovery requests and by failing to explain how the discovery they seek is relevant to a claim or defense and proportional to the needs of the case.").)

### C. Plaintiffs' Requested Modifications to the Case Schedule Will Prejudice Google and Burden the Court by Giving Plaintiffs Additional Time to Make Improper Cross-Use Requests and Relitigate Settled Disputes.

As a final matter, "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion" to modify the case schedule. *Johnson*, 975 F.2d at 609. Such additional reasons exist here because Plaintiffs' ongoing disregard for the Court's orders regarding *Calhoun* cross-use is unfair to Google, needlessly burdens the Court, and Plaintiffs should not be rewarded with more time to continue these tactics. (*See* ECF No. 357 at 2 ("Plaintiffs are admonished regarding their noncompliance with the Court's standing order.").)

Google faces substantial prejudice from another modification of the case schedule, which would enable Plaintiffs to make yet more unauthorized *Calhoun* cross-use requests and attempt to relitigate discovery disputes already resolved against them. Google already responded to Plaintiffs' request in June to cross use all of *Calhoun* discovery that Plaintiffs deemed relevant. (*See Calhoun*, ECF No. 711-4.) Google justifiably believed this Court's order denying that motion and Judge DeMarchi's order establishing a procedure for limited use of *Calhoun* discovery in connection with a discovery dispute had settled the proper role of *Calhoun* discovery in this action. Yet Plaintiffs have used the time since the last case extension in September 2022, (*see* ECF No. 329), to demand that Google acquiesce to cross use of the purported "more than 20,000" *Calhoun* documents referenced in their Motion, or face immediate motion practice. (Saldaña Decl. ¶ 5.) Allowing

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

GOOGLE'S OPP TO PLAINTIFFS'
MOT. TO REVISE CASE SCHEDULE
CASE NO. 4:21-CV-02155-YGR-VKD

Plaintiffs the additional time to pursue this baseless cross-use demand and potentially more improper demands would be highly prejudicial to Google, which thought that the Court had already settled months ago the limited role of *Calhoun* discovery in this case. *Cf. Wang v. EHang Holdings Ltd.*, No. 20-CV-00569, 2021 WL 4427380, at *3 (N.D. Cal. Sept. 27, 2021) (denying request to modify the case schedule because "it would be unreasonable to require [the non-movant] to engage in further motion practice when he justifiably has believed the pleadings to be settled for months").

Another modification of the case schedule would also burden the Court. It is axiomatic that "[s]cheduling orders are intended to alleviate case management problems." *C & C Props., Inc. v. Shell Pipeline Co.*, 2017 U.S. Dist. LEXIS 209414, at *8 (E.D. Cal. Dec. 20, 2017). A scheduling order allows the Court to manage its docket by setting benchmarks for a case. Plaintiffs' request to modify the case schedule will require yet another adjustment to the Court's docket, and could push trial in this case to mid-2024 if not early 2025. Worse yet, as discussed above, the additional time Plaintiffs seek will simply give them more opportunities to relitigate already decided issues and make more unwarranted demands that will likely spark additional disputes, further taxing the Court's limited resources.

### III.  CONCLUSION

For the foregoing reasons, each one of which standing alone is sufficient to deny the present Motion, Google respectfully requests that the Court deny Plaintiffs' Motion. In the alternative, Google requests that the Court remand this issue to Judge DeMarchi, who is best positioned to address the discovery complaints Plaintiffs raise in their Motion.

Dated: December 13, 2022                        COOLEY LLP

By: */s/ Whitty Somvichian*
     Whitty Somvichian

Attorneys for Defendant
GOOGLE LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

GOOGLE'S OPP TO PLAINTIFFS'
MOT. TO REVISE CASE SCHEDULE
CASE NO. 4:21-CV-02155-YGR-VKD