1  COOLEY LLP                                    COOLEY LLP
   MICHAEL G. RHODES (SBN 116127)                ROBBY L.R. SALDAÑA (DC No. 1034981)
2  (rhodesmg@cooley.com)                         (rsaldana@cooley.com)
   WHITTY SOMVICHIAN (SBN 194463)                (*Admitted pro hac vice*)
3  (wsomvichian@cooley.com)                      KHARY J. ANDERSON (DC No. 1671197)
   JEFFREY M. GUTKIN (SBN 216083)                (kjanderson@cooley.com)
4  (jgutkin@cooley.com)                          (*Admitted pro hac vice*)
   LAURA M. ELLIOTT (SBN 286702)                 1299 Pennsylvania Avenue, NW, Suite 700
5  (lelliott@cooley.com)                         Washington, DC 20004-2400
   KELSEY R. SPECTOR (SBN 321488)                Telephone:    +1 202 842 7800
6  (kspector@cooley.com)                         Facsimile:    +1 202 842 7899
   REECE TREVOR (SBN 316685)
7  (rtrevor@cooley.com)
   ANUPAM DHILLON (SBN 324746)
8  (adhillon@cooley.com)
   3 Embarcadero Center, 20th floor
9  San Francisco, CA 94111-4004
   Telephone:    +1 415 693 2000
10 Facsimile:    +1 415 693 2222

11 Attorneys for Defendant
   GOOGLE LLC

12                       UNITED STATES DISTRICT COURT

13                     NORTHERN DISTRICT OF CALIFORNIA

14                              OAKLAND DIVISION

15

16
   In re Google RTB Consumer Privacy          Master File No. 4:21-cv-02155-YGR-VKD
17 Litigation,
                                              **GOOGLE LLC'S ADMINISTRATIVE**
18                                            **MOTION TO SEAL**

19 This Document Relates to:  *all actions*,

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

278884566

## I.   INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5, Defendant Google LLC ("Google") respectfully submits this Administrative Motion ("Sealing Motion") to consider whether portions of Google's Opposition to Plaintiffs' Motion to Revise the Case Schedule ("Google's Opposition"), portions of the Declaration of Whitty Somvichian in Support of Google's Opposition ("Somvichian Declaration"), and portions of the Declaration of Robby L. R. Saldaña in Support of Google's Opposition ("Saldaña Declaration") should remain under seal.

The portions of Google's Opposition, the Somvichian Declaration, and the Saldaña Declaration listed below reflect highly confidential information regarding sensitive internal data systems that Google keeps confidential.  As set forth in the accompanying Declaration of Robby L.R. Saldaña in Support of the Sealing Motion ("Saldaña Sealing Declaration"), Google confirms the confidentiality of these items, which the Court has already previously sealed.  Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below:

| Document | Portions to be filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Google LLC's Opposition to Plaintiffs' Motion to Revise the Case Schedule | Portions highlighted at page 6 | Google |
| Declaration of Whitty Somvichian in Support of Google's Opposition to Plaintiffs' Motion to Revise the Case Schedule | Portions highlighted at page 3 | Google |
| Declaration of Robby L. R. Saldaña in Support of Google's Opposition to Plaintiffs' Motion to Revise the Case Schedule | Portions highlighted at page 2 | Google |

## II.   LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (i.e.,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEF. GOOGLE LLC'S ADMIN
MOTION TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

278884566

is "sealable").  Civ. L.R. 79-5(b).  Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case[.]"  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).  The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824-BLF, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

