UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR   (VKD)<br><br>**ORDER RE SEALING**<br>Re: Dkt. Nos. 364, 366, 371 |

The parties filed a joint letter brief regarding a discovery dispute related to whether defendant Google LLC ("Google") has complied with its obligations to produce named plaintiff data in this action. *See* Dkt. No. 365. In support of this dispute, the parties filed a second joint submission, accompanied by five sealed exhibits, addressing whether materials from the case *Calhoun et al v. Google LLC*, No. 20-5146 supported plaintiffs' arguments. Dkt. No. 367. Both submissions were filed provisionally under seal. Dkt. Nos. 364-3, 366-3. As the designating party, pursuant to Local Rule 79-5(f)(3) Google filed a responsive motion arguing that portions of these submissions should be redacted and the exhibits sealed. Dkt. No. 371.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct.

38 (2016).  A litigant seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

Google's motion to seal (Dkt. No. 371) concerns information submitted in connection with a discovery dispute.  The underlying discovery dispute does not address the merits of the parties' claims or defenses, and the Court therefore applies the "good cause" standard of Rule 26(c).

The portions of the submissions that Google seeks to redact contain confidential and proprietary information regarding highly confidential features of Google's internal systems and operations that Google does not share publicly.  Dkt. No. 371 at 4.  Google argues that "public disclosure of documents that contain technical details and identifiers related to Google's highly sensitive data logs and data systems place Google at risk of irreparable harm because these may reveal Google's internal strategies, system designs, and business practices for operating and maintaining many of its important proprietary services." *Id.*  The Court agrees and finds that good cause exists to seal the following material:

| Document | Portions to be filed under seal |
| --- | --- |
| Joint Letter Brief Regarding Named-Plaintiff Data (Dkt. No. 364-3) | Portions highlighted at pages 1-7 |
| Joint Letter Brief Regarding Use of Calhoun Materials (Dkt. No. 366-3) | Portions highlighted at pages 1-5 |
| Exhibit 1 to Joint Letter Brief Regarding Use of Calhoun Materials (Dkt. No. 366-4) | Entirety |
| Exhibit 2 to Joint Letter Brief Regarding Use of Calhoun Materials (Dkt. No. 366-5) | Entirety |
| Exhibit 3 to Joint Letter Brief Regarding Use of Calhoun Materials (Dkt. No. 366-6) | Entirety |
| Exhibit 4 to Joint Letter Brief Regarding Use of Calhoun Materials (Dkt. No. 366-7) | Entirety |
| Exhibit 5 to Joint Letter Brief Regarding Use of Calhoun Materials (Dkt. No. 366-8) | Entirety |

Redacted versions of the two submissions, reflecting the approved redactions, have already been filed on the public docket. Dkt. Nos. 365, 367. The exhibits to the *Calhoun* submission (Dkt. Nos. 367-1 thru 367-5) shall remained sealed in their entirety. Accordingly, the Court requires no further action from the parties.

**IT IS SO ORDERED.**

Dated: December 19, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge