Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

[Additional Counsel Appear on Signature Page]

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION*<br><br>This document applies to all actions. | **CASE NO. 4:21-CV-02155-YGR**<br><br>**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO REVISE CASE SCHEDULE**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: January 3, 2023<br>Time: 2:00 p.m.<br>Courtroom: 1, Fourth Floor |

TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. RECENT DEVELOPMENTS ..............................................................................3

   A. Named Plaintiff Data ......................................................................................3

   B. Documents improperly withheld under a "privilege" or "work product" claim ...…………………………………………..…………………………4

   C. Reports, analysis and studies about RTB revenue impacts …..……………... 5

   D. Documents and data sources first identified during recent depositions……….6

III. ARGUMENT ……………………………………………………………………8

   A. Good cause exists to amend the case schedule and trial date…………………8

      1. Plaintiffs have been diligent in pursuing discovery……………………… 8

      2. Plaintiffs will be prejudiced without an extension …………………….... 8

      3. The extension requested is fair and equitable …………………………….. 9

      4. Google will not be prejudiced by the extension sought …………………..10

   B. The Court should reject Google's effort to turn this motion into a discovery dispute ……………………………………………………………………10

IV. CONCLUSION ………………………………………………………………….11

## I. INTRODUCTION

Although Google continues to resist the requested schedule extension, its opposition makes plain why that extension should be granted. As Google itself relates, some of the most critical items of class certification discovery—transactional internal log data pertaining to the named plaintiffs—***had not been produced by Google*** at the time of its opposition brief. Indeed, several days after filing its opposition, and just ten days before the holidays and five weeks ahead of the current class certification deadline, Google finally produced ▇▇▇▇▇▇ ***"records"*** pertaining to the named plaintiffs. This critical data was sought by plaintiffs' initial discovery requests served over eighteen months ago, and has been a mainstay of discovery hearings before Magistrate Judge DeMarchi going back to at least March 2022. *See* ECF Nos. 171, 269, 314, 365, 367, 376. Google was ordered to produce such data back on August 26 (ECF No. 314), but most of what has been produced by Google so far has been provided only in the past five weeks (▇▇▇▇ data records since Nov. 11, 2022).

Large as they appear, even the three recent data productions by Google are incomplete in critical, material respects. Magistrate Judge DeMarchi recently ordered Google to make a more fulsome production that includes highly relevant named plaintiff data from its data logs; however, the compliance date for that production is not until ***after*** the current class certification deadline. *See* ECF No. 382. Magistrate Judge DeMarchi also ordered the parties to meet and confer again about the appropriate time periods for which named plaintiff data must be produced by Google (*id.*), which is critical to class certification since most of the data produced to date is sampled from one year of a seven-year discovery period. The case schedule therefore must be extended to allow Google time to complete its productions of the missing documents and data described herein, and to allow time for plaintiffs and their experts to receive and analyze these documents and data prior to plaintiffs moving for class certification.

There are other discovery deficiencies by Google that necessitate a schedule extension, too. One currently open discovery dispute involves thousands of documents that plaintiffs contend have been improperly designated by Google as privileged or workproduct protected, and withheld from production. *See* ECF No. 360. Google similarly has not produced dozens of reports, analyses and studies on revenue impacts, despite having been ordered to do so in early September 2022. *See* ECF

