UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | CASE NO. 21-cv-2155-YGR<br><br>ORDER RE PLAINTIFFS' MOTION TO REVISE CASE SCHEDULE<br><br>Re: Dkt. Nos. 373, 377, 379, 386, & 388 |

Pending before the Court is plaintiffs' motion to revise the case schedule by either four or six months due to Google's alleged delays in producing discovery. (Dkt. No. 373.)

Having carefully considered the pleadings and the papers submitted, and for the reasons set forth more fully below, the Court hereby **GRANTS IN PART** the motion.[1]

*******

A case "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* (citation omitted).

*******

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for decision without oral argument. Thus, the January 3, 2023 hearing is hereby **VACATED.**

Plaintiffs request an extension of the current case schedule to complete class certification and merits discovery. Specifically, plaintiffs seek to extend the pretrial and trial schedule by either four or six months. Plaintiffs propose the following two schedules:

| Event | Current Case Schedule | Proposed Case Schedule (6-month extension) | Proposed Case Schedule (4-month extension) |
|---|---|---|---|
| **Class Certification** | Motion: January 24, 2023<br>Opposition: March 21, 2023<br>Reply: May 2, 2023<br>Hearing: To be reset later | July 25, 2023<br><br>September 26, 2023<br>November 7, 2023<br><br>To be reset later | May 23, 2023<br><br>July 25, 2023<br>September 5, 2023<br><br>To be reset later |
| **Fact Discovery Cut-off** | July 14, 2023 | January 12, 2024 | November 10, 2023 |
| **Opening Expert Reports** | August 11, 2023 | February 9, 2024 | December 8, 2023 |
| **Rebuttal Reports** | September 15, 2023 | March 8, 2024 | January 12, 2024 |
| **Close of Expert Discovery** | October 13, 2023 | April 12, 2024 | February 9, 2024 |
| **Dispositive/*Daubert* Motions** | To be filed by November 14, 2023 | To be filed by May 14, 2024 | To be filed by March 12, 2024 |
| **Pretrial Conference** | March 2, 2024 at 9:30 AM | TBD | TBD |
| **Jury Trial** | May 6, 2024 at 9:00 AM | TBD | TBD |

Under plaintiffs' proposed four month schedule, plaintiffs also ask the Court to order Google to produce more than 20,000 documents, attached as Exhibit A to the Weaver declaration, that were produced in *Calhoun v. Google LLC*, No. 4:20-cv-0514-YGR (SVK) (N.D. Cal.) ("*Calhoun*").

Plaintiffs contend that additional time is necessary because Google has refused to produce relevant documents and delayed turning over critical discovery about Google's internal systems and the named plaintiffs. Plaintiffs argue that good cause exists for extending the case schedule because they have been diligent in pursuing discovery and generally seeking to advance the litigation as expeditiously and efficiently as possible. Plaintiffs aver that they will be severely

2

prejudiced without a further extension.

Google opposes the proposed extensions on the ground that it has fully complied with its discovery obligations. Google contends that plaintiffs have not pursued the issues they now raise with the diligence needed to justify a further extension of the case schedule. Google further argues that plaintiffs' request for cross-use information from *Calhoun* is improper because this Court already ordered plaintiffs' counsel to present any *Calhoun* cross-use issues to Judge DeMarchi for decision.

As a threshold matter, the Court finds that plaintiffs' request for *Calhoun* cross-use data is improper. In the Court's June 24, 2022 Order, Dkt. No. 242, the Court ordered plaintiffs' counsel to present any discovery from *Calhoun* to Judge DeMarchi for a determination of whether such discovery should also be produced in this matter. Plaintiffs' request under the four-month extension appears to be an attempt around this process. Thus, the request that Google produce the 20,000 documents identified in Exhibit A is hereby **DENIED**.

After consulting with Judge DeMarchi, the Court further finds that both parties have contributed to the delay in discovery in this matter. The Court understands that Google has caused some delay in failing to produce relevant documents, and plaintiffs have caused delay by failing to narrow their discovery requests. Nonetheless, given the parties' pending discovery disputes, the Court finds that good cause exists to modify the case schedule on the four-month timeframe as requested. Trial will be set after resolving the anticipated motion on class certification.

The parties have also submitted narrowly tailored requests to seal discovery materials and pleadings derivative of discovery materials. Most of the information filed under seal was not relevant to the Court's final order. Accordingly, good cause appearing, the motions to seal at Dockets Number 374, 377, 379, 386, and 388 are granted.

This Order terminates Docket Number 373, 377, 379, 386, and 388.

**IT IS SO ORDERED.**

Dated: December 21, 2022

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE