1 | Elizabeth C. Pritzker (Cal. Bar No. 146267)
2 | Jonathan K. Levine (Cal. Bar No. 220289)
  | Bethany Caracuzzo (Cal. Bar No. 190687)
3 | **PRITZKER LEVINE LLP**
  | 1900 Powell Street, Suite 450
4 | Emeryville, CA 94608
  | Tel.: (415) 692-0772
5 | Fax: (415) 366-6110
  | *ecp@pritzkerlevine.com*
6 | *jkl@pritzkerlevine.com*
7 | *bc@pritzkerlevine.com*

8 | *Interim Class Counsel*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* | **CASE NO. 4:21-CV-02155-YGR-VKD** |
|---|---|
| *This document applies to all actions.* | **DECLARATION OF JOSHUA D. SAMRA IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANT GOOGLE TO PRODUCE IMPROPERLY WITHHELD DOCUMENTS** |

I, Joshua D. Samra, declare and state as follows:

1. I am an attorney licensed in the State of California and admitted to the United States District Court for the Northern District of California. I am an associate at the law firm of Bleichmar Fonti & Auld LLP, a member in good standing of the bar of the State of California and of this Court, and counsel to Plaintiffs in the above-captioned action.

2. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently to them.

3. This declaration is submitted in support of Plaintiffs' Notice of Motion and Motion to Compel Defendant Google to Produce Improperly Withheld Documents.

4. On July 11, 2022, Google served its Privilege Log #1, logging 9,895 documents as privileged.

5. The next day, I emailed Google's counsel requesting additional information to allow Plaintiffs to assess Google's claim of privilege. Specifically, Plaintiffs sought: "(1) the 'general nature of the document,' which Plaintiffs will accept as the title of the document or subject line of the communication; (2) the position of the authors, addressees, and recipients of the document; and (3) 'the document's present location,' which Google can provide on a categorical basis." In response, Google refused to provide any additional information and stated that it had "complie[d] with the ESI protocol."

6. On September 2, 2022, I emailed Google's counsel providing Plaintiffs' responses to Google's Privilege Log #1 and challenging Google's claims of privilege over 5,295 entries. Attached as **Exhibit A** is a true and correct copy of the cover letter I sent to counsel for Google explaining the bases for Plaintiffs' challenges to entries on Google's Privilege Log #1.

7. On September 9, 2022, Google served its Privilege Log #2, logging 256 documents as privileged.

8. On October 1, 2022, I emailed Google's counsel providing Plaintiffs' responses to Google's Privilege Log #2 and challenging Google's assertions of privilege over 256 entries. Attached as **Exhibit B** is a true and correct copy of the cover letter I sent to counsel for Google explaining the bases for Plaintiffs' challenges to entries on Google's Privilege Log #2.

9. Plaintiffs met and conferred with counsel for Google on October 3, 2022 and October 7, 2022 regarding Plaintiffs' challenges to these logs. During these meet-and-confers, Plaintiffs explained their bases of challenges to Google's assertions of privilege, addressed Google's argument for why its compliance with the ESI Protocol does not obviate Google's obligation to provide additional information to substantiate its claim of privilege and work product claims, and provided relevant case law regarding the same. Google refused to produce any documents in response to Plaintiffs' challenges and refused to re-review any of its privilege designations. Google agreed to provide the current membership of the distribution lists corresponding to the log entries Plaintiffs' challenged on the basis that the document was disclosed to an email distribution list whose members are unknown. Plaintiffs stated that while they would review this information, they did not agree to drop any challenges made on the basis that the communication was sent to a distribution list whose members are unknown.

10. On October 21, 2022, the parties filed a joint letter brief regarding Plaintiffs' challenges to Google's designations of privilege on its privilege logs. Dkt. No. 339.

11. On November 17, 2022, the Court issued an order requiring Google to provide additional information for the entries cited in the joint letter brief. Dkt. No. 360 at 8.

12. On December 1, 2022, Google provided a log of additional information providing the seven categories of information required by the Court's November 17, 2022 Order, the current membership of the distribution lists identified in the log, and a description of the nature of the list. In the log of additional information, Google did not provide any additional detail about the subject matter of the documents or the manner in which an attorney is involved, and simply reasserted the descriptions of these documents from its original privilege logs. In addition, Google's log withdrew its claim of Attorney Work Product for Entry #1231, and noted that Entries #4712 and #10217, which it had previously withheld in full, had been produced with redactions. Attached hereto as **Exhibit C** is a true and correct copy of the log of additional information provided by Google.

13. Google also stated via email that the distribution lists identified on the log "did not include any external non-employee members" and provided additional information about Entries #4, #2813, and #4712. Google did not provide any additional information regarding the following six

1 entries, thereby confirming that it had withdrawn its claim of privilege and work product over these documents: Entries #268, #4835, #7390, #9028, #9856, #9886.

14. On December 2, 2022, I emailed counsel for Google requesting that Google produce the documents for which it had withdrawn its claim of privilege and identify them by Bates number immediately, notified Google that Plaintiffs continued to challenge Google's claims of privilege over the 12 documents remaining on the exemplar log, requested that Google confirm that the distribution lists on the log did not include any external non-employee members "*at the time of the communication*" as required by the Court's November 17 order, and requested more information about Entry #4712.

15. On December 10, 2022, Google's counsel provided via email the Bates IDs for the six de-designated documents, confirmed that the distribution lists identified in the exemplar log did not include any external non-employee members at the time of the communication, and provided information about whom had access to Entry #4712. Attached hereto as **Exhibit D** is a true and correct copy of my email correspondence with counsel for Google regarding these documents.

16. Below is a list of the documents that Google withdrew or narrowed its privilege designations for after the parties filed their October 2022 joint letter brief:

| Privilege Log Entry # | Bates ID |
|---|---|
| 268 | GOOG-HEWT-00455649 |
| 4712 | GOOG-HEWT-00456350 |
| 4835 | GOOG-HEWT-00455652 |
| 7390 | GOOG-HEWT-00456362 |
| 9028 | GOOG-HEWT-00456366 |
| 9856 | GOOG-HEWT-00455768 |
| 9886 | GOOG-HEWT-00456360 |
| 10217 | GOOG-HEWT-00455785 |

17. Attached hereto as **Exhibit E** is a true and correct copy of the document identified as Entry #4712, which bears the Bates number GOOG-HEWT-00456350 on its first page.

18. Attached hereto as **Exhibit F** is a true and correct copy of the document identified as Entry #4835, which bears the Bates number GOOG-HEWT-00455652 on its first page.

19. Attached hereto as **Exhibit G** is a true and correct copy of the document identified as Entry #9856, which bears the Bates number GOOG-HEWT-00455768 on its first page.

20. Plaintiffs do not challenge Google's privilege claims over Entries #4712 and #10217, which Google produced with narrowed redactions after the parties filed their joint letter brief.

21. Accordingly, below is the list of documents that remain in dispute:

| Entry | Privilege or Protection Claimed |
|---|---|
| 4 | Attorney Client Communication |
| 41 | Attorney Client Communication |
| 285 | Attorney Client Communication |
| 660 | Attorney Client Communication |
| 1095 | Attorney Client Communication |
| 1231 | Attorney Client Communication |
| 1262 | Attorney Client Communication |
| 2813 | Attorney Client Communication |
| 3265 | Attorney Client Communication |
| 9955 | Attorney Work Product; Attorney Client Communication |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 23rd day of December, 2022, in San Francisco, California.

*/s/ Joshua D. Samra*
Joshua D. Samra