COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
LAURA M. ELLIOTT (SBN 286702)
(lelliott@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

## I.  INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3), Google LLC ("Google") respectfully submits this Response to Plaintiffs' Administrative Motion ("Google's Response") to Consider Whether Another Party's Materials Should Be Sealed (ECF No. 392), which was filed in connection with Plaintiffs' Motion to Compel Defendant Google to Produce Improperly Withheld Documents (ECF No. 393) ("Motion to Compel"), and the accompanying Declaration of Joshua D. Samra (ECF No. 393-1) ("Samra Declaration) with attached Exhibits A-G (ECF Nos. 393-3 – 393-9) (collectively "the Exhibits").

Portions of the Motion to Compel and the Exhibits reflect confidential information. As set forth below and in the accompanying Declaration of Laura Elliott in support of Google's Response to the Sealing Motion ("Elliott Sealing Decl."), Google confirms the confidentiality of these documents. Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below:

| Document | Text to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| Plaintiffs' Motion to Compel Defendant Google to Produce Improperly Withheld Documents | Portions highlighted at pages: 5, 8-16 | Google |
| Exhibit A to the Declaration of Joshua D. Samra in support of Plaintiffs' Motion to Compel Defendant Google to Produce Improperly Withheld Documents | Portions highlighted at pages: 2-4 | Google |
| Exhibit C to the Declaration of Joshua D. Samra in support of Plaintiffs' Motion to Compel Defendant Google to Produce Improperly Withheld Documents | Entirety | Google |
| Exhibit D to the Declaration of Joshua D. Samra in support of Plaintiffs' Motion to Compel Defendant Google to Produce Improperly Withheld Documents | Portions highlighted at pages: 3 | Google |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| | | |
|---|---|---|
| Exhibit E to the Declaration of Joshua D. Samra in support of Plaintiffs' Motion to Compel Defendant Google to Produce Improperly Withheld Documents | Entirety | Google |
| Exhibit F to the Declaration of Joshua D. Samra in support of Plaintiffs' Motion to Compel Defendant Google to Produce Improperly Withheld Documents | Entirety | Google |
| Exhibit G to the Declaration of Joshua D. Samra in support of Plaintiffs' Motion to Compel Defendant Google to Produce Improperly Withheld Documents | Entirety | Google |

**II.  LEGAL STANDARD**

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the information is "sealable").  Civ. L.R. 79-5(b).  Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id.*

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

Briefing for a discovery motion is non-dispositive, and thus the good cause standard applies here.  *See, e.g.*, *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-cv-02306-EDL, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("Because the sealing requests were made in conjunction with a nondispositive discovery motion, a showing under the good cause standard will suffice."); *Calhoun v. Google*, No. 20-cv-05146, ECF No. 327, at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

in connection with discovery-related motions, rather than a motion that concerns the merits of the case."). The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824-BLF, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)). Notably, under this standard, "[r]ecords attached to nondispositive motions are not subject to the strong presumption of access." *TVIIM, LLC v. McAfee, Inc.*, No. 13-cv-04545-HSG, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) (citation omitted).

### III. GOOD CAUSE WARRANTS SEALING PORTIONS OF PLAINTIFFS' MOTION TO COMPEL AND PORTIONS OF EXHIBITS TO THE ACCOMPANYING SAMRA DECLARATION.

Google respectfully asks this Court to seal portions of Plaintiffs' Motion to Compel and Exhibits to the accompanying Samra Declaration, which contain descriptions or summaries of privileged communications. Portions of the Exhibits also include the names and email addresses of current and former Google employees as well as information derived from Google's confidential, proprietary information. Under the good cause standard, Google's sealing request should be granted.

