# EXHIBIT 1

## (REDACTED VERSON OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL)

Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

*[Additional Counsel Appear on Signature Page]*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, | Case No. 4:21-cv-02155-YGR-VKD |
| | **PLAINTIFFS' MOTION TO COMPEL DEFENDANT DEFENDANT GOOGLE TO PRODUCE IMPROPERLY WITHHELD DOCUMENTS** |
| This document applies to: *all actions.* | |
| | Judge: Virginia K. DeMarchi<br>Date: January 17, 2023<br>Time: 10:00 a.m.<br>Courtroom: 2, Fifth Floor |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ..................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................2

I.      INTRODUCTION...................................................................................................2

II.     RELEVANT BACKGROUND................................................................................3

III.    LEGAL STANDARD ..............................................................................................6

III.    ARGUMENT ...........................................................................................................7

      A.      Google's Withdrawal and Narrowing of its Privilege Claims Warrants
           Additional Scrutiny ......................................................................................7

      B.      Vague Descriptions of Privilege are Insufficient ......................................11

      C.      No Attorney Identified or Involved............................................................12

      D.      Documents Widely Distributed and Sent to Distribution Lists with
           Undisclosed Recipients ...............................................................................14

      E.      Improper Work Product Claim ....................................................................16

IV.     CONCLUSION ......................................................................................................17

1

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

2

<u>CASES</u>

3

*Apple Inc. v. Samsung Elecs. Co.,*

4
    306 F.R.D. 234 (N.D. Cal. 2015) ................................................................... 7

5

*Baxter Healthcare Corp. v. Fresenius Med. Care Holding, Inc.,*
    2008 WL 5214330 (N.D. Cal. Dec. 12, 2008) ............................................... 13

6

*Brown v. Google LLC,*

7
    No. 4:20-cv-03664-YGR-SVK (N.D. Cal. Apr. 1, 2022) ..................................... 8

8

*Calhoun, et al. v. Google LLC,*

9
    No. 4:20-cv-05146-YGR-SVK (N.D. Cal.) ...................................................... 8

10

*Datel Holdings Ltd. v. Microsoft Corp.,*
    No. C-09-05535 EDL, 2011 WL 866993 (N.D. Cal. Mar. 11, 2011) ................................ 16

11

12

*Dolby Labs. Licensing Corp. v. Adobe Inc.,*
    402 F. Supp. 3d 855 (N.D. Cal. 2019) ................................................... 6, 13

13

*Dole v. Milonas,*

14
    889 F.2d 885 (9th Cir.1989) ......................................................................... 7

15

*Engurasoff v. Zayo Grp. LLC,*
    No. C-14-00689 DMR, 2015 WL 335793 (N.D. Cal. Jan. 23, 2015) ...................................... 16

16

17

*ePlus, Inc. v. Lawson Software, Inc.,*
    280 F.R.D. 247 (E.D. Va. 2012) ...................................................... 15

18

*Hernandez v. Tanninen,*

19
    604 F.3d 1095 (9th Cir. 2010) ........................................................................ 7

20

*Hynix Semiconductor Inc. v. Rambus Inc.,*
    2008 WL 350641 (N.D. Cal. Feb. 2, 2008) ................................................... 12

21

22

*In re Chase Bank USA, N.A. "Check Loan" Contract Litig.,*
    No. 09-md-2032-MMC (JSC), 2011 WL 3268091 (N.D. Cal. July 28, 2011) .................. 15

23

*In re Domestic Drywall Antitrust Litig.,*

24
    No. 13-MD-2437, 2014 WL 5090032 (E.D. Pa. Oct. 9, 2014) ........................................... 15

25

*In re Grand Jury Investigation,*
    974 F.2d 1068 (9th Cir. 1992) ....................................................... 7, 12

26

*In re Grand Jury,*

27
    23 F.4th 1088, (9th Cir. 2021), *cert. granted sub nom. In re Jury*, No. 21-1397,
    2022 WL 4651237 (U.S. Oct. 3, 2022) .................................................. 6, 14

28

*In re Micropro Securities Litig.*,
    1988 WL 109973 (N.D. Cal. Feb. 26, 1988) .......................................................... 13

*Klein v. Meta Platforms, Inc.*,
    No. 20-CV-08570-JD (VKD), 2022 WL 767096 (N.D. Cal. Mar. 11, 2022) ..................... 14

*LD v. United Behavioral Health*,
    2022 WL 4878726 (N.D. Cal. Oct. 3, 2022) ........................................................ 11

*LD, et al. v. United Behavioral Health, et al.*,
    No. 20CV02254YGRJCS, 2022 WL 4878726 (N.D. Cal. Oct. 3, 2022) ......................... 16

