# EXHIBIT 2

## (REDACTED VERSON OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL)

# EXHIBIT A
## Unredacted Version of Document Sought to be Sealed

PRITZKER LEVINE LLP
1900 POWELL STREET, STE 450
EMERYVILLE, CA 94608

BLEICHMAR FONTI & AULD LLP
555 CITY CENTER WEST, STE 1600
OAKLAND, CA 94607

DICELLO LEVITT GUTZLER LLC
60 EAST 42ND STREET, STE 2400
NEW YORK, NY 10165

SIMMONS HANLY CONROY LLC
112 MADISON AVENUE, 7TH FL
NEW YORK, NY 10016

COTCHETT PITRE & MCCARTHY LLP
840 MALCOLM ROAD, STE 200
BURLINGAME, CA 94010

BOTTINI & BOTTINI INC
7817 IVANHOE AVENUE, STE 102
LA JOLLA, CALIFORNIA 92037

September 2, 2022

**Via E-Mail**

Jeffrey M. Gutkin
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
E-mail:  jgutkin@cooley.com

Laura M. Elliot
COOLEY LLP
110 N. Wacker Drive, Suite 4200
Chicago, IL  60606
T: +1 312 881 6673
lelliott@cooley.com

>   Re:    *In re Google RTB Consumer Privacy Litigation*,
>          No. 5:21-cv-02155-YGR (N.D. Cal.)
>          **Plaintiffs' Response to Google's Privilege Log #1**

Dear Counsel:

This letter and accompanying spreadsheet respond to Google's Privilege Log #1, served on July 11, 2022, and sets out the bases of Plaintiffs' challenges to Google's assertions of privilege. Column "I" of the accompanying spreadsheet identifies the entries Plaintiffs are challenging, and column "J" provides Plaintiffs' basis for challenge. Plaintiffs are challenging Google's assertions of privilege for 5,295 entries for the reasons set forth below.

I.    **Insufficient Detail**

Thousands of entries on Google's privilege log are deficient because they do not provide sufficient detail to assess Google's claim of privilege. Specifically, Google's log does not provide: (1) the "general nature of the document," *i.e.* title of the document or subject line of the communication; (2) the position of the authors, addressees, and recipients of the document; and (3) "the document's present location." *Erickson Prods. Inc. v. Kast*, No. 5:13-CV-05472-HRL, 2018 WL 2298602, at *3 (N.D. Cal. May 21, 2018) (describing information required in a

Letter to Cooley LLP
September 2, 2022                                                                              Page 2

privilege log). When Plaintiffs requested that Google amend its Log to address these deficiencies, Google refused and claimed its log "complies with the ESI protocol." July 12, 2022 Email from L. Elliot to J. Samra. But the ESI protocol does not obviate Google's obligation under Federal Rule of Civil Procedure 26(b)(5) to "describe the nature of the documents … in a manner that … will enable other [Plaintiffs] to assess the claim." Google's log does not meet this standard.

For instance, Google uses generic language—such as "[p]resentation … regarding privacy issues" and "[e]mail … regarding policy compliance"—for each entry. But without the document title or email subject, Plaintiffs have no way to assess what the document actually concerns. *Oracle Am., Inc. v. Google*, Inc., No. C-10-03561-WHA DMR, 2011 WL 3794892, at *4 (N.D. Cal. Aug. 26, 2011) ("Boilerplate designations do not mechanically confer privilege."). And for dozens of documents, Google lists "Shared drive" and "Google" under the Author field. These entries are deficient because they do not identify the actual author of the document.

Google also refuses to provide the job titles of any author, addressees, or recipients on its privilege log and has instead, noted individuals it claims hold a role in "Google['s] Legal Department or [a] Law Firm representing Google." Yet, Google misidentifies the following individuals as holding a legal role:



Given that these individuals hold a business, not legal, role, they are not privileged actors. *United States v. Richey*, 632 F.3d 559, 566 (9th Cir.2011) (attorney-client privilege protects "confidential communications between *attorneys* and clients, which are made for the purpose of giving legal advice.") (emphasis added). Google should revise its privilege log to note that these individuals are not privileged actors and to provide the additional information that Plaintiffs have requested.

Plaintiffs request that Google revise its log to provide the requested information for all 5,295 entries that Plaintiffs are challenging or produce in unredacted form all such documents.

## II.    Additional Categories

In addition to Google's failure to provide sufficient detail, Plaintiffs challenge entries for the following reasons:

Letter to Cooley LLP
September 2, 2022                                                              Page 3

**No Attorney ID'd or Present** – Google improperly withholds and redacts information for attorney-client privilege where no counsel is identified by Google or present on the face of the document, and the context of the document does not appear to concern legal advice. *See e.g.* Priv Log Entry #1 (withheld memorandum that Google claims "reflect[s] legal advice of counsel" ██████████████████████████████████; ████████████████████████ to other non-attorneys, which Google describes as "reflecting legal advice of counsel"); Entry #6501 (withheld email between ████████████████ ███████████ that Google claims "seek[s] and contain[s] legal advice of counsel regarding privacy issues."); Entry #8649 (withheld email from █████████████████ to four non-attorneys and a distribution list whose members are unknown). Google has failed to show that these documents concern legal advice. *See Baxter Healthcare Corp. v. Fresenius Med. Care Holding, Inc.*, No. C07-1359 PJH (JL), 2008 WL 5214330, at *3 (N.D. Cal. Dec. 12, 2008) (ordering Defendant to produce "every document listed on its privilege log, where it fails to identify the attorney whose communication or work product it claims is contained in the document."); *Lewis v. Wells Fargo & Co.*, 266 F.R.D. 433, 444 (N.D. Cal. 2010) (finding it improper to withhold communications between non-attorneys that "do not expressly reference communications with counsel[.]"). Plaintiffs challenge 658 entries on this basis.

