COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
LAURA M. ELLIOTT (SBN 286702)
(lelliott@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL GOOGLE TO PRODUCE IMPROPERLY WITHHELD DOCUMENTS**<br><br>Judge: Virginia K. DeMarchi<br>Date: January 31, 2023<br>Time: 10:00 a.m.<br>Courtroom: 2, Fifth Floor<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO
PLS' MOTION TO COMPEL
CASE NO. 4:21-CV-02155-YGR-VKD

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

    A. Plaintiffs' Demand for Sweeping Re-Review of Documents on Google's Privilege Logs is Unfounded and Should Be Rejected. ........................................... 2

    B. Plaintiffs' Complaints about the Sufficiency of Privilege Log Entries Are Meritless and Rehash Issues that this Court Has Already Decided. ....................... 5

    C. Plaintiffs' Complaints Regarding Privilege Log Entries With "No Attorney Identified or Involved" Are Meritless. ................................................................... 7

    D. Plaintiffs' Claim That Documents Sent to Distribution Lists Are Not Privileged Is Speculative and Unsupported. ........................................................... 10

III. CONCLUSION ............................................................................................................. 12

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- i -

GOOGLE'S RESPONSE TO
PLS' MOTION TO COMPEL
CASE NO. 4:21-CV-02155-YGR-VKD

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Brown v. Google LLC*,
 No. 4:20-cv-03664-YGR, ECF No. 522 (N.D. Cal. Apr. 1, 2022) ............................................ 3

*Calhoun v. Google LLC*,
 No. 4:20-cv-05146-YGR, ECF No. 594 (N.D. Cal. Mar. 29, 2022) ......................................... 3

*In re Chase Bank USA, N.A. "Check Loan" Contract Litig.*,
 2011 WL 3268091 (N.D. Cal. Jul. 28, 2011) ......................................................................... 11

*In re Dealer Mgmt. Sys. Antitrust Litig.*,
 2020 WL 7865915 (N.D. Ill. Mar. 30, 2020) ........................................................................... 8

*Engurasoff v. Zayo Grp. LLC*,
 2015 WL 335793 (N.D. Cal. Jan. 23, 2015) .......................................................................... 11

*ePlus, Inc. v. Lawson Software, Inc.*,
 280 F.R.D. 247 (E.D. Va. 2012) ............................................................................................ 11

*Garvey v. Hulu, LLC*,
 2015 WL 294850 (N.D. Cal. Jan. 21, 2015) .......................................................................... 10

*Khasin v. Hershey Co.*,
 2014 WL 690278 (N.D. Cal. Feb. 21, 2014) ........................................................................... 6

*Klein v. Facebook, Inc.*,
 2021 U.S. Dist. LEXIS 175891 (N.D. Cal. Sep. 15, 2021) ................................................. 5, 9

*LD v. United Behavioral Health*,
 2022 WL 4878726 (N.D. Cal. Oct. 3, 2022) ........................................................................... 9

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
 2019 WL 1950377 (N.D. Cal. May 1, 2019) ........................................................................ 10

*Ritchie v. Sempra Energy*,
 2015 WL 12912030 (S.D. Cal. June 11, 2015) ................................................................. 3, 10

*Stevens v. Corelogic, Inc.*,
 2016 WL 397936 (S.D. Cal. Feb 2. 2016) ......................................................................... 7, 11

*Transamerica Computer Co. v. Int'l Bus. Machines Corp.*,
 573 F.2d 646 (9th Cir. 1978) ................................................................................................... 3

**Court Rules**

Fed. R. Civ. P. 26 .............................................................................................................................. 7

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- ii -

GOOGLE'S RESPONSE TO
PLS' MOTION TO COMPEL
CASE NO. 4:21-CV-02155-YGR-VKD

N.D. Cal. Civil Local Rule 72-2 .................................................................................................. 6

Cooley LLP
Attorneys at Law
San Francisco

- iii -

Google's Response to
Pls' Motion to Compel
Case No. 4:21-cv-02155-YGR-VKD

## I. INTRODUCTION

Plaintiffs' Motion to Compel Google to Produce Improperly Withheld Documents (the "Motion") seeks to require Google to undertake a massive re-review of thousands of documents on its privilege logs, to revise its logs to include additional information beyond that required by Ninth Circuit law, and to produce ten documents that Google properly withheld as privileged. Plaintiffs' Motion relies on baseless speculation and rehashed arguments this Court has already rejected, none of which are sufficient to justify Plaintiffs' demands.

