COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
LAURA M. ELLIOTT (SBN 286702)
(lelliott@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:     +1 415 693 2000
Facsimile:     +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:     +1 202 842 7800
Facsimile:     +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br><br>This Document Relates to:  *all actions*, | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE LLC'S ADMIN
MOTION TO FILE UNDER SEAL
CASE NO. 4:21-cv-02155-YGR-VKD

## I.    INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5, Defendant Google LLC ("Google") respectfully submits this Administrative Motion ("Google's Motion") to consider whether portions of Google's Opposition to Plaintiffs' Motion to Compel Google to Produce Improperly Withheld Documents ("Google's Opposition") should remain under seal.

The portions of Google's Opposition listed below reflect summaries and descriptions of privileged attorney-client communications and attorney work product. As set forth in the accompanying Declaration of Laura M. Elliott in Support of the Sealing Motion ("Elliott Sealing Declaration"), Google confirms the confidentiality of these items. Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below:

| Document | Portions to be filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Google LLC's Opposition to Plaintiffs' Motion to Compel Google to Produce Improperly Withheld Documents | Portions highlighted at: pages 4, 8-12 | Google |

## II.    LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (i.e., is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case[.]" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824-BLF, 2018 WL 4561773, at *1

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

GOOGLE LLC'S ADMIN
MOTION TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

(N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

A discovery motion is a non-dispositive motion, and thus the good cause standard applies here. *See, e.g.*, *Pieterson v. Wells Fargo Bank, N.A.*, (No. 17-cv-02306-EDL, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("Because the sealing requests were made in conjunction with a nondispositive discovery motion, a showing under the good cause standard will suffice."); *Calhoun v. Google*, Case No. 20-cv-05146, ECF No. 327 at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case"); *id.* at ECF No. 386 (sealing hearing transcripts related to discovery dispute under "good cause" standard.").

### III.    GOOD CAUSE WARRANTS SEALING OF PORTIONS OF GOOGLE'S OPPOSITION.

Google respectfully asks this Court to seal portions of Google's Opposition to Plaintiffs' Motion to Compel which contain descriptions and summaries of confidential communications. Under the good cause standard, Google's sealing request should be granted.

As an initial matter, the proposed redactions to Google's Opposition are narrowly tailored to encompass only the specific portions that qualify as confidential information and therefore do not "unduly limit[] public access." *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST-NC, 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

Good cause exists to support Google's narrow sealing requests. ***First***, portions of Google's Opposition contain descriptions and summaries of confidential communications and work product from Google in-house counsel providing legal advice. (Elliott Sealing Decl. ¶ 4.)  Recently, in the related *Calhoun, et al. v. Google LLC* matter, the court found that such descriptions and summaries warranted sealing. *Calhoun, et al. v. Google LLC*, No. 4:20-cv-05146-YGR-SVK (N.D. Cal.), ECF No. 615 (sealing portions of the Joint Submission re Clawback Dispute).  The same outcome should follow here. ***Second***, the information that Google seeks to seal is part of an underlying discovery dispute that does not involve the merits of the case, so Google's request does not unduly limit the public's access to information.  Indeed, these descriptions and summaries are only intended to assist

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE LLC'S ADMIN
MOTION TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

the Court's *in camera* review, which will by definition be outside of public view.  (Elliott Sealing Decl. ¶ 4.)  Moreover, similar descriptions and summaries of content are already the subject of a pending sealing request in this case related to disputes about Google's privilege assertions. (*See* ECF No. 394.)  **Third**, portions of Google's opposition include personally identifiable information, including the names of in-house counsel that may subject them to harassment from the public. (Elliott Sealing Decl. ¶ 5.)  Personally identifiable information, such as names of employees that have little to no relevance in the case, is often sealed by Northern District courts.  *See e.g. Stiner v. Brookdale Senior Living, Inc.*, No. 17-CV-03962-HSG, 2022 WL 1180216, at *2 (N.D. Cal. Mar. 30, 2022) (sealing email addresses, telephone numbers, and names of employees, residents, and/or individuals affiliated with third-party entities) (citing *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021);  *Am. Automobile Ass'n of N. Cal., Nev., & Utah*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019);  *Benedict v. Hewlett-Packard Co.*, 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014)).

## IV.    CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court seal the aforementioned portions of Google's Opposition.

Dated: January 6, 2023                    COOLEY LLP


By: */s/Whitty Somvichian*
Whitty Somvichian

Attorney for Defendant
GOOGLE LLC

280192476

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE LLC'S ADMIN
MOTION TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD