1  Elizabeth C. Pritzker (Cal. Bar No. 146267)
   Jonathan K. Levine (Cal. Bar No. 220289)
2  Bethany Caracuzzo (Cal. Bar No. 190687)
3  **PRITZKER LEVINE LLP**
   1900 Powell Street, Suite 450
4  Emeryville, CA 94608
   Tel.: (415) 692-0772
5  Fax: (415) 366-6110
   *ecp@pritzkerlevine.com*
6  *jkl@pritzkerlevine.com*
   *bc@pritzkerlevine.com*
7

8  *Interim Class Counsel*

9  [Additional Counsel Appear on Signature Page]

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* | **CASE NO. 4:21-CV-02155-YGR-VKD** |
|---|---|
| *This document applies to all actions.* | **PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE NOTICED DISCOVERY MOTION PERTAINING TO BERNTSON AND BELOV DISCOVERY DISPUTES**<br><br>Judge: Hon. Virginia K. DeMarchi |

# I. INTRODUCTION

Pursuant to Civil Local Rule 7-11 pertaining to motions for administrative relief and the Hon. Virginia K. DeMarchi's Standing Order for Civil Cases, plaintiffs respectfully seek leave to file a noticed motion under Civil Local Rule 7-2 concerning five related discovery disputes arising from plaintiffs' recent depositions of Google employees Glenn Berntson and Stan Belov.

Good cause exists for permitting plaintiffs to file a regularly noticed discovery motion, which defendant Google will have the opportunity to respond to, in lieu of requiring the parties to follow the Court's joint discovery dispute letter procedure. In light of the fact that there are five separate, but related disputes arising from the December 2022 depositions of Messrs. Berntson and Belov, plaintiffs believe it would be most efficient for the Court and the parties to brief all these issues in a single motion, with those deposition exhibits and transcript excerpts that are key to understanding the disputes at issue attached. This is precisely the circumstance in which the Court, at a prior discovery conference, posited that a regularly-briefed motion, supported by evidence, may be appropriate. *See* June 7, 2022 Hearing Tr. at 19 (ECF No. 232). Briefing these disputes through the discovery dispute letter process would require the parties to submit multiple letters, which would unnecessarily burden the Court and create inefficiencies in briefing, argument, and disposition. It would also prejudice plaintiffs because it would prevent them from being able to fully put before the Court the evidentiary basis for the relief sought, as well as the evidence necessary for the Court to understand and efficiently rule on the issues presented. *See* Declaration of Jonathan K. Levine ("Levine Decl.") filed herewith.

# II. RELEVANT BACKGROUND

Plaintiffs deposed Glenn Berntson on December 8, 2022, and Stan Belov on December 13, 2022. Levine Decl., ¶ 2. Both depositions were held open by plaintiffs due to a number of discovery issues that arose during those depositions. *Id*. On December 23, 2022, plaintiffs sent Google a letter identifying numerous discovery deficiencies revealed during those depositions and requesting a meet and confer on these issues by early January. Levine Decl., ¶ 3. Plaintiffs received no response by January 10, 2023, and followed up with Google. *Id.* at ¶ 4. In its letter response later that day, Google refused to conduct any further searches for areas of discovery plaintiffs believed to be

missing, and refused to produce broad swaths of documents and data that plaintiffs determined to be missing from these custodial productions (attempting, in some instances, to improperly shift the burden to plaintiffs to more specifically identify documents and data clearly relevant to plaintiffs' case, rather than address plaintiffs' concerns with Google's search and production failures). *Id.* Google also refused to make Messrs. Berntson and Belov available for further examination. *Id.*

On January 11, 2023, after reviewing Google's letter, plaintiffs advised Google that it was clear that the parties were at an impasse. *Id.* at ¶ 5. Plaintiffs asked Google to stipulate to seeking leave of Court to file a regularly noticed motion to brief the Court on the parties' disputes in one motion. *Id.* Google refused to so stipulate. *Id.*

**III.   ARGUMENT**

The depositions of Messrs. Berntson and Belov revealed large and troubling gaps in Google's document search and production in this matter. Levine. Decl., ¶ 2. There are at least four disputes concerning the scope of Google's search and document production—all of which plaintiffs first identified from the testimony of Messrs. Berntson and Belov last month. *Id.* at ¶ 6. These include disputes as to (i) whether Google has produced documents and data as they are maintained in the ordinary course of business, (ii) whether Google has searched for and produced documents and data from dashboards and source code change logs clearly relevant to RTB and its evolution over time, (iii) whether Google has an obligation to search for and produce documents responsive to plaintiffs' discovery requests that are hyperlinked in documents already produced and necessary to understand those documents, and (iv) whether Google is obligated to search for and produce documents for the entire scope of the relevant time period. *Id.* These disputes were previewed in plaintiffs' briefing in support of their motion to revise the case schedule. *See* Reply Declaration of Elizabeth C. Pritzker in Further Support of Plaintiffs' Motion to Revise Case Schedule ("Pritzker Reply Decl.") (ECF No. 386-4) at ¶¶ 4-11 (submitted under seal).

