Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* | **CASE NO. 4:21-CV-02155-YGR** |
| *This document applies to all actions.* | **DECLARATION OF JONATHAN K. LEVINE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE NOTICED DISCOVERY MOTION**<br><br>Judge: Hon. Virginia K. DeMarchi |

I, Jonathan K. Levine, declare and state as follows:

1. I am an attorney duly admitted to practice before this Court and a partner of Pritzker Levine LLP, one of law firms representing plaintiffs in this matter. On August 3, 2021, my partner Elizabeth C. Pritzker was appointed to serve as Interim Class Counsel for plaintiffs. ECF No. 77. I submit this declaration in support of plaintiffs' administrative motion under Civil Local Rule 7-11 and Virginia K. DeMarchi's Standing Order for Civil Cases seeking leave to file a noticed motion pursuant to Civil Local Rule 7-2 concerning discovery disputes arising from plaintiffs' depositions of Google employees Glenn Berntson and Stan Belov. I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

2. On December 8 and 13, 2022, plaintiffs completed the first days of the depositions of Google employees Glenn Berntson and Stan Belov, respectively. The testimony of the witnesses at these depositions revealed large and troubling gaps in Google's search for responsive documents and subsequent document productions. As a result, both depositions were held open by plaintiffs at the end of the day.

3. On December 23, 2022, plaintiffs sent Google a letter that identified numerous discovery deficiencies revealed during the Berntson and Belov depositions. The December 23 letter requested that Google's counsel make themselves available to meet and confer on those deficiencies by early January.

4. Plaintiffs followed up with Google by email on January 10, 2023 after receiving no response to the December 23 letter. Later that day, Google sent plaintiffs a letter in which it refused to either search for or produce any of the missing information and documents. In some instances, Google attempted to shift the burden to plaintiffs to more specifically identify the requested documents on a case-by-case basis; however, the documents at issue have already been clearly identified by plaintiffs, are plainly relevant to plaintiffs' case, and, in most instances, should have already been searched for and produced by Google in the first instance. Google also refused to make Messrs. Berntson and Belov available for further examination.

5. On January 11, 2023, plaintiffs emailed Google's counsel to advise them that, after reviewing Google's letter, the parties were at an impasse. In light of the numerous related issues to

Case No. 4:21-cv-02155-YGR-VKD
LEVINE DECL. ISO PLAINTIFFS' ADMIN. MOTION TO FILE NOTICED DISCOVERY MOTION

be resolved and the need for interrelated evidence to be submitted in order to understand and rule on these issues, plaintiffs asked Google to stipulate to seeking leave of Court for plaintiffs to file a regularly noticed motion to brief the Court on the parties' disputes in one motion. On January 12, 2023, Google's counsel confirmed that Google refused to so stipulate.

6. There are at least four disputes concerning the scope of Google's search and document production—all of which plaintiffs first identified from the testimony of Messrs. Berntson and Belov last month. These include disputes as to (i) whether Google has produced documents and data as they are maintained in the ordinary course of business, (ii) whether Google has searched for and produced documents and data from dashboards and source code change logs clearly relevant to RTB and its evolution over time, (iii) whether Google has an obligation to search for and produce documents responsive to plaintiffs' discovery requests that are hyperlinked in documents already produced and necessary to understand those documents, and (iv) whether Google is obligated to search for and produce documents for the entire scope of the relevant time period.

7. The documents that Google has refused to search for and produce are critical to the ongoing development of plaintiffs' case theories and their preparation for class certification and trial, including the analyses being performed by plaintiffs' experts. Plaintiffs need to resolve the disputes arising from the Berntson and Belov depositions as soon as possible, and thus cannot engage in further, unproductive back-and-forth exchanges of letters, prolonged meet and confer efforts with Google, and then seriatim briefing of multiple letter briefs when the discussions with Google resolve nothing, which is now always the case.

8. The parties also have a fifth related dispute as to whether Google's incomplete search and production prevented plaintiffs from obtaining key information from Messrs. Berntson and Belov during their depositions, thus warranting a second deposition of those witnesses. Obtaining the documents plaintiffs have requested from Google is also essential to plaintiffs' ability to effectively depose other Google witnesses.

9. Plaintiffs seek leave to submit a noticed discovery motion in accordance with Civil Local Rule 7-2 because they do not believe they can explain their position on these issues in 1,500 words or fewer in accordance with the Court's joint discovery dispute letter procedure. In a noticed

motion, plaintiffs will have the opportunity to fully explain to the Court the importance of each category of missing information and how these categories relate to each other, and to fully attach essential relevant deposition testimony and exhibits (with the same testimony and exhibits potentially pertaining to multiple disputes) that is necessary for the Court to understand and rule on the issues presented. Google will also have the opportunity to respond to plaintiffs' arguments and explain its own positions, supported by any evidence it wishes to include. Due to the interrelated nature and complexity of the issues at stake, plaintiffs believe that permitting plaintiffs to file a noticed discovery motion would be more efficient for the Court and the parties than filing multiple joint discovery dispute letters

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct to the best of my knowledge. This declaration was executed in Emeryville, California on the 17th day of January, 2023.

By: */s/ Jonathan K. Levine*