January 17, 2023

Magistrate Virginia K. DeMarchi
Courtroom 2 – 5th Floor
San Jose Courthouse
280 South 1st Street
San Jose, CA 95113

    Re:  ***In re Google RTB Consumer Privacy Litigation***, No. 4:21-cv-02155-YGR-VKD
        Joint Discovery Dispute – Google's December 5, 2022 Clawback of Documents

Dear Magistrate Judge DeMarchi:

  Plaintiffs and Defendant Google LLC ("Google") (together, the "Parties") submit this joint letter brief to address a dispute between the Parties as to Google's clawback of four documents on the basis of attorney-client privilege and work product protection claims. Having exchanged several letters and met and conferred, including most recently on December 20, 2022, the Parties have reached an impasse as outlined below.

  Attached as Exhibit A is Google's Clawback Privilege Log. In compliance with the Order regarding 502(d) (Dkt. 285), Plaintiffs briefed this dispute without reference to the clawed-back portions of the at issue documents. Those documents are attached hereto in redacted form as Exhibits B, C, and D.

**I.  PLAINTIFFS' POSITION**

  This letter concerns four documents clawed-back by Google. As has been the case with the thousands of other documents Google withholds from production, Google asserts over-broad claims of privilege and work product protection over these documents despite their focus on routine business operations.

  Google served its Clawback Notice on December 5, 2022 and provided a privilege log four days later. Google's log includes the following descriptions:

| Entry # | Bates Number | Privilege Description |
|---|---|---|
| 10495 | GOOG-HEWT-00105248 | Presentation containing and reflecting legal advice of William Malcolm* regarding regulatory issues prepared in connection with regulatory investigation. |
| 10494 | GOOG-HEWT-00130534 | Memorandum reflecting legal advice of product counsel regarding policy compliance. |
| 9373; 9741 | GOOG-HEWT-00136858; GOOG-HEWT-00370004 | Notes seeking and reflecting legal advice of Uchechi Chima-okereke* regarding privacy issues. |

  Plaintiffs promptly challenged Google's claims of privilege and work product protection over these documents and have diligently sought from Google the information necessary to evaluate its claims of privilege, including specific information about the subject matter involved,

January 17, 2023
Page 2

the employees that had access to the documents, and the identity of the attorneys involved. Google refused to amend any of its privilege designations and failed to provide sufficiently detailed information.

Google, as the party asserting the privilege, bears the burden of establishing privilege and protection. *Weil v. Investment/Indicators Research & Mgmt.*, 647 F.2d 18, 24–25 (9th Cir. 1981). Because Google has failed to meet this burden and because the documents concern business operations, not legal advice, the clawed-back documents should be produced. In the alternative, Plaintiffs seek *in camera* review of these documents given Plaintiffs' reasonable challenges to Google's claims of privilege and protection, as detailed below. *In re Grand Jury Subpoena*, 31 F.3d 826, 830 (9th Cir. 1994).

A.   Argument

**Entry #10495 (GOOG-HEWT-00105248):** Google seeks to withhold this document in its entirety on the basis of attorney-client privilege and work product protection. As an initial matter, by failing to timely issue a Clawback Notice for this document, Google has waived any privilege over it. Plaintiffs cited to and relied on this document in the Joint Letter Brief regarding Named Plaintiffs' Log Data, filed on November 21, 2022. Dkt. No. 367 at 1. Under §4(B) of the Court's 502(d) Order, "[i]f a receiving party uses discovery materials in a brief . . . the producing party shall serve a Clawback Notice *within seven business days of the briefing event*." Dkt. 285 at 4 (emphasis added). Google thus, had until December 2, 2022, to issue its Clawback Notice, but it did not do so until December 5, 2022. By failing to timely serve a Clawback Notice, Google has waived its privilege claim. *See Brown v. Google LLC*, 2022 WL 12039375, at *5 (N.D. Cal. Oct. 20, 2022) (finding Google's failure to "swift[ly]" clawback a document cited in plaintiffs' brief resulted in waiver).

