COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
LAURA M. ELLIOTT (SBN 286702)
(lelliott@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE LLC'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (ECF NO. 403)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO PLS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3), Google LLC ("Google") respectfully submits this Response to Plaintiffs' Administrative Motion ("Google's Response") to Consider Whether Another Party's Materials Should be Sealed (ECF No. 403) in connection with the Parties' Joint Letter Brief (the "Joint Letter Brief") (ECF No. 404.)

The cited portions of Exhibits A, B, C, and D to the Joint Letter Brief reflect confidential information of Google and its employees. As set forth below and in the accompanying Declaration of Laura M. Elliott ("Elliott Decl."), Google confirms the confidentiality of this information. Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below:

| Document | Text to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| Exhibit A to the Joint Letter Brief (ECF Nos. 404_1, 403_3) | Highlighted column ("E-Mail From/Author/Custodian" column) | Google |
| Exhibit B to the Joint Letter Brief (ECF Nos. 404_2, 403_4) | Entire document | Google |
| Exhibit C to the Joint Letter Brief (ECF Nos. 404_3, 403_5) | Entire document | Google |
| Exhibit D to the Joint Letter Brief (ECF No. 404_4, 403_6) | Entire document | Google |

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the information is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S RESPONSE TO PLS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

Briefing for a discovery motion is non-dispositive, and thus the good cause standard applies here. *See, e.g.*, *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-cv-02306-EDL, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("Because the sealing requests were made in conjunction with a nondispositive discovery motion, a showing under the good cause standard will suffice."); *Calhoun v. Google*, No. 20-cv-05146, ECF No. 327, at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case"). The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824-BLF, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)). Notably, under this standard, "[r]ecords attached to nondispositive motions are not subject to the strong presumption of access." *TVIIM, LLC v. McAfee, Inc.*, No. 13-cv-04545-HSG, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) (citation omitted).

### III. GOOD CAUSE WARRANTS SEALING A PORTION OF EXHIBIT A TO THE JOINT LETTER BRIEF

Google asks this Court to seal one column of Exhibit A to the Joint Letter Brief that contains the email addresses of Google employees. Under the good cause standard, Google's sealing request should be granted.

As an initial matter, the proposed redactions to Exhibit A to the Joint Letter Brief are narrowly tailored to encompass only the specific portion that qualifies as confidential information, and therefore do not "unduly limit[] public access." *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST-NC, 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

Good cause exists to warrant sealing the identified portions of Exhibit A to the Joint Letter Brief. Specifically, Exhibit A includes the email addresses of current and former Google employees. These individual employees are not parties to this action, and their names and contact information are not germane to the resolution of the parties' pending discovery dispute. Moreover, public disclosure of these employees' personal information could subject them to unsolicited

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S RESPONSE TO PLS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

contact from the public or harassment. Courts in this District routinely grant requests to seal this type of information to protect employees' privacy. *See, e.g.*, *Klein v. Meta Platforms, Inc.*, 2022 U.S. Dist. LEXIS 44076, at *12 (N.D. Cal. Mar. 11, 2022) (sealing "current and former employees' names, initials, and contact information to protect these employees' privacy interests"). The Court should do the same here. This Court has previously granted such requests, and should do so again here. *See In re Google RTB Consumer Privacy Litigation.*, ECF No. 361 (N.D. Cal. Nov. 17, 2022).

### IV.   GOOD CAUSE WARRANTS SEALING A PORTION OF EXHIBITS B, C, AND D TO THE JOINT LETTER BRIEF

Google asks the Court to seal Exhibits B, C, and D to the Joint Letter Brief. Some portions of these document contain Google's confidential, proprietary information. Additionally, some portions include the names of current and former Google employees who are not parties to the litigation. Pursuant to the good cause standard, Google's sealing request is warranted.

Good cause exists to support Google's narrow sealing request. ***First***, as explained in the Elliott Declaration, some portions of the Exhibits that Google seeks to seal contain confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly. (Elliott Decl. ¶ 3.) This information includes references to documents discussing Google's internal strategies and business practices for operating and maintaining its services. (*Id.* ¶ 3.) Google does not publicly disclose the above-referenced information, disclosure of which would result in competitive harm to Google. (*Id.* ¶¶ 3-6.) This information is akin to the type of "competitively sensitive information," such as "confidential research, development, or commercial information," that courts have found warrants sealing. *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information").

***Second***, certain portions of Exhibits B, C, and D refer to confidential project code names and technical details regarding these sensitive projects that Google maintains as confidential in the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S RESPONSE TO PLS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

ordinary course of its business and that are not generally known to the public or Google's competitors. (Elliott Decl. ¶¶ 3, 5.) Public disclosure of this information presents a serious risk of irreparable harm to Google, including cyber security risk. (*Id.*) For example, an individual interested in improperly accessing Google's systems could target particular proprietary documents and information for improper uses based on Google's confidential internal names for their systems as well as associated technical details. (*Id.*)

Additionally, this information, if made public, would allow individuals who, through legitimate or nefarious means, gain access to other documents or information that reference the same code names or internal systems, to deduce details about the projects to which the code names refer that they otherwise would not have understood were related. (*Id.* ¶ 5.) For example, if individuals know a code name for one of these projects, and then see that same name in an entirely different context, they will be uniquely positioned to piece together previously unconnectable facts about the system, gaining improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. (*Id.*)

In fact, this Court has already sealed the same code names that Google seeks to seal through the instant motion. *See, e.g., In re Google RTB Consumer Privacy Litig.*, No. 21-cv-02155, ECF No. 186 (N.D. Cal. April 29, 2022) (applying the good cause standard and sealing information about the same internal systems as are at issue here). This Court's prior order was consistent with rulings by other courts in this District that have similarly sealed references to internal project names and data systems. *See, e.g., Rodriguez v. Google LLC*, No. 20-cv-04688-RS, ECF No. 223 (N.D. Cal. Feb. 10, 2022) (noting that "Google's internal project names may be sealed"); *Uniloc United States of Am., Inc. v. Apple Inc.*, 2018 WL 2392561, at *7 (N.D. Cal. May 25, 2018) (sealing "specific references to portions of Apple's source code, including names of particular source code variables, functions, and files."); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012) (sealing "Apple's internal code names" for its projects).

**Fourth**, other portions of Exhibits B, C, and D include the names and titles of current and former Google employees. (Elliott Decl. ¶¶ 3, 5, 6.) As discussed above, good cause exists to seal this information.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S RESPONSE TO PLS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

## V. CONCLUSION

For the foregoing reasons, Google respectfully requests the Court seal the aforementioned portions of the Exhibits A, B, C, and D to the Joint Letter Brief.

Dated: January 19, 2023

COOLEY LLP

By: */s/ Laura M. Elliott*
Laura M. Elliott

Attorney for Defendant
GOOGLE LLC

280724027

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

GOOGLE'S RESPONSE TO PLS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD