COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
LAURA M. ELLIOTT (SBN 286702)
(lelliott@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3), Google LLC ("Google") respectfully submits this Response to Plaintiffs' Administrative Motion ("Google's Response") to Consider Whether Another Party's Materials Should Be Sealed (ECF No. 400), which was filed in connection with the Reply in Support of Plaintiffs' Motion to Compel Defendant Google to Produce Improperly Withheld Documents (ECF No. 401) ("Plaintiffs' Reply"), and the accompanying Supplemental Declaration of Joshua D. Samra (ECF No. 401-1) ("Samra Declaration) with the attached Exhibit H (ECF No. 401-2).

Portions of Plaintiffs' Reply and Exhibit H reflect confidential information. As set forth below and in the accompanying Declaration of Laura Elliott in support of Google's Response to the Sealing Motion ("Elliott Decl."), Google confirms the confidentiality of these documents. Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below:

| Document | Text to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| Reply In Support of Plaintiffs' Motion to Compel Defendant Google to Produce Improperly Withheld Documents | Portions highlighted at pages: 3-5, 9-13 | Google |
| Exhibit H to the Supplemental Declaration of Joshua D. Samra in support of Reply In Support of Plaintiffs' Motion to Compel Defendant Google to Produce Improperly Withheld Documents | Entirety | Google |

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the information is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

for motions "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

The briefing at issue here is for a non-dispositive discovery motion, and thus the good cause standard applies. *See, e.g.*, *Pieterson v. Wells Fargo Bank, N.A.*, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("Because the sealing requests were made in conjunction with a nondispositive discovery motion, a showing under the good cause standard will suffice."); *Calhoun v. Google*, No. 20-cv-05146, ECF No. 327, at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."). The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No., 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)). Notably, under this standard, "[r]ecords attached to nondispositive motions are not subject to the strong presumption of access." *TVIIM, LLC v. McAfee, Inc.*, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) (citation omitted).

### III. GOOD CAUSE WARRANTS SEALING PORTIONS OF PLAINTIFFS' REPLY AND EXHIBIT H TO THE ACCOMPANYING SAMRA DECLARATION.

Google asks this Court to seal portions of Plaintiffs' Reply and Exhibit H for multiple reasons. Some portions of the aforementioned documents contain Google's confidential, proprietary information. Other portions contain descriptions and summaries of privileged communications. Additionally, some portions include the names of current and former Google employees who are not parties to the litigation. Pursuant to the good cause standard, Google's sealing request is warranted.

As an initial matter, the proposed redactions are narrowly tailored to redact only the specific portions of Plaintiffs' Reply and Exhibit H that reflect confidential information, and thus do not "unduly limit[] public access." *ASUS Comput. Int'l v. Round Rock Res., LLC*, 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

Good cause exists to support Google's narrow sealing request. ***First***, as explained in the Elliott Declaration, some portions of Plaintiffs' Reply that Google seeks to seal contain confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly. (Elliott Decl. ¶ 6.) This information includes references to documents discussing Google's internal strategies and business practices for operating and maintaining its services while complying with its legal and privacy obligations. (*Id.* ¶ 7.) Similarly, Exhibit H contains highly sensitive information about internal strategies and business practices for dealing with RTB partners. (*Id.* ¶ 14.) Google does not publicly disclose the above-referenced information, disclosure of which would result in competitive harm to Google. (*Id.* ¶ 15.) This information is akin to the type of "competitively sensitive information," such as "confidential research, development, or commercial information," that courts have found warrants sealing. *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information").

***Second***, certain portions of Plaintiffs' Reply refer to confidential project code names and technical details regarding these sensitive projects that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors. (Elliott Decl. ¶ 9.) Public disclosure of this information presents a serious risk of irreparable harm to Google, including cyber security risk. (*Id*. ¶¶ 10-11.) For example, an individual interested in improperly accessing Google's systems could target particular proprietary documents and information for improper uses based on Google's confidential internal names for their systems as well as associated technical details. (*Id*.)

Additionally, this information, if made public, would allow individuals who, through legitimate or nefarious means, gain access to other documents or information that reference the same code names or internal systems, to deduce otherwise-confidential details about the projects to which the code names

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

1  refer. (*Id.* ¶ 11.)  For example, if individuals know a code name for one of these projects, and then
2  see that same name in an entirely different context, they will be able to piece together previously
3  unconnectable facts about the system, gaining improper and potentially damaging insight into
4  Google's strategic business decisions and the operation and capabilities of Google's systems. (*Id.*)

5        In fact, this Court has already sealed the same code names that Google seeks to seal through
6  the instant motion.  *See, e.g., In re Google RTB Consumer Privacy Litig.*, No. 21-cv-02155, ECF
7  No. 186 (N.D. Cal. April 29, 2022) (applying the good cause standard and sealing information
8  about the same internal systems as are at issue here).  This Court's prior order was consistent with
9  rulings by other courts in this District that have similarly sealed references to internal project names
10 and data systems.  *See, e.g., Rodriguez v. Google LLC*, No. 20-cv-04688-RS, ECF No. 223 (N.D.
11 Cal. Feb. 10, 2022) (noting that "Google's internal project names may be sealed"); *Uniloc United*
12 *States of Am., Inc. v. Apple Inc.*, 2018 WL 2392561, at *7 (N.D. Cal. May 25, 2018) (sealing
13 "specific references to portions of Apple's source code, including names of particular source code
14 variables, functions, and files."); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 4120541, at *2 (N.D.
15 Cal. Sept. 18, 2012) (sealing "Apple's internal code names" for its projects).

16       ***Third***, certain portions of Plaintiffs' Reply contain descriptions or summaries of privileged,
17 attorney-client communications and work product from Google in-house counsel providing legal
18 advice. (Elliott Decl. ¶ 12.)  Recently, in the related *Calhoun v. Google LLC* matter, the court found
19 that such descriptions and summaries warranted sealing.  No. 4:20-cv-05146-YGR-SVK, ECF No.
20 615 (N.D. Cal. Apr. 14, 2022) (sealing portions of the Joint Submission re Clawback Dispute).  The
21 Court should find that sealing is also warranted here.

22       ***Fourth***, other portions of Plaintiffs' Reply and Exhibit H include the names and titles of
23 current and former Google employees.  These individual employees are not parties to this action,
24 and their names are not germane to the resolution of the parties' pending discovery dispute. (Elliott
25 Decl. ¶ 13.)  Public disclosure of these employees' personal information could subject them to
26 unsolicited contact from the public or harassment.  In addition, certain portions of Plaintiffs' Reply
27 also contain confidential contact information of Google employees that could subject them to
28 further unsolicited contact.  Courts in this District routinely grant requests to seal this type of

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

information to protect employees' privacy. *See, e.g.*, *Klein v. Meta Platforms, Inc.*, 2022 U.S. Dist. LEXIS 44076, at *12 (N.D. Cal. Mar. 11, 2022) (sealing "current and former employees' names, initials, and contact information to protect these employees' privacy interests"). This Court has previously granted such requests, and should do so again here. (*See* ECF No. 361.)

IV. **CONCLUSION**

For the foregoing reasons, Google respectfully requests the Court seal the aforementioned portions of the Reply in Support of Plaintiffs' Motion to Compel Defendant Google to Produce Improperly Withheld Documents and Exhibit H to the Supplemental Declaration of Joshua D. Samra.

Dated: January 20, 2023                    COOLEY LLP

                                           By: */s/ Laura M. Elliott*
                                               Laura M. Elliott

                                           Attorney for Defendant
                                           GOOGLE LLC

280674314

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD