COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
LAURA M. ELLIOTT (SBN 286702)
(lelliott@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**DECLARATION OF LAURA ELLIOTT IN SUPPORT OF GOOGLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEC. OF L. ELLIOTT ISO GOOGLE'S
RESPONSE TO PLS' ADMIN. MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

I, Laura Elliott, declare as follows:

**1.** I am an associate at the law firm of Cooley LLP and attorney of record for Google in *In re Google RTB Consumer Privacy Litigation*, Case No. 4:21-cv-02155. I am licensed to practice law in the state of California and am admitted to practice before this Court. I submit this declaration in support of Google's Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 400). I have personal knowledge of the facts herein, and I am competent to testify. I make this declaration pursuant to Local Rule 79-5(e)-(f) as an attorney for Google as the Designating Party.

**2.** On January 13, 2023, Plaintiffs filed their Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 400), which was filed in connection with the Reply in Support of Plaintiffs' Motion to Compel Defendant Google to Produce Improperly Withheld Documents (ECF No. 401) ("Plaintiffs' Reply"), and the accompanying Supplemental Declaration of Joshua D. Samra (ECF No. 401-1) ("Samra Declaration) with the attached Exhibit H (ECF No. 401-2).

**3.** On the same day, I received unredacted service copies of Plaintiffs' Reply and Exhibit H to the accompanying Samra Declaration.

**4.** I have reviewed the documents that Google seeks to file under seal pursuant to Local Rule 79-5. Based on my review and in consultation with my client, I understand that there is good cause to seal the following information:

| Document | Text to be Sealed | Basis for Sealing |
|---|---|---|
| Reply In Support of Plaintiffs' Motion to Compel Defendant Google to Produce Improperly Withheld Documents | Portions highlighted at pages: 3, 9-13 | I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal data systems and operations, including references to internal strategy documents and discussions that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors. I understand such confidential and proprietary information |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEC. OF L. ELLIOTT ISO GOOGLE'S
RESPONSE TO PLS' ADMIN. MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

| | | | |
|---|---|---|---|
| 1 2 3 4 5 6 7 8 | | | reveals Google's internal strategies and business practices for operating and maintaining many of its important services while complying with its legal and privacy obligations, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. |
| 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 | Reply In Support of Plaintiffs' Motion to Compel Defendant Google to Produce Improperly Withheld Documents | Portions highlighted at pages: 9 | I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including references to internal code names that Google does not use publicly. I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| 24 25 26 | Reply In Support of Plaintiffs' Motion to Compel Defendant Google to Produce Improperly Withheld Documents | Portions highlighted at pages: 4-5, 9, 13 | I understand the information requested to be sealed contains descriptions and summaries of privileged, attorney-client communications and work product from Google in-house attorneys providing legal advice. |
| 27 28 | Reply In Support of Plaintiffs' Motion to Compel Defendant Google | Portions highlighted at pages: 7, 10, 13 | I understand the information requested to be sealed contains confidential information of Google employees, disclosure of which |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEC. OF L. ELLIOTT ISO GOOGLE'S
RESPONSE TO PLS' ADMIN. MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

| | | |
|---|---|---|
| to Produce Improperly Withheld Documents | | may subject them to unsolicited contact and harassment. |
| Exhibit H to the Supplemental Declaration of Joshua D. Samra in support of Reply In Support of Plaintiffs' Motion to Compel Defendant Google to Produce Improperly Withheld Documents | Entirety | I understand the information requested to be sealed contains Google's confidential and proprietary information regarding Google's internal strategy and business practices, including details related to policies governing relationships with RTB partners, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. |
| Exhibit H to the Supplemental Declaration of Joshua D. Samra in support of Reply In Support of Plaintiffs' Motion to Compel Defendant Google to Produce Improperly Withheld Documents | Entirety | I understand the information requested to be sealed contains confidential information of Google employees, disclosure of which may subject them to unsolicited contact and harassment. |

**5.** Google does not seek to redact or file under seal any of the remaining portions of Plaintiffs' Reply and Exhibit H not indicated in the table above.

**6.** True and correct copies of Plaintiffs' Reply and Exhibit H indicating the portions Google seeks to redact or file under seal are attached hereto as Exhibits 1 and 2, respectively.

### *Information about Google Internal Data Systems & Operations*

**7.** Portions of Plaintiffs' Reply that Google seeks to seal contain Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal data systems and operations. Specifically, these portions reference internal strategy documents and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEC. OF L. ELLIOTT ISO GOOGLE'S
RESPONSE TO PLS' ADMIN. MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

discussions that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors.

8. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining many of its important services while complying with its legal and privacy obligations.

9. It is also my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products.

10. Similarly, I understand Exhibit H contains Google's confidential and proprietary information regarding Google's internal strategy and business practices, including details related to policies governing relationships with RTB partners, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors.

11. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining many of its important services. Disclosure of such confidential and proprietary information would result in competitive harm to Google as competitors may alter their systems and practices relating to competing products.

### *References to Google Internal Code Names*

12. In addition, certain portions of Plaintiffs' Reply reference internal project names that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors.

13. I understand that revealing these terms would present a serious risk of irreparable harm to Google. Specifically, an individual interested in improperly accessing Google's systems could target particular proprietary documents and information for improper uses if he or she knew Google's confidential internal names.

14. Moreover, I understand that these names, if made public, would allow individuals who, through legitimate or nefarious means gain access to other documents or information that reference the same code names, to deduce details about the project to which the code names refer

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEC. OF L. ELLIOTT ISO GOOGLE'S
RESPONSE TO PLS' ADMIN. MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

that they otherwise would not have understood were related. If individuals know a code name for one of these projects, and then see that same code name in an entirely different context, they will be uniquely positioned to piece together previously unconnectable facts about the project, gaining improper and potentially damaging insight into Google's strategic business and financial decisions and the operation and capabilities of Google's systems.

### *Contents of Privileged Communications*

15.  Certain other portions identified in Plaintiffs' Reply comprise descriptions or summaries of privileged, attorney-client communications and work product from Google in-house counsel providing legal advice. These descriptions and summaries are part of briefing to assist the Court's review of Plaintiffs' challenges to Google's privilege assertions where the underlying documents, and/or portions thereof are inherently shielded from public disclosure.

### *Information about Google Employees*

16.  Furthermore, certain portions of Plaintiffs' Reply and Exhibit H identify current and former Google employees by name and title. These individuals are not parties to this action and thus, disclosure of such information may subject them to unsolicited contact and harassment. Additionally, certain portions of Plaintiffs' Reply also contain confidential contact information of Google employees, disclosure of which may also subject them to unsolicited contact and harassment.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 20, 2023 in Lake Bluff, Illinois.

/s/ Laura M. Elliott
Laura M. Elliott

280717624

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEC. OF L. ELLIOTT ISO GOOGLE'S
RESPONSE TO PLS' ADMIN. MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD