# EXHIBIT 1

## (REDACTED VERSON OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL)

Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

*[Additional Counsel Appear on Signature Page]*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, | Case No. 4:21-cv-02155-YGR-VKD |
| | **REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANT GOOGLE TO PRODUCE IMPROPERLY WITHHELD DOCUMENTS** |
| This document applies to: *all actions.* | |
| | Judge: Virginia K. DeMarchi |
| | Date: January 31, 2023 |
| | Time: 10:00 a.m. |
| | Courtroom: 2, Fifth Floor |

**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...........................................................................................................1

II. ARGUMENT .................................................................................................................2

   A. Google's Errors are Significant and Merit Review of Its Privilege Designations ................................................................................................2

   B. Google Has Not Provided Sufficient Information to Sustain Its Burden ................6

   C. The Exemplar Documents are Not Privileged ...........................................9

      1. Entry #4 ...................................................................................9

      2. Entry #41 ..................................................................................9

      3. Entry #285 ..............................................................................10

      4. Entry #660 ..............................................................................10

      5. Entry #1095 ............................................................................11

      6. Entry #1231 ............................................................................11

      7. Entry #1262 ............................................................................12

      8. Entry #2813 ............................................................................12

      9. Entry #3265 ............................................................................13

      10. Entry #9955 ...........................................................................13

III. CONCLUSION .............................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re Bonanno*,
    344 F.2d 830 (2d Cir. 1965) ............................................................................... 7

*Bruno v. Equifax Info. Servs., LLC*,
    No. 2:17-cv-327-WBS-EFB, 2019 WL 633454 (E.D. Cal. Feb. 14, 2019) ........................ 13

*In re Chase Bank USA, N.A. "Check Loan" Contract Litig.*,
    No. 3:09-md-2032-MMC-JSC, 2011 WL 3268091 (N.D. Cal. July 28, 2011) ................. 13

*Chrimar Sys. Inc v. Cisco Sys. Inc.*,
    No. 13-cv-01300-JSW-MEJ, 2016 WL 1595785 (N.D. Cal. Apr. 21, 2016) ..................... 8

*City of Roseville Employees' Ret. Sys. v. Apple Inc.*,
    No. 4:19-cv-02033-YGR, 2022 WL 3083000 (N.D. Cal. Aug. 3, 2022) ................. 9, 11, 12

*Datel Holdings Ltd. v. Microsoft Corp.*,
    No. 09-cv-05535-EDL, 2011 WL 866993 (N.D. Cal. Mar. 11, 2011) ............................. 13

*Dolby Lab'ys Licensing Corp. v. Adobe Inc.*,
    402 F. Supp. 3d 855 (N.D. Cal. 2019) ........................................................... 5, 6

*Est. of Thomas v. Cnty. of Sacramento*,
    No. 2:20-cv-0903-KJM-DB, 2022 WL 159035 (E.D. Cal. Jan. 18, 2022) ....................... 7

*In re Examination of Privilege Claims*,
    No. 15-cv-0015-JCC, 2015 WL 13886330 (W.D. Wash. Nov. 12, 2015) ............... 8, 10, 12

*Fed. Trade Comm'n v. Qualcomm Inc.*,
    No. 17-cv-00220-LHK, 2018 WL 11420853 (N.D. Cal. Mar. 16, 2018) .......................... 7

*Fosbre v. Las Vegas Sands Corp.*,
    No. 2:10-cv-00765-APG-GWF, 2016 WL 183476 (D. Nev. Jan. 14, 2016) ..................... 5

*Garvey v. Hulu, LLC*,
    No. 11-cv-03764-LB, 2015 WL 294850 (N.D. Cal. Jan. 21, 2015) ................................. 12

*In re Grand Jury Investigation*,
    974 F.2d 1068 (9th Cir. 1992) ...................................................................... 8, 9

*Jo Ann Howard & Assocs., P.C. v. Cassity*,
    No. 4:09-01252-ERW, 2014 WL 6845854 (E.D. Mo. Dec. 3, 2014) .............................. 11

*Klein v. Facebook, Inc.*,
    No. 5:20-cv-08570-LHK-VKD, ECF No. 153 (Sept. 15, 2021) ...................................... 7

*MediaTek Inc. v. Freescale Semiconductor, Inc.*,
    No. 4:11-cv-05341-YGR-JSC, 2013 WL 5594474 (N.D. Cal. Oct. 10, 2013) .................. 13

*Muro v. Target Corp.*,
    250 F.R.D. 350 (N.D. Ill. 2007) ........................................................................................ 8

