Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

[Additional Counsel Appear on Signature Page]

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* | **CASE NO. 4:21-CV-02155-YGR-VKD** |
| *This document applies to all actions.* | **PLAINTIFFS' RESPONSE TO GOOGLE'S ADMINISTRATIVE MOTION FOR CLARIFICATION**<br><br>Judge: Hon. Virginia K. DeMarchi |

Case No. 4:21-cv-02155-YGR-VKD
PLS' RESPONSE TO GOOGLE'S ADMIN. MTN. FOR CLARIFICATION

## I. INTRODUCTION

Google's barebones and baseless administrative motion for "clarification" creates mischief and should be denied. The motion, filed more than a month after the Court issued its December 16, 2022 Order, Dkt. 382 ("the Order"), is in reality a *motion for reconsideration* of that Order's requirement that Google produce, by January 31, 2023 "documents sufficient to show for each plaintiff the "verticals' data fields Google shared with RTB participants" together with any "information Google provided to RTB participants that would permit those participants to infer information about [the plaintiffs] based on verticals linked with [their accounts]." Dkt. 382 at 5.

Inexplicably, and without conferring with plaintiffs, Google waited until the week before the January 31, 2023 compliance deadline to request that the Court relieve it of any obligation to produce information nebulously described as "linked only to websites" the named plaintiffs visited and on which an RTB participant sought to display an ad—information that Google *concedes* it shared about the named plaintiffs through RTB. *See* Mot. at 1. Google provides no basis for reconsideration, however. Procedurally, the motion is untimely and deficient and fails to meet any of the legal requirements for reconsideration. *See* N.D. Cal. Civil L.R. 7-9. Substantively, the motion lacks a good faith basis and fails the requirements for good cause. Google provides no argument in its one-page "brief" as to why the relief it seeks is being requested, or why such relief is even warranted – particularly at this late stage, after a compliance date has been set and the case schedule has been extended to afford plaintiffs the benefit of this highly-litigated, highly-relevant, and highly-anticipated production. *See Padgett v. Loventhal*, 2015 WL 13753300 (N.D. Cal. May 13, 2015); *Disney Enterprises, Inc. v. VidAngel Inc.*, 2017 WL 6819882 (C.D. Cal. Oct. 5, 2017). The motion should be denied, and Google must fully comply with the Order.

## II. RELEVANT BACKGROUND

The production of named plaintiff data, which includes a subset of "verticals" information, has been at the forefront of discovery in this litigation –and highly and repeatedly contested – since the start of the case. *See, e.g.* Dkt. 1, Compl., ¶¶ 106-109; Dkt. 92, Consol. Class Action Compl., ¶¶ 141-144; *see also* Dec. 6, 2022 Hr'g Tr. at 73:13-23 (noting that production of verticals information has been a key discovery issue from the beginning of the case). Despite the centrality of this

information to plaintiffs' claims and Google's defenses, Google has staunchly refused to produce responsive discovery.

On December 6, 2022, after multiple prior briefings and hearings, the Court held a two-hour hearing regarding Google's production of named plaintiff data. During the hearing, the parties and the Court specifically discussed production of verticals information, which plaintiffs allege to consist of information derived from their browsing history (i.e., the specific, detailed URLs shared through RTB) used to facilitate targeted advertising by identifying a named plaintiff as falling within particular categories (e.g. categories based on medical issues, race, religion, ethnicity), either directly or indirectly. *See, e.g.,* Dkt. 1, ¶¶ 106-109; Dkt. 92, ¶¶ 141-144. Plaintiffs asked that Google be compelled to produce documents showing "both the explicit sharing of verticals associated with the named plaintiffs and any implicit sharing that facilitates ad targeting." Dkt. 382 at 5. The Court granted this request. Specifically, the Order clearly requires that Google produce the following:

> "…documents sufficient to show for each named plaintiff the 'verticals' data fields it shared with RTB participants during the class period. In addition, Google must produce documents sufficient to show for each named plaintiff the information, if any, that it provided to RTB participants that would permit those participants to infer information about the account holder based on verticals linked with the account holder."

