Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION*<br><br>*This document applies to all actions.* | **CASE NO. 4:21-CV-02155-YGR**<br><br>**DECLARATION OF ELIZABETH C. PRITZKER IN SUPPORT OF PLAINTIFFS' RESPONSE TO GOOGLE'S ADMINISTRATIVE MOTION FOR CLARIFICATION** |

I, Elizabeth C. Pritzker, declare and state as follows:

1. I am an attorney duly admitted to practice before this Court and a partner of Pritzker Levine LLP, one of the law firms representing Plaintiffs in this matter.

2. On August 3, 2021, I was appointed to serve as Interim Class Counsel for Plaintiffs. ECF No. 77.

3. I submit this declaration in support of Plaintiffs' Response to Google's Administrative Motion for Clarification (Dkt. 408). I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

4. Google's current motion for clarification pertains to a category of Named Plaintiff Data, "verticals" information, that has been at the forefront of this litigation since its inception. *See, e.g.* Dkt. 1, Compl., ¶¶106-109 (alleging that Google unlawfully created and disclosed, directly and indirectly, verticals information through RTB); Dkt. 92, ¶¶ 141-144 (same); Pls' Request for Prod. of Docs. No. 42 (requesting production of information, including verticals information, that Google shared through RTB regarding each Named Plaintiff).

5. As refined through extensive meet and confers, briefings, and this Court's orders, the scope of discovery related to Named Plaintiff Data has been defined to be documents sufficient to show information specific to a plaintiff that was shared through RTB. *See, e.g.* Dkt. 314, Order re July 29, 2022 Discovery Dispute re Named Plaintiffs' Data, at 4:23-27 ("The Court expects Google to produce documents sufficient to show, for each named plaintiff, what information specific to that plaintiff was shared with an RTB participant and the details of such sharing. If Google discloses information that allows an RTB participant to identify an account holder based on information the participant may have about that account holder, Google must produce records showing the disclosure of that information as well[]").

6. This scope of discovery was reiterated in the Court's December 16, 2022 Order with respect to verticals information. *See* Dkt. 382. Specifically, the Court ordered that Google must produce, by January 31, 2023,

> documents sufficient to show for each named plaintiff the "verticals" data fields it shared with RTB participants during the class period. In addition, Google must produce documents sufficient to show for each named plaintiff the information, if

      any, that it provided to RTB participants that would permit those participants to infer information about the account holder based on verticals linked with the account holder.

Dkt. 382 at 5:7-12.

      7.      Following the issuance of the December 16 Order, on December 28, 2022, Plaintiffs sent Google a letter identifying fields, including verticals fields, that Plaintiffs believed to be missing from Google's production of Named Plaintiff Data. The December 28, 2022 letter requested a meet and confer on either December 29, 2022 or December 30, 2022.

      8.      Google rejected Plaintiffs' proposed dates, without providing alternate availability.

      9.      Plaintiffs followed up via email on December 30, 2022, again requesting that Google provide availability for a meet and confer, asking for time during the first week of January. Plaintiffs noted that given the tight deadlines a prompt meet and confer was necessary so that the parties could work through the complex issues involved.

      10.      Plaintiffs received no response to the December 30, 2022 email.

      11.      On January 4, 2023, Plaintiffs again followed up on via email offering to meet and confer on January 4, 5, or 6.

      12.      Google responded on January 5, 2023, rejecting all of Plaintiffs' proposed dates and instead offering to meet and confer the following week.

      13.      On January 12, 2023, the Parties met and conferred regarding Google's production of Named Plaintiff Data. During this meet and confer, Plaintiffs asked Google about its forthcoming production of verticals information, requesting that the Parties discuss the anticipated scope of production so that any issues could be resolved expeditiously. Google refused, stating that it was under no obligation to discuss the forthcoming production.

      14.      On January 13, 2023, Plaintiffs sent Google two confirmatory letters, requesting that Google provide a response as to its position on the items identified. I was informed of the general contents of one of the letters and advised that it identified specific fields and information that Plaintiffs believed would be responsive to the Court's order for production of verticals information. I did not personally see this letter as it contained information protected under the *Calhoun* protective order.

15. To date, Google has not provided any substantive response to these inquiries.

16. Instead, on January 18, 2023, Google emailed Plaintiffs, the following:

"Counsel – Google intends to file an administrative motion seeking clarification regarding the meaning of the phrase "verticals linked with the account holder" in the Court's December 16, 2022 order. Please let us know if Plaintiffs will stipulate to this request for clarification. If we do not hear from you by 4 PM PT tomorrow, Thursday, January 19, 2023, we will assume Plaintiffs oppose Google's request for clarification and will so indicate in our papers."

17. On January 19, 2023, Plaintiffs responded that Plaintiffs could not stipulate to a motion for clarification where, despite Plaintiffs' request to do so, Google had refused to confer on the issues and where the request came just weeks before Google's production deadline of January 31, 2023.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct to the best of my knowledge.

This declaration was executed in Emeryville, California on the 23rd day of January, 2023.

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker