COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
LAURA M. ELLIOTT (SBN 286702)
(lelliott@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE NOTICED MOTION PERTAINING TO BERNTSON AND BELOV DISCOVERY DISPUTES** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S OPP'N TO PLAINTIFFS' ADMIN.
MOT. FOR LEAVE TO FILE NOTICED MOTION
CASE NO. 4:21-cv-02155-YGR-VKD

## I.    INTRODUCTION

Pursuant to Civil Local Rule 7-11(b), Google LLC ("Google") submits this opposition to Plaintiffs' Administrative Motion ("Motion").  (ECF No. 402.)  Plaintiffs request leave to file a noticed motion concerning alleged discovery deficiencies Plaintiffs purportedly identified during the personal depositions of Dr. Glenn Berntson and Mr. Stanislav Belov.  Plaintiffs' Motion should be denied for at least three reasons.  ***First***, Plaintiffs' Motion is an improper attempt to circumvent the Local Rules and this Court's Standing Order—which both require that the parties engage in a meet and confer ***before*** burdening the Court with a discovery dispute.  After Google raised valid concerns about Plaintiffs' failure to specify the purported deficiencies in its production, Plaintiffs simply declared an impasse on "all of the issues," ended the process, and sought an exemption from the conferral requirement.  ***Second***, Plaintiffs' Motion asserts good cause for leave to file a noticed discovery motion but fails to identify any deficiency in the Court's expedited discovery dispute resolution procedure.  That is because the Court's procedures are adequate, as Plaintiffs concede.  Plaintiffs' Motion is nothing more than inefficient gamesmanship that will burden the Court and, by design, impose needless additional burden and expense on Google.  ***Finally***, Plaintiffs' Motion attempts to manufacture a need for a noticed discovery motion based on the specious assertion that Plaintiffs did not identify the alleged discovery deficiencies in Dr. Berntson and Mr. Belov's documents until their December 2022 depositions.  But Plaintiffs had Google's production for these witnesses for at least seven months and waited until the depositions to raise the purported deficiencies for the very first time.  Plaintiffs' lack of diligence should not be rewarded.

## II.    BACKGROUND

In late 2021, Google collected ESI for Dr. Berntson and Mr. Belov, and formally designated them as custodians in December 2021.  (Gutkin Decl. ¶ 2.)  Without objection from Plaintiffs, Google confirmed it was proceeding with its custodial review.  (*Id.*)  Google substantially completed its production of these custodians' documents by the April 21, 2022 substantial completion deadline.  (*Id.* ¶ 3.)  Over seven months later, Plaintiffs deposed Dr. Berntson on December 8, 2022, and Mr. Belov on December 13, 2022 (having formally noticed these depositions in November).  (*Id.* ¶¶ 3–7.)  Plaintiffs chose to use much of their seven hours,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

GOOGLE'S OPP'N TO PLAINTIFFS' ADMIN.
MOT. FOR LEAVE TO FILE NOTICED MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

particularly with Mr. Belov, asking each witnesses numerous questions about Google's ESI production. (*Id.* ¶ 8.)  On December 23, 2022, on the eve the Christmas holiday weekend, Plaintiffs sent a letter to Google cursorily outlining purported discovery deficiencies identified in Dr. Berntson and Mr. Belov's depositions. (*Id.* ¶ 9.)  On January 5, 2023, Google informed Plaintiffs it would provide a written response within a few days. (*Id.* ¶ 11.)  After receiving Google's written response on January 10, Plaintiffs declared an impasse the next day on "all of the issues." (*Id.* ¶¶ 12–13.)  Plaintiffs had not requested a lead counsel conference, had only requested to confer in a period largely during the winter holiday break, and the parties never actually conferred live on these disputes. (*Id.* ¶¶ 9, 15.)

## III.    ARGUMENT

### A.    Plaintiffs' Motion is an Improper Attempt to Circumvent the Meet and Confer Requirement Applicable to All Discovery Disputes.

Plaintiffs' Motion should be denied because it improperly seeks to circumvent the meet and confer requirements set forth in this Court's Standing Order and the Local Rules.  This Court's Standing Order establishes a procedure "for expedited resolution of discovery-related disputes," in which the parties first "shall attempt in good faith to resolve" a discovery dispute. *Standing Order for Civil Cases*, Magistrate Judge Virginia K. DeMarchi §§ 3, 4.  Only if those efforts fail, then "the party seeking relief may demand a conference of lead counsel." *Id.* § 4.  And only if a dispute remains following that conference shall the parties file a joint discovery letter brief. *Id.*  Plaintiffs request leave to file a noticed motion, but they did not even make a good faith attempt to resolve their discovery disputes with Google.  In an attempt to narrow the issues, Google asked Plaintiffs to provide specificity on Plaintiffs' demands for hyperlinked documents and dashboards, and to provide specificity on what Plaintiffs claim is relevant in their other demands. (Gutkin Decl. ¶ 12.) Plaintiffs responded by simply declaring an impasse without requesting a lead counsel conference. (*Id.* ¶ 13.)  Plaintiffs' refusal to use this Court's procedure warrants denial of their Motion.

