COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
LAURA M. ELLIOTT (SBN 286702)
(lelliott@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**DECLARATION OF JEFFREY M. GUTKIN IN SUPPORT OF DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE NOTICED MOTION PERTAINING TO BERNTSON AND BELOV DISCOVERY DISPUTES** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

J. GUTKIN DECL. ISO GOOGLE'S OPP'N TO
PLS.' ADMIN. MOT. FOR LEAVE
CASE NO. 4:21-CV-02155-YGR-VKD

I, Jeffrey M. Gutkin, hereby declare:

1. I am a partner at the law firm of Cooley LLP and attorney of record for Google LLC ("Google") in the above-captioned case. I am licensed to practice law in the state of California and am admitted to practice before this Court. I submit this declaration in support of Google's Opposition to Plaintiffs' Administrative Motion for Leave to File a Noticed Motion.

2. Google formally designated Dr. Glenn Berntson and Mr. Stanislav Belov as custodians in Google's December 15, 2021 custodian proposal to Plaintiffs. Google had collected ESI for these custodians in late 2021. Plaintiffs did not object to the designation of Dr. Berntson and Mr. Belov as custodians. Google proceeded with its custodial review for these custodians.

3. Google substantially completed its production of documents for Dr. Berntson and Mr. Belov by the initial April 21, 2022, substantial completion deadline.

4. On October 3, 2022, Plaintiffs sent Google draft deposition notices for the personal depositions of Dr. Berntson and Mr. Belov and requested dates for depositions between November 30 and December 14, 2022.

5. On November 28, 2022, Plaintiffs served on Google formal notices for Dr. Berntson and Mr. Belov's personal depositions. Plaintiffs noticed Dr. Berntson's personal deposition for December 8, 2022, and Mr. Belov's personal deposition for December 13, 2022.

6. Plaintiffs deposed Dr. Berntson on December 8, 2022, for a full seven hours.

7. Plaintiffs deposed Mr. Belov on December 13, 2022, for virtually seven hours.

8. Plaintiffs repeatedly asked Mr. Belov about whether certain documents hyperlinked in exhibits he was shown had been produced, to which Mr. Belov almost always responded that he did not know.

9. On December 23, 2022, on the eve of the Christmas holiday weekend, Plaintiffs sent Google a letter concerning alleged discovery deficiencies, which Plaintiffs claimed to have identified during Dr. Berntson and Mr. Belov's depositions. Plaintiffs did not request a lead counsel conference, only requested to confer at all in a period largely during the winter holiday break, and the parties never actually conferred live on these disputes. The body of the letter contained less than 850 words.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

J. GUTKIN DECL. ISO GOOGLE'S OPP'N TO
PLS.' ADMIN. MOT. FOR LEAVE
CASE NO. 4:21-CV-02155-YGR-VKD

10. On January 4, 2023, Plaintiffs sent an email asking when Google would respond to their December 23 letter.

11. On January 5, Google informed Plaintiffs that it would respond in writing to their December 23 letter within a few days.

12. On January 10, Google provided a letter to Plaintiffs, which responded to their December 23 letter. Expressly stating that Google was willing to investigate further, Google requested that Plaintiffs: (a) identify specific dashboards that they claim are responsive to a request for production and explain why the dashboard is relevant, (b) make a specific discovery request concerning a "source tool at Google" referenced in Plaintiffs' letter, and (c) identify a reasonable number of specific hyperlinked documents discussed during Dr. Berntson's and Mr. Belov's depositions and explain their relevance. Google explained that Plaintiffs could not have expected a production of ESI for all of 2022 for these custodians given the substantial completion deadlines set in April and July 2022. (ECF Nos. 83, 221.) Google further explained that the Court had already rejected Plaintiffs' demand for production of all hyperlinked documents in all produced documents. (ECF No. 116.)

13. On January 11, Plaintiffs responded by email. Plaintiffs declared that "the parties are at an impasse with respect to all of the issues raised by plaintiffs in their December 23 letter." Plaintiffs informed Google of their intent to seek leave to file a noticed motion and demanded that Google inform them by noon the next day whether Google would "agree to stipulate to proceeding in this manner."

14. On January 12, Google informed Plaintiffs that it would oppose their request for leave to file a noticed motion.

15. The parties have not met and conferred live regarding the issues raised in Plaintiffs' December 23 letter.

I declare under penalty of perjury that the foregoing is true and correct.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

J. GUTKIN DECL. ISO GOOGLE'S OPP'N TO
PLS.' ADMIN. MOT. FOR LEAVE
CASE NO. 4:21-CV-02155-YGR-VKD

Dated: January 23, 2023

COOLEY LLP

By: */s/ Jeffrey M. Gutkin*
    Jeffrey M. Gutkin

Attorney for Defendant
GOOGLE LLC

280902382

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

J. GUTKIN DECL. ISO GOOGLE'S OPP'N TO
PLS.' ADMIN. MOT. FOR LEAVE
CASE NO. 4:21-CV-02155-YGR-VKD