UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR   (VKD)<br><br>**ORDER RE SEALING**<br>Re: Dkt. Nos. 392, 394, 397, 400, 409 |

In connection with plaintiffs' motion to compel defendant Google LLC ("Google") to produce several documents Google has withheld from production, the parties filed exhibits and portions of their papers provisionally under seal. Both parties filed administrative motions to consider whether materials Google designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" should remain under seal. Dkt. Nos. 392, 394, 397, 400, 409.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). A litigant seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

Plaintiffs' request that portions of their motion to compel (Dkt. No. 393), Exhibits A and D

to their motion, and their reply brief (Dkt. No. 401) be filed under seal. Dkt. No. 392 at 1; Dkt. No. 400 at 1. Plaintiffs further request that Exhibits C, and E-G to their motion, and Exhibit H to their reply brief be filed under seal in their entirety. Dkt. No. 392 at 2; Dkt. No. 400 at 1. Google requests that portions of its opposition to plaintiffs' motion (Dkt. No. 396) be filed under seal.

The parties' motions to seal concern information submitted in connection with a discovery dispute. The underlying discovery dispute does not address the merits of the parties' claims or defenses, and the Court therefore applies the "good cause" standard of Rule 26(c).

The portions of the submissions that Google seeks to redact contain descriptions or summaries of confidential or privileged communications, confidential proprietary information, or the names and email addresses of current and former Google employees. Dkt. No. 394 at 4; Dkt. No. 397 at 2; Dkt. No. 409 at 2. Google argues that "public disclosure of this information presents a serious risk of irreparable harm to Google, including cyber security risk." Dkt. No. 409 at 3.[1] They further say that if this information was made public, it may "allow individuals . . . to deduce otherwise-confidential details about [Google's business]." *Id.* Finally, they also say that some materials "contain descriptions or summaries of privileged, attorney-client communications and work product from Google in-house counsel providing legal advice." *Id.* at 4.

The Court agrees and finds that good cause exists to seal the following material:

| Document | Portions Sought to be Sealed |
| --- | --- |
| Plaintiffs' Motion to Compel (Dkt. No. 393) | 5:14–16, 5:17–18; 6:2–3; 8:14–22; 9:1–10, 9:16–18; 10:1–12, 10:13–25; 11:1–7, 11:8–11; 12:10–11, 12:11–13; 13:6–11, 13:19–23; 14:11–20, 14:28–15:1; 15:6–9, 15:13–14, 15:16–25, 15:27–28; 16:8–10, 16:17–18, 16:23–24 |
| Exhibit A to the Declaration of Joshua D. Samra (Dkt. No. 393-3) | Highlighted portions at: page 2, ¶ 3; page 3, ¶¶ 1, 3; page 4, ¶¶ 1, 2, 4. |

---

[1] Google's arguments in each of its sealing motions are similar.

| | |
|---|---|
| Exhibit C to the Declaration of Joshua D. Samra (Dkt. No. 393-5) | Entire document |
| Exhibit D to the Declaration of Joshua D. Samra (Dkt. No. 393-6) | Highlighted portions on pages 1, 2 and 3 |
| Exhibit E to the Declaration of Joshua D. Samra (Dkt. No. 393-7) | Entire document |
| Exhibit F to the Declaration of Joshua D. Samra (Dkt. No. 393-8) | Entire document |
| Exhibit G to the Declaration of Joshua D. Samra (Dkt. No. 393-9) | Entire document |
| Google's Opposition to Plaintiffs' Motion to Compel (Dkt. No. 396) | Portions highlighted at: page 4, 8-12 |
| Reply in Support of Plaintiffs' Motion to Compel (Dkt. No. 401) | 3:25; 4:2–5, 4:6–11, 4:12–13, 4:15–17, 4:21; 5:10–11, 5:20; 7:4–13; 9:9–10, 9:12, 9:23–24; 10:2, 10:4, 10:10, 10:11, 10:15–16, 10:26–27, 10:28; 11:8–9, 11:16–19; 12:9–10, 12:19–20, 12:21, 12:23; 13:3–4, 13:5–6, 13:21–22, 13:27 |
| Exhibit H to the Supplemental Declaration of Joshua D. Samra (Dkt. No. 401-2) | Entire document |

Redacted versions of the submissions, reflecting the approved redactions, have already been filed on the public docket. Accordingly, the Court requires no further action from the parties.

**IT IS SO ORDERED.**

Dated: February 6, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge