COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
LAURA M. ELLIOTT (SBN 286702)
(lelliott@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions*, | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE NOVEMBER 1, 2022 HEARING TRANSCRIPT** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE LLC'S ADMIN
MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5, Google LLC ("Google") respectfully submits this Administrative Motion (the "Motion") to Seal Portions of the November 1, 2022 Hearing Transcript (the "Hearing Transcript"), to the concurrently-filed Declaration of Reece Trevor ("Trevor Declaration") as Exhibit A, should remain under seal.

The portions of the Hearing Transcript listed below reflect highly confidential and proprietary information regarding sensitive internal data systems and operations that Google keeps confidential, including Google's internal data logs, data signals, and descriptions of business partnerships. As set forth in Google's Motion and in the Trevor Declaration, Google confirms the confidentiality of these items.

Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below:

| Document | Portions to be filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| November 1, 2022 Hearing Transcript | Portions Highlighted at: 9:1, 9:25, 14:8 | Google |

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for documents related to dispositive motions and a "good cause" test for those "not related, or only tangentially related, to the merits of a case[.]" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, 2018 WL 4561773, at *1 (N.D. Cal.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE LLC'S ADMIN
MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

The Hearing Transcript at issue relates to a non-dispositive discovery motion, and thus the good cause standard applies here. *See, e.g., Pieterson v. Wells Fargo Bank, N.A.*, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("Because the sealing requests were made in conjunction with a nondispositive discovery motion, a showing under the good cause standard will suffice."); *Calhoun v. Google*, Case No. 20-cv-05146, ECF No. 327 at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case"); *id*. at ECF No. 386 (sealing hearing transcripts related to discovery dispute under "good cause" standard.").

### III.   GOOD CAUSE WARRANTS SEALING OF PORTIONS OF THE NOVEMBER 1, 2022 HEARING TRANSCRIPT

Google asks this Court to seal portions of the Hearing Transcript which contain Google's confidential, proprietary information. Pursuant to the good cause standard, Google's sealing request is warranted.

As an initial matter, the proposed redactions are narrowly tailored to redact only the specific portions of the Hearing Transcript that reflect confidential information, and thus do not "unduly limit[] public access." *ASUS Comput. Int'l v. Round Rock Res., LLC*, 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

Good cause exists to support Google's narrow sealing request. As explained in the Trevor Declaration, each of the portions of the Hearing Transcript that Google seeks to seal contain confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly. (Trevor Decl. ¶ 7.) Specifically, these portions reference technical details and identifiers related to highly sensitive data logs and data systems that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors. (*Id*.) This information includes details pertaining to Google's internal projects and their proprietary functionalities, data infrastructure,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE LLC'S ADMIN
MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

logs, and metrics, as well as details relating to the burden associated with producing such information in litigation. Public disclosure of documents that contain technical details and identifiers related to Google's highly sensitive data logs and data systems place Google at risk of irreparable harm because these may reveal Google's internal strategies, system designs, and business practices for operating and maintaining many of its important proprietary services. (Trevor Decl. ¶ 8.) This creates a serious cybersecurity risk: third parties may seek to use this information to compromise Google's data sources, including data logs, internal data structures, and internal identifier systems. (*Id*. ¶ 10.)

Courts in this District routinely find that references to analogous data logs and data systems warrant sealing. *See, e.g.*, *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, ECF No. 192, at 3–9 (N.D. Cal. May 3, 2017) (granting motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems). This Court has already previously sealed similar descriptions of internal data logs. *In re Google RTB Consumer Privacy Litig.*, No. 21-cv-02155-YGR, ECF No. 186 (N.D. Cal. Apr. 29, 2022) (sealing descriptions of data sources); ECF No. 324 (N.D. Cal. Sept. 26, 2022) (sealing portions concerning Google's data signals, internal strategy, and business practices).

Furthermore, portions of the Hearing Transcript that Google seeks to seal contain confidential, sensitive information concerning Google's internal strategy and business practices, including descriptions of business partnerships, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. (Trevor Decl. ¶ 5.) Public disclosure of this information could give Google's competitors an unfair advantage by revealing Google's business negotiations with different partners. (*Id.* at ¶ 6.) Courts in this District routinely grant requests to seal this type of information even under the more stringent compelling reasons standard. *See, e.g.*, *Reputation.com, Inc. v. Mullarkey*, 2022 WL 4775881, at *2 (N.D. Cal. Sept. 30, 2022) (sealing confidential business and financial information relating to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE LLC'S ADMIN
MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

the terms of an acquisition); *In re Qualcomm Antitrust Litig.*, 2022 WL 4137580, at *2 (N.D. Cal. Aug. 26, 2022) (sealing confidential information regarding business strategies, financial terms of licensing agreements, and negotiations).

In sum, because good cause exists and Google has articulated a particularized harm resulting from public disclosure of information, the Court should find that this information warrants sealing.

**IV.  CONCLUSION**

For the foregoing reasons, Google respectfully requests the Court seal the aforementioned portions of the Hearing Transcript.

Dated: February 14, 2023                     COOLEY LLP

                                             By: */s/ Whitty Somvichian*
                                                 Whitty Somvichian

                                             Attorneys for Defendant
                                             GOOGLE LLC

280501266

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE LLC'S ADMIN
MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD