February 28, 2023

Magistrate Virginia K. DeMarchi
San Jose Courthouse, Courtroom 2-5th Floor
280 South 1st Street, San Jose, CA 95113

        Re:    *In re Google RTB Consumer Privacy Litigation*, No. 21-cv-02155-YGR-VKD
              Joint Discovery Dispute – Bid Response Fields

Dear Magistrate Judge DeMarchi:

      Plaintiffs and Defendant Google LLC ("Google") (together, the "Parties") submit this joint letter brief regarding Google's production of Named Plaintiff Data ("NPD") in RTB bid responses. The Parties conferred on January 12, 2023, and on February 9, 2023, and have reached impasse on the issues discussed below. The specific bid response fields in dispute are set forth in **Exhibit A**.

I.    **PLAINTIFFS' POSITION**

      On August 26, 2022, the Court ordered that Google produce "documents sufficient to show, for each named plaintiff, what information specific to that plaintiff was shared with an RTB participant and the details of such sharing," and "cookie-matching" data. Dkt. 314 at 4, 8 ("Order"). Since the Court issued its Order, the parties met and conferred regarding Google's production. Google has only produced 11 out of 69 total bid response fields. On December 28, 2022, plaintiffs sent Google correspondence identifying 33 bid response fields missing from Google's production, which should be produced. Plaintiffs have narrowed their request and seek the production of only 11 missing bid response fields. *See* Ex. A.

      Google objects that the 11 bid response fields do not fall within the Order because, Google says, bid responses are not relevant evidence of sharing in RTB. Google's construction of the Order is nonsensical, overly narrow, and deprives plaintiffs of the "details of such sharing" in RTB, which occur in both bid requests *and* bid responses. Google has in fact produced bid response fields, so its claim that it is not required to do so, or that response fields are not relevant, is nonsensical. Here, the 11 bid response fields remaining in dispute are plainly relevant to the parties' claims and defenses. These fields inform whether information Google shares in bid requests [REDACTED]

      Moreover, Google concedes certain bid response fields [REDACTED], but objects that production of the small subset of at-issue fields is duplicative and disproportionate. Google cites no burden associated with producing the additionally requested 11 fields, so its claims of disproportionality ring hollow. Further, production of these 11 fields is not duplicative. Google has thus far produced only 11 out of 69 bid response fields for the winning bid recipients, and Google provides no explanation of how the additional at-issue fields (another 11 fields, amounting to a production of less than one-third of the total number of bid response fields) duplicate the fields already produced – in fact, they would not. Importantly, the at-issue fields relay information with respect to both winning *and* non-winning participants.

February 28, 2023
Page 2

Further, Google complains that bid response fields ▓▓▓▓▓▓▓▓▓▓▓▓. Google ignores that ▓▓▓▓▓▓▓ still offer details of Google's sharing of plaintiffs' information. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Contrary to Google's assertion below, such information is directly relevant to the plaintiffs' claims in this case and falls squarely within the zone of targeted, relevant discovery.

Finally, Google claims plaintiffs have a "sudden interest" in bid response fields and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ but this assertion is wrong. For example, plaintiffs' complaint contains detailed allegations about the sharing of personal information through RTB, including non-winning RTB participants' receipt of personal information and the bid response. *See, e.g.,* Dkt. 92, ¶¶ 7, 132, 134, 151, 513. Plaintiffs have been seeking discovery directed to these allegations for over a year and a half.

Plaintiffs move to compel the following bid response fields:

**ad.attribute (Row 1)**: This field establishes that the NPD that Google sells and shares is plaintiffs' ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See, e.g.* Google's Authorized Buyers Real-time Bidding Proto, *available* at https://developers.google.com/authorized-buyers/rtb/realtime-bidding-guide ("Public Proto"); Buyer-Declarable Creative Attributes, *available* at https://developers.google.com/authorized-buyers/rtb/downloads/buyer-declarable-creative-attributes.

