Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
Caroline Corbitt (Cal Bar No. 305492)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*
*ccc@pritzkerlevine.com*

*Interim Class Counsel*

[Additional Counsel on Signature Page]

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION*<br><br>This document applies to all actions. | **CASE NO. 4:21-CV-02155-YGR-VKD**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CONTEMPT AND SANCTIONS FOR VIOLATIONS OF AUG. 26, 2022 AND DEC. 16, 2022 DISCOVERY ORDERS [DKT. NOS. 314, 382]**<br><br>Judge: Hon. Virginia K. DeMarchi<br>Date:  April 4, 2023<br>Time:  10:00 a.m.<br>Courtroom:  2, Fifth Floor |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT on April 4, 2023, at 10 a.m., in Courtroom 2, 5th Floor, of this Court, located at 280 South 1st Street, San Jose, California, before the Honorable Virginia K. DeMarchi, Magistrate Judge of the United States District Court for the Northern District of California, plaintiffs will and do hereby move the Court, pursuant to Federal Rules of Civil Procedure 16(f) and 37(b) and Civil Local Rule 37, and for the reasons set forth below and in the accompanying Declaration of Jonathan K. Levine ("Levine Decl."), for an order of contempt and imposition of evidentiary and monetary sanctions against Google for its willful failure to comply with discovery orders entered by Court on August 26, 2022 (the "Aug. 26 Order") (Dkt. 314) and December 16, 2022 (the "Dec. 16 Order") (Dkt. 382) with respect to the production of interest-based categories (called "verticals") pertaining to the named plaintiffs during the class period.  A proposed order is submitted herewith.

The Court ordered Google to produce verticals data related to the named plaintiffs during the class period by January 31, 2023.  Google made no production of verticals data on January 31, 2023.  On February 9, 2023, Google finally and belatedly made a partial production of verticals data that appears to be for the named plaintiffs.  This production is severely incomplete, has been stripped of key data, and facially fails to comply with the Aug. 26 and Dec. 16 Orders in multiple respects.  On February 10, 2023, plaintiffs sent Google a letter asking Google to comply with the Court's Orders and make a full and complete production of verticals data for the named plaintiffs.  Google waited 12 days to respond to this letter, but has not made any subsequent production of verticals data that would cure all of the problems with the late February 9, 2023 partial production.

This motion seeks an order of contempt, imposition of evidentiary sanctions, and monetary sanctions in the form of costs and attorneys' fees for Google's willful and knowing violation of this Court's discovery orders, on the grounds set forth in the accompanying memorandum of points and authorities, and upon any further grounds the Court may determine or that plaintiffs may assert on reply or at hearing in this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Google has twice been ordered by this Court to produce verticals information relating to the named plaintiffs.  *See* Aug. 26 Order (Dkt. 314); Dec. 16 Order (Dkt. 382).  On August 26, 2022, the Court ordered Google to produce certain categories of data relating to the named plaintiffs.  *See* Aug. 26 Order at 4-5.  Google failed to produce ***any*** verticals information relating to the named plaintiffs in response to the Aug. 26 Order, which the Court subsequently held to be a violation of that Order.  *See* Dec. 16 Order at 4 ("Google has failed to comply with the Court's August 26 order in one important respect.").  On December 16, 2022, the Court again ordered Google to produce verticals information relating to the named plaintiffs.  *See* Dec. 16 Order at 4-5.  This time, the Court was specific about what Google must produce and for what period the information must be produced, and set a firm deadline for Google to complete that production– January 31, 2023.  *Id.* at 4-5, 7.

In violation of the Dec. 16 Order, Google made no production of verticals information relating to the named plaintiffs on January 31, 2023.  Nor did it produce anything the following week.  On February 9, 2023, after being threatened with a sanctions motion by plaintiffs, Google finally produced some verticals information that it claims relates to the named plaintiffs.  If the February 9 production had been late, but complete, that would have been the end of the matter.  But Google's belated production on February 9 is woefully incomplete, has had key data intentionally stripped out, and still is missing key verticals fields.  In sum, the belated and partial February 9 production still facially fails to comply with the Court's two discovery orders.

