Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
Caroline Corbitt (Cal Bar No. 305492)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*
*ccc@pritzkerlevine.com*

*Interim Class Counsel*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION*<br><br>*This document applies to all actions.* | **CASE NO. 4:21-CV-02155-YGR-VKD**<br><br>**DECLARATION OF JONATHAN K. LEVINE IN SUPPORT OF PLAINTIFFS' MOTION FOR CONTEMPT AND SANCTIONS FOR VIOLATIONS OF AUG. 26, 022 AND DEC. 16, 2022 DISCOVERY ORDERS [DKT NOS. 314, 382)**<br><br>Judge: Hon. Virginia K. DeMarchi<br>Date: April 4, 2023<br>Time:  10:00 am<br>Courtroom: 2, Fifth Floor |

I, Jonathan K. Levine, declare and state as follows:

1. I am an attorney duly admitted to practice before this Court and a partner of Pritzker Levine LLP, one of law firms representing plaintiffs in this matter. I submit this declaration in support of plaintiffs' motion for contempt and sanctions under Federal Rules of Civil Procedure 16(f) and 37(b) and Civil Local Rule 37 for Google's willful and continuing violation of the Court's August 26, 2022 discovery order (the "Aug. 26 Order") (Dkt. No. 314) and December 16, 2022 discovery order (the "Dec. 16 Order") (Dkt. No. 382) pertaining to verticals information relating to the named plaintiffs during the class period. I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

2. As set forth in the Dec. 16 Order, "plaintiffs allege that Google collects personal and sensitive information about account holders, groups them into interest-based categories called 'verticals,' and then shares the verticals (or information about the verticals) with RTB participants." Dec. 16 Order at 4 (citing to plaintiffs' complaint).

3. Plaintiffs have been seeking information about the verticals shared by Google through the RTB auctions since discovery first commenced back in May 2021, and Google has been fighting and resisting producing that information for the entire time since then.

4. On July 29, 2022, after months of futile meet and confer discussions resulted in Google not producing ***any*** verticals information relating to the named plaintiffs, plaintiffs moved to compel Google to produce various categories of data, which included verticals information directly and indirectly relating to the named plaintiffs. *See* July 29, 2022 Joint Letter Brief at 1-3 (Dkt. No. 269).

5. On August 26, 2022, the Court granted plaintiffs' motion to compel and ordered Google to produce certain categories of data relating to the named plaintiffs, as follows:

> The Court expects Google to produce documents sufficient to show, for each named plaintiff, what information specific to that plaintiff was shared with an RTB participant and the details of such sharing. If Google discloses information that allows an RTB participant to identify and account holder based on information the *participant* may have about that account holder, Google must produce records showing the disclosure of that information as well.

Aug. 26 Order at 4-5 (emphasis in original).

6. After Google claimed to have completed its production of named plaintiff data in response to the Aug. 26 Order, plaintiffs informed Google that certain categories of named plaintiff data responsive to the Aug. 26 Order were missing from Google's production, including, specifically, the categories pertaining to "verticals."

7. Google again refused to produce any verticals categories for the named plaintiffs, which necessitated yet another motion to compel by plaintiffs that was filed on November 21, 2022. *See* Dkt. No. 365.

8. On December 16, 2022, the Court issued its second discovery order on the named plaintiff data. In that order, the Court first held that Google had failed to comply with the Aug. 26 Order when it refused to produce any of the verticals information relating to the named plaintiffs. *See* Dec. 16 Order at 4 ("Google has failed to comply with the Court's August 26 order in one important respect.").

9. The Court then granted plaintiffs' second motion to compel and ordered Google to produce as follows:

> Plaintiffs say that Google's production must include documents sufficient to show both the explicit sharing of verticals associated with the named plaintiffs and any implicit sharing that facilitates ad targeting. The Court agrees. Google must produce documents sufficient to show for each named plaintiff the "verticals" data fields it shared with RTB participants during the class period. In addition, Google must produce documents sufficient to show for each named plaintiff the information, if any, that it provided RTB participants that would permit those participants to infer information about the account holder based on verticals linked with the account holder.

Dec. 16 Order at 5.

10. To avoid any further delay by Google, the Court also specifically ordered Google to produce all verticals information relating to the named plaintiffs by no later than January 31, 2023. *See* Dec. 16 Order at 7.

