**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* <br><br> *This document applies to all actions.* | **CASE NO. 4:21-CV-02155-YGR-VDK** <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CONTEMPT ORDER AND SANCTIONS FOR VIOLATIONS OF AUG. 26, 2022 AND DEC. 16, 2022 DISCOVERY ORDERS BY GOOGLE [DKT NOS. 314, 382]** |

Currently pending is plaintiffs' motion to hold defendant Google LLC in contempt and to be sanctioned for violations of the Court's August 26, 2022 and December 16, 2022 discovery orders pertaining to the production of verticals information relating to the named plaintiffs for the class period. *See* Dkt. Nos. 314, 382. Plaintiffs' motion is brought pursuant to Federal Rules of Civil Procedure 16(f) and 37(b), Civil Local Rule 37, and this Court's inherent authority.

On August 26, 2022, the Court ordered Google to produce certain categories of data relating to the named plaintiffs, as follows:

> The Court expects Google to produce documents sufficient to show, for each named plaintiff, what information specific to that plaintiff was shared with an RTB participant and the details of such sharing. If Google discloses information that allows an RTB participant to identify and account holder based on information the *participant* may have about that account holder, Google must produce records showing the disclosure of that information as well.

Dkt. No. 314 at 4-5 (emphasis in original).

It is undisputed that Google did not produce any verticals information relating to the named plaintiffs during the class period in response to the Court's August 26 discovery order. This necessitated another motion by plaintiffs, which resulted in the Court's December 16, 2022 discovery order. In the December 16 discovery order, the Court noted that Google had failed to comply with the August 26 discovery order when it failed to produce any of the verticals information relating to the named plaintiffs. *See* Dkt. No. 382 at 4 ("Google has failed to comply with the Court's August 26 order in one important respect."). The Court then granted plaintiffs' motion to compel and ordered Google to produce as follows:

> Plaintiffs say that Google's production must include documents sufficient to show both the explicit sharing of verticals associated with the named plaintiffs and any implicit sharing that facilitates ad targeting. The Court agrees. Google must produce documents sufficient to show for each named plaintiff the "verticals" data fields it shared with RTB participants during the class period. In addition, Google must produce documents sufficient to show for each named plaintiff the information, if any, that it provided RTB participants that would permit those participants to infer information about the account holder based on verticals linked with the account holder.

Dkt. No. 382 at 5.

1    To avoid further delay, the Court also ordered Google to produce all verticals information relating to the named plaintiffs by no later than January 31, 2023.  *See* Dkt. No. 382 at 7.  Google neither sought nor obtained relief from the January 31, 2023 deadline.  Google did not produce any verticals information for the named plaintiffs on January 31, 2023, or during the following week. It was not until February 9, 2023 that Google made any production in response to the Court's December 16 discovery order, and this was only after plaintiffs threatened Google with a sanctions motion for not complying with the Court's prior orders.

Based on the briefing submitted by the parties, the Court finds that Google's production of verticals information relating to the named plaintiffs on February 9, 2023 was inexcusably late and deficient in material respects.  Google has not provided any legitimate reason why it failed to comply with or seek relief from the Court's order requiring the production to be completed by January 31, 2023, and the Court agrees with plaintiffs that the late production is deficient in several respects.

First, the production Google made on February 9 includes named plaintiff data for only six weeks in 2021 and 2022, but the class period here is seven years long and Google's production ignores entirely the first five years of the class period.  This is important and omits relevant and responsive evidence because Google's practices with respect to verticals information disclosed in RTB bid requests apparently changed in 2020, and Google has therefore produced no information from the earlier period, when its practices were different.  The December 16 discovery order required Google to produce for the class period, not just two of the seven years of the class period.

Second, Google has omitted from its production three verticals fields that should have been produced in response to the December 16 discovery order, including user_lists, content_labels, and app categories.  As these three fields disclose interest-based categories pertaining to the named plaintiffs, these fields are "verticals" within the scope of the December 16 discovery order and should have been produced by Google.

