REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

March 1, 2023

Magistrate Virginia K. DeMarchi
Courtroom 2 – 5th Floor
San Jose Courthouse
280 South 1st Street
San Jose, CA 95113

          Re:    ***In re Google RTB Consumer Privacy Litigation***, No. 4:21-cv-02155-YGR-VKD
                  Joint Discovery Dispute – Bid Request Fields

Dear Magistrate Judge DeMarchi:

    Plaintiffs and Defendant Google LLC ("Google") (together, the "Parties") submit this joint letter brief regarding Google's production of Named Plaintiff Data in RTB bid requests. The Parties conferred on January 12, 2023, and again on February 9, 2023, and have reached impasse on the issues discussed below. The specific bid request fields still in dispute are set forth on **Exhibit A** hereto.

## I. PLAINTIFFS' POSITION

    On August 26, 2022, the Court ordered Google to produce "documents sufficient to show, for each named plaintiff, what information specific to that plaintiff was shared with an RTB participant and the details of such sharing," as well as any plaintiff "cookie-matching" data. Dkt. 314 at 4, 8 ("August Order"). Google produced some limited Named Plaintiff Data ("NPD") from bid requests in October, November, and December 2022, but these productions were woefully incomplete and purposefully disjointed.

    Plaintiffs seek the production of just 12 fields that Google refuses to provide—each of which were disclosed by Google in RTB bid requests associated with the named plaintiffs. These 12 fields are responsive to the August Order, and include important information for class certification, the merits of plaintiffs' claims, and Google's anticipated defenses. Google should be compelled to produce data from these 12 fields,[1] to search for responsive data in more than one log, and to produce that data as maintained in the ordinary course of business as required by the Federal Rules.[2]

---

[1] Plaintiffs focus now on class certification discovery, which is narrower than the discovery necessary for trial. Plaintiffs object and will be the prejudiced if the Court imposes any limitations on the production of NPD for trial purposes.

[2] On December 28, 2022, plaintiffs identified to Google: (i) ▋ fields included in RTB bid requests; (ii) ▋ fields for which Google had produced data; (iii) ▋ fields for which Google had not produced data; and (iv) the ▋ out of those ▋ fields for which plaintiffs were still entitled to data responsive to the August Order. The Parties resolved their issues with respect to ▋ of the ▋ fields, leaving 12 in dispute. *See* Exhibit A.

March 1, 2023
Page 2

## The Specific Fields[3]

**Google_User_ID (Row 1 of Ex. A):** The Google_User_ID is a ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

**Hosted_Match_Data (Row 2):** Hosted_Match_Data is ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

**Hyperlocal_Information (Rows 3–5):** These rows relate to named plaintiffs' ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

**User_Data_Treatment (Row 6):** This field indicates whether ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

**Video.description_url (Row 7):** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[3] The Court's Standing Order for briefing discovery disputes prevents plaintiffs from submitting evidence in support of their arguments. To the extent that the Court requires evidence to support plaintiffs' arguments for any fields discussed herein, plaintiffs can support all arguments with evidence produced in this case.

March 1, 2023
Page 3

**Publisher Information (Rows 8–9):** These fields include ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Bid Category Information (Rows 10–12):** These fields include ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

### Sources of Data and Compliance with Disclosure Obligations

Google's positions regarding this NPD expose its continued non-compliance with its disclosure obligations under the Federal Rules, the Northern District practice guidelines, and the Court's orders.[4]

With a few limited exceptions (and only in response to a court order), Google unilaterally decided to produce NPD from only the ▮▮▮ log, which Google concedes contains data for only a small part of the class period and does not include key NPD data plaintiffs need and are entitled to under the Court's orders and the Federal Rules. This artificial and unilaterally-imposed restriction is highly prejudicial to plaintiffs, contrary to Google's discovery obligations, and appears intentionally designed to deprive plaintiffs of existing discovery necessary for class certification and the merits.

While Google refuses to discuss the potential sources of NPD, there are, in fact, sources for this data *other than* the incomplete, time-limited ▮▮▮ log. These sources span a longer time period and contain better, more complete NPD.[5] Plaintiffs reasonably believe these logs may "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮," including key fields ***not present*** in the ▮▮▮ logs. *See* GOOG-HEWT-00331526, at -565, stating ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Google refuses to search and produce from these logs for one simple reason: the data in them undermines arguments Google intends to make in opposition to class certification. For example, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as plaintiffs allege.

Google previously told the Court it queried *multiple* "relevant databases using data fields corresponding to the categories of information in the August 26 order" (*see* Dkt. 382, at 6:17-19),

---

[4] *See* FRCP 16 and 26, N.D. Cal. ESI Guidelines and ESI Checklist for 26(f) Conference; Protective Order (Dkt. 125).

