UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR   (VKD)<br><br>**ORDER RE JANUARY 17, 2023 DISCOVERY DISPUTE RE CLAWBACK DOCUMENTS**<br><br>**(REDACTED)**<br><br>Re: Dkt. No. 404 |

The parties ask the Court to resolve their dispute concerning four documents that defendant Google LLC initially produced to plaintiffs but has now clawed back from production based on claims of attorney-client privilege and/or attorney work product protection. Dkt. No. 404.

For the reasons explained below, the Court orders Google to submit Entries #10495 and #10494 for in camera review, and rejects plaintiffs' challenge to Google's privilege claims with respect to Entries #9373 and #9741, except as provided below.

I.  **BACKGROUND**

This dispute concerns four documents, now identified as follows:

| Entry # | Bates Number | Privilege Description |
|---|---|---|
| 10495 | GOOG-HEWT-00105248 | Presentation containing and reflecting legal advice of William Malcolm* regarding regulatory issues prepared in connection with regulatory investigation. |
| 10494 | GOOG -HEWT-00130534 | Memorandum reflecting legal advice of product counsel regarding policy compliance. |
| 9373; 9741 | GOOG- HEWT-00136858; GOOG- HEWT-00370004 | Notes seeking and reflecting legal advice of Uchechi Chima-okereke* regarding privacy issues |

1  *Id.* at 1.  Google produced these documents to plaintiffs, but later decided that the documents
2  contained privileged or work product information.
3  　　　　On December 5, 2022, Google served a "clawback notice" pursuant to the Court's Rule
4  502(d) order (Dkt. No. 285), followed by a privilege log describing the clawed back documents
5  and re-producing three of them with redactions.  *Id.*, Ex. A.  Plaintiffs challenge the sufficiency of
6  this notice and Google's subsequent privilege log.  Plaintiffs also dispute the merits of Google's
7  privilege and work product claims.  *Id.* at 1-4.  They ask the Court to order Google to produce the
8  documents or, in the alternative, to review them in camera.  *Id.* at 4.
9  　　　　Google argues that plaintiffs' challenge is improper because the Court's November 17,
10 2022 order (Dkt. No. 360) regarding a discovery dispute about the sufficiency of Google's
11 privilege logs supersedes the procedures in the Rule 502(d) Order.  *Id.* at 4.  Google also argues
12 that its privilege log entries are adequate to support of its privilege and work product claims.  *Id.* at
13 4-6.

## II.　　LEGAL STANDARD

15 　　　　"The attorney-client privilege protects confidential communications between attorneys and
16 clients, which are made for the purpose of giving legal advice." *United States v. Sanmina Corp*.,
17 968 F.3d 1107, 1116 (9th Cir. 2020).  The privilege extends to a client's confidential disclosures
18 to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such
19 disclosures.  *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (citations and quotations
20 omitted).  "Because it impedes full and free discovery of the truth, the attorney-client privilege is
21 strictly construed."  *Id*. (citations and quotations omitted).  In the Ninth Circuit, whether
22 information is protected by the attorney-client privilege is determined using an eight-part test:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

26 *Sanmina*, 968 F.3d at 1116.  Where a communication has more than one purpose, it may be
27 protected as privileged if the primary purpose of the communication is to give or receive legal
28 advice, as opposed to business or some other non-legal advice.  *In re Grand Jury*, 23 F.4th 1088,

