
1  Elizabeth C. Pritzker (Cal. Bar No. 146267)
   Jonathan K. Levine (Cal. Bar No. 220289)
2  Bethany Caracuzzo (Cal. Bar No. 190687)
   Caroline C. Corbitt (Cal. Bar No. 305492)
3  **PRITZKER LEVINE LLP**
   1900 Powell Street, Suite 450
4  Emeryville, CA 94608
   Tel.: (415) 692-0772
5  Fax: (415) 366-6110
6  *ecp@pritzkerlevine.com*
   *jkl@pritzkerlevine.com*
7  *bc@pritzkerlevine.com*

8  Interim Class Counsel

9  *[Additional Counsel Appear on Signature Page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *In re Google RTB Consumer Privacy Litigation* | Case No. 4:21-cv-02155-YGR-VKD<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S RESPONSE (ECF NO. 440) TO PLAINTIFFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NOS. 428 AND 433)**<br><br>Judge: Hon. Virginia K. DeMarchi |

Case No. 5:21-cv-02155-YGR-VKD

## I. INTRODUCTION

Earlier this month, the parties filed three Joint Letter Briefs concerning their dispute over the production of named plaintiff data. Google now moves to seal portions of those briefs that describe fields from bid requests and bid responses, internal names of Google's data logs, and other information that does not meet the standard for sealing in this district. Google states the disclosure of this information will somehow subject it to competitive harm, but it offers no explanation as to how or why. In fact, Google fails to articulate any factual basis for sealing portions of the briefs.

As a whole, Google's motion relies on boilerplate conclusory language without factual support. Google falls well short of making a particularized showing of good cause and specific prejudice that will result from the disclosure of the information at-issue. Google's sealing motion should be denied.

## II. LEGAL STANDARD

A party seeking to file a motion to seal in connection with a non-dispositive motion must show "good cause" under Federal Rule of Civil Procedure 26(c). *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). "[T]he party seeking protection bears the burden of showing specific prejudice or harm will result." *Phillips ex rel Estates of Byrd v. Gen. Motors corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th cir. 1992)(internal citations and quotations omitted)). "[G]ood cause "cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal." *Evolutionary Intel., Inc. v. Facebook Inc*., 2013 WL 12144122, at *1 (N.D. Cal. Dec. 10, 2013); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (party seeking sealing must make a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c)). The "mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation" is

1 insufficient. *Kamakana*, 447 F.3d 1172 at 1179. Without more, such discomfort cannot compel the
2 court to seal its records. *Id.*

3 Moreover, in this district, in addition to meeting the applicable standard under *Kamakana*, a
4 party requesting sealing must also comply with Civil Local Rule 79–5, including that rule's
5 requirement that the request must "establish . . . that the document, or portions thereof, are
6 privileged, protectable as a trade secret or otherwise entitled to protection under the law" (i.e., is
7 "sealable"). Civil L.R. 79–5(b). The sealing request must also "be narrowly tailored to seek sealing
8 only of sealable material." *Open Text. S.A., v. Box, Inc.*, No. 13–cv–04910–JD, 2014 WL 7368594,
9 at *2 (Dec. 26, 2014) (citing Civil L.R. 79-5(b)).

10 **III.  ARGUMENT**

11 Google cannot show good cause for sealing the at-issue portions of the Joint Letter Briefs.
12 Google contends the information should be protected from public disclosure because the
13 information is proprietary and would create a cybersecurity risk. Google's purported justification
14 is factually incorrect and unsupported by any evidence of potential harm.

15 Google fails to identify a single specific prejudice or harm that might occur if the highlighted
16 portions of the Joint Letter Briefs are not sealed. Instead, in support of its motion, Google relies
17 on three identical sets of boilerplate, generally applicable language that do not identify specific
18 language in any of the Joint Letter Briefs, much less provide explanation for why those portions
19 should remain under seal. Google offers only unadorned prognostications that exposure of these
20 terms and descriptions "*may* also place Google at an increased risk of cybersecurity threats" or
21 that it "*could* affect Google's competitive standing." ECF No. 440-1, chart at ¶ 4 (emphasis added).
22 Courts in this district, and in this Circuit, routinely deny motions to seal based on such boilerplate
23 justifications. *See, e.g. Cypress Semiconductor Corp. v. Fujitsu Semiconductor Ltd.*, No. 20-CV-
24 00193-LHK, 2020 WL 11567020, at *2 (N.D. Cal. Feb. 26, 2020) (denying plaintiff's motions to
25 seal for failure to narrowly tailor its requests and justify them under Ninth Circuit case law); *see
26 also Hodges v. Apple, Inc.*, No. 13–cv–01128–WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov.
27 18, 2013) (quoting *Dunbar v. Google, Inc.*, No. 12–CV–003305–LHK, 2012 WL 6202719, at *4–
28

5 (N.D. Cal. Dec. 12, 2012) for the proposition that "[a]n unsupported assertion of 'unfair advantage' to competitors without explaining 'how a competitor would use th[e] information to obtain an unfair advantage' is insufficient.").

Further, the declaration from Google's counsel—not *Google*—lacks personal knowledge or foundation for the ill-defined, alleged harm from disclosure, which cannot constitute factual evidence to support good cause. Counsel's declaration fails to explain how he has personal knowledge of Google's business operations, and his second-hand assertions of the mere possibility of harm carry no weight. *See, e.g., Signal Hill Serv., Inc. v. Macquarie Bank Ltd.,* 2013 WL 12244287, at *3 (C.D. Cal. May 14, 2013); *see also Bennett v. N. Am. Bancard, LLC,* 2022 WL 17972168, at *3 (S.D. Cal. Feb. 15, 2022); Local Rule 7-5(a) (an "affidavit or declaration may contain only facts," "must avoid conclusions and argument," and must conform as much as possible with Federal Rule of Civil Procedure 56(e), which requires that declarations be based on personal knowledge and contain only admissible evidence. *Doe v. Texaco, Inc.*, No. C06-02820 WHA, 2006 WL 2850035, at *2 (N.D. Cal. Oct. 5, 2006)).

Despite counsel's under-oath statement that he has "knowledge of the facts herein," it is apparent from his declaration that what little factual information that he has provided to the Court was only gleaned from "consultation with [his] client." ECF No. 440-1, ¶¶1, 4. From what unidentified Google employee(s) these unsupported assertions were gleaned is not disclosed. The declaration does *not* include a single factual statement from a Google employee with personal knowledge, or a citation or reference to documents or testimony present in this case—there are simply no facts offered in the declaration on which Google purports to base its argument.

Distilled to its essence, the declaration from counsel amounts to an additional four pages of unsupported legal conclusions and additional legal argument, in violation of Rule 7-5. The declaration provides no facts, and the legal arguments offered in their stead should be disregarded, leaving Google's response in support of sealing the Joint Letter Briefs entirely unsupported. Ninth Circuit precedent requires that a party requesting that documents or information be sealed make a showing, supported by evidence, that "specific prejudice or harm will result" if the request to seal

is not granted. *Phillips*, 307 F.3d at 1210-11. A motion or response, bearing only boilerplate legal argument and devoid of factual support, cannot make this showing.

Even if this Court were to give credence to Counsel's declaration, and accept hearsay statements as facts sufficient to support a motion to seal, Google cannot seal terms, descriptions, and explanations that are already public. For instance, Google seeks to redact the names of certain terms it uses internally. See Ex. 1, Chart of Google's Redaction Requests,[1] #11, #17. However, these terms have already been disclosed in public filings in other litigation, and have been the subject of unsuccessful sealing motions from Google in those cases. *See id.* Google also seeks to keep redacted, and out of the public eye, several different fields used in the RTB process. *See, e.g.,* Ex. 1, #32, #34, #36, #37. But these fields are discussed in detail on Google's own websites. *See id.* By way of another example, Google hopes to keep a pair of identifiers that are used to identify and track Google Account Holders under seal and out of public briefing. *See* Ex. 1, #10, #13, #21. But Google freely refers to these identifiers in its own public materials and in Google's detailed (and public) Cookie Matching explanation. *See id.* These examples are emblematic of much of the language that Google now seeks to seal: both terms themselves, as well as the descriptions of those terms, have been disclosed to the public in one way or another. As a result, Google cannot now request that already-public information be hidden simply because it is involved in this litigation.

This Court should not set aside Ninth Circuit precedent requiring that a party seeking to seal material show that specific prejudice or harm would come to them from the publishing of the material in question. Even if this Court determined that the already-public nature of much of the information Google seeks to hide does not foreclose the Court from sealing it, Google fails to meet the good cause standard that is required to keep information out of the public eye.

Google's sealing motion is unlike the one at issue in *In Re Google Inc. Gmail Litig.*, No. 13-

---

[1] In an effort to keep as much of the briefing in this case public, Plaintiffs have chosen to set out any terms, descriptions, or other language from the Joint Letter Briefs that Google seeks to keep redacted in an accompanying exhibit, filed under seal. Plaintiffs' filing of this document under seal is in no way an endorsement of Google's request to seal: it is merely an acknowledgment that, until the Court has an opportunity to rule on this matter, Plaintiffs must file under seal documents containing information obtained from documents or testimony marked "Confidential" in accordance with the Protective Order entered in this case, ECF. No. 59, §12.4.

MD-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013). There, the Court determined that Google had stated compelling reasons to seal a narrowly tailored set of materials that described the proprietary and confidential features of Gmail and how Gmail operates, finding that if such material were disclosed, competitors would be able to duplicate those features and could cause competitive harm to Google. *Id*., at *3-4. That is, the requirements of Civil L.R. 79-5(b) were satisfied.  Likewise, in an unpublished order in *Free Range Content, Inc. v. Google, Inc*., 5:14-cv-02329-BLF(N.D. Cal. May 20, 2017), the Court found that specified non-public, confidential, and proprietary business data processes that Google uses to root out fraudulent activity, and specific financial information about Google's clients, satisfied Civil L.R. 79-5(b)'s requirements for sealing. *Id*., Dkt. No. 192. Moreover, in both *In Re Google Inc. Gmail Litig*. and *Free Range Content*, unlike here, Google's sealing motion was supported by a declaration from an internal Google employee with particularized, first-hand knowledge of the specific database systems at issue, their confidential and proprietary nature, and the type and scope of competitive harm Google would suffer if the systems information were to be made public. *In Re Google Inc. Gmail Litig*., No. 13-MD-02430-LHK, Dkt. No. 40-2 (sealing request accompanied by supporting declaration of Google engineer); *Free Range Content*, No. 5:14-cv-02329-BLF, Dkt. No. 185-1 (sealing request accompanied declaration of Ad Traffic Quality Team Manager). Google has utterly failed to make any such showing, on first-hand knowledge, of the specific prejudice or harm that would occur should the Court deny its overbroad and unparticularized sealing request here.

**IV.   CONCLUSION**

Because Google has sought to seal information in the Joint Letter Briefs that Google itself has already made public on its own websites, because Google has failed to provide any factual support for the boilerplate legal arguments it has made, and because Google has failed to show that specific prejudice or harm will result if its request to seal portions of the Briefs is not granted, as required for sealing motions in this district, this Court should deny Google's request to seal.

DATED: March 13, 2023

Respectfully submitted,

By: /s/ Elizabeth C. Pritzker

**PRITZKER LEVINE LLP**
Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
Caroline C. Corbitt (Car Bar No. 305492)
1900 Powell Street, Ste. 450
Oakland, CA 94602
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
bc@pritzkerlevine.com
ccc@pritzkerlevine.com

*Interim Class Counsel*

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Anne K. Davis (Cal. Bar No. 267909)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Jenny Paulson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
jpaulson@simmonsfirm.com

**DICELLO LEVITT LLC**
David A. Straite (admitted *pro hac vice*)
485 Lexington Avenue
Suite 1001

Tel.: (212) 784-6400
Fax: (212) 213-5949
New York, NY 10017
Tel: (646) 993-1000
dstraite@dicellolevitt.com

James Ulwick (admitted pro hac vice)
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
julwick@dicellolevitt.com

**COTCHETT PITRE & MCCARTHY, LLP**
Nancy E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal Bar. No. 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road
Burlingame, CA 94010
Tel.: (650) 697-6000
nnishimura@cpmlegal.com
bdanitz@cpmlegal.com
kswope@cpmlegal.com

**BOTTINI & BOTTINI INC.**
Francis A. Bottini, Jr. (Cal. Bar No. 175783)
Yury A. Kolesnikov (Cal. Bar. No. 271173)
7817 Ivanhoe Ave., Ste. 102
La Jolla, CA 92037
Tel.: (858) 914-2001
fbottini@bottinilaw.com
ykolesnikov@bottinilaw.com

*Counsel for Plaintiffs and the Proposed Class*