COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**ADMINISTRATIVE MOTION TO SEAL GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR CONTEMPT AND SANCTIONS FOR VIOLATIONS OF AUG. 26, 2022 AND DEC. 16, 2022 DISCOVERY ORDERS** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

## I.   INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5, Google LLC ("Google") respectfully submits this Administrative Motion ("Google's Sealing Motion") to consider whether portions of Google's Opposition to Plaintiffs' Motion for Contempt and Sanctions for Violations of Aug. 26, 2022 and Dec. 16, 2022 Discovery Orders [DKT. NOS. 314, 382] (ECF No. 431) ("Google's Opposition"), the Declaration of Whitty Somvichian in support of Google's Opposition ("Somvichian Declaration") and accompanying exhibits ("Somvichian Exhibits"), and the Declaration of Stanislav Belov in support of Google's Opposition ("Belov Declaration"), should remain under seal.

The portions of Google's Opposition, the Somvichian Declaration, the Somvichian Exhibits, and the Belov Declaration listed below reflect highly confidential and proprietary information regarding sensitive internal data systems and operations that Google keeps confidential, including Google's internal data logs and data signals. As set forth in Google's Sealing Motion and in the Declaration of Kelsey R. Spector ("Spector Sealing Decl."), Google confirms the confidentiality of these items.

Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below:

| Document | Text to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| Google's Opposition to Plaintiffs' Motion for Contempt and Sanctions for Violations of Aug. 26, 2022 and Dec. 16, 2022 Discovery Orders [DKT. NOS. 314, 382] (ECF No. 431) ("Google's Opposition") | Portions highlighted at pages: 1-5, 10-12 | Google |
| Declaration of Stanislav Belov in support of Google's Opposition ("Belov Declaration") | Portions highlighted at page: 2 | Google |
| Declaration of Whitty Somvichian in support of Google's Opposition ("Somvichian Declaration") | Portions highlighted at page: 2 | Google |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

| Exhibit A to the Somvichian Declaration | Entirety | Google |
| Exhibit B to the Somvichian Declaration | Entirety | Google |
| Exhibit C to the Somvichian Declaration | Entirety | Google |
| Exhibit D to the Somvichian Declaration | Entirety | Google |
| Exhibit E to the Somvichian Declaration | Entirety | Google |
| Exhibit F to the Somvichian Declaration | Entirety | Google |

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the information is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

Briefing for a discovery motion is non-dispositive, and thus the good cause standard applies here. *See, e.g.*, *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-cv-02306-EDL, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("Because the sealing requests were made in conjunction with a nondispositive discovery motion, a showing under the good cause standard will suffice."); *Calhoun v. Google*, No. 20-cv-05146, ECF No. 327, at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."). The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824-BLF, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

### III. GOOD CAUSE WARRANTS SEALING PORTIONS OF GOOGLE'S OPPOSITION AND SUPPORTING DECLARATIONS AND EXHIBITS

Google respectfully asks this Court to seal portions of Google's Opposition, the Somvichian Declaration, the Somvichian Exhibits, and the Belov Declaration, which reflect sensitive details concerning Google's internal data logs and data systems. Pursuant to the good cause standard, Google's sealing request is warranted.

As an initial matter, the proposed redactions to the Google's Opposition, the Somvichian Declaration, the Somvichian Exhibits, and the Belov Declaration are narrowly tailored to encompass only the specific portions that qualify as confidential information and therefore do not "unduly limit[] public access." *ASUS Comput. Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST-NC, 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

Good cause exists to grant Google's sealing requests. ***First***, the portions of the Google's Opposition, the Somvichian Declaration, the Somvichian Exhibits, and the Belov Declaration that Google seeks to redact contain technical details and identifiers related to highly sensitive data logs and data systems that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors. (Spector Sealing Decl. ¶ 4.) Specifically, such confidential and proprietary information contains details pertaining to Google's advertising products and their proprietary functionalities, data infrastructure, logs, and metrics. (*Id*.) ***Second***, public disclosure of documents that contain technical details and identifiers related to Google's highly sensitive data logs and data systems place Google at risk of irreparable harm because these may reveal Google's internal strategies, system designs, and business practices for operating and maintaining many of its important proprietary services. (*Id*. ¶ 5.) This creates a serious cybersecurity risk as third parties may seek to use this information to compromise Google's data sources, including data logs, internal data structures, and internal identifier systems. (*Id*. ¶ 6.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

For these reasons, Courts in this District routinely seal references to data systems and logs. *See, e.g., In re Google Inc. Gmail Litig.*, No. 13-md-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems); *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, ECF. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system).  And, in fact, this Court has previously sealed the similar information and descriptions of internal logs that Google seeks to seal here.  *In re Google RTB Consumer Privacy Litig.*, No. 21-cv-02155-YGR, ECF No. 384 (N.D. Cal. Dec. 19, 2022) (sealing documents containing technical details and identifiers related to Google's highly sensitive data logs and data systems); ECF No. 186 (N.D. Cal. Apr. 29, 2022) (sealing descriptions of data sources); ECF No. 324 (N.D. Cal. Sept. 26, 2022) (sealing portions concerning Google's data signals, internal strategy, and business practices).

### IV.  CONCLUSION

Consistent with these authorities, Google respectfully requests that the Court seal the aforementioned portions of the Google's Opposition, the Somvichian Declaration, the Somvichian Exhibits, and the Belov Declaration.

Dated: March 14, 2023                                COOLEY LLP

By: */s/ Whitty Somvichian*
      Whitty Somvichian

Attorneys for Defendant
GOOGLE LLC

282974441

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD