| | |
|---|---|
| COOLEY LLP<br>MICHAEL G. RHODES (SBN 116127)<br>(rhodesmg@cooley.com)<br>WHITTY SOMVICHIAN (SBN 194463)<br>(wsomvichian@cooley.com)<br>KELSEY R. SPECTOR (SBN 321488)<br>(kspector@cooley.com)<br>REECE TREVOR (SBN 316685)<br>(rtrevor@cooley.com)<br>ANUPAM DHILLON (SBN 324746)<br>(adhillon@cooley.com)<br>3 Embarcadero Center, 20th floor<br>San Francisco, CA 94111-4004<br>Telephone:   +1 415 693 2000<br>Facsimile:    +1 415 693 2222 | COOLEY LLP<br>ROBBY L.R. SALDAÑA (DC No. 1034981)<br>(rsaldana@cooley.com)<br>(*Admitted pro hac vice*)<br>KHARY J. ANDERSON (DC No. 1671197)<br>(kjanderson@cooley.com)<br>(*Admitted pro hac vice*)<br>1299 Pennsylvania Avenue, NW, Suite 700<br>Washington, DC 20004-2400<br>Telephone:   +1 202 842 7800<br>Facsimile:    +1 202 842 7899 |

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**DECLARATION OF STANISLAV BELOV IN SUPPORT OF GOOGLE'S OPPOSITION TO MOTION FOR SANCTIONS**<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECL. OF S. BELOV ISO GOOGLE'S
OPP. TO MOTION FOR SANCTIONS
CASE NO. 4:21-CV-02155-YGR-VKD

I, Stanislav Belov, declare as follows:

1. I am a software engineer at Google LLC ("Google"). I have worked on Google's RTB products since approximately 2015 and have been the technical lead engineer for RTB products (Authorized Buyers and Open Bidding) with a focus on ad serving aspects since 2020. I have personal knowledge of the facts herein, and I am competent to testify to the facts set forth below.

2. I understand that the Plaintiffs in this case have asked Google to produce data from a field they identify as "user_lists."

3. The bid request field named "user_list" that Plaintiffs seem to be referring to has not been populated in bid requests since 2018. Google no longer has access to the specific information sent in bid requests from that time, including information from the user_list data field.

4. When it was still being populated, the user_list field in bid requests was distinct from the [REDACTED] field, which was previously included in RTB bid requests but deprecated from bid requests in approximately February 2020. Since the deprecation of the [REDACTED] field, information on verticals associated with web pages where ad impressions were offered for bidding through Google's RTB products has not been shared in bid requests sent to Google RTB partners. The user_list field, when it was included in bid requests, did not contain the verticals information that was previously included in the [REDACTED] field.

5. Google does not generate user lists for use in the Authorized Buyers and Open Bidding RTB products. Rather, Authorized Buyers partners can create and populate user lists themselves based on their own information, and/or instruct Google to populate a user list based on criteria they independently determine and provide to Google (for example, visitors to a given web site a buyer partners with). User lists are distinct from the [REDACTED] data that Google currently maintains for its internal use, which enables Authorized Buyers partners to pre-filter the bid requests they receive, and Google does not consider Authorized Buyers user lists to be a type of vertical.

6. I understand that the Plaintiffs have also asked Google to produce data from a field they identify as "content_labels." To my knowledge, Google does not have a field called

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DECL. OF S. BELOV ISO GOOGLE'S
OPP. TO MOTION FOR SANCTIONS
CASE NO. 4:21-CV-02155-YGR-VKD

"content_labels" in RTB protocols available to Authorized Buyers or Open Bidding partners. I assume that the Plaintiffs may have meant to refer to the bid request field named "detected_content_label," which was deprecated from bid requests in approximately February 2020. Google no longer has access to the specific information sent in bid requests from that time, including the information from this data field.

7. Currently, Google maintains detected content labels for web pages internally, which enables Authorized Buyers partners to pre-filter categories of web pages which they may deem as not suitable for the brand safety goals of their clients, and for which they do not want to receive bid requests. Since detected content labels are no longer provided in bid requests to Google RTB partners, they currently cannot target their ads to appear on web pages with specific detected content labels; they can only use detected content labels to pre-filter bid requests. Google RTB partners do not receive information on which specific web page URLs or domains were pre-filtered with this mechanism from being sent in bid requests they receive. Further, content labels and the pre-filtering feature of the Authorized Buyers product as described are not based on any categorizations of users by Google, but only based on categorization of web pages.

8. I understand that the Plaintiffs have also asked Google to produce data about "app categories" and refer to a specific field they identify as "app_category_fatcat_ids." I am not aware of a field named "app_category_fatcat_ids" in RTB bid requests sent by Google to its RTB partners. A field named "app_category_ids" was previously included in RTB bid requests sent to Google RTB partners, but was deprecated from bid requests in approximately February 2020. Google no longer has access to the specific information sent in bid requests from that time, including information from this data field. When the field was still populated by Google, the app_category_ids contained information on broad categories associated with apps that offered ad impressions available for bidding through Google's RTB products, not with individual users. Currently, RTB bidders can pre-filter the bid requests they receive based on app categories selected in pretargeting. These categories are not associated with individual users but with apps; they are not specific to Google's RTB products but, as I understand, are selected by app developers to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DECL. OF S. BELOV ISO GOOGLE'S
OPP. TO MOTION FOR SANCTIONS
CASE NO. 4:21-CV-02155-YGR-VKD

categorize apps in the Google Play store and in the Apple App Store; and are publicly available information for apps published through those app stores.

    I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed in New York, New York on March 14, 2023.

                                                  */s/ Stanislav Belov*
                                                  Stanislav Belov

### CIVIL L.R. 5-1 (H)(3) ATTESTATION

    Pursuant to Civil Local Rule 5-1(h)(3), I, Whitty Somvichian, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: March 14, 2023                                          */s/ Whitty Somvichian*
                                                                               Whitty Somvichian

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DECL. OF S. BELOV ISO GOOGLE'S
OPP. TO MOTION FOR SANCTIONS
CASE NO. 4:21-CV-02155-YGR-VKD