UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No.  21-cv-02155-YGR   (VKD)<br><br>**ORDER RE ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. Nos. 403, 407 |

The parties filed a joint letter brief regarding a discovery dispute as to defendant Google's clawback of four documents on the basis of attorney-client privilege and work product protection claims. *See* Dkt. No. 404. In connection with the dispute, plaintiffs filed exhibits provisionally under seal, accompanied by an administrative motion to consider whether materials Google designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" should remain under seal. Dkt. No. 403. Pursuant to Civil Local Rule 79-5(f)(3) Google filed a response and declaration. Dkt. No. 407.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). A litigant seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure.

*Id.* at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

Google requests that portions of Exhibit A to the joint letter brief (Dkt. No. 404-1) be sealed, and that Exhibits B through D to the joint letter brief be sealed in their entirety. Dkt. No. 407 at 2. Google's request concerns information submitted in connection with a discovery dispute. The underlying discovery dispute does not address the merits of the parties' claims or defenses, and the Court therefore applies the "good cause" standard of Rule 26(c).

The portions that Google seeks to seal from Exhibit A contain names and email addresses of current and former Google employees and document custodians. Dkt. No. 407-1 ¶ 4. Google argues that "public disclosure of these employees' personal information could subject them to unsolicited contact from the public or harassment." Dkt. No. 407 at 3-4. Google also seeks to seal Exhibits B through D in their entirety. These exhibits contain information about Google's internal business practices, technical details related to product design, confidential code names, internal meeting notes, and/or names of Google employees. Dkt. No. 407 ¶¶ 5, 6. Google says that this information is unknown to the public or its competitors, and if it were made public, it could generally cause competitive harm. *See* Dkt. No. 407 at 4-6.

The Court agrees and finds that good cause exists to seal the following material:

| Document | Portions Sought to be Sealed |
|---|---|
| Exhibit A (Dkt. No. 404-1) | "Email From/Author" column |
| Exhibits B through D (Dkt. Nos. 404-2 through 404-4) | Entire Document |

A version of Exhibit A with the sealed portions of the document redacted has already been filed on the public docket (Dkt. No. 407-2), and Exhibits B through D are already sealed on the public docket. Accordingly, the Court requires no further action from the parties.

**IT IS SO ORDERED.**

Dated: March 17, 2023



VIRGINIA K. DEMARCHI
United States Magistrate Judge