March 17, 2023

Magistrate Virginia K. DeMarchi
Courtroom 2 – 5th Floor
San Jose Courthouse
280 South 1st Street
San Jose, CA 95113

Re:   ***In re Google RTB Consumer Privacy Litigation***, No. 4:21-cv-02155-YGR-VKD
      Joint Report Regarding Remaining Privilege Log Disputes

Dear Magistrate Judge DeMarchi:

Pursuant to the Court's March 7, 2023 Order (ECF No. 439), Plaintiffs and Defendant Google LLC ("Google") (together, the "Parties") submit this joint report summarizing their remaining disputes concerning Google's privilege claims and their respective proposals for resolving those disputes.

**I.   SUMMARY**

    **A.   Plaintiffs' Summary**

Plaintiffs challenge Google's claims of privilege and work product protection over 5,495 of the 10,525 documents included on Google's privilege logs.

On February 2, 2023, the Court ordered Plaintiffs to identify 1,000 logged items from two categories (noted as (C) and (F) in the chart below) for Google to re-review and stated that after receiving the results of that re-review, it would "determine what further proceedings, if any, are warranted." ECF No. 421 at 2.

Following its re-review of the 1,000 documents, Google withdrew or narrowed its claims of privilege over 277 documents and indicated that it had previously withdrawn its claims over three additional documents, yielding an error rate of 28%.

There are at least 5,177 challenges remaining in dispute—4,457 of which have not yet been re-reviewed by Google.[1] Plaintiffs assert challenges on the following bases:

---

[1] To facilitate narrowing the parties' disputes and to help identify the exact number of remaining disputes, Plaintiffs asked Google to provide its revised log by March 10, 2023. Google refused and has indicated that it will provide a revised log by March 24, 2023.

March 17, 2023
Page 2

| Category ID | Basis for Challenge | Est. # of Docs in Dispute |
|---|---|---|
| A | Google has not provided sufficient information to evaluate or justify its claims of privilege and protection. | 5,177 |
| B | The communication is sent to unknown senders and recipients.[2] | 111 |
| C | Google's log does not identify any attorney, and its description does not clearly show that the document seeks or reflects legal advice or constitutes attorney work product. | 513 |
| D | A member of Google's legal department is one of many recipients and there is no indication that the primary purpose of the communication was to generate legal advice. | 164 |
| F | Google's log does not indicate that the document was created by or sent to an attorney, but describes the document as concerning legal advice of a member of Google's legal team. | 2,670 |
| G | Google withholds the entire document where, even if it reflects some legal advice, it should be produced with redactions. | 4,215 |
| H | Google fails to substantiate its claim of work product protection where it has not identified the particular litigation or investigation at issue. | 281 |

    Plaintiffs' Motion to Compel and Reply, ECF Nos. 393 and 401, identify the bases of Plaintiffs' challenges in detail.

---

[2] As detailed in Plaintiffs' Motion, Google's offer to provide the current membership of distribution lists does not resolve Plaintiffs' challenges for this category. ECF No. 393 at 12.

March 17, 2023
Page 3

### B. Google's Summary

In the parties' October 21, 2022 joint letter brief, Plaintiffs identified 5,470 privilege log entries they contended were deficient. These entries fell into the seven categories described above by Plaintiffs. (ECF No. 339.)

On December 23, 2022, Plaintiffs filed a motion to compel Google to re-review all of these challenged documents. (ECF No. 393.) On February 2, 2023, the Court ordered Google to reassess a subset of "1,000 logged items that fall into at least one of the following categories: (a) the log does not identify any attorney, and the description provided does not clearly show that the document seeks or reflects legal advice or constitutes attorney work product; or (b) the log does not indicate that the document was created by or sent to an attorney, but the log describes the document as concerning legal advice of a member of Google's legal team." (ECF No. 421.) The Court did not require re-review of documents falling into any of the other categories of documents challenged by Plaintiffs and, in fact, rejected some of those challenges. For example, the Court found that "plaintiffs' demand for . . . detail about the issue, regulation, or policy that is the subject of the document [was] unlikely to make it easier for plaintiffs or the Court to assess whether a document actually seeks or contains legal advice" and was "calculated to help [Plaintiffs] assess whether the contents of a withheld document might be important for the merits of the case." (ECF No. 360 at 7.) Google re-reviewed the 1,000 documents Plaintiffs identified, produced documents reflecting its corrected privilege claims on March 15, 2023, and will provide an updated privilege log by March 24, 2023.

On March 7, 2023, the Court ordered the parties to file this report summarizing the "disputes remaining" and their "proposal(s) for efficiently resolving those disputes." (ECF No. 439.) In response, Plaintiffs propose that Google re-review more than 4,000 additional documents, including thousands of documents in categories beyond those for which the Court ordered re-review. Plaintiffs' challenges to these other document categories are unwarranted or have already been resolved,[3] and Plaintiffs offer no support for extending Google's re-review beyond the scope of the Court's prior Order.

### II. PLAINTIFFS' PROPOSAL

1. By March 31, 2023, Google shall (a) re-review its privilege and work product claims for the remaining 4,457 challenged entries; and (b) advise Plaintiffs in writing of which entries, if any, it will produce in whole or with redactions or with modified redactions. It shall produce any such documents by April 5, 2023.

2. By April 7, 2023, Google shall provide Plaintiffs with an updated privilege log, which includes information sufficient to permit Plaintiffs to evaluate Google's claims, such as by describing with greater specificity the nature of the privileged material withheld in each document.

3. By April 12, 2023, Plaintiffs shall identify each document for which they still dispute Google's privilege and work product designations, and the bases for challenge. The parties

---

[3] For example, Google has already agreed to identify the "unknown" members of the distribution lists included on its logs.

March 17, 2023
Page 4

shall meet and confer within two days to try to reach a mutually agreeable narrowing or resolution of the remaining challenges.

  4. By April 14, 2023, the parties will provide a statistically significant sample (not to exceed 100 documents**)** of the remaining disputed documents for *in camera* review by the Court (which then may provide further grounds for resolving remaining disputes).

### III. GOOGLE'S PROPOSAL

  1. Google will re-review all remaining challenged documents that fall into category (a) from the Court's February 2 Order (279 documents) and (2) not more than 500 additional documents selected by Plaintiffs that fall into category (b).

  2. Within 5 days of the Court's order on the parties' proposals, Plaintiffs shall identify the documents from category (b) for which they seek re-review.

  3. Within 30 days of Plaintiffs' identification of documents, Google shall complete its re-review and advise Plaintiffs of the results.

  4. Within 5 days of completing its re-review, Google will file a report with the Court.

  5. Within 30 days of completing its re-review, Google will produce any documents with changed redactions and submit an updated privilege log reflecting any changes to its entries resulting from its re-review, including any changes to the descriptions of those entries to provide additional clarifying information where appropriate.

Dated: March 17, 2023       **PRITZKER LEVINE LLP**

                By: */s/ Elizabeth C. Pritzker*
                Elizabeth C. Pritzker (SBN 146267)
                Jonathan K. Levine (SBN 220289)
                Bethany Caracuzzo (SBN 190687)
                Caroline Corbitt (SBN 305492)
                1900 Powell Street, Suite 450
                Emeryville, CA 94608
                Tel.: (415) 692-0772
                Fax: (415) 366-6110
                ecp@pritzkerlevine.com
                jkl@pritzkerlevine.com
                bc@pritzkerlevine.com
                ccc@pritzkerlevine.com

                *Interim Class Counsel*

March 17, 2023
Page 5

| | |
|---|---|
| Dated: March 17, 2023 | **BLEICHMAR FONTI & AULD LLP**<br><br>By: */s/ Joshua D. Samra*<br>Lesley E. Weaver (SBN 191305)<br>Anne K. Davis (SBN 267909)<br>Joshua D. Samra (SBN 313050)<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>lweaver@bfalaw.com<br>adavis@bfalaw.com<br>jsamra@bfalaw.com |
| Dated: March 17, 2023 | **SIMMONS HANLY CONROY LLC**<br><br>By: */s/ Jay Barnes*<br>Jason 'Jay' Barnes (admitted *pro hac vice*)<br>An Truong (admitted *pro hac vice*)<br>Jennifer Paulson (admitted *pro hac vice*)<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Tel.: (212) 784-6400<br>Fax: (212) 213-5949<br>jaybarnes@simmonsfirm.com<br>atruong@simmonsfirm.com<br>jpaulson@simmonsfirm.com |
| Dated: March 17, 2023 | **DiCELLO LEVITT LLC**<br><br>By: */s/ David A. Straite*<br>David A. Straite (admitted *pro hac vice*)<br>485 Lexington Avenue, Suite 1001<br>New York, NY 10017<br>Tel.: (646) 933-1000<br>dstraite@dicellolevitt.com<br><br>James Ulwick (admitted *pro hac vice*)<br>Ten North Dearborn Street, Sixth Floor<br>Chicago, IL 60602<br>Tel.: (312) 214-7900<br>julwick@dicellolevitt.com |

March 17, 2023
Page 6

Dated: March 17, 2023          **COTCHETT, PITRE & McCARTHY LLP**

By: */s/ Nanci E. Nishimura*
Nanci E. Nishimura (SBN 152621)
Brian Danitz (SBN 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel.: (650) 697-6000
Fax: (650) 697-0577
nnishimura@cpmlegal.com
bdanitz@cpmlegal.com
kswope@cpmlegal.com

Dated: March 17, 2023          **BOTTINI & BOTTINI, INC.**

By: */s/ Yury A. Kolesnikov*
Francis A. Bottini, Jr. (SBN 175783)
Yury A. Kolesnikov (SBN 271173)
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Tel.: (858) 914-2001
Fax: (858) 914-2002
fbottini@bottinilaw.com
ykolesnikov@bottinilaw.com

*Counsel for Plaintiffs and the Proposed Class*

Dated: March 17, 2023          **COOLEY LLP**

By: */s/ Whitty Somvichian*
Michael G. Rhodes
Whitty Somvichian
Kelsey R. Spector
Reece Trevor
Anupam S. Dhillon
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Tel.: 415-693-2000
Fax: 415-693-2222
rhodesmg@cooley.com
wsomvichian@cooley.com
kspector@cooley.com
rtrevor@cooley.com
adhillon @cooley.com

March 17, 2023
Page 7

        Robby L.R. Saldaña
        Khary J. Anderson
        1299 Pennsylvania Avenue NW, Suite 700
        Washington, DC 20004-2400
        Tel.: 202-776-2109
        Fax: 202-842-7899
        rsaldana@cooley.com
        kjanderson@cooley.com

        Attorneys for Defendant
        GOOGLE LLC

March 17, 2023
Page 8

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)

I, Joshua D. Samra, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th of March, 2023, at Morro Bay, California.

*/s/ Joshua D. Samra*
Joshua D. Samra