COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: +1 202 842 7800
Facsimile: +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, <br><br> This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD <br><br> **GOOGLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3), Google LLC ("Google") respectfully submits this Response ("Google's Response") to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed (ECF No. 444) ("the Sealing Motion"), which was filed in connection with Plaintiffs' Opposition to Google's Response (ECF No. 440) to Plaintiffs' Administrative Motions to Consider Whether Another Party's Material Should be Sealed (ECF Nos. 428 and 433) and the accompanying Exhibit 1.

Portions of Exhibit 1 reflect confidential information. As set forth below and in the accompanying Declaration of Whitty Somvichian in support of Google's Response ("Somvichian Decl."), Google confirms the confidentiality of these portions. Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below:

| Document | Text to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| Exhibit 1 in support of Plaintiffs' Opposition to Google's Response (ECF No. 440) to Plaintiffs' Administrative Motions to Consider Whether Another Party's Material Should be Sealed (ECF Nos. 428 and 433) ("Exhibit A") | Portions highlighted at rows: 1-5, 7-18, 20-27, 29-34 | Google |

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the information is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

*v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

Briefing for a discovery motion is non-dispositive, and thus the good cause standard applies here. *See, e.g.*, *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-cv-02306-EDL, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("Because the sealing requests were made in conjunction with a nondispositive discovery motion, a showing under the good cause standard will suffice."); *Calhoun v. Google*, No. 20-cv-05146, ECF No. 327, at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."). The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824-BLF, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

### III. GOOD CAUSE WARRANTS SEALING OF PORTIONS OF EXHIBIT 1 TO PLAINTIFFS' OPPOSITION TO GOOGLE'S RESPONSE

Google respectfully asks this Court to seal portions of Exhibit 1, which reflect sensitive details concerning Google's internal data logs and data system names. Pursuant to the good cause standard, Google's sealing request is warranted.[1]

As an initial matter, the proposed redactions to Exhibit 1 are narrowly tailored to encompass only the specific portions that qualify as confidential information and therefore do not "unduly limit[] public access." *ASUS Comput. Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST-NC, 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

Good cause exists to grant Google's sealing requests. ***First***, the portions of Exhibit 1 that Google seeks to redact contain technical details and identifiers related to highly sensitive data logs and data systems that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors. (Somvichian Decl. ¶ 4.)

---

[1] Plaintiffs' Opposition to Google's Response (ECF No. 440) is yet another attempt by Plaintiffs' counsel to circumvent this Court's established rules. Local Rule 79-5(f)(4) unambiguously states that "[r]esponses may not exceed 5 pages absent leave of the Court." Yet, Plaintiffs brazenly attach a five-page exhibit containing lengthy descriptions of alleged deficiencies in addition to the five-page opposition already filed.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

1  Specifically, such confidential and proprietary information contains details pertaining to Google's
2  advertising products and their proprietary functionalities, data infrastructure, logs, and metrics.
3  (*Id*.)  **Second**, public disclosure of documents that contain technical details and identifiers related
4  to Google's highly sensitive data logs and data systems place Google at risk of irreparable harm
5  because these may reveal Google's internal strategies, system designs, and business practices for
6  operating and maintaining many of its important proprietary services.  (*Id*. ¶ 5.)  This creates a
7  serious cybersecurity risk as third parties may seek to use this information to compromise Google's
8  data sources, including data logs, internal data structures, and internal identifier systems.  (*Id*. ¶ 6.)

9  Even where certain terms related to Google identifiers are publicly known, this information
10 is still only discussed in the context of describing the data fields at issue that is not generally known
11 by the public or competitors. (*Id*. ¶ 8.)  The public webpages and sources cited by Plaintiffs confirm
12 that these terms are only generally described and is devoid of the confidential information that
13 Google seeks to seal here. (*Id*. ¶ 9.)  Disclosure of these terms in this context creates a risk of
14 cybersecurity threats as third parties may try to infer information about the specific data fields at
15 issue through disclosure of the publicly available terms and use the information to compromise
16 Google's internal practices relating to its products. (*Id*. ¶ 8)

17 For these reasons, Courts in this District routinely seal references to data systems and logs.
18 *See, e.g.*, *In re Google Inc. Gmail Litig.*, No. 13-md-02430-LHK, 2013 WL 5366963, at *3 (N.D.
19 Cal. Sept. 25, 2013) (sealing material that "if made public Google contends could lead to a breach
20 in the security" of Google's systems); *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-
21 BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting motion to seal certain sensitive
22 business information related to Google's processes and policies to ensure the integrity and security
23 of a different advertising system).  This Court has previously sealed the similar information and
24 descriptions of internal logs that Google seeks to seal here.  *In re Google RTB Consumer Privacy*
25 *Litig.,* No. 21-cv-02155-YGR, ECF No. 384 (N.D. Cal. Dec. 19, 2022) (sealing documents
26 containing technical details and identifiers related to Google's highly sensitive data logs and data
27 systems); ECF No. 186 (N.D. Cal. Apr. 29, 2022) (sealing descriptions of data sources); ECF No.
28 324 (N.D. Cal. Sept. 26, 2022) (sealing portions concerning Google's data signals, internal strategy,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

and business practices). Consistent with these authorities, Google respectfully requests that the Court seal the aforementioned portions of Exhibit 1.

**IV.  CONCLUSION**

For the foregoing reasons, Google respectfully requests the Court seal portions of Exhibit 1.

Dated: March 20, 2023                                      COOLEY LLP

By: */s/ Whitty Somvichian*
       Whitty Somvichian

Attorneys for Defendant
GOOGLE LLC

283091004

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD