COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**DECLARATION OF WHITTY SOMVICHIAN IN SUPPORT OF GOOGLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECL. OF W. SOMVICHIAN ISO GOOGLE'S
RESPONSE TO PLS' ADMIN. MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

I, Whitty Somvichian, declare and state as follows:

**1.** I am a partner at the law firm of Cooley LLP and an attorney of record for Google in *In re Google RTB Consumer Privacy Litigation*, Case No. 4:21-cv-02155. I am licensed to practice law in the state of California and am admitted to practice before this Court. I submit this declaration in support of Google's Response ("Google's Response") to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed (ECF No. 444), which was filed in connection with Plaintiffs' Opposition to Google's Response (ECF No. 440) to Plaintiffs' Administrative Motions to Consider Whether Another Party's Material Should be Sealed (ECF Nos. 428 and 433) and the accompanying Exhibit 1. I have personal knowledge of the facts herein, and I am competent to testify. I make this declaration pursuant to Local Rule 79-5 as an attorney for Google, the Designating Party.

**2.** On March 13, 2023, Plaintiffs filed their Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed (ECF No. 444) in connection with Plaintiffs' Opposition to Google's Response (ECF No. 440) to Plaintiffs' Administrative Motions to Consider Whether Another Party's Material Should be Sealed (ECF Nos. 428 and 433) and the accompanying Exhibit 1. On that same day, I received an unredacted service copy of Exhibit 1.

**3.** I have reviewed the documents that Plaintiffs seek to file under seal pursuant to Local Rule 79-5. The portions in Exhibit 1 reflect confidential information disclosed in this matter. Based on my review and in consultation with my client, I understand that there is good cause to seal the following information:

| Document | Text to be Sealed | Basis for Sealing |
|---|---|---|
| Exhibit 1 in support of Plaintiffs' Opposition to Google's Response (ECF No. 440) to Plaintiffs' Administrative Motions to Consider Whether Another Party's Material Should be Sealed (ECF Nos. 428 and 433) ("Exhibit A") | Portions highlighted at rows: 1-5, 7-18, 20-27, 29-34 | I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal logs and their proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DECL. OF W. SOMVICHIAN ISO GOOGLE'S
RESPONSE TO PLS' ADMIN. MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

| | | | |
|---|---|---|---|
| | | | understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| | Exhibit 1 in support of Plaintiffs' Opposition to Google's Response (ECF No. 440) to Plaintiffs' Administrative Motions to Consider Whether Another Party's Material Should be Sealed (ECF Nos. 428 and 433) ("Exhibit A") | Portions highlighted at rows: 10, 11, 13, 17, 21, 25 | I understand the information requested to be sealed contains the names of three Google identifiers which have been publicly disclosed. These identifiers, are discussed in the context of specific data fields related to Google's internal systems and operations, including various types of Google's internal logs and their proprietary functionalities that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that disclosure of these terms may also place Google at an increased risk of cybersecurity threats, as third parties may seek to infer information about the specific data fields at issue through disclosure of the publicly available terms and use the information to compromise Google's internal practices relating to its products. |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DECL. OF W. SOMVICHIAN ISO GOOGLE'S
RESPONSE TO PLS' ADMIN. MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

**4.** Google does not seek to redact or file under seal any of the remaining portions of Exhibit 1 not indicated in the table above.

**5.** To the best of my knowledge, certain information in the documents indicated in the table above references technical details and identifiers related to highly sensitive data logs and data systems that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors. Specifically, this information includes details related to various of Google's advertising products and their proprietary functionalities, data infrastructure, logs, and metrics.

**6.** I understand that revealing this information publicly may reveal Google's internal strategies, system designs, and business practices for operating and maintaining many of its important proprietary services.

**7.** I understand that public disclosure of this information presents serious risk of irreparable harm to Google, including cyber security risk, as third parties may seek to use this information to compromise Google's data sources, including data logs, internal data structures, and internal identifier systems.

**8.** I also understand that certain information related to Google identifiers in the document is publicly available. However, these terms are discussed in the context of describing the data fields at issue and it is not generally known by the public or competitors. This creates a risk of cybersecurity threats because third parties may seek to infer information about the specific data fields at issue through disclosure of the publicly available terms and use the information to compromise Google's internal practices relating to its products.

**9.** The public sources which Plaintiffs cite to show that these terms are publicly available contain only general descriptions and do not discuss the data fields at issue in the Parties' dispute.

**10.** Attached hereto as Exhibit A is a copy of Exhibit 1 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed (ECF No. 444) that highlights the specific information that Google seeks to maintain under seal.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DECL. OF W. SOMVICHIAN ISO GOOGLE'S
RESPONSE TO PLS' ADMIN. MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

I declare under the laws of the State of California that the foregoing is true and correct. Executed March 20, 2023, in San Francisco, CA.

                          /s/ *Whitty Somvichian*
                          Whitty Somvichian

283091006

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DECL. OF W. SOMVICHIAN ISO GOOGLE'S
RESPONSE TO PLS' ADMIN. MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD