COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: +1 202 842 7800
Facsimile: +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE DECEMBER 6, 2022 HEARING TRANSCRIPT** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3), Google LLC ("Google") respectfully submits this Administrative Motion ("Motion") to Seal Portions of the December 6, 2022 Hearing Transcript ("Hearing Transcript"), to the concurrently-filed Declaration of Whitty Somvichian ("Somvichian Declaration") as Exhibit A.

Portions of the hearing Transcript listed below reflect highly confidential and proprietary information regarding sensitive internal data systems and operations that Google keeps confidential, including Google's internal data logs and data signals. As set forth below and in the accompanying Somvichian Declaration, Google confirms the confidentiality of these items. Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below:

| Document | Text to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| December 6, 2022 Hearing Transcript | Portions Highlighted at: 10, 13-21, 28, 31, 34-35, 37-42, 44-45, 52-59, 61-62, 64-75, 79-80, 83-86, 88, 90-92, 96-98 | Google |

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the information is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

The Hearing Transcript at issue relates to a non-dispositive discovery motion, and thus the good cause standard applies here. *See, e.g.*, *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-cv-02306-EDL, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("Because the sealing requests were made in conjunction with a nondispositive discovery motion, a showing under the good cause standard will suffice."); *Calhoun v. Google*, No. 20-cv-05146, ECF No. 327, at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."). The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824-BLF, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

### III. GOOD CAUSE WARRANTS SEALING OF PORTIONS OF THE DECEMBER 6, 2022 HEARING TRANSCRIPT

Google respectfully asks this Court to seal portions of the Hearing Transcript, which reflect sensitive details concerning Google's internal data logs and data system names. Pursuant to the good cause standard, Google's sealing request is warranted.

As an initial matter, the proposed redactions to the Hearing Transcripts are narrowly tailored to encompass only the specific portions that qualify as confidential information and therefore do not "unduly limit[] public access." *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST-NC, 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

Sealing is appropriate because there is good cause underlying Google's requests. **First**, the portions of the Hearing Transcripts that Google seeks to redact contain technical details and identifiers related to highly sensitive data logs and data systems that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors. (Somvichian Decl. ¶ 5.) Specifically, such confidential and proprietary information contains details pertaining to Google's advertising products and their proprietary functionalities, data infrastructure, logs, and metrics. (*Id*.) **Second**, public disclosure of documents

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

that contain technical details and identifiers related to Google's highly sensitive data logs and data systems place Google at risk of irreparable harm because these may reveal Google's internal strategies, system designs, and business practices for operating and maintaining many of its important proprietary services. (*Id.* ¶ 6.) This creates a serious cybersecurity risk as third parties may seek to use this information to compromise Google's data sources, including data logs, internal data structures, and internal identifier systems. (*Id.* ¶ 7.)

For these reasons, Courts in this District routinely seal references to data systems and logs. *See, e.g.*, *In re Google Inc. Gmail Litig.*, No. 13-md-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems); *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system). This Court has previously sealed similar information and descriptions of internal logs that Google seeks to seal here. *In re Google RTB Consumer Privacy Litig.,* No. 21-cv-02155-YGR, ECF No. 384 (N.D. Cal. Dec. 19, 2022) (sealing documents containing technical details and identifiers related to Google's highly sensitive data logs and data systems); ECF No. 186 (N.D. Cal. Apr. 29, 2022) (sealing descriptions of data sources); ECF No. 324 (N.D. Cal. Sept. 26, 2022) (sealing portions concerning Google's data signals, internal strategy, and business practices). It has also sealed such descriptions in the context of hearing transcripts. *In re Google RTB Consumer Privacy Litig.,* No. 21-cv-02155-YGR, ECF No. 370 (N.D. Cal. November 28, 2022) (sealing portions of the transcript from the discovery proceedings held on August 30, 2022); ECF No. 427 (N. D. Cal. February 22, 2023) (sealing portions of the transcript from the discovery proceedings held on November 1, 2022).

In sum, because good cause exists and Google has articulated a particularized harm resulting from public disclosure of information, the Court should find that this information warrants sealing.

///

///

///

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

## IV. CONCLUSION

For the foregoing reasons, Google respectfully requests the Court seal the aforementioned portions of the Hearing Transcript.

Dated: March 21, 2023                    COOLEY LLP

By: */s/ Whitty Somvichian*
    Whitty Somvichian

Attorneys for Defendant
GOOGLE LLC

283203604

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD