1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

IN RE GOOGLE RTB CONSUMER
PRIVACY LITIGATION

Case No.  21-cv-02155-YGR   (VKD)

8
9
10

**ORDER RE FURTHER PROCEEDINGS
FOR RESOLUTION OF DISPUTES RE
GOOGLE'S PRIVILEGE CLAIMS**

11
12
13

The Court has considered the parties' joint status report regarding the remaining disputes

14

concerning Google's privilege claims and their respective proposals for resolving those disputes.

15

Dkt. No. 454.  According to the report, plaintiffs continue to dispute over 5,000 of Google's

16

10,525 privilege log entries.  Plaintiffs' principal contention is that it cannot determine from the

17

information in Google's privilege logs whether the disputed claims of privilege or protection are

18

proper.

19

The Court agrees with plaintiffs that Google's privilege entries generally do not provide

20

sufficient information for the Court to assess the merits of Google's claim that a logged document

21

is privileged or protected from disclosure.  As the Court has previously observed, many of

22

Google's privilege log entries do not disclose the information the Ninth Circuit has held sufficient

23

to make a prima facie claim of privilege or protection.  *See* Dkt. No. 360 at 3-4, 6-7 (discussing *In*

24

*re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992)).  Moreover, Google's privilege

25

claims are not made in a categorical fashion that might permit the Court to consider and resolve

26

disputes about groups of similar documents without requiring descriptive details for each

27

individual document within the group.  *Id.* at 4 (citing Fed. R. Civ. P. 26, Advisory Committee Note

28

to 1980 amendment).  The Court also continues to have concerns that Google has over-designated

United States District Court
Northern District of California

documents as privileged or protected.

Given the number of disputed entries, it is impossible for the Court to conduct an *in camera* review of, or to consider briefing about, each of the remaining disputed entries or even a significant portion of them.  Plaintiffs suggest that Google re-review all challenged entries, after which the parties will select a "statistically significant sample" of disputed documents for *in camera* review.  However, it is not clear from plaintiffs' proposal how resolution of the sampled disputes will resolve the remainder.  Google suggests a re-review of a limited subset of its privilege entries, but offers no proposal for how to deal with the remaining disputed entries.

In these circumstances, the Court believes that the only practical course of action is to require Google to re-review all of the disputed entries and to provide more robust information to support its privilege claims.  Accordingly, the Court orders as follows:

1. Google shall re-review those documents among the 5,177 challenged entries that it has not already re-reviewed.  Google will complete the re-review by **April 21, 2023**.  If it identifies entries for which it determines the claim of privilege or protection should be withdrawn or modified, Google shall promptly produce the corresponding documents in whole or with redactions, as appropriate.  The Court expects this production to be made on a rolling basis, and to be completed no later than **April 28, 2023**.

2. For any claims of privilege or protection that remain among the 5,177 challenged entries after Google's re-review, Google must provide to plaintiffs at least the following information for each entry: (1) date, (2) author/sender/custodian name, (3) all known recipients, (4) the attorney(s) involved, (5) the nature of the document, (6) the subject matter of the document, (7) the privilege or protection claimed, and (8) an explanation of the basis for the claim of privilege or protection if not evident from the other information disclosed for that entry sufficient to enable the Court to evaluate the claim without reviewing the document *in camera*.  If the sender or recipient of an email communication is a distribution list, Google must provide the current membership of the list, a description of the nature of the list (*e.g.*, company-wide, specific department, executive team, etc.), a statement indicating whether, at the time of the communication, the list included any

recipients who were not Google employees, and an explanation for why disclosure to the distribution list does not undermine or destroy the confidentiality of the privileged or protected communication in question.  Google shall provide this updated privilege log information to plaintiffs no later than **May 5, 2023**.

3.  After Google serves its updated privilege log, the parties shall confer about the remaining disputes and how to resolve them.  By **May 19, 2023**, the parties shall jointly file a status report with the Court that (1) summarizes the *current* disputes remaining and (2) provides their agreed or respective proposal(s) for efficiently resolving *all* remaining disputes.  The report must not exceed 1,000 words.  The report must attach a copy of the entries on Google's privilege log that remain in dispute.

**IT IS SO ORDERED.**

Dated: March 27, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge

United States District Court
Northern District of California

3