REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

March 27, 2023

**Via ECF**

Magistrate Virginia K. DeMarchi
Courtroom 2 – 5th Floor
San Jose Courthouse
280 South 1st Street
San Jose, CA 95113

Re:    *In re Google RTB Consumer Privacy Litig.*, No. 4:21-cv-02155-YGR-VKD (N.D. Cal.)
Joint Discovery Letter Brief – Further Production of Glenn Berntson and Stan Belov
Documents and Further Deposition of Belov

Dear Magistrate Judge DeMarchi:

Plaintiffs and Defendant Google LLC ("Google") (together, the "Parties") submit this joint letter brief regarding plaintiffs' request that Google supplement its production for Google employees Dr. Glenn Berntson and Mr. Stan Belov, and make Mr. Belov available for an additional day of deposition. The Parties conferred on March 14, 2023, and have reached impasse on the issue, as discussed below.

**I.    PLAINTIFFS' POSITION**

**a.    Google Must Produce Documents from 2022 for Berntson and Belov**

Glenn Berntson is Director of Engineering for Google Ad Manager (the advertising platform that employs Google RTB). Stan Belov is a staff engineer and tech lead for Google's RTB products. Both are central to Google's RTB design and operation. Berntson has been employed by Google since 2012 and ███████████████████████████████████ ███████████████ Berntson Tr. at 24:15-17. He oversaw ████████████████ █████████████████████████████████████████████, *Id.* at 19:1-10, 27:4-22. Belov has been employed by Google since September 2015 and is a senior staff software engineer who is a ████████████████████████████████████████████████████ ██████████."[1] Belov Tr. at 9:10-25, 11:5-15. Reflecting their central involvement in RTB, Berntson and Belov are the custodians of much of the most essential discovery in this case. Belov is an author or custodian of 12,267 of the 55,886 documents produced by Google, and Berntson is an author or custodian of 3,833 documents. This collectively represents 28% of Google's entire production.

Google produced only *one* document for Belov for all of 2022, and produced **no** documents from 2022 for Berntson. In light of the clear centrality of Berntson and Belov to RTB, plaintiffs made a limited, reasonable request that Google supplement the custodial production of Belov and Berntson through the end of 2022. Google categorically refused.

---

[1] Plaintiffs will provide the Berntson and Belov deposition transcripts upon request.

March 27, 2023
Page 2

Under Fed. R. Civ. P. 26(e), a "party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) *in a timely manner if the party learns that in some material respect the disclosure or response is incomplete* or incorrect . . . ; or (B) *as ordered by the court*." (emphasis added).

Here, Google's production is incomplete and should be supplemented for 2022 because plaintiffs' class period extends to the present. The Court should require Google to supplement its production for Berntson and Belov because both testified that they continue to play a central role in RTB—and any documents dating from 2022 responsive to plaintiffs' discovery requests are clearly relevant to plaintiffs' case and the extent to which Google has continued or altered the practices at issue. RTB has been the ███████████████████████████████

███████████████. Belov Tr. 12:12-13:14. For example, Belov led ████████████████████████████████████████████████████████████████████████████████

*Id.*, 51:23-52:17; *see also* GOOG-HEWT-00183745; GOOG-HEWT-00129431 (Belov is ███████████████████████████████████████████████████████

███████████████████████.) Similarly, Berntson has extensive knowledge of ██████████████████████████████████████████████████████████████████████

████████████████████████████. Berntson Tr. 145:15-21, 146:20-149:3. He also has expertise in ██████████████████████████. *Id.*, 187:23-188:18.

Google's position that it is not required to supplement its production for documents created after the date of its initial production because it already "completed" its production is contrary to the law. "[A] party which . . . at a later time creates another responsive document which the party then knows, or reasonably should know, is materially within the scope of the earlier request most certainly 'learns' of the existence of the document . . . . To argue otherwise would effectively defeat the long-standing salutary purpose of Rule 26(e)." *Reinsdorf v. Skechers U.S.A., Inc.*, 2013 WL 12116416, at *8 (C.D. Cal. Sept. 9, 2013) (internal quotation and citation omitted). *See also Switch Commc'ns Grp. v. Ballard*, 2012 WL 2342929, at *6 (D. Nev. June 19, 2012) (the duty to supplement includes documents that were created after the party's initial response) (citation omitted).

Google has an affirmative duty to supplement its production, irrespective of the substantial completion of discovery date in effect in this case. *Hernandez v Polanco Enters., Inc.*, 19 F.Supp.3d 918, 933 (N.D. Cal. 2013). Cases cited by Google are inapposite. In *Campos-Eibeck v. C R Bard Inc.*, 2020 WL 835305, at *6 (S.D. Cal. Feb. 20, 2020), the court declined to reopen general fact discovery but *did* allow the reopening of targeted discovery. In *Kuhns v. City of Allentown*, 2010 WL 4236873, at *3 (E.D. Pa. Oct. 26, 2010), defendants had already provided supplemental discovery (unlike here), and in *Moriarty v. Am. Gen. Life Ins. Co.*, 2021 WL 6197289, at *4 (S.D. Cal. Dec. 31, 2021), defendant's production was already complete (unlike here).

Google ignores that plaintiffs' request for supplementation is limited and targeted, seeking the 2022 documents of Belov and Berntson only (although consistent with Rule 26, plaintiffs are within their rights to seek supplementation for *all* custodians). Google offers no support for its

March 27, 2023
Page 3

argument that requiring Google to produce an additional year of documents for just two custodians would make it infeasible to maintain current case deadlines and impose an unfair burden. Plaintiffs' need for a supplemental production is clear: they need to be aware of any changes in RTB practices and policies relevant to their allegations and class period. The burden of Google of producing documents for two additional custodians is low.

Finally, Google's argument that plaintiffs should have requested all discovery for 2022 before 2022 had even elapsed does not persuade. Moreover, plaintiffs were under no obligation to provide any additional requests to obtain the supplemental information. *Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 335 (D. Ariz. 2022).

### b.    Plaintiffs Have Substantial Need for Additional Belov Deposition Testimony

Google should be ordered to produce Belov for an additional day of deposition because plaintiffs have good cause and substantial need for the requested relief. Although Fed. R. Civ. P. 30(d)(1) provides for a deposition limit of one day of seven hours, that limitation is only a presumption. "The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." *Rubalca VA v. San Jose*, No. 20-cv-04191-BLF-VKD, 2022 WL 17551989, at *1 (N.D. Cal. Dec. 9, 2022) (citing Fed. R. Civ. P. 30(d)(1)).

None of the factors mentioned in Fed. R. Civ. P. 26(b)(2)(C) concerning limitations on additional deposition time apply here. First, Belov's expected testimony will cover new and complex material that is not cumulative or duplicative. Discussing Google's long and technically dense RTB-related documents takes significant deposition time; plaintiffs still had approximately 20 key exhibits to discuss with Belov when the seven hours ran out despite examining him as quickly and efficiently as possible. This was particularly true with a difficult witness and Google's lawyer objecting more than ***350 times***, including making speaking objections. *See Doe v. Uber Techs*., 2022 WL 767088, at *3 (N.D. Cal. Mar. 11, 2022) (ordering deposition reopened due to improper objections).

Second, Plaintiffs have only had the limited, "presumptive" 7-hour opportunity to examine Belov, who, as established by his testimony and custodial production, is likely the most central figure in the case concerning the design and operation of RTB over a seven-year period. Belov has authored or is the custodian of hundreds if not thousands of documents critical to explaining how RTB works and how it changed over those seven years.

This was not a situation where counsel made a tactical decision not to inquire about certain documents. *Cf. In re Sulfuric Acid Antitrust Litigation*, 230 F.R.D. 527, 523-533 (N.D. Ill. 2005). Here, plaintiffs tried in good faith to cover all key Belov documents within seven hours. In first asking Google to agree to more deposition time, and now asking the Court to grant more time in light of Google's refusal to agree, plaintiffs have followed the practice recommended by the Rutter Guide. *See Depositions, Rutter Group Prac. Guide Fed. Civ. Proc. Before Trial (Nat Ed.) Ch. 11(IV)-A* ("The better practice . . . is for the deposition to go forward to determine how much can be covered in the seven hours; and, then, if additional time is needed, for counsel to stipulate to extend the deposition . . . . If the parties cannot reach a stipulation, then court intervention may be

March 27, 2023
Page 4

sought."). Courts grant parties additional deposition time after witness testimony reveals the witness's "unique firsthand knowledge of [company's] design processes and the products at issue." *Apple Inc. v. Samsung Electronics Co.*, No. 11-1846 LHK-PSG, 2012 WL 1511901, at *12 (N.D. Cal. Jan. 27, 2012). *See also Nevarez v. Forty Niners Football Co.*, No. 16-cv-07013-LHK-SVK, 2018 WL 5023370, at *1-2 (N.D. Cal. Oct. 16, 2018) (finding good cause to grant additional deposition time for key witnesses). Finally, this is the only deposition in the case, so far, for which plaintiffs have a need to exceed the presumptive seven-hour limit.

## II. GOOGLE'S POSITION

### A. The Court Should Reject Plaintiffs' Request for Supplemental Productions

Google completed its document productions for custodians Glenn Berntson and Stanislav Belov as contemplated in the scheduling order, and there is no basis for Plaintiffs to demand additional document productions for these custodians.

As background, Google disclosed Mr. Berntson and Mr. Belov in its initial custodial list on December 15, 2021. Google confirmed on January 14, 2022 that it was proceeding with the document review for these individuals, and produced their documents in accordance with the original substantial completion deadline of April 21, 2022. It has therefore been apparent to Plaintiffs for many months that Google's document production for these custodians does not include documents created in 2022. Yet on December 23, 2022, Plaintiffs demanded for the first time that Google supplement its production for these custodians to include documents from 2022. There is no basis for this demand.

First, Plaintiffs claim they are entitled to supplemental productions because the alleged class period extends to the present, but the Federal Rules of Civil Procedure do not "impose[] a never ending obligation to produce documents continuously as they are created," even where a case alleges an ongoing time period. *See, e.g.*, *Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, 2008 WL 4786671, at *2 (N.D. Cal. Oct. 29, 2008) (denying motion to compel supplemental production of documents, where the requesting party argued the documents pertained to an ongoing relevant time period); *Campos-Eibeck v. C R Bard Inc.*, 2020 WL 835305, at *5 (S.D. Cal. Feb. 20, 2020) (relying on *Dong Ah* and denying request to re-open fact discovery to seek supplemental productions pertaining to the relevant time period, which was ongoing). Requiring Google to make ongoing supplemental productions of custodial documents would make it infeasible to maintain current case deadlines while imposing an unfair burden on Google. *See Kuhns v. City of Allentown*, 2010 WL 4236873, at *3 (E.D. Pa. Oct. 26, 2010) (denying motion to compel supplemental productions and noting that allowing supplementation "would be to invite rolling discovery in a way that would unfairly burden [defendant] and indefinitely postpone trial").

Second, Plaintiffs argue that when a party creates a relevant document *after* it has already responded, production is automatically "incomplete" in a "material" way under Rule 26(e). But that interpretation of "incomplete" is absurd and would impose a never-ending obligation on parties to supplement productions merely because later-created documents might be relevant to an earlier request. *See, e.g.*, *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, 2006 WL 1295409, at *2 (S.D.N.Y. May 10, 2006) ("Subsequently created documents do not render a previously served document response incomplete as of the date of the response."). Indeed,

March 27, 2023
Page 5

Plaintiffs' own citations explain that a party seeking supplementation must show that new information has made an existing document production materially incomplete or inaccurate, or otherwise present a specific need for supplementation. *See Reinsdorf v. Skechers U.S.A., Inc.*, 2013 WL 12116416, at \*8 (C.D. Cal. Sept. 9, 2013) ("Information is 'incomplete or incorrect' in 'some material respect' if there is an objectively reasonable likelihood that the additional or corrective information could substantially affect or alter the opposing party's discovery plan or trial preparation."); *see also Moriarty v. Am. Gen. Life Ins. Co.*, 2021 WL 6197289, at \*4 (S.D. Cal. Dec. 31, 2021) ("Simply because certain discovery is volatile and in flux does not create evidence of inaccurate information that beckons supplementation."). Plaintiffs make no such showing here, and the Court should reject Plaintiffs' request for supplemental productions.

      B.     <u>"Good Need" Does Not Exist to Re-Open the Deposition of a Google Employee</u>

Plaintiffs have already taken a full deposition of Mr. Belov—spanning six hours and 52 minutes on the record and covering 30 exhibits—and they have no basis to demand an additional deposition. Plaintiffs' asserted grounds—that Mr. Belov's document production was voluminous and they ran out of time before they could ask him about certain documents—fall well short of establishing valid grounds to burden Mr. Belov with an additional deposition.

A party seeking to re-depose a witness must obtain leave from the Court. Fed. R. Civ. Pro. 30(a)(2)(A)(ii). "Absent a showing of 'good need,' such as 'long passage of time with new evidence or new theories added to the complaint,' a court generally will not order a re-opening." *Bookhamer v. Sunbeam Prods. Inc.*, 2012 WL 5188302, at \*2 (N.D. Cal. Oct. 19, 2012) (denying a request to re-depose a witness because the requesting party "had ample opportunity to obtain the information it seeks") (citations omitted). A court should not re-open a deposition if:

> (i) the [second deposition] sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

*Id.* at \*2–3 (quoting Fed. R. Civ. Pro. 26(b)(2)(C)).

Here, the limited factors identified in *Bookhamer* that may warrant a second deposition are not present. Plaintiffs point to nothing that has changed in the intervening three months since they deposed Mr. Belov that could support a second deposition, such as a new theory or newly identified subject of examination that they could not have known of before. A second deposition of Mr. Belov would therefore be unreasonably cumulative and impose an unfair burden on him.

March 27, 2023
Page 6

In particular, "good need" does *not* exist where, as here, a party seeks a second deposition simply to address issues or documents it chose not to prioritize in the first deposition. *Gullen v. Facebook, Inc.* is instructive. 2018 WL 1609337 (N.D. Cal. Apr. 3, 2018). There, plaintiff sought to re-depose defendant's employee about a particular use of the company's technology. *Id.* at *2–3. The court denied the request because plaintiff "had this information in hand before" the first deposition and "was free during discovery to pursue these leads by interrogating Facebook and its witnesses about [the issue]" but "did not do so . . ." *Id.* at *2.[2]

Similarly, here, Plaintiffs had Mr. Belov's documents well in advance of the deposition and could have focused on whatever documents or issues they wished to address. Plaintiffs are not entitled to depose Mr. Belov a second time simply because they want to revisit their strategic decisions on the subjects they chose to cover with Mr. Belov. *See Bookhamer*, 2012 WL 5188302, at *3 ("That defendant made a tactical decision that resulted in a litigation disadvantage does not warrant the reopening of [a] deposition."). For example, Plaintiffs chose to focus on Mr. Belov's performance evaluations in a series of questions spanning nearly an hour-and-a-half on the record. Plaintiffs also asked Mr. Belov, 30 times, if documents hyperlinked in his evaluations were produced in this litigation—questions that could have been directed at counsel, not the witness. Plaintiffs' counsel also asked Mr. Belov throughout the deposition whether hyperlinks in other exhibits were produced, which the witness would have little to no ability to address.

Plaintiffs' vague and conclusory statement that Mr. Belov was "difficult" is insufficient to re-open his deposition. Unlike Plaintiffs' cited authority where this Court allowed a second deposition limited to two-and-a-half hours, Mr. Belov answered all of Plaintiffs' counsel's questions efficiently and to the best of his ability. *Cf. Rubalcava v. City of San Jose*, 2022 WL 17551989, at *3 (N.D. Cal. Dec. 9, 2022) (observing "efforts" during the deposition to refresh the witness' recollection, including reading documents and listening to recorded evidence, "took some time" but rejecting request for second deposition of five hours).[3]

The mere fact that Plaintiffs now want to ask Mr. Belov about additional documents is immaterial to re-opening his deposition. Complex litigation will often involve thousands of documents produced for any particular witness—but that alone cannot justify deposing a witness for multiple days. Plaintiffs' reliance on the number of documents produced for Mr. Belov to justify a second deposition, without any particularized showing of need, would fundamentally alter Rule 30's default limits in complex cases. In fact, the case law cited above recognizes that parties must make strategic decisions in taking depositions and cannot expect to discuss all potentially relevant documents with a witness. This case is no different and Plaintiffs should not get a do-over just because they should have asked Mr. Belov different questions.

---

[2] *Gullen* denied a second deposition under Rule 56, finding plaintiff "had ample opportunity" to seek the discovery, which is identical to the standard in Rule 26(b)(2)(C)(ii) governing Plaintiffs' request here. *See* 2018 WL 1609337, at *2.

[3] Plaintiffs argue that Google's production was incomplete prior to Mr. Belov's deposition but fail to identify any specific documents or explain why they would justify deposing Mr. Belov again.

March 27, 2023
Page 7

### III.   NECESSITY OF A HEARING

####    A.    Plaintiffs' Position

Plaintiffs request a hearing on these critical disputes.

####    B.    Google's Position

Google does not believe a hearing is needed to resolve the issues in this joint letter.

### IV.   DISCOVERY CUT-OFFS

The Parties' deadline to substantially complete their production of documents in advance of class certification passed on July 11, 2022. The fact discovery cut-off is November 10, 2023, the close of expert discovery is February 9, 2024, and plaintiffs' motion for class certification is due May 23, 2023. *See* Dkt. 391.

### V.   COMPLIANCE WITH MEET AND CONFER REQUIREMENT

In compliance with the Court's meet and confer requirements, the parties met and conferred several times via Zoom. The final lead counsel meet and confer was held on March 14, 2023, via Zoom. On Plaintiffs' side, Jonathan Levine, Anne Davis, An Truong, Caroline Corbitt, and Jenny Paulson attended. On Google's side, Whitty Somvichian and Robby L.R. Saldaña attended.


Dated: March 27, 2023                **PRITZKER LEVINE LLP**

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (SBN 146267)
Jonathan K. Levine (SBN 220289)
Bethany Caracuzzo (SBN 190687)
Caroline Corbitt (SBN 305492)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
bc@pritzkerlevine.com
ccc@pritzkerlevine.com

*Interim Class Counsel*

March 27, 2023
Page 8

Dated: March 27, 2023

**BLEICHMAR FONTI & AULD LLP**

By: */s/ Anne K. Davis* _____
Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Jennifer Paulson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
jpaulson@simmonsfirm.com

**DiCELLO LEVITT LLC**
David A. Straite (admitted *pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel.: (646) 933-1000
dstraite@dicellolevitt.com

James Ulwick (admitted *pro hac vice*)
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
julwick@dicellolevitt.com

**COTCHETT, PITRE & McCARTHY LLP**
Nanci E. Nishimura (SBN 152621)
Brian Danitz (SBN 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel.: (650) 697-6000

March 27, 2023
Page 9

Fax: (650) 697-0577
nnishimura@cpmlegal.com
bdanitz@cpmlegal.com
kswope@cpmlegal.com

**BOTTINI & BOTTINI, INC.**
Francis A. Bottini, Jr. (SBN 175783)
Yury A. Kolesnikov (SBN 271173)
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Tel.: (858) 914-2001
Fax: (858) 914-2002
fbottini@bottinilaw.com
ykolesnikov@bottinilaw.com

*Counsel for Plaintiffs and the Proposed Class*

Dated: March 27, 2023

**COOLEY LLP**

By: */s/ Whitty Somvichian*
Michael G. Rhodes
Whitty Somvichian
Kelsey R. Spector
Reece Trevor
Anupam S. Dhillon
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Tel.: 415-693-2000
Fax: 415-693-2222
rhodesmg@cooley.com
wsomvichian@cooley.com
kspector@cooley.com
rtrevor@cooley.com
adhillon @cooley.com

Robby L.R. Saldaña
Khary J. Anderson
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Tel.: 202-776-2109
Fax: 202-842-7899
rsaldana@cooley.com
kjanderson@cooley.com

Attorneys for Defendant
GOOGLE LLC

March 27, 2023
Page 10

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, Anne K. Davis, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th of March, 2023, at Pacifica, California.

*/s/ Anne K. Davis*
Anne K. Davis
