# Motion for Relief from Case Management Schedule

# Redacted Version of Document Sought to be Sealed

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, New York 10165
Tel.: (646) 933-1000
dstraite@dicellolevitt.com

Amy E. Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn Street, 6th Fl.
Chicago, Illinois 60602
Tel.: (312) 214-7900
akeller@dicellolevitt.com
aprom@dicellolevitt.com
scruz@dicellolevitt.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

PATRICK CALHOUN, *et al*., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 5:20-cv-5146-LHK-SVK

**NOTICE OF MOTION AND MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE**

Date: March 31, 2022
Time: 1:30 pm
Courtroom: 8, 4th Floor
Judge: Hon. Lucy H. Koh

**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on March 31, 2022 at 1:30 pm, or as soon thereafter as the matter may be heard by the Honorable Lucy H. Koh in Courtroom 8 of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, California 95113, Plaintiffs Patrick Calhoun, Elaine Crespo, Michael Henry, Dr. Rodney Johnson, Dr. Claudia Kindler, and Dr. Corinice Wilson will and do hereby move for an order modifying the current Case Management Order (Dkt. No. 312), pursuant to Federal Rule of Civil Procedure 16(b)(4) and Civil Local Rule 16-2(d).

This Motion is based upon this Notice and Motion, the Memorandum of Points and Authorities submitted herewith, the Declaration of Lesley E. Weaver, and any other material which may properly come before the Court at or before the hearing on this Motion.

## RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and Civil Local Rule 16-2(d), Plaintiffs respectfully seek entry of the following modified case schedule.

| Event | Previous Deadline | Plaintiffs' Proposal |
|---|---|---|
| Motion for Summary Judgment on Google's First Affirmative Defense of Consent | Opp'n: January 10, 2022<br>Reply: January 28, 2022 | No Change |
| Hearing on Motion for Summary Judgment on Google's First Affirmative Defense of Consent | March 10, 2022 | No Change |
| Motion for Class Certification | Reply: January 26, 2022 | Reply: February 25, 2022 |
| Motion to Strike Class Certification Expert Reports | Opp'n: January 5, 2022<br>Reply: January 12, 2022 | Opp'n: February 25, 2022<br>Reply: March 18, 2022 |
| Hearing on Motion for Class Certification and Motions to Strike Class Certification Expert Reports | February 17, 2022 | April 21, 2022, or as soon thereafter as is convenient to the court |
| Close of Fact Discovery | January 21, 2022 | March 4, 2022 |
| Opening Expert Reports | February 10, 2022 | March 17, 2022 |
| Rebuttal Expert Reports | March 31, 2022 | May 5, 2022 |
| Close of Expert Discovery | May 26, 2022 | June 30, 2022 |

| | | |
|---|---|---|
| Rule 56 Motions; *Daubert* Motions 3 *Daubert* Motions per side in the entire case | Motion: July 1, 2022<br>Opp'n: August 4, 2022<br>Reply: September 8, 2022 | Motion: August 5, 2022<br>Opp'n: September 2, 2022<br>Reply: October 7, 2022 |
| Further Case Management Statement | January 19, 2022 | April 14, 2022 |
| Further Case Management Conference | January 26, 2022 | April 21, 2022, or as soon thereafter as is convenient to the court |

On December 29, 2021, Plaintiffs provided counsel for Google with a proposed revised case schedule. Lead counsel met and conferred on January 3 and 4, 2022. The parties were unable to reach agreement.[1]

DATED: January 4, 2022

Respectfully,

**BLEICHMAR FONTI & AULD LLP**

By: */s/ Lesley Weaver*
Lesley Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

**DiCELLO LEVITT GUTZLER LLC**

By: */s/ David A. Straite*
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 E. 42nd St., Suite 2400
New York, NY 10165
Telephone: (646) 933-1000
*dstraite@dicellolevitt.com*

[1] Counsel for Google did agree to a limited continuance of the January 5, 2022 deadline for Plaintiffs to oppose Google's motion to strike, Dkt. Nos. 425, 427, to align with the current January 26 due date for Plaintiffs' reply brief in support of class certification, with Google's *Daubert* reply briefs to follow on February 11, 2022.

Amy E. Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn Street, 6th Fl.
Chicago, Illinois 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*
*aprom@dicellolevitt.com*
*scruz@dicellolevitt.com*

**SIMMONS HANLY CONROY LLC**

By: */s/ Jay Barnes*
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016 Tel.:
(212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*

*Counsel for Plaintiffs*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The parties have jointly been working at breakneck speed to meet the case management schedule currently in place. Plaintiffs are mindful of the Court's efficient management of this case, attending to numerous discovery disputes. However, recent developments have made it impossible for Plaintiffs to complete discovery in the next three weeks, including resolving numerous pending discovery disputes (including privilege disputes, production of plaintiffs' data, and responses to written discovery), oppose Google's early motion for summary judgment, depose at least eleven remaining fact witnesses (many of whose depositions were pushed into January based on dates that Google offered), while replying to Google's brief in opposition to Plaintiffs' motion for class certification, deposing Google's five class certification experts and three declarants, preparing rebuttal reports and opposing Google's Daubert motions, without suffering prejudice.

Google may argue that the parties' earlier scheduling discussions could have allowed for an extended briefing schedule. But Google did not disclose at the time of those negotiations critical facts at issue here. Three of Google's five declarants in support of its opposition were not disclosed in initial disclosures or as custodians. One of Google's experts is only available for deposition on either January 24 or 25, 2022, at best two days before rebuttal reports, reply briefs and oppositions to Google's three Daubert motions are due under the current schedule. Other critical discovery, including all the matters before Special Master Brush that bear on the motion for class certification, have yet to be concluded. And numerous pending discovery disputes which might be resolved if the parties have more time to discuss them need be resolved in short order. Plaintiffs therefore respectfully seek the modest extensions requested herein.

## II. ARGUMENT

### A. Legal Standard

"A scheduling order may be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see Heisler v. Maxtor Corp.*, No. 5:06-cv-06634-JF (PSG), 2011 WL 149114, at *3 (N.D. Cal. Apr. 20, 2011). The "good cause" standard of Rule 16 primarily turns on whether the party seeking the amendment acted diligently. *Whitlock v. Pepsi Americas*, No. 3:08-cv-02742-

SI, 2015 WL 603182, at *2 (N.D. Cal. Feb. 11, 2015) (*citing Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). A court may "modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (*quoting* Fed. R. Civ. P. 16 advisory committee's notes from 1983 amendment). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

As relevant here, Civil Local Rule 16-2(d) requires that Plaintiffs: (1) describe the circumstances which support the request; (2) affirm that counsel for the moving party has conferred with all other counsel in an effort to reach agreement about the matter and, for each other party, report whether that party supports or opposes the request for relief; (3) be accompanied by a proposed revised case management schedule; and (4) if applicable, indicate any changes required in the ADR process or schedule in the case.

As set forth below and in the accompanying declaration of Lesley E. Weaver, Plaintiffs meet the good cause standard here.

**B. Good Cause Exists to Grant the Extension Plaintiffs Seek**

Plaintiffs can easily establish good cause for a short extension of the reply brief on class certification and an equally short extension of the discovery cut-off and attendant deadlines.

First, Google's opposition to Plaintiffs' motion for class certification relies upon declarations from three Googlers not identified in Google's initial disclosures or as custodians at any point in this litigation. Weaver Decl. ¶ 4. Ryan Cassidy, one of the declarants, has only had eight documents produced for him; a second, David Crossland, has only 40 documents produced. *Id.* Cassidy is declared to be knowledgeable about Google Maps, and Crossland has experience with Google Fonts. *See* Cassidy Decl. ¶ 1, Dkt. No. 430-11; Crossland Decl. ¶ 1, Dkt. No. 430-10. A third, Steve Ganem, has had just 1,623 documents produced, and is an expert in Google Analytics. Weaver Decl. ¶ 4, Ganem Decl. ¶ 1, Dkt. No. 430-9. Google had previously taken the position that Maps and Fonts were excluded from the case. *See, e.g.*, Jt. Ltr. re ESI Custodians at 6, Dkt. No. 187 ("Mr. Dischler is the Vice President of the *entire* Google Ads division, which operates on a plethora of Google

products not relevant to this lawsuit, including but not limited to Search, YouTube, Maps, and Gmail . . . .); Dkt. 314 at 9-10, Dispute 1.15 (Informing Court that Google had taken the position "that transmissions to www.google.com [i.e. Google Ads] and Google APIs [including but not limited to Google Maps and Google Translate] are not relevant and informed Plaintiffs that it has unilaterally decided to limit this case to Doubleclick and Analytics."). With a month to complete remaining fact discovery, the declarations of these previously undisclosed employees expressly described Plaintiffs' case as involving whether Chrome "prevents Google from receiving data that Google receives when users visit third-party websites that use Google's web-services (e.g. Analytics, Ads, embedded Maps, Fonts) (the "Services"). Google Opp. 3:4-6. Plaintiffs will seek further production of documents from these declarants and may also seek to depose them regarding the scope of their declarations.

Second, Greg Fair, who submitted a 49-page declaration in support of Google's motion for summary judgment filed on November 30, 2021 (Dkt. No. 395), was ordered by Judge Van Keulen to appear for deposition on December 16, 2021 for seven hours, with the option of a further deposition of a length to be negotiated between the parties. Dkt. No. 404. On the morning of the deposition, Mr. Fair failed to appear, claiming he suffered from suspected food poisoning. Weaver Decl. ¶ 7(e). Then, on December 22, 2021, Mr. Fair submitted an 80-page declaration attaching 117 documents in support of Google's motion for class certification, executed on December 17, 2022, the day after he cancelled his deposition. *See id.*; Dkt. No. 428-6. Plaintiffs requested additional deposition time with Mr. Fair on the rescheduled date of January 6, 2022, but Google would only agree to an additional 30 minutes. Weaver Decl. ¶ 7(e). Plaintiffs are proceeding with the deposition as scheduled in two days, but anticipate a dispute regarding whether more time is necessary to explore Mr. Fair's knowledge of the 117 documents he attached to his declaration in opposition to class certification. *Id.*

Third, Google offered only three dates for Professor Tulin Erdem, one of Google's five expert witnesses: January 4, 2022; January 24 or January 25, 2022. Plaintiffs advised Google during the week of December 29, 2021 that Plaintiffs would be unable to analyze Prof. Erdem's report and prepare for deposition by January 4, 2022. Weaver Decl. ¶ 7(f). The only other two dates Google

has offered are two and one days before Plaintiffs' rebuttal reports and reply brief are currently due. In a meet and confer on January 3, 2022, Google acknowledged that this was an unreasonable ask. *Id*. Given that Professor Erdem conducted three surveys involving 250 respondents per survey and is the cornerstone of Google's argument that individual issues predominate relating to users' understanding of Google's policies, Google is correct in this acknowledgement.

Compounding these roadblocks, and notwithstanding the merits expert disclosure schedule set to commence in February, Google used its three permitted *Daubert* motions[2] in its opposition to class certification, necessitating rebuttal reports and briefing on the motions to strike. While Google agreed to continue that deadline to align with the current due date for Plaintiffs class certification reply brief, January 26, 2022, *see* Weaver Decl. ¶ 5, a further adjustment is required to allow the parties to continue to move towards dispositive motions and trial due to the multiple issues Plaintiffs are endeavoring to resolve in short order. These include:

- Defendant's review and production of approximately 109,000 hits resulting from the 18 additional search terms agreed to on December 31, 2021, to be run for 41 of the 42 ESI custodians; Weaver Decl. ¶ 7(a), Ex. A;
- Concluding the meet and confer process as to the 23,494 documents Google has withheld or redacted on privilege or work product grounds and brief any issues as to which the parties are unable to reach agreement; Weaver Decl. ¶ 7(b);
- Compelling production of materials responsive to Plaintiffs' subpoena to non-party Ernst & Young ("EY"). To date, EY has produced 6,322 documents. 6,302 of them were withheld for "non-relevance," at Google's direction; Weaver Decl. ¶ 7(c);

[2] Judge Koh's case management schedule explicitly limits *Daubert* motions to just three motions in the case. Dkt. No. 312.

- The deposition of Google employee Sabine Borsay, who defense counsel has indicated is located outside the United States, and available for deposition in mid-February at the earliest. Weaver Decl. ¶ 7(d).

Other pending issues are unlikely to be resolved in the next three weeks, as they turn on the availability of Special Master Brush to address pending disputes before January 21, 2022. For example, Google previously argued that source code was neither relevant nor necessary in this case. The Court (through the Special Master) accepted this argument and ruled that Plaintiffs had not demonstrated a "factual basis of necessity" for it. Order at 2, Dkt. No. 384. However, Google's Opposition to Class Certification makes clear that there is such a basis. Regarding methods for identification of class members, Google argues that Plaintiffs' experts' method is "speculative and depends on 'gathering more knowledge' about Google 'source code." Google Opp. 24:1-4. Rather than agree to produce such source code, Google simply concludes that "[t]he Court has ruled that source code will not be produced in this case" and therefore it must prevail on the motion. Plaintiffs seek time to attempt to resolve this dispute with Google. Weaver Decl. ¶ 7(g).

Likewise, Plaintiffs requested in January 2021 that Google identify fields and their descriptions for logs that contain Plaintiff and class member data. On March 5, 2021, Google counsel told the Court that it was "investigating to see what there may be as far as data dictionaries, tables, et cetera. We just don't have an answer right now and it just needs to be done in the regular course of discovery. But it's absolutely something that, you know, we're committed to exploring and not hiding in any, in any way. We think it's a more efficient way to go about it." Hr'g Tr. at 46:1-6. Three motions to compel and uncounted meet-and-confer and Special Master hearings later, Google still has not produced sufficient information on the fields and logs where Plaintiff data is contained. Weaver Decl. ¶ 7(h).

On March 5, 2021, Google also told the Court that "Sync traffic logs [REDACTED] [REDACTED]" and the Court indicated that its "impression" [REDACTED] [REDACTED] Hr'g Tr. at 14:16-17; 24:12-16. Contrary to Google's previous statements, Plaintiffs have recently learned that [REDACTED] [REDACTED]

[REDACTED] Weaver Decl. ¶ 7(i), Ex. B (Google Resp. to Pl. RFA 21). On December 20, 2021, Google produced a document titled "[REDACTED]," which reports that [REDACTED]. Weaver Decl. ¶ 7(i), Ex. C (GOOG-CABR-05469056, at 05469096). Plaintiffs have repeatedly attempted to learn more information about these [REDACTED] through the Special Master process but have not received additional information to date. Weaver Decl. ¶ 7(i).

The Court also assigned issue 1.1 to the Special Master, relating to logs preservation and Plaintiffs' proposals for log sampling. To date, the Special Master has not addressed the issue – instead focusing solely on issue 1.3. Weaver Decl. ¶ 7(j). Plaintiffs are committed to working to reach reasonable compromises with Google where possible but additional time is necessary for both sides.

The requested extensions do not prejudice Google. The proposed modified case schedule seeks extensions for each party's deadlines and Plaintiffs remain willing to negotiate further extensions to the extent the proposed modified schedule poses any difficulties on Google or its counsel. Weaver Decl. ¶ 8. Nor will the requested modifications require changes to the ADR schedule or impact any pretrial conference or trial dates. *Id.*

## III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant the instant motion and enter the Plaintiffs' proposed revised case management order.

DATED: January 4, 2022 Respectfully,

**BLEICHMAR FONTI & AULD LLP**

By: */s/ Lesley Weaver*

Lesley Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

aornelas@bfalaw.com
jsamra@bfalaw.com

**DiCELLO LEVITT GUTZLER LLC**

By: */s/ David A. Straite*
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 E. 42nd St., Suite 2400
New York, NY 10165
Telephone: (646) 933-1000
dstraite@dicellolevitt.com

Amy E. Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn Street, 6th Fl.
Chicago, Illinois 60602
Tel.: (312) 214-7900
akeller@dicellolevitt.com
aprom@dicellolevitt.com
scruz@dicellolevitt.com

**SIMMONS HANLY CONROY LLC**

By: */s/ Jay Barnes*
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com

*Counsel for Plaintiffs*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Lesley Weaver, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of January, 2022, at Oakland, California.

*/s/ Lesley Weaver*
LESLEY WEAVER

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2022, I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

Executed this 4th day of January, 2022, at Oakland, California.

*/s/ Lesley Weaver*
LESLEY WEAVER