COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: +1 202 842 7800
Facsimile: +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3), Google LLC ("Google") respectfully submits this Response to Plaintiffs' Administrative Motion ("Google's Response") to Consider Whether Another Party's Materials Should Be Sealed (ECF No. 462), which was filed in connection with the Parties' Joint Letter Brief Regarding Supplemental Production and Second Deposition (ECF No. 463) ("Joint Letter Brief re Depositions").

Portions of the Joint Letter Brief reflect confidential information. As set forth below and in the accompanying Declaration of Whitty Somvichian in support of Google's Response ("Somvichian Decl."), Google confirms the confidentiality of these documents. Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below:

| Document | Text to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| Joint Letter Brief Regarding Supplemental Production and Second Deposition (ECF No. 463) ("Joint Letter Brief re Depositions"). | Portions highlighted at pages: 1-2 | Google |

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the information is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

Briefing for a discovery motion is non-dispositive, and thus the good cause standard applies here. *See, e.g.*, *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-cv-02306-EDL, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("Because the sealing requests were made in conjunction with a nondispositive discovery motion, a showing under the good cause standard will suffice."); *Calhoun v. Google*, No. 20-cv-05146, ECF No. 327, at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."). The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824-BLF, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

### III.   GOOD CAUSE WARRANTS SEALING PORTIONS OF THE JOINT LETTER BRIEF RE DEPOSITIONS

Google respectfully asks this Court to seal portions of the Joint Letter Brief re Depositions, which contain employment information about nonparty employees, as well as confidential and proprietary information regarding Google's internal structure, internal strategy and business practices, including descriptions of business partnerships and business performance. Under the good cause standard, Google's sealing request should be granted.

As an initial matter, the proposed redactions to the Joint Letter Brief are narrowly tailored to encompass only the specific portions that qualify as confidential information and therefore do not "unduly limit[] public access." *ASUS Comput. Int'l v. Round Rock Rsch., LLC*, No. 12-cv-02099-JST-NC, 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

Good cause exists to support Google's narrow sealing requests. ***First***, as explained in the Somvichian Declaration, portions of the Joint Letter Brief re Depositions include the names, titles, and employment descriptions of current Google employees. These individual employees are not parties to this action, and their names and employment information are not germane to the resolution of the parties' pending discovery dispute. (Somvichian Decl. ¶ 5.) Public disclosure of these employees' personal information and details related to their extensive responsibilities could

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

subject them to unsolicited contact from the public or harassment. Courts in this District routinely grant requests to seal this type of information to protect employees' privacy. *See, e.g.*, *Klein v. Meta Platforms, Inc.*, 2022 U.S. Dist. LEXIS 44076, at *12 (N.D. Cal. Mar. 11, 2022) (sealing "current and former employees' names, initials, and contact information to protect these employees' privacy interests"); *Benedict v. Hewlett-Packard Co.*, 2016 WL 3568922, at *4 (N.D. Cal. July 1, 2016) (sealing detailed information about employee responsibilities). This Court has previously granted such requests and should do so again here. *See In re Google RTB Consumer Priv. Litig.*, No. 21-cv-02155, ECF No. 361 (N.D. Cal. Nov. 17, 2022) (granting request to seal employees' names and contact information). Furthermore, the descriptions of these employees' responsibilities reveal information about Google's internal company structure, which is not generally known to the public. (Somvichian Decl. ¶ 6.) Such information is also protectable under this District's precedent. *Schwartz v. Cook*, No. 5:15-CV-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (sealing confidential business information regarding company structure).

***Second***, portions of the Joint Letter Brief re Depositions that Google seeks to seal contain confidential, sensitive information concerning Google's internal strategy and business practices, including descriptions of business partnerships and business performance, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. (Elliott Decl. ¶ 7.) Public disclosure of this information could give Google's competitors an unfair advantage by revealing Google's business negotiations with different partners. (*Id.* at ¶ 8.) Courts in this District routinely grant requests to seal this type of information even under the more stringent compelling reasons standard. *See, e.g.*, *Reputation.com, Inc. v. Mullarkey*, 2022 WL 4775881, at *2 (N.D. Cal. Sept. 30, 2022) (sealing confidential business and financial information relating to the terms of an acquisition); *In re Qualcomm Antitrust Litig.*, 2022 WL 4137580, at *2 (N.D. Cal. Aug. 26, 2022) (sealing confidential information regarding business strategies, financial terms of licensing agreements, and negotiations). Further, Courts in this District also grant sealing requests related to details regarding a party's business performance. *Schwartz*, 2016 WL 1301186, at *2 (sealing confidential business information regarding business performance related to defendants). Indeed, this Court has also granted previous sealing requests

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

related to descriptions of the business partnership referenced in this Joint Letter Brief re Depositions. *In re Google RTB Consumer Priv. Litig.*, No. 21-cv-02155, ECF No. 427 (N.D. Cal. Feb. 22, 2023) (sealing reference description of business partnership discussed during the Nov. 1, 2022 discovery proceedings).

### IV.   CONCLUSION

For the foregoing reasons, Google respectfully requests the Court seal the aforementioned portions of the Joint Letter Brief re Depositions.

Dated: March 27, 2023                                              COOLEY LLP

By: */s/ Whitty Somvichian*
         Whitty Somvichian

Attorneys for Defendant
GOOGLE LLC

283654565

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD