COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3), Google LLC ("Google") respectfully submits this Response to Plaintiffs' Administrative Motions ("Google's Response") to Consider Whether Another Party's Materials Should Be Sealed (ECF Nos. 462, 465), which was filed in connection with the Parties' Joint Letter Brief Regarding Production of Hyperlinks (ECF No. 464) ("Joint Letter Brief re Hyperlinks") and Appendix A to Joint Letter Brief Regarding Production of Hyperlinks ("Appendix A") (ECF No. 466-2).

Portions of the Joint Letter Brief re Hyperlinks and Appendix A reflect confidential information. As set forth below and in the accompanying Declaration of Whitty Somvichian in support of Google's Response ("Somvichian Decl."), Google confirms the confidentiality of these documents. Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below:

| Document | Text to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| Joint Letter Brief Regarding Production of Hyperlinks (ECF No. 464) ("Joint Letter Brief re Hyperlinks") | Portions highlighted at pages: 2-3 | Google |
| Appendix A to Joint Letter Brief Regarding Production of Hyperlinks ("Appendix A") (ECF No. 466-2) | Portions Highlighted at pages: 1-8 | Google |

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the information is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

*v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

Briefing for a discovery motion is non-dispositive, and thus the good cause standard applies here. *See, e.g.*, *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-cv-02306-EDL, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("Because the sealing requests were made in conjunction with a nondispositive discovery motion, a showing under the good cause standard will suffice."); *Calhoun v. Google*, No. 20-cv-05146, ECF No. 327, at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."). The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824-BLF, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

**III. GOOD CAUSE WARRANTS SEALING OF JOINT LETTER BRIEF RE HYPERLINKS**

Google respectfully asks this Court to seal portions of the Joint Letter Brief re Hyperlinks and Appendix A, which contain information from Google's confidential, proprietary information about internal data systems including descriptions of internal documents and their location. Under the good cause standard, Google's sealing request should be granted.

As an initial matter, the proposed redactions to the Joint Letter Brief re Hyperlinks are narrowly tailored to encompass only the specific portions that qualify as confidential information and therefore do not "unduly limit[] public access." *ASUS Comput. Int'l v. Round Rock Rsch., LLC*, No. 12-cv-02099-JST-NC, 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

Good cause exists to support Google's narrow sealing requests. The portions of the Joint Letter Brief re Hyperlinks and Appendix A that Google seeks to redact contain confidential information regarding internal systems, including descriptions of documents and their location within Google's internal systems that Google maintains as confidential in the ordinary course of its business and are not generally known to the public or Google's competitors. (Somvichian Decl. ¶ 5.) Portions of the Joint Letter Brief also reference confidential project code names and details

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

regarding these sensitive projects that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors. (*Id.* ¶ 6) Public disclosure of this information presents serious risk of irreparable harm to Google, including cyber security risk. (*Id.* ¶ 7.) For example, an individual interested in improperly accessing Google's systems could target particular proprietary documents and information for improper uses if he or she knew the titles of such documents and/or their location. (*Id.*)

Courts in this District routinely seal references to internal data systems. *See, e.g.*, *Rodriguez v. Google LLC,* No. 20-cv-04688-RS, ECF No. 223 (N.D. Cal. Feb. 10, 2022) (noting that "Google's internal project names may be sealed"); *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846 LHK (PSG), 2012 WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012) (sealing "Apple's internal code names" for its projects); *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-CV-00362-PJH, 2018 WL 2392561, at *7 (N.D. Cal. May 25, 2018) (same); *In re Google Inc. Gmail Litig.*, No. 13-md-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems).

## IV.    CONCLUSION

For the foregoing reasons, Google respectfully requests the Court seal the aforementioned portions of the Joint Letter Brief re Hyperlinks and Appendix A.

Dated: March 27, 2023                                       COOLEY LLP

By: */s/ Whitty Somvichian*
    Whitty Somvichian

Attorney for Defendant
GOOGLE LLC

283662419

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD