COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTIONS TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3), Google LLC ("Google") respectfully submits this Response ("Google's Response") to Plaintiffs' Administrative Motions to Consider Whether Another Party's Materials Should Be Sealed (ECF Nos. 456 & 458) ("the Sealing Motions"), which were filed in connection with the Reply in Support of Plaintiffs' Motion for Contempt and Sanctions for Violations of Aug. 26, 2022 and Dec. 16, 2022 Discovery Orders [DKT NOS. 314, 382] ("Plaintiffs' Reply"), the Declaration of Lesley E. Weaver Pursuant to Dkt. 242 Regarding Plaintiffs' Reply in Support of Motion for Contempt and Sanctions for Violations of Aug. 26, 2022 and Dec. 16, 2022 Discovery Orders [DKT NOS. 314, 382] ("Weaver Declaration"), and the accompanying Exhibit 1.

Portions of Plaintiffs' Reply, the Weaver Declaration and Exhibit 1 reflect confidential information. As set forth below and in the accompanying Declaration of Whitty Somvichian in support of Google's Response ("Somvichian Decl."), Google confirms the confidentiality of these portions. Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below:

| Document | Text to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| Reply in Support of Plaintiffs' Motion for Contempt and Sanctions for Violations of Aug. 26, 2022 and Dec. 16, 2022 Discovery Orders [DKT NOS. 314, 382] ("Plaintiffs' Reply") | Portions highlighted at pages 8-9: | Google |
| Declaration of Lesley E. Weaver Pursuant to Dkt. 242 Regarding Plaintiffs' Reply in Support of Motion for Contempt and Sanctions for Violations of Aug. 26, 2022 and Dec. 16, 2022 Discovery Orders [DKT NOS. 314, 382] ("Weaver Declaration") | Portions highlighted at pages 1-2: | Google |
| Exhibit 1 to Weaver Declaration | Entirety | Google |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTIONS TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the information is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

Briefing for a discovery motion is non-dispositive, and thus the good cause standard applies here. *See, e.g.*, *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-cv-02306-EDL, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("Because the sealing requests were made in conjunction with a nondispositive discovery motion, a showing under the good cause standard will suffice."); *Calhoun v. Google*, No. 20-cv-05146, ECF No. 327, at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."). The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824-BLF, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

## III. GOOD CAUSE WARRANTS SEALING PORTIONS OF PLAINTIFFS' REPLY, THE WEAVER DECLARATION AND EXHIBIT 1.

Google respectfully asks this Court to seal portions of Plaintiffs' Reply, the Weaver Declaration, and Exhibit 1, which reflect sensitive details concerning Google's internal data logs and data system names. Pursuant to the good cause standard, sealing is warranted.

As an initial matter, the proposed redactions to the aforementioned materials are narrowly tailored to encompass only the specific portions that qualify as confidential information and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTIONS TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

therefore do not "unduly limit[] public access." *ASUS Comput. Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST-NC, 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

Google's sealing requests are supported by good cause. **First**, the portions of Plaintiffs' Reply, the Weaver Declaration, and Exhibit 1 that Google seeks to redact contain technical details and identifiers related to highly sensitive data logs and data systems that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors. (Somvichian Decl. ¶ 5.) This confidential and proprietary information contains details regarding Google's advertising products and their proprietary functionalities, data infrastructure, logs, and metrics. (*Id.*) **Second**, public disclosure of documents that contain technical details and identifiers related to Google's highly sensitive data logs and data systems place Google at risk of irreparable harm because these may reveal Google's internal strategies, system designs, and business practices for operating and maintaining many of its important proprietary services. (*Id.* ¶ 6.) Disclosure of this information creates a serious cybersecurity risk because third parties may seek to use this information to compromise Google's data sources, including data logs, internal data structures, and internal identifier systems. (*Id.* ¶ 7.)

Sealing references to data systems and logs is routine practice in this District. *See, e.g.*, *In re Google Inc. Gmail Litig.*, No. 13-md-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems); *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system). This Court has previously recognized the confidentiality of similar information related to internal logs at issue here and has granted Google's sealing requests. *In re Google RTB Consumer Privacy Litig.,* No. 21-cv-02155-YGR, ECF No. 384 (N.D. Cal. Dec. 19, 2022) (sealing documents containing technical details and identifiers related to Google's highly sensitive data logs and data systems); ECF No. 186 (N.D. Cal. Apr. 29, 2022) (sealing descriptions of data sources); ECF No. 324 (N.D. Cal. Sept. 26, 2022) (sealing portions concerning Google's data signals, internal strategy, and business practices).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTIONS TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

### IV. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court seal the aforementioned portions of Plaintiffs' Reply, the Weaver Declaration, and Exhibit 1.

Dated: March 28, 2023                                COOLEY LLP

                                                     By: */s/ Whitty Somvichian*
                                                         Whitty Somvichian

                                                     Attorneys for Defendant
                                                     GOOGLE LLC

283434369

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTIONS TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD