Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* | Case No. 4:21-cv-02155-YGR-VKD |
| | **DECLARATION OF ANDREW F. KIRTLEY IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO ENTER A SUPPLEMENTAL PROTECTIVE ORDER APPLICABLE TO A THIRD PARTY'S DOCUMENTS** |
| *This document applies to all actions* | Judge: Hon. Virginia K. DeMarchi |

**I, ANDREW F. KIRTLEY, declare as follows:**

1.    I am a senior associate attorney with the law firm of Cotchett Pitre & McCarthy LLP, counsel on the executive committee for Plaintiffs in this action. I submit this declaration in support of Plaintiffs' Administrative Motion to Enter Supplemental Protective Order Applicable to a Third Party's Documents ("Motion"). I make this declaration of my own personal knowledge and, if called to testify as a witness, could and would testify competently to the matters stated herein.

2.    In August 2021, Plaintiffs served subpoenas for documents and preservation demands on numerous third parties in this action that Plaintiffs' counsel had identified as RTB participants particularly likely to have information relevant to this action, including on the third party Xandr, Inc. ("Xandr").

3.    In September 2021, Plaintiffs and Xandr began meeting and conferring about the subpoena Plaintiffs served on Xandr (the "Xandr Subpoena"). These discussions resulted in Plaintiffs and Xandr agreeing, that same month, to initially limit the Xandr Subpoena (with a mutual reservation of all rights) to the following five categories of documents requests: (1) documents that Xandr has produced, if any, pursuant to a government subpoena or other governmental request for documents concerning Google RTB auctions; (2) Xandr's contracts with Google concerning Google RTB auctions; (3) twenty-five random samples of Xandr's server logs from RTB events; (4) schematics/slide decks/documents sufficient to show how Google RTB auctions work from Xandr's perspective and how and why Xandr participates in the auctions (e.g., the value that Xandr derives from participating in the auctions); and (5) documents sufficient to show Xandr's data preservation protocol as relates to data received from participating in RTB auctions.

4.    Pursuant to the above-referenced agreement between Plaintiffs and Xandr, in October 2021, Xandr produced certain documents responsive to some of the five above-reference categories of documents. With respect to categories 1 and 4, however, Xandr stated that, as a competitor to Google, Xandr requires a supplemental protective order, in the form substantively

similar[1] to the document attached hereto as **Exhibit A** ("Supplemental Protective Order"), before it will produce requested information. Xandr further stated that the Xandr Subpoena calls for the production of documents containing competitively sensitive information that Xandr (through its then-parent company, AT&T) had previously produced to governmental entities in connection with an investigation that culminated in lawsuits against Google, specifically *United States, at al. v. Google LLC*, No. 20-cv-03010-APM (D.D.C), and the related case *Colorado, et al. v. Google LLC*, No. 20-cv-03715-APM (D.D.C.) (collectively, the "DOJ Litigation").

5.    Plaintiffs have conferred with Google regarding Xandr's needed protection and request for a Supplemental Protective Order, including on February 2, 2022 and thereafter, and asked that Google agree to Xandr's request. Plaintiffs provided Google a copy of the Supplemental Protective Order attached here as Exhibit A on February 2, 2022. After subsequent meet and confers, including one among counsel for Plaintiffs, Google, and Xandr held by Zoom on October 14, 2022, Google sent counsel for Plaintiffs and Xandr a letter dated November 16, 2022, to say it objected and that it would not consent to entry of Xandr's supplemental requests, in part, because, according to Google, the documents Xandr intends to produce likely were not "responsive to this litigation, including because they were produced in a separate antitrust matter concerning Google's Search product" (i.e., the DOJ Litigation). A true and correct copy of that letter is attached here as **Exhibit B**.

6.    On February 15, 2023, in a final meet and confer attempt among counsel for Plaintiffs, Google, and Xandr held by Zoom, Google was represented by counsel not previously involved in the issue. Xandr's counsel again represented that all the documents in Xandr's anticipated production relate to Google RTB. Counsel for Google maintained that in order for Google to consider consenting to entry of the proposed Supplemental Protective Order, Google

---

[1] The day before the filing of this declaration and accompanying Motion, certain administrative and clarifying edits—none of which were substantive in nature—were made to the Supplemental Protective Order. On March 27, 2023, I emailed Google's counsel of record in this action a redline of those edits, as well as a copy of the Motion accompanying this Declaration, and inquired whether Google would consent to the requested relief or instead intended to oppose the Motion. *See also*, *infra*, at ¶ 7.

required a further representation that all the documents to be produced specifically concerned *the disclosure of personal information* via Google RTB, which Google's counsel stated was the scope of relevance for discovery in this case. If such a representation was received, Google's counsel stated that Google would then consider proposing redlines to the proposed Supplemental Protective Order. When asked what redlines Google might have, Google's counsel was not prepared to say, despite having had the proposed Supplemental Protective Order for over a year.

7.      On March 27, 2023, at 2:58 PM, I emailed Google's counsel of record in this action a copy of the Motion accompanying this declaration, a copy of the Supplemental Protective Order, and a redline document showing recent non-substantive changes to the Supplemental Protective Order (*see, supra*, at note 1). In that same email, I requested that Google's counsel inform me by 4:30 PM the following day whether Google would consent to the relief requested in the Motion, or whether it would instead oppose the Motion. On March 28, 2023, at 4:08 PM, Google's counsel responded, stating in part that Google considered the Motion to be "procedurally improper," and that "Google will not respond by your unilaterally-imposed deadline, but will respond in writing by next Monday [April 3, 2023] COB."

8.      I have conferred with Xandr's counsel regarding the Motion and its requested relief, and have been advised that Xandr intends to support the Motion with a separate filing.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of March 2023 at Burlingame, California.

      /s/ *Andrew F. Kirtley*
      ANDREW F. KIRTLEY