1
2
3
4
5
6
7

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* | Case No. 4:21-cv-02155-YGR-VKD |
|---|---|
|  | **[PROPOSED] ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION TO ENTER A SUPPLEMENTAL PROTECTIVE ORDER APPLICABLE TO A THIRD PARTY'S DOCUMENTS** |
| *This filing applies to all actions* | Judge: Hon. Virginia K. DeMarchi |

## [PROPOSED] ORDER

Currently pending before the Court is Plaintiffs' Administrative Motion to Enter a Supplemental Protective Order Applicable to a Third Party's Documents ("Motion"), submitted pursuant to Civil Local Rule 7-11 and this Court's Standing Order for Civil Cases. Having considered the Motion, the relief requested threin, and the briefing submitted by all parties in conjunction therewith, as well as all other evidence of record, the Court finds good cause exists to grant the requested relief, and it is hereby:

**ORDERED**, that the Motion is **GRANTED**; and it is

**FURTHER ORDERED**, that the Supplemental Protective Order attached here as <u>Exhibit A</u> shall be entered in this matter.

**IT IS SO ORDERED.**

DATED: _____, 2023

_____
HON. VIRGINIA K. DEMARCHI
United States Magistrate Judge

# EXHIBIT A

**PRITZKER LEVINE LLP**
Elizabeth C. Pritzker (Cal. Bar. No. 146267)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*

**COTCHETT, PITRE & McCARTHY, LLP**
Nanci E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal. Bar No. 247403)
Karin Swope (admitted Pro Hac Vice)
840 Malcom Road, Suite 200
Burlingame, CA 94010
Tel.: (650) 697-6000
Fax: (650) 697-0577
*nnishimura@cpmlegal.com*
*bdanitz@cpmlegal.com*

*Counsel for Plaintiffs*

*[Additional counsel listed on signature page]*

**COOLEY LLP**
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
DANIELLE C. PIERRE (SBN 300567)
(dpierre@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
COLIN S. SCOTT (SBN 318555)
(cscott@cooley.com)
101 California Street, 5th Floor
San Francisco, California 94111-5800
Telephone: (415) 693 2000
Facsimile: (415) 693 2222

*Attorneys for Defendant GOOGLE LLC*

**SIDLEY AUSTIN LLP**
David A. Goldenberg (SBN 347955)
555 California St.
San Francisco, CA 94104
Telephone: (415) 772-1200
*dgoldenberg@sidley.com*

*Attorney for Non-Party Xandr, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA -- OAKLAND DIVISION**

| | |
|---|---|
| *In re Google RTB Consumer Privacy Litigation*<br><br>This Document Relates To:<br><br>All Actions | Case No. 4:21-cv-02155-YGR<br><br>**[PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING THE PRODUCTION OF CONFIDENTIAL DISCOVERY MATERIAL BY NON-PARTY XANDR, INC.** |

1    WHEREAS, on June 3, 2021, the Court entered a Stipulated Protective Order Governing the Exchange of Confidential Discovery Material, as modified by the Court, (hereinafter "June 3, 2021 Protective Order") in the above-captioned case, Case No. 5:21-cv-02155-LHK-SVK ("Action").

WHEREAS, Section 9(a) of the June 3, 2021 Protective Order states that, "[n]othing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections" for information produced by a Non-Party in connection with this Action.

WHEREAS, Non-Party Xandr, Inc. ("Xandr") has received a subpoena from Plaintiffs in this Action pursuant to Rule 45 of the Federal Rules of Civil Procedure that calls for the disclosure of competitively sensitive information to the Parties in this Action.

WHEREAS, the competitively sensitive information called for by Plaintiffs' subpoena has previously been produced to government entities in connection with an investigation by those government entities (the "DOJ Investigation").

WHEREAS, the DOJ Investigation culminated in unrelated lawsuits against Defendant Google LLC: *United States of America, at al. v. Google LLC*, Case No. 1:20-cv-03010-APM (D.D.C) and *State of Colo. et al. v. Google LLC*, Case No. 1:20-cv-03715-APM (D.D.C.) (collectively, the "DOJ/Colorado Litigation").

WHEREAS Xandr information produced in connection with the DOJ Investigation was provided, as part of the DOJ/Colorado Litigation, to Defendant pursuant to a Stipulated Protective Order entered by the United States District Court for the District of Columbia on January 21, 2021 [Doc. 98] ("DOJ/Colorado Protective Order").

- 2 -

*In re Google RTB Consumer Privacy Litigation,* 4:21-cv-02155-YGR
[Proposed] Supplemental Protective Order Governing the Production of Confidential Discovery Material by Non-Party Xandr Inc.

1  WHEREAS, the DOJ/Colorado Protective Order affords producing parties, including Xandr, greater protections against the disclosure of confidential and competitively sensitive information to Defendant than the June 3, 2021 Protective Order.

WHEREAS, Xandr's confidential and competitively sensitive information was provided to Defendant in the DOJ/Colorado Litigation pursuant to the protections of the DOJ/Colorado Protective Order.

WHEREAS, Xandr would lose the protections afforded by the DOJ/Colorado Protective Order against disclosure to Defendant of its confidential and competitively sensitive information at issue here were it not afforded the same or similar protections in this Action.

WHEREFORE, IT IS HEREBY ORDERED that documents or information disclosed or produced by Xandr in this Action, to the extent such documents or information are designated as containing Xandr Protected Information, shall be subject to the following provisions (the "Supplemental Protective Order"):

1. <u>GENERAL PROVISIONS</u>

   1.1. The definitions, terms, and provisions contained in the June 3, 2021 Protective Order shall be incorporated by reference herein as though fully set forth herein, provided, however, that in the event of any conflict between any definition, term, or provision of this Supplemental Protective Order and any definition, term, or provision of the June 3, 2021 Protective Order, this Supplemental Protective Order will control with respect to such conflict.

   1.2. The definitions, terms, and provisions contained in this Supplemental Protective Order shall apply only to the material designated as Xandr Protected Information in accordance with this Supplemental Protective Order, and nothing herein shall provide any rights or

- 3 -

*In re Google RTB Consumer Privacy Litigation,* 4:21-cv-02155-YGR
[Proposed] Supplemental Protective Order Governing the Production of Confidential Discovery Material by Non-Party Xandr Inc.

protections to the Parties to this Action beyond those set forth in the June 3, 2021 Protective Order.

2. <u>DEFINITIONS</u>

2.1. <u>"Defendant"</u> means Google LLC, and its divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents (including counsel) and representatives of the foregoing.

2.2. <u>"Designating Party"</u> means Xandr, to the extent Xandr has designated information or documents it produces in disclosures or responses to discovery in this Action as "XANDR CONFIDENTIAL – OUTSIDE COUNSEL ONLY".

2.3. <u>"DOJ Investigation"</u> means the government investigation preceding the filing of the DOJ/Colorado Litigation.

2.4. <u>"DOJ/Colorado Litigation"</u> means the actions *United States of America, at al. v. Google LLC*, Case No. 1:20-cv-03010-APM (D.D.C) and *State of Colo. et al. v. Google LLC*, Case No. 1:20-cv-03715-APM (D.D.C.).

2.5. <u>"In-House Counsel"</u> means any lawyer employed by Defendant.

2.6. <u>"Outside Counsel of Record"</u> means the attorneys employed by outside law firms representing Defendant in this Action.

2.7. <u>"Party"</u> means any Plaintiff or Defendant in this Action. "Parties" means collectively Plaintiffs and Defendant in this Action.

2.8. <u>"Receiving Party"</u> means any Party that receives documents or information produced or disclosed by Xandr in connection with this Action.

2.9. <u>"Xandr Protected Information"</u> means sensitive Xandr confidential information or documents, disclosure of which to another party could create a substantial risk of harm

- 4 -

*In re Google RTB Consumer Privacy Litigation,* 4:21-cv-02155-YGR
[Proposed] Supplemental Protective Order Governing the Production of Confidential Discovery Material by Non-Party Xandr Inc.

1   to Xandr, and includes all information or documents provided by Xandr in the DOJ

2   Investigation and designated in the DOJ/Colorado Litigation as "CONFIDENTIAL" or

3   "HIGHLY CONFIDENTIAL" under the terms of the DOJ/Colorado Protective Order.

4   3.  SCOPE

5   3.1. This Supplemental Protective Order covers not only documents designated "XANDR

6   CONFIDENTIAL – OUTSIDE COUNSEL ONLY", but also any information copied,

7   excerpted, or summarized from documents with such designation and any testimony,

8   conversations, or presentations by Counsel that might reveal information from

9   documents with such designation. The protections conferred by this Supplemental

10  Protective Order do not, however, cover the following: (a) any documents or information

11  that is in the public domain at the time of disclosure to a Receiving Party or becomes

12  part of the public domain after its disclosure to a Receiving Party for reasons not

13  involving a violation of this Supplemental Protective Order or the June 3, 2021

14  Protective Order, including becoming part of the public record through trial or

15  otherwise; and (b) any documents or information known to the Receiving Party prior to

16  the disclosure or obtained by the Receiving Party after the disclosure from a source who

17  obtained the document or information lawfully and under no obligation of confidentiality

18  to the Designating Party.

19  3.2. Nothing in these provisions should be construed as prohibiting Xandr, or any other Non-

20  Party, from seeking additional protections.

21  4.  DESIGNATION AND USE OF XANDR PROTECTED INFORMATION

22  4.1. In order for materials produced in discovery to qualify for protection as Xandr Protected

23  Information, the Designating Party must affix the legend "XANDR CONFIDENTIAL –

- 5 -

*In re Google RTB Consumer Privacy Litigation,* 4:21-cv-02155-YGR
[Proposed] Supplemental Protective Order Governing the Production of Confidential Discovery Material by Non-Party Xandr Inc.

OUTSIDE COUNSEL ONLY" to each page of any document for which the Designating Party seeks protection under this Supplemental Protective Order;

4.2. Unless otherwise ordered by the Court or permitted by Xandr, a Receiving Party may disclose documents and information designated as "XANDR CONFIDENTIAL – OUTSIDE COUNSEL ONLY" to the following only:

    4.2.1. The Court and all persons assisting the Court in this Action, including law clerks, court reporters, and stenographic or clerical personnel;

    4.2.2. Outside Counsel of Record for the Parties, including any attorneys (but not In-House Counsel for the Parties), paralegals, and other professional personnel (including support and IT staff) that such Outside Counsel assigns to this Action whose functions require access to the information (but not any employee of the Defendant) and who have signed the "Acknowledgment and Agreement to Be Bound" attached to the June 3, 2021 Protective Order as Exhibit A;

    4.2.3. Outside vendors or service providers (such as copy-service providers, outside court reporters retained for depositions, and document-management consultants) retained by a Party to assist that Party in this Action provided that they first execute the "Acknowledgment and Agreement to Be Bound" attached to the June 3, 2021 Protective Order as Exhibit A;

    4.2.4. Any mediator, arbitrator, or special master that the Parties engage in this Action or that the Court appoints;

    4.2.5. Persons who the Xandr Protected Information itself indicates, or who the Receiving Party has a good-faith basis to believe, were the author, addressee,

- 6 -

*In re Google RTB Consumer Privacy Litigation,* 4:21-cv-02155-YGR
[Proposed] Supplemental Protective Order Governing the Production of Confidential Discovery Material by Non-Party Xandr Inc.

1      recipient, custodian, or source of the document, to the extent they have previously

2      had lawful access to the document disclosed or to be disclosed;

3   4.2.6.   Any person retained by a Party to serve as a testifying or consulting expert in this

4      Action, including employees of the firm with which the expert or consultant is

5      associated or independent contractors who assist the expert's work in this Action,

6      provided that they first shall execute the "Acknowledgment and Agreement to Be

7      Bound" attached to the June 3, 2021 Protective Order as Exhibit A;

8   4.2.7.   Outside trial consultants (including, but not limited to, graphics consultants)

9      provided that they first shall execute the "Acknowledgment and Agreement to Be

10     Bound" attached to the June 3, 2021 Protective Order as Exhibit A.

11  4.3. A Party may not file in the public record in this action any Xandr Protected Information.

12     Xandr Protected Information may be filed only under seal pursuant to a Court order

13     authorizing the sealing of the specific Xandr Protected Information at issue.  A Party that

14     seeks to file under seal any Xandr Protected Information must comply with Civil Local

15     Rule 79-5.  In addition to the requirements of Civil Local Rule 79-5(e), the Party seeking

16     to file under seal any Xandr Protected Information should serve the supporting

17     declaration on Xandr so that Xandr has the opportunity to file a declaration establishing

18     that all of the designated material is sealable pursuant to Civil Local Rule 79-5(e).

19  4.4. Except as may be otherwise ordered by the Court, any person may be examined as a

20     witness at deposition and may testify concerning Xandr Protected Information to the

21     extent such person was the author, recipient, or custodian of the information or otherwise

22     possessed or had prior knowledge of such material, but all such Xandr Protected

- 7 -

*In re Google RTB Consumer Privacy Litigation,* 4:21-cv-02155-YGR
[Proposed] Supplemental Protective Order Governing the Production of Confidential Discovery Material by Non-Party Xandr Inc.

1   Information of which such person did not have prior knowledge should be redacted prior
2   to introducing any such document for examination.
3   4.5. At deposition, any person other than (i) the witness, (ii) the witness's outside attorney(s),
4   and (iii) any person(s) qualified to receive documents designated as XANDR
5   CONFIDENTIAL – OUTSIDE COUNSEL ONLY under this Supplemental Protective
6   Order shall be excluded from the portion of the examination concerning Xandr Protected
7   Information, unless Xandr consents to that person's attendance. If the witness is
8   represented by an outside attorney who is not qualified under this Supplemental
9   Protective Order to receive Xandr Protected Information then prior to the examination,
10  the outside attorney shall be requested to sign and provide a signed copy of the
11  Acknowledgment and Agreement to Be Bound attached to the June 3, 2021 Protective
12  Order as Exhibit A. In the event that such outside attorney declines to sign the
13  Acknowledgment and Agreement to Be Bound prior to the examination, Xandr may seek
14  a protective order from the Court in a motion to which the Parties will not object,
15  prohibiting such outside attorney from disclosing Xandr Protected Information.
16  4.6. A Party must make good faith efforts to avoid disclosing Xandr Protected Information,
17  directly or indirectly, in an open hearing without prior consent from Xandr. If the
18  disclosing party anticipates disclosing any Xandr Protected Information in any open
19  hearing, the disclosing party must notify Xandr of its intent to disclose such material at
20  least four (4) business days in advance of such disclosure, or, if such notice is not
21  possible, as soon as reasonably practicable, and describe the materials to be disclosed
22  with reasonable particularity so that Xandr has the opportunity to file an objection to
23  such disclosure and establish that the materials to be disclosed are sealable pursuant to

- 8 -

Civil Local Rule 79-5(e) and the Court's standing orders. If such notice is not given or Xandr files such an objection, the disclosing party must request that the courtroom be sealed and that only those authorized to review Xandr Protected Information remain present during the presentation of such material, unless the Court orders otherwise.

4.7. Any Party that discloses any Xandr Protected Information on any trial exhibit list exchanged with an opposing Party, or that is disclosed to the Court, must disclose such material to Xandr no later than two (2) business days after such exchange or disclosure, and describe the materials with reasonable particularity so that Xandr has the opportunity to file an objection to such disclosure and establish that the materials to be disclosed are sealable pursuant to Civil Local Rule 79-5(e) and the Court's standing orders. If such notice is not given or Xandr files such an objection, the disclosing party must request that the courtroom be sealed and that only those authorized to review Xandr Protected Information remain present during the presentation of such material, unless the Court orders otherwise.

**IT IS SO ORDERED.**

DATED: _____, 2023

_____
HON. VIRGINIA K. DEMARCHI
United States Magistrate Judge

- 9 -

*In re Google RTB Consumer Privacy Litigation,* 4:21-cv-02155-YGR
[Proposed] Supplemental Protective Order Governing the Production of Confidential Discovery Material by Non-Party Xandr Inc.