1

COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

In re Google RTB Consumer Privacy
Litigation,

This Document Relates to:  *all actions*

Master File No. 4:21-cv-02155-YGR-VKD

**DEFENDANT GOOGLE LLC'S
ADMINISTRATIVE MOTION TO SEAL THE
COURTROOM FOR HEARING ON
PLAINTIFFS' MOTION FOR CONTEMPT AND
SANCTIONS FOR VIOLATIONS OF AUG. 26,
2022 AND DEC. 16, 2022 DISCOVERY
ORDERS [DKT NOS. 314, 382]**

Referral:  Hon. Virginia K. DeMarchi
Hearing Date:  April 11, 2023
Hearing Time:  1:30 P.M.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S ADMIN. MOT. TO
SEAL THE COURTROOM
CASE NO. 4:21-CV-02155-YGR-VKD

## I.    INTRODUCTION

Google respectfully requests that the Court seal the courtroom for the April 11, 2023 hearing on Plaintiffs' Motion for Contempt and Sanctions for Violations of Aug. 26, 2022 and Dec. 16, 2022 Discovery Orders (ECF No. 431), given the confidential, proprietary, and sensitive information to be addressed in the hearing. The briefing on Plaintiffs' motion[1] puts squarely at issue several confidential features of Google's Real Time Bidding system ("RTB"), including the operation of internal systems and details of specific data fields.  This confidential and proprietary information is not shared publicly, and Google therefore moved to seal this information in the briefing (ECF No. 469) consistent with this Court's prior orders sealing similar information. Because this information will be central to resolving Plaintiffs' Motion, Google anticipates it will be discussed in detail and at length at the April 11, 2023 hearing.  Accordingly, Google respectfully requests that the Court seal the courtroom for the April 11, 2023 hearing to avoid public disclosure of confidential Google information that would create risk of significant harm to Google.[2]

## II.    LEGAL STANDARD

The common law right of public access to judicial proceedings is not a constitutional right and it is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Crowe v. Cty. of San Diego*, 210 F. Supp. 2d 1189, 1194 (S.D. Cal. 2002) ("[T]here is no right of access which attaches to all judicial proceedings.") (internal citations omitted). Where, as here, the proceedings concern a non-dispositive discovery motion, rather than satisfy the more stringent "compelling reasons" standard, a party seeking to seal materials must make only a "particularized showing" of "good cause." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Sealing is warranted when the information at issue constitutes "competitively sensitive information," such as "confidential research, development, or commercial information." *France*

---

[1] Google filed its opposition (ECF No. 448) on March 14, 2023; Plaintiffs filed their reply (ECF No. 457) and supporting Declaration of Leslie E. Weaver ("Weaver Declaration") (ECF No. 459) on March 21, 2023.

[2] Google asked Plaintiffs to stipulate to sealing the hearing pursuant to Civil Local Rules 7-11 and 79-5 and Federal Rule of Civil Procedure 26(c). (Declaration of Whitty Somvichian in Support of Google's Response to Plaintiffs' Administrative Motions to Consider Whether Another Party's Materials Should be Sealed  ("Somvichian Decl.") (ECF No. 469-1) ¶ 3.) Plaintiffs stated that they oppose Google's request. *Id.*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S ADMIN. MOT. TO
SEAL THE COURTROOM
CASE NO. 4:21-CV-02155-YGR-VKD

*Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to prevent disclosure of information such as trade secrets or other confidential research, development, or commercial information"); *Standard & Poor's Corp. Inc. v. Commodity Exch., Inc.*, 541 F. Supp. 1273, 1275 (S.D.N.Y. 1982) ("[T]he overriding interest to be found in business confidences . . . require[s] . . . temporary reasonably restricted access to the Courtroom of members of the public.").

### III.    THE HEARING SHOULD BE SEALED BECAUSE THE PARTIES' ARGUMENTS WILL NECESSARILY INVOLVE DISCLOSURE OF GOOGLE'S HIGHLY SENSITIVE MATERIAL

Good cause exists to seal the courtroom for the April 11, 2023 hearing.  As an initial matter, restricting public access to the courtroom is necessary to prevent harm to Google's competitive standing and to avoid an increased risk of cybersecurity threats.  (ECF No. 469; Somvichian Decl. ¶ 5.)  As reflected in the Parties' briefing, discussion of Google's confidential information, including the highly sensitive features of Google's internal data systems and operations, will be central to the hearing.  Specifically, the hearing on Plaintiffs' motion will involve discussion of Google's production of Named-Plaintiff data and Plaintiffs' demands for additional specific data fields.  This discussion will inevitably require disclosure of technical details regarding Google's internal data sources, specific data fields raised by Plaintiffs, whether those data fields function similarly to other data this Court addressed in prior orders, and other highly technical information that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors.  (Somvichian Decl. ¶ 4.)  Public disclosure of this information places Google at risk of irreparable harm, including not only competitive harm but also cyber security risk, as third parties may seek to use this information to compromise Google's data sources and internal systems.

Google also respectfully requests that the Court exclude from the courtroom, if necessary, Plaintiffs' counsel who are not permitted to access confidential information produced in the *Calhoun* matter in the event Plaintiffs refer to such information.  Google anticipates that the April 11 hearing may include discussion of such information because Plaintiffs' briefing refers to certain

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S ADMIN. MOT. TO
SEAL THE COURTROOM
CASE NO. 4:21-CV-02155-YGR-VKD

highly confidential information produced in *Calhoun*, including details related to the data fields from the *Calhoun* logs as reflected in Plaintiffs' submission of the Weaver Declaration and the accompanying Exhibit 1.  (*See* ECF Nos. 357; 459.)  If Plaintiffs intend to raise these issues at the April 11 hearing, Plaintiffs' counsel who are not signatories to the protective order in *Calhoun* should first be excused from the courtroom.

Google's requests to seal the courtroom for the April 11 hearing and to exclude certain counsel are consistent with this Court's approach to prior hearings involving discussion of similarly sensitive information in this case and in the *Calhoun* and *Brown* matters.  (*See, e.g.*, Mar. 8, 2022 Hr'g Tr. at 3:5-7 ("All right. So this portion of the proceedings will be under seal because of confidential information that will potentially be discussed."); Dec. 6, 2022 Hr'g Tr. at 8:4-6 ("The good cause standard applies, and I do find good cause to conduct this hearing under seal."); 7:11-8:5 (excusing Ms. Corbitt from Pritzker Levine firm because of anticipated discussion of *Calhoun* discovery); *Calhoun v. Google*, No. 20-cv-05146, ECF Nos. 258 (N.D. Cal. Aug. 11, 2021), 980 (N.D. Cal. Feb. 13, 2023); *Brown v. Google LLC*, No. 5:20-cv-03664, ECF Nos. 183 (N.D. Cal. Jun. 6, 2021), 860 (N.D. Cal. Feb. 13, 2023).

**IV.    CONCLUSION**

Given the nature of the information to be discussed at the April 11 hearing, Google respectfully requests that the Court follow its prior approach of sealing the courtroom and excluding from the hearing Plaintiffs' counsel that is not permitted to access highly confidential *Calhoun* discovery materials.

Dated: April 5, 2023

COOLEY LLP

By:/s/ *Whitty Somvichian*
Whitty Somvichian

Attorneys for Defendant
GOOGLE LLC

283895800

GOOGLE'S ADMIN. MOT. TO
SEAL THE COURTROOM
CASE NO. 4:21-CV-02155-YGR-VKD