Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
Caroline Corbitt (Cal Bar No. 305492)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*
*ccc@pritzkerlevine.com*

*Interim Class Counsel*

[Additional Counsel Appear on Signature Page]

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* | **CASE NO. 4:21-CV-02155-YGR-VKD** |
| *This document applies to all actions.* | **PLAINTIFFS' RESPONSE TO GOOGLE'S ADMINISTRATIVE MOTION TO SEAL THE COURTROOM (DKT. NO. 475)**<br><br>Judge: Hon. Virginia K. DeMarchi<br>Hearing Date: April 11, 2023<br>Hearing Time: 10:00 a.m.<br>Courtroom: 2, Fifth Floor |

## I. INTRODUCTION

Google's administrative motion to seal the courtroom for the hearing on plaintiffs' motion for contempt and sanctions does not establish that good cause exists to justify a departure from the Ninth Circuit's strong presumption in favor of public access to the Courts. *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Google also does not establish that there are "compelling reasons" to seal the courtroom. *Kamakana*, 447 F.3d at 1178–79. The Court should deny Google's motion, which was submitted just days before the April 11 hearing and provides no particularized or actual showing of any true risk of cybersecurity or competitive harm to Google if the hearing is conducted in an open court.

## II. RELEVANT BACKGROUND

On February 28, 2023, plaintiffs filed a motion seeking an order of contempt and the imposition of evidentiary and monetary sanctions against Google for its willful failure to comply with discovery orders entered by Court on August 26, 2022 (the "Aug. 26 Order") (Dkt. 314) and December 16, 2022 (the "Dec. 16 Order") (Dkt. 382) with respect to the production of interest-based categories (called "verticals") pertaining to the named plaintiffs during the class period. Dkt. 431.

Plaintiffs' opening brief and all supporting documents were filed publicly. *See id*. Plaintiffs' brief concerned the Court's orders, Google's dilatory and obstructionist behavior, and Google's insufficient and untimely production of "vertical" data—none of which is confidential or proprietary to Google. *Id.* Google's opposition and supporting declarations were filed with only moderate redactions. *See* Dkt. 448. Plaintiffs' reply brief and supporting declaration similarly contained minimal redactions, all targeted to information Google had designated confidential, terms that Google had proposed to seal, and information from *Calhoun* that disproves Google's contention that it produced data as it is stored in the ordinary course of business at Google. *See* Dkt. 457.

Given the matter at issue, and in light of the high public interest in the discovery misconduct plaintiffs highlight in the motion, plaintiffs oppose Google's request to close the courtroom to certain of plaintiffs' counsel and the public.

## III. ARGUMENT

Open access to the courts is an important aspect of the United States legal system. *Facebook,*

*Inc. v. ConnectU, Inc.*, No. C 07-01389 JW, 2008 WL 11357787, at *2 (N.D. Cal. July 2, 2008) (citing *Phoenix Newspapers Inc. v. U.S. Dist. Court*. 156 F.3d 940, 946 (9th Cir. 1998)). There is a strong presumption in favor of public access unless a particular court record is one traditionally kept secret. *Kamakana*, 447 F.3d at 1178; *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The presumption of public access is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citation omitted).

Google maintains that it must only show that "good cause" exists to seal the courtroom. *See* Br. at 2. While the Court has agreed with Google's position in the past, *see* Dec. 6, 2022 Hr'g Tr at 8:4-6, other courts have required more, finding "a decision to close the court and to conduct a hearing under seal requires a showing that a compelling interest would be harmed and that no alternatives to closure would adequately protect that interest." *See ConnectU*, 2008 WL 11357787, at *2. "[T]he hearing may be closed to the public and the transcript sealed only when: (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Id.* at *4 (internal citations and quotations omitted).

While application of both the good cause and compelling interest standards often discuss whether the motion is considered dispositive or non-dispositive (*see ConnectU*, 2008 WL 11357787, at *2), the Ninth Circuit has rejected a formulaic determination of which standard applies based solely on whether a motion is "literally dispositive." *Auto Safety*, 809 F.3d at 1098 ("Most litigation in a case is not literally dispositive, but nevertheless involves important issues and information to which our case law demands the public should have access. To only apply the compelling reasons test to the narrow category of dispositive motions goes against the long held interest in ensuring the public's understanding of the judicial process and of significant public events." (citations omitted)).

Regardless of which test applies, Google's administrative motion to seal the courtroom satisfies neither the good cause nor compelling interests standard.

As to the higher "compelling interest" or "compelling reasons" test for closing proceedings,

it is readily apparent Google has not satisfied this standard. This test places the burden of overcoming the presumption of public access squarely with Google, which must present "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal quotation and citation omitted). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when the court files might become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statement, or release trade secrets. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *ConnectU*, 2008 WL 11357787, at *3–4 (citing, *inter alia*, *Kamakana*, 447 F.3d at 1179 and *Foltz*, 331 F.3d at 1136).

Google has not presented "articulable facts identifying the interests favoring continued secrecy," or "show[n] that these specific interests overcame the presumption of access . . . ." *Santos*, 2014 WL 12703020, at *2 (citing *Kamakana*, 447 F.3d at 1180). Nor has Google shown that a public hearing on the present motion would "gratify private spite, promote public scandal, circulate libelous statement, or release trade secrets." *See ConnectU*, 2008 WL 11357787, at *3–4. There has been significant public interest in similar efforts by Google and its counsel to fail to meet their basic duties of candor and professionalism in discovery matters. In one such matter, Judge Donato recently conducted full-day evidentiary hearings on a sanctions motion without any need for courtroom closure. *See, e.g.,* Dkt. 363, Case No. 3:20-cv-05761-JD (minutes of Jan. 31, 2023 hearing). So, too, here.[1] That an open, public hearing may cause Google or its counsel "embarrassment, incrimination, or exposure to further litigation" is insufficient. *ConnectU*, 2008 WL 11357787, at *3–4.  The "*default posture of public* access prevails." *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, No. CV0902094MMMAGRX, 2010 WL 11523739, at *2–3 (C.D. Cal. July 14, 2010) (emphasis added) (quoting *Kamakana*, 447 F.3d at 1182).

---

[1] Google's discovery misconduct in other proceedings pending in this District has been reported in both legal and national publications and the press regularly attends discovery hearings in this case and before this Court.

1  Google also has not met its burden under the lesser "good cause" standard.  This test, which
2  generally concerns sealing documents, requires that Google make a 'particularized showing' with
3  respect to all material at issue in order to justify sealing it. *In re High–Tech Employee Antitrust*
4  *Litigation*, No. 11–CV–02509–LHK, 2013 WL 163779, *2 (N.D. Cal. Jan. 15, 2013) (quoting
5  *Kamakana*, 447 F.3d at 1180). "Broad allegations of harm, unsubstantiated by specific examples or
6  articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co*., 966
7  F.2d 470, 476 (9th Cir. 1992). "[T]he fact that information in documents has been designated
8  confidential pursuant to a stipulated protective order is insufficient, on its own, to justify sealing."
9  *Santos v. TWC Admin. LLC*, No. CV1304799MMMCWX, 2014 WL 12703020, at *4 (C.D. Cal.
10 May 27, 2014) (citing *Beckman* 966 F.2d at 476). *See also id.* ("the applicant must articulate a
11 specific explanation as to why the information must be sealed, and adduce sufficient facts supporting
12 the explanation") (citing *Apple Inc. v. Psystar Corp*., 658 F.3d 1150, 1162 (9th Cir. 2011)).

13 Google has not shown that "specific prejudice or harm will result" if the hearing is not sealed,
14 as it is required to do to show good cause. *See Milliner v. Mut. Sec., Inc*., No. 15-CV-03354-DMR,
15 2021 WL 2645794, at *4–6 (N.D. Cal. June 28, 2021). This Court requires that all requests to seal
16 material be "narrowly tailored to seek sealing only of sealable material." *Doe v. Apple Inc. Health*
17 *& Welfare Benefit Plan*, No. 22-CV-02566-EJD, 2023 WL 2021697, at *1 (N.D. Cal. Feb. 15, 2023)
18 (quoting Civ. L.R. 79-5(a)). Yet most, if not all, of the information that Google has sought to seal
19 in connection with plaintiffs' motion for sanctions—and now uses as a justification for its request
20 to seal the courtroom, *see* Google Mot. [Dkt. 475] at 3—is plainly not confidential or proprietary.
21 The number of data fields and records produced for named plaintiffs, or the number of additional
22 fields plaintiffs requested that Google produce in January, cannot possibly be confidential. *See* Dkt.
23 477-2 at 1, 4 (unredacted Google opposition). The names of fields that Google seeks to seal are
24 listed and described on Google's public guides for RTB Authorized Buyers.[2] *See id.* at 2, 5, 10-12.
25 Discussing data fields in a public hearing that Google has already disclosed on a public website does
26 not pose a cybersecurity or competitive harm risk to Google. Courts routinely discuss the names of
27
28 [2] *E.g.*, https://developers.google.com/authorized-buyers/rtb/realtime-bidding-guide (accessed April 7, 2023).

companies' sources of data in public orders. *See, e.g., In re Facebook, Inc. Consumer Privacy User Profile Litig.*, 18-md-02843-VC, 2023 WL 1871107, at *24 (N.D. Cal. Feb. 9, 2023) (discussing Facebook's Switchboard and Hive data sources). Yet Google seeks to seal the names of its data logs, despite offering no specific explanation of prejudice or harm to Google if the names of these logs are disclosed. *See* Dkt. 477-2 at 3, 10, 12.

There is an alternative to sealing the entire hearing that would adequately protect Google's interests. *See ConnectU*, 2008 WL 11357787, at *4 (hearing should be closed only if "there are no alternatives to closure . . ."). Plaintiffs intend to focus their oral argument at the hearing on the main issues raised by their motion: Google's willful violation of the Court's orders and its late and grossly inadequate production of verticals data for named plaintiffs. In the event that the discussion approaches matters that legitimately pose a competitive or cybersecurity risk to Google, Google's counsel may object and ask the Court to excuse the public from that portion of the hearing. The Court may rule on the merits of Google's request at this time.

There is, of course, no merit whatsoever to Google's efforts to exclude lead *RTB* counsel from any portion of the sanctions hearing. Plaintiffs' motion is squarely directed at Google's conduct ***in this case.*** The nub of the dispute involves the source and location of key identifiers, the search and production Google claims to have undertaken here, and plaintiffs' belief that Google has not produced responsive data as it maintained by Google in the ordinary course of its business ***in this case***—all in violation of its obligations under Rule 26 and Rule 37. *See* Reply [Dkt. 457] at 9. The limited exemplars submitted by *Calhoun* counsel are available to the Court, if needed, so that it may have the information it requires to adjudicate the matters in dispute. The parties' oral arguments on these issues can—and should—be had openly and honestly, and need not veer into discussion of any purportedly proprietary internal Google information or data.

**IV.    CONCLUSION**

For all of the foregoing reasons, plaintiffs respectfully request that the Court deny Google's request to seal the courtroom for the April 11, 2023 hearing on Plaintiffs' motion for contempt and sanctions, and deny Google's request to exclude non-*Calhoun* counsel from any portion of the hearing. A proposed order is submitted herewith.

| | | |
|---|---|---|
| 1 | DATED: April 10, 2023 | Respectfully submitted, |

**PRITZKER LEVINE LLP**

By: */s/ Elizabeth C. Pritzker*

Elizabeth C. Pritzker (Cal. Bar No.146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
Caroline Corbitt (Cal Bar No. 305492)
1900 Powell Street, Ste. 450
Oakland, CA 94602
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
bc@pritzkerlevine.com
ccc@pritzkerlevine.com

*Interim Class Counsel*

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Anne K. Davis (Cal. Bar No. 267909)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Jenny Paulson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
jpaulson@simmonsfirm.com

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
485 Lexington Avenue, Suite 1001
Tel.: (212) 784-6400

Fax: (212) 213-5949
New York, NY 10017
Tel: (646) 993-1000
*dstraite@dicellolevitt.com*

James Ulwick (admitted pro hac vice)
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*julwick@dicellolevitt.com*

**COTCHETT PITRE & MCCARTHY, LLP**
Nanci E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal Bar. No. 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road
Burlingame, CA 94010
Tel.: (650) 697-6000
*nnishimura@cpmlegal.com*
*bdanitz@cpmlegal.com*
*kswope@cpmlegal.com*

**BOTTINI & BOTTINI INC.**
Francis A. Bottini, Jr. (Cal. Bar No. 175783)
Yury A. Kolesnikov (Cal. Bar. No. 271173)
7817 Ivanhoe Ave., Ste. 102
LA Jolla, CA 92037
Tel.: (848) 914-2001
*fbottini@bottinilaw.com*
*ykolesnikov@bottinilaw.com*

*Counsel for Plaintiffs and the Proposed Class*