UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR   (VKD)<br><br>**ORDER RE FEBRUARY 28, 2023 DISCOVERY DISPUTE RE TIME SAMPLING**<br><br>Re: Dkt. No. 430 |

Plaintiffs and defendant Google LLC ("Google") ask the Court to resolve their dispute concerning the appropriate time periods to sample for Google's production of the named plaintiffs' data. Dkt. No. 430. The Court deems this matter suitable for resolution without oral argument. Civil L.R. 7-1(b).

On December 16, 2022, the Court issued an order addressing the parties' dispute about Google's production of samples of the named plaintiffs' data over the relevant class period. Dkt. No. 382. The Court's order states in relevant part:

> The Court accepts Google's representations that for data sources that require notice to ad customers, production of named plaintiff data for the entire class period would impose an undue burden, and some kind of sampling is appropriate. For data sources that do not require notice to ad customers, the Court is not persuaded that production of named plaintiff data for the entire class period would impose an undue burden. For data sources that require notice to ad customers, if Google wishes to rely on a sample of responsive data to satisfy its obligations, it must take steps to ensure that the sample is representative such that plaintiffs can rely on it in making the arguments they wish to make for class certification. At the hearing, the parties indicated that they had not considered or discussed whether Google's production was a representative sample. If a dispute remains about Google's time sampling, the parties must confer on this point. At a minimum, Google must explain to plaintiffs how it selected the six weeks it chose for production, and if plaintiffs disagree about whether those six weeks are

representative, they must explain to Google why they disagree.

If a dispute remains after the parties confer, they may submit that dispute to the Court for decision.

*Id.* at 5-6.

Apparently, the parties have been unable to agree. As is typical for this case, each side accuses the other of negotiating in bad faith and selecting time samples in an unprincipled and unfair manner. Google previously selected and produced named plaintiffs' data for six, discrete week-long periods within the relevant class period. *Id.* at 5. It represented to the Court that it produced data from "five log sources," including the ▮▮▮▮ and some of the ▮▮▮▮. *Id.* at 2 (citing Dkt. No. 365 at 5). Plaintiffs now demand that Google produce the same data from the available data sources for 11 additional week-long periods.[1] *Id.* at 2-3.

As the parties have failed to meaningfully comply with the Court's December 16, 2022 order and have not provided information in the present discovery dispute submission that would allow the Court to determine what sampling would be representative for the class period, the Court resolves this dispute as follows: For the named plaintiffs' data, plaintiffs may select six additional week-long periods for Google to sample—i.e., because Google chose six week-long periods, plaintiffs may select the same number of week-long periods. Plaintiffs shall promptly advise Google of their selection.

**IT IS SO ORDERED.**

Dated: April 14, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] Plaintiffs also argue that the Court should order Google to produce data from other, better sources than the ▮▮▮▮. The Court will not revisit its earlier order on this point. However, if Google takes the position that it does not have data for a particular period because the data sources it produced from for other periods does not exist, it must consider whether alternative sources of data are available and whether the same data can reasonably be produced from those sources.