UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR (VKD)<br><br>**ORDER RE MARCH 1, 2023 DISCOVERY DISPUTE RE BID REQUEST FIELDS**<br><br>Re: Dkt. No. 434 |

Plaintiffs and defendant Google LLC ("Google") ask the Court to resolve their dispute concerning plaintiffs' demand that Google produce 12 data fields that plaintiffs say contain information about the named plaintiffs that Google shares with RTB participants. Dkt. No. 434. The Court deems this matter suitable for resolution without oral argument. Civil L.R. 7-1(b).

For the reasons explained below, the Court orders Google to produce two of the disputed data fields.

**I.  BACKGROUND**

The parties have narrowed their dispute concerning bid request-related data fields to the following fields, which plaintiffs ask Google to produce for each of the named plaintiffs:

1. google_user_id
2. hosted_match_data
3. hyperlocal_set.hyperlocal.corners
4. hyperlocal_set.center_point.latitude
5. hyperlocal_set.center_point.longitude
6. user_data_treatment
7. video.description_url

      8.  publisher_settings_list_id

      9.  page_visibility

      10. adslot.excluded_sensitive_category

      11. adslot.allowed_restricted_category

      12. adslot.allowed_restricted_category_for_deals

Dkt. No. 434-1. Plaintiffs identify no document requests or interrogatories that call for production of these data fields. Instead, they say that the information they seek is within the scope of the Court's August 26, 2022 order (Dkt. 314). Dkt. No. 434 at 1. Plaintiffs rely on the portions of the Court's prior order that require Google to produce "documents sufficient to show, for each named plaintiff, what information specific to that plaintiff was shared with an RTB participant and the details of such sharing," as well as "the use of cookie-matching." Dkt. No. 314 at 4, 8. Specifically, plaintiffs rely on the following portions of the prior order:

> The Court expects Google to produce documents sufficient to show, for each named plaintiff, what information specific to that plaintiff was shared with an RTB participant and the details of such sharing. If Google discloses information that allows an RTB participant to identify an account holder based on information the *participant* may have about that account holder, Google must produce records showing the disclosure of that information as well. Otherwise, plaintiffs have not shown they are entitled to discovery of all information Google maintains about an account holder solely based on Google's internal linking of information with an account holder.
>
> \*\*\*
>
> Plaintiffs argue that "Google provides RTB participants, via cookie-matching, with a key to identify exactly who certain account holders are, and cookie-matching can enable participants to link a user's personal information obtained from the RTB auction process with its own data about that user." . . . Plaintiffs demand that Google produce "data revealing cookie-matching about the [named plaintiffs]." . . . [C]ookie-matching appears to be a vehicle whereby account holder-specific information may be shared with RTB participants. It is not clear from the parties' joint submission what records Google has about instances of cookie-matching via RTB with respect to the named plaintiffs[.] . . . In any event, if there is such data, the Court is persuaded it is relevant to plaintiffs' claims and should be produced.

1   *Id.* at 4-5, 8 (citations omitted).

2   Google objects to producing the data fields listed above. It argues that it has already
produced all information called for by the Court's August 26, 2022 order that is contained in the
████████████ which it says is the best source for information about what Google
shares with RTB participants in a bid request. Dkt. No. 434 at 4. Google complains that the Court
has already considered and rejected plaintiffs' demand for production of fields from Google's
████████████ and that plaintiffs are attempting to relitigate that issue. *Id.* at 4-5. Finally, Google
also argues that plaintiffs demand data fields that reflect information that either is not shared with
RTB participants or is not specific to a user. *Id.* at 5.

## II.  DISCUSSION

Google is correct that the Court's August 26, 2022 order requires Google to disclose data
sufficient to show the information, specific to the named plaintiffs, that Google discloses to RTB
participants. The order does not require Google to disclose information it maintains internally but
does not disclose to RTB participants, and it does not require Google to disclose information it
may share for purposes other than RTB. Google is also correct that the Court has already rejected
plaintiffs' efforts to obtain "wholesale production of all data fields from the . . . ████████████
████ that were the subject of the parties' earlier dispute, as plaintiffs failed to support their request
for that information. *See* Dkt. No. 382 at 3-4.

As plaintiffs now rely exclusively on the Court's August 26, 2022 order as the basis for
their present demand for the production of the 12 disputed data fields, the Court considers only
whether those fields are within the scope of the Court's prior order.

### A.   google_user_id field

Plaintiffs say that this field is a "unique identifier assigned by Google ████████████
████████████ RTB," and that ████████████████████████
████ Google_User_IDs that Google shares in RTB auctions and ████████████
Dkt. No. 343 at 2. Google does not dispute that the bid requests sent to an RTB participant
include the google_user_id associated with a specific device, but it says that it ████████████
████████████████████████████████████████████

3

███████████████████████ *Id.* at 5 (emphasis in original).

It is not clear whether Google's position is that ███████████████████
███████████████████████████████████████████████████████████████████
███████ Plaintiff insists that Google does log the actual google user id sent to RTB participants in a bid request. If Google does log this information, it is within the scope of the Court's August 26, 2022 order and must be produced, even if it is not logged in the ██████. If Google does not log this information, then it need not produce it.

### B. hosted_match_data field

Plaintiffs say that this data field contains information that reflects "the cookie-matching sold in RTB auctions." *Id.* at 2. Google says it █████████████████████████
█████████████████████████████ *Id.* at 6 (emphasis in original).

Again, it is not clear whether Google's position is that it ███████████████
███████████████████████████████████████████████████████████████████
██████████████████████ If Google does log this information, it is within the scope of the Court's August 26, 2022 order and must be produced, even if it is not logged in the ██████. If Google does not log this information, then it need not produce it.

### C. hyperlocal_set.hyperlocal.corners, hyperlocal_set.center_point.latitude, hyperlocal_set.center_point.longitude fields

Plaintiffs say that these data fields contain "precise location information that is sold through RTB." *Id.* at 2. Plaintiffs acknowledge that Google has already produced data from 11 other location-related data fields. *Id.* Google explains further that is has agreed to produce "the source data from which the information in the requested fields is generated." *Id.* at 6. Plaintiffs do not explain why the prior production and Google's further promised production is insufficient, or how these particular data fields are not merely duplicative of this other information. Plaintiffs' request for production of these data fields is denied.

### D. user_data_treatment field

Plaintiffs say that this data field reflects whether "limitations are applied to a particular RTB request, such that certain data is not transmitted." *Id.* at 2. Google responds, without

4

contradiction, that ▨

As plaintiffs' only basis for demanding production of this data field is the Court's August 26, 2022 order (as opposed to a document request served on Google), the Court agrees with Google that this data field is outside the scope of the Court's prior order and need not be produced.

E. **video.description_url field**

Plaintiff says that this data field identifies the URL of the web page presenting the video for in-video RTB bid requests. *Id.* at 2. Google says that this field identifies the URL of an ▨ *Id.* at 6. Google also argues that the information is not specific to a user, and is therefore outside the scope of the Court's prior order. *Id.* at 6.

It is difficult for the Court to resolve this dispute because of the parties' very abbreviated discussion of this data field. If this data field identifies the URL of a web page on which a user is viewing a video and for which there is an RTB bid request for an in-video ad to be displayed to that user, and if that information is shared with RTB participants, then the Court agrees that the data field should be produced, even if it is not in the ▨ However, the Court is not persuaded by plaintiffs' description of this field that it is, in fact, responsive. Indeed, Google's description of this field supports the conclusion that it is not within the scope of the Court's prior order.

F. **publisher_settings_list_id, page_visibility fields**

Plaintiffs say that these fields provide information about the publisher of a particular web page or video. *Id.* at 3. Google says that the publisher_settings_list_id field ▨ *Id.* at 6. Google says that the page_visibility field contains information about ▨ *Id.*

Google argues that both fields are irrelevant and outside the scope of the Court's prior order. *Id.* Plaintiffs claim that the information is relevant but they do not explain why, and they

also do not explain how it falls within the scope of the Court's prior order.  The Court agrees with Google that the information plaintiffs demand is outside the scope of the Court's prior order.

### G. adslot.excluded_sensitive_category, adslot.allowed_restricted_category, adslot.allowed_restricted_category_for_deals fields

Plaintiffs say that these three fields contain "data about sensitive and restricted categories that are either specifically excluded or allowed in particular bid requests." *Id.* at 3.  Plaintiffs argue that they "describe the nature and details of [data] that Google shares in RTB bid requests." *Id.*  According to Google, these data fields ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 6.  Plaintiffs do not address this argument, and their discussion of how these fields are relevant or within the scope of the Court's prior order is very conclusory.  The Court agrees with Google that the information plaintiffs demand is outside the scope of the Court's prior order.

### III. CONCLUSION

For the reasons explained above, Google shall produce named plaintiffs data for two bid request data fields: google_user_id and hosted_match_data.[1]  This production is subject to sampling, as provided in the Court's order resolving the dispute at Dkt. 430.

If Google must give notice to third parties before producing the above-referenced data, it shall promptly give notice, and shall use its best efforts to produce this information no later than **April 28, 2023**.

**IT IS SO ORDERED.**

Dated: April 14, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] If Google logs these data fields.