UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR   (VKD)<br><br>**ORDER RE MARCH 27, 2023 DISCOVERY DISPUTE RE HYPERLINKED DOCUMENTS**<br><br>Re: Dkt. No. 464 |

Plaintiffs and defendant Google LLC ("Google") ask the Court to resolve a dispute regarding plaintiffs' request for production of documents hyperlinked to other documents that Google has already produced. Dkt. No. 464. The Court deems this matter suitable for resolution without oral argument. Civil L.R. 7-1(b).

Plaintiffs ask the Court to order Google to produce the documents associated with 338 hyperlinks that plaintiffs have identified in 51 "parent" documents, most of which are also deposition exhibits. Dkt. No. 464 at 1. Plaintiffs explain that Google employees make extensive use of hyperlinks when communicating by email. They say that the hyperlinks they have selected are embedded in documents that are highly relevant and associated with key witnesses in the case. *Id.* at 2. Plaintiffs further explain that they do not request all hyperlinks in all documents produced by Google, but have been selective in requesting the specific hyperlinked documents that appear to be the most relevant. *Id.*

Google objects to production of the 338 hyperlinked documents. It argues that plaintiffs' demand is inconsistent with this Court's November 2, 2021 order, which states: "The parties should consider reasonable requests for production of hyperlinked documents on a case-by-case basis. Such requests should not be made as a matter of routine." *Id.* at 5 (citing Dkt. No. 116 at

5). Google also questions plaintiffs' need for the hyperlinked documents and plaintiffs' showing of relevance. *Id.* at 5-6. Finally, Google notes that some of the hyperlinks may not link to documents, but to internal tools. *Id.* at 6. However, Google notes that it has proposed a compromise to resolve this dispute:

> Google has agreed to investigate each of the requested hyperlinks and to identify any linked documents that were already produced (by Bates number) or determined to be privileged (by privilege log entry number). Upon completion of that process, the Parties can then confer further to determine the extent of any remaining dispute.

*Id.* at 6-7.

Having considered the parties' joint submission, the Court finds that plaintiffs have made a reasonable request for production of a specific set of hyperlinked documents, rather than an indiscriminate request for all hyperlinked materials, and have provided an adequate justification for these documents. Because plaintiffs' demand encompasses only selected hyperlinks in 51 documents, Google will not suffer any undue burden in complying with this demand. Accordingly, the Court orders as follows:

Google shall investigate each of the 338 requested hyperlinks. It shall identify by Bates number any linked documents that have already been produced, and shall identify by privilege log entry number any linked documents that have been withheld as privileged or protected material. For the remaining hyperlinks, Google must produce all non-privileged hyperlinked documents to plaintiffs. However, Google is not required to produce any linked items that are not documents, such as internal tools. For any such items, Google shall advise plaintiffs that the hyperlink does not link to a document.

**IT IS SO ORDERED.**

Dated: April 21, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge