UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION. | Case No. 21-cv-02155-YGR   (VKD)<br><br>**ORDER RE MARCH 27, 2023 DISCOVERY DISPUTE RE BERNTSON AND BELOV**<br><br>Re: Dkt. No. 463 |

Plaintiffs and defendant Google LLC ("Google") ask the Court to resolve their dispute concerning plaintiffs' demand that Google collect, review, and produce responsive documents from two custodians, Glenn Berntson and Stan Belov, for the year 2022, and that Google make Mr. Belov available for a second full day of deposition testimony. Dkt. No. 463. The Court deems this matter suitable for resolution without oral argument. Civil L.R. 7-1(b).

For the reasons explained below, the Court denies plaintiffs' request for an order requiring Google to supplement its document production for Mr. Berntson and Mr. Belov and denies their request for a further deposition of Mr. Belov.

**I.   BACKGROUND**

Mr. Berntson and Mr. Belov are Google employees with engineering responsibilities that plaintiffs say make them "central to Google's RTB design and operation." Dkt. No. 463 at 1. Google collected and reviewed documents from these two custodians in early 2022, and completed production of their responsive documents by April 21, 2022 – the original deadline for the substantial completion of document production. *Id.* at 4. As a result, Google's production for Mr. Berntson contains no documents from 2022, and the production for Mr. Belov contains only one document from 2022. *Id.* at 1. Plaintiffs say that this makes Google's document production for

these custodians incomplete, given that the class period extends to the present. *Id.* at 2.

Plaintiffs have deposed both Mr. Berntson and Mr. Belov. Plaintiffs ask that Google be compelled to produce Mr. Belov for another full day of testimony because plaintiffs did not complete their examination of him. *Id.* at 3.

## II.   DISCUSSION

### A.   Duty to Supplement Document Production from Custodians

Given the timing of Google's document collection, review and production in this case, the Court understands that Google's document production for Mr. Berntson and Mr. Belov contains no or few documents from 2022. The question presented is whether Google has a duty to supplement its document production now to encompass any additional responsive documents in these custodians' possession.

Plaintiffs rely on Rule 26(e) which provides:

> **(1) *In General.*** A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
>
> **(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> **(B)** as ordered by the court.

Fed. R. Civ. P. 26(e)(1). Plaintiffs argue that Google's document production is incomplete because Mr. Berntson and Mr. Belov are likely the custodians of additional documents that were created since Google completed its production a year ago. Dkt. No. 463 at 2. Indeed, plaintiffs argue they would be "within their rights" to demand a supplemental production for all custodians, not just these two. *Id.*

Google does not dispute that the duty to supplement under Rule 26(e) applies to its document production. However, it argues that the mere existence of relevant or responsive documents created after the date of a party's otherwise timely production does not render that

2

production "incomplete" within the meaning of the rule. *Id.* at 4.  Google argues that plaintiffs must show that new information has made its existing document production materially incomplete or inaccurate, or that there is a specific need for supplementation. *Id.* at 5.

A party's duty to supplement its document production is triggered when the party learns that its production is incomplete or incorrect in some material respect. Plaintiffs essentially argue that for Mr. Berntson and Mr. Belov, Google's production has become incomplete because, given their roles with respect to RTB, they *must* have additional documents that are responsive to plaintiffs' document requests. The authority on which plaintiffs rely does not support such a broad rationale for requiring supplementation. In *Reinsdorf v. Skechers U.S.A., Inc.*, No. CV 10-7181 DDP (SSX), 2013 WL 12116416 (C.D. Cal. Sept. 9, 2013), the plaintiff served document requests asking for the production of recall notices and related documents. The defendant produced no responsive documents during the course of discovery because no such notices had been issued. However, the defendant's duty to supplement its production in response to the earlier document requests was triggered once it issued a recall notice, even though discovery had then closed. In other words, the change in circumstances made the defendant's earlier response (i.e., no recall notices had issued so none could be produced) materially incorrect and incomplete. *Reinsdorf,* 2013 WL 12116416, at *11. The court did not conclude that the defendants were required to supplement their production merely because additional responsive documents may exist due to the passage of time. Similarly, in *Switch Communications Group v. Ballard*, No. 2:11-CV-00285-KJD, 2012 WL 2342929 (D. Nev. June 19, 2012), the court required the defendant to produce documents generated since its earlier discovery responses but only "to the extent they materially affect the completeness or correctness of the previous responses," such as documents reflecting subsequent efforts to build a facility that utilized the plaintiff's alleged trade secrets. *Switch Commc'ns Grp.*, 2012 WL 2342929, at *7.

Plaintiffs are correct that Google has an *affirmative* duty to supplement its discovery responses, including its document production, under Rule 26(e). Moreover, as many courts have held, that duty extends past the close of discovery or interim deadlines for document production. *See, e.g., Spears v. First Am. eAppraiseIT*, No. 5: 08-cv-00868 RMW (HRL), 2014 WL 11369808,

3

1  at *2 (N.D. Cal. June 17, 2014) (citing *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 73-80 (W.D.N.Y. 2011). However, Google's duty is triggered only if its prior production is materially incomplete or incorrect. The fact that responsive documents similar to those previously produced by a custodian have continued to accumulate in that custodian's files during the course of litigation does not automatically render the prior production materially incomplete or incorrect. "[N]othing in [Rule 26(e)(1)] imposes a never ending obligation to produce documents continuously as they are created." *Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, No. C06-3359 JF (RS), 2008 WL 4786671, at *2 (N.D. Cal. Oct. 29, 2008) (rejecting the contention that relevance alone triggers the duty to supplement).

Here, plaintiffs do not identify anything that might trigger Google's duty to supplement, apart from likely relevance and the passage of time. Equally important, plaintiffs do not identify a single document request against which the Court might test an argument that Google's prior responsive production is now materially inaccurate or complete. And while Google's affirmative duty to supplement is independent of any showing plaintiffs may make, nothing in the parties' joint submission suggests that there has been some new development or change in Google's RTB design and operation since Google's prior production that supports plaintiffs' present demand for a supplemental production of specific documents from Mr. Berntson and Mr. Belov, let alone all responsive documents from these two custodians.

### B. Further Deposition of Mr. Belov

According to the parties' joint submission, plaintiffs have already deposed Mr. Belov for a full day of nearly seven hours. Plaintiffs say that Mr. Belov is "the most central figure in the case concerning the design and operation of RTB over a seven-year period," and that he "has authored or is the custodian of hundreds if not thousands of documents critical to explaining how RTB works and how it has changed over the years." Dkt. No. 463 at 3. Plaintiffs explain that they did not have enough time to cover all of the matters they wished to cover with Mr. Belov. *Id.* Plaintiffs also suggest that they were not able to question Mr. Belov efficiently at his earlier deposition because he was difficult and defense counsel made excessive and improper objections. *Id.*

4

"Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1).[1]  Absent a stipulation, "[t]he party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." Fed. R. Civ. P. 30, Advisory Committee Notes to 2000 amendment, subdivision (d).

Google argues that plaintiffs have not shown good cause for a further deposition of Mr. Belov. It says that plaintiffs chose to prioritize other matters during Mr. Belov's first deposition and should not be permitted to depose him a second time "simply because they want to revisit their strategic decisions on the subjects they chose to cover with Mr. Belov." Dkt. No. 463 at 6. For example, Google says that plaintiffs questioned Mr. Belov for more than an hour about matters of marginal relevance (his performance evaluations) or outside the scope of his knowledge (whether Google had produced certain hyperlinked documents in discovery). *Id.* at 5, 6. Google observes that the mere fact that complex litigation such as this involves the production of thousands of documents for an individual custodian is not, by itself, sufficient justification for further deposition. *Id.* at 6.

Plaintiffs do not respond to these observations. Nor do they provide support for their characterization of Mr. Belov as a "difficult" witness. While the fact that defense counsel objected more than 350 times during a single deposition is certainly concerning, it is impossible for the Court to fault Google for that without any information about the questions to which the objections were made. But the real problem with plaintiffs' request for a further deposition of Mr. Belov is the lack of any specific justification for additional time. Apart from noting Mr. Belov's role at Google and the volume of documents associated with him, plaintiffs say nothing about the

---

[1] Rule 26(b)(1) permits discovery of nonprivileged matters that are relevant to a party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P 26(b)(1). Rule 26(b)(2) requires the Court to limit discovery that is unreasonably cumulative or duplicative, or that the party seeking discovery has had ample opportunity to obtain, or that is outside the scope of permissible discovery described in Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2).

information they seek now but were not able to obtain during Mr. Belov's deposition, or why that information is "critical" to their case. By contrast, in *Rubalcava v. City of San Jose*, No. 20-cv-04191 BLF (VKD), 2022 WL 17551989 (N.D. Cal. Dec. 9, 2022), the plaintiff identified the specific topics he was unable to explore in sufficient detail, explained why those matters were relevant to the dispute, and identified deposition-specific reasons the seven hours allotted for the initial deposition were insufficient. *See Rubalcava*, 2022 WL 17551989, at *2 & n.2.

Here, plaintiffs have not made a sufficient showing of good cause for a further deposition of Mr. Belov.

### III.  CONCLUSION

For the reasons explained above, the Court denies plaintiffs' present demand for a supplemental production of documents from Mr. Berntson and Mr. Belov and for a further deposition of Mr. Belov.

**IT IS SO ORDERED.**

Dated: April 21, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge