Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* | **CASE NO. 4:21-CV-02155-YGR** |
| *This document applies to all actions.* | **DECLARATION OF ELIZABETH C. PRITZKER IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO REVISE CASE SCHEDULE** |

I, Elizabeth C. Pritzker, declare and state as follows:

1. I am an attorney duly admitted to practice before this Court and a partner of Pritzker Levine LLP, one of law firms representing plaintiffs in this matter. On August 3, 2021, I was appointed to serve as Interim Class Counsel for plaintiffs. ECF No. 77. I submit this declaration in support of plaintiffs' administrative motion under Civil Local Rules 6-3 and 7-11, and this Court's inherent authority, to extend the pretrial case schedule in this matter by approximately seven weeks. I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

2. Discovery pertaining to the named plaintiffs is crucial for the upcoming class certification motion and was included in the very first set of document requests served by plaintiffs back in May 2021. This basic information about the named plaintiffs was intended to be a roadmap for discovery in the case and a significant basis for the class certification motion.

3. As the Court is aware from the docket and the two prior motions to revise the case schedule (ECF Nos. 178, 373), obtaining this discovery from Google has been a slow and arduous process, involving dozens of meet and confers, countless letters and emails exchanged by counsel, and numerous discovery motions.

4. On July 29, 2022, plaintiffs moved to compel Google to produce various categories of named plaintiff data, which Google opposed. *See* ECF No. 269. On August 26, 2022, the Court granted the motion to compel in part and ordered Google to produce certain categories of data relating to the named plaintiffs. *See* ECF No. 314. With respect to some of what was requested, the Court ordered the parties to continue their meet and confer efforts. *Id*.

5. Google's production of named plaintiff data in response to the Court's August 26, 2022 discovery order took several months, but was still incomplete, which necessitated another motion to compel by plaintiffs that was filed on November 21, 2022. *See* ECF No. 365. Google opposed again. *Id*. On December 16, 2022, the Court granted the second motion to compel in part, agreeing that Google had failed to comply with the August 26, 2022 discovery order with respect to certain categories of named plaintiff data. *See* ECF No. 382. The Court specifically ordered Google to complete its production of the missing named plaintiff data by January 31, 2023. *Id*.

6. Google made no production on January 31, 2023, as ordered, and when it finally made a production on February 9, 2023, the production remained incomplete in material respects, including missing data for most of the class period and missing key identifiers linking the data to the named plaintiffs. *See* ECF No. 431 at 4-5.

7. On February 28, 2023, plaintiffs filed a motion for contempt and sanctions based on Google's failure to comply with the Court's August 26, 2022 and December 16, 2022 discovery orders. *See* ECF No. 431. That motion also sought to compel Google to make a complete production of the missing named plaintiff data. *Id.*

8. During this same time period, plaintiffs and Google were completing discussions on other named plaintiff data that the Court had previously ordered the parties to confer about further in the August 26, 2022 discovery order. This resulted in three additional discovery motions filed in late February and early March 2023, seeking to compel Google to produce additional bid request and bid response fields pertaining to the named plaintiffs and to produce all named plaintiff data for additional sample weeks during the class period. *See* ECF Nos. 429, 430, 434.

9. On April 14, 2023, the Court issued its orders on the four pending motions seeking additional named plaintiff data. *See* ECF Nos. 481, 483, 485, 487. The Court ordered Google to produce a number of additional bid request and bid response fields, to produce crucial additional account identifier fields, and to produce named plaintiff data for six additional weeks during the class period, doubling the sampling period from what Google has produced to date. Google was ordered to use its best efforts to complete most, but not all, of this production by April 28, 2023.

10. On April 25, 2023, Google informed plaintiffs that while it would produce some of the new named plaintiff data by April 28, 2023, it would need until May 26, 2023 to make a full and complete production responsive to all four of the Court's discovery orders.

11. Because this means that Google will not complete its production of named plaintiff data until after the current May 23 class certification deadline, the parties have conferred and agree that the current case schedule needs to be revised to allow Google sufficient time to search for and produce all of the named plaintiff data that is the subject of the four discovery orders, and then allow plaintiffs and their experts sufficient time to analyze the newly-produced data and incorporate it into

1  plaintiffs' class certification briefing.

2    12. The parties have conferred and agree on the new pretrial case schedule set forth in paragraph 13 below. Notwithstanding this agreement, plaintiffs are unable to proceed by stipulation because Google has demanded that plaintiffs agree to limitations on what discovery can be used in connection with the class certification motion as a condition of entering into a stipulation on the case schedule. Plaintiffs rejected this demand, which has no factual or legal basis.

  13. The existing and proposed new pretrial case schedule are as follows:

| EVENT | OLD CASE SCHEDULE | NEW CASE SCHEDULE |
|---|---|---|
| Class Certification Motion | Motion: May 23, 2023<br>Opposition: July 25, 2023<br>Reply: September 5, 2023<br>Hearing: To be reset later | June 30, 2023<br>September 1, 2023<br>October 20, 2023<br>To be reset later |
| Fact Discovery Cut-Off | November 10, 2023 | December 15, 2023 |
| Opening Expert Reports | December 8, 2023 | January 12, 2024 |
| Rebuttal Expert Reports | January 12, 2024 | February 16, 2024 |
| Close of Expert Discovery | February 9, 2023 | March 15, 2024 |
| Dispositive/Daubert Motions | To be filed by March 12, 2024 | To be filed by April 19, 2024 |
| Pretrial conference | TBD | TBD |
| Jury Trial | TBD | TBD |

  I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct to the best of my knowledge. This declaration was executed in Emeryville, California.

DATED: April 26, 2023        By: _/s/ Elizabeth C. Pritzker_
                  Elizabeth C. Pritzker