UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR   (VKD)<br><br>**ORDER RE APRIL 3, 2023 DISCOVERY DISPUTE**<br><br>**(REDACTED)**<br><br>Re: Dkt. No. 473 |

Plaintiffs and defendant Google LLC ("Google") ask the Court to resolve their dispute concerning plaintiffs' demand that Google produce information about and exemplars of several internal "dashboards" related to RTB, and that Google produce information about an internal source code search tool and a summary of all source code changes Google has made to bid request and bid response fields in RTB during the class period. The Court deems this matter suitable for resolution without oral argument. Civil L.R. 7-1(b).

For the reasons explained below, the Court denies plaintiffs' request for relief, and orders further proceedings.

**I.     BACKGROUND**

Citing the deposition testimony of three Google witnesses, plaintiffs say that they recently learned that Google has internal "dashboards" that permit Google to locate, track, gather, and present information on different aspects of RTB auctions, including: ▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉  Dkt. No. 473 at 1, 2. In addition, plaintiffs say that they learned from depositions of

Google's witnesses Mr. Berntson and Mr. Belov that changes to RTB bid request and bid response fields are documented in Google's source code, that the source code can be searched using an internal tool, and that Google can generate a summary of all changes made to RTB bid request and bid response fields. *Id.* at 3.

Plaintiffs say that the dashboards contain "relevant and discoverable information that has not been adequately covered by Google's production to-date." *Id.* at 2. They also say that the source code-related evidence "bears directly on common practices and is probative of Google's knowledge of improper practices." *Id.* at 4. In a footnote, plaintiffs contend that these materials are responsive to their RFP 22(q)(ii)-(iv).[1] *Id.* at 2 n.4.

Google responds that plaintiffs have identified no document requests that would require production of the contents of its internal dashboards or its source code, and that these materials are beyond the scope of the non-custodial sources of ESI that Google was ordered to search. *Id.* at 4. Google also argues that the broad scope of production that plaintiffs now demand is inconsistent with this Court's orders denying plaintiffs' prior requests for discovery of the location and manner in which Google stores bid request information, the technical details of Google's RTB-related systems, and non-RTB products and services. *Id.* As to specific dashboards, Google argues that the information plaintiffs seek is duplicative of information Google has already produced from other sources. *Id.* at 5-6. Finally, Google objects that plaintiffs' demand for production of source code is overbroad and unduly burdensome. *Id.* at 7.

## II.   DISCUSSION

Once again, the Court is confronted with a discovery dispute that it cannot fully resolve because the parties have not complied with the Court's discovery dispute resolution procedures. While plaintiffs suggest via a footnote that the dashboard and source code discovery they seek is responsive to RFP 22(q)(ii)-(iv), they do nothing to meaningfully link that request with their

---

[1] The parties did not attach this document request to their joint submission, as the Standing Order requires. However, this document request is reproduced in the Court's prior order at Dkt. No. 352. *See* Dkt. No. 352 at 3-4. Plaintiffs also include a "see also" cite to Dkt. No. 326 "re. RFPs 99, 100." Dkt. No. 473 at 2 n.4. The Court has reviewed the order at Dkt. No. 326; it does not address plaintiffs' RFPs 99 and 100.

2

present demands. RFP 22(q)(ii)-(iv) asks for documents showing what information the winning bidder receives from Google and conveys to Google by means of an RTB auction, and how Google receives payment. *See* Dkt. No. 352 at 3-4. This RFP does not appear to encompass the much more comprehensive information plaintiffs demand here. As the Court has repeatedly reminded plaintiffs, the Court cannot decide discovery disputes based on conclusory assertions that the information is "relevant"; rather, the Court expects plaintiffs to identify the discovery request at issue and to explain why the discovery they seek is responsive to that request, relevant to a claim or defense, and proportional to the needs of the case. *See, e.g.,* Dkt. No. 231 at 4, 5, 6, 8, 11, 13-14; Dkt. No. 287 at 1-2; Dkt. No. 313 at 3; Dkt. No. 314 at 2-3; Dkt. No. 491 at 4, 5-6. Plaintiffs have not done that here, and the Court will not do this work for them.

In addition, the parties appear to have filed their joint discovery dispute submission without engaging in the substantive discussions the Court expects in advance of seeking relief. For example, plaintiffs contend that, irrespective of any particular discovery request, Google's internal dashboards are a relevant source of ESI and should have been included in the non-custodial data sources Google was required to disclose and search. Dkt. No. 473 at 2-3. Google responds that it disclosed its non-custodial data sources over a year ago and the Court resolved the parties' dispute about those sources. *Id.* at 4. The parties appear to agree that Google has refused to engage in substantive discussions with plaintiffs about what information is available from these dashboards. The problem with Google's approach to this issue is that it is not at all clear from the joint submission, or the briefing leading up to the Court's prior order regarding non-custodial ESI sources, that Google ever disclosed the existence of the dashboard information to plaintiffs as a *possible* source of relevant ESI. *See id.* at 4; Dkt. No. 188 at 4.

Finally, as the Court noted in its April 25, 2022 order, Google agreed to produce documents "sufficient to show" the information sought in RFP 22(q)(ii)-(iv). *See* Dkt. No. 184 at 6. In that same order, the Court stated: "If Google maintains a record of account holder information shared with third parties through the RTB process, it must produce documents sufficient to show what information is shared and how it tracks what information is shared." *Id.* Although plaintiffs say that the information from Google's dashboards "has not been adequately

3

1  covered by Google's production to-date," Dkt. No. 473 at 2, this conclusory statement is not
2  further explained. Plaintiffs do not directly address Google's argument that it has already
3  produced documents "sufficient to show" information responsive to RFP 22(q)(ii)-(iv); rather,
4  they principally argue that the dashboard and source code materials are relevant and easy for
5  Google to produce, so they should be ordered to produce them. Dkt. No. 473 at 1-2, 4. That
6  argument is not persuasive unless plaintiffs can show Google has not already produced documents
7  sufficient to show the information it was required to provide.

       The Court orders the parties to confer further about the following matters:

1. With respect to the information plaintiffs believe is available via Google's internal dashboards, plaintiffs must identify for Google the specific discovery requests (or court orders) that support plaintiffs' demand for production. Plaintiffs must also explain why they believe the information Google has provided so far is not sufficient. Google should consider whether the internal dashboards contain information that plaintiffs contend is missing from Google's current production, and if it believes the information plaintiffs seek is not available from a dashboard or has already been produced from some other source, Google must explain why this is so, and not just refuse to discuss the matter.

2. With respect to the source code information, plaintiffs must identify for Google the specific discovery requests (or court orders) that support plaintiffs' demand for production of information showing changes to RTB-related source code. Plaintiff must also explain why they believe the information Google has already provided is not sufficient to show which fields were included in bid requests during the class period, including when certain fields were deprecated. Google should consider whether its source code contains information that plaintiffs contend is missing from Google's current production, and if it believes the information plaintiffs seek cannot be easily extracted from Google's source code repository or has already been produced from some other source, Google must explain why this is so, and not just refuse to discuss the matter.

3. With respect to the internal dashboards, if Google contends that some or all of the internal dashboards are among the non-custodial ESI sources Google identified in Dkt. No. 157-3, it must so advise plaintiffs and identify which dashboard materials were already searched for responsive ESI.  If Google believes that the internal dashboards are not sources of potentially responsive ESI, it must explain why this is so.

4. The parties must complete their further discussion of the dashboard and source code discovery by **May 5, 2023**.  If they still have disputes about these matters, they should file another discovery dispute submission by **May 10, 2023**, unless they agree to extend that deadline.  The Court expects the parties to include in the joint submission the following information:  Plaintiffs must identify the discovery requests at issue (or court order), and explain why the discovery they seek is responsive to that request, relevant to a claim or defense, and proportional to the needs of the case, assuming those matters are in dispute. Google must explain why the discovery is not responsive to a request (or court order), not relevant to a claim or defense, or not proportional to the needs of the case, again, assuming those matters are in dispute.

**IT IS SO ORDERED.**

Dated: April 28, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge