Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
Caroline Corbitt (Cal Bar No. 305492)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*
*ccc@pritzkerlevine.com*

*Interim Class Counsel*

[Additional Counsel Appear on Signature Page]

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* | **CASE NO. 4:21-CV-02155-YGR-VKD** |
| *This document applies to all actions.* | **PLAINTIFFS' MOTION FOR RELIEF FROM APRIL 14, 2023 NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 481)**<br><br>**Fed. R. Civ. P. 72(a)**<br>**Civil L.R. 72-2** |

## I. RELIEF REQUESTED

Pursuant to Fed. Rule Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A), and Civil L.R. 72-2, plaintiffs move for partial relief from the non-dispositive order issued by Magistrate Judge DeMarchi on April 14, 2023 at Dkt. 481 ("Order"). Specifically, plaintiffs seek relief from the portion of the Order denying plaintiffs' motion to compel Google to produce named plaintiff data from three bid response data fields logged by Google as part of its Google RTB auction: ad.skadn.itunesitem, ad.skadn.sourceapp, and ad.advertised_app_id. There is ***no dispute*** that these fields relate to the named plaintiffs and were in fact transacted in the Google RTB auction. Nonetheless, as set forth below, the portion of the Order denying their production includes opinions that are clearly erroneous and contrary to law, ignores key contentions in dispute in this case, and is prejudicial to plaintiffs because it prevents discovery on issues directly relevant to class certification and the merits. Plaintiffs respectfully request that the erroneous opinions within this section of the Order be stricken, and that the Court compel Google to produce the relevant materials or remand to Judge DeMarchi with curative instructions.

## II. STANDARD OF REVIEW

"The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). On review of a nondispositive order, "the magistrate's factual determinations are reviewed for clear error," and the district court may set aside those factual determinations if it is left with a "definite and firm conviction that a mistake has been committed." *In re PFA Ins. Mktg. Litig.*, No. 4:18-CV-03771-YGR, 2021 WL 5991681, at *1 (N.D. Cal. Nov. 4, 2021) (quoting *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010)). A magistrate's legal conclusions are reviewed de novo to determine whether they are contrary to law. *Perry*, 268 F.R.D. at 348. A decision is contrary to law if it applies an incorrect legal standard or fails to consider an element of the applicable standard. *Hubbs v. Big Lots Stores, Inc.*, LA CV15-01601 JAK (ASx), 2019 WL 12536541, at *1 (C.D. Cal. July 1, 2019) (internal quotation omitted). "When the court reviews the magistrate's determination of relevance in a discovery order, the

Court must review the magistrate's order with an eye toward the broad standard of relevance in the discovery context." *Id.* (quoting *Perry*, 268 F.R.D. at 348).

**III.     RELEVANT BACKGROUND**

On February 28 and March 1, 2023, plaintiffs moved to compel Google with respect to the production of multiple categories of named plaintiff data through three joint discovery dispute briefs submitted to Judge DeMarchi. *See* Dkts. 429, 430, 434. At issue here is plaintiffs' motion that Google be ordered to produce eleven Google RTB "bid response" fields. *See* Dkt. 428-2 (under seal), 429 (public filing). Bid responses constitute information contained in RTB participants' responses to Google's requests for RTB bids, and reflect information shared between Google and RTB bid participants about the named plaintiffs.

The Order directs Google to produce winning and non-winning bid response fields for the named plaintiffs for eight of the eleven fields at issue. Order at 8. In the Order, Judge DeMarchi finds that plaintiffs' request for bid responses falls within the scope of a prior order (*see* Order at 2-3), which directed Google as follows:

> The Court expects Google to produce documents sufficient to show, for each named plaintiff, what information specific to that plaintiff was shared with an RTB participant and the details of such sharing. If Google discloses information that allows an RTB *participant* to identify and account holder based on information the participant may have about that account holder, Google must produce records showing the disclosure of that information as well.
>
> . . .
>
> Plaintiffs argue that "Google provides RTB participants, via cookie-matching, with a key to identify exactly who certain account holders are, and cookie-matching can enable participants to link a user's personal information obtained from the RTB auction process with its own data about that user." . . . Plaintiffs demand that Google produce "data revealing cookie-matching about the [named plaintiffs]." . . . [I]f there is such data, the Court is persuaded it is relevant to plaintiffs' claims and should be produced.

Aug. 26, 2022 Order (Dkt. 314) at 4-5, 8 (emphasis in original).

The Order on bid response fields also notes that "[i]t is certainly possible that information contained in a bid response data field may reveal, for example, whether an RTB participant has information that allows it to identify an account holder based on information that the participant receives from Google." Order at 3. The Order also recognizes that "one of the document requests

at issue in the dispute that [Aug. 26, 2022] order resolves does ask for '[a]ll bid responses associated with each [a]ccount [h]older.' " *Id.* (citing Dkt. 269-1 at 7 (RFP No. 41)).

Plaintiffs seek relief from the portion of the Order denying plaintiffs' motion to compel Google to produce named plaintiff data from the ad.skadn.itunesitem, ad.skadn.sourceapp, and ad.advertised_app_id bid response fields. *See* Order at 6. In denying plaintiffs' motion for these particular fields, the Order concludes:

> According to plaintiffs, each of these data fields contain an Apple app store ID for an advertiser or publisher, or indicates whether an "ad query" came from a mobile app. Dkt. No. 429 at 3. Plaintiffs do not explain how this information is relevant to a claim or defense. None of these data fields is within the scope of the Court's August 26, 2022 order.

*Id.* Both bases of the Order are clearly erroneous and contrary to law in light of the record.

## IV. ARGUMENT

Plaintiffs move for relief from the Order's failure to compel Google to produce the ad.skadn.itunesitem, ad.skadn.sourceapp, and ad.advertised_app_id bid response fields on the basis that the Order makes an erroneous legal and/or factual determination that plaintiffs have not explained how the information is relevant to a claim or defense. *See* Order at 6. The Order also errs in concluding that plaintiffs have to demonstrate, but have not shown, that the three fields are within the scope of the Court's August 26, 2022 order. *See id.* The record belies both conclusions.

In their brief, plaintiffs explained the relevance of the three fields at issue to the allegations in the case within the limited constraints of the 1,500 words permitted by the joint letter brief process.[1] As argued below, ad.skadn.itunesitem contains the ID of the advertiser's app in Apple's app store; ad.skadn.sourceapp contains the ID of the publisher's app in Apple's app store; and ad.advertised_app_id contains the mobile app identifier when the ad query comes from a mobile app. Dkt. 428-2 at 3. All three fields thus contain admissible evidence of the ads targeted at plaintiffs, which may show whether plaintiffs were targeted with sensitive ads because of Google selling and sharing their personal information. Specifically, advertiser and publisher IDs provide context concerning the advertisers that targeted plaintiffs with their personal information, and

---

[1] The joint letter brief process also precludes submission of any evidence or other submissions, such as declarations or exhibits.

detail how RTB participants linked plaintiffs to interests and categories. *Id.* In sum, as plaintiffs explained, the fields, like the other eight bid response fields that the Order directs Google to produce, are relevant to plaintiffs' claims—all reflect information about ads shown to plaintiffs. *Id.* at 1.

Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. It is relevant—indeed, essential—to plaintiffs' preparation for class certification and trial that they receive information pertaining to third parties' knowledge of where a mobile advertisement targeting named plaintiffs was placed (the publisher), as well as the identity of the advertiser who sought to place the ad—all information shown by the fields at issue. In the parties' briefing, Google did not (and cannot) credibly refute the relevance of advertising information. *See* Dkt. 428-2 at 6. As to publisher information, Google argued that it had already produced other information on the apps of publishers, but did not argue—let alone demonstrate—that this information was the same or as directly relevant to plaintiffs' claims as that shown in the ad.skadn.sourceapp field. *Id.* Nor did Google argue that it would be unduly burdensome to produce the ad.skadn.sourceapp field—or, for that matter, the two other at issues fields. *Id.* Accordingly, the Order errs in finding that plaintiffs have not explained the relevance of the ad.skadn.itunesitem, ad.skadn.sourceapp, and ad.advertised_app_id fields. Plaintiffs plainly did make specific informed relevancy arguments in their brief, and thus satisfied the relevancy standards of Rule 401.

The Order further errs in concluding that plaintiffs have to demonstrate that the three fields fall within the scope of the August 26, 2022 order, and in finding that plaintiffs have not satisfied this criterion. *See* Order at 6. But these erroneous conclusions are contradicted by the record. First, as recognized by the Order, bid response data *does* fall within the scope of the August 26, 2022 order, because it is relevant to any information that an RTB participant has that allows it to identify an account holder based on information received by Google. *See* Order at 3. Second, requiring that plaintiffs show that all bid response fields were encompassed by the August 26, 2022 order disregards the Order's separate recognition that plaintiffs' RFP No. 41 ***specifically directed*** Google to produce "[a]ll bid responses associated with each [a]ccount [h]older." *See id.* Plaintiffs were

not moving for reconsideration of the August 26, 2022 order. They invoked the August 26, 2022 order as a reason why Google should be ordered to produce bid response fields. But, plaintiffs' RFP No. 41 – which itself is addressed in the August 26, 2022 order – serves as an independent basis to compel Google's production of these highly relevant at issue fields.

Under the facts here, the Order is contrary to law in misapplying the relevancy standard of the Federal Rules and should therefore be overturned. *See Perry*, 268 F.R.D. at 348. The Order's relevancy determination should also be overturned as clearly erroneous. *See Hubbs*, 2019 WL 12536541, at *8 (magistrate's rejection of plaintiff's viable theory of relevance both clearly erroneous and contrary to law). If the Court finds the issues at stake to be mixed questions of law and fact, the Court should vacate the Order's erroneous findings under de novo review. *Ingram v. Pac. Gas & Elec. Co.*, Case No. 12-cv-02777-JST, 2013 WL 6174487, at *2 (N.D. Cal. Nov. 22, 2013). *See also Global Plasma Solutions, Inc. v. IEE Indoor Environmental Eng'g*, No. 21-cv-02884-JSW, 2022 WL 16773475, at *1-2 (N.D. Cal. June 16, 2022) (overruling magistrate's discovery ruling on mixed question of law and fact).

Finally, the Order clearly errs in concluding that plaintiffs have to demonstrate, but have not shown, that the at issue bid response fields are within the scope of the August 26, 2022 order. That order and the full record of this dispute show otherwise, offering no support for this clearly erroneous and prejudicial result. *See PFA Ins.*, 2021 WL 5991681, at *1.

## V. CONCLUSION

Plaintiffs will be substantially prejudiced in their ability to prosecute this case if the challenged portions of the Order stand. The discovery at issue concerns a limited data set of Google RTB bid responses that is essential to plaintiffs' preparation for class certification and trial—data that Google can readily provide without undue burden if ordered to do so. Plaintiffs respectfully request that the Court vacate the erroneous rulings in the Order and direct Google to produce the three data fields at issue promptly. A proposed order is submitted herewith.

DATED: April 28, 2023                                         Respectfully submitted,

**PRITZKER LEVINE LLP**

By: */s/ Elizabeth C. Pritzker*

Elizabeth C. Pritzker (Cal. Bar No.146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
Caroline Corbitt (Cal Bar No. 305492)
1900 Powell Street, Ste. 450
Oakland, CA 94602
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
bc@pritzkerlevine.com
ccc@pritzkerlevine.com

*Interim Class Counsel*

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Anne K. Davis (Cal. Bar No. 267909)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Jenny Paulson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
jpaulson@simmonsfirm.com

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel: (646) 993-1000
Fax: (212) 213-5949
dstraite@dicellolevitt.com

James Ulwick (admitted pro hac vice)
Ten North Dearborn Street, Sixth Floor

Chicago, IL 60602
Tel.: (312) 214-7900
julwick@dicellolevitt.com

**COTCHETT PITRE & MCCARTHY, LLP**
Nanci E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal Bar. No. 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road
Burlingame, CA 94010
Tel.: (650) 697-6000
nnishimura@cpmlegal.com
bdanitz@cpmlegal.com
kswope@cpmlegal.com

**BOTTINI & BOTTINI INC.**
Francis A. Bottini, Jr. (Cal. Bar No. 175783)
Yury A. Kolesnikov (Cal. Bar No. 271173)
7817 Ivanhoe Ave., Ste. 102
LA Jolla, CA 92037
Tel.: (848) 914-2001
fbottini@bottinilaw.com
ykolesnikov@bottinilaw.com

*Counsel for Plaintiffs and the Proposed Class*