# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* <br><br> *This document applies to all actions.* | **CASE NO. 4:21-CV-02155-YGR-VKD** <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR RELIEF FROM APRIL 14, 2023 NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 481)** <br><br> **Fed. R. Civ. P. 72(a)** <br> **Civil L.R. 72-2** |

| | |
|---|---|
| 1 | Currently pending before the Court is plaintiffs' motion pursuant to Fed. Rule Civ. P. |
| 2 | 72(a), 28 U.S.C. § 636(b)(1)(A), and Civil L.R. 72-2 for partial relief from the non-dispositive |
| 3 | order issued by Magistrate Judge DeMarchi on April 14, 2023 at Dkt. 481 ("Order"). Having |
| 4 | considered the motion, the relief requested by that motion, and the briefing submitted in |
| 5 | conjunction therewith, as well as all other evidence of record, the Court hereby GRANTS |
| 6 | plaintiffs' motion. |

**I.      BACKGROUND**

This putative class action alleges defendant Google violated plaintiffs' privacy rights and federal and state laws when Google shared plaintiffs' personal information and communications with third parties through Google's Real Time Bidding ("RTB") system.

Plaintiffs allege that Google promises Google Account Holders: "We [at Google] don't share information that personally identifies you with advertisers" and "never use…sensitive information like race, religion or sexual orientation, to personalize ads[.]" According to plaintiffs, Google routinely breaks these promises. Plaintiffs allege that through its RTB advertising scheme, Google collects and stores personal information about class members; associates that information with class members' races, religions, and sexual orientations; and then shares that information with third parties, including advertisers that seek to target class members with personalized advertising. *See* Consolidated Class Action Complaint ("CCAC") (Dkt. 94) at ¶¶ 1-30, 96, 98, 100, 120, 125, 134.

On February 28 and March 1, 2023, plaintiffs moved to compel Google to produce multiple categories of named plaintiff data through three joint discovery dispute briefs submitted to Judge DeMarchi. *See* Dkts. 429, 430, 434. At issue here is plaintiffs' motion to compel Google to produce 11 "bid response" fields. *See* Dkt. 428-2 (under seal), 429 (public filing). Bid responses constitute information contained in RTB participants' responses to Google's requests for RTB bids, and reflect information shared between Google and RTB bid participants about the named plaintiffs.

The Order directs Google to produce winning and non-winning bid response fields for eight of the 11 fields at issue. Order at 8. In the Order, Judge DeMarchi finds that plaintiffs' request for bid responses falls within the scope of a prior order (*see* Order at 2-3), which directed Google as

follows:

> The Court expects Google to produce documents sufficient to show, for each named plaintiff, what information specific to that plaintiff was shared with an RTB participant and the details of such sharing. If Google discloses information that allows an RTB *participant* to identify and account holder based on information the participant may have about that account holder, Google must produce records showing the disclosure of that information as well.
>
> . . .
>
> Plaintiffs argue that "Google provides RTB participants, via cookie-matching, with a key to identify exactly who certain account holders are, and cookie-matching can enable participants to link a user's personal information obtained from the RTB auction process with its own data about that user." . . . Plaintiffs demand that Google produce "data revealing cookie-matching about the [named plaintiffs]." . . . [I]f there is such data, the Court is persuaded it is relevant to plaintiffs' claims and should be produced.

Aug. 26, 2022 Order (Dkt. 314) at 4-5, 8 (emphasis in original).

The Order on bid response fields notes that "[i]t is certainly possible that information contained in a bid response data field may reveal, for example, whether an RTB participant has information that allows it to identify an account holder based on information that the participant receives from Google." Order at 3. The Order also recognizes that "one of the document requests at issue in the dispute that [Aug. 26, 2022] order resolves does ask for '[a]ll bid responses associated with each [a]ccount [h]older." *Id.* (citing Dkt. 691-1 at 7 (RFP No. 41)).

Plaintiffs seek relief from the portion of the Order denying plaintiffs' motion to compel Google to produce named plaintiff data from the ad.skadn.itunesitem, ad.skadn.sourceapp, and ad.advertised_app_id bid response fields. *See* Order at 6. In denying plaintiffs' motion for these particular fields, the Order finds:

> According to plaintiffs, each of these data fields contain an Apple app store ID for an advertiser or publisher, or indicates whether an "ad query" came from a mobile app. Dkt. No. 429 at 3. Plaintiffs do not explain how this information is relevant to a claim or defense. None of these data fields is within the scope of the Court's August 26, 2022 order."

Order at 6.

**II.     DISCUSSION**

    **A.     Legal Standard**

2     Case No. 4:21-cv-02155-YGR-VKD
[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE

| | |
|---|---|
| 1 | "The district judge in the case must consider timely objections and modify or set aside any |
| 2 | part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 |
| 3 | U.S.C. § 636(b)(1)(A). On review of a nondispositive order, "the magistrate's factual |
| 4 | determinations are reviewed for clear error," and the district court may set aside those factual |
| 5 | determinations if it is left with a "definite and firm conviction that a mistake has been committed." |
| 6 | *In re PFA Ins. Mktg. Litig.*, No. 4:18-CV-03771-YGR, 2021 WL 5991681, at *1 (N.D. Cal. Nov. |
| 7 | 4, 2021) (quoting *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010)). A magistrate's |
| 8 | legal conclusions are reviewed de novo to determine whether they are contrary to law. *Perry*, 268 |
| 9 | F.R.D. at 348. A decision is contrary to law if it applies an incorrect legal standard or fails to |
| 10 | consider an element of the applicable standard. *Hubbs v. Big Lots Stores, Inc.*, LA CV15-01601 |
| 11 | JAK (ASx), 2019 WL 12536541, at *1 (C.D. Cal. July 1, 2019) (internal quotation omitted). |
| 12 | "When the court reviews the magistrate's determination of relevance in a discovery order, the |
| 13 | Court must review the magistrate's order with an eye toward the broad standard of relevance in |
| 14 | the discovery context." *Id.* (quoting *Perry*, 268 F.R.D. at 348). |

**B.  Analysis**

Plaintiffs challenge the Order's failure to compel Google to produce the ad.skadn.itunesitem, ad.skadn.sourceapp, and ad.advertised_app_id bid response fields. Plaintiffs argue that the Order makes an erroneous legal and/or factual determination that plaintiffs have not explained how the information is relevant to a claim or defense. *See* Order at 6. Plaintiffs also argue that the Order errs in concluding that plaintiffs have to demonstrate, but have not shown, that the three fields are within the scope of the Court's August 26, 2022 order. *See id.*

The Court finds that plaintiffs sufficiently explain the relevance of each of the three fields at issue. ad.skadn.itunesitem contains the ID of the advertiser's app in Apple's app store; ad.skadn.sourceapp contains the ID of the publisher's app in Apple's app store; and ad.advertised_app_id contains the mobile app identifier when the ad query comes from a mobile app. Dkt. 428-2 at 3. All three fields contain admissible evidence of the ads targeted at plaintiffs, which may show whether plaintiffs were targeted with sensitive ads because of Google selling and sharing their personal information. Specifically, advertiser and publisher IDs provide context

concerning the advertisers that targeted plaintiffs with their personal information, and detail how RTB participants linked plaintiffs to interests and categories. *Id.* In sum, as plaintiffs explained, the fields, like the other eight bid response fields that the Order directs Google to produce, are relevant to plaintiffs' claims—all reflect information about ads shown to plaintiffs. *Id.* at 1.

In the parties' briefing, Google did not credibly refute the relevance of advertising information. Dkt. 428-2 at 6. Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. It is relevant to plaintiffs' preparation for class certification and trial that they receive information pertaining to third parties' knowledge of where a mobile advertisement targeting named plaintiffs was placed (the publisher), as well as the identity of the advertiser who sought to place the ad—all information shown by the fields at issue.

The Court also finds that the requested bid response data *does* fall within the scope of the August 6, 2022 order because it is relevant to any information that an RTB participant has that allows it to identify an account holder based on information received by Google. Second, requiring that plaintiffs show that all bid response fields were encompassed by the August 6, 2022 order disregards the Order's separate recognition that plaintiffs' RFP No. 41 directed Google to produce "[a]ll bid responses associated with each [a]ccount [h]older."

Plaintiffs have met their burden of demonstrating that the Order's denial of plaintiffs' request that Google be ordered to produce the three disputed bid response fields is not supported by the law or the facts of this case. Accordingly, the ruling on these fields is vacated as clearly erroneous and contrary to law. *See Hubbs*, 2019 WL 12536541, at *8 (magistrate's rejection of plaintiff's viable theory of relevance both clearly erroneous and contrary to law). Google shall promptly produce named plaintiff data for the three bid response fields.

**SO ORDERED.**

_____
Hon. Yvonne Gonzalez Rogers