Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
Caroline Corbitt (Cal Bar No. 305492)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*
*ccc@pritzkerlevine.com*

*Interim Class Counsel*

[Additional Counsel Appear on Signature Page]

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* | **CASE NO. 4:21-CV-02155-YGR-VKD** |
| *This document applies to all actions.* | **PLAINTIFFS' MOTION FOR RELIEF FROM APRIL 14, 2023 NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 485)**<br><br>**Fed. R. Civ. P. 72(a)**<br>**Civil L.R. 72-2** |

## I. RELIEF REQUESTED

Pursuant to Fed. Rule Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A), and Civil L.R. 72-2, plaintiffs move for partial relief from the non-dispositive order issued by Magistrate Judge DeMarchi on April 14, 2023 at Dkt. 485 ("Order"). Specifically, plaintiffs seek relief from the portion of the Order denying plaintiffs' motion to compel Google to produce named plaintiff data from ten bid request data fields. There is ***no dispute*** that these fields relate to the named plaintiffs and were in fact transacted in the Google RTB auction. Nonetheless, as set forth below, the Order denying their production includes opinions that are clearly erroneous and contrary to law, ignores key contentions in dispute in this case, and is prejudicial to plaintiffs because it prevents discovery on issues directly relevant to class certification and the merits. Plaintiffs respectfully request that these clearly erroneous opinions be stricken and the Court either compel Google to produce the ten relevant bid request fields or remand to Judge DeMarchi with curative instructions.

## II. STANDARD OF REVIEW

"The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). On a nondispositive order, the district court may set aside a magistrate's factual determinations as clearly erroneous if it is left with a "conviction that a mistake has been committed." *In re PFA Ins. Mktg. Litig.*, 2021 WL 5991681, at *1 (N.D. Cal. Nov. 4, 2021) (quoting *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010)). A decision is contrary to law if it applies an incorrect legal standard or fails to consider an element of that standard.[1] *Hubbs v. Big Lots Stores, Inc.*, 2019 WL 12536541, at *1 (C.D. Cal. July 1, 2019). Courts review a magistrate's determination of relevance "with an eye toward the broad standard of relevance in the discovery context." *Id.*

## III. RELEVANT BACKGROUND

On March 1, 2023, Plaintiffs moved to compel Google to produce 12 "bid request" fields, among other categories of named plaintiff data. *See* Dkts. 433-3 (under seal), 434 (public filing). Bid requests constitute information that Google shares with RTB participants in soliciting bids for

---

[1] Courts review mixed questions of law and fact de novo. *Ingram v. Pac. Gas & Elec. Co.*, 2013 WL 6174487, at *2 (N.D. Cal. Nov. 22, 2013).

ad placements on websites and mobile applications being viewed or used by the named plaintiffs.

The Order directs Google to produce bid request fields for just two of the 12 fields at issue (google_user_id and hosted_match_data), and denies plaintiffs' motion as to the other ten bid request fields. Order at 3-6. In the Order, Judge DeMarchi finds that plaintiffs' request for bid request data generally falls within the scope of a prior order (*see id.* at 2-3):

> The Court expects Google to produce documents sufficient to show, for each named plaintiff, what information specific to that plaintiff was shared with an RTB participant and the details of such sharing. If Google discloses information that allows an RTB *participant* to identify and account holder based on information the participant may have about that account holder, Google must produce records showing the disclosure of that information as well.

Aug. 26, 2022 Order (Dkt. 314) at 4-5 (emphasis in original).

But Judge DeMarchi then erroneously declines to consider whether plaintiffs' demand for bid request data falls within the scope of prior discovery requests, stating that, "As plaintiffs now rely exclusively on the Court's August 26, 2022 order as the basis for their present demand for the production of the 12 disputed data fields, the Court only considers whether those fields are within the scope of the Court's prior orders." Order at 3. This erroneous underpinning misstates the record: in fact, all the at issue bid request data was requested by plaintiffs' RFP Nos. 12–13 and 41–42. Plaintiffs ***specifically identified*** these RFPs in the parties' July 29, 2022 joint letter brief, which was in turn resolved by Judge DeMarchi's Aug. 26, 2022 Order. *See* Dkt. 269-1.

## IV. ARGUMENT

Plaintiffs move for relief from the portion of the Order denying plaintiffs' motion to compel Google to produce named plaintiff data from ten bid request fields on the grounds that the Order commits clear error and is contrary to law. *See* Order at 4-6. Plaintiffs move on three bases: (1) the Order's dismissal of plaintiffs' explanations of the relevance of these fields; (2) the Order's failure to require Google to articulate why producing these ten fields would be unduly burdensome to Google; and (3) the Order's findings that Google is not required to produce the bid request data under either the August 26, 2022 Order or any of plaintiffs' discovery requests.

### A. Plaintiffs Demonstrated the Relevance of the Ten Bid Request Fields Sought

Plaintiffs explained the relevance of each of the fields at issue within the constraints of the 1,500 words permitted by the letter brief process.[2] *See* Dkt. 433-3. Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence. Fed. R. Evid. 401. It is relevant—indeed, essential—to plaintiffs' preparation for class certification and trial that they receive information pertaining to the fields that Google in fact shares with RTB participants relating to the named plaintiffs in soliciting bid requests. *See* Dkt. 433-3. The Order's application of these relevancy standards is contrary to law. The Order also ignores plaintiffs' articulation of relevancy, resulting in clear and prejudicial error.

As to the hyperlocal information, the Order disregards plaintiffs' statement that the information is not duplicative of other information already produced. Order at 4. The Order finds that the video.description_url field ***could*** be relevant, but states the Court is inclined to accept Google's (disputed) description of the field over that of plaintiffs. *Id.* at 5. As to the publisher_settings_list_id and page_visibility fields, the Order concludes that plaintiffs have not explained why the information is relevant—this despite plaintiffs' contention that the fields include relevant data about the publisher of the webpage or video being viewed by the plaintiff, including information pertaining to whether there is a visible ad (demonstrating that sharing of named plaintiff data occurs even when no ad is shown) and whether the publisher blocks or allows certain categories of ads. *Id.*; Dkt. 433-3 at 3. The Court also dismisses the relevance of the three sensitive and restricted category fields on the basis that plaintiffs' arguments about relevance are "conclusory," Order at 6, again despite plaintiffs' detailed and informed arguments that these fields include data about sensitive and restricted categories that are either excluded or allowed in particular bid requests, meaning they describe the named plaintiff data that Google in fact shares in RTB. Dkt. 433-3 at 3. This is erroneous, in that it misapplies the relevancy standard that plaintiffs amply satisfy, and it prejudicially deprives plaintiffs of relevant and important discovery.

**B. The Order Improperly Shifts All Burden to Plaintiffs**

The Order errs in failing to require Google to show that it is unduly burdensome or

---

[2] The joint letter brief process also precludes submission of any evidence or other submissions, such as declarations or exhibits.

disproportionate to the needs of the case to produce the ten bid request fields sought solely for the named plaintiffs. Whether the fields are relevant and non-duplicative of other fields and data logs is a fiercely contested issue between the parties. Plaintiffs demonstrated their basis for contending that the fields sought are relevant and non-duplicative. In contrast, as plaintiffs argued to Judge DeMarchi, Google's briefing does not articulate ***any*** burden or proportionality arguments that would weigh against their demonstrated relevance and their importance for plaintiffs' class certification motion. Dkt. 433-3 at 4. The Order effectively requires plaintiffs to take Google's word for what information was shared on RTB and what Google asserts are the best sources of that information—even though plaintiffs are informed and can show otherwise. *See* Order at 3.

Given the relevance and non-duplicative nature of the bid request fields plaintiffs seek, and given that what information Google shares with RTB participants is at the heart of the case, the Order should have required Google to produce the contested fields. In accepting Google's contentions over those of plaintiffs, Judge DeMarchi adopted the same logic that Judge Chhabria rejected in *In re Facebook, Inc. Consumer Priv. User Profile Litig*. There, Facebook argued that plaintiffs had to accept its representations about the information Facebook had shared with third parties—even though the precise information Facebook shared with other companies was a central dispute in the case. 2023 WL 1871107, at *1 (N.D. Cal. Feb. 9, 2023). The Court rejected Facebook's position, finding the proposition that plaintiffs should have to "take at face value Facebook's assertions about what information it had shared" to be "ridiculous." *Id.* Yet, here, the Order accepts Google's representations about the relevance of the contested fields over plaintiffs' well-supported and informed positions about what the fields show and their significance, severely prejudicing plaintiffs in their preparation for class certification and trial in the process.

Plaintiffs continue to believe that Google has withheld important bid request fields and the most important logs in this case in order to manufacture arguments for class certification and the merits that Google would otherwise not have if it complied with its discovery obligations. In the context of this hotly contested litigation, and in the face of plaintiffs' need for this limited data set, it was error for the Order not to require Google to demonstrate that it was unduly burdensome or disproportionate to the needs to the case to produce the ten bid request data fields at issue

## C. Google Should Have Produced Under the August Order and Prior Discovery

The Order errs in finding that Google is not required to produce the bid request fields under either the August 26, 2022 Order or plaintiffs' discovery requests. Google should have produced all of the ten bid request fields at issue under the August 26, 2022 Order, which directed Google to produce "documents sufficient to show, for each named plaintiff, what information specific to that plaintiff was shared with an RTB participant and the details of such sharing." Dkt. 314 at 4. Plaintiffs argued that all fields *constitute* information that Google shares with an RTB participant. At a minimum, all fields *reflect* the information Google shares and should have been produced.

The Order also declines to direct Google to produce the user_data_treatment field, and declines to consider whether an independent basis existed for production of the other nine fields at issue, based on any of plaintiffs' document requests. *See* Order at 2, 5. Yet plaintiffs' RFP No. 41, which served as a basis for the August 26, 2022 order, directed Google to produce "All Bid Requests associated with each Account Holder." *See* Doc. 269-1 at 53. It was error for the Order not to consider whether Google is required to produce the contested fields under RFP No. 41.

## D. The Order Was Contrary to Law and Commits Clear Error

Under the facts here, the Order is contrary to law in its misapplication of the relevancy standard and commits clear error in its determination that the contested bid request fields are not relevant. The Order's relevancy determination should therefore be overturned. *See Hubbs*, 2019 WL 12536541, at *8 (magistrate's rejection of plaintiff's viable theory of relevance both clearly erroneous and contrary to law). The Order also errs in (i) finding that Google is not required to produce the bid request fields under either the August 26, 2022 Order or discovery served by plaintiffs and (ii) not requiring Google to show that it is unduly burdensome or disproportionate to the needs to the case to produce a limited, highly relevant set of Google RTB bid request fields.

## V. CONCLUSION

Plaintiffs will be substantially prejudiced in their prosecution of this case if the challenged portions of the Order stand. The discovery at issue is essential to their preparation for class certification and trial. The Court should vacate the erroneous rulings in the Order and direct Google to promptly produce the ten bid request fields at issue. A proposed order is submitted herewith.

| | |
|---|---|
| DATED: April 28, 2023 | Respectfully submitted,<br><br>**PRITZKER LEVINE LLP**<br><br>By: */s/ Elizabeth C. Pritzker*<br><br>Elizabeth C. Pritzker (Cal. Bar No.146267)<br>Jonathan K. Levine (Cal. Bar No. 220289)<br>Bethany Caracuzzo (Cal. Bar No. 190687)<br>Caroline Corbitt (Cal Bar No. 305492)<br>1900 Powell Street, Ste. 450<br>Oakland, CA 94602<br>Tel.: (415) 692-0772<br>Fax: (415) 366-6110<br>ecp@pritzkerlevine.com<br>jkl@pritzkerlevine.com<br>bc@pritzkerlevine.com<br>ccc@pritzkerlevine.com<br><br>*Interim Class Counsel*<br><br>**BLEICHMAR FONTI & AULD LLP**<br>Lesley Weaver (Cal. Bar No.191305)<br>Anne K. Davis (Cal. Bar No. 267909)<br>Joshua D. Samra (Cal. Bar No. 313050)<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>lweaver@bfalaw.com<br>adavis@bfalaw.com<br>jsamra@bfalaw.com<br><br>**SIMMONS HANLY CONROY LLC**<br>Jason 'Jay' Barnes (admitted *pro hac vice*)<br>An Truong (admitted *pro hac vice*)<br>Jenny Paulson (admitted *pro hac vice*)<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Tel.: (212) 784-6400<br>Fax: (212) 213-5949<br>jaybarnes@simmonsfirm.com<br>atruong@simmonsfirm.com<br>jpaulson@simmonsfirm.com<br><br>**DICELLO LEVITT GUTZLER LLC**<br>David A. Straite (admitted *pro hac vice*)<br>485 Lexington Avenue, Suite 1001<br>New York, NY 10017 |

Tel: (646) 993-1000
Fax: (212) 213-5949
dstraite@dicellolevitt.com

James Ulwick (admitted pro hac vice)
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
julwick@dicellolevitt.com

**COTCHETT PITRE & MCCARTHY, LLP**
Nanci E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal Bar. No. 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road
Burlingame, CA 94010
Tel.: (650) 697-6000
nnishimura@cpmlegal.com
bdanitz@cpmlegal.com
kswope@cpmlegal.com

**BOTTINI & BOTTINI INC.**
Francis A. Bottini, Jr. (Cal. Bar No. 175783)
Yury A. Kolesnikov (Cal. Bar No. 271173)
7817 Ivanhoe Ave., Ste. 102
LA Jolla, CA 92037
Tel.: (848) 914-2001
fbottini@bottinilaw.com
ykolesnikov@bottinilaw.com

*Counsel for Plaintiffs and the Proposed Class*