# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION*<br><br>*This document applies to all actions.* | **CASE NO. 4:21-CV-02155-YGR-VKD**<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR RELIEF FROM APRIL 14, 2023 NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 485)**<br><br>**Fed. R. Civ. P. 72(a)**<br>**Civil L.R. 72-2** |

Currently pending before the Court is plaintiffs' motion pursuant to Fed. Rule Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A), and Civil L.R. 72-2 for partial relief from the non-dispositive order issued by Magistrate Judge DeMarchi on April 14, 2023 at Dkt. 485 ("Order"). Having considered the motion, the relief requested by that motion, and the briefing submitted in conjunction therewith, as well as all other evidence of record, the Court hereby GRANTS plaintiffs' motion.

I.  BACKGROUND

This putative class action alleges defendant Google violated plaintiffs' privacy rights and federal and state laws when Google shared plaintiffs' personal information and communications with third parties through Google's Real Time Bidding ("RTB") system.

Plaintiffs allege that Google promises Google Account Holders: "We [at Google] don't share information that personally identifies you with advertisers" and "never use…sensitive information like race, religion or sexual orientation, to personalize ads[.]" According to plaintiffs, Google routinely breaks these promises. Plaintiffs allege that through its RTB advertising scheme, Google collects and stores personal information about class members; associates that information with class members' races, religions, and sexual orientations; and then shares that information with third parties, including advertisers that seek to target class members with personalized advertising. *See* Consolidated Class Action Complaint ("CCAC") (Dkt. 94) at ¶¶ 1-30, 96, 98, 100, 120, 125, 134.

On February 28 and March 1, 2023, plaintiffs moved to compel Google to produce multiple categories of named plaintiff data through three joint discovery dispute briefs submitted to Judge DeMarchi. *See* Dkts. 429, 430, 434. At issue here is plaintiffs' motion to compel Google to produce 12 "bid request" fields. *See* Dkts. 433-3 (under seal), 434 (public filing). Bid requests constitute information that Google shares with RTB participants in soliciting bids for ad placements on websites and mobile applications being viewed or used by the named plaintiffs.

The April 14, 2023 Order directs Google to produce bid request fields for just two of the 12 fields at issue (google_user_id and hosted_match_data), and denies plaintiffs' motion as to the other ten bid request fields. Order at 3-6.

Plaintiffs move for relief from the portion of the Order denying plaintiffs' motion to compel Google to produce named plaintiff data from ten bid request fields on the grounds that the Order commits clear error and is contrary to law. *See* Order at 4-6. Plaintiffs move on three bases: (1) the Order's dismissal of plaintiffs' explanations of the relevance of these fields; (2) the Order's failure to require Google to articulate why producing these ten fields would be unduly burdensome to Google; and (3) the Order's findings that Google is not required to produce the bid request data under either the August 26, 2022 Order or any of plaintiffs' discovery requests.

## II. DISCUSSION

### A. Legal Standard

"The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). On review of a nondispositive order, "the magistrate's factual determinations are reviewed for clear error," and the district court may set aside those factual determinations if it is left with a "definite and firm conviction that a mistake has been committed." *In re PFA Ins. Mktg. Litig.*, No. 4:18-CV-03771-YGR, 2021 WL 5991681, at *1 (N.D. Cal. Nov. 4, 2021) (quoting *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010)). A magistrate's legal conclusions are reviewed de novo to determine whether they are contrary to law. *Perry*, 268 F.R.D. at 348. A decision is contrary to law if it applies an incorrect legal standard or fails to consider an element of the applicable standard. *Hubbs v. Big Lots Stores, Inc.*, LA CV15-01601 JAK (ASx), 2019 WL 12536541, at *1 (C.D. Cal. July 1, 2019) (internal quotation omitted). "When the court reviews the magistrate's determination of relevance in a discovery order, the Court must review the magistrate's order with an eye toward the broad standard of relevance in the discovery context." *Id.* (quoting *Perry*, 268 F.R.D. at 348).

### B. Analysis

Plaintiffs challenge the Order's determination that they did not sufficiently explain the relevance of each of the ten contested bid request fields.

The Court finds that plaintiffs sufficiently explain the relevance of each of the fields at issue and explained why the fields are non-duplicative. *See* Dkt. 433-3. Evidence is relevant if (a)

it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. It is clearly relevant to plaintiffs' preparation for class certification and trial that they receive information pertaining to the fields that Google shares with RTB participants relating to the named plaintiffs in soliciting bid requests. *See* Dkt. 433-3.

The Court also finds that Google's portion of the joint letter brief does not support any burden or proportionality arguments that would weigh against production of these fields. *See* Dkt. 433-3 at 4. Whether the fields are relevant and non-duplicative of other fields and data logs is a fiercely contested issue between the parties. Plaintiffs should not be required to take Google's word for what information was shared on RTB—and the best sources of that information.

Finally, the Court finds that Google should have produced the bid request fields at issue under the August 26, 2022 Order, which directed Google to produce "documents sufficient to show, for each named plaintiff, what information specific to that plaintiff was shared with an RTB participant and the details of such sharing." Dkt. 314 at 4. Plaintiffs argued that all fields ***constitute*** information that Google shares with an RTB participant. At a minimum, all fields ***reflect*** the information Google shares and should have been produced. Google also should have produced the bid request fields pursuant to plaintiffs' RFP No. 41, which served as a basis for the August 26, 2022 Order and directed Google to produce "All Bid Requests associated with each Account Holder." *See* Dkt. 269-1 at 53.

Plaintiffs have met their burden of demonstrating that the Order's denial of plaintiffs' request that Google be ordered to produce the ten disputed bid request fields is not supported by the law or the facts of this case, and is clearly erroneous and contrary to law. Accordingly, the ruling on these fields is vacated. Google shall promptly produce named plaintiff data for the ten bid request fields.

**SO ORDERED.**

_____
Hon. Yvonne Gonzalez Rogers