COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**DEFENDANT GOOGLE LLC'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION PURSUANT TO L.R. 6-3 AND 7-11 TO REVISE PRETRIAL CASE SCHEDULE** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO PLAINTIFFS' ADMIN
MOT. TO REVISE PRETRIAL CASE SCHEDULE
CASE NO. 4:21-CV-02155-YGR-VKD

## I. INTRODUCTION

Google submits this response to Plaintiffs' Administrative Motion Pursuant to L.R. 6-3 and 7-11 to Revise Pretrial Case Schedule ("Motion" or "Mot.") (ECF No. 492). Google does not oppose and agrees there is good cause to enter the proposed case schedule, *see* ECF No. 493 at 3 ("Corrected Pritzker Declaration"), but respectfully requests that the Court enter the following provision as part of any scheduling order: if Plaintiffs serve additional discovery requests after their Motion, any responsive materials or information produced in response to such discovery may not be used in Plaintiffs' anticipated motion for class certification. This proposed limitation is 1) necessary to prevent unfair prejudice to Google from potentially having to respond to belated class certification discovery, 2) serves judicial economy by avoiding further disputes over such discovery, and 3) will not interfere with Plaintiffs' ability to continue pursuing discovery for merits purposes.

## II. GOOGLE'S PROPOSED DISCOVERY LIMITATION IS REASONABLE AND APPROPRIATE.

While the proposed case schedule is appropriate to enable pending class certification-related discovery to be completed before the class certification briefing process, Plaintiffs should not be allowed to use a third extension of the case schedule[1] to seek yet more discovery for use in their class certification motion. In the over two years since filing this case on March 26, 2021, Plaintiffs have served six sets of document requests spanning 113 specific requests for production and four sets of interrogatories spanning fifteen specific interrogatories, have taken six depositions to date, and received the vast majority of named-Plaintiff data that they sought by November 11, 2022. *See* Declaration of Whitty Somvichian ¶ 4. There is no reason to believe these expansive requests do not fully address what Plaintiffs need for class certification; and even if they do not, it was imperative for Plaintiffs to have served such discovery by now, with less than 30 days remaining before the current class certification motion deadline. Indeed, Plaintiffs themselves do not argue they need more time to serve new discovery for their class certification motion, only that they need time to analyze the additional data productions that Google is currently preparing. Under these

---

[1] Plaintiffs have sought and previously received two extensions of the case schedule. *See* ECF Nos. 329, 391.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

GOOGLE'S RESPONSE TO PLAINTIFFS' ADMIN
MOT. TO REVISE PRETRIAL CASE SCHEDULE
CASE NO. 4:21-CV-02155-YGR-VKD

circumstances, Google's proposed addition to the scheduling order will not hinder Plaintiffs' preparation for class certification, and it will ensure that a modified schedule does not unfairly prejudice Google.

Second, and relatedly, giving Plaintiffs the opportunity to serve further discovery for use on class certification threatens to waste judicial resources and further delay this litigation. Plaintiffs have already sought and received two case extensions. They have used these extensions to repeatedly relitigate the same disputes regarding named-Plaintiff data. *See, e.g.*, ECF No. 382 at 4 ("The Court has already considered and rejected an approach to discovery that requires Google to produce all information it collects about the named plaintiffs."). Without a limitation on Plaintiffs' ability to use new discovery in their motion for class certification, there is a considerable risk that Plaintiffs will try to reraise these same disputes or manufacture new ones, resulting in inefficient uses of the Court's resources and additional requests to extend the case schedule.

Third, Plaintiffs' only objection to Google's proposed discovery limitation is that, because they "are proceeding with discovery on a single class certification and merits discovery schedule, plaintiffs intend and need to proceed with all relevant discovery to meet the case deadlines in this case." Mot. at 5. But Google's proposal would in no way affect Plaintiffs' ability to proceed with merits discovery, which Google acknowledges will continue to proceed.

### III. PLAINTIFFS' COMMENTARY IN SUPPORT OF THE EXTENSION REQUEST IS MISLEADING AND IRRELEVANT IN ANY CASE.

Plaintiffs' Motion spills considerable ink casting aspersions on Google's discovery conduct and blaming Google for past extensions to the case schedule. These arguments are irrelevant to the narrow dispute at hand, and are false in any event: In actuality, these extensions have been necessitated by Plaintiffs' repeated attempts to relitigate decisions from Judge DeMarchi that they do not like. Specifically, Plaintiffs' *modus operandi* in this case has been to serve overbroad discovery, refuse any reasonable compromise, and raise these same issues over and over again before Judge DeMarchi in hope for a different result. *See, e.g.*, June 7, 2022 Tr. at 16:1-16, 22:12-1 (referring to Plaintiffs' discovery as "ridiculously" overbroad); ECF No. 382 at 4.

While Plaintiffs repeatedly represent that Judge DeMarchi has found that Google did not comply with her prior orders, Mot. at 2-3, she has in fact repeatedly rejected such claims. *See* ECF No. 488 at 1 (denying Plaintiffs' motion for sanctions for a purported "failure to comply with the Court's prior discovery orders"); ECF No. 382 at 3 ("Plaintiffs have no response to Google's argument that the [logs they seek] contain no information responsive to the August 26 order that Google has not already produced."). Where Plaintiffs have succeeded in discovery disputes, the further information that the Court has ordered Google to produce has been extremely narrow. *See, e.g.*, ECF No. 382 (rejecting the vast majority of Plaintiffs' demands for log data but ordering Google to produce a single additional category of data); ECF No. 486 at 6 & n.1 (ordering Google to produce only two of twelve requested fields, but only "[i]f Google logs these data fields," which—as it has explained to Plaintiffs—it does not). That Google has been ordered to produce a small subset of the additional data Plaintiffs sought to compel does not make the repeated delays in this case Google's fault. Google has met and conferred with Plaintiffs in good faith, made compromises when not rendered impossible by the breadth of Plaintiffs' demands, and has worked diligently to produce discovery.

IV. **CONCLUSION**

For these reasons, Google respectfully requests that the Court enter the proposed case schedule contained in the Corrected Pritzker Declaration but include a term preventing Plaintiffs from using in their anticipated motion for class certification documents or information obtained in response to new discovery served after their Motion, if any.

Dated: May 1, 2023                                  COOLEY LLP

                                                    By: /s/ Whitty Somvichian
                                                        Whitty Somvichian

                                                    Attorney for Defendant
                                                    GOOGLE LLC

285277318

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S RESPONSE TO PLAINTIFFS' ADMIN
MOT. TO REVISE PRETRIAL CASE SCHEDULE
CASE NO. 4:21-CV-02155-YGR-VKD