Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
Caroline Corbitt (Cal Bar No. 305492)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*
*ccc@pritzkerlevine.com*

*Interim Class Counsel*

[Additional Counsel Appear on Signature Page]

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* | **CASE NO. 4:21-CV-02155-YGR-VKD** |
| *This document applies to all actions.* | **PLAINTIFFS' MOTION FOR RELIEF FROM APRIL 21, 2023 NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 491)**<br><br>**Fed. R. Civ. P. 72(a)**<br>**Civil L.R. 72-2** |

I.      RELIEF REQUESTED

Pursuant to Fed. Rule Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A), and Civil L.R. 72-2, plaintiffs move for partial relief from a discovery order issued by Magistrate Judge DeMarchi on April 21, 2023 at Dkt. 491 ("Order"). Plaintiffs seek relief from the portion of the Order denying plaintiffs' motion to compel Google employee Stanislav Belov to appear for an additional day of deposition. Plaintiffs showed good cause and substantial need for additional time to depose Mr. Belov, and the Order's denial of the motion ignores the facts and the record, is contrary to the law, and clearly erroneous. It is also highly prejudicial to plaintiffs because it prevents further and necessary testimony from one of the most important witnesses in the case: Mr. Belov is the author or custodian of **_22%_** of all documents Google has produced to date. For the reasons below and in the accompanying Levine Declaration ("Levine Decl."), the erroneous opinions in the Order should be stricken and the Court should compel Mr. Belov to appear for an additional day of deposition in New York, where he works and resides.

II.     STANDARD OF REVIEW

"The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). On review of a non-dispositive order, "the magistrate's factual determinations are reviewed for clear error," and the district court may set aside those factual determinations if it is left with a "definite and firm conviction that a mistake has been committed." *In re PFA Ins. Mktg. Litig.*, No. 4:18-CV-03771-YGR, 2021 WL 5991681, at *1 (N.D. Cal. Nov. 4, 2021) (citation omitted). A magistrate's legal conclusions are reviewed de novo to determine whether they are contrary to law. *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010)). A decision is contrary to law if it applies an incorrect legal standard or fails to consider an element of the applicable standard. *Hubbs v. Big Lots Stores, Inc.*, LA CV15-01601 JAK (ASx), 2019 WL 12536541, at *1 (C.D. Cal. July 1, 2019) (internal quotation omitted). Courts apply the contrary to law standard in considering whether good cause exists to order a deposition. *See Brown v. Google, LLC*, No. 4:20-CV-03664-YGR, 2022 WL 2289059, at *2 (N.D. Cal. Apr. 4, 2022) (reviewing magistrate's order granting apex depositions under contrary to law standard).

## III. RELEVANT BACKGROUND

Mr. Belov is one of the most important witnesses in the case. He is a senior software engineer, the tech lead for Google's RTB platform that is the subject of the case, and the author and custodian of many of the most important documents identified so far in discovery. Reflecting his central role in the case, Mr. Belov is the author or custodian of 12,267 documents, representing ***22%*** of all of the documents Google has produced. He is the ***sole*** custodian of 8,501 of those documents, representing ***15%*** of Google's entire production. Most of these documents are highly technical, and many are voluminous in length. Levine Decl., ¶ 5. Mr. Belov has also submitted two declarations in connection with discovery disputes related to this action. *Id*. at ¶ 6.

Mr. Belov was deposed in New York, where he works, in December 2022. The deposition lasted the entire day, during which 30 exhibits were marked. Almost all of the exhibits are technical in nature, and many are lengthy. Twenty-one of the 30 Belov exhibits include hyperlinks (150 in total) to other documents, many authored by Mr. Belov, that appear highly relevant to the case, but have not been produced by Google. At the conclusion of the day, there were still more than 20 documents that plaintiffs' counsel had intended to mark as exhibits and question Mr. Belov about, since he is the author or custodian of all of these additional documents. Levine Decl., ¶ 7. The deposition also could not be completed in one day because of the conduct of Google's counsel, who objected more than ***350 times***, including making numerous improper speaking objections that often appeared to be coaching the witness. *Id*. at ¶ 15.

Plaintiffs moved to compel an additional day of testimony from Mr. Belov. *See* Dkt. 462-4 and 463. Plaintiffs' ability to brief the motion was severely constrained by Judge DeMarchi's requirements and Google's conduct. Levine Decl., ¶ 3. Plaintiffs were limited to only 1,500 words and could not submit either the deposition transcript or any of the deposition exhibits for the Court to consider, because Judge DeMarchi's rules permit only attaching the specific discovery material that is "at issue." *Id*. Google also insisted that the joint letter brief address two separate motions, so plaintiffs actually had only about 750 words to address the Belov deposition motion. *Id*.

Without reviewing the deposition transcript, any deposition exhibits, or conducting a hearing, the Court denied the motion, finding plaintiffs had not made a sufficient showing of good

cause for additional time to depose Mr. Belov. Order at 6. According to the Order, plaintiffs failed to respond to Google's arguments that plaintiffs had chosen to question Mr. Belov about "matters of marginal relevance" or "outside his scope of knowledge," did not support their characterization of him as a "difficult witness," failed to provide examples of questions objected to, and weren't sufficiently specific about why additional deposition time was needed. *Id.* at 5-6.

On the same day that the Order denied plaintiffs' motion to compel more testimony from Mr. Belov, the Court granted plaintiffs' motion on the hyperlinked documents and ordered Google to produce all such documents, which includes about 150 documents identified in 21 of the 30 exhibits marked and discussed during the Belov deposition. Dkt. 490; Levine Decl., ¶ 14.

## IV. ARGUMENT

The Order denying plaintiffs' motion to compel an additional day of deposition testimony from Mr. Belov commits a number of factual and legal errors, is highly prejudicial to plaintiffs, and should be set aside by the District Court. Rule 30 provides that "the court ***must*** allow additional time . . . if needed to fairly examine the deponent or if the deponent, another person, or any other circumstances impedes or delays the examination." Fed. R. Civ. P. 30(d)(1) (emphasis added). Plaintiffs showed good cause to justify such an order under Rule 30, and it was contrary to law for the Order to conclude otherwise and deny the motion.

Working within the space constraints imposed by the Court, plaintiffs sufficiently explained why additional time is needed to fairly examine Mr. Belov, for reasons including his key role as the tech lead for RTB during a seven-year time period; his ownership of a significant percentage of all documents Google has produced in the case; the technical complexity and length of many of his documents; and the number of exhibits marked and remaining to be marked. Dkt. 463 at 3-4. The import of the missing hyperlinked documents for which Mr. Belov was a primary custodian cannot be overstated—particularly because the Court, by a separate order, granted plaintiffs' motion to compel production of those very documents. *See* Dkt. 490. That plaintiffs could not provide more details about many of these matters, or submit the transcript or any exhibits, is not the fault of plaintiffs. Given Rule 30's broad mandate to afford additional time as needed "to fairly examine" a critical deponent, it was contrary to law and clear error for the Order to

impose such briefing limitations and then use those very limitations as the basis for denying the motion, particularly because plaintiffs offered to submit the deposition transcript and asked for a hearing on the motion. *See* Dkt. 463 at 1 n.1 and 7.

The only case cited in the Order is *Rubalcava v. City of San Jose*, No. 20-cv-04191-BLF-VKD, 2022 WL 17551989 (N.D. Cal. Dec. 9, 2022), an opinion in which Judge DeMarchi granted a party's request to reopen a deposition. The Order's reliance on *Rubalcava* as a legal basis to ***deny*** plaintiffs' motion here was contrary to law, however. *Rubalcava* actually supports plaintiffs' motion. *Rubalcava* identifies several factors a court must consider in determining whether good cause for more deposition time exists. These include the witness's "role in the case as a source of relevant evidence, the length of time during which relevant events occurred, the need to fully explore positions on which [the witness and defendant] rely, and whether it was necessary for [the witness] to take time during the deposition to familiarize himself with materials presented in order to answer questions about them." *Id*. at *2. All of these factors provide good cause here for affording plaintiffs additional deposition time with Mr. Belov.

In accordance with *Rubalcava*, Plaintiffs showed in the motion that Mr. Belov has a crucial role in the case and is the single largest source of relevant evidence. Plaintiffs showed that the relevant events at issue occurred over a lengthy seven-year period and that Mr. Belov was directly involved for almost that entire time period. Plaintiffs showed that in light of Mr. Belov's role as the RTB tech lead and author or custodian of many of the most important documents in the case, it would take time to fully explore positions on which Mr. Belov and Google rely. And plaintiffs showed that given the length and technical nature of the documents, it was necessary for Mr. Belov to take time to review each document. *See* Dkt. 463 at 3-4. Finally, in *Rubalcava*, the Court reviewed the deposition transcript and even watched portions of the video of the deposition before ruling. 2022 WL 17551989, at *2. Here, by contrast, Judge DeMarchi denied the motion without reviewing the Belov transcript, even though plaintiffs proposed to submit it with leave of the Court.

The Order further clearly errs (i) in finding that plaintiffs did not support their characterization of Mr. Belov as a difficult witness or provide examples of Google's counsel's improper and numerous speaking objections that impeded and delayed the deposition; and (ii) in

accepting Google's incorrect characterization of certain lines of questioning by plaintiffs' counsel. Plaintiffs had no ability to respond to these points given the space constraints already discussed and their inability to submit the transcript; however, a review of the transcript would have belied these findings and Google's representations. The transcript shows obstreperous conduct of Google's counsel and his seeming coaching of the witness. Levine Decl., ¶ 15. And the transcript shows that the exhibits introduced at the deposition relating to performance evaluations contained detailed discussions of the workings of RTB and Belov's role within it—all of which go to the core of plaintiffs' case. *See id.* at ¶¶ 8-12. Plaintiffs' questions concerning the hyperlinked documents were also needed to lay the groundwork for a successful motion to compel—a motion that plaintiffs prevailed on as to every single hyperlink. *See* Dkt. 490; Levine Decl., ¶¶ 13-14. Both lines of questioning were important, entirely justified, and provide no basis to deny the motion.

Finally, it was contrary to law for the Order to deny plaintiffs any additional time to question Mr. Belov about these important new documents, that Google improperly withheld and has now been ordered to be produced, while simultaneously granting plaintiffs' motion to compel production all 338 hyperlinked documents, including 150 attributable to Mr. Belov. The Court fails to address this contradiction in either of the orders it issued on April 21, 2023, *see* Order and Dkt. 490. This is highly prejudicial to plaintiffs. *See Travelers Indem. Co. of Connecticut v. Walking U Ranch, LLC*, No. 218CV02482CASGJSX, 2022 WL 743869, at *3 (C.D. Cal. Mar. 10, 2022) (affirming award of sanctions based on party's refusal to stipulate to additional deposition time after improperly withholding requested documents during her initial seven-hour deposition).

**V.     CONCLUSION**

Plaintiffs will be substantially prejudiced in their ability to prosecute this case if they cannot complete the Belov deposition. The Order prevents further testimony from a key Google witness, despite plaintiffs' substantial need for another day of deposition and despite Google's failure to make a complete production of Mr. Belov's custodial documents prior to the initial deposition. Plaintiffs respectfully request that the Court vacate the erroneous rulings in the Order and direct Google to make Mr. Belov available for an additional day of deposition. A proposed order is submitted herewith.

| | |
|---|---|
| 1  DATED: May 5, 2023 | Respectfully submitted, |
| 2 | **PRITZKER LEVINE LLP** |
| 3 | By: */s/ Jonathan K. Levine* |
| 4 | Elizabeth C. Pritzker (Cal. Bar No.146267) |
| 5 | Jonathan K. Levine (Cal. Bar No. 220289)<br>Bethany Caracuzzo (Cal. Bar No. 190687) |
| 6 | Caroline Corbitt (Cal Bar No. 305492)<br>1900 Powell Street, Ste. 450 |
| 7 | Oakland, CA 94602<br>Tel.: (415) 692-0772 |
| 8 | Fax: (415) 366-6110 |
| 9 | ecp@pritzkerlevine.com<br>jkl@pritzkerlevine.com |
| 10 | bc@pritzkerlevine.com<br>ccc@pritzkerlevine.com |
| 11 | |
| 12 | *Interim Class Counsel* |
| 13 | **BLEICHMAR FONTI & AULD LLP** |
| 14 | Lesley Weaver (Cal. Bar No.191305)<br>Anne K. Davis (Cal. Bar No. 267909) |
| 15 | Joshua D. Samra (Cal. Bar No. 313050)<br>555 12th Street, Suite 1600 |
| 16 | Oakland, CA 94607<br>Tel.: (415) 445-4003 |
| 17 | Fax: (415) 445-4020 |
| 18 | lweaver@bfalaw.com<br>adavis@bfalaw.com |
| 19 | jsamra@bfalaw.com |
| 20 | **SIMMONS HANLY CONROY LLC** |
| 21 | Jason 'Jay' Barnes (admitted *pro hac vice*)<br>An Truong (admitted *pro hac vice*) |
| 22 | Jenny Paulson (admitted *pro hac vice*)<br>112 Madison Avenue, 7th Floor |
| 23 | New York, NY 10016<br>Tel.: (212) 784-6400 |
| 24 | Fax: (212) 213-5949<br>jaybarnes@simmonsfirm.com |
| 25 | atruong@simmonsfirm.com<br>jpaulson@simmonsfirm.com |
| 26 | |
| 27 | **DICELLO LEVITT GUTZLER LLC**<br>David A. Straite (admitted *pro hac vice*) |
| 28 | 485 Lexington Avenue, Suite 1001<br>New York, NY 10017<br>Tel: (646) 993-1000 |

Fax: (212) 213-5949
dstraite@dicellolevitt.com

James Ulwick (admitted pro hac vice)
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
julwick@dicellolevitt.com

**COTCHETT PITRE & MCCARTHY, LLP**
Nanci E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal Bar. No. 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road
Burlingame, CA 94010
Tel.: (650) 697-6000
nnishimura@cpmlegal.com
bdanitz@cpmlegal.com
kswope@cpmlegal.com

**BOTTINI & BOTTINI INC.**
Francis A. Bottini, Jr. (Cal. Bar No. 175783)
Yury A. Kolesnikov (Cal. Bar No. 271173)
7817 Ivanhoe Ave., Ste. 102
LA Jolla, CA 92037
Tel.: (848) 914-2001
fbottini@bottinilaw.com
ykolesnikov@bottinilaw.com

*Counsel for Plaintiffs and the Proposed Class*