Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
Caroline Corbitt (Cal Bar No. 305492)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*
*ccc@pritzkerlevine.com*

*Interim Class Counsel*

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* | **CASE NO. 4:21-CV-02155-YGR-VKD** |
| | **DECLARATION OF JONATHAN K. LEVINE IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM APRIL 21, 2023 NONDISPOSTIVE ORDER OF MAGISTRATE JUDGE (DKT. 491)** |
| *This document applies to all actions.* | |
| | **Fed. R. Civ. P. 72(a)**  **Civil L.R. 72-2** |

I, Jonathan K. Levine, declare and state as follows:

1. I am an attorney duly admitted to practice before this Court and a partner of Pritzker Levine LLP, one of law firms representing plaintiffs in this matter. I submit this declaration in support of plaintiffs' motion under Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A) and Civil L.R. 72-3 for partial relief from the non-dispositive <u>Order Re March 27, 2023 Discovery Dispute Re Berntson and Below</u>, issued by Magistrate Judge DeMarchi on April 21, 2023 at Dkt. 491 ("Order"). I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

2. The March 27, 2023 discovery dispute that is the subject of the Order concerns two separate, but related, motions. *See* March 27, 2023 Joint Letter Brief (Dkt. 462-4, 463). First, plaintiffs sought to compel Google to produce discovery for 2022 (which is part of the class period) for two Google custodians and deposition witnesses, Glenn Berntson and Stanislav Belov. Second, plaintiffs sought to compel Google to make Mr. Belov available for another day of deposition since his deposition could not be completed in a single seven-hour day. *Id*.

3. At Google's insistence, plaintiffs agreed to bring both motions in a single joint letter brief, submitted in accordance with Magistrate Judge DeMarchi's April 1, 2022 Standing Order for Civil Cases. That standing order limits each party to only 1,500 words and does not allow for the submission of declarations or other evidence, except for "the specific discovery material at issue and the responses, if any, to it." *See* Judge DeMarchi Standing Order. Plaintiffs thus could not provide the Court with either the Belov deposition transcript or any of the deposition exhibits to assist the Court in resolving the motion because they were not directly "at issue." However, in the brief, plaintiffs offered to provide the Court with the Belov deposition transcript and asked for a hearing on the dispute. *See* Dkt. 462-4 at 1 n.1, 7. The Court did not request a copy of the deposition transcript and ruled on the dispute without a hearing. *See* Dkt. 491.

4. The Court denied both motions in the Order. *See* Dkt. 491. While plaintiffs believe that the entire Order is in error, plaintiffs seek relief only from that portion of the Order denying plaintiffs the right to obtain additional deposition testimony from Mr. Belov.[1]

5. Mr. Belov is one of the most important witnesses in the case. He is a senior software engineer at Google and the tech leader for Google's RTB platform that is the subject of the case. Mr. Belov is the author and custodian of many of the most important documents identified so far in discovery in the case. Reflecting his central role in the case, Mr. Belov is the author or custodian of 12,267 documents, which represents **_22%_** of all of the documents Google has produced to date. He is the **_sole_** custodian of 8,501 of those documents, which represents **_15%_** of Google's entire production to date. Most of these documents are highly technical, and many are voluminous in length. The relevant time period for this case spans seven years and Mr. Belov has been involved with RTB in key roles almost that entire time.

6. Mr. Belov has also submitted two declarations already in connection with this case. The first was a lengthy declaration submitted in the related *Calhoun* action opposing plaintiffs' efforts to use certain *Calhoun* discovery in this case. *See* Dkt. 711-5 in *Calhoun*, Case No. 4:20-cv-05146-YGR-SVK. The second declaration was submitted in this case by Mr. Belov in support of Google's opposition to plaintiffs' motion for contempt and sanctions. *See* Dkt. 447-3.

7. I took Mr. Belov's deposition in New York, where he works and resides, on December 13, 2022. A true and correct copy of the transcript of Mr. Belov's deposition is attached hereto as **Exhibit A**. As reflected in the transcript, the deposition lasted the entire day, during which I marked and questioned Mr. Belov about 30 deposition exhibits. Almost all of the exhibits are technical in nature and many are lengthy. At the conclusion of the seven hours, I still had more than 20 additional documents that I had intended to mark as exhibits and question Mr. Belov about. Mr. Belov is the author or custodian of all of these additional documents.

8. At the outset of the deposition, I introduced as exhibits and questioned Mr. Belov about some of his performance evaluations that he authored during the relevant time period. These

---

[1] Rather than appeal the denial of the other motion, plaintiffs will be serving new discovery to address that issue.

1  performance evaluations include detailed descriptions of the work being done by Mr. Belov in
2  connection with the RTB platform during the class period and the kinds of documents and data he
3  was creating and reviewing in connection with that work. True and correct copies of two examples
4  of Mr. Belov's performance evaluations from 2019 and 2020 that were marked as exhibits at his
5  deposition are attached hereto as **Exhibits B and C**, respectively.

6      9.     The performance evaluations were important for two reasons. First, they provided a
7  roadmap to the work being done by Mr. Belov relating to the issues in the case and a roadmap for the
8  deposition itself. Second, the evaluations included numerous hyperlinks to what appeared to be other
9  highly relevant documents that have not been produced by Google to date. For example, **Exhibit B**
10 is titled ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

15     10.     During the deposition I also introduced as exhibits and questioned Mr. Belov about a
16 number of other highly relevant documents that included numerous hyperlinks to still other
17 documents that also appeared to be highly relevant, but again have not been produced by Google to
18 date. True and correct copies of two examples of these documents are attached hereto as **Exhibits D**
19 **and E**, respectively.

20     11.     **Exhibit D** is a July 2019 document from Mr. Belov's files titled "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

25     12.     **Exhibit E** is a January 2020 document from Mr. Belov's files titled ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3

LEVINE DECL. ISO PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE
ORDER OF MAGISTRATE JUDGE     Case No. 4:21-cv-02155-YGR-VKD

1  ██████████████████████████████████████████████████████
2  ██████████████████████████████████████

3       13.     On March 27, 2023, the same day that the Belov deposition motion was filed, plaintiffs also moved to compel Google to produce certain hyperlinked documents that had been identified during recent depositions, including Mr. Belov's. *See* March 27, 2023 Joint Letter Brief (Dkt. 462-3). It was necessary for me to question Mr. Belov about the hyperlinks in his documents in order to lay the foundation for plaintiffs' hyperlink motion. Of the 51 documents and 338 hyperlinks that are referenced in the hyperlink motion, 28 of those documents (55%) and 150 of those hyperlinks (44%) are attributable to documents that were either marked as deposition exhibits at Mr. Belov's deposition or that would have been marked had time allowed. *See* Dkt. 465-3 (sealed Appendix A to hyperlink motion).

       14.     On April 21, 2023, the same day that the Court denied plaintiffs' motion to compel further testimony from Mr. Belov, it ***granted*** plaintiffs' motion to compel on the hyperlink motion and ordered Google to produce ***all*** 338 hyperlinked documents, including the 150 hyperlinked documents mentioned in the Belov deposition exhibits and potential deposition exhibits. *See* April 21, 2023 Order re March 27, 2023 Dispute re Hyperlinked Documents at Dkt. 490.

       15.     Mr. Belov was defended at the deposition by Jeff Gutkin, a partner at Cooley LLP, counsel for Google in this case.[2] As reflected in the yellow highlighting in the attached deposition transcript (**Ex. A**), Mr. Gutkin objected more than ***350 times*** during the Belov deposition, including making numerous speaking objections that often appeared to be coaching the witness. Mr. Gutkin's excessive and improper objections repeatedly interrupted my questioning and unreasonable delayed the conduct of the Belov deposition.

       16.     Mr. Belov is the only deponent in the case for which plaintiffs have requested additional time beyond the presumptive seven-hour limit set forth in Fed. R. Civ. P. 30(d)(1).

       17.     Given Mr. Belov's critical role in the case, Google's counsel's conduct during the deposition, the enormous volume of documents produced from Mr. Belov's files, the number of

---

[2] Mr Gutkin remains at Cooley, but is no longer representing Google in this matter.

documents remaining to be introduced at the end of the first day of the Belov deposition, and now, the approximately 150 new documents that Google has been ordered to produce pertaining to Mr. Belov that should have been produced earlier, good cause exists for Mr. Belov to be compelled to testify for another day in New York, where he both works and resides.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct to the best of my knowledge. This declaration was executed in Emeryville, California.

DATED: May 5, 2023              By: /s/ *Jonathan K. Levine*
                                    Jonathan K. Levine