**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION*<br><br>*This document applies to all actions.* | **CASE NO. 4:21-CV-02155-YGR-VKD**<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR RELIEF FROM APRIL 21, 2023 NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 491)**<br><br>**Fed. R. Civ. P. 72(a)**<br>**Civil L.R. 72-2** |

| | |
|---|---|
| 1 | Currently pending before the Court is plaintiffs' motion pursuant to Fed. Rule Civ. P. |
| 2 | 72(a), 28 U.S.C. § 636(b)(1)(A), and Civil L.R. 72-2 for partial relief from the non-dispositive |
| 3 | order issued by Magistrate Judge DeMarchi on April 21, 2023 at Dkt. 491 ("Order"). Having |
| 4 | considered the motion, the relief requested by that motion, and the briefing submitted in |
| 5 | conjunction therewith, as well as all other evidence of record, the Court hereby GRANTS |
| 6 | plaintiffs' motion. |

## I.  BACKGROUND

This putative class action alleges defendant Google violated plaintiffs' privacy rights and federal and state laws when Google shared plaintiffs' personal information and communications with third parties through Google's Real Time Bidding ("RTB") system.

Plaintiffs allege that Google promises Google Account Holders: "We [at Google] don't share information that personally identifies you with advertisers" and "never use…sensitive information like race, religion or sexual orientation, to personalize ads[.]" According to plaintiffs, Google routinely breaks these promises. Plaintiffs allege that through its RTB advertising scheme, Google collects and stores personal information about class members; associates that information with class members' races, religions, and sexual orientations; and then shares that information with third parties, including advertisers that seek to target class members with personalized advertising. *See* Consolidated Class Action Complaint ("CCAC") (Dkt. 94) at ¶¶ 1-30, 96, 98, 100, 120, 125, 134.

Plaintiffs moved to compel an additional day of testimony from Stanislav Belov, a senior software engineer and the tech lead for Google's RTB platform, following his December 2022 deposition. *See* Dkt. 462-4, 463. Magistrate Judge DeMarchi denied the motion on the basis that plaintiffs had not made a sufficient showing of good cause for additional time to depose Mr. Belov. Order at 6. According to the Order, plaintiffs failed to respond to Google's arguments that plaintiffs had chosen to question Belov about "matters of marginal relevance" or "outside his scope of knowledge," failed to support their characterization of Belov as a "difficult witness," failed to provide the Court with examples of questions objected to, and failed to be sufficiently specific about why additional deposition time was needed. *Id.* at 5-6.

1   On the same day that the Order denied plaintiffs' motion to compel more testimony from Mr. Belov, the Court granted plaintiffs' motion to compel Google to produce hundreds of hyperlinked documents, which includes about 150 hyperlinked documents identified in 21 of the 30 exhibits marked and discussed during the Belov deposition. Dkt. 490.

## II. DISCUSSION

### A. Legal Standard

"The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). On review of a non-dispositive order, "the magistrate's factual determinations are reviewed for clear error," and the district court may set aside those factual determinations if it is left with a "definite and firm conviction that a mistake has been committed." *In re PFA Ins. Mktg. Litig.*, No. 4:18-CV-03771-YGR, 2021 WL 5991681, at *1 (N.D. Cal. Nov. 4, 2021) (citation omitted). A magistrate's legal conclusions are reviewed de novo to determine whether they are contrary to law. *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010)). A decision is contrary to law if it applies an incorrect legal standard or fails to consider an element of the applicable standard. *Hubbs v. Big Lots Stores, Inc.*, LA CV15-01601 JAK (ASx), 2019 WL 12536541, at *1 (C.D. Cal. July 1, 2019) (internal quotation omitted). Courts apply the contrary to law standard in considering whether good cause exists to order a deposition. *See Brown v. Google, LLC*, No. 4:20-CV-03664-YGR, 2022 WL 2289059, at *2 (N.D. Cal. Apr. 4, 2022) (reviewing magistrate's order granting apex depositions under contrary to law standard)

Rule 30 provides that "the court must allow additional time . . . if needed to fairly examine the deponent or if the deponent, another person, or any other circumstances impedes or delays the examination." Fed. R. Civ. P. 30(d)(1).

### B. Analysis

Plaintiffs challenge the Order's denial of plaintiffs' motion to compel Mr. Belov to appear for an additional day of deposition testimony. Plaintiffs contend that they showed good cause and substantial need for additional time to depose Mr. Belov, and that the Order's denial of the motion ignores the facts and the record, is contrary to Fed. R. Civ. P. 30(d)(1), and is contrary to law and

clearly erroneous. Plaintiffs also argue that the Order is highly prejudicial because it prevents further and necessary testimony from one of the most important witnesses in the case, who is the author or custodian of 22% of all documents Google has produced to date. The Court agrees.

The Court finds that plaintiffs sufficiently explained why additional time is needed to fairly examine Mr. Belov, and satisfied the standard for granting a party additional time to depose a witness set forth in *Rubalcava v. City of San Jose*, No. 20-cv-04191-BLF-VKD, 2022 WL 17551989 (N.D. Cal. Dec. 9, 2022). In accordance with *Rubalcava*, plaintiffs showed in their motion that Mr. Belov has a crucial role in the case and is the single largest source of relevant evidence. Plaintiffs showed that the relevant events at issue occurred over a lengthy period and that Mr. Belov was directly involved for almost that entire time period. Plaintiffs showed that in light of Mr. Belov's role as the RTB tech lead and author or custodian of many of the most important documents in the case, it would take time to fully explore positions on which Mr. Belov and Google rely. And plaintiffs showed that given the length and technical nature of the documents, it was necessary for Mr. Belov to take time to review each document. *See* Dkt. 463 at 3-4. Accordingly, plaintiffs showed good cause to justify additional deposition time under Fed. R. Civ. P. 30(d)(1), and the Order was clearly erroneous and contrary to law in finding that plaintiffs had not shown this.

The Order further indicates that the Court did not review the Belov deposition transcript and did not hold a hearing on plaintiffs' motion. The Order's failure to consider the evidence set forth in the deposition transcript, which would have supported plaintiffs' arguments as well as their contentions that Mr. Belov was a difficult witness and that Google's counsel's made excessive speaking objections, was contrary to law and clearly erroneous. *See Rubalcava*, 2022 WL 17551989, at *2.

Finally, the Court finds that it was contrary to law for the Court to grant plaintiffs' motion to compel Google to produce hundreds of hyperlinked documents, including 150 attributable to Mr. Belov, and then simultaneously deny plaintiffs any additional time to question Mr. Belov about these new documents that Google has now been ordered to produce.

1       Plaintiffs have met their burden of demonstrating that the Order's denial of an additional day of deposition of Mr. Belov is not supported by the law or the facts of this case. Accordingly, the ruling on these fields is vacated as clearly erroneous and contrary to law. Google shall make Mr. Belov available for an additional day of deposition in New York, where he works.

**SO ORDERED.**

                                                          _____
                                                            Hon. Yvonne Gonzalez Rogers