**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

May 8, 2023

**Via ECF**

**Magistrate Judge Virginia K. DeMarchi**
San Jose Courthouse
Courtroom 2 – 5th Floor
280 South 1st Street
San Jose, CA 95113

Re:   *In re Google RTB Consumer Privacy Litig.*, No. 4:21-cv-02155-YGR-VKD (N.D. Cal.)
       Joint Letter Brief re: Account Identifiers (ECF No. 487)

Dear Magistrate Judge DeMarchi:

Plaintiffs and Defendant Google LLC ("Google") submit this joint letter brief regarding two account identifiers that are the subject of the Court's April 14, 2023 Order re Plaintiffs' Motion for Contempt and Sanctions ("Order"). *See* ECF No. 487 at 6-7. The parties conferred on April 27, 2023, and have reached impasse on the issue, as discussed below.

**I.     PLAINTIFFS' POSITION**

On April 14, 2023, the Court unambiguously ordered Google to produce three specific account identifiers – Google Account ID ▉▉▉▉▉▉, Google User ID ▉▉▉▉▉▉, and "joining keys" – for all prior and future productions of named plaintiff data. Order at 7. The Order followed plaintiffs' submission of evidence of Google's logging of certain identifiers (ECF 458-3 at Ex. 1 (under seal)), and Google's admission in open court that these three data fields exist for the named plaintiffs and can be produced without undue burden, as specifically acknowledged in the Order itself. *See* Order at 7.

Notwithstanding this clear directive from the Court, on April 25, 2023, Google advised plaintiffs that it was not going to produce *any* of the three data fields called for in the Order, and would instead simply add each plaintiffs' name to whatever other information Google produced. Google subsequently said that it would produce the ▉▉▉▉▉▉, but still refuses to produce the ▉▉▉▉▉▉ and joining keys. Google's refusal to comply with the Order as to the two remaining fields is outrageous and contemptuous.[1] Google's transparent effort to avoid compliance by creating a fake "record" that doesn't actually exist in the ordinary course of business should be

---

[1] Notably, Google was also ordered to produce Google User IDs, one of the fields at issue, for all named plaintiff productions (past and future) in the April 14, 2023 Bid Request Field Order, to the extent that Google User IDs are logged. *See* ECF 485 at 4. Given Google's admission during the April 11, 2023 hearing that it does **in fact** log Google User IDs, Google's continued refusal to produce the Google User IDs for the named plaintiffs **violates three Court orders**, including the August 26, 2022 Order which is the genesis of this dispute, as well as the two April 14, 2023 Orders. *See* ECF 314 at 4-5; 485 at 4; 487 at 7.

*In re Google RTB Consumer Privacy Litig.*
May 8, 2023

rejected outright by the Court for the reasons below.

The parties are back because Google disingenuously claims the Order is ambiguous and needs clarification. The Court should recognize this for what it is: Google's improper attempt to persuade the Court to change the Order – all the while delaying production of highly relevant data fields.[2] But Google's claim has no basis. The Order is plain and direct: there is nothing to clarify. At the April 11, 2023 hearing, "Google acknowledged that it could include the Google Account ID, Google User Id, and 'joining keys' without undue burden" and the Court ruled that it "expects that [Google] will do so, including remedying its prior productions that omit this information." Order at 7. The Order is clear.

The Court should also reject Google's latest proposal that instead of producing the crucial account identifiers it was ordered to produce, it merely appends the name of each plaintiff to each bid request and bid response it produces. Not only does this proposal violate the Order, it creates an entirely made-up, fictitious "record" that is *not* part of an RTB auction. The data fields that actually *do* exist and are routinely created as part of an RTB auction are those at issue here: ██████ ██████████ and joining keys. There is no legal or factual basis to allow Google to substitute made-up facts for actual evidence known to exist, and for which Google admits there is no undue burden to produce. There is a serious risk of jury confusion and error as well: Google's made-up "record" of plaintiffs' actual names does not actually exist in the data, rendering the record evidence of what personal information about the named plaintiffs is used in connection with RTB auctions misleading, erroneous, and confusing.

The Court should affirm the Order because what Google is proposing as an alternative would exacerbate the very evidentiary issues that the Order solves. At the April 11, 2023 hearing, plaintiffs raised the evidentiary issues created by the manner in which Google was producing named plaintiff data in terms of the authenticity and admissibility of that data at trial and use during depositions of Google employees. Google is producing named plaintiff data in pieces, with only a query id to link it all together, and then telling plaintiffs they should put the pieces back together themselves. *See* Order at 6. While this could theoretically be done, it requires plaintiffs to "create" an inadmissible discovery item that Google did not produce, and that no Google employee would ever be able to authenticate or testify about. **The Order solves this evidentiary problem by requiring Google to produce the actual account identifiers that Google *admits exist* and can be produced without undue burden**.

Finally, Google's alternative proposal should be rejected because it is highly prejudicial to plaintiffs in that it would allow Google to avoid producing evidence that undermines its anticipated defense that what is shared in RTB auctions is not "personal information." The account identifiers

---

[2] As of this writing, **Google has not produced any additional data items** that it was ordered to produce in ECF 481, 483, 485, 487. Google represented that it expected to re-produce the data it had previously produced with the additional fields set forth in the Court's recent orders, where available, and inclusive of fields Google voluntarily agreed to produce in prior correspondence, by April 28, 2023, but Google has not done so due to unspecified "technical" issues. Google's assertion, below, that it is "already complying" with the Court's prior mandates is demonstrably false. It plainly is not.

*In re Google RTB Consumer Privacy Litig.*
May 8, 2023

that Google is fighting so hard not to produce demonstrate that the information shared in RTB auctions is in fact personal information and that this information sharing is common to the entire class.



Google's latest argument about the Google User / ▮▮▮▮ intentionally leads the Court astray, and Google's latest claim that ▮▮▮▮▮▮▮▮▮▮ is false. *See* ECF 366 at Ex. 1 at pp. 47-48 (under seal); ECF 458-3 at Ex. 1 (under seal). What Google is talking about in its section of this brief is not the ▮▮▮ or Google User ID, but an encrypted version of that ID that is sent to each RTB bid participant. Whether this version ▮▮▮▮▮▮ is beside the point, as confirmed by Google employee Glenn Berntson. During his deposition, Berntson confirmed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Berntson Tr. at 194. Berntson went on to confirm that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id*. at 198. The Court should reject Google's latest effort to sow confusion where none truly exists. The ▮▮▮ or Google User ID is the ▮▮▮▮▮ that is in fact logged, as Google well knows, not the per bidder encrypted version of that.

As to joining keys, Google's claimed confusion is equally disingenuous. Joining keys were discussed throughout the sanctions briefing and during oral arguments; at no point did Google claim this was a confusing term. *See* Apr. 11 Hearing Tr. at 57-58. In fact, the term and description for "joinability key" comes from Google's own documents. *E.g.*, GOOG-HEWT-00192220 at 2226 (referencing "▮▮▮▮▮▮▮▮▮▮▮"); GOOG-HEWT-004000582 at 0585 ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Joining keys are an important link in the data flow from the RTB auction to the account information for each Google account holder. Google is of course well aware of the joining keys and the purpose they serve in linking RTB auction data with individual Google accounts. Google's belated, after-the-fact insistence that it is plaintiffs' burden to "identify the 'joinability keys'" is contrary to the law and turns discovery on its head. Google (and its counsel) have "superior access to all the evidence needed in this case." *See In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 18-MD-02843-VC, 2023 WL 1871107, at *28 (N.D. Cal. Feb. 9, 2023).

The ▮▮▮▮▮ and joining keys are some of the most important evidence in plaintiffs' case; on the merits, because they show that personal information is included in RTB auctions, and for class certification, because they show that the information was shared in the same way. This is why Google has been fighting tooth-and-nail to avoid being compelled to produce it. The Court has now issued **three discovery orders** requiring Google to produce these fields, each more specific than the last. There is no any ambiguity or uncertainty about what Google is obligated to produce. It is long past time for Google to produce this information and the Court should compel Google to do so immediately.

**II.   GOOGLE'S POSITION**

Plaintiffs seek to rehash their failed motion for sanctions ("Sanctions Motion") concerning Google's production of "verticals information" for the named Plaintiffs. In its order denying the Sanctions Motion, ECF No. 488 (the "Sanctions Order"), the Court directed Google to "take care that all of its productions of named plaintiffs data can be easily correlated, and it must include the

*In re Google RTB Consumer Privacy Litig.*
May 8, 2023

fields *necessary* to accomplish that result." *Id.* at 7 (emphasis added). Although Plaintiffs concede they can use the query ID Google has already produced to join data sets, Google has taken further steps to address this issue. Specifically, Google has told Plaintiffs that it will include the relevant Plaintiff's name and associated Google Account ID ▮▮▮▮▮▮▮▮, where available, in all data productions, including reproducing the previously-produced verticals data to include this information. Despite that commitment, Plaintiffs seize on a misunderstanding in a single sentence from the Sanctions Order to demand production of two unnecessary and irrelevant categories of information mentioned in passing in the Sanctions Motion: the "Google User ID" and unspecified "joining keys." The Court should deny Plaintiffs' demands, which are unnecessary to advance the purpose of the Sanctions Order, would create conflicts with the Court's other orders, and impose unwarranted burden on Google.

>  **A. Google is fully ensuring that all named Plaintiff data it has produced "can be easily correlated" by including Plaintiffs' names and ▮▮▮▮▮▮▮▮ in all data productions.**

Google is fully complying with the Sanctions Order's mandate that Google produce data such that "named plaintiffs data can be easily correlated." Sanctions Order at 7. As Google has informed Plaintiffs, Google: (1) is reproducing all previously-produced named Plaintiff data with the associated Plaintiff's name and ▮▮▮▮▮▮▮▮, where available, included; and (2) will include Plaintiffs' names and, where available, ▮▮▮▮▮▮▮▮ in its ongoing productions of named Plaintiff data.[3] This will eliminate any difficulties Plaintiffs purportedly had in correlating previously-produced verticals data (which did not have associated names) with productions of named Plaintiff data: they need only look at the name (or alternatively, the ▮▮▮▮▮▮▮▮) associated with each data record. Nothing further is required to satisfy the Court's directive to ensure that "named plaintiffs data can be easily correlated." *Id*.

>  **B. The data fields Plaintiffs demand are not necessary to correlate the data productions, not adequately defined by Plaintiffs, and/or not available.**

Plaintiffs' position relies on "conclusory assertions that the [requested] information is relevant." ECF No. 495 at 3. Specifically, Plaintiffs fail to explain why Google's approach is not sufficient to allow them to correlate named Plaintiff data across different productions and why they would need either the separate "Google User ID" or a "joining key" to accomplish this purpose. Indeed, the Court has already ruled that Google need not produce the Google User ID information in bid requests (specifically identified as "google_user_id" in the data) unless that field is logged—which it is not—and Plaintiffs' vague allusions to "joining keys" fall short of their burden to show Google must produce this field.

**google_user_id.** Plaintiffs have already litigated whether Google must produce this field—and lost. Shortly before the Court issued the Sanctions Order, it ruled on a separately-briefed discovery dispute in which Plaintiffs sought to compel Google to produce google_user_id—the same field they again seek here. ECF No. 486 at 3 (the "Bid Request Order"). The Court ordered that "[i]f Google does log this information, it is within the scope of the Court's

---

[3] Google has worked diligently to address the Court's orders for further production and will be producing responsive data on the date of this filing.

*In re Google RTB Consumer Privacy Litig.*
May 8, 2023

August 26, 2022 order and must be produced," but that "[i]f Google does not log this information, then it need not produce it." *Id.* [REDACTED] That is nonsensical. [REDACTED]

   **"Joining keys."** Aside from their passing reference to a "[REDACTED]" in their prior papers, Plaintiffs cannot even ***identify*** the "joining keys" they say Google must produce, much less their function or necessity.  Google is unaware of any such "joining keys" that are needed to correlate this data, beyond what it has already provided.  Google therefore asked Plaintiffs to specify the keys they seek and explain why they need them during the parties' meet and confer on this dispute.  Plaintiffs could not do so and their request should be denied for this reason alone: Google and the Court are unable to tell even what Plaintiffs are asking for, and to the extent Plaintiffs have something specific in mind that they believe is a necessary "joining key," they have prejudiced Google by failing to provide this information in time for Google to timely consider it and provide the Court with appropriately specific argument.[4]

   Instead of explaining why these fields are needed to correlate the data, Plaintiffs contend Google's proposal will invite a parade of evidentiary horribles, leaving them unable to authenticate or otherwise rely on named Plaintiff data.  These complaints are meritless.  Google does not contest the authenticity of the data it is producing from its internal systems.  And Plaintiffs never raised such concerns when Google previously produced named Plaintiff data with the corresponding Plaintiffs' names appended for ease of identification nearly six months ago in November 2022.  This further underscores that Plaintiffs' objections are a mere pretext for seeking data they cannot even describe, let alone claim to be necessary.

   **C. Google did not previously acknowledge that it could produce the fields Plaintiffs demand.**

   Rather than articulating the relevance of the requested information,  Plaintiffs rely on a statement in the Sanctions Order that Google "acknowledged" it could produce the data fields in dispute during the April 11, 2023 hearing.  Sanctions Order at 7.  However, the transcript of the hearing–which Plaintiffs omit from their position statement–shows Google did not make such an acknowledgement and only proposed that Google investigate whether additional information is available.

---

[4] Google requests that the Court permit Google to respond fully to any arguments Plaintiffs belatedly raise regarding "joining keys," if the Court is inclined to entertain them at all.

Specifically, at that hearing, the Court asked Google's counsel whether Google "could . . . have included in the fields that you were producing as internal website verticals data the Google account ID and Google user ID and any joining keys?" Apr. 11 Hearing Tr. at 57:9-12. Google responded that "we could have included additional fields," but mentioned two caveats about its ability to do so. *Id.* at 57:13-14. First, Google informed the Court, "joinability keys raises separate issues," which were not further discussed at the hearing. *Id.* at 57:16-17. Second, Google did not indicate that the specific categories of information Plaintiffs sought were readily producible. Instead, Google noted that, "we could have included other ways to join," and that "[i]f we're talking about adding some data fields that are available in the data for the same [. . .] – for the same time period – [. . .] we can look into that for sure." *Id.* at 57:21-22, 58:4-11. As noted above, Google has further investigated and has not identified any fields needed to correlate the datasets apart from those it has provided or agreed to provide.

Google respectfully submits that the Court's conclusion that "Google acknowledged that it could include the Google Account ID, Google User ID, and 'joining keys' without undue burden" misapprehends Google's position at the hearing. Accordingly, Google requests that the Court issue an order denying Plaintiffs' motion and clarifying that Google need not produce the latter two categories of information, as they are not necessary to achieve the Sanctions Order's stated goal of ensuring that Plaintiffs may easily correlate Google's data productions and, in the case of the google_user_id, are not logged.[5]

### III.   NECESSITY OF A HEARING

#### A.   Plaintiffs' Position

Plaintiffs do not believe that a hearing is required. The Court has already ordered Google to produce the two account identifiers at issue and need only affirm its prior order.

#### B.   Google's Position

Google does not believe that a hearing is required, since Google has already committed to production of named Plaintiff data in a format that allows for ready correlation of data with the associated Plaintiff.

### IV.   DISCOVERY CUT-OFFS

The Parties' deadline to substantially complete their production of documents in advance of class certification passed on July 11, 2022. The fact discovery cut-off is November 10, 2023, the close of expert discovery is February 9, 2024, and plaintiffs' motion for class certification is due May 23, 2023, although an extension of that deadline has been sought. *See* ECFs 319, 492, 493.

---

[5] Google initially proposed to file a motion for clarification to bring the Court's attention to its stated position at the hearing on the Sanctions Motion, but Plaintiffs insisted filing a joint letter brief to compel production of this data.

*In re Google RTB Consumer Privacy Litig.*
May 8, 2023

### V. COMPLIANCE WITH MEET AND CONFER REQUIREMENT

In compliance with the Court's meet and confer requirements, the parties met and conferred via Zoom on April 27, 2023. On plaintiffs' side, Elizabeth Pritzker, Jonathan Levine, Anne Davis, and An Truong attended. On Google's side, Whitty Somvichian and Kelsey Spector attended.

| | |
|---|---|
| Dated: May 8, 2023 | **PRITZKER LEVINE LLP**<br><br>By: */s/ Elizabeth C. Pritzker*<br>Elizabeth C. Pritzker (SBN 146267)<br>Jonathan K. Levine (SBN 220289)<br>Bethany Caracuzzo (SBN 190687)<br>Caroline Corbitt (SBN 305492)<br>1900 Powell Street, Suite 450<br>Emeryville, CA 94608<br>Tel.: (415) 692-0772<br>Fax: (415) 366-6110<br>ecp@pritzkerlevine.com<br>jkl@pritzkerlevine.com<br>bc@pritzkerlevine.com<br>ccc@pritzkerlevine.com<br><br>*Interim Class Counsel* |
| Dated: May 8, 2023 | **BLEICHMAR FONTI & AULD LLP**<br><br>By: */s/ Anne K. Davis*<br>Lesley E. Weaver (SBN 191305)<br>Anne K. Davis (SBN 267909)<br>Joshua D. Samra (SBN 313050)<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>lweaver@bfalaw.com<br>adavis@bfalaw.com<br>jsamra@bfalaw.com |
| Dated: May 8, 2023 | **SIMMONS HANLY CONROY LLC**<br><br>Jason 'Jay' Barnes (admitted *pro hac vice*)<br>An Truong (admitted *pro hac vice*)<br>Jennifer Paulson (admitted *pro hac vice*)<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016 |

*In re Google RTB Consumer Privacy Litig.*
May 8, 2023

                                                         Tel.: (212) 784-6400
                                                        Fax: (212) 213-5949
                                                        jaybarnes@simmonsfirm.com
                                                        atruong@simmonsfirm.com
                                                        jpaulson@simmonsfirm.com

                                                        ***Counsel for Plaintiffs and the Proposed Class***

Dated: May 8, 2023                          **COOLEY LLP**

                                                       By: */s/ Whitty Somvichian*
                                                       Michael G. Rhodes
                                                       Whitty Somvichian
                                                       Kelsey R. Spector
                                                       Reece Trevor
                                                       Anupam S. Dhillon
                                                       3 Embarcadero Center, 20th floor
                                                       San Francisco, CA 94111-4004
                                                       Tel.: 415-693-2000
                                                       Fax: 415-693-2222
                                                       rhodesmg@cooley.com
                                                       wsomvichian@cooley.com
                                                       kspector@cooley.com
                                                       rtrevor@cooley.com
                                                       adhillon@cooley.com

                                                       Robby L.R. Saldaña
                                                       Khary J. Anderson
                                                       1299 Pennsylvania Avenue NW, Suite 700
                                                       Washington, DC 20004-2400
                                                       Tel.: 202-776-2109
                                                       Fax: 202-842-7899
                                                       rsaldana@cooley.com
                                                       kjanderson@cooley.com

                                                       Attorneys for Defendant
                                                       GOOGLE LLC

*In re Google RTB Consumer Privacy Litig.*
May 8, 2023

## ATTESTATION OF E-FILED SIGNATURE

I, Anne K. Davis, am the ECF user whose identification and password are being used to file this JOINT LETTER BRIEF. Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that all other signatories to this document concurred in its filing.

Executed this 8th day of May, 2023, at Nashville, Tennessee.

*/s/ Anne K. Davis*
Anne K. Davis
