# EXHIBIT A

| | |
|---|---|
| COOLEY LLP | COOLEY LLP |
| MICHAEL G. RHODES (SBN 116127) | ROBBY L.R. SALDAÑA |
| (rhodesmg@cooley.com) | (DC No. 1034981) |
| WHITTY SOMVICHIAN (SBN 194463) | (rsaldana@cooley.com) |
| (wsomvichian@cooley.com) | (*Admitted pro hac vice*) |
| JEFFREY M. GUTKIN (SBN 216083) | KHARY J. ANDERSON (DC No. 1671197) |
| (jgutkin@cooley.com) | (kjanderson@cooley.com) |
| AARTI REDDY (SBN 274889) | (*Admitted pro hac vice*) |
| (areddy@cooley.com) | 1299 Pennsylvania Avenue, NW |
| LAURA M. ELLIOTT (SBN 286702) | Suite 700 |
| (lelliott@cooley.com) | Washington, DC 20004-2400 |
| KELSEY SPECTOR (SBN 321488) | Telephone:  +1 202 776 7800 |
| (kspector@cooley.com) | Facsimile:  +1 202 842 7899 |
| REECE TREVOR (SBN 316685) | |
| (rtrevor@cooley.com) | |
| ANUPAM DHILLON (SBN 324746) | |
| (adhillon@cooley.com) | |
| 3 Embarcadero Center | |
| 20th Floor | |
| San Francisco, California 94111-4004 | |
| Telephone:  +1 415 693 2000 | |
| Facsimile:  +1 415 693 2222 | |

Attorneys for Defendant
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, | Case No. 4:21-cv-02155-YGR-VKD |
| | **GOOGLES LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 91-107)** |
| This Document Relates to: *all actions,* | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S OBJECTIONS & RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

II. **SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS.**

Without waiving or limiting in any manner any of the foregoing General Objections, but rather incorporating them into each of the following responses to the extent applicable, Google responds to the enumerated Requests of Plaintiffs' Fifth Set of Requests for Production of Documents as follows:

**REQUEST FOR PRODUCTION NO. 91:**

Documents sufficient to show the automated process by which Data is selected to be distributed to Google RTB Participants in a Bid Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is vague, ambiguous, and overbroad in its references to "automated process," "selected" and "distributed," as these terms are not self-evident or defined. Google also objects that this Request is cumulative and duplicative of other Requests, including RFP Nos. 22(p) and 25(f), 97, and 98, and because, pursuant to those Requests, Google has already produced documents sufficient to show the functionality of RTB as it relates to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and putative class members' personal or sensitive information to third-party bid request recipients via RTB. Google further objects to this Request to the extent it is premised on inaccurate factual assumptions regarding the flow of data through Google's systems. Google also objects to this Request to the extent it is not limited to U.S. Account Holders or third-party RTB bid request recipients. Google additionally objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared at the direction of legal counsel.

Google also objects that this Request is not the most appropriate or efficient vehicle of discovery for Plaintiffs to obtain the information requested. Moreover, Google objects to this Request as burdensome and harassing to the extent it seeks information regarding maintenance and storage, which the Court has already rejected as irrelevant and outside the scope of discovery. Google also objects to this Request as overbroad, burdensome, and harassing in seeking

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

GOOGLE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

information not proportionately limited in time.

Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 92:**

Documents sufficient to show each step taken by any automated system to select information for distribution to Google RTB Participants in a Google RTB auction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is vague, ambiguous, and overbroad in its references to "any automated system," "select," and "distribution," as these terms are not self-evident or defined. Google also objects that this Request is cumulative and duplicative of other Requests, including RFP Nos. 22(p) and 25(f), 97, and 98, and because, pursuant to those Requests, Google has already produced documents sufficient to describe the functionality of RTB as it relates to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and putative class members' personal or sensitive information to third-party bid request recipients via RTB. Google further objects to this Request to the extent it is premised on inaccurate factual assumptions regarding the flow of data through Google's systems. Google also objects to this Request to the extent it is not limited to U.S. Account Holders or third-party RTB bid request recipients. Google additionally objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared at the direction of legal counsel.

Google additionally objects that this Request is not the most appropriate or efficient vehicle of discovery for Plaintiffs to obtain the information requested. Moreover, Google objects to this Request as burdensome and harassing to the extent it seeks information regarding maintenance and storage, which the Court has already rejected as irrelevant and outside the scope of discovery. Google also objects to this Request as overbroad, burdensome, and harassing in seeking information not proportionately limited in time.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

GOOGLE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 93:**

Documents sufficient to show the Decision-Making Process by which Data is selected to be distributed to Participants in a Bid Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is vague and ambiguous in its references to "selected" and "distributed," as these terms are not self-evident or defined. Google also objects that this Request is cumulative and duplicative of other Requests, including RFP Nos. 22(p), 25(f), 97, and 98, and because, pursuant to certain of those Requests, Google has already produced documents sufficient to describe the functionality of RTB as it relates to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and putative class members' personal or sensitive information to third-party bid request recipients via RTB. Google additionally objects to this Request to the extent it is premised on inaccurate factual assumptions regarding the flow of data through Google's systems. Google also objects to this Request to the extent it is not limited to U.S. Account Holders or third-party RTB bid request recipients.

In addition, Google objects that this Request is not the most appropriate or efficient vehicle of discovery for Plaintiffs to obtain the information requested. Google also objects that this Request is burdensome and harassing to the extent it seeks information regarding maintenance and storage, which the Court has already rejected as irrelevant and outside the scope of discovery. Google further objects to this Request as overbroad, burdensome, and harassing in seeking information not proportionately limited in time. Google additionally objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared at the direction of legal counsel.

Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

GOOGLE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

**REQUEST FOR PRODUCTION NO. 94:**

Documents sufficient to show the various Data inputs (whether from Google or from external sources) into the Decision-Making Process which selects Data to be distributed to Google RTB Participants in a Bid Request, and the sequencing of those Data inputs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is vague and ambiguous in its references to "Data inputs," "external sources," "selects," "distributed," and "sequencing," as these phrases are not self-evident or defined. Google also objects that this Request is cumulative and duplicative of other Requests, including RFP Nos. 14, 22, 25(f) and (h), 97, and 98, and because, pursuant to certain of those Requests, Google has already produced documents sufficient to show the functionality of RTB as it relates to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and putative class members' personal or sensitive information to third-party bid request recipients via RTB. Google further objects to this Request to the extent it is premised on inaccurate factual assumptions regarding the flow of data through Google's systems. Google also objects to this Request to the extent it is not limited to U.S. Account Holders or third-party RTB bid request recipients. Further, Google objects that this Request is not the most appropriate or efficient vehicle of discovery for Plaintiffs to obtain the information requested.

Google objects to this Request as burdensome and harassing to the extent it seeks information regarding maintenance and storage, which the Court has already rejected as irrelevant and outside the scope of discovery. Google also objects to this Request and states that it is overbroad, burdensome, and harassing in seeking information not proportionately limited in time. Google additionally objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared at the direction of legal counsel.

Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

GOOGLE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is vague and ambiguous in its references to "architecture of the software program(s)," "selected" and "sent," as these phrases are not self-evident or defined. Google also objects that this Request is cumulative and duplicative of other Requests, namely RFP Nos. 22(a) and (p), 97, and 98, and because, pursuant to certain of those Requests, Google has already produced documents sufficient to show the functionality of RTB as it relates to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and putative class members' personal or sensitive information to third-party bid request recipients via RTB.

Google also objects to this Request to the extent it is not limited to U.S. Account Holders or third-party RTB bid request recipients. Google also objects that this Request is overbroad, burdensome, and harassing in seeking information not proportionately limited in time. Google additionally objects to this Request to the extent it is premised on inaccurate assumptions regarding the flow of data through Google's systems.

In addition, Google objects that this Request is not the most appropriate or efficient vehicle of discovery for Plaintiffs to obtain the information requested. Google also objects that this Request is burdensome and harassing to the extent it seeks source code, algorithms, or other highly confidential and sensitive Google materials that are not relevant or proportional to Plaintiffs' development of their claims.

Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 97:**

Documents sufficient to show the criteria used when selecting Data to be distributed to Google RTB Participants in a Bid Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is vague and ambiguous in its references to "criteria," "selecting," and "distributed," as these phrases are not self-evident or defined. Google also objects

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

GOOGLE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

that this Request is cumulative and duplicative of other Requests, including RFP Nos. 22(b)-(e) and (g), and 98, and because, pursuant to certain of those Requests, Google has already produced documents sufficient to show the functionality of RTB as it relates to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and putative class members' personal or sensitive information to third-party bid request recipients via RTB.

Google further objects to this Request to the extent it is not limited to U.S. Account Holders or third-party RTB bid request recipients. Google also objects that this Request is overbroad, burdensome, and harassing in seeking information not proportionately limited in time. In addition, Google objects that this Request is not the most appropriate or efficient vehicle of discovery for Plaintiffs to obtain the information requested.

Subject to the foregoing objections, Google agrees to perform a reasonable search and produce non-privileged documents sufficient to show the filters or restrictions that Google actually uses to exclude user-specific data from bid requests to third parties via RTB, if any.

**REQUEST FOR PRODUCTION NO. 98:**

Documents sufficient to show any filters or restrictions used to exclude Data from the set of Data distributed to Google RTB Participants in a Bid Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is vague and ambiguous in its references to "distributed," "filters," "restrictions" and "set of Data," as these phrases are not self-evident or defined. Google also objects that this Request is cumulative and duplicative of other Requests, including RFP Nos. 22(b)-(e) and (g), and 97, and because, pursuant to certain of those Requests, Google has already produced documents sufficient to show the functionality of RTB as it relates to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and putative class members' personal or sensitive information to third-party bid request recipients via RTB. Google further objects to this Request to the extent it is not limited to U.S. Account Holders or third-party RTB bid request recipients. Google further objects that this Request is overbroad, burdensome, and harassing in seeking information not proportionately limited in time.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

GOOGLE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

Google also objects that this Request is not the most appropriate or efficient vehicle of discovery for Plaintiffs to obtain the information requested. In addition, Google objects that this Request is burdensome and harassing to the extent it seeks information regarding maintenance and storage, which the Court has already rejected as irrelevant and outside the scope of discovery.

Subject to the foregoing objections, Google agrees to perform a reasonable search and produce non-privileged documents sufficient to show the filters or restrictions that Google actually uses to exclude user-specific data from bid requests to third parties via RTB, if any.

**REQUEST FOR PRODUCTION NO. 99:**

All Documents and Communications Concerning any restrictions used to exclude Data from the set of Data distributed to Google RTB Participants in a Bid Request, including restrictions that were discussed or proposed but not implemented.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is vague and ambiguous in its references to "restrictions," "set of Data," "distributed," and "discussed or proposed," as these phrases are not self-evident or defined. Google also objects that this Request is cumulative and duplicative of other Requests, namely RFP Nos. 22(b)-(e), (g), and because, pursuant to certain of those Requests, Google has already produced documents sufficient to show the functionality of RTB as it relates to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and putative class members' personal or sensitive information to third-party bid request recipients via RTB.

Google also objects to this Request to the extent that it is not limited to U.S. Account Holders or third-party RTB bid request recipients. In addition, Google objects that this Request is not the most appropriate or efficient vehicle of discovery for Plaintiffs to obtain the information requested. Google further objects that this Request is overbroad, burdensome, and harassing in seeking information not proportionately limited in time.

Further, Google objects that this Request seeks discovery on changes to RTB "that were discussed or proposed but not implemented," which the Court already ruled was outside the scope of discovery. Google additionally objects to this Request to the extent it seeks information protected

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

GOOGLE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

by the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared at the direction of legal counsel.

Subject to the foregoing objections, Google agrees to perform a reasonable search and produce non-privileged documents sufficient to show the filters or restrictions that Google actually uses to exclude user-specific data from bid requests to third parties via RTB, if any. For the avoidance of doubt, Google specifically refuses to produce documents regarding "restrictions that were discussed or proposed but not implemented," which the Court has already ruled is outside the scope of discovery.

**REQUEST FOR PRODUCTION NO. 100:**

Documents sufficient to show how user opt-out signals and/or user consent signals impact the Google RTB Decision-Making Process, including, but not limited to, the following signals: Do Not Track (DNT), Global Privacy Control (GPC), the US Privacy String (defined by the IAB for CCPA, etc. compliance), NIA opt-out cookies (Network Advertising Initiative), IAB Trust and Consent Framework (TCF) signals (used in Europe for GDPR compliance), Android's advertising ID opt-out, and Google's personalized advertising opt-out.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is vague and ambiguous as to the terms and phrases "user opt-out and/or consent signals," "impact," as they are not self-evident or defined. Google also objects to this Request because it is vague, ambiguous, and overbroad as to its use of the phrase "including, but not limited to." Google also objects that this Request is cumulative and duplicative of other Requests, namely RFP Nos. 22(g), (p).

Additionally, Google objects to this Request to the extent it is not limited to U.S. Account Holders or third-party RTB bid request recipients. Google also objects that this Request is overbroad, burdensome, and harassing in seeking information not proportionately limited in time. Google additionally objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege or

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

GOOGLE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

protection, including without limitation because it may seek documents prepared at the direction of legal counsel.

Subject to the foregoing objections, Google agrees to perform a reasonable search and produce non-privileged documents, if any, sufficient to show how the data shared with third party bid request recipients via RTB is impacted when a user opts out of certain signals. For the avoidance of doubt, Google specifically refuses to produce documents regarding such signals that may be deployed outside of the United States, as the putative class in this action is limited to U.S. Account Holders or third-party RTB bid request recipients.

**REQUEST FOR PRODUCTION NO. 101:**

All developer documents provided to Google RTB Participants that explain the structure of Bid Requests and/or how to interpret each piece of Data provided to Participants in a Bid Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is vague and ambiguous in its references to "developer documents," "provided to," and "structure of bid requests," as these phrases are not self-evident or defined. Google also objects that this Request is cumulative and duplicative of other Requests, including RFP Nos. 22, 25(f), and (h).

Google further objects to this Request to the extent it is not limited to U.S. Account Holders or third-party RTB bid request recipients.  Google additionally objects that this Request is overbroad in that it seeks documentation regarding "how to interpret each piece of Data" shared through an RTB bid request, irrespective of whether that information is relevant to the claims or defenses at issue in this litigation.  Google additionally objects to this Request as overbroad, burdensome, and harassing in seeking information not proportionately limited in time.  Google additionally objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared at the direction of legal counsel.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

GOOGLE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIFTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD