May 19, 2023

Magistrate Virginia K. DeMarchi
Courtroom 2 – 5th Floor
San Jose Courthouse
280 South 1st Street
San Jose, CA 95113

Re:   ***In re Google RTB Consumer Privacy Litigation***, No. 4:21-cv-02155-YGR-VKD
       Joint Report Regarding Remaining Privilege Log Disputes

Dear Magistrate Judge DeMarchi:

Pursuant to the Court's March 27, 2023 Order Re Further Proceedings for Resolution of Disputes re Google's Privilege Claims (ECF No. 461), Plaintiffs and Defendant Google LLC ("Google") (together, the "Parties"), by and through their respective counsel of record, hereby jointly submit this report providing the parties' (1) summaries of the current disputes remaining and (2) respective proposals for efficiently resolving all remaining disputes. Consistent with the Court's Order, the parties met and conferred about the remaining disputes on May 17, 2023 but were unable to reach agreement.

**I.    SUMMARY**

   **A.    Plaintiffs' Summary**

Contrary to the Court's March 27 Order requiring Google to "re-review all disputed entries and to *provide more robust information* to support its privilege claims," Google reasserts *the same* deficient descriptions for 3,021 entries. ECF No. 461 at 2. The Court has already found these descriptions insufficient to assess Google's privilege and/or protection ("WP") claims. Given its repeated failure to provide adequate information, Google has waived any claim of privilege and/or protection over these documents. *Burlington v. U.S.*, 408 F.3d 1142, 1149 (9th Cir. 2005); *Loop AI v. Gatti*, 2016 WL 2908415, at *3 (N.D. Cal.) (finding waiver where a party repeatedly and unjustifiably failed to comply with the court's order to provide an adequate privilege log).

Of the entries Google supplemented with additional information, Plaintiffs challenge just 182 entries.

The following (overlapping) challenge categories remain in dispute:

| Category | Challenge Basis | # of Total Disputed Entries | # of Disputed Revised Entries |
|---|---|---|---|
| A | Google has waived its claim of privilege and/or WP by reasserting the same inadequate description. | 3,021 | n/a |
| B | Comments inserted to a Google Doc or presentation, where Google has not identified the underlying document or established that it is, in fact, privileged. *See* ECF No. 423 at 7. | 2,183 | 129 |
| C | For distribution list communications, Google has not shown the communications "were made and maintained in confidence." *Id.* at 12; *e.g.*, Entries #2574 (Google cannot identify the current membership); #5570 (email sent to three lists, whose present membership includes more than 240 non-attorneys). | 37 | 37 |
| D | No attorney identified, and description does not show that the document seeks or reflects legal advice. | 84 | 84 |
| E | A member of Google's legal department is one of many recipients and there is no indication that the primary purpose of the communication was to generate legal advice. | 86 | 24 |
| F | Privilege justification states document concerns legal advice from a member of Google's legal team, but document does not appear to be created by or sent to an attorney. | 2,331 | 74 |
| G | Document withheld but Google has not shown that the privileged portions "are so inextricably intertwined with the rest of the text that they cannot be separated." *U.S. v. Christensen*, 828 F.3d 763, 803 (9th Cir. 2015). | 3,120 | 167 |
| H | Inadequate WP claim. | 5 | 0 |

Plaintiffs' prior briefs provide additional detail regarding these challenges. *See* ECF No. 393, 401.

May 19, 2023
Page 3

### B. Google's Summary

Pursuant to the Court's March 27, 2023 Order, ECF No. 461, Google diligently re-reviewed more than 4,500 additional challenged privilege log entries; produced any documents it could disclose; and provided additional information to support its remaining claims as needed, including by identifying additional attorneys where possible, providing current membership for email distribution lists, and preparing detailed explanations of its claims where "not evident from the other information disclosed for that entry."

Google disputes Plaintiffs' continued challenges:

| Plaintiffs' Challenge | Google's Response |
|---|---|
| A – "Inadequate log entries" | The Court required only that Google re-review the documents specified in ECF No. 461 and log eight categories of information, which Google has done. The Court nowhere required revisions as to every entry, much less held that all Google's prior entries were deficient. See id. at 2. |
| B – Underlying documents on comment notifications | Plaintiffs have no support for their apparent position that a comment notification may only be privileged if the underlying document is privileged, or for their claim that Google must identify underlying documents. |
| C – Distribution List Communications | Google has provided Plaintiffs with the current membership of distribution lists and included "an explanation for why disclosure to the distribution list does not undermine or destroy the confidentiality," as the Court required. |

| | |
|---|---|
| D – Attorney Not Identified | Google included sufficient information to substantiate these privilege assertions, including with additional narratives where necessary. |
| E – Attorney among "many recipients" | Plaintiffs provide no support for their belief that these documents do not contain privileged content or that a document can only be privileged if an attorney is among a small set of correspondents. For entries that contained mailing lists, Google provided Plaintiffs with the further information the Court required. |
| F – Attorney identified in document description but not metadata | An attorney need not appear in a metadata field for a document to seek, contain, or reflect an attorney's legal advice. <br><br> As the Court directed, Google updated its log descriptions to identify attorneys associated with legal advice sought or provided. |
| G – Demand that Google produce all privileged documents with redactions | The claim that a party may not fully withhold privileged documents is meritless. |
| H – "Inadequate" work product assertion | This generic challenge is baseless and conclusory. Google's privilege log speaks for itself. |

## II.   PROPOSALS FOR RESOLVING DISPUTES

### A.   Plaintiffs' Proposal

1.   By May 26, 2023, Google should produce in full the 3,021 documents for which it did not provide supplemental information, as required by the Court's March 27 Order.

May 19, 2023
Page 5

    2.    For the remaining disputed 182 entries, the parties will select a random sample of 50 entries for *in camera* review. The Court may rely on Google's description in its privilege log, Plaintiffs' basis for challenging Google's privilege claim,[1] and *in camera* review to make a privilege/WP determination.

    3.    The parties will repeat Step #2 until the remaining disputes have been resolved.

    **B.**    **Google's Proposal**

Google proposes that the Court resolve all remaining privilege challenges by considering Google's revised consolidated privilege log with reference to the Court's prior orders. The Parties have already briefed at length the quantum and type of information required to sustain an assertion of privilege, and the Court has already considered and ruled on these disputes. *See* ECF Nos. 339, 393, 396, 421, 423. If the Court would find further submissions helpful, Google proposes that the Parties submit a single joint letter brief.

Dated: May 19, 2023

**PRITZKER LEVINE LLP**

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (SBN 146267)
Jonathan K. Levine (SBN 220289)
Bethany Caracuzzo (SBN 190687)
Caroline Corbitt (SBN 305492)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
bc@pritzkerlevine.com
ccc@pritzkerlevine.com

*Interim Class Counsel*

Dated: May 19, 2023

**BLEICHMAR FONTI & AULD LLP**

By: */s/ Joshua D. Samra*
Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
1330 Broadway, Suite 630
Oakland, CA 94612
Tel.: (415) 445-4003

---

[1] Google has refused Plaintiffs' request to attach their basis for challenging individual entries to this report.

                                                Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

Dated: May 19, 2023           **SIMMONS HANLY CONROY LLC**

By: */s/ Jay Barnes*
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Jennifer Paulson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
jpaulson@simmonsfirm.com

Dated: May 19, 2023           **DiCELLO LEVITT LLC**

By: */s/ David A. Straite*
David A. Straite (admitted *pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel.: (646) 933-1000
dstraite@dicellolevitt.com

James Ulwick (admitted *pro hac vice*)
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
julwick@dicellolevitt.com

Dated: May 19, 2023           **COTCHETT, PITRE & McCARTHY LLP**

By: */s/ Nanci E. Nishimura*
Nanci E. Nishimura (SBN 152621)
Brian Danitz (SBN 247403)
Karin B. Swope (admitted pro hac vice)
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel.: (650) 697-6000
Fax: (650) 697-0577
nnishimura@cpmlegal.com
bdanitz@cpmlegal.com

May 19, 2023
Page 7

kswope@cpmlegal.com

Dated: May 19, 2023 **BOTTINI & BOTTINI, INC.**

By: */s/ Yury A. Kolesnikov*
Francis A. Bottini, Jr. (SBN 175783)
Yury A. Kolesnikov (SBN 271173)
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Tel.: (858) 914-2001
Fax: (858) 914-2002
fbottini@bottinilaw.com
ykolesnikov@bottinilaw.com

*Counsel for Plaintiffs and the Proposed Class*

Dated: May 19, 2023 **COOLEY LLP**

By: */s/ Whitty Somvichian*
Michael G. Rhodes
Whitty Somvichian
Kelsey R. Spector
Reece Trevor
Anupam S. Dhillon
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Tel.: 415-693-2000
Fax: 415-693-2222
rhodesmg@cooley.com
wsomvichian@cooley.com
kspector@cooley.com
rtrevor@cooley.com
adhillon@cooley.com

Robby L.R. Saldaña
Khary J. Anderson
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Tel.: 202-776-2109
Fax: 202-842-7899
rsaldana@cooley.com
kjanderson@cooley.com

Attorneys for Defendant
GOOGLE LLC

May 19, 2023
Page 8

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)

I, Joshua D. Samra, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th of May, 2023, at San Francisco, California.

<i>/s/ Joshua D. Samra</i><br>
Joshua D. Samra