Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
Caroline Corbitt (Cal Bar. No. 305492)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*
*ccc@pritzkerlevine.com*

*Interim Class Counsel*

*[Additional Counsel Appear on Signature Page]*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| *In re Google RTB Consumer Privacy Litigation*,<br><br>This document applies to: *all actions.* | Case No. 4:21-cv-02155-YGR-VKD<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL MATERIALS AT-ISSUE IN THE PARTIES' JOINT REPORT REGARDING REMAINING PRIVILEGE LOG DISPUTES**<br><br>**Civil L.R. 7-11**<br><br>Magistrate Judge Virginia K. DeMarchi<br><br>Hearing Date:   None set. |

1  Pursuant to Civil Local Rule 7-11, Magistrate Judge Virginia K. DeMarchi's Standing Order for Civil Cases, the Court's March 27, 2023 Order Re Further Proceedings for Resolution of Disputes re Google's Privilege Claims (ECF No. 461), and for the reasons set forth herein and in the accompanying Declaration of Joshua D. Samra ("Samra Decl."), Plaintiffs respectfully request that the Court permit the filing of supplemental materials relating to the parties' Joint Report Regarding Remaining Privilege Log Disputes, filed this same date (the "Joint Report"). The supplementary materials are attached as Exhibits 1 and 2 to the Samra Declaration.

Plaintiffs seek leave to present these materials to the Court so that it may review Plaintiffs' bases for challenging Google's claims of privilege and/or work-product protection over individual entries. Plaintiffs' Exhibits comply with the Court's March 27 Order, requiring the parties "attach a copy of the entries on Google's privilege log that remain in dispute" (ECF No. 461 at 3), and the Court's Standing Order for Civil Cases, requesting that parties include as an attachment to joint discovery letter briefs "the specific discovery material at issue *and the responses*" thereto (Standing Order at 4(c)(IV) (emphasis added)). Plaintiffs' Exhibits reflect the privilege log entries that remain in dispute, including Google's log entries and Plaintiffs' bases for challenging Google's claims of privilege and/or work-product protection over each entry. **Exhibit 1** provides this information for the 3,021 entries for which Google did not supplement with additional information following the Court's March 27 Order, and as Plaintiffs argue, Google has thus waived any claim of privilege and/or protection. **Exhibit 2** includes this information for the remaining 182 disputed entries on Google's privilege log, for which Google supplemented its log entries with additional information. Samra Decl., ¶ 4–5.

On May 16, 2023, Plaintiffs identified to Google their bases for challenging Google's claims of privilege and/or work-product protection over specific entries remaining on its privilege log. *Id.*, ¶ 7. On May 17, 2023, Plaintiffs discussed with Google including this information in an attachment to the Joint Report but Google would not agree to attach any exhibit that included Plaintiffs' bases for challenging Google's privilege claims—*i.e.*, the information that is listed in Column K of Plaintiffs' Exhibits 1 and 2. *Id.*, ¶ 8.

1       Without Plaintiffs' bases for dispute, Google's descriptions of the document and its explanation for why the document is privileged go unanswered. Such a result would unfairly prejudice Plaintiffs because it does not allow the Court the opportunity to consider Plaintiffs' responses to Google's privilege assertions. Google argues that including Plaintiffs' bases for dispute would unfairly exceed the 500-word limit for the Joint Report (ECF No. 461 at 3) and that the Court's Standing Order only permits including Google's "privilege log" as an attachment (Standing Order 4(c)(vi)). But Google's proposed "privilege log" includes columns for Google's "Privilege Description," "Additional explanation of the basis for the claim of privilege or protection," and "Additional Information re: distribution lists," which together exceed 42,000 words of argument. Samra Decl., ¶ 6. The entries include, for example, argument by Google that "[d]isclosure" of a document "to [distribution] lists did not break confidentiality because the members of these groups needed to know the information in order to act upon the legal advice sought and reflected therein." Ex. 2 at 1 (Entry #867 at Column J). They also include conclusory statements about the privileged status of documents—such as, "comment notification, aggregating comments contained in a privileged document." Ex. 2 at 3 (Entry #2468 at Column I). The Court should be able to review Plaintiffs' responses to Google's claims of privilege and/or work-product protection over such entries before issuing an order regarding the propriety of Google's claims.

      Providing the Court with Plaintiffs' bases for dispute also promotes judicial efficiency. Without this information, the Court would have to work out what issues apply to the at-issue entry before deciding whether Google's claims of privilege are proper. The Court will, no doubt, be able to make that determination more efficiently if it has the benefit of seeing why the entry is disputed.

      Given that the disputed privilege log entries are the subject of the joint report and Plaintiffs' Exhibits include the reason why the entries are disputed, Plaintiffs respectfully ask the Court to grant Plaintiffs' requests to submit the attached Exhibits as supplementary material.

//

//

//

| | | |
|---|---|---|
| 1 | DATED: May 19, 2023 | Respectfully submitted, |
| 2 | | **PRITZKER LEVINE LLP** |
| 3 | | By: */s/ Elizabeth C. Pritzker* |
| 4 | | Elizabeth C. Pritzker (Cal. Bar No.146267) |
| 5 | | Jonathan K. Levine (Cal. Bar No. 220289)<br>Bethany Caracuzzo (Cal. Bar No. 190687) |
| 6 | | Caroline Corbitt (Cal. Bar No. 305492)<br>1900 Powell Street, Ste. 450 |
| 7 | | Emeryville, CA 94608<br>Tel.: (415) 692-0772 |
| 8 | | Fax: (415) 366-6110<br>*ecp@pritzkerlevine.com* |
| 9 | | *jkl@pritzkerlevine.com*<br>*bc@pritzkerlevine.com* |
| 10 | | *ccc@pritzkerlevine.com* |
| 11 | | ***Interim Class Counsel*** |
| 12 | | **BLEICHMAR FONTI & AULD LLP** |
| 13 | | |
| 14 | | By: */s/ Joshua D. Samra*<br>Lesley Weaver (SBN 191305) |
| 15 | | Anne K. Davis (SBN 267909)<br>Joshua D. Samra (SBN 313050) |
| 16 | | 1330 Broadway, Suite 630<br>Oakland, California 94612 |
| 17 | | Tel.: (415) 445-4003 |
| 18 | | Fax: (415) 445-4020<br>*lweaver@bfalaw.com* |
| 19 | | *adavis@bfalaw.com*<br>*jsamra@bfalaw.com* |
| 20 | | |
| 21 | | **SIMMONS HANLY CONROY LLC**<br>Jason 'Jay' Barnes (admitted *pro hac vice*) |
| 22 | | An Truong (admitted *pro hac vice*)<br>Jenny Paulson (admitted *pro hac vice*) |
| 23 | | 112 Madison Avenue, 7th Floor<br>New York, NY 10016 |
| 24 | | Tel.: (212) 784-6400<br>Fax: (212) 213-5949 |
| 25 | | *jaybarnes@simmonsfirm.com* |
| 26 | | *atruong@simmonsfirm.com*<br>*jpaulson@simmonsfirm.com* |
| 27 | | **DiCELLO LEVITT LLC** |
| 28 | | David A. Straite (admitted *pro hac vice*) |

485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*

James Ulwick (admitted *pro hac vice*)
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*julwick@dicellolevitt.com*

**COTCHETT PITRE & MCCARTHY, LLP**
Nancy E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal Bar. No. 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road
Burlingame, CA 94010
Tel.: (650) 697-6000
*nnishimura@cpmlegal.com*
*bdanitz@cpmlegal.com*
*kswope@cpmlegal.com*

**BOTTINI & BOTTINI INC.**
Frances A. Bottini, Jr. (Cal. Bar No. 175783)
Yuri A. Kolesnikov (Cal. Bar. No. 271173)
7817 Ivanhoe Ave., Ste. 102
LA Jolla, CA 92037
Tel.: (848) 914-2001
*fbottini@bottinilaw.com*
*ykolesnikov@bottinilaw.com*

*Counsel for Plaintiffs and the Proposed Class*

Case No. 4:21-cv-02155-YGR-VKD
PLAINTIFFS' ADMIN. MOT. FOR
LEAVE TO FILE SUPP. MATERIALS AT-ISSUE IN JOINT REPORT

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, Joshua D. Samra, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct. Executed this 19th day of May, 2023, at San Francisco, California.

/s/ *Joshua D. Samra*
Joshua D. Samra