COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE LLC'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (ECF NO. 518)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE LLC'S RESP. TO SEALING MOT.
(ECF NO. 518)
CASE NO. 4:21-CV-02155-YGR-VKD

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3), Google LLC ("Google") respectfully submits this Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 518) in connection with the Status Update re Remaining Privilege Log Disputes (ECF No. 519) (the "Status Update").

The cited portions of Exhibit 1 to the Declaration of Joshua D. Samra in support of the Status Update ("Exhibit 1 to the Samra Declaration") reflect confidential information of Google employees, disclosure of which may subject them to unsolicited contact and harassment. As set forth below and in the accompanying Declaration of Laura M. Elliott ("Elliott Decl."), Google confirms the confidentiality of this information. Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below:

| Document | Text to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| Exhibit 1 to the Samra Declaration (ECF No. 519) | Highlighted columns ("E-Mail From/Author/Custodian" and "Recipient(s)" columns) | Google |

## I.   LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the information is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

Briefing for a discovery motion is non-dispositive, and thus the good cause standard applies here. *See, e.g.*, *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-cv-02306-EDL, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("Because the sealing requests were made in conjunction with a nondispositive discovery motion, a showing under the good cause standard will suffice."); *Calhoun*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE LLC'S RESP. TO SEALING MOT.
(ECF NO. 518)
CASE NO. 4:21-CV-02155-YGR-VKD

*v. Google*, No. 20-cv-05146, ECF No. 327, at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case"). The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824-BLF, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)). Notably, under this standard, "[r]ecords attached to nondispositive motions are not subject to the strong presumption of access." *TVIIM, LLC v. McAfee, Inc.*, No. 13-cv-04545-HSG, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) (citation omitted).

**II.  GOOD CAUSE WARRANTS SEALING A PORTION OF EXHIBITS 1 AND 2 TO THE JOINT LETTER BRIEF**

Google asks this Court to seal two columns of Exhibit 1 to the Samra Declaration that contain the names and email addresses of Google employees. Under the good cause standard, Google's sealing request should be granted.

As an initial matter, the proposed redactions to Exhibit 1 to the Samra Declaration are narrowly tailored to encompass only the specific portion that qualifies as confidential information, and therefore do not "unduly limit[] public access." *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST-NC, 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

Good cause exists to warrant sealing the identified portions of Exhibit 1 to the Samra Declaration. Specifically, Exhibit 1 includes the names and email addresses of current and former Google employees. These individual employees are not parties to this action, and their names and contact information are not germane to the resolution of the parties' pending discovery dispute. Moreover, public disclosure of these employees' personal information could subject them to unsolicited contact from the public or harassment. Courts in this District routinely grant requests to seal this type of information to protect employees' privacy. *See, e.g.*, *Klein v. Meta Platforms, Inc.*, 2022 U.S. Dist. LEXIS 44076, at *12 (N.D. Cal. Mar. 11, 2022) (sealing "current and former employees' names, initials, and contact information to protect these employees' privacy interests").

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE LLC'S RESP. TO SEALING MOT.
(ECF NO. 518)
CASE NO. 4:21-CV-02155-YGR-VKD

The Court should do the same here, as it has done for similar information filed under seal in this litigation. *See, e.g.*, ECF No. 361.

### III. CONCLUSION

For the foregoing reasons, Google respectfully requests the Court seal the aforementioned portions of Exhibit 1 to the Samra Declaration.

Dated: May 19, 2023               COOLEY LLP


                                  By: */s/ Laura M. Elliott*
                                       Laura M. Elliott

                                  Attorney for Defendant
                                  GOOGLE LLC

286239695

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE LLC'S RESP. TO SEALING MOT.
(ECF NO. 518)
CASE NO. 4:21-CV-02155-YGR-VKD