COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 247889)
(areddy@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, <br><br> This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD <br><br> **GOOGLE LLC'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL MATERIALS AT-ISSUE IN THE PARTIES' JOINT REPORT REGARDING REMAINING PRIVILEGE LOG DISPUTES (ECF NO. 521)** <br><br> Civ. L.R. 7-11 <br><br> Judge: Hon. Virginia K. DeMarchi <br> Hearing Date: None Set |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO MOTION FOR
LEAVE TO FILE SUPPL. MATERIAL
CASE NO. 4:21-CV-02155-YGR-VKD

1    Defendant Google LLC ("Google") respectfully urges the Court to deny Plaintiffs' Administrative Motion for Leave to File Supplemental Materials At-Issue in the Parties' Joint Report Regarding Remaining Privilege Log Disputes (the "Motion"), ECF No. 521. Plaintiffs seek to file versions of Google's privilege log annotated with their arguments regarding the privileged status of over 3,200 documents. The materials Plaintiffs seek to file were not required by the Court's March 27, 2023 order governing Google's re-review of the documents at issue is this dispute, ECF No. 461 (the "Re-Review Order"). On the contrary, the Motion is an attempt to circumvent the Court's word limit for the joint submission required by the Re-Review Order. Plaintiffs' unilateral filing of their own argumentative versions of Google's privilege log would prejudice Google and serve no valid purpose—much less a necessary one.

First, the Motion disregards the plain language of the Re-Review Order, which Plaintiffs gloss over. The Court unambiguously instructed the parties to "jointly file a status report" of no more than 1,000 words "that (1) summarizes the *current* disputes remaining," "(2) provides their agreed or respective proposal(s) for efficiently resolving *all* remaining disputes," and (3) "attach[es] **a copy of the entries on Google's privilege log** that remain in dispute." *Id.* at 3 (emphasis added). Plaintiffs' annotations and arguments go far beyond "a copy of the entries on Google's privilege log" (which is indeed appended to the status report, *see* ECF No. 518-2) and were not required by the Re-Review Order. This is a blatant attempt by the Plaintiffs to exceed the 1,000-word limit imposed by the Court to summarize the remaining disputes. *Id.* The Court did not direct the parties to submit argument as to each of Plaintiffs' remaining challenges. Instead, the Court limited the parties to a 1,000-word summary of their remaining disputes and submission of the challenged log entries. Plaintiffs attempt to sidestep the Re-Review Order by characterizing the required status update regarding Google's privilege log as a joint discovery letter brief. *See* Mot. at 2. But this is not what the Court ordered.

Second, and relatedly, Plaintiffs attempt to short-circuit the dispute resolution process and prejudice Google by presenting document-by-document argument to which Google will have no chance to respond. Plaintiffs protest that they will be the ones prejudiced if the Court does not grant their Motion, but that argument relies on a mischaracterization of Google's Court-mandated

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

GOOGLE'S RESPONSE TO MOTION FOR
LEAVE TO FILE SUPPL. MATERIAL
CASE NO. 4:21-CV-02155-YGR-VKD

entries on its privilege log as "argument." Mot. at 3. The Re-Review Order required Google to list this information on its privilege log, while making no provision for a response by Plaintiffs at this juncture. Yet Plaintiffs argue that the Court should review their arguments for each document, with no chance for Google to be heard in response. This procedure is unfair and serves only as an attempt to submit extensive unrebutted argument before the Court has even ruled on what further proceedings, if any, it will conduct on this matter.

For the foregoing reasons, Google respectfully requests the Court reaffirm the clear text of the Re-Review Order and deny Plaintiffs' Motion.

Dated: May 23, 2023                                     COOLEY LLP


                                                        By: /s/ Whitty Somvichian
                                                            Whitty Somvichian

                                                        Attorney for Defendant
                                                        GOOGLE LLC

286335072

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S RESPONSE TO MOTION FOR
LEAVE TO FILE SUPPL. MATERIAL
CASE NO. 4:21-CV-02155-YGR-VKD