1
2
3
4                            UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    IN RE GOOGLE RTB CONSUMER                Case No.  21-cv-02155-YGR   (VKD)
     PRIVACY LITIGATION
8
                                             **ORDER RE SEALING OF HEARING**
9                                            **TRANSCRIPTS**

10                                           Re: Dkt. Nos. 460, 501

11

12

13           Google asks the Court to seal portions of transcripts of discovery hearings held before the

14   undersigned on December 6, 2022 (Dkt. No. 460) and January 31, 2023 (Dkt. No. 501), and to

15   make partially redacted versions available for the public to access.  Plaintiffs do not oppose either

16   motion.

17           There is a strong presumption in favor of access by the public to judicial records and

18   documents accompanying dispositive motions that can be overcome only by a showing of

19   "compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. of*

20   *Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citation omitted).

21   However, the presumption does not apply equally to a motion addressing matters that are only

22   "tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809

23   F.3d 1092, 1101 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct.

24   38 (2016).  A party seeking to seal documents or information in connection with such a motion

25   must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c).  *Id*. at 1098-99; *Kamakana*,

26   447 F.3d at 1179-80.

27           The hearings and underlying discovery disputes do not address the merits of the parties'

28   claims or defenses, and the Court therefore applies the "good cause" standard of Rule 26(c).

United States District Court
Northern District of California

Google represents that the portions of each transcript it asks the Court to seal "references technical details and identifiers related to highly sensitive data logs and data systems that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors." Dkt. No. 460-1 at 3; *see also* Dkt. No. 501-1 at 3 (same). The Court conducted the December 6, 2022 hearing under seal, finding good cause to seal the hearing due to extensive discussion of these matters.[1] Moreover, the Court has previously ordered material pertinent to these hearings sealed. *See* Dkt. No. 384. Although the January 31, 2023 hearing was not conducted under seal, the limited portions of that transcript Google asks the Court to seal reflect the same material at issue in the December 6, 2022 hearing.

Accordingly, good cause appearing, the Court grants Google's request to seal the following portions of the December 6, 2022 hearing transcript and the January 31, 2023 hearing transcript:

| Document | Portions to be Sealed |
|---|---|
| December 6, 2022 Hearing Transcript | Portions Highlighted on Dkt. No. 460-3 at: 10, 13-21, 28, 31, 34-35, 37-42, 44-45, 52- 59, 61-62, 64-75, 79-80, 83-86, 88, 90-92, 96-98 |
| January 31, 2023 Hearing Transcript | Portions Highlighted on Dkt. No. 501-3 at: 52:1-2 |

The Clerk of Court is directed to make Dkt. Nos. 460-2 and 501-2 available to the public as each document reflects redacted versions of the transcripts sealed pursuant to the above discussion. This order terminates Dkt. Nos. 460 and 501.

**IT IS SO ORDERED.**

Dated: May 23, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] The material at issue is also subject to a protective order in another matter, *Calhoun v. Google*, No. 21-cv-05146.

2