UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR   (VKD)<br><br>**ORDER RE SEALING RE PLAINTIFFS' MOTION FOR CONTEMPT AND SANCTIONS**<br><br>Re: Dkt. No. 488 |

In connection with Plaintiffs' motion for contempt and discovery sanctions (Dkt. No. 431), the parties have filed several administrative motions asking the Court to consider whether material pertinent to this series of briefing should be sealed.  *See* Dkt. Nos. 447, 456, 458, 469.  The administrative motions concern material contained in Google's opposition brief and supporting declarations (Dkt. No. 448), Plaintiffs' reply brief (Dkt. No. 457), and a supporting declaration to Plaintiffs' reply ("Weaver declaration") (Dkt. No. 459).

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016).  A party seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c).  *Id*. at 1098-99; *Kamakana*, 447 F.3d at 1179-80.

1  The underlying motion for contempt and discovery sanctions does not address the merits of
2  the parties' claims or defenses, and the Court therefore applies the "good cause" standard of Rule
3  26(c).
4  Google represents that the material at issue includes "Google's highly confidential and
5  proprietary information regarding highly sensitive features of Google's internal systems and
6  operations, including various types of Google's internal logs and their proprietary functionalities,
7  as well as internal metrics, that Google maintains as confidential in the ordinary course of its
8  business and that is not generally known to the public or Google's competitors." Dkt. No. 447-1 ¶
9  2; *see also* Dkt. No. 469-1 ¶ 5 (similar). Additionally, Google says that the requested redactions
10 are narrowly tailored to cover only the sensitive information. Finally, Google says that "public
11 disclosure would place Google at risk of irreparable harm because these [documents] may reveal
12 Google's internal strategies, system designs, and business practices" and may "create[] a serious
13 cybersecurity risk as third parties may seek to use this information to compromise Google's data
14 sources." Dkt. No. 447-1 ¶¶ 5-6; *see also* Dkt. No. 469-1 ¶¶ 6-7 (same). Plaintiffs do not oppose
15 sealing the material at issue.
16 The Court has reviewed the exhibits, briefs, and declarations at issue, and finds that good
17 cause supports sealing this material. Accordingly, the following documents and document
18 portions shall remain under seal on the docket:

| Document | Portions to be Sealed |
|---|---|
| Google's Opposition Brief (Dkt. No. 448) | Portions highlighted on Dkt. No. 447-2 at 1-5, 10-12 |
| Belov Declaration ISO Google's Opposition Brief (Dkt. No. 448-1) | Portions highlighted on Dkt. No. 447-3 at 2 |
| Somvichian Declaration ISO Google's Opposition Brief (Dkt. No. 448-2) | Portions highlighted on Dkt. No. 447-4 at 2 |

| | |
|---|---|
| Exhibits A-F to Somvichian Declaration (Dkt. Nos. 448-3 through 448-8) | Entirety |
| Plaintiffs' Reply Brief (Dkt. No. 457) | Portions highlighted on Dkt. No. 469-3 at 8-9 |
| Weaver Declaration ISO Plaintiffs' Reply Brief (Dkt. No. 459) | Portions highlighted on Dkt. No. 469-5 at 1-2 |
| Exhibit 1 to Weaver Declaration (Dkt. No. 459-1) | Entirety |

Public versions of the parties' papers are already on the public docket, *see* Dkt. Nos. 448, 457, 469, and thus, no further action is required of the parties. This order terminates Docket Numbers 447, 456, 458, and 469.

**IT IS SO ORDERED.**

Dated: May 23, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge

3