COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, <br><br> This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD <br><br> **GOOGLE'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE JOINT REPORT REGARDING FURTHER PRODUCTION OF NAMED-PLAINTIFF DATA** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S ADMIN.
MOTION TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3), Google LLC ("Google") respectfully submits this Administrative Motion ("Administrative Motion") to Seal Portions of the Joint Report Regarding Further Production of Named-Plaintiff Data ("Joint Report") (ECF No. 529).

As the Court has recognized in previously sealing the logs and identifiers at issue here, portions of the Joint Report reflect confidential information. As set forth below and in the accompanying Declaration of Reece Trevor in support of Google's Administrative Motion ("Trevor Decl."), Google confirms the confidentiality of these portions. Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below:

| Document | Text to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| Joint Report Regarding Further Production of Named-Plaintiff Data ("Joint Report") | Portions highlighted at page(s): 1 | Google |

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the information is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). Briefing for a discovery motion is non-dispositive, and thus the good cause standard applies here. *See, e.g.*, ECF No. 453 ("The underlying discovery dispute does not address the merits of the parties' claims or defenses, and the Court therefore applies the 'good cause' standard of Rule 26(c)."); *Calhoun v. Google*, No.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S ADMIN.
MOTION TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

20-cv-05146, ECF No. 327, at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."). The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

### III.    GOOD CAUSE WARRANTS SEALING OF PORTIONS OF THE JOINT REPORT

Google respectfully asks this Court to seal portions of the Joint Report, which reflect sensitive details concerning Google's internal data logs and data systems. Pursuant to the good cause standard, Google's sealing request is warranted.

As an initial matter, the proposed redactions to the Joint Report are narrowly tailored to encompass only the specific portions that qualify as confidential information and therefore do not "unduly limit[] public access." *ASUS Comput. Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST-NC, 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

Good cause exists to grant Google's sealing requests. **First**, the portions of the Joint Report that Google seeks to redact contain information about technical details and identifiers related to highly sensitive data logs and data systems that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors. (Trevor Decl. ¶ 4.) Specifically, such confidential and proprietary information contains details pertaining to Google's advertising products and their proprietary functionalities, data infrastructure, logs, and metrics. (*Id.*) **Second**, public disclosure of technical details regarding identifiers related to Google's highly sensitive data logs and data systems place Google at risk of irreparable harm because these may reveal Google's internal strategies, system designs, and business practices for operating and maintaining many of its important proprietary services. (*Id.* ¶ 5.) This creates a serious cybersecurity risk as third parties may seek to use this information to compromise Google's data sources, including data logs, internal data structures, and internal identifier systems. (*Id.* ¶ 6.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S ADMIN.
MOTION TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

As such, Courts in this District routinely seal references to data systems and logs. In fact, across multiple orders, the Court maintained under seal the very information that Google seeks to protect here. *See* ECF Nos. 384, 485, 524. The Court has likewise sealed other comparable information and descriptions of internal logs. ECF Nos. 186 (sealing descriptions of data sources), 327 (sealing portions concerning Google's data signals, internal strategy, and business practices described in Plaintiffs' declaration in support of briefing regarding damages discovery filed as ECF No. 317). *See also, e.g.*, *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems); *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, ECF No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system).

Consistent with these authorities, Google respectfully requests that the Court seal the aforementioned portions of the Joint Report.

IV. **CONCLUSION**

For the foregoing reasons, Google respectfully requests the Court seal portions of the Joint Report.

Dated: May 24, 2023                              COOLEY LLP

                                                 By: */s/ Whitty Somvichian*
                                                     Whitty Somvichian

                                                 Attorneys for Defendant
                                                 GOOGLE LLC

286475327

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S ADMIN.
MOTION TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD