UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR (VKD)<br><br>**ORDER RE SEALING**<br>Re: Dkt. Nos. 429, 430, 434, 444 |

In connection with three discovery disputes (Dkt. Nos. 429, 430, 434), the parties have filed several administrative motions asking the Court to consider whether material pertinent to the disputes should be sealed. *See* Dkt. Nos. 428, 433, 440, 445. In addition, further administrative motions were filed addressing whether material submitted in connection with the parties' sealing requests should itself be sealed. *See* Dkt. Nos. 444, 455. The administrative motions generally concern Google's "technical details and identifiers related to highly sensitive data logs and data systems." Dkt. No. 440 at 3. Plaintiffs oppose Google's sealing requests and dispute that the material warrants sealing because, they argue, Google has not made a "particularized showing of good cause and specific prejudice" that would result from disclosure of the material at issue. Dkt. No. 445 at 1.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809

1  F.3d 1092, 1101 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016).  A party seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c).  *Id*. at 1098-99; *Kamakana*, 447 F.3d at 1179-80.

Google's requests for a sealing order concern discovery disputes that are only "tangentially related to the merits" of this case.  *Ctr. for Auto Safety*, 809 F.3d at 1101.  Thus, the Court applies the "good cause" standard of Rule 26(c).

Plaintiffs argue that the Court should deny Google's requests to seal the material at issue for three reasons.  First, plaintiffs dispute whether Google's justification for its request is sufficient.  Google says that the material contains "confidential and proprietary . . . details pertaining to Google's advertising products and their proprietary functionalities, data infrastructure, logs, and metrics."  Dkt. No. 440 at 3-4.  Google says that public disclosure of this information would "place Google at risk of irreparable harm" and may create "a serious cybersecurity risk as third parties may seek to use this information to compromise Google's data sources, including data logs, internal data structures, and internal identifier systems."  *Id.* at 4; *see also* Dkt. No. 440-1.  Plaintiffs seem to argue that this justification is insufficient because Google has not connected the risk of harm it faces to particular portions of the material at issue.  *See* Dkt. No. 445 at 2.  They say that Google's representations amount to boilerplate argument and that the purported harm is speculative.  They also cite orders denying requests to seal material from other cases in this district.  *Id.*  This authority is not persuasive, as the cases on which plaintiffs rely concern material filed in connection with merits-based motions and the "compelling reasons" standard.  *See Cypress Semiconductor Corp. v. Fujitsu Semiconductor Ltd.*, No. 20-CV-00193-LHK, 2020 WL 11567020, at *2 (N.D. Cal. Feb. 26, 2020) (denying a sealing request in connection with an application for a temporary restraining order and finding compelling reasons standard applied because the material was "more than 'tangentially related' to the cause of action"); *Hodges v. Apple, Inc.*, No. 13–cv–01128–WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013) (finding compelling reasons standard applied in connection with a motion to dismiss).  The Court finds Google's requests adequately describe the risk of harm posed by

2

United States District Court
Northern District of California

1   disclosure of the material in question.

2   Second, plaintiffs argue that a declaration of Google's counsel is insufficient support for
3   Google's assertions regarding the necessity of sealing the material and the potential harm it may
4   face from its disclosure. *See* Dkt. No. 445 at 3-4. However, in support of a sealing request, this
5   Court's Civil Local Rules require only "a specific statement of the applicable legal standard and
6   the reasons for keeping a document under seal, including an explanation of: (i) the legitimate
7   private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied;
8   and (iii) why a less restrictive alternative to sealing is not sufficient . . . ." Civil L.R. 79-5(c).
9   Additionally, a party must provide evidentiary support from declarations *where necessary*. *Id.*
10  (emphasis added). Here, Google is not asking to shield entire documents or exhibits from the
11  public. Instead, Google has requested narrowly tailored redactions of limited information from the
12  parties' joint discovery letter briefs. *See* Dkt. Nos. 440-3, 440-5, 440-7. In these circumstances,
13  the declaration of Google's counsel's sufficiently addresses the requirements for sealing. *Cf.*
14  *Signal Hill Serv., Inc. v. Macquarie Bank Ltd.*, 2013 WL 12244287, at *3 (C.D. Cal. May 14,
15  2013) (denying request to seal supported by only attorney declaration where party requested to
16  seal entire sur-reply and supporting exhibits).

17  Third, plaintiffs say that some of the material at issue has already been made public in
18  other cases or by way of Google's publicly available information (such as its developer websites).
19  *See* Dkt. No. 445 at 4; Dkt. No. 444-3. Google responds that, while this may be true, within the
20  particular context of this case disclosure poses a risk of harm to Google. *See* Dkt. No. 455 at 4.
21  The Court notes that it has ordered much of the material at issue here sealed previously. *See, e.g.*,
22  Dkt. No. 384. On that occasion, plaintiffs stated only that they "do not join in Google's
23  designation of these documents as 'Highly Confidential – Attorneys' Eyes Only'"), but they
24  offered no further explanation for their opposition. *See* Dkt. No. 366. Here, the Court again finds
25  Google's explanation sufficient to establish good cause that, in the context of the present case,
26  allowing limited redactions to the parties' discovery letter briefs is warranted.

27  Accordingly, the Court orders the following material sealed:

28

| Document | Portions to be Sealed |
|---|---|
| Bid Response Letter Brief (Dkt. No. 429) | Highlighted portions on Dkt. No. 440-3 |
| Time Sampling Letter Brief (Dkt. No. 430) | Highlighted portions on Dkt. No. 440-5 |
| Bid Request Letter Brief (Dkt. No. 434) | Highlighted portions on Dkt. No. 440-7 |
| Exhibit 1 (Dkt. No. 444-3) | Highlighted portions on Dkt. No. 444-3 |

To the extent that public, redacted versions of any of the above material are not already available on the public docket, Google shall file redacted versions by **June 2, 2023**. This order terminates Docket Numbers 428, 433, 440, 444, 445 and 455.

**IT IS SO ORDERED.**

Dated: May 26, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge