UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR (VKD)<br><br>**ORDER RE SEALING RE STATUS REPORT**<br><br>Re: Dkt. Nos. 518, 520, 522, 533 |

In connection with the parties' ongoing discovery dispute regarding Google's privilege claims, the parties have filed a status report (Dkt. No. 519) and a motion for leave to file supplemental material (Dkt. No. 521), accompanied by several administrative motions asking the Court to consider whether material pertinent to these documents should be sealed. Dkt. Nos. 518, 520, 522, 533.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). A party seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c). *Id.* at 1098-99; *Kamakana*, 447 F.3d at 1179-80.

The underlying status report and motion for leave do not address the merits of the parties'

claims or defenses, and the Court therefore applies the "good cause" standard of Rule 26(c).

The portions of the submissions that Google seeks to redact contain the names and email addresses of Google employees listed as custodians on Google's privilege log. Dkt. No. 522 at 3; *see also* Dkt. No. 533 at 3 (same). Google states that "[t]hese individual employees are not parties to this action, and their names and contact information are not germane to the resolution of the parties' pending discovery dispute." Dkt. No. 522 at 3. They argue that "public disclosure of these employees' personal information could subject them to unsolicited contact from the public or harassment." *Id.*

"The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. However, courts have sealed personal information "to protect an individual's privacy and prevent exposure to harm, particularly where the information relates to nonparties." *In re BofI Holding, Inc. Secs. Litig.*, No. 15-cv-2324-GPC-KSC, 2021 WL 3700749 at *8 (S.D. Cal. July 17, 2021) (sealing plaintiffs' Rule 26(a) initial disclosures in putative securities class action containing the names and contact information of witnesses, including confidential witnesses who participated in plaintiffs' pre-filing investigation on condition of anonymity). A party may meet its burden to establish that sealing is warranted where disclosure of the information would violate a legitimate privacy interest leading to risk of harm. *Shopify Inc. v. Express Mobile, Inc.*, No. 20-mc-80091-JSC, 2020 WL 4732334, at *9 n.12 & *11 (N.D. Cal. Aug. 14, 2020) (finding good cause to seal personal information in a privilege log, including names and email addresses of individuals connected to defendant and its patent agent who were "not involved with or incident to the current litigation" and where disclosure of the information would violate a "legitimate privacy interest," but denying a request to seal other references to employees' names and titles that did not otherwise reveal confidential information).

Because the individuals in question are not parties to this action, and their names and contact information are not germane to the resolution of the merits of the parties' dispute, the Court finds that the public's interest in access to that information is outweighed by the risk of possible harassment to the individuals in question. Accordingly, Google's motions to seal are

granted to protect these employees' privacy interests, and the following document portions shall remain under seal on the docket:

| Document | Portions to be Sealed |
|---|---|
| Status Report re Remaining Privilege Log Disputes, Ex. 1 (Dkt. No. 519-1) | Columns highlighted on Dkt. No. 522-2 |
| Motion to File Supplemental Material, Ex. 1 (Dkt. No. 521-2) | Columns highlighted on Dkt. No. 533-2 |
| Motion to File Supplemental Material, Ex. 2 (Dkt. No. 521-3) | Columns highlighted on Dkt. No. 533-3 |

A public version of Docket Number 519-1 is already on the public docket, *see* Dkt. No. 522-3, and the Court has not yet ruled on plaintiffs' motion for leave to file supplemental material. If the Court grants plaintiffs' motion, it will then require Google to file redacted versions of Docket Numbers 521-2 and 521-3 on the public docket.

This order terminates Docket Numbers 518, 520, 522, 533.

**IT IS SO ORDERED.**

Dated: June 2, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge