**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

June 5, 2023

<u>Via ECF</u>

**Magistrate Judge Virginia K. DeMarchi**
San Jose Courthouse
Courtroom 2 – 5th Floor
280 South 1st Street
San Jose, CA 95113

Re:   *In re Google RTB Consumer Privacy Litig.*, No. 4:21-cv-02155-YGR-VKD (N.D. Cal.)
Joint Letter Brief re: Production of user_lists, content_labels, and app_category_fatcat_id fields

Dear Magistrate Judge DeMarchi:

Plaintiffs and Defendant Google LLC ("Google") submit this joint letter brief regarding Google's production of user_lists, content_labels, and app_category_fatcat_id data fields. The parties conferred on May 26, 2023, and have reached impasse on the issue. Attached as **Exhibit A** is a copy of the Requests for Production (RFPs) identified and Google's objections.

**I.   PLAINTIFFS' POSITION**

Plaintiffs seek an order compelling Google to produce three fields reflecting targeting categories ("Verticals") that are (a) used by RTB participants to identify Named Plaintiffs as the targets for advertising; and (b) categorize Named Plaintiffs' browser or app activity: <u>user_lists</u>, <u>content_labels</u>, and <u>app_category_fatcat_id</u> (the "Verticals Fields"). These fields are and have been used in RTB to target and filter advertising throughout the class period. Indeed, during part of the class period, Google expressly disclosed these fields to RTB participants in bid requests, and during the class period continued to use certain fields for RTB pre-targeting: <u>user_lists</u> in 2018, and <u>app_category_fatcat_id</u> in 2020. At all relevant times, these fields have been logged by Google in a manner that associates them directly with account holders, including plaintiffs. Though Google asserts that it no longer has the data reflecting the express disclosure of <u>user_lists</u> and <u>app_category_fatcat_id</u> in *Bid Requests* (Dkt. 448 at 10, 11), plaintiffs understand that Google continues to log these fields in the ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ logs in connection with RTB pre-targeting and filtering (negative targeting). Thus, the Verticals Fields are relevant and responsive to plaintiffs' RFPs, production is consistent with the Court's prior orders, and are available for production; plaintiffs ask that their production be compelled.[1]

---

[1] Plaintiffs have repeatedly asked Google to explain its preservation of Named Plaintiff data, including any failure to prevent removal of Named Plaintiffs' identifiers from the ▬▬ logs. *See* Somvichian Letter to Plaintiffs' Counsel, dated February 10, 2023. Google has been evasive and questions remain as to the sufficiency of its preservation efforts. Plaintiffs will continue to pursue this information, and will raise any spoliation issues at the appropriate time.

*In re Google RTB Consumer Privacy Litig.*
June 5, 2023

Plaintiffs have sought production of Verticals data since May 2021, having requested, met and conferred, and briefed production of verticals extensively. The history and relevant orders are set forth in Dkts. 431, 447, 456, 458 (Plaintiffs' Motion of Contempt and Sanctions and related papers).

Notably, during an April 11 hearing, there was extensive discussion regarding the relevancy of these Verticals Fields and their function in the RTB auction process. *See* Apr. 11 Hr'g Tr. 39:3-40:9. While Google argues that "the Court [] already considered and rejected Plaintiffs' demand that Google produce information associated with these three data fields," in fact, the Court's order denied only Plaintiffs' request for an order of contempt and for evidentiary and monetary sanctions. *See* Dkt. 487 at 7. The Court did not rule on the relevance of the Verticals Fields.

On May 1, 2023, plaintiffs again asked Google to produce the Verticals Fields. Google failed to respond until May 12, 2023, again refusing to produce the fields. During the parties' conference on May 26, 2023, Google suggested that it might produce one field if plaintiffs abandoned their pursuit of the two remaining, but refused to propose a specific field.

***The Verticals Fields are Relevant and Responsive to Plaintiffs' Discovery Requests***

Production of the Verticals Fields is within the scope of plaintiffs' RFPs served in May 2021: **RFP 13** seeks documents sufficient to identify information Google has "collected, created, *associated and derived*" regarding "Plaintiffs and Account Holders" and **RFP 42** requests the "Information Google has collected, created *associated and derived*, and continues to collect, create, *associate and derive*, regarding Plaintiffs … " Ex. A at 2, 8. Plaintiffs identified "derived data," "associated verticals and segments," and "user profiles" in RFPs 13 and 42. *Id.* Additionally, **RFP 22** (i) and (j) requests documents sufficient to show information shared through the RTB process, and how Google tracks what information is shared. *Id.* at 4-5.

As an initial matter, these RFPs have been substantially narrowed by negotiations and Orders (discussed below). Moreover, Plaintiffs do not seek *all RTB data* for Named Plaintiffs, but rather only a narrowed set of fields, including the highly relevant Verticals Fields. With respect to content_labels and app_category_fatcat_id, these fields are responsive to the RFPs because they reflect Google's characterization of web and app activity for targeting and filtering purposes. That is, information "derived" from Named Plaintiffs' interaction with web and app content (and thus associated with Named Plaintiffs), and from which RTB participants can infer information about Named Plaintiffs. These fields were and are still logged by Google alongside Named Plaintiffs' identifiers, and were and are still used in RTB. With respect to user_lists, this field reflects RTB participants' submission of lists targeting Named Plaintiffs through RTB, and as set forth in Dkt. 431, fall within the derived data associated with Named Plaintiffs and as part of the "user profiles." Dkt. 431 at 7.

***Production of the Verticals Fields is Consistent with Prior Court Orders***

The Court previously determined that records pertaining to information disclosed or sold to third parties as part of the RTB auction, records of Named Plaintiff consent, and "records Google

*In re Google RTB Consumer Privacy Litig.*
June 5, 2023

maintains about the Named Plaintiffs that identifies (1) the information Google associates with them, including their demographic characteristics, their location, their electronic communications, their devices and device settings, and their web browsing history; (2) the information about them that Google shares with third-party RTB participants; and (3) the revenue Google obtains when it shares their information in the RTB process" are "within the scope of relevant discovery[.]" Dkt. 184 at 6-7 (Apr. 25, 2022); affirmed in Dkt. 287 at 3 (Aug. 12, 2022) ("the Court has already ordered Google to identify all of the account holder information that is disclosed or sold to third parties as part of the RTB process").

Production of the Verticals Fields is within the scope of those Orders. Google does not deny that it expressly disclosed the Verticals Fields to RTB participants during a significant part of the class period (with respect to user_lists, through 2018, and app_category_fatcat_ids, through February 2020). Nor can it deny that these fields represent information shared in RTB. Plaintiffs understand that the Verticals Fields are currently used for targeting and filtering of RTB advertising by RTB participants. Google makes available the characterization of web content (content_labels) and apps (app_category_fatcat_ids)[2] and allows RTB participants to submit user_lists to target and filter RTB advertising, and Google logs the Verticals Fields used in RTB for Named Plaintiffs. The Verticals Fields reflect information Google associates with Named Plaintiffs and the sharing of information with RTB participants in the RTB auctions.

Production of the Verticals Fields is also within the scope of the August 26 and December 16 Orders. Dkts. 314 at 4-5; 382 at 4-5. On August 26, Google was ordered to "produce documents sufficient to show, for each named plaintiff, what information specific to that plaintiff was shared with an RTB participant and the details of such sharing. If Google discloses information that allows an RTB participant to identify and account holder based on information the *participant* may have about that account holder, Google must produce records showing the disclosure of that information as well." Dkt. 314 at 4-5 (emphasis in original). On December 16, Google was ordered to "produce documents sufficient to show for each named plaintiff the 'verticals' data fields it shared with RTB participants during the class period. In addition, Google must produce documents sufficient to show for each named plaintiff the information, if any, that it provided to RTB participants that would permit those participants to infer information about the account holder based on verticals linked with the account holder." Dkt. 382. While neither Dkt. 314 nor Dkt. 382 listed the Verticals Fields, the production of these fields is consistent with these Orders as well.

The Verticals Fields are provided by Google to RTB participants to use to target users, web sites, and apps (in the case of user_lists, Google permits RTB participants to share user lists for targeting) for advertising. Google acknowledges that RTB participants can select as many as "ten verticals" for targeting, but asserts that because the specific vertical is no longer disclosed, RTB participants don't know which of the ten verticals is associated with the account holder targeted by the ad. Dkt. 447-2. This makes no difference. RTB participants are still able to infer information about account holders from pre-targeting.

---

[2] Google claims that because app categorization information is publicly available, it needn't produce it; but such information would need to be manually extracted for each of the thousands of apps in the Named Plaintiffs' data. This is not a trivial burden to impose on Plaintiffs, particularly where, as here, Google has this information in its logs.

*In re Google RTB Consumer Privacy Litig.*
June 5, 2023

If Google still had the Verticals Fields data that was disclosed in Bid Requests, such data would undisputedly fall within scope of the Court's Orders. So too for the information Google does possess (logged in ▮▮▮▮) reflecting the Verticals Fields still shared in the RTB process with RTB participants through pre-targeting and filtering.

Because the Verticals Fields are relevant, responsive to RFPs 13, 22, and 42 (as narrowed), and their production is within the scope of the Court's Orders (Dkts. 287, 314, 381), the Court should order Google's prompt production of the Verticals Fields as they are kept in the ordinary course, alongside plaintiffs' identifiers.

**II.   GOOGLE'S POSITION**

Plaintiffs' latest demand that Google produce information from what they call the "user_lists, content_labels, and app_category_fatcat_id fields" rehashes an issue this Court already considered in denying Plaintiffs' sanctions motion, ECF No. 487, and Plaintiffs' effort to relitigate these issues should be denied. Even if the Court entertains Plaintiffs' renewed arguments, they should be rejected because the data fields Plaintiffs seek fall beyond the scope of this Court's prior orders.

**A.   The Court already rejected Plaintiffs' demand for these data fields.**

In ruling on Plaintiffs' sanctions motion, the Court considered Plaintiffs' demands for the three data fields at issue and "agree[d] with Google that neither of the Court's prior orders" governing named Plaintiff data and verticals productions "clearly requires Google to produce these three data fields." ECF No. 487 at 5. The Court thus denied Plaintiffs' motion and ordered no further production despite Plaintiffs' requests. *See id.*; ECF Nos. 431 at 10 ("Google should be ordered to make a full and complete production of verticals information relating to the named plaintiffs . . . that includes the three missing data fields identified above."), 457 at 10 (similar). The Court's denial of these requests, coupled with its finding that it had not clearly compelled the productions Plaintiffs seek, ends the inquiry.[3] Plaintiffs' insistence on raising these issues again is a waste of resources and should be rejected.[4]

Hoping to distract from this ruling, Plaintiffs point to various RFPs they claim require production of the disputed data. But the Court already considered the RFPs pertaining to named Plaintiff data, defined their limits, and set specific parameters for production, including data pertaining to "verticals." ECF No. 382 at 5. Indeed, Plaintiffs concede the Court has already considered and narrowed the RFPs they raise. The Court's prior rulings thus provide the

---

[3] This was not the first time the Court declined to order production of user_lists. Plaintiffs asked for production of "'user list' information" in November 2022. ECF No. 367 at 2-3. The Court declined to do so.  *See* ECF No. 382 at 4-5.

[4] Plaintiffs mischaracterize Google's meet-and-confer position. Google asked Plaintiffs whether each field warranted separate discussion; Plaintiffs responded they would likely insist on all three regardless of Google's position on any one field.

*In re Google RTB Consumer Privacy Litig.*
June 5, 2023

framework for Plaintiffs' current request, and the Court has already determined that the data at issue does not clearly fall within the scope of any prior order. ECF No. 487 at 5.

### B. The disputed fields are not within the scope of the productions the Court previously ordered.

If the Court is inclined to consider Plaintiffs' renewed arguments on their merits, Plaintiffs' demands for production should be rejected again. Plaintiffs are entitled to this discovery only if it constitutes either (1) "documents sufficient to show for each named plaintiff the 'verticals' data fields *it shared with RTB participants* during the class period," or (2) "documents sufficient to show for each named plaintiff the information, if any, that *it provided to RTB participants* that would permit those participants to infer information about the account holder based on verticals linked with the account holder." ECF No. 382 at 5 (emphases added).[5] Trying to shoehorn the disputed data fields into the Court's prior order, Plaintiffs define them all as "Verticals Fields." But this superficial labeling ignores the content and function of the fields, which fall outside the Court's prior orders.

#### 1. User lists are not verticals data, so are not subject to production, and Google has no data about this deprecated field.

Plaintiffs ignore the critical point about **user lists**: they are not lists of users that Google assigns to specific interest-based categories, but lists that bid participants generate based on their own criteria. *See* ECF No. 447-3 ¶ 5. Even when Google assists bid participants in compiling user lists, it does so based on criteria that the bid participants provide. *Id.* Accordingly, these lists do not reflect "'verticals' data fields" that Google "shared with" or "provided to RTB participants," but information that the participants already knew and shared with Google. ECF No. 382 at 5. Indeed, user lists do not even meet the definition of "verticals" that Plaintiffs previously advanced, which depends on Google collecting information and using it to categorize users. *See* ECF No. 382 at 4 ("[P]laintiffs allege that *Google collects* personal and sensitive information about account holders, *groups them into interest-based categories* called 'verticals,' and then shares the verticals (or information about the verticals) with RTB participants." (emphasis added)). Plaintiffs' argument turns the Court's verticals order—and Plaintiffs' own position—on their heads. Moreover, Google stopped populating the user_list field in bid requests in 2018, and no longer has access to information associated with named Plaintiffs for that field. *See* ECF No. 447-3 ¶ 4.

#### 2. Content labels do not reflect or permit inferences about users and Google has no data it can produce for this deprecated field.

Contrary to Plaintiffs' claims, content labels do not allow RTB participants to "infer information about the account holder based on verticals linked with the account holder" or based on the user's activity. ECF No. 382 at 5. Plaintiffs imply that content labels are extensive

---

[5] Plaintiffs rely on other prior orders, which likewise confirm these limitations. ECF No. 287 at 3 (requiring production of information "disclosed or sold to third parties as part of the RTB process" and clarifying that Google need not produce "*all* of the information it possesses about account holders or about how it stores that information."); *see also* ECF No. 141 at 6 (same).

*In re Google RTB Consumer Privacy Litig.*
June 5, 2023

descriptions of website content, which advertisers could use to make inferences about people who visit a website. They are not. Content labels are general categories that some advertisers may prefer not to associate with their advertisements: for instance, "Profanity," "Transportation accidents," or "Politics." RTB participants can specify that they do *not* want to receive bid requests for websites that have certain content labels. ECF No. 447 ¶¶ 7-8. Importantly, RTB participants *cannot* use content labels to specify websites they *do* want to receive bid requests from. *Id*. In other words, an RTB participant can tell Google, "I do not want bid requests for websites associated with the 'Politics' content label," but not, "I want bid requests for ad opportunities on websites associated with the 'Politics' content label."[6]

This form of filtering means RTB participants cannot "infer information about" users based on the bid requests they receive. For example, where an RTB participant chooses *not* to receive bid requests for websites associated with politics, the participant would *only* know that the bid requests it does receive do *not* have that content label. This tells the RTB participant *nothing* about the user associated with the bid request—the fact that the user navigated to a website without the "politics" label says nothing about whether the user viewed other sites involving politics, whether they are interested in the subject, or anything else. Google's internal data on content labels are therefore outside the scope of data Google must produce.

Furthermore, Google stopped including the detected_content_label field in bid requests in approximately February 2020.[7] Google no longer has data for the named Plaintiffs from when this field was included in bid requests, ECF No. 447 ¶ 8, and so cannot produce information regarding content labels that was "shared with RTB participants," ECF No. 382 at 5.

### 3. App categories are publicly available and need not be produced, and Google has no data to produce about this deprecated field.

The **app_category_ids** field would serve little purpose because app categories are publicly-available subject matter categories that app developers—not Google—assign to their apps through the Apple App Store and the Google Play Store. *Id*. ¶ 8.[8] Anyone can access these publicly-available labels and match an app to its developer-assigned category. Further, for bid requests involving mobile apps, Google has already provided the name of the app involved so Plaintiffs can determine the applicable app category themselves from public information.

Accordingly, even assuming these app categories fall within the Court's verticals order, Google has provided information "sufficient to show" what it sent bid recipients: the app names themselves. ECF No. 382 at 5. That is all the Court required, *id*., and Plaintiffs overreach in seeking more. *See also, e.g.*, ECF No. 532 at 3 (reaffirming that obligation to produce documents

---

[6] Plaintiffs claim Google conceded that bid participants can select verticals to affirmatively target, but that is misleading. The portion of Google's brief that Plaintiffs cite *is unrelated to the three fields at issue here. See* ECF No. 447-2 at 3.

[7] Google is not aware of a field specifically called "content_labels" previously sent in bid requests. ECF No. 447-3 ¶ 6.

[8] Google is not aware of a field called "app_category_fatcat_ids" sent in bid requests. ECF No. 447-3 ¶ 8.

*In re Google RTB Consumer Privacy Litig.*
June 5, 2023

"sufficient to show" a particular fact does not require production of all relevant documents).

Moreover, Google deprecated the app_category_ids field from bid requests in February 2020 and no longer has information to produce for the named Plaintiffs from bid requests.

### III.  NECESSITY OF A HEARING

#### A.  Plaintiffs' Position

Plaintiffs do not believe a hearing on this matter is necessary.

#### B.  Google's Position

Google does not believe that a hearing is necessary, since the Court has already considered and ruled on Plaintiffs' requests for this information and the underlying RFPs that Plaintiffs claim require its production.

### IV.  DISCOVERY CUT-OFFS

The Parties' deadline to substantially complete their production of documents in advance of class certification passed on July 11, 2022. The fact discovery cut-off is January 19, 2024, the close of expert discovery is April 12, 2024, and plaintiffs' motion for class certification is due July 14, 2023. *See* ECF No. 534.

### V.  COMPLIANCE WITH MEET AND CONFER REQUIREMENT

In compliance with the Order's meet and confer requirements, the parties have met and conferred regarding production of verticals fields numerous times, most recently on Friday May 26th via Zoom. On plaintiffs' side, Elizabeth Pritzker, Bethany Caracuzzo, and Anne Davis, and Jenny Paulson, attended. On Google's side, Whitty Somvichian, Reece Trevor, and Anupam Dhillon attended.

Dated: June 5, 2023                              **PRITZKER LEVINE LLP**

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (SBN 146267)
Jonathan K. Levine (SBN 220289)
Bethany Caracuzzo (SBN 190687)
Caroline Corbitt (SBN 305492)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
bc@pritzkerlevine.com

*In re Google RTB Consumer Privacy Litig.*
June 5, 2023

        ccc@pritzkerlevine.com

        *Interim Class Counsel*

Dated: June 5, 2023        **BLEICHMAR FONTI & AULD LLP**

        By: */s/ Anne K. Davis*
        Lesley E. Weaver (SBN 191305)
        Anne K. Davis (SBN 267909)
        Joshua D. Samra (SBN 313050)
        1330 Broadway, Suite 630
        Oakland, CA 94612
        Tel.: (415) 445-4003
        Fax: (415) 445-4020
        lweaver@bfalaw.com
        adavis@bfalaw.com
        jsamra@bfalaw.com

Dated: June 5, 2023        **SIMMONS HANLY CONROY LLC**

        Jason 'Jay' Barnes (admitted *pro hac vice*)
        An Truong (admitted *pro hac vice*)
        Jennifer Paulson (admitted *pro hac vice*)
        112 Madison Avenue, 7th Floor
        New York, NY 10016
        Tel.: (212) 784-6400
        Fax: (212) 213-5949
        jaybarnes@simmonsfirm.com
        atruong@simmonsfirm.com
        jpaulson@simmonsfirm.com

        ***Counsel for Plaintiffs and the Proposed Class***

Dated: June 5, 2023        **COOLEY LLP**

        By: */s/ Whitty Somvichian*
        Michael G. Rhodes
        Whitty Somvichian
        Kelsey R. Spector
        Reece Trevor
        Anupam S. Dhillon
        3 Embarcadero Center, 20th floor
        San Francisco, CA 94111-4004
        Tel.: 415-693-2000
        Fax: 415-693-2222
        rhodesmg@cooley.com

*In re Google RTB Consumer Privacy Litig.*
June 5, 2023

    wsomvichian@cooley.com
    kspector@cooley.com
    rtrevor@cooley.com
    adhillon@cooley.com

    Robby L.R. Saldaña
    Khary J. Anderson
    1299 Pennsylvania Avenue NW, Suite 700
    Washington, DC 20004-2400
    Tel.: 202-776-2109
    Fax: 202-842-7899
    rsaldana@cooley.com
    kjanderson@cooley.com

    Attorneys for Defendant
    GOOGLE LLC

*In re Google RTB Consumer Privacy Litig.*
June 5, 2023

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

    I, Anne K. Davis, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct. Executed this 5th day of June, 2023, at Pacifica, California.

                                              */s/ Anne K. Davis*
                                              Anne K. Davis