# EXHIBIT A

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to identify all information Google has collected, created, associated and derived, and continues to collect, create, associate and derive, regarding Plaintiffs and Account Holders, including: authenticated and unauthenticated personal identifiers and device, browser, and other identifiers (including IP address) associated with Plaintiffs and Account Holders; data associated with those identifiers, including browsing history, ad history, communications history, Google account sign-in history, Chrome Sync history; derived data; appended data; associated verticals and segments; embedded data; all data contained in user profiles, interest profiles, interest graphs; and, authenticated and unauthenticated data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects to this Request as overly broad and unduly burdensome to the extent it is not limited in scope and encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB, including "Google account sign-in history" and "Chrome sync history." Google also objects to the extent this Request is not limited to RTB. Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google also objects to this Request to the extent it is not limited to the named Plaintiffs and, instead, seeks information and documents relating to individual putative class members when no class has been certified. Google further objects to this Request to the extent it seeks documents protected by the right of privacy under the California Constitution, Article I, Section 1. At this stage of the proceedings, the privacy rights of non-party putative class members and the undue burden imposed on Google outweigh Plaintiffs' purported need for the requested information. *See Nevarez v. Forty Niners Football Co., LLC*, No. 16CV07013-LHK-SVK, 2018 WL 306681, at *2 (N.D. Cal. Jan. 5, 2018) (holding that when a party seeks pre-certification discovery that may implicate the privacy concerns of putative class members, "a court 'must balance the party's need for the information against the individual's privacy right . . .'") (internal citation omitted). Moreover, Plaintiffs are not entitled to discovery to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

23

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

obtain the identity of putative class members prior to class certification unless it is relevant to issues of class certification. *See Knutson v. Schwan's Home Serv., Inc.*, No. 3:12-cv-0964-GPC-DHB, 2013 WL 3746118, at *4 (S.D. Cal. July 15, 2013) (citing *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 354 (1978)) ((("[T]he dispositive issue was not whether the sought after lists contained the names and addresses of class members, but whether that list bore any relevance to appropriate questions of law" related to class certification). Google also objects that this information is already in Plaintiffs' possession, custody or control. Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity.

In addition, Google objects that the phrases "personal identifiers," "other identifiers," "derived data," "appended data," "embedded data," "user profiles," "verticals and segments," "interest profiles," "interest graphs," and "authenticated or unauthenticated data" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing objections, Google will conduct a reasonable search and produce responsive, non-privileged, and available documents showing what information, if any, that Google's systems directly associate with the identifiers Plaintiffs have provided or will provide to Google, and was shared with third parties utilizing RTB, to the extent Google can reasonably identify such data as belonging to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 14:**

Documents and communications related to Google's collection and storage of data and information of Account Holders that is or may be used, shared, sold, disseminated, or otherwise disclosed through Real Time Bidding, including privacy policies, retention policies, other guiding or informative documents, that describes the who, what, where, how, and when of the data and information collected and stored.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects to this Request as overly broad and unduly burdensome to the extent it is not limited in scope and encompasses other aspects of RTB that have no relation to Plaintiffs'

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects to this Request as overly broad and unduly burdensome to the extent it is not limited in scope and encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google further objects to the extent this Request is not limited to RTB. Google also objects to this Request as overly broad and unduly burdensome as the phrases "analysis," "studies," and "assessments" are not limited to formal analyses. Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google also objects to this Request on the basis that it is compound. Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity.

In addition, Google objects that the phrases "development," "objectives, strategies and goals," "considerations of the efficacy, profitability. . .assessment of consequences," "market analyses," "strategies for optimizing collection and sale," and "strategies for optimizing and increasing Google profits" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing objections, Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and to appropriately narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 22:**

Documents and communications regarding Google's use, disclosure, or sale of Account Holder information through Google Real Time Bidding, including:

    a.    How Google Real Time Bidding functioned and functions;

    b.    How Bid Requests are constructed;

    c.    How Bid Requests are shared;

    d.    The minimum amount of user information required within a Bid Request;

    e.    All variations, elements or components of user information that may be part of a Bid Request;

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

32

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

f. The extent to which information in a Bid Request may reveal sensitive information about a user;

g. The factors, analyses, or other considerations used by Google to determine what information should be included within a Bid Request;

h. The source(s) from which Google obtains information provided in a Bid Request;

i. The location and manner in which Google stores Bid Requests;

j. The location and manner in which Google stores user information that is used or may be used in a Bid Request;

k. How Bid Requests are conveyed to Google Real Time Bidding participants and in what form;

l. What action a participant may take with respect to the information in a Bid Request, including whether a participant may view, store or otherwise access user information shared by Google through Google Real Time Bidding;

m. How responsive bids are constructed, received and accepted;

n. The frequency of auctions in Real Time Bidding, including how many auctions occur per day, per month and per year;

o. How many individual users have had their information auctioned off by Google through Google Real Time Bidding and the frequency of auctions as to each user;

p. The technical processes, timing, directions, commands, and flow of how data (including Account Holder personal information and the content of their communications) is transmitted, stored, and re-directed when an Account Holder participates in an Internet communication on a web-property through which an advertisement is served to the Account Holder through Google Real Time Bidding; and,

q. Documents related to the winning bid in Google Real Time Bidding as referenced, described or identified in the Complaint, including:

  i. The factors, analyses, considerations, and methodologies for selecting the winning bid;

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

33

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

|   |   |
|---|---|
| ii. | The information to which the winning bidder is given access and what the winning bidder is able to do with that information; |
| iii. | Information that the winning bidder conveys to Google or that Google is otherwise able to obtain or access by virtue of the winning bidder's participation in Google Real Time Bidding; and, |
| iv. | How payment is conveyed to Google. |

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects to this Request as overly broad and unduly burdensome to the extent it is not limited in scope and encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB. Google further objects to the extent this Request is not limited to RTB. Google also objects to this Request as overly broad and unduly burdensome as the phrase "analysis" is not limited to formal analyses. Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google also objects to this Request on the basis that it is compound. Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity.

In addition, Google objects that the phrases "variations, elements or components of user information that may be part of a Bid Request," "factors, analyses, or other considerations used by Google," "may be used in a Bid Request are conveyed to Google," "technical processes, timing, directions, commands and flow of how data . . . ," "internet communication on a web-property" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing objections, Google will conduct a reasonable search and produce responsive, non-privileged documents sufficient to show how RTB functioned and functions; how Bid Requests are constructed with respect to third-party RTB participants; how Bid Requests are shared with third-party RTB participants; the minimum amount of user information required within a Bid Request to third-party RTB participants; all variations, elements or components of user

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

34

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

information that may be part of a Bid Request to third-party RTB participants; the extent to which information in a Bid Request may reveal sensitive information about a user to third-party RTB participants; the factors, analyses, or other considerations used by Google to determine what information should be included within a Bid Request to third-party RTB participants; how Bid Requests are conveyed to third-party RTB participants and in what form; what action a third-party RTB participant may take with respect to the information in a Bid Request; and how responsive bids are constructed, received and accepted with respect to third-party RTB participants.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to identify all participants in Google Real Time Bidding, including:

a. Documents sufficient to identify all participants on the supply-side, including all publishers (e.g. publishers in Google Real Time Bidding as identified in ¶ 160 of the Complaint, referencing https://storage.googleapis.com/adx-rtb-dictionaries/sellers.json, and apps that utilize Google Ad Mob as referenced in ¶ 91 of the Complaint, listing 129,273 Apple iOS apps and more than 1 million Android apps), or other entities who contract for the sale of advertisements through RTB;

b. Documents sufficient to identify any Google Supply Side Platform (SSP) that participates in Google Real Time Bidding;

c. Documents sufficient to identify all participants on the demand-side, including all advertisers or other entities who participate or may participate in bidding for targeted advertisements through Google Real Time Bidding;

d. Documents sufficient to identify any Google Demand Side Platform (DSP) that participates in Google Real Time Bidding; and,

e. Documents sufficient to identify any other participants in Google Real Time Bidding who have access to any information disclosed, in whole or in part, through Google Real Time Bidding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects to this Request as overly broad and unduly burdensome to the extent it

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

35

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK

1    In addition, Google objects that the phrases "other persons or entities," "amount of revenue
2    associated with each Account Holder," "value paid," and "Bid Request disclosure" are vague and
3    ambiguous as none are self-evident or defined.

4    Subject to the foregoing objections, Google responds that, to the best of its current
5    knowledge, no information it possesses by virtue of any person having a Google Account was
6    shared with any third-party participant utilizing RTB. Moreover, this appears to be a request for
7    comprehensive RTB transaction data that would be literally impossible to gather and produce.
8    Google accordingly has not conducted and will not conduct searches for responsive documents,
9    and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

All Information Google has collected, created associated and derived, and continues to collect, create, associate and derive, regarding Plaintiffs, including but not limited to: authenticated and unauthenticated personal identifiers and device, browser, and other identifiers (including IP address) associated with Plaintiffs and their devices; data associated with those identifiers, including browsing history, ad history, communications history, Google account sign-in history, Chrome Sync history; derived data; appended data; associated verticals and segments; embedded data; all data contained in user profiles, interest profiles, interest graphs; and, authenticated and unauthenticated data (this request will be supplemented with any currently known identifiers upon entry of a protective order governing the exchange of discovery).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects to this Request as overly broad and unduly burdensome to the extent it is not limited in scope and encompasses other aspects of RTB that have no relation to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and purported class members' personal information to third party participants utilizing RTB, including but not limited to "Google account sign-in history" and "Chrome sync history." Google also objects to the extent this Request is not limited to RTB. Accordingly, the Request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google further objects to this

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

55

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK


1. Request to the extent it is duplicative of other requests—namely Request for Production No. 13. Google also objects to the extent this information is already in Plaintiffs' possession, custody or control. Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine, or any other privilege or immunity.

In addition, Google objects that the phrases "personal identifiers," "other identifiers," "derived data," "appended data," "embedded data," "user profiles," "verticals and segments," "interest profiles," "interest graphs," and "authenticated or unauthenticated data" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing objections, Google will conduct a reasonable search and produce responsive, non-privileged, and available documents showing what information, if any, that Google's systems directly associate with the identifiers Plaintiffs have provided or will provide to Google, and was shared with third parties utilizing RTB, to the extent Google can reasonably identify such data as belonging to Plaintiffs.

Dated: June 22, 2021

COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
JEFFREY M. GUTKIN (SBN 216083)
DANIELLE C. PIERRE (SBN 300567)
KELSEY R. SPECTOR (SBN 321488)
COLIN S. SCOTT (SBN 318555)

By: /s/ Jeffrey M. Gutkin
    Jeffrey M. Gutkin

Attorneys for Defendant
GOOGLE LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

56

GOOGLE'S RESPONSES TO PLAINTIFFS' FIRST
AND SECOND SETS OF RFPS
CASE NO. 5:21-CV-02155-LHK