COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, <br><br> This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD <br><br> **GOOGLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (ECF NO. 536)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMIN. MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3), Google LLC ("Google") respectfully submits this Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 536) in connection with the Parties' Joint Letter Brief re: Production of user_lists, content_labels, and app_category_fatcat_id Fields (ECF No. 537) ("Joint Letter Brief").

Portions of the Joint Letter Brief reflects confidential information regarding internal data logs and data systems. As set forth below and in the accompanying Declaration of Reece Trevor ("Trevor Decl."), Google confirms the confidentiality of these portions. Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below:

| Document | Text to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| Joint Letter Brief re: Production of user_lists, content_labels, and app_category_fatcat_id Fields (ECF No. 537) ("Joint Letter Brief") | Portions highlighted at page(s): 1, 4 | Google |

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the information is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). Briefing for a discovery motion is non-dispositive, and thus the good cause standard applies here. *See, e.g.*, ECF No. 453 ("The underlying discovery dispute does not address the merits of the parties' claims or defenses,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMIN. MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

and the Court therefore applies the 'good cause' standard of Rule 26(c).");  *Calhoun v. Google*, No. 20-cv-05146, ECF No. 327, at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case.").  The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed."  *Heath v. Google LLC*, No. 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

### III.  GOOD CAUSE WARRANTS SEALING OF PORTIONS OF THE JOINT LETTER BRIEF

Google respectfully asks this Court to seal portions of the Joint Letter Brief, which reflect sensitive details concerning Google's internal data logs and data systems.  Pursuant to the good cause standard, Google's sealing request is warranted.

As an initial matter, the proposed redactions to the Joint Letter Brief are narrowly tailored to encompass only the specific portions that qualify as confidential information and therefore do not "unduly limit[] public access."  *ASUS Comput. Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST-NC, 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

Good cause exists to grant Google's sealing requests.  **First**, the portions of the Joint Letter Brief that Google seeks to redact contain information about technical details and identifiers related to highly sensitive data logs and data systems that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors.  (Trevor Decl. ¶ 5.)  Specifically, such confidential and proprietary information contains details pertaining to Google's advertising products and their proprietary functionalities, data infrastructure, logs, and metrics.  (*Id.*)  **Second**, public disclosure of technical details regarding identifiers related to Google's highly sensitive data logs and data systems place Google at risk of irreparable harm because these may reveal Google's internal strategies, system designs, and business practices for operating and maintaining many of its important proprietary services.  (*Id.* ¶6.)  This creates a

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMIN. MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

serious cybersecurity risk as third parties may seek to use this information to compromise Google's data sources, including data logs, internal data structures, and internal identifier systems. (*Id.* ¶ 7.)

As such, Courts in this District routinely seal references to data systems and logs. In fact, this Court has previously sealed the information that Google seeks to protect here. *See* ECF Nos. 384, 526, 531. The Court has likewise sealed other comparable information and descriptions of internal logs. ECF Nos. 186 (sealing descriptions of data sources), 327 (sealing portions concerning Google's data signals, internal strategy, and business practices described in Plaintiffs' declaration in support of briefing regarding damages discovery filed as ECF No. 317). *See also, e.g.*, *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems); *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, ECF No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system).

Consistent with these authorities, Google respectfully requests that the Court seal the aforementioned portions of the Joint Letter Brief.

## IV. CONCLUSION

For the foregoing reasons, Google respectfully requests the Court seal portions of the Joint Letter Brief.

Dated: June 5, 2023

COOLEY LLP

By: */s/ Whitty Somvichian*
Whitty Somvichian

Attorneys for Defendant
GOOGLE LLC

286916961

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMIN. MOTION
CASE NO. 4:21-CV-02155-YGR-VKD