UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR (VKD)<br><br>**ORDER RE SEALING RE DISCOVERY DISPUTES**<br><br>Re: Dkt. Nos. 462, 465, 472, 502 |

In connection with four discovery disputes (Dkt. Nos. 463, 464, 473, 503) and plaintiffs' motion to file supplemental material (Dkt. No. 466), the parties have filed several administrative motions asking the Court to consider whether material pertinent to these discovery disputes should be sealed. Dkt. Nos. 462, 465, 467, 468, 472, 474, 502, 504.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). A party seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c). *Id.* at 1098-99; *Kamakana*, 447 F.3d at 1179-80.

Google's requests for sealing orders concern discovery disputes that are only "tangentially related to the merits" of this case. *Ctr. for Auto Safety*, 809 F.3d at 1101. Thus, the Court applies

the "good cause" standard of Rule 26(c).

The portions of the submissions that Google seeks to redact contain employment information about nonparty employees, *see* Dkt. No. 467, and confidential and proprietary information regarding Google's business strategies, partnerships, data systems, and technical details of sensitive data logs and systems, *see* Dkt. Nos. 467, 468, 474, 504.  Google argues that public disclosure of this information may give Google's competitors an unfair advantage, may present a cybersecurity risk, or may reveal Google's internal strategies, system designs, and business practices and cause it competitive harm.  *See* Dkt. Nos. 467, 468, 474, 504.

The Court finds that the public's interest in access to the redacted information is outweighed by the risk of harm to Google and its employees.  Accordingly, Google's motions to seal are granted, and the following document portions shall remain under seal on the docket:

| Document | Portions to be Sealed |
| --- | --- |
| Joint Letter Brief at Dkt. No. 463 | Portions highlighted at pages: 1-2 |
| Joint Letter Brief at Dkt. No. 464 | Portions highlighted at pages: 2-3 |
| Appendix A to Joint Letter Brief at Dkt. No. 464 (Dkt. No. 466-2) | Portions Highlighted at pages: 1-8 |
| Joint Letter Brief at Dkt. No. 473 | Portions highlighted at pages: 1-7 |
| Joint Letter Brief at Dkt. No. 503 | Portions highlighted at page(s): 1-5 |

As public versions of these documents are already on the public docket, no further action is required from the parties.

This order terminates Docket Numbers 462, 465, 467, 468, 472, 474, 502, and 504.

**IT IS SO ORDERED.**

Dated: June 8, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge