| | |
|---|---|
| **PRITZKER LEVINE LLP** <br> Elizabeth C. Pritzker (Cal. Bar No. 146267) <br> 1900 Powell Street, Suite 450 <br> Emeryville, CA 94608 <br> Tel.: (415) 692-0772 <br> Fax: (415) 366-6110 <br> ecp@pritzkerlevine.com <br><br> **COTCHETT, PITRE & McCARTHY, LLP** <br> Nanci E. Nishimura (Cal. Bar No. 152621) <br> Brian Danitz (Cal. Bar No. 247403) <br> Karin Swope (admitted Pro Hac Vice) <br> 840 Malcom Road, Suite 200 <br> Burlingame, CA 94010 <br> Tel.: (650) 697-6000 <br> Fax: (650) 697-0577 <br> nnishimura@cpmlegal.com <br> bdanitz@cpmlegal.com <br> kswope@cpmlegal.com <br><br> *Counsel for Plaintiffs* <br><br> *[Additional counsel listed on signature page]* | **COOLEY LLP** <br> MICHAEL G. RHODES (SBN 116127) <br> (rhodesmg@cooley.com) <br> WHITTY SOMVICHIAN (SBN 194463) <br> (wsomvichian@cooley.com) <br> KELSEY R. SPECTOR (SBN 321488) <br> (kspector@cooley.com) <br> REECE TREVOR (SBN 316685) <br> (rtrevor@cooley.com) <br> ANUPAM DHILLON (SBN 324746) <br> (adhillon@cooley.com) <br> 3 Embarcadero Center, 20th floor <br> San Francisco, CA 94111-4004 <br> Telephone: (415) 693 2000 <br> Facsimile: (415) 693 2222 <br><br> *Attorneys for Defendant Google LLC* <br><br> **SIDLEY AUSTIN LLP** <br> David A. Goldenberg (SBN 347955) <br> 555 California St. <br> San Francisco, CA 94104 <br> Telephone: (415) 772-1200 <br> dgoldenberg@sidley.com <br><br> *Attorney for Non-Party Xandr, Inc.* |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA -- OAKLAND DIVISION

| | |
|---|---|
| *In re Google RTB Consumer Privacy Litigation* <br><br> This Document Relates To: <br><br> All Actions | Case No. 4:21-cv-02155-YGR-VKD <br><br> **[PROPOSED] STIPULATED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING THE PRODUCTION OF CONFIDENTIAL DISCOVERY MATERIAL BY NON-PARTY XANDR, INC.** |

*In re Google RTB Consumer Privacy Litigation,* 4:21-cv-02155-YGR-VKD
[Proposed] Stipulated Supplemental Protective Order Governing the Production
of Confidential Discovery Material by Non-Party Xandr, Inc.

1    WHEREAS, on June 3, 2021, the Court entered a Stipulated Protective Order Governing

2 the Exchange of Confidential Discovery Material, as modified by the Court, (hereinafter "June 3,

3 2021 Protective Order") in the above-captioned case, Case No. 21-cv-02155 ("Action").

4    WHEREAS, Section 9(a) of the June 3, 2021 Protective Order states that, "[n]othing in

5 these provisions should be construed as prohibiting a Non-Party from seeking additional

6 protections" for information produced by a Non-Party in connection with this Action.

7    WHEREFORE, IT IS HEREBY ORDERED that documents or information disclosed or

8 produced by Non-Party Xandr, Inc. ("Xandr") in this Action, to the extent such documents or

9 information are designated as containing Xandr Protected Information, shall be subject to the

10 following provisions (the "Supplemental Protective Order"):

11 1.  GENERAL PROVISIONS

12    1.1. The definitions, terms, and provisions contained in the June 3, 2021 Protective Order

13       shall be incorporated by reference herein as though fully set forth herein, provided,

14       however, that in the event of any conflict between any definition, term, or provision of

15       this Supplemental Protective Order and any definition, term, or provision of the June 3,

16       2021 Protective Order, this Supplemental Protective Order will control with respect to

17       such conflict.

18    1.2. The definitions, terms, and provisions contained in this Supplemental Protective Order

19       shall apply only to the material designated as Xandr Protected Information in accordance

20       with this Supplemental Protective Order, and nothing herein shall provide any rights or

21       protections to the Parties to this Action beyond those set forth in the June 3, 2021

22       Protective Order.

- 2 -

*In re Google RTB Consumer Privacy Litigation,* 4:21-cv-02155-YGR-VKD
[Proposed] Stipulated Supplemental Protective Order Governing the Production
of Confidential Discovery Material by Non-Party Xandr Inc.

2. DEFINITIONS

    2.1. "Defendant" means Google LLC, its officers and employees, and any of its predecessors or successors.

    2.2. "Designating Party" means Xandr, to the extent Xandr has designated information or documents it produces in disclosures or responses to discovery in this Action as "XANDR CONFIDENTIAL – OUTSIDE COUNSEL AND DESIGNATED IN-HOUSE COUNSEL ONLY".

    2.3. "DOJ Investigation" means the government investigation preceding the filing of the DOJ/Colorado Litigation.

    2.4. "DOJ/Colorado Litigation" means the actions *United States of America, at al. v. Google LLC*, Case No. 1:20-cv-03010-APM (D.D.C), and *State of Colo. et al. v. Google LLC*, Case No. 1:20-cv-03715-APM (D.D.C.).

    2.5. "In-House Counsel" means attorneys who are members in good standing of at least one state bar, who are employees of a Party, and who have responsibility for managing this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

    2.6. "Outside Counsel of Record" means attorneys who are not employees of a Party to this action but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.

    2.7. "Party" means any Plaintiff or Defendant in this Action. "Parties" means collectively Plaintiffs and Defendant in this Action.

- 3 -

*In re Google RTB Consumer Privacy Litigation,* 4:21-cv-02155-YGR-VKD
[Proposed] Stipulated Supplemental Protective Order Governing the Production
of Confidential Discovery Material by Non-Party Xandr Inc.

2.8. "Receiving Party" means any Party that receives documents or information produced or disclosed by Xandr in connection with this Action.

2.9. "Xandr Protected Information" means sensitive Xandr confidential information or documents, disclosure of which to another party could create a substantial risk of harm to Xandr, and includes all information or documents provided by Xandr in the DOJ Investigation and designated in the DOJ/Colorado Litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the terms of the DOJ/Colorado Protective Order.

3. SCOPE

3.1. This Supplemental Protective Order covers not only documents designated "XANDR CONFIDENTIAL – OUTSIDE COUNSEL AND DESIGNATED IN-HOUSE COUNSEL ONLY", but also any information copied, excerpted, or summarized from documents with such designation and any testimony, conversations, or presentations by Counsel that might reveal information from documents with such designation. The protections conferred by this Supplemental Protective Order do not, however, cover the following: (a) any documents or information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party for reasons not involving a violation of this Supplemental Protective Order or the June 3, 2021 Protective Order, including becoming part of the public record through trial or otherwise; and (b) any documents or information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the document or information lawfully and under no obligation of confidentiality to the Designating Party.

- 4 -

*In re Google RTB Consumer Privacy Litigation,* 4:21-cv-02155-YGR-VKD
[Proposed] Stipulated Supplemental Protective Order Governing the Production
of Confidential Discovery Material by Non-Party Xandr Inc.

3.2. Nothing in these provisions should be construed as prohibiting Xandr, or any other Non-Party, from seeking additional protections.

4. DESIGNATION AND USE OF XANDR PROTECTED INFORMATION

4.1. In order for materials produced in discovery to qualify for protection as Xandr Protected Information, the Designating Party must affix the legend "XANDR CONFIDENTIAL – OUTSIDE COUNSEL AND DESIGNATED IN-HOUSE COUNSEL ONLY" to each page of any document for which the Designating Party seeks protection under this Supplemental Protective Order;

4.2. Unless otherwise ordered by the Court or permitted by Xandr, a Receiving Party may disclose documents and information designated as "XANDR CONFIDENTIAL – OUTSIDE COUNSEL AND DESIGNATED IN-HOUSE COUNSEL ONLY" to the following only:

4.2.1. The Court and all persons assisting the Court in this Action, including law clerks, court reporters, and stenographic or clerical personnel;

4.2.2. Outside Counsel of Record for the Parties, including any attorneys, paralegals, and other professional personnel (including support and IT staff) that such Outside Counsel assigns to this Action whose functions require access to the information ;

4.2.3. One Designated In-House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making involving Xandr and has no current expectation of being involved in such decision-making in the future, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the "Acknowledgment and Agreement to Be Bound" attached to the June 3, 2021 Protective Order as Exhibit A.

- 5 -

*In re Google RTB Consumer Privacy Litigation,* 4:21-cv-02155-YGR-VKD
[Proposed] Stipulated Supplemental Protective Order Governing the Production of Confidential Discovery Material by Non-Party Xandr Inc.

1  4.2.4.  Outside vendors or service providers (such as copy-service providers, outside court reporters retained for depositions, and document-management consultants) retained by a Party to assist that Party in this Action provided that they first execute the "Acknowledgment and Agreement to Be Bound" attached to the June 3, 2021 Protective Order as Exhibit A;

4.2.5.  Any mediator, arbitrator, or special master that the Parties engage in this Action or that the Court appoints;

4.2.6.  Persons who the Xandr Protected Information itself indicates, or who the Receiving Party has a good-faith basis to believe, were the author, addressee, recipient, custodian, or source of the document, to the extent they have previously had lawful access to the document disclosed or to be disclosed;

4.2.7.  Any person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this Action, provided that they first shall execute the "Acknowledgment and Agreement to Be Bound" attached to the June 3, 2021 Protective Order as Exhibit A;

4.2.8.  Outside trial consultants (including, but not limited to, graphics consultants) provided that they first shall execute the "Acknowledgment and Agreement to Be Bound" attached to the June 3, 2021 Protective Order as Exhibit A.

4.3. A Party may not file in the public record in this action any Xandr Protected Information. Xandr Protected Information may be filed only under seal pursuant to a Court order authorizing the sealing of the specific Xandr Protected Information at issue.  A Party that seeks to file under seal any Xandr Protected Information must comply with Civil Local

- 6 -

*In re Google RTB Consumer Privacy Litigation,* 4:21-cv-02155-YGR-VKD
[Proposed] Stipulated Supplemental Protective Order Governing the Production
of Confidential Discovery Material by Non-Party Xandr Inc.

Rule 79-5. In addition to the requirements of Civil Local Rule 79-5(e), the Party seeking to file under seal any Xandr Protected Information should serve the supporting declaration on Xandr so that Xandr has the opportunity to file a declaration establishing that all of the designated material is sealable pursuant to Civil Local Rule 79-5(e).

4.4. Except as may be otherwise ordered by the Court, any person may be examined as a witness at deposition and may testify concerning Xandr Protected Information to the extent such person was the author, recipient, or custodian of the information or otherwise possessed or had prior knowledge of such material, but all such Xandr Protected Information of which such person did not have prior knowledge should be redacted prior to introducing any such document for examination.

4.5. At deposition, any person other than (i) the witness, (ii) the witness's outside attorney(s), and (iii) any person(s) qualified to receive documents designated as "XANDR CONFIDENTIAL – OUTSIDE COUNSEL AND DESIGNATED IN-HOUSE COUNSEL ONLY" under this Supplemental Protective Order shall be excluded from the portion of the examination concerning Xandr Protected Information, unless Xandr consents to that person's attendance. If the witness is represented by an outside attorney who is not qualified under this Supplemental Protective Order to receive Xandr Protected Information then prior to the examination, the outside attorney shall be requested to sign and provide a signed copy of the Acknowledgment and Agreement to Be Bound attached to the June 3, 2021 Protective Order as Exhibit A. In the event that such outside attorney declines to sign the Acknowledgment and Agreement to Be Bound prior to the examination, Xandr may seek a protective order from the Court in a motion to which the Parties will not object, prohibiting such outside attorney from disclosing

- 7 -

*In re Google RTB Consumer Privacy Litigation,* 4:21-cv-02155-YGR-VKD
[Proposed] Stipulated Supplemental Protective Order Governing the Production
of Confidential Discovery Material by Non-Party Xandr Inc.

Xandr Protected Information.

4.6. Any Party that discloses any Xandr Protected Information on any trial exhibit list exchanged with an opposing Party must disclose such material to Xandr no later than two (2) business days after such exchange or disclosure, and describe the materials with reasonable particularity so that Xandr has the opportunity to file an objection to such disclosure and establish that the materials to be disclosed are sealable pursuant to Civil Local Rule 79-5(e) and the Court's standing orders. If such notice is not given or Xandr files such an objection, the disclosing party must request that the courtroom be sealed and that only those authorized to review Xandr Protected Information remain present during the presentation of such material, unless the Court orders otherwise.

**IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.**

Dated: June 15, 2023

| **COTCHETT, PITRE & McCARTHY LLP** | **COOLEY LLP** |
|---|---|
| By: /s/ Andrew F. Kirtley<br>Nanci E. Nishimura (SBN 152621)<br>Brian Danitz (SBN 247403)<br>Karin B. Swope (admitted *pro hac vice*)<br>Andrew F. Kirtley (SBN 328023)<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>Tel.: (650) 697-6000<br>Fax: (650) 697-0577<br>nnishimura@cpmlegal.com<br>bdanitz@cpmlegal.com<br>kswope@cpmlegal.com<br>akirtley@cpmlegal.com<br><br>[Additional counsel listed below] | By: /s/ Whitty Somvichian<br>Michael G. Rhodes (SBN 116127)<br>Whitty Somvichian (SBN 194463)<br>Kelsey R. Spector (SBN 321488)<br>Reece Trevor (SBN 316685)<br>Anupam Dhillon (SBN 324746)<br>3 Embarcadero Center, 20th floor<br>San Francisco, CA 94111-4004<br>Telephone: (415) 693 2000<br>Facsimile: (415) 693 2222<br>rhodesmg@cooley.com<br>wsomvichian@cooley.com<br>kspector@cooley.com<br>rtrevor@cooley.com<br>adhillon@cooley.com<br><br>[Additional counsel listed below] |

- 8 -

*In re Google RTB Consumer Privacy Litigation,* 4:21-cv-02155-YGR-VKD
[Proposed] Stipulated Supplemental Protective Order Governing the Production
of Confidential Discovery Material by Non-Party Xandr Inc.

**PRITZKER LEVINE LLP**
Elizabeth C. Pritzker (SBN 146267)
Bethany Caracuzzo (SBN 190687)
Jonathan K. Levine (SBN 220289)
Caroline C. Corbitt (SBN 305492)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*bc@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*ccc@pritzkerlevine.com*

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (SBN191305)
Matthew Melamed (SBN 260272)
Anne K. Davis (SBN 267909)
Angelica M. Ornelas (SBN 285929)
Joshua D. Samra (SBN 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*mmelamed@bfaw.com*
*adavis@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 E. 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 993-1000
*dstraite@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)

Robby L.R. Saldaña (admitted *pro hac vice*)
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone: (202) 776-2109
Facsimile: (202) 842-7899

**Attorneys for Defendant Google LLC**

**SIDLEY AUSTIN LLP**

By:  */s/ David A. Goldenberg*
David A. Goldenberg (SBN 347955)
555 California St.
San Francisco, CA 94104
Telephone: (415) 772-1200
*dgoldenberg@sidley.com*

**Attorney for Non-Party Xandr, Inc.**

- 9 -

*In re Google RTB Consumer Privacy Litigation,* 4:21-cv-02155-YGR-VKD
[Proposed] Stipulated Supplemental Protective Order Governing the Production
of Confidential Discovery Material by Non-Party Xandr Inc.

James A. Ulwick (admitted *pro hac vice*)
Ten North Dearborn Street, 6th Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*
*julwick@dicellolevitt.com*

**BOTTINI & BOTTINI, INC.**
Francis A. Bottini, Jr. (SBN 175783)
Albert Y. Chang (SBN 296065)
Anne Beste (SBN 326881)
Yury A. Kolesnikov (SBN 271173)
Nicholaus Woltering (SBN 337193)
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Telephone: (858) 914-2001
Fax: (858) 914-2002
*fbottini@bottinilaw.com*
*achang@bottinilaw.com*
*abeste@bottinilaw.com*
*ykolesnikov@bottinilaw.com*
*nwoltering@bottinilaw.com*

*Counsel for Plaintiffs*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____, 2023      _____
                                         THE HONORABLE VIRGINIA K. DEMARCHI
                                         UNITED STATES MAGISTRATE JUDGE

- 10 -

*In re Google RTB Consumer Privacy Litigation,* 4:21-cv-02155-YGR-VKD
[Proposed] Stipulated Supplemental Protective Order Governing the Production
of Confidential Discovery Material by Non-Party Xandr Inc.

**ATTESTATION OF E-FILED SIGNATURE**

I, Andrew F. Kirtley, am the ECF user whose identification and password are being used to file this document. Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that all other signatories to this document concurred in its filing.

                                              */s/ Andrew F. Kirtley*
                                                ANDREW F. KIRTLEY

- 11 -

*In re Google RTB Consumer Privacy Litigation,* 4:21-cv-02155-YGR-VKD
[Proposed] Stipulated Supplemental Protective Order Governing the Production
of Confidential Discovery Material by Non-Party Xandr Inc.