UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION. | Case No. 21-cv-02155-YGR   (VKD)<br><br>**ORDER RE JUNE 5, 2023 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 537 |

The plaintiffs and defendant Google LLC ("Google") ask the Court to resolve their dispute regarding the plaintiffs' demand that Google produce, for each named plaintiff, records corresponding to three data fields: user_lists, content_labels, and app_category_fatcat_id. Dkt. No. 537. This dispute is suitable for resolution without oral argument. Civil L.R. 7-1(b).

**I.   BACKGROUND**

This dispute concerns the same data fields addressed in the Court's April 14, 2023 order denying plaintiffs' motion for contempt and sanctions. Dkt. No. 487. Among other reasons, the Court declined to hold Google in contempt because it concluded that its prior discovery orders did not clearly require Google to produce information from these data fields. *Id.* at 5. However, the Court did not address or decide whether such information was relevant and responsive to plaintiffs' document requests. On June 5, 2023, the parties filed a discovery dispute letter asking the Court to decide whether Google must produce the contents of these data fields for the named plaintiffs. *See* Dkt. No. 537

**II.   DISCUSSION**

   **A.   User_lists**

According to the parties, the user_lists field includes information about users compiled by

1    RTB participants (or at their request) based on criteria the RTB participants identify. Dkt. No. 537

2    at 2, 5. Plaintiffs say that Google permits RTB participants to use the lists to target account

3    holders for advertising, and that the user_lists data field reflects information necessarily associated

4    with the named plaintiffs that is within the scope of RFPs 13, 22, and 42, as well as this Court's

5    prior orders. *Id.* at 2. Plaintiffs also argue that the user_lists field is within the scope of relevant

6    discovery because it allows RTB participants to infer information about account holders. *Id.* at 3.

7         Google responds that the user lists do not reflect any information that Google shares with

8    RTB participants, but rather information that RTB participants already have and share with

9    Google. *Id.* at 5. Google argues that the Court has limited discovery to documents sufficient to

10   show, for each named plaintiff, the information Google shares with RTB participants, including

11   information that would permit RTB participants to infer information about the account holder, and

12   that the user_lists field contains no such information. *Id.* Google acknowledges that it used to

13   include a user_lists field in bid requests sent to RTB participants, but that it stopped populating

14   this field in bid requests in 2018, years before this lawsuit was filed, and no longer has access to

15   information associated with the named plaintiffs for that field.[1] *Id.; see also* Dkt. No. 448-1 ¶¶ 4,

16   5 (describing what the user_lists field is *not*).

17        The Court is not persuaded that production of the user_lists data field is within the scope of

18   relevant discovery as described in the Court's prior orders. *See* Dkt. No. 184 (discussing RFP No.

19   22(i) and (j)); Dkt. No. 314 (discussing RFP Nos. 13 and 42), Dkt. No. 382 at 4-5. In particular, it

20   is not clear what information plaintiffs believe RTB participants can infer about an account holder

21   that the participants do not already know. However, even if this data field were within the scope

22   of relevant discovery, Google represents that it no longer maintains records of the information

23   plaintiffs seek. The Court denies plaintiffs' request for an order compelling production of these

24   records.

25        **B.     Content_labels**

26        According to the parties, the content_labels field includes categories that characterize

---

[1] It is not clear from the parties' submission what information, if any, the user_lists field revealed about an account holder.

content on a publisher's web page, such as "politics" or "profanity." Dkt. No. 537 at 3, 6. Content labels allow an RTB participant to "pre-filter" categories of websites on which the participant does *not* wish to place an advertisement and for which it does *not* want to receive bid requests. *Id.* at 6. Plaintiffs argue that content labels allow RTB participants to infer information about account holders who visit websites based on the bid requests the RTB participants receive. *Id.* at 3.

Google responds that content labels describe websites, not account holders. *Id.* at 6. It argues that if an RTB participant chooses not to receive a bid request based on a content label on a particular website, that participant obtains no information about any account holders who happen to visit that website. *Id.* Similarly, if an RTB participant receives a bid request to place an advertisement on a particular website, it knows only that the website does not have a content label they have chosen to pre-filter, but cannot infer anything in particular about the account holder or about the account holder's visits to other websites. *Id.* Google acknowledges that it used to include a field called detected_content_label (but not content_labels) in bid requests sent to RTB participants. *Id.* However, it claims that it stopped populating this field in bid requests in February 2020, before this lawsuit was filed, and no longer has information associated with the named plaintiffs for that field. *Id.; see also* Dkt. No. 448-1 ¶ 6.

The Court is not persuaded that production of the content_labels data field is within the scope of relevant discovery if that field is not actually disclosed to RTB participants. *See* Dkt. No. 184 (discussing RFP No. 22(i) and (j)); Dkt. No. 314 (discussing RFP Nos. 13 and 42), Dkt. No. 382 at 4-5. Furthermore, it is not clear from the parties' submission that RTB participants can infer any meaningful information about an account holder based on the fact that the website the account holder visited was *not* filtered out of the bid requests the participants received. In addition, it is not clear from the parties' submission whether, during the period of time Google shared content labels (in a detected_content_label field or a content_labels field) assigned to a website as part of a bid request, that disclosure contained any information RTB participants could or did use to infer information about the account holders who visited the website. As Google represents that it no longer shares website content labels with RTB participants, and that it no

3

1   longer maintains records of content labels that used to be included in bid requests associated with
2   the named plaintiffs, Dkt. No. 448-1 ¶ 6; Dkt. No. 537 at 6, there is nothing to produce.

### C.  App_category_fatcat_id

The parties disagree about the existence of a field called app_category_fatcat_id; however, they seem to agree that Google has app_category_id fields that include categories for describing the subject matter of applications. Dkt. No. 537 at 2, 6. Google explains, without contradiction, that the subject matter categories are publicly available labels that application developers (not Google) assign to their applications in the Google Play Store and the Apple App Store. *Id.* at 6.

The Court understands that RTB participants may place in-app advertisements and may receive bid requests for this purpose. Dkt. No. 487 at 5. Google says that it has already produced information sufficient to identify the applications with in-app advertising opportunities that were sent to RTB participants in bid requests for each of the named plaintiffs, and that if plaintiffs wish to know the app category associated with a particular application, they may determine this information from publicly available sources. Dkt. No. 537 at 6. Google acknowledges that it used to include app_category_id fields in bid requests sent to RTB participants, but that it stopped populating these fields in bid requests in February 2020, before this lawsuit was filed, and no longer has information associated with the named plaintiffs for those fields. *Id.; see also* Dkt. No. 448-1 ¶ 8.

The Court is not persuaded that production of any app_category_id data fields is within the scope of relevant discovery, as described in the Court's prior orders, if those fields are not actually disclosed to RTB participants. *See* Dkt. No. 184 (discussing RFP No. 22(i) and (j)); Dkt. No. 314 (discussing RFP Nos. 13 and 42), Dkt. No. 382 at 4-5. As with the content_labels field, it is not clear from the parties' submission whether, during the period of time Google shared app categories assigned to an application as part of a bid request, these fields contained any information RTB participants could or did use to infer information about the account holders who accessed the application. As Google represents that it no longer shares app_category_ids with RTB participants, and that it no longer maintains records of any app_category_ids that used to be included in bid requests associated with the named plaintiffs, Dkt. No. 448-1 ¶ 8; Dkt. No. 537 at

4

6, there is nothing to produce.

## III.  CONCLUSION

The Court denies plaintiffs' request for an order compelling production of the user_lists, content_labels, and app_category_fat cat_ id data fields for each of the named plaintiffs.

**IT IS SO ORDERED.**

Dated: July 10, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge