Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal Bar No. 220289)
Bethany Caracuzzo (Cal Bar No. 190687)
Caroline Corbitt (Cal Bar. No. 305492)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*
*ccc@pritzkerlevine.com*

*Interim Class Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document relates to: *all actions*. | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**DECLARATION OF JONATHAN K. LEVINE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED – RE. GOOGLE'S MATERIALS**<br><br>**[Civil L.R. 7-11, 79-5(f)]**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Hearing Date:      None set.<br>Hearing Time:<br>Hearing Location: |

I, Jonathan K. Levine, hereby declare as follows:

1. I am a partner of Pritzker Levine LLP, an attorney licensed in the State of California, and duly admitted to practice before this Court. On August 3, 2021, my partner Elizabeth C. Pritzker was appointed to serve as Interim Class Counsel on behalf of plaintiffs. *See* ECF No. 77. This declaration is made in support of plaintiffs' Administrative Motion to Consider Whether Another Party's (Defendant Google's) Materials Should Be Sealed pursuant to Civil Local Rule 79-5(f). I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

2. Attached hereto and lodged under seal are true and correct copies of the following documents filed this same date. Where documents were filed in redacted form and not entirely under seal, the portions that are conditionally sealed are highlighted in yellow. The exhibits referenced below are Exhibits to the Declaration of Elizabeth C. Pritzker submitted in support of plaintiffs' Motion for Class Certification, except as otherwise noted:

   a. The unredacted version of plaintiffs' Motion for Class Certification;

   b. The unredacted version of plaintiffs' submitted Proposed Order re. Class Certification;

   c. Exhibit 1: the unredacted version of the Expert Class Certification Report of Professor Zubair Shafiq;

   d. Exhibit 2: the unredacted version of the Expert Class Certification Report of Professor Christopher Wilson;

   e. Exhibit 3: the unredacted version of the Expert Class Certification Report of Professor Robert Zeithammer;

   f. Exhibit 4: the unredacted version of the Expert Class Certification Report of Greg Regan, CPA/CFF, CFE;

   g. Exhibit 5: the unredacted version of the Expert Class Certification Report of Professor Neil Richards;

     h.    <u>Exhibit 12</u>: GOOG-HEWT-00349634, which was designated Confidential by Google;

     i.    <u>Exhibit 13</u>: GOOG-HEWT-00455800, which was designated Highly Confidential – Attorneys' Eyes Only by Google;

     j.    <u>Exhibit 15</u>: GOOG-HEWT-00455648, which was designated Highly Confidential – Attorneys' Eyes Only by Google;

     k.    <u>Exhibit 17</u>: Excerpts of the deposition of Google employee George Levitte, which was designated Highly Confidential – Attorneys' Eyes Only by Google;

     l.    <u>Exhibit 18</u>: Excerpts of the deposition of Google employee Glenn Berntson, which was designated Confidential by Google;

     m.    <u>Exhibit 19</u>:  GOOG-HEWT-00456419 which was designated Highly Confidential – Attorneys' Eyes Only by Google;

     n.    <u>Exhibit 21</u>: GOOG-HEWT-00481219 which was designated Highly Confidential – Attorneys' Eyes Only by Google;

     o.    <u>Exhibit 22</u>: GOOG-HEWT-00481225 which was designated Highly Confidential – Attorneys' Eyes Only by Google;

     p.    <u>Exhibit 23</u>: GOOG-HEWT-00480493 which was designated  Confidential by Google;

     q.    <u>Exhibit 24</u>: GOOG-HEWT-00099180 which was designated Confidential by Google;

     r.    <u>Exhibit 25</u>: GOOG-HEWT-00330758 which was designated Confidential by Google;

     s.    <u>Exhibit 26</u>: GOOG-HEWT-00035713 which was designated Highly Confidential by Google;

     t.    <u>Exhibit 42</u> to the Declaration of Bethany Caracuzzo submitted in support of plaintiffs' Motion for Class Certification: GOOG-HEWT-00456456 June 28, 2016 "Consent Bump" sent to Google account holders, which was designated Confidential by Google.

3.      Google is the "Designating Party" under L.R. 79-5(f) and the *E-Filing Under Seal in Civil Cases* guidelines.

4.      Portions of <u>Exhibit 1</u>, the unredacted Expert Class Certification Report of Professor Zubair Shafiq, also contains information that is the subject of plaintiffs' administrative motion to file under seal, filed separately herewith, specifically regarding portions of ¶¶ 42, 46, Table 2, and FN 18, FN 19, FN 23, FN 24, FN 25, FN 26, FN 27, FN 28

5.      Portions of <u>Exhibit 2</u>, the unredacted version of the Expert Report of Professor Christopher Wilson, also contains information designated confidential by third-party The New York Times, (at ¶¶ 38, 39, Table 2, ¶ 40, Table 3, and 79), and third-party TTD (at ¶¶ 37, 47)  (¶¶ 37, 47 and 79 also cited herein as they also refer to Google data), and therefore the sealing of this portions are also the subject of plaintiffs' separate administrative motions to consider whether another party's materials should be sealed,  each filed separately herewith, regarding data from third-party The New York Times and third-party TTD.

6.      Portions of <u>Exhibit 2</u>, also contains information that is the subject of plaintiffs' administrative motion to file under seal, filed separately herewith, specifically regarding portions of Table 5.

7.      Plaintiffs' request seeks to conditionally seal language in the above-identified reports and motion that Google maintains quotes from and refers to documents and testimony that Google has designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the protective order, and/or seeks to conditionally seal entire documents that Google has designated "Confidential" or "Highly Confidential."  These documents and information are relevant to the litigation and to plaintiffs' motion for class certification. The request to seal cannot be more narrowly drawn by plaintiffs without the consent of Google.

8.      Plaintiffs do not join in Google's designation and do not join any request by Google to seal any portion of plaintiffs' motion, expert reports, or the documents or transcripts they quote, or the other Google-produced documents, but submit these documents in redacted form or entirely sealed in order to comply with the protective order and Google's designations.

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct. Executed on this 14th day of July, 2023 in Emeryville, California.

*/s/ Jonathan K. Levine*
Jonathan K. Levine