Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
Caroline Corbitt (Cal Bar No. 305492)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*
*ccc@pritzkerlevine.com*

*Interim Class Counsel*

[Additional Counsel Appear on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION*<br><br>This document applies to all actions. | **CASE NO. 4:21-CV-02155-YGR-VKD**<br><br>**DECLARATION OF ELIZABETH C. PRITZKER IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

I, Elizabeth C. Pritzker, hereby declare as follows:

1. I am a partner of Pritzker Levine LLP, and an attorney licensed in the State of California and duly admitted to practice before this Court. On August 3, 2021, I was appointed to serve as Interim Class Counsel on behalf of plaintiffs. *See* ECF 77. This declaration is made in support of Plaintiffs' Motion for Class Certification. I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

## LIMITED DISCOVERY RECORD

2. Plaintiffs have timely complied with the Court's scheduling order, requiring that plaintiffs' motion for class certification be filed on July 14, 2023, which date was extended from May 23, 2023 by stipulation of the parties. ECF 530, 534. While timely, plaintiffs' motion for certification is being brought on a limited discovery record.

3. When the parties last appeared before the Court on June 1, 2022, Google had at that time, one year into the litigation, produced roughly 51,175 documents—a production volume the Court then described as "nothing" in a complex, document-intensive, and data-driven case such as this. *See* June 1, 2022 Hr'g. Tr. at 12:13-15. ECF 226.

4. In the thirteen months since, Google has increased its production by only 6,418 additional documents – including 116 documents containing internal Google Real Time Bidding ("RTB") data related to the seven named plaintiffs, and 86 documents recently produced on July 6, 2023 to add to Google's production of its published U.S. Terms of Service, Privacy Policies, and related disclosures. This brings Google's production total, after two years of litigation, to just 57,462 documents today.

5. Plaintiffs have not been idle. On the contrary, efforts to obtain discovery to support plaintiffs' class certification motion have been earnest and they have been hard fought. The Court's docket presently contains 22 separate entries reflecting discovery briefing (and compliance or follow-on briefing) to Magistrate Judge DeMarchi by plaintiffs for the period February 1, 2022

through June 5, 2023, on topics ranging from the identity of sources of relevant information[1], to class membership and class damages[2], data about the named plaintiffs in Google's records[3], discovery deficiencies[4], privilege assertions[5], and other matters. And, as of the date of this motion, the parties are meeting and conferring in advance of additional discovery briefing to be filed by plaintiffs in the coming weeks.

6. Google has represented to counsel and this Court that it has preserved and is maintaining relevant and responsive class information. *See* ECF 68 at 7. But, generally speaking, Google has thus far refused to produce classwide data and information in this litigation, asserting that such data and information is not proportional to the needs of the case. *See, e.g.* ECF 291 (In which Google argues, "…the event-level data reflecting the total auction revenue for every user is vastly overbroad, and not relevant to quantifying the value of data shared with third parties. Even a tiny fraction of this data would be utterly disproportionate."). Google has refused to tell plaintiffs what class information is being preserved and for what period of time, and has refused to provide plaintiffs with some of the most basic information pertaining to the class, such as: the number of unique individual active U.S. Google accounts during the class period; the average daily number of bid requests and bid queries transmitted in the U.S. through Google RTB; information about Google account maintenance; and the locations of Google's two RTB servers in the U.S. (even though this latter information is published by Google).

---

[1] *See* ECF 157, 191 (Google search terms, custodians and noncustodial sources), 141, 336 (Google RTB data sources/architecture), and 464, 506 (hyperlinked documents, dashboards and source code change documentation). *See also* Dep. Trans. of George Levitte (Director of Project Management, Google New York) at 72:18-78:7 92:2-11, 157:6-158:24, 171:7-17, 204:17-24 (testifying as to existence of internal "dashboards" and external interfaces" or ("UI") as sources of information about Google's RTB business, including RTB revenue information), **Ex. 17** hereto.

[2] *See* ECF 171, 291 (number of Google Account holders/class membership, Google RTB revenues & costs, damages discovery).

[3] *See* ECF 171 (Google RTB revenues associated with plaintiffs), and 269, 365, 429, 430, 430, 503, 536-3 (Google RTB data fields pertaining to plaintiffs).

[4] *See* ECF 463 (hyperlinked and 2022 documents for Google custodians Bernston and Belov, and motion for further deposition of Mr. Belov in light of production deficiencies).

[5] *See* ECF 330, 339, 404.

7.      Google also has represented to counsel and this Court that it has preserved and is maintaining relevant and responsive information pertaining to the seven named plaintiffs and their claims. *See, for example,* ECF 69 at 7. Again, however, Google has refused to produce all relevant data pertaining to these seven individuals, once again asserting that producing all such data is not proportional to the needs of the case. *See, e.g.,* Aug. 23, 2022 Hr'g. Tr. at 23, 83, 130; *see also* Google's Objections and Responses to Plaintiffs' Seventh Set of Requests for Production of Documents, RFP 117 (specifically objecting to plaintiffs' request for "documents pertaining…to each of the named plaintiffs, including all data fields associated with each named plaintiff in connection with Google's RTB platform", for the period Jan. 1, 2022 to April 20, 2023, asserting the request is "overly broad, seeks irrelevant information, is unduly burdensome, and is not proportional to the needs of the case," among other objections, and stating that "Google has not conducted and will not conduct searches for responsive documents, and as a result, will not produce documents in response to this Request.") A true and correct copy of Google's June 29, 2023 Objections to Request for Production No. 117 is attached as **Exhibit 27** hereto.

8.      After multiple rounds of motion practice, including as least one compliance motion and a sanctions motion, Judge DeMarchi has to date issued seven orders that collectively require Google to produce from its Google RTB logs certain core Google RTB data fields, as maintained at Google in the ordinary course, for each of the named plaintiffs, but only for a total of twelve one-week periods of the class period (i.e., from June 28, 2016 to present).[6] In at least one such order, Judge DeMarchi ordered that Google ensure its time-sampled production be "representative" in time and in scope of the data Google regularly maintains in its Google RTB logs. *See* ECF 483 at 2. Google, however, has only produced named plaintiff data in response to the Court' orders for eight of the twelve weeks, claiming that the data does not exist for the other four weeks, which are earlier in the class period. Google has refused all efforts to date by plaintiffs to engage in meaningful discussions about (i) the lack of named plaintiff data for earlier in the class period, (ii) potential spoliation of relevant evidence pertaining to plaintiffs and the class, and (iii) Google's document

---

[6] *See* ECF 314, 382, 481, 483, 485, 487, 510.

retention efforts relating to this action.

9. Certain recent orders by Judge DeMarchi governing the named plaintiff Google RTB data fields that Google must produce issued on April 14 (ECF 81, 483, 485, 487) and May 17, 2023 (ECF 510), respectively. In meet and confer discussions with Google's counsel about the scope and timing of these productions on April 25, counsel for Google represented to plaintiffs that Google would begin rolling productions of the required data, but would not be able to complete those productions until May 26, 2023 – or possibly later. This meant that plaintiffs and their experts would not have the highly-relevant, court-ordered data associated with Google RTB's activities involving the named plaintiffs until <u>after</u> the previously-ordered May 23, 2023 class certification deadline.

10. Plaintiffs and Google stipulated to an extension of the class certification, from May 23, 2023 to July 14, 2023, to allow Google to make its court-ordered productions of named plaintiff data, and afford plaintiffs and their experts time to evaluate those productions for class certification. *See* ECF 530, 534.

11. While Google has produced additional named plaintiff data in response to Judge DeMarchi's recent discovery orders, the production remains deficient in material respects. Plaintiffs identified these deficiencies to Google, which again, has not responded.

12. Damages discovery has been similarly limited. Google has, to date, produced a single excel spreadsheet (containing one line) that shows gross RTB revenues during part, but not all, of the class period. Google has also, to date, produced a single excel spreadsheet (also containing one line) that purports to show some of Google's costs during part, but not all, of the class period. The costs spreadsheet does not appear to tie in to the gross revenue spreadsheet. No backup for either document has been provided and Google has refused to explain where the information used to create these documents came from.

13. Finally, with respect to the location of Google's activities in connection with plaintiffs' claim under the California Information Privacy Act, Cal. Pen. Code § 631, the Court directed Google to produce any proof that at least one RTB recipient or publisher received the communications at issue while they were not located in California. MTD Order (ECF 233) at 17:10-16. Google never produced any such proof in response to the Court's Order.

MATERIALS SUBMITTED WITH PLAINTIFFS' CLASS CERTIFICATION MOTION

14. <u>Google's Representations, Terms Of Service, And Privacy Policies</u>: The core common representations by Google to its account holders during the relevant class period that Google does not share or sell their personal information, and upon which plaintiffs rely for purposes of class certification, are excerpted and complied in the accompanying Declaration of Bethany Caracuzzo in Support of Plaintiffs' Motion for Class Certification, filed concurrently herewith.

15. <u>Expert Reports</u>: Plaintiffs' experts prepared their analyses and class certification expert reports relying on the limited, representative plaintiff data, and documents produced by Google, that were available to the experts at the time of the filing of this motion. True and correct copies of plaintiffs' expert reports in support of class certification are attached here to as follows:

   a. **Exhibit 1** hereto is a true and correct copy of the Expert Class Certification Report of Professor Zubair Shafiq, Ph.D. Professor Shafiq's Curriculum Vitae is attached as <u>Exhibit A</u> thereto. The materials Professor Shafiq considered for his analysis and the preparation of his report, which include certain data and documents produced by Google to date, are attached as <u>Exhibit B</u> thereto.

   b. **Exhibit 2** hereto is a true and correct copy of the Expert Class Certification Report of Professor Christopher Wilson, Ph.D. Professor Wilson's Curriculum Vitae is attached as <u>Exhibit A</u> thereto, and the materials he considered for the preparation of his analysis and report, which include certain data and documents produced by Google to date, and some third parties, are attached as <u>Exhibit B</u> to his report.

   c. **Exhibit 3** hereto is a true and correct copy of the Expert Class Certification Report of Professor Robert Zeithammer, Ph.D. Professor Zeithammer's Curriculum Vitae is attached as <u>Appendix 1</u> to his report, a list of his testimony over the past four years is attached as <u>Appendix 2</u>, and a list of materials he considered for his analysis and the preparation of his report, which include certain data and documents produced by Google to date, is attached as <u>Appendix 3</u> to his report.

   d. Attached as **Exhibit 4** hereto is a true and correct copy of the Expert Class Certification Report of Greg Regan, CPA/CFF, CFE of Hemming Morse, LLP. Mr.

Regan's qualifications and a list describing the testimony he has given over the past five years is attached as <u>Appendix A</u> to his report. A list of materials he considered for his analysis and the preparation of his report, which include certain data and documents produced by Google to date, is attached as <u>Appendix B</u> to his report.

e. Attached as **Exhibit 5** hereto is a true and correct copy of the Expert Class Certification Report of Professor Neil Richards. Professor Richards' qualifications, publications and his Curriculum Vitae are attached as <u>Appendix A</u> to his report. A list of materials he considered for his analysis and the preparation of his report, which include certain data and documents produced by Google to date, is attached as <u>Exhibit B</u> to his report.

THE PLAINTIFFS ARE TYPICAL OF THE CLASS AND WILL FAIRLY AND ADEQUATELY REPRESENT THE CLASS

16. The plaintiffs are typical of the proposed class, and their adequacy is more than demonstrated by their involvement in prosecuting the class claims thus far.

17. The plaintiffs are not adverse to each other or to other proposed class members. They are all similarly interested in obtaining valuable relief from Google.

18. Each plaintiff is motivated to act, has acted, and will continue to act on behalf of the unnamed members of the proposed class. As shown in discovery produced in the litigation, and in their depositions, the plaintiffs are all individuals residing in the United States who created a Google account to access certain Google products and who, from June 28, 2016 forward, used or use their web browsers or apps on their smartphones to request, obtain, and view on-line information and audio-visual media, including materials from publishers for which they are subscribers. *See* Complaint , ¶¶ 39-40, 45-46, 49-50, 53-58, 65-66, 70. ECF 92.

19. All of the plaintiffs are Google account holders subject to Google's U.S. Terms of Service and Google Privacy Policies. Their respective Google account creation dates, as reflected in documents and data produced by Google, are listed below:

| Plaintiff | Date of Google Account Creation | Evidence Produced by Google |
|---|---|---|
| Rethena Green | 2006-10-14 | GOOG-HEWT-00455593 |
| John Kevranian | 2010-09-24 | GOOG-HEWT-00455543 |
| Christopher Valencia | 2009-10-28 | GOOG-HEWT-00455560 |
| Terry Diggs | 2014-09-11 | GOOG-HEWT-00455623 |
| Salvatore Toronto | 2013-10-17 | GOOG-HEWT-00455615 |
| Tara Williams | 2013-05-15 | GOOG-HEWT-00455569 |
| Kimberley Woodruff | 2020-01-06 | GOOG-HEWT-00455552 |

As such, all plaintiffs were subject to Google's representations and promises not to share or sell their personal information, as well as Google's promises not to share personally identifies them with advertisers, and not to "use topics or show personalized ads based on sensitive categories like race, religion, sexual orientation, or health" during the relevant class period, identified in plaintiffs' moving papers as June 28, 2016 to the present. *See also* Caracuzzo Decl., ¶¶ 31-37, filed herewith.

20.  Based on analyses of the limited, representative data produced by Google to date, plaintiffs' experts attest in their accompanying expert reports that all seven plaintiffs had their user data repeatedly shared and sold by Google through the RTB auction process in an automated manner that is common to all class members. *See* Expert Class Certification Report of Zubair Shafiq, PhD, ¶¶ 12, 13, 15, 35-46, and evidence cited therein. Frequently, this involved sensitive information being viewed by the plaintiffs, such as websites involving health matters, political views, and their precise geolocation, being shared with third party companies that participate in Google RTB *Id.*, ¶¶ 22, 35, 40, 42, 46, and evidence cited therein.

21.  Each of the named plaintiffs has reviewed pleadings, responded to written discovery, produced documents and ESI, have worked with counsel, and have kept themselves apprised of the litigation, and all except one have testified at several-hours-long depositions. Excerpts of testimony from depositions of the named plaintiffs demonstrating their typicality and adequacy follow:

  a.  Attached as **Exhibit 6** is a true and correct copy of relevant excerpts of the deposition of named plaintiff Terry Diggs, showing typicality: 44:20-22, 78:4-23, 65:3-7, 74:16-22, 214:24-215:11; and adequacy: 27:9-14, 195:9-18, 85:21-86:15, 87:4-17, 98:1-99:21, 122:13-123:25, 126:1-16, 130:25-131:15,

        132:2-17, 162:15-163:4, 179:4-11, 183:24-185:14, 211:15-212:8, 213:15-216:20;

    b.    Attached as **Exhibit 7** is a true and correct copy of relevant excerpts of the deposition of named plaintiff <u>Rethena Green</u>, showing typicality: 40:10-20, 42:2-47:4, 55:11-56:25, 76:14-77:25, 93:13-98:15, 107:4-113:18, 119:9-128:9, 130:1-133:25, 138:3-141:22: 159:3-162:16, 207:15-208:22; and adequacy: 16:14-21:20, 107:4-113:18; 119:9-128:12, 237:7-238:13.

    c.    Attached as **Exhibit 8** is a true and correct copy of relevant excerpts of the deposition of named plaintiff <u>John Kevranian</u> showing typicality: 20:4-21:22, 49:2-25, 55:13-56:24, 62:17-63:23, 65:11-19, 70:11-25, 82:2-25, 136:3-21, 207:2-21, 210:13-213:23; and adequacy: 13:4-19, 17:25–18:24, 35:3–36:9, 38:11–41:20, 43:19-25, 60:4–17, 65:11–67:12, 70:11-25, 104:11-105:17, 111:14-24, 128:3-13, 129:2-19, 172:16-173:16, 187:6–188:24, 202:16-203:17, 207:2-208:25, 210:13-213:23, 226:14–227:25.

    d.    Attached as **Exhibit 9** is a true and correct copy of relevant excerpts of the deposition of named plaintiff <u>Salvatore Toronto</u> showing typicality: 73:1-78:24, 83:9–86:19, 88:9–15, 88:16-89:19, 94:18-98:11, 117:16–25, 132:20-135:7, 137:9–138:23, 153:25-157:20, 167:9-168:14, 182:5-23, 208:3–210:12, 217:14-218:5, 230:7-19; and adequacy: 40:16-41:1, 52:5-21, 57:15-58:19, 62:1-6, 62:22-69:17, 94:18-98:11, 135:23-136:24, 149:11-151:25, 155:15-20; 156:6-25; 157:12-20; 175:6-15, 197:3-200:25, 230:7-19, 278:11-280:2.

    e.    Attached as **Exhibit 10** is a true and correct copy of relevant excerpts of the deposition of named plaintiff <u>Christopher Valencia</u> showing typicality: 28:5-19, 37:9-41:1, 68:15-70:24, 89:6-105:23, 107:1-117:22, 156:11-157:4, 183:11-185:20, 289:8-292:10, 295:10-196:6; and adequacy: 9:23-19:5 21:1-23:23, 26:23-28:4, 119:18-134:24, 143:8-145:2, 301:12-302:7.

      f.      Attached as **Exhibit 11** is a true and correct copy of relevant excerpts of the deposition of named plaintiff <u>Kimberley Woodruff</u> showing typicality: 71:3-8, 73:18-74:18; and adequacy at: 24:4-14, 25:9-11, 31:24-33:11, 34:211-35:14, 36:2-20, 38:12-23, 40:10-20, 54:25-55:16, 58:2-7, 125:15-22, 133:19-135:22, 172:15-173:1, 177:20-178:8, 178:16-24, 179:17-180:10, 181:12-14.

22.    Prior to bringing this motion, plaintiffs have made plaintiff Tara Williams available for deposition on several dates, none of which were accepted by Google. Google only recently has requested deposition dates for Ms. Williams for time periods following the filing date of plaintiffs' class certification motion. As necessary to supplement the record, plaintiffs will provide transcript excerpts of Ms. Williams deposition on reply.

SPECIFIED DISCOVERY PRODUCED BY GOOGLE SUPPORTING CLASS CERTIFICATION

23.    Although Google's production to date has been limited, plaintiffs' experts have considered certain documents and data produced by Google in this action as part of their engagements in this matter. Each expert identifies such discovery in the "Materials Considered" appendix to his respective expert report.

24.    In addition to the materials considered by plaintiffs' experts, plaintiffs submit the following in support of their motion for class certification:

      a.      Attached as **Exhibit 12** is a true and correct copy of GOOG-HEWT-00349634, which is a document produced by Google that includes an analysis of Google's top spenders in Google RTB for a specified period in May 2018. This document was created from a tab entitled "Results" from a native Excel document produced by Google. This document was produced by Google with a Highly Confidential designation and is therefore lodged under seal.

      b.      Attached as **Exhibit 13** is a true and correct copy of GOOG-HEWT-00455800, a document prepared and produced by Google containing information about the aggregate number of U.S.-based account holders, on an annual basis, during the time period March 25, 2016 and October 12, 2022. This document was produced

by Google with a Highly Confidential – Attorneys' Eyes Only designation and is therefore lodged under seal.

    c. Attached as **Exhibit 14** is Google's verified responses to Interrogatory No. 12, describing the data in GOOG-HEWT-00455800 (Ex. 13) as accounts associated with U.S.-based account holders who were active on select Google products (including Search, YouTube, and many more) at least once during the time period, excluding deleted accounts, for the period between March 25, 2016 and October 12, 2022. *See* p. 7.

    d. Attached as **Exhibit 15** is a true and correct copy of GOOG-HEWT-00455648, a document prepared and produced by Google in this matter, a document that was produced by Google in discovery with a Highly Confidential – Attorneys' Eyes Only designation and is therefore lodged under seal. Google's verified response to Interrogatory No. 11 (Ex. 14), describes GOOG-HEWT-00455648 as data which, for the row "'US User Total' includes gross revenue from Authorized Buyers and Open Bidding Partners generated by advertisements displayed to US Users…."

    e. Attached as **Exhibit 16** is a true and correct copy of GOOG-HEWT-00000767, produced by Google in this action, which discusses content labels, and which is a public document. Plaintiffs' expert, Professor Zubair Shafiq, PhD, discusses this document in his report. *See* Shafiq Rep. ¶ 42b.

    f. Attached as **Exhibit 17** are true and correct copies of excerpts of the April 23, 2023 deposition of Google employee George Levitte, which transcript has been designated Highly Confidential – Attorneys' Eyes Only by Google and the excerpts are therefore lodged under seal.

    g. Attached as **Exhibit 18** are true and correct copies of excerpts of the December 8, 2022 deposition of Google employee Glenn Berntson, which transcript was designated Confidential by Google and the excerpts are therefore lodged under seal.

h. Attached as **Exhibit 19** is a true and correct copy of GOOG-HEWT-00456419, which was marked as Exhibit 15 to the deposition of Google employee Haskell Garon, and which document was designated Highly Confidential – Attorneys' Eyes Only by Google and is therefore lodged under seal.

i. Attached as **Exhibit 20** is a true and correct copy of GOOG-HEWT-0098506, dated October 8, 2018 – a document that was produced by Google in discovery with a Confidential designation and is therefore lodged under seal.

j. Attached as **Exhibit 21** is a true and correct copy of GOOG-HEWT-00481219, last updated in August 2019 – a document that was produced by Google in discovery with a Highly Confidential – Attorneys' Eyes Only designation and is therefore lodged under seal.

k. Attached as **Exhibit 22** is a true and correct copy of GOOG-HEWT-0048125, entitled "Strat Paper" and last modified on May 13, 2020– a document that was produced by Google in discovery with a Highly Confidential – Attorneys' Eyes Only designation and is therefore lodged under seal.

l. Attached as **Exhibit 23** is a true and correct copy of GOOG-HEWT-00480493, last modified on August 26, 2020 – a document that was produced by Google in discovery with Confidential designation and is therefore lodged under seal.

m. Attached as **Exhibit 24** is a true and correct copy of GOOG-HEWT-00099180, dated September 24, 2020—a document that was produced by Google in discovery with a Confidential designation and is therefore lodged under seal.

n. Attached as **Exhibit 25** is a true and correct copy of GOOG-HEWT-00330759, bearing the description of "Comments" to an internal Google paper, dated June 28,201– a document that was produced by Google in discovery with Confidential designation and is therefore lodged under seal.

o. Attached as **Exhibit 26** is a true and correct copy of GOOG-HEWT-0035713, a document that was produced by Google in discovery with a Highly Confidential – Attorneys' Eyes Only designation and is therefore lodged under seal.

p. As noted in paragraph 7 above, attached as **Exhibit 27** hereto is a true and correct copy of Google's June 29, 2023 Objections to Request for Production No. 117.

### PLAINTIFFS' CLASS COUNSEL WILL ADEQUATELY PRESENT THE CLASS THROUGHOUT THE LITIGATION AND AT TRIAL

25. On August 3, 2021, I was appointed Interim Class Counsel and Lesley E. Weaver of Bleichmar Fonti & Auld LLP, Jason Barnes of Simmons Hanley Conroy LLC, David A. Straite of DiCello Levitt LLC, Nanci Nishimura of Cotchett, Pitre & McCarthy, LLP, and Francis A. Bottini, Jr., of Bottini & Bottini, Inc were appointed to the Plaintiffs' Executive Committee. ECF 77. These firms and lawyers now seek to be collectively appointed as Class Counsel, with Yury A. Kolesnikov of the law firm of Bottini & Bottini, Inc., substituting for Francis A. Bottini, and with Elizabeth C. Pritzker of Pritzker Levine LLP, serving in the role as Lead Class Counsel.

26. All of these attorneys and their law firms have decades of experience litigating privacy class actions and complex litigation matters, including through trial.

27. As demonstrated in their submissions in connection with their application for appointment as interim lead counsel (ECF 75), and in their firm resumes described below and attached hereto, proposed Class Counsel are experienced class action litigators with substantial knowledge of the law and claims in this case. They have undertaken significant investigation and prosecution of the claims and committed substantial resources on behalf of the proposed class.

28. Since the commencement of this litigation, proposed Class Counsel and the Plaintiffs' Executive Committee have developed and zealously litigated this matter for the benefit of Google account holders nationwide, including:

   a. Developing the theory of the case;
   b. Hiring and coordinating with experts who have worked over the course of over a year to develop opinions including technical opinions and analysis regarding Google's actions with respect to the Google RTB auction process and how Google RTB works, damages on a class wide basis, and the impacts on privacy;
   c. Coordinating the ongoing review of documents produced by Google and third parties;

d. Collecting plaintiffs' data including reviewing thousands of plaintiffs emails and collecting screenshots and other types of device data as requested by Google;

e. Issuing third-party subpoenas and conferring with counsel for those third parties for compliance;

f. Serving written discovery, writing letters, and conducting dozens of meet and confer Zoom meetings with Google counsel;

g. Researching, preparing and filing over 30 motions and the related sealing motions that Google's confidentiality designations require;

h. Preparing for and taking the depositions of Google employees;

i. Preparing for and defending the named plaintiff depositions.

29. Attached as **Exhibit 28** hereto is a true and correct copy of the firm resume of Pritzker Levine LLP.

30. Attached as **Exhibit 29** hereto is a true and correct copy of the firm resume of Bleichmar Fonti & Auld LLP.

31. Attached as **Exhibit 30** hereto is a true and correct copy of the firm resume of Cotchett Pitre & McCarthy LLP.

32. Attached as **Exhibit 31** hereto is a true and correct copy of the firm resume of Simmons Hanley Conroy LLC.

33. Attached as **Exhibit 32** hereto is a true and correct copy of the firm resume of DiCello Levitt LLC.

34. Attached as **Exhibit 33** hereto is a true and correct copy of the firm resume of Bottini & Bottini, Inc.

PLAINTIFFS PROPOSE A MANAGEABLE TRIAL PLAN UTLIZING COMMON CLASSWIDE EVIDENCE ADDRESSING COMMON CLAIMS AND DEFENSES

35. As previously noted, plaintiffs' class certification motion is being brought on a limited discovery record. As the case approaches trial, plaintiffs will wish to confer with the Court on a timeline for completing merits discovery, and the scope of such discovery, that will allow for

a full and fair presentation of the following six claims[7] for which plaintiffs seek class-wide treatment:

    (i)    breach of contract;

    (ii)    breach of confidence;

    (iii)    invasion of privacy;

    (iv)    intrusion upon seclusion;

    (v)    publication of private facts;

    (vi)    violations of the California Information Privacy Act (CIPA), Cal. Pen. Code §631.

All claims are triable to a jury.

    36.    California law applies to each of these six legal claims, because Google uniformly adopts California law in its contracts (Google's Terms of Service, Privacy Policies and related documents) with its U.S. account holders and proposed class members. This allows for a manageable class trial, as jurors will be instructed on a single state's law – California – and that same law will be applied to all claims of all proposed class members.

    37.    Jurors also will be shown a uniform set of representations, all of which are applicable to plaintiffs and all proposed class members, in the form of Google's Terms of Service, its Privacy Policies, and its related representations in its Google account holder agreements, in which Google promises that it does not share or sell class members' personal or sensitive information with anyone outside of Google. This means that there are a core set of common representations and contractual

---

[7] Plaintiffs' Complaint, filed September 2, 2021, asserted twelve individual and class claims. ECF 92. In a Case Management Order dated September 2, 2021, Judge Koh directed the parties to select eight claims from the twelve claims asserted to be litigated through trial, with plaintiffs selecting four claims and Google selecting the other four claims. *See* ECF 83 at 1. The parties completed the process and filed a joint statement identifying those claims (with plaintiffs reserving all rights, *see* ECF 91 at 2), which include the six claims for which plaintiffs now move for certification. The claims that remain in abeyance are count three (violations of the California Unfair Competition Law), count four (California Constitutional Invasion of Privacy), count nine (violations of the Electronic Communications Privacy Act, and count twelve (violations of the Video Privacy Protection Act). The Court previously dismissed without prejudice plaintiffs' claims for breach of the implied covenant of good faith and fair dealing (count two), granting plaintiffs leave to move to amend this claim, following discovery, as appropriate. *See* MTD Order (ECF 233) at 10:11.

promises for jurors to consider with respect to all claims, all plaintiffs and all proposed class members.

38. At trial, plaintiffs will present expert testimony and evidence that Google's RTB auctions are a fully automated process that operates in materially the same way at all times, and that involves Google sharing in bid requests with third parties the same common core set of information about class members and their computers. *See, e.g.,* Shafiq Rep. at ¶¶ 28-35-43, 46.[8] Given the entirely automated nature of Google's RTB auctions, the testimony and evidence to be presented to jurors will be common to all proposed class members.

39. The core question of law and fact that jurors will need to determine – whether the class member user data Google shares and sells in the automated Google RTB auctions is "personal information" under Google's contracts and California law – is common across the class. This question necessarily will be decided based on the same evidence and testimony, and with respect to the same law, for all proposed class members as it will for the individual plaintiffs. Such efficiencies favor conducting a single class trial over individual adjudications.[9]

40. Plaintiffs and plaintiffs' experts will provide representative trial testimony about their common experiences and the common impact of Google's sharing and selling their user data in Google's RTB auctions. Given Google RTB's fully-automated nature, such testimony will be representative of the experiences and impact of Google RTB on class members generally.

41. Plaintiffs also will provide expert trial testimony that will provide common class-wide proof of damages and a fair and common method for allocating damages among class members.

42. Based on the above, as well as plaintiffs' counsel's trial experience, plaintiffs estimate a class trial of this matter may be completed in a single proceeding comprised of twelve (12) trial days (exclusive of jury selection), to be divided evenly between plaintiffs and Google.

---

[8] Further discovery may reveal additional common user data not yet produced in the representative data set Google has produced to date for the named plaintiffs.

[9] This is so irrespective of whether certification is granted under Rule 23(b)(2), (b)(3) or (c)(4).

43. To streamline the trial, plaintiffs will seek to reach agreement with Google on certain stipulated facts in advance of trial. In accordance with this Court's Standing Order Re: Pretrial Instructions in Civil Cases, plaintiffs also will seek to reach agreement with Google on issues affecting the conduct of trial, including such matters as the authenticity of documents produced by either party to the litigation, joint proposed jury instructions, a joint proposed verdict form, and a joint preliminary statement of the case.

44. Plaintiffs' requested injunctive relief remedy (see ECF 92, Complaint, Prayer ¶ F, at 130) will be tried to the Court, either in conjunction with or at the conclusion of any jury trial, in accordance with the Court's preference on this issue. Consistent with this Court's Standing Order Re: Pretrial Instructions in Civil Cases, at least fourteen (14) days prior to the Pretrial Conference, plaintiffs will lodge proposed Findings of Fact and Conclusions of Law on material issues related to plaintiffs' requested injunctive relief. At that time, or at such other time as the Court may direct, plaintiffs also will propose for the Court's appointment, an independent third-party responsible for verifying that any injunctive relief awarded by the Court has been implemented by Google in a timely and reasonable manner.

45. Finally, prior to the Pretrial Conference, plaintiffs will propose to the Court a process for finally resolving any claims that have been held in abeyance or dismissed without prejudice (with leave to move to amend) for the reasons described in note 7, above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 14th day of July 2023 in Emeryville, California.

> /s/ Elizabeth C. Pritzker
> Elizabeth C. Pritzker