# **<u>Exhibit 14</u>**

COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
LAURA ELLIOTT (SBN 286702)
(lelliott@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

In re Google RTB Consumer Privacy
Litigation,


This Document Relates to:  *all actions*

Master File No. 4:21-cv-02155-YGR-VKD

**GOOGLE LLC'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' THIRD SET OF
INTERROGATORIES**

Cooley LLP
Attorneys at Law
San Francisco

GOOGLE LLC'S RESPONSES AND OBJ. TO
PLFS' THIRD SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD

PROPOUNDING PARTY:          CONSOLIDATED PLAINTIFFS

RESPONDING PARTY:           GOOGLE LLC

SET NUMBER:                 Three

Pursuant to Federal Rules of Civil Procedure Rules 26 and 33 and Rule 33-1 of the Local Rules of the United States District Court for the Northern District of California ("Local Rules"), Defendant Google LLC ("Google") responds as follows to Consolidated Plaintiffs' ("Plaintiffs") Third Set of Interrogatories (the "Interrogatories"), dated March 10, 2023, as follows:

## I.    GENERAL STATEMENT AND OBJECTIONS

These responses and objections are made solely for the purpose of and in response to this matter.  Google has not completed its investigation, discovery, analysis, legal research, and preparation for trial in this matter.  The responses herein are based only upon the information and documentation that is presently available and known to Google's current employees and which has been identified as containing potentially relevant information.  It is possible that further investigation, discovery, analysis, legal research, and/or preparation may result in the ascertainment of additional documentation, or provide additional meaning to currently known factual conclusions and legal contentions, all of which may result in the modification of these objections and responses.  Accordingly, Google reserves the right to amend and/or supplement its responses and objections and to make any additional objections that may become apparent.  By this statement, however, Google does not agree to or adopt any duty to supplement beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rule or order.

The following general objections apply to every Interrogatory as propounded by Plaintiffs, and are incorporated into each of the following specific responses by reference as if set forth in full therein.

1.    Google objects to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege; the work-product doctrine; any other applicable privilege, immunity, or protection; or the right of privacy under the California Constitution, Article I, Section 1.  Any inadvertent disclosure of such information shall not be deemed a waiver of any such privilege or protection.  Such documents or information shall not be

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE LLC'S RESPONSES AND OBJ. TO
PLFS' THIRD SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD

1   produced in response to the Interrogatories, and any inadvertent production thereof shall not be

2   deemed a waiver of any privilege or right with respect to such documents or information or of any

3   work product doctrine that may attach thereto.  Google specifically reserves all rights afforded

4   under the Court's Order Re: Federal Rule of Evidence 502(d).  (ECF No. 285).

5     **2.**  Google objects to the Interrogatories to the extent that they seek confidential,

6   proprietary, and/or trade-secret information.  Google will provide responses containing such

7   information only subject to the terms of the Stipulated Protective Order ("Protective Order")

8   entered in this case (ECF No. 59).  Google reserves the right to seek additional protections beyond

9   those provided in the Protective Order to the extent appropriate for any particularly sensitive

10  information, and to object to such information's disclosure altogether, if, for example, the

11  information's relevance to this litigation is substantially outweighed by the risk of harm posed by

12  its disclosure in light of the protections available.

13    **3.**  Google objects to the Interrogatories to the extent that they seek information that is

14  subject to confidentiality or non-disclosure agreements with other parties.  Google shall disclose

15  such information only to the extent that Google is permitted to do so under its agreements with such

16  parties and only after those parties receive appropriate notice and are provided with a reasonable

17  opportunity to raise objections, and the Court resolves any such objections.

18    **4.**  Google will not construe the Interrogatories as an attempt to impose discovery

19  obligations on Google beyond those authorized by the Federal Rules of Civil Procedure, the Local

20  Rules, or any other applicable rule or order, nor will Google undertake such discovery obligations.

21    **5.**  Google objects to all Interrogatories to the extent they seek information that the

22  Court has ruled is outside the scope of discovery in this action.  *See, e.g.*, ECF Nos. 184, 187, 189,

23  314, and 326.

24    **6.**  Google objects to all Interrogatories to the extent they would (a) expand the

25  definition of a term beyond its ordinary usage in the English language; (b) create undue burden for

26  Google when propounding its responses and objections to the Interrogatories; and/or (c) impose

27  obligations and demands on Google beyond those contemplated by the Federal Rules of Civil

28  Procedure, the Local Rules, or any other applicable rule or order.  Google will respond to the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

**GOOGLE LLC'S RESPONSES AND OBJ. TO
PLFS' THIRD SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD**

Interrogatories consistent with the ordinary English meaning of the words and its obligations under the law.

## II.    SPECIFIC OBJECTIONS AND RESPONSES TO EACH INTERROGATORY

Without waiving or limiting in any manner any of the foregoing General Objections, but rather incorporating them into each of the following responses to the extent applicable, Google responds to the Interrogatories as follows:

**INTERROGATORY NO. 11:**

With respect to the excel spreadsheet produced by Google as GOOG-HEWT-00455648:

(a) Identify all persons who assisted in the preparation of the data included in the spreadsheet;

(b) Identify the source(s) of the data included on the spreadsheet;

(c) Explain what revenues are included in the row entitled "Non-US User Total";

(d) Explain what revenues are included in the row entitled "US User Total";

(e) Explain what "Non-US User" means in the context of the spreadsheet;

(f) Explain what "US User" means in the context of the spreadsheet;

(g) Identify which row on the spreadsheet would include RTB revenues from a Google account holder residing in the United States while that account holder is travelling outside the United States; and

(h) Identify which row on the spreadsheet would include RTB revenues from a Google account holder residing outside the United States while that account holder is travelling in the United States.

(i) To the extent a formula or calculation was used to provide the data included in the spreadsheet, identify the formula or calculation and the specific elements or inputs used in that formula or calculation.

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google objects that this Interrogatory is premature because no class has yet been certified. Google also objects to this Interrogatory to the extent that it seeks the disclosure of trade secret or other

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE LLC'S RESPONSES AND OBJ. TO
PLFS' THIRD SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD

confidential research, development, or commercially sensitive information. Google further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek information about documents prepared by or at the direction of legal counsel. Google also objects that the request to identify "all persons" who assisted in the preparation of the referenced data is overbroad. Google further objects that this Interrogatory is burdensome and harassing in that it "seeks the source(s) of the data included on the spreadsheet," which is not relevant or proportional to the needs of the case and which the Court has already rejected as irrelevant and outside the scope of discovery, including based on the Court's ruling that Google need not produce information about "storage" of data. (ECF No. 184.) Google also objects to this Interrogatory, including sections (g) and (h), because it would require Google to speculate based on an incomplete set of hypothetical facts. Google also objects that the terms and phrases "formula," "calculation," "provide the data," and "specific elements or inputs used in that formula or calculation" are vague, ambiguous, and unintelligible within the context of this Interrogatory. Google also objects to this Interrogatory on the basis that it is compound in that it includes multiple discrete subparts. Google construes this Interrogatory to constitute nine discrete interrogatories. Moreover, by answering these interrogatories, Google does not waive and reserves all rights to object to future interrogatories as exceeding the numerical limit set forth by Federal Rule of Civil Procedure 33.

In addition, Google objects that the terms and phrases "assisted," "preparation," "source(s)," "revenues," "while that account holder is travelling outside the United States," and "while that account holder is travelling in the United States" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing General and Specific Objections, Google responds as follows:

- Timon Koehler, a Senior Financial Analyst, and Sierra Feitshans, a Business Intelligence Manager, assisted in the preparation of the data included in GOOG-HEWT-00455648;

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE LLC'S RESPONSES AND OBJ. TO
PLFS' THIRD SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD

- "Non-US User" means a user accessing the internet using a device with an IP address that Google associated with a location outside of the United States at the time the user was shown an ad that generated revenue.

- "US User" means a user accessing the internet using a device with an IP address that Google associated with a location within the United States at the time the user was shown an ad that generated revenue.

- The row entitled "Non-US User Total" includes gross revenue from Authorized Buyers and Open Bidding Partners generated by advertisements displayed to Non-US Users as defined above.

- The row entitled "US User Total" includes gross revenue from Authorized Buyers and Open Bidding Partners generated by advertisements displayed to US Users as defined above.

**INTERROGATORY NO. 12:**

With respect to the excel spreadsheet produced by Google as GOOG-HEWT-00455800:

(a) Identify all persons who assisted in the preparation of the data included in the spreadsheet;

(b) Identify the source(s) of the data included on the spreadsheet;

(c) Identify for what period of time the data included on the spreadsheet covers; and

(d) Identify how the accounts to be included on the spreadsheet were selected.

(e) To the extent a formula or calculation was used to provide the data included in the spreadsheet, identify the formula or calculation and the specific elements or inputs used in that formula or calculation.

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google objects that this Interrogatory is premature because no class has yet been certified. Google also objects to this Interrogatory to the extent that it seeks the disclosure of trade secret or other confidential research, development, or commercially sensitive information. Google further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

GOOGLE LLC'S RESPONSES AND OBJ. TO
PLFS' THIRD SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD

attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek information about documents prepared by or at the direction of legal counsel. Google also objects that the request to identify "all persons" who assisted in the preparation of the referenced data is overbroad. Google further objects that this Interrogatory is burdensome and harassing in that it "seeks the source(s) of the data included on the spreadsheet," which is not relevant or proportional to the needs of the case and which the Court has already rejected as irrelevant and outside the scope of discovery, including based on the Court's ruling that Google need not produce information about "storage" of data. (ECF No. 184.) Google also objects to this Interrogatory on the basis that it is compound in that it includes multiple discrete subparts. Google construes this Interrogatory to constitute five discrete interrogatories. Moreover, by answering these interrogatories, Google does not waive and reserves all rights to object to future interrogatories as exceeding the numerical limit set forth by Federal Rule of Civil Procedure 33.

In addition, Google objects that the terms and phrases "assisted," "preparation," "source(s)," "how the accounts to be included on the spreadsheet were selected," "formula," "calculation," "provide the data," and "specific elements or inputs used in that formula or calculation" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing General and Specific Objections, Google responds as follows:

- Aaron Powers, a Senior Quantitative User Experience Researcher, assisted in the preparation of the data included in GOOG-HEWT-00455800.
- The data reflected in GOOG-HEWT-00455800 is from the time period between March 26, 2016 and October 12, 2022.
- The data reflected in GOOG-HEWT-00455800 includes accounts associated with U.S.-based account holders who were active on select Google products (including Search, YouTube, and many more) at least once during the time period, excluding deleted accounts.
- No mathematical function other than addition was used to provide the data reflected in GOOG-HEWT-00455800.

Cooley LLP
Attorneys at Law
San Francisco

7

Google LLC's Responses and Obj. To
Plfs' Third Set of Interrogatories
Case No. 4:21-cv-02155-YGR-VKD

1    Dated: April 10, 2023                        COOLEY LLP

2

3                                                 By: *Whitty Somvichian*

4                                                     Whitty Somvichian

5                                                 Attorney for Defendant
                                                  GOOGLE LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **VERIFICATION**

I, Timon Koehler, declare as follows:

I am a Senior Financial Analyst at Google LLC ("Google"), the defendant in the action *In re Google RTB Consumer Privacy Litigation*, pending in the Northern District of California, Case No. 4:21-cv-02155.  I have been authorized to make this verification on Google's behalf.

I have reviewed Google's Responses to Plaintiffs' Third Set of Interrogatories Number 11 and believe the answers to this interrogatory to be true based on either my own personal knowledge or based on documents and/or other information from individuals with personal knowledge of such facts.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in New York, New York on April 3, 2023 , 2023.

_Timon Koehler_
Timon Koehler

1

## **<u>VERIFICATION</u>**

2

3        I, Aaron Powers, declare as follows:

4        I am a Senior Quantitative User Experience Researcher at Google LLC ("Google"), the

5 defendant in the action *In re Google RTB Consumer Privacy Litigation*, pending in the Northern

6 District of California, Case No. 4:21-cv-02155.  I have been authorized to make this verification

7 on Google's behalf.

8        I have reviewed Google's Responses to Plaintiffs' Third Set of Interrogatories Number 12

9 and believe the answers to this interrogatory to be true based on either my own personal knowledge

10 or based on documents and/or other information from individuals with personal knowledge of such

11 facts.

12        I declare under penalty of perjury under the laws of the United States that the foregoing is

13 true and correct.

14        Executed in Wayland, Massachusetts on ___April 4, 2023___, 2023.

15

16                                                                *Aaron Powers*

17                                                  _____
                                                              Aaron Powers

18

19

20

21

22

23

24

25

26

27

28

Cooley LLP
Attorneys at Law
San Francisco

## CERTIFICATE OF SERVICE

I, Laura M. Elliott, certify that on April 10, 2023, I caused a true and correct copy of the foregoing to be sent via electronic mail to the following counsel of record:

**PRITZKER LEVINE LLP**
Elizabeth C. Pritzker (SBN 146267)
Jonathan K. Levine (SBN 220289)
Bethany Caracuzzo (SBN 190687)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*adavis@bfalaw.com*
*jsamra@bfalaw.com*

**COTCHETT, PITRE & McCARTHY LLP**
Nanci E. Nishimura (SBN 152621)
Brian Danitz (SBN 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel.: (650) 697-6000
Fax: (650) 697-0577
*nnishimura@cpmlegal.com*
*bdanitz@cpmlegal.com*
*kswope@cpmlegal.com*

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
485 Lexington Ave., Suite 1001
New York, NY 10017
Tel.: (646) 993-1000
Fax: (212) 213-5949
*dstraite@dicellolevitt.com*

**BOTTINI & BOTTINI, INC.**
Francis A. Bottini, Jr. (SBN 175783)
Yury A. Kolesnikov (SBN 271173)
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Tel.: (858) 914-2001
Fax: (858) 914-2002
*fbottini@bottinilaw.com*
*ykolesnikov@bottinilaw.com*

_Laura Elliott_
Laura M. Elliott
Cooley, LLP

283024063

1   COOLEY LLP                                          COOLEY LLP
    MICHAEL G. RHODES (SBN 116127)                      ROBBY L.R. SALDAÑA (DC No. 1034981)
2   (rhodesmg@cooley.com)                               (rsaldana@cooley.com)
    WHITTY SOMVICHIAN (SBN 194463)                      (*Admitted pro hac vice*)
3   (wsomvichian@cooley.com)                            KHARY J. ANDERSON (DC No. 1671197)
    AARTI REDDY (SBN 274889)                            (kjanderson@cooley.com)
4   (areddy@cooley.com)                                 (*Admitted pro hac vice*)
    LAURA ELLIOTT (SBN 286702)                          1299 Pennsylvania Avenue, NW, Suite 700
5   (lelliott@cooley.com)                               Washington, DC 20004-2400
    REECE TREVOR (SBN 316685)                           Telephone:    +1 202 842 7800
6   (rtrevor@cooley.com)                                Facsimile:    +1 202 842 7899
    ANUPAM DHILLON (SBN 324746)
7   (adhillon@cooley.com)
    3 Embarcadero Center, 20th floor
8   San Francisco, CA 94111-4004
    Telephone:    +1 415 693 2000
9   Facsimile:    +1 415 693 2222

10  Attorneys for Defendant
    GOOGLE LLC

11
                        UNITED STATES DISTRICT COURT
12
                      NORTHERN DISTRICT OF CALIFORNIA
13
                             OAKLAND DIVISION
14

15
    In re Google RTB Consumer Privacy            Master File No. 4:21-cv-02155-YGR-VKD
16  Litigation,
                                                 **GOOGLE LLC'S SUPPLEMENTAL**
17                                               **OBJECTIONS AND RESPONSES TO**
                                                 **PLAINTIFFS' THIRD SET OF**
18  This Document Relates to:  *all actions*     **INTERROGATORIES (NOS. 11-12)**

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE LLC'S SUPP. RESPONSES AND OBJ. TO
PLFS' THIRD SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD

| | |
|---|---|
| **PROPOUNDING PARTY:** | **CONSOLIDATED PLAINTIFFS** |
| **RESPONDING PARTY:** | **GOOGLE LLC** |
| **SET NUMBER:** | **Three** |

Pursuant to Federal Rules of Civil Procedure Rules 26 and 33 and Rule 33-1 of the Local Rules of the United States District Court for the Northern District of California ("Local Rules"), Defendant Google LLC ("Google") supplements its responses to Consolidated Plaintiffs' ("Plaintiffs") Third Set of Interrogatories (the "Interrogatories"), dated March 10, 2023, as follows:

## I.   GENERAL STATEMENT AND OBJECTIONS

These responses and objections are made solely for the purpose of and in response to this matter.  Google has not completed its investigation, discovery, analysis, legal research, and preparation for trial in this matter.  The responses herein are based only upon the information and documentation that is presently available and known to Google's current employees and which has been identified as containing potentially relevant information.  It is possible that further investigation, discovery, analysis, legal research, and/or preparation may result in the ascertainment of additional documentation, or provide additional meaning to currently known factual conclusions and legal contentions, all of which may result in the modification of these objections and responses.  Accordingly, Google reserves the right to amend and/or supplement its responses and objections and to make any additional objections that may become apparent.  By this statement, however, Google does not agree to or adopt any duty to supplement beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rule or order.

The following general objections apply to every Interrogatory as propounded by Plaintiffs, and are incorporated into each of the following specific responses by reference as if set forth in full therein.

1.   Google objects to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege; the work-product doctrine; any other applicable privilege, immunity, or protection; or the right of privacy under the California Constitution, Article I, Section 1.  Any inadvertent disclosure of such information shall not be deemed a waiver of any such privilege or protection.  Such documents or information shall not be

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE LLC'S SUPP. RESPONSES AND OBJ. TO
PLFS' THIRD SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD

produced in response to the Interrogatories, and any inadvertent production thereof shall not be deemed a waiver of any privilege or right with respect to such documents or information or of any work product doctrine that may attach thereto.  Google specifically reserves all rights afforded under the Court's Order Re: Federal Rule of Evidence 502(d).  (ECF No. 285).

2.   Google objects to the Interrogatories to the extent that they seek confidential, proprietary, and/or trade-secret information.  Google will provide responses containing such information only subject to the terms of the Stipulated Protective Order ("Protective Order") entered in this case (ECF No. 59).  Google reserves the right to seek additional protections beyond those provided in the Protective Order to the extent appropriate for any particularly sensitive information, and to object to such information's disclosure altogether, if, for example, the information's relevance to this litigation is substantially outweighed by the risk of harm posed by its disclosure in light of the protections available.

3.   Google objects to the Interrogatories to the extent that they seek information that is subject to confidentiality or non-disclosure agreements with other parties.  Google shall disclose such information only to the extent that Google is permitted to do so under its agreements with such parties and only after those parties receive appropriate notice and are provided with a reasonable opportunity to raise objections, and the Court resolves any such objections.

4.   Google will not construe the Interrogatories as an attempt to impose discovery obligations on Google beyond those authorized by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rule or order, nor will Google undertake such discovery obligations.

5.   Google objects to all Interrogatories to the extent they seek information that the Court has ruled is outside the scope of discovery in this action.  *See, e.g.*, ECF Nos. 184, 187, 189, 314, and 326.

6.   Google objects to all Interrogatories to the extent they would (a) expand the definition of a term beyond its ordinary usage in the English language; (b) create undue burden for Google when propounding its responses and objections to the Interrogatories; and/or (c) impose obligations and demands on Google beyond those contemplated by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rule or order.  Google will respond to the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE LLC'S SUPP. RESPONSES AND OBJ. TO
PLFS' THIRD SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD

Interrogatories consistent with the ordinary English meaning of the words and its obligations under the law.

## II.    SPECIFIC OBJECTIONS AND RESPONSES TO EACH INTERROGATORY

Without waiving or limiting in any manner any of the foregoing General Objections, but rather incorporating them into each of the following responses to the extent applicable, Google responds to the Interrogatories as follows:

**INTERROGATORY NO. 11:**

With respect to the excel spreadsheet produced by Google as GOOG-HEWT-00455648:

(a) Identify all persons who assisted in the preparation of the data included in the spreadsheet;

(b) Identify the source(s) of the data included on the spreadsheet;

(c) Explain what revenues are included in the row entitled "Non-US User Total";

(d) Explain what revenues are included in the row entitled "US User Total";

(e) Explain what "Non-US User" means in the context of the spreadsheet;

(f) Explain what "US User" means in the context of the spreadsheet;

(g) Identify which row on the spreadsheet would include RTB revenues from a Google account holder residing in the United States while that account holder is travelling outside the United States; and

(h) Identify which row on the spreadsheet would include RTB revenues from a Google account holder residing outside the United States while that account holder is travelling in the United States.

(i) To the extent a formula or calculation was used to provide the data included in the spreadsheet, identify the formula or calculation and the specific elements or inputs used in that formula or calculation.

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google objects that this Interrogatory is premature because no class has yet been certified.  Google also objects to this Interrogatory to the extent that it seeks the disclosure of trade secret or other

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE LLC'S SUPP. RESPONSES AND OBJ. TO
PLFS' THIRD SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD

1   confidential research, development, or commercially sensitive information.  Google further objects

2   to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the

3   attorney work-product doctrine, or any other applicable privilege or protection, including without

4   limitation because it may seek information about documents prepared by or at the direction of legal

5   counsel.  Google also objects that the request to identify "all persons" who assisted in the

6   preparation of the referenced data is overbroad. Google further objects that this Interrogatory is

7   burdensome and harassing in that it "seeks the source(s) of the data included on the spreadsheet,"

8   which is not relevant or proportional to the needs of the case and which the Court has already

9   rejected as irrelevant and outside the scope of discovery, including based on the Court's ruling that

10  Google need not produce information about "storage" of data.  (ECF No. 184.)  Google also objects

11  to this Interrogatory, including sections (g) and (h), because it would require Google to speculate

12  based on an incomplete set of hypothetical facts.  Google also objects that the terms and phrases

13  "formula," "calculation," "provide the data," and "specific elements or inputs used in that formula

14  or calculation" are vague, ambiguous, and unintelligible within the context of this Interrogatory.

15  Google also objects to this Interrogatory on the basis that it is compound in that it includes multiple

16  discrete subparts.  Google construes this Interrogatory to constitute nine discrete interrogatories.

17  Moreover, by answering these interrogatories, Google does not waive and reserves all rights to

18  object to future interrogatories as exceeding the numerical limit set forth by Federal Rule of Civil

19  Procedure 33.

20        In addition, Google objects that the terms and phrases "assisted," "preparation,"

21  "source(s)," "revenues," "while that account holder is travelling outside the United States," and

22  "while that account holder is travelling in the United States" are vague and ambiguous as none are

23  self-evident or defined.

24        Subject to the foregoing General and Specific Objections, Google responds as follows:

25  •   Timon Koehler, a Senior Financial Analyst, and Sierra Feitshans, a Business

26      Intelligence Manager, assisted in the preparation of the data included in GOOG-HEWT-

27      00455648;

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE LLC'S SUPP. RESPONSES AND OBJ. TO
PLFS' THIRD SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD

- "Non-US User" means a user accessing the internet using a device with an IP address that Google associated with a location outside of the United States at the time the user was shown an ad that generated revenue.

- "US User" means a user accessing the internet using a device with an IP address that Google associated with a location within the United States at the time the user was shown an ad that generated revenue.

- The row entitled "Non-US User Total" includes gross revenue from Authorized Buyers and Open Bidding Partners generated by advertisements displayed to Non-US Users as defined above.

- The row entitled "US User Total" includes gross revenue from Authorized Buyers and Open Bidding Partners generated by advertisements displayed to US Users as defined above.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

Subject to the foregoing General and Specific Objections, Google has conducted a reasonable investigation and supplements its response to this Interrogatory as follows:

**Subpart (b).**   The data used to prepare Google's response to Interrogatory No. 11 was retrieved from internal revenue tables within Google.

**INTERROGATORY NO. 12:**

With respect to the excel spreadsheet produced by Google as GOOG-HEWT-00455800:

(a)  Identify all persons who assisted in the preparation of the data included in the spreadsheet;

(b) Identify the source(s) of the data included on the spreadsheet;

(c) Identify for what period of time the data included on the spreadsheet covers; and

(d) Identify how the accounts to be included on the spreadsheet were selected.

(e) To the extent a formula or calculation was used to provide the data included in the spreadsheet, identify the formula or calculation and the specific elements or inputs used in that formula or calculation.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

GOOGLE LLC'S SUPP. RESPONSES AND OBJ. TO
PLFS' THIRD SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD

**RESPONSE TO INTERROGATORY NO. 14:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google objects that this Interrogatory is premature because no class has yet been certified. Google also objects to this Interrogatory to the extent that it seeks the disclosure of trade secret or other confidential research, development, or commercially sensitive information. Google further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek information about documents prepared by or at the direction of legal counsel. Google also objects that the request to identify "all persons" who assisted in the preparation of the referenced data is overbroad. Google further objects that this Interrogatory is burdensome and harassing in that it "seeks the source(s) of the data included on the spreadsheet," which is not relevant or proportional to the needs of the case and which the Court has already rejected as irrelevant and outside the scope of discovery, including based on the Court's ruling that Google need not produce information about "storage" of data. (ECF No. 184.) Google also objects to this Interrogatory on the basis that it is compound in that it includes multiple discrete subparts. Google construes this Interrogatory to constitute five discrete interrogatories. Moreover, by answering these interrogatories, Google does not waive and reserves all rights to object to future interrogatories as exceeding the numerical limit set forth by Federal Rule of Civil Procedure 33.

In addition, Google objects that the terms and phrases "assisted," "preparation," "source(s)," "how the accounts to be included on the spreadsheet were selected," "formula," "calculation," "provide the data," and "specific elements or inputs used in that formula or calculation" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing General and Specific Objections, Google responds as follows:

- Aaron Powers, a Senior Quantitative User Experience Researcher, assisted in the preparation of the data included in GOOG-HEWT-00455800.

- The data reflected in GOOG-HEWT-00455800 is from the time period between March 26, 2016 and October 12, 2022.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

GOOGLE LLC'S SUPP. RESPONSES AND OBJ. TO
PLFS' THIRD SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD

1    • The data reflected in GOOG-HEWT-00455800 includes accounts associated with

2       U.S.-based account holders who were active on select Google products (including

3       Search, YouTube, and many more) at least once during the time period, excluding

4       deleted accounts.

5    • No mathematical function other than addition was used to provide the data reflected in

6       GOOG-HEWT-00455800.

7    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

8       Subject to the foregoing General and Specific Objections, Google has conducted a

9    reasonable investigation and supplements its response to this Interrogatory as follows:

10      **Subpart (b).**   The data used to prepare Google's response to Interrogatory No. 12 was

11   retrieved from an internal data aggregation tool within Google.

12

13   Dated: June 29, 2023                      COOLEY LLP

14

15                                             By:  */s/ Whitty Somvichian*

16                                             Whitty Somvichian

17                                             Attorney for Defendant
                                               GOOGLE LLC

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

GOOGLE LLC'S SUPP. RESPONSES AND OBJ. TO
PLFS' THIRD SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD

1

## **<u>VERIFICATION</u>**

2       I, Ron Zember, declare as follows:

3       I am a Senior Finance Manager at Google LLC ("Google"), the defendant in the action *In*

4  *re Google RTB Consumer Privacy Litigation*, pending in the Northern District of California, Case

5  No. 4:21-cv-02155.  I have been authorized to make this verification on Google's behalf.

6       I have reviewed Google's Supplemental Response to Plaintiffs' Third Set of Interrogatories

7  Number 11 and believe the answers to this interrogatory to be true based on either my own personal

8  knowledge  or  based  on  documents  and/or  other  information  from  individuals  with  personal

9  knowledge of such facts.

10      I declare under penalty of perjury under the laws of the United States that the foregoing is

11 true and correct.

12      Executed in New York, New York on ___June 28, 2023___.

13

14                                                                 *Ron Zember*

15                                                          _____

                                                            Ron Zember

16

17

18

19

20

21

22

23

24

25

26

27

28

Cooley LLP
Attorneys at Law
San Francisco

<u>**VERIFICATION**</u>

I, Aaron Powers, declare as follows:

I am a Senior Quantitative User Experience Researcher at Google LLC ("Google"), the defendant in the action *In re Google RTB Consumer Privacy Litigation*, pending in the Northern District of California, Case No. 4:21-cv-02155. I have been authorized to make this verification on Google's behalf.

I have reviewed Google's Supplemental Response to Plaintiffs' Third Set of Interrogatories Number 12 and believe the answers to this interrogatory to be true based on either my own personal knowledge or based on documents and/or other information from individuals with personal knowledge of such facts.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Wayland, Massachusetts on June 14, 2023 _____.

*Aaron Powers*
_____
Aaron Powers

1

## CERTIFICATE OF SERVICE

2          I, Khary Anderson, certify that on June 29, 2023, I caused a true and correct copy of the

3  foregoing to be sent via electronic mail to the following counsel of record:

4

**PRITZKER LEVINE LLP**                    **SIMMONS HANLY CONROY LLC**

5  Elizabeth C. Pritzker (SBN 146267)          Jason 'Jay' Barnes (admitted *pro hac vice*)
   Jonathan K. Levine (SBN 220289)             An Truong (admitted *pro hac vice*)

6  Bethany Caracuzzo (SBN 190687)              112 Madison Avenue, 7th Floor
   1900 Powell Street, Suite 450               New York, NY 10016

7  Emeryville, CA 94608                        Tel.: (212) 784-6400
   Tel.: (415) 692-0772                        Fax: (212) 213-5949

8  Fax: (415) 366-6110                         *jaybarnes@simmonsfirm.com*
   ecp@pritzkerlevine.com                      *atruong@simmonsfirm.com*

9  jkl@pritzkerlevine.com
   bc@pritzkerlevine.com

10

**BLEICHMAR FONTI & AULD LLP**             **COTCHETT, PITRE & McCARTHY LLP**

11 Lesley Weaver (SBN 191305)                  Nanci E. Nishimura (SBN 152621)
   Anne K. Davis (SBN 267909)                  Brian Danitz (SBN 247403)

12 Joshua D. Samra (SBN 313050)                Karin B. Swope (admitted *pro hac vice*)
   1330 Broadway, Suite 630                     840 Malcolm Road, Suite 200

13 Oakland, CA 94612                           Burlingame, CA 94010
   Tel.: (415) 445-4003                        Tel.: (650) 697-6000

14 Fax: (415) 445-4020                         Fax: (650) 697-0577
   *lweaver@bfalaw.com*                        *nnishimura@cpmlegal.com*

15 *adavis@bfalaw.com*                         *bdanitz@cpmlegal.com*
   *jsamra@bfalaw.com*                         *kswope@cpmlegal.com*

16

17 **DICELLO LEVITT GUTZLER LLC**            **BOTTINI & BOTTINI, INC.**
   David A. Straite (admitted *pro hac vice*)  Francis A. Bottini, Jr. (SBN 175783)

18 485 Lexington Ave., Suite 1001              Yury A. Kolesnikov (SBN 271173)
   New York, NY 10017                          7817 Ivanhoe Avenue, Suite 102

19 Tel.: (646) 993-1000                        La Jolla, CA 92037
   Fax: (212) 213-5949                         Tel.: (858) 914-2001

20 *dstraite@dicellolevitt.com*                Fax: (858) 914-2002
                                               *fbottini@bottinilaw.com*

21                                             *ykolesnikov@bottinilaw.com*

22

23

24          */s/ Khary Anderson*
            Khary Anderson

25          Cooley LLP

26

27

28