# Exhibit 27

COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEVENTH REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 114-123)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE LLC'S OBJECTIONS & RESPONSES
TO PLFS' SEVENTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

**PROPOUNDING PARTY:** Consolidated Plaintiffs

**RESPONDING PARTY:** Google LLC

**SET NUMBER:** Seven

Pursuant to Federal Rules of Civil Procedure Rules 26 and 34, Defendant Google LLC ("Google") responds as follows to Consolidated Plaintiffs' ("Plaintiffs") Seventh Set of Requests for Production of Documents (the "Requests"):

## I. GENERAL RESPONSES

1. Google hereby incorporates the following General Responses by reference into the individual response to each Request. Each General Response has the same force and effect as if fully set forth in the individual responses to each Request.

2. Google's response to the Requests is made to the best of Google's current employees' present knowledge, information, and belief. This response is at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Google's recollection, is subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Google's further discovery or investigation.

3. Google reserves the right to make any use of, or to introduce at any hearing and at trial, documents responsive to the Requests but discovered subsequent to the date of Google's initial production in response to these Requests, including, but not limited to, any documents obtained in discovery herein.

4. Google will not produce documents which Google or any other party to this litigation deems to embody material that is private, business confidential, proprietary, trade secret or otherwise protected from disclosure pursuant to Federal Rule of Civil Procedure 26(c)(7); Federal Rule of Evidence 501; California Evidence Code section 1060; or Article I, Section 1 of the California Constitution. Under appropriate circumstances, Google may agree to produce such documents pursuant to the Stipulated Protective Order (ECF No. 59) in this matter.

5. Google reserves the right to decide whether the documents produced for inspection shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the Requests, in accordance with Federal Rule of Civil

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE LLC'S OBJECTIONS & RESPONSES
TO PLFS' SEVENTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

Procedure 34(b).

6. Google reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of this response and any document or thing produced in response to the Requests.

7. Google will not construe the Requests as an attempt to impose discovery obligations on Google beyond those authorized by the Federal Rules of Civil Procedure. Google will not undertake discovery obligations beyond those authorized by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of California.

8. Google reserves the right to object on any ground at any time to such other or supplemental requests for production as Plaintiffs may at any time propound involving or relating to the subject matter of these Requests.

9. By stating in these responses that Google will produce documents or is searching for responsive documents, Google does not represent that such documents actually exist, but rather that it will make a good faith search and attempt to ascertain whether documents responsive to the Requests do, in fact, exist, and to produce such documents if they are found to exist and are within Google's records or files. Google will use reasonable diligence to locate responsive documents based on examination of those files that reasonably may be expected to yield responsive documents and an inquiry of those employees who reasonably may be expected to possess responsive documents.

**II.    GENERAL OBJECTIONS**

Google makes the following objections to each and every applicable Request made in Plaintiffs' Seventh Set of Requests for Production of Documents:

10. Google objects to all Requests inclusive, insofar as each such request seeks information or production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, any other applicable privilege or protection, or the right of privacy under Article I, Section 1 of the California Constitution. Such documents or information shall not be produced in response to the Requests, and any inadvertent production thereof shall not be deemed

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE LLC'S OBJECTIONS & RESPONSES
TO PLFS' SEVENTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

a waiver of any privilege or right with respect to such documents or information or of any work product doctrine that may attach thereto. Google specifically reserves all rights afforded under the Court's Order Re: Federal Rule of Evidence 502(d). (ECF No. 285).

11. Google objects to all Requests inclusive, to the extent they seek documents that do not already exist, are not currently in Google's possession, custody or control, or refer to persons, entities or events not known to Google, on the grounds that such Requests seek to require more of Google than any obligation imposed by law, would subject Google to unreasonable and undue annoyance, oppression, burden, and expense, and would seek to impose upon Google an obligation to investigate or discover information or materials from third parties or services who are equally or more readily accessible to Plaintiffs.

12. Google objects to all Requests, inclusive, to the extent that they seek documents or information, the disclosure of which is prohibited by a non-disclosure agreement or confidentiality agreement. Such documents or information shall not be produced in response to the Requests.

13. Google objects to all Requests to the extent that they purport to require preservation, collection, or production of electronically stored information ("ESI") not reasonably accessible to Google because of undue burden or cost (e.g., documents stored on systems for archival or recovery purposes, data residing in hardware buffer memories, deleted files that have not been fully overwritten, replica data resulting from automatic back-up functions, etc.).

14. Google objects to all Requests to the extent that they are vague and ambiguous because they incorporate terms that are undefined, as Plaintiffs have failed to provide instructions or definitions in this Seventh Set of Requests for Production of Documents. To the extent Plaintiffs purport to incorporate by reference any or all of the instructions or definitions in their prior Sets of Requests for Production of Documents, Google incorporates by reference its objections to all such incorporated instructions and definitions.

15. Google objects to the undefined terms "Google" and "Defendant" as vague and ambiguous, overly broad, subjecting Google to unreasonable and undue annoyance, oppression, burden, and expense to the extent they define "Google" to include any person or entity other than Google LLC, its officers and employees, and any of its predecessors or successors. Google further

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE LLC'S OBJECTIONS & RESPONSES
TO PLFS' SEVENTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

objects to these terms to the extent that they expand the Requests to include documents not within the possession, custody, or control of Google, and therefore asks more of Google than allowed by the Federal Rules of Civil Procedure. Google will interpret "Google" and "Defendant" to mean Google LLC, its officers and employees, and any of its predecessors or successors.

16. Google objects to the undefined term "RTB" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case. Google will interpret "RTB" to mean its Real-Time Bidding system ("RTB") at issue in this litigation.

17. Google objects to all Requests in which the terms "relating" and "pertaining" appear, as they are overly broad, vague, ambiguous, and unintelligible, require subjective judgment on the part of Google and Google's attorneys, and would require a conclusion or opinion of counsel in violation of the attorney work product doctrine. Without waiving this objection, and subject to all other applicable objections or privileges stated herein, and only to the extent Google agrees to produce in response to any Request for documents "relating" or "pertaining" to a given subject, Google will produce such documents as expressly reflect or refer on their face to information relevant to the specified request (if any such documents exist).

18. Google objects to the undefined term "information" as vague, ambiguous, and overly broad. Google further objects to this term to the extent it seeks information that is not relevant or proportional to the needs of the case.

19. Google objects to the undefined term "evidencing" as vague, ambiguous and calling for speculation. Google further objects to this term to the extent it seeks to invade the attorney-client privilege, work-product, or any other applicable privilege, or improperly seeks the mental impressions, conclusions, opinions, and/or legal theories of Google or its counsel concerning this litigation.

### III. SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS.

Without waiving or limiting in any manner any of the foregoing General Objections, but rather incorporating them into each of the following responses to the extent applicable, Google responds to the enumerated Requests of Plaintiffs' Seventh Set of Requests for Production of Documents as follows:

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE LLC'S OBJECTIONS & RESPONSES
TO PLFS' SEVENTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

through RTB. Google additionally objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel. Google further objects that this Request exceeds the scope of discovery permitted in this case in that it is not limited to "all reports, analyses, and studies showing the impact on Google's RTB revenues of disabling third-party cookies and other user identifiers." (ECF No. 326 at 6:16–17.)

Subject to the foregoing objections, Google agrees to perform a reasonably diligent search for and produce non-privileged documents sufficient to show experiments, if any, that Google has conducted between January 1, 2022 through April 30, 2023 as stated in the Court's Discovery Order re August 15, 2022 Discovery Dispute re Damages, ECF No. 326 at 6.

**REQUEST FOR PRODUCTION NO. 117:**

For the time period January 1, 2022 to April 30, 2023, all documents pertaining or relating to each of the named plaintiffs, including all data fields associated with each named plaintiff in connection with Google's RTB platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is cumulative and duplicative of other Requests, namely, Request for Production Nos. 12, 13, 41, 42 and therefore seeks to harass and delay the proceedings. Google also objects that this Request is vague and ambiguous in its reference to the terms and phrases "pertaining or relating to," "associated with," "in connection with," and "platform," as these terms are not self-evident or defined. Google additionally objects to this Request as vastly overbroad and unduly burdensome because it seeks "all documents pertaining or relating each of the named plaintiffs, including all data fields associated with each named plaintiff in connection with Google's RTB platform."

Google objects that this Request is overly broad, seeks irrelevant information, is unduly burdensome, and is not proportional to the needs of the case because the Request is not limited in scope and encompasses voluminous materials that have no relation to Plaintiffs' central allegations

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

GOOGLE LLC'S OBJECTIONS & RESPONSES
TO PLFS' SEVENTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

regarding the alleged dissemination of personal or sensitive information to third party bid request recipients via RTB. Google additionally objects that this Request exceeds the scope of discovery permitted in this case: (1) because it seeks all documents related to the named plaintiffs, (*see* ECF No. 382 at 4:4–7 ("The Court has already considered and rejected an approach to discovery that requires Google to produce all information it collects about the named plaintiffs, regardless of whether that information is disclosed to a third party in an RTB auction."); and (2) to the extent it seeks additional named plaintiff data beyond that which is permitted by the multiple court orders addressing the scope of such discovery in this case, (*see, e.g.,* ECF Nos. 314, 382, 482, 484, 486).

Google further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 118:**

For the time period January 1, 2022 to April 30, 2023, documents evidencing Google's Terms of Service, Privacy Policy, How Our Business Works, and Privacy & Security Principles.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is cumulative and duplicative of other Requests, namely, Request for Production No. 28, and because Google has already produced documents in response to that Request. Google also objects that this Request is vague and ambiguous in its reference to the phrase "evidencing Google's Terms of Service, Privacy Policy, How Our Business Works, and Privacy & Security Principles" as it is not self-evident or defined. Google additionally objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel. Google additionally objects that these documents are publicly available and equally accessible to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

GOOGLE LLC'S OBJECTIONS & RESPONSES
TO PLFS' SEVENTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

Google specifically objects that this Request is vague and ambiguous in its reference to the terms and phrases "evidencing or discussing," "implementing changes," "content," "with respect to," and "account holders," as these terms and phrases are not self-evident or defined. Google also objects that this Request is cumulative and duplicative of other Requests, namely Request for Production Nos. 22(a), (b), (e), (m), (p), and because, pursuant to certain of those Requests, Google has already produced documents sufficient to show the functionality of RTB as it relates to Plaintiffs' central allegations regarding the alleged disclosure of Plaintiffs' and putative class members' personal or sensitive information to third-party bid request recipients via RTB.

    Google further objects that this Request is overly broad, seeks irrelevant information, is unduly burdensome, is not proportional to the needs of the case and is harassing because the Request is not limited in scope and seeks source code or other highly confidential and sensitive Google materials that are not relevant or proportional to Plaintiffs' development of their claims.

    Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

Dated: June 29, 2023                                                  COOLEY LLP


By: /s/ Whitty Somvichian
      Whitty Somvichian

Attorneys for Defendant
GOOGLE LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

GOOGLE LLC'S OBJECTIONS & RESPONSES
TO PLFS' SEVENTH SET OF RFPS
CASE NO. 4:21-cv-02155-YGR-VKD

# PROOF OF SERVICE

I am a citizen of the United States and a resident of the State of California. I am employed in San Francisco County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 3 Embarcadero Center, 20th Floor, San Francisco, California 94111-4004 and my email address is mmagana@cooley.com. On the date set forth below I served the documents described below in the manner described below:

**GOOGLE LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEVENTH REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 114-123)**

☒ (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP**<br>Lesley Weaver<br>Anne Davis<br>Joshua D. Samra<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel: (415) 445-4003<br>Fax: (415) 445-4020<br>Email: lweaver@bfalaw.com<br>      adavis@bfalaw.com<br>      jsamara@bfalaw.com<br><br>***Attorneys for Consolidated Plaintiffs*** | **SIMMONS HANLY CONROY LLC**<br>Jason "Jay" Barnes (admitted *pro hac vice*)<br>An Truong (admitted *pro hac vice*)<br>112 Madison Avenue, 7th floor<br>New York, NY 10016<br>Tel: (212) 784-6400<br>Fax: (212) 213-5949<br>Email: jaybarnes@simmonsfirm.com<br>      atruong@simmonsfirm.com<br><br>Jennifer Paulson (admitted *pro hac vice*)<br>One Court Street,<br>Alton, IL 62002<br>Tel: (618) 259-2222<br>Email: jpaulson@simmonsfirm.com<br><br>***Attorneys for Consolidated Plaintiffs*** |
| **PRITZKER LEVINE LLP**<br>Elizabeth C. Pritzker<br>Jonathan Levine<br>Bethany Caracuzzo<br>1900 Powell Street, Suite 450<br>Emeryville, CA 94608<br>Tel: (415) 692-0772<br>Fax: (415) 366-6110<br>Email: ecp@pritzkerlevine.com<br>      jkl@pritzkerlevine.com<br>      bc@pritzkerlevine.com | **DICELLO LEVITT GUTZLER LLC**<br>David A. Straite (*admitted pro hac vice*)<br>Corban Rhodes (*admitted pro hac vice*)<br>One Grand Central Plaza<br>60 E. 42nd Street, Suite 2400<br>New York, NY 10165<br>Tel: (646) 993-1000<br>Email: dstraite@dicellolevitt.com<br>      crhodes@dicellolevitt.com<br><br>James Ulwick (*admitted pro hac vice*)<br>Ten North Dearborn St., 6th Floor |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

GOOGLE LLC'S OBJECTIONS & RESPONSES
TO PLFS' SEVENTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

| | |
|---|---|
| *Attorneys for Consolidated Plaintiffs* | Chicago, IL 60602<br>Tel: (312) 214-7900<br>Email: Julwick@dicellolevitt.com<br><br>*Attorneys for Consolidated Plaintiffs* |
| **COTCHETT PITRE & McCARTHY**<br>Joe Cotchett<br>Nanci Nishimura<br>Brian Danitz<br>Jeffrey G. Mudd<br>840 Malcolm Road, Suite 200<br>Burlingame, CA   94010<br>Tel:  650-697-6000<br>Fax:  650-597-0577<br>Email:  POmalley@cpmlegal.com<br>            nnishimura@cpmlegal.com<br>            BDanitz@cpmlegal.com<br>            JMudd@cpmlegal.com<br><br>Karin B. Swope<br>999 N. Northlake Way, Suite 215<br>Seattle, WA 98103<br>Email: KSwope@cpmlegal.com<br><br>*Attorneys for Consolidated Plaintiffs* | **BOTTINI & BOTTINI, INC.**<br>Francis A. Bottini, Jr.<br>Yury A. Kolesnikov<br>7817 Ivanhoe Avenue, Suite 102<br>La Jolla, CA 92037<br>Tel: (858) 914-2001<br>Fax: (858) 914-2002<br>Email:  fbottini@bottinilaw.com<br>            ykolesnikov@bottinilaw.com<br><br>*Attorneys for Consolidated Plaintiffs* |

Executed on June 29, 2023, at San Francisco, California.

                                           */s/ Monica Magaña*
                                           Monica Magaña

286797965

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

**GOOGLE LLC'S OBJECTIONS & RESPONSES
TO PLFS' SEVENTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD**