1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* | **CASE NO. 4:21-CV-02155-YGR-VKD** |
| *This document applies to all actions.* | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR RELIEF FROM JULY 10, 2023 NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 543)**<br><br>**Fed. R. Civ. P. 72(a)**<br>**Civil L.R. 72-2** |

Currently pending before the Court is plaintiffs' motion pursuant to Fed. Rule Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A), and Civil L.R. 72-2 for partial relief from the non-dispositive order issued by Magistrate Judge DeMarchi on July 10, 2023 at Dkt. 543 ("Order"). Having considered the motion, the relief requested by that motion, and the briefing submitted in conjunction therewith, as well as all other evidence of record, the Court hereby **GRANTS** plaintiffs' motion.

## I.     BACKGROUND

This putative class action alleges defendant Google violated plaintiffs' privacy rights and federal and state laws when Google shared plaintiffs' personal information and communications with third parties through Google's Real Time Bidding ("RTB") auction platform.

Plaintiffs allege that Google promises Google account holders: "We [at Google] don't share information that personally identifies you with advertisers" and "never use…sensitive information like race, religion or sexual orientation, to personalize ads[.]" According to plaintiffs, Google routinely breaks these promises. Plaintiffs allege that through its RTB auctions, Google collects and stores personal information about account holders; associates that information with account holders' races, religions, and sexual orientations; and then shares that information with third parties, including advertisers that seek to target account holders with personalized advertising. *See* Consolidated Class Action Complaint ("CCAC") (Dkt. 94) at ¶¶ 1–30, 96, 98, 100, 120, 125, 134.

On June 5, 2023, plaintiffs moved to compel Google to produce three "bid request" fields. *See* Dkts. 536-3 (under seal), 537 (public filing). Bid requests constitute information that Google shares with RTB participants in soliciting bids for ad placements on websites and mobile applications being viewed or used by Google account holders, including the plaintiffs. The three bid request fields at issue in the June 5 motion pertained to (1) user lists, (2) content labels, and (3) app categories.[1] Content labels include categories that characterize what the plaintiff is looking at on a web page and allow RTB participants to infer information about the plaintiff based on the

---

[1] Plaintiffs do not challenge the Court's ruling with respect to the user list field.

1    bid requests that the RTB participants receive.  Order at 2–3.  App categories are similar to content

2    labels but apply to mobile apps being used by the plaintiffs instead of web pages being viewed.

3    *Id.* at 4. Google specifically included content labels and app categories in bid requests sent to RTB

4    participants from at least the start of the class period in June 2016 through February 2020. *Id.* at

5    3–4.

6         For the time period during which Google admits it included the two fields in RTB bid

7    requests (June 2016 to February 2020), the Order denies plaintiffs' motion on two grounds.  First,

8    the Order states the Court was not persuaded that the fields are within the scope of relevant

9    discovery because it is not clear that the fields "contained any information RTB participants could

10   or did use to infer information about the account holders who visited the website [or used the

11   application]." *Id.* at 3, 4. Second, the Court denied the motion because, according to Google, there

12   is nothing to produce because the data from prior to March 2020 no longer exists at Google. *Id.*

13   at 3–5.

14        Plaintiffs move for relief from the portions of the Order denying plaintiffs' motion to

15   compel Google to produce plaintiff data from these two bid request fields for the period during

16   which the two fields were included in RTB bid requests on the grounds that the Order commits

17   clear error and is contrary to law. Plaintiffs move on two bases: (1) the Order's conclusion that

18   the two fields are not within the scope of relevant discovery as defined by the Court in prior

19   rulings is both speculative and incorrect; and (2) the Order's acceptance of Google's statement

20   that there is nothing to produce as a basis for denying the motion is clearly erroneous because

21   Google in fact had a business practice <u>and</u> was under a legal obligation to maintain at least some

22   of the responsive data for at least some portion of the time period at issue.  According to plaintiffs,

23   this raises a spoliation issue that they have been deprived of bringing before this Court and the

24   jury.

25   **II.    DISCUSSION**

26        **A.    Legal Standard**

27        "The district judge in the case must consider timely objections and modify or set aside any

28   part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28

U.S.C. § 636(b)(1)(A). On review of a non-dispositive order, "the magistrate's factual determinations are reviewed for clear error," and the district court may set aside those factual determinations if it is left with a "definite and firm conviction that a mistake has been committed." *In re PFA Ins. Mktg. Litig.*, No. 4:18-CV-03771-YGR, 2021 WL 5991681, at *1 (N.D. Cal. Nov. 4, 2021) (quoting *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010)). A magistrate's legal conclusions are reviewed *de novo* to determine whether they are contrary to law. *Perry*, 268 F.R.D. at 348. A decision is contrary to law if it applies an incorrect legal standard or fails to consider an element of the applicable standard. *Hubbs v. Big Lots Stores, Inc.*, LA CV15-01601 JAK (ASx), 2019 WL 12536541, at *1 (C.D. Cal. July 1, 2019) (internal quotation omitted). "When the court reviews the magistrate's determination of relevance in a discovery order, the Court must review the magistrate's order with an eye toward the broad standard of relevance in the discovery context." *Id.* (quoting *Perry*, 268 F.R.D. at 348).

### B.    Analysis

Plaintiffs first challenge the Order's determination that the two contested bid request fields are not within the scope of relevant discovery. The Court finds that plaintiffs have met their burden of demonstrating the relevance of each of the fields at issue under both the applicable legal standards and the Court's prior discovery orders. *See* Dkt. 536-3 at 1–4. Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. FED. R. EVID. 401. Here, it is clearly relevant to plaintiffs' preparation for trial that they receive information pertaining to the fields that Google admits it shared with RTB participants relating to the named plaintiffs in soliciting bid requests. Plaintiffs have also sufficiently explained why these two fields are also relevant and responsive under the standards set by the Court in at least four of its prior discovery orders. *See* Dkt. Nos. 184 at 6–7; 287 at 3; 314 at 4–5; 382 at 4–5.

Plaintiffs also challenge the Order's denial of their motion based on Google's representation that it no longer has any responsive data for the period during which the two fields were included in RTB bid requests (up to February 2020). The Court finds that the denial of plaintiff's motion on this basis was error. Given Google's business practices pertaining to

preservation of data as well as its legal obligations that arose when this case was first filed in March 2021, there are questions as to why Google no longer has this data for at least a portion of the relevant time period (*i.e.*, prior to March 2020). If the relevant data no longer exists, that alone provides no basis to deny a motion to compel, and may provide plaintiffs with a basis, if one exists, to seek spoliation and evidentiary sanctions against Google.

Plaintiffs have met their burden of demonstrating that the Order's denial of their motion that Google be ordered to produce the two disputed bid request fields for the period during which the fields were actually included in RTB bid requests is not supported by the law or the facts of this case, and is clearly erroneous and contrary to law.  Accordingly, the Order's ruling on these fields is vacated. Google shall promptly produce named plaintiff data for the two bid request fields for the period in which those two fields were included in RTB bid requests.

**SO ORDERED.**

DATE: _____

_____
Hon. Yvonne Gonzalez Rogers
United States District Judge