**Via ECF**

**Magistrate Judge Virginia K. DeMarchi**
San Jose Courthouse
Courtroom 2 – 5th Floor
280 South 1st Street
San Jose, CA 95113

Re: ***In re Google RTB Consumer Privacy Litig.*, No. 4:21-cv-02155-YGR-VKD (N.D. Cal.)**
Joint Letter Brief re: Exceeding Presumptive Rule 30(a) Deposition Limit

Dear Magistrate Judge DeMarchi:

Plaintiffs and Defendant Google LLC ("Google") (collectively, the "Parties") submit this joint letter brief regarding plaintiffs' motion to conduct additional depositions. Plaintiffs contend that the parties conferred on June 27, July 7, July 20, and July 25, 2023, and have reached impasse on the issue.

## I. PLAINTIFFS' POSITION

Plaintiffs have deposed seven Google witnesses, scheduled two more,[1] and served a 30(b)(6) notice,[2] for a total of ten depositions, the limit of how many can be taken *without leave of court.* Rule 30(a)(2). *With* leave of court, and in accordance with Rule 26, Rule 30(a)(i) provides that additional depositions must be permitted. Courts have broad discretion to grant this relief. *Gamino v. KPC Healthcare Holdings*, 2022 WL 601047, *5 (C.D. Cal. Feb. 28, 2022).

In large, complex litigation, including class actions, depositions beyond the presumptive limit are common. For example, the related *Brown* and *Calhoun* actions each permitted 20 depositions. 20-cv-3664-YGR-SVK, ECF 242-1, P17; *see also Vega v. DNC Parks & Resorts at Asilomar, Inc.* 2023 WL 2617044, *5 (E.D. Cal. March 23, 2023) (collecting cases); *Century Aluminum Co. v. AGCS Marine Ins. Co.*, 2012 WL 2357446, *2-*4 (N.D. Cal. June 14, 2012) (Judge Gonzalez Rogers finding that complex cases "clearly warrant[] more than ten depositions"); *Del Campo v. Amer. Counseling Servs. Inc*., 2007 WL 3306496, *6 (N.D. Cal. Nov. 6, 2007) (13 additional depositions, with leave to request more in "broad and complex" class action); *Couch v. Wan*, 2011 WL 4499976, *2 (E.D. Cal. Sep. 27, 2011) (ten additional depositions); *Blackwood v. Vries*, 2015 WL 13914949, *4 (C.D. Cal. Sep. 25, 2015) (ten additional depositions); *Gamino*, 2022 WL 601047, *4 (six additional depositions).

There are multiple reasons why the deposition limit must be expanded to avoid prejudicing plaintiffs. First, Google's initial disclosures identify seven witnesses plaintiffs needed to depose,

[1] Parties are not required to exhaust ten depositions before moving for more. *Century Aluminum*, 2012 WL 2357446, *2.

[2] "A deposition under Rule 30(b)(6) should, for purposes of this limit, be treated as a single deposition even though more than one person may be designated to testify." Rule 30 Advisory Committee Note on 1993 Amendment.

leaving plaintiffs with only three other depositions in the entire case. Second, there are 23 document custodians, only nine of which plaintiffs have been able to depose.[3] Third, the case involves a lengthy seven-year period in which there was turnover within Google. Fourth, Judge Gonzalez Rogers requires a sponsoring witness for *all* trial exhibits, even those stipulated to. Plaintiffs need depositions to ensure that they have witnesses to sponsor all trial exhibits. Fifth, Google has provided new evidence created by multiple employees who were not included in Google's initial disclosures or custodians list.

Plaintiffs therefore asked Google to agree plaintiffs could exceed the limit for the narrow purposes of deposing witnesses who (1) create new information included in new discovery responses, or (2) submit fact declarations in support of Google's opposition to class certification. Contrary to Google's arguments herein, plaintiffs proposed limiting these depositions to the new information, discovery responses, and fact declarations. Google refused.

### A. Plaintiffs Should Be Permitted to Depose Employees Who Prepare Documents and Information in Response to Discovery

Google prepared new spreadsheets and provided substantive data in its answers to interrogatories. Plaintiffs seek to depose those employees who created these documents or the information in the answers. Their depositions, limited in scope (to the relevant discovery) and in duration (several hours each), are necessary to ensure that plaintiffs understand how the information was obtained, what it means, and that there is a sufficient evidentiary basis to meet the trial court's requirements regarding admissibility.

Plaintiffs are presently aware of five such employees who created documents and information which were cited by plaintiffs and their experts in support of class classification, and are critical to plaintiffs' trial presentation:

- **Ted Herbstman**, **Ben Kornacki** – created information detailing the number of bid requests and winning bid requests associated with each named plaintiff.
- **Timon Koehler**, **Sierra Feitshans** – created a spreadsheet detailing Google's U.S. RTB revenues.
- **Aaron Powers** – created a spreadsheet identifying the number of U.S.-based account holders who were active at least once between March 26, 2016 to Oct. 12, 2022.[4]

***None*** of these witnesses were identified in Google's initial disclosures or as case custodians. While Google claims herein these witnesses have limited involvement in this case, plaintiffs are entitled to question them about where and how they derived the data they created in order to properly

---

[3] There is no evidence that plaintiffs squandered or took inefficient depositions; to the contrary, the deponents, *all case custodians*, repeatedly claimed ignorance about emails they sent and received, documents they created or maintained, and about the most-basic RTB terms despite evidence confirming their deep involvement in RTB.

[4] Herbstman, Koehler, and Powers also verified the relevant responses.

understand it and ask follow-up questions, a mechanism that is unavailable when employing written questions.[5]

Google may create additional documents reflecting critical information, prepared by individuals as yet undisclosed, in response to outstanding and future discovery. Plaintiffs will similarly need to depose those individuals about the background and foundation of the created information in order to introduce it at trial.

Google's proposal that plaintiffs simply call individuals who created key documents and information to trial without first deposing them is highly prejudicial and prevents plaintiffs from adequately preparing for trial. *See Gamino*, 2022 WL 601047, *4 (purpose of discovery is to remove surprise from trial preparation).

**B. Plaintiffs Must Be Permitted to Depose Fact Witnesses Who Submit Substantive Declarations in Opposition to Class Certification**

Plaintiffs anticipate that Google may submit substantive employee declarations in support of its opposition to class certification, and seek an order permitting plaintiffs to depose those declarants on the subject of their statements. Plaintiffs seek this *now* because there will be insufficient time to confer and move between the filing of Google's opposition and plaintiffs' reply. A ruling now also provides fair notice that fact declarants will be examined on their statements. *Vega*, 2023 WL 2617044, *6; *Gamino*, 2022 WL 601047, * 5 (in a complex case courts should be involved at an early stage… re: additional depositions). Indeed, "where a party fails to timely identify a witness as required by Rule 26(a) or (e), the party is not allowed to use the information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure is substantially justified or harmless." Rule 37(c)(1); *Holak v. Kmart Corp*., 2014 WL 356902, *6, *8 (E.D. Cal. June 6, 2014) (striking class certification declarations of previously undisclosed witnesses).

Plaintiffs must be able to test and cross-examine declarants who submit new "evidence" or contradict prior testimony. If these declarations are from previously undisclosed witnesses, plaintiffs need to examine newly-disclosed declarants to test assertions, assess the foundation and admissibility of evidence and testimony, and for impeachment, among other reasons. *See Vega*, 2023 WL 2617044, *5 (permitting depositions of 15 additional declarants who "injected themselves by submitting sworn statements [with class certification briefing]"); *Barnes v. Equinox Group*, 2012 WL 13060044, *2 (N.D. Cal. June 14, 2012) (permitting nine additional depositions of class certification declarants); *Novoa v. The Geo Group*, 2020 WL 7315485, *3, (C.D. Cal. Nov. 12, 2020) (permitting 11 additional depositions of new witnesses not identified in prior initial disclosures).

---

[5] Google's proposal to instead provide written responses to questions is unreasonable: careful, attorney-crafted responses will not provide plaintiffs with the information or basis for admissibility plaintiffs require.

### C. Plaintiffs Should Be Granted Additional Depositions Under Rule 30(a)

Courts "***must grant leave*** [for more than ten depositions] to the extent consistent with Rule 26(b)(1) and (2)." Rule 30(a). Rule 26(b)(2) provides courts can only limit the frequency or extent of requested discovery if it determines: (i) the discovery is unreasonably cumulative or duplicative[6] or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has ample opportunity to obtain the information by discovery in the action; and (iii) the burden or expense outweighs its likely benefit. *See also Couch*, 2011 WL 4499976, *1 (same). In complex cases, the court "is reluctant to second guess the need for additional depositions if counsel has a good-faith basis for seeking them and made a prima facie showing they are necessary." *Blackwood*, 2015 WL 13914949, *3.

None of the Rule 26(b)(2) factors exist here. *See Barnes*, 2012 WL 13060044, *2. And, while courts are split as to whether parties must make a particularized showing of the need for additional depositions,[7] plaintiffs make that showing here. The information that Google employees prepared in response to discovery is necessary for plaintiffs' trial preparation, presentation, and the admission of exhibits. Similarly, plaintiffs must have the ability to challenge new evidence submitted by fact witnesses in declarations in opposition to class certification. These depositions are thus not cumulative or duplicative, as each proposed witness created new documents or submitted new testimony via declarations. The benefit of this necessary discovery far outweighs the expense of additional depositions, which is not overly burdensome in a case of this size and complexity.

## II. GOOGLE'S POSITION

Before even completing their allotted depositions, Plaintiffs are demanding a blank check to conduct ***unlimited*** additional depositions—at least ***five***—for any witness who assists with discovery responses or submits a declaration in connection with Google's class certification opposition. Plaintiffs' request should be denied because they failed to comply with this Court's meet-and-confer requirements and have not shown a particularized need for their demands.

### A. Plaintiffs Have Exceeded the Deposition Limit.

Plaintiffs have conducted seven depositions and served an Amended 30(b)(6) Deposition Notice. On June 13, Plaintiffs served four draft notices to depose Herbstman, Kornacki, Wolfstein, and Childs. After Google reiterated to Plaintiffs that they were limited to 10 depositions under Rule 30(a), Plaintiffs elected to depose Wolfstein and Childs and continued to demand that Google produce Herbstman and Kornacki for depositions.

Plaintiffs' sole justification for deposing Herbstman and Kornacki is that they assisted with Google's responses to Interrogatory Nos. 13 and 14 ("[i]dentify the total number of RTB bid requests" and "total number of successful RTB auctions" associated with each named plaintiff).

---

[6] Some overlap between additional deponents is permissible. *Couch*, 2011 WL4499976, at *2.

[7] *See Gamino*, 2022 WL 601047, *4 and *Vazquez v. Leprino Foods Co*., 2019 WL 467081,*2 (E.D. Cal. Sep. 25, 2019) (seven additional depositions).

To address Plaintiffs' stated need for information, Google offered to provide verified written responses to Plaintiffs' written questions regarding the data sources Google used to: (1) produce named plaintiff data, and (2) respond to Interrogatory Nos. 13 and 14, including the preservation of those sources. Plaintiffs rejected Google's offer.[8]

### B. Plaintiffs' Motion Should be Denied Because They Failed to Satisfy Meet-and Confer Requirements.

The Parties exchanged numerous emails regarding Plaintiffs' demand for additional depositions, and conferred twice. At no point did Plaintiffs even ***mention*** Timon Koehler, Sierra Feitshans, Aaron Powers—let alone ask to depose any witness who assisted Google in preparing any discovery responses. The Court should not reward Plaintiffs' flagrant violation of this Court's meet-and-confer requirement. Standing Order § 4(b). Because the Parties' discussions concerned only Herbstman and Kornacki, Google offered a compromise that addressed only those two witnesses. Plaintiffs' obfuscation prevented any discussion of the other demands they now raise for the first time in this brief and their motion should be denied on this basis alone.

### C. Plaintiffs' Arguments Regarding Their Need for Additional Depositions Are Incorrect or Irrelevant.

Plaintiffs cite no case in which a court has authorized depositions of unlimited or unidentified witnesses. This is unsurprising. "Plaintiff's failure to indicate the number and/or names of the additional depositions sought makes it difficult [] to measure the appropriateness of Plaintiff's motion, as required by Rule 30(a)(2)." *Whittingham v. Amherst Coll.*, 163 F.R.D. 170, 171 (D. Mass. 1995).

Instead, Plaintiffs contend that additional depositions are warranted because this case is a class action, but their own authorities disagree; "the determination as to whether waiver of Rule 30's deposition limit is warranted is case specific, due to the burden to show a 'particularized . . . need for additional depositions.'" *Vega v. DNC Parks & Resorts at Asilomar, Inc.*, 2023 WL 2617044, at *5 (E.D. Cal. Mar. 23, 2023).[9]

Plaintiffs also complain that they only deposed 9 of 23 document custodians. This is irrelevant, as ***none of the witnesses they seek to depose are custodians***. In any event, "the mere fact that more than ten individuals may have discoverable information in a case does not mean that taking more than ten depositions makes sense." *United States v. Goertz*, 2010 WL 2900309, at *1 (W.D. Tex. July 20, 2010). That the class period spans seven years and there may be "turnover"

---

[8] This compromise proposal was also intended to address some overlapping 30(b)(6) topics related to these issues.

[9] Judge Gonzalez Rogers did not hold that "complex cases" warrant more than 10 depositions. *Century Aluminum Co. v. AGCS Marine Ins. Co.*, 2012 WL 2357446, *2–*4 (N.D. Cal. June 14, 2012). The Court observed that "exhaustion rule" may not apply "where there are multiple plaintiffs and defendants, and the complexity of the case clearly warrants more than ten depositions."

within Google is also immaterial. Plaintiffs do not claim they need to depose former employees or any specific witness because of any such "turnover."[10]

**D. Plaintiffs Are Not Entitled to the Specific Depositions They Seek.**

Courts within the Ninth Circuit require a "particularized showing" that specific depositions are necessary beyond Rule 30's limits. *See, e.g.*, *RJ v. Cigna Health & Life Ins. Co.*, 2022 WL 16839492, at *2 (N.D. Cal. Nov. 9, 2022) (DeMarchi, J.). "[C]ourts have found it proper to deny additional depositions where they would be cumulative, without proper purpose . . . the party had ample opportunity to obtain the information by discovery in the action, or they would create an unreasonable burden or expense." *Kaseberg v. Conaco, LLC*, 2016 WL 8729927, at *3 (S.D. Cal. Aug. 19, 2016); *see also Century Aluminum Co.*, 2012 WL 2357446, at *2 (deposition may be refused where "the discovery . . . can better be obtained from some other source"). Plaintiffs have not shown that additional depositions are warranted under these standards.

***No Particularized Need.*** None of the witnesses Plaintiffs seek to depose are on the RTB team, designated as custodians, or listed on Google's initial disclosures; each appears on (at most) a handful of documents across Google's production. Plaintiffs request depositions of these individuals solely because they compiled information at the direction of counsel that Plaintiffs may use at trial. But "[plaintiffs'] assertion that [they] should not have to face trial witnesses and declarants without having first deposed them does not amount to a particularized showing as contemplated by the FRCP." *Finazzo v. Hawaiian Airlines*, 2007 WL 1425241, at *3 (D. Haw. May 10, 2007).

- *Herbstman and Kornacki.* These witnesses are software engineers who compiled responses to Interrogatories 13 and 14. To the extent further information on these responses is needed, Google offered to provide verified written responses to Plaintiffs' written questions. Plaintiffs refused, likely because they intend to examine these witnesses about the collection, storage and sources of named plaintiff data. The Court has repeatedly rejected Plaintiffs' demand for such discovery, and Plaintiffs' attempted end-run around these orders should be denied. (ECF No. 231 at 5; ECF No. 287 at 3.)

- *Koehler, Feitshans, and Powers.* Koehler is an analyst and Feitshans is a Business Intelligence Manager in Google's finance department. These witnesses assisted with a revenue spreadsheet produced in discovery. Powers is a user experience researcher who assisted with a spreadsheet regarding the ads personalization setting. Google has already responded to numerous questions about these spreadsheets, and Plaintiffs do not explain what additional information they need. *See* Interrog. No. 11-12.

***The burden of these depositions outweighs any benefit.*** None of these individuals reside in California, and their depositions will involve discussions of highly complicated and sensitive Google systems and may raise complex privilege issues as their work on this litigation has been

[10] Plaintiffs contend that Judge Gonzalez Rogers requires sponsoring witnesses for even stipulated trial exhibits, but Google has not located any support for that assertion, nor have Plaintiffs provided any.

exclusively at counsel's direction.[11] Conversely, these witnesses have limited substantive information to offer given their lack of involvement in either RTB or the issues presented in this case. And notably, while Plaintiffs characterize these depositions as "limited," they do not propose any specific limitations as to scope or time.

***Plaintiffs' Prior Depositions Were Not Efficient.*** A party seeking more than 10 depositions "must demonstrate the necessity for each deposition she took without leave of court[.]" *See Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 482 (N.D. Tex. 2001). Here, Plaintiffs deposed another Google software engineer (Tim Hsieh) for only four hours, and squandered time while deposing Google engineer Stan Belov by focusing on topics outside of his scope of knowledge or that were irrelevant. (ECF No. 491 at 5.) Plaintiffs' inefficiency should not be rewarded.

***The requested depositions are cumulative and duplicative.*** Plaintiffs do not even try to justify their demand to depose ***both*** Herbstman and Kornacki and ***both*** Koehler and Feitshans. These witnesses are on the same teams within Google (engineering and finance) and were involved in preparing the same discovery responses. Their testimony would be cumulative and duplicative.

### E. The Court Should Not Permit Plaintiffs to Depose Unspecified Witnesses.

Plaintiffs seek an order prospectively authorizing additional depositions for any declarants Google may use in support of its class certification opposition, irrespective of whether those witnesses were known to them and have already been deposed. It is premature for the Court to resolve this issue, as Plaintiffs are not even aware of what these declarations will say or who will provide them. Plaintiffs have seven weeks to file their reply, and their own authorities bely their claim of urgency, as they only granted relief ***after*** declarations from previously-undisclosed witnesses had been filed. *E.g., Barnes v. Equinox Group*, 2012 WL 13060044, at *2 (N.D. Cal. June 14, 2012) (permitting additional depositions after declarations had been filed).

## III. NECESSITY OF A HEARING

### A. Plaintiffs' Position

Plaintiffs request a hearing at the Court's earliest opportunity, as depositions and written discovery are ongoing, it takes time for requested depositions to be scheduled, and Google's opposition to class certification, to which it may attach fact declarations, is due on September 29, 2023.

### B. Google's Position

Google respectfully submits that the issues above can be resolved without a hearing. If the Court determines a hearing is appropriate, Google asks that the hearing be scheduled on or after

---

[11] These individuals reside in New York (Herbstman, Kornacki, Koehler), Massachusetts (Powers), and London (Feitshans). Google does not waive any procedural requirements rights or objections to the deposition of Feitshans, given her residence in the U.K.

August 14, as its counsel is unavailable from August 7-11, 2023.

## IV. DISCOVERY CUT-OFFS

The Parties' deadline to substantially complete their production of documents in advance of class certification passed on July 11, 2022. The fact discovery cut-off is January 19, 2024, the close of expert discovery is April 12, 2024. *See* ECFs 530, 534. Plaintiffs filed their motion for class certification on July 14, 2023. ECF 546 [public version].

## V. COMPLIANCE WITH MEET AND CONFER REQUIREMENT

Plaintiffs contend that in compliance with the Order's meet and confer requirements, the parties have met and conferred numerous times, and a final meet and confer took place on July 25, 2023 via Zoom. On plaintiffs' side, Elizabeth Pritzker, Jonathan Levine, Bethany Caracuzzo, and Caroline Corbitt of Pritzker Levine LLP, attended. On Google's side, Whitty Somvichian, Aarti Reddy and Anu Dhillon of Cooley LLP attended.

As set forth above, Google contests that Plaintiffs complied with the meet-and-confer requirement as to their request to depose Timon Koehler, Sierra Feitshans, and Aaron Powers, and as to their demand to depose all witnesses who assisted Google in preparing discovery responses.

Dated: August 1, 2023

**PRITZKER LEVINE LLP**

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (SBN 146267)
Jonathan K. Levine (SBN 220289)
Bethany Caracuzzo (SBN 190687)
Caroline Corbitt (SBN 305492)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
bc@pritzkerlevine.com
ccc@pritzkerlevine.com

*Interim Class Counsel*

***Counsel for Plaintiffs and the Proposed Class***

Dated: August 1, 2023

**COOLEY LLP**

By: */s/ Whitty Somvichian*

Michael G. Rhodes
Whitty Somvichian
Aarti Reddy
Reece Trevor
Anupam S. Dhillon
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Tel.: 415-693-2000
Fax: 415-693-2222
rhodesmg@cooley.com
wsomvichian@cooley.com
areddy@cooley.com
rtrevor@cooley.com
adhillon@cooley.com

Robby L.R. Saldaña
Khary J. Anderson
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Tel.: 202-776-2109
Fax: 202-842-7899
rsaldana@cooley.com
kjanderson@cooley.com

Attorneys for Defendant
GOOGLE LLC

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, Caroline C. Corbitt, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st day of August, 2023, at Emeryville, California.

*/s/ Caroline C. Corbitt*
Caroline C. Corbitt