Demetri Blaisdell (pro hac vice forthcoming)
demetri.blaisdell@nytimes.com
The New York Times Company
620 Eighth Avenue
New York, NY 10018
Tel: 800-698-4637
Fax: 212-556-4634
demetri.blaisdell@nytimes.com

*Attorney for Non-Party The New York Times Company*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, <br><br> This document applies to: *all actions*. | Master File No. 4:21-cv-02155-YGR-VKD <br><br> **NON-PARTY THE NEW YORK TIMES COMPANY'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL MATERIAL FILED PROVISIONALLY UNDER SEAL BY PLAINTIFFS** <br><br> [L.R. 79-5(F)(3)] <br><br> Judge: Hon. Yvonne Gonzalez Rogers <br> Hearing Date: None set. <br> Hearing Time: <br> Hearing Location: |

**INTRODUCTION**

Pursuant to Civil Local Rule 79-5(f)(3), Non-Party The New York Times Company (the "Times") respectfully requests that the Court maintain under seal certain of The Times's information, which has been designated "Highly Confidential – Attorneys' Eyes Only," as identified in the chart below. The Times is a public company headquartered at 620 Eighth Avenue, New York, New York, 10018 and a non-party to this litigation. The Times received a third-party subpoena from Plaintiffs on June 30, 2021. In response, The Times made a production of documents and data to Plaintiffs. Portions of the materials produced by The Times reflect highly confidential information that is commercially and competitively sensitive, as well as sensitive customer information. The public disclosure of this information would cause competitive harm to The Times and harm to certain of The Times's individual customers.

Plaintiffs have included portions of this information in their Expert Class Certification Report of Professor Christopher Wilson ("Wilson Expert Report") (ECF No. 546-4), which was provisionally filed under seal as an exhibit to the Declaration of Elizabeth C. Pritzker in Support of Plaintiffs' Motion for Class Certification (ECF No. 546-2). *See* Pl. Administrative Mot. To Consider Whether Another Party's Materials Should Be Sealed (ECF No. 548).

The Times respectfully submits this statement to join Plaintiffs' administrative motion to seal in part and provide support for maintaining under seal just one numerical figure and two unique values contained within the Wilson Expert Report. These discrete portions of the record reflect highly confidential information that is commercially and competitively sensitive, as well as sensitive customer information. The following table identifies the specific portions of the record that The Times seeks to maintain under seal, and the Declaration of James Glogovsky attached as Exhibit A ("Glogovsky Declaration") provides additional explanation of the highly sensitive nature of the confidential information at issue and the basis for The Times's request.[1]

---

[1] As specified in ¶ 12 of the Court's Standing Order in Civil Cases, The Times concedes that Plaintiffs' request to seal the following portions of the Wilson Expert Report need not be granted: (i) the text in ¶ ¶ 39-40; (ii) the "Field" descriptors and "Value" data points identified in Table 2 (¶ 39) and Table 3 (¶ 40), with the exception of the "UserID"

| Document | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| Ex. 2 to Pritzker Decl.: Expert Class Certification Report of Prof. Christopher Wilson (Sealed ECF 545-6, Public ECF 546-4) | Numerical figure contained in last sentence of ¶ 38 | Constitutes commercially and competitively sensitive information, the divulgence of which would result in competitive harm to The Times. If made public, this figure could be used by The Times's competitors to derive insights about The Times's business operations/strategies and by current and prospective customers, vendors, and business partners of The Times to gain unfair advantages in negotiations and dealings with The Times. *See* Glogovsky Decl. ¶ 8. |
| | "UserID" values in Table 2 (¶ 39) and Table 3 (¶ 40) | Constitutes sensitive customer information, the divulgence of which would result in substantial harm to certain of The Times's customers. These non-public values are unique identifiers that, if made public, could be used in conjunction with other data elements to determine the identities of the individual customers associated with the values. *See* Glogovsky Decl. ¶ 9. |

## LEGAL STANDARD

While there is a presumption in favor of public access to judicial records, the Ninth Circuit recognizes that it may be overcome by "compelling reasons" that justify sealing.[2] *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). A court may grant a party's motion to seal records if the moving party presents "compelling reasons" for maintaining confidentiality that "outweigh the public's interest in disclosure." *Id*. Courts have "broad latitude" to prevent disclosure of "many types of information, including, but not limited to, trade secrets or

---

values; and (iii) the text in ¶ 79. A proposed order consistent with the narrowed request(s) is attached as <u>Exhibit B</u>. The Times will file under seal along with this Statement an unredacted version of the Wilson Expert Report highlighting the narrowed proposed redacted material.

[2] When deciding a request to seal, courts in the Ninth Circuit must decide whether to apply either "the presumptive 'compelling reasons' standard or the 'good cause' exception." *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1097 (9th Cir. 2016). A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must overcome the presumption in favor of public access with "compelling reasons," while a party seeking to seal materials submitted with a motion that is "only tangentially related to the merits" need only to overcome that presumption with "good cause." *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 491 F. Supp. 3d 584, 596 (N.D. Cal. 2020) (citations omitted). The instant motion and its supporting materials articulates the "compelling reasons" that justify sealing the information at issue, which is the appropriate standard for a request to seal materials submitted in connection with a class certification motion.

other confidential research, development, or commercial information." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

This Court has found compelling reasons to seal commercially or competitively sensitive information and sensitive customer information. *See Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (explaining that "this Court has found compelling reasons to seal confidential information . . . where the disclosure of that information would harm [a] party's competitive standing" and "compelling reasons to seal personally identifiable information"); *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-CV-00119-HSG, 2017 WL 11527607, at *2 (N.D. Cal. Dec. 27, 2017) (sealing documents containing "sensitive proprietary business information" that is "not publicly available or publicly disclosed and has been maintained . . . in a confidential manner."); *Vietnam Veterans of Am. v. C.I.A.*, No. C 09-0037, 2012 WL 1094360, at *1 (N.D. Cal. Mar. 29, 2012) (sealing exhibits containing "sensitive personal information about certain individuals").

**ARGUMENT**

**A.  Compelling Reasons Exist To Seal The Times's Confidential Information, Which Is Commercially and Competitively Sensitive And Constitutes Sensitive Customer Information That Could Be Used to Identify Individual Customers.**

Here, as set forth in the table above and in the Glogovsky Declaration, the narrow categories of information that The Times seeks to seal warrant protection because they comprise (1) highly commercially and competitively sensitive information; and (2) sensitive information about individual customers of The Times that—in conjunction with other data elements—could be used to identify the individual customers' identities.

The redacted figure featured in paragraph 38 of the Wilson Expert Report reveals information about The Times's sale, volume, and cadence of impressions that directly relates to The Times's business operations and, among other things, customer base and volume. *See* Glogovsky Decl. ¶ 8. The Times does not make this information public and takes considerable

measures to maintain its confidentiality. If it became public, it could be used by The Times's competitors to derive competitive insights about The Times's business operations and strategies. Further, it could be used by current and prospective customers, vendors, and business partners to gain unfair advantages in negotiations and dealings with The Times. This type of proprietary and confidential information is precisely the kind that courts routinely find would harm a party's competitive standing and should be sealed. *See, e.g., Cont'l Auto. Sys., Inc. v. Avanci, LLC*, No. 19-CV-02520, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019) (granting a motion to seal, among other things, confidential information about "the number of customers using Plaintiff's products" and noting that courts in the Ninth Circuit "have found sales data . . . to be sealable, to the extent that information is kept confidential"); *Stone v. Advance Am., Cash Advance Centers, Inc.*, No. 08CV1549 WQH WMC, 2011 WL 662972, at *1 (S.D. Cal. Feb. 11, 2011) (granting motion to seal "volume and market share"); *In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019) ("Courts applying the compelling reasons standard have upheld the sealing of trade secrets . . . customer information . . . and other such materials that could harm a party's competitive standing.").

The "UserID" values featured in Table 2 (paragraph 39) and Table 3 (paragraph 40) of the Wilson Expert Report constitute sensitive information about certain individual customers of The Times. Unlike the other values featured in Tables 2 and 3 (which The Times concedes need not be sealed), the "UserID" value is a unique identifier. In conjunction with other data elements, the "UserID" value could be used to discern the underlying identity of the individual Times customer associated with the value. Courts have consistently recognized that compelling reasons exist for maintaining confidentiality of this sort of sensitive customer information. *See, e.g., Lathrop v. Uber Techs., Inc.*, No. 14-CV-05678-JST, 2016 WL 9211524, at *3 (N.D. Cal. May 3, 2016) (finding compelling reasons to justify sealing of sensitive personal information relating to individuals that included, among other things, "unique identifiers" that "could be used for improper purposes" if revealed).

Public disclosure of the "UserID" values would pose substantial harm to individual Times customers and infringe on their privacy rights, which constitutes a compelling reason for sealing. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015) (finding that the disclosure of two individuals' identities "would infringe the privacy rights of those two individuals, which constitutes a compelling reason for sealing."). These values should be sealed accordingly.

**B.    The Instant Motion is Narrowly Tailored to Seal Only Sealable Information in Accordance with Civil Local Rule 79-5.**

The Times seeks to seal only those specific portions of information that contain highly sensitive business information or highly sensitive customer information. Indeed, The Times submits this statement to join Plaintiffs' administrative motion to seal *in part*, narrowing the proposed redactions to include only the bare minimum information necessary to protect The Times and individual consumers from harm. In total, The Times's proposed redactions include the redaction of a single numerical figure and two "UserID" values. Accordingly, The Times's request is minimal in scope and "narrowly tailored to seek sealing only of sealable material" as required under Civil Local Rule 79-5. *See Lathrop v. Uber Techs., Inc.*, at *1 (N.D. Cal. May 3, 2016) (finding sealing of certain information justified where the party seeking sealing of the information submitted a motion "narrowly tailored to seal only sealable information, as Local Rule 79-5 requires."); *Epic Games, Inc. v. Apple Inc.*, No. 4:20-CV-05640-YGR, 2021 WL 1925460, at *1 (N.D. Cal. Apr. 30, 2021) (granting sealing of materials where request was "narrowly tailored toward sealing highly confidential information . . . belonging to . . . a third-party non-party to [the] action.").

**C.    The Times's Need To Protect Its Confidential Information Outweighs The Public Interest In Disclosure.**

As explained above, The Times's sealing request is limited to extremely narrow portions of the Wilson Expert Report that contain commercially and competitively sensitive information and

1  sensitive customer information that cannot be protected from public disclosure through less
2  restrictive means.  The disclosure of the three values will not advance the public's understanding
3  or knowledge regarding any of the contested issues in this litigation and has the potential to cause
4  significant harm to The Times and certain of its individual customers.  Thus, the information should
5  be sealed.  *See Network Appliance, Inc. v. Sun Microsystems Inc*., No. C-07-06053 EDL, 2010 WL
6  841274, at *3 (N.D. Cal. Mar. 10, 2010) (granting the motion to seal where documents contained
7  information "that would do little to aid the public's understanding of the judicial process, but have
8  the potential to cause significant harm to [a party's] competitive and financial position within its
9  industry"); *Hunt v. Cont'l Cas. Co*., 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (sealing
10 information about third parties where such information "implicates important privacy concerns of
11 nonparties—whose names are not relevant to the disposition of this case—that outweigh the
12 public's interest in disclosure of these judicial records").

**CONCLUSION**

For the foregoing reasons, as well as those set forth in the Glogovsky Declaration, The Times respectfully requests that the Court enter the Proposed Order attached as <u>Exhibit B</u> and maintain under seal the narrow portions of the Wilson Expert Report identified in the table above.

DATED: August 4, 2023              Respectfully submitted,

*/s/ Demetri Blaisdell*
Demetri Blaisdell (pro hac vice forthcoming)
demetri.blaisdell@nytimes.com
The New York Times Company
620 Eighth Avenue
New York, NY 10018
Tel: 800-698-4637
Fax: 212-556-4634
demetri.blaisdell@nytimes.com

*Attorney for Non-Party The New York Times Company*