Demetri Blaisdell (pro hac vice forthcoming)
demetri.blaisdell@nytimes.com
The New York Times Company
620 Eighth Avenue
New York, NY 10018
Tel: 800-698-4637
Fax: 212-556-4634
demetri.blaisdell@nytimes.com

*Attorney for Non-Party The New York Times Company*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, <br><br> This document applies to: *all actions*. | Master File No. 4:21-cv-02155-YGR-VKD <br><br> **DECLARATION OF JAMES GLOGOVSKY IN SUPPORT OF NON-PARTY THE NEW YORK TIMES COMPANY'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL MATERIAL FILED PROVISIONALLY UNDER SEAL BY PLAINTIFFS** <br><br> **[L.R. 79-5(f)(3)]** <br><br> Judge: Hon. Yvonne Gonzalez Rogers <br><br> Hearing Date: None set. <br> Hearing Time: <br> Hearing Location: |

I, James Glogovsky, declare as follows:

1. I am an employee of The New York Times Company (the "Times"). My position/title is Vice President, Revenue Operations & Analytics. I have personal knowledge of all facts stated within this Declaration.

2. The Times is a non-party to the above-captioned litigation. The Times received a non-party subpoena from Plaintiffs on June 30, 2021. In response, The Times made a production of documents and data to Plaintiffs.

3. I am personally familiar with the data produced to Plaintiffs. As I describe more fully below, portions of the data contain information that I consider to be highly commercially and competitively sensitive, as well as sensitive information about individual customers of The Times that—in conjunction with other data elements—could be used to identify the individual customers' identities.

4. The Times takes significant precautions to ensure that this information is not made public, and the executives and employees who have access to it—myself included—are entrusted to keep this information confidential. To protect confidential business information and sensitive customer information and prevent inadvertent disclosure of such information to others, The Times has internal policies including the following: policies against the disclosure of confidential information; training of employees regarding safeguarding confidential information; confidentiality and non-disclosure agreements with vendors and other partners; and a policy regarding document retention and destruction.

5. The public disclosure of highly commercially and competitively sensitive information would cause The Times significant competitive harm. Such information, if made public, could be used by our competitors to derive insights about our business operations and strategies. Further, such information could be used by our current and prospective customers, vendors, and business partners to gain unfair advantages in negotiations and dealings with The Times.

6. The public disclosure of sensitive customer information would cause substantial harm to certain individual customers of The Times. Such information, if made public, could be used in conjunction with other data elements to identify the individual customers' identities.

**Plaintiffs' Use of The Times's Information in the
Expert Class Certification Report of Professor Christopher Wilson.**

7. I am aware that Plaintiffs have submitted an Expert Class Certification Report of Professor Christopher Wilson attached as Exhibit 2 to the Declaration of Elizabeth C. Pritzker in Support of Plaintiffs' Motion for Class Certification ("Wilson Expert Report") conditionally under seal, which includes certain information produced by The Times. I have personally reviewed the information. As described below, it contains non-public, commercially and competitively sensitive information and sensitive information relating to certain of The Times's customers.

8. The redacted figure featured in paragraph 38 of the Wilson Expert Report reveals information about The Times's sale, volume, and cadence of impressions that directly relates to our business operations and, among other things, customer base and volume. The Times does not make this information public. I consider this information to be highly commercially and competitively sensitive. If it became public, it could be used by The Times's competitors to derive competitive insights about our business operations and strategies. Further, it could be used by current and prospective customers, vendors, and business partners to gain unfair advantages in negotiations and dealings with The Times.

9. The "UserID" values featured in Table 2 (paragraph 39) and Table 3 (paragraph 40) of the Wilson Expert Report constitute sensitive customer information. The "UserID" value is a unique identifier associated with an individual Times customer. Although The Times lacks a complete understanding of the data produced to date in the case and what other data has been or may yet be filed publicly, the "UserID" values, in conjunction with other data elements, could be used to discern the underlying identities of The Times customers associated with the values. Public disclosure of the "UserID" values would pose a risk of substantial harm to individual Times customers.

I, James Glogovsky, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on August 3, 2023.

Signature: *[signed]*

Printed Name: James Glogovsky