UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CALHOUN, et al.,<br><br>      Plaintiffs,<br><br>   v.<br><br>GOOGLE LLC,<br><br>      Defendant. | Case No. 20-cv-05146-YGR   (SVK)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THIRD PARTY ERNST & YOUNG;  ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 533 |

Plaintiffs move to compel production of documents from non-party Ernst & Young ("EY"). Dkt. 533.  The Court has reviewed the Parties' briefs, as well non-party Ernst & Young's ("EY") submission.  Dkt. Nos. 533, 541, 543.  The Court is surprised by the actions of Google and non-party EY in failing to produce documents pursuant to Court Order.  Dkt. 380.  A copy of this order is to be served on EY immediately by Google, and a proof of service is to be filed on ECF.

Google previously moved for a protective order in response to Plaintiffs' subpoena to EY. Dkt. 352.  The Court responded by granting in part/denying in part and providing modified requests pursuant to which EY was obligated to produce responsive documents.  Dkt. 380.  In its submission in response to this motion to compel, EY specifically states, "EY made its own good-faith determination, as a non-party to this case, as to what documents appeared responsive to these requests." Dkt. 543, 1:7-8.  EY's effort identified 6,322 responsive documents. Dkt. 533, 1:6. Surprisingly, and somewhat obtusely, EY goes on to explain that "because the documents contain Google's proprietary data and the parties to this case are better positioned to address issues regarding responsiveness and relevance, EY waited for the parties' negotiations before making any production." *Id*. at 1:11-14.  After allowing Google to review and edit the production, EY

produced just 90 documents.  *Id*. at 1:10.

For its part, Google complains that the EY search "identified many non-responsive documents containing Google highly sensitive information for production."  Dkt. 541, 3:11-12.  Google then took it upon itself to review the EY production for what Google deemed to be relevant and responsive documents, resulting in the drastic culling referenced above.  Google cavalierly claims, "Such a review is wholly justified."  *Id.* at 2:13.  Not in this Court.  Rather, Google's resort to self-help was wholly without support in either common sense or the law and was in direct contravention of this Court's order on Google's previous motion for protective order.  Google is well aware its confidential and proprietary information is produced pursuant to a robust protective order long in place in this action.  Dkt. 61.  If Google had a reasonable, good faith belief that the EY production contravened Fed. R. Civ. P. 26(b) and/or Fed. R. Civ. P. 45, it should have sought further assistance from this Court.  Instead, Google took matters into its own hands.  Accordingly, the Court **ORDERS** as follows:

EY is to **IMMEDIATELY PRODUCE** to Plaintiffs the entire collection of documents that it deemed responsive to this Court's order, all 6,322 documents, and EY is to file a certification that it has done so.

Google is **ORDERED TO SHOW CAUSE** why it should not be sanctioned and ordered to pay all of Plaintiffs' attorneys fees and costs associated with bringing this motion.[1]  Plaintiffs are to provide a declaration in support of said fees and costs no later than March 31, 2022; Google's response to this Order is due no later than April 15, 2022.

**SO ORDERED.**

Dated: March 14, 2022

SUSAN VAN KEULEN
United States Magistrate Judge

---

[1] An award of monetary sanctions, if any, will be limited to the costs and fees associated with the motion to compel (Dkt. 533), excluding costs and fees associated with the motion for protective order.  Dkt. 352.