COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, | Master File No. 4:21-cv-02155-YGR-VKD |
| | **GOOGLE'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE MAY 16, 2023 HEARING TRANSCRIPT** |
| This Document Relates to: *all actions* | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3), Google LLC ("Google") respectfully submits this Administrative Motion ("Motion") to Seal Portions of the May 16, 2023 Hearing Transcript ("Hearing Transcript"), attached as Exhibit A to the concurrently-filed Declaration of Whitty Somvichian ("Somvichian Declaration").

The portion of the Hearing Transcript listed below reflects highly confidential and proprietary information regarding sensitive internal data systems and operations that Google keeps confidential, including details related to Google's internal data logs and account identifiers. As set forth below and in the accompanying Somvichian Declaration, Google confirms the confidentiality of this information. Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below:

| Document | Text to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| May 16, 2023 Hearing Transcript | Portions highlighted at page(s): 5:6, 5:22, 6:9, 7:4-13, 7:18-20, 7:25-8:3, 8:8-11, 8:16, 10:1, 10:7-12, 10:15, 10:22-23, 11:2-3, 11:10, 12:4-5, 12:12, 15:15-16, 16:14-15, 16:20, 16:22-23, 17:3-4, 19:10-13, 19:16, 19:22, 19:24-25, 20:6-7, 22:8, 22:22-24, 23:9-10, 23:14, 23:20, 24:10-22, 25:3, 25:7, 25:10, 25:14-15, 25:18, 26:3-4, 26:7, 26:9, 26:13, 26:24, 27:1-3, 27:5, 27:7-9, 27:11, 27:16, 27:18, 27:21-23, 28:5-6, 28:8, 28:10-13, 28:15, 28:17-20, 28:22-29:2, 29:18-19, 30:2, 30:6-7, 30:17, 30:24-25, 31:4, 31:9, 31:15, 32:2-3, 32:8-13, 32:21, 33:4, 33:7, 33:9, 33:12, 33:15, 33:19-20, 33:24-25, 34:2-6, 34:10, 34:12, 34:20, 34:22-35:2, 35:4-5, 35:7, 35:15, 36:7-8, 37:5-6, 37:21-22, 37:24, 38:6-8, 38:19, 38:22-23, 39:3-5, 39:8-10, 39:14-16, 39:20-23, 40:2-3, 40:5, 40:21, 41:10-11, 41:20, 41:22, 41:24, 43:2, 43:4-5, 43:11-12, 43:16, 44:7, 44:13-16, 45:16, 45:18, 45:21-22, 45:24-25, 47:3-4, 47:12, 47:15-17, 47:20, 48:3-4, 48:6, 49:12, 49:16-17, 49:20, 49:23-50:1, 50:23-51:2, 51:8, 51:18, 51:21, 53:8-9, 53:11-12, 55:2, 55:21, 55:24, 56:8-12, 56:14-15, 56:17-19, 57:11, 57:21-22, 57:24, 58:9-12, 58:18-19, 58:25, 59:2, 59:15, 59:19, 60:13, 60:15, 60:19-22, 61:7-9, 61:12, 61:15-16, 61:18, 62:4, 62:7, 62:10, 62:13, 62:15-16, 62:18-19, 62:21-22, 63:2-3, 63:11-12, 63:20, 63:23-24, 64:24, 65:3, 65:7-8, 65:12, 65:14, 65:21, 66:2-4, 67:10-13, 67:25, 68:9-12, 69:22, 70:14, 70:16-17-18, 71:1. | Google |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the information is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

The Hearing Transcript at issue relates to a non-dispositive discovery motion, and thus the good cause standard applies here. *See, e.g.*, *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-cv-02306-EDL, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("Because the sealing requests were made in conjunction with a nondispositive discovery motion, a showing under the good cause standard will suffice."); *Calhoun v. Google*, No. 20-cv-05146, ECF No. 327, at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."). The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824-BLF, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

## III. GOOD CAUSE WARRANTS SEALING OF A PORTION OF THE MAY 16, 2023 HEARING TRANSCRIPT

Google respectfully asks this Court to seal portions of the Hearing Transcript, which reflect sensitive details concerning Google's internal data logs. Pursuant to the good cause standard, Google's sealing request is warranted.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

As an initial matter, the proposed redactions to the Hearing Transcript are narrowly tailored to encompass only the specific portions that qualify as confidential information and therefore do not "unduly limit[] public access." *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST-NC, 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

Moreover, good cause exists to grant Google's sealing requests. **First**, the portion of the Hearing Transcript that Google seeks to redact contains technical details related to highly sensitive data logs and account identifiers that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors. (Somvichian Decl. ¶ 5.) Specifically, such confidential and proprietary information contains details pertaining to Google's advertising products and their proprietary functionalities, data infrastructure, logs, and account identifiers. (*Id.*) **Second**, public disclosure of technical details related to Google's highly sensitive data logs, data systems, and account identifiers places Google at risk of irreparable harm because these may reveal Google's internal strategies, system designs, and business practices for operating and maintaining its important proprietary services. (*Id.* ¶ 6.) This creates a serious cybersecurity risk as third parties may seek to use this information to compromise Google's data sources, including data logs. (*Id.* ¶ 7.)

This Court has previously sealed similar information and descriptions of internal logs and account identifiers that Google seeks to seal here. *In re Google RTB Consumer Privacy Litig.*, No. 21-cv-02155-YGR, ECF 524 (N.D. Cal. May 22, 2023) (redacting underlying technical information from order associated with account identifiers dispute addressed during May 16, 2023 proceedings); *see also* ECF No. 540 (N.D. Cal. Jun. 8, 2023) (sealing portions of joint letter brief containing technical details and account identifiers related to Google's highly sensitive data logs and data systems discussed during May 16, 2023 proceedings). Furthermore, this Court has consistently granted Google's sealing requests related to technical information about its data logs and account identifiers, even in the context of narrow sealing requests to hearing transcripts. *See, e.g.*, ECF No. 526 (sealing references to technical details and account identifiers related to highly sensitive data logs and data systems discussed during December 6, 2022 proceedings).

///

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

1    In sum, because good cause exists and Google has articulated a particularized harm resulting from public disclosure of information, the Court should find that this information warrants sealing.

**IV.    CONCLUSION**

For the foregoing reasons, Google respectfully requests the Court seal the portions of the Hearing Transcript highlighted in Exhibit A to the Somvichian Declaration.

Dated: August 14, 2023                                    COOLEY LLP

By: */s/Whitty Somvichian*
    Whitty Somvichian

Attorneys for Defendant
GOOGLE LLC

289559275

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD