<u>**Via ECF**</u>

August 17, 2023

**Magistrate Judge Virginia K. DeMarchi**
San Jose Courthouse
Courtroom 2 – 5th Floor
280 South 1st Street
San Jose, CA 95113

Re:   ***In re Google RTB Consumer Privacy Litig.***, No. 4:21-cv-02155-YGR-VKD (N.D. Cal.)
Joint Letter Brief re: Plaintiffs' Amended Rule 30(b)(6) Deposition Notice

Dear Magistrate Judge DeMarchi:

Plaintiffs and Defendant Google LLC ("Google") (collectively, the "Parties") submit this joint letter brief regarding plaintiffs' request to compel Google to produce a corporate representative to testify about four topics in plaintiffs' June 13, 2023 Amended Rule 30(b)(6) Notice of Deposition ("Notice") (**Ex. A**). Google's July 21, 2023 Objections and Responses ("Objections") are set forth as **Ex. B**. The Parties have met and conferred and have reached an impasse with respect to Topics 5, 7, 8, and 9.

**I.    PLAINTIFFS' POSITION**

Plaintiffs served the Notice on June 13, seeking corporate testimony from Google to be used at summary judgment and trial with respect to nine discrete topics.[1] *See* Ex. A. Google waited **five** weeks to serve Objections, in which it refused to produce a witness for any topic. *See* Ex. B. The parties met and conferred, and Google ultimately agreed to (i) produce a corporate representative to testify about Topics 1, 2, 4, and 6, and (ii) provide a written response to Topic 3, leaving Topics 5, 7, 8 and 9 in dispute.[2] Google will not, however, produce any corporate

---

[1] Plaintiffs served and litigated a 30(b)(6) deposition notice in 2022, but did not proceed it to pursue other discovery first, as the Court suggested. The Notice replaces the prior notice and is narrowly tailored, seeking 30(b)(6) testimony for trial.

[2] Despite diligent efforts to resolve this dispute quickly, it once again took more than **nine** weeks to bring this dispute before the Court, because Google refused to follow the Court's Standing Order to address discovery expeditiously and without unjustified delay. *See Handloser v. HCL Am., Inc.*, 2020 WL 4923971, at *7 (N.D. Cal. Aug. 21, 2020) (citing Standing Order and concluding that "counsel should respond promptly to each other's discovery-related communications," and finding it "**not acceptable** for [defendant] to not respond to discovery-related communications for weeks." (italics added)). That is what Google has repeatedly done—for every discovery dispute. With the fact discovery deadline looming, this unnecessarily dilatory approach by Google and its counsel is improper, unprofessional and prejudicial. Plaintiffs therefore ask that the Court order Google to fulsomely respond to discovery communications within two business days and impose a firm, two-week deadline to conclude the meet and confer process for all discovery disputes.

representative, even for agreed-upon topics, until the Court resolves this dispute.

The Court should overrule Google's objections to Topics 5 and 7-9, which are narrowly focused to obtain corporate testimony on highly relevant matters for trial. Corporate witness examination is the least burdensome way to obtain this information – for which Google has unique knowledge – and the only mechanism to obtain, preserve and present Google's binding corporate testimony for summary judgment and trial. For the reasons below, Google should be compelled to produce a corporate representative to testify regarding Topics 5 and 7-9 (and all undisputed topics) within 30 days.

Topic 5 (databases/logs reflecting how Google associates/links RTB bid information with accounts). Topic 4, for which Google is producing a witness, seeks testimony about how Google associates or links certain information transmitted in RTB bid requests with personal Google accounts. Topic 5 seeks testimony on how Google stores that linking information. Topic 5 is necessary and important for class certification and trial. Whether Google is able to reasonably associate or link RTB bid information with Google accounts requires an understanding not only of how the information flows within Google (Topic 4), but also how it is maintained (Topic 5) as it flows in and out of Google. The two are not separable for trial presentation, and allowing testimony on one topic and not the other is highly prejudicial, as it deprives plaintiffs of the opportunity to explain to the jury how the RTB process works with respect to Google account holder data, and deprives plaintiffs of the evidentiary support to admit evidence relating to the functioning of Google's RTB platform and the data fields produced. Plaintiffs need to be able to explain to the jury where evidence being put before them came from and what it means. Topic 5 is also relevant to elements of class certification, including typicality, numerosity and predominance. *See Khalilpour v. CELLCO P'ship*, 2010 WL 1267749, *2 (N.D. Cal. Apr. 1, 2010) (noting that courts in this District generally permit discovery of relevant information on class issues like typicality, commonality, and numerosity); *Babbit v. Albertson's Inc.,* 1992 WL 605652, *2–3 (N.D. Cal. Nov.30, 1992) (accord). There is no burden here for Google; plaintiffs do not seek documents--merely necessary testimony on a core foundational matter in the case.

Topic 7 (account holder consent). Topic 6, for which Google is producing a witness, seeks focused, factual corporate testimony about how, if at all, Google obtains account holder consent to share or sell certain information included in RTB bid requests to third-parties. Topic 7 is similar to Topic 6, but asks about account holders' consent to share or sell information associated or linked to their personal accounts in RTB bid requests to third-parties. Topic 7 describes with reasonable particularity the information sought for examination and is directly relevant to Google's consent defense. Google previously argued, unsuccessfully, that its Privacy Policies, Terms of Service, and related disclosures disclose to account holders how their data is used by Google in RTB auctions. MTD, ECF 93 at 11. **While the Court rejected these prior arguments (ECF 233 at 11-23), Google's Answer nevertheless asserts a consent defense**: "[w]hen users create a Google Account, they choose whether to consent to certain processing, including ads personalization. Similarly, users who visit Google services without an account have the option to consent to the use of cookies or similar identifiers to personalize advertising." ECF 258 at 76. Therefore, any means by which Google seeks account holder consent to share or sell their information to third-parties in Google RTB, and the records and systems reflecting such consent, are directly relevant to the parties' claims and defenses. Plaintiffs need corporate testimony from Google on these

matters for trial.

Topic 8 (creation of business records). Topic 8 seeks corporate testimony on how business records are created and maintained at Google. This testimony is necessary for trial since multiple Google witnesses disclaimed knowledge about documents produced in discovery that they authored or received, and hundreds of key Google documents list no identified custodians, authors, or recipients in Google's metadata. Depositions of Google witnesses who refuted or claimed ignorance of the accuracy of emails, presentations, and other documents for which they are authors or custodian raise serious questions about Google's recordkeeping policies and the use, maintenance, and retention and production of electronic records and emails by Google employees for this litigation.[3] When plaintiffs can point to some uncertainty as to defendant's preservation and production of ESI, it is appropriate and relevant for plaintiffs to obtain Rule 30(b)(6) discovery on these issues. *MedImpact Healthcare Systems, Inc. v. Iqvia Inc.*, 2022 WL 1694428, *2–3 (S.D. Cal. May 26, 2022) (ordering Rule 30(b)(6) testimony on "how [Defendant] retains and preserves electronic data; the ability of [Defendant's] employees to delete, modify or remove electronic data; and any restrictions implemented by [Defendant] or imposed upon [Defendant's] employees to restrict their ability to delete, modify or remove electronic data."). Google cannot avoid this inquiry by vaguely claiming undue burden: Google is "the master of [its] own record keeping." *Lou v. Ma Lab'ys, Inc*., 2013 WL 12328278, *2 (N.D. Cal. Mar. 28, 2013), *clarified on denial of reconsideration*, 2013 WL 1615785.[4] "'… [T]hat a corporation has an unwieldly record keeping system is an insufficient reason to prevent disclosure of otherwise discoverable information.'" *Id.*

Topic 9 (litigation holds and data preservation). Corporate testimony is necessary to ascertain whether Google spoliated or failed to preserve relevant information, including data capable of associating or linking information in RTB bid requests with personal Google accounts. "Spoliation occurs when one destroys or materially alters evidence or fails to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Hynix Semiconductor Inc. v. Rambus, Inc.,* 897 F.Supp.2d 939, 975 (N.D. Cal. 2012). Here, there is a dispute whether Google failed to preserve relevant information, including logs or data source(s) capable of associating or linking information in RTB bid requests with personal Google accounts. Google has admitted in correspondence and interrogatory responses that certain information in RTB bid requests that otherwise would appear in logs and other data sources "**no longer exists**," even though Google's typical retention period should have preserved the data had Google promptly instituted a litigation hold when litigation began. When pressed to provide details about this matter, Google refuses. The record necessary to ascertain whether spoliation has occurred, and whether plaintiffs have been prejudiced, is intensely fact-specific. Plaintiffs require discovery on "the factual situations inherent in the spoliation inquiry" *Micron Tech., Inc. v. Rambus Inc.,* 645 F.3d 1311, 1320 (Fed. Cir. 2011). Topic 9 appropriately frames this highly relevant inquiry. *Apple Inc. v. Samsung Elecs. Co*., 888 F. Supp. 2d 976, 992 (N.D. Cal. 2012) (no error in court's finding on "the facts of this record," including dates on which Samsung sent out litigation holds and evidence

---

[3] Many Google witnesses claimed not to recognize documents or emails produced from their files and could not explain why those items were in their files, even though Google's metadata so indicates.

[4] The cases cited by Google (*Poulos* and *Abrams*) are wildly off-point and should be disregarded.

regarding whether Samsung employees had complied with the instructions, "that Samsung's document preservation efforts fell short of its duty.").

## II. GOOGLE'S POSITION

In March 2022, Plaintiffs served an overbroad Rule 30(b)(6) deposition notice ("Prior Notice"). The Parties spent months negotiating its scope, briefed all disputes, and following a hearing, the Court dramatically curtailed the Prior Notice. Dkt. 231. Google then offered to produce a witness and Plaintiffs fell silent. 11 months later, Plaintiffs served a new notice that rehashes many of these same disputes and topics. Google again seeks relief from Plaintiffs' impermissible deposition topics (the "Topics").[5]

**Topics 5 and 9(e)–(f)**: **Data Storage & Preservation**

Topic 5 seeks testimony on Google's "databases, data systems, or data logs that contain or reflect" six categories of information identified in Topic 4, as well as "the standard preservation or retention period(s)" for those databases, systems, and logs. Topic 9(f) is similar and seeks "the identity of all log(s) and data source(s)" regarding "verticals" data, as well as the length of preservation.[6] Like the previously-quashed Topics, these amended Topics each focus on Google's internal storage (not sharing) of data—a subject this Court has repeatedly excluded from discovery.

In resolving the dispute over the Prior Notice, the Court held that Plaintiffs were not entitled to testimony about "[h]ow and where Google stores information disclosed through RTB. . . ." *See* Dkt. 231 at 5. Indeed, the Court has repeatedly denied discovery related to maintenance or storage of data, finding that "[P]laintiffs have not shown they are entitled to discovery of all information Google maintains about an account holder solely based on Google's internal linking of information with an account holder." Dkt. 314 at 4-5; *see also* Dkts. 287 at 3 (holding that Google need not produce "all of the information it possesses about account holders or about how it stores that information"), 231 at 7 (rejecting Plaintiffs' demand that Google testify how cookies are "created or maintained").

Plaintiffs pretend that these rulings do not exist, asserting that the requested information is necessary to determine whether Google can associate information sent in bid requests with Google accounts. That is false and immaterial. This Court has determined that what ***Google itself*** can do, without more, is irrelevant; what matters is what information Google allegedly shares with RTB participants, Dkt. 314 at 4-5, and these Topics are irrelevant to that question. Plaintiffs also assert

---

[5] The Court did not "suggest" Plaintiffs withdraw their Prior Notice, as Plaintiffs inaccurately contend.

[6] Topic 4, which is undisputed, identifies six categories of information allegedly shared in RTB bid requests. The Parties agreed Google will prepare a witness to testify about how this information—to the extent it is shared with third-party RTB participants in bid requests or allows third-party RTB participants to target advertising using RTB—is linked by Google to Google account holders' accounts. This addresses any need for discovery on information allegedly shared in bid requests.

that this information pertains to the Rule 23 inquiry, but that claim is unsupported and facially nonsensical.

Nonetheless, Google sought compromise by offering verified written responses regarding the data sources it used to produce named Plaintiff data and to respond to Plaintiffs' Fourth Set of Interrogatories, including its preservation of those sources. Plaintiffs rejected that offer, have refused to limit Topics 5 and 9(e)–(f), and now make the implausible argument that Google faces no burden in devoting employee and attorney time to preparing for a deposition on complex systems and storage practices.

**Topics 8 and 9(a)–(d): Google's General Preservation Policies**

*Preservation policies.* The Court should deny Plaintiffs' expansive request in Topic 8 regarding all "policies and practices governing Google employees' "creation, use, maintenance and retention of internal Google emails, Google chats, internal and external presentations. . . and other documents created in the course of employment at Google." "[R]equests for such 'meta-discovery'" pose a "danger of extending the already costly and time-consuming discovery process ad infinitum." *Jensen v. BMW of N. Am.*, 328 F.R.D. 557, 566 (S.D. Cal. 2019) (citation omitted).

First, Plaintiffs offer no legitimate reason why Google's policies and practices regarding "creation, use, [and] maintenance" of documents would be relevant. Plaintiffs are focused on "retention" of the referenced materials, but fail to identify any "specific deficiency" in Google's document productions that could entitle them to preservation-related discovery. *MedImpact Healthcare Sys., Inc. v. IQVIA Inc.*, 2022 WL 1694428, at *3 (S.D. Cal. May 26, 2022) (citation omitted). Plaintiffs' asserted justification is that unspecified Google deponents did not recall authoring documents or receiving emails.[7] This issue is irrelevant to whether Google complied with its preservation obligations; indeed, the documents at issue were obviously preserved and produced, since Plaintiffs asked deponents about them. Regardless, there is nothing remarkable about a witness struggling to recall years-old documents. *MedImpact*, on which Plaintiffs rely, found that evidence of missing emails—not a witness's lack of recollection—justified meta-discovery. 2022 WL 1694428, at *2–3.

Moreover, even if Plaintiffs had demonstrated a specific deficiency in Google's production (they have not), they overreach in seeking discovery on "retention" of all "documents created in the course of [someone's] employment at Google"—even those irrelevant to this case. *See, e.g.*, *Jackson Family Wines, Inc. v. Diageo N. Am., Inc.*, 2013 WL 6073533, at *2 (N.D. Cal. Nov. 18, 2013) (permitting a one-hour deposition limited to spoliated custodial file).

*Litigation holds.* The Court should also deny the expansive discovery in Topics 9(a)–(d) regarding details on all litigation hold(s) in virtually any litigation or investigation. Plaintiffs lodge serious accusations of possible spoliation of logs and data sources, and falsely claim that Google refuses to provide details about log preservation. As noted, Google offered to provide verified written responses to questions regarding preservation of data. The Court should not reward

---

[7] Plaintiffs vaguely allude to document metadata deficiencies, but never raised this issue with Google.

Plaintiffs' refusal to compromise by permitting a fishing expedition. *See Poulos v. City of Los Angeles*, 2020 WL 8509663, at *4 (C.D. Cal. July 15, 2020) (quashing 30(b)(6) topic regarding policies for handling discovery in all litigation as "overly broad" and "lack[ing] reasonable particularity"). To the extent Plaintiffs seek discovery of Google's litigation hold(s) themselves, those are privileged. *In re Hitachi Television Optical Block Cases*, 2010 WL 11748027, at *3 (S.D. Cal. Oct. 20, 2010).

Notably, Plaintiffs' sole authority is inapposite; there, a party shredded vast numbers of potentially relevant documents. *See Hynix Semiconductor Inc. v. Rambus Inc.*, 897 F. Supp. 2d 939, 975 (N.D. Cal. 20212). No such evidence is present here, and Plaintiffs are "not entitled to independently assess the adequacy of [Google's] preservation." *Rg Abrams Ins. v. Law Offices of C.R. Abrams*, 2021 WL 10312431, at *12 (C.D. Cal. Dec. 22, 2021) (denying request for information surrounding litigation hold) (citation omitted).

**Topic 7: Legal Conclusions Regarding RTB Data**

As Plaintiffs concede, Topic 7 is virtually identical to Topic 6, which is undisputed. For Topic 6, Google will provide testimony regarding mechanisms and procedures by which Google seeks and obtains U.S. Google account holders' consent to share categories of alleged personal information allegedly shared with RTB bid request recipients.[8] This is all Plaintiffs claim they need.

The only difference between Topics 6 and 7 is that the latter reflects Plaintiffs' argumentative articulation of their theory that Google shares data "reasonably associated with or linked to a U.S. Google account holder." Such inquiries seeking "legal conclusions . . . should not form the basis for 30(b)(6) deposition topics," *3M Co. v. Kanbar*, 2007 WL 1794936, at *2 (N.D. Cal. June 19, 2007), as this Court recognized in rejecting Plaintiffs' last effort to depose Google about factual information's "legal significance." Dkt. 231 at 9.

**Deposition Timing**

Google respectfully requests that any Rule 30(b)(6) deposition occur after Google opposes Plaintiffs' class certification motion on September 29. Plaintiffs sat on their hands for more than a *year* since the Court resolved the Parties' disputes over the Prior Notice and Google offered deposition dates. Plaintiffs refused those dates and ignored the issue until serving a new notice on the eve of their class certification deadline.[9] Ordering a deposition within 30 days would reward Plaintiffs' delay and prejudice Google, forcing it to prepare corporate testimony on numerous complex topics while responding to Plaintiffs' class certification motion. And there is no urgency here. Plaintiffs represented in meet and confer that the corporate deposition is solely focused on

---

[8] The Court did not reject Google's consent defense. It merely held that Plaintiffs plausibly alleged they did not consent. Dkt. 233 at 12.

[9] The Court previously rejected Plaintiffs' earlier claim that they needed an immediate deposition. Dkt. 231 at 12-13.

merits issues. Regardless, Plaintiffs would have ample time to conduct the deposition before filing their class certification reply.[10]

### III.  NECESSITY OF A HEARING

#### A.  Plaintiffs' Position

Plaintiffs request a hearing at the Court's earliest opportunity to ensure that there is adequate time to schedule, prepare for, and conduct the deposition(s) before the close of fact discovery, and taking into account the existing merits and expert depositions and class certification briefing that the parties must also deal with.

#### B.  Google's Position

Google believes this matter is appropriate for resolution without a hearing.

### IV.  DISCOVERY CUT-OFFS

The Parties' deadline to substantially complete their production of documents in advance of class certification passed on July 11, 2022. The fact discovery cut-off is January 19, 2024, the close of expert discovery is April 12, 2024. *See* ECFs 530, 534. Plaintiffs filed their motion for class certification on July 14, 2023. ECF 546 [public version].

### V.  COMPLIANCE WITH MEET AND CONFER REQUIREMENT

The Parties met and conferred several times, and a final meet and confer took place on August 10, 2023 via Zoom. On plaintiffs' side, Elizabeth Pritzker and Jonathan Levine of Pritzker Levine LLP, attended. On Google's side, Whitty Somvichian and Anu Dhillon of Cooley LLP attended.

Dated: August 17, 2023                     **PRITZKER LEVINE LLP**

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (SBN 146267)
Jonathan K. Levine (SBN 220289)
Bethany Caracuzzo (SBN 190687)
Caroline Corbitt (SBN 305492)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110

---

[10] Plaintiffs' complaint that Google took several weeks to narrow disputed issues is meritless; the Parties conferred numerous times and resolved disputes regarding four Topics. There is no need for Plaintiffs' artificial deadlines, which would be impracticable in this complex action.

        ecp@pritzkerlevine.com
        jkl@pritzkerlevine.com
        bc@pritzkerlevine.com
        ccc@pritzkerlevine.com

*Interim Class Counsel*

**Counsel for Plaintiffs and the Proposed Class**

Dated: August 17, 2023

**COOLEY LLP**

By: */s/ Whitty Somvichian*
Michael G. Rhodes
Whitty Somvichian
Aarti Reddy
Reece Trevor
Anupam S. Dhillon
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Tel.: 415-693-2000
Fax: 415-693-2222
rhodesmg@cooley.com
wsomvichian@cooley.com
areddy@cooley.com
rtrevor@cooley.com
adhillon@cooley.com

Robby L.R. Saldaña
Khary J. Anderson
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Tel.: 202-776-2109
Fax: 202-842-7899
rsaldana@cooley.com
kjanderson@cooley.com

**Attorneys for Defendant GOOGLE LLC**

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

      I, Bethany Caracuzzo, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of August, 2023, at Emeryville, California.

                                                                   */s/ Bethany Caracuzzo*
                                                                   Bethany Caracuzzo