# EXHIBIT B

COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 776 2109
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions*, | Master File No. 4:21-cv-02155-YGR<br><br>**GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' AMENDED NOTICE OF DEPOSITION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' AMENDED NOTICE OF 30(b)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

Defendant Google LLC ("Google"), responds as follows ("Response") to Plaintiffs' Amended Notice of Deposition of Google Pursuant to Federal Rule of Civil Procedure 30(b)(6), served by electronic mail on June 13, 2023 (the "Notice"), specifying the topics on which Plaintiffs seek to depose Google (the "Topics").

**GENERAL OBJECTIONS**

Google makes the following general objections ("General Objections"), whether or not set forth in response to each Topic contained therein:

1. Google's objections set forth below are made to the best of Google's present knowledge, information, and belief. Google specifically reserves the right to supplement, modify, or amend its objections, or to present additional information at a later date.

2. Google objects to the Notice and all Topics contained therein to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the common interest or joint defense doctrine, or any other applicable privilege or ground for withholding documents or information. Google does not intend to provide such protected information. Any inadvertent disclosure of any privileged or protected information is not to be deemed a waiver of any applicable privilege or protection. Google expressly reserves the right to object to the introduction at trial or other use of any privileged or otherwise protected information that may be inadvertently disclosed.

3. Google also reserves the right to object to the use of its Response in any subsequent proceeding in or at the trial of this, or any other, action. Without limiting the generality of the foregoing, Google's Response shall not constitute an admission by Google that any question(s) posed at a deposition pursuant to the Notice, or the answers to the question(s) posed, are admissible as evidence in any trial or other proceeding.

4. By stating that Google will make a witness available to testify on a Topic, Google does not represent that information exists on such Topic, but rather that Google will make a reasonable attempt to ascertain whether information concerning the Topic does, in fact, exist, and that it will prepare a witness to testify on that Topic to the extent reasonably practicable, based on a reasonable investigation under the circumstances. Google has no obligation to create new

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2   GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' AMENDED NOTICE OF 30(b)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

documents, information, or analysis in response to this Notice. Nor does Google have an obligation to obtain information from sources beyond its control that are equally accessible to Plaintiffs.

5. Google objects to the Notice and all Topics and requirements contained therein to the extent they improperly attempt to expand, alter, or modify the scope of permissible discovery under, or impose a duty or obligation that is inconsistent with or not authorized by the Federal Rules of Civil Procedure ("Federal Rules"), the Local Rules of the U.S. District Court for the Northern District of California (the "Local Rules"), the Guidelines for Professional Conduct of the U.S. District Court for the Northern District of California (the "Guidelines for Professional Conduct"), the various substantive and discovery-related orders issued by Judge DeMarchi in this action ("the Action"), or any other applicable law (collectively, the "Applicable Law"). In responding to this Notice, Google shall comply with the Applicable Law rather than any of Plaintiffs' Topics or requirements that purport to broaden the Applicable Law.

6. Google objects to the Notice and all Topics contained therein to the extent they seek information not currently in Google's possession, custody, or control, or refer to persons, entities, or events not known to Google, on the grounds that such demands seek to require more of Google than any obligation imposed by Applicable Law, would subject Google to unreasonable and undue annoyance, oppression, burden, and expense, and would seek to impose upon Google an obligation to investigate or discover information or materials from third parties or sources equally accessible to the Plaintiffs.

7. Google objects to the Notice and all Topics contained therein as overbroad and unduly burdensome to the extent they seek information that is within the Plaintiffs' possession, custody, or control, or is equally accessible to the Plaintiffs.

8. Google objects to the Notice and all Topics contained therein as vague, ambiguous, unintelligible, and overbroad to the extent they fail to describe with reasonable particularity the matters on which examination is requested, as required by Rule 30(b)(6) (providing that the noticing party "must describe with reasonable particularity the matters for examination"). Fed. R. Civ. P. 30(b)(6).

9. Google additionally objects to various statements in the Notice that purport to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' AMENDED NOTICE OF 30(b)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

impose obligations on Google that either contradict or are broader than the Applicable Law. In particular, Google objects to statements in the Notice regarding Google's purported obligation to: (1) designate "persons most knowledgeable or qualified to testify on its behalf"; and (2) identify Google's designee(s) in advance of the deposition. In responding to this Notice, Google shall comply with the Applicable Law.

10. Google additionally objects to Plaintiffs' purported reservation of rights to "notice and conduct additional Rule 30(b)(6) depositions of Defendant on separate, non-duplicative topics." Applicable Law provides that Plaintiffs are not presumptively permitted to serve successive Rule 30(b)(6) deposition notices, and Google understands that the Notice shall serve as the sole and final Rule 30(b)(6) deposition notice in this Action. *See, e.g., Friedman v. 24 Hour Fitness USA, Inc.*, No. CV 06-6282-AHM (CTX), 2008 WL 11338168, at *2 (C.D. Cal. Nov. 14, 2008) ("a second deposition notice to corporation is like a second notice to any other person and there is nothing in the federal discovery rules that mandates otherwise. Accordingly, as a number of courts have held, a second deposition of a corporation requires leave of court before it may go forward."); *Groupion, LLC v. Groupon, Inc.*, No. 11-0870 MEJ, 2012 WL 359699, at *5 (N.D. Cal. Feb. 2, 2012) (same). Google currently intends to, and reserves all rights to, refuse to produce a witness in response to any further Rule 30(b)(6) notice.

11. Google further objects to the Notice's unilateral requirement that the deposition of a Google witness or witnesses under Rule 30(b)(6) be conducted at the law offices of Plaintiffs' counsel located in the Northern District of California in violation of local guidelines. *See* Guidelines for Professional Conduct, R. 9 (instructing counsel to "be cooperative in noticing depositions at mutually agreeable times and locations and shall accommodate the schedules and geographic limitations of opposing counsel and the deponent where it is possible to do so . . .").

12. Google objects to Plaintiffs' failure to set forth the specific definitional instructions that apply to the Notice, as Plaintiff's failure to do so renders the Topics vague, ambiguous.

13. Google objects to Plaintiffs' definition of the "Relevant Time Period" within the Notice as vague and ambiguous as to its use of the word "present." Unless otherwise specified or agreed upon by the Parties, Google construes the Relevant Time Period for its Response to be June

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' AMENDED NOTICE OF 30(b)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

28, 2016 through June 13, 2023, the date of service of the Notice.

**RESPONSES AND SPECIFIC OBJECTIONS**

Without waiving or limiting in any manner any of the foregoing General Objections, but rather incorporating them into each of the following responses to the extent applicable, Google responds to the specific Topics in the Notice as follows:

**TOPIC NO. 1:**

The policies, procedures and mechanisms through which individuals residing in the United States create a personal Google account.

**RESPONSE TO TOPIC NO. 1:**

In addition to the foregoing General Objections, which are incorporated by reference herein, Google objects to this Topic as vague and ambiguous as to its use of the undefined terms and phrases "policies," "procedures," and "mechanisms," and "residing." Google further objects that the Topic is not relevant or proportional to the needs of the case insofar as the Topic is not limited to the operational aspects of RTB that are relevant to the allegations in this case—*i.e.*, the dissemination of personal or sensitive information to third-party RTB bid request recipients as alleged in the Complaint. Google objects to this Topic to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege. Google further objects that a deposition is not an appropriate form of discovery for this Topic, namely because the Topic seeks testimony regarding various policies shown to individuals creating a new Google account, which would be more conveniently and efficiently obtained through other discovery mechanisms.

Subject to and without waiving any of the foregoing General or Specific objections, Google is willing to meet and confer with Plaintiffs regarding this Topic.

**TOPIC NO. 2:**

The Google Terms of Service and Privacy Policies (including incorporated or hyperlinked documents) applicable in the United States and the accounts to which they apply.[]

///

///

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' AMENDED NOTICE OF 30(b)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

**RESPONSE TO TOPIC NO. 2:**

In addition to the foregoing General Objections, which are incorporated by reference herein, Google objects to this Topic because it fails to identify specific statements and thereby provide Google with "fair notice about what information" is sought by this Topic, in violation of Judge DeMarchi's prior ruling regarding Plaintiffs' 30(b)(6) notice. *See In Re Google RTB Consumer Privacy Litigation*, Dkt. 231 at 10 (N.D. Cal. June 8, 2022) ("Dkt. 231" or "30(b)(6) Order"). Google further objects that the Topic is not relevant or proportional to the needs of the case insofar as the Topic is not limited statements regarding "the disclosure of account holder information to third-party RTB participants or the use of such information to target account holders for advertising through the RTB process," in violation of Judge DeMarchi's 30(b)(6) Order. *See id.* Google objects to this Topic to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege. Google additionally objects to this Topic a vague, ambiguous, and overbroad, including because it seeks testimony regarding unspecified "incorporated" and "hyperlinked" documents. Google further objects to this Topic to the extent it seeks "to obtain Google's legal contentions or legal conclusions," which would violate Judge DeMarchi's 30(b)(6) Order. *See id.* Google objects to this Topic as vague and ambiguous as to its use of the undefined terms and phrases "Privacy Policies," "incorporated," "applicable in the United States," and "the accounts to which they apply." Google also objects to this Topic because it is improperly compound in that it includes multiple discrete and unrelated subparts. Google further objects to this Topic in that it calls for a legal conclusion as to which documents are "incorporated" within the referenced policies.

On the basis of its General and Specific Objections, Google will not prepare a witness to testify on this Topic.

**TOPIC NO. 3:**

The number of personal Google accounts in the United States active during the Relevant Time Period, and the methodology by which that number is determined or calculated. For purposes of this topic, "active" means signed into or used for a period of ninety (90) or more days at any time during the Relevant Time Period.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' AMENDED NOTICE OF 30(b)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

**RESPONSE TO TOPIC NO. 3:**

In addition to the foregoing General Objections, which are incorporated by reference herein, Google objects that this Topic seeks irrelevant information, is overly broad, unduly burdensome, and is not proportional to the needs of the case because it requests information that is wholly irrelevant to Plaintiffs' central allegations regarding the alleged sharing of personal information to third parties via RTB bid requests. Google additionally objects that this Topic to the extent it seeks information that Google does not maintain in the ordinary course of business. Google additionally objects that, to the extent this Topic seeks how certain information is "determined or calculated," such information is impermissible discovery on discovery *See, e.g.*, *Jensen v. BMW of N. Am.*, 328 F.R.D. 557, 566 (S.D. Cal. 2019) ("[R]equests for such 'meta-discovery' should be closely scrutinized in light of the danger of extending the already costly and time-consuming discovery process ad infinitum." (citation omitted)); *MedImpact Healthcare Sys., Inc. v. IQVIA Inc.*, 2022 WL 1694428, at *3 (S.D. Cal. May 26, 2022) ("A party seeking discovery on discovery must show a specific deficiency in the other party's production."). Google further objects to this Topic as vague and ambiguous as to its use of the undefined terms and phrases "Google accounts in the United States," "the methodology by which that number is determined or calculated," and "signed into or used for a period of ninety (90) days at any time." Google further objects to this Topic as vague, ambiguous, and unintelligible in that Google cannot determine the intended meaning of "signed into or used for a period of ninety (90) or more days at any time." Google also objects that this Topic is cumulative, unduly burdensome, and harassing in that it seeks information is duplicative of substantively identical discovery requests that Magistrate Judge DeMarchi has already ruled to be improper. *See In Re Google RTB Consumer Privacy Litigation*, Dkt. 326 at 8–9 (N.D. Cal. Sep. 6, 2022). Google further objects that a deposition is not an appropriate form of discovery for this Topic, namely because the Topic seeks testimony regarding a single number, which would be more conveniently and efficiently obtained through written discovery, to the extent it is discoverable.

Subject to and without waiving any of the foregoing General or Specific objections, Google is willing to meet and confer with Plaintiffs regarding this Topic.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' AMENDED NOTICE OF 30(b)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

**TOPIC NO. 4:**

How Google logs, maps, associates or links to personal Google accounts any of the following information transmitted in connection with Google's Real-Time Bidding ("Google RTB") auction system:

(a) Identifiers (such as Google User ID, device IDs [IDFA/ADID for mobile devices], cookies, PPID, hosted match data, IP address, email address, phone number, user name);

(b) Activity information (such as webpage, URL, App, verticals, user lists);

(c) Location information (such as country, postal code, hyperlocal [longitude and latitude information])

(d) Device information (such as user agent, screen size, orientation, pixel density, operating system version);

(e) Controls information (such as non-personalized ads limitations, limited ad tracking, user data treatment, publisher settings)[.]

**RESPONSE TO TOPIC NO. 4:**

In addition to the foregoing General Objections, which are incorporated by reference herein, Google objects that the Topic is not relevant or proportional to the needs of the case insofar as the Topic is not limited to "the disclosure of account holder information to third-party RTB participants or the use of such information to target account holders for advertising through the RTB process," in violation of Judge DeMarchi's 30(b)(6) Order. Dkt. 231 at 7. Google further objects that this Topic seeks testimony regarding matters that Judge DeMarchi has already ruled are outside the scope of discovery in this Action, including "creation," "maintenance," and "collect[ion]" of data related to RTB. *Id.* at 7–8. Google also objects to this Topic because it is improperly compound in that it includes multiple discrete and unrelated subparts. Google further objects to this Topic as vague and ambiguous as to its use of the undefined terms and phrases "logs, maps, or associates," "transmitted in connection with," "identifiers," "activity information," "location information," "device information," and "controls information." Google further objects that this Topic uses non-exhaustive examples to define its undefined terms, including the use of "such as," and thus this

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' AMENDED NOTICE OF 30(b)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

Topic does not "describe with reasonable particularity the matters for examination" as required by Rule 30(b)(6).  *See* Fed. R. Civ. Proc. 30(b)(6).  Google additionally objects to this Topic to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege.

Subject to and without waiving any of the foregoing General or Specific objections, Google responds as follows:   For any information referenced in this Topic that is shared with third-party RTB participants in bid requests (or allows third-party RTB participants to target advertising in RTB), Google is willing to prepare a witness to testify on whether and how such information is linked by Google to Google account holders.

**TOPIC NO. 5:**

The databases, data systems or data logs that contain or reflect how Google logs, maps, associations or links to personal Google accounts, any of the information called for in Topic 4, and the standard preservation or retention period(s) associated with such databases, data systems or data logs.

**RESPONSE TO TOPIC NO. 5:**

In addition to the foregoing General Objections, which are incorporated by reference herein, Google objects that the Topic is not relevant or proportional to the needs of the case insofar as the Topic is not limited to "the disclosure of account holder information to third-party RTB participants or the use of such information to target account holders for advertising through the RTB process," in violation of Judge DeMarchi's 30(b)(6) Order. Dkt. 231 at 7.  Google further objects that this Topic seeks testimony regarding matters that Judge DeMarchi has already ruled are outside the scope of discovery in this Action, including "creation," "maintenance," and "collect[ion]" of data related to RTB. *Id.* at 7–8.  Google further objects to this Topic as vague and ambiguous as to its use of the undefined terms and phrases "databases, data systems or data logs," "contain or reflect," logs, maps, associations or links," and "standard preservation or retention period(s) associated with."  Google additionally objects that this Topic is vague, ambiguous, and nonsensical as to its use of the term "associations."  Google also objects to this Topic because it is improperly compound in that it includes multiple discrete and unrelated subparts.  Google further objects to this Topic to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' AMENDED NOTICE OF 30(b)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

the extent it seeks "the standard preservation period(s) associated with such databases, data systems or data logs" as seeking impermissible discovery on discovery. *See, e.g.*, *Jensen*, 328 F.R.D. at 566; *MedImpact Healthcare*, 2022 WL 1694428, at *3. Google additionally objects to this Topic in that it incorporates vague, undefined categories of information set forth in Google's response to Topic No. 4; for the same reasons set forth in response to Topic 4, this Topic also does not "describe with reasonable particularity the matters for examination" as required by Rule 30(b)(6). *See* Fed. R. Civ. Proc. 30(b)(6).

Subject to and without waiving any of the foregoing General or Specific objections, Google is willing to meet and confer with Plaintiffs regarding this Topic.

**TOPIC NO. 6:**

The mechanisms and procedures, if any, by which Google seeks or obtains U.S. Google account holders' consent to share with or sell to third-parties outside of Google, in Google RTB, any of the information described in Topic 4, and the databases, data systems or records, if any, reflecting such account holders' consent.

**RESPONSE TO TOPIC NO. 6:**

In addition to the foregoing General Objections, which are incorporated by reference herein, Google objects to this Topic to the extent it seeks "to obtain Google's legal contentions or legal conclusions," which violates Judge DeMarchi's 30(b)6) Order. Dkt. 231 at 10; *see also, e.g.*, *Lenz v. Universal Music Grp.*, 2010 WL 1610074, at *3 (N.D. Cal. Apr. 20, 2010) (holding that testimony "form[ing] the basis of defendant's belief regarding infringement and fair use" was an "improper topic for a Rule 30(b)(6) deposition"). Google additionally objects to this Topic to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege. Google further objects that this Topic seeks testimony regarding matters that Judge DeMarchi has already ruled are outside the scope of discovery in this Action, including "creation," "maintenance," and "collect[ion]" of data related to RTB. *Id.* at 7–8. Google further objects to this Topic as vague and ambiguous as to its use of the undefined terms and phrases "mechanisms and procedures," "seeks or obtains," and "databases, data systems or records." Google also objects to this Topic because it is improperly

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' AMENDED NOTICE OF 30(b)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

compound in that it includes multiple discrete and unrelated subparts. Google additionally objects to this Topic in that it incorporates vague, undefined categories of information set forth in Topic No. 4; for the same reasons set forth in Google's response to Topic 4, this Topic also does not "describe with reasonable particularity the matters for examination" as required by Rule 30(b)(6). *See* Fed. R. Civ. Proc. 30(b)(6).

Subject to and without waiving any of the foregoing General or Specific objections, Google will make a witness available to testify as to the mechanisms and procedures by which Google seeks or obtains U.S. Google account holders' consent to share the categories of personal information allegedly shared with third party bid request recipients via RTB as alleged in the Complaint, if any.

**TOPIC NO. 7:**

The mechanisms and procedures, if any, by which Google seeks or obtains U.S. Google account holders' consent to share with or sell to third-parties outside of Google, information reasonably associated with or linked to a U.S. Google account holder in Google RTB, and the databases, data systems or records, if any, reflecting such account holders' consent.

**RESPONSE TO TOPIC NO. 7:**

In addition to the foregoing General Objections, which are incorporated by reference herein, Google objects to this Topic to the extent it seeks "to obtain Google's legal contentions or legal conclusions," which violates Judge DeMarchi's 30(b)(6) Order. Dkt. 231 at 10; *see also, e.g.*, *Lenz*, 2010 WL 1610074, at *3. Google additionally objects to this Topic to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege. Google further objects that this Topic seeks testimony regarding matters that Judge DeMarchi has already ruled are outside the scope of discovery in this Action, including "creation," "maintenance," and "collect[ion]" of data related to RTB. Dkt. 231 at 7–8. Google further objects to this Topic as vague and ambiguous as to its use of the undefined terms and phrases "mechanisms and procedures," "seeks or obtains," "information reasonably associated with or linked," and "databases, data systems or records." Google also

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' AMENDED NOTICE OF 30(b)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

objects to this Topic because it is improperly compound in that it includes multiple discrete and unrelated subparts.

Subject to and without waiving any of the foregoing General or Specific objections, Google is willing to meet and confer with Plaintiffs regarding this Topic.

**TOPIC NO. 8:**

The policies and practices governing Google employees' creation, use, maintenance and retention of internal Google emails, Google chats, internal and external presentations, internal memos, and other documents created in the course of employment at Google.

**RESPONSE TO TOPIC NO. 8:**

In addition to the foregoing General Objections, which are incorporated by reference herein, Google objects to this Topic as overbroad and seeking information that is not relevant or proportional to the needs of the case insofar as it seeks testimony regarding Google's general preservation and retention practices. *See, e.g.*, *Jensen*, 328 F.R.D. at 566; *MedImpact Healthcare*, 2022 WL 1694428, at *3. Google objects that this Topic seeks irrelevant information, is overly broad, unduly burdensome, and is not proportional to the needs of the case because it requests information that is wholly irrelevant to Plaintiffs' central allegations regarding the alleged sharing of personal information to third parties via RTB bid requests. Google additionally objects to this Topic to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege. Google further objects to this Topic's use of overbroad, vague, and ambiguous phrases, such as "other documents created in the course of employment at Google," and thus this Topic does not "describe with reasonable particularity the matters for examination" as required by Rule 30(b)(6). *See* Fed. R. Civ. Proc. 30(b)(6). Google also objects to this Topic because it is improperly compound in that it includes multiple discrete and unrelated subparts.

On the basis of its General and Specific Objections, Google will not prepare a witness to testify on this Topic.

///

///

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' AMENDED NOTICE OF 30(b)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

**TOPIC NO. 9**:

Google's litigation holds and preservation of data, records and information relevant or responsive to claims, defenses or issues in this action, including:

(a) The date(s) Google issued any litigation hold(s) in connection with this action;

(b) The scope of the litigation hold(s);

(c) The extent to which any litigation hold(s) issued by Google in connection with this action applied to only named plaintiffs or the entire proposed class;

(d) Whether litigation holds issued by Google in connection with other matters or investigations require Google to preserve information and data relevant or responsive to claims, defenses, or issues in this action and, if so, the time period of such preservation/retention;

(e) The identify of all log(s) or data source(s) capable of associating or linking information transmitted in Google RTB bid requests with personal Google accounts, and the length of time such log(s) or data source(s) have been preserved, whether as part of a routine preservation or retention directive, or as part of litigation holds issued by Google in this action or in other matters or investigations;

(f) The identity of all log(s) or data source(s) from which the 'verticals' data fields Google shared with RTB participants can be produced, and the length of time such log(s) or data source(s) have been preserved, whether as part of a routine preservation or retention directive, or as part of litigation holds issued by Google in this action or in other matters or investigations.

**RESPONSE TO TOPIC NO. 9:**

In addition to the foregoing General Objections, which are incorporated by reference herein, Google objects to this Topic as overbroad and seeking information that is not relevant or proportional to the needs of the case insofar as it seeks testimony regarding Google's general preservation and retention practices. *See, e.g.*, *Jensen*, 328 F.R.D. at 566; *MedImpact Healthcare*, 2022 WL 1694428, at *3. Google additionally objects that this Topic is overbroad and seeks information that is not relevant or proportional to the needs of the case, including because it seeks

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' AMENDED NOTICE OF 30(b)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

discovery as to other litigation matters and investigations. Google further objects that the Topic is not relevant or proportional to the needs of the case insofar as the Topic is not limited to "the disclosure of account holder information to third-party RTB participants or the use of such information to target account holders for advertising through the RTB process," in violation of Judge DeMarchi's 30(b)(6) Order. Dkt. 231 at 7. Google also objects that this Topic seeks testimony regarding matters that Judge DeMarchi has already ruled are outside the scope of discovery in this Action, including "creation," "maintenance," and "collect[ion]" of data related to RTB. *Id.* at 7–8. Google additionally objects to this Topic in that it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege. Google further objects to this Topic as vague and ambiguous as to its use of the undefined terms and phrases "data, records and information relevant or responsive to claims, defenses, or issues in this action," "scope of the litigation hold(s)," "in connection with other matters," "log(s) or data source(s) capable of associating or linking information," "routine preservation or retention directive," and "'verticals' data." Google also objects to this Topic because it is improperly compound and includes multiple discrete and unrelated subparts. Google additionally objects to this Topic in that it calls for attorney work product and for legal conclusions as to what constitutes "relevant" and "responsive" data. Google additionally objects that, to the extent any of the information referenced in this Topic is discoverable at all, a deposition is not an appropriate form of discovery for this Topic, namely because the Topic seeks testimony as to detailed factual information which would be more conveniently and efficiently obtained through other discovery mechanisms.

Subject to and without waiving any of the foregoing General or Specific objections, Google is willing to meet and confer with Plaintiffs regarding this Topic.

Dated: July 21, 2023                                        COOLEY LLP

By: */s/ Whitty Somvichian*
Whitty Somvichian

Attorneys for Defendant
GOOGLE LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14   GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' AMENDED NOTICE OF 30(b)(6) DEPOSITION
CASE NO. 4:21-CV-02155-YGR

**PROOF OF SERVICE**

I, Iris Wong, am a citizen of the United States and a resident of the State of California. I am employed in San Francisco County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 3 Embarcadero Center, 20th Floor, San Francisco, California 94111-4004. On the date set forth below I served the documents described below in the manner described below:

- GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' AMENDED NOTICE OF DEPOSITION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

☐ (BY U.S. MAIL) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Francisco, California.

☐ (BY MESSENGER SERVICE) by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

☐ (BY FACSIMILE) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐ (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by for overnight delivery.

☒ (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

| **BLEICHMAR FONTI & AULD LLP** | **SIMMONS HANLY CONROY LLC** |
|---|---|
| Lesley Weaver<br>Anne Davis<br>Joshua D. Samra<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel: (415) 445-4003<br>Fax: (415) 445-4020<br>Email: lweaver@bfalaw.com | Jason "Jay" Barnes (admitted *pro hac vice*)<br>An Truong (admitted *pro hac vice*)<br>112 Madison Avenue, 7th floor<br>New York, NY 10016<br>Tel: (212) 784-6400<br>Fax: (212) 213-5949<br><br>Email: jaybarnes@simmonsfirm.com<br>atruong@simmonsfirm.com |

| | |
|---|---|
| adavis@bfalaw.com<br>jsamara@bfalaw.com<br><br>***Attorneys for Consolidated Plaintiffs*** | ***Attorneys for Consolidated Plaintiffs*** |
| **PRITZKER LEVINE LLP**<br>Elizabeth C. Pritzker<br>Jonathan Levine<br>Bethany Caracuzzo<br>1900 Powell Street, Suite 450<br>Emeryville, CA 94608<br>Tel: (415) 692-0772<br>Fax: (415) 366-6110<br>Email: ecp@pritzkerlevine.com<br>jkl@pritzkerlevine.com<br>bc@pritzkerlevine.com<br><br>***Attorneys for Consolidated Plaintiffs*** | **DICELLO LEVITT GUTZLER LLC**<br>David A. Straite<br>(*admitted pro hac vice*)<br>One Grand Central Plaza<br>60 E. 42nd Street, Suite 2400<br>New York, NY 10165<br>Tel: (646) 993-1000<br>Email: dstraite@dicellolevitt.com<br>Julwick@dicellolevitt.com<br><br>***Attorneys for Consolidated Plaintiffs*** |
| **COTCHETT PITRE & McCARTHY**<br>Joe Cotchett<br>Nanci Nishimura<br>Brian Danitz<br>Karin B. Swope<br>Andrew F. Kirtley<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>Tel: 650-697-6000<br>Fax: 650-597-0577<br>Email: POmalley@cpmlegal.com<br>nnishimura@cpmlegal.com<br>BDanitz@cpmlegal.com<br>KSwope@cpmlegal.com<br>AKirtley@cpmlegal.com<br><br>***Attorneys for Consolidated Plaintiffs*** | **BOTTINI & BOTTINI, INC.**<br>Francis A. Bottini, Jr.<br>Yury A. Kolesnikov<br>7817 Ivanhoe Avenue, Suite 102<br>La Jolla, CA 92037<br>Tel: (858) 914-2001<br>Fax: (858) 914-2002<br>Email: fbottini@bottinilaw.com<br>ykolesnikov@bottinilaw.com<br><br>***Attorneys for Consolidated Plaintiffs*** |

Executed on July 21, 2023 in San Francisco, California.

*/s/ Iris Wong*
Iris Wong

288512410