Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
Caroline Corbitt (Cal. Bar No. 305492)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*
*ccc@pritzkerlevine.com*

*Interim Class Counsel*

*[Additional Counsel Appear on Signature Page]*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| *In re Google RTB Consumer Privacy Litigation*,<br><br>This document applies to: *all actions*. | Case No. 4:21-cv-02155-YGR-VKD<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE MAY 16, 2023 HEARING TRANSCRIPT** |

Three months after the May 16, 2023 hearing regarding account identifiers and the production of the Named Plaintiffs' data, Google moves to seal portions of the publicly available transcript. ECF No. 561. Google cannot show good cause to seal the material where, as here, the information is already publicly available through other sources and where, as here, it fails to articulate the harm from continued disclosure of this information. Because the hearing transcript has already been made publicly available due to Google's delay, Google also waived arguments in favor of sealing. Google's motion is further improper under both the Court's prior order and General Order No. 59, which require any motion to seal a hearing transcript be brought well before the information is made public.

The Court should deny Google's Motion to Seal.

**I.    Background**

On May 9, 2023, the Court set a hearing for the parties' joint discovery letter brief regarding account identifiers and the production of the Named Plaintiffs' data. ECF No. 505. Google did not move to seal the Courtroom in advance of this hearing.

The hearing was held on May 16, 2023 and was open to the public. During the hearing, the Court noted that any discussion regarding something that's confidential could be dealt with at the "transcript level." May 16, 2023 Hearing Tr. at 6:15-19, ECF No. 561-2. Google agreed to this procedure. *Id.* at 6:25-7:1.

On May 17, 2023, the Court issued the "Transcript of Proceedings," noting that the "[p]er General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER." ECF No. 512. The Court further ordered that "[a]ny Notice of Intent to Request Redaction, if required, is due no later than 5 business days from the date of this filing," *i.e.*, by no later than May 24, 2023, and that any redaction request be made by June 7, 2023. ECF No. 512.

That same day, Google ordered a copy of the transcript for next day delivery. ECF No. 513. Google did not however, file a notice of redaction request or make any redaction request.

1   On August 14, 2023, Google moved to seal portions of the transcript. On or around the next
2   day, the Court made the transcript generally available via PACER.

**II.  Legal Standard**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id.* at 1178-80 (citation omitted). For records regarding motions that are "not related, or only tangentially related, to the merits of a case," such as discovery hearing transcripts, the party seeking to seal court records must show "good cause" to overcome the "strong presumption in favor of access" to judicial records and documents. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016).

Moreover, in this district, in addition to meeting the applicable standard under *Kamakana*, a party requesting sealing "must also comply with Civil Local Rule 79–5, including that rule's requirement that the request must establish that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law (*i.e.*, is sealable)." *Open Text. S.A., v. Box, Inc.*, No. 13-cv-04910-JD, 2014 WL 7368594, at *2 (N.D. Cal. Dec. 26, 2014) (quotations and citations omitted). The sealing request must also be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c)(3).

**III.  Argument**

**a.  Google Has Not Established Good Cause to Seal the Information**

Google's motion should be denied because it has not demonstrated "good cause" sufficient to overcome the presumption in favor of access to judicial records and documents. *In re PersonalWeb Techs., LLC et al. Pat. Litig.*, No. 18-cv-00767-BLF-SVK, 2023 WL 3468296, at *1 (N.D. Cal. Apr. 13, 2023). "There is no reason to seal" the information Google seeks to seal here because it has already been made public. *Ramirez v. Trans Union, LLC*, No. 12-cv-00632-JSC, 2014 WL 1677815, at *3 (N.D. Cal. Apr. 28, 2014) (denying motion to seal where most of the material sought to be sealed was in the public record); *Optimize Tech. Sols., LLC. v. Staples, Inc.*,

No. 14-mc-80095-LHK-HRL, 2014 WL 1477651, at *4 (N.D. Cal. Apr. 14, 2014) (same). The names and descriptions of certain identifiers that Google seeks to seal are publicly defined by Google on its developer webpages.[1] These identifiers are also described in publicly available court records in this action and related actions. *E.g.*, Ex. A to Google's Admin. Mot. to File Under Seal Apr. 21, 2022 Hearing Tr. at 49:15-17, 70:21-24, *In re Google RTB Consumer Privacy Litig.*, No. 4:21-cv-02155 (N.D. Cal.), ECF No. 362-2; Oct. 24, 2022 Hearing Tr. at 98:20-22, 234:22-235:14, 240:3-19, *Calhoun, et al., v. Google LLC*, No. 4:20-cv-05146 (N.D. Cal.), ECF No. 911; Discovery Order at 3, *Rodriguez, et al., v. Google LLC*, No. 3:20-cv-04688 (N.D. Cal.), ECF No. 208. Notably, Google has not sought to seal the names or descriptions of these identifiers from other court records, even where it has sought to seal other information from the same record. *See* ECF No. 362-2; Ex. A to Admin. Mot. to File Under Seal Apr. 21, 2022 Hearing Tr. at 17:24-18:5, 42:16-19, 155:14-19, 182:9-183:5, *Brown, et al. v. Google*, No. 4:20-cv-03664 (N.D. Cal.), ECF No. 616-3. Google would not suffer undue harm if portions of the May 16 hearing transcript relating to these identifiers remain unsealed since this information is already publicly available.

Google's reliance on the Court's prior orders regarding sealing is misplaced since it ignores the fact that the information is otherwise publicly available through Court records and Google's developer webpages. ECF No. 561 at 4. And while Plaintiffs did not oppose sealing this same information from the Court's order following the May 16 hearing (ECF No. 517) for efficiency and to preserve judicial resources of the Court, they believe information should not be sealed here, where it is otherwise publicly available.

Moreover, Google's motion and declaration fail to show how it will be harmed if the information remains publicly available. Google argues that public disclosure of this information may affect Google's competitive standing, may increase the risk of cybersecurity threats, or may reveal Google's internal strategies, system designs, and business practices and cause it competitive harm. ECF No. 561-1 at ¶¶3, 6. Courts in this district, and in this Circuit, routinely deny motions

---

[1] *E.g.*, *Access Control*, Google, https://developers.google.com/issue-tracker/concepts/access-control (last accessed Aug. 17, 2023); *Cloud Connect*, Google, https://www.google.com/support/enterprise/static/gsa/docs/admin/70/admin_console_help/cloud_google_apps.html (last accessed Aug. 17, 2023).

1  to seal based on such boilerplate justifications. *See, e.g.*, *Cypress Semiconductor Corp. v. Fujitsu Semiconductor Ltd.*, No. 20-cv-00193-LHK, 2020 WL 11567020, at *2 (N.D. Cal. Feb. 26, 2020) (denying plaintiff's motions to seal for failure to narrowly tailor its requests and justify them under Ninth Circuit case law); *Hodges v. Apple, Inc.*, No. 13-cv-01128-WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013) (citation omitted) ("An unsupported assertion of 'unfair advantage' to competitors without explaining 'how a competitor would use th[e] information to obtain an unfair advantage' is insufficient."). Google also does not describe how the disclosure of information, which is already publicly available, poses a cybersecurity or competitive harm risk to Google. Nor has Google put forth any evidence that it suffered any actual harm as a result of this information already being made public. *See Alphonso Inc. v. Tremor Video, Inc.*, No. 22-cv-03629-NC, 2022 WL 4596613, at *1 (N.D. Cal. Aug. 1, 2022) (noting that the moving party did not provide any "references to actual harm that resulted from the four-week delay in sealing").

In short, Google has not established good cause to seal this material.

### b. Google Waived Any Argument that the Material Should be Sealed

In addition, Google waived any argument that the hearing should be sealed because the material has been publicly available for several months due to Google's own delay. *See Roy v. FedEx Ground Package Sys., Inc.*, No. 3:17-cv-30116-KAR, 2023 WL 4186291, at *3 (D. Mass. June 26, 2023) (finding party waived right to seal material publicly available for four months); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-cv-8188 (JMF), 2019 WL 3034866, at *2 (S.D.N.Y. July 11, 2019) (collecting cases). As stated, the transcript has been available "at the Clerk's Office public terminal" and via purchase from the Court Reporter from May 17 to present. The transcript was also made available to the general public on or around August 15 via PACER. By waiting to bring its motion to seal for nearly three months after this information was first made publicly available, Google waived any argument that the material is sealable.

### c. Google's Motion is Procedurally Improper and Untimely

Google's motion should further be denied as procedurally improper because it was filed nearly three months after the Court-ordered deadline. *Applied Materials, Inc. v. Demaray LLC*, No. 5:20-cv-09341-EJD, 2023 WL 4409106, at *4 (N.D. Cal. July 7, 2023) (denying plaintiff's request

1  to seal a hearing transcript where it was brough 22 days after the deadline to provide notice of any
2  redaction requests). The day after the May 16 hearing, the Court filed the transcript and ordered
3  notice of any redaction request be filed within five business days, *i.e.*, by no later than May 24,
4  2023. ECF No. 512. Google did not file any such notice by this date and instead, waited until August
5  14, 2023 to move to seal this transcript. Google's motion is thus, barred by the Court's prior order.

      Google's motion also violates General Order No. 59. Under this Order, where a party seeks to redact information other than personal identifiers "from the transcript, that party must move the Court for further redaction by noticed motion" and "*[t]he transcript will not be electronically available to the general public until the Court has ruled on any such motion*." General Order No. 59 Electronic Availability of Transcripts of Court Proceedings at ¶4 (emphasis added). However, because of Google's delay in moving to seal, the Court made the transcript publicly available via PACER on or around August 15, 2023. General Order No. 59 at ¶2 (stating that any transcript will be restricted for the first 90 days after it is electronically filed).[2] Google's delay prevented the Court from ruling on its motion before the information was made public.

      Google had no reasonable basis for this delay. The Court notified it at the hearing that redactions would be dealt with at the "transcript level" (ECF No. 561-2 at 6:15-19) and Google possessed a copy of the hearing transcript (ECF No. 513). Google is also familiar with this process, as it has filed Notices of Intent to Request Redaction in other matters. *E.g.*, Notices, *In re Google Inc. Gmail Litig.*, No. 5:13-md-02430-LHK-PSG (N.D. Cal.), ECF Nos. 152, 154.

      The Court should thus, deny Google's request as procedurally improper under its prior order and General Order No. 59.

**IV. Conclusion**

      For all of the foregoing reasons, Plaintiffs respectfully request an order denying Google's Administrative Motion to Seal Portions of the May 16, 2023 Hearing Transcript.

---

[2] *See also* Transcripts, https://www.cand.uscourts.gov/about/clerks-office/transcripts-court-reporters/ (last visited August 17, 2023) ("After 90 days, any party may download the certified transcript from CM/ECF for no transcript fee, except the per-page PACER fee.").

| | | |
|---|---|---|
| 1 | DATED: August 18, 2023 | Respectfully submitted, |
| 2 | | **PRITZKER LEVINE LLP** |
| 3 | | By: */s/ Elizabeth C. Pritzker* |
| 4 | | Elizabeth C. Pritzker (Cal. Bar No.146267) |
| | | Jonathan K. Levine (Cal. Bar No. 220289) |
| 5 | | Bethany Caracuzzo (Cal. Bar No. 190687) |
| 6 | | Caroline Corbitt (Cal. Bar No. 305492) |
| | | 1900 Powell Street, Ste. 450 |
| 7 | | Emeryville, CA 94608 |
| | | Tel.: (415) 692-0772 |
| 8 | | Fax: (415) 366-6110 |
| | | *ecp@pritzkerlevine.com* |
| 9 | | *jkl@pritzkerlevine.com* |
| 10 | | *bc@pritzkerlevine.com* |
| | | *ccc@pritzkerlevine.com* |
| 11 | | *Interim Class Counsel* |
| 12 | | **BLEICHMAR FONTI & AULD LLP** |
| 13 | | |
| 14 | | By: */s/ Joshua D. Samra* |
| | | Lesley Weaver (SBN 191305) |
| 15 | | Anne K. Davis (SBN 267909) |
| | | Joshua D. Samra (SBN 313050) |
| 16 | | 1330 Broadway, Suite 630 |
| 17 | | Oakland, California 94612 |
| | | Tel.: (415) 445-4003 |
| 18 | | Fax: (415) 445-4020 |
| | | *lweaver@bfalaw.com* |
| 19 | | *adavis@bfalaw.com* |
| | | *jsamra@bfalaw.com* |
| 20 | | |
| 21 | | **SIMMONS HANLY CONROY LLC** |
| | | Jason 'Jay' Barnes (admitted *pro hac vice*) |
| 22 | | An Truong (admitted *pro hac vice*) |
| | | Jenny Paulson (admitted *pro hac vice*) |
| 23 | | 112 Madison Avenue, 7th Floor |
| | | New York, NY 10016 |
| 24 | | Tel.: (212) 784-6400 |
| | | Fax: (212) 213-5949 |
| 25 | | *jaybarnes@simmonsfirm.com* |
| | | *atruong@simmonsfirm.com* |
| 26 | | *jpaulson@simmonsfirm.com* |
| 27 | | |
| | | **DiCELLO LEVITT LLC** |
| 28 | | David A. Straite (admitted *pro hac vice*) |

485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*

James Ulwick (admitted *pro hac vice*)
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*julwick@dicellolevitt.com*

**COTCHETT PITRE & MCCARTHY, LLP**
Nancy E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal Bar. No. 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road
Burlingame, CA 94010
Tel.: (650) 697-6000
*nnishimura@cpmlegal.com*
*bdanitz@cpmlegal.com*
*kswope@cpmlegal.com*

**BOTTINI & BOTTINI INC.**
Frances A. Bottini, Jr. (Cal. Bar No. 175783)
Yuri A. Kolesnikov (Cal. Bar. No. 271173)
7817 Ivanhoe Ave., Ste. 102
LA Jolla, CA 92037
Tel.: (848) 914-2001
*fbottini@bottinilaw.com*
*ykolesnikov@bottinilaw.com*

***Counsel for Plaintiffs and the Proposed Class***

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, Joshua D. Samra, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of August, 2023, at San Francisco, California.

/s/ *Joshua D. Samra*
Joshua D. Samra