UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No.21-cv-02155-YGR  (VKD)<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO SEAL MAY 16, 2023 HEARING TRANSCRIPT WITHOUT PREJUDICE; PROVISIONALLY SEALING TRANSCRIPT**<br><br>Re: Dkt. No. 561 |

On August 14, 2023, defendant Google LLC ("Google") filed an administrative motion to seal portions of the transcript of the Court's May 16, 2023 discovery hearing. Dkt. No. 561. Plaintiffs oppose this motion, arguing that Google's request is untimely and that the company fails to show good cause for this information to be sealed. Dkt. No. 563.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). A party seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c). *Id*. at 1098-99; *Kamakana*, 447 F.3d at 1179-80. The discovery hearing at issue here does not address the merits of either party's claims or defenses, so the Court will apply the "good cause" standard of Rule 26(c).

Google argues that good cause exists here because the portions of the transcript that it seeks to seal "contain information about technical details and identifiers related to data logs and data systems that Google maintains as confidential in the ordinary course of its business." It argues that public release of this information would cause Google irreparable harm. Dkt. No. 561 at 4.

The Court cannot conclude from Google's submission that good cause exists to seal the portions of the transcript it identifies.

First, the Court notes that the May 16, 2023 hearing was open to the public, although no members of the public were present during the hearing. *See* Dkt. No. 512 at 6:12-14; 6:25-7-1; *Forbes Media LLC v. United States*, 61 F.4th 1072, 1077 (9th Cir. 2023) ("[T]he public generally has presumptive access to judicial opinions, hearings, and court filings.").

Second, Google's motion to seal portions of the hearing transcript is untimely. General Order 59 sets out a procedure for parties to request the redaction of transcripts: the requesting party must file a "notice of intent to request redaction" within 5 days of the transcript's filing and a statement or motion indicating which portions of the transcript should be redacted and why within 21 days of the transcript's filing. General Order 59 ¶¶ 3, 4; *Oracle Am., Inc. v. Google Inc.*, No. 10-CV-03561-WHA (DMR), 2016 WL 11810331, at *2 (N.D. Cal. Mar. 21, 2016). The order also provides "If no [notice of intent to request redactions] is filed, the Court will assume no redaction of personal identifiers from the transcript is necessary." *Id.* ¶ 3. Here, the transcript was filed on May 17, but Google waited until August 14, the day before the transcript was made available to the public on ECF, to file its sealing motion. As a result of Google's delay in filing, the May 16, 2023 hearing transcript has been accessible to the public at the Clerk's Office since May 17 and on ECF since August 15. Google does not address its failure to file a timely sealing request or the fact that the transcript has been available to the public for some time, both of which are factors which weigh against finding good cause here. While the Court has granted Google's prior untimely requests to seal, none of those prior requests were opposed. *E.g.* Dkt. No. 526.

Third, Google has not established good cause to seal the portions of the transcript of the May 16, 2023 hearing identified in its administrative motion. Google's assertions of harm are

generic and do not address the potential effects of the disclosure of the particular identifiers and processes discussed at the hearing. *See* Dkt. No. 561 at 4. Google correctly observes that the Court has sealed similar information in the past, including the discovery order that followed the May 16 hearing. *E.g.* Dkt. No. 524. However, those requests were not opposed. *See* Dkt. Nos. 502, 504, 517. As plaintiffs note, some (but not all) of the information that Google seeks to seal here has already been disclosed in other publicly filed documents. *E.g.* Dkt. No. 362-2 at 49:15-17 (discussing "biscotti I.D.s"). Google does not explain how what it proposes to seal here differs from the material that is already publicly available.

On the present record, Google has not shown good cause to seal the portions of the hearing transcript identified in its administrative motion. The Court denies the administrative motion seal, without prejudice, as Google has not had an opportunity to address the matters raised in plaintiffs' opposition. Google may file a revised administrative motion to seal by **August 28, 2023**. In the interim, the Court orders the May 16, 2023 hearing transcript (Dkt. No. 512) provisionally sealed until August 28, 2023 or until the Court resolves Google's revised administrative motion to seal.

**IT IS SO ORDERED.**

Dated: August 21, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

3