Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
Caroline C. Corbitt (SBN 305492)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

*[Additional Counsel Appear on Signature Page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation | Case No. 4:21-cv-02155-YGR-VKD<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S RESPONSE (ECF NO. 558) TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 545)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

## I. INTRODUCTION

On July 14, 2023, Plaintiffs moved for class certification, appointment of class representatives and class counsel (ECF No. 546), accompanied by two declarations and multiple exhibits (Pritzker Declaration, ECF No. 546-2, and exhibits thereto; and Caracuzzo Declaration, ECF No. 546-36, and exhibits thereto). Because these filings included discovery material designated "confidential" by defendant Google, Plaintiffs filed provisionally-redacted or fully-sealed versions of 21 of these documents, and moved to consider whether the designated material should be sealed. ECF No. 545. On August 4, 2023, pursuant to a schedule approved by the Court,[1] Google filed its response (ECF No. 558) and accompanying declaration of Whitty Somvichian (the "Somvichian Declaration," ECF No. 558-1) in support of sealing portions of ten documents and ten others in their entirety.

Google's request to seal its discovery material does not come close to meeting the Ninth Circuit's "compelling reasons" test for sealing. First, Google seeks to seal names of identifiers already unsealed by Courts in this District, and Google counsel expressly mentioned some in open Court *in this case*. Second, Google seeks to seal information that exists publicly elsewhere— including even on Google's own public website. Third, even for discovery material that is not public, Google fails to provide facts necessary to support a finding of "compelling reasons." Google instead relies exclusively on a declaration of *outside* counsel, and thus not surprisingly, repeats boilerplate, generic language. It is also not made on personal knowledge, but instead on counsel's "understandings" based partly on "representations" of unnamed Google employees.

Plaintiffs therefore request that the motion to seal be denied, except for certain of Plaintiffs' confidential personal information, see Ex. 1, lines 3, 4, that Google does not oppose.

## II. LEGAL STANDARD

Public policy favors public access to court records. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1124, 1134 (9th Cir. 2003); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597

---

[1] *See* Joint Stip. and Order to Extend Time to Seal Briefing in Connection with Plaintiffs' Motion for Class Certification, dated July 20, 2023, ECF No. 552. Google's deadline to file its Supporting Declaration was August 4, 2023, and Plaintiffs' deadline to respond is August 22, 2023. *Id*.

1  (1978) (recognizing a "general right to inspect and copy public records and documents, including
2  judicial records and documents."). "Unless a particular court record is one 'traditionally kept secret,'
3  a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of*
4  *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1135); *Forbes Media*
5  *LLC v. United States*, 61 F.4th 1072, 1077 (9th Cir. 2023) ("[T]he public generally has presumptive
6  access to judicial opinions, hearings, and court filings."). "In order to overcome this strong
7  presumption, a party seeking to seal a judicial record must articulate justifications for sealing that
8  outweigh the public policies favoring disclosure." *Dunbar v. Google, Inc*., No. 5:12-cv-003305-
9  LHK, 2012 WL 6202719, at *1 (N.D. Cal. Dec. 12, 2012); *accord, Foltz*, 331 F.3d at 1130.

10  When evaluating whether an effort to seal a judicial record overcomes the presumption of
11  public access, courts employ either a "good cause" standard or a stricter "compelling reasons"
12  standard. The "good cause" standard only applies to non-dispositive motions or other documents
13  that "are often unrelated, or only tangentially related, to the underlying cause of action." *Pintos v.*
14  *Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). A request to seal information in a
15  dispositive motion, complaint, or motion for class certification, on the other hand, is evaluated under
16  the narrower "compelling reasons" standard, which Google concedes. *See* ECF No. 558 at 2 (citing
17  *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc*., 326 F.R.D. 592, 617 (N.D. Cal. June 26, 2018)).

18  Either standard requires a "particularized showing" that can "warrant preserving the secrecy
19  of sealed discovery material." *Kamakana*, 447 F.3d at 1180. "Broad allegations of harm,
20  unsubstantiated by specific examples or articulated reasoning," are insufficient. *In re High-Tech*
21  *Employees Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 5486230, at *2 (N.D. Cal. Sept. 30,
22  2013) (quoting *Beckman Indus., Inc. v. Int'l Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992)). Further,
23  "the party seeking protection bears the burden of showing specific prejudice or harm will result."
24  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).
25  Possible "embarrassment, incrimination, or exposure to further litigation" is insufficient. *Kamakana*,
26  447 F.3d at 1179.
27  Moreover, in this District, in addition to meeting the applicable standard under *Kamakana*, a
28

party requesting sealing must also comply with Civil Local Rule 79–5, including that rule's requirement that the request must "establish [ ] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R. 79–5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Open Text. S.A., v. Box, Inc.*, No. 13-cv-04910-JD, 2014 WL 7368594, at *2 (N.D. Cal. Dec. 26, 2014) (citing Civil L.R. 79-5(b)).

### III.   ARGUMENT

#### A.   The Supporting Somvichian Declaration Is Improper

Google's only factual support for sealing comes from the declaration of Whitty Somvichian, ECF No. 558-1. Mr. Somvichian is not a fact witness, but instead is outside counsel of record, which is procedurally problematic. *See, e.g.*, *Ralston v. Mortg. Invs. Grp., Inc.,* No. 5:08-cv-00536-JF (PSG), 2012 WL 629238, at *4 (N.D. Cal. Feb. 27, 2012) ("The Court agrees . . . that as a general rule it is not good practice for an attorney of record to act as a witness.").

Furthermore, the Civil Local Rules provide that an "affidavit or declaration may contain only facts, must conform to the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument. Any statement made upon information or belief must specify the basis therefor." Civil L.R. 7-5(b). But the Somvichian Declaration does not explain counsel's basis for his conclusions; instead, as the "basis for sealing," it only says, "I understand" or "it is my understanding" that disclosure would cause harm, without stating the specific basis for such "understanding." ECF No. 558-1 (at the "Basis for Sealing" column). Courts routinely reject such outside-counsel declarations, both in this District and elsewhere. *See, e.g., Signal Hill Serv., Inc. v. Macquarie Bank Ltd.,* No. CV 11-01539 MMM (JEMx), 2013 WL 12244287, at *3 (C.D. Cal. May 14, 2013) (rejecting outside-counsel declaration for lack of personal knowledge); *Jagar v. Jagar*, No. C-09-01455 EDL, 2009 WL 4251176, *2 (N.D. Cal. Nov. 23, 2009) ("Counsel's declaration consists largely of assertions that are made on information and belief, which are entitled to no weight because counsel does not establish that he has personal knowledge"); *Mitsubishi Tanabe Pharma Corp., et al., v. Aurobindo Pharma USA, Inc., et al.*, No. 17-5005, ECF No. 385, p. 1, n.2 (D.N.J. Aug. 17, 2020) (denying

unopposed motion to seal and finding declaration "deficient and will not be considered because counsel does not possess the personal knowledge required under the relevant local [civil] rules").

Here, despite counsel's statement that he made his declaration "based on my personal knowledge," ECF No. 558-1 ¶ 1, he later concedes that his statements are actually based on his "review of the material, the prior Orders in this case granting sealing of similar materials, and my understanding developed from this case and other representations of Google." *Id*. ¶ 3. From what unidentified Google employee, or what "representations of Google" these assertions were gleaned is not disclosed.

### B. Google Has Failed to Make a Particularized Showing

Even if this Court were to accept the Somvichian Declaration, Google has not explained why or how disclosure of the discovery material would cause it harm. For instance, Google seeks to redact the names of certain identifiers. *See, e.g.,* Ex. 1, rows 3 and 4. However, some of these have already been disclosed publicly in other litigation and have been the subject of unsuccessful sealing motions from Google in those cases. *See, e.g., Rodriguez, et al. v. Google LLC,* 3:20-cv-4688-RS, Discovery Order dated Jan. 20, 2022, ECF No. 208 (N.D. Cal.) (public Order disclosing several Google identifiers). Indeed, even here on this docket where Google has sought sealing of portions of some documents, it has not sought sealing of many of the terms Google seeks to seal today, and those terms consequently appear publicly. *See* ECF No. 362-2, Apr. 21, 2022, Hearing Tr. at 17:24-18:5, 42:16-19, 155:14-19, 182:9-183:5. Google today also seeks to seal identifiers that appear publicly on the docket in other cases because Google elected not to seek sealing. *See, e.g., Brown, et al. v. Google*, No. 4:20-cv-03664 (N.D. Cal.), ECF No. 616-3. Indeed, some of the names and descriptions of certain identifiers that Google seeks to seal are publicly defined by Google on its developer webpages. *See* Ex. 1, rows 3 and 4.

Google has not even acknowledged in its sealing request that these identifiers are already public, let alone attempted to demonstrate compelling need to seal them now. *Ramirez v. Trans Union, LLC*, No. 12-cv-00632-JSC, 2014 WL 1677815, at *3 (N.D. Cal. Apr. 28, 2014) (denying motion to seal where most of the material sought to be sealed was in the public record); *Optimize*

1 *Tech. Sols., LLC. v. Staples, Inc.*, No. 14-mc-80095-LHK-HRL, 2014 WL 1477651, at *4 (N.D. Cal. Apr. 14, 2014) (same). Instead, Google simply argued that sealing would be "consistent with the type of information that Judge DeMarchi" has sealed before. ECF No. 558 at 5 (citing Orders at ECF Nos. 427, 531, and 540). But those Orders are distinguishable. For example, in ECF No. 531, Judge DeMarchi applied the lower "good cause" standard, noting that Plaintiffs' cited authority refused sealing on the stricter "compelling reasons" standard (*id.* at 3); here, however, Google concedes that the "compelling reasons" standard applies. Likewise, Google was earlier able to demonstrate why context mattered, and Google's factual explanation sufficiently established "good cause" for sealing even public information; here, however, Google has made no attempt to explain the need to seal this information, let alone a "compelling need." In fact, just yesterday, August 21, Judge DeMarchi denied Google's motion to seal portions of the May 16, 2023 hearing transcript for these exact reasons. *See* ECF No. 564 at 2–3 ("Google's assertions of harm are generic and do not address the potential effects of disclosure of the particular identifiers and processes.").

### C. Public Interest Would Be Served If the Documents Were Not Sealed

In addition to failing to demonstrate compelling reasons for sealing, Google has completely ignored the public's interest in the sealed information, which must be balanced against Google's reasons for secrecy. Indeed, because this is a class action, the public's right to know is enhanced, and "the standards for denying public access to the record 'should be applied . . . with greater strictness.'" *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.,* 825 F.3d 299, 305 (6th Cir. 2016) (internal citations omitted); *Dickerson v. Norvartis Corp.*, No. 1:15-cv-1980-GHW, 2016 WL 9560056, at *2 (S.D.N.Y. Apr. 11, 2016) ("The presumption of public access is particularly relevant in the class action context.").

### IV. CONCLUSION

Plaintiffs request that the Court deny Google's request to seal, except for the confidential Plaintiff data as noted in the attached Exhibit 1, rows 3 and 4.

DATED: August 22, 2023                    Respectfully submitted,

**PRITZKER LEVINE LLP**

By:   */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
Caroline C. Corbitt (Cal. Bar No. 305492)
1900 Powell Street, Ste. 450
Oakland, CA 94602
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*
*ccc@pritzkerlevine.com*

**DiCELLO LEVITT LLP**

By:   */s/ David A. Straite*
David A. Straite (admitted *pro hac vice*)
Corban Rhodes (admitted *pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel: (646) 993-1000
*dstraite@dicellolevitt.com*
*crhodes@dicellolevitt.com*

James Ulwick (admitted *pro hac vice*)
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*julwick@dicellolevitt.com*

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Anne K. Davis (Cal. Bar No. 267909)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*adavis@bfalaw.com*
*jsamra@bfalaw.com*

**SIMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Jenny Paulson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*jpaulson@simmonsfirm.com*

**COTCHETT PITRE & MCCARTHY, LLP**
Nancy E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal Bar. No. 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road
Burlingame, CA 94010
Tel.: (650) 697-6000
*nnishimura@cpmlegal.com*
*bdanitz@cpmlegal.com*
*kswope@cpmlegal.com*

**BOTTINI & BOTTINI INC.**
Frances A. Bottini, Jr. (Cal. Bar No. 175783)
Yuri A. Kolesnikov (Cal. Bar. No. 271173)
7817 Ivanhoe Ave., Ste. 102
LA Jolla, CA 92037
Tel.: (848) 914-2001
*fbottini@bottinilaw.com*
*ykolesnikov@bottinilaw.com*

*Counsel for Plaintiffs and Proposed Class Counsel for the Proposed Class*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, David A. Straite, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 22nd Day of August, 2023, at New York, New York.

/s/ David A. Straite<br>
David A. Straite