<u>Via ECF</u>

August 31, 2023

**Magistrate Judge Virginia K. DeMarchi**
San Jose Courthouse
Courtroom 2 – 5th Floor
280 South 1st Street
San Jose, CA 95113

Re:   *In re Google RTB Consumer Privacy Litig.*, No. 4:21-cv-02155-YGR-VKD (N.D. Cal.)
      Joint Supplemental Submission re: Proposed Rule 30(b)(6) Deposition Topics

Dear Magistrate Judge DeMarchi:

Pursuant to the Court's Order Requesting Supplemental Submission (ECF No. 566), plaintiffs and defendant Google LLC ("Google") provide this supplemental submission regarding additional proposed Rule 30(b)(6) deposition topics corresponding to the categories of information for which plaintiffs sought the depositions of Google employees Ted Herbstman, Ben Kornacki, Timon Koehler, Sierra Feitshans, and Aaron Powers.

In accordance with the Court's Order, Plaintiffs' Third Set of Interrogatories and Google's Supplemental Responses and Objections thereto are attached as **Exhibits A and B**, respectively. Plaintiffs' Fourth Set of Interrogatories and Google's Supplemental Responses and Objections thereto are attached as **Exhibits C and D** [redacted], respectively. Because portions of Exhibit D contain information designated confidential by Google, an unredacted version of this exhibit is being filed separately with Google's administrative motion to seal. Should the Court wish to review documents GOOG-HEWT-00455648 and GOOG-HEWT-00455800, to which Interrogatories Nos. 11 and 12 respectively refer, the parties can provide those to the Court under seal.

## I.   PLAINTIFFS' PROPOSAL

In keeping with the Court's guidance at the August 22, 2023 hearing, plaintiffs propose that Google produce a witness or witnesses most knowledgeable or qualified to testify on Google's behalf with respect to the following topics:

**Koehler and Feitshans (Interrogatory No. 11):** The creation and maintenance of the excel spreadsheet produced as GOOG-HEWT-00455648 as a business record of Google, the particular source(s) of the data included on the spreadsheet, the formula or calculation and inputs used for that formula or calculation to derive the figures included on the spreadsheet, the manner in which Google records RTB revenues from Google U.S. account holders while outside the U.S., the manner in which Google records RTB revenues from Google non-U.S. account holders while in the U.S, and Google's ability to provide information similar to that provided in the spreadsheet for the remainder of the proposed class period (i.e., the second half of 2016, the second half of 2022, and the first half of 2023).

Proposed time: 2 hours

**Powers (Interrogatory No. 12):** The creation and maintenance of the excel spreadsheet produced as GOOG-HEWT-00455800 as a business record of Google, the particular source(s) of the data included on the spreadsheet, the formula or calculation and inputs used for that formula or calculation to derive the figures included on the spreadsheet, the data aggregation tool used to create the spreadsheet, the manner in which Google determined account activity, the time period covered by the spreadsheet, and Google's ability to provide information similar to that provided in the spreadsheet for other purported privacy controls (i.e., NPA, LAT).

Proposed time: 2 hours

**Herbstman and Kornacki (Interrogatory No. 13):** The manner in which Google identified and quantified the RTB bid requests associated with each named plaintiff as set forth in Google's Supplemental Response to Interrogatory 13, the reasons why Google only included RTB bid requests for portions of 2021 and all of 2022 in its response, the retention period for the DisplayAdQueryState log, whether and when any litigation hold was imposed on the DisplayAdQueryState log, and any other data sources at Google that exist or existed as of March 31, 2021 that may contain responsive information for time periods missing in Google's Supplemental Response to Interrogatory 13.

Proposed time: 2 hours

**Herbstman and Kornacki (Interrogatory No. 14):** The manner in which Google identified and quantified the successful RTB auctions associated with each named plaintiff as set forth in Google's Supplemental Response to Interrogatory 14, the reasons why Google only included successful RTB auctions for portions of 2021 and all of 2022 in its response, the retention period for the DisplayAdQuery log, whether and when any litigation hold was imposed on the DisplayAdQuery log, and any other data sources at Google that exist or existed as of March 31, 2021 that may contain responsive information for time periods missing in Google's Supplemental Response to Interrogatory 14.

Proposed time: 2 hours

II. **GOOGLE'S PROPOSAL**

Google's proposal is as follows:

**Koehler and Feitshans (Interrogatory No. 11):** (No objection to Plaintiffs' proposed topic).

**Powers (Interrogatory No. 12):**

Google respectfully submits that no deposition is warranted on this topic, which is subsumed by the Parties' agreement that Google respond in writing as to Topic 3 of Plaintiffs'

Amended 30(b)(6) Notice.  Should the Court disagree, Google respectfully proposes the alternative Topic below in lieu of its written response.

The creation and maintenance of the Excel spreadsheet produced as GOOG-HEWT-00455800 as a business record of Google, the particular source(s) of the data included on the spreadsheet, the formula or calculation and inputs used for that formula or calculation to derive the figures included on the spreadsheet, the manner in which Google determined account activity, and the time period covered by the spreadsheet.

**Herbstman and Kornacki (Interrogatory No. 13):** The manner in which Google identified and quantified the RTB bid requests associated with each named plaintiff as set forth in Google's Supplemental Response to Interrogatory 13.

**Herbstman and Kornacki (Interrogatory No. 14):** The manner in which Google identified and quantified the successful RTB auctions associated with each named plaintiff as set forth in Google's Supplemental Response to Interrogatory 14.

**Proposed time:** Google understands that Plaintiffs intend to seek leave to exceed the presumptive seven-hour limit for a 30(b)(6) deposition.  Google will oppose that request when it is properly before the Court.  For purposes of this submission, Google respectfully submits that the proposed time limits are unnecessary and contemplates that the topics above will be encompassed within the presumptive seven-hour limit for a designated witness in a 30(b)(6) deposition.

Dated: August 31, 2023

**PRITZKER LEVINE LLP**

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (SBN 146267)
Jonathan K. Levine (SBN 220289)
Bethany Caracuzzo (SBN 190687)
Caroline Corbitt (SBN 305492)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
bc@pritzkerlevine.com
ccc@pritzkerlevine.com

*Interim Class Counsel*
**Counsel for Plaintiffs and the Proposed Class**

Dated: August 31, 2023                                  **COOLEY LLP**

By: */s/ Whitty Somvichian*
Michael G. Rhodes
Whitty Somvichian
Aarti Reddy
Reece Trevor
Anupam S. Dhillon
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Tel.: 415-693-2000
Fax: 415-693-2222
rhodesmg@cooley.com
wsomvichian@cooley.com
areddy@cooley.com
rtrevor@cooley.com
adhillon@cooley.com

Robby L.R. Saldaña
Khary J. Anderson
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Tel.: 202-776-2109
Fax: 202-842-7899
rsaldana@cooley.com
kjanderson@cooley.com

***Attorneys for Defendant GOOGLE LLC***

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)

I, Bethany Caracuzzo, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct. Executed this 31st day of August, at Emeryville, California.

*/s/ Bethany Caracuzzo*
Bethany Caracuzzo