# EXHIBIT D

COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
LAURA ELLIOTT (SBN 286702)
(lelliott@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE LLC'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FOURTH SET OF INTERROGATORIES (NOS. 13-15)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE LLC'S SUPP. RESPONSES AND OBJ.
TO PLF'S FOURTH SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD

| | | |
|---|---|---|
| PROPOUNDING PARTY: | CONSOLIDATED PLAINTIFFS | |
| RESPONDING PARTY: | GOOGLE LLC | |
| SET NUMBER: | Four | |

Pursuant to Federal Rules of Civil Procedure Rules 26 and 33 and Rule 33-1 of the Local Rules of the United States District Court for the Northern District of California ("Local Rules"), Defendant Google LLC ("Google") supplements its responses to Consolidated Plaintiffs' ("Plaintiffs") Fourth Set of Interrogatories (the "Interrogatories"), dated April 13, 2023, as follows:

## I. GENERAL STATEMENT AND OBJECTIONS

These responses and objections are made solely for the purpose of and in response to this matter. Google has not completed its investigation, discovery, analysis, legal research, and preparation for trial in this matter. The responses herein are based only upon the information and documentation that is presently available and known to Google's current employees and which has been identified as containing potentially relevant information. It is possible that further investigation, discovery, analysis, legal research, and/or preparation may result in the ascertainment of additional documentation, or provide additional meaning to currently known factual conclusions and legal contentions, all of which may result in the modification of these objections and responses. Accordingly, Google reserves the right to amend and/or supplement its responses and objections and to make any additional objections that may become apparent. By this statement, however, Google does not agree to or adopt any duty to supplement beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rule or order.

The following general objections apply to every Interrogatory as propounded by Plaintiffs, and are incorporated into each of the following specific responses by reference as if set forth in full therein.

**1.** Google objects to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege; the work-product doctrine; any other applicable privilege, immunity, or protection; or the right of privacy under the California Constitution, Article I, Section 1. Any inadvertent disclosure of such information shall not be deemed a waiver of any such privilege or protection. Such documents or information shall not be

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE LLC'S SUPP. RESPONSES AND OBJ.
TO PLF'S FOURTH SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD

produced in response to the Interrogatories, and any inadvertent production thereof shall not be deemed a waiver of any privilege or right with respect to such documents or information or of any work product doctrine that may attach thereto. Google specifically reserves all rights afforded under the Court's Order Re: Federal Rule of Evidence 502(d). (ECF No. 285).

**2.** Google objects to the Interrogatories to the extent that they seek confidential, proprietary, and/or trade-secret information. Google will provide responses containing such information only subject to the terms of the Stipulated Protective Order ("Protective Order") entered in this case (ECF No. 59). Google reserves the right to seek additional protections beyond those provided in the Protective Order to the extent appropriate for any particularly sensitive information, and to object to such information's disclosure altogether, if, for example, the information's relevance to this litigation is substantially outweighed by the risk of harm posed by its disclosure in light of the protections available.

**3.** Google objects to the Interrogatories to the extent that they seek information that is subject to confidentiality or non-disclosure agreements with other parties. Google shall disclose such information only to the extent that Google is permitted to do so under its agreements with such parties and only after those parties receive appropriate notice and are provided with a reasonable opportunity to raise objections, and the Court resolves any such objections.

**4.** Google will not construe the Interrogatories as an attempt to impose discovery obligations on Google beyond those authorized by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rule or order, nor will Google undertake such discovery obligations.

**5.** Google objects to all Interrogatories to the extent they seek information that the Court has ruled is outside the scope of discovery in this action. *See, e.g.*, ECF Nos. 184, 187, 189, 314, and 326.

**6.** Google objects to all Interrogatories to the extent they would (a) expand the definition of a term beyond its ordinary usage in the English language; (b) create undue burden for Google when propounding its responses and objections to the Interrogatories; and/or (c) impose obligations and demands on Google beyond those contemplated by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rule or order. Google will respond to the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE LLC'S SUPP. RESPONSES AND OBJ.
TO PLF'S FOURTH SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD

Interrogatories consistent with the ordinary English meaning of the words and its obligations under the law.

## II. SPECIFIC OBJECTIONS AND RESPONSES TO EACH INTERROGATORY

Without waiving or limiting in any manner any of the foregoing General Objections, but rather incorporating them into each of the following responses to the extent applicable, Google responds to the Interrogatories as follows:

**INTERROGATORY NO. 13:**

Identify the total number of RTB bid requests associated with each named plaintiff between March 26, 2016 and December 31, 2022.

**RESPONSE TO INTERROGATORY NO. 13:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google objects to this Interrogatory to the extent that it seeks the disclosure of trade secret or other confidential research, development, or commercially sensitive information. Google also objects that this Interrogatory is burdensome and harassing in that it seeks information that is not proportional to the needs of the case given the burden associated with collecting this data. Google further objects that the phrase "associated with" is vague and ambiguous as it is not self-evident or defined.

Subject to the foregoing General and Specific Objections, Google is willing to meet and confer with Plaintiffs regarding this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

Subject to the foregoing General and Specific Objections, Google has conducted a reasonable investigation and supplements its response to this Interrogatory as follows:

- There were ▓▓▓ RTB bid requests associated with the identifiers Plaintiff Diggs provided to Google for the purposes of this litigation, between June 10, 2021 and December 31, 2022.

- There were ▓▓▓ RTB bid requests associated with the identifiers Plaintiff Green provided to Google for purposes of this litigation, between June 10, 2021 and December 31, 2022.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE LLC'S SUPP. RESPONSES AND OBJ.
TO PLF'S FOURTH SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD

1     • There were ▮▮▮ RTB bid requests associated with the identifiers Plaintiff Kevranian provided to Google for purposes of this litigation, between December 13, 2021 and December 31, 2022.

      • There were ▮▮▮ RTB bid requests associated with the identifiers Plaintiff Toronto provided to Google for purposes of this litigation, between September 19, 2021 and December 31, 2022.

      • There were ▮▮▮ RTB bid requests associated with the identifiers Plaintiff Valencia provided to Google for purposes of this litigation, between June 10, 2021 and December 31, 2022.

      • There were ▮▮▮ RTB bid requests associated with the identifiers Plaintiff Williams provided to Google for purposes of this litigation, between July 20, 2021 and December 31, 2022.

      • There were ▮▮▮ RTB bid requests associated with the identifiers Plaintiff Woodruff provided to Google for purposes of this litigation, between May 8, 2021 and December 31, 2022.

**INTERROGATORY NO. 14:**

Identify the total number of successful RTB auctions associated with each named plaintiff between March 26, 2016 and December 31, 2022.

**RESPONSE TO INTERROGATORY NO. 14:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google objects to this Interrogatory to the extent that it seeks the disclosure of trade secret or other confidential research, development, or commercially sensitive information. Google also objects that this Interrogatory is burdensome and harassing in that it seeks information that is not proportional to the needs of the case given the burden associated with collecting this data. Google further objects that the terms and phrases "successful," "RTB auctions," and "associated with" are vague and ambiguous as neither is self-evident or defined.

Subject to the foregoing General and Specific Objections, Google is willing to meet and confer with Plaintiffs regarding this Interrogatory.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE LLC'S SUPP. RESPONSES AND OBJ.
TO PLF'S FOURTH SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

Subject to the foregoing General and Specific Objections, Google has conducted a reasonable investigation and supplements its response to this Interrogatory as follows:

- There were ▮ winning RTB bid requests associated with the identifiers Plaintiff Diggs provided to Google for purposes of this litigation, between August 28, 2021 and December 31, 2022.
- There were ▮ winning RTB bid requests associated with the identifiers Plaintiff Green provided to Google for purposes of this litigation, between July 20, 2021 and December 31, 2022.
- There were ▮ winning RTB bid requests associated with the identifiers Plaintiff Kevranian provided to Google for purposes of this litigation, between September 8, 2021 and December 31, 2022.
- There were ▮ winning RTB bid requests associated with the identifiers Plaintiff Toronto provided to Google for purposes of this litigation, between September 13, 2021 and December 31, 2022.
- There were ▮ winning RTB bid requests associated with the identifiers Plaintiff Valencia provided to Google for purposes of this litigation, between July 20, 2021 and December 31, 2022.
- There were ▮ winning RTB bid requests associated with the identifiers Plaintiff Williams provided to Google for purposes of this litigation, between September 3, 2021 and December 31, 2022.
- There were ▮ winning RTB bid requests associated with the identifiers Plaintiff Woodruff provided to Google for purposes of this litigation, between May 28, 2021 and December 31, 2022.

**INTERROGATORY NO. 15:**

With respect to any information or data provided in response to Interrogatories 13 and 14 above:

(a) Identify all persons who assisted in the preparation of the response; and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

GOOGLE LLC'S SUPP. RESPONSES AND OBJ.
TO PLF'S FOURTH SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD

(b) Identify the source(s) of the information or data included in the response.

**RESPONSE TO INTERROGATORY NO. 15:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google objects to this Interrogatory to the extent that it seeks the disclosure of trade secret or other confidential research, development, or commercially sensitive information. Google also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek information about responses prepared by or at the direction of legal counsel. Google further objects that the request to identify "all persons" who assisted in the preparation of the referenced data is overbroad. Google also objects that this Interrogatory is burdensome and harassing in that it "seeks the source(s) of the information or data included in the response," which is not relevant or proportional to the needs of the case and which the Court has already rejected as irrelevant and outside the scope of discovery, including based on the Court's ruling that Google need not produce information about "storage" of data. (ECF No. 184.) Google also objects to this Interrogatory on the basis that it is compound in that it includes multiple discrete subparts. Google construes this Interrogatory to constitute two discrete interrogatories. Moreover, by answering these interrogatories, Google does not waive and reserves all rights to object to future interrogatories as exceeding the numerical limit set forth by Federal Rule of Civil Procedure 33. Google further objects that the terms "all persons," "assisted," "preparation," and "source(s)" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing General and Specific Objections, Google is willing to meet and confer with Plaintiffs regarding this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Subject to the foregoing General and Specific Objections, Google has conducted a reasonable investigation and supplements its response to this Interrogatory as follows:

**Subpart (a).**

Ted Herbstman, a Software Engineer, and Benjamin Kornacki, a Software Engineer, assisted in the preparation of Google's responses to Interrogatory Nos. 13-14.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

GOOGLE LLC'S SUPP. RESPONSES AND OBJ.
TO PLF'S FOURTH SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD

**Subpart (b).**

The data used to prepare Google's supplemental response to Interrogatory No. 13 was retrieved from the ███████████ log.

The data used to prepare Google's supplemental response to Interrogatory No. 14 was retrieved from the ███████████ log.

Dated: June 8, 2023                                COOLEY LLP

                                                   By:  /s/ Whitty Somvichian
                                                        Whitty Somvichian

                                                   Attorneys for Defendant
                                                   GOOGLE LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

GOOGLE LLC'S SUPP. RESPONSES AND OBJ.
TO PLF'S FOURTH SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD

**VERIFICATION**

I, Ted Herbstman, declare as follows:

I am a Software Engineer at Google LLC ("Google"), the defendant in the action *In re Google RTB Consumer Privacy Litigation*, pending in the Northern District of California, Case No. 4:21-cv-02155. I have been authorized to make this verification on Google's behalf.

I have reviewed Google's Supplemental Responses to Plaintiffs' Fourth Set of Interrogatories, Numbers 13, 14 and 15, and believe the answers to these interrogatories to be true based on either my own personal knowledge or based on documents and/or other information from individuals with personal knowledge of such facts.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in New York, New York on June 7, 2023.

*Ted Herbstman*
_____
Ted Herbstman

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# CERTIFICATE OF SERVICE

I, Khary Anderson, certify that on June 8, 2023, I caused a true and correct copy of the foregoing to be sent via electronic mail to the following counsel of record:

**PRITZKER LEVINE LLP**
Elizabeth C. Pritzker (SBN 146267)
Jonathan K. Levine (SBN 220289)
Bethany Caracuzzo (SBN 190687)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
bc@pritzkerlevine.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
1330 Broadway, Suite 630
Oakland, California 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

**COTCHETT, PITRE & McCARTHY LLP**
Nanci E. Nishimura (SBN 152621)
Brian Danitz (SBN 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel.: (650) 697-6000
Fax: (650) 697-0577
nnishimura@cpmlegal.com
bdanitz@cpmlegal.com
kswope@cpmlegal.com

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
485 Lexington Ave., Suite 1001
New York, NY 10017
Tel.: (646) 993-1000
Fax: (212) 213-5949
dstraite@dicellolevitt.com

**BOTTINI & BOTTINI, INC.**
Francis A. Bottini, Jr. (SBN 175783)
Yury A. Kolesnikov (SBN 271173)
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Tel.: (858) 914-2001
Fax: (858) 914-2002
fbottini@bottinilaw.com
ykolesnikov@bottinilaw.com

   */s/ Khary Anderson*
   Khary Anderson
   Cooley LLP

Cooley LLP
Attorneys at Law
San Francisco

9

Google LLC's Supp. Responses and Obj.
to Plf's Fourth Set of Interrogatories
Case No. 4:21-cv-02155-YGR-VKD