COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:  +1 415 693 2000
Facsimile:  +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:  +1 202 842 7800
Facsimile:  +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF INTERROGATORY RESPONSES (ECF NO. 566)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3) and in connection with the Court's order at ECF No. 566, Google LLC ("Google") respectfully submits this Administrative Motion ("Motion") to Seal Portions of Google's Responses to Plaintiffs' Fourth Set of Interrogatories ("Interrogatory Responses"), attached as Exhibit A to the concurrently-filed Declaration of Aarti Reddy ("Reddy Declaration"). Google respectfully seeks to seal limited, narrowly-tailored portions of the Interrogatory Responses.

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the information is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case." *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

The Interrogatory Responses at issue relate to a non-dispositive discovery motion, and thus the good cause standard applies here. *See, e.g.*, *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-cv-02306-EDL, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("Because the sealing requests were made in conjunction with a nondispositive discovery motion, a showing under the good cause standard will suffice."); *Calhoun v. Google*, No. 20-cv-05146, ECF No. 327, at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."). The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824-BLF, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

(quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

### III. GOOD CAUSE EXISTS TO SEAL PORTIONS OF THE INTERROGATORY RESPONSES

Google respectfully requests sealing of highly sensitive proprietary information contained in the Interrogatory Responses about (1) the operation of Google Real-time Bidding ("Google RTB"); and (2) names of internal data logs and systems associated with Google RTB, including identifiers used in such logs. Such information is vital to Google's commercial success, and is the sort of "sensitive, non-public, confidential, and proprietary business information" that courts routinely seal under the compelling reasons standard. *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020). Similar information has previously been sealed in this case under the good cause standard, which applies to the Interrogatory Responses at issue. *See, e.g.*, ECF Nos. 531, 527, 540. Google's sealing requests are also "narrowly tailored to seal only the sealable material" in order to balance the public right of access. Civ. L.R. 79-5(c).

***First***, the information in Google's Interrogatory Responses Nos. 13 and 14 contains highly sensitive, confidential, non-public information related to how Google operates RTB, of which would cause Google significant competitive harm. (Reddy Decl. ¶¶ 5–6.) Such commercially sensitive information is routinely sealed by courts in this district. *See Baird v. BlackRock Institutional Tr. Co., N.A.*, No. 17-CV-01892-HSG, 2019 WL 11499520, at *2 (N.D. Cal. Oct. 16, 2019) (finding good cause to seal confidential business and financial information relating to the operations of BlackRock and its relationship with its clients); *see also Barnes v. Hershey Co.*, No. 3:12-cv-01334-CRB, 2015 WL 1814293, at *2 (N.D. Cal. Apr. 21, 2015) (finding compelling reasons to seal "confidential and private information about Hershey's . . . trade secrets, including internal operations information"); *Snapkeys, Ltd. v. Google LLC*, No. 19-cv-02658-LHK, 2021 WL 1951250, at *2-3 (N.D. Cal. May 14, 2021) (sealing information related to Google's smartwatch keyboard that would harm the company's competitive standing if disclosed).

Disclosure of this information would cause irreparable harm to Google by revealing information about the structure and operation of Google's internal systems and advertising

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

infrastructure, including systems design and capabilities, to competitors. (Reddy Decl. ¶ 6.) Courts in this circuit regularly seal commercially sensitive business information, such as the information at issue here. *See, e.g.*, *Williams v. Apple, Inc.*, No. 19-CV-04700-LHK, 2021 WL 2476916, at *4 (N.D. Cal. June 17, 2021) (sealing "data storage practices, business plans and projects, and trade secrets" that "would provide competitors with insight that they could use to unfairly compete with Apple").

**Second**, Google seeks to seal portions of Google's Interrogatory Response No. 15 revealing highly sensitive, confidential, and proprietary technical names of internal data logs associated with Google RTB, including the identifiers included in such logs. (Reddy Decl. ¶ 7.) Public disclosure of this information creates a risk of cyber security threats as bad actors could target and seek to compromise Google's internal infrastructure and data sources by using non-public information about project names, document titles, and/or technical identifiers. (*Id.* ¶ 8.) As such, technical details including about a company's data infrastructure are routinely sealed by courts in this district. *See Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, ECF No. 192, at 3–9 (N.D. Cal. May 3, 2017) (granting motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *In re Google Inc. Gmail Litig.*, No. 13-md-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems); *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 3:18-MD-02843-VC, ECF No. 1082 (N.D. Cal. Dec. 6, 2022) (finding good cause to seal certain highly technical information related to its data systems); *id.*, ECF No. 531 (sealing "technical details and identifiers related to highly sensitive data logs and data systems" under good cause standard); *see also In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding compelling reasons to seal information about structures that Google has in place and the order in which emails go through these structures).

**Lastly,** Google's proposed redactions are consistent with the type of information that Judge DeMarchi has consistently sealed in this case. *See, e.g.*, ECF No. 531 (technical details about internal logs and data systems), ECF Nos. 540, 427 (information about business strategy and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

partnerships).

### IV. CONCLUSION

As such, Google respectfully requests that the Court seal designated portions of the Interrogatory Responses, as shown in Exhibit A to the Reddy Declaration, the public disclosure of which would cause irreparable competitive harm to Google and create the risk of cybersecurity threats.

Dated: August 31, 2023                             COOLEY LLP

                                                   By: */s/ Aarti Reddy*
                                                       Aarti Reddy

                                                   Attorneys for Defendant
                                                   GOOGLE LLC

290611591

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD