Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
Caroline Corbitt (Cal. Bar No. 305492)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*
*ccc@pritzkerlevine.com*

*Interim Class Counsel*

*[Additional Counsel Appear on Signature Page]*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| *In re Google RTB Consumer Privacy Litigation*, <br><br> This document applies to: *all actions*. | Case No. 4:21-cv-02155-YGR-VKD <br><br> **PLAINTIFFS' OPPOSITION TO GOOGLE'S REVISED ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE MAY 16, 2023 HEARING TRANSCRIPT** |

1   Google's revised motion to seal portions of the May 16, 2023 Transcript, ECF No. 571, should be denied because it suffers from the same deficiencies as its first motion. While Google is no longer seeking to seal the names of certain identifiers that are publicly available, it continues to seek to redact information regarding these identifiers which is also publicly available, as well as general information which present no risk of harm to Google if it is unsealed. Google also continues to rely on a generic declaration of *outside* counsel, which is not made on personal knowledge, but instead on counsel's "understandings" based partly on "consultation" with unnamed Google employees. Moreover, the Court was correct in finding Google's motion "untimely" pursuant to General Order No. 59, which requires any motion to seal a hearing transcript be brought well before the information is made public.

Accordingly, the Court should deny Google's Revised Motion to Seal.

## I.   Legal Standard

A party seeking to file a motion to seal in connection with a non-dispositive motion must show "good cause" under Federal Rule of Civil Procedure 26(c). *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). "[T]he party seeking protection bears the burden of showing specific prejudice or harm will result." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal citations and quotations omitted). "[G]ood cause 'cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal.'" *Evolutionary Intel., Inc. v. Facebook Inc.*, 2013 WL 12144122, at *1 (N.D. Cal. Dec. 10, 2013); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (party seeking sealing must make a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c)). The "mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation" is

1   insufficient. *Kamakana*, 447 F.3d 1172 at 1179. Without more, such discomfort cannot compel the
2   court to seal its records. *Id.*

3   In this district, in addition to meeting the applicable standard under *Kamakana*, a party
4   requesting sealing "must also comply with Civil Local Rule 79–5, including that rule's requirement
5   that the request must establish that the document, or portions thereof, are privileged, protectable as
6   a trade secret or otherwise entitled to protection under the law (i.e., is sealable)." *Open Text. S.A.
7   v. Box, Inc.*, No. 13-cv-04910-JD, 2014 WL 7368594, at *2 (N.D. Cal. Dec. 26, 2014) (quotations
8   and citations omitted). The sealing request must also be "narrowly tailored to seal only the sealable
9   material." Civil L.R. 79-5(c)(3).

10  **II.    Argument**

11       **a.  Google Still Has Not Established Good Cause to Seal the Information**

12  Google cannot show good cause for sealing the information in the May 16, 2023 transcript.
13  Though Google claims to "redact only confidential details" (ECF No. 571 at 5), much of the
14  information that Google seeks to seal is publicly available, including the names and descriptions of
15  identifiers that can be found on Google's publicly available developer pages and in other publicly
16  filed documents. *See* Ex. 1 at #1-3. "There is no reason to seal" this information because it is already
17  publicly available. *See Ramirez v. Trans Union, LLC*, No. 12-cv-00632-JSC, 2014 WL 1677815,
18  at *3 (N.D. Cal. Apr. 28, 2014) (denying motion to seal where most of the material sought to be
19  sealed was in the public record); *Optimize Tech. Sols., LLC v. Staples, Inc.*, No. 14-mc-80095-
20  LHK-HRL, 2014 WL 1477651, at *4 (N.D. Cal. Apr. 14, 2014) (same).

21  Further, Google's generic statements regarding the potential harm it would suffer if this
22  information were unsealed is still inadequate. Google argues unsealing this information would
23  reveal "Google's internal strategies, system designs, and business practices for operating and
24  maintaining its important proprietary services" and create a serious "cyber security risk, as third
25  parties may seek to use this information to compromise Google's data sources, including data logs."
26  ECF No. 571 at 4. This explanation is inadequate given much of this information is already publicly
27  available or otherwise so general in nature that its unsealing would not reasonably harm Google.
28  *See* Ex. 1 at #1–4. Courts in this district, and in this Circuit, routinely deny motions to seal based

on such boilerplate justifications. *See, e.g., Cypress Semiconductor Corp. v. Fujitsu Semiconductor Ltd.*, No. 20-cv-00193-LHK, 2020 WL 11567020, at *2 (N.D. Cal. Feb. 26, 2020) (denying plaintiff's motions to seal for failure to narrowly tailor its requests and justify them under Ninth Circuit case law).

### b. Google's Supporting Declaration is Improper

Google's only factual support for its statements regarding the potential harm of unsealing comes from the Declaration of Whitty Somvichian, ECF No. 571-1 (the "Declaration").[1] Mr. Somvichian is not a fact witness, but instead is outside counsel of record, which is procedurally problematic. *See, e.g., Ralston v. Mortg. Invs. Grp., Inc.*, No. 5:08-cv-00536-JF-PSG, 2012 WL 629238, at *4 (N.D. Cal. Feb. 27, 2012) ("The Court agrees . . . that as a general rule it is not good practice for an attorney of record to act as a witness.").

The Civil Local Rules provide that an "affidavit or declaration may contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument. Any statement made upon information or belief must specify the basis therefor." Civil L.R. 7-5(b). Google relies on the Declaration not only to describe information, which, as discussed above, is publicly available, but also to introduce facts, which only engineers at Google would know. *E.g.*, ECF No. 571-1 at ¶¶3, 8. However, the Declaration does not explain counsel's basis for his conclusions regarding the "proprietary" information. *Id.* Courts routinely reject such outside-counsel declarations. *See, e.g., Signal Hill Serv., Inc. v. Macquarie Bank Ltd.*, No. 11-cv-01539-MMM-JEMx, 2013 WL 12244287, at *3 (C.D. Cal. May 14, 2013) (rejecting outside-counsel declaration for lack of personal knowledge); *Jagar v. Jagar*, No. 3:09-cv-01455-EDL, 2009 WL 4251176, at *6 n.2 (N.D. Cal. Nov. 23, 2009) ("Counsel's declaration consists largely of assertions that are made on information and belief, which are entitled to no weight because counsel does not establish that he has personal knowledge."); *Mitsubishi Tanabe Pharma*

---

[1] In the interest of efficiency and to preserve judicial resources of the Court, Plaintiffs have selectively challenged certain of Google's motions to seal. *E.g.*, ECF No. 445 at 3. This is not, as Google implies, an admission as to the adequacy of those prior sealing requests. ECF No. 571 at n.1. Google is otherwise incorrect to assume it need not provide evidence sufficient to make a "particularized showing" under the good cause standard. *Kamakana*, 447 F.3d at 1180.

1  *Corp., et al. v. Aurobindo Pharma USA, Inc., et al.*, No. 17-5005, ECF No. 385 at p. 1, n.2 (D.N.J. Aug. 17, 2020) (denying unopposed motion to seal and finding declaration "deficient" where "counsel does not possess the personal knowledge required under the relevant local [civil] rules").

The Declaration repeatedly states, "I understand" or "it is my understanding" that unsealing would cause harm as the "basis for sealing," ECF No. 571-1 at ¶¶ 3, 6–8, and counsel concedes that his statements are based on his "review, consultation with my client, and familiarity with this Court's prior sealing orders." *Id.* ¶3. But the Declaration does not disclose which Google employee(s) were consulted or from what representations of Google these assertions were gleaned. The Declaration is improper where it fails to specify the basis for counsel's understanding of non-public information.

   **c.  Google's Motion is Still Untimely**

The Court was correct in finding Google's motion "untimely" pursuant to General Order No. 59. ECF No. 564 at 2. Contrary to Google's argument, General Order No. 59 establishes a procedure for redaction or sealing of information other than personal identifiers. It requires that the party seeking to seal this information must do so "by noticed motion" and "*[t]he transcript will not be electronically available to the general public until the Court has ruled on any such motion*." General Order No. 59 Electronic Availability of Transcripts of Court Proceedings at ¶4 (emphasis added). Necessarily, a proper motion must be made well before the 90-day deadline so the Court has time to rule on whether or not to seal the Transcript before it is electronically filed. General Order No. 59 at ¶2 (stating that any transcript will be restricted for the first 90 days after it is electronically filed).[2]

This finding is consistent with the Court's practice of ordering notice of any redaction request be filed within five business days of the filing of the transcript. *E.g.*, ECF No. 512. Failure to comply with this order is sufficient grounds for denial of Google's request to seal. *See Applied Materials, Inc. v. Demaray LLC*, No. 5:20-cv-09341-EJD, 2023 WL 4409106, at *4 (N.D. Cal. July

---

[2] *See also* Transcripts, https://www.cand.uscourts.gov/about/clerks-office/transcripts-court-reporters/ (last visited August 17, 2023) ("After 90 days, any party may download the certified transcript from CM/ECF for no transcript fee, except the per-page PACER fee.").

7, 2023) (denying plaintiff's request to seal a hearing transcript where it was brought 22 days after the deadline to provide notice of any redaction requests); *Roy v. FedEx Ground Package Sys., Inc.*, No. 3:17-cv-30116-KAR, 2023 WL 4186291, at *3 (D. Mass. June 26, 2023) (finding party waived right to seal material publicly available for four months); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-cv-8188-JMF, 2019 WL 3034866, at *2 (S.D.N.Y. July 11, 2019) (collecting cases).

The Court should uphold its previous order finding Google's motion untimely and deny Google's request to seal as procedurally improper.

### III.   Conclusion

For all of the foregoing reasons, Plaintiffs respectfully request an order denying Google's Revised Administrative Motion to Seal Portions of the May 16, 2023 Hearing Transcript.

DATED:  September 1, 2023                     Respectfully submitted,

**PRITZKER LEVINE LLP**

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
Caroline Corbitt (Cal. Bar No. 305492)
1900 Powell Street, Ste. 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*
*ccc@pritzkerlevine.com*

*Interim Class Counsel*

**BLEICHMAR FONTI & AULD LLP**

By: */s/ Joshua D. Samra*
Lesley Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
1330 Broadway, Suite 630

Oakland, California 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Jenny Paulson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*jpaulson@simmonsfirm.com*

**DiCELLO LEVITT LLC**
David A. Straite (admitted *pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*

James Ulwick (admitted *pro hac vice*)
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*julwick@dicellolevitt.com*

**COTCHETT PITRE & MCCARTHY, LLP**
Nancy E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal Bar. No. 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road
Burlingame, CA 94010
Tel.: (650) 697-6000
*nnishimura@cpmlegal.com*
*bdanitz@cpmlegal.com*
*kswope@cpmlegal.com*

**BOTTINI & BOTTINI INC.**
Frances A. Bottini, Jr. (Cal. Bar No. 175783)
Yuri A. Kolesnikov (Cal. Bar. No. 271173)
7817 Ivanhoe Ave., Ste. 102
LA Jolla, CA 92037
Tel.: (848) 914-2001

*fbottini@bottinilaw.com*
*ykolesnikov@bottinilaw.com*

**Counsel for Plaintiffs and the Proposed Class**

7   Case No. 4:21-cv-02155-YGR-VKD
Plaintiffs' Opp. to Google's Revised Admin. Mot.
to Seal Portions of the May 16, 2023 Hearing Transcript

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, Joshua D. Samra, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st day of September, 2023, at San Francisco, California.

/s/ *Joshua D. Samra*
Joshua D. Samra