COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**DEFENDANT GOOGLE LLC'S ADMINISTRATIVE MOTION TO EXTEND PAGE LIMIT FOR ITS OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S MOTION TO EXTEND PAGE
LIMITS FOR OPP. TO MOT. FOR CLASS CERT.
CASE NO. 4:21-CV-02155-YGR-VKD

Pursuant to Civil Local Rule 7-11, Defendant Google LLC ("Google") hereby moves the Court for an order granting a three-page extension of the page limit for Google's anticipated opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 546, the "Motion"). In addition to assisting the Court by providing more complete briefing on the myriad factual and legal issues raised by the Motion, this modest extension is necessary to avoid manifest unfairness. Plaintiffs already seized an extra three pages for their brief in support of the Motion without leave, in violation of this Court's local rules, and Google seeks an opportunity to respond appropriately.

Plaintiffs unilaterally disregarded Civil Local Rule 7-2(b)'s 25-page limit by filing a 28-page brief in support of the Motion. The Motion and its supporting brief contain 25 pages of substantive legal argument, plus three additional pages captioned as a "Notice of Motion and Motion" and "Statement of Issues to be Decided." *See* Mot. at vii – ix. But Local Rule 7-2(b) is clear: the motion, notice of motion, and all supporting text must be contained in "[i]n one filed document **not exceeding 25 pages in length**." Civ. L.R. 7-2(b) (emphasis added). This rule means what it says: "the notice of motion and points and authorities should be contained in one document with a combined page limit," not with "notices of motion that are separately paginated from the memoranda of points and authorities in support of the motions." *Wise v. MAXIMUS Fed. Servs., Inc.*, 445 F. Supp. 3d 170, 176 (N.D. Cal. 2020). Given this violation, the Court can *sua sponte* strike the current Motion and require Plaintiffs to comply by resubmitting a revised Motion that complies with Civil Local Rule 7-2(b). *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996).

Assuming Google is required to respond to the current Motion, Google respectfully requests that the Court grant leave for Google to file a brief of no more than 28 pages in opposition. Plaintiffs' Motion requires Google to address numerous complex topics. In addition to arguing that Plaintiffs have not fulfilled the requirements of Rule 23(a) and (b) for each of their six legal theories, Google will need to explain the complicated technologies at issue in this case and respond to the opinions of five separate expert witnesses. The modest extension Google requests will allow it to better develop these factual issues and their application to the class certification standard,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

GOOGLE'S MOTION TO EXTEND PAGE
LIMITS FOR OPP. TO MOT. FOR CLASS CERT.
CASE NO. 4:21-CV-02155-YGR-VKD

1 assisting in the Court's resolution of the Motion.

2 Plaintiffs never sought permission to file their overlength brief, yet they oppose Google's request for an equal number of pages to answer their contentions on the ground that "plaintiffs' counsel have filed similarly formatted class certification motions before Judge Gonzalez Rogers and other judges in this district with no issues raised by either defense counsel, the clerk's office or the Court itself." Reddy Decl. ¶ 3. Simply put, Plaintiffs were able to make more arguments than they could have had they followed the Local Rules, and it would be clearly unfair if Google could not fully respond because it, by contrast, has chosen to follow the rules. *See Hart v. TWC Prod. & Tech. LLC*, 2023 WL 3568078, at *1 (N.D. Cal. Mar. 30, 2023) (noting a *sua sponte* page limit extension for a response to an overlength brief filed in violation of local rules' page limits).

Google thus respectfully requests that, to the extent Google must respond to the Motion, the Court grant its request for leave to file a brief of no more than 28 pages in opposition to Plaintiffs' Motion.

Dated: September 7, 2023                COOLEY LLP


                                        By: */s/ Aarti Reddy*
                                            Aarti Reddy

                                        Attorney for Defendant
                                        GOOGLE LLC

290795884

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S MOTION TO EXTEND PAGE
LIMITS FOR OPP. TO MOT. FOR CLASS CERT.
CASE NO. 4:21-CV-02155-YGR-VKD