UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR   (VKD)<br><br>**ORDER RE AUGUST 2023 DISCOVERY DISPUTES RE PLAINTIFFS' DEPOSITIONS OF GOOGLE**<br><br>Re: Dkt. Nos. 554, 562 |

The parties ask the Court to resolve two disputes regarding plaintiffs' depositions of Google's witnesses. Dkt. Nos. 554, 562. First, plaintiffs seek leave to take at least five depositions in excess of the 10 depositions permitted by Rule 30. Dkt. No. 554. Second, plaintiffs seek an order compelling Google to designate a corporate representative to testify on behalf of the company regarding Topics 5, 7, 8, and 9 of plaintiffs' Rule 30(b)(6) deposition notice. Dkt. No. 562. The Court heard oral argument on the first dispute on August 22, 2023. Dkt. No. 565. At the Court's direction, the parties made a further submission regarding this dispute on August 31, 2023. Dkt. No. 572. The Court finds the second dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

As explained below, the Court will permit plaintiffs to take Rule 30(b)(6) deposition testimony on topics corresponding to Google's substantive answer to plaintiffs' Interrogatories Nos. 11-14. The Court will also require Google to provide testimony regarding disputed Topic 5 (as clarified below).

**I.      BACKGROUND**

Plaintiffs say they require additional depositions of Google beyond the 10 depositions they have already taken or noticed to date so that they can explore the factual bases for Google's recent

1  answers to plaintiffs' Interrogatories Nos. 11-14.  *See* Dkt. No. 554 at 2, 6.  Specifically, plaintiffs
2  ask for leave to take the depositions of Google employees Ted Herbstman, Ben Kornacki, Timon
3  Koehler, Sierra Feitshans, and Aaron Powers, each of whom assisted in compiling information for
4  Google's responses to the interrogatories.  *Id.* at 2.  In addition, plaintiffs seek leave to take the
5  deposition of any Google employee who submits a substantive declaration in support of Google's
6  not-yet-filed opposition to plaintiffs' class certification motion.  *Id.* at 3.

7  Additionally, in June 2023, plaintiffs served an amended Rule 30(b)(6) deposition notice
8  on Google seeking testimony about nine topics that they say are "narrowly focused to obtain
9  corporate testimony on highly relevant matters for trial," including Topics 5, 7, 8, and 9.  Dkt. No.
10  562 at 1-2; Dkt. No. 562-1 at 4-6.

11  Google objects to plaintiffs' request for depositions in excess of the 10-deposition limit on
12  several grounds, but its principal objections are that plaintiffs have not shown a particularized
13  need for additional depositions, that the proposed depositions would be cumulative and
14  duplicative, and that the burden of these additional depositions is not proportional to the needs of
15  the case.  Dkt. No. 554 at 6-7.  Google also objects to plaintiffs' request for an order prospectively
16  authorizing additional depositions for any Google declarant.  *Id.* at 7.

17  With respect to plaintiffs' amended Rule 30(b)(6) deposition notice, Google argues that
18  plaintiffs are attempting use Topics 5, 7, 8, and 9 to obtain discovery of subject matter the Court
19  has already decided they are not entitled to obtain.  Dkt. No. 562 at 4.  Google also objects that
20  these topics are overbroad and do not seek relevant information.  *Id.* at 4-6.  Finally, Google
21  argues that the Court should not permit plaintiffs to take a Rule 30(b)(6) deposition on any topics
22  until after September 29, 2023, Google's deadline to oppose plaintiffs' class certification motion.
23  *Id.* at 6-7.

## II.  LEGAL STANDARD

Rule 30(a)(2) of the Federal Rules of Civil Procedure requires a party to obtain leave of court before deposing more than 10 witnesses, absent a stipulation.  Fed. R. Civ. P. 30(a)(2)(A)(i). A court must grant leave to the extent consistent with the relevance and proportionality requirements of Rule 26(b).  Fed. R. Civ. P. 30(a)(2); *see also* Fed. R. Civ. P. 30, advisory

1    committee notes to 1993 amendment, subdivision (a) (limitation on depositions that may be taken
2    without leave or stipulation ensures compliance with requirements of Rule 26(b) and development
3    of a cost-effective plan for discovery in the case). Thus, a court must limit the extent or frequency
4    of discovery if it finds that (a) the discovery sought is unreasonably cumulative or duplicative or
5    can be obtained from a source that is more convenient, less burdensome or less expensive, (b) the
6    party seeking discovery has had ample opportunity to obtain the information through discovery; or
7    (c) the burden or expense of the discovery sought outweighs its likely benefit, considering the
8    needs of the case, the amount in controversy, the parties' resources, the importance of the issues at
9    stake, and the importance of the discovery in resolving those issues. *See RJ v. Cigna Health &*
10   *Life Ins. Co.*, No. 20-cv-02255 EJD (VKD), 2022 WL 16839492, at *1 (N.D. Cal. Nov. 9, 2022).
11   The party seeking additional depositions must make a particularized showing of need for the
12   depositions. *Authentec, Inc. v. Atrua Techs., Inc.*, No. C 08-1423 PJH, 2008 WL 5120767, at *1
13   (N.D. Cal. Dec. 4, 2008).
14     Rule 30(b)(6) requires the party seeking discovery of a corporate entity to describe "with
15   reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b) (6). A corporation
16   must make a good faith effort to prepare its designees so that they can answer questions fully,
17   completely, and without evasion. *In re JDS Uniphase Corp. Sec. Litig.,* Case No. 02-CV-1486
18   CW (EDL), 2007 WL 219857, at *1 (N.D. Cal. Jan. 29, 2007). A corporation may select one or
19   more officers, directors, managing agents, or other persons to testify on its behalf, but if the
20   designee cannot testify fully and completely on behalf of the corporation as to a particular topic
21   based on his or her own personal knowledge, the corporation has a duty to prepare the designee
22   using other sources of information available to the corporation. *Id.* ("The deponent must prepare
23   the designee to the extent matters are reasonably available, whether from documents, past
24   employees, or other sources."); *Gen. Elec. Co. v. Wilkins,* No. 10-00674 LJO (JLT), 2012 WL
25   2376940, at *11 (E.D. Cal. June 22, 2012) ("A corporate designee need not have personal
26   knowledge of the topics at issue but must be sufficiently prepared on the topics such to be able to
27   provide knowledgeable and binding testimony."). As with all discovery, a Rule 30(b)(6)
28   deposition must be directed to non-privileged matter that is relevant to a claim or defense and that

1  is proportional to the needs of case, considering the importance of the issues at stake in the action,

2  the amount in controversy, the parties' relative access to relevant information, the parties'

3  resources, the importance of the discovery in resolving the issues, and whether the burden or

4  expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).

**III.   DISCUSSION**

     **A.   Plaintiffs' Request for Additional Depositions**

The Court agrees that plaintiffs have made a particularized showing demonstrating a need for deposition testimony regarding Google's recent responses to plaintiffs' Interrogatories Nos. 11-14.  However, the Court is not persuaded that plaintiffs require the depositions of any of the five specific witnesses identified in the August 1, 2023 discovery letter.  Rather, what plaintiffs require is factual information about how the substantive information presented in Google's interrogatory answers was derived or calculated.  Having considered the oral arguments on this point and the parties' further submission, the Court concludes that the parties' interests in efficiency and proportionality are best served by permitting plaintiffs to obtain the information they need by means of a Rule 30(b)(6) deposition of Google.

To that end, Google shall prepare a corporate designee(s) to testify regarding the following topics:

    1.   The creation and maintenance of the excel spreadsheet produced as GOOG-HEWT-00455648 as a business record of Google, the particular source(s) of the data included on the spreadsheet, the formula or calculation and inputs used for that formula or calculation to derive the figures included on the spreadsheet, the manner in which Google records RTB revenues from Google U.S. account holders while outside the U.S., the manner in which Google records RTB revenues from Google non-U.S. account holders while in the U.S, and Google's ability to provide information similar to that provided in the spreadsheet for the remainder of the proposed class period (i.e., the second half of 2016, the second half of 2022, and the first half of 2023).

    2.   The creation and maintenance of the Excel spreadsheet produced as GOOG-HEWT-00455800 as a business record of Google, the particular source(s) of the data

4

included on the spreadsheet, the formula or calculation and inputs used for that formula or calculation to derive the figures included on the spreadsheet, the manner in which Google determined account activity, and the time period covered by the spreadsheet.[1]

       3.       The manner in which Google identified and quantified the RTB bid requests associated with each named plaintiff as set forth in Google's Supplemental Response to Interrogatory 13, and the reasons why Google only included RTB bid requests for portions of 2021 and all of 2022 in its response.

       4.       The manner in which Google identified and quantified the successful RTB auctions associated with each named plaintiff as set forth in Google's Supplemental Response to Interrogatory 14, and the reasons why Google only included successful RTB auctions for portions of 2021 and all of 2022 in its response.

*See* Dkt. No. 572 at 1-2.

With respect to plaintiffs' request for advance permission to take additional depositions of any Google employees who submit substantive declarations in support of Google's opposition to plaintiffs' class certification motion, the Court denies the request without prejudice at this time, as no such declarations have been filed. The Court expects the parties to heed the guidance the Court provided regarding this issue during the August 22, 2023 hearing. *See* Dkt. No. 570 at 40:1-41:1, 52:22-53:14.

    **B.**    **Disputed Deposition Topics**

        **1.**    **Topic 5**

In Topic 5, plaintiffs ask Google to designate a representative to testify about: "The databases, data systems or data logs that contain or reflect how Google logs, maps, associat[es] or links to personal Google accounts, any of the information called for in Topic 4, and the standard preservation or retention period(s) associated with such databases, data systems or data logs." Dkt. No. 562-1 at 4-5. Plaintiffs explain that Topic 5 seeks testimony about how Google records

---

[1] This topic replaces Topic 3 in plaintiffs' amended Rule 30(b)(6) notice, and Google must provide testimony about this topic in lieu of providing a written response to Topic 3.

and maintains the information called for in Topic 4—i.e., how Google logs, maps, associates or links the information listed in subparts (a)-(e) of Topic 4 with "personal Google accounts" in connection with Google's RTB auction system—as well as the "standard preservation or retention periods" for these records. Dkt. No. 562 at 2. Google objects that Topic 5 seeks testimony about "Google's internal storage (not sharing) of [account holder] data—a subject this Court has repeatedly excluded from discovery." *Id.* at 4.

In prior discovery orders, the Court has not permitted plaintiffs to obtain discovery of what they call Google's "front-end" process—specifically, Google's collection, creation, and storage of account holder information. *See, e.g.,* Dkt. No. 231 at 14; Dkt. No. 287 at 2-3; Dkt. No. 382 at 4. But the Court has permitted plaintiffs to obtain discovery of account holder information that Google discloses to RTB participants, including information that is used to facilitate the targeting of advertising to an account holder and information that allows an RTB participant to identify an account holder based on information the participant may have about that account holder. *See, e.g.,* Dkt. No. 314 at 4; Dkt. No. 382 at 5; Dkt. No. 481 at 6. Furthermore, the Court has permitted plaintiffs to obtain discovery of the records Google maintains documenting these disclosures. *See* Dkt. No. 184 at 6-7; Dkt. No. 314; Dkt. No. 481; Dkt. No. 485.

The Court does not understand Topic 5 to encompass testimony about Google's collection, creation, and storage of account holder information as part of its "front-end" process. Rather, the Court construes Topic 5 as directed to testimony about the records Google keeps of how the information in Topic 4, subparts (a)-(e), that is *shared with RTB participants* is logged, mapped, associated, or linked to personal Google accounts. In other words, Topic 5 is limited records reflecting disclosure and mapping *in connection with RTB auctions*, and does not encompass records reflecting the collection, creation, and storage of account holder information by Google generally. So construed, Topic 5 is consistent with the Court's prior orders on the scope of discovery and covers permissible subject matter. Google must prepare a designee to testify on this topic as construed by the Court.

To the extent Google objects to the portion of Topic 5 that asks for testimony about "standard preservation or retention period(s) associated with" Google's records of disclosure and

6

1  mapping of account holder information in connection with RTB auctions, that objection is
2  overruled.

### 2. Topic 7

4  In Topic 7, plaintiffs ask Google to designate a representative to testify about: "The mechanisms and procedures, if any, by which Google seeks or obtains U.S. Google account holders' consent to share with or sell to third-parties outside of Google, information reasonably associated with or linked to a U.S. Google account holder in Google RTB, and the databases, data systems or records, if any, reflecting such account holders' consent." Dkt. No. 562-1 at 5. Plaintiffs say that they are entitled to inquire about how Google seeks and obtains account holder consent for any personal information shared with RTB participants. Dkt. No. 562 at 2. Google points out that it has already promised to provide testimony with respect to Topic 6, which asks for: "The mechanisms and procedures, if any, by which Google seeks or obtains U.S. Google account holders' consent to share with or sell to third-parties outside of Google, in Google RTB, any of the information described in Topic 4, and the databases, data systems or records, if any, reflecting such account holders' consent." *Id.* at 6; Dkt. No. 562-1 at 5.

Topics 6 and 7 are identical except that Topic 6 asks about consent with respect to Google's disclosure to RTB participants of the information in Topic 4, subparts (a)-(e), while Topic 7 asks about consent with respect to "*information reasonably associated with or linked to* a U.S. Google account holder in Google RTB." Google objects that the Topic 7 formulation seeks a designee's testimony about a legal contention (i.e., what constitutes "information reasonably associated with/linked to"), not facts, and is therefore improper. Dkt. No. 562 at 6. Plaintiffs do not directly respond to this argument. Nor do they explain what they mean by the phrase "information reasonably associated with or linked to" an account holder and how it differs, if at all, from the testimony sought via Topic 6. *See id.* at 2.

While the Court agrees plaintiffs are entitled to discovery about Google's consent defense, the Court will not require Google to prepare a witness to testify regarding Topic 7. Google's representative should be prepared to testify fully about Topic 6.

United States District Court
Northern District of California

### 3. Topic 8

In Topic 8, plaintiffs ask Google to designate a representative to testify about: "The policies and practices governing Google employees' creation, use, maintenance and retention of internal Google emails, Google chats, internal and external presentations, internal memos, and other documents created in the course of employment at Google." Dkt. No. 562-1 at 8. Plaintiffs explain that this topic covers "how business records are created and maintained at Google," and that they seek this testimony because "multiple Google witnesses disclaimed knowledge about documents produced in discovery that they authored or received, and hundreds of key Google documents list no identified custodians, authors or recipients in Google's metadata." Dkt. No. 562 at 3. Google argues that plaintiffs have not identified any specific deficiency in Google's preservation or production of documents, and certainly no deficiencies that could support such a wide-ranging deposition topic. *Id.* at 5. Google also argues plaintiffs have never raised any metadata issues with it. *Id.* at 5 n.7

It is not surprising that Google's deponents do not recall all of the emails or documents they have ever authored or received during a discovery period that spans several years. The Court fails to see how such failures of memory by these unidentified deponents justifies the kind of inquiry plaintiffs propose. Plaintiffs do not suggest that Google or its witness have somehow called into question the basic operation of Google's corporate email or document management systems, such that Google will contest, for example, that an email reflecting an author and recipient in its header is not, in fact, what it purports to be. With respect to metadata, the Court does not see how plaintiffs expect Google to prepare a witness to respond to questions about metadata that is purportedly missing from "hundreds" of Google documents. *Id.* at 3.

The Court appreciates that admissibility of ESI, whether emails or other materials, can present difficult evidentiary issues. *See* Fed. R. Evid. 803(6), 901(a), 901(b)(4), 902(13), 902(14). However, it is not clear that Topic 8 is directed to addressing any of those evidentiary issues, and plaintiffs do not rely on any such justification, citing instead cases having to do with a party's failure to produce documents or documents that are missing from a production. *See Lou v. Ma Laboratories, Inc.,* No. 12-cv-05409 WHA (NC), 2013 WL 12328278, at *1-2 (N.D. Cal. Mar. 28,

8

2013); *MedImpact Healthcare Sys., Inc. v. IQVIA Inc.*, No. 19-cv-1865-GPC-DEB, 2022 WL 1694428, at *3 (S.D. Cal. May 26, 2022). The Court denies plaintiffs' request for a corporate testimony regarding Topic 8. However, the Court encourages the parties to discuss whether the concerns plaintiffs have about particular emails or other documents can be addressed through other, more efficient means. The Court's determination that Topic 8 is not an appropriate deposition topic is without prejudice to plaintiffs' use of a more particularized deposition topic, if necessary.

### 4. Topic 9

In Topic 9, plaintiffs ask Google to designate a representative to testify about:

> Google's litigation holds and preservation of data, records and information relevant or responsive to claims, defenses or issues in this action, including:
>
> (a) The date(s) Google issued any litigation hold(s) in connection with this action;
>
> (b) The scope of the litigation hold(s);
>
> (c) The extent to which any litigation hold(s) issued by Google in connection with this action applied to only the named plaintiffs or the entire proposed class;
>
> (d) Whether litigation holds issued by Google in connection with other matters or investigations require Google to preserve information and data relevant or responsive to claims, defenses or issues in this action and, if so, the time period of such preservation/retention;
>
> (e) The identity of all log(s) or data source(s) capable of associating or linking information transmitted in Google RTB bid requests with personal Google accounts, and the length of time such log(s) or data sources(s) have been preserved, whether as part of a routine preservation or retention directive, or as part of litigation holds issued by Google in this action or in other matters or investigations;
>
> (f) The identity of all log(s) or data source(s) from which the 'verticals' data fields Google shared with RTB participants can be produced, and the length of time such log(s) or data sources(s) have been preserved, whether as part of a routine preservation or retention directive, or as part of litigation holds issued by Google in this action or in other matters or investigations.

Dkt. No. 562-1 at 5-6. Plaintiffs explain that this testimony is necessary "to ascertain whether Google spoliated or failed to preserve relevant information, including data capable of associating or linking information in RTB bid requests with personal Google accounts." Dkt. No. 562 at 3. Plaintiffs say that Google has answered interrogatories about its retention period for certain data sources and about whether data from those sources exist, but they say the Google has refused to provide details. *Id.* Google responds that it has "offered to provide verified written responses to questions regarding preservation of data," and that plaintiffs "falsely claim that Google refuses to provide details about log preservation." *Id.* at 5. To the extent plaintiffs seek discovery of Google's litigation holds, Google argues this information is privileged. *Id.* at 6.

The Court is not persuaded that the expansive deposition testimony plaintiffs seek regarding Google's preservation of documents and its litigation holds is warranted, where plaintiffs' purpose is to "ascertain whether" Google failed to preserve or destroy relevant evidence. *Id.* at 3. As recounted to the Court, plaintiffs' suspicions are aroused because they believe Google should still have certain data that it claims no longer exists. *See id.* But rather than targeting its inquiry to the particular log or data source at issue, plaintiffs ask for testimony about *everything* Google did with respect to preservation of potentially responsive information for the entire case. Plaintiffs overreach, particularly where, as here, Google states that it is prepared to provide verified written responses to questions regarding its preservation of data.

The Court will not require Google to prepare a corporate representative to testify to Topic 9. The Court suggests plaintiffs take Google up on its offer to provide verified interrogatory responses.

### C. Timing of Rule 30(b)(6) Deposition

The Court encourages the parties to discuss and agree upon specific dates on which Google will present its corporate designee(s) to testify on the agreed and permitted deposition topics, so that plaintiffs may obtain this testimony promptly after September 29, 2023. While the Court does not endorse Google's lengthy delay in responding to plaintiffs' amended notice, plaintiffs offer no persuasive explanation for why they require this testimony before September 29, 2023.

10

## IV. CONCLUSION

For the reasons explained above, the Court orders Google to provide Rule 30(b)(6) deposition testimony regarding Topics 1, 4, 5 (as clarified above), and 6, and the four additional topics listed above in section III.A of this order.  Google is not required to provide Rule 30(b)(6) deposition testimony regarding Topics 3, 7, 8, and 9.

**IT IS SO ORDERED.**

Dated: September 8, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge