UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No.21-cv-02155-YGR  (VKD) <br><br> **ORDER GRANTING IN PART MOTION TO SEAL MAY 16, 2023 HEARING** <br><br> Re: Dkt. No. 571 |

On August 28, 2023, defendant Google LLC ("Google") filed an administrative motion to seal portions of the transcript of the Court's May 16, 2023 discovery hearing. Dkt. No. 571. Plaintiffs oppose this motion, arguing that Google has not established good cause to seal the information in question, that its supporting declaration is improper, and that the motion is untimely. Dkt. No. 574.

This is Google's second motion to seal the May 16, 2023 hearing transcript. *See* Dkt. No. 561. The Court denied Google's earlier request without prejudice, noting that the hearing was open to the public, the motion was untimely, and that Google had not established good cause to seal the portions of the transcript it identified. Dkt. No. 564.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (cleaned up). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). A party seeking to seal documents or information in connection with such a motion must meet the

lower "good cause" standard of Fed. R. Civ. P. 26(c). *Id.* at 1098-99; *Kamakana*, 447 F.3d at 1179-80. The discovery hearing at issue here does not address the merits of either party's claims or defenses, so the Court applies the "good cause" standard of Rule 26(c).

Google argues that good cause exists here because "[p]ublic disclosure of [the identified] information would reveal Google's internal strategies, system designs, and business practices for operating and maintaining its important proprietary services." Dkt. No. 571 at 4. It also claims that disclosure would "create[] a serious cybersecurity risk as third parties may seek to use this information to compromise Google's data sources, including data logs." *Id.* Google notes that its current sealing request is narrower than its first sealing request. *Id.* at 1. *See also* Dkt. No. 571-1 ¶ 3; Dkt. No. 561-1 ¶ 3. Google relies on a declaration by its counsel that counsel says is "based on [his] review, consultation with [his] client, and familiarity with this Court's prior sealing orders." Dkt. No. 571-1 ¶ 3.

Plaintiffs argue that much of the information Google seeks to seal is already publicly available and that Google's allegations of potential harm are generic. Dkt. No. 574 at 2-3. They also complain that Google relies on a declaration from its counsel for factual support. *Id.* at 3-4.

The Court agrees with Google that good cause exists to seal many of the portions of the May 16, 2023 hearing transcript it identifies. Its prior order faulted Google for seeking to seal information that was publicly available elsewhere, like the names of its internal data fields. Dkt. No. 564 at 3. Google's revised redactions are more narrowly tailored to protect information regarding the company's internal systems and operations. Dkt. No. 571-1 ¶ 3; Dkt. No. 561-1 ¶ 3; Civil L.R. 79-5(c)(3). The plaintiffs argue that much of the information Google seeks to seal here was revealed in *Brown v. Google* (No. 20-cv-3664), a related case. *See* Dkt. No. 574-1 ¶ 2. After reviewing the filings in *Brown* cited by the plaintiffs, the Court concludes they do not reveal all of the information Google seeks to seal here and do not compel public disclosure of the entire hearing transcript. However, the Court agrees with plaintiffs that some of Google's proposed redactions cover publicly available information or high-level descriptions that are not appropriate subjects for sealing. *See id.* ¶¶ 1, 4. The Court identifies the portions of the transcript for which it finds good cause for sealing in the table below.

1   Plaintiffs' other arguments are not persuasive.  While Google's prior motion contained
2   only generic statements that "public disclosure of this information presents serious risk of
3   irreparable harm" (Dkt. No. 561-1 ¶ 7), its current submission addresses the "specific prejudice or
4   harm" that would results from its disclosure.  *In re Volkswagen "Clean Diesel" Mktg., Sales*
5   *Pracs., & Prod. Liab. Litig.*, No. 3:16-CV-2086-CRB, 2019 WL 13268668, at *3 (N.D. Cal. Sept.
6   13, 2019) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th
7   Cir. 2002)).  In particular, Google explains that this information could be used by cybercriminals
8   to target its users if publicly disclosed.  *See* Dkt. No. 571-1 ¶¶ 7-8.  Additionally, the Court notes
9   that the District's Local Rules only require "evidentiary support from declarations *where*
10  *necessary*."  Civil L.R. 79-5(c)(2) (emphasis added); Dkt. No. 531 at 3.  Declarations from counsel
11  may be insufficient to support a sealing request in some instances.  *See Waymo LLC v. Uber*
12  *Techs., Inc.*, No. 17-CV-00939-WHA (JSC), 2017 WL 3581171, at *3 (N.D. Cal. Aug. 18, 2017)
13  ("There is no point in having attorneys submit declarations in support of sealing if the Court is
14  required to order a document sealed merely because an attorney says he thinks it should be.");
15  *Celgard, LLC v. Targray Tech. Int'l Inc.*, No. 19-CV-02401-VKD, 2019 WL 3841997, at *2 (N.D.
16  Cal. Aug. 15, 2019) (counsel declaration which "briefly and generally asserts" potential for harm
17  would "ordinarily . . . be insufficient").  While a declaration of counsel is less compelling than a
18  declaration of a knowledgeable party employee, the Court relies principally on the arguments
19  Google makes in support of its sealing request, a review of the record in this case regarding what
20  has already been publicly disclosed, and a careful examination of the material sought to be sealed.
21  In these circumstances the Court concludes that Google has demonstrated good cause to
22  seal the following material and the Court orders that it be sealed:

| Document | Portions to be filed Under Seal |
|---|---|
| May 16, 2023 Hearing Transcript | Portions highlighted at page(s) of Dkt. No. 571-2: 7:5-11; 7:13; 7:18-20; 7:25 – 8:3; 8:8-11; 8:16; 10:1; 10:8-10; 11:2; 12:4-5; 12:12; 16:14-15; 16:20; 19:11-13; 19:16; 20:6-7; 22:22-23; 23:9; 24:10-16; 24:18-21; 27:2-3; 27:9; 28:8; 28:11-13; 28:15; 28:17-20; 28:22 – 29:2; 29:18; 30:2; 30:6; 33:19-20; 33:24-25; 34:2-6; 34:12; 34:20; 34:22 – 35:2; 35:5; |

United States District Court
Northern District of California

| | 36:7-8; 37:5-6; 37:21-22; 37:24; 38:6-8; 38:19; 38:22-23; 39:3-5; 39:8; 39:10; 39:15; 39:20-22; 40:21; 41:11; 41:20; 41:22; 41:24; 43:2; 43:5; 43:11-12; 43:16; 44:7; 44:13-14; 44:16; 45:16; 45:21; 45:25; 47:3; 47:12; 47:17; 47:20; 48:3-4; 49:20; 49:23-24; 50:23 – 51:2; 51:18; 53:8-9; 55:2; 55:21; 55:24; 56:8-12; 56:14-15; 56:17-19; 57:11; 57:21-22; 57:24; 58:9-12; 58:18-19; 58:25; 59:2; 59:15; 59:19; 60:13; 60:15; 60:19-22; 61:7-9; 61:12; 61:15; 62:4; 62:7; 62:10; 62:13; 62:15-16; 62:18-19; 62:21-22; 63:2-3; 63:11-12; 63:20; 63:23-24; 64:24; 65:3; 65:7-8; 65:12; 65:14; 65:21; 66:3-4; 67:10-11; 67:25; 68:9-11; 69:22; 70:14; 70:17-18; 71:1[1] |
|---|---|

The Clerk of Court is directed to coordinate with the certified transcriber to prepare a redacted transcript as described above. The certified transcriber shall file a redacted transcript on the docket. This order terminates Dkt. No. 571.

**IT IS SO ORDERED.**

Dated: September 11, 2023

_____
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] Google has not established good cause to seal the following portions of the transcript: Dkt. No. 571-2 at 15:15-16; 17:3-4; 40:3 and 40:5.