Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

[Additional Counsel Appear on Signature Page]

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* | **CASE NO. 4:21-CV-02155-YGR-VKD** |
| *This document applies to all actions.* | **PLAINTIFFS' RESPONSE TO GOOGLE'S ADMINISTRATIVE MOTION (ECF No. 575) TO EXTEND PAGE LIMITS FOR ITS OPPOSITON TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENATIVES AND CLASS COUNSEL** |

Plaintiffs respectfully submit this response to the administrative motion by defendant Google LLC ("Google") (ECF No. 575), in which Google seeks three additional pages of briefing to oppose plaintiffs' motion for class certification (ECF No. 546), purportedly so that Google may "better develop the[] factual issues and their application to the class certification standard, assisting in the Court's resolution of the Motion." ECF No. 575 at 1:27-28.

Specifically, plaintiffs oppose Google's suggestion that the Court strike plaintiffs' class certification motion because the motion includes within a single document a two-page Notice of Motion, followed by a one paragraph Statement of Issues to be Decided section, as contemplated by Civil Local Rules 7-2 and 7-4. While plaintiffs acknowledge that these required motion elements were separately numbered from the memorandum of points and authorities, plaintiffs believe this is consistent with local practice (including in other litigation matters involving Google to which Google raised no objection[1]), and in harmony with the spirit of the Civil Local Rules which are intended to provide an equal amount of substantive briefing to both sides, while separately imposing a notice of motion requirement *only* upon the moving party. Reading the Civil Local Rules as Google does would mean that every moving party would be unfairly prejudiced in its substantive briefing by being deprived of the pages typically mandated for its notice of motion – this, despite the fact that every moving party bears the burden of persuasion on its motion.

Google's assertions and the relief it requests also fail for lack of demonstrable prejudice. *See Cardonet, Inc. v. IBM Corp., N*o. C-06-06637-RMW, 2008 WL 941707, at *2 (N.D. Cal. Apr. 7, 2008) (denying motion to strike second motion for summary judgment for violating Civil Local Rule 7-2(b) because movant failed to demonstrate prejudice arising from opposing an additional motion). Google concedes it does not require additional pages to address plaintiffs' Notice of Motion or their Statement of Issues to be Decided section– the only elements in plaintiffs' class certification

---

[1] *See, e.g., Calhoun v. Google LLC,* Case No. 4:20-cv-05146-YGR-SVK, ECF No. 340 (Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel, filed Oct. 14, 2021 with a separately-numbered two-page notice of motion); *In re Google Play Consumer Antitrust Litig.*, Case No. 3:20-CV-05761-JD, ECF No. 251 (Consumer Plaintiffs' Notice of Motion, Motion for Class Certification, and Memorandum in Support, filed May 26, 2022 with a separately-numbered two-page notice of motion).

1 | motion to which Google apparently objects. Indeed, to address Google's concerns, plaintiffs agreed to stipulate to allow Google one additional page in its opposition memorandum to provide its own responsive Statement of Issues to be Decided section. Google refused plaintiffs' offer and, without conferring further to see if some reasonable accommodation could be reached, Google proceeded to file this administrative motion.

Plaintiffs thus respectfully request that Google's administrative motion to extend the page limits for its opposition memorandum to plaintiffs' motion for class certification be denied.

**PRITZKER LEVINE LLP**

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (Cal. Bar No.146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
1900 Powell Street, Ste. 450
Oakland, CA 94602
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Anne K. Davis (Cal. Bar No. 267909)
Joshua D. Samra (Cal. Bar No. 313050)
1330 Broadway, Suite 630
Oakland, CA 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*adavis@bfalaw.com*
*jsamra@bfalaw.com*

**SIMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Jenny Paulson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949

*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*jpaulson@simmonsfirm.com*

**DICELLO LEVITT LLP**
David A. Straite (admitted *pro hac vice*)
James Ulwick (admitted *pro hac vice*)
485 Lexington Avenue, Tenth Floor
New York, NY 10017
Tel.: (646) 933-1000
Fax: (646) 494-9468
*dstraite@dicellolevitt.com*
*julwick@dicellolevitt.com*

**COTCHETT PITRE & MCCARTHY, LLP**
Nancy E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal Bar. No. 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road
Burlingame, CA 94010
Tel.: (650) 697-6000
*nnishimura@cpmlegal.com*
*bdanitz@cpmlegal.com*
*kswope@cpmlegal.com*

**BOTTINI & BOTTINI INC.**
Francis A. Bottini, Jr. (Cal. Bar No. 175783)
Yury A. Kolesnikov (Cal. Bar. No. 271173)
7817 Ivanhoe Ave., Ste. 102
LA Jolla, CA 92037
Tel.: (848) 914-2001
*fbottini@bottinilaw.com*
*ykolesnikov@bottinilaw.com*

*Plaintiffs' Executive Committee*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, Bethany Caracuzzo, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of September 2023, at Emeryville, California.

/s/ *Bethany Caracuzzo*
Bethany Caracuzzo