UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No.21-cv-02155-YGR  (VKD)<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 573 |

Defendant Google LLC ("Google") has filed an administrative motion to seal portions of an interrogatory response it included, at the Court's direction, as an exhibit to a supplemental submission regarding a discovery dispute. *See* Dkt. Nos. 566, 572, 573. Plaintiffs have not responded to Google's motion.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (cleaned up). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). A party seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c). *Id*. at 1098-99; *Kamakana*, 447 F.3d at 1179-80. The discovery hearing at issue here does not address the merits of either party's claims or defenses, so the Court applies the "good cause" standard of Rule 26(c).

Google argues that good cause exists here because the portions of the interrogatory response it seeks to seal contain "information about the structure and operation of Google's

internal systems and advertising infrastructure, including systems design and capabilities" and "highly sensitive, confidential, and proprietary technical names of internal data logs." Dkt. No. 573 at 2-3. It claims that the release of this information would cause the company "significant competitive harm" and "create[] a risk of cyber security threats." *Id.* Google also argues that its "proposed redactions are consistent with the type of information" the Court has sealed in the past in this case. *Id.* at 3.

The Court agrees that good cause exists to seal the portions of Google's June 8, 2023 supplemental interrogatory responses identified at Dkt. No. 573-2. The redactions Google proposes are minimal and narrowly tailored to protect from the potential harm that it alleges. *See* Civil L.R. 79-5(c)(3); Dkt. No. 573-2 at 4-6, 8; *see also, e.g.*, Dkt. No. 540 (sealing information about internal systems which would be valuable to competitors); Dkt. No. 577 (sealing names of internal identifiers and logs). In these circumstances the Court concludes that Google has demonstrated good cause to seal the following material and the Court orders that it be sealed:

| Document | Portions to be filed Under Seal |
|---|---|
| Google's Supplemental Objections and Responses to Plaintiffs' Fourth Set of Interrogatories, No. 13 | Portion(s) highlighted at Dkt. No. 573-2, page 4-5 |
| Google's Supplemental Objections and Responses to Plaintiffs' Fourth Set of Interrogatories, No. 14 | Portion(s) highlighted at Dkt. No. 573-2, page 6 |
| Google's Supplemental Objections and Responses to Plaintiffs' Fourth Set of Interrogatories, No. 15 | Portion(s) highlighted at Dkt. No. 573-2, page 8 |

A redacted version of this document is already available on the public docket. *See* Dkt. No. 572-4. Accordingly, no further action is required from the parties.

**IT IS SO ORDERED.**

Dated: September 11, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge