# Plaintiff's Motion to Compel Deposition of Sundar Pichai

# Redacted Version of Document Sought to be Sealed

| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP**<br>Lesley Weaver (Cal. Bar No.191305)<br>Angelica M. Ornelas (Cal. Bar No. 285929)<br>Joshua D. Samra (Cal. Bar No. 313050)<br>555 12th Street, Suite 1600<br>Oakland, CA 994607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>lweaver@bfalaw.com<br>aornelas@bfalaw.com<br>jsamra@bfalaw.com | **DICELLO LEVITT GUTZLER LLC**<br>David A. Straite (admitted *pro hac vice*)<br>One Grand Central Place<br>60 East 42nd Street, Suite 2400<br>New York, NY 10165<br>Tel.: (646) 933-1000<br>dstraite@dicellolevitt.com<br><br>Amy E. Keller (admitted *pro hac vice*)<br>Adam Prom (admitted *pro hac vice*)<br>Sharon Cruz (admitted *pro hac vice*)<br>Ten North Dearborn Street, 6th Fl.<br>Chicago, Illinois 60602<br>Tel.: (312) 214-7900<br>akeller@dicellolevitt.com<br>alevitt@dicellolevitt.com<br>aprom@dicellolevitt.com<br>scruz@dicellolevitt.com |
| **SIMMONS HANLY CONROY LLC**<br>Jason 'Jay' Barnes (admitted pro hac vice)<br>An Truong (admitted pro hac vice)<br>Eric Johnson (admitted pro hac vice)<br>112 Madison Avenue, 7th Floor New York, NY 10016<br>Tel.: (212) 784-6400<br>Fax: (212) 213-5949<br>jaybarnes@simmonsfirm.com<br>atruong@simmonsfirm.com<br>ejohnson@simmonsfirm.com | |

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF SUNDAR PICHAI**<br><br>Judge:   Honorable Susan van Keulen |

**NON-PUBLIC VERSION SOUGHT TO BE SEALED – TEXT HIGHLIGHTED IN YELLOW INDICATES PROPOSED REDACTIONS**

### I.     Introduction

Plaintiffs move to compel the deposition of Google and Alphabet CEO Sundar Pichai, as has already been ordered in the related *Brown v. Google* action. Mr. Pichai is not just the CEO; instead, he started as an engineer at Google 18 years ago, rose through the ranks, and was the "mastermind" behind the Chrome browser, the very product at issue in this case. *See* Ashri Khanelwal, "Sundar Pichai: Did You Know that Google CEO was the Mastermind of Chrome Browser," www.timesnownews.com (Sept. 27, 2019). Even after he was promoted to CEO, he retained hands-on authority over Chrome, including many of the data-transmission issues contested here. Plaintiffs have deposed several employees who met with Mr. Pichai but could not recall what was said, necessitating his deposition. And if Mr. Pichai was aware of any of the unlawful data collection from the Chrome browser alleged here, his knowledge alone can trigger punitive damages under Cal. Civil Code § 3294(b) (corporation liable for punitive damages where acts of employees "authorized or ratified" by an officer or director).

### II.     Legal Standard

Pursuant to Rule 26(b), a party "may obtain discovery regarding any nonprivileged material that is relevant to any party's claim or defense and proportional to the needs of the case[.]" The party resisting discovery bears the burden of "clarifying, explaining and supporting its objections with competent evidence." *Harris v. Best Buy Stores, L.P.*, No. 3:15-CV-00657-HSG-KAW, 2016 WL 6024556, at *1 (N.D. Cal. Oct. 14, 2016). Furthermore, "a party seeking to prevent a deposition carries a heavy burden to show why discovery should be denied." *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 WL 205067, at *3 (N.D. Cal., Jan. 15, 2007). "Thus, it is very unusual 'for a court to prohibit the taking of a deposition altogether absent extraordinary circumstances.'" *Apple v. Samsung Electronics Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal., 2012) (citations omitted). "When a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition." *Id.* "In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Id.*

## III.  Argument

Mr. Pichai has unique, personal knowledge of issues relating to the Chrome browser, sync, and privacy concerns that are highly relevant to this case. Numerous documents establish that specific relevant information was communicated to and from Mr. Pichai. Although not all relevant documents can be cited herein, the following provide a snapshot of Mr. Pichai's direct involvement and decision-making regarding issues in this case:

- Deposition testimony in this case revealed that senior engineers and executives met with Mr. Pichai to discuss Chrome-related projects like ▮▮▮▮ and ▮▮▮, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, *but the deponents could not provide details of those meetings*. D. Ravichandran Dep. Tr. 242:17-243:10, 251:5-252:6, 254:2-255:14; C. Bindra Dep. Tr. 67:5-68:4, 233:2-16, 205:11-206:25, 225:22-226:17.

- A document titled "Potential Sundar questions," includes questions and draft answers, including about data Google has to suggest that users care about privacy on the web; and how effective fingerprinting is at uniquely identifying users, including "*IP address alone is a significant vector for user reidentification*." GOOG-CABR-04004680.

- Regarding how Google enforces account consistency on mobile, "Sundar ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." Part of the solution was "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." GOOG-CABR-03751608.

- The recap of a May 8, 2019 "Sundar review" meeting shows that the leads from the Google Ads, Search, and Chrome teams agreed on a path forward "and therefore we didn't need him to make some of the tougher calls we anticipated . . . Sundar affirmed our approach," including looking at ways to make the Chrome experience better for users while also increasing query volume. GOOG-CABR-03766440.

- A slide deck titled "Chrome Update; Sundar Review; August 21, 2019" says, "Today: *privacy-related controls are hidden in the advanced section of settings and on subpages. They are overwhelming …. And difficult to understand*" and regarding revisiting how synced

browser history is accessed and used across Google says, "*We also have legal concerns with the current consent framework, given shifting landscape*." GOOG-CABR-05269598.

- Employees, including Mr. Pichai, "spent a lot of time" on Chrome browser development and understand the need for Chrome to innovate, but feel Google must do so "in a revenue neutral to positive way (and [are] unconvinced these are in conflict)," because although there are many features that are user positive, they have not been launched due to an adverse effect on query volume and aren't strategically imperative to justify the cost. GOOG-CABR-03767728. Google employees wanted guidance from Mr. Pichai regarding rollbacks and how Chrome impacts revenue. GOOG-CALH-01026247.

- Decoupling sync and sign-in was a high priority, which Mr. Pichai discussed during a strategy meeting, as described this way: "If you watch Sundar's strategy meeting last week, around 14:00, he talked about signed-in, location and identity. *I think that is why he wants 100% sign-in irrespective of sync*." The GAIA team also wanted to pursue the project. GOOG-CABR-03833103.

- Mr. Pichai's review meetings include discussion of supposed user "consent" to data collection: "Sundar talked about--sometimes we have these checkboxes and what not--e.g. Chrome Sync is used for Chrome sync. We then say we can use the data for Discover or Discover Ads. . . . You can say users agree to it -- completely independent and orthogonal feature." GOOG-CABR-03988269.

- Going back to 2014, Mr. Pichai was involved in user device-level settings: "Sundar reviewed a much simpler 'second-time' flow for turning on device-level settings – but we never staffed that work, so it was never built…" GOOG-CABR-05383036.

- Mr. Pichai's 2019 goals and intent were described as having privacy as the focus, *which was in conflict with Google Ads' desire to track users*: "'if you take nothing else away from these OKRs, take Privacy as the priority for this year.' . . . Ads VPs obviously feel the opposite: Don't say anything in the near term. Don't launch anything that breaks tracking in the near term (not that that was anyone's plan). If we have to launch something, launch RoC since we know how to use that to track and can transition pretty quickly…" GOOG-CABR-03983616..

1  DATED: March 11, 2022

**BLEICHMAR FONTI & AULD LLP**

By:  */s/ Lesley E. Weaver*
Lesley Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

**SIMMONS HANLY CONROY LLC**

By:  */s/ Jay Barnes*
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*

**DICELLO LEVITT GUTZLER LLC**

By:  */s/ David Straite*
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 E. 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 993-1000
*dstraite@dicellolevitt.com*

Amy Keller (admitted *pro hac vice*)
Adam Levitt (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn St., 6th Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*
*alevitt@dicellolevitt.com*
*aprom@dicellolevitt.com*
*scruz@dicellolevitt.com*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, David Straite, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 11, 2022                    /s/ *David Straite*
                                                             David A. Straite

**CERTIFICATE OF SERVICE**

I, David A. Straite, hereby certify that on March 11, 2022, I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which will send electronic notification to all counsel of record. I also caused a copy of the under seal filings to be delivered to counsel for Defendant Google LLC via electronic mail.

Dated: March 11, 2022                                  /s/ *David Straite*
                                                                      David A. Straite