COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
ELIZABETH SANCHEZ SANTIAGO
(SBN 333789)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:  +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:  +1 202 842 7800
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF GOOGLE'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND RELATED DOCUMENTS** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(c), Google LLC ("Google") respectfully submits this Administrative Motion ("Motion") to Seal Portions of Google's Opposition to Plaintiffs' Motion for Class Certification ("Google's Opposition") filed concurrently with the Declaration of Whitty Somvichian ("Somvichian Declaration"), Declaration of Glenn Berntson ("Berntson Declaration), Declaration of Suneeti Vakharia ("Vakharia Declaration"), and supporting exhibits ("Exhibits").

As set forth below and in the accompanying Declarations of Glenn Berntson, ("Berntson Sealing Declaration") and Suneeti Vakharia ("Vakharia Sealing Declaration"), these documents contain highly sensitive, confidential, and proprietary information that Google designated as "Confidential" and/or "Highly Confidential—Attorneys' Eyes Only" pursuant to the terms of the parties' Stipulated Protective Order, which the Court entered on June 3, 2021 (the "Protective Order") (ECF No. 59). Accordingly, Google hereby requests that the Court enter an order sealing this information as identified in the table included in the Proposed Order attached hereto.

## II. LEGAL STANDARD

A party seeking to seal material must establish that the document, or portions thereof, are privileged, protectable as a trade secret, or otherwise entitled to protection (*i.e.*, that the information is "sealable"). Civ. L.R. 79-5; *Barth v. Mabry Carlton Ranch, Inc.*, 854 F. App'x 897, 898 (9th Cir. 2021) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 n.3 (9th Cir. 2006)). The sealing request must also be narrowly tailored to seek sealing only of protectable material. Civ. L.R. 79-5(c).

For dispositive motions such as class certification motions, courts apply a "compelling reasons" test for determining whether a party is entitled to file certain documents under seal. *Kamakana*, 447 F.3d at 1178-80; *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc*., 326 F.R.D. 592, 617 (N.D. Cal. 2018) (applying the compelling reasons standard to motions for class certification). Sealing is appropriate under the compelling reasons standard where, absent sealing, "court files [could] become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008) (internal quotation

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

1  and citation omitted). For purposes of sealing, a "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id*. (quoting Restatement (First) of Torts § 757, cmt. b (1939)). Other compelling reasons to seal "include when a court record might be used . . . 'as sources of business information that might harm a litigant's competitive standing.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).

### III. COMPELLING REASONS EXIST TO SEAL PORTIONS OF GOOGLE'S OPPOSITION

Google respectfully requests that the Court seal highly sensitive proprietary information about (1) Google's business strategy, analysis, and revenue data regarding Google Real-time Bidding ("Google RTB"); (2) Google's internal policies and business strategy related to its advertising products more generally; (3) internal metrics associated with the operation of Google's advertising products; (4) and technical details regarding internal data logs and systems associated with Google RTB, including identifiers used in such logs and internal metrics. As explained below, such information is vital to Google's commercial success, and is the sort of "sensitive, non-public, confidential, and proprietary business information" that courts routinely seal under the compelling reasons standard. *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020). Google's sealing requests are also "narrowly tailored to seal only the sealable material" in order to balance the public right of access. Civ. L.R. 79-5(c).

***First***, certain portions of the Exhibits in support of Google's Opposition reflect highly sensitive and confidential information about Google's business strategy and analysis regarding Google RTB, including discussion about product strategy, revenue metrics, and decision-making. (Berntson Sealing Decl. ¶ 4.) This type of highly confidential business information is routinely sealed by courts in this district. *See Rodman v. Safeway Inc.*, No. 11-cv-03003-JST, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (sealing "internal, nonpublic information discussing [the defendant's] pricing strategy, business decisionmaking [sic], and financial records, which would expose [the defendant] to competitive harm if disclosed"); *Unlockd Media, Inc. Liquidation Tr. v. Google LLC*, No. 21-cv-07250-HSG, 2022 WL 4624985, at *2 (N.D. Cal. Sept. 30, 2022)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

(sealing information related to the company's business model); *Kumandan v. Google LLC*, No. 19-CV-04286-BLF, 2022 WL 17971644, at *1 (N.D. Cal. Oct. 17, 2022) (sealing financial information concerning Google's business opportunities and risks, and profits and losses). Disclosure of this information would cause irreparable harm to Google by providing competitors and business partners with insight into Google's strategic business decisions and policies and priorities related to Google RTB, as well as highly confidential financial information related to Google's advertising systems. (Berntson Sealing Decl. ¶ 6.) Furthermore, such disclosure would reveal to competitors and the public information about the structure and operation of Google's internal systems and advertising infrastructure as well as capabilities and design of Google's advertising systems used to handle user data. *Id*. As a result, Google's competitive standing could be jeopardized if competitors and business partners make changes to their business practices in response to this information.

*Second*, certain portions of Google's Opposition and Exhibits in support of Google's Opposition reveal highly sensitive and confidential information about Google's internal policies and business strategy related to its advertising products more generally, including discussions about data privacy. (Berntson Sealing Decl. ¶ 5.) Courts have found that this type of information warrants sealing as well. *Free Range Content, Inc. v. Google Inc*., No. 14-cv-02329-BLF, 2017 WL 10505263, at *2 (N.D. Cal. Mar. 14, 2017) (sealing discussions about "strategy, policy, and practices related to AdSense"); *Cowan v. GE Cap. Retail Bank*, No. 13-cv-03935-BLF, 2015 WL 1324848, at *3 (N.D. Cal. Mar. 24, 2015) (sealing documents describing "internal procedures for addressing cardholder fraud notifications, as well as risk management and legal compliance in investigating fraud"). Disclosure of this information, like disclosure of Google's financial and RTB-related strategy information, would cause irreparable competitive harm by revealing to its competitors sensitive details about Google's operations, strategies, capabilities, and priorities that could cause these actors to alter their practices in relation to competing products. (Berntson Sealing Decl. ¶ 7.)

*Third*, portions of the Vakharia Declaration contain highly sensitive and confidential information related page views of Google policies. These metrics are associated with internal

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

1  strategies, system designs, and business practices for operating and maintaining many of Google's important services. (Vakharia Sealing Declaration ¶ 4.) While Google acknowledges that this Court declined to seal different page view counts of a specific policy in the related *Brown* action, Google respectfully submits that the information at issue reflects different metrics than those at issue in *Brown* and is thus not already publicly available. *Compare Brown, et al. v. Google*, No. 4:20-cv-03664 (N.D. Cal.), ECF No. 804 at 16 (declining to seal McPhie Declaration (ECF No. 659-6) at 16:15) *with* Vakharia Declaration ¶ 3-6. Further, public disclosure of this information would cause competitive harm to Google, as set forth in the enclosed Vakharia Sealing Declaration. Specifically, the disclosure of this information would irreparably harm Google's competitive standing as it would (1) reveal information about the structure and operation of Google's communications with users and other infrastructure to competitors; and (2) provide insight into Google's strategic business decisions and priorities. (Vakharia Sealing Declaration ¶ 5.)

**Fourth**, Google seeks to seal portions of Google's Opposition, the Berntson Declaration and certain Exhibits in support of Google's Opposition which discuss the highly sensitive, confidential, and proprietary technical details regarding internal data logs and systems associated with Google RTB, including the identifiers related to such logs. (Berntson Sealing Decl. ¶ 8.) Courts in this District regularly seal similar technical details regarding a company's data infrastructure. *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding compelling reasons to seal information about structures that Google has in place and the order in which emails go through these structures); *see also In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 3:18-MD-02843-VC, ECF No. 1082 (N.D. Cal. Dec. 6, 2022) (finding good cause to seal certain highly technical information related to its data systems).

Public disclosure of this information would also create a risk of cyber security threats as bad actors would have access to names of Google's logs or descriptions of particular data systems may make it easier for bad actors to piece together previously unconnectable facts. (Berntson Sealing Decl. ¶ 10.) This would further jeopardize Google's data infrastructure as bad actors could target and seek to compromise information related to these logs to further infer additional

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

1  information about Google users that Google stores in those logs. (*Id.* ¶ 10.)

2  In light of each of these risks, throughout the litigation, this Court has sealed similar information and descriptions of internal logs and data systems. *See e.g. In re Google RTB Consumer Privacy Litig.,* No. 21-cv-02155-YGR, ECF No. 540 (N.D. Cal. Jun. 8, 2023) (sealing portions of joint letter brief containing technical details and account identifiers related to Google's highly sensitive data logs and data systems); *see also* ECF No. 531 (N.D. Cal. Jun. 8, 2023).

**IV.   CONCLUSION**

For the aforementioned reasons, Google respectfully requests that the Court seal designated portions of Google's Opposition, the Berntson and Vakharia Declarations, and select Exhibits in support of Google's Opposition.

Dated: September 29, 2023                    COOLEY LLP

By: */s/ Whitty Somvichian*
Whitty Somvichian

Attorneys for Defendant
GOOGLE LLC

291715204

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD