# EXHIBIT 13
# to Declaration of
# W. Somvichian

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 1

```
 1  UNITED STATES DISTRICT COURT
 2  NORTHERN DISTRICT OF CALIFORNIA
 3  SAN JOSE DIVISION
 4  ------------------------------------------- x
 5  IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION.
 6  No. 4:21-CV-02155-YGR-VKD
 7  ------------------------------------------- x
 8
 9              Park Ridge Marriott
                300 Brae Boulevard
10              Park Ridge, New Jersey
11              March 30, 2023
                10:07 a.m.
12
13  **HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
14
15          VIDEOTAPED DEPOSITION OF SALVATORE
16  TORONTO, taken pursuant to Notice, held at the
17  above time and place, before Fran Insley, a
18  Notary Public of the States of New York and New
19  Jersey.
20
21
22
23     Job No. CS5823122
24
25
```

Page 6

1       behalf of the plaintiffs.
2              MR. STRAITE:  Good morning.  David
3       Straite from Dicello Levitz, also for the
4       plaintiffs.
5              MR. ANDERSON:  Good morning.  Khary
6       Anderson from Cooley LLP for the
7       defendant.
8              THE VIDEOGRAPHER:  And the court
9       reporter is recording appearances on the
10      far end.
11             Will the court reporter please swear
12      in the witness.
13  S A L V A T O R E   T O R O N T O, the Witness
14  herein, having first been duly sworn by the
15  Notary Public, was examined and testified as
16  follows:
17             THE VIDEOGRAPHER:  Please proceed.
18             MR. KOLESNIKOV:  Before we start, I
19      want to put something on the record.
20             We have a request that due to Sal's
21      MS condition, he cannot go for longer than
22      an hour at a time before he needs to get
23      up and stretch his legs.
24             So we would appreciate if you could
25      construct your questioning in such a way

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 88

1          MR. KOLESNIKOV:  Same objection.
2      A.   I think what I said a minute ago
3  applies and that was when I first read that I
4  had an opinion on it and I felt comfortable
5  that it's accurate and truthful and then, of
6  course, I know that it was prepared by the
7  people that I have known for years and I
8  trusted for years.
9      Q.   When you first read that, looking at
10 the first sentence of paragraph 58, when you
11 first read that Google has sold and shared your
12 personal information through Google RTB, I
13 think you said you had an opinion that it was
14 accurate?
15     A.   I think paragraph 58 is accurate.
16     Q.   What personal information do you
17 believe was sold and shared through Google RTB?
18          MR. KOLESNIKOV:  Objection.  Calls
19 for a legal conclusion.
20     A.   My search, all of my search habits,
21 actions, et cetera, because if I search for a
22 new tire, it seems like within hours there were
23 ads for tires, from tire companies, for various
24 tires.  How could they have possibly learned
25 that without Google disclosing my -- what my

```
 1    search was previously?  That happened many,
 2    many times.
 3         Q.    Is there any other information that
 4    you consider to be personal information other
 5    than your search habits or search history?
 6              MR. KOLESNIKOV:  Objection.  Calls
 7         for a legal conclusion.
 8         A.    Yes.
 9         Q.    And what are other information --
10    what is other information that you consider to
11    be personal information?
12              MR. KOLESNIKOV:  Same objection.
13         A.    Because they operate my desktop
14    computer, they know everything, my age, my
15    financial capacity, et cetera, much, much
16    personal information and my God, it's just
17    scary when I think about that information just
18    being in somebody else's hands and being
19    disseminated worldwide.
20         Q.    So, I believe you said search
21    habits, age, financial information.  Can you
22    think of anything else that you would consider
23    to be personal information?
24              MR. KOLESNIKOV:  Same objection.
25         Calls for a legal conclusion.
```

Page 96

```
 1   that.
 2              What bits of information in your ZIP
 3   Code would allow someone to have a clear
 4   picture of your address?
 5              MR. KOLESNIKOV:  Objection.  Vague.
 6       Calls for expert testimony.  Asked and
 7       answered.
 8       A.    It's just another bit of information
 9   that goes -- which can then be combined with
10   other bits of information which will be
11   conveying what I consider confidential,
12   personal and private.
13       Q.    So is it your testimony that ZIP
14   Code by itself is not personal or private
15   information?
16       A.    Well, in certain situations that
17   could be private, personal.
18       Q.    What are those certain situations?
19              MR. KOLESNIKOV:  Objection.
20       Improper hypothetical.  You can answer.
21       A.    If somebody is looking to identify
22   the information that is attached to that or
23   related to that ZIP Code, they just got their
24   confirmation.  I just think it's wise that as
25   little personal information, private
```

Page 97

1   information should be seen by the people -- by
2   other people, other than the people around me
3   that I want to see it.
4        Q.   To your own personal knowledge, how
5   could someone confirm your information that is
6   attached to your ZIP Code?
7             MR. KOLESNIKOV:  Objection.  Vague.
8        A.   I feel that all the bits of
9   information in any situation can have value
10  singularly, each one, because they can complete
11  a clear picture, a global picture with all the
12  other bits of information.  So I value all the
13  bits.
14       Q.   So I understand, I think I
15  understand what you are saying, but just
16  focusing on ZIP Code by itself, how could
17  someone identify you based off your ZIP Code
18  just by itself?
19            MR. KOLESNIKOV:  Objection.
20       Improper hypothetical.  Calls for expert
21       testimony.
22       A.   Well, in some ways I looking at it
23  they can't identify me, but in other ways,
24  one -- when they see ZIP Code and they see --
25  they have other information that would match

1   that ZIP Code and would complete the picture
2   for them.
3        Q.    So --
4        A.    So I can see your point that by
5   itself a ZIP Code is not important, not
6   identified.  It can't identify or disclose
7   anything valuable.
8              In some situations that is probably
9   true, but there may be other situations where
10  it could be the last piece of a puzzle that
11  needs a complete total picture.
12       Q.    So is it your testimony that
13  something is only -- strike that.
14             Is it your testimony that something
15  can be personal information only if it's a
16  piece of a puzzle that is needed to complete a
17  total picture?
18             MR. KOLESNIKOV:  Objection.
19       Misstates prior testimony.  Calls for
20       expert testimony.  Calls for a legal
21       conclusion.
22       A.    Maybe in certain situations.
23       Q.    Can you have any -- strike that.
24             Is there something -- strike that.
25             Can something be personal

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 106

```
 1   years been looking for tires for any devices.
 2        Q.    To be clear and I just want to make
 3   sure, we are on the same page here, you are not
 4   talking about car tires; are you talking about
 5   tires for the sports training device?
 6        A.    They call them replacement tires for
 7   like lawn mowers, golf carts, wheelbarrows,
 8   utility carts, replacement tires for all those
 9   types of human powered products.
10        Q.    I follow you now.  So when you say
11   you also saw ads for your sports training
12   device, that was another example of an ad you
13   saw based off your search history, is that what
14   your -- I'm just trying to understand the
15   search history related to the ads?
16              MR. KOLESNIKOV:  Objection.
17         Misstates prior testimony.  Asked and
18         answered.  Go ahead.
19        A.    I previously was searching for tires
20   to buy, replacement tires to buy for a sports
21   training device, I was trying to build and then
22   the next day, which was a few days ago, I, in
23   searching for, not searching for, reading,
24   being on the page that had my Gmail there were
25   ads to the right.
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 107

1       I'm pretty sure that was the precise
2  time unless right after I searched my Gmail, I
3  went to real news or I went to sports news and
4  it was right there.  I did all of that in less
5  than ten minutes.
6            Let's just get it quickly done in
7  the morning, make sure you know what is going
8  on in the world number one, make sure that you
9  know who is trying to contact me.  I know who
10 is trying to contact me and that's when I
11 noticed it.
12      Q.    I follow you now and I follow that
13 confusion.
14      A.    It's okay.
15      Q.    Would you consider -- strike that.
16            Is it your testimony that these ads
17 for the tires were based on a sensitive
18 category?
19      A.    No.
20      Q.    In the past few days do you recall
21 seeing any ads based on sensitive categories?
22            MR. KOLESNIKOV:  Objection.  Asked
23      and answered.
24      A.    I don't know what you mean by
25 sensitive.  I have used to deal with and I deal

Page 119

```
 1   signed onto your Google account?
 2              MR. KOLESNIKOV:  Objection.  Calls
 3        for speculation.
 4        A.    I just know that my youngest
 5   daughter and youngest son as previously stated
 6   told to you, maybe yesterday, they have access
 7   on their iPhones to get into my computer and
 8   they do that relative to their financial aid
 9   and whatever student activities that they need
10   my permission or my information for.  So just
11   the three of us would be on my computer.
12   Nobody else.
13        Q.    You said it's both your youngest
14   daughter and your son?
15        A.    Young son, younger son.
16        Q.    Are any of them, or either --
17   scratch that.
18              Is your daughter younger than age
19   13?
20        A.    Oh, no, no.  She is -- no.  She is
21   not younger than age 13.
22        Q.    Let me ask it this way.  Is your
23   daughter an adult?
24        A.    Yes.
25        Q.    Is your son an adult?
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 120

1    A.    Yes.
2    Q.    I think you said that they use their
3    iPhones to access your Google account?
4    A.    Yes.
5    Q.    Do they ever use your computer to
6    access your Google account?
7          MR. KOLESNIKOV:  Objection.  Calls
8    for speculation.  Go ahead.
9    A.    Sometimes when they are over.  They
10   have desktop computers too.  I think sometimes
11   they use their desktops when they are home.
12   Occasionally when they are by me, they'll help
13   me solve a problem that I'm having using my
14   computer or understanding what to do with my
15   computer.
16   Q.    I want to make sure I understand you
17   correctly.  You said they also have their own
18   computers.  Your daughter and your son have
19   their own computers as well?
20   A.    Yes.
21   Q.    Do they use your Google account on
22   their own personal computers?
23   A.    I only know when they are doing
24   something for me or relative to me they may be
25   doing that.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 154

1   be part of your personal information?
2            MR. KOLESNIKOV:  Objection.  Calls
3       for legal conclusion.
4       A.   You know I think it's something that
5   I should handle, you know, seriously.  I think
6   it's valuable information.  I wouldn't want it
7   out there.
8       Q.   By valuable information do you mean
9   personal information?
10      A.   Yes.
11      Q.   Do you understand that IP addresses
12  can be used to approximate local -- strike
13  that.
14           Do you've understand that IP
15  addresses can be used to approximate your
16  location?
17      A.   I wouldn't doubt it.
18      Q.   Would you consider approximate
19  location to be your personal information?
20           MR. KOLESNIKOV:  Objection.  Vague.
21      Called for a legal conclusion.
22      A.   Yes.
23      Q.   Why would you consider your
24  approximate location to be part of your
25  personal information?

Page 287

1           A C K N O W L E D G M E N T
2
3    STATE OF                    :
                                 :ss
4    COUNTY OF                   :
5
6           I, SALVATORE TORONTO, hereby certify
7    that I have read the transcript of my testimony
8    taken under oath in my deposition on the 30th
9    day of March, 2023; that the transcript is a
10   true, complete record of my testimony and that
11   the answers on the record as given by me are
12   true and correct.
13
14                         ------------------------
                           SALVATORE TORONTO
15
16   Signed and subscribed to before
     me this                     day of
17                               , 2023.
18
19   ---------------------------------------
     Notary Public of the State of
20
21
22
23
24
25

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 288

C E R T I F I C A T E

I, FRAN INSLEY, hereby certify that the Deposition of SALVATORE TORONTO was held before me on the 30th day of March, 2023; that said witness was duly sworn before the commencement of testimony; that the testimony was taken stenographically by myself and then transcribed by myself; that the party was represented by counsel as appears herein;

That the within transcript is a true record of the Deposition of said witness;

That I am not connected by blood or marriage with any of the parties; that I am not interested directly or indirectly in the outcome of this matter; that I am not in the employ of any of the counsel.

IN WITNESS WHEREOF, I have hereunto set my hand this 14th day of April, 2023.

*[signature]*

FRAN INSLEY