# EXHIBIT 19
# to Declaration of
# W. Somvichian

COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE LLC'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRD SET OF INTERROGATORIES (NOS. 11-12)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE LLC'S SUPP. RESPONSES AND OBJ. TO
PLFS' THIRD SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD

| | | |
|---|---|---|
| 1 | **PROPOUNDING PARTY:** | **CONSOLIDATED PLAINTIFFS** |
| 2 | **RESPONDING PARTY:** | **GOOGLE LLC** |
| 3 | **SET NUMBER:** | **Three** |

Pursuant to Federal Rules of Civil Procedure Rules 26 and 33 and Rule 33-1 of the Local Rules of the United States District Court for the Northern District of California ("Local Rules"), Defendant Google LLC ("Google") supplements its responses to Consolidated Plaintiffs' ("Plaintiffs") Third Set of Interrogatories (the "Interrogatories"), dated March 10, 2023, as follows:

## I. GENERAL STATEMENT AND OBJECTIONS

These responses and objections are made solely for the purpose of and in response to this matter. Google has not completed its investigation, discovery, analysis, legal research, and preparation for trial in this matter. The responses herein are based only upon the information and documentation that is presently available and known to Google's current employees and which has been identified as containing potentially relevant information. It is possible that further investigation, discovery, analysis, legal research, and/or preparation may result in the ascertainment of additional documentation, or provide additional meaning to currently known factual conclusions and legal contentions, all of which may result in the modification of these objections and responses. Accordingly, Google reserves the right to amend and/or supplement its responses and objections and to make any additional objections that may become apparent. By this statement, however, Google does not agree to or adopt any duty to supplement beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rule or order.

The following general objections apply to every Interrogatory as propounded by Plaintiffs, and are incorporated into each of the following specific responses by reference as if set forth in full therein.

**1.** Google objects to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege; the work-product doctrine; any other applicable privilege, immunity, or protection; or the right of privacy under the California Constitution, Article I, Section 1. Any inadvertent disclosure of such information shall not be deemed a waiver of any such privilege or protection. Such documents or information shall not be

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE LLC'S SUPP. RESPONSES AND OBJ. TO
PLFS' THIRD SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD

1   produced in response to the Interrogatories, and any inadvertent production thereof shall not be
2   deemed a waiver of any privilege or right with respect to such documents or information or of any
3   work product doctrine that may attach thereto. Google specifically reserves all rights afforded
4   under the Court's Order Re: Federal Rule of Evidence 502(d). (ECF No. 285).

5   **2.** Google objects to the Interrogatories to the extent that they seek confidential,
6   proprietary, and/or trade-secret information. Google will provide responses containing such
7   information only subject to the terms of the Stipulated Protective Order ("Protective Order")
8   entered in this case (ECF No. 59). Google reserves the right to seek additional protections beyond
9   those provided in the Protective Order to the extent appropriate for any particularly sensitive
10  information, and to object to such information's disclosure altogether, if, for example, the
11  information's relevance to this litigation is substantially outweighed by the risk of harm posed by
12  its disclosure in light of the protections available.

13  **3.** Google objects to the Interrogatories to the extent that they seek information that is
14  subject to confidentiality or non-disclosure agreements with other parties. Google shall disclose
15  such information only to the extent that Google is permitted to do so under its agreements with such
16  parties and only after those parties receive appropriate notice and are provided with a reasonable
17  opportunity to raise objections, and the Court resolves any such objections.

18  **4.** Google will not construe the Interrogatories as an attempt to impose discovery
19  obligations on Google beyond those authorized by the Federal Rules of Civil Procedure, the Local
20  Rules, or any other applicable rule or order, nor will Google undertake such discovery obligations.

21  **5.** Google objects to all Interrogatories to the extent they seek information that the
22  Court has ruled is outside the scope of discovery in this action. *See, e.g.*, ECF Nos. 184, 187, 189,
23  314, and 326.

24  **6.** Google objects to all Interrogatories to the extent they would (a) expand the
25  definition of a term beyond its ordinary usage in the English language; (b) create undue burden for
26  Google when propounding its responses and objections to the Interrogatories; and/or (c) impose
27  obligations and demands on Google beyond those contemplated by the Federal Rules of Civil
28  Procedure, the Local Rules, or any other applicable rule or order. Google will respond to the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE LLC'S SUPP. RESPONSES AND OBJ. TO
PLFS' THIRD SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD

Interrogatories consistent with the ordinary English meaning of the words and its obligations under the law.

## II. SPECIFIC OBJECTIONS AND RESPONSES TO EACH INTERROGATORY

Without waiving or limiting in any manner any of the foregoing General Objections, but rather incorporating them into each of the following responses to the extent applicable, Google responds to the Interrogatories as follows:

**INTERROGATORY NO. 11:**

With respect to the excel spreadsheet produced by Google as GOOG-HEWT-00455648:

(a) Identify all persons who assisted in the preparation of the data included in the spreadsheet;

(b) Identify the source(s) of the data included on the spreadsheet;

(c) Explain what revenues are included in the row entitled "Non-US User Total";

(d) Explain what revenues are included in the row entitled "US User Total";

(e) Explain what "Non-US User" means in the context of the spreadsheet;

(f) Explain what "US User" means in the context of the spreadsheet;

(g) Identify which row on the spreadsheet would include RTB revenues from a Google account holder residing in the United States while that account holder is travelling outside the United States; and

(h) Identify which row on the spreadsheet would include RTB revenues from a Google account holder residing outside the United States while that account holder is travelling in the United States.

(i) To the extent a formula or calculation was used to provide the data included in the spreadsheet, identify the formula or calculation and the specific elements or inputs used in that formula or calculation.

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google objects that this Interrogatory is premature because no class has yet been certified. Google also objects to this Interrogatory to the extent that it seeks the disclosure of trade secret or other

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE LLC'S SUPP. RESPONSES AND OBJ. TO
PLFS' THIRD SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD

confidential research, development, or commercially sensitive information. Google further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek information about documents prepared by or at the direction of legal counsel. Google also objects that the request to identify "all persons" who assisted in the preparation of the referenced data is overbroad. Google further objects that this Interrogatory is burdensome and harassing in that it "seeks the source(s) of the data included on the spreadsheet," which is not relevant or proportional to the needs of the case and which the Court has already rejected as irrelevant and outside the scope of discovery, including based on the Court's ruling that Google need not produce information about "storage" of data. (ECF No. 184.) Google also objects to this Interrogatory, including sections (g) and (h), because it would require Google to speculate based on an incomplete set of hypothetical facts. Google also objects that the terms and phrases "formula," "calculation," "provide the data," and "specific elements or inputs used in that formula or calculation" are vague, ambiguous, and unintelligible within the context of this Interrogatory. Google also objects to this Interrogatory on the basis that it is compound in that it includes multiple discrete subparts. Google construes this Interrogatory to constitute nine discrete interrogatories. Moreover, by answering these interrogatories, Google does not waive and reserves all rights to object to future interrogatories as exceeding the numerical limit set forth by Federal Rule of Civil Procedure 33.

In addition, Google objects that the terms and phrases "assisted," "preparation," "source(s)," "revenues," "while that account holder is travelling outside the United States," and "while that account holder is travelling in the United States" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing General and Specific Objections, Google responds as follows:

- Timon Koehler, a Senior Financial Analyst, and Sierra Feitshans, a Business Intelligence Manager, assisted in the preparation of the data included in GOOG-HEWT-00455648;

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE LLC'S SUPP. RESPONSES AND OBJ. TO
PLFS' THIRD SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD

- "Non-US User" means a user accessing the internet using a device with an IP address that Google associated with a location outside of the United States at the time the user was shown an ad that generated revenue.
- "US User" means a user accessing the internet using a device with an IP address that Google associated with a location within the United States at the time the user was shown an ad that generated revenue.
- The row entitled "Non-US User Total" includes gross revenue from Authorized Buyers and Open Bidding Partners generated by advertisements displayed to Non-US Users as defined above.
- The row entitled "US User Total" includes gross revenue from Authorized Buyers and Open Bidding Partners generated by advertisements displayed to US Users as defined above.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

Subject to the foregoing General and Specific Objections, Google has conducted a reasonable investigation and supplements its response to this Interrogatory as follows:

**Subpart (b).** The data used to prepare Google's response to Interrogatory No. 11 was retrieved from internal revenue tables within Google.

**INTERROGATORY NO. 12:**

With respect to the excel spreadsheet produced by Google as GOOG-HEWT-00455800:

(a) Identify all persons who assisted in the preparation of the data included in the spreadsheet;

(b) Identify the source(s) of the data included on the spreadsheet;

(c) Identify for what period of time the data included on the spreadsheet covers; and

(d) Identify how the accounts to be included on the spreadsheet were selected.

(e) To the extent a formula or calculation was used to provide the data included in the spreadsheet, identify the formula or calculation and the specific elements or inputs used in that formula or calculation.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

GOOGLE LLC'S SUPP. RESPONSES AND OBJ. TO
PLFS' THIRD SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google objects that this Interrogatory is premature because no class has yet been certified. Google also objects to this Interrogatory to the extent that it seeks the disclosure of trade secret or other confidential research, development, or commercially sensitive information. Google further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek information about documents prepared by or at the direction of legal counsel. Google also objects that the request to identify "all persons" who assisted in the preparation of the referenced data is overbroad. Google further objects that this Interrogatory is burdensome and harassing in that it "seeks the source(s) of the data included on the spreadsheet," which is not relevant or proportional to the needs of the case and which the Court has already rejected as irrelevant and outside the scope of discovery, including based on the Court's ruling that Google need not produce information about "storage" of data. (ECF No. 184.) Google also objects to this Interrogatory on the basis that it is compound in that it includes multiple discrete subparts. Google construes this Interrogatory to constitute five discrete interrogatories. Moreover, by answering these interrogatories, Google does not waive and reserves all rights to object to future interrogatories as exceeding the numerical limit set forth by Federal Rule of Civil Procedure 33.

In addition, Google objects that the terms and phrases "assisted," "preparation," "source(s)," "how the accounts to be included on the spreadsheet were selected," "formula," "calculation," "provide the data," and "specific elements or inputs used in that formula or calculation" are vague and ambiguous as none are self-evident or defined.

Subject to the foregoing General and Specific Objections, Google responds as follows:

- Aaron Powers, a Senior Quantitative User Experience Researcher, assisted in the preparation of the data included in GOOG-HEWT-00455800.
- The data reflected in GOOG-HEWT-00455800 is from the time period between March 26, 2016 and October 12, 2022.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

GOOGLE LLC'S SUPP. RESPONSES AND OBJ. TO
PLFS' THIRD SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD

- The data reflected in GOOG-HEWT-00455800 includes accounts associated with U.S.-based account holders who were active on select Google products (including Search, YouTube, and many more) at least once during the time period, excluding deleted accounts.
- No mathematical function other than addition was used to provide the data reflected in GOOG-HEWT-00455800.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

Subject to the foregoing General and Specific Objections, Google has conducted a reasonable investigation and supplements its response to this Interrogatory as follows:

**Subpart (b).** The data used to prepare Google's response to Interrogatory No. 12 was retrieved from an internal data aggregation tool within Google.

Dated: August 30, 2023                    COOLEY LLP

By: */s/ Whitty Somvichian*
      Whitty Somvichian

Attorney for Defendant
GOOGLE LLC

# CERTIFICATE OF SERVICE

I, Khary Anderson, certify that on August 30, 2023, I caused a true and correct copy of the foregoing to be sent via electronic mail to the following counsel of record:

**PRITZKER LEVINE LLP**
Elizabeth C. Pritzker (SBN 146267)
Jonathan K. Levine (SBN 220289)
Bethany Caracuzzo (SBN 190687)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
bc@pritzkerlevine.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
1330 Broadway, Suite 630
Oakland, CA 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*adavis@bfalaw.com*
*jsamra@bfalaw.com*

**COTCHETT, PITRE & McCARTHY LLP**
Nanci E. Nishimura (SBN 152621)
Brian Danitz (SBN 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel.: (650) 697-6000
Fax: (650) 697-0577
*nnishimura@cpmlegal.com*
*bdanitz@cpmlegal.com*
*kswope@cpmlegal.com*

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
485 Lexington Ave., Suite 1001
New York, NY 10017
Tel.: (646) 993-1000
Fax: (212) 213-5949
*dstraite@dicellolevitt.com*

**BOTTINI & BOTTINI, INC.**
Francis A. Bottini, Jr. (SBN 175783)
Yury A. Kolesnikov (SBN 271173)
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Tel.: (858) 914-2001
Fax: (858) 914-2002
*fbottini@bottinilaw.com*
*ykolesnikov@bottinilaw.com*

　 */s/ Khary Anderson*
　 Khary Anderson
　 Cooley LLP

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE LLC'S SUPP. RESPONSES AND OBJ. TO
PLFS' THIRD SET OF INTERROGATORIES
CASE NO. 4:21-CV-02155-YGR-VKD