COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
ELIZABETH SÁNCHEZ SANTIAGO
(SBN 333789)
(lsanchezsantiago@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, <br><br> This Document Relates to:  *all actions* | Master File No. 4:21-cv-02155-YGR-VKD <br><br> **GOOGLE LLC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED RE. THE NEW YORK TIMES COMPANY'S INFORMATION** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL'S SHOULD BE SEALED RE THE NEW YORK TIMES COMPANY (NO. 4:21-CV-02155-YGR-VKD)

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5(f), Google LLC ("Google") respectfully submits this Administrative Motion to Consider Whether a Non-Party's (The New York Times Company) Materials Should Be Sealed. Portions of Google's Opposition to Plaintiffs' Motion for Class Certification ("Google's Opposition") as well as the concurrently-filed Exhibits in support of Google's Opposition, contain certain information that The New York Times has designated as "Highly Confidential—Attorneys' Eyes Only" pursuant to the terms of the parties' Stipulated Protective Order, which the Court entered on June 3, 2021 (the "Protective Order") (ECF No. 59). Accordingly, Google has filed this information provisionally under seal.

The specific portions of Google's Opposition and supporting Exhibits that contain information designated as "Highly Confidential—Attorneys' Eyes Only" by the New York Times are:[1]

- Portions highlighted at the following pages of Google's Opposition: 9
- Portions highlighted at the following pages of Exhibit 1 to the Declaration of Whitty Somvichian in Support of Google's Opposition ("Expert Report of Aaron Striegel, Ph.D."): 10, 37-39, 55
- Portions highlighted at the following pages of Exhibit 2 to the Declaration of Whitty Somvichian in Support of Google's Opposition ("Expert Report of Konstantinos Psounis, Ph.D."): 20

## II. ARGUMENT

The Court may seal documents, or portions thereof, that are privileged, protectable as a trade secret, or otherwise entitled to protection (*i.e.*, that the information is "sealable"). Civ. L.R. 79-5; *Barth v. Mabry Carlton Ranch, Inc.*, 854 F. App'x 897, 898 (9th Cir. 2021) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 n.3 (9th Cir. 2006)). The sealing request must also be narrowly tailored to seek sealing only of protectable material. Civ. L.R. 79-5(c).

---

[1] Certain portions of Google's Opposition and supporting Exhibits are also filed under seal because they contain highly sensitive, confidential, and proprietary information that Google designated as "Confidential" and/or "Highly Confidential—Attorneys' Eyes Only." Google addresses these materials in its concurrently-filed Administrative Motion to Seal Portions of Google's Opposition to Plaintiffs' Motion for Class Certification and Related Documents.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

GOOGLE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL'S SHOULD BE SEALED RE THE NEW YORK TIMES COMPANY (NO. 4:21-CV-02155-YGR-VKD)

1    Here, Google seeks to conditionally seal information that The New York Times has designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the parties' protective order. Without the consent of The New York Times, Google's request to seal cannot be more narrowly tailored. Google takes no position on the confidentiality of this conditionally-sealed information and requests this relief only to comply with The New York Times' designations and the protective order.

III.    **NOTICE OF FILING**

Google will file with the Court and serve on Plaintiffs' counsel, as well as counsel for New York Times, unredacted copies of the aforementioned documents.

IV.    **CONCLUSION**

For the reasons stated above, Google respectfully requests that the Court permit Google to file the aforementioned materials provisionally under seal, pursuant to The New York Times' designations.

Dated: September 29, 2023                COOLEY LLP

By:    /s/ Whitty Somvichian
       Whitty Somvichian

Attorney for Defendant
GOOGLE LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2
GOOGLE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL'S SHOULD BE SEALED RE THE NEW YORK TIMES COMPANY (NO. 4:21-CV-02155-YGR-VKD)