COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
ELIZABETH SANCHEZ SANTIAGO
(SBN 333789)
(lsanchezsantiago@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:	+1 415 693 2000
Facsimile:	+1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:	+1 202 842 7800
Facsimile:	+1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**DECLARATION OF WHITTY SOMVICHIAN IN SUPPORT OF GOOGLE'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECL. OF W. SOMVICHIAN ISO GOOGLE'S
OPPOSITION TO MOT FOR CLASS CERT.
CASE NO. 4:21-CV-02155-YGR-VKD

I, Whitty Somvichian, declare as follows:

1. I am a partner at the law firm of Cooley LLP and counsel of record for Google LLC ("Google") in the matter of *In re Google RTB Consumer Privacy Litigation*, Case No. 4:21-cv-02155. I am licensed to practice law in the state of California and am admitted to practice before this Court. I submit this declaration in support of Google's Opposition ("Opposition") to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel ("Motion"). I have personal knowledge of the facts herein, and I am competent to testify.

**Plaintiffs' Characterizations of Discovery Proceedings**

2. The Declaration of Elizabeth C. Pritzker in Support of Plaintiffs' Motion for Class Certification (ECF No. 546-2, the "Pritzker Declaration") contains numerous characterizations of the discovery to date, which seem designed to preemptively shift blame to Google for any deficiencies the Court may find with the evidence Plaintiffs have presented to support their Motion. These descriptions are argumentative, incomplete, and at times misleading. Google has diligently participated in discovery and has fully complied with its obligations, often in the face of disproportionate requests from Plaintiffs, which Judge DeMarchi has characterized as a "kitchen sink approach." ECF No. 482 at 6; June 7, 2022 Hearing Tr. at 17:21-22. As Judge DeMarchi put it in addressing complaints similar to those in the Pritzker Declaration: "[T]he Court is not sympathetic to plaintiffs' complaints about delay and prejudice . . . . While Google has objected to most of plaintiffs' document requests and generally resisted discovery, plaintiffs have repeatedly undermined their cause by serving and insisting upon overbroad discovery requests and by failing to explain how the discovery they seek is relevant to a claim or defense and proportional to the needs of the case." (ECF No. 326 at 4.) Further, the Pritzker Declaration refers to Plaintiffs' motion for sanctions related to Google's data production, Pritzker Decl. ¶ 7, but does not mention that Judge DeMarchi denied that motion and a further motion seeking similar relief. ECF No. 488 (denying sanctions motion); ECF No. 543 (denying demand for discovery sought in sanctions motion). And while the Pritzker Declaration refers to "22 separate entries reflecting discovery briefing," it omits that Judge DeMarchi has overruled the majority of Plaintiffs' various motions to

Cooley LLP
Attorneys at Law
San Francisco

2

Decl. of W. Somvichian ISO Google's
Opposition to Mot for Class Cert.
Case No. 4:21-cv-02155-YGR-VKD

compel. Pritzker Decl. ¶ 5.[1] Some additional responses to specific assertions in the Pritzker Declaration are as follows.

3.  First, the Pritzker Declaration claims that "Google has thus far refused to produce classwide data and information in this litigation . . . ." Pritzker Decl. ¶ 6. To the extent Plaintiffs are suggesting Google had some obligation to make a "classwide" production of available RTB Data[2] for all proposed class members, that is false. In fact, Plaintiffs have never requested such "classwide data" production and only sought production of data for the named Plaintiffs.

4.  Second, the Pritzker Declaration claims "Google has refused to produce all relevant data pertaining to" the named Plaintiffs. Pritzker Decl. ¶ 7. But Judge DeMarchi rejected Plaintiffs' broad demands for all data and generally limited the scope of data productions for the named Plaintiffs to data shared with third-party RTB participants. ECF No. 151 at 21 (noting that the Court was "not convinced . . . that anything having to do with data privacy -- its collection, its storage, its dissemination -- is relevant"; ECF No. 314 at 4 (ordering production of "documents sufficient to show, for each named plaintiff, what information specific to that plaintiff was shared with an RTB participant and the details of such sharing" and rejecting other aspects of Plaintiffs' demands). Further, Judge DeMarchi authorized Google to limit its production of such data to samples for a limited number of weekly time periods. ECF No. 383 at 5.

5.  Third, the Pritzker Declaration states Google was required to "ensure its time-sampled production be 'representative' in time and in scope of the data Google regularly maintains in its Google RTB logs." Pritzker Decl. ¶ 8. This statement is incorrect if it is intended to suggest that Google was required to ensure that the named Plaintiffs' data samples are "representative" of RTB Data for other individuals or for the proposed class as a whole. Judge DeMarchi only ordered Google to produce time-sampled data for the named Plaintiffs that would be representative "for the

---

[1] *See, e.g.*, ECF No. 125 (overruling Plaintiffs' objections to ESI protocol); ECF No. 189 (quashing multiple damages related RFPs); ECF No. 187 (granting only two of 40 custodians requested by Plaintiffs); ECF Nos. 187, 187-1 (siding with Google on nearly all of more than 30 search terms Plaintiffs sought to adopt); June 7, 2022 Tr. at 16:1; 20:17; 32:25-33:3 (characterizing Plaintiffs' 30(b)(6) deposition topics as "ridiculously overbroad"); ECF No. 231 (quashing or substantially limiting thirteen of fifteen 30(b)(6) deposition topics); ECF No. 576 (holding that Plaintiffs failed to show "particularized need" to conduct five additional fact witness depositions and instead directing the parties to negotiate narrow 30(b)(6) topics to address overlapping subject matter).
[2] Capitalized terms not otherwise defined herein have the meanings defined in Google's Opposition.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DECL. OF W. SOMVICHIAN ISO GOOGLE'S
OPPOSITION TO MOT FOR CLASS CERT.
CASE NO. 4:21-CV-02155-YGR-VKD

class period" as to the named Plaintiffs. ECF No. 484 at 2; ECF No. 382 at 5-6.

6. Fourth, the Pritzker Declaration refers to "(i) the lack of named plaintiff data for earlier in the class period, (ii) potential spoliation of relevant evidence pertaining to plaintiffs and the class, and (iii) Google's document retention efforts relating to this action," but there no longer remains any dispute on these issues. Pritzker Decl. ¶ 8. Plaintiffs sought to depose a Rule 30(b)(6) witness on each of these topics and the Parties' dispute was presented to Judge DeMarchi, who largely sustained Google's objections to the latter two topics, while permitting examination on the first topic. The Court specifically endorsed Google's proposed compromise of providing a verified interrogatory response describing its document retention efforts: "Plaintiffs overreach, particularly where, as here, Google states that it is prepared to provide verified written responses to questions regarding its preservation of data." ECF No. 576 at 10. "The Court suggest[ed] plaintiffs take Google up on its offer," *id.*, but as of this filing, they have not done so.

7. Fifth, Google has now produced to Plaintiffs additional information regarding various other topics noted in the Pritzker Declaration. Google served a supplemental interrogatory response reflecting "the average daily number of bid requests and bid queries transmitted in the U.S. through Google RTB" after Plaintiffs clarified the information they sought in this request. Google likewise served a supplemental response reflecting "information about Google account maintenance . . . ." *See* Pritzker Decl. ¶ 6. And Google has already produced a spreadsheet reflecting the number of active Google accounts in the U.S. during the Class Period and will be producing a witness to explain that data.

8. While the Pritzker Declaration asserts that Google's "[d]amages discovery has been similarly limited," Pritzker Decl. ¶ 12, Google has produced documents responsive to Plaintiffs' damages-related requests as limited by the Court. *See* ECF No. 326 (limiting damages-related document requests, including by declining to order production of transaction-level revenue that cannot be obtained without undue burden); ECF No. 189 at 5 (quashing multiple damages related RFPs; explaining that "Plaintiffs may obtain discovery of information that will allow them to calculate or estimate the value of account holder information that Google allegedly shared with third parties without permission via the RTB process. However, [Plaintiffs' requests] are not limited

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DECL. OF W. SOMVICHIAN ISO GOOGLE'S
OPPOSITION TO MOT FOR CLASS CERT.
CASE NO. 4:21-CV-02155-YGR-VKD

to that objective, and plaintiffs provide an insufficient justification for the scope of these requests.").

9. Sixth, the Pritzker Declaration suggests that the volume of Google's productions to date somehow indicates that those productions are deficient. *See* Pritzker Decl. ¶¶ 3-4. The statistics in the Pritzker Declaration obscure the extent of Google's data productions, which include over four million data entries but are produced as a handful of discrete "documents."

10. Finally, contrary to the assertions in the Pritzker Declaration, Google has provided Plaintiffs information about "the location of Google's activities in connection with plaintiffs' claim under the California Information Privacy Act . . . ." Pritzker Decl. ¶ 13. In response to an interrogatory asking Google to "[i]dentify the locations in the United States of all computer servers through which Google RTB bid requests are transmitted," Google responded with information on the extent to which RTB bid requests from Google are sent to RTB participants from locations in California. Google did not provide this information previously because, prior to their most recent set of interrogatories served in June 2023, Plaintiffs had not served discovery requesting this information; instead, they had sought the location of "any server receiving, storing or processing any data collected from any Plaintiffs' communications [d]evice (and separately for any Class member's Google account)." Google objected to this latter interrogatory and Plaintiffs never sought to compel a response.

**Expert Reports Supporting Google's Opposition to Plaintiffs' Motion**

11. Attached hereto as **Exhibit 1** is a true and correct copy of the expert report of Dr. Aaron Striegel ("Striegel Report"). The Striegel Report addresses and rebuts certain opinions in the reports of Drs. Zubair Shafiq and Christopher Wilson regarding the information contained in RTB Data and potential uses of that information. Among other findings and opinions, Dr. Striegel analyzed the data that Drs. Shafiq and Wilson relied on and finds that there is substantial variation in the information contained in individual bid requests and that certain key fields Plaintiffs allege to be "personal information" are often omitted in RTB Data.

12. Attached hereto as **Exhibit 2** is a true and correct copy of the expert report of Dr. Kostantinos Psounis (the "Psounis Report"). The Psounis Report addresses and rebuts certain

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DECL. OF W. SOMVICHIAN ISO GOOGLE'S
OPPOSITION TO MOT FOR CLASS CERT.
CASE NO. 4:21-CV-02155-YGR-VKD

opinions in the reports of Drs. Shafiq and Wilson regarding whether it is possible to reliably identify individuals in the proposed class using RTB Data. Among other findings and opinions, Dr. Psounis concludes that it is not possible to reliably identify devices, much less the users of those devices, based on RTB Data and that any ability to use the data for this purpose would depend on individualized circumstances. Dr. Psounis also rebuts Dr. Shafiq's assertions that any data with more than a certain number of "entropy bits" is sufficient to identify an individual user.

13. Attached hereto as **Exhibit 3** is a true and correct copy of the expert report of Dr. Dominique Hanssens (the "Hanssens Report"). Dr. Hanssens surveyed Google account holders on a number of topics related to information potentially shared in RTB Data, and his Report describes the results of these surveys. Among other results, these surveys show that most putative class members (1) are aware that Google shares with advertisers certain information that Plaintiffs allege to be "personal information," including cookies and IP addresses, and (2) do not change their behavior even when presented with Plaintiffs' specific allegations in this case; specifically, when shown a hypothetical privacy policy that expressly states Google will "sell" and "share" their "personal information" for advertising, and defines "personal information" to include categories alleged by Plaintiffs, substantial majorities of respondents indicated they would still likely accept the privacy policy. These survey findings are relevant to the consent issues raised in Google's opposition.

14. Attached hereto as **Exhibit 4** is of the expert report of Bruce Deal ("Deal Report"). The Deal Report addresses and rebuts certain opinions in the reports of Dr. Robert Zeithammer and Greg Regan regarding their classwide methodologies for calculating unjust enrichment and compensatory damages. Among other findings and opinions, Mr. Deal analyzes Dr. Zeithammer's finding that over 50% of Google's RTB revenue is attributable to the alleged sharing of personal information in bid requests and determines it is unreliable because it does not account for how Google ad auctions actually operate; specifically, Mr. Deal finds that Google could have earned the same or even higher revenues even if no alleged personal information were shared with RTB participants. Mr. Deal also determines that Mr. Regan's lost profits calculation is unreliable because it includes revenues that are not tied to proposed class members. Finally, Mr. Deal determines that

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DECL. OF W. SOMVICHIAN ISO GOOGLE'S
OPPOSITION TO MOT FOR CLASS CERT.
CASE NO. 4:21-CV-02155-YGR-VKD

1  compensatory damages cannot be awarded on a classwide basis, including because the $3.17

2  "market price" for the allegedly "personal information" is flawed and unreliable, as it is based on

3  sparse research and benchmark programs that involve dissimilar data.

**Deposition Testimony Supporting Google's Opposition**

15. Attached hereto as **Exhibit 5** is a true and correct copy of excerpts from the deposition transcript of Stanislav Belov, conducted on December 13, 2022.

16. Attached hereto as **Exhibit 6** is a true and correct copy of excerpts from the deposition transcript of Dr. Glenn Berntson, conducted on December 8, 2022.

17. Attached hereto as **Exhibit 7** is a true and correct copy of excerpts from the deposition transcript of Terry Diggs, conducted on April 14, 2023.

18. Attached hereto as **Exhibit 8** is a true and correct copy of excerpts from the deposition transcript of Rethena Green, conducted on April 20, 2023.

19. Attached hereto as **Exhibit 9** is a true and correct copy of excerpts from the deposition transcript of John Kevranian, conducted on December 9, 2022.

20. Attached hereto as **Exhibit 10** is a true and correct copy of excerpts from the deposition transcript of Greg Regan, conducted on September 5, 2023.

21. Attached hereto as **Exhibit 11** is a true and correct copy of excerpts from the deposition transcript of Professor Neil Richards, conducted on August 24, 2023.

22. Attached hereto as **Exhibit 12** is a true and correct copy of excerpts from the deposition transcript of Zubair Shafiq, conducted on August 22, 2023.

23. Attached hereto as **Exhibit 13** is a true and correct copy of excerpts from the deposition transcript of Salvatore Toronto, conducted on March 30, 2023.

24. Attached hereto as **Exhibit 14** is a true and correct copy of excerpts from the deposition transcript of Christopher Valencia, conducted on December 14, 2022.

25. Attached hereto as **Exhibit 15** is a true and correct copy of excerpts from the deposition transcript of Tara Williams, conducted on August 17, 2023.

26. Attached hereto as **Exhibit 16** is a true and correct copy of excerpts from the deposition transcript of Christopher Wilson, Ph.D., conducted on August 31, 2023.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DECL. OF W. SOMVICHIAN ISO GOOGLE'S
OPPOSITION TO MOT FOR CLASS CERT.
CASE NO. 4:21-CV-02155-YGR-VKD

27. Attached hereto as **Exhibit 17** is a true and correct copy of excerpts from the deposition transcript of Kimberley Woodruff, conducted on May 4, 2023.

28. Attached hereto as **Exhibit 18** is a true and correct copy of excerpts from the deposition transcript of Robert Zeithammer, conducted on September 7, 2023.

### Discovery Responses

29. Attached hereto as **Exhibit 19** is a true and correct copy of Google LLC's Supplemental Objections and Response to Plaintiffs' Third Set of Interrogatories (Nos. 11-12), dated August 30, 2023.

30. Attached hereto as **Exhibit 20** is a true and correct copy of Google LLC's Supplemental Objections and Response to Plaintiffs' Fourth Set of Interrogatories (Nos. 13-15), dated June 8, 2023.

### Google Documents Supporting Google's Opposition

31. Attached hereto as **Exhibit 21** is a true and correct copy of a document Google produced in this litigation bearing the Bates numbers GOOGLE-HEWT-00012303 - GOOGLE-HEWT-00012414.

32. Attached hereto as **Exhibit 22** is a true and correct copy of a document Google produced in this litigation bearing the Bates numbers GOOGLE-HEWT-00018008 - GOOGLE-HEWT-00018102.

33. Attached hereto as **Exhibit 23** is a true and correct copy of a document Google produced in this litigation bearing the Bates numbers GOOGLE-HEWT-00047130 - GOOGLE-HEWT-00047152.

34. Attached hereto as **Exhibit 24** is a true and correct copy of a document Google produced in this litigation bearing the Bates numbers GOOGLE-HEWT-00047191 - GOOGLE-HEWT-00047225.

35. Attached hereto as **Exhibit 25** is a true and correct copy of a document Google produced in this litigation bearing the Bates numbers GOOGLE-HEWT-00057910 - GOOGLE-HEWT-00058041.

36. Attached hereto as **Exhibit 26** is a true and correct copy of a document Google

produced in this litigation bearing the Bates numbers GOOGLE-HEWT-00098506 - GOOGLE-HEWT-00098536.

37. Attached hereto as **Exhibit 27** is a true and correct copy of a document Google produced in this litigation bearing the Bates numbers GOOGLE-HEWT-00259486 - GOOGLE-HEWT-00259488.

38. Attached hereto as **Exhibit 28** is a true and correct copy of a document Google produced in this litigation bearing the Bates number GOOGLE-HEWT-00455648.

39. Attached hereto as **Exhibit 29** is a true and correct copy of a document Google produced in this litigation bearing the Bates numbers GOOGLE-HEWT-00455801.

40. Attached hereto as **Exhibit 30** is a true and correct copy of a document Google produced in this litigation bearing the Bates numbers GOOGLE-HEWT-00455856 - GOOGLE-HEWT-00455858.

41. Attached hereto as **Exhibit 31** is a true and correct copy of a document Google produced in this litigation bearing the Bates numbers GOOGLE-HEWT-00455861 - GOOGLE-HEWT-00455862.

42. Attached hereto as **Exhibit 32** is a true and correct copy of a document Google produced in this litigation bearing the Bates numbers GOOGLE-HEWT-00455879 - GOOGLE-HEWT-00455881.

43. Attached hereto as **Exhibit 33** is a true and correct copy of a document Google produced in this litigation bearing the Bates number GOOGLE-HEWT-00456337.

44. Attached hereto as **Exhibit 34** is a true and correct copy of a document Google produced in this litigation bearing the Bates number GOOGLE-HEWT-00456348.

45. Attached hereto as **Exhibit 35** is a true and correct copy of a document Google produced in this litigation bearing the Bates numbers GOOGLE-HEWT-00480493 - GOOGLE-HEWT-00480519.

46. Attached hereto as **Exhibit 36** is a true and correct copy of a document Google produced in this litigation bearing the Bates numbers GOOGLE-HEWT-00481219 - GOOGLE-HEWT-00481224.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DECL. OF W. SOMVICHIAN ISO GOOGLE'S
OPPOSITION TO MOT FOR CLASS CERT.
CASE NO. 4:21-CV-02155-YGR-VKD

47. Attached hereto as **Exhibit 37** is a true and correct copy of a document Google produced in this litigation bearing the Bates number GOOGLE-HEWT-00481705.

48. Attached hereto as **Exhibit 38** is a true and correct copy of a document Google produced in this litigation bearing the Bates number GOOGLE-HEWT-00481706.

49. Attached hereto as **Exhibit 39** is a true and correct copy of a document Google produced in this litigation bearing the Bates number GOOGLE-HEWT-00481707.

50. Attached hereto as **Exhibit 40** is a true and correct copy of a document Google produced in this litigation bearing the Bates number GOOGLE-HEWT-00481708.

51. Attached hereto as **Exhibit 41** is a true and correct copy of a document Google produced in this litigation bearing the Bates number GOOGLE-HEWT-00481709.

52. Attached hereto as **Exhibit 42** is a true and correct copy of a document Google produced in this litigation bearing the Bates number GOOGLE-HEWT-00481710.

**Third-Party Documents Supporting Google's Opposition**

53. To illustrate the diversity of privacy-related disclosures that appear on websites that participate in RTB, Cooley LLP engaged TransPerfect Legal Solutions at my direction to forensically capture privacy policies, cookie policies, popups and banners relating to these policies, and other related pages from 22 popular websites. These materials are attached to the concurrently-filed Declaration of Hunter Hanzarik ("Hanzarik Decl."). Cooley LLP compiled the sample of materials from 22 of the most-visited websites in the United States, using a list maintained by the digital marketing consulting firm Semrush. (*See* Hanzarik Decl. Ex. 39.) As the Striegel Report notes, Plaintiffs' expert Dr. Wilson found based on the named Plaintiffs' data that most of these websites show ads through RTB. *See* Striegel Report at footnote 112.

54. Attached hereto as **Exhibit 43** is a true and correct excerpted copy of the Form 10-Q filed with the U.S. Securities and Exchange Commission by Etsy Inc. for the quarterly period ended June 30, 2023.

55. Attached hereto as **Exhibit 44** is a true and correct excerpted copy of the Form 10-Q filed with the U.S. Securities and Exchange Commission by PayPal Holdings, Inc. for the quarterly period ended June 30, 2023.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DECL. OF W. SOMVICHIAN ISO GOOGLE'S
OPPOSITION TO MOT FOR CLASS CERT.
CASE NO. 4:21-CV-02155-YGR-VKD

**56.** Attached hereto as **Exhibits 45-48** are true and correct copies of publicly available articles that each refer to Google's RTB system and the use of certain information in connection with online advertising through RTB:

   **(a)** **Exhibit 45**: Online article dated March 19, 2020 available at https://www.eff.org/deeplinks/2020/03/google-says-it-doesnt-sell-your-data-heres-how-company-shares-monetizes-and

   **(b)** **Exhibit 46**: Online article dated September 2, 2021 available at https://themarkup.org/the-breakdown/2021/09/02/what-does-it-actually-mean-when-a-company-says-we-do-not-sell-your-data

   **(c)** **Exhibit 47:** Online article dated May 17, 2022 available at https://9to5mac.com/2022/05/17/your-online-behavior-and-location-shared/

   **(d)** **Exhibit 48:** Online article dated June 26, 2022 and available at https://www.iol.co.za/technology/google-might-not-sell-your-data-but-it-will-broadcast-it-for-free-ef551130-9fb6-4fb7-afa6-dfb188ef0583

*   *   *

**57.** An index of the exhibits listed above appears as Appendix A to this Declaration.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 29, 2023 in San Francisco, California.

/s/ Whitty Somvichian
Whitty Somvichian

Cooley LLP
Attorneys at Law
San Francisco

11

Decl. of W. Somvichian ISO Google's Opposition to Mot for Class Cert.
Case No. 4:21-cv-02155-YGR-VKD

**Appendix A: Exhibits to Declaration of Whitty Somvichian in Support of Google's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel**

| Exhibit | Description |
|---|---|
| 1 | Expert Report of Dr. Aaron Striegel |
| 2 | Expert Report of Dr. Konstantinos Psounis |
| 3 | Expert Report of Dr. Dominique Hanssens |
| 4 | Expert Report of Bruce Deal |
| 5 | Excerpts from the Deposition Transcript of Stanislav Belov |
| 6 | Excerpts from the Deposition Transcript of Dr. Glenn Berntson |
| 7 | Excerpts from the Deposition Transcript of Terry Diggs |
| 8 | Excerpts from the Deposition Transcript of Rethena Green |
| 9 | Excerpts from the Deposition Transcript of John Kevranian |
| 10 | Excerpts from the Deposition Transcript of Greg Regan |
| 11 | Excerpts from the Deposition Transcript of Professor Neil Richards |
| 12 | Excerpts from the Deposition Transcript of Zubair Shafiq |
| 13 | Excerpts from the Deposition Transcript of Salvatore Toronto |
| 14 | Excerpts from the Deposition Transcript of Christopher Valencia |
| 15 | Excerpts from the Deposition Transcript of Tara Williams |
| 16 | Excerpts from the Deposition Transcript of Christopher Wilson, Ph.D. |
| 17 | Excerpts from the Deposition Transcript of Kimberley Woodruff |
| 18 | Excerpts from the Deposition Transcript of Robert Zeithammer |
| 19 | Google LLC's Supplemental Objections and Response to Plaintiffs' Third Set of Interrogatories (Nos. 11-12) |
| 20 | Google LLC's Supplemental Objections and Response to Plaintiffs' Fourth Set of Interrogatories (Nos. 13-15) |
| 21 | GOOGLE-HEWT-00012303 - GOOGLE-HEWT-00012414 |
| 22 | GOOGLE-HEWT-00018008 - GOOGLE-HEWT-00018102 |
| 23 | GOOGLE-HEWT-00047130 - GOOGLE-HEWT-00047152 |
| 24 | GOOGLE-HEWT-00047191 - GOOGLE-HEWT-00047225 |
| 25 | GOOGLE-HEWT-00057910 - GOOGLE-HEWT-00058041 |
| 26 | GOOGLE-HEWT-00098506 - GOOGLE-HEWT-00098536 |
| 27 | GOOGLE-HEWT-00259486 - GOOGLE-HEWT-00259488 |
| 28 | GOOGLE-HEWT-00455648 |
| 29 | GOOGLE-HEWT-00455801 |
| 30 | GOOGLE-HEWT-00455856 - GOOGLE-HEWT-00455858 |
| 31 | GOOGLE-HEWT-00455861 - GOOGLE-HEWT-00455862 |
| 32 | GOOGLE-HEWT-00455879 - GOOGLE-HEWT-00455881 |
| 33 | GOOGLE-HEWT-00456337 |
| 34 | GOOGLE-HEWT-00456348 |
| 35 | GOOGLE-HEWT-00480493 - GOOGLE-HEWT-00480519 |
| 36 | GOOGLE-HEWT-00481219 - GOOGLE-HEWT-00481224 |
| 37 | GOOGLE-HEWT-00481705 |
| 38 | GOOGLE-HEWT-00481706 |
| 39 | GOOGLE-HEWT-00481707 |
| 40 | GOOGLE-HEWT-00481708 |
| 41 | GOOGLE-HEWT-00481709 |
| 42 | GOOGLE-HEWT-00481710 |
| 43 | Form 10-Q filed with the U.S. Securities and Exchange Commission by Etsy Inc. for the quarterly period ended June 30, 2023. |
| 44 | Form 10-Q filed with the U.S. Securities and Exchange Commission by PayPal Holdings, Inc. for the quarterly period ended June 30, 2023. |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

DECL. OF W. SOMVICHIAN ISO GOOGLE'S
OPPOSITION TO MOT FOR CLASS CERT.
CASE NO. 4:21-CV-02155-YGR-VKD

| Exhibit | Description |
|---|---|
| 45 | Online article dated March 19, 2020 available at https://www.eff.org/deeplinks/2020/03/google-says-it-doesnt-sell-your-data-heres-how-company-shares-monetizes-and |
| 46 | Online article dated September 2, 2021 available at https://themarkup.org/the-breakdown/2021/09/02/what-does-it-actually-mean-when-a-company-says-we-do-not-sell-your-data |
| 47 | Online article dated May 17, 2022 available at https://9to5mac.com/2022/05/17/your-online-behavior-and-location-shared/ |
| 48 | Online article dated June 26, 2022 and available at https://www.iol.co.za/technology/google-might-not-sell-your-data-but-it-will-broadcast-it-for-free-ef551130-9fb6-4fb7-afa6-dfb188ef0583 |

291197261

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

DECL. OF W. SOMVICHIAN ISO GOOGLE'S
OPPOSITION TO MOT FOR CLASS CERT.
CASE NO. 4:21-CV-02155-YGR-VKD