1  Demetri Blaisdell (pro hac vice pending)
   demetri.blaisdell@nytimes.com
2  The New York Times Company
   620 Eighth Avenue
3  New York, NY 10018
   Tel: 800-698-4637
4  Fax: 212-556-4634
   demetri.blaisdell@nytimes.com
5
6  *Attorney for Non-Party The New York Times Company*
7
8
9                    UNITED STATES DISTRICT COURT
10                  NORTHERN DISTRICT OF CALIFORNIA
11                          OAKLAND DIVISION
12

| In re Google RTB Consumer Privacy Litigation, | Master File No. 4:21-cv-02155-YGR-VKD |
|---|---|
| This document applies to: *all actions*. | **NON-PARTY THE NEW YORK TIMES COMPANY'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL MATERIAL FILED PROVISIONALLY UNDER SEAL BY DEFENDANT GOOGLE LLC**<br><br>**[L.R. 79-5(F)(3)]**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Hearing Date: None set.<br>Hearing Time:<br>Hearing Location: |

MASTER FILE NO. 4:21-CV-02155-YGR-VKD

**INTRODUCTION**

Pursuant to Civil Local Rule 79-5(f)(3), Non-Party The New York Times Company (the "Times") respectfully requests that the Court maintain under seal certain of The Times's information, which has been designated "Highly Confidential – Attorneys' Eyes Only," as identified in the chart below. The Times is a public company headquartered at 620 Eighth Avenue, New York, New York, 10018 and a non-party to this litigation. The Times received a third-party subpoena from Plaintiffs on June 30, 2021. In response, The Times made a production of documents and data to Plaintiffs. Portions of the materials produced by The Times reflect highly confidential information that is commercially and competitively sensitive, as well as sensitive customer information. The public disclosure of this information would cause competitive harm to The Times.

Defendant Google LLC ("Google") has included portions of this information in its Opposition to Plaintiffs' Motion for Class Certification (the "Opposition") (ECF No. 583-3 and 583-4) and the Expert Report of Aaron Striegel, Ph.D ("Striegel Expert Report") (ECF No. 584-1 and 584-2, re-filed as ECF No. 602-1 and 602-2), which was provisionally filed under seal as an exhibit to the Declaration of Whitty Somvichian in Support of Google's Opposition (the "Somvichian Declaration") (ECF No. 584, partially re-filed as ECF No. 602). *See* Google's Administrative Mot. To Consider Whether Another Party's Materials Should Be Sealed (ECF No. 586).[1]

The Times respectfully submits this statement to join Google's administrative motion to seal in part and provide support for maintaining under seal a limited number of data fields and statistics contained within the Striegel Expert Report. These discrete portions of the record reflect highly confidential information that is commercially and competitively sensitive. The following

---

[1] On August 4, 2023, The Times submitted a Statement in Support of Sealing Certain Confidential Materials Filed Provisionally Under Seal by Plaintiffs (ECF No. 556), seeking sealing of materials attached to Plaintiffs' Expert Class Certification Report of Professor Christopher Wilson (ECF No. 546-4). Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 548) remains pending before the Court.

table identifies the specific portions of the record that The Times seeks to maintain under seal, and the Declaration of James Glogovsky attached as Exhibit A ("Glogovsky Declaration") provides additional explanation of the highly sensitive nature of the confidential information at issue and the basis for The Times's request.[2]

---

[2] As specified in ¶ 12 of the Court's Standing Order in Civil Cases, The Times concedes that Google's request to seal the following portion of the Striegel Expert Report need not be granted: the numerical value in the final sentence of ¶ 155. The Times also concedes that Google's request to seal a portion of the Expert Report of Konstantinos Psounis, Ph.D, submitted as Exhibit 2 to the Somvichian Motion (ECF No. 584-3 to 584-4), need not be granted. A proposed order consistent with the narrowed request(s) is attached as Exhibit B.

| Document | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| Google Opposition (Sealed ECF No. 583-3 and 583-4) | Numerical figure contained in upper right cell of chart at the bottom of page 9 | Constitutes commercially and competitively sensitive information, the divulgence of which would result in competitive harm to The Times. If made public, this figure could be used by The Times's competitors to derive insights about The Times's business operations/strategies and by current and prospective customers, vendors, and business partners of The Times to gain unfair advantages in negotiations and dealings with The Times. *See* Glogovsky Decl. ¶ 7. |
| Ex. 1 to Somvichian Decl.: Expert Report of Aaron Striegel, Ph.D (ECF No. 584-1 and 584-2, re-filed as ECF No. 602-1 and 602-2) | Name of data field, numerical value, and percentage in fifth sentence of ¶ 17 | Constitutes commercially and competitively sensitive information, the divulgence of which would result in competitive harm to The Times. If made public, this figure could be used by The Times's competitors to derive insights about The Times's business operations/strategies and by current and prospective customers, vendors, and business partners of The Times to gain unfair advantages in negotiations and dealings with The Times. *See* Glogovsky Decl. ¶ 7. |
| | Numerical value contained in last full sentence of ¶ 102 | Constitutes commercially and competitively sensitive information, the divulgence of which would result in competitive harm to The Times. If made public, this figure could be used by The Times's competitors to derive insights about The Times's business operations/strategies and by current and prospective customers, vendors, and business partners of The Times to gain unfair advantages in negotiations and dealings with The Times. *See* Glogovsky Decl. ¶ 7. |
| | Names of data fields, numerical values, and percentages in ¶¶ 103-108 & n.82. | Constitutes commercially and competitively sensitive information, the divulgence of which would result in competitive harm to The Times. If made public, this figure could be used by The Times's competitors to derive insights about The Times's business operations/strategies and by current and prospective customers, vendors, and business partners of The Times to gain unfair advantages in negotiations and dealings with The Times. *See* Glogovsky Decl. ¶ 7. |

| | | |
|---|---|---|
| | Numerical value in first sentence of ¶ 155. | Constitutes commercially and competitively sensitive information, the divulgence of which would result in competitive harm to The Times. If made public, this figure could be used by The Times's competitors to derive insights about The Times's business operations/strategies and by current and prospective customers, vendors, and business partners of The Times to gain unfair advantages in negotiations and dealings with The Times. *See* Glogovsky Decl. ¶ 7. |

## LEGAL STANDARD

While there is a presumption in favor of public access to judicial records, the Ninth Circuit recognizes that it may be overcome by "compelling reasons" that justify sealing.[3] *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). A court may grant a party's motion to seal records if the moving party presents "compelling reasons" for maintaining confidentiality that "outweigh the public's interest in disclosure." *Id*. Courts have "broad latitude" to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

This Court has found compelling reasons to seal commercially or competitively sensitive information and sensitive customer information. *See Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (explaining that "this Court has found compelling reasons to seal confidential information . . . where the disclosure of that information would harm [a] party's competitive standing" and "compelling reasons to seal personally identifiable information"); *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-CV-00119-

---

[3] When deciding a request to seal, courts in the Ninth Circuit must decide whether to apply either "the presumptive 'compelling reasons' standard or the 'good cause' exception." *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1097 (9th Cir. 2016). A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must overcome the presumption in favor of public access with "compelling reasons," while a party seeking to seal materials submitted with a motion that is "only tangentially related to the merits" need only to overcome that presumption with "good cause." *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 491 F. Supp. 3d 584, 596 (N.D. Cal. 2020) (citations omitted). The instant motion and its supporting materials articulates the "compelling reasons" that justify sealing the information at issue, which is the appropriate standard for a request to seal materials submitted in connection with a class certification motion.

HSG, 2017 WL 11527607, at *2 (N.D. Cal. Dec. 27, 2017) (sealing documents containing "sensitive proprietary business information" that is "not publicly available or publicly disclosed and has been maintained . . . in a confidential manner."); *Vietnam Veterans of Am. v. C.I.A.*, No. C 09-0037, 2012 WL 1094360, at *1 (N.D. Cal. Mar. 29, 2012) (sealing exhibits containing "sensitive personal information about certain individuals").

### ARGUMENT

**A.  Compelling Reasons Exist To Seal The Times's Confidential Information, Which Is Commercially and Competitively Sensitive.**

Here, as set forth in the table above and in the Glogovsky Declaration, the narrow categories of information that The Times seeks to seal warrant protection because they comprise highly commercially and competitively sensitive information.

The redacted names of data fields, numerical values, and percentages in Google's Opposition and paragraphs 17, 102-108 & n.82, and 155 of the Striegel Expert Report reveal information about The Times's sale, volume, and cadence of impressions, as well as the types of data that The Times collects, and the frequency with which that data is collected, all of which directly relates to The Times's business operations and, among other things, customer base, volume, and The Times's ability to use certain data in connection with advertising and other functions. *See* Glogovsky Decl. ¶ 7. The Times does not make this information public and takes considerable measures to maintain its confidentiality. If it became public, it could be used by The Times's competitors to derive competitive insights about The Times's business operations and strategies. Further, it could be used by current and prospective customers, vendors, and business partners to gain unfair advantages in negotiations and dealings with The Times. This type of proprietary and confidential information is precisely the kind that courts routinely find would harm a party's competitive standing and should be sealed. *See, e.g., Cont'l Auto. Sys., Inc. v. Avanci, LLC*, No. 19-CV-02520, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019) (granting a motion to seal, among other things, confidential information about "the number of customers using Plaintiff's

products" and noting that courts in the Ninth Circuit "have found sales data . . . to be sealable, to the extent that information is kept confidential"); *Stone v. Advance Am., Cash Advance Centers, Inc.*, No. 08CV1549 WQH WMC, 2011 WL 662972, at *1 (S.D. Cal. Feb. 11, 2011) (granting motion to seal "volume and market share"); *In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019) ("Courts applying the compelling reasons standard have upheld the sealing of trade secrets . . . customer information . . . and other such materials that could harm a party's competitive standing."). These names of data fields, numerical values, and percentages should be sealed accordingly.

**B.    The Instant Motion is Narrowly Tailored to Seal Only Sealable Information in Accordance with Civil Local Rule 79-5.**

The Times seeks to seal only those specific portions of information that contain highly sensitive business information or highly sensitive customer information. Indeed, The Times submits this statement to join Google's administrative motion to seal *in part*, narrowing somewhat the proposed redactions to include only the minimum information necessary to protect The Times from harm. In total, The Times's proposed redactions include the redaction of the names of 10 data fields and associated numerical values and percentages on just four pages of the Striegel Report and one set of values from the Opposition. Accordingly, The Times's request is minimal in scope and "narrowly tailored to seek sealing only of sealable material" as required under Civil Local Rule 79-5. *See Lathrop v. Uber Techs., Inc.*, at *1 (N.D. Cal. May 3, 2016) (finding sealing of certain information justified where the party seeking sealing of the information submitted a motion "narrowly tailored to seal only sealable information, as Local Rule 79-5 requires."); *Epic Games, Inc. v. Apple Inc.*, No. 4:20-CV-05640-YGR, 2021 WL 1925460, at *1 (N.D. Cal. Apr. 30, 2021) (granting sealing of materials where request was "narrowly tailored toward sealing highly confidential information . . . belonging to . . . a third-party non-party to [the] action.").

**C.    The Times's Need To Protect Its Confidential Information Outweighs The Public Interest In Disclosure.**

As explained above, The Times's sealing request is limited to extremely narrow portions of the Opposition and Striegel Expert Report that contain commercially and competitively sensitive information that cannot be protected from public disclosure through less restrictive means. The disclosure of this information will not advance the public's understanding or knowledge regarding any of the contested issues in this litigation and has the potential to cause significant harm to The Times. Thus, the information should be sealed. *See Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL 841274, at *3 (N.D. Cal. Mar. 10, 2010) (granting the motion to seal where documents contained information "that would do little to aid the public's understanding of the judicial process, but have the potential to cause significant harm to [a party's] competitive and financial position within its industry"); *Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (sealing information about third parties where such information "implicates important privacy concerns of nonparties—whose names are not relevant to the disposition of this case—that outweigh the public's interest in disclosure of these judicial records").

**CONCLUSION**

For the foregoing reasons, as well as those set forth in the Glogovsky Declaration, The Times respectfully requests that the Court enter the Proposed Order attached as <u>Exhibit B</u> and maintain under seal the narrow portions of the Opposition and Striegel Expert Report identified in the table above.

DATED:  October 5, 2023                                Respectfully submitted,


*/s/ Demetri Blaisdell*
Demetri Blaisdell (pro hac vice pending)
demetri.blaisdell@nytimes.com
The New York Times Company
620 Eighth Avenue
New York, NY 10018
Tel: 800-698-4637
Fax: 212-556-4634
demetri.blaisdell@nytimes.com

*Attorney for Non-Party The New York Times Company*