1  Elizabeth C. Pritzker (Cal. Bar No. 146267)
   Jonathan K. Levine (Cal. Bar No. 220289)
2  Bethany Caracuzzo (Cal. Bar No. 190687)
   Caroline Corbitt (Cal. Bar. No. 305492)
3  **PRITZKER LEVINE LLP**
4  1900 Powell Street, Suite 450
   Emeryville, CA 94608
5  Tel.: (415) 692-0772
   Fax: (415) 366-6110
6  *ecp@pritzkerlevine.com*
7  *jkl@pritzkerlevine.com*
   *bc@pritzkerlevine.com*
8  *ccc@pritzkerlevine.com*

9  *Interim Class Counsel*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* <br><br> *This document applies to all actions.* | Master File No. 4:21-cv-02155-YGR-VKD <br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL NAMED PLAINTIFF CONFIDENTIAL INFORMATION IN GOOGLE'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION [ECF Nos. 588, 602]** <br><br> **[Civil L.R. 7-11, 79-5(c), 79-5(f)]** <br><br> Judge: Hon. Yvonne Gonzalez Rogers <br> Date: TBD <br> Time: TBD <br> Courtroom: TBD |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5(c) and (f), plaintiffs, as the Designating Party, hereby respectfully submit this Administrative Motion to Seal certain named plaintiff data and information submitted by Defendant Google, LLC ("Google") in support of Google's Opposition to plaintiffs' Motion for Class Certification ("Oppn."). Google moved to conditionally seal certain named plaintiff information, subject to plaintiffs providing support as the Designating Party. *See* Google's Admin. Motion to Consider Whether Another Party's Materials Should be Sealed, ECF No. 588 ("Google's Admin. Mtn. to Consider"). In addition to plaintiffs' designations, Google has also designated all the named plaintiff data it produced as "Confidential." Google is required to provide for support of its own designations.

Plaintiffs are in agreement that the portions of named plaintiff data described herein are "Confidential" pursuant to the protective order in this case (ECF No. 59) because the data reflects sensitive, identifying, personal information concerning the named plaintiffs, including the "verticals" into which Google classified them, their location, their search history, their Google account names, and in some instances, their health or medical information and histories. *See* Declaration of Jonathan K. Levine, submitted herewith ("Levine Decl.") at ¶¶ 10-11.

Google also conditionally sealed additional information other than what is the subject of this motion to seal (see ECF No. 588), as plaintiffs have narrowed the information to be sealed and move for an order sealing only the portions specifically identified in this motion, accompanying Levine Decl., and in plaintiffs' proposed order.

As Google has lodged its Oppn., its experts' reports, and the excerpts of the named plaintiff depositions at issue under seal with its Oppn. briefing, plaintiffs do not re-submit the sealed documents with this motion.

## II. RELEVANT BACKGROUND

Plaintiffs moved to certify a class and for appointment of class representatives and class counsel on July 14, 2023. ECF No. 546. Google's opposition briefing was due on September 29, 2023. *See* ECF Nos. 530, 534. Google filed its Oppn. on September 29, 2023 and September 30, 2023. Along with its Oppn., Google filed an Administrative Motion to Consider Whether Another

Party's Materials Should be Sealed Re. Plaintiffs' Information. ECF No. 588 ("Admin. Motion to Consider"). As set forth in ECF No. 588, Google provisionally sealed certain information related to the named plaintiffs, that Google cited in its Oppn. and that were included in its experts' reports. Google also moved to seal its own Confidential and Highly Confidential documents and information that are cited in its Oppn. *See* ECF No. 583 ("Google's Motion to Seal"). Levine Decl., ¶¶ 3-6.

This motion is timely, as the parties stipulated to extend deadlines associated with sealing materials submitted in support of, and in opposition to, class certification. *See* ECF No. 552, at ¶ 2; Levine Decl., ¶ 2.

### III.    ARGUMENT

Materials and documents may be filed conditionally under seal pursuant to Civil Local Rule 79-5 when the document, or portions thereof, are privileged, protectable as a trade secret, or otherwise entitled to protection under the law, if the request minimizes the information sought to be sealed from public view and is and narrowly tailored. *See* L.R. 79-5(a), (c)(3). Plaintiffs seek to seal certain data produced by Google that reflects sensitive, personal information concerning the named plaintiffs, including the "verticals" into which Google classified them, their location, their search history, their Google account names, and their private information including medical histories and diagnoses.

Plaintiffs, as Designating Party of portions of the Confidentiality designations contained in the materials identified in ECF No. 588 and 602, requests that the following information be ordered sealed:

a.    Portions of Google's Oppn., ECF No. 588-3 at page 10, FN 9, citing to Table 5 in the Expert Class Certification Report of Christopher Wilson dated July 15, 2023 submitted by plaintiffs in support of plaintiffs' Motion for Class Certification at ECF No. 558-6.  Plaintiffs respectfully seek only to seal the left-most column of Table 5, which identifies the named plaintiffs' Google account names, which are portions of their gmail email addresses, with which they could be contacted against their wishes and which are therefore personal and private information that should remain sealed from public view.  Plaintiffs does not seek to seal the other columns in Table 5.  On July 14, 2023, contemporaneously with the filing of plaintiffs' Motion for Class Certification,

plaintiffs also moved to seal the left-most-column of Table 5 to the Wilson Report. *See* ECF 545-6, which is currently pending resolution;

  b. Portions of the expert report of Aaron Striegel, Ph.D., submitted by Google as Exhibit 1 to the Somvichian Decl.[1] in support of Google's Oppn., ECF No. 584-1 at 47-52. Plaintiffs respectfully seek to seal the information on pages 47-52 of Dr. Striegel's report, redacted by Google, because those portions contain information identifying the named plaintiffs by name and with location coordinates or describing the "verticals" into which Google classified certain named plaintiffs;

  c. Portions of the deposition transcript of named Plaintiff Terry Diggs (Ex. 7 to the Somvichian Decl.) at page 7:8-13[2] and 199:17, 21 and 24 and 200:16. In these excerpts, Ms. Diggs' private health information and a particular medical diagnosis she has are discussed. It appears from Google's corrected filing (ECF No.602) that it simply removed page 7 entirely. Plaintiffs accept this exclusion as a means to protect this Confidential information;

  d. Portions of the deposition transcript of named Plaintiff Rethena Green (Ex. 8 to the Somvichian Decl.) at 40[3], specifically 40:14 and 40:25. In these excerpts, Ms. Green's private health information and her medical diagnosis are discussed;

  e. Portions of the deposition transcript of named Plaintiff Kimberley Woodruff (Ex. 17 to the Somvichian Decl.) at 59-63. These excerpts discuss Ms. Woodruff's private medical information and personal information regarding private online searches she conducted. *See* Decl. of Levine, ¶ 10(a)-(e).

---

[1] Because Google filed all of its Oppn. as exhibits to Google's Motion to Seal (ECF 583), even documents Google doesn't request be sealed, Google filed the Somvichian Declaration six times, creating multiple docket entries for the same declaration: ECF Nos. 584, 585, 589, 590, 591, and 602. Levine Decl. ¶ 8.

[2] Page 7 was not redacted in Google's original filing, and therefore not addressed in ECF No. 588. Google did re-submit the Diggs' deposition transcript with the further redaction on Oct. 3, 2023, and moved to correct the record. (ECF Nos. 601, 602).

[3] In its Admin. Motion to Consider (ECF No. 588), Google identified page 50 of Ms. Green's deposition, but the passages at issue are on page 40, as noted herein.

Plaintiffs have legitimate privacy interests in this information and will be injured if it is made public. *See* L.R. 79-5(c)(1); Levine Decl. at ¶ 11. The information to be sealed contains location information, email addresses, and private medical and health information, as described above. Having their locations, personal email addresses, and private personal health information and medical diagnoses made public would subject the named plaintiffs to unwanted contact as well as needlessly embarrass or upset them. This information is relevant to plaintiffs' Motion for Class Certification and the request to seal cannot be more narrowly drawn than what plaintiffs propose herein without injuring them. *Id.* There is no less restrictive means to protect this information other than sealing. Plaintiffs seek this relief in good faith in order to protect the privacy rights of the named plaintiffs. *Id*.

For clarity, plaintiffs do **not** move to seal the following information identified in Google's Admin. Motion to Consider (ECF No. 588):

- Portions of Google's Oppn., ECF No. 588-3, at page 9;
- Portions of the expert report of Aaron Striegel, Ph.D., submitted by Google as Exhibit 1 to the Somvichian Decl. in support of Google's Oppn., ECF No. 584-1, specifically at p.10 and pp. 41-43;
- Portions of the expert report of Konstantinos Psounis, Ph.D., submitted by Google as Exhibit 2 to the Somvichian Decl. in support of Google's Oppn., ECF No. 584-3, at p. 10, pp. 17-18;
- Portions of the expert report of Bruce Deal, Ph.D., submitted by Google as Exhibit 4 to the Somvichian Decl. in support of Google's Oppn., ECF No. 584-7, at 68-70;
- Portions of the expert report of Dominique Hanssens, Ph.D (Ex. 3 to the Somvichian Decl.), ECF No. 584-5 at ¶ 82, n. 152. While Google's Admin. Motion to Consider indicated it redacted this information (ECF No. 588, at 1:18-20) Google did not actually redact this information which cites to portions of the deposition of named Plaintiff Christopher Valencia Tr. [73:4-12]. Plaintiff, however, did not designate this portion Confidential, and does not request that it be sealed;

- Portions of the deposition transcript of named Plaintiff Christopher Valencia (Ex. 14 to the Somvichian Decl.) at 67.

Levine Decl., ¶ 12.

### III. CONCLUSION

Plaintiffs, for the reasons set forth herein, hereby move the Court to consider whether those portions of named plaintiff data identified herein and in plaintiffs' proposed order should remain conditionally under seal and in redacted form pursuant to Plaintiffs' designations.

DATED: October 20, 2023          Respectfully submitted,

**PRITZKER LEVINE LLP**

By: */s/ Jonathan K. Levine*

Elizabeth C. Pritzker (Cal. Bar No.146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
Caroline Corbitt (Cal Bar No. 305492)
1900 Powell Street, Ste. 450
Emeryville, CA 94602
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
bc@pritzkerlevine.com
ccc@pritzkerlevine.com

*Interim Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2023, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record. This filing did not include any documents filed under seal.

*/s/ Bethany Caracuzzo*
Bethany Caracuzzo