Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal Bar No. 220289)
Bethany Caracuzzo (Cal Bar No. 190687)
Caroline Corbitt (Cal Bar. No. 305492)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*
*ccc@pritzkerlevine.com*

*Interim Class Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION*<br><br>*This document applies to all actions.* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**DECLARATION OF JONATHAN K. LEVINE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL NAMED PLAINTIFF CONFIDENTIAL INFORMATION CITED IN GOOGLE'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION [ECF Nos. 588, 602]**<br><br>**[Civil L.R. 7-11, 79(c), 79-5(f)]**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Hearing Date: TBD<br>Time: TBD<br>Courtroom: TBD |

I, Jonathan K. Levine, hereby declare as follows:

1. I am a partner at Pritzker Levine LLP, an attorney licensed in the State of California, and duly admitted to practice before this Court. On August 3, 2021, Pritzker Levine partner Elizabeth C. Pritzker was appointed to serve as Interim Class Counsel on behalf of plaintiffs. *See* ECF No. 77. This declaration is made in support of plaintiffs' Administrative Motion to Seal certain confidential named plaintiff information cited by Defendant Google, LLC ("Google") and its proposed experts in support of Google's Opposition to plaintiff's Motion for Class Certification and for Appointment of Class Representatives and Class Counsel (ECF Nos. 583-600) ("Oppn."). I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

2. This motion is timely, as the parties stipulated to extend deadlines associated with sealing materials submitted in support of, and in opposition to, class certification. *See* ECF No. 552, at ¶ 2.

3. Plaintiffs moved to certify a class and for appointment of class representatives and class counsel on July 14, 2023. ECF No. 546.

4. Google's opposition to plaintiffs' motion for class certification was due on September 29, 2023. *See* ECF Nos. 530, 534. Google filed its Oppn. on September 29, 2023 and September 30, 2023.

5. Along with its Oppn., Google filed an Administrative Motion to Consider Whether Another Party's Materials Should be Sealed Re. Plaintiffs' Information. ECF No. 588 ("Admin. Motion to Consider"). As set forth in ECF No. 588, Google provisionally sealed certain information related to the named plaintiffs that Google cited in its Oppn. and in its expert reports.

6. Google also moved to seal its own Confidential and Highly Confidential documents and information that are cited in its Oppn. *See* ECF No. 583 ("Google's Motion to Seal").

7. Google did not file its Oppn. under the "Opposition/Response to Motion" docket event in the Pacer/ECF-filing system. Instead, and contrary to Local Rule 79-5, the Northern District of California's ECF E-Filing Under Seal in Civil Cases Instructions (https://cand.uscourts.gov/cases-e-filing/cm-ecf/e-filing-my-documents/e-filing-under-seal/), and

the Northern District's ECF E-Filing instructions (https://www.cand.uscourts.gov/cases-e-filing/cm-ecf/e-filing-my-documents/which-event-do-i-choose/; https://www.cand.uscourts.gov/cases-e-filing/cm-ecf/e-filing-my-documents/index-of-ecf-events/) Google filed the entirety of its opposition briefing, reports and evidence (ECFs Nos. 583-597) as exhibits to Google's Motion to Seal (ECF No. 583), even documents Google isn't requesting be sealed. *See*, as just some examples, ECF Nos. 585-3, 585-19, 590-9, 591-17, 592-6, 593-1. Plaintiff believes there are approximately 86 documents that Google filed under/linked to Google's Motion to Seal (ECF 583) that Google is not seeking to seal.

8. Because Google filed all of its Oppn. as exhibits to Google's Motion to Seal (ECF 583), it filed the 13-page declaration of its counsel Whitty Somvichian six times, creating multiple docket entries for the exact same declaration. *See* ECF Nos. 584, 585, 589, 590, 591, and 602. Google did the same for the Declaration of Hunter Hanzarik. *See* ECF Nos. 594, 595, 596, and 597. Plaintiff identifies these errors in order to provide clarification to the Court: where plaintiffs cite to the Declaration of Google Counsel Whitty Somvichian ("Somvichian Decl."), plaintiffs cite only to the first-in-time filed, ECF No. 584, and not all of the subsequent duplicative docket entries.

9. On October 3, 2023, Google discovered it had publicly filed documents in support of its Oppn. that disclosed information previously designated Confidential. Google filed a motion to remove the incorrectly filed documents (ECF No. 601) and then re-submitted the documents (ECF Nos. 602-3, 602-5) with the further redactions, including the sixth copy of the Somvichian Decl. (ECF No. 602). Google did not file a new Motion to Consider Whether Another Party's Materials Should be Sealed identifying these portions, and plaintiffs address them all in their motion to seal and this declaration.

10. Plaintiffs, as Designating Party of portions of the Confidentiality designations contained in the materials identified in ECF No. 588 and 602, requests that the following information be ordered sealed:

    a. Portions of Google's Oppn., **ECF No. 588-3 at page 10, FN 9, citing to Table 5** in the Expert Class Certification Report of Christopher Wilson dated July 15, 2023 submitted by plaintiffs in support of plaintiffs' Motion for Class

Certification, at ECF No. 558-6. Plaintiffs respectfully seek only to seal the left-most column, which identifies the named plaintiffs' Google account names which are portions of their gmail email addresses with which they could be contacted against their wishes and which are therefore personal and private information that should remain sealed from public view. Plaintiffs does <u>not</u> seek to seal the other columns in Table 5. On July 14, 2023, contemporaneously with the filing of plaintiffs' Motion for Class Certification, plaintiffs also moved to seal the left-most-column of Table 5 to the Wilson Report. *See* ECF 545-6, which is currently pending resolution.

b. Portions of the expert report of Aaron Striegel, Ph.D., submitted by Google as Exhibit 1 to the Somvichian Decl. in support of Google's Oppn., **ECF No. 584-1 at 47-52**, because those portions contain information identifying the named plaintiffs by name and with location coordinates or describing the "verticals" into which Google classified certain named plaintiffs.

c. Portions of the deposition transcript of named Plaintiff Terry Diggs (Ex. 7 to the Somvichian Decl.) at **7:8-13[1], 199:17, 21 and 24, and 200:16**. In these excerpts, Ms. Diggs' private health information and a particular medical diagnosis she has are discussed. It appears from Google's corrected filing (ECF 602) that it simply removed page 7 entirely. Plaintiffs accept this exclusion as a means to protect this Confidential information;

d. Portions of the deposition transcript of named Plaintiff Rethena Green (Ex. 8 to the Somvichian Decl.) at 40[2], specifically **40:14 and 40:25**. In these excerpts, Ms. Green's private health information and her medical diagnosis are discussed;

---

[1] Page 7 was not redacted in Google's original filing, and therefore not addressed in ECF No. 588. Google did re-submit the Diggs' deposition transcript with the further redaction on Oct. 3, 2023, and moved to correct the record. (ECF Nos. 601, 602).

[2] In its Admin. Motion to Consider (ECF No. 588), Google identified page 50 of Ms. Green's deposition, but the cites at issue are on page 40, as noted herein and in plaintiffs' proposed order.

e. Portions of the deposition transcript of named Plaintiff Kimberley Woodruff (Ex. 17 to the Somvichian Decl.) at **59-63**. These excerpts discuss Ms. Woodruff's private medical information and personal information regarding private online searches she conducted.

11. Good cause exists to seal the information detailed in paragraph 10(a) – (e) above because the information identified reflects sensitive, personal information concerning the named plaintiffs, including the "verticals" into which Google classified them, their location, and their Google account names which include portions of their personal gmail email addresses, or contains private personal medical information, or reflects private internet searches and use. Plaintiffs have legitimate privacy interests in this information and will be injured if it is made public. *See* L.R. 79-5(c)(1). This information is relevant to the parties' briefing with respect to plaintiffs' Motion for Class Certification, and the request to seal cannot be more narrowly drawn by plaintiffs without injuring them. *See id.* Plaintiffs seek this relief in good faith in order to protect the privacy rights of the named plaintiffs.

12. Plaintiffs do **not** move to seal the following information identified in Google's Admin. Motion to Consider (ECF No. 588):

   a. Portions of Google's Oppn., ECF No. 588-3, at page 9;

   b. Portions of the expert report of Aaron Striegel, Ph.D., submitted by Google as Exhibit 1 to the Somvichian Decl. in support of Google's Oppn., ECF No. 584-1, specifically at p.10 and pp. 41-43;

   c. Portions of the expert report of Konstantinos Psounis, Ph.D., submitted by Google as Exhibit 2 to the Somvichian Decl. in support of Google's Oppn., ECF No. 584-3, at p. 10, pp. 17-18;

   d. Portions of the expert report of Bruce Deal, Ph.D., submitted by Google as Exhibit 4 to the Somvichian Decl. in support of Google's Oppn., ECF No. 584-7, at 68-70;

   e. Portions of the expert report of Dominique Hanssens, Ph.D (Ex. 3 to the Somvichian Decl.), ECF No. 584-5 at ¶ 82, n. 152. While Google's Admin.

Motion to Consider indicated it redacted this information (ECF No. 588, at 1:18-20) Google did not actually redact this information which cites to portions of the deposition of named Plaintiff Christopher Valencia Tr. [73:4-12]. Plaintiff, however, did not designate this portion Confidential, and does not request that it be sealed;

f. Portions of the deposition transcript of named Plaintiff Christopher Valencia (Ex. 14 to the Somvichian Decl.) at 67.

I declare under penalty of perjury under the laws of the United States of America and the state of California that the foregoing is true and correct.

Executed on this 20th day of October, 2023 in Emeryville, California.

*/s/ Jonathan K. Levine*
Jonathan K. Levine