1  Elizabeth C. Pritzker (Cal. Bar No. 146267)
   Jonathan K. Levine (Cal Bar No. 220289)
2  Bethany Caracuzzo (Cal Bar No. 190687)
   Caroline Corbitt (Cal Bar. No. 305492)
3  **PRITZKER LEVINE LLP**
4  1900 Powell Street, Suite 450
   Emeryville, CA 94608
5  Tel.: (415) 692-0772
   Fax: (415) 366-6110
6  *ecp@pritzkerlevine.com*
7  *jkl@pritzkerlevine.com*
   *bc@pritzkerlevine.com*
8  *ccc@pritzkerlevine.com*

9  *Interim Class Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, <br><br> This Document relates to: *all actions*. | Master File No. 4:21-cv-02155-YGR-VKD <br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED – *RE. GOOGLE'S MATERIALS* – SUBMITTED IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** <br><br> **[Civil L.R. 7-11, 79-5(f)]** <br><br> Judge:  Hon. Yvonne Gonzalez Rogers <br><br> Hearing Date:       TBD <br> Hearing Time: <br> Hearing Location: |

## I.    INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5(f), plaintiffs hereby respectfully submit this Administrative Motion to Consider Whether Another Party's (Defendant Google's) Materials Should Be Sealed.  Plaintiffs cite to, summarize, and submit documents and testimony in support of plaintiffs' Reply to Google's Opposition to plaintiff's Motion for Class Certification ("Reply")  that Google that Google has designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the protective order in this case (ECF No. 59).  Therefore, plaintiffs must lodge this information and these documents conditionally under seal.

The specific portions of the Reply, reports of Google's experts, rebuttal reports of plaintiffs' experts, excerpted deposition transcripts, and documents submitted in support of plaintiffs' Reply that plaintiffs respectfully request be conditionally redacted or sealed subject to a motion by Google, are:

- Portions of the plaintiffs' Reply at 1, 2, FN 3, pp. 3, 4, 5, FN 12, pp. 6, 7, FN 24, FN 25, pp. 9, 10, 11, and 14;

- Portions of the Declaration of Elizabeth C. Pritzker submitted in support of plaintiffs' Reply ("Pritzker Reply Decl.") at ¶¶ 18, 26, 27.  The redacted material in paragraphs 18 and 26 are quotes from the Confidential deposition of Google's Fed. R. 30(b)(6) corporate designee Suneeti Vakharia.  Those excerpts are included in plaintiffs' Exhibit 52.  The redacted material in paragraph 27 contains quotes from the deposition of Google's Fed. R. 30(b)(6) corporate designee Glenn Berntson, Ph.D., large portions of which Google designated Highly Confidential – Attorneys' Eyes Only.  Those excerpts are included in plaintiffs' Exhibit 51. *See* below and Levine Decl., ¶ 2(b).

- Exhibits to the Pritzker Reply Decl.:

    a. <u>Exhibit 43</u>: Expert Class Certification Rebuttal Report of **Professor Zubair Shafiq, Ph.D**. ("Shafiq Reb.") at highlighted portions at ¶¶ 21, 23, 24, FN 14, ¶ 25, FN 15,  ¶¶ 26, 28, 30, 35c., 37, 39, 44, 45, 47, 52, 53, 55, Figure 3, ¶¶ 59, 67, 70a.,

70b., 76, 89, 90, 91, 92, 100, 102a., 102b., 102d., 102e. 102f., 102g., FN 100, ¶¶ 102h., 102i, FN 102, ¶¶ 106, 106a., 106b., ¶106c, FN 106, 106d, FN 107.[1];

   b.   Exhibit 44: Expert Class Certification Rebuttal Report of **Professor Christopher Wilson, Ph.D**. ("Wilson Reb.") at highlighted portions at ¶¶ 46, 69, 85, FN 55, FN 139[2];

   c.   Exhibit 45: Expert Class Certification Rebuttal Report of **Professor Robert Zeithammer** ("Zeithammer Reb.") at highlighted portions at Table of Contents, II. 9, ¶¶ 10, 13, FN 5, ¶¶ 14, 15, 16, 21, 22, 33, 37, 42, 45, 46, 48, 50, 51, 54, 55, 69, 72, 78, 79, 80, 81, 82, 83, 84, 85, Heading 9 (p.27), ¶¶ 92, 93, 94, 97, 102, 105, 107, 199, 200;

   d.   Exhibit 46: Expert Class Certification Rebuttal Report of **Greg Regan, CPA/CFF, CFE** ("Regan Reb.') at highlighted portions at Table of Contents, II.A.2,¶ 5, FN 2, ¶¶ 7, 13, 14, 15, 17, 18, FN 16, FN 20, ¶¶ 19, 20, FN 21, FN 22, ¶ 21, FN 27, FN 29, ¶ 22, FN 30, ¶ 23, FN 33, ¶ 24, FN 38, ¶¶ 25, 28, FN 43, FN 44, ¶¶ 30, 31, 36, 37,  FN 56, ¶ 43, FN 70, ¶¶ 44, 45, FN 71, FN 72, ¶47, FN 74, ¶48, FN 75.

   e.   Exhibit 47: Expert Class Certification Rebuttal Report of **Professor Neil Richards** ("Richards Reb.") at highlighted portions at ¶ 37, FN 40, FN 70, ¶ 76, FN 105, ¶¶ 78, 79, 80, 81;

   f.   Exhibit 49: GOOG-HEWT-00144029, designated Confidential by Google;

---

[1] Portions of Ex. 43, the Shafiq Reb. at ¶¶44, 45, 47 refer to confidential and private data pertaining to certain named plaintiffs, the sealing of which is addressed in plaintiffs' separate administrative motion to file under seal, also filed contemporaneously herewith. Levine Decl., ¶ 4.

[2] Portions of Ex. 44, the Wilson Reb., are also sealed because they contain information designated Confidential by third-parties The NYT (*see* ¶¶ 48, 51, 53, 56, 59, 60, 64, 66, FN 50, FN 55) and TTD (*see* ¶¶ 13, 46, 55, 57, 58, 65, FN 39, FN 49, FN 55), respectively, and are therefore addressed in two other administrative motions to consider whether another party's materials should be sealed, filed this same date. Additionally, Wilson Reb. ¶ 74 contains confidential and private data pertaining to certain named plaintiffs, the sealing of which is addressed in plaintiffs' separate administrative motion to file under seal, also filed contemporaneously herewith. Levine Decl., ¶¶ 5.

    g.  <u>Exhibit 50</u>: Excerpts of contracts between Google and third-parties, specifically with Facebook/Meta (GOOG-HEWT-0041850), NBC Universal (NBCU_HEW_00001) and Xandr (XANDR-RTB-00000005)[3];

    h.  <u>Exhibit 51</u>: Excerpts of October 30, 2023 deposition of Google declarant/ employee/ Fed. R. Civ. P. 30(b)(6) corporate designee **Glenn Berntson, Ph.D.**, at 11:18-13:7, 15:3-11, 52:21-54:24, 55:6-56:20, 58:22-24, 73:5-13, 75:22-77:1 81:24-82:9, 83:5-18, 89:19-91:23, 94:11-19, 98:21-25, 106:1-107:25, 108:1-10 109:8-18, 110:2-115:15, 115:20-116:22, 118:8-15, 122:13-124:9, 136:14-137:16, 149:20-150:5, 151:6-15, 162:8-12, 163:15-165:1, 178:3-8, 182:2-183:10, 191:17-22, 197:17-198:12, 212:7-214:18, 215:6-219:10, 225:13-226:4, 229:8-12, 230:9-20 231:18-232:10, 233:14-235:10, 235:15-236:21, 237:4-242:5, 239:3-240:9, 241:10-242:5, 242:6-243:22, which transcript Google designated Highly Confidential – Attorneys' Eyes Only in large part;

    i.  <u>Exhibit 52</u>:  Excerpts of November 15, 2023 deposition of Google declarant/ employee/ Fed. R. Civ. P. 30(b)(6) corporate designee **Suneeti Vakharia**, at 15:2-14, 49:15-50:9, 56:14-20, 62:18-63:7, 66:24-65:18, 68:16-70:21, 87:20-88:7, 88:19-89:11, 94:17-96:4, 99:8-100:19, 101:1-23, 121:22-122:6, 124:6-125:16, 129:17-131:11, 132:9-13, 136:1-9, 149:10-150:9, 150:12-15, 158:8-159:2, 184:20-186:18, 188:19-23, 190:21-192:23, 193:23-194:4, 205:13-206:10, 214:21-215:12, 216:13-221:14, 224:14-225:22, 226:16-228:2, 248:11-25, 249:13-250:15, 274:8-275:15, 276:10-17, 277:1-10, 278:7-18, 294:6-295:11, and 298:13-24, which transcript Google designated entirely Confidential;

---

[3] Portions of <u>Ex. 50</u>, specifically Ex. 50-B and 50-C, are also sealed because they contain information designated Highly Confidential by both Google and third-parties NBC Universal and Xandr and are therefore subject to two additional administrative motions to consider whether another party's materials should be sealed, filed contemporaneously herewith. *See* Levine Decl., ¶ 6.

j.   Exhibit 53: Excerpts of deposition of Google's expert **Konstantino Psounis, Ph.D.**, portions of which Google designated Confidential at 144:13-145:18, 164:14-165:1, 233:4-11;

k.   Exhibit 54: Excerpts of deposition of Google's expert **Aaron Striegel**, Ph.D. portions of which Google designated Confidential at 77:16-78:3, 97:16-99:4;

l.   Exhibit 56: Excerpts of the deposition of Google's expert **Bruce Deal**, portions of which Google designated Confidential at 100:20-101:16, 130:7-131:13, 268:25-270:9;

m.   Exhibit 57: Excerpts of deposition of Google's expert **Dominique Hanssens, Ph.D**. portions of which Google designated Highly Confidential at 147:1-7, 150:5-9, and portions of which Google designated Confidential at 163:24-165:5.

n.   Exhibit 59: Excerpts of the deposition of Google employee **George Levitte**, at 61:2-10, 61:25-62:7, 174:25-175:16, which Google designated Highly Confidential – Attorneys' Eyes Only;

Unsealed and unredacted versions of the documents identified above are lodged under seal, with the same Exhibit numbers as those used in the Reply, with the Declaration of Jonathan K. Levine filed herewith. Where only portions of the materials are to be sealed, those portions are highlighted in yellow in the lodged versions, and redacted in the public versions. Plaintiffs, though not the Designating Party for the documents and excerpts identified in this motion, also submit a proposed order herewith.

## II.   ARGUMENT

Materials and documents may be filed conditionally under seal pursuant to Civil Local Rule 79-5 when the document, or portions thereof, are privileged, protectable as a trade secret, or otherwise entitled to protection under the law, if the request minimizes the information sought to be sealed from public view and is and narrowly tailored. *See* L.R. 79-5(a),(c)(3). Plaintiffs' request seeks to conditionally seal language in the Reply, in the reports of experts, and in deposition transcript excerpts that refer to documents, as well as the documents and transcripts themselves, that Google has designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to

the protective order.  This information is relevant to plaintiffs' Motion for Class Certification and Reply to Google's Opposition thereto, and the request to seal cannot be more narrowly drawn by plaintiffs without the consent of Google.   Plaintiffs seek this conditional relief in good faith in order to comply with Google's designations and the protective order, and do not join in the request to seal.

Civil L.R. 79-5(f)(3) imposes additional requirements on the "Designating Party," Defendant Google. Plaintiffs do not agree that the conditionally-redacted information or sealed documents and excerpts be permanently sealed from public view, other than that plaintiffs wish to comply with the protective order and Google's designations.

## II.     NOTICE OF LODGING

Plaintiffs will lodge with the Court, and serve on counsel for Defendant Google, a complete copy of the unredacted and unsealed document in accordance with Civil L.R. 5-1(e).

## III.     CONCLUSION

Plaintiffs, for the reasons set forth herein, hereby move the Court to consider whether those portions of plaintiffs' Reply, expert reports, deposition transcripts, and exhibits, as identified herein, should remain conditionally under seal and in redacted form pursuant to Google's designation.

DATED: November 29, 2023

**PRITZKER LEVINE LLP**

By:   */s/ Jonathan K. Levine*
Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
Caroline Corbitt (Cal Bar. No. 305492)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*
*ccc@pritzkerlevine.com*

*Interim Class Counsel*

- 6 -                          4:21-cv-02155-YGR-VKD
Plfs.' Admin. Mot. to Consider Whether Another Party's Materials Should Be Sealed –
Re. Google's Materials – submitted with Plfs.' reply to Class Cert.