# Exhibit 48

| | |
|---|---|
| COOLEY LLP<br>MICHAEL G. RHODES (SBN 116127)<br>(rhodesmg@cooley.com)<br>WHITTY SOMVICHIAN (SBN 194463)<br>(wsomvichian@cooley.com)<br>AARTI REDDY (SBN 274889)<br>(areddy@cooley.com)<br>KYLE C. WONG (SBN 224021)<br>(kwong@cooley.com)<br>REECE TREVOR (SBN 316685)<br>(rtrevor@cooley.com)<br>ANUPAM S. DHILLON (SBN 324746)<br>(adhillon@cooley.com)<br>3 Embarcadero Center, 20th floor<br>San Francisco, CA 94111-4004<br>Telephone:   +1 415 693 2000<br>Facsimile:   +1 415 693 2222 | COOLEY LLP<br>ROBBY L.R. SALDAÑA (DC No. 1034981)<br>(rsaldana@cooley.com)<br>(*Admitted pro hac vice*)<br>KHARY J. ANDERSON (DC No. 1671197)<br>(kjanderson@cooley.com)<br>(*Admitted pro hac vice*)<br>1299 Pennsylvania Avenue, NW, Suite 700<br>Washington, DC 20004-2400<br>Telephone:   +1 202 842 7800<br>Facsimile:   +1 202 842 7899 |

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions*, | Master File No. 5:21-cv-02155-YGR-VKD<br><br>**DEFENDANT GOOGLE LLC'S RULE 26(A)(1) SUPPLEMENTAL INITIAL DISCLOSURES** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**DEFENDANT'S RULE 26(A)(1)
SUPP. INITIAL DISCLOSURES
CASE NO. 5:21-CV-02155-YGR-VKD**

Google LLC ("Google") hereby provides the following Supplemental Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

**SUPPLEMENTAL INITIAL DISCLOSURE QUALIFICATIONS**

1. The below qualifications ("Supplemental Initial Disclosure Qualifications") apply to each Supplemental Initial Disclosure made herein, and are incorporated by reference as though fully set forth in each and every Supplemental Initial Disclosure.

2. These Supplemental Initial Disclosures are based upon information currently known to Google's current employees and are provided without prejudice to producing or identifying, during discovery or at any point before or at trial, any additional witnesses, data, information, or documents that are subsequently discovered, determined to be relevant for any purpose, or determined to have been omitted from these Supplemental Initial Disclosures. By making the following Supplemental Initial Disclosures, Google does not represent that it has or is able to identify every individual, document, data point, or tangible thing relevant to this lawsuit.

3. Google reserves the right to revise, amend, and/or further supplement these Supplemental Initial Disclosures as appropriate at any time.

4. Google reserves all objections to the use for any purpose of these Supplemental Initial Disclosures, or any of the information and documents referenced herein, in this case or any other case or proceedings.

5. By identifying documents in these Supplemental Initial Disclosures, Google does not waive its right to object to any document request on any grounds and makes no representations regarding the relevance or appropriateness of any particular documents or subject matter.

6. By identifying individuals as part of these Supplemental Initial Disclosures, Google makes no representations or admissions regarding the knowledge or competence of any particular individuals and expressly reserves the right to object on any grounds, including but not limited to relevance, burden, and competence, to any deposition or testimony of any individual.

7. Nothing in these Supplemental Initial Disclosures is intended as, or should be deemed as, a waiver of the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT'S RULE 26(A)(1)
SUPP. INITIAL DISCLOSURES
CASE NO. 5:21-CV-02155-YGR-VKD

1

**SUPPLEMENTAL INITIAL DISCLOSURES**

2   **(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would solely be for impeachment.**

3

4   Subject to and without waiving the Supplemental Initial Disclosure Qualifications, Google

5   identifies the following individuals as likely to have discoverable information Google may use to

6   support its defenses. Google reserves the right to further supplement and/or amend this response

7   as discovery warrants. Direct contact with any current Google employees is not authorized, and all

8   inquiries concerning such individuals should be made to counsel for Google.

| Name | Contact Information | Subject Matter |
|---|---|---|
| Stan Belov, Staff Software Engineer | To be contacted only through Google's outside counsel, Cooley LLP | The functionality and operation of Google's Real-Timing Bidding system ("RTB") and the sources and nature of the data shared with third party bid request recipients' utilizing RTB, including changes to that data over time; the measures Google takes in RTB to protect user privacy; how Google Account settings and other factors may affect the data shared with third party bid request recipients' utilizing RTB. |
| Glenn Berntson, Director - SWE | To be contacted only through Google's outside counsel, Cooley LLP | The functionality and operation of RTB and the sources and nature of the data shared with third party bid request recipients' utilizing RTB, including changes to that data over time; the measures Google takes in RTB to protect user privacy; how Google Account settings and other factors may affect the data shared with third party bid request recipients' utilizing RTB; Google's public disclosures regarding the operation of RTB; Google's policies and |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT'S RULE 26(A)(1)
SUPP. INITIAL DISCLOSURES
CASE NO. 5:21-CV-02155-YGR-VKD

| | | |
|---|---|---|
| | | guidelines governing third party bid request recipients' use of the data they receive utilizing RTB, including Google's monitoring of compliance with same; Google's agreements and relationships with RTB buy-side participants; and real-time bidding industry norms regarding data sharing. |
| Haskell Garon, Group Product Manager | To be contacted only through Google's outside counsel, Cooley LLP | The functionality and operation of RTB; the measures Google takes in RTB to protect user privacy; Google's policies and guidelines governing third party bid request recipients' use of the data they receive utilizing RTB, including Google's monitoring of compliance with same; Google's agreements and relationships with RTB buy-side participants; Google's public disclosures regarding the operation of RTB; and real-time bidding industry norms regarding data sharing. |
| Nitish Korula, Director, Research Engineering | To be contacted only through Google's outside counsel, Cooley LLP | The functionality and operation of RTB and the sources and nature of the data shared with third party bid request recipients utilizing RTB, including changes to that data over time; how Google Account settings and other factors may affect the data shared with third party bid request recipients utilizing RTB. |
| George Levitte, Group Product Manager II | To be contacted only through Google's outside counsel, Cooley LLP | The functionality and operation of RTB; the measures Google takes in RTB to protect user privacy; Google's policies and guidelines governing third party bid request recipients' |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANT'S RULE 26(A)(1)
SUPP. INITIAL DISCLOSURES
CASE NO. 5:21-CV-02155-YGR-VKD

| | | |
|---|---|---|
| | | use of the data they receive utilizing RTB, including Google's monitoring of compliance with same; Google's agreements and relationships with RTB buy-side participants; Google's public disclosures regarding the operation of RTB; real-time bidding industry norms regarding data sharing. |
| Suneeti Vakharia, Director of Product Management, Identity Ecosystems | To be contacted only through Google's outside counsel, Cooley LLP | Google's terms of service and policies governing its relationships with Account Holders; the procedures and mechanisms through which individuals residing in the United States create a personal Google account and consent to the disclosure of information through RTB; Google's public disclosures regarding Google's information sharing practices. |
| Kimberly Woodruff | Plaintiff | Use of Google's products and services and the allegations in the Complaint. |
| Christopher Valencia | Plaintiff | Use of Google's products and services and the allegations in the Complaint. |
| John Kevranian | Plaintiff | Use of Google's products and services and the allegations in the Complaint. |
| Robina Suwol | Plaintiff | Use of Google's products and services and the allegations in the Complaint. |
| Terry Diggs | Plaintiff | Use of Google's products and services and the allegations in the Complaint. |
| Rethena Green | Plaintiff | Use of Google's products and services and the allegations in the Complaint. |
| Salvatore Toronto | Plaintiff | Use of Google's products and services and the allegations in the Complaint. |
| Tara Williams | Plaintiff | Use of Google's products and services and the allegations in the Complaint. |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANT'S RULE 26(A)(1)
SUPP. INITIAL DISCLOSURES
CASE NO. 5:21-CV-02155-YGR-VKD

| | | |
|---|---|---|
| P.W. | Plaintiff | Use of Google's products and services and the allegations in the Complaint. |
| Meaghan Delahunty | Former Plaintiff in *Delahunty, et al. v. Google LLC*, Case No. 5:21-cv-03360 ("*Delahunty*") | Use of Google's products and services and the allegations in the *Delahunty* Complaint. |
| Christopher Johnson | Former Plaintiff | Use of Google's products and services and the allegations in the Complaint. |
| Meghan Cornelius | Former Plaintiff | Use of Google's products and services and the allegations in the Complaint. |
| Patrick Thompson | Former Plaintiff | Use of Google's products and services and the allegations in the Complaint. |
| Benjamin Hewitt | Former Plaintiff | Use of Google's products and services and the allegations in the Complaint. |
| Alexander Rowe | Former Plaintiff | Use of Google's products and services and the allegations in the Complaint. |
| Crystal Brown | Former Plaintiff | Use of Google's products and services and the allegations in the Complaint. |
| Gary Garrett | Former Plaintiff | Use of Google's products and services and the allegations in the Complaint. |
| Tyler Eliot | Former Plaintiff | Use of Google's products and services and the allegations in the Complaint. |

**(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Subject to and without waiving the Supplemental Initial Disclosure Qualifications, below are the categories of documents that Google may use to support its defenses. These descriptions do not include all documents believed to be in the possession, custody, or control of Plaintiffs and third parties, which Google reserves the right to use.

1. All terms and conditions that apply to Plaintiffs' and putative class members' use of the products and services at issue, including but not limited to Google's Terms of Service and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANT'S RULE 26(A)(1)
SUPP. INITIAL DISCLOSURES
CASE NO. 5:21-CV-02155-YGR-VKD

1  Privacy Policy.

2      2.    Documents concerning the claims in Plaintiffs' Amended Consolidated Complaint
3  (ECF No. 92) and Google's defenses, which may include:

4          a.    relevant documents reflecting Google's policies, guidelines, and practices
5  relating to the disclosure of Google Account data or other data derived from Google Account data
6  to third party bid request recipients utilizing Google RTB;

7          b.    relevant documents reflecting the nature of the data that is transmitted to
8  third party bid request recipients utilizing Google RTB;

9          c.    relevant documents reflecting Google's privacy-related representations and
10 disclosures concerning the matters alleged;

11         d.    expert reports and materials relied upon by expert witnesses; and

12         f.    all motions, pleadings, exhibits, and other public filings or documents
13 exchanged in this litigation;

14     3.    Communications between the Parties relating to this dispute (available to both
15 Parties).

16     The foregoing documents and things are located in Defendant's production to Plaintiffs in
17 this case, and otherwise are likely to be located at Google's office at 1600 Amphitheatre Pkwy,
18 Mountain View, CA 94043.

19 **(iii) a computation of each category of damages claimed by the disclosing party—who must
20 also make available for inspection and copying as under Rule 34, the documents or other
   evidentiary material, unless privileged or protected from disclosure, on which each
21 computation is based, including materials bearing on the nature and extent of injuries
   suffered.**

22     Google maintains that it is not liable to Plaintiffs and Plaintiffs are not entitled to recover
23 any monetary remedy or any other remedy.

24     Google does not assert any claims for damages at this time. Google reserves the right to
25 seek costs, attorneys' fees, and/or other damages in this matter.

26 **(iv) for inspection and copying as under Rule 34, any insurance agreement under which an
   insurance business may be liable to satisfy all or part of a possible judgment in the action or
27 to indemnify or reimburse for payments made to satisfy the judgment.**

28     This matter may be covered by Google's captive insurer, Imi Assurance Inc.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANT'S RULE 26(A)(1)
SUPP. INITIAL DISCLOSURES
CASE NO. 5:21-CV-02155-YGR-VKD

| | | |
|---|---|---|
| 1 | Dated: September 28, 2023 | COOLEY LLP |
| 2 | | |
| 3 | | By: */s/ Whitty Somvichian* |
| 4 | | Whitty Somvichian |
| 5 | | Attorneys for Defendant<br>GOOGLE LLC |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFENDANT'S RULE 26(A)(1)
SUPP. INITIAL DISCLOSURES
CASE NO. 5:21-CV-02155-YGR-VKD

# PROOF OF SERVICE

I am a citizen of the United States and a resident of the State of California. I am employed in San Francisco County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 3 Embarcadero Center, 20th Floor, San Francisco, California 94111. On September 28, 2023 I served the documents described below in the manner described below:

- **DEFENDANT GOOGLE LLC'S RULE 26(A)(1) SUPPLEMENTAL INITIAL DISCLOSURES**

☒ (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following parties in this action:

| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP**<br>Lesley Weaver<br>Anne Davis<br>Joshua D. Samra<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel: (415) 445-4003<br>Fax: (415) 445-4020<br>Email: lweaver@bfalaw.com<br>         adavis@bfalaw.com<br>         jsamara@bfalaw.com<br><br>*Attorneys for Consolidated Plaintiffs* | **SIMMONS HANLY CONROY LLC**<br>Jason "Jay" Barnes (admitted *pro hac vice*)<br>An Truong (admitted *pro hac vice*)<br>112 Madison Avenue, 7th floor<br>New York, NY 10016<br>Tel: (212) 784-6400<br>Fax: (212) 213-5949<br><br>Email: jaybarnes@simmonsfirm.com<br>         atruong@simmonsfirm.com<br><br>*Attorneys for Consolidated Plaintiffs* |
| **PRITZKER LEVINE LLP**<br>Elizabeth C. Pritzker<br>Jonathan Levine<br>Bethany Caracuzzo<br>1900 Powell Street, Suite 450<br>Emeryville, CA 94608<br>Tel: (415) 692-0772<br>Fax: (415) 366-6110<br>Email: ecp@pritzkerlevine.com<br>         jkl@pritzkerlevine.com<br>         bc@pritzkerlevine.com<br><br>*Attorneys for Consolidated Plaintiffs* | **DICELLO LEVITT GUTZLER LLC**<br>David A. Straite (*admitted pro hac vice*)<br>Corban Rhodes (*admitted pro hac vice*)<br>One Grand Central Plaza<br>60 E. 42nd Street, Suite 2400<br>New York, NY 10165<br>Tel: (646) 993-1000<br>Email: dstraite@dicellolevitt.com<br>         crhodes@dicellolevitt.com<br>         Julwick@dicellolevitt.com<br><br>James Ulwick (*admitted pro hac vice*)<br>Ten North Dearborn St., 6th Floor<br>Chicago, IL 60602<br>Tel: (312) 214-7900<br>Fax: (312) 253-1443<br>Email: Julwick@dicellolevitt.com<br><br>*Attorneys for Consolidated Plaintiffs* |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFENDANT'S RULE 26(A)(1)
SUPP. INITIAL DISCLOSURES
CASE NO. 5:21-CV-02155-YGR-VKD

| | |
|---|---|
| **COTCHETT PITRE & McCARTHY**<br>Joe Cotchett<br>Nanci Nishimura<br>Brian Danitz<br>Jeffrey G. Mudd<br>840 Malcolm Road, Suite 200<br>Burlingame, CA  94010<br>Tel:  650-697-6000<br>Fax:  650-597-0577<br>Email:  POmalley@cpmlegal.com<br>            nnishimura@cpmlegal.com<br>            BDanitz@cpmlegal.com<br>            JMudd@cpmlegal.com<br><br>Karin B. Swope<br>999 N. Northlake Way, Suite 215<br>Seattle, WA 98103<br>Email: KSwope@cpmlegal.com<br><br>*Attorneys for Consolidated Plaintiffs* | **BOTTINI & BOTTINI, INC.**<br>Francis A. Bottini, Jr.<br>Yury A. Kolesnikov<br>7817 Ivanhoe Avenue, Suite 102<br>La Jolla, CA 92037<br>Tel: (858) 914-2001<br>Fax: (858) 914-2002<br>Email:  fbottini@bottinilaw.com<br>            ykolesnikov@bottinilaw.com<br><br>*Attorneys for Consolidated Plaintiffs* |

Executed on September 28, 2023, at San Francisco, California.

_____
Maita Narvaez

290874926

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFENDANT'S RULE 26(A)(1)
SUPP. INITIAL DISCLOSURES
CASE NO. 5:21-CV-02155-YGR-VKD