Demetri Blaisdell (pro hac vice)
demetri.blaisdell@nytimes.com
The New York Times Company
620 Eighth Avenue
New York, NY 10018
Tel: 800-698-4637
Fax: 212-556-4634
demetri.blaisdell@nytimes.com

*Attorney for Non-Party The New York Times Company*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, <br><br> This document applies to: *all actions*. | Master File No. 4:21-cv-02155-YGR-VKD <br><br> **DECLARATION OF JAMES GLOGOVSKY IN SUPPORT OF NON-PARTY THE NEW YORK TIMES COMPANY'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL MATERIAL FILED PROVISIONALLY UNDER SEAL BY PLAINTIFFS** <br><br> **[L.R. 79-5(f)(3)]** <br><br> Judge: Hon. Yvonne Gonzalez Rogers <br><br> Hearing Date: None set. <br> Hearing Time: <br> Hearing Location: |

I, James Glogovsky, declare as follows:

1. I am an employee of The New York Times Company (the "Times"). My position/title is Vice President, Revenue Operations & Analytics. I have personal knowledge of all facts stated within this Declaration.

2. The Times is a non-party to the above-captioned litigation. The Times received a non-party subpoena from Plaintiffs on June 30, 2021. In response, The Times made a production of documents and data to Plaintiffs.

3. I am personally familiar with the data produced to Plaintiffs. As I describe more fully below, portions of the data contain information that I consider to be highly commercially and competitively sensitive.

4. The Times takes significant precautions to ensure that this information is not made public, and the executives and employees who have access to it—myself included—are entrusted to keep this information confidential. To protect confidential business information and sensitive customer information and prevent inadvertent disclosure of such information to others, The Times has internal policies including the following: policies against the disclosure of confidential information; training of employees regarding safeguarding confidential information; confidentiality and non-disclosure agreements with vendors and other partners; and a policy regarding document retention and destruction.

5. The public disclosure of highly commercially and competitively sensitive information would cause The Times significant competitive harm. Such information, if made public, could be used by our competitors to derive insights about our business operations and strategies. Further, such information could be used by our current and prospective customers, vendors, and business partners to gain unfair advantages in negotiations and dealings with The Times.

**Plaintiffs' Use of The Times's Information in the
Reply and Expert Rebuttal Report of Christopher Wilson.**

6. I am aware that Plaintiffs have filed a Reply to their Motion for Class Certification (the "Reply") (ECF No. 617) and the Expert Class Certification Rebuttal Report of Christopher

Christopher Wilson, Ph.D ("Wilson Rebuttal Report") (ECF No. 617-4), provisionally filed under seal as an exhibit to the Declaration of Elizabeth C. Pritzker in Further Support of Plaintiffs' Motion for Class Certification (the "Pritzker Reply Declaration") (ECF No. 617-1), which include certain information produced by The Times. I have personally reviewed the information. As described below, these documents contain non-public, commercially and competitively sensitive information.

7.  The redacted figures in lines 8 and 17 of page 4 and line 15 of page 5 of the Reply, as well as the names of data fields, numerical values, and percentages in paragraphs 48, 51, 53, 56 & n.50, 59, 64, and 66 of the Wilson Rebuttal Report reveal information about The Times's sale, volume, and cadence of impressions, as well as the types of data that The Times collects, and the frequency with which that data is collected, that directly relates to our business operations and, among other things, customer base and volume, and The Times's ability to use certain data in connection with advertising and other functions. The Times does not make this information public. I consider this information to be highly commercially and competitively sensitive. If it became public, it could be used by The Times's competitors to derive competitive insights about our business operations and strategies. Further, it could be used by current and prospective customers, vendors, and business partners to gain unfair advantages in negotiations and dealings with The Times.

I, James Glogovsky, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on December 6, 2023.

Signature: _____

Printed Name: James Glogovsky