| | |
|---|---|
| COOLEY LLP | COOLEY LLP |
| MICHAEL G. RHODES (SBN 116127) | ROBBY L.R. SALDAÑA (DC No. 1034981) |
| (rhodesmg@cooley.com) | (rsaldana@cooley.com) |
| WHITTY SOMVICHIAN (SBN 194463) | (*Admitted pro hac vice*) |
| (wsomvichian@cooley.com) | KHARY J. ANDERSON (DC No. 1671197) |
| AARTI REDDY (SBN 274880) | (kjanderson@cooley.com) |
| (areddy@cooley.com) | (*Admitted pro hac vice*) |
| KYLE C. WONG (SBN 224021) | 1299 Pennsylvania Avenue, NW, Suite 700 |
| (kwong@cooley.com) | Washington, DC 20004-2400 |
| REECE TREVOR (SBN 316685) | Telephone:  +1 202 842 7800 |
| (rtrevor@cooley.com) | Facsimile:  +1 202 842 7899 |
| ANUPAM DHILLON (SBN 324746) | |
| (adhillon@cooley.com) | |
| ELIZABETH SANCHEZ SANTIAGO | |
| (SBN 333789) | |
| (lsanchezsantiago@cooley.com) | |
| 3 Embarcadero Center, 20th floor | |
| San Francisco, CA 94111-4004 | |
| Telephone:  +1 415 693 2000 | |
| Facsimile:  +1 415 693 2222 | |

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, | Master File No. 4:21-cv-02155-YGR-VKD |
| | **GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF GOOGLE'S OBJECTIONS TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION REPLY BRIEFING** |
| This Document Relates to: *all actions*, | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(c), Defendant Google LLC ("Google") respectfully submits this Administrative Motion to Seal Portions of Google's Objections to Plaintiffs' Evidence in Support of Class Certification Reply Briefing ("Google's Objections"), the concurrently filed Declaration of Aarti Reddy ("Reddy Declaration"), and Exhibit 3 to the Reddy Declaration.

As set forth below and in the accompanying Declaration of Whitty Somvichian ("Somvichian Declaration"), the cited portions of these documents contain highly sensitive, confidential, and proprietary information that Google designated as "Highly Confidential—Attorneys' Eyes Only" pursuant to the terms of the parties' Stipulated Protective Order, which the Court entered on June 3, 2021 (the "Protective Order") (ECF No. 59). Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below, as reflected in the Proposed Order attached hereto:

| Document | Text to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| Reddy Declaration in Support of Google's Objections to Plaintiffs' Evidence in Support of Class Certification Reply Briefing | Portions highlighted at pages 4-6 | Google |
| Ex. 3 to Reddy Declaration in Support of Google's Objections to Plaintiffs' Evidence in Support of Class Certification Reply Briefing | Portions highlighted at 56:2-3, 56:13-14, 56:21-22, 57:7-58:25, 60:3-6, 60:10-13, 60:17-25, 61:2-6, 61:15-16, 61:20-22, 70:1-25 | Google |

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the information is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

For a dispositive motion, including (as here) a class certification motion, courts apply a "compelling reasons" test for determining whether a party is entitled to file certain documents under

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

seal. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-80; *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 326 F.R.D. 592, 617 (N.D. Cal. 2018) (applying the compelling reasons standard to motions for class certification). Sealing is appropriate under the compelling reasons standard where, absent sealing, "court files [could] become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008) (internal quotation and citation omitted). For purposes of sealing, a "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id*. (quoting Restatement (First) of Torts § 757, cmt. b (1939)). Other compelling reasons to seal "include when a court record might be used . . . 'as sources of business information that might harm a litigant's competitive standing.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).

### III. COMPELLING REASONS EXIST TO SEAL PORTIONS OF THE REDDY DECLARATION AND EXHIBIT 3.

Google asks this Court to seal portions of the Reddy Declaration and Exhibit 3, which contain content derived from Google's highly-sensitive, confidential, and proprietary information. ***First***, the deposition excerpts that Google seeks to seal contain confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly. Somvichian Decl. ¶¶ 3, 5-6. Specifically, these documents reference technical details and describe highly sensitive data logs and data systems that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors. *Id*. This information includes details pertaining to Google's internal projects and their proprietary functionalities, data infrastructure, logs, and systems, and metrics. ***Second***, public disclosure of documents that contain technical details and identifiers related to Google's highly sensitive data logs and data systems place Google at risk of irreparable harm because these may reveal Google's internal strategies, system designs, and business practices for operating and maintaining many of its important proprietary services. *Id*. ¶¶ 3, 6. This creates

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

a serious cybersecurity risk as third parties may seek to use this information to compromise Google's data sources, including data logs, internal data structures, and internal identifier systems. *Id.* ¶¶ 3, 7.

Courts in this District routinely find that references to data logs and data systems warrant sealing. *See, e.g.*, *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, ECF No. 192 at 3–9 (N.D. Cal. May 3, 2017) (granting motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems); *Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 3:18-md-02843-VC, ECF No. 1082 (N.D. Cal. Dec. 6, 2022) (granting request for sealing certain highly technical information related to company's data systems). Indeed, throughout this litigation, this Court has sealed similar information and descriptions of internal logs and data systems. ECF No. 186 (sealing descriptions of data sources); ECF No. 324 (sealing information concerning Google's data signals, internal strategy, and business practices); ECF No. 384 (N.D. Cal. Dec. 19, 2022) (sealing references to and descriptions of Google's internal logs and the identifiers contained therein); ECF No. 531 (N.D. Cal. May 26, 2023) (sealing discussion of Google's "technical details and identifiers related to highly sensitive data logs and data systems."). Moreover, the proposed redactions to both documents at issue are narrowly tailored to encompass only the specific portions that qualify as confidential information and therefore do not "unduly limit[] public access." *ASUS Computer Int'l v. Round Rock Research, LLC*, 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

## IV.   CONCLUSION

For the foregoing reasons, Google respectfully requests the Court seal the cited portions of the Reddy Declaration and Exhibit 3.

///

///

///

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

| | |
|---|---|
| Dated: December 6, 2023 | COOLEY LLP |
| | By: */s/ Whitty Somvichian* |
| |       Whitty Somvichian |
| | Attorney for Defendant |
| | GOOGLE LLC |

294918536

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S ADMIN
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD