COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
ELIZABETH SANCHEZ SANTIAGO
(333789)
(lsanchezsantiago@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to:  *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE LLC'S OBJECTIONS TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION REPLY BRIEFING** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S CLASS CERT. REPLY
EVIDENTIARY OBJECTIONS
CASE NO. 4:21-CV-02155-YGR-VKD

Pursuant to Civil Local Rule 7-3(d)(1), Google LLC ("Google") lodges these objections to evidence submitted with Plaintiffs' Reply in support of their class certification motion (ECF No. 616-3, the "Reply"). Plaintiffs' papers are replete with evidentiary defects. ***First***, four of Plaintiffs' expert reports contain new opinions and analysis that go far beyond rebutting Google's Opposition to class certification and are thus improper. ***Second***, Plaintiffs' experts offer opinions they are not qualified to give and that are, at times, simply attorney argument or legal conclusions. ***Third***, Plaintiffs extensively mischaracterize deposition testimony, and pursuant to Federal Rule of Evidence 106, the Court should consider the additional transcript excerpts in the concurrently-filed Declaration of Aarti Reddy ("Reddy Declaration") for necessary context.

## I.  Expert Testimony Outside the Proper Scope of Rebuttal

"[A]n expert witness's opening report must contain 'a complete statement of all opinions the witness will express and the basis and reasons for them' together with 'the facts or data considered by the witness in forming them' and 'any exhibits that will be used to summarize or support them.'" *In re High-Tech Emp. Antitrust Litig.*, 2014 WL 1351040, at *3 (N.D. Cal. Apr. 4, 2014) (quoting Fed. R. Civ. P. 26(a)(2)(B)(i)–(iii)). "Rebuttal disclosures of expert testimony are 'intended solely to contradict or rebut evidence on the same subject matter identified by another party' in its expert disclosures." *Id.* (quoting Fed. R. Civ. P. 26(a)(2)(D)(ii)). "Plaintiffs [should] not be allowed to 'sandbag' Defendants with new analysis that should have been included" in an original report. *Id.* at 12. Further, "[r]ebuttal testimony cannot be used to advance new arguments or new evidence." *Huawei Techs., Co. Ltd v. Samsung Elecs. Co., Ltd.*, 340 F. Supp. 3d 934, 995 (N.D. Cal. 2018) (citation omitted). "Using a rebuttal report to provide evidence that could have been provided in the original report is precisely what is forbidden by [Rule 26]." *Id.* Several aspects of Plaintiffs' expert reports exceed this proper scope of rebuttal.

***Wilson Report.*** Paragraphs 54-62 of Dr. Wilson's reply report describe a new "fingerprinting" analysis involving a new dataset and constitutes improper rebuttal evidence. ECF No. 616-6 ("Wilson Reply"). Notably, Dr. Wilson states that this analysis was conducted separately from and "after addressing Dr. Striegel's various analytical and methodological failures," effectively conceding the analysis is not a direct rebuttal to Dr. Striegel's opinions. Wilson Reply

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

GOOGLE'S CLASS CERT. REPLY
EVIDENTIARY OBJECTIONS
CASE NO. 4:21-CV-02155-YGR-VKD

¶ 54. Moreover, this new analysis involves a New York Times dataset that Dr. Wilson did not address in his opening report and that Dr. Striegel therefore did not analyze. *See* ECF No. 546-4 at 15 n.14 (Wilson opening report referring only to a different New York Times dataset). Dr. Wilson's inclusion of this new analysis based on a new dataset in his rebuttal report is improper reply evidence. *See AboveGEM, Inc. v. Organo Gold Mgmt., Ltd.*, 2020 WL 1531322, at *4 (N.D. Cal. Mar. 31, 2020) (striking supplemental declaration filed with reply brief that "contain[ed] new evidence" and "new information" in response to party's Rule 7-3(d) objection).

**Zeithammer Report.** The Court should strike paragraphs 42 and 59-75 of Dr. Zeithammer's reply report, in which he advances a new methodology to account for how much internal bidders would submit in the RTB auction if external bidders reduce their bids. ECF No. 616-7 ("Zeithammer Reply"). Dr. Zeithammer's opening report wholly fails to account for the interactions of internal bidders in the RTB auction, as he conceded at deposition. *See* ECF No. 585-19 at 86:3-15. Dr. Zeithammer cannot now cure this omission by belatedly offering an entirely new analysis of how internal bidders may bid. The federal rules do not "create a loophole through which a party who submits partial expert witness disclosures . . . can add to them to her advantage after the court's deadline for doing so has passed." *Chinitz v. Intero Real Estate Servs.*, 2020 U.S. Dist. LEXIS 247921, at *9 (N.D. Cal. July 22, 2020). Likewise, Dr. Zeithammer's 40-page critique of Prof. Hanssens's survey report amounts to improper rebuttal, as Dr. Zeithammer never opined on remotely similar issues in his opening report, which addressed only damages issues. *See Oracle Am., Inc. v. Google Inc.*, 2011 WL 5572835, at *4 (N.D. Cal. Nov. 15, 2011) (holding that "an expert who offered no opening report on a given issue" could not "then attack the opposition reports served on that issue").

**Richards Report.** The Court should strike the entirety of Professor Richards's reply opinions regarding Dr. Hanssens's survey methodology for the same reason. ECF No. 616-9 ("Richards Reply"). Like Dr. Zeithammer, Professor Richards purports to cast doubt on Dr. Hanssens's survey methodology, but never opined on similar issues in his opening report, and even disclaimed expertise on survey methodology in his deposition. *See id*; *see also infra* at 4-5.

**Regan Report.** The Court should likewise strike paragraphs 19-22 of the Regan reply report,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S CLASS CERT. REPLY
EVIDENTIARY OBJECTIONS
CASE NO. 4:21-CV-02155-YGR-VKD

in which Mr. Regan relies on new internal Google documents and deposition testimony to argue that Google can determine the proportion of RTB revenue attributable to Google account-holders. ECF No. 616-8 ("Regan Reply"). Not only is this "analysis" lawyer-crafted argument, Mr. Regan's belated reliance on it improperly deprives Google of the opportunity to respond. *Rojas v. Bosch Solar Energy Corp.*, 2021 U.S. Dist. LEXIS 226338, at *3 (N.D. Cal. Nov. 23, 2021) (excluding reply declaration that cited "new factual matter on damages").

## II. Improper Opinion Testimony in Expert Reports

In multiple reports submitted with their Reply, Plaintiffs' experts opine on matters beyond their asserted expertise, frequently veering into attorney argument or legal opinions in ways that provide a further independent basis to strike portions of their opinions. *See, e.g.*, *Fujifilm Corp. v. Motorola Mobility LLC*, 2015 WL 757575, at *27 (N.D. Cal. Feb. 20, 2015) (striking "observations and inferences that [factfinders] are perfectly capable of making for themselves without the assistance of [an expert's] technical expertise."); *MediaTek inc. v. Freescale Semiconductor, Inc.*, 2014 WL 971765, at *1 (N.D. Cal. Mar. 5, 2014) ("Nor may an expert opine on questions which are matters of law for the court.").

**Zeithammer Report.** Dr. Zeithammer's report is littered with speculative inferences and attorney argument disguised as expert testimony. **First**, Dr. Zeithammer opines that "internal bidders likely share at least some user data with third parties," but he is not competent to do so. Zeithammer Reply at ¶¶ 48-57. Dr. Zeithammer concedes he is "not a technical expert" and "do not know for sure whether or not third-party advertisers . . . receive user data at issue." *Id.* ¶¶ 51, 53. His opinion is based only on his "understanding of how at least some types of advertising work," and he relies exclusively on lay inferences from record evidence. *Id.* ¶ 51. **Second**, Dr. Zeithammer also impermissibly opines that based on a review of Google emails, he "believe[s] Google has conducted the relevant experiments" but failed to produce them, and "suspects . . . the details about the effect on overall Google RTB revenue were simply not produced yet." *Id*. ¶¶ 78-84; *see also id.* ¶¶ 93 (asserting "that [Google expert] Deal has some additional information about these experiments – information that was not produced"), ¶ 108 (same). **Third**, the Court should likewise strike Dr. Zeithammer's unfounded observation that Google would earn more revenue if user data

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S CLASS CERT. REPLY
EVIDENTIARY OBJECTIONS
CASE NO. 4:21-CV-02155-YGR-VKD

1  were held back only from third parties. *Id.* ¶¶ 102-105.  Dr. Zeithammer cites no evidence for this
2  speculation, does nothing to rebut the data cited in the Deal report, and merely posits facially absurd
3  characterizations including that Google must be "running some sort of charity for external third
4  party bidders" or "its management is so incompetent that to fails to maximize profits[.]" *Id.* ¶ 104.
5  All of this testimony amounts to little more than unfounded speculation, does not draw on any
6  specialized knowledge, and is of no use to the Court.

7       ***Regan Report.*** Aspects of Mr. Regan's report should also be stricken because they are
8  merely a vehicle for Plaintiffs' discovery grievances. Specifically, he argues that "[i]f Google
9  wished to produce more finely grained evidence, or Mr. Deal identified a need to refine Google's
10 data, either Google or Mr. Deal could have done so," and that deposition testimony indicates
11 Google has not produced certain data in its possession. Regan Reply ¶¶ 17-22. These opinions are
12 entirely unscientific and rest only on "observations and inferences" the Court can draw for itself.
13 *Fujifilm*, 2015 WL 757575, at *27.

14      ***Richards Report.*** Professor Richards claims for the first time on reply that he is an expert
15 qualified to critique the design of a consumer survey at a granular level, including invoking
16 statistical and methodological concepts like "selection bias," question design, and back-end
17 analysis. Richard Reply ¶ 43. He is not. As Prof. Richards put it, "as relevant to this case, I am a
18 trained historian," not a survey researcher. Reddy Decl. Ex. 4 (Richards Depo Tr.) at 41:2–3. He
19 similarly conceded that he was "**not trained at an expert level** in the conduction of – of large
20 quantitative models and consumer surveys," *id.* at 50:16–20 (emphasis added), has never conducted
21 a survey assessing the privacy expectations of individuals, *id.* at 49:9–12, and his only familiarity
22 with such tools are based on a "workshop in empirical methods some years ago," *id.* at 49:9–14. In
23 the face of this unambiguous testimony, Professor Richards now asserts that he has the requisite
24 credentials because he reviewed "body of empirical work" of a fellow academic as part of a tenure
25 review process. Richard Reply ¶ 43. Occasionally reading about surveys does not qualify Professor
26 Richards as a survey expert under Rule 702, and the Court should strike all his opinions as to Dr.
27 Hanssens' methodology. Professor Richards also opines about the sufficiency of Google's evidence
28 on consent—an obvious legal conclusion that the Court should disregard. *Id.* ¶ 77 ("[T]here is no

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S CLASS CERT. REPLY
EVIDENTIARY OBJECTIONS
CASE NO. 4:21-CV-02155-YGR-VKD

evidence from which a trier of fact could conclude that Google in fact discloses the Google RTB system, or the sharing of account holder personal information to hundreds of entities outside of Google through the Google RTB system, to its account holders.").

### III.     Misleading and Incomplete Citations to Deposition Testimony

Plaintiffs' reply papers repeatedly cherry-pick transcript excerpts, assert that witnesses said things they did not, and ascribe to Google testimony outside its corporate deponent's designated Rule 30(b)(6) topics. **First**, Google asks the Court to consider under Federal Rule of Evidence 106 the deposition testimony appended to the Reddy Declaration, which provides critical context. For example, Plaintiffs claim that Google "admits that it does not disclose what it uses, shares and sells about Google account holders in RTB auctions *anywhere* in [its] materials." Reply at 3. For this assertion, they cite Google employee Suneeti Vakharia's statement that "these disclosures do not communicate the sale of any user's information." *Id.* (citing Vakharia Depo Tr. at 275:14-15). Yet Ms. Vakharia was clear in saying that "[w]e do not disclose that *because we do not do it*," critical context that makes it plain she was not "admitting" to anything. Reddy Decl. Ex. 2 at 99:8-100:19 (emphasis added); *see also, e.g.*, *id.* at 255:16 - 273:22 (Vakharia's testimony describing disclosure of data sharing at issue in various sources, given immediately prior to her purported admission that Google does not disclose the "sale" of information). There are similar omissions in Plaintiffs' excerpts of the depositions of Prof. Richards and Google employee Glenn Berntson. **Second**, Google designated 30(b)(6) witnesses on a narrow set of topics, and Plaintiffs' counsel at times explicitly limited examination outside those topics to the deponent's personal capacity. Nevertheless, Plaintiffs improperly ascribe personal testimony to Google. *See, e.g.*, Reply at 9 (citing Vakharia's personal familiarity with the concept of survey bias as "Google testimony that consumer surveys do not reflect the real-world"); *see also* Reddy Decl. Ex. 1. Google moves to strike the following excerpts of Ms. Vakharia's deposition transcript on this ground: 49:15-18; 62:18-63:7; 99:8-100:19; 129:17-131:12; 158:8-159:2; 205:13-206:10; 274:22-275:8; 275:10-15; 276:10-18, 277:1-10; 278:7-17; 294:6-18. Google also moves to strike Plaintiffs' attribution to Google of Dr. Berntson's testimony regarding Google's data production from a certain log, which was not a 30(b)(6) topic. *See* ECF No. 616-5 ¶ 102(g) (citing Berntson Depo. Tr. at 212:7-214:18).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S CLASS CERT. REPLY
EVIDENTIARY OBJECTIONS
CASE NO. 4:21-CV-02155-YGR-VKD

| | |
|---|---|
| Dated: December 6, 2023 | COOLEY LLP |
| | By: */s/ Whitty Somvichian* <br> Whitty Somvichian |
| | Attorney for Defendant <br> GOOGLE LLC |

294791705

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

GOOGLE'S CLASS CERT. REPLY
EVIDENTIARY OBJECTIONS
CASE NO. 4:21-CV-02155-YGR-VKD