# EXHIBIT 4

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 1

1            UNITED STATES DISTRICT COURT
2           NORTHERN DISTRICT OF CALIFORNIA
3                  OAKLAND DIVISION
4
5   In re Google RTB Consumer    )
    Privacy                      ) Case No.
6   Litigation,                  ) 4:21-cv-02155-YGR-VKD
                                 )
7                                )
    This document applies to:    )
8   All actions                  )
    _____)
9
10
11
12      HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
13   VIDEO-RECORDED DEPOSITION OF PROFESSOR NEIL RICHARDS
14
15              Thursday, August 24, 2023
16               San Francisco, California
17
18
19
20
21
22
23   Stenographically Reported By:
24   Hanna Kim, CLR, CSR No. 13083
25   Job No. 6056459

Veritext Legal Solutions
800-567-8658                                973-410-4098

1  attending dozens, if not hundreds, of empirical
2  presentations at my home institution and other
3  institutions at conferences over my 20 plus years as
4  a full-time academic every time that I -- that I
5  read or evaluate a study.
6          And so, those -- those habits of mine,
7  those analytical skills are ones that -- that you
8  can't unlearn. And so, for example, when -- when I
9  read consumer surveys or studies, I'm using that
10 training and that experience in assessing their --
11 their persuasiveness and their validity.
12     Q.  Do you believe you're an expert in
13 conducting surveys that look for statistically
14 significant results in analyzing consumer
15 expectations of privacy?
16     A.  In terms of actually running the survey
17 and conducting it, I would say that I am not trained
18 in quanti- -- I am not trained at an expert level in
19 the conduction of -- of large and quantitative models
20 and consumer surveys.
21          I do think that I would be welcomed on a
22 team, indeed a -- a leading team, as a subject matter
23 expert in privacy and consumers.
24          But with respect to the precise set of
25 skills of -- of actually crunching the numbers, that

1   is not my training and that is not my expertise, no.
2       Q.   And would you say you have any expertise
3   in conducting focus groups that analyze consumer
4   expectations of privacy in a formal setting?
5       A.   At a formal methodological level, I would
6   say that -- that I am not an expert in that.  But,
7   again, I -- I do have expertise in privacy such that
8   people conducting focus groups or quantitative
9   studies would cite my work or could include me in
10   a -- in a research team.
11      Q.   Have you ever been included in such a
12  research team?
13      A.   No.  But I have been cited extensively
14   in -- in some of this work for my expertise on
15  privacy in general and consumer privacy in
16  particular.
17      Q.   But not on the actual expectations of
18  consumers as analyzed in a formal methodological
19  setting, such as a focus group or a survey; correct?
20          MS. PRITZKER:  Object as to form.
21          THE WITNESS:  Yeah, that's -- that --
22  that's a very broad statement, and I'm not -- I'm  not
23  comfortable answering that.
24   BY MR. WONG:
25      Q.   Why is it broad?

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 52

1    A.   Because you said "a formal methodological
2    setting," comma, "such as," and that implies a
3    non-extensive list.
4          And I -- I just want to be accurate in my
5    answers to you today.  And I don't want to overclaim
6    my expertise, but I also don't want to underclaim it
7    either.
8    Q.   Are you an expert on the actual
9    expectations of consumers as analyzed in a formal
10   methodological setting?
11         MS. PRITZKER:  Object as to form.
12   THE WITNESS:  I'm not sure what you mean  by that
13   question.
14   BY MR. WONG:
15   Q.   What do you not understand?
16   A.   Your question.
17   Q.   What part of it do you not understand?A.
18   The whole thing.
19   Q.   You don't understand the entire thing?A.
20   I don't understand what it means, no.
21   It's not --
22   Q.   You don't understand what --
23   A.   -- clear.
24   Q.   Are you an expert, do you know what that
25   means?

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 53

1     THE COURT REPORTER: One person -- one at
2  a time, please.
3     THE WITNESS: I'm sorry?
4     THE COURT REPORTER: We need to speak one
5  at a time.
6     THE WITNESS: Yes.
7     MS. PRITZKER: May -- may we -- and I'm
8  going to object to the argumentative nature of the
9  inquiry. I mean, I'm happy for you to ask --
10    MR. WONG: Well, I'm sorry that --
11    MS. PRITZKER: -- Professor Richards
12  questions --
13    MR. WONG: I am asking him a question
14  which is rather understandable, so --
15    MS. PRITZKER: Well, it's not
16  understandable --
17    MR. WONG: I understand he doesn't want to
18  answer it.
19    MS. PRITZKER: -- to me or to the witness.
20    THE COURT REPORTER: One person at a time,
21  please.
22    MS. PRITZKER: It's not understandable to
23  me or to the witness, so try again.
24  BY MR. WONG:
25    Q. You used the term "formal methodological

1    setting," correct, earlier in your testimony?
2         A.   I'd have to review the transcript.  We've
3    been -- we've been talking a lot about this.
4         Q.   You said it with respect to the focus
5    groups.
6              Do you recall that?
7         A.   I recall us talking about the focus
8    groups, yes.
9         Q.   So I'm asking whether or not you have
10   expertise in the actual results from focus groups in
11   a formal -- that -- that are conducted in a formal
12   methodological setting.
13        A.   Maybe I can simplify this.  I have ex- -- I
14   have not conducted formal large and statistical
15   surveys of consumer expectations of privacy.
16        Q.   Have you conducted formal small
17   statistical surveys of consumer expectations of
18   privacy?
19        A.   No --
20        Q.   Have you ever --
21        A.   -- not to -- well, I -- I would have to
22   review my -- I would have to review my -- my
23   publications to answer that question with definitive
24   clarity.
25        Q.   You cannot recall as we sit here whether

Page 55

1  or not you've ever conducted a statistical survey of
2  consumer expectations of privacy?
3       A.   The -- the majority of my work is not
4  statistical.  I don't believe I have ever conducted a
5  statistical study of consumer expectations of
6  privacy.
7       Q.   Have you conducted any -- so what other
8  kinds of surveys of consumer expectations of privacy
9  are you aware of?
10      A.   Well, you -- you asked me about
11 conducting.  I have read them.
12      Q.   Read statistical studies of consumer
13 expectations of privacy or other studies of consumer
14 expectations of privacy?
15           I am confused as to your answer.
16      A.   Both.
17      Q.   And I am asking whether or not you've ever
18 conducted a statistical or otherwise study of
19 consumer expectations of privacy.
20      A.   Again, I have not conducted a statistical
21 study of consumer expectations of privacy.
22      Q.   Have you conducted a nonstatistical study
23 of consumer expectations of privacy?
24      A.   Well, I think when you -- when you talk
25 about consumer expectations of privacy over time,

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 218

1  CERTIFICATE OF REPORTER
2           I, Hanna Kim, a Certified Shorthand
3  Reporter, do hereby certify:
4           That prior to being examined, the witness
5  in the foregoing proceedings was by me duly sworn to
6  testify to the truth, the whole truth, and nothing
7  but the truth;
8           That said proceedings were taken before me
9  at the time and place therein set forth remotely via
10 videoconference and were taken down by me in
11 shorthand and thereafter transcribed into
12 typewriting under my direction and supervision;
13          I further certify that I am neither
14 counsel for, nor related to, any party to said
15 proceedings, not in anywise interested in the
16 outcome thereof.
17          Further, that if the foregoing pertains to
18 the original transcript of a deposition in a federal
19 case, before completion of the proceedings, review
20 of the transcript [X] was [ ] was not requested.
21          In witness whereof, I have hereunto
   subscribed my name.
22 Dated:  29th day of August 2023
23
24
                          Hanna Kim
25                        CLR, CSR No. 13083

Veritext Legal Solutions
800-567-8658                                    973-410-4098