1  Elizabeth C. Pritzker (Cal. Bar No. 146267)
   Jonathan K. Levine (Cal. Bar No. 220289)
2  Bethany Caracuzzo (Cal. Bar No. 190687)
3  **PRITZKER LEVINE LLP**
   1900 Powell Street, Suite 450
4  Emeryville, CA 94608
   Tel.: (415) 692-0772
5  Fax: (415) 366-6110
   *ecp@pritzkerlevine.com*
6  *jkl@pritzkerlevine.com*
7  *bc@pritzkerlevine.com*

8  *Interim Class Counsel*

9  [Additional Counsel Appear on Signature Page]

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION*<br><br>*This document applies to all actions.* | **CASE NO. 4:21-CV-02155-YGR-VKD**<br><br>**PLAINTIFFS' RESPONSE DEFENDANT GOOGLE LLC'S ADMINISTRATIVE MOTION (ECF No. 625) TO EXTEND TIME FOR BRIEFING ON PLAINTIFFS'** ***DAUBERT*** **MOTION TO EXCLUDE GOOGLE'S EXPERT BRUCE DEAL (ECF No. 575)** |

1  Plaintiffs respectfully submit this response to the administrative motion by defendant Google LLC ("Google") (ECF No. 625), in which Google seeks a one-week extension, from December 13 to December 20, 2023, to file its opposition to Plaintiffs' *Daubert* motion to exclude the expert testimony of Google's class certification expert, Bruce Deal (ECF No. 623-3), and in which Google seeks to adjust the date of Plaintiffs' reply in support of that motion from December 20, 2023 to January 8, 2024.

Plaintiffs are dismayed that Google proceeded with its motion without completing the meet and confer process, and without advising the Court of the effect Google's requested extension has on the case schedule, as Civil Local Rules 6-3 and 7-11 require. Class certification briefing in this matter has been extended three times over the past year due to discovery delays on Google's part – first, from September 23, 2022 to January 24, 2023 (ECF No. 329), then from January 24, 2023 to May 23, 2023 (ECF No. 391), and then from May 23, 2023 to July 14, 2023 (ECF Nos. 515, 534). Declaration of Elizabeth C. Pritzker ("Pritzker Decl.") at ¶ 3.  Additional discovery delays related to Google's late production of one its class certification witnesses' custodial file on November 1, 2023 and Google's inability to present that witness for deposition until November 15, 2023 required a further short extension (from November 17, 2023 to November 29, 2023) for Plaintiffs to file their class certification reply brief.  ECF No. 612. *Id.* ¶ 4. Plaintiffs met that November 29, 2023 filing deadline, and Plaintiffs' *Daubert* motion with respect to Mr. Deal accompanied that filing. *See* ECF Nos. 616 - 623. *Id.*

The briefing schedule on Plaintiffs' *Daubert* motion was set by the Court on November 29, 2023 (ECF No. 624), and allowed for all class certification briefing to be concluded this year prior to the Christmas holidays – with Google's opposition due December 13, 2023 and Plaintiffs' reply due December 20, 2023.  Maintaining this schedule allows for all of the parties' class certification briefing to be completed this year, ahead of the Christmas and New Years Day holidays, and provides the Court with the greatest flexibility to schedule a hearing on class certification in January 2024[1], and potentially ahead of the upcoming January 19, 2024 fact discovery and February 9, 2024 opening

---

[1] Plaintiffs are aware that the Court is unavailable on Wednesday, January 17, 2024.

expert report deadlines. S*ee* ECF Nos. 530, 534. It is for this reason that Plaintiffs prefer not to extend the briefing schedule on the *Daubert* motion with respect to Mr. Deal. Pritzker Decl. ¶¶ 6-7.

That said, consistent with prior practice and professional guidelines, Plaintiffs met and conferred with Google's counsel to attempt to resolve Google's briefing needs, avoid burdening the Court with unnecessary motion practice, and meaningfully assess the impact the delayed and now potentially extended briefing on class certification may have on the case and Court's schedule. Pritzker Decl. ¶¶ 8-9. With those considerations in mind, and as a professional courtesy to Google and its counsel, Plaintiffs stated they were amenable to Google's proposal to extend the *Daubert* briefing schedule, with Google's opposition brief due December 20, 2023 and Plaintiffs' reply brief due January 12, 2024 (to accommodate pre-planned holiday and vacation schedules of Plaintiffs' counsel and staff), provided the parties also agree upon, or at least discuss with the Court, the case schedule implications resulting from the extended class certification briefing. *Id.* For example, presently there is no scheduled class certification hearing date. Additionally, under the current schedule and as noted above, fact discovery closes on January 19, 2024 and opening merits expert reports are due February 9, 2024. S*ee* ECF Nos. 530, 534. Both of these dates are likely to pass before the Court has an opportunity to hear or rule upon class certification issues.

In an effort to promote efficiencies for the parties and the Court in trying to meet future case deadlines with the guidance that the Court's ruling on class certification may provide, Plaintiffs proposed that the parties agree to move the current schedule by two months, now. Pritzker Decl. ¶ 9. This allows the parties to address case scheduling needs directly with the Court at a case management conference to follow the Court's as yet to be scheduled hearing on class certification. The modest extension of the case schedule Plaintiffs propose also is necessary to allow time for Plaintiffs to conduct class-wide discovery after the Court rules on the pending motion. To date, Google has refused to produce certain class discovery, claiming that it is not relevant unless the Court certifies a class. *See, e.g.*, ECF No. 269-1 at p.22 ("Google…objects to this Request [No. 12] to the extent it is not limited to the named Plaintiffs and, instead, seeks information and documents relating to individual putative class members when no class has been certified."). Under the current schedule, as noted, fact discovery is likely to close before the Court even hears the class certification motion.

Google and its counsel declined to agree upon a modified case schedule, or even discuss these scheduling implications with Plaintiffs and their counsel. Google and its counsel also did not seek to have the parties present their respective views on these issues in a joint submission to the Court, as they have done in the past.[2]  Instead, Google chose to go ahead and file this administrative motion without inviting any further discussion on the issue.  Pritzker Decl. ¶ 9.

In light of the above, Plaintiffs' preference is adherence to the Court-ordered schedule on Plaintiffs' *Daubert* motion. Should the Court grant Google its requested relief, Plaintiffs respectfully request that any adjustments to the briefing schedule be in accordance with the schedule agreed upon by the parties in their meet and confer discussions, with Google's opposition due December 20, 2023 and Plaintiffs' reply brief due January 12, 2024.

However the Court rules, Plaintiffs respectfully request that the Court extend the current case schedule (*see* ECF Nos. 530, 534), as Plaintiffs proposed to Google which is as follows:

| **Event** | **Proposed Case Extension/New Dates** |
| --- | --- |
| Fact Discovery Cut-Off | From January 19, 2024 to **March 15, 2024** |
| Opening Expert Reports | From February 9, 2024 to **April 12, 2024** |
| Rebuttal Expert Reports | From March 15, 2024 to **May 17, 2024** |
| Close of Expert Discovery | From April 12, 2024 to **June 14, 2024** |
| Dispositive/Daubert Motions | From May 17, 2024 to **July 19, 2024** |

Plaintiffs further respectfully request that the Court set a case management conference in conjunction with the Court's scheduling of any hearing on Plaintiffs' class certification motion, so the parties can discuss with the Court whether any further adjustments to the case schedule are warranted, and also discuss pre-trial conference and trial dates which have not yet been set.

Dated:  December 7, 2023           Respectfully submitted

**PRITZKER LEVINE LLP**

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (Cal. Bar No.146267)
Jonathan K. Levine (Cal. Bar No. 220289)

---

[2] For example, in ECF No. 550, the parties filed a stipulation for a case extension that permitted Google to state its position on proposed discovery limitations associated with that extension request.

Bethany Caracuzzo (Cal. Bar No. 190687)
1900 Powell Street, Ste. 450
Oakland, CA 94602
Tel.: (415) 692-0772
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Anne K. Davis (Cal. Bar No. 267909)
Joshua D. Samra (Cal. Bar No. 313050)
1330 Broadway, Suite 630
Oakland, CA 94612
Tel.: (415) 445-4003
*lweaver@bfalaw.com*
*adavis@bfalaw.com*
*jsamra@bfalaw.com*

**SIMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*

**DICELLO LEVITT LLP**
David A. Straite (admitted *pro hac vice*)
James Ulwick (admitted *pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*
*julwick@dicellolevitt.com*

**COTCHETT PITRE & MCCARTHY, LLP**
Nancy E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal Bar. No. 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road
Burlingame, CA 94010
Tel.: (650) 697-6000
*nnishimura@cpmlegal.com*
*bdanitz@cpmlegal.com*

|     |     |
| --- | --- |
| 1   | *kswope@cpmlegal.com* |
| 2   | **BOTTINI & BOTTINI INC.** |
| 3   | Francis A. Bottini, Jr. (Cal. Bar No. 175783) |
|     | 7817 Ivanhoe Ave., Ste. 102 |
| 4   | LA Jolla, CA 92037 |
|     | Tel.: (848) 914-2001 |
| 5   | *fbottini@bottinilaw.com* |
| 6   | *Plaintiffs' Executive Committee* |