Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION*<br><br>*This document applies to all actions.* | CASE NO. 4:21-CV-02155-YGR-VKD<br><br>**DECLARATION OF ELIZABETH C. PRITZKER IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANT GOOGLE LLC'S ADMINISTRATIVE MOTION (ECF NO. 625) TO EXTEND TIME FOR BRIEFING ON PLAINTIFFS'** ***DAUBERT*** **MOTION TO EXCLUDE GOOGLE'S EXPERT BRUCE DEAL (ECF NO. 575)** |

I, Elizabeth C. Pritzker, declare and state as follows:

1. I am an attorney duly admitted to practice before this Court and a partner of Pritzker Levine LLP, one of law firms representing plaintiffs in this matter. On August 3, 2021, I was appointed to serve as Interim Class Counsel for plaintiffs. ECF No. 77.

2. Pursuant to Civil Local Rules 6-3 and 7-11, I submit this declaration in support of plaintiffs' response to the administrative motion by defendant Google LLC ("Google") (ECF No. 625), in which Google seeks a one-week extension, from December 13 to December 20, 2023, to file its opposition to Plaintiffs' *Daubert* motion to exclude the expert testimony of Google's class certification expert, Bruce Deal (ECF No. 623-3), and in which Google seeks to adjust the date of Plaintiffs' reply in support of that motion from December 21, 2023 to January 8, 2023.

3. I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

4. Class certification briefing in this matter has been extended three times over the past year due to discovery delays on Google's part – first, from September 23, 2022 to January 24, 2023 (ECF No. 329), then from January 24, 2023 to May 23, 2023 (ECF No. 391), and then from May 23, 2023 to July 14, 2023 (ECF Nos. 515, 534).

5. Additional discovery delays related to Google's late production of Google employee Suneeti Vakharia's (one its class certification witnesses) custodial file on November 1, 2023 and Google's inability to present Ms. Vakharia for deposition until November 15, 2023 required a further short extension (from November 17, 2023 to November 29, 2023) for Plaintiffs to file their class certification reply brief. ECF No. 612. Plaintiffs met that November 29, 2023 filing deadline, and Plaintiffs' *Daubert* motion with respect to Mr. Deal accompanied that filing. *See* ECF Nos. 616 - 623.

6. The briefing schedule on Plaintiffs' *Daubert* motion was set by the Court on November 29, 2023. ECF No. 624. It allows for all class certification briefing to be concluded this year prior to the Christmas and New Years Day holidays – with Google's opposition due December 13, 2023 and Plaintiffs' reply due December 20, 2023. It also provides the Court with some degree of flexibility to schedule a class certification hearing in January 2024, potentially ahead of the fact

1  discovery and the expert report deadlines, which are currently set for January 19 and February 9, 2024, respectively. *See* ECF Nos. 530, 534.

7.    On Saturday, December 2, I received an email from Google's counsel, Aarti Reddy, seeking an extension of time for Google to file its opposition to Plaintiffs' *Daubert* motion, from December 13 to December 20, 2024, and proposing that Plaintiffs have until January 8, 2024 to file their reply memorandum. I sent a reply email on Sunday, December 4, at 2:17 p.m., stating that while Plaintiffs have consistently granted Google courtesy extensions in this matter, Plaintiffs preferred the Court-ordered briefing schedule for the reasons discussed above. I further replied that Plaintiffs' professional staff would be unavailable over the holiday period leading up to January 8, 2024, making it difficult for Plaintiffs to prepare and file a reply memorandum during that time period.

8.    Ms. Reddy sent a further reply email on Sunday, December 3, at 9.21 pm, proposing to extend the date for Plaintiffs' reply memorandum to January 12, 2024 as an accommodation to the scheduling needs of Plaintiffs' professional staff.

9.    On Monday, December 4, at 1:07 p.m., I sent an email to Ms. Reddy and Google's additional counsel, stating that Plaintiffs' counsel had conferred and that, as a professional courtesy and in an effort to avoid motion practice before the Court, Plaintiffs would agree to Google's proposed briefing schedule (with Google's opposition due December 20, 2023 and Plaintiffs' reply due January 12, 2024), provided the parties could agree upon and propose to the Court a modest two-month extension of "the post-certification case schedule to account for the interim case scheduling delays that have occurred and to allow the court to set a hearing on class certification." I closed that email with a request that Google "[p]lease advise if Google is agreeable to these terms" in an effort to further meet and confer discussions on the issue. No further discussions occurred, however. Ms. Reddy sent a reply email at 5:25 p.m. that evening, stating that Google "would seek the necessary relief" from the Court. I was away from my email at that hour, but later learned that Google had decided to file its administrative motion (ECF No. 625) after I saw the item posted to the Court's docket at 8:09 p.m. that evening.

//

//

1   I declare under penalty of perjury under the laws of the United States of America that the
2   foregoing is true and correct. Executed on this 7th day of December in Emeryville, California.

>   */s/ Elizabeth C. Pritzker*
>   Elizabeth C. Pritzker