# EXHIBIT A

Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

[Additional Counsel Appear on Signature Page]

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* | **CASE NO. 4:21-CV-02155-YGR-VKD** |
| *This document applies to all actions.* | **PLAINTIFFS' [PROPOSED] RESPONSE TO DEFENDANT GOOGLE LLC'S OBJECTIONS TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION REPLY BRIEFING (ECF NO. 628)** |

## I. Introduction

The Court should overrule all of defendant Google LLC's objections to certain evidence plaintiffs submitted in their class certification reply briefing. The expert testimony Google complains about is well within the proper scope of rebuttal and in response to new evidence Google only produced with its opposition to plaintiffs' motion. Plaintiffs' experts also are not providing "improper opinion testimony." Finally, there is nothing misleading or incomplete about how plaintiffs cited to deposition testimony. Plaintiffs address these issues in more detail below.

## II. Plaintiffs' Experts Submitted Proper Rebuttal Reports and Are Not Offering Improper Opinion Testimony

Google's recitation of the relevant law is inaccurate and incomplete. "The test of whether an expert's opinion constitutes rebuttal or a 'new' opinion, however, is not whether a rebuttal expert employs new testing or methodologies but instead, whether a rebuttal attempts to put forward new theories outside the scope of the report it claims to rebut." *In re MacBook Keyboard Litig.*, 2022 WL 1604753, at *8 (N.D. Cal. Jan. 25, 2022), quoting *Huawei Techs., Co. Ltd. V. Samsung Elecs. Co., Ltd.*, 340 F. Supp. 3d 934, 995 (N.D. Cal. 2018). Moreover, "[a]s a general matter, courts have permitted additional data to be used in a rebuttal report so long as it is of the same subject matter." *In re MacBook*, 2022 WL 1604753, at *8, quoting *Kirola v. City and Cty. Of San Francisco*, 2010 WL 373817, at *2 (N.D. Cal. Jan. 29, 2010). "A rebuttal expert may cite new evidence and data or introduce new methods of analysis in a rebuttal report so long as the new evidence, data, or method is offered to contradict or rebut the opposing party's expert." *In re MacBook*, 2022 WL 1604753, at *8. *See also, In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2012 WL 1291950 at *2 (N.D. Cal. July 13, 2012) ("[A] rebuttal report may properly include new analysis, data and evidence that was not contained in the original report, provided that the new material rebuts argument or data on the same 'subject matter' contained in the opposing expert's report."); *Leadership Studies, Inc. v. Blanchard Training and Dev., Inc.*, 2018 WL 1989554, at *9 (S.D. Cal. Apr. 27, 2018) ("[T]here is no bright line rule requiring automatic exclusion of a rebuttal report that contains information that could have been included in an initial expert report.") Viewed against this legal standard, even a cursory review of the expert rebuttal reports Google complains about shows that Google' objections are meritless.

**Wilson Rebuttal Report.** Google is wrong that there is anything improper in Prof. Wilson's fingerprinting analysis in his rebuttal testimony (¶¶ 54-62). This analysis is based on data that was fully available to Dr. Striegel and directly in response to Dr. Striegel's opinion that this data is not reasonably capable of being associated with individuals or households (Striegel Rep. ¶¶ 146-158). The fact that Dr. Striegel, in his report, looked at the wrong NY Times data set is not a basis to object to Prof. Wilson's analysis of the correct data set to respond to Dr. Striegel's opinions and to show where they err. Prof. Wilson looked at this data set specifically to respond to Dr. Striegel's analysis of the NT Times and The Trade Desk data sets, and in a way that Prof. Wilson had not done originally. The case law cite above supports the admissibility of Prof. Wilson's opinion in this regard.

**Zeithammer Rebuttal Report.** Google is wrong that portions of the Zeithammer Rebuttal are outside the scope of rebuttal testimony. Paragraphs 42 and 59-75 of that report respond directly to two erroneous assumptions in the Deal Report: that internal bidders do not share any user data outside Google (¶ 42), and that bidding by internal bidders would be unaffected in Deal's but-for world compared to the status-quo world (¶¶ 59-75). These opinions are properly offered "'to contradict or rebut evidence on the same subject matter identified by another party' in its expert disclosures." *In re MacBook*, 2022 WL 1604753, at *7. And Prof. Zeithammer's "40-page critique of Dr. Hanssen's survey report" (Objs. at 2) clearly "directly address[es] opinions expressed" in the Hanssens Report "and therefore relate[s] to the same subject matter for the purposes of Rule 26(a)(2)(D)(ii)." *Wadler v. Bio-Rad Laboratories, Inc.*, 2016 WL 6070530, at *3 (N.D. Cal. Oct. 17, 2016).

Google's claim that portions of the Zeithammer Rebuttal contain "speculative inferences and attorney argument" is specious. In paragraphs 48-57, Prof. Zeithammer shows, based on the Google document relied upon by Mr. Deal (¶ 54), outside sources (¶ 52), and his expertise regarding the RTB auction process, that Mr. Deal's assumption that RTB "revenue from [certain internal bidders] is not at issue in this matter" is incorrect for a number of reasons, including that the internal bidders share user data with third parties for purposes of retargeting. There is nothing improper about this rebuttal opinion which, again, is directly responsive and in rebuttal to opposing expert opinion testimony

offered by Google and Mr. Deal.

Prof. Zeithammer's analysis of Mr. Deal's proposed but-for world (¶¶ 78-84, 93) is aptly based on numerous Google emails and documents discussing various experiments. The observation that additional information about these experiments may exist that could help to update the specific apportionment numbers is intellectually honest and consistent with Prof. Zeithammer's original reservation of rights in this regard (*see* ¶ 12: "Since Deal has produced no new empirical evidence, I continue to reserve this right to update my apportionment numbers if more evidence is produced."). Likewise, Prof. Zeithammer's rebuttal (¶¶ 102-105) of the Deal Report's claim that "Google could have even earned higher profit in this but-for world" is entirely apt, as it is based not only on Prof. Zeithammer's undisputed expertise in econometrics and advertising auctions, but also on an analysis of the inconsistencies between that claim and Google's own documents.

**Richards Rebuttal Report.** Google seeks to strike Prof. Richards' rebuttal opinions to Dr. Hanssen's survey evidence on the grounds that Prof. Richards never opined on survey issues in his opening report. But the survey issue was raised for the very first time only when Google filed its opposition. Google never explains how Prof. Richards was supposed to have addressed this survey evidence in his opening report when the evidence did not yet exist. In any event, Google is wrong. Prof. Richard's rebuttal opinion about Dr. Hanssens is proper because it squarely addresses arguments made in an opposing expert's report and it is on precisely the same subject matter. Moreover, Dr. Hanssens put in the survey to rebut Prof. Richard's opinions about consumer privacy expectations, so Prof. Richard's response to that survey also pertains to the same subject matter (consumer privacy expectations) as his original report. *See, In re MacBook*, 2022 WL 1604753, at *7-8.

Google also does not clearly identify which portions of the Richards Rebuttal to which it objects. The only cited basis for its evidentiary objection is Rule 702, under which Google asserts that Prof. Richards is "not qualified" to offer any sort of critique of the survey study conducted by Dr. Hanssens, which plaintiffs infer to be an objection to ¶¶ 42-50 of the Richards Rebuttal. This Court has "broad latitude" in deciding how to determine the reliability of an expert's opinions, as well as in ultimately determining whether the testimony is reliable. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 145, 1529

(1999)). The Court has what it needs to exercise its broad discretion and find Prof. Richards' rebuttal opinions reliable, here. Prof. Richards recites the basis for his rebuttal opinions (Richards Reb. ¶¶ 46-50), as well as his qualifications in reaching those opinions (*Id.* ¶¶ 43-45). Google's off-hand and unsubstantiated "objection" to ¶ 77 of the Richards' Rebuttal addressing Google's consent arguments (and the evidence Google put forward for the first time in its opposition to support those arguments) is not an evidentiary objection at all, let alone a basis for excluding Prof. Richards' opinions under Rule 702. *See, Phan v. Costco Wholesale Corporation*, 2020 WL 6081774, *2, fn. 1 (N.D. Cal. Oct. 15, 2020) (objections that "take issue with the substance of the opposing party's evidence" are "appropriate for purposes of argument but are not a basis for excluding evidence.").

**Regan Rebuttal Report.** Google moves to strike paragraphs 19-22 of the Regan Rebuttal on the grounds that Mr. Regan improperly relies on "new internal Google documents and deposition testimony," and offers "lawyer-crafted argument," rather than expert rebuttal. Google is wrong, and it objection should be overruled. In these paragraphs Mr. Regan responds directly to Mr. Deal's erroneous assertions that (1) the Google-produced RTB revenue data includes some unquantified amount of revenue from non-Google account holders and is unsuitable for an unjust enrichment calculation; and (2) that Google cannot determine how much revenue is generated by Google account holders (Deal Report ¶¶ 39-43). Mr. Regan's rebuttal opinion properly relies on Google documents and Google employee testimony that directly contradicts Mr. Deal's erroneous assertions. *See*, *In re MacBook*, 2022 WL 1604753, at **7-8 (citations omitted); *In re. LCD,* 2012 WL 1291950 at *2.

Further, Google misleads the Court when it says that Mr. Regan's reliance on such evidence is "belated." In ¶¶ 19-22, Mr. Regan cites the testimony of Mr. Deal and Google employees Glenn Berntson and Suneeta Vakharia, all of whom submitted materials in support of Google's opposition to class certification and testified *after* Mr. Regan's opening report was filed. Again, Google does not explain how Mr. Regan could have addressed this testimony in his opening report when the testimony did not yet exist. The single previously available document cited in this section is offered for its consistency with Dr. Berntson's testimony, as well as the Shafiq Rebuttal Report (which Google does not challenge). Google's offers a single trial court order to support its argument for exclusion of "new evidence" – but *Rojas* doesn't help Google. In *Rojas* the "new" evidence at issue included a report

submitted by a previously undisclosed expert and new, not rebuttal, damages analysis submitted on reply. *See Rojas v. Bosch Solar Energy Corp.,* Case No. 5:18-cv-05841 (N.D. Cal.), ECF Nos. 186, 202-1. In contrast, Mr. Regan's rebuttal expert testimony properly relies on Google evidence and testimony that directly contradicts Mr. Deal's erroneous assertions.

Google also seeks to strike paragraphs 17-22 of the Regan Rebuttal on the grounds that they reflect unscientific "observations and inferences" the Court could draw itself. Again, Google is wrong. In ¶¶ 17-18, Mr. Regan identifies significant gaps in Mr. Deal's analysis, including his disregard of evidence that Mr. Regan relied on in his Report in favor of a single private and undocumented conversation with Google employee Stan Belov. Mr. Regan's observation in ¶ 18 that "[i]f Google wished to produce more finely grained evidence, or Mr. Deal identified a need to refine Google's data, either Google or Mr. Deal could have done so," is both consistent with Mr. Regan's analysis of the gaps in Mr. Deal's analysis and Google's limited production of financial data, and with Mr. Regan's discussion of the limited financial data produced by Google in Section III.C of his Report, which opinions are grounded in Mr. Regan's expertise in the analysis of such financial data. As discussed above regarding ¶¶ 19-22, 17-22 reflect proper expert testimony that responds to and rebuts opposing expert testimony offered by Google and Mr. Deal.

### III. Plaintiffs' Deposition Evidence Is Proper

The Court should reject Google's belated effort to supplement the record here by submitting deposition testimony favorable to its cause that may contradict the testimony plaintiffs submitted from the same witnesses. Plaintiffs provided the Court with the relevant questions and answers from Google's 30(b)(6) witnesses, Suneeti Vakharia, and Glenn Berntson, and from one of plaintiffs' experts. The fact that these witnesses may have said something different or contradictory later in their depositions does not make what plaintiffs submitted incomplete under Federal Rule of Evidence 106, or provide Google a license to scour the record to find testimony it sees as favorable (and does not defeat predominance anyway).

### IV. Conclusion

For all of the foregoing reasons, Google's evidentiary objections should be overruled.

| | |
|---|---|
| Dated: December 12, 2023 | Respectfully submitted |
| | **PRITZKER LEVINE LLP** |
| | By: /s/ Elizabeth C. Pritzker |
| | Elizabeth C. Pritzker (Cal. Bar No.146267) |
| | Jonathan K. Levine (Cal. Bar No. 220289) |
| | Bethany Caracuzzo (Cal. Bar No. 190687) |
| | 1900 Powell Street, Ste. 450 |
| | Oakland, CA 94602 |
| | Tel.: (415) 692-0772 |
| | *ecp@pritzkerlevine.com* |
| | *jkl@pritzkerlevine.com* |
| | *bc@pritzkerlevine.com* |
| | |
| | *Interim Class Counsel* |
| | |
| | **BLEICHMAR FONTI & AULD LLP** |
| | Lesley Weaver (Cal. Bar No.191305) |
| | Anne K. Davis (Cal. Bar No. 267909) |
| | Joshua D. Samra (Cal. Bar No. 313050) |
| | 1330 Broadway, Suite 630 |
| | Oakland, CA 94612 |
| | Tel.: (415) 445-4003 |
| | *lweaver@bfalaw.com* |
| | *adavis@bfalaw.com* |
| | *jsamra@bfalaw.com* |
| | |
| | **SIMONS HANLY CONROY LLC** |
| | Jason 'Jay' Barnes (admitted *pro hac vice*) |
| | An Truong (admitted *pro hac vice*) |
| | 112 Madison Avenue, 7th Floor |
| | New York, NY 10016 |
| | Tel.: (212) 784-6400 |
| | *jaybarnes@simmonsfirm.com* |
| | *atruong@simmonsfirm.com* |
| | |
| | **DICELLO LEVITT LLP** |
| | David A. Straite (admitted *pro hac vice*) |
| | James Ulwick (admitted *pro hac vice*) |
| | 485 Lexington Avenue, Suite 1001 |
| | New York, NY 10017 |
| | Tel.: (646) 933-1000 |
| | *dstraite@dicellolevitt.com* |
| | *julwick@dicellolevitt.com* |
| | |
| | **COTCHETT PITRE & MCCARTHY, LLP** |
| | Nancy E. Nishimura (Cal. Bar No. 152621) |
| | Brian Danitz (Cal Bar. No. 247403) |

| | |
|---|---|
| 1 | Karin B. Swope (admitted *pro hac vice*) |
| 2 | 840 Malcolm Road<br>Burlingame, CA 94010 |
| 3 | Tel.: (650) 697-6000 |
| 4 | *nnishimura@cpmlegal.com*<br>*bdanitz@cpmlegal.com* |
| 5 | *kswope@cpmlegal.com* |
| 6 | **BOTTINI & BOTTINI INC.**<br>Francis A. Bottini, Jr. (Cal. Bar No. 175783) |
| 7 | 7817 Ivanhoe Ave., Ste. 102<br>LA Jolla, CA 92037 |
| 8 | Tel.: (848) 914-2001 |
| 9 | *fbottini@bottinilaw.com* |
| 10 | *Plaintiffs' Executive Committee* |