COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274880)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
ELIZABETH SÁNCHEZ SANTIAGO
(SBN 333789) (lsanchezsantiago@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions*, | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF GOOGLE'S OPPOSITION TO PLAINTIFFS' *DAUBERT* MOTION TO EXCLUDE GOOGLE'S DAMAGES EXPERT BRUCE DEAL** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S ADMIN.
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(c), Defendant Google LLC ("Google") respectfully submits this Administrative Motion to Seal Portions of its opposition to Plaintiffs' *Daubert* Motion to exclude the expert testimony of Google's damages expert Bruce Deal ("Google's Opposition") and the accompanying Exhibits.

As set forth below and in the accompanying Declaration of Whitty Somvichian ("Somvichian Declaration"), the cited portions of these documents contain highly sensitive, confidential, and proprietary information that Google designated as "Confidential" and/or "Highly Confidential—Attorneys' Eyes Only" pursuant to the terms of the parties' Stipulated Protective Order, which the Court entered on June 3, 2021 (the "Protective Order") (ECF No. 59). Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below, as reflected in the Proposed Order attached hereto:

| Document | Text to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| Google's Opposition to Plaintiffs' *Daubert* Motion to exclude the expert testimony of Bruce Deal | Portions highlighted at pages 3-4, 6, 8, 11-12, 16-19 | Google |
| Ex. 1 (Deal Deposition Transcript) to the Declaration of Aarti Reddy ("Reddy Declaration") in Support of Google's Opposition to Plaintiffs' *Daubert* Motion to exclude the expert testimony of Bruce Deal | Portions highlighted at 96:16; 96:19-22, 97:6-7; 98:2-4; 98:23-24; 99:24-25; 100:22-24; 101:19-22; 104:5 | Google |
| Ex. 2 (Berntson Deposition Transcript) to the Reddy Declaration in Support of Google's Opposition to Plaintiffs' *Daubert* Motion to exclude the expert testimony of Bruce Deal | Portions highlighted at 165:1-17; 165:21-25. | Google |
| Ex. 3 (Regan Deposition Transcript) to the Reddy Declaration in Support of Google's Opposition to Plaintiffs' *Daubert* Motion to exclude the expert testimony of Bruce Deal | Portions highlighted at 100:12; 100:15; 104:5; 104:8; 104:10; 104:17; 104:23-25 | Google |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S ADMIN.
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the information is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

Because courts consider class certification motions to be dispositive, they apply a "compelling reasons" test for determining whether a party is entitled to file under seal documents related to a motion to exclude expert testimony filed in support of class certification briefing. *Hadley v. Kellogg Sales Co.*, No. 16-cv-04955, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018); *McMorrow v. Mondelez Int'l, Inc.*, No. 17-cv-2327, 2021 WL 488337, at *2 (S.D. Cal. Feb. 10, 2021). Sealing is appropriate under the compelling reasons standard where, absent sealing, "court files [could] become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008) (internal quotation and citation omitted). For purposes of sealing, a "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id.* (quoting Restatement (First) of Torts § 757, cmt. b (1939)). Other compelling reasons to seal "include when a court record might be used . . . 'as sources of business information that might harm a litigant's competitive standing.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978)).

## III. COMPELLING REASONS EXIST TO SEAL PORTIONS OF GOOGLE'S OPPOSITION AND SUPPORTING EXHIBITS TO PLAINTIFFS' *DAUBERT* MOTION.

Google asks this Court to seal portions of Google's Opposition and the accompanying Exhibits which contain content derived from Google's highly sensitive, confidential, and proprietary information. These documents reflect (1) Google's business strategy, analysis, and revenue data regarding Google Real-time Bidding ("Google RTB"); (2) Google's internal policies and business strategy related to its advertising products more generally; and (3) technical details regarding internal data logs and systems associated with Google RTB, including identifiers used in

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S ADMIN.
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

such logs and internal metrics. As explained below, such information is vital to Google's commercial success, and is the sort of "sensitive, non-public, confidential, and proprietary business information" that courts routinely seal under the compelling reasons standard. *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020). Google's sealing requests are also "narrowly tailored to seal only the sealable material" in order to balance the public right of access. Civ. L.R. 79-5(c).

***First***, the highlighted portions of the documents reflect highly sensitive and confidential information about Google's business strategy and analysis regarding Google RTB, including discussion about product strategy, revenue metrics, and decision-making. (Somvichian Decl. ¶¶ 3, 5.) This type of highly confidential business information is routinely sealed by courts in this district. *See, e.g.*, *Rodman v. Safeway Inc.*, No. 11-cv-03003, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (sealing "internal, nonpublic information discussing [the defendant's] pricing strategy, business decisionmaking [sic], and financial records, which would expose [the defendant] to competitive harm if disclosed"); *Unlockd Media, Inc. Liquidation Tr. v. Google LLC*, No. 21-cv-07250, 2022 WL 4624985, at *2 (N.D. Cal. Sept. 30, 2022) (sealing information related to the company's business model); *Kumandan v. Google LLC*, No. 19-cv-04286, 2022 WL 17971644, at *1 (N.D. Cal. Oct. 17, 2022) (sealing financial information concerning Google's business opportunities and risks, and profits and losses). Disclosure of this information would cause irreparable harm to Google by providing competitors and business partners with insight into Google's strategic business decisions and policies and priorities related to Google RTB, as well as highly confidential financial information related to Google's advertising systems. (Somvichian Decl. ¶¶ 3, 7–9.) Furthermore, such disclosure would reveal to competitors and the public information about the structure and operation of Google's internal systems and advertising infrastructure as well as capabilities and design of Google's advertising systems used to handle user data. (*Id.*) As a result, Google's competitive standing could be jeopardized if competitors and business partners make changes to their business practices in response to this information. Google has sought to seal similar information in prior filings. *See, e.g.*, *In re Google RTB Consumer Privacy Litig.*, No. 21-cv-02155-YGR, ECF No. 583-2 ¶¶ 3–4 (N.D. Cal. Sept. 29, 2023)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S ADMIN.
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

(describing the harm that Google could face if its financial information is publicly disclosed); ECF No. 558-1 ¶¶ 3, 5–6 (N.D. Cal. Aug. 4, 2023) (same).

**Second**, certain portions of Google's Opposition and Exhibits in support of Google's Opposition reveal highly sensitive and confidential information about Google's internal policies and business strategy related to its advertising products more generally, including discussions about data privacy. (Somvichian Decl. ¶¶ 3, 6.) Courts have found that this type of information warrants sealing as well. *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329, 2017 WL 10505263, at *2 (N.D. Cal. Mar. 14, 2017) (sealing discussions about "strategy, policy, and practices related to AdSense"); *Cowan v. GE Cap. Retail Bank*, No. 13-cv-03935, 2015 WL 1324848, at *3 (N.D. Cal. Mar. 24, 2015) (sealing documents describing "internal procedures for addressing cardholder fraud notifications, as well as risk management and legal compliance in investigating fraud"). Disclosure of this information, like disclosure of Google's financial and RTB-related strategy information, would cause irreparable competitive harm by revealing to its competitors sensitive details about Google's operations, strategies, capabilities, and priorities that could cause these actors to alter their practices in relation to competing products. (Somvichian Decl. ¶¶ 7–9.) Google has also sought to seal similar information in prior filings. *See, e.g.*, *In re Google RTB Consumer Privacy Litig.*, No. 21-cv-02155-YGR, ECF No. 583-2 ¶¶ 3-4 (N.D. Cal. Sept. 29, 2023) (describing the harm that Google could face if its revenue metrics and business strategy information are publicly disclosed); ECF No. 558-1 ¶¶ 3, 5-6 (N.D. Cal. Aug. 4, 2023) (same).

**Third**, Google seeks to seal portions of the supporting Exhibits which discuss the highly sensitive, confidential, and proprietary technical details regarding internal data logs and systems associated with Google RTB, including the identifiers related to such logs. (Somvichian Decl. ¶¶ 3, 10.) Courts in this District regularly seal similar technical details regarding a company's data infrastructure. *See, e.g.*, *In re Google Inc. Gmail Litig.*, No. 13-md-02430, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding compelling reasons to seal information about structures that Google has in place and the order in which emails go through these structures); *see also In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 3:18-md-02843, ECF No. 1082 (N.D. Cal. Dec. 6, 2022) (finding good cause to seal certain highly technical information related to its data

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S ADMIN.
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

systems).

Public disclosure of this information would also create a risk of cyber security threats as bad actors would have access to names of Google's logs or descriptions of particular data systems may make it easier for bad actors to piece together previously unconnectable facts. (Somvichian Decl. ¶¶ 3, 11.) This would further jeopardize Google's data infrastructure as bad actors could target and seek to compromise information related to these logs to further infer additional information about Google users that Google stores in those logs. (*Id.*) In light of each of these risks, throughout the litigation, this Court has sealed similar information and descriptions of internal logs and data systems. *See e.g.*, *In re Google RTB Consumer Privacy Litig.*, No. 21-cv-02155-YGR, ECF No. 540 (N.D. Cal. June 8, 2023) (sealing portions of joint letter brief containing technical details and account identifiers related to Google's highly sensitive data logs and data systems); *see also* ECF No. 531 (N.D. Cal. May 26, 2023) (sealing discussion of Google's "technical details and identifiers related to highly sensitive data logs and data systems."); ECF No. 384 (N.D. Cal. Dec. 19, 2022) (sealing references to and descriptions of Google's internal logs and the identifiers contained therein).

### IV. CONCLUSION

For the foregoing reasons, Google respectfully requests the Court seal the cited portions of Google's Opposition and supporting Exhibits.

Dated: December 13, 2023                    COOLEY LLP


                                            By: */s/ Whitty Somvichian*
                                                Whitty Somvichian

                                            Attorney for Defendant
                                            GOOGLE LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

GOOGLE'S ADMIN.
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD