1  COOLEY LLP
   MICHAEL G. RHODES (SBN 116127)
2  (rhodesmg@cooley.com)
   WHITTY SOMVICHIAN (SBN 194463)
3  (wsomvichian@cooley.com)
   AARTI REDDY (SBN 274889)
4  (areddy@cooley.com)
   KYLE C. WONG (SBN 224021)
5  (kwong@cooley.com)
   REECE TREVOR (SBN 316685)
6  (rtrevor@cooley.com)
   ANUPAM DHILLON (SBN 324746)
7  (adhillon@cooley.com)
   ELIZABETH SANCHEZ SANTIAGO
8  (SBN 333789) (lsanchezsantiago@cooley.com)
   3 Embarcadero Center, 20th Floor
9  San Francisco, CA 94111-4004
   Telephone:   +1 415 693 2000
10 Facsimile:   +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**DECLARATION OF WHITTY SOMVICHIAN IN SUPPORT OF GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF GOOGLE'S OPPOSITION TO PLAINTIFFS'** ***DAUBERT*** **MOTION TO EXCLUDE GOOGLE'S DAMAGES EXPERT BRUCE DEAL** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEC. OF W. SOMVICHIAN ISO
GOOGLE'S ADMIN. MOT. TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

I, Whitty Somvichian, declare as follows:

**1.** I am an attorney at the law firm of Cooley LLP and an attorney of record for Google LLC ("Google") in *In re Google RTB Consumer Privacy Litigation*, Case No. 4:21-cv-02155. I am licensed to practice law in the state of California and am admitted to practice before this Court. I submit this declaration in support of Google's opposition to Plaintiffs' *Daubert* Motion ("*Daubert* Motion") to exclude the expert testimony of Google's damages expert Bruce Deal ("Google's Opposition"). I submit this declaration pursuant to Local Rule 79-5.

**2.** On November 29, 2023, Plaintiffs filed a *Daubert* Motion to exclude the expert testimony of Google's damages expert Bruce Deal. (ECF No. 623-3.) In response to Plaintiffs' *Daubert* Motion, Google is filing the Opposition and accompanying Exhibits, and seeks to maintain certain portions of those documents under seal.

**3.** I have reviewed the documents that Google seeks to file under seal. These documents reflect Google's highly sensitive, confidential, and proprietary information. Based on my review and in consultation with my client, I understand that there is compelling reasons to seal the following information:

| Document | Text to be Sealed | Basis for Sealing |
|---|---|---|
| Google's Opposition to Plaintiffs' *Daubert* Motion to exclude the expert testimony of Bruce Deal | Portions highlighted at pages 3-4, 6, 8, 11-12, 16-19 | The information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, financial information, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEC. OF W. SOMVICHIAN ISO
GOOGLE'S ADMIN. MOT. TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

| | | | |
|---|---|---|---|
| | | | disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. |
| | Ex. 1 (Deal Deposition Transcript) to the Declaration of Aarti Reddy ("Reddy Declaration") in Support of Google's Opposition to Plaintiffs' *Daubert* Motion to exclude the expert testimony of Bruce Deal | Portions highlighted at 96:16; 96:19-22, 97:6-7; 98:2-4; 98:23-24; 99:24-25; 100:22-24; 101:19-22; 104:5 | The information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, financial information, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. |
| | Ex. 2 (Berntson Deposition Transcript) to the Reddy Declaration in Support of | Portions highlighted at | The information requested to be sealed contains Google's highly confidential and proprietary information regarding technical |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEC. OF W. SOMVICHIAN ISO
GOOGLE'S ADMIN. MOT. TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

| | | | |
|---|---|---|---|
| Google's Opposition to Plaintiffs' *Daubert* Motion to exclude the expert testimony of Bruce Deal | 165:1-17; 165:21-25. | | details about Google's internal systems and operations, including various types of controls and information flows related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. |
| Ex. 3 (Regan Deposition Transcript) to the Reddy Declaration in Support of Google's Opposition to Plaintiffs' *Daubert* Motion to exclude the expert testimony of Bruce Deal | Portions highlighted at 100:12; 100:15; 104:5; 104:8; 104:10; 104:17; 104:23-25 | | The information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEC. OF W. SOMVICHIAN ISO
GOOGLE'S ADMIN. MOT. TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

|  |  | Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. |
|---|---|---|

4.   Google does not seek to redact or file under seal any of the remaining portions of Google's Opposition and Exhibits not indicated in the table above.

5.   To the best of my knowledge, certain information in the documents cited in the table above reflects highly sensitive, confidential, non-public information about Google's business strategy and analysis regarding Google RTB including discussion about product strategy, revenue metrics, and decision-making related to Google advertising products.

6.   I further understand that certain portions of Google's Opposition and Exhibits, including the portions identified above, reveal highly sensitive, confidential, non-public information about Google's internal policies and business strategy related to Google's advertising products, including discussions about data privacy.

7.   I understand that revealing this information publicly would cause Google significant and irreparable competitive harm for multiple reasons. Specifically, it would (1) reveal highly sensitive financial information related to Google's operation of its advertising systems; (2) disclose information about the structure and operation of Google's internal systems and advertising infrastructure, including systems design and capabilities to competitors; and (3) provide competitors and business partners with insight into Google's strategic business decisions, and policies and priorities related to Google RTB; and (4) reveal capabilities and design of Google's advertising systems used to handle user data.

8.   I understand that Google would suffer irreparable harm from the disclosure of such highly sensitive business information, as competitors and business partners could alter their own business practices based on previously undisclosed information that could be damaging to Google's competitive standing.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEC. OF W. SOMVICHIAN ISO
GOOGLE'S ADMIN. MOT. TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

9. I understand that Google would suffer irreparable harm from the disclosure of such highly sensitive business information, as competitors and business partners could alter their own business practices based on previously undisclosed information that could be damaging to Google's competitive standing.

10. Further, I understand that portions of the Exhibits identified above contain references and discussions of highly sensitive, confidential, proprietary, non-public technical details related to internal data logs, identifiers, data signals, and data systems associated with Google RTB, specifically their proprietary functionalities.

11. If this technical information is publicly disclosed, I understand that it will present serious risk of irreparable harm to Google, including cybersecurity risk, as third parties may seek to use this information to compromise Google's data sources, including data logs, internal data structures, and internal identifier systems. It may also present irreparable harm to Google's users by exposing them to targeting by bad actors, who could use the information related to these logs to infer additional information about Google users that Google stores in those logs. Finally, I understand that disclosure of descriptions of particular data systems may make it easier for bad actors to piece together previously unconnectable facts, should those bad actors gain access to other documents or information that reference the same proprietary logs and systems.

12. Attached hereto as Exhibit A is a copy of Google's Opposition that highlights the specific information that Google seeks to maintain under seal.

13. Attached hereto as Exhibit B is a copy of the transcript of the deposition of Bruce Deal, submitted as Exhibit 1 to the Reddy Declaration, that highlights the specific information that Google seeks to maintain under seal.

14. Attached hereto as Exhibit C is a copy of the transcript of the deposition of Glenn Berntson, submitted as Exhibit 2 to the Reddy Declaration, that highlights the specific information that Google seeks to maintain under seal.

15. Attached hereto as Exhibit D is a copy of the transcript of the deposition of Greg Regan, submitted as Exhibit 3 to the Reddy Declaration, that highlights the specific information that Google seeks to maintain under seal.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEC. OF W. SOMVICHIAN ISO
GOOGLE'S ADMIN. MOT. TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 13, 2023 in San Francisco, California.

                                                    */s/ Whitty Somvichian*
                                                    Whitty Somvichian

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEC. OF W. SOMVICHIAN ISO
GOOGLE'S ADMIN. MOT. TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD