COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
ELIZABETH SANCHEZ SANTIAGO (SBN 333789)
(lsanchezsantiago@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to:  *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION SEEKING TO (1) FILE A SUR-REPLY TO PLAINTIFFS' REPLY BRIEF ISO CLASS CERTIFICATION AND (2) DEPOSE PLAINTIFFS' REBUTTAL EXPERTS** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S ADMIN MOTION SEEKING
SUR-REPLY AND EXPERT DEPOSITIONS
CASE NO. 4:21-CV-02155-YGR-VKD

Pursuant to Civil Local Rule 7-11, Defendant Google LLC ("Google") respectfully seeks leave of Court to file a sur-reply to Plaintiffs' Reply In Support of the Motion for Class Certification ("Reply Brief") and accompanying expert rebuttal reports ("Rebuttal Reports"), and to conduct depositions of Plaintiffs' experts who submitted new opinions in the Rebuttal Reports.

***First***, the Court should allow Google to file a sur-reply to address new, previously-undisclosed opinions from Christopher Wilson, Robert Zeithammer, Neil Richards, and Greg Regan, who each submitted affirmative reports in support of Plaintiffs' Class Certification Motion. The Rebuttal Reports are improper for a host of reasons. Some Rebuttal Reports offer new analysis and opinions that should have been, but were not included in that expert's initial report, and other Rebuttal Reports additionally claim expertise in new subject matters that were not previously disclosed, such as survey methodology and back-end statistical analysis.

***Second***, fundamental fairness warrants granting Google the opportunity to seek further depositions from three of these experts given their new opinions (which often contradict their prior ones). Plaintiffs should not be able to insulate these new opinions from scrutiny and the Court should be able to evaluate the class certification motion on a complete and vetted record.[1]

## I. THE COURT SHOULD GRANT GOOGLE LEAVE TO FILE A SUR-REPLY.

To address "the potential inequities that might flow from the injection of new matter at the last round of briefing," the Ninth Circuit has held that district courts have wide discretion to permit a party to file a sur-reply. *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1171–72 (9th Cir. 2018). Courts have exercised this discretion when "new evidence is presented in a reply motion," because denying the chance to respond "would be unfair." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (holding district court erred by considering new reply evidence without permitting plaintiff to respond); *see Sherman v. Yahoo! Inc.*, 2015 WL 5604400, at *3 (S.D. Cal. Sept. 23, 2015) (applying the rule from *Provenz* in the class certification context). Indeed, courts have granted sur-replies when parties submit new expert declarations in support of reply briefing on class certification where, as here, the expert proffers a new analysis or additional evidence. *See,*

---

[1] As set forth in the accompanying Declaration of Aarti Reddy ("Reddy Declaration"), Google conferred with Plaintiffs and was unable to resolve these issues without seeking judicial intervention.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

GOOGLE'S ADMIN MOTION SEEKING
SUR-REPLY AND EXPERT DEPOSITIONS
CASE NO. 4:21-CV-02155-YGR-VKD

*e.g.*, *Lane v. Wells Fargo Bank, N.A.*, 2013 WL 3187410, at *2 n.1 (N.D. Cal. June 21, 2013) (granting sur-reply where "[a]long with their reply brief in support of class certification, plaintiffs' counsel submitted new material—namely, a second expert declaration regarding damages"); *Di Donato v. Insys Therapeutics, Inc.*, 333 F.R.D. 427, 434 (D. Ariz. 2019) (allowing sur-reply in connection with class certification where there was "new evidence and arguments presented in Plaintiff's reply brief").

The Court should permit Google to file a sur-reply because Plaintiffs' experts—Christopher Wilson, Robert Zeithammer, Neil Richards, and Greg Regan—offer new opinions in the Reply Reports that are (1) outside the proper scope of rebuttal opinions; (2) improper opinion testimony; and (3) misleading and rely on incomplete citations to the factual record.

**A.   The Reply Reports Are Outside the Scope of Proper Rebuttal Opinions.**

"[A]n expert witness's opening report must contain 'a complete statement of all opinions the witness will express and the basis and reasons for them' together with 'the facts or data considered by the witness in forming them' and 'any exhibits that will be used to summarize or support them.'" *In re High-Tech Emp. Antitrust Litig.*, 2014 WL 1351040, at *3 (N.D. Cal. Apr. 4, 2014) (quoting Fed. R. Civ. P. 26(a)(2)(B)(i)–(iii)). "Plaintiffs [should] not be allowed to 'sandbag' Defendants with new analysis that should have been included" in an original report. *Id.* at 12. Further, "[r]ebuttal testimony cannot be used to advance new arguments or new evidence." *Huawei Techs., Co. Ltd v. Samsung Elecs. Co., Ltd.*, 340 F. Supp. 3d 934, 995 (N.D. Cal. 2018) (citation omitted); *see also Oracle Am., Inc. v. Google Inc.*, 2011 WL 5572835, at *4 (N.D. Cal. Nov. 15, 2011) (holding scheduling order "did not imply that an expert who offered no opening report on a given issue could then attack the opposition reports served on that issue").

Each of Plaintiffs' experts offer opinions that are outside the scope of rebuttal testimony. ***First***, Dr. Wilson's Rebuttal Report includes a new data analysis that he conducted, by his own characterization, separately from and only "[a]fter addressing [Google's expert's] various analytical and methodological failures," effectively conceding the analysis is not a direct rebuttal to Google's expert's opinions but rather new evidence. (ECF No. 616-6 (Wilson Rebuttal Rpt.) ¶ 54 (emphasis added).) Furthermore, he used a completely new data set not contained in his opening

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S ADMIN MOTION SEEKING
SUR-REPLY AND EXPERT DEPOSITIONS
CASE NO. 4:21-CV-02155-YGR-VKD

report or Google's expert's report.  (*See* ECF No. 546-4 (Wilson Opening Rpt.) at 15 n.14 (referring to a different New York Times dataset).)  **Second**, Dr. Zeithammer advances a new methodology regarding how much internal bidders would bid in the RTB auction if external bidders reduce their bids, (*see* ECF No. 616-7 (Zeithammer Rebuttal Rpt.) ¶¶ 107–09), even though he conceded during deposition that his opening report failed to account for the interactions of internal bidders in the RTB auction, (ECF No. 585-19 (Zeithammer Depo Tr.) at 86:3–15).  He cannot now, through his Rebuttal Report, belatedly account for internal bidders when he affirmatively elected not to in his initial report.  Google also should be afforded an opportunity to respond to Dr. Zeithammer's speculative inferences made only in his Rebuttal Report for which he has no evidentiary basis, including his belief that "internal bidders likely share at least some user data with third parties," or that Google has conducted certain experiments that were not produced in this case.  (Zeithammer Rebuttal Rpt. ¶¶ 48–57.)  **Third**, Prof. Richards, a legal scholar, critiques consumer survey methodology in his Rebuttal Report, despite explicitly limiting his opening report and his general expertise in this case to issues regarding "privacy" and "legal history" alone.  (*See* ECF No. 616-9 (Richards Rebuttal Rpt.) ¶ 41; *id.* ¶ 17 (opining he "strive[s] to stay within the bounds of [his] expertise" as "a trained historian, legal scholar and privacy expert"); *see also* ECF No. 615-2 (Richards Depo Tr.) at 42:19–22.)  His analysis is thus a new opinion—one that contradicts his prior testimony in which he conceded that he was "***not trained at an expert level*** in the conduction of – of large quantitative models and consumer surveys," (ECF No. 585-8 (Richards Depo Tr.) at 50:16–20 (emphasis added)), had never conducted a survey assessing the privacy expectations of individuals, (*id.* at 49:9–12), and his only familiarity with such tools were based on a "workshop in empirical methods some years ago," (*id.* at 49:9–14).  **Finally**, Mr. Regan relies on entirely new evidence to determine the proportion of RTB revenue attributable to Google account holders, which is not contained in his opening report.  (ECF No. 616-8 at ¶¶ 19-23 (Regan Rebuttal Rpt.).)  Mr. Regan fails to analyze this issue in his opening report and his rebuttal on this subject deprives Google of any opportunity to respond.

Cooley LLP
Attorneys at Law
San Francisco

3

Google's Admin Motion Seeking
Sur-Reply and Expert Depositions
Case No. 4:21-cv-02155-YGR-VKD

**II.     THE COURT SHOULD PERMIT GOOGLE TO DEPOSE PLAINTIFFS' EXPERTS ON NEW OPINIONS THEY OFFER IN REBUTTAL REPORTS.**

Courts routinely allow for further discovery from an expert who submits new opinions on reply. *See, e.g.*, *In re Chicago Bridge & Iron Co. N.V. Secs. Litig.*, 2019 WL 6879321, at *1 (S.D.N.Y. Dec. 16, 2019) (collecting cases). "[T]he second deposition should not be used to repeat the questions asked at the first deposition but should only cover new material addressed in the second report." *Id.* As the court explained, such a decision "is based on the concepts of efficiency and fundamental fairness." *Id.*; *see In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 2006 WL 3462580, at *1 (N.D. Cal. Nov. 29, 2006) (explaining it is "the fair result" to allow a second deposition of an expert where a rebuttal report "contains new conclusions").

Here, Google seeks to depose Dr. Zeithammer, Prof. Richards, and Prof. Wilson for a second time because each of them submits new opinions that are outside the scope of their opening report, amount to improper expert opinions, contradict their prior opinions in some respects, and provide a highly misleading narrative regarding the factual evidence in this case, as described above. *See, e.g.*, *Lavell v. Camden Cnty. College*, 2023 WL 4074077, at *4–6 (D.N.J. June 20, 2023) (granting second deposition of expert who submitted rebuttal report that "generally neglects to challenge or counteract Defendant's experts," and instead offers a new "affirmative opinion," and "presents new data, methodology, and conclusions," including data and consideration of other factors that should have been included in the opening report). Google sought to depose these experts, but Plaintiffs declined and asserted that Google's position was unsupported. (*See* Reddy Declaration, ¶¶ 2–5.) After submitting improper Rebuttal Reports with new expert opinions, Plaintiffs have refused to allow Google to test any of the new opinions they have proffered. The Court should deter such gamesmanship and grant Google additional depositions.

**III.    CONCLUSION**

For these reasons, the Court should grant Google's administrative motion.[2]

---

[2] Google seeks to depose Plaintiffs' experts identified above, each limited to four hours, and to file a twelve-page sur-reply within 21 days of the final deposition.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S ADMIN MOTION SEEKING
SUR-REPLY AND EXPERT DEPOSITIONS
CASE NO. 4:21-CV-02155-YGR-VKD

| | |
|---|---|
| Dated: December 15, 2023 | COOLEY LLP |
| | By: /s/ *Aarti Reddy* |
| | Aarti Reddy |
| | Attorney for Defendant<br>GOOGLE LLC |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S ADMIN MOTION SEEKING
SUR-REPLY AND EXPERT DEPOSITIONS
CASE NO. 4:21-CV-02155-YGR-VKD