| | |
|---|---|
| COOLEY LLP<br>MICHAEL G. RHODES (SBN 116127)<br>(rhodesmg@cooley.com)<br>WHITTY SOMVICHIAN (SBN 194463)<br>(wsomvichian@cooley.com)<br>AARTI REDDY (SBN 274889)<br>(areddy@cooley.com)<br>KYLE C. WONG (SBN 224021)<br>(kwong@cooley.com)<br>REECE TREVOR (SBN 316685)<br>(rtrevor@cooley.com)<br>ANUPAM DHILLON (SBN 324746)<br>(adhillon@cooley.com)<br>ELIZABETH SANCHEZ SANTIAGO<br>(SBN 333789) (lsanchezsantiago@cooley.com)<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111-4004<br>Telephone:   +1 415 693 2000<br>Facsimile:   +1 415 693 2222 | COOLEY LLP<br>ROBBY L.R. SALDAÑA (DC No. 1034981)<br>(rsaldana@cooley.com)<br>(*Admitted pro hac vice*)<br>KHARY J. ANDERSON (DC No. 1671197)<br>(kjanderson@cooley.com)<br>(*Admitted pro hac vice*)<br>1299 Pennsylvania Avenue, NW, Suite 700<br>Washington, DC 20004-2400<br>Telephone:   +1 202 842 7800<br>Facsimile:   +1 202 842 7899 |

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE A RESPONSE TO GOOGLE'S OBJECTIONS TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION REPLY BRIEFING** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE LLC'S OPP. TO ADMIN. MOTION
FOR LEAVE TO RESPOND TO EVID. OBJ.
CASE NO. 4:21-CV-02155-YGR-VKD

Plaintiffs' motion for leave to respond (the "Motion," ECF No. 630) to Google's evidentiary objections to Plaintiffs' evidence is meritless and should be denied. The Motion is a transparent attempt to get the last word on a hotly-disputed class certification motion, even after Plaintiffs chose to submit new evidence on reply and thus triggered Google's right to submit evidentiary objections under the Northern District's Civil Local Rules.

The Local Rules are clear: as Plaintiffs acknowledge, they permit "no automatic right to reply" when a non-movant objects to a movant's new evidence on reply. Mot. at 2; *see also* Civ. L.R. 7-3(d)(1). By filing new evidence in support of their reply brief, Plaintiffs opened the door to objections from Google. *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1171 (9th Cir. 2018) ("Where the opposing party believes he has been unfairly disadvantaged by a new factual matter included in a reply affidavit or declaration, the [Northern District's] practice rules provide a mechanism to seek relief."). They cannot now fault Google for exercising that right. Were it otherwise, any movant that disagreed with the non-movant's objections to its reply evidence (as most movants presumably do) could seek and secure leave for further briefing as a matter of course. The Local Rules preclude that result, providing that "[o]nce a reply is filed, **no** additional memoranda, papers or letters may be filed without prior Court approval." *Id.* (emphasis added); *see also Rojas v. Bosch Solar Energy Corp.*, 2021 U.S. Dist. LEXIS 226338, at *2 (N.D. Cal. Nov. 23, 2021) (noting that "[t]his district's Civil Local Rules do not contemplate a response to an objection to reply evidence" and denying leave to file one.).

Plaintiffs' insinuation that Google is attempting to sandbag them and "rehabilitate [its] witnesses with the late submission of their testimony" is disingenuous. Google submitted excerpts from depositions of two Google employees that occurred **after** Google filed its opposition to Plaintiffs' class certification motion in September 2023. *See* ECF Nos. 628-3 (Nov. 15, 2023), 628-4 (Oct. 30, 2023). Google could not have filed these excerpts previously, and it submits them only for completeness in response to Plaintiffs' selective citations in their reply brief. Plaintiffs may be displeased that Federal Rule of Evidence 106 provides a substantive basis for Google to ask the Court to consider this testimony and that Local Rule 7-3(d) affords Google a procedural vehicle to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

GOOGLE LLC'S OPP. TO ADMIN. MOTION
FOR LEAVE TO RESPOND TO EVID. OBJ.
CASE NO. 4:21-CV-02155-YGR-VKD

do so, but that does not give them license for a further reply.[1]

The Court has everything it needs to rule on Google's evidentiary objections without further briefing from Plaintiffs, who already characterize their evidence at length in their own class certification reply brief. Plaintiffs' Motion should be denied.

Dated: December 18, 2023                    COOLEY LLP

                                            By: /s/ Aarti Reddy
                                                Aarti Reddy

                                            Attorney for Defendant
                                            GOOGLE LLC

295470308

---

[1] Contrary to their representations, Plaintiffs made no meaningful attempt to meet and confer with Google before filing their Motion. On December 11, 2023, in response to Google's request that Plaintiffs offer time the following day to meet and confer, Plaintiffs responded that "[P]laintiffs are filing shortly" and that "[i]f Google wants to meet and confer, its counsel can pick up the phone and call me, now," without regard to Google's counsel's availability. Reddy Decl. ¶ 2. Plaintiffs did not in fact file that day, but then emailed Google the next morning to say they were filing within 90 minutes and "remain[ed] available to discuss before then." Id. ¶ 3. Refusing to set a time to meet and demanding that counsel confer with minimal notice is hardly a good-faith effort to resolve the parties' differences.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE LLC'S OPP. TO ADMIN. MOTION
FOR LEAVE TO RESPOND TO EVID. OBJ.
CASE NO. 4:21-CV-02155-YGR-VKD