Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* | **CASE NO. 4:21-CV-02155-YGR-VKD** |
| *This document applies to all actions.* | **DECLARATION OF ELIZABETH C. PRITZKER IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO REVISE CASE SCHEDULE** |

I, Elizabeth C. Pritzker, declare and state as follows:

1. I am an attorney duly admitted to practice before this Court and a partner of Pritzker Levine LLP, one of the law firms representing plaintiffs in this matter. On August 3, 2021, I was appointed to serve as Interim Class Counsel for plaintiffs. ECF No. 77.

2. Pursuant to Civil Local Rules 6-3 and 7-11, I submit this declaration in support of plaintiffs' administrative motion to extend the case schedule, on an interim basis to allow the Court to hear and rule upon plaintiffs' class certification motion, by approximately two months, as follows:

| **Event** | **Proposed Case Extension/New Dates** |
|---|---|
| Fact Discovery Cut-Off | From January 19, 2024 to **March 15, 2024** |
| Opening Expert Reports | From February 9, 2024 to **April 12, 2024** |
| Rebuttal Expert Reports | From March 15, 2024 to **May 17, 2024** |
| Close of Expert Discovery | From April 12, 2024 to **June 14, 2024** |
| Dispositive/*Daubert* Motions | From May 17, 2024 to **July 19, 2024** |

3. I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

4. Class certification briefing in this matter has been extended three times over the past year due to discovery delays by Google LLC ("Google") – first, from September 23, 2022 to January 24, 2023 (ECF No. 329), then from January 24, 2023 to May 23, 2023 (ECF No. 391), and then from May 23, 2023 to July 14, 2023 (ECF Nos. 515, 534).

5. Additional discovery delays related to Google's late production of documents from Google employee Suneeti Vakharia's (one of its class certification witnesses) custodial file on November 1, 2023 and Google's inability to present Ms. Vakharia for deposition until November 15, 2023 required a further extension (from November 17, 2023 to November 29, 2023) for Plaintiffs to file their class certification reply brief. ECF No. 612. Plaintiffs met that November 29, 2023 filing deadline, and plaintiffs' *Daubert* motion with respect to Mr. Deal accompanied that filing. *See* ECF Nos. 616 - 623.

6. The briefing schedule on plaintiffs' *Daubert* motion was set by the Court on November 29, 2023. *See* ECF No. 624. That order generally provides that all *Daubert* briefing is to

be concluded this year prior to the Christmas and New Years Day holidays – with Google's opposition due December 13, 2023 and Plaintiffs' reply due December 20, 2023.

7. With class certification and *Daubert* briefing closing on December 20, 2023, the current case schedule leaves little room for the Court to hear – let alone adjudicate – plaintiffs' class certification motion prior to the current fact discovery cut-off date of **January 19, 2024**. *See* ECF Nos. 530, 534. Additionally, under the current case schedule, the parties' opening merits expert reports are due **February 9, 2024**. *See id.* Absent a brief case extension to allow the Court to rule on the pending class certification motion, plaintiffs, Google, and the Court will be required to expend substantial resources preparing and evaluating the parties' merits expert reports, but without the benefit of the Court's decision as to the suitability for class treatment of the claims and defenses at issue. There also is no time for class notice to issue should plaintiffs' class certification motion be granted.

8. The class certification extensions that previously were obtained to allow Google to meet its discovery obligations have resulted in an extremely compressed case schedule. In its September 7, 2022 case scheduling order, the Court anticipated a schedule in which fact discovery would close approximately 10 weeks after class certification briefing is concluded, and expert merits reports would be due roughly 4 weeks later. *See* ECF No. 329.

9. Under the current case schedule, however, fact discovery closes just 4 weeks after the close of class certification briefing, on January 19, 2024, and merits expert reports are due just 3 weeks later, on February 9, 2024. Given the conditions of the Court's calendar, as well as the Court's unavailability during the weeks of December 25-29, 2023, January 17-19, 2024, and February 8-9, 2024, this is very little time under the current case schedule for the Court to schedule a hearing on plaintiffs' class certification motion prior to the fact discovery cut-off of January 19, 2024 or, potentially, the expert merits opening report deadline of February 9, 2024. Nor does the current schedule allow for the Court to rule on plaintiffs' class certification motion ahead of these case deadlines.

10. The modest extension plaintiffs propose also is necessary to allow time for plaintiffs to complete class discovery after the Court rules on the pending class certification motion. To date,

Google has *refused* to produce certain class discovery, claiming it is not relevant unless the Court certifies a class. *See, e.g*., ECF No. 269-1 at p.22 ("Google…objects to this Request [No. 12] to the extent it is not limited to the named Plaintiffs and, instead, seeks information and documents relating to individual putative class members when no class has been certified."). The requested case extension furthers the administration of justice by allowing plaintiffs to conduct certain class discovery Google has refused to produce unless and until a class is certified in this action.

11. The requested case extension, if granted, will not upset the Court's calendar. No hearing date has been set by the Court to hear plaintiffs' class certification motion. Nor have hearing dates been established for dispositive motions, for the parties' pre-trial conference, or for trial. *See* ECF Nos. 530, 534.

12. Counsel for plaintiffs first met and conferred with Google's counsel regarding the requested case extension on Monday, December 4, 2023. On Wednesday, December 13, 2023, plaintiffs' counsel again invited a meet and confer with Google's counsel to discuss the issue. Google accepted plaintiffs' invitation, and the parties' respective lead counsel (myself and Jonathan K. Levine for Pritzker Levine LLP, and Whitty Somvichian and Aarti Reddy for Google) met and conferred by Zoom at 3:00 p.m. on Friday, December 15, 2023. Google's counsel advised plaintiffs at that time that Google has not authorized its counsel to agree to any case extension in this matter, necessitating that plaintiffs proceed by way of this administrative motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 18th day of December in Emeryville, California.

*/s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker