Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

[Additional Counsel Appear on Signature Page]

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

*IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION*

*This document applies to all actions.*

**CASE NO. 4:21-CV-02155-YGR-VKD**

**PLAINTIFFS' RESPONSE TO DEFENDANT GOOGLE LLC'S ADMINISTRATIVE MOTION SEEKING TO (1) FILE A SUR-REPLY TO PLAINTIFFS' REPLY BRIEF ISO CLASS CERTIFICATION AND (2) DEPOSE PLAINTIFFS' REBUTTAL EXPERTS (ECF NO. 636)**

## I. INTRODUCTION

Plaintiffs respectfully submit this response to the administrative motion by defendant Google LLC ("Google") (ECF No. 636), in which Google seeks leave to (i) file a sur-reply to plaintiffs' class certification motion, and (ii) take second depositions of four of plaintiffs' class certification experts. The premise of Google's motion is that it should be allowed to file a sur-reply brief (and presumably get the last word on a motion for which plaintiffs bear the burden of persuasion) and take a second round of depositions of plaintiffs' experts because, Google asserts, those experts submitted "new" opinions in their class certification rebuttal reports. But this premise is entirely false. Plaintiffs' experts did not submit "new opinions" in their rebuttal reports, but instead simply responded to and rebutted Google's experts' opinions filed in opposition to class certification. There is, therefore, no basis for Google to be granted the extraordinary relief it now seeks. Furthermore, if Google's motion is granted, this is likely to substantially delay the resolution of the pending class certification motion and may well result in briefing being reopened on that motion, the pending *Daubert* motions and Google's evidentiary objections. For the reasons set forth below, Google's motion should be denied.

## II. ARGUMENT

### A. Plaintiffs' Experts Submitted Rebuttal Opinions, Not "New" Opinions

Google concedes in its motion that its sole basis for seeking the relief requested is Google's assertion that four of plaintiffs' experts purportedly submitted "new" opinions in connection with the class certification reply filing. But under the applicable law, plaintiffs' experts submitted proper rebuttal opinions, ***not*** "new" opinions that might entitle Google to a response and further depositions. "The test of whether an expert's opinion constitutes rebuttal or a 'new' opinion…is not whether a rebuttal expert employs new testing or methodologies but instead, whether a rebuttal attempts to put forward new theories outside the scope of the report it claims to rebut." *In re MacBook Keyboard Litig.*, 2022 WL 1604753, at *8 (N.D. Cal. Jan. 25, 2022) (quoting *Huawei Techs., Co. Ltd. v. Samsung Elecs. Co., Ltd.*, 340 F. Supp. 3d 934, 995 (N.D. Cal. 2018)). Moreover, "[a]s a general matter, courts have permitted additional data to be used in a rebuttal report so long as it is of the same subject matter." *In re MacBook*, 2022 WL 1604753, at *8 (quoting *Kirola v. City and Cty. Of San Francisco*, 2010 WL 373817, at *2 (N.D. Cal. Jan. 29, 2010)). "A rebuttal expert may cite new

evidence and data or introduce new methods of analysis in a rebuttal report so long as the new evidence, data, or method is offered to contradict or rebut the opposing party's expert." *In re MacBook*, 2022 WL 1604753, at *8; *see also In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2012 WL 1291950 at *2 (N.D. Cal. July 13, 2012) ("*In re. LCD*") ("[A] rebuttal report may properly include new analysis, data and evidence that was not contained in the original report, provided that the new material rebuts argument or data on the same 'subject matter' contained in the opposing expert's report.").

Against this legal standard, even a cursory review of the expert rebuttal reports Google claims contain "new" opinions shows that Google' motion is meritless.

**Wilson Rebuttal Report.** Google is wrong that there is anything "new" in Prof. Wilson's fingerprinting analysis in his rebuttal testimony (¶¶ 54-62). This analysis is based on data that was fully available to Dr. Striegel and directly in response to Dr. Striegel's opinion that this data is not reasonably capable of being associated with individuals or households (Striegel Rep. ¶¶ 146-158). The fact that Dr. Striegel, in his report, looked at the wrong NY Times data set and that Prof. Wilson then analyzed the correct data set to rebut and respond to Dr. Striegel's opinions, and to show where they err, does not make Prof. Wilson's opinion "new." Prof. Wilson looked at this data set specifically to respond to Dr. Striegel's class certification opposition analysis of the NY Times and The Trade Desk data sets, which was done in a way that Prof. Wilson had not done originally. There simply is nothing "new" in Prof. Wilson's rebuttal report that would justify granting Google either a second deposition of Prof. Wilson or a sur-reply to address his rebuttal report.

**Zeithammer Rebuttal Report.** Google is wrong that portions of the Zeithammer rebuttal report are outside the scope of rebuttal testimony and constitute "new" opinions. Paragraphs 107-109 of that report respond directly to two erroneous assumptions in the Deal Report: that internal bidders do not share any user data outside Google (¶ 42), and that bidding by internal bidders would be unaffected in Deal's but-for world compared to the status-quo world (¶¶ 59-75). These opinions are properly offered "'to contradict or rebut evidence on the same subject matter identified by another party' in its expert disclosures." *In re MacBook*, 2022 WL 1604753, at *7. Google's claim that portions of the Zeithammer rebuttal report contain "speculative inferences and attorney argument" is

specious. In paragraphs 48-57, Prof. Zeithammer shows, based on the Google document relied upon by Mr. Deal (¶ 54), outside sources (¶ 52), and his expertise regarding the RTB auction process, that Mr. Deal's assumption that RTB "revenue from [certain internal bidders] is not at issue in this matter" is incorrect for a number of reasons, including that the internal bidders share user data with third parties for purposes of retargeting. There is nothing improper about this rebuttal opinion, which is directly responsive and in rebuttal to opposing expert opinion testimony offered by Google and Mr. Deal, and certainly nothing "new" that entitles Google to a second deposition of Prof. Zeithammer or a sur-reply brief.

**Richards Rebuttal Report.** Google claims that Prof. Richards' opinions rebutting Dr. Hanssens' survey opinions are "new" because Prof. Richards never opined on survey issues in his opening report. But the survey issue was raised for the very first time only when Google filed its opposition. Google never explains how Prof. Richards was supposed to have addressed Dr. Hanssens' survey opinions when Dr. Hanssens' report did not yet exist. In any event, Google is wrong. Prof. Richard's opinion rebutting Dr. Hanssens is proper because it squarely addresses arguments made in an opposing expert's report and it is on precisely the same subject matter. *See In re. LCD,* 2012 WL 1291950 at *2. Moreover, Dr. Hanssens put in the survey to rebut Prof. Richard's opinions about consumer privacy expectations, so Prof. Richard's response to that survey also pertains to the same subject matter (consumer privacy expectations) as his original report. *See n re MacBook*, 2022 WL 1604753, at *7-8.

**Regan Rebuttal Report.** Google complains that in paragraphs 19-23 of the Regan rebuttal report, Mr. Regan improperly relies on new internal Google documents and deposition testimony. But in these paragraphs Mr. Regan is simply responding directly to Mr. Deal's erroneous assertions that (1) the Google-produced RTB revenue data includes some unquantified amount of revenue from non-Google Account Holders and is unsuitable for an unjust enrichment calculation; and (2) that Google cannot determine how much revenue is attributable to Google Account Holders (Deal Rep. ¶¶ 39-43). Mr. Regan's rebuttal opinion properly relies on Google documents and Google employee testimony that directly contradicts Mr. Deal's erroneous assertions. *See In re MacBook*, 2022 WL 1604753, at **7-8 (citations omitted); *In re. LCD,* 2012 WL 1291950 at *2.

Further, Google misleads the Court because the "new evidence" Google complains about is the testimony of Mr. Deal and Google employees Glenn Berntson and Suneeta Vakharia, all of whom submitted materials in support of Google's opposition to class certification and testified ***after*** Mr. Regan's opening report was filed. Google does not explain how Mr. Regan could have addressed this testimony in his opening report when the testimony did not yet exist. And the single previously available document cited in this section is offered for its consistency with Dr. Berntson's testimony and to respond to Mr. Deal's misstatement of the facts.

**B. There Is No Basis For Plaintiffs' Experts To Be Deposed Again**

Google is not entitled to a second round of depositions of plaintiffs' experts because, as demonstrated above, those experts submitted proper rebuttal reports in connection with plaintiffs' class certification reply, not "new" opinions. For this reason alone, Google's request for another round of depositions (which would likely result in a substantial delay in the resolution of the class certification motion) should be denied outright.

Google's reliance on *In re Chicago Bridge & Iron Co. N.V. Secs. Litig.*, 20199 WL 6879321, at *1 (S.D.N.Y. Dec. 16, 2019) is misplaced. That decision (and several others cited by Google) involved merits experts and merits reports, not class certification experts, and is distinguishable on that basis. Additionally, as the court in *Chicago Bridge* notes, the district courts in the Northern District of California have taken the exact opposite position on allowing two rounds of expert depositions. *See id.*, at fn. 1, citing Judge Illston's opinion in *Procongps, Inc. v. Skypatrol, LLC*, 2013 U.S. Dist. LEXIS 72702, at *2, 2013 WL 11261327 at *1 (N.D. Cal. May 22, 2013) (holding that "the purpose of expert depositions is to develop cross-examination for trial or for a *Daubert* motion, not to build a case for one's own expert, and that two rounds of depositions is impractical and wasteful."). Finally, even in the context of *Chicago Bridge,* where merits expert testimony <u>for trial</u> was at issue, the court confirmed that the default rule under FRCP 26 is that each witness may only be deposed once.[1]

---

[1] Several of the cases Google relies upon in its motion also involve merits expert and merits reports, and other pre-trial considerations, that are distinguishable from the present context on these and other bases. *See, e.g.*, *Dutta v. State Farm Mutual Automobile Ins. Co.*, 895 F.3d 1166 (9th Cir. 2018) (finding no error in trial court permitting sur-reply to respond to entirely new expert opinion filed for

## III. CONCLUSION

For all of the foregoing reasons, Google's motion should be denied.

Dated: December 19, 2023

Respectfully submitted

**PRITZKER LEVINE LLP**

By: /s/ Elizabeth C. Pritzker
Elizabeth C. Pritzker (Cal. Bar No.146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
1900 Powell Street, Ste. 450
Oakland, CA 94602
Tel.: (415) 692-0772
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Anne K. Davis (Cal. Bar No. 267909)
Joshua D. Samra (Cal. Bar No. 313050)
1330 Broadway, Suite 630
Oakland, CA 94612
Tel.: (415) 445-4003
*lweaver@bfalaw.com*
*adavis@bfalaw.com*
*jsamra@bfalaw.com*

**SIMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*

---

the first time with parties' summary judgment reply briefing); *In re. High-Tech Employee Antitrust Litigation*, 2014 WL 1351040 (N.D. Cal. April 4, 2014) (striking, in part, new and previously undisclosed new opinions raised for the first time on reply, while notably refusing to strike appropriate rebuttal opinions included in reply, finding that an expert is entitled to respond opposing expert's criticisms); *In re. Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 2006 WL 3462580 (N.D. Cal. Nov. 29, 2006) (permitting second deposition of merits damages expert whose rebuttal merits expert report contained new conclusions as to the amount of damages).

**DICELLO LEVITT LLP**
David A. Straite (admitted *pro hac vice*)
James Ulwick (admitted *pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*
*julwick@dicellolevitt.com*

**COTCHETT PITRE & MCCARTHY, LLP**
Nancy E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal Bar. No. 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road
Burlingame, CA 94010
Tel.: (650) 697-6000
*nnishimura@cpmlegal.com*
*bdanitz@cpmlegal.com*
*kswope@cpmlegal.com*

**BOTTINI & BOTTINI INC.**
Francis A. Bottini, Jr. (Cal. Bar No. 175783)
7817 Ivanhoe Ave., Ste. 102
LA Jolla, CA 92037
Tel.: (848) 914-2001
*fbottini@bottinilaw.com*

*Plaintiffs' Executive Committee*