COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
ELIZABETH SANCHEZ SANTIAGO
(SBN 333789) (lsanchezsantiago@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (ECF NO. 616)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMIN. MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

I.   **INTRODUCTION**

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f), Google LLC ("Google") respectfully submits this Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 616) in connection with Plaintiffs' Reply to Google's Opposition to Plaintiffs' Motion for Class Certification ("Plaintiffs' Reply") and supporting exhibits ("Exhibits").

As set forth below and in the accompanying Declaration of Glenn Berntson, ("Berntson Sealing Declaration"), these documents contain highly sensitive, confidential, and proprietary information that Google designated as "Confidential" and/or "Highly Confidential—Attorneys' Eyes Only" pursuant to the terms of the parties' Stipulated Protective Order, entered on June 3, 2021 (the "Protective Order") (ECF No. 59). Accordingly, Google hereby requests that the Court enter an order sealing this information as identified in the attached Proposed Order.

II.   **LEGAL STANDARD**

A party seeking to seal material must establish that the document, or portions thereof, are privileged, protectable as a trade secret, or otherwise entitled to protection (*i.e.*, that the information is "sealable"). Civ. L.R. 79-5; *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 n.3 (9th Cir. 2006)). The sealing request must also be narrowly tailored to seek sealing only of protectable material. Civ. L.R. 79-5(c).

For dispositive motions such as class certification motions, courts apply a "compelling reasons" test for determining whether a party is entitled to file certain documents under seal. *Kamakana*, 447 F.3d at 1178-80; *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 326 F.R.D. 592, 617 (N.D. Cal. 2018) (applying the compelling reasons standard to motions for class certification). Sealing is appropriate under the compelling reasons standard where, absent sealing, "court files [could] become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008) (internal quotation and citation omitted). For purposes of sealing, a "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id*. (quoting

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMIN. MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

Restatement (First) of Torts § 757, cmt. b (1939)). Other compelling reasons to seal "include when a court record might be used . . . 'as sources of business information that might harm a litigant's competitive standing.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).

### III. COMPELLING REASONS EXIST TO SEAL PORTIONS OF PLAINTIFFS' REPLY

Google respectfully requests that the Court seal highly sensitive proprietary information about (1) Google's business strategy, analysis, and revenue data regarding Google Real-Time Bidding ("Google RTB"); (2) Google's internal policies and business strategy related to its advertising products more generally; (3) internal metrics associated with the operation of Google's advertising products; (4) technical details regarding internal data logs and systems associated with Google RTB, including the collected data stored in such logs and internal metrics, (5) contracts between Google and RTB partners, (6) and an employee's personal information. As explained below, such information is vital to Google's commercial success, and is the sort of "sensitive, non-public, confidential, and proprietary business information" that courts routinely seal under the compelling reasons standard. *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020). Google's sealing requests are also "narrowly tailored to seal only the sealable material" in order to balance the public right of access. Civ. L.R. 79-5(c).

*First*, certain portions of the Plaintiffs' Reply and supporting Exhibits reflect highly sensitive and confidential information about Google's business strategy and analysis regarding Google RTB, including discussion about product strategy, revenue metrics, and decision-making. (Berntson Sealing Decl. ¶ 4.) This type of highly confidential business information is routinely sealed by courts in this district. *See Rodman v. Safeway Inc.*, No. 11-cv-03003-JST, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (sealing "internal, nonpublic information discussing [the defendant's] pricing strategy, business decisionmaking [sic], and financial records, which would expose [the defendant] to competitive harm if disclosed"); *Unlockd Media, Inc. Liquidation Tr. v. Google LLC*, No. 21-cv-07250-HSG, 2022 WL 4624985, at *2 (N.D. Cal. Sept. 30, 2022) (sealing information related to the company's business model); *Kumandan v. Google LLC*, No. 19-CV-04286-BLF, 2022 WL 17971644, at *1 (N.D. Cal. Oct. 17, 2022) (sealing financial information

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMIN. MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

concerning Google's business opportunities and risks, and profits and losses). Disclosure of this information would cause irreparable harm to Google by providing competitors and business partners with insight into Google's strategic business decisions and policies and priorities related to Google RTB, as well as highly confidential financial information related to Google's advertising systems. (Berntson Sealing Decl. ¶ 6.) Furthermore, such disclosure would reveal to competitors and the public information about the structure and operation of Google's internal systems and advertising infrastructure as well as capabilities and design of Google's advertising systems used to handle user data. *Id*. As a result, Google's competitive standing could be jeopardized if competitors and business partners make changes to their business practices in response to this information.

**Second**, certain portions of Plaintiffs' Reply and supporting Exhibits also reveal highly sensitive and confidential information about Google's internal policies and business strategy related to its advertising products more generally, including discussions about data privacy. (Berntson Sealing Decl. ¶ 5.) Courts have found that this type of information warrants sealing as well. *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, 2017 WL 10505263, at *2 (N.D. Cal. Mar. 14, 2017) (sealing discussions about "strategy, policy, and practices related to AdSense"). Disclosure of this information, like disclosure of Google's financial and RTB-related strategy information, would cause irreparable competitive harm by revealing to its competitors sensitive details about Google's operations, strategies, capabilities, and priorities that could cause these actors to alter their practices in relation to competing products. (Berntson Sealing Decl. ¶ 7.)

**Third**, Google seeks to seal portions of Plaintiffs' Reply and certain Exhibits in support of Plaintiffs' Reply which discuss the highly sensitive, confidential, and proprietary technical details regarding internal data logs and systems associated with Google RTB, including the collected data stored in such logs and associated metrics. (Berntson Sealing Decl. ¶ 8.)  Courts in this District, including in this litigation, regularly seal similar technical details regarding a company's data infrastructure. *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding compelling reasons to seal information about structures that Google has in place and the order in which emails go through these structures); *In re Facebook,*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMIN. MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

*Inc. Consumer Priv. User Profile Litig.*, No. 3:18-MD-02843-VC, ECF No. 1082 (N.D. Cal. Dec. 6, 2022) (finding good cause to seal certain highly technical information related to its data systems). *In re Google RTB Consumer Privacy Litig.,* No. 21-cv-02155-YGR, ECF No. 540 (N.D. Cal. Jun. 8, 2023) (sealing portions of joint letter brief containing technical details related to Google's highly sensitive data logs and data systems); *see also* ECF No. 531 (N.D. Cal. Jun. 8, 2023).

Public disclosure of this information would also create a risk of cyber security threats as bad actors would have access to names of Google's logs or descriptions of particular data systems may make it easier for bad actors to piece together previously unconnectable facts. (Berntson Sealing Decl. ¶ 10.) This would further jeopardize Google's data infrastructure as bad actors could target and seek to compromise information related to these logs to further infer additional information about Google users that Google stores in those logs. (*Id.*)

**Fourth**, Google seeks to seal certain Exhibits which contain excerpted portions of contracts between Google and RTB partners. These contracts contain highly sensitive commercial information and are designated as "Highly Confidential – Attorneys' Eyes Only." Specifically, these excerpts contain information about Google's commercial practices and some of the terms of the relationship with third-parties. Public disclosure of these contracts could hinder Google's competitive advantage and future negotiations with potential business partners. (Berntson Sealing Decl. ¶ 11.) Courts routinely seal similar types of proprietary information. *See Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019)*; Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, No. 18-CV-03587-BLF, 2018 WL 3932554, at *3 (N.D. Cal. Aug. 16, 2018) (sealing business contracts containing "trade secrets and commercial practices, including product rates, rate structures, customers' purchase requirements, and the conditions for advance payments, among other proprietary information.").

**Lastly**, Google seeks to seal certain portions of Exhibits which contain confidential contact information for a current Google employee who is not a party to this litigation. Courts, including for this litigation, regularly seal this information to protect employees' confidentiality to prevent unwanted harassment. *See, e.g.*, *Klein v. Meta Platforms, Inc.*, 2022 U.S. Dist. LEXIS 44076, at *12 (N.D. Cal. Mar. 11, 2022); ECF No. 425 (N.D. Cal. Feb. 6, 2023).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMIN. MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

## IV. CONCLUSION

For the aforementioned reasons, Google respectfully requests that the Court seal designated portions of Plaintiffs' Reply and select Exhibits in support of Plaintiffs' Reply.

Dated: December 20, 2023                    COOLEY LLP


                                            By: */s/ Whitty Somvichian*
                                                Whitty Somvichian

                                            Attorney for Defendant
                                            GOOGLE LLC

294702499

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMIN. MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD