# EXHIBIT B
# to the Declaration of
# G. Berntson

# (REDACTED VERSON OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL)

1  Elizabeth C. Pritzker (Cal. Bar No. 146267)
   Jonathan K. Levine (Cal. Bar No. 220289)
2  Bethany Caracuzzo (Cal. Bar No. 190687)
   Caroline Corbitt (Cal Bar No. 305492)
3  **PRITZKER LEVINE LLP**
4  1900 Powell Street, Suite 450
   Emeryville, CA 94608
5  Tel.: (415) 692-0772
   Fax: (415) 366-6110
6  *ecp@pritzkerlevine.com*
7  *jkl@pritzkerlevine.com*
   *bc@pritzkerlevine.com*
8  *ccc@pritzkerlevine.com*

9  *Interim Class Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* | **CASE NO. 4:21-CV-02155-YGR-VKD** |
| *This document applies to all actions.* | **REPLY DECLARATION OF ELIZABETH C. PRITZKER IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

**UNREDACTED VERSION – FILED UNDER SEAL**

I, Elizabeth C. Pritzker, hereby declare as follows:

1. I am a partner of Pritzker Levine LLP, and an attorney licensed in the State of California and duly admitted to practice before this Court. On August 3, 2021, I was appointed to serve as Interim Class Counsel on behalf of plaintiffs. *See* ECF 77. This reply declaration is made in support of plaintiffs' Motion for Class Certification. I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

**THE LIMITED DISCOVERY RECORD SUPPORTING CERTIFICATION**

2. When plaintiffs moved for class certification, Google's entire document production, after two years of litigation, totaled just 57,462 documents. Pritzker Declaration in Support of Plaintiffs' Motion for Class Certification ("Pritzker Decl."), ECF 546-2, at ¶¶ 2,4.

3. Since the filing of that motion, Google has produced another 253 additional documents. Of these, 243 documents were produced for the very first time on November 1, 2023 – more than three months after plaintiffs' motion was filed, and over a month after Google filed its opposition briefing on September 29, 2023. Google's November 1, 2023 production purportedly represents a custodial file production for Google employee Suneeti Vakharia.

4. Ms. Vakharia was identified, for the very first time, as a Google employee with discoverable information in Google's Supplemental Initial Disclosures that were served on plaintiffs the day before Google filed its opposition to the class certification motion. A true and correct copy of Google's Supplemental Initial Disclosures is attached hereto as **Exhibit 48**.[1] The following day, Ms. Vakharia submitted a declaration in conjunction with Google's class certification opposition briefing. ECF 592-4.

5. As to the ten additional documents produced by Google between July 14, 2023 and November 1, 2023:

    a. Six documents were produced by Google the day before it filed its opposition to the class certification motion. These documents are referenced in the Declaration of Whitty Somvichian filed in support of Google's class certification opposition,

---

[1] Exhibits hereto start with Exhibit 43, numbered sequentially from my original declaration and the Declaration of Bethany Caracuzzo, plaintiffs' Exhibits 1 through 42 (ECFs 545, 546).

Case No. 4:21-cv-02155-YGR-VKD
REPLY PRITZKER DECL. ISO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

        ECF 584, at ¶¶ 47-52, and addressed in the accompanying Expert Class Certification Rebuttal Report of Greg Regan ("Regan Reb.") at ¶¶71-75)

    b. Three native Excel documents containing specified Google financial and gross revenue data were produced on September 6, 2023. These documents also are addressed in the Regan Reb. at ¶¶ 5, 12-23.

    c. One native Excel document containing additional Named Plaintiff data was produced on August 3, 2023.

6. Thus, Google's document production in this case, after more than two and one-half years of litigation, totals only 57,715 documents today.

7. That this is the limited discovery record for purposes of class certification is not for lack of diligence or effort on plaintiffs' part. Google has objected to and litigated virtually every one of plaintiffs' discovery requests. As my July 14, 2023 declaration states, the case docket contains roughly two dozen entries reflecting discovery and compliance briefing to Magistrate Judge DeMarchi on disputed matters ranging from custodians and search terms to the identity of sources of relevant information, class membership and class damages, data about the named plaintiffs in Google's records, document production deficiencies, improper privilege assertions, and areas of examination of Google's corporate witnesses under Rule 30(b)(6), among other discovery issues. *See* ECF 546-2 at ¶ 5.

8. Depositions conducted after the filing of plaintiffs' class certification motion have highlighted further deficiencies in Google's discovery responses. Plaintiffs intend to continue to confer with Google on these deficiencies and, as necessary, seek appropriate relief from Magistrate Judge DeMarchi on these issues.

9. While Google's overall document production remains limited, plaintiffs have put forward common evidence demonstrating that class treatment is appropriate in this case. For the convenience of the Court, plaintiffs summarize this common evidence below.

10. **Common evidence of numerosity, typicality and adequacy**.

    a. Evidence that the class size is in the tens of millions includes Pritzker Decl., Ex. 13.

      b.  Evidence that the plaintiffs' claims are typical of those of the class because all are subject to a common contract and their claims and injuries all arise from a common wrong includes Pritzker Decl, ¶¶ 19-20, Exs. 6-11; Caracuzzo Decl., ¶¶ 31-37; Expert Class Certification Report of Zubair Shafiq ("Shafiq Rep."), ECF 545-5, ¶¶ 35-42.

      c.  Evidence that plaintiffs and their counsel will fairly and adequately protect the interests of the class includes Pritzker Decl., ECF 546-2, ¶¶ 21-22, 26-34, Exs. 28-33.

11.  Google's opposition briefing does not challenge plaintiffs' evidence on these issues.

12.  **Evidence of a common contract and a common set of representations and disclosures to class members.**  Evidence of a common contractual promise and common disclosures to all class members includes Pritzker Decl., ECF 546-2, ¶¶ 19; Caracuzzo Decl., ECF 546-36, ¶¶ 19, 23-41.

13.  Google's opposition briefing does not challenge plaintiffs' evidence on these issues.

14.  Additional new evidence of a common contractual promise and common disclosures to all class members includes the November 15, 2023 Rule 30(b)(6) deposition testimony by Google employee, Suneeti Vakharia, **Ex. 52** hereto, at: 184:20-186:18, 188:19-23 (discussing plaintiffs' Ex. 42 (ECF 545-23)) 190:21-192:23, 193:23-194:4, 274:8-275:15 (collectively re. consent bump); 298:13-44 (re. privacy policies:), 216:13-217:16 (re. terms of service).

15.  **Evidence supporting a common method for determining class membership**. Evidence showing that Google maintains detailed records for all Google account holders with active accounts includes Shafiq Rep., ¶¶ 90-91.

16.  Google also told the Court that it was "preserving information to identify signed-in users who were subject to an RTB bid request." ECF. 248 at 7.

17.  Google's opposition briefing does not challenge plaintiffs' evidence on these issues.

18.  Additional new evidence of a common method for determining class membership includes the October 30, 2023 Rule 30(b)(6) deposition testimony by Google employee Glenn Berntson, **Ex. 51** hereto, at 89:19-90:15; 151:6-15; 215:6-219:10; 225:13-226:4

1  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

2  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

3  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

4  ▇▇▇▇ 89:19-90:15 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

5  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇; 215:6-

6  216:23; 219:4-10; 225:13-226:4 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

7  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

8  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

19. **Evidence of a common, core set of "representative" class user data for the plaintiffs that was shared with companies outside of Google in Google RTB.** Google has represented to counsel and the Court that it has preserved and is maintaining relevant information pertaining to plaintiffs and their claims. *See, e.g.,* ECF 69 at 7. To date, however, Google has refused to produce all relevant data pertaining to the seven plaintiffs, asserting that producing all such data is not proportional to the needs of the case. *See, e.g.,* Aug. 23, 2022 Hr'g. Tr. at 23, 83, 130; *see also* Google's Objections and Responses to plaintiffs' Seventh Set of Requests for Production of Documents, RFP 117 (specifically objecting to plaintiffs' request for "documents pertaining…to each of the named plaintiffs, including all data fields associated with each named plaintiff in connection with Google's RTB platform", for the period Jan. 1, 2022 to April 20, 2023).[3]

20. Given Google's unwillingness to produce "all" relevant data pertaining to the seven plaintiffs, Magistrate Judge DeMarchi permitted Google to produce from its Google RTB logs certain core Google RTB data fields for each of the plaintiffs, but just a sample of twelve one-week periods of the class period (i.e., from June 28, 2016 to present). Judge DeMarchi further ordered that Google ensure its time-sampled production be "representative" in time and scope of the data Google regularly maintains in its Google RTB logs, directing that, "if Google wishes to rely on a

---

[2] For clarity, a signed-in user signs in with a user name and password, and can use her Google services as soon as she opens them. A user remains signed-in (even if she closes her browser) unless and until she signs out. *See* https://support.google.com/accounts/ answer/54490?hl=end.

[3] Google's June 29, 2023 Objections to Request for Production No. 117 is attached as Exhibit 27 to my July 14 2023 declaration, ECF 546-29.

sample of responsive [named plaintiff] data to satisfy its obligations, ***it must take steps to ensure that the sample is representative such that plaintiffs can rely on it in making the arguments they wish to make for class certification*.**" ECF 382 at 5; *see* ECF 483 at 1. (emphasis supplied).

21. Plaintiffs relied on the Court's order that the sample production Google made for plaintiffs be "representative" of class-wide data that Google regularly maintains in its Google RTB logs, and presented evidence and expert testimony with their class certification motion that such user data commonly appears and is shared with third-parties in Google RTB bid requests as part of the Google RTB auctions. *See, e.g.,* Shafiq Rep., ECF 545-5, ¶¶ 26-89. For purposes of determining whether plaintiffs have met their class certification burden with the evidence made available to them by Google, the Court should hold Google to its required obligation and compliance with Judge DeMarchi's order, that the sample production "is representative such that plaintiffs can rely on it in making the arguments they wish to make for class certification." ECF 382 at 5; *see* ECF 483 at 1.

22. **Google has not produced relevant and responsive class-wide user data, but represents this data is being preserved.** In his class certification declaration, Google's counsel states that "Plaintiffs have never requested [a] 'classwide data' production" of available RTB data for all proposed class members." ECF 584 at ¶ 3. That statement is incorrect. Plaintiffs have in fact served discovery requests that Google produce such class-wide data in this case. *See, e.g.,* Ex. A to Parties' Joint Discovery Letter Brief of July 29, 2022, ECF 269-1 at 21 (listing plaintiffs' request for production no. 12, which sought "Documents sufficient to identify all Account Holders for whom Google has shared, sold, or disseminated personal information to participants, persons or entities through Google Real Time Bidding"), and at p.53 (listing plaintiffs' request for production no. 41, which sought, "For all Account Holders for whom Google has shared, sold or disseminated their personal information to other persons or entities through Real Time Bidding…: a. Documents sufficient to establish the revenue associated with each Account Holder; b. All Bid Requests associated with each Account Holder; c. All bid responses associated with each Account Holder; d. All winning bids and the entity of the winning bidder associated with each Account Holder; e. the value paid for each Bid Request associated with each Account Holder; f. the resulting ad(s) that was displayed to each Account Holder; and g. The contents of each Bid Request disclosure about each

Account Holder that Google made to other companies."). Google has refused to produce any such class-wide data or information responsive to plaintiffs' requests, pre-certification. *See, e.g.*, ECF 269-1 at p.22 ("Google…objects to this Request [No. 12] to the extent it is not limited to the named Plaintiffs and, instead, seeks information and documents relating to individual putative class members when no class has been certified."), and at p. 254 (in which Google asserts the same objection in response to plaintiffs' request no. 41); *and see* ECF 291 (in which Google argues, "…the event-level data reflecting the total auction revenue for every user is vastly overbroad, and not relevant to quantifying the value of data shared with third parties. Even a tiny fraction of this data would be utterly disproportionate.").

23. While Google has refused to provide class-wide user data, Google has represented to plaintiffs' counsel and the Court that Google has preserved and is maintaining relevant and responsive class information. *See* ECF 68 at 7; ECF 248 (Google "is preserving information to identify signed-in users who were subject to an RTB bid request as well as information relevant to proving injury and damages of these putative class members.").

24. **Common evidence of a lack of consent by class members.** Common evidence demonstrating that Google's contracts with its account holders do not disclose the fact or scope of the Google RTB auctions includes Caracuzzo Decl., Exs. 34-42; Expert Class Certification Report of Neal Richards ("Richards Rep."), ECF 545-9, ¶¶ 90-119, 127-129, 137. Google does not challenge this point in its opposition briefing.[4]

25. Common evidence that there is no mechanism for class members to declare that they do, or that they do not, consent to Google sharing their personal information in Google RTB auctions includes Richards Rep. ¶ 137. Google's opposition briefing does not challenge this point, either.

26. Additional new evidence on the common lack of consent by class members includes the recent Rule 30(b)(6) deposition of Ms. Vakharia., **Ex. 52** hereto, at 62:18-25 (Google would not ask a user to consent to something that is not disclosed to them); 224:13-225:22 ("Google does not

---

[4] Google has moved to exclude certain opinions of plaintiffs' privacy expert, Professor Neil Richards, pursuant to Federal Rule of Evidence 702, Civil Local Rule 7, and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) ("*Daubert*"). *See* ECF 582. Plaintiffs oppose this motion. *See* ECF 613.

disclose that personal information is shared. It expressly says it does not share personal information - to third-party – entities" and "there's no communication [from Google to account holders] that" Google shares account holders' information in the real-time bidding auction); 274:8-275:15 (Google doesn't disclose that it "might sell anyone's information" and Google's disclosures "do not communicate the sale of any user's personal information"); 277:1-10 (Google "do[es]n't communicate to users that we share their personal information with advertisers in our disclosures because we do not do that."); 278:7-17 (Google's "disclosures do not communicate that we would share personal information or information that could be linked to Google' account personal information to – for the purposes for RTB"); 295:6-11 (corporate designee is not familiar with any disclosures to Google account holders about how the real-time bidding auction functions); 217-23-221:14 (confirming exhibits to Caracuzzo Decl. (ECF 546-36 et seq) are accurate disclosures to class members); as well as the September 12, 2023 deposition of Google employee Tom Wolfstein, **Ex. 55** hereto, at 46:10-20 ("Q. …[I]s there any control where – that Google offers to a user that says, you know, I hereby opt of RTB, I don't want may data shared or sold with third parties?  MR. SOMVICHIAN:  Object to form. THE WITNESS: I don't believe so.").

27.     **<u>Evidence of a common set of RTB-only class-wide revenue data for the class period</u>**. The only discovery that Google had produced to plaintiffs on damages at the time the class certification motion was filed was a single excel spreadsheet (containing one line) showing gross RTB revenues during part, but not all, of the class period.  Plaintiffs lodged that document, GOOG-HEWT-00455648, under seal with their motion as Exhibit 15 to the Pritzker Declaration, ECF 546-17. Google's opposition suggested this document reflects revenue from Google products other than Google RTB. However, Google's corporate representative, Glenn Berntson, provided contrary testimony at his recent deposition on October 30, 2023. Dr. Berntson's 30(b)(6) testimony is that the document represents "a breakdown of revenue for authorized buyers [and] open bidding over a period of six years broken down by U.S. and non-U.S. users" and nothing more.  Berntson 30(b)(6) Dep., **Ex. 51** hereto, at 229:8-12; 242:6-243:22 ("

1 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

3 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓"). Dr. Berntson also testified, as Google's 30(b)(6) representative, that

4 Google can ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

5 ▓▓▓ (*id.*, 237:4-242:5), ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*ibid*), and

6 that Google can figure out ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

7 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*id.*, 241:10-242:5).

8   28.   **Evidence of the location of Google's RTB servers**.  With respect to the location of Google's activities in connection with plaintiffs' claim under the California Information Privacy Act, Cal. Pen. Code § 631, the Court directed Google to produce any proof that at least one RTB recipient or publisher received the communications at issue while they were not located in California. MTD Order, ECF 233, at 17:10-16. Google never produced any such proof in response to the Court's order or in opposition to plaintiffs' class certification motion.

**ADDITIONAL EVIDENCE IN FURTHER SUPPORT CLASS CERTIFICATION**

In addition to the evidence already cited above, Plaintiffs today provide the Court with a limited amount of rebuttal evidence, noted below.

  29.   **Expert Rebuttal Reports**.   Plaintiffs submit with their reply memorandum the following rebuttal expert reports in support of class certification:

   a. **Attached as Exhibit 43** hereto is a true and correct copy of the Expert Class Certification Rebuttal Report of Professor Zubair Shafiq, Ph.D. ("Shafiq Reb."). In this report, Professor Shafiq rebuts and responds to specific items described in the expert reports of Aaron Striegel, Ph.D., and Konstantinos Psounis, Ph.D. proffered by Google in opposition to plaintiffs' motion for class certification. The Shafiq Rebuttal Rep. also rebuts and responds to certain items that are inaccurately described in the expert report of Bruce Deal and the declaration of Google employee Glenn Berntson, Ph.D., also proffered by Google in opposition

to plaintiffs' motion for class certification.[5]

b. **Attached as Exhibit 44** hereto is a true and correct copy of the Expert Class Certification Rebuttal Report of Professor Christopher Wilson, Ph.D. ("Wilson Reb."). In this report, Professor Wilson rebuts and responds to specific items contained in the expert reports of Aaron Striegel, Ph.D. and Konstantinos Psounis, Ph.D., proffered by Google in opposition to plaintiffs' motion for class certification.

c. **Attached as Exhibit 45** hereto is a true and correct copy of the Expert Class Certification Rebuttal Report of Professor Robert Zeithammer, Ph.D. ("Zeithammer Reb."). In this report, Professor Zeithammer rebuts and responds to specific items contained in the expert report of Dominque Hanssens, Ph.D., proffered by Google in opposition to plaintiffs' motion for class certification. The Zeithammer Rebuttal Rep. also rebuts and responds to specific items described in the report of Bruce Deal in opposition to class certification.

d. **Attached as Exhibit 46** hereto is a true and correct copy of the Expert Class Certification Rebuttal Report of Greg Regan, CPA/CFF, CFE of Hemming Morse, LLP ("Regan Reb."). In this report, Mr. Regan rebuts and responds to specific items that are inaccurately described in the report of Bruce Deal in opposition to class certification.

e. Attached as **Exhibit 47** hereto is a true and correct copy of the Expert Class Certification Rebuttal Report of Professor Neil Richards ("Richards Reb.") In this report, Prof. Richards rebuts and responds to criticisms proffered by Google in the reports Prof. Dominque Hanssens and Bruce Deal. Prof. Richards also rebuts and responds to specific items described in the declarations of Google employee, Suneeti Vakharia, and Google's retained vendor, Hunter Hanzarik.

---

[5] In conjunction with their class certification reply briefing, plaintiffs have filed a motion to exclude the opinions of Mr. Deal pursuant to Federal Rule of Evidence 702, Civil Local Rule 7, and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) ("*Daubert*").

Both declarations were proffered by Google in opposition to class certification.

30. **Deposition Transcripts**: Plaintiffs additionally attach excerpts of recently-completed depositions of Google's custodians, and Google's class certification experts and declarants – all of which were not available at the time of the Motion for Class Certification and rebut Google's arguments in opposition thereto:

   a. Attached hereto as **Exhibit 51** is a true and correct copy of excerpts from the deposition of Glenn Berntson, Ph.D., both in his individual capacity and as a corporate representative of Google pursuant to Fed. R. Civ. 30(b)(6), conducted on October 30, 2023;

   b. Attached hereto as **Exhibit 52** is a true and correct copy of excerpts from the deposition of Suneeti Vakharia, both in her individual capacity and as a corporate representative of Google pursuant to Fed. R. Civ. P. 30(b)(6), conducted on November 15, 2023;

   c. Attached hereto as **Exhibit 53** is a true and correct copy of excerpts from the deposition transcript of Konstantinos Psounis, Ph.D., conducted on October 16, 2023;

   d. Attached hereto as **Exhibit 54** is a true and correct copy of excerpts from the deposition of Aaron Striegel, Ph.D., conducted on October 20, 2023;

   e. Attached hereto as **Exhibit 55** is a true and correct copy of excerpts from the deposition of Google employee, Thomas Wolfstein, conducted on September 12, 2023;

   f. Attached hereto as **Exhibit 56** is a true and correct copy of excerpts from the deposition of Bruce Deal, conducted on October 24, 2023;

   g. Attached hereto as **Exhibit 57** is a true and correct copy of excerpts from the deposition of Dominique Hanssens, Ph.D., conducted on October 31, 2023;

   h. Attached hereto as **Exhibit 58** is a true and correct copy of excerpts from the deposition of Hunter Hanzarik, conducted on November 2, 2023;

   i. Attached as **Exhibit 59** hereto is a true and correct copy of excerpts of the

deposition of Google employee, George Levitte, conducted on April 13, 2023; and

j. Attached as **Exhibit 60** hereto is a true and correct copy of excerpts of the deposition of plaintiffs' expert Professor Christopher Wilson, Ph.D., conducted on August 31, 2023.

31. **Additional discovery materials.** In addition to the materials cited above, plaintiffs submit the following additional materials in support of their motion for class certification:

a. Attached as **Exhibit 49** is GOOG-HEWT-00144029, cited by plaintiffs' expert Zubair Shafiq, Ph.D. in his original report, ECF 545-5, at ¶ 58;

b. Attached as **Exhibit 50** are true and correct copies of excerpts of Google RTB contracts with Google RTB auction participants Facebook/Meta, NBC Universal, and Xandr: GOOG-HEWT-0041850; NBCU_HEW_00001; XANDR-RTB-00000005. These documents are discussed by plaintiffs' expert, Prof. Neil Richards, in his Expert Class Certification Rebuttal Report, **Ex. 47** hereto, at ¶81.

**ADMINISTRATIVE FEASIBILITY OF A CLASS TRIAL**

32. In my prior declaration filed in support of class certification (ECF 546-2), I propose and generally describe a trial plan for a classwide trial of this matter. *See id.* ¶¶ 35-45.

33. Google does not address plaintiffs' presentation or challenge trial manageability issues in its opposition briefing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 29th day of November 2023 in Emeryville, California.

*/s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker