COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274880)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
ELIZABETH SÁNCHEZ SANTIAGO
(SBN 333789) (lsanchezsantiago@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, <br><br> This Document Relates to: *all actions*, | Master File No. 4:21-cv-02155-YGR-VKD <br><br> **GOOGLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (ECF NO. 623)** |

COOLEY LLP
ATTORNEYS AT LAW
WASHINGTON, DC

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
NO. 4:21-CV-02155-YGR-VKD

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f), Defendant Google LLC ("Google") respectfully submits this Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 623) in connection with Plaintiffs' *Daubert* Motion to exclude the expert testimony of Google's damages expert Bruce Deal ("Plaintiffs' *Daubert* Motion") and the accompanying Exhibits.

As set forth below and in the accompanying Declaration of Whitty Somvichian ("Somvichian Sealing Declaration"), the cited portions of these documents contain highly sensitive, confidential, and proprietary information that Google designated as "Confidential" and/or "Highly Confidential—Attorneys' Eyes Only" pursuant to the terms of the parties' Stipulated Protective Order, which the Court entered on June 3, 2021 (the "Protective Order") (ECF No. 59). Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below, as reflected in the attached Proposed Order:

| Document | Portions to Seal | Party Claiming Confidentiality |
|---|---|---|
| Plaintiffs' *Daubert* Motion to exclude the expert testimony of Bruce Deal | Portions highlighted at page(s): 3-5, 10-11, 13-15, 17-18 | Google |
| Exhibit 1 to Reply Declaration Lesley E. Weaver In Support of Plaintiffs' *Daubert* Motion to exclude the expert testimony of Bruce Deal (Deal Deposition Excerpts) | Portions highlighted at page(s): 101:18, 105:13, 277:21-22 | Google |
| Exhibit 2 to Reply Declaration Lesley E. Weaver In Support of Plaintiffs' *Daubert* Motion to exclude the expert testimony of Bruce Deal (Levitte Deposition Excerpts) | Portions highlighted at page(s): 62:6-23 | Google |
| Exhibit 4 to Reply Declaration Lesley E. Weaver In Support of Plaintiffs' *Daubert* Motion to exclude the expert testimony of Bruce Deal (Vakharia Deposition Exhibit 8) | Entire Document | Google |

COOLEY LLP
ATTORNEYS AT LAW
WASHINGTON, DC

2.

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
NO. 4:21-CV-02155-YGR-VKD

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the information is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

Because courts consider class certification motions to be dispositive, courts apply a "compelling reasons" test for determining whether a party is entitled to file under seal documents related to a motion to exclude expert testimony filed in support of class certification briefing. *Hadley v. Kellogg Sales Co.*, No. 16-cv-04955, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018); *McMorrow v. Mondelez Int'l, Inc.*, No. 17-cv-2327, 2021 WL 488337, at *2 (S.D. Cal. Feb. 10, 2021).Sealing is appropriate under the compelling reasons standard where, absent sealing, "court files [could] become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008) (internal quotation and citation omitted). For purposes of sealing, a "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id.* (quoting Restatement (First) of Torts § 757, cmt. b (1939)). Other compelling reasons to seal "include when a court record might be used . . . 'as sources of business information that might harm a litigant's competitive standing.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978)).

## III. COMPELLING REASONS EXIST TO SEAL PORTIONS OF PLAINTIFFS' *DAUBERT* MOTION AND SUPPORTING EXHIBITS.

Google asks this Court to seal portions of Plaintiffs' *Daubert* Motion and certain accompanying Exhibits which contain content derived from Google's highly sensitive, confidential, and proprietary information. These portions reflect (1) Google's business strategy, analysis, and revenue data regarding Google Real-Time Bidding ("Google RTB"); (2) Google's internal policies and business strategy related to its advertising products more generally; (3) and an employee's personal information. As explained below, such information is vital to Google's

COOLEY LLP
ATTORNEYS AT LAW
WASHINGTON, DC

3.

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
NO. 4:21-CV-02155-YGR-VKD

commercial success, and is the sort of "sensitive, non-public, confidential, and proprietary business information" that courts routinely seal under the compelling reasons standard. *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020). Google's sealing requests are also "narrowly tailored to seal only the sealable material" in order to balance the public right of access. Civ. L.R. 79-5(c).

***First,*** certain portions of Plaintiffs' *Daubert* Motion and supporting Exhibits reflect highly sensitive and confidential information about Google's business strategy and analysis regarding Google RTB, including discussion about product strategy, revenue metrics, and decision-making. (Somvichian Sealing Decl. ¶ 5.) This type of highly confidential business information is routinely sealed by courts in this district. *See Rodman v. Safeway Inc.*, No. 11-cv-03003-JST, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (sealing "internal, nonpublic information discussing [the defendant's] pricing strategy, business decisionmaking [sic], and financial records, which would expose [the defendant] to competitive harm if disclosed"); *Unlockd Media, Inc. Liquidation Tr. v. Google LLC*, No. 21-cv-07250-HSG, 2022 WL 4624985, at *2 (N.D. Cal. Sept. 30, 2022) (sealing information related to the company's business model); *Kumandan v. Google LLC*, No. 19-CV-04286-BLF, 2022 WL 17971644, at *1 (N.D. Cal. Oct. 17, 2022) (sealing financial information concerning Google's business opportunities and risks, and profits and losses). Disclosure of this information would cause irreparable harm to Google by providing competitors and business partners with insight into Google's strategic business decisions and policies and priorities related to Google RTB, as well as highly confidential financial information related to Google's advertising systems. (Somvichian Sealing Decl. ¶ 7.) Furthermore, such disclosure would reveal to competitors and the public information about the structure and operation of Google's internal systems and advertising infrastructure as well as capabilities and design of Google's advertising systems used to handle user data. *Id*. As a result, Google's competitive standing could be jeopardized if competitors and business partners make changes to their business practices in response to this information. Given these risks, Google has sought to seal similar information supporting Google's damages analysis in briefing on class certification. *See e.g. In re Google RTB Consumer Privacy Litig.,* No. 21-cv-02155-YGR, ECF No. 583-2.

COOLEY LLP
ATTORNEYS AT LAW
WASHINGTON, DC

4.

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
NO. 4:21-CV-02155-YGR-VKD

***Second***, certain portions of Plaintiffs' *Daubert* Motion reveal highly sensitive and confidential information about Google's internal policies and business strategy related to its advertising products more generally, including discussions about data privacy. (*Id.* ¶ 5.) Courts have found that this type of information warrants sealing as well. *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329, 2017 WL 10505263, at *2 (N.D. Cal. Mar. 14, 2017) (sealing discussions about "strategy, policy, and practices related to AdSense"); *Cowan v. GE Cap. Retail Bank*, No. 13-cv-03935, 2015 WL 1324848, at *3 (N.D. Cal. Mar. 24, 2015) (sealing documents describing "internal procedures for addressing cardholder fraud notifications, as well as risk management and legal compliance in investigating fraud"). Disclosure of this information, like disclosure of Google's financial and RTB-related strategy information, would cause irreparable competitive harm by revealing to its competitors sensitive details about Google's operations, strategies, capabilities, and priorities that could cause these actors to alter their practices in relation to competing products. (Somvichian Sealing Decl. ¶ 8). Similarly, Google has moved to seal similar information in prior filings related to class certification.

***Lastly***, Google seeks to seal certain portions of Exhibits in support of Plaintiffs' *Daubert* Motion which contain confidential contact information for a current Google employee who is not a party to this litigation. Courts, including for this litigation, regularly seal this information to protect employees' confidentiality to prevent unwanted harassment. *See, e.g.*, *Klein v. Meta Platforms, Inc.*, 2022 U.S. Dist. LEXIS 44076, at *12 (N.D. Cal. Mar. 11, 2022); ECF No. 425 (N.D. Cal. Feb. 6, 2023).

////

////

Cooley LLP
Attorneys at Law
Washington, DC

5.

Google's Response To Plaintiffs'
Administrative Motion
No. 4:21-cv-02155-YGR-VKD

## IV. CONCLUSION

For the foregoing reasons, Google respectfully requests the Court seal the cited portions of Plaintiffs' *Daubert* Motion and supporting Exhibits.

Dated: December 20, 2023                    COOLEY LLP

By: */s/ Whitty Somvichian*
    Whitty Somvichian

Attorney for Defendant
GOOGLE LLC

COOLEY LLP
ATTORNEYS AT LAW
WASHINGTON, DC

6.

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION
NO. 4:21-CV-02155-YGR-VKD