COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
ELIZABETH SANCHEZ SANTIAGO
(SBN 333789) (lsanchezsantiago@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**DECLARATION OF WHITTY SOMVICHIAN IN SUPPORT OF GOOGLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (ECF NO. 623)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEC. OF W. SOMVICHIAN ISO GOOGLE'S
RESPONSE TO PLAINTIFFS' ADMIN MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

I, Whitty Somvichian, declare as follows:

**1.** I am an attorney at the law firm of Cooley LLP and an attorney of record for Google LLC ("Google") in *In re Google RTB Consumer Privacy Litigation*, Case No. 4:21-cv-02155. I am licensed to practice law in the state of California and am admitted to practice before this Court. I submit this declaration in support of Google's Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 623) in connection with Plaintiffs' *Daubert* Motion to exclude the expert testimony of Google's damages expert Bruce Deal ("Plaintiffs' *Daubert* Motion") and the accompanying Exhibits. I submit this declaration pursuant to Local Rule 79-5.

**2.** On November 29, 2023, Plaintiffs filed a *Daubert* Motion to exclude the expert testimony of Google's damages expert Bruce Deal. (ECF No. 623-3.) In conjunction, Plaintiffs also filed an Administrative Motion to Consider Whether Another Party's Materials Should be Sealed

**3.** I have reviewed the documents that Google seeks to file under seal. These documents reflect Google's highly sensitive, confidential, and proprietary information. Based on my review and in consultation with my client, I understand that there is compelling reasons to seal the following information:

| Document | Text to be Sealed | Basis for Sealing |
|---|---|---|
| **Documents discussing Google's business strategy, analysis, and financial information regarding Google RTB** |||
| Plaintiffs' *Daubert* Motion to exclude the expert testimony of Bruce Deal | Portions highlighted at page(s): 3-5, 10-11, 13-15, 17-18 | I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEC. OF W. SOMVICHIAN ISO GOOGLE'S
RESPONSE TO PLAINTIFFS' ADMIN MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| | | |
|---|---|---|
| | | falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. I further understand that if this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. It is my understanding that public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. |
| Exhibit 1 to Declaration Lesley E. Weaver In Support of Plaintiffs' *Daubert* Motion to exclude the expert testimony of Bruce Deal (Deal Deposition Excerpts) | Portions highlighted at page(s): 101:18, 105:13, 277:21-22 | See above. |
| Exhibit 2 to Declaration Lesley E. Weaver In Support of Plaintiffs' *Daubert* Motion to exclude the expert testimony of Bruce Deal (Levitte Deposition Excerpts) | Portions highlighted at page(s): 62:6-23 | See above. |
| **Documents discussing internal operational details and analysis regarding data privacy practices regarding Google RTB** | | |
| Plaintiffs' *Daubert* Motion to exclude the expert testimony of Bruce Deal | Portions highlighted at page(s): 13 | I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's operational details and analysis related to Google RTB including discussion about data privacy and data practices. Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. I further understand that if this information were made public, it would allow recipients to gain potentially damaging |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEC. OF W. SOMVICHIAN ISO GOOGLE'S
RESPONSE TO PLAINTIFFS' ADMIN MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| | | |
|---|---|---|
| | | insights into Google's strategic business decisions and the operation and capabilities of Google's systems. It is my understanding that public disclosure of this confidential and proprietary information could injure Google's competitive standing as it may enable competitors to alter their systems and practices relating to competing products. Further, it may enable business partners to also alter their business practices with Google. |
| Exhibit 4 to Declaration Lesley E. Weaver In Support of Plaintiffs' *Daubert* Motion to exclude the expert testimony of Bruce Deal (Vakharia Deposition Exhibit 8) | Entire Document | See above. |
| **Documents discussing confidential employee information** | | |
| Exhibit 2 to Declaration Lesley E. Weaver In Support of Plaintiffs' *Daubert* Motion to exclude the expert testimony of Bruce Deal (Levitte Deposition Excerpts) | Portions highlighted at page(s): 6:19, 6:21 | I understand that the information requested to be sealed contains confidential information of Google employees, disclosure of which may subject them to unsolicited contact and harassment. |

4. Google does not seek to redact or file under seal any of the remaining portions of Plaintiffs' *Daubert* Motion not indicated in the table above.

5. To the best of my knowledge, certain information in the documents cited in the table above references reflect highly sensitive, confidential, non-public information about Google's business strategy and analysis regarding Google RTB including analysis about product strategy, revenue metrics, and decision-making related to Google advertising products.

6. I further understand that certain portions of Google's Opposition and Exhibits, including the portions identified above, reveal highly sensitive, confidential, non-public information about Google's internal policies and business strategy related to Google's advertising products, including discussions about data privacy and data practices.

7. I understand that revealing this information publicly would cause Google significant and irreparable competitive harm for multiple reasons. Specifically, it would (1) reveal highly sensitive financial information related to Google's operation of its advertising systems; (2) disclose

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEC. OF W. SOMVICHIAN ISO GOOGLE'S
RESPONSE TO PLAINTIFFS' ADMIN MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

information about the structure and operation of Google's internal systems and advertising infrastructure, including systems design and capabilities to competitors; and (3) provide competitors and business partners with insight into Google's strategic business decisions, and policies and priorities related to Google RTB; and (4) reveal capabilities and design of Google's advertising systems used to handle user data.

8. I understand that Google would suffer irreparable harm from the disclosure of such highly sensitive business information, as competitors and business partners could alter their own business practices based on previously undisclosed information that could be damaging to Google's competitive standing.

9. Certain portions of an Exhibit in support of Plaintiffs' *Daubert* Motion contain confidential information of a Google employee, disclosure of which may subject them to unsolicited contact and harassment.

10. Attached hereto as **Exhibit A** is a copy of Plaintiffs' *Daubert* Motion to exclude the expert testimony of Bruce Deal that highlights the specific information that Google seeks to maintain under seal.

11. Attached hereto as **Exhibit B** is a copy of Exhibit 1 in support of the Declaration of Lesley E. Weaver in connection with Plaintiffs' *Daubert* Motion to exclude the expert testimony of Bruce Deal that highlights the specific information that Google seeks to maintain under seal.

12. Attached hereto as **Exhibit C** is a copy of Exhibit 2 in support of the Declaration of Lesley E. Weaver in connection with Plaintiffs' *Daubert* Motion to exclude the expert testimony of Bruce Deal that highlights the specific information that Google seeks to maintain under seal.

13. Attached hereto as **Exhibit D** is a copy of Exhibit 4 in support of the Declaration of Lesley E. Weaver in connection with Plaintiffs' *Daubert* Motion to exclude the expert testimony of Bruce Deal that Google seeks to maintain under seal.

////

////

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEC. OF W. SOMVICHIAN ISO GOOGLE'S
RESPONSE TO PLAINTIFFS' ADMIN MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

1  I declare under penalty of perjury that the foregoing is true and correct. Executed on
2  December 20, 2023 in San Francisco, California.

                                                                                          */s/ Whitty Somvichian*
                                                                                          Whitty Somvichian

295335480

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEC. OF W. SOMVICHIAN ISO GOOGLE'S
RESPONSE TO PLAINTIFFS' ADMIN MOTION
CASE NO. 4:21-CV-02155-YGR-VKD