COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
ELIZABETH SANCHEZ SANTIAGO
(SBN 333789) (lsanchezsantiago@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO REVISE CASE SCHEDULE** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S OPP. TO PLAINTIFFS'
ADMIN. MOTION TO REVISE CASE SCHEDULE
CASE NO. 4:21-CV-02155-YGR-VKD

## I. INTRODUCTION

The Court should deny Plaintiffs' Administrative Motion to Revise the Case Schedule ("Administrative Motion") because it is procedurally improper and because Plaintiffs fail to demonstrate any legitimate grounds—much less the good cause required—to support the additional extension they seek. To begin, Plaintiffs' request for an extension of all case deadlines by an additional two months should be denied because Plaintiffs have not shown diligence or specified the need for additional discovery that justifies such an extension. Instead, Plaintiffs' request is premised on a gross mischaracterization of their own position on pre-certification class discovery. This flimsy justification cannot support Plaintiffs' last-minute demand for additional discovery, which Plaintiffs have inexplicably failed to pursue in the over two years of discovery already conducted in this matter. Further, this Court can and should deny Plaintiffs' request for an extension because an administrative motion is not the proper mechanism for a request that would substantially alter the case schedule.

## II. ARGUMENT

### A. Plaintiffs Cannot Demonstrate Good Cause to Warrant an Extension of the Case Schedule

#### 1. Plaintiffs have not diligently pursued class-wide discovery and resort to mischaracterizing Google's actions in arguing otherwise.

Plaintiffs claim that an extension of the case schedule "is necessary to allow time for plaintiffs to complete fact discovery after the Court rules on the pending class certification motion." Admin. Mot. at 3. Extensions to a case schedule are only warranted if the moving party demonstrates that the existing deadlines "cannot reasonably be met ***despite the diligence of the party seeking the extension.***" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (emphasis added). Plaintiffs cannot meet that standard here.

Plaintiffs make no effort to identify any outstanding or forthcoming discovery request that cannot be resolved before the end of the fact discovery period on January 19, 2024. They gesture vaguely towards "class discovery," but do not actually say what discovery they need, when they will serve it, and—perhaps most importantly—why they have not yet done so. Instead, Plaintiffs make the vague claim that "Google has refused to produce certain class discovery." Admin. Mot.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

GOOGLE'S OPP. TO PLAINTIFFS'
ADMIN. MOTION TO REVISE CASE SCHEDULE
CASE NO. 4:21-CV-02155-YGR-VKD

at 3. In support of this assertion, Plaintiffs point to a single objection that Google lodged to a document request on June 22, **2021** to the scope of Plaintiffs' Request for Production of Documents No. 12[1], which sought information relating to *individual putative class members* when no class had yet been certified. Admin. Mot. at 3. If Plaintiffs had wanted to litigate the production of class member data at any point in the two and a half years since Google raised this objection, they could have done so. But instead, when the parties contested this request's scope, *Plaintiffs themselves chose to limit the request to the named Plaintiffs*, confirming that they were "not presently asking Google to identify all other account holders who may be class members." ECF No. 314 at 2-3 n.2. Even the materials Plaintiffs cite prove that their actions and lack of diligence, not Google's or anyone else's, are the reason why they believe they have not yet "complete[d] class discovery." Admin. Mot. at 3. Underscoring their lack of diligence, Plaintiffs first served requests for production seeking class-related discovery of unnamed class members earlier this week—*after* they told this Court they had "exercised diligence in prosecuting their class claims." Admin. Mot. at 2; *see also* Declaration of Aarti Reddy ("Reddy Decl.") ¶ 3.

To the extent Plaintiffs now face "an extremely compressed case schedule," the record clearly shows that Plaintiffs' dilemma is a problem of their own making. Admin. Mot. at 2. Indeed, prior to December 11, 2023, Plaintiffs had not issued any written discovery requests in approximately **six months.** Reddy Decl. ¶ 2. Although Plaintiffs conducted Rule 30(b)(6) and expert depositions after Google filed its opposition to their class certification motion, they do not contend that any testimony adduced during these depositions relates to the Administrative Motion. *Id*. ¶ 4. Nor have Plaintiffs raised further discovery disputes with Judge DeMarchi since August 2023. *See* ECF No. 639. Plaintiffs' Administrative Motion does not acknowledge any of these delays, let alone explain how Plaintiffs can show good cause notwithstanding their inaction. Their Administrative Motion should be denied for this reason alone. "If [the moving] party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

---

[1] On July 29, 2022 the parties submitted a Joint Letter Brief regarding the dispute as to Plaintiffs' Requests for Production of Documents Nos. 12-13 & 41-42. ECF No. 269. Google objected to the scope of Requests Nos. 12-13, and 41 based on the fact that these requests sought information and documents relating to individual putative class members before any class had been certified. ECF No. 269-1.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S OPP. TO PLAINTIFFS'
ADMIN. MOTION TO REVISE CASE SCHEDULE
CASE NO. 4:21-CV-02155-YGR-VKD

### 2. Plaintiffs' proposal would lead to never-ending discovery.

Plaintiffs' Administrative Motion should also be denied because their stated need for additional time between the class certification ruling and the close of fact discovery is, in actuality, a mere pretext for seeking an extension to compensate for their lack of diligence.

Plaintiffs contend that absent an extension, "the parties and the Court will be forced to expend substantial sources preparing and evaluating the parties' merits expert reports, but without the benefit of the Court's decision as to the suitability for class treatment of the claims and defenses at issue." Admin. Mot. at 2. Taking Plaintiffs' stated reasoning to its logical conclusion, discovery would remain open until class certification is resolved, so the requested "brief" extension would not even afford Plaintiffs the relief they desire. Given that no class certification hearing is yet set, any ruling on the issue could extend well beyond the proposed two-month extension period. Because of this, unless the Court sets an immediate hearing and resolves all class certification-related motions in January, Plaintiffs would still face the same scenario they complain of now once again in two months—that they will have little time between class certification and the end of fact discovery to address unspecified discovery needs for the merits stage. Therefore, Plaintiffs' Administrative Motion does not resolve the core of the issue caused by Plaintiffs' lack of diligence in pursuing relevant discovery. Plaintiffs' Administrative Motion fails for this reason as well.

### B. Plaintiffs' Motion Ignores This Court's Local Rules

Setting aside that Plaintiffs have not shown the requisite good cause justifying their request, the Court may also deny Plaintiffs' motion on procedural grounds, as it should have been brought as a noticed motion under Local Rule 7-2.

The Court need not entertain a motion brought under improper procedures. *Estate of B.H. v. Netflix, Inc.*, 2022 WL 551701, at *1, n.1 (N.D. Cal. Jan. 12, 2022) (Gonzalez Rogers, J.) (denying administrative motion that "improperly raise[d] substantive issues"). Administrative motions are reserved for "miscellaneous administrative matters, not otherwise governed by federal statute, Federal Rule, local rule, or standing order of the assigned Judge." N.D. Cal. Civ. L.R. 7-11 (emphasis added). But Plaintiffs' request is squarely governed by Federal Rule of Civil Procedure 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S OPP. TO PLAINTIFFS'
ADMIN. MOTION TO REVISE CASE SCHEDULE
CASE NO. 4:21-CV-02155-YGR-VKD

judge's consent." *Id.* Therefore, Plaintiffs' request to modify the schedule should have been brought pursuant to a noticed motion, not by the abbreviated procedures of Rule 7-11. Other courts in this District have endorsed this interpretation of the Local Rules.[2] *See, e.g., Silva v. B&G Foods, Inc.*, 2023 WL 5920089, at *1 (N.D. Cal. Aug. 9, 2023) (finding that a motion to modify the case schedule under Rule 16 is not a "miscellaneous administrative matter" within the meaning of Civil Local Rule 7-11); *United States v. Cathcart*, 2009 WL 1817006, at *1 (N.D. Cal. June 24, 2009) (similar). Indeed, Plaintiffs themselves previously sought an extension to the case schedule through a properly noticed motion, leaving no doubt that they know Civil Local Rule 7-2 provides the appropriate vehicle for such a request. *See* ECF No. 373. Plaintiffs cannot now circumvent the established procedures to take advantage of administrative motions' shorter briefing schedule when it suits their needs. Plaintiffs' Administrative Motion should be denied for this independent reason.

### III. CONCLUSION

For the foregoing reasons, Google requests that the Court deny Plaintiffs' improper and unsupported request to substantially alter the case schedule.

Dated: December 22, 2023                    COOLEY LLP

                                            By: /s/ Aarti Reddy
                                                Aarti Reddy

                                            Attorneys for Defendant
                                            GOOGLE LLC

295656374

---

[2] Google notes that this Court's standing order states that "Parties seeking to continue hearings . . . modify briefing schedules, or make any other procedural changes shall submit a signed stipulation . . . or, if a stipulation is not possible, a Motion for Administrative Relief as contemplated by Civil Local Rule 7-11." Google interprets this standing order to refer to individual hearings or briefing schedules, not to permit overhaul of the entire case schedule by Administrative Motion, which would appear to be in conflict with the above-mentioned rules and cases.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S OPP. TO PLAINTIFFS'
ADMIN. MOTION TO REVISE CASE SCHEDULE
CASE NO. 4:21-CV-02155-YGR-VKD