COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
ELIZABETH SANCHEZ SANTIAGO
(SBN 333789) (lsanchezsantiago@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (ECF NO. 641)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMIN. MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f), Google LLC ("Google") respectfully submits this Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 641) in connection with Plaintiffs' Reply in Support of *Daubert* Motion to Exclude Google LLC's Expert Bruce Deal ("Plaintiffs' *Daubert* Reply") and the accompanying exhibits ("Exhibits").

As set forth below and in the accompanying Declaration of Whitty Somvichian ("Somvichian Sealing Declaration"), the cited portions of these documents contain highly sensitive, confidential, and proprietary information that Google designated as "Confidential" and/or "Highly Confidential—Attorneys' Eyes Only" pursuant to the terms of the parties' Stipulated Protective Order, which the Court entered on June 3, 2021 (the "Protective Order") (ECF No. 59). Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below, as reflected in the attached Proposed Order:

| Document | Portions to Seal | Party Claiming Confidentiality |
|---|---|---|
| Plaintiffs' Reply in Support of *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal | Portions highlighted at page(s): 3-5, 9 | Google |
| Exhibit 1 to Declaration of H. Melissa Mather in Support of Plaintiffs' Reply in Support of *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Belov Deposition Transcript Excerpts) | Portions highlighted at page(s): 19:12; 19:16; 19:19-25; 20:2-4; 20:5; 20:6; 20:7; 20:10-13; 20:14-15; 20:16; 20:18; 20:22-25; 29:12; 29:25; 30:2; 30:3; 30:19-20; 30:23; 30:25<br><br>Errata: 16:6-7; 17:21; 19:12; 19:16; 34:4; 34:16; 170:7-8; 183:4; 183:7; 184:7; 184:23-24; 185:21; 186:15; 263:21; 264:5-6; 264:16-17; 264:19 | Google |
| Exhibit 2 to Declaration of H. Melissa Mather in Support of Plaintiffs' Reply in Support of *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal | Portions highlighted at page(s): 165:21-24<br><br>Errata: 38:9 | Google |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMIN. MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

| | | |
|---|---|---|
| (Berntson Deposition Transcript Excerpts) | | |
| Exhibit 3 to Declaration of H. Melissa Mather in Support of Plaintiffs' Reply in Support of *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Deal Deposition Transcript Excerpts) | Portions highlighted at page(s): 100:21-24; 101:11-12, 19-22 | Google |

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the information is "sealable"). Civ. L.R. 79-5(b). Further, the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

Because courts consider class certification motions to be dispositive, courts apply a "compelling reasons" test for determining whether a party is entitled to file under seal documents related to a motion to exclude expert testimony filed in support of class certification briefing. *Hadley v. Kellogg Sales Co.*, No. 16-cv-04955, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018); *McMorrow v. Mondelez Int'l, Inc.*, No. 17-cv-2327, 2021 WL 488337, at *2 (S.D. Cal. Feb. 10, 2021). Sealing is appropriate under the compelling reasons standard where, absent sealing, "court files [could] become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008) (internal quotation and citation omitted). For purposes of sealing, a "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id.* (quoting Restatement (First) of Torts § 757, cmt. b (1939)). Other compelling reasons to seal "include when a court record might be used . . . 'as sources of business information that might harm a litigant's competitive standing.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978)).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMIN. MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

### III. COMPELLING REASONS EXIST TO SEAL PORTIONS OF PLAINTIFFS' *DAUBERT* REPLY AND SUPPORTING EXHIBITS.

Google asks this Court to seal portions of Plaintiffs' *Daubert* Reply and certain accompanying Exhibits which contain content derived from Google's highly sensitive, confidential, and proprietary information. These portions reflect (1) Google's business strategy and revenue analysis regarding Google's Real-Time Bidding system ("Google RTB"); and (2) technical details regarding internal data logs, systems, and internal code and project names associated with Google RTB, including the collected data stored in such logs. As explained below, such information is vital to Google's commercial success, and is the sort of "sensitive, non-public, confidential, and proprietary business information" that courts routinely seal under the compelling reasons standard. *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020). Google's sealing requests are also "narrowly tailored to seal only the sealable material" in order to balance the public right of access. Civ. L.R. 79-5(c).

***First***, certain portions of Plaintiffs' *Daubert* Reply and supporting Exhibits reflect highly sensitive and confidential information about Google's business strategy and analysis regarding Google RTB, including discussion about product strategy, revenue metrics, and decision-making. (Somvichian Sealing Decl. ¶ 5.) This type of highly confidential business information is routinely sealed by courts in this district. *See Rodman v. Safeway Inc.*, No. 11-cv-03003-JST, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (sealing "internal, nonpublic information discussing [the defendant's] pricing strategy, business decisionmaking [sic], and financial records, which would expose [the defendant] to competitive harm if disclosed"); *Unlockd Media, Inc. Liquidation Tr. v. Google LLC*, No. 21-cv-07250-HSG, 2022 WL 4624985, at *2 (N.D. Cal. Sept. 30, 2022) (sealing information related to the company's business model); *Kumandan v. Google LLC*, No. 19-CV-04286-BLF, 2022 WL 17971644, at *1 (N.D. Cal. Oct. 17, 2022) (sealing financial information concerning Google's business opportunities and risks, and profits and losses). Disclosure of this information would cause irreparable harm to Google by providing competitors and business partners with insight into Google's strategic business decisions and policies and priorities related to Google RTB, as well as highly confidential financial information related to Google's advertising

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMIN. MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

1  systems. Somvichian Sealing Decl. ¶ 6. Furthermore, such disclosure would reveal to competitors
2  and the public information about the structure and operation of Google's internal systems. *Id*. As a
3  result, Google's competitive standing could be jeopardized if competitors and business partners
4  make changes to their business practices in response to this information. *Id*. ¶ 7. Given these risks,
5  Google has sought to seal similar information in briefing on class certification. *See e.g. In re*
6  *Google RTB Consumer Privacy Litig.*, No. 21-cv-02155-YGR, ECF No. 583-2.

   **Second**, Google seeks to seal portions of Plaintiffs' *Daubert* Reply and certain Exhibits in
   support of Plaintiffs' *Daubert* Reply which discuss the highly sensitive, confidential, and
   proprietary technical details regarding internal data logs and dashboard systems associated with
   Google RTB, including the collected data stored in such logs and associated metrics. Somvichian
   Sealing Decl. ¶ 8. These portions also reference confidential internal project and code names that
   are not publicly disclosed. *Id*. ¶ 9. Courts in this District, including in this litigation, regularly seal
   similar technical details regarding a company's data infrastructure. *In re Google Inc. Gmail Litig.*,
   No. 13-MD-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding compelling
   reasons to seal information about structures that Google has in place and the order in which emails
   go through these structures); *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 3:18-
   MD-02843-VC, ECF No. 1082 (N.D. Cal. Dec. 6, 2022) (finding good cause to seal certain highly
   technical information related to its data systems). *In re Google RTB Consumer Privacy Litig.,* No.
   21-cv-02155-YGR, ECF No. 540 (N.D. Cal. Jun. 8, 2023) (sealing portions of joint letter brief
   containing technical details related to Google's highly sensitive data logs and data systems); ECF
   No. 186 (N.D. Cal. Apr. 29, 2022) (sealing project code names and internal data systems under
   good cause standard).

   Public disclosure of this information would also create a risk of cyber security threats as
   bad actors would have access to names of Google's logs, internal code names, or descriptions of
   particular data systems may make it easier for bad actors to piece together previously unconnectable
   facts. Somvichian Sealing Decl. ¶ 11. This would further jeopardize Google's data infrastructure
   as bad actors could target and seek to compromise information related to these logs to further infer
   additional information about Google users that Google stores in those logs. *Id*.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMIN. MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

```
```
## IV. CONCLUSION

For the aforementioned reasons, Google respectfully requests that the Court seal designated portions of Plaintiffs' *Daubert* Reply and select Exhibits.

Dated: January 10, 2024        COOLEY LLP

By: */s/ Whitty Somvichian*
     Whitty Somvichian

Attorneys for Defendant
GOOGLE LLC

296011560

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO PLAINTIFFS'
ADMIN. MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD