1
2
3
4
5
6
7
8
9
10

COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
LIZ SANCHEZ SANTIAGO (333789)
(lsanchezsantiago@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:     +1 415 693 2000
Facsimile:     +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:     +1 202 842 7800
Facsimile:     +1 202 842 7899

11   Attorneys for Defendant
     GOOGLE LLC

12

## UNITED STATES DISTRICT COURT

13

## NORTHERN DISTRICT OF CALIFORNIA

14

## OAKLAND DIVISION

15

16
17

In re Google RTB Consumer Privacy
Litigation,

18
19

This Document Relates to:  *all actions*

20
21

Master File No. 4:21-cv-02155-YGR-VKD

**DECLARATION OF WHITTY SOMVICHIAN
IN SUPPORT OF GOOGLE'S RESPONSE TO
PLAINTIFFS' ADMINISTRATIVE MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S
MATERIALS SHOULD BE SEALED (ECF NO.
641)**

22
23
24
25
26
27
28

I, Whitty Somvichian, declare as follows:

1.      I am an attorney at the law firm of Cooley LLP and an attorney of record for Google LLC ("Google") in *In re Google RTB Consumer Privacy Litigation*, Case No. 4:21-cv-02155.  I am licensed to practice law in the state of California and am admitted to practice before this Court. I submit this declaration in support of Google's Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 641) in connection with Plaintiffs' Reply in Support of *Daubert* Motion to Exclude Google LLC's Expert Bruce Deal ("Plaintiffs' *Daubert* Reply") and the accompanying exhibits ("Exhibits").  I submit this declaration pursuant to Local Rule 79-5.

2.      On December 20, 2023, Plaintiffs filed a Reply in Support of *Daubert* Motion to Exclude Google LLC's Expert Bruce Deal (ECF No. 642.) as well as a supporting declaration from H. Melissa Mather with supporting exhibits.  In conjunction, Plaintiffs also filed an Administrative Motion to Consider Whether Another Party's Materials Should be Sealed.

3.      I have reviewed the documents that Google seeks to maintain under seal.  These documents reflect Google's highly sensitive, confidential, and proprietary information.  Based on my review and in consultation with my client, I understand that there are compelling reasons to seal the following information:

| Document | Text to be Sealed | Basis for Sealing |
|---|---|---|
| **Documents discussing Google's business strategy, analysis, and financial information regarding Google RTB** | | |
| Plaintiffs' Reply in Support of *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal | Portions highlighted at page(s): 3-5, 9 | I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. I |

Cooley LLP
Attorneys at Law
San Francisco

2

Decl. ISO Google's Response to Admin.
Mot. to File Under Seal
Case No. 4:21-cv-02155-YGR-VKD

| | | further understand that if this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. It is my understanding that public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. |
|---|---|---|
| Exhibit 2 to Declaration of H. Melissa Mather in Support of Plaintiffs' Reply in Support of *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Berntson Deposition Transcript Excerpts) | Portions highlighted in red at page(s): 165:21-24 | See above. |
| Exhibit 3 to Declaration of H. Melissa Mather in Support of Plaintiffs' Reply in Support of *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Deal Deposition Transcript Excerpts) | Portions highlighted at page(s): 100:21-24; 101:11-12, 19-22 | See above |
| **Documents discussing technical details regarding internal data logs, systems, and internal code and project names associated with Google RTB** | | |
| Exhibit 1 to Declaration of H. Melissa Mather in Support of Plaintiffs' Reply in Support of *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Belov Deposition Transcript Excerpts) | Portions highlighted at page(s): 19:12; 19:16; 19:19-25; 20:2-4; 20:5; 20:6; 20:7; 20:10-13; 20:14-15; 20:16; 20:18; 20:22-25; 29:12; 29:25; 30:2; 30:3; 30:19-20; 30:23; 30:25

Errata: 16:6-7; 17:21; 19:12; 19:16; 34:4; 34:16; 170:7-8; 183:4; 183:7; | I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB including internal code and project names that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand that such confidential and proprietary information reveals Google's internal strategies, system designs, and |

| | 184:7; 184:23-24; 185:21; 186:15; 263:21; 264:5-6; 264:16-17; 264:19 | business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. I also understand that public disclosure of this confidential and proprietary information could injure Google's competitive standing as it may enable competitors to alter their systems and practices relating to competing products. It is my understanding that it may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. |
| Exhibit 2 to Declaration of H. Melissa Mather in Support of Plaintiffs' Reply in Support of *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Berntson Deposition Transcript Excerpts) | Portions highlighted at page(s): Errata: 38:9 | See above. |

4.      Google does not seek to redact or file under seal any of the remaining portions of Plaintiffs' *Daubert* Reply not indicated in the table above.

5.      To the best of my knowledge, certain information in the documents cited in the table above references reflect highly sensitive, confidential, non-public information about Google's business strategy and analysis regarding Google RTB including analysis about product strategy, revenue metrics, and decision-making related to Google advertising products.

6.      I understand that revealing this information publicly would cause Google significant and irreparable competitive harm for multiple reasons. Specifically, it would (1) reveal highly sensitive financial information related to Google's operation of its advertising systems; (2) disclose information about the structure and operation of Google's internal systems and advertising infrastructure, including systems design and capabilities to competitors; and (3) provide competitors and business partners with insight into Google's strategic business decisions, and policies and priorities related to Google RTB.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DECL. ISO GOOGLE'S RESPONSE TO ADMIN.
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

**7.**     I understand that Google would suffer irreparable harm from the disclosure of such highly sensitive business information, as competitors and business partners could alter their own business practices based on previously undisclosed information that could be damaging to Google's competitive standing.

**8.**     Certain portions of Plaintiffs' *Daubert* Reply and its supporting Exhibits included within the portions identified above contain references and discussions of highly sensitive, confidential, proprietary, non-public technical details related to internal data logs and dashboard systems with Google RTB, specifically their proprietary functionalities, the collected data stored in such logs and associated metrics.

**9.**     In addition, certain portions of the supporting Exhibits reference confidential internal project and code names that are not publicly disclosed.

**10.**     I understand that Google takes various precautions to protect its infrastructure. However, bad actors actively target Google's data systems and infrastructure, and some of their attempts have been successful in the past.

**11.**     It is my understanding that if disclosed, this information presents serious risk of irreparable harm to Google, including cyber security risk, as third parties may seek to use this information to compromise Google's data sources, including data logs, dashboard systems, and internal data structures. I also understand that public disclosure of the information could expose Google's users to targeting by bad actors. For example, bad actors could use the information related to these logs to further infer additional information about Google users that Google stores in those logs.   Finally, I understand that disclosure of the names of Google's logs or descriptions of particular data systems may make it easier for bad actors to piece together previously unconnectable facts, should those bad actors gain access to other documents or information that reference the same proprietary logs and systems.

**12.**     Attached hereto as **Exhibit A** is a copy of Plaintiffs' *Daubert* Motion to exclude the expert testimony of Bruce Deal that highlights the specific information that Google seeks to maintain under seal.

**13.**     Attached hereto as **Exhibit B** is a copy of Exhibit 1 to Declaration of H. Melissa

Cooley LLP
Attorneys at Law
San Francisco

5

Decl. ISO Google's Response to Admin.
Mot. to File Under Seal
Case No. 4:21-cv-02155-YGR-VKD

Mather in Support of Plaintiffs' Reply in Support of *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal that highlights the specific information that Google seeks to maintain under seal.

**14.**     Attached hereto as **Exhibit C** is a copy of Exhibit 2 to Declaration of H. Melissa Mather in Support of Plaintiffs' Reply in Support of *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal that highlights the specific information that Google seeks to maintain under seal.

**15.**     Attached hereto as **Exhibit D** is a copy of Exhibit 3 to Declaration of H. Melissa Mather in Support of Plaintiffs' Reply in Support of *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal that highlights the specific information that Google seeks to maintain under seal.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on January 10, 2024 in San Francisco, California.

*/s/ Whitty Somvichian*
Whitty Somvichian

296270646

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DECL. ISO GOOGLE'S RESPONSE TO ADMIN.
MOT. TO FILE UNDER SEAL
CASE NO. 4:21-CV-02155-YGR-VKD