COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
ELIZABETH SANCHEZ SANTIAGO
(SBN 333789) (lsanchezsantiago@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE JOINT LETTER BRIEF RE ERRATA TO DEPOSITION TRANSCRIPT OF DR. GLENN BERNTSON AND GOOGLE** |

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(c), Google LLC ("Google") respectfully submits this Administrative Motion ("Motion") to Seal Portions of the Joint Letter Brief Regarding the Errata to Deposition Transcript of Dr. Glenn Berntson and Google (the "Joint Letter Brief") and the accompanying Exhibits.

As set forth below and in the accompanying Declaration of Whitty Somvichian ("Somvichian Declaration"), the cited portions of these documents contain highly sensitive, confidential, and proprietary information that Google designated as "Highly Confidential— Attorneys' Eyes Only" pursuant to the terms of the parties' Stipulated Protective Order, which the Court entered on June 3, 2021 (the "Protective Order") (ECF No. 59). Throughout this litigation, the Court has consistently granted Google's requests to seal descriptions of Google's internal logs and data systems. *See e.g.*, ECF No. 540 (N.D. Cal. June 8, 2023) (sealing portions of a letter brief containing technical details and account identifiers related to Google's highly sensitive data logs and data systems); ECF No. 531 (N.D. Cal. May 26, 2023) (sealing discussion of Google's "technical details and identifiers related to highly sensitive data logs and data systems."); ECF No. 384 (N.D. Cal. Dec. 19, 2022) (sealing references to and descriptions of Google's internal logs and the identifiers contained therein).

Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below, as reflected in the Proposed Order attached hereto:

| Document | Text to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| Joint Letter Brief Regarding the Errata to Deposition Transcript of Dr. Glenn Berntson and Google | Portions highlighted at pages 1-6 | Google |
| Ex. B (Excerpts of the October 30, 2023 Deposition Transcript of Google 30(b)(6) witness Glenn Berntson) to the Joint Letter Brief | Portions highlighted at 210:8-10, 210:13, 210:25, 211:7, 211:18-19, 211:25, 212:6, 212:8, 212:10, 212:13, 212:22 | Google |
| Ex. C (December 11, 2023 Errata to the October 30, 2023 Deposition of Google 30(b)(6) witness Glenn Berntson) to the Joint Letter Brief | Portions highlighted at page 1 | Google |

## II. LEGAL STANDARD

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). Briefing for a discovery motion is non-dispositive, and thus the good cause standard applies here. *See, e.g.*, ECF No. 453 at 2 ("The underlying discovery dispute does not address the merits of the parties' claims or defenses and the Court therefore applies the 'good cause' standard of Rule 26(c)."); *Calhoun v. Google*, No. 20-cv-05146, ECF No. 327, at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."). The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

## III. GOOD CAUSE WARRANTS SEALING OF PORTIONS OF THE JOINT LETTER BRIEF.

Google respectfully asks this Court to seal portions of the Joint Letter Brief and the accompanying Exhibits, which reflect sensitive and technical details concerning Google's internal data logs and data systems associated with Google Real-time Bidding ("Google RTB"). (Somvichian Decl. ¶¶ 3, 5.) Pursuant to the good cause standard, Google's sealing request is warranted. As explained below, this information is vital to Google's commercial success, and is the sort of "sensitive, non-public, confidential, and proprietary business information" that courts routinely seal under the compelling reasons standard. *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020). Google has also narrowly tailored these sealing requests to encompass only the specific portions that qualify as confidential information and therefore do not "unduly limit[] public access." *ASUS Comput. Int'l v. Round*

*Rock Research, LLC*, No. 12-cv02099, 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014); *see also* Civ. L.R. 79-5(c).

Courts in this District regularly seal similar technical details regarding a company's data infrastructure. *See, e.g.*, *In re Google Inc. Gmail Litig.*, No. 13-md-02430, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding compelling reasons to seal information about structures that Google has in place and the order in which emails go through these structures); *see also In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 3:18-md-02843, ECF No. 1082 (N.D. Cal. Dec. 6, 2022) (finding good cause to seal certain highly technical information related to the defendant's data systems).

Public disclosure of this information would also create a risk of cyber security threats as bad actors would have access to names of Google's logs or descriptions of particular data systems may make it easier for bad actors to piece together previously unconnectable facts. (Somvichian Decl. ¶¶ 3, 6.) This would further jeopardize Google's data infrastructure as bad actors could target and seek to compromise information related to these logs to further infer additional information about Google users that Google stores in those logs. (*Id.*) *See also Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems). In light of these risks, this Court has sealed similar information and descriptions of Google's internal logs and data systems throughout this litigation. *See e.g.*, ECF No. 540 (N.D. Cal. June 8, 2023) (sealing technical details and account identifiers related to Google's highly sensitive data logs and data systems); ECF No. 531 (N.D. Cal. May 26, 2023) (sealing discussion of Google's "technical details and identifiers related to highly sensitive data logs and data systems."); ECF No. 384 (N.D. Cal. Dec. 19, 2022) (sealing references to and descriptions of Google's internal logs and the identifiers contained therein).

### IV. CONCLUSION

For the foregoing reasons, Google respectfully requests the Court seal portions of the Joint Letter Brief and the accompanying Exhibits.

Dated: January 18, 2024

COOLEY LLP

By: */s/ Whitty Somvichian*
Whitty Somvichian

Attorney for Defendant
GOOGLE LLC