# (REDACTED VERSON OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL)

<u>Via ECF</u>

January 18, 2024

**Magistrate Judge Virginia K. DeMarchi**
San Jose Courthouse
Courtroom 2 – 5th Floor
280 South 1st Street
San Jose, CA 95113

Re:   ***In re Google RTB Consumer Privacy Litig.*, No. 4:21-cv-02155-YGR-VKD (N.D. Cal.)
       Joint Letter Brief re: Errata to Deposition Transcript of Dr. Glenn Berntson and Google**

Dear Magistrate Judge DeMarchi:

Plaintiffs and Defendant Google LLC ("Google") (together, the "Parties") submit this joint letter brief to resolve Plaintiffs' request to strike a portion of Google's December 11, 2023 errata to the October 30, 2023 transcript of the Rule 30(b)(6) deposition of Google LLC (Dr. Glenn Berntson, corporate designee); or in the alternative, to reopen the deposition. The relevant discovery requests and exhibits are attached as follows:

- <u>Exhibit A</u>, Amended Notice of Deposition of Google Per Rule 30(b)(6) (Glenn Berntson);

- <u>Exhibit B,</u> Excerpts of the October 30, 2023 Deposition Transcript of Google 30(b)(6) witness Glenn Berntson; and

- <u>Exhibit C</u>, Google's December 11, 2023 Errata to the October 30, 2023 Deposition Transcript of Google 30(b)(6) witness Glenn Berntson.

I.    **PLAINTIFFS' POSITION**

During the October 30, 2023 deposition of Google pursuant to Rule 30(b)(6), Google's corporate representative admitted that a critical data log was not being preserved – specifically, "We're not mapping, we're destroying all ▮▮▮▮▮▮▮▮▮▮ logs." Ex. B at 211:18. Such testimony is critical and relevant to multiple issues in the case, including spoliation, a live issue identified by Plaintiffs in a Joint Letter Brief on June 5, 2023, ECF No. 537 at 1, n.1 ("Google has been evasive and questions remain as to the sufficiency of its preservation efforts. Plaintiffs will continue to pursue this information, and will raise any spoliation issues at the appropriate time"); *see also* ECF No. 576 (regarding disputed Topic 9); Google's Jan. 10, 2024 Responses to Interrogatory No. 23 (refusing to identify preservation periods or changes to such periods for relevant logs).

On December 11, 2023, Google served an errata, seeking to remove the admission of "…we're destroying all ▮▮▮ logs" in its entirety. *See* Ex. C. Google claimed that the word "destroying" was a "transcription error" and "the witness does not recall what word was used in its place." *Id.* However, because the deposition transcript was accompanied by audio and video

1

recordings, Plaintiffs were able to confirm that the transcript accurately captured Dr. Berntson's testimony; he is clearly captured saying "we're destroying all ▮ logs."[1]

On December 13, 2023, Plaintiffs informed Google of the improper errata change and requested a meet and confer. Google refused to meet and confer until January 8, 2024 (far in excess of the five-day limit in section 4 of Your Honor's Standing Order).

During that meet and confer, counsel for Google appeared to no longer contest the accuracy of the transcript; instead, they argued that the witness "misspoke." They now claim that the witness does not know what he <u>meant</u> to say, but maintained that they knew (from some unknown source) that Google was not destroying ▮ logs – the exact opposite of Dr. Berntson's sworn testimony – and thus Dr. Berntson's recorded testimony could only be a mistake, and Google refused to withdraw the errata. While Plaintiffs dispute that Google has a valid basis to change a deponent's testimony, Plaintiffs nonetheless proposed a compromise whereby the deposition would be reopened for up to one hour so that the witness could clarify his testimony and Plaintiffs would have a fair opportunity to ask questions. Google also refused the compromise.

Google's proposed errata should be stricken as it violates Rule 30(e) and binding authority from the Ninth Circuit. *See Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1225-26 (9th Cir. 2005) (allowing "corrective," but "not contradictory" changes). Alternatively, Plaintiffs respectfully request that the deposition be re-opened so Plaintiffs may ask follow-up questions about precisely what is being preserved, including which fields, which time periods, and so forth.

### A. Background

Following litigation over the scope of 30(b)(6) testimony, and this Court's September 8, 2023 Order (ECF No. 576), Plaintiffs served the operative notice of deposition – the second amended notice – on October 18, 2023. *See* Ex. A. Notably, the Court held – and the operative notice of deposition reflects – that Google's internal databases and logs were permissible topics. *See* Ex. A, Topics 4 and 5. Indeed, Google originally took the position that the ▮ logs were the *only* relevant logs in this litigation. *See* Jun. 1, 2022 Hr'g. Tr. 24:20-25:3.[2]

The deposition was held on October 30, 2023, during which Dr. Berntson repeatedly confirmed the relevance of the ▮ logs and testified to multiple ways that the ▮ logs store unique, relevant data. *See, e.g.*, Tr. 93:17-94:16 (testifying that ▮ ▮ is a ▮ ▮ ▮ and is only present in the ▮ logs). When asked, "[f]rom what logs does Google extract information to show to authorized buyers and open bidders what happens in RTB via RTB Breakout?", he testified, "it is almost exclusively the ▮ log." Tr. 97:8-16. And when asked, "Does Google log, map, associate or link the *cookie_version* shared in RTB to a person's Google account or Google account identifier?", Dr. Berntson confirmed it is stored in the ▮ logs, and not in the other logs. Tr. 98:4-20.

To connect Google's association of identifiers and user information between its various logs, Plaintiffs' counsel inquired as to the process by which information in ▮ logs can be

---

[1] Plaintiffs can submit the video footage to the Court if needed.
[2] Discovery has shown Google's assertion to be inaccurate: there are, in fact, other logs relevant to this case beyond just the ▮ logs. Nonetheless, the fact remains that the ▮ logs are highly relevant to litigation and Google has so admitted.

searched, *e.g.,* if ▮ logs can be searched by an identifier that is also a common key in other logs, then logically Google would be reasonably capable of using that identifier (common key) to search for individual's information across other logs. To that end, Dr. Berntson was specifically asked: "How was Google able to map, link or associate information in a ▮ log which does not contain a GAIA ID to our named plaintiffs in this action?" Ex. B at 211:6-9. He responded, "***We're not mapping, we're destroying all*** ▮ ***logs***." *Id.* at 211:17-18. Google counsel had ample opportunity to ask follow-up questions and did clarify several points specifically about the ▮ logs, but never sought to correct the testimony about Google destroying logs. *See* Tr. 250-52

**B.     Argument**

Ninth Circuit law is clear: while errata may correct transcription errors, they may not "contradict." *Hambleton Bros. Lumber Co.,* 397 F.3d at 1225-26. Here, that is exactly what Google proposes: Google testified that it was destroying the ▮ logs, and now wants to say they aren't. This is contrary to Ninth Circuit authority, and the usual remedy is to strike the errata.

Google's arguments closely mirror the facts in *Lee v. The Pep Boys-Manny Moe & Jack of California*, 2015 WL 6471186 (N.D. Cal., Oct. 17, 2015). There, a party attempted to change "no" to "yes," and "no" to "not at the time," and the opposing party moved to strike. *Id*. *1. The Court granted the motion to strike, finding the errata to be a "sham affidavit" forbidden by *Hambleton Bros*. Further, the Court held that *Hambleton Bros*. applies in all contexts (not just summary judgment or trial), *id*. at *2, and rejected the contention that changes should be allowed "to more accurately reflect the truth," expressly noting that counsel had an opportunity to clarify on redirect, and elected not to, *id*., exactly as happened here. *See* Tr. 250-52 (Google counsel asking about ▮ logs but not preservation on redirect); *see also In re: Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 12647874 (N.D. Cal., Dec. 12, 2014) (granting motion to strike errata that contradicted earlier testimony); *Zeiger v. Wellpet LLC*, 2020 WL 1245370 (N.D. Cal., Mar. 16, 2020) (same).

In the alternative, if the Court were to allow the contradictory errata, fairness requires that Plaintiffs be entitled to reopen the deposition, so that the details of relevant log preservation can be explored in a deposition setting. The testimony is not, as Google suggests, "unreasonably cumulative or duplicative," where it seeks to explore topics that were previously foreclosed by Dr. Berntson's unequivocal testimony that Google was "not preserving ▮ logs."

Google's citations below in fact support Plaintiffs' position. In *BNSF Ry. Co. v. San Joaquin Valley R. Co.*, while the court exercised its discretion to permit the proposed change, it also *permitted reopening of the deposition testimony, and ordered defendant to bear all costs.* "[B]ecause Plaintiff has not had an opportunity to question [the witness] concerning changes that affect material and important issues in the action, the Court will grant Plaintiff's alternative request to permit re-opening of the deposition at the expense of [defense counsel] in order to ask [the] witness [] questions that arise from the changed answers, with all expenses of the deposition to be paid by [defense counsel]. 2009 WL 38720-43, *8 (E.D. Cal. Nov. 17, 2009). In *Ochoa v. McDonald's Corp.*, the Court did not resolve the motion to strike, because the disputed testimony was raised at class cert., where the court may resolve any factual disputes necessary. 2015 WL 13079032, at *2 (N.D. Cal. Jun. 2, 2015). But even when declining to decide the issue, the *Ochoa* court still expressly noted that it had "serious concerns" about a number of changes that "make significant alterations of testimony for dubious reasons." *Id.* (for example, a change from "no" to "sometimes" and noting that while this was "billed as a 'clarification,' the modified response is

3

actually less clear than the original answer…"). Thus, even Google's cited cases support the Plaintiffs.

## II. GOOGLE'S POSITION

Plaintiffs seek the Court's intervention because they are displeased that Google wishes to correct by erratum a single word in a deposition transcript, consistent with Rule 30 and case law interpreting that rule. While Plaintiffs were deposing Dr. Glenn Berntson for a second time, Plaintiffs' counsel asked (over Google's objections) how Google "mapped" information in the ▮▮▮▮ log to the named Plaintiffs' Google Account ("GAIA") IDs in the data production process. The transcript recorded Dr. Berntson's testimony as "[w]e're not mapping, we're destroying all ▮ logs." Berntson 10/30/23 Depo. Tr. at 211:17–18. When he reviewed the transcript, Dr. Berntson concluded that "destroying" was a transcription error—he knew that Google was not "destroying" these logs and did not believe he had so testified—but could not recall his exact testimony. Google served an erratum striking "destroying" from the transcript on this basis (the "Erratum").

Plaintiffs now ask the Court to either strike the Erratum or allow them to re-depose Dr. Berntson yet again regarding Google's preservation of the ▮ log. But Google's Erratum is entirely proper, and Plaintiffs—who have already had the chance to question Dr. Berntson on this topic—cannot show good cause to depose Mr. Berntson for a third time.

### A. There is No Basis to Strike the Erratum, Which Merely Corrects a Factually Incorrect Statement and is Consistent with Prior Deposition Testimony and Information Provided to Plaintiffs.

Courts in the Ninth Circuit liberally permit deposition errata that change testimony so long as they do "not constitute clear or wholesale contradictions of factual assertions." *BNSF Ry. Co. v. San Joaquin Valley R. Co.*, 2009 WL 3872043, at *8 (E.D. Cal. Nov. 17, 2009) (citing *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1225–26 (9th Cir. 2005)); *see also Ochoa v. McDonald's Corp.*, 2015 WL 13079032, at *1 (N.D. Cal. June 2, 2015) (declining to strike errata and recognizing that errata departing from substance of original testimony are not *per se* improper). Relying on *Hambleton Bros.*, Plaintiffs contend that the Erratum is improper because it constitutes a contradictory, not a corrective, change to Dr. Berntson's testimony. But the Erratum does not propose a contradiction at all but rather a straightforward, factual correction that is entirely *consistent with* Dr. Berntson's other testimony and with what Google has long told Plaintiffs. Google has confirmed to Plaintiffs for over a year, in written correspondence and other contexts, that it is preserving data from the ▮ log. And just *two minutes* before giving the answer at issue, Dr. Berntson testified that Google is preserving the ▮ logs. *See* Berntson 10/30/23 Depo. Tr. at 210:6-9 ("We are ongoing preserving the ▮▮▮▮, the ▮▮▮▮ logs, and the ▮ logs at least.").

In each of the cases Plaintiffs cite, the errata were struck because the proposed changes contradicted the witness's testimony. *See Zeiger v. WellPet LLC*, 2020 WL 1245370, at *2 (N.D. Cal. Mar. 16, 2020) (errata changed testimony from "yes" to "I don't know" and also added additional detail to the witness's answers); *Lee v. The Pep Boys-Manny Moe & Jack of California*, 2015 WL 6471186, at *2 (N.D. Cal. Oct. 27, 2015) ("no" and "I don't recall" were changed to "yes"); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 12647874, at *1 (N.D. Cal. Dec. 12, 2014) (striking errata that was issued to conform testimony to make it consistent with discovery responses). Here, the Erratum is consistent with Dr. Berntson's *immediately* preceding testimony

4

on ▓ log preservation. This is not a case where Google seeks to create factual dispute or expunge unfavorable testimony with sham errata; it is a straightforward correction of an error to avoid confusion and ambiguity, not to mention baseless accusations of spoliation, that is entirely consistent with Dr. Berntson's prior testimony.

### B. Good Cause Does Not Exist to Re-Open the Deposition of Dr. Berntson.

Plaintiffs cannot reopen Dr. Berntson's deposition again "[a]bsent a showing of 'good need.'" *Bookhamer v. Sunbeam Prods. Inc.*, 2012 WL 5188302, at *2–3 (N.D. Cal. Oct. 19, 2012). The law is clear that Plaintiffs' request must fail if the testimony they seek is "unreasonably cumulative or duplicative," if they have "had ample opportunity to obtain the information by discovery in the action," or if a further deposition would be otherwise disproportionately burdensome or expensive. *Id.* at *2 (quoting Fed. R. Civ. P. 26(b)(2)(C)); *see also Barajas v. Abbott Lab'ys, Inc.*, 2018 WL 6248550, at *6 (N.D. Cal. Nov. 29, 2018) (DeMarchi, J.) (finding good cause did not exist to compel an additional deposition of a witness where the requesting party failed to show it was prevented "from obtaining testimony to which it otherwise would have been entitled.").

*First*, and perhaps most importantly, Plaintiffs' request to re-examine Dr. Berntson on "the details of relevant log preservation" ignores this Court's prior order which specifically held Google was not required to provide corporate representative testimony on that subject. When the parties previously litigated the scope of Mr. Berntson's corporate representative testimony, the Court (1) narrowed the 30(b)(6) topics to which he would testify, and (2) limited his further personal examination to only the topics raised in his declaration in support of Google's opposition to class certification. *See* ECF No. 576. Regarding the 30(b)(6) topics, the Court was "not persuaded that the expansive deposition testimony plaintiffs seek regarding Google's preservation of documents and its litigation holds is warranted." *Id.* at 10. And it is undisputed that Dr. Berntson's declaration did not address preservation issues about the ▓ log (or any other preservation issue). Plaintiffs are therefore precluded from seeking additional testimony from Dr. Berntson "on the details of log preservation" and should not be given a second bite at the apple on this previously litigated issue. Plaintiffs point to Topics 4 and 5 to claim they are entitled to testimony on the broad subject of Google's "internal databases and logs." But the Court expressly limited those topics, *see id.* at 6 (finding that Topic 5 "does not encompass records reflecting the collection, creation, and storage of account holder information by Google generally"), and there is nothing in Topics 4 and 5 that override the Court's order rejecting Plaintiffs' demand for expansive testimony on preservation issues. The Court should not permit Plaintiffs to further question Dr. Berntson on these issues that extend beyond the scope of the Notice and this Court's prior order.

*Second*, Plaintiffs already had ample opportunity to question Dr. Berntson about this topic, making their request to reopen the deposition unnecessary and burdensome. Dr. Berntson specifically testified, consistent with Google's prior assurances to Plaintiffs, that Google is preserving the ▓ log. Berntson 10/30/23 Depo. Tr. at 210:6-9. Neither party disputes that testimony. If Plaintiffs wanted to probe Dr. Berntson's statement that Google was preserving the ▓ log, they could and should have asked him about that assertion **the first time he made it**. Likewise, if Plaintiffs thought Dr. Berntson contradicted his prior testimony about preserving the ▓ log moments later when he supposedly said "destroying," they could and should have clarified during the deposition what Dr. Berntson meant. But both times, Plaintiffs moved on. They should not be allowed to further burden Dr. Berntson with a third deposition because they now believe they made a tactical error at his deposition. *See Bookhammer*, 2012 WL 5188302, at

*2–3 (holding that a party failed to show "good need" existed for re-deposing a witness where it "had ample opportunity to obtain the information it seeks" and it would have "substantially similar opportunities" to get the evidence into the record).

***Third***, a further deposition is a glaringly inefficient discovery tool, particularly where other mechanisms are available. Plaintiffs have served written discovery seeking the preservation-related information on which they seek to re-depose Dr. Berntson. The parties continue to meet and confer regarding those requests, and Plaintiffs are not entitled to more than a written response on this issue, at most, as the Court previously recognized. *See* ECF No. 576 at 9–10 ("The Court will not require Google to prepare a corporate representative to testify to Topic 9," which pertained to "Google's litigation holds and preservation of data, records and information relevant or responsive to claims, defenses or issues in this action").

***Finally***, the Court should reject Plaintiffs' reliance on ancillary issues. Plaintiffs argue that they must depose Dr. Berntson for a third time because of the relevance of the ▮▮▮ log and Google's production of named-Plaintiffs data from that log. But those matters are not at issue here. Plaintiffs' motion concerns only the limited issue of whether the Erratum was proper, which it was, and whether they should be allowed to reopen Dr. Berntson's deposition, which they should not.

### III.  NECESSITY OF A HEARING

#### A.  Plaintiffs' Position

Plaintiffs anticipate there will be additional discovery matters that will require determination by the Magistrate Judge, and urge the court to coordinate hearing(s) on those matters in a manner that promotes convenience to the Court, the parties and counsel.

#### B.  Google's Position

Google believes this matter is appropriate for resolution without a hearing and takes no position on discovery disputes that are not yet ripe.

### IV.  DISCOVERY CUT-OFFS

The fact discovery cut-off is January 19, 2024, the close of expert discovery is April 12, 2024. ECF Nos. 530 and 534. On December 18, 2023, Plaintiffs moved to extend these dates to March 15, 2024 and June 14, 2024, respectively (ECF No. 638), which Google has opposed (ECF No. 647). Plaintiffs' motion remains outstanding. Plaintiffs filed their motion for class certification on July 14, 2023, ECF No. 546, and briefing has concluded.

### V.  COMPLIANCE WITH MEET AND CONFER REQUIREMENT

The Parties conducted a lead counsel meet and confer on January 8, 2024.[3] On Plaintiffs' side, David Straite of DiCello Levitt LLP, Elizabeth Pritzker of Pritzker Levine LLP, and An Truong of Simmons Hanly Conroy LLP attended. On Google's side, Whitty Somvichian and Reece Trevor of Cooley LLP attended.

---

[3] Plaintiffs' additional statement: as noted above, Plaintiffs demanded a lead counsel meet-and-confer on December 13, 2023; Google refused to meet until January 8, 2024.

Dated: January 18, 2024            **PRITZKER LEVINE LLP**

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (SBN 146267)
Jonathan K. Levine (SBN 220289)
Bethany Caracuzzo (SBN 190687)
Caroline Corbitt (SBN 305492)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
bc@pritzkerlevine.com
ccc@pritzkerlevine.com

*Interim Class Counsel*

**Counsel for Plaintiffs and the Proposed Class**

Dated: January 18, 2024            **COOLEY LLP**

By: */s/ Whitty Somvichian*
Michael G. Rhodes
Whitty Somvichian
Aarti Reddy
Reece Trevor
Kelsey Spector
Anupam S. Dhillon
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Tel.: 415-693-2000
Fax: 415-693-2222
rhodesmg@cooley.com
wsomvichian@cooley.com
areddy@cooley.com
rtrevor@cooley.com
kspector@cooley.com
adhillon@cooley.com

Robby L.R. Saldaña
Khary J. Anderson
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Tel.: 202-776-2109

7

Fax: 202-842-7899
rsaldana@cooley.com
kjanderson@cooley.com

**Attorneys for Defendant GOOGLE LLC**

### LOCAL RULE 5-1(i)(3) ATTESTATION

I attest and certify that all other signatories listed, and on whose behalf this filing is submitted, concur with the filing's content and have authorized the filing.

DATED:  January 18, 2024            By: */s/ Whitty Somvichian*
                                            Whitty Somvichian