# JOINT LETTER BRIEF re ROG 23

**(REDACTED VERSON OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL)**

<u>Via ECF</u>

February 2, 2024

**Magistrate Judge Virginia K. DeMarchi**
San Jose Courthouse
Courtroom 2 – 5th Floor
280 South 1st Street
San Jose, CA 95113

Re:   *In re Google RTB Consumer Privacy Litig.*, No. 4:21-cv-02155-YGR-VKD (N.D. Cal.)
      Joint Letter Brief re: Interrogatory No. 23

Dear Magistrate Judge DeMarchi:

Plaintiffs and Defendant Google LLC ("Google") (collectively, the "Parties") submit this joint letter brief regarding Plaintiffs' motion to compel Google to respond to Interrogatory 23 (**Ex. A**) which seeks information relating to Google's preservation of documents and information, including Named Plaintiffs' data. Google's Objections and Responses are attached hereto as Ex. B. The Parties met and conferred and have reached an impasse.

**I.   PLAINTIFFS' POSITION**

For over a year, Plaintiffs have sought information regarding Google's preservation of relevant information. Most recently, Plaintiffs sought corporate testimony regarding Google's preservation efforts to ascertain whether Google failed to preserve relevant information, including verticals data and data capable of associating or linking information in RTB bid requests with personal Google accounts, as it attested it had. Google objected, and a joint letter brief was filed. ECF 562. Rather than require *corporate* testimony, and because "Google state[d] that it is prepared to provide verified written responses to questions regarding its preservation of data," this Court "suggest[ed] plaintiffs take Google up on its offer to provide verified interrogatory responses." ECF 576. Plaintiffs did so, but now Google refuses to fully respond.

**A.   Issues Regarding Google's Preservation**

A party's duty to preserve evidence which it knows or reasonably should know is relevant to litigation arises as soon as "a potential claim is identified" or "litigation is reasonably foreseeable." *Apple, Inc. v. Samsung Elecs. Co.*, 888 F.Supp.2d 976, 991 (N.D. Cal. 2012). Once the duty takes effect, it is "required to suspend any existing policies related to deleting or destroying files and preserve all relevant documents related to the litigation." *Id*. "Spoliation occurs when one destroys or materially alters evidence or fails to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Hynix Semiconductor Inc. v. Rambus, Inc.*, 897 F.Supp.2d 939, 975 (N.D. Cal. 2012).

Google attested in its earliest CMS it had "taken reasonable and proportionate steps to preserve evidence relevant to this litigation." ECF 68. This should have included relevant data logs – specifically, the GAIA-keyed ▓▓▓▓▓▓▓▓▓▓ or ▓▓▓▓ log which Google

confirms is a source for RTB data, including records of "detected verticals," key items of personal information improperly shared in RTB bidstream for years until deprecated in March 2020.[1] It was essential that Google preserve the ▮▮▮▮ logs to preserve evidence of the pre-complaint bidstream, searchable by GAIA ID.

Two years later, on January 31, 2023, Google for the first time informed Plaintiffs that GAIA IDs for the Named Plaintiffs ("NPs") in much of the pre-complaint period "no longer exist" in ▮▮▮▮. Worse, Google argued in opposing class certification it was "mere conjecture" that the NP data Google produced is representative of the class as a whole. ECF 583-4 at 10. In addition to the spoliation inquiry, as Google has placed the representative nature of the NP data at issue, Plaintiffs must know whether deficiencies in that data exist, and whether those deficiencies stem from Google's failure to preserve. That is what Interrogatory 23 – the very device Google told the Court it would respond to – was designed to do. Google should be compelled to respond in full.

### B. Verified Responses Are Required

**Interrogatory 23** asks Google to identify the date litigation holds and preservation actions were taken, on whom they were implemented, the kinds and categories of information subject to hold, and the existence of other litigation holds that encompass relevant information. **Ex. A**. For rdata logs and sources such as ▮▮▮▮, logs storing RTB verticals information, and logs and data sources capable of associating or linking RTB data to Google personal accounts, it seeks standard retention periods and preservation information. *Id.*[2]

**Litigation Holds (ROG 23(a)-(g)):** The scope of Google's litigation holds and their implementation are foundational to the spoliation inquiry, as are Plaintiffs' specific questions regarding data sources placed on hold and preserved. If, as here, a moving party makes a preliminary showing of spoliation, courts have allowed discovery of litigation holds. *See In re Cathode Ray Tube Antitrust Litig.*, 2023 WL 5667882, at *2 (N.D. Cal. Jan. 27, 2023) (collecting cases). Given Google's representations that data that should have been preserved no longer exists, Plaintiffs have made that preliminary showing. And Plaintiffs seek precisely the "basic details" regarding the litigation holds that have been described as "fair game": "1) when and to whom the litigation hold notices were given, (2) what kinds and categories of information and data [] employees were instructed to preserve and collect, and (3) what specific actions they were instructed to take to that end." *Thomas v. Cricket Wireless, LLC*, 2020 WL 7344742, at *3 (N.D. Cal. Dec. 14, 2020). These inquiries – what, when, how, and by whom – are precisely described

---

[1] For example, on October 30, 2023, Google admitted that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ log contains a "logical superset of the information that would be shared on an RTB bid request." Google 30(b)(6) Dep. Tr. (Berntson) 89:19-90:15; *see also* ECF 616-5, Shafiq Rebuttal ¶¶102; 106 (summarizing Google's lengthy admissions regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).

[2] Google's argument below regarding subparts is incorrect. Rule 33(a) expressly authorizes "discrete subparts," and Rule 33 "'is to be given a broad and liberal interpretation.'" *E & J Gallo Winery v. Encana Energy Servs., Inc.*, 2004 WL 7342777, at *2 (E.D. Cal. Aug. 6, 2004) (internal citations omitted); 8A CHARLES A. WRIGHT, ET AL., FED. PRAC. & PROC. § 2168.1 at 261 (2d ed.1994) ("an interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question").

and narrowly drawn to seek information directly relevant to the preservation/spoliation inquiry and identify the key facts necessary should the Court wish to conduct an evidentiary hearing. Whether other litigation holds capture information that Google failed to preserve here is plainly relevant to that inquiry, and to any remedy the Court may craft to ensure Google's failures do not deprive Plaintiffs of relevant data.

**Sources of NP Data (ROG 23(h)-(i)):** Plaintiffs filed this litigation in March 2021. In addition to the allegations in the complaint, Plaintiffs identified NP data (including verticals) in preservation correspondence sent concurrently. On April 30, 2021, and again on September 28, 2021 and May 13, 2022, Plaintiffs provided NPs' identifiers to ensure Google's preservation of relevant data. Plaintiffs served RFPs that called for the production of such data in 2021. Google's obligation to retain NP data—including verticals data stored in ▬▬▬—could not have been clearer. Google's obligation to produce NP data including identifiers and verticals was affirmed in December 2022 (ECF 382), and it agreed to search ▬▬▬ for verticals. Yet in January 2023, Google revealed that "the GAIA IDs in that [▬▬▬▬▬▬▬▬] log are not retained as long as the log itself and that GAIA IDs are unavailable during the period when the detected vertical field was still included in RTB bid requests."[3] Indeed, Google represents that it has no NP data in ▬▬▬ prior to March 2020, suggesting that Google either failed to promptly implement the litigation hold, or failed to suspend its policies relating to GAIA IDs. *See Apple*, 888 F.Supp.2d at 991. Google has confirmed that currently "GAIA IDs in the ▬▬▬▬▬▬▬▬▬▬▬▬ log are retained for 540 days." Even with a retention period for GAIA ID that at some point became shorter than the retention period for ▬▬▬ Google should have at least preserved NP data, including verticals data, dating back to late 2019. Plaintiffs are entitled to discover the sequence of events that led to Google's failure to preserve this data.

**Associating/Linking Data (ROG 23(j)):** As with the NP data, Google's obligation to preserve "log(s) or data source(s) capable of associating or linking information transmitted in Google RTB bid requests with personal Google accounts" is clear. Whether and how Google associates and links RTB data with Google accounts has been a key issue, and Google should have suspended destruction and preserved associating and linking data for all of this action. But even assuming that Google's obligations were unclear, on April 14, 2023, the Court unambiguously ordered Google to produce account identifiers including "joining keys" for all prior and future productions of NP data. ECF 487 at 6-7. But when Plaintiffs selected additional time samples for which Google was to produce NP data[4] (January 7-14, 2023, March 18-25, 2023, June 2-9, 2023,

---

[3] Google testified that retention periods "were updated a couple of years ago." Google 30(b)(6) Deposition (Berntson), Tr. 81:4-17. Information relevant to the retention of data and preservation is present in the related *Calhoun* action, 20-cv-05146-YGR. There, with the assistance of a Special Master, the Court ordered a preservation plan requiring additional facts helpful to evaluating plaintiffs' request. *See Calhoun* ECF 766 (Order Adopting in Part and Modifying in Part Special Master's May 23, 2022 Report and Recommendation) at 766-1, pp. 8-9; 766-2, p. 19, and 766-3, p. 4 (modified in part on other grounds on March 20, 2023, ECF 997); ECF 750 at 42:9-16 (transcript cited in Order). Google declined *Calhoun* counsel's request for consent to provide courtesy copies and excerpts of ECFs 766 and 750 to the Court.

[4] Google has not yet produced NP data for these time periods. Plaintiffs reserve their rights.

3

and September 30-October 7, 2023), Google first declined to produce the joining keys, *and then admitted that it had none to produce*. Plaintiffs are thus entitled to discover, as sought in Interrogatory 23, the retention period for such logs so that they can understand the extent of Google's failure to preserve this data.

## II. GOOGLE'S POSITION

Months ago, the Court rejected Plaintiffs' demand that Google provide "expansive" information concerning virtually all of its preservation efforts in this case and others. ECF 576 at 10. The Court instead suggested that "[P]laintiffs take Google up on its offer to provide verified interrogatory responses" "regarding preservation of data[.]" *Id.* When Plaintiffs finally did so, on the cusp of the fact discovery deadline, the multipart interrogatory they served suffered all the same defects as their overruled Rule 30(b)(6) deposition topic: namely, it sought information "about *everything* Google did with respect to preservation of potentially responsive information for the entire case." *Id.* (emphasis in original).

Consistent with the Court's guidance and its repeated prior proposals, Google again offered to provide Plaintiffs with much of the preservation information requested in Interrogatory 23 for three data sources from which Google has produced data regarding the named Plaintiffs in this matter. Specifically, Google offered to provide the following information for the ▮▮▮ ("▮▮"), ▮▮▮▮ ("▮▮▮"), and ▮▮▮ ("▮▮▮") logs: (i) the standard retention period, and any changes thereto during the class period; (ii) the data fields being preserved; (iii) the earliest date for which Google has any data available in these logs; and (iv) the earliest date for which Google has any data for the named Plaintiffs available in these logs. Google never represented that it would provide verified responses to boundless information requests concerning its preservation of data in this case. Despite Google's offer, Plaintiffs continue to demand a response to Interrogatory 23 in full.

The Court should deny Plaintiffs' motion because Interrogatory 23 is overbroad and not proportional to the needs of this litigation, as this Court already ruled (ECF 576), and exceeds Rule 33's limit on the number of interrogatories.[5]

### A. The Court Previously Rejected Similar Demands.

Interrogatory 23 seeks information the Court has already held is not discoverable. In the previously litigated 30(b)(6) deposition notice, Plaintiffs sought testimony regarding the *same* details of Google's litigation hold(s) and general preservation practices and policies sought here. Specifically, Plaintiffs previously sought to compel testimony on:

> (a) The date(s) Google issued any litigation hold(s) in connection with this action; . . . (c) The extent to which any litigation hold(s) issued by Google in connection with this action applied to only the named plaintiffs or the entire proposed class; (d) Whether litigation

---

[5] Google regrets burdening the Court with an argument duplicative to its response to Interrogatory 22. Plaintiffs insisted, over Google's objection and in contravention of the Court's standing order, on filing five separate discovery letter briefs regarding overlapping discovery disputes. (Standing Order at § 4(d).)

>   holds issued by Google in connection with other matters or investigations require Google to preserve information and data relevant or responsive to claims, defenses or issues in this action and, if so, the time period of such preservation/retention; (e) The identity of all log(s) or data source(s) capable of associating or linking information transmitted in Google RTB bid requests with personal Google accounts, and the length of time such log(s) or data sources(s) have been preserved.

ECF 576 at 9 (quoting 30(b)(6) Topic 9). The portions of Interrogatory 23 to which Google has objected seek virtually identical information:

>   (a) The date(s) Google issued any litigation hold(s) in connection with this action; . . . (c) The kinds and categories of information and data Google employees were instructed to preserve and collect, the extent to which any litigation hold(s) applied only to information pertaining to the named plaintiffs or the proposed class; . . . (e) The date(s) Google issued litigation holds in connection with other pending matters or investigations. . .

Ex. A. As with Plaintiffs' 30(b)(6) topic on preservation, Interrogatory 23 effectively demands information "about *everything* Google did with respect to preservation of potentially responsive information for the entire case." ECF 576 at 10 (emphasis in original). Plaintiffs should not be given another bite of the apple to obtain this information, especially when Google has offered to address Plaintiffs' preservation concerns in the specific manner the Court contemplated by providing the "standard retention periods and preservation information" they seek for the logs from which Google has produced named-Plaintiffs data. Given that reasonable compromise, Plaintiffs are "not entitled to independently assess the adequacy of [Google's] preservation" through the additional subparts of Interrogatory 23. *Rg Abrams Ins. v. Law Offices of C.R. Abrams*, 2021 WL 10312431, at *12 (C.D. Cal. Dec. 22, 2021). As before, Plaintiffs still cannot identify any "specific deficiency" in Google's document productions that could entitle them to such extensive preservation-related discovery. *MedImpact Healthcare Sys., Inc. v. IQVIA Inc.*, 2022 WL 1694428, at *3 (S.D. Cal. May 26, 2022) (citation omitted).[6]

### B. Plaintiffs' Requests Regarding the ▇▇▇▇ Log (Interrogatory 23(h) – (i)) are Overbroad.

In trying to justify their demand for expansive preservation information, Plaintiffs focus on the ▇▇▇ log while notably omitting any mention of the other logs from which Google has produced data. Specifically, Plaintiffs ignore the ▇▇▇ log, which is the primary source of information on the content of RTB bid requests—the central issue in this case. In any event, Plaintiffs' discussion of the ▇▇▇ log actually confirms that Google has been transparent in providing information about its contents and availability, and, as noted, Google has offered to provide additional verified responses to multiple parts of Interrogatory 23, specifically as to the

---

[6] Plaintiffs claim Interrogatory 23 is necessary because Google "placed the representative nature of the NP data at issue," but this badly mischaracterizes this issue's procedural history, as explained in Google's statement regarding Request for Production 141.

███ log. This is exactly what the Court has contemplated in its prior order addressing these issues, ECF 576 at 9, and nothing more is required for Plaintiffs to assess the adequacy of Google's preservation efforts. The additional information that Plaintiffs seek in the multiple subparts of Interrogatory 23(h) and (i) extend far beyond any legitimate inquiry, as this Court has already found.[7]

### C. Plaintiffs Have Failed to Show a Need for the Information Sought in Interrogatory 23(j).

Plaintiffs also claim they need the information sought in subpart (j) of Interrogatory 23 because Google did not produce what they refer to as "joining keys" and so Plaintiffs purportedly need to further explore the preservation of such keys. This discussion intentionally conflates different concepts to create confusion. It is undisputed that Google has produced data fields and identifiers that Plaintiffs might need to join different datasets and associate records with individual named Plaintiffs, consistent with this Court's directive. *See* 4/11/23 Tr. at 56:1–15 (ordering Google to produce joining keys so that plaintiffs could match subsequent productions with earlier productions). What Plaintiffs are referring to are instead *decryption* keys that could potentially be used to decrypt identifiers that are normally stored only in encrypted form in a log.[8] The Court has never ordered Google to preserve or produce such decryption keys. ECF 510 at 2–3. In any case, to the extent preservation information about decryption keys is relevant, Plaintiffs *already* obtained this information in Dr. Glenn Berntson's 30(b)(6) deposition, which specifically addressed the preservation period for decryption keys. *See* Berntson 10/30/23 Depo. Tr. at 237:23–238:15. That information is fully responsive to sub-part (j), and Plaintiffs offer no explanation for why that prior testimony is not adequate.

### D. Plaintiffs Have Far Exceeded Rule 33's Numerical Limit on Interrogatories and Subparts.

Interrogatory 23 also far exceeds Rule 33's numerical limit on interrogatories. Fed. R. Civ. P. 33(a)(1). Google has repeatedly objected to Plaintiffs' service of compound interrogatories beyond Rule 33's limits, and Interrogatory 23 is no different. *See, e.g.*, Ex. B. This interrogatory is compound because it contains **over twenty** discrete subparts which ask questions about a wide variety of information, unrelated to other subparts, including disparate topics such as Google's litigation hold notices and the retention of data in unspecified logs. *See Am. Bankers Ins. Co. of Fla. v. Nat'l Fire Ins. Co. of Hartford*, 2020 WL 8996760, at *2 (N.D. Cal. July 9, 2020) (interrogatory that sought information regarding different insurance policies was compound). For

---

[7] Plaintiffs attempt to buttress their argument by obliquely referring to confidential information produced in *Calhoun*. This material is not properly before the Court. Plaintiffs never conferred with Google regarding these materials as required, ECF 313, nor have they established that Google "has misrepresented the nature or existence of certain information" in this case to warrant its consideration. ECF 242.

[8] Google explained the distinction between decryption keys and data fields used for joining data at a prior hearing. *See* 5/16/23 Tr. at 28:11–29:2; 33:22–34:13.

this reason alone, Plaintiffs' motion should be denied. *See* Fed. R. Civ. P. 33 advisory committee's note to 1993 amendment (noting that litigants cannot avoid the 25-interrogatory limit "through the device of joining as 'subparts' questions that seek information about discrete separate subjects."); *see also Sonista, Inc. v. Hsieh*, 2005 WL 8177499, at *5 (N.D. Cal. Nov. 7, 2005) (holding plaintiff exceeded Rule 33's limit where it served ten interrogatories that contained 27 subparts).

### III.  NECESSITY OF A HEARING

#### A.  Plaintiffs' Position

Plaintiffs request a hearing at the Court's earliest opportunity, taking into account the existing merits and expert depositions and class certification briefing that the parties must also deal with.

#### B.  Google's Position

Google does not believe a hearing is necessary for the Court to resolve this dispute, but to the extent the Court would find a hearing useful, Google respectfully requests that it be scheduled after the February 21, 2024 hearing on Plaintiffs' class certification motion to allow counsel to focus their preparation on that hearing.

### IV.  DISCOVERY CUT-OFFS

The fact discovery cut-off ran on January 19, 2024, and fact discovery motions are due by February 2, 2024. Opening merits reports are due April 5, 2024, and rebuttal reports are due by May 14, 2024. The close of expert discovery is June 7, 2024. *See* ECF 656. Plaintiffs filed their motion for class certification on July 14, 2023. ECF 546 [public version], and opposition and reply briefing was concluded on September 29, 2023 (ECFs 583-602 [public versions]), and November 29, 2023 (ECF 617 [public version]), respectively. The District Court scheduled a class certification hearing for February 21, 2024 at 9:30 am. ECF 655.

### V.  COMPLIANCE WITH MEET AND CONFER REQUIREMENT

The Parties met and conferred several times, and a final meet and confer took place on January 24, 2024 via Zoom. On plaintiffs' side, Elizabeth Pritzker, Jonathan Levine, and Bethany Caracuzzo of Pritzker Levine LLP, Anne Davis of Bleichmar Fonti & Auld LLP, Brian Danitz of Cotchett, Pitre & McCarthy LLP, and David Straite of DiCello Levitt LLC attended. On Google's side, Whitty Somvichian, Aarti Reddy, and Reece Trevor of Cooley LLP attended.

Dated: February 2, 2024  **PRITZKER LEVINE LLP**

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (SBN 146267)
Jonathan K. Levine (SBN 220289)
Bethany Caracuzzo (SBN 190687)
Caroline Corbitt (SBN 305492)
1900 Powell Street, Suite 450

Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
bc@pritzkerlevine.com
ccc@pritzkerlevine.com

*Interim Class Counsel*

Dated: February 2, 2024       **BLEICHMAR FONTI & AULD LLP**

By: */s/ Anne K. Davis*
Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
1330 Broadway, Suite 630
Oakland, CA 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

Dated: February 2, 2024       **SIMMONS HANLY CONROY LLC**

By: */s/ Jay Barnes*
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Jennifer Paulson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
jpaulson@simmonsfirm.com

Dated: February 2, 2024       **DiCELLO LEVITT LLP**

By: */s/ David A. Straite*
David A. Straite (admitted *pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel.: (646) 933-1000
dstraite@dicellolevitt.com

*Counsel for Plaintiffs and the Proposed Class*

Dated: February 2, 2024

**COOLEY LLP**

By: */s/ Whitty Somvichian*
Michael G. Rhodes
Whitty Somvichian
Aarti Reddy
Reece Trevor
Anupam S. Dhillon
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Tel.: 415-693-2000
Fax: 415-693-2222
rhodesmg@cooley.com
wsomvichian@cooley.com
areddy@cooley.com
rtrevor@cooley.com
adhillon@cooley.com

Robby L.R. Saldaña
Khary J. Anderson
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Tel.: 202-776-2109
Fax: 202-842-7899
rsaldana@cooley.com
kjanderson@cooley.com

**Attorneys for Defendant GOOGLE LLC**