<u>Via ECF</u>

February 2, 2024

**Magistrate Judge Virginia K. DeMarchi**
San Jose Courthouse
Courtroom 2 – 5th Floor
280 South 1st Street
San Jose, CA 95113

Re:   ***In re Google RTB Consumer Privacy Litig.*, No. 4:21-cv-02155-YGR-VKD (N.D. Cal.)**
Joint Letter Brief re: Plaintiffs' Requests for Authenticity and Business Records Admissions (Set No. 1)

Dear Magistrate Judge DeMarchi:

Plaintiffs and Defendant Google LLC ("Google") (collectively, the "Parties") submit this joint letter brief regarding Plaintiffs' First Set of Requests for Authenticity and Business Records Admissions ("RFAs"), served on Google on December 8, 2023 (**Ex. A**). Google's Objections and Responses to the RFAs ("Objections") are attached hereto as **Ex. B**. The Parties have met and conferred and have reached an impasse.

**I.      PLAINTIFFS' POSITION**

Plaintiffs served the RFAs near the close of fact discovery and after all depositions were completed for one limited purpose: to ascertain whether Google will admit that a small subset of the documents it produced in the litigation are (i) authentic, and (ii) admissible as Google business records under Federal Rule of Evidence ("FRE") 803(6). Every single document included in the RFAs was (i) produced by Google, <u>and</u> (ii) an exhibit at a Google employee deposition, an exhibit to the pending class certification motion, or relied upon by experts in connection with the class certification motion. Google has thus been aware of all these documents and of their potential importance in the litigation for months. The 560 documents at issue represent less than 1% of Google's document production in the case. Any of these documents may potentially be used in opposing Google's anticipated summary judgment motion or at trial.

Google refuses to respond to the RFAs at all, claiming that they are premature and that issues about authenticity and admissibility of exhibits should be addressed closer to trial. *See* Ex. B at p.3. Google's flat-out, unilateral refusal to respond to timely-served discovery prior to the fact discovery cut-off is contrary to the Federal and Local Rules and to the District Court's case management orders, which required fact discovery to be completed by January 19, 2024, not unilaterally deferred to some open-ended date based to be decided by one party. While deferring the issue until the parties are closer to trial might be preferable since the number of documents at issue may be reduced, it is not contemplated under the District Court's case schedule and would also be highly prejudicial to Plaintiffs, because it ignores that evidence used for summary judgment purposes must also be admissible, just like trial. *See Rivera v. Crema Coffee Company LLC*, 438 F.Supp.3d 1068, 1073 (N.D. Cal. 2020), citing *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz*

*Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

To address Google's contention that the RFAs are premature and Plaintiffs' concern about the ability to use evidence at summary judgment, Plaintiffs offered a reasonable compromise: Google would not have to respond to any of the RFAs until a few months before trial (when the number of documents potentially may be reduced), and in exchange, Google would agree that if any of the documents included in the RFAs are used by Plaintiffs in opposing Google's summary judgment motion, Google would not object to the use of those documents on the grounds that they are not authentic or Google business records. Google rejected this compromise proposal.

There can be no question that the use of requests for admissions under FRCP 36 to address authenticity and admissibility issues pertaining to documents produced by a party in the litigation is entirely proper. "Courts have recognized the use of FRCP Rule 36 to request admissions regarding 'the genuineness of any described documents,' including the respondent's own documents, their authenticity and characteristics relevant to the business records exception." *In re Cathode Ray Tube (CRT) Antitrust Litigation*, 2015 WL 13655173, at *2 (N.D. Cal. Aug. 6, 2015); *Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1245 (9th Cir.1981) ("The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial."); *Berry v. Federated Mut. Ins. Co.*, 110 F.R.D. 441, 443 (N.D.Ind.1986) (Rule 36 is an appropriate tool for establishing before trial the genuineness and authenticity of anticipated exhibits).

Google's contention that it would need to conduct a fact-intensive investigation of each document to respond is not credible. The three parts of Plaintiffs' RFAs ask Google to admit that each document (A) is authentic; (B) *subject to any requirements imposed by the District Court*, at any trial in this matter, may be received in evidence without further identification or proof; and (C), *if drafted by a Google employee*, (1) was made at or near the time of the event by an employee with knowledge or from information transmitted by or to an employee with knowledge, was kept in the course of Google's regularly conducted business activities, made in the course of Google's regular business practices, and was part of Google's business file and meets all criteria as a business record under FRE 803(6). *See* Ex. A.

As to part (A), Google has no good faith basis to deny that *any* of the documents it produced are not authentic; therefore, no document-by-document inquiry is required. Documents produced by a party in discovery and offered by a party-opponent are presumptively authentic. *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 454 F. Supp. 2d 966, 972 (C.D. Cal. 2006) (citing cases). *See also Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n.12 (9th Cir. 1996) (documents produced by a party in discovery can be deemed authentic when offered by party-opponent where there are sufficient indicia of authenticity).

Part (2) asks Google to admit that each document may be received in evidence at trial without further identification or proof—subject to the Court's requirements. Part (2), in essence, asks Google to stipulate to the admissibility of documents—just as the District Court's Standing Order re: Pretrial Instructions in Civil Cases requires. ("[T]he parties shall meet and confer and attempt to stipulate as to the admissibility of each exhibit." YGR Standing Order at p. 4.) While the Standing Order is specific to trial preparation, Plaintiffs cannot, as discussed above, wait until

shortly before trial to address these issues, because Google refuses to agree that it will not raise evidentiary disputes at summary judgment with respect to the documents included in the RFAs. If Google wants to maintain the right to object to Plaintiffs' summary judgment exhibits on admissibility grounds, then it is free to do so, by denying part (2). Google must nonetheless answer.

Part (3) also does not require a burdensome inquiry. Google does not, as it contends, need to review each document in detail to ascertain the employees concerned and whether the events described were recorded contemporaneously in the ordinary course of business. Part (3) is limited only to those documents drafted by a Google employee and is thus entirely or almost entirely limited to documents produced from Google's custodial files—chiefly emails, presentations, and memoranda.[1] Through the act of gathering and producing these custodial documents, Google already knows that they were created by its employees in the ordinary course. Google has no good faith basis to contend that they lack trustworthiness, and thus no good faith basis to deny that they are business records. *See* FRE 803(6).

Google cites cases for the proposition that "voluminous" RFAs may be disproportionate to the needs of the case. However, there is no limit on the number of RFAs that can be served. *See* FRCP 36. Even Google's cited authority orders defendants opposing RFAs to respond to fifty requests. *See I-Enter. Co. v. Draper Fisher Jurvetson Mgmt. Co.*, No. C-03-01561 MMC (EDL), 2005 WL 8177424, at *2 (N.D. Cal. Mar. 23, 2005). Plaintiffs made every attempt to authenticate documents at depositions, but Google employees often refused to provide unequivocal testimony to support the admission of these documents at summary judgment and trial. This case, if certified, involves a class numbering in the hundreds of millions and potentially more than $1 billion in damages. The RFAs are entirely proportionate to the needs of this case, in keeping with Rule 26(b)(1), and Google does not demonstrate otherwise.

The RFAs were also propounded in a format intended to minimize the burden on Google—a separate chart for each request and document, including rows for each subpart. The RFAs fully comply with the FRCP 36's requirements that "[e]ach request for an admission should be phrased simply and directly so that it can be admitted or denied without explanation." 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2258 (3d ed. Supp. 2011). Under Rule 36, "good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Thus, narrative responses may be required for Google to respond to the RFAs. To the extent asking Google to state its "basis for denial" imposes a burden on Google beyond these requirements of Rule 36, Plaintiffs agree that Google need not provide an answer.

Google should be ordered to respond to the RFAs in full within 20 days of any order being entered by the Court.

---

[1] Even those documents that did *not* originate from Google but were produced by Google would be business records of Google. *See United States v. Childs*, 5 F.3d 1328, 1333 (9th Cir. 1993) (quoting *United States v. Ullrich*, 580 F.2d 765 (5th Cir. 1978) (it is "obvious" that documents "furnished originally from other sources" … [but] kept in the regular course of the [a] business" are admissible as business records.)).

## II. GOOGLE'S POSITION

Plaintiffs have yet to certify a class, survive summary judgment, or even secure a trial date, but they demand that Google make binding admissions that 560 documents are authentic, fully admissible at trial, and meet multiple foundational requirements typically adduced through witness testimony. This demand is enormously and disproportionately burdensome, especially because trial is still many months away. Moreover, Plaintiffs' RFAs call for narrative responses that Rule 36 does not countenance, effectively making them interrogatories in disguise. The Court should reject in its entirety Plaintiffs' effort to compel responses to these RFAs.

### A. The RFAs are disproportionately and impermissibly burdensome.

The RFAs "are bound by the scope of Rule 26 requiring discovery to be . . . proportional to the needs of the case," and they clearly fail to meet that standard. *Blanton v. Torrey Pines Prop. Mgmt., Inc.*, 2017 WL 2291752, at *3 (S.D. Cal. May 24, 2017). The burden these RFAs would impose on Google is self-evident. Each of Plaintiffs' 560 Requests contains six subparts, meaning that Plaintiffs have effectively served RFAs as to 3,360 facts. Each Request purports to require that Google admit or deny that the referenced document meets four requirements of Federal Rule of Evidence 803(6) and constitutes a business record for purposes of the hearsay rule. Further, contrary to Plaintiffs' claim that the RFAs concern only the business record exception, they in fact ask Google to admit that each referenced document "may be received in evidence without further identification or proof." These questions would require Google to review each document in detail; ascertain which employees created or contributed to the document; and investigate whether every event described in the document was in fact recorded in those employees' ordinary course of business and at or near the time the event occurred. Especially since these documents comprise over 9,300 pages and contain input from numerous Google employees, this is no small task, and the burden it would impose on Google is wholly unnecessary and disproportionate.

While Plaintiffs invoke the truism that RFAs may at times be used to resolve evidentiary issues, that does not give them license to serve such RFAs limitlessly, and courts recognize that "voluminous requests" like Plaintiffs' often prove disproportionate. *I-Enter. Co. v. Draper Fisher Jurvetson Mgmt. Co.*, 2005 WL 8177424, at *2 (N.D. Cal. Mar. 23, 2005) (denying motion to compel responses to 805 RFAs, half of which pertained to authentication of documents, and reasoning in part that "the sheer number of [RFAs] demonstrates that responding would be unduly burdensome."); *see also Klopman-Baerselman v. Air & Liquid Sys. Corp.*, 2019 WL 5592767, at *2 (W.D. Wash. Oct. 30, 2019) ("authentication of more than 11,000 pages of various materials does not appear proportional to the needs of this case"); *Fed. Trade Comm'n v. Forensic Case Mgmt. Servs., Inc.*, 2012 WL 13134719, at *3 (C.D. Cal. Sept. 4, 2012) (denying motion to compel responses to over 1002 RFAs because "sheer number of requests for admission is clearly abusive, regardless of the issues in dispute"). Plaintiffs' response that Rule 36 does set a numerical limit on RFAs ignores Rule 26's proportionality limitation. As the cases above confirm, "[b]y order or local rule, the court may also limit the number of requests under Rule 36" to protect a party from abusive RFAs. Fed. R. Civ. P. 26(b)(2)(A).

Indeed, Plaintiffs' RFAs are so burdensome that Plaintiffs themselves have not even propounded them in a clear and proper manner. Specifically, rather than propound document-

specific requests for admission, Plaintiffs have simply served 560 blank charts for Google to complete, each of which is identical save for the Bates number. That Plaintiffs served Google with 146 pages of boilerplate charts underscores that the time-intensive, document-by-document parsing the RFAs require is not proportional to the needs of the case.

For their part, Plaintiffs have failed to perform a reasonable investigation of these documents or narrow their list in a logical manner. For example, Plaintiffs have made no effort to determine whether each document was even created by Google, instead calling on Google to make admissions regarding the business records exception "[i]f the document was drafted by an EMPLOYEE of YOURS." This is further made plain by Plaintiffs' inclusion of documents that Google obviously did not create, like a letter from six U.S. Senators to the company. *See* RFA 296. The Court should not compel Google to respond to such facially improper Requests.

### B. Evidentiary stipulations should occur just prior to trial, so the RFAs are premature.

As Google informed Plaintiffs in its responses to the RFAs, it is willing to consider an appropriate evidentiary stipulation in the context of the parties' pretrial exchanges—which, in fact, is exactly what Judge Gonzalez Rogers's standing order on the topic contemplates. *See* Judge Gonzalez Rogers's Standing Order re: Pretrial Instructions in Civil Cases ¶¶ 3(e), 6(e) (providing that as part of the trial preparation process, "[t]he parties shall make a good faith effort to stipulate to admissibility of exhibits" and submit an exhibit list reflecting for each item "whether the parties stipulate to its admission" and "the grounds for any objection to its admission"). To the extent Plaintiffs rely on this language to support their position, they misread it: this standing order explicitly governs the immediate pretrial process and the preparation of exhibit lists—not RFAs served many months, if not more, before trial. Indeed, the RFAs try to short-circuit this process, and at great cost to Google. Because rulings on class certification and summary judgment are likely to crystallize, narrow, or change issues for trial, the RFAs ask Google to expend significant resources evaluating and responding to documents that may never be used in the case. There is no reason why Plaintiffs cannot and should not follow this Court's standard procedures for pretrial exchanges.

Plaintiffs claim they need Google's evidentiary admissions at summary judgment, but this is a problem of their own making. As Plaintiffs themselves note, they deposed numerous Google witnesses and had the chance during those depositions to authenticate documents or lay foundation for evidentiary issues as they pleased. Plaintiffs even emphasize that they presented deposition witnesses with many of the very documents at issue in the RFAs, a fact that only underscores that they could and should have asked these witnesses the questions they now pose in the RFAs. Google should not have to respond to Plaintiffs' voluminous RFAs because Plaintiffs chose not to do so.[2] And Plaintiffs' purported alternative—that Google either answer the RFAs now or waive its right to object at summary judgment—offers Google only a false choice between burden now and prejudice later. Nevertheless, in the interest of compromise, Google invited Plaintiffs to

---

[2] Plaintiffs have even sought and secured additional depositions for the avowed purpose of "developing "background and foundation of [Google's] created information in order to introduce it at trial." ECF 554 at 3; ECF 576 (permitting leave to conduct additional depositions).

propose a narrower, less burdensome subset of RFAs regarding documents they intend to use at summary judgment. Plaintiffs refused.

### C. The RFAs improperly call for Google to provide narrative justifications for all facts it denies.

The RFAs each require that Google state the "[b]asis for [d]enial" for any of the 3,360 facts at issue that Google denies. This is a clear violation of the rule that an RFA "should be phrased simply and directly so that it can be admitted or denied *without explanation*." *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 447 (C.D. Cal. 1998) (citation omitted) (emphasis added); *see also Palomo v. Best Buy Co. Inc.*, 2021 WL 4509190, at *2 (C.D. Cal. Apr. 16, 2021) ("Nothing in [Rule 36] requires a responding party to explain the basis for a denial."). By including this requirement in their RFAs, Plaintiffs "are plainly attempting to convert requests for admissions into interrogatories . . . to circumvent the limitation on number of interrogatories" in Rule 33(a). Safeco, 181 F.R.D. at 447 (citation omitted). Particularly because Plaintiffs have already served well over the 35 interrogatories to which they are entitled, the Court should not permit this request to serve hundreds more.

## III. NECESSITY OF A HEARING

### A. Plaintiffs' Position

Plaintiffs request a hearing at the Court's earliest opportunity, as the resolution of this dispute affects merits experts reports and upcoming summary judgment briefing.

### B. Google's Position

Google does not believe a hearing is necessary for the Court to resolve this dispute, but to the extent the Court would find a hearing useful, Google respectfully requests that it be scheduled after the February 21, 2024 hearing on Plaintiffs' class certification motion to allow counsel to focus their preparation on that hearing.

## IV. DISCOVERY CUT-OFFS

The fact discovery cut-off ran on January 19, 2024, and fact discovery motions are due by February 2, 2024. Opening merits reports are due April 5, 2024, and rebuttal reports are due by May 14, 2024. The close of expert discovery is June 7, 2024. *See* ECF 656. Plaintiffs filed their motion for class certification on July 14, 2023. ECF 546 [public version], and opposition and reply briefing was concluded on September 29, 2023 (ECFs 583-602 [public versions]), and November 29, 2023 (ECF 617 [public version]), respectively. The District Court scheduled a class certification hearing for February 21, 2024 at 9:30 am. ECF 655.

## V. COMPLIANCE WITH MEET-AND-CONFER REQUIREMENT

The Parties met and conferred several times, and a final meet-and-confer took place on January 24, 2024, via Zoom. On plaintiffs' side, Elizabeth Pritzker and Jonathan Levine of Pritzker

Levine LLP attended. On Google's side, Whitty Somvichian and Aarti Reddy of Cooley LLP attended.

Dated: February 2, 2024  **PRITZKER LEVINE LLP**

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (SBN 146267)
Jonathan K. Levine (SBN 220289)
Bethany Caracuzzo (SBN 190687)
Caroline Corbitt (SBN 305492)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
bc@pritzkerlevine.com
ccc@pritzkerlevine.com

*Interim Class Counsel*

**Counsel for Plaintiffs and the Proposed Class**

Dated: February 2, 2024  **COOLEY LLP**

By: */s/ Whitty Somvichian*
Michael G. Rhodes
Whitty Somvichian
Aarti Reddy
Reece Trevor
Anupam S. Dhillon
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Tel.: 415-693-2000
Fax: 415-693-2222
rhodesmg@cooley.com
wsomvichian@cooley.com
areddy@cooley.com
rtrevor@cooley.com
adhillon@cooley.com

Robby L.R. Saldaña
Khary J. Anderson
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400

Tel.: 202-776-2109
Fax: 202-842-7899
rsaldana@cooley.com
kjanderson@cooley.com

***Attorneys for Defendant GOOGLE LLC***

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)

I, Whitty Somvichian, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of February, 2024, at San Francisco, California.

*/s/ Whitty Somvichian*
Whitty Somvichian

297308494