| | |
|---|---|
| COOLEY LLP<br>MICHAEL G. RHODES (SBN 116127)<br>(rhodesmg@cooley.com)<br>WHITTY SOMVICHIAN (SBN 194463)<br>(wsomvichian@cooley.com)<br>AARTI REDDY (SBN 274889)<br>(areddy@cooley.com)<br>KYLE C. WONG (SBN 224021)<br>(kwong@cooley.com)<br>KELSEY R. SPECTOR (SBN 321488)<br>(kspector@cooley.com)<br>REECE TREVOR (SBN 316685)<br>(rtrevor@cooley.com)<br>ANUPAM DHILLON (SBN 324746)<br>(adhillon@cooley.com)<br>ELIZABETH SANCHEZ SANTIAGO<br>(SBN 333789) (lsanchezsantiago@cooley.com)<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111-4004<br>Telephone: +1 415 693 2000<br>Facsimile: +1 415 693 2222 | COOLEY LLP<br>ROBBY L.R. SALDAÑA (DC No. 1034981)<br>(rsaldana@cooley.com)<br>(*Admitted pro hac vice*)<br>KHARY J. ANDERSON (DC No. 1671197)<br>(kjanderson@cooley.com)<br>(*Admitted pro hac vice*)<br>1299 Pennsylvania Avenue, NW, Suite 700<br>Washington, DC 20004-2400<br>Telephone: +1 202 842 7800<br>Facsimile: +1 202 842 7899 |

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| *In re Google RTB Consumer Privacy Litigation,*<br><br>This Document Relates to: *all actions*, | Master File No. 4:21-cv-02155-YGR (VKD)<br><br>**GOOGLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION RE USE OF *CALHOUN* MATERIALS (ECF NO. 666-3)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO PLS' ADMIN.
MOTION RE USE OF *CALHOUN* MATERIALS
CASE NO. 4:21-CV-02155-YGR (VKD)

Plaintiffs have filed an administrative motion ("Plaintiffs' Motion") seeking leave to submit to the Court copies of a special master's order and hearing transcript from *Calhoun v. Google*, No. 20-cv-05146 (N.D. Cal.) (ECF No. 666.) With their Motion, Plaintiffs once again burden this Court with an argumentative attorney "declaration" submitted by Calhoun counsel attaching over 200 pages of information disclosed in *Calhoun*, most of which is confidential, without first explaining its relevance or necessity to Google. (ECF Nos. 666-3 through 666-4.). Plaintiffs' motion should be denied for violating multiple Court orders. This Court has consistently—and rightly—rejected Plaintiffs' counsel's serial attempts to introduce *Calhoun* discovery in an improper manner, and the same result should follow here.

***First***, Plaintiffs' Motion violates the meet and confer requirements set forth in this Court's Standing Order. The Court requires counsel to meet and confer about discovery disputes, prior to briefing the disputes, such that parties have adequate time to prepare their arguments. (Standing Order at § 4.) Plaintiffs wholly ignored these procedural requirements with respect to submitting the *Calhoun* materials. Plaintiffs did not identify this information during ***any*** of the parties' multiple meet and confer discussions regarding Interrogatory No. 23. Plaintiffs waited until ***after*** the final meet and confer—just hours prior to the parties' initial exchange of position statements— to identify the *Calhoun* information cited in their position statement of the Interrogatory No. 23 joint letter brief (ECF No. 659-6). And even that correspondence still failed to explain the relevance of the information to the Interrogatory No. 23 dispute. Indeed, the substantive argument included in Plaintiffs' Motion is the first time they have ever articulated the purported relevance of the *Calhoun* information. The Court should ignore these belated justifications.

***Second,*** Plaintiffs have also violated this Court's Order establishing an orderly process for cross-use of *Calhoun* materials. That process requires *Calhoun* counsel and undersigned counsel to meet and confer to identify the *Calhoun* material's relevance to discovery disputes in this litigation and brief a 200-word side letter in the event the parties are unable to secure agreement. ECF No. 313 at 2–4. Plaintiffs' unwillingness to timely confer on these issues prevented the parties from following the required process, and so Plaintiffs proceeded with unilaterally filing a motion including substantive argument they had never discussed with Google's counsel. Consistent with

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

GOOGLE'S RESPONSE TO PLS' ADMIN.
MOTION RE USE OF *CALHOUN* MATERIALS
CASE NO. 4:21-CV-02155-YGR (VKD)

its prior orders regarding Plaintiffs' similarly improper attempts to inject *Calhoun* discovery into this matter (ECF No. 287 at 5–6; ECF No. 314 at 1), the Court should find that Plaintiffs have violated the Court's cross-use orders.

***Third***, Plaintiffs have also not met the substantive requirements for cross-use as set forth in the District Court's order governing cross-use of discovery with the *Calhoun* action. (ECF Nos. 242 and 313.) As Judge Gonzalez Rogers held in her Order denying Plaintiffs' Motion for Targeted Use of *Calhoun* Discovery in *In re Google RTB*, Plaintiffs may only present discovery from *Calhoun* for Judge DeMarchi's consideration in this action "for the purposes of demonstrating (i) the need for discovery in this action or (ii) that the defendant has misrepresented the nature or existence of certain information to Judge DeMarchi." (ECF No. 242 at 1–2.) Here, Plaintiffs contend that the *Calhoun* documents should be considered because Google purportedly misstated the time period for which named Plaintiff data is available from a particular data log. (ECF No. 666-3 at 1). But Google has agreed to provide verified responses to confirm the standard retention period of this log and the specific time periods for which named Plaintiff data is available, as noted in the parties' joint discovery letter (ECF No. 662), so this purported ground for using *Calhoun* materials is baseless. The only remaining dispute concerning Interrogatory No. 23 is whether Google should be compelled to respond to additional and broader discovery concerning litigation holds and other preservation matters, beyond the data preservation periods and related information that Google has already agreed to provide. The *Calhoun* materials Plaintiffs seek to introduce are entirely irrelevant to these issues, and Plaintiffs' motion is a mere pretext for presenting meritless accusations, which should be ignored.

***Finally***, to the extent that Plaintiffs may contend that they need not comply with the cross-use orders because they are requesting leave to submit copies of a *Calhoun* order and an accompanying hearing transcript, not discovery produced by Google in *Calhoun*, this argument is meritless. Plaintiffs have conceded that the information in the special master's order and the hearing transcript reflects confidential information that Google produced in discovery in *Calhoun*. The cross-use orders undoubtedly apply, and Plaintiffs' Motion must be denied for failure to abide by them.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S RESPONSE TO PLS' ADMIN.
MOTION RE USE OF *CALHOUN* MATERIALS
CASE NO. 4:21-CV-02155-YGR (VKD)

Dated: February 6, 2024

COOLEY LLP

By: */s/ Whitty Somvichian*
Whitty Somvichian

Attorney for Defendant
GOOGLE LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S RESPONSE TO PLS' ADMIN.
MOTION RE USE OF *CALHOUN* MATERIALS
CASE NO. 4:21-CV-02155-YGR (VKD)