COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
ELIZABETH SÁNCHEZ SANTIAGO
(SBN 333789) (lsanchezsantiago@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE FEBRUARY 2, 2024 JOINT LETTER BRIEFS (ERRATA)** |

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(c), Google LLC ("Google") respectfully submits this Administrative Motion ("Motion") to Seal portions of the joint letter briefs and certain accompanying exhibits regarding disputes concerning: (1) Plaintiffs' Request for Production ("RFP") Nos. 125-127 and 130-133; (2) Plaintiffs' Interrogatory No. 22 and RFP Nos. 128-129; (3) Plaintiffs' Interrogatory No. 23; and (4) Plaintiffs' RFP No. 141, filed on February 2, 2024 (together, the "February 2 Joint Letter Briefs").

As set forth below and in the accompanying Declaration of Whitty Somvichian ("Somvichian Declaration"), the cited portions of these documents contain highly sensitive, confidential, and proprietary information that Google designated as "Confidential" and/or "Highly Confidential—Attorneys' Eyes Only" pursuant to the terms of the parties' Stipulated Protective Order, which the Court entered on June 3, 2021 (the "Protective Order") (ECF No. 59). Throughout this litigation, Google has requested to seal the categories of information cited below, and the Court has consistently granted those requests. *See, e.g.*, ECF No. 540 (N.D. Cal. June 8, 2023) (sealing portions of a brief containing discussions regarding Google's internal dashboards, data logs, and data systems); ECF No. 526 (N.D. Cal. May 23, 2023) (sealing discussions of financial information related to what revenue Google receives when a RTB participant wins a bid and shows an ad through Google RTB); ECF No. 384 (N.D. Cal. Dec. 19, 2022) (sealing technical details regarding Google's internal logs and the identifiers contained therein).

Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below, as reflected in the Proposed Order attached hereto:

| Document | Text to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| Joint Letter Brief Regarding RFP Nos. 125-127 and 130-133 | Portions highlighted at pages 1–7 | Google |
| Ex. A[1] to the Joint Letter Brief Regarding RFP Nos. 125-127 and 130-133 | Portions highlighted at page 4 | Google |

---

[1] Google inadvertently filed versions of Exhibits A and B to the Joint Letter Brief Regarding RFP Nos. 125-127 and 130-133 without any redactions. It has attached under-seal versions of these documents as Exhibits 7 and 8 to the Somvichian Declaration to the instant motion, and it has

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S ADMIN. MOTION TO SEAL
(ERRATA)
CASE NO. 4:21-CV-02155-YGR-VKD

| | | |
|---|---|---|
| Ex. B to the Joint Letter Brief Regarding RFP Nos. 125-127 and 130-133 | Portions highlighted at pages 9, 12–13 | Google |
| Joint Letter Brief Regarding Interrogatory No. 22 and RFP Nos. 128-129 | Portions highlighted at pages 1–6 | Google |
| Ex. B to the Joint Letter Brief Regarding Interrogatory No. 22 and RFP Nos. 128-129 | Portions highlighted at page 4 | Google |
| Ex. D to the Joint Letter Brief Regarding Interrogatory No. 22 and RFP Nos. 128-129 | Portions highlighted at pages 9–10 | Google |
| Joint Letter Brief Regarding Interrogatory No. 23 | Portions highlighted at pages 1–6 | Google |
| Joint Letter Brief Regarding RFP No. 141 | Portions highlighted at pages 3, 6 | Google |

## II.   LEGAL STANDARD

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).  Briefing for a discovery motion is non-dispositive, and thus the good cause standard applies here. *See, e.g.*, ECF No. 453 at 2 ("The underlying discovery dispute does not address the merits of the parties' claims or defenses and the Court therefore applies the 'good cause' standard of Rule 26(c)."); *Calhoun v. Google*, No. 20-cv-05146, ECF No. 327, at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case.").  The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen.*

---

contacted the clerk to replace the original versions of these documents available at ECF 660-1 and 660-2.  The under-seal versions of the other documents Google seeks to seal are attached to its original Motion to Seal at ECF 659.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S ADMIN. MOTION TO SEAL
(ERRATA)
CASE NO. 4:21-CV-02155-YGR-VKD

1   *Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

2   **III.   GOOD CAUSE WARRANTS SEALING OF PORTIONS OF THE FEBRUARY 2 JOINT LETTER BRIEFS.**

4   Google respectfully asks this Court to seal certain portions of the February 2 Joint Letter Briefs. The portions of these documents identified above reflect highly sensitive, proprietary information related to (1) Google's business strategy, analysis, and revenue data regarding Google Real-time Bidding ("Google RTB"), and (2) technical details and discussions concerning Google's internal infrastructure names, data logs, and data systems associated with Google RTB, as well as their proprietary functionalities and metrics. (Somvichian Decl. ¶¶ 3, 5, 9.) As explained below, Google's request satisfies the good cause standard, as this information is vital to Google's commercial success, and is the sort of "sensitive, non-public, confidential, and proprietary business information" that courts routinely seal even under the more stringent compelling reasons standard. *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020). Google has also narrowly tailored these sealing requests to encompass only the specific portions that qualify as confidential information and therefore do not "unduly limit[] public access." *ASUS Comput. Int'l v. Round Rock Research, LLC*, No. 12-cv-02099, 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014); *see also* Civ. L.R. 79-5(c).

18  ***First***, certain portions of the February 2 Joint Letter Briefs and their exhibits reflect highly sensitive and confidential information about Google's business strategy and analysis regarding Google RTB, including discussion about product strategy, revenue metrics, and decision-making. (Somvichian Decl. ¶¶ 3, 5–6.) This type of highly confidential business information is routinely sealed by courts in this district. *See, e.g.*, *Kumandan v. Google LLC*, No. 19-cv-04286, 2022 WL 17971644, at *1 (N.D. Cal. Oct. 17, 2022) (sealing financial information concerning Google's business opportunities and risks, and profits and losses); *Unlockd Media, Inc. Liquidation Tr. v. Google LLC*, No. 21-cv-07250, 2022 WL 4624985, at *2 (N.D. Cal. Sept. 30, 2022) (sealing information related to the company's business model); *Rodman v. Safeway Inc.*, No. 11-cv-03003, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (sealing "internal, nonpublic information discussing [the defendant's] pricing strategy, business decisionmaking [sic], and financial records,

which would expose [the defendant] to competitive harm if disclosed"). Disclosure of this information would cause irreparable harm to Google by providing competitors and business partners with insight into Google's strategic business decisions and policies and priorities related to Google RTB, as well as highly confidential financial information related to Google's advertising systems. (Somvichian Decl. ¶¶ 3, 7.) As a result, Google's competitive standing could be jeopardized if its competitors and business partners make changes to their business practices in response to this information. (*Id.*) This Court has recognized the sensitivity of such information by previously sealing internal discussions of Google's revenue in this litigation. *See e.g.*, ECF No. 526 (N.D. Cal. May 23, 2023) (sealing discussions of what revenue Google receives when an RTB participant wins a bid and displays an ad through Google RTB).

**Second**, Google also seeks to seal portions of the February 2 Joint Letter Briefs which discuss the highly sensitive, confidential, and proprietary technical details regarding internal infrastructure names, data logs, and data systems associated with Google RTB, as well as their proprietary functionalities and metrics. (Somvichian Decl. ¶¶ 3, 9.) Courts in this District regularly seal similar technical details regarding a company's data infrastructure. *See, e.g.*, *In re Google Inc. Gmail Litig.*, No. 13-md-02430, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding compelling reasons to seal information about structures that Google has in place and the order in which emails go through these structures); *see also In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 3:18-md-02843, ECF No. 1082 (N.D. Cal. Dec. 6, 2022) (finding good cause to seal certain highly technical information related to the defendant's data systems).

Public disclosure of this information would also create a risk of cybersecurity threats as bad actors would have access to names of Google's logs, or descriptions of particular data systems may make it easier for bad actors to piece together previously unconnectable facts. (Somvichian Decl. ¶¶ 3, 10–11.) This would further jeopardize Google's data infrastructure as bad actors could target and seek to compromise information related to these confidential, internal names and data logs to further infer additional information about Google users that Google stores in those data logs and systems. (*Id.*) *See also Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems).

Throughout this litigation, the Court has consistently granted Google's requests to seal descriptions of Google's internal logs and data systems. *See, e.g.*, ECF No. 540 (N.D. Cal. June 8, 2023) (sealing portions of a joint letter brief containing technical details and discussions regarding Google's highly sensitive, proprietary internal dashboards, data logs, and data systems); ECF No. 531 (N.D. Cal. May 26, 2023) (sealing discussion of Google's "technical details and identifiers related to highly sensitive data logs and data systems."); ECF No. 384 (N.D. Cal. Dec. 19, 2022) (sealing references to and descriptions of Google's internal logs and the identifiers contained therein).

### IV. CONCLUSION

For the foregoing reasons, Google respectfully requests the Court seal certain portions of the February 2 Joint Letter Briefs.

Dated: February 2, 2024                                COOLEY LLP

                                                       By: */s/ Whitty Somvichian*
                                                           Whitty Somvichian

                                                       Attorney for Defendant
                                                       GOOGLE LLC

297797727

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

GOOGLE'S ADMIN. MOTION TO SEAL
(ERRATA)
CASE NO. 4:21-CV-02155-YGR-VKD