COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
ELIZABETH SANCHEZ SANTIAGO
(SBN 333789) (lsanchezsantiago@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:  +1 415 693 2000
Facsimile:  +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:  +1 202 842 7800
Facsimile:  +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**DECLARATION OF WHITTY SOMVICHIAN IN SUPPORT OF GOOGLE'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE FEBRUARY 2, 2024 JOINT LETTER BRIEFS (ERRATA)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEC. OF W. SOMVICHIAN ISO GOOGLE'S
ADMIN. MOTION TO SEAL (ERRATA)
CASE NO. 4:21-CV-02155-YGR-VKD

I, Whitty Somvichian, declare as follows:

1. I am an attorney at the law firm of Cooley LLP and an attorney of record for Google LLC ("Google") in *In re Google RTB Consumer Privacy Litigation*, Case No. 4:21-cv-02155. I am licensed to practice law in the state of California and am admitted to practice before this Court. I submit this declaration in support of Google's Administrative Motion to Seal portions of the joint letter briefs and certain exhibits regarding disputes concerning: (1) Plaintiffs' Request for Production ("RFP") Nos. 125-127 and 130-133; (2) Plaintiffs' Interrogatory No. 22 and RFP Nos. 128-129; (3) Plaintiffs' Interrogatory No. 23; and (4) Plaintiffs' RFP No. 141, filed on February 2, 2024 (together, the "February 2 Joint Letter Briefs"). I submit this declaration pursuant to Local Rule 79-5.

2. On February 2, 2024, Plaintiffs moved to compel responses from Google on several pending discovery requests. I understand that Google seeks to maintain certain portions of those documents under seal.

3. I have reviewed the documents that Google seeks to file under seal. The highlighted portions in the February 2 Joint Letter Briefs reflect confidential information disclosed in this matter. Based on my review and in consultation with my client, I understand that there is good cause to seal the following information:

| Document | Text to be Sealed | Basis for Sealing |
|---|---|---|
| **Documents discussing Google's business strategy, analysis, and revenue data regarding Google RTB** | | |
| Joint Letter Brief Regarding RFP Nos. 125-127 and 130-133 | Portions highlighted at pages 1–7 | The information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, financial information, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEC. OF W. SOMVICHIAN ISO GOOGLE'S
ADMIN. MOTION TO SEAL (ERRATA)
CASE NO. 4:21-CV-02155-YGR-VKD

| | | |
|---|---|---|
| | | that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. |
| Ex. A to the Joint Letter Brief Regarding RFP Nos. 125-127 and 130-133 | Portions highlighted at page 4 | See above |
| Ex. B to the Joint Letter Brief Regarding RFP Nos. 125-127 and 130-133 | Portions highlighted at pages 9, 12–13 | See above |
| Joint Letter Brief Regarding Interrogatory No. 22 and RFP Nos. 128-129 | Portions highlighted at pages 1–6 | See above |
| Ex. B to the Joint Letter Brief Regarding Interrogatory No. 22 and RFP Nos. 128-129 | Portions highlighted at page 4 | See above |
| Ex. D to the Joint Letter Brief Regarding Interrogatory No. 22 and RFP Nos. 128-129 | Portions highlighted at pages 9–10 | See above |
| **Documents discussing technical details regarding internal data logs and systems associated with Google RTB** | | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEC. OF W. SOMVICHIAN ISO GOOGLE'S
ADMIN. MOTION TO SEAL (ERRATA)
CASE NO. 4:21-CV-02155-YGR-VKD

| | | |
|---|---|---|
| Joint Letter Brief Regarding RFP Nos. 125-127 and 130-133 | Portions highlighted at pages 1, 5 | I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including references and details related to Google's internal data systems, data infrastructure, and various types of Google's internal logs, as well as their proprietary functionalities and metrics, that Google maintains as confidential in the ordinary course of its business.  This information is not generally known to the public or Google's competitors.  Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3.  It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products.  It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices, including its data structures and data sources, relating to competing products. |
| Joint Letter Brief Regarding Interrogatory No. 22 and RFP Nos. 128-129 | Portions highlighted at pages 3–4 | See above |
| Joint Letter Brief Regarding Interrogatory No. 23 | Portions highlighted at pages 1–6 | See above |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEC. OF W. SOMVICHIAN ISO GOOGLE'S
ADMIN. MOTION TO SEAL (ERRATA)
CASE NO. 4:21-CV-02155-YGR-VKD

| Joint Letter Brief Regarding RFP No. 141 | Portions highlighted at pages 3, 6 | See above |

4. Google does not seek to redact or file under seal any of the remaining portions of the February 2 Joint Letter Briefs not indicated in the table above.

5. To the best of my knowledge, I understand that certain portions of the February 2 Joint Letter Briefs reflect highly sensitive, confidential, non-public financial information about Google's business strategy and analysis regarding Google Real-time Bidding ("Google RTB") including discussion about product strategy, revenue metrics, and decision-making related to Google advertising products.

6. I understand that public disclosure of this information would cause Google significant and irreparable competitive harm for multiple reasons. Specifically, it would (1) reveal highly sensitive financial information related to Google's operation of its advertising systems; (2) disclose information about the structure and operation of Google's internal systems and advertising infrastructure, including systems design and capabilities to competitors; and (3) provide competitors and business partners with insight into Google's strategic business decisions, and policies and priorities related to Google RTB.

7. I further understand that Google would suffer irreparable harm from the disclosure of such highly sensitive business information, as competitors and business partners could alter their own business practices based on previously undisclosed information that could be damaging to Google's competitive standing.

8. For these reasons, the Court has previously granted Google's sealing requests concerning Google's internal financial information related to Google RTB. *See, e.g.*, ECF No. 526 (N.D. Cal. May 23, 2023) (sealing discussions of what revenue Google receives when a RTB participant wins a bid and shows an ad through Google RTB).

9. I also understand that certain information in the documents cited in the table above contain references and discussions of highly sensitive, confidential, proprietary, non-public internal infrastructure names and technical details regarding Google's internal data systems and data logs and associated with Google RTB, as well as their proprietary functionalities and metrics.

**10.** If this technical and proprietary information is publicly disclosed, I understand that it will present serious risk of irreparable harm to Google, including cybersecurity risk, as third parties may seek to use this information to compromise Google's data sources, including data logs, internal data structures, and internal identifier systems. It may also present irreparable harm to Google's users by exposing them to targeting by bad actors, who could use the information related to these confidential, internal names and data logs to infer additional information about Google users that Google stores in those logs.

**11.** Finally, I understand that disclosure of particular data systems may make it easier for bad actors to piece together previously unconnectable facts, should those bad actors gain access to other documents or information that reference the same proprietary logs, infrastructure, and systems.

**12.** The Court has consistently granted Google's sealing requests related to descriptions of Google's internal logs and data systems throughout this litigation. *See, e.g.*, ECF No. 540 (N.D. Cal. June 8, 2023) (sealing portions of a joint letter brief containing technical details and discussions related to Google's highly sensitive internal dashboards, data logs, and data systems); ECF No. 531 (N.D. Cal. May 26, 2023) (sealing discussion of Google's "technical details and identifiers related to highly sensitive data logs and data systems."); ECF No. 384 (N.D. Cal. Dec. 19, 2022) (sealing information regarding Google's internal logs and the identifiers contained therein).

**13.** Attached hereto as Exhibit 1 is a copy of the joint letter brief regarding RFP Nos. 125-127 and 130-133 that highlights the specific information that Google seeks to maintain under seal.

**14.** Attached hereto as Exhibit 2 is a copy of the joint letter brief regarding Interrogatory No. 22 and RFP Nos. 128-129 that highlights the specific information that Google seeks to maintain under seal.

**15.** Attached hereto as Exhibit 3 is a copy of Exhibit B to the Joint Letter Brief Regarding Interrogatory No. 22 and RFP Nos. 128-129 that highlights the specific information that Google seeks to maintain under seal.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEC. OF W. SOMVICHIAN ISO GOOGLE'S
ADMIN. MOTION TO SEAL (ERRATA)
CASE NO. 4:21-CV-02155-YGR-VKD

16. Attached hereto as Exhibit 4 is a copy of Exhibit D to the Joint Letter Brief Regarding Interrogatory No. 22 and RFP Nos. 128-129 that highlights the specific information that Google seeks to maintain under seal.

17. Attached hereto as Exhibit 5 is the joint letter brief regarding Interrogatory No. 23 that highlights the specific information that Google seeks to maintain under seal.

18. Attached hereto as Exhibit 6 is a copy of the joint letter brief regarding RFP No. 141 that highlights the specific information that Google seeks to maintain under seal.

19. Attached hereto as Exhibit 7 is a copy of Exhibit A to the joint letter brief regarding RFP Nos. 125-127 and 130-133 that highlights the specific information that Google seeks to maintain under seal.

20. Attached hereto as Exhibit 8 is a copy of Exhibit B to the joint letter brief regarding RFP Nos. 125-127 and 130-133 that highlights the specific information that Google seeks to maintain under seal.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 2, 2024 in San Francisco, California.

*/s/ Whitty Somvichian*
Whitty Somvichian

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEC. OF W. SOMVICHIAN ISO GOOGLE'S
ADMIN. MOTION TO SEAL (ERRATA)
CASE NO. 4:21-CV-02155-YGR-VKD