# EXHIBIT B
# to Joint Letter Brief re
# RFPs 125-127, 130-133

**(REDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL)**

COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
ELIZABETH SANCHEZ SANTIAGO
(SBN 333789) (lsanchezsantiago@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: +1 202 842 7800
Facsimile: +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 124-133)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE LLC'S OBJECTIONS & RESPONSES
TO PLFS' EIGHTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 124:**

Documents sufficient to show, on an annual basis from January 1, 2016 through December 31, 2023, the total number of Google account holders subject to a U.S. Terms of Service.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request seeks information that Google does not maintain in the ordinary course of its business, and is disproportionate, burdensome, and overly broad in that it seeks the number of Google account holders, rather than the number of Google accounts. Google further objects that the phrases "annual basis" and "total number" are vague and ambiguous as neither are self-evident or defined. Google also objects to this Request in that Plaintiffs have taken the position that whether or not a particular account holder is "subject to a U.S. Terms of Service" is a legal conclusion. Google specifically objects that this Request is cumulative and duplicative of other Requests and therefore seeks to harass and delay the proceedings.

Subject to the foregoing objections, Google agrees to perform a reasonable search and to the extent reasonably available, produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 125:**

Documents sufficient to show, on an annual basis from January 1, 2016 through December 31, 2023, Your total U.S. Google RTB revenues involving Google account holders subject to a U.S. Terms of Service.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects to this Request as burdensome, disproportionate, and harassing in that it calls for Google to generate information that it does not keep in the ordinary course of its business or otherwise create documents that do not exist. Google additionally objects that this Request is disproportionate, burdensome, and overly broad in that it seeks the number of Google account holders, rather than the number of Google accounts. Google further objects that the phrases "annual basis," "total U.S. Google RTB revenues," and "involving" are vague and ambiguous as none are

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

GOOGLE LLC'S OBJECTIONS & RESPONSES
TO PLFS' EIGHTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

self-evident or defined. Google also objects to this Request in that Plaintiffs have taken the position that whether or not a particular account holder is "subject to a U.S. Terms of Service" is a legal conclusion.

Subject to the foregoing objections, Google has performed a reasonably diligent investigation and determined that it does not have documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 126:**

Documents sufficient to show, on an annual basis from January 1, 2016 through December 31, 2023, Your total U.S. Google RTB revenues involving Google account holders with I.P. addresses located in the U.S.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects to this Request as burdensome, disproportionate, and harassing in that it calls for Google to generate information that it does not keep in the ordinary course of its business or otherwise create documents that do not exist. Google additionally objects that this Request is disproportionate, burdensome, and overly broad in that it seeks the number of Google account holders, rather than the number of Google accounts. Google further objects that the phrases "annual basis," "total U.S. Google RTB revenues," and "involving" are vague and ambiguous as none are self-evident or defined. Google also objects to this Request as vague, ambiguous, and unintelligible as to how Google is to identify the "I.P. addresses located in the U.S." of specific account holders (e.g., whether at sign-up or at a later point in time).

Subject to the foregoing objections, Google has performed a reasonably diligent investigation and determined that it does not have documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 127:**

Documents sufficient to show the user information and Data (including but not limited to identifiers, IP Adress, and geo-location data) that Google's internal bidders in Google RTB auctions (such as DV360 and Google Ads and/or GDN) share with third parties, including advertisers.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

GOOGLE LLC'S OBJECTIONS & RESPONSES
TO PLFS' EIGHTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is vague and ambiguous as the phrases "user information and Data," "identifiers," "geo-location data," and "internal bidders" are not self-evident or defined. Google further objects to this Request as overbroad and not proportionate to the needs of the case to the extent it seeks information about "internal" bidders as this case is focused on "personal information" Google purportedly shares with third parties in Google RTB. *See* ECF No. 546 at 14:15-17 ("The common question for the trier of fact is whether . . . Google RTB transmits 'personal information' to third parties under Google's contract and California law"). Google also objects to this Request as overbroad, burdensome, and harassing in seeking information not proportionately limited in time. Google further objects that this Request is overbroad, not proportional to the needs of the case, and seeks information that is outside the scope of permissible discovery as set forth in Judge DeMarchi's September 6, 2022 Discovery Order, ECF No. 326 ("September 6, 2022 Order").

Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 128:**

Documents of revenue impact studies or experiments, whether conducted by Google or by any third-party on Google's behalf, including but not limited to those that are similar to GOOG-HEWT-00456342, GOOG-HEWT-00312065, or GOOG-HEWT-00278056, in which [REDACTED] analyzed, measured, estimated or quantified.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is cumulative and duplicative of other Requests and discovery disputes that the Parties have previously litigated, including the Requests at issue in the September 6, 2022 Order, and therefore seeks to harass and delay the proceedings. Google also objects that the vague and ambiguous term [REDACTED] renders this Request overbroad and not proportional to the needs of the case in that it is not limited to the alleged disclosure of Plaintiffs'

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

GOOGLE LLC'S OBJECTIONS & RESPONSES
TO PLFS' EIGHTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

limited in time. Google additionally objects that this Request is unduly burdensome in calling for information could have been more appropriately obtained through other discovery methods. Google also objects to this Request as vague and ambiguous in its call for information regarding "all Google RTB revenue."

Subject to the foregoing objections, Google is willing to meet and confer with Plaintiffs regarding the information sought.

**REQUEST FOR PRODUCTION NO. 130:**

Documents to support Your contention that the cost information in GOOG-HEWT-00455901 constitutes marginal costs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is cumulative and duplicative of other Requests concerning damages, including Request No. 53, and therefore seeks to harass and delay the proceedings. Google further objects that this Request is unduly burdensome in calling for information that could have been more appropriately obtained through other discovery methods. Google additionally objects to this Request as nonsensical to the extent it calls for Google's "contentions," in the context of a Request for a Production. Google additionally objects that this Request is vague and ambiguous because it does not specify where Google makes this "contention." Google further objects that the Request is overbroad and seeks irrelevant information because it is untethered to Google RTB.

Subject to the foregoing objections, Google is willing to meet and confer with Plaintiffs regarding the information sought.

**REQUEST FOR PRODUCTION NO. 131:**

Documents sufficient to show all U.S. RTB revenue marginal costs other than traffic acquisition costs as contended by Google's retained expert, Bruce Deal (Deal Report, p.14, n.39).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is cumulative and duplicative of other Requests

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

GOOGLE LLC'S OBJECTIONS & RESPONSES
TO PLFS' EIGHTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

concerning damages, including Request for Production No. 53, and therefore seeks to harass and delay the proceedings. Google further objects that this Request is unduly burdensome in calling for information that could have been more appropriately obtained through other discovery methods.

Subject to the foregoing objections, Google responds that it does not have documents responsive to this Request because it does not contend that the cost information in GOOG-HEWT-00455901 constitutes marginal costs.

**REQUEST FOR PRODUCTION NO. 132:**

Documents sufficient to show whether and the extent to which ▮▮▮▮▮▮ customers engage in re-targeting.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, seeks irrelevant information, is unduly burdensome, and is not proportional to the needs of the case because the Request is not limited in scope, encompasses materials that have no relation to U.S. Account Holders, and is not limited to Plaintiffs' central allegations regarding the alleged dissemination of personal or sensitive information to third party bid request recipients via RTB. Google additionally objects that this Request is vague and ambiguous as the terms "re-targeting" and ▮▮▮▮▮▮ are not self-evident or defined. Google additionally objects to this Request to the extent it seeks information outside of its possession, custody, and control. Google further objects to this Request as overbroad and not proportionate to the needs of the case to the extent it seeks information about ▮▮▮▮▮▮ as this case is focused on information Google purportedly shares with third parties in Google RTB. *See* ECF No. 546 at 14:15-17. Google further objects that the Request is overbroad and seeks irrelevant information because it is untethered to Google RTB. Google also objects to this Request as overbroad, burdensome, and harassing in seeking information not proportionately limited in time.

Subject to the foregoing objections, Google is willing to meet and confer with Plaintiffs regarding the information sought.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

GOOGLE LLC'S OBJECTIONS & RESPONSES
TO PLFS' EIGHTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

**REQUEST FOR PRODUCTION NO. 133:**

Documents sufficient to show, on an annual basis from January 1, 2016 through December 31, 2023, the proportion of Your revenue from ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉ that is generated from the bidders facilitating re-targeting campaigns.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

In addition to the foregoing General Objections, which Google incorporates by reference, Google specifically objects that this Request is overly broad, seeks irrelevant information, is unduly burdensome, and is not proportional to the needs of the case because the Request is not limited in scope, encompasses voluminous materials that have no relation to U.S. Account Holders, and is not limited to Plaintiffs' central allegations regarding the alleged dissemination of personal or sensitive information to third party bid request recipients via RTB. Google additionally objects that this Request is vague and ambiguous as the terms "re-targeting," "facilitating," and ▉▉▉▉▉▉ are not self-evident or defined. Google additionally objects to this Request to the extent it seeks information outside of its possession, custody, and control. Google further objects to this Request as overbroad and not proportionate to the needs of the case to the extent it seeks information about ▉▉▉▉▉▉▉▉▉ as this case is focused on information Google purportedly shares with third parties in Google RTB. *See* ECF No. 546 at 14:15-17. Google further objects that the Request is overbroad and seeks irrelevant information because it is untethered to Google RTB. Google also objects that this Request is facially nonsensical as it seeks information about revenue "generated from the bidders facilitating re-targeting campaigns" which is unintelligible in the context of this Request.

Subject to the foregoing objections, Google has not conducted and will not conduct searches for responsive documents, and, as a result will not produce documents in response to this Request.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

GOOGLE LLC'S OBJECTIONS & RESPONSES
TO PLFS' EIGHTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

| | |
|---|---|
| Dated: January 10, 2024 | COOLEY LLP<br><br>By: _____<br>*Whitty Somvichian*<br><br>Attorneys for Defendant<br>GOOGLE LLC |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

GOOGLE LLC'S OBJECTIONS & RESPONSES
TO PLFS' EIGHTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

# PROOF OF SERVICE

I am a citizen of the United States and a resident of the State of California. I am employed in San Francisco County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 3 Embarcadero Center, 20th Floor, San Francisco, California 94111-4004 and my email address is mnarvaez@cooley.com.

On January 10, 2024 I served the documents described below in the manner described below:

**GOOGLE LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 124-133)**

(BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP**<br>Lesley Weaver<br>Anne Davis<br>Joshua D. Samra<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel: (415) 445-4003<br>Fax: (415) 445-4020<br>Email: lweaver@bfalaw.com<br>adavis@bfalaw.com<br>jsamara@bfalaw.com<br><br>*Attorneys for Consolidated Plaintiffs* | **SIMMONS HANLY CONROY LLC**<br>Jason "Jay" Barnes (admitted *pro hac vice*)<br>An Truong (admitted *pro hac vice*)<br>112 Madison Avenue, 7th floor<br>New York, NY 10016<br>Tel: (212) 784-6400<br>Fax: (212) 213-5949<br>Email: jaybarnes@simmonsfirm.com<br>atruong@simmonsfirm.com<br><br>Jennifer Paulson (admitted *pro hac vice*)<br>One Court Street,<br>Alton, IL 62002<br>Tel: (618) 259-2222<br>Email: jpaulson@simmonsfirm.com<br><br>*Attorneys for Consolidated Plaintiffs* |
| **PRITZKER LEVINE LLP**<br>Elizabeth C. Pritzker<br>Jonathan Levine<br>Bethany Caracuzzo<br>1900 Powell Street, Suite 450<br>Emeryville, CA 94608<br>Tel: (415) 692-0772<br>Fax: (415) 366-6110<br>Email: ecp@pritzkerlevine.com<br>jkl@pritzkerlevine.com<br>bc@pritzkerlevine.com<br><br>*Attorneys for Consolidated Plaintiffs* | **DICELLO LEVITT GUTZLER LLC**<br>David A. Straite (*admitted pro hac vice*)<br>Corban Rhodes (*admitted pro hac vice*)<br>One Grand Central Plaza<br>60 E. 42nd Street, Suite 2400<br>New York, NY 10165<br>Tel: (646) 993-1000<br>Email: dstraite@dicellolevitt.com<br>crhodes@dicellolevitt.com<br><br>James Ulwick (*admitted pro hac vice*)<br>Ten North Dearborn St., 6th Floor<br>Chicago, IL 60602 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

GOOGLE LLC'S OBJECTIONS & RESPONSES
TO PLFS' EIGHTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD

| | Tel: (312) 214-7900<br>Email: Julwick@dicellolevitt.com<br><br>*Attorneys for Consolidated Plaintiffs* |
|---|---|
| **COTCHETT PITRE & McCARTHY**<br>Joe Cotchett<br>Nanci Nishimura<br>Brian Danitz<br>Jeffrey G. Mudd<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>Tel: 650-697-6000<br>Fax: 650-597-0577<br>Email: POmalley@cpmlegal.com<br>  nnishimura@cpmlegal.com<br>  BDanitz@cpmlegal.com<br>  JMudd@cpmlegal.com<br><br>Karin B. Swope<br>999 N. Northlake Way, Suite 215<br>Seattle, WA 98103<br>Email: KSwope@cpmlegal.com<br><br>*Attorneys for Consolidated Plaintiffs* | **BOTTINI & BOTTINI, INC.**<br>Francis A. Bottini, Jr.<br>Yury A. Kolesnikov<br>7817 Ivanhoe Avenue, Suite 102<br>La Jolla, CA 92037<br>Tel: (858) 914-2001<br>Fax: (858) 914-2002<br>Email: fbottini@bottinilaw.com<br>  ykolesnikov@bottinilaw.com<br><br>*Attorneys for Consolidated Plaintiffs* |

Executed on January 10, 2024, at San Francisco, California.

_____
Maita Narvaez

296213977

16

**GOOGLE LLC'S OBJECTIONS & RESPONSES
TO PLFS' EIGHTH SET OF RFPS
CASE NO. 4:21-CV-02155-YGR-VKD**

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO