COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
ELIZABETH SANCHEZ SANTIAGO
(SBN 333789) (lsanchezsantiago@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (DC No. 1034981)
(rsaldana@cooley.com)
(*Admitted pro hac vice*)
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, <br><br> This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD <br><br> **DECLARATION OF WHITTY SOMVICHIAN IN SUPPORT OF GOOGLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (ECF NO. 666)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEC. OF W. SOMVICHIAN ISO GOOGLE'S
RESPONSE TO PLAINTIFFS' ADMIN. MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

I, Whitty Somvichian, declare as follows:

1. I am an attorney at the law firm of Cooley LLP and an attorney of record for Google LLC ("Google") in *In re Google RTB Consumer Privacy Litigation*, Case No. 4:21-cv-02155. I am licensed to practice law in the state of California and am admitted to practice before this Court. I submit this declaration in support of Google's response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed. I have personal knowledge of the facts herein, and I am competent to testify. I submit this declaration pursuant to Local Rule 79-5.

2. On February 2, 2024, Plaintiffs filed an Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed (ECF No. 666) in connection with their Administrative Motion for Leave to Provide Courtesy Copies of Sealed Order Cited by Plaintiffs in the Parties' Joint Letter Brief re: Interrogatory No. 23 ("Plaintiffs' Motion") (ECF No. 667), the Joint Declaration of Lesley E. Weaver, Jason 'Jay' Barnes, and David A. Straite ("Joint Declaration") (ECF No. 667-1), and the three accompanying exhibits ("Exhibits") (ECF Nos. 667-2 through 667-4).

3. I have reviewed the documents that Google seeks to file under seal. The highlighted portions in these documents reflect highly confidential information disclosed in this matter, as well as information Google designated confidential or highly confidential information in the related matter *Calhoun v. Google*, No. 21-cv-05146. Based on my review and in consultation with my client, I understand that there is good cause to seal the following information:

| Document | Text to be Sealed | Basis for Sealing |
|---|---|---|
| Administrative Motion for Leave to Provide Courtesy Copies of Sealed Order Cited by Plaintiffs in the Parties' Joint Letter Brief re: Interrogatory No. 23 (ECF No. 666-3) | Portions highlighted at PDF pages 3:22-25, 4:12, 4:14-16 | I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including references and details related to Google's internal data systems, data infrastructure, and various types of Google's internal logs, as well as their proprietary functionalities and metrics, that Google maintains as confidential in the ordinary course of its business. This information is not generally known to the |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEC. OF W. SOMVICHIAN ISO GOOGLE'S
RESPONSE TO PLAINTIFFS' ADMIN. MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| | | |
|---|---|---|
| | | public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices, including its data structures and data sources, relating to competing products. The Court has previously sealed documents containing this same information. *See, e.g.,* ECF No. 384. |
| Joint Declaration of Lesley E. Weaver, Jason 'Jay' Barnes, and David A. Straite (ECF No. 666-4) | Portions highlighted at PDF pages 3:16-18, 3:22, 4:4, 4:8-9, 4:12, 4:14-15 | See above |
| Ex. A to Joint Declaration (ECF No. 666-5) | Portions highlighted at PDF pages 5:25, 6:2, 6:12, 6:14-17, 6:25-26, 8:6, 8:22, 9:20-21, 9:28, 10:20, 11:22, 12:3, 12:11-15, 13:4-5, 13:7-8, 13:12, 13:15-16, 13:24, 16:1-2, 16:4-6, 17-66, 68-143 | This document contains confidential information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly, and falls within the protected scope of the protective order entered in the related matter *Calhoun v. Google*, No. 21-cv-05146 (N.D. Cal.). *See Calhoun*, ECF No. 61 at 2-3. Specifically, this information provides details related to Google's internal data signals, and logs, and their proprietary functionalities, as well as internal metrics. Such information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services while complying with legal and privacy obligations. Public disclosure of the above- |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEC. OF W. SOMVICHIAN ISO GOOGLE'S
RESPONSE TO PLAINTIFFS' ADMIN. MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| | | |
|---|---|---|
| | | listed information would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary systems, strategies, designs, and practices to Google's competitors. That alone is a proper basis to seal such information. Judge Van Keulen has already granted Google's sealing request related to this document in *Calhoun*. *See Calhoun*, ECF No. 883. |
| Ex. B to Joint Declaration (ECF No. 666-6) | Portions highlighted at PDF pages 5:22, 6:3, 6:11-15, 7-8 | See above |
| Ex. C to Joint Declaration (ECF No. 666-7) | Portions highlighted at transcript pages 7:12, 7:17, 7:24, 8:17-18, 8:21, 9:5-12, 9:19, 10:17-21, 13:25, 14:1-9, 14:11-12, 15:15, 15:23, 16:10-11, 16:20, 17:2, 17:25, 18:7, 18:16, 19:4, 20:12, 20:15, 21:10, 23:9, 23:11-12, 25:13, 26:15, 29:4, 29:25, 35:7, 35:19, 36:10, 36:15, 37:7, 38:2, 38:12-13, 38:15, 38:17, 40:20, 40:23, 44:23, 48:18, 49:4, 49:8, 57:18 | This document contains confidential information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly, and falls within the protected scope of the protective order entered in the related matter *Calhoun v. Google*, No. 21-cv-05146 (N.D. Cal.). *See Calhoun*, ECF No. 61 at 2-3. Specifically, this information provides details related to Google's internal data signals, and logs, and their proprietary functionalities, as well as internal metrics. Such information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services while complying with legal and privacy obligations. Public disclosure of the above-listed information would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary systems, strategies, designs, and practices to Google's competitors. That alone is a proper basis to seal such information. Judge Van Keulen has already granted Google's sealing request related to this document in *Calhoun*. *See Calhoun*, ECF No. 768. |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEC. OF W. SOMVICHIAN ISO GOOGLE'S
RESPONSE TO PLAINTIFFS' ADMIN. MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

4. Google does not seek to redact or file under seal any of the remaining portions of these documents not indicated in the table above.

5. To the best of my knowledge, I understand that certain information in the documents cited in the table above contain references and discussions of highly sensitive, confidential, proprietary, non-public internal technical details regarding Google's internal data systems and data logs, as well as their proprietary functionalities and metrics, which Google does not share publicly.

6. If this technical and proprietary information is publicly disclosed, I understand that it will present serious risk of irreparable harm to Google, including cybersecurity risk, as third parties may seek to use this information to compromise Google's data sources, including data logs, internal data structures, and internal identifier systems. It may also present irreparable harm to Google's users by exposing them to targeting by bad actors, who could use the information related to these confidential, internal names and data logs to infer additional information about Google users that Google stores in those logs.

7. I further understand that revealing this information publicly may reveal Google's internal strategies, system designs, and business practices for operating and maintaining many of its important proprietary services thus jeopardizing Google's competitive standing. In this way, public disclosure of this information would harm Google's competitive standing that it has earned through years of innovation and careful deliberation.

8. Finally, I understand that disclosure of particular data systems may make it easier for bad actors to piece together previously unconnectable facts, should those bad actors gain access to other documents or information that reference the same proprietary logs, infrastructure, and systems.

9. The Court has consistently granted Google's sealing requests related to descriptions of Google's internal logs and data systems throughout this litigation. *See, e.g.*, ECF No. 540 (N.D. Cal. June 8, 2023) (sealing portions of a joint letter brief containing technical details and discussions related to Google's highly sensitive internal dashboards, data logs, and data systems); ECF No. 531 (N.D. Cal. May 26, 2023) (sealing discussion of Google's "technical details and identifiers related to highly sensitive data logs and data systems."); ECF No. 384 (N.D. Cal. Dec.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEC. OF W. SOMVICHIAN ISO GOOGLE'S
RESPONSE TO PLAINTIFFS' ADMIN. MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

1  19, 2022) (sealing information regarding Google's internal logs and the identifiers contained therein).

10. Attached hereto as Exhibit 1 is a copy of Plaintiffs' Motion that highlights in blue the specific information that Google seeks to maintain under seal.

11. Attached hereto as Exhibit 2 is a copy of the Joint Declaration that highlights in blue the specific information that Google seeks to maintain under seal.

12. Attached hereto as Exhibit 3 is a copy of Exhibit A to the Joint Declaration that highlights in blue the specific information that Google seeks to maintain under seal.

13. Attached hereto as Exhibit 4 is a copy of Exhibit B to the Joint Declaration that highlights in blue the specific information that Google seeks to maintain under seal.

14. Attached hereto as Exhibit 5 is a copy of Exhibit C to the Joint Declaration that highlights in blue the specific information that Google seeks to maintain under seal.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 16, 2024 in San Francisco, California.

/s/ Whitty Somvichian
Whitty Somvichian

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEC. OF W. SOMVICHIAN ISO GOOGLE'S
RESPONSE TO PLAINTIFFS' ADMIN. MOTION
CASE NO. 4:21-CV-02155-YGR-VKD