# EXHIBIT 1
# to the Declaration of W. Somvichian

# (REDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL)

**BLEICHMAR FONTI & AULD LLP**
Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
1330 Broadway, Suite 630
Oakland, CA 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*adavis@bfalaw.com*
*jsamra@bfalaw.com*

*Counsel for Plaintiffs in RTB and Calhoun*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *In re Google RTB Consumer Privacy Litigation*, <br><br> This document applies to: *all actions.* | Case No. 4:21-cv-02155-YGR-VKD <br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO PROVIDE COURTESY COPIES OF SEALED ORDER CITED BY PLAINTIFFS IN THE PARTIES' JOINT LETTER BRIEF RE: INTERROGATORY NO. 23** <br><br> **Civil L.R. 7-11** <br><br> Magistrate Judge Virginia K. DeMarchi <br><br> Hearing Date:   None set. |

**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1. Pursuant to Civil Local Rule 7-11 and the Court's August 25, 2022 Order Re Procedures for Implementing Order at Dkt. No. 242 Re *Calhoun* Discovery (ECF 313), and for the reasons set forth herein and in the accompanying Joint Declaration of Lesley E. Weaver, Jason 'Jay' Barnes, and David A. Straite dated February 2, 2024 ("Joint Decl."), Plaintiffs respectfully request that the Court permit Plaintiffs to provide courtesy copies of (1) a Court Order from the *Calhoun* action (*Calhoun* ECF 766), and (2) a transcript from a *Calhoun* hearing that is cited in the Court Order (*Calhoun* ECF 750), relating to the parties' Joint Letter Brief Regarding Interrogatory No. 23, filed this same date (the "Joint Letter Brief"). The courtesy copies are attached as Exhibits A – C to the Joint Declaration.

2. On January 29, 2024, *Calhoun* counsel informed Google that it intended to cite *Calhoun* ECFs 766 and 750 in the pending joint letter brief regarding Interrogatory 23, transmitted the Order and discovery hearing transcript to Google, and requested that Google agree to provide a courtesy copy of relevant excerpts to the Court. In addition, although *Calhoun* counsel understands that the Court's orders are not subject to the procedures set forth by ECF 313, they invited Google to meet and confer regarding the submission of a side-letter, as contemplated by ECF 313. *Id.*, ¶ 3. On January 30, 2024, Google declined *Calhoun* counsel's request to consent to courtesy copies, to meet and confer, and to file a side-letter. *Id.*

3. The July 15, 2022 Order regarding Preservation of Data Logs ("Order") and June 30, 2022 discovery hearing transcript referenced by the Court in its Data Log Preservation Order in the *Calhoun* action contain information relevant to the retention of data and preservation at-issue in the parties' Joint Letter Brief regarding Interrogatory 23. Specifically, Google's representation that it has no named plaintiff data, including verticals data, in the ▮▮▮▮▮▮▮▮▮▮ log (▮▮▮▮) prior to March 2020. The Order confirms that, contrary to Google's representation, the ▮▮▮ log had a retention period of greater than ▮▮ days when this litigation commenced, far different than the approximately ▮-day retention that Google disclosed in January 2023. The Order also reflects information regarding the preservation of Associating/Linking Data. The *Calhoun* hearing transcript is relevant because (in the portion cited by the Court in the Order),

1  Google counsel represented that it will retain an "audit trail" of any changes to data logs that could
2  easily be provided to Plaintiffs if needed. Plaintiffs respectfully ask that the Court grant leave to
3  provide courtesy copies of excerpts of the unredacted versions of the Order and discovery hearing
4  transcript.

5        Plaintiffs seek leave to provide courtesy copies to the Court so that it may more easily
6  review Plaintiffs' motion to compel Google to respond to Interrogatory 23. Plaintiffs' Exhibits
7  comply with the Court's Standing Order for Civil Cases, requesting that parties include as an
8  attachment to joint discovery letter briefs "the specific discovery material at issue ***and the***
9  ***responses***" thereto (Standing Order at 4(c)(IV) (emphasis added)). Plaintiffs' Exhibits reflect
10 information relevant to the retention of data and preservation dispute at hand. **Exhibits A and B**
11 include information indicating 1) that data relevant to Interrogatory 23 is readily available; 2) data
12 relating to the [redacted] were permitted to be de-crypted, re-encrypted, and
13 preserved, indicating that Google has the ability to preserve associating/linking data; 3) specific
14 fields in the [redacted] logs were preserved, thus indicating that Google has relevant RTB data pre-
15 dating March 2020; and 4) that the [redacted] log retention period as of September 16, 2021 was [redacted]
16 days, indicating that Google had up to [redacted] years of relevant data at the time of the filing of the
17 complaint in this action. Joint Decl., ¶ 6. **Exhibit C** includes Google's assurances, on the record,
18 that Google will retain an audit trail reflecting any changes to logs. Joint Decl., ¶ 7.

19       Providing the Court with unredacted courtesy copies of the related Order and transcript also
20 promotes judicial efficiency. Although the Court has access to the relevant Order and transcript, as
21 they appear on the *Calhoun* docket, the Order itself is voluminous and only certain pages contain
22 information relevant to the briefing regarding Interrogatory 23.

23       Given that the *Calhoun* Order and transcript are relevant to Plaintiffs' motion to compel
24 Google to respond to Interrogatory 23 and Plaintiffs' Exhibits include excerpts of the relevant
25 information, Plaintiffs respectfully ask the Court to grant Plaintiffs' request to submit the attached
26 Exhibits as supplementary material.

27       In accordance with Civil L.R. 7-11(a), *Calhoun* counsel attempted to get Google's
28

1  stipulation but Google refused. *See* Joint Decl. ¶ 3. A proposed order accompanies this motion.

3  DATED:  February 2, 2024                    Respectfully submitted,

**BLEICHMAR FONTI & AULD LLP**

By: */s/ Lesley E. Weaver*
Lesley Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
1330 Broadway, Suite 630
Oakland, California 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

**SIMMONS HANLY CONROY LLC**

By: */s/ Jay Barnes*
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Jenny Paulson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
jpaulson@simmonsfirm.com

**DiCELLO LEVITT LLP**

By: */s/ David A. Straite*
David A. Straite (admitted *pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel.: (646) 933-1000
dstraite@dicellolevitt.com

***Counsel for Plaintiffs in Calhoun and RTB***

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of February, 2024, at Traverse City, Michigan.

/s/ Lesley E. Weaver
Lesley E. Weaver