COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
ELIZABETH SÁNCHEZ SANTIAGO
(SBN 333789) (lsanchezsantiago@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:     +1 415 693 2000
Facsimile:     +1 415 693 2222

COOLEY LLP
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:     +1 202 842 7800
Facsimile:     +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

*[Additional counsel listed on signature page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to:  *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**JOINT OMNIBUS SEALING MOTION REGARDING PLAINTIFFS' CLASS CERTIFICATION MOTION AND RELATED FILINGS PER FEBRUARY 9, 2024 ORDER (ECF NO. 674)**<br><br>Re: Dkt. Nos. 499, 545, 547, 548, 549, 558, 583, 586, 587, 588, 608, 616, 618, 619, 620, 621, 622, 623, 627, 630, 633, 641, 643, 644, 649 |

Pursuant to Civil Local Rule 79-5 and this Court's Order (ECF No. 674), Plaintiffs and Google LLC ("Google"; together with Plaintiffs, the "Parties") file this Joint Omnibus Sealing Motion to seal documents that contain information the Parties and/or non-parties contend is sealable under controlling authority. The documents at issue were filed in connection with a motion for relief from a non-dispositive discovery order as well as the briefing on Plaintiffs' Motion for Class Certification ("Class Certification Motion"), Google LLC's Evidentiary Objections to Plaintiffs' Evidence in Support of Class Certification Reply Briefing ("Google's Evidentiary Objections"), and Plaintiffs' *Daubert* Motion to Exclude Google LLC's Expert Bruce Deal ("Plaintiffs' *Daubert* Motion"). Specifically, the Parties move to seal portions of the documents identified in the Declaration of Whitty Somvichian ("Somvichian Declaration") and the Declaration of Jonathan Levine ("Levine Declaration") filed concurrently herewith.[1] The Parties also filed motions to consider whether materials produced with confidentiality designations by four nonparties (The Trade Desk, The New York Times Company, Xandr, and NBC Universal) should be filed under seal, and briefly discuss those motions and responses thereto in this filing as well.

## I.    LEGAL STANDARD

A court may permit a party to file under seal documents, or portions thereof, that are privileged, protectable as a trade secret, or otherwise entitled to protection. Civ. L.R. 79-5; *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 n.3 (9th Cir. 2006). Further, the sealing request must also be narrowly tailored to seek sealing only of sealable material. Civ. L.R. 79-5(c).

In determining whether to permit documents to be filed under seal, courts in the Ninth Circuit apply two separate standards: (1) the "compelling reasons" test for sealing information in connection with motions for a determination on the merits of a claim or defense; and (2) the less-restrictive "good cause" test for sealing information in connection with non-dispositive filings.

---

[1] As explained in Mr. Somvichian's sealing declaration, Google previously submitted employee declarations from Glenn Berntson and Suneeti Vakharia in support of its prior sealing requests. *See* ECF Nos. 583-1 (Vakharia Decl. re sealing of class certification opposition materials), 583-2 (Berntson Decl. re sealing of class certification opposition materials), 643-1 (Berntson Decl. re sealing of class certification reply materials).  Mr. Somvichian's declaration references those employee declarations, where applicable.

*Kamakana*, 447 F.3d at 1178-79 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). Courts in the Northern District apply the good cause standard to discovery-related matters, and have applied both tests to address sealing requests in connection with class certification briefing. *See, e.g. Calhoun v. Google*, No. 20-cv-05146, ECF No. 327, at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."); *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 326 F.R.D. 592, 617 (N.D. Cal. 2018) (applying the compelling reasons standard to class certification briefing); *Hadley v. Kellogg Sales Co.*, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018) (applying compelling reasons standard to sealing requests related to class certification *Daubert* motions); *Dugan v. Lloyds TSB Bank, PLC*, 2013 WL 1435223, at *2 (N.D. Cal. Apr. 9, 2013) (applying the good cause standard to motions for class certification).

## II.     GOOGLE'S SEALING REQUESTS

Google respectfully requests sealing of highly sensitive proprietary information about (1) Google's business strategy, analysis, and revenue data regarding Google's Real-time Bidding system ("Google RTB") ; (2) internal policies and business strategy regarding data privacy and other internal topics; (3) page views of Google policies; (4) technical details regarding internal data logs and systems associated with Google RTB, including identifiers, internal code names, and internal metrics; (5) confidential contracts between Google and RTB partners; (6) and a Google employee's contact information. Much of this information is vital to Google's commercial success, and is the sort of "sensitive, non-public, confidential, and proprietary business information" that courts routinely seal under the compelling reasons standard. *Adtrader, Inc. v. Google LLC*, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020). Indeed, as explained below, ***this Court and others in this District have previously sealed identical or closely analogous information in this and other cases***. Google's sealing requests are also "narrowly tailored to seal only the sealable material" in order to balance the public right of access. Civ. L.R. 79-5(c).

***Business Strategy Regarding RTB.***   First, certain portions of the briefing in connection with the Class Certification Motion and Plaintiffs' *Daubert* Motion reflect highly sensitive and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

confidential information about Google's business strategy and analysis regarding Google RTB, including discussion about product strategy, revenue metrics, financial information, and decision-making. (*See, e.g.*, Somvichian Decl. at 48-49.) Disclosure of this information would cause irreparable harm to Google by providing competitors and business partners with insight into Google's strategic business decisions and policies and priorities related to Google RTB, as well as highly confidential financial information related to Google's advertising systems. (*See, e.g.*, *id.*) Furthermore, such disclosure would reveal to competitors and the public information about the structure and operation of Google's internal systems and advertising infrastructure as well as capabilities and design of Google's advertising systems used to handle user data. *Id.* As a result, Google's competitive standing could be jeopardized if competitors and business partners make changes to their business practices in response to this information. This type of highly confidential business information is routinely sealed by courts in this district. *See Rodman v. Safeway Inc.*, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (sealing "internal, nonpublic information discussing [the defendant's] pricing strategy, business decisionmaking [sic], and financial records, which would expose [the defendant] to competitive harm if disclosed"); *Unlockd Media, Inc. Liquidation Tr. v. Google LLC*, 2022 WL 4624985, at *2 (N.D. Cal. Sept. 30, 2022) (sealing information related to the company's business model); *Kumandan v. Google LLC*, 2022 WL 17971644, at *1 (N.D. Cal. Oct. 17, 2022) (sealing financial information concerning Google's business opportunities and risks, and profits and losses).

***Discussions of Data Privacy and Data Practices.*** Second, certain portions of briefing in connection with the Class Certification Motion and Plaintiffs' *Daubert* Motion reveal highly sensitive and confidential information about Google's internal policies and business strategy related to its advertising products more generally, including discussions about data privacy and data practices as to third parties. (*See, e.g.*, Somvichian Decl. at 38-39.) Courts have found that this type of information warrants sealing as well. *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, 2017 WL 10505263, at *2 (N.D. Cal. Mar. 14, 2017) (sealing discussions about "strategy, policy, and practices related to AdSense"); *Cowan v. GE Cap. Retail Bank*, No. 13-cv-03935-BLF, 2015 WL 1324848, at *3 (N.D. Cal. Mar. 24, 2015) (sealing documents describing "internal

procedures for addressing cardholder fraud notifications, as well as risk management and legal compliance in investigating fraud"). Disclosure of this information, like disclosure of Google's financial and RTB-related strategy information, would cause irreparable competitive harm by revealing to its competitors sensitive details about Google's operations, strategies, capabilities, and priorities that could cause these actors to alter their practices in relation to competing products. (*See, e.g.*, *id.*)

*Page views of Google Policies.* Third, portions of the briefing in connection with the Class Certification Motion contain highly sensitive and confidential information related to page views of Google policies. (*See* Declaration of Suneeti Vakharia, ECF No. 592-5.) These metrics are associated with internal strategies and business practices for operating and maintaining many of Google's important services. (Somvichian Decl. at 53-54.) While Google acknowledges that this Court declined to seal different page view counts of a specific policy in the related *Brown* action, Google respectfully submits that the information at issue in this case reflects different metrics than those at issue in *Brown* and is thus not already publicly available. *Compare Brown, et al. v. Google*, No. 4:20-cv-03664 (N.D. Cal.), ECF No. 804 at 16 (declining to seal McPhie Declaration (ECF No. 659-6) at 16:15) *with* ECF No. 952-5 ¶ 3-6. Further, the disclosure of this information would irreparably harm Google's competitive standing as it would (1) reveal information about the structure and operation of Google's communications with users and other infrastructure to competitors; and (2) provide insight into Google's strategic business decisions and priorities. (Somvichian Declaration at 53-54.)

*Sensitive Details Regarding Data Logs and Systems.* Fourth, Google also seeks to seal portions of materials that discuss the highly sensitive, confidential, and proprietary technical details regarding internal data logs and systems associated with Google RTB, including identifiers, internal code names, dashboards, and internal metrics. (*See, e.g.*, Somvichian Decl. at 9-10.)   This information is of significant commercial importance to Google, and its disclosure to the public could adversely affect Google's competitive standing by revealing details of Google's operations and strategy to other firms. (*See, e.g.*, *id.*)  Public disclosure of this information would also create a risk of cybersecurity threats by giving bad actors access to names of Google's logs, internal code

1    names, or descriptions of particular data systems, all of which may make it easier for bad actors to

2    piece together and exploit previously unconnectable facts. (*See, e.g.*, *id.*) This would further

3    jeopardize Google's data infrastructure as bad actors could target and seek to compromise Google's

4    systems. (*See, e.g.*, *id.*)

5        Courts in this District regularly seal similar technical details (including Google's own

6    materials) regarding a company's data infrastructure. *In re Google Inc. Gmail Litig.*, No. 13-MD-

7    02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding compelling reasons to

8    seal information about structures that Google has in place and the order in which emails go through

9    these structures); *see also In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 3:18-MD-

10   02843-VC, ECF No. 1082 (N.D. Cal. Dec. 6, 2022) (finding good cause to seal certain highly

11   technical information related to its data systems).

12       In light of each of these risks, throughout the litigation, this Court has sealed similar

13   information and descriptions of internal logs and data systems. *See, e.g.*, ECF No. 540 (sealing

14   portions of joint letter brief containing technical details and account identifiers related to Google's

15   highly sensitive data logs and data systems); ECF No. 531 (similar).

16       ***Excerpts of Confidential Customer Contracts.*** Fifth, Google seeks to seal excerpted

17   portions of contracts between Google and RTB partners, as well as briefing implicating these

18   materials. These contracts contain highly sensitive commercial information and are designated as

19   "Highly Confidential – Attorneys' Eyes Only." Specifically, these excerpts contain information

20   about Google's commercial practices and some of the terms of its relationships with third parties.

21   Public disclosure of these contracts could hinder Google's competitive standing and future

22   negotiations with potential business partners. (Somvichian Decl. at 57.)   Courts routinely seal

23   similar types of proprietary information. *See Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-

24   00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019)*; Nicolosi Distrib., Inc. v.*

25   *Finishmaster, Inc.*, No. 18-CV-03587-BLF, 2018 WL 3932554, at *3 (N.D. Cal. Aug. 16, 2018)

26   (sealing business contracts containing "trade secrets and commercial practices, including product

27   rates, rate structures, customers' purchase requirements, and the conditions for advance payments,

28   among other proprietary information.").

***Confidential Contact Information.*** Lastly, Google seeks to seal certain materials that contain confidential contact information for a current Google employee who is not a party to this litigation. (*See, e.g.*, Somvichian Decl. ¶ 64.) Courts, including in this litigation, regularly seal this information to protect employees' confidentiality and prevent unwanted harassment. *See, e.g.*, ECF No. 425 at 2 (sealing "names and email addresses of current and former Google employees"); *Klein v. Meta Platforms, Inc.*, 2022 U.S. Dist. LEXIS 44076, at *12 (N.D. Cal. Mar. 11, 2022).

As the Designating Party, Google respectfully request that the Court seal the following portions of Plaintiffs' and Google's filings related to the briefing in connection with the Class Certification Motion, Google's Evidentiary Objections, and Plaintiffs' *Daubert* Motion:

### Google's Confidential Information in Plaintiffs' Class Certification Motion

- Portions of Plaintiffs' Memorandum of Points and Authorities in Support of Class Certification Motion (ECF No. 546);

- Portions of Exhibit 1 to Pritzker Declaration in Support of Class Certification Motion (Shafiq Report) (ECF No. 546-3);

- Portions of Exhibit 2 to Pritzker Declaration in Support of Class Certification Motion (Wilson Report) (ECF No. 546-4);

- Portions of Exhibit 3 Exhibit 3 to Pritzker Declaration in Support of Class Certification Motion (Zeithammer Report) (ECF No. 546-5);

- Portions of Exhibit 4 to Pritzker Declaration in Support of Class Certification Motion (Regan Report) (ECF No. 546-6);

- Portions of Exhibit 5 to Pritzker Declaration in Support of Class Certification Motion (Richards Report) (ECF No. 546-7);

- Exhibit 12 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00349634) (ECF No. 546-14);

- Exhibit 13 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00455800) (ECF No. 546-15);

- Exhibit 15 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00455648) (ECF No. 546-17);

- Portions of Exhibit 17 to Pritzker Declaration in Support of Class Certification Motion (Levitte Deposition Excerpts) (ECF No. 546-19);

- Portions of Exhibit 18 to Pritzker Declaration in Support of Class Certification Motion (Berntson Deposition Excerpts) (ECF No. 546-20);

- Exhibit 19 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00456419) (ECF No. 546-21);

- Exhibit 20 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00098506) (ECF No. 546-22);

- Exhibit 21 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00481219) (ECF No. 546-23);

- Exhibit 22 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00481225) (ECF No. 546-24);

- Exhibit 23 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00480493) (ECF No. 546-25);

- Exhibit 24 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00099180) (ECF No. 546-26);

- Portions of Exhibit 25 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00330759) (ECF No. 546-27);

- Exhibit 26 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-0035713) (ECF No. 546-28);

- Portions of Plaintiffs' Proposed Order re Class Certification Motion (ECF No. 546-46).

**Google's Confidential Information in Google's Opposition to Plaintiffs' Class Certification Motion**

- Portions of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 583-3 (Redacted) / ECF No. 583-4 (Unredacted));

- Portions of Expert Report of Aaron Striegel, Ph.D. In Support of Google LLC's Opposition

to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 584-1 (Redacted) / ECF No. 584-2 (Unredacted));

- Portions of Expert Report of Kostantinos Psounis, Ph.D. In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 584-3 (Redacted) / ECF No. 584-4 (Unredacted));

- Portions of Expert Report of Dominique Hanssens, Ph. D. In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 584-5 (Redacted) / 584-6 (Unredacted));

- Portions of Expert Report of Bruce Deal, Ph.D. In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 584-7 (Redacted) / ECF No.584-8 (Unredacted));

- Portions of Exhibit 6 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Berntson Deposition Excerpts) (ECF No. 584-10 (Redacted) / ECF No. 584-11 (Unredacted));

- Portions of Exhibit 10 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Regan Deposition Excerpts) (ECF No. 585-6 (Redacted) / ECF No. 585-7 (Unredacted));

- Portions of Exhibit 12 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Shafiq Deposition Excerpts) (ECF No. 585-9 (Redacted) / ECF No. 585-10 (Unredacted));

- Portions of Exhibit 16 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Wilson Deposition Excerpts) (ECF No. 585-15 (Redacted) / ECF No. 585-16 (Unredacted));

- ·Portions of Exhibit 20 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Google's Revised Supplemental Responses to 4th Set of Interrogatories) (ECF No. 585-21 (Redacted) / ECF No. 585-22 (Unredacted));

- Exhibit 21 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00012303) (ECF No. 589-1 (Sealed) / ECF No. 589-2 (Unsealed));

- Exhibit 22 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00018008) (ECF No. 589-3 (Sealed) / ECF No. 589-4 (Unsealed));

- Exhibit 23 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00047130) (ECF No. 589-5 (Sealed) / ECF No. 589-6 (Unsealed));

- Exhibit 24 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00047191) (ECF No. 589-7 (Sealed) / ECF No. 589-8 (Unsealed));

- Exhibit 25 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00057910) (ECF No. 589-9 (Sealed) / ECF No. 589-10 (Unsealed));

- Exhibit 26 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00098506) (ECF No. 590-1 (Sealed) / ECF No. 590-2 (Unsealed));

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- Portions of Exhibit 27 Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00259486) (ECF No. 590-3 (Sealed) / ECF No. 590-4 (Sealed));

- Exhibit 28 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00455648) (ECF No. 590-5 (Sealed) / ECF No. 590-6 (Unsealed));

- Exhibit 29 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00455801) (ECF No. 590-7 (Sealed) / ECF No. 590-8 (Unsealed));

- Exhibit 33 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00456337) (ECF No. 590-12 (Sealed) / ECF No. 590-13 (Unsealed));

- Exhibit 34 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00456348) (ECF No. 590-14 (Sealed) / ECF No. 590-15 (Unsealed));

- Exhibit 35 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00480493) (ECF No. 590-16 (Sealed) / ECF No. 590-17 (Unsealed));

- Exhibit 36 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00481219) (ECF No. 591-1 (Sealed) / ECF No. 591-2 (Unsealed));

1

- Exhibit 37 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to
2   Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and
3   Class Counsel (GOOG-HEWT-00481705) (ECF No. 591-3 (Sealed) / ECF No. 591-4
4   (Unsealed));

5

- Exhibit 38 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to
6   Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and
7   Class Counsel (GOOG-HEWT-00481706) (ECF No. 591-5 (Sealed) / ECF No. 591-6
8   (Unsealed));

9

- Exhibit 39 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to
10   Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and
11   Class Counsel (GOOG-HEWT-00481707) (ECF No. 591-7 (Sealed) / ECF No. 591-8
12   (Unsealed));

13

- Exhibit 40 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to
14   Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and
15   Class Counsel (GOOG-HEWT-00481708) (ECF No. 591-9 (Sealed) / ECF No. 591-10
16   (Unsealed));

17

- Exhibit 41 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to
18   Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and
19   Class Counsel (GOOG-HEWT-00481709) (ECF No. 591-11 (Sealed) / ECF No. 591-12
20   (Unsealed));

21

- Exhibit 42 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to
22   Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and
23   Class Counsel (GOOG-HEWT-00481710) (ECF No. 591-13 (Sealed) / ECF No. 591-14
24   (Unsealed));

25

- Portions of Declaration of Glenn Berntson In Support of Google LLC's Opposition to
26   Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and
27   Class Counsel (ECF No. 592 (Redacted) / ECF No. 592-1 (Unredacted));

28

- Portions of Declaration of Suneeti Vakharia in Support of Defendant Google LLC's

Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 592-4 (Redacted) / ECF No. 592-4 (Unredacted)).

**Google's Confidential Information in Plaintiffs' Reply In Support of Class Certification Motion**

- Portions of Plaintiffs' Reply in Support of Motion for Class Certification (ECF No. 617);

- Portions of Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (ECF No. 617-1);

- Portions of Exhibit 43 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Rebuttal Report of Professor Zubair Shafiq) (ECF No. 617-3);

- Portions of Exhibit 44 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Rebuttal Report of Professor Christopher Wilson) (ECF No. 617-4);

- Portions of Exhibit 44 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Rebuttal Report of Professor Christopher Wilson) (ECF No. 617-4);

- Portions of Exhibit 45 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Rebuttal Report of Professor Robert Zeithammer) (ECF No. 617-5);

- Portions of Exhibit 46 to Reply Declaration of Elizabeth C. Pritzker In Support o Plaintiffs' Motion for Class Certification (Rebuttal Report of Greg J. Regan) (ECF No. 617-6);

- Portions of Exhibit 46 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Rebuttal Report of Greg J. Regan)  (ECF No. 617-6);

- Portions of Exhibit 47 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Rebuttal Report of Professor Neil Richards) (ECF No. 617-7)

- Exhibit 50 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Google Third-Party Contracts) (ECF No. 617-10);

- Portions of Exhibit 51 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Berntson Deposition Excerpts) (ECF No. 617-11);

- Portions of Exhibit 52 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Vakharia Deposition Excerpts) (ECF No. 617-12);

- Portions of Exhibit 53 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Psounis Deposition Excerpts) (ECF No. 617-13);

- Portions of Exhibit 54 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Striegel Deposition Excerpts) (ECF No. 617-14);

- Portions of Exhibit 56 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Deal Deposition Excerpts) (ECF No. 617-16);

- Portions of Exhibit 57 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Hanssens Deposition Excerpts) (ECF No. 617-17);

- Portions of Exhibit 59 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Levitte Deposition Excerpts) (ECF No. 617-19).

**Google's Confidential Information in Google's Evidentiary Objections to Plaintiffs' Evidence in Support of Reply In Support of Class Certification**

- Portions of Declaration of Aarti Reddy in Support of Google's Objections to Plaintiffs' Evidence in Support of Class Certification Reply Briefing (ECF No. 628-1);

- Portions of Exhibit 3 to Declaration of Whitty Somvichian in Support of Google's Objections to Plaintiffs' Evidence in Support of Class Certification Reply Briefing (Berntson Deposition Excerpts) (ECF No. 628-4).

**Google's Confidential Information in Plaintiffs' *Daubert* Motion**

- Portions of Plaintiffs' Daubert Motion to Exclude the Expert Testimony of Bruce Deal (ECF No. 623-3);

- Portions of Exhibit 1 to Declaration Lesley E. Weaver In Support of Plaintiffs' Daubert

Motion to Exclude the Expert Testimony of Bruce Deal (Deal Deposition Excerpts) (ECF No. 623-4);

- Portions of Exhibit 2 to Declaration Lesley E. Weaver In Support of Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Levitte Deposition Excerpts) (ECF No. 623-5)

- Exhibit 4 to Declaration Lesley E. Weaver In Support of Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Vakharia Deposition Exhibit 8) (ECF No. 623-7).

**Google's Confidential Information in Google's Opposition to Plaintiffs' *Daubert* Motion**

- Portions of Google's Opposition to Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (ECF No. 635);

- Portions of Exhibit 1 to the Declaration of Aarti Reddy ("Reddy Declaration") in Support of Google's Opposition to Plaintiffs' Daubert Motion to Exclude the Expert Testimony of Bruce Deal (Deal Deposition Excerpts) (ECF No. 635-2);

- Portions of Exhibit 2 to the Reddy Declaration in Support of Google's Opposition to Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Berntson Deposition Excerpts) (ECF No. 635-3);

- Portions of Exhibit 3 to the Reddy Declaration in Support of Google's Opposition to Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Regan Deposition Excerpts) (ECF No. 635-4).

**Google's Confidential Information in Plaintiffs' Reply In Support of Plaintiffs' *Daubert* Motion**

- Portions of Plaintiffs' Reply in Support of *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (ECF No. 642);

- Portions of Exhibit 1 to Declaration of H. Melissa Mather in Support of Plaintiffs' Reply in Support of *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Belov

Deposition Excerpts) (ECF No. 642-2);

- Portions of Exhibit 2 to Declaration of H. Melissa Mather in Support of Plaintiffs' Reply in Support of Daubert Motion to Exclude the Expert Testimony of Bruce Deal (Berntson Deposition Excerpts) (ECF No. 642-3).

- Portions of Exhibit 3 to Declaration of H. Melissa Mather in Support of Plaintiffs' Reply in Support of Daubert Motion to Exclude the Expert Testimony of Bruce Deal (Deal Deposition Excerpts) (ECF No. 642-4).

**Google's Confidential Information in Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order of Magistrate Judge**

- Portions of the Declaration of Jonathan K. Levine In Support of Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order) (ECF No. 499-3);

- Portions of Exhibit A to the Declaration of Jonathan K. Levine (Deposition of Stanislav Belov) In Support of Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order) (ECF No. 499-4);

- Exhibit B to Declaration of Jonathan K. Levine In Support of Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order) (ECF No. 499-5);

- Exhibit C to Declaration of Jonathan K. Levine In Support of Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order) (ECF No. 499-6);

- Exhibit D to Declaration of Jonathan K. Levine In Support of Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order) (ECF No. 499-7)

- Exhibit E to Declaration of Jonathan K. Levine In Support of Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order) (ECF No. 499-8)

## III.   PLAINTIFFS' SEALING REQUESTS

Plaintiffs, as Designating Party, respectfully request that the Court seal the following portions of Plaintiffs' and Defendant Google, LLC's ("Google")'s filings related to Plaintiffs' Motion for Class Certification, Google's Opposition thereto, and Plaintiffs' Reply in support:

1. Portions of the Expert Class Certification Report of Professor Zubair Shafiq, submitted by plaintiffs as Exhibit 1 in support of Plaintiffs' Motion for Class Certification (sealed

version: ECF 545-5, public version re-redacted by Google: ECF 558-5), specifically at the highlighted portions at **¶ 42(b), Table 2 to ¶ 42(e), ¶ 42(f), ¶ 46(a)-(g), and FNs 18, 19, 23, 24, 25, 26, 27, and 28**. This data reflects sensitive personal information of the named plaintiffs, including the "verticals" into which Google classified them, their location, and their search history;

2. Portions of the Expert Class Certification Report of Professor Christopher Wilson, submitted by plaintiffs as Exhibit 2 in support of Plaintiffs' Motion for Class Certification (sealed version: ECF 545-6; public version re-redacted by Google: ECF 558-6), at **Table 5 in ¶ 95**, **left-most column** entitled "Google account" only. This column identifies the named plaintiffs' Google account names which are portions of their Gmail email addresses with which they could be contacted against their wishes and which are therefore personal and private information that should remain sealed from public view. Plaintiffs do not seek to seal the other columns in Table 5;

3. Portions of Google's Opposition ("Oppn.") to Plaintiffs' Motion for Class Certification (sealed version: ECF 588-3, public redacted version: ECF 583-3), at **page 10, FN 9, citing to Table 5** in the Expert Class Certification Report of Professor Christopher Wilson, submitted by plaintiffs in support of plaintiffs' Motion for Class Certification (sealed version: ECF 545-6; public version re-redacted by Google: ECF 558-6). Plaintiffs respectfully seek only to seal the left-most column of Table 5. *See* ¶ 2 immediately above;

4. Portions of the expert report of Google's expert Aaron Striegel, Ph.D., submitted by Google as Exhibit 1 to the Somvichian Decl. in support of Google's Oppn. (sealed version: ECF 584-1, corrected sealed version: ECF 602-1, corrected public redacted version: 602-2), at **¶¶ 47-52**. Those portions of Dr. Striegel's report contain information identifying the named plaintiffs by name and with location coordinates or describing the "verticals" into which Google classified certain named plaintiffs;

5. Portions of the deposition transcript of named Plaintiff Terry Diggs, submitted by Google as Ex. 7 to the Somvichian Decl. (sealed version: ECF 585-2, public redacted

version ECF 585-1, corrected re-redacted version: 602-5), at **7:8-13**[2], **199:17, 21 and 24,   and 200:16**. In these excerpts, Ms. Diggs' private health information and a particular medical diagnosis she has are discussed;

6.   Portions of the deposition transcript of named Plaintiff Rethena Green, submitted by Google as Ex. 8 to the Somvichian Decl. (sealed version: ECF 585-4, public redacted version: ECF 585-3), at **40:14 and 40:25**. In these excerpts, Ms. Green's private health information and her medical diagnosis are discussed;

7.   Portions of the deposition transcript of named Plaintiff Kimberley Woodruff, submitted by Google as Ex. 17 to the Somvichian Decl. (sealed version: ECF 585-18, public redacted version: ECF 585-17), at **pages 59-63**. These excerpts discuss Ms. Woodruff's private medical information and personal information regarding private online searches she conducted;

8.   Portions of the Expert Class Certification Rebuttal Report of Professor Zubair Shafiq, submitted by plaintiffs as Exhibit 43 in support of their Reply (sealed version: ECF 616-5, public redacted version: ECF 617-3), specifically at the highlighted portions of **¶¶ 44, 45 and 47.** Those paragraphs reflect personal and private URL and location data regarding certain named plaintiffs, produced by Google;

Good cause exists under Fed. R. Civ. P. 26(c) to seal this information because the information identified reflects sensitive, personal information concerning the  named plaintiffs, including the "verticals" into which Google classified them, their location, and their Google account names which include portions of their personal gmail email addresses, or contains private personal medical information, or reflects private internet searches and use.  Plaintiffs seek this relief in good faith in order to protect the privacy rights of the named plaintiffs and plaintiffs have legitimate privacy interests in this information and will be injured if it is made public. *See* L.R. 79-5(c)(1). This information that is relevant to both parties' briefing with respect to plaintiffs' Motion for Class Certification, and therefore are necessary to be included, and the request to seal cannot be

---

[2] Page 7 was not redacted in Google's original filing, ECF 585-2. Google did re-submit the Diggs' deposition transcript with page 7 redacted on Oct. 3, 2023, and moved to correct the record. (ECFs 601, 602). But ECF 585-2 at 7:8-13 still must be ordered sealed.

1    more narrowly drawn by plaintiffs without injuring them. *See id.* There is also a compelling need

2    to seal this information to protect the plaintiffs' personal private medical information, medical

3    diagnoses, web searches, and Gmail account names. There is no need for public access to these

4    very narrow categories of personal private information of the plaintiffs, nor would access to this

5    information provide the public with any understanding of the judicial process. *See Kamakana v.*

6    *City and County of Honolulu*, 447 F3d 1172, 1178, 1181 (9th Cir. 2006); *see also* Decl. of Jonathan

7    K. Levine filed herewith, at ¶ 3. No opposition to plaintiffs' motions to seal have been filed.

8    **IV.     THIRD-PARTY SEALING REQUESTS**

9    **Third Parties' Confidential Materials in Plaintiffs' Filings:**

10       In addition, in connection with the parties' class certification briefing, Plaintiffs filed the

11   following materials produced by third parties under seal in accordance with those third parties'

12   Confidentiality designations:

13       1.  The New York Times ("The Times"):

14       •  Portions of the Expert Class Certification Report of Professor Christopher Wilson

15          (sealed version: ECF 545-6, public redacted version: 558-6), narrowed by The

16          Times in ECF 556 to (i) the numerical figure contained in the last sentence of ¶ 38,

17          (ii) the "UserID" figure contained in Table 2 (¶ 39), and (iii) the "UserID" figure

18          contained in Table 3 (¶ 40);

19       •  Portions of plaintiffs' Reply brief (sealed version: ECF 616-3, public redacted

20          version ECF 617), narrowed by The Times in ECF 626 to (i) numerical figures

21          contained on lines 8 and 17 of page 4, and (ii) a numerical figure contained in line

22          15 of page 5;

23       •  Portions of plaintiffs' Exhibit 44, Expert Class Certification Rebuttal Report of

24          Professor Christopher Wilson (sealed version: ECF 616-6, public redacted version:

25          ECF 617-4), narrowed by The Times in ECF 626 to (i) certain numerical values in

26          ¶ 48; (ii) certain names of data fields and percentages contained in ¶ 51; (iii)

27          certain names of data fields, numerical values, and percentages in ¶¶ 53, 56 &

28          n.50; (iv) certain numerical values in ¶ 59; (v) certain names of data fields in ¶ 64;

and (vi) certain names of data fields, text, and percentages in ¶ 66 prior to the last line of page 20.

2.   The Trade Desk ("TTD"):

- Portions of plaintiffs' Reply brief (ECF 616-3/ECF 617), at page 4, lines 7 and 17, and page 5 lines 15 and 17;

- Portions of plaintiffs' Exhibit 44, Expert Class Certification Rebuttal Report of Professor Christopher Wilson (ECF 616-6), at ¶¶ 13, 46, 55, 57, 58, 65 and FNs 39, 49, 55;

3.   NBCU:

- Portions of plaintiffs' Reply brief (ECF 616-3/ECF 617) at page 7, FN 24;

- Plaintiffs' Exhibit 50-B in its entirety (NBCU_HEW_00001: excerpt of contract between NBCU and Google) (ECF 616-11);

4.   Xander:

- Plaintiffs' Reply brief (ECF 616-3) at page 7, FN 24;

- Plaintiffs' Exhibit 50-C in its entirety (XANDR-RTB-000000005: excerpt of contract) (ECF 616-11);

Regarding these materials, Plaintiffs' respective administrative motions to consider whether another party's materials should be sealed as to each of these third parties were all timely served by Plaintiffs on counsel for these third parties (ECFs 548, 549, 619, 620, 621, and 622).

The Times timely filed a statement in support of maintaining under seal a narrowed scope of information in ECF 556 (filed on August 4, 2023) and ECF 626 (filed on December 6, 2023).[3] Sealing this information is warranted because it constitutes either (i) commercially and competitively sensitive information, the divulgence of which would result in competitive harm to The Times; or (ii) sensitive customer information, the divulgence of which would result in substantial harm to certain of The Times's customers.  *See* ECF 556 and Glogovsky Decl. (dated August 3, 2023) ¶¶ 8-9; ECF 626 and Glogovsky Decl. (dated December 6, 2023) ¶ 7.  The Court

---

[3] As of the date of this filing, no other third parties submitted support for sealing their Confidential materials.

1   is directed to The Times's filings and submissions in support of sealing such information.  No

2   opposition to The Times's filings and submissions in support of sealing this information (ECF 556

3   and ECF 626) has been filed.

4                            **The Times's Confidential Materials in Defendant's Filings**:

5          Google filed the following materials produced by The Times under seal in accordance with

6   The Times's Confidentiality designations (*see* ECF 586):

7   •   A single numerical figure contained in the upper right cell of the chart at the bottom of

8        page 9 of Google's Opposition to Plaintiffs' Motion for Class Certification (ECF 583-3

9        and 583-4);

10  •   Portions of the Expert Report of Aaron Striegel, Ph.D (ECF 584-1 and 584-2, re-filed as

11       ECF 602-1 and 602-2), narrowed by The Times in ECF 604 to (i) the name of a data

12       field, a numerical value, and a percentage in the fifth sentence of ¶ 17; (ii) a numerical

13       value contained in the last full sentence of ¶ 102; (iii) certain names of data fields,

14       numerical values, and percentages in ¶¶ 103-108 & n. 82; and (iv) a numerical value in

15       the first sentence of ¶ 155.

16         Regarding these materials, The Times timely filed a statement in support of maintaining

17  under seal a narrowed scope of information in ECF 604 (filed on October 5, 2023).  Sealing this

18  information is warranted because it constitutes commercially and competitively sensitive

19  information, the divulgence of which would result in competitive harm to The Times.  *See* ECF 604

20  and Glogovsky Decl. (dated October 5, 2023) ¶ 7.  The Court is directed to The Times's filing in

21  support of sealing such information.  No opposition to The Times's submission in support of sealing

22  this information (ECF 604) has been filed.

23

24

25

26

27  ////

28  ////

1

2

Respectfully submitted,

3

**PRITZKER LEVINE LLP**

**COOLEY LLP**

4

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (SBN 146267)

By: */s/ Whitty Somvichian*
Michael G. Rhodes (SBN 116127)

5

Jonathan K. Levine (SBN 220289)
Bethany Caracuzzo (SBN 190687)

Whitty Somvichian (SBN 194463)
Aarti G. Reddy (SBN 274889)

6

1900 Powell Street, Suite 450
Emeryville, CA 94608

Kelsey R. Spector (SBN 321488)
Reece Trevor (SBN 316685)

7

Tel.: (415) 692-0772

Anupam Dhillon (SBN 324746)

8

Fax: (415) 366-6110
*ecp@pritzkerlevine.com*

Khary J. Anderson (pro hac vice)
3 Embarcadero Center, 20th Fl.

9

*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

San Francisco, CA 94111-4004
Tel: (415) 693-2000

10

Fax: (415) 693-2222
*rhodesmg@cooley.com*

11

*Interim Class Counsel*

*wsomvichian@cooley.com*
*areddy@cooley.com*

12

*kspector@cooley.com*
*rtrevor@cooley.com*

13

*adhillon@cooley.com*
*kjanderson@cooley.com*

14

15

*Counsel for Defendant Google LLC*

16

17

**<u>ATTESTATION</u>**

18

Pursuant to Civil L.R. 5-1(h), all signatories concur in this filing.

19

20

Dated: March 15, 2024

*/s/ Whitty Somvichian*
Whitty Somvichian

21

22

23

24

299170306

25

26

27

28