COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
ELIZABETH SÁNCHEZ SANTIAGO
(SBN 333789) (lsanchezsantiago@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re Google RTB Consumer Privacy
Litigation,

This Document Relates to: *all actions*

Master File No. 4:21-cv-02155-YGR-VKD

**DECLARATION OF WHITTY SOMVICHIAN IN SUPPORT OF JOINT OMNIBUS SEALING MOTION REGARDING PLAINTIFFS' CLASS CERTIFICATION MOTION AND RELATED FILINGS PER FEBRUARY 9, 2024 ORDER (ECF NO. 674)**

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

I, Whitty Somvichian, declare as follows:

1.      I am an attorney at the law firm of Cooley LLP and an attorney of record for Google LLC ("Google") in *In re Google RTB Consumer Privacy Litigation*, Case No. 4:21-cv-02155.  I am licensed to practice law in the state of California and am admitted to practice before this Court. I submit this declaration pursuant to Local Rule 79-5 in support of the Joint Omnibus Sealing Motion Regarding Plaintiffs' Motion for Relief from a Non-Dispositive Discovery Order (ECF No. 499), Plaintiffs' Class Certification Motion and Related Filings Per February 9, 2024 Order (ECF No. 674) ("Omnibus Sealing Motion") in connection with Plaintiffs' Motion for Class Certification ("Class Certification Motion"), Google LLC's Evidentiary Objections to Plaintiffs' Evidence in Support of Class Certification Reply Briefing ("Google's Evidentiary Objections"), and Plaintiffs' *Daubert* Motion to Exclude Google LLC's Expert Bruce Deal ("Plaintiffs' *Daubert* Motion"). I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2.      Google respectfully requests sealing of highly sensitive proprietary information about (1) Google's business strategy, analysis, and revenue data regarding Google's Real-time Bidding system ("Google RTB"); (2) internal policies and business strategy regarding data privacy and other internal topics; (3) page views of Google policies; (4) technical details regarding internal data logs and systems associated with Google RTB, including identifiers, internal code names, and internal metrics; (5) confidential contracts between Google and RTB partners; and (6) a Google employee's contact information.  As explained below, much of this information is vital to Google's commercial success, and is the sort of "sensitive, non-public, confidential, and proprietary business information" that courts routinely seal under the compelling reasons standard.[1] I have reviewed the

---

[1] Google has previously submitted employee declarations to support its sealing requests in connection with the Class Certification Motion, Google's Evidentiary Objections, and Plaintiffs' *Daubert* Motion.  Nevertheless, to comply with this Court's order that the Parties consolidate their prior sealing motions and accompanying materials so that the Court may resolve these issues expeditiously and efficiently, Google submits this attorney declaration and references other supporting declarations, as appropriate.  *See e.g., In Re Qualcomm Litig.*, No. 17-00108, Dkt. 398-1 (S.D. Cal. Mar. 3, 2018) (considering attorney declaration in connection with sealing motion); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015) (same); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018) (same).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

documents that Google seeks to file under seal.  Based on my review and in consultation with my client, I understand that there are compelling reasons to seal the following information:

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| **Google's Confidential Information in Plaintiffs' Class Certification Motion** | | | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Plaintiffs' Memorandum of Points and Authorities in Support of Class Certification Motion (ECF No. 558-23) | Portions highlighted at pages 7, 9, 15, 22, 23 | **RTB strategy, analysis, and revenue, data logs and systems/technical details, and RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding how Google operates RTB, including its internal policies, systems design, and relationships with partners that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 531, 427. |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Plaintiffs' Memorandum of Points and Authorities in Support of Class Certification Motion (ECF No. 558-23) | Portions highlighted at pages 7, 9 | **Data logs and systems/technical details:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google's internal logs, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. Similar information has previously been sealed in this case. *See* ECF No. 531 |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 | Plaintiffs' Memorandum of Points and Authorities in Support of Class | Portions highlighted at pages 7, 9, 23. | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| (Google's Sealing Response) | Certification Motion (ECF No. 558-23) | | Google's business strategy and analysis related to Google RTB including discussion about product strategy, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 327. |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 1 to Pritzker Declaration in Support of Class Certification Motion (Shafiq Report) (ECF No. 558-25) | Portions highlighted at pages 5-6, 13-14, 23-27, 32-33, 35, 38 | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding how Google operates RTB, including its internal policies, systems design, and relationships with partners that Google maintains as confidential in |

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 531, 427. |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 1 to Pritzker Declaration in Support of Class Certification Motion (Shafiq Report) (ECF No. 558-25) | Portions highlighted at pages 8-27, 30-31, 33, 39-46 | **Data logs and systems/technical details:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google's internal logs, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. |

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. Similar information has previously been sealed in this case. *See* ECF No. 531. |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 1 to Pritzker Declaration in Support of Class Certification Motion (Shafiq Report) (ECF No. 558-25) | Portions highlighted at pages 26-27, 38 | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this |

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 327. |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 2 to Pritzker Declaration in Support of Class Certification Motion (Wilson Report) (ECF No. 558-26) | Portions highlighted at pages 10, 30-31 | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding how Google operates RTB, including its internal policies, systems design, and relationships with partners that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. |

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 531, 427. |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 2 to Pritzker Declaration in Support of Class Certification Motion (Wilson Report) (ECF No. 558-26) | Portions highlighted at pages 12-15, 17, 21, 24, 28-31 | **Data logs and systems/technical details:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details of Google's internal systems and operations, including various types of Google's internal logs, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an |

Cooley LLP
Attorneys at Law
San Francisco

Somvichian Declaration ISO Joint
Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. Similar information has previously been sealed in this case. *See* ECF No. 531. |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 3 to Pritzker Declaration in Support of Class Certification Motion (Zeithammer Report) (ECF No. 558-27) | Portions highlighted at pages 9-14, 24-26, 28-29, 31-32, 38-39 | **RTB strategy, analysis, revenue:** I understand/d the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | Similar information has previously been sealed in this case. *See* ECF Nos. 540, 327. |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 3 to Pritzker Declaration in Support of Class Certification Motion (Zeithammer Report) (ECF No. 558-27) | Portions highlighted at page 4 | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including Google's internal metrics and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. Similar information has previously been sealed in this case. *See* ECF No. 531. |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF | Exhibit 4 to Pritzker Declaration in Support of Class | Portions highlighted at pages 12-22, 23-24, | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| No. 558 (Google's Sealing Response) | Certification Motion (Regan Report) (ECF No. 558-28) | Schedules 1-4 | and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 327. |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 5 to Pritzker Declaration in Support of Class Certification Motion (Richards Report) (ECF No. 558-29) | Portions highlighted at pages 31, 48-49, 57. | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding how Google operates RTB, including its internal policies, systems design, and relationships with partners that |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. See ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 531, 427. |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 5 to Pritzker Declaration in Support of Class Certification Motion (Richards Report) (ECF No. 558-29) | Portions highlighted at pages 27, 31-33, 40, 52-55, 57 | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and |

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 327. |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 5 to Pritzker Declaration in Support of Class Certification Motion (Richards Report) (ECF No. 558-29) | Portions highlighted at pages 42-43 | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the |

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. Similar information has previously been sealed in this case. *See* ECF No. 531. |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 12 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00349634) (ECF No. 558-30) | Entire Document | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding how Google operates RTB, including its relationships with partners that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this |

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 531, 427. |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 13 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00455800) (ECF No. 558-31) | Entire Document | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's revenue metrics related to Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | Nos. 540, 327. |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 15 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00455648) (ECF No. 558-32) | Entire Document | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's revenue metrics related to Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 327. |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing | Exhibit 17 to Pritzker Declaration in Support of Class Certification Motion (Levitte Deposition | Portions highlighted at pages 43:20, 44:2-8, 11-12, 45:12, 45:15, 45:17-18, 45:20, 45:23, | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding how Google operates RTB, including its internal policies, systems design, |

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| Response) | Excerpts) (ECF No. 558-33) | 45:24-25, 51:13-15, 18-21 | and relationships with partners that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 531, 427. |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 17 to Pritzker Declaration in Support of Class Certification Motion (Levitte Deposition Excerpts) (ECF No. 558-33) | Portions highlighted at pages 44:20-45:7, 51:1-9, 75:12-78:7, 78:9-16, 78:23-25, 187:6-11, 187:20-188:14, 188:19-25, 204:9-25 | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the |

Cooley LLP
Attorneys at Law
San Francisco

18

Somvichian Declaration ISO Joint
Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 327. |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 17 to Pritzker Declaration in Support of Class Certification Motion (Levitte Deposition Excerpts) (ECF No. 558-33) | Portions highlighted at pages 61:2-62:23, 69:11-71:4, 72:10-11, 72:13-25, 73:3-75:11, 92:2-4, 92:7-11, 92:13, 92:19, 92:22-25, 157:2-4, 157:6-158:10, 158:12-16, 158:19-25, 171:2-17, 171:20-22, 171:24 | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and |

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. Similar information has previously been sealed in this case. *See* ECF No. 531. |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 18 to Pritzker Declaration in Support of Class Certification Motion (Berntson Deposition Excerpts) (ECF No. 558-34) | Portions highlighted at pages 80:4-8, 80:11 | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding how Google operates RTB, including its internal policies, systems design, and relationships with partners that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. |

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 531, 427. |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 18 to Pritzker Declaration in Support of Class Certification Motion (Berntson Deposition Excerpts) ECF No. 558-34) | Portions highlighted at pages 117:1-5, 117:8-12, 117:20 | **Data logs and systems/technical details:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google's internal logs, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an |

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. Similar information has previously been sealed in this case. *See* ECF No. 531. |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 19 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00456419) (ECF No. 558-35) | Entire Document | **Strategy re data privacy:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, and decision-making related to Google advertising products, such as discussions about data privacy, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 20 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00098506) (ECF No. 558-36) | Entire Document | See above re ECF No. 558-35 (Exhibit 19 to Pritzker Declaration). |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 21 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00481219) (ECF No. 558-37) | Entire Document | See above re ECF No. 558-35 (Exhibit 19 to Pritzker Declaration). |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 22 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00481225) (ECF No. 558-38) | Entire Document | See above re ECF No. 558-35 (Exhibit 19 to Pritzker Declaration). |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 23 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00480493) (ECF No. 558-39) | Entire Document | See above re ECF No. 558-35 (Exhibit 19 to Pritzker Declaration). |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 24 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00099180) (ECF No. 558-40) | Entire Document | See above re ECF No. 558-35 (Exhibit 19 to Pritzker Declaration). |

Cooley LLP
Attorneys at Law
San Francisco

23

Somvichian Declaration ISO Joint
Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 25 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00330758) (ECF No. 558-41) | Portions highlighted in the cover page | **Data logs and systems/technical details:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 25 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00330758) (ECF No. 558-41) | Portions highlighted at pages GOOG-HEWT-00330758 - GOOG-HEWT-00330763 | **Strategy re data privacy:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, and decision-making related to Google advertising products, such as discussions about |

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | data privacy, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 26 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-0035713) (ECF No. 558-42) | Entire Document | See above re ECF No. 558-41 (Exhibit 25 to Pritzker Declaration). |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Plaintiffs' Proposed Order re Class Certification Motion (ECF No. 558-24) | Portions highlighted at page 5 | **RTB strategy, analysis, revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details of Google's internal systems and operations, including various types of Google's internal logs, their proprietary functionalities, internal |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. Similar information has previously been sealed in this case. *See* ECF No. 531. |
| header: **Google's Confidential Information in Google's Opposition to Plaintiffs' Class Certification Motion** | | | |
| ECF No. 583 (Google's Sealing Motion) | Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 583-4) | Portions highlighted at pages 21, 23; 24 | **Data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google identifiers, their proprietary |

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. |
| ECF No. 583 (Google's Sealing Motion) | Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 583-4) | Portions highlighted at page 15 | **Page views:** Based on the declaration of Google employee Suneeti Vakharia (ECF No. 583-1) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary |

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. |
| ECF No. 583 (Google's Sealing Motion) | Expert Report of Aaron Striegel, Ph.D. In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 602-1) | Portions highlighted at pages 10, 23, 27, 40-44, 47-50, 58 | **Data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google identifiers, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as |

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. |
| ECF No. 583 (Google's Sealing Motion) | Expert Report of Kostantinos Psounis, Ph.D. In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 584-4) | Portions highlighted at pages 10, 17-18, 20, 25 | See above re ECF No. 602-1 (Expert Report of Aaron Striegel). |
| ECF No. 583 (Google's Sealing Motion) | Expert Report of Dominique Hanssens, Ph. D. In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 584-6) | Portions highlighted at pages 41, 44-45, 50 | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about data privacy, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

29

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Finally, this information reflects internal discussions regarding Google's policies and practices that are not final, and disclosure of it may be misleading in that it would suggest that Google has adopted certain policies or practices that differ from its finalized, publicly disclosed policies. |
| ECF No. 583 (Google's Sealing Motion) | Expert Report of Bruce Deal, Ph.D. In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 584-8) | Portions highlighted at pages 3-4, 10-12, 14-19, 23-29, 31-32, 36, 68-70; Ex. 1, Ex. 4, Ex. 5 pages 1 and 2, Ex. 6 page 1 | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, financial information, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's |

Cooley LLP
Attorneys at Law
San Francisco

30

Somvichian Declaration ISO Joint
Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 6 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Berntson Deposition Excerpts) (ECF No. 584-11) | Portions designated with red box at pages 14:5-9; 14:12-23; 15:1-10; 15:21-16:5, 16:8-25; 39:1-2; 39:11-20; 205:19-25; 206:4; 324:6; 324:11-14; 324:17-25 | **Data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google data signals, data logs, identifiers, and information flows related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 6 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Berntson Deposition Excerpts) (ECF No. 584-11) | Portions designated with red box at pages 48:24-49:12; 49:15; 52:5-12; 52:16-53:8; 53:11; 53:14-24; 54:2-55:5; 55:11; 55:18; 61:3-4; 61:14; 61:17; 61:19; 61:25; 64:1-2; 64:9-12; 64:16; 64:18-21; 64:23; 64:25-65:1; 65:5-6; 65:8; 65:17-21; 65:23; 69:1-11; 69:16-70:2; 70:8- 14; 70:20-71:2; 71:5-11; 71:13-15; 71:18-25; 72:7- 21; 138:3-5; 138:14-16; 138:20-139:21; 140:2-21; | **Data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of controls and information flows related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

32

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | 140:23; 140:25-141:1; 141:18; 141:21; 141:24- 142:4; 142:8-9; 142:14-143:2; 143:5-25; 159:14-23; 160:4-7; 160:11; 160:13-16; 160:19-20; 160:24-161:2; 161:11-162:7; 162:10; 162:22-25; 165:1-17; 165:21-166:5; 166:8-12; 166:15-25; 178:2-9; 179:6; 179:8-9; 179:15-18; 179:21-22; 180:3-7; 180:11; 180:16; 180:24-25; 181:4; 181:12; 181:18; 181:25-182:6; 182:8-12; 182:17: 182:21-22; 182:24; 183:11-18; 183:21-184:1; 184:4-14; 184:17-25; 194:4-5 | Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 6 to Declaration of Whitty Somvichian In | Portions designated with red box at pages 205:19- | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of |

Cooley LLP
Attorneys at Law
San Francisco

33

Somvichian Declaration ISO Joint
Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Berntson Deposition Excerpts) (ECF No. 584-11) | 25; 268:1-13; 268:16-20; 268:23-269:1; 269:7-270:14; 270:17-23 | Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding internal tools related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 10 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class | Portions designated with red box at pages 65:1-3; 65:5-6; 65:8-10, 65:12-14; 65:23-24; 67:1-4; 67:6-7; 67:12; 67:15-16; 67:18-19; 94:3; 94:5; 94:8-9; 94:11-12; 94:14; 94:19; 94:21 | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, revenue metrics, and decision-making related to Google |

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | Counsel (Regan Deposition Excerpts) (ECF No. 585-7) | | advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 12 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Shafiq Deposition Excerpts) (ECF No. 585-10) | Portions designated with red box at pages 40:24-25; 42:1; 44:18; 44:25; 45:9; 213:17; 223:2; 223:7; 223:9-10; 236:18; 252:24-25 | **Data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google logs, associated identifiers, their proprietary functionalities and internal metrics related to data signals associated with Google RTB that Google maintains as confidential in the ordinary course of its business |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 16 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Wilson Deposition Excerpts) (ECF No. 585-16) | Portions designated with red box at pages 83:22; 311:16; 311:19; 312:13; 312:15-16 | **Data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google data signals, data logs, and information flows related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for |

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO

36

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 20 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Google's Revised Supplemental Responses to 4th Set of Interrogatories) (ECF No. 585-22) | Portions highlighted at pages 4-6, 8 | **Data logs and systems/technical details / RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google logs, associated identifiers, their proprietary functionalities and internal metrics related to data signals associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

37

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 21 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00012303) (ECF No. 589-2) | Entire Document | **Strategy re data privacy:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, and decision-making related to Google advertising products, such as discussions about data privacy, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

38

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Finally, this information reflects internal discussions regarding Google's policies and practices that are not final, and disclosure of it may be misleading in that it would suggest that Google has adopted certain policies or practices that differ from its finalized, publicly disclosed policies. |
| ECF No. 583 (Google's Sealing Motion)) | Exhibit 22 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00018008) (ECF No. 589-4) | Entire Document | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary |

Cooley LLP
Attorneys at Law
San Francisco

Somvichian Declaration ISO Joint
Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 23 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00047130) (ECF No. 589-6) | Entire Document | **Data logs and systems/technical details / RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google identifiers and data signals, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 24 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00047191) (ECF No. 589-8) | Entire Document | **Data logs and systems/technical details / RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google identifiers and data signals, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 25 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00057910) (ECF No. 589-10) | Entire Document | **Strategy re data privacy:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, and decision-making related to Google advertising products, such as discussions about data privacy, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. See ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Finally, this information reflects internal discussions regarding Google's policies and practices that are not final, and disclosure of it may be misleading in that it would suggest that Google has adopted certain policies or practices that differ from its finalized, publicly disclosed policies. |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 26 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00098506) (ECF No. 590-2) | Entire Document | See above re ECF No. 589-10 (Exhibit 25 to Declaration of Whitty Somvichian). |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 27 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG- | Portions designated with red box at pages GOOG-HEWT-00259486-88 | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, financial information, revenue metrics, and decision-making related to Google advertising |

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | HEWT-00259486) (ECF No. 590-4) | | products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 28 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00455648) (ECF No. 590-6) | Entire Document | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including revenue metrics to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal |

Cooley LLP
Attorneys at Law
San Francisco

Somvichian Declaration ISO Joint
Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 29 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00455801) (ECF No. 590-8) | Entire Document | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including financial information and revenue metrics related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 33 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00456337) (ECF No. 590-13) | Entire Document | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including revenue analysis to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 34 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00456348) (ECF No. 590-15) | Entire Document | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including revenue metrics to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | Google's strategic business decisions and the operation and capabilities of Google's systems. |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 35 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00480493) (ECF No. 590-17) | Entire Document | **Strategy re data privacy:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, and decision-making related to Google advertising products, such as discussions about data privacy, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Finally, this information reflects |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | internal discussions regarding Google's policies and practices that are not final, and disclosure of it may be misleading in that it would suggest that Google has adopted certain policies or practices that differ from its finalized, publicly disclosed policies. |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 36 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00481219) (ECF No. 591-2) | Entire Document | See above re ECF No. 590-17 (Exhibit 35 to Declaration of Whitty Somvichian). |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 37 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00481705) (ECF No. 591-4) | Entire Document | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including financial information and revenue metrics related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

49

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 38 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00481706) (ECF No. 591-6) | Entire Document | See above re ECF No. 591-4 (Exhibit 37 to Declaration of Whitty Somvichian). |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 39 to Declaration of Whitty Somvichian In Support of Google LLC's | Entire Document | See above re ECF No. 591-4 (Exhibit 37 to Declaration of Whitty Somvichian). |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

50

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
|  | Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00481707) (ECF No. 591-8) |  |  |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 40 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00481708) (ECF No. 591-10) | Entire Document | See above re ECF No. 591-4 (Exhibit 37 to Declaration of Whitty Somvichian). |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 41 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG- | Entire Document | See above re ECF No. 591-4. |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | HEWT-00481709) (ECF No. 591-12) | | |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 42 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00481710) (No. 591-14) | Entire Document | See above re ECF No. 591-4. |
| ECF No. 583 (Google's Sealing Motion) | Declaration of Glenn Berntson In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 592-1) | Portions highlighted at pages 5-6, 9 | **Data logs and systems/technical details / RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google's internal data signals, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

52

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. |
| ECF No. 583 (Google's Sealing Motion) | Declaration of Suneeti Vakharia in Support of Defendant Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 592-5) | Portions highlighted at pages 4, 6, 9-12 | **Page views:** Based on the declaration of Google employee Suneeti Vakharia (ECF No. 583-1) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | may alter their systems and practices relating to competing products. |
| **Google's Confidential Information in Plaintiffs' Reply In Support of Class Certification Motion** | | | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | Plaintiffs' Reply in Support of Motion for Class Certification (ECF No. 643-3) | Portions highlighted at pages 1, 2, 3, 4, 5, 7, 10, 11, 15 | **RTB strategy, analysis, revenue; data logs and systems/technical details; confidential contracts:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. I further understand that this material includes confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. I further understand that this material discusses internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I also understand that these materials include confidential details regarding Google's |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | contractual relationships with third-parties related to Google RTB.<br><br>I understand based on Dr. Berntson's declaration (ECF No. 643-1) that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google. Disclosure may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (ECF No. 643-5) | Portions highlighted at pages 3, 4, 7, 8 | **RTB strategy, analysis, revenue; data logs and systems/technical details:**<br>Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of |

Cooley LLP
Attorneys at Law
San Francisco

Somvichian Declaration ISO Joint
Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. I further understand that this material discusses internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors.<br><br>I understand based on Dr. Berntson's declaration (ECF No. 643-1) that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors.  This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google. Disclosure may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

56

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | Exhibit 50 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Google Third-Party Contracts) (ECF No. 643-15) | Entire Document | **Confidential contracts:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's contractual relationships with third-parties related to Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of this confidential and proprietary information could injure Google's competitive standing as it may enable business partners to alter their business practices with Google. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | Exhibit 51 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Berntson | Portions highlighted at pages 11:2-4, 8-9, 11, 13-16, 19, 24; 11:25-12:1; 12:22-13:3, 13:5, 24-25; 15:5, 14; 53:7, 10, 14- | **Data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

57

**SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD**

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | Deposition Excerpts) (ECF No. 643-17) | 15; 54:16; 55:3; 56:14, 18-19, 21-22; 58:7-12. 16, 22-23, 25; 73:2-3, 6, 9, 12, 16-18, 20, 22-25; 75:4-6; 76:11-13, 18-21, 23-25; 77:4, 14, 17, 21; 81:1, 5, 9; 83:20, 22-25; 89:4; 91:19-20; 94:1-4, 7, 12-13, 15, 23-24; 98:16-19; 106:1, 4, 6-7, 9-10, 16, 22-24; 107:2, 12, 17; 108:9-10, 12-13; 108:25-109:1; 109:18, 110:1, 3-5, 15, 18-19; 111:13-15; 112:1-3, 8-10, 21; 113:3-6; 115:10-11; 118:9-11; 122:13-14: 122:21-123:3; 123:21-22; 124:6-7, 9; 136:1, 9, 12, 15, 24; 150:17-18; 163:4, 9, 16, 20; 164:3; 178:4-6; 182:22-24; 191:24-25; 198:3-5, 9; 212:6, 8, 10, 13, 22; 213:2, 4, 18, 20; 214:2, 6, 9, 11, | and proprietary information regarding technical details about Google's internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of this confidential and proprietary information could injure Google's competitive standing as it may enable competitors to alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. |

Cooley LLP
Attorneys at Law
San Francisco

58

Somvichian Declaration ISO Joint
Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | 18; 215:8-9; 216:3-4; 217:20-22; 219:6, 20-21; 225:1, 4-5, 11, 14, 17-18, 23-25; 226:6, 8, 18, 22; 231:22-24; 232:9-10, 17-18, 23; 233:5, 9-11, 16-17, 23-25; 234:1-2, 4-5, 10-11, 14-17, 19-21; 235:15-25; 236:11-21; 237:9-10, 12-13, 17, 19; 238:1, 6-7, 10-11, 13-15; 239:8-15; 240:12-17, 19; 241:20 | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | Exhibit 52 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Vakharia Deposition Excerpts) (ECF No. 643-19) | Portions highlighted at pages 94:1-2, 99:11-14, 121:19-20, 132:23-25, 149:1, 205:18-23, 206:18-20 | **RTB strategy, analysis, revenue; Strategy re data privacy:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. I further understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's operational details and analysis related to Google RTB |

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | including discussion about data privacy and data practices.<br><br>I understand based on Dr. Berntson's declaration (ECF No. 643-1) that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | Exhibit 53 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Psounis Deposition Excerpts) (ECF No. 643-21) | Portions highlighted at pages 144:5, 144:17, 144:20, 145:14, 165:11, 165:18, 165:20, 165:25, 233:19, 233:21 | **Data logs and systems/technical details:**<br>Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in |

Cooley LLP
Attorneys at Law
San Francisco

Somvichian Declaration ISO Joint
Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of this confidential and proprietary information could injure Google's competitive standing as it may enable competitors to alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | Exhibit 54 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Striegel Deposition Excerpts) (ECF No. 643-23) | Portions highlighted at pages 77:1-2, 77:18-19, 78:5, 78:16-18 | **Data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and |

Cooley LLP
Attorneys at Law
San Francisco

Somvichian Declaration ISO Joint
Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of this confidential and proprietary information could injure Google's competitive standing as it may enable competitors to alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | Exhibit 56 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Deal Deposition Excerpts) (ECF No. 643-25) | Portions highlighted at pages 100:21-24, 101:18-22,130:9, 131:15, 131:16, 131:21, 268:12, 269:15, 269:21, 270:3, 270:4, 277:21-22 | **RTB strategy, analysis, revenue; strategy re data privacy:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. I further understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's operational details and analysis related to Google RTB including discussion about data privacy and data practices. I understand based on Dr. Berntson's |

Cooley LLP
Attorneys at Law
San Francisco

62

Somvichian Declaration ISO Joint
Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | declaration (ECF No. 643-1) that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | Exhibit 57 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Hanssens Deposition Excerpts) (ECF No. 643-27) | Portions highlighted at pages 147:1-4, 147:12-16, 150:5-9, 150:19-25 | **Strategy re data privacy:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's operational details and analysis related to Google RTB including discussion about data privacy and data practices.<br><br>I understand based on Dr. Berntson's declaration (ECF No. 643-1) that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within |

Cooley LLP
Attorneys at Law
San Francisco

63

Somvichian Declaration ISO Joint
Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google. |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | Exhibit 59 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Levitte Deposition Excerpts) (ECF No. 643-29) | Portions highlighted at pages 6:19, 6:21, 62:6-23 | **RTB strategy, analysis, revenue; employee contact information:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products.<br><br>I understand based on Dr. Berntson's declaration (ECF No. 643-1) that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors.  This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain |

Cooley LLP
Attorneys at Law
San Francisco

64

Somvichian Declaration ISO Joint
Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google.<br><br>These portions also contain confidential contact information of Google employees, disclosure of which may subject them to unsolicited contact and harassment. |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | Exhibit 43 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Rebuttal Report of Dr. Zubair Shafiq) (ECF No. 643-13) | Portions highlighted at pages 7, 8, 9, 10, 11, 12, 13, 15, 16, 18, 19, 20, 25, 26, 27, 28, 33, 34, 37, 38, 39, 40, 41 | **Data logs and systems/technical details:**<br>Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

65

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of this confidential and proprietary information could injure Google's competitive standing as it may enable competitors to alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | Exhibit 44 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Rebuttal Report of Professor Christopher Wilson) | Portions highlighted at pages 20, 21, 44 | **RTB strategy, analysis, revenue; data logs and systems/technical details**: Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. I further understand that this material discusses internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors.

I understand based on Dr. Berntson's declaration (ECF No. 643-1) that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's |

Cooley LLP
Attorneys at Law
San Francisco

Somvichian Declaration ISO Joint
Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. Disclosure may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | Exhibit 45 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Rebuttal Report of Professor Robert Zeithammer) (ECF No. 643-7) | Portions highlighted at pages i, 3, 4, 5, 6, 8-12, 13, 18, 19, 21-24, 27-33, 58 | **RTB strategy, analysis, revenue; Strategy re data privacy:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. I further understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's operational details and |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

67

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | analysis related to Google RTB including discussion about data privacy and data practices.<br><br>I understand based on Dr. Berntson's declaration (ECF No. 643-1) that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors.  This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google.  Disclosure may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | Exhibit 46 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Rebuttal Report of Greg J. Regan) (ECF No. 643-9) | Portions highlighted at pages i, 2, 3, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 18, 22, 23 | **RTB strategy, analysis, revenue; data logs and systems/technical details; strategy re data privacy:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding |

Cooley LLP
Attorneys at Law
San Francisco

68

Somvichian Declaration ISO Joint
Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. I further understand that this material discusses internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I further understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's operational details and analysis related to Google RTB including discussion about data privacy and data practices.<br><br>I understand based on Dr. Berntson's declaration (ECF No. 643-1) that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their |

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. Disclosure may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | Exhibit 47 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Rebuttal Report of Professor Neil Richards) (ECF No. 643-31) | Portions highlighted at pages 38, 39 | **Confidential contracts:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the materials requested to be sealed include confidential details regarding Google's contractual relationships with third parties related to Google RTB.

I understand based on Dr. Berntson's declaration (ECF No. 643-1) that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors or business partners to alter their business practices with respect to Google. systems and infrastructure. |
| **Google's Confidential Information in Google's Evidentiary Objections to Plaintiffs' Evidence in Support of Reply In Support of Class Certification** | | | |
| ECF No. 627 | Declaration of | Portions | **Data logs and systems/technical** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| (Google's Administrative Motion to Seal) | Aarti Reddy in Support of Google's Objections to Plaintiffs' Evidence in Support of Class Certification Reply Briefing (ECF No. 627-2) | highlighted at pages 4-6 | **details:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal logs and their proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use this information to compromise Google's internal practices. |
| ECF No. 627 (Google's Administrative Motion to Seal) | Exhibit 3 to Declaration of Whitty Somvichian in Support of Google's Objections to Plaintiffs' Evidence in Support of Class Certification Reply Briefing (Berntson Deposition | Portions highlighted at 56:2-3, 56:13-14, 56:21-22, 57:7-58:25, 60:3-6, 60:10-13, 60:17-25, 61:2-6, 61:15-16, 61:20-22, 70:1-25 | **Data logs and systems/technical details:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal logs and their proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | Excerpts) (ECF No. 627-3) | | competitors.  Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services.  It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products.  It may also place Google at an increased risk of cyber security threats, as third parties may seek to use this information to compromise Google's internal practices. |
| **Google's Confidential Information in Plaintiffs' *Daubert* Motion** | | | |
| ECF No. 644 (Google's Response to Plaintiffs' Administrative Motion to Seal); ECF No. 623 (Plaintiffs' Administrative Motion to Seal) | Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (ECF No. 644-3) | Portions highlighted at pages 3-4, 10-11, 13-15, 17-18 | **RTB strategy, analysis, and revenue:** I understand that portions of the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products.  I further understand that portions of the information requested to be sealed contains Google's confidential and proprietary information regarding Google's operational details and analysis related to Google RTB including discussions about data privacy and data practices.  Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors.  This confidential and proprietary information falls within the scope of |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | the Protective Order in this action. *See* ECF No. 59 at 3.  I further understand that if this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operating and capabilities of Google's systems.  It is my understanding that public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google. |
| ECF No. 644 (Google's Response to Plaintiffs' Administrative Motion to Seal); ECF No. 623 (Plaintiffs' Administrative Motion to Seal) | Exhibit 1 to Declaration Lesley E. Weaver In Support of Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Deal Deposition Excerpts) (ECF No. 644-5) | Portions highlighted at pages 101:18-22, 105:13, 277:21-22 | **RTB strategy, analysis, and revenue:**  I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products.  Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors.  This confidential and proprietary information falls within the scope of the Protective Order in this action.  *See* ECF No. 59 at 3.  I further understand that if this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operating and capabilities of Google's systems.  It is my understanding that public disclosure of this information could injure |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google. |
| ECF No. 644 (Google's Response to Plaintiffs' Administrative Motion to Seal); ECF No. 623 (Plaintiffs' Administrative Motion to Seal) | Exhibit 2 to Declaration Lesley E. Weaver In Support of Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Levitte Deposition Excerpts) (ECF No. 644-7) | Portions highlighted at pages 6:19, 6:21, 62:6-23 | **RTB strategy, analysis, and revenue & employee contact information:**  I understand that portions of the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products.  Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors.  This confidential and proprietary information falls within the scope of the Protective Order in this action.  *See* ECF No. 59 at 3.  I further understand that if this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems.  It is my understanding that public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google. |

Cooley LLP
Attorneys at Law
San Francisco

74

Somvichian Declaration ISO Joint
Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | I further understand that the information requested to be sealed contains confidential information of Google employees, disclosure of which may subject them to unsolicited contact and harassment. |
| ECF No. 644 (Google's Response to Plaintiffs' Administrative Motion to Seal); ECF No. 623 (Plaintiffs' Administrative Motion to Seal) | Exhibit 4 to Declaration Lesley E. Weaver In Support of Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Vakharia Deposition Exhibit 8) (ECF No. 644-9) | Entire Document | **RTB strategy, analysis, and revenue & strategy re data privacy:** I understand that the information requested to be sealed contains Google's confidential and proprietary information regarding Google's operational details and analysis related to Google RTB including discussions about data privacy and data practices. Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. See ECF No. 59 at 3. I further understand that if this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operating and capabilities of Google's systems. It is my understanding that public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. |
| **Google's Confidential Information in Google's Opposition to Plaintiffs' *Daubert* Motion** | | | |
| ECF No. 633 (Google's Administrative Motion to Seal) | Google's Opposition to Plaintiffs' *Daubert* Motion to Exclude the | Portions highlighted at pages 3-4, 6, 8, 11-12, 16-19. | **RTB strategy, analysis, and revenue:** The information requested to be sealed contains Google's highly confidential and proprietary operational details and information |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | Expert Testimony of Bruce Deal (ECF No. 633-2) | | regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, financial information, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. |
| ECF No. 633 (Google's Administrative Motion to Seal) | Exhibit 1 to the Declaration of Aarti Reddy ("Reddy Declaration") in Support of Google's Opposition to Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal | Portions highlighted at 96:16; 96:19-22, 97:6-7; 98:2-4; 98:23-25; 99:24-25; 100:22-24; 101:19-22; 104:5 | **RTB strategy, analysis, and revenue:** The information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, financial information, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of |

Cooley LLP
Attorneys at Law
San Francisco

76

Somvichian Declaration ISO Joint
Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | (Deal Deposition Excerpts) (ECF No. 633-3) | | its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. |
| ECF No. 633 (Google's Administrative Motion to Seal) | Exhibit 2 to the Reddy Declaration in Support of Google's Opposition to Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Berntson Deposition Excerpts) (ECF No. 633-4) | Portions highlighted at 165:1-17; 165:21-25 | **RTB strategy, analysis, and revenue & data logs and systems/technical details:** The information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of controls and information flows related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3.  Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. |
| ECF No. 633 (Google's Administrative Motion to Seal) | Exhibit 3 to the Reddy Declaration in Support of Google's Opposition to Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Regan Deposition Excerpts) (ECF No. 633-5) | Portions highlighted at 100:12; 100:15; 104:5; 104:8; 104:10; 104:17; 104:23-25 | **RTB strategy, analysis, and revenue:** The information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, revenue metrics, and decisionmaking related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. |
| **Google's Confidential Information in Plaintiffs' Reply In Support of Plaintiffs' *Daubert* Motion** | | | |

78

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| ECF No. 649 (Google's Response to Plaintiffs' Administrative Motion to Seal); ECF No. 641 (Plaintiffs' Administrative Motion to Seal) | Plaintiffs' Reply in Support of *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (ECF No. 649-3) | Portions highlighted at pages 3-5, 9 | **RTB strategy, analysis, and revenue:** I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. I further understand that if this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. It is my understanding that public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. |
| ECF No. 649 (Google's Response to Plaintiffs' Administrative Motion to Seal); ECF No. 641 (Plaintiffs' Administrative Motion to Seal) | Exhibit 1 to Declaration of H. Melissa Mather in Support of Plaintiffs' Reply in Support of *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Belov Deposition | Portions highlighted at pages 19:12; 19:16; 19:19-25; 20:2-4; 20:5; 20:6; 20:7; 20:10-13; 20:14-15; 20:16; 20:18; 20:22-25; 29:12; 29:25; | **RTB strategy, analysis, and revenue & data logs and systems/technical details:** I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of data collected, their proprietary |

Cooley LLP
Attorneys at Law
San Francisco

79

Somvichian Declaration ISO Joint
Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | Excerpts) (ECF No. 649-5) | 30:2; 30:3; 30:19-20; 30:23; 30:25; Errata: 16:6-7; 17:21; 19:12; 19:16; 34:4; 34:16; 170:7-8; 183:4; 183:7; 184:7; 184:23-24; 185:21; 186:15; 263:21; 264:5-6; 264:16-17; 264:19 | functionalities, internal metrics, and information related to data systems associated with Google RTB including internal code and project names that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand that such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. I also understand that public disclosure of this confidential and proprietary information could injure Google's competitive standing as it may enable competitors to alter their systems and practices relating to competing products. It is my understanding that it may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. |
| ECF No. 649 (Google's Response to Plaintiffs' Administrative Motion to Seal); ECF No. 641 (Plaintiffs' Administrative Motion to Seal) | Exhibit 2 to Declaration of H. Melissa Mather in Support of Plaintiffs' Reply in Support of *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Berntson Deposition Excerpts) (ECF No. 649-7) | Portions highlighted in red at pages 165:21-24 and Errata 38:9 | **RTB strategy, analysis, and revenue & data logs and systems/technical details:** I understand that portions of the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. I further understand that portions of the |

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB including internal code and projects names.  Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. See ECF No. 59 at 3. I further understand that if this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. It is my understanding that public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google. |
| ECF No. 649 (Google's Response to Plaintiffs' Administrative Motion to Seal); ECF No. 641 (Plaintiffs' Administrative Motion to Seal) | Exhibit 3 to Declaration of H. Melissa Mather in Support of Plaintiffs' Reply in Support of *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal | Portions highlighted at pages 100:21-24; 101:11-12, 19-22 | **RTB strategy, analysis, and revenue:**  I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | (Deal Deposition Excerpts) (ECF No. 649-9) | | advertising products.  Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. See ECF No. 59 at 3. I further understand that if this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. It is my understanding that public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google. |
| **Google's Confidential Information in Plaintiffs' Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order of Magistrate Judge** | | | |
| ECF No. 499 (Plaintiffs' Sealing Motion) | Declaration of Jonathan K. Levine In Support of Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order) (ECF No. 499-3) | Portions highlighted at pages 3-4 | **RTB strategy, analysis, revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including references to internal code names that Google does not use publicly. I understand such confidential and proprietary information reveals Google's internal data systems, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. I further understand that if this information were made public, |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. It is my understanding that public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google. |
| ECF No. 499 (Plaintiffs' Sealing Motion) | Exhibit A to Levine Declaration (Deposition of Stanislav Belov) In Support of Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order) (ECF No. 499-4) | Portions highlighted at pages 11:25, 12:2, 12:4, 13:19-25, 14:2-4, 14:7-17, 15:10-16, 15:18-19, 15:22-24, 16:5-8, 17:9-10, 17:20-25, 18:2-17, 18:19-25, 19:2-3, 19:12-13, 19:15-24, 20:5-25, 21:2-3, 21:12-23, 22:2-3, 22:6-9, 23:19-25, 24:2-12, 24:25, 25:2-7, 26:4-18, 26:24-25, 27:2-25, 28:2-18, 28:22-25, 29:2-22, 29:25, 30:2-3, 30:6-25, 31:2-25, 32:2-25, 33:2-5, 33:10, 33:12, 33:14, 33:16-17, 33:21-23, 33:25, 34:2-13, | **RTB strategy, analysis, revenue; data logs and systems/technical details:** I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including sensitive information about Google personnel assignments and analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. I further understand that this material discusses internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I further understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's operational details and analysis related to Google RTB including discussion about data privacy and data practices. |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | 34:16-25, 35:2-25, 36:2-6, 36:8-25, 37:2-12, 37:15-16, 37:18-24, 38:3-19, 38:21-25, 39:2-10, 39:13-25, 40:2-17, 40:19, 40:25, 41:2-21, 42:2, 42:11, 43:14-15, 43:17-21, 44:8, 44:17, 44:19, 45:12-16, 45:20-23, 49:16, 50:8-9, 50:11, 51:15-16, 52:12-17, 52:19-20, 52:24, 53:5-10, 53:12-13, 53:23, 54:5-12, 55:17, 55:25, 56:2-15, 56:22-23, 60:6, 60:9, 60:14-15, 60:18, 62:14-21, 62:24, 63:2, 64:5, 66:7, 66:17-19, 67:5, 67:7, 67,23, 68:11-12, 68:19, 69:3-5, 69:7-10, 70:7, 70:10-24, 71:6-8, 71:17-25, 72:2-9, 73:8-10, 73:14-24, 74:4-5, 74:8-25, 75:2-11, 76:5, 76:14-16, 76:21-24, 77:15, 77:19-20, 78:21-22, | I understand that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors.  This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google. Disclosure may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

84

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
|  |  | 81:24-25, 82:12, 83:15-16, 85:14-15, 87:22-25, 88:2-3, 89:5, 89:8-18, 89:22-25, 90:2-7, 90:9-22, 91:12-13, 91:17-20, 92:10-11, 92:15-16, 92:22-24, 93:2-3, 93:10-11, 94:10-11, 94:14-16, 95:11, 95:20-22, 98:13-14, 98:19, 98:21, 99:5-6, 100:11-13, 101:2, 101:17-18, 103:2, 103:9, 103:24-25, 104:19-20, 105:18, 106:4-6, 106:16, 106:19-25, 107:5-6, 108:21, 111:24-25, 112:2-4, 113:5-11, 113:14-16, 113:19-22, 114:7-17, 113:24, 115:3-12, 115:15-22, 115:25, 116:2-11, 116:14-19, 116:21-23, 117:3-4, 117:7-12, 117:15-19, 117:23-25, 118:2, 118:5, 118:9-16, 118:22-23, |  |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

85

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | 119:4-7, 119:9, 119:11, 119:20-22, 120:8-9, 120:13-18, 120:22-23, 121:2-10, 121:20-21, 121:23, 121:25, 122:9-10, 122:15-22, 124:15-16, 124:22-23, 125:14-15, 127:15-18, 128:19-22, 130:4, 130:8, 131:25, 133:7, 134:2, 134:6, 134:18, 134:21-23, 135:4, 136:5-6, 136:8-9, 136:12, 136:14, 136:17-20, 137:5, 137:12, 137:20, 138:2-4, 138:13, 138:16, 138:18, 138:24, 139:3, 139:17, 139:20-21, 139:23, 139:25, 140:2, 140:6, 140:8-10, 140:22, 140:24, 141:12, 141:16, 141:20-21, 141:23-25, 142:2-4, 142:15, | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | 142:18, 143:16, 143:23-25, 144:3, 144:6, 144:12-14, 144:21, 145:3-4, 146:12-13, 146:16-17, 146:20-25, 147:14, 147:17-18, 147:21, 147:25, 148:2, 148:15-18, 148:20, 148:24-25, 152:14, 153:9-10, 154:13, 154:15-16, 154:20-21, 155:5, 155:8, 155:12-13, 155:16-20, 155:22, 156:5, 156:8, 156:15, 156:23-24, 158:16, 159:13-25, 160:2-4, 160:7-8, 160:11-15, 160:19-25, 161:2-25, 162:2-4, 162:7, 162:10-25, 163:2-7, 163:14-25, 164:2-21, 164:25, 165:2, 165:4-10, 165:13-18, 165:20-25, 166:2-5, 166:9-22, 166:24-25, 167:2-10, 167:12-25, | |

Cooley LLP
Attorneys at Law
San Francisco

87

Somvichian Declaration ISO Joint
Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | 168:2-12, 168:15-25, 169:2-24, 170:2-3, 170:6-13, 170:21-25, 171:5-15, 172:4-5, 172:11-12, 172:14, 172:19-20, 173:18-19, 174:12-17, 175:13-15, 175:25, 180:21-25, 181:2-10, 181:12-25, 182:2-3, 182:10-12, 182:17-19, 182:21-25, 183:4-11, 183:22-25, 184:2, 184:5-10, 184:12-16, 184:23-25, 185:2-15, 185:21, 186:8-9, 186:15, 187:7-8, 187:10-25, 188:2-4, 188:7-22, 188:24-25, 189:2, 189:4-13, 189:16-18, 189:22-25, 190:2-10, 190:13-17, 190:19-25, 191:16-17, 191:24-25, 192:16, 193:20, 193:23-24, 194:4-12, | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | 194:15-25, 195:2-11, 195:16-19, 198:16-18, 198:21, 198:23-24, 199:4, 199:9-19, 199:22, 199:25, 201:19, 203:3-4, 203:7, 203:9, 203:13, 203:15-25, 204:8, 204:15-16, 204:22-25, 205:5-6, 205:17-18, 205:24-25, 206:2, 206:9-10, 206:13, 208:3, 208:12-14, 209:12-13, 210:3-4, 210:14, 211:14, 211:20-21, 212:16, 212:18, 215:4, 215:15, 216:13, 216:20, 217:5, 217:9, 222:2, 222:8, 224:17, 224:19, 225:6-7, 225:14-16, 226:12, 226:16, 226:19, 226:23, 227:3, 227:20-22, 227:24-25, 228:2, 228:8, 228:13-14, 229:2-3, 229:8-9, 229:15, | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | 230:5-6, 230:10, 230:16-17, 230:21-22, 231:9-10, 234:16, 235:12, 236:13, 236:23, 236:25, 238:17-20, 241:10, 241:12, 241:14-23, 242:3-6, 241:10-20, 243:14-15, 243:21-24, 244:2-6, 247:15, 248:2, 248:8, 248:13, 248:21, 249:2-3, 249:16, 249:22-24, 250:8-9, 250:21-22, 251:5-7, 252:12-20, 255:25, 256:8-10, 257:5, 257:9-17, 259:6, 259:9, 259:11-12, 260:19, 260:22, 261:2-4, 261:7-22, 261:24-25, 262:2-13, 263:12, 263:16-17, 263:21, 264:3-6, 264:16-17, 254:19, 264:21, 268:20, | |

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | 270:17, 270:20-21, 271:4, 271:8, 271:13, 272:2, 272:6-9, 272:14, 273:8, 273:10-16, 273:23, 274:4-5, 274:10-11, 274:15-25, 275:2-19, 276:8, 276:12, 276:17, 277:4-5, 277:17, 278:3-4, 278:24-25, 279:24-25, 280:7-8, 280:10, 280:12, 282:7-12, 283:12, 284:2-4, 284:10-11, 284:16, 285:4-7, 287:4-5, 288:12, 288:14, 290:15, 291:11-12, 291:15-17, 291:19, 293:3, 293:18-21, 294:8, 294:11-16, 296:15, 296:17, 297:5, 297:9, 297:19, 297:24, 298:3-4, 298:9, 298:16, 299:6-7, 299:15, 299:20-21, 299:24-25, 300:2-9, 300:15-16, 300:20, 301:4- | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

91

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | 9, 301:18, 302:9, 302:16, 303:18, 304:6, 304:11, 305:11, 305:16-17, 306:16-25, 307:2-4, 311:10, 311:17-18, 312:12, 312:15-16, 312:20-25, 313:2, 313:5-6, 313:10-11, 313:14-25, 314:2-19, 314:21, 315:10, 315:16, 315:18-20, 316:4-6, 316:8-15, 316:19-22: 316:24-25, 317:2-3, 317:13-15, 317:24, 318:6-7, 320:14-18, 321:3-6, 321:9-12, 323:5-12, 323:15-18, 325:4, 325:7-8, 326:6-8, 326:14-15, 327:3, 327:17, 328:7-12, 328:21-23, 329:6-11, 335:18, 335:25, 336:3, 337:12, 338:11-12, 338:22-23, 339:6-7, 339:12, | |

Cooley LLP
Attorneys at Law
San Francisco

Somvichian Declaration ISO Joint
Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | 339:22-23, 341:18, 349:3-4, 349:20-21, 349:23-24, 350:5-12, 350:15, 350:17, 350:23-25, 351:7-9, 351:23, 352:2, 352:9, 352:17, 352:2, 354:5-12, 355:7, 355:14, 355:21, 355:23, 355:25, 356:23-24, 357:6, 357:8, 357:12-13, 357:16, 358:4, 359:15-16, 362:16, 362:18-19, 363:13, 363:15, 363:22-23, 363:25, 364:2-5, 364:12, 364:18-25, 365:2, 365:6-13, 365:16-25, 366:2-9, 366:12, 366:20, 377:6, 377:12, 377:18, 378:6-7, 378:11-13, 378:18-19, 379:11-12, 379:18-19, 380:6-7, 380:13-14, 380:19-20, 381:6-7, | |

Cooley LLP
Attorneys at Law
San Francisco

Somvichian Declaration ISO Joint
Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | 381:12-13, 381:18-19, 382:6, 382:12-13, 382:18-20, 383:6-8, 383:13-14, 383:19-20, 384:16-17, 384:22, 385:16-18, 385:23, 386:6-7, 386:12-13, Index: 395, 403, 404, 413, 417, 419, 421, 423, 424, 425, 426, 428, 430, 431, 435, 436, 437, 438, 441, 442, 447, 448, 450, 452, 453, 457, 458, 460 | |
| ECF No. 499 (Plaintiffs' Sealing Motion) | Exhibit B to Declaration of Jonathan K. Levine In Support of Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order) (ECF No. 499-5) | Entire Document | **Strategy re data privacy:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, and decision-making related to Google advertising products, such as discussions about data privacy, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding |

Cooley LLP
Attorneys at Law
San Francisco

Somvichian Declaration ISO Joint
Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. This Court has previously sealed this document in its entirety. *See* ECF No. 391 at 3. |
| ECF No. 499 (Plaintiffs' Sealing Motion) | Exhibit C to Declaration of Jonathan K. Levine In Support of Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order) (ECF No. 499-6) | Entire Document | **RTB strategy, analysis, revenue:** I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding confidential product initiatives and technical details about Google's internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB including internal code and project names that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand that such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | No. 59 at 3. I also understand that public disclosure of this confidential and proprietary information could injure Google's competitive standing as it may enable competitors to alter their systems and practices relating to competing products. |
| ECF No. 499 (Plaintiffs' Sealing Motion) | Exhibit D to Declaration of Jonathan K. Levine In Support of Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order) (ECF No. 499-7) | Entire Document | **RTB strategy, analysis, revenue:** I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding confidential product initiatives and technical details about Google's internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand that such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. I also understand that public disclosure of this confidential and proprietary information could injure Google's competitive standing as it may enable competitors to alter their systems and practices relating to competing products. |
| ECF No. 499 (Plaintiffs' Sealing Motion) | Exhibit E to Declaration of Jonathan K. Levine In Support of Plaintiffs' | Entire Document | **Strategy re data privacy:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's |

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO

96

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing |
|---|---|---|---|
| | Motion for Relief from April 21, 2023 Nondispositive Order) (ECF No. 499-8) | | business strategy and analysis related to Google RTB including discussion about product strategy, and decision-making related to Google advertising products, such as discussions about data privacy, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. This Court has previously sealed this document in its entirety in connection with Plaintiffs' Administrative Motion to Consider Whether Another Party's Documents Should be Sealed (ECF No. 386). *See* ECF No. 391 at 3. |

• Attached hereto as **Exhibit 1** is an unredacted copy of Plaintiffs' Memorandum of Points

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

97

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

and Authorities in Support of Class Certification Motion (ECF No. 558-23), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 2** is an unredacted copy of Exhibit 1 to Pritzker Declaration in Support of Class Certification Motion (Shafiq Report) (ECF No. 558-25), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 3** is an unredacted copy of Exhibit 2 to Pritzker Declaration in Support of Class Certification Motion (Wilson Report) (ECF No. 558-26), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 4** is an unredacted copy of Exhibit 3 to Pritzker Declaration in Support of Class Certification Motion (Zeithammer Report) (ECF No. 558-27), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 5** is an unredacted copy of Exhibit 4 to Pritzker Declaration in Support of Class Certification Motion (Regan Report) (ECF No. 558-28), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 6** is an unredacted copy of Exhibit 5 to Pritzker Declaration in Support of Class Certification Motion (Richards Report) (ECF No. 558-29), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 7** is an unsealed copy of Exhibit 12 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00349634) (ECF No. 558-30), which Google seeks to keep under seal;

- Attached hereto as **Exhibit 8** is an unsealed copy of Exhibit 13 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00455800) (ECF No. 558-31), which Google seeks to keep under seal;

- Attached hereto as **Exhibit 9** is an unsealed copy of Exhibit 15 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00455648) (ECF No. 558-32), which Google seeks to keep under seal;

- Attached hereto as **Exhibit 10** is an unredacted copy of Exhibit 17 to Pritzker Declaration in Support of Class Certification Motion (Levitte Deposition Excerpts) (ECF No. 558-33),

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

98

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

1   which highlights the portions that Google seeks to keep under seal;

2   • Attached hereto as **Exhibit 11** is an unredacted copy of Exhibit 18 to Pritzker Declaration

3   in Support of Class Certification Motion (Berntson Deposition Excerpts) (ECF No. 558-

4   34), which highlights the portions that Google seeks to keep under seal;

5   • Attached hereto as **Exhibit 12** is an unsealed copy of Exhibit 19 to Pritzker Declaration in

6   Support of Class Certification Motion (GOOG-HEWT-00456419) (ECF No. 558-35),

7   which Google seeks to keep under seal;

8   • Attached hereto as **Exhibit 13** is an unsealed copy of Exhibit 20 to Pritzker Declaration in

9   Support of Class Certification Motion (GOOG-HEWT-00098506) (ECF No. 558-36),

10   which Google seeks to keep under seal;

11   • Attached hereto as **Exhibit 14** is an unsealed copy of Exhibit 21 to Pritzker Declaration in

12   Support of Class Certification Motion (GOOG-HEWT-00481219) (ECF No. 558-37),

13   which Google seeks to keep under seal;

14   • Attached hereto as **Exhibit 15** is an unsealed copy of Exhibit 22 to Pritzker Declaration in

15   Support of Class Certification Motion (GOOG-HEWT-00481225) (ECF No. 558-38),

16   which Google seeks to keep under seal;

17   • Attached hereto as **Exhibit 16** is an unsealed copy of Exhibit 23 to Pritzker Declaration in

18   Support of Class Certification Motion (GOOG-HEWT-00480493) (ECF No. 558-39),

19   which Google seeks to keep under seal;

20   • Attached hereto as **Exhibit 17** is an unsealed copy of Exhibit 24 to Pritzker Declaration in

21   Support of Class Certification Motion (GOOG-HEWT-00099180) (ECF No. 558-40),

22   which Google seeks to keep under seal;

23   • Attached hereto as **Exhibit 18** is an unredacted copy of Exhibit 25 to Pritzker Declaration

24   in Support of Class Certification Motion (GOOG-HEWT-00330759) (ECF No. 558-41),

25   which highlights the portions that Google seeks to keep under seal;

26   • Attached hereto as **Exhibit 19** is an unsealed copy of Exhibit 26 to Pritzker Declaration in

27   Support of Class Certification Motion (GOOG-HEWT-0035713) (ECF No. 558-42), which

28   Google seeks to keep under seal;

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

99

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

- Attached hereto as **Exhibit 20** is an unredacted copy of Plaintiffs' Proposed Order re Class Certification Motion (ECF No. 558-24), which highlights the portions that Google seeks to keep under seal.

**Google's Confidential Information in Google's Opposition to Plaintiffs' Class Certification Motion**

- Attached hereto as **Exhibit 21** is an unredacted copy of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 583-4), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 22** is an unredacted copy of Expert Report of Aaron Striegel, Ph.D. In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 602-1), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 23** is an unredacted copy of Expert Report of Kostantinos Psounis, Ph.D. In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 584-4), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 24** is an unredacted copy of Expert Report of Dominique Hanssens, Ph. D. In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 584-6), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 25** is an unredacted copy of Expert Report of Bruce Deal, Ph.D. In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 584-8), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 26** is an unredacted copy of Exhibit 6 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

100

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

Certification and Appointment of Class Representatives and Class Counsel (Berntson Deposition Excerpts) (ECF No. 584-11), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 27** is an unredacted copy of Exhibit 10 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Regan Deposition Excerpts) (ECF No. 585-7), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 28** is an unredacted copy of Exhibit 12 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Shafiq Deposition Excerpts) (ECF No. 585-10), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 29** is an unredacted copy of Exhibit 16 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Wilson Deposition Excerpts) (ECF No. 585-16), which highlights the portions that Google seeks to keep under seal;

- ·Attached hereto as **Exhibit 30** is an unredacted copy of Exhibit 20 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Google's Revised Supplemental Responses to 4th Set of Interrogatories) (ECF No. 585-22), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 31** is an unsealed copy of Exhibit 21 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00012303) (ECF No. 589-2), which Google seeks to keep under seal;

- Attached hereto as **Exhibit 32** is an unsealed copy of Exhibit 22 to Declaration of Whitty

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

101

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00018008) (ECF No. 589-4), which Google seeks to keep under sea;

- Attached hereto as **Exhibit 33** is an unsealed copy of Exhibit 23 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00047130) (ECF No. 589-6), which Google seeks to keep under seal;

- Attached hereto as **Exhibit 34** is an unsealed copy of Exhibit 24 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00047191) (ECF No. 589-8), which Google seeks to keep under seal;

- Attached hereto as **Exhibit 35** is an unsealed copy of Exhibit 25 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00057910) (ECF No. 589-10), which Google seeks to keep under seal;

- Attached hereto as **Exhibit 36** is an unsealed copy of Exhibit 26 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00098506) (ECF No. 590-2), which Google seeks to keep under seal;

- Attached hereto as **Exhibit 37** is an unredacted copy of Exhibit 27 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00259486) (ECF No. 590-4), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 38** is an unsealed copy of Exhibit 28 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00455648) (ECF No. 590-6), which Google seeks to keep under seal;

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

102

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

- Attached hereto as **Exhibit 39** is an unsealed copy of Exhibit 29 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00455801) (ECF No. 590-8), which Google seeks to keep under seal;

- Attached hereto as **Exhibit 40** is an unsealed copy of Exhibit 33 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00456337) (ECF No. 590-13), which Google seeks to keep under seal;

- Attached hereto as **Exhibit 41** is an unsealed copy of Exhibit 34 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00456348) (ECF No. 590-15), which Google seeks to keep under seal;

- Attached hereto as **Exhibit 42** is an unsealed copy of Exhibit 35 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00480493) (ECF No. 590-17), which Google seeks to keep under seal;

- Attached hereto as **Exhibit 43** is an unsealed copy of Exhibit 36 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00481219) (ECF No. 591-2), which Google seeks to keep under seal;

- Attached hereto as **Exhibit 44** is an unsealed copy of Exhibit 37 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00481705) (ECF No. 591-4), which Google seeks to keep under seal;

- Attached hereto as **Exhibit 45** is an unsealed copy of Exhibit 38 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00481706) (ECF No. 591-6), which Google seeks to keep under seal;

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

103

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

1
2
3
4

- Attached hereto as **Exhibit 46** is an unsealed copy of Exhibit 39 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00481707) (ECF No. 591-8), which Google seeks to keep under seal;

5
6
7
8

- Attached hereto as **Exhibit 47** is an unsealed copy of Exhibit 40 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00481708) (ECF No. 591-10), which Google seeks to keep under seal;

9
10
11
12

- Attached hereto as **Exhibit 48** is an unsealed copy of Exhibit 41 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00481709) (ECF No. 591-12), which Google seeks to keep under seal;

13
14
15
16

- Attached hereto as **Exhibit 49** is an unsealed copy of Exhibit 42 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00481710) (ECF No. 591-14), which Google seeks to keep under seal;

17
18
19
20

- Attached hereto as **Exhibit 50** is an unredacted copy of Declaration of Glenn Berntson In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 592-1), which highlights the portions that Google seeks to keep under seal;

21
22
23
24

- Attached hereto as **Exhibit 51** is an unredacted copy of Declaration of Suneeti Vakharia in Support of Defendant Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 592-5), which highlights the portions that Google seeks to keep under seal.

25
26

**Google's Confidential Information in Plaintiffs' Reply In Support of Class Certification Motion**

27
28

- Attached hereto as **Exhibit 52** is an unredacted copy of Plaintiffs' Reply in Support of

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

104

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

Motion for Class Certification (ECF No. 643-3), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 53** is an unredacted copy of Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (ECF No. 643-5), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 54** is an unredacted copy of Exhibit 43 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Rebuttal Report of Professor Zubair Shafiq) (ECF No. 643-13), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 55** is an unredacted copy of Exhibit 44 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Rebuttal Report of Professor Christopher Wilson) (ECF No. 643-11), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 56** is an unredacted copy of Exhibit 45 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Rebuttal Report of Professor Robert Zeithammer) (ECF No. 643-7), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 57** is an unredacted copy of Exhibit 46 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Rebuttal Report of Greg J. Regan) (ECF No. 643-9), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 58** is an unredacted copy of Exhibit 47 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Rebuttal Report of Professor Neil Richards) (ECF No. 643-31), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 59** is an unsealed copy of Exhibit 50 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Google Third-Party Contracts) (ECF No. 643-15);

Cooley LLP
Attorneys at Law
San Francisco

105

Somvichian Declaration ISO Joint
Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

- Attached hereto as **Exhibit 60** is an unredacted copy of Exhibit 51 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Berntson Deposition Excerpts) (ECF No. 643-17), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 61** is an unredacted copy of Exhibit 52 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Vakharia Deposition Excerpts) (ECF No. 643-19), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 62** is an unredacted copy of Exhibit 53 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Psounis Deposition Excerpts) (ECF No. 643-21), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 63** is an unredacted copy of Exhibit 54 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Striegel Deposition Excerpts) (ECF No. 643-23), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 64** is an unredacted copy of Exhibit 56 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Deal Deposition Excerpts) (ECF No. 643-25), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 65** is an unredacted copy of Exhibit 57 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Hanssens Deposition Excerpts) (ECF No. 643-27), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 66** is an unredacted copy of Exhibit 59 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Levitte Deposition Excerpts) (ECF No. 643-29), which highlights the portions that Google seeks to keep under seal;.

Cooley LLP
Attorneys at Law
San Francisco

106

Somvichian Declaration ISO Joint
Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

### Google's Confidential Information in Google's Evidentiary Objections to Plaintiffs' Evidence in Support of Reply In Support of Class Certification

- Attached hereto as **Exhibit 67** is an unredacted copy of Declaration of Aarti Reddy in Support of Google's Objections to Plaintiffs' Evidence in Support of Class Certification Reply Briefing (ECF No. 627-2), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 68** is an unredacted copy of Exhibit 3 to Declaration of Whitty Somvichian in Support of Google's Objections to Plaintiffs' Evidence in Support of Class Certification Reply Briefing (Berntson Deposition Excerpts) (ECF No. 627-3), which highlights the portions that Google seeks to keep under seal;.

### Google's Confidential Information in Plaintiffs' *Daubert* Motion

- Attached hereto as **Exhibit 69** is an unredacted copy of Plaintiffs' Daubert Motion to Exclude the Expert Testimony of Bruce Deal (ECF No. 644-3), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 70** is an unredacted copy of Exhibit 1 to Declaration Lesley E. Weaver In Support of Plaintiffs' Daubert Motion to Exclude the Expert Testimony of Bruce Deal (Deal Deposition Excerpts) (ECF No. 644-5), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 71** is an unredacted copy of Exhibit 2 to Declaration Lesley E. Weaver In Support of Plaintiffs' Daubert Motion to Exclude the Expert Testimony of Bruce Deal (Levitte Deposition Excerpts) (ECF No. 644-7), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 72** is an unsealed copy of Exhibit 4 to Declaration Lesley E. Weaver In Support of Plaintiffs' Daubert Motion to Exclude the Expert Testimony of Bruce Deal (Vakharia Deposition Exhibit 8) (ECF No. 644-9), which Google seeks to keep under seal.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

107

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

**Google's Confidential Information in Google's Opposition to Plaintiffs' *Daubert* Motion**

- Attached hereto as **Exhibit 73** is an unredacted copy of Google's Opposition to Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (ECF No. 633-2), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 74** is an unredacted copy of Exhibit 1 to the Declaration of Aarti Reddy ("Reddy Declaration") in Support of Google's Opposition to Plaintiffs' Daubert Motion to Exclude the Expert Testimony of Bruce Deal (Deal Deposition Excerpts) (ECF No. 633-3), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 75** is an unredacted copy of Exhibit 2 to the Reddy Declaration in Support of Google's Opposition to Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Berntson Deposition Excerpts) (ECF No. 633-4), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 76** is an unredacted copy of Exhibit 3 to the Reddy Declaration in Support of Google's Opposition to Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Regan Deposition Excerpts) (ECF No. 633-5), which highlights the portions that Google seeks to keep under seal.

**Google's Confidential Information in Plaintiffs' Reply In Support of Plaintiffs' *Daubert* Motion**

- Attached hereto as **Exhibit 77** is an unredacted copy of Plaintiffs' Reply in Support of *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (ECF No. 649-3), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 78** is an unredacted copy of Exhibit 1 to Declaration of H. Melissa Mather in Support of Plaintiffs' Reply in Support of *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Belov Deposition Excerpts) (ECF No. 649-5), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 79** is an unredacted copy of Exhibit 2 to Declaration of H.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

108

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

Melissa Mather in Support of Plaintiffs' Reply in Support of Daubert Motion to Exclude the Expert Testimony of Bruce Deal (Berntson Deposition Excerpts) (ECF No. 649-7), which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 80** is an unredacted copy of Exhibit 3 to Declaration of H. Melissa Mather in Support of Plaintiffs' Reply in Support of Daubert Motion to Exclude the Expert Testimony of Bruce Deal (Deal Deposition Excerpts) (ECF No. 649-9), which highlights the portions that Google seeks to keep under seal.

## Google's Confidential Information in Plaintiffs' Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order of Magistrate Judge

- Attached hereto as **Exhibit 81** is an unredacted copy of the Declaration of Jonathan Levine In Support of Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order) (ECF No. 499-3) which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 82** is an unredacted copy of Exhibit A to Levine Declaration (Deposition of Stanislav Belov) In Support of Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order) (ECF No. 499-4) which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 83** is an unredacted copy of Exhibit B to Levine Declaration (Belov Deposition Exhibit 19) In Support of Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order) (ECF No. 499-5) which Google seeks to keep under seal;

- Attached hereto as **Exhibit 84** is an unredacted copy of Exhibit C to Levine Declaration (Belov Deposition Exhibit 23) In Support of Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order) (ECF No. 499-6) which highlights the portions that Google seeks to keep under seal;

- Attached hereto as **Exhibit 85** is an unredacted copy of Exhibit D to Levine Declaration (Belov Deposition Exhibit 31) In Support of Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order) (ECF No. 499-7) which highlights the portions that Google seeks to keep under seal;

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

109

SOMVICHIAN DECLARATION ISO JOINT
OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

1  • Attached hereto as **Exhibit 86** is an unredacted copy of Exhibit E to Levine Declaration

2  (Belov Deposition Exhibit 35) In Support of Plaintiffs' Motion for Relief from April 21,

3  2023 Nondispositive Order) (ECF No. 499-8) which Google seeks to keep under seal.

4

5  I declare under penalty of perjury that the foregoing is true and correct. Executed March 15,

6  2024 at San Francisco, California.

7

8             */s/ Whitty Somvichian*

9             Whitty Somvichian

10

11

12

13

14  299170321

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cooley LLP
Attorneys at Law
San Francisco

110

Somvichian Declaration ISO Joint
Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD