1  COOLEY LLP
   MICHAEL G. RHODES (SBN 116127)
2  (rhodesmg@cooley.com)
   WHITTY SOMVICHIAN (SBN 194463)
3  (wsomvichian@cooley.com)
   AARTI REDDY (SBN 274889)
4  (areddy@cooley.com)
   KYLE C. WONG (SBN 224021)
5  (kwong@cooley.com)
   KELSEY R. SPECTOR (SBN 321488)
6  (kspector@cooley.com)
   REECE TREVOR (SBN 316685)
7  (rtrevor@cooley.com)
   ANUPAM DHILLON (SBN 324746)
8  (adhillon@cooley.com)
   ELIZABETH SÁNCHEZ SANTIAGO
9  (SBN 333789) (lsanchezsantiago@cooley.com)
   3 Embarcadero Center, 20th Floor
10 San Francisco, CA 94111-4004
   Telephone:    +1 415 693 2000
11 Facsimile:    +1 415 693 2222

12 Attorneys for Defendant
   GOOGLE LLC

COOLEY LLP
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

13

14                     UNITED STATES DISTRICT COURT

15                    NORTHERN DISTRICT OF CALIFORNIA

16                            OAKLAND DIVISION

17

18 In re Google RTB Consumer Privacy
   Litigation,
19
20 This Document Relates to: *all actions*

21

Master File No. 4:21-cv-02155-YGR-VKD

**[PROPOSED] ORDER RE JOINT OMNIBUS SEALING MOTION REGARDING PLAINTIFFS' CLASS CERTIFICATION MOTION AND RELATED FILINGS PER FEBRUARY 9, 2024 ORDER (ECF NO. 674)**

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Pursuant to Civil Local Rule 79-5 and this Court's Order (ECF No. 674), Plaintiffs and Google LLC ("Google"; together with Plaintiffs, the "Parties") have jointly filed a Joint Omnibus Sealing Motion to seal documents that contain information the Parties and/or non-parties contend is sealable under controlling authority.  In support, the Parties have filed the Declaration of Whitty Somvichian ("Somvichian Declaration") and the Declaration of Jonathan Levine ("Levine Declaration").   The supporting declarations also request sealing of materials produced with confidentiality designations by four nonparties (The Trade Desk, The New York Times Company, Xandr, and NBC Universal).

Having considered the Joint Omnibus Sealing Motion, all associated declarations, exhibits, and any argument of counsel:

**IT IS HEREBY ORDERED** that the Joint Omnibus Sealing Motion is **GRANTED**. Accordingly,

1.    The unredacted versions of the documents sought to be sealed by the Joint Omnibus Sealing Motion shall remain under seal; and

2.    The public shall only have access to the versions of the documents sought to be sealed by the Joint Omnibus Sealing Motion, in which the following portions have been redacted as follows:

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| **Google's Confidential Information in Plaintiffs' Class Certification Motion** | | | | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Plaintiffs' Memorandum of Points and Authorities in Support of Class Certification Motion (ECF No. 558-23) | Portions highlighted at pages 7, 9, 15, 22, 23 | **RTB strategy, analysis, and revenue, data logs and systems/technical details, and RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding how Google operates RTB, including its internal policies, systems design, | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | and relationships with partners that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 531, 427. | |
| ECF No. 545 (Plaintiffs' | Plaintiffs' Memorandum | Portions highlighted | **Data logs and systems/technical details:** I | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| Sealing Motion), ECF No. 558 (Google's Sealing Response) | of Points and Authorities in Support of Class Certification Motion (ECF No. 558-23) | at pages 7, 9 | understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google's internal logs, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use | |

Cooley LLP
Attorneys at Law
San Francisco

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | the information to compromise Google's data systems and infrastructure. Similar information has previously been sealed in this case. *See* ECF No. 531 | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Plaintiffs' Memorandum of Points and Authorities in Support of Class Certification Motion (ECF No. 558-23) | Portions highlighted at pages 7, 9, 23. | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 327. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 1 to Pritzker Declaration in Support of Class Certification Motion (Shafiq Report) (ECF No. 558-25) | Portions highlighted at pages 5-6, 13-14, 23-27, 32-33, 35, 38 | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding how Google operates RTB, including its internal policies, systems design, and relationships with partners that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of | |

Cooley LLP
Attorneys at Law
San Francisco

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 531, 427. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 1 to Pritzker Declaration in Support of Class Certification Motion (Shafiq Report) (ECF No. 558-25) | Portions highlighted at pages 8-27, 30-31, 33, 39-46 | **Data logs and systems/technical details:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google's internal logs, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. Similar information has previously been sealed in this case. *See* ECF No. 531. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 1 to Pritzker Declaration in Support of Class Certification Motion (Shafiq Report) (ECF No. 558-25) | Portions highlighted at pages 26-27, 38 | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, and decision-making related to Google advertising products that Google maintains as | |

Cooley LLP
Attorneys at Law
San Francisco

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 327. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 | Exhibit 2 to Pritzker Declaration in Support of Class | Portions highlighted at pages 10, 30-31 | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and | |

Cooley LLP
Attorneys at Law
San Francisco

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| (Google's Sealing Response) | Certification Motion (Wilson Report) (ECF No. 558-26) | | proprietary information regarding how Google operates RTB, including its internal policies, systems design, and relationships with partners that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | been sealed in this case. *See* ECF Nos. 540, 531, 427. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 2 to Pritzker Declaration in Support of Class Certification Motion (Wilson Report) (ECF No. 558-26) | Portions highlighted at pages 12-15, 17, 21, 24, 28-31 | **Data logs and systems/technical details:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details of Google's internal systems and operations, including various types of Google's internal logs, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing | |

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. Similar information has previously been sealed in this case. *See* ECF No. 531. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 3 to Pritzker Declaration in Support of Class Certification Motion (Zeithammer Report) (ECF No. 558-27) | Portions highlighted at pages 9-14, 24-26, 28-29, 31-32, 38-39 | **RTB strategy, analysis, revenue:** I understand/d the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 327. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 3 to Pritzker Declaration in Support of Class Certification Motion (Zeithammer Report) (ECF No. 558-27) | Portions highlighted at page 4 | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including Google's internal metrics and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining | |

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. Similar information has previously been sealed in this case. *See* ECF No. 531. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 4 to Pritzker Declaration in Support of Class Certification Motion (Regan Report) (ECF No. 558-28) | Portions highlighted at pages 12-22, 23-24, Schedules 1-4 | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 327. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 5 to Pritzker Declaration in Support of Class Certification Motion (Richards Report) (ECF No. 558-29) | Portions highlighted at pages 31, 48-49, 57. | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding how Google operates RTB, including its internal policies, systems design, and relationships with partners that Google | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. See ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 531, 427. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF | Exhibit 5 to Pritzker Declaration in Support of | Portions highlighted at pages 27, 31-33, 40, | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's | |

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| No. 558 (Google's Sealing Response) | Class Certification Motion (Richards Report) (ECF No. 558-29) | 52-55, 57 | highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 327. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 5 to Pritzker Declaration in Support of Class Certification Motion (Richards Report) (ECF No. 558-29) | Portions highlighted at pages 42-43 | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. Similar information has previously been sealed in this case. *See* ECF No. 531. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 12 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00349634) (ECF No. 558-30) | Entire Document | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding how Google operates RTB, including its relationships with partners that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with | |

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 531, 427. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 13 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00455800) (ECF No. 558-31) | Entire Document | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's revenue metrics related to Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 327. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 15 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00455648) (ECF No. 558-32) | Entire Document | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's revenue metrics related to Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of | |

Cooley LLP
Attorneys at Law
San Francisco

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 327. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 17 to Pritzker Declaration in Support of Class Certification Motion (Levitte Deposition Excerpts) (ECF No. 558-33) | Portions highlighted at pages 43:20, 44:2-8, 11-12, 45:12, 45:15, 45:17-18, 45:20, 45:23, 45:24-25, 51:13-15, 18-21 | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding how Google operates RTB, including its internal policies, systems design, and relationships with partners that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 531, 427. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 17 to Pritzker Declaration in Support of Class Certification Motion (Levitte Deposition Excerpts) (ECF No. 558-33) | Portions highlighted at pages 44:20-45:7, 51:1-9, 75:12-78:7, 78:9-16, 78:23-25, 187:6-11, 187:20-188:14, 188:19-25, 204:9-25 | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in | |

Cooley LLP
Attorneys at Law
San Francisco

23

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 327. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 | Exhibit 17 to Pritzker Declaration in Support of Class | Portions highlighted at pages 61:2-62:23, 69:11-71:4, | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and | |

Cooley LLP
Attorneys at Law
San Francisco

24

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| (Google's Sealing Response) | Certification Motion (Levitte Deposition Excerpts) (ECF No. 558-33) | 72:10-11, 72:13-25, 73:3-75:11, 92:2-4, 92:7-11, 92:13, 92:19, 92:22-25, 157:2-4, 157:6-158:10, 158:12-16, 158:19-25, 171:2-17, 171:20-22, 171:24 | proprietary information regarding technical details about Google's internal systems and operations, including information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. Similar information has previously been sealed in this case. *See* ECF No. 531. | |
| ECF No. 545 (Plaintiffs' | Exhibit 18 to Pritzker | Portions highlighted | **RTB strategy, analysis, and revenue:** I understand | |

Cooley LLP
Attorneys at Law
San Francisco

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| Sealing Motion), ECF No. 558 (Google's Sealing Response) | Declaration in Support of Class Certification Motion (Berntson Deposition Excerpts) (ECF No. 558-34) | at pages 80:4-8, 80:11 | the information requested to be sealed contains Google's highly confidential and proprietary information regarding how Google operates RTB, including its internal policies, systems design, and relationships with partners that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and | |

Cooley LLP
Attorneys at Law
San Francisco

26

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 531, 427. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 18 to Pritzker Declaration in Support of Class Certification Motion (Berntson Deposition Excerpts) ECF No. 558-34) | Portions highlighted at pages 117:1-5, 117:8-12, 117:20 | **Data logs and systems/technical details:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google's internal logs, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as | |

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. Similar information has previously been sealed in this case. *See* ECF No. 531. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 19 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00456419) (ECF No. 558-35) | Entire Document | **Strategy re data privacy:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, and decision-making related to Google advertising products, such as discussions about data privacy, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 20 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00098506) (ECF No. 558-36) | Entire Document | See above re ECF No. 558-35 (Exhibit 19 to Pritzker Declaration). | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 21 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00481219) (ECF No. 558-37) | Entire Document | See above re ECF No. 558-35 (Exhibit 19 to Pritzker Declaration). | |

Cooley LLP
Attorneys at Law
San Francisco

29

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 22 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00481225) (ECF No. 558-38) | Entire Document | See above re ECF No. 558-35 (Exhibit 19 to Pritzker Declaration). | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 23 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00480493) (ECF No. 558-39) | Entire Document | See above re ECF No. 558-35 (Exhibit 19 to Pritzker Declaration). | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 24 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00099180) (ECF No. 558-40) | Entire Document | See above re ECF No. 558-35 (Exhibit 19 to Pritzker Declaration). | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 25 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT- | Portions highlighted in the cover page | **Data logs and systems/technical details:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems | |

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | 00330758) (ECF No. 558-41) | | and operations, including information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 25 to Pritzker Declaration in Support of Class Certification Motion (GOOG- | Portions highlighted at pages GOOG-HEWT-00330758 - GOOG-HEWT- | **Strategy re data privacy:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to | |

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | HEWT-00330758) (ECF No. 558-41) | 00330763 | Google RTB including discussion about product strategy, and decision-making related to Google advertising products, such as discussions about data privacy, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

32

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Exhibit 26 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-0035713) (ECF No. 558-42) | Entire Document | See above re ECF No. 558-41 (Exhibit 25 to Pritzker Declaration). | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | Plaintiffs' Proposed Order re Class Certification Motion (ECF No. 558-24) | Portions highlighted at page 5 | **RTB strategy, analysis, revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details of Google's internal systems and operations, including various types of Google's internal logs, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. Similar information has previously been sealed in this case. *See* ECF No. 531. | |
| **Google's Confidential Information in Google's Opposition to Plaintiffs' Class Certification Motion** | | | | |
| ECF No. 583 (Google's Sealing Motion) | Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 583-4) | Portions highlighted at pages 21, 23; 24 | **Data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google identifiers, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and | |

Cooley LLP
Attorneys at Law
San Francisco

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 583 (Google's Sealing | Google LLC's Opposition to Plaintiffs' | Portions highlighted at page 15 | **Page views:** Based on the declaration of Google employee Suneeti Vakharia | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

35

**[PROPOSED] ORDER RE**
**JOINT OMNIBUS SEALING MOTION**
**CASE NO. 4:21-cv-02155-YGR-VKD**

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| Motion) | Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 583-4) | | (ECF No. 583-1) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. | |
| ECF No. 583 (Google's Sealing Motion) | Expert Report of Aaron Striegel, Ph.D. In Support of Google LLC's Opposition to Plaintiffs' | Portions highlighted at pages 10, 23, 27, 40-44, 47-50, 58 | **Data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing | |

Cooley LLP
Attorneys at Law
San Francisco

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 602-1) | | motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google identifiers, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | compromise Google's data systems and infrastructure. | |
| ECF No. 583 (Google's Sealing Motion) | Expert Report of Kostantinos Psounis, Ph.D. In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 584-4) | Portions highlighted at pages 10, 17-18, 20, 25 | See above re ECF No. 602-1 (Expert Report of Aaron Striegel). | |
| ECF No. 583 (Google's Sealing Motion) | Expert Report of Dominique Hanssens, Ph.D. In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 584-6) | Portions highlighted at pages 41, 44-45, 50 | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about data privacy, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business | |

Cooley LLP
Attorneys at Law
San Francisco

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Finally, this information reflects internal discussions regarding Google's policies and practices that are not final, and disclosure of it may be misleading in that it would suggest that Google has adopted certain policies or practices that differ from its finalized, publicly disclosed policies. | |
| ECF No. 583 (Google's Sealing Motion) | Expert Report of Bruce Deal, Ph.D. In Support of Google LLC's Opposition to | Portions highlighted at pages 3-4, 10-12, 14-19, 23-29, 31-32, | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior | |

Cooley LLP
Attorneys at Law
San Francisco

[PROPOSED] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 584-8) | 36, 68-70; Ex. 1, Ex. 4, Ex. 5 pages 1 and 2, Ex. 6 page 1 | sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, financial information, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper | |

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO

40

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. | |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 6 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Berntson Deposition Excerpts) (ECF No. 584-11) | Portions designated with red box at pages 14:5-9; 14:12-23; 15:1-10; 15:21-16:5, 16:8-25; 39:1-2; 39:11-20; 205:19-25; 206:4; 324:6; 324:11-14; 324:17-25 | **Data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google data signals, data logs, identifiers, and information flows related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of | |

Cooley LLP
Attorneys at Law
San Francisco

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 6 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Berntson Deposition Excerpts) (ECF No. 584-11) | Portions designated with red box at pages 48:24-49:12; 49:15; 52:5-12; 52:16-53:8; 53:11; 53:14-24; 54:2-55:5; 55:11; 55:18; 61:3-4; 61:14; 61:17; 61:19; 61:25; 64:1-2; 64:9-12; 64:16; 64:18-21; 64:23; 64:25-65:1; 65:5-6; 65:8; 65:17-21; 65:23; 69:1-11; | **Data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of controls and information flows related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 69:16-70:2; 70:8-14; 70:20-71:2; 71:5-11; 71:13-15; 71:18-25; 72:7-21; 138:3-5; 138:14-16; 138:20-139:21; 140:2-21; 140:23; 140:25-141:1; 141:18; 141:21; 141:24-142:4; 142:8-9; 142:14-143:2; 143:5-25; 159:14-23; 160:4-7; 160:11; 160:13-16; 160:19-20; 160:24-161:2; 161:11-162:7; 162:10; 162:22-25; 165:1-17; 165:21-166:5; 166:8-12; 166:15-25; 178:2-9; 179:6; 179:8-9; 179:15-18; 179:21-22; 180:3-7; | operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 180:11; 180:16; 180:24-25; 181:4; 181:12; 181:18; 181:25-182:6; 182:8-12; 182:17: 182:21-22; 182:24; 183:11-18; 183:21-184:1; 184:4-14; 184:17-25; 194:4-5 | | |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 6 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Berntson Deposition Excerpts) (ECF No. 584-11) | Portions designated with red box at pages 205:19-25; 268:1-13; 268:16-20; 268:23-269:1; 269:7-270:14; 270:17-23 | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding internal tools related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

44

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 10 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Regan Deposition Excerpts) (ECF No. 585-7) | Portions designated with red box at pages 65:1-3; 65:5-6; 65:8-10, 65:12-14; 65:23-24; 67:1-4; 67:6-7; 67:12; 67:15-16; 67:18-19; 94:3; 94:5; 94:8-9; 94:11-12; 94:14; 94:19; 94:21 | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

45

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. | |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 12 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives | Portions designated with red box at pages 40:24-25; 42:1; 44:18; 44:25; 45:9; 213:17; 223:2; 223:7; 223:9-10; 236:18; | **Data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | and Class Counsel (Shafiq Deposition Excerpts) (ECF No. 585-10) | 252:24-25 | including various types of Google logs, associated identifiers, their proprietary functionalities and internal metrics related to data signals associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 16 to Declaration of Whitty Somvichian In Support of Google LLC's | Portions designated with red box at pages 83:22; | **Data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of | |

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Wilson Deposition Excerpts) (ECF No. 585-16) | 311:16; 311:19; 312:13; 312:15-16 | Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google data signals, data logs, and information flows related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | systems and infrastructure. | |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 20 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Google's Revised Supplemental Responses to 4th Set of Interrogatories) (ECF No. 585-22) | Portions highlighted at pages 4-6, 8 | **Data logs and systems/technical details / RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google logs, associated identifiers, their proprietary functionalities and internal metrics related to data signals associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 21 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00012303) (ECF No. 589-2) | Entire Document | **Strategy re data privacy:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, and decision-making related to Google advertising products, such as discussions about data privacy, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the | |

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Finally, this information reflects internal discussions regarding Google's policies and practices that are not final, and disclosure of it may be misleading in that it would suggest that Google has adopted certain policies or practices that differ from its finalized, publicly disclosed policies. | |
| ECF No. 583 (Google's Sealing Motion)) | Exhibit 22 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class | Entire Document | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00018008) (ECF No. 589-4) | | proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's | |

Cooley LLP
Attorneys at Law
San Francisco

52

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | systems. | |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 23 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00047130) (ECF No. 589-6) | Entire Document | **Data logs and systems/technical details / RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google identifiers and data signals, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's | |

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO

53

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 24 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00047191) (ECF No. 589-8) | Entire Document | **Data logs and systems/technical details / RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google identifiers and data signals, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 25 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00057910) (ECF No. 589-10) | Entire Document | **Strategy re data privacy:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, and decision-making related to Google advertising products, such as discussions about data privacy, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. See ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Finally, this information reflects internal discussions regarding Google's policies and practices that are not final, and disclosure of it may be misleading in that it would suggest that Google has adopted certain policies or practices that differ from its finalized, publicly disclosed policies. | |

Cooley LLP
Attorneys at Law
San Francisco

56

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| ECF No. 583 (Google's Sealing Motion) | Exhibit 26 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00098506) (ECF No. 590-2) | Entire Document | See above re ECF No. 589-10 (Exhibit 25 to Declaration of Whitty Somvichian). | |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 27 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00259486) (ECF No. 590-4) | Portions designated with red box at pages GOOG-HEWT-00259486-88 | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, financial information, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. | |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 28 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification | Entire Document | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary operational | |

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00455648) (ECF No. 590-6) | | details and information regarding Google's business strategy and analysis related to Google RTB including revenue metrics to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. | |
| ECF No. 583 (Google's Sealing | Exhibit 29 to Declaration of Whitty | Entire Document | **RTB strategy, analysis, revenue:** Based on the declaration of Google | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

59

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| Motion) | Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00455801) (ECF No. 590-8) | | employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including financial information and revenue metrics related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. | |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 33 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00456337) (ECF No. 590-13) | Entire Document | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including revenue analysis to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and | |

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO

61

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. | |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 34 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00456348) (ECF No. 590-15) | Entire Document | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including revenue metrics to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective | |

Cooley LLP
Attorneys at Law
San Francisco

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. | |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 35 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00480493) (ECF No. 590-17) | Entire Document | **Strategy re data privacy:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, and decision-making related to Google advertising products, such as discussions about data privacy, that Google maintains as confidential in the ordinary course of its business and that is not | |

Cooley LLP
Attorneys at Law
San Francisco

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Finally, this information reflects internal discussions regarding Google's policies and practices that are not final, and disclosure of it may be misleading in that it would suggest that Google has adopted certain policies or practices that differ from its finalized, publicly disclosed | |

Cooley LLP
Attorneys at Law
San Francisco

64

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | policies. | |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 36 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00481219) (ECF No. 591-2) | Entire Document | See above re ECF No. 590-17 (Exhibit 35 to Declaration of Whitty Somvichian). | |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 37 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00481705) (ECF No. 591-4) | Entire Document | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including financial information and revenue metrics related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known | |

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO

65

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. | |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 38 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of | Entire Document | See above re ECF No. 591-4 (Exhibit 37 to Declaration of Whitty Somvichian). | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Class Representatives and Class Counsel (GOOG-HEWT-00481706) (ECF No. 591-6) | | | |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 39 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00481707) (ECF No. 591-8) | Entire Document | See above re ECF No. 591-4 (Exhibit 37 to Declaration of Whitty Somvichian). | |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 40 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class | Entire Document | See above re ECF No. 591-4 (Exhibit 37 to Declaration of Whitty Somvichian). | |

COOLEY LLP ATTORNEYS AT LAW SAN FRANCISCO

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Representatives and Class Counsel (GOOG-HEWT-00481708) (ECF No. 591-10) | | | |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 41 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00481709) (ECF No. 591-12) | Entire Document | See above re ECF No. 591-4. | |
| ECF No. 583 (Google's Sealing Motion) | Exhibit 42 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives | Entire Document | See above re ECF No. 591-4. | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | and Class Counsel (GOOG-HEWT-00481710) (No. 591-14) | | | |
| ECF No. 583 (Google's Sealing Motion) | Declaration of Glenn Berntson In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 592-1) | Portions highlighted at pages 5-6, 9 | **Data logs and systems/technical details / RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google's internal data signals, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

69

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 583 (Google's Sealing Motion) | Declaration of Suneeti Vakharia in Support of Defendant Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 592-5) | Portions highlighted at pages 4, 6, 9-12 | **Page views:** Based on the declaration of Google employee Suneeti Vakharia (ECF No. 583-1) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. | |
| **Google's Confidential Information in Plaintiffs' Reply In Support of Class Certification Motion** | | | | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | Plaintiffs' Reply in Support of Motion for Class Certification (ECF No. 643-3) | Portions highlighted at pages 1, 2, 3, 4, 5, 7, 10, 11, 15 | **RTB strategy, analysis, revenue; data logs and systems/technical details; confidential contracts:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. I further understand that this material includes confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. I further understand that this material discusses internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I also understand that these materials include confidential details regarding Google's contractual relationships with third-parties related to Google RTB.<br><br>I understand based on Dr. Berntson's declaration (ECF No. 643-1) that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. Disclosure may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (ECF No. 643-5) | Portions highlighted at pages 3, 4, 7, 8 | **RTB strategy, analysis, revenue; data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. I further understand that this material discusses internal systems and operations, | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors.<br><br>I understand based on Dr. Berntson's declaration (ECF No. 643-1) that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products. Further, business partners may also alter their | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | business practices with Google. Disclosure may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | Exhibit 50 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Google Third-Party Contracts) (ECF No. 643-15) | Entire Document | **Confidential contracts:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's contractual relationships with third-parties related to Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of this confidential and proprietary information could injure Google's competitive standing as it may enable business partners to alter their business practices with | |

Cooley LLP
Attorneys at Law
San Francisco

75

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | Google. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | Exhibit 51 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Berntson Deposition Excerpts) (ECF No. 643-17) | Portions highlighted at pages 11:2-4, 8-9, 11, 13-16, 19, 24; 11:25-12:1; 12:22-13:3, 13:5, 24-25; 15:5, 14; 53:7, 10, 14-15; 54:16; 55:3; 56:14, 18-19, 21-22; 58:7-12. 16, 22-23, 25; 73:2-3, 6, 9, 12, 16-18, 20, 22-25; 75:4-6; 76:11-13, 18-21, 23-25; 77: 4, 14, 17, 21; 81:1, 5, 9; 83:20, 22-25; 89:4; 91:19-20; 94:1-4, 7, 12-13, 15, 23-24; 98:16-19; 106:1, 4, 6-7, 9-10, 16, 22-24; | **Data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of this confidential and proprietary information | |

Cooley LLP
Attorneys at Law
San Francisco

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 107:2, 12, 17; 108:9-10, 12-13; 108:25-109:1; 109:18, 110:1, 3-5, 15, 18-19; 111:13-15; 112:1-3, 8-10, 21; 113:3-6; 115:10-11; 118:9-11; 122:13-14: 122:21-123:3; 123:21-22; 124:6-7, 9; 136:1, 9, 12, 15, 24; 150:17-18; 163:4, 9, 16, 20; 164:3; 178:4-6; 182:22-24; 191:24-25; 198:3-5, 9; 212:6, 8, 10, 13, 22; 213:2, 4, 18, 20; 214:2, 6, 9, 11, 18; 215:8-9; 216:3-4; 217:20-22; 219:6, 20-21; 225:1, 4-5, 11, 14, 17-18, 23-25; 226:6, 8, 18, 22; 231:22-24; | could injure Google's competitive standing as it may enable competitors to alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |

Cooley LLP
Attorneys at Law
San Francisco

77

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 232:9-10, 17-18, 23; 233:5, 9-11, 16-17, 23-25; 234:1-2, 4-5, 10-11, 14-17, 19-21; 235:15-25; 236:11-21; 237:9-10, 12-13, 17, 19; 238:1, 6-7, 10-11, 13-15; 239:8-15; 240:12-17, 19; 241:20 | | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | Exhibit 52 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Vakharia Deposition Excerpts) (ECF No. 643-19) | Portions highlighted at pages 94:1-2, 99:11-14, 121:19-20, 132:23-25, 149:1, 205:18-23, 206:18-20 | **RTB strategy, analysis, revenue; Strategy re data privacy:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. I further understand that the information requested to be sealed contains Google's highly confidential and | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | proprietary information regarding Google's operational details and analysis related to Google RTB including discussion about data privacy and data practices.

I understand based on Dr. Berntson's declaration (ECF No. 643-1) that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF | Exhibit 53 to Reply Declaration of Elizabeth C. | Portions highlighted at pages 144:5, | **Data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson submitted in | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| No. 643 (Google's Sealing Response) | Pritzker In Support of Plaintiffs' Motion for Class Certification (Psounis Deposition Excerpts) (ECF No. 643-21) | 144:17, 144:20, 145:14, 165:11, 165:18, 165:20, 165:25, 233:19, 233:21 | support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of this confidential and proprietary information could injure Google's competitive standing as it may enable competitors to alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |

Cooley LLP
Attorneys at Law
San Francisco

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | Exhibit 54 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Striegel Deposition Excerpts) (ECF No. 643-23) | Portions highlighted at pages 77:1-2, 77:18-19, 78:5, 78:16-18 | **Data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of this confidential and proprietary information could injure Google's competitive standing as it may enable competitors to alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as | |

Cooley LLP
Attorneys at Law
San Francisco

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | Exhibit 56 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Deal Deposition Excerpts) (ECF No. 643-25) | Portions highlighted at pages 100:21-24, 101:18-22,130:9, 131:15, 131:16, 131:21, 268:12, 269:15, 269:21, 270:3, 270:4, 277:21-22 | **RTB strategy, analysis, revenue; strategy re data privacy:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. I further understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's operational details and analysis related to Google RTB including discussion about data privacy and data practices.<br><br>I understand based on Dr. Berntson's declaration (ECF No. 643-1) that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the | |

Cooley LLP
Attorneys at Law
San Francisco

[Proposed] Order Re Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | Exhibit 57 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Hanssens Deposition Excerpts) (ECF No. 643-27) | Portions highlighted at pages 147:1-4, 147:12-16, 150:5-9, 150:19-25 | **Strategy re data privacy:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's operational details and analysis related to Google RTB including discussion about data privacy and data practices. | |

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO

83

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | I understand based on Dr. Berntson's declaration (ECF No. 643-1) that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | Exhibit 59 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Levitte | Portions highlighted at pages 6:19, 6:21, 62:6-23 | **RTB strategy, analysis, revenue; employee contact information:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Deposition Excerpts) (ECF No. 643-29) | | sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products.<br><br>I understand based on Dr. Berntson's declaration (ECF No. 643-1) that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | These portions also contain confidential contact information of Google employees, disclosure of which may subject them to unsolicited contact and harassment. | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | Exhibit 43 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Rebuttal Report of Dr. Zubair Shafiq) (ECF No. 643-13) | Portions highlighted at pages 7, 8, 9, 10, 11, 12, 13, 15, 16, 18, 19, 20, 25, 26, 27, 28, 33, 34, 37, 38, 39, 40, 41 | **Data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of this confidential and | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

86

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | proprietary information could injure Google's competitive standing as it may enable competitors to alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | Exhibit 44 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Rebuttal Report of Professor Christopher Wilson) | Portions highlighted at pages 20, 21, 44 | **RTB strategy, analysis, revenue; data logs and systems/technical details**: Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. I further understand that this material discusses internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

87

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | I understand based on Dr. Berntson's declaration (ECF No. 643-1) that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. Disclosure may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF | Exhibit 45 to Reply Declaration of | Portions highlighted at pages i, | **RTB strategy, analysis, revenue; Strategy re data privacy:** Based on the declaration of | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

88

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| No. 643 (Google's Sealing Response) | Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Rebuttal Report of Professor Robert Zeithammer) (ECF No. 643-7) | 3, 4, 5, 6, 8-12, 13, 18, 19, 21-24, 27-33, 58 | Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. I further understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's operational details and analysis related to Google RTB including discussion about data privacy and data practices.

I understand based on Dr. Berntson's declaration (ECF No. 643-1) that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this | |

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. Disclosure may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | Exhibit 46 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Rebuttal Report of Greg J. Regan) (ECF No. 643-9) | Portions highlighted at pages i, 2, 3, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 18, 22, 23 | **RTB strategy, analysis, revenue; data logs and systems/technical details; strategy re data privacy:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | information, revenue metrics, and decision-making related to Google advertising products. I further understand that this material discusses internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I further understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's operational details and analysis related to Google RTB including discussion about data privacy and data practices.<br><br>I understand based on Dr. Berntson's declaration (ECF No. 643-1) that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Cooley LLP
Attorneys at Law
San Francisco

91

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google. Disclosure may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | Exhibit 47 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Rebuttal Report of Professor Neil Richards) (ECF No. 643-31) | Portions highlighted at pages 38, 39 | **Confidential contracts:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the materials requested to be sealed include confidential details regarding Google's contractual relationships with third parties related to Google RTB.<br><br>I understand based on Dr. Berntson's declaration (ECF No. 643-1) that Google maintains this information | |

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors or business partners to alter their business practices with respect to Google. systems and infrastructure. | |
| **Google's Confidential Information in Google's Evidentiary Objections to Plaintiffs' Evidence in Support of Reply In Support of Class Certification** | | | | |
| ECF No. 627 (Google's Administrative Motion to Seal) | Declaration of Aarti Reddy in Support of Google's Objections to Plaintiffs' Evidence in Support of Class Certification Reply Briefing (ECF No. 627-2) | Portions highlighted at pages 4-6 | **Data logs and systems/technical details:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal logs and their proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services.  It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products.  It may also place Google at an increased risk of cyber security threats, as third parties may seek to use this information to compromise Google's internal practices. | |
| ECF No. 627 (Google's Administrative Motion to Seal) | Exhibit 3 to Declaration of Whitty Somvichian in Support of Google's Objections to Plaintiffs' Evidence in Support of Class Certification Reply Briefing (Berntson Deposition Excerpts) (ECF No. 627-3) | Portions highlighted at 56:2-3, 56:13-14, 56:21-22, 57:7-58:25, 60:3-6, 60:10-13, 60:17-25, 61:2-6, 61:15-16, 61:20-22, 70:1-25 | **Data logs and systems/technical details:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal logs and their proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors.  Additionally, I understand such confidential and proprietary information reveals Google's internal | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | strategies, system designs, and business practices for operating and maintaining many of its important services. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use this information to compromise Google's internal practices. | |
| **Google's Confidential Information in Plaintiffs' *Daubert* Motion** | | | | |
| ECF No. 644 (Google's Response to Plaintiffs' Administrative Motion to Seal); ECF No. 623 (Plaintiffs' Administrative Motion to Seal) | Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (ECF No. 644-3) | Portions highlighted at pages 3-4, 10-11, 13-15, 17-18 | **RTB strategy, analysis, and revenue:** I understand that portions of the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. I further understand that portions of the information requested to be sealed contains Google's confidential and proprietary information regarding Google's operational details and analysis related to Google RTB including | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | discussions about data privacy and data practices. Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. I further understand that if this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operating and capabilities of Google's systems. It is my understanding that public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. | |
| ECF No. 644 (Google's Response to Plaintiffs' Administrative Motion to Seal); ECF No. 623 (Plaintiffs' Administrative | Exhibit 1 to Declaration Lesley E. Weaver In Support of Plaintiffs' *Daubert* Motion to Exclude the Expert | Portions highlighted at pages 101:18-22, 105:13, 277:21-22 | **RTB strategy, analysis, and revenue:** I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| Motion to Seal) | Testimony of Bruce Deal (Deal Deposition Excerpts) (ECF No. 644-5) | | product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. I further understand that if this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operating and capabilities of Google's systems. It is my understanding that public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. | |
| ECF No. 644 (Google's Response to Plaintiffs' Administrative | Exhibit 2 to Declaration Lesley E. Weaver In Support of | Portions highlighted at pages 6:19, 6:21, 62:6-23 | **RTB strategy, analysis, and revenue & employee contact information:** I understand that portions of the information requested to | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| Motion to Seal); ECF No. 623 (Plaintiffs' Administrative Motion to Seal) | Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Levitte Deposition Excerpts) (ECF No. 644-7) | | be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. I further understand that if this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. It is my understanding that public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | I further understand that the information requested to be sealed contains confidential information of Google employees, disclosure of which may subject them to unsolicited contact and harassment. | |
| ECF No. 644 (Google's Response to Plaintiffs' Administrative Motion to Seal); ECF No. 623 (Plaintiffs' Administrative Motion to Seal) | Exhibit 4 to Declaration Lesley E. Weaver In Support of Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Vakharia Deposition Exhibit 8) (ECF No. 644-9) | Entire Document | **RTB strategy, analysis, and revenue & strategy re data privacy:** I understand that the information requested to be sealed contains Google's confidential and proprietary information regarding Google's operational details and analysis related to Google RTB including discussions about data privacy and data practices. Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. See ECF No. 59 at 3. I further understand that if this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operating and capabilities of Google's systems. It is my understanding that public disclosure of this information could injure | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. | |
| **Google's Confidential Information in Google's Opposition to Plaintiffs' *Daubert* Motion** | | | | |
| ECF No. 633 (Google's Administrative Motion to Seal) | Google's Opposition to Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (ECF No. 633-2) | Portions highlighted at pages 3-4, 6, 8, 11-12, 16-19. | **RTB strategy, analysis, and revenue:** The information requested to be sealed contains Google's highly confidential and proprietary  operational details and information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, financial information, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. | |
| ECF No. 633 (Google's Administrative Motion to Seal) | Exhibit 1 to the Declaration of Aarti Reddy ("Reddy Declaration") in Support of Google's Opposition to Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Deal Deposition Excerpts) (ECF No. 633-3) | Portions highlighted at 96:16; 96:19-22, 97:6-7; 98:2-4; 98:23-25; 99:24-25; 100:22-24; 101:19-22; 104:5 | **RTB strategy, analysis, and revenue:** The information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, financial information, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. | |
| ECF No. 633 (Google's Administrative Motion to Seal) | Exhibit 2 to the Reddy Declaration in Support of Google's Opposition to Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Berntson Deposition Excerpts) (ECF No. 633-4) | Portions highlighted at 165:1-17; 165:21-25 | **RTB strategy, analysis, and revenue & data logs and systems/technical details:** The information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of controls and information flows related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

102

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 633 (Google's Administrative Motion to Seal) | Exhibit 3 to the Reddy Declaration in Support of Google's Opposition to Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Regan Deposition Excerpts) (ECF No. 633-5) | Portions highlighted at 100:12; 100:15; 104:5; 104:8; 104:10; 104:17; 104:23-25 | **RTB strategy, analysis, and revenue:** The information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, revenue metrics, and decisionmaking related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

103

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. | |
| **Google's Confidential Information in Plaintiffs' Reply In Support of Plaintiffs' *Daubert* Motion** | | | | |
| ECF No. 649 (Google's Response to Plaintiffs' Administrative Motion to Seal); ECF No. 641 (Plaintiffs' Administrative Motion to Seal) | Plaintiffs' Reply in Support of *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (ECF No. 649-3) | Portions highlighted at pages 3-5, 9 | **RTB strategy, analysis, and revenue:** I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. I further understand that if this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. It is my understanding that public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. | |
| ECF No. 649 (Google's Response to Plaintiffs' Administrative Motion to Seal); ECF No. 641 (Plaintiffs' Administrative Motion to Seal) | Exhibit 1 to Declaration of H. Melissa Mather in Support of Plaintiffs' Reply in Support of *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Belov Deposition Excerpts) (ECF No. 649-5) | Portions highlighted at pages 19:12; 19:16; 19:19-25; 20:2-4; 20:5; 20:6; 20:7; 20:10-13; 20:14-15; 20:16; 20:18; 20:22-25; 29:12; 29:25; 30:2; 30:3; 30:19-20; 30:23; 30:25; | **RTB strategy, analysis, and revenue & data logs and systems/technical details:** I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB including internal code and project names that Google | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

105

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | Errata: 16:6-7; 17:21; 19:12; 19:16; 34:4; 34:16; 170:7-8; 183:4; 183:7; 184:7; 184:23-24; 185:21; 186:15; 263:21; 264:5-6; 264:16-17; 264:19 | maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand that such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. I also understand that public disclosure of this confidential and proprietary information could injure Google's competitive standing as it may enable competitors to alter their systems and practices relating to competing products. It is my understanding that it may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 649 (Google's Response to Plaintiffs' Administrative Motion to Seal); ECF No. 641 (Plaintiffs' | Exhibit 2 to Declaration of H. Melissa Mather in Support of Plaintiffs' Reply in Support of *Daubert* | Portions highlighted in red at pages 165:21-24 and Errata 38:9 | **RTB strategy, analysis, and revenue & data logs and systems/technical details:** I understand that portions of the information requested to be sealed contains Google's highly confidential and proprietary information regarding | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| Administrative Motion to Seal) | Motion to Exclude the Expert Testimony of Bruce Deal (Berntson Deposition Excerpts) (ECF No. 649-7) | | Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. I further understand that portions of the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB including internal code and projects names. Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. See ECF No. 59 at 3. I further understand that if this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's | |

Cooley LLP
Attorneys at Law
San Francisco

107

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | systems. It is my understanding that public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google. | |
| ECF No. 649 (Google's Response to Plaintiffs' Administrative Motion to Seal); ECF No. 641 (Plaintiffs' Administrative Motion to Seal) | Exhibit 3 to Declaration of H. Melissa Mather in Support of Plaintiffs' Reply in Support of *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Deal Deposition Excerpts) (ECF No. 649-9) | Portions highlighted at pages 100:21-24; 101:11-12, 19-22 | **RTB strategy, analysis, and revenue:**  I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. See ECF No. 59 at 3. I further understand that if this information were made public, it would allow recipients to gain potentially damaging insights into | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

108

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | Google's strategic business decisions and the operation and capabilities of Google's systems. It is my understanding that public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. | |
| **Google's Confidential Information in Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order of Magistrate Judge** | | | | |
| ECF No. 499 (Plaintiffs' Sealing Motion) | Declaration of Jonathan K. Levine In Support of Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order) (ECF No. 499-3) | Portions highlighted at pages 3-4 | **RTB strategy, analysis, revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including references to internal code names that Google does not use publicly. I understand such confidential and proprietary information reveals Google's internal data systems, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. | |
| ECF No. 499 (Plaintiffs' Sealing | Exhibit A to Levine Declaration | Portions highlighted at pages | **RTB strategy, analysis, revenue; data logs and systems/technical details:** I | |

Cooley LLP
Attorneys at Law
San Francisco

109

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| Motion) | (Deposition of Stanislav Belov) In Support of Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order) (ECF No. 499-4) | 11:25, 12:2, 12:4, 13:19-25, 14:2-4, 14:7-17, 15:10-16, 15:18-19, 15:22-24, 16:5-8, 17:9-10, 17:20-25, 18:2-17, 18:19-25, 19:2-3, 19:12-13, 19:15-24, 20:5-25, 21:2-3, 21:12-23, 22:2-3, 22:6-9, 23:19-25, 24:2-12, 24:25, 25:2-7, 26:4-18, 26:24-25, 27:2-25, 28:2-18, 28:22-25, 29:2-22, 29:25, 30:2-3, 30:6-25, 31:2-25, 32:2-25, 33:2-5, 33:10, 33:12, 33:14, 33:16-17, 33:21-23, 33:25, 34:2-13, 34:16-25, | understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including sensitive information about Google personnel assignments and analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. I further understand that this material discusses internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I further understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's operational details and analysis related to Google RTB including discussion about data privacy and data practices.<br><br>I understand that Google maintains this information | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 35:2-25, 36:2-6, 36:8-25, 37:2-12, 37:15-16, 37:18-24, 38:3-19, 38:21-25, 39:2-10, 39:13-25, 40:2-17, 40:19, 40:25, 41:2-21, 42:2, 42:11, 43:14-15, 43:17-21, 44:8, 44:17, 44:19, 45:12-16, 45:20-23, 49:16, 50:8-9, 50:11, 51:15-16, 52:12-17, 52:19-20, 52:24, 53:5-10, 53:12-13, 53:23, 54:5-12, 55:17, 55:25, 56:2-15, 56:22-23, 60:6, 60:9, 60:14-15, 60:18, 62:14-21, 62:24, 63:2, 64:5, 66:7, 66:17-19, 67:5, 67:7, 67:23, | as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors.  This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google. Disclosure may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO

111

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 68:11-12, 68:19, 69:3-5, 69:7-10, 70:7, 70:10-24, 71:6-8, 71:17-25, 72:2-9, 73:8-10, 73:14-24, 74:4-5, 74:8-25, 75:2-11, 76:5, 76:14-16, 76:21-24, 77:15, 77:19-20, 78:21-22, 81:24-25, 82:12, 83:15-16, 85:14-15, 87:22-25, 88:2-3, 89:5, 89:8-18, 89:22-25, 90:2-7, 90:9-22, 91:12-13, 91:17-20, 92:10-11, 92:15-16, 92:22-24, 93:2-3, 93:10-11, 94:10-11, 94:14-16, 95:11, 95:20-22, 98:13-14, 98:19, 98:21, 99:5-6, | | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

112

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 100:11-13, 101:2, 101:17-18, 103:2, 103:9, 103:24-25, 104:19-20, 105:18, 106:4-6, 106:16, 106:19-25, 107:5-6, 108:21, 111:24-25, 112:2-4, 113:5-11, 113:14-16, 113:19-22, 114:7-17, 113:24, 115:3-12, 115:15-22, 115:25, 116:2-11, 116:14-19, 116:21-23, 117:3-4, 117:7-12, 117:15-19, 117:23-25, 118:2, 118:5, 118:9-16, 118:22-23, 119:4-7, 119:9, 119:11, 119:20-22, 120:8-9, 120:13-18, 120:22-23, 121:2-10, 121:20-21, 121:23, 121:25, | | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

113

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 122:9-10, 122:15-22, 124:15-16, 124:22-23, 125:14-15, 127:15-18, 128:19-22, 130:4, 130:8, 131:25, 133:7, 134:2, 134:6, 134:18, 134:21-23, 135:4, 136:5-6, 136:8-9, 136:12, 136:14, 136:17-20, 137:5, 137:12, 137:20, 138:2-4, 138:13, 138:16, 138:18, 138:24, 139:3, 139:17, 139:20-21, 139:23, 139:25, 140:2, 140:6, 140:8-10, 140:22, 140:24, 141:12, 141:16, 141:20-21, 141:23-25, 142:2-4, 142:15, | | |

Cooley LLP
Attorneys at Law
San Francisco

114

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 142:18, 143:16, 143:23-25, 144:3, 144:6, 144:12-14, 144:21, 145:3-4, 146:12-13, 146:16-17, 146:20-25, 147:14, 147:17-18, 147:21, 147:25, 148:2, 148:15-18, 148:20, 148:24-25, 152:14, 153:9-10, 154:13, 154:15-16, 154:20-21, 155:5, 155:8, 155:12-13, 155:16-20, 155:22, 156:5, 156:8, 156:15, 156:23-24, 158:16, 159:13-25, 160:2-4, 160:7-8, 160:11-15, 160:19-25, 161:2-25, 162:2-4, 162:7, 162:10-25, 163:2-7, 163:14-25, | | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 164:2-21, 164:25, 165:2, 165:4-10, 165:13-18, 165:20-25, 166:2-5, 166:9-22, 166:24-25, 167:2-10, 167:12-25, 168:2-12, 168:15-25, 169:2-24, 170:2-3, 170:6-13, 170:21-25, 171:5-15, 172:4-5, 172:11-12, 172:14, 172:19-20, 173:18-19, 174:12-17, 175:13-15, 175:25, 180:21-25, 181:2-10, 181:12-25, 182:2-3, 182:10-12, 182:17-19, 182:21-25, 183:4-11, 183:22-25, 184:2, 184:5-10, 184:12-16, 184:23-25, 185:2-15, 185:21, 186:8-9, 186:15, 187:7-8, 187:10-25, | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

116

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 188:2-4, 188:7-22, 188:24-25, 189:2, 189:4-13, 189:16-18, 189:22-25, 190:2-10, 190:13-17, 190:19-25, 191:16-17, 191:24-25, 192:16, 193:20, 193:23-24, 194:4-12, 194:15-25, 195:2-11, 195:16-19, 198:16-18, 198:21, 198:23-24, 199:4, 199:9-19, 199:22, 199:25, 201:19, 203:3-4, 203:7, 203:9, 203:13, 203:15-25, 204:8, 204:15-16, 204:22-25, 205:5-6, 205:17-18, 205:24-25, 206:2, 206:9-10, 206:13, 208:3, 208:12-14, 209:12-13, 210:3-4, | | |

Cooley LLP
Attorneys at Law
San Francisco

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 210:14, 211:14, 211:20-21, 212:16, 212:18, 215:4, 215:15, 216:13, 216:20, 217:5, 217:9, 222:2, 222:8, 224:17, 224:19, 225:6-7, 225:14-16, 226:12, 226:16, 226:19, 226:23, 227:3, 227:20-22, 227:24-25, 228:2, 228:8, 228:13-14, 229:2-3, 229:8-9, 229:15, 230:5-6, 230:10, 230:16-17, 230:21-22, 231:9-10, 234:16, 235:12, 236:13, 236:23, 236:25, 238:17-20, 241:10, 241:12, 241:14-23, 242:3-6, | | |

Cooley LLP
Attorneys at Law
San Francisco

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 241:10-20, 243:14-15, 243:21-24, 244:2-6, 247:15, 248:2, 248:8, 248:13, 248:21, 249:2-3, 249:16, 249:22-24, 250:8-9, 250:21-22, 251:5-7, 252:12-20, 255:25, 256:8-10, 257:5, 257:9-17, 259:6, 259:9, 259:11-12, 260:19, 260:22, 261:2-4, 261:7-22, 261:24-25, 262:2-13, 263:12, 263:16-17, 263:21, 264:3-6, 264:16-17, 254:19, 264:21, 268:20, 270:17, 270:20-21, 271:4, 271:8, 271:13, 272:2, 272:6-9, 272:14, | | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

119

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 273:8, 273:10-16, 273:23, 274:4-5, 274:10-11, 274:15-25, 275:2-19, 276:8, 276:12, 276:17, 277:4-5, 277:17, 278:3-4, 278:24-25, 279:24-25, 280:7-8, 280:10, 280:12, 282:7-12, 283:12, 284:2-4, 284:10-11, 284:16, 285:4-7, 287:4-5, 288:12, 288:14, 290:15, 291:11-12, 291:15-17, 291:19, 293:3, 293:18-21, 294:8, 294:11-16, 296:15, 296:17, 297:5, 297:9, 297:19, 297:24, 298:3-4, 298:9, 298:16, 299:6-7, | | |

Cooley LLP
Attorneys at Law
San Francisco

120

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 299:15, 299:20-21, 299:24-25, 300:2-9, 300:15-16, 300:20, 301:4-9, 301:18, 302:9, 302:16, 303:18, 304:6, 304:11, 305:11, 305:16-17, 306:16-25, 307:2-4, 311:10, 311:17-18, 312:12, 312:15-16, 312:20-25, 313:2, 313:5-6, 313:10-11, 313:14-25, 314:2-19, 314:21, 315:10, 315:16, 315:18-20, 316:4-6, 316:8-15, 316:19-22: 316:24-25, 317:2-3, 317:13-15, 317:24, 318:6-7, 320:14-18, 321:3-6, 321:9-12, 323:5-12, 323:15-18, 325:4, | | |

Cooley LLP
Attorneys at Law
San Francisco

121

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 325:7-8, 326:6-8, 326:14-15, 327:3, 327:17, 328:7-12, 328:21-23, 329:6-11, 335:18, 335:25, 336:3, 337:12, 338:11-12, 338:22-23, 339:6-7, 339:12, 339:22-23, 341:18, 349:3-4, 349:20-21, 349:23-24, 350:5-12, 350:15, 350:17, 350:23-25, 351:7-9, 351:23, 352:2, 352:9, 352:17, 352:2, 354:5-12, 355:7, 355:14, 355:21, 355:23, 355:25, 356:23-24, 357:6, 357:8, 357:12-13, 357:16, 358:4, 359:15-16, 362:16, | | |

Cooley LLP
Attorneys at Law
San Francisco

122

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 362:18-19, 363:13, 363:15, 363:22-23, 363:25, 364:2-5, 364:12, 364:18-25, 365:2, 365:6-13, 365:16-25, 366:2-9, 366:12, 366:20, 377:6, 377:12, 377:18, 378:6-7, 378:11-13, 378:18-19, 379:11-12, 379:18-19, 380:6-7, 380:13-14, 380:19-20, 381:6-7, 381:12-13, 381:18-19, 382:6, 382:12-13, 382:18-20, 383:6-8, 383:13-14, 383:19-20, 384:16-17, 384:22, 385:16-18, 385:23, 386:6-7, 386:12-13, Index: 395, 403, 404, 413, 417, 419, 421, 423, 424, | | |

Cooley LLP
Attorneys at Law
San Francisco

123

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 425, 426, 428, 430, 431, 435, 436, 437, 438, 441, 442, 447, 448, 450, 452, 453, 457, 458, 460 | | |
| ECF No. 499 (Plaintiffs' Sealing Motion) | Exhibit B to Declaration of Jonathan K. Levine In Support of Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order) (ECF No. 499-5) | Entire Document | **Strategy re data privacy:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, and decision-making related to Google advertising products, such as discussions about data privacy, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. This Court has previously sealed this document in its entirety. *See* ECF No. 391 at 3. | |
| ECF No. 499 (Plaintiffs' Sealing Motion) | Exhibit C to Declaration of Jonathan K. Levine In Support of Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order) (ECF No. 499-6) | Entire Document | **RTB strategy, analysis, revenue:** I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding confidential product initiatives and technical details about Google's internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB including internal code and project names that Google maintains as confidential in the ordinary course of its business and that is not generally known to the | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | public or Google's competitors. Additionally, I understand that such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. I also understand that public disclosure of this confidential and proprietary information could injure Google's competitive standing as it may enable competitors to alter their systems and practices relating to competing products. | |
| ECF No. 499 (Plaintiffs' Sealing Motion) | Exhibit D to Declaration of Jonathan K. Levine In Support of Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order) (ECF No. 499-7) | Entire Document | **RTB strategy, analysis, revenue:** I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding confidential product initiatives and technical details about Google's internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | to the public or Google's competitors. Additionally, I understand that such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. I also understand that public disclosure of this confidential and proprietary information could injure Google's competitive standing as it may enable competitors to alter their systems and practices relating to competing products. | |
| ECF No. 499 (Plaintiffs' Sealing Motion) | Exhibit E to Declaration of Jonathan K. Levine In Support of Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order) (ECF No. 499-8) | Entire Document | **Strategy re data privacy:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, and decision-making related to Google advertising products, such as discussions about data privacy, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand | |

| ECF No. Requesting Seal | Document | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems.<br>This Court has previously sealed this document in its entirety in connection with Plaintiffs' Administrative Motion to Consider Whether Another Party's Documents Should be Sealed (ECF No. 386). *See* ECF No. 391 at 3. | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Sealing | Document | Portion to Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| **Plaintiffs' Confidential Information** | | | | |
| ECF 547 | Portions of the Expert Class Certification Report of Professor Zubair Shafiq, submitted by plaintiffs as Exhibit 1 in support of Plaintiffs' Motion for Class Certification (sealed version: ECF 545-5; public version re-redacted by Google: ECF 558-5). | Highlighted portions at ¶ 42(b), Table 2 to ¶ 42(e), ¶ 42(f), ¶ 46(a)-(g), and FNs 18, 19, 23, 24, 25, 26, 27, and 28. | <u>Plaintiffs' sealing request</u>: This data reflects sensitive personal information of the named plaintiffs, including the "verticals" into which Google classified them, their location, and their search history | |
| ECF 547 | Portions of the Expert Class Certification Report of Professor Christopher Wilson, submitted by plaintiffs as Exhibit 2 in support of Plaintiffs' Motion for Class Certification (sealed version: ECF 545-6; public version re-redacted by Google: ECF 558-6). | Table 5 in ¶ 95, left-most column entitled "Google account" only. | <u>Plaintiffs' sealing request</u>: This column in Table 5 identifies the named plaintiffs' Google account names which are portions of their Gmail email addresses with which they could be contacted against their wishes and which are therefore personal and private information that should remain sealed from public view. | |
| ECF 608 | Portions of Google's Opposition to | At page 10, FN 9, citing to Table 5 in the Expert Class | <u>Plaintiffs' sealing request</u>: This column in Table 5 identifies the | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Sealing | Document | Portion to Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Plaintiffs' Motion for Class Certification (sealed version: ECF 588-3; redacted version: ECF 583-3). | Certification Report of Professor Christopher Wilson (ECF 545-6/ ECF 558-6) | named plaintiffs' Google account names which are portions of their Gmail email addresses with which they could be contacted against their wishes and which are therefore personal and private information that should remain sealed from public view. | |
| ECF 608 | Portions of the expert report of Google's expert Aaron Striegel, Ph.D., submitted by Google as Exhibit 1 to the Somvichian Decl. in support of Google's Oppn. sealed version: ECF 584-1, corrected sealed version: ECF 602-1, corrected public redacted version: 602-2). | Highlighted portions at pp. 47-52 | Plaintiffs' sealing request: Those portions of Dr. Striegel's report contain information identifying the named plaintiffs by name and with location coordinates or describing the "verticals" into which Google classified certain named plaintiffs | |
| ECF 608 | Portions of the deposition transcript of named Plaintiff Terry Diggs, submitted by Google as Ex. 7 to the Somvichian Decl. (sealed version: ECF 585-2, public redacted version ECF 585-1, | Transcript at 7:8-13,  199:17, 21 and 24,  and 200:16 | Plaintiffs' sealing request: In these excerpts, Ms. Diggs' private health information and a particular medical diagnosis she has are discussed | |

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO

130

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Sealing | Document | Portion to Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | corrected re-redacted version: 602-5). | | | |
| ECF 608 | Portions of the deposition transcript of named Plaintiff Rethena Green, submitted by Google as Ex. 8 to the Somvichian Decl. (sealed version: ECF 585-4, public redacted version: ECF 585-3). | Transcript at 40:14 and 40:25 | Plaintiffs' sealing request: In these excerpts, Ms. Green's private health information and her medical diagnosis are discussed | |
| ECF 608 | Portions of the deposition transcript of named Plaintiff Kimberley Woodruff (Ex. 17 to the Somvichian Decl.), submitted by Google (sealed version: ECF 585-18, public redacted version: ECF 585-17). | Transcript at pages 59-63. | Plaintiffs' sealing request: These excerpts discuss Ms. Woodruff's private medical information and personal information regarding private online searches she conducted. | |
| ECF 618 | Portions of the Expert Class Certification Rebuttal Report of Professor Zubair Shafiq, submitted by plaintiffs as Exhibit 43 in support of their | Highlighted portions of ¶¶ 44, 45 and 47. | Plaintiffs' sealing request: Those paragraphs reflect personal and private URL and location data regarding certain named plaintiffs, produced by Google | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

131

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Sealing | Document | Portion to Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Reply (sealed version: ECF 616-5, public redacted version: ECF 617-3). | | | |
| **Third Party Requests (for Plaintiffs' Materials)** | | | | |
| ECF 556 | Portions of plaintiffs' Exhibit 2, Expert Class Certification Report of Prof. Christopher Wilson, (sealed version: ECF 545-6, public redacted version: 558-6). | • The numerical figure contained in the last sentence of ¶ 38 | <u>Third party N.Y. Times's sealing request</u>: Constitutes commercially and competitively sensitive information, the divulgence of which would result in competitive harm to The Times. If made public, this figure could be used by The Times's competitors to derive insights about The Times's business operations/strategies and by current and prospective customers, vendors, and business partners of The Times to gain unfair advantages in negotiations and dealings with The Times. *See* ECF 556; Glogovsky Decl. (dated August 3, 2023) ¶ 8. | |
| | | • The "UserID" figure contained in Table 2 (¶ 39) • The "UserID" figure contained in Table 3 (¶ 40) | <u>Third party N.Y. Times's sealing request</u>: Constitutes sensitive customer information, the divulgence of which would result in substantial harm to certain of The Times's customers. These non-public values are unique identifiers that, if made | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Sealing | Document | Portion to Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | public, could be used in conjunction with other data elements to determine the identities of the individual customers associated with the values. *See* ECF 556; Glogovsky Decl. (dated August 3, 2023) ¶ 9. | |
| ECF 626 | Portions of plaintiffs' Reply brief (sealed version: ECF 616-3, public redacted version ECF 617). | • Numerical figures contained on lines 8 and 17 of page 4 <br><br> • Numerical figure contained in line 15 of page 5 | <u>Third party N.Y. Times's sealing request</u>: Constitutes commercially and competitively sensitive information, the divulgence of which would result in competitive harm to The Times. If made public, these figures could be used by The Times's competitors to derive insights about The Times's business operations/strategies and by current and prospective customers, vendors, and business partners of The Times to gain unfair advantages in negotiations and dealings with The Times. *See* ECF 626; Glogovsky Decl. (dated December 6, 2023) ¶ 7. | |
| ECF 626 | Portions of plaintiffs' Exhibit 44, Expert Class Certification Rebuttal Report of Prof. | • Certain numerical values in ¶ 48 <br><br> • Certain names of data fields and | <u>Third party N.Y. Times's sealing request</u>: Constitutes commercially and competitively sensitive information, the divulgence of which | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

133

[PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Sealing | Document | Portion to Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Christopher Wilson (sealed version: ECF 616-6, public redacted version: ECF 617-4). | percentages contained in ¶ 51<br><br>• Certain names of data fields, numerical values, and percentages in ¶¶ 53, 56 & n.50<br><br>• Certain numerical values in ¶ 59<br><br>• Certain names of data fields in ¶ 64<br><br>• Certain names of data fields, text, and percentages in ¶ 66 prior to last line of page 20 | would result in competitive harm to The Times. If made public, these figures and information could be used by The Times's competitors to derive insights about The Times's business operations/strategies and by current and prospective customers, vendors, and business partners of The Times to gain unfair advantages in negotiations and dealings with The Times. *See* ECF 626; Glogovsky Decl. (dated December 6, 2023) ¶ 7. | |
| | | **Third Party Requests (for Defendant's Materials)** | | |
| ECF 604 | Portions of Expert Report of Aaron Striegel (ECF No. 584-1 and 584-2, re-filed as ECF No. 602-1 and 602-2) | • Numerical figure contained in upper right cell of chart at the bottom of page 9 | <u>Third party N.Y. Times's sealing request</u>: Constitutes commercially and competitively sensitive information, the divulgence of which would result in competitive harm to The Times. If made public, this figure could be used by The Times's competitors to derive insights about The Times's business | |

Cooley LLP
Attorneys at Law
San Francisco

134

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Sealing | Document | Portion to Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | operations/strategies and by current and prospective customers, vendors, and business partners of The Times to gain unfair advantages in negotiations and dealings with The Times. *See* ECF 604; Glogovsky Decl. (dated October 5, 2023) ¶ 7. | |
| ECF 604 | Portions of Google's Opposition to Plaintiffs' Motion for Class Certification (Sealed ECF No. 583-3 and 583-4) | • Name of data field, numerical value, and percentage in fifth sentence of ¶ 17<br><br>• Numerical value contained in last full sentence of ¶ 102<br><br>• Names of data fields, numerical values, and percentages in ¶¶ 103-108 & n. 82<br><br>• Numerical value in first sentence of ¶ 155 | <u>Third party N.Y. Times's sealing request</u>: Constitutes commercially and competitively sensitive information, the divulgence of which would result in competitive harm to The Times. If made public, these figures and information could be used by The Times's competitors to derive insights about The Times's business operations/strategies and by current and prospective customers, vendors, and business partners of The Times to gain unfair advantages in negotiations and dealings with The Times. *See* ECF 604; Glogovsky Decl. (dated October 5, 2023) ¶ 7. | |

Cooley LLP
Attorneys at Law
San Francisco

135

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

1

2

**IT IS SO ORDERED.**

3

4

Dated: _____

The Honorable Yvonne Gonzalez Rogers
UNITED STATES DISTRICT JUDGE

5

6

7

299544407

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cooley LLP
Attorneys at Law
San Francisco

136

[Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD