# EXHIBIT 6

## Redacted Version of Document Sought to be Sealed

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

PATRICK CALHOUN, ELAINE CRESPO, )
HADIYAH JACKSON and CLAUDIA )
KINDLER, on behalf of all )
others similarly situated, )
)
Plaintiffs, )
)
vs. ) Case No.
) 5:20-cv-5146-LHK
GOOGLE LLC, )
)
Defendant. )
________________________________ )

VIRTUAL VIDEOCONFERENCE VIDEO-RECORDED
DEPOSITION OF DAVID MONSEES

Friday, April 9, 2021
Testifying from San Francisco, California

Reported By:
Hanna Kim, CLR, CSR No. 13083
Job No. 4530995

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

PATRICK CALHOUN, ELAINE CRESPO, )
HADIYAH JACKSON and CLAUDIA )
KINDLER, on behalf of all )
others similarly situated, )
)
Plaintiffs, )
)
vs. ) Case No.
) 5:20-cv-5146-LHK
GOOGLE LLC, )
)
Defendant. )
_______________________________ )

Virtual videoconference video-recorded deposition of DAVID MONSEES, taken on behalf of the Plaintiffs, testifying from San Francisco, California, on Friday, April 9, 2021, before Hanna Kim, CLR, CSR No. 13083.

REMOTE VIDEOCONFERENCE APPEARANCES OF COUNSEL:

For Plaintiffs:

BLEICHMAR FONTI & AULD LLP
BY: LESLEY WEAVER, ESQ
BY: ANGELICA M ORNELAS, ESQ
555 12th Street, Suite 1600
Oakland, California 994607
415 445 4003
lweaver@bfalaw com
aornelas@bfalaw com
-and-
KAPLAN FOX & KILSHEIMER LLP
BY: DAVID A STRAITE, ESQ
850 Third Avenue
New York, New York 10022
212 687 1980
dstraite@kaplanfox coma

REMOTE VIDEOCONFERENCE APPEARANCES (CONTINUED)

For Plaintiffs:

SIMMONS HANLY CONROY LLC
BY: JASON "JAY" BARNES, ESQ
BY: AN TRUONG, ESQ
112 Madison Avenue, 7th Floor
New York, New York 10016
212 784 6400
jaybarnes@simmonsfirm com
atruong@simmonsfirm com

For Defendant Google LLC:

QUINN EMANUEL URQUHART & SULLIVAN
BY: ANDREW H SCHAPIRO, ESQ
191 N Wacker Drive, Suite 2700
Chicago, Illinois 60606
312 705 7400
andrewschapiro@quinnemanuel com
-and-
BY: JOSEF ANSORGE, PH D
1300 I Street NW, Suite 900
Washington, D C 20005
202 538 8000
josefansorge@quinnemanuel com

REMOTE VIDEOCONFERENCE APPEARANCES (CONTINUED)

Also Present:

JOHN JANHUNEN, ESQ , Google LLC
RON LAZO, Videographer

INDEX OF EXAMINATION

WITNESS: DAVID MONSEES

| EXAMINATION | PAGE |
|---|---|
| BY MS. WEAVER: | 11 |

INDEX OF EXHIBITS

| MONSEES DEPOSITION EXHIBITS | | PAGE |
|---|---|---|
| Exhibit 1 | Plaintiffs' Notice Deposition of Defendant Google LLC Pursuant FRCP 30(b)(6); 5 pages | 17 |
| Exhibit 2 | Complaint, executed date of July 27, 2020; 93 pages | 31 |
| Exhibit 3 | Google internal service document; Bates nos. GOOG-CALH_00027787 through '91 | 41 |
| Exhibit 4 | "Logs Sources and Access Types"; Bates nos. GOOG-CALH-00027774 through '782 | 85 |
| Exhibit 5 | "Defendant's Responses and Objections to Plaintiffs' First Set of Interrogatories (Nos. 1-7)"; 26 pages | 122 |
| Exhibit 6 | "Syncable service API"; 4 pages | 139 |
| Exhibit 7 | "Developers Chrome.Storage-Chrome Developers"; 13 pages | 139 |
| Exhibit 8 | "Chrome data in your account"; 1 page | 178 |
| Exhibit 9 | "Ads logs types"; Bates nos. GOOG-CALH-00027278 through '285 | 182 |

INDEX OF EXHIBITS (CONTINUED)

| MONSEES DEPOSITION EXHIBITS | | PAGE |
|---|---|---|
| Exhibit 10 | "Sample from sync logs"; Bates nos. GOOG-CALH-00027477 through '485 | 190 |
| Exhibit 11 | "Fact Sheet for Monsees"; 2 pages | 208 |
| Exhibit 12 | "Personalization Data Sources Policy"; Bates nos. GOOG-CALH-00027413 through '414 | 262 |
| Exhibit 13 | "User Data Retention and Deletion Guidelines"; Bates nos. GOOG-CALH-00027154 through '161 | 268 |
| Exhibit 14 | "User Data Retention and Deletion Policy"; Bates nos. Bates nos. GOOG-CALH-00027162 through '165 | 270 |
| Exhibit 15 | "Scrubbing Policies for Log Data"; Bates nos. GOOG-CALH-00027152 through '153 | 289 |
| Exhibit 16 | "Log Data Usage Rules"; Bates nos. GOOG-CALH-00027762 through '767 | 308 |
| Exhibit 17 | "Chrome Logs"; Bates nos. GOOG-CALH-00027536 through '540 | 316 |

INDEX OF EXHIBITS (CONTINUED)

| MONSEES DEPOSITION EXHIBITS | | PAGE |
|---|---|---|
| Exhibit 18 | [redacted]; Bates nos. GOOG-CALH-00027297 through '326 | 324 |
| Exhibit 19 | Google internal site printout, to frequently asked questions for the [redacted] platform; Bates nos. GOOG-CALH-00027290 through '293 | 325 |
| Exhibit 20 | "[redacted] Logs"; Bates nos. GOOG-CALH-00027451 through '453 | 334 |
| Exhibit 21 | "My Activity"; Bates nos. GOOG-CALH-00027409 through '410 | 337 |
| Exhibit 22 | Printout of LinkedIn profile of David Monsees; 16 pages | 345 |

--o0o--

Testifying from San Francisco, California
Friday, April 9, 2021; 9:11 a.m.
--o0o--
THE VIDEOGRAPHER: We are now on the record. The time is 9:11 a m., Pacific Daylight 09:11:28 Time, on April 9th, 2021.
This is Media Unit 1 of the video-recorded deposition of David Monsees, 30(b)(6) witness, Google LLC, taken by counsel for the Plaintiff, in the matter of Patrick Calhoun, et al., versus 09:11:50 Google LLC, filed in the United States District Court, Northern District of California, San Jose. The case number is 5:20-cv-05146-LHK-SVK.
This deposition is being held via online conference. 09:12:13
All parties are attending remotely.
The court reporter is Hanna Kim from Veritext.
The videographer is Ron Lazo from Veritext. 09:12:22
Counsel, please state your appearances and affiliations for the record.
MS. WEAVER: Good morning. This is Lesley Weaver of Bleichmart Fonti & Auld on behalf of the Plaintiffs. 09:12:32

With me today is Angelica Ornelas from my office, as well as David Straite of Kaplan Fox, and Jay Barnes of Simmons Conroy, and An Truong, also of Simmons Conroy.
MR. SCHAPIRO: Good morning. This is 09:12:58 Andrew Schapiro. I'm with law firm Quinn Emanuel representing Google.
My colleague Josef Ansorge is on with us and as is John Janhunen from Google.
THE VIDEOGRAPHER: Will the court reporter 09:13:13 please swear in the witness.
DAVID MONSEES,
having been administered an oath over
videoconference, was examined
and testified as follows: 09:13:38
THE VIDEOGRAPHER: Please begin.
EXAMINATION
BY MS. WEAVER:
Q. Good morning, Mr. Monsees. How are you?
A. Good morning. I'm well. Thank you. 09:13:42
Q. All right. Good.
You understand you're testifying under oath today; correct?
A. Correct.
Q. Right. 09:13:48

Is there any reason why you cannot testify completely and truthfully today?
A. No.
Q. Great.
Have you testified before? 09:13:56
A. Yes, I have.
Q. In a deposition or at trial?
A. I believe both.
Q. And how many times have you testified?
A. At trial or -- or depositions? 09:14:08
Q. Both.
A. Both. A total of two.
Q. Okay. Great.
And how recent did you give testimony?
A. I believe that was in December of last 09:14:19 year, so four months ago.
Q. And for the deposition, in what matter was -- did you give testimony?
A. I'm -- I'm sorry. I don't understand. What do you mean by -- you mean in person or...? 09:14:33
Q. Well, we can answer that, too.
The question I'm trying ask is, for what proceeding did you testify in a deposition?
A. Oh, I -- I apologize, I don't know the name of the proceeding. 09:14:46

Q. Okay. Were you representing Google?
A. I was representing Google, yes.
Q. Okay. And in the testimony at trial, was that the same matter?
A. A different matter. 09:14:56
Q. Okay. And with regard to the matter in which you testified in deposition, was it a matter involving a pri- -- private civil suit?
A. No, I don't believe so.
Q. Okay. Was it involving an Attorney 09:15:11 General's Office?
A. Yes, it was.
Q. And do you recall which Attorney General?
A. This was Arizona.
Q. Okay. And in the trial, what case did you 09:15:21 testify in?
A. I -- I don't recall the -- the name of the case. I'm sorry.
Q. Is that -- no, that's fine.
Was it a private plaintiff? 09:15:32
A. The -- I don't believe so. The -- the Attorney General case?
Q. Okay. So when you testified at trial, was that also a governmental matter being prosecuted by the government? 09:15:47

identifier of some kind so the sync service is able to know, you know, "Oh, it's David's MacBook that is uploading his browser passwords to sync, so I will now populate those down to his Android device device ID." And that is likely done by device IDs. 11:23:49
BY MS. WEAVER:
Q. And if the user then clicks unsync, how does Google know which devices to unsync?
A. That device would be removed from -- from sync, so -- so Google would not see that device 11:24:03 anymore for --
THE COURT REPORTER: I'm sorry. "Device anymore for"?
THE WITNESS: -- from the sync service.
If we could slow down just a little bit, please. Thank you.
BY MS. WEAVER:
Q. You're doing great. It's just video deps.
So when a user unsyncs, does Google maintain a record of that request to unsync? 11:24:28
MR. SCHAPIRO: Objection. Beyond the scope.
THE WITNESS: I do not know since we didn't focus on -- since this is for nonsync users, I don't know definitively. Sorry. 11:24:45

BY MS. WEAVER:
Q. When you say we didn't focus on nonsync, what do you mean?
A. So -- so, sorry, since this would be specifically -- 11:24:53
MR. SCHAPIRO: I'm going to object for a second and just -- you can describe generally, but don't talk about any conversations with your lawyers, which are privileged and which you should not reveal. 11:25:02
THE WITNESS: Okay. Apologies.
What -- what I mean is that since I believe the deposition request was for nonsync Chrome traffic -- correct -- correct me if I misunderstand that -- that I did not do work to 11:25:15 understand what Chrome sync is doing, as to that level of detail to know if there is a specific record or log that would say sync was turned off. I -- I don't know.
BY MS. WEAVER: 11:25:34
Q. Does Google have a record of users who have turned off sync?
MR. SCHAPIRO: Same objection.
THE WITNESS: And I -- I think same answer. I -- I do not know if it has a record for 11:25:46

users who had sync on and then chose to turn sync off beyond the absence of sync data.
BY MS. WEAVER:
Q. Who would know?
A. I am trying to think. I do not know of an 11:25:57 individual, but the -- the Chrome sync team is who I would reach out to if we had a specific question about Chrome sync specifically.
Q. Were you asked to identify whether or not Google has a record of users who are not synched? 11:26:18
A. Yes, I was insofar as you mean for Chrome users do we know users specifically who don't sync because there's no sync traffic or sync log, then, you know, that -- that is a -- the investigation that I did. 11:26:40
Q. And do you know the answer to whether or not Google can identify today all users who are not synched?
A. My understanding is that we cannot because users are not syncing. 11:26:54
Q. So Google can identify today who is synched; is that correct?
A. Depending on if the user is still syncing and what other user controls the user has done, we can identify a Google account that has sync 11:27:13

enabled for one or more of their Chrome apps.
Q. And Google can identify who is on Chrome at the same point in time; is that correct?
A. That is not correct.
Q. It is not? What is incorrect about it? 11:27:30
A. That Google does not have a user ID -- a Google account ID in Chrome for users who are not signed in using Chrome sync.
Q. Can Google identify the number of users who are on Chrome right now? 11:27:53
A. Yes, to -- to an -- an approximate. I don't know if it's an -- an exact number, but we do have measurement.
Q. And can Google identify right now how many of those users are synched? 11:28:08
A. As a percentage of users with the sync feature enabled in the Chrome app, yes, Google can identify that.
Q. And if Google subtracted from the total number of Chrome users right now the number of 11:28:21 synched users, would that reflect the number of unsynched users?
A. Well, I think once you remove the user ID, we don't know if their users, if -- if that make sense. 11:28:38

A. Oh, I -- I am -- I am not sure what a -- a per e-mail cost is. I believe it's quite low to send a -- an individual e-mail.

Q. Okay. Thank you.

MS. WEAVER: No further questions -- 05:19:48 questions for this witness at this time. This deposition will remain open.

MR. SCHAPIRO: So we of course don't agree to holding it open, but we want to -- we'll take a few minutes and -- and come back and do some 05:20:04 redirect if -- if we think we want to do that. So why don't we come back in five minutes.

MS. WEAVER: Sounds good.

MR. SCHAPIRO: 25 past.

THE VIDEOGRAPHER: We're now going off the 05:20:20 record. The time is 5:20 p.m., Pacific Daylight Time.

(Short recess taken.)

THE VIDEOGRAPHER: We are now back on the record. The time is 5:33 p.m., Pacific Daylight 05:33:20 Time.

MR. SCHAPIRO: So we have no questions for the witness.

Mr. Monsees, thank you very much for your time. 05:33:31

JURAT

I, DAVID MONSEES, do hereby certify under penalty of perjury that I have read the foregoing transcript of my deposition taken on the 9th day of April, 2021; that I have made such corrections as appear noted herein in ink, initialed by me; that my testimony as contained herein, as corrected, is true and correct.

Dated this 19th day of May, 2021, at Dallas County, State of Texas.

DAVID MONSEES

GEORGE W POLETES
Notary Public
STATE OF TEXAS
Notary I.D. 13174447-9
My Comm. Exp. Oct. 2, 2022

This notarial act was an online notarization.

Lesley, et al., wonderful to see you as always.

MS. WEAVER: Yeah, and I want to thank the witness very much. I know this isn't fun and especially not alone in your room. Thank you. 05:33:48

And thanks very much to all of you supporting the deposition, Ms. -- Ms. Kim and our videographer.

MR. SCHAPIRO: I second that.

MS. WEAVER: Okay. And -- 05:33:54

THE VIDEOGRAPHER: This -- this concludes today's testimony given by David Monsees, 30(b)(6) witness, Google LLC.

The number of media units used was one and will be retained by Veritext. The time is 05:34:06 5:34 p.m., Pacific Daylight Time. We are now off the record.

(Proceedings concluded, 5:34 p.m.)

CERTIFICATE OF REPORTER

I, Hanna Kim, a Certified Shorthand Reporter, do hereby certify:

That prior to being examined, the witness in the foregoing proceedings was by me duly sworn to testify to the truth, the whole truth, and nothing but the truth;

That said proceedings were taken before me at the time and place therein set forth and were taken down by me in shorthand and thereafter transcribed into typewriting under my direction and supervision;

I further certify that I am neither counsel for, nor related to, any party to said proceedings, not in anywise interested in the outcome thereof.

Further, that if the foregoing pertains to the original [illegible] n a federal case, [illegible] proceedings, review of th[illegible] s not requested.

In witn[illegible] nto subscribed n[illegible]

Dated: April

Hanna Kim, CLR, CSR No. 13083

ERRATA SHEET FOR THE TRANSCRIPT OF:

Case Name: CALHOUN, ET AL. vs. GOOGLE LLC

Dep. Date: 04/09/2021

Deponent: DAVID MONSEES

CORRECTIONS:

| Pg. | Ln. | Now Reads | Should Read | Reason |
|---|---|---|---|---|
| 22 | 23 | Harding | Harting | Incorrect spelling |
| 25 | 7 | Schumman | Schuman | Incorrect spelling |
| 26 | 18 | Bob Kee | Bob Cui | Incorrect spelling |
| 54 | 16 | zwbk | Zwieback | Full word used |
| 89 | 10 | sends to | since to | Words used |
| 94 | 2 | pseudonymous for cookie ID | pseudonymous cookie ID | Clarity |
| 117 | 24 | know if their users | know if they're users | Incorrect spelling |
| 191 | 1 | Schulman | Schuman | Incorrect spelling |
| 192 | 6 | Schulman | Schuman | Incorrect spelling |
| 307 | 1 | Gilke | Golueke | Incorrect spelling |
| 327 | 11 | actually have the product | actually as the product | Words used |
| 353 | 14 | for now error on | for now err on | Words used |

Signature of Deponent

SUBSCRIBED AND SWORN BEFORE ME

THIS 19th DAY OF May, 2021.

(Notary Public) MY COMMISSION EXPIRES October 2, 2022

This notarial act was an online notarization.

Page 358

NOTARY PUBLIC
STATE OF TEXAS
GEORGE W POLETES
Notary Public
STATE OF TEXAS
Notary I.D. 13174447-9
My Comm. Exp. Oct. 2, 2022