# EXHIBIT 8
**Redacted Version of**

**Document Sought to be Sealed**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

PATRICK CALHOUN, *et al*., on behalf of themselves and all others similarly situated,

        Plaintiffs,

        vs.

GOOGLE LLC,

        Defendant.

Case No. 5:20-cv-5146-LHK-SVK

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)**

Pursuant to Federal Rule of Civil Procedure 33, Defendant Google LLC ("Google") hereby provides its responses and objections to Plaintiffs' Fifth Set of Interrogatories (Nos. 27, 30, 33-34). These responses and objections are made solely for the purpose of and in relation to this action. In addition, the responses and objections set forth in this document are based on Google's knowledge, investigations, and analysis to date. As discovery proceeds, Google may become aware of additional facts or evidence and its analysis of the case may change. Google reserves all rights to supplement and amend its objections and responses accordingly.

## GENERAL OBJECTIONS

The following objections apply to each and every interrogatory propounded by Plaintiffs and are incorporated into each of the specific objections by reference as if set forth fully therein:

1.      Google objects to Plaintiffs' definition of "Google," "Defendant," "You," and "Your" and Instruction No. 1 to the extent that they seek to require Google to produce or otherwise analyze any document or other information that is not within the possession, custody, or control of

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   Google. Google further objects to this definition and instruction to the extent that they purport to

2   impute knowledge of unspecified or unknown parties or persons to Google. Google further objects

3   to this definition and instruction as overly broad, vague, and ambiguous to the extent they purport

4   to include entities other than Google, which is the only named defendant in the present action.

5   Google further objects to this definition and instruction to the extent that they include Google's

6   attorneys and, therefore, cause interrogatories using "Google," "Defendant," "You," and "Your" to

7   seek improperly information protected by the attorney-client privilege, the work product doctrine,

8   the common interest privilege and/or any other applicable privileges or immunities.

9         2.     Google objects to Plaintiffs' definitions of "Communication," "Correspondence,"

10   "Document(s)," "Information," and "File" to the extent that they conflict with the provisions of the

11   ESI Order pertaining to the search and production of documents. Google further objects to each

12   interrogatory to the extent that it requires Google to search for electronically stored information in

13   a manner that is inconsistent with the agreements reached in the parties' ESI negotiations.

14         3.     Google objects to Plaintiffs' definitions of "[c]oncern," "concerning,"

15   "[e]videncing," "[i]ncluding," "[r]egard," "regarding," "refer," "referring," "relate," "relating,"

16   "pertain," and "pertaining" to the extent that they propose to alter the plain meaning or scope of any

17   specific interrogatory and to the extent that such alteration renders the interrogatory vague,

18   ambiguous, and overbroad.

19         4.     Google objects to Plaintiffs' definition of "Data Transmission(s)" as overly broad

20   and unduly burdensome, as it is not limited to computing devices or software programs relevant to

21   this lawsuit and includes any transfer of information from a Chrome browser to "other locations,"

22   which is improperly vague.

23

24

25

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

5.    Google objects to Plaintiffs' definition of "Employee(s)" as including "any person who … purported to act on behalf of any Google entity" as overly broad, vague, and ambiguous to the extent it includes persons other than Google's employees.

6.    Google objects to Plaintiffs' definition of "Google Accountholder(s)" as vague and ambiguous to the extent it refers to an "individual who has" a Google account, as it is unclear what ownership or activity by an individual is sufficient to satisfy this definition.

7.    Google objects to Plaintiffs' definition of "Google Domain or Subdomain" as vague and ambiguous because it purports to include any domain or subdomain "associated with … Google," without providing any definition or context for that phrase.  Google also objects to Plaintiffs' definition as overly broad and unduly burdensome to the extent it includes domains and subdomains not at issue in this lawsuit.

8.    Google objects to Plaintiffs' definition of "Google Property" as overly broad and unduly burdensome to the extent it includes Google products and services not at issue in this lawsuit.

9.    Google objects to Plaintiffs' definition of "Google Source Code" as overly broad and unduly burdensome because it is not confined to Google products and services at issue in this lawsuit. To the extent Plaintiffs' definition includes non-public source code, Google further objects because the production of non-public, proprietary source code has already been deemed unwarranted in this case. Dkt. 377 ("[T]he Court finds that the Special Master's factual conclusions regarding the overbreadth of the Plaintiffs' requests for access to nonpublic source code . . . [is] well taken and adopts those findings . . . Plaintiffs have not demonstrated the requisite factual basis of necessity . . .").

10.    Google objects to Plaintiffs' definition of "Person(s)" as overly broad and unduly burdensome in that it purports to include "a non-human entity recognized as having the rights and obligations of a human being."

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

11.    Google objects to Plaintiffs' definition of "Policy" or "Policies" as overly broad, vague, and ambiguous in that it purports to include "any rule, procedure, practice, or course of conduct, whether formal or informal, written, or unwritten, recorded, or unrecorded, that was recognized or followed, explicitly or implicitly."

12.    Google objects to Plaintiffs' definition of "Personal Information" as overly broad and unduly burdensome because it extends far beyond the "personal information" referenced in Plaintiffs' complaint (*see, e.g.*, Dkt. 162-3 ¶¶ 2, 4) and in Google's privacy policy, which defines "personal information" as "information that you provide to us personally which personally identifies you, such as your name, email address, or billing information, or other data that can be reasonably linked to such information by Google, such as information we associate with your Google Account."

13.    Google objects to Plaintiffs' definition of "Relevant Time Period" as overly broad, because it encompasses claims that may be barred by the statute of limitations. Google further objects to Plaintiffs' definition of "Relevant Time Period" to the extent that it encompasses information and/or records that are not reasonably accessible and whose inclusion is not proportional to the needs of the case.

14.    Google objects to Plaintiffs' definition of "Signal" as overly broad and unduly burdensome, as it would cover any type of information or symbol—e.g., "code, flag, data, number, entry, or other indicator"—that exists.

15.    Google objects to Plaintiffs' definition of "Signed-In" as "refer[ring] to signing in or logging in to a Google Account" as vague and ambiguous because it does not clarify whether the user is (1) signed into a Google Account in the Chrome browser or (2) signed into a Google Account in the content area of the browser while signed out of the Chrome browser. Google objects to Plaintiffs' definition of "Signed-In" and "Sign-In" as vague, ambiguous, and improperly circular because the definition relies on the term it seeks to define and Plaintiffs use the terms in ways that

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    require a technical and precise meaning, but do not provide such a definition. Plaintiffs confusingly

2    appear to use "Signed-In" as a status state for a Google User (e.g., seeking information on Users

3    who are "not Signed-In"), but their definition in its entirety only refers to the act of "signing in or

4    logging in to a Google Account" and not a User state. This is vague and ambiguous and does not

5    provide the information required to answer the Interrogatories, such as whether a User who has ever

6    logged into a Google Account is considered "Signed-in" under Plaintiffs' definition, and it says

7    nothing of Users who may have logged into a Google Account on some devices but not on others.

8        16.    Google objects to Plaintiffs' definition of "Sync" as "refer[ring] to the Sync feature

9    available on Chrome Browsers" to the extent Plaintiffs purport it adequately defines or includes

10   alleged User states included in Plaintiffs' interrogatories, such as "Synced," "not Synced," or "un-

11   synced," which require a technical and precise definition and are undefined in Plaintiffs' Fifth Set

12   of Interrogatories.

13       17.    Google objects to Plaintiffs' Definitions, Instructions, and interrogatories to the

14   extent they seek information and/or records that are not reasonably accessible and whose inclusion

15   is not proportional to the needs of the case.

16       18.    Google objects to Plaintiffs' Definitions, Instructions, and interrogatories to the

17   extent they conflict with or encompass information and/or records falling outside the scope of

18   discovery under the Federal Rules of Civil Procedure, the local rules of the Northern District of

19   California, or any discovery orders governing this case.

20       19.    Google's responses to these interrogatories are hereby made without waiving or

21   intending to waive, but rather, to the contrary, by preserving and intending to preserve:

22           a.    All questions as to the competence, relevance, materiality, and admissibility

23               as evidence for any purpose of the information or documents, or the subject

24

25

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

matter thereof, in any aspect of this action or any other court action or judicial or administrative proceeding or investigation;

b.    The right to object on any ground to the use of any such information or documents, or the subject matter thereof, in any aspect of this action or any other court action or judicial or administrative proceeding or investigation;

c.    The right to object at any time in connection with any further response to this or any other interrogatories; and

d.    The right at any time to supplement its responses.

20.    In offering to produce various types of documents, information, or things, Google makes no representation that any such documents, information, or things exist or are actually known (or not known) to exist.

21.    Google anticipates that future discovery, independent investigation, or analysis will supply additional facts and add meaning to known facts, as well as establish new factual conclusions and legal contentions, all of which may lead to additions to, changes in, and variations from the responses set forth herein. Google reserves the right to modify, supplement, withdraw, or otherwise alter its responses to these interrogatories in accordance with the Federal Rules of Civil Procedure, the local rules of the Northern District of California, or any discovery orders governing this case.

## **SPECIFIC OBJECTIONS TO INTERROGATORIES**

Subject to the foregoing objections, Google objects to Plaintiffs' interrogatories as follows:

### **INTERROGATORY NO. 27:**

Explain how Google uses Profile Information, including categories labeled "for Google internal use only."

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   **RESPONSE TO INTERROGATORY NO. 27:**

2

3        Google incorporates its General Objections as if set forth fully herein.  Specifically, Google
objects that the Interrogatory is overly broad and unduly burdensome in that it requests "how Google

4   uses Profile Information," without any purported limit to the products, services, or issues relevant

5   to this lawsuit. Google further objects that the phrase "how Google uses Profile Information" is

6   vague and ambiguous because, for example, it does not provide any instruction regarding the type

7   of use Plaintiffs seek to have Google explain, and providing information on all uses would be overly

8   broad and unduly burdensome.  Google further objects to Plaintiffs' definition of "Profile

9   Information" as vague, ambiguous, overly broad, and unduly burdensome in that it purports to

10  include "the Data and Information that Google collects about users" without limitation.  Google

11  further objects to Plaintiffs' quotation of the language "for Google internal use only" as a category

12  of information included in the Interrogatory without providing citation or direction to Google

13  regarding the source of the quoted information.  Google further objects to this Interrogatory to the

14  extent it seeks information protected from disclosure by the attorney-client privilege, the attorney

15  work product doctrine, or any other applicable privilege or protection.

16       Subject to and without waiving the foregoing objections, Google directs Plaintiffs to the

17  January 7, 2022 deposition testimony of Deepak Ravichandran in this action.  Google also

18  incorporates its publicly available Help Center pages on this topic, including the page titled "About

19  audience    targeting,"    which    can    be    accessed    at    https://support.google.com/google-

20  ads/answer/2497941.

21  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 27:**

22

23       Google incorporates its original response, General Objections, and specific objections as if

24  set forth fully herein.

25

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    To support Google's products, including the display advertising business, Google has

2    created a ▮▮▮▮▮▮▮▮▮▮▮▮. The ▮▮▮▮▮▮▮▮▮▮ is not used to classify users, but is

3    instead used to classify webpages into different categories. To perform this classification task,

4    software tools known within Google as "classifiers" analyze the content of a web page and apply a

5    category to the web page in an automated fashion. The ▮▮▮▮▮▮▮▮▮▮ includes many

6    categories ▮▮▮▮▮▮), and one reason for the number of categories is that classifiers generally

7    produce more accurate results with more specific categories. The ▮▮▮▮▮▮▮▮▮ was

8    produced by Google as GOOG-CALH-00061965.

9    The categories in the ▮▮▮▮▮▮▮▮▮ are used to classify webpages for two primary

10    purposes: (1) to permit advertising customers to place their ads on certain kinds of webpages

11    ("content targeting"); and (2) to permit advertising customers to target ads to users who have visited

12    webpages falling into certain categories ("user targeting"). Both of these uses are subject to an

13    "allow list," which restricts the categories that can be used for content or user targeting. The allow

14    lists are reflected in the "Content Targetable" and "User Targetable" columns of the ▮▮▮▮

15    ▮▮▮. For a specific category in the ▮▮▮▮▮▮▮▮▮, a "no" in the "Content Targetable"

16    column means the category cannot be used by advertisers to request that their ads be shown on

17    websites in that category. Similarly, a "no" in the "User Targetable" column means the category

18    cannot be used by advertisers to target advertising to specific users. The "User Targetable" list also

19    determines whether a website can be associated with a user's profile. A website will not be

20    associated with a user's profile if the website has been classified in a category for which the "User

21    Targetable" column in the ▮▮▮▮▮▮▮▮▮ says "no." Thus, the ▮▮▮▮▮▮▮▮▮

22    facilitates the exclusion of certain webpage visits from user profiles.

23    As indicated by the "Content Targetable" and "User Targetable" columns, none of the

24    "Adult" categories in the ▮▮▮▮▮▮▮▮▮ are on the allow list for content targeting or user

25

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  targeting.  In other words, no "Adult" categories in the ████████████ are associated with a

2  user's profile.  As a result, if a user were to visit a webpage that has been classified in an "Adult"

3  category, that visit would not be recorded to the user's profile.

4          Google has several other taxonomies and metrics that apply to targeted advertising. For

5  example, the profile stored in the GAIA ██████ column ████████████████████████

6  "only stores the clickiness profiles." GOOG-CABR-05741806. "Clickiness" is a measure of how

7  frequently a user clicks on ads as compared to other users. GOOG-CALH-00072868 is an example

8  of a "clickiness profile." The "segments" referred to in this document are clickiness segments,

9  entirely unrelated to the ████████████ .

10

11  **INTERROGATORY NO. 30:**

12

13          Identify all documents supporting each of your affirmative defenses.

14  **RESPONSE TO INTERROGATORY NO. 30:**

15          Google incorporates its General Objections as if set forth fully herein.  Specifically, Google

16  objects to Plaintiffs' definition of "identify" as overly broad and unduly burdensome, given

17  Plaintiffs have expansively defined it as follows: "When referring to documents, 'to identify' means

18  to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the

19  document creation and, if applicable, transmittal (including dates of any drafts or copies, if

20  applicable); (iv) source or location of where and how the document is stored; (v) custodian(s) of the

21  document; and (vi) the author(s), addressee(s), and recipient(s) of the document."  Google further

22  objects to this Interrogatory to the extent it seeks information protected by the attorney-client

23  privilege, the work product doctrine, or the common interest doctrine, or that is otherwise privileged

24

25

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)**

1    or protected from discovery.  *See, e.g.*, *Wahl v. Am. Sec. Ins. Co.*, 2009 WL 3463211, at *2 (N.D.

2    Cal. Oct. 23, 2009)  ("the exact documents and witnesses [defendant] intends to use for each

3    affirmative defense reveals defense counsel's mental impressions, is work product and so is

4    privileged") (quoting *Johnson v. Ocean Ships, Inc.*, 2006 WL 2166192, at *3 (W.D. Wash. July 31,

5    2006)).

6         Google further objects to this Interrogatory as improperly compound because it purports to

7    seek the factual bases for at least seventeen affirmative defenses. *See* Dkt. 195 (Google's Answer to

8    Plaintiffs' First Amended Complaint) at 42-47; *Bovarie v. Schwarzenegger*, 2011 WL 719206, at

9    *2 (S.D. Cal. Feb. 22, 2011) ("An interrogatory that seeks a response as to multiple affirmative

10   defenses is counted as a separate interrogatory for each affirmative defense.").  Google further

11   objects to this Interrogatory because, in light of Plaintiffs' Fifth Set of Interrogatories purporting to

12   serve Plaintiffs' forty-second numbered Interrogatory and Plaintiffs' inclusion of improperly

13   compound interrogatories, such as the eight subparts in Interrogatory No. 24, Plaintiffs have

14   exceeded the 53 Interrogatory limit imposed by the Court. Dkt. No. 349 ("Absent a showing of good

15   cause, each party shall be limited to 53 interrogatories. Discrete subparts shall each be counted as a

16   separate interrogatory.").  Google further objects to the Interrogatory to the extent it improperly asks

17   Google to "identify all documents supporting" each of its affirmative defenses because such request

18   is an overly broad and unduly burdensome contention Interrogatory.  *See, e.g.*, *Haggarty v. Wells*

19   *Fargo Bank*, N.A., 2012 WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012) ("While contention

20   interrogatories are permitted, they are often overly broad and unduly burdensome when they require

21   a party to state 'every fact' or 'all facts' supporting identified allegations or defenses."); *Bovarie*,

22   2011 WL 719206, at *1 ("seeking every fact that underlies every affirmative defense is unduly

23   burdensome.").

24

25

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    Subject to and without waiving the foregoing objections, Google responds that it is willing

2    to meet and confer with Plaintiffs regarding the scope and discrete subparts contained in this

3    Interrogatory.

4    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 30:**

5    Google incorporates its original response, General Objections, and specific objections as if

6    set forth fully herein.

7    Google agrees to respond to this Interrogatory, subject to the above objections, as to the

8    following affirmative defenses: First Affirmative Defense (Consent), Second Affirmative Defense

9    (Statute of Limitations/Laches), Fourth Affirmative Defense (Unjust Enrichment), Fifth Affirmative

10   Defense (Necessary Incident To Rendition Of Services), Eleventh Affirmative Defense

11   (Waiver/Estoppel), Twelve Affirmative Defense (Contractual Defenses—No Damages), Thirteenth

12   Affirmative Defense (Contractual Defenses—No Liability), Fourteenth Affirmative Defense

13   (Mistake/Lack of Mutual Assent), Fifthteenth Affirmative Defense (Contractual Defenses—Lack of

14   Consideration), and Seventeenth Affirmative Defense (CIPA, Cal. Penal Code §§ 631, 632, et seq—

15   Consent).  Google identifies the following documents:

16   GOOG-CALH-00027555-66

17   GOOG-CALH-00050692-704

18   GOOG-CALH-00052089-91

19   GOOG-CALH-00050673-74

20   GOOG-CALH_00050690-91

21   GOOG-CALH-00050706-08

22   GOOG-CALH-00027550

23   GOOG-CALH000052097-98

24

25

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1      GOOG-CALH-00027547-48

2      GOOG-CALH-00050678-79

3      GOOG-CALH-00050814

4      GOOG-CALH-00050678

5      GOOG-CALH000050663-64

6      GOOG-CALH-00651650-51

7      GOOG-CALH-00027568-98

8      GOOG-CALH-00027599-681

9      GOOG-CALH-00027718

10      GOOG-CALH-00027719

11      GOOG-CALH-00027803-20

12      GOOG-CALH-00492268-788

13      GOOG-CALH-00492789-830

14      GOOG-CALH-00648522-650720

15      GOOG-CALH-00650721-651603

16      GOOG-CALH-00651656-984

17      GOOG-CALH-00651985-652192

18      GOOG-CALH-00047655

19      GOOG-CALH-00047654

20      GOOG-CALH-00047658

21      GOOG-CALH-00047657

22      GOOG-CALH-00047701

23      GOOG-CALH-00047700

24      GOOG-CALH-00047664

25

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'**
**FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1     GOOG-CALH-00047650

2     GOOG-CALH-00047661

3     GOOG-CALH-00047663

4     GOOG-CALH-00047649

5     GOOG-CALH-00047660

6     GOOG-CALH-00047686

7     GOOG-CALH-00047698

8     GOOG-CALH-00047685

9     GOOG-CALH-00047697

10     GOOG-CALH-00047643

11     GOOG-CALH-00047642

12     GOOG-CALH-00047634

13     GOOG-CALH-00047633

14     GOOG-CALH-00651654

15     GOOG-CALH-00651653

16     GOOG-CALH-00592132-280

17     GOOG-CALH-00652283

18     GOOG-CALH-00652284-85

19     GOOG-CALH-00660110-16

20     GOOG-CALH-00021633

21     GOOG-CABR-00000661-2030

22     GOOG-CABR-00002031-2158

23     GOOG-CABR-00002199-2248

24     GOOG-CABR-00002291-2362

25

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1.  GOOG-CABR-00054504-51

2.  GOOG-CABR-00002363-2716

3.  GOOG-CABR-00004824

4.  GOOG-CABR-00024684 - 4687

5.  GOOG-CABR-00025259 - 5260

6.  GOOG-CABR-00075521

7.  GOOG-CABR-00007815 - 7818

8.  GOOG-CABR-00004459 - 4460

9.  GOOG-CABR-00894408 - 4415

10. GOOG-CABR-00004757 - 4759

11. GOOG-CABR-00090906

12. GOOG-CABR-00024989

13. GOOG-CABR-00051336

14. GOOG-CABR-00073998 - 4002

15. GOOG-CABR-00055916 – 5941

16. GOOG-CABR-00005790 - 5791

17. GOOG-CABR-00894248-415

18. GOOG-CABR-04067822-80

19. GOOG-CABR-04663985-4057

20. GOOG-CABR-04665130-842

21. GOOG-CABR-04981575-80

22. GOOG-CABR-05325218-48

23. GOOG-CABR-05385582

24. GOOG-CABR-05424600-4

25.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    GOOG-CABR-05424608

2    GOOG-CABR-05424610-11

3    GOOG-CABR-05424626

4    GOOG-CABR-05424629

5    GOOG-CABR-05435659-61

6    GOOG-CABR-04762386-97

7    GOOG-CABR-04833969-235

8    GOOG-CABR-04762398-561

9    GOOG-CABR-00039236-49705

10   GOOG-CABR-00059891-63426

11   GOOG-CABR-00063792-66638

12   GOOG-CABR-00042736

13   GOOG-CABR-00041114

14   GOOG-CABR-00061480

15   GOOG-CABR-05373568

16   GOOG-CABR-00049430

17   GOOG-CABR-00061401

18   GOOG-CABR-00060995

19   GOOG-CABR-00060542

20   GOOG-CABR-00061468

21   GOOG-CABR-00061135

22   GOOG-CABR-00059917

23   GOOG-CABR-00040356

24   GOOG-CABR-00040994

25

Case No. 5:20-cv-5146-LHK-SVK

DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    GOOG-CABR-05877895-98

2    GOOG-CABR-05876958-67

3    GOOG-CABR-05877056-220

4    GOOG-CABR-05877244-324

5    GOOG-CABR-05877336-402

6    GOOG-CABR-05877407-92

7    GOOG-CABR-05877497-510

8    GOOG-CABR-05877515-45

9    GOOG-CABR-05877550-66

10   GOOG-CABR-05877568-676

11   GOOG-CABR-05877678-812

12   GOOG-CABR-05877825-64

13   GOOG-CABR-05877879-94

14   GOOG-CABR-05877899-975

15   GOOG-CABR-05876968-69

16   GOOG-CABR-05877547-49

17   GOOG-CABR-05876970-055

18   GOOG-CABR-05877221-43

19   GOOG-CABR-05877325-35

20   GOOG-CABR-05877511-14

21   GOOG-CABR-05877813-24

22   PLAINTIFFS00027760-61

23   PLAINTIFFS00027796-98

24   PLAINTIFFS00027816-18

25

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   PLAINTIFFS00027832-39

2   PLAINTIFFS00027895-96

3   PLAINTIFFS00028213-14

4   PLAINTIFFS00028239-41

5   PLAINTIFFS00028309-15

6   PLAINTIFFS00028816-17

7   PLAINTIFFS00029079-85

8   PLAINTIFFS00029135-36

9   PLAINTIFFS00029145-53

10   PLAINTIFFS00029185-87

11   PLAINTIFFS00034252-53

12   PLAINTIFFS00029263-65

13   PLAINTIFFS00029274-76

14   Plaintiffs' discovery responses

15

16   **INTERROGATORY NO. 33:**

17
     Identify all Signals recorded by Google that reflect whether Users are not synced, and for
18
each such Signal, how long it is kept, where it is stored, how it may be accesses, and how it may be
19
joined with other data about Users in the United States in Google's custody or control.
20

21   **RESPONSE TO INTERROGATORY NO. 33:**

22
     Google incorporates its General Objections as if set forth fully herein. Google specifically
23
objects to this Interrogatory as vague and ambiguous, as it states a general proposition with respect
24
to a nuanced topic that turns on circumstances that are not specified in the Interrogatory. Google

25

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

further objects to this Interrogatory as vague and ambiguous as to "Signals" because it is unclear what type of information is sufficient to be a Signal, and Plaintiffs' definition includes improperly broad categories such as "number[s]," "data," "entr[ies]," and all "other indicator[s]."  Google further objects to this Interrogatory as vague and ambiguous as to "reflect whether Users are not synced," as it is unclear what type of information is sufficient to show Users are not synced.  For example, Plaintiffs have not explained whether they include signed-in users within their phrase "Users who are not synced," which affects the types of information sent to Google, and it is also unclear whether Plaintiffs seek signals with information to identity users who have never synced, or only users who are "not synced" at a specific and unidentified time or with respect to particular devices.  The term "synced," is undefined and not logically included in Plaintiffs' definition of "Sync," which Plaintiffs generically state "refers to the Sync feature available on Chrome Browsers" and does not describe an action or user state relevant to how Plaintiffs use the term "Synced" in this Interrogatory.  Google further objects to Plaintiffs' use of the undefined phrase "joined with other data" as vague and ambiguous, as neither "joined" nor "data" are defined by Plaintiffs or subject to a readily identifiable definition.  Google further objects to this Interrogatory as overly broad and unduly burdensome, as it seeks information related to "all Signals," which encompasses irrelevant information and is therefore not proportional to the needs of this case.

Google further objects that this Interrogatory is improperly compound, consisting of multiple Interrogatories, and seeks information that is overly broad and unduly burdensome, in light of its request for Google to explain "for each such Signal, how long it is kept, where it is stored, how it may be accesse[d], and how it may be joined with other data about Users in the United States in Google's custody or control."

Subject to and without waiving the foregoing objections, Google responds as follows:

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

If a Chrome user is signed in to a Chrome browser, and signed in to a Google website, and did not have sync enabled on the Chrome browser, then Chrome may send a bit that is stored in the ████████████████████████████████████ field   in   ████████████ ████████.  Google also incorporates its response to Interrogatory No. 28.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 33:**

Google incorporates its original response, General Objections, and specific objections as if set forth fully herein.  Google further states:  When a Chrome user stops sync, the Chrome client sends a ████████████████ signal to the Chrome Sync server.  The signal is a best effort communication with no guarantee of success. The signal is recorded in Chrome Sync's ████████████ data store, ████████████████ where the record is retained until the user clears the sync data associated with that Google Account or deletes that Google Account. The signal is also recorded in ████████████████████.

**INTERROGATORY NO. 34:**

Identify all Signals sent from Chrome to Google reflecting when a User is not synced.

**RESPONSE TO INTERROGATORY NO. 34:**

Google incorporates its General Objections as if set forth fully herein.  Google specifically objects to this Interrogatory as vague and ambiguous, as it states a general proposition with respect to a nuanced topic that turns on circumstances that are not specified in the Interrogatory.  Google further objects to this Interrogatory as vague and ambiguous as to "reflecting when a Users is not synced," as it is unclear what type of information is sufficient to show users are not synced.  For example, Plaintiffs have not explained whether they include signed-in users within their phrase

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

"when a User is not synced," which affects the types of information sent to Google, and it is also unclear whether Plaintiffs seek signals with information to identity users who have never synced, or only users who are "not synced" at a specific and unidentified time or with respect to particular devices. The term "synced," is undefined and not logically included in Plaintiffs' definition of "Sync," which Plaintiffs generically state "refers to the Sync feature available on Chrome Browsers" and does not describe an action or user state relevant to how Plaintiffs use the term "synced" in this Interrogatory. Google further objects to this Interrogatory as overly broad and unduly burdensome, as it seeks information related to "all Signals," which encompasses irrelevant information and is therefore not proportional to the needs of this case.

    Subject to and without waiving the foregoing objections, Google responds as follows: The signal sent from the Chrome client to the Chrome sync server identifying when a user is signed in to a Chrome browser, and signed in to a Google website, and did not have the sync feature enabled on the Chrome browser is called "is_sync_feature_enabled."

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 34:**

    Google incorporates its original response, General Objections, and specific objections as if set forth fully herein. Google further states: When a Chrome user stops sync, the Chrome client sends a ███████████ signal to the Chrome Sync server. The signal is a best effort communication with no guarantee of success. The signal is recorded in Chrome Sync's ███████ data store, ███████████ where the record is retained until the user clears the sync data associated with that Google Account or deletes that Google Account. The signal is also recorded in ███████████

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  DATED:  March 4, 2022

2

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By  */s/ Andrew H. Schapiro*

3       Andrew H. Schapiro (admitted pro hac vice)
        andrewschapiro@quinnemanuel.com
4       191 N. Wacker Drive, Suite 2700
        Chicago, IL 60606
5       Telephone: (312) 705-7400
        Facsimile: (312) 705-7401

6
        Stephen A. Broome (CA Bar No. 314605)
7       sb@quinnemanuel.com
        Viola Trebicka (CA Bar No. 269526)
8       violatrebicka@quinnemanuel.com
        865 S. Figueroa Street, 10th Floor
9       Los Angeles, CA 90017
        Telephone: (213) 443-3000
10      Facsimile: (213) 443-3100

11      Jomaire Crawford (admitted pro hac vice)
        jomairecrawford@quinnemanuel.com
12      51 Madison Avenue, 22nd Floor
        New York, NY 10010
13      Telephone: (212) 849-7000
        Facsimile: (212) 849-7100

14
        Josef Ansorge (admitted pro hac vice)
15      josefansorge@quinnemanuel.com
        1300 I Street NW, Suite 900
16      Washington D.C., 20005
        Telephone: (202) 538-8000
17      Facsimile: (202) 538-8100

18      Jonathan Tse (CA Bar No. 305468)
        jonathantse@quinnemanuel.com
19      50 California Street, 22nd Floor
        San Francisco, CA 94111
20      Telephone: (415) 875-6600
        Facsimile: (415) 875-6700

21
        *Attorneys for Defendant Google LLC*
22

23

24

25

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**PROOF OF SERVICE**

**NEW YORK, NEW YORK**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in New York, NY. My business address is 51 Madison Avenue, 22nd Floor, New York, NY.

On March 4, 2022, I served true copies of the following document(s) described as **DEFENDANT GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)** on the interested parties in this action as follows:

**SEE ATTACHED LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I transmitted PDF format copies of the document(s) described above to the e-mail addresses on the attached Service List pursuant to the agreement between the parties to serve discovery, in lieu of other service methods, by email under Fed. R. Civ. P. 5(b)(2)(E) (*see* Joint Case Management Statement § 8.b, Docket No. 44) and on non-parties pursuant to the Court's August 12, 2021 Cross-use and Discovery Coordination Orders issued in *Brown v. Google*, Case No. 5:20-cv-03664-LHK-SVK (Dkt. 243) and *Calhoun v. Google*, Case No.: 5:20-cv-05146-LHK-SVK (Dkt. 263). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 4, 2022 at Hoboken, NJ.

*/s/ D. Seth Fortenbery*
D. Seth Fortenbery

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Case No. 5:20-cv-5146-LHK-SVK**

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**SERVICE LIST**

*Calhoun v. Google LLC*

*Case No. 5:20-cv-05146-LHK*

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 994607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 E. 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 993-1000
*dstraite@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
Ten North Dearborn Street
Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*

**SIMMONS HANLY CONROY LLC**
Mitchell M. Breit (admitted *pro hac vice*)
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (*pro hac vice* to be sought)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*mbreit@simmonsfirm.com*
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*

DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1

*Counsel for Plaintiffs*

2

**<u>SERVICE LIST</u>**

3

*Brown v. Google LLC*

4

*Case No. 5:20-cv-03664-LHK*

5

BOIES SCHILLER FLEXNER LLP

6

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437

7

Beko Richardson, CA Bar No. 238027
Antonio Lavalle Ingram, II, CA Bar No. 300528

8

Alexander Justin Konik, CA Bar No. 299291
**BOIES SCHILLER FLEXNER LLP**

9

44 Montgomery St., 41st Floor
San Francisco, CA 94104

10

Tel.: (415) 293-6800
Fax: (415) 293-6899

11

mmao@bsfllp.com
srodriguez@bsfllp.com

12

brichardson@bsfllp.com
aingram@bsfllp.com

13

akonik@bsfllp.com

14

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)

15

**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor

16

Miami, FL 33131
Tel.: (305) 539-8400

17

Fax: (303) 539-1307
jlee@bsfllp.com

18

rbaeza@bsfllp.com

19

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**

20

1900 Avenue of the Stars, Suite 1400
Los Angeles, CA. 90067

21

Tel: (310) 789-3100
Fax: (310) 789-3150

22

abonn@susmangodfrey.com

23

William S. Carmody (admitted pro hac vice)
Shawn Rabin (admitted pro hac vice)

24

Steven M. Shepard (admitted pro hac vice)

25

DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Alexander P. Frawley (admitted pro hac vice)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: (212) 336-8330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Ra Olusegun Amen (admitted pro hac vice)
Jean Sutton Martin (admitted pro hac vice)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
ramen@forthepeople.com
jean@jsmlawoffice.com

*Attorneys for Plaintiffs Chasom Brown et al.*

DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)

## **VERIFICATION**

I have read Defendant Google's Responses and Objections to Plaintiffs' Interrogatory Nos. 28, 31-34 and Google's Supplemental Responses and Objections to Plaintiffs' Interrogatory Nos. 33-34 and am familiar with their contents. I am employed by Google LLC as an Engineering Manager, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe that the facts stated in Defendant Google's Responses and Objections to Plaintiffs' Interrogatory Nos. 28, 31-34 and Google's Supplemental Responses and Objections to Plaintiffs' Interrogatory Nos. 33-34 are true and correct and on that ground aver that the matters stated herein are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 4th, 2022 at Munich, Germany.

DATED: 3/4/2022

By _____

Tim Schumann