1  COOLEY LLP
   MICHAEL G. RHODES (SBN 116127)
2  (rhodesmg@cooley.com)
   WHITTY SOMVICHIAN (SBN 194463)
3  (wsomvichian@cooley.com)
   AARTI REDDY (SBN 274889)
4  (areddy@cooley.com)
   KYLE C. WONG (SBN 224021)
5  (kwong@cooley.com)
   KELSEY R. SPECTOR (SBN 321488)
6  (kspector@cooley.com)
   REECE TREVOR (SBN 316685)
7  (rtrevor@cooley.com)
   ANUPAM DHILLON (SBN 324746)
8  (adhillon@cooley.com)
   ELIZABETH SÁNCHEZ SANTIAGO
9  (SBN 333789) (lsanchezsantiago@cooley.com)
   3 Embarcadero Center, 20th Floor
10 San Francisco, CA 94111-4004
   Telephone:     +1 415 693 2000
11 Facsimile:     +1 415 693 2222

   COOLEY LLP
   KHARY J. ANDERSON (DC No. 1671197)
   (kjanderson@cooley.com)
   (Admitted pro hac vice)
   1299 Pennsylvania Avenue, NW, Suite 700
   Washington, DC 20004-2400
   Telephone:     +1 202 842 7800
   Facsimile:     +1 202 842 7899

12 Attorneys for Defendant
   GOOGLE LLC

13

14                  UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16                        OAKLAND DIVISION

17

18 In re Google RTB Consumer Privacy
   Litigation,

19

20 This Document Relates to: *all actions*

21

Master File No. 4:21-cv-02155-YGR-VKD

**REVISED [PROPOSED] ORDER RE JOINT OMNIBUS SEALING MOTION REGARDING PLAINTIFFS' CLASS CERTIFICATION MOTION AND RELATED FILINGS PER FEBRUARY 9, 2024 ORDER (ECF NO. 674)**

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

Pursuant to Civil Local Rule 79-5 and this Court's Order (ECF No. 674), Plaintiffs and Google LLC ("Google"; together with Plaintiffs, the "Parties") have jointly filed a Joint Omnibus Sealing Motion to seal documents that contain information the Parties and/or non-parties contend is sealable under controlling authority.  In support, the Parties have filed the Declaration of Whitty Somvichian ("Somvichian Declaration") and the Declaration of Jonathan Levine ("Levine Declaration").  The supporting declarations also request sealing of materials produced with confidentiality designations by four nonparties (The Trade Desk, The New York Times Company, Xandr, and NBC Universal).

Having considered the Joint Omnibus Sealing Motion, all associated declarations, exhibits, and any argument of counsel:

**IT IS HEREBY ORDERED** that the Joint Omnibus Sealing Motion is **GRANTED**. Accordingly,

1.    The unredacted versions of the documents sought to be sealed by the Joint Omnibus Sealing Motion shall remain under seal; and

2.    The public shall only have access to the versions of the documents sought to be sealed by the Joint Omnibus Sealing Motion, in which the following portions have been redacted as follows:

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| **Google's Confidential Information in Plaintiffs' Class Certification Motion** | | | | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | ECF No. 684-2, Somvichian Decl. Ex. 1 <br><br>Plaintiffs' Memorandum of Points and Authorities in Support of Class Certification Motion (ECF No. 558-23)) | Portions highlighted at pages 7, 9, 15, 22, 23 | **RTB strategy, analysis, and revenue, data logs and systems/technical details, and RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding how Google operates RTB, including its internal policies, systems design, | |

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | and relationships with partners that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 531, 427. | |
| ECF No. 545 (Plaintiffs' | ECF 684-2, Somvichian | Portions highlighted | **Data logs and systems/technical details:** I | |

Cooley LLP
Attorneys at Law
San Francisco

Rev. [Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| Sealing Motion), ECF No. 558 (Google's Sealing Response) | Decl. Ex. 1<br><br>Plaintiffs' Memorandum of Points and Authorities in Support of Class Certification Motion (ECF No. 558-23) | at pages 7, 9 | understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google's internal logs, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use | |

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | the information to compromise Google's data systems and infrastructure. Similar information has previously been sealed in this case. *See* ECF No. 531 | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | ECF 684-2, Somvichian Decl. Ex. 1<br><br>Plaintiffs' Memorandum of Points and Authorities in Support of Class Certification Motion (ECF No. 558-23) | Portions highlighted at pages 7, 9, 23. | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 327. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | ECF 684-3, Somvichian Decl., Ex. 2<br><br>Exhibit 1 to Pritzker Declaration in Support of Class Certification Motion (Shafiq Report) (ECF No. 558-25) | Portions highlighted at pages 5-6, 13-14, 23-27, 32-33, 35, 38 | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding how Google operates RTB, including its internal policies, systems design, and relationships with partners that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of | |

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 531, 427. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | ECF 684-3, Somvichian Decl., Ex. 2<br><br>Exhibit 1 to Pritzker Declaration in Support of Class Certification Motion (Shafiq Report) (ECF No. 558-25) | Portions highlighted at pages 8-27, 30-31, 33, 39-46 | **Data logs and systems/technical details:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google's internal logs, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. Similar information has previously been sealed in this case. *See* ECF No. 531. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | ECF 684-3, Somvichian Decl. Ex. 2  Exhibit 1 to Pritzker Declaration in Support of Class Certification Motion (Shafiq Report) (ECF No. 558-25) | Portions highlighted at pages 26-27, 38 | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, and decision-making related to Google advertising products that Google maintains as | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 327. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 | ECF 684-4, Somvichian Decl. Ex. 3 Exhibit 2 to | Portions highlighted at pages 10, 30-31 | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and | |

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| (Google's Sealing Response) | Pritzker Declaration in Support of Class Certification Motion (Wilson Report) (ECF No. 558-26) | | proprietary information regarding how Google operates RTB, including its internal policies, systems design, and relationships with partners that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | been sealed in this case. *See* ECF Nos. 540, 531, 427. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | ECF 684-4, Somvichian Decl. Ex. 3<br><br>Exhibit 2 to Pritzker Declaration in Support of Class Certification Motion (Wilson Report) (ECF No. 558-26) | Portions highlighted at pages 12-15, 17, 21, 24, 28-31 | **Data logs and systems/technical details:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details of Google's internal systems and operations, including various types of Google's internal logs, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing | |

Cooley LLP
Attorneys at Law
San Francisco

Rev. [Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. Similar information has previously been sealed in this case. *See* ECF No. 531. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | ECF 684-5, Somvichian Decl. Ex. 4<br><br>Exhibit 3 to Pritzker Declaration in Support of Class Certification Motion (Zeithammer Report) (ECF No. 558-27) | Portions highlighted at pages 9-14, 24-26, 28-29, 31-32, 38-39 | **RTB strategy, analysis, revenue:** I understand/d the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 327. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | ECF 684-5, Somvichian Decl. Ex. 4<br><br>Exhibit 3 to Pritzker Declaration in Support of Class Certification Motion (Zeithammer Report) (ECF No. 558-27) | Portions highlighted at page 4 | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including Google's internal metrics and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. Similar information has previously been sealed in this case. *See* ECF No. 531. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | ECF 684-6, Somvichian Decl. Ex. 5 Exhibit 4 to Pritzker Declaration in Support of Class Certification Motion (Regan Report) (ECF No. 558-28) | Portions highlighted at pages 12-22, 23-24, Schedules 1-4 | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 327. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | ECF 684-7, Somvichian Decl. Ex. 6  Exhibit 5 to Pritzker Declaration in Support of Class Certification Motion | Portions highlighted at pages 31, 48-49, 57. | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding how Google operates RTB, including its internal policies, systems design, and relationships with partners that Google | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | (Richards Report) (ECF No. 558-29) | | maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. See ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. See ECF Nos. 540, 531, 427. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF | ECF 684-7, Somvichian Decl. Ex. 6 | Portions highlighted at pages 27, 31-33, 40, | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| No. 558 (Google's Sealing Response) | Exhibit 5 to Pritzker Declaration in Support of Class Certification Motion (Richards Report) (ECF No. 558-29) | 52-55, 57 | highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 327. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | ECF 684-7, Somvichian Decl. Ex. 6<br><br>Exhibit 5 to Pritzker Declaration in Support of Class Certification Motion (Richards Report) (ECF No. 558-29) | Portions highlighted at pages 42-43 | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk | |

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. Similar information has previously been sealed in this case. *See* ECF No. 531. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | ECF 684-8, Somvichian Decl. Ex. 7

Exhibit 12 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00349634) (ECF No. 558-30) | Entire Document | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding how Google operates RTB, including its relationships with partners that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 531, 427. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | ECF 684-9, Somvichian Decl. Ex. 8

Exhibit 13 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00455800) (ECF No. 558-31) | Entire Document | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's revenue metrics related to Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 327. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | ECF 684-10, Somvichian Decl. Ex. 9<br><br>Exhibit 15 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00455648) (ECF No. 558-32) | Entire Document | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's revenue metrics related to Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of | |

Cooley LLP<br>ATTORNEYS AT LAW<br>SAN FRANCISCO

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 327. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | ECF 684-11, Somvichian Decl. Ex. 10<br><br>Exhibit 17 to Pritzker Declaration in Support of Class Certification Motion (Levitte Deposition Excerpts) (ECF No. 558-33) | Portions highlighted at pages 43:20, 44:2-8, 11-12, 45:12, 45:15, 45:17-18, 45:20, 45:23, 45:24-25, 51:13-15, 18-21 | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding how Google operates RTB, including its internal policies, systems design, and relationships with partners that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 531, 427. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | ECF 684-11, Somvichian Decl. Ex. 10

Exhibit 17 to Pritzker Declaration in Support of Class Certification Motion (Levitte Deposition Excerpts) (ECF No. 558-33) | Portions highlighted at pages 44:20-45:7, 51:1-9, 75:12-78:7, 78:9-16, 78:23-25, 187:6-11, 187:20-188:14, 188:19-25, 204:9-25 | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 327. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 | ECF 684-11, Somvichian Decl. Ex. 10<br><br>Exhibit 17 to | Portions highlighted at pages 61:2-62:23, 69:11-71:4, | **RTB strategy, analysis, and revenue:** I understand the information requested to be sealed contains Google's highly confidential and | |

24

Cooley LLP
Attorneys at Law
San Francisco

Rev. [Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| (Google's Sealing Response) | Pritzker Declaration in Support of Class Certification Motion (Levitte Deposition Excerpts) (ECF No. 558-33) | 72:10-11, 72:13-25, 73:3-75:11, 92:2-4, 92:7-11, 92:13, 92:19, 92:22-25, 157:2-4, 157:6-158:10, 158:12-16, 158:19-25, 171:2-17, 171:20-22, 171:24 | proprietary information regarding technical details about Google's internal systems and operations, including information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. Similar information has previously been sealed in this case. *See* ECF No. 531. | |
| ECF No. 545 (Plaintiffs' | ECF 684-12, Somvichian | Portions highlighted | **RTB strategy, analysis, and revenue:** I understand | |

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| Sealing Motion), ECF No. 558 (Google's Sealing Response) | Decl. Ex. 11<br><br>Exhibit 18 to Pritzker Declaration in Support of Class Certification Motion (Berntson Deposition Excerpts) (ECF No. 558-34) | at pages 80:4-8, 80:11 | the information requested to be sealed contains Google's highly confidential and proprietary information regarding how Google operates RTB, including its internal policies, systems design, and relationships with partners that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | capabilities of Google's systems. Similar information has previously been sealed in this case. *See* ECF Nos. 540, 531, 427. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | ECF 684-12, Somvichian Decl. Ex. 11

Exhibit 18 to Pritzker Declaration in Support of Class Certification Motion (Berntson Deposition Excerpts) ECF No. 558-34) | Portions highlighted at pages 117:1-5, 117:8-12, 117:20 | **Data logs and systems/technical details:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google's internal logs, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as | |

Cooley LLP
Attorneys at Law
San Francisco

Rev. [Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. Similar information has previously been sealed in this case. *See* ECF No. 531. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | ECF 684-13, Somvichian Decl. Ex. 12<br><br>Exhibit 19 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00456419) (ECF No. 558-35) | Entire Document | **Strategy re data privacy:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, and decision-making related to Google advertising products, such as discussions about data privacy, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding | |

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | ECF 684-14, Somvichian Decl. Ex. 13

Exhibit 20 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00098506) (ECF No. 558-36) | Entire Document | See above re ECF No. 558-35 (Exhibit 19 to Pritzker Declaration). | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing | ECF 684-15, Somvichian Decl. Ex. 14

Exhibit 21 to Pritzker Declaration in | Entire Document | See above re ECF No. 558-35 (Exhibit 19 to Pritzker Declaration). | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| Response) | Support of Class Certification Motion (GOOG-HEWT-00481219) (ECF No. 558-37) | | | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | ECF 684-16, Somvichian Decl. Ex. 15 Exhibit 22 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00481225) (ECF No. 558-38) | Entire Document | See above re ECF No. 558-35 (Exhibit 19 to Pritzker Declaration). | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | ECF 684-17, Somvichian Decl. Ex. 16 Exhibit 23 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00480493) (ECF No. 558-39) | Entire Document | See above re ECF No. 558-35 (Exhibit 19 to Pritzker Declaration). | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF | ECF 684-18, Somvichian Decl. Ex. 17 | Entire Document | See above re ECF No. 558-35 (Exhibit 19 to Pritzker Declaration). | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| No. 558 (Google's Sealing Response) | Exhibit 24 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00099180) (ECF No. 558-40) | | | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | ECF 684-19, Somvichian Decl. Ex. 18<br><br>Exhibit 25 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00330758) (ECF No. 558-41) | Portions highlighted in the cover page | **Data logs and systems/technical details:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

31

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | ECF 684-19, Somvichian Decl. Ex. 18<br><br>Exhibit 25 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-00330758) (ECF No. 558-41) | Portions highlighted at pages GOOG-HEWT-00330758 - GOOG-HEWT-00330763 | **Strategy re data privacy:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, and decision-making related to Google advertising products, such as discussions about data privacy, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | ECF 684-20, Somvichian Decl. Ex. 19<br><br>Exhibit 26 to Pritzker Declaration in Support of Class Certification Motion (GOOG-HEWT-0035713) (ECF No. 558-42) | Entire Document | See above re ECF No. 558-41 (Exhibit 25 to Pritzker Declaration). | |
| ECF No. 545 (Plaintiffs' Sealing Motion), ECF No. 558 (Google's Sealing Response) | ECF 684-21, Somvichian Decl. Ex. 20<br><br>Plaintiffs' Proposed Order re Class Certification Motion (ECF | Portions highlighted at page 5 | **RTB strategy, analysis, revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details of Google's internal systems and operations, including | |

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | No. 558-24) | | various types of Google's internal logs, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. Similar information has previously been sealed in this case. *See* ECF No. 531. | |

**Google's Confidential Information in Google's Opposition to Plaintiffs' Class Certification Motion**

Cooley LLP
Attorneys at Law
San Francisco

34

Rev. [Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| ECF No. 583 (Google's Sealing Motion) | ECF 684-22, Somvichian Decl. Ex. 21<br><br>Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 583-4) | Portions highlighted at pages 21, 23; 24 | **Data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google identifiers, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this | |

Cooley LLP
Attorneys at Law
San Francisco

35

Rev. [Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 583 (Google's Sealing Motion) | ECF 684-22, Somvichian Decl. Ex. 21

Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 583-4) | Portions highlighted at page 15 | **Page views:** Based on the declaration of Google employee Suneeti Vakharia (ECF No. 583-1) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals | |

Cooley LLP
Attorneys at Law
San Francisco

36

Rev. [Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. | |
| ECF No. 583 (Google's Sealing Motion) | ECF 684-23, Somvichian Decl. Ex. 22

Expert Report of Aaron Striegel, Ph.D. In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 602-1) | Portions highlighted at pages 10, 23, 27, 40-44, 47-50, 58 | **Data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google identifiers, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 583 (Google's Sealing Motion) | ECF 684-24, Somvichian Decl. Ex. 23<br><br>Expert Report of Kostantinos Psounis, Ph.D. In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives | Portions highlighted at pages 10, 17-18, 20, 25 | See above re ECF No. 602-1 (Expert Report of Aaron Striegel). | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | and Class Counsel (ECF No. 584-4) | | | |
| ECF No. 583 (Google's Sealing Motion) | ECF 684-25, Somvichian Decl. Ex. 24<br><br>Expert Report of Dominique Hanssens, Ph. D. In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 584-6) | Portions highlighted at pages 41, 44-45, 50 | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about data privacy, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

39

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Finally, this information reflects internal discussions regarding Google's policies and practices that are not final, and disclosure of it may be misleading in that it would suggest that Google has adopted certain policies or practices that differ from its finalized, publicly disclosed policies. | |
| ECF No. 583 (Google's Sealing Motion) | ECF 684-26, Somvichian Decl. Ex. 25 Expert Report of Bruce Deal, Ph.D. In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 584-8) | Portions highlighted at pages 3-4, 10-12, 14-19, 23-29, 31-32, 36, 68-70; Ex. 1, Ex. 4, Ex. 5 pages 1 and 2, Ex. 6 page 1 | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, financial information, revenue metrics, and decision-making related to Google advertising products that Google maintains as | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. | |
| ECF No. 583 (Google's Sealing Motion) | ECF 684-27, Somvichian Decl. Ex. 26<br><br>Exhibit 6 to Declaration of Whitty Somvichian In Support of Google LLC's | Portions designated with red box at pages 14:5-9; 14:12-23; 15:1-10; 15:21-16:5, 16:8-25; 39:1-2; | **Data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

41

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Berntson Deposition Excerpts) (ECF No. 584-11) | 39:11-20; 205:19-25; 206:4; 324:6; 324:11-14; 324:17-25 | highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google data signals, data logs, identifiers, and information flows related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 583 (Google's | ECF 684-27, Somvichian | Portions designated | **Data logs and systems/technical details:** | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

42

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| Sealing Motion) | Decl. Ex. 26<br><br>Exhibit 6 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Berntson Deposition Excerpts) (ECF No. 584-11) | with red box at pages 48:24-49:12; 49:15; 52:5-12; 52:16-53:8; 53:11; 53:14-24; 54:2-55:5; 55:11; 55:18; 61:3-4; 61:14; 61:17; 61:19; 61:25; 64:1-2; 64:9-12; 64:16; 64:18-21; 64:23; 64:25-65:1; 65:5-6; 65:8; 65:17-21; 65:23; 69:1-11; 69:16-70:2; 70:8- 14; 70:20-71:2; 71:5-11; 71:13-15; 71:18-25; 72:7- 21; 138:3-5; 138:14-16; 138:20-139:21; 140:2-21; 140:23; 140:25-141:1; 141:18; | Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of controls and information flows related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

43

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 141:21; 141:24-142:4; 142:8-9; 142:14-143:2; 143:5-25; 159:14-23; 160:4-7; 160:11; 160:13-16; 160:19-20; 160:24-161:2; 161:11-162:7; 162:10; 162:22-25; 165:1-17; 165:21-166:5; 166:8-12; 166:15-25; 178:2-9; 179:6; 179:8-9; 179:15-18; 179:21-22; 180:3-7; 180:11; 180:16; 180:24-25; 181:4; 181:12; 181:18; 181:25-182:6; 182:8-12; 182:17; 182:21-22; 182:24; 183:11-18; 183:21-184:1; 184:4-14; | of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO

44

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 184:17-25; 194:4-5 | | |
| ECF No. 583 (Google's Sealing Motion) | ECF 684-27, Somvichian Decl. Ex. 26<br><br>Exhibit 6 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Berntson Deposition Excerpts) (ECF No. 584-11) | Portions designated with red box at pages 205:19-25; 268:1-13; 268:16-20; 268:23-269:1; 269:7-270:14; 270:17-23 | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding internal tools related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

45

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | the information to compromise Google's data systems and infrastructure. | |
| ECF No. 583 (Google's Sealing Motion) | ECF 684-28, Somvichian Decl. Ex. 27<br><br>Exhibit 10 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Regan Deposition Excerpts) (ECF No. 585-7) | Portions designated with red box at pages 65:1-3; 65:5-6; 65:8-10, 65:12-14; 65:23-24; 67:1-4; 67:6-7; 67:12; 67:15-16; 67:18-19; 94:3; 94:5; 94:8-9; 94:11-12; 94:14; 94:19; 94:21 | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

46

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. | |
| ECF No. 583 (Google's Sealing Motion) | ECF 684-29, Somvichian Decl. Ex. 28<br><br>Exhibit 12 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Shafiq Deposition Excerpts) (ECF No. 585-10) | Portions designated with red box at pages 40:24-25; 42:1; 44:18; 44:25; 45:9; 213:17; 223:2; 223:7; 223:9-10; 236:18; 252:24-25 | **Data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google logs, associated identifiers, their proprietary functionalities and internal metrics related to data signals associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal | |

Cooley LLP
Attorneys at Law
San Francisco

Rev. [Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 583 (Google's Sealing Motion) | ECF 684-30, Somvichian Decl. Ex. 29<br><br>Exhibit 16 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Wilson | Portions designated with red box at pages 83:22; 311:16; 311:19; 312:13; 312:15-16 | **Data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google data signals, data logs, and information flows related to data systems associated with Google RTB that Google maintains as confidential in the ordinary | |

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Deposition Excerpts) (ECF No. 585-16) | | course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 583 (Google's Sealing Motion) | ECF 684-31, Somvichian Decl. Ex. 30 <br><br> Exhibit 20 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification | Portions highlighted at pages 4-6, 8 | **Data logs and systems/technical details / RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

49

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | and Appointment of Class Representatives and Class Counsel (Google's Revised Supplemental Responses to 4th Set of Interrogatories) (ECF No. 585-22) | | systems and operations, including various types of Google logs, associated identifiers, their proprietary functionalities and internal metrics related to data signals associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 583 (Google's Sealing Motion) | ECF 685, Somvichian Decl. Ex. 31 Exhibit 21 to | Entire Document | **Strategy re data privacy:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00012303) (ECF No. 589-2) | | Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, and decision-making related to Google advertising products, such as discussions about data privacy, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were | |

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Finally, this information reflects internal discussions regarding Google's policies and practices that are not final, and disclosure of it may be misleading in that it would suggest that Google has adopted certain policies or practices that differ from its finalized, publicly disclosed policies. | |
| ECF No. 583 (Google's Sealing Motion)) | ECF 685-1, Somvichian Decl. Ex. 32<br><br>Exhibit 22 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00018008) (ECF No. 589-4) | Entire Document | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. | |
| ECF No. 583 (Google's Sealing Motion) | ECF 685-2, Somvichian Decl. Ex. 33<br><br>Exhibit 23 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification | Entire Document | **Data logs and systems/technical details / RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal | |

Cooley LLP
Attorneys at Law
San Francisco

Rev. [Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00047130) (ECF No. 589-6) | | systems and operations, including various types of Google identifiers and data signals, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 583 (Google's Sealing Motion) | ECF 685-3, Somvichian Decl. Ex. 34<br><br>Exhibit 24 to | Entire Document | **Data logs and systems/technical details / RTB strategy, analysis, revenue:** Based on the declaration of Google | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00047191) (ECF No. 589-8) | | employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google identifiers and data signals, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk | |

Cooley LLP
Attorneys at Law
San Francisco

55

Rev. [Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 583 (Google's Sealing Motion) | ECF 685-4, Somvichian Decl. Ex. 35<br><br>Exhibit 25 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00057910) (ECF No. 589-10) | Entire Document | **Strategy re data privacy:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, and decision-making related to Google advertising products, such as discussions about data privacy, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. See ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information | |

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Finally, this information reflects internal discussions regarding Google's policies and practices that are not final, and disclosure of it may be misleading in that it would suggest that Google has adopted certain policies or practices that differ from its finalized, publicly disclosed policies. | |
| ECF No. 583 (Google's Sealing Motion) | ECF 685-5, Somvichian Decl. Ex. 36<br><br>Exhibit 26 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and | Entire Document | See above re ECF No. 589-10 (Exhibit 25 to Declaration of Whitty Somvichian). | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00098506) (ECF No. 590-2) | | | |
| ECF No. 583 (Google's Sealing Motion) | ECF 685-6, Somvichian Decl. Ex. 37<br><br>Exhibit 27 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00259486) (ECF No. 590-4) | Portions designated with red box at pages GOOG-HEWT-00259486-88 | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, financial information, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. | |
| ECF No. 583 (Google's Sealing Motion) | ECF 685-7, Somvichian Decl. Ex. 38

Exhibit 28 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT- | Entire Document | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including revenue metrics to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such | |

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | 00455648) (ECF No. 590-6) | | confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. | |
| ECF No. 583 (Google's Sealing Motion) | ECF 685-8, Somvichian Decl. Ex. 39 Exhibit 29 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification | Entire Document | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00455801) (ECF No. 590-8) | | financial information and revenue metrics related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. | |
| ECF No. 583 (Google's Sealing Motion) | ECF 685-9, Somvichian Decl. Ex. 40<br><br>Exhibit 33 to Declaration of | Entire Document | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior | |

Cooley LLP
Attorneys at Law
San Francisco

Rev. [Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00456337) (ECF No. 590-13) | | sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including revenue analysis to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | capabilities of Google's systems. | |
| ECF No. 583 (Google's Sealing Motion) | ECF 685-10, Somvichian Decl. Ex. 41<br><br>Exhibit 34 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00456348) (ECF No. 590-15) | Entire Document | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including revenue metrics to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

63

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. | |
| ECF No. 583 (Google's Sealing Motion) | ECF 685-11, Somvichian Decl. Ex. 42

Exhibit 35 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00480493) (ECF No. 590-17) | Entire Document | **Strategy re data privacy:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, and decision-making related to Google advertising products, such as discussions about data privacy, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. Finally, this information reflects internal discussions regarding Google's policies and practices that are not final, and disclosure of it may be misleading in that it would suggest that Google has adopted certain policies or practices that differ from its finalized, publicly disclosed policies. | |
| ECF No. 583 (Google's Sealing Motion) | ECF 685-12, Somvichian Decl. Ex. 43<br><br>Exhibit 36 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to | Entire Document | See above re ECF No. 590-17 (Exhibit 35 to Declaration of Whitty Somvichian). | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

65

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00481219) (ECF No. 591-2) | | | |
| ECF No. 583 (Google's Sealing Motion) | ECF 685-13, Somvichian Decl. Ex. 44<br><br>Exhibit 37 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00481705) (ECF No. 591-4) | Entire Document | **RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including financial information and revenue metrics related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. | |
| ECF No. 583 (Google's Sealing Motion) | ECF 685-14, Somvichian Decl. Ex. 45<br><br>Exhibit 38 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel | Entire Document | See above re ECF No. 591-4 (Exhibit 37 to Declaration of Whitty Somvichian). | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | (GOOG-HEWT-00481706) (ECF No. 591-6) | | | |
| ECF No. 583 (Google's Sealing Motion) | ECF 685-15, Somvichian Decl. Ex. 46<br><br>Exhibit 39 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00481707) (ECF No. 591-8) | Entire Document | See above re ECF No. 591-4 (Exhibit 37 to Declaration of Whitty Somvichian). | |
| ECF No. 583 (Google's Sealing Motion) | ECF 685-16, Somvichian Decl. Ex. 47<br><br>Exhibit 40 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class | Entire Document | See above re ECF No. 591-4 (Exhibit 37 to Declaration of Whitty Somvichian). | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00481708) (ECF No. 591-10) | | | |
| ECF No. 583 (Google's Sealing Motion) | ECF 685-17, Somvichian Decl. Ex. 48<br><br>Exhibit 41 to Declaration of Whitty Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00481709) (ECF No. 591-12) | Entire Document | See above re ECF No. 591-4. | |
| ECF No. 583 (Google's Sealing Motion) | ECF 685-18, Somvichian Decl. Ex. 49<br><br>Exhibit 42 to Declaration of Whitty | Entire Document | See above re ECF No. 591-4. | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Somvichian In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (GOOG-HEWT-00481710) (No. 591-14) | | | |
| ECF No. 583 (Google's Sealing Motion) | ECF 685-19, Somvichian Decl. Ex. 50<br><br>Declaration of Glenn Berntson In Support of Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 592-1) | Portions highlighted at pages 5-6, 9 | **Data logs and systems/technical details / RTB strategy, analysis, revenue:** Based on the declaration of Google employee Glenn Berntson (ECF No. 583-2) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of Google's internal data signals, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known | |

Cooley LLP
Attorneys at Law
San Francisco

Rev. [Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 583 (Google's Sealing Motion) | ECF 686, Somvichian Decl. Ex. 51

Declaration of Suneeti Vakharia in Support of Defendant Google LLC's Opposition to Plaintiffs' Motion for Class Certification and Appointment of | Portions highlighted at pages 4, 6, 9-12 | **Page views:** Based on the declaration of Google employee Suneeti Vakharia (ECF No. 583-1) submitted in support of Google's prior sealing motion, I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal metrics, that Google maintains as confidential in the ordinary | |

Cooley LLP
Attorneys at Law
San Francisco

Rev. [Proposed] Order re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Class Representatives and Class Counsel (ECF No. 592-5) | | course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. | |
| **Google's Confidential Information in Plaintiffs' Reply In Support of Class Certification Motion** | | | | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | ECF 686-1, Somvichian Decl. Ex. 52 Plaintiffs' Reply in Support of Motion for Class Certification (ECF No. 643-3) | Portions highlighted at pages 1, 2, 3, 4, 5, 7, 10, 11, 15 | **RTB strategy, analysis, revenue; data logs and systems/technical details; confidential contracts:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

72

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | information, revenue metrics, and decision-making related to Google advertising products. I further understand that this material includes confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. I further understand that this material discusses internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I also understand that these materials include confidential details regarding Google's contractual relationships with third-parties related to Google RTB.

I understand based on Dr. Berntson's declaration (ECF No. 643-1) that Google maintains this information | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google. Disclosure may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | ECF 686-2, Somvichian Decl. Ex. 53 Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (ECF No. 643- | Portions highlighted at pages 3, 4, 7, 8 | **RTB strategy, analysis, revenue; data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | 5) | | regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. I further understand that this material discusses internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors.<br><br>I understand based on Dr. Berntson's declaration (ECF No. 643-1) that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

75

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google. Disclosure may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | ECF 686-8, Somvichian Decl. Ex. 59<br><br>Exhibit 50 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Google Third-Party Contracts) (ECF No. 643-15) | Entire Document | **Confidential contracts:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's contractual relationships with third-parties related to Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of this confidential and proprietary information could injure Google's competitive standing as it may enable business partners to alter their business practices with Google. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | ECF 686-9, Somvichian Decl. Ex. 60<br><br>Exhibit 51 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Berntson Deposition Excerpts) (ECF No. 643-17) | Portions highlighted at pages 11:2-4, 8-9, 11, 13-16, 19, 24; 11:25-12:1; 12:22-13:3, 13:5, 24-25; 15:5, 14; 53:7, 10, 14-15; 54:16; 55:3; 56:14, 18-19, 21-22; 58:7-12. 16, 22-23, 25; 73:2-3, 6, 9, 12, 16-18, 20, 22-25; 75:4-6; 76:11-13, 18-21, 23-25; 77: 4, 14, 17, 21; 81:1, 5, 9; | **Data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information | |

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 83:20, 22-25; 89:4; 91:19-20; 94:1-4, 7, 12-13, 15, 23-24; 98:16-19; 106:1, 4, 6-7, 9-10, 16, 22-24; 107:2, 12, 17; 108:9-10, 12-13; 108:25-109:1; 109:18, 110:1, 3-5, 15, 18-19; 111:13-15; 112:1-3, 8-10, 21; 113:3-6; 115:10-11; 118:9-11; 122:13-14; 122:21-123:3; 123:21-22; 124:6-7, 9; 136:1, 9, 12, 15, 24; 150:17-18; 163:4, 9, 16, 20; 164:3; 178:4-6; 182:22-24; 191:24-25; 198:3-5, 9; 212:6, 8, 10, 13, 22; 213:2, 4, 18, 20; 214:2, 6, 9, 11, 18; | reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of this confidential and proprietary information could injure Google's competitive standing as it may enable competitors to alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |

Cooley LLP
Attorneys at Law
San Francisco

Rev. [Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 215:8-9; 216:3-4; 217:20-22; 219:6, 20-21; 225:1, 4-5, 11, 14, 17-18, 23-25; 226:6, 8, 18, 22; 231:22-24; 232:9-10, 17-18, 23; 233:5, 9-11, 16-17, 23-25; 234:1-2, 4-5, 10-11, 14-17, 19-21; 235:15-25; 236:11-21; 237:9-10, 12-13, 17, 19; 238:1, 6-7, 10-11, 13-15; 239:8-15; 240:12-17, 19; 241:20 | | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | ECF 686-10, Somvichian Decl. Ex. 61 Exhibit 52 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Vakharia Deposition | Portions highlighted at pages 94:1-2, 99:11-14, 121:19-20, 132:23-25, 149:1, 205:18-23, 206:18-20 | **RTB strategy, analysis, revenue; Strategy re data privacy:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

79

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Excerpts) (ECF No. 643-19) | | RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. I further understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's operational details and analysis related to Google RTB including discussion about data privacy and data practices. I understand based on Dr. Berntson's declaration (ECF No. 643-1) that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google. | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | ECF 686-11, Somvichian Decl. Ex. 62<br><br>Exhibit 53 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Psounis Deposition Excerpts) (ECF No. 643-21) | Portions highlighted at pages 144:5, 144:17, 144:20, 145:14, 165:11, 165:18, 165:20, 165:25, 233:19, 233:21 | **Data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of this confidential and proprietary information could injure Google's competitive standing as it | |

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | may enable competitors to alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | ECF 686-12, Somvichian Decl. Ex. 63<br><br>Exhibit 54 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Striegel Deposition Excerpts) (ECF No. 643-23) | Portions highlighted at pages 77:1-2, 77:18-19, 78:5, 78:16-18 | **Data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

82

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | this confidential and proprietary information could injure Google's competitive standing as it may enable competitors to alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | ECF 686-13, Somvichian Decl. Ex. 64<br><br>Exhibit 56 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Deal Deposition Excerpts) (ECF No. 643-25) | Portions highlighted at pages 100:21-24, 101:18-22,130:9, 131:15, 131:16, 131:21, 268:12, 269:15, 269:21, 270:3, 270:4, 277:21-22 | **RTB strategy, analysis, revenue; strategy re data privacy:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. I further understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's operational details and analysis related to Google RTB including discussion about data privacy and data | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | practices.<br><br>I understand based on Dr. Berntson's declaration (ECF No. 643-1) that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors.  This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google. | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | ECF 686-14, Somvichian Decl. Ex. 65<br><br>Exhibit 57 to Reply Declaration of Elizabeth C. Pritzker In | Portions highlighted at pages 147:1-4, 147:12-16, 150:5-9, 150:19-25 | **Strategy re data privacy:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be | |

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Support of Plaintiffs' Motion for Class Certification (Hanssens Deposition Excerpts) (ECF No. 643-27) | | sealed contains Google's highly confidential and proprietary information regarding Google's operational details and analysis related to Google RTB including discussion about data privacy and data practices.<br><br>I understand based on Dr. Berntson's declaration (ECF No. 643-1) that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | ECF 686-15, Somvichian Decl. Ex. 66<br><br>Exhibit 59 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Levitte Deposition Excerpts) (ECF No. 643-29) | Portions highlighted at pages 6:19, 6:21, 62:6-23 | **RTB strategy, analysis, revenue; employee contact information:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products.<br><br>I understand based on Dr. Berntson's declaration (ECF No. 643-1) that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's | |

Cooley LLP
Attorneys at Law
San Francisco

86

Rev. [Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google.<br><br>These portions also contain confidential contact information of Google employees, disclosure of which may subject them to unsolicited contact and harassment. | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | ECF 686-3, Somvichian Decl. Ex. 54<br><br>Exhibit 43 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Rebuttal Report of Dr. Zubair Shafiq) (ECF No. 643-13) | Portions highlighted at pages 7, 8, 9, 10, 11, 12, 13, 15, 16, 18, 19, 20, 25, 26, 27, 28, 33, 34, 37, 38, 39, 40, 41 | **Data logs and systems/technical details:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, | |

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of this confidential and proprietary information could injure Google's competitive standing as it may enable competitors to alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | ECF 686-4, Somvichian Decl. Ex. 55

Exhibit 44 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Rebuttal Report of Professor Christopher Wilson) | Portions highlighted at pages 20, 21, 44 | **RTB strategy, analysis, revenue; data logs and systems/technical details**: Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. I further understand that this material discusses internal systems and operations, | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

88

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors.<br><br>I understand based on Dr. Berntson's declaration (ECF No. 643-1) that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors.  This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google. Disclosure may | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

89

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | ECF 686-5, Somvichian Decl. Ex. 56

Exhibit 45 to Reply Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Rebuttal Report of Professor Robert Zeithammer) (ECF No. 643-7) | Portions highlighted at pages i, 3, 4, 5, 6, 8-12, 13, 18, 19, 21-24, 27-33, 58 | **RTB strategy, analysis, revenue; Strategy re data privacy:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. I further understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's operational details and analysis related to Google RTB including discussion about data privacy and data practices.

I understand based on Dr. Berntson's declaration (ECF No. 643-1) that Google maintains this information | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

90

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors.  This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google. Disclosure may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's Sealing Response) | ECF 686-6, Somvichian Decl. Ex. 57  Exhibit 46 to Reply Declaration of Elizabeth C. | Portions highlighted at pages i, 2, 3, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 18, 22, 23 | **RTB strategy, analysis, revenue; data logs and systems/technical details; strategy re data privacy:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

91

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Pritzker In Support of Plaintiffs' Motion for Class Certification (Rebuttal Report of Greg J. Regan) (ECF No. 643-9) | | response to Plaintiffs' sealing motion (ECF No. 643-1), I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. I further understand that this material discusses internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I further understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's operational details and analysis related to Google RTB including discussion about data privacy and data practices.<br><br>I understand based on Dr. Berntson's declaration (ECF | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | No. 643-1) that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors.  This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google. Disclosure may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 616 (Plaintiffs' Sealing Motion); ECF No. 643 (Google's | ECF 686-7, Somvichian Decl. Ex. 58<br><br>Exhibit 47 to Reply | Portions highlighted at pages 38, 39 | **Confidential contracts:** Based on the declaration of Google employee Glenn Berntson submitted in support of Google's prior response to Plaintiffs' sealing motion (ECF No. | |

Cooley LLP
Attorneys at Law
San Francisco

Rev. [Proposed] Order re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| Sealing Response) | Declaration of Elizabeth C. Pritzker In Support of Plaintiffs' Motion for Class Certification (Rebuttal Report of Professor Neil Richards) (ECF No. 643-31) | | 643-1), I understand that the materials requested to be sealed include confidential details regarding Google's contractual relationships with third parties related to Google RTB.<br><br>I understand based on Dr. Berntson's declaration (ECF No. 643-1) that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors or business partners to alter their business practices with respect to Google. systems and infrastructure. | |
| **Google's Confidential Information in Google's Evidentiary Objections to Plaintiffs' Evidence in Support of Reply In Support of Class Certification** | | | | |
| ECF No. 627 (Google's Administrative Motion to Seal) | ECF 686-16, Somvichian Decl. Ex. 67<br><br>Declaration of Aarti Reddy in Support of Google's Objections to Plaintiffs' Evidence in | Portions highlighted at pages 4-6 | **Data logs and systems/technical details:** I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Support of Class Certification Reply Briefing (ECF No. 627-2) | | internal logs and their proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors.  Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services.  It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products.  It may also place Google at an increased risk of cyber security threats, as third parties may seek to use this information to compromise Google's internal practices. | |
| ECF No. 627 (Google's Administrative Motion to Seal) | ECF 686-17, Somvichian Decl. Ex. 68  Exhibit 3 to Declaration of Whitty Somvichian in Support of Google's Objections to Plaintiffs' Evidence in | Portions highlighted at 56:2-3, 56:13-14, 56:21-22, 57:7-58:25, 60:3-6, 60:10-13, 60:17-25, 61:2-6, 61:15-16, 61:20-22, 70:1-25 | **Data logs and systems/technical details:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal logs and their proprietary functionalities, | |

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Support of Class Certification Reply Briefing (Berntson Deposition Excerpts) (ECF No. 627-3) | | as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors.  Additionally, I understand such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services.  It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products.  It may also place Google at an increased risk of cyber security threats, as third parties may seek to use this information to compromise Google's internal practices. | |
| **Google's Confidential Information in Plaintiffs' *Daubert* Motion** | | | | |
| ECF No. 644 (Google's Response to Plaintiffs' Administrative Motion to Seal); ECF No. 623 (Plaintiffs' Administrative Motion to Seal) | ECF 686-18, Somvichian Decl. Ex. 69  Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (ECF No. 644-3) | Portions highlighted at pages 3-4, 10-11, 13-15, 17-18 | **RTB strategy, analysis, and revenue:** I understand that portions of the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | advertising products.  I further understand that portions of the information requested to be sealed contains Google's confidential and proprietary information regarding Google's operational details and analysis related to Google RTB including discussions about data privacy and data practices.  Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors.  This confidential and proprietary information falls within the scope of the Protective Order in this action.  *See* ECF No. 59 at 3.  I further understand that if this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operating and capabilities of Google's systems.  It is my understanding that public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google. | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| ECF No. 644 (Google's Response to Plaintiffs' Administrative Motion to Seal); ECF No. 623 (Plaintiffs' Administrative Motion to Seal) | ECF 686-19, Somvichian Decl. Ex. 70<br><br>Exhibit 1 to Declaration Lesley E. Weaver In Support of Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Deal Deposition Excerpts) (ECF No. 644-5) | Portions highlighted at pages 101:18-22, 105:13, 277:21-22 | **RTB strategy, analysis, and revenue:** I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. I further understand that if this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operating and capabilities of Google's systems. It is my understanding that public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products. Further, business | |

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | partners may also alter their business practices with Google. | |
| ECF No. 644 (Google's Response to Plaintiffs' Administrative Motion to Seal); ECF No. 623 (Plaintiffs' Administrative Motion to Seal) | ECF 687, Somvichian Decl. Ex. 71

Exhibit 2 to Declaration Lesley E. Weaver In Support of Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Levitte Deposition Excerpts) (ECF No. 644-7) | Portions highlighted at pages 6:19, 6:21, 62:6-23 | **RTB strategy, analysis, and revenue & employee contact information:** I understand that portions of the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. I further understand that if this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. It is my understanding that public disclosure of this information could injure | |

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Rev. [Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google.<br><br>I further understand that the information requested to be sealed contains confidential information of Google employees, disclosure of which may subject them to unsolicited contact and harassment. | |
| ECF No. 644 (Google's Response to Plaintiffs' Administrative Motion to Seal); ECF No. 623 (Plaintiffs' Administrative Motion to Seal) | ECF 687-1, Somvichian Decl. Ex. 72<br><br>Exhibit 4 to Declaration Lesley E. Weaver In Support of Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Vakharia Deposition Exhibit 8) (ECF No. 644-9) | Entire Document | **RTB strategy, analysis, and revenue & strategy re data privacy:** I understand that the information requested to be sealed contains Google's confidential and proprietary information regarding Google's operational details and analysis related to Google RTB including discussions about data privacy and data practices.  Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors.  This confidential and proprietary information falls within the scope of the Protective Order in this action.  See ECF No. 59 at 3.  I further understand that if this information were made | |

Cooley LLP
Attorneys at Law
San Francisco

Rev. [Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operating and capabilities of Google's systems.  It is my understanding that public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google. | |
| **Google's Confidential Information in Google's Opposition to Plaintiffs' *Daubert* Motion** | | | | |
| ECF No. 633 (Google's Administrative Motion to Seal) | ECF 687-2, Somvichian Decl. Ex. 73  Google's Opposition to Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (ECF No. 633-2) | Portions highlighted at pages 3-4, 6, 8, 11-12, 16-19. | **RTB strategy, analysis, and revenue:** The information requested to be sealed contains Google's highly confidential and proprietary  operational details and information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, financial information, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. | |
| ECF No. 633 (Google's Administrative Motion to Seal) | ECF 687-3, Somvichian Decl. Ex. 74<br><br>Exhibit 1 to the Declaration of Aarti Reddy ("Reddy Declaration") in Support of Google's Opposition to Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of | Portions highlighted at 96:16; 96:19-22, 97:6-7; 98:2-4; 98:23-25; 99:24-25; 100:22-24; 101:19-22; 104:5 | **RTB strategy, analysis, and revenue:** The information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, financial information, revenue metrics, and decision-making related to Google advertising products that Google maintains as confidential in the ordinary | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Bruce Deal (Deal Deposition Excerpts) (ECF No. 633-3) | | course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. If this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. | |
| ECF No. 633 (Google's Administrative Motion to Seal) | ECF 687-4, Somvichian Decl. Ex. 75<br><br>Exhibit 2 to the Reddy Declaration in Support of Google's Opposition to Plaintiffs' | Portions highlighted at 165:1-17; 165:21-25 | **RTB strategy, analysis, and revenue & data logs and systems/technical details:** The information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including | |

Cooley LLP
Attorneys at Law
San Francisco

Rev. [Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Berntson Deposition Excerpts) (ECF No. 633-4) | | various types of controls and information flows related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3.  Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data systems and infrastructure. | |
| ECF No. 633 (Google's Administrative Motion to Seal) | ECF 687-5, Somvichian Decl. Ex. 76  Exhibit 3 to the Reddy Declaration in Support of Google's | Portions highlighted at 100:12; 100:15; 104:5; 104:8; 104:10; 104:17; 104:23-25 | **RTB strategy, analysis, and revenue:** The information requested to be sealed contains Google's highly confidential and proprietary operational details and information regarding Google's business strategy and analysis related | |

Cooley LLP
Attorneys at Law
San Francisco

Rev. [Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD


| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Opposition to Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Regan Deposition Excerpts) (ECF No. 633-5) | | to Google RTB including discussion about product strategy, revenue metrics, and decisionmaking related to Google advertising products that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. | |
| **Google's Confidential Information in Plaintiffs' Reply In Support of Plaintiffs' *Daubert* Motion** | | | | |
| ECF No. 649 (Google's Response to Plaintiffs' Administrative Motion to Seal); ECF No. 641 (Plaintiffs' Administrative Motion to Seal) | ECF 687-6, Somvichian Decl. Ex. 77<br><br>Plaintiffs' Reply in Support of *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal | Portions highlighted at pages 3-5, 9 | **RTB strategy, analysis, and revenue:** I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision- | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | (ECF No. 649-3) | | making related to Google advertising products. Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. I further understand that if this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. It is my understanding that public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. | |
| ECF No. 649 (Google's Response to Plaintiffs' Administrative Motion to Seal); ECF No. 641 (Plaintiffs' Administrative | ECF 687-7, Somvichian Decl. Ex. 78  Exhibit 1 to Declaration of H. Melissa Mather in Support of Plaintiffs' | Portions highlighted at pages 19:12; 19:16; 19:19-25; 20:2-4; 20:5; 20:6; 20:7; 20:10-13; | **RTB strategy, analysis, and revenue & data logs and systems/technical details:** I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

106

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| Motion to Seal) | Reply in Support of *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Belov Deposition Excerpts) (ECF No. 649-5) | 20:14-15; 20:16; 20:18; 20:22-25; 29:12; 29:25; 30:2; 30:3; 30:19-20; 30:23; 30:25; Errata: 16:6-7; 17:21; 19:12; 19:16; 34:4; 34:16; 170:7-8; 183:4; 183:7; 184:7; 184:23-24; 185:21; 186:15; 263:21; 264:5-6; 264:16-17; 264:19 | systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB including internal code and project names that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand that such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. I also understand that public disclosure of this confidential and proprietary information could injure Google's competitive standing as it may enable competitors to alter their systems and practices relating to competing products. It is my understanding that it may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data | |

Cooley LLP
Attorneys at Law
San Francisco

Rev. [Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | systems and infrastructure. | |
| ECF No. 649 (Google's Response to Plaintiffs' Administrative Motion to Seal); ECF No. 641 (Plaintiffs' Administrative Motion to Seal) | ECF 687-8, Somvichian Decl. Ex. 79 Exhibit 2 to Declaration of H. Melissa Mather in Support of Plaintiffs' Reply in Support of *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Berntson Deposition Excerpts) (ECF No. 649-7) | Portions highlighted in red at pages 165:21-24 and Errata 38:9 | **RTB strategy, analysis, and revenue & data logs and systems/technical details:** I understand that portions of the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products.  I further understand that portions of the information requested to be sealed contains Google's highly confidential and proprietary information regarding technical details about Google's internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB including internal code and projects names.  Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This confidential and proprietary information falls within the scope of the Protective | |

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | Order in this action. See ECF No. 59 at 3. I further understand that if this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. It is my understanding that public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google. | |
| ECF No. 649 (Google's Response to Plaintiffs' Administrative Motion to Seal); ECF No. 641 (Plaintiffs' Administrative Motion to Seal) | ECF 687-9, Somvichian Decl. Ex. 80<br><br>Exhibit 3 to Declaration of H. Melissa Mather in Support of Plaintiffs' Reply in Support of *Daubert* Motion to Exclude the Expert Testimony of Bruce Deal (Deal Deposition Excerpts) (ECF No. 649-9) | Portions highlighted at pages 100:21-24; 101:11-12, 19-22 | **RTB strategy, analysis, and revenue:**  I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. This | |

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | confidential and proprietary information falls within the scope of the Protective Order in this action. See ECF No. 59 at 3. I further understand that if this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. It is my understanding that public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google. | |
| **Google's Confidential Information in Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order of Magistrate Judge** | | | | |
| ECF No. 499 (Plaintiffs' Sealing Motion) | ECF 687-10, Somvichian Decl., Ex. 81

Declaration of Jonathan K. Levine In Support of Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order) (ECF No. 499-3) | Portions highlighted at pages 3-4 | **RTB strategy, analysis, revenue:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including references to internal code names that Google does not use publicly. I understand such confidential and proprietary information reveals Google's internal data systems, and business | |

Cooley LLP
Attorneys at Law
San Francisco

Rev. [Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. | |
| ECF No. 499 (Plaintiffs' Sealing Motion) | ECF 687-11, Somvichian Decl. Ex. 82<br><br>Exhibit A to Levine Declaration (Deposition of Stanislav Belov) In Support of Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order) (ECF No. 499-4) | Portions highlighted at pages 11:25, 12:2, 12:4, 13:19-25, 14:2-4, 14:7-17, 15:10-16, 15:18-19, 15:22-24, 16:5-8, 17:9-10, 17:20-25, 18:2-17, 18:19-25, 19:2-3, 19:12-13, 19:15-24, 20:5-25, 21:2-3, 21:12-23, 22:2-3, 22:6-9, 23:19-25, 24:2-12, 24:25, 25:2-7, 26:4-18, 26:24-25, 27:2-25, 28:2-18, 28:22-25, 29:2-22, 29:25, 30:2-3, 30:6-25, 31:2-25, | **RTB strategy, analysis, revenue; data logs and systems/technical details:** I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy related to Google RTB, including sensitive information about Google personnel assignments and analysis of product strategy, financial information, revenue metrics, and decision-making related to Google advertising products. I further understand that this material discusses internal systems and operations, including various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I further understand that the information requested to be sealed contains Google's highly confidential and | |

Cooley LLP
Attorneys at Law
San Francisco

Rev. [Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 32:2-25, 33:2-5, 33:10, 33:12, 33:14, 33:16-17, 33:21-23, 33:25, 34:2-13, 34:16-25, 35:2-25, 36:2-6, 36:8-25, 37:2-12, 37:15-16, 37:18-24, 38:3-19, 38:21-25, 39:2-10, 39:13-25, 40:2-17, 40:19, 40:25, 41:2-21, 42:2, 42:11, 43:14-15, 43:17-21, 44:8, 44:17, 44:19, 45:12-16, 45:20-23, 49:16, 50:8-9, 50:11, 51:15-16, 52:12-17, 52:19-20, 52:24, 53:5-10, 53:12-13, 53:23, 54:5-12, 55:17, 55:25, 56:2-15, | proprietary information regarding Google's operational details and analysis related to Google RTB including discussion about data privacy and data practices.

I understand that Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors.  This confidential and proprietary information falls within the scope of the Protective Order in this action. *See* ECF No. 59 at 3. If this information were made public, it would allow recipients to gain potentially damaging insights into Google's strategic business decisions and the operation and capabilities of Google's systems. Public disclosure of this information could injure Google's competitive standing, as it may enable competitors to alter their systems and practices relating to competing products.  Further, business partners may also alter their business practices with Google. Disclosure may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's data | |

Cooley LLP
Attorneys at Law
San Francisco

Rev. [Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 56:22-23, 60:6, 60:9, 60:14-15, 60:18, 62:14-21, 62:24, 63:2, 64:5, 66:7, 66:17-19, 67:5, 67:7, 67,23, 68:11-12, 68:19, 69:3-5, 69:7-10, 70:7, 70:10-24, 71:6-8, 71:17-25, 72:2-9, 73:8-10, 73:14-24, 74:4-5, 74:8-25, 75:2-11, 76:5, 76:14-16, 76:21-24, 77:15, 77:19-20, 78:21-22, 81:24-25, 82:12, 83:15-16, 85:14-15, 87:22-25, 88:2-3, 89:5, 89:8-18, 89:22-25, 90:2-7, 90:9-22, 91:12-13, 91:17-20, 92:10-11, 92:15-16, 92:22-24, | systems and infrastructure. | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

113

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 93:2-3, 93:10-11, 94:10-11, 94:14-16, 95:11, 95:20-22, 98:13-14, 98:19, 98:21, 99:5-6, 100:11-13, 101:2, 101:17-18, 103:2, 103:9, 103:24-25, 104:19-20, 105:18, 106:4-6, 106:16, 106:19-25, 107:5-6, 108:21, 111:24-25, 112:2-4, 113:5-11, 113:14-16, 113:19-22, 114:7-17, 113:24, 115:3-12, 115:15-22, 115:25, 116:2-11, 116:14-19, 116:21-23, 117:3-4, 117:7-12, 117:15-19, 117:23-25, 118:2, 118:5, 118:9-16, 118:22-23, 119:4-7, | | |

Cooley LLP
Attorneys at Law
San Francisco

Rev. [Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 119:9, 119:11, 119:20-22, 120:8-9, 120:13-18, 120:22-23, 121:2-10, 121:20-21, 121:23, 121:25, 122:9-10, 122:15-22, 124:15-16, 124:22-23, 125:14-15, 127:15-18, 128:19-22, 130:4, 130:8, 131:25, 133:7, 134:2, 134:6, 134:18, 134:21-23, 135:4, 136:5-6, 136:8-9, 136:12, 136:14, 136:17-20, 137:5, 137:12, 137:20, 138:2-4, 138:13, 138:16, 138:18, 138:24, 139:3, 139:17, 139:20-21, 139:23, 139:25, 140:2, | | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 140:6, 140:8-10, 140:22, 140:24, 141:12, 141:16, 141:20-21, 141:23-25, 142:2-4, 142:15, 142:18, 143:16, 143:23-25, 144:3, 144:6, 144:12-14, 144:21, 145:3-4, 146:12-13, 146:16-17, 146:20-25, 147:14, 147:17-18, 147:21, 147:25, 148:2, 148:15-18, 148:20, 148:24-25, 152:14, 153:9-10, 154:13, 154:15-16, 154:20-21, 155:5, 155:8, 155:12-13, 155:16-20, 155:22, 156:5, 156:8, 156:15, 156:23-24, 158:16, 159:13-25, | | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 160:2-4, 160:7-8, 160:11-15, 160:19-25, 161:2-25, 162:2-4, 162:7, 162:10-25, 163:2-7, 163:14-25, 164:2-21, 164:25, 165:2, 165:4-10, 165:13-18, 165:20-25, 166:2-5, 166:9-22, 166:24-25, 167:2-10, 167:12-25, 168:2-12, 168:15-25, 169:2-24, 170:2-3, 170:6-13, 170:21-25, 171:5-15, 172:4-5, 172:11-12, 172:14, 172:19-20, 173:18-19, 174:12-17, 175:13-15, 175:25, 180:21-25, 181:2-10, 181:12-25, 182:2-3, 182:10-12, 182:17-19, 182:21-25, 183:4-11, 183:22-25, | | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 184:2, 184:5-10, 184:12-16, 184:23-25, 185:2-15, 185:21, 186:8-9, 186:15, 187:7-8, 187:10-25, 188:2-4, 188:7-22, 188:24-25, 189:2, 189:4-13, 189:16-18, 189:22-25, 190:2-10, 190:13-17, 190:19-25, 191:16-17, 191:24-25, 192:16, 193:20, 193:23-24, 194:4-12, 194:15-25, 195:2-11, 195:16-19, 198:16-18, 198:21, 198:23-24, 199:4, 199:9-19, 199:22, 199:25, 201:19, 203:3-4, 203:7, 203:9, 203:13, 203:15-25, 204:8, 204:15-16, 204:22-25, | | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 205:5-6, 205:17-18, 205:24-25, 206:2, 206:9-10, 206:13, 208:3, 208:12-14, 209:12-13, 210:3-4, 210:14, 211:14, 211:20-21, 212:16, 212:18, 215:4, 215:15, 216:13, 216:20, 217:5, 217:9, 222:2, 222:8, 224:17, 224:19, 225:6-7, 225:14-16, 226:12, 226:16, 226:19, 226:23, 227:3, 227:20-22, 227:24-25, 228:2, 228:8, 228:13-14, 229:2-3, 229:8-9, 229:15, 230:5-6, 230:10, 230:16-17, 230:21-22, 231:9-10, | | |

Cooley LLP
Attorneys at Law
San Francisco

Rev. [Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 234:16, 235:12, 236:13, 236:23, 236:25, 238:17-20, 241:10, 241:12, 241:14-23, 242:3-6, 241:10-20, 243:14-15, 243:21-24, 244:2-6, 247:15, 248:2, 248:8, 248:13, 248:21, 249:2-3, 249:16, 249:22-24, 250:8-9, 250:21-22, 251:5-7, 252:12-20, 255:25, 256:8-10, 257:5, 257:9-17, 259:6, 259:9, 259:11-12, 260:19, 260:22, 261:2-4, 261:7-22, 261:24-25, 262:2-13, 263:12, 263:16-17, 263:21, 264:3-6, 264:16-17, 254:19, | | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 264:21, 268:20, 270:17, 270:20-21, 271:4, 271:8, 271:13, 272:2, 272:6-9, 272:14, 273:8, 273:10-16, 273:23, 274:4-5, 274:10-11, 274:15-25, 275:2-19, 276:8, 276:12, 276:17, 277:4-5, 277:17, 278:3-4, 278:24-25, 279:24-25, 280:7-8, 280:10, 280:12, 282:7-12, 283:12, 284:2-4, 284:10-11, 284:16, 285:4-7, 287:4-5, 288:12, 288:14, 290:15, 291:11-12, 291:15-17, 291:19, 293:3, 293:18-21, 294:8, 294:11-16, | | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

121

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 296:15, 296:17, 297:5, 297:9, 297:19, 297:24, 298:3-4, 298:9, 298:16, 299:6-7, 299:15, 299:20-21, 299:24-25, 300:2-9, 300:15-16, 300:20, 301:4-9, 301:18, 302:9, 302:16, 303:18, 304:6, 304:11, 305:11, 305:16-17, 306:16-25, 307:2-4, 311:10, 311:17-18, 312:12, 312:15-16, 312:20-25, 313:2, 313:5-6, 313:10-11, 313:14-25, 314:2-19, 314:21, 315:10, 315:16, 315:18-20, 316:4-6, 316:8-15, 316:19-22: 316:24-25, | | |

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 317:2-3, 317:13-15, 317:24, 318:6-7, 320:14-18, 321:3-6, 321:9-12, 323:5-12, 323:15-18, 325:4, 325:7-8, 326:6-8, 326:14-15, 327:3, 327:17, 328:7-12, 328:21-23, 329:6-11, 335:18, 335:25, 336:3, 337:12, 338:11-12, 338:22-23, 339:6-7, 339:12, 339:22-23, 341:18, 349:3-4, 349:20-21, 349:23-24, 350:5-12, 350:15, 350:17, 350:23-25, 351:7-9, 351:23, 352:2, 352:9, 352:17, 352:2, 354:5-12, 355:7, 355:14, 355:21, | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

123

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 355:23, 355:25, 356:23-24, 357:6, 357:8, 357:12-13, 357:16, 358:4, 359:15-16, 362:16, 362:18-19, 363:13, 363:15, 363:22-23, 363:25, 364:2-5, 364:12, 364:18-25, 365:2, 365:6-13, 365:16-25, 366:2-9, 366:12, 366:20, 377:6, 377:12, 377:18, 378:6-7, 378:11-13, 378:18-19, 379:11-12, 379:18-19, 380:6-7, 380:13-14, 380:19-20, 381:6-7, 381:12-13, 381:18-19, 382:6, 382:12-13, 382:18-20, 383:6-8, 383:13-14, 383:19-20, 384:16-17, | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

124

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | 384:22, 385:16-18, 385:23, 386:6-7, 386:12-13, Index: 395, 403, 404, 413, 417, 419, 421, 423, 424, 425, 426, 428, 430, 431, 435, 436, 437, 438, 441, 442, 447, 448, 450, 452, 453, 457, 458, 460 | | |
| ECF No. 499 (Plaintiffs' Sealing Motion) | ECF 687-12, Somvichian Decl., Ex. 83<br><br>Exhibit B to Declaration of Jonathan K. Levine In Support of Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Order) (ECF No. 499-5) | Entire Document | **Strategy re data privacy:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, and decision-making related to Google advertising products, such as discussions about data privacy, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

125

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems.<br><br>This Court has previously sealed this document in its entirety. *See* ECF No. 391 at 3. | |
| ECF No. 499 (Plaintiffs' Sealing Motion) | ECF 687-13, Somvichian Decl. Ex. 84<br><br>Exhibit C to Declaration of Jonathan K. Levine In Support of Plaintiffs' Motion for Relief from April 21, 2023 | Entire Document | **RTB strategy, analysis, revenue:** I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding confidential product initiatives and technical details about Google's internal systems and operations, including various types of data collected, their proprietary | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Nondispositive Order) (ECF No. 499-6) | | functionalities, internal metrics, and information related to data systems associated with Google RTB including internal code and project names that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand that such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. I also understand that public disclosure of this confidential and proprietary information could injure Google's competitive standing as it may enable competitors to alter their systems and practices relating to competing products. | |
| ECF No. 499 (Plaintiffs' Sealing Motion) | ECF 687-14, Somvichian Decl., Ex. 85 <br><br> Exhibit D to Declaration of Jonathan K. Levine In Support of Plaintiffs' Motion for | Entire Document | **RTB strategy, analysis, revenue:** I understand that the information requested to be sealed contains Google's highly confidential and proprietary information regarding confidential product initiatives and technical details about Google's internal systems and operations, including | |

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Relief from April 21, 2023 Nondispositive Order) (ECF No. 499-7) | | various types of data collected, their proprietary functionalities, internal metrics, and information related to data systems associated with Google RTB that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. Additionally, I understand that such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. I also understand that public disclosure of this confidential and proprietary information could injure Google's competitive standing as it may enable competitors to alter their systems and practices relating to competing products. | |
| ECF No. 499 (Plaintiffs' Sealing Motion) | ECF 687-15, Somvichian Decl., Ex. 86<br><br>Exhibit E to Declaration of Jonathan K. Levine In Support of Plaintiffs' Motion for | Entire Document | **Strategy re data privacy:** I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's business strategy and analysis related to Google RTB including discussion about product strategy, and decision- | |

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Relief from April 21, 2023 Nondispositive Order) (ECF No. 499-8) | | making related to Google advertising products, such as discussions about data privacy, that Google maintains as confidential in the ordinary course of its business and that is not generally known to the public or Google's competitors. I understand such confidential and proprietary information reveals Google's internal strategies and business practices for operating and maintaining its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. Further, business partners may also alter their business practices with Google. I also understand that, if this information were made public, it would allow individuals to gain improper and potentially damaging insight into Google's strategic business decisions and the operation and capabilities of Google's systems. This Court has previously sealed this document in its entirety in connection with | |

Cooley LLP
Attorneys at Law
San Francisco

129

Rev. [Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Seal | Exhibit to Omnibus Sealing Motion | Portion To Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | Plaintiffs' Administrative Motion to Consider Whether Another Party's Documents Should be Sealed (ECF No. 386). *See* ECF No. 391 at 3. | |

| ECF No. Requesting Sealing | Document | Portion to Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| **Plaintiffs' Confidential Information** | | | | |
| ECF 547 | ECF 688-1, Levine Decl., Ex. A<br><br>Portions of the Expert Class Certification Report of Professor Zubair Shafiq, submitted by plaintiffs as Exhibit 1 in support of Plaintiffs' Motion for Class Certification (sealed version: ECF 545-5; public version re-redacted by Google: ECF 558-5). | Highlighted portions at ¶ 42(b), Table 2 to ¶ 42(e), ¶ 42(f), ¶ 46(a)-(g), and FNs 18, 19, 23, 24, 25, 26, 27, and 28. | <u>Plaintiffs' sealing request</u>: This data reflects sensitive personal information of the named plaintiffs, including the "verticals" into which Google classified them, their location, and their search history | |
| ECF 547 | ECF 688-2, Levine Decl., Ex. B<br><br>Portions of the Expert Class Certification Report of Professor | Table 5 in ¶ 95, left-most column entitled "Google account" only. | <u>Plaintiffs' sealing request</u>: This column in Table 5 identifies the named plaintiffs' Google account names which are portions of their Gmail email addresses with which they could be contacted against their | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Sealing | Document | Portion to Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Christopher Wilson, submitted by plaintiffs as Exhibit 2 in support of Plaintiffs' Motion for Class Certification (sealed version: ECF 545-6; public version re-redacted by Google: ECF 558-6). | | wishes and which are therefore personal and private information that should remain sealed from public view. | |
| ECF 608 | ECF 688-3, Levine Decl., Ex. C<br><br>Portions of Google's Opposition to Plaintiffs' Motion for Class Certification (sealed version: ECF 588-3; redacted version: ECF 583-3). | At page 10, FN 9, citing to Table 5 in the Expert Class Certification Report of Professor Christopher Wilson (ECF 545-6/ ECF 558-6) | <u>Plaintiffs' sealing request</u>: This column in Table 5 identifies the named plaintiffs' Google account names which are portions of their Gmail email addresses with which they could be contacted against their wishes and which are therefore personal and private information that should remain sealed from public view. | |
| ECF 608 | ECF 688-4, Levine Decl., Ex. D<br><br>Portions of the expert report of Google's expert Aaron Striegel, Ph.D., submitted by Google as Exhibit 1 to the Somvichian Decl. in support of Google's | Highlighted portions at pp. 47-52 | <u>Plaintiffs' sealing request</u>: Those portions of Dr. Striegel's report contain information identifying the named plaintiffs by name and with location coordinates or describing the "verticals" into which Google classified certain named plaintiffs | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Sealing | Document | Portion to Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Oppn. sealed version: ECF 584-1, corrected sealed version: ECF 602-1, corrected public redacted version: 602-2). | | | |
| ECF 608 | ECF 688-5, Levine Decl., Ex. E<br><br>Portions of the deposition transcript of named Plaintiff Terry Diggs, submitted by Google as Ex. 7 to the Somvichian Decl. (sealed version: ECF 585-2, public redacted version ECF 585-1, corrected re-redacted version: 602-5). | Transcript at 7:8-13,  199:17, 21 and 24,  and 200:16 | <u>Plaintiffs' sealing request</u>:<br>In these excerpts, Ms. Diggs' private health information and a particular medical diagnosis she has are discussed | |
| ECF 608 | ECF 688-6, Levine Decl., Ex. F<br><br>Portions of the deposition transcript of named Plaintiff Rethena Green, submitted by Google as Ex. 8 to the Somvichian | Transcript at 40:14 and 40:25 | <u>Plaintiffs' sealing request</u>:<br>In these excerpts, Ms. Green's private health information and her medical diagnosis are discussed | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

132

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Sealing | Document | Portion to Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Decl. (sealed version: ECF 585-4, public redacted version: ECF 585-3). | | | |
| ECF 608 | ECF 688-7, Levine Decl., Ex. G<br><br>Portions of the deposition transcript of named Plaintiff Kimberley Woodruff (Ex. 17 to the Somvichian Decl.), submitted by Google (sealed version: ECF 585-18, public redacted version: ECF 585-17). | Transcript at pages 59-63. | Plaintiffs' sealing request: These excerpts discuss Ms. Woodruff's private medical information and personal information regarding private online searches she conducted. | |
| ECF 618 | ECF 688-8, Levine Decl., Ex. H<br><br>Portions of the Expert Class Certification Rebuttal Report of Professor Zubair Shafiq, submitted by plaintiffs as Exhibit 43 in support of their Reply (sealed version: ECF 616-5, public redacted version: ECF 617-3). | Highlighted portions of ¶¶ 44, 45 and 47. | Plaintiffs' sealing request: Those paragraphs reflect personal and private URL and location data regarding certain named plaintiffs, produced by Google | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| ECF No. Requesting Sealing | Document | Portion to Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
|  | **Third Party Requests (for Plaintiffs' Materials)** | | | |
| ECF 556 | ECF No. 684-4, Somvichian Decl. Ex. 3 Portions of plaintiffs' Exhibit 2, Expert Class Certification Report of Prof. Christopher Wilson, (sealed version: ECF 545-6, public redacted version: 558-6). | • The numerical figure contained in the last sentence of ¶ 38 | <u>Third party N.Y. Times's sealing request</u>: Constitutes commercially and competitively sensitive information, the divulgence of which would result in competitive harm to The Times.  If made public, this figure could be used by The Times's competitors to derive insights about The Times's business operations/strategies and by current and prospective customers, vendors, and business partners of The Times to gain unfair advantages in negotiations and dealings with The Times.  *See* ECF 556; Glogovsky Decl. (dated August 3, 2023) ¶ 8. | |
| | | • The "UserID" figure contained in Table 2 (¶ 39)  • The "UserID" figure contained in Table 3 (¶ 40) | <u>Third party N.Y. Times's sealing request</u>: Constitutes sensitive customer information, the divulgence of which would result in substantial harm to certain of The Times's customers.  These non-public values are unique identifiers that, if made public, could be used in conjunction with other data elements to determine the identities of the individual | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

| ECF No. Requesting Sealing | Document | Portion to Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | customers associated with the values. *See* ECF 556; Glogovsky Decl. (dated August 3, 2023) ¶ 9. | |
| ECF 626 | ECF 686-1, Somvichian Decl. Ex. 52<br><br>Portions of plaintiffs' Reply brief (sealed version: ECF 616-3, public redacted version ECF 617). | • Numerical figures contained on lines 8 and 17 of page 4<br><br>• Numerical figure contained in line 15 of page 5 | Third party N.Y. Times's sealing request: Constitutes commercially and competitively sensitive information, the divulgence of which would result in competitive harm to The Times. If made public, these figures could be used by The Times's competitors to derive insights about The Times's business operations/strategies and by current and prospective customers, vendors, and business partners of The Times to gain unfair advantages in negotiations and dealings with The Times. *See* ECF 626; Glogovsky Decl. (dated December 6, 2023) ¶ 7. | |
| ECF 626 | ECF 686-4, Somvichian Decl. Ex. 55<br><br>Portions of plaintiffs' Exhibit 44, Expert Class Certification Rebuttal Report of Prof. Christopher | • Certain numerical values in ¶ 48<br><br>• Certain names of data fields and percentages contained in ¶ 51 | Third party N.Y. Times's sealing request: Constitutes commercially and competitively sensitive information, the divulgence of which would result in competitive harm to The Times. If made public, these figures and information could be | |

Cooley LLP
Attorneys at Law
San Francisco

| ECF No. Requesting Sealing | Document | Portion to Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | Wilson (sealed version: ECF 616-6, public redacted version: ECF 617-4). | • Certain names of data fields, numerical values, and percentages in ¶¶ 53, 56 & n.50<br><br>• Certain numerical values in ¶ 59<br><br>• Certain names of data fields in ¶ 64<br><br>• Certain names of data fields, text, and percentages in ¶ 66 prior to last line of page 20 | used by The Times's competitors to derive insights about The Times's business operations/strategies and by current and prospective customers, vendors, and business partners of The Times to gain unfair advantages in negotiations and dealings with The Times. *See* ECF 626; Glogovsky Decl. (dated December 6, 2023) ¶ 7. | |
|  | **Third Party Requests (for Defendant's Materials)** | | | |
| ECF 604 | ECF 684-22, Somvichian Decl. Ex. 21<br><br>Portions of Google's Opposition to Plaintiffs' Motion for Class Certification (Sealed ECF No. 583-3 and 583-4) | • Numerical figure contained in upper right cell of chart at the bottom of page 9 | <u>Third party N.Y. Times's sealing request</u>: Constitutes commercially and competitively sensitive information, the divulgence of which would result in competitive harm to The Times. If made public, this figure could be used by The Times's competitors to derive insights about The Times's business operations/strategies and by current and prospective customers, vendors, and business | |

Cooley LLP
Attorneys at Law
San Francisco

Rev. [Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD

| ECF No. Requesting Sealing | Document | Portion to Be Sealed | Basis for Sealing | Order |
|---|---|---|---|---|
| | | | partners of The Times to gain unfair advantages in negotiations and dealings with The Times. *See* ECF 604; Glogovsky Decl. (dated October 5, 2023) ¶ 7. | |
| ECF 604 | ECF 684-23, Somvichian Decl. Ex. 22<br><br>Portions of Expert Report of Aaron Striegel (ECF No. 584-1 and 584-2, re-filed as ECF No. 602-1 and 602-2) | • Name of data field, numerical value, and percentage in fifth sentence of ¶ 17<br><br>• Numerical value contained in last full sentence of ¶ 102<br><br>• Names of data fields, numerical values, and percentages in ¶¶ 103-108 & n. 82<br><br>• Numerical value in first sentence of ¶ 155 | <u>Third party N.Y. Times's sealing request</u>: Constitutes commercially and competitively sensitive information, the divulgence of which would result in competitive harm to The Times. If made public, these figures and information could be used by The Times's competitors to derive insights about The Times's business operations/strategies and by current and prospective customers, vendors, and business partners of The Times to gain unfair advantages in negotiations and dealings with The Times. *See* ECF 604; Glogovsky Decl. (dated October 5, 2023) ¶ 7. | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

137

REV. [PROPOSED] ORDER RE
JOINT OMNIBUS SEALING MOTION
CASE NO. 4:21-CV-02155-YGR-VKD

1   **IT IS SO ORDERED.**

2

3   Dated: _____

_____

The Honorable Yvonne Gonzalez Rogers
UNITED STATES DISTRICT JUDGE

4

5

6   301605237

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cooley LLP
Attorneys at Law
San Francisco

138

Rev. [Proposed] Order Re
Joint Omnibus Sealing Motion
Case No. 4:21-cv-02155-YGR-VKD