<u>Via ECF</u>

April 19, 2024

**Magistrate Judge Virginia K. DeMarchi**
San Jose Courthouse
Courtroom 2 – 5th Floor
280 South 1st Street
San Jose, CA 95113

Re:   *In re Google RTB Consumer Privacy Litig.*, **No. 4:21-cv-02155-YGR-VKD (N.D. Cal.)**
      Joint Letter Brief re: Pending Discovery Disputes at ECF Nos. 660-661

Dear Magistrate Judge DeMarchi:

Pursuant to the Court's Interim Order Re: Pending Discovery Disputes dated April 5, 2024 (ECF No. 691), Plaintiffs and Defendant Google LLC ("Google") (collectively, the "Parties") submit this joint letter brief setting forth each party's position regarding the Court's resolution of the discovery disputes framed by the parties' joint letter briefing at ECF Nos. 660 and 661.

**I.   PLAINTIFFS' POSITION**

Plaintiffs propose that the Court defer ruling on the matters embraced by the parties' joint letter briefing with respect to Plaintiffs' Requests for Production Nos. 125-127 and 130-133 (ECF No. 660), and Plaintiffs Interrogatory No. 22 and Requests for Production Nos. 128-129 (ECF No. 661). These discovery items seek documents and information necessary to respond in merits reports to criticisms raised by Google regarding plaintiffs' damages experts' analyses of Google's revenue and costs, and data sharing as relevant to Google's reported revenues and costs, including information about user data hold-back experiments that Google conducted relevant to the impact data sharing has on those reported revenues and costs.

While the presiding judge has denied with prejudice plaintiffs' motion to certify a Rule 23(b)(3) damages class (*see* ECF No. 690 at 19-24), plaintiffs have filed a Rule 23(f) petition seeking appellate review of that decision by the Ninth Circuit. *Woodruff, et al. v. Google LLC*, Ninth Cir. Ct. of App., Case No. 24-2479. Additionally, plaintiffs expect to file a renewed motion for certification under Rule 23(b)(2), and are exploring whether to seek Rule 23(c)(4) certification in that renewed motion. A successful appeal, or Rule (c)(4) certification, would renew plaintiffs' desire to pursue the discovery embraced by ECF Nos. 660 and 661 for damages purposes. *See Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996) ("Rule 23 authorizes the district court in appropriate cases to isolate the common issues under Rule 23(c)(4)(A) and proceed with class treatment of these particular issues" with any individualized determinations, such as damages, to follow); *Kamakahi v. Am. Soc'y for Reprod. Med.*, 305 F.R.D. 164, 194 (N.D. Cal. 2015) (granting Rule 23(c)(4) certification to determine whether defendant's conduct violated the federal Sherman Antitrust Act, and bifurcating the issue of damages for later determination).

Accordingly, to preserve the resources of the parties and the Court, plaintiffs respectfully ask that the Court defer ruling on these matters until plaintiffs' Rule 23(f) petition is resolved or in the event Rule 23(c)(4) certification is granted. Plaintiffs propose that the Court set a status update deadline by which the parties will advise the Court as to the necessity for a ruling on the discovery disputes reflected in ECF Nos. 660 and 661, and whether, at that time, those disputes may be narrowed in scope.

## II.  GOOGLE'S POSITION

In meet and confer, Plaintiffs did not dispute that their motions to compel further damages discovery are mooted by the District Court's order denying certification of a damages class with prejudice. ECF 690 at 24. The Court should deny the motions on this basis alone.

None of Plaintiffs' requests has any plausible relevance to the remaining issues in the case:

1. **RFPs 125-26:** RTB revenue for *all* Google account holders subject to a U.S. TOS or with US IP addresses. ECF 659-2 at 1-2.

2. **RFPs 130-131:** Cost information "for calculating unjust enrichment." ECF 659-2 at 1-4.

3. **RFPs 127, 132, 133:** Information regarding internal bidders in the RTB auction, for "calculating unjust enrichment." ECF 659-2 at 1-4.

4. **RFPs 128, 129; Interrogatory 22:** Revenue experiments that Plaintiffs called "central" to their expert's "meta-analysis" supporting unjust enrichment.  ECF 659-3 at 2.

*First*, Plaintiffs do not need RTB revenue data for all Google account holders because damages of absent putative class members are no longer at issue and Plaintiffs have no standing to pursue them. *Second***,** Plaintiffs' remaining requests pertain to unjust enrichment damages, which they presented to "calculate[] Google's unjust enrichment profits . . .  on a ***class-wide basis***[.]" ECF No. 546 at 22-23 (emphasis added); *see also* ECF 546-6 at 8 ("unjust enrichment is an appropriate methodology" to calculate damages "related to the proposed Class"). As to costs and revenue experiments, Plaintiffs have consistently emphasized these issues are relevant to a damages methodology supporting ***classwide*** damages. *See* ECF 290-3 ("Plaintiffs are . . . seeking . . . costs . . . to calculate unjust enrichment"); ECF 171 at 4 (similar); ECF 290-3 at 2 (experiments "are needed by Plaintiffs' experts to calculate the portion of revenues attributable to personal information").  Likewise, Plaintiffs sought information regarding "internal bidders" in the RTB auction only to "respond to claims made in the Rebuttal Report of Google's [damages] expert Deal[.]"  ECF 659-2 at 3. But as the Court recognized in denying Plaintiffs' *Daubert* motion challenging it, that report is moot.  ECF 690 at 4 n.4.

The Court should not defer its decision based on Plaintiffs' request for discretionary review that the Ninth Circuit rarely grants. In the unlikely event their Rule 23(f) petition is granted, Plaintiffs prevail on appeal, and further proceedings render these damages issues potentially relevant, the parties can discuss whether the pending motions should be renewed.

**III.    NECESSITY OF A HEARING**

    **A.    Plaintiffs' Position**

In light of plaintiffs' position that resolution of the discovery disputes reflected in in ECF Nos. 660 and 661 should be deferred, plaintiffs do not believe there is any need for a hearing on these matters at this time.

    **B.    Google's Position**

Google does not believe there is any need for a hearing on these matters at this time.

**IV.    DISCOVERY CUT-OFFS**

The deadline to complete fact discovery expired on January 19, 2024. *See* ECF 530, 534. The district court has scheduled a further case management conference for May 6, 2024. *See* ECF No. 692.

**V.    COMPLIANCE WITH MEET AND CONFER REQUIREMENT**

The Parties met and conferred on April 16, 2024 via Zoom. On plaintiffs' side, Elizabeth Pritzker, Jonathan Levine and Caroline Corbitt of Pritzker Levine LLP, and Brian Danitz of Cotchett, Pitre & McCarthy LLP attended. On Google's side, Aarti Reddy and Reece Trevor of Cooley LLP attended.

Dated: April 19, 2024

**PRITZKER LEVINE LLP**

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (SBN 146267)
Jonathan K. Levine (SBN 220289)
Bethany Caracuzzo (SBN 190687)
Caroline Corbitt (SBN 305492)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
bc@pritzkerlevine.com
ccc@pritzkerlevine.com

*Interim Class Counsel*

Dated: April 19, 2024

**COTCHETT, PITRE & McCARTHY LLP**

By: */s/ Brian Danitz*

|  |  |
|---|---|
|  | Nanci E. Nishimura (SBN 152621)<br>Brian Danitz (SBN 247403)<br>Karin B. Swope (admitted pro hac vice)<br>Andrew F. Kirtley (SBN 328023)<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>Tel.: (650) 697-6000<br>Fax: (650) 697-0577<br>nnishimura@cpmlegal.com<br>bdanitz@cpmlegal.com<br>kswope@cpmlegal.com<br>akirtley@cpmlegal.com<br><br>*Counsel for Plaintiffs and the Proposed Class* |
| Dated: April 19, 2024 | **COOLEY LLP**<br><br>By: */s/ Aarti Reddy*<br>Michael G. Rhodes<br>Whitty Somvichian<br>Aarti Reddy<br>Reece Trevor<br>Anupam S. Dhillon<br>3 Embarcadero Center, 20th floor<br>San Francisco, CA 94111-4004<br>Tel.: 415-693-2000<br>Fax: 415-693-2222<br>rhodesmg@cooley.com<br>wsomvichian@cooley.com<br>areddy@cooley.com<br>rtrevor@cooley.com<br>adhillon@cooley.com<br><br>Robby L.R. Saldaña<br>Khary J. Anderson<br>1299 Pennsylvania Avenue NW, Suite 700<br>Washington, DC 20004-2400<br>Tel.: 202-776-2109<br>Fax: 202-842-7899<br>rsaldana@cooley.com<br>kjanderson@cooley.com<br><br>***Attorneys for Defendant GOOGLE LLC*** |

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, Elizabeth C. Pritzker, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of April, 2024, at Emeryville, California.

*/s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker