**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 994607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
ejohnson@simmonsfirm.com

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
Corban Rhodes (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
dstraite@dicellolevitt.com
crhodes@dicellolevitt.com

Amy Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn St., 6th Floor
Chicago, IL 60602
Tel.: (312) 214-7900
akeller@dicellolevitt.com
aprom@dicellolevitt.com
scruz@dicellolevitt.com

Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**PLAINTIFFS' STATEMENT PURSUANT TO COURT ORDER (DKT. 684)**<br><br>Referral: Honorable Susan van Keulen |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1  Pursuant to the Court's June 3, 2022 Order (Dkt. 684), Plaintiffs submit this Statement regarding Google's refusal to prepare its 30(b)(6) designee, Katie Lewinski.

Ms. Lewinski was designated on Topic 1(a) (see **Ex. A**, Deposition Notice): ███████████████████████████████████████████████████████████████████ In order to avoid non-answers, Plaintiffs provided specific items of inquiry four days in advance of the 30(b)(6) deposition, with the understanding that Google's designee would then come prepared to testify. *See* **Ex. B**. Rather than prepare its designee, Google instead sought to obstruct testimony, asserting a conclusory "███████" written objection to the advance topics, and attempting to limit Plaintiffs' inquiry to just ███████████████████████████████████████. Google's conduct seeks to unravel the parties' agreement with respect to the 30(b)(6) depositions, and to impede relevant testimony.

Topic 1(a) is not limited only to documents identified by Google (see **Ex. A** at 4). The sub-topics provided in advance, and questions posed to Ms. Lewinski, were fairly within scope. For example, Plaintiffs sought testimony regarding the ██████████████████████████████ ████████████, but were stymied by Google's repeated objections of ██████████. *See, e.g.*, Lewinski Dep. at 10:9-13:11. Not only did Google impede this testimony with meritless objections, it also failed to prepare its designee, Ms. Lewinski, on the topics identified in advance. *See id.* at 24:17-28:7 (█████████████████████████████████████████████████████████████).

Even if the █████ were the sole focus of the deposition, the identified topics are still within scope. *See* **Ex. B** (████████████████████████████████████████████████████████████████ ████████████████████████████). Based on objections at the deposition, Google's position appears to be that an "in scope" question must be tied to a term on the face of the P&Ls. There is no basis for such restriction. The █████ total ███████████ and contain merely ██████████████ ████████████████████████████████████████████████. *See* Lewinski Dep. Exs. 1, 2. The ████████████████████████████████████████████████████████████████████████████████ ███████████████████████████████████. Plaintiffs are entitled to inquire as to all of these underlying issues, and attempted to do so. *See, e.g.*, Lewinski Dep. at 29:8-29:25 ████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████. Even when Plaintiffs' questions were specific to items on the face of the ██████, Google *still* ██████. For example, ██████████████████████████████ ████████████████████████████████████. *See id.* at 14:15-17:11. ██████████████████████ ████████████████████████████████████████████████████████████████████████████. *Id*.

After Ms. Lewinski's deposition, and in response to Plaintiffs' request for discovery briefing, Google argued ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████. *See* Dkt. 680 at 4. Not true. The referenced 30(b)(6) designee (Berntson) related to conduct that could impact ██████████ ████████████████████████████████████████████████████████████████████████████. Moreover, even if overlap existed, Plaintiffs are still entitled to explore those discovery issues with Ms. Lewinski. Google has named five corporate designees on Plaintiffs' 30(b)(b)(6) topics related to calculation of damages (e.g. revenue, valuation, profits and loss). Overlapping issues are therefore expected and ***must*** be explored. Plaintiffs must be able to examine how various testimonial evidence relates to one another to create a cohesive understanding of damages as a whole. Otherwise, any corporation can erect artificial discovery barriers by using multiple corporate designees.

**Relief Requested:** Plaintiffs request that Google be compelled to provide written responses to the items identified in advance (*see* **Ex. B**), including supporting documentation, calculations, and data where appropriate.

Respectfully submitted this 10th Day of June 2022.

| BLEICHMAR FONTI & AULD LLP | DICELLO LEVITT GUTZLER LLC |
|---|---|
| By: /s/ Lesley E. Weaver<br>Lesley Weaver (Cal. Bar No. 191305)<br>Angelica M. Ornelas (Cal. Bar No. 285929)<br>Joshua D. Samra (Cal. Bar No. 313050)<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>*lweaver@bfalaw.com*<br>*aornelas@bfalaw.com*<br>*jsamra@bfalaw.com* | By: /s/ David A. Straite<br>David A. Straite (admitted *pro hac vice*)<br>Corban Rhodes (admitted *pro hac vice*)<br>One Grand Central Place<br>60 E. 42nd Street, Suite 2400<br>New York, NY 10165<br>Tel.: (646) 993-1000<br>*dstraite@dicellolevitt.com*<br>*crhodes@dicellolevitt.com* |
| **SIMMONS HANLY CONROY LLC**<br><br>By: /s/ Jay Barnes<br>Jason 'Jay' Barnes (admitted *pro hac vice*)<br>An Truong (admitted *pro hac vice*)<br>Eric Johnson (admitted *pro hac vice*)<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Tel.: (212) 784-6400<br>Fax: (212) 213-5949<br>*jaybarnes@simmonsfirm.com*<br>*atruong@simmonsfirm.com*<br>*ejohnson@simmonsfirm.com* | Amy Keller (admitted *pro hac vice*)<br>Adam Prom (admitted *pro hac vice*)<br>Sharon Cruz (admitted *pro hac vice*)<br>Ten North Dearborn St., 6th Floor<br>Chicago, IL 60602<br>Tel.: (312) 214-7900<br>*akeller@dicellolevitt.com*<br>*aprom@dicellolevitt.com*<br>*scruz@dicellolevitt.com* |

*Counsel for Plaintiffs*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, Jay Barnes, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th Day of June, 2022, at Jefferson City, Missouri.

By  */s/ Jay Barnes*
   Jay Barnes

**CERTIFICATE OF SERVICE**

I, Jay Barnes, hereby certify that on June 10, 2022, I caused to be electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which will send electronic notification to all counsel of record. I also caused a copy of the under seal filings to be provided to counsel for Defendant via electronic mail.

*/s/ Jay Barnes*
Jay Barnes