| | |
|---|---|
| **PRITZKER LEVINE LLP**<br>Elizabeth C. Pritzker (SBN 146267)<br>1900 Powell Street, Suite 450<br>Emeryville, CA 94608<br>Tel.: (415) 692-0772<br>Fax: (415) 366-6110<br>*ecp@pritzkerlevine.com*<br><br>*Interim Class Counsel* | **COOLEY LLP**<br>Whitty Somvichian (SBN 194463)<br>3 Embarcadero Center, 20th Fl.<br>San Francisco, CA 94111-4004<br>Tel: (415) 693-2000<br>Fax: (415) 693-2222<br>*wsomvichian@cooley.com*<br><br>*Counsel for Defendant Google LLC* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *In re Google RTB Consumer Privacy Litigation,*<br><br>This Document relates to: *all actions*. | **CASE NO. 4:21-cv-02155-YGR-VKD**<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Date:** May 6, 2024<br>**Time:** 2:00 p.m.<br>**Courtroom: By videoconference** |

Plaintiffs in the above-entitled consolidated actions and Defendant Google LLC ("Google") (together, "Parties"), by and through their respective counsel of record, hereby jointly submit this Joint Case Management Conference Statement in connection with the May 6, 2024 Case Management Conference.

## 1. CURRENT PROCEDURAL POSTURE

On July 14, 2023, plaintiffs filed their motion for class certification under Federal Rule of Civil Procedure 23. *See* Dkt. Nos. 545-49. Following the completion of extensive briefing by the Parties (which also included *Daubert* motions by plaintiffs and Google), the Court heard argument on the motion on February 21, 2024.  On April 4, 2024, Court issued an order (i) denying without prejudice plaintiffs' motion to certify a Rule 23(b)(2) injunctive relief class, (ii) denying with prejudice plaintiffs' motion to certify a Rule 23(b)(3) damages class, (iii) granting in part and denying in part Google's *Daubert* motion to exclude the expert opinions of Professor Neil Richards, and (iv) denying without prejudice plaintiffs' *Daubert* motion to exclude the expert opinions of Bruce Deal. *See* Dkt. No. 690 (the "Order"). Because the Court denied plaintiffs' class certification motion without prejudice as to the Rule 23(b)(2) class, the Court did not rule on plaintiffs' motion for issue certification under Rule 23(c)(4). *Id*. at 8, fn. 5.

In denying class certification under Rule 23(b)(2), the Court held that "[t]hough plaintiffs meet many of the requirements of class certification under Rule 23(b)(2), the motion must be denied so that plaintiffs can address two unresolved issues: (1) whether the class, as defined, is fail safe and, if so, whether striking 'personal information' from the decision would result in an overbroad class; and (2) whether the RTB data produced thus far is representative of the class as a whole." Order at 2.

## 2. MOTIONS

### a. *Pending Motions*

Plaintiffs filed six discovery motions before Judge DeMarchi around the time of the fact discovery cut-off on January 19, 2024. *See* Dkt. Nos. 652, 660-664. On April 5, 2024, Judge DeMarchi issued an interim order addressing all these motions. *See* Dkt. No. 691.

With respect to the discovery motions at Dkt. No. 652 (Berntson Deposition Errata), Dkt. No. 662 (Plaintiffs' Interrogatory No. 23), and Dkt. No. 664 (Plaintiffs' Requests for Admission), the

interim order indicated that these motions would be resolved without a hearing. As of the date of this Statement, no orders have yet been issued.

With respect to the discovery motions at Dkt. No. 660 (Plaintiffs' Requests for Production Nos. 125-127, 130-133) and Dkt. No. 661 (Plaintiffs' Interrogatory No. 22 and Requests for Production Nos. 128-129), on April 19, 2024, the Parties advised Judge DeMarchi of their positions that the Court should either defer ruling on these motions pending further developments on class certification (plaintiffs' position) or deny the motions (Google's position). *See* Dkt. No. 695. As of the date of this Statement, no orders have yet been issued.

With respect to the discovery motion at Dkt. No. 663 (Plaintiffs' Request for Production No. 141), Google has agreed to produce certain data responsive to the RFP at issue in this motion, and the Parties are currently discussing the timing and specific nature of the data to be produced. The parties therefore stipulated to vacate the hearing on this motion, and Judge DeMarchi issued an order doing so. *See* Dkt. No. 698. Accordingly, the Parties propose in the case schedule that Google complete its production by no later than July 15, 2024. *See* Section 9, below. In the event there is a need to proceed with the motion or seek further clarification, the Parties will further update and advise the Court.

Plaintiffs' Motion for Contempt and Spoliation Sanctions re: Named Plaintiff Data also is pending before Judge DeMarchi. Dkt. Nos. 696-97. Google believes the motion is meritless and intends to file its opposition by May 17, 2024. A hearing on the motion is scheduled for June 18, 2024. Dkt. No. 702.

b. *Pending Petitions*

On April 4, 2024, plaintiffs submitted a Petition for Permission to Appeal Under Fed. R. Civ. P. 23(f) as to the Court's denial with prejudice of plaintiffs' motion to certify a damages class under Rule 23(b)(3). *See Woodruff, et al. v. Google LLC*, Ninth Circuit Dkt. No. 24-2479. Google opposes the Petition and has filed an Answer in the Ninth Circuit.

c. *Anticipated Motions*:

Plaintiffs' Position:

Following the receipt and analysis of the data responsive to Plaintiffs' Request for Production No. 141 from Google, plaintiffs, consistent with the Court's Order, will file supplemental briefing and/or a renewed motion for class certification under Rules 23(b)(2) to address the unresolved questions cited in the Court's Order, and the issue of whether 23(c)(4) certification is warranted. As part of that supplemental briefing, plaintiffs anticipate that one or more of their experts may submit a new report and expert analysis of the new data produced by Google responsive to RFP 141.

Plaintiffs may file other motions as appropriate.

Google's Position:

Google specifically notes that the Court has precluded plaintiffs from seeking to renew their motion to certify a damages class under Rule 23(b)(3) and that plaintiffs' renewed motion for certification as to Rule 23(b)(2) shall be limited to the issues the Court anticipated in its order denying class certification. Specifically, the Court directed the plaintiffs to address whether: (1) they can amend the class definition to avoid certification of a failsafe class; and (2) they can demonstrate that the RTB data produced for the named plaintiffs "is representative of the class as a whole." Dkt. 690 at 9, 16. Google presently anticipates opposing any renewed motion for class certification that plaintiffs may file, and that it may file *Daubert* motions or other motions challenging the evidence submitted in support of such a motion. Should the case proceed past the class certification stage, Google anticipates moving for summary judgment and filing additional pretrial motions as appropriate.

**3.    EVIDENCE PRESERVATION**

Plaintiffs' Position:

Plaintiffs' Motion for Contempt and Spoliation Sanctions re: Named Plaintiff Data contends that Google has not preserved important discovery relevant to this litigation. *See* Dkt. Nos. 696-97.

Google's Position:

Google disputes the allegations in plaintiff's motion for Contempt and Spoliation Sanctions re: Named Plaintiff Data and intends to oppose that motion and demonstrate that it has fully complied with all preservation obligations and that sanctions are unwarranted.

**4.    DISCOVERY**

Fact discovery concluded on January 19, 2024. However, the Parties are in the process of meeting and conferring regarding Google's anticipated production of data responsive to RFP 141. Additional discovery may also be produced by Google depending on how Judge DeMarchi rules on the other pending discovery matters discussed above.

## 5. RELATED CASES

In a June 24, 2021 Order (Dkt. No. 69), the Honorable Lucy Koh determined that this action is related to *Brown v. Google*, No. 20-CV-03664-LHK (N.D. Cal., filed June 2, 2020) and *Calhoun v. Google*, No. 20-CV-05146-LHK (N.D. Cal., filed July 27, 2020) pursuant to Civil Local Rule 3-12(b). The Parties are presently unaware of any other related- or potentially-related actions.

## 6. RELIEF

Plaintiffs' Statement:

Plaintiffs seek damages, declaratory relief, injunctive relief, as well as attorneys' fees and costs of suit.

Google's Statement:

Google reserves all rights, claims, and defenses available to it under the law, including to seek relief if appropriate. Google denies that plaintiffs are entitled to any relief whatsoever in connection with the causes of action pleaded in their Complaint, denies that plaintiffs are entitled to any class-wide damages in light of the Court's order denying certification of a Rule 23(b)(3) class, and denies that an injunctive relief class can be certified in this case.

## 7. SETTLEMENT AND ADR

The Parties have filed their ADR certifications. *See* Dkt. Nos. 64, 65. The Parties would be happy to discuss ADR at the Case Management Conference if requested by the Court, but remain of the belief that formal settlement discussions are premature prior to the resolution of class certification and plaintiffs' 23(f) Petition.

## 8. NARROWING OF ISSUES

At this time, the Parties are unaware of any further issues that can be narrowed by agreement.

## 9. SCHEDULING:

Subject to Court approval, the Parties jointly propose the following case schedule:

| EVENT | DATE |
|---|---|
| Google to complete its production of data in response to RFP 141 | **July 15, 2024** |
| Plaintiffs to file renewed motion for class certification | **September 13, 2024** |
| Google to file its opposition to renewed motion for class certification | **November 8, 2024** |
| Plaintiffs to file reply to renewed motion for class certification | **December 12, 2024** |
| Hearing on plaintiffs' renewed motion for class certification | **TBD** |
| Opening Merits Expert Reports | **January 31, 2025** |
| Rebuttal Expert Reports | **March 14, 2025** |
| Close of Expert Discovery | **April 11, 2025** |
| Deadline to file summary judgment/Daubert motions | **May 2, 2025** |
| Deadline to file oppositions to summary judgment/Daubert motions | **June 13, 2025** |
| Deadline to file replies to summary judgment/Daubert motions | **July 11, 2025** |
| Hearing on summary judgment/Daubert motions | **TBD** |
| Final Pretrial Conference | **TBD** |
| Trial | **TBD** |

**10.  TRIAL**

The Parties request that the Court set a trial date in light of the above proposed case schedule. Plaintiffs' trial estimate is 10 trial days, exclusive of jury selection. In light of the present posture of this case, Google cannot estimate the length of trial, which will depend on the scope of the case (if any) after the Court's ruling on plaintiffs' anticipated renewed motion for class certification and Google's anticipated motion for summary judgment.

**11.  PROFESSIONAL CONDUCT**

The Parties reconfirm that all attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**12.    OTHER MATTERS**

None.

Dated: April 29, 2024                                                           Respectfully submitted,

| PRITZKER LEVINE LLP | COOLEY LLP |
|---|---|
| By: */s/ Elizabeth C. Pritzker*<br>Elizabeth C. Pritzker (SBN 146267)<br>Jonathan K. Levine (SBN 220289)<br>Bethany Caracuzzo (SBN 190687)<br>Caroline Corbitt (SBN 305492)<br>1900 Powell Street, Suite 450<br>Emeryville, CA 94608<br>Tel.: (415) 692-0772<br>Fax: (415) 366-6110<br>ecp@pritzkerlevine.com<br>jkl@pritzkerlevine.com<br>bc@pritzkerlevine.com<br>ccc@pritzkerlevine.com<br><br>*Interim Class Counsel* | By: */s/ Whitty Somvichian*<br>Whitty Somvichian (SBN 194463)<br>Aarti G. Reddy (SBN 274889)<br>Reece Trevor (SBN 316685)<br>3 Embarcadero Center, 20th Fl.<br>San Francisco, CA 94111-4004<br>Tel: (415) 693-2000<br>Fax: (415) 693-2222<br>wsomvichian@cooley.com<br>areddy@cooley.com<br>rtrevor@cooley.com<br><br>*Counsel for Defendant Google LLC* |

**ATTESTATION**

I, Elizabeth C. Pritzker, attest that concurrence in the filing of this document has been obtained from the other signatories.  Executed on April 29, 2024 in Emeryville, California.

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker

302597914 v4