| | |
|---|---|
| COOLEY LLP | COOLEY LLP |
| MICHAEL G. RHODES (SBN 116127) | KHARY J. ANDERSON (DC No. 1671197) |
| (rhodesmg@cooley.com) | (kjanderson@cooley.com) |
| WHITTY SOMVICHIAN (SBN 194463) | (*Admitted pro hac vice*) |
| (wsomvichian@cooley.com) | 1299 Pennsylvania Avenue, NW, Suite 700 |
| AARTI REDDY (SBN 274889) | Washington, DC 20004-2400 |
| (areddy@cooley.com) | Telephone:   +1 202 842 7800 |
| KYLE C. WONG (SBN 224021) | Facsimile:    +1 202 842 7899 |
| (kwong@cooley.com) | |
| KELSEY R. SPECTOR (SBN 321488) | |
| (kspector@cooley.com) | |
| REECE TREVOR (SBN 316685) | |
| (rtrevor@cooley.com) | |
| ANUPAM DHILLON (SBN 324746) | |
| (adhillon@cooley.com) | |
| 3 Embarcadero Center, 20th Floor | |
| San Francisco, California  94111-4004 | |
| Telephone:    +1 415 693 2000 | |
| Facsimile:     +1 415 693 2222 | |

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, | Master File No. 4:21-cv-02155-YGR-VKD |
| | **GOOGLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (ECF NO. 696)** |
| This Document Relates to: *all actions* | |

GOOGLE'S RESPONSE TO
PLAINTIFFS' ADMIN. MOT. TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3), Google LLC ("Google") respectfully submits this Response ("Google's Response") to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 696), which was filed in connection with Plaintiffs' Motion for Contempt and Spoliation Sanctions Re Named Plaintiffs Data ("Plaintiffs' Motion") (ECF No. 697), the Declaration of Jonathan K. Levine in support of Plaintiffs' Motion ("Levine Declaration") (ECF No. 697-1), the accompanying Exhibit A to the Levine Declaration (ECF No. 697-2), and the Proposed Order Granting Plaintiffs' Motion ("Plaintiffs' Proposed Order") (ECF No. 697-3).

As set forth in this Response and in the accompanying Declaration of Whitty Somvichian ("Somvichian Decl."), the portions of these documents cited below contain highly sensitive, confidential, and proprietary information that Google designated as "Confidential" and/or "Highly Confidential—Attorneys' Eyes Only" pursuant to the terms of the Stipulated Protective Order, which the Court entered on June 3, 2021 (the "Protective Order") (ECF No. 59). Specifically, the cited portions of these documents contain information regarding the technical details of Google's internal logs and data systems, as well as descriptions of internal mechanisms related to the management and protection of user identifiers. This Court has consistently granted Google's prior requests to seal descriptions of and references to Google's internal logs and data systems. *See, e.g.*, ECF No. 540 (sealing portions of a letter brief containing technical details and account identifiers related to Google's highly sensitive data logs and data systems); ECF No. 531 (sealing discussion of Google's "technical details and identifiers related to highly sensitive data logs and data systems.").

Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below, as reflected in the Proposed Order attached hereto:

| Document | Text to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| Plaintiffs' Motion for Contempt and Spoliation Sanctions Re Named Plaintiffs | Portions highlighted at PDF pages 2, 6-8, 10-17, 19-20, 22 | Google |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO
PLAINTIFFS' ADMIN. MOT. TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

2

| | | |
|---|---|---|
| Data ("Plaintiffs' Motion") (ECF No. 696-4) | | |
| Levine Declaration (ECF No. 696-5) | Portions highlighted at PDF pages 2-5 | Google |
| Exhibit A to the Levine Declaration (ECF No. 696-6) | Portions highlighted at transcript pages 12:1-3; 12:7-10; 12:20-13:10; 13:12; 13:16-25; 15:1-6; 15:9-16; 89:4; 90:1-3; 223:4; 223: 8; 223:11; 223:12; 223:16-17; 223:23; 224:2-3; 224:17; 224:24; 225:1; 225:4-5; 225:11; 225:14; 225:17-18; 225:23; 225:24-25; 226:6; 226:8; 226:18; 226:22;  237:9-10; 238:1; 238:6; 238:11; 238:13-15. | Google |
| Plaintiffs' Proposed Order Granting Plaintiffs' Motion (ECF No. 696-7) | Portions highlighted at PDF pages 2-6 | Google |

## II.   LEGAL STANDARD

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

Briefing for a discovery motion is non-dispositive, and thus the good cause standard applies here. *See, e.g.*, ECF No. 453 ("The underlying discovery dispute does not address the merits of the parties' claims or defenses, and the Court therefore applies the 'good cause' standard of Rule 26(c)."); *see also Calhoun v. Google*, No. 20-cv-05146, ECF No. 327, at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."); *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-cv-02306, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("Because the sealing requests were made in conjunction with a non-dispositive discovery motion, a showing under the good cause standard will suffice."). The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S RESPONSE TO
PLAINTIFFS' ADMIN. MOT. TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

### III. GOOD CAUSE WARRANTS SEALING OF PORTIONS OF PLAINTIFFS' MOTION AND THE SUPPORTING DOCUMENTS

Google respectfully asks this Court to seal the cited portions of Plaintiffs' Motion, the Levine Declaration, Exhibit A to the Levine Declaration, and Plaintiffs' Proposed Order which reflect sensitive and technical details concerning Google's internal data logs, data systems, and mechanisms related to the protection of user identifiers.

As an initial matter, Google has narrowly tailored these sealing requests to encompass only the specific portions that qualify as confidential information and therefore do not "unduly limit[] public access." *ASUS Comput. Int'l v. Round Rock Research, LLC*, No. 12-cv-02099, 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014); *see also* Civ. L.R. 79-5(c).

Further, pursuant to the good cause standard, Google's sealing request is warranted. The information Google seeks to seal relate to highly sensitive data logs, data systems, and mechanisms related to the protection of user identifiers that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors. (Somvichian Decl. ¶¶ 3, 5.)   Public disclosure of this information would create a risk of cyber security threats and other risks as bad actors would have access to names of Google's logs or descriptions of particular data systems, and such access may make it easier for bad actors to piece together previously unconnectable facts.  (*Id*. ¶¶ 3, 5-6.)  In the same vein, third parties may seek to use this information to compromise Google's data sources, including data logs, internal data structures, and internal identifier systems in an attempt to improperly access user data or infer additional information about Google users that Google stores in those logs.  (*Id.* ¶¶ 3, 5-7.)

This Court has implicitly recognized these risks by **sealing similar information and descriptions of Google logs that Google seeks to seal here.**  *See* ECF No. 531 (granting Google's request, over Plaintiffs' objections, for sealing of joint letter briefs that described Google's data sources, including data logs, internal data structures, and internal identifier systems); ECF No. 384

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S RESPONSE TO
PLAINTIFFS' ADMIN. MOT. TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

(sealing documents containing technical details and identifiers related to Google's highly sensitive data logs and data systems); ECF No. 324 (sealing portions concerning Google's data signals, internal strategy, and business practices); ECF No. 186 (sealing descriptions of data sources). This Court's rulings are consistent with well-established precedent across this District, which confirm that courts regularly seal information relating to technical details about a company's internal data infrastructure. *See, e.g.*, *In re Google Inc. Gmail Litig.*, No. 13-md-02430, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing information about structures that Google has in place, and the order in which emails go through these structures, that "if made public Google contends could lead to a breach in the security" of Google's systems); *see also In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 3:18-md-02843, ECF No. 1082 (N.D. Cal. Dec. 6, 2022) (finding good cause to seal certain highly technical information related to the defendant's data systems); *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329, ECF No. 192, at 3–9 (N.D. Cal. May 3, 2017) (granting motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system). As another court observed, this information is vital to Google's commercial success, and is the sort of "sensitive, non-public, confidential, and proprietary business information" that courts routinely seal under the more stringent compelling reasons standard. *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020).

### IV. CONCLUSION

For the foregoing reasons, Google respectfully requests the Court seal the aforementioned portions of Plaintiffs' Motion, the Levine Declaration, Exhibit A to the Levine Declaration, and Plaintiffs' Proposed Order.

Dated: May 10, 2024

COOLEY LLP

By: */s/ Whitty Somvichian*
Whitty Somvichian

Attorney for Defendant
GOOGLE LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S RESPONSE TO
PLAINTIFFS' ADMIN. MOT. TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD