# EXHIBIT 2
# to the Declaration of
# W. Somvichian

**(REDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL)**

1  Elizabeth C. Pritzker (Cal. Bar No. 146267)
2  Jonathan K. Levine (Cal. Bar No. 220289)
   Bethany Caracuzzo (Cal. Bar No. 190687)
3  Caroline Corbitt (Cal Bar No. 305492)
   **PRITZKER LEVINE LLP**
4  1900 Powell Street, Suite 450
   Emeryville, CA 94608
5  Tel.: (415) 692-0772
   Fax: (415) 366-6110
6  *ecp@pritzkerlevine.com*
7  *jkl@pritzkerlevine.com*
   *bc@pritzkerlevine.com*
8  *ccc@pritzkerlevine.com*

9  *Interim Class Counsel*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* | **CASE NO. 4:21-CV-02155-YGR-VKD** |
| *This document applies to all actions.* | **DECLARATION OF JONATHAN K. LEVINE IN SUPPORT OF PLAINTIFFS' MOTION FOR CONTEMPT AND SPOLIATION SANCTIONS RE NAMED PLAINTIFF DATA**<br><br>Judge: Hon. Virginia K. DeMarchi<br>Date: May 28, 2024<br>Time: 10:00 am<br>Courtroom: 2, Fifth Floor |

Case No. 4:21-cv-02155-YGR-VKD
LEVINE DECL. ISO PLAINTIFFS' MOTION FOR CONTEMPT AND SANCTIONS

I, Jonathan K. Levine, declare and state as follows:

1. I am an attorney duly admitted to practice before this Court and a partner of Pritzker Levine LLP, one of law firms representing plaintiffs in this matter. I submit this declaration in support of plaintiffs' motion for contempt and sanctions under Fed. R. Civ. P. 16(f), 37(b) and 37(e), and Civil L.R. 37-4 for Google's willful violations of this Court's April 14, 2023 Order re Plaintiffs' Motion for Contempt and Sanctions ("April 14 Order") (ECFs 487, 488) and May 16, 2023 Order re Account Identifiers and Further Production of Named Plaintiffs' Data ("May 16 Order") (ECFs 510, 524), and for its willful failure to maintain and produce Biscotti IDs and ▮▮▮▮▮▮▮▮▮▮▮, even after this Court held that Biscotti IDs and ▮▮▮▮▮▮▮▮▮▮▮ were relevant and should be produced.

2. This case is brought on behalf of millions of U.S. Google account holders whose personal information Google shared and sold to hundreds of real time bidding ("RTB") auction participants around the world in trillions of RTB auctions during the Class Period. One of the ways plaintiffs can prove that the information shared and sold by Google in the RTB auctions was "personal information" is by showing that Google links or is reasonably capable of linking that information with account holders' Google accounts. Google does this through three key pieces of event-level log data: the GAIA ID (account id), the Biscotti ID (the encrypted Google User ID associated with a bid request) and the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

3. Plaintiffs served a document request ("RFP 42") on Google in May 2021, shortly after the litigation commenced, seeking production of information about the named plaintiffs that would include these three pieces of data. RFP 42 called for production of, among other things, bid request data associated with the named plaintiffs, their Google account data, and any identifiers and data associated with the named plaintiffs, their devices and their accounts (which would include the ▮▮▮▮▮▮▮▮▮▮▮ and any other joining keys associated with the named plaintiffs). RFP 42 should have put Google on notice that it was required to maintain Biscotti IDs and ▮▮▮▮▮▮▮▮▮ for the named plaintiffs as of May 2021, at the latest.

4.  Google has a ▮▮▮ retention period for the ▮▮▮▮▮▮▮▮, according to the testimony of its corporate representative, Dr. Glenn Berntson. Attached hereto as **Exhibit A** is a true and correct copy of relevant excerpts from the October 30, 2023 Rule 30(b)(6) deposition of Mr. Berntson. *See* Exhibit A at 238:7-15.

5.  Had Google stopped the deletion of ▮▮▮ in May 2021, when RFP 42 was served, Biscotti IDs and ▮▮▮▮▮▮▮▮ would have existed for the entire three-year period post-dating the filing of the litigation. But Google did not do that, and did not preserve the ▮▮▮▮ ▮▮▮▮▮▮ during the pendency of this lawsuit. *See* Ex. A at 226:21-227:4.

6.  Google's failure to maintain Biscotti IDs and ▮▮▮▮▮▮▮▮ during this litigation is contrary to Google's written representations to plaintiffs and the Court, wherein Google assured that it had "taken reasonable and proportionate steps to preserve evidence relevant to this litigation" and that with respect to "event-level log data beyond Google's standard retention periods . . . such data and other documents and data relevant to this litigation have been preserved." ECF 296 (Joint CMCS) at 6. *See also* Joint Case Management Conference Statements filed at ECF 69 at 7; ECF 82 at 7; ECF 112 at 3; ECF 146 at 5-6.

7.  During the pendency of this litigation, Google has consistently refused to produce ▮▮▮▮▮▮▮▮ and Biscotti IDs, even after they were specifically requested by plaintiffs, and even when that production would have been limited to the then eight weeks of sampled named plaintiff data that Google was producing.

8.  After extensive meet and confers between counsel failed to reach a compromise with respect to the named plaintiff data, in July 2022, plaintiffs moved to compel the production of, among other things, data fields that would have included the Biscotti IDs and ▮▮▮▮▮▮. In its opposition, Google told the Court that this data was irrelevant, too burdensome to produce, and that there were more efficient ways to conduct this discovery. *See* ECF 269 (joint letter brief) at 5. None of these contentions by Google were true, but they were sufficient to persuade the Court at that time to deny plaintiffs' motion as to the ▮▮▮▮▮▮. *See* ECF 314 (Aug. 26, 2022 Order) at 4-5.

9.  At no time during the extensive meet and confers between counsel or in the briefing before the Court did Google inform plaintiffs or the Court that it had not suspended its ▮▮▮

retention period for the ▇▇▇ and was routinely destroying that data after ▇▇▇.

10.   On April 14, 2023, the Court issued two discovery orders. In the first order (the April 14 Order), the Court ordered Google to produce additional data fields, including the GAIA ID, Google User ID (known internally at Google as the Biscotti ID), and joining key data (which would include the ▇▇▇), for all prior and future productions of named plaintiff data. ECF 487 at 7. The Court also ordered Google to make sure that "all of its productions of named plaintiff data can be easily correlated, and it must include the fields necessary to accomplish that result." *Id*. In the second April 14, 2023 Order, the Court allowed plaintiffs to select six additional weeks for which Google would be required to produce named plaintiff data. ECF 484 (Order re Discovery Dispute re Time Sampling) at 2.

11.   Thus, as of April 14, 2023, Google was on notice that (i) it was required to produce GAIA IDs, Biscotti IDs and joining keys (including ▇▇▇) for all prior and future productions of named plaintiff data in a manner that allowed them to be easily correlated, and (ii) plaintiffs were entitled to six more weeks of named plaintiff data.

12.   On November 17, 2023, plaintiffs requested that Google produce four additional weeks of named plaintiff data from 2023 pursuant to the Court's April 14, 2023 Order (ECF 484). The four weeks requested were January 7-14, March 18-25, June 2-9, and September 30-October 7, 2023.

13.   Had Google stopped destroying ▇▇▇ when the April 14, 2023 Orders were issued, Google would have had this data (and the related Biscotti IDs) for the March 18-25, June 2-9, and Sept. 30-October 7 dates. And for the last set of dates (Sept. 30-Oct. 7), Google should have had ▇▇▇ and Biscotti IDs for this week no matter what, since at the time it was requested in November 2023, this was well within the ▇▇▇ retention period for that data.

14.   Google did not respond to plaintiffs' November 17 request in November or December 2023.

15.   On January 4, 2024, plaintiffs again asked for a response from Google and Google

1  again failed to respond.

2  16. On January 10, 2024, plaintiffs told Google that if it did not respond by the next day,
3  plaintiffs would seek relief from the Court.

4  17. On January 11, 2024, almost two months after plaintiffs' request and just as the ▮
5  ▮ look-back window had run on the ▮▮▮▮ preservation period, Google finally responded.
6  In its response, Google agreed to produce named plaintiff data for the four weeks in 2023 that
7  plaintiffs had requested. With respect to the Biscotti IDs and joining keys (including ▮▮
8  ▮▮▮▮▮ Google refused to produce this data, claiming that Google did not know what joining
9  keys plaintiffs were requesting or why this information was necessary to prosecute plaintiffs' claims.

10 18. On January 12, 2024, plaintiffs asked Google to confirm whether the ▮▮▮▮
11 ▮▮▮▮ but Google was refusing to produce them (as Google's letter indicated) or whether the
12 ▮▮▮▮▮▮▮.

13 19. It took Google another six weeks, until February 28, 2024, to respond, in which it
14 finally admitted that Google was not producing Biscotti IDs and ▮▮▮▮▮▮ (or any other
15 joining keys) for the ▮▮▮▮ because by the time Google produced the ▮▮▮▮▮
16 ▮▮▮▮▮▮▮▮▮▮▮▮.

17 20. Over the past year, plaintiffs have had extensive meet and confers with Google about
18 the Biscotti IDs and ▮▮▮▮▮▮. Those meet and confers were unsuccessful in either
19 getting Google to produce the data requested or even maintain that data while the disputes were being
20 litigated and resolved by the Court. At no time has Google offered to mitigate or find some other way
21 to get plaintiffs the data they are entitled to under the Court's April 14 and May 16 Orders.

22 I declare under penalty of perjury under the laws of the United States and the State of
23 California that the foregoing is true and correct to the best of my knowledge. This declaration was
24 executed in Emeryville, California on the 19th day of April, 2024.

25
26                                              By: */s/ Jonathan K. Levine*
27
28

4    Case No. 4:21-cv-02155-YGR-VKD
LEVINE DECL. ISO PLAINTIFFS' MOTION FOR CONTEMPT AND SANCTIONS