# EXHIBIT 4
# to the Declaration of
# W. Somvichian

## (REDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL)

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* | **CASE NO. 4:21-CV-02155-YGR-VDK** |
| *This document applies to all actions.* | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CONTEMPT AND SPOLIATION SANCTIONS RE NAMED PLAINTIFF DATA** |

1	Currently pending is plaintiffs' motion to hold defendant Google LLC in contempt and to be
2	sanctioned for violation of the Court's April 14, 2023 Order re Plaintiffs' Motion for Contempt and
3	Sanctions (Dkt. No. 487) and May 16, 2023 Order re Account Identifiers and Further Production of
4	Named Plaintiffs' Data (Dkt. No. 510), and failure to maintain relevant ▮▮▮▮▮▮▮▮▮▮
5	after the Court held those joining keys to be relevant and after plaintiffs specifically requested that
6	they be produced. Plaintiffs further contend that because the ▮▮▮▮▮▮▮▮▮▮ were not
7	preserved, Google also could not produce to plaintiffs the related unencrypted Biscotti IDs that were
8	also ordered to be produced in the Court's May 16, 2023 Order. Plaintiffs' motion is brought
9	pursuant to Federal Rules of Civil Procedure 16(f), 37(b) and 37(e), Civil Local Rule 37-4, and this
10	Court's inherent authority. Google opposes the motion.

11	On February 28, 2023, plaintiffs moved for sanctions against Google for its failure to
12	produce "verticals" data pertaining to the named plaintiffs, claiming that this violated two prior
13	Court orders. Dkt. No. 431. As part of their motion, plaintiffs argued that Google had intentionally
14	stripped certain identifying fields and "joining keys" from its productions of 2021 and 2022 named
15	plaintiff data, and specifically identified the Google User ID (internally called the Biscotti ID at
16	Google) and ▮▮▮▮▮▮▮▮▮▮ as an example of what was missing. *See* Dkt. No. 431 at 5;
17	Dkt. No. 457 at 8-9. Google opposed the motion, but did not disclose to the Court or plaintiffs that
18	the joining keys plaintiffs sought no longer existed for 2021 or 2022 data. *See* Dkt. No. 447-2.

19	On April 14, 2023, the Court denied plaintiffs' sanctions motion, but ordered Google to
20	makes sure "that all of its productions of named plaintiffs data can be easily correlated, and it must
21	include the fields necessary to accomplish that result. During the hearing, Google acknowledged
22	that it could include the Google Account ID, Google User ID, and "joining keys" without undue
23	burden, and the Court expects that it will do so, including remedying its prior productions that omit
24	this information" Dkt. No. 487 at 7. That same day, the Court also issued another order allowing
25	plaintiffs to select six additional weeks for which Google would be required to produce named
26	plaintiff data. Dkt. No. 484 at 2. In light of the two April 14, 2023 Orders, Google was on notice
27	that it was required to produce Google User IDs and joining keys (including ▮▮▮▮▮▮▮▮
28	▮▮▮▮ for all prior and future productions of named plaintiff data, and that plaintiffs were entitled to

Case No. 4:21-cv-02155-YGR-VKD
[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR SANCTIONS

1    six more weeks of named plaintiff data.

2    As of the date of the two April 14, 2023 Orders, Google had ▓▓▓▓▓▓▓▓▓▓▓▓▓ going
3    back ▓▓▓▓▓ or to about January 14, 2023. Levine Decl., ¶¶ 4, 12-13. In response to the April 14,
4    2023 Orders, Google appears to have taken no steps to stop the deletion of the ▓▓▓▓▓▓▓▓▓▓
5    ▓▓ after the ▓▓▓▓▓ retention period had elapsed, but did not disclose this to plaintiffs until almost
6    a year later. *Id.*, ¶¶ 5, 19.

7    In meet and confer discussions between the parties following the Court's April 14, 2023
8    Orders, Google again refused to produce Google User IDs or joining keys for either past or future
9    productions of named plaintiff data. *See* Dkt. No. 502-3. On May 8, 2023, plaintiffs moved to
10   compel Google to produce Biscotti IDs and joining keys, including specifically the ▓▓▓▓▓▓
11   ▓▓▓▓▓▓▓▓▓▓. *Id.* at 3. Plaintiffs specifically identified the ▓▓▓▓▓▓▓▓▓▓▓▓▓ by name and
12   cited internal Google documents discussing those keys. In its opposition, Google claimed not to
13   know what joining keys plaintiffs were seeking. *Id.* at 5. At no time during the meet and confer
14   discussions or in the briefing to the Court did Google disclosed to the Court or plaintiffs that it was
15   not maintaining, and in fact already had destroyed, the ▓▓▓▓▓▓▓▓▓▓▓▓▓ plaintiffs were
16   seeking for prior productions of named plaintiff data from 2021 and 2022. Levine Decl., ¶ 9. Nor
17   did it disclose that as a result of the destruction of the ▓▓▓▓▓▓▓▓▓▓▓▓▓, Google would be
18   unable to produce unencrypted Biscotti IDs either.

19   On May 16, 2023, the Court held a hearing on plaintiffs' motion to compel. During the
20   hearing, Google's counsel admitted for the first time that the joining keys plaintiffs sought ▓▓▓▓▓
21   existed for the ▓▓▓▓▓▓▓▓▓ productions of named plaintiff data. Dkt. No. 512 at 34-35, 67. The
22   Court thereafter issued an order on the motion, memorializing that Google ▓▓▓▓▓▓ had any joining
23   keys to produce for the named plaintiff data ▓▓▓▓▓▓▓▓▓▓▓▓. Dkt. No. 510 at 2-3. But the
24   Court's May 16 Order did not excuse Google from maintaining joining keys on a going forward
25   basis, as this was addressed in the Court's earlier April 14, 2023 Order (Dkt. No. 487). The May 16
26   Order also ordered Google to produce Biscotti IDs for all named plaintiff productions and, if Biscotti
27   ID data could not be produced, to provide a reasonable alternative for the production of the same or
28   similar information. *Id.*

On May 24, 2024, Google advised the Court that it would be able to produce encrypted Biscotti IDs, where available, for the 2021 and 2022 named plaintiff data productions, but offered no other alternative to providing plaintiffs with unencrypted Biscotti IDs. Dkt. No. 528-2. In response to the May 16, 2023 Order, Google appears to have taken no steps to stop the deletion of the ███████████████ after the ██████ retention period had elapsed, even though these keys are necessary for Google to be able to produce unencrypted Biscotti IDs to plaintiffs.

On November 17, 2023, plaintiffs requested that Google produce four additional weeks of named plaintiff data from 2023 (Jan. 7-14, March 18-25, June 2-9, Sept. 30-Oct. 7) pursuant to the Court's April 14, 2023 Order (Dkt. No. 484). Levine Decl., ¶ 12. Had Google stopped destroying ███████████████ when the April 14, 2023 Orders were issued, as it should have, Google would have had unencrypted Biscotti IDs and ███████████████ for the March 18-25, June 2-9, and Sept. 30-October 7 dates plaintiffs had requested. *Id.*, ¶ 13. And for the last week requested (Sept. 30-Oct. 7), Google should have had the unencrypted Biscotti IDs and ███████████████ for this week no matter what, since at the time it was requested in November 2023, this was well within the ██████ retention period for that data. *Id.*

Google did not respond to plaintiffs' November 17 request for 2023 named plaintiff data in November or December 2023. Levine Decl., ¶ 14. On January 11, 2024, almost two months after plaintiffs' request, Google finally responded. *Id.*, ¶ 17. In its response, Google agreed to produce named plaintiff data for the four weeks in 2023 that plaintiffs had requested, but as for the Biscotti IDs and joining keys, Google again refused to produce this data, claiming that it did not know what data plaintiffs were requesting or why this information was necessary to prosecute plaintiffs' claims. *Id.*

On January 12, 2024, plaintiffs asked Google to confirm whether the joining keys for 2023 existed but Google was refusing to produce them (as Google's letter indicated) or whether the keys no longer existed. Levine Decl., ¶ 18. It took Google six weeks, until February 28, 2024, to finally admit that it was not producing the unencrypted Biscotti IDs or ███████████████ (or any other joining keys) for the 2023 dates plaintiffs had requested because ███████████████ existed by the time Google produced the 2023 named plaintiff data on February 9, 2024. *Id.*, ¶ 19.

|   |   |
|---|---|
| 1 | Google thus never stopped deleting ███████████ after the Court's April 14 and |
| 2 | May 16, 2023 Orders or even after plaintiffs requested the Biscotti IDs and joining keys for four |
| 3 | weeks in 2023, and then appears to have intentionally dragged out the meet and confer process for |
| 4 | more than ██████ to ensure that when the named plaintiff data was finally produced in February |
| 5 | 2024 and Google finally responded to plaintiffs about this data, the response was that the data ██ |
| 6 | ████████████████████████████. But this is so only because Google failed to stop destroying |
| 7 | joining keys the Court already had ordered to be produced and that plaintiffs already had specifically |
| 8 | requested, particularly with respect to the Sept. 30-Oct. 7, 2023 week, which was well within the |
| 9 | ██████ retention period at the time plaintiffs requested the data. |
| 10 | Based on the briefing submitted by the parties, the Court finds that Google's failure to stop |
| 11 | the routine deletion of the ███████████████ after ████████ in light of the Court's April 14 and |
| 12 | May 16, 2023 Orders was inexcusable and Google has not provided any legitimate reason why it |
| 13 | failed to do. The Court finds that Google has not complied with either the April 14 or May 16 |
| 14 | discovery orders as they pertain to the production of Biscotti IDs and ███████████████ for |
| 15 | the 2023 named plaintiff production, and Google has no legitimate excuse for not complying. |
| 16 | When a party violates a discovery order, Rule 37(b)(2)(A) authorizes a variety of sanctions, |
| 17 | including holding a party in contempt of court for failing to obey a court order. Fed. R. Civ. P. |
| 18 | 37(b)(2)(A)(vii).  Sanctions are also available under Rule 16(f)(l), which provides that a "court may |
| 19 | issue any just orders ... if a party or its counsel . . . fails to obey a scheduling or other pretrial order." |
| 20 | Fed. R. Civ. P. 16(f)(l)(C). Rule 16 is "broadly remedial and its purpose is to encourage forceful |
| 21 | judicial management." *Cato v. Fresno City*, 234 F.3d 1276, 1276 (9th Cir. 2000) (citation omitted). |
| 22 | A court may order sanctions under Rule 16 for violation of an order where "[d]isregard of the order |
| 23 | would undermine the court's ability to control its docket, disrupt the agreed-upon course of the |
| 24 | litigation, and reward the indolent and the cavalier." *Johnson v. lvlammoth Recreations, Inc.,* 975 |
| 25 | F.2d 604,610 (9th Cir. 1992). |
| 26 | When a party fails to take reasonable steps to preserve electronically stored information that |
| 27 | should have been preserved in the conduct of litigation, and it cannot be restored or replaced through |
| 28 | additional discovery, the Court, upon a finding that the party acted with the intent to deprive another |

party of the information's use in the litigation, may presume that the lost information was unfavorable to the party or instruct the jury that it may or must presume the information was unfavorable to the party. Fed. R. Civ. P. 37(e).

Additionally, "discovery misconduct may be punished under the court's 'inherent powers' to manage its affairs." *Guifu Li v. A Perfect Day Franchise, Inc*, 281 F.R.D. 373, 396 (N.D. Cal. 2012) (quoting *Unigard Sec. Ins. Co. v. Lakewood Eng. Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992)). That inherent power embraces all the sanctions available under Rule 37. As the case law notes, sanctions under the inherent power are analyzed using the same test as those under Rule 37. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006); *see also Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 n.4 (9th Cir. 1990) (making use of cases involving Rule 37 and the inherent power "interchangeably"). The Court also may take general deterrence into account in imposing sanctions. That is because one of the objectives of discovery sanctions is "generally deterring flagrant disobedience and callous disregard of court discovery orders." *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1370 (9th Cir. 1980) (citing *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam)).

Under the foregoing authorities, the Court finds that Google has engaged in discovery abuse and failed to comply with the Court's April 14 and May 16 Orders. In the April 14 Order, the Court directed Google to produce GAIA IDs, Google User IDs (Biscotti IDs) and joining key data for all past and future productions of named plaintiff data. *See* Dkt. No. 487 at 7 ("Google must take care that all of its productions of named plaintiff data can be easily correlated, and it must include the fields necessary to accomplish this result. During the hearing, Google acknowledged that it could include the Google Account ID, Google User ID, and "joining keys" without undue burden, and the Court expects that it will do so, including remedying its prior productions that omit this information"). In the May 16 Order, the Court again emphasized the importance of the joining keys in ████████████████████████████████████████ and instructed Google to investigate whether Biscotti IDs could be produced together with GAIA IDs for all named plaintiff data, and if not, to work with plaintiffs to determine whether "any reasonable alternatives exist for the production of the same or similar information." Dkt. No. 510 at 2-3.

1       Google did not comply with the April 14 and May 16 Orders with respect to either the
2  Biscotti IDs or the joining keys. It failed to retain and thus destroyed joining keys during 2023. This
3  ensured that it would not have to produce Biscotti IDs and joining keys for its 2023 production of
4  named plaintiff data. And, Google never worked with plaintiffs to determine whether other
5  alternatives existed to get plaintiffs the information they need for trial, as instructed by the Court.
6  The record also indicates that Google tried to hide its failure to preserve relevant electronically
7  stored information from plaintiffs and the Court, resulting in costly, time-consuming, and
8  unnecessary motion practice directed to the Biscotti IDs and joining keys. Google and its counsel
9  forced plaintiffs into months of meet and confer negotiations over discovery that Google and its
10 counsel knew no longer existed. Google and its counsel took a cavalier attitude to their ethical
11 disclosure obligations to opposing counsel, which the Court also takes into consideration in
12 determining to hold Google in contempt.

13      Google's conduct is willful and knowing. Google should have stopped destroying joining
14 keys after the Court's April 14 Order that specifically directed Google to produce such data. Google
15 did not do so. This was a willful and knowing decision by Google not to comply at that point in
16 time. But, even if Google's actions were *not* willful, contempt sanctions would still be appropriate
17 here in light of Google' violation of the Court's orders. *See In re Dual-Deck Video Cassette*
18 *Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) ("Civil contempt in . . . consists of a
19 party's disobedience to a specific and definite court order by failure to take all reasonable steps
20 within the party's power to comply. The contempt need not be willful, and there is no good faith
21 exception to the requirement of obedience to a court order") (internal quotation omitted).

22       In addition to holding Google in contempt, the Court also imposes evidentiary sanctions
23 under Fed. R. Civ. P. 37(e) in the form of an order preventing Google from making any arguments
24 about plaintiffs' inability to link RTB bid request data with Google account information for signed-
25 out Google account holders in any summary judgment motion or at trial in this matter. Courts impose
26 evidentiary sanctions when monetary sanctions remain inadequate. *See Guifu Li v. A Perfect Day*
27 *Franchise, Inc.*, 2011 WL 3895118, at *3 (N.D. Cal. Aug. 29, 2011) (imposing evidentiary sanctions
28 to remedy prejudice of "information withheld from Plaintiffs [that] could very well bear on whether

or not Plaintiffs are able to establish commonality of issues across the putative class"). Here, monetary sanctions are plainly inadequate because relevant evidence necessary for plaintiffs' case has been spoliated. *See also Clear-View Tech., Inc., v. Rasnick*, 2015 WL 2251005 at *7-8 (evidentiary and monetary sanctions warranted given defendants' protracted and needless delays that frustrated discovery process); *Dong Ah Tire & Rubber Co., Ltd. v Glasforms, Inc.*, 2009 WL 1949124, *10 *adopted in part and modified in part* 2009 WL 2485556, *4 (N.D. Cal. Jul. 2, 2009) (evidentiary sanctions for failure to preserve evidence).

Finally, Google's spoliation of electronically stored evidence raises a presumption that the destroyed evidence goes to the merits of the case, and further, that such evidence was adverse to the party that destroyed it. Fed. R. Civ. P. 37(e). *See also, Phoceene Sous–Marine, S.A. v. U.S. Phosmarine, Inc.,* 682 F.2d 802, 806 (9th Cir. 1982); *Nat'l Ass'n of Radiation Survivors v. Turnage,* 115 F.R.D. 543, 557 (N.D. Cal. 1987) ("Where one party wrongfully denies another the evidence necessary to establish a fact in dispute, the court must draw the strongest allowable inferences in favor of the aggrieved party"). As a further sanction, the jury should be instructed that Google destroyed relevant joining key data and failed to produce Biscotti IDs in violation of Court orders and failed to disclose this in a timely manner, and that the jury may infer from Google's conduct that the evidence that Google failed to maintain and produce was not helpful to Google and would have been favorable to plaintiffs.

**IT IS SO ORDERED**

DATED: _____, 2024

_____
HON. VIRGINIA K. DEMARCHI
United States Magistrate Judge