COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
San Francisco, CA 94111-4004
Telephone:  +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:  +1 202 842 7800
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF GOOGLE'S OPPOSITION TO PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CONTEMPT AND SPOLIATION SANCTIONS RE NAMED-PLAINTIFF DATA** |

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(c), Google LLC ("Google") respectfully submits this Administrative Motion ("Motion") to Seal portions of Google's Opposition ("Google's Opposition") to Plaintiffs' Notice of Motion and Motion for Contempt and Spoliation Sanctions re Named-Plaintiff Data (ECF No. 697) and the accompanying Declaration of Miju Han in Support of Google's Opposition ("Han Declaration"), the Declaration of Whitty Somvichian in Support of Google's Opposition ("Somvichian Declaration"), and Exhibit B to the Somvichian Declaration, filed concurrently with this Motion.

As set forth below and in the accompanying Declaration of Whitty Somvichian ("Somvichian Sealing Declaration"), the cited portions of these documents contain highly sensitive, confidential, and proprietary information that Google designated as "Confidential" and/or "Highly Confidential—Attorneys' Eyes Only" pursuant to the terms of the parties' Stipulated Protective Order, which the Court entered on June 3, 2021 (the "Protective Order") (ECF No. 59). The Court has consistently granted Google's requests to seal the type of information cited below. *See, e.g.*, ECF No. 540 (sealing discussions regarding Google's internal dashboards, data logs, and data systems); ECF No. 531 (sealing information related to Google's "technical details and identifiers related to highly sensitive data logs and data systems."); ECF No. 384 (sealing descriptions of technical details regarding Google's internal logs and the identifiers contained therein).

Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below, as reflected in the Proposed Order attached hereto:

| Document | Text to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| Google's Opposition to Plaintiffs' Notice of Motion and Motion for Contempt and Spoliation Sanctions re Named-Plaintiff Data ("Google's Opposition") | Portions highlighted at pages 1-16 | Google |
| Declaration of Miju Han in Support of Google's Opposition | Portions highlighted at page 3 | Google |
| Declaration of Whitty Somvichian in Support of Google's Opposition ("Somvichian Declaration") | Portions highlighted at pages 2-6 | Google |

| Exhibit B to the Somvichian Declaration | Portions highlighted at page 2 | Google |

## II.   LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the information is "sealable"). Civ. L.R. 79-5(b).  Further the sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

Briefing for a discovery motion is non-dispositive, and thus the good cause standard applies here. *See, e.g.*, ECF No. 453 at 2 ("The underlying discovery dispute does not address the merits of the parties' claims or defenses and the Court therefore applies the 'good cause' standard of Rule 26(c)."); *Calhoun v. Google*, No. 20-cv-05146, ECF No. 327, at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."). The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

## III.   GOOD CAUSE WARRANTS SEALING PORTIONS OF GOOGLE'S OPPOSITION AND THE SUPPORTING DECLARATIONS AND EXHIBITS

Google respectfully asks this Court to seal certain portions of Google's Opposition and the accompanying Han Declaration, Somvichian Declaration, and Exhibit B to the Somvichian Declaration.  The portions of these documents identified above reflect highly sensitive, proprietary information concerning Google's internal data logs and data systems.

Pursuant to the good cause standard, Google's sealing request is warranted for several reasons. ***First***, the cited portions of these documents reflect highly sensitive and confidential information containing technical details and identifiers related to highly sensitive data logs and data systems that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors. (Somvichian Sealing Decl. ¶¶ 2, 4.) Specifically, this proprietary information contains confidential, technical details pertaining to Google's advertising products and their proprietary functionalities, data infrastructure, logs, and metrics. (*Id.*)

***Second***, public disclosure of documents that contain technical details and identifiers related to Google's highly sensitive data logs and data systems places Google at a risk of irreparable harm because such disclosure may reveal Google's internal strategies, system designs, and business practices for operating and maintaining many of its important proprietary services. (*Id.* ¶¶ 2, 4-6.) This creates a cybersecurity risk as third parties may seek to use this information to compromise Google's data sources, including data logs, internal data structures, and internal identifier systems. (*Id.* ¶¶ 2, 4-7.) Moreover, Google has narrowly tailored these sealing requests to encompass only the specific portions that qualify as confidential information and therefore do not "unduly limit[] public access." *ASUS Comput. Int'l v. Round Rock Research, LLC*, No. 12-cv-02099, 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014); *see also* Civ. L.R. 79-5(c).

This Court has already recognized the confidential nature of descriptions of Google's internal logs and identifiers and the risks posed by their disclosure. *See, e.g.*, ECF No. 531 (granting Google's request, over Plaintiffs' objections, for sealing descriptions of Google's data sources, including data logs, internal data structures, and internal identifier systems); ECF No. 384 (sealing technical details and identifiers related to Google's highly sensitive data logs and data systems); ECF No. 324 (sealing portions concerning Google's data signals, internal strategy, and business practices); ECF No. 186 (sealing descriptions of data sources).

This Court's rulings are consistent with other courts in this District that routinely seal references to data systems, logs, and technical details about a company's internal data infrastructure. *See, e.g.*, *In re Google Inc. Gmail Litig.*, No. 13-md-02430, 2013 WL 5366963, at

Cooley LLP
Attorneys at Law
San Francisco

4

Google's Admin. Motion to Seal
Case No. 4:21-cv-02155-YGR-VKD

*3 (N.D. Cal. Sept. 25, 2013) (sealing information that "if made public Google contends could lead to a breach in the security" of Google's systems); *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, ECF. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting request to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system). *See also In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 3:18-md-02843, ECF No. 1082 (N.D. Cal. Dec. 6, 2022) (good cause warranted to seal certain highly technical information related to the defendant's data systems). This information is vital to Google's commercial success, and is the sort of "sensitive, non-public, confidential, and proprietary business information" that courts routinely seal even under the more stringent compelling reasons standard. *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020).

## IV.   CONCLUSION

For the foregoing reasons, Google respectfully requests the Court seal the aforementioned portions of Google's Opposition, the Han Declaration, the Somvichian Declaration, and Exhibit B to the Somvichian Declaration.

Dated: May 17, 2024                           COOLEY LLP

By: */s/ Whitty Somvichian*
    Whitty Somvichian

Attorney for Defendant
GOOGLE LLC