COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**DECLARATION OF WHITTY SOMVICHIAN IN SUPPORT OF GOOGLE'S ADMINISTRATIVE MOTION TO SEAL GOOGLE'S OPPOSITION TO PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CONTEMPT AND SPOLIATION SANCTIONS RE NAMED-PLAINTIFF DATA** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEC. OF W. SOMVICHIAN ISO GOOGLE'S
ADMIN. MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

I, Whitty Somvichian, declare as follows:

1.  I am an attorney at the law firm of Cooley LLP and an attorney of record for Google LLC ("Google") in *In re Google RTB Consumer Privacy Litigation*, Case No. 4:21-cv-02155. I am licensed to practice law in the state of California and am admitted to practice before this Court. I submit this declaration in support of Google's Administrative Motion ("Motion") to Seal portions of Google's Opposition ("Google's Opposition") to Plaintiffs' Notice of Motion and Motion for Contempt and Spoliation Sanctions re Named-Plaintiff Data (ECF No. 697) and the accompanying Declaration of Miju Han in Support of Google's Opposition ("Han Declaration"), the Declaration of Whitty Somvichian in Support of Google's Opposition ("Somvichian Declaration"), and Exhibit B to the Somvichian Declaration, filed concurrently with this Motion. I submit this declaration pursuant to Local Rule 79-5.

2.  I understand that Google seeks to file certain portions of these documents under seal, and I have reviewed the documents that Google seeks to file under seal. The highlighted portions these documents identified below reflect confidential information disclosed in this matter. Based on my review and in consultation with my client, I understand that there is good cause to seal the following information:

| Document | Text to be Sealed | Basis for Sealing |
|---|---|---|
| Google's Opposition to Plaintiffs' Notice of Motion and Motion for Contempt and Spoliation Sanctions re Named-Plaintiff Data ("Google's Opposition") | Portions highlighted at pages 1-16 | I understand the information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including references and details related to Google's internal data systems, data infrastructure, and various types of Google's internal logs, as well as their proprietary functionalities and metrics, that Google maintains as confidential in the ordinary course of its business. This information is not generally known to the public or Google's competitors. Additionally, I understand such |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEC. OF W. SOMVICHIAN ISO GOOGLE'S
ADMIN. MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

|  |  | confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 59 at 3. It is my understanding that public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices, including its data structures and data sources, relating to competing products. |
|---|---|---|
| Declaration of Miju Han in Support of Google's Opposition | Portions highlighted at pages 3 | See above |
| Declaration of Whitty Somvichian in Support of Google's Opposition ("Somvichian Declaration") | Portions highlighted at pages 2-6 | See above |
| Exhibit B to the Somvichian Declaration | Portions highlighted at page 2 | See above |

3. Google does not seek to redact or file under seal any of the remaining portions of the Google's Opposition, the Han Declaration, the Somvichian Declaration, and Exhibit B to the Somvichian Declaration not indicated in the table above.

4. To the best of my knowledge, I understand that certain information in the documents cited in the table above contain references to and discussions of highly sensitive, confidential, proprietary, non-public internal infrastructure names and technical details regarding Google's internal data systems and data logs and associated with Google RTB, as well as their proprietary functionalities and metrics.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEC. OF W. SOMVICHIAN ISO GOOGLE'S
ADMIN. MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

**5.** If this technical and proprietary information is publicly disclosed, I understand that it will present serious risk of irreparable harm to Google, including cybersecurity risk, as third parties may seek to use this information to compromise Google's data sources, including its data logs, internal data structures, and internal identifier systems. It may also present irreparable harm to Google's users by exposing them to targeting by bad actors, who could use the information related to these confidential, internal names and data logs to infer information about Google users that Google stores in those logs.

**6.** I further understand that revealing this information publicly may reveal Google's internal strategies, system designs, and business practices for operating and maintaining many of its important proprietary services thus jeopardizing Google's competitive standing. In this way, public disclosure of this information would hurt Google's competitive standing that it has earned through years of innovation and careful deliberation.

**7.** Finally, I understand that disclosure of particular data logs and identifier systems may make it easier for bad actors to piece together previously unconnectable facts, should those bad actors gain access to other documents or information that reference the same proprietary logs, infrastructure, and systems.

**8.** The Court has consistently granted Google's sealing requests related to descriptions of Google's internal logs and data systems throughout this litigation. *See, e.g.*, ECF No. 540 (N.D. Cal. June 8, 2023) (sealing portions of a joint letter brief containing technical details and discussions related to Google's highly sensitive internal dashboards, data logs, and data systems); ECF No. 531 (N.D. Cal. May 26, 2023) (sealing discussion of Google's "technical details and identifiers related to highly sensitive data logs and data systems."); ECF No. 384 (N.D. Cal. Dec. 19, 2022) (sealing information regarding Google's internal logs and the identifiers contained therein).

**9.** Attached hereto as Exhibit 1 is a copy of Google's Opposition that highlights the specific information that Google seeks to maintain under seal.

**10.** Attached hereto as Exhibit 2 is a copy of the Han Declaration that highlights the specific information that Google seeks to maintain under seal.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEC. OF W. SOMVICHIAN ISO GOOGLE'S
ADMIN. MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

**11.** Attached hereto as Exhibit 3 is a copy of the Somvichian Declaration that highlights the specific information that Google seeks to maintain under seal.

**12.** Attached hereto as Exhibit 4 is a copy of Exhibit B to the Somvichian Declaration that highlights the specific information that Google seeks to maintain under seal.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 17, 2024 in San Francisco, California.

  /s/ Whitty Somvichian
Whitty Somvichian

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEC. OF W. SOMVICHIAN ISO GOOGLE'S
ADMIN. MOTION TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD