| | |
|---|---|
| COOLEY LLP<br>MICHAEL G. RHODES (SBN 116127)<br>(rhodesmg@cooley.com)<br>WHITTY SOMVICHIAN (SBN 194463)<br>(wsomvichian@cooley.com)<br>AARTI REDDY (SBN 274889)<br>(areddy@cooley.com)<br>KYLE C. WONG (SBN 224021)<br>(kwong@cooley.com)<br>KELSEY R. SPECTOR (SBN 321488)<br>(kspector@cooley.com)<br>REECE TREVOR (SBN 316685)<br>(rtrevor@cooley.com)<br>ANUPAM DHILLON (SBN 324746)<br>(adhillon@cooley.com)<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111-4004<br>Telephone:   +1 415 693 2000<br>Facsimile:   +1 415 693 2222 | COOLEY LLP<br>KHARY J. ANDERSON (DC No. 1671197)<br>(kjanderson@cooley.com)<br>(*Admitted pro hac vice*)<br>1299 Pennsylvania Avenue, NW, Suite 700<br>Washington, DC 20004-2400<br>Telephone:   +1 202 842 7800<br>Facsimile:   +1 202 842 7899 |

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**DECLARATION OF WHITTY SOMVICHIAN IN SUPPORT OF GOOGLE'S OPPOSITION TO PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CONTEMPT AND SPOLIATION SANCTIONS RE NAMED-PLAINTIFF DATA**<br><br>**(REDACTED) VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEC. OF W. SOMVICHIAN ISO GOOGLE'S OPP. TO
PLFS' SPOLIATION SANCTIONS MTN
CASE NO. 4:21-CV-02155-YGR-VKD

I, Whitty Somvichian, declare as follows:

1. I am an attorney at the law firm of Cooley LLP and an attorney of record for Google LLC ("Google") in *In re Google RTB Consumer Privacy Litigation*, Case No. 4:21-cv-02155. I am licensed to practice law in the state of California and am admitted to practice before this Court. The matters set forth herein are based on my own knowledge, and if called as a witness to testify, I could and would testify competently to those matters. I submit this declaration in support of Google's Opposition to Plaintiffs' Notice of Motion and Motion for Contempt and Spoliation Sanctions Regarding Named-Plaintiff Data (the "Motion"), filed concurrently herewith.

2. On May 17, 2021, Plaintiffs served Request for Production No. 42 ("RFP 42") on Google, seeking "all information that Google has collected, created, associated, and derived and continues to collect, create, associate and derive, regarding Plaintiffs." In its June 22, 2021 response, Google objected on multiple grounds but ultimately agreed to conduct a reasonable search and produce any documents "showing what information, if any, that Google's systems directly associate with the identifiers Plaintiffs have provided or will provide to Google, and was shared with third parties utilizing RTB." A true and correct copy of Google's responses to Plaintiffs' RFP 42 is attached as **Exhibit A**.

3. During the meet and confer and subsequent briefing on Google's response to RFP 42, Plaintiffs did not object to Google's proposal to limit its search for data based on "the identifiers Plaintiffs have provided or will provide to Google." Instead, Plaintiffs challenged the scope of data, insisting they were entitled to information that went far beyond what was shared through RTB.

4. In the Court's order on Plaintiffs' motion to compel data responsive to RFP 42, the Court held that Plaintiffs were not "entitled to discovery of all information Google maintains about an account holder." ECF No. 314 at 4–5.

5. Nevertheless, Plaintiffs continued to seek additional named-Plaintiff data, including beyond what the Court ordered. Specifically, Plaintiffs wrote to Google demanding that Google produce data from sixteen data logs, including ten "▮▮▮▮▮▮" logs.

6. In response, Google explained that it was searching the logs that are the best proxy for information sent to RTB participants in bid requests and would produce the data associated with

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEC. OF W. SOMVICHIAN ISO GOOGLE'S OPP. TO
PLFS' SPOLIATION SANCTIONS MTN
CASE NO. 4:21-CV-02155-YGR-VKD

2

1  the GAIA IDs and Biscotti IDs that Plaintiffs provided to Google.

2   7. On November 11, 2022, Google produced data associated with the named Plaintiffs
3  from the ▮▮▮▮▮▮▮ log (the log that is closest proxy to information sent to RTB participants in
4  a bid request), and two of the requested "▮▮▮▮▮" logs, using the identifiers that Plaintiffs provided
5  to Google and for certain weeklong time periods.

6   8. Plaintiffs subsequently moved for an order compelling Google to produce data
7  associated with the named Plaintiffs from numerous other "▮▮▮▮▮" logs, regardless of whether
8  they contained information sent or shared through RTB. ECF 365 at 1–2. Again, Plaintiffs' Motion
9  focused not on the identifiers included in the data and instead the scope of the data.

10  9. The Court denied that request and explained that it had already "rejected an
11  approach to discovery that requires Google to produce all information it collects about the named
12  Plaintiffs, regardless of whether that information is disclosed to a third party in an RTB auction."
13  ECF No. 383 at 4. The Court did, however, order Google to produce certain additional data fields.
14  *Id.*

15  10. To comply with that order, Google produced a large volume of additional named-
16  Plaintiff data and included a query ID in this production, which is a numerical identifier that can be
17  used to join corresponding records in different datasets.

18  11. Following this production, Plaintiffs moved for sanctions. That motion challenged
19  Google's: 1) production of data for only certain time samples (as opposed to data across the class
20  period), 2) omission of certain data fields from the produced data, and 3) omission of "identifiers,"
21  which Plaintiffs claimed they needed to "relink the production with the data previously produced
22  by Google." *See* ECF No. 431 at 4–5. In a footnote to its motion, Plaintiffs for the first time
23  requested that Google produce a "joining" or "▮▮▮▮▮▮▮" key. *Id.* at 5 n.3 (requesting Google to
24  "include the Google account ID and the Google Use[r] ID, derivations of them, and any joining
25  keys that linked the two, such as the ▮▮▮▮▮▮▮▮▮▮▮"); *see also* ECF No. 456-3 at 9 (same
26  on reply).

27  12. At the hearing on the first sanctions motion, the Court asked whether Google could
28  produce GAIA IDs, Google User IDs, and "joining" keys so Plaintiffs could match subsequent

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEC. OF W. SOMVICHIAN ISO GOOGLE'S OPP. TO
PLFS' SPOLIATION SANCTIONS MTN
CASE NO. 4:21-CV-02155-YGR-VKD

3

productions with earlier productions. April 11, 2023 Hearing Transcript ("Apr. 11, 2023 Hr'g Tr.") at 56:1-15. Google explained how query IDs work to join corresponding records across different datasets but stated that producing "█████████" raises separate issues." *Id.* at 56:16-57:17. There was no other discussion related to "█████████" at the April 11, 2023 hearing.

13. After the Court issued its order denying Plaintiffs' request for sanctions, directing Google to "take care that all of its productions of named plaintiffs data can be easily correlated," and acknowledging that Google "could include the Google Account ID, Google User ID, and 'joining keys' without undue burden" (ECF No. 488 ("April 14 Order")) at 7, the parties met and conferred on which identifiers Google would include in its subsequent named-Plaintiff data productions. Plaintiffs also requested production of data for six different time periods.

14. Google committed to producing (and reproducing where necessary) named-Plaintiff data that included GAIA IDs.

15. Unsatisfied by Google's commitments, Plaintiffs moved the Court for an order compelling Google to produce Biscotti IDs and "joining" keys, which they argued are "are an important link in the data flow from the RTB auction to the account information for each Google account holder." ECF No. 503 at 1–2.

16. At the hearing on Plaintiffs' motion, Plaintiffs for the first time stated that they sought the production of "keys" that allow Google to internally "link up [different user] IDs," including the GAIA and Biscotti IDs. May 16, 2023 Hearing Transcript at 10:13-19, 11:1-7.

17. Google clarified that it does not link GAIA and unencrypted Biscotti IDs as a matter of internal policies designed to promote user privacy. *Id.* at 27:25-28:10. Instead, GAIA-keyed data is associated, if at all, with an encrypted Biscotti ID that is used only internally at Google. *Id.* at 28:4-10.

18. At this hearing, the Court asked whether Google could decrypt the encrypted Biscotti ID. Google explained that 1) █████████ can be used to decrypt encrypted Biscotti IDs but 2) it maintains these decryption keys only for a short period of time. Google also explained that these keys no longer existed for the time samples Plaintiffs had requested, including the most recent time period then at issue, October 10-17, 2022. *Id.* at 34:18-35:8. Google also

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEC. OF W. SOMVICHIAN ISO GOOGLE'S OPP. TO
PLFS' SPOLIATION SANCTIONS MTN
CASE NO. 4:21-CV-02155-YGR-VKD

4

clarified that at the prior hearing, it had not committed to produce these keys, since Plaintiffs had not specified the keys they were seeking. *Id.* at 22:9-14.

19. In its subsequent order, the Court ordered "Google to investigate whether the Biscotti ID (in encrypted or unencrypted form) may be produced, together with the Google Account ID (or GAIA ID) where available, for all sampled named plaintiffs data." ECF No. 510 ("May 16 Order") at 3.

20. The parties met and conferred following the May 16 Order. In a subsequent joint update to the Court, Google represented it would produce "the encrypted Biscotti ID, where available, together with the Google Account ID, where available, for the prior and forthcoming productions of sampled named-Plaintiff data." ECF No. 528-2. Google did not represent that it would produce any decrypted Biscotti IDs nor ▇▇▇▇▇▇▇. Plaintiffs did not demand that Google preserve ▇▇▇▇▇▇▇, including for any of the additional six time sample periods that the Court had authorized them to request.

21. In May and June 2023, as confirmed in its representation to the Court, Google produced further named-Plaintiff data, which included GAIA and encrypted Biscotti IDs for the named Plaintiffs, as well as query IDs so that Plaintiffs could join each dataset. Google re-produced over ▇▇▇ bid request records associated with the named Plaintiffs.

22. On October 30, 2023, Plaintiffs deposed Google's class certification declarant, Glenn Berntson, in his personal capacity and in his capacity as Google's Rule 30(b)(6) designee for certain topics, as limited by the Court's Order on the joint letter brief regarding Plaintiffs' amended Rule 30(b)(6) notice. *See* ECF No. 576. Dr. Berntson testified that decryption keys have a standard retention period of ▇▇▇. Berntson Oct. 30 Depo. Tr. at 237:23-238:15.

23. On November 17, 2023, Plaintiffs demanded that Google produce named-Plaintiff data for four additional one-week time periods as well as any "joining" keys available for those time periods. These time periods were January 7-14, 2023, March 18-25, 2023, June 2-9, 2023, and September 30-October 7, 2023.

24. After investigating Plaintiffs' request with my client, I sent a letter to Plaintiffs' counsel on January 11, 2024 that confirmed Google would produce data for the requested time

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEC. OF W. SOMVICHIAN ISO GOOGLE'S OPP. TO
PLFS' SPOLIATION SANCTIONS MTN
CASE NO. 4:21-CV-02155-YGR-VKD

5

1  periods but made clear Google would not produce any "joining" or "decryption" keys. A true and
2  correct copy of a letter from Google's counsel dated January 11, 2024 is attached as **Exhibit B**.

3  25. Google produced named-Plaintiff data for the newly requested time periods on
4  February 9, 2024 and February 29, 2024. Consistent with the January 11, 2024 letter, these
5  productions did not include any ▮▮▮▮▮▮▮▮▮▮.

6  26. Prior to the February 2, 2024 deadline to file discovery-related motions under Civil
7  Local Rule 37-3, the parties met and conferred on multiple discovery issues. Plaintiffs filed five
8  separate motions to compel further discovery from Google. *See* ECF Nos. 660, 661, 662, 663, 664.
9  None of these joint letter briefs requested that Google preserve or produce decryption keys.[1]

11  I declare under penalty of perjury that the foregoing is true and correct. Executed on
12  May 17, 2024 in San Francisco, California.

   　　　　　　　　　　　　　　　　　　　　　　　　　／s／ *Whitty Somvichian*
14  　　　　　　　　　　　　　　　　　　　　　　　　　Whitty Somvichian

---

[1] Plaintiffs suggest that Google notified them for the first time that the ▮▮▮▮▮▮▮▮▮▮▮▮ were not available for the requested time periods on February 28, 2024, ECF No. 697-1 ¶ 20, but this is not accurate. Plaintiffs' counsel in fact acknowledged in a February 15, 2024 email that Google had confirmed this earlier, before the discovery motion deadline, stating in the email that "***during the meet and confer discussions leading up to the discovery motion deadline***, Google's counsel represented that it would not be producing the ▮▮▮▮▮▮▮▮▮▮▮▮ because they did not exist, just as it has represented for the 2021 and 2022 productions of named plaintiff data." (emphasis added).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEC. OF W. SOMVICHIAN ISO GOOGLE'S OPP. TO
PLFS' SPOLIATION SANCTIONS MTN
CASE NO. 4:21-CV-02155-YGR-VKD

6