# EXHIBIT B
# to the Declaration of
# Whitty Somvichian

## (REDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL)

# Cooley

Whitty Somvichian
T: +1 415 693 2026
wsomvichian@cooley.com

Via E-Mail to: jaybarnes@simmonsfirm.com
dstraite@dicellolevitt.com
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
lweaver@bfalaw.com
adavis@bfalaw.com

January 11, 2024

Jay Barnes
Simmons Hanly Conroy LLC
112 Madison Avenue, 7th Floor
New York, NY 10016

Lesley Weaver
Anne Davis
Bleichmar Fonti & Auld LLP
555 City Center West, Suite 1600
Oakland, CA 94607

David Straite
Dicello Levitt Gutzler LLC
60 E. 42nd Street, Suite 2400
New York, NY 10165

Elizabeth Pritzker
Jonathan Levine
Pritzker Levine LLP
1900 Powell Street, Suite 450
Emeryville, CA 94608

**Highly Confidential—Attorneys' Eyes Only**

***Re:*** ***In re Google RTB Consumer Privacy Litigation*** **(Case No. 4:21-cv-02155-YGR-VKD):**
**Regarding Plaintiffs' Request for Further Production of Named-Plaintiff Data**

Dear Counsel:

We write in response to your November 17, 2023 email requesting Google to produce named-Plaintiff Data for four additional one-week time periods, along with "any joining keys that exist for the" bid requests associated with that data.

As an initial matter, we disagree with your contention that Plaintiffs are "entitled" to any data production for additional time periods.  Judge DeMarchi's most recent order on the time sampling dispute merely stated that "Plaintiffs may select six additional week-long periods for Google to sample. . ."  (April 14 Order at 2.) Following that order, Plaintiffs selected six time periods, and Google produced named-Plaintiff data for the time periods for which data was available.  This was all the Court's order required.  If Plaintiffs thought they were entitled to select four additional one-week time periods, they should have raised the issue promptly rather than waiting until the eve of the fact discovery deadline.

J. Barnes
L. Weaver
A. Davis
D. Straite
J. Levine
E. Pritzker
Highly Confidential—Attorneys' Eyes Only
January 11, 2024
Page 2

Nonetheless, to avoid burdening the Court with additional discovery briefing, Google will produce named-Plaintiff data for the one-week time periods that Plaintiffs have identified (January 7-14, 2023, March 18-25, 2023, June 2-9, 2023, and September 30-October 7, 2023) consisting of the same data sources and data fields as the prior productions on May 8, 2023 and May 10, 2023.  Specifically, Google will produce responsive data fields from the ██████████ ("███"), ███████████████████████ (████████), and ████████████████ ("████████") logs, including the fields Google agreed to produce in our February 8, 2023 letter and March 1, 2023 email, and fields that Google was ordered to produce in ECF Nos. 482 and 486.  As with prior productions, Google will not decrypt any encrypted biscotti values in the data.  For additional detail regarding the data that Google intends to produce from these data sources for these four additional one-week time periods, please refer to the explanations set forth in our May 8, 2023 and June 2, 2023 production cover letters.

Plaintiffs' request fails to specify what "joining keys" they are demanding or their relevance to this litigation.  To the extent Plaintiffs are referring to ████████ that can be used to decrypt certain encrypted pseudonymous identifiers in logs, Google will not produce any such █████.  Plaintiffs have not explained why they need this information to prosecute their claims, particularly in light of the voluminous data Google has already produced and the additional data it is committing to produce relating to the named Plaintiffs.

Sincerely,

Whitty Somvichian