# DECLARATION OF STANISLAV BELOV ISO GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' BRIEF RE: TARGETED USE OF CALHOUN DISCOVERY IN IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION, PURSUANT TO DKT. 683

## Redacted Version of Document Sought to be Sealed

COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (216083)
(jgutkin@cooley.com)
AARTI REDDY (274889)
(areddy@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (321488)
(kspector@cooley.com)
ANUPAM DHILLON (324746)
(Adhillon@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

COOLEY LLP
ROBBY SALDAÑA (*pro hac vice pending)*
(rsaldana@cooley.com)
1299 Pennsylvania Avenue NW
Suite 700
Washington, District of Columbia 20004-2400
Telephone: +1 202 842 7800
Facsimile: +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 4:20-cv-05146-YGR-SVK

**DECLARATION OF STANISLAV BELOV IN SUPPORT OF GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' BRIEF RE: TARGETED USE OF *CALHOUN* DISCOVERY IN *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION*, PURSUANT TO DKT. 683**

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECL. OF S. BELOV ISO GOOGLE'S
OPPOSITION TO PLFS' TARGETED BRIEF
CASE NO. 4:20-CV-05146-YGR-SVK

I, Stanislav Belov, declare as follows:

1. I am a Staff Software Engineer at Defendant Google LLC ("Google") where I have been employed since 2015. My job responsibilities include overseeing the design, development, implementation, testing, and operation of the technical infrastructure of Google's Real-Time Bidding products (*i.e.*, Google's Authorized Buyers and Open Bidding products). I have personal knowledge of the facts set forth herein, either from my work for Google or based on information from other Google employees with personal knowledge of such facts with whom I work and on whose knowledge I regularly rely on in the course of performing my duties for Google. If called as a witness, I could and would testify to the facts herein.

2. I submit this declaration in support of Google's Opposition to Plaintiffs' Brief Re: Targeted Use of *Calhoun* Discovery in *In re Google RTB Consumer Privacy Litigation*, and in response to certain inaccuracies contained in the Declaration of Zubair Shafiq ("Shafiq Declaration" or "Shafiq Decl.") (ECF No. 692-3), submitted by Plaintiffs in support of their Brief (ECF No. 692-2). In this declaration, I will refer to Google's Authorized Buyers and Open Bidding products collectively as "Google's RTB Products."

3. ***Data Logs.*** The Shafiq Declaration purports to identify various logs that Dr. Shafiq claims [REDACTED] and Dr. Shafiq's assertions to the contrary appear to rest on misunderstandings of how Google's RTB Products operate, the nature of Google's logs, or both.

4. For example, the Shafiq Declaration refers to the [REDACTED]

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DECL. OF S. BELOV ISO GOOGLE'S
OPPOSITION TO PLFS' TARGETED BRIEF
CASE NO. 4:20-CV-05146-YGR-SVK

[REDACTED].[1]

5. Similarly, the Shafiq Declaration refers to the [REDACTED] Google does not share with third-party RTB participants any information regarding user interest profiles that it has learned from users, created, or otherwise inferred, nor is this data used to operate Google's RTB products.[2]

6. Further, the Shafiq Declaration refers to [REDACTED] But Google does not share GAIA IDs nor any information Google has linked to a user's Google Account with third-party RTB participants.

7. Finally, the Shafiq Declaration makes reference to a document titled [REDACTED]

---

[1] A bid request only contains a single URL of the web page or an identifier of a mobile app where a publisher requested to show an advertisement, and Google applies additional privacy protections to the URL field shared in bid requests, for example, by removing the URL query parameters.

[2] As publicly announced, in the near future, some Authorized Buyers and Open Bidding partners may choose to participate in the "Topics Origin Trial" experiments offered on Google Chrome inventory, in order to test one of the Privacy Sandbox (https://privacysandbox.com) features and the privacy-forward future of web advertising that does not rely on third-party cookies. At most, however, this experiment will affect a very small fraction of bid requests. *See* 2022 Authorized Buyers releases archive, https://support.google.com/authorizedbuyers/answer/11823046#zippy=%2Cmay-google-ad-manager-support-for-ipv-non-ssl-endpoint-support-deprecation-sign-up-to-participate-in-topics-origin-trial-testing.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DECL. OF S. BELOV ISO GOOGLE'S
OPPOSITION TO PLFS' TARGETED BRIEF
CASE NO. 4:20-CV-05146-YGR-SVK

[redacted]

8. ***Other Factual Assertions Regarding RTB.*** The Shafiq Declaration makes a number of representations about how Google's RTB Products work, but those representations contain numerous inaccuracies. I give just a few examples of those inaccuracies here.

9. To begin, the Shafiq Declaration asserts that "Google shares personal information of Account Holders with its advertising partners when it solicits bids." Shafiq Decl. ¶ 6(c). While I cannot know what Dr. Shafiq means by "personal information," Google does not share any information linked to a user's Google Account with third-party RTB participants. As discussed above and in more detail below, the same paragraph of the Shafiq Declaration claims Google shares with third-party RTB participants "interest segments" that Google has linked to Account Holders, which is also false.

10. Next, the Shafiq Declaration lists various kinds of [redacted][3] [redacted]

[3] The Shafiq Declaration includes "IP address and user agent" in the list of supposed identifiers. Shafiq Decl. ¶ 8. Unlike the other items in paragraph 8, these are not "identifiers" as that term is normally used. Also, Google only shares a truncated IP address through RTB.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DECL. OF S. BELOV ISO GOOGLE'S
OPPOSITION TO PLFS' TARGETED BRIEF
CASE NO. 4:20-CV-05146-YGR-SVK

[redacted]

11. Further, the Shafiq Declaration asserts that Google shares "'user profile' 'segments' from a variety of data sources" and purports to list such sources. Shafiq Decl. ¶ 13; *see also* Shafiq Decl. ¶ 6(c). Those assertions are false. Google's RTB Products do not share with third-parties any form of user "profile," "segment," or "vertical" information that Google links to its users.

12. Finally, the Shafiq Declaration claims to list [redacted] That is not the case, as Google's RTB Products share limited and pseudonymized data with third-party RTB participants. This treatment and the information being shared are publicly documented in Google's RTB protocols,[4] which I understand Google has also produced to Plaintiffs in the *In re RTB* matter. To be clear, Google does not share and has not ever shared users' "vertical" information with third-party RTB participants and did not share any of the "vertical" information listed in Paragraph 17 of the Shafiq Declaration with any third-party RTB participant in connection with that ad event.

---

[4] *See, e.g.*, Authorized Buyers Real-time Bidding Proto, https://developers.google.com/authorized-buyers/rtb/realtime-bidding-guide; OpenRTB Integration, https://developers.google.com/authorized-buyers/rtb/openrtb-guide.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DECL. OF S. BELOV ISO GOOGLE'S
OPPOSITION TO PLFS' TARGETED BRIEF
CASE NO. 4:20-CV-05146-YGR-SVK

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed in New York, New York on June 15, 2022

Dated: June 15, 2022

By: Stanislav Belov
Stanislav Belov

270458873

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DECL. OF S. BELOV ISO GOOGLE'S
OPPOSITION TO PLFS' TARGETED BRIEF
CASE NO. 4:20-CV-05146-YGR-SVK