COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
AARTI REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
ANUPAM DHILLON (SBN 324746)
(adhillon@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:  +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
KHARY J. ANDERSON (DC No. 1671197)
(kjanderson@cooley.com)
(*Admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:  +1 202 842 7800
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br>This Document Relates to: *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE LLC'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (ECF NO. 718)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO
PLAINTIFFS' ADMIN. MOT. TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

1

I.  **INTRODUCTION**

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3), Google LLC ("Google") respectfully submits this Response ("Google's Response") to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 718), which was filed in connection with the Notice of Joint Submission of Supplemental Materials Following June 18, 2024 Hearing (the "Joint Submission") (ECF No. 719).

As set forth in Google's Response and in the accompanying Declaration of Whitty Somvichian ("Somvichian Decl."), the portions of the document cited below contain highly sensitive, confidential, and proprietary information that Google designated as "Confidential" and/or "Highly Confidential—Attorneys' Eyes Only" pursuant to the terms of the Stipulated Protective Order, which the Court entered on June 3, 2021 (the "Protective Order") (ECF No. 59). Specifically, these portions contain descriptions of internal identifiers and mechanisms related to the management and protection of user identifiers. ***This Court has consistently granted Google's prior requests to seal this exact type of information***. *See, e.g.*, ECF No. 384 (sealing technical details related to Google's internal logs and user identifiers); ECF No. 540 (sealing portions of a letter brief containing technical details about Google's internal sensitive data systems); ECF No. 531 (sealing discussion of Google's "technical details and identifiers related to highly sensitive data logs and data systems.").

Accordingly, Google hereby requests that the Court enter an order sealing the information identified in the table below, as reflected in the Proposed Order attached hereto:

| Document | Text to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| Exhibit B to the Notice of Joint Submission of Supplemental Materials Following the June 18, 2024 Hearing (ECF No. 718-3) | Portions highlighted at page 1 | Google |

II.  **LEGAL STANDARD**

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESPONSE TO
PLAINTIFFS' ADMIN. MOT. TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

2

documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). A party seeking to seal material must explain "the legitimate private or public interests that warrant sealing [and] the injury that will result if sealing is denied" and make their request "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c). Because briefing for a discovery motion is non-dispositive, the good cause standard applies to the instant request. *See, e.g.*, ECF No. 453 at 2 ("The underlying discovery dispute does not address the merits of the parties' claims or defenses, and the Court therefore applies the 'good cause' standard of Rule 26(c)."); *see also Calhoun v. Google*, No. 20-cv-05146, ECF No. 327, at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies because the information for which parties sought sealing concerned discovery-related motions" and not, "the merits of the case."); *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-cv-02306, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) (holding that the good cause standard applies because the sealing request was made in connection with a related to "a non-dispositive discovery motion"). The good cause standard "requires a 'particularized showing,' . . . that 'specific prejudice or harm will result' if the information is disclosed." *Heath v. Google LLC*, No. 15-cv-01824, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

### III. GOOD CAUSE WARRANTS GOOGLE'S REQUEST TO SEAL PORTIONS OF PLAINTIFFS' REPLY

Google respectfully asks this Court to seal the cited portions of Exhibit B to the Joint Submission, which reflects sensitive and technical details concerning the mechanisms related to the protection of user identifiers in Google's internal data systems. Pursuant to the good cause standard, Google's sealing request is warranted. This information relates to highly sensitive data logs, data systems, and mechanisms related to the protection of user identifiers that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors. (Somvichian Decl. ¶¶ 3, 5.) Public disclosure of this

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S RESPONSE TO
PLAINTIFFS' ADMIN. MOT. TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

1  information would create a risk of cyber security threats and irreparable harm.  This information
2  may reveal Google's internal strategies, system designs, and business practices for operating and
3  maintaining many of its important proprietary services.  (*Id*. ¶¶ 3, 5–7.)

4  Google has narrowly tailored these sealing requests to encompass only the specific portions
5  that qualify as confidential information and therefore do not "unduly limit[] public access." *ASUS*
6  *Comput. Int'l v. Round Rock Rsch., LLC*, No. 12-cv-02099, 2014 WL 2810193, at *2 (N.D. Cal.
7  June 20, 2014); *see also* Civ. L.R. 79-5(c).  Last, this Court has implicitly recognized these risks
8  by sealing similar information and descriptions of Google logs that Google seeks to seal here.  *See,*
9  *e.g.*, ECF No. 384 (sealing joint letter brief describing technical details and identifiers related to
10 Google's internal data logs and data systems and the standard retention periods for these logs); ECF
11 No. 186 (sealing descriptions of Google's internal data sources).  This Court's rulings are consistent
12 with well-established precedent across this District, which confirm that courts regularly seal
13 information relating to technical details about a company's internal data infrastructure.  *See, e.g.*,
14 *In re Google Inc. Gmail Litig.*, No. 13-md-02430, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25,
15 2013) (sealing information about Google's internal data structures, and the order in which emails
16 go through these structures, that "if made public Google contends could lead to a breach in the
17 security" of Google's systems); *see also In re Facebook, Inc. Consumer Priv. User Profile Litig.*,
18 No. 3:18-md-02843, ECF No. 1082 (N.D. Cal. Dec. 6, 2022) (holding there was good cause to seal
19 certain highly technical information related to Facebook's data systems); *Free Range Content, Inc.*
20 *v. Google Inc.*, No. 14-cv-02329, ECF No. 192, at 3–9 (N.D. Cal. May 3, 2017) (granting motion
21 to seal certain sensitive business information related to Google's processes and policies to ensure
22 the integrity and security of another Google advertising product).  As another court observed, this
23 information is vital to Google's commercial success, and is the sort of "sensitive, non-public,
24 confidential, and proprietary business information" that courts routinely seal under the more
25 stringent compelling reasons standard.  *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082, 2020 WL
26 6391210, at *2 (N.D. Cal. Mar. 24, 2020).

27
28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S RESPONSE TO
PLAINTIFFS' ADMIN. MOT. TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD

## IV. CONCLUSION

For the foregoing reasons, Google respectfully requests the Court to seal the aforementioned portions of Exhibit B to the Joint Submission.

Dated: June 28, 2024

COOLEY LLP

By: /s/ Whitty Somvichian
Whitty Somvichian

Attorney for Defendant
GOOGLE LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S RESPONSE TO
PLAINTIFFS' ADMIN. MOT. TO SEAL
CASE NO. 4:21-CV-02155-YGR-VKD