UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION

Case No. 21-cv-02155-YGR (VKD)

**ORDER RE DISCOVERY DISPUTE RE BERNTSON TRANSCRIPT ERRATA**

Re: Dkt. No. 652

The parties ask the Court to resolve a dispute regarding a portion of a December 11, 2023 errata to the October 23, 2023 deposition transcript of Dr. Glenn Berntson, who testified on Google's behalf as a Rule 30(b)(6) designee. Dkt. No. 652. Specifically, plaintiffs ask the Court to strike the portion of the errata that purports to correct Dr. Berntson's use of the word "destroying" at page 211, line 18 of the transcript. Alternatively, plaintiffs ask for an opportunity take further deposition testimony on the subject matter addressed by the errata. *See id.* at 2. Google responds that the change reflected in the errata should not be stricken because it merely corrects a factually incorrect statement by Dr. Berntson. *See id.* at 4. The Court previously found this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b); Dkt. No. 691.

Rule 30(e) of the Federal Rule of Civil Procedure permits a deponent to make changes to his deposition testimony "in form or substance" provided the deponent (1) requests review of the deposition to make corrections, (2) signs a statement listing the changes and the reasons for making them, and (3) submits changes within 30 days of receiving notice that the transcript is available. Fed. R. Civ. P. 30(e)(1)-(2). Rule 30(e) does not permit a deponent to change his testimony as a "sham" solely to evade an unfavorable ruling. *See Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1225 (9th Cir. 2005); *Lewis v. The CCPOA Benefit Tr.*

*Fund*, No. C-08-03228-VRW DMR, 2010 WL 3398521, at *2 (N.D. Cal. Aug. 27, 2010). The Ninth Circuit has made clear that "Rule 30(e) is be used for corrective, and not contradictory, changes." *Hambleton*, 397 F.3d at 1226.

As an initial matter, it is not clear that *any* changes in the errata are permissible under Rule 30(e), as there is no indication that Google or the deponent requested an opportunity to review the transcript for corrections, or that the change at issue was timely made.[1] However, as the parties do not address these threshold matters, the Court assumes for purposes of this dispute that the corrections were timely and followed an appropriate request for review.

The disputed change to page 211, line 18 of the deposition cannot reasonably be considered a "clarifying" change. Rather, the errata purports to *delete* unfavorable testimony. While Google may be correct that, when read in context, Dr. Berntson's recorded testimony is inconsistent with testimony he gave at other points in the deposition, the alteration Google seeks does not correct the testimony in question, but instead contradicts the testimony recorded at page 211, line 18 by eliminating it from the record.

The Court grants plaintiffs' request to strike this portion of the errata.

**IT IS SO ORDERED.**

Dated: July 8, 2024

Virginia K. DeMarchi
United States Magistrate Judge

---

[1] Exhibit B to the joint discovery dispute submission reflects that the reporter indicated "Reading & Signature was not requested before completion of the deposition." *See* Dkt. No. 652, Ex. B (dep. at 258:9).

2