UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE PLAINTIFFS' REQUESTS FOR AUTHENTICATION OF BUSINESS RECORDS**<br><br>Re: Dkt. No. 664 |

The parties ask the Court to resolve a dispute concerning plaintiffs' requests for admissions ("RFAs") regarding certain 560 documents produced by Google. Dkt. No. 664. The Court previously determined the matter was suitable for resolution without oral argument. Civil L.R. 7-1(b); Dkt. No. 691 at 2.

For the reasons explained below, the Court will not require Google to respond to this set of RFAs because plaintiffs' requests are not proportionate to the needs of the case.

## I. BACKGROUND

Plaintiffs request that Google admit or deny the following questions for 560 documents identified by Bates number:

> For each of the documents, which are listed separately below, please admit or deny the following sub-parts referenced in the chart below:
>
> A. Admit that the document is authentic;
>
> B. Subject to any requirements imposed by the District Court, at any trial in this matter, admit that the document may be received in evidence without further identification or proof;
>
> C. If the document was drafted by an EMPLOYEE of YOURS, then admit:

> 1. That the document was made at or near the time of the event or transaction by YOUR EMPLOYEE with knowledge or from information transmitted by or to YOUR EMPLOYEE with knowledge;
>
> 2. That the document was kept in the course of YOUR regularly conducted business activities;
>
> 3. That the document was made in the course of YOUR regular business practices; and
>
> 4. That the document was part of YOUR business file and meets all criteria of a business record as set forth in Rule 803(6) of the Federal Rules of Evidence.

Dkt. No. 664-1. Defendants have refused to answer as to any of the 560 documents referenced, citing the burdensomeness of plaintiffs' requests and the inefficiency of requiring review of the admissibility of so many documents long before trial. Dkt. No. 664 at 4-6.

## II.     LEGAL STANDARD

As relevant here, Rule 36 of the Federal Rules of Civil Procedure provides that "[a] party may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). Rule 36 serves two important goals: "truth-seeking in litigation and efficiency in dispensing justice." *Conlon v. U.S.*, 474 F.3d 616, 622 (9th Cir. 2007); *see also* Fed. R. Civ. P. 36, committee notes to 1970 amendment ("Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be."). "The rule is not to be used in an effort to 'harass the other side' or in the hope that a party's adversary will simply concede essential elements." *Conlon*, 474 F.3d at 622 (quoting *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1268 (11th Cir. 2002)).

Although Rule 36 does not limit the number of RFAs a party may serve, the use of Rule 36 is limited by Rule 26(b)(1), which provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

1  importance of the discovery in resolving the issues, and whether the burden or expense of the
2  proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Civ. P.
3  26(b)(2)(c) and advisory committee note to 1993 amendment ("The revisions in Rule 26(b)(2) are
4  intended to provide the court with broader discretion to impose additional restrictions on the scope
5  and extent of discovery. . . . The revision also dispels any doubt as to the power of the court to
6  impose limitations on the length of depositions under Rule 30 or on the number of requests for
7  admission under Rule 36.").

### III. DISCUSSION

As plaintiffs explain, the RFAs at issue ask Google to (1) admit the authenticity of each document and, for those documents drafted by a Google employee, (2) admit each of the four factual predicates necessary to establish that the document qualifies as a "record of a regularly conducted activity," which is admissible pursuant to an exception to the rule against hearsay. *See* Fed. R. Evid. 803(6). Thus, these RFAs do not merely ask Google to admit that the referenced documents are "genuine" or "authentic," but also ask Google to admit certain facts as to each document and then admit the application of law to those facts.

Plaintiffs emphasize that the 560 documents they have selected for these RFAs "represent less than 1% of Google's document production in the case." Dkt. No. 664 at 1. However, plaintiffs provide little information about how the admissions they seek serve the truth-seeking and efficiency goals of Rule 36. They say "[a]ny of these documents may potentially be used in opposing Google's anticipated summary judgment or at trial," *id.*, but they say nothing about the significance of any particular document or category of documents, or why they require formal admissions or denials as to all 560 documents to address questions of admissibility that are typically handled by a conference of counsel in advance of trial.[1]

---

[1] Plaintiffs appear to overstate the need for formal admissions about admissibility of evidence for purposes of summary judgment. *See Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents."); *Block v. City of Los Angeles,* 253 F.3d 410, 418–19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.").

3

The Court agrees with Google that the sheer number of plaintiffs' requests, and the fact that each has multiple subparts that would require Google to investigate whether each document is a "business record" for purposes of Rule of Evidence 803(6), makes plaintiffs' RFAs unduly burdensome and disproportionate to the needs of the case. Plaintiffs have not offered a sufficient justification for these RFAs as to any document, let alone 560 documents.[2] *See I-Enter. Co. v. Draper Fisher Jurvetson Mgmt. Co.*, No. C-03-01561 MMC (EDL), 2005 WL 8177424, at *2 (N.D. Cal. Mar. 23, 2005) (granting protective order against voluminous RFAs). In their portion of the joint discovery dispute letter, plaintiffs do not identify any subset of documents for which they seek an order compelling responses as an alternative to complete responses as to all 560 documents.[3]

## IV. CONCLUSION

For the reasons explained above, the Court concludes that plaintiffs are not entitled to an order compelling Google to answer these RFAs.

**IT IS SO ORDERED.**

Dated: July 8, 2024

Virginia K. DeMarchi
United States Magistrate Judge

---

[2] Plaintiffs argue that if a damages class is certified, the amount a stake could exceed $1 billion. Dkt. No. 664 at 3. The presiding judge has since denied plaintiffs' motion to certify a damages class. Dkt. No. 690.

[3] Plaintiffs do propose that Google need not explain the "basis for denial" of any request. Dkt. No. 664 at 3.

4