UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR (VKD)<br><br>**ORDER RE SEALING RE PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO PROVIDE COURTESY COPIES**<br><br>Re: Dkt. Nos. 666, 675 |

On February 2, 2024, plaintiffs requested leave to provide copies of a Court order and a hearing transcript from another case, *Calhoun v. Google*, No. 21-cv-05146 (N.D. Cal.), in support of a pending discover dispute. Dkt. No. 667. In conjunction with this request, plaintiffs filed an administrative motion to consider whether another parties' material should be sealed, submitting the motion for leave and accompanying exhibits under seal in their entirety. Dkt. No. 666. On February 16, 2024, Google filed its response to this sealing motion, affirming its position that the documents should be sealed and providing clarifications as to which specific portions should be redacted from the public record. Dkt. No. 675.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (cleaned up). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Group*, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). A party seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c). *Id.* at 1098-99; *Kamakana*, 447 F.3d at 1179-80. The discovery matters at issue here do not address the merits of either party's claims or

defenses, so the Court applies the "good cause" standard of Rule 26(c).

In its response to plaintiffs' sealing motion, Google asserts that good cause exists for granting the sealing request. *See* Dkt. No. 675. Google argues that the documents "contain highly sensitive, confidential, and proprietary information regarding the technical details of Google's internal logs, data systems, and their metrics." Dkt. No. 675 at 2. Release of such information would pose "a risk of cyber security threats" and "further jeopardize Google's data infrastructure." *Id.* at 5. Google additionally asserts that the exhibits attached to plaintiffs' motion for leave are already under seal in the *Calhoun* litigation. *Id.* at 2. It further states, in regard to sealing portions of plaintiffs' motion for leave and declaration, that the Court in this matter "has already sealed [the] information" for which it is seeking redaction. *Id.* (citing Dkt. No. 384).

The Court agrees that good cause exists to seal the specific portions of these documents Google has designated. The modified redactions Google proposes to make to the public versions of these documents are minimal and narrowly tailored to address the concerns it identifies. *See* Civil L.R. 79-5(c)(3). In these circumstances, the Court concludes that Google has demonstrated good cause to seal the following material and the Court orders that it be sealed:

| Document | Text to be Sealed |
|---|---|
| Administrative Motion for Leave to Provide Courtesy Copies of Sealed Order Cited by Plaintiffs in the Parties' Joint Letter Brief re: Interrogatory No. 23 (Dkt. No. 666-3) | Portions of Dkt. No. 675-3 highlighted at PDF pages 3:22-25, 4:12, 4:14-16 |
| Joint Declaration of Lesley E. Weaver, Jason 'Jay' Barnes, and David A. Straite (Dkt. No. 666-4) | Portions of Dkt. No. 675-5 highlighted at PDF pages 3:16-18, 3:22, 4:4, 4:8-9, 4:12, 4:14-15 |
| Ex. A to Joint Declaration (Dkt. No. 666-5) | Portions of Dkt. No. 675-7 highlighted at PDF pages 5:25, 6:2, 6:12, 6:14-17, 6:25-26, 8:6, 8:22, 9:20-21, 9:28, 10:20, 11:22, 12:3, 12:11-15, 13:4-5, 13:7-8, 13:12, 13:15-16, 13:24, 16:1-2, 16:4-6, 17-66, 68-143 |

| | |
|---|---|
| Ex. B to Joint Declaration (Dkt. No. 666-6) | Portions of Dkt. No. 675-9 highlighted at PDF pages 5:22, 6:3, 6:11-15, 7-8 |
| Ex. C to Joint Declaration (Dkt. No. 666-7) | Portions of Dkt. No. 675-11 highlighted at transcript pages 7:12, 7:17, 7:24, 8:17-18, 8:21, 9:5-12, 9:19, 10:17-21, 13:25, 14:1-9, 14:11-12, 15:15, 15:23, 16:10-11, 16:20, 17:2, 17:25, 18:7, 18:16, 19:4, 20:12, 20:15, 21:10, 23:9, 23:11-12, 25:13, 26:15, 29:4, 29:25, 35:7, 35:19, 36:10, 36:15, 37:7, 38:2, 38:12-13, 38:15, 38:17, 40:20, 40:23, 44:23, 48:18, 49:4, 49:8, 57:18 |

Redacted versions of these documents are already available on the public docket. *See* Dkt. Nos. 675-2, 675-4, 675-6, 675-8, 675-10. Accordingly, no further action is required from the parties.

**IT IS SO ORDERED.**

Dated: July 11, 2024

Virginia K. DeMarchi
United States Magistrate Judge