UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE PLAINTIFFS' INTERROGATORY NO. 23**<br><br>Re: Dkt. Nos. 662, 667 |

The parties ask the Court to resolve a dispute concerning plaintiffs' Interrogatory No. 23. Dkt. No. 662. The Court previously determined the matter was suitable for resolution without oral argument. Civil L.R. 7-1(b); Dkt. No. 691 at 2.

For the reasons explained below, the Court agrees that the number of subparts contained in Interrogatory No. 23 causes the total number of interrogatories served to exceed the presumptive limit set by Rule 33 and that the interrogatory as a whole is overbroad and seeks information that is not proportional to the needs of the case. However, the Court will require Google to provide information responsive to specific portions of this interrogatory.

**I.   BACKGROUND**

Plaintiffs request an order compelling Google to respond to all parts of Interrogatory No. 23, reproduced here:

23.   With respect to Google's litigation holds and preservation of data, records, and information relevant or responsive to claims, defenses or issues in this action, identify:

(a)   The date(s) Google issued any litigation hold(s) or took steps to preserve evidence in connection with this action;

(b)   The Google employees who received any litigation hold(s) or communications

instructing them to preserve evidence in connection with this action;

(c) The kinds and categories of information and data Google employees were instructed to preserve and collect, the extent to which any litigation hold(s) applied only to information pertaining to the named plaintiffs or the proposed class, and the retention period(s) for each type of information and data;

(d) The specific actions Google employees were instructed to take to effectuate the litigation hold(s);

(e) The date(s) Google issued litigation holds in connection with other pending matters or investigations that required Google to preserve information and data also relevant or responsive to claims, defenses or issues in this action;

(f) For the litigation hold(s) identified in response to 22(e), the kinds and categories of information and data Google employees were instructed to preserve and collect and the date range for which the information and data is held;

(g) For the litigation hold(s) identified in response to 22(e), the specific actions Google employees were instructed to take to effectuate the litigation hold(s);

(h) With regard to the ▓▓▓▓▓▓▓ log:

  i. The retention period for this log and any changes to the retention period during the class period;

  ii. Google's preservation policy for this log;

  iii. Whether the litigation hold for this action includes this log;

  iv. Whether litigation holds issued for other pending actions or investigations include this log;

  v. The date on which Google established a pipeline to preserve data from this log for this action;

  vi. The fields that were preserved;

  vii. The specific actions Google employees were instructed to take to preserve this log, including to preserve GAIA IDs for the named plaintiffs in this log;

  viii. The earliest date for which Google retained data from this log; and

2

|   |   |   |
|---|---|---|
|   |   | ix. The earliest date for which Google retained GAIA IDs and other fields for the named plaintiffs in this log. |
|   | (i) | With regard to the log(s) or data source(s) in which the 'verticals' data fields Google shared with RTB participants were recorded: |
|   |   | i. The retention period(s) for each such log and any changes to the retention period during the class period; |
|   |   | ii. Whether each such log or data source was included in the litigation hold in this action or in connection with another pending matter or investigation; and |
|   |   | iii. The time period for which data was preserved for each such log or data source. |
|   | (j) | With regard to the log(s) or data source(s) capable of associating or linking information transmitted in Google RTB bid requests with personal Google accounts, whether as part of a routine preservation or retention directive, or as part of litigation holds issued by [G]oogle in this action or in other pending matters or investigations, including log(s) or data source(s) or decryption or encryption keys whereby [G]oogle maps or links various identifiers to each other: |
|   |   | i. The retention period(s) for each such log and any changes to the retention period during the class period. |

Dkt. No. 662-1.

Google objects that this interrogatory, with its many subparts, results in service of interrogatories in excess of the 25-interrogatory limit set by Rule 33. Google also objects that this interrogatory is overbroad and not proportional to the needs of the case. Dkt. No. 662 at 4.

## II.    LEGAL STANDARD

Rule 33 of the Federal Rules of Civil Procedure provides that absent a stipulation or leave of court, "a party may serve on any other party no more than 25 written interrogatories including all discrete subparts." Fed. R. Civ. P. 33(a)(1). Although the rule does not define "discrete subparts," the prevailing view is that interrogatory subparts should be counted as one interrogatory "'if they are logically or factually subsumed within and necessarily related to the primary

3

1   question.'" *Synopsys, Inc. v. ATopTech, Inc.*, 319 F.R.D. 293, 294 (N.D. Cal. 2016) (quoting
2   *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)) (summarizing cases). Leave of
3   court to exceed the presumptive limit should be granted "to the extent consistent with Rule
4   26(b)(1) and (2)." Fed. R. Civ. P. 33(a)(1).

5   Rule 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged
6   matter that is relevant to any party's claim or defense and proportional to the needs of the case,
7   considering the importance of the issues at stake in the action, the amount in controversy, the
8   parties' relative access to relevant information, the parties' resources, the importance of the
9   discovery in resolving the issues, and whether the burden or expense of the proposed discovery
10  outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2) provides that the court may
11  limit the extent of discovery otherwise permitted if it determines that the proposed discovery "is
12  outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

### III.    PLAINTIFFS' REQUEST FOR LEAVE

Plaintiffs request leave to provide copies of a Court order and a hearing transcript from the *Calhoun* litigation. Dkt. No. 667. Google opposes plaintiffs' request. Dkt. No. 668. The Court denies plaintiffs' request for leave on two grounds. First, plaintiffs did not comply the Court's order establishing the procedures for seeking leave to use discovery from the *Calhoun* litigation in this case. *See* Dkt. No. 313 at 2-4. Second, the Court finds it unnecessary to consider any material from *Calhoun* litigation in resolving this discovery dispute.

### IV.    DISCUSSION

Google's objection regarding the number of subparts contained in Interrogatory No. 23 is well-taken. However, rather than attempting to parse and count these discrete subparts, the Court considers whether Google nevertheless should be required to answer Interrogatory No. 23, or at least some parts of it, as the Court is required to give leave to exceed the presumptive limit to the extent the interrogatory seeks information "consistent with" Rule 26(b)(1) and (2)—i.e., information that is relevant to a claim or defense and proportional to the needs of the case.

Interrogatory No. 23 seeks extensive information about essentially everything Google did with respect to the retention and preservation of any information responsive to a claim or defense

1  in this action. However, the parties' discovery dispute letter reflects that plaintiffs' principal
2  concern is Google's retention and preservation of named plaintiffs' data in the
3  ███████████████████████ log, including GAIA IDs and "verticals" data fields, and its
4  retention and preservation of logs or data sources that contain information "associating or linking
5  information transmitted in Google RTB bid requests with personal Google accounts." See Dkt.
6  No. 662 at 3. Google offers to provide the following information for ██████
7  ███████████████████, ██████, and ████████████████████████
8  ████████ logs: (i) the standard retention period, and any changes thereto during the class
9  period; (ii) the data fields being preserved; (iii) the earliest date for which Google has any data
10 available in these logs; and (iv) the earliest date for which Google has any data for the named
11 plaintiffs available in these logs. See id. at 4.

12         With respect to subsections (a)-(g), the Court is not persuaded that plaintiffs require
13 detailed information about Google's litigation holds in this and other litigations. Google
14 represents that it is prepared to provide information concerning its standard data retention periods,
15 changes made to those periods, and the earliest dates for which it has preserved data in the ████
16 ████████████ logs. From this information, plaintiffs should be able to readily discern
17 whether Google, in fact, timely preserved potentially relevant data from these sources once it had
18 notice of the litigation and/or notice of the potential significance of a particular data source.

19         Plaintiffs argue that they have made a "preliminary showing" of spoliation by Google that
20 is sufficient to overcome the attorney-client privilege that typically protects litigation holds from
21 discovery and to obtain other information about how Google implemented its litigation holds.
22 Dkt. No. 662 at 2. The Court disagrees that such a showing has been made here. At most, there is
23 a dispute about what Google was required to preserve or produce. The cases on which plaintiffs
24 rely for discovery of Google's litigation holds are distinguishable. In *In re Cathode Ray Tube*
25 *Antitrust Litigation,* the district court permitted discovery of a defendant's privileged
26 communications with counsel regarding preservation of evidence where the defendant admitted it
27 failed to timely preserve relevant information for eight months, relied exclusively on an "oral"
28 litigation hold, acknowledged that it misunderstood the scope of what should be preserved, and

1    then failed to document its preservation efforts in any manner. Master Case No. 07-cv-05944-
2    JST, 2014 WL 5667882, at *2, *3-*5 (N.D. Cal. Jan. 27, 2023). Similarly, in *Thomas v. Cricket*
3    *Wireless, LLC*, where the district court *rejected* the plaintiff's efforts to obtain detailed discovery
4    of the defendant's litigation holds (albeit without prejudice) but permitted discovery of more
5    limited information, the defendant had already conceded that it did not retain legacy databases
6    covering a time period relevant to the litigation even though it was on notice of its obligation to
7    preserve at least some of the data. No. 19-cv-07270-WHA, 2020 WL 7344742, at *1-*2 & n. 3
8    (N.D. Cal. Dec. 14, 2020).

9          With respect to subsections (h)-(i), these subsections concern the ▓▓▓▓ log and the GAIA
10   IDs and "verticals" data fields, which plaintiffs insist are found in the ▓▓▓▓ log. Google has
11   already offered to provide some of the information encompassed by these subsections, and the
12   Court will require it to do so. However, to the extent these subsections demand information about
13   the details of Google's litigation holds, as already explained, the Court finds that plaintiffs have
14   not made a preliminary showing of spoliation or any other showing sufficient to justify this
15   discovery.

16         With respect to subsection (j), the parties have an on-going dispute regarding the
17   distinction between what plaintiffs call "joining keys" and what Google calls "decryption keys,"
18   and whether the Court ordered Google to preserve and produce one or the other or both. *See* Dkt.
19   No. 662 at 3, 6; *see also* Dkt. No. 314 and related briefing. The Court does not attempt to resolve
20   that disagreement here. For purposes of this discovery dispute, the Court construes the phrase
21   "log(s) or data source(s) capable of associating or linking information transmitted in Google RTB
22   bid requests with personal Google accounts" in subsection (j) as Google does—i.e., to refer to
23   "decryption keys," and not merely the identifiers used to associate data sets with a particular
24   plaintiff during document production. Google objects to answering subsection (j) because, among
25   other things, it says plaintiffs obtained fully responsive information during Dr. Berntson's Rule
26   30(b)(6) deposition. *See* Dkt. No. 662 at 6. Plaintiffs question the completeness and accuracy of
27   this testimony and other information Google has provided on this point. *See id.* at 3-4. In these
28   circumstances, the Court concludes that requiring Google to provide a precise answer to this part

of Interrogatory No. 23 will resolve unnecessary disputes regarding Google's retention and preservation of "decryption keys," and the Court will order Google to do so.

## V. CONCLUSION

For the reasons explained above, the Court orders Google to provide the following information responsive to Interrogatory No. 23:

For the ▮▮▮▮▮▮▮▮▮▮ logs, Google shall state (i) the standard retention period, and any changes thereto during the class period; (ii) the data fields being preserved and the earliest dates of preservation for each field; (iii) whether the data fields being preserved include GAIA IDs and "verticals" data fields shared with RTB participants; (iv) the earliest date for which Google has any data available in these logs; and (v) the earliest date for which Google has any data for the named plaintiffs available in these logs.

For "decryption keys" capable of associating or linking information transmitted in Google RTB bid requests with personal Google accounts, Google shall identify the retention period(s) for these keys and any changes to the retention period during the class period.

Google shall serve its answer no later than **July 26, 2024**, unless the parties agree to a different date.

**IT IS SO ORDERED.**

Dated: July 11, 2024

Virginia K. DeMarchi
United States Magistrate Judge