# Exhibit A

# Redacted Version of Document Sought to be Sealed

```
1     UNITED STATES DISTRICT COURT
2     NORTHERN DISTRICT OF CALIFORNIA
3     SAN JOSE DIVISION
4     ---------------------------------------X
5     PATRICK CALHOUN, ELAINE CRESPO,
6     HADIYAH JACKSON and CLAUDIA KINDLER,
7     on behalf of all others similarly
8     situated,
9                           Plaintiffs,
10        - against -
11    GOOGLE LLC,
12                          Defendant.
13    CASE NO.: 5:20-cv-5146-LHK
      ---------------------------------------X
14
15        PORTIONS OF THIS TRANSCRIPT CONTAIN
16     TESTIMONY DESIGNATED AS ATTORNEYS' EYES ONLY
17              ZOOM VIDEOCONFERENCE
18
                      August 4, 2021
19                    9:02 a.m.
20
21        VIDEOTAPED DEPOSITION of CURT
22    HARTING, before Melissa Gilmore, a Stenographic
23    Reporter and Notary Public of the State of New
24    York.
25    Job No. SF4741357
```

Page 1

```
 1      A P P E A R A N C E S:
 2      DICELLO LEVITT & GUTZLER
 3      Attorneys for Plaintiffs
 4           60 East 42nd Street, Suite 2400
 5           New York, New York 10165
 6      BY:   DAVID A. STRAITE, ESQ.
 7            ADAM PROM, ESQ.
 8            E-MAIL dstraite@dicellolevitt.com
 9                 aprom@dicellolevitt.com
10
11
12      SIMMONS HANLY CONROY LLC
13      Attorneys for Plaintiffs
14           112 Madison Avenue, 7th Floor
15           New York, New York 10016
16      BY:   JASON BARNES, ESQ.
17            AN TRUONG, ESQ.
18            E-MAIL jaybarnes@simmonsfirm.com
19                 atruong@simmonsfirm.com
20
21
22
23
24
25
```

Page  2

```
1        A P P E A R A N C E S:  (Cont'd)
2      QUINN EMANUEL URQUHART & SULLIVAN
3      Attorneys for Defendant
4            191 N. Wacker Drive, Suite 2700
5            Chicago, Illinois 60606
6      BY:   ANDREW H. SCHAPIRO, ESQ.
7            JOSEF ANSORGE, ESQ.
8            E-MAIL andrewschapiro@quinnemanuel.com
9                  josefansorge@quinnemanuel.com
10
11
12     ALSO PRESENT:
13           ALEXANDER ZBROZEK, ESQ., Google
14           KEVIN ASPINWALL, Videographer
15
16
17
18
19
20
21
22
23
24
25
```

Page 3

HARTING - HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1    my binder is tab 2.

2         Q.    Tab 2.  Thank you.

3         A.    It is not dated July 27.

4         Q.    What's the date on that document?

5         A.    May 2, 2021.

6         Q.    May 2?

7         A.    Correct.

8         Q.    Thank you.  We will stick with my

9    Exhibit 1.

10        A.    Okay.

11        Q.    Have you seen this document before?

12        A.    (Document review.)

13              I believe I've seen at least a

14   variant of this document before.  I didn't look

15   at the specific date of the version that I've

16   seen before.

17        Q.    Possibly you saw this version, but

18   it's possible you saw another variant?

19        A.    Correct.

20        Q.    Okay.  Could you please turn to

21   page 2 of this document?

22        A.    Yes.

23        Q.    These are the topics for today's

24   deposition.

25              Do you recall seeing these topics?

                                    Page 14

HARTING - HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1           A.    Yes.

2           Q.    Topic D, and just so you're aware,

3     there was a topic C -- there were topics A, B

4     and C, but they were covered at a prior

5     deposition.

6                 You're starting with topic D at the

7     top of page D, reads, "Google's retention

8     practices and protocols relating to ████ and

9     other datapols that contain unstructured data,"

10    et cetera.

11                Do you see that paragraph?

12          A.    Yes.

13          Q.    Are you prepared and did you prepare

14    to testify as to this topic today?

15          A.    Yes.

16          Q.    Below that is topic E, "All steps

17    taken by Google to preserve information

18    relating to the main plaintiffs."

19                Do you see that paragraph?

20          A.    Yes.

21          Q.    Did you prepare to testify as to

22    this topic today?

23          A.    Yes.

24          Q.    You see F, "General retention

25    practices and protocols," and then there's a

Page 15

HARTING - HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1      strike-through.
 2              Do you see that?
 3          A.    Yes.
 4          Q.    Did you prepare to testify as to
 5      this topic as modified by the strike-through?
 6          A.    Let me reread it one more time.
 7      (Document review.)
 8              Yes.
 9          Q.    Below that is topic G, "All
10      identifiers and cookies that could be used to
11      search for information relating to members of
12      plaintiffs' class of users who were not synced,
13      including zwieback, biscotti or any other such
14      identifiers."
15              Do you see that?
16          A.    Yes.
17          Q.    Did you prepare to testify as to
18      this topic today?
19          A.    Yes.
20          Q.    Below that is topic H, "The process
21      by which Google identifies or deletes
22      information to comply with data deletion
23      requests by users."
24              Do you see that topic?
25          A.    Yes.
```

Veritext Legal Solutions
866 299-5127

HARTING - HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

| | |
|---|---|
| 1 | MR. STRAITE:  No.  This is |
| 2 | Exhibit 4.  This is Monsees 11.  We have |
| 3 | entered it as Exhibit 4 here. |
| 4 | A.    I see it labeled as, yeah, |
| 5 | Exhibit 11.  The file name is Exhibit D - |
| 6 | Monsees Ex. 11, correct. |
| 7 | Q.    Do you have that in front of you? |
| 8 | A.    Yes. |
| 9 | Q.    On page 1, towards the bottom, it |
| 10 | says, "Burden to copy potentially relevant |
| 11 | ▮▮▮▮ logs in toto." |
| 12 | Do you see that? |
| 13 | A.    I do. |
| 14 | Q.    Does that mean in total or is that a |
| 15 | ▮▮▮▮ reference? |
| 16 | MR. SCHAPIRO:  Objection to the bad |
| 17 | joke. |
| 18 | A.    It means in total. |
| 19 | Q.    It says, "Storage:  We currently |
| 20 | store ▮▮▮▮▮ of data in these ▮▮ logs." |
| 21 | Do you see that line? |
| 22 | A.    I do. |
| 23 | Q.    Is that referring to that line, the |
| 24 | ▮▮ logs, is that referring to Exhibit 8? |
| 25 | A.    I did not put together this fact |

Page 139

HARTING - HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1          sheet, so I don't know for certain.

2               Q.    What's Google's position?

3                    MR. SCHAPIRO:  Objection.  Google's

4               position about what?

5               Q.    What is Google's position on whether

6          the estimate of ██████████ appearing in

7          Monsees fact sheet number 1, if that

8          corresponds to the ███ logs identified in

9          Exhibit 8?

10                   MR. SCHAPIRO:  Objection, scope.

11              A.    I don't know.

12              Q.    The estimate of ████████

13         appearing in the Monsees fact sheet number 1,

14         does that reflect compressed or encoded data?

15                   MR. SCHAPIRO:  Objection, scope.

16              A.    I don't know.

17              Q.    The second bullet point says,

18         "Costs."  It says, "Storing a lit hold copy of

19         those ██████████████████████

20         ████████████████████████████████

21         ██████████ "

22                   Do you see that line?

23              A.    I do.

24              Q.    Is it Google's position that it

25         would cost ████████████████████████

                                        Page 140

HARTING - HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1  ███████████████████████████████████████

2  █████████████████████████

3           MR. SCHAPIRO:  Objection, beyond the

4       scope of this deposition.  Objection,

5       asked and answered by the 30(b)(6)

6       deponent for whom this was prepared.

7       A.    I don't have this -- I would give

8  you the answer as written here.

9       Q.    ███████████ estimate on this page,

10  does it include or exclude those logs where the

11  retention period is designated permanently?

12          MR. SCHAPIRO:  Objection as beyond

13       the scope of this deposition.  Objection,

14       asked and answered by the 30(b)(6)

15       deponent for whom this was prepared.

16       A.    I don't know to which logs the ████

17  ███████ refers, and so I don't know which of

18  the permanent logs would be included in that.

19       Q.    Thank you.  One second.

20          MS. TRUONG:  Counsel, we're going to

21       be introducing two exhibits.  We'll start

22       with 9, but I'm going to go ahead and add

23       Exhibit 10 because it's fairly large

24       showing.  So we want to start working on

25       getting that over to Mr. Harting.

                                    Page 141

HARTING - HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1          THE WITNESS:  Would this be a good

2     time to take five?

3          MR. STRAITE:  Yes, we can always

4     take a break whenever you need, as long as

5     there's not a pending question.  This is a

6     perfect time.

7          How much time do you need?

8          THE WITNESS:  I'm happy with ten

9     minutes right now.

10          MR. STRAITE:  Okay.

11          MR. SCHAPIRO:  Can we go off the

12     record for the rest of this discussion?

13          THE VIDEOGRAPHER:  This concludes

14     Media Number 2.  Going off record,

15     12:13 p.m.  Thank you.

16          (Recess taken.)

17          (Harting Exhibit 9, CSV File, Bates

18     Stamped GOOG-CALH-00039126, marked for

19     identification.)

20          (Harting Exhibit 10, CSV File, Bates

21     Stamped GOOG-CALH-00039128, marked for

22     identification.)

23          THE VIDEOGRAPHER:  Back on the

24     record.  This marks the beginning of Media

25     Unit 3, 12:28 p.m.  Thank you.

Veritext Legal Solutions
866 299-5127

HARTING - HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1            Q.    And would it surprise you to learn
 2      that ID number 2 -- I'm going to pause for a
 3      second.
 4                  What would you look at to find out
 5      what these segment IDs mean?
 6            A.    I don't know.
 7            Q.    Who would know?
 8            A.    I don't know.
 9                  MR. STRAITE:  Could we upload the
10            next document, please?
11                  MS. TRUONG:  Just one moment.  Okay.
12            Exhibit 20 should now be up.
13                  (Harting Exhibit 20, Profile Data,
14            Bates Stamped GOOG-CALH-00072886, marked
15            for identification.)
16            A.    I have Exhibit 20.
17            Q.    Mr. Harting, in front of you, marked
18      Exhibit 20, the document should bear Bates
19      number ending in 72886.
20                  Is that the document you have in
21      front of you?
22            A.    That is correct.
23            Q.    Have you seen this document before?
24            A.    At first glance, no.  I'm happy to
25      go back to my table of contents to confirm
```

HARTING - HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1          that.
 2               Q.    Please.
 3               A.    (Document review.)
 4                     There's nothing in my table of
 5          contents that match that Bates number.
 6               Q.    Okay.  Does this document look
 7          familiar?  Other than the fact that you haven't
 8          seen this particular document, have you seen
 9          documents like this?
10               A.    I'm going back to the binder
11          briefly.  (Document review.)
12                     No, I have not.
13               Q.    Okay.  So this document starts at
14          the top.  It says,
15
16                     What is            ?
17               A.    I don't know.
18               Q.    Data source is indicated as
19
20                     What is that?
21               A.    I don't know.
22               Q.    You testified earlier that plaintiff
23          profiles are pulled from     ; is that right?
24               A.    I believe so, yes.
25               Q.    And here it says data source is
```

Page 264

HARTING - HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1       ███████████████████████████████ .
 2              Is that the same thing as ████████ ?
 3       A.    I don't know.
 4       Q.    And do you know whether the
 5   plaintiffs -- the named plaintiffs' information
 6   is being preserved in ██████████████████████ ?
 7       A.    I don't know what
 8   ██████████████████████ , and I don't know if
 9   it is a data store that would have data that
10   could be preserved.
11       Q.    But it seems to be a data source.
12   Doesn't it say data source?
13              MR. SCHAPIRO:  Objection, calls for
14         speculation.
15       A.    Yeah, I don't know exactly what
16   ██████████████████████ means.
17       Q.    Right.  Who would know?
18       A.    I don't know.
19       Q.    Here it says, ████████████████████
20              Do you see that?
21       A.    Yes.
22       Q.    How many segment IDs are there in
23   these profiles used to target users?
24              MR. SCHAPIRO:  Objection to the
25         clause built into the question.
```

                                          Page 265

```
 1                   C E R T I F I C A T E

 2

 3        STATE OF NEW YORK )

                                  :ss

 4        COUNTY OF RICHMOND)

 5

 6              I, MELISSA GILMORE, a Notary Public

 7        within and for the State of New York, do hereby

 8        certify:

 9              That CURT HARTING, the witness whose

10        deposition is hereinbefore set forth, was duly

11        placed under oath by me and that such

12        deposition is a true record of the testimony

13        given by such witness.

14              I further certify that I am not

15        related to any of the parties to this action by

16        blood or marriage; and that I am in no way

17        interested in the outcome of this matter.

18              IN WITNESS WHEREOF, I have hereunto

19        set my hand this 6th day of August, 2021.

20

21

22

23

24              MELISSA GILMORE

25
```

Veritext Legal Solutions
866 299-5127