UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | Case No. 21-cv-02155-YGR (VKD)<br><br>**ORDER RE REMAINING DISPUTES RE GOOGLE'S PRIVILEGE CLAIMS**<br><br>Re: Dkt. Nos. 519, 521 |

This order addresses the parties' remaining disputes about Google's privilege claims, following their most recent status report and proposals for further proceedings.

## I. BACKGROUND

In the parties' status report, Google states that it re-reviewed all disputed entries on its privilege log, produced additional documents in whole or in redacted form, and revised any privilege log entries that did not already include the information specified in the Court's March 27, 2023 order (Dkt. No. 461 at 2-3 (¶ 2)). *See* Dkt. No. 519 at 3-4. The report attaches Google's revised privilege log as Exhibit A. Dkt. No. 518-2 (sealed).

Plaintiffs report that Google did not supplement the information for 3,021 of its privilege log entries, and plaintiffs contend that Google has thereby waived any privilege claims as to those entries. *See id.* at 1. Plaintiffs further report that where Google has supplemented its privilege log entries, plaintiffs continue to challenge 182 of those entries. *See id.* at 1-2. Plaintiffs summarize their remaining objections in eight categories, labeled A-H, in the status report. *Id.* at 2.

Separately, plaintiffs have filed an administrative motion asking the Court to consider plaintiffs' annotations to Google's revised privilege log indicating the reasons plaintiffs challenge the disputed entries. Dkt. No. 521. Google opposes this motion as contrary to the Court's prior

1  order directing the parties to summarize the status of their disputes and provide proposals for
2  resolving the disputes that remain.  Dkt. No. 525 at 1.  Additionally, Google objects that plaintiffs'
3  annotations "short-circuit" the Court's dispute resolution process by providing no opportunity for
4  Google to respond to plaintiffs' challenges on an entry-specific basis.  *Id.* at 1-2.
5  Google proposes that the Court review the revised privilege log, in view of the parties'
6  prior briefing and this Court's prior orders.  *Id.* at 5.  Plaintiffs propose that the Court order
7  Google to produce the 3,021 logged documents as to which plaintiffs contend privilege has been
8  waived, and that the Court resolve the parties' disputes regarding 182 of the remaining disputed
9  entries, including by reviewing all such document *in camera* as necessary.  *Id.* at 4-5.

## II.    LEGAL STANDARD

### A.    Attorney-Client Privilege

As this action is premised on federal question jurisdiction, federal common law governs issues of privilege.  Fed. R. Evid. 501; *United States v. Ruehle*, 583 F.3d 600, 608 (9th Cir. 2009).  "The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice."  *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020).  The privilege extends to a client's confidential disclosures to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such disclosures.  *Ruehle*, 583 F.3d at 607 (citations and quotations omitted).  "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed."
*Id.* (citations and quotations omitted).

In the Ninth Circuit, whether information is protected by the attorney-client privilege is determined using an eight-part test:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Sanmina*, 968 F.3d at 1116.  Where a communication has more than one purpose, it may be protected as privileged if the primary purpose of the communication is to give or receive legal

1    advice, as opposed to business or some other non-legal advice. *In re Grand Jury*, 23 F.4th 1088,

2    1092 (9th Cir. 2021) (describing and adopting the "primary purpose" test for dual-purpose

3    communications), *cert. granted sub nom. In re Jury*, 143 S. Ct. 80 (2022), *cert. dismissed as*

4    *improvidently granted*, 143 S. Ct. 543 (2023).

5          A party claiming that a document or information is privileged has the burden to establish

6    that the privilege applies. *See United States v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002);

7    *Ruehle*, 583 F.3d at 608. A party asserting privilege may make a prima facie case that the

8    privilege or protection applies by "describ[ing] the nature of the documents . . . in a manner that,

9    without revealing information itself privileged or protected, will enable other parties to assess the

10   claim." Fed. R. Civ. P. 26(b)(5)(A); *see also Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court*

11   *for Dist. of Mont.*, 408 F.3d 1142, 1148 (9th Cir. 2005). The Ninth Circuit has held a party can

12   meet this burden by providing a privilege log that identifies "(a) the attorney and client involved,

13   (b) the nature of the document, (c) all persons or entities shown on the document to have received

14   or sent the document, (d) all persons or entities known to have been furnished the document or

15   informed of its substance, and (e) the date the document was generated, prepared, or dated." *In re*

16   *Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992) (citing *Dole v. Milonas*, 889 F.2d

17   885, 888 n.3 (9th Cir. 1989)). However, a party may substantiate a claim of privilege by other

18   means. *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 237 (N.D. Cal. 2015) ("Briefs,

19   declarations or other proof may establish the purpose of the communication or the specific role of

20   the sender and each individual recipient.").

21         A party challenging application of the attorney-client privilege may request *in camera*

22   review. "Although in camera review of documents does not destroy the attorney-client privilege,

23   it is an intrusion which must be justified." *In re Grand Jury Investigation*, 974 F.2d at 1074. "To

24   empower the district court to review the disputed materials in camera, the party opposing the

25   privilege need only show a factual basis sufficient to support a reasonable, good faith belief that in

26   camera inspection may reveal evidence that information in the materials is not privileged. If the

27   party makes such a showing, the decision whether to conduct the review rests within the discretion

28   of the district court." *Id*. at 1075. The court's discretion is guided by the following factors: (a) the

3

1  amount of material to be reviewed, (b) the relevance of the material to the case, and (c) the

2  likelihood that in camera review will reveal evidence establishing that the material is not

3  privileged. *Id.* (citing *United States v. Zolin*, 491 U.S. 554, 572 (1989)).

### B. Work Product Doctrine

The attorney work product doctrine protects from discovery materials that are prepared by or for a party or its representative in anticipation of litigation. Fed. R. Civ. P. 26(b)(3). The doctrine provides qualified protection against discovery of the legal strategies and mental impressions of a party's counsel. *Hickman v. Taylor*, 329 U.S. 495, 508-10 (1947); *Upjohn Co. v. United States*, 449 U.S. 383, 390-91 (1981). It does not protect facts from disclosure unless disclosure of those facts would inherently reveal an attorney's strategies or mental impressions. *See, e.g., O'Toole v. City of Antioch*, No. 11-cv-01502 PJH (MEJ), 2015 WL 1848134, at *3 (N.D. Cal. Apr. 14, 2015); *Hamilton v. RadioShack Corp.*, No. 11-cv-00888 LB, 2012 WL 2327191, at *4-5 (N.D. Cal. June 18, 2012).

Work product may be discoverable if the materials meet the requirements of Rule 26(b)(1)—i.e., they are relevant and proportional to the needs of the case—and if the party seeking production shows a "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). Upon such a showing, a court must nevertheless "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).

## III. DISCUSSION

### A. Google's Revised Privilege Log

#### 1. Whether Google Has Waive Privilege or Protection

Citing this Court's observation that Google's privilege log entries generally do not provide sufficient information for the Court to assess the merits of Google's privilege claims, and that many of the entries do not disclose the information the Ninth Circuit has held sufficient to make a prima facie claim of privilege, plaintiffs contend that Google has "waived" its privilege claims as to any entry it did not amend in its revised privilege log. Dkt. No. 519 at 1 (citing Dkt. No. 461 at

4

1). Google disagrees and contends that it has fully complied with the Court's orders. *Id.* at 3.

Plaintiffs' argument is not persuasive. The Court's March 27, 2023 order required Google to (1) re-review all of the documents corresponding to the 5,177 disputed entries on its privilege log that had not already been reviewed; (2) produce any documents for which the privilege or protection claim was withdrawn or modified; and (3) for the remaining entries, provide at least the following information for each entry: "(1) date, (2) author/sender/custodian name, (3) all known recipients, (4) the attorney(s) involved, (5) the nature of the document, (6) the subject matter of the document, (7) the privilege or protection claimed, and (8) an explanation of the basis for the claim of privilege or protection if not evident from the other information disclosed for that entry sufficient to enable the Court to evaluate the claim without reviewing the document *in camera*." Dkt. No. 461 at 2. In addition, for distribution lists, the Court required Google to provide "the current membership of the list, a description of the nature of the list (*e.g.*, company-wide, specific department, executive team, etc.), a statement indicating whether, at the time of the communication, the list included any recipients who were not Google employees, and an explanation for why disclosure to the distribution list does not undermine or destroy the confidentiality of the privileged or protected communication in question." *Id.* at 2-3. The Court did not order Google to revise every remaining entry on its privilege log, but only to ensure that the remaining entries included this information. Plaintiffs give no indication that they have reviewed the 3,021 entries that fall into their category A (i.e. "inadequate description") to determine whether they contain the information the Court ordered Google to provide.

In any event, waiver of privilege or protection does not follow automatically from a party's failure to assert a privilege or protection claim with adequate specificity; rather, the Court must "make a case-by-case determination, taking into account" several factors, which must be "applied in the context of a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process." *Burlington*, 408 F.3d at 1149. For these reasons, the Court does not order Google to produce the 3,021 plaintiffs identify as category A at this time.

### 2. Specific Dispute Categories

Plaintiffs identify several grounds for challenging the remaining entries on Google's

revised privilege log, which they label as categories B-H, as follows:

| Category | Description |
|---|---|
| B | Comments on a Google Doc or presentation, where Google has not identified the underlying document or established that it is privileged. |
| C | For distribution list communications, Google has not shown that communications to the list were made in confidence. |
| D | No attorney identified, and description does not show that the document seeks or reflects legal advice. |
| E | A member of Google's legal department is one of many recipients, and there is no indication that the primary purpose of the communication is to seek or obtain legal advice. |
| F | Documents does not appear to have been created by or sent to an attorney. |
| G | Google has withheld an entire document but has not shown that the privileged portions are "inextricably intertwined" with non-privileged portions. |
| H | Inadequate claim of work product protection. |

Dkt. No. 519 at 2.  Google provides a summary of its responses corresponding to each of these challenges.  *Id.* at 3-4.  Both parties refer the Court to their prior briefing and this Court's prior orders on these same types of challenges.  *See id.* at 2, 5 (citing, Dkt. Nos. 339, 393, 396, 421, 423).

For reasons further explained below, the Court cannot and will not review the thousands of privilege log entries plaintiffs continue to challenge.[1]  However, to the extent the Court's guidance may assist the parties in further efforts or proceedings to resolve these disputes, the Court provides the following framework for addressing these dispute categories:

Category B:  The Court agrees with Google that comments on a document may be privileged, even if the underlying document is not privileged.  Conversely, not every comment is necessarily privileged simply because the underlying document is.  However, where Google's

---

[1] The Court also declines to review plaintiffs' annotations to Google's revised privilege log. Plaintiffs' administrative motion is denied.  *See* Dkt. No. 521.

privilege log description establishes a prima facie privilege claim, plaintiffs must provide a *factual basis* sufficient to support a *reasonable, good faith* belief that *in camera* inspection may reveal that the logged document is not privileged. *See In re Grand Jury Investigation*, 974 F.2d at 1075. It is not sufficient for plaintiffs to rely solely on the absence of information about the underlying document.

Category C: There may be circumstances in which a document containing an otherwise privileged communication is shared or distributed among employees of a client in a manner that undermines or destroys the confidentiality that is necessary to maintain a privilege claim. As the Court has previously observed, the Ninth Circuit has not yet addressed this issue, although other courts, including district courts within the Ninth Circuit, have addressed it. *See* Dkt. No. 423 at 10. Where a communication is disseminated to many non-attorney employees, a party may reasonably question whether the communication has been made and maintained in confidence. For the 37 entries in this category, Google advises that it has provided an explanation for why disclosure to a multi-employee distribution list does not undermine or destroy the confidentiality of the communication. If, in view of this explanation, plaintiffs can articulate a factual basis for a reasonable, good faith belief that *in camera* review will reveal that the communication is not, in fact, privileged, the Court expects that resolution of such disputes will not only require *in camera* review but also a supporting declaration regarding the roles and responsibilities of the employees and why the communication was shared with them. *See id.* at 10-12 (discussing prior, similar disputes).

Categories D, E, F: The Court agrees with Google that a document may contain legal advice and may be privileged even if the document was not created by or sent by an attorney. However, where the privilege log does not identify the attorney involved, or does not otherwise plausibly support a party's assertion that the document contains legal advice, a party may reasonably question whether the privilege is correctly claimed. With respect to these three categories, where Google's privilege log description establishes a prima facie privilege claim, plaintiffs must provide a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal that the logged document is not privileged. *See In re Grand Jury*

1  *Investigation*, 974 F.2d at 1075. Plaintiffs may not rely solely on speculation that the primary

2  purpose of the communication is something other than seeking or obtaining legal advice, or that

3  the document does not contain legal advice merely because no attorney participated in the

4  communication. *See, e.g.,* Dkt. No. 423 at 9 (discussing prior, similar dispute).

5  <u>Category G</u>: Citing *United States v. Christensen*, 828 F.3d 763 (9th Cir. 2015), plaintiffs

6  challenge nearly every remaining disputed entry on the ground that Google has withheld a

7  document in its entirety where the privileged portions are not "inextricably intertwined with the

8  rest of the text" and could be produced in redacted form. *See* Dkt. No. 519 at 2 (3,120 entries). In

9  *Christensen*, the Ninth Circuit reviewed a district court's determination regarding whether audio

10  recordings between an attorney and a private investigator were privileged, and if so, whether the

11  crime-fraud exception applied. *See Christensen*, 828 F.3d at 798–99. The Ninth Circuit

12  reaffirmed that *in camera* review of disputed privileged material requires "a factual basis adequate

13  to support a good faith belief by a reasonable person that *in camera* review of the materials may

14  reveal evidence to establish the claim that the crime-fraud exception applies." *Id.* at 800 (quoting

15  *Zolin,* 491 U.S. at 572) (cleaned up). It concluded that, after conducting such an *in camera* review

16  of the recordings, the district court had correctly found "[e]xtensive incriminating evidence of the

17  illegal wiretapping" and that "[t]he small fraction of the recordings that might have entailed

18  privileged communications was not so large or intertwined with the rest of the recorded

19  conversations as to require the extension of the privilege over all of the recordings." *Id.* at 802.

20  The Court agrees with plaintiffs that Google may not withhold a document in its entirety as

21  privileged if non-privileged portions of the document are distinct and severable, and if their

22  disclosure would not reveal the substance of the privileged portions. *Id.* at 803. However, to the

23  extent plaintiffs contend that *Christensen* requires Google to make an affirmative showing on this

24  point for every privilege log entry, the Court disagrees that this is what *Christensen* requires;

25  rather, the case confirms that if the privilege log description establishes a prima facie privilege

26  claim, plaintiffs must provide a factual basis sufficient to support a reasonable, good faith belief

27  that *in camera* inspection may reveal that the logged document is not privileged in its entirety and

28  should be produced in redacted form. *See id.* at 800; *In re Grand Jury Investigation*, 974 F.2d at

8

1075.

Category H: Plaintiffs challenge 5 Google privilege log entries as asserting inadequate grounds for work product protection, but they do not elaborate further. So long as the privilege log description establishes a prima facie work product protection claim, plaintiffs must provide a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal that the logged document is not protected. *See In re Grand Jury Investigation*, 974 F.2d at 1075.

### B. Further Proceedings

Neither side has offered a practical approach for resolving the parties' disagreements concerning the potentially thousands of disputed privilege log entries without imposing an unreasonable burden on the Court. In this order and its prior orders, the Court has provided guidance and a framework for addressing the disputes that remain. However, unless there are disputes that can be resolved at a categorical level, or that require assessment of only a limited number of individual entries or documents, the Court is inclined to recommend referral to a special master, with each side to bear the expense of the master's services in proportion to that side's success or lack thereof on the merits—e.g., a party who prevails on 80% of the disputed privilege claims will be required to pay only 20% of the special master's fees and expenses.

The Court directs the parties to reflect on how they wish to proceed, confer, and report their agreed or respective views in a joint report by **August 16, 2024**. The parties may extend this deadline by stipulation if they wish.

**IT IS SO ORDERED.**

Dated: August 1, 2024

Virginia K. DeMarchi
United States Magistrate Judge