1

2

3           **UNITED STATES DISTRICT COURT**

4           **NORTHERN DISTRICT OF CALIFORNIA**

5

6

7   **IN RE GOOGLE RTB CONSUMER PRIVACY**          **Case No.: 4:21-cv-02155-YGR**
    **LITIGATION**
8                                                   **ORDER DENYING PLAINTIFFS' MOTIONS FOR**
                                                    **RELIEF FROM NONDISPOSITIVE PRETRIAL**
9                                                   **ORDER**

10                                                  Dkt. Nos. 496, 497, 500, 553

11

12

13

14         Plaintiffs have filed motions for relief from four nondispositive pretrial orders. (Dkt. Nos.

15  496, 497, 500, 553.) Magistrate Judge DeMarchi issued the nondispositive orders from April to

16  July 2023. (*See* Dkt. Nos. 481, 485, 491, and 543.) The Court having considered the motions and

17  the papers and pleadings in support thereof, **DENIES** plaintiffs' motions for relief explicitly.  They

18  were effectively denied by operation of local rules.

19  **I.   LEGAL STANDARD**

20         In federal court, a motion for relief from a nondispositive order should only be granted

21  when the moving party establishes that the nondispositive order by the magistrate judge is clearly

22  erroneous or contrary to law. Fed. R. Civ. P. 72; *see Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404,

23  1414 (9th Cir.1991) ("the magistrate's decision on a nondispositive issue will be reviewed by the

24  district judge under the clearly erroneous standard"); *Barnes & Noble, Inc. v. LSI Corp.,* No. C–

25  11–2709 EMC, 2013 WL 841334, at \*1 (N.D.Cal. Mar. 6, 2013) (same). "In finding that the

26  magistrate judge's decision is 'clearly erroneous,' the Court must arrive at a definite and firm

27  conviction that a mistake has been committed." *Barnes & Noble*, 2013 WL 841334 at \*1 (internal

28  citations and quotations omitted). This standard of review is extremely deferential *(id.),* conserves

1   judicial resources, and discourages litigants from having multiple bites at the proverbial apple.

2   **II. DISCUSSION**

3       **A. April 14, 2023 Discovery Order Re Bid Response Fields**

4          Plaintiffs seek relief from a portion of a discovery order (Dkt. No. 481), denying plaintiffs'

5   motion to compel defendant to produce certain named plaintiff data from three specific bid

6   response data fields. The data fields in question are logged by defendant as part of its real time

7   bidding ("RTB") auction. They include: ad.skadn.itunesitem, ad.skadn.sourceapp, and

8   ad.advertised_app_id. Plaintiffs argue that Magistrate Judge DeMarchi's order clearly erred in

9   finding that plaintiffs did not explain how information related to the data fields is relevant to a

10  claim or defense. (Dkt. No 496-1 at 2.) Plaintiffs also argue that the order errs in finding that

11  plaintiffs are required to show that the data fields fall under the scope of a prior order requiring

12  production of data fields. (*Id.*)

13         Plaintiffs fail to demonstrate clear err in Magistrate Judge DeMarchi's discovery order. In

14  the parties' joint letter brief, plaintiffs provide only a one-sentence description of each of these

15  data fields, and only implicitly assert that these fields are addressed by language in a prior

16  discovery order. (Dkt. No. 428-2 at 3.) Plaintiffs provide no detail on how the fields are relevant.

17  (*See id.*) Such a description falls well short of plaintiffs' burden to "detail the basis for the party's

18  contention that it is entitled to the requested discovery." Civ. L.R. 37-2; *see also Lofton v. Verizon*

19  *Wireless (VAW) LLC*, 308 F.R.D. 276, 280 (N.D. Cal. 2015). Plaintiffs now focus their argument

20  on the standard for relevance, arguing that Judge DeMarchi misapplied the standard for relevance

21  (Dkt. No. 496-1 at 4 citing F. R. Evid. 401.) Plaintiffs' argument is misplaced, however, because

22  they were required to provide such analysis in the first instance, which they did not do. *See* Civ.

23  L.R. 37-2. It is not the Magistrate Judge's job to argue on behalf of the parties. The "limited

24  constraints of the 1,500 words permitted by the joint letter brief process" is no excuse, as plaintiffs

25  argue. (Dkt. No. 496 at 3.) Parties are not allowed a second bite at the proverbial apple.

26         Plaintiffs' argument that the data fields at issue here fall under Magistrate Judge

27  DeMarchi's August 26, 2022 order (Dkt. No. 429), similarly fails. Plaintiffs argue that Judge

28  DeMarchi's reference to plaintiffs' prior RFP for "[a]ll bid responses associated with each

1    [a]ccount [h]older" is an endorsement of the argument that defendants must turn over all bid

2    responses. This is obviously not the case based on the language of Judge DeMarchi's order

3    denying production, from which plaintiffs now request relief. The order goes out of its way to

4    explicitly reject "over-arching" approaches to data field requests, like the one plaintiffs now

5    advance, instead resolving each data field individually (Dkt. No. 481 at 3.) Therefore, plaintiffs

6    argument that the data fields fall under the prior order because its RFP requested "all bid

7    responses" contradicts the language in the order. Therefore, the Court finds no clear error.

8    **B.  April 14, 2023 Discovery Order Re Bid Request Fields**

9          Plaintiffs seek relief from part of an April 14, 2023 discovery order denying plaintiffs'

10   motion to compel defendant to produce named plaintiff data from ten bid request data fields. (Dkt.

11   485.) Plaintiffs argue that Judge DeMarchi "erroneously declines to consider whether plaintiffs'

12   demand for bid request data falls within the scope of prior discovery requests." (Dkt. No. 497 at 2.)

13         Judge DeMarchi's order does, however, consider whether plaintiffs' demand falls within

14   the scope of prior discovery requests. The order holds that because "plaintiffs now rely exclusively

15   on the Court's August 26, 2022 order as the basis for their present demand for the production of

16   the 12 disputed data fields, the Court considers only whether those fields are within the scope of

17   the Court's prior order." (Dkt. No. 485 at 3.) Plaintiffs now argue that a different prior order from

18   the one they initially put forth supports their argument for additional data fields. (Dkt. No. 497 at 2

19   (citing the parties' July 29, 2022 joint letter brief, which Judge DMarchi resolved in the order at

20   Dkt. No. 269.) Again, plaintiffs attempt to relitigate an issue under a new strategy after failing to

21   sufficiently "detail the basis for the party's contention that it is entitled to the requested discovery."

22   Civ. L.R. 37-2. Here, too, the Court finds that Judge DeMarchi did not err in her prior order, and

23   that plaintiffs inappropriately move for relief from a prior order in an attempt to make arguments it

24   should have made in the first instance.[1]

25

26

---

27       [1] Plaintiffs argue that Judge DeMarchi "accept[s] Google's contentions over those of
     plaintiffs (Dkt. No. 497 at 4), though a careful reading of the nondispositive order demonstrates
28   that is not the case. Defendant simply provides sufficient detail in its initial joint letter brief while
     plaintiffs do not. (*See* Dkt. No. 433-3 at 4-6.)

1
**C.  April 21, 2023 Discovery Order Re Additional Deposition Testimony**

2
Plaintiffs seek relief from the portion of the Order denying plaintiffs' motion to compel

3
Google employee Stanislav Belov to appear for an additional day of deposition. (Dkt. No. 500 at

4
1.) Plaintiffs argue that Judge DeMarchi's order denying their request makes legal errors and

5
violates Rule 30, which states that the "court must allow additional time . . . if needed to fairly

6
examine the deponent or if the deponent, another person, or any other circumstances impedes or

7
delays the examination." Fed. R. Civ. P. 30(d)(1).

8
Plaintiffs argue that their case has important similarities to *Rubalcava v. City of San Jose*,

9
No. 20-cv-04191-BLFVKD, 2022 WL 17551989 (N.D. Cal. Dec. 9, 2022), an opinion in which

10
Judge DeMarchi granted a party's request to reopen a deposition. (Dkt. No. 500 at 4.) In particular,

11
plaintiffs argue that several factors favor them receiving additional time with the deponent,

12
including the deponent's role in the case as a source of evidence, the length of time during which

13
relevant events occurred, the need to fully explore positions on which parties rely, and whether it is

14
necessary for the witness to take time to familiarize themselves with materials in the deposition.

15
(*Id.* at 4.)

16
Plaintiffs do not address the central issue Judge DeMarchi raised with their initial letter

17
brief, however. Plaintiffs fail to identify "information they seek now but were not able to obtain

18
during Mr. Belov's deposition, or why that information is 'critical' to their case." (Dkt. 491 at 5-6.)

19
Because plaintiffs did not specify which topics they were unable to pursue, why they are relevant,

20
and why they were unable to pursue them during their seven allotted hours, plaintiff's request is

21
denied. See *Rubalcava*, 2022 WL 17551989, at *2 & n.2. In their motion for relief, plaintiffs now

22
begin to provide such details, discussing why certain hyperlinked documents were necessary for

23
discussion. Even now, however, plaintiffs do not provide sufficient detail for the Court to

24
determine why they were not able to pursue this line of questioning during their initial deposition.

25
Therefore, the Court finds that Magistrate Judge DeMarchi did not clearly err when evaluating

26
plaintiffs' initial request.[2]

---

27
   [2] Plaintiffs also argue that magistrate judges must review a deposition transcript before rejecting a motion to allow additional deposition, though they cite no authority for such a position.

28
(Dkt. No 500 at 5.) Therefore, they fail to demonstrate clear error.

**D.  July 10, 2023 Discovery Order Re Verticals Fields**

Finally, plaintiffs seek relief from the portion of a nondispositive order denying plaintiffs' motion to compel defendant to produce named plaintiff data from two bid request data fields, which categorize the contents of the website being viewed (content labels) or app being used (app categories) by the named plaintiffs. (Dkt. No. 543.) Plaintiffs argue that these two fields relate to the named plaintiffs because they describe and categorize what is being viewed by each plaintiff while browsing or using an app and were in fact transmitted by Google to bid participants in Google RTB auctions for about half of the class period. (Dkt. No. 553 at 1.)

Plaintiffs argue that several prior orders require defendant to turn over the two data fields at issue. (Dkt. No 553 citing Dkt. Nos. 184, 287, 314, 382.) Plaintiffs' kitchen sink approach does not persuade, however. Plaintiffs cite no authority for their argument that Judge DeMarchi's relevancy finding is in clear error. (*See* Dkt. No. 553.) Further, they do not address, in their initial letter brief or their pending motion for relief, Judge DeMarchi's finding that plaintiffs must specify what information is revealed by the data fields that RTB participants do not already know. (Dkt. No. 543 at 2, 3.) Here, because plaintiffs do not specify such information, they do not meet their burden of demonstrating that the order was in clear error.

**III.CONCLUSION**

In light of the foregoing, the Court **DENIES** plaintiffs' motions for relief from the four nondispositive orders at docket numbers, 496, 497, 500, and 553.

This order terminates Dkt. Nos. 496, 497, 500, 553.

**IT IS SO ORDERED.**

Dated:  August 13, 2024

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE