*Via CM/ECF*

August 16, 2024

Magistrate Virginia K. DeMarchi
Courtroom 2 – 5th Floor
San Jose Courthouse
280 South 1st Street
San Jose, CA 95113

Re: *In re Google RTB Consumer Privacy Litig.*, No. 4:21-cv-02155-YGR (N.D. Cal.)
   Status Update Regarding Plaintiffs' Challenges to Google's Privilege Logs in Response to ECF No. 731

Dear Judge DeMarchi,

In accordance with the Court's order at ECF No. 731, Plaintiffs and Google respectfully submit this joint report outlining their respective proposals for resolution of the pending disputes regarding Google's privilege log and assertions of privilege over documents withheld in this action. The parties met and conferred by videoconference on August 14, 2024, but have been unable to reach agreement on the appropriate next steps.

I. **PLAINTIFFS' POSITION & PROPOSAL**

Consistent with the Court's guidance in the August 1, 2024 Order, ECF No. 761, Plaintiffs propose the Parties engage a special master to help resolve the remaining 3,217 privilege disputes. Plaintiffs have repeatedly conferred with Google in an effort to resolve these disputes—including, most recently, a meet and confer regarding the retention of a special master for this purpose. Regrettably, Google has declined Plaintiffs' and the Court's invitation to supplement its log to substantiate its privilege claims or to engage with Plaintiffs on substance.

Google now opposes appointment of a special master on the basis that it is unnecessary and unduly burdensome, without proposing a viable alternative path. Google's position fails to grapple with the scope of the pending disputes, and will result in further delay of the necessary resolution of disputes to its privilege claims. Engaging a special master at this juncture is the most expeditious way to resolve Google's privilege claims, which are substantial in number especially in light of its overall production. *See* ECF No. 360 at 7 ("The very large number of otherwise responsive documents that Google has withheld as privileged, particularly when compared to the number of nonprivileged documents Google has produced, raises questions about whether Google's privilege assertions—i.e., its decisions to withhold documents in whole or in part from production—are more expansive than Ninth Circuit law permits.").

A court may appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. Proc. 53(a)(1)(C). Appointment of a special master here is appropriate given the scope of disputes remaining and the Court's attention already given to this matter. *See Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 862 (N.D. Cal. 2019) (M.J. Ryu)

(appointing a special master "to determine any issues of privilege" over the 4,690 disputed privilege log entries); *United States v. Burga*, No. 18-CV-01633-BLF-SVK, 2019 WL 3859157, at *7 (N.D. Cal. Aug. 16, 2019) (M.J. Van Keulen) (indicating that the Court "will appoint a special master" to handle remaining privilege disputes and ordering the parties to confer on the "identification of a special master," the process for the special master to review the disputes, and the standard of review for the special master's findings of fact under Rule 53(f)(3)); *Baker v. Chevron USA, Inc.*, 680 F. Supp. 2d 865, 874 (S.D. Ohio 2010) (noting the prior appointment of a special master to conduct the review *in camera* of pending privilege disputes). Plaintiffs' challenges to Google's privilege entries have been pending for over a year (indeed, the vast majority have been pending since 2022, *see* ECF No. 339). These challenges have been the subject of extensive briefing (ECF Nos. 339, 393, 396, 401, 437, 454, 519), one Court hearing (ECF No. 417), and six Court orders (ECF Nos. 360, 421, 423, 439, 461, 731). Most recently, the Court issued the August 1st Order, providing guidance on the pending disputes and finding that "unless there are disputes that can be resolved at a categorical level, or that require assessment of only a limited number of individual entries or documents, the Court is inclined to recommend referral to a special master, with each side to bear the expense of the master's services in proportion to that side's success or lack thereof on the merits." ECF No. 731 at 9.[1]

In response to the August 1st Order, Plaintiffs withdrew several challenges, narrowed their challenges to 2,183 identified entries and, at Google's request, provided additional detail to support their privilege challenges to several dozen additional entries. Google, in contrast, did nothing and has not withdrawn or revised any of its entries. Thus, challenges to 3,217 entries on Google's privilege logs remain in dispute and Plaintiffs raise multiple bases for challenging each entry, which Plaintiffs have described in previous submissions to the Court. *E.g.* ECF No. 519.

As the Court's August 1st Order makes clear, many of the remaining disputes cannot be resolved without a "case-by-case determination." ECF No. 731 at 5. Further, resolving certain disputes may require *in camera* review of potentially thousands of withheld documents. Given the level of fact finding needed and the attention the Court has already given to this matter, the Court should appoint a special master to assist in efficiently resolving these privilege disputes, as no other viable alternative exists at this point and the disputes need to be resolved.

During the Parties' meet and confer on August 14, 2024, Google argued that appointing a special master is unnecessary and that this Court can continue to handle the pending disputes. But this Court has already provided extensive attention to these disputes and indicated that it cannot do more. *See* ECF Nos. 360, 421, 423, 439, 461, 731. Further, even if the Parties were to submit a sample of the disputes to the Court (a process which Plaintiffs had previously proposed and Google opposed, *see* ECF Nos. 454 at 4; 519 at 5), Google has not agreed that it would apply a ruling as to a sample of documents more broadly. A special master can more easily manage a sampling process to ensure the order applies broadly to all similar pending disputes: indeed, Plaintiffs suggested this as one potential pathway for a special master process in the Parties' meet and confer discussion. In contrast, Google has offered no specific pathway for resolving these disputes other

---

[1] Plaintiffs believe the guidance provided by the Court in its August 1st Order provides appropriate direction for the Parties in briefing these disputes, and helpful assistance to a special master in adjudicating them.

than to say "no" to a special master appointment for this purpose.

Google has argued that appointing a special master now would be unduly burdensome where fact discovery has closed. It is unclear how that can be. Plaintiffs raised their challenges well before the close of fact discovery and the withheld documents continue to be relevant to upcoming proceedings. The burden to the Parties of litigating these issues and on the judicial officer in deciding these disputes remains the same irrespective of whether the process is undertaken by the Court or a special master. If anything, Google's argument shows that appointment of a special master at this juncture will help to expedite resolution of these disputes.

Because resolving the thousands of the at-issue privilege disputes will require careful attention, the Court should appoint a special master to handle these remaining disputes. Plaintiffs request that the Court order the Parties to meet and confer to see if they can agree on the selection of a special master and the standard of review to be applied by the person so appointed. If the Parties cannot agree, the Parties should be required to submit four names of proposed special masters (two from each side) within one week of the Court's order and the standard of review will be that set forth in Fed. R. Civ. P. 53(f)(3). The Court's order should specify that any list the Parties submit should not identify which names were proposed by which side. The Court can then select one name from the list for appointment.

## II.   GOOGLE'S POSITION & PROPOSAL

While Plaintiffs continue to present this dispute as complex and time-consuming to force its referral to a special master, their failure to comply with the painstaking guidance this Court has provided, *see* ECF No. 731, reveals that there is no colorable basis to do so. Plaintiffs merely regurgitate thousands of the exact same vague challenges to Google's privilege log they made before the Court issued its last order, underscoring that these challenges are speculative and lack any good faith factual basis. Indeed, Plaintiffs have fully withdrawn their challenges to only ***three*** privilege log entries, leaving a total of ***3,217*** entries at issue—even more entries than existed when the Parties first briefed this dispute prior to the close of fact discovery. Plaintiffs have provided substantive further information about their challenges for just ***34*** of these entries—those pertaining to documents sent via email distribution lists (the "Distribution List Challenges"). As to the remainder, Plaintiffs continue to stand on the same generic and speculative objections that the Court has already confirmed cannot justify in camera review.

Distilled to its essence, this dispute is actually quite manageable, and involves a few dozen documents at most. Given its familiarity with the prior privilege disputes, the Court is also best positioned to resolve the discrete outstanding questions regarding the Distribution List Challenges. Google proposes that the Court address this single remaining dispute and decline to refer this matter to a special master because Plaintiffs have once again failed to articulate a coherent challenge that would justify the sweeping review they demand. Indeed, referral to a special master would be wasteful and inefficient—and it would reward Plaintiffs for their refusal to apply the guidance this Court offered in its prior orders.

The August 1, 2024 order could not be more clear or more straightforward: once Google makes a *prima facie* showing of privilege, "[P]laintiffs must provide a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal that the logged

document is not privileged." ECF No. 731 at 7. ***Plaintiffs have done nothing to justify a special master's intervention as to either step.***

***First***, Plaintiffs do not explain why they believe Google has failed to make a *prima facie* showing of privilege. Rather, they rely on the same argument that this Court already rejected: that Google's existing privilege entries were all per se deficient. The Court was clear, as it confirmed in its most recent order: it "did not order Google to revise every remaining entry on its privilege log, but only to ensure that the remaining entries included this information[,]" a request with which Google has diligently complied.[2] ECF No. 731 at 5. Plaintiffs appear to argue that Google must describe these documents' subject matter in additional detail, but this Court already rejected this argument over a ***year*** ago. Specifically, in resolving a prior privilege dispute in which Plaintiffs raised the same argument, the Court held that "plaintiffs' demand for information about the document title or subject line, the organizational positions of the authors and recipients, and detail about the issue, regulation, or policy that is the subject of the document are unlikely to make it easier for plaintiffs or the Court to assess whether a document actually seeks or contains legal advice." ECF No. 360 at 7. Google has provided all required information for each of its privilege log entries, and Plaintiffs have not explained why ***any*** of the challenged entries are insufficient—much less all of them.

***Second***, Plaintiffs have not made any attempt to articulate a good-faith factual basis for all but 34 of their challenges—even after the Court directed them to do so and the parties met and conferred in response. Aside from the Distribution List Challenges, Plaintiffs' remaining 3,183 challenges remain entirely speculative and virtually unchanged. In the most recent annotated version of Google's privilege log that Plaintiffs sent to Google on August 9, 2024, the vast majority of Plaintiffs' stated reasons for challenging Google's entries were vague, deficient, and completely ***identical to those Plaintiffs presented when the parties last briefed this issue in the spring of 2023***. See ECF No. 519. These include assertions like "Attorney ID'd, but No Legal-Advice Provided/Solicited" and "Improperly Withheld." This too runs afoul of the Court's prior orders. Specifically, the Court previously found that "Plaintiffs may not rely solely on speculation that the primary purpose of the communication is something other than seeking or obtaining legal advice, or that the document does not contain legal advice merely because no attorney participated in the communication," much less that a document does not contain legal advice ***even where*** an attorney participated in the communication. ECF No. 731 at 8 (referring to Court's order on a "prior, similar dispute"). These kinds of challenges underscore that Plaintiffs have no good-faith basis for their positions and instead continue to ignore the Court's repeated guidance.

\* \* \* \*

---

[2] The required information, as the parties agree, is "(1) date, (2) author/sender/custodian name, (3) all known recipients, (4) the attorney(s) involved, (5) the nature of the document, (6) the subject matter of the document, (7) the privilege or protection claimed, and (8) an explanation of the basis for the claim of privilege or protection if not evident from the other information disclosed for that entry sufficient to enable the Court to evaluate the claim without reviewing the document *in camera*." ECF No. 461 at 2.

Plaintiffs' mere say-so as to both Google's *prima facie* showing of privilege and the basis for their challenges cannot be enough to trigger a special master's review. Were it otherwise, any party could always force its opponent to go through the lengthy and costly special master process simply by taking maximalist discovery positions and refusing to moderate them. While Google appreciates the Court's proposal that the losing party in any dispute before a special master assume a proportionate share of the special master's fees, this proposal is unlikely to discourage Plaintiffs from pursuing meritless positions. For one thing, were the parties to reach a settlement or were Plaintiffs to prevail on a judgment, Plaintiffs have admitted they intend to seek recovery of the special master's costs and their associated attorneys' fees.  In other words, Plaintiffs have no incentive to moderate their position because they believe that they can force Google to either pay now or pay later. *See Vargas v. Howell*, 949.F.3d 1188 (9th Cir. 2020). For another, even if Google were to avoid paying any of Plaintiffs' costs or fees, it would still be forced to incur significant attorney time and fees of its own to resolve this baseless dispute before a special master.

To the extent Plaintiffs continue to challenge the 34 Distribution List Challenges they claim were distributed to an overly broad set of Google employees, the dispute is sufficiently limited that the Court can resolve this challenge itself.  Indeed, the Court need only conduct this review if it concludes that the fact of distribution to more than a certain number of individuals alone may constitute a satisfactory good faith showing to justify in camera review. The Court should order a final set of briefing on these documents—at most. It should decline to refer any other aspects of the parties' privilege disputes to a special master based only on Plaintiffs' speculation and attorney argument.

Respectfully submitted,

Dated: August 16, 2024

**PRITZKER LEVINE LLP**

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (SBN 146267)
Jonathan K. Levine (SBN 220289)
Bethany Caracuzzo (SBN 190687)
Caroline Corbitt (SBN 305492)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
bc@pritzkerlevine.com
ccc@pritzkerlevine.com

*Interim Class Counsel*
**Counsel for Plaintiffs and the Proposed Class**

Dated: August 16, 2024                                    **COOLEY LLP**

By: */s/ Aarti Reddy*
Michael G. Rhodes
Whitty Somvichian
Aarti Reddy
Kelsey R. Spector
Reece Trevor
Anupam S. Dhillon
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Tel.: 415-693-2000
Fax: 415-693-2222
rhodesmg@cooley.com
wsomvichian@cooley.com
areddy@cooley.com
kspector@cooley.com
rtrevor@cooley.com
adhillon@cooley.com

Khary J. Anderson
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Tel.: 202-776-2109
Fax: 202-842-7899
rsaldana@cooley.com
kjanderson@cooley.com

***Attorneys for Defendant GOOGLE LLC***

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, Aarti Reddy, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th day of August, 2024, at San Francisco, California.

*/s/ Aarti Reddy*
Aarti Reddy