Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

[Additional Counsel Appear on Signature Page]

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* | **CASE NO. 4:21-CV-02155-YGR** |
| *This document applies to all actions.* | **PLAINTIFFS' UNOPPOSED MOTION PURSUANT TO L.R. 6-3 AND 7-11 TO AMEND CASE SCHEDULE** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 6-3 and 7-11, and for the reasons set forth below and in the accompanying Declaration of Jonathan K. Levine, plaintiffs seek to extend the class certification and pretrial case schedule in this matter by approximately 11 weeks. Of that time, plaintiffs require approximately eight weeks for plaintiffs' experts to download, process, and analyze more than 120 terabytes of class-wide RTB bid data that defendant Google LLC ("Google") began producing on July 15, 2024, and later appended on August 7, 2024 to include a missing file. Plaintiffs' proposed schedule, which includes a further extension of Google's class certification opposition deadline to a date that Google has selected, is set forth below. The proposed schedule also includes accompanying extensions for merits expert reports, summary judgment briefing, and *Daubert* motions. No trial date has been set.

Prior to bringing this motion, plaintiffs met and conferred with Google concerning the reasons for the case extension in an effort to obtain a stipulation. Google has stated it does not oppose this motion; nor does it oppose the proposed case extension. However, Google will not stipulate to the motion. *See* Levine Decl., ¶ 11.

## II. RELEVANT BACKGROUND

On April 4, 2024, the Court denied without prejudice plaintiffs' motion for class certification under Fed. R. Civ. P. 23(b)(2) and 23(b)(3), while allowing plaintiffs to file a renewed class certification motion under Fed. R. Civ. P. 23(b)(2), to permit plaintiffs to address two issues: "(1) whether the class, as defined, is fail safe and, if so, whether striking 'personal information' from the definition would result in an overbroad class; and (2) whether the RTB data produced thus far is representative of the class as a whole." April 4, 2024 Order at 2 (ECF 690).

On April 5, 2024, the Court set a Case Management Conference for May 6, 2024, with a Joint Case Management Conference Statement due from the parties on April 29, 2024. *See* April 5, 2024 Order (ECF 692).

Also on April 5, 2024, Magistrate Judge DeMarchi set a discovery hearing for April 23, 2024 on plaintiffs' pending motion to compel Google to produce certain class-wide RTB bid data requested by plaintiffs in Request for Production No. 141 ("RFP 141"). *See* ECF 691 (April 5, 2024 Order). In

RFP 141, plaintiffs had requested that Google produce six ten-minute intervals of class-wide RTB bid data spread over a three-year period (2021-2023). *See* Levine Decl., ¶ 4.

Following these three orders, the parties met and conferred, and on April 22, 2024, Google agreed to produce the class-wide RTB data requested by plaintiffs in RFP 141. The parties so advised Magistrate Judge DeMarchi, and the April 23, 2024 hearing was taken off calendar. *See* ECF 698 (April 22, 2024 Stipulation) and ECF 699 (April 22, 2024 Order).

On April 29, 2024, the parties filed their Joint Case Management Statement, in which the parties advised the Court, among other things, that Google would be producing the class-wide RTB bid data requested in RFP 141, but would need until July 15, 2024 (about 11 weeks) to do so in light of the volume of data that Google needed to gather, process and then produce. *See* ECF 703 at 3 (April 29, 2024 Joint CMS). In light of this production date, the parties jointly proposed a case schedule through summary judgment, with plaintiffs filing a renewed class certification motion by September 13, 2024. *Id* at 5-6. On May 1, 2024, the Court so ordered the proposed case schedule. *See* ECF 704 (May 1, 2024 Order). There is no trial date set in this action at this time.

On July 15, 2024 Google made available for download by plaintiffs and their experts more than 120 terabytes (equaling 120,000 gigabytes) of class-wide RTB bid data responsive to RFP 141. *See* Levine Decl., ¶ 6.

Despite diligent efforts by plaintiffs and their experts, downloading, processing and analyzing this extraordinary volume of data is taking considerable time – and far more time than originally anticipated. *See* Levine Decl., ¶ 7. The analytical process also has been delayed by at least three unforeseen data production issues. First, Google produced the data in uncompressed form, which makes the production significantly larger and slower to download. *See id*. Second, a preliminary analysis of the production by plaintiffs' expert revealed that one of the data files was missing from the production. Google uploaded the missing data file and made it available to plaintiffs on August 7, 2024. *See id*. Third, further analysis of the production by plaintiffs' expert revealed that, for one of the six time segments of class-wide RTB bid request data that Google produced, the production does not appear to include signed-in Google account holder data, unlike the other five time segments. *See id*. Plaintiffs notified Google of this latter discrepancy on August 29, 2024, but as of the date of the

filing of this motion, Google has not responded with either the missing signed-in account holder data or an explanation for why there is no such data for that one time segment. *See id*.

Plaintiffs' experts are diligently downloading, processing and analyzing the class-wide RTB data for completeness, and for the purposes of undertaking the detailed analysis contemplated by the Court's April 4, 2024 Order. But, the above-described production issues, and the sheer volume of class-wide RTB data that needs to be carefully downloaded, processed, evaluated for completeness, and then fully analyzed by plaintiffs' experts in order to address the Court's requested inquiry is a resource-intensive and time-consuming process. Despite reasonable diligence, plaintiffs and their experts simply cannot complete these efforts, and set forth an expert analysis in a further class certification expert report, under the current case schedule. Rather, to complete their work, plaintiffs and their experts require an extension of the case schedule by approximately eight weeks. *See* Levine Decl., ¶¶ 8-9.

On August 27, 2024, plaintiffs conferred with counsel for Google and requested that Google agree to an approximately eight week extension of the case schedule to allow plaintiffs and their experts the time needed to complete their work on the new data produced by Google. In that same communication, plaintiffs advised Google that their renewed class certification motion would likely be accompanied by only one new supplemental expert report. *See* Levine Decl., ¶ 10.

On August 30, 2024, Google confirmed that it would not stipulate to amend the case schedule as requested by plaintiffs, but would not oppose a motion by plaintiffs seeking the same relief as long as Google had 11 weeks, or until January 24, 2024, to prepare and file its class certification opposition. *See* Levine Decl., ¶ 11.

While plaintiffs believe that 11 weeks is excessive (even with the intervening Thanksgiving and Christmas holidays) for any class certification opposition by Google under these circumstances, and that the nine weeks plaintiffs originally proposed is more than sufficient given the limited nature of the renewed motion, in the interest of compromise, and subject to Court approval, plaintiffs will agree to the revised schedule that Google has proposed, which is as follows:

| Event | Current Case Schedule | New Case Schedule |
|---|---|---|
| Class Certification Motion | Motion: Sept. 13, 2024<br>Opposition: Nov. 8, 2024 | November 8, 2024<br>January 24, 2025 |

|  | Reply: Dec. 12, 2024<br>Hearing: TBD | February 28, 2024<br>TBD |
|---|---|---|
| Opening Expert Reports | January 31, 2025 | April 18, 2025 |
| Rebuttal Expert Reports | March 14, 2025 | May 30, 2025 |
| Close of Expert Discovery | April 11, 2025 | June 27, 2025 |
| Dispositive/Daubert Motions | Motions: May 2, 2025<br>Oppositions: June 13, 2025<br>Replies: July 11, 2025<br>Hearing: August 26, 2025 | July 18, 2025<br>August 29, 2025<br>September 26, 2025<br>TBD |

### III. GOOD CAUSE EXISTS TO AMEND THE CASE SCHEDULE

The extraordinary volume of data produced by Google, the manner of the production, the issues with the data, and the need for plaintiffs and their experts to have sufficient time to download, process, evaluate for completeness, and analyze the data, and then incorporate that analysis into a renewed class certification motion, all provide good cause for the case schedule to now be extended—particularly when the motion is unopposed by Google. Whether considered under L.R. 6-3 or L.R. 7-11, good cause for this extension exists for several reasons, which are discussed below.

<u>First</u>, plaintiffs have been diligent in pursuing this discovery and generally seeking to advance the litigation as expeditiously and efficiently as possible under the circumstances. Within days of the Court's class certification order, plaintiffs were negotiating with Google for the class-wide data to be produced and for a renewed class certification motion to be filed as expeditiously as possible thereafter. Plaintiffs began downloading, processing, evaluating for completeness, and preliminarily analyzing the data as soon as it was made available by Google beginning on July 15, 2024. There is nothing in the record to suggest that plaintiffs have been dilatory or are in any way at fault for the need to now extend the case schedule as requested.

<u>Second</u>, plaintiffs plainly will be prejudiced without the extension. This data is needed by plaintiffs in order to respond to both of the issues raised by the Court in its class certification order with respect to the representative nature of the named plaintiff data and the composition of the proposed class, which is precisely why Magistrate Judge DeMarchi set a hearing on RFP 141 the day after the class certification motion was denied and why Google ultimately agreed to resolve that dispute by producing everything that plaintiffs had requested in RFP 141. But having now largely produced the data that plaintiffs sought (subject to verification of any missing data files and the date

by which such missing data, if any, will be produced), plaintiffs need the time to properly download, process and analyze that data, and then incorporate that analysis into their renewed class certification expert report and motion, with the usual rigor and care required for expert analysis and by Rule 23.

Plaintiffs will be unduly and unfairly prejudiced if they must file that motion without completing their analysis of the data first. Notably, Google does not claim to be prejudiced in any way by the requested new schedule, which accommodates the date Google claims it desires for its opposition briefing. Importantly, Google does not oppose this motion.

Third, the requested extension is fair and reasonable under the circumstances, not excessive, and will allow for the orderly and efficient prosecution of the litigation. It allows sufficient time for plaintiffs and their experts to download, process, evaluate, and then analyze the class-wide data Google has produced, and to prepare and submit an expert class certification report addressing the Court's class data inquiry, which is what the original schedule contemplated but no longer can accomplish.

## IV. CONCLUSION

For all the foregoing reasons, and for good cause shown, plaintiffs respectfully request that his unopposed motion be granted, the proposed order submitted herewith be entered, and the pretrial schedule be amended accordingly.

DATED: September 3, 2024

Respectfully submitted,

**PRITZKER LEVINE LLP**

By: /s/ Jonathan K. Levine

Elizabeth C. Pritzker (Cal. Bar No.146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
1900 Powell Street, Ste. 450
Oakland, CA 94602
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
bc@pritzkerlevine.com

*Interim Class Counsel*

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Anne K. Davis (Cal. Bar No. 267909)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*adavis@bfalaw.com*
*jsamra@bfalaw.com*

**SIMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 E. 42nd Street, Suite 2400
Tel.: (212) 784-6400
Fax: (212) 213-5949
New York, NY 10165
Tel: (646) 993-1000
*dstraite@dicellolevitt.com*

**COTCHETT PITRE & MCCARTHY, LLP**
Nancy E. Nishimura (Cal. Bar No. 152621)
Brian Danitz (Cal Bar. No. 247403)
Karin B. Swope (admitted *pro hac vice*)
840 Malcolm Road
Burlingame, CA 94010
Tel.: (650) 697-6000
*nnishimura@cpmlegal.com*
*bdanitz@cpmlegal.com*
*kswope@cpmlegal.com*

**BOTTINI & BOTTINI INC.**
Frances A. Bottini, Jr. (Cal. Bar No. 175783)
7817 Ivanhoe Ave., Ste. 102
LA Jolla, CA 92037
Tel.: (848) 914-2001
*fbottini@bottinilaw.com*

*Plaintiffs' Executive Committee*