Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany Caracuzzo (Cal. Bar No. 190687)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*bc@pritzkerlevine.com*

*Interim Class Counsel*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION* | **CASE NO. 4:21-CV-02155-YGR** |
| *This document applies to all actions.* | **DECLARATION OF JONATHAN K. LEVINE IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION PURSUANT TO L.R. 6-3 AND 7-11 TO AMEND CASE SCHEDULE** |

I, Jonathan K. Levine, declare and state as follows:

1. I am an attorney duly admitted to practice before this Court and a partner of Pritzker Levine LLP, one of law firms representing plaintiffs in this matter. I submit this declaration in support of plaintiffs' unopposed motion under Civil Local Rules 6-3 and 7-11 to extend the pretrial schedule in this matter by approximately 11 weeks. I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

2. On April 4, 2024, the Court denied without prejudice plaintiffs' motion for class certification under Fed. R. Civ. P. 23(b)(2) and 23(b)(3), while allowing plaintiffs to file a renewed class certification motion under Fed. R. Civ. P. 23(b)(2), to permit plaintiffs to address two issues: "(1) whether the class, as defined, is fail safe and, if so, whether striking 'personal information' from the definition would result in an overbroad class; and (2) whether the RTB data produced thus far is representative of the class as a whole." April 4, 2024 Order at 2 (ECF 690).

3. On April 5, 2024, the Court set a Case Management Conference for May 6, 2024, with a Joint Case Management Conference Statement due from the parties on April 29, 2024. *See* April 5, 2024 Order (ECF 692).

4. Also on April 5, 2024, Magistrate Judge DeMarchi set a discovery hearing for April 23, 2024 on plaintiffs' pending motion to compel Google to produce certain class-wide RTB bid data requested by plaintiffs in Request for Production No. 141 ("RFP 141"). *See* ECF 691 (April 5, 2024 Order). In RFP 141, plaintiffs had requested that Google produce six ten-minute intervals of class-wide RTB bid data spread over a three-year period (2021-2023).

5. Following these three orders, the parties met and conferred, and on April 22, 2024, Google agreed to produce the class-wide RTB data requested by plaintiffs in RFP 141. The parties so advised Magistrate Judge DeMarchi, and the April 23, 2024 hearing was taken off calendar. *See* ECF 698 (April 22, 2024 Stipulation) and ECF 699 (April 22, 2024 Order).

6. On April 29, 2024, the parties filed their Joint Case Management Statement, in which the parties advised the Court, among other things, that Google would be producing the class-wide RTB bid data requested in RFP 141, but would need until July 15, 2024 (about 11 weeks) to do so in light of the volume of data that Google needed to gather, process and then produce. *See* ECF 703 at

3 (April 29, 2024 Joint CMS). In light of this production date, the parties jointly proposed a case schedule through summary judgment, with plaintiffs filing a renewed class certification motion by September 13, 2024. *Id* at 5-6. On May 1, 2024, the Court so ordered the proposed case schedule. *See* ECF 704 (May 1, 2024 Order). There is no trial date set in this action at this time.

6. On July 15, 2024 Google made available for download by plaintiffs and their experts more than 120 terabytes (equaling 120,000 gigabytes) of class-wide RTB bid data responsive to RFP 141.

7. Despite diligent efforts by plaintiffs and their experts, downloading, processing and analyzing this extraordinary volume of data is taking considerable time – and far more time than originally anticipated. The analytical process also has been delayed by at least three unforeseen data production issues. First, Google produced the data in uncompressed form, which makes the production significantly larger and slower to download. Second, a preliminary analysis of the production by plaintiffs' expert revealed that one of the data files was missing from the production. Google uploaded the missing data file and made it available to plaintiffs on August 7, 2024. Third, further analysis of the production by plaintiffs' expert revealed that, for one of the six time segments of class-wide RTB bid request data that Google produced, the production does not appear to include signed-in Google account holder data, unlike the other five time segments. Plaintiffs notified Google of this latter discrepancy on August 29, 2024, but as of the date of the filing of this motion, Google has not responded with either the missing signed-in account holder data or an explanation for why there is no such data for that one time segment.

8. Plaintiffs' experts are diligently downloading, processing and analyzing the class-wide RTB data for completeness, and for the purposes of undertaking the detailed analysis contemplated by the Court's April 4, 2024 Order. But, the above-describe production issues, and the sheer volume of class-wide RTB data that needs to be carefully downloaded, processed, evaluated for completeness, and then fully analyzed by plaintiffs' experts in order to address the Court's requested inquiry is a resource-intensive and time-consuming process.

9. Despite reasonable diligence, plaintiffs and their experts simply cannot complete these efforts, and set forth an expert analysis in a further class certification expert report, under the current

case schedule. Rather, to complete their work, plaintiffs and their experts require an extension of the case schedule by approximately eight weeks.

10. On August 27, 2024, I conferred with counsel for Google and requested that Google agree to an approximately eight-week extension of the case schedule to allow plaintiffs and their experts the time needed to complete their work on the new data produced by Google. In that same communication, I advised Google that plaintiffs' renewed class certification motion would likely be accompanied by only one new supplemental expert report.

11. On August 30, 2024, Google confirmed that it would not stipulate to amend the case schedule as requested by plaintiffs, but would not oppose a motion by plaintiffs seeking the same relief as long as Google had 11 weeks, or until January 24, 2024, to prepare and file its class certification opposition.

12. Plaintiffs have been diligent in pursuing this discovery and generally seeking to advance the litigation as expeditiously and efficiently as possible under the circumstances. Within days of the Court's class certification order, plaintiffs were negotiating with Google for the class-wide data to be produced and for a renewed class certification motion to be filed as expeditiously as possible thereafter. Plaintiffs began downloading, processing, evaluating for completeness, and preliminarily analyzing the data as soon as it was made available by Google beginning on July 15, 2024.

13. Plaintiffs will be prejudiced without the extension. This data is needed for plaintiffs in order to respond to both of the issues raised by the Court in its class certification order with respect to the representative nature of the named plaintiff data and the composition of the proposed class, which is precisely why Magistrate Judge DeMarchi set a hearing on RFP 141 the day after the class certification motion was denied and why Google ultimately agreed to resolve that dispute by producing everything that plaintiffs had requested in RFP 141. But having now largely produced the data that plaintiffs sought (subject to verification of any missing data files and the date by which such missing data, if any, will be produced), plaintiffs need the time to properly download, process and analyze that data, and then incorporate that analysis into their renewed class certification expert report and motion, with the usual rigor and care required for expert analysis and by Rule 23.

14. Plaintiffs will be unduly and unfairly prejudiced if they must file that motion without completing their analysis of the data first. Google does not claim to be prejudiced in any way by the requested new schedule, which accommodates the date Google claims it desires for its opposition briefing. Google does not oppose this motion.

15. The requested extension is fair and reasonable in the circumstances, not excessive, and will allow for the orderly and efficient prosecution of the litigation. It allows sufficient time for plaintiffs and their experts to download, process, evaluate, and then analyze the class-wide data Google has produced, and to prepare and submit an expert class certification report addressing the Court's class data inquiry, which is what the original schedule contemplated but no longer can accomplish.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct to the best of my knowledge. This declaration was executed in Emeryville, California.

DATED: September 3, 2024                By:  /s/ Jonathan K. Levine
                                             Jonathan K. Levine