*Via CM/ECF*

September 17, 2024

Magistrate Virginia K. DeMarchi
Courtroom 2 – 5th Floor
San Jose Courthouse
280 South 1st Street
San Jose, CA 95113

Re:   *In re Google RTB Consumer Privacy Litig.*, No. 5:21-cv-02155-YGR (N.D. Cal.)
      **Joint Report Regarding Appointment of Special Master in Response to ECF 734**

Dear Judge DeMarchi,

In accordance with the Court's order at ECF No. 734, Plaintiffs and Google respectfully submit this joint report outlining their respective candidates for appointment as special master. With respect to the standard of review of any decision by the appointed special master, each party's respective position is set forth below. The parties and their counsel are identified on **Attachment 1** to this letter.

## I.   Plaintiffs' Position

### A.   Plaintiffs' Proposed Special Master Candidates

Plaintiffs propose the following two candidates for the Court's consideration for this discovery special master appointment:

**The Honorable Wayne D. Brazil (Ret.)**:  Judge Brazil served as a Magistrate Judge in the Northern District of California for 25 years, where he developed expertise in intellectual property, high stakes business disputes, class actions (consumer, wage and hour, securities), employment matters, ERISA, civil rights, and environmental cases. In the course of that career, he has overseen a multitude of discovery disputes.  Since joining JAMS as a neutral, Judge Brazil has been appointed to serve as a discovery special master in a number of pending federal matters, including in *Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Rsch. Inst*., 2022 WL 20650566, at *3 (N.D. Cal. Nov. 8, 2022) (Tigar, J.), discussed below. Judge Brazil's professional bio can be found at https://www.jamsadr.com/brazil/.

**The Honorable Rebecca Westerfield (Ret)**:  Retired from the state court in Kentucky, Judge Westerfield has served as a full-time JAMS panelist in Northern California since 1992. Her extensive experience includes complex, multi-party, and multi-issue cases, as well as matters involving high-tech companies. Judge Westerfield has been appointed to serve as discovery special master in federal matters, including in *In re Apple Inc. Device Performance Litigation*, N.D. Cal. Case No. 5:18-md-0827-EJD, Dkt. No. 188 (Aug. 22,

1

2018), where she was appointed (pursuant to party stipulation) to serve as a discovery special master by Judge Edward J. Davila. Judge Westerfield's professional bio can be found at https://www.jamsadr.com/westerfield/.

Plaintiffs have verified that Judge Brazil and Judge Westerfield are free of conflicts and are available to serve as discovery special master in this matter, if appointed.

### B.     Plaintiffs' Position as to the Applicable "Clear Error" Standard of Review

Plaintiffs believe the Court should review findings of fact made by the special master to be appointed in this matter for clear error. This is the standard of review that Northern District of California courts routinely include in orders appointing special masters to oversee discovery disputes in litigation matters within the District. The appointment order entered by Judge Tigar in *Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Rsch. Inst.*, 2022 WL 20650566, at *3 (N.D. Cal. Nov. 8, 2022), appointing the Hon. Wayne D. Brazil (Ret.) as discovery special master, is one such example. It sets forth the applicable standard of review as follows:

> Standard for the Court's Review. Pursuant to Rule 53(f)(3)-(5), ***the Court shall review findings of fact made or recommended by the special master for clear error***. The Court shall review de novo any conclusions of law made or recommended by the special master. The Court will set aside the special master's ruling on a procedural matter only for an abuse of discretion.

*Id* (bold italics supplied). Other Northern District discovery special master appointment orders repeat this language and include the same "clear error" standard of review as well. *See, e.g., Avaya Inc. v. Pearce*, 2021 WL 1599265, at *3 (N.D. Cal. Apr. 23, 2021) (Illston, J.) (appointing the Hon. Elizabeth LaPorte (Ret.) as discovery special master and ordering review of the special master's findings of fact be for "clear error"); *Silver v. BA Sports Nutrition, LLC*, 2021 WL 1561643, at *1 (N.D. Cal. Apr. 21, 2021) (J. Illston) (appointing Martin Quinn as discovery special master and similarly ordering review of the special master's findings of facts be for "clear error").

Google argues that, in the absence of stipulation, the Court ***must*** adopt a *de novo* standard of review for factual findings of the special master appointed here. That is mistaken. Google's argument, in the first instance, ignores the procedural posture of the discovery master appointment orders cited above. The special master appointment order in *Avaya* adopting the clear error standard was issued by Judge Illston *sua sponte*, without party input or stipulation. The orders in *Celgard* and *Silver*, too, were issued without stipulation. Additionally, Google misconstrues how Rule 53 applies in the context of a discovery dispute involving assertions of privilege. As the Committee Notes to the Rule explain: "Clear-error review is more likely to be appropriate with respect to findings that do not go to the merits of the underlying claims or defenses, ***such as findings of fact bearing on a privilege objection to a discovery request***." Fed. R. Civ. P. 53, 2003, Committee Notes to 2003 Amendment (bold italics added). That is precisely the context here.

Google's cited cases, to the contrary, do not involve discovery master appointments or privilege claim disputes and, therefore, are distinguishable on that basis. *See, e.g.*, *Minor v. Christie's Inc.*, No. C 08-05445 WHA, 2011 WL 902033 (N.D. Cal. Mar. 14, 2011) (court applied

2

*de novo* review to special master report and recommendation regarding post-judgment award of attorneys' fees and expenses); *In re Capacitors Antitrust Litig.*, No. 14-CV-03264-JD, 2020 WL 4000973, at *1 (N.D. Cal. July 15, 2020) (court applied *de novo* review to special master report and recommendation regarding distribution and allocation of class settlement funds); *Language Line Servs., Inc. v. Language Servs. Assocs., Inc.*, 500 F. App'x 678, 679 (9th Cir. 2012) (court applied *de novo* review to special master's denial of motion to modify or vacate a preliminary injunction order).

Finally, Google's argument for *de novo* review of the appointed special master's factual findings as to the parties' privilege disputes is inefficient, wasteful, and imposes a significant and undue burden on the Court. In issuing its Order Re Selection and Appointment of special master to Address Privilege Disputes, the Court made clear that the remaining disputes regarding Google's privilege claims (some 3200 items) "cannot be effectively and timely address by the undersigned or any other district judge or magistrate judge in this district." Dkt. No. 734 at 1. Allowing *de novo* review for each factual determination made by the appointed special master would render the assignment of a discovery special master superfluous, reimposing on the Court the very burdens the Court sought to avoid in issuing its order in terms of the time, expense and resources the Court will have to expend reviewing, *de novo*, any factual finding by the special master with which a party disagrees. This would, in effect, double the expense, double the briefing, and double the personnel time needed to adjudicate these privilege disputes—nullifying the very intent of Court's order.

This Court should follow the lead of other courts in the Northern District, and enter an order that the Court will review findings of fact made or recommended by the appointed discovery special master for clear error.

## II. Defendant's Position

### A. Google's Proposed Special Master Candidates

Google proposes that the Court appoint either **Hon. James L. Warren (Ret.)** or **Hon. Patricia M. Lucas (Ret.)**, both of JAMS, as special master. Judge Warren's and Judge Lucas's offices have indicated to Google's counsel that they are cleared of conflicts and available for this engagement.

> **Judge Warren** served as a judge of the San Francisco Superior Court for over a decade, during which he presided over that court's Law & Motion Department for several years. Based on his judicial service, his private practice before taking the bench, and his experience as a neutral since 2006, Judge Warren has significant familiarity with both complex class action litigation and privilege issues.
>
> **Judge Lucas** was a judge of the Santa Clara Superior Court for approximately twenty years, and her tenure included service as that court's presiding judge and in its civil pretrial, complex civil litigation, and appellate divisions. She has authored multiple publications on civil discovery and has served as a special master or discovery referee as well as a neutral mediator and arbitrator.

B.  **Google's Position as to the Standard of Review**

In its order, the Court requested that the parties consider whether they "will stipulate to Rule 53(f)(3)(A) or (B) as the standard of review." ECF No. 733 at 1. In response to that directive, Google declines to stipulate that the special master's findings of fact be reviewed by a standard other than de novo. Fed. R. Civ. P. 53(f)(3).

Google respectfully disagrees with Plaintiffs' position that clear error review may apply over Google's objection. That assertion is contrary to the plain language of Rule 53(f)(3), which expressly provides that "[t]he court must decide de novo all objections to findings of fact made or recommended by a master, unless the parties, with the court's approval, stipulate" otherwise. *Id.*; *see also* Fed. R. Civ. P. 53 cmt. to 2003 amend. ("The court must decide de novo all objections to findings of fact made or recommended by the master unless the parties stipulate, with the court's consent, that the findings will be reviewed for clear error or—with respect to a master appointed on the parties' consent or appointed to address pretrial or post-trial matters—that the findings will be final."); *Language Line Servs. v. Language Servs. Assocs.*, 500 F. App'x 678, 682 (9th Cir. 2012) ("The district court erroneously applied a clear error standard of review to the Master's findings of fact and conclusions of law instead of conducting de novo review." (citing Fed. R. Civ. P. 53(f)(3), (4)); *In re Capacitors Antitrust Litig.*, 2020 U.S. Dist. LEXIS 125627, at *16 (N.D. Cal. July 15, 2020) After conducting a de novo review of the Special Master's factual findings and legal conclusions as required by Rule 53(f)(3) and (4), the Court adopts the Special Master's Reports and Recommendations as set out below." (emphasis added)); *Minor v. Christie's Inc.*, No. C 08-05445 WHA, 2011 WL 902033, at *1 (N.D. Cal. Mar. 14, 2011) ("A district court 'must decide de novo' all objections to findings of fact and conclusions of law made or recommended by a special master.")); *Bryan v. United Parcel Serv., Inc.*, 2007 WL 2892961, at *2 (N.D. Cal. Sept. 28, 2007) ("Under Rule 53(g)(3), all objections to a special master's findings of fact must be decided de novo, unless the parties otherwise stipulate.").

Respectfully submitted,

Dated: September 17, 2024              **PRITZKER LEVINE LLP**

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (SBN 146267)
Jonathan K. Levine (SBN 220289)
Bethany Caracuzzo (SBN 190687)
Caroline Corbitt (SBN 305492)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
bc@pritzkerlevine.com
ccc@pritzkerlevine.com

*Interim Class Counsel*
**Counsel for Plaintiffs and the Proposed Class**

Dated: September 17, 2024      **COOLEY LLP**

By: */s/ Aarti Reddy*
Whitty Somvichian
Aarti Reddy
Kelsey R. Spector
Reece Trevor
Anupam S. Dhillon
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Tel.: 415-693-2000
Fax: 415-693-2222
wsomvichian@cooley.com
areddy@cooley.com
kspector@cooley.com
rtrevor@cooley.com
adhillon@cooley.com
***Attorneys for Defendant GOOGLE LLC***

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, Elizabeth C., Pritzker, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of September 2024, at Emeryville, California.

*/s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker

Attachment 1

Parties and Counsel

**Plaintiffs**

    Terry Diggs

    Rethena Green

    John Kevranian

    Salvatore Toronto

    Christopher Valencia

    Tara Williams

    Kimberly Woodruff

**Plaintiffs' Counsel**

*Interim Class Counsel:*

PRITZKER LEVINE LLP
Elizabeth C. Pritzker
Jonathan K. Levine
Bethany Caracuzzo
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772

*Plaintiffs' Executive Committee:*

BLEICHMAR FONTI & AULD LLP
Lesley Weaver
Anne K. Davis
Joshua D. Samra
1330 Broadway
Suite 630
Oakland, California 94612
Tel.: (415) 445-4003

SIMONS HANLY CONROY LLC
Jason 'Jay' Barnes
An Truong
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400

1

COTCHETT, PITRE & McCARTHY LLP
Nanci E. Nishimura
Brian Danitz
Karin B. Swope
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel.: (650) 697-6000

DICELLO LEVITT LLP
David A. Straite
James Ulwick
485 Lexington Avenue, Suite 1000
New York, NY 10017
Tel.: (646) 933-1000

BOTTINI & BOTTINI INC.
Frances A. Bottini, Jr.
Aaron Arnzen
7817 Ivanhoe Ave., Ste. 102
La Jolla, CA 92037
Tel.: (848) 914-2001

**Defendant**

   **Google LLC.** As set forth in Google's Corporate Disclosure Statement and Certification of Interested Persons or Entities, ECF No. 24, Google is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company holds more than 10% of Alphabet Inc.'s stock.

**Defendant's Counsel**

COOLEY LLP
Michael G. Rhodes
Whitty Somvichian
Aarti Reddy
Kyle C. Wong
Reece Trevor
Anupam Dhillon
Joyce Rodriguez-Luna
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Tel.: (415) 693-2000