1

2

3

4                     UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7   IN RE GOOGLE RTB CONSUMER              Case No.  21-cv-02155-YGR (VKD)
    PRIVACY LITIGATION
8
                                           **ORDER RE SEALING**
9
                                           Re: Dkt. Nos. 696, 705, 707, 710, 712, 718,
10
                                           721
11

12

13          On April 19, 2024, plaintiffs filed a motion for contempt and for sanctions regarding

14   alleged spoliation of evidence.  Dkt. No. 697.  On May 17, 2024, Google filed its opposition to the

15   motion for contempt.  Dkt. No. 708.  Plaintiffs filed a reply on May 31, 2024, and, at the Court's

16   request, the parties made an additional supplemental submission on June 21, 2024.  Dkt. Nos. 711,

17   719.  In connection with each of these filings, Google asks the Court to seal certain portions of the

18   filed documents.  *See* Dkt. Nos. 705, 707, 712, 721.  Plaintiffs, while filing the documents

19   provisionally with redactions, assert that they do not agree that any of the information should be

20   sealed.  *See* Dkt. No. 696 at 3; Dkt. No. 710 at 1-2; Dkt. No. 718 at 1-2.

21          There is a strong presumption in favor of access by the public to judicial records and

22   documents accompanying dispositive motions that can be overcome only by a showing of

23   "compelling reasons supported by specific factual findings."  *Kamakana v. City & Cnty. of*

24   *Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (cleaned up).  However, the presumption does

25   not apply equally to a motion addressing matters that are only "tangentially related to the merits of

26   a case."  *Ctr. for Auto Safety v. Chrysler Group*, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016).  A

27   party seeking to seal documents or information in connection with such a motion must meet the

28   lower "good cause" standard of Fed. R. Civ. P. 26(c).  *Id.* at 1098-99; *Kamakana*, 447 F.3d at

United States District Court
Northern District of California

1179-80.  The discovery matters at issue here do not address the merits of either party's claims or defenses, so the Court applies the "good cause" standard of Rule 26(c).

Google argues that good cause exists to seal portions of the briefing and supporting materials here because these materials refer to "highly sensitive data logs, data systems, and mechanisms related to the protection of user identifiers that Google maintains as confidential in the ordinary course of its business and that are not generally known to the public or Google's competitors."  Dkt. No. 705 at 4; Dkt. No. 712 at 4; Dkt. No. 721 at 3; *see also* Dkt. No. 707 at 4. Google argues that these materials also contain "confidential, technical details pertaining to Google's advertising products and their proprietary functionalities, data infrastructure, logs, and metrics."  Dkt. No. 707 at 4.  Google asserts that "public disclosure of this information" would potentially "create a risk of cyber security threats," including from actors who seek to "compromise Google's data sources, including data logs, internal data structures, and internal identifier systems in an attempt to improperly access user data or infer additional information about Google users that Google stores in those logs."  Dkt. No. 705 at 4.  Google further states that release of this information puts Google "at risk of irreparable harm because such disclosure may reveal Google's internal strategies, system designs, and business practices for operating and maintaining many of its important proprietary services."  Dkt. No. 707 at 4; *see also* Dkt. No. 712 at 4.

The Court agrees that good cause exists to seal most of the information Google has designated within these documents.  With a few exceptions, the redactions Google proposes to the public versions of these documents are minimal and narrowly tailored to address the concerns it identifies.  *See* Civil L.R. 79-5(c)(3).  Where the Court declines Google's request, the matters Google designates for sealing are not so designated in other parts of the record, *compare* Dkt. No. 705-3 *with* Dkt. No. 705-7, or do not reveal the "highly sensitive data logs, data systems, and mechanisms related to the protection of user identifiers" Google contends are highly confidential. Accordingly, the Court orders that the following portions of the parties' submissions shall be sealed with the exceptions set out below:

| Document | Portions to be Filed Under Seal |
|---|---|
| Plaintiffs' Motion for Contempt and Spoliation Sanctions Re Named Plaintiffs Data ("Plaintiffs' Motion") | Portions highlighted at i, 1-3, 5-12, 14-15, 17 (Dkt. No. 705-3)<br><br>Except:<br><br>• pg. 7, ln. 9: "On . . . orders";<br>• pg. 9, lns. 20-21: "which . . . information";<br>• pg. 10, lns. 16-17: "functional  . . .window" and "to . . . only";<br>• pg. 10 n.11: "processing . . . the" and "in . . . form." |
| Declaration of Jonathan K. Levine in support of Plaintiffs' Motion ("Levine Declaration") | Portions highlighted at pages 1-4 (Dkt. No. 705-5) |
| Exhibit A to the Levine Declaration | Portions highlighted at transcript pages 12:1-3; 12:7-10; 12:20–13:10; 13:12; 13:16 –25, 15:1-6, 15:9-16; 89:4; 223:4; 223:8; 223:11, 223:12; 223:16-17; 223:23; 224:2-3; 224:17; 224:24; 225:1; 225:4-5; 225:11; 225:14; 225:17-18; 225:23; 225:24-25; 226:6; 226:8; 226:18; 226:22; 237:9-10; 238:1; 238:6; 238:11; 238:13-15 (Dkt. No. 705-7)<br><br>Except:  90:1-3. |
| Plaintiffs' Proposed Order Granting Plaintiffs' Motion | Portions highlighted at pages 1-5 (Dkt. No. 705-9) |
| Google's Opposition to Plaintiffs' Notice of Motion and Motion for Contempt and Spoliation Sanctions re Named Plaintiff Data ("Google's Opposition") | Portions highlighted at pages 1-16 (Dkt. No. 707-2) |

| | |
|---|---|
| Declaration of Miju Han in Support of Google's Opposition | Portions highlighted at page 3 (Dkt. No. 707-3) |
| Declaration of Whitty Somvichian in Support of Google's Opposition ("Somvichian Declaration") | Portions highlighted at pages 2-6 (Dkt. No. 707-4) |
| Exhibit B to the Somvichian Declaration | Portions highlighted at page 2 (Dkt. No. 707-6) |
| Plaintiffs' Reply in Support of Motion for Contempt and Spoliation Sanctions Re Named Plaintiff Data | Portions highlighted at pages 1-2, 4-10, 12-13 (Dkt. No. 712-3) |
| Exhibit B to the Notice of Joint Submission of Supplemental Materials Following the June 18, 2024 Hearing | Portions highlighted at page 1 (Dkt. No. 721-3) |

Redacted versions of most of these documents are available on the public docket. *See* Dkt. Nos. 705-4, 705-8, 708, 708-1, 708-2, 708-3, 708-4, 712-2, 721-2. Accordingly, Google is directed to re-file the remaining documents—Plaintiffs' Motion and Exhibit A to the Levine Declaration—redacted in compliance with this Court's order **no later than October 11, 2024.**

In view of this Court's decision and to ensure all information approved for sealing is protected, the Clerk of the Court is directed to place Dkt. Nos. 697, 697-1, 697-2, and 697-3 fully under seal.

**IT IS SO ORDERED.**

Dated: September 30, 2024

Virginia K. DeMarchi
United States Magistrate Judge