United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE GOOGLE RTB CONSUMER
PRIVACY LITIGATION

Case No.  21-cv-02155-YGR (VKD)

**ORDER APPOINTING SPECIAL
MASTER**

As set forth in the Court's Order re Selection and Appointment of Special Master to Address Privilege Disputes (Dkt. No. 734) and Order re Selection of Special Master (Dkt. No. 744), and after consideration of the parties' submissions (Dkt. No. 740), the Court hereby ORDERS as follows:

1.      The Court appoints the Honorable James L. Warren, Ret. to serve as Special Master for the purpose of assisting the Court in reviewing claims of attorney-client privilege and attorney work product protection asserted by defendant Google, Inc.  The Court has considered the declaration submitted by Judge Warren (Dkt. No. 744) and finds that no circumstances exist that would require his disqualification under 28 U.S.C. § 455.  No party objected to the appointment of Judge Warren on the basis of the matters disclosed in his declaration.

2.      The Clerk shall add Judge Warren, through his case manager Jennifer Rodriguez, as a filer on the Court's Electronic Case Filing system ("ECF"), at JRodriguez@jamsadr.com, and the Clerk shall electronically serve this order on Judge Warren, through Ms. Rodriguez.

## I.      DUTIES OF THE SPECIAL MASTER

3.      Except as specifically set forth below, the Special Master will possess the full authority permitted under Rule 53(c) of the Federal Rules of Civil Procedure to perform the duties

set forth in this order.

4.      The Special Master shall review and resolve all remaining disputes regarding Google's claims of attorney-client privilege, attorney work product protection, or other applicable privilege or protection (collectively, "privilege claims"), which are summarized in the Court's August 1, 2024 order as disputes falling within Categories B-H.  *See* Dkt. No. 731 at 5-9.

5.      The Special Master shall proceed with all reasonable diligence, in accordance with the protocol described in this order.  The Special Master shall have discretion to set additional procedures as he sees fit.

## II.      PROTOCOL

6.      Upon the Special Master's appointment, and after first consulting with the Special Master, the parties shall provide to the Special Master, in whatever form the Special Master requires (e.g., paper, electronic, both, etc.), a document or other materials identifying the disputed privilege claims for resolution.

7.      Google shall provide to the Special Master copies of the Court's prior orders addressing the parties' disputes about Google's privilege claims, including specifically the orders at Dkt. Nos. 360, 421, 423, 439, 461, and 731.[1]

8.      At the Special Master's request, the parties shall provide other orders or materials that have been filed on the docket.

9.      In resolving disputes about privilege claims, the Special Master may:

   a.   determine the order in which disputes will be resolved;

   b.   determine whether Google has established a prima facie claim that a privilege or protection applies;

   c.   require the parties to submit briefing and/or supporting declarations;

   d.   review documents *in camera*;

   e.   hear oral argument; and

   f.   conduct other proceedings that the Special Master deems necessary to

---

[1] Any orders filed publicly with redactions shall be provided to the Special Master without redactions.

United States District Court
Northern District of California

1    resolve the disputes.

2    10.    The Special Master may adopt any reasonable procedural requirements, with notice

3    to the parties thereof.

4    **III.    ORDERS, REPORTS, AND RECOMMENDATIONS**

5    11.    The Special Master shall report to the Court his resolution of the parties' disputes

6    regarding Google's privilege claims.  The Special Master may make a series of such reports.

7    12.    The Special Master shall file other reports, such as status reports, as the Court may

8    direct.

9    13.    Pursuant to Rule 53(e), the Special Master shall file any orders, reports, or

10   recommendations with the Court.  If necessary, an order, report, or recommendation may be filed

11   under seal.  In addition to filing, the Special Master shall email copies of his orders, reports, or

12   recommendations to counsel of record for the parties and to the Court.

13   14.    Pursuant to Rule 53(b)(2)(D) and 53(f), the following procedures shall govern any

14   action on the Special Master's orders, reports, or recommendations:  Any party wishing to file

15   objections to or a motion to adopt or modify the Special Master's order, report, or

16   recommendation must file such objection or motion with the Court within 14 days from the day

17   they received the Special Master's order, report, or recommendation.  The party filing the

18   objection or motion shall submit with such objection or motion any record necessary for the Court

19   to review the Special Master's order, report, or recommendation, including any transcripts of

20   proceedings before the Special Master and any documents submitted by the parties in connection

21   with the Special Master's order, report, and recommendation.

22   15.    Pursuant to Rule 53(f)(1), in acting on an order, report, or recommendation of the

23   Special Master, the Court shall afford each party an opportunity to be heard and, at its discretion,

24   may receive evidence and may adopt or affirm, modify, wholly or partly reject or reverse,

25   resubmit to the Special Master with instructions, or make any further orders it deems appropriate.

26   16.    Pursuant to Rule 53(f)(3), the Court will review de novo all objections to findings

27   of fact made or recommended by the Special Master as the parties have not reached agreement on

28   a different standard.  Pursuant to Rule 53(f)(4), the Court shall review de novo any conclusions of

United States District Court
Northern District of California

3

law made or recommended by the Special Master.  Pursuant to Rule 53(f)(5), the Court will set aside the Special Master's ruling on a procedural matter only for an abuse of discretion.

## IV.      OTHER MATTERS

17.      Pursuant to Rule 53(b)(2)(B), the Special Master may communicate ex parte with the Court at any time.  The Special Master shall not communicate ex parte with any party or counsel for any party, unless he first gives notice to the opposing party and obtains the opposing party's consent.

18.      Pursuant to Rule 53(b)(2)(C), the Special Master shall maintain orderly files consisting of all documents submitted to him by the parties and any of his written orders, reports, and recommendations.

19.      Pursuant to Rules 53(b)(2)(E) and 53(g), the Special Master shall be compensated at the rates set forth in his current fee schedule (Dkt. No. 744 at ECF 17) for his services pursuant to this order.  The Special Master shall prepare a monthly invoice for his services, which he shall provide to counsel for the parties.  The Special Master's invoices shall be split equally between plaintiffs, on the one hand, and Google, on the other hand.  As an initial matter, such invoices shall be paid within 30 days.  The Court will review this allocation of responsibility for payment of the Special Master's invoices no later than at the conclusion of the Special Master's work, and will make adjustments to the allocation based on the extent to which a party has prevailed on the disputes presented, with the losing party bearing a greater proportion of expense.

**IT IS SO ORDERED.**

Dated: October 15, 2024

_Virginia K. DeMarchi_
Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

4