# EXHIBIT 23

CONFIDENTIAL

1  IN THE UNITED STATES DISTRICT COURT
2  NORTHERN DISTRICT OF CALIFORNIA
3  OAKLAND DIVISION
4  ---oOo---
5
6  IN RE GOOGLE RTB
7  CONSUMER PRIVACY
8  LITIGATION
9  _____/     Consolidated Number
10  This document applies to    5:21-cv-02155-LHK-VKD
11  all actions.
12  _____/
13
14  CONFIDENTIAL
15  VIDEOTAPED DEPOSITION OF GOOGLE AND SUNEETI VAKHARIA
16  30(b)(6) and Personal Capacity
17
18  November 15, 2023
19
20
21
22  REPORTED BY:
23  EARLY K. LANGLEY RMR, RSA, B.A.
24  CSR NO. 3537
25  JOB NO:  SF 6278992

Page 1

CONFIDENTIAL

1           DEPOSITION OF SUNEETI VAKHARIA

2

3           BE IT REMEMBERED, that pursuant to Notice,

4     and on November 15, 2023, commencing at the hour

5     of 8:02 a.m., in the offices of 840 Malcolm Road,

6     Suite 200, Burlingame, California, before me,

7     EARLY LANGLEY, a Certified Shorthand Reporter,

8     State of California, personally appeared SUNEETI

9     VAKHARIA, produced as a witness in said action,

10    and being by me first duly sworn, was thereupon

11    examined as a witness in said cause.

12                          ---oOo---

13    APPEARANCES:

14    ATTORNEYS FOR THE PLAINTIFFS AND THE

15    PROPOSED CLASS:

16

17           BLEICHMAR FONTI & AULD LLC

18           BY: LESLEY WEAVER, ESQ.

19           BY: MELISSA MATHER, ESQ.

20           1330 Broadway

21           Oakland CA 94607

22           415-445-4003

23           Lweaver@bfalaw.com

24           Mmather@bfalaw.com

25

Page 4

```
 1   ATTORNEYS FOR THE PLAINTIFFS AND THE
 2   PROPOSED CLASS (Cont'd):
 3
 4          PRITZKER LEVINE LLP
 5          BY: BETHANY CARACUZZO, ESQ.
 6          1900 Powell Street, Suite 450
 7          Emeryville, California 94608
 8          bc@pritzkerlevine
 9
10          COTCHETT PITRE & MCCARTHY
11          BY: KARIN SCOPE, ESQ.
12          840 Malcolm Road, Suite 200
13          Burlingame, California 94010
14          650-697-6000
15
16   ATTORNEYS FOR DEFENDANT GOOGLE LLC
17   AND THE WITNESS:
18          COOLEY LLP
19          BY: AARTI REDDY, ESQ.
20          BY: REECE TREVOR, ESQ.
21          101 California Street, 5th Floor
22          San Francisco, California 94111-5800
23          415.693.2029
24          areddy@cooley.com
25          rtrevor@cooley.com
```

Page 5

CONFIDENTIAL

1  ALSO PRESENT:
2          DENISHA BACCHUS, ESQ. (Via Zoom), In-House
3          Counsel for Google
4          ANNE DAVIS (Via Zoom)
5          Cameron Tuttle, Videographer
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 6

| | |
|---|---|
| 1 | --oOo-- |
| 2 | P R O C E E D I N G S |
| 3 | --oOo-- |
| 4 | THE VIDEOGRAPHER: Good morning. We are |
| 5 | going on the record. The time is 8:02 a.m. on    08:02 |
| 6 | November 15th, 2023. |
| 7 | Please note that the microphones are |
| 8 | sensitive and may pick up whispering and private |
| 9 | conversations. Please mute your phones at this |
| 10 | time. Audio and video recording will continue to    08:03 |
| 11 | take place unless all parties agree to go off the |
| 12 | record. |
| 13 | This is Media Unit 1 of the video-recorded |
| 14 | deposition of Suneeti Vakharia taken by counsel |
| 15 | for plaintiff in the matter of In re: Google RTB    08:03 |
| 16 | Consumer Privacy Litigation filed in the United |
| 17 | States District Court for the Northern District of |
| 18 | California, Oakland Division, Case Number |
| 19 | 21-CV-02155-YGR-VKD. |
| 20 | My name is Cameron Tuttle representing    08:03 |
| 21 | Veritext, and I'm the videographer. The court |
| 22 | reporter is Early Langley, also from Veritext. |
| 23 | I'm not authorized to administer an oath. |
| 24 | I am not related to any party in this action, nor |
| 25 | am I financially interested in the outcome.    08:04 |

| | | |
|---|---|---|
| 1 | context. | |
| 2 | Q. Okay. | |
| 3 | A. And that would be some of those additional | |
| 4 | disclosures I'm talking about. | |
| 5 | Q. So for Exhibit 7, in the consent flow, | 11:39 |
| 6 | what is the time period for which Google claims | |
| 7 | this operated to obtain consent from the class | |
| 8 | members in this case? | |
| 9 | A. This has been in existence since July of | |
| 10 | 2016, when the consent bump was introduced. | 11:39 |
| 11 | Q. And -- | |
| 12 | A. And I can double-check that date in my | |
| 13 | declaration, but I believe it was July 2016. | |
| 14 | Yeah, "Beginning in July 2016," that's on | |
| 15 | page 13 of my declaration. | 11:40 |
| 16 | Q. Well, actually, let's look at | |
| 17 | paragraph 35. | |
| 18 | A. Sure. | |
| 19 | Q. And you testify there that: | |
| 20 | "In June 2016, Google launched a new | 11:40 |
| 21 | consent process"; right? | |
| 22 | A. Correct. | |
| 23 | Q. And this was called the "Consent Bump"; | |
| 24 | right? | |
| 25 | A. That's correct. | 11:40 |

Page 183

| | | |
|---|---|---|
| 1 | Q. Why was it called a bump? | |
| 2 | A. A bump -- | |
| 3 | MS. REDDY: I'm just going to object that | |
| 4 | this is outside the scope of the 30(b)(6) notice. | |
| 5 | THE WITNESS: A bump, in general, is kind | 11:40 |
| 6 | of a lay speak for interrupting a user's | |
| 7 | experience to introduce -- a consent bump might | |
| 8 | happen in the account creation moment, where there | |
| 9 | is, like, a moment of pause to introduce something | |
| 10 | where a choice is being made. | 11:40 |
| 11 | A consent bump tends to be where the user | |
| 12 | may already be on Google services and have | |
| 13 | interacted in some way, and we put a pop-up in | |
| 14 | front of the user -- for instance, in this case, | |
| 15 | when they signed in -- to have them actually | 11:41 |
| 16 | proceed through that consent experience and make | |
| 17 | some sort of choice before they proceed with | |
| 18 | whatever they're doing on the service. | |
| 19 | BY MS. WEAVER: | |
| 20 | Q. It's your -- it is Google's contention, | 11:41 |
| 21 | correct, that the consent bump applied to every | |
| 22 | user who received the consent bump in June 2016 to | |
| 23 | the present; correct? | |
| 24 | A. That's correct. | |
| 25 | Q. And it is Google's contention that from | 11:41 |

Page 184

| | | |
|---|---|---|
| 1 | July 2016, existing account holders were taken | |
| 2 | directly to the consent bump, and from that time | |
| 3 | period to the present, Google is relying on the | |
| 4 | consent bump for the argument that it obtained | |
| 5 | users' consent in this case; correct? | 11:41 |
| 6 |      MS. REDDY: Objection. Misstates | |
| 7 | testimony. Calls for a legal conclusion. Outside | |
| 8 | the scope of the 30(b)(6) notice. | |
| 9 |      THE WITNESS: This particular consent bump | |
| 10 | is one of the many communications about how users' | 11:42 |
| 11 | data is used in the context of third parties. So | |
| 12 | this is just one of the multitude that I showed. | |
| 13 | Because there's not a single interaction that is | |
| 14 | overseeing all of the different ways that data are | |
| 15 | used or explaining the -- disclosing to users the | 11:42 |
| 16 | interactions between their data and a third-party | |
| 17 | usage. | |
| 18 |      And so this is one that's explaining in | |
| 19 | more detail the kinds of data that might be | |
| 20 | utilized. | 11:42 |
| 21 |   Q.  Okay. | |
| 22 |   A.  And so -- just to be very specific. | |
| 23 |   Q.  I understand that. | |
| 24 |      Setting aside the other documents that you | |
| 25 | were referring to, this is the question: Does | 11:42 |

Page 185

```
 1    Google contend that beginning in July 2016, the
 2    consent bump you refer to in paragraph 36 was
 3    applied to all Google account users to the
 4    present?
 5         A.   Yes --                                         11:42
 6              MS. REDDY:  Objection.  Calls for a legal
 7    conclusion.  Outside the scope --
 8              THE WITNESS:  -- all users from 2016
 9    onward were eligible to get this consent bump.
10    BY MS. WEAVER:                                           11:43
11         Q.   Okay.  And is Google relying on that
12    consent bump to support the argument that it
13    obtained users' consent in this case?
14              MS. REDDY:  Objection.  Outside the scope
15    of the 30(b)(6) notice.  Asked and answered.             11:43
16    Misstates prior testimony.
17              THE WITNESS:  It is one of -- yes, it is
18    one of the pieces of evidence.
19    BY MS. WEAVER:
20         Q.   Okay.  You didn't actually attach the          11:43
21    consent bump itself to your declaration, did you?
22         A.   I think that's what this is.  Is it not?
23              This is the web flow for the consent bump.
24         Q.   What's the difference between a web flow
25    and the consent itself?                                  11:43
```

Page 186

```
1    STATE OF CALIFORNIA
2
3    REPORTER'S CERTIFICATE
4
5           I, EARLY LANGLEY, a Shorthand Reporter,
6    State of California, do hereby certify:
7           That SUNEETI VAKHARIA, in the foregoing
8    deposition named, was present and by me sworn as a
9    witness in the above-entitled action at the time
10   and place therein specified;
11          That said deposition was taken before me at
12   said time and place, and was taken down in
13   shorthand by me, a Certified Shorthand Reporter of
14   the State of California, and was thereafter
15   transcribed into typewriting, and that the
16   foregoing transcript constitutes a full, true and
17   correct report of said deposition and of the
18   proceedings that took place;
19           That before completion of the proceedings,
20   review of the transcript was not requested.
21          IN WITNESS WHEREOF, I have hereunder
22   subscribed my hand this November 17, 2023.
23
24           [signature: Early Langley]
             EARLY LANGLEY, CSR NO. 3537
25           State of California
```

Page 333

1  Lesley Weaver

2  Lweaver@bfalaw.com

3                                          November 17, 2023

4  RE: In Re: Google RTB Consumer Privacy Litigation

5  11/15/23, GOOGLE AND SUNEETI VAKHARIA, INDIVIDUALLY, #6278992

6  The above-referenced transcript has been

7  completed by Veritext Legal Solutions and

8  review of the transcript is being handled as follows:

9  __ Per CA State Code (CCP 2025.520 (a)-(e)) - Contact Veritext

10     to schedule a time to review the original transcript at

11     a Veritext office.

12 __ Per CA State Code (CCP 2025.520 (a)-(e)) - Locked .PDF

13     Transcript - The witness should review the transcript and

14     make any necessary corrections on the errata pages included

15     below, notating the page and line number of the corrections.

16     The witness should then sign and date the errata and penalty

17     of perjury pages and return the completed pages to all

18     appearing counsel within the period of time determined at

19     the deposition or provided by the Code of Civil Procedure.

20 __ Waiving the CA Code of Civil Procedure per Stipulation of

21     Counsel - Original transcript to be released for signature

22     as determined at the deposition.

23 __ Signature Waived - Reading & Signature was waived at the

24     time of the deposition.

25

Page 334

1  __ Federal R&S Requested (FRCP 30(e)(1)(B)) - Locked .PDF
2     Transcript - The witness should review the transcript and
3     make any necessary corrections on the errata pages included
4     below, notating the page and line number of the corrections.
5     The witness should then sign and date the errata and penalty
6     of perjury pages and return the completed pages to all
7     appearing counsel within the period of time determined at
8     the deposition or provided by the Federal Rules.
9  _X_ Federal R&S Not Requested - Reading & Signature was not
10    requested before the completion of the deposition.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 335