**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
ejohnson@simmonsfirm.com

**DiCELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
Corban Rhodes (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
dstraite@dicellolevitt.com
crhodes@dicellolevitt.com

Amy Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn St., 6th Floor
Chicago, IL 60602
Tel.: (312) 214-7900
akeller@dicellolevitt.com
aprom@dicellolevitt.com
scruz@dicellolevitt.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**PLAINTIFFS' RESPONSE TO GOOGLE'S MOTION FOR CLARIFICATION (DKT. 705) OF THE COURT'S THIRD ORDER COMPELLING GOOGLE TO PRODUCE THE NAMED PLAINTIFF DATA (DKT. 700)**<br><br>Referral: Honorable Susan van Keulen |

I.   **PRELIMINARY STATEMENT**

The Court's Order does not need any clarification. The Court ordered Google to produce "[a]ll Named Plaintiff data currently being withheld by Google, regardless of third-party notification status [by] no later than June 30, 2022." (Dkt. 700). There is no ambiguity. Google's request for "clarification" is really a motion for reconsideration, and there are ample grounds to summarily deny the request.[1]

For almost two years, six Named Plaintiffs have sought production of their data from Google. Google, in turn, has stubbornly refused to identify what Named Plaintiff data is in its possession, let alone produce it. Google has raised specious roadblock after specious roadblock, despite **four** separate orders to produce the data. *See* Dkts. 173-1; 377; 700; and Special Master Order of May 14, 2022. Google now asks the Court to clarify, again: does Your Honor really mean "**all** data?" The answer must be a definitive and final "yes." In fact, Google's motion for "clarification" reveals more discovery misconduct. As has happened throughout this litigation, Google yesterday admitted ***that it is withholding yet more named plaintiff data,*** even data not subject to third-party notification, that Google had not previously identified (the "Newly Revealed Plaintiff Data"). And Google still refuses to identify, comprehensively, what Named Plaintiff data it possesses. Instead, Google claims that the Newly Revealed Plaintiff Data is not "relevant," offering examples like G-mail messages and chats that would be swept up by the Court's order. *See* Dkt. 705 at 4. But Google is not asking to just exclude G-mail messages and chats; Google instead wants *carte blanche* authority to continue withholding any data it wants to on the pretext of relevance.

The history of this litigation suggests that granting Google such discretion will result in severe prejudice to Plaintiffs. *See* Dkts. 558, 685 (reciting history of, and issuing sanctions for, Google's

---

[1] Google's pleading flips the standard for a motion for reconsideration on its head. A court may grant reconsideration upon a showing of "newly discovered evidence." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Facts discovered through recently produced documents and recent deposition testimony are "newly discovered" where a party "acting with reasonable diligence, could not have previously discovered the evidence." *Perez v. Discover Bank*, No. 20-CV-06896-SI, 2022 WL 344973, at *4 (N.D. Cal. Feb. 4, 2022) (citations omitted). Here, the facts here have been in Google's possession for years, and it reveals them now only when a ruling goes against Google's interests.

improper interference with third-party production on the pretense of relevance review). If Google is permitted to use a "relevance" filter, Google will define relevance to exclude from production the most important data in the case: precisely what data Google possesses about the Named Plaintiffs. Plaintiffs respectfully request that the Court enforce its order of April 30, 2021, requiring Google to produce any and all data related to or associated with the Named Plaintiffs, their identifiers and devices, including profiles and all data keyed to Zwieback IDs, by June 30, 2022.

## II. PROCEDURAL BACKGROUND

Google was first ordered to produce all Named Plaintiff data more than a year ago. Dkt. 173-1 (the "April 30, 2021 Order"). After Google announced to Plaintiffs that it would not comply, Plaintiffs brought a motion to compel. On July 13, 2021, the Court appointed a Special Master "for the purpose of assisting this Court in resolving disputes of a *technical nature* in this litigation," including "(1) what information Defendant has regarding Plaintiffs; and (2) what information Defendant has regarding identification of putative class members[.]" Dkt. 246 at 2 (emphasis added).

On September 16, 2021, the Court ordered Google to "identify to the Special Master and Plaintiffs all databases and data logs … that may contain **responsive** information." Dkt. 309 at 1 (emphasis added). The parties were then to discuss a search protocol and the Court stated that its expectation was that "the productions that will result from this process will be completed by the October 6, 2021 deadline previously ordered" by the Court. *Id*. Google did not comply with the order, refusing to identify where "responsive" information was located, and instead limiting its response to a smaller universe of what Google deemed "relevant," a theme that continues to this day. Plaintiffs objected to this limitation in the Special Master process, to no avail.

On November 12, 2021, the Court ordered Google "to provide the Special Master a full list of all data sources which have been searched during the overall data process," requiring that such list include "the name of the data source [and] the date[s] on which the searches to date were carried out." Google was further ordered to "provide a declaration, under penalty of perjury from Google, not counsel, that (1) to the best of its knowledge, Google has provided a complete list of data sources that contain information relevant to Plaintiffs' claims; and (2) *all responsive data related to the Named Plaintiffs have been produced from all searched data sources in the respective prior searches*." Dkt.

377 (emphasis added). Google again failed to comply with the order, and has never provided a description of all such data. Rather, Google identified what it deemed to be "relevant." Dkt. 383. If forced to do so now, it would be the first time Plaintiffs have ever received any such description.

Since that time, for years, Plaintiffs have repeatedly asked Google to identify all data related to the Named Plaintiffs, their identifiers and devices that Google had previously searched, segregated, and preserved. Google identified certain historical data as having been preserved, but refused to provide any further details – including whether there would be any technical burden to its production.

In an attempt to push the technical issues to a finish, the Special Master arranged for informal conferences between counsel, Plaintiffs' experts, and Google engineers on the "last" week of fact discovery. On March 1, 2022, despite Google counsel's earlier claims to the Special Master that the preserved data had not been the subject of a prior "search," a Google engineer stated that Google preserved the data by extracting it from specific data sources using the Plaintiffs' Google Account identifiers, and then preserved it on a litigation platform.

Plaintiffs were shocked by the revelation. The data sources which were the subject of newly directed searches through the Special Master process returned almost entirely null set results for the Named Plaintiffs – when in fact these same data sources had already been searched for Named Plaintiff data and the data segregated, and preserved. In other words, Google forced Plaintiffs to engage in an expensive search process for over a year that Google knew was designed to return null set results, while at the same time hiding a robust set of data from the very same sources being searched.

The Special Master then ordered immediate production of the previously searched and preserved Named Plaintiff data. But Google again refused to comply. Eventually, it was revealed that Google possessed a trove of Named Plaintiff data from prior to the Court's April 30, 2021 order that it had not produced. Google did not dispute the relevance of the data, but still did not comply. Instead, Google claimed – for the first time – that it was required to provide "notice" to all of the different

publishers involved.[2] On May 14, 2022, via email order, the Special Master ordered immediate production of the data on pain of sanctions of $5,000.00 per day, finding Google's delay to be "unacceptable." Google then produced new data gathered in the Special Master-directed log search process, but continued refusing to produce the remaining historically searched and preserved plaintiff data.

On May 25, 2022, the Special Master, Google, and Plaintiffs all agreed that the matter was an issue for the Court to decide – not the Special Master. Accordingly, Plaintiffs raised the issue with the Court. Dkt. 678. Faced with formal Court review, Google reversed course and opposed Plaintiffs' request, telling the Court that it was an issue for the Special Master – the exact opposite of what it had conceded to the Special Master just six days prior. Dkt. 680. The Court then issued its June 13, 2022 Order, which unambiguously directed the production of all Named Plaintiff data. Dkt. 700. Google now seeks "clarification."

## III.   ARGUMENT

Until the filing two days ago, Google had not disclosed that it possesses additional data that it has withheld from production. To the contrary, on March 14, 2022, after repeated requests for clarification from Plaintiffs, Google told the Court (via the Special Master) that Google had "disclosed all of the preserved data sources" for the case. The reason this is critical is that what Google has produced as to the Named Plaintiff and as to test accounts and searches has yielded largely null sets and is otherwise incomplete.

Google's latest revelation invites additional questions. If an entire production is not made, the existence of additional data would invoke, as Google suggests, another expensive, frustrating process in which Plaintiffs and the Special Master must pose questions to guess at what Google possesses, develop additional protocols to address Google's burden assertions, and repeatedly nudge, cajole and demand that Google produce the narrowed set the parties identify. Questions include whether this withheld data includes data keyed to identifiers that track users who are not synced; data keyed to

---

[2] Plaintiffs have repeatedly requested, through the Special Master, that Google provide an exemplar of this form letter or email notice, which is relevant to consent and whether the data is confidential. Google has refused. The Special Master ultimately has not ordered its production because (Plaintiffs believe) it is not a "technical" issue. Plaintiffs also dispute that publisher notice is even required.

users' devices or connecting user's device identifiers; revenue information; profile information; or not sync signals. All of these are directly relevant.

Google also invites the Court to make an unfounded assumption. Google suggests that what it might be withholding would only include "Plaintiffs' Gmail correspondences, Google Chat messages, games saves from Google Stadia, or YouTube TV DVR saves." Dkt. 705 at 4:18-19. Google has never before raised these examples, nor has the focus of the parties' efforts with the Special Master been on such examples. But what Google is attempting to do here is clear: Google is asking for relief from producing all Named Plaintiffs' data by waving a hand at other descriptions of material and asking the Court for a blanket release from its obligations.

Google has had ample time to disclose what it is producing and seek reasonable exemptions from the Court's orders to produce all Named Plaintiff data. Indeed, this Court has ordered Google to produce Plaintiff data three times. *See* Dkt. 173-1 (April 30, 2021 Order); Dkt. 377 (Nov. 12, 2021 Order); Dkt. 700 (June 13, 2022 Order). Its belated disclosures and recent requests to cull relevant information do no support reconsideration of the Court's orders.

In response to Google's request for reconsideration, Plaintiffs request three simple orders.

*First*, Plaintiffs request that the Court, once again, order that Google produce ""[a]ll Named Plaintiff data currently being withheld by Google, regardless of third-party notification status [by] no later than June 30, 2022."

*Second*, Plaintiffs request that the Court order Google to produce an exemplar of the form letter or email that it is sending to notify publishers of its production of this information.

*Third*, Plaintiffs request that the Court order Google to submit a sworn declaration from Google's General Counsel relating to the order of November 12, 2022. This declaration shall affirm that Google has disclosed and produced all Plaintiff data in its possession that has been the subject of searches or automated systems created by Google to extract data relating to the Named Plaintiffs and their devices from Google's general logs.

//

//

//

Respectfully submitted this 16th Day of June 2022.

**BLEICHMAR FONTI & AULD LLP**

By: */s/ Lesley E. Weaver*
Lesley Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

**SIMMONS HANLY CONROY LLC**

By:    */s/ Jay Barnes*
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*

**DICELLO LEVITT GUTZLER LLC**

By:     */s/ David A. Straite*
David A. Straite (admitted *pro hac vice*)
Corban Rhodes (admitted *pro hac vice*)
One Grand Central Place
60 E. 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 993-1000
*dstraite@dicellolevitt.com*
*crhodes@dicellolevitt.com*

Amy Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn St., 6th Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*
*aprom@dicellolevitt.com*
*scruz@dicellolevitt.com*

*Counsel for Plaintiffs*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, David Straite, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th Day of July, 2022, at New York, New York.

By  */s/ David Straite*
David Straite

**CERTIFICATE OF SERVICE**

I, David Straite, hereby certify that on July 19, 2022, I caused to be electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which will send electronic notification to all counsel of record.

/s/ David Straite
David Straite