UNITED STATES
DISTRICT COURT
Northern District of
California

# FAX TRANSMISSION

| TO: | | FROM: | Justine        Fanthorpe |
|---|---|---|---|
| **FAX NUMBER:** | 92134433100 | **NO. OF PAGES:** (INCLUDING COVER): | 141 |
| **PHONE:** | | **DATE:** | 2022-07-15 |
| **RE:** | 4:20-cv-05146-YGR Calhoun et al | **TIME:** | 10:09:24 |

**SUBJECT:**    **4:20-cv-05146-YGR Calhoun et al v. Google LLC**

**DETAILS:**



**Justine Fanthorpe**
CRD to Magistrate Judge Susan van Keulen
280 South First Street, Room 2112
San Jose, CA 95113
United States District Court
Northern District of California
https://cand.uscourts.gov
Justine_Fanthorpe@cand.uscourts.gov
Office: 408-535-5375

2022/07/15 10:09:25    2   /141
Case 4:20-cv-05146-YGR    Document 778-3    Filed 07/22/22    Page 2 of 141
Case 4:20-cv-05146-YGR  Document 766 *SEALED*  Filed 07/15/22  Page 1 of 11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICK CALHOUN, et al.,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 20-cv-05146-YGR  (SVK)

**FILED UNDER SEAL**

**ORDER ADOPTING IN PART AND MODIFYING IN PART SPECIAL MASTER'S MAY 23, 2022 REPORT AND RECOMMENDATION RE PRESERVATION PLAN**

Re: Dkt. Nos. 604, 665

The Court has reviewed the Special Master's Reports and Recommendations relating to Google's preservation of data (Dkt. Nos. 604, 665)[1] and the Parties' objections and responses thereto (Dkt. Nos. 620, 622, 633, 635, 691, 695, 709, 714), as well as voluminous previous briefing relating to preservation issues submitted to the Court and to the Special Master throughout the course of this litigation. In addition, the Court held two hearings, on May 3, 2022 and June 30, 2022, on the Parties' objections to the Reports.

**I.    Relevant Background**

Because it informs this Court's rulings below, the Court provides brief context for the Reports and summarizes the history of the discovery disputes in both the *Brown*[2] and *Calhoun* actions that relate to Google's preservation of data, the subject of the Reports.

The *Brown* and *Calhoun* cases are both putative class actions alleging, *inter alia*, violation of privacy rights by Google arising out of Plaintiffs' use of certain Google products. A significant

---

[1]  Dkt. 604 is also referred to herein as the "April 4, 2022 Report," and Dkt. 665 is referred to as the "May 23, 2022 Report" (collectively, the "Reports").

[2] *Brown, et al. v. Google*, 20-cv-3664-YGR.

United States District Court
Northern District of California

2022/07/15 10:09:25    3  /141
Case 4:20-cv-05146-YGR    Document 778-3    Filed 07/22/22    Page 3 of 141
Case 4:20-cv-05146-YGR   Document 766 *SEALED*   Filed 07/15/22   Page 2 of 11

1  challenge in these cases, where the universe of available data is stratospheric and even the sub-

2  universe of relevant data is unfathomably vast, is finding the balance between accessibility

3  of relevant data and proportionality required under Rule 26. The self-evident impracticality of any

4  party managing every bit of available data is a further challenge.

5      On November 12, 2021, this Court adopted, as modified, the first Report and

6  Recommendation of the Special Master, which provided a complex and detailed process for the

7  identification and production of data from the universe described above. Dkt. 377. As a result of

8  that process (described here in vastly simplified terms), sources of relevant data (referred to as

9  "logs" by the Parties, the Special Master and the Court) were identified and then, from specific

10  data fields within those logs, data was produced. It is the preservation of those data sources and

11  fields, both retroactively and prospectively for the remainder of the litigation, that is the subject of

12  the Reports.

13      The referral history of a preservation plan is set forth in detail in the April 4, 2022 Report

14  (Dkt. 604) and this Court's order adopting the April 4, 2022 Report in the *Brown* matter (*Brown*

15  Dkt. 587) and incorporated herein by reference.[3] Most recently, in late December 2021, the Court

16  directed the Special Master to prioritize the development of a preservation plan in both the

17  *Calhoun* and *Brown* matters. From early January through March 2022, the Special Master held

18  numerous proceedings with the Parties, separately and together, directing them to develop a

19  feasible, comprehensive proposal in each case for the preservation of data, both retroactively and

20  going forward to the end of the litigation. On March 28, 2022, the Special Master informed the

21  Court that the Parties had failed to develop such plans and that he did not believe a collaborative

22  approach was possible in either case.

23      As a result, the Special Master developed a preservation plan for each matter, the initial

24  *Calhoun* version of which is detailed in Exhibit A to the April 4, 2022 Report. The key

25  characteristic of the April 4, 2022 Report was that data from ▮ identified data sources would be

26

27  [3] In addition to the relevant history set forth herein, essential background facts are also set forth in
the April 4, 2022 Report §§ I & II, and in the May 23, 2022 Report and Exhibit A thereto. The
28  Court has reviewed and adopts these findings.

United States District Court
Northern District of California

2022/07/15 10:09:25    4  /141
Case 4:20-cv-05146-YGR    Document 778-3    Filed 07/22/22    Page 4 of 141
Case 4:20-cv-05146-YGR  Document 766 *SEALED*  Filed 07/15/22  Page 3 of 11

1  preserved by taking samples from each source. The April 4, 2022 Report provided for a uniform

2  scope and timing of sampling from each of the ■ sources; no source was preserved in its entirety.

3  Dkt. 604, Exhibit A. The Parties in both cases had an opportunity to object and to respond to their

4  opponents' objections (*Calhoun* Dkts. 620, 622, 633, 635), and the Court held a joint hearing on

5  May 3, 2022. Dkt. 648. At that hearing the Court determined that the recommended preservation

6  plan for *Calhoun* would benefit from further, limited proceedings before the Special Master. *Id.*

7  Specifically, the Court directed the Special Master to work with the Parties to determine if there

8  were certain data sources which warranted a more comprehensive approach to preservation.

9      During the period May 4 - May 17, 2022, the Special Master held a series of conferences

10  and received additional submissions from the *Calhoun* Parties, culminating in the May 23, 2022

11  Report, which is attached hereto as Exhibit 1. The May 23, 2022 Report is a comprehensive

12  preservation plan that, with regards to the ■ sources identified in the April 4, 2022 Report,

13  recommends the following:

15  • ■ data sources to remain substantively unchanged;
16  • ■ data sources to be removed by agreement of the Parties;
   • ■ data sources for which the preservation protocol to be either modified or drafted anew.

17  For the ■ data sources with a modified preservation protocol, the key feature is the addition of

18  "full, ongoing preservation" of certain fields within the data source, in addition to the sampling

19  protocol established in the April 4, 2022 Report. The Parties had an opportunity to object to the

20  modifications reflected in the May 23, 2022 Report and to respond to their opponents' objections.

21  Dkt. Nos. 691, 695, 709, 714. On June 30, 2022 the Court held a hearing on the May 23, 2022

22  Report.

23      At that hearing, as a result of arguments presented and the extensive record before this

24  Court and the Special Master, the Court determined that additional modifications were needed to

25  the preservation protocol for ■ of the ■ data sources: GAIA ■ and Zwieback ■

26  ("ZWBK ■"). *See*, Dkt. 749. The Court ordered the Parties to meet and confer regarding

27  these further, limited modifications. *Id.* The Court received the Parties' proposals on July 8, 2022

28

United States District Court
Northern District of California

2022/07/15 10:09:25    5  /141
Case 4:20-cv-05146-YGR    Document 778-3    Filed 07/22/22    Page 5 of 141
Case 4:20-cv-05146-YGR    Document 766 *SEALED*    Filed 07/15/22    Page 4 of 11

1    and, reformatted at the Court's request, on July 11, 2022 (Dkt. Nos. 752, 754, 758, 760) and has

2    taken them into consideration in adopting the May 23, 2022 Report with modifications as reflected

3    herein.

4    For the Parties' convenience, the Court identifies the following Exhibits to this Order:

5    Exhibit 1    May 23, 2022 Report, with Exhibits A, B

6    Exhibit 2    July 15, 2022  Preservation Protocols and Data Sources

7    Exhibit 3    List of logs without retention period.

8

9    **II.    De Novo Review and Findings**

10    •    The Reports reflect a mix of factual findings and procedural matters.  Rule 53 requires this

11    Court to review factual findings de novo; procedural matters, however, are reviewed only

12    for an abuse of discretion.  Rule 53(f)(3), (5).  As this issue has a long and contentious

13    history, the Court has not parsed substantive from procedural conclusions but rather has

14    reviewed de novo all conclusions of the Special Master reflected in the Reports.  The Court

15    has taken great care to reconsider the preservation instructions and data sources identified

16    in the Reports, as well as the modifications to those instructions and sources.  In so doing,

17    Court has kept in sharp focus the requirements of Rule 26(b)(1) as it relates to the

18    allegations, the proposed class definition, and the defenses in this action.  Pursuant to its de

19    novo review, the Court finds that despite extensive efforts and repeated warnings by the

20    Special Master, the Parties failed to engage in constructive collaboration to develop a

21    reasonable, mutually agreeable preservation plan, which forced the Special Master to

22    develop the preservation plans set forth first in the April 4, 2022 Report and as modified in

23    the May 23, 2022 Report.

24

25    •    Before the May 3, 2022 hearing on the Parties' objections to the April 4, 2022 Report, the

26    Court instructed the Parties to be prepared to address the following issues at the hearing:

27    (1) How Plaintiffs intend to support class certification and whether the preservation plan

28    affects that approach and, if so, how; (2) How the preservation plan impacts support of or

United States District Court
Northern District of California

4

2022/07/15 10:09:25 6 /141
Case 4:20-cv-05146-YGR    Document 778-3    Filed 07/22/22    Page 6 of 141
Case 4:20-cv-05146-YGR    Document 766 *SEALED*    Filed 07/15/22    Page 5 of 11

United States District Court
Northern District of California

1    challenges to liability and damages; and (3) What specific alternatives ameliorate any

2    issues identified in response to the inquiries above? Dkt. 639. Arguments by counsel for

3    Calhoun and Google in response to these questions lead to this Court's determination that

4    the preservation plan would benefit from further proceedings directed at the expansion of

5    the preservation protocol as to certain data sources, culminating in the May 23, 2022

6    Report with revised protocols for ▇ data sources.

7

8    • In developing the final preservation plan that is the subject of the May 23, 2022 Report, the

9    Special Master appropriately took into account the burden of preserving the relevant data

10   sources. *See, e.g.,* May 23, 2022 Report, Exhibit A. From working with the Parties

11   intensively on issues regarding the identification of data sources and production of data

12   pursuant to the Court's November 12, 2021 Order adopting in part and modifying in part

13   the Special Master's previous Report and Recommendation on those issues (Dkt. 377), the

14   Special Master has extensive familiarity with the nature and scope of data sources that are

15   relevant to this case. The Special Master's experience in this regard, along with the record

16   developed over the course of litigation in this case and in *Brown,* establishes the

17   extraordinary burden to Google associated with preserving, in their entirety, the wide range

18   of data sources that have been identified in these cases. *See, e.g., Calhoun* Dkt. 293-4;

19   *Calhoun* Dkt. 634-6 (4/25/22 Harting Decl.) ¶¶ 2-6;[4] *Calhoun* Dkt. 108-6 (2/17/21 Golueke

20   Decl.) ¶10.

21   • At the June 30, 2022 hearing on the Parties' objections to the May 23, 2022 report, the

22   Court determined that it would further modify the preservation protocol for just ▇ of the

23   data sources. The Parties submitted proposals for these modifications, which the Court has

24

25

26   ───────────────
     [4] Objections were asserted to the Harting Declaration at the May 3, 2022 hearing. Assuming such
27   objections were timely, they are **OVERRULED**. The Harting Declaration concerns the burden of
     preservation. This topic was well known to all Parties and is one on which Plaintiffs have deposed
28   witnesses. The fact that this specific witness on the issue of burden was not identified is not
     prejudicial to Plaintiffs.

5

2022/07/15 10:09:25    7  /141
Case 4:20-cv-05146-YGR   Document 778-3   Filed 07/22/22   Page 7 of 141
Case 4:20-cv-05146-YGR   Document 766 *SEALED*   Filed 07/15/22   Page 6 of 11

1    reviewed and considered and incorporates a modified version of Plaintiffs' proposal as set

2    forth in Exhibit 2 hereto. *See* Section C, below.

3

4    • Pursuant to its de novo review, the Court finds that the preservation plan set forth in the

5    May 23, 2022 Report, with the modifications set forth in this Order and Exhibits 2 & 3

6    arising out of the hearing on June 30, 2022, strikes an appropriate and necessary balance

7    between the need to preserve relevant data in an immense universe of data, without

8    imposing undue burden and with careful consideration for the practical challenges to both

9    Parties to manage vast data sets. In achieving this balance, it is inevitable that not all

10   relevant data will be preserved and that the preservation of selected relevant data will be

11   burdensome. Such is the nature of balance.

12

13   • Against this background, the Court has reviewed the Parties' objections to the preservation

14   plans and, pursuant to its de novo review, **ORDERS** as set forth below.

15

16   **A.     Objections to April 4, 2022 Report and Modifications to Preservation Plan**

17   **        1.     Plaintiffs' objections**

18   Plaintiffs' overarching objection to sampling of any data sources in any form is

19   **OVERRULED**. As provided in Exhibit 2 hereto, all of the identified data sources will be subject

20   to sampling. ▮▮▮▮ of the data sources will be subject to a more comprehensive approach to

21   preservation (*see, for example*, Exhibit 2 p. 4, ▮▮▮▮▮▮▮▮▮▮ ) but, except for the one-

22   time "snapshot" of three of those sources, [5] not preserved in their entirety. Plaintiffs' numbered

23   objections (Dkt 621-3, pp. 5-9) are largely addressed by the May 23, 2022 Report and/or the

24   Court's modifications as explained herein. All remaining objections are **OVERRULED**, *except*:

25

26   • Objection no. 6: The sample population should be keyed to three types of IDS, not
        just UIDs. This objection is **MOOT** as the use of multiple types of IDs is already

27

28   [5] The "snapshot" data sources are ZWBK ▮▮▮ (line 36); ▮▮▮▮▮▮ (line 39) and
     ▮▮▮▮▮▮▮ (line 40).

United States District Court
Northern District of California

1    required to successfully select the sample sets for each data source.

2    • Objection no. 9: Google's obligation to preserve named Plaintiff data should not
     be altered by the sampling plan. **SUSTAINED**

3

4    **2.    Google's objections**

5    Google's objections are addressed by the May 23, 2022 Report and/or the Court's

6    modifications as explained herein. All remaining objections are **OVERRULED**.

7

8    **B.    Objections to May 23, 2022 Report and Modifications to Preservation Plan**

9    **1.    Plaintiffs' Objections**

10   Plaintiffs' objections are addressed in the order in which they are listed at Dkt. 690-1, p. 5,

11   which appears to be an attempt to prioritize objections by Plaintiffs. For ease of reference, the

12   actual number of the objection is also identified.

13

14   • Clarify what is meant by "sync-state" signals identified in Exhibit B as a field subject to
     "full ongoing preservation" where present. (Plaintiffs' Objection 13.) **SUSTAINED IN
     PART; OVERRULED IN PART.**

15

16

17       1. Google to identify **by July 30, 2022** any field that expressly identifies sync-
          state.

18       2. Fields that merely infer sync state are excluded. Fields that indicate a user is
          not signed-in are excluded.

19

20       3. Three additional fields have been added to Exhibit 2 to be subject to "full
          ongoing preservation" where present:  ▮▮▮▮ , ▮▮▮▮▮▮▮▮ ; Zwieback UID.

21       4. For the data sources identified by Google in its chart in Dkt. 713-4, p. 6, the
          specific fields identified by Google have been added to Exhibit 2.

22

23       5. For the data sources identified by Google in its chart in Dkt. 713-4, p. 9, the
          specific fields identified by Google have been added to Exhibit 2.

24

25

26   • "Any ID not Mentioned" (Plaintiffs' objection 14.) **OVERRULED.**

27       This "field" has been removed from Exhibit 2.

28

7

United States District Court
Northern District of California

2022/07/15 10:09:25    9  /141

Case 4:20-cv-05146-YGR    Document 778-3    Filed 07/22/22    Page 9 of 141
Case 4:20-cv-05146-YGR    Document 766 *SEALED*    Filed 07/15/22    Page 8 of 11

- Require Google to identify field names. (Plaintiffs' objection 15.) **SUSTAINED IN PART; OVERRULED IN PART.**

  Google to identify by **July 30, 2022** all field names for any data source from which data is to be preserved.

- Preservation of log retention periods and prohibit alteration to log structures. (Plaintiffs' objection 3.) **SUSTAINED IN PART; OVERRULED IN PART.**

  1. Log retention periods: The logs identified in proceedings before the Special Master are set forth in Exhibit 3. The logs in **bold font** did not, as of the date of the April 4, 2022 Report, have a retention period, such that the data in those logs was preserved in perpetuity. Accordingly, for the logs in **bold font** in Exhibit 3, no retention period may be instituted during the remainder of this litigation.

  2. At the June 30, 2022 hearing Google represented to the Court that there is an audit trail for all changes to all logs. Dkt. 750 at 42:9-16. Plaintiffs' request for notification of such changes at the time they are implemented is **DENIED**.

- Preservation of encryption keys. (Plaintiffs' objection no. 11). See ruling in section II.B.2, below.

- Preservation of mapping tables. (Plaintiffs' objection no. 12). **SUSTAINED**.

  Mapping tables are to be preserved in their entirety.

- Google cannot use the absence of any data not subject to this preservation plan to oppose any motion by the named Plaintiffs or claims made by absent class members. **SUSTAINED**.

## 2.    Google's Objections

Google asserted three objections, two of which were directed at the breadth of the preservation protocols for the GAIA ████ and ZWBK ████ data sources as overly broad and unduly burdensome. Dkt. 694-4, pp. 3, 7. Those objections are **SUSTAINED IN PART** and the preservation protocols are modified by the Court as addressed in section C below and set forth in Exhibit 2 at pp. 11-12, 14-15.

Google's third objection relates to the preservation of the encryption keys, and Google proffered a solution which the Court hereby **ADOPTS**. Dkt. 694-8; Dkt. 713-8 ¶ 10.

United States District Court
Northern District of California

2022/07/15 10:09:25   10 /141
Case 4:20-cv-05146-YGR   Document 778-3   Filed 07/22/22   Page 10 of 141
Case 4:20-cv-05146-YGR   Document 766 *SEALED*   Filed 07/15/22   Page 9 of 11

1  Accordingly, **within the next fifteen days**, Google shall undertake the following steps:

2  (1) decrypt the data to be preserved at the time of preservation so that Google no longer needs to

3  rely on the "███████████████"; (2) re-encrypt the data in a safe and secured manner using a

4  new key created exclusively for this purpose; and (3) preserve the data and this new encryption

5  key for the duration of the litigation. This task is to be completed **no later than July 30, 2022**.

6  Finally, at the hearing, Google objected to retention of any data that pre-dates the class

7  period which begins July, 2016. The Court **SUSTAINS** this objection. Google may delete data

8  prior to July 1, 2016, provided it does not contravene any provision of this Order.

9

10      **C.      The Parties' July Submissions and Modifications to Preservation Plan**

11  The Court has given careful consideration to the Parties' proposals for the GAIA ████

12  and ZWBK ██████ data sources pursuant to the arguments at the June 30, 2022 hearing and

13  subsequent submissions. Unlike the other sources in Exhibit **2**, GAIA ████ and ZWBK ████

14  ███████████████████████████████████████████████████████████████

15  ████████████████████████████████ most of which are not relevant

16  to this litigation. As such, in light of the briefing and argument on June 30, 2022, the Court

17  determines that the preservation instruction for these two data sources recommended by the

18  Special Master in the May 23, 2022 Report, "Full ongoing preservation of certain fields (where

19  they are present) from ENTIRE Keyspace (i.e. ALL COLUMNS)" is unworkable. The Parties'

20  submissions of July 8 and July 11, 2022, reflected their competing proposals for selection of

21  relevant columns whose fields would then be subject to the preservation protocol set forth in

22  Exhibit 2. Dkt. Nos. 751-3; 753-1.

23  Plaintiffs' proposal has several unworkable components. The first proposal is that GAIA

24  and ZWIEBACK identifiers be removed from the list of data parameters triggering preservation.

25  These identifiers have served as key parameters throughout the process before the Special Master

26  and will not be abandoned now. Second, Plaintiffs propose four categories of columns to be

27  selected for sampling, each of which is too vague to provide meaningful parameters for selection

28  and would serve only to ensure future disputes over compliance. The category "revenue

United States District Court
Northern District of California

2022/07/15 10:09:25    11   /141
Case 4:20-cv-05146-YGR    Document 778-3    Filed 07/22/22    Page 11 of 141
Case 4:20-cv-05146-YGR    Document 766 *SEALED*    Filed 07/15/22    Page 10 of 11

1    information" in particular has been the subject of extensive argument before the Special Master

2    and, as concluded in those proceedings, "any column with revenue information" is not a useful

3    parameter.

4         Plaintiffs finally, helpfully propose a list of columns from each GAIA ▮ and ZWBK

5    ▮ selected from the evidence at hand to determine relevance. The Court has reviewed these

6    lists, as reformatted, and compared them to the far more limited selections proposed by Google.

7    Plaintiffs propose, albeit reluctantly, that ▮ columns from GAIA ▮, and ▮ columns from

8    ZWBK ▮ be subject to the preservation plan. Balancing the needs of the litigation and the

9    burdens of preservation, the Court finds Plaintiffs' proposed columns to be reasonable, and the

10    Court adopts and incorporates Plaintiffs' proposed columns as to these two data sources into the

11    preservation plan. *See* Exhibit 2, pp. 11, 14-15.

12         Google mistakenly suggests that there is a "▮ preservation dispute" in resolution of

13    which it proposes a wholesale change to the sampling protocol set forth in the May 23, 2022

14    Report, Exhibit B: replace *any* sampling of these two data sources with a one-time full snapshot

15    of just ▮ GAIA ▮ columns and ▮ ZWBK ▮ columns. First, there is no "dispute"

16    regarding preservation of these two data ▮ data sources. There is a recommendation from

17    the Special Master, arrived at after months of technical evaluation of the issues, which the Court

18    has determined it will modestly modify to account for the unique structure of these two sources.

19    Second, the Google offers little support for its selection of columns, other than Plaintiffs having

20    identified them previously in the proceedings. Google offers no assurances as to the relevance of

21    its selections or the irrelevance of the many hundreds of columns excluded from its proposal.

22    Google's request for further briefing on issue of burden of sampling from these data sources is

23    **DENIED**.

24         Accordingly, as reflected in Exhibit 2 hereto, for the GAIA ▮ and ZWBK ▮

25    columns identified in Exhibit 2 hereto at pp. 29-32, 33-34, data will be preserved as directed in

26    Exhibit 2.

27    ////

28    ////

United States District Court
Northern District of California

2022/07/15 10:09:25    12  /141
Case 4:20-cv-05146-YGR    Document 778-3    Filed 07/22/22    Page 12 of 141
Case 4:20-cv-05146-YGR    Document 766 *SEALED*    Filed 07/15/22    Page 11 of 11

## III.    CONCLUSION

Accordingly, pursuant to the Parties' submissions, two full hearings on the issues, and this Court's de novo review, the Court hereby adopts the Special Master Report and Recommendation re Calhoun Modified Preservation Plan, dated May 23, 2022, as modified by this Court following the June 30, 2022 hearing. Google's obligations to preserve relevant data in this litigation are as set forth in this Order and the attached Exhibits.

**SO ORDERED.**

Dated: July 15, 2022

SUSAN VAN KEULEN
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICK CALHOUN, et al.,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 20-cv-05146-YGR   (SVK)

**SPECIAL MASTER REPORT AND
RECOMMENDATION RE CALHOUN
MODIFIED PRESERVATION PLAN**

United States District Court
Northern District of California

On April 4, 2022 the Special Master filed a Report and Recommendation ("April 4 Report") regarding a plan for the preservation of data for the remainder of this litigation. Dkt. 604. On a schedule provided by the Court, the Parties filed objections, responses to objections, and a hearing was held on May 3, 2022. Dkt. 648. At that hearing, in response to arguments of counsel for both sides, the Court ordered further proceedings before the Special Master. *Id.* The Special Master held a series of conferences and requested submissions from the Parties during the period May 4 - May 17, 2022. On May 17, 2022, the Parties submitted a joint record reflecting their compromises and outstanding issues. That summary of the Parties' positions, with the addition of the Special Master's resulting modified recommendations, is attached hereto as Exhibit A. The Special Master's Modified Preservation Plan ("Modified Plan") is attached hereto as Exhibit B.

A complete history of the process before the Special Master relating to the issue of preservation of data is set forth in the April 4 Report and incorporated herein by reference. In developing the Modified Plan for this matter, the Special Master continued his efforts to ensure an adequate bank of data for Plaintiffs' purposes while balancing the burdens on both Parties of managing phenomenal quantities of information. In sum, the Modified Plan reflects the plan set forth in the April 4 Report with the following changes:

2022/07/15 10:09:25    14  /141
Case 4:20-cv-05146-YGR    Document 778-3    Filed 07/22/22    Page 14 of 141
Case 4:20-cv-05146-YGR    Document 766-1 *SEALED*    Filed 07/15/22    Page 2 of 76
Case 4:20-cv-05146-YGR    Document 665    Filed 05/23/22    Page 2 of 2

Of the ▓ data sources identified in the April 4 Plan,

▓ data sources are unchanged in any meaningful way from the April 4 Plan.  For example, in some instances, names have been corrected;

▓ data sources have been removed either by agreement of the Parties or as result of obvious duplication with other of the ▓ sources;

▓ data sources reflect new or modified preservation protocols.

The findings in support of the Modified Plan are as set forth in the April 4 Report and in Exhibit A hereto.

Respectfully submitted,

Dated: May 23, 2022

_____

Douglas Brush
Special Master

TO BE FILED UNDER SEAL

**EXHIBIT A – SPECIAL MASTER PRESERVATION NOTES**

*Calhoun, et al. v. Google LLC,* **4:20-cv-5146-YGR-SVK (N.D. Cal.)**

**Based on Joint Special Master Submission re: Revised Data Preservation Proposals**
**Submitted to the Special Master per Instructions in the May 17, 2022, email and during the May 17, 2022, Conference**
**Includes Special Master Revised Preservation Recommendations**

**CHART OF DATA SOURCES WITH PARTIES' POSITIONS AND SPECIAL MASTER REVISED PRESERVATION RECOMMENDATIONS**

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| 1 |  | No objection. Google agrees to preserve data from the the following relevant log sources with this "root" identified for this matter:  | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | In the interest of compromise, Plaintiffs can agree to remove this data source completely. | Google agrees to remove this data source. | **Remove** |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| 2 | ■■■■ | No objection. Google agrees to preserve data from ■■■■ | Google will agree to preserve data from ■■■■ on the sampled basis recommended by the Special Master on April 5, 2022 (all records for 10,000 randomly selected US based UIDs). ■■■■ Google objects to preserving all data in this source. | Plaintiffs request full preservation. This data source is useful to apportion damages among class members, and Google represents that this data is already being permanently preserved. To the extent the log includes identifiers that are hashed or de-crypted after certain period of time, Plaintiffs request that Google securely store decryption keys that can be used for no other purpose than class member identification in this action. | Google agrees to preserve data from ■■■■ on the sampled basis recommended by the Special Master on April 5, 2022 (all records for 10,000 randomly selected US based UIDs). Plaintiffs' request for full preservation is neither reasonable nor proportional, as outlined further below. However, as a compromise and in the alternative to a sample-based preservation, Google will agree to preserve a snapshot of all data for U.S.-based users written to ads:personal-AdQueries during one week. As Plaintiffs know, these log sources are not preserved in an unaltered format—over time, the data is de-identified as IP addresses are abrogated and IDs are encrypted.§ Full preservation of this data source is neither reasonable nor practicable. The size of this data source as of April 24, 2022 is about ■■■■ and the compressed daily average of new data written to it is ■■■■ These orders of magnitude are prohibitively expensive. This is so even adopting Plaintiffs' method of calculating cost on the basis of Google's Cloud Storage pricing to measure the storage burden and Plaintiffs' assumption that Google charges customers $0.01 per gigabyte per month and ■■■■ | **Modified Preservation** Sample (10,000) Ongoing ALL FIELDS Full ongoing preservation of certain fields (where they are present): • sync state • Incognito Bit(s) • Any ID Not mentioned below • IP v4 & v6 • adimpression.tag • query • Referrer • Useragent • Biscotti – Encrypted UID • Biscotti – UID • Rewritten Page URL • Userinfo.userid • GAIAUserState • Client Country (Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62) + decryption keys |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| 3 |  | No objection. Google agrees to preserve data from | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | In the interest of compromise, Plaintiffs can accept Google's proposal in its April 15, 2022 objections. For the reasons noted above in Plaintiffs' introductory statement, Plaintiffs reject Google's May 10 modified proposal. | Google agrees to preserve data as set forth in the Special Master's Report and Recommendation and Google's April 15, 2022 response. | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |
| 4 |  | No objection. Google agrees to preserve data from | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to | In the interest of compromise, Plaintiffs can accept Google's proposal in its April 15, 2022 objections. For the reasons noted above in Plaintiffs' introductory statement, Plaintiffs reject Google's May 10 modified proposal. | Google agrees to preserve data as set forth in the Special Master's Report and Recommendation and Google's April 15, 2022 response. | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | preserving data from this source. | | | |
| 5 | ▉ | No objection. Google agrees to preserve data from ▉ ▉ | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | Google has disclosed that this data source has only ▉ which could be preserved for less than ▉ based on the calculations in Plaintiff's May 15 submission. There is no reason not to preserve this data source. | On May 5, Plaintiffs de-prioritized this source. To date, Plaintiffs have failed to explain why event-level data from this source should be preserved. For these reasons, preservation of data from this source is neither necessary nor reasonable, except to the extent preservation will follow a sample-based approach as set forth in Google's April 15, 2022 submission.<br><br>Full preservation of this data source is neither reasonable nor practicable. The size of this data source as of April 24, 2022 is about ▉ and the compressed daily average of new data written to it is ▉<br><br>These orders of magnitude are prohibitively expensive. This is so even adopting Plaintiffs' method of calculating cost on the basis of Google's Cloud Storage pricing to measure the storage burden and Plaintiffs' assumption that Google charges customers $0.01 per gigabyte per month ▉ ▉ ▉ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Replace source with:<br>▉ |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| 6 | ▮ | No objection. Google agrees to preserve data from these corpora: [redacted] | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | In the interest of compromise, Plaintiffs can accept Google's proposal in its April 15, 2022 objections. For the reasons noted above in Plaintiffs' introductory statement, Plaintiffs reject Google's May 10 modified proposal. | Google agrees to preserve data as set forth in the Special Master's Report and Recommendation and Google's April 15, 2022 response. | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>[redacted] |
| 7 | [redacted] | No objection. Google agrees to preserve data from [redacted] corpus [redacted] Google confirms this data source is duplicative of row 6. | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these | In the interest of compromise, Plaintiffs can accept Google's proposal in its April 15, 2022 objections. For the reasons noted above in Plaintiffs' introductory statement, Plaintiffs reject Google's May 10 modified proposal. | Google agrees to preserve data as set forth in the Special Master's Report and Recommendation and Google's April 15, 2022 response. | **Remove**<br><br>Duplicative of #6 |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | reasons, Google objects to preserving data from this source. | | | |
| 8 | | No objection. Google agrees to preserve data from ████ corpus | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | In the interest of compromise, Plaintiffs can accept Google's proposal in its April 15, 2022 objections. For the reasons noted above in Plaintiffs' introductory statement, Plaintiffs reject Google's May 10 modified proposal. | Google agrees to preserve data as set forth in the Special Master's Report and Recommendation and Google's April 15, 2022 response. | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Replace source with: |
| 9 | | No objection. Google agrees to preserve data from ████ corpus | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in | In the interest of compromise, Plaintiffs can accept Google's proposal in its April 15, 2022 objections. For the reasons noted above in Plaintiffs' introductory statement, | Google agrees to preserve data as set forth in the Special Master's Report and Recommendation and Google's April 15, 2022 response. | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Replace source with: |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | Plaintiffs reject Google's May 10 modified proposal. | | ▮▮▮▮ |
| 10 | ▮▮▮▮ | No objection. Google agrees to preserve data from these ▮▮▮▮ corpora: ▮▮▮▮ | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | In the interest of compromise, Plaintiffs can accept Google's proposal in its April 15, 2022 objections. For the reasons noted above in Plaintiffs' introductory statement, Plaintiffs reject Google's May 10 modified proposal. | Google agrees to preserve data as set forth in the Special Master's Report and Recommendation and Google's April 15, 2022 response. | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Replace source with: ▮▮▮▮ |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | MONTHS, ███████ | | | | ██████████ |
| 11 | ████ | No objection. Google agrees to preserve data from ██ ████ corpus ████████ | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | In the interest of compromise, Plaintiffs can accept Google's proposal in its April 15, 2022 objections. For the reasons noted above in Plaintiffs' introductory statement, Plaintiffs reject Google's May 10 modified proposal. | Google agrees to preserve data as set forth in the Special Master's Report and Recommendation and Google's April 15, 2022 response. | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Replace source with: ████████ |
| 12 | ██████ | No objection. Google agrees to preserve data from ██ ████corpus ████████ | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in | In the interest of compromise, Plaintiffs can accept Google's proposal in its April 15, 2022 objections. For the reasons noted above in Plaintiffs' introductory statement, | Google agrees to preserve data as set forth in the Special Master's Report and Recommendation and Google's April 15, 2022 response. | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Replace source with: |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | Plaintiffs reject Google's May 10 modified proposal. | | CHROME_HISTORY_ WEB_AND_APP, CHROME_HISTORY_D ATATYPE |
| 13 | ▮(should include content from Doubleclick and Google Ad Manager) | No objection. Google agrees to preserve data from ▮▮▮ corpora ▮▮▮ | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | In the interest of compromise, Plaintiffs can accept Google's proposal in its April 15, 2022 objections. For the reasons noted above in Plaintiffs' introductory statement, Plaintiffs reject Google's May 10 modified proposal. | Google agrees to preserve data as set forth in the Special Master's Report and Recommendation and Google's April 15, 2022 response. | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Replace source with:<br><br>▮▮▮ |
| 14 | ▮▮▮ | No objection. Google agrees to preserve data from ▮▮▮ | Google will agree to preserve data from ▮▮▮ ▮▮▮ on the sampled basis recommended by the Special Master on April 5, 2022 (all | Plaintiffs have read Google's May 17 submission regarding burdens and in the interest of compromise, can agree to remove this data source | Google is prepared to exceed the Special Master's recommendation to sample 10,000 randomly selected US-based UIDs for each day for which there is data. As part of its holistic preservation proposal, Google is willing to preserve a sample of 20,000 randomly selected U.S.-based UIDs for each day for which there is data for the maybe_chrome_incognito field. | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |

2022/07/15 10:09:25    24    /141

Case 4:20-cv-05146-YGR    Document 766-1 *SEALED*    Filed 07/15/22    Page 12 of 76

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | records for 10,000 randomly selected US based UIDs). Because this data source is extremely large ( ) and the compressed daily average of new data written to it is , Google objects to preserving all data in this source. | completely if Google will just preserve those fields that record the Incognito signals. If the signals in 14 and 15 are identical, Google only needs to preserve once. | Full preservation of this data source is neither reasonable nor practicable. The size of this data source as of April 24, 2022 is about and the compressed daily average of new data written to it is<br><br>These orders of magnitude are prohibitively expensive. This is so even adopting Plaintiffs' method of calculating cost on the basis of Google's Cloud Storage pricing to measure the storage burden and Plaintiffs' assumption that Google charges customers $0.01 per gigabyte per month | |
| 15 | | No objection. Google agrees to preserve data from | Google will agree to preserve data from on the sampled basis recommended by the Special Master on April 5, 2022 (all records for 10,000 randomly selected US based UIDs). Because this data source is extremely large and the compressed daily average of new data written to it is , Google | Plaintiffs have read Google's May 17 submission regarding burdens and in the interest of compromise, can agree to remove this data source completely if Google will just preserve those fields that record the Incognito signals. If the signals in 14 and 15 are identical, Google only needs to preserve once. | Google is prepared to exceed the Special Master's recommendation to sample 10,000 randomly selected US-based UIDs for each day for which there is data. As part of its holistic preservation proposal, Google is willing to preserve a sample of 20,000 randomly selected U.S.-based UIDs for each day for which there is data for the maybe_chrome_incognito field.<br><br>Full preservation of this data source is neither reasonable nor practicable. The size of this data source as of April 24, 2022 is about and the compressed daily average of new data written to it is | **Modified Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Full ongoing preservation of certain fields (where they are present):<br>• sync state<br>• Incognito Bit(s)<br>• Any ID Not mentioned below<br>• IP v4 & v6 |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | objects to preserving all data in this source. | | These orders of magnitude are prohibitively expensive. This is so even adopting Plaintiffs' method of calculating cost on the basis of Google's Cloud Storage pricing to measure the storage burden and Plaintiffs' assumption that  Google charges customers $0.01 per gigabyte per month ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | • adimpression tag<br>• query<br>• Referer<br>• Useragent<br>• Biscotti - Encrypted UID<br>• Biscotti – UID<br>• Rewritten Page URL<br>• Userinfo.userid<br>• GAIAUserState<br>• Client Country<br><br>(Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62)<br><br>+ decryption keys<br><br>Replace source with:<br>▮▮▮▮▮▮▮ |
| 16 | ▮▮▮▮▮▮ | No objection. Google agrees to preserve data from ▮▮▮▮▮ | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in | In the interest of compromise, Plaintiffs can accept Google's proposal in its April 15, 2022 objections.  For the reasons noted above in Plaintiffs' introductory statement, | Google agrees to preserve data as set forth in the Special Master's Report and Recommendation and Google's April 15, 2022 response. | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |

Case 4:20-cv-05146-YGR   Document 666-1 *SEALED*   Filed 05/23/22   Page 12 of 50

| R&R Index | R&R Data Source | Google's April 15 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | Plaintiffs reject Google's May 10 modified proposal. | | |
| 17 | | No objection. Google agrees to preserve data from | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | In the interest of compromise, Plaintiffs can agree to remove this data source completely. | Google agrees to remove this data source. | Remove |
| 18 | | No objection. Google agrees to preserve data from | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is | In the interest of compromise, Plaintiffs can agree to remove this data source completely. | Google agrees to remove this data source. | Remove |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | | | |
| 19 | ███ | No objection. Google agrees to preserve data from ███ | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | In the interest of compromise, Plaintiffs can agree to remove this data source completely. | Google agrees to remove this data source. | Remove |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| 20 | ███ | No objection. The data source name is not truncated. Google agrees to preserve data from ███ | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | Google has disclosed that this data source has only ███, which could be preserved for less than ███ based on the calculations in Plaintiffs' May 15 submission. There is no reason not to preserve this data source. | On May 5, Plaintiffs de-prioritized this source. To date, Plaintiffs have failed to explain why event-level data from this source should be preserved. For these reasons, preservation of data from this source is neither necessary nor reasonable, except to the extent preservation will follow a sample-based approach as set forth in Google's April 15, 2022 submission.<br><br>Full preservation of this data source is neither reasonable nor practicable. The size of this data source as of April 24, 2022 is about ███ and the compressed daily average of new data written to it is ███<br><br>These orders of magnitude are prohibitively expensive. This is so even adopting Plaintiffs' method of calculating cost on the basis of Google's Cloud Storage pricing to measure the storage burden and Plaintiffs' assumption that Google charges customers $0.01 per gigabyte per month. ███████<br>██████████████<br>██████████████ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |
| 21 | ███ | No objection. Google agrees to preserve data from ███ | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional | In the interest of compromise, Plaintiffs can agree to remove this data source completely. | Google agrees to remove this data source. | **Remove** |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | | | |
| 22 | ▮▮▮ | No objection. Google agrees to preserve data from ▮▮▮ | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | Google has disclosed that this data source has only ▮▮▮ which could be preserved for less than ▮▮▮ based on the calculations in the Plaintiffs' May 15 submission. There is no reason not to preserve this data source. | On May 5, Plaintiffs de-prioritized this source. To date, Plaintiffs have failed to explain why event-level data from this source should be preserved. For these reasons, preservation of data from this source is neither necessary nor reasonable, except to the extent preservation will follow a sample-based approach as set forth in Google's April 15, 2022 submission.<br><br>Full preservation of this data source is neither reasonable nor practicable. The size of this data source as of April 24, 2022 is about ▮▮▮ and the compressed daily average of new data written to it is ▮▮▮<br><br>These orders of magnitude are prohibitively expensive. This is so even adopting Plaintiffs' method of calculating cost on the basis of Google's Cloud Storage pricing to measure the storage burden and Plaintiffs' assumption that Google charges customers $0.01 per gigabyte per month ▮▮▮ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 13, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| 23 | | No objection. Google agrees to preserve data from | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | Google has disclosed that this data source has only ▇ which could be preserved for less than ▇ based on the calculations in the Plaintiffs' May 15 submission. There is no reason not to preserve this data source. | On May 5, Plaintiffs de-prioritized this source. To date, Plaintiffs have failed to explain why event-level data from this source should be preserved. For these reasons, preservation of data from this source is neither necessary nor reasonable, except to the extent preservation will follow a sample-based approach as set forth in Google's April 15, 2022 submission.<br><br>Full preservation of this data source is neither reasonable nor practicable. The size of this data source as of April 24, 2022 is about ▇ and the compressed daily average of new data written to it is ▇<br><br>These orders of magnitude are prohibitively expensive. This is so even adopting Plaintiffs' method of calculating cost on the basis of Google's Cloud Storage pricing to measure the storage burden and Plaintiffs' assumption that Google charges customers $0.01 per gigabyte per month ▇ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |
| 24 | | No objection. Google agrees to preserve data from | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional | In the interest of compromise, Plaintiffs can agree to remove this data source completely. | Google agrees to remove this data source. | **Remove** |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | | | |
| 25 | ██████ | No objection. Google agrees to preserve data from ██████ | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | Google has disclosed that this data source has only █████, which could be preserved for less than ████ based on the calculations in the Plaintiffs' May 15 submission. There is no reason not to preserve this data source. | On May 5, Plaintiffs de-prioritized this source. To date, Plaintiffs have failed to explain why event-level data from this source should be preserved. For these reasons, preservation of data from this source is neither necessary nor reasonable, except to the extent preservation will follow a sample-based approach as set forth in Google's April 15, 2022 submission.<br><br>Full preservation of this data source is neither reasonable nor practicable. The size of this data source as of April 24, 2022 is about ████ and the compressed daily average of new data written to it is ████<br><br>These orders of magnitude are prohibitively expensive. This is so even adopting Plaintiffs' method of calculating cost on the basis of Google's Cloud Storage pricing to measure the storage burden and Plaintiffs' assumption that Google charges customers $0.01 per gigabyte per month ██████████ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| 26 | ▉▉▉▉ | This column exists in both ZWBK ▉▉▉ and GAIA ▉▉▉▉. Google agrees to preserve data from ▉▉▉▉▉. However, ▉▉▉ does not have a way of identifying U.S. users. Google agrees to preserve a daily sample of events associated with 10,000 randomly selected UIDs worldwide. | In the interest of compromise, Google will agree to preserve data from the entire GAIA ▉▉▉ and ZWBK ▉▉▉ keyspaces on the sampled basis recommended by the Special Master on April 5, 2022 (all records for 10,000 randomly selected UIDs), including data from the identified columns, to the extent they contain any data for the randomly selected UIDs. Google maintains its position that ▉▉▉ does not have a way to reliably identify U.S. users. But if Plaintiffs select a field that they believe identifies the user's country location, Google is prepared to adopt that method for purposes of preservation sampling alone. | Google has declined to provide details regarding preservation burdens associated with this data source and thus Plaintiffs request full preservation. To identify the user as one who is based in the U.S., Plaintiffs identify IP address, residential address, and geo-location information that is also stored in ZWBK and GAIA ▉▉▉. is routinely transmitted from Chrome to Google, and which Google uses every day to determine legal obligations in the treatment of certain data based on the location of its source, including data that identifies users as being present in California.<br><br>In addition, if this column is identical to the Not Synced signals that the Court has already ordered Google to preserve on a class-wide basis, there is no need for such signals to be | Google agrees to preserve data as set forth in the Special Master's Report and Recommendation and Google's May 10, 2022 submission. | **Remove**<br><br>Duplicative of #28 and #36 |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | | preserved in more than one location. | | |
| 27 | ▮ | This column exists in both ZWBK ▮ and GAIA ▮. Google agrees to preserve data from ▮. However, ▮ does not have a way of identifying U.S. users. Google agrees to preserve a daily sample of events associated with 10,000 randomly selected UIDs worldwide. | In the interest of compromise, Google will agree to preserve data from the entire GAIA ▮ and ZWBK ▮ keyspaces on the sampled basis recommended by the Special Master on April 5, 2022 (all records for 10,000 randomly selected UIDs), including data from the identified columns, to the extent they contain any data for the randomly selected UIDs. Google maintains its position that ▮ does not have a way to reliably identify U.S. users. But if Plaintiffs select a field that they believe identifies the user's country location, Google is prepared to adopt that method for | Google has declined to provide details regarding preservation burdens associated with this data source and thus Plaintiffs request full preservation. To identify the user as one who is based in the U.S., Plaintiffs identify IP address, residential address, and geo-location information that is also stored in ZWBK and GAIA ▮ is routinely transmitted from Chrome to Google, and which Google uses every day to determine legal obligations in the treatment of certain data based on the location of its source, including data that identifies users as being present in California. | Google agrees to preserve data as set forth in the Special Master's Report and Recommendation and Google's May 10, 2022 submission. | **Remove** Duplicative of #28 and #36 |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | purposes of preservation sampling alone. | In addition, if this column is identical to the Not Synced signals that the Court has already ordered Google to preserve on a class-wide basis, there is no need for such signals to be preserved in more than one location. | | |
| 28 | GAIA▇ | GAIA▇ contains more than 2,800 columns, each owned and controlled by different teams. Many of these columns have been specifically discussed by the parties and the Special Master has identified for preservation in this Order. See rows 6, 7, 8, 9, 10, 11, 12, 13, 26, 27, 29, 30, 31, 32, 33, 35. Google has agreed to preserve data from all these specific GAIA ▇ columns. Id. it is unreasonable, unduly burdensome, and overly broad to also demand | In the interest of compromise, Google will agree to preserve data from the entire GAIA▇ keyspace on the sampled basis recommended by the Special Master on April 5, 2022 (all records for 10,000 randomly selected UIDs), including data from the identified columns, to the extent they contain any data for the randomly selected UIDs. Google maintains its position that ▇ does not have a way to reliably identify U.S. users. But if Plaintiffs select a field that they believe identifies the user's country location, Google is prepared to adopt | Google should fully preserve the GAIA ▇ data source, given the richness of the data set, containing some of the best evidence of class membership and apportionment of damages. | Google agrees to preserve data as set forth in the Special Master's Report and Recommendation and Google's May 10, 2022 submission.<br><br>Full preservation of this data source is neither reasonable nor practicable. The size of this data source as of May 2, 2022 is about ▇ and the compressed daily average of new data written to it is ▇<br><br>These orders of magnitude are prohibitively expensive. This is so even adopting Plaintiffs' method of calculating cost on the basis of Google's Cloud Storage pricing to measure the storage burden and Plaintiffs' assumption that Google charges customers $0.01 per gigabyte per month ▇ | **Modified Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS from ENTIRE Keyspace (i.e. ALL COLUMNS)<br><br>Full ongoing preservation of certain fields (where they are present) from ENTIRE Keyspace (i.e. ALL COLUMNS):<br>• sync state<br>• Incognito Bit(s)<br>• Any ID Not mentioned below<br>• IP v4 & v6<br>• adimpression.tag<br>• query<br>• Referrer |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | wholesale preservation of data from all the GAIA███ columns pertaining to Display Ads, Google Analytics, Google Ads, YouTube, and Google APIs, especially given the more nuanced approach to which Google has already agreed. | that method for purposes of preservation sampling alone. | | | • Useragent<br>• Biscotti – Encrypted UID<br>• Biscotti – UID<br>• Rewritten Page URL<br>• Userinfo.userid<br>• GAIAUserState<br>• Client Country<br><br>(Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62)<br><br>+ decryption keys |
| 29 | ███ | This column exists in both ZWBK███ and GAIA███. Google agrees to preserve data from ███████. However, ███ does not have a way of identifying U.S. users. Google agrees to preserve a daily sample of events associated with 10,000 randomly | In the interest of compromise, Google will agree to preserve data from the entire GAIA███ and ZWBK███ keyspaces on the sampled basis recommended by the Special Master on April 5, 2022 (all records for 10,000 randomly selected UIDs), including data from the identified columns, to the extent they contain any data for the randomly selected UIDs. Google maintains its position that ███ does not have a | Google has declined to provide details regarding preservation burdens associated with this data source and thus Plaintiffs request full preservation. To identify the user as one who is based in the U.S., Plaintiffs identify IP address, residential address, and geo-location information that is also stored in ZWBK and GAIA ███, is routinely transmitted from Chrome to Google, and which | Google agrees to preserve data as set forth in the Special Master's Report and Recommendation and Google's May 10, 2022 submission. | **Remove**<br><br>Duplicative of #28 and #36 |

2022/07/15 10:09:25    35    /141

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | selected UIDs worldwide. | way to reliably identify U.S. users. But if Plaintiffs select a field that they believe identifies the user's country location, Google is prepared to adopt that method for purposes of preservation sampling alone. | Google uses every day to determine legal obligations in the treatment of certain data based on the location of its source, including data that identifies users as being present in California.<br><br>In addition, if this column is identical to the Not Synced signals that the Court has already ordered Google to preserve on a class-wide basis, there is no need for such signals to be preserved in more than one location. | | |
| 30 | ▮▮▮▮ | This column exists in both ZWBK ▮ and GAIA ▮▮▮. Google agrees to preserve data from ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ ▮▮▮▮. However, ▮ does not have a way of identifying U.S. users. Google agrees to preserve a daily sample | In the interest of compromise, Google will agree to preserve data from the entire GAIA ▮▮ and ZWBK ▮▮▮ keyspaces on the sampled basis recommended by the Special Master on April 5, 2022 (all records for 10,000 randomly selected UIDs), including data from the identified columns, to the extent they contain any data for the randomly selected UIDs. | Google has declined to provide details regarding preservation burdens associated with this data source and thus Plaintiffs request full preservation. To identify the user as one who is based in the U.S., Plaintiffs identify IP address, residential address, and geo-location information that is also stored in ZWBK and GAIA ▮▮▮ is routinely | Google agrees to preserve data as set forth in the Special Master's Report and Recommendation and Google's May 10, 2022 submission. | **Remove**<br><br>Duplicative of #28 and #36 |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | of events associated with 10,000 randomly selected UIDs worldwide. | Google maintains its position that ███ does not have a way to reliably identify U.S. users. But if Plaintiffs select a field that they believe identifies the user's country location, Google is prepared to adopt that method for purposes of preservation sampling alone. | transmitted from Chrome to Google, and which Google uses every day to determine legal obligations in the treatment of certain data based on the location of its source, including data that identifies users as being present in California.<br><br>In addition, if this column is identical to the Not Synced signals that the Court has already ordered Google to preserve on a class-wide basis, there is no need for such signals to be preserved in more than one location. | | |
| 31 | ████ | This column exists in both ZWBK███ and GAIA███. Google agrees to preserve data from ████████████████ ████████████████ ████. However, ████ does not have a way of identifying U.S. users. Google agrees to | In the interest of compromise, Google will agree to preserve data from the entire GAIA███ and ZWBK███ keyspaces on the sampled basis recommended by the Special Master on April 5, 2022 (all records for 10,000 randomly selected UIDs), including data from the identified columns, to the extent they | Google has declined to provide details regarding preservation burdens associated with this data source and thus Plaintiffs request full preservation. To identify the user as one who is based in the U.S., Plaintiffs identify IP address, residential address, and geo-location information that is also | Google agrees to preserve data as set forth in the Special Master's Report and Recommendation and Google's May 10, 2022 submission. | **Remove**<br><br>Duplicative of #28 and #36 |

| R&R Index | R&R Data Source | Google's April 15 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | preserve a daily sample of events associated with 10,000 randomly selected UIDs worldwide. | contain any data for the randomly selected UIDs. Google maintains its position that Kansas does not have a way to reliably identify U.S. users. But if Plaintiffs select a field that they believe identifies the user's country location, Google is prepared to adopt that method for purposes of preservation sampling alone. | stored in ZWBK and GAIA Kansas, is routinely transmitted from Chrome to Google, and which Google uses every day to determine legal obligations in the treatment of certain data based on the location of its source, including data that identifies users as being present in California.<br><br>In addition, if this column is identical to the Not Synced signals that the Court has already ordered Google to preserve on a class-wide basis, there is no need for such signals to be preserved in more than one location. | | |
| 32 | GAIA-zipit-Kansas | Google agrees to preserve data from GAIA Kansas columns gaia-zipit-chrome, annotation_chrome_sync; gaia-zipit-chrome, last_updated_instant_chrome_sync; gaia-zipit-chrome, annotation_chrome_syn | In the interest of compromise, Google will agree to preserve data from the entire GAIA Kansas keyspace on the sampled basis recommended by the Special Master on April 5, 2022 (all records for 10,000 randomly selected UIDs), including data from the | Google has declined to provide details regarding preservation burdens associated with this data source and thus Plaintiffs request full preservation. To identify the user as one who is based in the U.S., Plaintiffs identify IP address, residential address, | Google agrees to preserve data as set forth in the Special Master's Report and Recommendation and Google's May 10, 2022 submission. | **Remove**<br><br>Duplicative of #28 and #36 |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | However, ▮ does not have a way of identifying U.S. users. Google agrees to preserve a daily sample of events associated with 10,000 randomly selected UIDs worldwide. | identified columns, to the extent they contain any data for the randomly selected UIDs. Google maintains its position that ▮ does not have a way to reliably identify U.S. users. But if Plaintiffs select a field that they believe identifies the user's country location, Google is prepared to adopt that method for purposes of preservation sampling alone. | and geo-location information that is also stored in ZWBK and GAIA ▮ is routinely transmitted from Chrome to Google, and which Google uses every day to determine legal obligations in the treatment of certain data based on the location of its source, including data that identifies users as being present in California. | | |
| 33 | ▮ | This column exists in both ZWBK and ▮ and GAIA ▮. Google agrees to preserve data from ▮. However, ▮ does not have a way of identifying U.S. users. Google agrees to preserve a daily sample of events associated with 10,000 randomly selected UIDs worldwide. | In the interest of compromise, Google will agree to preserve data from the entire GAIA ▮ and ZWBK ▮ keyspaces on the sampled basis recommended by the Special Master on April 5, 2022 (all records for 10,000 randomly selected UIDs), including data from the identified columns, to the extent they contain any data for the randomly selected UIDs. Google maintains its position that ▮ does not have a way to reliably identify U.S. users. But if Plaintiffs select a | Google has declined to provide details regarding preservation burdens associated with this data source and thus Plaintiffs request full preservation. To identify the user as one who is based in the U.S., Plaintiffs identify IP address, residential address, and geo-location information that is also stored in ZWBK and GAIA ▮, is routinely transmitted from Chrome to Google, and which Google uses every day to determine legal obligations | Google agrees to preserve data as set forth in the Special Master's Report and Recommendation and Google's May 10, 2022 submission. | **Remove**<br><br>Duplicative of #28 and #36 |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | field that they believe identifies the user's country location, Google is prepared to adopt that method for purposes of preservation sampling alone. | | in the treatment of certain data based on the location of its source, including data that identifies users as being present in California.<br><br>In addition, if this column is identical to the Not Synced signals that the Court has already ordered Google to preserve on a class-wide basis, there is no need for such signals to be preserved in more than one location. | | |
| 34 | ▇▇▇▇ | Google agrees to preserve data from this ZWBK ▇▇ column: ▇▇▇▇ ▇▇▇▇ However, ▇▇ does not have a way of identifying U.S. users. Google agrees to preserve a daily sample of events associated with 10,000 randomly selected UIDs worldwide. | In the interest of compromise, Google will agree to preserve data from the entire ZWBK ▇▇ keyspaces on the sampled basis recommended by the Special Master on April 5, 2022 (all records for 10,000 randomly selected UIDs), including data from the identified columns, to the extent they contain any data for the randomly selected UIDs. Google maintains its position that ▇▇▇ does not have a way to reliably | Google has declined to provide details regarding preservation burdens associated with this data source and thus Plaintiffs request full preservation. To identify the user as one who is based in the U.S., Plaintiffs identify IP address, residential address, and geo-location information that is also stored in ZWBK and GAIA ▇▇▇, is routinely transmitted from Chrome to Google, and which | Google agrees to preserve data as set forth in the Special Master's Report and Recommendation and Google's May 10, 2022 submission. | **Remove**<br><br>Duplicative of #28 and #36 |

| R&R Index | R&R Data Source | Google's April 15 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | identify U.S. users. But if Plaintiffs select a field that they believe identifies the user's country location, Google is prepared to adopt that method for purposes of preservation sampling alone. | Google uses every day to determine legal obligations in the treatment of certain data based on the location of its source, including data that identifies users as being present in California. In addition, if this column is identical to the Not Synced signals that the Court has already ordered Google to preserve on a class-wide basis, there is no need for such signals to be preserved in more than one location. | | |
| 35 | ███████ | This column exists in both ZWBK ███ and GAIA ███████. Google agrees to preserve data from ███████████ ██████████████ ██████████████ ████████ However, ███ does not have a way of identifying U.S. users. Google agrees to | In the interest of compromise, Google will agree to preserve data from the entire GAIA ███████ and ZWBK ██████ keyspaces on the sampled basis recommended by the Special Master on April 5, 2022 (all records for 10,000 randomly selected UIDs), including data from the identified columns, to the extent they contain any data for the randomly selected UIDs. | Google has declined to provide details regarding preservation burdens associated with this data source and thus Plaintiffs request full preservation. To identify the user as one who is based in the U.S., Plaintiffs identify IP address, residential address, and geo-location information that is also stored in ZWBK and GAIA ██████ is routinely | Google agrees to preserve data as set forth in the Special Master's Report and Recommendation and Google's May 10, 2022 submission. | **Remove** Duplicative of #28 and #36 |

| R&R Index | R&R Data Source | Google's April 15 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | preserve a daily sample of events associated with 10,000 randomly selected UIDs worldwide. | Google maintains its position that ███ does not have a way to reliably identify U.S. users. But if Plaintiffs select a field that they believe identifies the user's country location, Google is prepared to adopt that method for purposes of preservation sampling alone. | transmitted from Chrome to Google, and which Google uses every day to determine legal obligations in the treatment of certain data based on the location of its source, including data that identifies users as being present in California.<br><br>In addition, if this column is identical to the Not Synced signals that the Court has already ordered Google to preserve on a class-wide basis, there is no need for such signals to be preserved in more than one location. | | |

| R&R Index | R&R Data Source | Google's April 15 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| 36 | ZWBK▇ | ZWBK▇ contains more than 470 columns, each owned and controlled by different teams. Many of these columns have been specifically discussed by the parties and the Special Master has identified for preservation in this Order. See rows 26, 27, 29, 30, 31, 33, 34, 35, 37. Google has agreed to preserve data from all these specific ZWBK▇ columns. Id. It is unreasonable, unduly burdensome, and overly broad to also demand wholesale preservation of data from all the ZWBK▇ columns pertaining to Display Ads, Google Analytics, Google Ads, YouTube, and Google APIs, especially given the more nuanced approach to which Google has already agreed. | In the interest of compromise, Google will agree to preserve data from the entire ZWBK▇ keyspace on the sampled basis recommended by the Special Master on April 5, 2022 (all records for 10,000 randomly selected UIDs), including data from the identified columns, to the extent they contain any data for the randomly selected UIDs. Google maintains its position that ▇ does not have a way to reliably identify U.S. users. But if Plaintiffs select a field that they believe identifies the user's country location, Google is prepared to adopt that method for purposes of preservation sampling alone. | ZWBK▇ (along with GAIA▇) is one of the two most important data sources for preservation, containing some of the best evidence of class membership and apportionment of damages. Also, ZWBK▇ has only ▇ of data and using Google's own cloud storage pricing as a metric (adjust as noted above), it would only cost about ▇ to preserve this entire data source. It is extraordinary that Google would claim any burdens (let alone undue burdens) associated with preserving only ▇ of data. Plaintiffs therefore request full preservation. | Google agrees to preserve data as set forth in the Special Master's Report and Recommendation and Google's May 10, 2022 submission. Full preservation of this data source is neither reasonable nor practicable. The size of this data source as of May 2, 2022 is about ▇ and the compressed daily average of new data written to it is ▇ These orders of magnitude are prohibitively expensive. This is so even adopting Plaintiffs' method of calculating cost on the basis of Google's Cloud Storage pricing to measure the storage burden and Plaintiffs' assumption that  Google charges customers $0.01 per gigabyte per month ▇ | **Modified Preservation** Sample (10,000) Ongoing ALL FIELDS from ENTIRE Keyspace (i.e. ALL COLUMNS) One Full Preservation (one time, current state) from ENTIRE Keyspace (i.e. ALL COLUMNS) Full ongoing preservation of certain fields (where they are present) from ENTIRE Keyspace (i.e. ALL COLUMNS): • sync state • Incognito Bit(s) • Any ID Not mentioned below • IP v4 & v6 • adimpression.tag • query • Referrer • Useragent • Biscotti - Encrypted UID • Biscotti – UID • Rewritten Page URL • Userinfo.userid |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | | | | • GAIAUserState<br>• Client Country<br><br>{Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62}<br><br>+ decryption keys |
| 37 | ▮▮▮ | Google agrees to preserve data from ZWBK▮▮▮ columns ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. However, ▮▮▮ does not have a way of identifying U.S. users. Google agrees to preserve a daily sample of events associated with 10,000 randomly | In the interest of compromise, Google will agree to preserve data from the entire ZWBK▮▮▮ keyspace on the sampled basis recommended by the Special Master on April 5, 2022 (all records for 10,000 randomly selected UIDs), including data from the identified columns, to the extent they contain any data for the randomly selected UIDs. Google maintains its position that ▮▮▮ does not have a way to reliably identify U.S. users. But if Plaintiffs select a field that | As noted above, ZWBK▮▮▮ has only ▮▮▮ of data and using Google's own cloud storage pricing as a metric (adjust as noted above), it would only cost about ▮▮▮ to preserve this entire data source, which contains some of the best evidence of class membership and apportionment of damages. Plaintiffs therefore request full preservation. | Google agrees to preserve data as set forth in the Special Master's Report and Recommendation and Google's May 10, 2022 submission. | **Remove**<br><br>Duplicative of #36 |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | selected UIDs worldwide. | they believe identifies the user's country location. Google is prepared to adopt that method for purposes of preservation sampling alone. | | | |
| 38 | ▇▇▇ | ▇▇▇ Chrome Sync is a subset of ▇▇▇ Google agrees to preserve data from ▇▇▇ | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, which are stored in a more granular form than in ▇▇▇. Google objects to preserving data from this source. | Google has not provided any details regarding preservation burdens of this important sync log, and Plaintiffs request full preservation. Google's offer to preserve Index No. 62 is not sufficient because the two data sources do not record the same data. Sync data is relevant to proving class membership. | Google agrees to categorically preserve ▇▇▇ Chrome Sync. | **Remove** Duplicative of #39 |
| 39 | ▇▇▇ | No objection. Google agrees to preserve data from this data source ▇▇▇). | Google will agree to preserve data from ▇▇▇ on the sampled basis recommended by the Special Master on April 5, 2022 (all records for 10,000 randomly selected US based UIDs). | Google could preserve the entirety of this data source for only ▇▇▇ and Plaintiffs therefore request full preservation. | In the interest of compromise, Google agrees to categorically preserve ▇▇▇, but does not agree with Plaintiffs' cost calculation. | **Modified Preservation** Replace source with: ▇▇▇ Sample (10,000) Ongoing ALL FIELDS |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | | | | One Full Preservation (one time, current state) |
| 40 | ▇ | No objection. Google agrees to preserve data from this data source | Google will agree to preserve data from ▇ on the sampled basis recommended by the Special Master on April 5, 2022 (all records for 10,000 randomly selected US based UIDs). Because the priority revenue fields Plaintiffs identified as a priority for preservation on May 5, 2022 are not written to this source, Google objects to preserving all data in this source. | Google could preserve the entirety of this data source for only ▇ and Plaintiffs therefore request full preservation. | In the interest of compromise, Google agrees to categorically preserve ▇, but does not agree with Plaintiffs' cost calculation. | **Modified Preservation**<br><br>Replace source with:<br><br>▇<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>One Full Preservation (one time, current state) |
| 41 | ▇ | No objection. Google agrees to preserve data from ▇ | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not | In the interest of compromise, Plaintiffs can agree to remove this data source. | Google agrees to remove this data source. | **Remove** |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | proportional. For these reasons, Google objects to preserving data from this source. | | | |
| 42 | | No objection. Google agrees to preserve data from ▇ | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | In the interest of compromise, Plaintiffs can agree to remove this data source. | Google agrees to remove this data source. | **Remove** |
| 43 | | No objection. | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non- | In the interest of compromise, Plaintiffs can accept Google's proposal in its April 15, 2022 objections. For the reasons noted above in Plaintiffs' introductory statement, Plaintiffs reject Google's May 10 modified proposal. | Google agrees to preserve data as set forth in the Special Master's Report and Recommendation and Google's April 15, 2022 response. | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | | | |
| 44 | DBI■ | No objection | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | In the interest of compromise, Plaintiffs can accept Google's proposal in its April 15, 2022 objections. For the reasons noted above in Plaintiffs' introductory statement, Plaintiffs reject Google's May 10 modified proposal. | Google agrees to preserve data as set forth in the Special Master's Report and Recommendation and Google's April 15, 2022 response. | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |
| 45 | GAIA■ | No objection | Google will agree to preserve data from GAIA■ on the sampled basis recommended by the Special Master on April 5, 2022 (all records for 10,000 randomly selected US based UIDs). Because this data source is extremely large | Plaintiffs are not certain of the preservation period for this ■ column because Google has refused to provide such information. Therefore, in the absence of Google providing such | Google agrees to preserve data as set forth in the Special Master's Report and Recommendation and Google's May 10, 2022 submission.<br><br>Full preservation of this data source is neither reasonable nor practicable. The size of this data source as of May 2, 2022 is about ■ and the compressed daily average of new data written to it is ■ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | ████) and the compressed daily average of new data written to it is ████ Google objects to preserving all data from this source. | information. Plaintiffs ask the Court to assume it is permanently retained. Even if this data source were not fully retained, based on the cost calculations above, full preservation would only cost approximately $85,000. | These orders of magnitude are prohibitively expensive. This is so even adopting Plaintiffs' method of calculating cost on the basis of Google's Cloud Storage pricing to measure the storage burden and Plaintiffs' assumption that Google charges customers $0.01 per gigabyte per month ███████ ████████ ███████████ ████████ ████████████ ████████ ████ ████████ | |
| 46 | ZWBK██ | No objection | Google will agree to preserve data from ZWBK██ on the sampled basis recommended by the Special Master on April 5, 2022 (all records for 10,000 randomly selected US based UIDs). | Plaintiffs are not certain of the preservation period for this ████ column because Google has refused to provide such information. Therefore, in the absence of Google providing such information, Plaintiffs ask the Court to assume it is permanently retained. | ZWBK██ has not had traffic since August 2021. | **No Modification to Preservation** Sample (10,000) Ongoing ALL FIELDS |
| 47 | ██████ ██████ | No objection. Google agrees to preserve data from ██████ | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically | Google has disclosed that this data source has only ████████ ████████, which could be preserved for less than ████ based on the calculations above. There | On May 5, Plaintiffs de-prioritized this source. To date, Plaintiffs have failed to explain why event-level data from this source should be preserved. For these reasons, preservation of data from this source is neither necessary nor reasonable, except to the extent preservation will follow a sample-based approach as set forth in Google's April 15, 2022 submission. | **No Modification to Preservation** Sample (10,000) Ongoing ALL FIELDS |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | is no reason not to preserve this data source. | Full preservation of this data source is neither reasonable nor practicable. The size of this data source as of April 24, 2022 is about ▇▇▇ and the compressed daily average of new data written to it is ▇▇▇  These orders of magnitude are prohibitively expensive. This is so even adopting Plaintiffs' method of calculating cost on the basis of Google's Cloud Storage pricing to measure the storage burden and Plaintiffs' assumption that  Google charges customers $0.01 per gigabyte per month▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ | |
| 48 | ▇▇▇ | No objection. | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | Google has disclosed that this data source has only ▇▇▇ which could be preserved for less than ▇▇▇ based on the calculations in Plaintiffs' May 15 submission.  There is no reason not to preserve this data source. | On May 5, Plaintiffs de-prioritized this source. To date, Plaintiffs have failed to explain why  event-level data from this source should be preserved. For these reasons, preservation of data from this source is neither necessary nor reasonable, except to the extent preservation will follow a sample-based approach as set forth in Google's April 15, 2022 submission.  Full preservation of this data source is neither reasonable nor practicable. The size of this data source as of April 24, 2022 is about ▇▇▇ and the compressed daily average of new data written to it is ▇▇▇  These orders of magnitude are prohibitively expensive. This is so even adopting Plaintiffs' method of calculating cost on the basis of Google's Cloud Storage pricing to measure the storage burden and Plaintiffs' assumption that ▇▇▇ | **No Modification to Preservation**  Sample (10,000) Ongoing ALL FIELDS |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | | | gigabyte per month█ ▢ ███ | |
| 49 | ██ | No objection. | Google will agree to preserve data from ██ on the sampled basis recommended by the Special Master on April 5, 2022 (all records for 10,000 randomly selected US based UIDs). Because this data source is extremely large ██ and the compressed daily average of new data written to it is ██, Google objects to preserving all data from this source. | Google has disclosed in discovery that data source is retained "permanently" and there is no reason to limit preservation to mere sampling; there is no additional burden to Google for class-wide preservation. See *2021.09.17 Calhoun v. Google Submission*. It is relevant to apportion damages among class members.<br><br>To the extent the log includes identifiers that are hashed or de-crypted after certain period of time, Plaintiffs request that Google securely store decryption keys that can be used for no other purpose than class member identification in this action. | Google agrees to preserve data from ██ on the sampled basis recommended by the Special Master on April 5, 2022 (all records for 10,000 randomly selected US based UIDs). Plaintiffs' request for full preservation is neither reasonable nor proportional, as outlined further below. However, as a compromise and in the alternative to a sample-based preservation, Google will agree to preserve a snapshot of all data for U.S.-based users written to ██ during one week.<br><br>As Plaintiffs know, these log sources are not preserved in an unaltered format—over time, the data is de-identified as IP addresses are abrogated and IDs are encrypted.$<br>Full preservation of this data source is neither reasonable nor practicable. The size of this data source as of April 24, 2022 is about ██ and the compressed daily average of new data written to it is ██<br><br>These orders of magnitude are prohibitively expensive. This is so even adopting Plaintiffs' method of calculating cost on the basis of Google's Cloud Storage pricing to measure the storage burden and Plaintiffs' assumption that Google charges customers $0.01 per gigabyte per month██ ███ ▎ ▎ ▎ ███ | **Modified Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Full ongoing preservation of certain fields (where they are present):<br>• sync state<br>• Incognito Bit(s)<br>• Any ID Not mentioned below<br>• IP v4 & v6<br>• adimpression.tag<br>• query<br>• Referrer<br>• Useragent<br>• Biscotti - Encrypted UID<br>• Biscotti – UID<br>• Rewritten Page URL<br>• Userinfo.userid<br>• GAIAUserState<br>• Client Country |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | | | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | {Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62}<br><br>+ decryption keys |
| 50 | ▮▮▮▮▮ | No objection. | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | In the interest of compromise, Plaintiffs can accept Google's proposal in its April 15, 2022 objections. For the reasons noted above in Plaintiffs' introductory statement, Plaintiffs reject Google's May 10 modified proposal. | Google agrees to preserve data as set forth in the Special Master's Report and Recommendation and Google's April 15, 2022 response. | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |
| 51 | ▮▮▮▮▮ | No objection. | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically | In the interest of compromise, Plaintiffs can accept Google's proposal in its April 15, 2022 objections. For the reasons noted above in Plaintiffs' introductory statement, | Google agrees to preserve data as set forth in the Special Master's Report and Recommendation and Google's April 15, 2022 response. | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |

| R&R Index | R&R Data Source | Google's April 15 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | Plaintiffs reject Google's May 10 modified proposal. | | |
| 52 | | No objection. | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | Google has disclosed that this data source has only ▇▇▇▇, which could be preserved for less than ▇▇ based on the calculations above. There is no reason not to preserve this data source. | On May 5, Plaintiffs de-prioritized this source. To date, Plaintiffs have failed to explain why event-level data from this source should be preserved. For these reasons, preservation of data from this source is neither necessary nor reasonable, except to the extent preservation will follow a sample-based approach as set forth in Google's April 15, 2022 submission.<br><br>Full preservation of this data source is neither reasonable nor practicable. The size of this data source as of April 24, 2022 is about ▇▇▇▇ and the compressed daily average of new data written to it is ▇▇▇▇<br><br>These orders of magnitude are prohibitively expensive. This is so even adopting Plaintiffs' method of calculating cost on the basis of Google's Cloud Storage pricing to measure the storage burden and Plaintiffs' assumption that Google charges customers $0.01 per gigabyte per month ▇▇▇▇▇▇▇▇ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| 53 | ▇▇▇ | No objection. Google agrees to preserve data from ▇▇▇ | Google will agree to preserve data from ▇▇▇ on the sampled basis recommended by the Special Master on April 5, 2022 (all records for 10,000 randomly selected US based UIDs). Because this data source is extremely large ▇▇▇ and the compressed daily average of new data written to it is ▇▇▇ Google objects to preserving all data from this source. | Plaintiffs request class-wide preservation of this log, which is currently retained for ▇▇▇, according to Google. See *2021.09.17 Calhoun v. Google Submission*. <br><br> To the extent the log includes identifiers that are hashed or de-crypted after certain period of time, Plaintiffs' request that Google securely store decryption keys that can be used for no other purpose than class member identification in this action. | Google agrees to preserve data from ▇▇▇ on the sampled basis recommended by the Special Master on April 5, 2022 (all records for 10,000 randomly selected US based UIDs). Plaintiffs' request for full preservation is neither reasonable nor proportional, as outlined further below. However, as a compromise and in the alternative to a sample-based preservation, Google will agree to preserve a snapshot of all data for U.S.-based users written to ▇▇▇ s during one week. <br><br> As Plaintiffs know, these log sources are not preserved in an unaltered format—over time, the data is de-identified as IP addresses are abrogated and IDs are encrypted.‡ <br> Full preservation of this data source is neither reasonable nor practicable. The size of this data source as of April 24, 2022 is about ▇▇▇ and the compressed daily average of new data written to it is ▇▇▇ <br><br> These orders of magnitude are prohibitively expensive. This is so even adopting Plaintiffs' method of calculating cost on the basis of Google's Cloud Storage pricing to measure the storage burden and Plaintiffs' assumption that Google charges customers $0.01 per gigabyte per month ▇▇▇ | **Modified Preservation** <br><br> Sample (10,000) Ongoing ALL FIELDS <br><br> Full ongoing preservation of certain fields (where they are present): <br> • sync state <br> • Incognito Bit(s) <br> • Any ID Not mentioned below <br> • IP v4 & v6 <br> • adimpression.tag <br> • query <br> • Referrer <br> • Useragent <br> • Biscotti - Encrypted UID <br> • Biscotti – UID <br> • Rewritten Page URL <br> • Userinfo.userid <br> • GAIAUserState <br> • Client Country <br><br> (Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62) <br><br> + decryption keys |

2022/07/15 10:09:25    54    /141

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| 54 | █████ | No objection. | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | In the interest of compromise, Plaintiffs can agree to remove this data source. | Google agrees to remove this data source. | Remove |
| 55 | █████ | No objection. | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to | In the interest of compromise, Plaintiffs can agree to remove this data source. | Google agrees to remove this data source. | Remove |

2022/07/15 10:09:25    55   /141

| R&R Index | R&R Data Source | Google's April 15 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | preserving data from this source. | | | |
| 56 | ▮ | No objection. | Google is prepared to exceed the Special Master's recommendation to sample 10,000 randomly selected US-based UIDs for each day for which there is data. As part of its holistic preservation proposal, Google is willing to preserve a sample of 20,000 randomly selected U.S.-based UIDs for each day for which there is data for the following priority fields Plaintiffs provided on May 5, 2022: (2) adimpression.tag; (32) query; (34) Referrer; (44) Useragent; (47) Biscotti - Encrypted UID; (54) Biscotti - UID; and (56) Userinfo.userid.<br><br>Because this data source is extremely large ▮ and the compressed daily average of new data written to it is ▮, Google | This log is retained "permanently" according to Google. Thus, there is no reason for a sample because there is no additional burden to Google for class-wide preservation. See *2021.09.17 Calhoun v. Google Submission.*<br><br>To the extent the log includes identifiers that are hashed or de-crypted after certain period of time, Plaintiffs request that Google securely store decryption keys that can be used for no other purpose than class member identification in this action. | Google is prepared to exceed the Special Master's recommendation to sample 10,000 randomly selected US-based UIDs for each day for which there is data. As part of its holistic preservation proposal, Google is willing to preserve a sample of 20,000 randomly selected U.S.-based UIDs for each day for which there is data for the following priority fields Plaintiffs provided on May 5, 2022: (2) adimpression.tag; (32) query; (34) Referrer; (44) Useragent; (47) Biscotti - Encrypted UID; (54) Biscotti - UID; and (56) Userinfo.userid.<br><br>As Plaintiffs know, these log sources are not preserved in an unaltered format—over time, the data is de-identified as IP addresses are abrogated and IDs are encrypted.$ Full preservation of this data source is neither reasonable nor practicable. The size of this data source as of April 24, 2022 is about ▮ and the compressed daily average of new data written to it is ▮.<br><br>These orders of magnitude are prohibitively expensive. This is so even adopting Plaintiffs' method of calculating cost on the basis of Google's Cloud Storage pricing to measure the storage burden and Plaintiffs' assumption that Google charges customers $0.01 per gigabyte per month ▮ | **Modified Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Full ongoing preservation of certain fields (where they are present):<br>• sync state<br>• Incognito Bit(s)<br>• Any ID Not mentioned below<br>• IP v4 & v6<br>• adimpression.tag<br>• query<br>• Referrer<br>• Useragent<br>• Biscotti - Encrypted UID<br>• Biscotti – UID<br>• Rewritten Page URL<br>• Userinfo.userid<br>• GAIAUserState<br>• Client Country<br><br>(Plaintiffs agreed to this type of preservation in #3 |

| R&R Index | R&R Data Source | Google's April 15 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | objects to preserving all data from this source. | | ██████████████████████████████████ and Google agreed to this type of sampling in #62)\n\n+ decryption keys | |
| 57 | ████ | No objection. | Google is prepared to exceed the Special Master's recommendation to sample 10,000 randomly selected US-based UIDs for each day for which there is data. As part of its holistic preservation proposal, Google is willing to preserve a sample of 20,000 randomly selected U.S.-based UIDs for each day for which there is data for the following priority fields Plaintiffs provided on May 5, 2022: (9) Request; (12) Query; (23) Referrer; (25) Host; (27) GaiaUserState; and (163) Client Country.\n\nBecause this data source is extremely large ████ and the compressed daily average of new data written to it is ██████ Google | This log is retained "permanently" according to Google. Thus, there is no reason for a sample because there is no additional burden to Google for class-wide preservation. See *2021.09.17 Calhoun v. Google Submission.*\n\nTo the extent the log includes identifiers that are hashed or de-crypted after certain period of time, Plaintiffs request that Google securely store decryption keys that can be used for no other purpose than class member identification in this action. | Google is prepared to exceed the Special Master's recommendation to sample 10,000 randomly selected US-based UIDs for each day for which there is data. As part of its holistic preservation proposal, Google is willing to preserve a sample of 20,000 randomly selected U.S.-based UIDs for each day for which there is data for the following priority fields Plaintiffs provided on May 5, 2022: (9) Request; (12) Query; (23) Referrer; (25) Host; (27) GaiaUserState; and (163) Client Country.\n\nAs Plaintiffs know, these log sources are not preserved in an unaltered format—over time, the data is de-identified as IP addresses are abrogated and IDs are encrypted.§ Full preservation of this data source is neither reasonable nor practicable. The size of this data source as of April 24, 2022 is about ████ and the compressed daily average of new data written to it is ██████\n\nThese orders of magnitude are prohibitively expensive. This is so even adopting Plaintiffs' method of calculating cost on the basis of Google's Cloud Storage pricing to measure the storage burden and Plaintiffs' assumption that Google charges customers $0.01 per gigabyte per month ██████████████ | **Modified Preservation**\n\nSample (10,000) Ongoing ALL FIELDS\n\nFull ongoing preservation of certain fields (where they are present):\n- sync state\n- Incognito Bit(s)\n- Any ID Not mentioned below\n- IP v4 & v6\n- adimpression.tag\n- query\n- Referrer\n- Useragent\n- Biscotti - Encrypted UID\n- Biscotti – UID\n- Rewritten Page URL\n- Userinfo.userid\n- GAIAUserState\n- Client Country |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | objects to preserving all data from this source. | | ██████ ██ ██ ██ ██ ██ ██ | (Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62) <br><br> + decryption keys |
| 58 | ████ | No objection. | Google is prepared to exceed the Special Master's recommendation to sample 10,000 randomly selected US-based UIDs for each day for which there is data. As part of its holistic preservation proposal, Google is willing to preserve a sample of 20,000 randomly selected U.S.-based UIDs for each day for which there is data for the following priority fields Plaintiffs provided on May 5, 2022: <br> (11) Query; <br> (23) UserAgent; <br> (29) Biscotti - UID; <br> (35) Biscotti - Encrypted UID; and <br> (160) Rewritten Page URL. <br><br> Because this data source is extremely large ████ and the compressed daily | This log is retained "permanently" according to Google. Thus, there is no reason for a sample because there is no additional burden to Google for class-wide preservation. See *2021.09.17 Calhoun v. Google Submission.* <br><br> To the extent the log includes identifiers that are hashed or de-crypted after certain period of time, Plaintiffs request that Google securely store decryption keys that can be used for no other purpose than class member identification in this action. | Google is prepared to exceed the Special Master's recommendation to sample 10,000 randomly selected US-based UIDs for each day for which there is data. As part of its holistic preservation proposal, Google is willing to preserve a sample of 20,000 randomly selected U.S.-based UIDs for each day for which there is data for the following priority fields Plaintiffs provided on May 5, 2022: <br> (11) Query; <br> (23) UserAgent; <br> (29) Biscotti - UID; <br> (35) Biscotti - Encrypted UID; and <br> (160) Rewritten Page URL. <br><br> As Plaintiffs know, these log sources are not preserved in an unaltered format—over time, the data is de-identified as IP addresses are abrogated and IDs are encrypted.§ <br> Full preservation of this data source is neither reasonable nor practicable. The size of this data source as of April 24, 2022 is about ████ and the compressed daily average of new data written to it is ████ <br><br> These orders of magnitude are prohibitively expensive. This is so even adopting Plaintiffs' method of calculating cost on the basis of Google's Cloud Storage pricing to measure the storage burden and Plaintiffs' assumption that Google charges customers $0.01 per gigabyte per month ████ | **Modified Preservation** <br><br> Sample (10,000) Ongoing ALL FIELDS <br><br> Full ongoing preservation of certain fields (where they are present): <br> • sync state <br> • Incognito Bit(s) <br> • Any ID Not mentioned below <br> • IP v4 & v6 <br> • adimpression.tag <br> • query <br> • Referrer <br> • Useragent <br> • Biscotti - Encrypted UID <br> • Biscotti – UID <br> • Rewritten Page URL <br> • Userinfo.userid <br> • GAIAUserState <br> • Client Country |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | average of new data written to it is ▮▮▮▮▮. Google objects to preserving all data from this source. | | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | (Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62)<br><br>+ decryption keys |
| 59 | ▮▮▮▮ | No objection. Google agrees to preserve data from ▮▮▮▮▮▮ | This is a duplicate to # 62, which Google is offering to preserve on a categorical basis. | Plaintiffs can agree to remove this data source as a compromise based on Google's representation that it is a duplicate of Index No. 62 below (but do not agree with the referenced proposal for Index. No. 62). | Google agrees to remove this data source. | **Remove**<br><br>Duplicative of #62 |
| 60 | ▮▮▮▮ | No objection. | Because (i) the sync signals Plaintiffs wish to preserve are stored in a granular form in # 62 and (ii) Google is offering to categorically preserve prioritized fields in # 62, Google objects to preserving data from this source. | Google disclosed that this data source has ▮▮▮▮ which could fit on a thumb drive. There is no reason not to preserve this data source. | Because (i) the sync signals Plaintiffs wish to preserve are stored in a granular form in # 62 and (ii) Google is offering to categorically preserve prioritized fields in # 62, Google objects to preserving data from this source. | **Modified Preservation**<br><br>Sample (10,000) Ongoing ALL Fields<br><br>Full ongoing preservation of certain fields (where they are present):<br>• sync state<br>• Incognito Bit(s)<br>• Any ID Not mentioned below<br>• IP v4 & v6<br>• adimpression.tag |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | | | | • query<br>• Referrer<br>• Useragent<br>• Biscotti - Encrypted UID<br>• Biscotti – UID<br>• Rewritten Page URL<br>• Userinfo.userid<br>• GAIAUserState<br>• Client Country<br><br>(Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62)<br><br>+ decryption keys |
| 61 | ▮▮▮▮ | No objection. | Because (i) the sync signals Plaintiffs wish to preserve are stored in a granular form in # 62 and (ii) Google is offering to categorically preserve prioritized fields in # 62, Google objects to preserving data from this source. | Google disclosed that this data source has ▮▮▮, which could be preserved for less than ▮▮▮ There is no reason not to preserve this data source. | Because (i) the sync signals Plaintiffs wish to preserve are stored in a granular form in # 62 and (ii) Google is offering to categorically preserve prioritized fields in # 62, Google objects to preserving data from this source.<br><br>Full preservation of this data source is neither reasonable nor practicable. The size of this data source as of April 24, 2022 is about ▮▮▮ and the compressed daily average of new data written to it is ▮▮▮<br><br>These orders of magnitude are prohibitively expensive. This is so even adopting Plaintiffs' method of calculating cost on the basis of Google's Cloud Storage pricing to measure the storage burden and | **Modified Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Full ongoing preservation of certain fields (where they are present):<br>• sync state<br>• Incognito Bit(s)<br>• Any ID Not mentioned below<br>• IP v4 & v6 |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | | | Plaintiffs' assumption that Google charges customers $0.01 per gigabyte per month ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | • adimpression tag<br>• query<br>• Referer<br>• Useragent<br>• Biscotti - Encrypted UID<br>• Biscotti – UID<br>• Rewritten Page URL<br>• Userinfo.userid<br>• GAIAUserState<br>• Client Country<br><br>(Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62)<br><br>+ decryption keys |
| 62 | ▮▮▮▮ | No objection. | Google is prepared to exceed the Special Master's recommendation to sample 10,000 randomly selected U.S.-based UIDs for each day for which there is data. As part of its holistic preservation proposal, Google is willing to ***categorically preserve*** the following fields for data from users who appear to be in the | Google has disclosed that this data source has only ▮▮▮▮▮ which could be preserved for less than ▮▮▮▮▮ based on the calculations above. There is no reason not to preserve this data source in its entirety. It is also being preserved in lieu of Index No. 59 above, which | Google is prepared to exceed the Special Master's recommendation to sample 10,000 randomly selected U.S.-based UIDs for each day for which there is data. As part of its holistic preservation proposal, Google is willing to ***categorically preserve*** the following fields for data from users who appear to be in the United States based on their IP address and for whom ▮▮▮▮▮▮▮▮▮▮▮▮<br><br>In addition, Google is prepared to categorically preserve the following fields for data from users who appear to be in the United | **Modified Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Full ongoing preservation of certain fields (where they are present):<br>• sync state<br>• Incognito Bit(s)<br>• Any ID Not mentioned below |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | United States based on their IP address and for whom ▮▮▮▮ ▮ <br><br> In addition, Google is prepared to categorically preserve the following fields for data from users who appear to be in the United States based on their IP address and the request being associated with a ▮▮▮▮, as indicated by the Request field: ▮▮▮▮ | Google represents is a duplicate. | States based on their IP address and the request being associated with a ▮▮▮▮ as indicated by the Request field: ▮▮▮▮ <br><br> Full preservation of this data source is neither reasonable nor practicable. The size of this data source as of April 24, 2022 is about ▮▮ and the compressed daily average of new data written to it is ▮▮ <br><br> These orders of magnitude are prohibitively expensive. This is so even adopting Plaintiffs' method of calculating cost on the basis of Google's Cloud Storage pricing to measure the storage burden and Plaintiffs' assumption that Google charges customers $0.01 per gigabyte per month ▮▮▮▮▮▮▮▮ | • IP v4 & v6 <br> • adimpression.tag <br> • query <br> • Referrer <br> • Useragent <br> • Biscotti - Encrypted UID <br> • Biscotti – UID <br> • Rewritten Page URL <br> • Userinfo.userid <br> • GAIAUserState <br> • Client Country <br><br> (Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62) <br><br> + decryption keys |
| 63 | ▮▮▮▮ | No objection. Google agrees to preserve data from ▮▮▮▮ | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be | In the interest of compromise, Plaintiffs can agree to remove this data source. | Google agrees to remove this data source. | **Remove** |

| R&R Index | R&R Data Source | Google's April 15, 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | | burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | | | |
| 64 | ▮ | No objection. Google agrees to preserve data from ▮ | Because (i) Plaintiffs did not identify this source as a priority for preservation in their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | Google has disclosed that this data source has only ▮, which could be preserved for less than ▮ based on the calculations above. There is no reason not to preserve this data source. | On May 5, Plaintiffs de-prioritized this source. To date, Plaintiffs have failed to explain why event-level data from this source should be preserved. For these reasons, preservation of data from this source is neither necessary nor reasonable, except to the extent preservation will follow a sample-based approach as set forth in Google's April 15, 2022 submission.<br><br>Full preservation of this data source is neither reasonable nor practicable. The size of this data source as of April 24, 2022 is about ▮ and the compressed daily average of new data written to it is ▮<br><br>These orders of magnitude are prohibitively expensive. This is so even adopting Plaintiffs' method of calculating cost on the basis of Google's Cloud Storage pricing to measure the storage burden and Plaintiffs' assumption that Google charges customers $0.01 per gigabyte per month ▮ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |
| 65 | ▮ | No objection. Google agrees to preserve data from ads:nmp- | Because (i) Plaintiffs did not identify this source as a priority for preservation in | In the interest of compromise, Plaintiffs can | Google agrees to remove this data source. | **Remove** |

| R&R Index | R&R Data Source | Google's April 15 2022 Objections | Google's Position on May 10, 2022 | Plaintiffs' Further Compromise Position in Response | Google's May 17, 2022 Further Compromise Position in Response | Special Master Preservation Recommendations |
|---|---|---|---|---|---|---|
| | | ███████ | their May 5, 2022 submission in response to the Court's request; and (ii) Google is prepared to categorically preserve prioritized fields in # 62, the additional preservation of this non-prioritized source would be burdensome and not proportional. For these reasons, Google objects to preserving data from this source. | agree to remove this data source. | | |

TO BE FILED UNDER SEAL

## EXHIBIT B – SPECIAL MASTER PRESERVATION RECOMMENDATIONS
### *Calhoun, et al. v. Google LLC*, 4:20-cv-5146-YGR-SVK (N.D. Cal.)

### Joint Special Master Submission re: Revised Data Preservation Proposal

### CHART OF INSTRUCTIONS FOR CARRYING OUT PRESERVATION RECOMMENDATIONS

| Item No. | Preservation Instructions |
|---|---|
| 1 | For each data source, preserve all records as instructed in the column entitled "Special Master Preservation Recommendations". |
| | For each data source for which "Remove" is present in the "Special Master Preservation Recommendations" field, no data need be preserved outside of current Google policy or any previous order instructing otherwise (i.e. this instruction does not modify, replace, or augment any previous order). |
| | For each data source that is not to be "remove[d]" there may be more than one method of preservation provided. |
| | All preservation methods listed for each data source are to be performed. |
| | Where "Replace source with" is written in the "Special Master Preservation Recommendations" field, perform the directed preservation method on the data source or sources listed rather than the one listed in the "R&R Data Source" column. |
| | For "Sample" preservations, sample selection and preservations are to begin on the first day for which there is data (or July 27, 2016, whichever is later) in that data source and continue to the present and continue indefinitely into the future until this litigation has concluded. Preservation of records is to include every field contained in every record selected. |
| | For "Full ongoing preservation of certain fields", Google is to categorically preserve prioritized fields listed under that provided method of preservation where they are present in the data source. These preservations are to begin on the first day for which there is data (or July 27, 2016, whichever is later) in that data source and continue to the present and continue indefinitely into the future until this litigation has concluded. For these preservations, all decryption keys are to be preserved that will allow any encrypted preserved data to be decrypted. |

1

| Item No. | Preservation Instructions |
|---|---|
|  | For "One Full Preservation", Google is to perform a one-time preservation of the entire data source. These preservations are to include all data in every field in the data source beginning on the first day for which there was data present (or July 27, 2016, whichever is later) in that data source and continue up to the day on which the preservation takes place. |
| 2 | Where "Sample" preservations are performed, preservation is not to be based on any search criteria other than that the users are determined to be US based and that the product, where data sources contain records for more than one Google product, is one of those listed in item number 5 below. |
| 3 | Wipeout instructions are to be honored (without regards to Google identifying or not identifying account as a class member). |
| 4 | Data dictionary and schema for each preserved data source is to be preserved. Any change to data dictionary and/or schema is to be preserved along with the date that changes were made. |
| 5 | Where a listed data source serves as a repository for multiple products, at a minimum, records for the following products will serve as the base for the selection of UIDs for random record selection: Display Ads, Google Analytics, Google Ads, YouTube, and Google APIs. |

### CHART OF DATA SOURCES WITH SPECIAL MASTER PRESERVATION RECOMMENDATIONS

| R&R Index | R&R Data Source | Special Master Preservation Recommendations |
|---|---|---|
| 1 | ███████████ | Remove |

2

| R&R Index | R&R Data Source | Special Master Preservation Recommendations |
|---|---|---|
| 2 | ███████████ | **Modified Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Full ongoing preservation of certain fields (where they are present):<br>• sync state<br>• Incognito Bit(s)<br>• Any ID Not mentioned below<br>• IP v4 & v6<br>• ███████████<br>• query<br>• Referrer<br>• Useragent<br>• Biscotti - Encrypted UID<br>• Biscotti – UID<br>• Rewritten Page URL<br>• Userinfo.userid<br>• GAIAUserState<br>• Client Country<br><br>(Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62)<br><br>+ decryption keys |
| 3 | ███████████ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |
| 4 | ███████████ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |

| R&R Index | R&R Data Source | Special Master Preservation Recommendations |
|---|---|---|
| 5 | ████████████████ | **No Modification to Preservation** <br><br> Sample (10,000) Ongoing ALL FIELDS <br><br> Replace source with: <br> █████████████████ |
| 6 | ██ | **No Modification to Preservation** <br><br> Sample (10,000) Ongoing ALL FIELDS <br><br> ████████████████████ <br> ███████████████ <br> ██████████████████ |
| 7 | ██████████████████ | **Remove** <br> Duplicative of #6 |
| 8 | ███████████ | **No Modification to Preservation** <br><br> Sample (10,000) Ongoing ALL FIELDS <br><br> Replace source with: <br> ████████████████ |

4

| R&R Index | R&R Data Source | Special Master Preservation Recommendations |
|---|---|---|
| 9 | █████████████████████ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Replace source with:<br><br>███████████████████ |
| 10 | ██████████████████ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Replace source with:<br><br>████████████████████ |
| 11 | █████████ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Replace source with:<br><br>███████████████ |

| R&R Index | R&R Data Source | Special Master Preservation Recommendations |
|---|---|---|
| 12 | ███████████████ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br>Replace source with:<br>████████████████ |
| 13 | ████████ (should include content from Doubleclick and Google Ad Manager) | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Replace source with:<br>████████████████████ |
| 14 | ██████████ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |

| R&R Index | R&R Data Source | Special Master Preservation Recommendations |
|---|---|---|
| 15 | ███████████████ | **Modified Preservation** <br><br> Sample (10,000) Ongoing ALL FIELDS <br><br> Full ongoing preservation of certain fields (where they are present): <br> • sync state <br> • Incognito Bit(s) <br> • Any ID Not mentioned below <br> • IP v4 & v6 <br> • ████████████ <br> • query <br> • Referrer <br> • Useragent <br> • Biscotti - Encrypted UID <br> • Biscotti – UID <br> • Rewritten Page URL <br> • Userinfo.userid <br> • GAIAUserState <br> • Client Country <br><br> (Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62) <br><br> + decryption keys <br><br> Replace source with: <br> ████████████████ |

| R&R Index | R&R Data Source | Special Master Preservation Recommendations |
|---|---|---|
| 16 | ██████████████ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |
| 17 | ████████████ | **Remove** |
| 18 | ████████████████ | **Remove** |
| 19 | █████████████ | **Remove** |
| 20 | █████████████ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |
| 21 | ████████████████ | **Remove** |
| 22 | ██████████████ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |
| 23 | █████████████████████ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |
| 24 | ███████████████ | **Remove** |

| R&R Index | R&R Data Source | Special Master Preservation Recommendations |
|---|---|---|
| 25 | ███████████████ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |
| 26 | █████████ | **Remove**<br><br>Duplicative of #28 and #36 |
| 27 | ███████████ | **Remove**<br><br>Duplicative of #28 and #36 |

| R&R Index | R&R Data Source | Special Master Preservation Recommendations |
|---|---|---|
| 28 | GAIA ▮▮▮ | **Modified Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS from ENTIRE Keyspace (i.e. ALL COLUMNS)<br><br>Full ongoing preservation of certain fields (where they are present) from ENTIRE Keyspace (i.e. ALL COLUMNS):<br>• sync state<br>• Incognito Bit(s)<br>• Any ID Not mentioned below<br>• IP v4 & v6<br>• ▮▮▮▮▮▮<br>• query<br>• Referrer<br>• Useragent<br>• Biscotti - Encrypted UID<br>• Biscotti – UID<br>• Rewritten Page URL<br>• Userinfo.userid<br>• GAIAUserState<br>• Client Country<br><br>(Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62)<br><br>+ decryption keys |
| 29 | ▮▮▮▮▮▮ | **Remove**<br><br>Duplicative of #28 and #36 |

| R&R Index | R&R Data Source | Special Master Preservation Recommendations |
|-----------|-----------------|---------------------------------------------|
| 30 | ███████████████ | **Remove**<br>Duplicative of #28 and #36 |
| 31 | ██████████████ | **Remove**<br>Duplicative of #28 and #36 |
| 32 | █████████ | **Remove**<br>Duplicative of #28 and #36 |
| 33 | ████████████████ | **Remove**<br>Duplicative of #28 and #36 |
| 34 | █████████████ | **Remove**<br>Duplicative of #28 and #36 |
| 35 | ███████████ | **Remove**<br>Duplicative of #28 and #36 |

| R&R Index | R&R Data Source | Special Master Preservation Recommendations |
|---|---|---|
| 36 | ZWBK ▮ | **Modified Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS from ENTIRE Keyspace (i.e. ALL COLUMNS)<br><br>One Full Preservation (one time, current state) from ENTIRE Keyspace (i.e. ALL COLUMNS)<br><br>Full ongoing preservation of certain fields (where they are present) from ENTIRE Keyspace (i.e. ALL COLUMNS):<br>• sync state<br>• Incognito Bit(s)<br>• Any ID Not mentioned below<br>• IP v4 & v6<br>• ▮<br>• query<br>• Referrer<br>• Useragent<br>• Biscotti - Encrypted UID<br>• Biscotti – UID<br>• Rewritten Page URL<br>• Userinfo.userid<br>• GAIAUserState<br>• Client Country<br><br>(Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62)<br><br>+ decryption keys |

| R&R Index | R&R Data Source | Special Master Preservation Recommendations |
|---|---|---|
| 37 | Zwieback███████ | **Remove**<br><br>Duplicative of #36 |
| 38 | ███████ | **Remove**<br><br>Duplicative of #39 |
| 39 | ███████ | **Modified Preservation**<br><br>Replace source with:<br><br>███████████<br><br>Sample (10,000) Ongoing<br>ALL FIELDS<br><br>One Full Preservation (one time, current state) |
| 40 | ███████ | **Modified Preservation**<br><br>Replace source with:<br><br>███████████<br><br>Sample (10,000) Ongoing<br>ALL FIELDS<br><br>One Full Preservation (one time, current state) |
| 41 | ███████ | **Remove** |
| 42 | ███████ | **Remove** |

13

| R&R Index | R&R Data Source | Special Master Preservation Recommendations |
|-----------|-----------------|---------------------------------------------|
| 43 | ███████████ | **No Modification to Preservation**<br>Sample (10,000) Ongoing ALL FIELDS |
| 44 | DBL ██ | **No Modification to Preservation**<br>Sample (10,000) Ongoing ALL FIELDS |
| 45 | GAIA ██ | **No Modification to Preservation**<br>Sample (10,000) Ongoing ALL FIELDS |
| 46 | ZWBK ██ | **No Modification to Preservation**<br>Sample (10,000) Ongoing ALL FIELDS |
| 47 | ████████████ | **No Modification to Preservation**<br>Sample (10,000) Ongoing ALL FIELDS |
| 48 | █████████████ | **No Modification to Preservation**<br>Sample (10,000) Ongoing ALL FIELDS |

| R&R Index | R&R Data Source | Special Master Preservation Recommendations |
|---|---|---|
| 49 | ▮▮▮▮▮▮ | **Modified Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Full ongoing preservation of certain fields (where they are present):<br>• sync state<br>• Incognito Bit(s)<br>• Any ID Not mentioned below<br>• IP v4 & v6<br>• ▮▮▮▮▮▮<br>• query<br>• Referrer<br>• Useragent<br>• Biscotti - Encrypted UID<br>• Biscotti – UID<br>• Rewritten Page URL<br>• Userinfo.userid<br>• GAIAUserState<br>• Client Country<br><br>(Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62)<br><br>+ decryption keys |
| 50 | ▮▮▮▮▮▮▮▮ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |

| R&R Index | R&R Data Source | Special Master Preservation Recommendations |
|---|---|---|
| 51 | ███████████ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |
| 52 | ██████████████ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |

| R&R Index | R&R Data Source | Special Master Preservation Recommendations |
|---|---|---|
| 53 | ▓▓▓▓▓▓▓ | **Modified Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Full ongoing preservation of certain fields (where they are present):<br>• sync state<br>• Incognito Bit(s)<br>• Any ID Not mentioned below<br>• IP v4 & v6<br>• ▓▓▓▓▓▓<br>• query<br>• Referrer<br>• Useragent<br>• Biscotti - Encrypted UID<br>• Biscotti – UID<br>• Rewritten Page URL<br>• Userinfo.userid<br>• GAIAUserState<br>• Client Country<br><br>(Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62)<br><br>+ decryption keys |
| 54 | ▓▓▓▓▓▓ | **Remove** |
| 55 | ▓▓▓▓▓▓▓ | **Remove** |

| R&R Index | R&R Data Source | Special Master Preservation Recommendations |
|---|---|---|
| 56 | ███████ | **Modified Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Full ongoing preservation of certain fields (where they are present):<br>• sync state<br>• Incognito Bit(s)<br>• Any ID Not mentioned below<br>• IP v4 & v6<br>• ███████<br>• query<br>• Referrer<br>• Useragent<br>• Biscotti - Encrypted UID<br>• Biscotti – UID<br>• Rewritten Page URL<br>• Userinfo.userid<br>• GAIAUserState<br>• Client Country<br><br>(Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62)<br><br>+ decryption keys |

| R&R Index | R&R Data Source | Special Master Preservation Recommendations |
|---|---|---|
| 57 | ▉▉▉▉▉▉▉ | **Modified Preservation** <br><br> Sample (10,000) Ongoing ALL FIELDS <br><br> Full ongoing preservation of certain fields (where they are present): <br> • sync state <br> • Incognito Bit(s) <br> • Any ID Not mentioned below <br> • IP v4 & v6 <br> • ▉▉▉▉▉▉▉ <br> • query <br> • Referrer <br> • Useragent <br> • Biscotti - Encrypted UID <br> • Biscotti – UID <br> • Rewritten Page URL <br> • Userinfo.userid <br> • GAIAUserState <br> • Client Country <br><br> (Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62) <br><br> + decryption keys |

| R&R Index | R&R Data Source | Special Master Preservation Recommendations |
|---|---|---|
| 58 | ███████ | **Modified Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Full ongoing preservation of certain fields (where they are present):<br>• sync state<br>• Incognito Bit(s)<br>• Any ID Not mentioned below<br>• IP v4 & v6<br>• ███████<br>• query<br>• Referrer<br>• Useragent<br>• Biscotti - Encrypted UID<br>• Biscotti – UID<br>• Rewritten Page URL<br>• Userinfo.userid<br>• GAIAUserState<br>• Client Country<br><br>(Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62)<br><br>+ decryption keys |
| 59 | ███████ | **Remove**<br><br>Duplicative of #62 |

| R&R Index | R&R Data Source | Special Master Preservation Recommendations |
|---|---|---|
| 60 | ███████████ | **Modified Preservation**<br><br>Sample (10,000) Ongoing ALL Fields<br><br>Full ongoing preservation of certain fields (where they are present):<br>• sync state<br>• Incognito Bit(s)<br>• Any ID Not mentioned below<br>• IP v4 & v6<br>• ███████████<br>• query<br>• Referrer<br>• Useragent<br>• Biscotti - Encrypted UID<br>• Biscotti – UID<br>• Rewritten Page URL<br>• Userinfo.userid<br>• GAIAUserState<br>• Client Country<br><br>(Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62)<br><br>+ decryption keys |

| R&R Index | R&R Data Source | Special Master Preservation Recommendations |
|---|---|---|
| 61 | ███████████ | **Modified Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Full ongoing preservation of certain fields (where they are present):<br>• sync state<br>• Incognito Bit(s)<br>• Any ID Not mentioned below<br>• IP v4 & v6<br>• ██████████<br>• query<br>• Referrer<br>• Useragent<br>• Biscotti - Encrypted UID<br>• Biscotti – UID<br>• Rewritten Page URL<br>• Userinfo.userid<br>• GAIAUserState<br>• Client Country<br><br>(Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62)<br><br>+ decryption keys |

| R&R Index | R&R Data Source | Special Master Preservation Recommendations |
|---|---|---|
| 62 | ███████████████ | **Modified Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Full ongoing preservation of certain fields (where they are present):<br>• sync state<br>• Incognito Bit(s)<br>• Any ID Not mentioned below<br>• IP v4 & v6<br>• ███████████<br>• query<br>• Referrer<br>• Useragent<br>• Biscotti - Encrypted UID<br>• Biscotti – UID<br>• Rewritten Page URL<br>• Userinfo.userid<br>• GAIAUserState<br>• Client Country<br><br>(Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62)<br><br>+ decryption keys |
| 63 | ███████████████ | **Remove** |
| 64 | ███████████████ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |

| R&R Index | R&R Data Source | Special Master Preservation Recommendations |
|-----------|-----------------|---------------------------------------------|
| 65 | █████████████████ | Remove |

Case 4:20-cv-05146-YGR   Document 766-2 *SEALED*   Filed 07/15/22   Page 1 of 34

**EXHIBIT 2 – JULY 15, 2022 PRESERVATION PROTOCOLS AND DATA SOURCES FOR CALHOUN V. GOOGLE**
*Calhoun, et al. v. Google LLC*, **4:20-cv-5146-YGR-SVK (N.D. Cal.)**

**CHART OF INSTRUCTIONS FOR CARRYING OUT PRESERVATION RECOMMENDATIONS**

| Item No. | Preservation Instructions |
|---|---|
| 1 | For each data source, preserve all records as instructed in the column entitled "Preservation Order".<br><br>Google will preserve records in the form prescribed in the order accompanying this Exhibit (see Section II.B.2 of the order containing this Exhibit beginning on Page 8, Line 24).<br><br>For each data source for which "Remove" is present in the "Preservation Order" field, no data need be preserved outside of current Google policy or any previous order instructing otherwise (i.e., this instruction does not modify, replace, or augment any previous order).<br><br>For each data source that is not to be "remove[d]" there may be more than one method of preservation ordered.<br><br>All preservation methods listed for each data source are to be performed.<br><br>Where "Replace source with" is written in the "Special Master Preservation Recommendations" field, perform the directed preservation method on the data source or sources listed in "Preservation Order" rather than the one listed in the "Data Source" column.<br><br>For "Sample" preservations, sample selection and preservations are to begin on the first day for which there is data in that data source (or July 27, 2016, whichever is later) and continue to the present and continue indefinitely into the future until this litigation has concluded. Preservation of records is to include every field contained in every record selected.<br><br>For "Full ongoing preservation of certain fields", Google is to categorically preserve prioritized fields listed under that provided method of preservation where they are present in the data source, in the case of GAIA ▓▓▓ the Columns listed on pages 28-31 of this Exhibit, and in the case of ZWBK ▓▓▓ the Table, Column Combinations listed on pages 32-33 of this Exhibit. These preservations are to begin on the first day for which there is data |

| Item No. | Preservation Instructions |
|---|---|
| | in that data source (or July 27, 2016, whichever is later) and continue to the present and continue indefinitely into the future until this litigation has concluded. |
| | For "One Full Preservation", Google is to perform a one-time preservation of the entire data source. These preservations are to include all data in every field in the data source beginning on the first day for which there was data present in that data source (or July 27, 2016, whichever is later) and continue up to the day on which the preservation takes place. |
| 2 | Where "Sample" preservations are performed, preservation is not to be based on any search criteria other than that the users are determined to be US based and that the product where data sources contain records for more than one Google product, is one of those listed in item number 5 below. |
| 3 | Wipeout instructions are to be honored (without regards to Google identifying or not identifying account as a class member). |
| 4 | Data dictionary and schema for each preserved data source is to be preserved. Any change to data dictionary and/or schema is to be preserved along with the date that changes were made (see Section II.B.1 of the order containing this Exhibit beginning on Page 7, Line 28). |
| 5 | Where a listed data source serves as a repository for multiple products, at a minimum, records for the following products will serve as the base for the selection of UIDs for random record selection: Display Ads, Google Analytics, Google Ads, YouTube, and Google APIs. |
| 6 | For all preservations, Google will decrypt the data to be preserved at the time of preservation so that Google no longer needs to rely on the ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇; Google will then re-encrypt the data in a safe and secured manner using a new key created exclusively for this purpose; Google will preserve the data and this new encryption key for the duration of the litigation. |

Case 4:20-cv-05146-YGR   Document 766-2 *SEALED*   Filed 07/15/22   Page 3 of 34

## CHART OF DATA SOURCES WITH PRESERVATION ORDERS

| Index | Data Source | Preservation Order |
|-------|-------------|--------------------|
| 1 | ████████████████ | Remove |

| Index | Data Source | Preservation Order |
|-------|-------------|--------------------|
| 2 | ████████████ | **Modified Preservation** <br><br> Sample (10,000) Ongoing ALL FIELDS <br><br> Full ongoing preservation of certain fields (where they are present): <br> • Sync state: ████████████, ████████████ <br> • Incognito Bit(s): maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team <br> • OtherCookies[] <br> • IP v4 & v6: ████████████ ████████████ <br> • ████████████ <br> • Query: request, query <br> • Referrer: referrer_domain, referrer <br> • Useragent: user agent, useragent <br> • Gaia_id <br> • GAIAUserState: GAIAUserState <br> • Biscotti – Encrypted UID, UID, ████████ <br> • Biscotti – UID <br> • Encrypted_user_biscotti_ppid <br> • Zwieback uid <br> • Essential_zwieback <br> • Rewritten Page URL: ████████████ ████████████ <br> • Userinfo.userid: ████████████ <br> • ████████████ <br> • Client Country: country, ████████████ <br><br> (Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62) |

| Index | Data Source | Preservation Order |
|-------|-------------|--------------------|
| 3 | ███████████ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |
| 4 | █████████████ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS |
| 5 | █████████████ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Replace source with:<br>███████████ |
| 6 | ██ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>███████████<br>██████████████<br>█████████████████ |
| 7 | ███████████████ | **Remove**<br><br>Duplicative of #6 |

| Index | Data Source | Preservation Order |
|-------|-------------|---------------------|
| 8 | ███████████ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Replace source with:<br><br>███████████ |
| 9 | ███████████ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Replace source with:<br><br>███████████ |
| 10 | ███████████ | **No Modification to Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Replace source with:<br><br>███████████ |

Case 4:20-cv-05146-YGR   Document 766-2 *SEALED*   Filed 07/15/22   Page 7 of 34

| Index | Data Source | Preservation Order |
|---|---|---|
| 11 | ███████████ | **No Modification to Preservation** <br><br> Sample (10,000) Ongoing ALL FIELDS <br><br> Replace source with: <br> ██████████████████ |
| 12 | ███████████████ | **No Modification to Preservation** <br><br> Sample (10,000) Ongoing ALL FIELDS <br> Replace source with: <br> ████████████ |
| 13 | ████████ (should include content from Doubleclick and Google Ad Manager) | **No Modification to Preservation** <br><br> Sample (10,000) Ongoing ALL FIELDS <br><br> Replace source with: <br> ███████████████████ |
| 14 | ██████████ | **No Modification to Preservation** <br><br> Sample (10,000) Ongoing ALL FIELDS |

| 15 | ███████████████ | **Modified Preservation** |
|---|---|---|
| | | Sample (10,000) Ongoing ALL FIELDS |



Full ongoing preservation of certain fields (where they are present):
- Syne state: ██████████ ,
  ████████████████████████████
- Incognito Bit(s):
  maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_i
  dentity_team
- OtherCookies[]
- IP v4 & v6: ██████████████████████████
  ██████████████████
- Query: request, query
- Referrer: referrer_domain, referrer
- Useragent: user agent, useragent
- Gaia_id
- GAIAUserState: GAIAUserState
- Biscotti – Encrypted UID, UID, ████████████
- Biscotti – UID
- Encrypted_user_biscotti_ppid
- Zwieback uid
- Essential_zwieback
- Rewritten Page URL: ████████████████████
  ████████████████
- Userinfo.userid: ████████████████
  ██████████████
- Client Country: country, ████████████

(Plaintiffs agreed to this type of preservation in #3 and Google agreed to this
type of sampling in #62)

| Index | Data Source | Preservation Order |
|-------|-------------|--------------------|
|       | ████████████████████ | Replace source with: ████████████████████ |
| 16 | ████████████████ | **No Modification to Preservation** <br> Sample (10,000) Ongoing ALL FIELDS |
| 17 | ████████████████ | **Remove** |
| 18 | ██████████████████████ | **Remove** |
| 19 | ████████████████ | **Remove** |
| 20 | ██████████████ | **No Modification to Preservation** <br> Sample (10,000) Ongoing ALL FIELDS |
| 21 | ██████████████████████ | **Remove** |
| 22 | ████████████████████ | **No Modification to Preservation** <br> Sample (10,000) Ongoing ALL FIELDS |
| 23 | ██████████████████████████ | **No Modification to Preservation** <br> Sample (10,000) Ongoing ALL FIELDS |
| 24 | ████████████████████ | **Remove** |
| 25 | ██████████████████ | **No Modification to Preservation** <br> Sample (10,000) Ongoing ALL FIELDS |

Case 4:20-cv-05146-YGR   Document 766-2 *SEALED*   Filed 07/15/22   Page 10 of 34

| Index | Data Source | Preservation Order |
|-------|-------------|--------------------|
| 26 | ███████████ | **Remove** <br><br> Duplicative of #28 and #36 |
| 27 | █████████████ | **Remove** <br><br> Duplicative of #28 and #36 |

2022/07/15 10:09:25    98  /141



| 28 | GAIA ▮▮▮ | **Modified Preservation** |
| --- | --- | --- |
| | | Sample (10,000) Ongoing ALL FIELDS from ENTIRE Keyspace (i.e. ALL COLUMNS) |

Full ongoing preservation of certain fields (where they are present) for all Columns in the list on pages 28-31 of this exhibit:

- Sync state: ▮▮▮▮▮
- Incognito Bit(s): maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team
- OtherCookies[]
- IP v4 & v6: ▮▮▮▮▮
- Query: request, query
- Referrer: referrer_domain, referrer
- Useragent: user agent, useragent
- Gaia_id
- GAIAUserState: GAIAUserState
- Biscotti – Encrypted UID, UID, ▮▮▮
- Biscotti – UID
- Encrypted_user_biscotti_ppid
- Zwieback uid
- Essential_zwieback
- Rewritten Page URL: ▮▮▮▮▮
- Userinfo.userid: ▮▮▮▮▮
- Client Country: country, ▮▮▮▮▮

| Index | Data Source | Preservation Order |
|-------|-------------|--------------------|
|       |             | (Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62) |
| 29    |             | **Remove** <br><br> Duplicative of #28 and #36 |
| 30    |             | **Remove** <br><br> Duplicative of #28 and #36 |
| 31    |             | **Remove** <br><br> Duplicative of #28 and #36 |
| 32    |             | **Remove** <br><br> Duplicative of #28 and #36 |
| 33    |             | **Remove** <br><br> Duplicative of #28 and #36 |

2022/07/15 10:09:25    100 /141

| Index | Data Source | Preservation Order |
|-------|-------------|--------------------|
| 34 | ███████████ | **Remove**<br><br>Duplicative of #28 and #36 |
| 35 | ████████ | **Remove**<br><br>Duplicative of #28 and #36 |

| 36 | ZWBK■■■ | **Modified Preservation** |
|---|---|---|
| | | Sample (10,000) Ongoing ALL FIELDS from ENTIRE Keyspace (i.e. ALL COLUMNS) |
| | | One Full Preservation (one time, current state) from ENTIRE Keyspace (i.e. ALL COLUMNS) |
| | | Full ongoing preservation of certain fields (where they are present) for all Table, Column Combinations in the list on pages 32-33 of this exhibit:<br>• Sync state: ■■■■■■■<br>■■■■■■■■■■■■■■■<br><br>• Incognito Bit(s):<br>maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team<br>• OtherCookies[]<br>• IP v4 & v6: ■■■■■■■<br>■■■■■■■■■■■■■■<br><br>• Query: request, query<br>• Referrer: referrer_domain, referrer<br>• Useragent: user agent, useragent<br>• Gaia_id<br>• GAIAUserState: GAIAUserState<br>• Biscotti – Encrypted UID, UID, ■■■■■■<br>• Biscotti – UID<br>• Encrypted_user_biscotti_ppid<br>• Zwieback uid<br>• Essential_zwieback<br>• Rewritten Page URL: ■■■■■■■■<br>■■■■■■■■■■■<br>• Userinfo.userid: ■■■■■■■■<br>■■■■■■■■■■■■ |

| Index | Data Source | Preservation Order |
|-------|-------------|--------------------|
|  |  | • Client Country: country, ▮▮▮▮▮▮▮▮▮▮ (Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62) |
| 37 | Zwieback-▮▮▮▮ | **Remove** <br> Duplicative of #36 |
| 38 | CHROME_SYNC | **Remove** <br> Duplicative of #39 |
| 39 | ▮▮▮▮▮▮▮ | **Modified Preservation** <br> Replace source with: <br> ▮▮▮▮▮▮▮ <br> Sample (10,000) Ongoing <br> ALL FIELDS <br> One Full Preservation (one-time, current state) |
| 40 | ▮▮▮▮▮▮▮ | **Modified Preservation** <br> Replace source with: <br> ▮▮▮▮▮▮▮ <br> Sample (10,000) Ongoing <br> ALL FIELDS <br> One Full Preservation (one-time, current state) |
| 41 | ▮▮▮▮▮▮▮ | **Remove** |

| Index | Data Source | Preservation Order |
|-------|-------------|--------------------|
| 42 | ███████████ | **Remove** |
| 43 | █████████████ | **No Modification to Preservation** |
|   |   | Sample (10,000) Ongoing ALL FIELDS |
| 44 | DBL█ | **No Modification to Preservation** |
|   |   | Sample (10,000) Ongoing ALL FIELDS |
| 45 | GAIA█ | **No Modification to Preservation** |
|   |   | Sample (10,000) Ongoing ALL FIELDS |
| 46 | ZWBK█ | **No Modification to Preservation** |
|   |   | Sample (10,000) Ongoing ALL FIELDS |
| 47 | ████████████████ | **No Modification to Preservation** |
|   |   | Sample (10,000) Ongoing ALL FIELDS |
| 48 | ████████████████████ | **No Modification to Preservation** |
|   |   | Sample (10,000) Ongoing ALL FIELDS |



| 49 | ▮▮▮▮▮ | **Modified Preservation** |
|---|---|---|

Sample (10,000) Ongoing ALL FIELDS

Full ongoing preservation of certain fields (where they are present):
- Sync state: ▮▮▮▮▮▮
  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
- Incognito Bit(s):
  maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team
- OtherCookies[]
- IP v4 & v6: ▮▮▮▮▮▮
  ▮▮▮▮▮▮
- Query: request, query
- Referrer: referrer_domain, referrer
- Useragent: user agent, useragent
- Gaia_id
- GAIAUserState: GAIAUserState
- Biscotti – Encrypted UID, UID, userinfo.BiscottiList
- Biscotti – UID
- Encrypted_user_biscotti_ppid
- Zwieback uid
- Essential_zwieback
- Rewritten Page URL: ▮▮▮▮▮▮
  ▮▮▮▮▮
- Userinfo.userid: ▮▮▮▮▮▮
  ▮▮
- Client Country: country, ▮▮▮▮▮▮

(Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62)

2022/07/15 10:09:25    105 /141

Case 4:20-cv-05146-YGR   Document 766-2 *SEALED*   Filed 07/15/22   Page 18 of 34

| Index | Data Source | Preservation Order |
|-------|-------------|--------------------|
| 50 | ███████████████ | **No Modification to Preservation** <br> Sample (10,000) Ongoing ALL FIELDS |
| 51 | ███████████ | **No Modification to Preservation** <br> Sample (10,000) Ongoing ALL FIELDS |
| 52 | █████████████████ | **No Modification to Preservation** <br> Sample (10,000) Ongoing ALL FIELDS |



| 53 | ███████████████ | **Modified Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Full ongoing preservation of certain fields (where they are present):<br>• Sync state: ████████████,<br>████████████████████<br>• Incognito Bit(s):<br>maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team<br>• OtherCookies[]<br>• IP v4 & v6: ████████████████████<br>████████████<br>• Query: request, query<br>• Referrer: referrer_domain, referrer<br>• Useragent: user agent, useragent<br>• Gaia_id<br>• GAIAUserState: GAIAUserState<br>• Biscotti – Encrypted UID, UID, userinfo.BiscottiList<br>• Biscotti – UID<br>• Encrypted_user_biscotti_ppid<br>• Zwieback uid<br>• Essential_zwieback<br>• Rewritten Page URL: ████████████<br>• Userinfo.userid: ████████████<br>• Client Country: country, ████████████<br><br>(Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62) |

2022/07/15  10:09:25      107 /141

Case 4:20-cv-05146-YGR   Document 766-2 *SEALED*   Filed 07/15/22   Page 20 of 34

| Index | Data Source | Preservation Order |
|-------|-------------|--------------------|
| 54 | ███████████ | Remove |
| 55 | ██████████████ | Remove |

2022/07/15 10:09:25

Case 4:20-cv-05146-YGR   Document 766-2 *SEALED*   Filed 07/15/22   Page 21 of 34



| 56 | ███████████ | **Modified Preservation** |
| --- | --- | --- |

*(table content)*

Sample (10,000) Ongoing ALL FIELDS

Full ongoing preservation of certain fields (where they are present):
- Sync state: ████████████████
  ████████████████████████████████
- Incognito Bit(s):
  maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team
- OtherCookies[]
- IP v4 & v6 ████████████████████
  ████████████████████
- Query: request, query
- Referrer: referrer_domain, referrer
- Useragent: user_agent, useragent
- Gaia_id
- GAIAUserState: GAIAUserState
- Biscotti – Encrypted UID, UID, userinfo.BiscottiList
- Biscotti – UID
- Encrypted_user_biscotti_ppid
- Zwieback uid
- Essential_zwieback
- Rewritten Page URL: ████████████████
- Userinfo.userid: ████████████████
  ██
- Client Country: country, ██████████

(Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62)

2022/07/15 10:09:25

109 / 141

Case 4:20-cv-05146-YGR    Document 766-2 *SEALED*    Filed 07/15/22    Page 22 of 34



| 57 | ██████████ | **Modified Preservation** |
|---|---|---|

**Modified Preservation**

Sample (10,000) Ongoing ALL FIELDS

Full ongoing preservation of certain fields (where they are present):
- Sync state: ████████████, ████████████████████████████████
- Incognito Bit(s): maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team
- OtherCookies[]
- IP v4 & v6: ████████████████████████████████
- ████████████████
- Query: request, query
- Referrer: referrer_domain, referrer
- Useragent: user agent, useragent
- Gaia_id
- GAIAUserState: GAIAUserState
- Biscotti – Encrypted UID, UID, ████████
- Biscotti – UID
- Encrypted_user_biscotti_ppid
- Zwieback uid
- Essential_zwieback
- Rewritten Page URL: ████████████████████
- Userinfo.userid: ████████████████
- ████
- Client Country: country, ████████████

(Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62)



| 58 | ███████ | **Modified Preservation**<br><br>Sample (10,000) Ongoing ALL FIELDS<br><br>Full ongoing preservation of certain fields (where they are present):<br>• Sync state: ███████,<br>  ████████████████<br>  █████████<br>• Incognito Bit(s):<br>  maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team<br>• OtherCookies[]<br>• IP v4 & v6: █████████████<br>  ████████████<br>  █████████<br>• Query: request, query<br>• Referrer: referrer_domain, referrer<br>• Useragent: user agent, useragent<br>• Gaia_id<br>• GAIAUserState: GAIAUserState<br>• Biscotti – Encrypted UID, UID, █████<br>• Biscotti – UID<br>• Encrypted_user_biscotti_ppid<br>• Zwieback uid<br>• Essential_zwieback<br>• Rewritten Page URL: ████████<br>  ████████<br>• Userinfo.userid: ████████<br>  ██<br>  ████<br>• Client Country: country, ████████<br><br>(Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62) |

Case 4:20-cv-05146-YGR   Document 766-2 *SEALED*   Filed 07/15/22   Page 24 of 34

| Index | Data Source | Preservation Order |
|-------|-------------|--------------------|
| 59 | ▮▮▮▮▮▮▮ | Remove |
|    |            | Duplicative of #62 |

| 60 | ███████████ | **Modified Preservation** |
|---|---|---|

Sample (10,000) Ongoing ALL FIELDS

Full ongoing preservation of certain fields (where they are present):
- Sync state ████████████████
  ████████████████████████████████
- Incognito Bit(s):
  maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team
- OtherCookies[]
- IP v4 & v6: ████████████████████████████
  ████████████████
- Query: request, query
- Referrer: referrer_domain, referrer
- Useragent: user agent, useragent
- Gaia_id
- GAIAUserState: GAIAUserState
- Biscotti – Encrypted UID, UID, ████████
- Biscotti – UID
- Encrypted_user_biscotti_ppid
- Zwieback uid
- Essential_zwieback
- Rewritten Page URL: ████████████████████
  ████████████
- Userinfo.userid: ██████████████████
  ██
- Client Country: country, ████████████

(Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62)

2022/07/15 10:09:25    113 /141

Case 4:20-cv-05146-YGR   Document 766-2 *SEALED*   Filed 07/15/22   Page 26 of 34



| 61 | ▮▮▮▮▮▮▮▮ | **Modified Preservation** |
|---|---|---|
| | | Sample (10,000) Ongoing ALL FIELDS |

Full ongoing preservation of certain fields (where they are present):
- Sync state: ▮▮▮▮▮▮▮▮▮▮
  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
  ▮▮▮▮▮▮▮▮▮▮▮▮
- Incognito Bit(s):
  maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team
- OtherCookies[]
- IP v4 & v6: ▮▮▮▮▮▮▮▮▮▮
  ▮▮▮▮▮▮▮▮▮
- Query: request, query
- Referrer: referrer_domain, referrer
- Useragent: user agent, useragent
- Gaia_id
- GAIAUserState: GAIAUserState
- Biscotti – Encrypted UID, UID, ▮▮▮▮▮▮
- Biscotti – UID
- Encrypted_user_biscotti_ppid
- Zwieback uid
- Essential_zwieback
- Rewritten Page URL: ▮▮▮▮▮▮▮
  ▮▮▮▮▮▮
- Userinfo.userid: ▮▮▮▮▮▮▮
  ▮▮▮▮▮▮
- Client Country: country, ▮▮▮▮▮▮

(Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62)

2022/07/15  10:09:25     114 / 141

Case 4:20-cv-05146-YGR    Document 766-2 *SEALED*    Filed 07/15/22    Page 27 of 34



| 62 | ███████████ | **Modified Preservation** |
|---|---|---|

Sample (10,000) Ongoing ALL FIELDS

Full ongoing preservation of certain fields (where they are present):
- Sync state: ████████████████ ████████████████████████
- Incognito Bit(s): maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team
- OtherCookies[]
- IP v4 & v6: ████████████████ ████████████████████████
- ███████████████
- Query: request, query
- Referrer: referrer_domain, referrer
- Useragent: user agent, useragent
- Gaia_id
- GAIAUserState: GAIAUserState
- Biscotti – Encrypted UID, UID, ████████████
- Biscotti – UID
- Encrypted_user_biscotti_ppid
- Zwieback uid
- Essential_zwieback
- Rewritten Page URL: ████████████████ ████████████
- Userinfo.userid: ████████████████
- ████ Client Country: country, ████████████

(Plaintiffs agreed to this type of preservation in #3 and Google agreed to this type of sampling in #62)

Case 4:20-cv-05146-YGR   Document 766-2 *SEALED*   Filed 07/15/22   Page 28 of 34

| Index | Data Source | Preservation Order |
|-------|-------------|--------------------|
| 63 | ███████████ | Remove |
| 64 | ███████████ | **No Modification to Preservation** <br><br> Sample (10,000) Ongoing ALL FIELDS |
| 65 | ███████████ | Remove |

Case 4:20-cv-05146-YGR   Document 766-2 *SEALED*   Filed 07/15/22   Page 29 of 34

## GAIA ▮▮▮▮ COLUMNS TO PRESERVE



2022/07/15 10:09:25     117 /141

Case 4:20-cv-05146-YGR   Document 766-2 *SEALED*   Filed 07/15/22   Page 30 of 34

## GAIA ▐███▌ COLUMNS TO PRESERVE



2022/07/15 10:09:25

118 /141

Case 4:20-cv-05146-YGR   Document 766-2 *SEALED*   Filed 07/15/22   Page 31 of 34

GAIA █████ COLUMNS TO PRESERVE



2022/07/15 10:09:25

119 /141

Case 4:20-cv-05146-YGR   Document 766-2 *SEALED*   Filed 07/15/22   Page 32 of 34

GAIA ▮▮▮▮ COLUMNS TO PRESERVE




2022/07/15 10:09:25

120 /141

32

Case 4:20-cv-05146-YGR   Document 766-2 *SEALED*   Filed 07/15/22   Page 33 of 34

## ZWBK ▇▇▇▇ TABLE, COLUMN COMBINATIONS TO PRESERVE




Case 4:20-cv-05146-YGR   Document 766-2 *SEALED*   Filed 07/15/22   Page 34 of 34

## ZWBK ███████ TABLE, COLUMN COMBINATIONS TO PRESERVE



Case 4:20-cv-05146-YGR   Document 766-3 *SEALED*   Filed 07/15/22   Page 1 of 19

**EXHIBIT 3 – LIST OF LOGS IDENTIFIED IN THE PROCEEDINGS BEFORE THE SPECIAL MASTER**
**PERMANENTLY RETAINED LOGS ARE LISTED IN BOLD**
*Calhoun, et al. v. Google LLC*, 4:20-cv-5146-YGR-SVK (N.D. Cal.)

| Item No. | Name of the Database or Log | Platform | Description | Default Retention | Retention as of 9/16/2021 |
|---|---|---|---|---|---|
| 1 | ██████████████ | ████ | ███████████ | ██████ | ██████ |
| 2 | ██████████████ | ████ | ███████████ | ██████ | ██████ |
| 3 | ██████████████ | ███ | ████████████ | ███ ████ | ██ ████ |
| 4 | ████████ | ████ | ███████████ | ████ | ████ |
| 5 | ██████████ | ████ | ██████████ | ███ | ████ |
| 6 | ██████████ | ████ | ██████████ | ███ | ████ |
| 7 | ██████████ | ████ | ██████████ | ████ | ████ |
| 8 | ██████████ | ████ | ████████████ | ████ | ████ |
| 9 | ██████████ | ████ | ████████████ | ████ | ████ |
| 10 | ████████████ | ████ | ███████ | ████ | ████ |
| 11 | ████████████ | | ██████ | ████ | ████ |
| 12 | ██████████████ | ███ | ██████████ | | ████ |

| Item No. | Name of the Database or Log | Platform | Description | Default Retention | Retention as of 9/16/2021 |
|---|---|---|---|---|---|
| 13 | ███████████ | ████ | ███████████ | ████ | ████ |
| 14 | ███████████ | ████ | ███████ | ████ | ████ |
| 15 | ██████ | ████ | ████████ | ████ | ████ |
| 16 | ██████████ | ████ | ███████████ | ████ | ████ |
| 17 | ██████████ | ████ | ███████████ | ███ | ██ |
| 18 | ████████ | ████ | ██████████ | ████ | ████ |
| 19 | █████████ | ████ | ██████████ | ████ | ████ |
| 20 | █████████ | ████ | █████████ | ██ | ██ |
| 21 | █████████ | ████ | █████████ | ████ | ████ |
| 22 | ██████ | ████ | ███████████ | ████ | ████ |
| 23 | ██████ | ████ | ███████████ | ████ | ████ |
| 24 | █████████ | ████ | ███████ | ████ | ████ |

| Item No. | Name of the Database or Log | Platform | Description | Default Retention | Retention as of 9/16/2021 |
|---|---|---|---|---|---|
| **25** | ███████ | ████ | ████████████████████ | ███████ | ████████ |
| 26 | ████████ | ████ | ████████████████████████ | █████ | █████ |
| **27** | ████████████ | ████ | ████████████████████████ | ███████ | ████████ |
| 28 | █████████ | ████ | ███████████████ | ██████ | ██████ |
| **29** | █████████ | ████ | ████████████ | ███████ | █████████ |
| **30** | ███████████████████ | ████ | ███████████████████ | ███████ | █████████ |
| 31 | █████████ | ████ | ████████████████████ | █████ | █████ |
| 32 | ████████ | ████ | ██████████████ | ██████ | ██████ |
| 33 | ███████████ | ████ | ██████████████████████ | ██████ | ██████ |

Case 4:20-cv-05146-YGR   Document 766-3 *SEALED*   Filed 07/15/22   Page 4 of 19

| Item No. | Name of the Database or Log | Platform | Description | Default Retention | Retention as of 9/16/2021 |
|---|---|---|---|---|---|
| 34 | ███████████ | ████ | ████████████████████ | ████ | ████ |
| 35 | █████████████ | ████ | ███████████ | ██████ | ██████ |
| 36 | ███████████ | ████ | ████████████ | ██████ | ██████ |
| 37 | █████████████ | ████ | ██████████████ | ██████ | ██████ |
| 38 | █████████████████ | ████ | █████████ | ██████ | ████████ |
| 39 | ████████████████ | ████ | ████████████████ | ██████ | ████████ |
| 40 | ██████████████ | ████ | █████████████████ | ██████ | ██████ |
| 41 | ████████████████ | ████ | ███████████████████ | ████ | ████ |
| 42 | █████████████ | ████ | ███████████████ | ████ | ██████ |
| 43 | █████████████ | ████ | ███████████████ | ████ | ██████ |
| 44 | ██████████████ | ████ | █████████ | ██████ | ██████ |
| 45 | █████████████ | ████ | ███████████████ | ████ | ██████ |

4

Case 4:20-cv-05146-YGR   Document 766-3 *SEALED*   Filed 07/15/22   Page 5 of 19

| Item No. | Name of the Database or Log | Platform | Description | Default Retention | Retention as of 9/16/2021 |
|---|---|---|---|---|---|
| 46 | █████████ | ███ | ████████████████████ | ██ | ███ |
| 47 | ██████████ | ███ | ███████████████ | ███ | ███ |
| 48 | ████████████ | ███ | ████████████ | ███ | ███ |
| 49 | ███████████ | ███ | ████████████ | ███ | ███ |
| 50 | ██████████ | ███ | ███████████ | ███ | ███ |
| 51 | ██████████ | ███ | ████████████ | ███ | ███ |
| 52 | █████████ | ███ | ████████████ | ███ | ████ |
| 53 | █████████████ | ███ | ███████████ | ███ | ███ |
| 54 | ████████████████ | ███ | ███████████ | ███ | ███ |
| 55 | ████████████████ | ███ | ██████████ | ███ | ███ |

2022/07/15 10:09:25    127 / 141

Case 4:20-cv-05146-YGR   Document 766-3 *SEALED*   Filed 07/15/22   Page 6 of 19

| Item No. | Name of the Database or Log | Platform | Description | Default Retention | Retention as of 9/16/2021 |
|---|---|---|---|---|---|
| 56 | █████████████ | █████ | ████████████████████ | █████ | ████ |
| 57 | █████████████ | █████ | ███████████████ | █████ | █████ |
| 58 | ██████████████ | █████ | ██████████████████ | ████ | ████ |
| 59 | ███████████████ | █████ | █████████████████ | █████ | █████ |
| 60 | ████████████ | █████ | ███████████████ | █████ | █████ |
| 61 | ███████████ | █████ | ████████████████ | ████ | ████ |
| 62 | ██████████████ | █████ | ██████████████ | █████ | █████ |
| 63 | ████████████ | █████ | ███████████████ | █████ | █████ |
| 64 | ████████████ | █████ | ███████████████ | █████ | █████ |
| 65 | ████████████ | █████ | ███████████████ | ████ | ████ |
| 66 | █████████████ | █████ | ███████████████ | ████████ | ████████ |
| 67 | █████████████████ | █████ | █████████████████ | █████████ | ███████████ |

| Item No. | Name of the Database or Log | Platform | Description | Default Retention | Retention as of 9/16/2021 |
|---|---|---|---|---|---|
| 68 | ███████ | ███ | ███████ | ███ | ███ |
| 69 | ███████ | ███ | ███████ | ███ | ███ |
| 70 | ███████ | ███ | ███████ | ███ | ███ |
| 71 | ███████ | ███ | ███████ | ███ | ███ |
| 72 | ███████ | ███ | ███████ | ███ | ███ |
| 73 | ███████ | ███ | ███████ | ███ | ███ |
| 74 | ███████ | ███ | ███████ | ███ | ███ |
| 75 | ███████ | ███ | ███████ | ███ | ███ |

7

Case 4:20-cv-05146-YGR   Document 766-3 *SEALED*   Filed 07/15/22   Page 8 of 19

| Item No. | Name of the Database or Log | Platform | Description | Default Retention | Retention as of 9/16/2021 |
|---|---|---|---|---|---|
| 76 | ███████████ ██ | ████ | ████████████████ ████ | ███ | ███ |
| 77 | ███████████ ██ | ████ | ████████████████ ████ | ███ | ███ |
| 78 | ██████ | ████ | ████████████ | █████ | ██████ |
| 79 | ███████ | ████ | ████████████ ████ ████ ██ | █████ | ██████ |
| 80 | ██████ | ████ | ████████████ ████ ████ ████ ████ ████ | █████ | ██████ |

Case 4:20-cv-05146-YGR   Document 766-3 *SEALED*   Filed 07/15/22   Page 9 of 19

| Item No. | Name of the Database or Log | Platform | Description | Default Retention | Retention as of 9/16/2021 |
|---|---|---|---|---|---|
| 81 | ██████████ | ████ | ████████████ | ███ | ███ |
| 82 | ██████████ | ████ | ██████ | ████ | █████ |
| 83 | ██████████ | ████ | ███████████ | ███ | ████ |
| 84 | ██████████ | ████ | ████████ | ████ | █████ |
| 85 | ████████ | ████ | ███████████ | ██████ | ███████ |
| 86 | █████████ | ████ | ███████████ | ██████ | ████████ |
| 87 | ████████████ | ████ | ██████████ | ███████ | ████████ |
| 88 | ████████████<br>W | ████ | ██████████ | ███████ | ████████ |
| 89 | █████████ | ████ | ████████████████████████ | ████ | █████ |

| Item No. | Name of the Database or Log | Platform | Description | Default Retention | Retention as of 9/16/2021 |
|----------|------------------------------|----------|-------------|-------------------|---------------------------|
| 90 | ████ | ███ | ████████████ | ████ | ████ |
| 91 | ███ | ██ | ████████████ | ████ | ████ |
| 92 | █████████████ | ████ | ███████████ | ██ | ███ |
| 93 | ████████ | ███ | █████████ | ██ | ███ |
| 94 | █████████ | ███ | ██████████ | ██ | ███ |
| 95 | █████████ | ███ | █████████ | ██ | ███ |
| 96 | █████████ | ███ | ███████████ | ██ | ███ |

Case 4:20-cv-05146-YGR   Document 766-3 *SEALED*   Filed 07/15/22   Page 11 of 19

| Item No. | Name of the Database or Log | Platform | Description | Default Retention | Retention as of 9/16/2021 |
|---|---|---|---|---|---|
| 97 | ███ | ███ | ███ | ███ | ███ |
| 98 | ███ | ███ | ███ | ███ | ███ |
| 99 | ███ | ███ | ███ | ███ | ███ |
| 100 | ███ | ███ | ███ | ███ | ███ |
| 101 | ███ | ███ | ███ | ███ | ███ |
| 102 | ███ | ███ | ███ | ███ | ███ |
| 103 | ███ | ██ | ███ | ███ | ███ |

| Item No. | Name of the Database or Log | Platform | Description | Default Retention | Retention as of 9/16/2021 |
|---|---|---|---|---|---|
| 104 | ████ | ██ | ██████████ | Until user deletes the corresponding item "typed urls" have a retention of 180d | Until user deletes the corresponding item "typed urls" have a retention of 180d |
| 105 | ██████ | ██ | ██████████ | 1 footprint limit; 7d | 1 footprint limit; 7d |
| 106 | ████████ | ██ | ████████ | 1 footprint limit; 14d | 1 footprint limit; 14d |
| 107 | ████████ | ██ | ████████ | 1 footprint limit; 14d | 1 footprint limit; 14d |
| 108 | ████████ | ██ | ██████████ | 1 footprint limit; 30d | 1 footprint limit; 30d |
| 109 | ████████ | ██ | ████████ | 1 footprint limit; 2d | 1 footprint limit; 2d |
| 110 | ████████ | ██ | ██████████ | 1 footprint limit; 14d | 1 footprint limit; 14d |
| 111 | ██████ | ██ | ████████ | 1 footprint limit; 720hrs | 1 footprint limit; 720hrs |

| Item No. | Name of the Database or Log | Platform | Description | Default Retention | Retention as of 9/16/2021 |
|---|---|---|---|---|---|
| 112 | ██████████ | ████ | ████████████████████ | ████ | ████ |
| 113 | ████████ | ████ | ███████████████ | ████ | ████ |
| 114 | ████████████ | ████ | ████████████████████ | ████ | ████ |
| 115 | ██████████ | ████ | ██████████████ | ████ | ████ |
| 116 | ██████████ | ████ | ██████████████ | ████ | ████ |
| 117 | analytics_collection | ████ | requests. | ████ | ████ |
| 118 | ████████████ | ████ | █████████ | ████ | ████ |
| 119 | ██████████ | ████ | █████████ | ████ | ████ |
| 120 | ████ | ████ | ████████████████████ | ████ | ████ |

Case 4:20-cv-05146-YGR   Document 766-3 *SEALED*   Filed 07/15/22   Page 14 of 19

| Item No. | Name of the Database or Log | Platform | Description | Default Retention | Retention as of 9/16/2021 |
|---|---|---|---|---|---|
| 121 | ███████████████ | ████ | ███████████████ | ███ | ███ |
| 122 | ████████████ | ████ | ███████████████ | ███ | ███ |
| 123 | ████████ | ████ | ██████████████ | ███ | ███ |
| 124 | ████████ | ████ | ██████████████ | ███ | ███ |
| 125 | █████████████ | ████ | ██████████████ | ███ | ███ |
| 126 | ███████████████ | ████ | ████████████ | ███ | ███ |
| 127 | ███████████ | ████ | ██████████████ | ███ | ███ |
| 128 | █████████████ | ████ | ██████████████ | ███ | ███ |
| 129 | ████████████ | ████ | ██████████████ | ███ | ███ |

2022/07/15 10:09:25    136 /141

| Item No. | Name of the Database or Log | Platform | Description | Default Retention | Retention as of 9/16/2021 |
|---|---|---|---|---|---|
| 130 | ███ | ███ | ███ | ███ | ███ |
| 131 | ███ | ███ | ███ | ███ | ███ |
| 132 | ███ | ███ | ███ | ███ | ███ |
| 133 | ███ | ███ | ███ | ███ | ███ |
| 134 | ███ | ███ | ███ | ███ | ███ |
| 135 | ███ | ███ | ███ | ███ | ███ |
| 136 | ███ | ███ | ███ | ███ | ███ |
| 137 | ███ | ███ | ███ | ███ | ███ |
| 138 | ███ | ███ | ███ | ███ | ███ |
| 139 | ███ | ███ | ███ | ███ | ███ |
| 140 | ███ | ███ | ███ | ███ | ███ |

Case 4:20-cv-05146-YGR   Document 766-3 *SEALED*   Filed 07/15/22   Page 16 of 19

| Item No. | Name of the Database or Log | Platform | Description | Default Retention | Retention as of 9/16/2021 |
|---|---|---|---|---|---|
| 141 | ███████████ | ████ | ████████████████ | ███ | ████ |
| 142 | ███████████ | ████ | ████████ | ███ | ████ |
| 143 | █████████████ | ████ | █████████ █ ████ | ███ | ████ |
| 144 | █████████████ | ████ | ██████████ | ███ | ████ |
| 145 | █████████ | ████ | ████████ | ███ | ████ |
| 146 | ██████████ | ████ | ███████████████ | ███ | ████ |
| 147 | ██████████ | ████ | ████████ | ███ | ████ |
| 148 | ██████████ | ████ | █████████ | ███ | ████ |
| 149 | ██████████ | ████ | ██████████████ | ███ | ████ |
| 150 | █████████ | ████ | █████████ | ███ | ████ |

2022/07/15 10:09:25    138 / 141

Case 4:20-cv-05146-YGR   Document 766-3 *SEALED*   Filed 07/15/22   Page 17 of 19

| Item No. | Name of the Database or Log | Platform | Description | Default Retention | Retention as of 9/16/2021 |
|---|---|---|---|---|---|
| 151 | █████████ | ████ | ████████████ | ███ | ███ |
| 152 | █████████ | ████ | ██████ | ███ | ███ |
| 153 | █████████ | ████ | ███████ | ██ | ██ |
| 154 | █████████ | ████ | ██████████ | ███ | ███ |
| 155 | ████████ | ████ | ███████ | ███ | ███ |
| 156 | ████████ | ████ | ██████ | ███ | ███ |
| 157 | ████████ | ████ | ██████████ | ███ | ███ |
| 158 | ████████ | ████ | █████████ | ███ | ███ |
| 159 | ███████ | ████ | ███████ | ███ | ███ |
| 160 | ████████ | ████ | █████████ | ███ | ███ |
| 161 | ████████ | ████ | █████████ | ███ | ███ |
| 162 | ███████ | ████ | ████████ | ███ | ███ |

17

Case 4:20-cv-05146-YGR   Document 766-3 *SEALED*   Filed 07/15/22   Page 18 of 19

| Item No. | Name of the Database or Log | Platform | Description | Default Retention | Retention as of 9/16/2021 |
|---|---|---|---|---|---|
| 163 | ████████████ | ████ | ████████████████ | ████ | ████ |
| 164 | ████████████ | ████ | ████████████████ | ████ | ██████ |
| 165 | ███████████ | ████ | ███████████████ | ███ | ███ |
| 166 | ██████████ | ████ | ██████████████ | ███ | ███ |
| 167 | ██████████ | ████ | █████████████ | ███ | ███ |
| 168 | ██████████████ | ████ | ████████████████ | ███ | ███ |
| 169 | ███████████ | ████ | ███████████████ | ████ | ████ |
| 170 | █████████████ | ████ | ████████████████ | ███ | ███ |

| Item No. | Name of the Database or Log | Platform | Description | Default Retention | Retention as of 9/16/2021 |
|---|---|---|---|---|---|
| 171 | ███████ | █████ | ██████████████████████ | █████ | █████ |
| 172 | ██████████ | ████ | █████ | ██████ | ██████ |
| 173 | ████████████ | ████ | ██████ | ██████ | ███████ |
| 174 | █████████████ | | ███████ | ████ | ████ |
| 175 | ██ | | ████████ | ████ | █████ |
| 176 | ██████████ | | █████████ | ████ | ████ |
| 177 | ███ | ████ | █████████ | ████ | ████ |
| 178 | ████████████ | ████ | ███████████ | ████ | ████ |