# EXHIBIT 1

<u>**SETTLEMENT AGREEMENT**</u>

This Settlement Agreement (the "Agreement") is made and effective as of the date on which all undersigned parties have signed this Agreement (the "Settlement Date") by and between Defendant Google LLC, a Delaware limited liability company with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California ("Google"), and Plaintiffs Terry Diggs, Rethena Green, John Kevranian, Salvatore Toronto, Christopher Valencia, Tara Williams, and Kimberley Woodruff ("Plaintiffs" or "Class Representatives"), individually and as representatives of the Settlement Class (as defined herein). Together, Plaintiffs, the Settlement Class, and Google are referred to as the "Settling Parties." This Agreement is intended to fully, finally, and forever resolve, discharge, and settle the Released Plaintiff Claims (as defined herein) and Released Class Claims (as defined herein) as against the Released Parties (as defined herein), subject to the approval of the Court and the terms and conditions set forth in this Agreement.

## DEFINITIONS

As used in this Agreement the following terms have the meanings set forth below.

1.      "Attorneys' Fees and Expense Payment" means the amount of attorneys' fees and reimbursement of costs and expenses awarded to Plaintiffs' Counsel by the Court.

2.      "CAFA" means the Class Action Fairness Act.

3.      "Class Representatives" or "Plaintiffs" means Terry Diggs, Rethena Green, John Kevranian, Salvatore Toronto, Christopher Valencia, Tara Williams, and Kimberley Woodruff.

4.      "Complaint" means the Consolidated Amended Class Action Complaint filed by Plaintiffs on September 16, 2021 (ECF No. 92).

5.      "Court" means the Honorable Yvonne Gonzalez Rogers of the United States District Court for the Northern District of California.

6.      "Effective Date" means the date on which the time for filing an appeal from the Court's issuance of the Final Approval of this Agreement has either expired without an appeal being filed, or if later, after any appeal has been fully resolved upholding the Agreement (including requests for rehearing, rehearing en banc, and petitions for certiorari), at which time the obligations set forth in this Agreement and the terms of this Agreement become binding on Google, the Plaintiffs, the Class Members, Plaintiffs' Counsel, and anyone else who has undertaken an obligation under this Agreement.

7.      "Final Approval Order" means the order entered by the Court providing for final approval of the Agreement.

8.      "Final Judgment" means the judgment finally approving the Settlement and dismissing with prejudice the Released Class Claims and Released Plaintiff Claims, regardless of whether entered as a separate document pursuant to Fed. R. Civ. P. 58(a).

9.      "Implementation Date" means 30 days after the entry of the Final Approval Order or by February 13, 2026, whichever is later.

10.      "Lawsuit" means the consolidated litigation first filed on March 26, 2021, and now styled as *In re Google RTB Consumer Privacy Litigation*, Case No. 4:21-cv-02155-YGR (N.D. Cal.).

11.      "Objection Deadline" means December 12, 2025.

12.      "Plaintiffs' Counsel" means the law firms Pritzker Levine LLP; Bleichmar Fonti & Auld LLP; Simmons Hanly Conroy LLP; DiCello Levitt LLP; Cotchett, Pitre & McCarthy, LLP; and Bottini & Bottini, Inc.

13.      "Released Class Claims" means any and all claims, known or unknown, pursuant to any theory of liability that are based on, or arise from, one or more of the same factual predicates or theories of liability asserted in the Complaint on behalf of the Settlement Class for injunctive, declaratory, or any other equitable non-monetary relief, arising from Google's alleged sharing or selling of personal information through Google's Real-Time Bidding system (including all claims asserted in the Complaint that were held in abeyance and not litigated pursuant to the Court's case management orders, *see* ECF No. 91). "Released Class Claims" expressly excludes Settlement Class Members' claims for damages that they may pursue on an individual basis. The Released Class Claims do not include any claim for monetary relief of any kind, including but not limited to any claims for statutory penalties, damages, unjust enrichment, disgorgement, restitution, punitive damages, or any other monetary claim, including the claims within the scope of the Rule 23(b)(3) class for which Plaintiffs sought and were denied certification.

14.      "Released Plaintiff Claims" means any and all claims asserted in the Complaint individually by each and all of the Plaintiffs and any and all claims, known or unknown, pursuant to any theory of liability that are based on, or arise from, one or more of the same factual predicates or theories of liability asserted in the Complaint, arising from Google's alleged sharing or selling of personal information through Google's Real-Time Bidding system (including all claims asserted in the Complaint that were held in abeyance and not litigated pursuant to the Court's case management orders, *see* ECF No. 91). "Released Plaintiff Claims" expressly includes Plaintiffs' individual claims for damages and any other monetary relief.

15.      "Settlement" and "Settlement Agreement" mean this Agreement and the settlement and releases described herein.

16.      "Settlement Class" means all individual Google account holders subject to a Google U.S. Terms of Service who have an active Google account on the Effective Date. For the purposes of this settlement, a Google account is "active" if it has been used within the two years preceding the Effective Date.

17.    "Settlement Class Member" means an individual who is a member of the Settlement Class.

## RECITALS

WHEREAS, the Lawsuit commenced with the filing of a putative class action complaint against Google on March 26, 2021 in *Hewitt, et al. v. Google, LLC*, Case No. 21-cv-02155-LHK. Substantially similar complaints were filed on May 5, 2021 in *Delahunty v. Google, LLC*, Case No. 21-cv-03360-LHK, and on May 18, 2021 in *Toronto v. Google, LLC*, Case No. 21-cv-03725-LHK. The three cases were consolidated on June 24, 2021 (ECF No. 69) and renamed *In re Google RTB Consumer Privacy Litigation* on September 9, 2021 (ECF No. 87).

WHEREAS, on August 3, 2021, the Court entered an order (ECF No. 77) appointing Elizabeth C. Pritzker of Pritzker Levine LLP as Interim Class Counsel for Plaintiffs, and appointing the following attorneys to serve on Plaintiffs Executive Committee:  Lesley Weaver of Bleichmar Fonti & Auld LLP; Jason Barnes of Simmons Hanly Conroy LLP; David A. Straite of DiCello Levitt LLP; Nanci E. Nishimura of Cotchett, Pitre & McCarthy, LLP; and Francis A. Bottini, Jr. of Bottini & Bottini, Inc.

WHEREAS, the Complaint was filed on September 16, 2021, alleging that Google sells and shares consumers' personal information through its Real-Time Bidding ("RTB") system for targeted advertising. The Complaint asserts claims for breach of contract, breach of the implied covenant of good faith and fair dealing, violations of the California Unfair Competition Law ("UCL"), California Constitutional invasion of privacy, intrusion upon seclusion, publication of private information, breach of confidence, violation of the California Invasion of Privacy Act ("CIPA"), violations of the Electronic Communications Privacy Act ("ECPA") – unauthorized interception, use, and disclosure, violations of the ECPA Wiretap Act – unauthorized disclosure of electronic communications by an Electronic Communication Service, violations of the ECPA Stored Communications Act – unauthorized disclosure of electronic communications by an ECS, and violations of the Video Privacy Protection Act ("VPPA").

WHEREAS, Google denies that it sells or shares personal information with third parties through RTB and denies all liability to Plaintiffs and the putative class.

WHEREAS, on June 23, 2021, the parties filed a joint Rule 26(f) report (ECF No. 68), and thereafter engaged in extensive discovery including document productions, interrogatories, requests for admissions, and depositions, which fact discovery concluded on February 2, 2024.

WHEREAS, the litigation was reassigned to this Court on January 24, 2022, and now bears the case number 4:21-cv-02155-YGR-VKD (ECF No. 138).

WHEREAS, the Court granted in part and denied in part Google's motion to dismiss the Complaint on June 13, 2022 (ECF No. 233), and Google answered the Complaint on July 25, 2022 (ECF No. 258).

WHEREAS, on April 4, 2024, the Court denied with prejudice Plaintiffs' motion to certify a Rule 23(b)(3) damages class. The Court also denied Plaintiffs' motion to certify a Rule 23(b)(2) injunctive and declaratory relief class, but granted Plaintiffs leave to file a renewed motion for the latter (ECF No. 690).

WHEREAS, on November 8, 2024, Plaintiffs filed their renewed motion to certify a Rule 23(b)(2) injunctive and declaratory relief class (ECF Nos. 749-750), seeking to certify a class consisting of all individual Google account holders subject to a Google U.S. Terms of Service who have an active Google account. Google opposed the motion on January 31, 2025 (ECF No. 761), but further briefing was stayed in light of the parties' then-ongoing settlement discussions.

WHEREAS, during the pendency of the Lawsuit, the Settling Parties have investigated the facts and analyzed the relevant legal issues regarding the claims and defenses asserted, including through significant motion practice, extensive discovery, and consultations with numerous experts.

WHEREAS, the Settling Parties held a first mediation session with Shirish Gupta of JAMS (the "Mediator") on February 28, 2025, and conducted arms-length settlement negotiations and exchanges of information during that session and over the following two weeks under the supervision of the Mediator.

WHEREAS, the Settling Parties held a second mediation session with the Mediator on March 7, 2025, and continued to conduct arms-length settlement negotiations and exchanges of information during that session and over the following weeks under the supervision of the Mediator.

WHEREAS, the Settling Parties held a third mediation session with the Mediator on April 29, 2025, and continued to conduct arms-length settlement negotiations and exchanges of information during that session and over the following week under the continued supervision of the Mediator.

WHEREAS, during the settlement negotiations, the resolution of Plaintiffs' individual claims was neither discussed nor agreed upon until after all material terms of the settlement of the Settlement Class's claims were agreed to by the Settling Parties.

WHEREAS, during the settlement negotiations, in response to questions from Plaintiffs' Counsel, Google confirmed that information included in RTB bid requests regarding the language detected in connection with the associated ad opportunity is derived from the language detected on the publisher site or app, and not on a user's device or account settings.

WHEREAS, during the settlement negotiations, in response to questions from Plaintiffs' Counsel, Google confirmed that geolocation-related data in RTB bid requests is generalized to ensure the location information provided includes a sufficiently large number of users and/or devices so as to make identification of a unique user, device, or household unlikely.

WHEREAS, on May 6, 2025, with the assistance of the Mediator, the Settling Parties reached an agreement in principle on the terms and conditions of settlement regarding the claims

on behalf of the Settlement Class and Plaintiffs, which was memorialized in a summary of principal settlement terms.

WHEREAS, the Settling Parties agree that by entering into this Agreement, Google is not admitting any liability, fault, or violation of law, and that Google denies all allegations and claims asserted against it.

WHEREAS, the Settling Parties are entering into the Agreement to avoid the risk, burdens, and expense of continued litigation and trial.

WHEREAS, the Settling Parties agree that this Settlement provides no monetary payment to members of the Settlement Class.

WHEREAS, without Google admitting liability, that its practices were wrongful, or that the Lawsuit could be maintained as a class action for litigation purposes, the Settling Parties agree that this Settlement requires certain changes by Google to its business practices that will provide benefits to members of the Settlement Class.

WHEREAS, each Party has independently determined that it is desirable and beneficial for the Lawsuit to be fully and finally resolved in the manner and upon the terms and conditions set forth in this Agreement.

WHEREAS, the Settling Parties, by and through their respective undersigned counsel, have agreed to this Settlement on the terms and conditions set forth below.

NOW, THEREFORE, IT IS AGREED by and among Plaintiffs (for themselves and the Settlement Class) and Google, by and through their respective counsel, that, subject to the approval of the Court, the Lawsuit and the Released Class Claims and Released Plaintiff Claims will be fully and finally released, and the Lawsuit will be dismissed with prejudice as to all Settling Parties, upon and subject to the terms and conditions of this Agreement.

## A.    SETTLEMENT CONSIDERATION TO THE SETTLEMENT CLASS

**1.**    **Technical Changes to Limit Data Sharing.** No later than the Implementation Date, Google will provide all Settlement Class Members with the ability to limit the information Google provides to third parties about them in the Google RTB system. Google will provide this ability through a new user control (the "RTB Control") that will be available to users at the account and browser levels, and that will allow all Settlement Class Members to elect a privacy treatment that limits the information that Google provides third parties about them in the Google RTB system, as specified herein. Settlement Class Members will be able to enable the new RTB Control regardless of whether they are signed in or signed out of their Google account (provided, however, that the RTB Control will only be effective for a signed-in user on devices and browsers on which Google is able to determine that the user is signed in to their Google account, and that the RTB Control will only be effective for a signed-out user on browsers on which the user has enabled the RTB Control and where third-party cookies are enabled). When the RTB Control is enabled, Google will apply a privacy treatment equivalent to its restricted data processing ("RDP") privacy

treatment to RTB bid requests that Google currently makes available to publishers that use the Google RTB system. Subject to Google's modification rights pursuant to Paragraph A.3 below, the following current aspects of RDP treatment will be enabled by the RTB Control:

    a.    All pseudonymous identifiers are removed from RTB bid request, including encrypted Google User IDs and the device advertising IDs, thereby preventing the use of user lists for targeted advertising.

    b.    IP addresses are removed from the RTB bid request.

    c.    Cookie matching does not occur in connection with impression.

    d.    Bid request fields that contain user agent data are generalized to the highest version level in the RTB bid request.

The RTB Control will appear on Google's ads personalization settings pages for personalization of ads shown on partner sites and apps, which will include appropriate links to other relevant Google webpages. No later than 30 days before the Objection Deadline, Google will publicly file a depiction of the then-current version of the RTB Control on the public docket.

    **2.**    **Disclosure Changes.** No later than the Implementation Date, Google will make the following disclosures:

    a.    A new dedicated webpage maintained by Google will also disclose the new RTB Control, with appropriate links to other relevant Google webpages and the new RTB Control. No later than 30 days before the Objection Deadline, Google will publicly file a copy of the then-current version of this webpage on the public docket.

    b.    An email will be sent to the primary email addresses Google has on file for all individual U.S. Google account holders with a Google account active within the 28 days preceding the date on which email notice is issued (except for organizational/workplace Google accounts and accounts that Google's records indicate are associated with minors). The email notice will advise recipients of the webpage referenced above in Paragraph A.2.a (with a link to said webpage) and the options available to control the information provided to third parties through RTB.

    **3.**    **Time Period for Injunctive Relief.** Google agrees to maintain the technical changes described in A.1 and disclosure changes described in A.2 above for a period of three (3) years following the Implementation Date. Notwithstanding the foregoing, during this period, Google may, from time to time, modify the RTB Control's functionality in accordance with its Privacy Policy and U.S. Terms of Service, including to reflect changes to Google's RDP treatment, and to comply with applicable privacy regulations and court orders.

**B.**    **SETTLEMENT CONSIDERATION TO THE PLAINTIFFS**

1.    **Service Awards.** Plaintiffs' Counsel will request that the Court approve service awards to each Plaintiff in an amount not to exceed $15,000, which Google will not oppose. Google will pay service awards in the amount ordered by the Court. Google, Plaintiffs, and Plaintiffs' Counsel agree that none of them will appeal the fact or amount of any service award awarded by the Court.  A service award by the Court that is less than the amount sought will not provide a basis to withdraw from this Agreement. Google will pay service awards by ACH transfer within thirty business days of the Effective Date, provided that Plaintiffs' Counsel has, in advance of that deadline, provided Google's counsel with the account name, account number, and other necessary payment information.

2.    **Taxes.** Plaintiffs will be responsible for any duties, taxes, or levies to which they are subject as a result of such payments and Google will not be liable at any time for any of Plaintiffs' taxes incurred in connection with or related to such payments.

## C.    <u>ATTORNEYS' FEES AND COSTS</u>

1.    The Settling Parties did not discuss attorneys' fees and costs prior to reaching an agreement on the substantive terms of the Settlement. Google agrees to bear its own fees and costs. Google does not dispute that Plaintiffs' Counsel are entitled to an award of attorneys' fees and costs, but reserves the right to contest the reasonableness of the amounts requested. Plaintiffs' Counsel will apply for an award of attorneys' fees and reimbursement of expenses, either in conjunction with or separately from the motion for final approval of the Settlement.  Any fee and cost award must be approved by the Court. Google will pay any fees and costs awarded to Plaintiffs' Counsel by the Court. A fee and cost award by the Court that is less than the amount Plaintiffs' Counsel seek is not a basis to withdraw from this Agreement.

2.    Any Attorneys' Fees and Expense Payment approved by the Court shall be paid to Plaintiffs' Counsel by Google by ACH transfer as follows, provided in all cases that Plaintiffs' Counsel has provided Google with the account name, account number, and all other necessary information to allow payment to be made:

(a)    35% of the Attorneys' Fees and Expense Payment shall be paid within 60 days of the entry of the Final Approval Order and entry of any order awarding the Attorneys' Fees and Expense Payment to Plaintiffs' Counsel.

(b)    If no appeal is timely filed from the Final Approval Order or the order awarding the Attorneys' Fees and Expense Payment, then the remaining 65% of the Attorneys' Fees and Expense Payment shall be paid within 60 days of the later of the entry of the Final Approval Order and entry of any order awarding the Attorneys' Fees and Expense Payment to Plaintiffs' Counsel.

(c)    If an appeal is timely filed from either the Final Approval Order or the order awarding the Attorneys' Fees and Expense Payment, then the remaining 65% of the Attorneys' Fees and Expense Payment shall be paid within 60 days of the date on which all such appeals have been fully resolved (including requests for rehearing, rehearing en banc, and petitions for certiorari).

3.      Each Plaintiffs' Counsel law firm receiving any portion of an Attorneys' Fee and Expense Award, as a condition of receiving such payment, agrees on behalf of itself and each equity partner and/or shareholder of it that the law firm and its equity partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph. Plaintiffs' Counsel executing this Settlement Agreement stipulate, warrant, and represent that they have actual authority to enter into the obligations set forth in this paragraph on behalf of the law firms indicated below, and the shareholders, members, and/or partners of those law firms respectively. In the event that the Effective Date does not occur, or the Final Judgment or the Attorneys' Fee and Expense Award is reversed or modified, and in the event that the Attorneys' Fee and Expense Award has been paid to any extent, then Plaintiffs' Counsel law firm receiving any portion of the Attorneys' Fee and Expense Award paid shall, within 60 days from receiving notice from Google's Counsel or from a court of appropriate jurisdiction, refund to Google such portion of the Attorneys' Fee and Expense Award as required by such reversal, modification, cancellation or termination, plus interest thereon computed using the rate and method set forth in 28 U.S.C. § 1961.

4.      Plaintiffs' Counsel will be responsible for any duties, taxes, or levies to which they are subject as a result of such payment and Google will not be liable at any time for any of Plaintiffs' Counsel's taxes incurred in connection with or related to such payment.

## D.      SCOPE AND EFFECT OF SETTLEMENT AND RELEASE

1.      **Scope of Settlement Agreement**. This Settlement Agreement compromises and resolves only the Released Class Claims and Released Plaintiff Claims.

2.      **Binding Effect of Settlement**. If this Settlement is approved by the Court, on the Effective Date, Google and all Settlement Class Members and Plaintiffs will be bound by the terms of the Agreement.

3.      **Objections**. Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement must do so timely by the Objection Deadline. Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses, and/or for service awards for Plaintiffs, must do so timely by the Objection Deadline. Plaintiffs shall file their response or reply to any such objections by no later than December 22, 2025.

4.      **Notice of Settlement to the Settlement Class**. Based upon their review of Rule 23, prior rulings concerning class settlements involving only Rule 23(b)(2) injunctive relief, and the fact that the technical changes and disclosure changes (described above) will provide certain notice to the Settlement Class, the Settling Parties agree that no additional notice plan is required. The Settling Parties will ultimately defer to the Court on that determination. To the extent any additional notice is required, Google will provide and/or bear the costs of such notice.

5.     **Final Approval Proceedings**.  Plaintiffs will promptly file, by no later than September 2, 2025, a motion for final approval of the Settlement and certification of the Settlement Class, and request a final approval hearing. The parties will request that the Court enter a briefing schedule under which any opposition or response from Google will be filed by no later than November 12, 2025, and any reply from Plaintiffs will be filed by no later than December 22, 2025. The Settling Parties agree that no motion for preliminary approval is required under Rule 23(b)(2). Plaintiffs may include their request for attorneys' fees and costs and payment of service awards with the motion for final approval, or as a separate motion, at their election and subject to any other schedule ordered by the Court. At the final approval hearing, Plaintiffs will request that, in addition to granting final approval of the Settlement and certifying the Settlement Class, that the Court also direct that the Lawsuit be dismissed with prejudice, and release the Released Class Claims and Released Plaintiff Claims as set forth herein, and reserve jurisdiction with respect to implementing and enforcing the terms of this Agreement.

6.     **CAFA Notice.** Google will be responsible for compliance with any Class Action Fairness Act notice requirements  pursuant to 28 U.S.C. section 1715 (including the costs of compliance) and shall take steps to comply with such notice requirements in as expeditious a manner as possible (including, without limitation, by serving the notice required under 28 U.S.C. § 1715 within ten days of the filing of the motion for final approval of the Settlement).

7.     **Effect of Non-Approval or Material Modifications**. In the event the Court does not grant final approval of the Settlement or requires any material modification to the Settlement to which any Party does not assent, the litigation will return to the status quo before submission of the Settlement for approval.

8.     **Release of Settlement Class Claims**. Upon the Effective Date, all Settlement Class Members will be deemed to have fully, finally and forever released, relinquished and discharged all Released Class Claims against Google. Upon the Effective Date, all Settlement Class Members will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any Released Class Claim against Google. As to the Released Class Claims only, all Settlement Class Members hereby expressly, knowingly, and voluntarily waive the provisions of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Settlement Class Members expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable, or equivalent to Section 1542, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Class Claims. In connection with such waiver and relinquishment,

Settlement Class Members hereby acknowledge that they are aware that they or their attorneys may hereinafter discovery claims or facts in addition to or different from those they now know or believe to exist with respect to the Released Class Claims, but that it is their intent to hereby fully, finally, and forever settle and release all of the Released Class Claims known or unknown, suspected or unsuspected, matured or unmatured, disclosed or undisclosed, contingent or absolute, liquidated or unliquidated, accrued or unaccrued, apparent or unapparent, that they have against Google. In furtherance of such intention, the Release herein given by Settlement Class Members to Google shall be and remain in effect as a full and complete general release as to the Released Class Claims, notwithstanding the discovery or existence of any such additional different claims or facts. Each of the Settling Parties expressly acknowledges that they have been advised by their attorneys of the contents and effect of Section 1542, and with knowledge, each of the Settling Parties hereby expressly waives whatever benefits they may have had pursuant to such section. Plaintiffs acknowledge that the foregoing waiver was separately bargained for and a material element of the Settlement for which this Release is a part.

   **9.** **Release of Individual Plaintiff Claims.** Upon the Effective Date, all Plaintiffs will be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Plaintiff Claims against Google. Upon the Effective Date, all Plaintiffs will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any Released Plaintiff Claims against Google. As to the Released Plaintiff Claims only, all Plaintiffs hereby expressly, knowingly, and voluntarily waive the provisions of Section 1542 of the California Civil Code, which provides as follows:

   A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY

Plaintiffs expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable, or equivalent to Section 1542, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Plaintiff Claims. In connection with such waiver and relinquishment, Plaintiffs hereby acknowledge that they are aware that they or their attorneys may hereinafter discover claims or facts in addition to or different from those they now know or believe to exist with respect to the Released Claims, but that it is their intent to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, matured or unmatured, disclosed or undisclosed, contingent or absolute, liquidated or unliquidated, accrued or unaccrued, apparent or unapparent, that they have against Google. In furtherance of such intention, the Release herein given by Plaintiffs to Google shall be and remain in effect as a full and complete general release as to the Released Claims, notwithstanding the discovery or existence of any such additional different claims or facts. Each of the Settling Parties expressly acknowledges that they have been advised by their attorneys of the contents and effect of Section 1542, and with

knowledge, each of the Settling Parties hereby expressly waives whatever benefits they may have had pursuant to such section. Plaintiffs acknowledge that the foregoing waiver was separately bargained for and a material element of the Settlement for which this Release is a part.

## E.     DESTRUCTION OF NON-PUBLIC MATERIALS

**1.     Stipulated Protective Order**.  The Settling Parties and their counsel will comply with the terms concerning the destruction of Protected Material described in the Stipulated Protective Order Governing the Exchange of Confidential Discovery Material As Modified by the Court ("Protective Order") entered in this Action (ECF No. 59) and their continuing obligation to not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with its provisions. The Protective Order provides that "final disposition" of the Action triggers the duty to destroy or return all Protected Material. For purposes of the Protective Order, "final disposition" is the Effective Date.

**2.     Verifications**.  The Settling Parties' respective counsel will each issue verifications via email certifying that the provisions of paragraph E.1 above have been complied with within sixty days of the Effective Date.

## F.     NO ADMISSION OF LIABILITY

**1.     No Admission of Liability**.  This Settlement is the resolution of a dispute between the Settling Parties. Nothing in or required by this Agreement, or anything that any of the Settling Parties stated or did during the negotiation of this Settlement or Agreement, will be construed or used in any manner as an admission of liability or evidence of either Party's fault, liability, or wrongdoing. The Settling Parties expressly deny any liability or wrongdoing whatsoever.

**2.     Limitation on Use of Settlement Terms**. Except as otherwise provided or in connection with the settlement approval process (including Plaintiffs' Counsel's anticipated motion for an award of attorneys' fees and expenses) or to enforce the Settlement, neither the Settling Parties nor their counsel will attempt to use any aspect of this Settlement or Agreement as evidence in this or any other matter.

## G.     GENERAL TERMS

**1.     Entire Understanding**.  This Agreement constitutes the complete, final and exclusive embodiment of the entire agreement between the Settling Parties with regard to the subject matter herein. It is entered into without reliance on any promises, warranties, or representations, written or oral, other than those expressly contained herein, and it supersedes any other promises, warranties, or representations.

**2.     Modification**. This Agreement cannot be modified or amended except by a written agreement, signed by the Settling Parties to be bound by such modification or amendment, and which specifically mentions this Agreement.

3.      **Binding on Successors**. This Agreement is binding on, and inures to the benefit of, the successors and assigns of each Plaintiff and Google.

4.      **Severability.** Except as otherwise provided in this Agreement, the invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision.

5.      **No Construction Against Any Party**. This Agreement shall be construed as if the Settling Parties jointly prepared it. Any uncertainty or ambiguity shall not be interpreted against any one Party, even if that Party prepared the Agreement.

6.      **Parties' Knowledge and Advice of Counsel**.  The Settling Parties execute this Agreement freely and voluntarily and without acting under any duress or in reliance upon any threat by or on behalf of the other Party. Each Party has consulted with or has had an opportunity to consult with counsel of its own choice about the legal effect of entering into this Agreement, and executes this Agreement being fully informed as to its terms, content, and legal effect.

7.      **No Waiver**.  No Party will be treated as having waived any rights by not exercising (or delaying the exercise of) any rights under this Agreement. Moreover, a waiver of any breach of this Agreement by any Party shall not be deemed a waiver by any Party of any other breach of this Agreement.

8.      **Authority to Execute**.  Each counsel or other person executing the Agreement on behalf of a Party hereto warrants that such person has the full authority to do so.  Plaintiffs' Counsel, on behalf of Plaintiffs and the Settlement Class, are expressly authorized to take all appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.  All Settling Parties covenant and represent that they have consulted with competent counsel prior to entering into this Agreement.

9.      **No Prior Agreements**.  The Settling Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or other rights released or discharged in this Settlement except as set forth in this Agreement.

10.     **Non-Retaliation**. Google agrees to refrain from any retaliation against Plaintiffs (including their families, agents, counsel and businesses), including through coercion, disparagement, action or inaction. Nothing in the foregoing shall be deemed to restrict Google's right to enforce its Terms of Service, policies, and other rules governing Plaintiffs' (including their families, agents, counsel and businesses) use of Google products and services.

11.     **Choice of Law and Continuing Jurisdiction**. This Agreement should be interpreted, enforced, construed, and controlled by the laws of the State of California, without reference to principles of conflicts of choice of law provisions. The Court will retain jurisdiction with respect to implementation and enforcement of the terms of the Agreement, and all Settling

Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Agreement and matters related to this Settlement.

     **12.**   **Counterparts**.  This Agreement may be executed by the Settling Parties in counterparts and exchanged by electronic means, with the same effect as if all Settling Parties had signed the same instrument.

*[Remainder of page intentionally left blank. Signature pages follow.]*

The Parties have agreed to the terms of this Agreement and have signed below.

Dated: 8/2/25                    **TERRY DIGGS**


Dated:                          **RETHENA GREEN**

_____


Dated:                          **JOHN KEVRANIAN**

_____


Dated:                          **SALVATORE TORONTO**

_____


14

The Parties have agreed to the terms of this Agreement and have signed below.

Dated:                  **TERRY DIGGS**

_____

Dated:   9/2/2025        **RETHENA GREEN**

_____

Dated:                  **JOHN KEVRANIAN**

_____

Dated:                  **SALVATORE TORONTO**

_____

The Parties have agreed to the terms of this Agreement and have signed below.

Dated: _____                **TERRY DIGGS**

                                       _____


Dated: _____                **RETHENA GREEN**

                                       _____


Dated: 9-2-2025                        **JOHN KEVRANIAN**

                                       _____


Dated: _____                **SALVATORE TORONTO**

                                       _____

14

The Parties have agreed to the terms of this Agreement and have signed below.

Dated:                                    **TERRY DIGGS**

_____

Dated:                                    **RETHENA GREEN**

_____

Dated:                                    **JOHN KEVRANIAN**

_____

Dated:  2 SEPT. 2025          **SALVATORE TORONTO**

_____

14

Dated: 09/02/2025                    **CHRISTOPHER VALENCIA**

Dated:                               **TARA WILLIAMS**

_____

Dated:                               **KIMBERLEY WOODRUFF**

_____

Dated:                               **GOOGLE LLC**

_____

By: Cassandra Knight
Title: Vice-President, Litigation & Discovery

_Approved as to Form:_

Dated:                               **PRITZKER LEVINE LLP**

_____

Elizabeth Pritzker
_Interim Class Counsel for Plaintiffs_

15

Dated:                                    **CHRISTOPHER VALENCIA**

_____

Dated:    9/2/2025                        **TARA WILLIAMS**

Dated:                                    **KIMBERLEY WOODRUFF**

_____

Dated:                                    **GOOGLE LLC**

_____

By: Cassandra Knight
Title: Vice-President, Litigation & Discovery

*Approved as to Form:*

Dated:                                    **PRITZKER LEVINE LLP**

_____

Elizabeth Pritzker
*Interim Class Counsel for Plaintiffs*

15

Dated:                           **CHRISTOPHER VALENCIA**

                                 _____


Dated:                           **TARA WILLIAMS**

                                 _____


Dated:                           **KIMBERLEY WOODRUFF**

Sept 2, 2025

                                 _____


Dated:                           **GOOGLE LLC**

                                 _____

                                 By: Cassandra Knight
                                 Title: Vice-President, Litigation & Discovery

*Approved as to Form:*


Dated:     9/2/2025              **PRITZKER LEVINE LLP**

                                 _____

                                 Elizabeth Pritzker
                                 *Interim Class Counsel for Plaintiffs*

Dated:                                    **CHRISTOPHER VALENCIA**

_____

Dated:                                      **TARA WILLIAMS**

_____

Dated:                                      **KIMBERLEY WOODRUFF**

_____

Dated: September 2, 2025            **GOOGLE LLC**

_Cassandra Knight_

_____

By: Cassandra Knight
Title: Vice-President, Litigation & Discovery

_Approved as to Form:_

Dated:                                      **PRITZKER LEVINE LLP**

_____

Elizabeth Pritzker
_Interim Class Counsel for Plaintiffs_