1
2
3
4
5
6
7
8
9
10

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION | CASE NO. 4:21-CV-02155-YGR-VKD |
|---|---|
| *This document applies to all actions.* | **MEDIATOR'S STATEMENT IN SUPPORT OF CLASS ACTION SETTLEMENT** |

In support of the Class Action Settlement Agreement between Plaintiffs Terry Diggs, Rethena Green, John Kevranian, Salvatore Toronto, Christopher Valencia, Tara Williams, and Kimberley Woodruff ("Plaintiffs" or "Class Representatives"), individually and as representatives of the Settlement Class on the one hand, and Defendant Google LLC ("Google") on the other hand, I, SHIRISH GUPTA, state as follows:

1.    I am a private mediator with JAMS ADR Services ("JAMS") in San Francisco and San Jose, California. I have worked as a private mediator, neutral and arbitrator since 2010, first, at Flashpoint Mediation, from 2010 to 2015, and then at JAMS, which I joined in 2015. My practice focuses on resolving complex disputes involving intricate financial, technical, and legal matters, including privacy class actions, mass arbitrations, patents and trade secrets, securities fraud, start-up founder break-ups, private equity carry interest claims, and crypto/blockchain-related matters. Prior to becoming a neutral, I litigated cases for nearly two decades at Mayer Brown, Howard Rice Nemerovski Canady Falk & Rabkin, and Flashpoint Law.

2.    In February 2025, I was retained by the parties as a mediator in this matter. This particular mediation was especially complex, involving a unique technology (the Google Real-Time Bidding Auction, or "Google RTB"); an evolving legal landscape; the potential interplay of state, federal, and international consumer privacy regulations; and the corporate complexities of Google – one of the largest tech companies in the world. The quality of the attorneys, and their advocacy, was excellent.

3.    Plaintiffs and Google participated in an initial all-day mediation session before me on February 20, 2025. No settlement was reached at that time, but I was able to assess the parties' positions on key terms of an injunctive relief settlement. Both sides appeared to leave the mediation with the feeling that progress was being made, and a further mediation was scheduled before me for March 7, 2025 – which I believe was the first available date on my calendar.

4.    Plaintiffs and Google participated actively in the all-day mediation session on March 7, 2025. While no settlement was reached at that time, it was apparent that further significant progress was being made, and the parties left at the end of the day poised to continue to work out

specific key terms of injunctive settlement relief.

5. Following March 7, 2025 mediation, the parties worked diligently on a number of settlement issues and were continuing to make progress. This was a highly-detailed and time-consuming process for counsel, their clients and me, as the parties continued to confer with each other, and with me, during the months of March and April 2025, on various key terms of an injunctive relief settlement. Additionally, certain aspects of the parties' settlement discussions required review and participation by multiple stakeholders at Google, which required additional time, effort, and analysis on everyone's part to fully explore potential settlement options.

6. Plaintiffs and Google participated in a third mediation session before me on April 29, 2025, having again made significant progress on key terms of an injunctive relief settlement. Following that session, the parties had several calls and Zoom sessions with me, both individually and together, as they continued to work diligently to hash out class settlement terms.

7. The parties scheduled a further Zoom session with me on May 6, 2025. It was at this session that Plaintiffs and Google ultimately reached agreement on all key material class settlement terms. These agreed-upon terms provide for injunctive relief that is tied to the factual allegations and legal claims asserted by Plaintiffs in the litigation, and that is focused, in particular, on issues of transparency and control. With respect to the issue of control, the settlement terms provide a new and unique user control (the "RTB Control") that I understand, for the first time, provides Google account holders with the ability to limit the information Google shares about them with third parties in the Google RTB auctions. With respect to transparency, as part of the settlement, Google agreed to notify settlement class members of the RTB Control via email to their Google accounts, and set up new webpage disclosures that describe the Google RTB auctions and how the new RTB Control works to limit data sharing with third parties in those auctions. Google agreed to maintain these technical and disclosure changes for at least three (3) years – a time frame that is generally consistent with other injunctive relief settlements in the fast-changing technology and privacy spheres of which I am aware.

8. Other than the precise look and feel of the disclosures and control, all material terms of the class-wide injunctive relief were agreed to before the parties discussed, and ultimately resolved,

2

the individual Plaintiffs' claims for monetary relief in the form of requested service awards of no more than $15,000 each.

9. On May 8, 2025, the parties exchanged and signed off on a summary settlement document outlining the key terms of settlement, which they shared with me.

10. Since that time, the parties have been engaged in documenting the settlement with a formal settlement agreement, and I participated in an August 22, 2025 Zoom session with the parties in which Google presented via screen share to Plaintiffs' counsel its then-current draft forms of the disclosures provided for by the settlement. I have been actively involved in discussions between the parties even after the May 8th agreement in principle. In May, June, July, and August, 2025, I participated in many calls and communications with the parties as they worked to finalize the settlement and its documentation.

11. Based on all of the above, and as well as my oversight role as mediator in this matter, I can attest that all aspects of the settlement being presented to the Court for its approval were zealously negotiated by the parties at arms' length, and by experienced, informed, knowledgeable, and skilled counsel.

DATED: September 2, 2025                    Respectfully submitted,

_____
Mediator