**DICELLO LEVITT LLP**
David A. Straite (admitted *pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel.: (646) 933-1000
Fax: (646) 494-9648
*dstraite@dicellolevitt.com*

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *In re Google RTB Consumer Privacy Litigation*,<br><br>This Document relates to: *all actions*. | **CASE NO. 4:21-cv-02155-YGR-VKD**<br><br>**DECLARATION OF DAVID A. STRAITE IN FURTHER SUPPORT PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES** |

I, David A. Straite, declare:

1. I am a partner at DiCello Levitt LLP ("DiCello Levitt"). I was admitted to this Court *pro hac vice* on May 11, 2021. Dkt. No. 37.

2. I submit this supplemental declaration in further support of Plaintiffs' Motion for an Award of Attorneys' Fees, Costs and Expenses (the "Motion," Dkt. No. 781). The following facts are within my personal knowledge, and if called as a witness, I could testify competently thereto.

3. On November 26, 2025, Defendant Google LLC filed an opposition to the Motion ("Opp."), proposing various reductions to reported lodestar, among other proposals. One such proposed reduction was to the hourly rate for former DiCello Levitt attorney Mojisola Onabanjo, on the inference that Ms. Onabanjo was an independent contractor. Opp. at 17.

4. Google's inference is incorrect. On all relevant dates, Ms. Onabanjo was an employee at DiCello Levitt. I personally am aware of the following facts, all of which I confirmed directly with DiCello Levitt's controller (Mr. A.J. Frate) on December 1, 2025:

a. Ms. Onabanjo was a W-2 employee for the entirety of her employment here, from September 13, 2021 through June 1, 2023, inclusive.

b. Ms. Onabanjo was issued a DiCello Levitt email address and a computer which she used for all Firm business.

c. DiCello Levitt paid the employer portion of Ms. Onabanjo's employment taxes, including Social Security, Medicare and FUTA at the federal level, and state unemployment insurance (UI) and disability insurance (SDI) taxes.

d. DiCello Levitt offered Ms. Onabanjo the following optional benefits, all of which she used, at no charge to her:

i. 401(k) plan with 3% matching by the Firm;

ii. Blue Cross health insurance with Firm-funded HSA account; and

iii. Vision and dental insurance.

5. Ms. Onabanjo was the only attorney at DiCello Levitt assigned to Tier 1 document review on this case. Consistent with Northern District practice, we voluntarily capped her hourly rate

for Tier 1 document review to $325/hr.

6. At the completion of her initial Tier 1 document review, Ms. Onabanjo had the option to return to her solo practice representing computer software developers and other IP holders (see Ex. 9 to the Somvichian Declaration, Dkt. No. 787-11). But given her high-quality work on this case and background (including an LL.M. at Queen Mary University of London in the United Kingdom), we asked that she stay on to assist with Tier 2 document review (including for deposition preparation and hot document analysis) during fact discovery. She stayed until June 1, 2023. Only her Tier 2 document review deposition preparation tasks were billed at the normal rate of $435/hr. *See* Dkt. No. 787-3. Any additional Tier 1 document review related to supplemental productions of documents continued to be billed at the lower capped rate.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on December 22, 2025, at New York, NY.

By: *\/s/ David Straite*
David A. Straite