COOLEY LLP
WHITTY SOMVICHIAN (SBN 194463)
(wsomvichian@cooley.com)
REECE TREVOR (SBN 316685)
(rtrevor@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
JOYCE V. RODRIGUEZ-LUNA
(*pro hac vice pending*)
(jrodriguez-luna@cooley.com)
55 Hudson Yards
New York, New York 10001-2157
Telephone:   +1 212 479 6000
Facsimile:   +1 212 479 6275

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation,<br><br><br>This Document Relates to:  *all actions* | Master File No. 4:21-cv-02155-YGR-VKD<br><br>**GOOGLE LLC'S SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S JANUARY 30, 2026 ORDER**<br><br>Hearing Date:  February 17, 2026<br>Hearing Time: 2:00 pm |

## I.   INTRODUCTION

Google LLC ("Google") submits this brief in response to ECF No. 798, in which the Court requested "further information regarding Google's argument that the settlement at issue is duplicative of functions and notifications already existing" and directed that Google "identify with specificity how each paragraph in the document submitted at Docket No. 785-2 is duplicative and provide the Court with those prior disclosures/notifications, including the date when such prior disclosures/notifications were made." *Id.*

Docket No. 785-2 (the "Settlement Disclosures") is the new disclosure page that Google has agreed to publish as part of the proposed injunctive relief settlement, which will provide an overview of Google Display Advertising including explaining the real-time bidding ("RTB") process at issue in this litigation.[1] In this supplemental brief, the supporting declaration of Whitty Somvichian ("Somvichian Declaration"), and attached chart, Google responds to the Court's directive to provide more detail about where the Settlement Disclosures mirror Google's earlier public-facing disclosures, where they differ, and how. ECF No. 798. As this exercise makes clear, while the Settlement Disclosures overlap with existing disclosures to an extent, they will provide greater transparency overall to users about the RTB issues in dispute and are part of a broader package of measures that will provide fair, adequate, and reasonable relief to the proposed settlement class. In opposing Plaintiffs' Counsel's motion for over $128 million in fees, Google noted its existing disclosures to provide further context for why Plaintiffs' Counsel have not achieved the type of exceptional result that merits a three-and-a-half-times multiplier of their lodestar. ECF No. 787-2 at 22. But the fact that Google's existing disclosures overlap with some aspects of the Settlement Disclosures does not detract from the overall package of settlement relief that merits the Court's approval.

## II.   DISCUSSION

In response to the Court's Order, Google has prepared a chart attached as Exhibit B to the concurrently filed Somvichian Declaration that addresses each paragraph of the Settlement

---

[1] For the Court's convenience, Google accompanies this brief with a copy of the Settlement Disclosures that includes paragraph numbering. Somvichian Decl. Ex. A.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

Disclosures and identifies relevant portions of existing user-facing Google disclosures that contain corresponding or similar information as examples of comparable prior disclosures, along with additional explanatory comments for the Court's reference. Google focused specifically on the following disclosures previously submitted to the Court in Google's opposition to Plaintiffs' first class certification motion[2]:

- Google's Privacy Policy, which has contained relevant disclosures since at least March 31, 2020. ECF Nos. 592-5 ¶ 14; 592-6.

- Google's "Advertising" page, which has contained relevant disclosures since at least June 11, 2021. ECF Nos. 592-5 ¶ 16; 592-7.

- Google's "How Our Business Works" page, which has contained relevant disclosures since at least June 26, 2021. ECF Nos. 592-5 ¶ 21; 592-8.

- Google's "How Google Uses Location Information" page, which has contained relevant disclosures since at least January 7, 2022. ECF Nos. 592-5 ¶ 25; 592-9.

- Google's "How Personalized Ads Work" page, which has contained relevant disclosures since at least November 14, 2022. ECF Nos. 592-5 ¶ 28; 592-10.

- Google's "How Google Uses Information from Sites or Apps that Use Our Services" page, which has contained relevant disclosures since at least November 14, 2022. ECF Nos. 592-5 ¶ 32; 592-11.

To comply with the Court's Order, Google's chart addresses each paragraph of the Settlement Disclosures, but only a portion of the Settlement Disclosures are directly relevant to the settlement and to this Court's consideration of the pending motions. As the Court is aware, this litigation centers on RTB bid requests that Google sends to third party RTB participants, which Plaintiffs alleged contain data amounting to personal information.[3] *See, e.g.*, ECF No. 750-1 at 11-15 (arguing that bid requests contain personal information). The Settlement Disclosures directly address the

---

[2] Google excludes from this analysis the RTB protocols that it has posted on its developer-facing materials. Those protocols have always been publicly accessible (indeed, they were at the core of Plaintiffs' operative complaint, *see, e.g.*, ECF No. 92 ¶ 138), but they are aimed at engineers, not lay users.

[3] Plaintiffs define the "RTB participants" with whom Google allegedly shared personal information as "potential buyers around the world seeking the opportunity to place an ad." ECF No. 750-1 at 5.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S SUPPL. BRIEF
RE JAN. 30, 2026 ORDER
CASE NO. 4:21-CV-02155-YGR-VKD

contents and purposes of bid requests, along with related issues like cookie matching, in detail in **Paragraphs 3, 5, 7, 8, 14, 19, 25, 28, 30, 51, 52, 53, and 57** (the "**RTB Paragraphs**"). The proposed Settlement Disclosures, however, go beyond addressing the RTB-specific issues in the case and also describe Display Advertising more generally, including various aspects that are not at issue in the case and not affected by the settlement. These include, for example, data that publishers transmit to Google (Settlement Disclosures ¶¶ 13, 15), data that Google transmits to publishers as opposed to third party RTB participants (*id.* ¶ 17), Google's internal use of data for personalized advertising through channels other than RTB (*id.* ¶ 29), and Google's internal use of data for functions like product improvement and fraud prevention unrelated to this case (*id.* ¶¶ 35, 37-48). For purposes of the Court's consideration of settlement approval and Plaintiffs' Counsel's request for a fee award, the RTB Paragraphs are the most relevant aspects of the Settlement Disclosures. To assist the Court's review, the RTB Paragraphs in the chart are highlighted in blue and the key issues are summarized below.

*First*, and most critically, when compared to existing disclosures, the RTB Paragraphs offer additional detail about RTB, including how the bidding process works and what specific information Google sends to third party RTB participants in bid requests. For example, Google's existing "How Our Business Works" page explains that "businesses can buy ad space that we show on sites and apps that partner with [Google], like news publications and blogs." How Our Business Works at 1. The RTB Paragraphs explain this process and the contents of bid requests—the key disputed issue in the case—more granularly. They describe that "Advertising Partners receive information about the ad slot" so they can "choose whether to bid for the opportunity to show an ad in that slot" and do so "in real time." Settlement Disclosures ¶¶ 3, 53. The RTB Paragraphs further explain that "[Google] will disclose Bid Request Data to our Advertising Partners, who use it to decide whether they want to make a bid for an ad slot on the Publisher's site, app or service." *Id.* ¶ 25.

The RTB Paragraphs go on to detail the specific categories of "[d]ata disclosed to Advertising Partners in the bid request," listing eight types of information included in bid requests. *Id.* ¶ 14. Paragraph 14 contains the core disclosures at the heart of the settlement, including

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S SUPPL. BRIEF
RE JAN. 30, 2026 ORDER
CASE NO. 4:21-CV-02155-YGR-VKD

explaining that bid requests include "[a]pproximate detected device geolocation; IP address; user-resettable advertising identifiers for a browser, based on cookies, or a device; device model and brand; browser brand and version; operating system brand and version." *Id.* Google previously outlined to users in general terms that it uses these kinds of data to help serve ads, such as by disclosing that "we may also select advertising based on information about your computer or device, such as your device model [and] browser type" and that "[u]nique identifiers can be used for various purposes, including . . . providing personalized advertising." Advertising at 2-3; Privacy Policy at 12. The RTB Paragraphs go further by expressly explaining in a user-facing disclosure that this information is *transmitted* to *third parties* in *bid requests* and *in real time*.[4]

The RTB Paragraphs also elaborate on the cookie matching process that was a focus of this case. Existing disclosures generally explain the use of cookies in advertising. *See, e.g.*, Advertising at 2 ("Working with our partners, we may use cookies… to show ads that are likely to be more relevant (such as ads based on websites you have visited)."). The RTB Paragraphs specifically address cookie-matching, explaining that it this process "allows our Advertising Partners to match cookies or identifiers that they have collected when a user browsed certain sites, services and apps with cookies that they receive when they use the Display Advertising tools." Settlement Disclosures ¶ 30. The RTB Paragraphs go on to explain that "an Advertiser can use the cookie matching service to match cookies that they collected when you visited their site *with a cookie that they receive in the Display Advertising tools*." *Id.* (emphasis added).[5]

Collectively, these disclosures directly address and resolve Plaintiffs' complaint that Google did not sufficiently "explain Google RTB" and related processes like cookie-matching. ECF No. 616-3 at 7.

**Second,** Plaintiffs suggested that Google's existing disclosures relied on too many "embedded website links." *Id.* In addition to expanding on existing disclosures, the Settlement

---

[4] As noted above, there are existing materials for developers that list categories of information in bid requests, but these resources are not directly targeted to users.

[5] Google publicly described cookie-matching in developer-facing materials, not user-facing materials, as well. *See* ECF No. 546-3 ¶ 23 & n.4 (expert report discussing Google's developer documentation that explained how cookie matching "enables the bidder to match their cookies with Google").

Cooley LLP
Attorneys at Law
San Francisco

4

Google's Suppl. Brief
re Jan. 30, 2026 Order
Case No. 4:21-cv-02155-YGR-VKD

Disclosures combine them into a single user-facing document that merges together elements of Google's Privacy Policy, developer protocols, and the other documents discussed above. In keeping with the goal of creating a single resource to help users generally understand how data flows to various participants in the advertising ecosystem, the Settlement Disclosures do not just address RTB-specific issues in isolation but rather explain how Display Advertising works holistically, including matters that are not directly at issue in this case.

*Third*, the RTB Paragraphs describe the new RTB Control, which is discussed in further detail in Plaintiffs' motion for settlement approval and in Google's opposition to Plaintiffs' counsel's attorneys' fees motion. Because the RTB Control is a new feature of the settlement, earlier disclosures of course do not refer to it (though there are many references to the various other tools available to privacy-concerned users, like Google's ads personalization settings and cookie banners on partner sites).

## III.    CONCLUSION

For the foregoing reasons and those explained in Google's prior briefing, the Court should approve the settlement but decline to grant Plaintiffs' Counsel the extraordinary fee award they seek.

Respectfully submitted,

Dated: February 5, 2026

COOLEY LLP

By: */s/ Whitty Somvichian*
Whitty Somvichian

Attorney for Defendant
GOOGLE LLC

331276794

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S SUPPL. BRIEF
RE JAN. 30, 2026 ORDER
CASE NO. 4:21-CV-02155-YGR-VKD