| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP** | **SIMMONS HANLY CONROY LLC** |
| Lesley Weaver (Cal. Bar No.191305) | Jason 'Jay' Barnes (admitted *pro hac vice*) |
| Angelica M. Ornelas (Cal. Bar No. 285929) | An Truong (admitted *pro hac vice*) |
| Joshua D. Samra (Cal. Bar No. 313050) | Eric Johnson (admitted *pro hac vice*) |
| 555 12th Street, Suite 1600 | 112 Madison Avenue, 7th Floor |
| Oakland, CA 94607 | New York, NY 10016 |
| Tel.: (415) 445-4003 | Tel.: (212) 784-6400 |
| Fax: (415) 445-4020 | Fax: (212) 213-5949 |
| lweaver@bfalaw.com | jaybarnes@simmonsfirm.com |
| aornelas@bfalaw.com | atruong@simmonsfirm.com |
| jsamra@bfalaw.com | ejohnson@simmonsfirm.com |
| | |
| **DiCELLO LEVITT GUTZLER LLC** | **DiCELLO LEVITT GUTZLER LLC** |
| David A. Straite (admitted *pro hac vice*) | Amy Keller (admitted *pro hac vice*) |
| Corban Rhodes (admitted *pro hac vice*) | Adam Prom (admitted *pro hac vice*) |
| One Grand Central Place | Sharon Cruz (admitted *pro hac vice*) |
| 60 East 42nd Street, Suite 2400 | Ten North Dearborn St., 6th Floor |
| New York, NY 10165 | Chicago, IL 60602 |
| Tel.: (646) 933-1000 | Tel.: (312) 214-7900 |
| dstraite@dicellolevitt.com | akeller@dicellolevitt.com |
| crhodes@dicellolevitt.com | scruz@dicellolevitt.com |
| | aprom@dicellolevitt.com |

*Co-Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated, | Case No. 4:20-cv-05146-YGR-SVK |
| Plaintiffs, | **PLAINTIFFS' RESPONSE TO GOOGLE'S ADMINISTRATIVE MOTION FOR RELIEF (DKT. NO. 787) FROM THE COURT'S MODIFIED PRESERVATION PLAN (DKT. NO. 766)** |
| v. | |
| GOOGLE LLC, | Hon. Susan van Keulen, USMJ |
| Defendant. | (Filed pursuant to Court's Order at Dkt. No. 789, at 2) |

## I. PROCEDURAL HISTORY AND SUMMARY OF PLAINTIFFS' POSITION

After months of input from the parties, their experts and the Special Master, the Court on July 15, 2022 issued its final order adopting in part and modifying in part the Special Master's revised class-wide preservation Plan for certain data sources (the "Modified Preservation Plan," Dkt. No. 766). The Modified Preservation Plan, in turn, modified the Court's original preservation order dated April 30, 2021. Dkt. No. 174.

Google now seeks to modify the Modified Preservation Plan. On July 27, 2022, Google filed an administrative motion and status update, styled as a motion seeking relief from certain deadlines in the Modified Preservation Plan. Dkt. No. 787. The Court held a hearing the next day on July 28, 2022 (transcript at Dkt. No. 792), at which time the Court ordered Google to provide supplemental information, and for Plaintiffs to file a response on August 1, 2022. *See also* Order dated July 29, 2022 (Dkt. No. 787). Google filed its supplement at Dkt. No. 793. On August 1, 2022, the Court issued a follow-up sealed order ███████████████████████████████████████. Dkt. No. 802.

Plaintiffs remain largely in the dark regarding the basis of Google's request for an extension of time, and have no choice but to defer to the Court's judgment (subject to important requested caveats below). But ***Google's administrative motion also seeks relief far beyond a mere extension of time***, including a wholesale reconsideration of the Court's thoughtful compromise regarding ███████████████████████████, marking the umpteenth run at trying to avoid preserving data from the two most important data sources. It is both procedurally and substantively objectionable. Google also quietly reported that it made significant changes to the Court's order re: preservation of the ████████ data source, ***without Court permission***, and misrepresents █ ███████████████████████████ Similarly, Google unilaterally re-wrote the Court's order regarding preservation of ████████ and falsely claims ████████████████ under the unauthorized re-written Order. Plaintiffs respond to each of these issues in turn below.[1]

---

[1] The Court's Sealed order of August 1, 2022 mentioned ███████████████████
████████████████. Plaintiffs respectfully submit that ███████████████████████
████████████.

## II. RESPONSE TO GOOGLE'S REQUESTS FOR EXTENSIONS

███████████████████████████████████████████████████████████

Subject to one caveat, Plaintiffs defer to the Court's judgment regarding Google's request for an extension to comply with the Court's preservation deadlines. Although Google submitted the declaration of Benjamin Kornacki (the "Kornacki Decl.," Dkt. No. 787-2) explaining the difficulties ███████████████████████████████████████████████████████████ ████████████████████, Plaintiffs have no ability to evaluate the representations therein. The Kornacki Declaration is also completely silent on █████████████████████████ ████████████████████, and Plaintiffs have no way to evaluate them. Google's supplemental July 29 filing (Dkt. No. 793) only updates the Court ████████████████ but provides no further information for Plaintiffs to evaluate the basis for the request.

Plaintiffs respectfully make one request, however. Plaintiffs are deeply concerned that Google's extensive compliance delay may result in certain critical data not being preserved, to the extent that ███████████████████████████████████████████████████. The more time that elapses before full compliance, the more opportunity Google has to █████████████ ███████████████████████████████. Plaintiffs therefore request that the Modified Preservation Plan be modified to require Google to produce a ███████████████████████████████████ ███████████████████████████████████████████████████████████ ██████████ For those ██████████████████████████████████████████████ ███████████████.

Plaintiffs anticipate that Google will object to Plaintiffs' request, ████████████ ████████████. But Google's ████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ Dep. 187:14-188:9. While there are ████████████████████████████████, *see, e.g.*, Dkt. 776-6 at ¶¶ 9-25 (████████████████████████████), Plaintiffs also understand that the ████████ ███████████████████████████████████████████████████████ Google also admitted in the July 29 supplement that ████████████████████████████. Dkt. No. 793 at 1.

1  ███████████████████████████████████████

2  The Court ordered "Google to identify by July 30, 2022 all field names *for any data source*

3  *from which data is to be preserved.*" Dkt. No. 766 at 8. ████████████████████████

4  ████████████  ██████████████████████████████████████

5  ████████████████████████████████████████████████████

6  ███████████████████████████████████████████████████.

7  Plaintiffs respectfully oppose Google's request for extension, ████████████████████

8  ██████████. At a minimum, Plaintiffs request Google's full compliance by August 5, 2022.

9  **III.   RESPONSE TO GOOGLE'S** ████████████████████████████████

10  ████████████████

11  Google counsel say that ████████████████████████████████████

12  ████.[2] Motion at 1. Despite multiple hearings and rounds of briefing on this issue including an

13  additional hearing before the Special Master, Google never once previously made this argument; it

14  should therefore be rejected as untimely. It is also not supported by the record: while Google

15  submitted the declaration of Benjamin Kornacki (Dkt. No. 787-2) to support many factual

16  contentions in the Motion, Google only "supports" its ████████████████████████

17  ████████████. Plaintiffs have no idea where this contention comes from, or why it was

18  withheld until last week, but it should be rejected as unsupported by the evidentiary record.

19  More worrisome, however, is that Google does not actually seek relief following this

20  statement of counsel; instead, after Google counsel represent that their client ██████████

21  ████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████

23  ██████████████████████████  ██████████████████████████

24  ████████████████████████████████████████████████████

25  ████████████████████████████████████████████████████

───────────────

26  [2] Google counsel also say, without evidentiary support, ████████████████████████

27  ████████████████████████████████████████████████████

28  ████████████████████████████████████████

IV. **RESPONSE TO GOOGLE'S** ▮▮▮

The Modified Preservation Plan orders that "▮▮▮" Dkt. 766 at 8. ***But Google's motion admits*** ▮▮▮. Instead, Google ▮▮▮: "▮▮▮"" and then claims ▮▮▮. Dkt 787 at 2.

Plaintiffs strongly object to this sleight of hand and ▮▮▮ As the Court is aware, there is no dispute that Google maintains ▮▮▮. As set forth in greater detail at Dkt. No. 776-12, ▮▮▮." *Id.*, Shafiq Rebuttal Decl. ¶¶ 23-29 (citing internal Google documents[3]). Near the start of the class period, a key Google employee in charge of the ▮▮▮ explained that: "▮▮▮" Dkt. 226-7 (Tr. of Video Produced at GOOG-CALH-00045185), at 72:25-74:7; video also cited by Google in Dkt. 747-3 at 9, n.10. Other late-produced evidence indicates Google ▮▮▮. Dkt. No. 776-12, Shafiq Rebuttal Decl. ¶¶ 30-32. Thus, it appears to Plaintiffs that Google has ▮▮▮.

---

[3] GOOG-CALH-00030031 (▮▮▮); GOOG-CABR-03666182 (▮▮▮); GOOG-CABR-03666194 ("▮▮▮ GOOG-CALH-00062153; GOOG-CALH-01134336; GOOG-CALH-01134348; GOOG-CABR-03665962; GOOG-CABR-0472868 ('▮▮▮; GOOG-CABR-04726832 ('▮▮▮"); GOOG-CABR-05876612.

Plaintiffs respectfully ask the Court to inform Google that when the Court said "[REDACTED] [REDACTED]," it meant precisely that.

V.  **RESPONSE TO GOOGLE'S MOTION FOR RECONSIDERATION RE: [REDACTED]**

[REDACTED]

Dated: August 1, 2022

Respectfully submitted,

**BLEICHMAR FONTI & AULD LLP**

By:   */s/ Lesley E. Weaver*
Lesley Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

**SIMMONS HANLY CONROY LLC**

By:   */s/ Jay Barnes*
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
ejohnson@simmonsfirm.com

**DiCELLO LEVITT GUTZLER LLC**

By:   */s/ David Straite*
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
dstraite@dicellolevitt.com

Amy E. Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn Street, 6th Fl.
Chicago, Illinois 60602
Tel.: (312) 214-7900
akeller@dicellolevitt.com
aprom@dicellolevitt.com
scruz@dicellolevitt.com

**ATTESTATION**

I, Sharon Cruz, am the ECF User whose identification and password are being used to file this document pursuant to Civil L.R. 5-1(h)(3). I attest under penalty of perjury that the signatories above have concurred in the filing of this document.

                              */s/ Sharon Cruz*
                              Sharon Cruz

                              *Co-Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Sharon Cruz, hereby certify that on August 1, 2022, I caused to be electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which will send electronic notification to all counsel of record.

*/s/ Sharon Cruz*
Sharon Cruz