**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
ejohnson@simmonsfirm.com

**DiCELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
Corban Rhodes (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
dstraite@dicellolevitt.com
crhodes@dicellolevitt.com

**DiCELLO LEVITT GUTZLER LLC**
Amy Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn St., 6th Floor
Chicago, IL 60602
Tel.: (312) 214-7900
akeller@dicellolevitt.com
scruz@dicellolevitt.com
aprom@dicellolevitt.com

*Co-Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**PLAINTIFFS' RESPONSE TO GOOGLE'S ADMINISTRATION MOTION FOR LEAVE TO SUPPLEMENT THE RECORD (DKT. NO. 798)**<br><br>Hon. Yvonne Gonzalez Rogers |

## I. SUMMARY OF PLAINTIFFS' POSITION

Google's motion, styled as an administrative motion for leave to supplement the record, is procedurally and substantively defective and should be denied. Procedurally, the motion is a clear end-run around Local Rule 7-3, which limits supplemental material to two specific categories of documents not present here. Substantively, allowing Google to supplement the record with deposition transcripts of witnesses in another matter, where such testimony is not even probative of the issues in this case and Plaintiffs here had no opportunity to object or cross-examine, would be highly prejudicial to Plaintiffs.

## II. GOOGLE'S MOTION IS PROCEDURALLY IMPROPER

As a threshold matter, Google's motion, submitted as a Motion for Administrative Relief under Local Rule 7-11, is not properly submitted under the plain language of Local Rule 7-11, and should be denied on that basis alone. Local Rule 7-11 is only to be used for "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order." LR 7-11. Here, Google's motion is not for any "miscellaneous administrative matter," but rather is a "motion to supplement the class certification and summary judgment records," (Mot. at 1), which *is* "otherwise governed by a … local rule." Specifically, Local Rule 7-3 expressly governs the submission of supplementary material, and states that "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval, except" in two limited circumstances: (i) to respond to new evidence submitted with the reply, or (ii) to bring a relevant judicial opinion to the Court's attention. Neither of these circumstances applies here. By styling their request as an "administrative motion to supplement the class certification and summary judgment records," Google seeks to end-run around Local Rule 7-3, which specifically proscribes the limited circumstances whereby the record for those motions may be supplemented.

Moreover, Google's motion is doubly improper because it contains far more than a simple proffer of supplemental material—it is almost entirely comprised of *argument* concerning the substance of the material improperly sought to be submitted to the record. Even if Google's request fit within one of the two narrowly defined categories of documents that may be used to supplement the record (which it clearly does not), Google's motion violates the clear requirement that in either

case such material be submitted "without argument." *See* L.R. 7-3(d)(1) (supplemental material submitted in response to new evidence on reply "may not include further argument on the motion."); L.R. 7-3(d)(2) (subsequent relevant judicial opinions must be submitted "without argument.").

What Google has effectively done here is grant itself sur-reply on the pending motions for Class Certification and Summary Judgment. That is impermissible under the Local Rules and should be rejected.

### III. GOOGLE MISCHARACTERIZES THE PROFFERED INADMISSIBLE TESTIMONY, CONSIDERATION OF WHICH WOULD BE PREJUDICIAL TO PLAINTIFFS.

Even if the Court were to consider Google's arguments made in violation of Local Rule 7-3, there are important substantive reasons why the testimony Google seeks to introduce from the *Brown* matter (and Google's arguments concerning the same) should be rejected. That testimony consists of the depositions of five plaintiffs in *Brown*, and one of the *Brown* plaintiffs' experts (Lasinski). Importantly, Plaintiffs did not have the opportunity to ask questions or make a record in the Lasinski deposition, and were not even permitted to attend the depositions of the *Brown* plaintiffs. The excerpts that Google seeks to introduce are so far out of context that the testimony regarding Incognito mode is not probative of the issues with respect to Sync enabling in this case. Rather than properly seeking discovery in this case, where Plaintiffs could actually participate and clarify the record, Google again seeks to end-run the discovery rules by taking discovery in another case where Plaintiffs could not participate and then use that testimony here as if they had. That would be deeply prejudicial to Plaintiffs and should be rejected.

#### A. Google's Proffered Testimony is Not Probative in this Action

Should the Court decide to consider the merits of Google's procedurally improper request, the request to supplement the record should still be rejected because the proffered testimony from the *Brown* matter is not probative here. Even the cherry-picked examples that Google quotes in its brief show that the proffered testimony about users of Google's Incognito mode are not probative of the Sync issues in this case, and in fact, simply raise more questions than they answer. For example:

- Only *one* of the eight quotes Google selected from the *Brown* plaintiffs even references Sync state at all (Mot. at 3), and even there only as embedded within a much broader question that has nothing to do with syncing. Taken at face value, these lay witnesses were simply being asked about their understanding of browsing with and without Incognito mode. The lines of questioning, and indeed their entire depositions, had nothing to do with syncing.

- Google wants the Court to accept that the witnesses are describing an unsynced state without any basis to infer that. In fact, *not a single one* the quotes Google has selected actually corresponds to any of the browsing states that Google itself describes in the same brief. *Compare* Mot. at 2, n.3 ("Chrome has five modes: Basic, Sign-In, Sync, Guest, and Incognito.") *with* Mot. at 3 (quoting witnesses as testifying about "searching Google in regular mode," "quote/unquote, 'normal Chrome sessions,'" "when I am not in Incognito mode," "normal browsing," "normal browsing mode," and "regular mode"). These quotes are hopelessly vague and ambiguous as to which browsing mode or modes are being referred to, and the testimony cannot support the inferences Google would have the Court draw from them.

- The Ipsos study (conducted at Google's behest) that Google raises as a relevant from Brown expert Lasinski's testimony, was referenced in passing in only 2 of the 98 paragraphs in Plaintiffs' expert Russell Mangum's report. Moreover, the passages of Mr. Lasinski, who to be clear is not an expert in this case, is in no way inconsistent with Mangum's report or testimony regarding the Ipsos study, and in fact, contrary to Google's suggestion here, Mangum specifically testified that [REDACTED]

Had Plaintiffs been permitted to participate, object and ask questions at the *Brown* depositions, these issues might have been clarified. But that, of course, was not the purpose of those depositions—which is precisely the point here. For Google to seek to retro-fit their responses to issues relevant to this case, and infer what the witness's conduct with respect to a complicated menu of browsing states that was never squarely at issue in their depositions is wholly inappropriate.

**B.   Google's Proffered Testimony Would Be Highly Prejudicial to Plaintiffs**

It is apparent that Google's gameplan has long been to conduct *ex parte* discovery from the *Brown* plaintiffs for use in this matter. But there is a reason the Federal Rules of Evidence and the Federal Rules of Civil Procedure *both* require the party (or their predecessor) against whom evidence is introduced to have been able to participate in the deposition in order for the deposition to be admissible. *See* Fed. R. Evid. 804(b)(1)(B) (hearsay exception for former testimony requires that testimony is "offered against a party who had — or, in a civil case, whose predecessor in

interest had — an opportunity and similar motive to develop it by direct, cross-, or redirect examination."); Fed. R. Civ. Pro. 32(a) (requiring the party against whom the testimony is introduced "was present or represented at the taking of the deposition or had reasonable notice of it," *and* that the testimony "would be admissible under the Federal Rules of Evidence if the deponent were present and testifying."). Testimony taken out of context from a different case where the party against whom it is offered had no opportunity to cross-examine or protect the record deprives litigants of their basic discovery rights and creates an unsound record without proper safeguards.

Google had ample opportunity to conduct Plaintiff and expert discovery in this case. Indeed, the discovery schedule was generously extended by the Court on multiple occasions. Dkt. Nos. 464, 725. Yet now, having failed to obtain evidence to support its positions through proper discovery channels, Google seeks to improperly extract testimony – devoid of context, relevance, and opportunity to cross-examine – from another case. It does so with no regard to the Court's scheduling and briefing order, the procedural rules of this District, and the Federal Rules of Evidence and Procedure. That kind of gamesmanship and disregard for the Court and basic fairness should not be rewarded.

Dated: August 2, 2022

Respectfully submitted,

**BLEICHMAR FONTI & AULD LLP**

By:   */s/ Lesley E. Weaver*
Lesley Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

**DICELLO LEVITT GUTZLER LLC**

By:   */s/ David Straite*
David A. Straite (admitted *pro hac vice*)
Corban S. Rhodes (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
dstraite@dicellolevitt.com
crhodes@dicellolevitt.com

| | |
|---|---|
| **SIMMONS HANLY CONROY LLC**<br><br>By:  */s/ Jay Barnes*<br>Jason 'Jay' Barnes (admitted *pro hac vice*)<br>An Truong (admitted *pro hac vice*)<br>Eric Johnson (admitted *pro hac vice*)<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Tel.: (212) 784-6400<br>Fax: (212) 213-5949<br>*jaybarnes@simmonsfirm.com*<br>*atruong@simmonsfirm.com*<br>*ejohnson@simmonsfirm.com* | Amy E. Keller (admitted *pro hac vice*)<br>Adam Prom (admitted *pro hac vice*)<br>Sharon Cruz (admitted *pro hac vice*)<br>Ten North Dearborn Street, 6th Fl.<br>Chicago, Illinois 60602<br>Tel.: (312) 214-7900<br>*akeller@dicellolevitt.com*<br>*aprom@dicellolevitt.com*<br>*scruz@dicellolevitt.com* |

## **ATTESTATION**

I, Sharon D. Cruz, am the ECF User whose identification and password are being used to file this document pursuant to Civil L.R. 5-1(h)(3). I attest under penalty of perjury that the signatories above have concurred in the filing of this document.

/s/ Sharon D. Cruz
Sharon D. Cruz

*Co-Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Sharon Cruz, hereby certify that on August 2, 2022, I caused to be electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which will send electronic notification to all counsel of record.

/s/ Sharon Cruz
Sharon Cruz