# REDACTED VERSION OF GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CLARIFY THE COURT'S MODIFIED PRESERVATION PLAN DATED JULY 15, 2022 (DKT. NO. 766) REGARDING DEFINITION OF "EXPRESS" SYNC STATE FIELDS

1  **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

2  Diane M. Doolittle (CA Bar No. 142046)  Andrew H. Schapiro (admitted *pro hac vice*)
   dianedoolittle@quinnemanuel.com        andrewschapiro@quinnemanuel.com
3  Sara Jenkins (CA Bar No. 230097)       Teuta Fani (admitted *pro hac vice*)
   sarajenkins@quinnemanuel.com           teutafani@quinnemanuel.com
4  555 Twin Dolphin Drive, 5th Floor      191 N. Wacker Drive, Suite 2700
5  Redwood Shores, CA 94065               Chicago, IL 60606
   Telephone: (650) 801-5000              Telephone: (312) 705-7400
6  Facsimile: (650) 801-5100              Facsimile: (312) 705-7401

7
   Stephen A. Broome (CA Bar No. 314605)  Josef Ansorge (admitted *pro hac vice*)
8  stephenbroome@quinnemanuel.com         josefansorge@quinnemanuel.com
   Viola Trebicka (CA Bar No. 269526)     Xi ("Tracy") Gao (CA Bar No. 326266)
9  violatrebicka@quinnemanuel.com         tracygao@quinnemanuel.com
   Crystal Nix-Hines (Bar No. 326971)     Carl Spilly (admitted *pro hac vice)*
10 crystalnixhines@quinnemanuel.com       carlspilly@quinnemanuel.com
11 865 S. Figueroa Street, 10th Floor     1300 I Street NW, Suite 900
   Los Angeles, CA 90017                  Washington D.C., 20005
12 Telephone: (213) 443-3000              Telephone: (202) 538-8000
   Facsimile: (213) 443-3100              Facsimile: (202) 538-8100
13
14 Jomaire Crawford (admitted *pro hac vice*)  Jonathan Tse (CA Bar No. 305468)
   jomairecrawford@quinnemanuel.com            jonathantse@quinnemanuel.com
15 51 Madison Avenue, 22nd Floor               50 California Street, 22nd Floor
   New York, NY 10010                          San Francisco, CA 94111
16 Telephone: (212) 849-7000                   Telephone: (415) 875-6600
17 Facsimile: (212) 849-7100                   Facsimile: (415) 875-6700

18 *Counsel for Defendant Google LLC*

19              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
20                     **OAKLAND DIVISION**

21
   PATRICK CALHOUN, *et al*., on behalf of        Case No. 4:20-cv-05146-YGR-SVK
22 themselves and all others similarly situated,
                                                  **GOOGLE LLC'S OPPOSITION TO**
23        Plaintiffs,                             **PLAINTIFFS' ADMINISTRATIVE**
                                                  **MOTION TO CLARIFY THE COURT'S**
24        v.                                      **MODIFIED PRESERVATION PLAN**
                                                  **DATED JULY 15, 2022 (DKT. NO. 766)**
25 GOOGLE LLC,                                    **REGARDING DEFINITION OF**
                                                  **"EXPRESS" SYNC STATE FIELDS**
26        Defendant.
                                                  Judge: Hon. Susan van Keulen, USMJ
27

28

## I. INTRODUCTION

The Court correctly held on July 15, 2022, the last time Plaintiffs raised this issue, that a "signed out" signal does not qualify as an "express sync-state" signal. Preservation Plan at 7. Nothing has changed since the Court made that ruling. Therefore, Plaintiffs' attempt to relitigate the same dispute should be rejected.

## II. THERE IS NO NEW "ADMISSION" THAT WARRANTS RECONSIDERATION OF THE COURT'S PRIOR DECISION

On June 8, 2022, Plaintiffs asked the court to "[c]larify what is meant by 'sync-state' signals." Dkt. 690-1 at 2; *id.* at 5 (seeking "clarification of definition of 'sync-state signals'"). Plaintiffs argued then, as they do now, that "certain signed-out identifiers" should be encompassed in the definition because they "identif[y] users who are 'signed out' and thus by definition not synced" and can be used to "***infer*** not-synced status." Dkt. 690-1 at 5-6; *see also* June 30, 2022 Hearing Tr. 30:14-18 (Mr. Straite: "[W]e hear you that you have rejected our request for signals from which one could infer sync state. For expressly stating sync state, we would like clarification that any signal that records when a user is signed out is by definition an express not synced signal, because by definition in Chrome, if one is not signed in, they cannot be synced."). After considering these arguments, the Court held (1) Google is to "identify any field that expressly identifies sync state"; (2) "[f]ields that merely ***infer*** sync state are excluded"; and (3) "***[f]ields that indicate a user is not signed-in are excluded***." Preservation Plan at 7.

Plaintiffs now ask the Court to reconsider this decision on the basis that Google purportedly admitted something explosive in its opposition to Plaintiffs' sanctions motion, Mot. at 2 (Google "admitted that Chrome users who are not signed into their Chrome Accounts ARE NOT synced period, full stop"), and to the Special Master, Mot. at 3 (Google admitted "a Chrome user who doesn't have a Google Account can 'never' be synced."). That is neither new, nor explosive. It's the very same thing that Google and Plaintiffs have been saying since day one: "by definition in Chrome, if one is not signed in, they cannot be synced." June 30, 2022 Hearing Tr. 30:14-18.

### III. SIGNED OUT SIGNALS ARE NOT EXPRESS "NOT SYNCED" SIGNALS

Plaintiffs' conclusion that "signed out" signals *expressly* identify sync state is wrong.

*First*, a syncing user can appear as "signed-out" in Google's logs. Although it is true that a signed out user can, by definition, never be synced, the inference Plaintiffs draw from this truism is incorrect: just because data in Google's web-services logs appears to come from a "signed out" user, does not mean the user was not synced on Chrome.

That is because it is possible for a user to be signed in to Chrome with their Google Account, have sync enabled, and block all cookies in Chrome. See Declaration of Josef Ansorge, dated August 4, 2022, Exhibit A at 3 ("It is possible for users to be Synced (#6 in table above), while blocking all cookies on Chrome. Such a user is logged into a Google Account on a Chrome browser, but will not automatically be logged into Google services (e.g., Gmail) when they visit www.gmail.com in the content area."). Data associated with such a user would appear as "signed out" or "cookie-less" to Google's web-services, even though it came from a user that was signed in to their Google Account, on the Chrome browser, and syncing. Because "signed out" signals can be received when a user is syncing, they cannot even reliably infer sync state—much less be *express* sync state signals. They should not be treated as such under the Preservation Plan which excluded "[f]ields that merely infer sync state." Preservation Plan at 7.

*Second*, the 24 purported "signed out" signals and fields that Plaintiffs identify (Mot. 3-4) are unrelated to Chrome Sync and therefore, by definition, cannot be *express* sync state signals. While some of the so-called "signed out" signals are only written when users are signed in (gaia_id), and others do not relate to sign-in status at all ▮▮▮▮), none of the signals can be used to expressly indicate that a user is not syncing. At *best*, one can draw an (unreliable) inference, which the Court has already said is outside of the scope of relevant fields.

*Third*, the "Signed-Out" signals are not unique to Chrome. Far from being express signals, they cannot even reliably indicate a user who has not enabled Chrome's sync feature because they could have come from users browsing on *other* browsers. The "Zwieback IDs," "▮▮▮▮," "▮▮▮▮," and "▮▮▮▮" (Mot. 3) Plaintiffs seek to have included are signals Google receives through non-Chrome browsers and Chrome browsers. For instance, Zwieback is

Google's pseudonymous ID for owned and operated properties; it can be set on and received from non-Chrome and Chrome browsers. Ex. A at 3. Therefore the existence of a Zwieback ID alone in a log does not indicate that the data came from a Chrome browser, let alone a Chrome browser on which sync was not enabled.

## IV. PLAINTIFFS' REQUEST IS UNDULY BURDENSOME

Today the Court indicated that it would grant certain extensions Google requested on items related to the preservation requests. Google provided the Court estimated dates of completion before Plaintiffs' eleventh-hour request to include 24 additional "signed out" fields and signals. Granting Plaintiffs' request would risk upending Google's ability to meet deadlines to which Google committed during today's hearing. In particular, adding 24 signals and fields to be subject to full ongoing preservation in seven ▇▇▇ ads logs[1] would entail significant additional work investigating logs and revising preservation pipelines. Logs that have already been scoped and planned would have to be analyzed a second time. Likewise, adding 24 signals and fields to be subject to full preservation in ▇ Columns of Google key-value databases[2] would require Google to initiate a second-round field and column investigation, but with additional parameters. Plaintiffs' late request would set back Google's efforts by preservation weeks. For that reason alone, the burden of Plaintiffs' request far outweighs any remote benefit it may bring.

### IV. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Administrative Motion.

DATED: August 4, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   /s/ Andrew H. Schapiro
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

---

[1] *See* Dkt. 661-1 at (#2), 10 (#15), 37 (#49), 40 (#53)), 42 (#56), 43 (#57), 44 (#58).
[2] *See* Dkt. 661-1 at 20 (#28), 29 (#36).

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*