**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 994607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
dstraite@dicellolevitt.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*

*Counsel for Plaintiffs; additional counsel listed in signature blocks below*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100

*Counsel for Defendant; additional counsel listed in signature blocks below*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| PATRICK CALHOUN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**JOINT SUBMISSION RE: SEALING PORTIONS OF AUG. 5, 2022 ORDER ON (1) GOOGLE'S MOTION FOR EXTENSION/CLARIFICATION OF PRESERVATION PLAN AND (2) CALHOUN PLAINTIFFS' MOTION FOR CLARIFICATION OF PRESERVATION PLAN**<br><br>Referral: Hon. Susan van Keulen, USMJ |

1  August 15, 2022

2  Submitted via ECF

3  Magistrate Judge Susan van Keulen
   San Jose Courthouse
4  Courtroom 6 - 4th Floor
   280 South 1st Street
5  San Jose, CA 95113

6      Re:    Joint Submission Re: Sealing Portions of the August 5, 2022 Order on (1) Google's
               Motion for Extension/Clarification of the Preservation Plan and (2) Calhoun
7              Plaintiffs' Motion for Clarification of Preservation Plan
               *Calhoun v. Google LLC*, Case No. 4:20-cv-05146-YGR-SVK (N.D. Cal.)
8
   Dear Magistrate Judge van Keulen:
9
           Pursuant to Your Honor's August 5, 2022 Order regarding sealing Google's Administrative
10
   Motion for Extension and Clarification of the Preservation Plan and Calhoun Plaintiffs'
11
   Administrative Motion for Clarification of the Preservation Plan (Dkt. 815), Plaintiffs and Google
12
   LLC ("Google") jointly submit this statement.
13

Google respectfully seeks to seal the following portions of the August 5, 2022 Order regarding Google's Motion for Extension and Clarification of the Preservation Plan and Calhoun Plaintiffs' Motion for Clarification of the Preservation Plan ("Order"), which contain Google's confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly, including various types of Google's internal projects, data signals, and logs, and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. This information is highly confidential and should be protected.

This Administrative Motion pertains to the following information contained in the Order:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| August 5, 2022 Order on (1) Google's Administrative Motion for Extension/Clarification of the Preservation Plan and (2) Calhoun Plaintiffs' Administrative Motion for Clarification of Preservation Plan | Portions at:<br><br>Pages 4:5, 4:8-9, 5:3, 5:15, 6:3-5, 6:11, 6:13, 6:17, 7:3, 7:5-6, 7:11, 8:5, 8:7, 9:2, 9:14, 10:1-4, 10:12-14, 11:1-3, 11:16-17, 12:1-2, 12:6-7, 12:20, 12:23-24, 13:8, 13:11-12, 13:14-15 | Google |

The parties conferred on the proposed redactions to the Order. Plaintiffs take no position on the proposed redactions.

I.  **LEGAL STANDARD**

The common law right of public access to judicial records in a civil case is not a constitutional right and it is "not absolute." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) (noting that the "right to inspect and copy judicial records is not absolute" and that "courts have refused to permit their files to serve as reservoirs of . . . sources of business information that might

harm a litigant's competitive standing"). Sealing is appropriate when the information at issue constitutes "competitively sensitive information," such as "confidential research, development, or commercial information." *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information").

## II.    THE ABOVE IDENTIFIED MATERIALS EASILY MEET THE "GOOD CAUSE" STANDARD AND SHOULD ALL BE SEALED

Courts have repeatedly found it appropriate to seal documents that contain medical information or "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 589-99; *see also Turner v. United States*, 2019 WL 4732143, at *9 (finding good cause to seal "confidential medical information"). Good cause to seal is shown when a party seeks to seal materials that "contain[ ] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg. of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Materials that could harm a litigant's competitive standing may be sealed even under the "compelling reasons" standard. *See e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted).

Here, the Order comprises confidential information regarding that Google does not share publicly. Such information reveals confidential information related to Google's internal projects, data signals, and logs, and their proprietary functionalities.

The information Google seeks to redact is the minimal amount of information needed to protect its sensitive, medical information related to it its employee. The "good cause" rather than the "compelling reasons" standard should apply but under either standard, Google's sealing request is warranted.

### III. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court seal the identified portions of the Order.

Respectfully,

DATED: August 15, 2022

| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| By: */s/ Lesley Weaver* <br> Lesley Weaver (Cal. Bar No. 191305) <br> Angelica M. Ornelas (Cal. Bar No. 285929) <br> Joshua D. Samra (Cal. Bar No. 313050) <br> 555 12th Street, Suite 1600 <br> Oakland, CA 94607 <br> Tel.: (415) 445-4003 <br> Fax: (415) 445-4020 <br> *lweaver@bfalaw.com* <br> *aornelas@bfalaw.com* <br> *jsamra@bfalaw.com* | By: */s/ Andrew H. Schapiro* <br> Andrew H. Schapiro (admitted pro hac vice) <br> andrewschapiro@quinnemanuel.com <br> 191 N. Wacker Drive, Suite 2700 <br> Chicago, IL 60606 <br> Tel: (312) 705-7400 <br> Fax: (312) 705-7401 <br> <br> Stephen A. Broome (CA Bar No. 314605) <br> stephenbroome@quinnemanuel.com <br> Viola Trebicka (CA Bar No. 269526) <br> violatrebicka@quinnemanuel.com <br> 865 S. Figueroa Street, 10th Floor <br> Los Angeles, CA 90017 <br> Tel: (213) 443-3000 <br> Fax: (213) 443-3100 |
| **DiCELLO LEVITT GUTZLER LLC** <br> <br> By: */s/ David A. Straite* <br> David A. Straite (admitted *pro hac vice*) <br> One Grand Central Place <br> 60 E. 42nd St., Suite 2400 <br> New York, NY 10165 <br> Telephone: (646) 933-1000 <br> *dstraite@kaplanfox.com* <br> <br> Amy E. Keller (admitted *pro hac vice*) <br> Adam Prom (admitted *pro hac vice*) <br> Sharon Cruz (admitted *pro hac vice*) <br> Ten North Dearborn Street, 6th Fl. <br> Chicago, Illinois 60602 <br> Tel.: (312) 214-7900 <br> *akeller@dicellolevitt.com* <br> *aprom@dicellolevitt.com* <br> *scruz@dicellolevitt.com* | Jomaire Crawford (admitted pro hac vice) <br> jomairecrawford@quinnemanuel.com <br> 51 Madison Avenue, 22nd Floor <br> New York, NY 10010 <br> Tel: (212) 849-7000 <br> Fax: (212) 849-7100 <br> <br> Josef Ansorge (admitted pro hac vice) <br> josefansorge@quinnemanuel.com <br> 1300 I Street NW, Suite 900 <br> Washington D.C., 20005 <br> Tel: (202) 538-8000 <br> Fax: (202) 538-8100 |
| **SIMMONS HANLY CONROY LLC** <br> <br> By: */s/ Jason 'Jay' Barnes* <br> Jason 'Jay' Barnes (admitted *pro hac vice*) <br> An Truong (admitted *pro hac vice*) <br> Eric Johnson (admitted *pro hac vice*) <br> 112 Madison Avenue, 7th Floor | Jonathan Tse (CA Bar No. 305468) <br> jonathantse@quinnemanuel.com <br> 50 California Street, 22nd Floor <br> San Francisco, CA 94111 <br> Tel: (415) 875-6600 |

1 | New York, NY 10016
Tel.: (212) 784-6400
2 | Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
3 | *atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*
4
5 | *Counsel for Plaintiffs*

Fax: (415) 875-6700

*Attorneys for Defendant Google LLC*

**ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file this Joint Submission. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: August 15, 2022                    By      */s/ Andrew H. Schapiro*
                                                  Andrew H. Schapiro
                                                  *Counsel on behalf of Google LLC*