UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CALHOUN, ET AL.<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE, LLC,<br><br>Defendant. | CASE NO. 20-cv-5146-YGR<br><br>ORDER RE EVIDENTIARY HEARING |

In plaintiffs' amended complaint plaintiffs allege that the personal information collected and sent to Google includes: (i) "users' IP addresses linked to user agents", (ii) "unique, persistent cookie identifiers including the Client ID"; (iii) "unique browser identifiers called X-Client Data Headers"; and (iv) "browsing history", and the (v) "content of the users' POST communications" (collectively, "at-issue data") (Dkt. No. 163, Complaint, ¶ 141.) In the Gregory Fair Declaration submitted in support of Google's motion for summary judgment, Fair asserts that, with the exception of the X-Client Data Header, the receipt of the at-issue data is not contingent on whether the user is browsing in Chrome, as opposed to another browser, because Google Services are "browser-agnostic" and that the same categories of data are received regardless of the browser used. (Dkt. No. 393-4, Declaration of Gregory Fair, ¶ 5.) Google's position is that such collection is a necessary function of how the Internet works and does not depend on the browser used.

At the August 26, 2022 hearing, plaintiffs' counsel argued that whether the collection of the at-issue data is "browser-agnostic" could not be determined as a matter of law because the issue is disputed. However, in opposition to the motion for summary judgment, plaintiffs have not proffered any evidence to show that there is a genuine dispute in this regard. This would suggest that the issue is undisputed. Usually the Court requires parties to submit separate statements of undisputed facts as part of their summary judgment briefing. (*See* Court's Standing Order in Civil Cases, Section 9.c.1.) However, because Google filed its summary judgment motion before the undersigned was assigned to the case, the parties did not have the benefit of submitting separate

1   statements of undisputed facts.

2   The Court would prefer a more fulsome record on this fundamental issue. Consistent with
3   Federal Rule of Civil Procedure 56(e)(1),(4), the Court will conduct an evidentiary hearing on this
4   limited issue.

5   Within five business (5) days from the date of this Order, the parties shall file a joint
6   statement identifying the witnesses that they intend to call on this topic. The Court will
7   presumptively reserve no more than one day for the hearing. The parties shall advise whether they
8   have any conflicts for the week of October 24, 2022.

9   **IT IS SO ORDERED.**

10  Dated: September 1, 2022

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**