QUINN EMANUEL URQUHART & SULLIVAN, LLP
Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted pro hac vice)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>- v -<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT THE BRIEFING REGARDING REMEDIES**<br><br>The Honorable Yvonne Gonzalez Rogers |

## I.     INTRODUCTION

The Court just admonished the parties: "If I want briefing or if I want additional argument, I promise you I will let you know." Aug. 26, 2022 Hearing Tr. at 70:25-71:3. Nevertheless, under the guise of "enhanc[ing] judicial efficiency," Plaintiffs seek twenty additional pages of briefing to rehash arguments concerning equitable relief for legal claims—a topic Plaintiffs admit the parties already briefed in "at least ten separate class certification and *Daubert* briefs." *See* Mot. 3-4. More briefing will only waste judicial resources. Plaintiffs' motion for leave to file a supplemental brief (the "Motion") should be denied as procedurally improper, without good cause, and untimely. The Motion is nothing more than an attempt to shore up their position on an issue that has already been extensively litigated, but on which Plaintiffs feel vulnerable after the Court's comments at the August 26 hearing. That is no basis for seeking supplemental briefing.

## II.     BACKGROUND

On October 14, 2021, Plaintiffs filed their motion for class certification (the "Class Certification Motion"), seeking, among other remedies, restitution and unjust enrichment. Dkt. 339-4 at 20-22. That same day, Plaintiffs filed the report of Dr. Russell Mangum, which dealt with calculation of restitution and unjust enrichment. *See generally* Dtk. 339-18. On December 22, 2021, Google filed its opposition to the Class Certification Motion and a motion to strike the opinions of Dr. Mangum (the "*Daubert* Motion"), arguing, among other things, that restitution and unjust enrichment are unavailable for Plaintiffs' claims. *See* Dkt. 429 at 20-22; Dkt. 427 at 8-14.[1] Plaintiffs filed their reply in support of the Class Certification Motion and an opposition to the *Daubert* Motion on February 16, 2022, addressing these arguments. *See* Dkt. 482-3 at 13; Dkt. 485-3 at 9-13. Google filed its reply in support of the *Daubert* Motion on March 16, 2022, again addressing the issue of unavailable remedies. *See* Dkt. 572-4 at 2-7. In the nearly five months since briefing of the Class Certification and *Daubert* Motions concluded, Plaintiffs did not seek to supplement their arguments relating to remedies.

---

[1] Plaintiffs argue that the question of available damages is not outcome-determinative to the Motion for Class Certification. Mot. 1. Google disagrees for the reasons stated in its opposition to the Class Certification Motion and the *Daubert* Motion. *See* Dkt. 429 at 20-22; Dkt. 427 at 8-14.

1    During the August 26 hearing on these motions, Plaintiffs raised, for the first time, a thirty-

2    six year old opinion—*Landsberg v. Scrabble Crossword Game Players, Inc*., 802 F.2d 1193 (9th Cir.

3    1986)—as their "best case" for the proposition that unjust enrichment is an available remedy for

4    breach of contract. Aug. 26, 2022 Hearing Tr. 48:8-17. The Court then made expressly clear that she

5    would advise the parties if further briefing was needed. *Id.* 70:25-71:3 ("If I want briefing or if I want

6    additional argument, I promise you I will let you know.")

7    Ignoring this guidance, Plaintiffs seek leave to file supplemental briefing regarding the

8    availability of restitution and unjust enrichment. Despite conceding that both parties have addressed

9    this issue in *ten* prior submissions (Mot. 3-4), Plaintiffs propose that each party individually and

10   simultaneously files ten pages of additional briefing. Dkt. 855-2.

11   **III.    ARGUMENT**

12          **A.    <u>The Motion Is Procedurally Improper</u>**

13   Plaintiffs improperly bring the Motion pursuant to Local Rule 7-3(d), which provides that

14   "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court

15   approval, except as follows: (1) Objection to Reply Evidence [and] (2) Before the noticed hearing

16   date…a Statement of Recent Decision." Civil L.R. 7-3(d). Plaintiffs' request for additional briefing

17   does not fall under either of these exceptions because it is neither an objection to reply evidence nor

18   a statement of recent decision (the cases Plaintiffs propose to address are between four and thirty-six

19   years old).[2]  Nor does Rule 7-3 provide a mechanism for obtaining leave to file any supplemental

20   materials, much less supplemental briefing. *See Michael Taylor Designs, Inc. v. Travelers Property*

21   *Casualty Co. of America*, 761 F. Supp. 2d 904, 909 (N.D. Cal. 2011) (holding that Rule 7–3 does not

22

---

23   [2] Even if the Court were inclined to construe the Motion as seeking leave to file a statement of recent decision, it should be denied as prejudicial to Google because the authorities Plaintiffs raise at the

24   eleventh hour are not "recent" decisions at all. The *Landsberg* and *Hickcox-Huffman v. US Airways, Inc*., 855 F.3d 1057, 1065 (9th Cir. 2017) decisions came out over thirty-six years ago and four years

25   ago, respectively. Neither decision is "on-point" or "highly persuasive." *Michael Taylor Design Inc.*, 761 F.Supp.2d at *909 (setting forth criteria for granting leave to submit new authorities post-

26   hearing). *Landsberg* involved an implied in fact contract that the court found implicitly bound defendant to pay the "reasonable value of the material disclosed." 802 F.2d at 1196. Plaintiffs cannot

27   point to any implicit promise by Google to pay them anything. *Hickcox-Huffman* involved a class action where the plaintiff paid U.S. Airways $15 for a checked bag and claimed that she was due a

28   full refund when her bag did not timely arrive. 855 F.3d at 1065. Here, Plaintiffs paid nothing to use Chrome and are not seeking a refund but rather Google's profits. *See* Dkt. 427 at 6, 11.

"govern the procedure for obtaining [] court approval" to file supplemental materials); *Moore v. Verizon Commc'ns Inc.*, 2013 WL 450365, at *4 (N.D. Cal. Feb. 5, 2013) (acknowledging that request for leave to file supplemental brief did not fall under Rule 7-3(d) and denying leave); *In re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Pracs. Litig.* 2013 WL 5424963, at *15 (N.D. Cal. Sept. 25, 2013) (explaining that post-hearing motion for leave to submit additional evidence "properly should have been presented as motion for administrative relief pursuant to Civil Local Rule 7–11" and denying leave).[3]  The Court may deny the Motion on the basis that it is procedurally improper alone. *See e.g. Johnson v. United States*, 2014 WL 2750275, at *1 (N.D. Cal. June 11, 2014).

## B.    <u>The Motion Does Not Establish Good Cause</u>

The Court may also deny the Motion because Plaintiffs have plainly not established good cause for burdening the Court with additional briefing, particularly considering the Court's direction that the parties not supplement the record unless and until directed to do so. *See Moore*, 2013 WL 450365, at *4 (denying motion for leave to file supplemental brief where no good cause established). Plaintiffs concede that both parties have extensively argued this issue in the briefing on the Class Certification and *Daubert* Motions, which the Court has already reviewed. Mot. 2 (citing Dkts. 427, 429, 484, 486, 573). Both parties had the opportunity to fully present their respective positions—any supplemental briefing would be wasteful.

Plaintiffs' rationale fails to establish good cause:

*First,* Plaintiffs' late discovery of cases that they could have included in the Class Certification Motion and *Daubert* Motion briefing (but failed to) is the opposite of good cause. And, their argument that each party cited to cases not previously included in their submissions during the August 26 hearing mischaracterizes the record. As it relates to restitution and unjust enrichment, the remedies subject to their Motion, only Plaintiffs raised thirty-six year old authority found nowhere in their briefs. Aug. 26, 2022 Hearing Tr. 48:8-17 (discussing *Landsberg*). They provided no justification at the hearing, or in the Motion, for why they failed to cite their "best case" in their briefs. In contrast,

---

[3] The Motion should have been brought pursuant to Civil Local Rule 7-11, which provides that an administrative motion is deemed submitted the day after the opposition is due and does not allow reply briefs. L.R. 7-11.

Google did not present any judicial opinions regarding restitution or unjust enrichment not referenced in its briefs. *See Id.* 50:9-19 (referring to two cases "cited in [Google's] papers").[4] The Motion also references *Hickcox-Huffman v. US Airways, Inc.*, 855 F.3d 1057, 1065 (9th Cir. 2017) as "another Ninth Circuit decision allowing unjust enrichment for breach of contract," without any explanation for why Plaintiffs did not include the four-year-old decision in their original briefs. *See* Mot. 3. Simply put, Plaintiffs' failure to timely cite these authorities—intentional or not—does not warrant twenty additional pages of briefing between the parties. Indeed, the Local Rules exist to prevent such endless cycles of filings. *See Michael Taylor Designs, Inc.*, 761 F. Supp. at 909 ("The local rules are structured to deter an endless cycle of filings and counter-filings while preserving the Court's ability to render a decision that is fully-informed by any particularly germane legal authority that may emerge.").

*Second*, Plaintiffs claim that they have a "live equitable claim for quasi-contract" that is not currently before the Court (Mot. 3).[5] Plaintiffs fail to explain why a claim not before this Court justifies supplemental briefing on the issue of whether restitution and unjust enrichment are available remedies for the six claims that are currently under the Court's consideration for class certification. The parties have been operating under Judge Koh's orders that only the claims currently before this Court will be litigated through trial. *See* Dkt. 51 at 1-2; Dkt. 142. Rather than demonstrate good cause, including arguments about unrelated claims at this stage would only confuse the record.

*Third*, Plaintiffs' claim that supplemental briefing would "likely ensure consistent rulings" in this case and the related *Brown* action strains credulity. It is unclear how allowing *Calhoun* Plaintiffs to have ten pages of supplemental briefing would affect the determination of legal issues in *Brown*. While it is true that *Brown* involves some overlapping claims, the remedies available have been fully

---

[4] When the Court asked about *nominal* damages, Google pointed to *Siino v. Foresters Life Ins. & Annuity Co.*, 340 F.R.D. 157, 164 (N.D. Cal. 2022). Aug. 26 Hearing Tr. 54:10-55:3. Google did not have an opportunity to cite that decision in its papers because it post-dated Google's opposition to the Class Certification Motion.

[5] Plaintiffs' argument also mischaracterizes the law; it is well-settled that Plaintiffs cannot pursue breach of express contract and breach of quasi-contract claims together. *See e.g. Wright v. Charles Schwab & Co.*, 2020 WL 6822887, at *4 (N.D. Cal. Nov. 20, 2020) ("[U]njust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists….") (quoting *Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996)).

1   briefed in that case as they have here. There is no reason to doubt the Court is capable of consistently
2   resolving similar legal issues across both cases. Nor would burdening the Court with more briefing
3   and argument "enhance judicial efficiency," as Plaintiffs claim. Mot. 3-4. Quite the opposite. The
4   Court has already admonished the parties to be judicious about unnecessary submissions, such as the
5   ones requested here, because the Court is in a "judicial emergency." Feb. 11, 2022 Hearing Tr. 32.

6       In short, Plaintiffs have provided no valid reason, much less good cause, for supplemental
7   briefing on a discrete issue that has already been extensively addressed in previous briefs.

8       **C.     The Motion Is Untimely and Granting Leave Would Prejudice Google.**

9       The Court should also deny the Motion as untimely and prejudicial. Intentional or not,
10  Plaintiffs waited nearly seven months after the filing of their reply in support of the Class Certification
11  Motion and their opposition to the *Daubert* Motion to seek leave for supplemental briefing. *See supra*
12  1. Plaintiffs' Motion also comes after the Court has already heard oral argument on both the Class
13  Certification and *Daubert* Motions. And the cases Plaintiffs seek to bring to the Court's attention,
14  which they did not share with Google's counsel prior to the August 26 hearing, are not new, *see supra*
15  3-4. Plaintiffs provide no excuse for this delay.

16      Granting Plaintiffs' untimely motion and permitting them another bite at the apple on arguing
17  availability of restitution and unjust enrichment would prejudice Google. Rehashing old arguments
18  or introducing and responding to new ones at this stage would cause Google to expend unnecessary
19  time and resources. Beyond that, Plaintiffs' proposal that the parties simultaneously file separate
20  supplemental briefs (Dkt. 855-2) would deprive Google of the ability to reply to Plaintiffs' new
21  arguments. This would be extremely prejudicial. Google is not the party seeking to supplement
22  briefing so there is no point in Google filing a brief unless it is to respond to the arguments Plaintiffs
23  raise in their brief.[6]

24                          **CONCLUSION**

25      The Court should deny Plaintiffs' Motion and decline leave to file a supplemental brief.

26

27  _____
    [6] To the extent the Court intends to grant the Motion, Google respectfully requests that the
28  supplemental briefs be no more than three pages and that Google's deadline for filing such a brief be
    one week after Plaintiffs submit their supplemental brief.

DATED:  September 1, 2022

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By  _/s/ Andrew H. Schapiro_____
    Andrew H. Schapiro (admitted *pro hac vice*)
    andrewschapiro@quinnemanuel.com
    191 N. Wacker Drive, Suite 2700
    Chicago, IL 60606
    Telephone: (312) 705-7400
    Facsimile: (312) 705-7401

    Stephen A. Broome (CA Bar No. 314605)
    stephenbroome@quinnemanuel.com
    Viola Trebicka (CA Bar No. 269526)
    violatrebicka@quinnemanuel.com
    Crystal Nix-Hines (CA Bar No. 326971)
    crystalnixhines@quinnemanuel.com
    Marie Hayrapetian (CA Bar No. 315797)
    mariehayrapetian@quinnemanuel.com
    865 S. Figueroa Street, 10th Floor
    Los Angeles, CA 90017
    Telephone: (213) 443-3000
    Facsimile: (213) 443-3100

    Diane M. Doolittle (CA Bar No. 142046)
    dianedoolittle@quinnemanuel.com
    555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, CA 94065
    Telephone: (650) 801-5000
    Facsimile: (650) 801-5100

    Josef Ansorge (admitted *pro hac vice*)
    josefansorge@quinnemanuel.com
    1300 I. Street, N.W., Suite 900
    Washington, D.C. 20005
    Telephone: 202-538-8000
    Facsimile: 202-538-8100

    Jomaire A. Crawford (admitted *pro hac vice*)
    jomairecrawford@quinnemanuel.com
    51 Madison Avenue, 22nd Floor
    New York, NY 10010
    Telephone: (212) 849-7000
    Facsimile: (212) 849-7100

    Jonathan Tse (CA Bar No. 305468)
    jonathantse@quinnemanuel.com
    50 California Street, 22nd Floor
    San Francisco, CA 94111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Telephone: (415) 875-6600
Facsimile: (415) 875-6700
*Attorneys for Defendant Google LLC*