**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 994607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
dstraite@dicellolevitt.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*

*Counsel for Plaintiffs; additional counsel listed in signature blocks below*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100

*Counsel for Defendant; additional counsel listed in signature blocks below*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| PATRICK CALHOUN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**JOINT SUBMISSION RE: SEALING PORTIONS OF SEPT. 8, 2022 ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS FOR DISCOVERY MISCONDUCT (DKT. 862)**<br><br>Referral: Hon. Susan van Keulen, USMJ |

1  September 19, 2022

2  Submitted via ECF

3  Magistrate Judge Susan van Keulen
   San Jose Courthouse
4  Courtroom 6 - 4th Floor
   280 South 1st Street
5  San Jose, CA 95113

6      Re:    Joint Submission Re: Sealing Portions of the September 8, 2022 Order on
   Plaintiffs' Motion for Sanctions For Discovery Misconduct
7            *Calhoun v. Google LLC*, Case No. 4:20-cv-05146-YGR-SVK (N.D. Cal.)

8  Dear Magistrate Judge van Keulen:

9        Pursuant to Your Honor's September 8, 2022 Redaction Order (Dkt. 863) regarding sealing

10  portions of The Court's September 8, 2022 Order on Plaintiffs' Motion for Sanctions for Discovery

11  Misconduct and Exhibit A thereto (Dkt. 862), Plaintiffs and Google LLC ("Google") jointly submit

12  this statement.

**Plaintiffs' Position**

The parties conferred on Google's proposed redactions to the Order, and Plaintiffs do not oppose most of them. However, Plaintiffs do oppose Google's proposed redactions with respect to three categories. First, Google seeks to seal of the internal project name of a project that was discontinued, a name which appears at the pages identified in Google's Declaration; Plaintiffs see no basis to claim that Google will be harmed if the mere name of a discontinued internal project were made public. Second, Google seeks to seal the number of documents identified in Exhibit A, at pages 32:23, 33:11, 33:27, but Plaintiffs see no basis for sealing the number of documents produced. And third, Google seeks to seal the number of people interviewed for the internal project, at Exhibit A, page 39:10, and Plaintiffs see no basis to redact this number.

During the meet and confer process, Plaintiffs also proposed an additional redaction at Exhibit A, page 20:20, related to the identity of a governmental website visited by a Named Plaintiff that would reveal non-public information. This information was already sealed by the Court two years ago. Dkt. No. 21. Google does not oppose this redaction:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| September 8, 2002 Order on Plaintiffs' Motion for Sanctions for Discovery Misconduct | Portion at:<br><br>Exhibit A, three words redacted on page 20:20, starting with the word after "a" and concluding with the word before "and." | Plaintiffs |

**Google's Position**

Google respectfully seeks to seal the following portions of the September 8, 2022 Order Plaintiffs' Motion for Sanctions for Discovery Misconduct ("Order"), which contain Google's confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly, including various types of Google's internal projects, data signals, and logs, and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. This information is highly confidential and should be protected.

This Administrative Motion pertains to the following information contained in the Order:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| September 8, 2002 Order on Plaintiffs' Motion for Sanctions for Discovery Misconduct | Highlighted Portions at:<br><br>Pages 3:16, 3:18, 3:22, 4:20, 5:12-13, 5:20-23, 6:3, 9:12, 11:10, 12:21, 12:27-28, 13:2,<br><br>Appendix A<br><br>Pages: i:16, 2:24, 3:22, 3:26, 3:28, 5:2, 5:9-11, 5:14, 5:16-26, 6:1-4, 7:7, 7:12-14, 8:4, 8:6, 8:9, 8:11, 9:16, 9:18-19, 12:6, 12:10, 12:12-13, 12:17, 12:19, 12:21, 12:23, 13:4-5, 13:18-19, 13:24, 14:6-8, 14:20, 14:22, 15:2, 15:4, 15:13, 16:8, 16:12-18, 16:20-23, 16:25, 16:27, 17:1, 17:8, 21:27, 22:1, 25:10, 26:20, 26:22, 26:26, 26:28, 27:2, 29:13, 31:1, 31:19, 31:22, 32:12, 32:15-18, 32:20, 32:23, 32:25, 32:27, 33:3-4, 33:8, 33:11, 33:14, 33:24, 33:27, 34:5-8, 34:11-14, 34:17-21, 35:8, 38:9, 38:15, 38:19-20, 38:24-25, 38:28, 39:4, 39:7, 39:10, 39:13, 39:24, 39:26-28, 40:4, 40:8, 43:4, 45:5, 45:28, 46:5-8, 46:18, 46:24, 47:2, 47:7, 47:9, 47:11, 49:14 | Google |

As explained above, Plaintiffs object to certain of these proposed redactions. Google submits that it has routinely redacted internal project and code names, including the very term Plaintiffs' object to here (*See* Dkts. 747-7, 795-3), and Plaintiffs have also previously proposed redactions of this project name in their own Administrative Motions to Seal Another Party's Material. (Dkts. 461-4, 669-1). Google also notes that it has routinely proposed redactions over the amount of resources dedicated to its internal projects, as that information is non-public and would reveal the scope of Google's projects to its competitors. As such, Plaintiffs' objections should be overruled.

I.  **LEGAL STANDARD**

The common law right of public access to judicial records in a civil case is not a constitutional right and it is "not absolute." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) (noting that the "right to inspect and copy judicial records is not absolute" and that "courts have refused to permit their files to serve as reservoirs of . . . sources of business information that might

harm a litigant's competitive standing"). Sealing is appropriate when the information at issue constitutes "competitively sensitive information," such as "confidential research, development, or commercial information." *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information").

## II. THE ABOVE IDENTIFIED MATERIALS EASILY MEET THE "GOOD CAUSE" STANDARD AND SHOULD ALL BE SEALED

Courts have repeatedly found it appropriate to seal documents that contain medical information or "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 589-99; *see also Turner v. United States*, 2019 WL 4732143, at *9 (finding good cause to seal "confidential medical information"). Good cause to seal is shown when a party seeks to seal materials that "contain[ ] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg. of Texas, LLC v. Adobe Sys., Inc*., 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Materials that could harm a litigant's competitive standing may be sealed even under the "compelling reasons" standard. *See e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc*., 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted).

Here, Google submits that the Order comprises confidential information regarding that Google does not share publicly. Such information reveals confidential information related to Google's internal projects, data signals, and logs, and their proprietary functionalities.

Google additionally submits that the information Google seeks to redact is the minimal amount of information needed to protect its sensitive, medical information related to it its employee. The "good cause" rather than the "compelling reasons" standard should apply but under either standard, Google's sealing request is warranted.

Plaintiffs submit that the additional proposed redaction related to sensitive web browsing information of a Named Plaintiffs revealed in Exhibit A, page 20:20, is appropriate, and has already been sealed by the Court on August 4, 2020, when it approved redactions to the Complaint. *See* Dkt. No. 21 (sealing certain "web browsing history" and HTTP logs identifying "web browsing data").

## III.   CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court seal the identified portions of the Order.

Respectfully,

DATED:  September 19, 2022

| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| By:   */s/ Lesley Weaver*<br>Lesley Weaver (Cal. Bar No. 191305)<br>Angelica M. Ornelas (Cal. Bar No. 285929)<br>Joshua D. Samra (Cal. Bar No. 313050)<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>lweaver@bfalaw.com<br>aornelas@bfalaw.com<br>jsamra@bfalaw.com | By:  */s/ Andrew H. Schapiro*<br>Andrew H. Schapiro (admitted pro hac vice)<br>andrewschapiro@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Tel: (312) 705-7400<br>Fax: (312) 705-7401<br><br>Stephen A. Broome (CA Bar No. 314605)<br>stephenbroome@quinnemanuel.com<br>Viola Trebicka (CA Bar No. 269526)<br>violatrebicka@quinnemanuel.com<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Tel: (213) 443-3000<br>Fax: (213) 443-3100 |
| **DiCELLO LEVITT GUTZLER LLC**<br><br>By:   */s/ David A. Straite*<br>David A. Straite (admitted *pro hac vice*)<br>One Grand Central Place<br>60 E. 42nd St., Suite 2400<br>New York, NY 10165<br>Telephone: (646) 933-1000<br>dstraite@kaplanfox.com<br><br>Amy E. Keller (admitted *pro hac vice*)<br>Adam Prom (admitted *pro hac vice*)<br>Sharon Cruz (admitted *pro hac vice*)<br>Ten North Dearborn Street, 6th Fl.<br>Chicago, Illinois 60602<br>Tel.: (312) 214-7900<br>akeller@dicellolevitt.com<br>aprom@dicellolevitt.com<br>scruz@dicellolevitt.com | Jomaire Crawford (admitted pro hac vice)<br>jomairecrawford@quinnemanuel.com<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel: (212) 849-7000<br>Fax: (212) 849-7100<br><br>Josef Ansorge (admitted pro hac vice)<br>josefansorge@quinnemanuel.com<br>1300 I Street NW, Suite 900<br>Washington D.C., 20005<br>Tel: (202) 538-8000 |

SIMMONS HANLY CONROY LLC

By: _____/s/ Jason 'Jay' Barnes_____
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
ejohnson@simmonsfirm.com

*Counsel for Plaintiffs*

Fax: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

*Attorneys for Defendant Google LLC*

## ATTESTATION OF CONCURRENCE

I am the ECF user whose ID and password are being used to file this Joint Submission. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: September 19, 2022        By        */s/ Andrew H. Schapiro*
                                            Andrew H. Schapiro
                                            *Counsel on behalf of Google LLC*