A motion to modify a case schedule is a non-dispositive motion, and thus the good cause standard applies here.  *See, e.g., In re Outlaw Lab'ys, LP Litig.*, No. 18CV840 GPC (BGS), 2021 WL 1102421, at *4 (S.D. Cal. Mar. 23, 2021) (concluding that good cause applied to a motion to seal filed in connection with a motion to modify the case schedule because "[t]his was a non-dispositive motion").  Moreover, relevant to the discovery rationales at issue in Plaintiffs' motion to revise the case schedule, briefing for a discovery motion is non-dispositive, and subject to the good cause standard.  *See, e.g.*, *Pieterson v. Wells Fargo Bank, N.A.*, (No. 17-cv-02306-EDL, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("Because the sealing requests were made in conjunction with a nondispositive discovery motion, a showing under the good cause standard will suffice."); *Calhoun v. Google*, Case No. 20-cv-05146, ECF No. 327 at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case"); *id*. at ECF No. 386 (sealing hearing transcripts related to discovery dispute under "good cause" standard.").  Notably, "[r]ecords attached to nondispositive motions are not subject to the strong presumption of access." *TVIIM, LLC v. McAfee, Inc.*, No. 13-cv-04545-HSG, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) (citation omitted).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

278884566

3

DEF. GOOGLE LLC'S ADMIN
MOTION TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

III.    **GOOD CAUSE WARRANTS SEALING OF PORTIONS OF GOOGLE'S OPPOSITION AND SUPPORTING DECLARATIONS.**

Google asks this Court to seal portions of Google's Opposition, the Somvichian Declaration, and the Saldaña Declaration, which contain information derived from Google's confidential, proprietary information. Under the good cause standard, Google's sealing request should be granted.

As an initial matter, the proposed redactions to Google's Opposition, the Somvichian Declaration, and the Saldaña Declaration are narrowly tailored to encompass only the specific portions that qualify as confidential information and therefore do not "unduly limit[] public access." *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST-NC, 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

Good cause exists to support Google's narrow sealing requests. *First*, the portions of Google's Opposition, the Somvichian Declaration, and the Saldaña Declaration which Google seeks to seal contain confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly. (Saldaña Sealing Decl. ¶ 4.) Specifically, these portions reference technical details and identifiers related to highly sensitive data logs and data systems that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors. (*Id*.) This information includes details pertaining to Google's internal projects and their proprietary functionalities, data infrastructure, logs, and metrics, as well as details relating to the burden associated with producing such information in litigation. *Second*, public disclosure of documents that contain technical details and identifiers related to Google's highly sensitive data logs and data systems place Google at risk of irreparable harm because these may reveal Google's internal strategies, system designs, and business practices for operating and maintaining many of its important proprietary services. (*Id*. ¶¶ 5–6.) This creates a serious cybersecurity risk as third parties may seek to use this information to compromise Google's data sources, including data logs, internal data structures, and internal identifier systems. (*Id*. ¶ 6.)

Courts in this District routinely find that references to data logs and data systems warrant

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

278884566

4

**DEF. GOOGLE LLC'S ADMIN MOTION TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD**

sealing.  *See, e.g.*, *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, ECF No. 192, at 3–9 (N.D. Cal. May 3, 2017) (granting motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *In re Google Inc. Gmail Litig.*, No. 13-md-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems).  This Court has already previously sealed descriptions of internal data logs.  *In re Google RTB Consumer Privacy Litig.*, No. 21-cv-02155-YGR, ECF No. 186 (N.D. Cal. Apr. 29, 2022) (sealing descriptions of data sources); ECF No. 327 (N.D. Cal. Sept. 6, 2022) (sealing portions concerning Google's data signals, internal strategy, and business practices).  Furthermore, the information at issue here is also the subject of a pending sealing request in this case.  *In re Google RTB Consumer Privacy Litig.*, No. 21-cv-02155-YGR, ECF No. 371 (N.D. Cal. Nov. 29, 2022) (requesting the sealing of descriptions of data sources).

## IV.    CONCLUSION

For the foregoing reasons, Google respectfully requests the Court seal portions of Google's Opposition, the Somvichian Declaration, and the Saldaña Declaration.

Dated: December 13, 2022                                COOLEY LLP


By: */s/ Robby L.R. Saldaña*
      Robby L. R. Saldaña

Attorney for Defendant
GOOGLE LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

278884566