1  Nos. 326, 357.  This will be the subject of another compliance motion before Magistrate Judge
2  DeMarchi soon. Additionally, having now commenced the deposition of two Google witnesses,
3  Glenn Berntson (on December 8) and Stan Belov (on December 13), it is apparent that Google has
4  failed to produce hundreds, if not thousands, of key documents and data sources first identified by
5  these deponents at their depositions.
6        The Berntson and Belov depositions also revealed that Google has not produced documents
7  in the manner in which they are maintained in the ordinary course of Google's business, excluding
8  material information. ███████████████████████████████████████
9  ████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████
11 ████████████████████████████████████████████████████
12 ████████████████████████████████████████████████████
13 ████████████████████████████████████████████████████
14 ████████████████████████████████████████████████████
15 ████████████████████████████████████████████████████
16 ████████████████████████████████████████████████████
17 ██████████████████████  This failure necessitated that both witness depositions be left
18 open to allow for further deposition inquiry after the parties resolve these issues. *Id.*  If Google
19 refuses to resolve these issues informally (as has been Google's history), time will be needed for
20 motion practice before Magistrate Judge DeMarchi on these matters, too.
21        Google attempts to deflect from its discovery deficiencies, and to lay blame for its delays at
22 plaintiffs' feet. Plaintiffs and their counsel brought the case on a contingent basis and plainly have
23 every incentive to litigate the case efficiently, and to seek only the discovery necessary for the needs
24 of the case. To that end, contrary to Google's assertions, and as the docket shows, plaintiffs have
25 diligently and repeatedly met and conferred with Google and its counsel, have worked hard to
26 narrow discovery disputes, and consistently urged Google to adopt discovery efficiencies for this
27 case. One such efficiency, discussed in plaintiffs' opening brief, is for Google to cure some of its
28 present discovery failings by releasing to plaintiffs here the more than 20,000 documents that were

produced by Google in the related *Calhoun* case—documents that hit upon search terms and custodians approved by Magistrate Judge DeMarchi for this case. *See* Reply Weaver Decl., ¶¶ 2-9. Google refuses to take that efficient course, however, instead insisting upon a document-by-document discovery litigation process that, if followed, would literally take a decade to complete.

Each of these open discovery items relates directly to plaintiffs' ability to meet their class certification burden, which is precisely why Google has been doing everything in its power to delay and not produce this discovery in a timely manner. Google should not be rewarded for its dilatory conduct. For the reasons set forth below and in plaintiffs' moving papers, the case schedule should be extended for at least four, if not six more months.

## II.  RECENT DEVELOPMENTS

There are a number of discovery issues and disputes, all of which relate to class certification, that need to be resolved before plaintiffs can fairly be put to the burden of demonstrating that class certification is warranted in this case. Given that Google has stated that it intends to vigorously oppose each and every element of Fed. R. Civ. P. 23(a) and (b)(3), obtaining this discovery well before briefing commences and class certification expert reports are due is more important than ever, and the only way to proceed at this point without prejudicing plaintiffs.

### A.  Named Plaintiff Data

It is undisputed that plaintiffs have been seeking data and records pertaining to the named plaintiffs since discovery first commenced in May 2021, and that such data and records will be crucial to plaintiffs' class certification motion and Google's anticipated attacks on class certification. Google admits that it did not begin making a substantive production of some of the named plaintiff data and records until October 2022, that it then made an even larger production in November 2022, and that it finally made its largest production (vastly exceeding the prior two productions) just a week ago, on December 15, 2022, less than two weeks before the holidays and five weeks before plaintiffs' motion is due to be filed. *See* ECF No. 378-1 at ¶¶ 23-24 (identifying production of about ▓▓▓▓ data records since Oct. 7, 2022). But even with these productions, late as they are, discovery of the named plaintiff data remains incomplete in critical respects.

On December 16, 2022, Magistrate Judge DeMarchi ruled on plaintiffs' pending motion to

compel with respect to additional named plaintiff data and records and ordered Google to produce all data fields for the named plaintiffs related to "verticals" and "documents sufficient to show for each named plaintiff the information, if any, that [Google] provided to RTB participants that would permit those participants to infer information about the account holder based on verticals linked with the account holder." ECF No. 382 at 5. This data must be produced by Google by January 31, 2023 (*id*. at 7), one week after plaintiffs' class certification motion is presently due. Magistrate Judge DeMarchi also ordered the parties to meet and confer further with respect to the appropriate time periods for which named plaintiff data must be produced by Google. This meet and confer must be completed by January 13, 2023 and if the parties remain at an impasse, which is likely given prior history, the issue is to be briefed before Magistrate Judge DeMarchi. *Id*. The time period issue is very important for class certification purposes because, to date, most of the data produced by Google has been sampled from a one-year period in 2021 and 2022, and fails to include any data for the other six years of the discovery period. As certain data fields changed during this earlier period, it is important, if time sampling is to occur, that the data be sampled from this earlier period to ensure that all data fields operative at any time during the entire class period are represented.

Magistrate Judge DeMarchi's December 16 Order is likely to result in the production of voluminous additional data and records for the named plaintiffs that are critical to class certification, have been sought by plaintiffs for over 18 months, and withheld by Google for more than a year. Requiring plaintiffs to move forward on the current schedule would be highly prejudicial on this basis alone, without even considering the discovery issues discussed below that are also pending.

### B. Documents improperly withheld under a "privilege" or "work product" claim

Plaintiffs contend that Google has withheld more than 5,000 documents under improper claims of attorney work product and attorney-client privilege.[1] Google, in its opposition, would have the Court believe that the dispute concerning Google's privilege assertions has been resolved by Magistrate Judge DeMarchi, and thus provides no basis for the extension plaintiffs now seek.

---

[1] Google has asserted the attorney-client privilege or work product protection with respect to 13% of all of the documents Google has deemed relevant to this litigation and responsive to plaintiffs' discovery requests. But many of these documents do not involve or identify any attorney.

*See* ECF No. 378 at 9.  This is not true. In her first privilege order, Magistrate Judge DeMarchi ***did not resolve*** the privilege dispute; she instead set forth a procedure for the parties to follow with respect to the 18 exemplars specifically cited in the briefing and the other challenged entries on the logs.  *See* ECF No. 360.  It is telling that when required by a court order to provide more details about its privilege assertions for the 18 exemplars, Google instead promptly withdrew or significantly modified its privilege claims for half of those 18 documents.  This strongly suggests (along with the sheer number of documents withheld), that Google has improperly withheld thousands of documents under an improper privilege claim, just as plaintiffs contend (as has occurred in related litigation).[2]

The parties are engaging in the procedure ordered by Magistrate Judge DeMarchi, and plaintiffs expect that a further motion addressing Google's privilege designations will be filed shortly.[3]

### C. Reports, analyses and studies about RTB revenue impacts

On September 6, 2022, Google was ordered to produce "all reports, analyses, and studies showing the impact on Google's RTB revenues of disabling third-party cookies and other user identifiers."  *See* ECF No. 326 at 6.  After Google did nothing for two months, and then refused to tell plaintiffs when it would make this production, plaintiffs sought another order from Magistrate Judge DeMarchi requiring Google to comply with her discovery order by a date certain.  This motion was granted, and Google was ordered to complete its production on November 23, 2022.  *See* ECF No. 357.  That belated production consisted of only 19 documents. Only 15 of these 19 documents involve reports, analyses, and studies regarding RTB revenue impacts.  Pritzker Reply Decl., ¶ 13.

---

[2] *See Calhoun v. Google*, No. 4:20-cv-05146-YGR-SVK (N.D. Cal.), Dkt. No. 603 (ordering Google to re-review all disputed documents on its privilege log after it withdrew or narrowed its privilege designations for 40% of the documents it re-reviewed on its privilege logs in response to plaintiffs' challenges, including the 15 documents identified for *in camera* review); *Brown v. Google*, No. 4:20-cv-03664-YGR-SVK (N.D. Cal., Apr. 1, 2022), Dkt. No. 522 (requiring Google to re-review additional documents on its privilege logs where it changed its position regarding privilege on approximately 25% of the documents it re-reviewed in response to plaintiffs' challenges).

[3] Plaintiffs have advised Google that they are available to conclude the meet and confer process and joint letter briefing in the next two weeks, but anticipate that Google, as it has in the past, will delay any conferring and briefing until after the holidays, citing to Google's holiday closure.

1  The production is plainly deficient. *Id.* It omits dozens, if not hundreds, of responsive documents
2  that plaintiffs know exist. *Id.* ████████████████████████████████████████
3  ████████████████████████████████████████. *Id.* A week before that deposition, on
4  December 5, plaintiffs informed Google that its production was deficient and demanded that it
5  comply with the Court's order. *Id.* Notwithstanding these deficiencies, Google says its production
6  is "complete." *Id.* Plaintiffs will seek further relief from Magistrate Judge DeMarchi on this issue
7  as soon as Google commits to a briefing schedule, which is not likely to be until after the holidays.
8  *See* fn. 3, above.

### D. Documents and data sources first identified during recent depositions

Plaintiffs recently completed the first days of the Berntson and Belov depositions on December 8 and 13, respectively, and, as noted above, both of these depositions identified critical problems with Google's document production to date in this matter.[4] This is significant and particularly prejudicial to plaintiffs because Berntson and Belov are likely the two Google employees most involved with and knowledgeable about RTB during the relevant time period, and their documents in particular are critical to this case.



None of these dashboards appear to have been searched or produced by Google or even disclosed to plaintiffs. *Id.*. ████████████████████████████████████████ ████████████████████████████████████████████████████████ none of which

---

[4] In light of all of the discovery issues uncovered during the depositions, both depositions were held open and further testimony from both individuals will be required once the discovery issues are resolved. As Google will almost certainly object to this, plaintiffs anticipate that these depositions also will be the subject of a motion before Magistrate Judge DeMarchi early in the new year.

1 appear to have been searched for or produced by Google either. *Id*. at ¶ 6. ▮

2 ▮

3 ▮

4 Pritzker Reply Decl., ¶ 7. None of the source code changes related to RTB have been searched for

5 or produced by Google, and ▮

6 was not disclosed by Google. *Id*. ▮

7 ▮ This dashboard also has not been

8 searched for or produced by Google. *Id*. at ¶ 8. ▮

9 ▮ but these too do not appear

10 to have been search for or produced by Google or disclosed to plaintiffs. *Id*. Finally, ▮

11 ▮

12 ▮ many of which do not appear to have

13 been searched for or produced by Google. *Id*. at ¶ 9.

14      Also notable, both ▮

15 ▮

16 ▮ Pritzker Reply Decl., ¶ 10. This is a critical

17 problem, because many of the ▮

18 ▮

19 ▮

20 ▮

21 ▮

22      Finally, even though ▮

23 ▮, only one document from 2022 was produced for Belov.

24 Pritzker Reply Decl., ¶ 11. No documents were produced for Berntson for 2022. *Id.* Given that

25 11,862 documents were produced for Belov (as author, recipient or custodian) for 2019-2021 and

26 3,361 documents were produced for Berntson for 2019-2021, that only one document for these

27 witnesses was produced for all of 2022 is deeply troubling, given their significant roles in this case.

28 *Id.*

## III. ARGUMENT

### A. Good cause exists to amend the case schedule and trial date

In addition to the facts set forth in plaintiffs' moving papers, the recent developments discussed above and in the Pritzker Reply Declaration provide an even stronger basis for the Court to amend the case schedule and trial date. Whether considered under Fed. R. Civ. P. 16, Civil Local Rule 16-10, or this Court's inherent authority, good cause for either a four-month or six-month extension exists for the reasons discussed below and in plaintiffs' moving papers.

#### 1. Plaintiffs have been diligent in pursuing discovery

The Court should reject Google's efforts to pin the blame for the discovery delays in this case on plaintiffs. Google's revisionist history of discovery in this case bears little relation to fact and misrepresents the record. The discovery plaintiffs are just now beginning to receive from Google is basic discovery that plaintiffs have been seeking since discovery first commenced back in May 2021. That this discovery is only now being produced, and even then in fits and starts and with large gaps, is solely the fault of Google and its strategy to make discovery in this matter as contentious, slow and expensive as possible. A fair reading of the record confirms that plaintiffs have not been dilatory in pursuing needed discovery, or are in any way at fault for the need now to extend the case schedule as requested. To the contrary, the record demonstrates that plaintiffs have been vigorously prosecuting this action and attempting to overcome Google's obstructive tactics.[5]

#### 2. Plaintiffs will be prejudiced without an extension

The facts set forth in plaintiffs' moving papers and described above more than adequately demonstrate that plaintiffs will be prejudiced without the extension. There are significant discovery issues currently being litigated or about to be litigated before Magistrate Judge DeMarchi and significant and material gaps in Google's production that need to be cured before plaintiffs can be

---

[5] Google's complaint that plaintiffs should have commenced depositions earlier bears little relation to reality and should be rejected. Deposing key witnesses in complex, tech-heavy cases without the benefit of documents that the witness authored or received is generally an exercise in futility, and highly prejudicial since most witnesses are only produced for deposition once, and need to be questioned about their documents during that deposition. Google cannot withhold most of its production and then be heard to complain that plaintiffs have been slow to commence depositions.

expected to prepare and file a class certification motion that meets the standards of Rule 23 as interpreted by this Court, the Northern District and the Ninth Circuit.

For example, the named plaintiff data that Google finally began to produce (but which remains incomplete in many respects) goes directly to issues of commonality and predominance for class certification. On commonality, the named plaintiff data will demonstrate that Google engaged in uniform misconduct during the class period, e.g., uniformity in sharing and selling account holder information through RTB. The pending production of "verticals" information will demonstrate that Google explicitly and implicitly shared and sold sensitive information through the RTB system, which was and is in direct contravention of its promise to account holders that it would "never use your…sensitive information like race, religion, or sexual orientation, to personalize ads about you." *See* ECF No. 92, Compl., ¶¶ 11(e), 11(f), 22, 112(g). On predominance, Magistrate Judge DeMarchi's recent discovery order contemplates use of named plaintiff data as a "representative sample." *See* ECF No. 382 at 5-6 (directing the parties to meet and confer as to whether Google's time sampled production will be a "representative sample"). Thus, a complete production of named plaintiff data as a whole will potentially demonstrate that common evidence may be used to answer questions on a class-wide basis, and has already contemplated by Magistrate Judge DeMarchi for that purpose.

### 3. The extension requested is fair and reasonable

Either extension requested, whether four months or six months, is fair and reasonable under the circumstances, not excessive, and will allow for the orderly and efficient prosecution of the litigation. Either extension allows sufficient time for the pending discovery disputes to be resolved and for plaintiffs to then review and analyze the documents Google will eventually produce before substantive motion practice commences, which is what the original schedule contemplated but no longer can accomplish.[6]

---

[6] The Court should reject Google's suggestion that the schedule should not be extended because plaintiffs will only use the extension to "make improper cross-use requests and relitigate settled disputes." ECF No. 378 at 11. This is not only untrue, but fails to address the facts on the ground, which are that discovery is ongoing and a lot more needs to be done by Google before the case can meaningfully proceed to substantive, and potentially dispositive, motion practice.

**4. Google will not be prejudiced by the extension sought**

Google will not be prejudiced by either of the extensions sought, and should not be allowed to benefit from its tactical decision to obstruct and hinder discovery for the specific purpose of depriving plaintiffs of the information they need to pursue their class claims. Google's claim of prejudice is untethered from the record in this case and from its own misconduct, which is what brought the parties before the Court on this motion in the first place. There is no prejudice to Google from allowing plaintiffs the time they need – and are entitled to – to receive, evaluate and assess key discovery form Google that will enable plaintiffs to meet burden on class certification.

**B. The Court should reject Google's effort to turn this motion into a discovery dispute**

In an effort to deflect the Court's attention from its own discovery misconduct, Google goes to great lengths in its opposition to turn this motion into a discovery motion rather than a case schedule dispute, and to then suggest that it is plaintiffs that have somehow done something wrong by filing a discovery motion before this Court. The Court should not take the bait. Plaintiffs filed a motion to extend the case schedule and provided the Court with two alternative schedules. One of those proposed alternatives provided for plaintiffs to be allowed access to more than 20,000 documents produced in *Calhoun* that should also have been produced in this case.[7]

This is not a cross-use issue at all. What plaintiffs propose, instead, is a productive way to move discovery along faster by expediting the release of more than 20,000 relevant documents that should have been located by Google using the search terms and custodians approved by Magistrate Judge DeMarchi, and should have been produced by Google independently, in this case, long ago. Google criticizes plaintiffs for not raising this issue to Magistrate Judge DeMarchi in the first instance, but that criticism misses the mark: it is relief that only this Court, as Presiding Judge in this matter, can grant. The alternative procedure Google proposes, a document-by-document inquiry to be litigated on a only ten-document-at-a-time basis, not only unnecessarily burdens Magistrate

---

[7] Google criticizes plaintiffs for a few minor errors in a spreadsheet containing over 20,000 entries, but even with those errors corrected, plaintiffs have still identified more than 20,000 documents that Google should have produced in this case, but did not. Weaver Reply Decl,. ¶¶ 2-9.

Judge DeMarchi but, if followed, would take a full decade to complete. Such a procedure does nothing to create discovery efficiencies, and only adds significant burdens to an already over-burdened court.

Plaintiffs' request to extend the case schedule is based on good cause, which exists here even without considering the efficiencies of the proposal to release, to the plaintiffs here, the documents identified on Exhibit A to the Weaver Declaration. Plaintiffs do believe, however, that the Court has the opportunity, if it wishes, to employ plaintiffs' proposed procedure (subject to the protections of the Protective Order and preserving any relevancy objections Google may wish to assert) as a mechanism to move the case forward expeditiously, and far more efficiently than the alternative, document-by-document, heavily-litigated, multiple motion process Google puts forward in its opposition memorandum.

## IV.    CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that the proposed order submitted herewith be entered and that the pretrial and trial schedule be amended accordingly.

DATED:  December 20, 2022                     Respectfully submitted,

**PRITZKER LEVINE LLP**

By:  /s/ Elizabeth C. Pritzker

Elizabeth C. Pritzker (Cal. Bar No.146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
1900 Powell Street, Ste. 450
Oakland, CA 94602
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Anne K. Davis (Cal. Bar No. 267909)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600

|   |   |
|---|---|
| 1 | Oakland, CA 94607 |
| 2 | Tel.: (415) 445-4003<br>Fax: (415) 445-4020 |
| 3 | *lweaver@bfalaw.com*<br>*adavis@bfalaw.com* |
| 4 | *jsamra@bfalaw.com* |

**SIMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Jenny Paulson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*jpaulson@simmonsfirm.com*

**DICELLO LEVITT LLC**
David A. Straite (admitted *pro hac vice*)
James A. Ulwick (admitted *pro hac vice*)
One Grand Central Place
60 E. 42nd Street, Suite 2400
Tel.: (212) 784-6400
Fax: (212) 213-5949
New York, NY 10165
Tel: (646) 993-1000
*dstraite@dicellolevitt.com*
*julwick@dicellolevitt.com*

**COTCHETT PITRE & MCCARTHY, LLP**
Nancy E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal Bar. No. 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road
Burlingame, CA 94010
Tel.: (650) 697-6000
*nnishimura@cpmlegal.com*
*bdanitz@cpmlegal.com*
*kswope@cpmlegal.com*

**BOTTINI & BOTTINI INC.**
Frances A. Bottini, Jr. (Cal. Bar No. 175783)
Yuri A. Kolesnikov (Cal. Bar. No. 271173)
7817 Ivanhoe Ave., Ste. 102
LA Jolla, CA 92037
Tel.: (848) 914-2001

*fbottini@bottinilaw.com*
*ykolesnikov@bottinilaw.com*

*Plaintiffs' Executive Committee*