As an initial matter, the proposed redactions to Plaintiffs' Motion to Compel and the Exhibits are narrowly tailored to encompass only the specific portions that qualify as confidential information and therefore do not "unduly limit[] public access." *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST-NC, 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

Good cause exists to support Google's narrow sealing requests. **First**, portions of Plaintiffs' Motion to Compel and the Exhibits contain descriptions or summaries of privileged, attorney-client communications and work product from Google in-house counsel providing legal advice. (Elliott Sealing Decl. ¶ 6.) Recently, in the related *Calhoun, et al. v. Google LLC* matter, the court found that such descriptions and summaries warranted sealing. *Calhoun, et al. v. Google LLC*, No. 4:20-cv-05146-YGR-SVK (N.D. Cal.), ECF No. 615 (sealing portions of the Joint Submission re Clawback Dispute). The same outcome should follow here.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

***Second***, portions of the Exhibits include the names, titles, and email addresses of current and former Google employees. These individual employees are not parties to this action, and their names and contact information are not germane to the resolution of the parties' pending discovery dispute. (Elliott Sealing Decl. ¶¶ 6-7.) Public disclosure of these employees' personal information could subject them to unsolicited contact from the public or harassment. Courts in this District routinely grant requests to seal this type of information to protect employees' privacy. *See, e.g.*, *Klein v. Meta Platforms, Inc.*, 2022 U.S. Dist. LEXIS 44076, at *12 (N.D. Cal. Mar. 11, 2022) (sealing "current and former employees' names, initials, and contact information to protect these employees' privacy interests"). This Court has previously granted such requests, and should do so again here. *See In re Google RTB Consumer Privacy Litigation.*, No. 21-cv-02155, ECF No. 361 (N.D. Cal. Nov. 17, 2022).

***Third***, portions of the Exhibits that Google seeks to seal contain confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly. (Elliott Sealing Decl. ¶ 8.) This information includes details related to Google's internal data signals and their proprietary functionalities and reveals Google's internal strategies and business practices for operating and maintaining its services while complying with its legal and privacy obligations. (*Id.* ¶¶ 8-9.) This information should be sealed for multiple reasons.

As an initial matter, this information is precisely the type of "competitively sensitive information," such as "confidential research, development, or commercial information," that courts have found warrants sealing. *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information").

Further, public disclosure of the above-listed information would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary systems, strategies, and designs to Google's competitors. (Elliott

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

1  Sealing Decl. ¶ 10.)   For these reasons, courts in this District also routinely seal references to data
2  logs and internal data systems. *See, e.g., Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-
3  BLF, ECF No. 192, at 3–9 (N.D. Cal. May 3, 2017) (granting motion to seal certain sensitive
4  business information related to Google's processes and policies to ensure the integrity and security
5  of a different advertising system); *In re Google Inc. Gmail Litig.*, No. 13-md-02430-LHK, 2013
6  WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "if made public Google
7  contends could lead to a breach in the security" of Google's systems).

8  Moreover, good cause also exists to seal portions of the Exhibits to prevent malicious actors
9  from seeking to compromise Google's data sources, including internal data structures, and internal
10 identifiers.  Public disclosure would place Google at an increased risk of cyber security threats.
11 (Elliott Sealing Decl. ¶ 11.)  *See, e.g., In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3
12 (N.D. Cal. Sept. 25, 2013) (sealing "material concern[ing] how users' interactions with the Gmail
13 system affects how messages are transmitted" because if made public, it "could lead to a breach in
14 the security of the Gmail system").  Thus, the security threat is yet another compelling reason for
15 this Court to seal the identified information.

16 **IV.   CONCLUSION**

17 For the foregoing reasons, Google respectfully requests the Court seal the aforementioned
18 portions of Plaintiffs' Motion to Seal and the Exhibits to the Declaration of Joshua D. Samra
19 reflecting Google's concurrently filed redactions, the public disclosure of which would cause
20 significant competitive harm to Google.

22 Dated: December 30, 2022                           COOLEY LLP

24                                                                By: */s/ Jeffrey M. Gutkin*
                                                                         Jeffrey M. Gutkin

25                                                                Attorney for Defendant
26                                                                GOOGLE LLC

28 279842226

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
CASE NO. 4:21-CV-02155-YGR-VKD