*MediaTek Inc. v. Freescale Semiconductor, Inc.*,
    No. 11-cv-05341-YGR (JSC), 2013 WL 5594474 (N.D. Cal. Oct. 10, 2013) .................... 13

*Muro v. Target Corp.*,
    250 F.R.D. 350 (N.D. Ill. 2007) ........................................................................ 12

*Oracle Am., Inc. v. Google, Inc.*,
    No. C-10-03561-WHA DMR, 2011 WL 3794892 (N.D. Cal. Aug. 26, 2011) ................... 11

*Sky Valley Ltd. P'ship v. ATX Sky Valley, Ltd.*,
    150 F.R.D. 648 (N.D. Cal. 1993) ....................................................................... 13

*Stevens v. Corelogic, Inc.*,
    2016 WL 397936 (S.D. Cal. Feb. 2, 2016) ............................................................ 14

*U.S. v. Christensen*,
    828 F.3d 763 (9th Cir. 2015) ............................................................................. 14

*U.S. v. Richey*,
    632 F.3d 559 (9th Cir. 2011) ........................................................................... 3, 7

*U.S. v. Sanmina Corp.*,
    968 F.3d 1107 (9th Cir. 2020) ............................................................................ 6

*Upjohn v. United States*,
    449 U.S. 383 (1981) ............................................................................ 13, 14, 16

*Wilcox v. Arpaio*,
    753 F.3d 872 (9th Cir. 2014) .............................................................................. 6

**RULES**

Fed. R. Civ. P. 26(b) ............................................................................. 2, 6, 7, 11

# NOTICE OF MOTION AND MOTION

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 17, 2023, at 10:00 a.m., in Courtroom 2, 5th Floor, of this Court, located at 280 South 1st Street, San Jose, California, Plaintiffs will and hereby do move the Court for an Order requiring Google to produce documents it improperly designated as privileged.

This Motion is made pursuant to Civil Local Rule 7-2, and this Court's Order Re: the October 21, 2022 Discovery Dispute Re: Google's Privilege Assertions, ECF No. 360 (Nov. 17, 2022). As set forth below and in the accompanying Declaration of Joshua D. Samra ("Samra Decl."), Plaintiffs respectfully move this Court pursuant to Fed. R. Civ. P. 26(b) for an Order compelling Defendant Google to produce ten documents withheld on the basis of improper assertions of attorney-client privilege and work product protection, requiring Google to re-review all entries on its privilege logs challenged by Plaintiffs, revise its privilege logs to provide additional information about the privileged material, and to produce any documents that, upon further review, are not privileged or work product protected. Plaintiffs further request an Order allowing them to identify for *in camera* review a sample of the challenged documents remaining on Google's privilege logs after it has completed its re-review.

Plaintiffs' Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Samra Declaration and exhibits thereto, the orders, pleadings, and files in this action, and such other matters as may be presented at or before the hearing.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3    The record is now clear. Google has improperly withheld thousands of documents on the basis

4    of attorney-client privilege and work product protection. After forcing Plaintiffs to raise the issue of

5    deficiencies in its privilege logs to the Court, Google withdrew and narrowed its privilege

6    designations for eight of the 18 exemplars cited in the parties' joint letter brief. Google's error-rate is

7    significant and review of the de-designated documents further confirms Google's practice of marking

8    documents privileged that are not. Google needs to correct its privilege designations to comply with

9    Rule 26(b) and Ninth Circuit law.

10    For the remaining exemplar documents, Google provided the categories of information

11    required by the Court's November 17, 2022 Order (ECF No. 360) but reasserts the same vague

12    descriptions from its privilege logs. These descriptions remain inadequate to evaluate Google's claim

13    of privilege or protection and therefore, Google has not satisfied its burden of establishing the

14    documents are privileged or protected from disclosure. Google also cannot establish a claim of

15    privilege or protection over the four documents where it has not identified the author of the document

16    or the recipients of the communication at the time the communication was sent. Even if Google had

17    provided sufficient information, the documents are not privileged because they involve business, not

18    legal advice—as evidenced by the lack of attorney involvement and their wide distribution to non-

19    attorneys. In addition, Google cannot assert a work product claim where the document in dispute was

20    not prepared in anticipation of litigation.

21    Plaintiffs thus, seek an order compelling Google to (i) produce the ten documents (*i.e.*, Entries

22    #4, #41, #285, #660, #1095, #1231, #1262, #2813, #3265, and #9955) identified in the privilege brief,

23    (ii) re-review all documents on its privilege logs challenged by Plaintiffs, (iii) revise its privilege logs

24    to provide the seven categories of additional information about the privileged material, consistent

25    with the Court's November 17, 2022 Order, and describe with greater specificity the nature of the

26    privileged material withheld in each document, and (iv) produce any documents that, upon further

27    review, are not privileged and not work product protected. Plaintiffs further request that, after Google

28    has completed its re-review, they be allowed to identify for *in camera* review a sample of the

1    challenged documents remaining on Google's privilege logs.

2    **II.      RELEVANT BACKGROUND**

3              Google served privilege logs on July 11, 2022 and September 9, 2022, logging 10,493

4    documents as withheld in whole or in part under attorney-client privilege or work product protection

5    claims. Plaintiffs promptly asked Google to provide the additional information necessary to assess its

6    privilege and work product claims, such as the title of the document or "subject line of the

7    communication" and "the position or title of the authors, addressees, and recipients of the documents"

8    underlying the entries. Samra Decl., ¶ 5. Google refused to provide any additional information,

9    asserting that because it had complied with the requirements of the ESI Protocol, it needn't do any

10   more. *Id.* In light of the large number of documents at issue and given Google's refusal to provide

11   information sufficient to evaluate its claims, Plaintiffs prioritized for challenge 5,551 deficient log

12   entries, identifying them to Google on September 2, 2022 and October 1, 2022. Samra Decl., ¶¶ 6, 8.

13   Plaintiffs challenged each of these entries on the basis that Google had not provided sufficient

14   information to evaluate its claim of privilege and work product over the documents. In addition,

15   Plaintiffs challenged each entry on one or more of the following bases:

16   - **No Attorney ID'd or Present** – Improperly withheld, in part or in full, for attorney-client
17     privilege, where no counsel is identified by Google or present on the face of the document,
          and the context of the document does not appear to concern legal advice;

18   - **Attorney ID'd or Present, but No Legal Advice Provided/Solicited** – Improperly
19     withheld, in part or in full, for attorney-client privilege, where counsel is identified or
          present on the face of the document, but the withheld information does not appear to have
20        been made for the primary purpose of providing or soliciting legal advice;

21   - **Improperly Withheld** – Improperly withheld in full for attorney-client privilege where
22     even if the document concerns legal advice, it should be produced in part with redactions;

23   - **Distribution List Whose Members are Unknown** – Improperly withheld, in part or in
24     full, where the document was disclosed to email distribution list(s) whom members are
          unknown; and

25   - **Improper Work Product Claims** – Improperly withheld, in part or in full, for work
26     product protection where Google has not articulated how the document was "created in
          anticipation of litigation." *See, e.g.*, *U.S. v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011).

27   Samra Decl., Exs. A, B.

28            The parties met and conferred about Plaintiffs' challenges on October 3, 2022 and on October

                                                      3                         Case No. 4:21-cv-02155-YGR-VKD

7, 2022. During these meet-and-confers, Plaintiffs explained their bases for challenging Google's assertions of privilege, addressed Google's argument for why its compliance with the ESI Protocol does not obviate Google's obligation to provide additional information to substantiate its claim of privilege and work product claims, and provided relevant case law regarding the same. Samra Decl., ¶ 9. Despite this, Google refused to produce *any* documents in response to Plaintiffs' challenges, refused to produce *any* information requested by Plaintiffs for all but one category of challenge (distribution list membership), and most astoundingly, refused to even review its privilege designations over *any* of the challenged documents.[1] *Id.*

On October 21, 2022, the parties filed a joint letter brief regarding Plaintiffs' challenges to Google's designations of privilege on its privilege logs. ECF No. 339. In the brief, Plaintiffs identified 18 documents (*i.e.*, Entries #4, #41, #268, #285, #660, #1095, #1231, #1262, #2813, #3265, #4712, #4835, #7390, #9028, #9856, #9886, #9955, #10217) as representative exemplars of Plaintiffs' challenges. *Id.*

On November 17, 2022, the Court issued an order requiring Google to provide the following information for the 18 entries listed in the parties' joint submission: "(1) date, (2) author/sender/custodian name, (3) all known recipients, (4) the attorney(s) involved, (5) the nature of the document, (6) the subject matter of the document, and (7) the privilege or protection claimed." ECF No. 360 at 8.[2] The Court also ordered Google to "provide the current membership" where the sender or recipient of an email communication is a distribution list, "a description of the nature of the list (*e.g.*, company-wide, specific department, executive team, etc.), and a statement indicating whether, at the time of the communication, the list included any recipients who were not Google employees." *Id.* The Court further ordered that "if, after receiving the additional information from

---

[1] The only information Google agreed to provide was the current membership of the distribution lists corresponding to the log entries Plaintiffs challenged on the basis that the document was disclosed to an email distribution list whose members are unknown.

[2] The Court's order lists entry #9865 as a disputed entry but this entry was not identified in the parties' joint brief and Plaintiffs do not challenge Google's claim of privilege over this document. Instead, the order should list entry #9856, which was cited in the joint letter brief as a disputed entry. *See* ECF No. 339 at 2.

Google, plaintiffs dispute Google's assertion of privilege or work product protection for any of the 18 disputed entries, they may file a regularly noticed motion addressing these entries" and that if Google opposes such motion, it must submit the corresponding documents for *in camera* review. *Id.* at 8–9.

On December 1, 2022, Google responded by withdrawing its privilege claims for six (33%) of the exemplar documents, narrowing its redactions for two (11%), and revising its claim for another (5%).[3] For the 12 documents remaining on the exemplar log, Google provided a log of additional information providing the seven categories of information required by the Court's November 17, 2022 Order, the current membership of the distribution lists identified in the log, a description of the nature of the list, and stated that the distribution lists identified on the log "did not include any external non-employee members." Samra Decl., ¶¶ 12, 13; *id.* at Ex. C. Google's descriptions of the documents did not provide any additional detail about their subject matter or the manner in which an attorney is involved and simply reasserted the descriptions of these documents from its original privilege logs. Samra Decl., ¶ 12. For Entry #4, ███████████████████████ ████████████████████████████████████████████ *Id.*, Ex. C. For Entry #4712, ███████████████ ███████████████████████ but stated that the document "was not made available to all Google employees." *Id.*

The next day, Plaintiffs requested that Google produce immediately and identify by Bates number the six de-designated documents, notified Google that they continued to challenge Google's claims of privilege over the 12 documents remaining on the exemplar log, requested that Google confirm that the distribution lists did not included any external non-employee members "*at the time of the communication*" as required by the Court's November 17, 2022 Order, and requested additional information about whether any non-Google employees had access to Entry #4712. *Id.*, ¶ 15.

On December 10, 2022, Google provided the Bates IDs for the six de-designated documents,

---

[3] Google withdrew its privilege claims for Entries #268, #4835, #7390, #9028, #9856, and #9886, produced a redacted version of Entries #4712 and #10217, and dropped its work product claim over Entry #1231.

confirmed that the distribution lists identified in the exemplar log did not include any external non-employee members at the time of the communication, and **confirmed that only a subset of Google employees had access to Entry #4712**. *Id.*, ¶ 16; *id.*, Ex. C.

Plaintiffs have withdrawn their challenges to Entries #4712 and #10217, which Google produced with narrowed redactions after the parties filed their joint letter brief. *Id.*, ¶ 18. For the remaining 10 entries in dispute, Plaintiffs continue to assert their challenges to Google's claims of privilege and work product protection. Pursuant to the Court's November 17, 2022 Order, Plaintiffs bring this motion for the production of these ten documents that remain in dispute and requiring Google to re-review and revise its privilege logs.

## III.    LEGAL STANDARD

Where, as here, an action concerns both state and federal claims and the evidence at issue applies to all claims, federal law of privilege applies. *Wilcox v. Arpaio*, 753 F.3d 872, 876 (9th Cir. 2014). The attorney-client privilege protects "confidential communications between attorneys and clients," if they "are made for the purpose of giving legal advice." *U.S. v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020). The Ninth Circuit requires the following criteria be met for the privilege to attach:

> (1) legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*See id.* at 1116. As the party asserting the attorney-client privilege, Google "bears the burden of proving that it applies." *Dolby Labs. Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 863 (N.D. Cal. 2019) (citation omitted). Where a communication has more than one purpose, it may be protected as privileged if the primary purpose of the communication is to give or receive legal advice, as opposed to business or some other non-legal advice. *In re Grand Jury*, 23 F.4th 1088, 1092–94 (9th Cir. 2021), *cert. granted sub nom. In re Jury*, No. 21-1397, 2022 WL 4651237 (U.S. Oct. 3, 2022).

Claims of work product privilege are governed by Federal Rule of Civil Procedure 26(b)(3)(A), which provides in relevant part that "[o]rdinarily a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or

its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Since it is the party claiming the work product protection, Google must show that the documents were prepared in anticipation of litigation. *See Hernandez v. Tanninen*, 604 F.3d 1095, 1102 (9th Cir. 2010). Under the law of the Ninth Circuit, "where a document serves a dual purpose, that is, where it was not prepared exclusively for litigation, then the 'because of' test is used." *Richey*, 632 F.3d at 567. "In applying the 'because of' standard, courts must consider the totality of the circumstances and determine whether the 'document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of litigation.'" *Id.* at 568 (citation omitted).

As the party asserting the documents are privileged or protected, Google must "describe the nature of the documents . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Google may satisfy this burden by providing a privilege log that identifies: "(a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated." *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992) (citing *Dole v. Milonas*, 889 F.2d 885 (9th Cir.1989)). Google may also substantiate a claim of privilege by other equivalent means, including declarations that "establish the purpose of the communication or the specific role of the sender and each individual recipient." *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 237 (N.D. Cal. 2015). As set forth below, Google has failed to meet its burden here.

## III.     ARGUMENT

### A.     Google's Withdrawal and Narrowing of its Privilege Claims Warrants Additional Scrutiny

Google has withdrawn or narrowed its privilege and work product claims for 50% of the exemplar documents, fully de-designating 33% of the sample. Google has an over-designation problem. Where a "careful, proportional re-assessment of privilege has led to more than a nominal number of corrections" to the claim of privilege, re-review is appropriate. *Calhoun, et al. v. Google*

*LLC*, No. 4:20-cv-05146-YGR-SVK (N.D. Cal.), ECF No. 603 (ordering Google to re-review all disputed documents on its privilege log after it withdrew or narrowed its privilege designations for 40% of the documents it re-reviewed on its privilege logs in response to plaintiffs' challenges, including the 15 documents identified for *in camera* review). Google's 50% error-rate is significant and warrants additional scrutiny. *Brown v. Google LLC*, No. 4:20-cv-03664-YGR-SVK (N.D. Cal. Apr. 1, 2022), ECF No. 522 (requiring Google to re-review additional documents on its privilege logs where it changed its position regarding privilege on approximately 25% of the documents it re-reviewed in response to plaintiffs' challenges).

Review of the sampled documents that Google withdrew or narrowed its privilege designations over confirms Google's practice of over-designating documents as privileged. For example, Google withheld Entry #4835 (*i.e.*, GOOG-HEWT-00455652) in full and described it as a "[p]resentation seeking legal advice of counsel regarding privacy issues" on its privilege log. ECF No. 339-1 at 255. After the parties filed their joint letter, Google withdrew its privilege designations over this document and produced it in full. ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████ One slide states, for instance, that users "don't know when or how data is

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████



*Id.* at -00455665. The discussion of Google's business operations and factual information shared throughout this document shows that Google never should have withheld it in the first instance.

Similarly, Google withheld Entry #9856 in full and described this document as "[d]raft presentation reflecting legal advice of counsel regarding policy compliance" on its privilege log. ECF No. 339-1 at 508. Google then produced this document in full after the parties filed their joint letter brief.



Samra Decl., Ex. G at -00455776.

    Google also withheld Entry #4712 in full on the basis of attorney-client privilege and described it as "[m]emorandum seeking and reflecting legal advice of counsel regarding privacy issues." ECF No. 339-1 at 249. Google then produced it with significantly narrowed redactions after the parties submitted their joint letter brief.

*Id.*

*Id.* at -00456352 to -00456353. While Plaintiffs do not challenge Google's continued claim of privilege over the redacted section of this document, the unredacted content clearly does not concern legal advice and it demonstrates that Google over-designated this document in the first instance.

Given Google's significant changes to its privilege designations and ongoing failure to supplement with information sufficient to evaluate its claims of privilege and work product protection over the identified documents, Plaintiffs request that Google be required to re-review all documents on its privilege logs challenged by Plaintiffs.

**B.    Vague Descriptions of Privilege are Insufficient**

For each of the ten entries in dispute (*i.e.*, Entries #4, #41, #285, #660, #1095, #1231, #1262, #2813, #3265, and #9955), Google has failed to meet Rule 26(b)'s requirements that it "describe the nature" of the withheld materials "in a manner that . . . will enable other parties to assess the claim." Fed. R. Civ. P. 26(b). Google provides "boilerplate assertion[s] of privilege" that do not provide sufficient information to determine the actual subject of the document or the regulation at issue, much less determine that the document concerns legal advice. *LD v. United Behavioral Health*, 2022 WL 4878726, at *7 (N.D. Cal. Oct. 3, 2022) (ordering defendant to revise its privilege logs where it provided generic descriptions of the documents); *see also Oracle Am., Inc. v. Google, Inc.*, No. C-10-03561-WHA DMR, 2011 WL 3794892, at *4 (N.D. Cal. Aug. 26, 2011) ("Boilerplate

designations do not mechanically confer privilege."). Google, for example, describes these documents as concerning "legal advice" regarding "privacy issues" (*e.g.*, Entries #4, #41, #285, #1231, #1262, #2813, #3265, #9955) and "regulatory issues" (*e.g.*, Entries #660, #1095). These descriptions do not come close to allowing Plaintiffs to determine the actual nature of the documents, let alone whether it concerns legal advice. *Hynix Semiconductor Inc. v. Rambus Inc.*, 2008 WL 350641, at *3 (N.D. Cal. Feb. 2, 2008) (finding a declaration that document "reflects an attorney's advice" insufficient) (quotations omitted).

Google's descriptions are also deficient because they fail to describe "all persons or entities known to have been furnished the document or informed of its substance." *In re Grand Jury Investigation*, 974 F.2d at 1071. Google, for instance, cannot identify the author of Entry #4, ████ ████████████████████████████████████████████████████████████ Google's description of ██████████████████████████████████████████████████████████████████████ ██████ is insufficient because it does not identify the individuals known to have received, edited, or worked on this document. Samra Decl., ¶ 13.

In addition, Google cannot identify the individual recipients of Entries #1095, #1231, and #1262. Pursuant to the Court's order, Google provided the *current* membership for the distributions lists that these communications were sent to and a general description of the lists, but not of the membership of the list at the time the document was sent. These communications were made over three and a half years ago and current membership information does not satisfy Google's obligation to identify who received the communication at the time it was sent. *See Muro v. Target Corp.*, 250 F.R.D. 350, 364 (N.D. Ill. 2007) (describing failure to identify distribution list recipients as "a serious defect" in privilege log). Google has not met its burden of establishing privilege over these documents.

Because Google has not met its burden for these entries, Plaintiffs request that the documents be produced.

### C.    No Attorney Identified or Involved

Google improperly withholds three documents (*i.e.*, Entries #660, #1095, #1231) as attorney-client privileged for which it does not identify any attorney as providing legal advice. Though

1    communications between non-attorneys can be privileged if they "discuss or transmit legal advice

2    given by counsel" or concern an "intent to seek legal advice," Google has not established either

3    criterion through the information provided on its log. *Baxter Healthcare Corp. v. Fresenius Med.*

4    *Care Holding, Inc.*, 2008 WL 5214330, at *3 (N.D. Cal. Dec. 12, 2008) (ordering production of

5    documents where defendant failed to identify an attorney whom provided the legal advice). For

6    example, Entry #1231 is an email ████████████████████ to 12 non-attorneys and the

7    distribution list ████████████████████████████████████████████

8    ████████████████████████████████████████ Samra Decl., Ex. C. The current

9    membership of this distribution list is comprised of 13 software engineers and non-attorneys,

10   suggesting that the list is used for ████████████████ and not for generating or disseminating legal

11   advice. *See Dolby Labs. Licensing Corp.*, 402 F. Supp. 3d at 873.

12       Google also improperly withholds five documents (*i.e.*, Entries #4, #41, #2813, #3265, #9955)

13   that were not created by or sent to attorneys but that Google vaguely describes as having attorney

14   involvement. The fact that no attorney authored or received these documents suggests that the

15   documents are not privileged. *See MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11-cv-05341-

16   YGR (JSC), 2013 WL 5594474, at *1 (N.D. Cal. Oct. 10, 2013) (finding that a document purportedly

17   created at the direction of a company's general counsel was not privileged because "there is no

18   evidence that [the party's] counsel ever received or reviewed the reports"). For instance, Google

19   describes Entry #2813 as ████████████████████████████████████████

20   ████████████████████████████████████████████████████

21   ████████████████████████████████████████████████████

22   ████████████████████████████████████████████████████

23   ████████████████████████████████████████

24       Even where the documents may contain legal advice, Google cannot protect the disclosure

25   "of the underlying facts" in these documents. *Upjohn v. United States*, 449 U.S. 383, 395 (1981); *see*

26   *also Sky Valley Ltd. P'ship v. ATX Sky Valley, Ltd.*, 150 F.R.D. 648, 663 (N.D. Cal. 1993) ("[T]he

27   privilege . . . blocks access only to communications, not to underlying information, data, or

28   documents."); *In re Micropro Securities Litig.*, 1988 WL 109973, at *2 (N.D. Cal. Feb. 26, 1988)

(attorney-client privilege does not extend to communications consisting of factual information). Google has failed to show that any "privileged portions" of these documents "are so inextricably intertwined with the rest of the text that they cannot be separated." *U.S. v. Christensen*, 828 F.3d 763, 803 (9th Cir. 2015). Therefore, Google should—at a minimum—produce these documents with limited redactions made to the content concerning legal advice.

**D.     Documents Widely Distributed and Sent to Distribution Lists with Undisclosed Recipients**

Google improperly withholds four documents (*i.e.*, Entries #285, #1095, #1231, and #1262) for attorney-client privilege that concern business operations, not legal advice, and that were not maintained as confidential, *see Upjohn*, 449 U.S. at 394-95 (1981).

For instance, Entry #1095 is an email ████████████████████████████████████ ████████████████████ six non-attorneys and the distribution lists ████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ██████████████████████████████████ These lists currently include three   other   distribution   lists ██████████████████████████████████ ██████████████████████████████████████████ Samra Decl., Ex. C. That this communication was potentially sent to five distribution lists ██████████ ██████████████ indicates that the communication does not concern the "giving and receiving of legal advice." *Klein v. Meta Platforms, Inc.*, No. 20-CV-08570-JD (VKD), 2022 WL 767096, at \*3 (N.D. Cal. Mar. 11, 2022). To the extent Google can establish any legal purpose for the communication, it cannot establish that the "primary purpose of the communication is to give or receive legal advice as opposed" to advice regarding Google's business operations. *In re Grand Jury*, 23 F.4th at 713-14. And even if the communication did concern legal advice, the email is so widely distributed that Google had waived its claim of confidentiality. *See Stevens v. Corelogic, Inc.*, 2016 WL 397936, \*5 (S.D. Cal. Feb. 2, 2016) (finding that broad internal distribution may waive confidentiality required for the privilege to attach). **There are currently 150 non-attorney members of**

1   these five distribution lists. The wide distribution shows that the document was not treated as

2   confidential. *See In re Domestic Drywall Antitrust Litig.*, No. 13-MD-2437, 2014 WL 5090032, at *4

3   (E.D. Pa. Oct. 9, 2014) (finding a document sent to 120 employees and made available on an internal

4   Internet site was not privileged); *ePlus, Inc. v. Lawson Software, Inc.*, 280 F.R.D. 247, 252-53 (E.D.

5   Va. 2012) (dissemination to "ten or more non-lawyers" waived privilege).

6         Google also withholds Entry #1262, which is an email communication ███████████

7   ███████████ to 19 non-attorneys, three distribution lists ███████████████████

8   ██████████████████████████████████████ with 75 non-attorney

9   members, and three attorneys. The inclusion of just three attorneys on this email does not privilege

10  this document. *In re Chase Bank USA, N.A. "Check Loan" Contract Litig.*, No. 09-md-2032-MMC

11  (JSC), 2011 WL 3268091, at *4 (N.D. Cal. July 28, 2011) ("Merely . . . adding an attorney as a

12  recipient [is] insufficient to confer privilege when the communication is not otherwise for the purpose

13  of facilitating legal advice or services."). In its descriptions of these lists, provided below, ███████

14  ██████████████████████████████████

15
| Group name | Description |
| --- | --- |
| ████████████████ | ████████████████████████████████████ |

27  Samra Decl., Ex. C. That the communication was sent to 94 non-attorneys and included distribution

28  lists used for ███████████████ suggests that it does not concern "the communication or solicitation

1  of legal advice" and is not privileged. *Engurasoff v. Zayo Grp. LLC*, No. C-14-00689 DMR, 2015
2  WL 335793, at *3 (N.D. Cal. Jan. 23, 2015) ("[T]he number of recipients, and the fact that the
3  attorney is merely CC'd on emails, suggests the possibility that the emails could be communications
4  regarding business strategy that do not involve the communication or solicitation of legal advice.").
5  The wide distribution of this email also destroys the confidentiality of the communication; and
6  therefore, Google cannot invoke privilege over this document. *Upjohn*, 449 U.S. at 394-95.

7          Similarly, Google describes Entry #285 as "seeking and reflecting legal advice of counsel
8  regarding privacy issues." Samra Decl., Ex. C. But the document was widely distributed to **21 non-**
9  **attorneys and there is no indication that** ███████████████████████████████
10 ███████████████████████ Google has not established that this communication
11 was made for the purpose of seeking and conveying legal, not business, advice.

12         These widely distributed documents are not privileged because they concern business advice
13 and were not maintained as confidential.

14         **E.      Improper Work Product Claim**

15         Further, Google improperly claims work product protection for one entry (*i.e.*, Entry #9955).
16 Google describes this document as "[e]mail seeking and containing legal advice of counsel regarding
17 privacy issues prepared in connection with regulatory investigation" and ███████████████
18 ███████████████████ Samra Decl., Ex. C. Without more information about the
19 "the type of governmental investigation at issue or the type of proceeding that might follow," Google
20 cannot establish work product protection over this document. *See LD, et al., v. United Behavioral*
21 *Health, et al.*, No. 20CV02254YGRJCS, 2022 WL 4878726, at *11 (N.D. Cal. Oct. 3, 2022) (finding
22 vague references to regulatory investigations insufficient to establish a claim of privilege). In
23 addition, the withheld email is █████████████████████████████████████
24 █████████████████████ suggesting it was not made in anticipation
25 of litigation and is not work product protected. *Datel Holdings Ltd. v. Microsoft Corp.*, No. C-09-
26 05535 EDL, 2011 WL 866993, at *7 (N.D. Cal. Mar. 11, 2011) (finding communications that focus
27 on technical steps were not work product protected). Google has not satisfied its burden of
28 establishing work product protection over this document.

**IV.    CONCLUSION**

For all of the foregoing reasons, Plaintiffs respectfully request an order compelling Google to (i) produce the ten documents identified in the joint letter brief, (ii) re-review all other documents on its privilege logs challenged by Plaintiffs, (iii) revise its privilege logs to provide the seven (7) categories of information outlined in the Court's November 17, 2022, and describe with greater specificity the nature of the privileged material withheld in each document, and (iv) produce any documents that, upon further review, are not privileged and not work product protected. Plaintiffs further request an order allowing them to identify for *in camera* review a sample of the challenged documents remaining on Google's privilege logs after Google has completed its re-review.

DATED: December 23, 2022                          Respectfully submitted,

                                                  **PRITZKER LEVINE LLP**

                                                  By: */s/ Elizabeth C. Pritzker*
                                                  Elizabeth C. Pritzker (Cal. Bar No.146267)
                                                  Jonathan K. Levine (Cal. Bar No. 220289)
                                                  Bethany Caracuzzo (Cal. Bar No. 190687)
                                                  1900 Powell Street, Ste. 450
                                                  Oakland, CA 94602
                                                  Tel.: (415) 692-0772
                                                  Fax: (415) 366-6110
                                                  *ecp@pritzkerlevine.com*
                                                  *jkl@pritzkerlevine.com*
                                                  *bc@pritzkerlevine.com*

                                                  *Interim Class Counsel*

                                                  **BLEICHMAR FONTI & AULD LLP**
                                                  Lesley E. Weaver (SBN 191305)
                                                  Anne K. Davis (SBN 267909)
                                                  Joshua D. Samra (SBN 313050)
                                                  555 12th Street, Suite 1600
                                                  Oakland, CA 94607
                                                  Tel.: (415) 445-4003
                                                  Fax: (415) 445-4020
                                                  *lweaver@bfalaw.com*
                                                  *adavis@bfalaw.com*
                                                  *jsamra@bfalaw.com*

**SIMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Jenny Paulson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*jpaulson@simmonsfirm.com*

**DICELLO LEVITT LLC**
David A. Straite (admitted *pro hac vice*)
James Ulwick (admitted *pro hac vice*)
485 Lexington Avenue, Suite 1001 New York, NY 10017
Tel: (646) 993-1000
*dstraite@dicellolevitt.com*
*julwick@ dicellolevitt.com*

**COTCHETT PITRE & MCCARTHY, LLP**
Nancy E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal Bar. No. 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road
Burlingame, CA 94010
Tel.: (650) 697-6000
*nnishimura@cpmlegal.com*
*bdanitz@cpmlegal.com*
*kswope@cpmlegal.com*

**BOTTINI & BOTTINI INC.**
Frances A. Bottini, Jr. (Cal. Bar No. 175783)
Yuri A. Kolesnikov (Cal. Bar. No. 271173)
7817 Ivanhoe Ave., Ste. 102
LA Jolla, CA 92037
Tel.: (848) 914-2001
*fbottini@bottinilaw.com*
*ykolesnikov@bottinilaw.com*

*Plaintiffs' Executive Committee*

Case No. 4:21-cv-02155-YGR-VKD
PLS' NOTICE OF MOTION AND MOTION TO COMPEL GOOGLE TO PRODUCE IMPROPERLY WITHHELD DOCUMENTS

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)

I, Joshua D. Samra, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of December, 2022, at San Francisco, California.

/s/ Joshua D. Samra
Joshua D. Samra

PLS' NOTICE OF MOTION AND MOTION TO COMPEL GOOGLE TO PRODUCE IMPROPERLY WITHHELD DOCUMENTS