**Attorney ID'd or Present, but No Legal Advice Provided/Solicited** – Google withholds and redacts documents where counsel is identified or present on the face of the document, but the withheld information does not appear to have been made for the "primary purpose" of providing or soliciting legal advice. *U.S. v. Chevron Corp.*, No. C-94- 1885 SBA, 1996 WL 264769, at *3 (N.D. Cal. Mar. 13, 1996), amended, No. C 94-1885 SBA, 1996 WL 444597 (N.D. Cal. May 30, 1996). Plaintiffs have challenged 2,738 entries on this basis.

For most of the entries challenged on this basis, no attorney is listed on the From/Author or Recipient(s) field, but Google states that the documents contains or seeks legal advice. *See e.g.* Entry #346 (withheld email from ████████████████████████████████ ████████████ which Google describes as "seeking, containing, and reflecting legal advice of ██████ regarding privacy issues); Entry #641 (withheld email between non-attorneys, which Google describes as "seeking and reflecting legal advice of ███████ regarding privacy issues"). Google also withholds and redacts information where an attorney is one of many recipients and the document does not appear to concern legal advice. *See e.g.* Entry #37 (email from ████████████████ to twenty-eight non-attorneys and ████████████ which Google describes as "seeking and containing legal advice of counsel regarding privacy issues"); Entry #3584 (email from ████████████ to over ten non-attorneys and ██████ ████████████████ which Google describes as "seeking and containing legal advice of counsel regarding contractual issues."). Without providing more information showing that these documents were made for the primary purpose of generating legal advice, Google fails to carry its burden of asserting privilege over this document. *See Dolby Laboratories Licensing Corp. v. Adobe Inc.*, 402 F.Supp.3d 855, 866 (N.D. Cal. 2019) ("A vague declaration that states only that the document reflects an attorney's advice is insufficient to demonstrate that the document should be found privileged.") (internal quotation marks and citation omitted).

Letter to Cooley LLP
September 2, 2022                                                                Page 4

**Improperly Withheld –** Google withholds entire documents which, even if the concern legal advice, should be produced in part with redactions. *See e.g.* Entry #1234 (withheld presentation that is authored ████████ and that Google describes as "containing legal advice of ████████ regarding privacy issues"); Entry #2260 (withheld spreadsheet authored by ████████ which Google describes as "seeking and containing legal advice of ████████ regarding privacy issues."). Plaintiffs have challenged 4,635 entries on this basis. For these documents, Google has failed to show that the "privileged portions" of these documents "are so inextricably intertwined with the rest of the text that they cannot be separated." *United States v. Christensen*, 828 F.3d 763, 803 (9th Cir. 2015) (citation and quotations omitted).

**Distribution List Whose Members are Unknown –** Google asserts privilege over a large number of documents that were disclosed to email distribution lists whom members are unknown. *See, e.g.* Entry #1095 (withheld email from ████████ among others, the ████████ ; Entry #1262 (withheld email from ████████ ████████ Plaintiffs challenge 108 entries on this basis.

As the attorney-client privilege requires that communications be made "in confidence," it is imperative that Google identify the recipients of these communications to permit Plaintiffs to assess the claim of privilege. See *Stevens v. Corelogic, Inc.*, No. 14-cv-1158-BAS(JLB), 2016 WL 397936, *5 (S.D. Cal. Feb. 2, 2016) (finding that broad internal distribution of documents may waive the confidentiality required for the attorney-client privilege to attach); *Muro v. Target Corp.*, 250 F.R.D. 350, 364 (N.D. Ill. 2007) ("This represents a serious defect in the privilege log; without the identities and job descriptions of the persons on the distribution lists, there is no way for an opposing party to assess whether they are within the sphere of corporate privilege, as is required by Federal Rule of Civil Procedure 26(b)(5)(A)."). Indeed, the inclusion of non-privilege members on these lists indicates that the withheld communications were not made for the primary purpose of seeking or providing legal advice. *See Chevron Corp.*, 1996 WL264769 at *3.

**Improper Work Product Claims –** Google fails to substantiate its claim of work product protection over 280 entries. *See, e.g.,* Entry #1231 (withheld email from ████████ ████████ to 13 non-attorneys, which Google describes as "prepared at the direction and reflecting legal advice of counsel regarding privacy issues prepared in connection with regulatory investigation."). Google fails to articulate how these documents were "created in anticipation of litigation" to substantiate its claim of work-product. *See, e.g., U.S. v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) ("To qualify for work-product protection, documents must: (1) be 'prepared in anticipation of litigation or for trial' and (2) be prepared 'by or for another party or by or for that other party's representative.'"); *C&C Jewelry Mfg. v. West*, No C09-01303-JF(HRL), 2010 WL 3943673, *1 (N.D. Cal. Oct. 7, 2010) ("Although litigation need not have commenced in order for the work product doctrine to apply, 'there must be more than a remote possibility of litigation.'").

Letter to Cooley LLP
September 2, 2022                                                                          Page 5

   Plaintiffs expect Google to respond to these challenges by no later than September 16, 2022. We are available to meet and confer regarding these challenges at your convenience.

        Sincerely,

        */s/ Elizabeth C. Pritzker*
        Elizabeth C. Pritzker
        PRITZKER LEVINE LLP


        */s/ Joshua D. Samra*
        Joshua D. Samra
        Bleichmar Fonti & Auld LLP

cc:  All counsel of record (via e-mail)