As an initial matter, Plaintiffs' demand for broad re-review and supplementation of Google's privilege logs is based on nothing more than speculation that Google's modification of privilege assertions for six documents indicates a widespread practice of over-designating documents as privileged. This could not be further from the truth. Google withholds documents for privilege only if, after a rigorous review, the facts indicates that the document is indeed in fact privilege. That Google changed the privilege designation for six documents is hardly indicative of any broader pattern, particularly given that Google has produced tens of thousands of documents in this case. Further, the nature and content of each of these documents confirms that Google's initial designations were made in good faith, and Google's revisions to its designations only demonstrate its overall commitment to ensuring that its privilege determinations are sound.

Plaintiffs' challenges to the ten specific privilege log entries identified in their Motion are equally baseless. First, Plaintiffs complain in general terms that the descriptions provided are inadequate, but this Court already properly rejected Plaintiffs' demand for more detailed information about the subject matter of these documents. Indeed, Google's descriptions go beyond what is required by Ninth Circuit law and are sufficient to allow Plaintiffs to assess Google's privilege claims. Second, Plaintiffs' complaint regarding privilege log entries "With No Attorney Identified or Involved" ignores that the attorney-client privilege extends to discussions of legal advice among non-attorneys. The documents Plaintiffs challenge fall squarely within this established rule. Third, Plaintiffs' challenge to documents sent to distribution lists ignores Google's privilege logs entries that confirm that these documents involve legal advice, and the fact that they were sent to distribution lists does not undermine the privilege, as courts have repeatedly

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 1 -

GOOGLE'S RESPONSE TO
PLS' MOTION TO COMPEL
CASE NO. 4:21-CV-02155-YGR-VKD

found. Per the Court's November 17, 2022 Order (ECF No. 360, the "November 17 Order"), Google has provided the current membership of the distribution lists to which these documents were circulated, confirmed that these documents were not distributed outside of Google, and supplied descriptions of the distribution lists. Plaintiffs do not need additional information to confirm the propriety of Google's privilege assertions. Finally, Plaintiffs' challenge to Google's assertion of the work product protection over a document prepared in connection with an active regulatory investigation is not only baseless, but also contradicted by Plaintiffs' own authorities.

For these and the reasons described below, Google respectfully requests that the Court deny Plaintiffs' Motion and reject its requests for additional relief.

## II.    ARGUMENT

### A.    Plaintiffs' Demand for Sweeping Re-Review of Documents on Google's Privilege Logs is Unfounded and Should Be Rejected.

Plaintiffs ask the Court to require Google to re-review over 5,000 documents on its privilege logs, claiming this sweeping demand is justified by a purported "practice of over-designating documents as privileged." (Mot. at 8.) Plaintiffs mischaracterize the record, which confirms there is no such practice and no basis for the onerous, costly, and sweeping re-review process that Plaintiffs seek to impose.

First, Plaintiffs' accusation is entirely unfounded. Google takes its discovery obligations seriously and employs an entire team of lawyers dedicated to fulfilling those obligations faithfully—often producing many documents that non-lawyers at Google believed were privileged and marked as such. Here, as in every case, every document on Google's privilege logs was considered individually by attorneys to assess whether it was privileged, and there is no basis for Plaintiffs' overreaching requests.

Second, Plaintiffs assert that "Google has withdrawn or narrowed its privilege and work product claims for 50% of the exemplar documents" and claim this result is analogous to the Brown and Calhoun matters in which Magistrate Judge Van Keulen ordered Google to re-review certain documents on the privilege logs in those matters. (Mot. at 7.) But this comparison is entirely misplaced. In Brown, an initial re-review of documents led to changes in privilege designations

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -

GOOGLE'S RESPONSE TO
PLS' MOTION TO COMPEL
CASE NO. 4:21-CV-02155-YGR-VKD

for over 200 documents. *Brown v. Google LLC*, No. 4:20-cv-03664-YGR, ECF No. 522 at 1 (N.D. Cal. Apr. 1, 2022) ("[I]n response to reassessing 830 documents for privilege, pursuant to previous orders of this Court, Google has changed its position regarding privilege on approximately 25% of the documents."). In *Calhoun*, the initial re-review led to designation changes for over 440 documents. *Calhoun v. Google LLC*, No. 4:20-cv-05146-YGR, ECF No. 594 at 3 (N.D. Cal. Mar. 29, 2022) (stating that Google had "revised or withdrawn its privilege designations for over 40%" of 1,100 re-reviewed documents). Based on those results, Judge Van Keulen required additional re-review because a "careful, proportional re-assessment of privilege has led to more than a nominal number of corrections." (Mot. at 7-8 (quoting *Calhoun v. Google LLC*, No. 4:20-cv-05146-YGR, ECF No. 603 at 2 (N.D. Cal. Apr. 1, 2022).). In contrast here, Google withdrew its privilege designations for only six of the eighteen documents addressed in the November 17 Order, while narrowing the redactions for one other document.[1] (Mot. at 5.) This is a far cry from the circumstances in *Brown* and *Calhoun* on which Plaintiffs rely and there is no support for their demand for a broad and sweeping re-review.

Third, Plaintiffs point to three of the documents Google withdrew from its privilege logs to suggest these documents reflect a broader "practice of over-designating documents as privileged." (Mot. at 8.) On the contrary, each of these documents shows that Google made initial privilege assertion in good faith, and the modifications of Google's privilege determinations upon further review reflect only the reality that in complex litigation with extensive discovery, opportunities for "what might be characterized as visual or judgmental mistakes" regarding privilege determinations are "inherent in the process." *Transamerica Computer Co. v. Int'l Bus. Machines Corp.*, 573 F.2d 646, 652 (9th Cir. 1978); *see also Ritchie v. Sempra Energy*, 2015 WL 12912030, at *10 (S.D. Cal. June 11, 2015) ("In a case involving a large volume of documents . . . there are bound to be some documents that deserve a second look when challenged and a willingness on the part of the party who prepared the privilege log to re-classify and produce documents that were misclassified in an initial review.").

---

[1] Plaintiffs erroneously assert in their Motion that Google narrowed redactions for Entry #10217, but Google did not change its redactions to this document.

- 3 -

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO
PLS' MOTION TO COMPEL
CASE NO. 4:21-CV-02155-YGR-VKD

For instance, it is undisputed that Entry 4712—an internal product planning document involving certain consent issues—contains legal advice. (*See* Mot. at 6 (acknowledging that Plaintiffs do not challenge Google's privilege redactions in this document).) While Google, after further examination, determined it could redact the privileged content rather than withholding the document in its entirety, its initial determination was not unreasonable given the highly nuanced judgments that need to be made in this context. Indeed, Google has redacted attorney-privileged portions of documents—rather than withholding documents in their entirety—for more than 2,000 documents in its production to date, dispelling Plaintiffs' suggestion that Entry 4712 reflects a broader issue with Google withholding documents on privilege grounds where redactions are feasible. (See Decl. of Reece Trevor ¶ 2.)

Similarly, Google's initial determination that Entry 4835 contained privileged information was reasonable given ▮▮▮▮▮▮▮▮▮▮▮▮ regulations. (*See* Samra Decl. Ex. F at -5662 and -5664 (discussing "California's new privacy law" and ▮▮▮▮▮▮▮▮▮▮▮▮

With respect to Entry 9856, Plaintiffs complain that the "Privileged and Confidential" stamp on the document is incorrect and Google should not have relied on it to initially withhold the document on privilege grounds. But Google has, in fact, performed an independent review to determine whether each document collected for discovery in this case is privileged, without simply relying on stamps and notations placed initially by a document's author(s). This is confirmed by the fact that Google produced thousands of documents bearing "Privileged and Confidential" notations, the majority of which were produced without any redactions for privilege. (Trevor Decl. ¶ 3.) Again, Google's good faith decision to withdraw the privilege designation of this document does not reflect a broader issue that could support Plaintiffs' sweeping demand for Google to re-review over 5,000 documents.

Other documents for which Google has withdrawn its initial privilege determinations further confirm there is no basis for Plaintiffs' demand. For example, Entry 7390 includes discussion of contractual issues involving a non-lawyer who happens to share the name of an

Cooley LLP
Attorneys At Law
San Francisco

- 4 -

Google's Response to
Pls' Motion to Compel
Case No. 4:21-cv-02155-YGR-VKD

attorney who worked at Google. (Trevor Decl. ¶ 4.) Google's initial determination that this discussion involved an attorney, while mistaken, is a *sui generis* issue that does not suggest any broader issues in Google's designations.

In sum, for the eighteen documents addressed in the November 17 Order, Google updated its initial privilege designations for six documents, consistent with its commitment to appropriate privilege designations, while confirming that the twelve other designations are sound. Plaintiffs fail to show that this handful of de-designations warrants compelling Google to re-review a massive number of documents at considerable burden and expense.

### B. Plaintiffs' Complaints about the Sufficiency of Privilege Log Entries Are Meritless and Rehash Issues that this Court Has Already Decided.

First, Plaintiffs argue that Google's "'boilerplate assertion[s] of privilege' that do not provide sufficient information to determine the actual subject of the document or the regulation at issue, much less determine that the document concerns legal advice." (Mot. at 11.) Plaintiffs made the same argument **verbatim** when they last challenged Google's privilege logs months ago. (See ECF No. 339 at 2 ("These 'boilerplate assertion[s] of privilege do not provide sufficient information to determine the actual subject of the document or the regulation at issue, much less determine that the document concerns legal advice." (citation omitted)).) The Motion doubles down on that argument, contending that Google must "describe with greater specificity the nature of the privileged material withheld in each document" not only for the eighteen documents at issue in the Motion, but also for **every entry** on its privilege logs. (Mot. at 17.) But this Court already rejected Plaintiffs' demand for further information, such as "the document title or subject line" and "detail about the issue, regulation, or policy that is the subject of the document," as "unlikely to make it easier for plaintiffs or the Court to assess whether a document actually seeks or contains legal advice." (ECF No. 360 at 7.) Indeed, the Court observed that "[P]laintiffs' demand for this information seems calculated to help them assess whether the contents of a withheld document might be important for the merits of the case." (*Id.*) Google has already done more than the law requires in describing documents on its privilege logs, and Plaintiffs' repeated and conclusory complaints provide no basis to impose additional obligations. *See, e.g., Klein v. Facebook, Inc.*,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -

GOOGLE'S RESPONSE TO
PLS' MOTION TO COMPEL
CASE NO. 4:21-CV-02155-YGR-VKD

2021 U.S. Dist. LEXIS 175891, at *11-12 (N.D. Cal. Sep. 15, 2021) (privilege logs need only include "a 'category description' (e.g., 'advice re FTC investigation')" and not "a more detailed description of the document or the factual basis for the assertion of a privilege or protection . . . ."); *Khasin v. Hershey Co.*, 2014 WL 690278, at *4 (N.D. Cal. Feb. 21, 2014) (The Ninth Circuit "has never required a privilege log to specifically note the titular subject of each document . . . ."). Consistent with its prior ruling on this issue, the Court should reject Plaintiffs' attempt to use Google's privilege logs for a fishing expedition into the case's merits.[2]

Second, with respect to the ten documents challenged in the Motion, Plaintiffs complain that Google's privilege logs fail to identify "all persons or entities known to have been furnished the document or informed of its substance." (Mot. at 12.) The only purported example of this issue that Plaintiff identify is Entry #4, which lists the Author/Sender/Custodian for the document as an internal "role account." *Id*. There is nothing inadequate about the information provided for Entry #4. As Plaintiffs acknowledge, Google has confirmed that this role account for a Google "Privacy Working Group" is "internal-only," meaning that documents affiliated with that account are not accessible to third parties such that the privilege could be waived. Plaintiffs therefore have all of the information they need to determine that the legal advice reflected in Entry #4 was maintained in confidence.

Third, Plaintiffs complain that, for Entries #1095, #1231, and #1262, Google provided only the current membership of the distribution lists and not the membership "at the time the document was sent." (Mot. at 12.) The Court, however, already rejected Plaintiffs' demand for historical distribution list membership. (ECF No. 360 at 8 (requiring Google to provide only "the current membership of the [distribution] list[s]").) This historical information is unnecessary given Google's confirmation that the distribution lists at issue are internal to Google. It is also infeasible to collect, given that Google cannot reconstruct the precise membership of each of its internal distribution lists at the time of each privileged communication. (ECF No. 339 at 5.)

---

[2] If Plaintiffs mean to tacitly seek reconsideration of the Court's earlier order, then they have again disobeyed this Court's rules by doing so in the Motion rather than by appealing the order to Judge Gonzalez Rogers under Civil Local Rule 72-2.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 -

GOOGLE'S RESPONSE TO
PLS' MOTION TO COMPEL
CASE NO. 4:21-CV-02155-YGR-VKD

**C.  Plaintiffs' Complaints Regarding Privilege Log Entries With "No Attorney Identified or Involved" Are Meritless.**

Plaintiffs also complain that certain privilege log entries do not identify a specific attorney involved in the privileged communications at issue, yet at the same time concede that "communications between non-attorneys can be privileged if they 'discuss or transmit legal advice given by counsel' or concern an 'intent to seek legal advice.'" (Mot. at 12-13.) *See also, e.g., Stevens v. Corelogic, Inc.*, 2016 WL 397936, at *7 (S.D. Cal. Feb 2. 2016) ("the attorney-client privilege continues to protect communications between non-attorney employees engaged in discussion to either transmit information to an attorney for the purpose of seeking legal advice or disseminate information from an attorney to corporate employees").  All eight of the privilege log entries that Plaintiffs challenge as having "No Attorney Identified or Involved" (Mot. at 12-14) show these elements of the attorney-client privilege are met, and Plaintiffs' challenges to these entries should be rejected.

For each of these privilege log entries, Google has provided information that (1) confirms the documents "reflect[ ]" and/or "seek[]" legal advice of counsel, (2) describes the subject matter of the legal advice—for example, advice involving either "regulatory issues" or "privacy issues," and (3) for five of the eight challenged entries, identifies the Google counsel involved by name. Samra Decl. Ex. C.  No more is required to demonstrate that the attorney-client privilege applies, and the Court should deny Plaintiffs' challenges based solely on the information provided by Google, without expending judicial resources to review the contents of the documents themselves.

With respect to the three privilege log entries that do not identify a specific attorney, there is no blanket requirement that Google must in all cases identify the individual attorney(s) involved in a privileged communication by name where that information is not readily available and the basis of the privilege is otherwise shown.  *See* Fed. R. Civ. P. 26 Advisory Committee Note to 1993 Amendment (explaining that "[d]etails concerning … persons" are not required to demonstrate privilege in all cases); *see also* ECF No. 360 at 3 (referring to general Ninth Circuit guidance that the attorney-client privilege can be shown based on a privilege log that identifies "the attorney and client involved," among other information, but further explaining that "a party may substantiate a

Cooley LLP
Attorneys at Law
San Francisco

- 7 -

Google's Response to
Pls' Motion to Compel
Case No. 4:21-cv-02155-YGR-VKD

claim of privilege by other means."). Here, the information Google provided confirms that the communications in the three entries involve Google's "counsel" (entries #1231 and #661) or "privacy counsel" (entry #1095), and the omission of individual names does not undermine the adequacy of Google's showing of privilege as to these entries. *See In re Dealer Mgmt. Sys. Antitrust Litig.*, 2020 WL 7865915, at *8 (N.D. Ill. Mar. 30, 2020) ("[T]he Court is not inclined to say on a blanket basis that a document is or is not privileged because a party's privilege log does not identify an attorney by name but rather refers to 'in-house counsel' or 'legal department.'").

While the information Google provided gives the Court ample grounds to reject Plaintiffs' challenges, the contents of the documents submitted for the Court's in camera review further confirm that Google properly withheld or redacted the documents on privilege grounds. For example, with respect to the three entries that do not identify a specific attorney, the documents on their face all reflect internal legal advice, even if the attorneys involved are not named:

- Entry #1095: This email chain was produced with one sentence redacted, which describes the author's discussion with "privacy counsel" ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

- Entry #1231: This email chain on its face involves the gathering of information at the request of Google counsel. The first email in the string (April 1, 2019) explains that the author is ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and the last email in the string (April 7, 2019) notes that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ showing that the entirety of the thread pertains to a request of Google counsel.

- Entry #660: This document is marked "Attorney Client Privileged; Reflects Advice of Counsel" and involves a ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

With respect to the five privilege log entries that Plaintiffs challenge on the grounds that "no attorney authored or received these documents" (Mot. 13), the documents again confirm that Plaintiffs' baseless speculation is unfounded and the documents all involve legal advice:

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 8 -

GOOGLE'S RESPONSE TO
PLS' MOTION TO COMPEL
CASE NO. 4:21-CV-02155-YGR-VKD

- Entry #3265: This email string involves Google employees obtaining approval from "Privacy/Legal" on a ▮▮▮▮ ▮▮▮▮ ▮▮▮▮ whom Google identified as the attorney involved.

- Entry #9955: This document is an example of an automated email that is generated to notify users when comments are inserted to a Google Doc they are working on. This specific email relates to an underlying document entitled ▮▮▮▮ ▮▮▮▮ ▮▮▮▮.

- Entry #41: This document is a ▮▮▮▮ related to an aspect of RTB. It specifically identifies ▮▮▮▮ prominently on the first page (whom Google identified in its privilege log as the attorney involved) and addresses issues including the "privacy implications" of certain proposed practices.

- Entry #2813: This document is an automated email with comments inserted to a Google Doc entitled ▮▮▮▮ including multiple comments regarding issues around ▮▮▮▮.

- Entry #4: This document is a Privacy Design Document with information on a proposed project, including notes addressing ▮▮▮▮ ▮▮▮▮.

- In each case above, Google appropriately identified the document as privileged based on the legal advice reflected on the face of the document and Plaintiffs' challenges should be rejected.

---

[3] Plaintiffs also challenge Google's assertion of work-product protection to entry #9955 (see Mot. at 16), but it is well-established that documents prepared in connection with an adversarial regulatory investigation, like a DPC investigation, are entitled to work product protection, as Plaintiffs' own authorities confirm. *See LD v. United Behavioral Health*, 2022 WL 4878726, at *10 (N.D. Cal. Oct. 3, 2022) (observing that documents prepared in connection with regulatory proceedings are entitled to work product protection where the proceeding is "adversarial in nature."). *See also Klein*, 2021 U.S. Dist. LEXIS 175891, at *11-12 (explaining that a privilege log entry that states a 'category description'" such as "advice re FTC investigation" would be sufficient).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 9 -

GOOGLE'S RESPONSE TO
PLS' MOTION TO COMPEL
CASE NO. 4:21-CV-02155-YGR-VKD

1  **D.    Plaintiffs' Claim That Documents Sent to Distribution Lists Are Not Privileged Is Speculative and Unsupported.**

Plaintiffs baselessly speculate that Entries #285, #1095, #1231, and #1262 are not privileged because they were circulated to distribution lists that include non-attorneys and argue that this purportedly "wide" distribution "destroys the confidentiality" of these documents. (Mot. at 14-16.) But the mere fact that documents were sent to distribution lists that include non-attorneys does not undermine the attorney-client privilege. This is true even where distribution lists are broad. *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 2019 WL 1950377, at *8 (N.D. Cal. May 1, 2019) (declining a request for *in camera* review where "Defendants' sole argument appear[ed] to be that the communications could not have been kept confidential due to the sheer number of individuals with whom they were shared"). As indicated on Google's privilege logs, all of the documents Plaintiffs challenge request or reflect legal advice that was disseminated to Google employees who reasonably needed to know that advice. They are therefore privileged. *See id*.; *Ritchie*, 2015 WL 12912030, at *11.

For example, as noted above, Entry #1095 is an email that on its face reflects advice of privacy counsel regarding Google's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, which was distributed to Google employees, including those in Google's advertising group who needed to know counsel's advice regarding regulations that impacted Google's approach to advertising. The fact that the distribution lists to which this email was sent "concern[] Google's business operations" is irrelevant. (Mot. at 14.) It is well-settled that non-legal employees who conduct a company's business operations can receive legal advice regarding those business operations without waiving the attorney-client privilege. *See Garvey v. Hulu, LLC*, 2015 WL 294850, at *2 (N.D. Cal. Jan. 21, 2015) ("'Only when [] communications are relayed to those who do not need the information to carry out their work or make effective decisions on the part of the company is the privilege lost.'") (internal citation omitted); *Planned Parenthood*, 2019 WL 1950377, at *8. Nor was this email so broadly distributed as to waive the privilege. *Garvey*, 2015 WL 294850, at *8 (privilege not waived over information in JIRA tickets where the tickets "involved only those employees who were working on the given issues and who . . . sought or discussed the legal advice they needed to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 10 -

GOOGLE'S RESPONSE TO
PLS' MOTION TO COMPEL
CASE NO. 4:21-CV-02155-YGR-VKD

effectively address the problems before them"; "[c]onfidentiality is not destroyed by the possibility that other [] employees, not directly participating in the [privileged] tickets, could have access those documents over the JIRA system"); *contra Stevens*, 2016 WL 397396, at *5  (legal compliance policies at issue were not privileged where they were "written for, and made available to, all Corelogic employees"); *ePlus, Inc. v. Lawson Software, Inc.*, 280 F.R.D. 247, 252-53 (E.D. Va. 2012) (party did not meet its burden to show that the privilege applied where, among other things, it did not "establish[] that the listed individuals [on its privilege log] [we]re employees or that they needed to know the information communicated").

Similarly, as previously described, Entry #1231 is an email chain initiated at the direction of counsel for the purpose of obtaining information necessary for the provision of legal advice regarding privacy issues.  This document was distributed to a single internal mailing list used to communicate with Google's ████████████████ng team, members of whom had the information sought by counsel.  Plaintiffs provide no basis for their claim that this document is not privileged.

Entry #1262 is an email chain that contains direct requests for legal advice from Google attorneys and the advice provided in response to those requests.  That advice relates to privacy issues and was distributed to groups of Google employees, including those in Google's advertising group and those responsible for particular advertising partnerships, who needed to know about the advice given their roles in implementing privacy protections on Google's advertising platform. Plaintiffs' incorrect assumption that attorneys were merely copied on this document only demonstrates the speculative and unsupported nature of their challenges to Google's privilege logs. Plaintiffs' authority is not to the contrary.  *In re Chase Bank USA, N.A. "Check Loan" Contract Litig.*, 2011 WL 3268091, at *4 (N.D. Cal. Jul. 28, 2011) (noting that merely "adding an attorney as a recipient" was insufficient to establish the privilege but "a forward of legal advice rendered by an attorney" was privileged); *Engurasoff v. Zayo Grp. LLC*, 2015 WL 335793, at *2 (N.D. Cal. Jan. 23, 2015) (recognizing that "[t]he mere fact that a document includes multiple recipients or CC recipients does not mean that the privilege cannot attach").

Entry #285 likewise contains a direct request for legal advice regarding privacy issues to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 11 -

GOOGLE'S RESPONSE TO
PLS' MOTION TO COMPEL
CASE NO. 4:21-CV-02155-YGR-VKD

counsel ▇▇▇ and further reflects legal advice received from ▇▇▇ regarding those same issues. This advice was circulated to a group of non-attorney employees who needed to know about that legal advice given their roles in implementing privacy protections on Google's platform. Again, the fact that ▇▇▇ provided legal advice to multiple non-attorney employees does not waive the privilege. And Plaintiffs are simply incorrect that "there is no indication that ▇▇▇ . . . provided legal advice in this communication." (Mot. at 16.)

All four of these entries contain legal advice or requests that were maintained in confidence and circulated only to those employees who had a need to know. Plaintiffs' baseless speculation is insufficient to overcome Google's assertion of the privilege as to these documents, and their challenge should be rejected.

### III. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion to compel production of the ten documents identified in their Motion and reject their requests for additional relief.

Dated: January 6, 2023               COOLEY LLP

                                     By: /s/ Whitty Somvichian
                                         Whitty Somvichian

                                     Attorney for Defendant
                                     GOOGLE LLC

279868303

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 12 -

GOOGLE'S RESPONSE TO
PLS' MOTION TO COMPEL
CASE NO. 4:21-CV-02155-YGR-VKD