Plaintiffs also anticipate raising a fifth and related issue in a noticed motion: Google's incomplete search and production prevented plaintiffs from obtaining key information from Messrs. Berntson and Belov during their depositions. Levine Decl. at ¶ 8. Plaintiffs believe that Messrs. Berntson and Belov are likely the two Google employees most involved with and knowledgeable

2                                    Case No. 4:21-cv-02155-YGR-VKD
PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE NOTICED DISCOVERY MOTION

about RTB during the relevant time period. *See* Pritzker Reply Decl. at ¶¶ 2-3 (submitted under seal). Therefore, as plaintiffs would fully explain in a motion, it is essential that plaintiffs be afforded another opportunity to depose these witnesses, informed by the crucial documents that Google has yet to search for and produce.[1] Levine Decl. at ¶ 8. It is also essential that plaintiffs obtain these documents as soon as possible in order to effectively depose other Google witnesses. *Id.*

It is critical to the ongoing development of plaintiffs' case theories and their preparation for class certification and trial that Google be compelled to conduct a proper search in accordance with its discovery obligations under the Federal and Local Rules, and then promptly produce the missing information and documents—which Google refused to do in its letter of January 10, 2023. Levine Decl. at ¶¶ 4, 7. The parties are at an impasse, and with further case deadlines again fast approaching, there is not time for plaintiffs to engage in more protracted and unproductive discovery negotiations with Google on these issues. *Id.* at ¶ 7.

All the above disputes are distinct—yet interrelated. Levine Decl. at ¶¶ 6, 8. Good cause exists here because plaintiffs do not believe they can explain their position on these numerous related issues in 1,500 words or fewer in accordance with the Court's joint discovery dispute letter procedure. *Id.* at ¶ 9. The vehicle of a noticed motion will allow plaintiffs to fully explain to the Court the importance of each category of missing information and how these categories relate to each other, and allow plaintiffs to attach essential, relevant deposition testimony and exhibits (with the same testimony and exhibits potentially pertaining to multiple disputes) that are necessary for the Court to be able to understand and rule on the various disputes. *Id*. Google will have equal opportunity to respond to plaintiffs' arguments and explain its own positions, supported by any evidence it wishes to include. For these same reasons, plaintiffs believe that permitting plaintiffs to file a single noticed discovery motion would be more efficient for the Court and the parties than filing seriatim multiple joint discovery dispute letters. *Id.*

---

[1] Even without the document search and production issues, given the importance of these two witnesses to the case and the volume of documents already produced for both witnesses, plaintiffs still will need additional time with each witness because the presumptive seven-hour limit under Fed. R. Civ. P. 30(d)(1) was not sufficient to fairly examine either witness.

## IV. CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully believe that good cause exists for the Court to grant plaintiffs' request to file a noticed discovery motion. A proposed order is submitted herewith.

DATED: January 17, 2023

Respectfully submitted,

**PRITZKER LEVINE LLP**

By: *Jonathan K. Levine*

Elizabeth C. Pritzker (Cal. Bar No.146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
1900 Powell Street, Ste. 450
Oakland, CA 94602
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Anne K. Davis (Cal. Bar No. 267909)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*adavis@bfalaw.com*
*jsamra@bfalaw.com*

**SIMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 E. 42nd Street, Suite 2400
Tel.: (212) 784-6400
Fax: (212) 213-5949
New York, NY 10165
Tel: (646) 993-1000
*dstraite@dicellolevitt.com*

**COTCHETT PITRE & MCCARTHY, LLP**
Nancy E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal Bar. No. 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road
Burlingame, CA 94010
Tel.: (650) 697-6000
*nnishimura@cpmlegal.com*
*bdanitz@cpmlegal.com*
*kswope@cpmlegal.com*

**BOTTINI & BOTTINI INC.**
Frances A. Bottini, Jr. (Cal. Bar No. 175783)
Yuri A. Kolesnikov (Cal. Bar. No. 271173)
7817 Ivanhoe Ave., Ste. 102
LA Jolla, CA 92037
Tel.: (848) 914-2001
*fbottini@bottinilaw.com*
*ykolesnikov@bottinilaw.com*

*Plaintiffs' Executive Committee*