Google argues that the 502(d) Order does not apply because in the joint filing, Plaintiffs only cited to a specific page of the document and paraphrased its content. But Plaintiffs' citation to and paraphrasing of this document constitutes "use" of it. Google also argues that the 502(d) Order does not apply because it states that the mere production of documents is not itself a waiver, consistent with the "maximum protection allowed by [FRE] 502(d)." Dkt. 285 at 1. However, the 502(d) Order further states that "unless expressly provided for herein, [FRE] 502(b) *shall not* apply to any disputes regarding Privileged Documents." *Id.* (emphasis added). Accordingly, the Order controls procedures for clawing-back a document cited in a court filing. Even under Fed. R. Evid. 502(d), however, Google should be found to have waived its privilege because Plaintiffs' reference to the document was sufficient to "put Google on notice or at least inquire promptly about whether such a reference, in fact, reflected advice of counsel." *AdTrader, Inc. v. Google LLC*, 405 F. Supp. 3d 862, 864 (N.D. Cal. 2019) (holding that Google waived privilege by failing to take action after plaintiff relied on the document in various court filings).

Regardless, Google's claim of privilege fails because it has not established that the "primary purpose" of the document relates to the provision of legal advice. Google's "conclusory assertion that these redactions relate to . . . regulatory issues" and regulatory compliance is insufficient to establish privilege. *United States v. Rite Aid Corp.*, 2021 WL 1196250, at *7 (E.D. Cal. Mar. 30, 2021). Nor is Google's description sufficient to establish a claim of work product protection because it has not identified "the type of governmental investigation at issue or the type

of proceeding that might follow." *See LD v. United Behavioral Health*, 2022 WL 4878726, at *11 (N.D. Cal. Oct. 3, 2022). And where the document relates to Google's business operations, the content pertaining to these operations is not privileged. *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 873 (N.D. Cal. 2019). Further, Google has not shown that the privileged portions of the document (if any) are "so inextricably intertwined with the rest of the text that they cannot be separated." *United States v. Christensen*, 828 F.3d 763, 803 (9th Cir. 2015).

**Entry #10494 (GOOG-HEWT-00130534):** Google has clawed-back comments made in this document by unidentified individuals on the basis of attorney-client privilege.

Google has not established a privilege claim for the redacted portions of this document because it has not made a "clear showing" that the primary purpose of the communication was for obtaining or providing "legal advice" from "a legal advisor in his capacity as such." *Oracle Am., Inc. v. Google, Inc.*, 2011 WL 3794892, at *3 (N.D. Cal. Aug. 26, 2011) (finding Google's reference to in-house counsel insufficient to establish privilege). First, Google produced this document without information identifying Google personnel contributing comments to the document. This is not how documents appear in the ordinary course at Google (as witness Stan Belov's testimony confirms, *see* Dkt. 387-6, at 81:14–19). Google should have produced this document including the identity of the commentors. That Google has stripped the identity of commentors and not identified any attorney involved in the communications supports a finding that the document does not relate to legal advice. *Baxter Healthcare Corp. v. Fresenius Med. Care Holding, Inc.*, 2008 WL 5214330, at *3 (N.D. Cal. Dec. 12, 2008).

Further, the unredacted portions of the document show that the document relates to product planning around Non-personalized Ads (NPA), which is "a way of serving ads without Google using personalized targeting or sharing user data with 3rd parties." GOOG-HEWT-00130534.C. The document also concerns design questions about how to determine whether privacy regulations may apply. *E.g.*, *id.* at -00130541.001.C. Comments concerning design and implementation relate to business, not legal, advice and are not privileged. *Compare Dolby*, 402 F. Supp. 3d at 873 ("[I]n-house counsel's business advice is not protected by attorney-client privilege."); *with Stely v. Gilead Scis. Inc.*, 2021 WL 4318403 (N.D. Cal. July 16, 2021) (finding statements reflecting "legal analysis" was properly privileged). Google thus, has not met its burden of showing that the redacted communications are privileged.

**Entries #9373 (GOOG-HEWT-00136858) and #9741 (GOOG-HEWT-00370004):** Google clawed-back portions of these documents reflecting notes from Google's Ads Manager Steering Committee on the basis of attorney-client privilege.[1] In most instances, Google redacted the identity of the person to which the note is attributed, as well as content. Moreover, the material surrounding the redactions concern product design and planning—suggesting that the redacted content also contains factual information, not "legal advice." *Dolby*, 402 F. Supp. 3d at 873. Google, for instance, redacts notes concerning "[p]rivacy by design" and plans for redacting information in certain buyside bid requests. GOOG-HEWT-00370004.C at -00370005.C, -00370043.C. Google has not established that the primary purpose of these meeting notes are for generating legal advice.

---

[1] The documents are near-duplicates and Google has redacted the same content in both.

Plaintiffs are not, as Google contends, estopped from challenging the sufficiency of Google's privilege claims over these documents just because they had not challenged Google's claims in connection with other lesser-redacted versions produced. Rather than seeking a reversal of their prior position as in *Humetrix*, here, Plaintiffs have always maintained that Google's privilege logs do "not provide[] sufficient detail to assess [Google's] privilege claims." July 12, 2022 email from J. Samra to L. Elliot. Further, Plaintiffs' September 2022 response to Google's privilege claims over lesser-redacted versions did not waive their right to challenge material that Google had not even designated as privileged until December 2022.

**Google's procedural argument fails:** Plaintiffs' challenges to Google's Clawback Notice are brought pursuant to the procedure set out in §3(b) of the 502(d) Order. Dkt. 285 at 2–3. Contrary to Google's argument, the Privilege Order did not suspend these procedures, nor did it indicate that the 502(d) Order no longer controls disputes over Clawback Notices.

Given Google's failure to show that the clawed-back documents relate to legal advice and its failure to timely claw back Entry #10495 (GOOG-HEWT-00105248), Plaintiffs request that the Court order Google to produce these documents. In the alternative, Plaintiffs seek *in camera* review of the documents at issue here.

## II. GOOGLE'S POSITION

Plaintiffs' challenges to Google's clawbacks are meritless and should be rejected. Plaintiffs attempt to circumvent the procedure established by this Court's November 17, 2022 Order (ECF No. 360, the "Privilege Log Order") regarding Google's privilege logs, impermissibly reverse course on two entries, and otherwise contravene well-settled law supporting Google's privilege claims.

***Improper Procedure***.  The Privilege Log Order established a multi-step procedure for evaluating Plaintiffs' privilege log challenges, which Plaintiffs now attempt to avoid.  The first step of that procedure was Google's provision of additional information for the 18 entries identified in the parties' October 21, 2022 joint letter brief.  (ECF No. 360 at 8.)  Google provided this additional information on December 1, 2022, and Plaintiffs took the next step on December 23, 2022 by moving to compel production of 10 of the 18 documents.  Google opposed this Motion on January 6, 2022 and submitted the challenged documents for *in camera* review.  The Court will now decide Plaintiffs' motion and "consider whether any further proceedings are necessary to address any remaining disputes regarding Google's privilege assertions." (*Id*. at 9.)  Plaintiffs' attempt to circumvent this procedure by filing yet another motion reiterating the same general challenges to Google's privilege logs they previously raised is improper and should be rejected without further consideration.

***Entry #10495 (GOOG-HEWT-00105248).***  Plaintiffs' contention that Google waived privilege over Entry #10495 is meritless.  Plaintiffs assert their citation to a single page in Entry #10495 in their section of the joint letter brief filed on November 21, 2022, (ECF No. 367 at 1), required Google to claw back the document 1 business day earlier.  But, Plaintiffs' generic characterization of a single page from Entry #10495 to support their discovery motion without quoting the document's contents did not constitute "use" of that document such that Google would have been alerted to the document's privileged nature. Regardless, the Rule 502(d) Order expressly

January 17, 2023
Page 5

states that it provides "the maximum protections allowed by Federal Rule of Evidence 502(d) with regard to Privileged Documents" and does not indicate that a failure to claw back a document within the specified time period results in waiver. (ECF No. 285 at 1, 4.) Under applicable Ninth Circuit law, whether a waiver occurred turns on the totality of the circumstances of the disclosure. *See U.S. ex. rel. Bagley v. TRW, Inc.*, 204 F.R.D. 170, 176-77 (C.D. Cal. Oct. 25, 2001). Here, Plaintiffs point to no circumstances other than the timing of Google's clawback to support their claim that Google has waived the privilege. Google corrected its disclosure of Entry #10495 only ten business days after Plaintiffs' citation to the document in their brief. This timing is not unreasonable and is certainly not sufficient to justify waiver. *See Mauna Kea Resort, LLC v. Affiliated FM Ins. Co.*, 2009 WL 10677201, at *5 (D. Haw. June 24, 2009) (provision of a detailed response to letter describing inadvertent production of documents within 21 days was reasonable). Plaintiffs' cases do not hold otherwise. *See Brown v. Google LLC*, 2022 WL 12039375, at *5 (N.D. Cal. Oct. 20, 2022) (finding waiver where Google "did not react at all" to the use of a privileged document in a brief "and used the document itself in Court filings"); *AdTrader, Inc. v. Google LLC*, 405 F. Supp. 3d 862, 864 (N.D. Cal. 2019) (finding waiver where "AdTrader relied on and quoted from the disputed portion of [a privileged] email in four filings" and "Google took no action with respect to [the] email at that time or during the following five months").

Plaintiffs also complain that Google's description of Entry #10495 is insufficiently detailed. This argument is contrary to Ninth Circuit law and has already been rejected by this Court, which noted that Plaintiffs' demand for more detailed descriptions of withheld documents appears to be "calculated to help them assess whether the contents of a withheld document might be important for the merits of the case," rather than to evaluate privilege. *Trejo v. Macy's, Inc.*, 2014 WL 1091000, at *2 (N.D. Cal. Mar. 17, 2014) (privilege log "goes beyond [Ninth Circuit] standards if it also provides information on the subject matter of each document"); *Klein v. Facebook*, Inc., 2021 U.S. Dist. LEXIS 175891, at *11-12 (N.D. Cal. Sep. 15, 2021) (privilege logs need only include "a 'category description' (e.g., 'advice re FTC investigation') and not "a more detailed description of the document or the factual basis for the assertion of a privilege or protection . . . ."); ECF No. 360 at 7.

Plaintiffs' cases are inapposite. *See United States v. Rite Aid Corp.*, 2021 WL 1196250, at *7 (E.D. Cal. Mar. 30, 2021) (vague assertion that a document "relate[d] to legal and regulatory issues" without reference to legal advice or anticipated litigation were insufficient); *LD v. United Behavioral Health*, 2022 WL 4878726, at *11-12 (N.D. Cal. Oct. 3, 2022) (statement that a document related "to a 'confidential governmental investigation'" was insufficient to establish the work product protection where the withholding party described "numerous documents that were withheld in connection with requests for information by a regulatory agency" and where it was "not clear if these requests even rise to the level of 'investigations'").

***Entry #10494 (GOOG-HEWT-00130534.C).*** Plaintiffs speculate that the primary purpose of Entry #10494 was not to provide legal advice because the unredacted portions of the documents relate to business advice. But, it is well-settled that the attorney-client privilege applies "even where a business decision is implicated" if "an attorney gives a client legal advice on a business decision." *Staley v. Gilead Scis. In*c., 2021 U.S. Dist. LEXIS 132958, at *9–10 (N.D. Cal. Jul. 16, 2021) (emphasis in original). Plaintiffs' suggestion that documents containing discussion of business issues cannot also include legal advice is nonsensical. Moreover, the fact that the

January 17, 2023
Page 6

unredacted portions of the document reference business issues only demonstrates that Google narrowly tailored its redactions.

Plaintiffs also complain that Google has not identified the individual attorney involved in Entry #10494.[2] But, there is no requirement that Google must identify the individual attorney(s) involved in a privileged communication by name where that information is not readily available and the basis of the privilege is otherwise shown. *See* Fed. R. Civ. P. 26 Advisory Committee Note to 1980 Amendment (explaining that "[d]etails concerning … persons" are not required to demonstrate privilege in all cases). Here, the information Google provided confirms that the communication involves Google's "product counsel," and the omission of individual names does not undermine the adequacy of Google's showing of privilege as to this entry. *See In re Dealer Mgmt. Sys. Antitrust Litig.*, 2020 WL 7865915, at *8 (N.D. Ill. Mar. 30, 2020) ("[T]he Court is not inclined to say on a blanket basis that a document is or is not privileged because a party's privilege log does not identify an attorney by name but rather refers to 'in-house counsel' or 'legal department.'").

***Entries #9373 and #9741 (GOOG-HEWT-00136858.C and GOOG-HEWT-00370004).*** Plaintiffs assert that Google privilege log Entries # 9373 and #9741 are insufficient to allow Plaintiffs to assess Google's privilege claims. This position is directly contradicted by Plaintiffs' prior assertion that they were raising "no challenge" to those very same entries. Plaintiffs' reversal on this issue is precluded by the doctrine of judicial estoppel. *See Humetrix, Inc. v. Gemplus S.C.A.*, 268 F.3d 910, 917 (9th Cir. 2001) (the doctrine "prohibits a litigant from asserting inconsistent positions in the same litigation"). Entries #9373 and #9741 appeared in Google's July 8, 2022 privilege log with the *same* information Google provided in its December 9, 2022 clawback privilege log. In the parties' October 21, 2022 joint letter brief, Plaintiffs expressly took the position of "no challenge" to the sufficiency of these two entries. (*See* ECF No. 340-3 at 94, 281, 290.) Now, Plaintiffs assert that these same entries are insufficient to establish Google's privilege claims. Plaintiffs attempt to justify their change in position by pointing to Google's limited additional redactions. But the privilege log entries describing those documents—which Plaintiffs previously found to be sufficient—remain unchanged, and Plaintiffs have failed to explain how Google's further redactions render them inadequate.

To the extent the Court considers Plaintiffs' improper challenge, it should reject it. The sole basis for Plaintiffs' challenge to Entries #9373 and #9741 is their speculation that the redacted content "also contains factual information" because the unredacted portions of the documents relate to "business topics." As described above, Plaintiffs' position that documents discussing business topics cannot also contain legal advice is meritless.

For the above mentioned reasons, the Court should reject both Plaintiffs' demand for production and request for *in camera* review. *See In re Grand Jury Investigation*, 974 F.2d 1068, 1075 (9th Cir. 1992) (party seeking *in camera* review must show a "factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged").

---

[2] Contrary to Plaintiffs' claim, Google produced Entry #10494 with redactions and did not take any action to "strip[] the identity of commenters" from the document.

January 17, 2023
Page 7

### III. NECESSITY OF A HEARING

#### A. Plaintiffs' Position

Plaintiffs request a hearing given the sensitivity of the documents at issue and the likelihood that they concern issues central to the claims and defenses in this case.

#### B. Google's Position

Google does not believe a hearing on this dispute is necessary. The Court has previously considered many of Plaintiffs' challenges, (*compare* ECF No. 339, *with* ECF No. 360), and those challenges are again raised in Plaintiffs' pending motion to compel (ECF No. 392-3).

### IV. DISCOVERY CUT-OFFS

The fact discovery cut-off is November 10, 2023, and the close of expert discovery is currently February 9, 2024.

### V. COMPLIANCE WITH MEET AND CONFER REQUIREMENT

The Parties exchanged several letters regarding the issues discussed in this letter brief and met and conferred via Zoom. The Parties held a final meet and confer on December 20, 2022, via Zoom. On Plaintiffs' side, Jonathan Levine, David Straite, and Joshua Samra attended. On Google's side, Laura Elliot and Robby Saldaña attended.

Dated: January 17, 2023

PRITZKER LEVINE LLP

By: */s/ Elizabeth C. Pritzker*
ELIZABETH C. PRITZKER (SBN 146267)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com

*Interim Class Counsel*

Dated: January 17, 2023

BLEICHMAR FONTI & AULD LLP

By: */s/ Joshua D. Samra*
LESLEY E. WEAVER (SBN 191305)
JOSHUA D. SAMRA (SBN 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

January 17, 2023
Page 8

                        jsamra@bfalaw.com

Dated: January 17, 2023        SIMMONS HANLY CONROY LLC

By: */s/ Jay Barnes*
JASON 'JAY' BARNES (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com

Dated: January 17, 2023        DiCELLO LEVITT LLC

By: */s/ David A. Straite*
DAVID A. STRAITE (admitted *pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel.: (646) 933-1000
dstraite@dicellolevitt.com

Dated: January 17, 2023        COTCHETT, PITRE & McCARTHY LLP

By: */s/ Nanci E. Nishimura*
NANCI E. NISHIMURA (SBN 152621)
BRIAN DANITZ (SBN 247403)
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel.: (650) 697-6000
Fax: (650) 697-0577
nnishimura@cpmlegal.com
bdanitz@cpmlegal.com

Dated: January 17, 2023        BOTTINI & BOTTINI, INC.

By: */s/ Yury A. Kolesnikov*
FRANCIS A. BOTTINI, JR. (SBN 175783)
YURY A. KOLESNIKOV (SBN 271173)
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Tel.: (858) 914-2001
Fax: (858) 914-2002
fbottini@bottinilaw.com
ykolesnikov@bottinilaw.com

***Counsel for Plaintiffs and the Proposed Class***

Dated: January 17, 2023                COOLEY LLP

By: */s/ Jeffrey M. Gutkin*
Michael G. Rhodes
Jeffrey M. Gutkin
Whitty Somvichian
Aarti G. Reddy
Kyle C. Wong
Kelsey R. Spector
Anupam S. Dhillon
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Tel.: 415-693-2000
Fax: 415-693-2222
rhodesmg@cooley.com
jgutkin@cooley.com
kspector@cooley.com
adhillon@cooley.com
cscott@cooley.com

Robby L.R. Saldaña
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Tel.: 202-776-2109
Fax: 202-842-7899
rsaldana@cooley.com

Attorneys for Defendant
GOOGLE LLC

## **ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, Joshua D. Samra, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th of January, 2023, at San Francisco, California.

                                                                */s/ Joshua D. Samra*
                                                                 Joshua D. Samra