*Oracle Am., Inc. v. Google, Inc.*,
    No. 3:10-cv-03561-WHA, 2011 WL 3794892 (N.D. Cal. Aug. 26, 2011) ........................ 5

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
    No. 16-cv-00236-WHO, 2019 WL 1950377 (N.D. Cal. May 1, 2019) ............................ 10

*QinetiQ Ltd. v. Samsung Telecomms. Am. L.P.*,
    No. 2:03-cv-00221-TJW, 2004 WL 7330941 (E.D. Tex. Aug. 12, 2004) ........................ 11

*Quintel Tech. Ltd. v. Huawei Techs., Inc.*,
    No. 15-cv-00307, 2017 WL 11631811 (E.D. Tex. Nov. 2, 2017) .................................... 12

*Ritchie v. Sempra Energy*,
    No. 10-cv-01513-CAB, 2015 WL 12912030 (S.D. Cal. June 11, 2015) ............................ 6

*Transamerica Computer Co., Inc. v. Int'l Bus. Machines Corp.*,
    573 F.2d 646 (9th Cir. 1978) .............................................................................................. 6

*United States v. ChevronTexaco Corp.*,
    241 F. Supp. 2d 1065 (N.D. Cal. 2002) ............................................................................ 10

*United States v. Christensen*,
    828 F.3d 763 (9th Cir. 2015) ............................................................................................ 10

*United States v. Google, LLC*,
    No. 1:20-cv-03010-APM, ECF No. 326-1 (D.D.C. Mar. 21, 2022) .................................. 5

*United States v. Google, LLC*,
    No. 1:20-cv-03010-APM (D.D.C. May 12, 2022) .............................................................. 5

*United States v. Ruehle*,
    583 F.3d 600 (9th Cir. 2009) .............................................................................................. 6

# I.    INTRODUCTION

The record of Google's overbroad claims of attorney-client privilege and work product protection is clear, and Google's opposition does not change it. Following the Court's November 17, 2022 Order (ECF No. 360) requiring additional information regarding eighteen "representative examples," Google confirmed its over-designation problem—it withdrew and narrowed its designations for half of the exemplar documents.

Despite its significant error-rate for the eighteen exemplar documents, and continuing refusal to take any action regarding the rest of its privilege log, Google insists that its original designations are accurate and that no additional scrutiny is needed. However, examination of the nine exemplar documents for which Google has withdrawn and narrowed its privilege claims reveals that Google's original designations were not reasonable as they contain factual information, and do not reference legal advice. Plaintiffs seek additional review of Google's privilege designations to correct similar deficiencies.

Regarding the exemplar documents that remain at issue, for a handful, Google provided detail adequate to support some designations for the first time in its opposition brief. By failing to engage in a good faith information exchange before this dispute came to motion practice, Google has delayed resolution of this issue and burdened Plaintiffs and the Court. For other entries, Google relies on the same inadequate and threadbare descriptions that fail to adequately support the privilege it asserts, do not set forth the individual attorneys involved, or the identity of individual recipients of certain communications. Even if its descriptions were sufficiently detailed (they are not), the documents are not privileged because they do not concern legal advice. Google's conclusory statements do not show otherwise. Further, Google has not established that communications sent to distribution lists whose members are unknown were maintained as confidential.

Based on the clear record set out below and in Plaintiffs' moving papers, Plaintiffs seek an order requiring Google to promptly engage in a meaningful re-review of its privilege designations, produce the remaining exemplar documents at issue and any other de-designated documents, and revise its privilege logs to provide the additional information needed to assess its remaining claims of privilege and work product protection.

## II.      ARGUMENT

### A.      Google's Errors are Significant and Merit Review of Its Privilege Designations

Google should be ordered to re-review its privilege designations. The Court-ordered process that required Google to provide additional information regarding just eighteen exemplar documents revealed significant errors in Google's privilege designations, implicating thousands of documents. Contrary to Google's argument in its Opposition (ECF No. 396, "Opp."), Google's 50% error rate shows that its initial review was far from sufficient, its designations were at best overbroad, and its log remains deficient.

The entries for the exemplar documents are substantially similar to thousands of other documents included on Google's privilege logs. Indeed, Plaintiffs identified the exemplar documents as representative examples of seven bases for challenging Google's designations. Joint Discovery Letter Brief, ECF No. 339 at 1.[1] Following the Court's November 17 Order requiring Google to provide additional information, Google withdrew its privilege claims for six of the eighteen documents; produced two documents with narrowed redactions; and dropped its work product claim over another document. The chart below represents the bases for Plaintiffs' challenges and the changes Google made to the exemplar documents:

| Entry # | Basis for Challenge | # of Docs at Issue |
|---|---|---|
| Withdrawn: #7390, #9028, #9856<br><br>No Change: #41 | "Google provides insufficient information to evaluate or justify its claims" of privilege and protection. ECF No. 339 at 1–2. | 5,467 |
| Withdrawn: #268, #9886<br><br>Narrowed: #4712<br><br>No Change: #4, #1095, #1262, #2813 | "Google fails to support its privilege claim over communications sent to 'unknown senders and recipients.'" *Id.* at 2 (citation omitted). | 122 |

---

[1] Plaintiffs have identified to Google the entries they are challenging on these bases. ECF No. 393-1, ¶¶ 6, 8. Plaintiffs can submit these responses for in camera review should it assist the Court in resolving this dispute.

| Entry # | Basis for Challenge | # of Docs at Issue |
|---|---|---|
| Withdrawn: #4835 | "Google fails to meet its burden for hundreds of documents where it has not identified any attorney, and where the communication does not appear to concern legal advice." *Id.* at 3. | 702 |
| No Change: #285 | "Google withholds documents where a member of its legal department is one of many recipients, without any indication that the primary purpose of the communication was to generate legal advice." *Id.* | 167 |
| Narrowed: #10217[2] | "Google withholds documents that were not created by or sent to attorneys, but that Google describes as concerning legal advice of a member of its legal team." *Id.* | 2,763 |
| No Change: #660 | "Google withholds entire documents which, even if they reflect some legal advice, should be produced with redactions." *Id.* | 4,785 |
| Narrowed: #1231 No Change: #9955 | "Google fails to substantiate its claim of work product protection over hundreds of entries: it has not identified the particular litigation or investigation at issue, referring only to 'litigation' and 'regulatory investigations.'" *Id.* | 300 |

Google argues that unlike the *Brown* and *Calhoun* disputes—where Judge van Keulen ordered further review after Google's responses to Plaintiffs' challenges revealed significant errors—it has only withdrawn its designations for a minimal number of documents. Opp. at 3. However, the documents that Google has reviewed are "representative examples" of the disputed entries and Google's reversal-rate of 50% is significant. ECF No. 360 at 8. That the error-rate in *Brown* and *Calhoun* may have concerned a larger proportion of the challenged documents is irrelevant, as Google has refused to re-review any challenged documents in this action. Further, the error-rate in these related matters only supports Plaintiffs' request for additional scrutiny of Google's privilege designations in this action.

Additionally, review of the exemplar documents over which Google has withdrawn and narrowed its privilege claims shows its designations were unreasonable. Entry #4835, for example, is a ███████████████████████████████████████████████, not

---

[2] Google states that it did not change its redactions to this document. Opp. at 3. But Google did not produce this document until after the parties filed their joint letter brief and did not identify the Bates Number associated with it until December 1, 2022. Samra Decl., ECF No. 393-1, ¶ 12; *compare* ECF No. 339-2 at 21; *with* ECF No. 392-5 at 2.

legal advice. ECF No. 393-8 at -00455653. Google argues its withholding of this document was reasonable given ████████████████████████████████████. But this page merely cites to a publicly available news article and it is clearly not privileged. *See, e.g.*, Zack Whittaker, *California's new privacy law is off to a rocky start*, TechCrunch (Feb. 8, 2020), https://techcrunch.com/2020/02/08/ccpa-privacy-law-rocky-start/. Google's purported reliance on the reference ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ This text contains an embedded hyperlink, which Plaintiffs cannot access but upon reasonable belief, is made to a publicly available resource regarding data processing. *See Introduction to anonymization*, U.K.    ICO    (May    2021),    https://ico.org.uk/media/about-the-ico/consultations/2619862/anonymisation-intro-and-first-chapter.pdf. There is no reasonable basis for Google to have withheld the entirety of this document based on passing references to public documents contained on just two pages of this presentation.

For Entry #4712, "highly nuanced judgements" were not, as Google claims, needed to identify the legal advice purportedly contained in this document. Opp. at 4. Such purported advice is contained in a conspicuous section of the document and preceded by the header "Legal Guidance and Requirements." ECF No. 392-7 at -00456356. The remainder of the document contains factual information concerning product planning, not legal advice, and the withholding of the entirety of this document was not reasonable. *Id.* at -00456351.

Similarly, Google cannot justify its initial withholding of Entry #9856 as the document contains purely factual information about Google's revenue from RTB. ECF No. 392-9. Google's claim that it did not rely on the "Privileged and Confidential" stamp for this document, or for the thousands of others it reviewed bearing this stamp, does not explain its unreasonable withholding of this document. Opp. at 4. Google's admission that it produced "many documents that non-lawyers at Google believed were privileged and marked as such," reveals that its privilege review includes many documents that are erroneously marked as privileged. *Id.* It is, therefore, more likely that—as was the case with this document—Google's initial review identified documents as privileged that were not.

Such a result would also be consistent with the widely-publicized allegations by the DOJ that through its "Communicate with care" program, Google trains employees to create the illusion of attorney-client privilege by adding a privilege label, including an attorney on the communication, and adding a pretextual request to the attorney. *United States v. Google, LLC*, No. 1:20-cv-03010-APM, ECF No. 326-1 at 2 (D.D.C. Mar. 21, 2022). Given these allegations, the Court in the DOJ action ordered re-review of "silent-attorney" emails, *i.e.*, emails where the attorney included on a communication did not bother to reply. *See* Minute Order, *United States v. Google, LLC*, No. 1:20-cv-03010-APM (D.D.C. May 12, 2022). Similar re-review is warranted here, particularly given that evidence shows Google's program covered documents relevant to this action. *See, e.g.*, GOOG-HEWT-00188787 at -00188794 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮").

Additionally, Google's explanation that it withheld Entry #7390 because a "non-lawyer . . . happens to share the name of an attorney who worked at Google," raises significant concerns regarding Google's privilege review. Opp. at 4. Participation by an attorney does not automatically confer privilege as "[a]n in-house counsel's advice regarding business matters is not protected by attorney client privilege." *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 873 (N.D. Cal. 2019). Given that in-house counsel plays a role in "business decisions or activities, as well as [the company's] legal matters," "heightened scrutiny" over privilege assertions is required. *Oracle Am., Inc. v. Google, Inc.*, No. 3:10-cv-03561-WHA, 2011 WL 3794892, at *4 (N.D. Cal. Aug. 26, 2011). Here, the document concerns Google's approach with Open Bidding buyers and no part of it comes close to discussing legal advice. Suppl. Samra Decl., Ex. H. Google's withholding of this document based on the threadbare grounds that an attorney's name was shared is unreasonable and indicates wider errors with Google's privilege screen, particularly where in-house counsel is implicated. *See Fosbre v. Las Vegas Sands Corp.*, No. 2:10-cv-00765-APG-GWF, 2016 WL 183476, at *9 (D. Nev. Jan. 14, 2016) ("Defendants' withdrawal of privilege assertions with respect to a significant number of documents raises legitimate doubts about its care in asserting the attorney-client privilege[.]").

Google's mistakes are not, as it contends, merely the "reality that in complex litigation with extensive discovery;" rather, they are the result of Google's overly-expansive privilege claims. Opp. at 3. *Transamerica* and *Ritchie* do not show otherwise. In *Transamerica*, the Ninth Circuit held that the defendant had not waived its privilege over "a relatively small number" of supposedly privileged documents produced during its "herculean" review of 17 million pages over a 3-month period pursuant to a court order. *Transamerica Computer Co., Inc. v. Int'l Bus. Machines Corp.*, 573 F.2d 646, 648, 652 (9th Cir. 1978). By contrast, Google has produced less than 56,000 documents in this action over the 20-month period that discovery has been open and has designated 10,500 documents as privileged (withholding 8,400 in full). The considerations in *Transamerica* are not present here as Google has had ample time to review its designations to make sure they were correct. And unlike the producing party in *Ritchie*, here, Google has not been "willing[]" to re-review the more than 5,000 improperly designated documents remaining on its privilege logs even though such a re-review would undoubtable catch additional errors.[3] *Ritchie v. Sempra Energy*, No. 10-cv-01513-CAB, 2015 WL 12912030, at *10 (S.D. Cal. June 11, 2015).

**B.      Google Has Not Provided Sufficient Information to Sustain Its Burden**

Plaintiffs' continued challenge to the sufficiency of Google's privilege logs is not, as Google argues, barred by the Court's prior order. Opp. at 5. After reviewing the parties' joint letter brief regarding Google's privilege assertions, the Court found that the parties' dispute to Googles' privilege logs "cannot be resolved" and thus, entered a process for briefing disputes over the exemplar documents. ECF No. 360 at 7. Importantly, the Court held that Plaintiffs' "motion need not be limited to the sufficiency of Google's supporting disclosures (i.e., whether Google has made a *prima facie* showing of privilege) but may challenge the privilege assertion on the merits." ECF No. 360 at 8–9. Plaintiffs' motion follows this guidance.

---

[3] *Ritchie* is also distinguishable because it "applied California privilege law, which provides 'a liberal view of the [attorney-client] privilege that conflicts with the strict view applied under federal common law.'" *Dolby*, 402 F. Supp. 3d at 864, n. 2 (quoting *United States v. Ruehle*, 583 F.3d 600, 609 (9th Cir. 2009)). Google does not contest that federal common law applies to this dispute.

Moreover, Plaintiffs' challenges to Google's descriptions are warranted because as shown below, Google descriptions of the documents are vague and conclusory:

| Entry | Privilege Description |
|-------|----------------------|
| 4 | Draft memorandum reflecting legal advice of counsel regarding *privacy issues*. |
| 41 | Draft memorandum reflecting legal advice of ███████ regarding *privacy issues*. |
| 285 | Email seeking and reflecting legal advice of counsel regarding *privacy issues*. |
| 660 | Memorandum reflecting legal advice of counsel regarding *regulatory issues*. |
| 1095 | Email reflecting legal advice of counsel regarding *regulatory issues*. |
| 1231 | Email prepared at the direction and reflecting legal advice of counsel regarding *privacy issues*. |
| 1262 | Email seeking and containing legal advice of counsel regarding *privacy issues*. |
| 2813 | Email reflecting legal advice of counsel regarding *privacy issues*. |
| 3265 | Email reflecting legal advice of counsel regarding *privacy issues*. |
| 9955 | Email seeking and containing legal advice of counsel regarding *privacy issues* prepared in connection with *regulatory investigation*. |

ECF No. 393-5 (emphasis added).

While the document's "titular subject" is not required (Opp. at 6), Google must provide additional information sufficient to satisfy its burden. *Est. of Thomas v. Cnty. of Sacramento*, No. 2:20-cv-0903-KJM-DB, 2022 WL 159035, at *2 (E.D. Cal. Jan. 18, 2022) ("Simply asserting that the meeting was to provide 'legal advice and counsel,' and 'to discuss legal and policy compliance. . . . in preparation for litigation' is insufficient."); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220-LHK, 2018 WL 11420853, at *3 (N.D. Cal. Mar. 16, 2018) ("Simply stating that a communication 'discloses legal advice' regarding 'QC business plans' is insufficient."); *In re Bonanno*, 344 F.2d 830, 833 (2d Cir. 1965) (withholding party's "burden is not, of course, discharged by mere conclusory or ipse dixit assertions"). Indeed, the exemplar description of a document concerning "advice re FTC investigation," given in *Klein* is far more detailed than the descriptions given by Google here. *Klein v. Facebook, Inc.*, No. 5:20-cv-08570-LHK-VKD, ECF No. 153 at 3 (Sept. 15, 2021). Accordingly, Google should revise its descriptions for withheld documents to provide additional information regarding the privilege being asserted.

Plaintiffs' request that Google review its designations and revise its privilege logs to provide the additional information outlined in the Court's Order is also warranted. This additional information includes the identification of the attorney involved, the nature of the document, and for emails sent to or from an email distribution list, the current membership of that list as well as confirmation that, at the time of the communication the list included any recipients who were not Google employees. ECF No. 360 at 8. Such information is necessary to evaluate Google's claims of privilege and consistent with Ninth Circuit law. *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992) (holding that a sufficient privilege log shall include "(a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated.").

In addition, Google's statement that certain communications are being made to and from "internal-only" groups still does not satisfy its burden because it does not identify the individual authors and recipients of the communications. *See Chrimar Sys. Inc v. Cisco Sys. Inc.*, No. 13-cv-01300-JSW-MEJ, 2016 WL 1595785, at *7 (N.D. Cal. Apr. 21, 2016) (declining to find emails are "privileged as they include unknown senders and recipients."). And Google's general descriptions of the distribution lists and groups listed on its privilege logs are not sufficient to show that the communications were maintained as confidential. *In re Examination of Privilege Claims*, No. 15-cv-0015-JCC-JPD, 2015 WL 13886330, at *2–3 (W.D. Wash. Nov. 12, 2015) (affirming that defendant waived attorney-client privilege where it provided a "blanket statement" that an entire team "needed to know" the contents of the communication). Further, Google's argument that the Court already "rejected Plaintiffs' demand for historical distribution list membership" is incorrect. Opp. at 6. Rather, as stated above, the Court reserved judgement on this issue to determine whether the additional information would resolve the dispute. ECF No. 360 at 8. Without the membership of the distribution lists from the time of the communication was sent, Google cannot establish that the documents were maintained as confidential. *See Muro v. Target Corp.*, 250 F.R.D. 350, 364 (N.D. Ill. 2007).

**C.    The Exemplar Documents are Not Privileged**

Google argues that the exemplar documents that remain at issue are privileged because (1) they "reflect" and "involve" legal advice and (2) they were "disseminated to Google employees who reasonably needed to know that advice." Opp. at 8, 10. However, Google's argument relies on information provided for the first time in briefing to the Court, not on its log or in meet and confers with Plaintiffs, and on legal conclusions unsupported by the record.[4]

**1.    Entry #4**

Google withholds this Privacy Design Document stating, for the first time in its Opposition, that it "includ[es] notes addressing ███████████████████████████████ ██████████████████████ Opp. at 9. But ████████████████ are not strictly legal topics. Google confirmed as much when it withdrew its privilege designations over certain exemplar documents. ECF No. 392-7 at -00456351 (relating to "████████████████████"). Further, "there is no bright-line rule that communications related to regulatory compliance are per se business or legal communications. Rather, the content and context of such communications must be considered in order to determine the primary purpose of the communication." C*ity of Roseville Employees' Ret. Sys. v. Apple Inc.*, No. 4:19-cv-02033-YGR, 2022 WL 3083000, at *11 (N.D. Cal. Aug. 3, 2022), *motion for relief from judgment denied sub nom. In re Apple Inc. Sec. Litig.*, No. 4:19-cv-02033-YGR, 2022 WL 4351392 (N.D. Cal. Sept. 12, 2022), *motion to certify appeal denied*, 2022 WL 4588603 (N.D. Cal. Sept. 29, 2022). Here, the document's description and its focus on general topics suggests that "the primary purpose" of the document is not, as Google contends, to generate legal advice. *Id.* at 11. Google should thus, be ordered to produce it.

**2.    Entry #41**

Google withholds this ████████████████ claiming that it identifies ████████████ ████ and addresses ████████████████████████████████████ Opp. at 9. This conclusory

---

[4] In compliance with the Court's November 17 Order, Google submitted the exemplar documents for *in camera* review but it now claims the Court need not review these documents. Opp. at 7. But as described herein and in Plaintiffs' Motion, Google's descriptions do not provide sufficient detail to assess its privilege designations and *in camera* review is necessary to assess Plaintiffs' reasonable challenges to Google's claims of privilege. *In re Grand Jury Investigation*, 974 F.2d at 1075.

statement, however, still does not substantiate Google's claim of privilege over this document or that ███████████ participation in the document, if any, relates to legal and not general business advice. *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002). Nor has Google established that the privileged portions of this document, if any, relating to ███████ legal advice are so "inextricably intertwined with the rest of the text that they cannot be separated." *United States v. Christensen*, 828 F.3d 763, 803 (9th Cir. 2015). Because Google has not shown that the document relates to legal advice such that it is privileged, it should be ordered to produce it.

### 3.    Entry #285

For the first time in its Opposition, Google states that this document contains legal advice to and from counsel Tim Taylor regarding "privacy issues." Opp. at 11–12. This statement confirms that Google's privilege log—which fails to identify ███████ as the attorney-involved—is deficient. ECF No. 393-5. In any event, Google's proffer that the non-attorneys included on this communication needed to know the information "given their roles in implementing privacy protections on Google's platform" is conclusory. Opp. at 12. For instance, Google provides no explanation for why employees, like ████████████ ████████████████████████████████████████████████ needed to know the purported legal advice in this document. *In re Examination of Privilege Claims*, 2015 WL 13886330, at *3 ("[B]lanket statement[s]" that "'the entire team need to be aware'" of the purported legal advice "will not suffice."); *with Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, No. 16-cv-00236-WHO, 2019 WL 1950377, at *8 (N.D. Cal. May 1, 2019) (finding plaintiff's highly-detailed explanation for why "specific members of the distribution lists on the communications" needed to know the information was sufficient to maintain confidentiality). Google thus, has not shown that confidentiality of any purported legal advice was maintained. Accordingly, it should be ordered to produce the document.

### 4.    Entry #660

Google's Opposition provides, for the first time, a description of the document as ███████ ████████████████████████████████████████" Opp. at 8. While portions of the document reflecting "Legal updates" may be privileged (*id.*), the discussion of regulatory compliance does not

render the entire document "per se" privileged. *City of Roseville*, 2022 WL 3083000, at *11. Moreover, Google's reference to the document's stamp of "Attorney Client Privileged; Reflects Advice of Counsel" is irrelevant because Google has conceded that its employees mark communications privileged when they are not. Opp. at 4. Because it has not shown that the entire document relates to legal, not business, advice, Google should be ordered to produce this document in full, or in minimally redacted form.

### 5. Entry #1095

Google states that Entry #1095 (GOOG-HEWT-00376861) reflects advice from ███████ ███████████████████████████████████████████████████" Opp. at 10. Given this highly detailed explanation—provided by Google for the first time in its Opposition—regarding the privilege, Plaintiffs withdraw their challenge to this document.

### 6. Entry #1231

Google states that this communication was "initiated at the direction of counsel for the purpose of obtaining information necessary for the provision of legal advice regarding privacy issues." Opp. at 11. This vague and conclusory statement is insufficient to establish the privileged nature of the document. *See supra* § II.B. Further, the communication was sent by ███████ ████████████████████████ to twelve non-attorneys and the distribution list ███████ █████ which Google describes as an "internal mailing list used to communicate with ████████ ████████████████ and which presently includes ten additional non-attorneys. Opp. at 11; ECF No. 393-5. Google fails to explain why these non-attorneys were needed to generate a response to the supposed request from counsel. Further, the collection of facts in this document—even if prompted by a legal request—are not privileged and cannot be withheld. *See, e.g.*, *Jo Ann Howard & Assocs., P.C. v. Cassity*, No. 4:09-01252-ERW, 2014 WL 6845854, at *1 (E.D. Mo. Dec. 3, 2014) (document is "[n]ot privileged because the communication concerned only underlying facts"); *QinetiQ Ltd. v. Samsung Telecomms. Am. L.P.*, No. 2:03-cv-00221-TJW, 2004 WL 7330941, at *6 (E.D. Tex. Aug. 12, 2004) ("[T]he remaining two sentences of paragraph 23 are not privileged because they do not reflect communications with patent attorneys/agents, but rather merely reflect in-house counsel's awareness of particular facts."). Google should be ordered to produce this document.

1

2        **7.    Entry #1262**

        Google claims that Entry #1262 contains and reflects legal advice regarding "privacy issues."

3   Opp. at 11. This vague description is insufficient to evaluate its privilege claim. *See supra* § II.B.

4   Google's statement that the communication was distributed to employees "who needed to know about

5   the advice given their roles in implementing privacy protections on Google's advertising platform,"

6   provided for the first time in its Opposition, is similarly conclusory. Opp. at 11. Unlike *Garvey v.*

7   *Hulu*, where defendant established that the seven employees who received the information used it to

8   "carry out their work" and make "informed," "effective decisions" about the task at hand, here,

9   Google has not shown that the nineteen non-attorneys and the unknown members of three distribution

10  lists (which presently include seventy-five non-attorneys) needed the legal advice to carry out their

11  work or make informed decisions. 2015 WL 294850, at *11 (N.D. Cal. Jan. 21, 2015); *see also In re*

12  *Examination of Privilege Claims*, 2015 WL 13886330, at *3; *Quintel Tech. Ltd. v. Huawei Techs.,*

13  *Inc.*, No. 15-cv-00307, 2017 WL 11631811, at *6 (E.D. Tex. Nov. 2, 2017) (finding privilege did not

14  apply where recipients did not "need[] the information in connection with any role related to the

15  furtherance of legal advice."). And unlike *Garvey* where other Hulu employees "could have accessed"

16  the documents from a separate ticketing platform, here, the communication was sent to recipients'

17  emails. *Garvey*, 2015 WL 294850, at *3. Google should thus, be ordered to produce this document.

18        **8.    Entry #2813**

19        Google states that the withheld document contains ████████████████████████████

20  ████████████████████████ Opp. at 9. While Plaintiffs appreciate this additional information

21  provided for the first time in Google's Opposition, discussions concerning ████████████████

22  may not concern legal work and are, therefore, not "per se" privileged. *City of Roseville*, 2022 WL

23  3083000, at *11. Google does not clarify what ████████████ means in this context and does not state

24  how the document concerns or reflects legal advice. Google has failed repeatedly to provide

25  information adequate to support its claim of privilege and it thus, should be ordered to produce this

26  document.

27

28

**9.    Entry #3265**

Google claims this document "involves Google employees obtaining approval from 'Privacy/Legal'" regarding ████████████████████████████████████████████████

████████████████████████████████████. Opp. at 9. As an initial matter, Google's description that this document ████████████████████████████████████████████████████████

████████████████████████—suggesting that Google's re-review resulted in the clarification of its privilege claim. Regardless, because "there is no evidence that [Google's] counsel ever received or reviewed" the request, much less bothered to respond, the document is not privileged. *MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 4:11-cv-05341-YGR-JSC, 2013 WL 5594474, at *1 (N.D. Cal. Oct. 10, 2013). Even if portions of the email string do seek legal advice, that "is not enough to confer privilege on every subsequent email in the chain; each communication must survive independent analysis." *In re Chase Bank USA, N.A. "Check Loan" Contract Litig.*, No. 3:09-md-2032-MMC-JSC, 2011 WL 3268091, at *5 (N.D. Cal. July 28, 2011); *accord, e.g.*, *Datel Holdings Ltd. v. Microsoft Corp.*, No. 09-cv-05535-EDL, 2011 WL 866993, at *6 (N.D. Cal. Mar. 11, 2011) (same); *Bruno v. Equifax Info. Servs., LLC*, No. 2:17-cv-327-WBS-EFB, 2019 WL 633454, at *5 (E.D. Cal. Feb. 14, 2019) ("While the other communications in these documents are privileged, the email from [plaintiff] is not and must be produced."). Google should be ordered to produce this document, either in whole, or in minimally redacted form.

**10.    Entry #9955**

Google withholds this document as attorney-client privilege and work product protected and describes it as containing ████████████████████████████████████████

████████████████████████████████████████ Opp. at 9 (emphasis added). This detailed description identifying the investigation at issue was provided for the first time in its Opposition. This information is exactly what Plaintiffs have previously sought since receiving Google's deficient logs. *See* ECF Nos. 393 at 16; 339 at 3. As Google now identifies the type of governmental investigation at issue, Plaintiffs do not challenge redactions to comments relating to ████████████████████. To the extent that the document contains comments unrelated to this investigation, however, Plaintiffs challenge Google's privilege and work product protection claims.

The detail set forth for the first time in briefing to the Court stands in stark contrast to the three hundred entries withheld for work product remaining on Google's privilege logs, which do not identify the type of investigation at issue or the type of proceeding that might follow. Plaintiffs maintain their challenges to these documents on the basis that Google has not provided sufficient detail to assess its claim of work product protection.

## III.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court grant Plaintiffs' Motion, and order Google to produce the exemplar documents that remain at issue <u>by no later than February 7, 2023</u>, swiftly engage in a meaningful re-review of its privilege designations with production of de-designated documents <u>by February 10, 2023</u>, and for documents for which it maintains a claim of privilege or work product protection, to supplement its privilege logs to provide additional information needed for Plaintiffs to assess its claims of privilege and work product protection <u>by February 15, 2023</u>.

DATED: January 13, 2022

Respectfully submitted,

**PRITZKER LEVINE LLP**

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
1900 Powell Street, Ste. 450
Oakland, CA 94602
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

**BLEICHMAR FONTI & AULD LLP**
Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
555 12th Street, Suite 1600
Oakland, CA 94607

Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*adavis@bfalaw.com*
*jsamra@bfalaw.com*

**SIMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Jenny Paulson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*jpaulson@simmonsfirm.com*

**DICELLO LEVITT LLC**
David A. Straite (admitted *pro hac vice*)
James Ulwick (admitted *pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel: (646) 993-1000
*dstraite@dicellolevitt.com*
*julwick@ dicellolevitt.com*

**COTCHETT PITRE & MCCARTHY, LLP**
Nancy E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal Bar. No. 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road
Burlingame, CA 94010
Tel.: (650) 697-6000
*nnishimura@cpmlegal.com*
*bdanitz@cpmlegal.com*
*kswope@cpmlegal.com*

**BOTTINI & BOTTINI INC.**
Frances A. Bottini, Jr. (Cal. Bar No. 175783)
Yuri A. Kolesnikov (Cal. Bar No. 271173)
7817 Ivanhoe Ave., Ste. 102
LA Jolla, CA 92037
Tel.: (848) 914-2001
*fbottini@bottinilaw.com*
*ykolesnikov@bottinilaw.com*

*Plaintiffs' Executive Committee*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)

I, Joshua D. Samra, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of January, 2023, at San Francisco, California.

_/s/ Joshua D. Samra_
Joshua D. Samra