Dkt. 382 at 5. The compliance deadline for such production is January 31, 2023. *Id.*

Google waited over a month, until January 19, 2023, to ask the Court to "clarify" that Google need not produce information about the named plaintiffs—the websites they visited—that Google concedes it shared through RTB (*see* Mot. at 1), and through which Google and RTB participants may infer information "about the account holder [i.e., the named plaintiffs] based on verticals linked with [them]." Google fails to set forth any good cause for its "clarification" request because there is none.[1] As set forth below, the Order is clear. There is no basis to reconsider or change it, or to relieve Google of its production obligation on the schedule ordered by the Court.

### III.    ARGUMENT

"[T]he clarification process presumes some legitimate need supporting relief, such as the

---

[1] Google also did not meet and confer with plaintiffs ahead of filing its motion, nor offer plaintiffs any substantive reason for its requested relief. Pritzker Decl., ¶¶ 16-17.

existence of ambiguity or confusion that can be corrected with further explanation. But where an order or direction of the court is clear, it follows that clarification is unnecessary." *Mohammed v. City of Morgan Hill*, No. 5:10-CV-05630 EJD, 2011 WL 5085497, at *1 (N.D. Cal. Oct. 25, 2011).

Here, the Order is clear. By January 31, 2023, Google "must produce 'verticals' information." Dkt. 382 at 7. As defined in the Order, "verticals" information includes:

> "documents sufficient to show for each named plaintiff the 'verticals' data fields [Google] shared with RTB participants during the class period. In addition, Google must produce documents sufficient to show for each named plaintiff the information, if any, that it provided to RTB participants that would permit those participants to infer information about the account holder based on verticals *linked with the account holder*."

Dkt. 382 at 5 (emphasis added).

Google wants the Court to change the emphasized language, and create a distinction between verticals information "linked with the account holder" as compared to verticals information "linked with *only the website*." Mot. at 1 (emphasis added). But, Google's clarification request is a misnomer. What Google is in fact attempting to do, belatedly and without good cause, is to set up a false distinction that would relieve it from producing highly relevant information that the Court already has ordered it to produce after conducting a long hearing on the matter.

The Order pertains to the production of named plaintiff data that is shared through RTB; that is, information Google shared in RTB about the named plaintiffs in this action, each of whom are Google account holders. Google concedes as much in its Motion, acknowledging that the websites would be those **visited by a Named Plaintiff** and would be "used to 'curate bid requests[.]'" (Mot. at 1, 2). Thus, any verticals information contemplated by the Order is necessarily linked to an account holder – a named plaintiff – and Google's requested carveout is not only improper, but would likely result in Google not producing anything pursuant to that Order. Even assuming, *arguendo,* that Google's characterization is accurate, this Court has held that relevant discovery pertains to what is shared through Google RTB. Thus, irrespective of how Google characterizes that the information may be linked, if it is shared through RTB during the relevant time period then Google is under an obligation to produce it. *See* Dkt. 314 at 4:23-27 (directing the production of information sufficient to show what is shared through Google RTB); Dec. 6, 2022 Hr'g Tr. at 67:5-68:9 (reiterating that if

something is shared through RTB, Google must produce responsive discovery as to that information).

Moreover, Google's barebones motion lacks any legal or evidentiary support for the relief requested, and Google therefore fails to carry its high burden in seeking to have the Court take yet another look at an issue it clearly decided already. The motion provides no concrete examples, no explanation, and no particularity as to the types of information Google believes should be excluded from Google's discovery obligations, or why. Merely asserting vaguely that the information at issue is "linked only with a website" is misleading and insufficient. The manner in which RTB information is linked and associated is dynamic and complex, and a claim that a piece of information is "linked only to a website" is rarely, if ever, true. Case in point: Google's claim that one field (*see* Dkt. 382, fn. 4) refers only "to the website the account holder happened to be visiting" is disputed. This field is the categorization of the contents of the specific URL that Google shared with RTB participants *alongside the Account Holder's identifiers*. For example, where an Account Holder exchanges a communication about "deep vein thrombosis symptoms and causes" with the Mayo Clinic, Google shares the *full* URL – https://www.mayoclinic.org/diseases-conditions/deep-vein-thrombosis/symptoms-causes/syc-20352557 – with RTB participants alongside the Account Holder's identifiers and the content categorizations (verticals) Google had made for the URL, *e.g.*, that s/he is exchanging a communication about "heart & hypertension[.]" *See, e.g.* Dkt. 92, Compl., at ¶ 143(d) and Ex. 26 (alleging the sharing of verticals value of 559 for "Heart & Hypertension / Cholesterol Issues").

The above field is one example of the many types of fields that Google is potentially seeking to withhold, but which falls within the scope of the Order – production of verticals information related to named plaintiff data that has been shared through RTB. Indeed, the crux of plaintiffs' claims is that the contents of an RTB bid request is Personal Information because the constellation of information shared is capable of being linked to an individual.[2] Each piece of information is not isolated and shared individually, but rather as a whole, *in order to target an account holder*. Thus, Google's caveat of "linked only to website" is a misleading distinction, seeking to look at a field in vacuum rather than in the context of an RTB Bid Request. Granting relief on this record would, at worst, give Google

---

[2] *See* Cal. Civ. Code § 1798.140(o)(1) (defining Personal Information as "information that identifies, relates to, describes, *is reasonably capable of being associated with, or could reasonably be linked, directly or indirectly*, with a particular consumer or household").

free reign to withhold responsive evidence based on its own interpretation of what is or is not "linked to only a website" and, at best, re-open disputes already resolved as to verticals information. In either case, Google's requested relief undermines the Court's extensive efforts to resolve these issues.

The lack of context and information is particularly suspect given that the Order was issued over a month ago, and Google's deadline to comply is a mere week away. Google should be producing information, not introducing delay. Notably, the motion comes less than a week after Plaintiffs requested, and Google refused, to discuss the forthcoming production of verticals information. Pritzker Decl., ¶¶ 13-15. Google's refusal to engage and be transparent about what it seeks to withhold is particularly troubling. Among the details lacking in Google's motion is whether the information Google now urgently seeks to excise from its production implicates its preservation obligations and prior representations. As discussed at the Dec. 6, 2022 hearing, and noted in the Order, ***Google acknowledged that it had not investigated verticals information shared through RTB – raising concerns about whether it has in fact preserved this information***. Dkt. 382 at 4. Plaintiffs are concerned that Google has now learned that certain responsive information is no longer available and, rather than be transparent about that issue, Google instead seeks to cull that information from production without advising the Court as to the true nature of the issues at hand.

Google knows what it seeks to remove from the ambit of the Order, yet its eleventh-hour motion withholds these key details. Google's motion should be denied. *See Padgett v. Loventhal*, 2015 WL 13753300, at *1 (denying motion where the clarification sought was "unclear," there was no argument or explanation as to why the order was confusing, and because a motion for clarification "cannot be used as a vehicle to raise issues that should have either been raised in the original motion or through a proper motion for reconsideration[]"); *Disney Enterprises, Inc. v. VidAngel Inc.*, 2017 WL 6819882, at *2-3 (finding motion for clarification frivolous where, among other things, the "purpose of the motion was not to seek clarification but rather to seek modification" to permit conduct the movant admittedly knew was prohibited by the Court's order).

## IV.    CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that the Court deny Google's Motion for Clarification. A proposed order is submitted herewith.

DATED:  January 23, 2023

Respectfully submitted,

**PRITZKER LEVINE LLP**

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (Cal. Bar No.146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
1900 Powell Street, Ste. 450
Oakland, CA 94602
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Anne K. Davis (Cal. Bar No. 267909)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*adavis@bfalaw.com*
*jsamra@bfalaw.com*

**SIMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Jenny Paulson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*jpaulson@simmonsfirm.com*

**DICELLO LEVITT**
David A. Straite (admitted *pro hac vice*)
485 Lexington Avenue, Tenth Floor
New York, NY 10017
Tel.: (646) 933-1000
Fax:  (646) 494-9468

*dstraite@dicellolevitt.com*

**COTCHETT PITRE & MCCARTHY, LLP**
Nancy E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal Bar. No. 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road
Burlingame, CA 94010
Tel.: (650) 697-6000
*nnishimura@cpmlegal.com*
*bdanitz@cpmlegal.com*
*kswope@cpmlegal.com*

**BOTTINI & BOTTINI INC.**
Frances A. Bottini, Jr. (Cal. Bar No. 175783)
Yuri A. Kolesnikov (Cal. Bar. No. 271173)
7817 Ivanhoe Ave., Ste. 102
LA Jolla, CA 92037
Tel.: (848) 914-2001
*fbottini@bottinilaw.com*
*ykolesnikov@bottinilaw.com*

*Plaintiffs' Executive Committee*