Not only do Plaintiffs attempt to evade the Court's Standing Order, but Plaintiffs also seek to evade the meet and confer requirement applicable to all litigants in the Northern District.  Under the Rules, "the Court will ***not*** entertain a request or a motion to resolve a . . . discovery dispute

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S OPP'N TO PLAINTIFFS' ADMIN.
MOT. FOR LEAVE TO FILE NOTICED MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

1   ***unless***, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of

2   attempting to resolve all disputed issues." Civ. L.R. 37-1(a) (emphasis added).  The Local Rules

3   expressly provide that "[t]he mere sending of a written, electronic . . . communication . . . does not

4   satisfy a requirement to 'meet and confer' . . . this requirement can be satisfied only through direct

5   dialogue and discussion—either in a face to face meeting or in a telephone conversation." Civ. L.R.

6   1-5(n).  The parties have only exchanged letters.  (Gutkin Decl. ¶¶ 9, 12, 15.)

7         Plaintiffs' failure to meet and confer with Google is another reason to deny Plaintiffs'

8   Motion and would alone require denial of the noticed motion.  While your Honor permits a party

9   to seek "leave of court" to file a noticed motion, nothing in the Court's Standing Order authorizes

10  a party to obtain an exemption from the meet and confer requirement under Local Rules.  There is

11  nothing unique about Plaintiffs' discovery disputes that should exempt them a requirement that

12  applies to all litigants in the Northern District.  Plaintiffs simply seek to avoid this requirement

13  because they have not adequately met and conferred with Google and hope to gain a tactical

14  advantage by refusing to do so before seeking relief from the Court.  If the Court granted the

15  Motion, Google would first learn the specific metes and bounds of these claimed discovery

16  deficiencies only when it received Plaintiffs' motion.  This is contrary to the Local Rules and the

17  procedure in this Court's Standing Order, and is highly prejudicial to Google.  (*See* June 7, 2022

18  Hr'g Tr. at 18:10–14 ("the whole point of my process here is to have the parties confer and have

19  serious discussions to narrow the scope of what any dispute is, and I don't want to be in a position

20  of trying to resolve a dispute that doesn't exist because you all have successfully narrowed it."); *id.*

21  at 87:20–21 & 88:4–6 (similar); Feb. 8, 2022 Hr'g Tr. at 6:20-22 ("I just want whatever's the

22  crystallized dispute before me" through the meet and confer process "[o]therwise, it will take us

23  forever to get through these" disputes).)

24      **B.**    **Plaintiffs' Motion Should Be Denied Because Plaintiffs Fail to Explain How this**
               **Court's Expedited Discovery Dispute Resolution Procedure is Inadequate.**

25

26        Plaintiffs' Motion should also be denied because good cause does not exist to burden the

27  Court and Google with a fully noticed motion on disputes the Parties have not even narrowed.

28  Despite asserting that the Court's procedure is inadequate, Plaintiffs concede that it is adequate.

Cooley LLP
Attorneys at Law
San Francisco

3

**Google's Opp'n to Plaintiffs' Admin.
Mot. for Leave to File Noticed Motion
Case No. 4:21-cv-02155-YGR-VKD**

Plaintiffs assert there is "good cause" for this Court to allow them to file a noticed motion because they "do not believe they can explain their position in 1,500 words or fewer[.]"  (Mot. at 3:13–15.)  Yet, Plaintiffs concede they could file "multiple joint discovery dispute letters."  (*Id*. at 3:24.)  Additionally, that these issues can be concisely discussed is proven by the fact that Plaintiffs' purportedly comprehensive and detailed December 23 letter to Google raising all these disputes was less than 850 words.  (Gutkin Decl. ¶ 9.)  There is nothing unique about Plaintiffs' disputes that prevents them from summarizing the disputes in the same manner as Plaintiffs have raised these issues with Google, or from quoting the purportedly relevant evidence, as this Court requires of all litigants in the ordinary course.

Plaintiffs also assert good cause exists because there are "case deadlines again fast approaching and there is not time for plaintiffs" to meet and confer with Google.  (Mot. at 3:11–12.)  Plaintiffs' request itself belies this purported timing emergency.  Plaintiffs seek to notice a hearing for March 7, 2023—*seven weeks* after Plaintiffs filed their present Motion.  (ECF No. 402-2.)  Far from being "efficient," (Mot. at 1:10), Plaintiffs' request will waste time the parties could have used to meet and confer to attempt to narrow the disputes pursuant to the Court's "abbreviated discovery procedures" whose "purpose" is "to give [the parties] an expedited path to resolution." (June 7, 2022 Hr'g Tr. at 19:8–10.)  Plaintiffs' approach to their discovery disputes here is no less "mystif[ying]" than Plaintiffs' prior filing of a noticed motion concerning a prior dispute without leave of Court and an administrative motion to shorten time "instead of asking for . . . relief using this Court's expedited discovery dispute resolution procedures[.]"  (ECF No. 357 at 2.)

Unable to identify any deficiency in this Court's procedure, Plaintiffs brazenly assert that this Court expressly invited Plaintiffs to seek leave to file noticed discovery motions in a June 7, 2022 hearing.  (Mot. at 1:14.)  But the Court said no such thing.  To the contrary, your Honor reiterated her preference, as reflected in the Standing Order, to "encourage the parties to actually confer seriously about their disputes and try to resolve what you can and *not turn this into* . . . *a regular noticed motion*."  (June 7, 2022 Hr'g Tr. at 19:4–8 (emphasis added).)  Plaintiffs offer no valid reason to permit them to deviate from this Court's Standing Order and the Local Rules, like all parties before this Court, and to use the abbreviated discovery dispute resolution procedure.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S OPP'N TO PLAINTIFFS' ADMIN.
MOT. FOR LEAVE TO FILE NOTICED MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

**C.**     **Plaintiffs' Motion Should Be Denied Because It Attempts to Manufacture a Need for a Noticed Motion Based on Nothing More than Specious Assertions.**

Plaintiffs' identification of purported discovery deficiencies also provides no basis to grant leave.  Plaintiffs claim the alleged deficiencies "arose during those depositions" and as ones which Plaintiffs "first identified from the testimony[.]" (Mot. at 1:23–24, 2:14.) But Plaintiffs' assertions are not credible.  Google produced the bulk of documents from Dr. Berntson and Mr. Belov by the April 2022 substantial completion deadline.  (Gutkin Decl. ¶ 3.)  Nearly all the disputes Plaintiffs first raised with Google on December 23, Plaintiffs knew about before Dr. Berntson and Mr. Belov's depositions and Plaintiffs proceeded with the depositions anyway.  First, Plaintiffs raise a dispute about whether Google must produce documents for all of 2022 before each witness's deposition.  (Mot. at 2:20–21.)  But Plaintiffs knew how many documents Google produced for each witness before the depositions.  Plaintiffs could not have expected a production for all of 2022 in light of the substantial completion deadlines of April 21 and July 11, 2022.  (ECF Nos. 83, 221.) Second, Plaintiffs dispute whether Google did (or should have done) searches for hyperlinked documents so that Plaintiffs can "understand" the documents.  (Mot. at 2:18–20.)  But rather than ask Google, Plaintiffs asked the witnesses if hyperlinked documents merely referenced in an exhibit had been produced, to which the witnesses almost always responded by saying they did not know. (Gutkin Decl. ¶ 8.)  But Plaintiffs could not have expected the witnesses to know the production status of documents from Google's massive production.  Third, Plaintiffs dispute whether Google "has produced documents and data as they are maintained in the ordinary course of business." (Mot. at 2:15–16.)  But if Plaintiffs had questions about the format of Google's produced documents, Plaintiffs could have and should have asked Google long before the depositions, rather than taking the depositions to manufacture a purported need to file a noticed discovery motion.

Plaintiffs also aver Google has yet to search for and produce certain unspecified key documents from Messrs. Berntson and Belov.  (*Id.* at 3:2–5.)  Despite Plaintiffs' many discovery motions, this Court has never found any such deficiency in the documents for these custodians.

**IV.**     **CONCLUSION**

For these reasons, Google respectfully requests that the Court deny Plaintiffs' Motion.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

**GOOGLE'S OPP'N TO PLAINTIFFS' ADMIN.
MOT. FOR LEAVE TO FILE NOTICED MOTION
CASE NO. 4:21-CV-02155-YGR-VKD**

1    Dated: January 23, 2023                    COOLEY LLP

2

3                                              By: */s/ Jeffrey M. Gutkin*

4                                                  Jeffrey M. Gutkin

5                                              Attorney for Defendant
                                               GOOGLE LLC

6

7

8    280538996

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28