**ad.category (Row 2)**: This field is evidence of whether the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See* Dkt. 185 at 5; Dkt. 344 at 3-4. The Court noted that "whether plaintiffs were shown sensitive ads *may* be relevant to standing and other class certification issues[.]" Dkt. 344 at 4 (emphasis in original). ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

February 28, 2023
Page 3

▮▮▮▮▮ The data field is directly relevant to plaintiffs' claims, and Google's defenses, in this case.

**ad.restricted_category (Row 3)**: This field is further evidence of whether the plaintiffs ▮▮▮▮▮ *See* Public Proto; Ad Restricted Categories, *available at* https://developers.google.com/authorized-buyers/rtb/downloads/ad-restricted-categories.

**ad.native_ad.click_link_url, ad.advertiser_name, ad.sdk_rendered_ad.declared_ad.click_through_url, ad.skadn.itunesitem, ad.skadn.sourceapp, ad.advertised_app_id (Rows 4-9)**: These fields contain evidence of the ▮▮▮▮▮

**ad.slot.third_party_buyer_token (Row 10)**: This field contains a ▮▮▮▮▮ The extent of Google's sale and sharing of the named plaintiffs' personal information is relevant to establishing the nature and scope of Google's privacy violations and breaches of its promises to users which, again, are central allegations in this case.

**no_bid_reason (Row 11)**: In this field, a bidder can ▮▮▮▮▮

██████████████████████████████████████████████████████████████████ the data is relevant in that it provides common evidence that can be used by plaintiffs at class certification and trial.

In sum, the 11 Bid Response fields set forth above contain the details of the nature and scope of how Google shares the named plaintiffs' personal information in RTB auctions. The fields are particularly relevant to the parties' claims and defenses, including whether the at-issue data is the named plaintiffs' "personal information," whether the named plaintiffs were targeted with sensitive ads, and the details of cookie matching that occurs in RTB auctions. Google should be compelled to produce these fields.

II.     GOOGLE'S POSITION

Plaintiffs' demand for data from bid responses should be rejected because it exceeds the scope of this Court's prior order on named Plaintiff data and seeks information that has nothing to do with the issues in this case. Throughout the discovery process, this case has been about Plaintiffs' theory that Google "provides highly specific information about the target *in the bid request provided* to RTB auction [p]articipants." ECF No. 233 at 2; *see also, e.g.*, ECF Nos. 68 (Plaintiffs summarizing their claim that "Google provides auction participants with a Bid Request, which includes data that identifies the individual person being targeted through unique identifiers, device identifiers, IP addresses, and other information."), 184 ("The claims and defenses in this case may require discovery of . . . what information Google *discloses* to third parties through RTB and under what circumstances that disclosure is made." (emphasis added)). Consistent with their own theory that "this case relates to Google's disclosure of information," Plaintiffs have never—until now—taken the position that the information Google *receives* from third parties in "bid responses" is relevant or responsive to their discovery requests.[1] ECF No. 82 at 7. Notably, such an argument appeared nowhere in Plaintiffs' earlier briefing on the scope of data Google must produce regarding the named Plaintiffs. *See generally* ECF No. 268-3. But Plaintiffs now demand that Google produce eleven data fields—not from bid requests transmitted to third parties—but in bid responses that Google received from them. These demands should be rejected.[2]

First, Plaintiffs' attempt to shoehorn bid response data into the text of the Court's August 26, 2022 discovery order falls flat. Plaintiffs rely on the Court's order that Google produce "documents sufficient to show, for each named plaintiff, what information specific to that plaintiff was *shared with* an RTB participant and the details *of such sharing*." ECF No. 314 ("August 26 Order") at 4 (emphases added). Plaintiffs fail to explain, however, how data in bid responses,

---

[1] Notably, none of Plaintiffs' 113 requests for production refer to "bid responses."

[2] Plaintiffs' insistence on briefing this dispute in a separate letter brief, over Google's objections, needlessly burdens the Court as well. This brief's subject matter is closely linked to the Parties' dispute regarding the bid request fields that Google has produced and that Plaintiffs insisted on briefing separately. (See ECF No. 365.) Google includes its position statement here because Plaintiffs threatened to file a unilateral brief otherwise, but objects to Plaintiffs' tactics as violating the Court's standing order that "parties should not use multiple letters to avoid the word limits" set forth for discovery disputes. Standing Order for Civil Cases, Magistrate Judge Virginia K. DeMarchi, ¶ 4

which reflect information *sent to* Google, is needed to show the Plaintiff-specific information "shared with" RTB participants. They offer only an anemic claim that bid response fields reflect "the details of such sharing" because they "inform whether the information that Google shares in bid requests is 'personal information," but this amorphous standard appears nowhere in the August 26 Order on which Plaintiffs rely. And even if Plaintiffs could manufacture some indirect connection between bid response information and data contained in bid requests, further production would not be necessary to provide Plaintiffs with information "sufficient to show" the data Google shares and the details of the sharing, which is all that the Court required. *Id.*

Plaintiffs also assert that certain bid response fields  Google has already produced substantial information from its ▬▬▬ ▬▬▬ ▬▬▬ Plaintiffs' demand for data from bid responses is therefore focused on information regarding ▬▬▬ ▬▬▬ While the Court has recognized that Plaintiffs "may be required to demonstrate that the named [P]laintiffs were shown ads as a result of sharing of their personal information through RTB," it has never suggested, and Plaintiffs have never before asserted that ▬▬▬ are relevant to any claim or defense. August 26 Order at 7. Plaintiffs' demand for bid response data should be rejected in its entirety for this overarching reason.

A field-by-field analysis of the fields Plaintiffs seek reinforces this conclusion.

- Plaintiffs argue the **ad.attribute** field is relevant 

- Plaintiffs contend that the **ad.category** and **ad.restricted_category** fields demonstrate 

███

- Plaintiffs say the **ad.native_ad.click_link_url** and **ad.declared_ad.click_through_url** fields are needed to show ███

- Plaintiffs say the **ad.advertiser_name** is necessary to show ███ s███

- Plaintiffs say that the **skadn.itunesitem** and **ad.advertised_app_id** fields show t███

- Plaintiffs state that the **ad.slot.third_party_buyer_token** field ███

- Finally, Plaintiffs are wrong in claiming that ███ **no_bid_reason** ███

For all these reasons, the Court should reject Plaintiffs' sudden and inexplicable interest in bid response fields as irrelevant, unnecessary, and unduly burdensome.

### III. NECESSITY OF A HEARING

#### A. Plaintiffs' Position

Production of Named Plaintiff Data and whether it will be representative of class claims is critical to Plaintiffs' case. Plaintiffs request a hearing and further request, for this and any other hearing scheduled between now and April 4, 2023, that the hearing be conducted remotely via

February 28, 2023
Page 7

Zoom, to accommodate plaintiffs' counsel who is unable to attend in person proceedings during this time due to physical injuries.

### B. Google's Position

Unless the Court would benefit from a hearing, in light of the irrelevance of bid responses to "what information specific to [each] plaintiff was shared with an RTB participant and the details of such sharing," ECF No. 314 at 4, Google does not believe a hearing on these issues is necessary.

## IV. DISCOVERY CUT-OFFS

The Parties' deadline to substantially complete their production of documents in advance of class certification passed on July 11, 2022. The fact discovery cut-off is November 10, 2023, and the close of expert discovery is February 9, 2024. Dkt. 391. Plaintiffs' deadline for filing a motion for class certification is May 23, 2023. *Id.*

## V. COMPLIANCE WITH MEET AND CONFER REQUIREMENT

In compliance with the Court's meet and confer requirements, the parties met and conferred several times via Zoom. The final lead counsel meet and confer was held on February 9, 2023, via Zoom. On Plaintiffs' side, Elizabeth C. Pritzker, Jay Barnes, Anne Davis, An Truong and Jenny Paulson attended. On Google's side, Whitty Somvichian and Kelsey Spector, among others, attended.

Respectfully submitted,

Dated: February 28, 2023

PRITZKER LEVINE LLP

By: */s/ Elizabeth C. Pritzker*
ELIZABETH C. PRITZKER (SBN 146267)
JONATHAN K. LEVINE (Cal. Bar No. 220289)
BETHANY CARACUZZO (Cal. Bar No. 190687)
CAROLINE CORBITT (Cal Bar No. 305492)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com

*Interim Class Counsel*

Dated: February 28, 2023

BLEICHMAR FONTI & AULD LLP

By: */s/ Anne K. Davis*

February 28, 2023
Page 8

        LESLEY E. WEAVER (SBN 191305)
        ANNE K. DAVIS (Cal. Bar No. 267909)
        JOSHUA D. SAMRA (SBN 313050)
        555 12th Street, Suite 1600
        Oakland, CA 94607
        Tel.: (415) 445-4003
        Fax: (415) 445-4020
        lweaver@bfalaw.com
        jsamra@bfalaw.com

Dated: February 28, 2023        SIMMONS HANLY CONROY LLC

        By: */s/ Jay Barnes*
        JASON 'JAY' BARNES (admitted *pro hac vice*)
        AN TRUONG (admitted pro hac vice)
        112 Madison Avenue, 7th Floor
        New York, NY 10016
        Tel.: (212) 784-6400
        Fax: (212) 213-5949
        jaybarnes@simmonsfirm.com

Dated: February 28, 2023        DiCELLO LEVITT LLC

        By: */s/ David A. Straite*
        DAVID A. STRAITE (admitted pro hac vice)
        485 Lexington Avenue, Suite 1001
        New York, NY 10017
        Tel.: (646) 933-1000
        dstraite@dicellolevitt.com

Dated: February 28, 2023        COTCHETT, PITRE & McCARTHY LLP

        By: */s/ Nanci E. Nishimura*
        NANCI E. NISHIMURA (SBN 152621)
        BRIAN DANITZ (SBN 247403)
        840 Malcolm Road, Suite 200
        Burlingame, CA 94010
        Tel.: (650) 697-6000
        Fax: (650) 697-0577
        nnishimura@cpmlegal.com
        bdanitz@cpmlegal.com

Dated: February 28, 2023        BOTTINI & BOTTINI, INC.

        By: */s/ Yury A. Kolesnikov*
        FRANCIS A. BOTTINI, JR. (SBN 175783)

                        YURY A. KOLESNIKOV (SBN 271173)
                        7817 Ivanhoe Avenue, Suite 102
                        La Jolla, CA 92037
                        Tel.: (858) 914-2001
                        Fax: (858) 914-2002
                        fbottini@bottinilaw.com
                        ykolesnikov@bottinilaw.com

                        *Counsel for Plaintiffs and the Proposed Class*

Dated: February 28, 2023          COOLEY LLP

                        */s/ Whitty Somvichian*
                        Michael G. Rhodes
                        Whitty Somvichian
                        Kelsey R. Spector
                        Reece Trevor
                        Anupam S. Dhillon
                        3 Embarcadero Center, 20th floor
                        San Francisco, CA 94111-4004
                        Tel.: 415-693-2000
                        Fax: 415-693-2222
                        rhodesmg@cooley.com
                        wsomvichian@cooley.com
                        kspector@cooley.com
                        rtrevor@coole.ycom
                        adhillon@cooley.com

                        Robby L.R. Saldaña
                        Khary J. Anderson
                        1299 Pennsylvania Avenue NW, Suite 700
                        Washington, DC 20004-2400
                        Tel.: 202-776-7800
                        Fax: 202-842-7899
                        rsaldana@cooley.com
                        kjanderson@cooley.com

                        Attorneys for Defendant
                        GOOGLE LLC

February 28, 2023
Page 10

### **ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, Elizabeth C. Pritzker, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th of February, 2023, at Emeryville, California.

*/s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker

# EXHIBIT A

|     | **Bid Response Fields at Issue for February 28, 2023 Joint Letter Brief** |
| --- | --- |
| 1.  | ad.attribute |
| 2.  | ad.category |
| 3.  | ad.restricted_category |
| 4.  | ad.native_ad.click_link_url |
| 5.  | ad.advertiser_name |
| 6.  | ad.sdk_rendered_ad.declared_ad.click_through_url |
| 7.  | ad.skadn.itunesitem |
| 8.  | ad.skadn.sourceapp |
| 9.  | ad.advertised_app_id |
| 10. | ad.slot.third_party_buyer_token |
| 11. | no_bid_reason |