Plaintiffs identified some of the problems with the February 9 production to Google in a letter sent the very next day, February 10, and asked Google to promptly cure the many deficiencies in that production and provide answers to questions raised by the production.  Google waited 12 days to respond to that letter, and has not produced any additional verticals information required by the Court's two discovery orders since its deficient February 9 production.

PLAINTIFFS' NOTICE OF MOT. AND MOT. FOR CONTEMPT AND SANCTIONS

Google's ongoing, repeated, and willful violations of the Court's Aug. 26 Order and Dec. 16 Order with respect to verticals information relating to the named plaintiffs is highly prejudicial to plaintiffs and constitutes contempt of this Court.  For the reasons set forth herein and in the accompanying Levine Declaration, Google should be held in contempt and evidentiary and monetary sanctions should be imposed on Google for its discovery misconduct and continued refusal to comply with the Court's orders.

## II.    BACKGROUND

As set forth in the Dec. 16 Order, "plaintiffs allege that Google collects personal and sensitive information about account holders, groups them into interest-based categories called 'verticals,' and then shares the verticals (or information about the verticals) with RTB participants." Dec. 16 Order at 4 (citing to plaintiffs' complaint).  Plaintiffs have been seeking information about the verticals shared by Google through the RTB auctions since discovery first commenced back in May 2021, and Google has been fighting and resisting producing that information for the entire time since then.  *See* Levine Decl., ¶¶ 2-3.

On July 29, 2022, after months of futile meet and confer discussions resulted in Google not producing ***any*** verticals information relating to the named plaintiffs, plaintiffs moved to compel Google to produce various categories of data, which included verticals information directly and indirectly relating to the named plaintiffs.  *See* July 29, 2022 Joint Letter Brief at 1-3 (Dkt. 269); Levine Decl., ¶ 4.

On August 26, 2022, the Court granted plaintiffs' motion to compel and ordered Google to produce certain categories of data relating to the named plaintiffs, as follows:

> The Court expects Google to produce documents sufficient to show, for each named plaintiff, what information specific to that plaintiff was shared with an RTB participant and the details of such sharing.  If Google discloses information that allows an RTB participant to identify and account holder based on information the *participant* may have about that account holder, Google must produce records showing the disclosure of that information as well.

Aug. 26 Order at 4-5 (emphasis in original).

PLAINTIFFS' NOTICE OF MOT. AND MOT. FOR CONTEMPT AND SANCTIONS

After Google claimed to have completed its production of named plaintiff data in response to the Aug. 26 Order, plaintiffs informed Google that certain categories of named plaintiff data responsive to the Aug. 26 Order were missing from Google's production, including, specifically, all of the categories pertaining to verticals.  *See* Levine Decl., ¶ 6.  In subsequent meet and confer discussions, Google again refused to produce any verticals categories in violation of the Aug. 26 Order, which necessitated yet another motion to compel by plaintiffs that was filed on November 21, 2022.  *See* Nov. 21, 2022 Joint Letter Brief at 1-4 (Dkt. 365); Levine Decl., ¶7.

On December 16, 2022, the Court issued its second discovery order on the named plaintiff data.  *See* Dkt. 382.  In the Dec. 16 Order, the Court first held that Google had failed to comply with the Aug. 26 Order when it refused to produce any of the verticals information relating to the named plaintiffs.  *Id.* at 4 ("Google has failed to comply with the Court's August 26 order in one important respect.").  The Court then granted plaintiffs' second motion to compel and ordered Google to produce as follows:

> Plaintiffs say that Google's production must include documents sufficient to show both the explicit sharing of verticals associated with the named plaintiffs and any implicit sharing that facilitates ad targeting.  The Court agrees.  Google must produce documents sufficient to show for each named plaintiff the "verticals" data fields it shared with RTB participants during the class period.  In addition, Google must produce documents sufficient to show for each named plaintiff the information, if any, that it provided RTB participants that would permit those participants to infer information about the account holder based on verticals linked with the account holder.

Dec. 16 Order at 5.

To avoid any further delay by Google, the Court also specifically ordered Google to produce all verticals information relating to the named plaintiffs by no later than January 31, 2023.  *See* Dec. 16 Order at 7.  Google neither sought nor obtained relief from the January 31, 2023 deadline set by the Court.[1]  *See* Levine Decl., ¶ 11.

---

[1] While Google did move for "clarification" of a portion of the Dec. 16 Order, it did not seek any extension of the January 31, 2023 production deadline (*see* Dkt. 408), and the Court never granted Google any such extension when it denied Google's clarification motion orally on January 31, 2023, and then in writing on February 1, 2023.  *See* Dkt. 420.

PLAINTIFFS' NOTICE OF MOT. AND MOT. FOR CONTEMPT AND SANCTIONS

1   Following the Court's Dec. 16 Order, and before the January 31 production deadline,
2   plaintiffs' counsel attempted on multiple occasions to meet and confer with Google's counsel
3   about the scope of Google's verticals production to ensure that the production would be complete
4   and that there would be no further issues requiring judicial intervention.  *See* Levine Decl., ¶ 12.
5   Google and its counsel categorically refused to discuss Google's upcoming production of verticals
6   information with plaintiffs.  *Id.*

7   In violation of the Dec. 16 Order, Google did not produce ***any*** verticals information relating
8   to the named plaintiffs on January 31, 2023.  *See* Levine Decl., ¶ 13.  Nor did it produce that
9   information the following week.  *Id.*  On February 7, 2023, plaintiffs informed Google that in light
10  of Google's continuing violation of the Dec. 16 Order and its continuing refusal to even say
11  whether or when it would comply – despite plaintiffs' repeated efforts to obtain compliance –
12  plaintiffs would be filing a sanctions motion to alert the Court to Google's ongoing violation of
13  the Dec. 16 Order.  *Id*. at ¶ 14.  On February 8, 2023, Google informed plaintiffs that it would be
14  producing verticals information relating to the named plaintiffs the following day.  *Id*. at ¶ 15.

15  On February 9, 2023, Google finally and belatedly produced just some of the verticals
16  information called for by the Aug. 26 and Dec. 16 Orders.[2]  *See* Levine Decl., ¶ 16.  The February
17  9 production, however, is grievously incomplete in at least three material respects, and facially
18  fails to comply with the Court's Orders, as discussed below.

19  **First,** the Dec. 16 Order required Google to produce verticals information shared with RTB
20  participants "***during the class period***."  *See* Dec. 16 Order at 5 (emphasis added).  The class period
21  here is seven years, starting in March 2016.  But in its February 9 production, Google only
22  produced verticals information for a sample of just six weeks, all in 2021 and 2022, and which,
23  notably, is the period ***after*** Google allegedly stopped sharing certain verticals fields in RTB bid
24  requests. This sample represents a mere 1.6 percent of the class period, entirely ignores five of

---

[2] Notably, this partial production was made from two data logs that Google has previously told the Court do not include data that Google shared with RTB participants.  Google's production of verticals fields from these two logs demonstrates the falsity of these prior representations.

1   seven years in the class period, and is plainly unrepresentative of what Google was sharing with

2   RTB participants about the named plaintiffs for most of the class period since Google's practices

3   apparently changed before the period Google sampled.  *See* Levine Decl., ¶ 17.

4        **Second,** and equally critical, Google's February 9 production fails to include three fields

5   of "verticals" information relating to the named plaintiffs, namely, user_lists, content_labels, and

6   app categories.  User_lists include signals that will show when a named plaintiff sent a previous

7   communication on a specific topic or action.  User lists are included as part of the "user profiles"

8   that are shared through RTB bid requests and also are available to RTB participants for

9   pretargeting and other deals.  Content_labels are categories assigned by Google based on the

10  content of the publisher's page being visited by the named plaintiff and Google still uses content

11  labels for both pretargeting and bidding in RTB auctions.  App categories are the app equivalent

12  of verticals for URLs included in RTB bid requests.  App categories are identified in a field called

13  app_category_fatcat_ids.  Plaintiffs identified these three fields of verticals data to Google prior

14  to the February 9 production, and these three fields should have been included in the production

15  because they are responsive to the Dec. 16 Order and were known to Google prior to that time.

16  *See* Levine Decl., ¶ 18.

17       **Third**, while Google claims that the limited verticals data it has produced relates to the

18  named plaintiffs, and that plaintiffs should be able to link the data produced to each named

19  plaintiff, it is clear that before Google made its production on February 9, it intentionally stripped

20  out the named plaintiff identifiers from the production and did not provide them to plaintiffs as

21  part of the production.  Thus, the verticals data Google produced on February 9 does not identify

22  ***<ins>any</ins>*** named plaintiffs.  This is improper.  The Dec. 16 Order required Google to produce verticals

23  data related to the named plaintiffs, and any fair reading of the Dec. 16 Order would require Google

24  to include the named plaintiff identifiers as part of the production since that is how the data is

25  maintained in the ordinary course of business at Google.[3]  Google has no excuse for stripping that

26

27  [3] This would include the Google Account ID and the Google User ID, derivations of them, and
    any joining keys that linked the two, such as the Biscotti Joinability Key.

28

1  responsive information out of the February 9 production other than to make it harder for plaintiffs
2  to relink the production with the data previously produced by Google.  *See* Levine Decl., ¶ 19.

3       On February 10, 2023, plaintiffs sent Google a letter outlining the core deficiencies in
4  Google's February 9 production and asked Google to cure those deficiencies by producing
5  verticals data for a longer time period and with links to the named plaintiffs included.  *See* Levine
6  Decl., ¶ 20.  Google waited 12 days to respond and, when it finally did respond, Google refused
7  to provide any additional verticals data.  *Id.*

8  ### III.   ARGUMENT

9       "Modern instruments of discovery" are designed to make litigation "a fair contest with the
10 basic issues and facts disclosed to the fullest possible extent."  *Fausto v. Credigy Servs. Corp*., 251
11 F.R.D. 436, 439 (N.D. Cal. 2008) (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677,
12 682 (1958)).  When parties do not live up to their discovery obligations, the district court "may,
13 within reason, use as many and as varied sanctions as are necessary to hold the scales of justice
14 even."  8B *Federal Practice and Procedure* § 2284 (3d ed. 2022 update).  Federal courts have the
15 power to sanction litigants for discovery misconduct under both the Federal Rules of Civil
16 Procedure and the court's inherent power to prevent abusive litigation practices.  *See Leon v. IDX*
17 *Sys. Corp.,* 464 F.3d 951,958 (9th Cir. 2006).

18      When a party violates a discovery order, Rule 37(b)(2)(A) authorizes a variety of sanctions.
19 For the most serious cases of disobedience, courts may dismiss claims or an action, render a default
20 judgment, or hold the party in contempt of court for failing to obey a court order.  Fed. R. Civ. P.
21 37(b)(2)(A)(v)–(vii).  In other cases, they may strike pleadings, direct that certain matters or facts
22 be deemed "established for purposes of the action," preclude a disobedient party from making
23 certain arguments or introducing certain evidence. *Id.* R. 37(b)(2)(A)(i)–(iii).

24      Sanctions are also available under Rule 16(f)(l), which provides that a "court may issue
25 any just orders ... if a party or its counsel . . . fails to obey a scheduling or other pretrial order."
26 Fed. R. Civ. P. 16(f)(l)(C).  Rule 16 is "broadly remedial and its purpose is to encourage forceful
27 judicial management."  *Cato v. Fresno City*, 234 F.3d 1276, 1276 (9th Cir. 2000) (citation

28

1   omitted).  A court may order sanctions under Rule 16 for violation of an order where "[d]isregard

2   of the order would undermine the court's ability to control its docket, disrupt the agreed-upon

3   course of the litigation, and reward the indolent and the cavalier."   *Johnson v. lvlammoth*

4   *Recreations, Inc.,* 975 F.2d 604,610 (9th Cir. 1992).

5       Additionally, "discovery misconduct may be punished under the court's 'inherent powers'

6   to manage its affairs." *Guifu Li v. A Perfect Day Franchise, Inc*, 281 F.R.D. 373, 396 (N.D. Cal.

7   2012) (quoting *Unigard Sec. Ins. Co. v. Lakewood Eng. Mfg. Corp*., 982 F.2d 363, 368 (9th Cir.

8   1992)). That inherent power embraces all the sanctions available under Rule 37. As the case law

9   notes, sanctions under the inherent power are analyzed using the same test as those under Rule 37.

10  *Leon v. IDX Sys. Corp*., 464 F.3d 951, 958 (9th Cir. 2006); *see also Adriana Int'l Corp. v. Thoeren*,

11  913 F.2d 1406, 1412 n.4 (9th Cir. 1990) (making use of cases involving Rule 37 and the inherent

12  power "interchangeably").

13      The Court may take general deterrence into account in imposing sanctions. That is because

14  one of the objectives of discovery sanctions is "generally deterring flagrant disobedience and

15  callous disregard of court discovery orders."  *United States v. Sumitomo Marine & Fire Ins. Co.*,

16  617 F.2d 1365, 1370 (9th Cir. 1980) (citing *Nat'l Hockey League v. Metropolitan Hockey Club,*

17  *Inc.*, 427 U.S. 639, 643 (1976) (per curiam)).

18      Plaintiffs move the Court for an order of contempt against Google in light of its ongoing

19  and willful failure to make a timely and complete production of verticals information for the named

20  plaintiffs during the class period, as required by two Court orders. To hold a party in contempt, a

21  court must find by clear and convincing evidence that the party violated a specific and definite

22  order and that it had sufficient notice of its terms and the fact that it would be sanctioned if it did

23  not comply. *See Harmon v. City of Santa Clara*, 323 F.R.D. 617, 626 (N.D. Cal. 2018) (citing

24  *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999)).

25      Granting contempt sanctions against Google is warranted here because Google has violated

26  multiple specific and definite orders. The Court first ordered Google to produce certain named

27  plaintiff data, which encompassed the verticals information that plaintiffs seek, in the Aug. 26

28

PLAINTIFFS' NOTICE OF MOT. AND MOT. FOR CONTEMPT AND SANCTIONS

1   Order. *See* Dkt. 314 at 4 ("The Court expects Google to produce documents sufficient to show, for

2   each named plaintiff, what information specific to that plaintiff was shared with an RTB participant

3   and the details of such sharing. If Google discloses information that allows an RTB participant to

4   identify an account holder based on information the *participant* may have about that account

5   holder, Google must produce records showing the disclosure of that information as well.").

6   Google produced **_no_** verticals information relating to the named plaintiffs in response to

7   the Aug. 26 Order and refused to make such a production without being compelled to do again by

8   the Court.  This was plainly a violation of the Aug. 26 Order since verticals information is specific

9   to each named plaintiff and was shared with RTB participants during the class period.  In the Dec.

10  16 Order, the Court specifically found that Google had failed to comply with Aug. 26 Order when

11  it refused to produce any verticals information relating to the named plaintiffs.  *See* Dec. 16 Order

12  at 4.  To avoid any further ambiguity, in the Dec. 16 Order, the Court specifically explained what

13  verticals information Google was required to produce, for what period of time this production

14  needed to be made, and when the production needed to occur.  *See id*. at 4-5, 7.

15  Google once again willfully and knowingly failed to comply with the Court's Order,

16  making a late and incomplete production that was intentionally stripped of key identifying

17  information and therefore did not satisfy the Dec. 16 Order.  Google then refused to remedy these

18  deficiencies when they were identified by plaintiffs.  Google's conduct is plainly willful and

19  knowing and should be sanctioned.  Google has now had two opportunities to produce verticals

20  information for the named plaintiffs during the class period, and has failed both times.  But, even

21  if Google's actions were *not* willful, contempt sanctions would still be appropriate here in light of

22  Google' violation of multiple Court orders.  *See In re Dual-Deck Video Cassette Recorder*

23  *Antitrust Litig*., 10 F.3d 693, 695 (9th Cir. 1993) ("Civil contempt in . . . consists of a party's

24  disobedience to a specific and definite court order by failure to take all reasonable steps within the

25  party's power to comply.  The contempt need not be willful, and there is no good faith exception

26  to the requirement of obedience to a court order." (internal quotation omitted)).

27  Google also should be ordered to make a full and complete production of verticals

28

PLAINTIFFS' NOTICE OF MOT. AND MOT. FOR CONTEMPT AND SANCTIONS

information relating to the named plaintiffs (1) for a truly representative sample of the entire class period, (2) that includes the three missing data fields identified above, and (3) that includes all named plaintiff identifiers present in any logs from which the verticals data is searched and produced. To avoid delay and alleviate further prejudice to plaintiffs, Google should be ordered to complete this production within seven (7) calendar days of the Court's order.

If Google will not or cannot comply because it failed to maintain verticals information pertaining to the named plaintiffs, as it was obligated to do and represented that it was doing, then evidentiary sanctions should be imposed on Google in the form of an order preventing Google from making any arguments based on verticals information in opposition to class certification or in favor of summary judgment in this matter.  Courts impose evidentiary sanctions when monetary sanctions remain inadequate.  *See In Guifu Li v. A Perfect Day Franchise, Inc*., 2011 WL 3895118, at \*3 (N.D. Cal. Aug. 29, 2011) (imposing evidentiary sanctions to remedy prejudice of "information withheld from Plaintiffs [that] could very well bear on whether or not Plaintiffs are able to establish commonality of issues across the putative class").  *See also Clear-View Tech., Inc.*, *v. Rasnick*, 2015 WL 2251005 at \*7-8 (evidentiary and monetary sanctions warranted given defendants' protracted and needless delays that frustrated discovery process); *Dong Ah Tire & Rubber Co., Ltd. v Glasforms, Inc.*, 2009 WL 1949124, \*10 *adopted in part and modified in part* 2009 WL 2485556, \*4 (N.D. Cal. Jul. 2, 2009) (evidentiary sanctions for failure to preserve evidence).  Spoliation of evidence raises a presumption that the destroyed evidence goes to the merits of the case, and further, that such evidence was adverse to the party that destroyed it.  *See, e.g. Phoceene Sous–Marine, S.A. v. U.S. Phosmarine, Inc.,* 682 F.2d 802, 806 (9th Cir. 1982); *Nat'l Ass'n of Radiation Survivors v. Turnage,* 115 F.R.D. 543, 557 (N.D. Cal. 1987) ("Where one party wrongfully denies another the evidence necessary to establish a fact in dispute, the court must draw the strongest allowable inferences in favor of the aggrieved party").

Finally, plaintiffs also seek monetary sanctions as appropriate, and will provide support for such a sanction if the Court concludes that Google has engaged in contempt and sanctionable discovery abuse. *See* Fed. R. Civ. P. 37(b)(2)(C).

1

IV.     CONCLUSION

2     For all of the foregoing reasons, Google should be held in contempt for its willful failure

3 to comply with the Court's Aug. 26 and Dec. 16 Orders.  Google should be ordered to make a full

4 and complete production of verticals information relating to the named plaintiffs (1) for a truly

5 representative sample of the <u>entire</u> class period, (2) that includes the three missing data fields

6 identified above, and (3) that includes all named plaintiff identifiers present in any logs from

7 which the verticals data is searched and produced.  Google should be ordered to complete this

8 production within seven (7) calendar days of the Court's order.

9     If Google will not or cannot comply because it failed to maintain verticals information

10 pertaining to the named plaintiffs, as it was obligated to do and represented that it was doing, then

11 evidentiary sanctions should be imposed on Google in the form of an order preventing Google

12 from making any arguments based on verticals information in opposition to class certification or

13 in favor of summary judgment in this matter.  Monetary sanctions also should be imposed, in an

14 amount to be determined, if the Court concludes that Google has engaged in contempt and

15 sanctionable discovery abuse.

16

17 DATED:  February 28, 2023                    Respectfully submitted,

18

19                                             **PRITZKER LEVINE LLP**

20                                             By: */s/ Jonathan K. Levine*

21                                             Elizabeth C. Pritzker (Cal. Bar No.146267)
                                               Jonathan K. Levine (Cal. Bar No. 220289)
22                                             Bethany Caracuzzo (Cal. Bar No. 190687)
                                               Caroline Corbitt (Cal Bar No. 305492)
23                                             1900 Powell Street, Ste. 450
                                               Oakland, CA 94602
24                                             Tel.: (415) 692-0772
                                               Fax: (415) 366-6110
25                                             *ecp@pritzkerlevine.com*
                                               *jkl@pritzkerlevine.com*
26                                             *bc@pritzkerlevine.com*
                                               *ccc@pritzkerlevine.com*
27

28

PLAINTIFFS' NOTICE OF MOT. AND MOT. FOR CONTEMPT AND SANCTIONS

1

*Interim Class Counsel*

2

**BLEICHMAR FONTI & AULD LLP**

3

Lesley Weaver (Cal. Bar No.191305)
Anne K. Davis (Cal. Bar No. 267909)

4

Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600

5

Oakland, CA 94607
Tel.: (415) 445-4003

6

Fax: (415) 445-4020

7

*lweaver@bfalaw.com*
*adavis@bfalaw.com*

8

*jsamra@bfalaw.com*

9

**SIMONS HANLY CONROY LLC**

10

Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)

11

112 Madison Avenue, 7th Floor
New York, NY 10016

12

Tel.: (212) 784-6400
Fax: (212) 213-5949

13

*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*

14

15

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)

16

485 Lexington Avenue
Suite 1001

17

Tel.: (212) 784-6400
Fax: (212) 213-5949

18

New York, NY 10017
Tel: (646) 993-1000

19

*dstraite@dicellolevitt.com*

20

**COTCHETT PITRE &**

21

**MCCARTHY, LLP**
Nancy E. Nishimura (Cal. Bar No. 152621)

22

Brian Danitz (Cal Bar. No. 247403)
Karin B. Swope (admitted *pro hac vice*)

23

840 Malcolm Road
Burlingame, CA 94010

24

Tel.: (650) 697-6000

25

*nnishimura@cpmlegal.com*
*bdanitz@cpmlegal.com*

26

*kswope@cpmlegal.com*

27

**BOTTINI & BOTTINI INC.**

28

- 11 -                    Case No. 4:21-cv-02155-YGR-VKD
PLAINTIFFS' NOTICE OF MOT. AND MOT. FOR CONTEMPT AND SANCTIONS

Frances A. Bottini, Jr. (Cal. Bar No. 175783)
Yuri A. Kolesnikov (Cal. Bar. No. 271173)
7817 Ivanhoe Ave., Ste. 102
LA Jolla, CA 92037
Tel.: (848) 914-2001
*fbottini@bottinilaw.com*
*ykolesnikov@bottinilaw.com*

*Plaintiffs' Executive Committee*

Case No. 4:21-cv-02155-YGR-VKD
PLAINTIFFS' NOTICE OF MOT. AND MOT. FOR CONTEMPT AND SANCTIONS