11. Google neither sought nor obtained relief from the January 31, 2023 deadline set by the Court. While Google did move for "clarification" of a portion of the Dec. 16 Order, it did not seek any extension of the January 31, 2023 production deadline (*see* Dkt. No. 408), and the Court never granted Google any extension when it denied Google's clarification motion orally on January

31, 2023, and then in writing on February 1, 2023. *See* Dkt. No. 420.

12. Following the Dec. 16 Order and before the January 31, 2023 production deadline, plaintiffs attempted on multiple occasions to meet and confer with Google and its counsel about the verticals categories to ensure that what Google ended up producing on January 31 was responsive to plaintiffs' needs for the case and the Court's Dec. 16 Order. Google and its counsel categorically refused to discuss anything about the verticals categories with plaintiffs.

13. In violation of the Dec. 16 Order, Google did not produce ***any*** verticals information relating to the named plaintiffs on January 31, 2023. Nor did it produce that information the following week.

14. On February 7, 2023, plaintiffs informed Google that in light of Google's continuing violation of the Dec. 16 Order and its continuing refusal to even say whether or when it would comply – despite plaintiffs' repeated efforts to obtain compliance – plaintiffs would be filing a sanctions motion to alert the Court to Google's ongoing violation of the Dec. 16 Order.

15. On February 8, 2023, Google finally informed plaintiffs that it would be producing verticals information relating to the named plaintiffs the following day.

16. On February 9, 2023, Google finally and belatedly produced some of the verticals information called for by the Aug. 26 and Dec. 16 Orders. The February 9 production, however, is woefully incomplete in at least three material respects, and facially fails to comply with the Court's Orders.

17. First, the Dec. 16 Order required Google to produce verticals information shared with RTB participants "***during the class period***." *See* Dec. 16 Order at 5 (emphasis added). The class period here is about seven years, starting in March 2016. But in its February 9 production, Google only produced verticals information for a sample of just six weeks, all in 2021 and 2022, which, notably, is the period ***after*** Google supposedly stopped sharing certain verticals fields in RTB bid requests. This sample represents a mere 1.6 percent of the class period, entirely ignores five of seven years in the class period, and is plainly unrepresentative of what Google was sharing with RTB participants about the named plaintiffs for most of the class period since Google's practices changed before the period Google sampled.

18. Second, Google's February 9 production fails to include three fields of "verticals" information relating to the named plaintiffs, namely, user_lists, content_labels, and app categories. User_lists include signals that will show when a named plaintiff sent a previous communication on a specific topic or action. User lists are included as part of the "user profiles" that are shared through RTB bid requests and also are available to RTB participants for pretargeting and other deals. Content_labels are categories assigned by Google based on the content of the publisher's page being visited by the named plaintiff and Google still uses content labels for both pretargeting and bidding in RTB auctions. App categories are the app equivalent of verticals for URLs included in RTB bid requests. App categories are identified in a field called app_category_fatcat_ids. Plaintiffs identified these three fields of verticals data to Google prior to the February 9 production and these three fields should have been included in the production because they are responsive to the Dec. 16 Order.

19. Third, while Google claims that the verticals data it produced relates to the named plaintiffs and that plaintiffs should be able to link the data produced to each named plaintiff, it is clear that Google had those links and intentionally did not provide them to plaintiffs as part of the production. Thus, the verticals data Google produced on February 9 does not identify ***any*** named plaintiffs. The Dec. 16 Order required Google to produce verticals data related to the named plaintiffs and any fair reading of the Dec. 16 Order would require Google to include the named plaintiff identifiers as part of the production since that is how the data is maintained in the ordinary course of business at Google. Google has no excuse for stripping that information out of the February 9 production other than to make it harder for plaintiffs to relink the production with the data previously produced by Google.

20. On February 10, 2023, plaintiffs sent Google a letter outlining some of the deficiencies in the February 9 production and asking Google to cure those deficiencies by producing verticals data for a longer time period and with links to the named plaintiffs included. Google waited 12 days to respond and when it finally did respond, Google refused to provide any additional verticals data.

21. The verticals categories have now been the subject of two motions to compel by

1 plaintiffs, both of which Google has violated.  This discovery is, as the Court has already found,
2 relevant and important to the upcoming class certification motion, ongoing depositions, and the
3 merits.  Google's continued violation of Court orders and refusal to produce this information is both
4 sanctionable and highly prejudicial to plaintiffs.

5      I declare under penalty of perjury under the laws of the United States and the State of
6 California that the foregoing is true and correct to the best of my knowledge.  This declaration was
7 executed in Emeryville, California on the 28th day of February, 2023.

9      By: */s/ Jonathan K. Levine*