Third, Google's production on February 9 omitted any information linking the data produced to any of the named plaintiffs. It appears that this information exists in the logs the data was pulled from, but Google removed this information from its production because, according to Google, plaintiffs have the ability, from the data produced, to relink the data back to each named plaintiff

based on data previously produced by Google. The Court finds that the intentional removal of identifying information by Google violates its discovery obligations because it resulted in the production not being made as the information is maintained in the ordinary course of business at Google and it appears to have been done for an improper purpose, namely to make it more difficult for plaintiffs (and presumably later the Court) to connect the verticals information to each particular named plaintiff through one piece of evidence, as opposed to multiple different data sources produced in different productions over time. The December 16 discovery order required Google to produce verticals information relating to the named plaintiffs. This plainly required Google to produce not just the verticals information itself, but for each entry also all identifying information for the named plaintiff the verticals related to. Google intentionally failed to do so in its production.

The Court finds that Google has not complied with either the August 26 or December 16 discovery orders as they pertain to the production of verticals information relating to the named plaintiffs, and has no legitimate excuse for not complying. When a party violates a discovery order, Rule 37(b)(2)(A) authorizes a variety of sanctions, including holding a party in contempt of court for failing to obey a court order. Fed. R. Civ. P. 37(b)(2)(A)(vii). Sanctions are also available under Rule 16(f)(l), which provides that a "court may issue any just orders ... if a party or its counsel . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(l)(C). Rule 16 is "broadly remedial and its purpose is to encourage forceful judicial management." *Cato v. Fresno City*, 234 F.3d 1276, 1276 (9th Cir. 2000) (citation omitted). A court may order sanctions under Rule 16 for violation of an order where "[d]isregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson v. lvlammoth Recreations, Inc.,* 975 F.2d 604,610 (9th Cir. 1992).

Additionally, "discovery misconduct may be punished under the court's 'inherent powers' to manage its affairs." *Guifu Li v. A Perfect Day Franchise, Inc*, 281 F.R.D. 373, 396 (N.D. Cal. 2012) (quoting *Unigard Sec. Ins. Co. v. Lakewood Eng. Mfg. Corp*., 982 F.2d 363, 368 (9th Cir. 1992)). That inherent power embraces all the sanctions available under Rule 37. As the case law notes, sanctions under the inherent power are analyzed using the same test as those under Rule 37. *Leon v. IDX Sys. Corp*., 464 F.3d 951, 958 (9th Cir. 2006); *see also Adriana Int'l Corp. v. Thoeren*,

913 F.2d 1406, 1412 n.4 (9th Cir. 1990) (making use of cases involving Rule 37 and the inherent power "interchangeably"). The Court also may take general deterrence into account in imposing sanctions. That is because one of the objectives of discovery sanctions is "generally deterring flagrant disobedience and callous disregard of court discovery orders." *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1370 (9th Cir. 1980) (citing *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam)).

Under the foregoing authorities, the Court finds that Google has engaged in discovery abuse and failed to comply with the Court's August 26 and December 16 discovery order. The Court hereby holds Google in contempt for its willful failure to comply with the Court's discovery orders. The Court further orders Google to make a full and complete production of verticals information relating to the named plaintiffs (1) for a truly representative sample of the <u>entire</u> class period, (2) that includes the three missing data fields (user_lists, content_labels, and app categories), and (3) that includes all named plaintiff identifiers present in any logs from which the verticals data is searched and produced. Google shall complete this production within seven calendar days of this Order. If Google will not or cannot comply because it failed to maintain verticals information pertaining to the named plaintiffs, then evidentiary sanctions will be imposed on Google in the form of an order preventing Google from making any arguments based on verticals information in opposition to class certification or in favor of summary judgment in this matter. The Court also finds that monetary sanctions are appropriate and will be imposed on Google. Plaintiffs shall, within seven calendar days, submit a declaration setting forth the time incurred in connection with the sanctions motion. Google may submit a response within seven calendar days of plaintiffs' submission.

**IT IS SO ORDERED**

DATED: _____, 2023

_____
HON. VIRGINIA K. DEMARCHI
United States Magistrate Judge