[5] These other sources, which plaintiffs have been seeking for months, include the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In fact, Google has preserved NPD from the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

and then output those results to a file for production here.⁶ ***That is not accurate***. Google has, in fact, witheld the most important fields from the most important logs in this case, refuses to produce some responsive fields altogether, and breaks the NPD apart, requiring plaintiffs to stitch them back together. This violates the requirement that data be produced as it is ordinarily maintained. What Google has produced is from an incomplete, time-limited log: this was done simply to manufacture arguments for class certification and the merits that Google would otherwise not have if it complied with its discovery obligations. This is not only inconsistent with Google's statements to this Court, it is contrary to the federal discovery rules. *In re Facebook*, 2023 WL 1871107, at *24–25 (N.D. Cal. Feb. 9, 2023) (defendant cannot unilaterally limit its production of NPD to one "difficult and obscure" source).

Google should be ordered to search and produce RTB NPD from the other logs identified in footnote 6. Given that Google is only producing data for seven individuals for limited time periods, and has never supported any burden or proportionality arguments, this is a proportional request.

## II.   GOOGLE'S POSITION

Plaintiffs are again moving to reopen disputes the Court has already resolved against them, this time by (1) demanding additional data from bid requests that exceed the Court's prior orders limiting production of data to "information specific to" the named Plaintiffs, and (2) seeking to relitigate their rejected demand for data from numerous "█████" logs.  The Court should not entertain this latest effort to reopen settled issues.  Plaintiffs have no need for the data fields now in dispute, as Google has already agreed to produce substantial additional data that more than complies with the Court's orders in an effort at compromise.

***Background***: Plaintiffs initially demanded essentially all data that Google "links" with an account holder's Google account.  ECF No. 269 at 2-3.  The Court rejected that demand, holding that Plaintiffs are entitled only to "documents sufficient to show, for each named plaintiff, what information specific to that plaintiff was shared with an RTB participant and the details of such sharing."  ECF No. 314 ("August 26 Order") at 4.   Google then produced approximately ███ ████████ from the ██████████████████, representing all of the information available in that log that matches what was transmitted to third parties in RTB bid requests for the selected time periods.  The ███ log is Google's principal log that tracks what data is transmitted in bid requests.  In many instances, data in the ████████████████████████████████████████████████████████████████████████████████████████ In addition to information from the ███ log that shows what was shared in a bid request, where appropriate, Google also produced from other logs information to show the "details of such sharing," including the recipients of bid requests.

Unsatisfied, Plaintiffs demanded the entirety of numerous other "█████" logs, claiming the ███ log is an inadequate data source.  ECF Nos. 365, 367.  The Court rejected this invitation

---

⁶ Google misstates the Court's December 16 rulings. The Court's Order plainly did not absolve Google for its misrepresentations or relieve it of its discovery obligations in this case.

March 1, 2023
Page 5

to "reconsider" its August 26 Order limiting the scope of production and rejected Plaintiffs' arguments that Google should produce ▮▮▮▮▮ logs, including several logs that Plaintiffs demand again here, *supra* n.6. ECF No. 382 ("December 16 Order") at 2-4.[7]

Then, Plaintiffs claimed that ▮▮▮▮▮ fields from bid requests were "missing" from Google's production. Following its investigation, Google explained that (1) a number of fields Plaintiffs thought were "missing" were already produced, (2) some fields were not available because they were ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, (3) certain fields were not relevant for other reasons (for example, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮), and (4) many demanded fields did not contain user-specific information and therefore exceeded the Court's orders. Based on this information and Google's compromise proposals to provide additional data, Plaintiffs withdrew many of their demands and the disputes have been substantially narrowed. But Plaintiffs still demand the 12 disputed fields below.

**Plaintiffs Are Not Entitled to the Fields They Demand:** The disputed fields fall into three main categories. First, for certain data fields in bid requests, Google has agreed to produce from the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This data is more than sufficient for Plaintiffs' purported need. Second, Plaintiffs demand a field that is not shared with RTB participants and is thus outside the scope of the Court's orders. Third, Plaintiffs demand fields that do not contain "information specific to" the named Plaintiffs and are also beyond the scope.

**Fields Google Has Agreed To Produce:**[8] Certain fields Plaintiffs demand are not logged by Google in the form they are sent in a bid request. Nevertheless, Google has agreed to produce available data from the ▮▮▮ log that reflects similar information.

**google_user_id**[9]: The google_user_id field is a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[7] The Court required Google to supplement its production only with certain information regarding verticals, to the extent available. Following the ruling on Google's Administrative Motion for Clarification (ECF No. 420), to resolve the parties' disagreement, Google produced verticals data *associated with websites* that RTB bidders can use to pre-target certain ad opportunities. Google reserved all rights and objections regarding this data because it is not associated with users, is not shared with RTB participants, and is therefore irrelevant.

[8] By agreeing to produce the data referenced in this Section, Google is not conceding that they contain user-specific information and reserves all rights to contest the relevance of these data.

[9] These bolded data field names relate to bid request fields that Plaintiffs have requested.

**hosted_match_data**: Similarly, Google ███████████████████████████████████████████████

**hyperlocal_set.hyperlocal.corners**, **hyperlocal_set.center_point.latitude**, and **hyperlocal_set.center_point.longitude**: Google has explained to Plaintiffs that the information in these bid request fields ████████████████████████████████████████████████████████████████████

**adslow.allowed_restricted_category**: Google offered to produce data from the ███ that most closely corresponds to (but may not exactly match) the data in this field, which should resolve this issue but Plaintiffs have not agreed to remove this field from dispute.

**Fields Not Shared with Bid Participants**

**user_data_treatment:** As Google has explained, this field is not populated in bid requests. ████████████████████████████████████████████████████████████████████

**Fields That Do Not Contain User-Specific Information**

Plaintiffs also demand the following data fields, even though Google has explained they are not recorded in its ███ log and do not contain "information specific to" the named Plaintiffs or the details of any sharing through RTB:

- The **publisher_settings_list_id** field merely ████████████████████████████████████████████████████████████████████

- The **adslot.allowed_restricted_category_for_deals** field reflects ████████████████████████████████████████████████████████████████████

- The **adslot.excluded_sensitive_category** field similarly reflects ████████████████████████████████████████████████████████████████████

- The **page_visibility** field contains ████████████████████████████████████████████████████████████████████

- The **video.description_URL** is the ████████████████████████████████████████████████████████████████████

None of this data is logged in the ███ log; none of it is "information specific to" the named Plaintiffs; and it would be unduly burdensome and disproportionate to compel Google to attempt

March 1, 2023
Page 7

to locate this data from other log sources when the information is irrelevant and exceeds the scope of this Court's prior orders.

***Plaintiffs Have Not Established a Need for Production from Other Logs:*** As Google explained in its time-sampling brief, Plaintiffs are again claiming—without support—that Google must produce data from beyond the ███ log because the ███ log is purportedly inadequate. But Google has been transparent throughout the data production process that the ███ log is the primary source of relevant information on what data is contained in bid requests, and ███████████████████████████████████████████████████████████ Plaintiffs have shown no need to go beyond the ███ log here, and Google should not be required to search other logs for data to which Plaintiffs are not entitled. Moreover, to the extent Plaintiffs are once again trying to relitigate broad-ranging production from ███ logs, that request was already denied and should be rejected out of hand.

**III.   NECESSITY OF A HEARING**

     **A.   Plaintiffs' Position**

Production of Named Plaintiff Data, and whether it will be representative of class claims, is critical to plaintiffs' case. Plaintiffs request a hearing and further request, for this and any other hearing scheduled between now and April 4, 2023, that the hearing be conducted remotely via Zoom, to accommodate plaintiffs' counsel who is unable to attend in person proceedings during this time due to physical injuries.

     **B.   Google's Position**

Unless the Court would benefit from a hearing, Google does not believe a hearing on these issues is necessary, as Plaintiffs are seeking to relitigate disputes this Court has already resolved.

**IV.   DISCOVERY CUT-OFFS**

The Parties' deadline to substantially complete their production of documents in advance of class certification passed on July 11, 2022. The fact discovery cut-off is November 10, 2023, the close of expert discovery is February 9, 2024, and plaintiffs' motion for class certification is due May 23, 2023. *See* Dkt. 391

**V.   COMPLIANCE WITH MEET AND CONFER REQUIREMENT**

In compliance with the Court's meet and confer requirements, the parties met and conferred several times via Zoom. The final lead counsel meet and confer was held on February 9, 2023, via Zoom. On Plaintiffs' side, Elizabeth C. Pritzker, Jay Barnes, Anne Davis, An Truong, and Jenny Paulson attended. On Google's side, Whitty Somvichian and Kelsey Spector, among others, attended.

March 1, 2023
Page 8

| | |
|---|---|
| Dated: March 1, 2023 | PRITZKER LEVINE LLP<br><br>By: */s/ Elizabeth C. Pritzker*<br>ELIZABETH C. PRITZKER (SBN 146267)<br>JONATHAN K. LEVINE (SBN 220289)<br>BETHANY CARACUZZO (SBN 190687)<br>CAROLINE CORBITT (SBN 305492)<br>1900 Powell Street, Suite 450<br>Emeryville, CA 94608<br>Tel.: (415) 692-0772<br>Fax: (415) 366-6110<br>ecp@pritzkerlevine.com<br>jkl@pritzkerlevine.com<br>bc@pritzkerlevine.com<br>ccc@pritzkerlevine.com<br><br>*Interim Class Counsel* |
| Dated: March 1, 2023 | BLEICHMAR FONTI & AULD LLP<br><br>By: */s/ Anne K. Davis*<br>LESLEY E. WEAVER (SBN 191305)<br>ANNE K. DAVIS (SBN 267909)<br>JOSHUA D. SAMRA (SBN 313050)<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>lweaver@bfalaw.com<br>adavis@bfalaw.com<br>jsamra@bfalaw.com |
| Dated: March 1, 2023 | SIMMONS HANLY CONROY LLC<br><br>By: */s/ Jay Barnes*<br>JASON 'JAY' BARNES (admitted *pro hac vice*)<br>AN TRUONG (admitted *pro hac vice*)<br>JENNIFER PAULSON (admitted *pro hac vice*)<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Tel.: (212) 784-6400<br>Fax: (212) 213-5949<br>jaybarnes@simmonsfirm.com<br>atruong@simmonsfirm.com<br>jpaulson@simmonsfirm.com |

March 1, 2023
Page 9

| | |
|---|---|
| Dated: March 1, 2023 | DiCELLO LEVITT LLC |
| | |
| | By: /s/ David A. Straite |
| | DAVID A. STRAITE (admitted *pro hac vice*) |
| | JAMES ULWICK (admitted *pro hac vice*) |
| | 485 Lexington Avenue, Suite 1001 |
| | New York, NY 10017 |
| | Tel.: (646) 933-1000 |
| | dstraite@dicellolevitt.com |
| | julwick@dicellolevitt.com |
| | |
| Dated: March 1, 2023 | COTCHETT, PITRE & McCARTHY LLP |
| | |
| | By: /s/ Nanci E. Nishimura |
| | NANCI E. NISHIMURA (SBN 152621) |
| | BRIAN DANITZ (SBN 247403) |
| | 840 Malcolm Road, Suite 200 |
| | Burlingame, CA 94010 |
| | Tel.: (650) 697-6000 |
| | Fax: (650) 697-0577 |
| | nnishimura@cpmlegal.com |
| | bdanitz@cpmlegal.com |
| | |
| Dated: March 1, 2023 | BOTTINI & BOTTINI, INC. |
| | |
| | By: /s/ Yury A. Kolesnikov |
| | FRANCIS A. BOTTINI, JR. (SBN 175783) |
| | YURY A. KOLESNIKOV (SBN 271173) |
| | 7817 Ivanhoe Avenue, Suite 102 |
| | La Jolla, CA 92037 |
| | Tel.: (858) 914-2001 |
| | Fax: (858) 914-2002 |
| | fbottini@bottinilaw.com |
| | ykolesnikov@bottinilaw.com |
| | |
| | ***Counsel for Plaintiffs and the Proposed Class*** |
| | |
| Dated: March 1, 2023 | COOLEY LLP |
| | |
| | By: /s/ Whitty Somvichian |
| | Michael G. Rhodes |
| | Whitty Somvichian |
| | Kelsey R. Spector |
| | Reece Trevor |
| | Anupam S. Dhillon |

March 1, 2023
Page 10

    3 Embarcadero Center, 20th floor
    San Francisco, CA 94111-4004
    Tel.: 415-693-2000
    Fax: 415-693-2222
    rhodesmg@cooley.com
    wsomvichian@cooley.com
    kspector@cooley.com
    rtrevor@cooley.com
    adhillon @cooley.com

    Robby L.R. Saldaña
    Khary J. Anderson
    1299 Pennsylvania Avenue NW, Suite 700
    Washington, DC 20004-2400
    Tel.: 202-776-2109
    Fax: 202-842-7899
    rsaldana@cooley.com
    kjanderson@cooley.com

    Attorneys for Defendant
    GOOGLE LLC

March 1, 2023
Page 11

## **ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, Anne K. Davis, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st of March, 2023, at Oakland, California.

*/s/ Anne K. Davis*
Anne K. Davis

March 1, 2023
Page 12

# EXHIBIT A

|     | **Bid Request Fields at Issue for March 1, 2023 Joint Letter Brief** |
| --- | --- |
| 1.  | google_user_id |
| 2.  | hosted_match_data |
| 3.  | hyperlocal_set.hyperlocal.corners |
| 4.  | hyperlocal_set.center_point.latitude |
| 5.  | hyperlocal_set.center_point.longitude |
| 6.  | user_data_treatment |
| 7.  | video.description_url |
| 8.  | publisher_settings_list_id |
| 9.  | page_visibility |
| 10. | adslot.excluded_sensitive_category |
| 11. | adslot.allowed_restricted_category |
| 12. | adslot.allowed_restricted_category_for_deals |