United States District Court
Northern District of California

1    1092-94 (9th Cir. 2021), *cert. granted sub nom. In re Jury*, 143 S. Ct. 80 (2022), and *cert.*
2    *dismissed as improvidently granted,* 143 S. Ct. 543 (2023) (describing and adopting the "primary
3    purpose" test for dual-purpose communications).
4      The attorney work product doctrine protects from discovery materials that are prepared by
5    or for a party or its representative in anticipation of litigation. Fed. R. Civ. P. 26(b)(3). The
6    doctrine provides qualified protection against discovery of the legal strategies and mental
7    impressions of a party's counsel. *Hickman v. Taylor*, 329 U.S. 495, 508–10 (1947); *Upjohn Co. v.*
8    *United States*, 449 U.S. 383, 390–91 (1981). It does not protect facts from disclosure unless
9    disclosure of those facts would inherently reveal an attorney's strategies or mental
10   impressions. *See, e.g.*, *O'Toole v. City of Antioch*, No. 11-cv-01502 PJH MEJ, 2015 WL
11   1848134, at *3 (N.D. Cal. Apr. 14, 2015); *Hamilton v. RadioShack Corp.*, No. C 11-00888 LB,
12   2012 WL 2327191, at *4–5 (N.D. Cal. June 18, 2012).
13     A party claiming that a document or information is privileged or protected from disclosure
14   has the burden to establish that the privilege or protection applies. *See United States v. Martin*,
15   278 F.3d 988, 999–1000 (9th Cir. 2002). A party asserting privilege or work product
16   protection may make a prima facie case that the privilege or protection applies by "describ[ing]
17   the nature of the documents . . . in a manner that, without revealing information itself privileged or
18   protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A); *see*
19   *also Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1148
20   (9th Cir. 2005). The Ninth Circuit has held a party can meet this burden by providing a privilege
21   log that identifies "(a) the attorney and client involved, (b) the nature of the document, (c) all
22   persons or entities shown on the document to have received or sent the document, (d) all persons
23   or entities known to have been furnished the document or informed of its substance, and (e) the
24   date the document was generated, prepared, or dated." *In re Grand Jury Investigation*, 974 F.2d
25   1068, 1071 (9th Cir. 1992) (citing *Dole v. Milonas,* 889 F.2d 885, 888 n.3 (9th Cir. 1989)).
26   However, a party may substantiate a claim of privilege by other means. *Apple Inc. v. Samsung*
27   *Elecs. Co.*, 306 F.R.D. 234, 237 (N.D. Cal. 2015) ("Briefs, declarations or other proof may
28   establish the purpose of the communication or the specific role of the sender and each individual

3

recipient.").

## III. DISCUSSION

The Court first addresses the parties' dispute regarding the procedures that apply when one party claws back a document that has been previously produced. Then, the Court addresses each of the disputed documents.

### A. Clawback Procedures

The Court's August 10, 2022 Rule 502(d) order applies to any documents produced in this action for which the producing party later asserts a claim of privilege or work product. Dkt. No. 285. By contrast, the Court's November 17, 2022 order set further proceedings in connection with the parties' separate and continuing dispute about the sufficiency of Google's privilege logs and the merits of its privilege assertions. Dkt. No. 360. There is no merit to Google's argument that the November 17, 2022 order displaces or supersedes the Rule 502(d) order with respect to the parties' respective obligations.

### B. Entry #10495

Entry #10495 is described on Google's privilege log as a "[p]resentation containing and reflecting legal advice of William Malcolm* regarding regulatory issues prepared in connection with regulatory investigation." Dkt. No. 404, Ex. A. The entry includes the date of the document and the author of the email associated with it. *Id.*

According to plaintiffs, Google waived any privilege or protection for this document because Google did not serve a timely clawback notice. Specifically, plaintiffs cited and relied on the document in a discovery dispute submission filed on November 21, 2022. *Id.* at 2 (referring to Dkt. No. 367 at 1). The submission did not attach or quote from the disputed document, but instead referred to it in the following manner: ████████████████ ████████████████████████████████████ ████████████████████████████████████████ ████████████████████████ Dkt. No. 366-3 at (filed under seal). The Rule 502(d) order provides that "[i]f a receiving party uses discovery materials in a brief . . . the producing party shall serve a Clawback Notice within seven business days of the briefing event . . . if claiming that

4

1    any discovery materials used by the receiving party are attorney client privilege [or] protected
2    work product." Dkt. No. 285 at 4.  There is no question that plaintiffs used the disputed document
3    in a manner that relied on its substance.  Thus, Google's notice should have been served on
4    December 2, 2022 (a Friday); instead, it was served the next business day on December 5, 2022 (a
5    Monday).  Dkt. No. 404 at 4.  While plaintiffs are correct that Google's clawback notice was
6    untimely, nothing in the Rule 502(d) order supports plaintiffs' argument that Google has thereby
7    automatically waived the protections afforded by the order.  In contrast to the cases on which
8    plaintiffs rely, Google's delay was minimal, and plaintiffs were not prejudiced by it.  *Cf. Brown v.
9    Google LLC*, 2022 WL 12039375, at *5 (N.D. Cal. Oct. 20, 2022) (finding waiver where Google
10   "did not react at all" to the use of a privileged document in a brief "and used the document itself in
11   Court filings"); *AdTrader, Inc. v. Google LLC*, 405 F. Supp. 3d 862, 864 (N.D. Cal. 2019) (finding
12   waiver where "AdTrader relied on and quoted from the disputed portion of [a privileged] email in
13   four filings" and "Google took no action with respect to [the] email at that time or during the
14   following five months").  Considering the totality of the circumstances, the Court finds that
15   Google has not waived its privilege claims merely by failing to timely comply with the notice
16   requirement.

17          Plaintiffs also argue that Google's privilege log does not include enough information to
18   establish that the disputed document is protected from disclosure by the attorney-client privilege
19   or attorney work product doctrine.  Dkt. No. 404 at 2-3.  Google has the burden to establish that
20   the privilege or protection applies.  *See* Fed. R. Civ. P. 26(b)(5)(A); *Martin*, 278 F.3d at 999–
21   1000.  While Google's privilege log description of the document provides some support for its
22   claim of privilege, Google fails to address plaintiffs' arguments that (1) the document's primary
23   purpose concerns business operations (i.e., a change in practice), not legal advice, and (2) merely
24   preparing the document "in connection with [a] regulatory investigation" is insufficient to support
25   a claim that it was prepared in anticipation of litigation.

26          The Court cannot resolve the parties' dispute concerning this document on the record
27   presented, and orders further proceedings, discussed below.

28

### C. Entry #10494

Entry #10494 is a redacted document described on Google's privilege log as a "[m]emorandum reflecting legal advice of product counsel regarding policy compliance." Dkt. No. 404, Exs. A, B. The entry includes the date of the document and the author of the email associated with it; it does not identify the attorney or attorneys involved. *Id.*

Plaintiffs argue that the document concerns product planning for non-personalized ads in RTB, and that the primary purpose of the document is the design and implementation of that functionality, not legal advice. Several comments on the document are redacted as privileged. According to plaintiffs, because Google has not identified the people whose comments are redacted, or provided more information to support its claim that the comments reflect legal advice, it has not established its privilege claim. *Id.* at 3. Google responds that a comment may be privileged even if the legal advice concerns a business matter. *Id.* at 5. Google also suggests (but does not state definitively) that the name of the individual attorney commenting on the document is not readily available. *Id.* at 6. Google does not otherwise elaborate on its privilege log description of the redactions.

The Court cannot resolve the parties' dispute concerning this document on the record presented, and orders further proceedings, discussed below.

### D. Entries #9373 and #9741

Entries #9373 and #9741 are redacted documents described on Google's privilege log as "[n]otes seeking and reflecting legal advice of Uchechi Chima-okereke* regarding privacy issues." Dkt. No. 404, Exs. A, C, D. The entries include the dates of the documents and the author of the emails associated with them. *Id.,* Ex. A.

Plaintiffs argue that Google's redactions to these documents are suspect because Google has redacted "the identity of the person to which the [redacted] note is attributed, as well as its content," and because "the material surrounding the redactions concern[s] product design planning—suggesting that the redacted content also contains factual information, not 'legal advice.'" *Id.* at 3. Google responds that legal advice is privileged even if the communications at issue also include factual information, and it argues that plaintiffs have no basis to dispute

Google's representations about the redacted text. *Id.* at 6.

The Court agrees with Google that its privilege log entries for these documents sufficiently describe that basis for the privilege claimed. The Court has reviewed the redacted versions of both documents, which appear to summarize discussions during a series of meetings. The Court understands Google's redactions to reflect communications addressed to or made by the attorney identified in the privilege log, and if so, Google's description of the redactions is sufficient to establish that they are protected from disclosure by the attorney-client privilege. However, if Google has redacted text that reflects communications addressed to or made by an attorney other than Mr. Chima-okereke, it must provide the documents for in camera review.

## IV. CONCLUSION

Because Google's privilege log descriptions are not sufficient to permit the Court to evaluate plaintiffs' challenges to Entries #10495 and #10494, Google must submit those documents for in camera review by **March 15, 2023**. If the redactions to Entries #9373 and #9741 reflect communications regarding legal advice involving attorneys other than Mr. Chima-okereke, Google must also submit those the documents for in camera review at the same time.

**IT IS SO ORDERED.**

Dated: March 10, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge